**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KENDRIA TAYLOR,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| **COMPASS HEALTH BRANDS CORPORATION,** | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, KENDRIA TAYLOR ("Plaintiff" or "Taylor"), files her Complaint against the Defendant, COMPASS HEALTH BRANDS CORPORATION ("Defendant" or "Compass"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her pregnancy and her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and Title VII.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Taylor, is a citizen of the United States was at all times material, a resident of the State of Georgia.

5. Defendant, Compass, is a For-Profit Corporation operating in this District at its 155 Braselton Parkway, Suite 100 Braselton, Georgia location.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

7. Plaintiff has complied with all statutory prerequisites to filing this action.

## PROCEDURAL REQUIREMENTS

8. On or about March 25, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on pregnancy and disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

10. On March 22, 2023, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

11. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights.

**FACTUAL ALLEGATIONS**

12. Plaintiff was employed by Defendant on or about January 20, 2020 as a full-time employee working or exceeding forty hours per week. At the time of her separation from Defendant Plaintiff held the position of Computer Processor.

13. At all relevant times, Plaintiff suffered from a history of high-risk pregnancy complications that increased her risk of having a miscarriage.

14. Plaintiff's disability substantially limited one or more of her major life activities and constitutes a disability under applicable law.

15. Plaintiff was able to perform essential job functions.

16. Plaintiff began her employment with Defendant on or about January 20, 2020.

17. Just days after Plaintiff began her employment, Plaintiff discovered that she was pregnant.

18. On or about January 24, 2020, Plaintiff informed Jennifer Lucas, Human Resources Manager for Defendant, and informed her of Plaintiff's pregnancy.

19. Plaintiff followed up by sending an email to Ms. Lucas informing her that Plaintiff had high-risk miscarriages in the past and requesting that Ms. Lucas inform Albert Burt, DC Manager for Defendant.

20. That same day, Plaintiff's doctor faxed a letter to Ms. Lucas which informed Defendant of Plaintiff's pregnancy and requested workplace accommodation.

21. A few days later, Plaintiff spoke to Mr. Burt about her pregnancy.

22. Mr. Burt informed Plaintiff that Defendant would have to find a new position because Defendant could not honor Plaintiff's restrictions in her current position.

23. Defendant moved Plaintiff between numerous roles in a short time after Plaintiff's

doctor submitted workplace restrictions.

24. Plaintiff's colleagues informed Plaintiff that Defendant would try and terminate Plaintiff's employment due to her pregnancy and workplace restrictions.

25. Shortly thereafter, on or about February 10, 2020, Plaintiff was called into a meeting with Mr. Burt and Steven Hancock, Team Lead for Defendant.

26. During this meeting, Plaintiff's employment was terminated, and Mr. Burt informed Plaintiff, "It doesn't look like you want to be here."

27. Prior to this meeting, Plaintiff never received any complaints and was never disciplined or advised of any issues with her performance.

28. Defendant failed to follow its typical progressive discipline policy, and it is clear that Plaintiff's employment was terminated due to her pregnancy and request for workplace restrictions.

29. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

30. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

31. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

32. Plaintiff has been damaged by Defendant's illegal conduct.

33. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by* the Pregnancy Discrimination Act of 1978**

34. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-33 above.

35. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

36. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

**Count II: Retaliation in Violation of Title VII *as amended by* the Pregnancy Discrimination Act of 1978**

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

39. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

40. Plaintiff exercised, or attempted to exercise, her rights under Title VII.

41. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her Title VII rights.

42. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

43. Plaintiff was injured due to Defendant's willful violations of Title VII, to which she is entitled to legal relief.

**Count III: Disability Discrimination in Violation of the ADA**

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

45. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

46. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

47. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

48. Plaintiff was able to perform the essential functions of her job at the time of her termination.

49. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's

civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Failure to Accommodate in Violation of the ADA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

54. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

55. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

56. Plaintiff was able to perform the essential functions of her job at the time of her termination.

57. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

58. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

59. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

60. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive

damages.

## Count V: Retaliation in Violation of the ADA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

64. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

65. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

66. Plaintiff was able to perform the essential functions of her job at the time of her termination.

67. Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations pursuant to her disability.

68. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

   a)  Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

   b)  Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

   c)  Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*

Case 1:23-mi-99999-UNA   Document 1652   Filed 05/22/23   Page 10 of 10