UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROLANDA JOHNSON-SHORTER,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>SMITH TRANSPORT, INC., GERALD   )<br>TICKLE, ARCH INSURANCE   )<br>COMPANY, ABC ENTITY, and JOHN   )<br>DOE,   )<br>   )<br>   Defendants.   ) | Civil Action File No.: |

## DEFENDANT ARCH INSURANCE COMPANY'S BRIEF IN SUPPORT OF NOTICE OF REMOVAL

COMES NOW Defendant Arch Insurance Company (hereinafter "Arch"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, and file this Brief in Support of its Notice of Removal, showing this Court as follows:

## PROCEDURAL BACKGROUND

On April 12, 2023, Roland Johnson-Shorter filed this action in the State Court of DeKalb County, Georgia against Defendants Smith Transport, Inc., Gerald Tickle, and Arch Insurance Company. (Compl., Ex. A.) Plaintiff included two fictitious parties in the caption of her case – ABC Entity and John Doe. (*See* Compl. *generally*). Plaintiff alleges Defendants are liable for injuries she sustained in a

motor vehicle accident on June 22, 2021 that occurred on Interstate 20 in DeKalb County, Georgia (hereinafter "the Accident"). (Compl., ¶¶ 29-48). Plaintiff is claiming personal injuries and damages as a result of the Accident. (Compl., ¶ 48). Plaintiff claims that she has suffered and will continued to suffer from physical and mental pain as a result of the Accident. (Compl. ¶ 50). She also claims that she has suffered diminished capacity to work, labor, and enjoy life and she is seeking damages for the same. (Compl. ¶ 51). Plaintiff also claims special damages in the form of past, present, and future medical expenses. (Compl. ¶¶ 52, 55, Prayer for Relief). Plaintiff also claims past, present, and future mental and physical pain and suffering. (Compl. ¶ 53). Lastly, Plaintiff also claims shock, anxiety, and worry. (Compl. ¶ 54).

To date, neither Defendants Tickle nor Smith Transport, Inc. have been served. (*See generally* Docket Ex. B). Arch was served on April 20, 2023. (Proof of Service as to Arch, Ex. C).

Although Tickle and Smith Transport have not been served, complete diversity exists. Plaintiff is a DeKalb County, Georgia citizen. (Compl., ¶ 1). Smith Transport is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl., ¶ 2; *see also* Georgia Secretary of State Annual Registration for Smith Transport PA, Inc., a true and correct copy of which is attached hereto as

Ex. D). Defendant Arch is a Missouri corporation with its principal office in Jersey City, New Jersey. (Compl., ¶ 11; *see also* Georgia Secretary of State Annual Registration for Arch Insurance Company, a true and correct copy of which is attached hereto as Ex. E). Tickle is a Virginia citizen domiciled in Lee County, Virginia. (Compl., ¶¶ 20-21). Plaintiff does not know the identity of the supposed unknown Defendants ABC Entity or John Doe. (Compl., ¶¶23-27).

Arch seeks to timely remove this matter to the United States District Court for the Northern District of Georgia, Atlanta Division. Arch represents to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon it in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (Ex. A.)

## ARGUMENT AND CITATION OF AUTHORITY

**A.    This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This action is removable under 28 U.S.C. § 1441(a)–(b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States . . . .

Defendants show this Honorable Court that complete diversity exists among Plaintiff and Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

As an initial matter, in cases removed to federal court based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Furthermore, 'as a general matter, fictitious-party pleading is not permitted in federal court'. *See Richardson v. Johnson*, 598 F.3d 734, 738 (2010). Therefore, the citizenship of John Doe and ABC Entity are irrelevant to the removal analysis.

1. **<u>There is complete diversity.</u>**

It is undisputed that there is complete diversity among the parties to this action. Plaintiff is a DeKalb County, Georgia citizen. (Compl., ¶ 1). Smith Transport is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl., ¶ 2; *see also* Georgia Secretary of State Annual Registration for Smith Transport PA, Inc., a true and correct copy of which is attached hereto as Ex. D). Defendant Arch is a Missouri corporation with its principal office in Jersey City, New Jersey. (Compl., ¶ 11; *see also* Georgia Secretary of State Annual Registration for Arch Insurance Company, a true and correct copy of which is attached hereto as Ex. E). Tickle is a Virginia citizen domiciled in Lee County, Virginia. (Compl., ¶¶

20-21). Plaintiff is a DeKalb County, Georgia citizen. (Compl., ¶ 1). Smith Transport is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl., ¶ 2; *see also* Georgia Secretary of State Annual Registration for Smith Transport PA, Inc., a true and correct copy of which is attached hereto as Ex. D). Defendant Arch is a Missouri corporation with its principal office in Jersey City, New Jersey. (Compl., ¶ 11; *see also* Georgia Secretary of State Annual Registration for Arch Insurance Company, a true and correct copy of which is attached hereto as Ex. E). Tickle is a Virginia citizen domiciled in Lee County, Virginia. (Compl., ¶¶ 20-21).

This action was not removable until one of the Defendants was served with process. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008).. Accordingly, complete diversity exists in this cause of action warranting removal.

**2.     The amount in controversy exceeds $75,000.00.**

Plaintiff's Complaint did not contain an *ad damnum* clause setting a specific amount of damages sought by the Plaintiff such that the exact amount in controversy in this cause of action is readily ascertained. However, Defendants reasonably expect, upon information and belief, that the Plaintiff is alleging over $75,000.00 in damages. Plaintiff alleges numerous separate and distinct items of damages.

Plaintiff is claiming personal injuries and damages as a result of the Accident.

(Compl., ¶ 48). Plaintiff claims that she has suffered and will continued to suffer from physical and mental pain as a result of the Accident. (Compl. ¶ 50). She also claims that she has suffered diminished capacity to work, labor, and enjoy life and she is seeking damages for the same. (Compl. ¶ 51). Plaintiff also claims special damages in the form of past, present, and future medical expenses. (Compl. ¶¶ 52, 55, Prayer for Relief). Upon information and belief, the Plaintiff's past medical expenses exceed $40,000.00. Plaintiff also claims past, present, and future mental and physical pain and suffering. (Compl. ¶ 53). Lastly, Plaintiff also claims shock, anxiety, and worry. (Compl. ¶ 54).

Furthermore, this is not a simple car accident case filed by one plaintiff against one defendant. Plaintiff alleges that Tickle, a truck driver, was negligent in causing an accident that happened on Interstate 20. (Compl. ¶¶ 29-30). In addition to simple negligence claims, Plaintiff alleges that Tickle violated and failed to comply with unspecified rules contained in the Federal Motor Carrier Safety Regulations. (Compl. ¶ 39). Plaintiff has also alleged multiple claims against Smith Transport, a motor carrier, including but not limited to claims of vicarious liability (Compl., ¶¶ 41-44), negligent entrustment (Compl., ¶¶ 45), and negligent hiring, retention, training, control, and supervision (Compl., ¶ 46).

In fact, Plaintiff has served Requests for Admissions on Arch Insurance

Company asking Arch to admit that it provided $1 million in liability insurance coverage applicable to this loss. (Plaintiff's Requests for Admissions of Facts to Arch Insurance Company, Ex. A, ¶¶ 7, 12).

In light of multiple and varied claims for damages presented by the Plaintiff, Arch submits that it has met its burden showing that the amount in controversy in this case exceeds $75,000.00. Therefore, the diversity of citizenship and amount in controversy requirements for removal are clearly satisfied. Removal of this case to this Honorable is proper at this time.

**B.     Defendants Have Timely Sought Removal.**

A party must file a notice of removal of a civil action within 30 days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b)(1). Here, Arch was served on April 20, 2023. The remaining Defendants have not yet been served. Accordingly, Arch has timely sought removal of this action within thirty (30) days of having been served with the Summons and Complaint.

## CONCLUSION

WHEREFORE, Arch respectfully submits this matter to this Court's jurisdiction. Pursuant to 28 U.S.C. § 1446(d), Arch will provide written notice to all adverse parties and file a copy of its Notice of Removal with the Clerk of the Court for the State Court of DeKalb County, Georgia.

Respectfully submitted, this 22nd day of May, 2023.

                                        MOSELEY MARCINAK LAW GROUP, LLP

                                        */s/ Blair J. Cash*
                                        Blair J. Cash, Esq.
                                        Georgia Bar No. 360457
                                        blair.cash@momarlaw.com
                                        Donavan K. Eason
                                        Georgia Bar No. 487358
                                        donavan.eason@momarlaw.com
                                        *Attorneys for Defendant*
                                        *Arch Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1(C). Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

                                                MOSELEY MARCINAK LAW GROUP, LLP

                                                */s/ Blair J. Cash*
                                                Blair J. Cash, Esq.
                                                Georgia Bar No. 360457
                                                blair.cash@momarlaw.com
                                                Donavan K. Eason
                                                Georgia Bar No. 487358
                                                donavan.eason@momarlaw.com
                                                *Attorneys for Defendant*
                                                *Arch Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system and via e-mail, addressed to counsel of record as follows:

N. John Bey
john@beyandassociates.com
Shawn Richardson
shawn@beyandassociates.com
Bey & Associates, LLC
191 Peachtree Street, NE
Suite 3230
Atlanta, Georgia 30303

This 22nd day of May, 2023.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant*
*Arch Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)