# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LUIS ALONZO GONZALEZ,

    Plaintiff,

-vs-

FIRST ADVANTAGE CORPORATION,

    Defendant.

_____/

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS ALONZO GONZALEZ (hereinafter "Plaintiff"), sues Defendant, FIRST ADVANTAGE CORPORATION (hereinafter "First Advantage"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681a-x ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k of the Fair Credit Reporting Act ("FCRA").

2. The FCRA imposes several important requirements on consumer reporting agencies ("CRA"), such as First Advantage, that sell employment-related consumer reports.

3. Separately, the FCRA imposes numerous requirements on CRA like Defendant that apply in every context. One such requirement is that CRAs follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities". 15 U.S.C. § 1681.

4. First Advantage failed to treat these obligations accordingly, and despite knowing that its underlying data and the "matching" algorithms that selected records for inclusion into consumer reports had serious deficiencies, it continues to sell reports anyway to the detriment of consumers like the Plaintiff.

5. First Advantage is a consumer reporting agency ("CRA") as defined by FCRA.

6. First Advantage obtains consumer information bearing on consumers' character, general reputation, personal characteristics, and mode of living from a myriad of sources such as criminal and traffic records, social security number information, sex offender registries, sanctions and debarments records, Department of Health & Human Services inspector general records, Food & Drug Administration

debarment records, Office of Foreign Asset Control records, and U.S. General Services Administration excluded persons list.

7. After acquiring consumer information from its sources, First Advantage regularly assembles that information into a report. It then sells consumer reports generated from the database and furnishes these consumer reports to third parties, such as consumers' prospective employers, for use in making decisions regarding hiring employees.

8. First Advantage supplied to Plaintiff's prospective employer a consumer report, commonly known as a "background check", that contained inaccurate criminal history.

9. As a result, Plaintiff was a victim of an inaccurate consumer report sold by First Advantage to Plaintiff's prospective employer, Optiv Security Inc. (hereinafter "Optiv").

10. Plaintiff was denied employment because Optiv relied on the inaccurate and derogatory consumer report about him.

## JURISDICTION AND VENUE

11. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

12. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

13. Venue is proper in this District as the violations described in this Complaint occurred in this District and Defendant conducts business within this District.

14. Plaintiff is a natural person and resident of Wake County, North Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

15. First Advantage is a corporation incorporated under the State of Delaware, with its principal office located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328, and authorized to do business in the state of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**FACTUAL ALLEGATIONS**

16. In or about March 2023 Plaintiff applied for a position with Optiv that included a guaranteed salary of $85,000 annually with incentive compensation targeted at an additional $8,500 per year.

17. As a requirement for the application process of Optiv, Plaintiff had to submit to a background check.

18. Optiv utilized the services of First Advantage who provided a background report on Plaintiff.

19. Said background report contained falsehoods about Plaintiff, most damaging being that he had been convicted of several crimes in the Commonwealth of Pennsylvania, including "statutory sexual assault of someone between the age of 8 to 11", "unlawful contact with a minor", "corruption of minors", "aggravated assault", and "simple assault".

20. The severity of the false criminal charges led Optiv to rescind its offer of employment to Plaintiff.

21. Due to its lack of proper policies and procedures to ensure the maximum possible accuracy of the consumer reports it prepares, First Advantage falsely reported to Optiv that Plaintiff had been convicted of several heinous crimes.

22. This inaccuracy should have been caught by First Advantage as a simple inquiry to the Pennsylvania Department of Corrections would confirm that, although there was an inmate with the same name and birthday as Plaintiff, a inmate matching Plaintiff's social security number did not exist in their system.

23. The severity of the false criminal charges included in First Advantage's report led to Optiv's recission of its employment offer to Plaintiff.

24. Immediately after receiving a copy of First Advantage's background report and becoming aware of these egregious falsehoods, Plaintiff contacted First Advantage via telephone to dispute the inaccurate report.

25. When Plaintiff called, a representative of First Advantage told Plaintiff to send verification via email, which was sent the next day on April 12, 2023, and that it would take 10-15 days to receive dispute results.

26. On or about April 19, 2023, Plaintiff also sent a very detailed letter to First Advantage containing a plethora of evidence that the criminal charges being reported were false and inaccurate.

27. In that letter, Plaintiff included a picture of the actual inmate who was currently incarcerated in Pennsylvania from the inmate locator and National Sex Offender Registry, as well as a copy of Plaintiff's driver's license so that it could be seen that he looks nothing like the charged individual. Plaintiff also included a copy of the charges against the inmate which mirrored exactly what was included in First Advantage's background report.

28. First Advantage's publication of inaccurate reports and public record information about Plaintiff, which were ultimately transmitted to Optiv, would not have occurred but for the failure of First Advantage to follow reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports.

29. The inaccurate report created by First Advantage caused Plaintiff to suffer from a loss of prospective employment.

30. The inaccurate report created by First Advantage caused Plaintiff to suffer from worry, stress, embarrassment, fear, humiliation, sleeplessness, frustration, and anger.

31. Plaintiff's damages are on-going as he has yet to find another job with comparable benefits and/or compensation.

## COUNT I
### Violations of the Fair Credit Reporting Act as to First Advantage Corporation

32. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

33. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

34. Reasonable procedures would have, at the very least, searched the original court records and/or other easily accessible records to determine the correct disposition of the criminal charges First Advantage attributed to Plaintiff.

35. As a result of First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: recission of

employment offer, loss of sleep, damage to reputation, embarrassment, anxiety, humiliation, and other mental and emotional distress.

36. Plaintiff is entitled to recover actual damages, costs, and attorneys' fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

37. First Advantage's conduct was also willful, as it is a reckless violation of the FCRA to fail to review the underlying court records and other relevant documents – which are easily accessible on the internet – to determine the true disposition of the criminal charges attributed to Plaintiff.

38. Such a rudimentary check would have revealed to First Advantage it was making a mistake and would have permitted First Advantage to correct that mistake before it reached Optiv.

39. First Advantage is a nationally operating background check company that has access to regulatory and court decisions, as well as other sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

40. Due to First Advantage's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LUIS ALONZO GONZALEZ, demands judgment and compensatory and punitive damages against Defendant, FIRST ADVANTAGE CORPORATION, for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

DATED this 22nd day of May 2023.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar No.: 0338620
Georgia Bar No.: 617963
The Consumer Lawyers PLLC
412 E. Madison St, Suite 916
Tampa, FL 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Attorney for Plaintiff*
