IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FADI RADWAN EL ABIAD, A# 219 018 821, <br><br>   9467 Lakeview Rd. <br>   Union City, GA 30291 <br><br>   Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Serve:  U.S. Citizenship & Immigration <br>           Services <br>           5900 Capital Gateway Dr <br>           Camp Springs, MD 20588 <br><br> UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services, <br><br> Serve:  U.S. Citizenship & Immigration <br>           Services <br>           5900 Capital Gateway Dr <br>           Camp Springs, MD 20588 <br><br> and, <br><br> TERRI ROBINSON, Director of the United States Citizenship and Immigration Services National Benefits Center, <br><br> Serve:   USCIS National Benefits Center <br>            850 Nw Chipman Rd,  Suite 5000 <br>            Lee's Summit, MO 64063 <br><br>   Defendants. | Case No. |

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS'**

1

**REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS**

Plaintiff Fadi Radwan El Abiad respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

**PARTIES**

1. Plaintiff Fadi Radwan El Abiad is a citizen of Ghana.

2. Fadi Radwan El Abiad is married to a U.S. citizen named Laurelle Monette Wilson.

3. Fadi Radwan El Abiad resides in Union City, GA.

4. Laurelle Monette Wilson filed an I-130 Petition for Alien Relative on behalf of the Plaintiff on or about May 25, 2021. The couple filed an accompanying I-485 Application for Adjustment of Status on Plaintiff's behalf on that same date as well. Defendants assigned Receipt Number MSC2191402573 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Fadi Radwan El Abiad as part of the processing of the pending applications.

6. Defendants approved Plaintiff's I-130 petition on May 26, 2022.

7. Since then, the Defendants have taken no action on the pending adjustment application. The Defendants have refused and continue to refuse to conduct an interview and make a decision on the I-485 case.

8. Since Fadi Radwan El Abiad and Laurelle Monette Wilson filed the application with USCIS, they have made repeated requests to have their case finally adjudicated.

9. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Fadi Radwan El Abiad's application to adjust status has remained pending far longer than

is reasonable.

10.  USCIS has refused to adjudicate Fadi Radwan El Abiad's application in accordance with applicable legal criteria.

11.  Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application as required by law.

12.  Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

13.  Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS.  Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Jaddou is sued in an official capacity as an agent of the government of the United States.

14.  Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity, as well as any successors and assigns. USCIS National Benefits Center is the office in which Plaintiff's case is currently pending.  Robinson is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Terri Robinson is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

15.  This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

16.  Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are

agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides within this district.

### FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

17.　Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

18.　The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

19.　The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

20.　Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

21.　The combined delay and failure to act on Fadi Radwan El Abiad's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

22.　There are no alternative adequate or reasonable forms of relief available to Plaintiff.

23.　Plaintiff has exhausted all available administrative remedies in pursuit of a

resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

24. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

25. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

26. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

27. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Fadi Radwan El Abiad requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Fadi Radwan El Abiad's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Fadi

Radwan El Abiad's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Fadi Radwan El Abiad;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**May 23, 2023**

*/s/ Steven M. Lefkoff*
Steven M. Lefkoff - Lefkoff Law, LLC
BN 670486
860 Johnson Ferry Road, #140-323
Atlanta, Georgia 30342
(O) 404.482.2228
(F) 404-574-2724
(E) steven@lefkofflaw.com

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**FADI RADWAN EL ABIAD**