**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **XAZIER SMITH** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JULY TRIAL DEMANDED** |
| **SILVER BAY SEAFOOD** | ) | |
| **RESTAURANT SB, LLC, ROYAL** | ) | |
| **FLUSH BAR & GRILL LLC, and** | ) | |
| **SOUYOUN KIM,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff Xazier Smith ("Mr. Smith" or "Plaintiff") respectfully submits this

Complaint for Damages and Equitable Relief and alleges as follows:

**INTRODUCTION**

1.     Mr. Smith is an African American male who was formerly employed

by Silver Bay Seafood Restaurant SB, LLC ("Silver Bay") as a waiter. Mr. Smith

suffered disparate treatment when he was called a "dumb nigger" and numerous

other racial slurs, insulted by being told that "your kind cannot be trusted," loudly

berated in front of customers and co-workers and eventually terminated because of

his race.

2.      Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Silver Bay, Royal Flush Bar & Grill LLC as the successor of Silver Bay, and Souyoun Kim as the result of race discrimination that he faced in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("section 1981").

## JURISDICTION AND VENUE

3.      The Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue for this action in the Northern District of Georgia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions, and the unlawful actions and practices which give rise to Plaintiff's claims occurred in this District.

## PARTIES

5.      Plaintiff is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is and was at all times relevant to this action a resident of the state of Georgia.

6.      Defendant Silver Bay is a domestic for-profit limited liability company.

Its principal office address is 5425 N Henry Blvd, Stockbridge, GA 30281. Its registered agent for service of process is Souyoun Kim. Process can be served at 1570 Saint Julian St., Suwanee, GA 30024.

7.    Silver Bay is registered with the Georgia Secretary of State as a domestic limited liability company that is active to do business in Georgia with a last annual registration in 2023.

8.    Defendant Royal Flush Bar & Grill LLC ("Royal") is a domestic for-profit limited liability company. Its principal office address is 5425 N Henry Blvd, Stockbridge, GA 30281. Its registered agent for service of process is Souyoun Kim. Process can be served at 1570 Saint Julian St., Suwanee, GA 30024.

9.    Defendant Royal is the successor to Silver Bay for purposes of employment disputes and is liable for Silver Bay's discriminatory actions.

10.    Royal is registered with the Georgia Secretary of State as a domestic limited liability company that is active to do business in Georgia and was formed on May 2, 2022.

11.    There is continuity in business operations between Silver Bay and Royal. Specifically, Silver Bay operated at 5425 N Henry Blvd, Stockbridge, GA 30281 until its closure on or around May 2, 2022. Also on or around May 2, 2022, Royal began operating at 5425 N Henry Blvd, Stockbridge, GA 30281. Both entities

also share a phone number, 678-782-7342. Additionally, both entities are/were owned and operated by Souyoun Kim and his wife, Mrs. Kim.

12.     Defendant Souyoun Kim is an Asian male and at all relevant times was the owner of Silver Bay and Royal. Mr. Kim's home residence is 1570 Saint Julian St., Suwanee, GA 30024. Mr. Kim is subject to the jurisdiction of this Court and may be served with process by personal service or by leaving copies of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

## FACTUAL BACKGROUND

13.     Plaintiff began working for Silver Bay on or about January 27, 2022 as a waiter.

14.     On April 17, 2022, a situation occurred involving the sending of the wrong order to a customer. Mrs. Kim—a co-owner of Silver Bay and Mr. Kim's wife—placed the incorrect food on a tray for Plaintiff to bring to a customer. After Plaintiff delivered the food, the customer sent it back because it was incorrect.

15.     When Plaintiff notified Mrs. Kim of this issue, Mrs. Kim blamed Plaintiff for the mistake and attacked Plaintiff, hitting him on both shoulders and arms and knocking the cups off of the tray that he was carrying.

16.    As she attacked Plaintiff, Mrs. Kim yelled at Plaintiff, calling him a "stupid dumb little boy," "a dumb nigger," and "a dumb negro" all in front of customers and co-workers.

17.    During Mrs. Kim's attack and berating, Mr. Kim grabbed Plaintiff's arm and told him "you negroes are lazy, shut the fuck up."

18.    Mr. Kim pulled Plaintiff by the arm outside of the restaurant and continued berating and insulting him, telling Plaintiff that he was "retarded," and "dumb." Mr. Kim also said, "your kind cannot be trusted."

19.    Mr. Kim told Plaintiff to "get [his] shit and get out boy" and terminated him.

20.    Other, non-African American individuals at Silver Bay have been involved in similar situations involving a wrong order sent to a customer and have not been attacked or terminated.

## COUNT I
## 42 U.S.C. § 1981 – RACE DISCRIMINATION - HOSTILE WORK ENVIRONMENT
*Against All Defendants*

21.    Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint, as if they were fully set forth herein.

22.    At all times material to this Complaint, Plaintiff was employed by Silver Bay and Souyoun Kim.

23.     Royal is the successor to Silver Bay for purposes of employment disputes and is liable for Silver Bay's discriminatory actions.

24.     42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

25.     The above-pleaded discriminatory conduct toward Plaintiff, including, but not limited to, being publicly yelled at, being subjected to racial slurs including "nigger," being attacked, and having items knocked out of his hands, constitutes a hostile work environment which altered the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

26.     Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

27.     Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

28.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

29.     As a direct and proximate result of Defendants' creation of a hostile work environment in violation of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

30.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

### COUNT II
### 42 U.S.C. § 1981 – RACE DISCRIMINATION – WRONGFUL TERMINATION
*Against All Defendants*

31.     Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint, as if they were fully set forth herein.

32.     At all times material to this Complaint, Plaintiff was employed by Silver Bay and Souyoun Kim.

33.     Royal is the successor to Silver Bay for purposes of employment disputes and is liable for Silver Bay's discriminatory actions.

34.     42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

35.     The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on his race as shown by, among other things, Mr.

and Mrs. Kim's comments that he was a "dumb nigger," that "you negroes are lazy," and that "your kind cannot be trusted," constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

36.   Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

37.   Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

38.   Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

39.   As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

40.   Accordingly, Plaintiff is entitled to the equitable and monetary relief

set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

**COUNT III**

**TITLE VII – RACE DISCRIMINATION - HOSTILE WORK ENVIRONMENT**

*Against Defendants Silver Bay and Royal*

41.   Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint, as if they were fully set forth herein.

42.   At all times material to this Complaint, Plaintiff was employed by Silver Bay.

43.   Royal is the successor to Silver Bay for purposes of employment disputes and is liable for Silver Bay's discriminatory actions.

44.   Title VII prohibits employers from discriminating against Plaintiff on the basis of race with regard to his employment.

45.   The above-pleaded discriminatory conduct toward Plaintiff, including, but not limited to, being publicly yelled at, being subjected to racial slurs including "nigger," being attacked, and having items knocked out of his hands, constitutes a hostile work environment which altered the terms and conditions of his employment in violation of Title VII.

46.   Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the

alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

47.     Defendants' actions constitute unlawful intentional race discrimination in violation of Title VII.

48.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

49.     As a direct and proximate result of Defendants' creation of a hostile work environment in violation of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

50.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under Title VII.

## <u>COUNT IV</u>
## TITLE VII – RACE DISCRIMINATION – WRONGFUL TERMINATION
*Against Defendants Silver Bay and Royal*

51.     Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint, as if they were fully set forth herein.

52.    At all times material to this Complaint, Plaintiff was employed by Silver Bay.

53.    Royal is the successor to Silver Bay for purposes of employment disputes and is liable for Silver Bay's discriminatory actions.

54.    Title VII prohibits employers from discriminating against Plaintiff on the basis of race with regard to his employment.

55.    The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on his race as shown by, among other things, Mr. and Mrs. Kim's  comments that he was a "dumb nigger," that "you negroes are lazy," and that "your kind cannot be trusted," constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of Title VII.

56.    Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

57.    Defendants' actions constitute unlawful intentional race discrimination in violation of Title VII.

58.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

59.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

60.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(a)     That a jury trial be had on all issues so triable;

(b)     Back pay and benefits;

(c)     Front pay and benefits;

(d)     Compensatory damages;

(e)     Punitive damages;

(f)     Declaratory relief;

(g)     Injunctive relief to prevent Defendants from engaging in such

discriminatory conduct in the future;

(h)     Costs incurred in bringing this action, including Plaintiff's attorneys'

fees;

(i)     Interest on all monetary awards; and

(j)     Such other and further relief the Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

demand a trial by jury on all issues so triable.

Respectfully submitted this 24th day of May, 2023.

**BUCKLEY BALA WILSON MEW LLP**

By:     */s/ Joseph Quattlebaum*
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@bbwmlaw.com
        Joseph Quattlebaum
        Georgia Bar No. 319971
        jquattlebaum@bbwmlaw.com
        600 Peachtree Street NE
        Suite 3900
        Atlanta, GA  30308
        Telephone: (404) 781-1100
        Facsimile:  (404) 781-1101

        *Attorneys for Plaintiff*