IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, | ) ) ) | |
| Petitioner, | ) ) ) | Civil Action File No. |
| v. | ) ) | |
| ROBERT RADCLIFF, VBC EXPRESS LOGISTICS, LLC, KEA TRANSPORTATION GROUP, LLC, ALAN DISEKER IV and KENDALL DISEKER, individually and as parents and natural guardians of ALAN DISEKER V, a minor, MARGARET MELZER, and MICHELLE DENNEY, individually and as next friend of HUDSON DENNEY, a minor child, | ) ) ) ) ) ) ) ) ) ) ) ) ) | _____ |
| Respondents. | ) ) | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW, Progressive Mountain Insurance Company ("Progressive"), and files this its Petition for Declaratory Judgment.  Petitioner asks this Court to declare the rights and legal relations of the parties herein.  In support thereof, Petitioner respectfully shows the Court as follows:

1

This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between Progressive and the Respondents in regard to the parties' respective rights and obligations under two policies of insurance issued by Progressive in relation to the claims for bodily injury arising from a motor vehicle accident that took place in Fulton County, Georgia.

### PARTIES

1.

Petitioner Progressive is incorporated in the State of Ohio with its principal place of business in Mayfield Village, Ohio.  Progressive is authorized to conduct business in the State of Georgia.

2.

Respondent Robert Radcliff ("Radcliff") is a resident and citizen of the State of Georgia.  Respondent Radcliff is subject to the jurisdiction and venue of this Court and may be served with Summons and a copy of the Petition at his last-known address, 1543 Delano Street, Savannah, Georgia 31415.

3.

Respondent VBC Express Logistics, LLC ("VBC") is a corporate resident and citizen of the State of Georgia, with its principal office in Garden City, Georgia.  Respondent VBC is subject to the jurisdiction and venue of this Court and may be

served by delivering Summons and a copy of the Petition to its registered agent, Victoria Carrington, at 2502 Louisiana Avenue, Savannah, Georgia 31404.

4.

Respondent Kea Transportation Group, LLC ("KTG") is a corporate resident and citizen of the State of Georgia, with its principal office in Hampton, Georgia. Respondent KTG is subject to the jurisdiction and venue of this Court and may be served by delivering Summons and a copy of the Petition to its registered agent, Joseph Kea, at 2307 Nicole Drive, Hampton, Georgia 30228.

5.

Respondent Alan Diseker IV, individually and as parent and natural guardian of minor child Alan Diseker V, is a resident and citizen of the State of Alabama. This Respondent is subject to the jurisdiction and venue of this Court and may be served by delivering a Request for Waiver of Service of Summons to his attorney, Anthony C. Kalka, Kalka Law Group, 1447 Peachtree Street, N.E., Suite 550, Atlanta, Georgia 30309.

6.

Respondent Kendall Diseker, individually and as parent and natural guardian of minor child Alan Diseker V, is a resident and citizen of the State of Alabama. This Respondent is subject to the jurisdiction and venue of this Court and may be

served by delivering a Request for Waiver of Service of Summons to her attorney, Anthony C. Kalka, Kalka Law Group, 1447 Peachtree Street, N.E., Suite 550, Atlanta, Georgia 30309.

7.

Respondent Margaret Melzer ("Melzer") is a resident and citizen of the State of Alabama.  Respondent Melzer is subject to the jurisdiction and venue of this Court and may be served by sending a copy of the Petition, a Request for Waiver of Service of Summons, and a Waiver of Service of Summons to her attorney, Kevin Bufford, Samford & Denson, LLP, P.O. Box 2345, 709 Avenue A, Opelika, Alabama 36803.

8.

Respondent Michelle Denney, individually and as next friend of minor child Hudson Denney, is a resident and citizen of the State of Georgia.  This Respondent is subject to the jurisdiction and venue of this Court and may be served by delivering Summons and a copy of the Petition to her last-known address, 145 Edenton Estates Drive, Fayetteville, Georgia 30214.

JURISDICTION AND VENUE

9.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among Petitioner and all Respondents.

4

10.

On September 21, 2022, Respondents Alan Diseker IV and Kendall Diseker, individually and as parents and natural guardians of minor child Alan Diseker V (the "Diseker Respondents"), filed suit against Petitioner and Respondents Radcliff, VBC, and Kea Transportation in the State Court of Fulton County, in a civil action styled *Alan Diseker IV and Kendall Diseker, individually and as parents and natural guardians of Alan Diseker V, a minor v. Robert Radcliff, VBC Express Logistics, LLC, Kea Transportation Group, LLC, Progressive Mountain Insurance Company, John Does (1-5) and ABC Corporations (1-5)*, Civil Action No. 22EV005271 (the "Diseker Lawsuit").

11.

Based on the allegations contained in the Diseker Respondents' Complaint in the Diseker Lawsuit, the amount in controversy exceeds this Court's jurisdictional limit of $75,000.00.

12.

On or about November 18, 2022, counsel for Respondent Margaret Melzer submitted to Progressive a settlement demand in the amount of $1 million.

13.

On February 21, 2023, Respondent Melzer filed suit against Petitioner and Respondents VBC, KTG, and Radcliff in the Superior Court of Fulton County, in a case styled *Margaret Melzer v. VBC Logistics, LLC; KEA Transportation Group, LLC; Progressive Mountain Insurance Company; ABC Corporations 1-5; Robert Radcliff; and John Does 1-5* (the "Melzer Lawsuit").

14.

Based on the allegations contained in Respondent Melzer's Complaint in the Melzer Lawsuit, the amount in controversy exceeds this Court's jurisdictional limit of $75,000.00.

15.

This Court further has jurisdiction pursuant to 28 U.S.C. § 2201 because Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to two insurance policies issued by Progressive, one to Respondent VBC and the other to Respondent KTG.

16.

This Court is vested with the power to declare the rights and obligations of the parties hereto and to provide such other relief as may be necessary, pursuant to 28 U.S.C. § 2201.

17.

Venue is laid in this district pursuant to 28 U.S.C. § 1391 by virtue of the fact that the events giving rise to the underlying claims occurred in Fulton County, Georgia.

## PRELIMINARY ALLEGATIONS

### Subject Accident

18.

In the Diseker Lawsuit, the Diseker Respondents have alleged that, on or about May 10, 2022, on Interstate 85 South in Fulton County, Georgia, Respondent Radcliff negligently caused a motor vehicle accident involving Radcliff, the Diseker Respondents, Respondent Melzer, Respondent Michelle Denney, and minor children Alan Diseker V and Hudson Denney (the "Subject Accident").

19.

In the Melzer Lawsuit, Respondent Melzer has alleged that Respondent Radcliff negligently caused the Subject Accident.

20.

Upon information and belief, at the time of the Subject Accident, Radcliff was operating a 2011 International Prostar Premium owned by VBC (the "Subject Vehicle").

21.

At the time of the Subject Accident, Radcliff was operating the Subject Vehicle without permission from VBC.

22.

At the time of the Subject Accident, Radcliff was operating the Subject Vehicle without permission from KTG.

23.

The Diseker Respondents have alleged that, at the time of the Subject Accident, Radcliff was employed by VBC and operating the vehicle within the course and scope of that employment and in furtherance of VBC's business.

24.

The Diseker Respondents have alleged that, at the time of the Subject Accident, Radcliff was employed by KTG and operating the vehicle within the course and scope of that employment and in furtherance of KTG's business.

25.

The Diseker Respondents have alleged that they (including minor child Alan Diseker V) sustained bodily injury and property damage as a result of the Subject Accident.

26.

Respondent Melzer has alleged that, at the time of the Subject Accident, Radcliff was an agent, servant, and employee of VBC and was operating the vehicle within the course and scope of that employment and in furtherance of VBC's business.

27.

Respondent Melzer alleged that, at the time of the Subject Accident, Radcliff was agent, servant, and employee of KTG and operating the vehicle within the course and scope of that employment and in furtherance of KTG's business.

28.

Respondent Melzer has alleged that she sustained bodily injury and property damage as a result of the Subject Accident.

29.

Upon information and belief, Respondent Michelle Denney and minor child Hudson Denney may have sustained bodily injury and/or property damage as a result of the Subject Accident.

## The VBC Policy

### 30.

At the time of the Subject Accident, VBC was the named insured on Progressive Commercial Auto Policy No. 956213659, with effective dates of coverage from February 24, 2022 through February 24, 2023 ("VBC Policy").  (A certified copy of the VBC Policy is attached hereto as Exhibit "A.")

### 31.

The VBC Policy provided non-trucking liability coverage for bodily injury and property damage in a combined single limit of $500,000.00, subject to all terms and conditions of the VBC Policy.

### 32.

Radcliff was not listed as a rated driver on the VBC Policy.

### 33.

The VBC Policy states, in pertinent part:

**GENERAL DEFINITIONS**

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

. . . .

21.     "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

**PART I – LIABILITY TO OTHERS**

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay damages for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto.**  However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.[1]

. . . .

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.        When used in Part I – Liability To Others, **insured** means:
1.    **You** with respect to an **insured auto**.
2.    Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow […]
3.    Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.  However, **insured** does not include anyone engaged in the business of transporting property by auto for hire that is liable for **your** conduct.[2]

. . . .

**<u>EXCLUSIONS</u>—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIE, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1.    **Expected or Intended Injury**
      **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

      This exclusion shall apply only to the extent that the limits of liability for this coverage exceed the limits of liability required by the Georgia Motor Vehicle Safety Responsibility Act.[3]

. . . .

15.    **Criminal Acts**
       **Bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**.  This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime.  For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

. . . .

---

[1] As amended by the VBC Policy's Georgia Amendatory Endorsement.
[2] As amended by the VBC Policy's Contingent Liability Endorsement – Limited Liability Coverage For Non-Trucking Use Of An Automobile.
[3] As added by the VBC Policy's Georgia Amendatory Endorsement.

**CONTINGENT LIABILITY ENDORSEMENT – LIMITED LIABILITY COVERAGE FOR
NON-TRUCKING USE OF AN AUTOMOBILE**

Except as specifically modified in this endorsement, all provisions of the Commercial Auto
Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is
modified as follows:

**PART I – LIABILITY TO OTHERS**

. . . .

B.      Under the Exclusions of Part I, the following exclusion is added:

        **Trucking Use**
        Coverage under this Part I, including our duty to defend, does not apply to an
        **insured auto** or any attached **trailer** while operated, maintained, or used:
        a.      To carry property or while such property is being loaded or unloaded from
            the **insured auto** or an attached **trailer**; or
        b.      In any business for any business purpose.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN
UNCHANGED.**

. . . .

## The KTG Policy

### 34.

At the time of the Subject Accident, KTG was the named insured on
Progressive Commercial Auto Policy No. 953472736, with effective dates of
coverage from November 4, 2021 through November 4, 2022 ("KTG Policy").  (A
certified copy of the KTG Policy is attached hereto as Exhibit "B.")

35.

The KTG Policy provided auto liability coverage for bodily injury and property damage in a combined single limit of $1 million, subject to all terms and conditions of the KTG Policy.

36.

Radcliff was not listed as a rated driver on the KTG Policy.

37.

The KTG Policy states, in pertinent part:

**GENERAL DEFINITIONS**

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

. . . .

21.     "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

**PART I – LIABILITY TO OTHERS**

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay damages for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**.  However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.[4]

. . . .

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.     When used in Part I – Liability To Others, **insured** means:

---

[4] As amended by the KTG Policy's Georgia Amendatory Endorsement.

1.     **You** with respect to an **insured auto**.
2.     Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow […]
3.     Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.  If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

. . . .

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIE, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1.     **Expected or Intended Injury**
       **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

       This exclusion shall apply only to the extent that the limits of liability for this coverage exceed the limits of liability required by the Georgia Motor Vehicle Safety Responsibility Act.[5]

. . . .

15.    **Criminal Acts**
       **Bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**.  This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime.  For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

. . . .

## 38.

The KTG Policy contained an MCS-90 endorsement, which states, in pertinent part:

**FORM MCS-90 ENDORSEMENT FOR**
**MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY**
**UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980**

---

[5] As added by the KTG Policy's Georgia Amendatory Endorsement.

14

. . . .

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. [...] It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.  However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company.  The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

. . . .

## Subject Claim and Underlying Lawsuits

### 39.

On September 21, 2022, the Diseker Respondents filed the Diseker Lawsuit in the State Court of Fulton County, Georgia.

### 40.

In their Complaint, the Diseker Respondents allege that Radcliff, while acting in the course and scope of employment with VBC and KTG, negligently caused the Subject Accident and the Diseker Respondents' alleged damages.

41.

The Diseker Respondents allege that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol in violation of O.C.G.A. § 40-6-49.

42.

The Diseker Respondents allege that VBC is vicariously liable for Radcliff's alleged negligence.

43.

The Diseker Respondents allege that KTG is vicariously liable for Radcliff's alleged negligence.

44.

The Diseker Respondents have brought further claims of negligent hiring, negligent training, negligent supervision, and punitive damages against VBC.

45.

The Diseker Respondents have brought further claims of negligent hiring, negligent training, negligent supervision, and punitive damages against KTG.

46.

On February 21, 2023, Respondent Melzer filed the Melzer Lawsuit in the Superior Court of Fulton County, Georgia.

47.

In her Complaint, Respondent Melzer alleges that Radcliff, while acting in the course and scope of employment with VBC and KTG, negligently caused the Subject Accident and her alleged damages.

48.

Respondent Melzer alleges that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol.

49.

Respondent Melzer alleges that VBC is vicariously liable for Radcliff's alleged negligence.

50.

Respondent Melzer alleges that KTG is vicariously liable for Radcliff's alleged negligence.

51.

Respondent Melzer has brought further claims of negligent hiring, negligent training, negligent supervision, and punitive damages against VBC.

52.

Respondent Melzer has brought further claims of negligent hiring, negligent training, negligent supervision, and punitive damages against KTG.

## D<small>ECLARATORY</small> J<small>UDGMENT</small>

## Count I – Radcliff Not An "Insured" (VBC Policy)

### 53.

Progressive incorporates the allegations contained in Paragraphs 1 through 52 as though set forth fully herein.

### 54.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the VBC Policy pursuant to the terms at issue and cited herein.

### 55.

The VBC Policy's liability coverage states: "Subject to the limits of liability, if **you** pay the premium for liability coverage, we will pay damages for bodily injury, property damage, and covered pollution cost or expense, for which an ***insured*** becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto."  (emphasis added.)

### 56.

In the context of liability coverage, the VBC Policy defines "insured" as:

1.   **You** with respect to an **insured auto**.
2.   Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow [...]
3.   Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered

under this Part I – Liability To Others.  However, **insured** does not include anyone engaged in the business of transporting property by auto for hire that is liable for **your** conduct.

57.

Radcliff is not "You", as that term is defined by the Policy.

58.

At the time of the Subject Accident, Radcliff was not using the Subject Vehicle with VBC's permission.

59.

At the time of the Subject Accident, Radcliff was not using the Subject Vehicle within the scope of any permission of VBC.

60.

No party has alleged that Radcliff is vicariously liable for the acts or omissions of any person otherwise covered under the VBC Policy.

61.

Accordingly, Radcliff is not an "insured" under the terms of the VBC Policy.

62.

Because Radcliff is not an "insured", the VBC Policy's liability coverage does not apply to any claims against Radcliff arising from the Subject Accident.

63.

Progressive owes no duty to defend or indemnify Radcliff under the VBC Policy for any claims arising from the Subject Accident.

## **Count II – Trucking Use Exclusion (VBC Policy)**

64.

Progressive incorporates the allegations contained in Paragraphs 1 through 63 as though set forth fully herein.

65.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the VBC Policy pursuant to the terms at issue and cited herein.

66.

The VBC Policy states: "Coverage under this Part I, including our duty to defend, does not apply to an insured auto or any attached trailer while operated, maintained, or used […] [i]n any business for any business purpose."

67.

In their Complaint, the Diseker Respondents allege: "At all relevant times to this Complaint, Radcliff was operating the semi-tractor on behalf of VBC, and in the furtherance of VBC's business."

68.

In her Complaint, Respondent Melzer alleges: "At all relevant times to this Complaint, Radcliff was operating the semi-tractor on behalf of VBC, and in the furtherance of VBC's business."

69.

The VBC Policy specifically excludes coverage for claims arising from the use of the Subject Vehicle while being used "in any business for any business purpose."

70.

Accordingly, Progressive owes no duty to defend or indemnify any Respondent for any claims arising from the Subject Accident.

**Count III – Criminal Acts Exclusion (VBC Policy)**

71.

Progressive incorporates the allegations contained in Paragraphs 1 through 70 as though set forth fully herein.

72.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the VBC Policy pursuant to the terms at issue and cited herein.

21

73.

The VBC Policy states: "Coverage under this Part I, including our duty to defend, does not apply to […] Bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of an insured person."

74.

The Diseker Respondents have alleged that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol in violation of O.C.G.A. § 40-6-49.

75.

Respondent Melzer has alleged that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol in violation of O.C.G.A. § 40-6-49.

76.

Driving under the influence of alcohol is a criminal act.

77.

The Diseker Respondents have alleged that Radcliff's criminal act caused or partially caused their bodily injury and/or property damage.

78.

Respondent Melzer has alleged that Radcliff's criminal act caused or partially caused their bodily injury and/or property damage.

79.

Accordingly, Progressive owes no duty to defend or indemnify any Respondent for any claims arising from the Subject Accident.

## Count IV – Radcliff Not An "Insured" (KTG Policy)

80.

Progressive incorporates the allegations contained in Paragraphs 1 through 79 as though set forth fully herein.

81.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the KTG Policy pursuant to the terms at issue and cited herein.

82.

The KTG Policy's liability coverage states: "Subject to the limits of liability, if **you** pay the premium for liability coverage, we will pay damages for bodily injury, property damage, and covered pollution cost or expense, for which an ***insured***

becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto."  (emphasis added.)

### 83.

In the context of liability coverage, the KTG Policy defines "insured" as:

1.  **You** with respect to an **insured auto**.
2.  Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow [...]
3.  Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.  If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

### 84.

Radcliff is not "You", as that term is defined by the Policy.

### 85.

At the time of the Subject Accident, Radcliff was not using the Subject Vehicle with KTG's permission.

### 86.

At the time of the Subject Accident, Radcliff was not using the Subject Vehicle within the scope of any permission of KTG.

### 87.

No party has alleged that Radcliff is vicariously liable for the acts or omissions of any person otherwise covered under the KTG Policy.

88.

Accordingly, Radcliff is not an "insured" under the terms of the KTG Policy.

89.

Because Radcliff is not an "insured", the KTG Policy's liability coverage does not apply to any claims against Radcliff arising from the Subject Accident.

90.

Progressive owes no duty to defend or indemnify Radcliff under the KTG Policy for any claims arising from the Subject Accident.

**Count V – Criminal Acts Exclusion (KTG Policy)**

91.

Progressive incorporates the allegations contained in Paragraphs 1 through 90 as though set forth fully herein.

92.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the KTG Policy pursuant to the terms at issue and cited herein.

93.

The VBC Policy states: "Coverage under this Part I, including our duty to defend, does not apply to […] Bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of an insured person."

94.

The Diseker Respondents have alleged that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol in violation of O.C.G.A. § 40-6-49.

95.

Respondent Melzer has alleged that, at the time of the Subject Accident, Radcliff was driving under the influence of alcohol in violation of O.C.G.A. § 40-6-49.

96.

Driving under the influence of alcohol is a criminal act.

97.

The Diseker Respondents have alleged that Radcliff's criminal act caused or partially caused their bodily injury and/or property damage.

98.

Respondent Melzer has alleged that Radcliff's criminal act caused or partially caused their bodily injury and/or property damage.

99.

Accordingly, Progressive owes no duty to defend or indemnify any Respondent for any claims arising from the Subject Accident.

**Count VI – MCS-90 Endorsement Does Not Trigger**

100.

Progressive incorporates the allegations contained in Paragraphs 1 through 99 as though set forth fully herein.

101.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the KTG Policy pursuant to the terms at issue and cited herein.

102.

The KTG Policy contains an MCS-90 endorsement which applies to "the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier act of 1980".

103.

At the time of the Subject Accident, Radcliff was not using the Subject Vehicle to carry property or passengers for hire.

104.

At the time of the Subject Accident, Radcliff was not engaged in interstate commerce.

105.

At the time of the Subject Accident, the Subject Vehicle was not engaged in interstate commerce.

106.

Accordingly, the KTG Policy's MCS-90 endorsement is not triggered.

107.

The KTG Policy's MCS-90 endorsement does not obligate Progressive to pay any judgment recovered against any Respondent arising from the Subject Accident.

108.

Progressive owes no duty to defend or indemnify any Respondent for any claims arising from the Subject Accident.

109.

Progressive has no adequate remedy at law or otherwise, except by this Petition for Declaratory Judgment.

WHEREFORE, Petitioner prays:

(a)     that process and summons issue to each of the Respondents herein and that they be served with process and a copy of this Petition for Declaratory Judgment as required by law;

(b)     that this Court declare the rights and legal obligations of Petitioner and Respondents under the subject Policy;

(c)     and for such other and further relief as this Court deems appropriate.

Respectfully submitted, this 24th day of May, 2023.

LUEDER, LARKIN & HUNTER LLC

*/s/ Samuel H. Sabulis*
SAMUEL H. SABULIS
Georgia Bar No. 339532
*Attorneys for Progressive Mountain Insurance Company*

3535 Piedmont Road, N.E.
Building 14, Suite 205
Atlanta, Georgia 30305
T: (678) 359-6028
F: (678) 359-6028
ssabulis@luederlaw.com