IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TINA BARTHOLOMEW, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| EQUITYEXPERTS.ORG. SOUTHERN, LLC, d/b/a/ EQUITY EXPERTS; LIQUID GLOBAL CO., LLC, AND ONE COMMUNITY MGMT. ASSOCIATES | : | |
| Defendants. | : | |

**COMPLAINT FOR DAMAGES**
**INTRODUCTION**

1.

This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq., and supplemental state law claims.

2.

Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367.

3.

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

4.

This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

5.

Plaintiff is a resident of this State, District and Division and are authorized by law to bring this action.

6.

Plaintiffs is a resident of Cobb County, Georgia.

7.

Defendant EQUITYEXPERTS.ORG SOUTHERN, LLC, is a limited liability company organized under the laws of the State of Michigan. [Hereinafter, referred to as EQUITY].

8.

Defendant LIQUID GLOBAL CO., LLC is a limited liability company organized under the law of the State of Pennsylvania. [Hereinafter referred to as LIQUID].

9.

Defendant One Community Management Associates is a Georgia operation (hereinafter referred to as All In One).

10.

Defendant All In One may be served by serving Andrew Bunker, at 110 Evans Mill Drive, Suite 701, Dallas, Ga. 30157, or by serving Andrew Bunker, or Nick Desenberg, or Ruann Bunker at 5700 Dallas Hwy, Suite 200, PMB 266, Powder Springs, Ga. 30127.

11.

Defendant "Equity" may be served by serving its agenda for service, Corporate Services Company at 2 Sun Court, Suite 400, Peachtree Corners, Ga. 30092.

12.

Defendant "Liquid" may be served by serving its agent for service, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Ga. 30066.

## COUNT ONE

13.

Paragraphs 1-8 and 11-12 are realleged as though fully set out. Defendant All In One is not sued under this count.

14.

The principal purpose of Defendant's business is the collection of debts.

15.

Defendants specializes in collecting amounts assessed by homeowners associations from the residents of said homeowners associations.

16.

Defendants regularly use the mail and telephones in its business.

17.

Defendants regularly collect or attempt to collect debts owed or allegedly owed to another.

18.

Defendants routinely send letters through the U.S. mail in an effort to collect debts alleged to be owed to their clients.

19.

Defendants routinely file documents upon the property records throughout the United States, and specifically in various Georgia counties, in an effort to collect debts alleged to be owed their clients.

20.

Defendants routinely retain counsel on behalf of their clients.

21.

Equity routinely employ counsel to sign liens and to conduct collection litigation in various states throughout the United States.

22.

Defendants direct and control the action of said counsel in efforts to collect fees, alleged to be due and owing to its homeowner's association clients.

23.

Defendants are "debt collector" as defined in the FDCPA.

24.

At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

25.

Plaintiff is the recorded owner of real property, their single-family home, located in Cobb County, Georgia (the "Home").

26.

Defendants were attempting to collect a debt from Plaintiff that allegedly arose from Plaintiff's obligation to pay assessments and fees

imposed by Country Walk Homeowners' Association Subdivision in which Plaintiff resides.

27.

This debt arose for family, personal, and household purposes.

28.

This claimed debt increased illegally because of fees charged by each Defendant not allowed by law.

29.

The Georgia statute governing the collection of homeowners' association assessments provides that "[t]o the extent provided in the covenants, the obligation for the payment of assessments and fees arising from covenants shall include the costs of collection, including reasonable attorney fees actually incurred". O.C.G.A. § 44-5-60(e).

30.

The applicable Declaration of Restrictive Covenants provides that the assessments "together with interest, costs, and reasonable attorney fees [] shall be a charge on the land and a continuing lien[.]"

31.

The Georgia Court of Appeals has held that "no Georgia court has ever approved the recovery of non-legal or administrative expenses as the

6

'cost of collection' <u>Long v. Hogan</u>, 289 Ga. App. 347, 656 S.E. 2d 868 (2008).

32.

The lease agreement at paragraph 4, does not provide for such fees.

33.

Defendants were trying to collect late fees that were not allowed by law.

34.

At all times Plaintiff disputed the debt but because she was never sent a validation notice pursuant to 15 USC § 1692g, she was unable to directly contact any single person whom she called to discuss the matter with or direct her dispute to.

35.

Plaintiff wasted numerous hours trying to determine the amount of her debt and emotional distress manifesting in loss of sleep.

36.

Defendants repeatedly sought excess amounts that were not owed. Equity charged her $270 on May 17, 2022, for F.D.C.P.A. compliance letter.

37.

On June 29, 2022, Equity charged here $350 for E.D.O.1 – Escalated Debtor Outreach 1.

38.

On July 6, 2022, Equity charged her $100 for E.D.O. 2 – Escalated Debtor Outreach 2.

39.

On July 13, 2022, Equity charged her $100 for E.D.O. 3 – Escalated Outreach 3.

40.

On July 20, 2022, Equity charged her $100 for E.D.O.4 – Escalated Outreach 4.

41.

On August 8, 2022, Equity charged her $650 for Post Outreach Lien Enforcement.

42.

On August 15, 2022, Equity charged her $35 for Monthly File and Title Maintenance.

43.

On September 14, 2022, Equity charged her $35 for Monthly File Maintenance and Letter.

44.

On October 15, 2022, Equity charged her $35 for Monthly File Maintenance and letter.

45.

Thereafter, Equity and/or Liquid filed a lien on the Plaintiff's property.

46.

The amount included in the lien included the unreasonable amounts set out above.

47.

At all times, Plaintiff attempted to pay her HOA dues but the same was not accepted because Plaintiff would not pay the amounts set out above.

48.

The actions of Defendants Liquid and Equity knowingly violated 15 USC § 1692(e) (2) and USC § 1692(f)(1) which has caused Plaintiff emotional distress.

49.

Plaintiff was denied the use of the neighborhood amenities, including the pool and tennis court. She was unable to attend social gatherings with their friends and denied the use of the clubhouse. She was deprived of her rights to receive information.

50.

Thereafter, Defendant Liquid began to harass and intimidate Plaintiff by falsely and deceptively claiming that it would take further collection activity when it had no intention to do so in violation of 15 USC § 1692e(5) and § 1692e(10).

51.

During this period, Plaintiff received a call from Liquid wherein an employee acting within the course and scope of his authority told her "I don't want to see you lose your property".

52.

During the period from August 8, 2022 through February 15, 2023, Liquid sent Plaintiff numerous letters.

53.

On August 8, 2022, Defendant Liquid threatened to "escalate [their] collection activities, which would result in additional charges" and told her an unconscionable collection fee waived be changed to the HOA and added to her account.

54.

On August 15, 2022, September 14, 2022, October 15, 2022, November 14, 2022, December 14, 2022, January 16, 2023, and February 15, 2023, Liquid sent letters to Plaintiff falsely implying that suit would be

filed against Plaintiff. Each letter stated "The Association is considering all its legal options..."

55.

No suit for collection has ever been filed.

56.

Plaintiff is entitled to statutory damages of $1000 against each Defendant, general damages consisting of unlawful charges as set out above.

57.

Plaintiff is entitled to statutory attorney fees.

## COUNT TWO

58.

Each Defendant is liable for damages under the Georgia Fair Business Practices Act.

59.

Paragraphs 1-12 and 14-55 are realleged as though fully set out.

60.

Each Defendant was notified of Plaintiff's intent to bring a claim under the Georgia Fair Business Practices Act more than 30 days prior to the filing of the case.

61.

Defendants Equity and Liquid violations of the Fair Debt Collection Practices Act as set out in Count One are violations of the Georgia Fair Business Practices Act.

62.

Defendant All in One sought to collect the same charges as set out 36-44 seeking fee not allowed by Georgia laws or by the covenants.

63.

Defendant All in One acted by and through the other Defendants in seeking to collect these unlawful charges. See e.g. Patzka v. Viterbo College, 917 F.Supp. 654, 661 (W.D. Wis. 1996), Haile v. New York State Higher Education Servs. Corp., 90 BR 51, 55 (W.D.N.Y. 1988). The other Defendants were acting as agents of Defendant All in One.

64.

It is an unfair business practice to falsely imply that Defendant or the HOA it represents intended to bring legal action when no such action was intended. Trans World Accounts, Inc. v. F.T.C., 594 F2d 212,215 (97h Cir. 1979).

65.

It is an unfair business practice to collect fees unauthorized by law. Crossover v. EquityExperts.org LLC, 2021 WL 5279412 (11th Cir.2021).

66.

Each Defendant is liable for emotional distress and other general damages of at least $50,000.

67.

Each defendant is liable for special damages in the amount of $1,605.00.

68.

The actions of each Defendant were intentional and the damages should be trebled.

69.

The actions of each Defendant were willful and subject each Defendant to punitive damages of $250,000.

70.

Plaintiff is entitled to reasonable attorney fees.

WHEREFORE, Plaintiff prays,

1.) For damages as above set out;

2.) For punitive and liable damages;

3.) For reasonable attorney fees;

4.) For jury trial; and

5.) For such other and further relief as is just and proper.

This 24th of May, 2023.

                                                                          Respectfully submitted,

                                                                          <u>/s/ Ralph Goldberg</u>
                                                                          Ralph Goldberg
                                                                          Georgia Bar No. 299475
                                                                          Attorney for Plaintiff
                                                                          attorneygoldberg@hotmail.com

Goldberg & Cuvillier, P.C.
3469 Lawrenceville Hwy, Suite 102
Tucker, Ga. 30084-6919
(770) 670-7343 (TEL)
(770) 670-7344 (FAX)