**IT IS ORDERED as set forth below:**



**Date: May 10, 2023**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| SHIRLEY LETT, | CASE NO. 10-61451-BEM |
| Debtor. | |
| | CHAPTER 7 |
| SHIRLEY WHITE-LETT, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING NO. |
| v. | 20-6278-BEM |
| THE BANK OF NEW YORK MELLON, CORP., BANK OF AMERICA, N.A., FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, FEDERAL HOME LOAN MORTGAGE CORP. A/K/A FREDDIE MAC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INCORPORATED (MERS), RRA CP OPPORTUNITY TRUST 1, MERSCORP | |

HOLDINGS, INC. D/B/A MERS,
SHELLPOINT MORTGAGE SERVICING,
AND THE BANK OF NEW YORK MELLON,

    Defendants.

# ORDER

This matter is before the Court on Mortgage Electronic Registration Systems Inc.'s ("MERS") *Motion to Dismiss Claim Against Freddie Mac for Lack of Jurisdiction* ("Motion"). [Doc. 249]. Plaintiff filed a response and objection ("Plaintiff's Response") in which she asserts that MERS cannot represent Defendant Federal Home Loan Mortgage Corp. (aka Freddie Mac) (herein after "Freddie Mac") and that this Court has previously determined that claims against Freddie Mac have been dismissed. [Doc. 250]. MERS filed a reply in which it argues that it does not represent Freddie Mac and does not purport to represent that entity, that it seeks an order on claims against Freddie Mac for finality in this proceeding and that this Court has a duty to determine its jurisdiction and can do so sua sponte. [Doc. 251]. The issues raised in the Motion, Response and Reply are ripe for determination.

**I. Background**

Plaintiff filed her amended complaint on January 4, 2021 [Doc. 9] against the following Defendants: 1) The Bank of New York Mellon, Corp. ("BONYM Corp"), 2) The Bank of New York Mellon ("BONYM"), 3) Bank of America, N.A. ("BANA"), 4) Federal National Mortgage Association, ("Fannie Mae"), 5) Freddie Mac, 6) MERSCORP Holdings, Inc. ("MERSCORP"), 7) MERS, and 8) RRA CP Opportunity Trust 1 ("RRA"). The Court has adjudicated the claims against 7 of the 8 Defendants. The claim against BONYM Corp. for violation of the discharge injunction was dismissed with prejudice by stipulation as to the violations prior to November 2013 in the *Stipulation of Dismissal* ("Stipulation") [Doc. 244] filed

2

on November 30, 2022, which was considered and entered by this Court on December 6, 2022. [Doc. 245]. The claims against BONYM including Plaintiff's objection to BONYM's proof of claim, Plaintiff's attempt to avoid its allegedly unperfected lien under § 544, and Plaintiff's claim for declaratory and injunctive relief related to BONYM's security deed were dismissed in part on motion of BONYM [Doc. 102] and in this Court's *Order on Bank of New York Mellon's Motion to Dismiss and Motion for Judgment on the Pleadings and Plaintiff's Motion for Partial Summary Judgment* entered on November 29, 2021. [Doc. 148]. The remaining claim against BONYM for violation of the discharge injunction as to violations prior to November 2013 was dismissed with prejudice by Stipulation on December 6, 2022. [Doc. 244, 245].

The claim against BANA for declaratory relief in relation to BANA's security deed was dismissed on October 22, 2021, by this Court's *Order on Bank of America, N.A.'s Motion to Dismiss* [Doc. 134] and the claim against BANA for violation of the discharge injunction was dismissed with prejudice by Stipulation on December 6, 2022. [Doc. 244, 245].

The claims against Fannie Mae for declaratory relief relating to the enforcement of its alleged security deed were dismissed by this Court's *Order Granting Federal National Mortgage Association's Motion to Dismiss* entered on March 29, 2021. [Doc. 79]. The claims against MERSCORP and MERS for declaratory relief relating to MERS allegedly having no rights in the security deed and not validly assigning any rights nor any defendant obtaining any rights from MERS were dismissed in this Court's *Order on MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss* on September 15, 2021. [Doc. 121]. And finally, the claims against RRA for declaratory relief regarding whether RRA had a valid second lien after receiving an assignment from MERS that Plaintiff alleged was void were dismissed by the District Court on November 8, 2021. [Doc. 142].

The only remaining claims that have not been dismissed or settled are those against Freddie Mac. Freddie Mac has not appeared in this proceeding and Plaintiff has not pursued her claims against Freddie Mac since filing the amended complaint in January of 2021.

The Court could, in accordance with BLR 7041-1(a), dismiss Plaintiff's claims against Freddie Mac for failure to prosecute the same. However, because Plaintiff lacks standing to pursue the asserted claims against Freddie Mac and the Court must determine whether it has jurisdiction, the claims will be dismissed on that basis.

Plaintiff argues that MERS is only seeking dismissal so that it can advance what she characterizes as a "bogus argument" on a pending appeal in the District Court. However, as correctly noted by MERS, this Court may sua sponte consider whether it has subject matter jurisdiction over the claims advanced by Plaintiff, indeed, the Court has an obligation to determine its jurisdiction. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016). And notwithstanding Plaintiff's assertion to the contrary, the Court has not yet ruled on the claims against Freddie Mac, by implication or otherwise, *see* Docs. 152, 165, and because the Court has not entered any order addressing Freddie Mac, a determination of jurisdiction with respect to Freddie Mac will not affect Plaintiff's appeal.

## II. Discussion

Plaintiff's claims against Freddie Mac are substantially identical to those asserted against Fannie Mae. This Court disposed of Plaintiff's claims against Fannie Mae in its *Order Granting Federal National Mortgage Association's Motion to Dismiss* on March 29, 2021. [Doc. 79]. Thus, the jurisdictional analysis, by which this Court determined it lacked jurisdiction over Plaintiff's claims against Fannie Mae, is similarly applicable to the claims addressed here against Freddie Mac.

"[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir.2005) (quoting *Dillard v. Baldwin Cnty. Comm'rs*, 225 F.3d 1271, 1275 (11th Cir.2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S. Ct. 1003 (1998))).

> Standing requires the plaintiffs to allege enough facts to establish injury-in-fact, causation, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Warth v. Seldin*, 422 U.S. 490, 514–17, 518, 95 S. Ct. 2197, 2215, 45 L.Ed.2d 343 (1975) (evaluating what the plaintiff's complaint alleged to determine whether there were sufficient facts upon which to base standing and explaining that "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers"); *Muransky v. Godiva Chocolatier, Inc.,* 979 F.3d 917, 924 (11th Cir. 2020) (en banc) ("[W]e are powerless to create jurisdiction by embellishing a deficient allegation of injury.").

*Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 992 (11th Cir. 2022).

As most relevant here, injury-in-fact "is a 'legally protected interest' that is both 'concrete and particularized' and 'actual or imminent.'" *Gardner v. Mutz*, 962 F.3d 1329, 1338 (11th Cir. 2020). "It is not enough that the plaintiff's complaint sets forth facts from which [a court] could imagine an injury sufficient to satisfy Article III's standing requirements." *Tawfeeq v. Duke*, 309 F. Supp. 3d 1350, 1357 (N.D. Ga. 2017) (quoting *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006)). Accordingly, Plaintiff must show that an actual or imminent injury to her is fairly traceable to Freddie Mac and that a declaration by this Court will redress that injury. For the reasons outlined below, the Court finds Plaintiff has failed to meet this burden.

Plaintiff's amended complaint alleges that Freddie Mac "may possibly own or claim an interest in Plaintiff[']s loan," [Doc. 9 at 17 n.7] which interest they may raise in some future proceeding to claim a right to the real property located at 456 North Saint Marys Lane Marietta, GA 30064 (the "Property"), therefore entitling her to a declaration that Freddie Mac "is not entitled to enforce the security deed having failed to establish a complete chain of title and that

5

the note at issue herein is unsecured." [Doc. 9 at 35 ¶ 89]. Plaintiff argues that "Fannie Mae or Freddie Mac purport to be the party who, (if anyone) owns Plaintiff's Note and Security Deed and BONYM's Proof of Claim, having concealed the involvement of the relevant government sponsored entity from this Court in its filings, has failed as a result to establish prudential standing." [Doc. 9 at 13 ¶ 28]. The question constituting the controversy at issue, in Plaintiff's words, is "Was it Fannie Mae or Freddie Mac (the purported purchaser(s) of the loan pursuant to the recitals in the DOJ Settlement Agreement) who assigned the Deed to BONYM?" [Doc. 9 at 34]. Despite the fact that Plaintiff does not have standing to challenge an assignment as a third party to that assignment, the Court will consider whether sufficient facts have been alleged to demonstrate that there is an actual threat of a continued dispute between Plaintiff and Freddie Mac over any interest in the Property. See *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 740, 783 S.E.2d 614, 620–21 (2016).

To date, Freddie Mac has asserted no interest in the Property. Plaintiff alleges that Chandler Thompson, an attorney who has represented BONYM and MERS in this proceeding, has repeatedly insisted in various proceedings in state and federal court that neither Fannie Mae nor Freddie Mac has ever held any interest in the Property. [Doc. 9 at 19 ¶ 48]. Neither entity filed a proof of claim in the Chapter 7 Case.

"The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S. Ct. 1660, 1666 (1983)). Plaintiff's concern that Fannie Mae or Freddie Mac may at some point in the future attempt to assert some kind of interest in the Property is not alone sufficient to satisfy the actual controversy requirement. For these reasons, the Court finds that Plaintiff lacks standing to bring

her claims against Freddie Mac for declaratory judgment as she has failed to demonstrate that an actual or imminent injury to her is fairly traceable to Freddie Mac.

In the absence of a case or controversy that may be redressed by this or any federal court, it necessarily follows that this Court, as a federal court, does not have jurisdiction over this matter under 28 U.S.C. § 1334.

ORDERED that MERS's Motion is GRANTED; it is further,

ORDERED that the claims against Freddie Mac are dismissed as Plaintiff lacks standing to prosecute her claims against Freddie Mac and therefore the Court is without jurisdiction to adjudicate the same.

**END OF ORDER**

## **Distribution List**

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Alan Hurst
Akerman, LLP
170 South Main Street
Suite 275
Salt Lake City, UT 84101

Chandler P. Thompson
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101