*Patricia Jackson v. The Kroger Co.*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number:  23-C-02751-S5*

*Patricia Jackson v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER



2296 Henderson Mill Road
Suite 304, Atlanta GA
Phone: 404-522-1400
Fax: 770-723-9112
Email: bw@callowaylawllc.com

VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED

The Kroger Co.
1014 Vine St.
Cincinnati, OH 45202

Sedgwick Claims Management Services
P.O. Box 14452
Lexington, KY 40512-4452

RE:   UNLIQUIDATED DAMAGES DEMAND

**Client:**           **Patricia Jackson**
**Date of Incident:** **May 02, 2021**
**Claim No.**         **40210SB7G33-0001**

Dear David Lickdyke:

    As you are aware, our firm represents Patricia Jackson in the above referenced matter. The Attorney of record is Bianca W. Calloway. Please be advised that Ms. Jackson has authorized The law office of Bianca W. Calloway to amicably resolve this personal injury claim; therefore, we are sending this demand along with material to support such on her behalf. This demand arises out of a slip and fall in which Patricia Jackson slipped on a wet and slippery substance at the Kroger Store located at 3035 Centerville Hwy, Snellville, GA 30039 on May 02, 2021, between the hours of 10:30 am and 11:30 am. Ms. Jackson has incurred medical bills and special damages as a direct result of the May 2nd, 2022, incident. This demand is made for several reasons:

1. To settle this claim in exchange for the release of The Kroger Co. and Sedgwick, under a general settlement release.

2. To release the claims of general negligence stemming from the May 02, 2021, incident,

3. To settle this personal injury, claim without the necessity of further litigation and the legal expenses that would arise therefrom; and

4. To lay the foundation for obtaining interest, a verdict in excess your insured's liability coverage, and attorney's fees, should The Kroger Co. and Sedgwick, in bad faith, refuse to settle this claim.

It is expressly understood that any and all representations made herein are for the limited purpose of settlement discussions and in no way, may be used in any legal proceeding regarding this matter. Additionally, no settlement shall be binding and effective until it has been reduced to writing and signed by our client Patricia Jackson. In that regard, this letter serves as an unliquidated damage demand and resolution of this matter, with respect The Kroger Co. liability. This offer will remain open for **30 days upon receipt of this letter**.

### FACTS OF THIS ACCIDENT

On May 2, 2021, approximately Between the hour of 10:30 am and 11:30 am, claimant Patricia Jackson was shopping in Kroger when suddenly and without warning she slipped on a wet and slippery substance that had been left on the floor. The impact of the fall caused Ms. Jackson to seriously injure herself. According to all our client and witnesses present near the fall it was caused by the substance that had been left on the shopping floor. The responding Kroger associate also indicated the presence of the substance that caused Ms. Jackson to fall.

## LIABILITY

There is sufficient evidence to support a finding that The Kroger Co. was negligent in causing this incident. All Businesses that invite shoppers onto their premises for the purpose of making a profit owe a higher standard of care to those patrons. That standard of care requires such businesses to keep their premises safe and free from substances and conditions that may cause harm or injury. Here, Defendant The Kroger Co. breached that duty to exercise due care by Failing to remove the substance from the shopping store floor.

## ATLANTA BONE AND JOINT SPECIALISTS

Ms. Jackson presented to Atlanta Bone and Joint after having seen her primary care doctor with complaints of right knee pain. She was subsequently treated for her injuries with a course of physical therapy and pain management which failed. Ms. Jackson was also offered injections that were unsuccessful in treating her knee pain. After significant findings were discovered via MRI by Dr. Nathan Jove she was recommended to have a Synovetomy, abrasion chrondroplasty LFC right knee. She underwent this procedure on 09/30/2021. After receiving postoperative treatment and therapy she was still experiencing pain and was recommended to have a total knee arthroplasty. Ms. Jackson Underwent this procedure on 08/25/2022. Ms. Jackson is still treating for this Knee injury and will require future treatment and care See Atlanta Bone and Joint Specialist records and statement of charges attached as **Exhibit "1"**.

## EMORY DECATUR HOSPITAL

Ms. Jacksons surgical procedures were conducted by Dr. Nathan Jove at Emory Hospital in Decatur. See Emory Decatur Hospital records and statement of charges attached as **Exhibit "2"**.

### ATLANTA REHABILITATION AND PERFORMANCE CENTER

Ms. Jackson presented to Atlanta Rehabilitation and Performance Center on July 21, 2022, for both Rehabilitative treatment to her knee injury and post operative therapy and care. Ms. Jackson is still treating for this Knee injury and will require future treatment and care. See Atlanta Rehabilitation and Performance Center records, and statement of charges attached as **Exhibit "3"**.

### COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act including, but not limited to, the cost of medical services, compensation for pain and suffering, past, present, and future compensation for loss of earnings and the impairment of earning capacity, the permanency of the injuries and disabilities, and compensation for the loss of enjoyment of life. See *Glisson v. Freeman*, 243 Ga. App. 92, 108 (2000). As a result of the wreck, Patricia Jackson sustained the following extensive special damages:

### MEDICAL EXPENSES

| | |
|---|---|
| **Atlanta Bone and Joint Specialist** | $109,970.00 |
| **Emory Decatur Hospital** | $18,752.48. |
| **Atlanta Rehabilitation and Performance Center** | $ 23,892.82 |
| TOTAL | **$152,615.30** |

### PHYSICAL PAIN AND SUFFERING

Ms. Jackson suffered non-economic damages and remains in constant physical pain since the Incident. While having undergone treatment, Ms. Jackson still suffers from pain. Since the collision Ms. Jackson still has been experiencing ongoing knee pain.  Ms. Jackson underwent approximately seven hundred and thirty (730) Substantive days of treatment due to the injuries she sustained in the collision.  The value of pain and suffering is determined by the enlightened conscience of a jury. It would not be unreasonable for a jury to award $500.00 a day for pain and suffering for a total of **$365,000.00** (730 days of treatment x $500.00 a day) alone.

### EMOTIONAL PAIN & SUFFERING

The emotional pain and suffering associated with these circumstances can be far greater than any physical pain and suffering.  It is understandable how injury victims become consumed with thoughts of sadness and helplessness - concerning the wreck, property damage, safety, medical bills, physical pain, scars, and their ability to return to normal. Pain, suffering, and emotional distress are the greatest losses to an injured person.  An injured person suffers, not

only from the physical injuries, but also the uncertainty as to when or whether they will fully recover. An injured person suffers from the stress related with the possibility that their job may be in jeopardy or that they may lose their job due to their injuries, limitations or need to be absent while obtaining medical treatment. When the accident occurred, Ms. Jackson had her own well-being, job, and her family to worry about, causing her to suffer anxiety, stress and difficulty sleeping frequently as a direct result of the May 2nd, 2022, incident.

Pain, suffering, and emotional distress is greater losses than the costs of the medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional, and mental pain and suffering.

As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. Ms. Jackson has been living with this emotional pain since the traumatic experience occurred. Thus, Ms. Jackson has been consumed with emotional pain and suffering for approximately seven hundred and thirty (730) days since the wreck. I place a conservative value of **$146,000.00** (730 days x $200.00 a day) on Ms. Jackson emotional pain and suffering.

### FUTURE PAIN & SUFFERING

In addition, as a direct result of the injuries received in this wreck, Ms. Jackson will suffer from a meaningful loss of his future enjoyment of life. Ms. Jackson still has limited mobility in her back and knee, which has greatly limited her physical well-being and livelihood. Ms. Jackson is a Sixty-nine (69) year old female. She has the rest of her life ahead of her and although she will make her best efforts to live a fruitful life, she will always be burdened by the physical and emotional pain this significant incident has caused her. Thus, as part of this offer of settlement, Ms. Jackson is entitled to compensation for future pain and suffering.

## LOST WAGES

At the time of the accident Ms. Jackson was employed with Pyramid and subsequently has suffered loss wages of $28,100.00. <u>See</u> Loss wage form from Pyramid attached as **Exhibit "4"**.

## TOTAL DAMAGES

| 1 | Medical Expenses | $152,615.30 |
|---|---|---|
| 2 | Physical Pain and Suffering | $365,000.00 |
| 3 | Emotional Pain and Suffering | $146,000.00 |
| 4 | Loss Wage | $28,100.00 |
|   | **TOTAL** | **$691,715.30** |

## UNLIQUIDATED DAMAGES DEMAND AND TIME LIMITED DEMAND

In the spirit of compromise, Patricia Jackson would like to make an offer of settlement. The demand for settlement of all claims against your insured is ***Seven Hundred Thousand Dollars and 00/100 ($700,000.00).*** Please note, this Demand is made for the following reasons:

1. This amount is requested under O.C.G.A. § 9-11-67.1 and the Georgia Unliquidated Damages Interest Act codified at O.C.G.A. § 51-12-14 ("the Act"). Pursuant to the Act, if the amount offered, or the policy limits, is not paid in full within **thirty (30) days** from receipt then, if upon the trial of this case a judgment not less than the sum demanded results, the Plaintiff herein will be entitled to receive interest on the sum demanded at the rate provided by law from the **30th** day following the receipt; and

2. This is a time limited demand under the authority of *Southern General Insurance Company v. Holt*, 200 Ga. App. 759 (1991), 262 Ga. 267 (1992). In the event that The Kroger Co. and Sedgwick Insurance Company does not pay the claim before the time-limit expires, we will proceed with litigation including Sedgwick Insurance Company's bad faith in settlement of this claim and interest on an excess verdict.

## **CONCLUSION**

This notice is sent merely to establish a claim for interest and penalties, and excess over the policy limit recovery, and is not to be construed as legal advice. Bianca W. Calloway represents Patricia Jackson and her interests. This demand is a good faith offer to settle Ms. Jackson's claim for a reasonable and fair amount and to avoid the high cost of a lengthy trial and excess over the policy limit exposure. Please be advised the Bianca W. Calloway is ready and willing to Proceed with litigation if we are unable to reach an amicable agreement. I look forward to hearing from you.

Very truly yours,

Bianca W. Calloway, LLC,