*Patricia Jackson v. The Kroger Co.*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number:  23-C-02751-S5*

*Patricia Jackson v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT B:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS FILED IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

**4/24/2023 3:03 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-02751-S5 |

**Plaintiff(s)**                                   **Defendant(s)**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____            _____
**Case Number**                              **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                          **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**
**4/24/2023 3:03 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____        CIVIL ACTION      **23-C-02751-S5**
                                        NUMBER:_____

                        PLAINTIFF

                VS.

_____

_____

_____

                        DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20\_\_\_\_\_.

                                **Tiana P. Garner**
                                **Clerk of State Court**

                        By_____
                                **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

**4/24/2023 3:03 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PATRICIA JACKSON**<br><br>     **Plaintiff.**<br><br>**vs.**<br><br>**THE KROGER CO.**<br><br><br>     **Defendant.** | <br><br>**CIVIL ACTION**<br>     23-C-02751-S5<br>**FILE NO.:**_____ |

## COMPLAINT

Now comes Patricia Jackson Plaintiff, and makes and files this complaint against defendant

The Kroger Co. as follows:

## PARTIES AND JURISDICTIONAL

### 1.

Plaintiff Patricia Jackson is an individual resident of the state of Georgia and resides at

3125 Village Glen Trail Snellville Georgia 30039 and is subject to the jurisdiction of this court.

### 2.

Defendant The Kroger Co., is incorporated at 1014 Vine St. Cincinnati, OH 45202

and may be served with a copy of the summons and complaint at this address. The registered agent

for the Kroger Co. is CSC of Cobb County, INC. and may be served at 192 Anderson Street SE,

suite 125 Marietta Georgia 30060.

### 3.

Jurisdiction and venue are proper in this court.

## BACKGROUND

4.

On or about May 2nd, 2021, Plaintiff, Patricia Jackson was shopping in her local Kroger when suddenly and without warning she slipped on a watery substance that had been left on the floor.

5.

The impact of the fall caused Ms. Jackson to seriously injure herself.

6.

The responding Kroger associate indicated the presence of the substance that caused Ms. Jackson to fall.

7.

As a result of the collision, Plaintiff suffered multiple injuries to her knees, hips and lower back more specifically but not limited to severe damage to her knee cartilage.

## COUNT 1

## NEGLIGENCE

8.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 7 above as if fully restated.

9.

Defendant was negligent in the following manner:

(a) Falling below the standard of care requires such businesses to keep their premises safe and free from substances and conditions that may cause harm or injury.

(b) Failing to remove the substance from the shopping store floor.

8.

Plaintiff was a victim who in no way caused or contributed to the causing of the incident.

10.

All Businesses that invite shoppers onto their premises for the purpose of making a profit owe a higher standard of care to those patrons. That standard of care requires such businesses to keep their premises safe and free from substances and conditions that may cause harm or injury. Here, Defendant The Kroger Co. breached that duty to exercise due care by Failing to remove the substance from the shopping store floor.

11.

As a result of defendant's negligence plaintiffs suffered multiple injuries to her knees, hips and lower back.

12.

Defendant's negligence is the sole and proximate cause of plaintiffs' Injuries.

**COUNT II**

**ATTORNEY'S FEES AND LITIGATION EXPENSES**

13.

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of the Complaint.

14.

Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, such that plaintiff seeks to recover from Defendant all cost of litigation including Attorney's fees and expenses, pursuant to O.C.G.A §13-6-11 and other applicable law.

15.

Defendant is liable for plaintiff's attorney's fees and litigation expenses under O.C.G.A. §13-6-11 and other applicable law.

WHEREFORE, plaintiffs pray that they have a trial on all issues and judgment against the defendant as follows:

(a)     That Plaintiffs recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiffs recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiffs recover such other and further relief as is just and proper;

(d)     That all expenses of litigation, including attorney's fees be cast against Defendant;

This 21st day of April 2023.

The Law office of Bianca W. Calloway

<u>/S/ Bianca W. Calloway</u>

Georgia bar No. 289913

*Attorney for the Plaintiff*

Bianca W. Calloway

2296 Henderson Mill Road

Suite 304 Atlanta GA, 30345

Office: 404-522-1400

Fax: 678-436-8845

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

**5/23/2023 3:35 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICIA JACKSON, | |
|       Plaintiff, | |
| v. | Civil Action File No. 23-C-02751-S5 |
| THE KROGER CO., | **JURY TRIAL DEMANDED** |
|       Defendant. | |

### DEFENDANT THE KROGER CO.'S DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT BY SPECIAL APPEARANCE

**COMES NOW**, Defendant The Kroger Co., ("Defendant"), by and through undersigned counsel, and hereby files its Defenses and Answer to Plaintiff's Complaint by Special Appearance, showing this Court as follows:

### DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

### SECOND DEFENSE

Plaintiff has not yet perfected service of process upon Defendant and thus Plaintiff's Complaint should be dismissed pursuant to O.C.G.A. §§ 9-11-12(b)(5) and 9-11-4.

### THIRD DEFENSE

Venue is improper.

**FOURTH DEFENSE**

This Court lack personal jurisdiction over Defendant.

**FIFTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the defenses set forth in O.C.G.A. § 9-11-8(c), including the doctrines of estoppel, laches, license, and waiver.

**SIXTH DEFENSE**

Plaintiff's claims for special damages are barred due to Plaintiff's failure to plead such claim(s) with particularity pursuant to O.C.G.A. § 9-11-9(g).

**SEVENTH DEFENSE**

Defendant is not liable to Plaintiff because Defendant did not breach any duty(ies) owed to Plaintiff in relation to the alleged incidents giving rise to Plaintiff's Complaint.

**EIGHTH DEFENSE**

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant, and Plaintiff could have avoided the subject incident by exercising ordinary care.

**NINTH DEFENSE**

Plaintiff's Complaint fails to state a claim or cause of action for attorney's fees and costs upon which relief can be granted against Defendant and should be dismissed accordingly. Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

**TENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive damages, and there is no basis in law or fact for the imposition of punitive damages against Defendant.

**ELEVENTH DEFENSE**

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation; and further reserve the right to amend this Answer to assert such defenses.

**TWELFTH DEFENSE**

In response to the allegations contained in each numbered paragraph of Plaintiff's Complaint, Defendant answers as follows:

**PARTIES AND JURISDICTIONAL**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies that jurisdiction and venue are proper in the State Court of Gwinnett County.

## BACKGROUND

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

## COUNT I – NEGLIGENCE

8.

Defendant incorporates and re-alleges the responses to all the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, which includes subparts (a) through (b).

8. [*sic*]

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 [*sic*] of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

10.

Defendant admits it owes a duty to invitees to exercise ordinary care to keep its premises and approaches safe. Defendant denies any remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## **COUNT II – ATTORNEY'S FEES AND LITIGATION EXPENSES**

13.

Defendant incorporates and re-alleges the responses to all the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## **AD DAMNUM CLAUSE**

Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of Plaintiff's Complaint, including the relief sought in subparts (a) through (d).

**WHEREFORE**, Defendant respectfully requests that:

(a)     Plaintiff's Complaint be dismissed with all costs charged to Plaintiff;

(b)     Defendant Kroger be discharged from the lawsuit with all costs charged to Plaintiff;

(c)     Judgment is rendered in favor of Defendant Kroger and against Plaintiff;

(d)     This matter be tried by a jury of twelve (12) persons regarding any issues not subject to summary adjudication; and

(e)     Defendant has such other and further relief as this Court may deem just and proper.


Respectfully submitted this 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**            */s/ Alexander D. Perwich III*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta    Georgia State Bar No.: 515323
Atlanta, Georgia 30326                   Sarah Raquel L. Lisle
Telephone:    (404) 870-1067             Georgia State Bar No.: 412593
Facsimile:    (404) 870-1030             Alexander D. Perwich III
Email: aperwich@grsmb.com                Georgia State Bar No.: 622240
        ykintner@grsmb.com               *Counsel for Defendant The Kroger Co.*

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court via the Court's electronic filing system and served all parties of record via electronic service to:

Bianca W. Calloway, Esq.
THE LAW OFFICE OF BIANCA W. CALLOWAY
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
*Counsel for Plaintiff*

This the <u>23rd</u> day of <u>May</u>, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.** | ___/s/ Alexander D. Perwich III___ |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:     (404) 870-1067 | Georgia State Bar No.: 412593 |
| Facsimile:     (404) 870-1030 | Alexander D. Perwich III |
| Email: aperwich@grsmb.com | Georgia State Bar No.: 622240 |
|            ykintner@grsmb.com | *Counsel for Defendant The Kroger Co.* |

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

**5/23/2023 3:35 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICIA JACKSON, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-C-02751-S5 |
| THE KROGER CO., | |
| Defendant. | |

### DEFENDANT THE KROGER CO.'S DEMAND FOR TWELVE PERSON JURY

**COMES NOW**, Defendant The Kroger Co., by and through undersigned counsel, and pursuant to O.C.G.A. § 15-12-122(a)(2) hereby demands that this case be tried by a jury of twelve (12) persons.

Respectfully submitted this 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-1067
Facsimile:    (404) 870-1030
Email: aperwich@grsmb.com
          ykintner@grsmb.com

*/s/ Alexander D. Perwich III*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sarah Raquel L. Lisle
Georgia State Bar No.: 412593
Alexander D. Perwich III
Georgia State Bar No.: 622240
*Counsel for Defendant The Kroger Co.*

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court via the Court's electronic filing system and served all parties of record via electronic service to:

Bianca W. Calloway, Esq.
THE LAW OFFICE OF BIANCA W. CALLOWAY
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
*Counsel for Plaintiff*

This the 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-1067
Facsimile:    (404) 870-1030
Email: aperwich@grsmb.com
         ykintner@grsmb.com

*/s/ Alexander D. Perwich III*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sarah Raquel L. Lisle
Georgia State Bar No.: 412593
Alexander D. Perwich III
Georgia State Bar No.: 622240
*Counsel for Defendant The Kroger Co.*

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02751-S5**
**5/23/2023 4:23 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICIA JACKSON, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-C-02751-S5 |
| THE KROGER CO., | |
| Defendant. | |

## DEFENDANT THE KROGER CO.'S MOTION TO DISMISS

**COMES NOW**, Defendant The Kroger Co., ("Kroger"), by and through undersigned counsel, and hereby files this Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5), respectfully showing this Court as follows:

1.

This is a personal injury action arising from an alleged slip-and-fall accident, which allegedly occurred on May 2, 2021, at the Kroger store located at 3035 Centerville Highway, Snellville, Georgia 30039.

2.

Plaintiff Patricia Jackson ("Jackson") filed her Complaint with the Clerk of State Court of Gwinnett County on April 24, 2023.

3.

The Clerk of State Court of Gwinnett County issued summons and filed the same on April 24, 2023.

4.

The relevant two-year statute of limitation expired on May 2, 2023.

5.

As of the date of this Motion, Kroger has not been personally served with the Summons or Complaint.

6.

As of the date of this Motion, the docket contains no affidavit of service evidencing personal service upon Kroger prior to the filing of this Motion.

7.

Twenty (20) days have elapsed since the statute of limitation expired on May 2, 2023, without service of process being perfected upon Kroger.

8.

"Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014).

9.

"When there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." DeJarnette Supply Co. v. F. P. Plaza, Inc., 229 Ga. 625, 625 (1972).

10.

There is no record evidence to show Plaintiff personally served upon Kroger the Summons and Complaint, nor any record evidence to show Plaintiff exercised any diligence to perfect such service.

11.

For these reasons, and the reasons provided in the supporting brief filed simultaneously herewith, Kroger respectfully requests the Court to dismiss the instant action against Kroger with prejudice.

Respectfully submitted this 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-1067
Facsimile:      (404) 870-1030
Email: aperwich@grsmb.com
         ykintner@grsmb.com

*/s/ Alexander D. Perwich III*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sarah Raquel L. Lisle
Georgia State Bar No.: 412593
Alexander D. Perwich III
Georgia State Bar No.: 622240
*Counsel for Defendant The Kroger Co.*

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed a true and correct copy of the foregoing **MOTION TO DISMISS** with the Clerk of Court via the Court's electronic filing system and served all parties of record via electronic service to:

Bianca W. Calloway, Esq.
THE LAW OFFICE OF BIANCA W. CALLOWAY
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
*Counsel for Plaintiff*

This the 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-1067
Facsimile:     (404) 870-1030
Email: aperwich@grsmb.com
          ykintner@grsmb.com

*/s/ Alexander D. Perwich III*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sarah Raquel L. Lisle
Georgia State Bar No.: 412593
Alexander D. Perwich III
Georgia State Bar No.: 622240
*Counsel for Defendant The Kroger Co.*

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-02751-S5
5/23/2023 4:23 PM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

PATRICIA JACKSON,

     Plaintiff,

v.

THE KROGER CO.,

     Defendant.

Civil Action File No. 23-C-02751-S5

**DEFENDANT THE KROGER CO.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**COMES NOW**, Defendant The Kroger Co., ("Kroger"), by and through undersigned counsel, and hereby files this Brief in Support of its Motion to Dismiss, respectfully showing this Court as follows:

## I.   INTRODUCTION

Pursuant O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5), Kroger moves this Court for an order dismissing Plaintiff's Complaint due to Plaintiff's failure to perfect service of process upon Kroger in accordance with O.C.G.A. § 9-11-4. The underlying lawsuit is a personal injury action arising out of an alleged slip-and-fall at a Kroger store on May 2, 2021, and the statute of limitation expired May 2, 2023 (the "SOL"). See O.C.G.A. § 9-3-33. Although Plaintiff filed the Complaint before the SOL expired, Plaintiff has not yet personally served Kroger with the Summons and Complaint or obtained a waiver, which precludes this Court from exercising personal jurisdiction over Kroger. As such, the dismissal of Plaintiff's Complaint against Kroger is proper in this instance. See Griffin v. Trinidad, 357 Ga. App. 492, 494-95 (2020); see also DeJarnette Supply Co. v. F. P. Plaza, Inc., 229 Ga. 625, 625 (1972).

## II.    STATEMENT OF FACTS

Plaintiff filed her Complaint on April 24, 2023, wherein Plaintiff alleged she slipped and fell at a Kroger store on May 2, 2021. That same day, the Clerk of Court issued a summons directed to Kroger. In the Complaint, Plaintiff properly identified Kroger's registered agent and its location. (Pl.'s Compl. ¶ 2.) Nevertheless, twenty-one (21) days have elapsed since the SOL expired on May 2, 2023, and Plaintiff has not yet personally served Kroger with the Summons and the Complaint, (Ex. A, Docket Dated May 23, 2023), or otherwise obtained a waiver from Kroger.

## III.    ARGUMENT AND CITATION TO AUTHORITY

### A.    The Complaint Should Be Dismissed Because Plaintiff Failed to Perfect Service of Process Upon Kroger Pursuant to O.C.G.A. § 9-11-4.

The Complaint should be dismissed because, despite the SOL expiring on May 2, 2023, Plaintiff has not yet perfected service of the Summons and Complaint upon Kroger or otherwise obtained a waiver. Under O.C.G.A. § 9-11-4(c), "[w]hen service is to be made . . . the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." Griffin 357 Ga. App. at 495. If "a complaint is filed near the statute of limitation, and service is made after the statute expires and after the five-day safe harbor provision . . . the relation back of the service to the date of filing is dependent upon the diligence exercised by plaintiff in perfecting service," which Plaintiff bears the burden of showing. See id. Thus, if Plaintiff cannot show any diligent efforts to ensure proper service upon Kroger as quickly as possible after May 2, 2023, then dismissal of the Complaint is proper. See id.

In the instant case, Plaintiff cannot show any diligent efforts to ensure proper service of process upon Kroger after to the SOL expired, as there is nothing in the record to show Plaintiff

made any attempt(s) to serve Kroger to date in this case. From May 2, 2023, until the date of this filing, Plaintiff had a duty to act reasonably and diligently to ensure that service of process was perfected upon Kroger as quickly as possible in lieu of the SOL expiring. See id. Despite obtaining an issued summons directed to Kroger and knowing the identity and location of Kroger's registered agent, Plaintiff has not made any attempt to serve Kroger with the Summons and Complaint in this case. There being no legal service on Kroger and no waiver of service, this Court "has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." DeJarnette Supply Co., 229 Ga. at 625.

## IV.     CONCLUSION

For the reasons provided above, Kroger respectfully requests that this Court grant this Motion to Dismiss.

Respectfully submitted this 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**                    /s/ Alexander D. Perwich III
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.               Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia State Bar No.: 515323
Atlanta, Georgia 30326                        Sarah Raquel L. Lisle
Telephone:     (404) 870-1067                 Georgia State Bar No.: 412593
Facsimile:     (404) 870-1030                 Alexander D. Perwich III
Email: aperwich@grsmb.com                     Georgia State Bar No.: 622240
        ykintner@grsmb.com                    *Counsel for Defendant The Kroger Co.*

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court via the Court's electronic filing system and served all parties of record via electronic service to:

Bianca W. Calloway, Esq.
THE LAW OFFICE OF BIANCA W. CALLOWAY
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
*Counsel for Plaintiff*

This the 23rd day of May, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-1067
Facsimile:    (404) 870-1030
Email: aperwich@grsmb.com
          ykintner@grsmb.com

*/s/ Alexander D. Perwich III*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sarah Raquel L. Lisle
Georgia State Bar No.: 412593
Alexander D. Perwich III
Georgia State Bar No.: 622240
*Counsel for Defendant The Kroger Co.*

# EXHIBIT A

## Case Information

# JACKSON VS KROGER CO

23-C-02751-S5

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Gwinnett - State Court | Civil | Tort - General | 4/24/2023 |

| Judge | Case Status | | |
|---|---|---|---|
| Dove, Erica K. | Open (Pending) | | |

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | PATRICIA JACKSON | | BIANCA CALLOWAY |
| Defendant | KROGER CO | | Pro Se |

## Events 4

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 4/24/2023 | Filing | Summons | | Summons Gwinnett State Court.pdf |
| 4/24/2023 | Filing | Complaint with Jury Demand | | PATRICIA JACKSON COMPLAINT 2.pdf |
| 4/24/2023 | Filing | General Civil/Dom Relations Case Filing Form | | General Civil/Dom Relations Case Filing Form.pdf |
| 4/24/2023 | Filing | General Civil/Dom Relations Case Filing Form | | General Civil/Dom Relations Case Filing Form.pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved

Version: 2023.5.0.29


EMPOWERED BY
TYLER TECHNOLOGIES

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02751-S5**
**5/23/2023 2:52 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PATRICIA JACKSON**<br><br>        **Plaintiff.**<br><br>**vs.**<br><br>**THE KROGER CO.**<br><br><br>        **Defendant.** | <br><br><br>**CIVIL ACTION**<br><br>**FILE NO.: 23-C-02751-S5** |

## <u>MOTION TO WITHDRAWAL AS COUNSEL</u>

COMES NOW Bianca w. Calloway of Bianca W. Calloway LLC, counsel of record. For Patricia Jackson, plaintiff in the above-styled action, and moves this court, pursuant to Uniform State Court Rule 4.3, for an order permitting the withdrawal of such counsel from this action. Counsel has given her client written notice of such intent to withdraw. A notice of withdrawal has been executed, filed with the clerk of court and mailed to the client and is attached as Exhibit "A". Furthermore, counsel has served notice of the intent to withdraw to opposing counsel and clerk of court.

This 22nd day of May 2023.

Respectfully submitted,

Bianca W. Calloway, LLC

<u>/S/ Bianca W. Calloway</u>

Georgia bar No. 289913

*Attorney for Plaintiff*

2296 Henderson Mill Road

Suite 304 Atlanta GA, 30345

Office: 404-522-1400

Fax: 678-436-8845

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

**5/23/2023 2:52 PM**

TIANA P. GARNER, CLERK

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing MOTION TO

WITHDRAWAL AS COUNSEL by depositing same in the United States Mail in a properly

addressed envelope with adequate postage thereon to:

David Lickdyke, Claims Representative Sedgwick Claims Management Services, Inc.

P.O. Box 14452 Lexington, KY 40512-4452

This 22nd day of May, 2023.

/S/ Bianca W. Calloway

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02751-S5**

Exhibit A

**5/23/2023 2:52 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PATRICIA JACKSON** | |
| **Plaintiff.** | |
| **vs.** | **CIVIL ACTION** |
| **THE KROGER CO.** | **FILE NO.: 23-C-02751-S5** |
| **Defendant.** | |

## NOTICE OF WITHDRAWAL AS COUNSEL

TO:   PATRICIA JACKSON                    VIA CERTIFIED MAIL

3125 VILLAGE GLEN TRAIL                    ARTICLE NO.

SNELLVILLE GEORGIA 30039                    RETURN RECEIPT REQUESTED


In accordance with Uniform State Court Rule 4.3, you are hereby notified that Bianca W. Calloway of Bianca W. Calloway LLC, is withdrawing as counsel in the above-styled action. Furthermore, in accordance with rule 4.3 you are further notified of the following:


1.


Counsel notified the plaintiff of the intent to withdraw from this case by certified mail/ return receipt sent to Patricia Jackson at 3125 Glen Trail Snellville, Georgia 30039 on May 22nd, 2023.

2.

The above-referenced court will retain jurisdiction of this action. You will have the burden of keeping the court informed respecting where notices, pleadings or other papers may be served.

3.

You will have the obligation to prepare for trial or retain counsel to prepare for trial when the trial date has been set.

4.

If you fail or refuse to meet theses burdens you may suffer adverse consequences, including dismissal of your complaint and imposition of attorneys' fees and cost against you in favor of the opposing side.

5.

The dates of any scheduled proceedings, including trial, will not be delayed, or affected by this withdrawal.

6.

Service of future notices will be made upon you at your last known address at 3125 Glen Trail Snellville, Georgia 30039, telephone number 404-604-9753

7.

You have the right to object within 10 days of the date of this notice if you have a valid reason to do so.

This 22nd day of May, 2023.

Respectfully submitted,

Bianca W. Calloway

<u>/S/ Bianca W. Calloway</u>

Georgia bar No. 289913

2296 Henderson Mill Road

Suite 304 Atlanta GA, 30345

Office: 404-522-1400

Fax: 678-436-8845

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02751-S5
5/23/2023 2:52 PM
TIANA P. GARNER, CLERK

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing NOTICE OF

WITHDRAWAL AS COUNSEL by depositing same in the United States Mail in a properly

addressed envelope with adequate postage thereon to:


David Lickdyke, Claims Representative Sedgwick Claims Management Services, Inc.

P.O. Box 14452 Lexington, KY 40512-4452


This 22nd day of May, 2023.

/S/ Bianca W. Calloway