## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **Greenfield World Trade, Inc. dba The Legacy Companies**<br><br>**Plaintiff,**<br><br>v.<br><br>**Discount Bandit, LLC,**<br><br><br>**Defendant.** | Case No.:<br><br>Judge: |

## COMPLAINT

Plaintiff Greenfield World Trade, Inc. dba The Legacy Companies ("Plaintiff" or "Legacy") files this Complaint against Defendant Discount Bandit, LLC ("Defendant" or "Discount Bandit") for the federal intellectual property violations and Georgia statutory and common law unfair trade and competitive practices described below that have injured Plaintiff.

## PARTIES

1.      Legacy is a Florida company with its principal place of business located at 3355 Enterprise Ave, Suite 160, Fort Lauderdale, FL, 33331-3524.

94724652.1

2.     Discount Bandit is a Georgia limited liability company with its principal place of business located at 245 N. Highland Ave. Suite 230, Atlanta, GA 30307.

## JURISDICTION AND VENUE

3.     This is a civil action (a) arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. ("Lanham Act") for trademark counterfeiting and trademark infringement (15 U.S.C. § 1114 and § 1125(a)); (b) under the United States Copyright Act (17 U.S.C. § 101, *et seq*.) for copyright infringement; (c) under the Georgia Uniform Deceptive Trade Practices Act (OCGA §§ 10-1-370, *et seq*.); and (d) under Georgia common law for unfair competition.

4.     This action arises under 15 U.S.C. §§ 1114 and 1125 (a) & (d), 17 U.S.C. § 101, *et seq*., and under the statutory and common law of the State of Georgia. This Court has subject matter over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), 17 U.S.C. § 101, *et seq* (Copyright Act claim), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims).

5.     Venue is proper in this District under 28 U.S.C. §1391 because Defendant resides within this District, because Defendant is subject to the Court's

personal jurisdiction with respect to this action, and because a substantial part of the events giving rise to the claims alleged occurred in this District.

<u>**FACTS**</u>

<u>**Legacy Overview**</u>

6.      Legacy designs, manufactures, distributes and markets, nationally and internationally, a diverse portfolio of food service and kitchen products under a well-established and famous family of brands, such as but not limited to Omega, Vinotemp®, Vinturi®, and West Bend®.

7.      Legacy, through the websites for its various brands, advertises its products, including through photographs of Legacy's vast array of quality and well-regarded food service and kitchen products. These websites include, but are not limited to:   westbend.com, vinturi.com, vinotemp.com, and omegajuicers.com (collectively, "Legacy Websites").

8.      Legacy has invested considerable dollars and resources to obtain, protect, and enforce the intellectual property rights related to each of its brands, including its trademarks and copyrights.

<u>**Discount Bandit Overview**</u>

9.      Discount Bandit is in the business of selling products via the internet. According to Discount Bandit's website, located at www.discountbandit.com

("Discount Bandit Website"), the company "help[s] shoppers save money by connecting them with retailers and manufacturers who sell top-brand items at a discount, so shoppers can purchase what they want at an amazing price. . . . Discount Bandit acts as your personal deal seeker, negotiating savings on over 5 million products from our network of sellers." *See* https://www.discountbandit.com/about-us.html (last visited May 7, 2023).

10.     The Discount Bandit Website adds, "Here's how it works. You agree to buy an item on discountbandit.com. We match you with a retailer or manufacturer who sells and ships the item at a discounted price.  Yeah, you have to wait a bit longer to get the items. And that's right, rarely the deal may not work out if the item sells out quickly or there is some snafu with the seller since we rely on a network of suppliers to process and fulfill your order. Otherwise you will get an amazing deal!" *Id.*

**Legacy Trademarks and Discount Bandit's use of same**

11.     Below is a list of the United States federally registered Legacy trademarks relevant to this action ("Legacy Marks").

| Trademark | Registration Number | Goods |
|---|---|---|
| OMEGA | 1844118 | Class 7: electric juice extractors |
| VINTURI | 3353903 | Class 21: Aeration devices, namely hand-operated aerators, decanters, funnels, and pourers for facilitating the aeration of wine prior to consumption |
|  | 5075282 | Class 21: Wine aerators |
|  | 6481491 | Class 21: Wine aerators |
|  | 4873823 | Class 21: Wine aerators |
| VINOTEMP | 1822580 | Class 11: temperature and/or humidity control systems, cooling and/or humidity units for wine cellars and wine storage unit systems having temperature and humidity automatically controlled;<br><br>Class 20: wine cellars, wine storage systems, specifically, storage facilities ranging from walk in facilities to small storage lockers (1 cubic foot)<br><br>Class 21: wine racks |
| WEST BEND | 1846660 | Class 11: electric household appliance; namely, automatic bread and dough maker |

| WEST BEND | 635121 | Class 21: ELECTRIC ROASTERS, ELECTRIC SKILLETS, ELECTRIC MIXERS, AND ELECTRIC WATER HEATERS |
|---|---|---|
| WEST BEND | 6159731 | Class 7: Electric juicers; Electric food blenders; Electric food blenders<br><br>Class 11: Air fryers; Deep fryer, electric; Deep fryers, electric; Deep fat fryers; Electric fryers; Electric deep fryers; Oil-free electric fryers |

12.     Discount Bandit has been displaying the Legacy Marks and products connected to those marks on the Discount Bandit Website.

13.     Exhibit 1 contains website captures of the Discount Bandit Website displaying the Legacy Marks in connection with Legacy products advertised, distributed, and sold through the Discount Bandit Website ("Legacy Products").

**Legacy Copyrights and Discount Bandit's use of same**

14.     Legacy owns the product photographs identified in Exhibit 1 ("Legacy Product Photographs").

15.     Discount Bandit has been displaying the Legacy Product Photographs on the Discount Bandit Website.  *See* Ex. 1.

**CAUSE OF ACTION I**
**TRADEMARK COUNTERFEITING**
**(Lanham Act Section 32 (15 U.S.C. § 1114)**

16.    Legacy incorporates the foregoing paragraphs by reference as though fully set forth herein.

17.    Legacy owns all rights, title and interest in and to the Legacy Marks and the Legacy Marks are protected under the Lanham Act.  Exhibit 2 contains the federal trademark registrations for the Legacy Marks.

18.    The Legacy Marks are highly distinctive and Legacy's goodwill associated with them in the United States is of great value to Legacy, the holder of the marks.  The Legacy Marks are associated in the mind of the consumer with food service and kitchen products of high quality and reputation.

19.    With knowledge of Legacy's well-known prior rights in the Legacy Marks, Discount Bandit reproduced, counterfeited, and copied the Legacy Marks in connection with Discount Bandit's sale, distribution, and advertising of products, including on information and belief, the sale, distribution, and advertising of counterfeit products to consumers in direct competition with Legacy and in the stream of interstate commerce.

20.    On information and belief, Discount Bandit sold, distributed, and advertised the Legacy Marks counterfeit products nationally and continuously on the Discount Bandit Website.  To that end, Discount Bandit used Legacy's advertising materials and Legacy Marks.  Discount Bandit continues these practices to this day.

21.    Discount Bandit has counterfeited and infringed the Legacy Marks. Discount Bandit's reproduction, counterfeiting, and copying of the Legacy Marks was without Legacy's authorization or consent.

22.    Discount Bandit's use of the Legacy Marks in advertising, distributing, and selling on the Discount Bandit Website, on information and belief, counterfeit product, caused confusion, mistake, and deception among consumers as to the origin of Legacy's products, and likely deceived consumers into believing Discount Bandit's reproduced, counterfeited, and copied products originate from, are associated with, or are otherwise authorized by Legacy.

23.    Discount Bandit's unauthorized and knowing conduct has substantially and irreparably damaged Legacy and consumers and has been to the detriment of Legacy's reputation, goodwill, and profits. Accordingly, Discount Bandit's reproductions, counterfeits, and copies of the Legacy Marks violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24.    Further, Discount Bandit's unauthorized use of the Legacy Marks, on information and belief, in connection with counterfeit product, has allowed Discount Bandit to unfairly benefit from Legacy's advertising and promotional activity, and allowed Discount Bandit to unfairly profit from Legacy's reputation, including as established through the  Legacy Marks.

25.    Discount Bandit's acts demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Legacy Marks to Legacy's substantial and irreparable injury.  In committing these wrongs, Discount Bandit acted willfully within the meaning of 15 U.S.C. § 1117(c)(2).

26.    On information and belief, Discount Bandit made substantial profits because of its infringement of the Legacy Marks in connection with counterfeit product, to which Discount Bandit is not entitled in law or equity.

27.    On information and belief, Discount Bandit intends to continue infringing the Legacy Marks, including through counterfeiting, unless restrained by this Court.

28.    On information and belief, Discount Bandit's infringement, including through counterfeiting, has and will continue to damage Legacy, and Legacy has no adequate remedy at law.

29.    Discount Bandit misappropriated Legacy's advertising ideas and promoted the Legacy Marks on the www.discountbandit.com website.  Moreover, the advertising injury to Legacy arises out of Bandit's advertising activities.

## CAUSE OF ACTION II
## FEDERAL TRADEMARK INFRINGEMENT
(Lanham Act Section 32 (15 U.S.C. § 1114))

30.     Legacy incorporates the foregoing paragraphs by reference as though fully set forth herein.

31.     Discount Bandit, without Legacy's consent, adopted and used the Legacy Marks in interstate commerce in connection with its online sales, distribution, and advertising through the Discount Bandit Website.

32.     Discount Bandit's adoption and use of the Legacy Marks has caused confusion, deception, and mistake by creating the false and misleading impression that Discount Bandit's products and/or Legacy Products that Discount Bandit sells or distributes through the Discount Bandit Website originated from Legacy, were associated or connected with Legacy, or were offered to consumers with Legacy's sponsorship, endorsement, or approval.

33.     Discount Bandit's adoption and use of the Legacy Marks caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among consumers.

34.     Discount Bandit's adoption and use of the Legacy Marks caused, and will continue to cause immediate and irreparable injury to Legacy's goodwill and reputation as developed and symbolized by the Legacy Marks.

35.     Legacy has no adequate remedy at law to address these injuries.

36.     At the time Discount Bandit adopted and used the Legacy Marks, Discount Bandit knew Legacy owned the Legacy Marks and that Legacy had used the Legacy Marks in connection with the sale of food service and kitchen products.

37.     Discount Bandit's adoption and use of the Legacy Marks were done with intentional, willful, and malicious intent to trade on the goodwill associated with the Legacy Marks.

38.     Discount Bandit's adoption and use of the Legacy Marks caused actual confusion among consumers and deceived and misled consumers regarding the source, sponsorship, authenticity and quality of products connected to the Legacy Marks and offered for sale on Discount Bandit's Website.

39.     Discount Bandit's intent in using the Legacy Marks was to confuse, deceive and mislead consumers.

40.     Because of Discount Bandit's misconduct and the resulting injury Legacy has suffered and will continue to suffer unless Discount Bandit is enjoined from continuing the misconduct, Legacy is entitled to injunctive relief and to recover Discount Bandit's profits, actual damages, trebled profits and actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

41.    Discount Bandit misappropriated Legacy's advertising ideas and promoted the Legacy Marks on the Discount Bandit website.   Moreover, the advertising injury to Legacy arises out of Bandit's advertising activities.

## CAUSE OF ACTION III
## COPYRIGHT INFRINGEMENT
(Copyright Act 17 U.S.C. § 101, et seq. )

42.    Legacy incorporates the foregoing paragraphs by reference as though fully set forth herein.

43.    Legacy owns the Legacy Product Photographs.

44.    Legacy Product Photographs are duly registered with the United States Copyright Office ("Legacy Copyrights").  *See* Exhibit 3.

45.    Discount Bandit displayed the Legacy Product Photographs on the Discount Bandit Website.

46.    Discount Bandit displayed the Legacy Product Photographs without Legacy's authorization or consent.

47.    Discount Bandit, by displaying the Legacy Product Photographs, violated Legacy's exclusive rights in the Legacy Copyrights.  Specifically, Discount Bandit accessed the Legacy Product Photographs through the Legacy Websites and then used, without Legacy's permission, the same photographs on the Discount Bandit Website.

48.    There is no legal justification for Discount Bandit's unauthorized use of the Legacy Product Photographs.

49.    Discount Bandit's use of the Legacy Copyrights are and were intentional and willful.

50.    Discount Bandit's acts of copyright infringement resulted from Discount Bandit's unlawful, widespread and national advertising activities directed to consumers.   Discount Bandit designed, intended, and instituted the acts of copyright infringement to promote, through the Discount Bandit Website, counterfeit (on information and belief) and infringing products to Legacy's detriment.

51.    Legacy used the Legacy Product Photographs to advertise Legacy's brands and products.   Discount Bandit misappropriated Legacy's advertising by promoting counterfeit and infringing products using the Legacy Product Photographs.   Moreover, the advertising injury to Legacy arises from Discount Bandit's advertising activities.

52.    Discount Bandit has displayed and continues to display the Legacy Product Photographs as of the filing of this Complaint.

53.    Discount Bandit's acts of copyright infringement have caused damage to Legacy in an amount to be proved at trial.

## CAUSE OF ACTION IV
## VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (OCGA § 10-1-372)

54.     Legacy incorporates paragraphs 1 – 13 and 17 – 29 by reference as though fully set forth herein.

55.     The Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") states a "person engages in a deceptive trade practice when, in the course of his business" he or she, inter alia, "(1) Pass off goods or services as those of another; (2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with … another … (5) Represents that goods or services have sponsorship [or] approval … they do not have … or (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."  OCGA § 10-1-372.

56.     Discount Bandit is a business, and in the course of that business uses the Discount Bandit Website to advertise, distribute and sell goods to consumers.

57.     Discount Bandit uses the Legacy Marks on the Discount Bandit Website to sell products to consumers.  Discount Bandit engages in these consumer-facing business practices without Legacy's consent, authorization, or permission.

58.    In using the Legacy Marks on the Discount Bandit Website in connection with the sale of the Legacy Products, Discount Bandit has caused and likely will continue to cause confusion or misunderstanding as to the source, sponsorship or approval of the products that Discount Bandit advertises, distributes, and sells.  Consumers see on the Discount Bandit Website the Legacy Marks in connection with the offering of products and are led to believe Discount Bandit has Legacy's authorization to sell these products under the Legacy Marks.  Discount Bandit has misled those consumers; it does not have authorization to sell these products under the Legacy Marks.

59.    Similarly, in using the Legacy Marks on the Discount Bandit Website in connection with the sale of the products, Discount Bandit is representing to consumers that it is offering the products offered on the Discount Bandit Website under the sponsorship or approval of Legacy.  This representation is false.  Again, Legacy has never approved or sponsored Discount Bandit's use of the Legacy Marks or Discount Bandit's business practices related to the use of the Legacy Marks in connection with the sale of products on the Discount Bandit Website.

60.    Further, in using the Legacy Marks on the Discount Bandit Website in connection with the sale of products, Discount Bandit has caused and likely will continue to cause confusion or misunderstanding as to Discount Bandit's affiliation,

connection, or association with Legacy. Consumers see the Legacy Marks in connection with the offering of products and are led to believe that Discount Bandit is associated with Legacy such that Discount Bandit can sell Legacy Products. Discount Bandit has misled those consumers; it is not associated with Legacy.

61.     Discount Bandit's use of the Legacy Marks in connection with the sale of products has caused, and will continue to cause immediate and irreparable injury to Legacy's goodwill and reputation if Discount Bandit's continuing conduct is not enjoined. Legacy has no adequate remedy at law to otherwise address this harm.

62.     As a result of Discount Bandit's violation of the GUDTPA, Legacy is entitled to a permanent injunction enjoining and restraining Discount Bandit from engaging in the above-mentioned acts.

63.     Discount Bandit, in knowingly using the Legacy Marks without Legacy's consent, authorization, or permission, has been and continues to willingly and intentionally engage in unlawful behavior, namely the knowing and deceptive use of the Legacy Marks in connection with Discount Bandit's sale of product. Accordingly, Legacy also is entitled to recover its reasonable costs of suit and attorney's fees. OCGA § 10-1-372(b)(2).

## CAUSE OF ACTION V
## COMMON LAW UNFAIR COMPETITION

64.     Legacy incorporates paragraphs 1 – 13, 17 – 29, and 54 – 63 by reference as though fully set forth herein.

65.     Legacy owns all rights, title and interest in and to the Legacy Marks. To protect its interest in the Legacy Marks and to use that interest to enhance the goodwill, reputation, and business of Legacy, Legacy deploys a sales and distribution system that includes the use of the Legacy Marks in conjunction with authorized resellers to promote and sell Legacy Products.

66.     Discount Bandit, through its use of the Legacy Marks and connected sales of Legacy Products, is competing with Legacy in the sale of food service and kitchen products.  In using the Legacy Marks without consent, Discount Bandit is unlawfully undermining and injuring Legacy's business.

67.     The injuries Discount Bandit has and is inflicting on Legacy also harm consumers.  Discount Bandit's use of the Legacy Marks in connection with the sale of the products has caused and is likely to continue to cause consumers to confuse and misunderstand the distinction between the businesses of Discount Bandit and Legacy and the products they sell.

68.     Through the use of the Legacy Marks on the Discount Bandit Website and connected sales of the products, Discount Bandit misleads consumers to believe that Discount Bandit is lawfully associated, affiliated, or connected with Legacy,

and that Discount Bandit is endowed with the sponsorship, endorsement, or approval of Legacy.

69.    In other words, Discount Bandit is passing itself off as Legacy's authorized sales representative acting for Legacy, which in turn leads consumers to erroneously presume that a sale by Discount Bandit of the Legacy Products is, in effect, a sale by Legacy.

70.    Discount Bandit has caused and is likely to continue to cause substantial injury to the public and to Legacy unless Discount Bandit is enjoined from continuing its unlawful business practices.  Legacy is entitled to injunctive relief and to recover actual damages from Discount Bandit.

71.    Discount Bandit's wrongful, tortious conduct was willful, wanton, reckless or entirely indifferent to the consequences of actions on the rights of Legacy, warranting an award of exemplary and punitive damages under Georgia statutory and common law.  *See* OCGA § 51-12-5.1.

## **PRAYER**

**WHEREFORE**, Legacy prays the Court enter judgment in its favor and award them relief as follows:

1.    That, pursuant to federal and state law and in equity, the Court permanently restrain and enjoin Discount Bandit, its agents, servants, employees, and

other person in active concert with Discount Bandit from any and all further use of the Legacy Marks and any other names or marks confusingly similar to the Legacy Marks;

2. That, pursuant to federal and state law and in equity, the Court permanently restrain and enjoin Discount Bandit, its agents, servants, employees, and other person in active concert with Discount Bandit from any and all further use of the Legacy Product Photographs and require all Discount Bandit advertisements that use the Legacy Product Photographs be destroyed;

3. That, pursuant to federal and state law and in equity, the Court permanently restrain and enjoin Discount Bandit, its agents, servants, employees, and other person in active concert with Discount Bandit from making false, misleading and deceptive advertisements, and remove from the Discount Bandit Website all uses of the Legacy Marks and the Legacy Product Photographs;

4. That, pursuant to 15 U.S.C. § 1116, Discount Bandit be directed to file with the Court and serve upon Legacy within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail

the manner and form in which Discount Bandit complied with the injunctions ordered by this Court in this proceeding;

5. That, pursuant to federal and state law and in equity, the Court order Discount Bandit to take steps to inform its current and past customers or other people confused by Discount Bandit's unlawful practices found by this Court that Legacy is not affiliated with Discount Bandit or responsible for Discount Bandit's obligations;

6. That, pursuant to 15 USC § 1117(a), Legacy be awarded all damages incurred as a direct and proximate cause of Discount Bandit's unlawful conduct as well as any profits earned by Discount Bandit attributable to the unlawful conduct alleged herein;

7. That Legacy recover from Discount Bandit exemplary and punitive damages, based on its willfulness and/or reckless indifference to Legacy's trademark and/or competitive rights, available under Georgia common law and OCGA § 51-12-5.1;

8. That Legacy recover the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

9.  That Discount Bandit pay Legacy's reasonable attorneys' fees, based on its willful and deliberate conduct in this exceptional case pursuant to 15 U.S.C. § 1117(a);

10. That Discount Bandit pay Legacy's reasonable attorneys' fees and costs based on its willful violation of OCGA § 10-1-372, as provided for by OCGA § 10-1-372(b)(2)

11. That Legacy be awarded either: a) Legacy's actual damages and Discount Bandit's profits, gains or advantages of any kind attributable to Defendants' infringement of the Legacy Copyrights; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

12. That Discount Bandit be required to account for all profits, income, receipts, or other benefits derived by Discount Bandit as a result of its unlawful conduct;

13. That Legacy be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

14. That Legacy be awarded its actual damages based on Discount Bandit's unfair competition under Georgia common law;

15. That Legacy be awarded prejudgment interest;

16. That Legacy be awarded post-judgment interest;

17. That the Court grant Legacy such other and further relief as the Court may

deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Legacy respectfully demands a trial by jury

of all issues so triable by a jury.

DATED: May 24, 2023                    Respectfully submitted,


s/ *Joelle C. Sharman*
Joelle C. Sharman
LEWIS BRISBOIS BISGAARD &
SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, GA  30308
Tel. 404.567.6585
Fax 404.467.8845
Joelle.Sharman@lewisbrisbois.com

Attorney for Plaintiff Greenfield World
Trade, Inc. dba The Legacy Companies