# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC. D/B/A INTEGRATED SPORTS MEDIA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LA BRASA RUSTICA RESTAURANT LLC D/B/A LA BRASA RUSTICA &**<br>**EVA QUINTANILLA,**<br><br>**Defendants.** | Case No.<br>_____ |

## COMPLAINT FOR DAMAGES

### Designation: Property Rights

### Jurisdiction

1. Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length.  The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## Venue

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## The Parties

5.     The Plaintiff, Innovative Sports Management, Inc. d/b/a Integrated Sports Media ("Plaintiff"), is and at all relevant times mentioned was a New Jersey corporation with its principal place of business located at 64 North Summit Street, Suite 218, Tenafly, New Jersey 07670.

6.  Defendant La Brasa Rustica Restaurant LLC d/b/a La Brasa Rustica ("La Brasa Rustica") is a Georgia corporation with its principal place of business located at 4175 Pleasant Hill Road, Duluth, Georgia 30096, and its registered agent's address at 4175 Pleasant Hill Road, Duluth, Georgia 30096.  La Brasa Rustica is subject to the venue and jurisdiction of this court.

7.  Upon information and belief, in March 2022 Defendant Eva Quintanilla ("Ms. Quintanilla") was a controlling manager of La Brasa Rustica. Ms. Quintanilla resides at 2337 Landings Court, Norcross, Georgia 30071-4542, and is subject to the venue and jurisdiction of this Court.

8.  Upon information and belief, Defendant Eva Quintanilla is also the CEO, CFO, and Secretary of La Brasa Rustica.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

9.  Plaintiff had the exclusive nationwide television distribution rights to the Equador v. Paraguay Soccer Match which took place on March 24, 2022 (this included all pre-game coverage and commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

10.     Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

11.     As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12.     Defendants La Brasa Rustica and Ms. Quintanilla did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for their commercial establishment. Therefore, they did not have any authorization to show the Program.

13.     On March 24, 2022, the Program was shown at La Brasa Rustica located at 4175 Pleasant Hill Road, Duluth, Georgia 30096.

14.     La Brasa Rustica and Ms. Quintanilla unlawfully displayed the Program at La Brasa Rustica on the night of March 24, 2022, with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

15. Ms. Quintanilla, as a controlling manager, CEO, CFO, and Secretary of La Brasa Rustica, had the right and ability to supervise the display of the Program at La Brasa Rustica.

16. The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since La Brasa Rustica and Ms. Quintanilla used a deliberate act to receive the Program, which was unauthorized, and it was done for purposes of commercial advantage and private financial gain.

17. Ms. Quintanilla, as controlling manager and CEO/CFO of La Brasa Rustica, had a strong financial interest in intercepting and exhibiting Plaintiff's Program on March 24, 2022.

18. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

19. By reason of the aforesaid mentioned conduct, La Brasa Rustica and Ms. Quintanilla violated Title 47 U.S.C. Section 605, *et seq.* since they were not authorized to show the Program at La Brasa Rustica.

20. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff has a private right of action.

21. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

(a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

22. Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

23. As previously stated, Plaintiff was granted the exclusive nationwide television distribution rights to the Program which took place on March 24, 2022. The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

24. Defendants La Brasa Rustica and Ms. Quintanilla ran, managed and exercised control over La Brasa Rustica in March 2022.

25. Plaintiff has no record of La Brasa Rustica or Ms. Quintanilla ever entering into a sublicensing agreement with Plaintiff or ever paying the required fee for the Program to be shown at La Brasa Rustica on March 24, 2022.

26. Defendants La Brasa Rustica and Ms. Quintanilla used unlawful means to receive the cable signal required to exhibit the Program.

27. Ms. Quintanilla had the right and ability to supervise the infringement of Plaintiff's Program at La Brasa Rustica.

28. Ms. Quintanilla also had a strong financial interest in the interception and exhibition of the Program at La Brasa Rustica as the CEO, CFO, and Secretary of La Brasa Rustica.

29. Because Defendants were not given authorization to show the Program at La Brasa Rustica on March 24, 2022, the aforementioned defendants violated Title 47 U.S.C. Section 553, *et seq.*

30. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has a private right of action.

30. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendant:

    A. Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    B. Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

    C. the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    D. in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $100,000.00 against Defendants, and;

3. For reasonable attorneys' fees pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $50,000.00 against Defendants and;

3. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

This the 25th day of May, 2023.

                **MOROCHNIK LAW, LLC**

                By: /s/ Paul J. Morochnik
                Paul J. Morochnik, Esquire
                Georgia Bar No. 526465
                1080 Peachtree St NE, Suite 1210
                Atlanta, Georgia 30309
                Ph: (404) 760-7424
                Fax:(404) 390-2949
                Email: paul@morochnik.com

                Of Counsel:
                **RONALD D. REEMSNYDER PC**
                Ronald D. Reemsnyder, Esq.
                Georgia Bar No. 597950

10738 Big Canoe
Jasper, Georgia 30143
Ph: (404) 861-9798
rdreemsnyder@gmail.com

*Attorneys for Plaintiff*
*Innovative Sports Management, Inc.*
    *d/b/a Integrated Sports Media*