IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE PROVIDENCE GROUP OF GEORGIA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> WESCO INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES** |

# COMPLAINT FOR DECLARATORY JUDGMENT AND

# BREACH OF CONTRACT

Plaintiff The Providence Group of Georgia, LLC (TPG) files this action for Declaratory Judgment and Breach of Insurance Contract against Defendant Wesco Insurance Company (Wesco) relating to claims made under that certain policy of commercial insurance identified and alleged below issued by Defendant Wesco to

1

TPG, which alleges to the Court, as follows:

## JURISDICTION AND VENUE

1.

Plaintiff The Providence Group of Georgia, LLC (TPG) is a Limited Liability Company organized under the laws of the State of Georgia, with its principal place of business located in Gwinnett County. At all times relevant, TPG's principal place of business was located at 11340 Lakefield Drive, Suite 250, Johns Creek, GA, 30097.

2.

At all times herein relevant, Defendant Wesco Insurance Company (Wesco), was and is an insurance company organized under the State of Delaware with its principal office located in the State of New York, that is authorized to do business and is doing business in the State of Georgia as an issuer of policies of Commercial General Liability (CGL) insurance to Home builders similar to TPG. Wesco may be served with process on its registered agent, United Agent Group, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

3.

This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 in that there exists diversity of citizenship between the parties who are citizens of different states and the value of this case exceeds $75,000, exclusive of interest, fees and costs.  Further, concerning the First Count of this Complaint for Declaratory Relief, this Court has subject matter jurisdiction under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure. Venue in this Court is proper in that actions arising in DeKalb County, Georgia, the County in which the alleged occurrence of property damage occurred forming the subject matter of this action are properly filed in the Atlanta Division of this Court.

## FACTUAL ALLEGATIONS

4.

For the one year policy term between January 1, 2016-January 1, 2017, Wesco issued to TPG a policy of Commercial Liability insurance, designated as Policy No. WPP1131740 02 (the subject policy), which insured TPG as a Home Builder for General Liability subject to said policy's terms and conditions, up to a policy limit of $3 million per occurrence, and subject to a $10,000 deductible.  In relevant part, in consideration for the premium paid by TPG to Wesco in a sum of not less than $285,000, said insurer promised to defend and indemnify TPG pursuant to the

Liability Insuring Agreement in said policy, which Insuring Agreement provides, in relevant part, as follows:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.  We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result...."

A true and correct copy of the Declarations Pages of the subject policy are attached as Exhibit 1 and fully incorporated herein by reference.

5.

At all times relevant, TPG was the developer and builder of the townhome property located at 4001 Dunwoody Trace, Dunwoody, Georgia 30338.  On or about February 24, 2020, suit was filed against TPG by Atlanta Georgetown Retirement Residence, LLC in the Superior Court of the State of Georgia for DeKalb County styled *Atlanta Georgetown Retirement Residence, LLC v. Dunwoody Towneship Homeowners Association, Inc. et.al*, bearing Case No. 20CV2594, in substance, seeking legal damages from TPG and others for alleged property damage occurring in or about 2016, arising from certain alleged conduct of the named defendants in connection with the development and building of the Dunwoody Trace townhome

4

property, occurring within four years prior to the filing of said DeKalb Superior Court action. A true and correct copy of the Complaint filed in said action and served upon TPG is attached as Exhibit 2 (the subject Complaint) and fully incorporated herein by reference for purposes of illustration only, without admitting the truthfulness or asserted merits of said allegations.

6.

Upon being served with Summons and Complaint in said DeKalb County Superior Court action, TPG tendered its defense to Wesco under the terms of the subject policy of CGL insurance. In response to the tender of defense, on or about August 10, 2021, Wesco communicated its denial of TPG's defense based upon the allegations of the subject Complaint and what Wesco asserted was its own investigation.

7.

As a result of Wesco's denial of TPG's defense in response to the above-identified DeKalb County Superior Court action, TPG was compelled to and has retained private defense counsel to defend and represent its interests in said action. During the course of its defense, TPG has incurred attorney's fees and litigation costs in a sum to be proved at the time of trial but believed to presently be in an amount of not less than $400,000.

## COUNT 1-DECLARATORY RELIEF

8.

TPG contends that based upon the allegations of the Complaint filed in the subject DeKalb County Superior Court action, as well as the facts asserted to support the underlying Plaintiff's case in that action, under the governing principles of Georgia law regarding a liability insurer's broad duties of defense and the potential that Wesco would owe a duty of indemnity to TPG on one or more theories of recovery alleged in the subject Complaint, Wesco has owed a defense to TPG under the subject policy from the outset of the underlying DeKalb County Superior Court action, and continues to owe a defense going forward to the conclusion of said action.

9.

TPG is informed and believes, and based specifically upon Wesco's August 10, 2021 denial of TPG's defense, that Wesco contends that at no time has Wesco owed a defense to TPG in response to said DeKalb County Superior Court action, including the past, present or future, although to date, there has been no judicial adjudication of Wesco's duty of defense owed to TPG in response to the subject Complaint

.

10.

As a direct result of the opposing contentions of the parties as to Wesco's duty of defense being owed to TPG as alleged immediately above, an actual controversy has arisen under 28 U.S.C. §2201 and related statutes and Rules of Civil Procedure to warrant this Court's issuance of a Declaratory Judgment determining each of the parties' rights and obligations under the subject policy in response to the aforementioned DeKalb County Superior Court action.

## COUNT II-BREACH OF CONTRACT

11.

Plaintiff TPG hereby incorporates by reference Paragraphs 1-10, inclusive of this Complaint as though fully set forth at length.

12.

By the terms of the subject policy, at all times mentioned from the initial tender of TPG's defense to Wesco, Wesco owed to TPG a defense in response to the above-identified DeKalb Superior Court action under the terms of the subject policy and under the controlling principles of Georgia insurance law.   However, notwithstanding Wesco's contractual obligations owed to TPG in this regard, to date Wesco has failed and refused, and continues to fail and refuse to afford a defense to TPG in response to the aforesaid action.

13.

Wesco's failure and refusal to afford TPG a defense as alleged immediately above was and is a material breach of the policy contract issued by Wesco to TPG. As a direct result of said breach of contract, TPG has been compelled to self-fund its defense of the above identified DeKalb Superior Action in the form of attorney's fees and costs in an amount according to proof, but not less than $400,000, for which Wesco is obligated to reimburse TPG for breach of contract.

14.

TPG has complied with all conditions precedent under the policy to its right of recovery of defense fees and costs incurred to fully indemnify TPG for its out of pocket expenses for which, at all times relevant, Wesco was obligated to pay,, including, but not limited to, timely payment of all premiums due, the timely tender of its defense to Wesco, full cooperation with Wesco's investigation of the subject liability claim, and generally, full compliance with all other conditions of the policy requested by Wesco, except as to those conditions, if any, that were either waived or excused by Wesco, as may hereafter be ascertained.

WHEREFORE, Plaintiff The Providence Group of Georgia, LLC hereby prays that Judgment be entered in its favor and against Defendant Wesco Insurance Company, as follows:

1. That the Court enter its Declaratory Judgment in favor of The Providence Group of Georgia, LLC under governing law to the effect that at all times Wesco Insurance Company owed and continues to owe a defense to The Providence Group of Georgia, LLC in response to that certain DeKalb County Superior Court action styled *Atlanta Georgetown Retirement Residence, LLC v. Dunwoody Towneship Homeowners Association, Inc. et.al*, bearing Case No. 20CV2594;

2. For compensatory damages in an amount according to proof, but not less than $400,000 to reimburse TPG for defense fees and costs incurred since the tender of TPG's defense to Wesco of that certain DeKalb County Superior Court action styled *Atlanta Georgetown Retirement Residence, LLC v. Dunwoody Towneship Homeowners Association, Inc. et.al*, bearing Case No. 20CV2594;

3. To the extent permitted by law, for attorney's fees incurred by TPG in this action to obtain recovery of its costs of defense to be reimbursed;

4. For prejudgment interest at the legal rate from August 10, 2021;

5. That all costs be taxed against Defendant Wesco Insurance Company under applicable law;

6. That a jury be empaneled to resolve all factual disputes; and

7. For such other and further relief as this Court may deem just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED**.

                          Respectfully submitted,

                          /s/ *Jeffrey D. Diamond*
                          JEFFREY D. DIAMOND
                          Georgia Bar No. 599994
                          Attorney for Plaintiff The Providence
                          Group of Georgia, LLC

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
(770) 407-7303 (Telephone)
(770) 407-7310 (Fax)
jdiamond@diamlaw.com