# EXHIBIT 2

RB

FILED 2/24/2020 10:31 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ATLANTA GEORGETOWN RETIREMENT RESIDENCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DUNWOODY TOWNESHIP HOMEOWNERS ASSOCIATION, INC.; THE PROVIDENCE GROUP OF GEORGIA, L.L.C.; and GEORGETOWN SHOPPING CENTER, LLC, <br><br> Defendants. | CIVIL ACTION <br> FILE NO.: 20CV2594 |

## COMPLAINT

Plaintiff Atlanta Georgetown Retirement Residence, LLC ("Plaintiff" or "Dunwoody Pines") hereby brings this action against the above-named defendants, and for its Complaint says as follows:

### JURISDICTION AND VENUE

1.

Plaintiff is the owner of real property and improvements thereon located at 4355 Georgetown Square, Dunwoody, GA, Dekalb County (the "Dunwoody Pines Property").

2.

Defendant Dunwoody Towneship Homeowners Association, Inc. ("Dunwoody Towneship") is a Georgia nonprofit corporation located in Dekalb County, Georgia and which may be served with process by service upon its registered agent Erin Murray O'Connell at the office of its registered agent at 160 Clairemont Avenue, Suite 650, Decatur, GA 30030.

3.

Defendant The Providence Group of Georgia, L.L.C. ("Providence Group") is a Georgia limited liability company located in Gwinnett County, Georgia and which may be served with process by service upon its registered agent Michelle Valente Lee at the office of its registered agent at 2180 Satellite Blvd., Ste. 180, Duluth, GA 30097.

4.

Defendant Georgetown Shopping Center, LLC ("Georgetown Shopping Center") is a Georgia limited liability company located in Fulton County, Georgia and which may be served with process by service upon its registered agent John W. Lundeen III at the office of its registered agent at 3715 Northside Parkway, Building 400, Suite 100, Atlanta, GA 30327.

5.

This Court has jurisdiction over the subject matter of this action and over the parties to this action.

6.

Venue of this action is proper in this Court.

7.

All conditions precedent to this action have been satisfied, met, performed, waived or rendered futile.

## BACKGROUND FACTS

8.

Defendant Dunwoody Towneship is the owner of a townhome complex located at 4001 Dunwoody Trace, Dunwoody GA, 30338 (the "Townhome Property").

9.

Defendant Georgetown Shopping Center is the owner of the Georgetown Plaza located at 4478 Chamblee Dunwoody Road, Dunwoody, GA 30338, within which a Kroger grocery store and paved area is located (the "Kroger Property").

10.

Defendant Providence Group developed and built the townhomes located on the Townhome Property.

11.

Both the Townhome Property and the Kroger Property are immediately west of, and share a common boundary with, the Dunwoody Pines Property.

12.

Both the Townhome Property and the Kroger Property are substantially elevated as compared to the Dunwoody Pines Property.

13.

Within the last 4 years, Defendant Providence Group built the existing townhomes located on the Townhome Property.

14.

The result of such work is that the natural flow of storm water from the Townhome Property and the Kroger Property has been redirected and concentrated onto the Dunwoody Pines Property.

15.

During and after rain events, the redirected water flows down a small passageway in the rear of the townhomes on the Townhome Property and onto the Dunwoody Pines Property.

16.

As a result of the redirected water flow, the related slope is also deteriorating and encroaching onto the Dunwoody Pines Property.

17.

During and after rain events, water flows from the Kroger Property's asphalt parking lot in an altered flow onto the Dunwoody Pines Property.

18.

As a result of the altered flow, the related slope is also deteriorating and encroaching on the Dunwoody Pines Property.

19.

Defendants do not have an easement or any other right for the storm water drainage, intrusion, and encroachment onto the Dunwoody Pines Property.

20.

The artificially altered flow of water from the Kroger Property and Townhome Property has caused, and is continuing to cause, flooding onto the Dunwoody Pines Property.

21.

The flooding has been caused by the clearing and removal of trees and natural vegetation; disturbing of the topsoil; alteration of the natural topography through grading, cut and fill operations; construction of impervious structures and surfaces; and failure to properly construct and maintain adequate drainage systems and erosion control measures, on both the Kroger Property and Townhome Property.

## COUNT I - TRESPASS

22.

Plaintiff reincorporates all prior allegations of the Complaint as if set forth fully herein.

23.

Defendants did not, and do not currently, have authority to divert and concentrate the natural flow of storm water onto the Dunwoody Pines Property.

24.

Defendants' actions constitute a continuing trespass, entitling Plaintiff to damages in an amount to be determined at trial.

## COUNT II – AIDING AND ABETTING TRESPASS
### (Defendant Providence Group)

25.

Plaintiffs reincorporate all prior allegations of the Complaint as if set forth fully herein.

26.

Defendant Providence Group actively and maliciously procured Defendant Dunwoody Towneship's trespass.

27.

Pursuant to O.C.G.A. § 51-12-30, Defendant Providence Group is an entity that maliciously procured an injury to be done to another, and is therefore a joint wrongdoer that is liable with the entity that actually committed the injury, Defendant Dunwoody Towneship, in an amount to be determined at trial.

## COUNT III - EJECTMENT

28.

Plaintiff reincorporates all prior allegations of the Complaint as if set forth fully herein.

5

29.

Defendants have a legal duty to terminate the trespasses as described above.

30.

Each day, and with each rainfall, Defendants continue their trespass and cause additional damage to the Dunwoody Pines Property.

31.

To prevent multiple actions, this Court should require Defendants to take such actions as necessary to eliminate the concentration and diversion of the natural flow of stormwater from the Kroger Property and the Townhome Property, and remove any intrusion of the slope serving said properties onto the Dunwoody Pines Property.

32.

In addition, Defendants are liable to Plaintiff for losses and damages suffered, which losses and damages are continuing to accrue as a result of the water intrusion.

## COUNT IV - NUISANCE

33.

Plaintiff reincorporates all prior allegations of the Complaint as if set forth fully herein.

34.

Defendants directed and/or performed the modifications to the Kroger Property and to the Dunwoody Towneship Property such that the natural flow of stormwater onto the Dunwoody Pines Property was increased and concentrated.

35.

Such modifications, and the concentration and increase of stormwater drainage onto the Dunwoody Pines Property, constitute a nuisance that has caused Plaintiff damage.

36.

Plaintiff is entitled to a judgment against Defendants, jointly and severally, for damages caused by Defendants' actions, in an amount to be determined at trial.

## COUNT V - PUNITIVE DAMAGES

37.

Plaintiff reincorporates all prior allegations of the Complaint as if set forth fully herein.

38.

Defendants' failure to ameliorate the concentration and diversion of stormwater from its natural course and onto Plaintiff's Property is intentional and demonstrates willful or wanton conduct, malice, and a conscious indifference to the consequences of the trespasses.

39.

Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT VI - EXPENSES OF LITIGATION INCLUDING ATTORNEYS' FEES

40.

Plaintiff reincorporates all prior allegations of the Complaint as if set forth fully herein.

41.

Defendants have acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully requests the following relief from the Court:

i. That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

ii. That Plaintiff have a trial by jury as to all counts of the Complaint;

  iii. That Plaintiff recover all damages, including but not limited to, compensatory, general, consequential, and special damages from Defendants in an amount to be determined by the enlightened conscience of a fair and impartial jury;

  iv. That Plaintiff be awarded its reasonable attorneys' fees, costs and other expenses of litigation; and

  v. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of February, 2020.

| | |
|---|---|
| | **STROTT & DILLON, LLC** |
| Five Concourse Parkway | |
| Suite 2600 | /s/Peter H. Strott |
| Atlanta, Georgia 30328 | Peter H. Strott, Esq. |
| (770) 255-3710 Direct Dial | Georgia Bar No. 689150 |
| (404) 760-0225 Facsimile | Mark Husted, Esq. |
| pstrott@strottdillon.com | Georgia Bar No. 737068 |
| markhusted@strottdillon.com | |
| | *Attorneys for the Plaintiffs* |

8