# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL T. SMITH, Temporary Administrator of the Estate of Anthony Odigie Ahabue, | ) ) ) ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) ) | |
| v. | ) ) | **AS REMOVED FROM THE SUPERIOR COURT OF COBB** |
| WELLS FARGO BANK N.A. INC., | ) ) | **COUNTY, GEORGIA, CIVIL ACTION FILE NO.: 23103302** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Wells Fargo Bank N.A. Inc. ("Wells Fargo"), Defendant in the above-captioned matter, which was originally filed in the Superior Court of Cobb County, Georgia, Civil Action File No. 23103302 (the "Superior Court Action") and pursuant to 28 U.S.C. § 1441 and 1446, hereby removes the Superior Court Action to the United States District Court for the Northern District of Georgia, Atlanta Division.  In accordance with the provisions of 28 U.S.C. § 1446(a), Wells Fargo respectfully shows this Court the following:

## I.   BACKGROUND.

1.

In Georgia, only a personal representative of an estate can maintain a lawsuit on its behalf.  *See* O.C.G.A. § 53-7-54.  The name of the Plaintiff in the caption of the Complaint is "In re: Anthony Odigie Ahabue" (the "Estate").  However, the body of the Complaint reveals that the "Temporary Administrator" of the Estate is an attorney named Michael T. Smith who practices in Lawrenceville, Georgia.  Mr. Smith is the real party in interest in this action and is the Plaintiff.  *See* Fed. R. Civ. P. 17(a)(1)(B).

2.

Plaintiff's Complaint relates to the real property located at 635 Owl Creek Drive, Powder Springs, Georgia 30127 (the "Property").  A loan secured by the Property is held by Wells Fargo.  [Complaint, ¶¶ 6, 13].

3.

Mr. Ahabue owned the Property at the time of his death.  [Complaint, ¶ 6]. Mr. Ahabue died on December 7, 2021.  [*Id.*, ¶ 5].  Mr. Smith was appointed as the Temporary Administrator of the Estate on April 21, 2023.  [*Id.*, ¶ 8].

4.

Plaintiff concedes that after Mr. Ahabue died "his family was unable to make payments on the mortgage for the" Property held by Wells Fargo. [Complaint, ¶ 9].

5.

Plaintiff contends that "[i]mmediately upon his appointment as Temporary Administrator of the Estate" he learned that the Property had been advertised for a foreclosure sale. [Complaint, ¶ 12].

6.

Plaintiff further contends that if a foreclosure sale of the Property proceeds, the Estate would "lose an amount of equity estimated to possibly be more than $220,000" and that such a loss will "greatly prejudice the heirs at law of Anthony Odigie Ahabue".

7.

Plaintiff's Complaint asserts a single claim against Wells Fargo for an interlocutory injunction to prohibit a foreclosure sale of the Property. [*See* Complaint, ¶¶ 20-29].

8.

On May 1, 2023, the Superior Court of Cobb County entered an order temporarily restraining Wells Fargo from conducting a foreclosure sale of the Property and ordering that an evidentiary hearing occur within thirty (30) days.

9.

Plaintiff filed the Superior Court Action on April 28, 2023.  Plaintiff filed a certificate of service contending that it perfected service on Wells Fargo on April 28, 2023.  This Notice of Removal is being filed less than thirty (30) days after the Complaint was filed in the Superior Court Action.

10.

True and correct copies of all process, pleadings, and orders filed in the Superior Court Action are attached hereto as Exhibit "A".

11.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right of Wells Fargo to assert any defense in this action, including without limitation, defenses related to insufficiency of process and insufficiency of service of process.

## II. REMOVAL.

12.

This case is being removed pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.  Section 1332(a) provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" exclusive of interest and costs and is between "citizens of different States" and cases meeting this criterial may be removed to district court pursuant to 28 U.S.C. §§ 1441 and 1446.

### Diversity of Citizenship

13.

The Plaintiff, Mr. Smith, is a Georgia attorney practicing law in Lawrenceville, Georgia.  Upon information and belief, Mr. Smith is a citizen of the State of Georgia.

14.

Wells Fargo is a national banking association with its main office located in the State of California.  As a national banking association, Wells Fargo is a citizen for jurisdictional purposes of the states in which it is located. 28 U.S.C. § 1348.  A national baking association is "located" in the state in which its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Applying the

*Schmidt* rule, Wells Fargo is a citizen of the State of California for jurisdictional purposes because its main office is located in California.

15.

As Plaintiff and Wells Fargo are citizens of different states, there is complete diversity of citizenship between the parties as is required by 28 U.S.C. § 1332(a)(1).

**Amount in Controversy**

16.

Plaintiff's Complaint contends that if the foreclosure sale is not enjoined, it will be at risk of losing $220,000 in equity, indicating that the Property is worth more than $220,000. [Complaint, ¶ 19]. As such, Plaintiff has placed in controversy an amount exceeding $75,000 and the amount in controversy requirement contained in 28 U.S.C. § 1332(a) is satisfied. *See Roper v. Saxon Mortg. Servs., Inc.*, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake.").

17.

Because diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has

original subject matter jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332, and the action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) & (b).

### Statement of Removal

18.

This Notice of Removal has been filed within thirty (30) days of the filing of the Complaint in the Superior Court Action.  Accordingly, removal is timely under 28 U.S.C. § 1446.

19.

Contemporaneously with the filing of this Notice of Removal, Wells Fargo served written notices on Plaintiff and the Clerk of the Superior Court of Cobb County, Georgia, as required by 28 U.S.C. § 1446(d).

WHEREFORE Wells Fargo respectfully requests that the Superior Court Action be removed, pursuant to 28 U.S.C. § 1441(a) and (b), from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of this Notice of Removal, and that this Court take jurisdiction of this action for the determination of all issues, trial, and judgment, to the exclusion of any further proceedings in the Superior Court of Cobb County, Georgia.

- 8 -

Respectfully submitted this 25th day of May, 2023.

                                WOMBLE BOND DICKINSON (US) LLP

                    By:   /s/ Arthur A. Ebbs
                            Arthur A. Ebbs
                            State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Facsimile: (404) 888-7490
Email: Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system and has been served on the following via U.S. Mail as follows:

Andrew Cameron
Cameron Law, LLC
6075 Barfield Road
Atlanta, Georgia 30328

  This 25th day of May, 2023.

           /s/ Arthur A. Ebbs
           Arthur A. Ebbs
           State Bar No. 416181