## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL T. SMITH, Temporary Administrator of the Estate of Anthony Odigie Ahabue, | ) ) ) | CIVIL ACTION FILE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AS REMOVED FROM THE** |
| | ) | **SUPERIOR COURT OF COBB** |
| WELLS FARGO BANK N.A. INC., | ) | **COUNTY, GEORGIA, CIVIL** |
| | ) | **ACTION FILE NO.:  23103302** |
| Defendant. | ) | |

## NOTICE OF NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that contemporaneously with the filing of its

Notice of Removal of the action from the Superior Court of Cobb County, Georgia,

Civil Action File No. 23103302, to the United States District Court for the

Northern District of Georgia, Atlanta Division on May 25, 2023, Wells Fargo

Bank, N.A. Inc. ("Wells Fargo") provided notice to Plaintiff and the Superior

Court of Cobb County of the removal of this action pursuant to the Notice of

Removal.  On May 25, 2023, pursuant to 28 U.S.C. § 1446, Wells Fargo filed a

*Notice to Plaintiffs and the Clerk of the Superior Court of Cobb County of*

*Removal of Action to Federal Court* (with the Notice of Removal attached thereto)

in the Superior Court of Fulton County, Georgia, Civil Action File No. 23103302,

a true and correct copy of which is attached hereto as Exhibit "1", and served same on Plaintiff.

Respectfully submitted this 25th day of May, 2023.

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Facsimile: (404) 888-7490
Email: Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank N.A. and*
*U.S. Bank National Association*

WBD (US) 62156499v1

**<u>EXHIBIT "1"</u>**

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: |
| | ) | 23103302 |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE TO PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT OF
COBB COUNTY OF REMOVAL OF ACTION TO FEDERAL COURT**

TO:    Connie Taylor
        Cobb County Clerk of Superior
        Court
        70 Haynes Street
        Marietta, Georgia 30090

You are hereby notified that on May 25, 2023, Wells Fargo Bank, N.A. Inc. ("Wells

Fargo") filed a Notice of Removal in the United States District Court for the Northern District of

Georgia, Atlanta Division (the "District Court"), removing the above-captioned action from the

Superior Court of Cobb County, Georgia to the District Court.  A copy of the Notice of Removal

filed by Wells Fargo in the District Court is attached hereto as Exhibit "A" and is herewith filed

with this Court as provided by the United States Code.

Respectfully submitted this 25th day of May, 2023.

WOMBLE BOND DICKINSON (US) LLP


By:  _____/s/ Arthur A. Ebbs____
          Arthur A. Ebbs
          State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:     (404) 872-7000
Facsimile:      (404) 888-7490
Email: Arthur.Ebbs@wbd-us.com


*Attorneys for Wells Fargo Bank, N.A. Inc.*

- 2 -

# EXHIBIT "A"

WBD (US) 62156428v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL T. SMITH, Temporary )
Administrator of the Estate of )
Anthony Odigie Ahabue, ) CIVIL ACTION FILE NO.:
 )
      Plaintiff, )
 )
v. ) **AS REMOVED FROM THE**
 ) **SUPERIOR COURT OF COBB**
WELLS FARGO BANK N.A. INC., ) **COUNTY, GEORGIA, CIVIL**
 ) **ACTION FILE NO.:  23103302**
      Defendant. )

## NOTICE OF REMOVAL

COMES NOW Wells Fargo Bank N.A. Inc. ("Wells Fargo"), Defendant in the above-captioned matter, which was originally filed in the Superior Court of Cobb County, Georgia, Civil Action File No. 23103302 (the "Superior Court Action") and pursuant to 28 U.S.C. § 1441 and 1446, hereby removes the Superior Court Action to the United States District Court for the Northern District of Georgia, Atlanta Division.  In accordance with the provisions of 28 U.S.C. § 1446(a), Wells Fargo respectfully shows this Court the following:

# I.   BACKGROUND.

1.

In Georgia, only a personal representative of an estate can maintain a lawsuit on its behalf.  *See* O.C.G.A. § 53-7-54.  The name of the Plaintiff in the caption of the Complaint is "In re: Anthony Odigie Ahabue" (the "Estate").  However, the body of the Complaint reveals that the "Temporary Administrator" of the Estate is an attorney named Michael T. Smith who practices in Lawrenceville, Georgia.  Mr. Smith is the real party in interest in this action and is the Plaintiff.  *See* Fed. R. Civ. P. 17(a)(1)(B).

2.

Plaintiff's Complaint relates to the real property located at 635 Owl Creek Drive, Powder Springs, Georgia 30127 (the "Property").  A loan secured by the Property is held by Wells Fargo.  [Complaint, ¶¶ 6, 13].

3.

Mr. Ahabue owned the Property at the time of his death.  [Complaint, ¶ 6].  Mr. Ahabue died on December 7, 2021.  [*Id*., ¶ 5].  Mr. Smith was appointed as the Temporary Administrator of the Estate on April 21, 2023.  [*Id*., ¶ 8].

- 2 -

4.

Plaintiff concedes that after Mr. Ahabue died "his family was unable to make payments on the mortgage for the" Property held by Wells Fargo. [Complaint, ¶ 9].

5.

Plaintiff contends that "[i]mmediately upon his appointment as Temporary Administrator of the Estate" he learned that the Property had been advertised for a foreclosure sale.  [Complaint, ¶ 12].

6.

Plaintiff further contends that if a foreclosure sale of the Property proceeds, the Estate would "lose an amount of equity estimated to possibly be more than $220,000" and that such a loss will "greatly prejudice the heirs at law of Anthony Odigie Ahabue".

7.

Plaintiff's Complaint asserts a single claim against Wells Fargo for an interlocutory injunction to prohibit a foreclosure sale of the Property.  [*See* Complaint, ¶¶ 20-29].

8.

On May 1, 2023, the Superior Court of Cobb County entered an order temporarily restraining Wells Fargo from conducting a foreclosure sale of the Property and ordering that an evidentiary hearing occur within thirty (30) days.

9.

Plaintiff filed the Superior Court Action on April 28, 2023. Plaintiff filed a certificate of service contending that it perfected service on Wells Fargo on April 28, 2023. This Notice of Removal is being filed less than thirty (30) days after the Complaint was filed in the Superior Court Action.

10.

True and correct copies of all process, pleadings, and orders filed in the Superior Court Action are attached hereto as Exhibit "A".

11.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right of Wells Fargo to assert any defense in this action, including without limitation, defenses related to insufficiency of process and insufficiency of service of process.

WBD (US) 62121637v1

## II.   REMOVAL.

### 12.

This case is being removed pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.  Section 1332(a) provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" exclusive of interest and costs and is between "citizens of different States" and cases meeting this criterial may be removed to district court pursuant to 28 U.S.C. §§ 1441 and 1446.

### Diversity of Citizenship

### 13.

The Plaintiff, Mr. Smith, is a Georgia attorney practicing law in Lawrenceville, Georgia.  Upon information and belief, Mr. Smith is a citizen of the State of Georgia.

### 14.

Wells Fargo is a national banking association with its main office located in the State of California.  As a national banking association, Wells Fargo is a citizen for jurisdictional purposes of the states in which it is located.  28 U.S.C. § 1348.  A national baking association is "located" in the state in which its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Applying the

*Schmidt* rule, Wells Fargo is a citizen of the State of California for jurisdictional

purposes because its main office is located in California.

15.

As Plaintiff and Wells Fargo are citizens of different states, there is complete

diversity of citizenship between the parties as is required by 28 U.S.C. §

1332(a)(1).

**Amount in Controversy**

16.

Plaintiff's Complaint contends that if the foreclosure sale is not enjoined, it

will be at risk of losing $220,000 in equity, indicating that the Property is worth

more than $220,000.  [Complaint, ¶ 19].  As such, Plaintiff has placed in

controversy an amount exceeding $75,000 and the amount in controversy

requirement contained in 28 U.S.C. § 1332(a) is satisfied.  *See Roper v. Saxon*

*Mortg. Servs., Inc.*, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) ("As

Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the

value of the property determines the financial value at stake.").

17.

Because diversity of citizenship exists between the parties and the amount in

controversy is in excess of $75,000, exclusive of interest and costs, this Court has

original subject matter jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332, and the action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) & (b).

**Statement of Removal**

18.

This Notice of Removal has been filed within thirty (30) days of the filing of the Complaint in the Superior Court Action.  Accordingly, removal is timely under 28 U.S.C. § 1446.

19.

Contemporaneously with the filing of this Notice of Removal, Wells Fargo served written notices on Plaintiff and the Clerk of the Superior Court of Cobb County, Georgia, as required by 28 U.S.C. § 1446(d).

WHEREFORE Wells Fargo respectfully requests that the Superior Court Action be removed, pursuant to 28 U.S.C. § 1441(a) and (b), from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of this Notice of Removal, and that this Court take jurisdiction of this action for the determination of all issues, trial, and judgment, to the exclusion of any further proceedings in the Superior Court of Cobb County, Georgia.

Respectfully submitted this 25th day of May, 2023.

WOMBLE BOND DICKINSON (US) LLP

By:    /s/  Arthur A. Ebbs
       Arthur A. Ebbs
       State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 888-7490
Email:      Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within

and foregoing *Notice of Removal* was electronically filed with the Clerk of Court

using the CM/ECF system and has been served on the following via U.S. Mail as

follows:

Andrew Cameron
Cameron Law, LLC
6075 Barfield Road
Atlanta, Georgia 30328

This 25th day of May, 2023.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181

# SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

ID# 2023-0059861-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23103302

$214.00 COST PAID

Estate of Anthony Odigie Ahabue
_____

**PLAINTIFF**

**VS.**

Wells Fargo Bank, N.A. Inc
_____

**DEFENDANT**

### SUMMONS

TO: WELLS FARGO BANK, N.A. INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Andrew Cameron**
> **Cameron Law, LLC**
> **6075 Barfield Road**
> **Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of April, 2023.**

Clerk of Superior Court



_____
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

Page 1 of 1

ID# 2023-0059862-CV

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67

APR 28, 2023 09:36 AM

*Connie Taylor, Clerk of Superior Court*
*Cobb County, Georgia*

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of ___Cobb_____ County

### For Clerk Use Only

Date Filed _04-28-2023_____
MM-DD-YYYY

Case Number _23103302_____

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Estate of Anthony Odigie Ahabue | | | | | Wells Fargo Bank, N.A. Inc | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Cameron, Andrew_____   **Bar Number** _487986_____   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☑ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☑ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_Probate 22-P-0520_____     _____
Case Number                               Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

EXHIBIT A - NOTICE OF REMOVAL

ID# 2023-0059863-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

**Jason D. Marbutt - 67**
**APR 28, 2023 09:36 AM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER   __23103302__

__Estate of Anthony Odigie Ahabue;__

Plaintiff

Vs.

__Wells Fargo Bank, N.A. Inc;__

Defendant

## TYPE OF ACTION

o Divorce without Agreement Attached
o Divorce with Agreement Attached
o Domestic Relations
o Damages Arising out of Contract
o Damages Arising out of Tort
o Condemnation
☑ Equity
o Zoning – County Ordinance Violations (i.e., Injunctive Relief-Zoning)
o Zoning Appeals (denovo)
o Appeal, Including denovo appeal – excluding Zoning

o URESA
o Name Change
o Other
o Recusal
o Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

o   NO
☑ YES – If yes, please fill out the following:

1. Case # __Probate 22-P-0520__

2. Parties _____

3. Assigned Judge _____

4. Is this case still pending?   o   Yes   ☑   No

5. Brief description of similarities:
   **Injunction to stop foreclosure**

/S/   **Cameron, Andrew**
_____

Attorney or Party Filing Suit

ID# 2023-0059856-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**
Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. INC., Defendant. | CASE NO. <br><br> COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |

## <u>VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION</u>

COMES NOW the Petitioner, Estate of Anthony Odigie Ahabue and Ali Grant, attorney with the law firm of Andrew, Merritt, Reilly & Smith, LLP on behalf of Michael T. Smith, Temporary Administrator (collectively the "Petitioner"), by and through counsel, and files this Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction against Defendant Wells Fargo Bank, N.A., Inc. and its agents, representatives, and employees (hereinafter "Wells Fargo" and the "Lender") and shows the Court as follows:

### <u>THE PARTIES, JURISDICTION AND VENUE</u>

1.

Petitioner Estate of Anthony Odigie Ahabue is a probate estate currently open in the Probate Court for Cobb County, Georgia, Case Number 22-P-0520. Petitioner Ali Grant, whose principal address is 7 Lumpkin Street, Lawrenceville, Georgia 30046, is an attorney with the law firm of Andrew, Merritt, Reilly & Smith,

1

LLP and works on Estates on behalf of Michael T. Smith, Temporary Administrator of the Estate of Anthony Odigie Ahabue and a County Administrator for Cobb County.

2.

Defendant Wells Fargo National Association, Inc. is a South Dakota corporation organized registered to do business in the State of Georgia. Wells Fargo maintains its principal place of business at the address of 101 N. Phillips Ave., Sioux Falls,, SD, 57104, and elected its registered agent, Corporation Service Company, who may be served at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092. Defendant Wells Fargo is a foreign corporation that (i) transacts business in Georgia and (ii) derives income from Georgia. Defendant is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91(1) and (3).

3.

Venue is proper in Cobb County because the subject real property and Petitioner Estate of Anthony Odigie Ahabue are both located in Cobb County, and the acts complained of have occurred and are occurring in Cobb County Georgia pursuant to O.C.G.A. § 9-10-30. Due and legal service of process can be perfected upon Defendant Wells Fargo, by delivering a copy of the Summons and Complaint upon Defendant's Registered Agent, Corporation Service Company, who may be served at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, pursuant to O.C.G.A. § 9-11-4.

4.

EXHIBIT A - NOTICE OF REMOVAL

The Superior Court of Cobb County, State of Georgia, has subject matter jurisdiction because this action is an equity case, a complaint for injunctive relief and a temporary restraining order relating to Defendant's scheduled foreclosure sale of Petitioner's Real Property located in Cobb County. Cobb County is also the County where the probate Estate of Anthony Odigie Ahabue is currently open.

## **FACTUAL BACKGROUND**

### 5.

On December 7, 2021, Anthony Odigie Ahabue passed away in Cobb County, Georgia.

### 6.

The subject Real Property ("Real Property") is a residential lot and home, owned by Anthony Odigie Ahabue at the date of his passing, located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127.

### 7.

At the time of his passing, Anthony Odigie Ahabue was survived by his spouse, Bukola Funmilayo Ahabue, and four children, Ansel Ahabue, Angel Ahabue, Precious Ahabue, and Asher Ahabue.

### 8.

On April 21, 2023, Michael T. Smith in the law firm of Andrew, Merritt, Reilly & Smith, LLP  was appointed Temporary Administrator for the Estate of Anthony Odigie Ahabue in the Probate Court of Cobb County, Georgia. Ali Grant

EXHIBIT A - NOTICE OF REMOVAL

works on the Estate team of Michael T. Smith and is involved in many aspects
assisting him in handling the Estate Administration duties.

9.

After Anthony Odigie Ahabue passed away, his family was unable to make
payments on the mortgage for the Real Property, either from his own assets or
from assets of the Estate.

10.

Upon his appointment as Temporary Administrator, Michael T. Smith,
with the assistance of Ali Grant, began his administration duties for the Estate.

11.

As part of his Temporary Administrator duties, Michael T. Smith, with the
assistance of Ali Grant, planned for collecting and disposing of assets of the
Estate, including but not limited to the Real Property.

12.

Immediately upon his appointment as Temporary Administrator of the
Estate of Anthony Odigie Ahabue, Michael T. Smith, with the assistance of Ali
Grant, discovered that a foreclosure had been set related to the Real Property by
law firm LOGS Legal Group LLP, on behalf of Wells Fargo, listing a scheduled
foreclosure sale date of May 2, 2023.

13.

Beginning on April 19, 2023, immediately upon discovery of the pending
foreclosure sale of the Property, Ali Grant began her attempts to contact LOGS

4

Legal Group LLP, counsel for Wells Fargo, holder of the Security Deed on the Real Property (Cobb County Superior Court, Book 15704 Page 2853), to speak on behalf of the account and to work out a postponement of the foreclosure to allow the sale of the Real Property.

<div align="center">14.</div>

On April 19, 2023, and twice on April 24, 2023 and again on April 27, 2023, Ali Grant sent an email to Howell Hall, Managing Attorney for Georgia at LOGS Legal Group LLP at Hohall@logs.com, as well as kkhashan@logs.com, forwarding a copy of the Temporary Letters of Administration Appointing Michael T. Smith as Temporary Administrator of the Estate and requesting a reinstatement amount as well as a postpone of the May 2, 2023 Foreclosure Sale.

<div align="center">15.</div>

On April 24, 2023, Ali Grant both mailed and faxed a letter to LOGS Legal Group, LLP at (770) 220-2665, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property.

<div align="center">16.</div>

On April 25, 2023, and again on April 27, 2023, Ali Grant faxed a letter to Wells Fargo at (866) 278-1179 , including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property.

<div align="center">17.</div>

<div align="center">5</div>

LOGS Legal Group LLP never responded to any attempts at communication by the Estate.

18.

Similarly, Wells Fargo never responded to any attempts at communication by the Estate..

19.

If the foreclosure is allowed to proceed, the Estate of Anthony Odigie Ahabue stands to lose an amount of equity estimated to possibly be more than $220,000. This will greatly prejudice the heirs at law of Anthony Odigie Ahabue.

## COUNT I-INTERLOCUTORY INJUNCTION

20.

The allegations contained in paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21.

Petitioner is entitled to equitable relief against Defendant Wells Fargo to enjoin foreclosure of the Property pursuant to O.C.G.A. § 9-11-65 and 9-11-5.

22.

Petitioner will suffer irreparable injury if Defendant Wells Fargo is permitted to foreclose on the Property, as Petitioner will lose a substantial amount of equity if the injunction is not granted.

23.

EXHIBIT A - NOTICE OF REMOVAL

The threatened injury to Petitioner far outweighs the potential cost to Defendant Wells Fargo of delaying the foreclosure of the Property.

24.

There is a substantial likelihood that Petitioner will prevail on the merits, as the Estate of Anthony Odigie Ahabue was unaware of the status of the Mortgage payments, and no close family was living at the Property to monitor the status of notices, as well as both LOGS Legal Group LLP and Wells Fargo ignoring attempts at contact by the Estate after multiple attempts and methods of communication.

25.

Defendant Wells Fargo's foreclosure of the Real Property will deprive the Estate of a substantial amount of equity, causing great prejudice to the heirs of Anthony Odigie Ahabue.

26.

In addition, granting the interlocutory injunction will serve the public interest, as it will cause estates to not lose substantial equity.

27.

Defendant Wells Fargo should be enjoined from foreclosing on the Property to allow the Estate to fully list and sell the Real Property.

28.

7

The entry of a temporary restraining order or interlocutory injunction is necessary to prevent further foreclosure on the Property by Defendant Wells Fargo pending final judgment in this action.

<div align="center">29.</div>

Contemporaneously with this Plaintiffs Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction, Plaintiff files the following with this Court, relying upon the same:

(a)     Plaintiffs Brief in Support of Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction, filed contemporaneously herewith;

(b)     All pleadings of record, filings, and discovery related to this matter;

(c)     All exhibits of record attached to Plaintiffs Brief in Support;

(d)     Plaintiffs' Verification attesting to the veracity of all facts and recitals in the Verified Complaint; and

(e)     Certification of Counsel pursuant to O.C.G.A. § 9-11-65(b).

**WHEREFORE**, WHEREFORE, Petitioner respectfully request that this Court grant a Temporary Restraining Order and Interlocutory Relief enjoining Defendant Wells Fargo from proceeding with the sale of the Real Property located in Cobb County, Georgia or otherwise interfering with its title to and ownership of same, causing a postponement of the foreclosure and grant such other and further relief as this Court deems just and proper.

THIS 27TH DAY OF APRIL, 2023.

<div align="center">8</div>

EXHIBIT A - NOTICE OF REMOVAL

RESPECTFULLY SUBMITTED,


CAMERON LAW, LLC


_____
ANDREW CHRISTIAN CAMERON
GEORGIA STATE BAR NO. 487986

6075 BARFIELD ROAD
ATLANTA, GA 30328
(404)316-9231 OFFICE
andrew@cameronfirm.com          *ATTORNEY FOR PETITIONER*

9

ID# 2023-0059857-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

23103302

Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, | CASE NO. |
| vs. | COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |
| WELLS FARGO BANK, N.A., Defendant. | |

## BRIEF IN SUPPORT OF EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION, AND MEMORANDUM OF LAW IN SUPPORT

### I.    Introduction.

COMES NOW the Petitioner, Estate of Anthony Odigie Ahabue and Ali Grant, attorney with the law firm of Andrew, Merritt, Reilly & Smith, LLP  on behalf of Michael T. Smith, Temporary Administrator (collectively the "Petitioner"), by and through counsel, and submits this Brief of Support of Emergency Petition for Temporary Restraining Order and Interlocutory Injunction (the "Petition"), preventing or postponing Defendant Wells Fargo Bank National Association, Inc., and its agents, representatives, and employees (hereinafter "Wells Fargo" and the "Lender") from conducting the Foreclosure Sale on the property belonging to the Estate of Anthony Odigie Ahabue located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127 (the "Property"), set for May 2, 2023, secured by loans through the Lender.

1

On April 21, 2023, Michael T. Smith was appointed Temporary Administrator by the Cobb County Probate Court for the Estate of Anthony Odigie Ahabue. Around two days prior to his appointment, on April 19, 2023, law firm of Andrew, Merritt, Reilly & Smith, LLP, including attorney Ali Grant, discovered a pending foreclosure sale on the Property by Wells Fargo, set for May 2, 2023 (the "Foreclosure Sale"). Beginning on April 19, 2023, and continuing through April 27, 2023, the Petitioner attempted to contact not only LOGS Legal Group, LLP, the law firm representing Wells Fargo conducting the Foreclosure Sale, but also Wells Fargo itself, to request certain information about the Foreclosure Sale, to get a payoff or reinstatement amount for the mortgage, and to negotiate a postponement of the Foreclosure Sale to allow the Estate to list and sell the Property so that Wells Fargo would be paid in full. Neither LOGS Legal Group nor Wells Fargo have responded to any of Petitioners' attempts to contact it. It seems that it is too close to the Foreclosure Sale date for there to be any effective exchange of information or negotiation to postpone the Foreclosure Sale. Typically, Wells Fargo's policies on turning around requests are, at a minimum, a multiple days-long process. Simply put, it is too late in the process to stop the Foreclosure Sale absent the Court's order.

It is clear that Wells Fargo has no intention of working with Petitioner to avoid the foreclosure. The Petitioner and counsel attempted to get a postponement of the foreclosure multiple times via telephone, email, and fax to both Wells Fargo and LOGS Legal Group, no one responded to any of Petitioners' communications.

EXHIBIT A - NOTICE OF REMOVAL

LLP, and is involved in many aspects assisting him in handling the Estate Administration duties. (Aff. A. Grant ¶ 3)  On April 21, 2023, Michael T. Smith was appointed Temporary Administrator by the Cobb County Private Court for the Estate of Anthony Odigie Ahabue, a decedent that passed away in Cobb County, Georgia. (Aff. Ali Grant, ¶ 4; Exhibit 1 Aff. Ali Grant, Temporary Letters of Administration)

<center>Details of Anthony Odigie Ahabue</center>

At the time of his passing, Anthony Odigie Ahabue was survived by his spouse, Bukola Funmilayo Ahabue, and four children, Ansel Ahabue, Angel Ahabue, Precious Ahabue, and Asher Ahabue.  (Aff. Ali Grant, ¶ 5) These individuals represent the only surviving heirs at law of Anthony Odigie Ahabue. (Aff. Ali Grant, ¶ 6)

<center>The Property Owned by Anthony Odigie Ahabue</center>

At the date of his passing, Anthony Odigie Ahabue owned the house and real property located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127 (the "Property"), with Mr. Ahabue owning 100% of the Property. (Aff. Ali Grant, ¶ 7; Exhibit 2 Aff. Ali Grant , Limited Warranty Deed and Exhibit 3, Cobb County Assessor Information about the Property and Notice of Tax Assessment for 2022)

When Anthony Odigie Ahabue passed away, on information and belief, mortgage payments stopped being made on the loan servicing the Property under a Security Deed held by Wells Fargo, N.A. ("Wells Fargo"). (Aff. Ali Grant, ¶ 8;

<center>4</center>

Exhibit 4 Aff. Ali Grant, Security Deed) At the current time, other than a small bank account held by the Decedent, the Property is the largest and possibly only remaining asset of the Estate of Anthony Odigie Ahabue. (Aff. Ali Grant, ¶ 9)

### Notice to Temporary Administrator of the May 2, 2023 Foreclosure Sale

On or around April 19, 2023, Ali Grant, also in the law firm of Andrew, Merritt, Reilly & Smith, LLP, received word from another lawyer working with the Estate that the Property was subject to a foreclosure sale via a May 2, 2023 foreclosure auction (the "Foreclosure"). (Aff. Ali Grant, ¶ 10) Ali Grant later discovered that a Notice of Foreclosure was sent to the Property on or around March 28, 2023, announcing the May 2, 2023 foreclosure sale, but the Property was unoccupied at the time and no one received it (Aff. Ali Grant, ¶ 11; Exhibit 5 Aff. Ali Grant, Notice of Foreclosure).

Given that Michael T. Smith was only appointed as Temporary Administrator on April 24, 2023, they were not aware that the Property was in danger of foreclosure or the status of mortgage payments prior to April 19, 2023. (Aff. Ali Grant, ¶ 12) Immediately after discovery of the pending foreclosure, as well as Mr. Smith's appointment as Administrator, their firm began performing duties as Temporary Administrator, and attempted to search for and marshal any assets of the Estate so as to preserve the assets of the Estate. (Aff. Ali Grant, ¶ 13)

### Attempts to Contact Wells Fargo/Counsel for Purpose of Postponing Foreclosure

The May 2, 2023 Foreclosure sale will occur only days after Michael Smith

EXHIBIT A - NOTICE OF REMOVAL

and his team's multiple attempts to contact both Wells Fargo and counsel for Wells Fargo, and the complete absence of any responses from counsel for Wells Fargo risks the Foreclosure sale going forward absent a temporary restraining order. (Aff. Ali Grant, ¶ 14)

On April 19, 2023, and twice on April 24, 2023 and again on April 27, 2023, Ali Grant sent an email to Howell Hall, Managing Attorney for Georgia at LOGS Legal Group LLP at Hohall@logs.com, as well as kkhashan@logs.com, forwarding a copy of the Temporary Letters of Administration Appointing Michael T. Smith as Temporary Administrator of the Estate and requesting a reinstatement amount as well as a postpone of the May 2, 2023 Foreclosure Sale. (Aff. Ali Grant, ¶ 15; Exhibit 6 Aff. Ali Grant, collective April 19, 2023 – April 27, 2023 emails to LOGS Legal Group, LLP) On April 24, 2023, Ali Grant both mailed and faxed a letter to LOGS Legal Group, LLP at (770) 220-2665, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 16; Exhibit 7 Aff. Ali Grant, April 24, 2023 Letter and Fax to LOGS Legal Group, LLP) On April 25, 2023, Ali Grant faxed a letter to Wells Fargo at (866) 278-1179 , including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 17; Exhibit 8 Aff. Ali Grant, April 25, 2023 Letter and Fax to Wells Fargo) On April 27, 2023, Ali Grant faxed a letter to Wells Fargo at (866) 278-1179 , including a copy of Mr. Smith's Temporary

Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 18; Exhibit 9 Aff. Ali Grant, April 27, 2023 Letter and Fax to Wells Fargo)

Throughout Ali Grant's attempts to contact both Wells Fargo as well as counsel for Wells Fargo, Ali Grant has not received any responses to her communications. (Aff. Ali Grant, ¶ 19) It appears from Ali Grant's communications with both Wells Fargo and counsel for Wells Fargo that they never intend to stop the foreclosure once the foreclosure process is initiated and there is no other way to prevent foreclosure. (Aff. Ali Grant, ¶ 20) Michael Smith, Ali Grant, and law firm of Andrew, Merritt, Reilly & Smith, LLP  have exhausted every possible means to work out a settlement with Wells Fargo and resolve issues with the mortgage in good faith, and to work with Wells Fargo to ensure that the Property is not foreclosed upon. (Aff. Ali Grant, ¶ 21)

### Pending Foreclosure Date and Risk to Estate and Heirs/Beneficiaries

Knowing the issues with the mortgage payments in the past, Michael T. Smith and Ali Grant would have rushed to sell the Property immediately upon receiving Temporary Letters of Administration in order to avoid foreclosure. (Aff. Ali Grant, ¶ 22) Wells Fargo has not made a creditor claim on the Estate for the delinquent mortgage amounts owed. (Aff. Ali Grant, ¶ 23)

Based on a November 2022 Wells Fargo Statement, in November 2022 the unpaid past due balance was $36,259.14. (Aff. Ali Grant, ¶ 24; Exhibit 10 Aff. Ali Grant, November 2022 Wells Fargo Statement)  With a current monthly mortgage

7

payment of $3,004.65 per month plus late charges of around $307.32 per month ($16,559.85 for five months Dec 2022 – April 2023), the estimation is that as of April 2023 the unpaid balance is around $52,818.99. (Aff. Ali Grant, ¶ 25) The estimation is that the unpaid remaining mortgage balance on the Security Deed subject to the foreclosure is around $408,000. (Aff. Ali Grant, ¶ 26) Based on online estimates, the estimated market value of the Property is more than $628,000. (Aff. Ali Grant, ¶ 27; Exhibit 11, Aff. Ali Grant, Estimates from Zillow, Trulia and Redfin websites for the Property) Losing the Property could lose the heirs of Anthony Odigie Ahabue an amount in excess of $220,000, based on the probable listing price of the Property, and the amount of equity remaining on the mortgage. (Aff. Ali Grant, ¶ 28)

The beneficiaries of Anthony Odigie Ahabue will lose a significant part of their inheritance if this foreclosure proceeds, and the Estate will suffer immediate and irreparable injury by the foreclosure, being that the Property is the only assets of the Estate.  (Aff. Ali Grant, ¶ 29) On April 27, 2023, attorney Andrew Cameron sent to LOGS Legal Group, LLP, stating that he would be requesting the relief sought therein on an emergency and ex parte basis. (Aff. Ali Grant, ¶ 30; Exhibit 12 Aff. Ali Grant, April 27, 2023 Email to LOGS Legal Group LLP)

**III. Legal Standard.**

This Court has statutory authority to enter a preliminary injunction pursuant to O.C.G.A. §§ 9-11-65 and 9-5-8 and other applicable principles of equity

EXHIBIT A - NOTICE OF REMOVAL

to enjoin Defendant from foreclosing on the Property pending a resolution of the issues raised in the Complaint. An interlocutory injunction "is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication.... There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy." *Outdoor Advert. Ass'n. of Ga., Inc. v. Garden Club of Ga., Inc.*, 272 Ga. 146, 147 (2000). The trial court has broad discretion to decide whether to grant or deny a request for a temporary restraining order and interlocutory injunction. Id., O.C.G.A. § 9-5-8. In exercising that discretion, "[t]he trial court's task . . . is to balance the conveniences of the parties, to preserve the status quo, and to consider whether greater harm would result from granting or refusing the injunction." *Covington v. D.L. Pimper Group, Inc.*, 248 Ga. App. 265, 266 (2001) (citation omitted) *overruled on other grounds by Vulcan Steel Structures, Inc. v. McCarty*, 329 Ga. App. 220 (2014), as well as "balance the conveniences of the parties, pending a final adjudication of the case." *Grossi Consulting, LLC v. Sterling Currency Group, LLC*, 290 Ga. 386, 388 (2012) (citation omitted). An interlocutory injunction may therefore be used to "prevent one [party] from hurting the other whilst their respective rights are under adjudication." *Id.* Where, as here, "by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction," the trial court may issue an interlocutory

9

injunction to maintain the status quo until a final hearing. *Outdoor Advert. Ass'n of Ga., Inc.*, 272 Ga. at 147.

O.C.G.A. §§ 9-11-65 and 9-5-8 are often utilized by the courts to preserve property pending foreclosure and the Court should utilize these statutes here to issue a temporary injunction as same is necessary in this case to preserve the Property and prevent further fraudulent and void transfer of same for the purpose of avoiding payment of the debt to Plaintiff. See *West v. Koufman*, 259 Ga. 505 (Ga.,1989)(injunction was appropriate to preserve status quo and stop foreclosure).

Therefore, an injunction is appropriate in this matter to preserve the status quo and prevent Defendant Wells Fargo's foreclosure of the Property pending resolution of Petitioner's claims against the Defendants.

## IV.    Argument and Citation to Authority.

Under O.C.G.A. § 9-11-65, courts are explicitly authorized by statute to provide a temporary restraining order without written or oral notice because such relief "quite often ha[s] to be obtained instanter, otherwise property may change possession, and the matter may become moot.'" *City of Pendergrasss v. Skelton*, 278 Ga. App. 37, 39 (2006) (quoting Grizzard v. Davis, 131 Ga. App. 577, 578 (1974)). This is precisely the reason for such ex parte relief in this case.

When balancing the equities and deciding whether to enter an interlocutory injunction, "the trial court should consider" whether: (1) there is a substantial likelihood that the movant will ultimately prevail on the merits; (2) there is a

EXHIBIT A - NOTICE OF REMOVAL

substantial threat that the movant will suffer irreparable injury if the injunction is not entered; (3) granting the interlocutory injunction will serve the public interest; and (4) the threatened injury to the movant outweighs the threatened harm the proposed injunction might cause to the opposing party. *SRB Inv. Svcs. v. Branch Banking and Trust Co.*, 289 Ga. 1, 5 (2011). Although an interlocutory injunction is an extraordinary remedy, and the power to grant it must be " 'prudently and cautiously exercised,' " the trial court is vested with broad discretion in making that decision. Id. Although the moving party is not required to prove all four of these factors, (*id.* at 5, n. 7), the record in this case shows that each factor weighs in favor of entering a temporary restraining order and interlocutory injunction.

### A. The Petitioner is substantially likely to prevail on the merits of its claim.

Because the postponement of the foreclosure sale which Petitioner seeks to postpone in this case is reasonable under the circumstances and due to not only the complete lack of communications from Wells Fargo and its counsel regarding the reinstatement figures and postponement requests given to the counsel of record of the Estate, but due to the extreme prejudice that the Estate will face if the foreclosure is allowed to proceed, the Petitioner is substantially likely to prevail on the merits of postponing the foreclosure sale. This postponement will allow the Estate time to sell the Property. After receiving third-party notice of the May 2, 2023 Foreclosure Sale on or around April 19, 2023, Petitioners jumped into action and gave their best effort at working with Wells Fargo to avoid foreclosure.

EXHIBIT A - NOTICE OF REMOVAL

Petitioner planned to list and sell the Property promptly upon appointment as Temporary Administrator, only to discover the pending Foreclosure Sale before Michael T. Smith was even appointed as Temporary Administrator.

After learning of the foreclosure, the Estate desperately began a short yet fruitless endeavor trying to contact Wells Fargo to resolve this issue. Counsel for the Estate began a doomed series of attempts to work out a settlement or postponement of the foreclosure on behalf of the Estate. On April 19, 2023, and twice on April 24, 2023 and again on April 27, 2023, Ali Grant sent an email to Howell Hall, Managing Attorney for Georgia at LOGS Legal Group LLP at Hohall@logs.com, as well as kkhashan@logs.com, forwarding a copy of the Temporary Letters of Administration Appointing Michael T. Smith as Temporary Administrator of the Estate and requesting a reinstatement amount as well as a postpone of the May 2, 2023 Foreclosure Sale. (Aff. Ali Grant, ¶ 15; Exhibit 6 Aff. Ali Grant, collective April 19, 2023 – April 27, 2023 emails to LOGS Legal Group, LLP) On April 24, 2023, Ali Grant both mailed and faxed a letter to LOGS Legal Group, LLP at (770) 220-2665, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 16; Exhibit 7 Aff. Ali Grant, April 24, 2023 Letter and Fax to LOGS Legal Group, LLP) On April 25, 2023, Ali Grant faxed a letter to Wells Fargo at (866) 278-1179 , including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 17; Exhibit 8 Aff. Ali Grant, April

25, 2023 Letter and Fax to Wells Fargo) On April 27, 2023, Ali Grant faxed a letter to Wells Fargo at (866) 278-1179 , including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (Aff. Ali Grant, ¶ 18; Exhibit 9 Aff. Ali Grant, April 27, 2023 Letter and Fax to Wells Fargo)

Despite Petitioners' multiple attempts over the course of eight days with not only the law firm representing Wells Fargo but with Wells Fargo itself, counsel for the Estate received **no** responses whatsoever from either party. As of the date of this filing, no responses to the request to postpone the Foreclosure Sale have been communicated by Wells Fargo or its counsel.

It is apparent to Petitioner that once the foreclosure process started, Wells Fargo never intended to postpone the foreclosure or work out an arrangement to allow the Estate to list and sell the Property. (Aff. A Grant, ¶ 20) A home is often the largest and most valuable possession that anyone ever owns, so it seems that it is a deliberate and intentional effort by Wells Fargo to foreclose and take the Property without giving the Estate any chance to remedy the default.

In addition, the Estate stands to lose a substantial asset if the foreclosure is allowed to proceed. Losing the Property could lose the heirs of Anthony Odigie Ahabue  an amount in excess of at least $220,000, based on the probable listing price of the Property, and the amount of equity remaining on the mortgage. (Aff. A. Grant ¶ 28) The mortgage amount on the Security Deed subject to the foreclosure is around $52,000. (Aff. A. Grant ¶ 25) The remaining outstanding principal balance on the mortgage is approximately $408,000. (Aff. A. Grant ¶ 26)

EXHIBIT A - NOTICE OF REMOVAL

The heirs of Anthony Odigie Ahabue will lose a significant part or even all of their inheritance if this foreclosure proceeds, and the Estate will suffer immediate and irreparable injury by the foreclosure, being that the Property is the ONLY known asset of the Estate. (Aff. A. Grant ¶ 29)

Thus, the Estate of Anthony Odigie Ahabue has established it is substantially likely to prevail on the merits of its interlocutory injunction claim, and the requested injunctive relief should be granted.

### B. The Estate of Anthony Odigie Ahabue will be irreparably harmed if Wells Fargo is permitted to move forward with its foreclosure of the Property.

Courts have held that the foreclosure of real property may constitute irreparable injury. *CRE Venture 2011-1, LLC v. First Citizens Bank of Georgia*, 756 S.E.2d 225, 231, 326 Ga.App. 133, 141 (Ga.App.,2014)(threat of foreclosure constituted irreparable injury). The Property is set for foreclosure on May 2, 2023, which would result in a complete loss of the Real Property owned by the Estate of Anthony Odigie Ahabue, which is its only known asset and thus irreparable injury. Without immediate injunctive relief against Wells Fargo, the heirs and beneficiaries of the Estate of Anthony Odigie Ahabue will suffer immediate and irreparable harm because the Estate of Anthony Odigie Ahabue will lose *all* equity in the Property if the house is sold under foreclosure.

The mortgage amount on the Security Deed subject to the foreclosure is around $52,000. (Aff. A. Grant ¶ 25) The remaining outstanding principal balance on

EXHIBIT A - NOTICE OF REMOVAL

the mortgage is approximately $408,000. (Aff. A. Grant ¶ 26)  Based on online estimates, the estimated market value of the Property is more than $628,000. (Aff. A. Grant ¶ 27) Losing the Property could lose the heirs and beneficiaries of Anthony Odigie Ahabue an amount in excess of at least $220,000, based on the probable listing price of the Property, and the amount of equity remaining on the mortgage. (Aff. A. Grant ¶ 28)

Petitioners exhausted every means they know to resolve issues with the mortgage in good faith. (Aff. A. Grant ¶ 21) Ali Grant made every possible effort to negotiate with Wells Fargo to ensure that the Property was not foreclosed upon, given the short timeframes after discovery and fast approaching Foreclosure Sale date. (Aff. A. Grant ¶ 21) There is simply not enough time to make a huge bank stop the Foreclosure Sale process once it was discovered. The May 2, 2023 Foreclosure sale will occur 13 days after Ali Grant's initial attempt to contact counsel for Wells Fargo, and merely days after the filing of this Petition, and the complete lack of communication from Wells Fargo and its counsel risk the Foreclosure sale going forward absent a temporary restraining order. Throughout Ali Grant's numerous attempts to contact Wells Fargo and its counsel, she never received any responses. (Aff. A. Grant, ¶ 19)

The Estate of Anthony Odigie Ahabue  will suffer immediate and irreparable loss of equity from the loss of the Property. Similarly, the heirs of Anthony Odigie Ahabue  will lose a significant part of their inheritance, being that the Property is the

only known asset of the Estate. The threat of foreclosure by Wells Fargo is substantial and warrants entry of the requested injunctive relief.

### C. Entry of a temporary restraining order and interlocutory injunction preventing Wells Fargo's foreclosure of the Property is in the public interest.

Granting the interlocutory injunction will not disserve the public interest, as it merely preserves the status quo pending adjudication of this action and gives time to the Estate of Anthony Odigie Ahabue to have Petitioner arrange a reasonable disposition of the Property that would benefit both the Estate and would result in Wells Fargo being paid in full. The public interest is served when parties are prevented from pursuing wrongful foreclosures.

The public interest is served by enforcement of legitimate contracts and protecting estates from foreclosure. Entry of a temporary restraining order and interlocutory injunction against foreclosure of the Property by Wells Fargo is in the public interest. This is especially true when the Temporary Administrator only discovered the Foreclosure Sale around the time of his appointment, at which time he had approximately two weeks to attempt to negotiate with Wells Fargo prior to the May 2, 2023 Foreclosure Sale. This foreclosure will irreparably harm the Estate of Anthony Odigie Ahabue and its heirs.

By foreclosing on the Property, Wells Fargo is ignoring the claims process of this court. Wells Fargo never made a claim on the probate Estate of Anthony Odigie Ahabue. Now Wells Fargo seeks to subvert the probate claims process and perform

EXHIBIT A - NOTICE OF REMOVAL

its own self-help by foreclosing on the Property without notice to the Court or to the Estate. This violates the Estate's Constitutional rights to notice and a hearing before its Property is sold by Wells Fargo. This temporary restraining order is required to prevent the unjust taking of equity in this case and send a message to Wells Fargo to work within the probate process.

The Estate of Anthony Odigie Ahabue has shown a strong interest in protecting and preserving the assets of the Estate, and respectfully requests an order enjoining the Defendant from taking this property. Accordingly, the public interest is served by entry of the requested injunctive relief and affirmation of the ability of probate estates to maintain assets in the State of Georgia.

> **D. The threatened injury to the Estate of Anthony Odigie Ahabue  outweighs the threatened harm the proposed injunctive relief may cause Wells Fargo. No other remedies exist for the Estate.**

If foreclosure is allowed, the Estate of Anthony Odigie Ahabue  and its heirs at all will lose all of the equity in the Property. If the foreclosure is allowed, the Estate will lose its only asset, the Property, and this loss will greatly prejudice the heirs of Anthony Odigie Ahabue.  There are no other remedies that exist for the Estate.

Wells Fargo risks little harm if the May 2, 2023 Foreclosure Sale is postponed. Wells Fargo faces little risk of harm, as the foreclosure will merely be delayed, and Wells Fargo will be in the same legal position to re-initiate foreclosure at a later date as if it prevailed over the Petitioner on the merits of this Petition.

EXHIBIT A - NOTICE OF REMOVAL

The mortgage amount on the Security Deed subject to the foreclosure is around $52,000. (Aff. A. Grant ¶ 25) Petitioner's estimation is that the unpaid remaining mortgage balance on the Security Deed subject to the foreclosure is around $408,000. (Aff. A. Grant ¶ 26)  Based on online estimates, the estimated market value of the Property is more than $628,000. (Aff. A. Grant ¶ 27)  Losing the Property could lose the heirs of Anthony Odigie Ahabue an amount in excess of $220,000, based on the probable listing price of the Property, and the amount of equity remaining on the mortgage. (Aff. A. Grant ¶ 28)

Thus, the beneficiaries of Anthony Odigie Ahabue will lose a significant part or all of their inheritance if this foreclosure proceeds, and the Estate will suffer immediate and irreparable injury by the foreclosure, being that the Property is the only assets of the Estate.  (Aff. A. Grant ¶ 29)

By looking at the numbers, it is blatantly clear which side would be prejudiced the most by allowing the May 2, 2023 Foreclosure Sale to proceed and not giving the Estate the opportunity to list and sell the Property as it originally intended in a way that all parties will benefit, including Wells Fargo.

The Estate plans to sell the Property. When this sale occurs, Wells Fargo will be paid back the same amount it seeks in foreclosure. Again, if the Property is lost to foreclosure, the Estate and heirs at law stand to lose the Estate's only asset. Accordingly, the harm that will befall the Estate of Anthony Odigie Ahabue  if the

18

requested injunctive relief is not granted outweighs any perceived or potential harm to Wells Fargo if the injunctive relief is granted.

### E. Plaintiff's Counsel's Certification of Efforts Made to Provide Notice to Defendants Supports Plaintiff's Claim that Notice Should not Be Required.

Next, under O.C.G.A. § 9-11-65(b)(2), a party is required to certify "to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required." Here, Petitioner will serve this Certification on Defendant once it is filed with this Court, by sending same by email to Defendant's counsel, as evidenced by the Certificate of Counsel filed herewith. Therefore, Petitioner has satisfied the notice requirements of O.C .G.A. § 9-11-65(b)(2).

## V. Conclusion.

For the foregoing reasons, the Estate of Anthony Odigie Ahabue  respectfully requests an immediate hearing on its request for entry of a temporary restraining order, a hearing on its request for an interlocutory injunction as soon as appropriate, for this Court to enter the requested temporary restraining order and interlocutory injunction against the May 2, 2023 Foreclosure Sale scheduled by Wells Fargo as soon as practicable. This foreclosure will cause irreparable loss of equity to the Estate of Anthony Odigie Ahabue.  This will preserve the assets of the Estate and to prevent the Estate from losing equity in Anthony Odigie Ahabue 's Property.

EXHIBIT A - NOTICE OF REMOVAL

THIS 27TH DAY OF APRIL, 2022.

RESPECTFULLY SUBMITTED,

CAMERON LAW, LLC

_____
ANDREW CHRISTIAN CAMERON
GEORGIA STATE BAR NO. 487986

6075 BARFIELD ROAD
ATLANTA, GA 30328
(404)316-9231 OFFICE
andrew@cameronfirm.com          *ATTORNEY FOR PETITIONER*

20

## Certificate of Service

I hereby certify that a true and correct copy of the **Brief In Support of Emergency Petition For Temporary Restraining Order and Interlocutory Injunction, and Memorandum of Law in Support** was served by statutory delivery and email as follows:

LOGS Legal Group LLP
211 Perimeter Center Parkway NE, NE Suite 130
Atlanta, Georgia 30346

Corporation Service Company
Registered Agent Wells Fargo Bank, N.A.
2 Sun Court, Suite 400
Peachtree Corners, Georgia, 30092

Dated: April 27, 2023.

CAMERON LAW, LLC

Andrew Cameron

Georgia Bar No. 487986
andrew@cameronfirm.com

6075 Barfield Road

Atlanta, Georgia 30328

404.316-9231 (telephone)

EXHIBIT A - NOTICE OF REMOVAL

ID# 2023-0059858-CV
⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, | CASE NO. |
| vs. | COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |
| WELLS FARGO BANK, N.A., Defendant. | |

### Verification of Petition by the Estate of Anthony Odigie Ahabue and Ali Grant's Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction.

The Estate of Anthony Odigie Ahabue and Ali Grant, attorney with Andrew, Merritt, Reilly & Smith, LLP and on behalf of Michael T. Smith, Temporary Administrator, being duly sworn, deposes and says:

I have read and know the contents of the Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction ("Petition") in the above styled case, and know the contents thereof, and the factual information contained therein is true based upon my personal knowledge, developed through events during the filing of the Estate of Anthony Odigie Ahabue in Cobb County Probate. The Petition was prepared by counsel retained on behalf of the Estate of Anthony Odigie Ahabue. I am not attesting to any case law, legal objections, legal statutes, or legal conclusions.

This ___28___ day of April, 2023.

State of _Georgia_               )
County of _Gwinnett_             )

The foregoing instrument was sworn to and
subscribed before me this 28th date of _April_ ,
2023, by Ali Grant.

Notary Public: _Hanna V. Herr_

Ali Grant, Attorney with Estate of Anthony
Odigie Ahabue
Address: 7 Lumpkin Street, Lawrenceville,
Georgia 30046
Phone: (770) 513-1200

My Commission expires: _10|14|2024_



Page **2** of **2**

ID# 2023-0059859-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., Defendant. | CASE NO. <br><br> COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |

### <u>AFFIDAVIT OF ALI GRANT</u>

I, Ali Grant, the undersigned, being duly sworn state on the basis of my personal knowledge as follows:

1.      I am over eighteen (18) years of age and competent to testify and I have personal knowledge of the facts set forth herein.

2.      I work as an attorney at the law firm of Andrew, Merritt, Reilly & Smith, LLP, which provides fiduciary and County Administrator services for Cobb County Georgia.

3.      I am on the Estate team of Michael T. Smith at Andrew, Merritt, Reilly & Smith, LLP, and I am involved in many aspects assisting him in handling the Estate Administration duties, and I am competent to testify about all matters related to the Estate of Anthony Odigie Ahabue.

4.      On April 21, 2023, Michael T. Smith in my law firm was appointed Temporary Administrator for the Estate of Anthony Odigie Ahabue, who passed

Page **1** of **7**

EXHIBIT A - NOTICE OF REMOVAL

away intestate in Cobb County, Georgia on December 7, 2021. (see attached **Exhibit 1**, Temporary Letters of Administration)

5.      At the time of his passing, Anthony Odigie Ahabue was survived by his spouse, Bukola Funmilayo Ahabue, and four children, Ansel Ahabue, Angel Ahabue, Precious Ahabue, and Asher Ahabue.

6.      These individuals represent the only surviving heirs at law of Anthony Odigie Ahabue.

7.      At the date of his passing, Anthony Odigie Ahabue owned the house and real property located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127 (the "Property"), with Mr. Ahabue owning 100% of the Property. (See attached **Exhibit 2**, Limited Warranty Deed) (See attached **Exhibit 3**, Cobb County Assessor Information about the Property and Notice of Tax Assessment for 2022)

8.      When Anthony Odigie Ahabue passed away, on information and belief, mortgage payments stopped being made on the loan servicing the Property under a Security Deed held by Wells Fargo, N.A. ("Wells Fargo"). (See attached **Exhibit 4**, Security Deed)

9.      At the current time, it is my understanding that other than a small bank account held by the Decedent, the Property is the largest and possibly only remaining asset of the Estate of Anthony Odigie Ahabue.

10.     On or around April 19, 2023, I received word from another lawyer

EXHIBIT A - NOTICE OF REMOVAL

working on the Estate that the Property was subject to a foreclosure sale via a May 2, 2023 foreclosure auction (the "Foreclosure").

11.     I later discovered that a Notice of Foreclosure was sent to the Property on or around March 28, 2023, announcing the May 2, 2023 foreclosure sale, but the Property was unoccupied at the time and no one received it (See attached **Exhibit 5**, Notice of Foreclosure).

12.     Given that Michael T. Smith in my law firm was only appointed as Temporary Administrator on April 24, 2023, we were not aware that the Property was in danger of foreclosure or the status of mortgage payments prior to April 19, 2023.

13.     Immediately after discovery of the pending foreclosure, as well as Mr. Smith's appointment as Administrator, our firm began performing his duties as Temporary Administrator, and attempted to search for and marshal any assets of the Estate so as to preserve the assets of the Estate.

14.     The May 2, 2023 Foreclosure sale will occur only days after our firm's multiple attempts to contact both Wells Fargo and counsel for Wells Fargo, and the complete absence of any responses from counsel for Wells Fargo risks the Foreclosure sale going forward absent a temporary restraining order.

15.     On April 19, 2023, and twice on April 24, 2023 and again on April 27, 2023, I sent an email to Howell Hall, Managing Attorney for Georgia at LOGS Legal Group LLP at Hohall@logs.com, as well as kkhashan@logs.com, forwarding a copy

EXHIBIT A - NOTICE OF REMOVAL

of the Temporary Letters of Administration Appointing Michael T. Smith as Temporary Administrator of the Estate and requesting a reinstatement amount as well as a postpone of the May 2, 2023 Foreclosure Sale. (See attached **Exhibit** 6, collective April 19, 2023 – April 27, 2023 emails to LOGS Legal Group, LLP)

16.    On April 24, 2023, my firm both mailed and faxed a letter to LOGS Legal Group, LLP at (770) 220-2665, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (See attached **Exhibit** 7, April 24, 2023 Letter and Fax to LOGS Legal Group, LLP)

17.    On April 25, 2023, my firm faxed a letter to Wells Fargo at (866) 278-1179, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (See attached **Exhibit** 8, April 25, 2023 Letter and Fax to Wells Fargo)

18.    On April 27, 2023, my firm faxed a letter to Wells Fargo at (866) 278-1179, including a copy of Mr. Smith's Temporary Letters of Administration, as well as a letter requesting a postponement of the May 2, 2023 Foreclosure sale to give the Estate time to sell the property. (See attached **Exhibit** 9, April 27, 2023 Letter and Fax to Wells Fargo)

19.    Throughout my attempts to contact both Wells Fargo as well as counsel for Wells Fargo, I have received no responses to my communications.

Page 4 of 7

20.    It appears to me from my communications with both Wells Fargo and counsel for Wells Fargo that they never intend to stop the foreclosure once the foreclosure process is initiated and there is no other way to prevent foreclosure.

21.    I have exhausted every means I know to work out a settlement with Wells Fargo and resolve issues with the mortgage in good faith, and to work with Wells Fargo to ensure that the Property is not foreclosed upon.

22.    Knowing the issues with the mortgage payments in the past, my firm would have rushed to sell the Property immediately upon receiving Temporary Letters of Administration in order to avoid foreclosure.

23.    Wells Fargo has not made a creditor claim on the Estate for the delinquent mortgage amounts owed.

24.    Based on a November 2022 Wells Fargo Statement, in November 2022 the unpaid past due balance was $36,259.14. (See attached **Exhibit** 10, November 2022 Wells Fargo Statement)

25.    With a current monthly mortgage payment of $3,004.65 per month plus late charges of around $307.32 per month ($16,559.85 for five months Dec 2022 – April 2023), our estimation is that as of April 2023 the unpaid balance is around $52,818.99.

26.    Our estimation is that the unpaid remaining mortgage balance on the Security Deed subject to the foreclosure is around $408,000.

27.    Based on online estimates, the estimated market value of the Property

Page 5 of 7

EXHIBIT A - NOTICE OF REMOVAL

is more than $628,000. (See attached **Exhibit** 11, Estimates from Zillow, Trulia and Redfin websites for the Property)

28.    Losing the Property could lose the heirs of Anthony Odigie Ahabue an amount in excess of $220,000, based on the probable listing price of the Property, and the amount of equity remaining on the mortgage.

29.    The beneficiaries of Anthony Odigie Ahabue will lose a significant part of their inheritance if this foreclosure proceeds, and the Estate will suffer immediate and irreparable injury by the foreclosure, being that the Property is the only assets of the Estate.

30.    On April 27, 2023, Andrew Cameron sent to LOGS Legal Group, LLP, stating that he would be requesting the relief sought therein on an emergency and ex parte basis. (See attached **Exhibit** 12, April 27, 2023 Email to LOGS Legal Group LLP)

FURTHER AFFIANT SAITH NOT.

_____
Ali Grant

**STATE OF** Georgia _____ )
**COUNTY OF** Gwinnett _____ )

Personally      appearing      before      me,      the      undersigned
____Hanna Hann_____, a Notary Public in and for the said County and State, the within named Ali Grant, with whom I am personally acquainted, executed the foregoing instrument.

Witness      my      hand      and      official      seal      at      (City,      State)
Page **6** of **7**

_Hanna Herin_____, this the 28th day of __April_____, 2023.

_Hanna V. He_____
Notary Public

My commission expires: _10/14/2024_____

Page 7 of 7



# Probate Court of Cobb County

## IN THE PROBATE COURT OF COBB COUNTY
## STATE OF GEORGIA

FILED IN OFFICE

2023 APR 21 PM 4:37

PROBATE COURT OF
COBB COUNTY, GA

IN RE: ESTATE OF )
)
**ANTHONY ODIGIE AHABUE,** ) ESTATE NO. 22-P-0528
**DECEASED** )

### TEMPORARY LETTERS OF ADMINISTRATION

At a regular term of Probate Court, this Court granted an order allowing **MICHAEL T. SMITH** to qualify as Temporary Administrator(s) of the above-named Decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Temporary Letters of Administration be issued to such Temporary Administrator(s).

THEREFORE, the said Temporary Administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to collect and preserve the assets of the Decedent until a Personal Representative is appointed (or the Temporary Administrator is discharged); and thereupon to deliver up such assets to the Personal Representative of the estate of said Decedent, according to Georgia law.

_____ [optional, initial if Order grants Temporary Administrator(s) powers to expend funds] FURTHERMORE, the said Temporary Administrator(s) is/are granted powers to expend funds to collect and preserve the assets of the estate as follows: _____

_____

_____

_____

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 21st day of ___April___, 20 23 .

Kelli L. Wolk, Judge
Cobb County Probate Court

*The following must be signed if the judge*
*does not sign the original of this document:*

Issued by:                                          *[Seal]*
Jannelis Miranda-Ragsdale
Clerk of the Probate Court

EXHIBIT 1

EXHIBIT A - NOTICE OF REMOVAL

After Recording Return to:
Bagwell & Associates, PC
2931 Piedmont Road, Suite C
Atlanta, GA 30305

Property: 635 Owl Creek Drive, Powder Springs, GA 30127
File No.: LH-19-1476
Tax Parcel: 20-0269-0-107-0

Deed Book 15704 Page 2852
Filed and Recorded 01/17/20 1:43:00 PM
2020-0007024
Real Estate Transfer Tax $445.00
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 5036538523
0848497841

——————— [Space Above This Line For Recording Data] ———————

## LIMITED WARRANTY DEED

STATE OF GEORGIA

COUNTY OF FULTON

THIS INDENTURE, made this 30th day of December, 2019, between Richard S. Boggess and Lynn E. Boggess, as party or parties of the first part, hereinafter called Grantor, and Anthony Odigie Ahabue, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH THAT: Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00) AND OTHER VALUABLE CONSIDERATION in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto Grantee:

All that tract or parcel of land lying and being in Land Lot No.259, of the 20th District, 2nd Section, of Cobb County, Georgia, being all of Lot No. 152, Brown's Farm, Unit I, as more particularly shown on plat recorded in Plat Book 179, Page 66, Cobb County, Georgia Records, which plat is hereby referred to and incorporated herein by reference thereto for a more complete description of said lot, being improved property now or formerly known as 635 Owl Creek Drive, according to the present system of numbering in Cobb County, Georgia.

Parcel No. 20026001070

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoove of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons owning, holding or claiming by, through or under said Grantor, but not otherwise.

IN WITNESS WHEREOF, Grantor has signed and sealed this deed, the day and year above written.

_____
Richard S. Boggess

_____
Lynn E. Boggess, By Richard S. Boggess
as her Attorney In Fact

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

John E. Bagwell III
Notary Public
Fulton County, Georgia
My Commission Expires
December 27, 2022

EXHIBIT 2

EXHIBIT A - NOTICE OF REMOVAL

# qPublic.net™ Cobb County, GA

## Composite Summary

| | |
|---|---|
| Parcel Number | 20026901070 |
| Location Address | 635 OWL CREEK DR |
| Property Class | R3 - Residential Lots |
| Total Acres | 0 |
| Total Land SqFt | 0 |
| Neighborhood | 20053036 - BROWNS FARM |
| Tax District | (9) UNINCORPORATED |
| Subdivision | 3036-BROWNS FARM |

View Map



## Owner

Ahabue Anthony Odigie
635 OWL CREEK DR
POWDER SPRINGS GA 30127

## Appraised Values

| Year | Property Class | LUC | Appraised Land | Appraised Building Value | Total Appraised Value |
|---|---|---|---|---|---|
| 2022 | R3 | 101 | $95,000 | $360,110 | $455,110 |

⊞ Show Historical Appraised Values

## Assessed Values

| Year | Assessed Land | Assessed Building Value | Total Assessed Value |
|---|---|---|---|
| 2022 | $38,000 | $144,044 | $182,044 |

⊞ Show Historical Assessed Values

## Residential Improvement Information

| | |
|---|---|
| Card | 1 |
| Stories | 2 |
| Exterior Wall | 3 SIDE BRICK OR STONE |
| Style | TWO STORY |
| Basement | FULL |
| Res Sq Ft | 3604 |
| Rec Room | 0 |
| Finished Bsmt Sqft | 347 |
| Year Built | 1996 |
| Total Rooms | 8 |
| Bedrooms | 5 |
| Bathrooms | 3 |
| Half Bathrooms | 1 |
| Fireplaces | 2 |
| Att Garage Sq Ft | 483 |
| Bsmt Garage (# of Cars) | |

## Sales Information

| Sale Date | Sale Price | Instrument | Deed Book | Deed Page | Sales Validity | Grantor | Grantee | Recording |
|---|---|---|---|---|---|---|---|---|
| 12/30/2019 | $445,000 | LD | 15704 | 2852 | VALID SALE | BOGGESS RICHARD S. | AHABUE ANTHONY ODIGIE | Click Here |
| 9/5/2003 | $352,000 | | 13841 | 2070 | VALID SALE | GLEDHILL DAVID E & PATRICIA | BOGGESS RICHARD S & LYNA E | Click Here |
| 10/31/1997 | $297,500 | | 10792 | 122 | VALID SALE | CAMPBELL DEANNA S & GUY A | GLEDHILL DAVID E & PATRICIA | Click Here |

As an enhanced customer service, the Superior Court Clerk and Tax Assessors' Office has created this direct link to deed documents.
Not all deeds display on the Tax Assessors' Website! For complete deed research, visit the Superior Court Clerk's website at http://www.cobbsuperiorcourtclerk.org

## Photos

EXHIBIT 3

EXHIBIT A - NOTICE OF REMOVAL



Sketches



| Room Type | Area |
|---|---|
| A Main Area | 1157 |
| B 1 STORY FRAME/UNFIN BASEMENT | 690 |
| C MAS HALF STORY/MASONRY GARAGE | 483 |
| D 1 STORY FRAME | 300 |
| E SCREEN PORCH | 168 |
| F WOOD DECK | 136 |
| G FRAME OVER HANG | 30 |
| H FRAME BAY/FRAME BAY | 14 |
| I OPEN PORCH | 12 |

No data available for the following modules: 2022 Undeliverable Notices, Upcoming Visits, Summary - Personal Property, Current Year Business Forms, Appraised Values - Personal Property, Commercial Improvement Information, Accessory Information, Appeals, Permits.

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 4/27/2023, 5:15:21 PM


Schneider
GEOSPATIAL

EXHIBIT 3

EXHIBIT A - NOTICE OF REMOVAL

# ANNUAL NOTICE OF ASSESSMENT

PT-306 (revised May 2018)



**COBB COUNTY**
**BOARD OF TAX ASSESSORS**
P.O. Box 649
Marietta, GA 30061-0649
(770) 528-3100

R3
2022

**Official Tax Matter - 2022 Tax Year**
This correspondence constitutes an
official notice of ad valorem assessment
for the tax year shown above.

Annual Assessment Notice Date: **05/19/2022**

Last date to file a written appeal: **07/05/2022**

\*\*\*This is not a tax bill - Do not send payment\*\*\*

County property records are available online at:
**www.cobbassessor.org**

```
**********AUTO**5-DIGIT 30127   452  15   166595  1 AV 0.426
AHABUE ANTHONY ODIGIE
635 OWL CREEK DR
POWDER SPRINGS GA
```

| | | | | | | |
|---|---|---|---|---|---|---|
| **A** | The amount of your ad valorem tax bill for the year shown above will be based on the <u>Appraised</u> (100%) and <u>Assessed</u> (40%) values specified in BOX 'B' of this notice. You have the right to submit an appeal regarding this assessment to the County Board of Tax Assessors. If you wish to file an appeal, you must do so no later than 45 days after the date of this notice. If you do not file an appeal by this date, your right to file an appeal will be lost. Appeal forms which may be used are available at http://dor.georgia.gov/documents/property-tax-appeal-assessment-form. | | | | | |

At the time of filing your appeal you must select one of the following appeal methods:

(1) County Board of Equalization (value, uniformity, denial of exemption, or taxability)
(2) Arbitration (value)
(3) County Hearing Officer (value or uniformity, on non-homestead real property or wireless personal property valued, in excess of $500,000)

All documents and records used to determine the current value are available upon request. For further information regarding this assessment and filing an appeal, you may contact the county Board of Tax Assessors which is located at 736 Whitlock Avenue, Suite 200, Marietta, GA 30064 and which may be contacted by telephone at: (770) 528-3100. Your staff contacts are Appraiser Mccolley and Appraiser J. Smith.

Additional information on the appeal process may be obtained at http://dor.georgia.gov/property-tax-real-and-personal-property

| Account Number | Property ID Number | Acreage | Tax Dist | Covenant Year | Homestead |
|---|---|---|---|---|---|
| | 20026901070 | | Unincorporated | | YES - 111 |

**B**

| Property Description | R3 - RESIDENTIAL LOTS | NBHD - 20053036 | |
|---|---|---|---|
| Property Address | 635 OWL CREEK DR | | |

| | Taxpayer Returned Value | Previous Year Fair Market Value | Current Year Fair Market Value | Current Year Other Value |
|---|---|---|---|---|
| 100% Appraised Value | | 455,110 | 455,110 | |
| 40% Assessed Value | | 182,044 | 182,044 | |

**Reasons for Assessment Notice**

Annual assessment notice - no change

**C**

The estimate of your ad valorem tax bill for the current year is based on the previous or most applicable year's net millage rate and the fair market value contained in this notice. The actual tax bill you receive may be more or less than this estimate. This estimate may not include all eligible exemptions.

| Taxing Authority | Other Exempt | Homestead Exempt | Net Taxable Value | Millage | Estimated Tax |
|---|---|---|---|---|---|
| COUNTY GENERAL | | 26,364 | 155,680 | .008460 | 1,317.05 |
| COUNTY BOND | | | 182,044 | .000130 | 23.67 |
| COUNTY FIRE | | | 182,044 | .002860 | 520.65 |
| SCHOOL GENERAL | | 10,000 | 172,044 | .018900 | 3,251.63 |
| SCHOOL BOND | | | 182,044 | .000000 | .00 |
| TOTAL COUNTY | | | | | 5,113.00 |
| STATE TOTAL | | 2,000 | 180,044 | .000000 | .00 |
| TOTAL ESTIMATE | | | | | 5,113.00 |

EXHIBIT 3

| | | |
|---|---|---|
| | Total Estimated Tax | **$5,113.00** |

EXHIBIT A - NOTICE OF REMOVAL

FOR TRF SEE
DE Book 16029 Page 2672

Deed Book 15704 Page 2853
Filed and Recorded 01/17/20 1:43:00 PM
2020-0007025
Georgia Intangible Tax Paid $1,269.00
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 5036538523
0848497841

After Recording Return To:
Rivas T & A R & B & PC
4301 Peachtree road, Suite C
Atlanta GA 30005

**BA**

Sent On ___ / ___ / ___ by ___

WHEN RECORDED, MAIL TO:
SILVERTON MORTGAGE
1201 PEACHTREE ST. NE STE 2050
ATLANTA, GEORGIA 30361

. This instrument was prepared by:
VANDERBILT MORTGAGE AND FINANCE, INC. DBA SILVERTON MORTGAGE
1201 PEACHTREE ST NE,  2050
ATLANTA, GEORGIA 30361
855-815-0291

Parcel ID Number: 20-0269-0-107-0
                                          (Space Above This Line For Recording Data)

## SECURITY DEED

MIN: 100643800040511887
SIS Telephone #: (888) 679-MERS

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated December 30, 2019, together with all Riders to this document.

(B) "Borrower" is ANTHONY ODIGIE AHABUE, AN UNMARRIED MAN. Borrower is the grantor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is VANDERBILT MORTGAGE AND FINANCE, INC. DBA SILVERTON MORTGAGE. Lender is a TENNESSEE CORPORATION, organized and existing under the laws of TENNESSEE.
Lender's address is 1201 PEACHTREE ST NE, 2050, ATLANTA, GEORGIA 30361.

(E) "Note" means the promissory note signed by Borrower and dated December 30, 2019. The Note states that Borrower owes Lender FOUR HUNDRED TWENTY-TWO THOUSAND SEVEN HUNDRED FIFTY AND NO/100 Dollars (U.S. $422,750.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than January 1, 2050.

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS                    Form 3011  1/01
IDS, Inc. - 30208                                                   Page 1 of 11

Borrower(s) Initials  A·O·A

EXHIBIT 4

EXHIBIT A - NOTICE OF REMOVAL

(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Adjustable Rate Rider | ☐ | Condominium Rider | ☐ | Second Home Rider |
| ☐ | Balloon Rider | ☒ | Planned Unit Development Rider | ☐ | VA Rider |
| ☐ | 1-4 Family Rider | ☐ | Biweekly Payment Rider | | |
| ☒ | Other (Specify) Waiver of Borrower's Rights Rider | | | | |

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property located in the County of COBB:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT A**

which currently has the address of   635 OWL CREEK DRIVE
                                                      POWDER SPRINGS, GEORGIA 30127,                                         ("Property Address"):

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom,

---

GEORGIA- Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT with MERS**          **Form 3011  1/01**
Page 2 of 11
IDS, Inc. - 30206                                                                                 Borrower(s) Initials  A DA

EXHIBIT 4

EXHIBIT A - NOTICE OF REMOVAL

EXHIBIT 4

MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive

EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2855

Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such

GEORGIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 4 of 11

IDS, Inc. - 30208

Form 3011 1/01

Borrower(s) Initials A D A

EXHIBIT 4



EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2857

determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 5 of 11

IDS, Inc. - 30200

Form 3011  1/01

Borrower(s) Initials  ADA

EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2858

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property (as set forth below). Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, making repairs, replacing doors and windows, draining water from pipes, and eliminating building or other code violations or dangerous conditions. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

---

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS          Form 3011 1/01
Page 6 of 11

IDS, Inc. - 30208                              Borrower(s) Initials   *ADA*



**EXHIBIT 4**

EXHIBIT A - NOTICE OF REMOVAL

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has -- if any -- with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS  Form 3011 1/01
Page 7 of 11

IDS, Inc. - 30206

Borrower(s) Initials  A-DA

EXHIBIT 4

Deed Book 15704 Page 2860

Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

---

**GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS**
Page 8 of 11
Form 3011 1/01

IDS, Inc. - 30208

Borrower(s) Initials _ADA_



**EXHIBIT 4**

EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2861

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 9 of 11

IDS, Inc. -30006

Form 3011 1/01

Borrower(s) Initials ___ADA___



EXHIBIT 4

EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2862

Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

25. Assumption Not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

26. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 10 of 11

Form 3011  1/01

IDS, Inc. - 30208

Borrower(s) Initials ___ADA___



EXHIBIT 4

EXHIBIT A - NOTICE OF REMOVAL

Deed Book 15704 Page 2863

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
ANTHONY ODIGIE AHABUE          -Borrower

_____ (Seal)
                              -Borrower

STATE OF GEORGIA,          FULTON          County ss:

Signed, sealed and delivered this   30   day of   December   , 2019
in the presence of:

_____
Unofficial Witness

John E Bagwell III
Notary Public
Fulton County, Georgia
My Commission Expires
December 27, 2022

Notary Public,           Fulton     County
State of GEORGIA

Loan originator (Organization): VANDERBILT MORTGAGE AND FINANCE, INC. DBA SILVERTON MORTGAGE; NMLS #: 1561
Loan originator (Individual): SHARON LINTAULT; NMLS #: 216210

GEORGIA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 11 of 11
IDS, Inc. - 30208

Form 3011   1/01

EXHIBIT 4

EXHIBIT A - NOTICE OF REMOVAL

LOGS Legal Group LLP
P.O. Box 9108
Temecula, CA  92589-9108

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2378481081

Send Correspondence to:
LOGS Legal Group LLP
211 Perimeter Center Pkwy, N.E.
Suite 300
Atlanta, GA  30346

20230328-364

Anthony Odigie Ahabue
635 Owl Creek Dr
Powder Springs, GA 30127



FCCMERR-SS

EXHIBIT 5

EXHIBIT A - NOTICE OF REMOVAL



2375481081

**LOGS Legal Group LLP**
Attorneys at Law

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Managing Attorney**
Howell Hall (licensed in GA)

211 Perimeter Center Parkway, N.E., Suite 130
Atlanta, Georgia 30346
Tel: (770) 220-2535 • Fax: (770) 220-2665

March 28, 2023

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

RE: LOGS Legal Group LLP File Number: 23-080267
Property Address: 635 Owl Creek Drive, Powder Springs, GA 30127
Loan Number: ▇▇▇▇9666

This law firm represents Wells Fargo Bank, N.A.. Wells Fargo Bank, N.A. holds the Security Deed respecting the above-described Property.

This law firm has been retained to conduct a non-judicial foreclosure sale of the Property. A foreclosure sale of the Property is scheduled for May 2, 2023. Pursuant to O.C.G.A. § 44-14-162.2. a copy of the notice of sale submitted to the publisher is enclosed.

Be advised that the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor is as follows:

Wells Fargo Bank, N.A.
Customer Service Loss Mitigation
1 Home Campus
Des Moines, IA 50328

1-800-678-7986

This letter is being sent solely for the purpose of enforcement of the Security Deed through non-judicial foreclosure sale of the Property.

If you signed the Security Deed encumbering the Property but did not execute the Note secured by the Security Deed, nothing herein shall be construed to suggest that you are personally obligated for the Note indebtedness.



www.LOGS.com

Practicing in Indiana as Law Office of Gerald M. Shapiro, LLP

**EXHIBIT**

## EXHIBIT A - NOTICE OF REMOVAL

If you did not sign the Security Deed or the Note but are the current owner of the Property whose identity has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to O.C.G.A. § 44-14-162.2, you are being sent this letter pursuant to O.C.G.A. § 44-14-162.1.

If you executed the Note but have received a discharge in a bankruptcy releasing you from personal liability on the loan, be advised that the secured creditor seeks only to enforce the Security Deed through non-judicial foreclosure sale of the Property. This notice is required for that purpose and nothing herein shall be construed to suggest that you are personally obligated for the debt.

If you are currently in the military service or have been in the military service within the past year, or are a dependent of such a Servicemember, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act.

If you have any questions or information relevant to the matters described in this letter, you may call LOGS Legal Group LLP at (770) 220-2535.

Very Truly Yours,
LOGS Legal Group LLP

Enc.: Notice of Sale

(FC-30 DAY NOTICE.LTR)



EXHIBIT 5

EXHIBIT A - NOTICE OF REMOVAL

STATE OF GEORGIA
COUNTY OF COBB

### NOTICE OF SALE UNDER POWER

Because of a default under the terms of the Security Deed executed by Anthony Obigie Ahabue, an unmarried man to Mortgage Electronic Registration Systems, Inc., as nominee for Vanderbilt Mortgage and Finance, Inc., dba Silverton Mortgage dated December 30, 2019, and recorded in Deed Book 15704, Page 2853, Cobb County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Wells Fargo Bank, N.A. securing a Note in the original principal amount of $422,750.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, May 2, 2023, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

**All that tract or parcel of land lying and being in Land Lot No.269, of the 20th District, 2nd Section, of Cobb County, Georgia, being all of Lot No. 152, Brown's Farm, Unit I, as more particularly shown on plat recorded in Plat Book 179, Page 68, Cobb County, Georgia Records, which plat is hereby referred to and incorporated herein by reference thereto for a more complete description of said lot, being improved property now or formerly known as 635 Owl Creek Drive, according to the present system of numbering in Cobb County, Georgia.**

Said property is known as **635 Owl Creek Drive, Powder Springs, GA 30127**, together with all fixtures and personal property attached to and constituting a part of said property, if any.

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The proceeds of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.



**EXHIBIT 5**

EXHIBIT A - NOTICE OF REMOVAL

The property is or may be in the possession of **The Representative of the Estate of Anthony Odigie Ahabue, successor in interest or tenant(s).**

**Wells Fargo Bank, N.A. as Attorney-in-Fact for Anthony Obigie Ahabue, an unmarried man**

File no. 23-080267
LOGS LEGAL GROUP LLP*
Attorneys and Counselors at Law
211 Perimeter Center Parkway, N.E., Suite 130
Atlanta, GA 30346
(770) 220-2535/***CF_REFERENCE_INITIALS***
https://www.logs.com/
*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



**EXHIBIT 5**

EXHIBIT A - NOTICE OF REMOVAL

Creek Drive

 Gmail

---

## FW: Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive
1 message

---

**From:** Ali Grant
**Sent:** Thursday, April 27, 2023 1:27 PM
**To:** kkhashan@logs.com; hohall@logs.com
**Cc:** Jordan Mitchell <jmitchell@amrslaw.com>; Hanna Thomas <HThomas@amrslaw.com>; Kimberly Seo
<kseo@amrslaw.com>
**Subject:** RE: Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive


Good afternoon,


I'm waiting on correspondence from the bank but any chance one of you could tell us the reinstatement
amount?


**Ali E. Grant**

**Professional Fiduciary | Lead Attorney**

**Georgia Fiduciary Group | Andrew, Merritt, Reilly & Smith, LLP**
7 Lumpkin Street, Lawrenceville, Georgia  30046

P.O. Box 1246, Lawrenceville, Georgia 30046
(770) 513-1200
AGrant@amrslaw.com

**For the fastest service, please REPLY-ALL to reach all of your estate team members.**

Ctrl  + Click link to follow  >>    AMRS       Contact Us       Probate Georgia

This e-mail is being sent by or on behalf of any attorney and contains information that may be attorney-client privileged and
confidential.  It is intended only for the individual or entity named above.  If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this e-mail (including attachments) is prohibited.  If you have received
this communication in error, please delete it and notify the sender immediately.


To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any
transaction or matter addressed herein.  No duties are assumed or created by this communication.  If you have not executed a fee
contract or an engagement letter, this firm does NOT represent you as your attorney.  You are encouraged to retain counsel of your
choice if you desire to do so.

EXHIBIT 6

EXHIBIT A - NOTICE OF REMOVAL

4/27/23, 6:36 PM

**From:** Ali Grant
**Sent:** Monday, April 24, 2023 2:33 PM
**To:** kkhashan@logs.com; hohall@logs.com
**Cc:** Mike Smith (msmith@amrslaw.com) <msmith@amrslaw.com>; Jordan Mitchell <jmitchell@amrslaw.com>; Hanna Thomas <HThomas@amrslaw.com>; Kimberly Seo <kseo@amrslaw.com>
**Subject:** RE: Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive
**Importance:** High

Please see attached.

**Ali E. Grant**

**Professional Fiduciary | Lead Attorney**

**Georgia Fiduciary Group | Andrew, Merritt, Reilly & Smith, LLP**
7 Lumpkin Street, Lawrenceville, Georgia  30046

P.O. Box 1246, Lawrenceville, Georgia 30046
(770) 513-1200
AGrant@amrslaw.com

**For the fastest service, please REPLY-ALL to reach all of your estate team members.**

Ctrl + Click link to follow  >>    AMRS       Contact Us       Probate Georgia

This e-mail is being sent by or on behalf of any attorney and contains information that may be attorney-client privileged and confidential.  It is intended only for the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this e-mail (including attachments) is prohibited.  If you have received this communication in error, please delete it and notify the sender immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  No duties are assumed or created by this communication.  If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so.

**From:** Ali Grant
**Sent:** Monday, April 24, 2023 8:50 AM
**To:** kkhashan@logs.com; hohall@logs.com
**Cc:** Mike Smith (msmith@amrslaw.com) <msmith@amrslaw.com>; Jordan Mitchell <jmitchell@amrslaw.com>; Hanna Thomas <HThomas@amrslaw.com>; Kimberly Seo <kseo@amrslaw.com>
**Subject:** RE: Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive

We received Mr. Smith's Temporary Letters of Administration so I wanted to follow up on the below request. Please acknowledge receipt.

**Ali E. Grant**

**Professional Fiduciary | Lead Attorney**                                                                                    EXHIBIT 6

EXHIBIT A - NOTICE OF REMOVAL

4/27/23, 6:36 PM

Georgia Fiduciary Group | Andrew, Merritt, Reilly & Smith, LLP
7 Lumpkin Street, Lawrenceville, Georgia 30046

P.O. Box 1246, Lawrenceville, Georgia 30046
(770) 513-1200
AGrant@amrslaw.com

**For the fastest service, please REPLY-ALL to reach all of your estate team members.**

Ctrl + Click link to follow >>   AMRS      Contact Us      Probate Georgia

This e-mail is being sent by or on behalf of any attorney and contains information that may be attorney-client privileged and confidential. It is intended only for the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this e-mail (including attachments) is prohibited. If you have received this communication in error, please delete it and notify the sender immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. No duties are assumed or created by this communication. If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so.

**From:** Ali Grant
**Sent:** Wednesday, April 19, 2023 4:28 PM
**To:** 'kkhashan@logs.com' <kkhashan@logs.com>
**Cc:** Mike Smith (msmith@amrslaw.com) <msmith@amrslaw.com>; Jordan Mitchell <jmitchell@amrslaw.com>; Hanna Thomas <HThomas@amrslaw.com>; Kimberly Seo <kseo@amrslaw.com>
**Subject:** FW: Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive
**Importance:** High

**From:** Ali Grant
**Sent:** Wednesday, April 19, 2023 3:33 PM
**To:** hohall@logs.com
**Cc:** Mike Smith (msmith@amrslaw.com) <msmith@amrslaw.com>; Jordan Mitchell <jmitchell@amrslaw.com>; Hanna Thomas <HThomas@amrslaw.com>; Kimberly Seo <kseo@amrslaw.com>
**Subject:** Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive
**Importance:** High

Good afternoon Mr. Hall,

Michael Smith in my office has been appointed as the Temporary Administrator for the Estate of Anthony Odigie Ahabue – please see the Order attached. We should have Mr. Smith's Letters of Administration to send to you tomorrow.

We also received a copy of the letter from your firm noting that the property at 635 Owl Creek Drive, Powder Springs, Georgia 30127 is scheduled to be sold at a foreclosure sale on May 2, 2023. Unfortunately, the Court did not serve us with the Order appointing Mr. Smith until today.

EXHIBIT 6

EXHIBIT A - NOTICE OF REMOVAL

We would like to request a sixty (60) day extension of the foreclosure sale to give us time to market and sell the property. Please confirm receipt of this email and let me know your thoughts.


Thank you,


**Ali E. Grant**

Professional Fiduciary | Lead Attorney

Georgia Fiduciary Group | Andrew, Merritt, Reilly & Smith, LLP
7 Lumpkin Street, Lawrenceville, Georgia  30046

P.O. Box 1246, Lawrenceville, Georgia 30046
(770) 513-1200
AGrant@amrslaw.com

**For the fastest service, please REPLY-ALL to reach all of your estate team members.**

Ctrl  + Click link to follow  >>   AMRS      Contact Us      Probate Georgia

This e-mail is being sent by or on behalf of any attorney and contains information that may be attorney-client privileged and confidential.  It is intended only for the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this e-mail (including attachments) is prohibited.  If you have received this communication in error, please delete it and notify the sender immediately.


To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  No duties are assumed or created by this communication.  If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so.

EXHIBIT 6

EXHIBIT A - NOTICE OF REMOVAL

**ANDREW, MERRITT, REILLY & SMITH, L.L.P.**
**SEVEN LUMPKIN STREET**
**LAWRENCEVILLE, GEORGIA 30046**
**TEL (770) 513-1200**
**FAX (770) 513-1201**

# FACSIMILE TRANSMISSION COVER

---

**If there is a problem with transmission, or if all pages**
**are not received, please call the above number for retransmission.**

---

**DATE: April 24, 2023**

**TO:**   **LOGS LEGAL GROUP**          **PHONE: (770) 220-2665**

**FROM:**  **MICHAEL T. SMITH, TEMPORARY**
          **ADMINISTRATOR FOR THE ESTATE OF**
          **ANTHONY AHABUE**

**RE:**   **635 OWL CREEK DRIVE; 23-080267**

**Number of pages including this cover page:**

**Eight (8)**

<div style="border:1px solid black">

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

</div>

**Comments:**

_____

_____

_____

_____

_____

_____

_____

_____


EXHIBIT 7

EXHIBIT A - NOTICE OF REMOVAL

# Andrew, Merritt, Reilly & Smith
### A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*
www.amrslaw.com

SEVEN LUMPKIN STREET
LAWRENCEVILLE, GEORGIA 30046

TELEPHONE: 770-513-1200
FACSIMILE: 770-513-1201

April 24, 2023

*VIA FIRST CLASS MAIL AND FACSIMILE (770) 220-2665*

LOGS Legal Group LLP
211 Perimeter Center Pkwy. N.E.
Suite 300
Atlanta, Georgia 30346

Re:   Estate of Anthony Ahabue
       635 Owl Creek Drive, Powder Springs, Georgia 30127
       LOGS Legal Group LLP File Number: 23-080267

To Whom it May Concern:

This letter is to inform you that I have been appointed as the Temporary Administrator for the Estate of Anthony Ahabue. Please find my Temporary Letters of Administration enclosed herewith.

I am under the impression that the above property is scheduled to be sold at a foreclosure sale on May 2, 2023. I received my Temporary Letters of Administration on April 21, 2023, approximately one (1) week before said scheduled foreclosure sale. In light of the same, ***please allow this letter to serve as a request for a sixty (60) day extension so that we may market and sell the Decedent's property.***

Please contact attorney Ali Grant as soon as possible at the above phone number or via email – agrant@amrslaw.com, to discuss the same.

Sincerely,

Michael T. Smith
Temporary Administrator
For the Estate of Anthony Ahabue

Notary Public
My Commission Expires: 9/14/23

Enclosures

cc:   Wells Fargo Bank, N.A. – via facsimile (844) 879-0253



# Probate Court of Cobb County

### IN THE PROBATE COURT OF COBB COUNTY
### STATE OF GEORGIA

FILED IN OFFICE

2023 APR 21  PM 4: 37

PROBATE COURT OF
COBB COUNTY, GA

IN RE: ESTATE OF )

**ANTHONY ODIGIE AHABUE,**
**DECEASED** )
)
)

ESTATE NO. 22-P-_____

## TEMPORARY LETTERS OF ADMINISTRATION

At a regular term of Probate Court, this Court granted an order allowing **MICHAEL T. SMITH** to qualify as Temporary Administrator(s) of the above-named Decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Temporary Letters of Administration be issued to such Temporary Administrator(s).

THEREFORE, the said Temporary Administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to collect and preserve the assets of the Decedent until a Personal Representative is appointed (or the Temporary Administrator is discharged); and thereupon to deliver up such assets to the Personal Representative of the estate of said Decedent, according to Georgia law.

_____ [optional, initial if Order grants Temporary Administrator(s) powers to expend funds] FURTHERMORE, the said Temporary Administrator(s) is/are granted powers to expend funds to collect and preserve the assets of the estate as follows: _____

_____

_____

_____

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 21st day of _April_, 20 23 .

Kelli L. Wolk, Judge
Cobb County Probate Court

*The following must be signed if the judge*
*does not sign the original of this document:*

Issued by:
Jannelis Miranda-Ragsdale
Clerk of the Probate Court

[Seal]

EXHIBIT 7

EXHIBIT A - NOTICE OF REMOVAL

LOGS Legal Group LLP
P.O. Box 9108
Temecula, CA 92589-9108



2376481081

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
LOGS Legal Group LLP
211 Perimeter Center Pkwy, N.E.
Suite 300
Atlanta, GA 30346

20230328-364

Anthony Odigie Ahabue
635 Owl Creek Dr
Powder Springs, GA 30127



FCCMERR-SS

EXHIBIT 7

EXHIBIT A - NOTICE OF REMOVAL



**LOGS Legal Group LLP**
Attorneys at Law

211 Perimeter Center Parkway, N.E., Suite 130
Atlanta, Georgia 30346
Tel: (770) 220-2535 • Fax: (770) 220-2665

2378481081

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Managing Attorney**
Howell Hall (licensed in GA)

March 28, 2023

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

RE:  LOGS Legal Group LLP File Number:      23-080267
     Property Address: 635 Owl Creek Drive, Powder Springs, GA 30127
     Loan Number: ▮▮▮▮▮▮▮

This law firm represents Wells Fargo Bank, N.A.. Wells Fargo Bank, N.A. holds the Security Deed respecting the above-described Property.

This law firm has been retained to conduct a non-judicial foreclosure sale of the Property. A foreclosure sale of the Property is scheduled for May 2, 2023. Pursuant to O.C.G.A. § 44-14-162.2, a copy of the notice of sale submitted to the publisher is enclosed.

Be advised that the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor is as follows:

    Wells Fargo Bank, N.A.
    Customer Service Loss Mitigation
    1 Home Campus
    Des Moines, IA 50328

    1-800-678-7986

This letter is being sent solely for the purpose of enforcement of the Security Deed through non-judicial foreclosure sale of the Property.

If you signed the Security Deed encumbering the Property but did not execute the Note secured by the Security Deed, nothing herein shall be construed to suggest that you are personally obligated for the Note indebtedness.



www.LOGS.com

Practicing in Indiana as Law Office of Gerald M. Shapiro, LLP

EXHIBIT 7

EXHIBIT A - NOTICE OF REMOVAL

If you did not sign the Security Deed or the Note but are the current owner of the Property whose identity has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to O.C.G.A. § 44-14-162.2, you are being sent this letter pursuant to O.C.G.A. § 44-14-162.1.

If you executed the Note but have received a discharge in a bankruptcy releasing you from personal liability on the loan, be advised that the secured creditor seeks only to enforce the Security Deed through non-judicial foreclosure sale of the Property.  This notice is required for that purpose and nothing herein shall be construed to suggest that you are personally obligated for the debt.

If you are currently in the military service or have been in the military service within the past year, or are a dependent of such a Servicemember, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act.

If you have any questions or information relevant to the matters described in this letter, you may call LOGS Legal Group LLP at (770) 220-2535.


Very Truly Yours,
LOGS Legal Group LLP

Enc.: Notice of Sale

(FC-30 DAY NOTICE.LTR)



EXHIBIT 7

EXHIBIT A - NOTICE OF REMOVAL

STATE OF GEORGIA
COUNTY OF COBB

## NOTICE OF SALE UNDER POWER

Because of a default under the terms of the Security Deed executed by Anthony Obigie Ahabue, an unmarried man to Mortgage Electronic Registration Systems, Inc., as nominee for Vanderbilt Mortgage and Finance, Inc., dba Silverton Mortgage dated December 30, 2019, and recorded in Deed Book 15704, Page 2853, Cobb County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Wells Fargo Bank, N.A. securing a Note in the original principal amount of $422,750.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, May 2, 2023, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

**All that tract or parcel of land lying and being in Land Lot No.269, of the 20th District, 2nd Section, of Cobb County, Georgia, being all of Lot No. 152, Brown's Farm, Unit I, as more particularly shown on plat recorded in Plat Book 179, Page 68, Cobb County, Georgia Records, which plat is hereby referred to and incorporated herein by reference thereto for a more complete description of said lot, being improved property now or formerly known as 635 Owl Creek Drive, according to the present system of numbering in Cobb County, Georgia.**

Said property is known as **635 Owl Creek Drive, Powder Springs, GA 30127**, together with all fixtures and personal property attached to and constituting a part of said property, if any.

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The proceeds of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.



**EXHIBIT 7**

EXHIBIT A - NOTICE OF REMOVAL

The property is or may be in the possession of **The Representative of the Estate of Anthony Odigie Ahabue, successor in interest or tenant(s).**

**Wells Fargo Bank, N.A. as Attorney-in-Fact for Anthony Obigie Ahabue, an unmarried man**

File no. 23-080267
**LOGS LEGAL GROUP LLP***
**Attorneys and Counselors at Law**
**211 Perimeter Center Parkway, N.E., Suite 130**
**Atlanta, GA 30346**
**(770) 220-2535/***CF_REFERENCE_INITIALS*****
https://www.logs.com/
**\*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



**EXHIBIT 7**

<span style="color:red">EXHIBIT A - NOTICE OF REMOVAL</span>

```
┌─────────────────────────────────────────────┐
│      TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────────┘
```

```
                              TIME  : 04/24/2023 04:35PM
                              NAME  : AMRS-LAW
                              FAX   : 01
                              TEL   : 7705131201
                              SER.# : U64969E8N912767
```

| | |
|---|---|
| DATE,TIME | 04/24  04:33PM |
| FAX NO./NAME | 7702202665 |
| DURATION | 00:02:21 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD |

**EXHIBIT 7**

EXHIBIT A - NOTICE OF REMOVAL

**ANDREW, MERRITT, REILLY & SMITH, L.L.P.**
**SEVEN LUMPKIN STREET**
**LAWRENCEVILLE, GEORGIA 30046**
**TEL (770) 513-1200**
**FAX (770) 513-1201**

# FACSIMILE TRANSMISSION COVER

---

If there is a problem with transmission, or if all pages
are not received, please call the above number for retransmission.

---

**DATE: April 25, 2023**

**TO:**  **WELLS FARGO**                    **PHONE: (866) 278-1179**

**FROM:**  **MICHAEL T. SMITH, TEMPORARY**
**ADMINISTRATOR FOR THE ESTATE**
**OF ANTHONY AHABUE**

**RE:**  **ANTHONY AHABUE; LOAN #▮▮▮▮9666; 635 OWL CREEK DRIVE**

**Number of pages including this cover page:**

**Nine (9)**

---

This message is intended only for the use of the individual or entity to which it is addressed, and may
contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable
law. If the reader of this message is not the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please notify us immediately by telephone, and return the original to us by mail
without making a copy. Thank you.

---

**Comments:**

_____

_____

_____

_____

_____

_____

_____

_____

EXHIBIT 8

EXHIBIT A - NOTICE OF REMOVAL

# Andrew, Merritt, Reilly & Smith
## A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*
www.amrslaw.com

SEVEN LUMPKIN STREET
LAWRENCEVILLE, GEORGIA 30046

TELEPHONE: 770-513-1200
FACSIMILE: 770-513-1201

April 25, 2023

*VIA FACSIMILE (866) 278-1179*

Wells Fargo Bank, N.A.
Customer Service Loss Mitigation
1 Home Campus
Des Moines, IA 50328

Re: Estate of Anthony Ahabue
635 Owl Creek Drive, Powder Springs, Georgia 30127
Loan Number: 0600349666

To Whom it May Concern:

This letter is to inform you that I have been appointed as the Temporary Administrator for the Estate of Anthony Ahabue. Please find my Temporary Letters of Administration enclosed herewith.

I am under the impression that the above property is scheduled to be sold at a foreclosure sale on May 2, 2023. I received my Temporary Letters of Administration on April 21, 2023, approximately one (1) week before said scheduled foreclosure sale. In light of the same, *__please allow this letter to serve as a request for a sixty (60) day extension so that we may market and sell the Decedent's property.__*

Please contact attorney Ali Grant as soon as possible at the above phone number or via email – agrant@amrslaw.com, to discuss the same.

Sincerely,

Michael T. Smith
Temporary Administrator
For the Estate of Anthony Ahabue

Notary Public
My Commission Expires: 9/14/2 3

Enclosures

cc: LOGS Legal Group – via facsimile (770) 220-2665

EXHIBIT 8



# Probate Court of Cobb County

## IN THE PROBATE COURT OF COBB COUNTY
### STATE OF GEORGIA

FILED IN OFFICE

2023 APR 21 PM 4: 37

IN RE: ESTATE OF                                    )

**ANTHONY ODIGIE AHABUE,**                          )        PROBATE COURT OF
**DECEASED**                                        )        COBB COUNTY, GA

)        ESTATE NO. 22-P-1558

### TEMPORARY LETTERS OF ADMINISTRATION

At a regular term of Probate Court, this Court granted an order allowing **MICHAEL T. SMITH** to qualify as Temporary Administrator(s) of the above-named Decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Temporary Letters of Administration be issued to such Temporary Administrator(s).

THEREFORE, the said Temporary Administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to collect and preserve the assets of the Decedent until a Personal Representative is appointed (or the Temporary Administrator is discharged); and thereupon to deliver up such assets to the Personal Representative of the estate of said Decedent, according to Georgia law.

_____ [optional, initial if Order grants Temporary Administrator(s) powers to expend funds] FURTHERMORE, the said Temporary Administrator(s) is/are granted powers to expend funds to collect and preserve the assets of the estate as follows: _____

_____

_____

_____

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 21st day of April , 20 23 .

Kelli L. Wolk, Judge
Cobb County Probate Court

*The following must be signed if the judge does not sign the original of this document:*

Issued by:
Jannelis Miranda-Ragsdale
Clerk of the Probate Court

[Seal]

EXHIBIT 8

LOGS Legal Group LLP
P.O. Box 9108
Temecula, CA  92589-9108

Send Correspondence to:
LOGS Legal Group LLP
211 Perimeter Center Pkwy, N.E.
Suite 300
Atlanta, GA  30346

2378481081

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20230328-354

Anthony Odigie Ahabue
635 Owl Creek Dr
Powder Springs, GA 30127



FCCMERR-SS

EXHIBIT 8

EXHIBIT A - NOTICE OF REMOVAL



**LOGS Legal Group LLP**
Attorneys at Law

211 Perimeter Center Parkway, N.E., Suite 130
Atlanta, Georgia 30346
Tel: (770) 220-2535 • Fax: (770) 220-2665

2376481081

Partners
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

Managing Attorney
Howell Hall (licensed in GA)

March 28, 2023

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

RE:    LOGS Legal Group LLP File Number:        23-080267
       Property Address: 635 Owl Creek Drive, Powder Springs, GA 30127
       Loan Number: ███████9666

This law firm represents Wells Fargo Bank, N.A.. Wells Fargo Bank, N.A. holds the Security Deed respecting the above-described Property.

This law firm has been retained to conduct a non-judicial foreclosure sale of the Property. A foreclosure sale of the Property is scheduled for May 2, 2023.  Pursuant to O.C.G.A. § 44-14-162.2, a copy of the notice of sale submitted to the publisher is enclosed.

Be advised that the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor is as follows:

Wells Fargo Bank, N.A.
Customer Service Loss Mitigation
1 Home Campus
Des Moines, IA 50328

1-800-678-7986

This letter is being sent solely for the purpose of enforcement of the Security Deed through non-judicial foreclosure sale of the Property.

If you signed the Security Deed encumbering the Property but did not execute the Note secured by the Security Deed, nothing herein shall be construed to suggest that you are personally obligated for the Note indebtedness.



www.LOGS.com

Practicing in Indiana as Law Office of Gerald M. Shapiro, LLP

EXHIBIT 8

If you did not sign the Security Deed or the Note but are the current owner of the Property whose identity has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to O.C.G.A. § 44-14-162.2, you are being sent this letter pursuant to O.C.G.A. § 44-14-162.1.

If you executed the Note but have received a discharge in a bankruptcy releasing you from personal liability on the loan, be advised that the secured creditor seeks only to enforce the Security Deed through non-judicial foreclosure sale of the Property. This notice is required for that purpose and nothing herein shall be construed to suggest that you are personally obligated for the debt.

If you are currently in the military service or have been in the military service within the past year, or are a dependent of such a Servicemember, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act.

If you have any questions or information relevant to the matters described in this letter, you may call LOGS Legal Group LLP at (770) 220-2535.

Very Truly Yours,
LOGS Legal Group LLP

Enc.: Notice of Sale

(FC-30 DAY NOTICE.LTR)



EXHIBIT 8

EXHIBIT A - NOTICE OF REMOVAL

STATE OF GEORGIA
COUNTY OF COBB

### NOTICE OF SALE UNDER POWER

Because of a default under the terms of the Security Deed executed by Anthony Obigie Ahabue, an unmarried man to Mortgage Electronic Registration Systems, Inc., as nominee for Vanderbilt Mortgage and Finance, Inc., dba Silverton Mortgage dated December 30, 2019, and recorded in Deed Book 15704, Page 2853, Cobb County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Wells Fargo Bank, N.A. securing a Note in the original principal amount of $422,750.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, May 2, 2023, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

All that tract or parcel of land lying and being in Land Lot No.269, of the 20th District, 2nd Section, of Cobb County, Georgia, being all of Lot No. 152, Brown's Farm, Unit I, as more particularly shown on plat recorded in Plat Book 179, Page 68, Cobb County, Georgia Records, which plat is hereby referred to and incorporated herein by reference thereto for a more complete description of said lot, being improved property now or formerly known as 635 Owl Creek Drive, according to the present system of numbering in Cobb County, Georgia.

Said property is known as 635 Owl Creek Drive, Powder Springs, GA 30127, together with all fixtures and personal property attached to and constituting a part of said property, if any.

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The proceeds of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.



**EXHIBIT 8**

EXHIBIT A - NOTICE OF REMOVAL

The property is or may be in the possession of **The Representative of the Estate of Anthony Odigie Ahabue, successor in interest or tenant(s).**

**Wells Fargo Bank, N.A. as Attorney-in-Fact for Anthony Obigie Ahabue, an unmarried man**

File no. 23-080267
**LOGS LEGAL GROUP LLP\***
Attorneys and Counselors at Law
211 Perimeter Center Parkway, N.E., Suite 130
Atlanta, GA 30346
(770) 220-2535/\*\*\*CF_REFERENCE_INITIALS\*\*\*
https://www.logs.com/
\*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



**EXHIBIT 8**

EXHIBIT A - NOTICE OF REMOVAL

# GEORGIA DEATH CERTIFICATE

State File Number   2021GA000105288

| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | 2. SEX | 2a. DATE OF DEATH (Mo., Day, Year) |
|---|---|---|---|
| ANTHONY ODIOSE AHABUE | | MALE | ACTUAL DATE OF DEATH 12/07/2021 |

| 3. SOCIAL SECURITY NUMBER | 4a. AGE (Years) | 4b. UNDER 1 YEAR Mos. / Days | 4c. UNDER 1 DAY Hours / Mins. | 5. DATE OF BIRTH (Mo., Day, Year) |
|---|---|---|---|---|
| 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 | 61 | | | 08/14/1960 |

| 6. BIRTHPLACE | 7a. RESIDENCE - STATE | 7b. COUNTY | 7c. CITY, TOWN |
|---|---|---|---|
| NIGERIA | GEORGIA | COBB | POWDER SPRINGS |

| 7d. STREET AND NUMBER | 7e. ZIP CODE | 7f. INSIDE CITY LIMITS? | 8. ARMED FORCES? |
|---|---|---|---|
| 935 OWL CREEK DRIVE | 30127 | NO. | NO |

| 8a. USUAL OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS |
|---|---|
| HOME HEALTHCARE WORKER | HOME HEALTH |

| 9. MARITAL STATUS | 10. SPOUSE NAME | 11. FATHER'S FULL NAME (First, Middle, Last) |
|---|---|---|
| MARRIED | BUKOLA OGEDENGBE | AUGUSTINE AHABUE |

| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) | 13a. INFORMANT'S NAME (First, Middle, Last) | 13b. RELATIONSHIP TO DECEDENT |
|---|---|---|
| FELICIA ABHULIMEN | BUKOLA OGEDENGBE AHABUE | WIFE |

| 13c. MAILING ADDRESS | 14. DECEDENT'S EDUCATION |
|---|---|
| 935 OWL CREEK DRIVE POWDER SPRINGS GEORGIA 30127 | BACHELOR'S DEGREE |

| 15. ORIGIN OF DECEDENT (Spanish/Hispanic/Latino) | 16. DECEDENT'S RACE - (White, Black, American Indian, etc.) (Specify) |
|---|---|
| NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN-AMERICAN |

| 17a. IF DEATH OCCURRED IN HOSPITAL | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Specify) |
|---|---|
| INPATIENT | |

| 18. HOSPITAL OR OTHER INSTITUTION NAME (If not in either give street and no.) | 19. CITY, TOWN or LOCATION OF DEATH | 20. COUNTY OF DEATH |
|---|---|---|
| WELLSTAR PAULDING HOSPITAL | HIRAM | PAULDING |

| 21. METHOD OF DISPOSITION (specify) | 22. PLACE OF DISPOSITION | 23. DISPOSITION DATE (Mo., Day, Year) |
|---|---|---|
| BURIAL | DALLAS MEMORY GARDENS 444 CONFEDERATE AVENUE DALLAS GEORGIA 30132 | 01/08/2022 |

| 24a. EMBALMER'S NAME | 24b. EMBALMER LICENSE NO. | 25. FUNERAL HOME NAME |
|---|---|---|
| JAMES H. BENSON | 3249 | BENSON FUNERAL HOME |

| 25a. FUNERAL HOME ADDRESS |
|---|
| 309 HARDEE STREET P O BOX 3 DALLAS GEORGIA 30132 |

| 25b. SIGNATURE OF FUNERAL DIRECTOR | 25c. FUN. DIR. LICENSE NO | AMENDMENTS |
|---|---|---|
| JAMES H BENSON | 3683 | |

| 27. DATE PRONOUNCED DEAD (Mo., Day, Year) | 28. HOUR PRONOUNCED DEAD |
|---|---|
| 12/07/2021 | 07:55 AM |

| 29a. PRONOUNCER'S NAME | 29b. LICENSE NUMBER | 29c. DATE SIGNED |
|---|---|---|
| JUAN ARMSTRONG | 048648 | 12/07/2021 |

| 30. TIME OF DEATH | 31. WAS CASE REFERRED TO MEDICAL EXAMINER |
|---|---|
| 07:55 AM | NO |

| 32. Part I. Enter the chain of events—diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. ACUTE RESPIRATORY FAILURE | FEW DAYS |
| Due to, or as a consequence of | B. COVID-19 INFECTION WITH PNEUMONIA | FEW DAYS |
| Due to, or as a consequence of | C. | |
| Due to, or as a consequence of | D. | |

| Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death. | 33. WAS AUTOPSY PERFORMED? | 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|
| | NO | |

| 35. TOBACCO USE CONTRIBUTED TO DEATH | 36. IF FEMALE (range 10-54) PREGNANT | 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) |
|---|---|---|
| UNKNOWN | NOT APPLICABLE | NATURAL |

| 38. DATE OF INJURY (Mo., Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |
|---|---|---|---|
| | | | |

| 42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County) |
|---|
| |

| 43. DESCRIBE HOW INJURY OCCURRED | 44. IF TRANSPORTATION INJURY |
|---|---|
| | |

| 45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) |
|---|---|
| KAMARDEEN ALABI, MD, 072672 | |

| 45a. DATE SIGNED (Mo., Day, Year) | 45b. HOUR OF DEATH | 46a. DATE SIGNED (Mo., Day, Year) | 46b. HOUR OF DEATH |
|---|---|---|---|
| 12/29/2021 | 07:55 AM | | |

| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH |
|---|
| KAMARDEEN ALABI 148 BILL CARRUTH PARKWAY COMMON HIRAM GEORGIA 30141 |

| 48. REGISTRAR (Signature) | 49. DATE FILED - REGISTRAR (Mo., Day, Year) |
|---|---|
| /S/ CHRISTOPHER JP HARRISON | 12/29/2021 |

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF PUBLIC HEALTH

EXHIBIT 8

EXHIBIT A - NOTICE OF REMOVAL

TRANSMISSION VERIFICATION REPORT

TIME    : 04/25/2023 09:52AM
NAME    : AMRS-LAW
FAX     : 01
TEL     : 7705131201
SER.#   : U64969E8N912767

| | |
|---|---|
| DATE,TIME | 04/25  09:48AM |
| FAX NO./NAME | 18662781179 |
| DURATION | 00:03:44 |
| PAGE(S) | 09 |
| RESULT | OK |
| MODE | STANDARD |

EXHIBIT 8

EXHIBIT A - NOTICE OF REMOVAL

**ANDREW, MERRITT, REILLY & SMITH, L.L.P.**
**SEVEN LUMPKIN STREET**
**LAWRENCEVILLE, GEORGIA  30046**
**TEL (770) 513-1200**
**FAX (770) 513-1201**

# FACSIMILE TRANSMISSION COVER

_If there is a problem with transmission, or if all pages_
_are not received, please call the above number for retransmission._

**DATE: 4/27/2023**

**TO:**      **WELLS FARGO**                          **PHONE: (866) 278-1179**

**FROM:**  **MICHAEL T. SMITH, TEMPORARY**
           **ADMINISTRATOR FOR THE ESTATE OF**
           **ANTHONY AHABUE**

**RE:**       ████9666; 635 Owl Creek Drive, Powder Springs, Georgia 30127

**Number of pages including this cover page:**

**Three (3)**

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

**Comments:**

EXHIBIT 9

EXHIBIT A - NOTICE OF REMOVAL

# Andrew, Merritt, Reilly & Smith
### A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*
www.amrslaw.com

SEVEN LUMPKIN STREET
LAWRENCEVILLE, GEORGIA 30046

TELEPHONE: 770-513-1200
FACSIMILE: 770-513-1201

April 27, 2023

*VIA FACSIMILE (866) 278-1179*

Wells Fargo Bank, N.A.
Customer Service Loss Mitigation
1 Home Campus
Des Moines, IA 50328

> Re: Estate of Anthony Ahabue
> 635 Owl Creek Drive, Powder Springs, Georgia 30127
> Loan Number: ████9666

To Whom it May Concern:

This letter is to inform you that I have been appointed as the Temporary Administrator for the Estate of Anthony Ahabue. Please find my Temporary Letters of Administration enclosed herewith.

I am under the impression that the above property is scheduled to be sold at a foreclosure sale on May 2, 2023. I received my Temporary Letters of Administration on April 21, 2023, approximately one (1) week before said scheduled foreclosure sale. In light of the same, please allow this letter to serve as a request for a sixty (60) day extension so that we may market and sell the Decedent's property.

*Additionally, please fax me a letter as soon as possible noting the amount of funds we need to pay to have the loan reinstated.*

Please contact attorney Ali Grant as soon as possible at the above phone number or via email – agrant@amrslaw.com, to discuss the same.

Sincerely,

Michael T. Smith
Temporary Administrator
For the Estate of Anthony Ahabue

Notary Public
My Commission Expires: 09/14/23

Enclosures

**EXHIBIT 9**

EXHIBIT A - NOTICE OF REMOVAL



# Probate Court of Cobb County

### IN THE PROBATE COURT OF COBB COUNTY
### STATE OF GEORGIA

FILED IN OFFICE

2020 APR 21  PM 4:37

PROBATE COURT OF
COBB COUNTY, GA

IN RE: ESTATE OF⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
**ANTHONY ODIGIE AHABUE,**⠀⠀⠀)⠀⠀⠀ESTATE NO. 22-P-0568
**DECEASED**⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

### TEMPORARY LETTERS OF ADMINISTRATION

⠀⠀⠀⠀At a regular term of Probate Court, this Court granted an order allowing **MICHAEL T. SMITH** to qualify as Temporary Administrator(s) of the above-named Decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Temporary Letters of Administration be issued to such Temporary Administrator(s).

⠀⠀⠀⠀THEREFORE, the said Temporary Administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to collect and preserve the assets of the Decedent until a Personal Representative is appointed (or the Temporary Administrator is discharged); and thereupon to deliver up such assets to the Personal Representative of the estate of said Decedent, according to Georgia law.

⠀⠀⠀⠀_____ [optional, initial if Order grants Temporary Administrator(s) powers to expend funds] FURTHERMORE, the said Temporary Administrator(s) is/are granted powers to expend funds to collect and preserve the assets of the estate as follows: _____

_____

_____

_____

⠀⠀⠀⠀IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 21st day of _April_, 20 23 .

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Kelli L. Wolk, Judge
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Cobb County Probate Court

_The following must be signed if the judge
does not sign the original of this document:_

**Issued by:**
Jannelis Miranda-Ragsdale⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀_[Seal]_
Clerk of the Probate Court

EXHIBIT 9

EXHIBIT A - NOTICE OF REMOVAL

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                              TIME   : 04/27/2023 01:05PM
                              NAME   : AMRS-LAW
                              FAX    : 01
                              TEL    : 7705131201
                              SER.#  : U64969E8N912767
```

```
DATE,TIME              04/27   01:03PM
FAX NO./NAME           18662781179
DURATION               00:01:05
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
```

**EXHIBIT 9**

EXHIBIT A - NOTICE OF REMOVAL

Page 1 of 2

**Home Mortgage**

Return Mail Operations
PO Box 14411
Des Moines IA 50306-3411

| | |
|---|---|
| Statement date | 11/16/22 |
| Loan number | ▓▓▓9666 |
| Payment due date | 12/01/22 |
| **Total amount due** | **$36,259.14** |
| On or after 12/16/22, a late charge of $102.44 may apply. | |

Property address

635 OWL CREEK DRIVE
POWDER SPRINGS, GA 30127

**Customer Service**

Online
wellsfargo.com

Telephone*
1-800-222-0238

Correspondence
PO Box 10335
Des Moines IA 50306

Fax
1-866-278-1179

Payments
PO Box 105647
Atlanta GA 30348

Hours of operation
Mon - Fri 7 a.m. - 10 p.m.
Sat 8 a.m. - 2 p.m. CT

0002229   01 AB 0.491 **AUTO  T3 0 5320 30127-623335   -C00-P02231-I1
լիլիվորկիկիկերկորվիկիկիկիկիրիկիկիկիկիկիկ
ANTHONY O AHABUE
635 OWL CREEK DR
POWDER SPRINGS, GA 30127-6233

*We accept telecommunications relay service calls.

## Explanation of amount due

| | |
|---|---|
| Principal | $569.37 |
| Interest | $1,179.49 |
| Escrow | $955.79 |
| Current payment 12/01/22 | $3,004.65 |
| Overdue payment 01/01/22-11/01/22 | $32,947.17 |
| Unpaid late charge(s) | $307.32 |
| Total amount due 12/01/22 | $36,259.14 |

Since the last statement, a late charge and/or Other fee(s) were incurred in the amount of $0.00.

## Account summary

| | |
|---|---|
| Unpaid principal balance | $406,519.16 |
| (This is not a payoff amount.) | |
| Unapplied funds balance | $406.65 |
| Escrow balance | -$7,623.44 |
| Interest rate | 4.125% |
| Maturity date (month/year) | 01/50 |

## Past payments breakdown

| | Since last statement | Year-to-date |
|---|---|---|
| Total received* | $0.00 | $2,900.67 |
| Principal | $0.00 | $642.37 |
| Interest** | $0.00 | $1,406.49 |
| Escrow | $0.00 | $851.81 |
| Taxes disbursed (YTD) | | $5,112.99 |

*Includes may include the Unapplied funds balance from the Account summary section.
**This information should not be used for tax purposes. If you have tax related questions, please consult your tax advisor.

## Informational messages

Are you experiencing a financial hardship related to COVID? If so, your state may have funds available for assistance with mortgage payments. For more information, go to: www.wellsfargo.com/homeownerassistancefund

## Activity since your last statement

| Date | Description | Total | Principal | Interest | Escrow | Other ARCH MORTGAGE INSURANCE |
|---|---|---|---|---|---|---|
| 10/18 | Mtg ins payment | | | | -$257.17 | |

## Important messages

Our thoughts are with you and everyone affected by the COVID-19 crisis. You had asked for help with mortgage payments because you were facing a financial hardship as a result of the crisis. To help, we suspended the mortgage payments for a period of time.

If your situation changes, contact us right away. For more information, go to wellsfargo.com/repaymentdetails.

Partial Payments: Any partial payments received are not applied to the mortgage, but instead are held as Unapplied funds (shown above in the Account summary section). If sufficient funds are received to cover a full payment, the funds will then be applied to the mortgage.

Please detach and return with your payment.

EXHIBIT 10

 Zillow ♡ Save   ⇄ Share   ⊘ Hide   ••• More



**Zestimate®: $629,500**

5 bd   4 ba   3,604 sqft



635 Owl Creek Dr, Powder Springs, GA 30127

▼ Auction

**Get auction details** ☑

Overview   Facts and features   Foreclosure information   H...

🏠 Singlefamily

📅 Built in 1996

🌡 Forced air, gas

❄ Central

🅿 2 Parking spaces

🌿 $57 monthly HOA fee

📐 0.45 Acres

## Overview

Buy Through Auction.com.
This foreclosure property is a great opportunity to invest in this neighborhood and generate potential profit. Save this property on Auction.com today to receive helpful updates

Show more

EXHIBIT 11

25 days on Zillow    253 views    19 saves

EXHIBIT A - NOTICE OF REMOVAL

**REDFIN** 

1-844-759-7732    Buy ▾    Rent ▾    Sell ▾    Redfin Premier    Mortgage ▾    Real Estate Agents ▾    Feed

← Search    **Overview**    Property Details    Sale & Tax History    Public Facts    Schools    ♡ Favorite    ✎ Edit Facts    ↗ Share



**635 Owl Creek Dr, Powder Springs, GA 30127**

**$627,185**    **5**    **3.5**    **3,804**
Redfin Estimate    Beds    Baths    Sq Ft

**Off Market**
This home last sold for $445,000 on Dec 30, 2019.

### Is this your home?

Track this home's value and nearby sales activity

**I own 635 Owl Creek Dr**

Sell your home for more, pay a 1% listing fee when you sell and buy

EXHIBIT 11

**EXHIBIT A - NOTICE OF REMOVAL**

**trulia**   Powder Springs, GA         Buy    Rent    Mortgage                    Saved Homes

← Back to Search     For Sale > GA > Powder Springs > 30127 > 635 Owl Creek Dr







# 635 Owl Creek Dr
Powder Springs, GA 30127

🛏 5 Beds   🛁 4 Baths   📐 3,604 sqft (on 0.45 acres)

$629,500

Trulia Estimate ⓘ
as of Apr 27, 2023



AUCTION.COM

This listing is brought to you by
Auction.com.        EXHIBIT 11

Get auction details

## Local Information

Map     Schools     Shop & Eat

<span style="color:red">EXHIBIT A - NOTICE OF REMOVAL</span>

 Gmail

**Andrew Cameron <andrew@cameronfirm.com>**

## URGENT - Estate of Anthony Odigie Ahabue - 635 Owl Creek Drive Powder Springs, Georgia 30127
1 message

**Andrew Cameron <andrew@cameronfirm.com>**                                    Thu, Apr 27, 2023 at 7:48 PM
To: kkhashan@logs.com, Hohall@logs.com, Jordan Mitchell <jmitchell@amrslaw.com>, Hanna Thomas
<HThomas@amrslaw.com>, Kimberly Seo <kseo@amrslaw.com>, Ali Grant <agrant@amrslaw.com>, msmith@amrslaw.com

Dear LOGS Legal Group LLP

I represent the Estate of Anthony Odigie Ahabue, for the property located at 635 Owl Creek Drive Powder
Springs, Georgia 30127. I was retained to assist the Temporary Administrator of the Estate, Michael T. Smith
(appointed April 24, 2023) to stop the foreclosure on this property happening on May 2, 2023.

On March 28, 2023, your firm issued a Notice of Foreclosure on the Property, which was sent to the
unoccupied property. However, my client's firm did not receive word of this until approximately April 19,
2023. My client has attempted to reach your firm multiple times by fax and email and phone since then, but
has not received any response.

Due to the fact that Michael Smith was appointed Temporary Administrator of the Estate so recently, my
client is now trying to save the property from foreclosure, which to my knowledge is the only asset of the
estate. We intend to list the property for sale.

I will be filing a  Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction
in an attempt to stop the foreclosure, allow for the property to be sold, and save possibly the only remaining
asset of the estate. I will be requesting this relief on an emergency and ex parte basis, and I will be seeking
an interlocutory and/or permanent injunction pending resolution of the issues raised in the Petition.

I will email you and the others on this email chain copies of everything that I file. Thank you and have a
great weekend.

Andrew Cameron

--
Cameron Law, LLC
6075 Barfield Road
Atlanta, GA 30328
(404) 316-9231

EXHIBIT 12

EXHIBIT A - NOTICE OF REMOVAL

ID# 2023-0059860-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67
APR 28, 2023 09:36 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., Defendant. | CASE NO. <br><br> COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |

## <u>CERTIFICATION OF COUNSEL</u>

The undersigned hereby certifies to the Court that he is the attorney for the Plaintiffs in the above-styled action and that this certification is given pursuant to O.C.G.A. § 9-11-65(b).

1. I further certify that the following efforts were made to give notice to Defendants:

a.    Copies of the Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction, Plaintiffs Brief in Support of Verified Emergency Petition for Temporary Restraining Order and Interlocutory Injunction, all exhibits of records to Plaintiff's Brief in Support, and Plaintiff's Verification of the Verified Petition (the "Emergency Petition") and this Certificate, were sent on April 28, 2023, to LOGS Legal Group LLP, counsel for the Defendant at the following email address: kkhashan@logs.com and Hohall@logs.com and mailing to the following address:

LOGS Legal Group LLP

1

EXHIBIT A - NOTICE OF REMOVAL

211 Perimeter Center Parkway NE, NE Suite 130
Atlanta, Georgia 30346

Corporation Service Company
Registered Agent Wells Fargo Bank, N.A.
2 Sun Court, Suite 400
Peachtree Corners, Georgia, 30092

b.     On April 27, 2023, I sent an email to law firm LOGS Legal Group LLP, counsel for the Defendant, at the email address I was given by a representative of LOGS Legal Group LLP for communications with the firm at kkhashan@logs.com and Hohall@logs.com. I advised Defendant that I would be requesting the relief sought therein on an emergency and ex parte basis. I gave a brief explanation of the facts and arguments of the Emergency Petition. I also advised Defendants I would be seeking an interlocutory and/or permanent injunction pending resolution of the issues raised in the Petition.

THIS 28TH DAY OF APRIL 2023.

RESPECTFULLY SUBMITTED,

CAMERON LAW, LLC

ANDREW CHRISTIAN CAMERON
GEORGIA STATE BAR NO. 487986

6075 BARFIELD ROAD
ATLANTA, GA 30328
(404)316-9231 OFFICE
andrew@cameronfirm.com

*ATTORNEY FOR PLAINTIFF*

EXHIBIT A - NOTICE OF REMOVAL

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

IN RE: ANTHONY ODIGIE
AHABUE, Deceased,
     Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
     Defendant.

Civil Action No.:
23103302

## **SHOW CAUSE AND RULE NISI ORDER**

It is hereby ordered that each of the parties be and appear before Senior Judge George Kreeger of the Superior Court of Cobb County on Monday, May 1, 2023 at 10:30 a.m. in Courtroom 4400, Cobb Superior Court, to show cause, if any, why the prayers within the Plaintiff's Emergency Petition should not be granted.

The question of whether or not an emergency exists is reserved for the Judge that Presides over this Rule Nisi hearing.

SO ORDERED this 28th day of April, 2023.

_____
G. GRANT BRANTLEY
SENIOR JUDGE, STATE OF GEORGIA
PRESIDING IN COBB SUPERIOR COURT
COBB JUDICIAL CIRCUIT

EXHIBIT A - NOTICE OF REMOVAL

ID# 2023-0060193-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23103302**

Jason D. Marbutt - 67
APR 28, 2023 02:59 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of COBB**

Case Number: 23103302

Plaintiff: **IN RE: ANTHONY ODIGIE AHABUE, DECEASED**
vs.
Defendant: **WELLS FARHGO BANK, N.A. INC.**

For:
ANDREW CAMERON
CAMERON LAW, LLC

Received by Sure Bet Legal Services, LLC on the 28th day of April, 2023 at 11:20 am to be served on **WELLS FARGO BANK, N.A. INC. c/o CORPORATION SERVICE COMPANY, 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA 30092**.

I, MUHSIN HASSAN, being duly sworn, depose and say that on the **28th day of April, 2023** at **1:15 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION, BRIEF IN SUPPORT OF EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION, AND MEMORANDUM OF LAW IN SUPPORT, CERTIFICATE OF SERVICE, VERIFICATION OF PETITION BY THE ESTATE OF ANTHONY ODIGIE AHABUE AND ALI GRANT'S VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION, AFFIDAVIT OF ALI GRANT, TEMPORARY LETTERS OF ADMINISTRATION, EXHIBITS, CERTIFICATION OF COUNSEL** with the date and hour of service endorsed thereon by me, to: **ALISHA SMITH** as **Registered Agent** at the address of: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA 30092** on behalf of **WELLS FARGO BANK, N.A. INC. c/o**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th
day of APRIL, 2023

NOTARY PUBLIC

**MUHSIN HASSAN**
Process Server

**Sure Bet Legal Services, LLC**
**2592 S. Hairston Road**
**Suite 109**
**Decatur, GA 30035**
**(404) 853-9395**

Our Job Serial Number: SBH-2023000166

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2c

EXHIBIT A - NOTICE OF REMOVAL

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IN RE: ANTHONY ODIGIE AHABUE, Deceased Petitioner, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., Defendant. | CASE NO. 23-1-3302 <br><br> COBB COUNTY PROBATE ESTATE NO. 22-P-0520 |

### ORDER ON PETITIONER ESTATE OF ESTATE OF ANTHONY ODIGIE AHABUE'S EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND INTERLOCUTORY INJUNCTION

On April 28, 2023, Petitioner Estate of Anthony Odigie Ahabue and Ali Grant, attorney with Michael T. Smith, Temporary Administrator (the "Petitioner") filed its Emergency Petition for Temporary Restraining Order and Interlocutory Injunction (the "Petition"), preventing or postponing Defendant Wells Fargo Bank, N.A. and its agents, representatives, and employees (hereinafter "Wells Fargo" and the "Lender") from conducting the Foreclosure Sale on the property of the Estate of Anthony Odigie Ahabue located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127 (the "Property"), set for May 2, 2023. At a May 1, 2023 hearing, the Court reviewed the Verified Petition from Petitioner, reviewed the submissions and evidence in support of the Petition, and heard oral argument from Counsel for the Petitioner.

The Court found that it is proper to stop the foreclosure on the Property at this time.

FILED IN COURT
THIS May 1 20 23
AT _____ P M

1

CONNIE TAYLOR
SUPERIOR COURT CLERK
COBB COUNTY, GEORGIA



EXHIBIT A - NOTICE OF REMOVAL

After considering the above findings and considerations, and the evidence and arguments presented in the Petition and at the May 1, 2023 hearing, the Court hereby GRANTS the Petition and orders as follows:

Pursuant to O.C.G.A. § 9-11-65, Wells Fargo is enjoined as follows:

Wells Fargo is temporarily restrained and enjoined from conducting a foreclosure sale on property owned by Anthony Odigie Ahabue located at 635 Owl Creek Drive, Powder Springs, Cobb County, Georgia 30127, currently scheduled for May 2, 2023. This Temporary Restraining Order shall continue until an evidentiary hearing is held on the matter within 30 days of this order.

IT IS FURTHER ORDERED the parties shall contact the assigned judge to get an evidentiary hearing on the interlocutory injunction within 30 days.

IT IS FURTHER ORDERED that this order shall serve as the Rule Nisi on Petitioner's Verified Petition.

The Court finds the foregoing sufficient to protect the Estate's interest in the Property.

SO ORDERED, this the _____/_____ date of May, 2023.

_____
Hon. S. Lark Ingram
Superior Court of Cobb County
State of Georgia

Prepared by:

S. Lark Ingram
SENIOR JUDGE, STATE OF GEORGIA
PRESIDING IN COBB JUDICIAL CIRCUIT

2

ANDREW CHRISTIAN CAMERON
GEORGIA STATE BAR NO. 487986
CAMERON LAW, LLC
6075 BARFIELD ROAD, ATLANTA, GA 30328
(404)316-9231 OFFICE
andrew@cameronfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing

*NOTICE TO PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT OF COBB COUNTY*

*OF REMOVAL OF ACTION TO FEDERAL COURT* was electronically filed with the Clerk of

Court using the Odyssey E-file system and has been served on the following via U.S. Mail as

follows:

Andrew Cameron
Cameron Law, LLC
6075 Barfield Road
Atlanta, Georgia 30328

This 25th day of May, 2023.

/s/ Arthur A. Ebbs_____
Arthur A. Ebbs
State Bar No. 416181

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within

and foregoing *Notice of Notice of Removal* was electronically filed with the Clerk

of Court using the CM/ECF system and has been served on the following via U.S.

Mail as follows:

Andrew Cameron
Cameron Law, LLC
6075 Barfield Road
Atlanta, Georgia 30328

This 25th day of May, 2023.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181