IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RUDOLPH BETANCOURT**, Individually, | : |
| **Plaintiff**, | : |
| vs. | : Case No.: |
| **MCDONOUGH HOTEL GROUP, LLC.**, a Georgia Limited Liability Company, | : |
| **Defendant**. | : |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff **RUDOLPH BETANCOURT**, individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, McDonough Hotel Group LLC, a Georgia Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. (ADA).

1. The Defendant's property is known as the Best Western Plus McDonough, and is located at 805 Industrial Boulevard, McDonough, GA 30253 (hereinafter referred to as "Defendant's property," "subject property" or "Hotel").

2. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

4. Plaintiff Rudolph Betancourt is sui juris and qualifies as an individual with disabilities as defined by the ADA.

5. Mr. Betancourt has 2 prosthetic legs and uses a wheelchair or crutches to ambulate.

6. Plaintiff stayed as a guest at the Defendant's property on September 1, 2022.

7. While a guest at the hotel, the Plaintiff observed and experienced numerous violations of the Americans with Disabilities Act which existed at the property, which violations inhibited his ability to safety and comfortably access the property, use the restrooms, shower, park his vehicle, traverse the property, access the pool and gym areas, and access the room amenities.

8. Plaintiff has plans to return to the subject property on September 8, 2023, if the facilities are made fully accessible and the barriers to access have been corrected.

9. The violations of the Americans with Disabilities Act which Plaintiff personally observed and/or experienced is set forth in the following paragraphs:

10. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

12. There is one accessible parking space that does not provide an identification sign pursuant to section 502.6 as required making it difficult for the plaintiff to locate the accessible parking, in violation of section 216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

13. There are access aisles that do not adjoin an accessible route to the entrance as required making it difficult for the plaintiff to traverse to the entrance, in violation of section 502.3

of the 2010 ADA Standards, whose resolution is readily achievable.

14. The facility does not provide a compliant accessible route from the accessible parking spaces to the facility entrances they serve as required making it difficult for the plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

15. The cross slope of the ground surface of the accessible route from the accessible parking spaces to the lobby entrance exceeds the maximum allowance of 2.1% making it difficult for the plaintiff to traverse, in violation of section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

16. The flush control in the unisex public restroom at the subject property is not located on the open side of the water closet making it difficult for the plaintiff to utilize, in violation of section 604.6 of the 2010 ADA Standards, whose remediation is readily achievable.

17. In the unisex public restroom at the subject property, the water closet's rear wall grab bar is missing making it difficult for the plaintiff to transfer onto the seat, in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

18. In the unisex public restroom at the subject property, the side wall grab bar is not mounted in the compliant location on the side wall as required making it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.5 and 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

19. In the unisex public restroom at the subject property, the toilet paper dispenser is not located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser making it difficult for plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

20. In the unisex public restroom at the subject property, the water closet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the plaintiff to utilize the element, in violation of section 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

21. In the unisex public restroom at the subject property, the toilet seat cover dispenser and sanitary trash receptacle exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to reach, in violation of sections 308.2.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

22. In the unisex public restroom at the subject property, the sanitizer dispenser obstructs the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the plaintiff to utilize, in violation of sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

23. In the unisex public restroom at the subject property, the plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

24. In the unisex public restroom at the subject property, the trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the plaintiff to utilize, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

25. In the unisex public restroom at the subject property, the coat hook on the back of the restroom door is located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 603.4 and

308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

26. In the unisex public restroom at the subject property, the trash receptacle obstructs the 18 inches of latch maneuvering clearance of the restroom door making it difficult for the plaintiff to exit, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

27. In the indoor swimming pool area, the pool lift controls and operating mechanisms are obstructed by the cover and not readily available to be operated unassisted as required making it difficult for the plaintiff to utilize, in violation of section 1009.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

28. In the indoor swimming pool area, the emergency phone is located above the maximum height requirement of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable. The indoor swimming pool ladder does not allow for the required minimum 42 inches of maneuvering clearance in front of the unisex accessible restroom door making it difficult for the plaintiff to enter, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

29. In the accessible unisex restroom by the indoor swimming pool, the restroom entrance door threshold exceeds the maximum vertical change in level requirement of ¼ inch making it difficult for the plaintiff to enter and exit the restroom, in violation of sections 206.4 and 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

30. In the accessible unisex restroom by the indoor swimming pool, the coat hook is located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 603.4 and 308.2.1 of the 2010 ADA

Standards, whose resolution is readily achievable.

31. In the accessible unisex restroom by the indoor swimming pool, the plaintiff had to use caution when using the lavatory due to the drainpipe and water supply lines being fully exposed and not insulated as required making it difficult for the plaintiff to utilize, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

32. In the accessible unisex restroom by the indoor swimming pool, the mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

33. In the accessible unisex restroom by the indoor swimming pool, the uncovered floor drain is creating vertical changes in level greater than the maximum ¼ inch allowance making it difficult for the plaintiff to utilize the elements in the toilet room, in violation of sections 603.2.1 and 304.2 of the 2010 ADA Standards, whose resolution is readily achievable.

34. In the accessible unisex restroom by the indoor swimming pool, the water closet's rear wall grab bar is missing making it difficult for the plaintiff to transfer onto the seat, in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

35. In the accessible unisex restroom by the indoor swimming pool, the side wall grab bar is not mounted in the compliant location on the side wall as required making it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.5 and 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

36. In the accessible unisex restroom by the indoor swimming pool, the water closet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the plaintiff to utilize the element, in violation of section 305.3 and 305.5 in the 2010 ADA

Standards, whose resolution is readily achievable.

37. In the accessible unisex restroom by the indoor swimming pool, the sanitary disposal bin and toilet seat cover dispenser exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of sections 308.3.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

38. In the accessible unisex restroom by the indoor swimming pool, the shower curb has a vertical change in level greater than the maximum requirement of ½ inch making it difficult for the plaintiff to utilize, in violation of sections 608.7 and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

39. In the accessible unisex restroom by the indoor swimming pool, the standard roll-in type shower does not provide grab bars in the compliant locations making it difficult for the plaintiff to utilize, in violation of section 608.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

40. In the accessible unisex restroom by the indoor swimming pool, the grab bar provided in the standard roll-in type shower is not installed in the compliant location on the back wall making it difficult for the plaintiff to utilize, in violation of section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

41. In the accessible unisex restroom by the indoor swimming pool, the shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2, 309.3, and 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

42. In the accessible unisex restroom by the indoor swimming pool, there is not a hand-

held shower spray unit with a hose 59 inches long minimum that can also be used as a fixed-position shower head making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

43.     The Fitness Center entrance door thresholds exceed the maximum vertical change in level requirement of ¼ inch making it difficult for the plaintiff to enter and exit, in violation of sections 206.4, 303.2, and 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

44.     The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of sections 224.2 and 806.2 of the 2010 ADA Standards, whose resolution is readily achievable.

45.     The security latch height exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

46.     The guestroom entry door in accessible guest room 111 does not provide 18 inches of latch side maneuvering clearance making it difficult for the plaintiff to utilize, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

47.     In accessible guest room 111, the lamp and the couch in front of the door connecting to another guest room obstruct the door's required 18 inches of latch side maneuvering clearance parallel to the doorway and the 60 inches of clearance perpendicular to the doorway making it difficult for the plaintiff to utilize, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

48.     In accessible guest room 111, the curtain rods exceed the maximum height

requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

49. In accessible guest room 111, the lavatory is obstructing the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

50. In accessible guest room 111, the plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

51. In accessible guest room 111, the uncovered floor drain is creating vertical changes in level greater than the maximum ¼ inch allowance making it difficult for the plaintiff to utilize the elements in the toilet room, in violation of sections 603.2 and 304.2 of the 2010 ADA Standards, whose resolution is readily achievable.

52. In accessible guest room 111, the trash receptacle is obstructing the water closet's 56 inches of perpendicular clearance from the rear wall making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

53. In accessible guest room 111, the shower seat is not in the compliant location on the side wall adjacent to the control wall that is located on the back wall making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

54. In accessible guest room 111, the controls are not in the complaint location on the

back wall adjacent to the seat where a seat is required making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

55. In accessible guest room 111, the standard roll-in type shower does not provide grab bars in the compliant locations on the back and side walls when a seat is required making it difficult for the plaintiff to utilize, in violation of sections 806.2 and 608.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

56. In accessible guest room 111, the towel storage shelf is located above the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

57. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act.  This facility does not meet all of these Standards, whose remedy is readily achievable.

58. A more detailed report should be completed after an appointment with the property owner or management.  There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection.

59. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

60. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

61.     Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access, particularly with regard to the accessible guest rooms, if any such exist.

62.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

63.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ' 12181 <u>et seq</u>. and 28 CFR 36.302 <u>et seq</u>. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

64.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

65. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

66. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

67. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to its property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable

features on an ongoing basis.

      **WHEREFORE,** Plaintiff respectfully requests:

      a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

      b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

      c.    An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

      d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the relief requested herein and any other relief the Court deems just.

Dated:  May 25, 2023                Respectfully submitted,

<div style="margin-left: 2in;">

*/s/ Richard A. Rice, Jr.*
Richard A. Rice, Jr., Esq.
GA Bar No. 603203

THE RICE LAW FIRM, LLC
3151 Maple Drive NE
Atlanta, GA 30305
Phone: (404) 845-0783
Fax: (404) 481-3057
richard.rice@trlfirm.com

Brandon A. Rotbart (Pro Hac Vice Pending)
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com

*Counsel for Plaintiff Rudolph Betancourt*

</div>