**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IFM GWINNETT COMMON LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | [On removal from the Superior |
| PROPERTY-OWNERS INSURANCE | ) | Court of Gwinnett County, |
| COMPANY, | ) | Georgia, Civil Action |
| a foreign corporation, | ) | File No. 23-A-03381-4] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PROPERTY-OWNERS INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Property-Owners Insurance Company ("Property-Owners"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to IFM Gwinnett Common LLC ("Plaintiff")'s Complaint and responds as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Property-Owners upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to assert a claim for breach of contract against

Property-Owners for purported damage (the "Loss") to property located at 432-442 Canton Highway, Cumming, Georgia 30040 (the "Property"), which is the subject of Plaintiff's Complaint, Plaintiff's action should be dismissed because Property-Owners did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of Property-Owners policy number 114618-80955653-20 (the "Policy") and all applicable Georgia law.

## THIRD AFFIRMATIVE DEFENSE

Property-Owners has not breached any duty owed under its insurance contract with Plaintiff and, therefore, Plaintiff may not recover from Property-Owners in any sum or manner whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks, or is construed as seeking, recovery of bad faith penalties or attorneys' fees under O.C.G.A. § 33-4-6 against Property-Owners, such remedies are not available to Plaintiff, as Plaintiff has failed to satisfy the substantive and/or procedural requirements for making a bad faith claim as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Property-Owners under the Policy because Plaintiff breached the terms and conditions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Property-Owners is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering the amount asserted in its Complaint because these alleged damages are speculative, and Plaintiff did not actually incur and/or is not likely to incur these damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damages that occurred outside the subject policy period.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any additional benefits under the Policy because Plaintiff failed to satisfy its duties as required under the Policy. The Policy provides, in relevant part, as follows:

**E.      PROPERTY LOSS CONDITIONS**

> **…**

> **3.      Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8)     Cooperate with us in the investigation or settlement of the claim.

...

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from Property-Owners because the Loss is not payable in accordance with the terms and provisions of the Policy. The Policy provides, in relevant part, as follows:

**E.     PROPERTY LOSS CONDITIONS**

...

**4.     Loss Payment**

**a.**     In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1)     Pay the value of lost or damaged property;

(2)     Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

(3)     Take all or any part of the property at an agreed or appraised value; or

(4)     Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.**     The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

**c.**     We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**d.**     We will not pay you more than your financial interest in the Covered Property.

**…**

**g.**     We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

      **(1)**     We have reached agreement with you on the amount of loss; or

      **(2)**     An appraisal award has been made.

**…**

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a claim for replacement cost benefits against Property-Owners because the Policy provides that Property-Owners will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete and the insured has submitted documentation to Property-Owners establishing that the expense has been incurred. *See Marchman v. Grange Mut. Ins. Co.*, 232 Ga. App. 481, 483 (1998); See also: G. Optional Coverages, 3. Replacement Cost, (d).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover the damages set forth in its Complaint because this amount does not reflect the reasonable cost to replace or repair the alleged damages resulting from a covered cause of loss to the Property with equivalent construction for equivalent use and to return Plaintiff to its pre-loss condition.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Property-Owners under the Policy because Plaintiff failed to satisfy the conditions precedent to recovery. The Policy provides, under its **COMMERCIAL PROPERTY CONDITIONS** endorsement, as follows:

**D.   LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.**  There has been full compliance with all of the terms of this Coverage Part; and

**2.**  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover for all of the purported damage to the Property asserted in the Complaint because not all of said purported damage resulted from a covered peril and the cause of the diminished condition of the Property, if any, is excluded under the Policy. To wit, the Policy provides, under **CAUSES OF LOSS – SPECIAL FORM**, as follows:

**A.   COVERED CAUSES OF LOSS**
When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
**1.**  Excluded in Section **B.**, Exclusions; or
**2.**  Limited in Section **C.**, Limitations that follow.
**B.   EXCLUSIONS**

...

**2.**    We will not pay for loss or damage caused by or resulting from any of the following:

    ...

**d.**    **(1)**    Wear and tear;

        **(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        **(3)**    Smog;

        **(4)**    Settling, cracking, shrinking or expansion;

        **(5)**    Insects, birds, rodents or other animals;

        **(6)**    Mechanical breakdown, including rupture or bursting, caused by centrifugal force. However, if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision; or

        **(7)**    The following causes of loss to personal property:

            **(a)**    Dampness or dryness of atmosphere;

            **(b)**    Changes in or extremes of temperature; or

            **(c)**    Marring or scratching.

    However, if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

    ...

**m.**    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover damages from Property-Owners under the Policy

and applicable Georgia law because any alleged loss in excess of the Policy's
deductible is excluded and not an insured loss under the terms and conditions of
the Policy which provides, in relevant part, as follows:

**D. DEDUCTIBLE**

The applicable Deductible shown in the Declarations will apply
unless otherwise stated by endorsement.

In any one occurrence of loss or damage (hereinafter referred to
as loss), the Deductible will apply as follows:

**1.** We will reduce the amount of loss if required by the
Coinsurance Condition or the Agreed Value Optional
Coverage.

    **a.** If the adjusted amount of loss is less than or equal to the
Deductible, we will not pay for that loss.

    **b.** If the adjusted amount of loss exceeds the Deductible, we
will then subtract the Deductible from the adjusted
amount of loss and will pay the resulting amount or the
Limit of Insurance, whichever is less.

**2.** If Paragraph **1.**, above does not apply:

    **a.** If the amount of loss is less than or equal to the
Deductible, we will not pay for that loss.

    **b.** If the amount of loss exceeds the Deductible, we will
then subtract the Deductible from the loss and will pay
the resulting amount or the Limit of Insurance, whichever
is less.

**…**

## SEVENTEENTH AFFIRMATIVE DEFENSE

Property-Owners is not liable to Plaintiff because Plaintiff failed to properly
mitigate its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering from Property-Owners benefits related

to any exaggerated or exacerbated damages to the Property due to Plaintiff's failure to mitigate its damages or protect the Property as required by the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by, and as a result of, Plaintiff's conduct for which there is no coverage under the Policy, and Plaintiff is therefore estopped or precluded from recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

No act or omission on the part of Property-Owners caused or contributed to any of the alleged damages claimed by Plaintiff and, therefore, Plaintiff is not entitled to recover from Property-Owners.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to impose duties upon Property-Owners aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers or their adjusters when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Property-Owners has acted in good faith and in accordance with the terms and conditions of the Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver

and estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to establish a cause of action against Property-Owners based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiff fails to state a claim upon which relief could be granted. By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action. O.C.G.A. § 33-6-37.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages due to the enforcement of any ordinance or law related to the repair and/or reconstruction of the Property, Plaintiff's right to recover on these damages is circumscribed by the terms and provisions of the Policy, including special limits of liability for these damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover additional damages from State Farm based on payment, accord, and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Property-Owners expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections,

Property-Owners responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

<u>**PARTIES**</u>

1.

Upon information and belief, Property-Owners admits that Plaintiff is an entity located in Forsyth County, Georgia. Property-Owners admits that Plaintiff is a citizen of the State of Georgia.

2.

Property-Owners admits the allegations in Paragraph 2 of the Complaint, in part. Property-Owners admits that it maintains a registered agent in Gwinnett County, Georgia. Property-Owners responds further that it is incorporated in the State of Ohio, and that it has its principal place of business in Lansing, Michigan. Property-Owners admits that it is not a citizen of the State of Georgia. Property-Owners denies all remaining allegations in Paragraph 2.

<u>**JURISDICTION AND VENUE**</u>

1.[1]

In response to the allegations contained in Paragraph 1 of the Complaint, Property-Owners states that it does not dispute the personal or subject matter

---

[1] Despite being the 3rd Paragraph of Plaintiff's Complaint, said Paragraph is labeled in the Complaint as Paragraph 1 and continues sequentially therefrom. This Answer reflects the numbering as contained in the Complaint.

jurisdiction of this Court. Property-Owners states that this Court is not the only court with personal or subject matter jurisdiction over this matter.

2.

In response to the allegations contained in Paragraph 2 of the Complaint, Property-Owners states that it does not dispute venue in this Court. Property-Owners states that this Court is not the only court with proper venue.

3.

In response to the allegations contained in Paragraph 3 of the Complaint, Property-Owners responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 3 of the Complaint that are in direct contravention of the express language of the Policy.

**THE POLICY**

4.

In response to the allegations contained in Paragraph 4 of the Complaint, Property-Owners responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 4 of the Complaint that are in direct contravention of the express language of the Policy. Property-Owners responds further that it will produce a complete and certified copy of the Policy in this matter. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

In response to the allegations contained in Paragraph 5 of the Complaint, Property-Owners responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 5 of the Complaint that are in direct contravention of the express language of the Policy. Property-Owners admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law. Except as otherwise herein admitted, all remaining allegations contained in Paragraph  5 of Plaintiff's Complaint are denied.

6.

In response to the allegations contained in Paragraph 6 of the Complaint, Property-Owners responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 6 of the Complaint that are in direct contravention of the express language of the Policy. Property-Owners admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law. Except as otherwise herein admitted, all remaining allegations contained in Paragraph  6 of Plaintiff's Complaint are denied. Property-Owners denies that all coverages afforded under the Policy are "all perils" coverage. Property-Owners denies that the Policy provides unfettered and/or unrestricted coverage for the Property.

7.

In response to the allegations contained in Paragraph 7 of the Complaint, Property-Owners responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 7 of the Complaint that are in direct contravention to the express language of the Policy. Property-Owners admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law. Property-Owners denies that the Policy provides coverage for additional living expenses. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

## **SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

8.

In response to Paragraph 8 of the Complaint, Property-Owners cannot admit or deny when any loss occurred or the remaining allegations contained in Paragraph 8 and, thus, it denies the same.

9.

Property-Owners admits only that it assigned an adjuster to investigate Plaintiff's claim for purported loss. Property-Owners denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

Property-Owners admits only that Plaintiff made its property available to Property-Owners to inspect and investigate the purported damage. Property-Owners denies that Plaintiff fully cooperated with Property-Owners and all remaining allegations contained in Paragraph 10 of the Complaint.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Property-Owners admits only that an independent adjuster retained by Property-Owners performed a site inspection of the Property. All remaining allegations in Paragraph 11 of the Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of the Complaint, Property-Owners admits only that its representative investigated aspects of the purported loss. Property-Owners denies all remaining allegations contained in Paragraph 12 of the Complaint including, but not limited to, any allegations that Property-Owners, or any individual retained by Property-Owners to investigate the loss, owed Plaintiff any duties apart from those set forth in the insurance contract.

13.

In response to the allegations contained in Paragraph 13 of the Complaint, Property-Owners admits that Plaintiff's deductible for a covered loss under the

Policy is $5,000.00 per occurrence. Owners further admits that Exhibit "B" to the Complaint is a true and correct copy of Property-Owners' initial estimate dated April 30, 2022. However, Property-Owners denies that Exhibit "B" to the Complaint contains Property-Owners' final estimate reflecting Property-Owners' evaluation of the scope of covered damage and the cost to repair that damage. Property-Owners denies all remaining allegations in Paragraph 13 of the Complaint.

14.

Property-Owners denies the allegations contained in Paragraph 14 of the Complaint.

15.

In response to the allegations contained in Paragraph 15 of the Complaint, Property-Owners admits only that it received the written communication requesting payment attached as Exhibit "C" to the Complaint. Property-Owners denies all remaining allegations in Paragraph 15 of the Complaint including, but not limited to, any allegations that this was a valid demand pursuant to O.C.G.A. § 33-4-6 or any other statute.

16.

In response to the allegations contained in Paragraph 16 of the Complaint, Property-Owners responds that Exhibit "C" to the Complaint speaks for itself, and

- 17 -

it denies all remaining allegations contained in Paragraph 16 of the Complaint. Property-Owners denies that this document was a timely and valid bad-faith demand pursuant to O.C.G.A. § 33-4-6 or any other statute.

17.

Property-Owners denies the allegations contained in Paragraph 17 of the Complaint.

18.

Property-Owners denies the allegations contained in Paragraph 18 of the Complaint.

19.

Property-Owners denies the allegations contained in Paragraph 19 of the Complaint.

20.

Property-Owners denies the allegations contained in Paragraph 20 of the Complaint.

## **COUNT I – BREACH OF CONTRACT**

21.

To the extent a response is required to the allegations contained in Paragraph 21 of the Complaint, Property-Owners hereby incorporates by reference its responses to Paragraphs 1 through 20 as if each were fully set forth herein.

22.

Property-Owners denies the allegations contained in Paragraph 22 of the Complaint.

23.

In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Property-Owners admits only that the Policy speaks for itself and denies all allegations contained in the Policy in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 23 are denied.

24.

Property-Owners denies the allegations contained in Paragraph 24 of the Complaint.

25.

Property-Owners denies the allegations contained in Paragraph 25 of the Complaint.

26.

Property-Owners denies the allegations contained in Paragraph 26 of the Complaint.

27.

Property-Owners denies the allegations contained in Paragraph 27 of the Complaint.

28.

Paragraph 28 of the Complaint does not contain allegations that require a response from Property-Owners, but Property-Owners denies the relief sought and any allegations relied upon in seeking such relief.

## DEMAND FOR JURY TRIAL

29.

Paragraph 29 of the Complaint does not contain allegations that require a response from Property-Owners, but Property-Owners denies the relief sought and any allegations relied upon in seeking such relief.

## PRAYER FOR RELIEF

30.

Property-Owners denies the allegations contained in Paragraph 30 of the Complaint, including all subparts.

31.

Property-Owners denies each and every remaining allegation contained in the Complaint not specifically admitted herein, including all of Plaintiff's requests for relief.

WHEREFORE, Property-Owners requests that the following relief be granted:

a)      That Plaintiff's Complaint be dismissed with prejudice.

b)      That Property-Owners be awarded assessments, interest, and late charges, in amounts to be proven at trial.

c)      That Property-Owners be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action.

d)      That Property-Owners be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of May, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

/s/ *Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

## LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 25th day of May, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

/s/ *Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that this day I have electronically filed ***Defendant Property-Owners Insurance Company's Answer and Affirmative Defenses*** with the Clerk of Court by e-filing same using the CM/ECF  System, which will automatically send e-mail notification of said filing to the following attorneys of record:

Remington Huggins, Esq.
Michael D. Turner, Esq.
Huggins Law Firm
110 Norcross Street
Roswell, GA  30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiff*

This <u>25th</u> day of <u>May</u>, 2023.

/s/ *Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com