IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAQUAN A. ROBINSON, SR., | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PREFERRED PERSONNEL SOLUTIONS, | |
| Defendant. | |

## COMPLAINT

COMES NOW, JaQuan A. Robinson, Sr. ("Plaintiff" or "Mr. Robinson"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Preferred Personnel Solutions ("Defendant") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2022; the EEOC issued its Notice of Right to Sue on March 22, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Shannon Stamey, located at 440 Barrett Parkway, Suite 55, Kennesaw, GA 30144.

## FACTUAL ALLEGATIONS

9.

On or around June 14, 2021, Mr. Robinson began working for Defendant as a Forklift Operator/Cherry Picker.

10.

Defendant assigned Mr. Robinson to work at Mud Pie, LLC.

11.

During his employment, Mr. Robinson was bullied by Mudpie's Plant Manager, John Senkowitz.

12.

Mr. Senkowitz fabricated lies against Mr. Robinson to have him terminated.

13.

Mr. Senkowitz told Mr. Robinson to his face that he did not like Mr. Robinson because he is a homosexual man.

14.

Mr. Senkowitz would yell at Mr. Robinson and tell Mr. Robinson that he was the law around here and whatever he said was right, even if he was wrong.

15.

Mr. Robinson complained about Mr. Senkowitz's behavior to Defendant.

16.

When Mr. Robinson asked Mr. Senkowitz not to yell at him, Mr. Senkowitz said he could do what he wanted and told Mr. Robinson to clock out and go home.

17.

On or around September 14, 2021, Defendant terminated Mr. Robinson.

18.

Mr. Robinson filed a complaint of discrimination based on the wrongful termination.

19.

On or around March 14, 2022, Defendant asked Mr. Robinson to come back to work for Mudpie.

20.

Mr. Robinson already had another job at the time and told the Defendant he would need time to consider it.

21.

Mr. Robinson agreed to work for Mudpie again, but Mr. Senkowitz did not know Mr. Robinson was rehired.

22.

When Mr. Senkowitz saw Mr. Robinson onsite, he began yelling because he had terminated Mr. Robinson.

23.

Defendant told Mr. Robinson not to worry about Mr. Senkowitz and to just stay out of his way.

24.

Mr. Robinson informed the Defendant that he was skeptical about taking the job back because of Mr. Senkowitz's reaction, however, he continued working.

25.

On or around May 11, 2022, Defendant terminated Mr. Robinson's assignment with Mudpie allegedly because of issues with his attendance.

26.

Later that same day, Defendant rescinded the termination and told Mr. Robinson they would follow up with him.

27.

Defendant then called Mr. Robinson to discuss his complaints of discrimination against Mr. Senkowitz.

28.

During the call, Mr. Robinson disputed the poor attendance allegations and told Defendant he felt they were retaliating against him for filing an EEOC Charge against Mudpie.

29.

Defendant told Mr. Robinson to ignore Mr. Senkowitz because he was just "hard core".

30.

Defendant also told Mr. Robinson they would talk to Mudpie and asked Mr. Robinson to return to work the next day and hopefully Mr. Senkowitz's behavior would be different.

31.

When Mr. Robinson returned to the warehouse, Mr. Senkowitz told him PPS ended his assignment and he needed to clock out and go home.

32.

Mr. Robinson clocked out and went home.

33.

Mr. Robinson spoke with Defendant and informed them that Mr. Senkowitz had sent him home because PPS terminated his assignment.

34.

As a result, on or around May 13, 2023, Mr. Robinson resigned from his position.

35.

Defendant called Mr. Robinson and asked why he resigned.

36.

Mr. Robinson explained that Mr. Senkowitz told him to leave because PPS ended his assignment.

37.

Defendant explained that Mudpie was one of their biggest clients and they did not want to lose their business.

38.

Defendant then offered to place Mr. Robinson with another client but never did.

39.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., Homosexual, Protected Activity.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

40.

Plaintiff re-alleges paragraphs 9-39 as if set forth fully herein.

41.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

43.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 25th day of May 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com