IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>S. JEFFREY RUSBRIDGE, as administrator of the ESTATE OF ETTA D. WEBB and APRIL Z. EISENACHER,<br><br>         Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") shows this Honorable Court the following:

*Nature of Action*

1.     This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Auto-Owners and the Defendants, i.e., that Auto-Owners owes no insurance coverage obligations to the Defendants in connection with claims asserted by April Z. Eisenacher against S. Jeffrey Rusbridge as administrator of the Estate of Etta D.

Webb, including those in the lawsuit known as *April Z. Eisenacher v. Etta D. Webb*, State Court of Cherokee County, Civil Action No. 20SCE0757 ("Underlying Lawsuit").

*Parties, Jurisdiction, and Venue*

2. Auto-Owners is a Michigan company with its principal place of business in Lansing, Michigan.

3. Defendant April Z. Eisenacher is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

4. Defendant S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb resides in the Atlanta Division of the Northern District of Georgia.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Plaintiff is a citizen of a different state than both Defendants.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Auto-Owners is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Auto-Owners.

- 3 -

*Background Facts*

9. April Z. Eisenacher filed her Complaint in the Underlying Lawsuit on September 3, 2020, naming Etta D. Webb as a defendant.

10. A true and accurate copy of that Complaint is attached hereto as <u>Exhibit A</u>.

11. In her Complaint, Eisenacher alleged that Webb, who resided at 309 Scarlett Lane, Woodstock, Georgia 31088, owned a pitbull that she knew had violent tendencies to attack people.

12. In her Complaint, Eisenacher alleged that Webb negligently failed to keep her vicious dog under control, which led to the pitbull attacking Eisenacher.

13. In her Complaint, Eisenacher alleged that the July 26, 2020 pitbull attack proximately caused her injuries and damages, including a crushed thumb, broken elbow, surgery, severe physical and mental pain, past and future medical expenses, past and future lost wages, and attorney's fees.

*Auto-Owners' Homeowners Policy*

14. Auto-Owners issued a Homeowners Policy ("Policy"), with Policy Number 48-974-218-00, to Webb with Charlie Webb Jr. and Etta Webb as the Named Insureds.

15. A true and accurate copy of the Policy is attached to this complaint as

Exhibit B.

16. The Policy has a policy period of October 18, 2019, to October 18, 2020.

17. The Policy includes a Homeowners Policy Form 3, which provides in part:

> **HOMEOWNERS POLICY**
> **FORM 3**
> **INSURING AGREEMENT**
>
> The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. In return, **you** must pay the premium and comply with all the terms and conditions of this policy. This policy applies to losses, **bodily injury**, **property damage** and **personal injury** which occur during the policy term shown in the Declarations.

18. The Policy defines "bodily injury" as "physical injury, sickness or disease sustained by a person, including resulting death of that person."

19. The Policy defines "occurrence" as "an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions."

20. The Policy defines "suit" as "a civil court proceeding in which damages because of bodily injury, property damage or personal injury to which this insurance applies are alleged."

21. The Policy's "Section II – Personal Liability Protection" provides in part:

1. **COVERAGES**

    a. **Coverage E - Personal Liability**

        (1) **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. How-

        \*\*\*\*

        (2) **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **personal injury** caused by an **incident** to which this coverage applies.

        **We** will settle or defend, as **we** consider appropriate, any claim or **suit** for damages covered by this policy. **We** will do this at **our** expense, using attorneys of **our** choice. This agreement to settle or defend claims or **suits** ends when **we** have paid the limit of **our** liability.

        \*\*\*\*

    b. **Coverage F - Medical Payments to Others**

        A person who sustains **bodily injury** is entitled to this coverage when that person is:

        (1) on an **insured premises** with the permission of an **insured**; or

        (2) elsewhere, if the **bodily injury**:

            (a) arises out of a condition on the **insured premises** or the adjoining ways;

            (b) is caused by the activities of an **insured** or a **residence employee** in the course of employment by an **insured**;

            (c) is caused by an animal owned by or in the care of an **insured**; or

            (d) is sustained by a **residence employee** and arising out of and in the course of employment by an **insured**;

        (3) injured because of the operation or use of an **aircraft, motor vehicle, recreational vehicle** or **watercraft** covered by Coverage E - Personal Liability of this policy.

- 5 -

> **We** will pay the reasonable expenses incurred for necessary:
>
> (1) medical, surgical, X-ray and dental services;
>
> (2) prosthetic devices, eye glasses, hearing aids, drugs and medicines; and
>
> (3) ambulance, hospital, licensed nursing and funeral services.
>
> These expenses must be incurred within three years from the date of the **occurrence** causing **bodily injury** covered by this policy. The **bodily injury** must be discovered, treated and reported to **us** within one year of the **occurrence**.
>
> **We** may pay the injured person or the party that renders the medical services. Payment under this coverage is not an admission of liability by **us** or an **insured**.

22. The Policy includes, among others, the following conditions:

> **WHAT TO DO IN CASE OF LOSS**
>
> **2. PERSONAL LIABILITY PROTECTION**
>
> In the event of **bodily injury**, **property damage** or **personal injury**, the **insured** must:
>
> a. notify **us** or **our** agency as soon as possible. The notice must give:
>
> (1) **your** name and policy number;
>
> (2) the time, place and circumstances of the **occurrence** or **incident**; and
>
> (3) the names and addresses of injured persons and witnesses;
>
> b. promptly send **us** any legal papers received relating to any claim or **suit**;
>
> c. cooperate with **us** and assist **us** in any matter relating to a claim or **suit**; and
>
> d. if a loss covered under Damage to Property of Others occurs, send **us** sworn proof of loss, within 60 days of the **occurrence**. **You** shall also exhibit the damaged property if within **your** control.
>
> An **insured** will not, except at his or her own cost, voluntarily make any payment, assume any obligation or incur any expenses at the time of the **occurrence** or **incident**. Expenses covered by ADDITIONAL COVERAGE, c. First Aid Expenses may be incurred by an **insured**.

> **3. MEDICAL PAYMENTS**
>
> When a claim under the Medical Payments To Others coverage is involved, the injured person or someone acting on behalf of the injured person must:
>
> a. give **us**, as soon as possible, written proof of claim under oath if required;
>
> b. submit to physical examinations at **our** expense by doctors **we** select, as often as **we** may reasonably require; and
>
> c. authorize **us** to obtain medical and other records.

23. The Policy's conditions further provide:

> **b. SUIT AGAINST US**
>
> **We** may not be sued unless there is full compliance with all the terms of this policy.
>
> **We** may not be sued under Coverage E - Personal Liability until the obligation of any **insured** to pay is finally determined either by:
>
> (1) judgement against that person after actual trial; or
>
> (2) written agreement of that person, the claimant and **us**.
>
> No one shall have any right to make **us** a party to a **suit** to determine the liability of any **insured**.

*Communications Between Auto-Owners and Webb*

24. Auto-Owners first received notice of the July 26, 2020 incident involving Eisenacher and her related claims on January 18, 2023.

25. No person or entity notified Auto-Owners of the July 26, 2020 incident or any related claims until January 18, 2023.

26. No person or entity notified Auto-Owners of the September 3, 2020

Underlying Lawsuit until January 18, 2023.

27. Defendant S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb has sought coverage from Auto-Owners for Eisenacher's claims.

28. On January 20, 2023, Auto-Owners acknowledged receipt of the Underlying Lawsuit and agreed to investigate Eisenacher's claims and to provide a defense to S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb, subject to a complete reservation of rights, including the right to disclaim coverage and withdraw from the defense.

29. A true and accurate copy of the January 20, 2023 reservation of rights letter is attached hereto as Exhibit C.

## *Declaratory Judgment*

30. Auto-Owners is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the Defendants and the Underlying Lawsuit.

31. The Policy does not cover any of the claims made in the Underlying Lawsuit against S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb and will not cover any damages awarded therein, due to the failure of Webb to comply with the Policy's terms and conditions with respect to the July 26, 2020 incident.

32. Auto-Owners was not notified as soon as possible of the July 26, 2020 incident involving Eisenacher, which at that time constituted an "occurrence" under the Policy.

33. Auto-Owners was not promptly sent any legal papers related to the September 3, 2020 Underlying Lawsuit.

34. Auto-Owners is entitled to a declaratory judgment that S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb is not covered under the Policy for Eisenacher's claims and the Underlying Lawsuit, because conditions precedent for coverage under the Policy were breached, including the duties to provide timely notice of both the incident and the Underlying Lawsuit.

35. Auto-Owners relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Auto-Owners Insurance Company prays:

(a) That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Auto-Owners has no duty to defend or indemnify the S. Jeffrey Rusbridge as the administrator of the Estate of Etta D. Webb for the July 26, 2020 incident, the claims of April Z.

Eisenacher, the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c)     For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

| | |
|---|---|
| 200 Ashford Center North | /s/ Kim M. Jackson |
| Suite 500 | Ga. State Bar No. 387420 |
| Atlanta, Georgia 30338-2680 | |
| Tel: (770) 391-9100 | /s/ Eric Connelly |
| Fax: (770) 668-0878 | Ga. State Bar No. 925182 |
| kjackson@boviskyle.com | |
| econnelly@boviskyle.com | *Counsel for Plaintiff Auto-Owners Insurance Company* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2680
Tel: (770) 391-9100
Fax: (770) 668-0878
kjackson@boviskyle.com
econnelly@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ Eric Connelly
Ga. State Bar No. 925182

*Counsel for Plaintiff Auto-Owners Insurance Company*