# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARLON MATTHEWS,<br><br>      Plaintiffs,<br><br>v.<br><br>KINGDOM REBAR LLC,<br><br>      Defendant. | Civil Action No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Marlon Matthews ("Plaintiff" or "Matthews") files this Complaint against Defendant Kingdom Rebar LLC ("Defendant" or "Kingdom Rebar"). Plaintiff shows the Court as follows:

## INTRODUCTION

1. Defendant discriminated against Matthews, who is African-American, subjected him to a hostile work environment because of his race and national origin, and terminated him after he opposed such discrimination, in violation of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff asserts claims against Defendant under Title VII and Section 1981 for hostile work environment, discriminatory termination

based on race and/or national origin, and retaliatory termination for opposing race and national origin discrimination.

2. Plaintiff seeks all available relief under Section 1981 and Title VII, including lost wages and benefits, compensatory damages, punitive damages, prejudgment and post-judgement interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This court has federal-question jurisdiction over Plaintiff's Section 1981 and Title VII claims, pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were primarily committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

5. Plaintiff is a citizen of the United States of America, where he was born, and a resident of the State of Georgia; he submits himself to the jurisdiction of this court.

6. Plaintiff was employed by Defendant from approximately July 2021 until on or about January 6, 2022. Plaintiff worked for Defendant in construction in the position of Rodbuster.

7. Defendant is a Texas corporation with its principal place of business at 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

8. Defendant regularly transacts business in the Atlanta Division of the Northern District of Georgia.

9. Defendant is an "employer" within the definition of Title VII and is governed by Title VII.

10. Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII and is thereby covered under Title VII, 42 § 2000e(b).

11. Plaintiff was an "employee" of Defendant within the meaning of Title VII.

## **ADMINISTRATIVE EXHAUSTION**

12. Plaintiff has satisfied all administrative prerequisites for bringing his Title VII claims in this Court.

13. On March 21, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and amended his Charge of Discrimination on September 28, 2022, in which he asserted all claims forming the basis for this lawsuit.

14. On February 28, 2023, the EEOC issued Notice of Right to Sue regarding Plaintiff's Charge of Discrimination.

15. Plaintiff brings this suit within 90 days of his receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

16. Plaintiff, who is African-American, was employed by Defendant from approximately July 2021 until on or about January 6, 2022. Plaintiff worked for Defendant in construction in the position of Rodbuster.

17. When Plaintiff began working for Defendant in approximately July 2021, to his understanding, he was one of only two African-American employees.

18. Throughout Plaintiff's employment, he was regularly subjected to racist statements by his coworkers. Plaintiff was often called the "N-word," "lazy black," and "mayate," a Spanish racial slur directed at black people. Plaintiff's Hispanic coworkers, such as Juan Cuevas, used the term "mayate" regularly, including in the presence of one of the Foremen, Rendon, who is Hispanic.

19. When Plaintiff complained to Foreman Rendon about his coworkers' racially charged and derogatory language, he did not do anything to stop it. Instead, he called Plaintiff a "cry baby," or words to that effect.

20.     Another Supervisor, Jose Rendon (who is Hispanic), told Plaintiff in Spanish that "we don't want 'N-words' working here, 'N-words' are not good," or words to that effect.  Plaintiff opposed this language, telling Supervisor Rendon not to call Plaintiff the Spanish equivalent of the "N-word."

21.     Supervisor Rendon also regularly badgered and harassed Plaintiff, without visiting the same negative treatment upon Plaintiff's Hispanic coworkers.

22.     Plaintiff was also repeatedly subjected to discriminatory statements regarding his American national origin.  As an example, Supervisor Rendon repeatedly stated that being a black American was worse than being a black person from another country.

23.     Plaintiff reported the racial and national origin harassment to Emily (last name unknown) in Human Resources, who said she would investigate. However, to Plaintiff's knowledge, nothing was ever done to address the harassment, which continued.

24.     Foreman Juan Ibarra also repeatedly told Plaintiff not to return to work because there was not enough work to do, and he only needed "his people." However, Plaintiff would then ask Emily in Human Resources about his employment status, and she would tell Plaintiff that he had not been fired and that there was plenty of work to do.

25. Defendant further discriminated against Plaintiff because of his race and/or national origin by frequently taking scheduled work hours from him. Plaintiff's Hispanic coworkers did not have their hours similarly reduced.

26. Defendant additionally discriminated against Plaintiff because of his race and/or national origin with respect to his work assignments. Plaintiff was also often left to perform the hardest or least desirable work by himself, even if his Hispanic coworkers were on the clock but doing nothing, or had much lighter workloads. On one occasion, Supervisor Rendon took a more desirable work assignment from Plaintiff for himself, even though Plaintiff was fully qualified to perform that work. When Supervisor Rendon took the work from Plaintiff, he told Plaintiff that the job "was not for blacks," or words to that effect.

27. On or around December 13, 2021, Plaintiff experienced a flare-up of his chronic back pain while at work, which had been exacerbated as a direct result of Defendant's discriminatory work assignments, which frequently forced Plaintiff to single-handedly lift, move, or otherwise manipulate very heavy loads that would typically require two or more workers. Plaintiff informed Foreman Rendon of the issue. Shortly thereafter, Plaintiff informed Foreman Rendon that his pain had intensified and requested that he be permitted to remain out of work until it subsided.

Foreman Rendon indicated that he approved. The pain was so severe that Plaintiff was forced to go to the hospital for medical treatment.

28. Plaintiff returned to work on or about December 23, 2021. However, Plaintiff tested positive for COVID-19 on or about December 27, 2021 and began quarantining at home after notifying his supervisors, including Foremen Ibarra and Rendon, Supervisor Jose Rendon, and Supervisor Samuel Vallejo. While Plaintiff was out of work due to COVID-19, Foreman Ibarra again told Plaintiff that he did not need to return to work because there was only work for "his people." This time, Emily in HR did not tell him that he could return to work and his employment was terminated on or about January 6, 2022.

29. Defendant terminated Plaintiff because of his race and/or national origin.

30. In the alternative, Defendant retaliated against Plaintiff and terminated his employment because he engaged in the protected activity of opposing race and national origin discrimination.

31. Defendant's actions in subjecting Plaintiff to a hostile work environment, discrimination, and retaliation for his protected activity of opposing racial and national origin discrimination, were willful, wanton, and in reckless

disregard for Plaintiff's federally protected rights, including his rights under Title VII and Section 1981.

32. Due to Defendant's violations of federal law, Plaintiff has suffered lost wages and benefits, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

33. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## COUNT I
### Hostile Work Environment Based on Race in Violation of Section 1981

34. Plaintiff is African-American.

35. Defendant subjected Plaintiff to a hostile work environment based on his race through regular use of racial epithets directed towards Plaintiff by his coworkers and supervisors, discriminatory harassment regarding Plaintiff's work, and discriminatory assignment of job duties.

36. Defendant's harassment of Plaintiff was severe.

37. Defendant's harassment of Plaintiff was pervasive.

38. Defendant's actions in subjecting Plaintiff to a hostile work environment because of his race were willful, wanton, and in reckless disregard for Plaintiff's rights under Section 1981.

39. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

40. Due to Defendant's violations of Section 1981, Plaintiff has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

41. Pursuant to Section 1981, Plaintiff seeks all damages to which he is entitled, including compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief available under Section 1981.

## COUNT II
## Hostile Work Environment Based on Race and/or National Origin in Violation of Title VII

42. Plaintiff is African-American and was born in America.

43. Defendant subjected Plaintiff to a hostile work environment based on his race and/or national origin through regular use of racial epithets directed towards Plaintiff by his coworkers and supervisors, negative comments regarding Plaintiff's national origin, discriminatory harassment regarding Plaintiff's work, and discriminatory assignment of job duties.

44. Defendant's harassment of Plaintiff was severe.

45. Defendant's harassment of Plaintiff was pervasive.

46. Defendant's actions in subjecting Plaintiff to a hostile work environment because of his race and/or national origin were willful, wanton, and in reckless disregard for Plaintiff's rights under Title VII.

47. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

48. Due to Defendant's violations of Title VII, Plaintiff has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

49. Pursuant to Title VII, Plaintiff seeks all damages to which he is entitled, including compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief available under Section 1981.

## COUNT III
### Discriminatory Termination Based on Race in Violation of Section 1981

50. Plaintiff is African-American.

51. Defendant discriminated against Plaintiff because of his race when Defendant's employees subjected Plaintiff to discriminatory treatment and comments, including repeated use of the "N-word" and other slurs.

52. Defendant discriminated against Plaintiff because of his race in terminating his employment.

53. Defendant's actions in subjecting Plaintiff to racial discrimination and terminating him because of his race were willful, wanton, and in reckless disregard for Plaintiff's rights under Section 1981.

54. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

55. Due to Defendant's violations of Section 1981, Plaintiff has suffered a loss of economic opportunity, lost wages, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

56. Pursuant to Section 1981, Plaintiff seeks all damages to which he is entitled, including lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief available under Section 1981.

**COUNT IV**
**Discriminatory Termination Based on Race and/or National Origin in Violation of Title VII**

57. Plaintiff is African-American, and was born in America.

58. Defendant discriminated against Plaintiff because of his race and/or national origin when Defendant's employees subjected Plaintiff to discriminatory treatment and comments, including the use of the "N-word," and other slurs, as well as negative comments about his national origin.

59. Defendant discriminated against Plaintiff because of his race and/or national origin in terminating his employment.

60. Defendant's actions in terminating Plaintiff because of his race and/or national origin were willful, wanton, and in reckless disregard for Plaintiff's rights under Title VII.

61. Defendant acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

62. Because of Defendant's violations of Title VII, Plaintiff has suffered a loss of economic opportunity, lost wages, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

63. Plaintiff seeks all available relief under Title VII, including declaratory relief, lost wages, compensatory damages, punitive damages, interest, reasonable attorneys' fees and costs.

## COUNT V
### Retaliatory Termination in Violation of Section 1981

64. Plaintiff engaged in protected activity under Section 1981 when he, *inter alia*, opposed the racially hostile work environment to which he was subjected.

65. Defendant retaliated against Plaintiff for engaging in a protected activity covered by Section 1981 by terminating his employment.

66. Due to Defendant's violations of Section 1981, Plaintiff has suffered a loss of economic opportunity, lost wages, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

67. Defendant's actions in terminating Plaintiff because of his opposition to racial discrimination were willful, wanton and in reckless disregard for his rights under Section 1981.

68. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

69. Pursuant to Section 1981, Plaintiff seeks all damages to which he is entitled, including lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief available under Section 1981.

## COUNT VI
## Retaliatory Termination in Violation of Title VII

70. Plaintiff engaged in protected activity under Title VII when he, *inter alia*, opposed the hostile work environment to which he was subjected, which hostile work environment was based on Plaintiff's race and/or national origin.

71. Defendant retaliated against Plaintiff for engaging in protected activity covered by Title VII by terminating his employment.

72. Defendant's actions in terminating Plaintiff because of his protected activity were willful, wanton, and in reckless disregard for Plaintiff's rights under Title VII.

73. Defendant acted with malice or with reckless indifference to Plaintiff's Title VII rights.

74. Because of Defendant's violations of Title VII, Plaintiff has suffered a loss of economic opportunity, lost wages, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

75. Plaintiff seeks all available relief under Title VII, including declaratory relief, lost wages, compensatory damages, punitive damages, interest, reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgement that the practices complained of herein are unlawful under Title VII and Section 1981;

b) Full lost wages and benefits;

c) Compensatory damages in an amount to be determined by the jury;

d) Punitive damages in an amount to be determined by the jury;

e)  Attorney's fees, costs, and expenses;

f)  An award of prejudgment and post-judgement interest; and

g)  All other equitable and other further relief as this court deems just and proper.

Respectfully submitted, this 25th day of May 2023.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

Counsel for Plaintiff