IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA JOYNER,<br><br>    Plaintiff,<br><br>  v.<br><br>DRURY HOTELS COMPANY LLC, d/b/a/ DRURY INN EXPRESS & SUITES; DI ATLANTA AIRPORT, LLC; ABC CORPS 1-3; and JOHN DOES 1-3,<br><br>    Defendants. | Civil Action File No. |

**NOTICE OF REMOVAL**

COME NOW Drury Hotels Company LLC and DI Atlanta Airport, LLC, appearing specially without waiving any rights or defenses after being named as defendants (hereinafter "defendants"), and by special appearance file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Drury Hotels Company LLC and DI Atlanta Airport, LLC in *Tamara Joyner v. Drury Hotels Company LLC d/b/a/ Drury Inn Express & Suites; DI Atlanta Airport, LLC; ABC Corps 1-3; and John Does 1-3*, Civil Action File No. 23EV002244, before the State Court of Fulton County,

State of Georgia. Fulton County is within the Atlanta Division of this Court.

2.

Plaintiff alleged that she is a citizen and resident of Georgia. (Complaint ¶ 1, "Ex. "A").

3.

Defendant Drury Hotels Company, LLC is a Limited Liability Company with a principal place of business located at 13075 Manchester Road, Suite 100, Saint Louis, MO, 63131. (Georgia Secretary of State Filings for Drury Hotels Company, LLC, Ex "B"). For diversity purposes, a limited liability company is a citizen of any state of which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). C.f. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state where incorporated and in state where it has its principal place of business). For purposes of diversity, Drury Hotels Company, LLC is completely diverse as neither of its two members are residents or citizens of Georgia, as set forth below:

DDC Hotels, Inc. 50% owner/member - a Missouri incorporated Corporation with its principal place of business located at 13075 Manchester Rd., Suite 200, Saint Louis, MO 63131-1836 (Missouri Secretary of State Filing, Ex "B");

DSW Industries, Inc., 50% owner/member - a Nevada incorporated Corporation with its principal place of business located at 101 S. Farrar Drive, Cape Girardeau, Mo, 63701 (Nevada Secretary of State Filing, Ex "B").

4.

Defendant DI Atlanta Airport, LLC is a Limited Liability Corporation with a principal place of business located at 101 S. Farrar Drive, Cape Girardeau, MO, 63701. (Georgia Secretary of State Filings, Ex "C"). For purposes of diversity, DI Atlanta Airport, LLC is completely diverse as its sole member is not a resident or citizen of Georgia, as set forth below:

Drury Southwest, Inc. a Missouri incorporated Corporation with its principal place of business at 101 S Farrar Dr., Cape Girardeau, MO 63701-4905 (Missouri Secretary of State Filing, Ex. "C").

5.

The complaint also lists fictitious ABC Corp. and John Doe defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (fictious defendants were not considered for diversity purposes even though fictitious

defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). Thus, such fictious defendant in this case is disregarded for purposes of determining jurisdiction.

Accordingly, there is complete diversity among the plaintiff (Georgia) and the defendants (Missouri and Nevada).

6.

Plaintiff's Complaint seeks both general and special damages including: medical expenses and "other items of special damages in the amount of $102,979.66" (Complaint at p. 5 and p. 7).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Based on plaintiff's allegations in the complaint, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

7.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted

to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Pretka, 608 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group*, Inc. et al.(Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc*. (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional

threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  Accordingly, because the plaintiff in this case claimed $102,979.00 in alleged special damages in the complaint, the evidence shows the amount in controversy exceeds $75,000.

8.

The defendants timely filed this notice of removal within 30 days of receipt of the plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3).  Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted above, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

9.

Defendants have attached hereto copies of all pleadings and orders filed by the plaintiff in this case as Exhibit "D." (Defendants contend no evidence of service filed with the court has yet to occur).

10.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendants have filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "E."

12.

Defendants have attached hereto copies of all pleadings defendants served in this case as Exhibit "F."

WHEREFORE, defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

                Respectfully submitted,

                DREW, ECKL & FARNHAM, LLP

                /s/ Brian W. Johnson

```
                                    BRIAN W. JOHNSON
                                    Georgia Bar No. 394745
                                    JABARI C. ROLLINS
                                    Georgia Bar No. 354197
```

```
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
```

**LOCAL RULE 5.1C and 7.1D CERTIFICATION**

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
>     Attorneys for plaintiff

This 25th day of May, 2023

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13485538v1
20649-257564