# EXHIBIT A

State Court of Fulton County
\*\*E-FILED\*\*
23EV002244
4/16/2023 3:46 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TAMARA JOYNER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE ACTION |
| vs. ) | FILE NO. |
| ) | |
| DRURY HOTELS COMPANY, LLC ) | |
| d/b/a DRURY INN EXPRESS & ) | |
| SUITES; DI ATLANTA AIRPORT, ) | |
| LLC; ABC CORPS 1-3; and, JOHN ) | |
| DOES 1-3, | |
| Defendants. | |

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff TAMARA JOYNER, by and through the undersigned counsel, hereby sues Defendant DRURY HOTELS COMPANY, LLC d/b/a DRURY INN EXPRESS & SUITES, and alleges as follows:

1. Plaintiff TAMARA JOYNER (hereinafter referred to as "Plaintiff"), is a resident of the State of Georgia.

2. At all times material to this action, DRURY HOTELS COMPANY, LLC d/b/a DRURY INN EXPRESS & SUITES (hereinafter "Defendant Drury") is a domestic profit corporation under the laws of the State of Georgia. Defendant's registered agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Defendant may be served by delivering a copy of the Summons and Complaint to that address.

3. At all times material to this action, DI ATLANTA AIRPORT, LLC (hereinafter "Defendant DI") is a domestic profit limited liability company under the laws of the State of Georgia. Defendant's registered agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree

Corners, GA 30092. Defendant may be served by delivering a copy of the Summons and Complaint to that address.

4. Defendants, ABC CORPS 1-3, are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC CORPS 1-3 are business entities which owned, managed, operated, monitored, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when putative, entity Defendants ABC CORPS 1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5. Defendants, JOHN DOES 1-3, are unidentified individuals who are potential, third-party tortfeasors. Defendants JOHN DOES 1-3 either owned, managed, operated, monitored, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when putative, Defendants JOHN DOES 1-3 are identified, Plaintiffs will timely amend his pleading and cause a Summons and Complaint to be properly served.

6. At all times material hereto, Defendant Drury operated and managed the Drury Inn Express & Suites located at 1270 Virginia Avenue, Atlanta, GA 30344 (the "Premises") and Defendant DI Atlanta Airport, LLC owned the property on which the Drury Inn was operating. (Defendant Drury and Defendant DI hereinafter referred to as "Defendants").

7. On or about April 17, 2021, Plaintiff was a lawful invitee of Defendants when she suffered bodily injuries after jumping in to a pool with obstructed depth markers on the premises (the "Incident").

8. At said time and place, Plaintiff, was lawfully upon the premises of Defendants' hotel and property, who owed a nondelegable duty to exercise reasonable care for his safety.

9. Venue is proper in this Court as to Defendant pursuant to Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia and the facts set forth herein.

### COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT

10. Plaintiff realleges and reasserts the allegations contained within paragraphs 1-8 as if fully set forth herein.

11. At said time and place, Defendants owed Plaintiff a duty to supervise and monitor the invitees on the premises in a reasonably safe condition and to ensure its staff manages and monitors safe operations within the premises, and to warn Plaintiff of dangerous condition(s) on the premises.

12. At said time and place, Defendants breached these duties to Plaintiffs by committing one or more of the following omissions or commissions:

   a) Negligently failing to monitor or adequately monitor the Premises and the operations therein, thus creating a hazard to members of the public utilizing said premises, including Plaintiffs herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating a hazardous environment to individuals utilizing said premises, including Plaintiff, herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to adequately vet the staff responsible for monitoring a safe environment, as specified above, to ascertain whether said staff constituted a hazard to individuals utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

   d) Negligently failing to adequately warn Plaintiff of the danger of the premises, when Defendants knew or through the exercise of reasonable care should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to supervise, repair or adequately correct the unreasonably dangerous condition of the premises, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

f)  Negligently failing to have adequate staff on duty and/or assigned to the task of supervising and/or monitoring the premises for dangerous conditions;

g)  Negligently failing to train and/or inadequately training its employees to supervise, monitor, and/or repair the premises for dangerous conditions;

h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the premises despite knowledge of prior incidents caused by similar dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

j)  Negligently failing to enforce its stated policy that all associates are responsible for supervising the premises for dangerous conditions and identifying and remedying said conditions and/or warning individuals of said conditions;

k)  Negligently failing to assign specific associates/employees to the task of solely monitoring the premises for dangerous conditions and correcting/remedying said conditions and/or warning individuals of said conditions;

l)  Negligently failing to act reasonably under the circumstances;

m)  Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to individuals, including Plaintiff herein;

n)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o)  Negligently failing to provide a safe environment within the subject premises;

13.  As a result, the defective condition on Defendants' premises caused significant and permanent personal injury to Plaintiff.

14.  As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and

aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

15. As a direct and proximate result of the negligence of Defendants, Plaintiff incurred past medical expenses of over $102,979.00.

WHEREFORE, Plaintiff sues Defendants for damages and demands judgment, plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT

16. Plaintiffs reasserts and realleges the allegations contained within paragraphs 1-14 as if fully set forth herein.

17. At said time and place, Defendants owned, controlled, and/or possessed the subject property.

18. At said time and place, and by virtue of its ownership, control, and/or possession of the premises, Defendants owed Plaintiffs a common law non-delegable duty to monitor the premises in a reasonably safe condition.

19. At said time and place, Defendants breached these duties to Plaintiffs by committing one or more of the following omissions or commissions:

    a) Negligently failing to monitor or adequately monitor the premises, thus creating a hazard to individuals utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently creating a hazardous environment to individuals utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to adequately vet the staff responsible for monitoring a safe environment, as specified above, to ascertain whether said staff constituted a hazard to individuals utilizing said premises, including

        Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d)     Negligently failing to supervise or adequately warn Plaintiffs of the danger of the premises when Defendants knew or through the exercise of reasonable care should have known that said premises was reasonably dangerous and that Plaintiffs was unaware of same;

e)     Negligently failing to correct and/or supervise and/or monitor and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the premises, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

f)     Negligently failing to have adequate staff on duty and/or assigned to the task of supervising and/or monitoring the premises for dangerous conditions;

g)     Negligently failing to train and/or inadequately training its employees to supervise, monitor, and/or repair any defects on the premises in an effort to avoid dangerous conditions;

h)     Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)     Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the premises despite knowledge of prior incidents caused by similar dangerous conditions that were not timely identified by Defendants employees and corrected/remedied or for which notice was given to individuals utilizing and/or occupying the premises;

j)     Negligently failing to enforce its stated policy that all associates are responsible for supervising and evaluating for dangerous conditions and correcting/remedying said conditions and/or warning individuals of said conditions;

k)     Negligently failing to assign specific associates/employees to the task of solely monitoring the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

l)     Negligently failing to act reasonably under the circumstances;

m)     Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to individuals, including Plaintiff herein;

n)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o)   Negligently failing to monitor and provide a safe environment within the subject premises.

20.   As a result, the defective condition on Defendants' premises caused significant and permanent personal injury to Plaintiff.

21.   As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff prays for the following:

a) That process and summons issue requiring Defendants to appear as provided by law and to answer the allegations of this Complaint;

b) A trial by jury;

c) Recovery for her past and future physical pain and suffering;

d) Recovery for her past and future mental and emotional pain and suffering;

e) Recovery of past general damages for Plaintiff;

f) Recovery for present, and future medical, hospital, and other items of special damages in the amount of $102,979.66;

g) Recovery for her past and future lost wages;

h) That all costs be cast against Defendants;

i) Recovery for her Loss of enjoyment of life; and

j) For such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 16th day of April 2023.

                                                  **BEY & ASSOCIATES LLC**

                                                  /s/ Shawn T. Richardson
                                                  N. JOHN BEY, Esq.
                                                  Georgia Bar No. 118279
                                                Shawn T. Richardson, Esq.
                                                Georgia Bar No. 603999
                                                *Attorney for Plaintiff*

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
John@beyandassociates.com
Shawn@beyandassociates.com