# EXHIBIT F

State Court of Fulton County
**E-FILED**
23EV002244
5/25/2023 2:26 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

TAMARA JOYNER,

       Plaintiff,

v.

DRURY HOTELS COMPANY LLC, d/b/a/
DRURY INN EXPRESS & SUITES; DI ATLANTA
AIRPORT, LLC; ABC CORPS 1-3; and JOHN
DOES 1-3,

       Defendants.

Civil Action File No. 23EV002244

**12 PERSON JURY DEMAND**

### ANSWER OF DEFENDANTS

COME NOW Drury Hotels Company LLC and DI Atlanta Airport, LLC, appearing specially without waiving any rights or defenses after being named and misjoined as defendants in the above-styled civil action (hereinafter "defendants"), and without waiving any rights, defenses, or objections answers plaintiff's complaint by special appearance as follows:

### FIRST DEFENSE

All or portions of plaintiff's complaint fails to state or set forth claims against the defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants preserve the defense that plaintiff's claims may be barred by operation of law. Defendants also raise and preserve defenses that the complaint may be barred for improper or insufficiency of process and insufficiency of service of process as no evidence of proper service has been filed with the court.

### THIRD DEFENSE

Defendants preserve any defense they are either immune from suit or not subject to suit in this matter.

### FOURTH DEFENSE

In the absence of proper service, this court lacks jurisdiction over the persons of defendants and venue is improper as to them.  If there is not a verdict against a resident defendant, the court lacks jurisdiction over the defendants and venue would be improper so defendants preserve all defenses to venue and right to move for transfer to a court where venue would be proper.

### FIFTH DEFENSE

Since facts still are being determined, defendants preserve the defense that plaintiff by the exercise of ordinary care may have been able to avoid the consequences of any act or failure to act of the defendants.

### SIXTH DEFENSE

Defendants show that the matter in question and plaintiff's claimed damages, if any, may have been caused by the acts and failure to act of persons or entities other than the defendants.

### SEVENTH DEFENSE

If the defendants were negligent, which defendants emphatically deny, the negligence of the plaintiff may have equaled or exceeded that of the defendants.

### EIGHTH DEFENSE

Any damages claimed by the plaintiff may not have been proximately caused by the negligence, if any, of the defendants.

### NINTH DEFENSE

Since facts still are being determined, the defendants preserve defenses that the plaintiff's alleged damages, if any, may have been directly and proximately caused by plaintiff's own contributory and comparative fault and failure to exercise ordinary care.

### TENTH DEFENSE

Since facts are still being determined, plaintiff's claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

### ELEVENTH DEFENSE

The defendants deny that they acted with any intentionally or willful misconduct. Therefore, plaintiff is barred from recovery from the defendants.

### TWELFTH DEFENSE

Since facts are still being determined, defendants preserve the defense that plaintiff may have failed to take reasonable steps to mitigate the alleged damages.

### THIRTEENTH DEFENSE

Since facts still are being determined, the plaintiff's claims may be barred by estoppel, release, waiver, accord and satisfaction, laches, or for failure to satisfy any condition precedent.

## FOURTEENTH DEFENSE

The plaintiff may have failed to specially plead all damages pursuant to O.C.G.A. §9-11-9(g). Therefore, defendants move for a more definite statement thereof pursuant to O.C.G.A. §9-11-12; see *Bryant v. Haynie*, 216 Ga.App. 430, 432, 454 S.E.2d 533 (1995).

## FIFTEENTH DEFENSE

Defendants preserve and assert all affirmative defenses and other defenses that could be asserted by pursuant to O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12. Defendants also reserve the right to amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed though discovery.

## SIXTEENTH DEFENSE

For a sixteenth defense, defendants answer plaintiff's complaint as follows:

1.

In response to paragraph 1 of plaintiff's complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

2.

In response to paragraph 2 of plaintiff's complaint, defendants deny the allegations contained in the first sentence as stated.  While defendants admit Drury Hotels Company, LLC has a registered agent for service at the address listed in the second sentence of paragraph 2,

defendants deny the remaining allegations of paragraph 2 as specifically stated. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

3.

In response to paragraph 3 of plaintiff's complaint, defendants deny the allegations contained in the first sentence as stated.  While defendants admit DI Atlanta Airport, LLC has a registered agent for service at the address listed in the second sentence of paragraph 3, defendants deny the remaining allegations of paragraph 3 as specifically stated.

4.

In response to paragraphs 4 and 5 of plaintiff's complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same. However, defenses are preserved.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraphs of the plaintiff's complaint.

5.

In response to paragraph 6 of plaintiff's complaint, while defendants admit Drury Hotels Company, LLC operated a certain hotel on April 17, 2021, the allegations contained in paragraph 6 of plaintiff's complaint are vague and ambiguous as to "all times material hereto" and therefore defendants deny the allegations as specifically stated. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiff's

complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraphs of the plaintiff's complaint.

6.

Defendants deny the allegations contained in paragraph 7 of plaintiff's complaint as specifically stated.

7.

In response to paragraphs 8 and 9 of plaintiff's complaint, allegations contained therein are vague and ambiguous, inaccurate, or otherwise incomplete legal conclusions and therefore defendants deny the allegations as stated.

COUNT I

8.

In response to paragraph 10 of Count I of plaintiff's complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 9 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

9.

In response to paragraph 11 of Count I of plaintiff's complaint, allegations contained therein are vague and ambiguous, inaccurate, or otherwise incomplete legal conclusions and therefore defendants deny the allegations as stated.

10.

Defendants deny the allegations contained in paragraph 12 (including all subparts) of Count I of plaintiff's complaint.

11.

Defendants deny the allegations contained in paragraph 13 of Count I of plaintiff's complaint.

12.

Defendants deny the allegations contained in paragraph 14 of Count I of plaintiff's complaint.

13.

Defendants deny the allegations contained in paragraph 15 of Count I of plaintiff's complaint.

14.

Defendants deny all other allegations of Count I of plaintiff's complaint.

COUNT II

15.

In response to paragraph 16 of Count II of plaintiff's complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 15 of plaintiff's complaint. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

16.

In response to paragraph 17 of Count II of plaintiff's complaint, allegations contained therein are vague and ambiguous, inaccurate, or otherwise incomplete legal conclusions and therefore defendants deny the allegations as stated.

17.

In response to paragraph 18 of Count II of plaintiff's complaint, allegations contained therein are vague and ambiguous, inaccurate, or otherwise incomplete legal conclusions and therefore defendants deny the allegations as stated.

18.

Defendants deny the allegations contained in paragraph 19 (including all subparts) of Count II of plaintiff's complaint.

19.

Defendants deny the allegations contained in paragraph 20 of Count II of plaintiff's complaint.

20.

Defendants deny the allegations contained in paragraph 21 of Count II of plaintiff's complaint.

21.

Defendants deny all other allegations of Count II of plaintiff's complaint.

22.

Defendants deny all other allegations in plaintiff's complaint.

23.

Defendants deny all other allegations in plaintiff's complaint including: any "WHEREFORE" paragraph and all subparts, or request for payment of costs or fees; any reference or implication of liability, fault, causation, or damage contained in or referenced by any section headings, count, or cause of action, or any allegation contained in attachments or exhibits; and any prayer for relief and request for damages, judgment, or other relief.

WHEREFORE, having fully answered, defendants pray that they be discharged without costs.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JABARI C. ROLLINS
Georgia Bar No. 354197

13485152/1
20649-257564

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing ANSWER

OF DEFENDANTS upon all parties using the Court's e-filing system, which will automatically

send email notification of such filing to the attorneys or parties of record as follows:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
>     Attorneys for plaintiff

This 25th day of May, 2023.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
RollinsJ@deflaw.com
13485152/1
20649-257564

State Court of Fulton County
**E-FILED**
23EV002244
5/25/2023 2:26 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

TAMARA JOYNER,

   Plaintiff,

v.             Civil Action File No. 23EV002244

DRURY HOTELS COMPANY LLC, d/b/a/
DRURY INN EXPRESS & SUITES; DI ATLANTA
AIRPORT, LLC; ABC CORPS 1-3; and JOHN
DOES 1-3,

   Defendants.

## **NOTICE OF REMOVAL**

   COME NOW Drury Hotels Company LLC and DI Atlanta Airport, LLC, appearing

specially without waiving any rights, defenses, or objections after being named and misjoined as

defendants in the above-styled civil action (hereinafter collectively referred to as "defendants"),

and provide the following notice:

   In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the following of a

Notice of Removal in this action with the United States District Court for the Northern District of

Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Ex. "1".

        Respectfully submitted,

        DREW, ECKL & FARNHAM, LLP

        /s/ Brian W. Johnson

        _____

        BRIAN W. JOHNSON
        Georgia Bar No. 394745
        JABARI C. ROLLINS
        Georgia Bar No. 354197

13485401/1
20649-257564

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of Removal upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
>      Attorneys for plaintiff

This 25th day of May, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745
JABARI C. ROLLINS
Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13485401/1
20649-257564

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA JOYNER,

        Plaintiff,

    v.

DRURY HOTELS COMPANY LLC,
d/b/a/ DRURY INN EXPRESS &
SUITES; DI ATLANTA AIRPORT,
LLC; ABC CORPS 1-3; and JOHN
DOES 1-3,

        Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

COME NOW Drury Hotels Company LLC and DI Atlanta Airport,
LLC, appearing specially without waiving any rights or defenses
after being named as defendants (hereinafter "defendants"), and
by special appearance file this notice of removal, respectfully
providing the Court with the following facts as ground for
removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Drury Hotels Company LLC
and DI Atlanta Airport, LLC in *Tamara Joyner v. Drury Hotels
Company LLC d/b/a/ Drury Inn Express & Suites; DI Atlanta
Airport, LLC; ABC Corps 1-3; and John Does 1-3*, Civil Action
File No. 23EV002244, before the State Court of Fulton County,

State of Georgia. Fulton County is within the Atlanta Division
of this Court.

2.

Plaintiff alleged that she is a citizen and resident of
Georgia. (Complaint ¶ 1, "Ex. "A").

3.

Defendant Drury Hotels Company, LLC is a Limited Liability
Company with a principal place of business located at 13075
Manchester Road, Suite 100, Saint Louis, MO, 63131. (Georgia
Secretary of State Filings for Drury Hotels Company, LLC, Ex
"B"). For diversity purposes, a limited liability company is a
citizen of any state of which a member is a citizen. *Rolling
Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020,
1022 (11th Cir. 2004). C.f. 28 U.S.C. § 1332(c)(1) (corporation
is citizen of state where incorporated and in state where it has
its principal place of business). For purposes of diversity,
Drury Hotels Company, LLC is completely diverse as neither of
its two members are residents or citizens of Georgia, as set
forth below:

DDC Hotels, Inc. 50% owner/member - a Missouri incorporated
Corporation with its principal place of business located at
13075 Manchester Rd., Suite 200, Saint Louis, MO 63131-1836
(Missouri Secretary of State Filing, Ex "B");

DSW Industries, Inc., 50% owner/member - a Nevada
incorporated Corporation with its principal place of business
located at 101 S. Farrar Drive, Cape Girardeau, Mo, 63701(Nevada
Secretary of State Filing, Ex "B").

4.

Defendant DI Atlanta Airport, LLC is a Limited Liability
Corporation with a principal place of business located at 101 S.
Farrar Drive, Cape Girardeau, MO, 63701. (Georgia Secretary of
State Filings, Ex "C"). For purposes of diversity, DI Atlanta
Airport, LLC is completely diverse as its sole member is not a
resident or citizen of Georgia, as set forth below:

Drury Southwest, Inc. a Missouri incorporated Corporation
with its principal place of business at 101 S Farrar Dr., Cape
Girardeau, MO 63701-4905(Missouri Secretary of State Filing, Ex.
"C").

5.

The complaint also lists fictitious ABC Corp. and John Doe
defendants. In determining whether a civil action is subject to
removal on the basis of diversity jurisdiction, the citizenship
of defendants sued under fictitious names shall be disregarded.
28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d
1392, 1396 (11th Cir. 2011) (fictious defendants were not
considered for diversity purposes even though fictitious

defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). Thus, such fictious defendant in this case is disregarded for purposes of determining jurisdiction.

Accordingly, there is complete diversity among the plaintiff (Georgia) and the defendants (Missouri and Nevada).

6.

Plaintiff's Complaint seeks both general and special damages including: medical expenses and "other items of special damages in the amount of $102,979.66" (Complaint at p. 5 and p. 7).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Based on plaintiff's allegations in the complaint, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

7.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted

to the court, or other summary judgment type evidence that may
reveal that the amount in controversy requirement is satisfied."
Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th
Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL
PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)).
Further, Eleventh Circuit precedent allows courts to make
"'reasonable deductions, reasonable inferences, or other
reasonable extrapolations' from the pleadings to determine
whether it is facially apparent that a case is removable." Roe
v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)
(quoting Pretka, 608 F.3d at 754)).

A defendant need not "prove the amount in controversy
beyond all doubt or to banish all uncertainty about it." Pretka
v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir.
2010).

Federal courts in the northern district acknowledged that
the amount in controversy exceeded $75,000 even though
plaintiff's medical bills were less than $75,000 in the
following cases: *Latina Fuller v. Hillstone Restaurant Group*,
Inc. et al.(Case No. 1:20-CV-1908-AT) (amount in controversy
exceeded $75,000 based on medical expenses of $46,479.41);
*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-
01806-MHC) (amount in controversy exceeded jurisdictional

threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials). Accordingly, because the plaintiff in this case claimed $102,979.00 in alleged special damages in the complaint, the evidence shows the amount in controversy exceeds $75,000.

8.

The defendants timely filed this notice of removal within 30 days of receipt of the plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3). Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446. As noted above, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

9.

Defendants have attached hereto copies of all pleadings and orders filed by the plaintiff in this case as Exhibit "D." (Defendants contend no evidence of service filed with the court has yet to occur).

10.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendants have filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "E."

12.

Defendants have attached hereto copies of all pleadings defendants served in this case as Exhibit "F."

WHEREFORE, defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JABARI C. ROLLINS
Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
>      Attorneys for plaintiff

This 25th day of May, 2023

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13485538v1
20649-257564

State Court of Fulton County
**E-FILED**
23EV002244
5/25/2023 2:26 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

TAMARA JOYNER,

        Plaintiff,

v.

DRURY HOTELS COMPANY LLC, d/b/a/
DRURY INN EXPRESS & SUITES; DI ATLANTA
AIRPORT, LLC; ABC CORPS 1-3; and JOHN
DOES 1-3,

        Defendants.

Civil Action File No. 23EV002244

## **NOTICE OF REMOVAL**

COME NOW Drury Hotels Company LLC and DI Atlanta Airport, LLC, appearing

specially without waiving any rights, defenses, or objections after being named and misjoined as

defendants in the above-styled civil action (hereinafter collectively referred to as "defendants"),

and provide the following notice:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the following of a

Notice of Removal in this action with the United States District Court for the Northern District of

Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Ex. "1".

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JABARI C. ROLLINS
Georgia Bar No. 354197

13485401/1
20649-257564

- 1 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of

Removal upon all parties concerned via the court's e-filing system which will automatically send

email notification of such filing to the attorneys or parties of record:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
>> Attorneys for plaintiff

This 25th day of May, 2023.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13485401/1
20649-257564

- 2 -

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA JOYNER,

       Plaintiff,

   v.

DRURY HOTELS COMPANY LLC,
d/b/a/ DRURY INN EXPRESS &
SUITES; DI ATLANTA AIRPORT,
LLC; ABC CORPS 1-3; and JOHN
DOES 1-3,

      Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

COME NOW Drury Hotels Company LLC and DI Atlanta Airport, LLC, appearing specially without waiving any rights or defenses after being named as defendants (hereinafter "defendants"), and by special appearance file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Drury Hotels Company LLC and DI Atlanta Airport, LLC in *Tamara Joyner v. Drury Hotels Company LLC d/b/a/ Drury Inn Express & Suites; DI Atlanta Airport, LLC; ABC Corps 1-3; and John Does 1-3*, Civil Action File No. 23EV002244, before the State Court of Fulton County,

State of Georgia. Fulton County is within the Atlanta Division
of this Court.

2.

Plaintiff alleged that she is a citizen and resident of
Georgia. (Complaint ¶ 1, "Ex. "A").

3.

Defendant Drury Hotels Company, LLC is a Limited Liability
Company with a principal place of business located at 13075
Manchester Road, Suite 100, Saint Louis, MO, 63131. (Georgia
Secretary of State Filings for Drury Hotels Company, LLC, Ex
"B"). For diversity purposes, a limited liability company is a
citizen of any state of which a member is a citizen. *Rolling
Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020,
1022 (11th Cir. 2004). C.f. 28 U.S.C. § 1332(c)(1) (corporation
is citizen of state where incorporated and in state where it has
its principal place of business). For purposes of diversity,
Drury Hotels Company, LLC is completely diverse as neither of
its two members are residents or citizens of Georgia, as set
forth below:

DDC Hotels, Inc. 50% owner/member – a Missouri incorporated
Corporation with its principal place of business located at
13075 Manchester Rd., Suite 200, Saint Louis, MO 63131-1836
(Missouri Secretary of State Filing, Ex "B");

DSW Industries, Inc., 50% owner/member – a Nevada incorporated Corporation with its principal place of business located at 101 S. Farrar Drive, Cape Girardeau, Mo, 63701(Nevada Secretary of State Filing, Ex "B").

4.

Defendant DI Atlanta Airport, LLC is a Limited Liability Corporation with a principal place of business located at 101 S. Farrar Drive, Cape Girardeau, MO, 63701. (Georgia Secretary of State Filings, Ex "C"). For purposes of diversity, DI Atlanta Airport, LLC is completely diverse as its sole member is not a resident or citizen of Georgia, as set forth below:

Drury Southwest, Inc. a Missouri incorporated Corporation with its principal place of business at 101 S Farrar Dr., Cape Girardeau, MO 63701-4905(Missouri Secretary of State Filing, Ex. "C").

5.

The complaint also lists fictitious ABC Corp. and John Doe defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (fictious defendants were not considered for diversity purposes even though fictitious

defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). Thus, such fictious defendant in this case is disregarded for purposes of determining jurisdiction.

Accordingly, there is complete diversity among the plaintiff (Georgia) and the defendants (Missouri and Nevada).

6.

Plaintiff's Complaint seeks both general and special damages including: medical expenses and "other items of special damages in the amount of $102,979.66" (Complaint at p. 5 and p. 7).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Based on plaintiff's allegations in the complaint, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

7.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted

to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Pretka, 6o8 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group*, Inc. et al.(Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional

threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  Accordingly, because the plaintiff in this case claimed $102,979.00 in alleged special damages in the complaint, the evidence shows the amount in controversy exceeds $75,000.

8.

The defendants timely filed this notice of removal within 30 days of receipt of the plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3).  Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted above, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

9.

Defendants have attached hereto copies of all pleadings and orders filed by the plaintiff in this case as Exhibit "D." (Defendants contend no evidence of service filed with the court has yet to occur).

10.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendants have filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "E."

12.

Defendants have attached hereto copies of all pleadings defendants served in this case as Exhibit "F."

WHEREFORE, defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745
JABARI C. ROLLINS
Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

> N. John Bey, Esq.
> Shawn T. Richardson, Esq.
> Bey & Associates LLC
> 191 Peachtree Street, N.E., Suite 3230
> Atlanta, GA 30303
> Attorneys for plaintiff

This 25th day of May, 2023

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 - phone
(404) 876-0992 - fax
bjohnson@deflaw.com
13485538v1
20649-257564