# Exhibit A



July 26, 2021

**VIA UPS OVERNIGHT MAIL**

Will Klabo
Executive Vice President
Aequor Healthcare Services
13915 North Mopac Expressway, Suite 200
Austin, TX 78728

                                Re:    Thomas Yates

Dear Mr. Klabo:

      It has come to my attention that Aequor Healthcare Services has recently hired Thomas Yates to perform a role for Aequor Healthcare Services similar to that performed by Mr. Yates while employed with Soliant.

      Soliant requires all of our employees to execute employment agreements containing covenants restricting them from, among other activities: 1) recruiting Soliant employees to leave Soliant; 2) soliciting or contacting Soliant clients; 3) providing competing professional services within a defined area; and 4) using confidential trade secret information for unauthorized purposes. A copy of Mr. Yates' Employment Agreement is enclosed.

      While Soliant does not seek to interfere with Mr. Yates' employment with Aequor Healthcare Services, Soliant is not willing to release Mr. Yates from his post-employment contractual obligations. In addition, Soliant is concerned because Mr. Yates is actively recruiting his former colleagues and has passed information to you and Emily Matteson, for you to directly recruit our colleagues.

      Please respond by **Monday, August 4** confirming that:

(1) Aequor will no longer direct Mr. Yates in a way that violates his Employment Agreement with Soliant;

(2) Aequor is not in possession of any confidential information of Soliant, including any Soliant clients, candidates, or colleagues, whether in hard copy or on its electronic systems;

(3) Aequor has directed Mr. Yates to return all Confidential Information in his personal possession to Soliant;

(4) Aequor is requiring Mr. Yates to abide by the other terms of his Employment Agreement with Soliant, including refusing to accept any confidential information about Soliant's clients, candidates or colleagues; and

(5) Aequor is ceasing any recruitment activities of current Soliant colleagues or colleagues still within their post-employment obligatory period.

Further, Soliant demands that Aequor fulfill its legal obligation to preserve all evidence relating to Mr. Yates. Aequor must preserve, and not alter, modify or destroy, any materials, including electronically stored information ("ESI"), in its possession that in any way may relate to Mr. Yates' employment with Aequor and departure from Soliant, and his activities on behalf of Aequor. ESI includes, but is not limited to, emails, Facebook and other social media and LinkedIn links or postings, ESI retained on mobile devices, including texts, as well as computers and all files and file fragments containing information from electronic calendars or contacts. Aequor should also preserve any backup ESI which may contain relevant information as noted above. I emphasize that special steps should be taken to preserve electronically-stored information in a manner that does not alter its metadata. Such metadata may be specifically requested in discovery. Failure to preserve potentially discoverable evidence may result in sanctions and other legal penalties.

Soliant is in no way waiving its right to pursue all available remedies without further notice.

Please be governed accordingly.

Sincerely,

Reed Norris, Counsel
Soliant

Enclosure