IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY CROCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>SRISAM FOOD MART, LLC,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff Rodney Crockett ("Plaintiff") and files this Complaint against Defendant SriSam Food Mart, LLC ("Defendant"), and shows the Court the following:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

1

amended, 29 U.S.C. §201 et seq. ("FLSA") during Plaintiff's employment with Defendant.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

5.

Defendant may be served with process by delivering a copy of the summons and Complaint to its registered agent, Kanchan Rai, at 5152 Clearwater Drive, Stone Mountain, GA, 30087.

## PARTIES AND FACTS

6.

Plaintiff is a resident of Georgia.

7.

Plaintiff was an "employee" of Defendant as that term has been defined by the FLSA.

8.

Plaintiff was hired by Defendant as a Cashier on or about August 1, 2016.

9.

Defendant had Plaintiff work at various gas stations controlled by Defendant's owner and/or family members. All of the gas stations to which Plaintiff was assigned were part of an integrated or single enterprise.

10.

Specifically, Plaintiff also worked at Loganville Mart, LLC (Jit Rai), Jocelyn USA, Inc. (Bishan Rai), and a Chevron gas station located at 3316 Snapfinger Road, Stonecrest, Georgia.

11.

Plaintiff engaged in the same work at every entity at which he performed work.

12.

Throughout Plaintiff's employment, including May 2019 to the end of Plaintiff's employment on or about March 2, 2023, he was paid on an hourly basis,

without overtime compensation, calculated at one-and-one-half times his regular rate, for hours he worked in excess of 40 in work-weeks.

13.

Specifically, Plaintiff was not paid the overtime rate for all hours he worked in excess of 40 in work weeks. Rather than pay Plaintiff time and a half his regular rate for overtime, Defendant only paid Plaintiff his regular hourly rate for such hours.

14.

Defendant is an "employer" as that term has been denied by the FLSA, 29 U.S.C. §203(d).

15.

Defendant is a private employer engaged in interstate commerce, and its gross commercial revenues exceed $500,000 per year.

16.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

17.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Plaintiff performed job duties that were integral to Defendant's principal business.

20.

Plaintiff worked for Defendant on a permanent basis, until such time that he left its employ.

21.

Plaintiff had no opportunity for profit and loss as he was paid on an hourly basis.

22.

Plaintiff's work schedules and job assignments were controlled by Defendant.

## COUNTS
## COUNT I: FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

23.

Plaintiff repeats and re-alleges paragraph 6-22 as if set forth fully herein.

24.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation

26.

Defendant knew or showed reckless disregard for the fact that its actions, policies, and/or omissions violated the FLSA. Defendant's violations of the FLSA were willful, thus entitling Plaintiff to a three-year statute of limitations.

27.

Defendant suffered or permitted Plaintiff to work overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 25th day of May, 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Counsel for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
severin@justiceatwork.com