# EXHIBIT "A"

Fulton County Magistrate Court
***E-FILED***RC
Date: 4/6/2023 10:46 AM
Cathelene Robinson, Clerk
23MS181123

**MAGISTRATE COURT OF FULTON COUNTY, GEORGIA**

Raquel Grindley

1600 Ponce De Leon Blvd, 10th Floor, Coral Gables, FL 33134 · sorolis@brlfirm.com, (631) 210-7272

Plaintiff(s) Name, Address, Email Address, Phone Number

Case No: _____

vs.

Halstead Finacial Services, LLC
C/o Corporation Service company
80 State Street, Albany, New York 12207

Defendant(s) Name, Address,

**NOTICE AND SUMMONS**

I am the ( ) Plaintiff (✓) Plaintiff's Attorney and I ( ) would or (✓) would not like to receive text message alerts for upcoming hearing dates for this case? (Standard text message rates from your carrier may apply) **Cell Phone #** _____

*(This form is used when the Plaintiff drafts a separate Complaint, rather than using the Statement of Claim form)*

To: All Defendant(s)

You are hereby notified that the above named Plaintiff has made a claim and is requesting judgment against you in the sum of $ __758,000.00__ .

**YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE OR CLERK.**

If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. **NO TELEPHONE ANSWERS ARE PERMITTED.**

If you file an answer, the court will hold a hearing on this claim at the Fulton County Courthouse – 185 Central Avenue SW, Atlanta, GA 30303, at a time to be scheduled after your answer is filed. (Answer & Counterclaim forms are available at the Magistrate Clerk's office. Answers & counterclaims should be electronically filed with the Clerk, Magistrate Court, file either an oral or written Answer at room TG100, 185 Central Ave., S.W. Atlanta, Georgia 30303 between 8:30 A.M. and 5:00 P.M.  OR electronically at http://www.odysseyefilega.com (convenience fee applies).

You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance.

If you have a claim against the Plaintiff, you should notify the court and immediately electronically file a written answer and counterclaim.

If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your circumstances.

4/6/2023 10:46 AM

Filed this _____ day of _____, 20___.

*Roman Costo*

Magistrate or Deputy Clerk of Court

MAG 10-17 SUMMONS 0119

IN THE MAGISTRATE COURT
IN THE COUNTY OF FULTON, GEORGIA
SMALL CLAIMS

Fulton County Magistrate Court
***E-FILED***RC
Date: 4/6/2023 10:46 AM
Cathelene Robinson, Clerk
23MS181123

| | |
|---|---|
| RAQUEL GRINDLEY,<br><br>Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No.:<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Raquel Grindley, by and through the undersigned counsel, complains, states, and alleges for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against defendant Halsted Financial Services, LLC, as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the FDCPA.

2. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks

1

omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id.* at 1193–95.

6. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id.* at 1201.

7. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

## JURISDICTION AND VENUE

8. This is an action for damages within the jurisdiction of this Court.

9. This is an action for damages that does not exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

10. This Court also has jurisdiction over the Plaintiff's claim.

11. Venue is also proper in Fulton County, Georgia as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resided in this County at the time of the events.

12. This Court has jurisdiction over defendant Halsted Financial Services, LLC because it regularly transacts business within this County, derives substantial revenue from

2

services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

13. Plaintiff Raquel Grindley ("Plaintiff") is an individual who is a citizen of the State of Georgia residing in Fulton County, Georgia.

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff is a "consumer" as defined by the FDCPA.

16. Defendant Halsted Financial Services LLC ("HFS") is a company existing under the laws of the State of Illinois, with its principal place of business in Skokie, Illinois.

17. HFS has transacted business within this state as is more fully set forth hereinafter in this Complaint.

18. HFS regularly collects or attempts to collect debts asserted to be owed to others.

19. HFS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

20. The principal purpose of HFS's business is the collection of such debts.

21. HFS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

22. HFS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. At all material times herein, HFS's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

24. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

25. HFS alleged Plaintiff owes a debt.

26. In its efforts to collect the alleged debt, HFS sent Plaintiff an email on February 24, 2023.

27. The email subject line stated "Low offers available for your Credit One Bank, N.a. Account-Raquel Grindley."

28. The foregoing stated, or otherwise implies, that HFS was retained by Credit One Bank, N.A. to collect the alleged debt from Plaintiff.

29. The email, in the relevant part, stated "Per our prior communication, your Credit One Bank, N.a. account in now being handled by our office."

30. Again, the foregoing stated, or otherwise implied, that HFS was retained by Credit One Bank, N.A. to collect the alleged debt from Plaintiff.

31. In fact, prior to receiving the email, Plaintiff received several text messages from Halsted regarding the alleged debt.

32. On January 17, 2023, HFS sent Plaintiff a text message that stated, in the relevant part, "this text is from Halsted Financial, a debt collector regarding your Credit One Bank, N.A. account."

33. On January 20, 2023, HFS sent Plaintiff a text message that stated, in the relevant part, "pay your Credit One Bank, N.A. account your way."

34. On January 23, 2023, HFS sent Plaintiff a text message that stated, in the relevant part, "take advantage of your repayment options for your Credit One Bank, N.A. account while we have the chance to work with you."

4

35. On January 27, 2023, HFS sent Plaintiff a text message that stated, in the relevant part, "we have limited time to work with you before we must return your Credit One Bank, N.A. account to our client."

36. Each of the foregoing text messages stated, or otherwise implied, that HFS was retained by Credit One Bank, N.A. to collect the alleged debt from Plaintiff.

37. In fact, HFS was not retained by Credit One Bank, N.A.

38. In fact, HFS was not attempting to collect the alleged debt on behalf of Credit One Bank, N.A., but rather LVNV Funding, LLC ("LVNV").

39. The email, at the very bottom, stated "Georgia: Current Creditor to whom the debt is owed - LVNV Funding LLC, P.O. Box 10497, MS 576 Greenville, SC 29603."

40. HFS intentionally or negligently engages in misleading and/or deceptive communications with consumers, which state, or otherwise implies, that HFS is attempting to collect the alleged debt on behalf of Credit One Bank, N.A.

41. But, HFS was attempting to collect on behalf of LVNV.

42. However, Plaintiff was never indebted to LVNV, and was never indebted to LVNV for $1,688.04.

43. According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year. LVNV and its related companies are at the top for the entire country in terms of the volume of such complaints.

44. LVNV is a shell company. LVNV has no employees. LVNV has no collection agreements. Instead, along with at least a dozen other shell companies including Pinnacle Credit

5

Services, Resurgent Funding, CACH, Ashley Funding Services, PYOD, Resurgent Receivables, and Sherman Originator, LVNV is controlled by Resurgent Capital Services ("Resurgent Capital"). Employees of Resurgent Capital act as unpaid "representatives" of LVNV and the other shell companies through what the employees believe is a "limited power of attorney." These "representatives" receive no training whatsoever concerning the shell companies' business and are often unaware of whether at a given time they are acting as an employee of Resurgent Capital, a representative of one of the shell companies, or both.

45. Through the shell companies, Resurgent Capital purchases large portfolios of charged-off consumer debt from banks for pennies on the dollar. Such portfolios rarely include account-level documentation, such as credit agreement signed by consumers, providing competent proof that the consumers actually owe the amount attributed to each consumer.

46. At the exact same time that the portfolio is purchased, the shell companies literally simultaneously "sell" the portfolios to each other using a bogus document entitled "Transfer and Assignment." The Transfer and Assignment documents, used and reused over multiple years, appear at first glance to be legitimately hand-signed agreements between the shell companies. However, a closer examination reveals that the documents are "robo-signed," with identical facsimile signatures used on many documents spanning multiple years. The signatures are printed in different colors in an attempt to make the observer believe they are legitimate hand-signed documents. They are not. These "purchases" are bogus, meant only to confuse consumers as to whom they may owe money and to insulate Resurgent Capital, rather than bona fide, arm's length transactions.

47. Nevertheless, based on these bogus agreements, LVNV and the other shell companies flood New York State Courts, including this Court, with tens of thousands of lawsuits

claiming New York consumers owe them money. The tidal wave of lawsuits against New York Consumers by debt purchasers like LVNV has not gone unnoticed by New York's legislature, New York consumer protection agencies, and the Courts, and has resulted in a series of amendments to the CPLR and local court rules, and the enactment of the Consumer Credit Fairness Act which mandates heightened judicial scrutiny and evidentiary burdens on such actions.

48. This is the same tortured process that Plaintiff's account with Credit One Bank, N.A. endured. Upon information and belief, one of the shell companies, most likely Sherman Originator, "purchased" a large portfolio of charged-off consumer debt from Credit One Bank, N.A. for pennies on the dollar. Such portfolio presumably included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff for the amount sought. Sherman Originator then, at the exact same time, "transferred, sold, assigned, conveyed granted and delivered" the portfolio to another shell company. Then, again at the exact same time, that shell company, in turn "transferred, sold, assigned, conveyed granted and delivered" the portfolio to the instant shell company, LVNV. These "transactions" are all supposedly documented through the sham robo-signed "Transfer and Assignment" document.

49. Indeed, Plaintiff was never indebted to LVNV for $1,688.04 and LVNV never extended credit to Plaintiff for $1,688.04.

50. Plaintiff was never involved in any transaction with LVNV for $1,688.04 and never entered into any contract with LVNV for the payment of $1,688.04.

51. Upon information and belief, HFS does not possess competent proof that Plaintiff owes $1,688.04 to LVNV.

52. Upon information and belief, HFS does not possess any credit agreement between Plaintiff and LVNV for $1,688.04.

53. Upon information and belief, HFS does not possess competent proof that Plaintiff agreed to pay $1,688.04 to LVNV.

54. Upon information and belief, HFS does not possess any competent proof that Plaintiff is obligated to pay $1,688.04 to LVNV.

55. Upon information and belief, HFS does not possess any competent proof that $1,688.04 was ever owed by Plaintiff to LVNV.

56. Upon information and belief, HFS does not possess any competent proof that Plaintiff owed $1,688.04 at the time LVNV alleged purchased the portfolio of debt.

57. LVNV holds no legal right, title or interest in $1,688.04 owed by Plaintiff.

58. HFS holds no legal right, title, or interest in $1,688.04 owed by Plaintiff.

59. That email, dated February 24, 2023, was received and read by Plaintiff.

60. The email stated "**It is the policy of LVNV Funding LLC, the current creditor, to delete the tradeline upon satisfaction of an account that they have reported. Please note, this applies only to the tradeline reported by LVNV Funding LLC and will not affect the tradeline of the original creditor or any other third party.**"

61. The foregoing is intended to have a psychological impact on consumers, making consumers believe that the only way LVNV Funding, LLC's tradeline can or will be deleted is if the consumer pays the alleged debt.

62. The foregoing fails to inform consumers what HFS means by "upon satisfaction."

63. The least sophisticated consumer would be confused by HFS's statement of "upon satisfaction" and whether such means payment of the full balance of the alleged debt or whether such also applied to any of the offers HFS made to resolve the alleged debt.

64. The acts of HFS as described in this Complaint were performed by HFS or on HFS's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "HFS" in this Complaint shall mean HFS or its owners, officers, agents, and/or employees.

65. HFS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from HFS's conduct.

66. Plaintiff justifiably fears that, absent this Court's intervention, HFS will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

67. Plaintiff justifiably fears that, absent this Court's intervention, HFS will ultimately cause Plaintiff unwarranted economic harm.

68. Plaintiff justifiably fears that, absent this Court's intervention, HFS will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

69. Plaintiff justifiably fears that, absent this Court's intervention, HFS will ultimately cause Plaintiff to be sued.

70. A favorable decision herein would serve to deter HFS from further similar conduct.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72. Plaintiff is a "consumer" as that term is defined by the FDCPA.

73. HFS is a "debt collector" as that term is defined by the FDCPA.

74. The alleged debt is a "debt" as that term is defined by the FDCPA.

75. The email is a "communication" as that term is defined by the FDCPA.

76. Each text message is a "communication" as that term is defined by the FDCPA.

77. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

79. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not owe that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

81. As set forth in this Complaint, Plaintiff did not owe any monies to LVNV.

82. As such, HFS's allegation that Plaintiff owed the claimed amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

83. HFS's allegation that Plaintiff owed the claimed amount is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

84. HFS's allegation that Plaintiff owed the claimed amount is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

85. For the foregoing reasons, HFS violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against HFS as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding costs and attorneys' fees; and

c. Any other and further relief as this Court deems just and equitable.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692d

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. Plaintiff is a "consumer" as that term is defined by the FDCPA.

88. HFS is a "debt collector" as that term is defined by the FDCPA.

89. The alleged debt is a "debt" as that term is defined by the FDCPA.

90. The email is a "communication" as that term is defined by the FDCPA.

91. Each text message is a "communication" as that term is defined by the FDCPA.

92. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

93. An allegation by a debt collector that a consumer owes a claimed amount to an entity when the consumer does not owe the claimed amount to that entity is a violation of 15 U.S.C. § 1692d.

94. An allegation by a debt collector that a consumer owes a claimed amount when the consumer does not owe that amount is a violation of 15 U.S.C. § 1692d.

95. As set forth in the relevant paragraphs of this Complaint, Plaintiff did not owe any monies to LVNV.

96. As such, HFS's allegation that Plaintiff owed the alleged debt, was harassing, oppressive, and/or abusive conduct in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

97. For the foregoing reasons, HFS violated 15 U.S.C. § 1692d and is liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against HFS as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding costs and attorneys' fees; and

    c. Any other and further relief as this Court deems just and equitable.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f

98. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

99. Plaintiff is a "consumer" as that term is defined by the FDCPA.

100. HFS is a "debt collector" as that term is defined by the FDCPA.

101. The alleged debt is a "debt" as that term is defined by the FDCPA.

102. The email is a "communication" as that term is defined by the FDCPA.

103. Each text message is a "communication" as that term is defined by the FDCPA.

104. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

105. 15 U.S.C. § 1692e(8) prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

106. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

107. 15 U.S.C. § 1692f prohibits using unfair or unconscionable means to collect or attempt to collect any debt.

108. HFS stated, or otherwise implied, it was attempting to collect the alleged debt on behalf of Credit One Bank, N.A.

109. HFS's text messages were false, misleading, and/or deceptive in that they stated, or otherwise implied, HFS was collecting the alleged debt on behalf of Credit One Bank, N.A.

110. HFS's email was false, misleading, and/or deceptive in that it stated, or otherwise implied, HFS was collecting the alleged debt on behalf of Credit One Bank, N.A.

111. HFS intentionally or negligently makes false, misleading and/or deceptive statements because consumers are more likely to pay an alleged debt to the original creditor versus a party it does not know or does not owe any monies to.

112. The email stated "**It is the policy of LVNV Funding LLC, the current creditor, to delete the tradeline upon satisfaction of an account that they have reported. Please note, this applies only to the tradeline reported by LVNV Funding LLC and will not affect the tradeline of the original creditor or any other third party.**"

113. The foregoing is intended to have a psychological impact on consumers, making consumers believe that the only way LVNV Funding, LLC's tradeline can or will be deleted is if the consumer pays the alleged debt.

114. The foregoing fails to inform consumers what HFS means by "upon satisfaction."

115. The least sophisticated consumer would be confused by HFS's statement of "upon satisfaction" and whether such means payment of the full balance of the alleged debt or whether such also applied to any of the offers HFS made to resolve the alleged debt.

116. For the foregoing reasons, HFS violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against HFS as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding costs and attorneys' fees; and

    c. Any other and further relief as this Court deems just and equitable.

## JURY DEMAND

117. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

    a. Finding HFS's actions violate the FDCPA; and
    b. Statutory damages against HFS pursuant to 15 U.S.C. § 1692k; and
    c. The costs of this action and attorneys' fees awarded against HFS pursuant to 15 U.S.C. § 1692k; and
    d. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with
    e. Such other and further relief that the Court determines is just and proper.

Dated: Friday, March 24, 2023

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948

*Attorneys for Plaintiff*

Case 1:23-mi-99999-UNA   Document 1695-1   Filed 05/26/23   Page 17 of 17

Fulton County Magistrate Court
***E-FILED***ZH
Date: 5/1/2023 2:59 PM
Cathelene Robinson, Clerk
23MS181123

IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA

**RAQUEL GRINDLEY**

Plaintiff/Petitioner

vs.

**HALSTEAD FINANCIAL SERVICES, LLC**

Defendant/Respondent

Case No.: 23MS181123

AFFIDAVIT OF SERVICE OF SUMMONS; COMPLAINT

Received by **Francisco Cruz**, on the **27th day of April, 2023 at 8:32 PM** to be served upon **HALSTEAD FINANCIAL SERVICES, LLC c/o CORPORATION SERVICE COMPANY, .** at **80 State Street, Albany, Albany County, NY 12207**. On the **28th day of April, 2023 at 8:45 AM**, I, Francisco Cruz, SERVED **HALSTEAD FINANCIAL SERVICES, LLC c/o CORPORATION SERVICE COMPANY, .** at **80 State Street, Albany, Albany County, NY 12207** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **CORPORATION SERVICE COMPANY, .**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to CORPORATION SERVICE COMPANY,. with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 45-55 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with a beard.

Service Fee Total: **$75.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____  _____  Date: 4/28/23
Francisco Cruz                    Server ID #

Notary Public: Subscribed and sworn before me on this __28__ day of __April__ in the year of 20__23__
Personally known to me __X__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

TAMARA R LITTLETON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LI6383186
Qualified in Albany County
My Commission Expires November 13, 2022

REF: **REF-12603496**

Page 1 of 1
Tracking #: 0105532175