IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID L. THIGPEN and REGINA THIGPEN, As Surviving Parents of Jerelyn Thigpen, deceased; <br> JAMES J. DALTON, II, as proposed Administrator of The Estate of Jerelyn Thigpen; <br> PIETER TEEUWISSEN and LISA TEEUWISSEN, as Surviving Parents of Maya E. Teeuwissen; <br> NINA M. TEEUWISSEN and LIA N. TEEUWISSEN, as Administratrices of the Estate of May E. Teeuwissen; <br> JEVONTE J. SMITH, as Surviving Parent of Alexander Pieter Smith; and <br> PIETER TEEUWISSEN and LISA TEEUWISSEN, as Administrators of the Estate of Alexander Peiter Smith, <br><br> Plaintiffs, <br><br> v. <br><br> UTILITY TRAILER MANUFACTURING COMPANY, <br><br> Defendant. | CIVIL ACTION FILE NO. |

### NOTICE OF REMOVAL OF ACTION
### UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

**PLEASE TAKE NOTICE** that Defendant Utility Trailer Manufacturing Company, LLC (mistakenly sued as Utility Trailer Manufacturing Company)

1

("Utility"), hereby removes Case No. 2023CV00865 (the "State Action") from the State Court of Clayton County, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is concurrently filed with the Clerk of the State Court of Clayton County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441. The State Court shall proceed no further unless and until this case is remanded.  28 U.S.C. § 1441.

Defendant Utility submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

1.      On April 13, 2023, Plaintiffs filed a Complaint and Demand for Jury Trial in the State Court of Clayton County, State of Georgia, captioned <u>David L. Thigpen and Regina Thigpen, as Surviving Parents of Jerelyn Thigpen, deceased; James J. Dalton, II, as proposed Administrator of the Estate of Jerelyn Thigpen; Pieter Teeuwissen and Lisa Teeuwissen, as surviving parents of Maya E. Teeuwissen; Nina M. Teeuwissen and Lia N. Teeuwissen, as Administratrices of the Estate of Maya E. Teeuwissen; Jevonte J. Smith, as Surviving Parent of Alexander Pieter Smith; and Pieter Teeuwissen and Lisa Teeuwissen, as Administrators of the Estate of Alexander Pieter Smith v. Utility Trailer Manufacturing Company</u>, bearing Civil Action File No. 2023CV00865.

2. Plaintiff served Utility with the Complaint on May 18, 2023, and this Notice of Removal is timely filed.

3. In accordance with 28 U.S.C. § 1446, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit A.

4. Plaintiffs' Complaint alleges that on October 10, 2020, decedent Jerelyn Thigpen driving a 2012 Nissan Altima when she was involved in a motor vehicle accident with a 2015 Freightliner tractor trailer truck. (Complaint, Ex. A, ¶ 2.3, 2.9) Plaintiffs' Complaint further alleges decedent Alexander Pieter Smith, a minor, and Maya Teeuwissen were riding as passengers in the Nissan at the time of the accident. (Complaint, Ex. A, ¶ 1.5, 2.5). Plaintiffs' Complaint further alleges decedents Thigpen, Smith and Teeuwissen died as a result of injuries sustained in the accident. (Complaint, Ex. A, ¶ 2.37, 2.42). Plaintiffs' Complaint alleges the 2015 Freightliner involved in the accident was hauling a 2015 Utility trailer designed, manufactured, marketed and sold by Defendant Utility. (Complaint, Ex. A, ¶ 2.9, 2.44). Plaintiffs further allege the Utility trailer was defective. (Complaint, Ex. A, ¶ 2.45).

5. Plaintiffs allege claims of strict product liability, negligence, failure to warn and punitive damages. (See generally Complaint, Ex. A.)

6. Plaintiffs seek recovery for the mental and physical pain and suffering experienced by the decedents, the full value of the life of each decedent, the full value of the 2012 Nissan Altima as well as medical bills and funeral expenses for each decedent. (Complaint, Ex. A, ¶ 7 and subparts).

7. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendant Utility pursuant to the provisions of Title 28, section 1441(b) because citizenship of each plaintiff is diverse from Utility and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

9.      Plaintiffs have not alleged a specific amount which they are seeking to recover. Although Utility denies Plaintiffs are entitled to any damages whatsoever, it is obvious the matter-in-controversy requirement is satisfied in this case. Plaintiffs' Complaint seeks to recover for the alleged wrongful death of three individuals, at least one of whom was a minor child. (Ex. A, ¶ 1.5). The damages sought include the full value of the lives of each decedent, past medical, funeral and other expenses, past pain and suffering and punitive damages. (Ex. A, ¶ 8.4-8.8). Using reasonable deductions and inferences, and in the exercise of common sense, the amount in controversy exceeds $75,000. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1065 (11th Cir. 2010) (upholding district court's order that the value of the plaintiff's claims, when "analyzed with judicial experience and common sense," likely exceeded $75,000 threshold in wrongful death case with punitive damages claim); Dixon v. Whatley Oil & Auto Parts Co., 2019 WL 169687, at *2 (M.D. Ga. 2019) (noting the court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings and other evidence to determine whether the amount in controversy is met"). Courts in other jurisdictions examining amount in controversy question in the context of a claim for wrongful death have found the amount in controversy is exceeded on the face of the Complaint. McPhail v. Deere & Co., 529 F.3d 947, 957 (10th Cir. 2008) (affirming propriety of federal

jurisdiction in product-liability wrongful-death action where the complaint sought damages "in an amount in excess of Ten Thousand Dollars"); Borquez v. Brink's Inc., 2010 WL 931882, at *5 (N.D. Tex. 2010) (observing that a complaint alleging wrongful death "affirmatively reveals on its face that the damages sought exceeded $75,000"); Stewart v. Glenburney Healthcare, 2008 WL 5412311, at *1 n.1 (S.D. Miss. 2008) (denying remand because "it is facially apparent" that a wrongful-death action exceeds the threshold for removal); Branson v. Medtronic, Inc., 2007 WL 170094, at *5 (M.D. Fla. 2007) (where the plaintiff alleged that a defective medical device caused her husband's death, finding that the question of whether the amount-in-controversy requirement was met "is not even close"). Therefore, on experience, information and belief, a preponderance of the evidence shows the jurisdictional minimum amount in controversy as required by 28 U.S.C. § 1332(a) is satisfied. See 28 U.S.C. § 1446(c)(2)(B).

  10. There is also complete diversity in this action. The citizenship of each Plaintiff is outlined below:

  a. David L. Thigpen, as surviving parent of Jerelyn Thigpen: **Mississippi.** Upon information and belief Mr. Thigpen is a resident and citizen of the state of Mississippi.

b. Regina Thigpen, as surviving parent of Jerelyn Thigpen: **Georgia**. Upon information and belief, Ms. Thigpen is a resident and citizen of the state of Georgia. (Ex. A, ¶ 1.4).

c. James J. Dalton, II, as proposed Administrator of the Estate of Jerelyn Thigpen: **Mississippi.** Upon information and belief, Mr. Dalton is a resident and citizen of the State of Georgia. (Ex. A, ¶ 1.2). However, Mr. Dalton is acting in his representative capacity as Administrator of the Estate of Jerelyn Thigpen and the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. §1332(c)(2); King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Jerelyn Thigpen was a citizen of the state of Mississippi at the time of her death, and as Administrator of her Estate, Mr. Dalton's citizenship would also be the state of Mississippi.

d. Pieter Teeuwissen, as surviving parent of Maya E. Teeuwissen: **Mississippi.** Upon information and belief, Mr. Teeuwissen is a resident and citizen of the state of Mississippi.

e. Lisa Teeuwissen, as surviving parent of Maya E. Teeuwissen: **Mississippi.** Upon information and belief, Ms. Teeuwissen is a resident and citizen of the state of Mississippi.

f. Nina M. Teeuwissen, as Administrator of the Estate of Maya E. Teeuwissen: **Mississippi.** Upon information and belief, Ms. Nina Teeuwissen is a resident and citizen of the State of Mississippi. However, Ms. Nina Teeuwissen is acting in her representative capacity as an Administrator of the Estate of Maya E. Teeuwissen and the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. §1332(c)(2); King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Maya E. Teeuwissen was a citizen of the state of Mississippi at the time of her death, and as an Administrator of her Estate, Ms. Nina Teeuwissen's citizenship would also be the state of Mississippi.

g. Lia N. Teeuwissen, as Administrator of the Estate of Maya E. Teeuwissen: **Mississippi.** Upon information and belief, Ms. Lia Teeuwissen is a resident and citizen of the state of Mississippi. However, Ms. Lia Teeuwissen is acting in her representative capacity as an Administrator of the Estate of Maya E. Teeuwissen and the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. §1332(c)(2); King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Maya E. Teeuwissen was a citizen of

the state of Mississippi at the time of her death, and as an Administrator of her Estate, Ms. Lia Teeuwissen's citizenship would also be the state of Mississippi.

h. Pieter Teeuwissen, as Administrator of the Estate of Alexander Pieter Smith: **Mississippi.** Upon information and belief, Mr. Teeuwissen is a resident and citizen of the state of Mississippi. However, Mr. Teeuwissen is acting in his representative capacity as an Administrator of the Estate of Alexander Pieter Smith and the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. §1332(c)(2); King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Alexander Pieter Smith was a citizen of the state of Mississippi at the time of his death, and as an Administrator of his Estate, Mr. Teeuwissen's citizenship would also be the state of Mississippi.

i. Lisa Teeuwissen, as Administrator of the Estate of Alexander Pieter Smith: **Mississippi.** Upon information and belief, Ms. Lisa Teeuwissen is a resident and citizen of the state of Mississippi. However, Ms. Lisa Teeuwissen is acting in her representative capacity as an Administrator of the Estate of Alexander Pieter Smith and the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State

9

as the decedent." 28 U.S.C. §1332(c)(2); <u>King v. Cessna Aircraft Co.</u>, 505 F.3d 1160, 1170 (11th Cir. 2007). Alexander Pieter Smith was a citizen of the state of Mississippi at the time of his death, and as an Administrator of his Estate, Ms. Lisa Teeuwissen's citizenship would also be the state of Mississippi.

    j.   Jevonte J. Smith, as surviving parent of decedent Alexander Pieter Smith: Upon information and belief, Mr. Smith is a resident and citizen of the state of Texas.

(See Notice of Citizenship of Plaintiffs, filed in a separate case arising out of the same accident, in the Northern District of Georgia, 1:22-cv-02999-SDG, Doc. 38, attached as Exhibit B).

    11.   Utility is a Delaware limited-liability company with its principal place of business in the state of California. (See State of Georgia Annual Registration, attached as Exhibit C; Delaware Certificate of Conversion, attached as Exhibit D). The sole member of Utility is HCEW, Inc. HCEW, Inc. is a Delaware Corporation with its principal place of business in California. Utility's citizenship is, therefore, diverse to that of each Plaintiff.

    12.   As is shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original

jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

13. Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the Clerk of the State Court of Clayton County, State of Georgia, a copy of which has been attached as Exhibit D.

14. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Clayton County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 90(a)(2). By making this filing, Utility in no way consents to venue in the State Court of Clayton County, and expressly objects to same. Pursuant to O.C.G.A. § 14-11-1108 and O.C.G.A. § 14-2-510 proper venue for the action is the State Court of Forsyth County, State of Georgia, as that is where Utility's agent for service of process is located (see Exhibit C).

WHEREFORE, Utility Trailer Manufacturing Company, LLC requests this Court assume full jurisdiction over the cause herein as provided by law, and that

further proceedings in the State Court of Clayton County, State of Georgia be stayed. Utility Trailer Manufacturing Company, LLC further demands that the trial of this matter in federal court be heard by a jury.

This 26th day of May, 2023.

                SWIFT, CURRIE, McGHEE & HIERS, LLP

                */s/ Myrece R. Johnson*

                _____
                C. Bradford Marsh
                Georgia Bar No. 471280
                Myrece R. Johnson
                Georgia Bar No. 940301
                Jeffrey S. Adams
                Georgia Bar No. 164671
                *Attorneys for Defendant Utility Trailer*
                *Manufacturing Company, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com
jeff.adams@swiftcurrie.com

Case 1:23-mi-99999-UNA   Document 1699   Filed 05/26/23   Page 13 of 14

## **LOCAL RULE 5.1(C) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C)

This 26th day of May, 2023.

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        */s/ Myrece R. Johnson*

        _____
        C. Bradford Marsh
        Georgia Bar No. 471280
        Myrece R. Johnson
        Georgia Bar No. 940301
        Jeffrey S. Adams
        Georgia Bar No. 164671
        *Attorneys for Defendant Utility Trailer*
        *Manufacturing Company, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
[brad.marsh@swiftcurrie.com](mailto:brad.marsh@swiftcurrie.com)
[myrece.johnson@swiftcurrie.com](mailto:myrece.johnson@swiftcurrie.com)
[jeff.adams@swiftcurrie.com](mailto:jeff.adams@swiftcurrie.com)

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** to be filed and served on counsel of record as follows:

Matthew Q. Wetherington  matt@wfirm.com
Robert N. Friedman  robert@wfirm.com
Eli J. Cohen  eli@wfirm.com
Wetherington Law Firm, PC
1800 Peachtree Street NW
Atlanta, Georgia 30309

This 26th day of May, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

_____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
Jeffrey S. Adams
Georgia Bar No. 164671
*Attorneys for Defendant Utility Trailer Manufacturing Company, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com
jeff.adams@swiftcurrie.com

4892-5825-4950, v. 1