2023CV00865

e-Filed 4/13/2023 4:59 PM

**General Civil and Domestic Relations Case Filing Information Form**

*Tiki Brown*

☐ Superior or ☒ State Court of ___Clayton___ County

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

| For Clerk Use Only | |
|---|---|
| Date Filed _4/14/2023_ | Case Number _2023CV00865_ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

THIGPEN, DAVID and THIGPEN, REGINA as

Last       First       Middle I.   Suffix   Prefix

Surviving Parents of Jerelyn Thigpen, deceased;

Last       First       Middle I.   Suffix   Prefix

DALTON, JAMES J., II as proposed administrator of

Last       First       Middle I.   Suffix   Prefix

the Estate of Jerelyn Thigpen, et al.

Last       First       Middle I.   Suffix   Prefix

**Defendant(s)**

UTILITY TRAILER MANUFACTURING COMPANY

Last       First       Middle I.   Suffix   Prefix

Last       First       Middle I.   Suffix   Prefix

Last       First       Middle I.   Suffix   Prefix

Last       First       Middle I.   Suffix   Prefix

**Plaintiff's Attorney** Matthew Q. Wetherington    **State Bar Number** 339639    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☒ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☒ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_2022CV00864_
**Case Number**             **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXHIBIT A

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAVID L. THIGPEN and REGINA THIGPEN, as Surviving Parents of Jerelyn Thigpen, deceased; | |
| | Civil Action File No. 2023CV00865 |
| JAMES J. DALTON, II, as proposed Administrator of the Estate of Jerelyn Thigpen; | |
| PIETER TEEUWISSEN and LISA TEEUWISSEN, as Surviving Parents of Maya E. Teeuwissen; | |
| NINA M. TEEUWISSEN and LIA N. TEEUWISSEN, as Administratrices of the Estate of Maya E. Teeuwissen; | |
| JEVONTE J. SMITH, as Surviving Parent of Alexander Pieter Smith; and | |
| PIETER TEEUWISSEN and LISA TEEUWISSEN, as Administrators of the Estate of Alexander Pieter Smith, | |
|     Plaintiffs, | |
| v. | |
| UTILITY TRAILER MANUFACTURING COMPANY, | |
|     Defendant. | |

### PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

This action arises from a traffic crash that resulted in a vehicle fire. Maya E. Teeuwissen and her three-year-old son survived the wreck but burned to death in the post-collision fire. Jerelyn Thigpen was rescued from the fire and survived three months before succumbing to her injuries.

### PARTIES, JURISDICTION, AND VENUE

    1.1.   Jerelyn Thigpen ("Jerelyn"), decedent, died as a result of the subject crash described herein. Jerelyn died without a spouse or surviving children.



EXHIBIT A

1.2.   Plaintiff James J. Dalton, II ("Dalton") is the proposed administrator of Jerelyn Thigpen's estate.  By filing this Complaint, Dalton submits to the jurisdiction of this Court.  Dalton is a citizen and resident of the State of Georgia.

1.3.   Plaintiff David Thigpen ("David") is the father and next of kin of Jerelyn.  By filing this Complaint, David submits to the jurisdiction of this Court.

1.4.   Plaintiff Regina Thigpen ("Regina") is the mother and next of kin of Jerelyn.  By filing this Complaint, Regina submits to the jurisdiction of this Court.  Regina is a citizen and resident of the State of Georgia.

1.5.   Maya Elizabeth Teeuwissen ("Maya"), decedent, died as a result of the subject crash described herein.  Maya was the mother of minor child Alexander Pieter Smith, who also died as a result of the subject crash described herein.

1.6.   Plaintiffs Pieter Teeuwissen ("Pieter") and Lisa Teeuwissen ("Lisa") are the Surviving Parents of Maya.  By filing this Complaint, Pieter and Lisa submit to the jurisdiction of this Court.

1.7.   Joshua Teeuwissen, Nina Teeuwissen, and Lia Teeuwissen are biological siblings of Maya.  Plaintiffs Nina Teeuwissen ("Nina") and Lia Teeuwissen ("Lia") are the Administratrices of Maya Teeuwissen's Estate.  By filing this Complaint, Nina and Lia submit to the jurisdiction of this Court.

1.8.   Alex Pieter Smith ("Alex") is the minor decedent of Maya.  Alex died as a result of the subject crash described herein.  Alex died without a spouse or surviving children.

1.9.   Plaintiffs Pieter Teeuwissen and Lisa Teeuwissen are the Administrators of Alex's Estate.


EXHIBIT A

1.10. Plaintiff Jevontae J. Smith ("Jevontae") is the father and next of kin of deceased minor Alex Pieter Smith. By filing this Complaint, Jevontae submits to the jurisdiction of this Court.

1.11. Defendant Utility Trailer Manufacturing Company ("Utility Trailer") is a foreign, for-profit corporation authorized to do business in Georgia. Utility Trailer manufactured the trailer at issue in this case.

1.11.1. Utility Trailer may be served through its registered agent Corporation Process Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

1.11.2. Venue is proper in this Court as to Utility Trailer because this action is related to another action currently pending in this Court.

1.11.3. This Court has personal jurisdiction over Utility Trailer because it is registered to do business in Georgia and maintains a registered agent for service of process in this State.

1.11.4. This Court also has personal jurisdiction over Utility Trailer because:

1.11.4.1. It regularly does business in Georgia, solicits business in Georgia, derives substantial revenue from goods or services in Georgia, has agents, representatives, officers, or employees in Georgia, maintains multiple offices in Georgia, and has subsidiaries or business affiliates in Georgia;

1.11.4.2. Its tortious conduct described herein caused personal injury and death in this State;

1.11.4.3. This action arises under Utility Trailer's contact with this State;

1.11.4.4. Georgia has an interest in adjudicating this dispute, which occurred in Georgia, has already been investigated by Georgia law enforcement

[3]


EXHIBIT A

officers, and involved the assessment of conduct that occurred in Georgia; and

    1.11.4.5.   Allowing Utility Trailer to escape jurisdiction would improperly allow it to wield the Due Process Clause as a territorial shield to avoid interstate obligations that Saddle Creek has voluntarily assumed.

## 2.  <u>OPERATIVE FACTS</u>

2.1.   A company that profits from the design, manufacturing, and supplying of semitrailers has a duty to eliminate or mitigate known safety risks associated with the design of a semitrailer, which duty extends to every member of the public that shares the road with semitrailers.

2.2.   Defendant Utility Trailer Manufacturing Company designs, manufactures, and is a supplier of semitrailers that are used in combination with tractors to haul freight on the interstates and other public roadways, including the roadways of Georgia.

2.3.   On October 10, 2020, Jerelyn was the driver of a 2012 Nissan Altima car with a VIN of 1N4AL2AP1CN560139 ("Subject Vehicle").

2.4.   Jerelyn was properly seated in the front driver's seat, wearing her seatbelt.

2.5.   On October 10, 2020, Alex and Maya were passengers in the Subject Vehicle.

2.6.   Maya was wearing her seatbelt at all times relevant to this Complaint.

2.7.   Alex was properly secured in a DOT certified child seat at all times relevant to this Complaint.

2.8.   Jerelyn was traveling at a reasonable and prudent speed and maintaining a proper lookout ahead.

2.9.   On October 10, 2020, Jerelyn was involved in a motor vehicle accident (the "Subject Wreck") with a 2015 Freightliner Tractor-trailer truck with a VIN of

[4]



1FUJGEBG9FLGK4440 (the "Subject Truck") that was hauling a 2015 Utility Trailer with a VIN of 1UYVS2532FG273103 (the "Subject Trailer").

2.10. The Subject Trailer involved in the October 10, 2020, accident was manufactured by Utility Trailer.

2.11. One of the risks associated with semitrailers is that of underride, which occurs when a small passenger vehicle collides with a semitrailer and slides under the semitrailer.

2.12. Because of the dangers associated with side underride collisions, trailer manufacturers and other designers have developed "side underride guards," which prevent small passenger cars from sliding underneath a semitrailer on impact.

2.13. A side underride guard is a type of bumper that extends downward from the bottom of the trailer.

2.14. Strong underride guards reduce the risk of injury in about 90 percent of large truck side crashes involving passenger vehicles and trucks with semitrailers attached.

2.15. Although the federal government has not yet adopted a regulation mandating the use of side underride guards, it does mandate the use of underride guards on the rear of trailers.

2.16. The federal government safety standards are minimum safety requirements.

2.17. Utility Trailer is not prohibited in exceeding the minimum safety standards for the manufacture of trailers as set by the federal government.

2.18. Utility Trailer has actual knowledge that its competitors exceed the minimum safety standards for the manufacture of trailers as set by the federal government.

2.19. Utility Trailer itself exceeds the minimum safety standards for the manufacture of trailers as set by the federal government in some part of its trailer design.



2.20. When combined with an aerodynamic side skirt, which occupies the same length of space between the wheels of a semitrailer, a side underride guard improves the safety of the tractor-trailer combination.

2.21. It was economically feasible for Utility Trailer to equip the semitrailer involved in this case with side underride guards at the time it was designed and manufactured.

2.22.  Over a dozen different designs of side underride guards are available to Utility Trailer, in addition to the designs offered by some trailer manufacturers themselves.

2.23. Utility Trailer has the technological capability to equip each trailer it manufactures with a side underride guard.

2.24. Upon information and belief, Utility Trailer does not routinely manufacture trailers with side underride guards or recommend retrofitting its trailers already on the road with such guards.

2.25. Utility Trailer is well aware of the deadly threat its trailers without side underride guards pose to the traveling public.  Utility Trailer was sued in 2010 by the estate of a police officer whose Suburban collided head-on with a Utility Trailer semitrailer and underrode the trailer.  Because of the lack of a side underride guard, the officer suffered severe injuries that resulted in his death.

2.26. Despite this notice of the unreasonably dangerous nature of its trailers without side underride guards, Utility Trailer continued to manufacture, market, and sell trailers without them.

2.27. Utility Trailer, along with other major trailer manufacturers and their industry created organization, the Truck Trailer Manufacturers Association (TTMA), conspired by words or acts to avoid their safety obligations to the traveling public by agreeing:

2.27.1. Not to develop side underride guards;

[6]



2023CV00365

2.27.2. To fight and lobby against any and all efforts to require semitrailers to be equipped with side underride guards; and

2.27.3. To hide from the public the information and knowledge they have about side underride collisions and side underride guards under the guise of "confidentiality," pursuant to a "joint defense agreement."

2.27.4. Utility Trailer is currently a signatory to joint defense agreements that cover design defect claims involving the failure to equip trailers with side underride guards.

2.28. At approximately 8:56 p.m. on October 10, 2020, Jerelyn was traveling eastbound in the left lane on Interstate 20 east bound, in Douglas County, Georgia, near mile-marker 30.

2.29. At the same time, the Subject Truck was traveling eastbound in the right lane of Interstate 20, in front of Jerelyn.

2.30. The subject trailer was dangerous and defective because it did not have a side underride guard.

2.31. At some point, the Subject Truck struck the Subject Vehicle, and the Subject Vehicle became pinned under the Subject Truck.

2.32. The Subject Truck stopped with the Subject Vehicle still pinned underneath the truck.

2.33. The Subject Vehicle burst into flames.

2.34. Jerelyn, Alex, and Maya were trapped in the burning vehicle.

2.35. Several passing motorists stopped at the scene of the fire and helped remove Jerelyn from the burning vehicle.

2.36. Firefighters arrived on the scene, but the flames and heat from the fuel-fed fire were too intense, and they could not rescue Alex and Maya from the vehicle.



2.37. Alex and Maya died inside the vehicle due to thermal injuries.

2.38. Jerelyn suffered catastrophic bodily injuries from the fire and required immediate emergency medical treatment away from the scene of the wreck.

2.39. Jerelyn was transported to Grady Memorial Hospital.

2.40. Jerelyn was treated at Grady Memorial Hospital for third degree burns to her body and later transferred to Emory University Hospital.

2.41. Jerelyn spent 104 days in the hospital until she died of her injuries on January 22, 2021.

2.42. Jerelyn died as a direct result of the injuries she sustained in the crash and ensuing fire.

2.43. Jerelyn, Alex, Maya, and Plaintiffs did not do any act, nor did they fail to do any act, which proximately caused the Subject Wreck and fire.

2.44. Utility Trailer designed, manufactured, marketed, and sold the Subject Trailer.

2.45. The Subject Trailer was defective at the time it shipped.

2.46. The Subject Trailer was unchanged from its manufactured condition at the time it was sold.

2.47. The Subject Trailer was unchanged from its manufactured condition at the time of the Subject Wreck.

2.48. The defective nature of the Subject Trailer was a cause in fact of the Subject Wreck.

2.49. The occurrence of the Subject Wreck, and/or a wreck substantially similar to the Subject Wreck, were reasonably foreseeable to Utility Trailer.

2.50. As a result of the Subject Wreck and fire, Jerelyn, Alex, and Maya suffered severe injuries, which resulted in their deaths.  Those injuries, proximately caused by this collision and the resulting fire, have resulted in substantial subsequent damages, both economic and non-economic, including, but not limited to, medical bills, costs, and

[8]



EXHIBIT A

expenses, past, present, and future economic loss, past physical pain and suffering prior
to death, past mental and psychological pain and suffering, and their wrongful deaths.

3. **<u>COUNT ONE – STRICT PRODUCTS LIABILITY</u>**

3.1.   As a manufacturer of products, Utility Trailer owes a duty to the general public not to
sell unreasonably dangerous or defective products.

3.2.   Utility Trailer owes a duty to Jerelyn, Alex, Maya, and Plaintiffs to ensure products it
offers for sale are not unreasonably dangerous or defective.

3.3.   Utility Trailer engaged in the manufacture of trailers, which were sold in Georgia to
various wholesalers and retailers for distribution to the general public as ultimate
consumers.

3.4.   The Subject Trailer was in a defective condition and unreasonably dangerous for
reasonably foreseeable use.  The breach of that duty by Utility Trailer and the defective
condition of the Subject Trailer was a proximate cause of Subject Wreck and the
injuries sustained by Jerelyn, Alex, and Maya.

3.5.   Because of Utility Trailer's defective trailer, Utility Trailer is strictly liable to Plaintiffs
for damages.

3.6.   As a proximate result of Utility Trailer's defective trailer described above, Jerelyn,
Alex, Maya, and Plaintiffs suffered severe personal injuries and both special and
general damages in an amount to be determined by the enlightened conscience of a fair
and impartial jury at a trial for this matter.

3.7.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn, Alex, and
Maya sustained serious injuries to their bodies which resulted in their wrongful death.

3.8.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn, Alex,
Maya, and Plaintiffs incurred the following damages for which Plaintiffs are entitled to

[9]



EXHIBIT A

recover from Defendant: past pain and suffering, past medical expenses, past funeral expenses, and the full value of the Jerelyn, Alex, and Maya's lives as determined by a fair and impartial jury based upon the evidence presented at a trial for this matter.

3.9.    As the proximate result of Utility Trailer's defective trailer, Plaintiffs suffered general damages with an exact amount to be determined by the enlightened conscience of a fair and impartial jury based upon the evidence presented at a trial for this matter.

3.10.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn incurred medical expenses, in an amount to be proven at trial, for the treatment of her injuries caused solely and proximately by Defendant.

3.11.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn, Alex, and Maya died, and Plaintiffs are entitled to receive the full value of their lives as determined by the enlightened conscience of a fair and impartial jury at a trial for this matter.

3.12.   Utility Trailer is liable for all damages due to Plaintiffs under Georgia law, including reasonable attorneys' fees.

**4.  COUNT TWO: NEGLIGENCE**

4.1.    At the time of the Subject Wreck, the Utility Trailer was engaged in the business of designing, developing, manufacturing, testing, furnishing, inspecting, selling and/or distributing trailers, including the Subject Trailer, throughout the United States, including the State of Georgia, for use by the general public.

4.2.    Utility Trailer owed a duty to the consuming public, in general, and Jerelyn, Alex, and Maya, in particular, to exercise reasonable care in the design, development, manufacture, testing, furnishing, inspection, marketing, and distribution of their

[10]



trailers, including the Subject Trailer, that was free of unreasonable risk of harm to owners, users, and occupants, including Jerelyn, Alex, and Maya.

4.3.   Utility Trailer negligently designed, manufactured, assembled, serviced, inspected, tested, or failed to test, marketed, distributed, and sold the Subject Trailer and its component parts involved in the Subject Wreck.

4.4.   At the time of the Subject Wreck, the Subject Trailer, which was in substantially the same condition as when manufactured, furnished, sold, and/or distributed, was being used in a foreseeable and intended manner, as it was being driven on the roadway.

4.5.   The Subject Trailer was not reasonably safe when being used in a foreseeable and intended manner but, to the contrary, was defective and unreasonably dangerous to the human body when being so used.

4.6.   Utility Trailer knew, or in the exercise of reasonable care should have known, that the Subject Trailer was unreasonably dangerous to the human body when being so used in a foreseeable manner.

4.7.   At the time Utility Trailer designed, manufactured, assembled, serviced, inspected, tested, or failed to test, marketed, distributed, and sold the Subject Trailer, it had a duty to exercise reasonable care in order to provide a safe product and to design, manufacture, assemble, service, inspect, test, market, distribute, and sell the product so as not to subject individuals to an unreasonable risk of injury, harm or death.

4.8.   Further, Utility Trailer had a duty to foreseeable operators and occupants of the Subject Trailer to exercise the same degree of care, diligence, and skill in designing, manufacturing, inspecting, testing, marketing, distributing, and selling the Subject Trailer as other similar entities would have exercised.

[11]


EXHIBIT A

4.9.   It was foreseeable to Utility Trailer that if they designed, manufactured, distributed, and sold defective and unreasonably dangerous trailers, individuals would be subject to an increased, significant risk of severe personal injury and/or death.

4.10.   Utility Trailer breached their duty of care and was negligent in the following acts and omissions:

    4.10.1. By negligently designing, manufacturing, distributing, and selling the Subject Trailer;

    4.10.2. By negligently failing to consider safer, alternative designs for the Subject Trailer; and

    4.10.3. By negligently failing to reasonably inspect and test the trailers to discover defects in the Subject Trailer, including adequate crash testing.

4.11.   The unreasonably dangerous nature of the Subject Trailer and its component parts as described herein created a high probability that serious injury and/or death would occur when the Subject Trailer was involved in a foreseeable collision.

4.12.   At all times relevant herein, the impact and fatal post-crash fuel-fed fire experienced by Jerelyn, Alex, and Maya in this crash would not have created the type of injuries they sustained, but for the unreasonably dangerous condition of the Subject Trailer when sold.

4.13.   By negligently designing, testing, or failing to test, manufacturing, marketing, and selling the Subject Trailer, Utility Trailer failed to use that degree of care, diligence, and skill as other similar entities in that it failed to conduct adequate testing and to adopt safer, practical, feasible, and otherwise reasonable alternate designs that could have been reasonably adopted and would have prevented Jerelyn, Alex, and Maya's

[12]


EXHIBIT A

injuries without substantially impairing the usefulness, practicality, or desirability of the Subject Trailer and its component parts.

4.14.   As a proximate result of Utility Trailer's defective trailer described above, Jerelyn, Alex, Maya, and Plaintiffs suffered severe personal injuries and both special and general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury at a trial for this matter.

4.15.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn, Alex, and Maya sustained serious injuries to their bodies which resulted in their wrongful deaths.

4.16.   As a direct and proximate result of Utility Trailer's defective trailer, Jerelyn, Alex, Maya, and Plaintiffs incurred the following damages for which Plaintiffs are entitled to recover from Defendant: past pain and suffering, past medical expenses, past funeral expenses, and the full value of the Jerelyn, Alex, and Maya's lives as determined by a fair and impartial jury based upon the evidence presented at a trial for this matter.

4.17.   As the proximate result of Utility Trailer's negligence, Plaintiffs suffered general damages with an exact amount to be determined by the enlightened conscience of a fair and impartial jury based upon the evidence presented at a trial for this matter.

4.18.   As a direct and proximate result of Utility Trailer's negligence, Jerelyn incurred medical expenses, in an amount to be proven at trial, for the treatment of her injuries caused solely and proximately by Defendant.

4.19.   As a direct and proximate result of Utility Trailer's negligence, Jerelyn, Alex, and Maya died, and Plaintiffs are entitled to receive the full value of their lives as determined by the enlightened conscience of a fair and impartial jury at a trial for this matter.

[13]



EXHIBIT A

4.20.  Utility Trailer is liable for all damages due to Plaintiffs under Georgia law, including reasonable attorneys' fees.

5.  **COUNT THREE: FAILURE TO WARN**

5.1.  Utility Trailer knew or should have known at the time that it designed and manufactured the subject trailer that the absence of a side underride guard would increase the severity of injuries and damage caused by a collision between a passenger car and the trailer.

5.2.  Despite knowing or having reason to know of the danger of side underride collisions, Utility Trailer negligently, recklessly, or willfully took no action to mitigate the risks and decided not to warn purchasers and the traveling public about the danger of a trailer without an underride guard.

5.3.  As a proximate result of Utility Trailer's failure to warn described above, Jerelyn, Alex, Maya, and Plaintiffs suffered severe personal injuries and both special and general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury at a trial for this matter.

5.4.  As a direct and proximate result of Utility Trailer's failure to warn, Jerelyn, Alex, and Maya sustained serious injuries to their bodies which resulted in their wrongful deaths.

5.5.  As a direct and proximate result of Utility Trailer's failure to warn, Jerelyn, Alex, Maya, and Plaintiffs incurred the following damages for which Plaintiffs are entitled to recover from Defendant: past pain and suffering, past medical expenses, past funeral expenses, and the full value of the Jerelyn, Alex, and Maya's lives as determined by a fair and impartial jury based upon the evidence presented at a trial for this matter.

[14]


EXHIBIT A

5.6. As the proximate result of Utility Trailer's failure to warn, Plaintiffs suffered general damages with an exact amount to be determined by the enlightened conscience of a fair and impartial jury based upon the evidence presented at a trial for this matter.

5.7. As a direct and proximate result of Utility Trailer's failure to warn, Jerelyn incurred medical expenses, in an amount to be proven at trial, for the treatment of her injuries caused solely and proximately by Defendant.

5.8. As a direct and proximate result of Utility Trailer's failure to warn, Jerelyn, Alex, and Maya died, and Plaintiffs are entitled to receive the full value of their lives as determined by the enlightened conscience of a fair and impartial jury at a trial for this matter.

## 6. <u>COUNT FOUR: PUNITIVE DAMAGES</u>

6.1. Prior to the Subject Trailer's design, manufacture, and sale, due to Utility Trailer's knowledge of existing circumstances and conditions, Utility Trailer knew that the design of the Subject Trailer failed to meet industry standards at the time of manufacture.

6.2. Utility Trailer knew of other catastrophic injuries and deaths arising out of substantially similar and foreseeable collisions involving the defective design of similar trailers.

6.3. Despite this knowledge, Utility Trailer put the Subject Trailer in the stream of commerce and failed to warn consumers of its danger.

6.4. As a result of Utility Trailer's conscious disregard for the rights and safety of Jerelyn, Alex, and Maya and/or its willful and wanton conduct laid out in detail above, Jerelyn, Alex, and Maya suffered catastrophic injuries that led to their deaths.

[15]



EXHIBIT A

6.5.   Such willful and wanton actions showed willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

## 7.   DAMAGES CLAIMED BY PLAINTIFFS

7.1.   Plaintiffs claim monetary damages against Defendant as follows:

7.1.1.   For all components of the mental and physical pain and suffering experienced by Jerelyn, Alex, and Maya before impact, upon impact, following the impact during the fire, and any treatment following the Subject Wreck, in an amount to be determined by the enlightened conscience of a fair and impartial jury at the time of trial for this matter;

1.1.1.   For the full value of the lives of Jerelyn, Alex, and Maya, in an amount to be determined by the enlightened conscience of a fair and impartial jury at the time of trial for this matter;

1.1.2.   For the full value of Jerelyn's 2012 Nissan Altima, which was totaled as a result of the wreck caused by Defendant's negligence;

1.1.3.   For past, present, and future costs incurred as a result of the Subject Wreck including, past medical bills, past funeral expenses, and other expenses that will be proven at the time of trial for this matter; and

1.1.4.   For punitive damages as to Utility Trailer.

## 8.   WHEREFORE Plaintiffs pray that they are granted the following relief:

8.1.   That a copy of the Summons and Complaint be served upon Defendant;

8.2.   That Plaintiffs have a trial by jury as to each and every appropriate issue;

8.3.   A judgment against Defendant;

[16]


EXHIBIT A

8.4.  Judgment for Plaintiffs against Defendant for the full value for the lives of Jerelyn, Maya, and Alex;

8.5.  Judgment for Plaintiffs against Defendant for past medical, funeral, and other expenses;

8.6.  Judgment for Plaintiffs against Defendant for past pain and suffering;

8.7.  The recovery of the full value of Jerelyn's vehicle;

8.8.  An award of Punitive damages from Utility Trailer;

8.9.  All compensatory, general, nominal, consequential, and incidental damages on all applicable claims in an amount to be proven at trial, and, as allowed by law, for such damages to be trebled or multiplied upon proof of claims under laws allowing for trebling or multiplying of compensatory damages based upon Defendant's violations of law;

8.10.  The recovery of reasonable attorneys' fees and expenses of litigation;

8.11.  That all costs of this action be cast against Defendant; and

8.12.  Any and all such further relief as the Court may deem just and appropriate.

This 13th day of April 2023.

WETHERINGTON LAW FIRM, PC

/s/ Robert N. Friedman

MATTHEW Q. WETHERINGTON
Georgia Bar No. 339639
ROBERT N. FRIEDMAN
Georgia Bar No. 945494
ELI J. COHEN
Georgia Bar No. 862571

1800 Peachtree St. NW
Atlanta, GA 30309
404-888-3333
matt@wfirm.com
robert@wfirm.com
eli@wfirm.com

[17]


EXHIBIT A

2023CV00865

e-Filed 4/13/2023 4:59 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

| David L. Thigpen and Regina Thigpen as |
| Surviving Parents of Jerelyn Thigpen, |
| deceased, et al. |

Plaintiff

Vs.

| Utility Trailer Manufacturing Company |
| c/o Corporation Process Company |
| 106 Colony Park Dr., Ste 800-B, Cumming, GA 30040 |

Defendant

2023CV00865

_____
Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Robert N. Friedman, Esq.
> WETHERINGTON LAW FIRM, P.C.
> 1800 Peachtree St. NW, Suite 370
> Atlanta, Georgia 30309

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____
Deputy Clerk



EXHIBIT A

2023CV00865

e-Filed 5/22/2023 1:38 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

## AFFIDAVIT OF SERVICE

| Case:<br>2023CV00865 | Court:<br>IN THE STATE COURT OF CLAYTON COUNTY<br>STATE OF GEORGIA | County:<br>CLAYTON | | Job:<br>8890382 |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>DAVID L THIGPEN, et al | | Defendant / Respondent:<br>UTILITY TRAILER MANUFACTURING COMPANY | | |
| Received by:<br>Kayla Bridges | | For:<br>Wetherington Law Firm, P.C. | | |
| To be served upon:<br>UTILITY TRAILER MANUFACTURING COMPANY | | | | |

I, Kayla Bridges, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   UTILITY TRAILER MANUFACTURING COMPANY, 106 Colony Park Dr Suite 800-B, Cumming, GA 30040
Manner of Service:    Registered Agent, May 18, 2023, 11:00 am EDT
Documents:    Summons and Complaint

Additional Comments:
1) Successful Attempt: May 18, 2023, 11:00 am EDT at 106 Colony Park Dr Suite 800-B, Cumming, GA 30040 received by DAYVON JACKSON at The Corporation Company for UTILITY TRAILER MANUFACTURING COMPANY.

_____          5-19-23
Kayla Bridges                            Date

Kayla Bridges
3301 Buckeye Rd Suite 303
Atlanta, GA 30341
404-876-8098

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

5/19/23
Date

MARC ALLA...
NOTARY
EXPIRES
o
NOV 7, 2023
PUBLIC, GA
GWINNETT COUNTY, GA
Commission Expires

**EXHIBIT A**

## IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

### <u>ORDER FOR APPOINTMENT FOR PROCESS SERVICE</u>

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Childress, Clifton | Gayle, Earl | Mallas, Nicholas | Singleton, Wesley |
| Adonni Huguley, CK | Clemmons, Joyce | Gibbs, III, Thomas | McClellan, Rodney | Sistrunk, Alesha |
| Allen, Lakeita | Cline, Travis | Giles, Herbert | McGahee, Larry | Smith, Jr., Bruce |
| Andrews, II, Gene | Cochrane, Babette | Greenway, Kimberly | McMillon, Ericka | Smith, Ronald |
| Armstrong, C. | Cunningham, Sally | Harbuck, Michael | Mitchell, Kevin | Smith, Virginia |
| Armstrong, Cynara | Dambach-Cirko, P. | Harris, Parks | Morgan, Todd | Snellings, Sharon |
| Armstrong, Michelle | Davidson, Danny | Hassan, Muhsin | Muhammad, Azizah | Spears, Joye |
| Bailey, Anna | Davidson, Mitchell | Hightower, Anthonio | Murphy, Jr. Gregory | Starks, Marc |
| Barnes, Kristopher | Day, Duane | Hill, Hollis | Murrah, Juanqualo | Stephens, Geri |
| Barney, Steven | Dolbier, Jeffrey | Hines, James | Nichols, Jean | Stover, Cierra |
| Barron, Shane | Earthrise, Rochelle | Horton, Christopher | Nolen, Milton | Swindle, Frank |
| Basham, James | Echols, Eric | Hudson, Kyle | Parker, Ernesqueshia | Swinger, Ina |
| Benito, Richard | Echols, Patricia | Humphrey, Jr., Ronald | Perlson, Marc | Tassaw, Berhane |
| Beyene, Euael | Farkas, Bela | Irvine, Xavier | Rashid, Hassan | Thomas, Jeffrey |
| Blessman, Sharon | Fazzio, Dedrea | Jackson, II, Anthony | Rhodes, Kathryn | Thompson, Vanessa |
| Brazeman, Craig | Ferguson, Reginald | Jackson, Chiquita | Richardson, Leroy | Thrash, Nancy |
| Bridges, Kayla | Fisher, Dawn | James, Frank | Rowe, Lynn | Washington, Sabrina |
| Briley, Donnie | Folds, Catherina | Jenkins, Stephanie | Ruddock, Margaret | West, Eric |
| Bryant, Shemika | Folds, George | Kirkland, Shirley | Saxon, Robin | Williams, Lavern |
| Bunch, Kim | Ford, Ronnie | Kotlar, Michael | Saxon-Ford, Virginia | Winkelman, Nan |
| Byer, Edmond | Fuller, Thomas | Lawson, Zuri | Seklecki, Christian | Wright, Christopher |
| Chastain, Michael | Garmon, Jason | Lewis, Kevin | Singleton, Wanda | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2023, without the necessity of an order for appoint in each individual case.

SO ORDERED this ___28___ day of ___December___, 20_22_.

**RECEIVED & FILED**

*Linda S. Cowen*

Chief Judge Linda S. Cowen

**JAN 0 9 2023**

*Jilei Bynum*

CLERK STATE COURT
CLAYTON COUNTY

<span style="color:red">EXHIBIT A</span>