# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE BAUGHNS, § § *Plaintiff*, § § v. § § CIVIL ACTION NO._____ PHILIPS RS NORTH AMERICA, § LLC, § § *Defendant*. § | |

## NOTICE OF REMOVAL

Defendant Philips RS North America LLC ("Philips RS" or "Defendant") hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Superior Court for DeKalb County, State of Georgia, in which it is now pending at Case No. 23-CV-4288 (the "Underlying Action"), to the United States District Court for the Northern District of Georgia, Atlanta Division, and states as follows:

### I.   INTRODUCTION

1. On April 28, 2023, Plaintiff Christine Baughns ("Plaintiff") filed a complaint in the Superior Court for DeKalb County, State of Georgia, styled as *Christine Baughns v. Philips North America*, *LLC*, Civil Action File No. 23-CV-4288 (the "Complaint").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served to date upon the Defendant, including the Complaint, are attached as Exhibit A.

3. No pleadings have been served on Defendant in this litigation.

4. By filing a Notice of Removal, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendant specifically reserves its right to assert any defenses and objections to which it is entitled.

## II.   FACTUAL BACKGROUND

5. Plaintiff alleges that Defendant manufactures and sells Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") medical devices, as well as ventilator devices, which Plaintiff refers to as a "Breathing Machine." *See* Ex. A, ¶¶ 5, 7, 10, 14, Ex. A to Complaint.

6. Plaintiff alleges that Philips RS issued a recall notification for many of its CPAP, BiPAP, and ventilator devices, due to potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound-abatement foam used in the affected devices. *Id.* ¶¶ 6-7, Ex. A to Complaint.

7. Plaintiff alleges that the degradation of the PE-PUR foam may cause the affected devices to off-gas certain chemicals, which may pose health risks to users—such as headache, asthma, irritation, inflammation, hypersensitivity,

respiratory issues, possible toxic and carcinogenic effects—which can result in serious or life-threatening injuries and impairment. *Id.*

8. Plaintiff alleges that in May 2021, she was using one of the devices subject to the recall. *Id.* ¶¶ 5-6.

9. Plaintiff alleges that, as a result of using the recalled device, she has been diagnosed with "chronic cancer," and has had to undergo chemotherapy, in addition to experiencing asthma and ongoing congestion in her lungs. *Id.* ¶¶ 9, 12.

10. Plaintiff's Complaint includes claims for strict products liability, *id.* ¶¶ 13-19; negligence, *id.* ¶¶ 20-22; and failure to warn, *id.* ¶¶ 30-31.

11. Plaintiff seeks to recover special and general damages for her injuries, including the full value of past and future medical expenses and mental and physical pain and suffering. *Id.* at 6.

12. Plaintiff also demands punitive damages. *Id.* ¶¶ 30-31.

### III. NOTICE OF REMOVAL IS TIMELY

13. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

14. Philips RS has not been served to date upon information and belief and thus this notice is timely because it has been filed prior to thirty days from service.

15. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

IV. GROUNDS FOR REMOVAL

16. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

17. Furthermore, this court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy plainly exceeds $75,000.

a. There is complete diversity among the parties.

18. Diversity jurisdiction "require[s] complete diversity of citizenship," i.e., "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly, diversity jurisdiction requires complete diversity, that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Tillman v. R.J.*

*Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001), *certified question answered sub nom. Tillman v. R.J. Reynolds Tobacco Co.*, 871 So. 2d 28 (Ala. 2003).

19. The general rule is that diversity is determined at the time of removal, not at the time the injuries were suffered. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019).

i. <u>Plaintiff is a Georgia citizen.</u>

20. An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

21. Residence alone is not the equivalent of citizenship, but the place of residence is prima facie evidence of domicile there. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile");[1] *see Thomas v. Am.'s Servicing Co.*, No. 1:10-CV-3162-ODE-WEJ, 2011 WL 13319014, at *2 (N.D. Ga. Mar. 29, 2011), *report and recommendation adopted*, No. 1:10-CV-3162-ODE-WEJ, 2011 WL 13319061 (N.D. Ga. June 9, 2011).

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

22. Plaintiff states that she is and was "at all times relevant" a resident of the State of Georgia. Ex. A, Complaint ¶ 1.

23. Therefore, Plaintiff is a citizen of Georgia.

  ii. <u>Defendant Philips RS is a citizen of Massachusetts and Delaware.</u>

24. Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania. **Exhibit B, Philips RS North America LLC Corporate Records & Business Registrations.**

25. As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

26. Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141. **Exhibit C, Philips RS North America Holding Corporation Corporate Records & Business Registrations.**

27. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

28. Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS is also a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

iii. There is complete diversity between the parties.

29. Thus, based on the foregoing, there is complete diversity between the parties.

| Plaintiff | Defendant |
|---|---|
| Christine Baughns (GA) | Philips RS (DE/MA) |

b. The amount-in-controversy requirement is satisfied.

30. There plainly is more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

i. Plaintiff's claims put more than $75,000 in controversy.

31. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

32. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019); *Goldsmith v. Travelers Indem. Co. of Am.*, No. 8:21-CV-2659-CEH-AAS, 2021 WL 6884585, at *1 (M.D. Fla. Dec. 22, 2021); *Roberts v. Hatcher*, No. 3:21CV82-MCR-EMT, 2021 WL 2025902, at *2 (N.D. Fla. May 21, 2021).

33. "In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy." *Roe*, 613 F.3d at 1061 (citations omitted).

34. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id*. at 1061-62. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062.

35. Additionally, the Eleventh Circuit has noted that courts should be wary of complaints where the allegations are so sparsely pled as to prevent the defendants from realizing their right to remove a case and proving amount in

8

controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010) ("A diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim. That would subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not do.")

36. Given the nature and extent of Plaintiff's alleged injuries ("chronic cancer," past and future medical expenses, and mental and physical pain and suffering), the amount in controversy plainly exceeds the jurisdictional threshold. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When a complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *see also Roe*, 613 F.3d at 1064-67 (affirming district court's holding that amount-in-controversy requirement was satisfied for removal when determined based on the allegations in the complaint).

37. Defendants deny any liability to Plaintiff; however, the nature of the case (a medical device products liability action), the harm alleged (cancer and other personal injuries, past and future medical expenses), and the nature of the damages requested (past and future special and general damages, pain-and-

suffering damages, and punitive damages) put far more than $75,000 in controversy.

38. The Eleventh Circuit has recognized that cases asserting "serious, lasting physical injuries," like here, "are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (affirming removal where plaintiff alleged non-specific damages for miscellaneous injuries, traumatic brain injuries, and pain and suffering).

39. In *Purdiman v. Organon Pharmaceuticals USA, Inc.*, plaintiff brought a medical device products liability suit. No. 2:08-CV-0006-RWS, 2008 WL 686996, at *1 (N.D. Ga. Mar. 12, 2008). The court held it was apparent from allegations of permanent and debilitating injury coupled with past and future medical expenses and pain and suffering that the amount in controversy exceeded $75,000. *Id.* at *2.

40. In *Hickerson*, "[t]he plaintiffs alleged miscellaneous bodily injuries requiring surgery, traumatic brain injuries, medical bills already in the tens of thousands of dollars that are continuing to accrue, and sustained pain and suffering." 818 F. App'x at 884. The court held that the amount-in-controversy requirement was satisfied because "[o]n the face of the complaint, these injuries were serious and long-lasting" and by "applying 'judicial experience and

common sense' we conclude that it is facially apparent that the jurisdictional amount is satisfied." *Id*.

41.  In *Peters v. Wal-Mart Stores E., L.P.*, plaintiff sought recovery for, among other things, a rotator cuff tear, multiple fractured and otherwise injured teeth, shoulder and back pain, and facial contusions. No. 1:13-CV-76 WLS, 2013 WL 4647379, at *1 (M.D. Ga. Aug. 29, 2013).  The court held that the amount in controversy was satisfied, noting that "Plaintiffs allege severe injuries that are similar to those that have been found to support diversity jurisdiction." *Id.* at *2.

42.  Plaintiff in the Underlying Action alleges that she developed and was diagnosed with "chronic cancer" as a result of using the device. This alleged injury alone clearly is serious enough to warrant a finding that the amount-in-controversy requirement is satisfied. The amount in controversy is further buttressed by the allegations regarding her cancer treatment, past and future medical expenses, and pain and suffering.  Accordingly, the amount in controversy easily is satisfied.[2]

---

[2]  *See also Peters*, 2013 WL 4647379, at *2 (holding amount in controversy was satisfied where plaintiff alleged severe injuries, future medical expenses, pain and suffering, and permanent bodily injuries); *Painter v. Sixt Rent A Car, LLC*, No. 1:20-CV-1494-LMM, 2020 WL 6106625, at *2 (N.D. Ga. June 17, 2020) (holding that amount in controversy was satisfied where plaintiff sought actual and compensatory damages for her medical expenses, pain and suffering, emotional distress, attorney fees, and punitive damages); *Fowles v. TJX Cos.*, No. 4:21-CV-00198-CDL, 2022 WL 188134, at *2 (M.D. Ga. Jan. 20, 2022) (concluding that plaintiff's allegations of personal injury, disability, and pain that will persist and require ongoing medical care satisfied the amount-in-controversy requirement).  Other courts are in agreement. *See Smith v. Wyeth Inc.*, 488

43. Additionally, Plaintiff seeks punitive damages, which are considered when determining whether the amount-in-controversy requirement for diversity jurisdiction is met. *Odelia v. Alderwoods (Ga.), LLC*, 823 F. App'x 742, 745 (11th Cir. 2020) ("In making its determination, the district court can consider a claim of punitive damages as well."); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered.").

44. Finally, the Complaint demonstrates that this case is related to *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, Case No. 2:21-mc-01230 (W.D. Pa.) (JFC), a multidistrict litigation currently pending in the Western District of Pennsylvania before the Honorable Joy Flowers Conti (the "MDL"). The Device is one of the recalled devices subject to the MDL litigation, and Plaintiff has referenced the recall and replacement program in her Complaint. Ex. A ¶¶ 6-7, Ex. A to Complaint.[3]

---

F. Supp. 2d 625, 630 (W.D. Ky. May 11, 2007) (denying remand and finding that allegations "likely amount to claims in excess of $75,000" where plaintiff sought to recover for a permanent injury as well as pain and suffering, punitive damages, and past and future medical expenses); *Milter v. Wright Med. Grp., Inc.*, 11-CV-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (denying remand and finding "no doubt" that plaintiff's alleged injuries "more likely than not" exceeded $75,000 where plaintiff required eye revision surgery, hospitalization, among other injuries and damages); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (noting generally that product liability actions routinely result in verdicts in excess of $75,000).

[3]     *See* Recall Notice (June 14, 2021) at 2 ("Recall Notice"), https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-

45.     Currently there are over 500 cases before the MDL. Most of these cases owe their subject matter jurisdiction to diversity jurisdiction and many assert claims for personal injuries, corresponding expenses, and pain and suffering associated with use of a recalled device such as Plaintiff alleges to have used. In those cases, the amount-in-controversy requirement has been satisfied to maintain jurisdiction.

46.     The Court should also find that the claims in this related case satisfy the amount in controversy, where Plaintiff's Complaint is related to the MDL and addresses the same or very similar events, allegations, damages, and injuries already pled in the MDL. *See Short v. Conagra Foods, Inc.*, No. CIV.A. 5:08-112-JMH, 2008 WL 2559244, at *2 (E.D. Ky. June 23, 2008) ("Noting Plaintiff's allegation of permanent loss of bodily function and great pain, along with the numerous other cases in this MDL in which the damages exceed $75,000, this Court is of the opinion that Defendant has met its burden of showing that it is 'more likely than not' that the jurisdictional amount in controversy prerequisite is met in this case." (citations omitted)). It follows that if the hundreds of cases in the MDL could satisfy the amount-in-controversy requirement, then this matter alleging cancer as well as other serious injuries does as well.

---

mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html.

47. Therefore, it is facially apparent that the amount-in-controversy requirement is satisfied.

## V.   VENUE

48. This lawsuit may be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

49. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district encompassing the Superior Court for DeKalb County, State of Georgia, where this suit was originally filed. 28 U.S.C. § 90(a)(2).

50. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases such as this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti, for coordinated or consolidated pretrial proceedings. **Exhibit D, Transfer Order.**

51. It is anticipated that this case will be transferred to the MDL following removal.

## VI.  CONSENT

52. Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).

## VII.  PROCEDURE

53. Written notice of the filing of the Notice of Removal will promptly be served on all other parties to this action and a copy will be promptly filed with the Superior Court for DeKalb County, State of Georgia, as required by 28 U.S.C. § 1446(d).

54. Included with this Notice of Removal is the filing fee required by 28 U.S.C. § 1914.

## VIII.  CONCLUSION

Defendant respectfully removes this action from the Superior Court for DeKalb County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

|  | Respectfully submitted, |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Walter J. Bibbins, Jr.* |
| John P. Lavelle, Jr. | Walter J. Bibbins, Jr. |
| **MORGAN, LEWIS & BOCKIUS LLP** | 191 Peachtree Street, N.E., Suite 2900 |
|  | Atlanta, GA  30303 |
| 1701 Market Street | Telephone:  404.954.5000 |
| Philadelphia, PA  19103-2921 | Facsimile:   404.954.5200 |
| Telephone:  215.963.5000 | *wbibbins@hallboothsmith.com* |
| Facsimile:  215.963.5001 |  |
| *john.lavelle@morganlewis.com* | *Counsel for Defendant* |
|  | *Philips RS North America LLC* |
| *Of Counsel for Defendant* |  |
| *Philips RS North America LLC* |  |

Dated:  May 26, 2023

## **CERTIFICATE OF SERVICE**

This is to certify that this day I have electronically filed **NOTICE OF REMOVAL** with the Clerk of Court by e-filing same using the CM/ECF System, which will automatically send e-mail notification of said filing to the following attorneys of record:

Rita T. Williams
220 Church St,
Decatur, GA  30030
Phone: 404-370-3783
Email: *rtwilliams@williamsandassoc.com*

This  26th  day of May, 2023.

                                       **HALL BOOTH SMITH, P.C.**

                                       */s/ Walter J. Bibbins, Jr.*
                                       Walter J. Bibbins, Jr.
                                       191 Peachtree Street, N.E., Suite 2900
                                       Atlanta, GA  30303
                                       Telephone: 404.954.5000
                                       Facsimile:404.954.5200
                                       *wbibbins@hallboothsmith.com*