# EXHIBIT D

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION             MDL No. 3014

### TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in the Eastern District of Pennsylvania *Starner* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, in the Western District of Pennsylvania.[1] This litigation consists of ten actions pending in five districts, as listed on Schedule A. The parties have informed the Panel of 104 related actions pending in 31 districts.[2]

Plaintiffs in more than fifty actions responded to the motion. All support centralization, but differ as to the proposed transferee district. The suggested transferee districts include: the Northern District of California, the Middle District of Georgia, the Northern District of Georgia, the District of Kansas, the Eastern District of Louisiana, the District of Massachusetts, the Western District of Missouri, the District of Oregon, the Eastern District of Pennsylvania, the Western District of Pennsylvania, the Eastern District of Virginia, and the Southern District of West Virginia. Defendants Philips North America LLC and Philips RS North America LLC (collectively, Philips) likewise support centralization. Defendants suggest either the District of Massachusetts or the Western District of Pennsylvania as the transferee district.

On the basis of the papers filed and the hearing session held,[3] we find that the actions listed

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Movant also does not oppose centralization in the Eastern District of Louisiana or the District of Massachusetts.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 30, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3014 (J.P.M.L. Sept. 13, 2021), ECF No. 134.

- 2 -

on Schedule A involve common questions of fact, and that centralization in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Philips' recall of certain Continuous Positive Airway Pressure (CPAP), Bi-Level Positive Airway Pressure (Bi-Level PAP), and mechanical ventilator devices on June 14, 2021.[4] The recalled devices allegedly contain polyester-based polyurethane (PE-PUR) sound abatement foam that may degrade into particles or off-gas volatile organic compounds that may then be ingested or inhaled by the user, causing injury. Plaintiffs allege that defendants concealed the problems with the PE-PUR foam before the recall was announced and made misrepresentations regarding the recalled devices in connection with their marketing and sales.

Most of the actions are putative consumer class actions asserting overlapping claims for violations of state consumer protection statutes, breach of warranties, and unjust enrichment. The asserted nationwide and state classes overlap significantly. Approximately thirty actions assert individual personal injury claims. The parties support inclusion of these personal injury actions in the MDL. We concur. All of the Philips actions will raise similar factual questions regarding the recalled devices and the conduct of the recall, and will require common discovery regarding the development and safety of the recalled devices and the potential harm that can be caused by the alleged defect. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1381–82 (J.P.M.L. 2019) (centralizing consumer claims for economic damages with personal injury claims). Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary.

The Western District of Pennsylvania is an appropriate transferee district for this litigation. It appears from the parties' submissions and arguments that the recalled products were primarily manufactured by Philips RS North America LLC (formerly Philips Respironics) in Murrysville, Pennsylvania. Thus, many of witnesses and much of the documentary evidence relevant to this litigation likely will be located within the Western District of Pennsylvania. The district also presents a convenient and accessible venue for this litigation. We assign this MDL to the Honorable Joy Flowers Conti, an experienced transferee judge, who we are confident will steer this litigation on a prudent and expeditious course.

---

[4] The recalled devices include: E30 (Emergency Use Authorization); DreamStation ASV; DreamStation ST, AVAPS; SystemOne ASV4; C Series ASV; C Series S/T and AVAPS; OmniLab Advanced Plus: SystemOne (Q Series); DreamStation; DreamStation Go; Dorma 400; Dorma 500; REMStar SE Auto; Trilogy 100 Ventilator; Trilogy 200 Ventilator; Garbin Plus, Aeris, LifeVent Ventilator; A-Series BiPAP Hybrid A30; Philips A-Series BiPAP V30 Auto Ventilator; Philips A-Series BiPAP A40; and Philips A-Series BiPAP A30.

- 3 -

      IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for coordinated or consolidated pretrial proceedings.

                        PANEL ON MULTIDISTRICT LITIGATION

                                    Karen K. Caldwell
                                        Chair

| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION**  MDL No. 3014

## SCHEDULE A

<u>District of Delaware</u>

SHRACK v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−00989

<u>Middle District of Florida</u>

EMMINO v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 8:21−01609

<u>Middle District of Georgia</u>

HELLER v. KONINKELIJKE PHILIPS N.V. ET AL., C.A. No. 4:21−00111

<u>District of Massachusetts</u>

MANNA v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11017
SHELTON v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11076
GRIFFIN v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11077
OLDIGS v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11078
SCHUCKIT v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11088
BOUDREAU, ET AL. v. PHILIPS NORTH AMERICA LLC, ET AL.,
        C.A. No. 1:21−11095

<u>Eastern District of Pennsylvania</u>

STARNER v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 2:21−02925