# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TREDERICK GRAY, GRAY'S AUTOMOTIVE AND TOWING, LLC, JANEEN SOLER, and TAMARRA STUDDARD-WILSON, as ADMINISTRATOR AND EXECUTOR OF THE ESTATE OF RICHARD K. GILES,<br><br>Defendants. | Civil Action File No.: |

### PLAINTIFF UNITED STATES LIABILITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United States Liability Insurance Company ("USLI"), files its Complaint for Declaratory Judgment against Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles, Trederick Gray, Gray's Automotive and Towing, LLC, and Janeen Soler (collectively, the "Defendants"), stating as follows:

1

## NATURE OF THE ACTION

1. This is an insurance coverage action in which USLI seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend Trederick Gray, Gray's Automotive and Towing, LLC, and Janeen Soler (the "Gray Defendants"), or any other defendants, in a lawsuit filed by Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles ("Estate"). The lawsuit is styled as *Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles v. The Voo 2 Sports Bar & Lounge, LLC, et al.*, Civil Action No. 22EV003927, in the State Court of Fulton County, Georgia (the "Underlying Lawsuit").

2. USLI is a Nebraska corporation with its principal place of business in Wayne, Pennsylvania. USLI is a citizen of both Nebraska and Pennsylvania.

3. Trederick Gray ("Gray") is domiciled in Georgia with a residential address of 3282 Saville Street, Atlanta, GA 30331. Gray is a citizen of Georgia.

4. Gray's Automotive and Towing, LLC (Gray's Automotive and Towing") is a Georgia limited liability company with its principal office located at 2144 Sylvan Road, Atlanta, GA 30344. Gray's Automotive and Towing, LLC may be served through its registered agent, Trederick Gray, at his residential address. Gray's Automotive and Towing's members are citizens of Georgia.

5. Janeen Soler is domiciled in Georgia with a residential address of 2986 Parkland View, Atlanta, GA 30331. Janeen Soler is a citizen of Georgia.

6. Tamarra Studdard-Wilson is a citizen and resident of Georgia and is the Administrator and Executor of the Estate of Richard K. Giles.  Ms. Studdard-Wilson is a citizen of Georgia.  At the time of Mr. Giles death, Mr. Giles was domiciled in Georgia, residing at 1218 Garden Lake Drive, Riverdale, Georgia 30296.  As such, the Estate is a citizen of Georgia.

7. The Court has personal jurisdiction over each of the Defendants by virtue of sufficient contacts with the forum.

8. Complete diversity of citizenship exists between USLI and the Defendants because USLI is a citizen of Nebraska and Pennsylvania, and the Defendants are citizens Georgia.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue is proper because a substantial part of the events giving rise to the allegations in the Underlying Lawsuit occurred in this district and at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

11. To ensure complete relief, USLI named the Estate, the Plaintiff in the Underlying Lawsuit, in addition to the Gray Defendants.

12. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to USLI's obligations for the Underlying Lawsuit to the Gray Defendants, or any of the other potential defendants, under a policy of insurance issued by USLI. USLI is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend the Gray Defendants in the Underlying Lawsuit. An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## THE UNDERLYING LAWSUIT

13. On July 18, 2022, the Estate filed a lawsuit against the Gray Defendants and others (again, the "Underlying Lawsuit"). A true and accurate copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit "A".[1]

14. The Underlying Lawsuit alleges that the Gray Defendants were the owners and/or occupiers of The Voo 2, a nightclub located at 2997 Cambellton Road, Atlanta, GA 30311.

15. The Underlying Lawsuit alleges that Mr. Giles was a guest and invitee

---

[1] Defendant Grays Automotive, LLC was dismissed without prejudice from the Underlying Lawsuit on October 20, 2022.

of The Voo 2 on November 9, 2020.

16. The Underlying Lawsuit alleges that Mr. Giles was shot and killed by Jonathan Hart and John Doe 1 while at The Voo 2 on November 9, 2020 at or about 6:10 a.m. (the "Incident").

17. The Underlying Lawsuit alleges Jonathan Hart and John Doe 1 were acting as security and were in the course and scope of their employment with The Voo 2, Jonathan Hart, and/or the Gray Defendants at the time of the Incident.

18. Ultimately, the Underlying Lawsuit alleges that the Gray Defendants breached their duty to keep Mr. Giles safe and are liable to the Estate for their negligent failure to keep the premises safe.

19. In the Underlying Lawsuit, the Estate alleges Mr. Giles was injured and died as the direct and proximate result of the Gray Defendants' failure to keep the property safe.

## THE JACKSON LAWSUIT AND SETTLEMENT

20. On November 9, 2020, Mr. Giles was accompanied by his friend, Mr. Rodricus Jackson, at The Voo 2.

21. Mr. Jackson was also shot in the Incident and brought a separate lawsuit on June 7, 2021 against the Gray Defendants seeking damages for his injuries (the

"Jackson Lawsuit").[2] The Jackson Lawsuit was filed more than a year before the Underlying Lawsuit. A true and accurate copy of the Complaint in the Jackson Lawsuit is attached hereto as Exhibit "B".[3]

22.     In the Jackson Lawsuit, Mr. Jackson alleges that he was shot and injured by Jonathan Hart and John Doe 1 while at The Voo 2 on November 9, 2020 at or about 6:10 a.m. (the "Incident").

23.     The Jackson Lawsuit alleges Jonathan Hart and John Doe 1 were acting as security and were in the course and scope of their employment with The Voo 2, Jonathan Hart, and/or the Gray Defendants at the time of the Incident.

24.     The Jackson Lawsuit alleges that the Gray Defendants breached their duty to keep Mr. Jackson safe and are liable to Mr. Jackson for their negligent failure to keep the premises safe.

25.     In the Jackson Lawsuit, Mr. Jackson alleges he was injured as the direct and proximate result of the Gray Defendants' failure to keep the property safe.

26.     On August 18, 2021, Mr. Jackson made a settlement demand for USLI's Policy's $1,000,000 occurrence limit.

27.     USLI tendered its limit as part of a settlement in response to Mr.

---

[2] The Jackson Lawsuit is styled as *Rodricus Jackson v. The Voo 2 SPorts Bar & Lounge, LLC*, Case No. 21EV003432, in the State Court of Fulton County, Georgia.

[3] USLI notes that Mr. Jackson filed an amended complaint in the Jackson Lawsuit on November 9, 2022. However, because this amended complaint was filed after USLI tendered its Policy limits, USLI attaches the original complaint to this declaratory judgment action.

Jackson's demand.

## USLI'S RESERVATION OF RIGHTS

28. Following USLI's agreement to tender its Policy limits in response to Mr. Jackson's demand, USLI issued a reservation of rights letter to Gray with respect to the Estate's claims on September 30, 2021, advising there may be no coverage for the Estate's claims based on multiple Policy provisions and the exhaustion of the Policy's limits. A true and accurate copy of the September 30, 2021 Reservation of Rights letter is attached as Exhibit "C".

29. After the Underlying Lawsuit was filed, USLI issued a supplemental reservation of rights letter to Gray on October 17, 2022. USLI again advised that coverage may not be available for the Estate's Claims and the Underlying Lawsuit based on multiple provisions of the Policy and the exhaustion of the Policy's limits. USLI also advised that it would defend the Gray Defendants in the Underlying Lawsuit pursuant to a complete reservation of rights. A true and accurate copy of the October 17, 2022 Reservation of Rights letter is attached as Exhibit "D".

30. The Reservations of Rights letters expressly reserved the right to bring a declaratory judgment action to determine USLI's coverage obligations, and the right to seek reimbursement for the payment of defense fees incurred to defend the Underlying Lawsuit. Exs. C, D.

## THE POLICY

31. USLI issued commercial general liability policy No. CP 1737120 to Trederick Gray for the period of September 25, 2020 through September 25, 2021 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "E".

32. The Policy provides a $1,000,000 per occurrence limit. Ex. E, Policy, CL 150 (10/03).

33. The Commercial General Liability Coverage Form for the Policy states, in pertinent part, as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But

   **(1)**   The Amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

Ex. E, Policy at CG 00 01 12 07, p. 1 of 16.

34. Section III of the Policy outlines the limits of the Policy's insurance. It provides:

> **SECTION III – LIMITS OF INSURANCE**
>
> **1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of number of:
>
> **a.** Insureds;
>
> **b.** Claims made or "suits" brought; or
>
> **c.** Persons or organizations making claims or bringing "suits".
>
> \*\*\*
>
> **5.** Subject to Paragraph **2.**, or **3.**, above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:
>
> **a.** Damages under Coverage **A**; and
>
> **b.** Medical expenses under Coverage **C**
>
> because of all "bodily injury" and "property damage" arising out of any one "occurrence".

Ex. E, Policy at CG 00 01 12 07, p. 10 of 16.

35. The Policy defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. E, Policy at CG 00 01 12 07, p. 14 of 16.

36. The Policy further provides:

> **7.** **Separation of Insureds**
>
> The Limits of Insurance of this policy applies:

9

> a. As if each Named Insured were the only Named Insured; and
>
> b. Separately to each insured against whom claim is made or "suit" is brought, but nothing in this endorsement shall serve to increase the Limits of Insurance beyond the Per occurrence, per person, per premises, per common cause, aggregate or any similar limit stipulated in the Declarations.

Ex. E, Policy at LLQ 368 (08-10), Page 1 of 1.

37. The Policy also contains a classification limitation endorsement, which provides:

> **CLASSIFICATION LIMITATION ENDORSEMENT**
>
> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.
>
> All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

Ex. E, Policy, L-232s (9/05).

38. The Policy was initially issued and a premium was paid for the hazard classification "building or premises – bank or office – mercantile or manufacturing (lessor's risk only) – other than not-for-profit." Ex. E, Policy, CL150 (10/03).

39. This classification was amended after the Policy was initially issued to "vacant building – not factories – other than not-for-profit" and "contractors – subcontracted work – in connection with renovating vacant buildings." Ex. E,

Policy, Endorsement #1.

## COUNT I – DECLARATORY RELIEF
### (NO DUTY TO DEFEND)

40. USLI repeats and realleges paragraphs 1-39 as if fully set forth herein.

41. The Underlying Lawsuit alleges that Mr. Giles was shot and killed by Jonathan Hart and John Doe 1, who were acting as security and in the course and scope of their employment with The Voo 2, Jonathan Hart, and/or the Gray Defendants, on November 9, 2020 at or about 6:10 a.m.

42. The Jackson Lawsuit alleges that Mr. Jackson was shot and injured by Jonathan Hart and John Doe 1, who were acting as security and allegedly in the course and scope of their employment with The Voo 2, Jonathan Hart, and/or the Gray Defendants, on November 9, 2020 at or about 6:10 a.m.

43. Both the Underlying Lawsuit and Jackson Lawsuit allege that the Gray Defendants' negligent failed to keep the property safe.

44. Both the Underlying Lawsuit and Jackson Lawsuit allege the Gray Defendants' failure to keep the property safe was the actual and proximate cause of their injuries.

45. Under the terms of the Policy, and applicable law, the shootings of Mr. Jackson and Mr. Giles comprise a single occurrence.

46. USLI has already exhausted the $1,000,000 policy limits for this

occurrence.

47.  Therefore, the "Each Occurrence" policy limit has been completely exhausted in relation to the Incident, and USLI has no obligation to defend or indemnify any insured for the Underlying Lawsuit.

48.  Further, the Underlying Lawsuit alleges that the Gray Defendants owned and/or operated a nightclub and seeks damages for the Gray Defendants' alleged failure to keep the nightclub safe.

49.  The Policy's Classification Limitation Endorsement limits the Policy's coverage to the Policy's designated classifications. Ex. E, Policy at L-232s (9/05).

50.  The Policy was initially issued and a premium was paid for the hazard classification "building or premises – bank or office – mercantile or manufacturing (lessor's risk only) – other than not-for-profit."  Ex. E, Policy, CL150 (10/03).

51.  The Policy's classification was later amended to "vacant building – not factories – other than not-for-profit" and "contractors – subcontracted work – in connection with renovating vacant buildings." Ex. E, Policy, Endorsement #1.

52.  Therefore, there is no coverage for the Underlying Lawsuit under the Policy's Classification Limitation Endorsement because USLI did not agree to insure, and Gray did not request or pay to insure, a nightclub.

53.  Accordingly, USLI seeks a declaration that there is no coverage under the Policy for the claims alleged in the Underlying Lawsuit and, therefore, that USLI

has no duty to defend, and therefore no duty to indemnify, the Gray Defendants or any other insured for any claims arising out of, or related to, the Incident and Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, USLI prays for:

1. The Court to declare that there is no coverage available under the Policy for the Gray Defendants, and that judgment be entered in favor of USLI and against all of the Defendants that USLI owes no duty to defend the Gray Defendants, or any other party, in the Underlying Lawsuit or against any claims or suits that may have been or may be brought arising out of or related to the Incident, or the facts alleged in the Underlying Lawsuit;

2. The Court to order that because USLI has no duty to defend the Gray Defendants, it also has no duty to indemnify the Gray Defendants in the Underlying Lawsuit;

3. The Court to order that USLI may withdraw the defense being provided to any insured in the Underlying Lawsuit;

4. The Court to order that USLI is entitled to recover all defense costs incurred to defend any insured to date to defend the Underlying Lawsuit; and

5. The Court to award USLI its costs of suit and such other relief as the Court deems just and proper.

This 26th day of May 2023.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, Georgia 30309<br>Telephone: 470-552-1150<br>Fax: 470-552-1151<br>rzelonka@wshblaw.com<br>mmoyer@wshblaw.com<br>msims@wshblaw.com<br>slytle@wshblaw.com<br>lnurse@wshblaw.com | */s/ Richard E. Zelonka, Jr.*<br>Richard E. Zelonka, Jr., Esq.<br>Georgia Bar No.: 142152<br>Molly L. Moyer<br>Georgia Bar No.: 987498<br>Marshall S. Sims<br>Georgia Bar No.: 804511<br><br>*Counsel for United States Liability Insurance Company* |