# EXHIBIT A

State Court of Fulton County
**E-FILED**
22EV003927
7/18/2022 3:17 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| TAMARRA STUDDARD-WILSON, AS ADMINISTRATOR AND EXECUTOR OF THE ESTATE OF RICHARD K. GILES, ) ) ) ) ) | CIVIL ACTION FILE NO. _____ |
| Plaintiff, ) ) | |
| v. ) ) | **JURY TRIAL DEMANDED** |
| THE VOO 2 SPORTS BAR & LOUNGE, LLC, GRAY'S AUTOMOTIVE, LLC, GRAY'S AUTOMOTIVE AND TOWING, LLC, TREDERICK GRAY, JANEEN SOLER, JONNIKA HART GRAY, JONATHAN HART and JOHN DOES 1 – 10, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff TAMARRA STUDDARD-WILSON, administrator and executor of the estate of Richard K. Giles, deceased, (hereinafter referred to as "Plaintiff') in the above-styled action and files this Complaint for Damages against THE VOO 2 SPORTS BAR & LOUNGE, LLC, GRAY'S AUTOMOTIVE, LLC, GRAY'S AUTOMOTIVE AND TOWING, LLC, TREDERICK GRAY, JANEEN SOLER, JONNIKA HART GRAY, JONATHAN HART, AND JOHN DOES 1 – 10 (collectively referred to herein as "Defendants") and shows this Court the following:

1.

Plaintiff TAMARRA STUDDARD-WILSON is the administrator and executor of the estate of Richard K. Giles, deceased, and is a resident of the State of Georgia

2.

Plaintiff, by the filing this, Complaint is subject to the jurisdiction and venue of this court.

3.

Defendant The Voo 2 Sports Bar & Lounge, LLC (hereinafter referred to as "The Voo 2") is a domestic corporation with its principal place of business located at 2997 Cambellton Road, Atlanta, Georgia 30311. Defendant Voo 2 may be served through its Registered Agent, Jonnika Hart at 888 Beecher Ct, Atlanta, Georgia 30311 or any of its corporate officers, including Jonathan Hart.

4.

Defendants Gray's Automotive and Towing, LLC (hereinafter referred to as "Gray's A & T") is a domestic corporation with its principal place of business located at 2144 Sylvan Road, Atlanta, Georgia 30344. Defendant Gray's A & T may be served through its Registered Agent, Trederick Gray, 3282 Saville Street, Atlanta, GA 30331.

5.

Defendants Gray's Automotive, LLC (hereinafter referred to as "Gray's Automotive") is a domestic corporation with its principal place of business located at 587 Whitehall St, Atlanta, Georgia 30303. Defendant Gray's Automotive may be served through its Registered Agent, Trederick Gray at the same address.

6.

Defendant Trederick Gray is in individual residing in the State of Georgia and may be served at his residential address or wherever he is served above as a registered agent.

7.

Defendant Janeen Soler is in individual residing in the State of Georgia and may be served at her residential address located at 2986 Parkland VW, Atlanta, Georgia 30331 or wherever she

may be found in this state.

8.

Defendant Jonnika Hart Gray is in individual residing in the State of Georgia and may be served at her residential address located at 5193 Peachtree Blvd, Apt 2209, Atlanta, Georgia 30341 or wherever she is served above as a registered agent.

9.

Defendant Jonathan Hart is in individual residing in the State of Georgia and may be served at his residential address 888 Beecher Ct, SW, Atlanta, GA 30311 or wherever he may be found in this state.

10.

Plaintiff does not currently know the true identities of John Doe Nos. 1-10. Upon learning the identity of these Defendants, Plaintiff will amend this Complaint, identify the John Doe Defendants by name, and serve them with process.

11.

Defendants are subject to the jurisdiction of this Court.

12.

Venue is proper in this Court.

13.

At all times relevant hereto, Defendants were the owners and/or occupiers of The Voo 2 nightclub located at 2997 Cambellton Road, Atlanta, Georgia 30311 (hereinafter referred to as "the Premises").

14.

At all times relevant hereto, Defendants are responsible for the day-to-day operation, management, and security of the Premises.

## **FACTUAL ALLEGATIONS**

15.

Plaintiff re-alleges and incorporates paragraphs 1 through 14 above, and further alleges the following:

16.

At all times relevant hereto, Defendants were the owners, occupiers, and/or operators of The Voo 2.

17.

At all times relevant hereto, Richard K. Giles ("Giles") was a guest and invitee of The Voo 2.

18.

On November 9, 2020, at or about 6:10 a.m., Giles was an invitee on the Premises.

19.

On November 9, 2020, at or about 6:10 a.m., while Plaintiff was on the Premises, Defendants Jonathan Hart and John Doe I, acting as security and in the course and scope of their employment with Defendants The Voo 2, Jonathan Hart, Janeen Soler, Trederick Gray, Gray's Automotive, and/or Gray's A & T, opened fire on Plaintiff, shooting and killing him.

20.

Prior to November 9, 2020, The Voo 2 had experienced multiple criminal acts on the Premises, the patrons, and the immediately surrounding areas, involving crimes against both persons and property.

21.

Despite a history of criminal acts, a dangerous and violent patronage, gambling, drug use, drug selling, and prostitution, Defendants failed to provide adequate, reasonable security for the Premises.

## COUNT I - NEGLIGENCE

22.

Paragraphs 1 through 21 are incorporated herein by reference as though fully and completely set forth.

23.

At all times relevant hereto, Defendants, as owners and occupiers of The Voo 2 owed a non-delegable duty of care to keep the Premises safe from reasonably foreseeable, unlawful acts and dangerous conditions on their Premises.

24.

At all times relevant hereto, Defendants, including their respective employees and agents, owed a duty of care to keep the Premises safe from reasonably foreseeable, unlawful acts on the Premises.

25.

At all times relevant hereto, Defendants, including their respective employees and agents, were required to exercise reasonable care and diligence in the performance of their respective services and duties.

26.

At all times relevant hereto, Defendants, including their respective employees and agents, knew or should have known of dangerous conditions on the Premises, including prior acts of crime against persons and property, and were aware, or should have been aware, of the likelihood that acts of violence resulting in injury to customers, invitees, and others lawfully on the Premises might occur.

27.

At all times relevant hereto and specifically on November 9, 2020, Defendants, including their respective employees and agents, were negligent in the carrying out of their duty of ordinary care by failing to reasonably provide for the safety of Giles from dangerous conditions known to the respective Defendants.

28.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

## **COUNT II - NEGLIGENCE – FAILURE TO KEEP THE PREMISES SAFE**

**(O.C.G.A. §51-3-1)**

29.

Paragraphs 1 through 28 are incorporated by reference as though fully and completely set forth herein.

30.

At all times relevant hereto, Defendants, including their respective employees and agents, owed a duty of care to Plaintiff to keep the Premises safe from unlawful acts and known dangers

on the Premises.

31.

Defendants, including their respective employees and agents, failed to keep the Premises safe and failed to adequately and properly protect their invitees, including but not limited to Plaintiff from unlawful acts and criminal activity on the Premises and as such, breached their duty of such care.

32.

As a result of the negligence of Defendants, including their respective employees and agents' conduct, actions and inactions, Plaintiff was shot and killed.

33.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

### **COUNT III - NEGLIGENCE – FAILURE TO PROVIDE ADEQUATE SECURITY**

**(O.C.G.A. §51-3-1)**

34.

Paragraphs 1 through 33 are incorporated by reference as though fully and completely set forth herein.

35.

At all times relevant hereto, Defendants owed a duty to provide adequate security at the Premises.

36.

Defendants failed to provide adequate security at the Premises and failed to adequately and properly protect their invitees and other lawfully on the Premises, including but not limited to Plaintiff from unlawful acts and criminal activity on the Premises and as such breached their duty of such care.

37.

Defendants' negligence, including their respective employees and agents' conduct, actions, and inactions, resulted in the shooting of Plaintiff which resulted in his wrongful death.

38.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

## **COUNT IV - DEFENDANTS MAINTAINED A PRIVATE NUIUSANCE**

**(O.C.G.A. §41-1-1 et seq.)**

39.

Paragraphs 1 through 38 are incorporated by reference as though fully and completely set forth herein.

40.

Defendants, including their respective employees and agents, are liable for creating and maintaining a nuisance by reason of their failure to remedy the dangerous conditions and crime and criminal activity on the Premises which occurred over a substantial period of time and continues and about which these Defendants had knowledge and an opportunity to abate.

41.

As a result of the conduct, actions and inactions of Defendants, including their respective employees and agents, Plaintiff was shot and killed.

42.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

### COUNT V - DAMAGES

43.

Paragraphs 1 through 42 are incorporated herein by reference as though fully and completely set forth.

44.

As a result of the shooting which occurred on November 9, 2020, Giles sustained serious bodily injuries, which caused his wrongful death.

45.

As a consequence of the negligence of Defendants, including their respective employees and agents, Giles was killed.

46.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

### COUNT VI - PUNITIVE DAMAGES

47.

Paragraphs 1 through 46 incorporated herein by reference as though fully and completely set forth.

48.

Defendants' actions exhibited an entire want of care which raises the presumption of conscious indifference to the consequences of their conduct.

49.

Defendants Jonathan Hart and John Doe I, acting as an agent and/or employee of all Defendants, committed the intentional actions of shooting and killing Giles exhibited an entire want of care which raises the presumption of conscious indifference to the consequences of their conduct.

50.

Under these circumstances, an award of punitive damages is authorized pursuant to O.C.G.A. § 51-12-5.1.

51.

As a direct and proximate cause and consequence of Defendants' negligence as described herein and to be shown with additional certainty at trial, Giles suffered multiple gunshot wounds that resulted in his wrongful death; medical expenses; funeral expenses; and pre-death pain and suffering.

## **COUNT VII - EXPENSES OF LITIGATION**

52.

Paragraphs 1 through 51 incorporated herein by reference as though fully and completely set forth.

51.

Defendants have acted in bad faith, have been stubbornly litigious, or have caused the Plaintiff unnecessary trouble and expense.

52.

Under these circumstances, Plaintiff is entitled to recovery of her expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### COUNT VIII - ESTATE CLAIM

53.

Paragraphs 1 through 52 of Plaintiff's Complaint are hereby realleged and incorporated as through fully set out herein.

54.

Plaintiff Tamarra Studdard-Wilson, as Administrator of the Estate of Richard K. Giles, brings this action to recover damages for medical and funeral expenses and for the pain and suffering of Giles as a result of Defendants' negligence.

55.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs are entitled to recover the damages for the wrongful death of Giles/the Deceased, in an amount to be proven by the evidence at trial.

(a) WHEREFORE, Plaintiff prays:

(b) That the Defendants be served as provided by law;

(c) That judgment be entered in favor of the Plaintiffs against the Defendants, jointly and

severally, in an amount in excess of $10,000,000.00 for the wrongful death of the Giles/the Deceased;

(d) That the Plaintiff Tamarra Studdard-Wilson as the Administrator of the Estate of Richard K. Giles be awarded medical and funeral expenses, and for the pain and suffering of Giles;

(e) That all cost be taxed against the Defendants, jointly and severally, including attorney's fees and expenses and

(f) That Plaintiff be awarded punitive damages; and

(f) That the Plaintiff be granted all other relief as this Court deems just and proper,

This 15th day of July, 2022,

*/s/Matthew T. Wilson*
Matthew T. Wilson
Georgia Bar No. 558420
Adam P. Princenthal
Georgia Bar No. 588219

PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12
Sandy Springs, GA 30328
Tel:   (678) 534-1980
Fax:   (404) 806-0624

12