# EXHIBIT D



1230 Peachtree Street NE • Suite 925 • Atlanta, GA • 30309
**tel** (470) 552-1150 • **fax** (470) 552-1151 • wshblaw.com

Richard E. Zelonka, Jr.
direct dial (470) 552-1152
email rzelonka@wshblaw.com

October 17, 2022

**VIA FEDEX OVERNIGHT
AND ELECTRONIC MAIL**

Tredrick Gray
3282 Saville St. SW
Atlanta, GA 30331
*janeensoler@icloud.com*

|  |  |  |
|---|---|---|
| **RE:** | **INSURED:** | **TREDRICK GRAY** |
|  | **POLICY NO.:** | CP1737120 |
|  | **POLICY PERIOD:** | September 25, 2020 to September 25, 2021 |
|  | **CLAIMANTS:** | Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles |
|  | **CLAIM NO.:** | K162505 |
|  | **WSHB FILE NO.:** | 06131.0086 |

## RESERVATION OF RIGHTS

Dear Mr. Gray:

We represent United States Liability Insurance Company ("USLI"), who issued Commercial General Liability Policy No. CP1737120 to Tredrick Gray ("you") for the period of September 25, 2020 to September 25, 2021 (the "Policy"). The Policy provides general liability coverage to you, subject to its terms, provisions, conditions, and exclusions. We are writing to supplement USLI's prior reservation of rights letter issued to you on September 30, 2021. USLI's prior reservation of rights letter is fully incorporated herein. Specifically, we write following receipt of a lawsuit filed by Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles, against you, Janeen Soler, Grays Automotive and Trucking, LLC, and others (the "Giles Lawsuit").[1] In the Giles Lawsuit, the Estate seeks damages related to the shooting death of Richard K. Giles at the property located at 2997 Campbellton Road, Atlanta, GA 30311 (the "Property") on November 9, 2020 (the "Incident").

As you know, this is the second suit filed against you related to the Incident. USLI previously provided a defense to you for a suit brought by Rodricus Jackson related to

---

[1] The Giles Lawsuit is styled as *Tamarra Studdard–Wilson, As Administrator and Executor of the Estate of Richard K. Giles v. The Voo 2 Sports Bar & lounge, LLC, et al.*, Case No. 22EV003927, in the State Court of Fulton County, Georgia.

Case 1:23-mi-99999-UNA   Document 1706-8   Filed 05/26/23   Page 3 of 9

WOOD SMITH
HENNING & BERMAN LLP

Tredrick Gray
October 17, 2022
Page 2

the same shooting (the "Jackson Lawsuit").[2]  As you also know, USLI has reached an agreement with Mr. Jackson's counsel to resolve the Jackson Lawsuit for the Policy's $1,000,000 occurrence limit.  As USLI has previously informed you, USLI believes this settlement exhausts the limits of the Policy, and that as such, it is unlikely that there is additional coverage available under USLI's Policy for the Giles Lawsuit.  USLI writes to inform you that it is reserving all rights under the Policy to limit or deny coverage for the Claim of the Estate and the Giles Lawsuit based on the Policy's terms, limits, conditions, and exclusions.  USLI is reserving its rights under the entire Policy, including, but not limited to, the provisions discussed below.  USLI is reserving rights, but is not suggesting that any allegations regarding this dispute have any factual basis or legal merit.

Additionally, the purpose of this letter is to inform you that at this time, USLI is agreeing to participate in your, Joleen Soler, Grays Automotive and Trucking, LLC, and Grays Automotive, LLC's defense under this reservation of rights and has retained Ryan Del Campo of Gray, Rust, St. Amand, Moffett & Brieske, LLP to represent you, Ms. Soler, Grays Automotive and Trucking, LLC, and Grays Automotive, LLC's in the Giles Lawsuit. Attorney Del Campo may be reached at (404) 870-7387 or rdelcampo@grsmb.com.  USLI is willing to participate the defense at this time.  USLI, however, expressly reserves the right file a declaratory judgment or rescission action and to recoup any defense costs incurred from you should it be determined that there is no coverage for the Giles Lawsuit.  Should you not agree to this defense offered pursuant to this reservation of rights USLI asks that you notify USLI within fourteen (14) days of receipt of this letter.  Otherwise, USLI will assume that you are in agreement.

Notwithstanding USLI's reservation of rights, it is imperative that you provide a copy of any future demand or lawsuit to counsel and USLI so that USLI can properly evaluate its obligations under the Policy.

## I.    BACKGROUND FACTS

We summarize our understanding of the facts for your convenience. Please provide any additional information you wish USLI to consider.

We understand Tredrick Gray ("you") purchased the property located at 2997 Campbellton Rd. SW on September 25, 2020 (the "Property").  At the time of the purchase, we understand the Property was leased to Jonathan Hart who appears to have been operating the Property as an unlicensed nightclub/bar known as The Voo 2.  On the day of the purchase, you applied for insurance coverage.  The description of operations provided in the application states that it is a new purchase, for a dine in restaurant (no bar, lounge or entertainment exposure), and no vacancy/storage.  You further provided that there were "0" nights of entertainment at the premises and that sale of alcohol was < 30%.  The Policy was initially issued with an inception date of 9/25/20 with the classification "buildings or premises – bank or office – mercantile or manufacturing

---

[2] The Jackson Lawsuit is styled as *Rodricus Jackson v. The Voo 2 Sports Bar & Lounge, LLC*, Case No. 21EV003432, in the State Court of Fulton County, Georgia.

WOOD SMITH
HENNING & BERMAN LLP

Tredrick Gray
October 17, 2022
Page 3

(lessor's risk only)."  However, the Policy was amended in November 2020 via an endorsement with an effective date of 9/25/20 that changed the CGL coverage classification to "vacant buildings" and "contractors – subcontracted work - connection with renovating vacant buildings."

After the Policy was issued, we understand you notified Mr. Hart that he needed to vacate the premises on October 13, 2020.  We understand you then entered the Property on October 16, 2020 and started demolishing it for a remodel.  We understand Mr. Hart sought an injunction from Fulton County, and a temporary restraining order was issued against you on October 29, 2020.  Shortly after, in the early morning hours of November 9, 2020, we understand it is alleged that Rodricus Jackson and Richard Giles were shot on the Property, potentially by Property security (the "Incident").  We understand that Rodricus Jackson was paralyzed by the shooting and Richard Giles died.

Suit was filed on behalf of Rodricus Jackson in June 2021 (the "Jackson Lawsuit").  This was USLI's first notice of the claim or Incident.  USLI assigned you with defense counsel and shortly after a demand was received for USLI's policy limits.  USLI has agreed to settle the Jackson Lawsuit for $1,000,000

On July 18, 2022, the Estate filed the Giles Lawsuit.  In the Giles Lawsuit, the Estate alleges that the defendants were the owners, occupiers, and/or operators of the Property, which was operating as The Voo 2 nightclub.  The Giles Lawsuit alleges that on November 9, 2020 at or about 6:10 a.m. Giles was on the Property when the defendants identified as Jonathan Hart and John Doe I, security in the course and scope of their employment with The Voo 2, Jonathan Hart, Janeen Soler, Trederick Gray, Gray's Automotive, and/or Gray's Automotive & Trucking, opened fire on Giles, shooting and killing him (the "Incident").  The lawsuit alleges that the defendants, owners or occupiers of the property, were aware that there was a history of violent and/or criminal acts on the Property and further alleges that defendants owed a duty to keep the property safe for invitees such as Giles.

In the Giles Lawsuit, the Estate asserts causes of action against all defendants for 1) Negligence, 2) Negligence – Failure to Keep the Premises Safe (O.C.G.A. § 51-3-1), 3) Negligence – Failure to Provide Adequate Security (O.C.G.A. § 51-3-1), 4) Maintenance of a Private Nuisance (O.C.G.A. § 41-1-1), 5) Damages, 6) Punitive Damages, 7) Expenses of Litigation, and 8) Estate's Claim (Wrongful Death).

II.     **POLICY DETAILS**

United States Liability Insurance Company ("USLI") issued commercial general liability Policy No. CP1737120 to "Trederick Gray" for the period of September 25, 2020 to September 25, 2021.  The Policy provides commercial general liability coverage to you, subject to its provisions, exclusions, and limitations.  The Policy provides a $1,000,000 per occurrence limit and $2,000,000 aggregate limit and $5,000 medical expense limit.  The Policy was initially issued with the classification "building or premises – bank or office – mercantile or manufacturing (lessor's risk only) – other than not-for-profit" but this classification was revised to "vacant building – not factories – other than not-for-profit"

Tredrick Gray
October 17, 2022
Page 4

and "contractors – subcontracted work – in connection with renovating vacant buildings" with an effective date of the Policy's inception, September 25, 2020.

### III. COVERAGE ANALYSIS

For your convenience, we again set forth certain Policy provisions that may limit or preclude coverage to you, Janeen Soler, and Grays Automotive and Trucking for the Incident and Giles Lawsuit. USLI continues to reserve the right to rely on all of the Policy's terms, conditions, and exclusions, including, but not limited to, those listed below.

#### A. Who Is An Insured

The Policy provides coverage to the Named Insured as identified on the Policy's declarations page. The only Named Insured is "Tredrick Gray." UPD (08-07). Section II of the Policy "WHO IS AN INSURED" then provides that if you are designated in the Declarations as an individual, then "you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." CG 00 01 12 07, p. 9 of 16. We understand that Joleen Soler is your spouse. As such, Ms. Soler is also an insured with respect to the conduct of a business of which you are the sole owner.

Additionally, we understand that you own Gray's Automotive & Trucking, LLC, which is located at 2144 Sylvan Rd. Atlanta, GA 30344, and Grays Automotive, LLC, which may be located at 587 Whitehall St, Atlanta, GA, 30303. While USLI is willing to participate in their defense at this time, USLI reserves its rights to deny coverage to the extent Gray's Automotive & Trucking, LLC and/or Grays Automotive, LLC do not have relationship to the Property or the Incident.

Further, the Policy contains a Limitation of Coverage that limits coverage to the designated premises, project or operations. The Policy provides that the insurance applies to "bodily injury" caused by an "occurrence" that takes place in the "coverage territory" only if the bodily injury occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises, or arises out of the project or operation shown in the schedule. CG 21 44 04 17, p. 1 of 3. The Schedule directs you to the declaration's page, which identifies the premises as 2997 Campbellton Rd SW, Atlanta, GA 30311. CL150 (10/03). As such, USLI reserves its rights to limit or deny coverage to Gray's Automotive & Trucking, LLC and Gray's Automotive, LLC to the extent they do not qualify as insureds under the Policy and to the extent the Policy's Limitation of Coverage bars coverage for these two entities.

#### B. The Policy Only Provides Coverage to an "Insured" for "Bodily Injury" Caused by an "Occurrence"

As an initial matter, the Policy only provides coverage for damages that an "insured" is obligated to pay because of "bodily injury" caused by an "occurrence" or for a defense against a "suit" seeking damages for the same. The Policy provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**WOOD SMITH**
**HENNING & BERMAN LLP**

Tredrick Gray
October 17, 2022
Page 5

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But

            **(1)**    The Amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

            **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

Policy at CG 00 01 12 07, p. 1 of 16. "Bodily injury" is defined as bodily injury, sickness, disease, or mental anguish or emotional distress arising out of bodily injury, sickness or disease. L 610 (11/04). The Policy also defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Policy at CG 00 01 12 07, p. 15 of 16. Based on USLI's current understanding of the Incident, the Giles Lawsuit likely alleges "bodily injury" caused by an "occurrence." However, USLI reserves its rights to limit or deny coverage to the extent the Incident was not accidental or does not qualify as an "occurrence" as defined by the Policy and Georgia law.

    **C.**    **USLI Has Already Exhausted the Policy's Occurrence Limit in the Settlement of the Jackson Lawsuit**

    As you know, USLI has already settled the claims against you in the Jackson Lawsuit by accepting a settlement demand of $1,000,000. The Policy contains limits of insurance of $1,000,000 per occurrence. CL150 (10/03). This means that the most that USLI will pay for any one occurrence is $1,000,000. The Policy provides:

WOOD SMITH
HENNING & BERMAN LLP

Tredrick Gray
October 17, 2022
Page 6

**SECTION III – LIMITS OF INSURANCE**

**1.**   The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   **a.**   Insureds;

   **b.**   Claims made or "suits" brought; or

   **c.**   Persons or organizations making claims or bringing "suits".

Policy, CG 00 01 04 13, p. 10 of 16.

Under Georgia law, the number of occurrences under a Policy is determined by applying the "cause test." The "cause test" determines the number of occurrences by looking at the number of causes of the injuries. *State Auto Property and Cas. Co. v. Matty*, 286 Ga. 611, 613 (2010). Importantly, the number of "occurrences" is not determined by the number of injuries. Rather, one "occurrence" may have multiple and disparate impacts on individuals and the injuries may extend over a period of time. *Travelers Prop. Cas. Co. of Am. v. Cont'l Cas. Co.*, 226 F. Supp. 3d 1359, 1369 (N.D. Ga. 2017). As long as the injuries stem from one proximate cause, there is one occurrence. *Id.* (quoting *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56, 61 (3d Cir. 1982)).

Both the Jackson Lawsuit and the Giles Lawsuit allege that you are liable for the shooting incident as the result of your failure to keep the Property safe. While this alleged failure resulted in two injuries (the shooting of Jackson and the shooting of Giles), it is one cause or one "occurrence" as defined by the Policy and Georgia law. For this reason, USLI does not believe that there is coverage available to you for the Giles Lawsuit. Simply, USLI has already paid the limits of its Policy for this occurrence. While USLI is agreeing to defend you at this time, USLI reserves the right to limit or deny coverage on this ground. USLI further reserves the right to file a declaratory judgment action and seek a ruling from the court that it has no duty to defend you, Joleen Soler, Gray's Automotive and Towing, LLC, Grays Automotive, LLC or any other defendant because it has already paid its Policy limits in relation to this "occurrence."

Due to the nature of the claims at issue and the fact that USLI has already exhausted its $1,000,000 occurrence limit, USLI advises you that the Giles Lawsuit likely seeks damages in excess of your limits of insurance. USLI further wishes to inform you that you have the right to retain your own counsel, at your own expense, to advise you regarding the allegations made in the Giles Lawsuit and USLI's limits of insurance.

**D.**   **The Policy's Classification Limitation May Bar Coverage**

Additionally, USLI advises that even if it is determined that the Giles Lawsuit concerns a second occurrence under the Policy, coverage may not be available to you for the Giles Lawsuit because it appears that you were operating outside the scope of the classification for which the Policy was issued. The Classification Limitation Endorsement states as follows:

Case 1:23-mi-99999-UNA   Document 1706-8   Filed 05/26/23   Page 8 of 9

WOOD SMITH
HENNING & BERMAN LLP

Tredrick Gray
October 17, 2022
Page 7

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.
>
> All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

L-232s (9/05). As provided above, the Policy was initially issued and a premium was paid for the hazard classification "building or premises – bank or office – mercantile or manufacturing (lessor's risk only) – other than not-for-profit." CL150 (10/03). However, this classification was amended after the Policy was initially issued to "vacant building – not factories – other than not-for-profit" and "contractors – subcontracted work – in connection with renovating vacant buildings." Endorsement #1. The amended of the hazard classification was backdated to the September 25, 2020 inception of the Policy and resulted in a refund of a portion of the initially paid premium. *Id.*

In the Giles Lawsuit, the Estate alleges that the defendants, which includes you, were the owners and/or occupiers of The Voo 2 nightclub located at 2997 Cambellton (sic) Road, Atlanta, Georgia 30311. The Lawsuit further alleges that the defendants were responsible for the day-to-day operation, management and security of The Voo 2 nightclub. As stated above, the Policy was not issued and a premium was not paid for a Policy providing commercial general liability coverage to a nightclub. Rather, the premium was paid for a Policy that provided commercial general liability coverage for a vacant property that was being renovated. Because the allegations in the Giles Lawsuit allege that the injuries arose out of the operation of a nightclub, which is outside the scope of the hazard classification for which the Policy was issued, the Policy's Classification Limitation Endorsement may limit or bar coverage for the Giles Lawsuit. USLI reserves its rights under this endorsement.

**IV.    COMPLETE RESERVATION OF RIGHTS**

USLI is continuing its investigation of the Claims and Giles Lawsuit, as well as its analysis of the coverage issues under the Policy. Based on the Policy's provisions, including but not limited to those discussed above, USLI reserves its rights available to it under the Policy and applicable law, including but not limited to the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any non-covered attorneys' fees and costs. In addition, USLI reserves the right to supplement or amend this reservation of rights letter upon the discovery of additional facts, subject to the Policy's terms, conditions, exclusions, and endorsements, including those not discussed in this letter.

This letter is based on the facts and information supplied to USLI to date, along with the Policy and applicable law. Nothing in this letter, or USLI's continuing investigation, or actual or possible payment(s) of any portion of the loss or expenses, shall constitute a waiver or estoppel of USLI's rights to rely upon any of the terms,

WOOD SMITH
HENNING & BERMAN LLP

Tredrick Gray
October 17, 2022
Page 8

conditions, exclusions, and endorsements of the Policy.

Should you believe there is additional information Atain should consider in connection with coverage under the Policy, please provide that information at your earliest convenience. Further, it is imperative that you forward us copies of any future demands or suit papers, so that USLI may evaluate its obligations under the Policy. Should you have any questions about the issues raised in this letter, please do not hesitate to contact us.

Sincerely yours,

WOOD, SMITH, HENNING & BERMAN, LLP

Richard E. Zelonka, Jr.

REZ/MLM