IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODRIGUEZ ROBINSON,

            Plaintiffs,

      v.

STONEWOOD INSURANCE
COMPANY, MAURICE LAMAR
MCDONALD D/B/A MAURICE
MCDONALD TRUCKINGS, and
MAURICE MCDONALD

          Defendants.

Civil Action No. _____

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Stonewood

Insurance Company, Maurice Lamar McDonald d/b/a Maurice McDonald

Truckings, and Maurice McDonald (hereinafter also referred to as "Defendants"),

appearing specially without waving the defenses of insufficiency of process and

insufficiency of service of process, by and through their undersigned counsel,

hereby remove this action from the State Court of Gwinnett County, Georgia, to

the United States District Court for the Northern District of Georgia, Atlanta

Division.

Removal is based on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. In support of their Notice of Removal ("Notice"), Defendants states as follows:

## I.  Background

1.      This personal injury action was commenced on April 26, 2023 by the filing of the original Summons and Complaint in the State Court of Gwinnett County, Georgia styled, Rodriguez Robinson v. Stonewood Insurance Company, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings, and Maurice McDonald. Attached hereto as Exhibit "A" are copies of all pleadings served upon Defendant Stonewood Insurance Company in such action to date.  A copy of the Notice of Filing Notice Of Removal, filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "B."

## II.  This Notice of Removal is Timely Filed

1.       This lawsuit is a case within the meaning of the Acts of Congress relating to removal of civil actions.

2.      Defendant Stonewood's registered agent received a copy of Plaintiff's Complaint by process server on April 28, 2023.  (Affidavit of Service of Process, attached hereto as Exhibit "C").

3.     Defendant Maurice McDonald and Defendant Maurice Lamar McDonald have not been properly served yet and therefore are making a special appearance and not submitting themselves to the jurisdiction of this Court.

4.     This Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of copies of Plaintiff's pleadings setting forth his claim of relief.  (Exhibit "C").

5.     The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after April 28, 2023 which is the date Defendant Stonewood first received the Summons and Complaint in this action.

6.     The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.     This Court Has Diversity Jurisdiction

7.     In his Complaint, Plaintiff admits that he is a citizen of the State of Georgia.  (Complaint, ¶1).  This Court has personal jurisdiction over Plaintiffs

3

8.     Defendant Maurice McDonald is a North Carolina citizen.

(Complaint, ¶3).

9.     Defendant Maurice Lamar McDonald d/b/a Maurice McDonald

Truckings is a natural person who is a North Carolina citizen. See, (Complaint, ¶3).

Alternatively, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings is a

foreign corporation existing under the laws of North Carolina with its principal

place of business in North Carolina. (Complaint, ¶5).

10.    Defendant Stonewood Insurance Company is a foreign corporation

existing under the laws of North Carolina with its principal place of business in

North Carolina. (Complaint, ¶6).

11.    Plaintiffs alleges that on July 6, 2022, Plaintiff was traveling

westbound on Piedmont Avenue in Atlanta, GA in the right lane. (Plaintiffs'

Complaint, ¶¶ 8-9).   Defendant McDonald was operating his vehicle traveling in

the same direction in the left-hand right-turn lane. (Plaintiffs' Complaint, ¶10).

Plaintiff claims that Defendant McDonald struck her vehicle. (Plaintiffs'

Complaint, ¶11).  Plaintiffs' Complaint alleges causes of action based on

negligence and negligence per se (Plaintiffs' Complaint, ¶¶ 14-24).   Plaintiffs did

not plead a specific amount of damages in the Complaint.  Where "the plaintiff has

not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).   "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1062.  Here, experience and common sense dictates that the amount in controversy of the instant claim exceeds $75,000, exclusive of interest and costs;  it is also "facially apparent" from the complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

12.    Fuirther, Plaintiff sent a demand for $1,000,000 on April 30, 2023, which indicates Plaintiff's own value of the case exceeds $75,000. (Exhibit "D," Plaintiff's Demand dated May 1, 2023). There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. This Court thus has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

### IV.   Notice of Notice of Removal to the State Court of Gwinett County

13.    Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the State Court of Gwinnett County, Georgia. A copy of the Notice of Notice of Removal to Federal Court is attached hereto as Exhibit C. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving him with this Notice.

14.    If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

This the 26th day of May, 2023.

MCANGUS GOUDELOCK & COURIE, LLC


*/s/ Camille D. Dizon*
W. JASON PETTUS (GA Bar No. 140852)
jason.pettus@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorneys for Defendants

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 26th day of May, 2023.

MCANGUS   GOUDELOCK   &   COURIE, LLC

_____
CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Notice of Removal*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

William Collins, Esq.
MORGAN & MORGAN, P.A.
11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
*BCollins@forthepeople.com*

This the 26th day of May, 2023.

> MCANGUS GOUDELOCK & COURIE, LLC
>
>
> */s/ Camille D. Dizon*
> W. JASON PETTUS (GA Bar No. 140852)
> jason.pettus@mgclaw.com
> CAMILLE D. DIZON (GA Bar No. 953073)
> camille.dizon@mgclaw.com
> Post Office Box 57365
> 270 Peachtree Street, NW, Suite 1800 (30303)
> Atlanta, Georgia 30343
> (678) 510-1687
> Attorneys for Defendants



**EXHIBIT**

**A**



null / ALL
**Transmittal Number: 26838317**
**Date Processed: 05/01/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Benson Jeffress |
| | Benson Jeffress |
| | 6131 Falls of Neuse Rd |
| | Ste 306 |
| | Raleigh, NC 27609-3518 |

| | |
|---|---|
| **Electronic copy provided to:** | Christine Miller (Falls Lakes) |

| | |
|---|---|
| **Entity:** | Stonewood Insurance Company |
| | Entity ID Number  4148181 |
| **Entity Served:** | Stonewood Insurance Company |
| **Title of Action:** | Rodriguez Robinson vs. Stonewood Insurance Company |
| **Matter Name/ID:** | Rodriguez Robinson vs. Stonewood Insurance Company (13999331) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 23-C-02798-S |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 04/28/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan, PLLC |
| | 404-965-1973 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-02798-S**
4/26/2023 11:03 AI
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

## Rodriguez Robinson

CIVIL ACTION
NUMBER:_____

PLAINTIFF                                      23-C-02798-S3

VS.

**Stonewood Insurance Company,**

**Maurice Lamar McDonald d/b/a Maurice**

**McDonald Truckings, and Maurice McDonald**

DEFENDANTS

## SUMMONS

**Stonewood Insurance Company**
**TO THE ABOVE NAMED DEFENDANT:** **c/o Corporation Service Company**
**2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

William J. Collins
Morgan & Morgan, PLLC
11605 Haynes Bridge Rd., Suite 490
Alpharetta, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __26th__ day of __April__ _____, 20__23__ .

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-02798-S**
4/26/2023 11:03 A
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

RODRIGUEZ ROBINSON,                    )
                                       )
    Plaintiff,                         )
                                       )          CIVIL CASE NO.:
v.                                     )
                                       )              23-C-02798-S3
STONEWOOD INSURANCE COMPANY, )
MAURICE LAMAR MCDONALD d/b/a    )
MAURICE MCDONALD TRUCKINGS,      )
and MAURICE MCDONALD,              )
                                       )
    Defendants.                        )

## **COMPLAINT FOR DAMAGES**

COMES NOW Rodriguez Robinson, Plaintiff in the above-styled action, and states his complaint for damages against Stonewood Insurance Company, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings, and Maurice McDonald (Defendants), as follows:

## **INTRODUCTION**

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

### 1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiffs' Request for Admission to Defendants.

## **PARTIES, JURISDICTION AND VENUE**

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

### 2.

The Plaintiff Rodriguez Robinson is a resident of the State of Georgia.

3.

Defendant Maurice McDonald is a nonresident motorist, whose last known residence is 657 Davis Bridge Road, Parkton, North Carolina 28371. Defendant is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Fulton County, State of Georgia. Defendant may also be served via the Georgia Secretary of State pursuant to the Georgia non-resident motorist statute.

4.

Defendant McDonald is subject to the jurisdiction of this court.

5.

Defendant Maurice Lamar McDonald d/b/a/ Maurice McDonald Truckings ("McDonald Truckings") is a foreign corporation existing under the laws of North Carolina with its principal place of business in North Carolina, and may be served at 657 Davis Bridge Road, Parkton, North Carolina 28371.

6.

Stonewood Insurance Company (Stonewood) is a foreign corporation existing under the laws of North Carolina with its principal place of business in North Carolina, and may be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Pursuant to O.C.G.A. § 9-10-91, jurisdiction and venue are proper in this Court.

<u>FACTS APPLICABLE TO ALL CLAIMS</u>

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

8.

On or about July 6, 2022, the date of his injuries, Plaintiff was operating his vehicle while traveling westbound on Piedmont Avenue approaching 14th Street NE, in an area located within the city of Atlanta, Georgia.

9.

Plaintiff was traveling in the right-hand lane.

10.

At approximately the same time, Defendant McDonald was operating his vehicle, while traveling westbound in the left-hand lane on Piedmont Avenue approaching 14th Street NE, in an area located within the city of Atlanta, Georgia.

11.

As Plaintiff was traveling, suddenly and without warning, Defendant McDonald attempted to make an improper right-hand turn from the left-hand lane and struck the Plaintiff's vehicle.

12.

The impact described in Paragraph 11 caused Plaintiff to sustain multiple injuries to his body, requiring extensive and subsequent medical treatment.

13.

At the time of the collision described in Paragraph 11, Defendant McDonald was working as an employee or agent of Defendant McDonald Truckings.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

14.

The collision, described in Paragraphs 1-13, above constitutes the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of Defendant McDonald in one or more of the following respects in failing to avoid the aforementioned automobile collision.

15.

Defendant McDonald owed Plaintiff a duty to obey the traffic laws of Georgia and to operate his vehicle with reasonable care.

16.

McDonald breached the duty owed to Plaintiff by making an improper turn and by failing to avoid the collision described in Paragraphs 1-13.

17.

As a direct and proximate result of the McDonald' negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

18.

Plaintiff is entitled to recover of McDonald such reasonable sums as compensatory, general, and special damages as may be shown by the evidence.

19.

Plaintiff was without fault in causing the aforementioned incident.

## COUNT II– NEGLIGENCE PER SE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

20.

McDonald willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

21.

McDonald violated O.C.G.A. §40-6-123 when he made an improper turn in front of the Plaintiff's lane of travel.

22.

McDonald violated laws meant to protect innocent victims such as Plaintiff to protect unnecessary accidents and auto collisions such as the one in this action.

23.

As a direct result of McDonald' failure to abide by the traffic laws of Georgia, Plaintiff suffered serious physical, emotional, and financial damages.

24.

As a direct and proximate result of McDonald' negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused by the negligence of Defendant McDonald.

## COUNT III– RESPONDEAT SUPERIOR

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

25.

On the date of the collision, McDonald Truckings employed or otherwise had an agency relationship with McDonald.

26.

The negligent acts of McDonald took place during the course and scope of his employment and/or agency relationship with McDonald Truckings.

27.

Pursuant to O.C.G.A. § 51-2-2 and/or the doctrine of respondeat superior, McDonald Truckings is legally and vicariously liable for any negligent acts committed by McDonald, acting within the scope of employment or agency with McDonald, which proximately caused or contributed to the injuries suffered by the Plaintiff.

## COUNT IV– DIRECT ACTION

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

28.

Stonewood Insurance Company of America is subject to a direct action as the insurer for McDonald Truckings pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

29.

Stonewood was the insurer of McDonald Truckings at the time of the subject collision and isused a liability policy to comply with the filing requirements under Georgia and Federal law.

30.

Stonewood and McDonald Truckings are subject to the aforementioned filing requirements.

31.

Stonewood is responsible for any judgment rendered against McDonald and McDonald Truckings up to its policy limits coverage.

**WHEREFORE**, the Plaintiff prays:

1. That Defendants are served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 26th day of April, 2023.

**Morgan & Morgan, P.A.**

*/s/ William J. Collins*
William Collins, Esq.
Georgia Bar No.: 161672
Attorney for Plaintiff

MORGAN & MORGAN, P. A.,
11605 Haynes Bridge Road, Suite 490,
Alpharetta, GA 30009
Email: bcollins@forthepeople.com
Phone: (404) 965-1973
Facsimile: (404) 965-8812

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-02798-S**
4/26/2023 11:03 AI
TIANA P. GARNER, CLER

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** GWINNETT _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** 04-26-2023 | **Case Number** 23-C-02798-S3 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
ROBINSON, RODRIGUEZ

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
STONEWOOD INSURANCE COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| MAURICE LAMAR MCDONALD d/b/a MAURICE MCDONALD TRUCKINGS | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| MCDONALD, MAURICE | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** William J. Collins          **Bar Number** 161672          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**          _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

Stephens Engineering
Consultants



Derek Thomas
210 Diann Court
Atlanta, GA   30349

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-02798-S**
**4/26/2023 11:03 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

RODRIGUEZ ROBINSON,                )
                                   )
    Plaintiff,                    )
                                   )
    v.                             )      CIVIL CASE NO.:
                                   )          23-C-02798-S3
STONEWOOD INSURANCE COMPANY, )
MAURICE LAMAR MCDONALD d/b/a    )
MAURICE MCDONALD TRUCKINGS,      )
and MAURICE MCDONALD,            )
                                   )
    Defendants.                   )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

    Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. *Plaintiffs' First Continuing Interrogatories, Request for Production of Documents, And Request for Admissions To Defendant Maurice Lamar McDonald d/b/a Maurice McDonald Truckings,* and

2. *Plaintiff's First Continuing Interrogatories, Requests for Production, And Requests for Admissions to Defendant Maurice McDonald.*

    This 26th day of April, 2023.

                                 **Morgan & Morgan, PLLC**

                                 */s/ William J. Collins*
                                 William Collins, Esq.
                                 Georgia Bar No.: 161672
                                 Attorney for Plaintiff

MORGAN & MORGAN, PLLC
11605 Haynes Bridge Road, Suite 490,
Alpharetta, GA 30009
Email: bcollins@forthepeople.com
Phone: (404) 965-1973
Facsimile: (404) 965-8812

1

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02798-S3**

**5/26/2023 1:46 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA



RODRIGUEZ ROBINSON,

        Plaintiff,

    v.

STONEWOOD INSURANCE
COMPANY, MAURICE LAMAR
MCDONALD *d/b/a* MAURICE
MCDONALD TRUCKINGS, and
MAURICE MCDONALD,

        Defendants.

Civil Action File No.: 23-C-02798-S3

## NOTICE OF NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that on May 25, 2023, Defendants filed a ***Notice of Removal*** of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, in the United States District Court for the Northern District of Georgia, Atlanta Division. Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded." A copy of the ***Notice of Removal***, without exhibits, is attached hereto as **Exhibit A**

This the 26th day of May, 2023.

        MCANGUS GOUDELOCK & COURIE, LLC

        */s/ W. Jason Pettus*
        W. JASON PETTUS (GA Bar No. 140852)
        jason.pettus@mgclaw.com
        CAMILLE D. DIZON (GA Bar No. 953073)
        Camille.dizon@mgclaw.com
        Post Office Box 57365
        270 Peachtree Street, NW, Suite 1800 (30303)
        Atlanta, Georgia 30343
        (678) 510-1687
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Notice of Removal to Federal Court* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

William Collins, Esq.
MORGAN & MORGAN, P.A.
11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
*BCollins@forthepeople.com*

This the 26th day of May, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ W. Jason Pettus*
W. JASON PETTUS (GA Bar No. 140852)
jason.pettus@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
Camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODRIGUEZ ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>STONEWOOD INSURANCE COMPANY, MAURICE LAMAR MCDONALD D/B/A MAURICE MCDONALD TRUCKINGS, and MAURICE MCDONALD<br><br>Defendants. | Civil Action No. _____ |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Stonewood Insurance Company, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings, and Maurice McDonald (hereinafter also referred to as "Defendants"), appearing specially without waving the defenses of insufficiency of process and insufficiency of service of process, by and through their undersigned counsel, hereby remove this action from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

EXHIBIT

A

Removal is based on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. In support of their Notice of Removal ("Notice"), Defendants states as follows:

## I.  Background

1.     This personal injury action was commenced on April 26, 2023 by the filing of the original Summons and Complaint in the State Court of Gwinnett County, Georgia styled, Rodriguez Robinson v. Stonewood Insurance Company, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings, and Maurice McDonald. Attached hereto as Exhibit "A" are copies of all pleadings served upon Defendant Stonewood Insurance Company in such action to date.  A copy of the Notice of Filing Notice Of Removal, filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "B."

## II.  This Notice of Removal is Timely Filed

1.      This lawsuit is a case within the meaning of the Acts of Congress relating to removal of civil actions.

2.     Defendant Stonewood's registered agent received a copy of Plaintiff's Complaint by process server on April 28, 2023.  (Affidavit of Service of Process, attached hereto as Exhibit "C").

3.      Defendant Maurice McDonald and Defendant Maurice Lamar McDonald have not been properly served yet and therefore are making a special appearance and not submitting themselves to the jurisdiction of this Court.

4.      This Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of copies of Plaintiff's pleadings setting forth his claim of relief.  (Exhibit "C").

5.      The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after April 28, 2023 which is the date Defendant Stonewood first received the Summons and Complaint in this action.

6.      The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.      This Court Has Diversity Jurisdiction

7.      In his Complaint, Plaintiff admits that he is a citizen of the State of Georgia.   (Complaint, ¶1).   This Court has personal jurisdiction over Plaintiffs

3

8.    Defendant Maurice McDonald is a North Carolina citizen. (Complaint, ¶3).

9.    Defendant Maurice Lamar McDonald d/b/a Maurice McDonald Truckings is a natural person who is a North Carolina citizen. See, (Complaint, ¶3). Alternatively, Maurice Lamar McDonald d/b/a Maurice McDonald Truckings is a foreign corporation existing under the laws of North Carolina with its principal place of business in North Carolina. (Complaint, ¶5).

10.   Defendant Stonewood Insurance Company is a foreign corporation existing under the laws of North Carolina with its principal place of business in North Carolina. (Complaint, ¶6).

11.   Plaintiffs alleges that on July 6, 2022, Plaintiff was traveling westbound on Piedmont Avenue in Atlanta, GA in the right lane. (Plaintiffs' Complaint, ¶¶ 8-9).   Defendant McDonald was operating his vehicle traveling in the same direction in the left-hand right-turn lane. (Plaintiffs' Complaint, ¶10). Plaintiff claims that Defendant McDonald struck her vehicle. (Plaintiffs' Complaint, ¶11).  Plaintiffs' Complaint alleges causes of action based on negligence and negligence per se (Plaintiffs' Complaint, ¶¶ 14-24).   Plaintiffs did not plead a specific amount of damages in the Complaint.  Where "the plaintiff has

4

not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).   "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1062.  Here, experience and common sense dictates that the amount in controversy of the instant claim exceeds $75,000, exclusive of interest and costs;  it is also "facially apparent" from the complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

12.     Fuirther, Plaintiff sent a demand for $1,000,000 on April 30, 2023, which indicates Plaintiff's own value of the case exceeds $75,000. (Exhibit "D," Plaintiff's Demand dated May 1, 2023). There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. This Court thus has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

## IV.   <u>Notice of Notice of Removal to the State Court of Gwinett County</u>

13.     Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the State Court of Gwinnett County, Georgia. A copy of the Notice of Notice of Removal to Federal Court is attached hereto as <u>Exhibit C</u>. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving him with this Notice.

14.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. <u>See Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

This the 25th day of May, 2023.

MCANGUS GOUDELOCK & COURIE, LLC


*/s/ Camille D. Dizon*
W. JASON PETTUS (GA Bar No. 140852)
jason.pettus@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorneys for Defendants

7

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 26th day of May, 2023.

MCANGUS   GOUDELOCK   &   COURIE, LLC

_____
CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Notice of Removal*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

William Collins, Esq.
MORGAN & MORGAN, P.A.
11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
*BCollins@forthepeople.com*

This the 25th day of May, 2023.

> MCANGUS GOUDELOCK & COURIE, LLC
>
>
> */s/ Camille D. Dizon*
> W. JASON PETTUS (GA Bar No. 140852)
> jason.pettus@mgclaw.com
> CAMILLE D. DIZON (GA Bar No. 953073)
> camille.dizon@mgclaw.com
> Post Office Box 57365
> 270 Peachtree Street, NW, Suite 1800 (30303)
> Atlanta, Georgia 30343
> (678) 510-1687
> Attorneys for Defendants





EXHIBIT

C

null / ALL
**Transmittal Number: 26838317**
**Date Processed: 05/01/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Benson Jeffress<br>Benson Jeffress<br>6131 Falls of Neuse Rd<br>Ste 306<br>Raleigh, NC 27609-3518 |
| **Electronic copy provided to:** | Christine Miller (Falls Lakes) |

| | |
|---|---|
| **Entity:** | Stonewood Insurance Company<br>Entity ID Number  4148181 |
| **Entity Served:** | Stonewood Insurance Company |
| **Title of Action:** | Rodriguez Robinson vs. Stonewood Insurance Company |
| **Matter Name/ID:** | Rodriguez Robinson vs. Stonewood Insurance Company (13999331) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 23-C-02798-S |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 04/28/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan, PLLC<br>404-965-1973 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Claim # P100006108



**MORGAN & MORGAN**

May 1, 2023

VIA CERTIFIED MAIL RETURN RECEIPT
AND EMAIL
tamikia.edwards@fallslakeins.com

*13874258*

Ms. Tamikia Edwards
Stonewood Insurance Company
P.O. Box 97308
Raleigh, NC 27624-7488

Re:  *Rodriguez Robinson v. Maurice McDonald, Maurice McDonald Truckings*
     Gwinnett County State Court; Civil Action No: 23-C-02798-S3

### 30-Day Policy Limit Demand

Dear Ms. Edwards:

I write to convey to you, Maurice McDonald, Maurice McDonald Truckings, and their insurer, Stonewood Insurance Company, an offer to settle the claims my client has asserted in the above-referenced case. This notice and offer of compromise is directed to you as the representative of Stonewood Insurance Company as the liability insurance carrier pursuant to O.C.G.A. § 9-11-67.1, O.C.G.A. § 13-6-11, and General Ins. Co., v. Holt, 262 Ga. 267 (1992). This communication is only intended for the use of compromise and is not permitted to be submitted as evidence in Georgia or Federal courts pursuant to O.C.G.A. § 24-4-408. We are also attaching a copy of our client's complaint for damages, photographs of the vehicles and scene, as well as the medical records and bills in our possession at this time for the injuries our client sustained in the subject collision.

Provided all terms of the offer contained in this letter are met, my client will accept payment of One Million Dollars ($1,000,000.00) from Stonewood Insurance Company in exchange for which my client will execute a limited liability release. If the available insurance coverage is any amount other than ($1,000,000.00), or if there are additional policies of insurance available, then this offer of compromise is hereby automatically adjusted to the full and combined amount of all insurance policy limits available that cover the claim identified in this offer to compromise. In exchange for the agreed upon payment, my client will compromise any valid and legally enforceable hospital and governmental liens arising from the subject collision upon the settlement from the proceeds of the settlement.

---

Robinson, R. - P's 05/2023 Demand 000002

Ms. Robinson has incurred significant medical expenses with future medicals forthcoming. Your client will be held liable and apportioned fault for their failure to keep a proper and safe lookout while driving, failure to operate the vehicle at a reasonable and prudent speed, failure to timely apply brakes, failure to take necessary precautions to avoid any collision, and reckless driving.

This offer to settle is time-limited and will remain open until 5:00 p.m. on May 30, 2023, after which it will be automatically withdrawn.  A material term of this offer of settlement is delivery of payment by 5:00 p.m. on June 9, 2023.  Additionally, a material term of this offer of settlement is execution of the attached Affidavit of No Additional Insurance.  If this offer is not accepted and an excess verdict is obtained, then we will pursue all your insured's wages and assets until the judgment is paid in full.

**ECONOMIC DAMAGES:**

| Provider | Amount |
| --- | --- |
| Piedmont Atlanta Hospital | $3,376.00 |
| Piedmont ED Professional, LLC | TBD |
| Radiology Associates of Atlanta | TBD |
| Roswell Pain Specialists | TBD |
| Advanced Imaging Centers | $4,800.00 |
| Future Medicals | TBD |

**Total: $ 8,176.00 to date**

Sincerely,

William J. Collins, Esq.
*Attorney for Plaintiff*

Verdict Magazine Link:

https://static.forthepeople.com/verdict-magazine/MM_2023_Verdict_Magazine.pdf

Enclosure