**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SONAL PATEL, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | _____ |
| | ) | |
| v. | ) | Removed from State Court of |
| | ) | Gwinnett County, Civil Action |
| THE KROGER COMPANY, and | ) | File No. 23-C-02448-S4 |
| COCA-COLA BOTTLING | ) | |
| COMPANY UNITED – EAST, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **THE KROGER CO.**, named and served as "The Kroger Company," Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint for Damages ("Plaintiff's Complaint"), showing the Court as follows:

## FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant Kroger admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant Kroger admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant Kroger admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Kroger admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Kroger admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Kroger admits that as of the last suit, Plaintiff was a resident of the State Georgia. However, is without knowledge or information sufficient to know whether such status has changed since the suit was re-filed.

7.

Defendant Kroger admits that it is a foreign for-profit corporation with a principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202, authorized to do business in the State of Georgia.  Defendant Kroger denies that it is correctly named as "The Kroger Company."

9. (sic)

Defendant Kroger admits that it is subject to the jurisdiction of this Court, but denies that venue is proper in Gwinnett County.

10.

Defendant Kroger admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, which therefore stand denied.

12.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, which therefore stand denied.

13.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, which therefore stand denied.

## **FACTS OF THE CASE**

14.

Defendant Kroger admits that on May 13, 2019 it managed and operated the grocery store located at the Premises.  All allegations not expressly admitted or denied herein are hereby denied.

15.

Defendant Kroger admits that Plaintiff has previously testified she as present at the store in question for the purpose of shopping for groceries.

16.

Defendant Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, which therefore stand denied.

18.

Defendant Kroger admits that Plaintiff has testified she slipped on liquid causing her to fall.

19.

Defendant Kroger denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Kroger admits that Plaintiff has testified she was injured due to her fall.

21.

Defendant Kroger admits that Plaintiff sought medical treating close in time to the fall.

## COUNT I – NEGLIGENCE OF DEFENDANTS

22.

Defendant Kroger incorporates and restates its previously made responses to the assertions and allegations contained in Paragraphs 1 through 21 of Plaintiff's Complaint, as if fully set forth herein.

23.

Defendant Kroger admits it owes certain statutory duties under the law.

24.

Defendant Kroger denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Kroger denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT II – RESPONDEAT SUPERIOR OF DEFENDANTS

26.

Defendant Kroger incorporates and restates its previously made responses to the assertions and allegations contained in Paragraphs 1 through 25 of Plaintiff's Complaint, as if fully set forth herein.

27.

Defendant Kroger admits that it had employees working at the subject store at the time of the incident.

28.

Defendant Kroger denied as written the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant Kroger denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint, which therefore stand denied.

31.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, which therefore stand denied.

32.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, which therefore stand denied.

**<u>COUNT III – PREMISES LIABILITY DEFENDANT KROGER</u>**

33.

Defendant Kroger incorporates and restates its previously made responses to the assertions and allegations contained in Paragraphs 1 through 32 of Plaintiff's Complaint, as if fully set forth herein.

34.

Defendant Kroger admits that Plaintiff has previously testified she as present at the store in question for the purpose of shopping for groceries.

35.

Defendant Kroger admits it owes certain statutory duties under the law.

36.

Defendant Kroger denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant Kroger denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant Kroger denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant Kroger denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

**COUNT IV – DAMAGES**

40.

Defendant Kroger incorporates and restates its previously made responses to the assertions and allegations contained in Paragraphs 1 through 39 of Plaintiff's Complaint, as if fully set forth herein.

41.

Defendant Kroger denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant Kroger denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant Kroger denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant Kroger denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

Defendant Kroger denies that Plaintiff is entitled any of the relief requested in the unnumbered "Wherefore" Paragraph of Plaintiff's Complaint.

## **SECOND DEFENSE**

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

## **THIRD DEFENSE**

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence.  Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively.  In the exercise of ordinary care, Plaintiff could have avoided the subject incident.

## FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages.  Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## TENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a)     That judgment is rendered in favor of Kroger and against Plaintiff;

(b)     That Kroger be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this 26th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | ***/s/ Sarah Raquel L. Lisle*** |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Sarah Raquel L. Lisle |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 412593 |
| Telephone:  (404) 870-7386 | Jeremy A. Freiman |
| Facsimile:   (404) 870-1033 | Georgia State Bar No.: 786086 |
| | *Attorneys for The Kroger Co.* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants.  Counsel of record is as follows:

<table>
<tr>
<td>
Michael M. Calabro, Esq.<br>
<strong>LOWE LAW FIRM, P.C.</strong><br>
3644 Chamblee Tucker Road, Suite F<br>
Atlanta, Georgia 30341<br>
calabro@lowelawatl.com<br>
<em>Attorneys for Plaintiff</em>
</td>
<td>
Nicole Wolfe Stout, Esq.<br>
<strong>STRAWINSKI &amp; STOUT, P.C.</strong><br>
3340 Peachtree Road, N.E.<br>
Suite 1445<br>
Atlanta, Georgia 30326<br>
nws@strawlaw.com<br>
<em>Attorneys for Defendant Coca-Cola Bottling Company United–East, LLC</em>
</td>
</tr>
</table>

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

[SIGNATURE ON FOLLOWING PAGE.]

Respectfully submitted, this 26th day of May, 2023.

**GRAY, RUST, ST. AMAND,**          ***/s/ Sarah Raquel L. Lisle***
**MOFFETT & BRIESKE, L.L.P.**        Matthew G. Moffett
950 East Paces Ferry Road, N.E.          Georgia State Bar No.: 515323
Suite 1700 – Salesforce Tower Atlanta    Sarah Raquel L. Lisle
Atlanta, Georgia 30326                   Georgia State Bar No.: 412593
Telephone:   (404) 870-7386              Jeremy A. Freiman
Facsimile:   (404) 870-1033              Georgia State Bar No.: 786086
                                         *Attorneys for The Kroger Co.*