**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALLIED PROPERTY AND | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, and AMCO INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| ALEXANDER PROPERTY GROUP, | ) | |
| INC.; CC CLARKSTON, LLC; | ) | |
| SHAKERA REESE, INDIVIDUALLY | ) | |
| AND AS THE MOTHER AND | ) | |
| NATURAL PARENT OF BOTH | ) | |
| SAMIYA REESE, A MINOR AND | ) | |
| SARIYAH REESE, A MINOR | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY (collectively, "Plaintiffs"), Plaintiffs in the above-styled action, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq*., hereby file this Complaint for Declaratory Judgment, showing this Court as follows:

## NATURE OF THE ACTION

### 1.

This action brought by Plaintiffs for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*., wherein Plaintiffs are seeking a declaration that they owe Defendant Alexander Property Group, Inc. ("Alexander") no obligation under commercial general liability policy with policy number ACP GLPO 3019398646 issued by Allied Property and Casualty Insurance Company (the "Allied Policy") and commercial umbrella liability policy of insurance number ACP CAA 3019398646 issued by AMCO Insurance Company (the "AMCO Policy") to Defendant Alexander (collectively, the "Policies"). True and correct copies of the Allied and AMCO Policies are attached hereto as Exhibits A and B, respectively.

## PARTIES, JURISDICTION, & VENUE

### 2.

Allied Property and Casualty Insurance Company ("Allied") is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa. Allied is authorized to conduct business in the State of Georgia, and has a registered agent in Gwinnett County, Georgia.  Allied is not a citizen of Georgia for diversity purposes.

3.

AMCO Insurance Company ("AMCO") is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa. AMCO is authorized to conduct business in the State of Georgia, and has a registered agent in Gwinnett County, Georgia. AMCO is not a citizen of Georgia for diversity purposes.

4.

Defendant Alexander Property Group, Inc. ("Alexander") is a domestic for-profit corporation formed under the laws of the State of Georgia.  Alexander maintains a principal office located at 3190 Northeast Expressway N.E. Suite 400, Atlanta, GA 30341-5323.

5.

Defendant CC Clarkston, LLC, ("Clarkston") is a limited liability company whose members are citizens of Utah and Connecticut, upon information and belief. For purposes of federal court jurisdiction, Clarkston is a citizen of both Utah and Connecticut. Clarkston may be served through its registered agent Eric L. Weiss at 260 Peachtree Road, Suite 2700, Atlanta, Georgia 30303.

6.

Defendant Shakera Reese ("Reese"), and her minor children are citizens of Georgia. For purposes of federal court jurisdiction, Reese is a citizen of Georgia in both her individual and representative capacities. 28 U.S.C. § 1332(C)(2).

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the value of the matter in controversy, exclusive of interests and costs, exceeds the $75,000.00 jurisdictional amount.

8.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and Northern District of Georgia Local Rule 3.1(B)(1) because the insured Defendant Alexander is a resident of Georgia and resides in the Atlanta Division of this District.

## BACKGROUND

9.

Plaintiff Allied issued the Allied Policy to Alexander, which provides commercial general liability insurance coverage pursuant to its terms and conditions. Plaintiff AMCO issued the AMCO Policy to Alexander which includes the Allied

Policy on the Schedule of Underlying Insurance and generally follows form to provide umbrella liability insurance coverage.

10.

Defendant Alexander seeks insurance coverage under the Allied and AMCO Policies in connection with liability claims asserted by Defendant Reese on behalf of herself and her minor children in a lawsuit styled, *Shakera Reese et. al. v. CC Clarkston, LLC, et. al,* Civil Action Number 21-A-03064 pending in the State Court of DeKalb County ("Underlying Lawsuit"). A true copy of the Underlying Lawsuit Complaint is attached hereto as "Exhibit C."

11.

According to the Underlying Lawsuit, Defendant Reese and her minor children were residents of the Clarkston Station Apartments located at 3629 Montreal Creek Circle, Clarkston, GA 30021 (the "Property") on December 27, 2020. *See* Exhibit C, ¶ 8.

12.

On December 27, 2020, gunfire broke out in the parking lot of the Clarkston Station Apartments. *Id.* at ¶¶ 9, 10, 16. Multiple bullets from the shooting entered Defendant Reese's home through the windows and sliding door and struck two of Defendant Reese's minor daughters (the "Incident"). *Id.* at ¶ 10.   The minor

daughters received emergency care and fortunately survived, but their injuries were alleged to be significant. *Id.* at 13.

13.

On or about June 25, 2021, Defendant Reese brought suit on behalf of herself and her minor children against Clarkston, Alexander, and John Doe Security Company XYZ. *See generally,* Exhibit C.  According to the Underlying Lawsuit, Clarkston is the owner and manager of the Clarkston Station Apartments. *Id.* at ¶ 2. Alexander is also alleged to have been the "owner and manager" though Alexander was the property management company at the time of the Incident. *Id.* at ¶ 3.

14.

The complaint in the Underlying Litigation includes the following causes of action:  Negligence, Premises Liability, Breach of Contract, Negligent Undertaking, Nuisance, Vicarious Liability, and Joint Venture.  The Complaint further includes demands for special damages, compensatory damages, consequential damages, bad faith damages, punitive damages, and attorney's fees. *See generally,* Exhibit C. Alexander and Clarkston were allegedly negligent in their management and allowed criminal activity in the common areas of the Property. *See generally, Id.*

15.

In the Underlying Lawsuit, Defendant Reese alleges Defendants Alexander and Clarkston failed to exercise ordinary care to keep its premises safe; exercise ordinary care in the security, maintenance, patrolling, consulting, and managing services they rendered. *See generally*, Exhibit C.

16.

Defendant Reese further alleges that Clarkston Station Apartments was negligently maintained, inspected, secured, patrolled, and managed, and that the defendants in the Underlying Lawsuit had actual and constructive knowledge of the crime problem. *Id.* at ¶¶ 24-26.

17.

Defendant Reese further alleges the defendants failed to warn of the dangerous condition, failed to patrol and monitor, and failed to maintain adequate security. *Id.* at ¶¶ 24-26.

18.

Defendant Reese alleges that defendants are further liable for the negligent supervision, hiring, and retention of its employees and negligent entrustment of the property to its agents and employees. *Id.* at ¶¶ 39.

19.

Defendant Reese further alleges that defendants negligently represented to residents that the apartments were properly maintained and secured. *Id.* at ¶ 40.

20.

Defendant Reese did not attach a contract as an exhibit to her complaint in the Underlying Action to support her claim for breach of contract. *See Id.* at ¶¶ 49-53. It is unclear which defendant(s) in the Underlying Litigation allegedly have the contractual obligation(s) to Defendant Reese.

21.

Defendant Reese further alleges that defendants created, undertook, and assumed a duty to keep Clarkston Station Apartments safe for invitees. *Id.* at ¶¶ 55-58.

22.

Defendant Reese alleges that the violent and criminal activity on the premises created a nuisance under O.C.G.A. § 16-15-7. *Id.* at ¶¶ 60-64.

23.

Defendant Reese alleges that defendants are vicariously liable for the actions of their employees, and they are or were engaged in a joint venture such that any

negligent or wrongful acts or omissions by one defendant is imputable to all other defendants. *Id.* at ¶¶ 68-71.

24.

Upon information and belief, insurance carriers for Clarkston have provided a defense to Alexander to date.

25.

Defendant Alexander failed to report the incident to Plaintiff until March 21, 2023, approximately twenty-seven (27) months after the shooting event and approximately twenty-one (21) months after the complaint in the Underlying Litigation was filed.

26.

Plaintiff properly reserved its right under the Policy.  A true and complete copy of Plaintiff's reservation of rights letter is attached as Exhibit D.

## **RELEVANT POLICY PROVISIONS**

27.

The Allied Policy's policy period is from August 1, 2020, to August 1, 2021. *See* Exhibit A, Commercial General Liability Declarations.

28.

The Allied Policy and Declarations of the Allied Policy provide commercial general liability insurance coverage, subject to the Policy's terms and conditions, for certain business operations at the Property. *See generally*, Exhibit A.

29.

Defendant Alexander is a named insured under the Allied Policy. *See* Exhibit A, Commercial General Liability Declarations.

30.

The Allied Policy has a liability limit of $1,000,000.00 per occurrence, and a general aggregate limit of $2,000,000.00. *See* Exhibit A, Commercial General Liability Declarations.

31.

**Section I – Coverages** of the Allied Policy contains the following:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . We

may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Exhibit A, CG 00 01 04 13, p. 1 of 16.

32.

**Section II – Who Is An Insured** of the Policy contains the following:

11

1.  **If you are designated in the Declarations as:**
   a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
   b.  A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
   c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
   d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Exhibit A, CG 00 01 04 13, p. 9 of 16.

33.

**Section IV – Commercial General Liability Conditions** of the Policy

contains the following:

2.  **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
   a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
   b.  If a claim is made or "suit" is brought against any insured, you must:
      (1) Immediately record the specifics of the claim or "suit" and the date received; and

> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c.  You and any other involved insured must:
>   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>   (2) Authorize us to obtain records and other information;
>   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
>   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit A, CG 00 01 04 13, p. 11 of 16.

34.

**Section V – Definitions** of the Policy contains the following:

> 3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Exhibit A, CG 00 01 04 13, p. 13, 15 of 16.

35.

**The Insuring Agreements** of the AMCO Policy contains the following:

13

## A. Coverage A - Excess Follow Form Liability Insurance

1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:
   a. any contrary provision contained in this policy; or
   b. any provision in this policy for which a similar provision is not contained in "underlying insurance".
2. With respect to the exceptions stated above, the provisions of this policy will apply.
3. The amount we will pay for damages is limited as described in Limits of Insurance.
4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".
5. We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

## B. Coverage B - Umbrella Liability Insurance

1. Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". We will pay such damages in excess of the Retained Limit Aggregate specified in the Declarations or the amount payable by "other insurance", whichever is greater.
2. Damages because of "bodily injury" include damages claimed by any person or organization for care or loss of services resulting at any time from "bodily injury".
3. This coverage applies anywhere.
4. The amount we will pay is limited as described in Limits of Insurance.

5. Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

6. We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

7. If we are prevented by law from paying on behalf of the "insured" for coverage provided under this insurance, then we will indemnify the" insured".

8. This insurance applies to "bodily injury" and "property damage" only if:

    a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    b. The "bodily injury" or "property damage"

    c. occurs during the "policy period"; and

    d. Prior to the "policy period", no "insured" and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the "policy period" will be deemed to have been known prior to the "policy period".

36.

**The Exclusions Section** of the AMCO Policy contains the following:

A.    **Applicable to Coverage A and Coverage B**

Under Coverage A and Coverage B, this insurance does not apply to:

10. Punitive Damages
        Any punitive or exemplary damages, fines or penalties.

Exhibit B, UMB 00 02 04 13, p. 6 of 20.

C.    **Applicable to Coverage B Only**

Under Coverage B, this insurance does not apply to:

2. Contractual Liability

"Bodily injury", "property damage" or "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a
contract or agreement.

This exclusion does not apply to liability for damages that the "insured" would have in the absence of the contract or agreement.

Exhibit B, UMB 00 02 04 13, p. 9 of 20.

37.

**The Definitions Section** of the AMCO Policy contains the following:

6. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

12. "Suit" means a civil proceeding in which injuries or damages to which this insurance applies are alleged. "Suit" includes:

a. an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or
b. any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

13. "Underlying insurance" means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy, including any type of self insurance or alternative method by which the "insured" arranges for funding of legal liabilities that affords coverage that this policy covers.

"Underlying insurance" does not include any Extended Reporting Periods on the policies shown in the Declarations. Reporting Periods must be endorsed onto this policy by us.

16

14. "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of Underlying Insurance.

Exhibit B, UMB 00 02 04 13, p. 13, 14 of 20.

38.

**The Conditions Section** of the AMCO Policy contains the following:

**Applicable to Coverage A and Coverage B**

The following Conditions are applicable to both Coverage A and Coverage B.

6. Duties in the Event of "Occurrence", Claim or "Suit"

    a.  You must see to it that we and your "underlying insurers":
        1)  are notified as soon as possible of any "occurrence" which may result in a claim if the claim may involve this policy or any "underlying insurance";
        2)  receive notice of the claim or "suit" as soon as possible;
        3)  are helped, at our request, to enforce any right against any person or organization which may be liable to the "insured" because of injury or damage to which this insurance applies; and
        4)  receive the "insured's" full cooperation as stated in this policy or in any "underlying insurance".

    b.  Additionally, it is a requirement of this policy that:

        1) the "insured" not make any admission of liability; and
        2) the "insured" not, unless we agree, incur any expense or make any payment other than for first aid. Any such unauthorized expenses will be the "insured's" own cost.

Exhibit B, UMB 00 02 04 13, p. 13, 14 of 20.

39.

The Allied Policy is listed in the Schedule of Underlying Insurance. Exhibit B, UMB 00 01 03 09.

## CLAIM FOR RELIEF

40.

Plaintiffs reiterates Paragraphs 1 through 39 of this Complaint for Declaratory Judgment as if fully set forth herein.

41.

In light of the facts and circumstances surrounding the Policies, the incident described in the Underlying Lawsuit, and the Underlying Lawsuit, Plaintiffs are in a position of uncertainty as to its legal rights and obligations under the Policies.

42.

Under the language of the Policy as set forth above, no coverage is owed by Plaintiffs for any liability resulting from any claim or action alleged in the Underlying Lawsuit because Defendant Alexander failed to comply with the notice requirements set forth in the Policies.

43.

Specifically, Defendant Alexander knew about the existence of the claim *at the latest* on or about June of 2021, but failed to notify Plaintiffs of the claim until approximately twenty-one (21) months later on March 21, 2023.

44.

When a question arises as to insurance coverage, the Georgia Court of Appeals set forth the following procedure that an insurance company must take:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer must thereupon, (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

*Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (1976) (emphasis added). As such, an actual controversy of justiciable nature presently exists between the Plaintiffs and Defendants which demands a declaration by this Court in order for Plaintiffs to have their rights and duties under the Policies determined.

Accordingly, Plaintiffs seek a declaration from this Court that no duty to defend or indemnify is owed to Defendant Alexander under the Allied or AMCO Policies for the Underlying Lawsuit, as outlined herein.

**WHEREFORE**, Plaintiffs pray this Court enter a judgment declaring:

a) That process and summons be issued to Defendants and that service of Defendants be had as required by law;

b) For a declaratory judgment of the rights and obligations of the parties to the Policies;

c) For a declaration that there is no coverage provided under the Policies for the claims in the Underlying Lawsuit and that Plaintiffs have no duty to defend any claims or actions, or pay any judgment, in the Underlying Lawsuit or arising out of the incident involving Defendants;

d) That Plaintiffs be awarded their costs in this action; and,

e) That Plaintiffs be awarded any other further relief that this Court deems just and proper.

This 26th day of May, 2023.

Respectfully submitted,

**Swift, Currie, McGhee & Hiers, LLP**

By:   /s/ Lee Clayton
        Lee Clayton, Esq.
        Georgia State Bar No. 601004
        *Attorneys for Plaintiff*

1420 Peachtree Street, NE, Ste. 800
Atlanta, GA  30309
Telephone 404-874-8800
Fax 404-888-6199
lee.clayton@swiftcurrie.com

4886-2119-7926, v. 1