# EXHIBIT D



May 25, 2023


Ms. Mary Beth Nicholas
Alexander Properties Group, Inc.
3190 NE Expressway, Ste 400
Atlanta, GA  30341


| | |
|---|---|
| Insured: | Alexander Properties Group, Inc. |
| Policy: | ACP GLPO 3019398646  (General Liability) |
| | ACP CAA 3019398646  (Umbrella) |
| Underwriting Companies: | Allied Property and Casualty Insurance Company (General Liability) |
| | AMCO Insurance Company (Commercial Umbrella) |
| RE: | Shakera Reese, Individually and as the Mother and Natural Parent of both Samiya Reese, a Minor and Sariyah Reese, a Minor v. CC Clarkston, LLC, Alexander Property Group, Inc., and John Doe Security Company XYZ, filed in the State Court of Dekalb County, GA under Civil Action No. 21A03064 |
| Our File: | 394149-GO |

Dear Ms. Nicholas:

Allied Property and Casualty Insurance Company (hereinafter, "Allied", "we", "us", and "our") acknowledges receipt of the above complaint on March 21, 2023.  This is a lawsuit that arises from a shooting on December 27, 2020, in the parking lot of the Clarkston Station Apartments, which resulted in severe injuries to four-year-old Sariyah Reese and her seven-year-old sister, Samiya Reese.  The children were inside their apartment at the Clarkston Station Apartments when gun shots were fired nearby and entered the apartment, striking the girls and resulting in serious injuries.  A complaint was filed on June 25, 2021, on behalf of Shakera Reese, individually, and as the Mother and Natural Parent of the children against CC Clarkston, LLC, Alexander Property Group, Inc., and John Doe Security Company XYZ.

The complaint presents claims against Alexander Property Group, Inc (hereinafter, "Alexander") for negligence, premises liability, breach of contract, negligent undertaking, nuisance, vicarious liability, joint venture and, in addition to special damages, compensatory damages and consequential damages, seeks to recover attorney's fees, expenses of litigation and punitive damages.  The complaint alleges willful misconduct, malice and fraud against the defendants.

Allied has also recently received a time-limited demand of $4,000,000 for each Samiya Reese and Sariya Reese from counsel for Reese, through your attorney Chris Perniciaro.  The demands were made May 1, 2023, and will expire on June 1, 2023.

We understand your company is being defended by Chris Perniciaro with the law firm, Gray, Rust, St. Amand, Moffett & Brieske, LLP, and that this law firm was retained by Nautilus Insurance Company, the insurer for CC Clarkston, LLC.

Allied must advise you of a number of coverage issues as we undertake the investigation of this claim, and I am addressing those issues below.

**The Policies:**

Allied Property and Casualty Insurance Company insures Alexander Properties Group, Inc. under policy ACP GLPO 3019398646, effective August 1, 2020, to August 1, 2021.  This is a Commercial General Liability policy with a $1,000,000 Occurrence limit and a $2,000,000 General Aggregate limit. The policy has a $1000 liability deductible per occurrence for bodily injury and property damage.  AMCO Insurance issued policy ACP CAA 3019398646 to Alexander Properties Group, Inc. with the same effective dates.  This Commercial Umbrella policy has a $5,000,000 per occurrence limit with a $5,000,000 general aggregate limit.

Your Commercial General Liability policy includes coverage form CG0001 0413, the "Commercial General Liability Coverage Form" which reads in pertinent part:

*SECTION I -  COVERAGES*

*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
   *1. INSURING AGREEMENT*

   *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies…*

   *b. This insurance applies to "bodily injury" and "property damage" only if:
      1) The "bodily injury" or "property damage" is caused by an "occurrence"…*

The term "*occurrence*" is defined in the Definitions Section of the General Liability policy as, "*an accident, including continuous or repeated exposure to substantially the same general harmful conditions*."

The claims for breach of contract, willful misconduct, malice and fraud against the defendants would not meet the definition of "occurrence" as they are intentional acts.  Therefore, those claims would not be covered under the General Liability policy.

Your General Liability policy also includes the following relevant language:


*SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*
*…*
*2. Duties In The Event Of Occurrence, Offense, Claim Or Suit*
   *a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
      (1)  How, when and where the "occurrence" or offense took place;
      (2)  The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.*
   *b. If a claim is made or "suit" is brought against any insured, you must:*

> (1) *Immediately record the specifics of the claim or "suit" and the date received; and*
> (2) *Notify us as soon as practicable.*
> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
> **c.** *You and any other involved insured must:*
> > (1) *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
> > (2) *Authorize us to obtain records and other information;*
> > (3) *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
> > (4) *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply…*

Allied was first notified of the occurrence and the complaint on March 21, 2023.  The "*Duties In The Event Of Occurrence, Offense, Claim Or Suit*" require your company to notify Allied as soon as practicable of an occurrence that may result in a claim.  It is also your duty to notify Allied immediately of any suit brought against you.   Allied received notice of the occurrence almost two and a half years after the occurrence, and almost two years after the complaint was filed.

Please note that the following endorsement is part of your Commercial General Liability Policy:

**REAL ESTATE PROPERTY MANAGED**

*This endorsement modifies insurance provided under the following:*

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

*…*
> *B. The following is added to Paragraph **4.b.(1)** of **Other Insurance** of **Section IV – Commercial General Liability Conditions:***
> *4. Other Insurance*
> > *b. Excess Insurance*
> > > *With respect to your liability arising out of your management of property for which you are acting as real estate manager, this insurance is excess over any other valid and collectible insurance available to you, whether such insurance is primary or excess.*

Based upon the above "Real Estate Property Managed" endorsement, Allied's policy will apply as excess to any coverage available to Alexander in this matter.  The Nautilus policy will provide primary coverage to Alexander with the Allied policies applying in excess since the premises where the shooting occurred was property managed by Alexander.

Your Commercial Umbrella Policy includes coverage form UMB0002 0413 and contains the following relevant exclusion:

_____

**EXCLUSIONS**
_____

**A. Applicable to Coverage A and Coverage B**

Under Coverage A and Coverage B, this insurance does not apply to:

…

**10.** Punitive Damages

Any punitive or exemplary damages, fines or penalties.

As noted above, any award for punitive damages in this matter would not be covered under your Commercial Umbrella policy.

Also, please note the following pertinent language in the Conditions Section of the Commercial Umbrella:

***CONDITIONS***
***_____***
***_____***
***Applicable to Coverage A and Coverage B***

*The following Conditions are applicable to both Coverage A and Coverage B.*
*…*
**6.** Duties in the Event of "Occurrence", Claim or "Suit"
   **a.** "You must see to it that we and your "underlying insurers":
   1) are notified as soon as possible of any "occurrence" which may result in a claim if the claim may involve this policy or any "underlying insurance";
   2) receive notice of the claim or "suit" as soon as possible;
   3) are helped, at our request, to enforce any right against any person or organization which may be liable to the "insured" because of injury or damage to which this insurance applies; and
   4) receive the "insured's" full cooperation as stated in this policy or in any "underlying insurance".

The Commercial Umbrella policy has similar language with respect to your duties as in the underlying General Liability policy. You must notify us as soon as possible of an occurrence that may result in a claim, and you must provide notice of the receipt of a suit as soon as possible.

Allied will investigate and handle this claim under a reservation of rights and reserves the right to:

-Deny the claim and/or disclaim coverage
-Bring a declaratory relief action or any other appropriate procedure to determine the rights and obligation of the parties under the policy
-Decline to indemnify you, either by contribution to settlement or payment in satisfaction of a judgment, for any claims of damage not covered by the policy
-Decline to defend you if a defense is no longer provided by Nautilus

Allied is not waiving any rights it may have under the policy. All rights whether specifically stated here or not and whether known or unknown, are hereby explicitly reserved. In investigating this claim, defending, or attempting any compromised settlement, Allied is not waiving any rights nor admitting any obligations under the policy. Additionally, Allied reserves its right to supplement, amend, or alter its position based on any additional information received or if an amended suit is subsequently filed.
If we become aware of other provisions applicable to this claim during our investigation, we reserve the right to assert these provisions at a later date.

For the reasons stated above, you may have an uninsured interest in this claim.  Under these circumstances you may choose to obtain an attorney, at your own expense, to represent your uninsured interest.  This decision is completely up to you.  If you decide to obtain an attorney, we'll be happy to work with whomever you chose.

If you have any additional information related to this claim, or have any questions about this letter, please feel free to contact me.


Sincerely,




Cc:   Baldwin, Krystyn, Sherman Partners
      5871 Glenridge Dr. NE, Ste 400
      Atlanta, GA  30328-5380

---

Virginia Fisher | Complex Loss Consultant | Commercial Casualty Claims | Nationwide Claims
P.O. Box 182068, Columbus, OH  43218-2068 | W (614) 677.4124 | fishev1@nationwide.com