# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SOULFUL NUTRITION INC., d/b/a REMEDY ORGANICS,<br><br>Plaintiff,<br><br>v.<br><br>REMEDY DRINKS PTY., LTD., and REMEDY DRINKS USA, LLC<br><br>Defendants. | Misc. Action No.:<br>Underlying Case No.: 2-21-cv-17455 (D.N.J.)<br><br>**MOTION TO ENFORCE SUBPOENA** |

### SOULFUL NUTRITION INC. D/B/A REMEDY ORGANICS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE FOREIGN SUBPOENA AND TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY

1. Pursuant to Fed. R. Civ. P. 37(a) and 45, Soulful Nutrition d/b/a Remedy Organics ("Remedy Organics") submits the instant motion to compel Delta Airlines, Inc. ("Delta") compliance with a subpoena issued in the matter *Soulful Nutrition d/b/a Remedy Organics v. Remedy Drinks Pty., Ltd., et al.*, No. 2:21-cv-17455 (ES)(LDW) (D.N.J.) ("Soulful Action") pending in the United States District Court for the District of New Jersey.

2. Remedy Organics' motion is made on the grounds that Delta failed to adequately respond to the Subpoena and has failed to comply with its discovery obligations under the Federal Rules of Civil Procedure, namely it refused to sit for a

remote deposition and provide various documents between Delta to Defendants.

3. This motion is made following multiple attempts by Remedy Organics' counsel to resolve this matter with Delta's counsel. Soulful's counsel's attempts to meet and confer with counsel for Delta have also been unsuccessful and are at an impasse.

4. The Soulful Action concerns Remedy Organics' allegations and claims that Remedy Drinks Pty., Ltd., Remedy Drinks USA, LLC, and Remedy Drinks USA, LLC (collectively, "Remedy Drinks"), defendants in the Soulful Action, have infringed Plaintiff's trademark rights in the mark REMEDY ORGANICS in connection with beverages.

5. Remedy Organics' complaint in the Soulful action alleges that defendants, Remedy Drinks Pty. Ltd. and Remedy Drinks USA LLC (collectively "Remedy Drinks") infringes Remedy Organics' registered trademark REMEDY ORGANICS, Reg. No. 6,316,000. Remedy Organics is a healthy beverage company and its products, including plant-based wellness shakes and immunity beverages, are sold throughout the United States. Remedy Drinks also sells beverages, including kombucha, throughout the United States. *See e.g.,* Decl., Exhibit 3 (Complaint).

6. A subpoena to Delta was duly issued by counsel for Remedy Organics ("Delta Subpoena"). *See e.g.*, Decl., Exhibit 1 (Subpoena). The Delta Subpoena was

served on Delta via its registered agent for service of process, the Corporation Service Company, on May 8, 2023 at 12:04 PM. *See* Decl., Exhibit 2 (Proof of Service). As set forth in the Proof of Service, the Subpoena was served on Jane Doe, "Refused Name," who represented herself to be the Litigation Management Representative. *Id.*

7. Delta Airlines has not challenged the validity of the Subpoena or effectiveness of service. Nor has Delta Airlines moved to quash the Subpoena by way of a motion to quash or a protective order.

8. The standard for liability for a claim of trademark infringement is "likelihood of confusion." *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462 (3d Cir. 1983). Evidence of actual confusion is one of ten factors, known in the Third Circuit as the Lapp factors, considered by a Court in determining likelihood of confusion. Id. at 463. Evidence of actual confusion, while often rare, is "highly probative of a likelihood of confusion." *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 187 (3d Cir. 2010).

9. Delta is a non-party in the Soulful Action. Nevertheless, Delta has relevant information that directly intertwines with and lies at the heart of the allegations in the complaint, namely an instance of confusion between Remedy Organics' products and Remedy Drinks' products. *Interpace Corp. v. Lapp, Inc.*,

721 F.2d 460, 463 (3d Cir. 1983) (reciting "evidence of actual confusion" as a relevant factor in determining likelihood of confusion of purchasers as between two products).

10.     More specifically, discovery in the Soulful Action revealed an instance of actual confusion involving Delta Airlines employees, Suzanne Ferguson and Ryan Hennen, involving Remedy Organics and Remedy Drinks.  Delta Airlines has first-hand knowledge of at least this known instance of confusion.  Plaintiff is entitled to investigate instances of confusion involving Delta by way of pertinent documents in the possession of Delta Airlines and remote deposition testimony regarding the same. Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff served the Subpoena for a remote deposition and documents relating to the aforementioned trade show, the Natural Products Expo East.  *See* Decl. Exhibit 1, at Sched. A-B.

11.     The Delta Subpoena called for Delta to appear at a remote deposition on May 25, 2023 pursuant to Fed. R. Civ. P. 30(b)(6) and the production of documents.  *See* Decl., Exhibit 1.  The topics to be discussed at the remote deposition are included in Schedule A to the Delta Subpoena in accordance with Fed. R. Civ. P. 30(b)(6).  *Id.*, at Sched. A.  The requests for production were included in Schedule B to the Delta Subpoena.  *Id.*, at Sched. B.  So as to avoid any unnecessary burden on Delta, the topics for discussion and requests for production are narrowly tailored

to the instance of confusion involving Delta. *Id.*, at Sched. A.-B.

12. Soon after service of the Subpoena, defendant Remedy Drinks' counsel ("Defense counsel") undertook the representation of Delta and refused to make a witness from Delta available for the remote deposition. Instead, on May 18, 2023, Defense counsel produced a declaration from Delta employee Suzanne Ferguson and three of her emails with Remedy Organics, along with counsel's perfunctory claims that further discovery burden on Delta was unreasonable based on Delta's nonparty status and its belief that the information it possessed lacked relevance to the dispute. *See* Decl., Exhibits 3, 4.

13. A deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c). However, no such motions were filed by Defense counsel, and Defense counsel's generic objections for relevance do not excuse non-compliance with a duly served deposition Subpoena. Nor do Defense counsel's general objections constitute a proper objection to the documents. *See* Fed. R. Civ. P. 45(d)(2)(B) (objections must be made within 14 days of service); *see also Sanger v. Ahn*, Civ. No. 119-mi-00105 (MLB)(LTW), 2019 WL 12291245, at *3-*4 (N.D. Ga. Dec. 12, 2019) (granting motion to enforce where plaintiff presented evidence of properly served subpoena,

acceptance of subpoena, command from plaintiff to appear, and subsequent failure to appear for deposition and to produce documents); *see also Staff4Jobs, LLC v. List Logistics, LLC*, Civ. No. 181-3399 (BRM)(LHG), 2020 WL 13580942, *3 (D.N.J. Oct. 19, 2020) (objections must be stated with specificity).

14. While Delta partially complied with the document requests set forth in the Delta Subpoena, the document production is non-responsive. Notwithstanding the fact that multiple different Delta employees interacted with Remedy Organics or Remedy Drinks, Ms. Ferguson's declaration and the three emails produced therewith confirm that the search for documents in Delta's possession was improperly narrowed to the records of only Ms. Ferguson. Among other things, conspicuously absent from Delta's response to the Subpoena is any correspondence with Remedy Drinks, despite such information being called for in the Delta Subpoena.

15. Ms. Ferguson's declaration also volunteered opinions about Remedy Drinks and Remedy Organics products. The opinions, and various omissions from the declaration and Delta's production, further warrant Remedy Organics being able to question Delta about them and obtain discovery under the subpoena.

16. On May 22, 2023 Counsel for Remedy Organics notified Defense counsel on that the declaration and documents from Delta did not constitute good faith compliance with the Subpoena, that the refusal to produce a witness to sit for a

deposition was unreasonable, and requested a meet and confer on the issue should Defense counsel disagree.  *See*, Decl., Exhibit 5.  Defense counsel declined to confer and refused further discovery pursuant to the Subpoena maintaining that anything above and beyond what Delta had provided would be burdensome.  *See*, Decl. Exhibit 6.

17. In view of the foregoing, Remedy Organics respectfully requests that the Court grant its motion to compel Delta's compliance with the Delta Subpoena, including, to appear at a remote deposition and produce records responsive to the Plaintiff's documents requests set forth in Schedule B to the Delta Subpoena.

18. Discovery in the Soulful Action closes on May 26, 2023, and as such, Plaintiff respectfully requests expedited review of this Motion.

Dated: May 26, 2023				Respectfully submitted,

*/s/ Nicholas B. Corser, Esq.*
Nicholas B. Corser
Georgia Bar No. 290744
FOX ROTHSCHILD, LLP
999 Peachtree Street NE, Ste. 1500
Atlanta, Georgia 30317
(404) 870-3765
ncorser@foxrothschild.com

*Application for Pro Hac Vice Admission To Be Filed:*
*/s/ Henry A. Gabathuler, Esq.*
Henry A. Gabathuler
New Jersey Bar No. 037802007
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 288-0022
Gabathuler@leasonellis.com

*Attorneys for Soulful Nutrition, Inc.*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on May 22, 2023 I invited counsel for Delta Airlines, Inc. to meet and confer to resolve this dispute. In response counsel for Delta Airlines, Inc. responded with a letter failing to address Plaintiff's request to meet and confer. Given the close of discovery on May 26, 2023, Plaintiff's file the instant Motion.

_____
Henry A. Gabathuler

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document has been prepared in a Times New Roman, 14-point font and otherwise complies with Local Rule 5.1(C), NDGa.

This 26th day of May, 2023.

*/s/ Nicholas B. Corser, Esq.*
Nicholas B. Corser
Georgia Bar No. 290744
FOX ROTHSCHILD, LLP

*Attorney for Soulful Nutrition, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document will be served on Respondent in a manner prescribed by Fed. R. Civ. P. 5, and a further proof of service will be filed with the Court when service is effectuated.

*/s/ Nicholas B. Corser, Esq.*
Nicholas B. Corser
Georgia Bar No. 290744
FOX ROTHSCHILD, LLP