**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Juan Francisco Villa Alonso and Ana Mercedes Damour,<br><br>         Plaintiffs,<br><br>v.<br><br>UR M. JADDOU, *Director of U.S. Citizenship and Immigration Services*,<br><br>         Defendant. | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-601A APPLICATION FOR PROVISIONAL WAIVER<br><br>I-601A Receipt No.:<br>LIN2090315221<br>A219 509 212 |

**COMPLAINT FOR WRIT OF MANDAMUS**

**To the Honorable Judges of Said Court:**

Plaintiffs, Mr. Juan Francisco Villa Alonso and his wife, Mrs. Ana Mercedes

Damour, through undersigned counsel, allege as follows:

**I.     INTRODUCTION**

1.     This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329,

and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

1

immunities secured to Plaintiffs to compel Defendant to perform a duty

Defendant owed to Plaintiffs.

2.      This action is brought to compel Defendant and those acting under her

direction to take action on an I-601A, Application for Provisional Unlawful

Presence Waiver (hereinafter referred to as "I-601A Application") that was

submitted by the Plaintiffs in order to receive a waiver so that Plaintiff Juan

can leave the United States without waiting for ten years to reenter.

3.      Plaintiffs request that this Court issue injunctive relief and a writ in the

nature of mandamus compelling Defendant to adjudicate the I-601A

Application under 8 U.S.C. § 1182(a)(9)(B)(v).

## II.      JURISDICTION

4.      This Court has general federal question jurisdiction over this action under

5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a).

Jurisdiction is also conferred by 5 U.S.C. § 704.

5.      This Court also has jurisdiction to grant declaratory relief pursuant to 28

U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

### III.   VENUE

6.    Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C.

§1391(e). Defendant is an Officer of the United States acting in her official

capacity, and the U.S. Attorney General's Office, the Department of

Homeland Security ("DHS"), and U.S. Citizenship and Immigration

Services ("USCIS") are agencies of the United States. Additionally,

Plaintiffs reside in this judicial district.

### IV.   EXHAUSTION

7.    There are no administrative remedies available for Plaintiffs to exhaust.

### V.    PARTIES

8.    Beneficiary Plaintiff, JUAN FRANCISCO VILLA ALONSON (Alien

Registration Number A219 509 212) and his United States citizen wife ANA

MERCEDES DAMOUR, are residents of Clayton County, Georgia. Plaintiff

Juan submitted form I-601A Application to seek a provisional unlawful

presence  waiver.  This application was submitted on April 24, 2020 with the

USCIS Nebraska Service Center and assigned the case number

LIN2090315221.

3

9.    Defendant UR M. JADDOU is the Director of USCIS, a fee-for-service

      agency which is responsible for the administration and enforcement of the

      immigration laws of the United States, including the adjudication of Form

      I-601A.

## VI.    FACTUAL ALLEGATIONS

10.   Plaintiff Ana Mercedes Damour submitted a visa petition on behalf of her

      husband Plaintiff Juan Francisco Villa Alonso on February 4, 2019.  This

      petition was approved by USCIS on June 25, 2019. *See* Exhibit A.

11.   As a result of the approved visa petition, Plaintiff Juan submitted form

      I-601A Application seeking an advanced ruling of the waiver of the ten year

      bar on April 24, 2020. *See* Exhibit B.

12.   The current processing time for the I-601A is 38 months. Exhibit C. That is

      more than three months *longer* than the processing times announced the

      previous month. In 2022, the processing time was 31.7 months and in the

      previous year, it was 17.1 months. In 2020 and 2019 respectively, the

      processing times were 11.2 months and 8.7 months.  Exhibit D.  The

      Plaintiffs have been damaged and harmed by the delay in the processing of

their visa petition and with the ever growing backlogs in the I-601A

processing.

13.     Although the Plaintiffs' application is technically still within the agency's

stated normal processing times, the APA requires USCIS to make decisions

on pending applications within a *reasonable* amount of time. *See, e.g.,*

*Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020). Plaintiffs' Form

I-601A has been pending for over three years. A delay this long is entirely

unreasonable, as are the unexplained increases in processing times. Plaintiffs

should not be required to wait further when the announced unreasonable

processing times will simply grow longer and longer.

14.     To determine whether a delay is reasonable, courts often consider the factors

laid out in *Telecommunications Research & Action Ctr. v. FCC* ("TRAC"),

750 F.2d 70 (D.C. Cir. 1984). Those factors are stated as follows:

> (1) "the time an agency takes to make a decision should be
> governed by a 'rule of reason' "; (2) "[t]he content of a rule of
> reason can sometimes be supplied by a congressional indication
> of the speed at which the agency should act"; (3) "the
> reasonableness of a delay will differ based on the nature of the
> regulation; that is, an unreasonable delay on a matter affecting
> human health and welfare might be reasonable in the sphere of
> economic regulation"; (4) "the effect of expediting delayed
> actions on agency activity of a higher or competing priority . . .
> [and] the extent of the interests prejudiced by the delay"; and

(5) "a finding of unreasonableness does not require a finding of impropriety by the agency."

*Id.* at 80.

15.     First, Defendant does not have a rule of reason for adjudicating Form

I-601As. To the extent it does, it has not applied such a rule in this case.

16.     Second, Congress has provided content to any "rule of reason" by declaring

all immigrant benefits requests should be decided within 180 days. 8 U.S.C.

§ 1571(b).

17.     Third, this delay impacts human health and welfare, not merely economic

interests.  Plaintiff Juan's future is left in limbo, leaving him unable to plan

for his future life in this country with his U.S. citizen wife.  He is unable to

renew his driver's license or show proof of his status to enable him to work.

18.     Fourth, compelling agency action here would have no effect on an activity of

a higher or competing priority. USCIS did not release details of its

adjudication of I-601As in its 2021 statistical report.[1] According to a recent

report, USCIS expects to receipt over 39,000 I-601As in 2002 and 2023

---

[1] Annual Statistical Report FY 2021, USCIS (available at https://www.uscis.gov/sites/default/files/document/reports/2021%20USCIS%20Statistical%20Annual%20Report.pdf).

(combined).[2] That same report indicates that USCIS can adjudicate a Form

I-601A in just 2.76 hours.[3] Accordingly, Defendant must have decided

thousands of Form I-601As since 2020. Although it is true that the agency

temporarily closed its field offices in March 2020 for a few months due to

the Covid-19 pandemic, they have been reopened for over a year now. The

delay is not due to a lack of agency resources. Rather, the delay may be due

to internal priorities, such as emphasizing employment-based categories. For

example, one USCIS official admitted "when USCIS focuses on priority

areas, there are trade-offs being made. Processing times for some categories

increase[], for example". Exhibit E. That appears to have happened during

the pandemic when USCIS successfully issued "all the available

employment-based green card visas in fiscal 2022." *Id.*

19.    Finally, this Court need not find impropriety to find this delay unreasonable.

Nevertheless, there exists significant evidence in the public record

supporting impropriety. For example, in March of 2021 Department of

---

[2] U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements, 88 Fed. Reg. 402, 435 (January 4, 2023) (available at https://www.federalregister.gov/d/2022-27066/page-435).
[3] *Id.* at 449 (available at https://www.federalregister.gov/d/2022-27066/page-449).

Homeland Security Secretary Alejandro Mayorkas  publicly stated that

USCIS was still working to recover from being "gutted" by the previous

administration, which of course has resulted in harm to Plaintiffs and many

others like them. *See* Owen, Quinn "DHS chief defends Biden admin on

immigration, says Trump 'gutted' system", ABC News, Mar. 1, 2021,

available at https://abcnews.go.com/Politics/dhs-chief-defends-biden-

adminimmigration-trump-gutted/story?id=76189428 (last accessed May 22,

2023).

20.    Despite Plaintiffs' diligent efforts, including filing a complete application

and paying filing fees, it does not appear that Defendant is moving forward

on adjudicating Plaintiffs' Application.

## COUNT 1

21.    Plaintiffs re-allege all of the allegations contained herein.

22.    Plaintiffs are eligible for immediate approval of the Application.

23.    Plaintiffs have suffered and will continue to suffer significant and irreparable

harm because of the Defendant's policies, procedures, acts and failures to act

as described herein.

24.    Defendant violated Plaintiffs' statutory rights to apply for benefits which

Congress has provided under the INA, depriving Plaintiffs of the

adjudication of the I-601A Application under 8 USC § 1182(a)(9)(B)(v),

thereby hindering beneficiary Plaintiff's ability to pursue his immigrant visa

processing.

## COUNT 2

25.    Plaintiffs re-allege all of the allegations contained herein.

26.    Plaintiffs have suffered a legal wrong or have been "adversely affected or

aggrieved" by agency action. 5 U.S.C. § 702.  Plaintiff is a person aggrieved

by agency action, for which there is no other adequate remedy in a court.

5 U.S.C. § 704.

## COUNT 3

27.    Plaintiffs re-allege all of the allegations contained herein.

28.    Defendant owes Plaintiffs a clear and certain duty to adjudicate Plaintiffs'

Application.

29.    Plaintiffs have no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court:

1.      Assume Jurisdiction over this action;

2.      Issue a writ of mandamus compelling Defendant to immediately adjudicate

         the pending Application;

3.      Award Plaintiffs reasonable costs and attorney's fees under the Equal Access

         to Justice Act; and

4.      Award such further relief as the Court deems just or appropriate.


RESPECTFULLY SUBMITTED this 27th of May, 2023.


_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com

## CERTIFICATE OF SERVICE

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

Ur M. Jaddou, Director
USCIS
c/o Office of the Chief Counsel
20 Massachusetts Avenue, NW
Room 4210
Washington, DC 20529

Ryan K. Buchanan, USA
Northern District of Georgia
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

Certified this May 27, 2023

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Juan Francisco Villa Alonso and Ana Mercedes Damour, <br><br> Plaintiffs, <br><br> v. <br><br> UR M. JADDOU, *Director of U.S. Citizenship and Immigration Services*, <br><br> Defendant. | Civil No: |

**LIST OF EXHIBITS**

Exhibit A     Approval Notice for Plaintiffs' Form I-130 approved on June 25, 2019;

Exhibit B     Receipt for Plaintiff Juan's Form I-601A petition filed on April 24, 2020;

Exhibit C     USCIS.gov Case Current Processing Times for Form I-601A;

Exhibit D     USCIS listing of historic average case processing times for all applications; and

Exhibit E     "USCIS Officials Say Agency Is Recovering from Pandemic Lows", *Society for Human Resource Management*, by Roy Maurer (February 27, 2023) (available at https://www.shrm.org/resourcesandtools/hr-topics/talent-acquisition/pages/uscis-officials-say-agency-recovering-from-pandemic-lows.aspx).

RESPECTFULLY SUBMITTED this 27th of May, 2023.

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com