# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FI.MO.TEC. S.P.A., and FIMO U.S.A, Inc.<br><br>Plaintiff,<br><br>v.<br><br>COMMSCOPE TECHNOLOGIES, LLC, COMMSCOPE INC., and COMMSCOPE HOLDING COMPANY, INC.<br><br>Defendant. | Civil Action No:<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Fi.Mo.Tec. S.p.A. and FIMO U.S.A., Inc. (collectively, "Plaintiffs" or "FIMO") file this Complaint for patent infringement against Defendants CommScope Technologies, LLC, CommScope Inc., and CommScope Holding Company, Inc. (collectively, "Defendants" or "CommScope"), and, in support thereof, allege as follows:

## THE PARTIES

1. Plaintiff Fi.Mo.Tec. S.p.A.. ("FIMO Europe") is a corporation organized under the laws of Italy, with its headquarters at Corso Italia 22, 20122 Milano MI, Italy.

2. Plaintiff FIMO U.S.A, Inc. ("FIMO USA") is a corporation organized

1

under the laws of Georgia, with its principal place of business at 100 Petty Road, Suite B, Lawrenceville, GA 30043. FIMO has a regular and established place of business within this District, including its headquarters.

3. Upon information and belief, Defendant CommScope Technologies LLC is a Delaware Limited Liability Company with its principal place of business at 4 Westbrook Corporate Center, Suite 400, Westchester, IL, 60154. Defendant CommScope Technologies LLC may be served with process via its registered agent, United Agent Group Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066, or as otherwise authorized under applicable law.

4. Upon information and belief, Defendant CommScope, Inc. is a Delaware corporation with its principal place of business at 1100 CommScope PL SE, Hickory, NC, 28603. Defendant CommScope Inc. may be served with process via its registered agent, United Agent Group Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066, or as otherwise authorized under applicable law.

5. Upon information and belief, Defendant CommScope Holding Company, Inc. is a Delaware corporation with its headquarters at 1100 CommScope PL SE, Hickory, NC 28603. Defendant CommScope Holding Company, Inc may be served with process via its registered agent, United Agent Group at 3411 Silverside Rd, #104, Wilmington, DE., 19810, or as otherwise authorized under applicable law. Upon information and belief, CommScope

Technologies LLC is a wholly owned subsidiary of CommScope Holding Company, Inc.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

8. This court has personal jurisdiction over Defendants, and venue is proper in this District, because Defendants have regular and established places of business located in the State of Georgia and within this District including at 3871 Lakefield Drive, Suwanee, Georgia 30024.

9. Further, upon information and belief, direct infringement is occurring within the State of Georgia and this District through Defendants' sale and distribution of the "SSH-1117" Adjustable Hanger ("Accused Product") at their Georgia location, and within the State of Georgia and this District through Defendants' sales of or offers to sell the Accused Product. Upon information and belief, Defendants identify two partners in the sale and distribution of the Accused Product within this District: (i) Titan Electric located at 3435 Breckinridge Blvd. Duluth, GA and (ii) IES Communications located at 6140-C Northbelt Parkway

NW, Norcross, GA.  *See* https://cpp.commscope.com/directory/search?q=Georgia (last accessed April 25, 2023).

10. Venue as to Defendants is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

11. FIMO is a leader in the field of telecom infrastructure and cable fixings. FIMO has an extensive history of creating innovative solutions, including wall plugs, cable clamps, concealing antennas, and accessories for rooftops.

12. The FIMO Solutions team is dedicated to, *inter alia*, finding ways to increase the speed and reduce the cost of installation of telecommunications technologies, including 5g network infrastructure. As a part of its research and development into innovative and ergonomic solutions to solve this problem, FIMO created a support collar for long articles, like cables and pipes, and other similar articles, suitable for use in the telecommunications and building sectors. Specifically, the support collar is intended to hold multiple cables and pipes by fixing them on corresponding support structures.

13. On May 14, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,439,316 (the "'316 Patent") to FIMO Europe for its new support collar.

14. The '316 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. A true and accurate copy of the '316 Patent is attached here as **"Exhibit A."**

15. FIMO makes, distributes, offers to sell, and sells support collars that practice the '316 Patent. FIMO Europe exclusively licenses to FIMO US to make, distribute, offer to sell, and sell support collars.

16. Upon information and belief, Defendants, either alone or in concert, manufacture, import, distribute, sell, or offer for sale, a support collar for use in the telecommunications and building sector, captioned as the "SSH-1117" Adjustable Hanger (the "New Clip"), shown below.



17. Defendants describe and provide a photo of the SSH-1117 on their website at https://www.commscope.com/product-type/structural-support-tools-accessories/coaxial-tools-consumables-accessories/attachment-hangers/itemssh-1117/. A copy of Defendants' website advertising the SSH-1117 and the product

materials available at that website (as accessed on April 20, 2023) are attached hereto and incorporated by reference as "**Exhibits B & C**," respectively.

18. Upon information and belief, the New Clip infringes one or more claims of the '316 Patent, including at least Claim 1, as illustrated in the claim chart attached here as **"Exhibit D."**

19. Upon information and belief, Defendants knew about or were willfully blind to the '316 Patent and their own infringement activities as a result of communications with their distributor, ConcealFab, Inc. in 2022 and no later than the filing of this complaint.

20. Defendants are causing FIMO substantial and irreparable harm and forcing FIMO to bring this action to protect its intellectual property because Defendants' product both infringes the '316 Patent and directly competes with FIMO's support collars that practice the '316 Patent.

## COUNT I – INFRINGEMENT OF THE '316 PATENT

21. FIMO incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

22. FIMO is the owner of the '316 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '316 Patent against infringers, and to collect damages for all relevant times.

23. Defendants have, either alone or in concert, directly infringed and continue to infringe the '316 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, or offering for sale, the Accused Product within the United States, in violated of 35 U.S.C. § 271(a).

24. Upon information and belief, Defendants have made and are continuing to make unlawful gains and profits from their infringement of the '316 Patent.

25. Upon information and belief, at least as early as May 2021 or, alternatively, at least as early as the filing of this complaint, Defendants have been on notice of and/or have had knowledge of the '316 Patent and their infringement thereof. Accordingly, Defendants' infringement of the '316 Patent has been willful and deliberate at least since this date.

26. FIMO has been damaged and irreparably harmed by Defendants' infringement of the '316 Patent and FIMO is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C. § 284. FIMO will continue to suffer damages and irreparable harm unless Defendants are permanently enjoined by this Court from continuing its infringement.

## ATTORNEYS' FEES

27.     Pursuant to 35 U.S.C. § 285, FIMO is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

28.     Pursuant to Fed. R. Civ. P. 38, FIMO respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, FIMO respectfully requests the Court issue citation for Defendants to appear and answer and seeks the following additional relief:

   A.   that Defendants be declared to have directly infringed one or more of the claims of the '316 Patent under 35 U.S.C. § 271(a);

   B.   that the Court issue a permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '316 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

   C.   that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by FIMO as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to FIMO, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. § 154(d) and 35 U.S.C. § 284;

D.  that the Court declare that Defendants' infringement was and is willful from the time they became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '316 Patent, pursuant to 35 U.S.C. § 284;

E.  that the Court declare this an exceptional case and order that Defendants pay to FIMO its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

F.  that the Court award such further and other relief to FIMO as the Court deems just, together with its costs and disbursements in this action.

Dated: May 30, 2023

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: /s/ *Preston H. Heard*
Preston H. Heard
Georgia Bar No. 476319
Email: Preston.Heard@wbd-us.com
Christine H. Dupriest
Georgia Bar No. 874494
Email: Christine.Dupriest@wbd-us.com
Jace D. Williams
Georgia Bar No. 965608
Email: Jace.Williams@wbd-us.com
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366

*Attorneys for Plaintiffs*