IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| | * |
| GUILANDE CHARLES, | * |
|     Petitioner, | *   Civil Action File |
| | *   No.: |
| v. | * |
| | * |
| EVENS DRY, | * |
|     Respondent. | * |
| | * |

## **VERIFIED PETITION FOR RETURN OF A CHILD**

Comes now, Petitioner, GUILANDE CHARLES, and respectfully shows this Court as follows:

### **1. INTRODUCTION**

1.    This action is brought by GUILANDE CHARLES hereinafter referred to as "Petitioner"), a resident of Canada, to secure the return of her ten (10) year-old daughter, **A.Y.A.D.** (hereinafter referred to as the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully taken from the Petitioner and her home in Canada by the Child's father **EVENS DRY** (hereinafter referred to as "Respondent").

Respondent has wrongfully retained the Child with him in the Northern District of Georgia.

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA"). A copy of the Hague Convention and of ICARA are attached hereto as Exhibits '1' and '2' respectively. The Hague Convention came into effect in the United States of America on July 1, 1988, and <u>has been ratified</u> between the United States of America and Canada.

3. The stated objects of the Hague Convention in Article I are: Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and, Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (Federal Question jurisdiction). Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b)(1) because, upon information and belief, the Child and Respondent are residing at his home located at 55 Miller Lake Court, Covington, Georgia 30014, in the Atlanta Division of the Northern District of Georgia in Newton County, Georgia.

## III. STATEMENT OF FACTS

6. The Parties were not previously married. Both Parties are originally from Haiti. The Child was born in the State of New York (Brooklyn) on November 19, 2012 while the Petitioner was visiting the United States from Haiti. At the time of the Child's birth, the Respondent was already residing in Canada. After the Child's birth, the Petitioner moved to Canada with the Child in April 2013. In May 2013, the Parties both sought asylum in Canada to avoid having to return to Haiti.

7. Canada granted the Petitioner and Child asylum but denied asylum to the Respondent based on his criminal record of domestic violence against the

Petitioner. A Canadian court granted the Parties custodial rights, with the Petitioner having weekend visitation with the Child. A true and correct copy of the Court Order in both French and English is attached as Exhibit 3.

8. In April of 2019, the Respondent returned to the United States, settling in the Northern District of Georgia. The Petitioner and Child remained in Canada and have lived continuously in Canada since 2013.

9. In the Summer of 2022, the Child came to visit the Respondent in the Northern District of Georgia with the understanding that she would return to the Petitioner in August of 2022. The Respondent has not returned the Child, and upon information and belief, the Child resides at this time with the Respondent at his above-stated address in the Northern District of Georgia.

10. The Court of Quebec issued an Order on January 26, 2023, giving the Petitioner sole care of the Child with the Respondent having visitation as determined by the Director of Youth Protection. A true and correct copy of the 2023 Court Order is attached as Exhibit 4.

## IV. WRONGFUL REMOVAL AND RETENTION OF THE CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

11. As set forth above, as of August 2022, Respondent wrongfully

removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Georgia, United States of America, despite Petitioner's efforts to have the Child returned to Canada.

12. Petitioner has never acquiesced nor consented to the permanent removal from and retention of the Child from Canada to the United States of America.

13. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

    A. At the time of the Child's removal from Canada, Petitioner was actually exercising her rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights.

    B. The Child was habitually a resident of Canada within the meaning of Article 3 of the Convention, and Petitioner was exercising custody in accordance with the Parties' regular practice immediately before the Child's wrongful retention by Respondent.

14. Respondent violated Petitioner's custodial rights by unilaterally removing the child from Canada. See *Aldinger v. Segler*, No. 02-2624, 2002 U.S.

Dist. LEXIS 26394 (D.P.R. Dec. 26, 2002).

15. Respondent is presently wrongfully retaining the Child in the State of Georgia, County of Newton.

16. Petitioner has never consented to nor acquiesced to Respondent's wrongful retention of the Child in the United States and away from the Child's habitual residence.

17. The Child is ten (10) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

18. Petitioner filed documents with the Canadian Authorities in March 2023 seeking the return of the Child.

## V. PROVISIONAL REMEDIES
## (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

19. Petitioner requests that this Court issue an immediate order pursuant to Article 12 of the Hague Convention restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant for the immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS
## (22 U.S.C. § 9007 and HAGUE CONVENTION, ARTICLE 26)

20. Petitioner respectfully requests that this Court award her all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007 and Article 26 of the Hague Convention.

## VII. NOTICE OF HEARING
## (22 U.S.C. § 9003)

21. Pursuant to 22 U.S.C. § 9003, Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner, GUILANDE CHARLES, prays for the following relief:

(a) An immediate Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Petition, and that Order further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition;

(b)     An immediate Order providing that Respondent shall turn over the Child's passport to the Petitioner's attorney pending final resolution of this matter;

(c)     The scheduling of an expedited Preliminary Injunction Hearing on the merits of the Verified Petition; an Order that Respondent show cause at this hearing as to why the Child should not be returned to Canada, and why such other relief requested in the Verified Petition should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Petition;

(d)     A Final Judgment in Petitioner's favor establishing that the Child shall be returned to Canada;

(d)     An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007 and Article 26 of the Hague Convention, such expenses and costs to be resolved via post judgment motion, consistent with the procedure outlined under Local Rule 54.2(A) of this Court; and,

(e)     For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 30th day of May 2023,

*/s/ Patricia D. Shewmaker*
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
STEVEN P. SHEWMAKER
Georgia Bar No. 987512
Counsel for Petitioner
SHEWMAKER & LEWIS, LLC
50 Technology Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerandlewis.com
sshewmaker@shewmakerandlewis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| GUILANDE CHARLES,<br>Petitioner, | *<br>*   Civil Action File<br>*   No.: |
| v. | * |
| EVENS DRY,<br>Respondent. | * |

## **VERIFICATION OF PETITION**

I am the attorney for the Petitioner, GUILANDE CHARLES. I make this Verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between Shewmaker & Lewis, LLC and Ms. Charles, except as to the matters that are stated in it on information and belief and as to those matters I believe to be true. I declare under penalty and perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 30th day of May, 2023.

/s/ Patricia D. Shewmaker
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
STEVEN P. SHEWMAKER
Georgia Bar No. 987512
Counsel for Petitioner
SHEWMAKER & LEWIS, LLC
50 Technology Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerandlewis.com
sshewmaker@shewmakerandlewis.com

## CERTIFICATE OF FONT AND POINT SELECTION

I hereby certify that the foregoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(C).

_____
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
STEVEN P. SHEWMAKER
Georgia Bar No. 987512
Counsel for Petitioner
SHEWMAKER & LEWIS, LLC
50 Technology Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerandlewis.com
sshewmaker@shewmakerandlewis.com