# COURT OF QUEBEC
# YOUTH DIVISION

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF MONTRÉAL

No :     525-41-039885-223

DATE :   January 26th, 2023

**PRESIDING JUDGE:   THE HONOURABLE  PAUL GRZELA, J.C.Q.**

**THE DIRECTOR OF YOUTH PROTECTION OF THE MONTREAL WEST ISLAND IUHSSC**
    Director

and

**Athfeyrah DRY**
*(Born on November 19th, 2012)*
    Child

and

**Guilande CHARLES**
    Mother

and

**Evens DRY**
    Father

JG2718

### JUDGMENT ON AN *APPLICATION FOR PROTECTION*
### (Section 38 of the *Youth Protection Act* )

**WARNING:** The *Youth Protection Act* prohibits the publication or broadcasting of any information that may lead to the identification of a child or of his parents. Any person who contravenes this provision commits an offence and is liable to a fine (Sections 9.2, 9.3 and 135 of the *Y.P.A.*).

525-41-039885-223                                                                                          PAGE : 2

[1]     The undersigned hereby confirms and motivates in writing the decision rendered from the bench on January 26th, 2023.

[2]     Pursuant to Section 38 of the *Youth Protection Act*, the Court is seized of an *Application for Protection* filed by the Director of Youth Protection on May 5th, 2022.

[3]     As provided for by Section 76.3 of the *Youth Protection Act*, the parties have filed an *Agreement*, in which they recognize that the security and development of the child are endangered. They accept several measures of protection which they seek to have ratified and declared to be executory by the Court.

[4]     At the hearing, the Court had the opportunity to verify the validity of the consent given by the parties to this *Agreement*.

[5]     Considering the recognition of the situation of endangerment of the child's situation as well as the applicable measures set out in the *Agreement*, the Court concludes that this *Agreement* reflects the will expressed by the parties, is in accordance with the goals set out in the *Youth Protection Act* and is in the child's interest while also respecting her rights.

[6]     Considering that the present *Agreement* takes precedence over the Superior Court's child custody judgment of October 27th, 2017, file number 500-04-068262-162;

[7]     Considering the best interest of the child;

[8]     It is therefore appropriate to ratify this *Agreement* and to declare the measures provided therein to be executory.

**FOR THESE REASONS, THE COURT:**

[9]     **DECLARES** that the security and development of the child are endangered pursuant to sections 38 of the *Youth Protection Act*;

[10]    **PROBATES AND RATIFIES** the *Agreement* submitted by the parties filed in the Court record and which forms an integral part of this judgment;

[11]    **ENTRUSTS** the child to the care of the mother, Mrs. Guilande Charles, born on October 28th, 1984, despite the Superior Court's child custody judgment of October 27th, 2017, number 500-04-068262-162;

[12]    **ORDERS** that the frequency and modality of contacts between Mr. Evens Dry and the child be determined by the Director of Youth Protection;

[13]    **ORDERS** that aid, counsel and assistance be provided to the child and their family;

525-41-039885-223													PAGE : 3

[14] **ENTRUSTS** the situation of the child to the Director of Youth Protection of the Montreal West Island IUHSSC for the purposes of executing the measures set out in the *Agreement*;

[15] **ORDERS** the execution of the present judgment by any peace officer;

[16] **DECLARES EXECUTORY** the measures provided for in this *Agreement*, for a period of **ONE (1) YEAR**.

Signed and filed on January 30th, 2023

_____
PAUL GRZELA, J.C.Q.

**Mtre François Marchand / AU0475**
Attorney for the Director

**Mtre Louis-Philippe Lavoie / AX0720**
Attorney for the child

**Mtre Alain Beausoleil / AB9585**
Attorney for the mother

PG/sd

| | |
|---|---|
| C A N A D A | COUR DU QUÉBEC |
| | Chambre de la jeunesse |
| PROVINCE DE QUÉBEC | |
| DISTRICT DE MONTRÉAL | |
| | |
| No : 525-41-039885-223 | **CLAUDINE LAVOIE**, |
| | |
| | Partie demanderesse |
| | |
| | - et - |
| | |
| | **ATHFEYRAH DRY**, |
| | Née le : 19 novembre 2012 |
| | |
| | Enfant défenderesse |
| | |
| | - et - |
| | |
| | **GUILANDE CHARLES**, |
| | |
| | Mère défenderesse |
| | Née le 29-10-1984 et résidant au 2550 rue Grenet, ville de Montréal, Québec, H4L 0C4, di |

## PROJET D'ENTENTE
(Art. 38, 76.3 de la *Loi sur la protection de la jeunesse*)

**MISE EN GARDE :** La *Loi sur la protection de la jeunesse* interdit la publication ou la diffusion de toute information permettant d'identifier un enfant ou ses parents. Quiconque contrevient à cette disposition est passible d'une amende (art. 9.3 et 135 L.p.j.).

### PRÉAMBULE

**CONSIDÉRANT** que l'enfant fait l'objet d'une demande en protection présentée par la Directrice de la protection de la jeunesse du Centre intégré universitaire de santé et de services sociaux du Centre-Sud-de-l'Île-de-Montréal;

**CONSIDÉRANT** que les parties en sont venues à une entente concernant la situation de compromission et les mesures appropriées pour y mettre fin;

**CONSIDÉRANT** que les parties consentent à ce que soit déclaré compromis la sécurité ou le développement de l'enfant pour les motifs détaillés dans l'entente;

PAGE : 2

**CONSIDÉRANT** que la présente entente entérinée a préséance sur le jugement de garde de la Cour Supérieure rendue le 27 octobre 2017, portant le numéro 500-04-068262-162;

**CONSIDÉRANT** que les parties soumettent la présente entente au tribunal afin de lui demander d'ordonner l'exécution des mesures de protection sur lesquelles elles se sont entendues;

Les parties conviennent de ce qui suit :

## ENTENTE

1. Le préambule fait partie intégrante de la présente entente;
2. La sécurité ou le développement de l'enfant est compromis en raison d'une situation de risque sérieux de négligence ;
3. Les parties demandent au tribunal de rendre l'ordonnance suivante :

- Que l'enfant soit confié à la mère, madame Guilande Charles, née le 28-10-1984, et ce, malgré le jugement de garde de la Cour Supérieure daté du 27 octobre 2017, portant le numéro 500-04-068262-162;

- Que les modalités, la fréquence et la durée des contacts entre M. Evens Dry et l'enfant soient déterminées par la Directrice de la protection de la jeunesse;

- Qu'une personne qui travaille pour un établissement ou un organisme apporte aide, conseil ou assistance à l'enfant et à sa famille;

- Que la situation de l'enfant soit confiée à la Directrice de la protection de la jeunesse du CIUSSS du Centre-Sud-de-l'Île-de-Montréal à des fins d'exécution de la présente ordonnance;

- Que la présente ordonnance soit exécutable par tout agent de la paix;

**LE TOUT** pour une durée d'une année

4. Chacune des parties déclare avoir été informée de son droit d'être représentée par avocat et, le cas échéant, décide de se représenter seule;
5. Chacune des parties consent à la présente entente de façon libre et éclairée et, le cas échéant, déclare avoir eu l'occasion de consulter un avocat avant d'y apposer sa signature.

EN FOI DE QUOI, LES PARTIES ONT SIGNÉ

_____
Claudine Lavoie
Personne autorisée par la DPJ
Date : 2023-01-26

_____
Guilande Charles
Mère
Date : 26-01-23

_____
Athfeyrah Dry
Adolescent
Date :

_____
Me François Marchand
Avocat de la DPJ
Date : 26-01-23

_____
Me Alain Beausoleil
Avocat de la mère
Date : 26-01-23

_____
Me Louis-Philippe Lavoie
Avocat de l'Enfant
Date : 26 janvier 2023