IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CAITLIN CRENSHAW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE** |
| v. ) | |
| ) | NO. _____ |
| **ATLANTA ORAL &** ) | |
| **MAXILLOFACIAL SURGERY** ) | |
| **AND DENTAL IMPLANT** ) | |
| **CENTER, P.C.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff Caitlin Crenshaw ("Plaintiff" of "Mrs. Crenshaw"), by and through her undersigned counsel, and respectfully files her Complaint against Defendant Atlanta Oral & Maxillofacial Surgery and Dental Implant Center, P.C. ("Defendant") as follows:

## JURISDICTION AND VENUE

1. This is an action brought to remedy discrimination on the basis of sex (pregnancy) in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), et seq.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 42 U.S.C. § 2000e-(5).

3. Mrs. Crenshaw filed a Charge of Discrimination on the basis of sex (pregnancy) against Defendant with the Equal Employment Opportunity Commission ("EEOC") and has complied with all administrative prerequisites to bringing suit under Title VII and the PDA.

4. Venue is proper because the unlawful practices complained of herein occurred within the Northern District of Georgia.

## PARTIES

5. Mrs. Crenshaw is an adult female individual and citizen of the United States who at all times material hereto, resided in Cumming, Georgia.

6. Defendant is a domestic for-profit corporation incorporated and existing under the laws of the State of Georgia.

7. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

8. Defendant conducts business at its principal office address of 4205 North Point Parkway, Suite F, Alpharetta, Georgia 30022.

9. Defendant may be served with process through its Registered Agent, Christian A. Loetscher, at its Registered Agent address of 4205 North Point Parkway, Suite F, Alpharetta, Georgia 30022.

10. Mrs. Crenshaw was an employee of Defendant in Alpharetta, Georgia, until her employment was terminated on or about January 4, 2021.

## **FACTS**

11. Mrs. Crenshaw repeats and realleges each and every allegation in paragraphs numbered 1 through 10 of this Complaint as if fully set forth herein.

12. Mrs. Crenshaw began her employment with Defendant as a surgical technician on or about July 27, 2020.

13. Mrs. Crenshaw performed the duties of her position in a more than satisfactory manner.  During such time, Mrs. Crenshaw was never once disciplined, written up, or given any kind of verbal or written warning or other documentation of any kind concerning her job performance.

14. On or about November 20, 2020, Mrs. Crenshaw informed Dr. Christian A. Loestcher, owner and CEO of Defendant, that she was pregnant.

15. In response to learning from Mrs. Crenshaw that she was pregnant, Dr. Loetscher rolled his eyes and said "Ahhhh, shit! Well, congratulations, I guess." Upon seeing and hearing this, Mrs. Crenshaw feared that she would soon be fired,

and she was right.  Following this date, Dr. Loetscher largely would not speak with Mrs. Crenshaw and, if he did speak to her, he would be very short with her.

16. Mrs. Crenshaw continued to work for Defendant during its busy time between Thanksgiving through December 21, 2020.

17.  Mrs. Crenshaw took her vacation time from December 22, 2020 through January 4, 2021.  Defendant's office was not open during the Christmas and New Year's holidays.

18.  On January 4, 2022, without any notice, discussion, or advanced warning, Mrs. Crenshaw received a telephone call from Defendant's Office Manager, Anusha, who informed Mrs. Crenshaw that her employment was terminated.

19. Mrs. Crenshaw was verbally told that she was terminated because Defendant was over-staffed. This reason was untrue and is pretext for unlawful pregnancy discrimination.

20. Subsequent to her termination, Mrs. Crenshaw understands that Defendant has maintained that Mrs. Crenshaw had no prior work experience in the surgery environment and that she was both a slow worker and slow learner as the basis for her termination. These reasons are also false, and they are pretext for unlawful pregnancy discrimination.

## COUNT I
## PREGANCNY DISCRIMINATION

21. Mrs. Crenshaw repeats and realleges each and every allegation in paragraphs numbered 1 through 20 of this Complaint as if fully set forth herein.

22. By the above acts, Defendant has violated Title VII and the PDA, by discriminating against Mrs. Crenshaw because of her pregnancy, childbirth, and related medical conditions.

23. The discriminatory acts of Defendant affected the terms, conditions, and privileges of Mrs. Crenshaw's employment.

24. Defendant's acts were with malice and reckless disregard of Mrs. Crenshaw's federally protected rights.

25. Mrs. Crenshaw has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Mrs. Crenshaw respectfully prays:

(a) That process issue and service be made upon Defendant;

(b) That the Court declare that the acts and practices complained of herein are in violation of Title VII, as amended by the PDA;

(c) The Defendant be directed to place Mrs. Crenshaw in the position that she would have occupied but for Defendant's discriminatory treatment and

making Mrs. Crenshaw whole for all earnings she would have received but for Defendant's discriminatory treatment including, but not limited to back pay, wages, bonuses, and other lost benefits;

(d) That Defendant be directed to pay Mrs. Crenshaw compensatory and punitive damages for the injuries suffered as a result of Defendant's violation of Title VII, as amended by the PDA;

(e) That Mrs. Crenshaw be awarded her costs, expenses and reasonable attorney's fees of this action; and

(f) That Mrs. Crenshaw have such other and further relief to which she may be entitled as determined at the trial of this case.

## JURY DEMAND

Mrs. Crenshaw respectfully demands a trial by jury in this action.

This 30th day of May, 2023.

        Respectfully submitted,

        */s/ Joseph C. Peake, III*
        Joseph C. "Tripp" Peake, III
        Georgia Bar No. 568795
        Shires Peake & Gottlieb, LLC
        284 N. Main Street
        Alpharetta, Georgia 30009
        Office Direct: (770) 349-8219
        Fax: (678) 940-4420
        jpeake@spgattorneys.com