IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **David Cohee**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| **Truist Financial Corporation**, | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

_____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank, improperly named as Truist Financial Corporation, ("Truist") hereby removes this action from the Magistrate Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Notice of Removal, Truist avers as follows:

### Procedural History

1.  On April 26, 2023, Plaintiff David Cohee ("Plaintiff") filed his statement of claim (the "Complaint") against Truist in the Magistrate Court of Gwinnett County, Georgia, Case No. 23-M-16111 (the "State Court Action"). True

and correct copies of all process, pleadings, and orders served on Truist in the State Court Action, as well as a copy of the online docket, are attached hereto as **Exhibit 1**.

2.     On May 2, 2023, Plaintiff served the Complaint, via the Gwinnett County Sheriff's Office, on Truist Bank's registered agent for service of process in Georgia. (Ex. 1, at pp. 1-2.)

### Grounds for Removal

3.     Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this lawsuit because it arises under the Constitution, laws, or treaties of the United States. In addition, pursuant to 28 U.S.C. § 1441, *et seq.*, this case is properly removable.

4.     Plaintiff's Complaint, though it does not cite specifically to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, clearly arises under that Act. Plaintiff alleges that Truist, "after refusing to validate the alleged debt according to law instead chose to harass the Plaintiff and damage its credit **by reporting false and derogatory information to the credit agencies**." (Ex. 1, Compl., at p. 2) (emphasis added.) Plaintiff's Complaint then states that "**[a]s a result**" of Truist's allegedly false and derogatory reporting to the credit agencies, Plaintiff was harmed because "the Plaintiff was denied access to a mortgage and

other credit sources as well as having two of its established credit sources cancelled, deleting and removing several thousands of dollars that was available to Plaintiff prior to the Defendants' actions." (*Id.*) (emphasis added.)

5.      Federal Courts have held that, under the required "liberal" construction of a *pro se* Complaint, even where a Plaintiff does not specifically cite the FCRA, or a specific section of the FCRA, if the allegations make plain that Plaintiff's cause of action arises under the FCRA, removal based on federal question jurisdiction is proper.[1] *See, e.g.*, *Family Walk Allah Trust v. Bouc, et al.*, No. 120CV04036LMMRGV, 2021 WL 2492721, *3, 7 (N.D. Ga. Feb. 22, 2021), report and recommendation adopted sub nom. *Fam. Walk Allah Tr. v. Bouc*, No. 1:20-CV-4036-LMM-RGV, 2021 WL 2492469 (N.D. Ga. Mar. 15, 2021) (denying motion for remand because liberal construction of Plaintiff's *pro se* Complaint demonstrated that Plaintiff's claims arose under the FCRA); *Ponder v. Synchrony Bank*, No. 1:20-CV-3097-CAP-JSA, 2020 WL 10229032, *3 (N.D. Ga. Oct. 15, 2020), report and recommendation adopted, No. 1:20-CV-3097-CAP, 2020 WL 10229108 (N.D. Ga. Nov. 18, 2020) (same); *see also Aderibigbe v. Bank of Am.*,

---

[1]     To the extent Plaintiff also "intended to assert state law claims based on the allegations of the complaint, this Court may exercise supplemental jurisdiction over such related claims." *Family Walk Allah Trust*, 2021 WL 2492721, at *3 (citing 28 U.S.C. § 1367(a)).

*N.A.*, No. 113CV01175MHSGGB, 2013 WL 12382785, *1-3 (N.D. Ga. June 3, 2013), report and recommendation adopted, No. 1:13-CV-1175-MHS, 2013 WL 12382773 (N.D. Ga. July 22, 2013) (noting that *pro se* Plaintiff's Complaint was removed from state court on basis of federal question jurisdiction, that the Complaint alleged that "Bank of America placed wrong information on my credit report, and have [sic] refused to correct it," and that "Plaintiff's complaint appears to be alleging that Defendant's actions in some way violated the Fair Credit Reporting Act").

6. Because Plaintiff's claim in the Complaint against Truist clearly arises under the FCRA, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See Family Walk Allah Trust*, 2021 WL 2492721, at *3, 7; *Ponder*, 2020 WL 10229032, at *3; *Aderibigbe*, 2013 WL 12382785, at *1-3.

**The Procedural Requirements for Removal Have Been Satisfied**

7. Truist files this Notice of Removal within 30 days of service of the Summons and Complaint on it (*see* Ex. 1, pp. 1-2), and therefore Truist's removal is timely. *See* 28 U.S.C. §1446.

8. As detailed *supra,* because the allegations in Plaintiff's Complaint arise under the FCRA, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and this action is therefore properly removable pursuant to 28 U.S.C. § 1441(a),

(c). *See Family Walk Allah Trust*, 2021 WL 2492721, at *3, 7; *Ponder*, 2020 WL 10229032, at *3; *Aderibigbe*, 2013 WL 12382785, at *1-3.

9. Truist has accordingly complied with the procedural requirements for removal. *See* 28 U.S.C. §§ 1441, 1446.

10. The Northern District of Georgia, Atlanta Division is the federal judicial district embracing Gwinnett County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue, therefore, is proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

11. After filing this Notice of Removal, Truist will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the Clerk of the Magistrate Court of Gwinnett County, Georgia in accordance with 28 U.S.C. § 1446(d) and Federal Rules of Civil Procedure Rule 5. A true and correct copy of the removal notice to be filed with the Clerk of Magistrate Court of Gwinnett County, State of Georgia is attached hereto as **Exhibit 2**.

## Non-Waiver of Defenses

12. By removing this action, Truist does not waive any defenses available to it in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b).

13. By removing this action, Truist does not admit any of the allegations contained in Plaintiff's Complaint.

**WHEREFORE**, Defendant Truist removes the above-captioned action from the Magistrate Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 30th day of May, 2023.

          **BRADLEY ARANT BOULT CUMMINGS LLP**

          */s/ Erik J. Badia*
          Nancy Baughan
          Georgia Bar No. 042575
          Erik J. Badia
          Georgia Bar No. 327905
          1230 Peachtree Street, NE
          Atlanta, GA 30309
          Telephone: (404) 868-2100
          Email: nbaughan@bradley.com
                  ebadia@bradley.com

          *Counsel for Defendant Truist Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by sending a copy U.S. Mail, proper postage prepaid, and FedEx Overnight addressed to:

David Cohee<br>
2670 Buford Dam Road<br>
Buford, GA 30518

This 30th day of May, 2023.

                                        */s/ Erik J. Badia*
                                        Erik J. Badia