# Exhibit A

ID# EW5SZPULM-GAZ
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1649**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of ___Cobb___ County

APR 24, 2023 04:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 04-24-2023 | **Case Number** 23-A-1649 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Thomas , Timothy

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

10 Roads Express, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ABC Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Nafe, Timothy

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Doe, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Adamson, Kevin A   **Bar Number** 004851   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                  **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

ID# EVW5SZPULM-YET
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1649

APR 24, 2023 04:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER    23-A-1649

$198.00 COST PAID

Thomas , Timothy
_____
**PLAINTIFF**

                                        **VS.**

10 Roads Express, LLC, DBA 10 Roads
Express
ABC Corporation
Nafe, Timothy
Doe, John
_____
**DEFENDANTS**

## SUMMONS

TO: 10 ROADS EXPRESS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Kevin A Adamson**
> **Kevin A. Adamson, P.C.**
> **4295 International Boulevard**
> **Suite D**
> **Norcross, Georgia 30093**

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

**This 26th day of April, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-Z3DCBHVG-MBR
⚜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1649**

**MAY 02, 2023 02:59 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

**TIMOTHY THOMAS**

| | |
|---|---|
| Plaintiff/Petitioner | Case No.: **23-A-1649** |

vs.

**10 ROADS EXPRESS, LLC**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT; PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS; PLAINTIFF'S FIRST
INTERROGATORIES; PLAINTIFF FIRST REQUEST FOR
PRODUCTION**

Received by **Euael Beyene**, on the **28th day of April, 2023 at 8:34 AM** to be served upon **10 Roads Express, LLC** at **300 Colonial Center Pkwy suite 100N, Roswell, Fulton County, GA 30076**.
On the **28th day of April, 2023 at 2:26 PM**, I, **Euael Beyene**, SERVED **10 Roads Express, LLC** at 300 Colonial Center Pkwy suite 100N, Roswell, Fulton County, GA 30076 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Savannah Spencer**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Savannah Spencer who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired white female contact 25-35 years of age, 5'4"-5'6" tall and weighing 160-180 lbs.**

Service Fee Total: **$150.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Euael Beyene_      NA      5/2/23
        Euael Beyene        Server ID #         Date

Notary Public:  Subscribed and sworn before me on this __2nd__ day of __May__ in the year of 20__23__
Personally known to me __✓__ or _____ identified by the following document: _____

_____
Notary Public (Legal Signature)

*(Notary seal: B TASSAW / NOTARY / EXPIRES / GEORGIA / 05/22/2023 / PUBLIC / DEKALB COUNTY)*

REF: **REF-12607125**

Page 1 of 1
Tracking #: **0105575270**



# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

**EUAEL BEYENE**

**Petitioner**

### ORDER

Plaintiff's Motion to appoint Process Server having been read and considered and it appearing to the Court that such an appointment is authorized by O.C.G.A 9-11-4(c) and should be made, is hereby GRANTED.

IT IS HEREBY ORDERED: that **Euael Beyene**, shall be, and hereby is Appointed Process server for matters pertaining to this Court, through ~~January 15, 2024,~~ Subject to revocation for good cause shown.     December 31, 2023

A copy of this Order must be attached to any Return of Service to be filed.

This ___ 12th day of ___January___ , 2023.

_____
Barnes, Presiding

**Judge, Cobb State Court**

ID# EW5SZPULM-NPW
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1649

APR 24, 2023 04:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

TIMOTHY THOMAS,

     Plaintiff,

v.

10 ROADS EXPRESS, LLC, d/b/a
10 ROADS EXPRESS, TIMOTHY
NAFE, ABC CORPORATION and
JOHN DOE,

     Defendants.

CIVIL ACTION FILE NO.

---

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

---

COMES NOW TIMOTHY THOMAS, (hereinafter "Plaintiff ") in the above-styled action and files this, his *Complaint for Damages and Demand for Jury Trial* against the above-named Defendants and shows this Honorable Court as follows:

### PRELIMINARY STATEMENT

This is a civil action seeking to hold Defendants liable for the motor vehicle wreck that occurred on April 29, 2021, causing personal injuries to Plaintiff.

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1. Plaintiff, TIMOTHY THOMAS, is a resident of the State of Georgia and subjects himself to the jurisdiction and venue of this Court by filing this action.

2. Defendant 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS, (hereinafter "Defendant 10 ROADS") is a Foreign Limited Liability Company duly organized under the state of Delaware, with a Principal Office Address of 2200 Abbott Drive, Carter Lake, IA, 51510. Defendant 10 ROADS conducts business in Delaware and Iowa and uses the roads and highways of the state of Georgia.  10 ROADS may be served with process

1



through its Registered Agent at 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia, 30076 in Fulton County.

3.      Upon information and belief, Defendant TIMOTHY NAFE (hereinafter "Defendant NAFE") was not a resident of Georgia at the time of the cause of action complained of herein, but nevertheless subject to the jurisdiction and venue of this Honorable Court pursuant to the Georgia Nonresident Motorist Act and service of process may be perfected by serving a copy of the Summons and Complaint upon the Georgia Secretary of State, pursuant to O.C.G.A § 40-12-3 and sending notice of such service and a copy of the Complaint and process by certified mail or statutory overnight delivery to Defendant's last known address to wit 12135 Tullahoma Hwy, Tullahoma, Tennessee 37388, in Franklin County, or wherever found.

4.      Defendant ABC Corporation is an unidentified business entity which is a potential third-party, joint tortfeasor. Defendant ABC Corporation is a business entity which owned, managed, operated, maintained, serviced, secured, trained, hired or repaired some aspects of Defendants' vehicles or drivers and may have contributed to the negligence that injured Plaintiff. If and when Defendant ABC Corporation is identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.      Defendant JOHN DOE is an unidentified individual who is a potential, third party, joint tortfeasor. Defendant John Doe either owned, managed, operated, maintained, serviced, controlled, secured, or repaired some aspect of Defendants' vehicles and may have contributed to the negligence that injured Plaintiff. If and when Defendant John Doe is identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

2

6.    Venue in the above-styled civil action is proper in the County and Court.

7.    Jurisdiction and Venue are not proper in Federal Court, originally nor by removal, because complete diversity is lacking.

## OPERATIVE FACTS

8.    At all times relevant to this lawsuit, Defendant 10 ROADS was an authorized for hire motor carrier engaged in interstate commerce. Defendant 10 ROADS United States Department of Transportation number was 3345061.

9.    Defendant 10 ROADS was licensed and insured in accordance with the Federal Motor Carrier Safety Administration rules and regulations.

10.   On or about April 29, 2021, at approximately 11:59 p.m., Plaintiff was driving his 2010 Mazda 3i, traveling southbound on I-285 in lane #4.

11.   At or about the same time, Defendant NAFE was operating a 2014 FRHT Truck, traveling southbound on I-285 in the number #3 lane.

12.   At or about the same time, Defendant 10 ROADS was the owner of the 2014 FRHT Truck that Defendant NAFE was driving.

13.   At or about the same time, Defendant NAFE was acting as an agent for Defendant 10 ROADS.

14.   Suddenly and without warning, Defendant NAFE attempted to change from lane #3 into Plaintiff's lane (#4), merging into Plaintiff's lane of travel and violently striking Plaintiff's vehicle.

15.   As a result of the collision caused by Defendant NAFE, Plaintiff was injured.

16.   As a result of the collision caused by Defendant NAFE, Plaintiff incurred significant medical expenses.

3

## COUNT I: NEGLIGENCE OF DEFENDANT 10 ROADS

17.   Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

18.   Defendant 10 ROADS is liable for the following tortious acts and omissions in this incident, which include, but are not necessarily limited to, one or more of the following:

(a) Defendant 10 ROADS is liable under the doctrine of respondeat superior or vicarious liability for the tortious acts and omissions of its agent or employee, Defendant NAFE;

(b) Defendant 10 ROADS may be liable for failing to properly instruct, train and supervise its employee or agent, Defendant NAFE, a driver they placed in a tractor-trailer to drive upon the public highways;

(c) Defendant 10 ROADS may be liable for negligently instituting, either expressly or by implication, policies and practices which encouraged its subcontractors and/or drivers to operate vehicles in an unsafe or important manner and which compromised the safety of other drivers on the roadway.

## COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT NAFE

19.   Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

20.   Defendant NAFE owed a duty of care to the public in general and to Plaintiff in particular to operate said vehicle in a safe, reasonable and prudent manner at all times.

21.   Defendant NAFE breached his duty of care in at least one of the following ways:

(a) Failure to maintain lane in violation of O.C.G.A § 40-6-48, which amounts to negligence and negligence per se;

(b) Failure to keep a proper look out in violation of O.C.G.A § 40-6-241, which amounts to negligence and negligence per se;

4

(c) Failure to exercise that degree of care which is exercised by ordinary persons in the same or similar situation, in violation of O.C.G.A § 51-1-2, which amounts to negligence and negligence per se and

(d) Causing the wreck that injured Plaintiff which amounts to negligence.

22.     As a direct and proximate result of these breaches of duty by Defendant NAFE, along with the other Defendants, Plaintiff suffered physical, mental and emotional pain, which continues to impact his life.

## COUNT IV: DAMAGES

23.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

24.     As a result of Defendants' negligence, Plaintiff has a claim for past medical expenses in an amount to be determined by the enlightened conscience of a jury.

25.     As a result of Defendants' negligence, Plaintiff has a claim for future medical expenses in an amount to be determined by the enlightened conscience of a jury.

26.     As a result of Defendants' negligence, Plaintiff has a claim for past pain and suffering in an amount to be determined by the enlightened conscience of a jury.

27.     As a result of Defendants' negligence, Plaintiff has a claim for future pain and suffering in an amount to be determined by the enlightened conscience of a jury.

28.     Plaintiff claims general damages against the Defendants for all elements of pain and suffering and physical and mental injury, including the shock, fright and terror endured by him in an amount to be determined by the enlightened conscience of a jury after hearing the evidence at trial.

WHEREFORE, Plaintiff prays that this Court finds Defendants liable and that:

a.  A Summons is issued requiring Defendants to appear as provided by law and to answer the allegations of this Complaint;

b.  That Plaintiff has a trial by jury on all issues so triable;

c.  Recovery for his past and future physical pain and suffering based on proof;

d.  Recovery for his past and future mental and emotional pain and suffering;

e.  That Plaintiff recovers all compensatory damages for the liability of Defendants claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence adduced at trial;

f.  That all costs be cast against Defendants;

g.  Recovery for his loss of enjoyment of life; and

h.  All such other and further relief as the Court shall deem just and appropriate.


This 20th day of April 2023.

**KEVIN A. ADAMSON, P.C.**

*/s/ Kevin A. Adamson*
Kevin A. Adamson, Esq.
Georgia Bar No.: 004851
Dustin L. Crawford
Georgia Bar No. 758916
*Attorney for Plaintiff*

4295 International Blvd., Suite D
Norcross, Georgia 30093
D:  404.581.9100
F:   404.581.9111
E: kevin@kaapc.com
    dustin@kaapc.com

6

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TIMOTHY THOMAS, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-A-1649 |
| 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS, TIMOTHY NAFE, ABC CORPORATION and JOHN DOE, | |
| Defendants. | |

## DEFENDANT TIMOTHY NAFE'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Timothy Nafe (hereinafter "Defendant" or "this defendant"), named defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Complaint ("Complaint"), showing the Court as follows:

## FIRST DEFENSE

Plaintiff's alleged damages were not proximately caused by this Defendant.

## SECOND DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known during the course of its investigation and discovery.

## THIRD DEFENSE

As a Third Defense, Defendant answers the numbered paragraphs of the Complaint as follows:

## 1.

Defendant is without information or knowledge sufficient to form a belief as to the

allegations contained in Paragraph No. 1 of the Complaint, and, therefore, cannot admit or deny same.

**2.**

Defendant admits the allegations contained in Paragraph No. 2 of the Complaint.

**3.**

Defendant admits he is not a resident of Georgia. Defendant is without information or knowledge sufficient to form a belief as to the allegations remaining in Paragraph No. 3 of the Complaint, and, therefore, cannot admit or deny same.

**4.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Complaint, and, therefore, cannot admit or deny same.

**5.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint, and, therefore, cannot admit or deny same.

**6.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint, and therefore, cannot admit or deny same.

**7.**

Defendant denies the allegations contained in Paragraph No. 7 of the Complaint.

**8.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint, and therefore, cannot admit or deny same.

**9.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint, and therefore, cannot admit or deny same.

**10.**

Defendant admits the allegations contained in Paragraph No. 10 of the Complaint.

**11.**

Defendant admits the allegations contained in Paragraph No. 11 of the Complaint.

**12.**

Upon information and belief, Defendant denies the allegations contained in Paragraph No. 12 of the Complaint.

**13.**

Defendant admits the allegations contained in Paragraph No. 13 of the Complaint.

**14.**

Defendant admits his negligence caused the collision, but denies the allegations contained in Paragraph No. 14 of the Complaint as pled.

**15.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint, and therefore, cannot admit or deny

same.

**16.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 16 of the Complaint, and therefore, cannot admit or deny same.

**17.**

Defendant realleges and reincorporates the defenses and objections to the foregoing paragraphs.

**18.**

Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant denies the allegations contained in Paragraph No. 19 of the Complaint.

**20.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint, and therefore, cannot admit or deny same.

**21.**

Defendant admits his negligence caused the collision, but denies the allegations contained in Paragraph No. 21 of the Complaint as pled.

**22.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint, and therefore, cannot admit or deny same.

**23.**

Defendant realleges and reincorporates the defenses and responses from the foregoing paragraphs.

**24.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint, and therefore, cannot admit or deny same.

**25.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 25 of the Complaint, and therefore, cannot admit or deny same.

**26.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint, and therefore, cannot admit or deny same.

**27.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint, and therefore, cannot admit or deny same.

**28.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint, and therefore, cannot admit or deny same.

**29.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause, and its subparts are hereby denied.

WHEREFORE, having fully answered, Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

Respectfully submitted this 30th day of May, 2023.

By: */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for the Defendant*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

TIMOTHY THOMAS,

       Plaintiff,

v.

10 ROADS EXPRESS, LLC d/b/a 10
ROADS EXPRESS, TIMOTHY NAFE,
ABC CORPORATION and JOHN DOE,

       Defendants.

Civil Action File No. 23-A-1649

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant Timothy Nafe's Answer and Defenses* upon all parties via the Peachcourt E-File & Serve System which will electronically send an electronic copy of same to the following counsel and parties of record:

Kevin Adamson, Esq. & Dustin Crawford, Esq.
KEVIN A. ADAMSON PC
4295 International Blvd., Suite D
Norcross, GA 30093
kevin@kaapc.com
dustin@kaapc.com
*Attorneys for Plaintiff*

Respectfully submitted this 30th day of May, 2023.

By:   */s/ Elizabeth L. Bentley, Esq.*
      ELIZABETH L. BENTLEY, ESQ.
      State Bar No.: 828730
      beth.bentley@swiftcurrie.com
      *Attorney for the Defendant*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TIMOTHY THOMAS,<br><br>       Plaintiff,<br><br>v.<br><br>10 ROADS EXPRESS, LLC d/b/a 10<br>ROADS EXPRESS, TIMOTHY NAFE,<br>ABC CORPORATION and JOHN DOE,<br><br>       Defendants. | Civil Action File No. 23-A-1649 |

## DEFENDANT 10 ROADS EXPRESS, LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW 10 Roads Express, LLC's (hereinafter "Defendant" or "this defendant"), named defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were not proximately caused by this Defendant.

### THIRD DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known during the course of its investigation and discovery.

### FOURTH DEFENSE

As a Fourth Defense, Defendant answers the numbered paragraphs of the Complaint as follows:

**1.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint, and, therefore, cannot admit or deny same.

**2.**

Defendant admits the allegations contained in Paragraph No. 2 of the Complaint.

**3.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint, and, therefore, cannot admit or deny same.

**4.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Complaint, and, therefore, cannot admit or deny same.

**5.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint, and, therefore, cannot admit or deny same.

**6.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint, and therefore, cannot admit or deny same.

**7.**

Defendant denies the allegations contained in Paragraph No. 7 of the Complaint.

**8.**

Defendant admits the allegations contained in Paragraph No. 8 of the Complaint.

**9.**

Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

**10.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint, and therefore, cannot admit or deny same.

**11.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint, and therefore, cannot admit or deny same.

**12.**

Defendant denies the allegations contained in Paragraph No. 12 of the Complaint.

**13.**

Defendant admits the allegations contained in Paragraph No. 13 of the Complaint..

**14.**

Defendant denies the allegations contained in Paragraph No. 14 of the Complaint as pled.

**15.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint, and therefore, cannot admit or deny

same.

**16.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 16 of the Complaint, and therefore, cannot admit or deny same.

**17.**

Defendant realleges and reincorporates the defenses and objections to the foregoing paragraphs.

**18.**

Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant denies the allegations contained in Paragraph No. 19 of the Complaint.

**20.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint, and therefore, cannot admit or deny same.

**21.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Complaint, and therefore, cannot admit or deny same.

**22.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint, and therefore, cannot admit or deny

same.

**23.**

Defendant realleges and reincorporates the defenses and responses from the foregoing paragraphs.

**24.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint, and therefore, cannot admit or deny same.

**25.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 25 of the Complaint, and therefore, cannot admit or deny same.

**26.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint, and therefore, cannot admit or deny same.

**27.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint, and therefore, cannot admit or deny same.

**28.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint, and therefore, cannot admit or deny

same.

## 29.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause, and its subparts are hereby denied.

WHEREFORE, having fully answered, Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

Respectfully submitted this 30th day of May, 2023.

By:   */s/ Elizabeth L. Bentley, Esq.*
      ELIZABETH L. BENTLEY, ESQ.
      State Bar No.: 828730
      *beth.bentley@swiftcurrie.com*
**SWIFT, CURRIE, McGHEE & HIERS, LLP**   *Attorney for the Defendant*
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

TIMOTHY THOMAS,

             Plaintiff,

v.                                                                    Civil Action File No. 23-A-1649

10 ROADS EXPRESS, LLC d/b/a 10
ROADS EXPRESS, TIMOTHY NAFE,
ABC CORPORATION and JOHN DOE,

             Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant 10 Roads Express, LLC's Answer and Defenses*** upon all parties via the Peachcourt E-File & Serve System which will electronically send an electronic copy of same to the following counsel and parties of record:

Kevin Adamson, Esq. & Dustin Crawford, Esq.
KEVIN A. ADAMSON PC
4295 International Blvd., Suite D
Norcross, GA 30093
kevin@kaapc.com
dustin@kaapc.com
***Attorneys for Plaintiff***

Respectfully submitted this 30th day of May, 2023.

By:  ***/s/ Elizabeth L. Bentley, Esq.***
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
beth.bentley@swiftcurrie.com
***Attorney for the Defendant***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

TIMOTHY THOMAS,

       Plaintiff,

v.

10 ROADS EXPRESS, LLC d/b/a 10
ROADS EXPRESS, TIMOTHY NAFE,
ABC CORPORATION and JOHN DOE,

       Defendants.

Civil Action File No. 23-A-1649

## DEFENDANT TIMOTHY NAFE'S DEMAND FOR JURY PANEL OF TWELVE

COMES NOW Timothy Nafe, (hereinafter "Defendant" or "this defendant"), named defendant in the above-styled action, by and through his attorneys, and demands in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

Respectfully submitted this 30th day of May, 2023.

By:  */s/ Elizabeth L. Bentley, Esq.*
       ELIZABETH L. BENTLEY, ESQ.
       State Bar No.: 828730
       *beth.bentley@swiftcurrie.com*
       ***Attorney for the Defendants***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

TIMOTHY THOMAS,

       Plaintiff,

v.

10 ROADS EXPRESS, LLC d/b/a 10
ROADS EXPRESS, TIMOTHY NAFE,
ABC CORPORATION and JOHN DOE,

       Defendants.

Civil Action File No. 23-A-1649

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and forgoing ***Timothy Nafe's Demand for Jury Panel of Twelve*** upon all parties via the Peachcourt E-File & Serve System which will electronically send an electronic copy of same to the following counsel and parties of record:

Kevin Adamson, Esq. & Dustin Crawford, Esq.
KEVIN A. ADAMSON PC
4295 International Blvd., Suite D
Norcross, GA 30093
kevin@kaapc.com
dustin@kaapc.com
***Attorneys for Plaintiff***

Respectfully submitted this 30th day of May, 2023.

By:  ***/s/ Elizabeth L. Bentley, Esq.***
      ELIZABETH L. BENTLEY, ESQ.
      State Bar No.: 828730
      beth.bentley@swiftcurrie.com
      ***Attorney for the Defendant***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

2

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TIMOTHY THOMAS, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-A-1649 |
| 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS, TIMOTHY NAFE, ABC CORPORATION and JOHN DOE, | |
| Defendants. | |

## DEFENDANT 10 ROADS EXPRESS, LLC'S DEMAND FOR JURY PANEL OF TWELVE

COMES NOW 10 Roads Express, LLC, (hereinafter "Defendant" or "this defendant"), named defendant in the above-styled action, by and through their attorneys, and demands in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

Respectfully submitted this 30th day of May, 2023.

By:  */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for the Defendants*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TIMOTHY THOMAS, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-A-1649 |
| 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS, TIMOTHY NAFE, ABC CORPORATION and JOHN DOE, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and forgoing *10 Roads Express, LLC's Demand for Jury Panel of Twelve* upon all parties via the Peachcourt E-File & Serve System which will electronically send an electronic copy of same to the following counsel and parties of record:

Kevin Adamson, Esq. & Dustin Crawford, Esq.
KEVIN A. ADAMSON PC
4295 International Blvd., Suite D
Norcross, GA 30093
kevin@kaapc.com
dustin@kaapc.com
*Attorneys for Plaintiff*

Respectfully submitted this 30th day of May, 2023.

By: */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
beth.bentley@swiftcurrie.com
*Attorney for the Defendant*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

2

ID# EFW5SZPULM-XLV
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1649

APR 24, 2023 04:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

TIMOTHY THOMAS,

      Plaintiff,

v.

10 ROADS EXPRESS, LLC, d/b/a
10 ROADS EXPRESS, TIMOTHY
NAFE, ABC CORPORATION and
JOHN DOE,

      Defendants.

CIVIL ACTION FILE NO.

---

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT 10 ROADS EXPRESS, LLC**

---

COMES NOW Plaintiff TIMOTHY THOMAS, (hereinafter "Plaintiff) and hereby requests that Defendant 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS (hereinafter "Defendant 10 Roads") respond, under oath, to the following Interrogatories within the time allotted by the Georgia Rules of Civil Procedure and in conformity with O.C.G.A. § 9-11-33. Plaintiff requests that Defendant 10 Roads read and abides by the preliminary notes and instructions set forth below.

**PRELIMINARY NOTES AND INSTRUCTIONS**

1. <u>General Notes</u>

 Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

1



Plaintiff requests that Defendant take the time to accumulate all information which is called for by these Interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future Interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff request, therefore, that you not answer the Interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

**Plaintiff requests that you set forth in your response the text of the Interrogatory propounded as well as your responses or objections to that Interrogatory so that it is clear from the four corners of your response what the Interrogatory sought and what your answer is to that Interrogatory.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer is to a particular Interrogatory. If Defendant requests it, Plaintiff will provide these interrogatories on a computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant will provide a copy of their discovery requests on disk.

Plaintiff request that each Defendant respond to these Interrogatories individually, separately and completely, and supplement any responses to these Interrogatories individually, separately, and completely. In supplementing, Plaintiff request that you do not send letters to

2

counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

    2.  <u>Claims of Privilege or Work Product</u>

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular Interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render a decision as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37 (d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

    3.  <u>Claims To Confidentiality/Proprietary Information</u>

If Defendant believes that information responsive to any Interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff before responding to these Interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.

Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4. <u>Breadth/Burden Objections</u>

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the Interrogatories herein, interpose boilerplate objections in its responses that a particular Interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the Interrogatory in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these Interrogatories, the law requires that Defendant file a motion for a protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for a protective order does not excuse a failure to respond in a timely manner to these Interrogatories. This note is provided specifically to put Defendant on notice that if baseless objections are made to these Interrogatories and a motion for a protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5. <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's Interrogatories Defendant fails to disclose any fact, and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that

4

decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.   **"Document"** means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.   **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.   **"You"** or **"your"** or "**Defendant**" refers to Defendant 10 Roads as well as its attorneys, agents and representatives.

4.   **"Subject incident"** or "**Subject occurrence"** refers to the April  29, 2021 motor vehicle accident described in Plaintiff' Complaint.

5.   (a) **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name

and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

## IDENTIFICATION OF PERSONS

1. Please identify each person who supplied information contained in your responses to Plaintiff's Interrogatories and requests for production in this matter.

## THE SUBJECT INCIDENT

2. Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from any person purporting to have knowledge of any aspect of the subject incident or any issue in this case?  If so, identify the type of statement(s) (oral, written, recorded, etc.) and provide the name, address, telephone number, and employer for each person who gave the statement and the name, address, telephone number, and employer of the person(s) who has possession, custody, or control of such statement, transcript, or summary of such statement.

3. Please identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject incident, the site or scene of the subject incident, the vehicles involved in the subject incident, or which in any way illustrates any facts relevant to the subject incident.  As to each item, please state the nature of such item; how many exist (for example, 15 photographs); the name, address and employer of the person making/supplying such item; and the identity of the person or persons who presently possess(es) such item.

6

**LEGAL REASONING**

4.  Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

5.  Do you contend that Plaintiff was guilty of any act or failure to act that played any part in causing the subject incident or the injuries or damages complained of?  Please state "yes" or "no."  If your answer is in the affirmative in any way, please state and describe each specific act or failure to act by Plaintiff that you claim supports your contention.

6.  Do you contend that some other person is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you?  Please state "yes" or "no."  If your answer is in any way in the affirmative, state the full name, address, and telephone number of that person and the specific basis for any such contention(s).

**CONTENTIONS**

7.  Do you contend that there were any manufacturing, design, or other defects or malfunctions in the 10 Roads truck that Defendant Timothy Nafe (hereinafter "Defendant Nafe") was operating on the day of the subject incident which in any way affected its safety or performance or contributed to the subject incident?  Please state "yes" or "no."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the vehicle and how it may have affected the safety or performance or contributed to the subject incident.

8.  Please state separately each fact which supports any contention that Defendant Nafe did not cause the collision which forms the basis of this lawsuit.

## AGENT/EMPLOYEE AND VEHICLE INFORMATION

9. For the 10 Roads truck that Defendant Nafe was driving in the subject incident, state the make, model, year and vehicle identification number; mileage on the vehicle at the time; mileage on the tires on the vehicle at the time; the person to whom the vehicle was titled as of the date of the incident and at present; the person who paid for the insurance on the vehicle and any other persons named on that policy; and the present location of the vehicle.

10. Please state if the subject 10 Roads truck had a separate trailer being pulled at the time of the subject collision. Please provide the manufacturer, make, model, year and identification/serial number of such separate trailer.

11. Please explain the nature of the agency/employment relationship between you and Defendant Nafe, the driver of the vehicle involved in this collision, specifically stating the following: the date the employment relationship began; whether Defendant Nafe was a paid employee of you at the time of the subject collision; the rate of pay at the time of the collision and at present; if the employment relationship has been terminated; the date of such termination; the name, address, telephone number, and job title of the person who terminated such driver; and the reason(s) for such termination.

12. Please state whether or not Defendant 10 Roads, its agents, its attorneys, or its insurers, on its own or through any other person, obtained information from any private source or governmental agency about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant 10 Roads instructs, permits, or otherwise relies upon to drive its vehicles.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not

8

limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained.  Also, please state the same as to each person through which such information was requested or obtained concerning Defendant Nafe and the dates upon which such information was obtained.

13. Please state whether or not at the time and place of the subject incident Defendant Nafe was an employee and/or agent of Defendant 10 Roads acting within the line and scope of his employment.  If your answer to this Interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether he was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own please state what facts support that contention.

## **TRIP REPORT**

14. Please state whether or not an investigation or report (accident report, incident report, etc.) was done by or on behalf of you, your representatives, employer, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit.  If your response is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in the investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

## **POLICIES AND PROCEDURES**

15. Please state the name, address, telephone number, and job title of the employee or individual at Defendant 10 Roads (by whatever name called) who is most knowledgeable about the following subject areas:  the training program at the company with respect to the operation of its vehicles; the safety program at the company with respect to the operation of its vehicles;

the personnel file and any other documents containing information about the driving history, employment record, employment history, or any other information about employee/agent Timothy Nafe since his date of hire through the present; any and all records pertaining to Defendant Nafe's schedule, log, documentation, or any other information related to the operation, assignments, deliveries, locations, and other uses of the vehicle involved in the subject incident.

16. Please state whether, at the time of Defendant Nafe's employment/agency including the date of the subject incident, Defendant 10 Roads implemented, created or otherwise had in existence employee policies relating to the expected behavior or job duties of its employees, or any other aspect of the employment relationship.   If such policies existed or were implemented, please provide a copy of the policies, along with the dates that the policies were in effect.  If any such policy was not written, please state this and provide a full description of the policy and how it was implemented.

17. Please state whether, at any time during the employment of Defendant Nafe, Defendant 10 Roads implemented, created, or otherwise had in existence policies relating to the supervision or hiring of employees.  If such policies existed or were implemented, please provide a copy of the policies, along with the dates that the policies were in effect.  If any such policy was not written, please state this and provide a full description of the policy and how it was implemented.

**<u>TRAINING</u>**

18. Please identify the following individuals at 10 Roads as of the date of the subject incident and at present:   safety director; person(s) responsible for training employee/drivers; person(s)

responsible for interviewing and/or hiring Defendant Nafe; and person(s) responsible for supervising Defendant Nafe.

## **INSURANCE INFORMATION**

19. Please state the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to Defendant 10 Roads for the claims made in this lawsuit:  the name of each insurance company issuing policy; the applicable liability limits concerning each policy; the names of all persons insured under each policy; the names of the person(s) paying premiums with respect to each policy; the policy number of each policy; the types of insurance coverage carried; whether or not the defense of this action has been tendered to any such insurer; whether defense has been accepted by each such insurer to whom defense has been tendered; whether this Defendant has made any claims under said policy or policies as a result of the occurrence herein; the nature, extent, and amount of any such claim or claims with said insurer(s); and whether those claims have been paid by said insurer(s) and the amount of said payment(s).

## **EXPERTS**

20. Please state the name, address, telephone number, employer, and job title of any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved in the subject collision, or who have in any way investigated the claims in this lawsuit on behalf of Defendant 10 Roads, its attorneys, or its insurers.  As part of your response, please describe any and all repairs that have been made and by whom to the vehicle involved in the subject incident since the date of the subject incident.

21. Please identify any and all expert witnesses you expect to call at the trial of this matter, providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

22. Please identify by providing the name, last known address, telephone number, and place of employment for any and all persons whom you know, or suspect may have knowledge of any kind related to any issue in this matter and describe the issues to which you believe each such person may have knowledge (for example, eyewitness to the wreck, scene witness, witness to injuries, etc.).

## OTHER SIMILAR INSTANCES

23. Please state any and all motor vehicle wrecks that Defendant Nafe has been involved in, before or after the date of the subject action.

24. Have any lawsuits been filed against you for personal injury, illness, or disability either prior to or subsequent to the occurrence complained of in Plaintiff's Complaint? If so, please state when each suit was filed, the name of the court in which it was filed, the name of each of the parties to each suit, the nature and extent of the injury, illness, or disability for which damages were sought in each suit, the circumstances in which the injury, illness, or disability occurred in each of the incidents referred to in each such Complaint, the name of the attorney who represented and the ultimate disposition of each suit, including the amount of each such settlement or judgement.

25. State whether or not Defendant Nafe has ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of the traffic laws or rules of the road of any state within the last ten (10) years,

12

including any instances of driving under the influence of drugs or alcohol ("DUIs").  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof and the sentence given you.

This 20th day of April 2023.

**KEVIN A. ADAMSON, P.C.**

*/s/ Kevin A. Adamson*
Kevin A. Adamson, Esq.
Georgia Bar No.: 004851
Dustin L. Crawford
Georgia Bar No. 758916
*Attorney for Plaintiff*

4295 International Blvd., Suite D
Norcross, Georgia 30093
D:  404.581.9100
F:   404.581.9111
E: kevin@kaapc.com
    dustin@kaapc.com

13

ID# EW5SZPULM-KFC
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1649**

APR 24, 2023 04:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

TIMOTHY THOMAS,

      Plaintiff,

v.

10 ROADS EXPRESS, LLC, d/b/a
10 ROADS EXPRESS, TIMOTHY
NAFE, ABC CORPORATION and
JOHN DOE,

      Defendants.

CIVIL ACTION FILE NO.

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT 10 ROADS EXPRESS, LLC D/B/A 10 ROADS EXPRESS

COMES NOW, Plaintiff TIMOTHY THOMAS, in the above-styled action and serves these Requests for Admission upon Defendant 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS (hereinafter "Defendant 10 Roads").

These Requests for Admission are served upon you pursuant to the provisions of O.C.G.A. §9-11-36, to be answered fully and separately in writing Defendant within the time allotted by the Georgia Rules of Civil Procedure. These Requests for Admission are expressly made continuing and if at any time after the initial response, new or additional information responsive to any of these Requests for Admission comes to your attention, you are required to serve upon all counsel for all parties supplemental answers to these Requests for Admission in accordance with the provisions of O.C.G.A. § 9-11-26 (e) and each subpart. Additionally, these Requests for Admission are propounded subject to the provisions of O.C..G.A. § 9-11-37 and each subpart.

These Requests for Admission, and answers, are to be included and are to be based upon information in the possession of or gathered by Defendant, Defendant's agents, representatives,

1



investigators, attorneys, and all other persons who have investigated or gathered information at Defendant's request.

**<u>DEFINITIONS</u>**

As used herein, the terms listed below are defined as follows:

1.    **"<u>Document</u>"** means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.    **"<u>Person</u>"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    **"<u>You</u>"** or **"<u>your</u>"** or "**Defendant**" refers to Defendant 10 Roads as well as its attorneys, agents and representatives.

4.    **"<u>Subject Incident</u>"** or "**<u>Subject Occurrence</u>**" refers to the April 29, 2021 vehicle accident described in Plaintiff's Complaint.

5.    (a) **"<u>Identify</u>"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    **"<u>Identify</u>"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document,

the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUESTS TO ADMIT TO DEFENDANT 10 ROADS

1.

Admit that you have been served with process in this action.

2.

Admit you raise no defense as to sufficiency of service of process in this action.

3.

Admit that you are subject to the jurisdiction of this Court.

4.

Admit that venue in this Court is proper as to you.

5.

Admit that on April 29, 2021, Defendant Nafe was an employee and/or agent of Defendant 10 Roads and was acting within the course and scope of such employment and/or agency.

6.

Admit that Defendant 10 Roads is vicariously liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant Nafe.

## DEFENDANT 10 ROADS ACTIONS

7.

Admit that on April 29, 2021, Defendant Nafe was the driver of a truck operated by Defendant 10 Roads.

8.

Admit that Defendant 10 Roads negligently entrusted the 2014 FRHT truck to Defendant Nafe.

9.

Admit that on April 29, 2021, Defendant 10 Roads was the owner of the truck.

10.

Admit that on April 29, 2021, Defendant Nafe attempted to make an improper lane change.

11.

Admit that Defendant Nafe caused the collision that injured Plaintiff.

## NEGLIGENCE

12.

Admit that Defendant Nafe negligently caused Plaintiff's serious injuries.

13.

Admit that Defendant Nafe owed a reasonable duty of care to Plaintiff to obey the traffic laws of the State of Georgia.

14.

Admit that Defendant Nafe breached the duty of reasonable care owed to Plaintiff.

15.

Admit that Defendant Nafe was driving recklessly.

16.

Admit that you negligently hired and or employed Defendant Nafe.

4

17.

Admit that on or about April 29, 2021, Defendant 10 Roads was acting by and through its employees/agents and are responsible for the acts of those employees and agents.

18.

Admit that on or about April 29, 2021, Defendant Nafe was operating a 10 Roads truck in the scope of his employment?

19.

Admit that on or about April 29, 2021, Defendant 10 Roads was negligent in entrusting Defendant Nafe to properly drive and/or operate the 2014 FRHT 10 Roads truck.

20.

Admit that on or about April 29, 2021, Defendant 10 Roads was negligent in failing to teach Defendant Nafe how to properly drive and/or operate the 2014 FRHT 10 Roads truck.

21.

Admit that as a result of the April 29, 2021, collision, Defendant 10 Roads' negligence was an actual or proximate cause of Plaintiff's injuries.

22.

Admit that Plaintiff did not do anything wrong to cause or contribute to the incident.

23.

Admit that the vehicle Defendant Nafe was operating at the time of incident did not malfunction in any way that caused or contributed to the accident.

24.

Admit that at the time of the incident the weather conditions did not contribute to the collision.

25.

Admit that at the time of the incident Defendant Nafe failed to observe or undertake the necessary precautions to keep from colliding with another vehicle.

26.

Admit that following the incident, the investigating officer gave Defendant Nafe a citation.

27.

Admit that Defendant Nafe paid a fine for receiving the citation.

28.

Admit that Defendant Nafe pled guilty to the citation issued for this wreck.

29.

Admit that Plaintiff sustained injuries as a result of the collision complained of in this Complaint.

30.

Admit that Defendant 10 Roads' negligence caused Plaintiff's injuries.

31.

Admit that Plaintiff states a claim upon which relief can be granted.

32.

Admit that Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

33.

Admit that Defendant Nafe or an agent of Defendant 10 Roads apologized to Plaintiff at the time of the incident or following the incident.

34.

Admit that Plaintiff did not comparatively contribute to the causing of the incident.

6

35.

Admit that you have no evidence of any pre-existing injury which predated the incident.

## DAMAGES

36.

Admit that Plaintiff suffered injuries as a result of the subject collision.

37.

Admit that Plaintiff's vehicle suffered damage as a result of the subject collision.

## MITIGATION

38.

Admit that if Defendant Nafe had been driving more prudently, the collision could have been avoided.

39.

Admit that Defendant Nafe could have avoided the collision that injured Plaintiff by changing lanes properly.

40.

Admit that you are unaware of any fact which indicates that Plaintiff has failed to mitigate the damages suffered by him.

This 20th day of April 2023.

**KEVIN A. ADAMSON, P.C.**

*/s/ Kevin A. Adamson*
Kevin A. Adamson, Esq.
Georgia Bar No. 004851
Dustin L. Crawford
Georgia Bar No.: 758916
*Attorney for Plaintiff*

7

4295 International Blvd., Suite D
Norcross, Georgia 30093
T:  (404) 581-9100 / F:  (404) 581-9111
E:  kevin@kaapc.com
    dustin@kaapc.com

ID# E-W5SZPULM-H52
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1649

APR 24, 2023 04:28 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

TIMOTHY THOMAS,

    Plaintiff,

v.

10 ROADS EXPRESS, LLC, d/b/a
10 ROADS EXPRESS, TIMOTHY
NAFE, ABC CORPORATION and
JOHN DOE,

    Defendants.

CIVIL ACTION FILE NO.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS**

COMES NOW, Plaintiff TIMOTHY THOMAS, (hereinafter "Plaintiff) and requests that Defendant 10 ROADS EXPRESS, LLC d/b/a 10 ROADS EXPRESS (hereinafter "Defendant 10 Roads") produces the following documents and/or tangible within the time allotted by the Georgia Rules of Civil Procedure and in conformity with O.C.G.A. § 9-11-34. Plaintiff requests that Defendant 10 ROADS read and abides by the preliminary notes and instructions set forth below.

**PRELIMINARY NOTES AND INSTRUCTIONS**

1. <u>General Notes</u>

Plaintiff requests that Defendant produces and/or makes available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of **KEVIN A. ADAMSON, P.C., 4295 International Boulevard, Suite D, Norcross, Georgia 30093.** Plaintiff asks that all documents produced be identified by a Bates Number in the lower right-hand corner of each

1



document in a manner that does not obscure any written portion of the document so that the parties, and the Court, will be able to readily identify specific documents. Plaintiff also request and insist, consistent with the Georgia Civil Practice Act, that Defendant identifies which numbered documents being produced are responsive to each of Plaintiff's requests. This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant takes the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive.

**Plaintiff requests that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer is to that particular request for documents.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant will provide a copy of your discovery requests on disk.

Plaintiff requests that each Defendant respond to these Request for the Production of Documents individually, separately and completely, and supplement any responses to these Request for the Production of Documents individually, separately, and completely. In

supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2.   Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepares a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted in camera for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37 (d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of Georgia Civil Practice Act.

3.   Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of

production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff before responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will result in waiver of such claims.

    4.   <u>Breadth/Burden Objections</u>

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

    5.   <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's document requests in this Request for the Production of Documents Defendant fails to disclose any fact and then Defendant subsequently discloses such

4

fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## **<u>DEFINITIONS</u>**

As used herein, the terms listed below are defined as follows:

1.   **"<u>Document</u>"** means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.    **"<u>Person</u>"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.   **"<u>You</u>"** or **"<u>your</u>"** or "**Defendant**" refers to Defendant 10 Roads as well as their attorneys, agents and representatives.

4.   **"<u>Subject incident</u>"** or "**<u>Subject occurrence</u>**" refers to the April 29, 2021 vehicle accident described in Plaintiff's Complaint.

5.   (a) **"<u>Identify</u>"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business

5

address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   **__Identify__** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## __REQUESTS FOR PRODUCTION__

Please produce **__true, accurate, and complete__** copies of the following documents and things:

## __CONTENTIONS__

1.   Please produce true, accurate and complete copies of any and all documents relating to any contention you have that Plaintiff was guilty of any act(s) or failure(s) to act that played any part in causing the subject incident or the injuries or damages complained of in this matter.

2.   Please produce true, accurate and complete copies of any and all documents relating to any contention you have that you or any other person was guilty of any act(s) or failure(s) to act that played any part in causing the subject incident or the injuries or damages complained of in this matter.

3.   Please produce true, accurate and complete copies of any and all documents relating to your contention that some other person is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you in this matter.

6

## EXPERT WITNESSES

4.      Please produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at trial to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

5.      Please produce true, accurate and complete copies of the complete file -- including all correspondence and materials reviewed, considered, inspected, authored, generated, or created in any way -- of each individual you expect to call at trial to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

## SUBJECT INCIDENT

6.      Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence relating to the scene of the subject incident, the vehicles involved in the subject incident, Plaintiff, or any other issue in this case.

7.      Please produce true, accurate and complete copies of any and all statements – whether oral, written, recorded, transcribed, summarized, or otherwise memorialized – of any witness, including you, or other persons purporting to have knowledge of any issue in this case.

8.      Please produce true, accurate and complete copies of any and all memoranda, incident reports, or other documents relating to the subject incident or any claim or potential claim arising from the subject incident prepared by you or on your behalf.

9.      Please produce true, accurate and complete copies of any and all documents filed as a part of a claim with any insurer or provided to any insurer or received from any insurer (for any reason) that relates to the incident made the basis of this case.

10.      Please produce true, accurate and complete copies of any and all repair or maintenance

7

records for the 10 Roads truck that Defendant Timothy Nafe (hereinafter "Defendant Nafe") was driving at the time of the subject incident and include such records for the time period one year prior to the subject incident up through and including the present date.

## INSURANCE INFORMATION

11.     Please produce true, accurate and complete copies of any and all insurance, indemnity, joint defense, hold harmless, cooperative, or other agreements by whatever name called, entered into by or on behalf of you and by or on behalf of any other party to this lawsuit.  This includes but is not limited to all policies of insurance (to include the Declarations pages and Certificate of Coverage) which do or may afford liability insurance coverage to this Defendant for the claims made in this lawsuit.   This request includes primary insurance coverage, excess insurance coverage, umbrella coverage or any other type of liability insurance coverage.

12.     Please produce a copy of any and all contract agreements between Defendant 10 Roads and Defendant Nafe").

13.     Please produce a copy of any and all insurance agreements between Defendant 10 Roads and Ten Four Insurance Company.

14.     Please produce a copy of the entire file or case from any adjuster assigned to this claim.

15.     Please produce the adjuster's file kept by your insurance company regarding the subject accident.

## TRIP REPORT

16.     Please produce a copy of all logs or other driving records of Defendant Nafe for the fourteen days prior to April 29, 2021, subject incident, the date of said incident, and the seven days subsequent to said incident.

17.     Please produce copies of any and all trip sheets, bills of lading, shipping documents, hotel

receipts, restaurant receipts, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by Defendant Nafe at the time the subject incident occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

18.    Please produce any and all inspection reports for the vehicle involved in the subject incident for the 60 days prior to the incident up through and including the date of the incident.

19.    Please produce any and all annual inspection reports for the vehicle involved in the subject incident for the preceding five years.

## **DRIVER INFORMATION**

20.    Please produce a copy of the driving history and all driving records of Defendant Nafe, along with a copy of the motor vehicle report, or a report by any other name reflecting the driving history of said driver for the previous ten years.

21.    Please produce a complete copy of the driver qualification file and your personnel file maintained concerning Defendant Nafe.

22.    Please produce copies of any and all medical reports, medical tests, alcohol or drug screens or tests of any other kind by any other name performed upon Defendant Nafe by any medical provider or law enforcement agency either prior to, immediately subsequent to, or as a result of the subject collision that forms the basis for the Complaint.

23.    Please produce the accident register with respect to Defendant Nafe.

24.    Please produce the driver logs kept by Defendant Nafe for the date of the subject accident.

## **OTHER SIMILAR INFORMATION**

25.    Please produce a copy of any documentation of any kind received by Defendant 10 Roads from any person, corporation or insurer relative to the performance and/or qualifications of a driver

to include criticisms, reprimands, infractions, discharges, firings or other commentary (that reflects positively or negatively on his driving) concerning his or her work or background as a driver from the time he began driving up through and including the date of the subject incident and any information received concerning the subject incident subsequent to the date of the subject incident. This request includes any motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record and driving infractions of your drivers or subcontracted drivers.

## POLICIES AND PROCEDURES

26.    Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant Nafe or any handbook in force and effect for drivers of Defendant 10 Roads at the time of the subject incident.

27.    Please produce copies of any policies relating to the supervision or hiring of employees that were in effect at the time of Defendant Nafe' employment including the date of the subject incident.

28.    Please produce copies of any and all documents, photographs, sound or video recordings, or any documentation of any kind that concerns Plaintiff Thomas's prior physical or medical condition, current physical or mental condition, or anything else relative to her injuries or damages that have not been supplied to you by Plaintiff's counsel.

*(Signature on Following Page)*

10

This 20th day of April 2023.

**KEVIN A. ADAMSON, P.C.**

*/s/ Kevin A. Adamson*
Kevin A. Adamson, Esq.
Georgia Bar No.: 004851
*Attorney for Plaintiff*
Dustin L. Crawford
Georgia Bar No. 758916

4295 International Blvd., Suite D
Norcross, Georgia 30093
D:  404.581.9100
F:   404.581.9111
E: kevin@kaapc.com
    dustin@kaapc.com