### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **CHARLES M. GENTRY,** | ) | |
|     Plaintiff, | ) | **Civil Action No.** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF FOREST PARK, GEORGIA** | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

**COMES NOW,** Plaintiff Charles M. Gentry, ("Mr. Gentry" or "Plaintiff"), by and through undersigned counsel, and, hereby files this Complaint against Defendant City of Forest Park ("Defendant"), as follows:

### Introduction

1.

This is an action brought by Plaintiff against Defendant for unlawful employment practices, race discrimination, violations of federal constitutional rights, and for attorneys' fees.

### Jurisdiction and Venue

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 USC § 1331, 28 USC § 1343, 29 USC § 621 *et seq.,* and 42 USC § 2000e-5(f).

3.

This civil rights action is brought pursuant to 42 U.S.C. § 1983, the Equal Protection Clause of the United State Constitution, 42 U.S.C. §1981, and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Age Discrimination in Employment Act of 1967, as amended ("ADEA"), to correct Defendant's unlawful employment practices on the basis of race and age.

4.

Jurisdiction and venue are proper in this Honorable Court.

## The Parties

5.

Defendant is a municipal corporation charted by the State of Georgia, has more than twenty employees, and qualifies as an employer under Title VII, 42 USC § 2000e(b), and the ADEA, 29 USC § 630(b).

6.

Defendant may be served through its Mayor Angelyne Butler per Fed. R. Civ. P. 4(j)(2) and/or O.C.G.A. § 9-11-4(e)(5).

7.

Plaintiff Charles M. Gentry is a natural person over the age of forty, who is now and has been a resident of the State of Georgia at all times relevant to the facts of this Complaint.

### TITLE VII & ADEA Administrative Prerequisites

8.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on June 21, 2022—within 180 days of his termination on February 21, 2022[1].

9.

Plaintiff received the Notice of Right to Sue on March 2, 2023, and instituted this civil action timely.

### Factual Background

10.

Plaintiff has served the Forest Park Police Department since May 21, 1997.

---

[1] Plaintiff is a state employee, and the 180-day deadline is extended to 300 days since Georgia has state and local anti-discrimination laws governed by a Fair Employment Practices Agency. *See, e.g.,* O.C.G.A. § 45-19-36 *et. seq.;* 29 C.F.R. § 1601.13(a)(4); https://www.eeoc.gov/field-office/atlanta/timeliness ("A State of Georgia government employee... has 300 days from the date of alleged harm to file a charge with the EEOC for discrimination based on race...").

11.

In or around October 2018, Defendant's Council Members unlawfully terminated former Chief of Police L. Dwayne Hobbs[2] because they wanted to "move in a different direction."

12.

After the unlawful termination of Chief Hobbs, Defendant hired an African American Chief of Police, Nathaniel Clark, in or around May 2019.

13.

Defendant, by and through its agents, representatives, and employees, including Chief Clark, thereafter engaged in, and continue to engage in, a pattern of discrimination by terminating Caucasian employees, including Plaintiff, and other leadership positions on the basis of race.

14.

Since summer of 2019, nearly eighty percent of Caucasian command staff members have been terminated, forced to resign, or chosen to retire because of Defendant's unlawful and discriminatory employment practices.

---

[2] Although at different times, former Chief of Police L. Dewayne Hobbs and former Major Chris Matson have made similar allegations of unlawful termination and discrimination against Defendant because of race. A lawsuit is pending in U.S. District Court of the Northern District of Georgia, Atlanta Division. *L. Dwayne Hobbs v. City of Forest Park, Georgia,* CAFN: 1:20-cv-04009-AT-RDC (N.D. Ga., Sept. 29, 2020); *Chris Matson v. City of Forest Park, Georgia* CAFN: 1-20-cv-04880-LMM-RDC (N.D. Ga., Dec. 2, 2020).

15.

Caucasian employees have filed grievances and lawsuits based on these discriminatory practices, but the Defendant, by and through its agents, representatives, and employees, have ignored and failed to remedy them.

16.

Some Caucasian employees of the department were forced to seek new employment at other agencies because of the same concerns regarding the intentional, unlawful employment practices and race discrimination.

17.

As to Plaintiff's particular employment experience and history, in or around February 2021, Plaintiff was promoted to Deputy Chief for the police department and the last Caucasian employee in leadership.

18.

In or around September 1, 2021, Walter Freeman, a Caucasian police officer, emailed a resignation letter to Defendant's employees and City Council Members.

19.

On or around the same day, Major Sandra Johnson called Plaintiff and warned him that he "needed to get your people in check," referring to Officer Freeman's resignation letter and email.

20.

Plaintiff understood this to mean that he needed to quiet other Caucasian officers who spoke out about the work conditions and unlawful employment practices or suffer possible termination.

21.

Major Johnson reiterated that Plaintiff works for Chief Clark, and he would do best to get the Caucasian officers "in check."

22.

Around the same time, Tyler Edwards, an African-American police officer, provided Plaintiff a PowerPoint presentation. On slide 11 when referring to hiring practices and morale of the department, Officer Edwards wrote "Only minorities are being hired since May 2019." This is direct evidence of intentional discrimination by Chief Clark and authorized by the Defendant.

23.

In or around November 2021, Chief Clark and Plaintiff spoke about his future employment and potential retirement. Plaintiff expressed a desire that he wished to remain employed for twelve more years but fourteen years would be better.

24.

In response, Chief Clark indicated that Plaintiff would not be around or remain employed because of his age.

25.

In or around February 2, 2022, Chief Clark terminated Plaintiff's employment for a multitude of pre-textual, unfounded reasons related to bad press associated with the handling of the retirement of K-9 officer and police dog, among other reasons.

26.

Plaintiff believes and avers that these alleged violations were contrived, pretextual and used to terminate him because of his race and age.

27.

Defendant's Council Members have stated openly in public numerous times that they wanted African Americans to serve in the command structure of the Forest Park Police Department.

28.

Defendant's Council Members have also mandated that non-Caucasian individuals should receive preference in positions of employment and leadership throughout the Defendant's departments.

29.

The Defendant's unlawful employment practices and discrimination have been so obvious that Captain Podsiadly, a twenty-four-year employee with Defendant, noted in an April 6, 2020 retirement statement that "[s]ince Chief Clark's appointment as Chief, I (and many others) noted that [Defendant's] recruitment efforts solely focused on black officers."

30.

After 23 years and 9 months of service to Defendant and the community, Plaintiff's employment was terminated and upheld by City Manager Dr. Marc-Antonie Cooper on February 21, 2022.

## COUNT I
## DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF TITLE VII

31.

Plaintiff incorporates paragraphs 1-30 above as if set forth fully herein.

32.

Plaintiff is Caucasian.

33.

Plaintiff is and was qualified for the position from which he was terminated.

34.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when it terminated same on the basis of his race in violation of Title VII.

35.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when he was terminated but similarly situated African American employees were not.

36.

Plaintiff believes, and thus avers, that the effect of the Defendant's unlawful employment practice has been to limit, classify and discriminate against Caucasians in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of Title VII; and Plaintiff, who is a victim of such practices, was unlawfully deprived of income in the form of wages, prospective monetary benefits, and various other benefits solely because of his race in sums to be proved at trial.

37.

Plaintiff is entitled to an award of back pay and benefits, front pay, compensatory damages, attorneys' fees, and all other appropriate relief, damages,

and remedies available under Title VII and all federal statutes providing remedies for violations of Title VII.

**COUNT II**
**DENIAL OF EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTUTITION BY DEFENDANT & DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF 42 U.S.C. § 1981 THROUGH 42 U.S.C. § 1983**

38.

Plaintiff incorporates paragraphs 1-37 above as if set forth fully herein.

39.

Plaintiff is Caucasian and was terminated by Defendant because of his race.

40.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when it terminated same on the basis of his race in violation of 42 U.S.C. §§ 1981 and 1983

41.

Defendant discriminated against Plaintiff on the basis of race by terminating him as part of a larger unlawful employment scheme, policy, and practice for preference of African Americans to the detriment of others.

42.

Defendant did so in violation of clearly established constitutional and statutory prohibitions.

43.

Defendant, by and through its agents, representatives, and employees, took these actions as part of an unofficial government policy or custom which intentionally and unlawfully discriminates against Caucasian employees and applicants.

44.

Defendant took these actions with knowledge that same were in clear violation of constitutional, federal, and state laws.

45.

The conduct of the Defendant, by and through its agents, representatives, and employees, in the termination of Plaintiff on the basis of race violated rights guaranteed by the Fourteenth Amendment to the United States Constitution.

46.

Defendant terminated at least ten other Caucasian employees under same or similar pretextual circumstances and unlawful discriminatory reasons.

47.

Defendant, by and through its agents, representatives, and employees, proximately caused these violations of Plaintiff's rights and so acted under color of state law and local ordinances, regulations, customs, and usages of Defendant in violation of 42 U.S.C. § 1983.

48.

Pursuant to 42 U.S.C. § 1981 as effectuated by 42 U.S.C. §1983, Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, punitive damages, attorney's fees and all other appropriate damages, remedies and other relief against Defendant because of the unlawful employment practices and discrimination against him on the basis of race as part of a larger scheme, policy, and practice in violation of clearly established law.

## COUNT III
## AGE DISCRIMINATION

49.

Plaintiff incorporates paragraphs 1-48 above as if set forth fully herein.

50.

It is unlawful for any employer to "discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." ADEA, 29 USC § 623(a)(1).

51.

It is also unlawful for an employer to "limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the status of an employee, because of such individual's age." ADEA, 29 USC § 623(a)(2).

52.

As an individual over the age of forty years, Plaintiff is in a protected class.

53.

The adverse employment action was Plaintiff's wrongful and illegal discharge based upon his age in violation of the ADEA by Defendant, by and through its agents, Chief Clark and City Manage Cooper.

## COUNT IV
## PUNITIVE DAMAGES

54.

Plaintiff incorporates paragraphs 1-53 above as if set forth fully herein.

55.

Defendant's actions and omissions were willful, wanton, purposive, and malicious.

56.

By and through its agents, representatives, and employees, Defendant acted with the entire want of care which raises the presumption of conscious indifference to the consequences thereof.

57.

By and through its agents, representatives, and employees, Defendant acted with the specific intent to cause Plaintiff harm.

58.

Plaintiff is, therefore, entitled to recover uncapped punitive damages from Defendant per OCGA § 51-12-5.1 in amount to be determined by the enlightened conscience of an impartial jury.

**WHEREFORE**, per Federal Rule 38, Plaintiff respectfully demands a jury trial on all issues and that he be granted the following relief:

(a)   A declaratory judgment that Defendant violated Title VII, 42 U.S.C. § 1981 through 42 U.S.C. § 1983, ADEA, 29 USC § 621 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(b)   A permanent injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII, ADEA, or other federally guaranteed rights of employment;

(c) An award of back pay and benefits, front pay, compensatory damages, attorneys' fees, and all other appropriate relief, damages, and remedies available under Title VII and ADEA.

(d) Compensatory damages in an amount to be determined by the enlightened conscience of a jury for emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life for violations of Title VII, ADEA, and federally protected constitutional rights;

(e) Reasonable attorneys' fees and costs allowed by Title VII, 42 U.S.C. § 1988, ADEA, 29 USC § 626, and as otherwise permitted by law;

(f) An award of punitive damages for such willful, wanton, purposive, and malicious conduct; and

(g) Other and further relief as the Court deems just and proper.

Respectfully submitted, this <u>30th</u> day of May 2023.

                                              **STEVEN N. NEWTON, LLC**

                                              <u>*/s/Steven N. Newton*</u>
                                              **STEVEN N. NEWTON**
                                              Georgia Bar No. 211382

401 Westpark Court, Suite 200
Peachtree City, Georgia 30269
Phone: 678-837-6398
Facsimile: 678-831-0707
Email: steven@mynewtonlaw.com
       snnewtonlaw@gmail.com
    *Counsel for Plaintiff*