## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AMANDA WANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, AMANDA WANN ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"):

### Nature of the Action

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2.     Plaintiff is a natural person at all times relevant residing in Forsyth County, in the City of Cumming, in the State of Georgia.

3.     At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681(a)(c).

4.     Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Irvine, California.

5.     Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6.     Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.     Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8.     Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9.     At all times relevant to this Complaint, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2

11.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN and has suffered particularized and concrete harm.

13.     CRAs, including EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.     On or about November 13, 2019, Plaintiff and COMENITY BANK settled an account ("Account") for $1121.12.

15.     Plaintiff made a single payment pursuant to the agreement and, on or about November 13, 2019, Plaintiff satisfied the settlement terms by making a final payment, totaling $1121.12 pursuant to the agreement.

16.     On March 31, 2022, Plaintiff received a copy of her credit report from EXPERIAN.

17.     To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EXPERIAN reported the Account as "Charged Off." This status was inaccurate because both Plaintiff and COMENITY BANK agreed to a payment plan to satisfy the outstanding debt and Plaintiff had met every obligation under the agreement.

18.     In addition to the incorrect status, EXPERIAN reported the account with a balance being owed of $1681.00.

19.     On March 31, 2022, Plaintiff issued a dispute to EXPERIAN regarding the incorrect information being reported on the Account.

20.     Specifically, Plaintiff disputed the incorrect entry in her credit report that the account was in a "Charged Off" status and that any balance was owed on the account.

21.     Further, Plaintiff included proof of the settlement and payment to COMENITY BANK with her dispute letter.

22.     However, despite having received the letter and accompanying proof of payment, EXPERIAN continued to report the account as having a current status of "Charge Off" and having an outstanding balance.

23.    Once again on June 15, 2022, Plaintiff wrote another letter to EXPERIAN disputing the inaccuracies of the Account and asking EXPERIAN to reinvestigate the inaccuracies.

24.    However, despite having received the second letter and accompanying proof of payment, EXPERIAN continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $1681.00

25.    As of May 6, 2023, EXPERIAN continues to report the Account incorrectly, reporting a pay status of "Charge Off" and having a balance owed.

26.    The aforementioned information reported by EXPERIAN regarding the Account with COMENITY BANK is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and COMENITY BANK.

27.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

28.    If EXPERIAN would have complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

29.     As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

30.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

31.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32.     After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

33.     EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

34.     As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

36.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

37.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

38.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

40.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

41.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a jury trial on all issues so triable.

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

Pursuant to Local rule 7.1D, counsel hereby certifies that the foregoing pleading was

prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1C.


                                        Respectfully submitted,

Dated: May 30, 2023                     By:*/s/ C. M. Douglas*
                                        Chaka M. Douglas ("Chuck")
                                        *cmdouglas@wd-law.net*

WAKHISI-DOUGLAS, LLC
1055 Howell Mill Road, Suite 800
Atlanta, Georgia 30318                  Attorneys for Plaintiff, Amanda Wann
(404) 566-2320 (Phone)
(866) 566-1232 (Fax)