UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA

| | |
|---|---|
| THOMAS M. DI GREGORIO SR. and BELEN NATALY TREJO, | CIVIL ACTION NO. |
| Plaintiffs, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| JULIE A. SU, Acting Secretary of Labor, MERRICK GARLAND, Attorney General of the U.S., BRENT PARTON, Principal Dep. Assistant Secretary for ETA, DOL, and SEEMA NANDA, Solicitor of Labor, DOL, | AGENCY CASE NO. A-21272-51845 |
| Defendants. | |

Plaintiffs, Thomas M. di Gregorio, Sr. ("plaintiff-employer") and Belen Nataly Trejo ("plaintiff-worker"), by and through their undersigned counsel, allege as follows:

## I. INTRODUCTION

1. This civil action seeks judicial review of an arbitrary and capricious denial of ETA Form 9089, Application for Permanent Employment Certification ("PERM Application") by the U.S. Department of Labor ("DOL") through its Atlanta National Processing Center ("NPC"), which amounts to an abuse of discretion. *See* ETA Form 9089 Denial, Ex. A.

2. On October 12, 2021, Defendant DOL accepted plaintiff-employer's PERM Application, filed on behalf of plaintiff-worker for the position of Household Manager. *See* Exhibit A, page 2, and Full Request for Reconsideration, Exhibit B, pages 16-17.

3. Defendant DOL denied the certification of the PERM Application on May 19, 2022, without issuing a notice of audit or other option to remedy what Defendant DOL found to be lacking. *See* Exhibit A and Exhibit B.

4. Plaintiff-employer submitted a request for reconsideration with Defendant DOL on June 15, 2022. Defendant DOL responded, on January 23, 2023, by refusing to reverse its denial. *See* Decision Denying Reconsideration, Exhibit C.

5. Defendant DOL violated the Administrative Procedure Act ("APA") when it arbitrarily and capriciously denied plaintiff-employer's PERM Application. *See* Ex. A-C.

6. Plaintiffs bring this action pursuant to Section 10b of the APA, seeking to hold unlawful and set aside the May 19, 2022 decision by the DOL's National Processing Center, denying the certification of the PERM Application. *Id.*

7. The PERM Application was denied certification on the ground that plaintiff-employer incorrectly listed the sponsored job as non-professional, and failed to conduct an additional three (3) requirement steps for a professional occupation. Defendant DOL gave no other reason for the denial. *See* Exhibits A and C.

8. In the instant case, Defendant DOL misconstrued and/or misapplied its regulations and procedures by determining that the position of "Household Manager" was a professional occupation and requiring three (3) additional steps of professional recruitment for a non-professional occupation. *See* Exhibits A and C.

9. Plaintiff-employer submitted a prevailing wage determination request to Defendant DOL for this case and requested the wage under Standard Occupational Classification ("SOC") 37-2012, which is the occupation code for "Maids and Housekeeping Cleaners." This occupation, according to Defendant DOL, requires "Little or No Preparation Needed." *See* OFLC DataCenter Results, 37-2012, Exhibit D, and O*Net webpage "Job Zones," Ex. E.

10. Defendant DOL issued the prevailing wage determination with the occupation code of 11-9141 (Property, Real Estate, and Community Association Managers), even though this was not the best match for the duties provided in the prevailing wage request which included:

> Manage household for family. Make grocery and household supply lists and ensure that grocery and household shopping is done…maintain the family home in tidy condition…Launder and put away clothing and linens…

*See* Exhibit B, page 4.

11. The normal education range for the occupation substituted by Defendant DOL is "JobZone Four," meaning "Considerable Preparation Needed". DOL literature explains that for JobZone Four occupations, most require "a four-year bachelor's degree, but some do not." Exhibit E. Nevertheless, this SOC code is not included in the Appendix A (either the old version or the new version) and thus is not considered a professional occupation by the DOL.

12. Plaintiff-employer understood that the SOC Code provided by DOL in the Prevailing Wage Determination was not the best match for the duties. Plaintiff-employer weighed several considerations carefully before filing the PERM application. He considered whether the wage provided was acceptable and in line with the offered wage and whether or not this particular SOC code was listed in Appendix A and required professional recruitment. Plaintiff-employer was comfortable and able to pay the prevailing wage and it was lower or equal to the proffered wage and the SOC code for 11-9141 (Property, Real Estate, and Community Association Managers) was not considered to be a professional position according to DOL's Appendix A. Plaintiff-employer filed its PERM application with its Household Manager duties, a minimum job requirement of a high school diploma, and an indication that this sponsored job was not in a professional occupation. *Id.*

13.     Defendant DOL denied certification on May 19, 2022, incorrectly finding that the occupation code of 11-9141 was proper and that additional recruitment was required for this "professional occupation." Exhibit A, page 4.

14.     Plaintiff-employer timely filed a request for reconsideration with Defendant DOL, explaining that the agency should not have required professional recruitment, based on the absence of SOC code 11-9141 from the Appendix A. Defendant DOL issued a decision, dated January 23, 2023, that disagreed and **incorrectly** stated that the occupation was a professional occupation and that it appeared in the Appendix A list of professional occupations, as published by the agency. Ex. C, p. 2-5.

15.     The denial of reconsideration oddly notes that plaintiff-employer argued that because his PERM application was filed on October 12, 2021, that it should not be adjudicated using the updated Appendix A that was published effective July 1, 2022. The DOL's May 19, 2022 decision describes plaintiff-employer's argument on this issue, but does not give any response or analysis. **Neither the previous, nor the updated Appendix A, include SOC Code 11-9141 as a professional occupation.** The decision just states that, "As a result of the foregoing, the employer should have marked Section I-1 'Yes' and should have listed three additional recruitment steps in Sections I-13 and I-22. Consequently, the Certifying Officer has determined these reasons for denial to be valid, pursuant to 20 CFR §656.17(e)(1)(ii)." Exhibit C, pages 4-5.

16.     Defendant DOL has not issued a denial that validly explains why it is requiring the employer to have conducted additional recruitment as if the position were a professional occupation, even though neither SOC Code is included in the old nor updated Appendix A of professional occupations. *Id.*

17.     Because plaintiff-employer's PERM Application was properly submitted, per applicable regulations and per binding BALCA precedents, and because no professional recruitment is legally

required for labor certification of non-professional occupations, Defendant DOL's denial of his PERM Application is contrary to agency guidance, established legal precedents, and is arbitrary, capricious, and an abuse of discretion. *See generally,* Ex. A-E.

18. This action seeks injunctive and declaratory relief to compel Defendant DOL to reopen and certify plaintiff-employer's PERM Application on behalf of plaintiff-worker.

19. Plaintiffs seek an order from this Honorable Court holding unlawful and setting aside Defendant DOL's decision denying certification for the PERM Application and ordering Defendants to certify said ETA Form 9089, Application for Permanent Employment Certification within fourteen (14) days of an Order of this Court.

20. Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.SC. § 504 and 28 U.S.C. § 2412(d), *et seq.*

## II. JURISDICTION

21. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. § 1331 (federal question jurisdiction), because plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including those sections of the INA implemented at 20 C.F.R. §656). This Court may grant relief in this action under 5 U.S.C. § 553, *et seq.,* and §§ 701, *et seq.*; and 28 U.S. §§ 2201, *et seq.* (Declaratory Judgment Act).

22. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over a broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of

administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F. Supp. 2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion).

23.   8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging decisions by the defendants to deny certification of the subject PERM Application, which decisions were arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

### III. VENUE

24.   Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1), because plaintiff-employer resides in Acworth, Georgia, within the Northern District of Georgia, and no real property is involved in this action.

### IV. PARTIES

25.   Plaintiff-employer, Thomas M. di Gregorio, Sr., resides in Cobb County, Georgia. He filed his PERM Application on behalf of plaintiff-worker. *See* Exhibits B, pages 16-21.

26. Plaintiff-employee is temporarily located in Florida and will relocate to Georgia when his I-140 immigrant petition for alien worker and/or immigrant visa are approved.

27. Julie A. Su is the Acting Secretary of Labor, who is named herein only in her official capacity, as well as her successors and assigns. She is charged with overseeing certain portions of the U.S. employment-based immigration system, including the adjudication of PERM Applications through its Employment and Training Administration, Office of Foreign Labor Certification at its Atlanta National Processing Center. *See* Exhibits A and C. The DOL is headquartered at 200 Constitution Avenue, N.W., Washington, DC. Defendant Su performs her duties, and resides for purposes of venue, within the District of Columbia.

28. Merrick Garland is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the U.S. Department of Justice ("DOJ") and Federal Bureau of Investigation. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

29. Brent Parton is the Principal Deputy Assistant Secretary for Education and Training, which a sub-office within the U.S. Department of Labor. Defendant Parton is named herein in his official capacity only, as well as his successors and assigns. He is generally charged with overseeing the DOL's Employment and Training Administration, which is responsible for adjudicating PERM applications. Defendant Parton performs his duties, and resides for purposes of venue, within the District of Columbia.

30.  Seema Nanda is the Solicitor of Labor, and is named herein in her official capacity only, as well as her successors and assigns.  She is charged with providing legal advice to the Secretary of the U.S. Department of Labor and the DOL's client agencies, including providing legal opinions and advice concerning the DOL's activities.  She performs her duties, and resides for purposes of venue, within the District of Columbia.

## V. STATEMENT OF FACTS

31.  On October 12, 2021, Defendant DOL accepted plaintiff-employer's Application for Permanent Employment Certification, ETA Form 9089 (the "PERM Application"), filed on behalf of plaintiff-worker for the position of "Household Manager".  *See* Exhibit B, page 17.

32.  Defendant DOL denied the certification of the PERM Application on May 19, 2022, without issuing a notice of audit or request for further information.  *See* Exhibit A.

33.  Defendant DOL, in its denial, noted that the PERM Application was denied certification on the ground that plaintiff-employer was required to disclose in its PERM application that the sponsored job was in a professional occupation, and to conduct three additional forms of professional recruitment for the job.  *See* Exhibit A.

34.  Defendant DOL issued a prevailing wage determination with SOC code 11-9141 (Property Managers) instead of the SOC code 37-2012 (Cleaners) that was recommended by Plaintiff-employer.  Exhibit B, page 4.

35.  Plaintiff-employer properly filed its PERM application with DOL, including the same job duties included in its prevailing wage determination request (cleaning, grocery shopping, etc.) and same minimum qualification of a high school diploma.  *Id.*

36.     Defendant DOL denied Plaintiff-employer's PERM application on May 19, 2022, finding that the occupation code of 11-9141 was correct and that professional recruitment was required for this job opening.  Exhibit A.

37.     Plaintiff-employer timely filed a request for reconsideration, explaining that no professional recruitment was required because the SOC Code 11-9141 was not included in the Appendix A of professional occupations.  The SOC Code 11-9141 is still absent from the updated Appendix A of professional occupations which was not applicable at the time of the filing of this application.  *See* Exhibits B and C.

38.     Defendant DOL abused its discretion, acted arbitrarily and capriciously, and violated the law, by failing to follow established precedent and binding policies, and by applying Appendix A on Plaintiff-employer's PERM application, when SOC code 11-9141 was not included in the updated (or previous) Appendix A.  *See* Ex. B and C.

39.     Because the ETA Form 9089 was properly submitted per applicable federal law and binding BALCA precedent, and because SOC Code 11-9141 is not included in applicable Appendix A (nor the updated Appendix A), which indicates that the DOL does not consider the position proffered to be a professional occupation requiring the three additional recruitment steps, defendant DOL's denial of the subject PERM Application is contrary to established legal precedents, and is arbitrary, capricious, and an abuse of discretion.  *See generally* Ex. A-F.

40.     Because plaintiff-employer properly filed the PERM Application in accordance with the law, as well as in accordance with myriad BALCA decisions interpreting such law, the subject PERM Application was improperly denied certification.  *Id.*

## VI.  CLAIMS FOR RELIEF

### Count I

### (APA Violation by DOL of 5 U.S.C. § 701, *et seq.*)

41.  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

42.  The Administrative Procedure Act ("APA") requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See,* 5 U.S.C. § 706(2)(A)

43.  Defendant DOL's decision, dated May 19, 2022, denying certification for plaintiff-employer's ETA Form 9089, was arbitrary, capricious, an abuse of discretion, and not in accordance with law.  Defendant DOL acted arbitrarily, capriciously, abused its discretion, and acted not in accordance with law when it ignored the applicable and updated versions of Appendix A of professional occupations (which does not include 11-9141 as a professional occupation) and applied them to plaintiff-employer's PERM Application.  *See* Ex A - C.

44.  There is no valid requirement for DOL to enforce that makes the job of "Household Manager," as described in the PERM application, a professional occupation, or that requires three (3) additional forms of professional recruitment for this PERM application.  *Id.*

45.  Defendant DOL's arbitrary, capricious, *ultra vires*, and otherwise unlawful act of denying certification of this PERM Application has caused, and is causing, plaintiffs ongoing and substantial injuries.

**Count II**

**(Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705)**

46.     Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff pending conclusion of the review proceedings.

47.     Postponing the effectiveness of the denial of certification of the subject ETA Form 9089 will not cause any harm whatsoever to defendants.

## VII.  INJURIES TO PLAINTIFFS

48.     Defendant DOL's arbitrary, capricious, *ultra vires,* and otherwise unlawful decision to deny certification of the subject ETA Form 9089 has caused, and is causing, plaintiffs substantial harm.  Without a certified PERM Application, plaintiff-worker is unable to perform services for plaintiff-employer, Thomas M. di Gregorio, Sr. and his family.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Declare that Defendants' action in denying certification of plaintiff-employer's PERM Application to be unlawful and set aside the decision;

2. Compel Defendant Acting Secretary Julie A. Su, and Defendant Principal Deputy Assistant Secretary Brent Parton, to reopen and certify plaintiff-employer's PERM Application within fourteen (14) days of an Order of this Court;

3. Grant such other relief as this Court deems proper under the circumstances; and

4. Grant attorney's fees, expenses, and costs of court to plaintiffs, pursuant to the Equal Access to Justice Act ("EAJA").

Respectfully submitted on this 30th day of May 2023.

/s/Elizabeth L.A. Garvish, Esquire
Elizabeth L.A. Garvish
Georgia Bar # 287193
Garvish Immigration Law Group, LLC
2983 Hardman Court, NE
Atlanta, GA 30305
Tel: (800) 951-4980
Fax: (800) 983-3554
E-mail: egarvish@goimmigrationlaw.com

s/Brian Scott Green, Esquire_____
Brian Scott Green
Colorado Bar # 56087
Motion for *pro hac vice* forthcoming
LAW OFFICE OF BRIAN GREEN
9609 S University Boulevard, # 630084
Littleton, CO 80130
Tele: (443) 799-4225
E-mail: briangreen@greenUSimmigration.com

Attorneys for Plaintiffs