## **Table of Exhibits**

DOL Decision on ETA Form 9089 (May 19, 2022)…..…………..……..……Exhibit A

Reconsideration Request (June 13, 2022)...……………………………..…Exhibit B

DOL Denial of Reconsideration (January 23, 2023)………………………Exhibit C

DOL OFLC Wage Search Results (SOC Code 37-2012)…………………..Exhibit D

DOL O*NET Online Help – Job Zones……………………………………Exhibit E

DOL OFLC Wage Search Results (SOC Code 11-9141)…………………..Exhibit F

# EXHIBIT A

**U.S. Department of Labor**          **Employment and Training Administration**
                                      Office of Foreign Labor Certification
                                      200 Constitution Avenue NW, Room N-5311
                                      Washington, DC 20210

May 19, 2022

THOMAS M DI GREGORIO SR
c/o Garvish Immigration Law Group, LLC          ETA Case Number: A-21272-51845
Elizabeth L. Garvish                      Foreign Worker's Name: BELEN NATALY
2970 Peachtree Road NW, Suite 525                                 TREJO
Atlanta 30305                                  Occupation Title: Household Manager
                                               Occupation Code: 11-9141
                                                 Priority Date: OCTOBER 12, 2021

Dear THOMAS M DI GREGORIO SR,

The United States Department of Labor has made a determination on your Application for
Permanent Employment Certification (Form ETA 9089) pursuant to Departmental regulations at
20 CFR §656.24 and as required by the Immigration and Nationality Act (INA), as amended.
**Form ETA 9089 has not been certified**. A certification cannot be issued as required by Section
212(a)(5)(A) of the INA, as amended. The reasons for denial are outlined in the attachment
"Reasons for Denial." A request for review of this denial may be made to the Board of Alien
Labor Certification Appeals (BALCA) by the employer. When seeking review of this
determination, the request must be in accordance with the following:

1. The request for review must be in writing;

2. The request must clearly identify the particular labor certification determination from
   which review is sought;

3. The request must set forth the particular grounds for the request;

4. The request must include all the documents that accompany this Final Determination
   form;

5. The request for review, statements, briefs, and other submissions of the parties and
   amicus curiae must contain only legal arguments and only such evidence that was within
   the record upon which the denial of the labor certification was based; and

6. The request must be mailed to the attention of the Certifying Officers who denied the application within **30 calendar days** of the date of this determination. **The required documentation must be submitted by 11:59 PM EST.**

If this application was denied because it was incomplete or because the employer did not submit documentation requested by the Certifying Officer to finalize review of the application by the date specified, the failure to provide the requested documentation in a timely manner constitutes refusal to exhaust available administrative remedies and the employer cannot request review of this denial with BALCA as outlined in §656.26.

Failure to request review within 30 calendar days, as specified in §656.26, constitutes a failure to exhaust administrative remedies.  If a request for review is not made within 30 calendar days, the denial shall become the final determination of the Secretary.  If an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at §656.26(a) and (b), a new application may be filed. *A new application in the same occupation for the same alien cannot be filed while a request for review is pending with the Board of Alien Labor Certification Appeals.*

Alternatively, the employer may request that the Certifying Officer reconsider the denial. This request must be filed within 30 calendar days of the denial. The Certifying Officer may, in his or her complete discretion, reconsider the determination or treat it as a request for review under §656.26(a).

If the Certifying Officer upholds his or her decision on reconsideration, the employer will receive notice and given the option to request review from BALCA no later than 30 calendar days after the date of issuance of the Notice of Decision on the reconsideration. Please note that this represents a change in the process for handling requests for reconsideration. The Certifying Officer no longer automatically forwards cases to BALCA for review when he or she denies a request for reconsideration.

Sincerely,


PERM Certifying Officer

Enclosure:  Reasons for Denial


CC:  THOMAS M DI GREGORIO SR

**Reasons for Denial**

**Case # A-21272-51845**

Your Application for Permanent Employment Certification was not certified due to the following:

**Denial Reason #1:**

The ETA Form 9089 indicates the application is not for a professional occupation. Specifically, the employer checked "No" in Section I-a.1 that the application is not for a professional occupation. However, the SOC/O*NET OES Code of 11-9141 entered in Section F-2 is considered a professional occupation given that it is listed in Appendix A to the Preamble-Professional Recruitment Occupations. Since the employer indicates the application is not for a professional occupation, which is listed on Appendix A, the application is denied.

AUTHORITY FOR DENIAL: In accordance with the Department's regulations at 20 CFR § 656.17(e), except for labor certification applications involving college or university teachers selected pursuant to a competitive recruitment and selection process (§656.18), Schedule A occupations (§§656.5 and 656.15), and sheepherders (§656.16), an employer must attest to having conducted the following recruitment prior to filing the application

**Denial Reason #2:**

The ETA Form 9089 indicates the employer conducted none of the additional recruitment steps required for a professional occupation. The occupation title and/or SOC/O*NET code listed in Sections F-2 and F-3 of the application appear in Appendix A. Since the employer did not perform the additional recruitment steps for a professional occupation, the application is denied.

DENIAL AUTHORITY: Pursuant to 20 CFR § 656.17(e)(1)(ii), the employer must select three additional recruitment steps from the alternatives listed in paragraphs (e)(1)(ii)(A)-(J) of this section, when recruiting for professional occupations.

The employer is reminded that, as an alternative to filing an appeal, i.e., either a request for reconsideration pursuant to 20 CFR 656.24 or request for review, pursuant to § 656.26, it may correct the deficiencies as outlined in the denial and submit a new application to the Atlanta National Processing Center for review.

The employer now has the opportunity to directly upload its documents in the PERM Case Management System (CMS) without having to send its documents to the helpdesk or via postal mail. To learn how you can upload your documents please

click here (https://www.foreignlaborcert.doleta.gov/pdf/PERM_Webinar_Training_Presentation-05.10.17.pdf ) and go to page 31 and follow the steps.

# EXHIBIT B



Elizabeth L.A. Garvish
EGarvish@goimmigrationlaw.com

2970 Peachtree Road, Suite 525
Atlanta, Georgia 30305
Tel: 1.800.951.4980  Fax: 1.800.983.3554

June 13, 2022

U.S. Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
Washington D.C. Processing Center
200 Constitution Avenue NW, Room N-5311
Washington, DC 20210
ATTN: Certifying Officer

RE:   **Request for Reconsideration for ETA CASE NUMBER A-21272-51845**
   **Employer's Name:** **THOMAS M DI GREGORIO SR**
   **Alien's Name:**  **BELEN NATALY TREJO**
   **Occupation:**   **Household Manager**
   **SOC Code:**   **21-2021**

Dear Sir/Madam:

We are in receipt of your determination dated May 19, 2022 denying certification of Form ETA 9089 filed by Thomas M Di Gregorio Sr. on behalf of Ms. Belen Nataly Trejo.  We hereby timely submit this Request for Reconsideration.

1.  Request for Reconsideration of Thomas M Di Gregorio Sr. on behalf of Ms. Belen Nataly Trejo.

2.  Determination of Department of Labor, Employment and Training Administration denying ETA 9089, dated May 19, 2022 (Exhibit A).

3.  Copy of ETA Form 9089, filed by Thomas M Di Gregorio Sr. on behalf of Ms. Belen Nataly Trejo (Exhibit B).

4.  Printout of Appendix A to the Preamble- Professional Recruitment Occupations (Exhibit C).

5.  Printout copy of O*NET Online Help-Job Zones (Exhibit D)

6.  Printout of the Federal Register notice dated November 25, 2021, entitled, "Update to Appendix A to the Preamble-Education and Training Categories by O*NET-SOC Occupations; Labor Certification for Permanent Employment of Immigrants in the United States and Procedures To Establish Job Zone Values When O*NET Job Zone Data Are Unavailable." (Exhibit E)

Please reconsider this application and grant certification of the Form ETA 9089 of Thomas M Di Gregorio Sr. as soon as possible. If you have any questions regarding this application, please contact me at the email, telephone number, or at the address above.

Thank you for your assistance with this matter.

Sincerely yours,

Elizabeth L.A. Garvish

ELG:vl
Enclosures
By FedEx

June 15, 2022

**U.S. Department of Labor**
**Employment and Training Administration**
Office of Foreign Labor Certification
200 Constitution Avenue NW, Room N-5311
Washington, DC20210
ATTN: PERM Certifying Officer

RE:     **Request for Reconsideration for ETA CASE NUMBER A-21272-51845**
        **Employer's Name:     Thomas M Di Gregorio Sr.**
        **Alien's Name:         Belen Nataly Trejo**
        **Occupation:           Household Manager**
        **SOC Code:             11-9141**

## THOMAS M DI GREGORIO SR.'S REQUEST FOR RECONSIDERATION

Thomas M Di Gregorio Sr. hereby files this Request for Reconsideration pursuant to 20 CFR §

656.24 as follows:

## STATEMENT OF FACTS

Thomas M Di Gregorio Sr. filed an Application for Employment Certification (ETA Form 9089)

for the position of Household Manager, on behalf of Ms. Belen Nataly Trejo. The Form ETA 9089 was

accepted for processing on October 12, 2021. On May 19, 2022, the DOL sent its decision to counsel for

Thomas M Di Gregorio Sr., denying certification of Thomas M. Di Gregorio Sr.'s Form ETA 9089.

*Please see the DOL decision denying Thomas M Di Gregorio Sr. 's ETA Form 9089, attached hereto as*

*Exhibit A.* Thomas M Di Gregorio Sr. now submits his Request for Reconsideration to the Certifying

Officer.

## LEGAL ARGUMENT

This request seeks reconsideration of the denial of Thomas M. Di Gregorio Sr.'s Application for

Permanent Employment Certification for the position of **Household Manager** at Thomas M. Di Gregorio

Sr.'s private household. *Please see attached ETA Form 9089 of Thomas M Di Gregorio Sr., Case*

*Number: A-21272-51845, for Belen Nataly Trejo attached hereto as Exhibit B.*

### A.  SOC/O*NET Code 11-9141 for the Occuation of 'Household Manager' is not listed in Appendix A to the Preamble- Professional Recruitment Occupations.

The stated authority for denial is based on the certifying officer's application of 20 CFR §656.17(e), wherein employers filing Form ETA 9089 for Schedule A occupations (§§656.5 and 656.15) must attest to having conducted additional recruitment for professional occupations prior to filing the application pursuant to 20 CFR §656.17(e)(1)(ii). The Certifying Officer asserts that the SOC/O*NET Code 11-9141 is listed on Appendix A to the Preamble- Professional Recruitment Occupations and is considered a professional occupation, and thus the employer failed to conduct the additional professional recruitment under 20 CFR §656.17(e)(1)(ii).

This is incorrect. The SOC/O*NET OES Code of 11-9141 entered in Section F-2 is not listed in Appendix A to the Preamble- Professional Recruitment Occupations. *Please see Appendix A to the Preamble- Professional Recruitment Occupations, attached hereto as Exhibit C.*

### B.  Establishing that the position of Household Manager truly is not a professional occupation

There are several issues here that have caused this confusion and erroneous denial of the ETA-9089.  First, we believe that the DOL incorrectly assigned the SOC code 11-9141 to our occupation of Household Manager. The SOC Code 11-9141 is for Property, Real Estate, and Community Association Managers. The duties include the following:

Plan, direct, or coordinate the selling, buying, leasing, or governance activities of commercial, industrial, or residential real estate properties. Includes managers of homeowner and condominium associations, rented or leased housing units, buildings, or land (including rights-of-way).

Our occupation of Household Manager includes almost none of the job duties listed above. Our occupation of Household Manager is a position that manages a single household/home and takes care of the housekeeping, laundry, cooking and upkeep of the home.  In Section H of the ETA 9089

2

Application we filed, *see Exhibit B as attached*, we provide the job duties for the position of Household Manager as below:

Manage household for family. Make grocery and household supply lists and ensure that grocery and household shopping is done. Plan nutritious menu and cook meals as necessary. Maintain the family home in tidy condition. Schedule home maintenance and repair work, and supervise the projects. Handle household bills and administrative duties. Run errands and perform necessary tasks. Coordinate and supervise other household staff, such as house cleaners. Launder and put away clothing and linens. Carry out inspections of house and premises and take steps to resolve issues where needed.

Our minimum requirement for this Household Manager position is: High school diploma or foreign equivalent. None of the duties listed above rise to the level of a professional duty. We felt it was a closer match to SOC Code 37-2012.

We received this incorrect classification with the prevailing wage determination on September 27, 2021. We filed this prevailing wage request on April 20, 2021.  It took over five (5) months to get the required wage determination. There are a limited number of occupational categories listed in the Foreign Labor Certification Data Center Online Wage Library. We are keenly aware that the DOL must match the position to the closest possible match and sometimes it is not the closest match because there is not another category that matches more closely. We had waited over five (5) months for the wage determination and it was not an attractive option to start over or challenge the wage determination and cause further months long delay. Therefore, we first checked **Appendix A to the Preamble- Professional Recruitment Occupations** to see whether this occupation was indeed a professional occupation that required additional recruitment. The SOC code 11-9141 was absent from the list. Further, it seemed logical that our House Manager position - a domestic worker position in the home which involves cooking, cleaning and home upkeep would not normally require a bachelor's degree to perform. We also checked the wage that was offered for the position and that was in line with the prevailing wage determination.  Although we did not think the SOC code classification listed in the prevailing wage determination was accurate, we understood that there are limited job classifications and it can be

3

challenging to find an exact match. Therefore, we carefully contemplated all of the above considerations and felt it was safe to file the labor certification application as a nonprofessional position.  The most important consideration was the fact that this SOC code was conspicuously absent from the **Appendix A to the Preamble- Professional Recruitment Occupations**.

Further, the SOC code is a Job Zone 4. ***Please see the printout copy of O\*NET Online Help-Job Zones, explanation of Job Zone 4 attached as Exhibit D.*** It states the following, "Most of these occupations require a four-year bachelor's degree, but some do not." So based on the Job Zone of the occupation, we cannot affirm that this particular job is one that is professional or always requires a bachelor's degree and thus requires additional recruitment.

Finally, we understand that the DOL has made some movement to change the way occupations are classified as professional or nonprofessional and there will be a new Appendix A published soon. The Federal Register Notice notifying us of this intention came out on November 25, 2021 over a month after this labor certification was filed. The new standard for determining professional occupations should not be applied to this application since it was filed on October 12, 2021. ***Please see the Federal Register notice dated November 25, 2021, entitled, "Update to Appendix A to the Preamble-Education and Training Categories by O\*NET-SOC Occupations; Labor Certification for Permanent Employment of Immigrants in the United States and Procedures To Establish Job Zone Values When O\*NET Job Zone Data Are Unavailable." attached as Exhibit E.***

The employer minimum requirements  for the position of 'Household Manager' as outlined in the Mr. Di Gregorio's Form ETA 9089 and matched to SOC/O\*NET OES Code of 11-9141 by the Department of Labor, are a high school diploma or foreign equivalent as the minimum education requirement. A professional occupation is an occupation that requires at least a Bachelor's degree as the minimum education requirement for entry into the position, and the Department of Labor maintains a list of occupations it considers to be 'professional' according to this definition, in its Appendix A to the Preamble- Professional Recruitment Occupations.  Looking at the employer minimum requirements and

the job duties, it would make sense that this job is not one that would routinely require a bachelor's degree.

**The Employer is not required to perform the additional professional recruitment steps because the occupation of Household Manager is not listed on Appendix A to the Preamble-Professional Recruitment Occupations.**

Pursuant to 20 CFR § 656.17(e)(1)(ii), the employer must select three additional recruitment steps from the alternatives listed in paragraphs (e)(1)(ii)(A)-(J) of this section, when recruiting for professional occupations. Accordingly, the Certifying Officer based his/her decision to deny the application on the notion that the employer did not perform the additional recruitment steps required for a professional occupation, based on the incorrect assertion that the occupation title and/or SOC/O*NET code listed in Sections F-2 and F-3 of the application appear in Appendix A. However, as explained above, the SOC/O*NET Code 11-9141 for the occupation of 'Household Manager' is not listed in the Appendix A list of professional occupations, and thus, the additional professional recruitment pursuant to 20 CFR § 656.17(e)(1)(ii) is not required. ***Please see Appendix A to the Preamble- Professional Recruitment Occupations, attached hereto as Exhibit C.***

Because this occupation is not in the Appendix A list of professional occupations as well as the other considerations provided above, the employer should not be required to perform the additional recruitment steps for a professional occupation because this is occupation is not a professional occupation.

## CONCLUSION

The reason for denial is a result of improper classification of this position on the prevailing wage determination and the analyst's misreading of Appendix A to the Preamble-Professional Recruitment Occupations. Because the SOC/O*NET Code 11-9141 for the occupation of 'Household Manager' is not listed in Appendix A to the Preamble-Professional Recruitment Occupations and the Employer has complied with all requirements of the PERM labor certification process and conducted recruitment in

**good faith,** we request that the Certifying Officer reconsider and reverse the decision to deny the instant certification.

       **Therefore, Thomas M Di Gregorio Sr. respectfully requests that the certifying officer review, reconsider and reverse the decision denying certification of Thomas M Di Gregorio Sr.'s Application for Permanent Employment Certification (Form ETA 9089) and certify Thomas M Di Gregorio Sr.'s Form ETA 9089.**

       Respectfully submitted this 15th day of June, 2022.

By: _____

Elizabeth L. A. Garvish, Esq.
Attorney for Thomas M Di Gregorio Sr.

Garvish Immigration Law Group, LLC
2970 Peachtree Rd. NW, Suite 525
Atlanta, Georgia 30305
Phone: (404) 220-7615
Fax: (800) 983-3554
Email: egarvish@goimmigrationlaw.com

6

# Exhibit A

**U.S. Department of Labor**    **Employment and Training Administration**
Office of Foreign Labor Certification
200 Constitution Avenue NW, Room N-5311
Washington, DC 20210

May 19, 2022

THOMAS M DI GREGORIO SR
c/o Garvish Immigration Law Group, LLC    ETA Case Number: A-21272-51845
Elizabeth L. Garvish                  Foreign Worker's Name: BELEN NATALY
2970 Peachtree Road NW, Suite 525                            TREJO
Atlanta 30305                             Occupation Title: Household Manager
                                           Occupation Code: 11-9141
                                            Priority Date: OCTOBER 12, 2021

Dear THOMAS M DI GREGORIO SR,

The United States Department of Labor has made a determination on your Application for
Permanent Employment Certification (Form ETA 9089) pursuant to Departmental regulations at
20 CFR §656.24 and as required by the Immigration and Nationality Act (INA), as amended.
**Form ETA 9089 has not been certified**. A certification cannot be issued as required by Section
212(a)(5)(A) of the INA, as amended. The reasons for denial are outlined in the attachment
"Reasons for Denial." A request for review of this denial may be made to the Board of Alien
Labor Certification Appeals (BALCA) by the employer. When seeking review of this
determination, the request must be in accordance with the following:

1. The request for review must be in writing;

2. The request must clearly identify the particular labor certification determination from
   which review is sought;

3. The request must set forth the particular grounds for the request;

4. The request must include all the documents that accompany this Final Determination
   form;

5. The request for review, statements, briefs, and other submissions of the parties and
   amicus curiae must contain only legal arguments and only such evidence that was within
   the record upon which the denial of the labor certification was based; and

6. The request must be mailed to the attention of the Certifying Officers who denied the application within **30 calendar days** of the date of this determination. **The required documentation must be submitted by 11:59 PM EST.**

If this application was denied because it was incomplete or because the employer did not submit documentation requested by the Certifying Officer to finalize review of the application by the date specified, the failure to provide the requested documentation in a timely manner constitutes refusal to exhaust available administrative remedies and the employer cannot request review of this denial with BALCA as outlined in §656.26.

Failure to request review within 30 calendar days, as specified in §656.26, constitutes a failure to exhaust administrative remedies.  If a request for review is not made within 30 calendar days, the denial shall become the final determination of the Secretary.  If an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at §656.26(a) and (b), a new application may be filed.  *A new application in the same occupation for the same alien cannot be filed while a request for review is pending with the Board of Alien Labor Certification Appeals.*

Alternatively, the employer may request that the Certifying Officer reconsider the denial. This request must be filed within 30 calendar days of the denial. The Certifying Officer may, in his or her complete discretion, reconsider the determination or treat it as a request for review under §656.26(a).

If the Certifying Officer upholds his or her decision on reconsideration, the employer will receive notice and given the option to request review from BALCA no later than 30 calendar days after the date of issuance of the Notice of Decision on the reconsideration. Please note that this represents a change in the process for handling requests for reconsideration. The Certifying Officer no longer automatically forwards cases to BALCA for review when he or she denies a request for reconsideration.

Sincerely,


PERM Certifying Officer

Enclosure:  Reasons for Denial


CC:  THOMAS M DI GREGORIO SR

**Reasons for Denial**

**Case # A-21272-51845**

Your Application for Permanent Employment Certification was not certified due to the following:

**Denial Reason #1:**

The ETA Form 9089 indicates the application is not for a professional occupation. Specifically, the employer checked "No" in Section I-a.1 that the application is not for a professional occupation. However, the SOC/O*NET OES Code of 11-9141 entered in Section F-2 is considered a professional occupation given that it is listed in Appendix A to the Preamble-Professional Recruitment Occupations. Since the employer indicates the application is not for a professional occupation, which is listed on Appendix A, the application is denied.

AUTHORITY FOR DENIAL: In accordance with the Department's regulations at 20 CFR § 656.17(e), except for labor certification applications involving college or university teachers selected pursuant to a competitive recruitment and selection process (§656.18), Schedule A occupations (§§656.5 and 656.15), and sheepherders (§656.16), an employer must attest to having conducted the following recruitment prior to filing the application

**Denial Reason #2:**

The ETA Form 9089 indicates the employer conducted none of the additional recruitment steps required for a professional occupation. The occupation title and/or SOC/O*NET code listed in Sections F-2 and F-3 of the application appear in Appendix A. Since the employer did not perform the additional recruitment steps for a professional occupation, the application is denied.

DENIAL AUTHORITY: Pursuant to 20 CFR § 656.17(e)(1)(ii), the employer must select three additional recruitment steps from the alternatives listed in paragraphs (e)(1)(ii)(A)-(J) of this section, when recruiting for professional occupations.

The employer is reminded that, as an alternative to filing an appeal, i.e., either a request for reconsideration pursuant to 20 CFR 656.24 or request for review, pursuant to § 656.26, it may correct the deficiencies as outlined in the denial and submit a new application to the Atlanta National Processing Center for review.

The employer now has the opportunity to directly upload its documents in the PERM Case Management System (CMS) without having to send its documents to the helpdesk or via postal mail. To learn how you can upload your documents please

click here (https://www.foreignlaborcert.doleta.gov/pdf/PERM_Webinar_Training_Presentation-05.10.17.pdf ) and go to page 31 and follow the steps.

# Exhibit B



ETA    Foreign Labor Certification

HOME | FAQ | ONLINE HELP | PRIVACY

REGULATIONS | CERTIFICATIONS | WAGE INFO | DOCUMENTS | CONTACT | FORM INSTRUCTIONS          LOGOUT

| HOME | MY APPLICATIONS | MY PROFILE |

CREATE CASE | SEARCH CASES | WITHDRAW CASES | SEARCH INCOMPLETE CASES | UPLOAD DOCUMENTS

## ETA Case Number: T-21272-51845 (Edit Mode)

**you are here**

STEPS:  1 ··· 2 ··· 3 ··· 4 ··· 5 ··· 6 ··· 7 ··· 8 ··· 9 ··· 10 ··· 11 ··· 12 ··· 🔘

### A. Refiling Instructions

| 1. Are you seeking to utilize the filing date from a previously submitted Application for Alien Employment Certification ( ETA 750)? | ☐ Yes | ☑ No |
|---|---|---|

1-A. If Yes, enter the previous filing date

1-B. Indicate the previous SWA or local office case number OR if not available, specify state where case was originally filed:

### B. Schedule A or Sheepherder Information

| 1. Is this application in support of a Schedule A or Sheepherder occupation? | ☐ Yes | ☑ No |
|---|---|---|

If Yes, do NOT send this application to the Department of Labor. All applications in support of Schedule A or Sheepherder Occupations must be sent directly to the appropriate Department of Homeland Security Office.

### C. Employer Information ( Headquarters or main office)

1. Employer's name
   THOMAS M DI GREGORIO SR

2. Address 1
   6315 N MAIN ST SE

   Address 2

| 3. City ACWORTH | State/Province GA | Country UNITED STATES OF AMERICA | Postal code 30101 |
|---|---|---|---|

| 4. Phone number ▮▮▮▮ | Extension |
|---|---|

| 5. Number of employees 1 | 6. Year commenced business 2021 |
|---|---|

| 7. FEIN (Federal Employer Identification Number): ▮▮▮▮ | 8. NAICS code 814110 |
|---|---|

| 9. Is the employer a closely held corporation, partnership, or sole proprietorship in which the alien has an ownership interest, or is there a familial relationship between the owners, stockholders, partners, corporate officers, or incorporators, and the alien? | ☐ Yes | ☑ No |
|---|---|---|

### D. Employer Contact Information (This section must be filled out. This information must be different from the agent or attorney information listed in Section E).

| 1. Contact's last name DI GREGORIO | First name THOMAS | Middle initial M |
|---|---|---|

2. Address 1
   6315 N MAIN ST SE

   Address 2

| 3. City ACWORTH | State/Province GA | Country UNITED STATES OF AMERICA | Postal code 30101 |
|---|---|---|---|

4. Phone number ▮▮▮▮

5. E-mail address ▮▮▮▮

## E. Agent or Attorney Information (If applicable)

| 1. Agent or attorney's last name | First name | Middle initial |
|---|---|---|
| Garvish | Elizabeth | L |

2. Firm name
Garvish Immigration Law Group, LLC

| 3. Firm EIN | 4. Phone Number |
|---|---|
| | 4042207615 |

5. Address 1
2970 Peachtree Road NW

Address 2
Suite 525

| 6. City | State/Province | Country | Postal code |
|---|---|---|---|
| Atlanta | | UNITED STATES OF AMERICA | 30305 |

7. E-mail address
egarvish@goimmigrationlaw.com

## F. Prevailing Wage Information (as provided by the State Workforce Agency)

| 1. Prevailing wage tracking number (if applicable) | 2. SOC/O*NET (OES) Code: |
|---|---|
| P10021110242787 | 11-9141 |

| 3. Occupation title | 4. Skill Level |
|---|---|
| Household Manager | Level I |

| 5. Prevailing wage | Per: (Choose only one) | | | | |
|---|---|---|---|---|---|
| $ 31470 | ☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☑ Year |

6. Prevailing wage source (Choose only one)
☑ OES ☐ CBA ☐ Employer Conducted ☐ DBA ☐ SCA ☐ Other

6-A If Other is indicated in question 6, specify:

| 7. Determination date | Expiration date |
|---|---|
| 09/27/2021 | 06/30/2022 |

## G. Wage Offer Information

| 1. Offered wage | | | | |
|---|---|---|---|---|
| From: | To: (Optional) | Per: (Choose only one) | | |
| $ 31470 | $ | ☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☑ Year |

## H. Job Opportunity Information (Where work will be performed)

1. Primary worksite (where work is to be performed) address 1
6315 N Main St SE

Address 2

| 2. City | State | Postal code |
|---|---|---|
| Acworth | GA | 30101 |

3. Job title
Household Manager

4. Education: minimum level required:
☐ None ☑ High School ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate ☐ Other

4-A. If Other is indicated in question 4, specify the education required:

4-B. Major field of study

| 5. Is training required for the job opportunity? | 5-A. If Yes, number of months training required: |
|---|---|
| ☐ Yes ☑ No | |

5-B. Indicate the field of training:

| 6. Is experience in the job offered required for the job? | 6 - A. If Yes, number of months experience required: |
|---|---|
| ☐ Yes ☑ No | |

7. Is there an alternate field of study that is acceptable
☐ Yes ☑ No

7-A. If Yes, specify the major field of study:

| 8. Is there an alternate combination of education and experience that is acceptable? |
|---|
| ☐ Yes    ☑ No |

| 8-A. If Yes, specify the alternate level of education required: |
|---|
| ☐ None   ☐ High School   ☐ Associate's   ☐ Bachelor's   ☐ Master's   ☐ Doctorate   ☐ Other |

| 8-B. If Other is indicated in question 8-A, indicate the alternate level of education required: |
|---|

| 8-C. If applicable, indicate the number of years experience acceptable in question 8: |
|---|

## H. Job Opportunity Information (Where work will be performed)

| 9. Is a foreign educational equivalent acceptable? |
|---|
| ☑ Yes    ☐ No |

| 10. Is experience in an alternate occupation acceptable? | 10-A. If Yes, number of months experience in alternate occupation required: |
|---|---|
| ☐ Yes    ☑ No | |

| 10-B. Identify the job title of the acceptable alternate occupation: |
|---|

| 11. Job duties - If submitting by mail, add attachment if necessary. Job duties description must begin in this space. |
|---|
| Manage household for family. Make grocery and household supply lists and ensure that grocery and household shopping is done. Plan nutritious menu and cook meals as necessary. Maintain the family home in tidy condition. Schedule home maintenance and repair work, and supervise the projects. Handle household bills and administrative duties. Run errands and perform necessary tasks. Coordinate and supervise other household staff, such as house cleaners. Launder and put away clothing and linens. Carry out inspections of house and premises and take steps to resolve issues where needed. |

| 12. Are the job opportunity's requirements normal for the occupation? If the answer to this question is No, the employer must be prepared to provide documentation demonstrating that the job requirements are supported by business necessity. |
|---|
| ☑ Yes    ☐ No |

| 13. Is knowledge of a foreign language required to perform the job duties? If the answer to this question is Yes, the employer must be prepared to provide documentation demonstrating that the language requirements are supported by business necessity. |
|---|
| ☐ Yes    ☑ No |

| 14. Specific skills or other requirements - If submitting by mail, add attachment if necessary. Skills description must begin in this space |
|---|

| 15. Does this application involve a job opportunity that includes a combination of occupations? |
|---|
| ☐ Yes    ☑ No |

| 16. Is the position identified in this application being offered to the alien identified in Section J? |
|---|
| ☑ Yes    ☐ No |

| 17. Does the job require the alien to live on the employer's premises? |
|---|
| ☐ Yes    ☑ No |

| 18. Is the application for a live-in household domestic service worker? |
|---|
| ☐ Yes    ☑ No |

| 18-A. If Yes, have the employer and the alien executed the required employment contract and has the employer provided a copy of the contract to the alien? |
|---|
| ☐ Yes    ☐ No    ☐ N/A |

## I. Recruitment Information
### a. Occupation Type - All must complete this section.

| 1. Is this application for a **professional occupation**, other than a college or university teacher? Professional occupations are those for which a bachelor's Degree (or equivalent) is normally required? | ☐ Yes    ☑ No |
|---|---|
| 2. Is this application for a college or university teacher? If Yes, complete questions 2 - A and 2 -B below. | ☐ Yes    ☑ No |
| 2-A. Did you select the candidate using a competitive recruitment and selection process? | ☐ Yes   ☐ No   ☐ N/A |
| 2-B. Did you use the basic recruitment process for professional occupations? | ☐ Yes   ☐ No   ☐ N/A |

### b. Special Recruitment and Documentation Procedures for College and University Teachers – Complete only if the answer to question I.a.2-A is Yes.

| 3. Date alien selected |
|---|

| 4. Name and date of national professional journal in which advertisement was placed: |
|---|

| 5. Specify additional recruitment information in this space. Add an attachment if necessary. |
|---|

**c.**    **Professional/Non-Professional Information - Complete this section unless your answers to questions I.a.1 is No and I.2-B is Yes**

| | |
|---|---|
| 6. Start date for the SWA job order<br>03/06/2021 | 7. End date for the SWA job order<br>07/07/2021 |

| | |
|---|---|
| 8. Is there a Sunday edition of the new spaper in the area of intended employment? | ☑ Yes    ☐ No |

| |
|---|
| 9. Name of new spaper (of general circulation) in w hich the first advertisement w as placed:<br>THE ATLANTA JOURNAL - CONSTITUTION |

| |
|---|
| 10. Date of first advertisement identified in question 9 :<br>05/23/2021 |

| | |
|---|---|
| 11. Name of new spaper or professional journal in (If applicable) w hich second advertisement w as placed:<br>THE ATLANTA JOURNAL - CONSTITUTION | Type:<br>☑ New spaper ☐ Journal |

| |
|---|
| 12. Date of second new spaper advertisement or date of publication of journal identified in question 11<br>05/30/2021 |

## I. Recruitment Information Continued

**d.**    **Professional Recruitment Information - Complete if the answer to question I.a.1 is Yes or if the answer to I.a.2-B is Yes. Complete at least 3 of the items.**

| | |
|---|---|
| 13. Dates advertised at job fair<br>From:     To: | 14. Dates of on-campus recruiting<br>From:     To: |
| 15. Dates posted on employer w ebsite<br>From:     To: | 16. Dates advertised w ith trade or professional organization<br>From:     To: |
| 17. Dates listed w ith job search w eb site<br>From:     To: | 18. Dates listed w ith private employment firm<br>From:     To: |
| 19. Dates advertised w ith employee referral program<br>From:     To: | 20. Dates advertised w ith campus placement office<br>From:     To: |
| 21. Dates advertised w ith local or ethnic new spaper<br>From:     To: | 22. Dates advertised w ith radio or TV ads<br>From:     To: |

**e.**    **General Information – All must complete this section.**

| | |
|---|---|
| 23. Has the employer received payment of any kind for the submission of this application ? | ☐ Yes   ☑ No |
| 23-A.If Yes, describe details of the payment including the amount, date and purpose of the payment: | |
| 24. Has the bargaining representative for w orkers in the occupation in w hich the alien w ill be employed been provided w ith notice of this filing at least 30 days but not more than 180 days before the date the application is filed? | ☐ Yes   ☐ No   ☑ N/A |
| 25. If there is no bargaining representative, has a notice of this filing been posted for 10 business days in a conspicuous location at the place of employment, ending at least 30 days before but not more than 180 days before the date the application is filed? | ☐ Yes   ☐ No   ☑ N/A |
| 26. Has the employer had a layoff in the area of intended employment in the occupation involved in this application or in a related occupation w ithin the six months immediately preceding the filing of this application? | ☐ Yes   ☑ No |
| 26-A. If Yes, w ere the laid off U.S. w orkers notified and considered for the job opportunity for w hich certification is sought? | ☐ Yes   ☐ No   ☐ N/A |

## J. Alien Information (This section must be filled out. This information must be different from the agent or attorney information listed in Section E).

| | | |
|---|---|---|
| 1. Alien's last name<br>Trejo | First name<br>Belen Nataly | Full middle name |

| |
|---|
| 2. Current address 1<br>Viel 656 |

| |
|---|
| Address 2 |

| | | | |
|---|---|---|---|
| 3. City<br>Buenos Aires | State/Province | Country<br>ARGENTINA | Postal code<br>1424 |

| |
|---|
| 4. Phone number of current residence<br>(470) 880-1655 |

| | |
|---|---|
| 5. Country of citizenship<br>ARGENTINA | 6. Country of birth<br>ARGENTINA |

| 7. Alien's date of birth | 8. Class of admission |
|---|---|

| 9. Alien registration number (A#) | 10. Alien admission number (I-94) |
|---|---|

## J. Alien Information Continued.

| 11. Education: highest level achieved as required by the requested job opportunity: |
|---|
| ☐ None ☑ High School ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate ☐ Other |

| 11-A. If Other indicated in question 11, specify |
|---|

| 12. Specify major field(s) of study |
|---|
| High School |

| 13. Year relevant education completed |
|---|
| 2009 |

| 14. Institution where relevant education specified in question 11 was received |
|---|
| Merlo Private Institution |

| 15. Address 1 of conferring institution |
|---|
|  |
| Address 2 |

| 16. City | State/Province | Country | Postal code |
|---|---|---|---|
| Merlo | Buenos Aires | | |

| 17. | Did the alien complete the training required for the requested job opportunity, as indicated in question H.5? | ☐ Yes ☐ No ☑ N/A |
|---|---|---|
| 18. | Does the alien have the experience as required for the requested job opportunity by question H.6? | ☐ Yes ☐ No ☑ N/A |
| 19. | Does the alien possess the alternate combination of education and experience as indicated in question H.8? | ☐ Yes ☐ No ☑ N/A |
| 20. | Does the alien have the experience in an alternate occupation specified in question H.10? | ☐ Yes ☐ No ☑ N/A |
| 21. | Did the alien gain any of the qualifying experience with the employer in a position substantially comparable to the job opportunity requested? | ☐ Yes ☑ No ☐ N/A |
| 22. | Did the employer pay for any of the alien's education or training necessary to satisfy any of the employer's job requirements for this position? | ☐ Yes ☑ No |
| 23. | Is the alien currently employed by the petitioning employer? | ☐ Yes ☑ No |

## K. Alien Work Experience

**List all jobs the alien has held during the past 3 years. Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification.**

## L. Alien Declaration

I declare under penalty of perjury that Sections J and K are true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. 2, 1001. Other penalties apply as well as fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. 1546 and 1621.

In addition, I further declare under penalty of perjury that I intend to accept the position offered in Section H of this application if a labor certification is approved and i am granted a visa or an adjustment of status based on this application.

| 1. | Alien last name: | First name | Full middle name |
|---|---|---|---|
| | Trejo | Belen Nataly | |

## M. Declaration of Preparer

| 1. Was the application completed by the employer? If No, you must complete this section. | ☐ Yes ☐ No |
|---|---|

I hereby certify that I have prepared this application at the direct request of the employer listed in section C and that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both under 18 U.S.C. 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. 1546 and 1621.

| 2. | Preparer's last name: |
|---|---|

| First name: | |
|---|---|
| | Middle initial: |

| 3. | Title: |
|---|---|

Case 1:23-mi-99999-UNA   Document 1752-2   Filed 05/30/23   Page 27 of 59

4.   E-mail address:

## N. Employer Declaration

| 1.  Last name: |
|---|
| DiGregorio |

| First name: | Middle initial:  L |
|---|---|
| Tom | |

| 2.  Title: |
|---|
| Head of the Household |

Close Window

Return to PLC    Cancel



**disAbility Online**

**Privacy Statement**

# Exhibit C

### Appendix A to the Preamble-Professional Recruitment
### Occupations - Education and Training Categories
### by O*NET – SOC Occupation

| Code | Education and training category |
|------|-------------------------------|
| 1 | 1st professional degree |
| 2 | Doctoral degree |
| 3 | Master's degree |
| 4 | Work experience plus bachelor's or higher degree |
| 5 | Bachelor's degree |

| O*NET-SOC code | O*NET-SOC title | Education & training category code |
|----------------|-----------------|-----------------------------------|
| 21-2011.00 | Clergy | 1 |
| 23-1011.00 | Lawyers | 1 |
| 29-1011.00 | Chiropractors | 1 |
| 29-1021.00 | Dentists, General | 1 |
| 29-1022.00 | Oral and Maxillofacial Surgeons | 1 |
| 29-1023.00 | Orthodontists | 1 |
| 29-1024.00 | Prosthodontists | 1 |
| 29-1041.00 | Optometrists | 1 |
| 29-1051.00 | Pharmacists | 1 |
| 29-1061.00 | Anesthesiologists | 1 |
| 29-1062.00 | Family and General Practitioners | 1 |
| 29-1063.00 | Internists, General | 1 |
| 29-1064.00 | Obstetricians and Gynecologists | 1 |
| 29-1065.00 | Pediatricians, General | 1 |
| 29-1066.00 | Psychiatrists | 1 |
| 29-1067.00 | Surgeons | 1 |
| 29-1081.00 | Podiatrists | 1 |
| 29-1131.00 | Veterinarians | 1 |
| 15-1011.00 | Computer and Information Scientists, Research | 2 |
| 19-1021.01 | Biochemists | 2 |
| 19-1021.02 | Biophysicists | 2 |
| 19-1022.00 | Microbiologists | 2 |
| 19-1042.00 | Medical Scientists, Except Epidemiologists | 2 |

### Appendix A to the Preamble-Professional Recruitment Occupations - Education and Training Categories by O*NET – SOC Occupation

| | | |
|---|---|---|
| 19-2011.00 | Astronomers | 2 |
| 19-2012.00 | Physicists | 2 |
| 19-3031.00 | Clinical, counseling, and school psychologists | 2 |
| 19-3031.01 | Educational Psychologists | 2 |
| 19-3031.02 | Clinical Psychologists | 2 |
| 19-3031.03 | Counseling Psychologists | 2 |
| 25-1021.00 | Computer Science Teachers, Postsecondary | 2 |
| 25-1022.00 | Mathematical Science Teachers, Postsecondary | 2 |
| 25-1032.00 | Engineering Teachers, Postsecondary | 2 |
| 25-1041.00 | Agricultural Sciences Teachers, Postsecondary | 2 |
| 25-1042.00 | Biological Science Teachers, Postsecondary | 2 |
| 25-1043.00 | Forestry and Conservation Science Teachers, Postsecondary | 2 |
| 25-1052.00 | Chemistry Teachers, Postsecondary | 2 |
| 25-1054.00 | Physics Teachers, Postsecondary | 2 |
| 25-1071.00 | Health Specialties Teachers, Postsecondary | 2 |
| 25-1072.00 | Nursing Instructors and Teachers, Postsecondary | 2 |
| 25-1121.00 | Art, Drama, and Music Teachers, Postsecondary | 2 |
| 25-1191.00 | Graduate Teaching Assistants | 2 |
| 15-2021.00 | Mathematicians | 3 |
| 15-2031.00 | Operations Research Analysts | 3 |
| 15-2041.00 | Statisticians | 3 |
| 19-1041.00 | Epidemiologists | 3 |
| 19-2041.00 | Environmental Scientists and Specialists, Including Health | 3 |
| 19-2042.00 | Geoscientists, Except Hydrologists and Geographers | 3 |
| 19-2042.01 | Geologists | 3 |
| 19-2043.00 | Hydrologists | 3 |
| 19-3011.00 | Economists | 3 |
| 19-3021.00 | Market Research Analysts | 3 |
| 19-3022.00 | Survey Researchers | 3 |
| 19-3032.00 | Industrial-Organizational Psychologists | 3 |
| 19-3041.00 | Sociologists | 3 |
| 19-3051.00 | Urban and Regional Planners | 3 |
| 19-3091.01 | Anthropologists | 3 |
| 19-3091.02 | Archeologists | 3 |
| 19-3092.00 | Geographers | 3 |
| 19-3093.00 | Historians | 3 |
| 19-3094.00 | Political Scientists | 3 |

Appendix A to the Preamble-Professional Recruitment
Occupations - Education and Training Categories
by O*NET – SOC Occupation

| | | |
|---|---|---|
| 21-1011.00 | Substance Abuse and Behavioral Disorder Counselors | 3 |
| 21-1012.00 | Educational, Vocational, and School Counselors | 3 |
| 21-1013.00 | Marriage and Family Therapists | 3 |
| 21-1014.00 | Mental Health Counselors | 3 |
| 21-1015.00 | Rehabilitation Counselors | 3 |
| 21-1023.00 | Mental Health and Substance Abuse Social Workers | 3 |
| 21-1091.00 | Health Educators | 3 |
| 25-4011.00 | Archivists | 3 |
| 25-4012.00 | Curators | 3 |
| 25-4021.00 | Librarians | 3 |
| 25-9031.00 | Instructional Coordinators | 3 |
| 29-1121.00 | Audiologists | 3 |
| 29-1123.00 | Physical Therapists | 3 |
| 29-1127.00 | Speech-Language Pathologists | 3 |
| 11-1011.00 | Chief Executives | 4 |
| 11-1011.01 | Government Service Executives | 4 |
| 11-1011.02 | Private Sector Executives | 4 |
| 11-1021.00 | General and Operations Managers | 4 |
| 11-2011.00 | Advertising and Promotions Managers | 4 |
| 11-2021.00 | Marketing Managers | 4 |
| 11-2022.00 | Sales Managers | 4 |
| 11-2031.00 | Public Relations Managers | 4 |
| 11-3011.00 | Administrative Services Managers | 4 |
| 11-3021.00 | Computer and Information Systems Managers | 4 |
| 11-3031.00 | Financial Managers | 4 |
| 11-3031.01 | Treasurers, Controllers, and Chief Financial Officers | 4 |
| 11-3031.02 | Financial Managers, Branch or Department | 4 |
| 11-3040.00 | Human Resources Managers | 4 |
| 11-3041.00 | Compensation and Benefits Managers | 4 |
| 11-3042.00 | Training and Development Managers | 4 |
| 11-3061.00 | Purchasing Managers | 4 |
| 11-9011.00 | Farm, Ranch, and Other Agricultural Managers | 4 |
| 11-9011.01 | Nursery and Greenhouse Managers | 4 |
| 11-9011.02 | Agricultural Crop Farm Managers | 4 |
| 11-9011.03 | Fish Hatchery Managers | 4 |
| 11-9031.00 | Education Administrators, Preschool and Child Care Center/Program | 4 |
| 11-9032.00 | Education Administrators, Elementary and Secondary School | 4 |

Appendix A to the Preamble-Professional Recruitment
Occupations - Education and Training Categories
by O*NET – SOC Occupation

| | | |
|---|---|---|
| 11-9033.00 | Education Administrators, Postsecondary | 4 |
| 11-9041.00 | Engineering Managers | 4 |
| 11-9111.00 | Medical and Health Services Managers | 4 |
| 11-9121.00 | Natural Sciences Managers | 4 |
| 13-1011.00 | Agents and Business Managers of Artists, Performers, and Athletes | 4 |
| 13-1111.00 | Management Analysts | 4 |
| 15-2011.00 | Actuaries | 4 |
| 23-1021.00 | Administrative Law Judges, Adjudicators, and Hearing Officers | 4 |
| 23-1022.00 | Arbitrators, Mediators, and Conciliators | 4 |
| 23-1023.00 | Judges, Magistrate Judges, and Magistrates | 4 |
| 25-2023.00 | Vocational Education Teachers, Middle School | 4 |
| 25-2032.00 | Vocational Education Teachers, Secondary School | 4 |
| 27-1011.00 | Art Directors | 4 |
| 27-2012.00 | Producers and Directors | 4 |
| 27-2012.01 | Producers | 4 |
| 27-2012.02 | Directors - Stage, Motion Pictures, Television, and Radio | 4 |
| 27-2012.03 | Program Directors | 4 |
| 27-2012.04 | Talent Directors | 4 |
| 27-2012.05 | Technical Directors/Managers | 4 |
| 27-2041.00 | Music Directors and Composers | 4 |
| 27-2041.01 | Music Directors | 4 |
| 27-2041.02 | Music Arrangers and Orchestrators | 4 |
| 27-2041.03 | Composers | 4 |
| 27-3020.00 | News analysts, reporters and correspondents | 4 |
| 27-3021.00 | Broadcast News Analysts | 4 |
| 27-3022.00 | Reporters and Correspondents | 4 |
| 11-3051.00 | Industrial Production Managers | 5 |
| 11-9021.00 | Construction Managers | 5 |
| 11-9141.00 | Property, Real Estate, and Community Association Managers | 5 |
| 11-9151.00 | Social and Community Service Managers | 5 |
| 13-1071.00 | Employment, Recruitment, and Placement Specialists | 5 |
| 13-1071.01 | Employment Interviewers, Private or Public Employment Service | 5 |
| 13-1071.02 | Personnel Recruiters | 5 |
| 13-1072.00 | Compensation, Benefits, and Job Analysis Specialists | 5 |
| 13-1073.00 | Training and Development Specialists | 5 |
| 13-1121.00 | Meeting and Convention Planners | 5 |
| 13-2011.01 | Accountants | 5 |

Appendix A to the Preamble-Professional Recruitment
Occupations - Education and Training Categories
by O*NET – SOC Occupation

| | | |
|---|---|---|
| 13-2011.02 | Auditors | 5 |
| 13-2031.00 | Budget Analysts | 5 |
| 13-2041.00 | Credit Analysts | 5 |
| 13-2051.00 | Financial Analysts | 5 |
| 13-2052.00 | Personal Financial Advisors | 5 |
| 13-2053.00 | Insurance Underwriters | 5 |
| 13-2061.00 | Financial Examiners | 5 |
| 13-2071.00 | Loan Counselors | 5 |
| 13-2072.00 | Loan Officers | 5 |
| 13-2081.00 | Tax Examiners, Collectors, and Revenue Agents | 5 |
| 15-1021.00 | Computer Programmers | 5 |
| 15-1031.00 | Computer Software Engineers, Applications | 5 |
| 15-1032.00 | Computer Software Engineers, Systems Software | 5 |
| 15-1051.00 | Computer Systems Analysts | 5 |
| 15-1061.00 | Database Administrators | 5 |
| 15-1071.00 | Network and Computer Systems Administrators | 5 |
| 15-1071.01 | Computer Security Specialists | 5 |
| 15-1081.00 | Network Systems and Data Communications Analysts | 5 |
| 17-1011.00 | Architects, Except Landscape and Naval | 5 |
| 17-1012.00 | Landscape Architects | 5 |
| 17-1021.00 | Cartographers and Photogrammetrists | 5 |
| 17-1022.00 | Surveyors | 5 |
| 17-2011.00 | Aerospace Engineers | 5 |
| 17-2021.00 | Agricultural Engineers | 5 |
| 17-2031.00 | Biomedical Engineers | 5 |
| 17-2041.00 | Chemical Engineers | 5 |
| 17-2051.00 | Civil Engineers | 5 |
| 17-2061.00 | Computer Hardware Engineers | 5 |
| 17-2071.00 | Electrical Engineers | 5 |
| 17-2072.00 | Electronics Engineers, Except Computer | 5 |
| 17-2081.00 | Environmental Engineers | 5 |
| 17-2111.00 | Health and Safety Engineers, Except Mining Safety Engineers and Inspectors | 5 |
| 17-2111.01 | Industrial Safety and Health Engineers | 5 |
| 17-2111.02 | Fire-Prevention and Protection Engineers | 5 |
| 17-2111.03 | Product Safety Engineers | 5 |
| 17-2112.00 | Industrial Engineers | 5 |
| 17-2121.00 | Marine Engineers and Naval Architects | 5 |

Appendix A to the Preamble-Professional Recruitment
Occupations - Education and Training Categories
by O*NET – SOC Occupation

| | | |
|---|---|---|
| 17-2121.01 | Marine Engineers | 5 |
| 17-2121.02 | Marine Architects | 5 |
| 17-2131.00 | Materials Engineers | 5 |
| 17-2141.00 | Mechanical Engineers | 5 |
| 17-2151.00 | Mining and Geological Engineers, Including Mining Safety Engineers | 5 |
| 17-2161.00 | Nuclear Engineers | 5 |
| 17-2171.00 | Petroleum Engineers | 5 |
| 19-1010.00 | Agricultural and food scientists | 5 |
| 19-1011.00 | Animal Scientists | 5 |
| 19-1012.00 | Food Scientists and Technologists | 5 |
| 19-1013.01 | Plant Scientists | 5 |
| 19-1013.02 | Soil Scientists | 5 |
| 19-1020.00 | Biological Scientists | 5 |
| 19-1020.01 | Biologists | 5 |
| 19-1023.00 | Zoologists and Wildlife Biologists | 5 |
| 19-1031.00 | Conservation Scientists | 5 |
| 19-1031.01 | Soil Conservationists | 5 |
| 19-1031.02 | Range Managers | 5 |
| 19-1031.03 | Park Naturalists | 5 |
| 19-1032.00 | Foresters | 5 |
| 19-2021.00 | Atmospheric and Space Scientists | 5 |
| 19-2031.00 | Chemists | 5 |
| 19-2032.00 | Materials Scientists | 5 |
| 21-1021.00 | Child, Family, and School Social Workers | 5 |
| 21-1022.00 | Medical and Public Health Social Workers | 5 |
| 21-1092.00 | Probation Officers and Correctional Treatment Sp | 5 |
| 21-2021.00 | Directors, Religious Activities and Education | 5 |
| 23-2092.00 | Law Clerks | 5 |
| 25-2012.00 | Kindergarten Teachers, Except Special Education | 5 |
| 25-2021.00 | Elementary School Teachers, Except Special Education | 5 |
| 25-2022.00 | Middle School Teachers, Except Special and Vocational Education | 5 |
| 25-2031.00 | Secondary School Teachers, Except Special and Vocational Education | 5 |
| 25-2041.00 | Special Education Teachers, Preschool, Kindergarten and Elementary | 5 |
| 25-2042.00 | Special Education Teachers, Middle School | 5 |
| 25-2043.00 | Special Education Teachers, Secondary School | 5 |
| 25-3011.00 | Adult Literacy, Remedial Education, and GED Teachers and Instructors | 5 |
| 25-4013.00 | Museum Technicians and Conservators | 5 |

## Appendix A to the Preamble-Professional Recruitment
## Occupations - Education and Training Categories
## by O*NET – SOC Occupation

| | | |
|---|---|---|
| 25-9021.00 | Farm and Home Management Advisors | 5 |
| 27-1014.00 | Multi-Media Artists and Animators | 5 |
| 27-1021.00 | Commercial and Industrial Designers | 5 |
| 27-1022.00 | Fashion Designers | 5 |
| 27-1024.00 | Graphic Designers | 5 |
| 27-1025.00 | Interior Designers | 5 |
| 27-1027.00 | Set and Exhibit Designers | 5 |
| 27-1027.01 | Set Designers | 5 |
| 27-1027.02 | Exhibit Designers | 5 |
| 27-3031.00 | Public Relations Specialists | 5 |
| 27-3041.00 | Editors | 5 |
| 27-3042.00 | Technical Writers | 5 |
| 27-3043.00 | Writers and Authors | 5 |
| 27-4032.00 | Film and Video Editors | 5 |
| 29-1031.00 | Dietitians and Nutritionists | 5 |
| 29-1071.00 | Physician Assistants | 5 |
| 29-1122.00 | Occupational Therapists | 5 |
| 29-1125.00 | Recreational Therapists | 5 |
| 29-2011.00 | Medical and Clinical Laboratory Technologists | 5 |
| 29-2091.00 | Orthotists and Prosthetists | 5 |
| 29-9010.00 | Occupational health and safety specialists and technicians | 5 |
| 29-9091.00 | Athletic Trainers | 5 |
| 33-3021.03 | Criminal Investigators and Special Agents | 5 |
| 39-9032.00 | Recreation Workers | 5 |
| 41-3021.00 | Insurance Sales Agents | 5 |
| 41-3031.01 | Sales Agents, Securities and Commodities | 5 |
| 41-3031.02 | Sales Agents, Financial Services | 5 |
| 41-9031.00 | Sales Engineers | 5 |
| 53-2011.00 | Airline Pilots, Copilots, and Flight Engineers | 5 |

Appendix A to the Preamble-Professional Recruitment
Occupations - Education and Training Categories
by O*NET – SOC Occupation

Education &
Training
Category Code

| | |
|---|---|
| 1 | First professional degree. Completion of the academic program usually requires at least 6 years of full-time equivalent academic study, including college study prior to entering the professional degree program. |
| 2 | Doctoral degree. Completion of the degree program usually requires at least 3 years of full-time equivalent academic work beyond the bachelor's degree. |
| 3 | Master's degree. Completion of the degree program usually requires 1 or 2 years of full-time equivalent study beyond the bachelor's degree. |
| 4 | Work experience, plus a bachelor's or higher degree. Most occupations in this category are managerial occupations that require experience in a related nonmanagerial position. |
| 5 | Bachelor's degree. Completion of the degree program generally requires at least 4 years but not more than 5 years of full-time equivalent academic work. |

## Final Rule

Accordingly, for the reasons stated in the Preamble, Parts 655 and 656 of Chapter V of Title 20 of the Code of Federal Regulations are amended as follows:

## PART 655—TEMPORARY EMPLOYMENT OF ALIENS IN THE UNITED STATES

■ 1. The authority citation for part 655 continues to read as follows:

**Authority:** Section 655.0 issued under 8 U.S.C. 1101(a)(15)(H)(i) and (ii), 1182(m), (n), and (t), 1184, 1188, and 1288(c) and (d); 29 U.S.C. 49 *et seq.;* sec. 3(c)(1), Pub. L. 101–238, 103 Stat. 2099, 2102 (8 U.S.C. 1182 note); sec. 221(a), Pub. L. 101–649, 104 Stat. 4978, 5027 (8 U.S.C. 1184 note); Title IV, Pub. L. 105–277,112 Stat. 2681; and 8 CFR 213.2(h)(4)(i).

Section 655.00 issued under 8 U.S.C. 1101(a)(15)(H)(i), 1184, and 1188; 29 U.S.C. 49 *et seq.;* and 8 CFR 214.2(h)(4)(i).

Subparts A and C issued under 8 U.S.C. 1101(a)(15)(H)(ii)(b) and 1184; 29 U.S.C. 49 *et seq.;* and 8 CFR 214.2(h)(4)(i).

Subpart B issued under 8 U.S.C. 1101(a)(15)(H)(ii)(a), 1184, and 1188; 29 U.S.C. 49 *et seq.*

Subparts D and E issued under 8 U.S.C. 1101(a)(15)(H)(i)(a), 1182(m), and 1184; 29 U.S.C. 49 *et seq.;* and sec. 3(c)(1), Pub. L. 101–238, 103 Stat. 2099, 2103 (8 U.S.C. 1182 note).

Subparts F and G issued under 8 U.S.C. 1184 and 1288(c); and 29 U.S.C. 49 *et seq.*

Subparts H and I issued under 8 U.S.C. 1101(a)(15)(H)(i)(b) and (b1), 1182(n), 1182(t), and 1184; 29 U.S.C. 49 *et seq.;* sec 303(a)(8), Pub. L. 102–232, 105 Stat. 1733, 1748 (8 U.S.C. 1182 note); and Title IV, Pub. L. 105–277, 112 Stat. 2681.

Subparts J and K issued under 29 U.S.C. 49 *et seq.;* and sec 221(a), Pub. L. 101–649, 104 Stat. 4978, 5027 (8 U.S.C. 1184 note).

Subparts L and M issued under 8 U.S.C. 1101(a)(15)(H)(1)(c), 1182(m), and 1184. 29 U.S.C. 49 *et seq.*

## Subpart H—Labor Condition Applications and Requirements for Employers Using Nonimmigrants on H–1B Visas in Specialty Occupations and as Fashion Models, and Labor Attestation Requirements for Employers Using Nonimmigrants in Specialty Occupations

■ 2. Section 655.731 is amended by:
■ (a) Revising paragraph (a)(2);
■ (b) Redesignating paragraphs (b)(3)(iii)(B)(*2*) and (*3*) as (b)(3)(iii)(B)(*3*) and (*4*), respectively;
■ (c) Adding new paragraph (b)(3)(iii)(B)(*2*);
■ (d) Redesignating paragraphs (b)(3)(iii)(C)(*2*) and (*3*) as paragraphs (b)(3)(iii)(C)(*3*) and (*4*), respectively;
■ (e) Adding new paragraph (b)(3)(iii)(C)(*2*);
■ (f) Revising paragraph (d)(1);

■ (g) Revising paragraph (d)(2) introductory text;
■ (h) Revising paragraph (d)(2)(i); and
■ (i) Removing paragraph (d)(4).

### § 655.731   What is the first LCA requirement regarding wages?

\*       \*       \*       \*       \*
(a) \*   \*   \*
(1) \* \* \*
(2) The prevailing wage for the occupational classification in the area of intended employment must be determined as of the time of filing the application. The employer shall base the prevailing wage on the best information available as of the time of filing the application. Except as provided in this section, the employer is not required to use any specific methodology to determine the prevailing wage and may utilize a State Employment Security Agency (SESA) (now known as State Workforce Agency or SWA), an independent authoritative source, or other legitimate sources of wage data. One of the following sources shall be used to establish the prevailing wage:

(i) A collective bargaining agreement which was negotiated at arms-length between a union and the employer which contains a wage rate applicable to the occupation;

(ii) If the job opportunity is in an occupation which is not covered by

# Exhibit D

  **O*NET OnLine**

electrician    Go

# O*NET OnLine Help
## Job Zones

## Overview

A Job Zone is a group of occupations that are similar in:

- how much education people need to do the work,
- how much related experience people need to do the work, and
- how much on-the-job training people need to do the work.

The five Job Zones are:

- Job Zone 1 - occupations that need little or no preparation
- Job Zone 2 - occupations that need some preparation
- Job Zone 3 - occupations that need medium preparation
- Job Zone 4 - occupations that need considerable preparation
- Job Zone 5 - occupations that need extensive preparation

## Job Zone One: Little or No Preparation Needed

### Education
Some of these occupations may require a high school diploma or GED certificate.

### Related Experience
Little or no previous work-related skill, knowledge, or experience is needed for these occupations. For example, a person can become a waiter or waitress even if he/she has never worked before.

### Job Training
Employees in these occupations need anywhere from a few days to a few months of training. Usually, an experienced worker could show you how to do the job.

### Job Zone Examples
These occupations involve following instructions and helping others. Examples include food preparation workers, dishwashers, sewing machine operators, landscaping and groundskeeping workers, logging equipment operators, and baristas.

### SVP Range
Up to 3 months of preparation (Below 4.0)

# Job Zone Two: Some Preparation Needed

**Education**

These occupations usually require a high school diploma.

**Related Experience**

Some previous work-related skill, knowledge, or experience is usually needed. For example, a teller would benefit from experience working directly with the public.

**Job Training**

Employees in these occupations need anywhere from a few months to one year of working with experienced employees. A recognized apprenticeship program may be associated with these occupations.

**Job Zone Examples**

These occupations often involve using your knowledge and skills to help others. Examples include orderlies, counter and rental clerks, customer service representatives, security guards, upholsterers, and tellers.

**SVP Range**

3 months to 1 year of preparation (4.0 to < 6.0)

# Job Zone Three: Medium Preparation Needed

**Education**

Most occupations in this zone require training in vocational schools, related on-the-job experience, or an associate's degree.

**Related Experience**

Previous work-related skill, knowledge, or experience is required for these occupations. For example, an electrician must have completed three or four years of apprenticeship or several years of vocational training, and often must have passed a licensing exam, in order to perform the job.

**Job Training**

Employees in these occupations usually need one or two years of training involving both on-the-job experience and informal training with experienced workers. A recognized apprenticeship program may be associated with these occupations.

**Job Zone Examples**

These occupations usually involve using communication and organizational skills to coordinate, supervise, manage, or train others to accomplish goals. Examples include hydroelectric production managers, travel guides, electricians, agricultural technicians, barbers, court reporters, and medical assistants.

**SVP Range**

1-2 years of preparation (6.0 to < 7.0)

# Job Zone Four: Considerable Preparation Needed

**Education**

Most of these occupations require a four-year bachelor's degree, but some do not.

**Related Experience**

A considerable amount of work-related skill, knowledge, or experience is needed for these occupations. For example, an accountant must complete four years of college and work for several years in accounting to be considered qualified.

**Job Training**

Employees in these occupations usually need several years of work-related experience, on-the-job training, and/or vocational training.

**Job Zone Examples**

Many of these occupations involve coordinating, supervising, managing, or training others. Examples include real estate brokers, sales managers, database administrators, graphic designers, chemists, art directors, and cost estimators.

**SVP Range**

2-4 years of preparation (7.0 to < 8.0)

# Job Zone Five: Extensive Preparation Needed

**Education**

Most of these occupations require graduate school. For example, they may require a master's degree, and some require a Ph.D., M.D., or J.D. (law degree).

**Related Experience**

Extensive skill, knowledge, and experience are needed for these occupations. Many require more than five years of experience. For example, surgeons must complete four years of college and an additional five to seven years of specialized medical training to be able to do their job.

**Job Training**

Employees may need some on-the-job training, but most of these occupations assume that the person will already have the required skills, knowledge, work-related experience, and/or training.

**Job Zone Examples**

These occupations often involve coordinating, training, supervising, or managing the activities of others to accomplish goals. Very advanced communication and organizational skills are required. Examples include pharmacists, lawyers, astronomers, biologists, clergy, neurologists, and veterinarians.

**SVP Range**

Over 4 years of preparation (8.0 and above)



←   Scales, Ratings, and Standardized Scores

↑   Table of Contents

→   Specific Vocational Preparation (SVP)

≡          electrician    Go

Was this page helpful?    

Job Seeker Help • Contact Us

Share:     

O*NET OnLine Help: Job Zones

Link to Us • Cite this Page

 License

Follow us:  

About this Site • Privacy • Disclaimer

Site updated June 7, 2022

# Exhibit E

and Nationality Act, the Department must request information from employers seeking to hire and import foreign labor. The Department uses the information collected to determine whether employers engaged in herding or production of livestock on the range, including the care, husbandry, and herding of sheep, cattle, goats, horses, and other domestic hooved animals, have met their obligations under Federal law. *See* 20 CFR 655.200, *et seq.* This ICR pertains to program obligations for employers seeking to hire foreign temporary agricultural workers for job opportunities in herding or production of livestock on the range. Among the issues addressed through this ICR are timekeeping requirements of employers. *See* 20 CFR 655.210(f). In order to determine eligibility for the program based on the daily amount of work performed on the range, this ICR requires employers to note whether employees spend days on the ranch or on the range. This ICR also requires employers to record the reason for the worker's absence where the employer chooses to prorate the required wage. *See* 20 CFR 655.210(f)(2), (g)(2). The information retained and recorded will enable the employer and the Department, if necessary, to determine whether the worker performed work on the range at least fifty percent of the days during the contract period.

This information collection is subject to the PRA. A Federal agency generally cannot conduct or sponsor a collection of information, and the public is generally not required to respond to an information collection unless OMB, under the PRA, approves it and the collection tool displays a currently valid OMB Control Number. In addition, notwithstanding any other provisions of law, no person shall generally be subject to penalty for failing to comply with a collection of information that does not display a valid Control Number. *See* 5 CFR 1320.5(a) and 1320.6.

Interested parties are encouraged to provide comments to the contact shown in the **ADDRESSES** section. Comments must be written to receive consideration, and they will be summarized and included in the request for OMB approval of the final ICR. In order to help ensure appropriate consideration, comments should mention OMB control number 1205–0519.

Submitted comments will also be a matter of public record for this ICR and posted on the internet, without redaction. DOL encourages commenters not to include personally identifiable information, confidential business data,

or other sensitive statements/ information in any comments.

DOL is particularly interested in comments that:

• Evaluate whether the proposed collection of information is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility;

• Evaluate the accuracy of the agency's estimate of the burden of the proposed collection of information, including the validity of the methodology and assumptions used;

• Enhance the quality, utility, and clarity of the information to be collected; and

• Minimize the burden of the collection of information on those who are to respond, including through the use of appropriate automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, *e.g.,* permitting electronic submission of responses.

*Agency:* DOL–ETA.

*Action:* Extension Without Changes.

*Title of Collection:* H–2A Sheepherder Recordkeeping Requirement.

*OMB Control Number:* 1205–0519.

*Affected Public:* Private Sector.

*Form(s):* None.

*Total Estimated Number of Annual Respondents:* 968.

*Frequency:* Weekly (52 weeks).

*Total Estimated Annual Responses:* 50,336.

*Average Time per Response:* 6 minutes.

*Total Estimated Annual Time Burden:* 5,034.

*Total Estimated Annual Other Costs Burden:* $0.

*Authority:* 44 U.S.C. 3507(a)(1)(D).

**Angela Hanks,**

*Acting Assistant Secretary for Employment and Training, Labor.*

[FR Doc. 2021–24812 Filed 11–12–21; 8:45 am]

**BILLING CODE 4510–FP–P**

# DEPARTMENT OF LABOR

## Employment and Training Administration

## Update to Appendix A to the Preamble—Education and Training Categories by O*NET—SOC Occupations; Labor Certification for Permanent Employment of Immigrants in the United States and Procedures To Establish Job Zone Values When O*NET Job Zone Data Are Unavailable

**AGENCY:** Employment and Training Administration, Department of Labor.

**ACTION:** Notice.

**SUMMARY:** The Employment and Training Administration (ETA) of the Department of Labor (Department) is issuing this notice to announce updates to Appendix A to the Preamble–Education and Training Categories by Occupational Information Network (O*NET)–Standard Occupational Classification (SOC) Occupations. Appendix A is a list of professional occupations that serves as a guide for employers to distinguish between professional and non-professional occupations in order to comply with the professional recruitment requirements of the permanent labor certification (PERM) program. In addition, this notice announces standard procedures for establishing Job Zones for a SOC code and occupational title in situations where O*NET Job Zone data are not yet available as O*NET transitions to the 2018 SOC system. These actions, updating Appendix A and establishing standard procedures for Job Zone values where O*NET Job Zone data are unavailable for certain occupations, will allow ETA to maintain a more comprehensive and current list of occupations and provide additional clarity to employers and the public regarding the appropriate education requirements and Job Zone value for each SOC code and occupational title.

**DATES:** This Notice is effective on November 15, 2021.

**FOR FURTHER INFORMATION CONTACT:** Brian Pasternak, Administrator, Office of Foreign Labor Certification, Employment and Training Administration, Department of Labor, 200 Constitution Avenue NW, Room N– 5311, Washington, DC 20210, Telephone: (202) 693–8200 (this is not a toll-free number). Individuals with hearing or speech impairments may access the telephone number above via TTY/TDD by calling the toll-free Federal Information Relay Service at 1 (877) 889–5627.

**SUPPLEMENTARY INFORMATION:**

## I. Statutory Background

The Immigration and Nationality Act (INA), as amended, assigns responsibilities to the Secretary of Labor (Secretary) relating to the entry and employment of certain categories of immigrants and nonimmigrants. The INA prohibits the admission of certain employment-based immigrants unless the Secretary has certified that (1) there are not sufficient workers who are able, willing, qualified and available at the time of application for a visa and admission to the United States and at

the place where the foreign worker is to perform such skilled or unskilled labor, and (2) the employment of such foreign worker will not adversely affect the wages and working conditions of workers in the United States similarly employed.[1] The Secretary has delegated the responsibilities under the INA to administer the PERM program at 20 CFR part 656 to the Assistant Secretary for ETA, who in turn has delegated that authority to OFLC.[2]

## II. Appendix A

### A. Origin and Purpose of Appendix A

On December 27, 2004, the Department published the Final Rule, *Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System,* 69 FR 77326 (December 27, 2004) (Final Rule), revising the regulations at 20 CFR part 656. The Final Rule requires employers to conduct recruitment of U.S. workers before filing their applications under the PERM program and introduced different recruitment requirements for non-professional occupations and professional occupations.[3] In the preamble to the Final Rule, the Department included an appendix titled Appendix A, which listed O*NET occupations using BLS 2000 SOC codes and titles for which a bachelor's or higher degree is a customary requirement, and for which the employer must recruit under the standards for professional occupations under 20 CFR 656.17(e)(1). The Department explained that the list was intended to identify professional occupations the Department considered appropriate for recruiting under the standards for professional occupations and offered the list as a guide for

employers to determine recruitment requirements.[4]

The Department created Appendix A using a list of occupations that BLS developed based on the usual education and training requirements for the occupations.[5] As the Department explained, each of the occupations listed in Appendix A was assigned a BLS education and training category (E&TC) code, which indicated the "most significant source of level of education or training" required by an occupation.[6] In 2010, BLS ceased publishing the education requirements for SOC codes under the E&TC system. However, BLS now publishes the typical entry-level educational requirements for SOC codes in conjunction with the annual wage estimates based on the Occupational Employment and Wage Statistics (OEWS) wage survey.[7]

### B. Use of Appendix A

OFLC processes the PERM labor certification application, Form ETA–9089, *Application for Permanent Employment Certification,*[8] and uses Appendix A to determine whether the SOC code assigned to the requested job opportunity[9] in the application generally requires a bachelor's degree for entry, such that the employer must

conduct professional recruitment under 20 CFR 656.17(e)(1).[10] The absence of an occupation from Appendix A is not dispositive of an employer's recruitment obligations. However, if the occupation is not listed in Appendix A, as updated and posted annually as notice(s) on the OFLC website, and it does not otherwise meet the definition of a professional occupation under 20 CFR 656.3, the employer is not required to conduct professional recruitment.[11]

### C. Availability of New Education Data and the Department's Decision To Update Appendix A

ETA believes it is necessary to publish this notice to provide the best available information to guide employers in determining recruitment requirements under the PERM program, especially as the list of occupations in Appendix A has become outdated. For example, an increasing number of occupational codes are no longer listed by the same SOC code and occupational title in Appendix A due to updates to the SOC manual in 2010 and 2018.[12] Accordingly, it had become necessary for OFLC to develop a method to crosswalk occupations (*i.e.,* connecting an outdated occupation to the O*NET database to find an occupation that best matches the job opportunity indicated in the employer's application). However, with the BLS publication of the typical entry-level educational requirement in conjunction with its annual OEWS wage estimates for the SOC codes and titles, ETA is now able to provide notice of corresponding updates to Appendix A, which are based on occupational and education data from BLS, and maintain a more current list of professional occupations that provides greater clarity to the public on the appropriate education

---

[1] *See* 8 U.S.C. 1182(a)(5)(A); 8 U.S.C. 1101(a)(15)(E)(iii), (H)(i)(b), (H)(i)(b)(1).

[2] *See* Secretary's Order 06–2010 (Oct. 20, 2010).

[3] The term "professional occupation" is defined as "an occupation for which the attainment of a bachelor's or higher degree is a *usual education requirement.*" 20 CFR 656.3 (emphasis added). As explained in the Final Rule, and codified at 20 CFR 656.3, it is not a requirement that the foreign worker-beneficiary listed on an application possess a bachelor's or higher degree themselves for the job opportunity to meet the definition of a professional occupation. *Id.;* 69 FR 77326, 77345–46 (Dec. 27, 2004). However, if an employer is willing to accept work experience in lieu of a bachelor's or higher degree, such work experience "must be attainable in the U.S. labor market and must be stated on the application form." 20 CFR 656.3. Similarly, if an equivalent foreign degree is acceptable, this also "must be clearly stated on the *Application for Permanent Employment Certification* form." *Id.* In comparison, the term "nonprofessional occupation" means "any occupation for which the attainment of a bachelor's or higher degree is not a usual requirement for the occupation." *Id.;* 69 FR 77326, 77345–46.

[4] *See* 69 FR 77326, 77345–46 ("The primary purpose of the list of occupations is to provide employers with the necessary information to determine whether to recruit under the standards provided in the regulations for professional occupations or for nonprofessional occupations.").

[5] *See Notice of Proposed Rulemaking, Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System,* 67 FR 30466, 30471 (May 6, 2002).

[6] *See id.;* Comment Request, 75 FR 60139, 60140 (Sept. 29, 2010). *See also Employment Projections through the Lens of Education and Training,* 15, Monthly Labor Review: April 2012, Bureau of Labor Statistics (explaining the reasons for development of the current education and training system and the differences between the old and new systems), *available at https://www.bls.gov/opub/mlr/2012/article/employment-projections-through-the-lens-of-education-and-training.htm; Employment Projections: Methods,* Bureau of Labor Statistics (explaining that the current system "replaced [the] earlier system that was used between 1995 and 2008" and the "two systems are not comparable"), *available at https://www.bls.gov/emp/documentation/education/tech.htm.*

[7] BLS's OEWS survey was named the Occupational Employment Statistics survey prior to March 31, 2021. *See https://www.bls.gov/oes/home.htm.*

[8] The current form title is ETA Form 9089, but the Department recently submitted proposed changes to the form to the Office of Management and Budget (OMB) for review and approval in accordance with the Paperwork Reduction Act. *See* Agency Information Collection Activities; Submission for OMB Review; Comment Request; Application for Permanent Employment Certification, 86 FR 22714 (Apr. 29, 2021).

[9] Generally, the SOC code assigned to an employer's job opportunity is indicated in the Prevailing Wage Determination issued by OFLC's National Prevailing Wage Center.

[10] OFLC's National Prevailing Wage Center (NPWC) also consults the list of occupations in Appendix A to determine the education and experience norms for occupations when it processes prevailing wage determination requests, Form ETA–9141, *Application for Prevailing Wage Determination.* Specifically, NPWC uses the E&TC codes on the list of occupations in its determination of prevailing wages by comparing an employer's education requirement listed on the Form ETA–9141 with the education requirement indicated on the E&TC code for that occupation. Employment and Training Administration; Prevailing Wage Determination Policy Guidance, Nonagricultural Programs (Revised Nov. 2009), *available at https://www.dol.gov/sites/dolgov/files/ETA/oflc/pdfs/NPWHC_Guidance_Revised_11_2009.pdf.*

[11] *See* 20 CFR 656.17(e)(2) (recruitment obligations for nonprofessional occupations); 69 FR 77326, 77388 (listing definitions of "professional occupation" and "nonprofessional occupation").

[12] *See, e.g.,* Standard Occupational Classification Manual (2018), *available at https://www.bls.gov/soc/2018/soc_2018_manual.pdf.*

requirements for each occupation.[13] ETA intends to annually review the BLS occupational and education data with the annual OEWS wage estimates each May and, as appropriate, publish a full update to Appendix A consistent with the BLS data, even if BLS data have not changed from the previous year.

### D. Effective Date of the Updated List of Occupations in Appendix A

The updated list of occupations in Appendix A will be published on OFLC's website on or before June 30, 2022, along with the wage data applicable in the new wage year, which starts July 1, 2022 and continues until June 30, 2023. Employers will be able to rely on the list of occupations and the education requirements associated with the occupations in Appendix A that OFLC publishes each year on its website. In order to minimize the impact of newly-added professional occupations and to ensure appropriate notice for employers, including those engaged in any pre-filing recruitment under 20 CFR 656.17(e), professional recruitment obligations under 20 CFR 656.17(e)(1) will generally not apply to professional occupations that are newly added to the list of professional occupations in Appendix A unless OFLC has both: (1) Published the occupation on a list of professional occupations as a notice on the OFLC website; and (2) OFLC's National Prevailing Wage Center (NPWC) has assigned the SOC code in connection with the issuance of a prevailing wage determination under 20 CFR 656.40. As the Department explained in the Final Rule, "[t]he primary purpose of the list of occupations [in Appendix A] is to provide employers with the necessary information to determine whether to recruit under the standards provided in the regulations for professional occupations or for nonprofessional occupations." 69 FR 77326, 77346. However, "[e]mployers that conduct more recruitment than is required will not have their applications denied for that reason. Employers filing applications involving nonprofessional occupations are free to recruit under the requirements for professional occupations if they believe by so doing it will yield more applications from willing, able, and qualified U.S. workers." Id. Accordingly, ETA believes that providing this notice to annually review and publish a new list of professional occupations in Appendix A on OFLC's website—even when BLS data have not changed from the previous year—will provide employers

with the best available information to guide them in determining recruitment requirements and wage obligations. Specifically, OFLC will use BLS's latest occupational and education data annually, beginning in the July 2022 through June 2023 wage year, when the wages are updated based upon the same BLS release cycle.

### III. Job Zones

#### A. O*NET Five Job Zones

A Job Zone is a group of occupations that are similar in the amount of (1) education; (2) related experience; and (3) on-the-job training that is needed to perform the work. O*NET classifies occupations into one of five Job Zones, ranging from little or no preparation to an extensive amount of preparation needed to perform the job. Job Zone One occupations require little or no preparation to perform the job. Job Zone Two occupations require some preparation. Job Zone Three occupations require medium preparation. Job Zone Four occupations require considerable preparation, and Job Zone Five occupations require extensive preparation to perform the job.[14]

More specifically, Job Zone One occupations may require: (1) A high school diploma or GED certificate; (2) minimal work-related skill, knowledge, or experience; and (3) a few days to a few months of job training. Examples of Job Zone One occupations include: Dishwashers, sewing machine operators, and landscaping and groundskeeping workers. Job Zone Two occupations usually require: (1) A high school diploma; (2) some previous work-related skill, knowledge, or experience; and (3) a few months to one year of working. Examples of Job Zone Two occupations include: Counter and rental clerks, customer service representatives, and security guards. Job Zone Three occupations usually require: (1) Training in vocational schools, related on-the-job experience, or an associate's degree; (2) previous work-related skill, knowledge, or experience; and (3) one or two years of training involving both on-the-job experience and informal training. These occupations usually involve using communication and organizational skills to coordinate, supervise, manage, or train others. Examples of Job Zone Three occupations include: Electricians, court reporters, and medical assistants. Job Zone Four occupations usually require: (1) A four-year bachelor's degree; (2)

considerable amount of work-related skill, knowledge, or experience; and (3) several years of work-related experience, on-the-job training, and/or vocational training. These occupations involve coordinating, supervising, managing, or training others. Examples of Job Zone Four occupations include: Sales managers, database administrators, and graphic designers. Job Zone Five occupations usually require: (1) Graduate school; (2) extensive skill, knowledge, and five or more years of experience; and (3) some on-the-job training, but most of these occupations assume that the person will already have the required skills, knowledge, work-related experience, and/or training. These occupations often involve coordinating, training, supervising, or managing the activities of others. Examples of Job Zone Five occupations include: Pharmacists, lawyers, and neurologists.[15]

#### B. Procedures for Establishing Job-Zone Values

OFLC uses the O*NET Job Zone assigned to an occupation to determine whether the experience the employer requires meets, exceeds, or falls below requirements typical to the occupation in which the employer's job opportunity is classified. While O*NET transitions to the 2018 SOC occupations, there are many frequently used occupations where the O*NET Job Zone is not yet available. Until O*NET completes its transition, OFLC will use the following standard procedures to set Job Zone values for occupations without O*NET Job Zone data.

First, when there is an existing O*NET Job Zone for a 2018 SOC occupation, OFLC will use the Job Zone from the O*NET 2018 SOC occupation.

Second, when there is no O*NET Job Zone for the 2018 SOC occupation, but there is an O*NET Job Zone for the 2010 SOC occupation, OFLC will use the Job Zone from the O*NET 2010 SOC occupation.

Third, when there is no O*NET Job Zone for either the 2018 SOC occupation or the 2010 SOC occupation, OFLC will first examine the corresponding broad occupation [16] to

---

[13] See https://www.bls.gov/oes/additional.htm.

[14] See O*NET OnLine Help: Job Zones, available at https://www.onetonline.org/help/online/zones.

[15] Id.

[16] SOC occupations are organized into a tiered system with four levels of aggregation: (1) Major group; (2) minor group; (3) broad occupation; and (4) detailed occupation. Each lower level of detail identifies a more specific group of occupations. The 2018 SOC contains 23 major groups, which are broken into 98 minor groups, 459 broad occupations, and 867 detailed occupations, of the latter of which have the highest level of specification. The following is an example of the four levels of aggregation: 29–0000 Healthcare Practitioners and Technical Occupations (major

determine if the broad occupation contains detailed occupations with O*NET Job Zones.[17] OFLC will calculate the Job Zones by averaging the O*NET Job Zones of the detailed occupations within the broad occupation. For example, since there is neither O*NET Job Zone for 2018 SOC 11–3013—Facilities Managers nor O*NET Job Zone for 2010 SOC 11–3011—Administrative Services Manager, OFLC will use the average O*NET Job Zones for the Broad Occupation 11–3010—Administrative Services and Facilities Managers.

Lastly, where there is no O*NET Job Zone for either the 2018 SOC occupation or the 2010 SOC occupation, and the broad occupation does not have detailed occupations with O*NET Job Zones, OFLC will calculate the Job Zone by averaging the O*NET Job Zone of the detailed occupations within the minor group. For example, since the Broad Occupation 15–2051—Data Scientists does not have detailed occupations with O*NET Job Zones, OFLC will use the average O*NET Job Zones for the Minor Group 15–2000—Mathematical Science Occupations.

OFLC intends to use these standard procedures for occupations that do not have O*NET Job Zone data beginning in the July 2022 through June 2023 wage year when the wages are updated based upon the same BLS release cycle.

**Angela Hanks,**

*Acting Assistant Secretary of the Employment and Training Administration.*

[FR Doc. 2021–24813 Filed 11–12–21; 8:45 am]

**BILLING CODE 4510–FP–P**

---

## DEPARTMENT OF LABOR

### President's Committee on the International Labor Organization Charter Renewal

**AGENCY:** Bureau of International Labor Affairs, Labor.

**ACTION:** Notice of charter renewal.

**SUMMARY:** On September 30, 2021, President Biden continued the President's Committee on the

---

group); 29–1000 Healthcare Diagnosing or Treating Practitioners (minor group); 29–1020 Dentists (broad occupation); and 29–1022 Oral and Maxillofacial Surgeons (detailed occupation). *See* Standard Occupational Classification Manual (2018), *available at* https://www.bls.gov/soc/2018/soc_2018_manual.pdf; *see also* The O*NET SOC Taxonomy, *available at* https://www.onetcenter.org/taxonomy.html (providing additional information on classification).

[17] *See* Updating the O*NET®-SOC Taxonomy: Incorporating the 2018 SOC Structure—Summary and Implementation, at 6–7, *available at* https://www.onetcenter.org/dl_files/Taxonomy2019_Summary.pdf.

International Labor Organization (ILO) for two years through September 30, 2023. In response, and pursuant to the Federal Advisory Committee Act (FACA), the Secretary of Labor renewed the committee's charter on November 1, 2021.

*Purpose:* The President's Committee on the International Labor Organization was established in 1980 by Executive Order (E.O.) 12216 to monitor and assess the work of the ILO and make recommendations to the President regarding United States policy towards the ILO. The committee is chaired by the Secretary of Labor and the Department of Labor's Bureau of International Labor Affairs is responsible for providing the necessary support for the committee.

The committee is composed of seven *ex officio* members: The Secretary of Labor, the Secretary of State, the Secretary of Commerce, the Assistant to the President for National Security Affairs, the Assistant to the President for Economic Policy, and one representative each from organized labor and the business community, designated by the Secretary of Labor. The labor and business members are the presidents of the American Federation of Labor and Congress of Industrial Organizations and the United States Council for International Business, respectively, as the most representative organizations of U.S. workers and employers engaged in ILO matters.

*Authority:* The authority for this notice is granted by FACA (5 U.S.C. App. 2) and E.O. 14048 of September 30, 2021.

**FOR FURTHER INFORMATION CONTACT:** Robert B. Shepard, Director, Office of International Relations, Bureau of International Labor Affairs, U.S. Department of Labor, telephone (202) 693–4808, *Shepard.Robert@dol.gov.*

Signed at Washington, DC, on November 2, 2021.

**Thea Mei Lee,**

*Deputy Undersecretary, Bureau of International Labor Affairs.*

[FR Doc. 2021–24781 Filed 11–12–21; 8:45 am]

**BILLING CODE 4510–28–P**

---

## NATIONAL AERONAUTICS AND SPACE ADMINISTRATION

### [NOTICE: (21–072)]

### Privacy Act of 1974; System of Records

**AGENCY:** National Aeronautics and Space Administration (NASA).

**ACTION:** Notice of a Modified System of Records.

**SUMMARY:** Pursuant to the provisions of the Privacy Act of 1974, the National Aeronautics and Space Administration is issuing public notice of its proposal to significantly alter a previously noticed system of records Reasonable Accommodation (RA) Records/NASA 10RAR to include the provision of religious accommodations under Title VII of the Civil Rights Act of 1964. The prior notice exclusively addressed reasonable accommodations for employees or applicants with disabilities but is being revised to include both types of accommodation requests. This notice adds two new authorities, expands categories of records, updates technical safeguards, updates system and subsystem managers. It adds one location, revises two and deletes two routine uses, all that are unique to this system. This notice incorporates locations and NASA standard routine uses that were previously published separately from, and cited by reference in, this and other NASA systems of records notices. Finally, it revises and adds to previously published Standard Routine Uses. Further details are set forth below under the caption. **SUPPLEMENTARY INFORMATION.**

**DATES:** Submit comments within 30 calendar days from the date of this publication. The changes will take effect at the end of that period if no adverse comments are received.

**ADDRESSES:** Patti F. Stockman, Privacy Act Officer, Office of the Chief Information Officer, Mary W. Jackson NASA Headquarters, Washington, DC 20546–0001, (202) 358–4787, *NASA-PAOfficer@nasa.gov.*

**FOR FURTHER INFORMATION CONTACT:** NASA Privacy Act Officer, Patti F. Stockman, (202) 358–4787, *NASA-PAOfficer@nasa.gov.*

**SUPPLEMENTARY INFORMATION:** One of the most significant changes to the notice is that it now includes requests made by employees or applicants for religious accommodations in accordance with Title VII of the Civil Rights Act of 1964. The information collected will be used to document and evaluate a request for accommodation. The prior notice exclusively addressed reasonable accommodations for employees or applicants with disabilities but is being revised to include medical and religious accommodation requests. This system notice therefore adds both 42 U.S.C. 2000e *et seq.* and 29 CFR pt. 1605 as authorities. It deletes Routine Uses 1 and 3 unique to this system of records

EXHIBIT C

**U.S. Department of Labor**      **Employment and Training Administration**
Office of Foreign Labor Certification
200 Constitution Avenue NW, Room N-5311
Washington, DC 20210



January 23, 2023

THOMAS M DI GREGORIO SR                    ETA Case Number: A-21272-51845
c/o Garvish Immigration Law Group, LLC     Foreign Worker's Name: BELEN NATALY
Elizabeth L. Garvish                                              TREJO
2970 Peachtree Road NW, Suite 525          Occupation Title: Household Manager
Atlanta 30305                              Occupation Code: 11-9141
                                           Priority Date: OCTOBER 12, 2021

Dear THOMAS M DI GREGORIO SR,

You have requested the United States Department of Labor ("Department") reconsider the decision made on the above referenced Application for Permanent Employment Certification, ETA Form 9089 ("the application"). The employer's request did not overcome the deficiencies stated in the determination letter for the reasons provided below.

**Reason for Denials 1-2:**

*The denial notification states* that the employer's application indicates it answered "No" in Section I-a.1 of the application (is this application for a professional occupation, other than a college or university teacher?) and left Sections I.13 to I.22 blank, indicating it did not conduct the additional three recruitment steps required for professional occupations.

The occupational title with a SOC Code of 11-9141 – Property, Real Estate, and Community Association Managers -- is considered to be a professional occupation and is listed in the Appendix A to the Preamble-Professional Recruitment Occupations. When an occupation appears in the Appendix A list of professional occupations, Section 656.17(e) requires the employer to recruit using the professional recruitment standard, regardless of whether the employer has required a bachelor's degree for its particular position.

*Therefore*, the Office of Foreign Labor Certification Certifying Officer ("Certifying Officer") denied the application, pursuant to the Department's regulations at  20 CFR § 656.17(e)(1)(ii).

**Employer's Response:**

*In response to the denial,* the employer makes the following arguments:

- SOC Code 11-9141 "Household Managers" is not listed in Appendix A.
- DOL inappropriately assigned SOC Code 11-9141 to the employer's job opportunity, "Household Manager."
- SOC Code 11-9141 is listed in O*NET as Job Zone 4, which indicates that most of the occupations require a four year bachelor's degree, but some do not.
- A new Appendix A will be issued. This new standard should not be applied to this application since it was submitted on 10/12/2021.
- The employer's requirement is for a high school education. A professional occupation is one which normally requires a bachelor's degree.

The employer does not indicate that it actually conducted the three additional recruitment steps.

**Certifying Officer's Response:**

*Applicable Regulatory Authority*

The employer is responsible for complying with the Department's regulations and requests. The employer is also responsible for the actions of third parties acting on its behalf, including the actions of its attorney or agent of record, and attests to that fact in Section N of the application.

Pursuant to 20 CFR § 656.17(e)(1)(ii), the employer must conduct at least three of the additional recruitment steps listed in Section I of ETA Form 9089 when recruiting for professional occupations.

Pursuant to 20 CFR § 656.41(a), [a]ny employer desiring review of a PWD made by a CO must make a request for such review within 30 days of the date from when the PWD was issued. The request for review must be sent to the director of the NPC that issued the PWD within 30 days of the date of the PWD; clearly identify the PWD from which review is sought; set forth the particular grounds for the request; and include all the materials pertaining to the PWD submitted to the NPC up to the date of the PWD received from the NPC.

"Professional occupation" is defined in 20 CFR § 656.3 as "an occupation for which the attainment of a bachelor's or higher degree is a usual education requirement." A conditional

list of professional occupations is contained in Appendix A of the Preamble to the PERM regulations. (Federal Register, Vol. 69, No 247 December 27, 2004.)

The Department's regulation at 20 CFR § 656.17(e)(1)(ii) specifies that for professional occupations:

> The employer must select three additional recruitment steps from the alternatives listed in paragraphs (e)(1)(ii)(A)-(J) of this section.

However, application question I.a.1 reiterates the definition at 20 CFR § 656.3 by specifying: "[p]rofessional occupations are those for which a bachelor's Degree (or equivalent) is *normally* required." [Emphasis added.] The emphasis here is on "normally."

*Facts of the Case*

In Section F of its application, the employer indicated that the SOC Code determined by the National Prevailing Wage Center for Prevailing Wage Determination ("PWD") is 11-9141, Property, Real Estate, and Community Association Managers. SOC Code 11-9141 is listed on Appendix A to the PERM regulations at Fed. Reg. 69 pg 77380 (Dec. 27, 2004)[1], and so the employer was required to mark Section I-1 "Yes" and to list three additional recruitment methods in Sections I-13 to I-22. However, in its application, the employer marked Section I-1 "No" and did not enter three additional recruitment methods.

The employer argues that the SOC Code designation was incorrect. However, there is no indication in the record that the employer challenged this determination as required by 20 CFR § 656.41(a).

In addition, the employer argues that it does not require a bachelor's degree and therefore the job cannot be considered a professional occupation. However, as is made clear in the Preamble to the PERM regulations, a job's status as a professional or nonprofessional occupation is not determined by whether the job absolutely requires a certain degree[2]. Rather, the job's status is determined by the Department of Labor based upon the customs of the field.

The employer also notes that a new Appendix A would be issued after the date the application was filed. The Department indicated in Fed. Reg. 86 pg 6370-6372 (Nov. 15, 2021) that July 1, 2022 would be the effective date of the revised Appendix A. Therefore, the current application falls

---

[1] The employer appears to argue that because its job title is "Household Manager," the SOC Code does not apply even though it is listed in the 2004 Appendix A.

[2] See *EPI Ltd. P'ship*, 2008-PER-00004 (Apr. 28, 2008) ("[w]hen an occupation appears on Appendix A, the regulations require an employer to recruit using the professional recruitment standard, regardless of whether the employer requires a bachelor's degree or higher degree for its particular position"); see also *The Good Shepherd of the Little Ones*, 2009-PER-00105 (June 23, 2015); *TerresTech. Inc.*, 2012-PER-00977 (Jan. 15, 2016).

under the list of occupations listed in Appendix A of the Preamble to the PERM regulations in 2004.

As a result of the foregoing, the employer should have marked Section I-1 "Yes" and should have listed three additional recruitment steps in Sections I-13 to I-22.

*Consequently*, the Certifying Officer has determined these reasons for denial to be valid, pursuant to 20 CFR § 656.17(e)(1)(ii).

You have the right to appeal your case to Board of Alien Labor Certification of Appeals (BALCA) for administrative review. **If you would like to appeal your case, you must affirmatively do so in writing.** This request must be made no later than 30 days after the date of issuance of this Notice of Decision. The required information and/or documentation must be submitted by 11:59PM Eastern Standard Time (EST) on the deadline date.

The employer should directly upload all PERM documents and requests to the Permanent Online System. This benefit will reduce the cost and burden from submitting documentation via U.S. mail, e-mail or facsimile; streamline the process of submitting and reviewing PERM applications; and ensure integrity and receipt of information submitted. To learn how you can upload your documents go to page 51 and follow the steps by going to https://www.plc.doleta.gov/onlinehelp.pdf. Do not forget to include your ETA Case Number on any correspondence sent to the Atlanta National Processing Center. Failure to do so may result in a delay in processing your application.

Upon receiving your appeal request, the Atlanta National Processing Center will forward your case to BALCA. Procedures for this review process can be found at 20 CFR § 656.26 and § 656.27. Pursuant to 20 CFR § 656.24(e)(6), when a case is pending on appeal at BALCA, an employer cannot file a new application for the same foreign worker and job opportunity. If you wish to file a new application showing changed or corrected information, you will need to withdraw your appeal.

Sincerely,

PERM Certifying Officer

CC: THOMAS M DI GREGORIO SR

# EXHIBIT D

# Online Wage Library - FLC Wage Search Results

Saturday, May 20, 2023    New Quick Search    New Search Wizard

You selected the All Industries database for 7/2022 - 6/2023. Your search returned the following:

| | |
|---|---|
| **Area Code:** | 12060 |
| **Area Title:** | Atlanta-Sandy Springs-Roswell, GA |
| **GeoLevel:** | 1 |
| **OES/SOC Code:** | 37-2012 |
| **OES/SOC Title:** | Maids and Housekeeping Cleaners |
| **Level 1 Wage:** | $9.70 hour - $20,176 year |
| **Level 2 Wage:** | $11.06 hour - $23,005 year |
| **Level 3 Wage:** | $12.41 hour - $25,813 year |
| **Level 4 Wage:** | $13.77 hour - $28,642 year |
| **Mean Wage (H-2B):** | $12.42 hour - $25,834 year |

This wage applies to the following O*NET occupations:
**37-2012.00 Maids and Housekeeping Cleaners**

Perform any combination of light cleaning duties to maintain private households or commercial establishments, such as hotels and hospitals, in a clean and orderly manner. Duties may include making beds, replenishing linens, cleaning rooms and halls, and vacuuming.
O*NET JobZone: 1 -- Education & Training Code: No Level Set

**The offered wage must be at, or above the federal or state or local minimum wage, whichever is higher. The federal minimum wage is $7.25/hr effective July 24, 2009.**

# EXHIBIT E

 O*NET OnLine

# O*NET OnLine Help
## Job Zones

## Overview

A Job Zone is a group of occupations that are similar in:

- how much education people need to do the work,
- how much related experience people need to do the work, and
- how much on-the-job training people need to do the work.

The five Job Zones are:

- Job Zone 1 - occupations that need little or no preparation
- Job Zone 2 - occupations that need some preparation
- Job Zone 3 - occupations that need medium preparation
- Job Zone 4 - occupations that need considerable preparation
- Job Zone 5 - occupations that need extensive preparation

## Job Zone One: Little or No Preparation Needed

**Education**
Some of these occupations may require a high school diploma or GED certificate.

**Related Experience**
Little or no previous work-related skill, knowledge, or experience is needed for these occupations. For example, a person can become a waiter or waitress even if he/she has never worked before.

**Job Training**
Employees in these occupations need anywhere from a few days to a few months of training. Usually, an experienced worker could show you how to do the job.

**Job Zone Examples**
These occupations involve following instructions and helping others. Examples include food preparation workers, dishwashers, floor sanders and finishers, landscaping and groundskeeping workers, logging equipment operators, and baristas.

**SVP Range**
Up to 3 months of preparation (Below 4.0)

## Job Zone Two: Some Preparation Needed

**Education**
These occupations usually require a high school diploma.

**Related Experience**

Some previous work-related skill, knowledge, or experience is usually needed. For example, a teller would benefit from experience working directly with the public.

**Job Training**

Employees in these occupations need anywhere from a few months to one year of working with experienced employees. A recognized apprenticeship program may be associated with these occupations.

**Job Zone Examples**

These occupations often involve using your knowledge and skills to help others. Examples include orderlies, counter and rental clerks, customer service representatives, security guards, upholsterers, tellers, and dental laboratory technicians.

**SVP Range**

3 months to 1 year of preparation (4.0 to < 6.0)

## Job Zone Three: Medium Preparation Needed

**Education**

Most occupations in this zone require training in vocational schools, related on-the-job experience, or an associate's degree.

**Related Experience**

Previous work-related skill, knowledge, or experience is required for these occupations. For example, an electrician must have completed three or four years of apprenticeship or several years of vocational training, and often must have passed a licensing exam, in order to perform the job.

**Job Training**

Employees in these occupations usually need one or two years of training involving both on-the-job experience and informal training with experienced workers. A recognized apprenticeship program may be associated with these occupations.

**Job Zone Examples**

These occupations usually involve using communication and organizational skills to coordinate, supervise, manage, or train others to accomplish goals. Examples include hydroelectric production managers, desktop publishers, electricians, agricultural technicians, barbers, court reporters and simultaneous captioners, and medical assistants.

**SVP Range**

1-2 years of preparation (6.0 to < 7.0)

## Job Zone Four: Considerable Preparation Needed

**Education**

Most of these occupations require a four-year bachelor's degree, but some do not.

**Related Experience**

A considerable amount of work-related skill, knowledge, or experience is needed for these occupations. For example, an accountant must complete four years of college and work for several years in accounting to be considered qualified.

**Job Training**

Employees in these occupations usually need several years of work-related experience, on-the-job training, and/or vocational training.

**Job Zone Examples**

Many of these occupations involve coordinating, supervising, managing, or training others. Examples include real estate brokers, sales managers, database administrators, graphic designers, conservation scientists, art directors, and cost estimators.

**SVP Range**

2-4 years of preparation (7.0 to < 8.0)

# Job Zone Five: Extensive Preparation Needed

**Education**

Most of these occupations require graduate school. For example, they may require a master's degree, and some require a Ph.D., M.D., or J.D. (law degree).

**Related Experience**

Extensive skill, knowledge, and experience are needed for these occupations. Many require more than five years of experience. For example, surgeons must complete four years of college and an additional five to seven years of specialized medical training to be able to do their job.

**Job Training**

Employees may need some on-the-job training, but most of these occupations assume that the person will already have the required skills, knowledge, work-related experience, and/or training.

**Job Zone Examples**

These occupations often involve coordinating, training, supervising, or managing the activities of others to accomplish goals. Very advanced communication and organizational skills are required. Examples include pharmacists, lawyers, astronomers, biologists, clergy, physician assistants, and veterinarians.

**SVP Range**

Over 4 years of preparation (8.0 and above)

← Scales, Ratings, and Standardized Scores

↑ Table of Contents

→ Specific Vocational Preparation (SVP)

# EXHIBIT F

# Online Wage Library - FLC Wage Search Results

Saturday, May 20, 2023   New Quick Search   New Search Wizard

You selected the All Industries database for 7/2022 - 6/2023. Your search returned the following:

| | |
|---|---|
| **Area Code:** | 12060 |
| **Area Title:** | Atlanta-Sandy Springs-Roswell, GA |
| **GeoLevel:** | 1 |
| **OES/SOC Code:** | 11-9141 |
| **OES/SOC Title:** | Property, Real Estate, and Community Association Managers |
| **Level 1 Wage:** | $17.89 hour - $37,211 year |
| **Level 2 Wage:** | $24.33 hour - $50,606 year |
| **Level 3 Wage:** | $30.76 hour - $63,981 year |
| **Level 4 Wage:** | $37.20 hour - $77,376 year |
| **Mean Wage (H-2B):** | $30.81 hour - $64,085 year |

This wage applies to the following O*NET occupations:
**11-9141.00 Property, Real Estate, and Community Association Managers**

Plan, direct, or coordinate the selling, buying, leasing, or governance activities of commercial, industrial, or residential real estate properties. Includes managers of homeowner and condominium associations, rented or leased housing units, buildings, or land (including rights-of-way).
O*NET JobZone: 4 -- Education & Training Code: 6-High School diploma

**The offered wage must be at, or above the federal or state or local minimum wage, whichever is higher. The federal minimum wage is $7.25/hr effective July 24, 2009.**