## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KAROLYN MCCORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CAPITAL ONE, N.A. and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, KAROLYN MCCORD ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants CAPITAL ONE, N.A. ("CAPITAL ONE") and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (collectively referred to as "Defendants"):

### Nature of the Action

1.      This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2.      Plaintiff is a natural person at all times relevant residing in Forsynth County, in the City of Cumming, in the State of Georgia.

3.      At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681(a)(c).

4.      Defendant CAPITAL ONE, is a nationally chartered bank doing business in the state of Georgia, with its principal place of business located in McLean, Virginia.

5.      Defendant CAPITAL ONE, is a "person" as defined by 47 U.S.C. §153 (39).

6.      CAPITAL ONE is a "Furnisher" as defined by 16 C.F.R. § 660.2(c).

7.      Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Irvine, California.

8.      Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

9.      Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10.     Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

11.     Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

12.     At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

13.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

14.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

15.     Plaintiff is a consumer who is the victim of inaccurate reporting by CAPITAL ONE and EXPERIAN and has suffered particularized and concrete harm.

16.     CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

17.     On or about October 15, 2019, Plaintiff and CAPITAL ONE settled a credit card account ending in 1131 ("Account") for $1808.54.

18.     Plaintiff made multiple payments pursuant to the agreement and, on or about October 15, 2019, Plaintiff satisfied the settlement terms by making a final payment of $352.12, totaling $1808.54, pursuant to the agreement.

19.     On June 9, 2022, Plaintiff received a copy of her credit report from EXPERIAN.

20.     To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CAPITAL ONE reported incorrect information regarding the Account to the CRAs, including EXPERIAN.

21.     Specifically, EXPERIAN reported the Account as having a current status "Charged Off" and with an outstanding balance of $1808.00.

22.     Both the status and outstanding balance were incorrect.

23.     On June 9, 2022, Plaintiff issued a dispute to EXPERIAN regarding the incorrect information being reported on the Account.

24.     Specifically, Plaintiff disputed the incorrect entry in her credit report that the account was in a "Charged Off" status and that any balance was owed on the account.

25.     Further, Plaintiff included proof of the settlement and payment to Capital One with her dispute letter.

26.     Upon information and belief, pursuant to its duties under 15 U.S.C. § 1681(a)(2)(A), EXPERIAN notified CAPITAL ONE of Plaintiff's dispute within five days of receiving notice of the dispute and would have included the documentation provided with Plaintiff's dispute letter.

27.     Despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having a current status of "Charge Off" and having an outstanding balance.

28.     Once again on August 16, 2022, Plaintiff wrote another letter to EXPERIAN disputing the inaccuracies of the account and asking EXPERIAN to reinvestigate the inaccuracies.

29.     Upon information and belief, pursuant to its duties under 15 U.S.C. § 1681(a)(2)(A), EXPERIAN notified CAPITAL ONE of Plaintiff's dispute within five days of receiving notice of the dispute and would have included the documentation provided with Plaintiff's dispute letter.

30.     Had they been notified by EXPERIAN, CAPITAL ONE would be required to conduct an investigation with respect to the disputed information, review all relevant information provided by EXPERIAN, report the results of the

investigation to EXPERIAN, and if the investigation found information was incomplete and inaccurate, report such results to all CRAs. 15 U.S.C. § 1681s-(2)(b)(1).

31.    As of May 6, 2023, EXPERIAN continues to report the Account incorrectly, reporting a pay status of "Charged Off" and having a balance owed.

32.    The aforementioned information reported by EXPERIAN regarding the Account with CAPITAL ONE is inaccurate, or otherwise misleading, and is averse to the agreement between Plaintiff and CAPITAL ONE

33.    If CAPITAL ONE would have complied with its statutory duties, the incorrect information regarding the Account would not have been reported.

34.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

35.    If EXPERIAN would have complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

36.    As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

37.    Moreover, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

38.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

40.    EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

41.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42.     EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43.     In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44.     Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

45.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

46.     After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

47.     Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

48.     As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49.     EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50.     In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III– CAPITAL ONE
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

52.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

53.     CAPITAL ONE has failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

54.     CAPITAL ONE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EXPERIAN, and by failing to permanently

and lawfully correct its own internal records to prevent the re-reporting of CAPITAL ONE's representations to the CRAs.

55.    As a result of this conduct, action, and inaction of CAPITAL ONE, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56.    CAPITAL ONE's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57.    In the alternative, CAPITAL ONE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58.    Plaintiff is entitled to recover costs and attorneys' fees from CAPITAL ONE pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a jury trial on all issues so triable.

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

Pursuant to Local rule 7.1D, counsel hereby certifies that the foregoing pleading

was prepared in Times New Roman, 14 point font in compliance with Local Rule

5.1C.

Respectfully submitted,

Dated May 8, 2023                    By: */s/ C. M. Douglas*
                                     Chaka M. Douglas ("Chuck")
                                     *cmdouglas@wd-law.net*

WAKHISI-DOUGLAS, LLC
1055 Howell Mill Road, Suite 800
Atlanta, Georgia 30318               Attorneys for Plaintiff
(404) 566-2320 (Phone)               KAROLYN MCCORD
(866) 566-1232 (Fax)