# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>410-2022-04825 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Eva Melissa Page | Home Phone (Incl. Area Code)<br>(404) 642-1120 | Date of Birth<br>May 15, 1966 |
|---|---|---|
| Street Address<br>215 7th Street | City, State and ZIP Code<br>Columbus, Georgia 31901 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Ig Design Group Americas, Inc. | No. Employees, Members<br>500+ | Phone No. (Include Area Code)<br>770-551-9727 |
|---|---|---|
| Street Address<br>5555 Glenridge Connector, Suite 300 | City, State and ZIP Code<br>Atlanta, GA 30342 | |
| Name<br>US EEOC ATDO RECEIVED 04-26-2022 | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION<br>[ ] OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: March 22, 2022   Latest: March 22, 2022<br>[X] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

1. I am a person with a disability, Rheumatoid Arthritis, that substantially limits one or more major life activities.
2. In December 2021, I became ill with severe joint pain in my feet and hands related to my disability.
3. This pain affected my ability to perform manual task, and thinking, walking and other major life activities.
4. In January, Allison Davis the Director of Human Resources directed me to call VOYA, the company's provider for FMLA, ADA and STD administration.
5. I called VOYA as directed and requested the paperwork.
6. because there was a lack of appointments, I was not able to get a diagnosis until March 3, 2022.
7. I faxed the paperwork supporting my request for an accommodation, medical leave, to my employer on March 4, 2022.
8. My doctor asked for intermittent leave with estimates of absences up to five times per month with each episode lasting up to three days.
9. On or about March 4, 2022, the paperwork I sent back told my employer that I would be able to return to work.
10. Later I asked for clarification of what the procedure would be to report flares if I needed to take my intermittent leave.
11. In response, Barbara Colony told me that I had to tell her in advance what days I would sick.
12. I tried to explain that I could not predict when I would be ill and just needed to know who I should communicate my ability to come back to work daily.
13. Colony said they could not accommodate intermittent leave even though that it was what my doctor approved.
14. When I called back Colony concluded the call and said she had to talk to her manager, Allison Davis.
15. I sent an email saying I was sorry I had frustrated her, but I cannot know the future and that I would have call each day I needed.
16. Colony told me that I should not call in each day and that I should not contact my manager.

17. On March 18, 2021, and again on March 21, 2022, the company's leave administrator notified me that I was approved for a personal leave through the company's plan from January 1, 2022, until March 13, 2022.
18. The notice also said that I was approved for an intermittent leave for up to five episodic incapacitations per month lasting three days per episode.
19. I never received a call her back until March 22, 2022.
20. On March 22, 2022, I spoke to Allison Davis, in Human Resources to discuss my future.
21. On the call, Davis told me that I needed to resign because I had not been approved for any leaves and my job was unprotected.
22. I had, in fact been approved.
23. Then, Davis told me that although the company had voluntarily paid me for my company plan leave that it would require me to pay it back if I did not sign a separation letter voluntarily resigning and voiding my claims of discrimination.
24. When the company chose to pay me, I was never told that I would have to repay it and the company voluntarily, and knowingly paid me.
25. The next day I received a letter saying that the company considered me to have voluntarily resigned.
26. I never resigned.
27. I never received a leave balance or any of the notices required under the FMLA concerning my leave balance.

I believe I was discriminated and retaliated against in violation of the Americans with Disabilities Act.

I also believe that I was denied intermittent leave and retaliated against in violation of the Family and Medical Leave Act.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Apr 22, 2022    *Eva Melissa Page*<br>                Eva Melissa Page (Apr 22, 2022 15:02 EDT)<br>Date                Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |