# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEMETRICE BLASSINGAME,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEMETRICE BLASSINGAME (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

1

3. The FCRA requires that consumer reporting agencies like Equifax follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. § 1681.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

6. Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and violations described in this Complaint occurred in this District.

7. Plaintiff is a natural person and resident of Macon-Bibb County in the State of Georgia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

9.  Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. On or about March 24, 2022, Plaintiff was in the process of purchasing a vehicle and applied for a loan with Chase Auto Finance.

12. During the application process, Chase Auto Finance performed a hard credit inquiry and obtained Plaintiff's credit report from Equifax.

13. Chase Auto Finance utilized the information reported by Equifax, including Plaintiff's credit score, in determining whether to approve Plaintiff for an auto loan.

14. Ultimately, Plaintiff's application with Chase Auto Finance was denied.

15. On or about March 24, 2022, Plaintiff was in the process of purchasing a vehicle and applied for a loan with Ally Financial.

16. During the application process, Ally Financial performed a hard credit inquiry and obtained Plaintiff's credit report from Equifax.

17. Ally Financial utilized the information reported by Equifax, including Plaintiff's credit score, in determining whether to approve Plaintiff for an auto loan.

18. Ultimately, Plaintiff's application with Ally Financial was denied.

19. On or about January 6, 2023, Plaintiff became aware that at the time Plaintiff was applying for an auto loan in March 2022 her credit score was affected by an Equifax issue. This issue caused Plaintiff's credit score to be erroneously reported at a significantly lower rate than it actually was.

20. As a result of Equifax's error, Plaintiff was denied an auto loan twice which made purchasing a vehicle extremely challenging for Plaintiff.

21. Equifax's error in the publication of reports and public record information about Plaintiff, would not have occurred but for the failure of Equifax to follow reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports.

22. Equifax's error has resulted in Plaintiff's credit score being inaccurately reported in her Equifax credit report, and it has caused Plaintiff to suffer from creating challenges with obtaining an auto loan in order to purchase new vehicle.

23. Equifax's error has caused Plaintiff to suffer from worry, stress, embarrassment, fear, humiliation, sleeplessness, frustration, and anger.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services, LLC

24. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-three (23) as if fully stated herein.

25. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

26. Reasonable procedures would have, at least, included maintaining a reliable system that would ensure that consumer reports are being accurately reported with information concerning the consumer including, but not limited to, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

27. As a result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to:

    i. Stress and frustration associated with the denial of an auto loan twice;

    ii. Monies lost by attempting to get Equifax's error corrected;

      iii.    Loss of time attempting to cure the error; and

      iv.    Mental anguish, stress, embarrassment, aggravation, and other related impairments to the enjoyment of life.

28. Plaintiff is entitled to recover actual damages, costs, and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

29. Equifax's conduct was also willful, as it is a reckless violation of the FCRA to fail to maintain accurate records that are readily available.

30. Such a rudimentary check would have revealed to Equifax there was an error and would have permitted Equifax to correct that error before it reached Plaintiff and third parties.

31. Equifax is a consumer reporting agency that has access to sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

32. Due to Equifax's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. §§ 1681n.

WHEREFORE, Plaintiff, DEMETRICE BLASSINGAME, demands judgment and compensatory and punitive damages against Defendant, EQUIFAX

INFORMATION SERVICES, LLC, for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 31st day of May, 2023.

Respectfully Submitted,

***/s/Octavio Gomez***
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*
