UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL PETER MANCUSO,<br><br>　　　Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SAMUEL PETER MANCUSO (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

3. The FCRA requires that consumer reporting agencies like Equifax follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. § 1681.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

6. Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and violations described in this Complaint occurred in this District.

7. Plaintiff is a natural person and resident of Beaufort County in the State of South Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. On or about February 7, 2022, Equifax was reporting that Plaintiff had a credit score of 703.

12. In or about early March 2022, Plaintiff was in the process of renewing and extending his current Line of Credit with South State Bank. At that time, Plaintiff had a Line of Credit with South State Bank at a 7% interest rate.

13. Per the policy of South State Bank, Equifax is the only credit reporting agency utilized by the bank.

14. On or about March 24, 2022, Equifax was reporting that Plaintiff had a credit score of 606 which was a 97-point drop from the score of 703 being reported in February 2022.

15. As a result of the 97-point drop, the renewal of Plaintiff's Line of Credit with South State Bank was approved at an increased interest rate of 10.25%.

16. On or about April 27, 2022, Equifax was reporting that Plaintiff had a credit score of 611.

17. As a result of Equifax's error, Plaintiff was forced to delay purchasing a new vehicle when his auto lease ended in or about April/May 2022.

18. On or about May 27, 2022, Equifax was reporting that Plaintiff had a credit score of 678 which was an improvement but was still a 25-point difference from what was being reported on February 7, 2022.

19. At this time, Plaintiff continued to work with South State Bank who advised in or about May/June 2022 that they had been in contact with Equifax who stated there were no delinquencies being reported that could explain the significant decrease in Plaintiff's score.

20. As of February 23, 2023, Plaintiff's credit score had still not been corrected and was being reported by Equifax as 626.

21. As a result of Equifax's error, Plaintiff continues to be unable to obtain a lower interest on his South State Bank Line of Credit.

22. Equifax's error in the publication of reports and public record information about Plaintiff, would not have occurred but for the failure of Equifax to follow reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports.

23. Equifax's error has resulted in Plaintiff's credit score being inaccurately reported in his Equifax credit report, and it has caused Plaintiff to suffer from a higher interest rate and inability to purchase new vehicle.

24. Equifax's error has caused Plaintiff to suffer from worry, stress, embarrassment, fear, humiliation, sleeplessness, frustration, and anger.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services, LLC

25. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) as if fully stated herein.

26. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

27. Reasonable procedures would have, at least, included maintaining a reliable system that would ensure that consumer reports are being accurately reported with information concerning the consumer including, but not limited to, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

28. As a result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to:

      i. Stress associated with an increased interest rate on his Line of Credit;

      ii. Delay in applying for car loan due to fear of a denial or higher interest rate due to Plaintiff's lowered credit score;

      iii. Monies lost by attempting to get Equifax's error corrected;

      iv. Loss of time attempting to cure the error; and

      v. Mental anguish, stress, embarrassment, aggravation, and other related impairments to the enjoyment of life.

29. Plaintiff is entitled to recover actual damages, costs, and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

30. Equifax's conduct was also willful, as it is a reckless violation of the FCRA to fail to maintain accurate records that are readily available.

31. Such a rudimentary check would have revealed to Equifax there was an error and would have permitted Equifax to correct that error before it reached Plaintiff and third parties.

32. Equifax is a consumer reporting agency that has access to sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

33. Due to Equifax's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. §§ 1681n.

WHEREFORE, Plaintiff, SAMUEL PETER MANCUSO, demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 31st day of May, 2023.

Respectfully Submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*