UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVERNE LEWIS,<br><br>  Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, TRANS UNION, LLC<br><br>  Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAVERNE LEWIS (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, LLC (hereinafter "Experian"), and TRANS UNION, LLC (hereinafter "Trans Union"), (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America Defendants are the three major consumer reporting agencies.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Warwick County in the Commonwealth of Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St in Lawrenceville, GA 30046.

13. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14. Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia through its registered agent, Corporation Service Company located at 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.

16. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

18. On or about August 27, 2022, Plaintiff contacted non-party, Amazon, for assistance with her Amazon Prime Video, and after almost an hour on the phone, the representative provided Plaintiff with an alternative phone number to call for

additional assistance which Plaintiff did, provided her information, and the representative was able to assist her.

19. On or about August 29, 2022, Plaintiff became aware of unauthorized withdrawals from two of her checking accounts and reached out to the Amazon fraud department. The representative advised that there were no recent charges on her Chase/Amazon card and the withdrawals from her checking accounts would drop off. During that call, the representative advised Plaintiff that the phone number provided to her by an Amazon representative on August 27, 2022, was a scam phone number.

20. On or about November 13, 2o22, Plaintiff received a letter from Chase Bank stating the review of the unauthorized transactions on her Chase/Amazon card requested on August 29, 2022, was complete. Plaintiff was confused since she was advised by the fraud department that there were not any pending charges on her credit card when Plaintiff called on August 29, 2022, and therefore, based upon the information she received from the representative, Plaintiff had not requested a review.

21. Plaintiff was concerned by the letter she received and upon review of her account became aware of charges totaling approximately $1,335.00 which she did not authorize.

22. On or about February, 2023, Plaintiff contacted Trans Union by phone and disputed the JP Morgan Chase Bank Card ("Chase") account ending 4284 as inaccurate reporting.

23. On or about March 14, 2023, Trans Union responded to Plaintiff's dispute by stating the account was accurate and past due with a balance of $1,430. Trans Union failed to conduct any independent investigation on this matter.

24. On or about April 17, 2023, Plaintiff obtained a copy of her credit report from Equifax. Upon review, Plaintiff became aware that Equifax was reporting the Chase account ending 4284 as past due with a balance of $1,490.

25. In response to the inaccurate reporting, on April 26, 2023, Plaintiff mailed a written dispute letter to each of the Defendants. Plaintiff explained that she was a victim of fraud and that the charges did not belong to her. Included in the letter was a copy of her driver's license to confirm her identity. Plaintiff also included images of her credit report and a copy of the police report she filed with the Hampton Police Department regarding the fraudulent activity that occurred.

26. Plaintiff mailed her dispute letters via USPS First Class Mail to Equifax (9400 1112 0620 7200 9486 66), Experian (9400 1112 0620 7200 6026 05), and Trans Union (9400 1112 0620 7200 6578 41).

27. On or about May 2, 2023, Experian responded to Plaintiff's dispute by stating an Extended Fraud Alert was added to Plaintiff's account but did not provide any response as to the inaccurate reporting of the Chase account. On May 23, 2023, Experian responded to Plaintiff's dispute verifying the derogatory Chase Bank account. Experian failed to conduct an independent investigation.

28. On or about May 7, 2023, Equifax responded to Plaintiff's dispute by stating the account was verified as accurate. Equifax failed to conduct any independent investigation and ignored Plaintiff's allegations and her police report.

29. On or about May 18, 2023, Trans Union responded to Plaintiff's dispute stating the account was verified as accurate. Trans Union also failed to conduct an independent investigation and merely parroted back the erroneous derogatory information.

30. Despite Plaintiff's best efforts to have the account status corrected, Defendants continue to report the incorrect account status and balance on Plaintiff's credit reports.

31. Defendants have never attempted to contact Plaintiff about her disputes during their alleged investigations, and she continues to suffer as of the filing of this Complaint.

32. Defendants simply continue to parrot off the back of Chase Bank and have not conducted an actual investigation despite Plaintiff's pleas.

33. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation. Plaintiff's credit scores have significantly dropped because of Defendant's actions.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services

34. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

35. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

37. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax violated its own policies and procedures by not correcting the account status and balance when Plaintiff provided the Hampton Police Department police report, which contained sworn testimony of the fraud.

38. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services, LLC

39. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

40. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

41. Plaintiff provided Equifax with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to her personal statements and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Chase without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

42. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

43. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, LLC

45. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

46. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

48. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian violated its own policies and procedures by not correcting the account status and balance when Plaintiff provided the Hampton Police Department police report, which contained sworn testimony of the fraud.

49. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, LLC**

50. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

51. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

52. Plaintiff provided Experian with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to her personal statements and relevant supporting documents. Experian ignored this information and instead chose to simply verify the information furnished by Chase without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

53. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

54. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, LLC, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union, LLC

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

57. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

59. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Trans Union violated its own policies and procedures by not correcting the account status and balance when Plaintiff provided the Hampton Police Department police report, which contained sworn testimony of the fraud.

60. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT VI**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union, LLC**

61. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

62. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

63. Plaintiff provided Trans Union with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to her personal statements and relevant supporting documents. Trans Union ignored this information and instead chose to simply verify the information furnished by Chase without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

64. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

65. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

66. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, LAVERNE LEWIS, demands judgment and compensatory and punitive damages against Defendant, TRANS UNION, LLC, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAVERNE LEWIS, demands judgment for actual, statutory, and punitive damages against each of the Defendants, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, and TRANS UNION, LLC, for her attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 31st day of May, 2023.

                    Respectfully submitted,

                    **/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
tav@theconsumerlawyers.com