UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSANNA WALKER,<br><br>  Plaintiffs,<br>v.<br><br>NWABUEZE AZUBIKE, U.S. XPRESS, INC., and MOUNTAIN LAKE RISK RETENTION GROUP, INC.,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. _____ |

**<u>DEFENDANTS' BRIEF IN SUPPORT<br>OF THEIR NOTICE OF REMOVAL</u>**

COME NOW Defendants Nwabueze Azubike, U.S. Xpress, Inc. (hereinafter "US Xpress"), and Mountain Lake Risk Retention Group, Inc. (hereinafter "Mountain Lake"; collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, and file this Brief in Support of its Notice of Removal, showing this Court as follows:

**<u>PROCEDURAL BACKGROUND</u>**

On March 1, 2023, Rosanna Walker filed this action in the State Court of DeKalb County, Georgia against Defendants Nwabueze Azubike, U.S. Xpress, and Mountain Lake. (Compl. Ex. A.). Walker alleges Defendants are liable for injuries

she sustained in a motor vehicle accident on February 14, 2022, that occurred near a private driveway located at 4271 Lawrenceville Highway in Dekalb County, Georgia. (Compl. Ex. A. ¶¶ 7–9.) Plaintiff is claiming past, present, and future medical expenses, past and future lost wages and loss of earning capacity, general damages for physical and mental pain and suffering, disability and disfigurement and incidental expenses. (Compl. Ex. A ¶¶ 37-40.)

To date, Mountain Lake has not been served. (*See generally* Docket Ex. B). USX was served on May 2, 2023, however the proof of service has not been filed as of the preparation of these pleadings. (Proof of Service as to USX Ex. C; *See generally*, Docket). Azubike was served on May 12, 2023. (See Affidavit of Service upon Azubike, part of Ex. B).

Complete diversity exists. Walker is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1; *see also* Georgia Uniform Motor Vehicle Accident Report Number 22-012372, Ex. D) Defendant Azubike is a Michigan citizen domiciled in the State of Michigan. (Compl. Ex. A ¶ 2; *see also* Accident Report, Ex. D) U.S. Xpress, Inc., is a Nevada corporation with its principal place of business in Tennessee. (Compl. Ex. A ¶ 3; *see also* print-out from Georgia Secretary of State relating to U.S. Xpress, Inc., a true and correct copy of which is attached hereto as Ex. E). And Defendant Mountain Lake is a Vermont corporation with its principal

office in Burlington, Vermont. (Compl. Ex. A ¶ 4; *see also* Mountain Lake's Annual Registration with the Vermont Secretary of State Ex. F).

Defendants seek to timely remove this matter to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (Ex. A.)

## ARGUMENT AND CITATION OF AUTHORITY

**A.     This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This action is removable under 28 U.S.C. § 1441(a)–(b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States . . . .

Defendants show this Honorable Court that complete diversity exists among Plaintiff and Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1. **There is complete diversity among the properly served parties.**

It is undisputed that there is complete diversity among the properly served parties to this action. Walker is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1; *see also* Ex. D) Defendant Azubike is a Michigan citizen domiciled in the State of Michigan. (Compl. Ex. A ¶ 2; *see also* Ex. D) U.S. Xpress, Inc., is a Nevada corporation with its principal place of business in Tennessee. (Compl. Ex. A ¶ 3; *see also* Ex. E). And Defendant Mountain Lake is a Vermont corporation with its principal office in Burlington, Vermont. (Compl. Ex. A ¶ 4; *see also* Ex. F).

Mountain Lake Risk has not been served. Even so, Mountain Lake Risk is a Vermont with its principal office located in Vermont. (Ex. F). Furthermore, Mountain Lake Risk consents to the removal of this case to this Honorable Court. Complete diversity exists and supports removal.

2. **The amount in controversy exceeds $75,000.00.**

Plaintiff's Complaint did not contain an *ad damnum* clause setting a specific amount of damages sought by the Plaintiff such that the exact amount in controversy in this cause of action is readily ascertained. However, Defendants reasonably expect, upon information and belief, that the Plaintiff is alleging over $75,000.00 in damages. Plaintiff alleges numerous separate and distinct items of damages.

Plaintiff is claiming "substantial injuries and damages" as a result of the Accident. (Compl., ¶ 37). Alleging a claim for future medical expenses and future pain and suffering, Plaintiff claims that she will continue to suffer these "substantial injuries" as a result of the Accident. (Compl. ¶ 37). She is also claiming punitive damages, those damages under Georgia law which are designed to punish and deter. (Compl., ¶ 38). Plaintiff is also claiming "all compensatory, general, special, incidental, punitive, consequential, and/or other damages permitted" under Georgia law. (Compl., ¶ 38). Plaintiff's claimed damages are not limited. Instead, Plaintiff's claims for damages appear as expansive as allowed under Georgia. (*Id.*). Without limitation, these claims include personal injuries, past, present, and future pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, incidental expenses, lost wages, loss of earning capacity, past, present, and future medical expenses, permanent injuries, and consequential damages to be proven at trial. (*Id.*).

Based upon the limited information available and not even including initial emergency room treatment, Plaintiff's claimed past medical expenses exceed $20,000.00. (Compl., ¶ 39). Plaintiff admits that her medical treatment is not done. In fact, Plaintiff claims that she will continue to incur medical expenses into the future in an amount to be proven at trial. (Compl., ¶ 40).

Furthermore, this is not a simple car accident case filed by one plaintiff against one defendant. Plaintiff alleges that Azubike, a truck driver, was negligent in causing an accident that happened on Lawrenceville Highway in DeKalb County. (Compl. ¶¶ 7-9). In addition to simple negligence claims, Plaintiff alleges that Azubike was negligent *per se*. (Compl. ¶¶ 17-18). Plaintiff has also alleged multiple claims against US Xpress, a motor carrier, including but not limited to claims of vicarious liability (Compl., ¶¶ 20-25) and negligent hiring, retention, training, and supervision (Compl., ¶¶ 26-30). Plaintiff has also included a direct action claim against Mountain Lake Risk. (Compl., ¶¶ 31-35). The legal propriety of Plaintiff's claim against Mountain Lake Risk will be addressed later as necessary via a Motion to Dismiss if Plaintiff refuses to dismiss Mountain Lake Risk. Under Georgia law, risk retention groups like Mountain Lake Risk are not subject to Georgia's Direct Action Statute. *See, e.g., Reis OOIDA Risk Retention Group, Inc.*, 303 Ga. 659 (2018) (holding that the federal Liability Risk Retention Act preempted application of Georgia's state direct action statutes and forbid suit against a risk retention group).

In light of multiple and varied claims for damages presented by the Plaintiff, Defendants have met their burden showing that the amount in controversy in this case exceeds $75,000.00. Therefore, the diversity of citizenship and amount in controversy requirements for removal are clearly satisfied. Removal of this case to

this Honorable Court is proper at this time.

**B.     <u>Defendants Have Timely Sought Removal.</u>**

A party must file a notice of removal of a civil action within 30 days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b)(1). Here, U.S. Xpress Inc. was served on May 2, 2023. (Ex. C). Azubike was served on May 12, 2023. (Ex. A). Mountain Lake Risk has not been served. Accordingly, Defendants have timely sought removal of this action within thirty (30) days of having been served with the Summons and Complaint.

## <u>CONCLUSION</u>

WHEREFORE, Defendants respectfully submit this matter to this Court's jurisdiction. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide written notice to all adverse parties and file a copy of its Notice of Removal with the Clerk of the Court for the State Court of DeKalb County, Georgia.

[DATE AND SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 31st day of May, 2023.

                              MOSELEY MARCINAK LAW GROUP, LLP

                              */s/ Blair J. Cash*
                              Blair J. Cash, Esq.
                              Georgia Bar No. 360457
                              blair.cash@momarlaw.com
                              Donavan K. Eason
                              Georgia Bar No. 487358
                              donavan.eason@momarlaw.com
                              *Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1(C). Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

                                            MOSELEY MARCINAK LAW GROUP, LLP

                                            */s/ Blair J. Cash*
                                            Blair J. Cash, Esq.
                                            Georgia Bar No. 360457
                                            blair.cash@momarlaw.com
                                            Donavan K. Eason
                                            Georgia Bar No. 487358
                                            donavan.eason@momarlaw.com
                                            *Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Austin M. Hiffa, Esq.<br>
Morgan & Morgan Atlanta, PLLC<br>
178 S. Main St., Unit 300<br>
Alpharetta, GA 30009<br>
ahiffa@forthepeople.com

This the 31st day of May, 2023.

        MOSELEY MARCINAK LAW GROUP, LLP

        */s/ Blair J. Cash*
        Blair J. Cash, Esq.
        Georgia Bar No. 360457
        blair.cash@momarlaw.com
        Donavan K. Eason
        Georgia Bar No. 487358
        donavan.eason@momarlaw.com
        *Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)