IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BANNER LIFE INSURANCE COMPANY,** | ) )  ) |
| Plaintiff, | ) CIVIL ACTION )  |
| v. | ) FILE NO. _____ ) |
| **ROSE GAYLE STEWART, GUARDIAN of D.R., a minor, DEMARIO BELVIN, and VON DAVIS,** | ) ) ) ) ) |
| Defendants. | ) ) |

## BANNER LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Plaintiff Banner Life Insurance Company ("Banner"), by its attorneys, Kenton J. Coppage and Elizabeth Googe Brunette of Fox Rothschild LLP, states as follows for its Complaint for Interpleader:

### PARTIES

1. Banner is an insurance company duly organized and existing under the laws of Maryland, with its principal place of business located in Maryland, and is a citizen of the State of Maryland pursuant to 28 U.S.C. § 1332(c)(1), and not the states of Georgia or Florida.

2. Rose Gayle Stewart (a/k/a Gale Stewart and Rose Stewart) is an individual and a citizen, resident, and domiciliary of Bradenton, Florida.

3. D.R., a minor, is an individual and a citizen, resident, and domiciliary of Orange Park, Florida. Upon information and belief, D.R. is the minor child of Tracie Freeman Aaron, who is not a party to this action, and the insured under the policy at issue here, Angelo Eric Belvin.

4. DeMario Belvin is an individual and a citizen, resident, and domiciliary of Orlando, Florida.

5. Von Davis (a/k/a Von Latoya Davis and Von Marshburn Davis) is an individual and a citizen, resident, and domiciliary of Hiram, Georgia.

## JURISDICTION AND VENUE

6. This is an action in interpleader brought pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 concerning the rights and obligations of the parties pursuant to a renewable and convertible term life insurance policy, designated Policy No. 181271893, issued by Banner Life Insurance Company, on the life of Angelo Eric Belvin, in the amount of $100,000. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the amount at issue is in excess of $75,000, excluding interests and costs. The Court also has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Defendants and the amount at issue is in excess of $500.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and one or more of the Defendants resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District.

## CLAIM FOR RELIEF IN INTERPLEADER

8. Banner issued Policy No. 181271893 to Angelo Eric Belvin, as Owner, on the life of Angelo Eric Belvin as Insured, with a Face Amount of $100,000, and a Policy Date of July 1, 2016 (the "Policy"). *See* Policy No. 181271893, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1.

9. At the time of issue, Gayle Rose Stewart, sister, 50%; D.R., son, 25%; and DeMario Belvin, son, 25% were the designated primary beneficiaries for the Policy. *See* Ex. 1.

10. In or about March 2022, Angelo Eric Belvin was diagnosed with a serious medical condition and had surgery.

11. On or about March 21, 2022, Angelo Eric Belvin purportedly executed a Durable Power of Attorney designating Von Davis as his agent and Rose Stewart as his successor agent. *See* Durable Power of Attorney, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 2.

12. On June 7, 2022, Angelo Eric Belvin purportedly executed a Beneficiary Designation Form designating Rose G. Stewart, sister, 50% and Von Davis, niece, 50% as primary beneficiaries of the Policy. *See* Beneficiary Designation Form dated June 7. 2022, a redacted copy of which is attached hereto and incorporated herein as Exhibit 3.

13. On or about December 13, 2022, Angelo Eric Belvin purportedly executed a Power of Attorney designating Patrice M. Sanders as his attorney-in-fact and Vanessa Goldsmith as his successor attorney-in-fact. *See* Power of Attorney, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 4.

14. On January 8, 2023, Angelo Eric Belvin purportedly executed a Beneficiary Designation Form designating Rose G. Stewart, sister, 100% as primary beneficiary of the Policy and Vanessa K. Goldsmith, sister, 100% as contingent beneficiary of the Policy. *See* Beneficiary Designation Form dated January 8, 2023, a redacted copy of which is attached hereto and incorporated herein as Exhibit 5.

15. On February 4, 2023, Von Davis called Banner to verify the Policy's beneficiaries and report fraud, stating that the beneficiary change from January 2023 was fraudulent.

16. On or about February 16, 2023, Banner received a letter from Von Davis' attorney, Kasey Libby, stating that the beneficiary change from January 2023

was invalid because Angelo Eric Belvin was incapacitated at that time. *See* February 16, 2023 Letter from Kasey Libby to Banner, a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit 6</u>.

17.     On February 16, 2023, Brenda Belvin called Banner, stating that she was Angelo Eric Belvin's spouse and that she thought the Policy's beneficiary had been illegally changed.

18.     Angelo Eric Belvin died on March 31, 2023. *See* Georgia Death Certificate, a redacted copy of which is attached hereto and incorporated herein as <u>Exhibit 7</u>.

19.     On March 31, 2023, Von Davis called Banner to report Angelo Eric Belvin's death, stating that she was the power of attorney for Angelo Eric Belvin, that certain changes to the Policy were invalid, and asking for the Policy's benefits not to be paid out because there was a dispute.

20.     On March 31, 2023, Von Davis emailed Banner confirming that there was a dispute as to the Policy's beneficiary. *See* March 31, 2023 Email from Von Davis to Banner, a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit 8</u>.

21.     On March 31, 2023, Rose Gayle Stewart called Banner to report Angelo Eric Belvin's death and stating that she believed she was the beneficiary under the Policy.

22. On or about March 31, 2023, Banner received a Proof of Loss Claimant's Statement from DeMario Belvin. *See* Proof of Loss Claimant's Statement, a redacted copy of which is attached hereto and incorporated herein as Exhibit 9.

23. On April 3, 2023, Patrice M. Sanders called Banner, stating that she was Angelo Eric Belvin's sister and Von Davis' mother, that Von Davis did not take good care of Angelo Eric Belvin while he was ill, that Von Davis changed the Policy's beneficiary without Angelo Eric Belvin's approval, and that Banner should pay the funeral home while it resolves the dispute over the remainder of the Policy's proceeds.

24. On April 5, 2023, Patrice M. Sanders emailed Susan Mapes from Banner with substantially the same information. *See* April 5, 2023 Email from Patrice M. Sanders to Banner, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 10.

25. On April 4, 2023, DeMario Belvin called Banner, stating that he was Angelo Eric Belvin's son and that he believed Angelo Eric Belvin wanted him to be the sole beneficiary of the Policy.

26. On April 7, 2023, Brenda Belvin called Banner, stating that she was Angelo Eric Belvin's spouse and that he wanted the Policy's proceeds to be paid to DeMario Belvin.

27. On April 7, 2023, Brenda Belvin emailed Susan Mapes from Banner with substantially the same information. *See* April 7, 2023 Email from Brenda Belvin to Banner, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 11.

28. On April 7, 2023, DeMario Belvin emailed Susan Mapes from Banner stating that he was originally a beneficiary under the Policy but that Von Davis (referred to as Latoya in the email) changed the beneficiary to herself. *See* April 7, 2023 Email from DeMario Belvin to Banner, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 12.

29. On or about April 10, 2023, Banner received a Proof of Loss Claimant's Statement from Rose Gayle Stewart. *See* Proof of Loss Claimant's statement, a redacted copy of which is attached hereto and incorporated herein as Exhibit 13.

30. On April 10, 2023, Brenda Belvin emailed Susan Mapes from Banner, stating that she was Angelo Eric Belvin's spouse and that he wanted the Policy's proceeds to be paid to DeMario Belvin. *See* April 10, 2023 Email from Brenda Belvin to Banner, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 14.

31. On or about April 11, 2023, Banner received a Proof of Loss Claimant's Statement on D.R.'s behalf, signed by Tracie Freeman Aaron, as Guardian for D.R. *See* Proof of Loss Claimant's statement, a redacted copy of which is attached hereto

and incorporated herein as <u>Exhibit 15</u>.

32. On or about April 18, 2023, Banner received a letter from Von Davis' attorney, Kasey Libby, stating that the beneficiary change from January 2023 was invalid because Angelo Eric Belvin was incapacitated at that time and that Rose Gayle Stewart was waiving her right to collect the entirety of the Policy's proceeds. Mr. Libby's April 18, 2023 letter enclosed a copy of a document titled "Declaration of Trust for Angelo Belvin, statement added to section named Part 8 Incapacity of Grantor." *See* April 18, 2023 Letter from Kasey Libby to Banner, a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit 16</u>.

33. Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, and Von Davis have actual or potential claims to the Policy's proceeds.

34. The actual and potential claims to the Policy's proceeds asserted or that could be asserted by Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, and Von Davis are adverse to and conflict with each other.

35. By reason of these actual and potential adverse and conflicting claims, Banner is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both.

36. Banner is indifferent as to which of the claimants is entitled to the Policy's proceeds and is only interested in paying and discharging its admitted liability under the Policy once; however, it has been unable to do so by reason of the

adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

37. Contemporaneous with the filing of this Complaint for Interpleader, Banner will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Policy.

38. Contemporaneous with the filing of this Complaint for Interpleader, Banner will also bring a motion requesting that this Court appoint a guardian ad litem for D.R., a minor.

**WHEREFORE**, Banner Life Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Banner Life Insurance Company leave to deposit the Policy's proceeds with this Honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Appointing a guardian ad litem for D.R., a minor;

C. Enjoining Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, and Von Davis, and any person or entity claiming by or through any of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Banner Life Insurance Company in any state or federal court or other forum with respect to proceeds payable under the terms of Policy No.

9

181271893, or on account of the death of Angelo Eric Belvin, the Insured, and that said injunction issue without bond or surety;

D. Granting judgment to Banner Life Insurance Company with the finding that it has no further liability to Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, or Von Davis, or to any person or entity claiming by or through any of them, for the proceeds payable under the terms of Policy No. 181271893 or on account of the death of Angelo Eric Belvin;

E. Entering an Order finding that Banner Life Insurance Company has acted in good faith by interpleading the proceeds of Policy No. 181271893 and depositing its admitted liability with the Clerk of the Court;

F. Entering judgment in favor of Banner Life Insurance Company, and against Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, and Von Davis, and any person or entity claiming by or through any of them, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

G. Excusing and dismissing Banner Life Insurance Company from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Rose Gayle Stewart, Guardian of D.R., a minor, DeMario Belvin, and Von Davis, to litigate their claims and

contentions to the proceeds of Policy No. 181271893, without further involving Banner Life Insurance Company;

H. Awarding Banner Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or its Clerk; and

I. Granting Banner Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: May 31, 2023.

Respectfully submitted,

FOX ROTHSCHILD LLP

By: \_\_\_\_/s/ *Elizabeth Brunette*_____
Kenton J. Coppage
Georgia Bar No. 187190
Elizabeth Googe Brunette
Georgia Bar No. 560454

One of Attorneys for Plaintiff
Banner Life Insurance Company

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, GA 30309
Phone: (404) 962-1000
Fax: (404) 962-1200
KCoppage@foxrothschild.com
EBrunette@foxrothschild.com