# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Atlantic Specialty Insurance Company, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. _____ |
| Carlos Wilson, David Dozier, and Dozier ) Law Firm, L.L.C., ) ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, plaintiff Atlantic Specialty Insurance Company (sometimes hereinafter "Plaintiff" or "Atlantic Specialty"), and files this Complaint, showing the Court as follows.

### Parties, Jurisdiction and Venue

1.

Atlantic Specialty Insurance Company (sometimes hereinafter "Plaintiff" or "Atlantic Specialty") is a New York corporation with its principal place of business located at 1 Beacon Lane, Canton, MA 02021-1030.

2.

Defendant Carlos Wilson (sometimes hereinafter "Wilson") is a citizen of the state of Georgia, and may be served at 3323 Toole Drive, Macon, GA 31204.

1

3.

Defendant Dozier Law Firm, L.L.C. is a Georgia limited liability company with its principal place of business located at 327 Third Street, Macon, Georgia 31202, and may be served at this address.

4.

Defendant David Dozier is a citizen of the state of Georgia, and may be served at 327 Third Street, Macon, Georgia 31202.

5.

The Court has original jurisdiction of this matter, pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between the parties, and as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Personal jurisdiction is proper, as the subject vehicular collision giving rise to Atlantic Specialty's action against defendants occurred in the forum state, and as the contract requiring defendants to hold the personal injury settlement funds in escrow until settlement or judicial resolution was negotiated, drafted, and performed in the forum state.

5.

Venue is proper, pursuant to 28 U.S.C. § 1391(b), as the subject vehicular collision giving rise to Plaintiff's payment of benefits pursuant to the subject contract of group insurance occurred in the Northern District, and as the contract requiring defendants to hold the personal injury settlement funds in escrow until settlement or

judicial resolution of Atlantic Specialty's breach of contract claim was negotiated, drafted, and performed in the Northern District of Georgia.

## Facts

6.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through five of its Complaint as if each paragraph were fully stated verbatim herein.

7.

On January 13, 2014, Carlos Wilson was parked at Pilot 968 on Cass White Road in Cartersville, Georgia.

8.

On January 13, 2014, Brian Phillippi backed his vehicle into Wilson's vehicle.

9.

Defendant Wilson was in his vehicle at the time of the collision.

10.

Phillippi had a duty to exercise a reasonable degree of care in operating his vehicle.

11.

Philliippi breached the duty of care while operating his vehicle by backing his vehicle into defendant Wilson's vehicle.

12.

As a result of Phillippi's breach of the standard of care, he caused his vehicle to collide with Carlos Wilson's vehicle.

13.

Phillippi's negligence caused defendant Carlos Wilson to sustain damages.

14.

Defendant David Dozier and his law firm were personal injury counsel for Carlos Wilson, and had filed suit on his behalf in Fulton County State Court for the personal injuries Wilson sustained in a vehicular accident.

15.

On April 8, 2016, defendants Carlos Wilson, David Dozier and Dozier Law Firm, L.L.C. entered into an agreement with Atlantic Specialty, in which these defendants agreed to hold in trust monies from the settlement of Carlos Wilson' personal injury claim in trust until settlement or judicial resolution of Atlantic Specialty's breach of contract claim against Carlos Wilson, in exchange for Atlantic Specialty withdrawing its Motion to Intervene in the Fulton County State Court action (hereinafter "Agreement").

16.

Attached hereto and incorporated herein by reference as Exhibit "A" is a true and accurate copy of e-mail correspondence confirming Atlantic Specialty's Agreement with defendants.

17.

Subsequently, Carlos Wilson resolved his personal injury claim in an action re-filed in Fulton County State Court by recovering from the responsible party or parties.

**Count I – Breach of Contract Against Defendant Carlos Wilson**

18.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through seventeen of its Complaint as if each paragraph were fully stated verbatim herein.

19.

Wilson is the intended third-party beneficiary of a contract of group insurance between Atlantic Specialty and Industry Trust, which was not delivered in Georgia.

20.

Atlantic Specialty has paid benefits in the amount of $53,550.00 to or on behalf of defendant Wilson, pursuant to its contract with Industry Trust.

21.

The contract between Atlantic Specialty and Industry Trust requires Wilson to first reimburse Atlantic Specialty for the monies Atlantic Specialty has paid to or on behalf of Wilson for injuries and damages sustained by him to the extent he recovered monies from the responsible third parties.

22.

Though defendant Wilson has recovered from the responsible party or parties, he has refused to pay Atlantic Specialty in any amount.

23.

Atlantic Specialty is entitled to first reimbursement from defendant Wilson's personal injury recovery. As a result of Wilson's breach of the subject contract, Atlantic has incurred damages in the amount of $53,550.00.

### Count II – Breach of Contract Against Defendants Carlos Wilson, David Dozier, and Dozier Law Firm, L.L.C.

24.

Plaintiff re-alleges the allegations of paragraphs one through twenty-three of this Complaint as if each paragraph were fully stated verbatim herein.

25.

The monies defendants agreed to hold in trust, pending settlement or judicial resolution of Atlantic Specialty's breach of contract claim, were monies sufficient to satisfy Atlantic Specialty's breach of contract claim.

26.

Defendants materially breached their agreement with Atlantic Specialty by not holding in trust the funds from the personal injury settlement, and instead disbursing these monies to Carlos Wilson, who was most likely insolvent.

27.

As a result of defendants' material breach of this contract, Atlantic Specialty has sustained damages in the amount of $53,550.00.

### Count III - Conversion

28.

Plaintiff re-alleges the allegations of paragraphs one through twenty-seven of this Complaint as if each paragraph were fully stated verbatim herein.

29.

Under the Agreement, defendants Carlos Wilson, David Dozier, and Dozier Law Firm, L.L.C. promised to hold in trust certain monies from the settlement of Atlantic Specialty's personal injury claim until settlement or judicial resolution of Atlantic Specialty's reimbursement claim.

30.

In June of 2019 and subsequent to this time period, the defendants, without permission or authority, exercised improper control and dominion over Atlantic Specialty's interest in the personal injury settlement funds, and converted Atlantic Specialty's interest in the settlement funds.

31.

The actions of the above defendants constitute the tort of conversion. As a result, defendants are liable for conversion.

## Count IV – Punitive Damages

32.

Plaintiff re-alleges the allegations of paragraphs one through thirty-one of this Complaint as if each paragraph were fully stated verbatim herein.

33.

In converting Atlantic Specialty's interest in the settlement funds, defendants acted intentionally, and showed willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, thus entitling Plaintiff to an award of punitive damages against defendants in the amount of at least $100,000.00.

## Count V – Attorneys' Fees and Expenses of Litigation

34.

Plaintiff re-alleges the allegations of paragraphs one through thirty-three of this Complaint, as if each paragraph were fully stated verbatim herein.

35.

On January 13, 2020, plaintiff demanded payment.  However, to date, the defendants have not tendered payment, nor have responded to plaintiff's demand.  A true and accurate copy of the plaintiff's demand is attached hereto and incorporated herein by reference as Exhibit "B".

36.

Plaintiff seeks an award of attorneys' fees and expenses of litigation against defendants, pursuant to O.C.G.A. § 13-6-11, on the basis that the defendants have acted

in bad faith, caused Plaintiff unnecessary trouble and expense, and forced Plaintiff to resort to judicial process. Plaintiff also seeks an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. 13-6-11, on the basis of the defendants' intentional conversion.

    WHEREFORE, plaintiff Atlantic Specialty requests the following:

a) Judgment against the defendants in the amount of $53,550.00 for breach of contract;

b) Judgment against the defendants in the amount of $53,550.00 for conversion;

c) An award of punitive damages in the amount of at least $100,000.00, sufficient to penalize the defendants, and deter them from future conduct;

d) An award of attorneys' fees and expenses of litigation;

e) Trial by jury; and

f) Any other relief that this Court deems just and proper.

This 30th day of May, 2023.

**KURUVILLA LAW FIRM, P.C.**

/s/ John V. Kuruvilla
_____
John V. Kuruvilla
Georgia Bar No. 903278
Counsel for plaintiff Atlantic Specialty
Insurance Company

Tower Place 100
3340 Peachtree Road, Suite 1800
Atlanta, GA  30326
Telephone:  (404) 814-0545
Facsimile:  (404) 814-5965
E-Mail:  jvk@kuruvillalaw.com