## KURUVILLA LAW FIRM, P.C.

TOWER PLACE 100
3340 PEACHTREE ROAD
SUITE 1800
ATLANTA, GEORGIA 30326
(404) 814-0545

JOHN V. KURUVILLA

FACSIMILE
(404) 814-5965
EMAIL
jvk@kuruvillalaw.com
DIRECT DIAL
(404) 814-5979

January 13, 2020

**Via Electronic Mail (david@dozierlaw.com) and U.S. First Class Mail**

David Dozier, Esq.
Dozier Law Firm, LLC
327 Third Street
P.O. Box 13
Macon, GA  31202-0013

      Re:    Atlantic Specialty Insurance Company's reimbursement claim in the amount of $53,550.00

Mr. Dozier:

      I'm writing you, individually, and also in your capacity as counsel for Carlos Wilson and as an officer of Dozier Law Firm, L.L.C.  As you know, I represent Atlantic Specialty Insurance Company in connection with payments it made to or on behalf of Carlos Wilson, as a result of damages he sustained in an incident that occurred on January 13, 2014.  On April 8, 2016, in consideration for withdrawing Atlantic Specialty's Motion to Intervene in <u>Wilson v. PGT Trucking, Inc., et al.</u>, pending in the State Court of Fulton County, Civil Action No. 16EV000142, Carlos Wilson, you, and your law firm agreed to hold in trust the amount of Atlantic Specialty's reimbursement claim, specifically, $53,550.00, until settlement or judicial resolution of this claim.  I've enclosed a copy of this agreement.

      Despite agreeing to do so, Carlos Wilson, you, and Dozier Law Firm, L.L.C. breached the agreement by not holding the subject monies in trust.  Further, Carlos Wilson, you and your law firm converted the subject monies by not holding in trust the monies paid by the tortfeasors, up to the amount of Atlantic's reimbursement claim.  Accordingly, Atlantic is demanding payment of the $53,550.00 by 5 p.m. on January 27, 2020.

      Note that in the event payment is not received by January 27, 2020, Atlantic will file suit against Carlos Wilson, you, and Dozier Law Firm, L.L.C. to recover the subject monies, and will seek punitive damages in connection with its conversion claim, and an

David Dozier, Esq.
January 13, 2020
Page 2

award of attorneys' fees, pursuant to O.C.G.A. § 13-6-11, on the basis that the defendants have been stubbornly litigious, have caused plaintiff unnecessary trouble and expense, and have required plaintiff to resort to judicial process to recover the subject monies.

    Look forward to hearing from you.

                        Yours very truly,

                        John V. Kuruvilla

Enclosure

**John V. Kuruvilla**

| | |
|---|---|
| **From:** | Elizabeth Rozier <Elizabeth@dozierlaw.com> |
| **Sent:** | Friday, April 8, 2016 3:01 PM |
| **To:** | jvk@kuruvillalaw.com; David Dozier |
| **Subject:** | RE: Atlantic Specialty/Carlos Wilson |

10-4!

Have a fabulous weekend gentlemen!

*Elizabeth Mitchell*

Legal Assistant to David Dozier

DOZIER LAW FIRM, LLC
P.O. Box 13
Macon, GA 31202

Ph:  (478) 742-8441
Fax: (478) 745-9097

This message is being sent by or on behalf of a lawyer and may contain information that is proprietary, privileged, or confidential. If this message was not intended for you, it was an inadvertent disclosure of the contents. Please notify the sender immediately by e-mail and delete all copies of the message. If you have not received a written indication that Dozier Law Firm LLC. represents you in a particular matter, you are not a client. If you respond to this e-mail concerning a legal matter for which we do not already represent you, your communication may not be treated as privileged or confidential. Thank you.

Visit www.dozierlaw.com

---

**From:** John V. Kuruvilla [mailto:jvk@kuruvillalaw.com]
**Sent:** Friday, April 08, 2016 11:37 AM
**To:** David Dozier
**Cc:** Elizabeth Rozier
**Subject:** FW: Atlantic Specialty/Carlos Wilson

David:

 Enjoyed speaking to you earlier today.  As discussed, since you are agreeable to the agreement set forth in my below March 25, 2016 e-mail to you, I will withdraw the Motion to Intervene.

 As discussed, I am copying Elizabeth Rozier on this e-mail.  You have told me that in the event I am unable to get hold of you, Elizabeth Rozier is authorized to discuss the case with me.  As discussed, she will also keep the below agreement, and my discussions with her, strictly confidential.

 Look forward to continuing to work with you on this case

---

**From:** John V. Kuruvilla [mailto:jvk@kuruvillalaw.com]
**Sent:** Friday, March 25, 2016 12:10 PM

1

**To:** 'david@dozierlaw.com'
**Subject:** Atlantic Specialty/Carlos Wilson

David:

I've received authorization from the client to withdraw its Motion to Intervene. It is my understanding, based on our phone conversation, that you are agreeable to the below. Please confirm, and once you do so, I'll file the withdrawal. Look forward to working with you on this one.

Plaintiff and his counsel (David Dozer and his law firm) agree to hold in trust certain monies paid by the defendants and/or their insurer(s) in settlement, and/or satisfaction of any judgment, of plaintiff Carlos Wilson's personal injury claim arising out of a vehicular incident that occurred on May 8, 2013. The amount of monies that plaintiff and her counsel agree to hold in trust shall consist of the gross amount of Atlantic Specialty Insurance Company's reimbursement and subrogation claims on the date(s) [if there is more than one date, then the most recent date in time] that the defendants and/or their insurer(s) pay any monies in settlement and/or satisfaction of judgment of the aforementioned personal injury claim. Plaintiff and his counsel agree to hold such monies in trust until settlement and/or judicial resolution of Atlantic Specialty's reimbursement and/or subrogation claims. The gross amount of Atlantic Specialty's reimbursement and subrogation claims is currently $53,550.00.

Further, should this matter be scheduled for mediation, plaintiff's counsel agrees to cooperate with counsel for Atlantic Specialty (John Kuruvilla) in scheduling the mediation, and to allow counsel for Atlantic Specialty and his client, at their option, to attend the mediation, either in person or by phone. Should they elect to attend mediation, Atlantic Specialty shall be treated as a participant in the mediation as if it were an actual party to the litigation. Atlantic Specialty shall be treated fairly in the mediation and have the opportunity to participate just like any other litigant. If Atlantic Specialty chooses to participate in any mediation, it will be responsible for mediation fees, just like any other litigant would. However, neither Atlantic Specialty nor its counsel shall be required to attend mediation, should they choose not to do so.

Plaintiff's counsel also agrees to cooperate with counsel for Atlantic Specialty in notifying John Kuruvilla of the status of the personal injury action by providing him with updates, upon Kuruvilla's written request, and also agrees to keep this entire agreement strictly confidential.

In consideration for plaintiff and his counsel agreeing to the above, Atlantic Specialty agrees to withdraw its Motion to Intervene pending in Fulton County State Court, Case No. 16EV000142.


David:

Look forward to hearing from you.


John V. Kuruvilla
Kuruvilla Law Firm, P.C.
Tower Place 100
3340 Peachtree Road , Suite 1800
Atlanta, GA 30326
Main: (404) 814-0545
Direct: (404) 814-5979
Fax: (404) 814-5965

*The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized recipient of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system.*