IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS BIGLER and TARRAH BIGLER, ) ) Plaintiffs, ) ) v. ) ) ALDRIDGE PITE HAAN, LLP, ) ) Defendant. ) ) | CIVIL ACTION FILE NO.: _____ JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Nicholas Bigler and Tarrah Bigler (collectively, the "Biglers" or "Plaintiffs"), and bring this action against Defendant Aldridge Pite Haan, LLP ("APH") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"); OCGA §

## INTRODUCTION

1.

Plaintiffs Nicholas Bigler and Tarrah Bigler are a married couple. After they fell behind paying on a consumer debt, Cavalry SPV I, LLC ("Cavalry"), a national debt buyer, purchased the debt.

2.

APH, a debt collection law firm, filed a collection lawsuit on behalf of its

client, Cavalry against the Biglers that was resolved with the entry of a consent judgment in 2020.

3.

The Biglers paid off the consent judgment in full in 2021.

4.

Nevertheless, in 2022 APH caused a Fi.Fa. to be issued against the Biglers and subsequently filed a garnishment action against Plaintiff Nicholas Bigler.

5.

APH's unwarranted and unlawful actions caused financial harm and great emotional distress to the Biglers.

## JURISDICTION AND VENUE

6.

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692k(d).

7.

Venue is appropriate in the Northern District of Georgia because APH is located within the district, and transacts business here.

## PARTIES

### Plaintiff Nicholas Bigler

8.

Plaintiff Nicholas Bigler is a natural person who resides in Monroe, Walton County, Georgia.

9.

Plaintiff Nicholas Bigler is a "consumer" as that term is defined by the FDCPA.

### Plaintiff Tarrah Bigler

10.

Plaintiff Tarrah Bigler is a natural person who resides in Monroe, Walton County, Georgia.

11.

Plaintiff Tarrah Bigler is a "consumer" as that term is defined by the FDCPA.

### Defendant Aldridge Pite Hann, LLP

12.

Defendant APH is a Georgia limited liability partnership with a principal place of business within the District.

13.

Summons and Complaint may be served on Defendant APH by service on its

partner, Gregory T. Haan, or other members of the partnership.

14.

According to its website, Defendant APH is "a multi-state law firm representing national and regional banks, automobile financing lenders, hospitals, medical service providers, debt buyers, and other lenders and financial institutions."

15.

Defendant APH used the mails and telephone system in connection with the prosecution of Plaintiffs' alleged debt.

16.

Defendant APH is a "debt collector" as that term is defined by the FDCPA.

## **FAIR DEBT COLLECTION PRACTICES ACT**

17.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

18.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

19.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

20.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

21.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## FACTUAL ALLEGATIONS

22.

Plaintiffs defaulted on a Retail Installment Sales Contract with Synchrony Bank, which was ultimately assigned to Cavalry for collection (the "Account").

23.

The Account was used for transactions incurred for personal, family or household purposes, and not for business purposes.

24.

On behalf of Cavalry, Defendant APH filed a collection action on the Account against Plaintiffs in the Magistrate Court of Walton County, Georgia, in Civil Action File No. 20-1466CS on or about June 8, 2020 (the "Collection Lawsuit").

25.

The Biglers and Cavalry entered a Consent Judgment on or about September 16, 2020 (the "Consent Judgment"), prepared and filed by APH.

26.

A true and correct copy of the Consent Judgment is attached hereto as Exhibit "A."

27.

The Biglers began paying towards the balance on the Consent Judgment on October 5, 2020, in the amount of $130.00 per month, and made timely monthly payments each month up to and including November 2021.

28.

On or about November 14, 2021, the Biglers made a final lump sum payment of $2,741.80 towards the Consent Judgment.

29.

The Biglers complied with all of the terms of Consent Judgment.

30.

After the Biglers made the final lump sum payment on or about November 14, 2021, the Biglers had fully satisfied their debt to Cavalry.

31.

Despite the fact that the Biglers had fully satisfied their debt, Defendant APH continued collection activities against the Biglers.

**The Fi.Fa.**

32.

On or about December 30, 2021, Defendant APH mailed a letter to the Clerk of the Walton County Magistrate Court requesting that a *Writ of Fieri Facias* ("Fi.Fa.") be issued based upon the Consent Judgment (the "Letter").

33.

A true and correct copy of the Letter is attached hereto as Exhibit "B."

34.

The Letter was filed in the Walton County Magistrate Court Clerk's office on January 7, 2022.

35.

On or about January 11, 2022, the Clerk of the Walton County Superior Court

filed and recorded the Fi.Fa. requested by Defendant APH.

36.

A true and correct copy of the Fi.Fa. is attached hereto as Exhibit "C."

37.

The Fi.Fa. stated that Plaintiffs owed $7,603.60 in principal, "Legal Rate" in interest, $180.00 in court costs, and that interest would accrue on the principal amount at the statutory rate as set forth in OCGA § 7-4-12.

38.

Defendant APH did not cause the Fi.Fa. to be marked canceled and recorded until July 21, 2022.

39.

A true and correct copy of the Fi.Fa. recorded as canceled on July 21, 2022, is attached hereto as Exhibit "D."

**The Garnishment**

40.

On or about May 31, 2022, Defendant APH on behalf of Cavalry filed a garnishment action against Plaintiff Nicholas Bigler in the State Court of Fulton County, Georgia, in Case No. 22GC000861 (the "Garnishment Action").

41.

A true and correct copy of the Summons of Garnishment is attached hereto as

Exhibit "E".

42.

In the Garnishment Action, Defendant APH filed an affidavit of continuing garnishment against Plaintiff on or about May 31, 2022 (the "Affidavit of Continuing Garnishment").

43.

A true and correct copy of the Affidavit of Continuing Garnishment is attached hereto as Exhibit "F."

44.

APH attorney Gregory T. Haan, acting on behalf of Cavalry, executed the Affidavit of Continuing Garnishment on May 20, 2022, and swore to the truth of the following:

> 2. The Plaintiff obtained a judgment against Defendant in Case Number 20-1466CS in the MAGISTRATE Court of WALTON County, Georgia, . . .
>
> 3. $3,246.80 is the balance due, which consists of the sum of $3,217.80 principal, $0.00 post judgment interest, and $29.00 other (e.g. prejudgment interest, attorney's fees, costs [exclusive of costs of this action]).
>
> 4. Upon the Affiant's personal knowledge or belief, the sum stated herein is unpaid.

45.

The Affidavit of Continuing Garnishment was false.

46.

At the time that Defendant APH filed the Garnishment Action, Defendant APH knew or should have known that APH had received all payments due under the Consent Judgment.

47.

At the time that Mr. Haan swore to the truth of the facts contained in the Affidavit of Continuing Garnishment and executed it, Plaintiff Nicholas Bigler was not indebted to Cavalry in any amount.

48.

On or about June 10, 2022, Plaintiff Nicholas Bigler received in the mail a copy of the Garnishment Action.

49.

The Biglers were shocked, angry and very upset when they learned of the Garnishment Action.

50.

The Biglers were afraid that they would not be able to pay their living expenses if Plaintiff Nicholas Bigler's wages were garnished.

51.

On or about June 13, 2022, the Summons and Affidavit of Continuing Garnishment were served on Plaintiff Nicholas Bigler's employer, the City of

Atlanta.

52.

On or about June 13, 2022, Plaintiff Nicholas Bigler was employed as a firefighter for the City of Atlanta.

53.

Plaintiff Nicholas Bigler hired an attorney to defend himself against the Garnishment Action.

54.

On or about June 15, 2022, Plaintiff Nicholas Bigler's attorney filed a traverse in the Garnishment Action.

55.

Plaintiff Nicholas Bigler incurred attorney's fees in the amount of $1,000.00 to defend himself against the Garnishment Action that Defendant APH filed.

56.

Plaintiff Nicholas Bigler incurred a filing fee of $20.00 charged by the clerk of Fulton County State Court to file his traverse.  Additionally, the Court's e-filing system charged an additional $26.30 as a payment service charge and E-file fee.

57.

The Court scheduled a hearing on the traverse for June 29, 2022.

58.

Upon information and belief, APH hired an attorney ("Coverage Attorney") not a member of APH to appear for the June 29, 2002, hearing.

59.

As the Coverage Attorney failed to file an entry of appearance as required, his identity is unknown at this time.

60.

At the hearing on June 29, 2022, Plaintiff Nicholas Bigler's attorney informed the Coverage Attorney at the hearing that the Garnishment Action was improper and that the Consent Judgment had been fully paid.

61.

The Coverage Attorney told Plaintiff Nicholas Bigler's attorney that he would discuss the garnishment and payment of the Consent Judgment with APH.

62.

The Court rescheduled the hearing on the traverse for July 13, 2022.

63.

APH took no action to dismiss the Garnishment Action or contact Nicholas Bigler's attorney before the rescheduled hearing on July 13, 2022.

64.

At the hearing on the traverse on July 13, 2022, the Court entered an Order

for Disbursement and Dismissal.

65.

As a result of the Garnishment Action, the City of Atlanta withheld $608.18 from Plaintiff Nicholas Bigler's wages in his pay-slip issued on July 29, 2022.

66.

Plaintiff Nicholas Bigler's wages of $608.18 were restored to him by the City of Atlanta with a cash card on or about August 2, 2022.

67.

Plaintiff Nicholas Bigler was deprived of the use of his money for several days as a result of the $608.18 deduction on July 29, 2022.

68.

As a result of the Garnishment Action, the City of Atlanta withheld $643.39 from Plaintiff Nicholas Bigler's wages in his pay-slip issued on August 12, 2022.

69.

Plaintiff Nicholas Bigler's wages of $643.39 were restored to him by the City of Atlanta with a credit to the employer-issued cash card on or about August 12, 2022.

70.

The Biglers were living on a very tight budget at this time.

71.

The Biglers withdrew their daughter from her school's aftercare program for a week after the first pay-slip deduction for the garnishment.

72.

The Biglers withdrew their daughter because they did not know how long the deductions for garnishment would last and they needed to cut expenses so that they could pay their essential expenses.

73.

APH's collection activities after the Biglers satisfied the Consent Judgment caused Plaintiff financial damages and emotional distress.

74.

The Biglers' financial damages included the expense of hiring an attorney to successfully defend the Garnishment Action, the filing fee and related fees for the filing of the traverse, the loss of the use of wages due the deductions made to his pay-slips, and the impact that the Garnishment Action had on Plaintiff Nicholas Bigler's employment.

75.

Plaintiff Nicholas Bigler's emotional distress included but was not limited to fear, frustration, sleeplessness, worry, anger, embarrassment and anxiety.

76.

Plaintiff Nicholas Bigler did not want his employer to know that he had been sued by Cavalry or entered a Consent Judgment.

77.

As a result of the Garnishment Action, Plaintiff Nicholas Bigler's employer became aware of the Bigler's debt to Cavalry.

78.

Plaintiff Nicholas Bigler was embarrassed by his employer learning of the Consent Judgment and his private financial matters.

79.

Plaintiff Nicholas Bigler became very upset and angry when he learned that his July 29, 2022, was issued with a $608.18 deduction for the garnishment.

80.

Due to the demanding nature of his job as a firefighter, his being emotionally distraught, and not believing he could adequately address the problem with his pay-slip from work, Plaintiff Nicholas Bigler took three unpaid days from work ("Lost Time").

81.

The Lost Time has negatively affected Plaintiff Nicholas Bigler's finances and employment, including but not limited to his retirement eligibility dates,

seniority, vacation availability, scheduling, and promotions.

82.

This financial and employment harm was a result of APH's filing and maintenance of the Garnishment Action.

83.

Plaintiff Tarrah Bigler's emotional distress included but was not limited to fear, frustration, sleeplessness, worry, anger, embarrassment, stomach problems and anxiety.

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

84.

Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

85.

15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection the collection of a debt.

86.

Defendant APH violated 15 U.S.C. § 1692d when it filed the Garnishment Action because Plaintiffs were not indebted to Cavalry at that time.

87.

Defendant APH violated 15 U.S.C. § 1692d when it failed to cancel the Fi.Fa. until July 21, 2022.

88.

15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

89.

15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

90.

Defendant APH violated 15 U.S.C. § 1692e(2)(A) when it filed the Garnishment Action because Plaintiffs were not indebted to Cavalry at that time.

91.

15 U.S.C. § 1692f(1) prohibits the collection of interest or other amounts that are not expressly authorized by agreement or permitted by law.

92.

Defendant APH violated 15 U.S.C. § 1692f(1) when it filed the Garnishment Action because Plaintiffs were not indebted to Cavalry at that time.

93.

As a result of Defendant APH's actions, Plaintiffs are entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs for:

a. an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. an award of actual damages pursuant to the FDCPA;

c. an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. for such other and further relief as may be just and proper; and

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted, this 31st day of May, 2023.

**HURT STOLZ, P.C.**

s/ James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.:  380104

1551 Jennings Mill Road, Suite 3100-B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile: (706) 996-2576
jhurt@hurtstolz.com

**THE KOVAL FIRM, LLC**

<u>s/ Steven H. Koval</u>
By:  Steven H. Koval
Georgia Bar No. 428905

3575 Piedmont Road
Building 15, Suite 120
Atlanta, Georgia 30305
Telephone: (404) 513-6651
Steve@KovalFirm.com          **ATTORNEYS FOR PLAINTIFFS**

Page 19 of 20

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

Respectfully submitted, this 31st day of May, 2022.

**HURT STOLZ, P.C.**

s/ James W. Hurt, Jr.
By: James W. Hurt, Jr.
Georgia Bar No.: 380104
Attorney for Plaintiffs

1551 Jennings Mill Road, Suite 3100-B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile: (866) 766-9245
jhurt@hurtstolz.com