## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHI THI KIM NGUYEN, PHONG XUAN DO, and KHANH XUAN DO,<br><br>       Plaintiffs,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>       Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATIONS<br><br>Agency No.  A094 049 433;<br>          A219 819 938; and<br>          A219 819 939. |

## **COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiffs, Chi Thi Kim Nguyen, her husband Phong Xuan Do, and their son, Khanh Xuan Do, through undersigned counsel, allege as follows:

## I.      INTRODUCTION

1.      This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

immunities secured to Plaintiffs to compel Defendant to perform a duty Defendant owed to Plaintiffs.

2.  This action is brought to compel Defendant and those acting under her to take action on the Plaintiffs' Form I-485, Applications for Permanent Residence ("Applications"). Plaintiffs request that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendant to make a determination to grant or deny adjustment of status under 8 U.S.C. § 1255.

## II.    JURISDICTION

3.  This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

4.  This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

## III.    VENUE

5.  Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendant is an Officer of the United States acting in her official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration

Services ("USCIS") are agencies of the United States. Additionally,

Plaintiffs reside in this district.

## IV.    EXHAUSTION

6.    There are no administrative remedies available for Plaintiffs to exhaust.

## V.    PARTIES

7.    Plaintiffs, Chi Thi Kim Nguyen,  (Alien Registration Number A094 049

433), her husband, Phong Xuan Do (Alien Registration Number A219 819

938) and their son, Khanh Xuan Do (Alien Registration Number A219 819

939), are residents of Lawrenceville, Georgia and are Applicants for

Adjustment of Status.

8.    Defendant Ur Mendoza Jaddou, is the Director of USCIS, a fee-for-service

agency that is responsible for the administration and enforcement of the

immigration laws of the United States. This action is brought against her in

her official capacity.

## VI.    FACTUAL ALLEGATIONS

9.    Principal Plaintiff Chi Thi Kim Nguyen, who is a native and citizen of

Vietnam, entered the United States on August 17, 2020 as a B-2 visitor visa

and has resided continuously in the United States since then.  (Exhibit A).

2

10.     Principal Plaintiff Chi Thi Kim Nguyen filed an application for adjustment
of status on January 8, 2021. (Exhibit B). At the same time, her husband and
son submitted their applications for adjustment of status. (Exhibit C).

11.     On January 8, 2021, Wayne Farms, LLC submitted an employment-based
visa petition for Principal Plaintiff in the EB3 Other Worker category.  This
visa petition was approved, carrying a priority date of September 20, 2019.
(Exhibit D).

12.     Visa numbers were available at the time the Plaintiffs filed their adjustment
applications. USCIS accepted Principal Plaintiff's application and approved
her work authorization document. Principal Plaintiff has been working at
Wayne Farms, LLC for the past year. Attached please find her work
authorization. (Exhibit E).

13.     On August 23, 2022, USCIS interviewed the Plaintiffs with regard to their
adjustment applications.  (Exhibit F).  Since this interview 10 months ago,
no actions have been taken on Plaintiffs' cases.

14.     Plaintiffs have at all times met and continue to meet the requirements
necessary to adjust status in the United States.

15.   Plaintiffs' Applications have now been pending with Defendant for 28 months, and Defendant has taken no action on the Applications since the interview 10 months ago.

16.   Over the last six years, USCIS has adjudicated cases like Plaintiffs' on average within 7-10 months. (Exhibit G).  Plaintiffs' adjustment Applications have now been pending over 28 months.

17.   Defendant now claims that it is taking 24 months to process 80 percent of the Applications in this category. (Exhibit H). It is difficult to conceive how this is so when just last year, Defendants reported that such applications were processed in an average of 10.8 months. (Exhibit G). This delay is entirely unreasonable, as are the unexplained increases in processing times. Plaintiffs should not be required to wait further when the announced unreasonable processing times may simply grow longer and longer.

18.   Plaintiffs fall into the preference category EB-3 from Vietnam. Accordingly, visa numbers are available for Plaintiffs' adjustment applications. The June Visa Bulletin shows the EB-3 category for other workers with a priority date of January 1, 2020. (Exhibit I). The Principal Plaintiff's priority date is September 20, 2019 and thus visa numbers are immediately available.

4

19.    Despite Plaintiffs' diligent efforts to pursue their case, including paying

filing fees to Defendant and attending an interview at Defendant's request,

Defendant has failed to fulfill its mandatory duty to adjudicate the pending

applications within a reasonable time as required by the APA.

20.    As a result of Defendant's failure to act, Plaintiffs have suffered and will

continue to suffer severe, concrete, and particularized injury.

### FIRST CLAIM FOR RELIEF
### 28 U.S.C. § 1361 - Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiffs

21.    Plaintiffs re-allege all allegations in the preceding paragraphs and

incorporate as though fully set forth herein.

22.    Plaintiffs are eligible for immediate adjudication of their pending I-485

Applications.

23.    Plaintiffs are admissible to the United States as lawful permanent residents.

24.    Plaintiffs have suffered and will continue to suffer significant and irreparable

harm because of the Defendant's policies, procedures, acts and failure to act

as described herein.

25.    Defendant has violated Plaintiffs' statutory rights to apply for benefits that

Congress has provided under the Immigration and Nationality Act ("INA"),

depriving Plaintiffs the opportunity to pursue adjustment of status to lawful

permanent residence and live lawfully in the United States under 8 U.S.C. §

1255.

26.     District courts have mandamus jurisdiction to "compel an officer or

employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." 28 U.S.C. § 1361.

27.     Both the INA and its implementing regulations provide numerous examples

of mandatory duties owed by USCIS in the adjustment of status process. 8

U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be

charged with the administration and enforcement of this Act and all other

laws relating to the immigration and naturalization of aliens[.]" (Emphasis

added). The Code of Federal Regulations provides that "[e]ach applicant for

adjustment of status . . . shall be interviewed by an immigration officer." 8

C.F.R. § 245.6 (emphasis added). The regulations further provide that "the

applicant shall be notified of the decision of the director and, if the

application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i)

(emphasis added).

28.   The language of the statute and the above cited regulations is mandatory, not

discretionary, and the Defendant has a clear duty to adjudicate the

application for adjustment of status pending before them.

29.   It is the sense of Congress that the processing of an immigration benefit

application should be completed not later than 180 days after the initial

filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106-313, title II,

§202, Oct. 17, 2000, 114 Stat. 1262).

30.   Mandamus action is appropriate because the Defendant has failed to act

within a reasonable period of time.

31.   Defendant has a clear, non-discretionary, and mandatory duty to adjudicate

Plaintiffs' Applications. Accordingly, Plaintiffs have a clear and indisputable

right to have their Applications adjudicated. No alternative remedy exists to

compel action by Defendant.

**SECOND CLAIM FOR RELIEF**
**Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.**

32.   Plaintiffs re-allege all allegations in the preceding paragraphs and

incorporate as though fully set forth herein.

33.   Plaintiffs have suffered a legal wrong or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiffs are persons aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

34.   Pursuant to the APA, 5 U.S.C. § 555(b), Defendant has a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

35.   Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

36.   Plaintiffs are eligible for and have fulfilled all statutory requirements for adjustment of status.

37.   Defendant's delay in acting on Plaintiffs' Applications is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the applications have been pending for over 28 months and counting without a final decision. Plaintiffs face irreparable harm if the failure to act persists, a fact which is well known to Defendant.

38.   Despite Plaintiffs' diligent efforts to resolve the delay in adjudication, the Defendant has failed to fulfill her mandatory duty to adjudicate the pending Applications within a reasonable time as required by the APA.

39.   Plaintiffs have no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court:

1.   Assume Jurisdiction over this action;

2.   Issue a Writ of Mandamus compelling Defendant to immediately adjudicate

the pending Applications and, if approved, to deliver all Plaintiffs' I-551

permanent residence cards to them at their address of record;

3.   Award Plaintiffs reasonable costs and attorney's fees under the Equal Access

to Justice Act; and

4.   Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 1st day of June, 2023.


_____/s/_____
Leslie Diaz, Esq.
Georgia Bar #637559
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
leslie@socheatchea.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

Ur Mendoza Jaddou, Director USCIS
c/o
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Ryan K. Buchanan, U.S. Attorney,
Northern District of Georgia
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

Certified this the 1st day of June, 2023.

_____/s/_____
Leslie Diaz, Esq.
Georgia Bar #637559
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
leslie@socheatchea.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT GEORGIA**
**ATLANTA DIVISION**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHI THI KIM NGUYEN, PHONG XUAN DO, and KHANH XUAN DO, <br><br><br>Plaintiffs, <br><br>v. <br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services, <br><br>Defendant | Civil No: <br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATIONS <br><br>Agency No.  A094 049 433; <br> A219 819 938; and <br> A219 819 939. |

## LIST OF EXHIBITS

| | |
|---|---|
| Exhibit A | Principal Plaintiff's passport biographical page, visa, and admission stamp; |
| Exhibit B | Receipt for Form I-485, Application for Adjustment of Status for Principal Plaintiff; |
| Exhibit C | Receipt for Form I-485, Application for Adjustment of Status for derivative Plaintiffs; |

| Exhibit D | Approval Notice for Form I-140 Immigrant Petition for Immigrant Worker; |
| Exhibit E | Employment Authorization for Principal Plaintiff; |
| Exhibit F | Plaintiffs' interview appointment notices; |
| Exhibit G | USCIS Historic Case Processing Time report; |
| Exhibit H | USCIS.gov Case Processing times; and |
| Exhibit I | June 2023 Visa Bulletin. |