IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID PERRAS AND DAVID HASKINS, | ) ) ) |
| PLAINTIFF, | ) CIVIL ACTION ) FILE NO.: _____ |
| v. | ) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) [On removal from State Court of ) Fulton County, Civil Action ) File No. 23EV002284] |
| DEFENDANT. _____ | ) ) ) ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES**

COME NOW Defendant State Farm Fire and Casualty Company, (hereinafter "Defendant State Farm") and file this their Affirmative Defenses and Answer to Plaintiffs' Complaint for Damages, as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim against State Farm under the policy of insurance, bearing Policy No. 81-PA-6924-4 ("Policy"), which is the subject of this Complaint.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs assert a claim for breach of the Policy relating to the their claim for benefits, reflecting Claim No. 11-33N3-65F (the "Claim"),

-1-

arising from the April 23, 2022 damage (the "Loss") which is the subject of Plaintiffs' Complaint, Plaintiffs' action should be dismissed because State Farm did not breach the Policy and, at all times relevant to this action, acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are unable recover for any alleged damages under **COVERAGE A – DWELLING** to the extent those damages did not result from an "accidental direct physical loss to covered property" as required by the Policy. The Policy provides in **SECTION I – LOSSES INSURED**:

> **COVERAGE A – DWELLING**
>
> We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED**.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover additional damages relating to the dwelling from State Farm under the Policy and applicable Georgia law to the extent the claimed damages are excluded and not an insured loss under the terms and conditions of the Policy, including, but not limited to **SECTION I – LOSSES NOT INSURED**, which provides:

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is

>> directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> > g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> . . .
>
> > k.   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.
>
> . . .
>
> 3.   We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
>
> > . . .
> >
> > b.   defect, weakness, inadequacy, fault or unsoundness in:

>    (1)   planning, zoning, development, surveying, siting;
>
>    (2)   design, specifications, workmanship, construction, grading, compaction:
>
>    (3)   materials used in construction or repair; or
>
>    (4)   maintenance;
>
>    Of any property (including land, structures, or improvements of any kind) whether on or off the **residences premises**; or
>
> c.  weather conditions.
>
> However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## **FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs seek additional amounts in excess of the "actual cash value" of damage to the Property, Plaintiffs may not recover because Plaintiffs failed to comply with the policy terms and conditions relating to loss settlement. The Policy provides in **SECTION I – LOSS SETTLEMENT**:

> Only the Loss Settlement provisions shown in the Declarations apply. We will settle covered property losses according to the following.
>
> **COVERAGE A – DWELLING**
>
> 1.  **A1 – Replacement Cost Loss Settlement – Similar Construction**.

a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under **SECTION I – COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as

> > provided under **Option OL – Building Ordinance or Law Coverage**.
>
> b. Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain a claim for replacement cost benefits against State Farm because the Policy provides that State Farm will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete and the insured has submitted documentation to State Farm establishing that the expense has been incurred. *See Marchman v. Grange Mut. Ins. Co.*, 232 Ga. App. 481, 483 (1998).

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek additional coverage for Loss of Use benefits, Plaintiffs may not recover for more than the time required to repair or replace the premises. The Policy provides in **SECTION I – PROPERTY COVERAGES**, as follow:

> **COVERAGE C – LOSS OF USE**
>
> The most *we* will pay for the sum of all losses combined under **Additional Living Expense**, **Fair**

**Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. *Our* payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for *your* household to settle elsewhere; or

   c. 24 months.

   This period of time is not limited by the expiration of this policy.

   *We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any benefits under the Policy to the extent that Plaintiffs failed to satisfy their duties as required under the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS:**

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent and also notify:

      (1) the police if the loss is caused by theft, vandalism, or any other criminal act; and

      (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged or stolen personal property.  Show in detail the quantity, description, age, replacement cost and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with records and documents we request and permit us to make copies;

      . . .

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets

forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

## NINTH AFFIRMATIVE DEFENSE

To the extent that the Loss occurred more than one year before suit was filed or to the extent that Defendant State Farm was not served with the required diligence, this lawsuit is barred by expiration of the Suit Limitation provisions of the Policy.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

> However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering additional benefits related to this claim to the extent that they failed to mitigate their damages and failed to take steps to mitigate the costs incurred in repairing any damages related to the claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the damages sought and set forth in their Complaint because this amount does not reflect the reasonable and necessary cost to repair any covered property damaged by a covered cause of loss with equivalent construction for equivalent use and to return the Plaintiffs to their pre-loss condition.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from State Farm under a theory of breach of contract as State Farm has at all times hereto complied with its contractual duties.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim against Defendant State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiffs may not recover because their claim is legally and factually insufficient.  Defendant State Farm has at all times acted in good faith and with fair dealing with respect to Plaintiff's claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

### PARTIES AND JURISDICTION

1.

Defendant State Farm admits the allegations of Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant State Farm admits the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant State Farm admits the allegations of Paragraph 3 of Plaintiffs' Complaint. Defendant State Farm states that jurisdiction would also be proper in the State Court of Fulton County, Georgia.

4.

Defendant State Farm admits the allegations of Paragraph 4 of Plaintiffs' Complaint. Defendant State Farm states that venue would also be proper in the State Court of Fulton County, Georgia.

**FACTS**

5.

Defendant State Farm admits the allegations of Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant State Farm admits that the Policy provided coverage for Plaintiffs' Property located at 1070 Trailmore Drive, Roswell, GA 30076-2751, subject to all terms and conditions of the Policy and all applicable law. Defendant State Farm denies any remaining allegations of Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant State Farm admits that the Policy was in force on or about April 23, 2022. Defendant State Farm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the remaining allegations of Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the allegations of Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant State Farm denies the allegations of Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant State Farm admits that certain damages resulting from the Loss were covered by the Policy, for which Defendant State Farm has issued payment. Defendant State Farm denies the remaining allegations of Paragraph 10 of Plaintiffs' Complaint and specifically denies that any additional amounts are owed by Defendant State Farm to Plaintiffs for covered damage.

11.

Defendant State Farm admits that Plaintiff provided notice of the Claim. Defendant State Farm denies the remaining allegations of Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant State Farm denies the allegations of Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant State Farm admits that it has issued payments of at least $23,355.69 for damage to the Property and $8,733.67 in additional living expenses. Defendant State Farm denies the remaining allegations of Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022. Defendant State Farm denies the remaining allegations of Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations of Paragraph 15 of Plaintiffs' Complaint.

## COUNT I – BREACH OF CONTRACT

16.

Defendant State Farm hereby reiterates and incorporates by reference its answers to Paragraphs 1 through 15 as if each were fully set forth herein.

17.

Defendant State Farm denies the allegations of Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant State Farm denies the allegations of Paragraph 18 of Plaintiffs' Complaint.

## COUNT II – BAD FAITH

19.

Defendant State Farm hereby reiterates and incorporates by reference its answers to Paragraphs 1 through 19 as if each were fully set forth herein.

20.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022.  Defendant State Farm denies the remaining allegations of Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022 and that more than 60 days have passed since the date of such demand. Defendant State Farm denies the remaining allegations of Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations of Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies any allegations in Plaintiffs' Complaint which have not been expressly admitted herein, including all allegations of the WHEREFORE clause of Plaintiffs' Complaint.

WHEREFORE, Defendants request that the following relief be granted:

a) That Plaintiffs' Complaint be dismissed with prejudice;

b) That Defendant be granted a jury of twelve;

c) That Defendant be awarded its reasonable attorney's fees and costs incurred in asserting its rights through this action; and,

d) That Defendant be awarded such other and further relief as this Court deems just and proper.

This   1st   day of June, 2023.

                                        SWIFT CURRIE MCGHEE & HIERS, LLP

                                        */s/ Rebecca E. Strickland*
                                        Rebecca E. Strickland
                                        Georgia Bar No. 358183
                                        *Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com

## **CERTIFICATION OF FONT**

We hereby certify that this pleading has been prepared with Times New Roman 14 point selection, as approved by the Court in L.R 5.1B.

This <u>  1st  </u> day of June, 2023.

                                                 SWIFT CURRIE MCGHEE & HIERS, LLP

                                               */s/ Rebecca E. Strickland*
                                               Rebecca E. Strickland
                                               Georgia Bar No. 358183
                                               *Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**, upon all parties to this matter by e-filing same using the CM/ECF System which will automatically send e-mail notification of said filing to the following attorneys of record:

John D. Hipes
Hipes & Belle Isle, LLC
178 South Main Street, Suite 250
Alpharetta, GA 30009
jhipes@hbilawfirm.com
*Attorney for Plaintiffs*

This   1st   day of June, 2023.

                                     SWIFT CURRIE MCGHEE & HIERS, LLP

                                     */s/ Rebecca E. Strickland*
                                     Rebecca E. Strickland
                                     Georgia Bar No. 358183

1420 Peachtree Street, N.E.      *Attorney for Defendant*
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com

4869-2027-5303, v. 1