# Exhibit A

SUPERIOR COURT
STAMFORD-NORWALK
JUDICIAL DISTRICT

SUPERIOR COURT
STAMFORD-NORWALK
JUDICIAL DISTRICT

· 2019 JAN 23  P  2: 11

2019 JAN 28  P  2: 09

FSTCV186034338S

LANCE LAMBERTON

VS.

REARDEN LAMBERTON

: CONNECTICUT SUPERIOR COURT

: JUDICIAL DISTRICT OF STAMFORD/

: · NORWALK AT STAMFORD

: January 23, 2019

### MEMORANDUM OF DECISION

This is what generally is referred to as a probate appeal, a statutory proceeding in which a party is challenging a ruling of a Probate Court; General Statutes § 45a-186. The parties stipulated that there was no record of the Probate Court proceedings, such that the proceedings before this court are de novo. In hearing and determining such a matter, the court is not acting as a true appellate tribunal (notwithstanding the typical nomenclature of "probate appeal"), nor is it acting as a court of general jurisdiction as usually is the case for the Superior Court – the court is acting as if it were a Probate Court, subject to the limited jurisdiction and powers of a Probate Court.

Having said that, the court must note that in some respects, the parties are treating this as something in the nature of an appellate or declaratory judgment process. The only evidence presented to the court was in the form of a stipulation of facts, and as will be discussed below, it is far from clear that the facts as stipulated – in theory the universe of facts upon which the court can rely – are sufficient for that purpose. The parties, however, repeatedly and seemingly without dispute or qualification (at least during the course of argument), indicated to the court that the court was effectively determining issues of law – perhaps the one thing they agreed upon.

122⁰⁰

In particular, the defendant/appellee was named as executor in what was submitted to the Probate Court as the last will of the decedent. The named defendant/appellee is a grandson of the testator. The testator's son – the named plaintiff/appellant – is challenging the admission of the will to probate as well as the designation of the defendant as executor (and another grandson is also a plaintiff/appellant). As of commencement of this proceeding, the Probate Court had not yet ruled on acceptance of the will and the Probate Court had not yet determined that the defendant should be appointed executor. Instead, a temporary administrator has been appointed, for limited purposes, pending outcome of some of these issues.

As a result of the ongoing legal dispute described above, the defendant requested that the Probate Court issue an order, reimbursing him for legal expenses incurred to date, as well as providing him an allowance/advancement against legal fees that were to be incurred, and particularly sufficient funds for a retainer for counsel. As reflected in the probate award attached to the complaint and which is the basis for this appeal, the Probate Judge (Fox, J.) awarded $18,058 as reimbursement for legal expenses incurred between January 3, 2017 and September 12, 2017, and further ordered $12,000 additional to be dispersed for purposes of a retainer for defendant's trial counsel. (The latter figure was a reduction from the $35,000 that had been requested for purposes of a retainer.)

The stipulation is sufficiently concise as to permit its recitation in full:

1. Adelle Lincoln Alessandroni died on December 23, 2016 and was domiciled in the district of Stamford, Connecticut at the time of her death.

2. Rearden Lamberton is Addle Alessandroni's grandson, and is the Executor named in her Will.

2

3. On or about January 6. 2017, The Greenan Law Firm LLC, on behalf of Rearden Lamberton, filed a petition with the Stamford Probate Court to admit Adelle Alessandroni's Will to probate.

4. Lance Lamberton, who is the son of Adelle Alessandroni, objected to the Will on various grounds.

5. Roark Lamberton-Davies. who is the son of Lance Lamberton and grandson of Adelle Alessandroni, also joined in making objections to the Will.

6. Due to these objections, Mrs. Alessandroni's Will has not yet been admitted, and litigation remains ongoing.

7. No other Wills have been submitted to the Probate Court.

8. On August 14, 2017, Rearden Lamberton, through counsel, filed a motion for payment of attorney's fees and costs associated with defending the Will in the Probate Court. That motion was subsequently amended on September 12, 2017 to seek approval of $18,058.00 for all attorney's fees and costs to date.

9. On or about August 15. 2017, Rearden Lamberton, through counsel, also filed a motion for a trial retainer, seeking $35,000.00 to defend the Will in the pending Will contest.

l0. On or about November 14, 2017, after a Hearing that was not on the record, the Stamford Probate Court (Fox, J.) ordered the payment of $18,058.00 in attorney's fees and a $12,000.00 trial retainer to be paid to The Greenan Law Firm LLC from assets of the Estate.

The reasons of appeal, as recited in the complaint/appeal, also are sufficiently compact as to allow recitation in full:

17. This appeal is based upon the Probate Court disregarding the explicit requirement that only a fiduciary has standing to make a motion for reimbursement of attorney's fees or for a retainer.

18. Probate Court Rule 39.1 states, in part:

3

(a)     On a motion by a **fiduciary**, the court may approve:

>   (2) a proposed fee for services already rendered by the fiduciary or attorney.

(emphasis added).

19. At present, Reardon Lamberton is not a fiduciary and as such did not have standing to bring a motion for legal fees.

20. It is very possible that, due to the objections pending in the Probate Court, Rearden Lamberton may never be appointed as the executor of the Estate.

21. Connecticut General Statutes §45a-294 does not compel a different result. That section states, in part:

>   Sec. 45a-294 Expenses of executor or administrator in will contest.

>   (a) The court of probate having jurisdiction of the testate estate of any person shall allow to **the executor** his just and reasonable expenses in defending the will of such person in the Probate Court, whether or not the will is admitted to probate.

(emphasis added).

22. Again, Reardon Lamberton has not been named executor and as such cannot invoke this section to seek reimbursement of fees.

23. Appellants are aggrieved by the Decree to the extent that their share of the Estate would be diminished.

In his decision, Judge Fox discussed the reasonableness of the fees being sought to be reimbursed, including the number of hours and the hourly rate. To the extent that this court is determining the propriety of the award on a de novo basis, it has been provided with no evidence relating to reasonableness, whether as to hours or hourly rate – thus the court's comments, earlier, about the completeness of

the stipulation of facts submitted to this court.[1] The reasons stated for the appeal, however, do not appear to put the reasonableness of the amounts awarded in issue; the reasons only relate to the legal issues identified, focusing on the propriety of addressing the issues and not how they were decided.

As a threshold matter, given the plaintiffs' invocation of the Probate Court Rules of Procedure, this court must note that those rules are intended for guidance and uniformity of practice; they are not intended to have any substantive role and cite no legal authority for their creation and applicability. See, e.g., Preface to Probate Court Rules, in which it is stated:

> "This publication establishes uniform procedures for probate matters. It provides guidance in all areas of probate jurisdiction and is written in plain language to assist all those who have cases in the Probate Courts, including both self-represented individuals and attorneys. Streamlined procedures are designed to minimize expenses for parties and expedite resolution of cases.
> "....
> "*Probate Court Rules of Procedure* should be considered a work in progress because we are committed to continuous improvement in the way we handle cases. We welcome your suggestions for revisions and will continue to update the rules on a biennial basis."

---

[1] The standards for determining reasonableness of legal fees under Probate Rule § 39.2 are essentially the same as are applied to attorney's fees in other contexts (with appropriate context-based modifications), as reflected by the note at the end of the rule citing authorities applicable to such determinations in general as the source of the rule ("*C.G.S. sections 17b-95 (c) and 45a-594; Hayward* v. *Plant,* 98 Conn. 374, 384, 118 A. 634 (1923); Connecticut Practice Book, Rules of Professional Conduct, rule 1.5.") See, also, *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974), widely adopted and adapted for its articulation of factors to consider in determining reasonableness of attorney's fees; see, *Steiger v. J.S. Builders, Inc.,* 39 Conn. App. 32, 39, 663 A.2d 432, 436 (1995), applying *Johnson* to award of attorney's fees under CUTPA.

The Probate Rules do not have the legal authority of a statute or the Superior Court rules as set forth in the Practice Book. Further, § 2.2(b) of the Probate Rules explicitly disclaims applicability of the Probate Rules to matters pending in the Superior Court – such as this matter. Therefore, while the Probate Rules may be helpful in understanding what was or was not done in the Probate Court, and may be suggestive of proper procedures and practice, this court, although technically sitting as a Probate Court, is not in any manner bound by those rules (assuming without deciding that the Probate Court is/was bound by those rules).

As noted earlier, the parties were in agreement that the court was effectively to determine an issue of law – the legal propriety of the award under the circumstances described above. Conversely, the reasons for appeal do not address reasonableness, a factual rather than legal issue.[2] Therefore, depending upon perspective, the court is going to decide the case based on the manner it was presented, whereby the plaintiffs either can be perceived to have conceded (not challenged) the issue of reasonableness, or can be deemed to have waived any claim of unreasonableness. With that as a starting point, the court can address the legal issues presented.

The initial stated reason for the appeal (¶¶ 18-20 of complaint) relies on Probate Rule § 39.1 which is premised on the filing of "a motion by a **fiduciary**" (plaintiffs' emphasis) coupled with the argument that the defendant is a designated

---

[2] In their brief, the plaintiffs discuss reasonableness not in terms of the merits of the claim for legal fees, but rather in terms of timing – that a determination of reasonableness of fees needs to be done on a retrospective basis, after the relevant litigation-type activities have come to a conclusion. They also contend that such a determination, in the first instance, needs to be entrusted to an appointed executor or administrator, rather than a designated but not appointed executor. In other words, the plaintiffs challenge the procedural aspects of the determination – when and by whom the claim was submitted (and the related propriety of acting upon them) – and not the factual reasonableness of the fees incurred and awarded.

6

but not appointed executor thereby precluding characterization as a fiduciary. Thus, ¶ 20 of the complaint states that "[i]t is very possible that, due to the objections pending in the Probate Court, Rearden Lamberton may never be appointed as the executor of the Estate." The plaintiffs rely upon the definition of "fiduciary" as set forth in General Statutes § 45a-340 as well as General Statutes § 45a-315; see, footnote 1 of plaintiffs' initial memorandum.

Section 45a-340 provides: "As used in sections 45a-340 to 45a-347, inclusive, "fiduciary" includes the executor or administrator of a decedent's estate." Section 45a-315, using essentially identical substantive language, provides: "As used in sections 45a-129, 45a-205, 45a-242 to 45a-244, inclusive, 45a-273 to 45a-276, inclusive, 45a-315 to 45a-318, inclusive, and 45a-320 to 45a-334, inclusive, unless otherwise required by the context, "fiduciary" includes the executor or administrator of a decedent's estate."

These definitions cannot simply be invoked – as the plaintiffs have done – without consideration of relevant rules of statutory construction, not identified or addressed by the plaintiffs. First, each of these definitional statutes identifies the substantive statutes to which the respective definitions apply, and neither definitional statute is explicitly applicable to General Statutes § 45a-294. It may not be unreasonable to argue that these statutes may be aids to interpretation of the term as used in the context currently in dispute, but to the extent that the General Assembly specifically identified the statutes to which these definitions were applicable (and used other definitions in other related statutory provisions), these definitions cannot simply be invoked and claimed as applicable/controlling here. See, e.g., *Commissioner of Emergency Services & Public Protection v. Freedom of Information Commission*, 330 Conn. 372, 395 (2018), applying the doctrine of *expressio unius est exclusio alterius*.

Indeed, this is confirmed by the very fact that there are two such statutes, applying a virtually identical definition, to two different areas of probate law. If there were but one definition applicable to all probate proceedings, there would not have been a need to have two separate statutes, identifying with specificity the statutes to which the identical definitions applied.

Second, using identical substantive language, the definitional language is open-ended rather than closed-ended to the extent that each definition is not a declaratory definition but rather states that the definition "includes" certain specified positions. Unless the word "includes" is to be ignored, the definitions explicitly recognize that other persons or representatives might, as context requires, come within the scope of "fiduciary" as used in these statutes. Cf. General Statutes § 45a-334c(14), which contains a declaratory as opposed to open-ended definition: "'Fiduciary' means an original, additional or successor executor, conservator, agent or trustee." The court is required to assume that each phrase and word used in a statute is there for a purpose, *Megos v. Ranta*, 179 Conn. App. 546, 552, 180 A.3d 645, 648 (2018), and that different textual formulations – especially in related contexts – are intentional, *Celentano v. Oaks Condominium Association*, 265 Conn. 579, 609 (2003). When an open-ended list is set forth in a statute, the doctrine of *ejusdem generis* often is properly invoked, extending the list to other similar situations. See, e.g., *Scrapchansky v. Town of Plainfield*, 226 Conn. 446, 455, 627 A.2d 1329, 1334 (1993).[3] Therefore to the extent that the plaintiffs implicitly are arguing for a closed-ended type of definition that *necessarily* excludes anyone not

---

[3] *Conway v. Town of Wilton*, 238 Conn. 653, 680 A.2d 242 (1996) was a substantive reversal of the holding, but did not implicate applicability of the doctrine, which has continued to be utilized as appropriate; see, e.g., *In re Elianah T.-T.*, 326 Conn. 614, 623, 165 A.3d 1236, 1243, *on reconsideration,* 327 Conn. 912, 171 A.3d 447 (2017).

within the scope of "executor or administrator of a decedent's estate," the court must reject that interpretation based on the actual use of "including" as an introductory term.

This should be contrasted by the breadth of the concept of fiduciary as used in the Probate Rules (upon which the plaintiffs rely). While it might be a fair statement to claim that there is something in the nature of a working presumption that "fiduciary" usually/generally refers to an administrator or executor, the rules recognize that in some situations, a broader concept may be required. The definition of "fiduciary" in the Probate Rules reflects such breadth. Section 1.1 provides:

> "(13) "Fiduciary' means a person serving as an administrator, executor, conservator of the estate, conservator of the person, guardian of an adult with intellectual disability, guardian of the estate of a minor, guardian of the person of a minor, temporary custodian of the person of a minor, trustee or person serving in any other role that the court determines is fiduciary in nature."

(This is consistent with Rule 4.2 and especially subsection (h), relating to party status of fiduciaries.)

The plaintiffs also rely upon the text of General Statutes § 45a-294, which as emphasized by the plaintiffs in their quoting of the statute, is applicable to applications by executors:

> "(a) The court of probate having jurisdiction of the testate estate of any person shall allow to the executor his just and reasonable expenses in defending the will of such person in the Probate Court, whether or not the will is admitted to probate."

9

In effect, the plaintiffs rely upon a relatively simple syllogism: the statute allows a Probate Court to award expenses to an executor; the defendant has yet to be appointed executor by the Probate Court; therefore, the Probate Court cannot award to the defendant his expenses. In a vacuum, the syllogism may be plausible, but in the context of the remainder of the statute, and given the factual context in which the statute typically might/would be applicable, the interpretation proffered by the plaintiffs becomes unreasonable.

Initially, the court believes that the provision quoted above should be read in the context of subsection (b) of that same statute:

"(b) If there is an appeal from the order or decree of such court, admitting or refusing to admit to probate the will of such person, the court of probate shall allow to the executor or administrator his just and reasonable expenses in supporting and maintaining or defending against such will, on such appeal."

Most notably, both subsections apply to a situation in which the Probate Court eventually decides not to admit a will to probate. Subsection (a) allows an award of costs in defending a will, even if the will is not admitted to probate. Further, if the will were not to be admitted to probate, subsection (b) allows an award of expenses incurred in "supporting and maintaining" such will, during the course of a subsequent appeal.

The position of the plaintiffs is that the defendant lacks standing to make a request for expenses in defending the will, and that only a fiduciary, appointed by the Probate Court, can apply for such an award. The problem with such a position is that it fails to recognize the "linearity" of the probate process, as typically is the case (and therefore the presumed focus of the statute).

10

An executor can be appointed by the Probate Court only after the will designating that individual/entity as executor has been admitted to probate. Therefore, admission of the will is effectively a condition precedent to appointment of the executor. If there is a successful challenge to the will being admitted to probate, there never will be an executor appointed under that will. How, then, can "[t]he court of probate having jurisdiction of the testate estate of any person … allow to the executor his just and reasonable expenses in defending the will of such person in the Probate Court" if the will is not (has never been) admitted to probate? Under the plaintiffs' analysis, such an "executor" would never have standing because such individual would never have been appointed "executor." The result would be that such an "executor" would be at the mercy of an adversarial executor (appointed under a different will or as an alternate or contingent executor under the same will, admitted to probate) or at the mercy of an administrator appointed by virtue of the successful challenge to the will.

Indeed, the very use of the term "executor" in the statutory language, applicable in the event of a successful challenge to the will under which that individual was designated executor, necessarily means that the term "executor" as used in this statute cannot mean only an individual duly appointed by the Probate Court as executor.

In this regard, it is helpful to keep in mind that in "appointing" an executor, the Probate Court is not choosing or selecting someone to serve in that capacity, but rather is approving or giving its imprimatur to a selection made by the testator or testatrix. This form of appointment should be distinguished from the ordinary meaning of the term "appoint" (which is or may be applicable with respect to appointment of an administrator or other fiduciaries). Dictionary definitions and synonyms of "appoint" are consistent with this distinction:

11

"**1.** To select or designate to fill an office or a position: *appointed her the chief operating officer of the company.*

"**2.** To fix or set by authority or by mutual agreement: *will appoint a date for the examination.*

"**3.** To furnish; equip: *a house that is comfortably appointed.*

"**4.** *Law* To direct the disposition of (property) to a person or persons in exercise of a power granted for this purpose by a preceding deed.

[notes re: etymology]

"***Synonyms:* appoint, assign, designate, name, nominate, tap**[1]
These verbs mean to select for an office or position: *was appointed chair of the committee; was assigned to the panel investigating the matter; expects to be designated leader of the opposition; a new police commissioner named by the mayor; to be nominated as her party's candidate; was tapped for fraternity membership.*" *American Heritage® Dictionary of the English Language, Fifth Edition*. (2011). Retrieved January 7, 2019 from https://www.thefreedictionary.com/appoint .

With the exception of the third definition which has no relevance, the definitions and synonyms all have an aspect of selection or choice rather than mere approval or ratification of a selection made by someone else.

The appointment of an executor by the Probate Court has been characterized as a "ceremon[y] of authentication," *Johnes v. Jackson*, 67 Conn. 81, 89, 34 A. 709, 710 (Conn. 1895), and a few sentences later, the court quoted with approval from a Massachusetts decision stating that "the title of an executor is derived from the will itself." The only person who might possibly be an executor under the will being challenged by the plaintiffs is the defendant.[4] More narrowly for purposes of this proceeding, the defendant is the only person who could seek the benefit of § 45a-294(a), and only he, or a duly appointed administrator (presumably,

---

[4] There is no suggestion that there is any contingent designation of an executor, in the event that the defendant is not appointed by the Probate Court or otherwise cannot serve.

after the will had been rejected), could seek the benefit of subsection (b). See, also, *Appeal from Probate of Bencivenga*, 30 Conn.App. 334, 620 A.2d 195 (1993), observing that a Probate Court is required to follow the designation of an executor by a testator, absent cause to remove or decline to appoint such a designated individual.

Returning to Probate Rule § 39.1, cited as authority by the plaintiffs (and keeping in mind the caveat that the rules are not statutorily authorized as binding on the Probate Court and that the rules themselves indicate that they are not presumed to be applicable to this court), the rule clearly anticipates applications for payment of fees already incurred <u>and</u> approval of a prospective fee arrangement. The plaintiffs do not explain how this rule, which they have invoked and relied upon, supports their position more so than that of the defendant. Putting aside, for the moment, the possible distinction between approval of a prospective fee arrangement and an actual allowance towards such prospective fees, there is nothing in the rule suggesting that an executor or other applicant cannot do both – seek approval of payment of fees already incurred <u>and</u> approval of a proposed fee arrangement. Addressing the possible distinction identified in the preceding sentence, the plaintiffs do not explain why allowance of a retainer for future legal services does not come within the scope of a "proposed fee arrangement for … the fiduciary's attorney before the … attorney has rendered services."

The plaintiffs express concern that "[i]t is very possible that, due to the objections pending in the Probate Court, [the defendant] may never be appointed as the executor of the Estate." They do not explain how that would deprive the defendant of an opportunity to invoke § 45a-294, as the statute is intended, by its terms, to allow an award of expenses in an unsuccessful effort to have the will

admitted to probate. The contingency they identify, then, is one specifically anticipated and addressed by the statutory language.

More narrowly, the plaintiffs argue that there is a timing issue – the court should await final resolution of the dispute as to admission of the will before awarding any fees. The plaintiffs note that the defendant has relied upon *First National Bank of Hartford v. Beckendorf*, 9 Conn. Supp. 223 (Super. Ct. 1941) for the proposition that a party designated in a will that ultimately is not admitted to probate is entitled to recover expenses of defending the will, much as claimed here. The plaintiffs argue that there is no mention of a right to seek recovery of such fees prior to termination of proceedings, but the same may be said as to the lack of any mention of the absence of a right to seek recovery of such fees prior to termination of proceedings. The fact that such an interim award appears not to have been sought has no probative value as to whether it would have been allowed if requested. Conversely, the plaintiffs do not explain why it is not convincing authority for the proposition that an unsuccessful proponent of a will has standing to pursue recovery of expenses incurred in that unsuccessful attempt, notwithstanding the argument that the defendant lacks standing to pursue such a recovery.[5] Note that Rule § 39.1, as discussed above, has an anticipatory quality to its scope, as it

---

[5] It is possible that the plaintiffs are conflating the concept of standing and ripeness/prematurity. The statute authorizes a claim such as is being made by the defendant, for payment to a person in the position of the defendant, i.e., a person named as an executor pursuing admission of the will to probate. That would seem to satisfy the requirement of a colorable claim, the linchpin of standing, *Bencivenga*, supra, 30 Conn. App. 337. The argument that the claim can only be pursued after the conclusion of the proceedings is a timing-type issue, which might be amenable to characterization in terms of prematurity/ripeness, but there is nothing in the statutory language that requires waiting for conclusion of proceedings before applying for an award. As observed by Judge Fox, the remedial intent of the statute might be frustrated by insistence on waiting until the end of potentially protracted proceedings to make an award under this statute.

provides for approval of a fee arrangement for services not yet rendered – why is a request for an award of funds for a retainer not squarely within the scope of that aspect of the rule?

First National Bank is also significant for the question of whether it is proper to characterize the defendant as "executor" for purposes of the statute allowing a recovery of expenses.

> "The defendant has moved to erase the appeal on the ground that the First National Bank of Hartford, as executor, has taken the appeal from a decree of the Probate Court denying the admission to probate of the will of Agnes D. Beckendorf in which the appellant was named as executor.
>
> "The precise question to be determined is whether or not an executor of a will is a person aggrieved within the meaning of our statutes and has a right to appeal from a denial of admission of the will to probate." Id.

It is clear that the court, in describing the status of the unsuccessful party (designated executor) pursuing admission of the will, characterized it as the executor for purposes of this discussion. ("First National Bank of Hartford, as executor…"; "The … question … is whether or not an executor of a will … has a right to appeal from a denial of admission of the will to probate.") Implicit in this discussion is that the designated executor may be characterized as executor for purposes of proceedings relating to admission of the will under which the designation is made.

The plaintiffs have cited two cases in which an application for fees was submitted at the end of the process. Both cases are Federal Tax Court cases. In Estate of Peck v. Commissioner, 40 T.C. 238, 238 (1963), acq., IRS Announcement

15

*Relating to: Donnelly, Peck* (IRS ACQ Dec. 31, 1964),[6] interpretation or application of Connecticut probate law was not the focus but rather part of the history of prior events, needed for analysis and application of tax law as to *deductibility* of those expenses. *Estate of Swayne v. Commissioner*, 43 T.C. 190, 199 (1964), *acq., IRS Announcement Relating to: Swayne* (IRS ACQ Dec. 31, 1965), is similar in focus; although the decision discusses the underlying law in somewhat greater detail, it is not informative as to the issues before this court (except again to confirm that expenses incurred in pursuing admission of a will are properly awardable regardless of whether the will ultimately is admitted to probate). Quite simply, the existence of these cases does not preclude an interim award, nor do they preclude an advance (in the form of a deposit for retainer purposes) – they address subsequent tax treatment of an award of expenses, not the timing of payments.[7]

---

[6] See, *In re City National Bank & Trust Co. of Danbury*, 145 Conn. 518, 144 A.2d 338 (Conn. 1958), for more detailed recitation of case history and especially probate proceedings.

[7] The plaintiffs cite and discuss two additional cases in footnote 2 of #109.00. *School v. Appeal from Probate*, No. CV116007716, 2012 WL 898766, at *2 (Conn. Super. Ct. Feb. 24, 2012) has nothing to do with awarding expenses to actual or proposed executors; § 45a-294 was mentioned as an example of the general importance of the executor to probate proceedings ("The law puts such a high import on this duty of the executor that, by statute, the executor is compensated by the estate whether or not the executor is successful on his defense of the will. General Statutes § 45a–294.") Indeed, consistent with this court's discussion of *First National Bank of Hartford v. Beckendorf*, above, here too, the court identified the designated executor as "executor" for purposes of the statute – "by statute, the executor is compensated by the estate whether or not the executor is successful on his defense of the will."
The plaintiffs also cite and discuss *Cadle Co. v. D'Addario*, 268 Conn. 441, 461, 844 A.2d 836, 850 (2004), but acknowledge that the case addressed duties of an executor and potential removal of an executor, which have nothing to do with this case ("*Cadle* did not address anything about potential executors much less whether proposed executors are permitted to seek reimbursement of legal fees") which naturally leads to the question – why was the case mentioned at all, other than that it is a Supreme Court decision involving executors?

16

In terms of best case scenario from the plaintiffs' perspective (a successful challenge to the will), the plaintiffs have not suggested that the defendant will not have assets sufficient to reimburse – or not be subject to an adjustment in distributions – for any excess that may have been advanced, keeping in mind that the right to such expenses is not dependent on the defendant's success. The plaintiffs already have had an opportunity to challenge the reasonableness of the amounts awarded both retrospectively and prospectively (for a retainer). As already noted, the grounds for their appeal do not incorporate any claim of excessiveness or unreasonableness, but rather have focused on the eligibility of the defendant to obtain an award as well as the timing of the award. Under the circumstances, it would appear to be doubtful that they could raise a new/belated claim of unreasonableness as to these sums, at a later date.

Conversely, the plaintiffs have not pointed to conduct sufficiently egregious that the defendant should be debarred from any possible recovery under the statute; cf. *Hannafin v. Carr*, No. CV 990078828S, 2000 WL 157943 (Conn. Super. Ct. Jan. 26, 2000).

The plaintiffs then argue that the conclusion of the proceedings would provide the best context for evaluation of reasonableness and necessity of incurred expenses under *Hayward*. Of the numerous factors (10+) cited as factors to consider in determining a reasonable attorney's fee under *Hayward* and other authorities; see, footnote 1; the outcome of the proceedings is but one. Further, the statute itself tends to minimize that factor, as the statute specifically indicates that an award can be made regardless of whether the will ultimately is or is not admitted to probate (the outcome of the will contest), minimizing if not eliminating outcome as a factor in such a determination. Putting any substantial weight on the outcome would tend to frustrate the purpose of the statute – assuring a designated executor

that, win or lose, reasonable expenses incurred will be reimbursed. Conversely, an interim award would be based on the circumstances existing at that particular point in the preceding, and therefore could adopt a historical (if incomplete) assessment, to the extent appropriate. The fact that the plaintiffs may perceive it to be preferable to wait until the conclusion – without any identified basis in the statutory scheme – would at most invoke an abuse of discretion contention, which is not a claim set forth in the complaint and grounds for appeal.

In their reply, the plaintiffs emphasize that only the approved executor would have authority under Rule 39.1 to submit a request for payment of fees, thereby emphasizing the need for closure of this phase of proceedings before there can be any award. Again, keeping in mind that the rules are not binding or statements of law, but rather are the product of an effort towards uniform practice and procedure, the rules themselves do not support this contention. Again, the definition of "fiduciary" in § 1.1(13), after reciting a number of probate-related positions that are to be characterized as fiduciary in nature, ends with a somewhat open ended phrase – "or person serving in any other role that the court determines is fiduciary in nature."

Nor does § 39.1 provide the unqualified support suggested by the plaintiffs. Subsection (a) addresses the ability of the court to approve fees on motion of a fiduciary, with respect to both a proposed fee arrangement as well as a fee for services already rendered – whether by the fiduciary him/herself or by an attorney. Subsection (b), however, applies to "an attorney who does not represent a fiduciary but whose fees are payable by an estate." Finally, subsection (d) provides, in part, that "[t]he court shall determine whether the fiduciary and attorney's fees are reasonable, whether or not an interested party raises an objection to the fees." A synthesis of these provisions is that the Probate Court can entertain an application

for legal fees chargeable to the estate, either through the fiduciary for whom the services are being rendered or through a non-fiduciary, and that the court will consider the reasonableness of the fees whether or not there is an objection.

As noted earlier, a designated-but-not-yet-approved executor is, for certain purposes, treated as the executor of the estate (at least in a tentative sense), and an executor clearly is a fiduciary. Additionally/alternatively, the designated executor has responsibilities to the estate, including submitting the proposed will and prosecuting its admission, which is in the nature of a fiduciary duty to the estate. Finally, the Probate Court has authority to entertain applications for legal expenses relating to legal services not being rendered to a fiduciary (the plaintiffs' characterization of the defendant), when submitted by a non-fiduciary. While there is a technical distinction between an application submitted directly by counsel and an application submitted on behalf of counsel by the party to whom the services are being rendered, the court finds it to be illogical if it were to be argued that the claim must be pursued by counsel rather than the client who is more directly involved in the pending Probate Court proceedings.

To this point, the court generally has avoided reliance on the arguments advanced by the defendant. The defendant's arguments are generally alternate formulations of what the court has stated above or are complementary to the analysis of the court. The defendant vigorously and properly challenges the contention of the plaintiffs that promoting settlement should be a factor in the analysis of the issues currently before the court. The court agrees with the defendant in rejecting such a contention.

To be sure, the plaintiffs are correct in stating that there is a public policy in favor of resolution of disputes by way of non-judicial mechanisms, including settlement and arbitration. On occasion, such a public policy consideration may

factor into interpretation of a statute, *Alexson v. Foss*, 276 Conn. 599, 606–07, 887 A.2d 872, 880 (2006), but this is not a situation where the legislative intent can be divined from such consideration. Having given an executor a right to recover expenses in prosecuting the will through probate, there is nothing to be gleaned from the general public policy favoring settlement with respect to whether the right to such a recovery can be pursued on an incremental basis, or must await final resolution of the underlying dispute.

To the contrary, the court agrees with the defendant and the Probate Court that disallowing incremental awards for expenses in pursuing admission of a will would likely have a greater negative impact than any possible detriment arising from allowance of incremental awards. The concept of favoring settlement of litigation should not be used as a club – a siege-like weapon of attrition – so as to disincentivize final adjudication of rights.

> "Public policy favors and encourages the voluntary settlement of civil suits. *Krattenstein v. G. Fox & Co.*, 155 Conn. 609, 614, 236 A.2d 466 (1967) ('It is a proper exercise of the judicial office to suggest the expediency and practical value of adjusting differences and compromising and settling suits at law. The efficient administration of the courts is subserved by the ending of disputes without the delay and expense of a trial, and the philosophy or ideal of justice is served in the amicable solution of controversies. Our rules specifically provide for the procedure to be followed in pretrial sessions designed to encourage the settlement of cases.'). We view with disfavor, however, all pressure tactics, whether employed directly or indirectly, to coerce settlement by litigants, their counsel and their insurers. The failure to concur with what a trial court may consider an appropriate settlement should not result in the imposition of any retributive sanctions upon a litigant, his or her counsel or his or her insurer. As our sister state, New York, has recognized, "[t]he function of courts is to provide litigants with an opportunity to air their differences at an impartial trial according

to law.... [The court should not be able] to exert undue pressure on litigants to oblige them to settle their controversies without their day in court." (Citation omitted; internal quotation marks omitted.) *Schunk v. Schunk,* 84 A.D.2d 904, 905, 446 N.Y.S.2d 672 (1981); *Wolff v. Laverne, Inc.,* 17 A.D.2d 213, 214, 233 N.Y.S.2d 555 (1962)." *Allstate Insurance. Co. v. Mottolese,* 261 Conn. 521, 531, 803 A.2d 311, 317 (2002).

Delaying any award of expenses under the statute, as urged by the plaintiffs, would have the coercive effect that the Supreme Court said is to be avoided. In other words, while settlement may be a process to be encouraged, seeking judicial resolution of a dispute, with a legal determination of rights and responsibilities, is not something to be discouraged.

More narrowly, the public policy implicit in awarding expenses on a win-or-lose basis is to encourage the designated executor to pursue admission of the will, without the subtle (or not so subtle) pressure to settle that can be generated by ongoing litigation expenses. That is not to suggest that the statute is intended to encourage a no-holds-barred or scorched-earth attitude towards litigation, but rather that the cost of seeking admission of the will should not be a factor in seeking to vindicate the testator's wishes as embodied in the will sought to be admitted.


Conclusion

As noted at the outset, this nominally is a de novo proceeding. In effect, however, this is equivalent to a jurisdictional challenge to the Probate Court having decided the issue of entitlement to fees/advancement. But for the probate context, this would be a two-pronged subject matter jurisdictional challenge, claiming that the defendant lacked standing (as named but not appointed executor) to seek such

an award, and further that the issue was not ripe for adjudication, and would not be ripe for adjudication until such time as the proceedings were concluded. To put it another way: As articulated in plaintiffs' grounds for appeal, the challenge is not to the reasonableness of the amounts awarded, but rather to the authority to issue an award to the defendant, given his status as designated-but-not-approved executor and given the lack of finality in the probate proceedings relating to admission of the will. A court generally is to decide a matter before it based on the theory of the case as presented by the plaintiff; *Tate v. Safeco Insurance Company of Illinois*, 157 Conn. App. 432, 448, 116 A.3d 386, 395 (2015). From an alternate perspective, by their failure to challenge – in the grounds for appeal or in the trial briefs – the reasonableness of the dollar amounts awarded, the plaintiffs have conceded (or waived any challenge to) the reasonableness of the awarded amounts.

The Probate Court Rules, as already stated on multiple occasions, are not binding, as they were promulgated for uniformity and consistency of practice rather than pursuant to any legislative or inherent authority to promulgate binding rules of practice. Cf. General Statutes § 51-14, authorizing promulgation of rules for the Supreme Court, Appellate Court and Superior Court (embodied in the Practice Book); see, also, *State v. Clemente*, 166 Conn. 501, 353 A.2d 723 (1974), discussing inherent authority of Constitutional Courts to regulate court procedures, and the relationship of that inherent authority to legislative authority to do the same. The Probate Rules attempt to reflect current practices and procedures used in the probate courts throughout the state, and subject to that understanding/qualification may be informative.

The statute gives a named-executor the right to seek/obtain reimbursement for expenses incurred in furtherance of his statutory duty to present and prosecute the will for admission to probate. The Probate Court is the statutorily-designated

decision-maker as to reasonableness, and the plaintiffs had an opportunity to challenge reasonableness, if they so desired, before the Probate Court (or this court). Again, before this court, they have not challenged the determination of reasonable amounts for past expenses or the reasonableness of the (reduced) award for use as a retainer.

"Standing is the legal right to set judicial machinery in motion.... Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes ... standing by allegations of injury...." (Internal quotation marks, omitted.) *Padawer v. Yur*, 142 Conn. App. 812, 817 (2013). Section 45a-294 provides the defendant with standing to seek "his just and reasonable expenses in defending the will of such person in the Probate Court, whether or not the will is admitted to probate."

The plaintiffs' interpretation and application of the statute are not convincing. The plaintiffs contend that they can require the defendant to pursue purely self-funded litigation in his effort to seek admission of the will, potentially forcing the designated executor to compromise under the burden of mounting financial liability for legal costs. That would be compounded by the implicit if not explicit contention that if the defendant is unsuccessful in having the will admitted, one of the plaintiffs might be designated as administrator, such that the claim for reimbursement would be subject to an adversarial-administrator's discretion as to reasonableness (thereby ensuring further litigation, as the statute delegates to the Probate Court the responsibility for determining reasonableness of expenses incurred).

Accordingly, to the extent that the parties effectively were seeking a declaratory ruling as to the ability or standing of a designated executor to seek interim reimbursement of expenses incurred in defending a will submitted to probate, prior to its admission to probate, and the ability of the designated executor to seek an allowance against future expenses for that same purpose, all under the

provisions of General Statutes § 45a-294, the court has determined that notwithstanding the ongoing nature of the proceeding, the designated executor has standing and a right to seek such reimbursement on an interim basis. The court further finds that the designated executor also has a right to seek an allowance against future expenses for that same purpose.

To the extent that this technically is a de novo proceeding, and recognizing that the plaintiffs have not challenged the reasonableness of the amounts awarded in the Probate Court, thereby implicating consent or waiver to such figures (and recognizing that the defendant has not challenged the reasonableness of the reduction in the amount sought for future expenses), the court hereby awards $18,058 as reimbursement for legal expenses incurred between January 3, 2017 and September 12, 2017, and further awards $12,000 to be used as a retainer against future legal expenses to be incurred in pursuing admission of the will to probate, such sums to be paid out of the assets of the estate.

Finally, to the extent that there remains outstanding a motion for stay, consistent with this decision, that motion for stay is denied.

POVODATOR, JTR.

Decision entered in accordance with the foregoing 1-23-19. JDNO Notice sent. Andrew Sosa

Andrew Lorenzo TAC