# Exhibit D

# RETURN OF SERVICE

**State of Utah**                                                                                       County of

Case Number: ___N/A___

Claimant: **The Adelle Lincoln Alessandroni Revocable Trust**
vs.
Respondent: **Lance Lamberton**

For: Ryan B. Frazier
KIRTON | MCCONKIE

Received by ANDERSON INVESTIGATIONS, INC. on the 27th day of April, 2023 at 1:26 pm to be served on **LANCE LAMBERTON, 3704 Tate Place, AUSTELL, GA 30106**. I, ___Eric West___, do hereby affirm that on the __1st__ day of __May__, 20__23__ at __6__:__40p__ .m., executed service by delivering a true copy of the **LETTER** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

(√) POSTED SERVICE: To a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

The individual being served ( )is ( )is not in the MILITARY service of the United States.   N/A

The individual being served ( )is ( )is not Married.   N/A

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed. Pursuant to Utah Code Annotated 78-B-5-705, I declare under criminal penalty that the foregoing is true and correct.

PROCESS SERVER # ___CPS235___
Appointed in accordance with State Statutes

ANDERSON INVESTIGATIONS, INC.
P.O. BOX 535
Salt Lake City, UT 84110
(801) 619-1110

Our Job Serial Number: 2023001692
Ref: 26581.3

# KIRTON | McCONKIE

Ryan B. Frazier
36 South State Street, #1900
Salt Lake City, UT 84111
rfrazier@kmclaw.com
801.323.5933

Server  Eric West
Date  5-1-23    Time  6:40p
P/S  Posted
ANDERSON INVESTIGATIONS, INC    #P101391
P.O. BOX 535, SLC, UT 84110    877-619-1110

April 27, 2023

**VIA HAND DELIVERY**

Mr. Lance Lamberton
3704 Tate Place
Austell, GA 30106

>  *RE: The Adelle Lincoln Alessandroni Revocable Trust v. Lance Lamberton*

Mr. Lamberton:

    I am writing on behalf of my client, The Adelle Lincoln Alessandroni Revocable Trust ("the Trust"), to demand that you dismiss your multiple claims pending in the State of Connecticut courts. Your claims are not grounded in law or fact and are in violation of O.C.G.A. §§ 9-15-14 and 51-7-81. As you have pursued a variety of overlapping claims for almost seven years which have, to date, either failed, been withdrawn, or been ruled against by the courts, this letter serves as formal notice under O.C.G.A. § 9-15-14 and O.C.G.A. § 51-7-81 of my client's demand that you withdraw all of your claims and objections within the next **thirty (30) days**, or by **Tuesday, May 30, 2023**.

    Your claims are meritless and reflect your longstanding campaign to circumvent Adelle Alessandroni's wishes as reflected in her 2011 Trust and Will. This campaign predates Mrs. Alessandroni's death, as illustrated by your multiple failed attempts in 2012 – 2013 to compel her attorneys to make changes to her 2011 planning; your failed August 2015 attempt to confront Mrs. Alessandroni while she was in the hospital in order to have her sign new planning documents; your failed November 2015 attempt, via an agent, to have Mrs. Alessandroni sign over control of her financial accounts; and your failed December 2015 attempt to gain control of Mrs. Alessandroni's finances via an involuntary conservatorship proceeding. Your conduct, as well as your lengthy correspondence from that same time period, shows that despite being dissatisfied with your mother's wishes, you had no doubts about the validity of her 2011 planning.

    Despite your admissions, after Mrs. Alessandroni's death you nevertheless proceeded to challenge the validity of her 2011 Will, a challenge which remains in perpetual, vexatious, litigation. Your improper intent was affirmed in your December 12, 2017 appeal ("Appeal No. 1"), which was brought as a dilatory and inappropriate pressure tactic again meant to force revisions to Mrs. Alessandroni's planning. In its January 23, 2019 decision in Appeal No. 1, and barely two

Mr. Lance Lamberton
April 27, 2023
Page **2** of **3**

years into your strategy of protracted litigation, the Superior Court of Connecticut ("Superior Court") was already questioning your coercive tactics.

Despite this warning from the Superior Court, on February 11, 2019, you proceeded to further appeal that same January 23, 2019 decision to the Connecticut Appellate Court ("Appeal No. 2"). As such, on July 9, 2019, the Superior Court once again noted and further criticized your litigation strategy as an improper "war of attrition." The Court clearly stated that misusing the legal process in an attempt to strongarm the Executor into settlement was improper and impermissible conduct. Predictably, on May 5, 2020, the Appellate Court then decided Appeal No. 2 by affirming the Superior Court, and again validating the nominated Executor of the Estate, Rearden Lamberton.

Nevertheless, on December 11, 2019, after Appeal No. 1 had been decided, with Appeal No. 2 still pending, and with you being well aware of the cautionary language from the Superior Court, you proceeded to commence a third appeal ("Appeal No. 3"), once again challenging an award of fees to the Executor for his continued litigation expenses. You then chose to pursue this appeal through costly and protracted discovery and motion practice for a year and half, only to wait until the eve of trial, July 16, 2021, to request a settlement conference. After the Executor objected to that conference and indicated his desire to proceed to trial on your repetitive and frivolous claims, you tellingly chose to immediately withdraw that appeal.

Additionally, on October 20, 2020, the Trustee voluntarily submitted a Trustee Accounting for the probate court's consideration and approval. On March 15, 2021, and again on the eve of another long-scheduled court event, you filed a voluminous number of nonsensical objections to that Accounting. This included objections challenging the validity of the Trust Agreement, despite the fact that the Trust had been in operation for almost five years. Your challenge to the validity of the Trust is meritless. Notably, you previously requested Trust distributions of $12,954.25, which the Trustee authorized - and you accepted. You also cannot prevail on your claim because the plain language of the Conn. Gen Stat. § 45a-499qq requires a beneficiary to commence a challenge to the validity of a revocable trust either within one (1) year after the settlor's death, or, if the beneficiary has been provided notice of the existence of the Trust, within one hundred and twenty (120) days of such notice, whichever is shorter.

Your actions have dissipated the assets of the Estate, which have in turn damaged the Trust, which is the sole remainderman of the Estate. Based on your vexatious litigation, you have already dissipated the Estate in excess of $200,000, funds which will now never be transferred into the Trust. Your actions have also prevented the Trust from receiving Estate assets that, but for your vexatious litigation, would have been invested years ago. As the Trustee has been able to double the value of the Trust during the time you have pursued this litigation, we conservatively estimate current damages to the Trust at $1,200,000, not including other costs or damages, such as the mounting expenses to the Trust based upon your frivolous objections to the Trustee's Accounting. These damages should not and will not be borne by the other beneficiaries.

Mr. Lance Lamberton
April 27, 2023
Page 3 of 3

    Given the specious nature of your allegations and claims, this is a formal demand that you immediately withdraw the unjustified and meritless claims and objections against the Trust and the Estate. In addition to the $1,200,000 in damages to the Trust, your continued pursuit of these frivolous actions constitutes a violation of O.C.G.A § 9-15-14 under the Georgia Civil Practice Act. Indeed, O.C.G.A. § 9-15-14 states that "attorney's fees and expenses of litigation shall be awarded" when the opposing party asserts a claim that lacks "any justiciable issue of law of fact," "was interposed for delay or harassment", or when an "attorney or party unnecessarily expanded the proceedings by their improper conduct." You also violate O.C.G.A. § 51-7-81 by initiating actions against my client with malice and without substantial justification. As a result, this letter constitutes a formal demand that you dismiss your claims. That will allow the Estate to proceed through probate, and the Trust to be administered without further obstruction to the benefit of the other beneficiaries.

    If you do not dismiss your claims by May 30, 2023, my client will initiate litigation against you to recover all the aforementioned damages, as well as additional damages for abusive litigation and abuse of process under the laws of both Georgia and Connecticut.

                                 Sincerely,

                                 **KIRTON McCONKIE**

                                 Ryan B. Frazier

                                 *Attorney for Adelle Lincoln Alessandroni Revocable Trust*

RFB/sg





