# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREAT AMERICAN LAWN, LLC, VICTOR VAZEMILLER, RESI KOWSKI, and LM GENERAL INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company ("Owners Insurance" or "Plaintiff") files this Complaint for a Declaratory Judgment, respectfully showing this Court as follows:

## SUMMARY OF ACTION

1.

This Declaratory Judgment Action arises out of claims for damages made by Defendant Resi Kowski ("Kowski") in connection with a February 23, 2022 automobile accident (the "Accident"). A true and correct copy of the "Motor Vehicle Crash Report" completed in connection with the Accident is attached as Exhibit "A."

2.

On November 4, 2022, Kowski filed a lawsuit with respect to the Accident in the State Court of Gwinnett County, Georgia styled *Resi Kowski v. Great American Lawn, LLC, et al*., Civil Action File No. 22-C-06263-S2 (the "Underlying Action"). Kowski named Great American Lawn, LLC ("Great American Lawn") and Victor Vazemiller ("Vazemiller") as Defendants and also served uninsured and/or underinsured motorist carrier LM General Insurance Company ("LM General"). A true and correct copy of the Complaint in the Underlying Action is attached as Exhibit "B."

3.

Kowski generally alleges in the Underlying Action that Great American Lawn and Vazemiller acted negligently in causing injuries to Kowski. Vazemiller was driving a GMC Sierra (the "Sierra") that he owned at the time of the Accident.

4.

Progressive Mountain Insurance Company ("Progressive") defended both Great American Lawn and Vazemiller in the Underlying Action pursuant to a commercial insurance policy issued to Great American Lawn and then tendered its

policy limit in exchange for a limited liability release as contemplated by Georgia law.

5.

Owners Insurance had previously reserved rights under two insurance contracts with respect to the coverage potentially available to Vazemiller and/or Great American Lawn in connection with the Accident: (1) an Automobile Liability Policy issued by Owners Insurance to Vazemiller, policy no. 47-273-803-2, for the policy period November 14, 2021 to May 14, 2022 (the "Automobile Liability Policy") and (2) an Executive Umbrella Insurance Policy, no. 47-273-803-03, issued for the period December 18, 2021 to December 18, 2022 (the "Umbrella Policy"). A true and correct copy of the Automobile Liability Policy is attached as Exhibit "C." A true and correct copy of the Umbrella Policy is attached as Exhibit "D."

6.

Following Progressive's tender, Owners Insurance seeks a declaration that it is not obligated to provide coverage to Great American Lawn or Vazemiller pursuant to either the Automobile Liability Policy or the Umbrella Policy.

## PARTIES, JURISDICTION AND VENUE

7.

Plaintiff Owners Insurance is an Ohio corporation with its principal place of business in Lansing, Michigan, and thus a citizen of both Ohio and Michigan.

8.

Great American Lawn, LLC is a Georgia limited liability company with its principal place of business in Suwanee, Georgia . Its sole member is also a resident of and domiciled in Georgia and a Georgia citizen. Great American law is thus a citizen of Georgia. Great American Lawn may be served via its registered agent, Victor Vazemiller, at 1310 Settles Road, Suwanee, Georgia 30024. Great American Lawn is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

9.

Victor Vazemiller is a citizen of Georgia and a resident of and domiciled in Forsyth County, Georgia and may be personally served at 1310 Settles Road, Suwanee, Georgia 30024. Vazemiller is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

10.

Resi Kowski is a citizen of Georgia and a resident of and domiciled in Gwinnett County, Georgia and may be personally served at 315 Paris Drive N.W., Lawrenceville, Georgia 30043.  Kowski is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

11.

LM General Insurance Company ("LM General") is an Illinois corporation with its principal place of business in Hoffman Estates, Illinois, and thus a citizen of Illinois.  LM General may be served via its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.  LM General is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).  Upon information and belief, LM General issued uninsured and/or underinsured motorist coverage to Kowski implicated with respect to the Accident and the Action.  LM General was served in the Action and has both answered and filed cross-claims against Great American Lawn and Vazemiller.

12.

Owners Insurance files this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

13.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Owners Insurance and Defendants, and the amount in controversy exceeds $75,000, exclusive of costs.

14.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **THE AUTOMOBILE LIABILITY POLICY**

15.

Owners Insurance issued the Automobile Liability Policy, no. 47-273-803-2, for the policy period November 14, 2021 to May 14, 2022.  "Victor Vazemiller" is the named insured.  The "Automobile Policy Declarations" identify four (4) vehicles, but not the Sierra.  For each vehicle, the liability limit is $500,000 per occurrence.

16.

The Automobile Liability Policy provides, in relevant part:

### SECTION II – LIABILITY COVERAGE

**1.    COVERAGE**

    **a.**    **Liability Coverage – Bodily Injury and Property Damage**

**We** will pay damages for **bodily injury** and **property damage** for which **you** become legally responsible because of or arising out of the ownership, maintenance or use of **your automobile** (that is not a **trailer**) as an **automobile**. We will pay such damages:

\*\*\*

(4)    on behalf of any person or organization legally responsible for the use of your automobile … when used by you, a relative, or with your permission or that of a relative.

17.

The Automobile Liability Policy separately defines "**your automobile**" at **SECTION I – DEFINITIONS**, Part 13., as "the **automobile** described in the Declarations."

18.

Via **SECTION IV – INDIVIDUAL NAMED INSURED**, the Automobile Liability Policy grants liability coverage for automobiles not owned by the insured, but does not extend coverage to owned vehicles not identified in the Declarations.

## THE UMBRELLA POLICY

19.

Owners Insurance issued the Umbrella Policy, no. 47-273-803-3, for the policy period December 18, 2021 to December 18, 2022 to "Victor Vazemiller" and

"Yelena Vazemiller." The Umbrella Policy contemplates a limit of liability of $1 million per occurrence.

20.

SCHEDULE A of the Umbrella Policy, "Underlying Insurance Requirements," provides that the insured must maintain underlying coverage for comprehensive personal liability with limits of $300,000 per occurrence and automobile liability coverage contemplating a single limit of $300,000. The "UNDERLYING CARRIER SCHEDULE" identifies only Auto-Owners Insurance Company.

21.

The Umbrella Policy provides, in pertinent part:

**DEFINITIONS** [as amended by endorsement]

\*\*\*

"**Automobile**" means:

(a)     a land motor vehicle, trailer or semi-trailer designed for travel on public roads ….

"**Insured**" means you and also:

(a)     A relative ….

(b)     Any person using an automobile or watercraft you own, hire or borrow and any person or firm liable for the use of such vehicle

or craft.  Any person using an aircraft you own.  Actual use must be with the reasonable belief that such use is with, and within the scope of, your permission.

*** 

(d) Any person using an automobile your relative owns, hires or borrows ….

***

"**Retained limit**" means:

(a) if the loss is covered by underlying insurance, the greater of the:

   (1) sum of actual underlying insurance limits appliable to the loss; or

   (2) appliable required minimum primary limits shown in Schedule A.

(b) if underlying insurance is maintained, but the loss is not covered by underlying insurance, $250.  However, this amount shall be waived if your:

   (1) Automobile and Homeowners; or

   (2) Automobile and Farm

policies are written with us or a company affiliated with us.

## COVERAGES

**PERSONAL LIABILITY**

We will pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured becomes legally obligated to pay

as damages because of personal injury or property damage which occurs anywhere in the world.

**DEFENSE – SETTLEMENT**

With respect to any occurrence:

(a) not covered by underlying insurance; but

(b) covered by this policy except for the retained limit;

we will:

(a) defend any suit against the insured at our expense, using lawyers of our choice. We are not obligated to defend after we have paid an amount equal to the limit of our liability.

\*\*\*

The insured shall promptly reimburse us for any amount of ultimate net loss paid on behalf of the insured within the retained limit.

\*\*\*

**EXCLUSIONS**

We do not cover:

\*\*\*

(g) Personal injury or property damage resulting from:

    (1) business pursuits or business property (other than farming or farms); or

    (2) rendering or failure to render a professional service.

    We do cover such injury or damage:

    (1)    caused by private passenger automobiles not used:

        (a)    for public livery;

        (b)    under lease to others; or

        (c)    in an automobile sales or repair business of an insured;

    (2)    to the extent that insurance for such injury, or damage not caused by automobiles is provided by a policy listed in Schedule A; or

    (3)    resulting from any act or omission by an insured while acting within the scope of his or her duties as an officer or member of the board of directors of a non-profit corporation or organization.

***

**CONDITIONS [as modified via endorsement]**

***

**5.**    **Maintenance of Underlying Insurance**

During the terms of this policy, you must maintain underlying insurance, of each type of policy described in Schedule A, with liability limits equal to or greater than the required minimum primary limits shown in Schedule A.  This requirement applies separately to each exposure you have including each vehicle and each dwelling.  However, this requirement does not apply with respect to any reduction of aggregate limits caused by payment of claims.  If you fail to comply with the requirements of this condition shown above, we shall be liable only to the extent we would have been liable had you complied.

When you receive notice that any aggregate limit has been exhausted, you must immediately make all reasonable efforts to reinstate such limits.

You must give us written notice as soon as practicable of:

(a)   any change in the scope of coverage;

(b)   any change in the limits of liability;

(c)   the termination of any coverage; or

(d)   the exhaustion of aggregate limits

of any policy listed in Schedule A.

## **THE INCIDENT AND KOWSKI'S CLAIMS**

22.

The Accident occurred on February 23, 2022 on Interstate 85 North in Gwinnett County, Georgia.

23.

At the time of the Accident, Vazemiller was driving the Sierra, a 2018 GMC Sierra he owned. Kowski was driving a 2020 Honda Civic. The Sierra rear-ended the Civic, allegedly causing injury to Kowski.

24.

On November 4, 2022, Kowski filed a lawsuit in the State Court of Gwinnett County, Georgia styled *Resi Kowski v. Great American Lawn, LLC, et al*., Civil

Action File No. 22-C-06263-S2 (the "Underlying Action").  Kowski named Great American Lawn and Vazemiller as Defendants.

25.

Kowski alleges in the Underlying Action that Vazemiller was negligent in causing the Accident.  Kowski also alleges that Great American Lawn owned the Sierra and that Vazemiller was acting as an employee or agent of Great American Lawn in the course and scope of his agency or employment at the time of the Accident.

26.

Kowski seeks unspecified damages, but cites past medical expenses of $48,888.00 and lost wages of $12,972.61 and also seeks general damages "to fully and completely compensate Plaintiff for all of Plaintiff's injuries and pain and suffering, mental, physical, and emotional, past, present, and future."  Plaintiff also claims entitlement to attorneys' fees and costs.

27.

Progressive Mountain Insurance Company has provided a defense to Great American Lawn and Vazemiller in the Underlying Action.  Progressive recently informed Owners Insurance that it had tendered its limits in the Underlying Action in exchange for a limited liability release.

## DECLARATORY JUDGMENT – NO COVERAGE EXISTS
## UNDER THE AUTOMOBILE LIABILITY POLICY

28.

Owners Insurance repeats and realleges the foregoing paragraphs as if fully set forth herein.

29.

Coverage is available pursuant to the Automobile Liability Policy only as to a vehicle owned by Vazemiller that is identified in the Declarations.

30.

Vazemiller owned the Sierra.

31.

The Sierra is not identified in the Automobile Liability Policy's Declarations.

32.

No coverage is available under the Automobile Liability Policy, therefore, and Owners Insurance is entitled to a judicial declaration of noncoverage under the Automobile Liability Policy.

## **DECLARATORY JUDGMENT – EXCLUSION (g) OF THE UMBRELLA POLICY ELIMINATES COVERAGE**

33.

Owners Insurance repeats and realleges the foregoing paragraphs as if fully set forth herein.

34.

Exclusion (g) of the Umbrella Policy bars coverage for "[p]ersonal injury … resulting from …. "business pursuits or business property."

35.

The provision includes a carve-out negating the exclusion where injury or damage is "caused by private passenger automobiles" under specified circumstances.

36.

Vazemiller owned the Sierra in connection with his business, Great American Lawn, LLC, and utilized the vehicle to haul lawn equipment and supplies.

37.

Moreover, upon information and belief, and at the time of the accident, Vazemiller was driving the Sierra to Lowe's while hauling pine straw and a lawn mower in order to purchase items for use in connection with his business.

38.

Vazemiller was engaged in "business pursuits" while operating "business property" at the time of the Accident, implicating exclusion (g) and barring coverage.

39.

Moreover, and given the use to which the Sierra was put, including at the time of the Accident, the Sierra is not a "private passenger automobile" as that phrase is used in the Umbrella Policy and as defined under Georgia law so as to implicate the carve-out to exclusion (g).

40.

No coverage is available under the Umbrella Policy, therefore, and Owners Insurance is entitled to a judicial declaration of noncoverage under the Umbrella Policy.

**DECLARATORY JUDGMENT – EVEN TO THE EXTENT THE UMBRELLA POLICY IS IMPLICATED, IT CANNOT APPLY EXCEPT IN EXCESS OF $300,000**

41.

Owners Insurance repeats and realleges the foregoing paragraphs as if fully set forth herein.

- 16 -

42.

The Umbrella Policy contemplates coverage only "in excess of the retained limit."

43.

"Retained limit" is defined – as modified via endorsement – to mean one of two things, depending on whether a loss is covered by underlying insurance.

44.

If a loss is so covered, the "retained limit" under part (a) of the definition is the greater of either (1) the sum of actual underlying insurance limits appliable to the loss or (2) the appliable required minimum primary limits shown in Schedule A.

45.

The Automobile Liability Policy does not apply.

46.

The only underlying insurance limits appliable with respect to the Underlying Action are therefore provided by Progressive Mountain Insurance Company ("Progressive").

47.

Progressive issued an automobile liability policy to Great American Lawn for the policy period March 18, 2021 to March 18, 2022 and bearing policy no. 06520551-3 (the "Progressive Policy").

48.

The Progressive Policy provides for limits of $100,000 each person and $300,000 per accident.

49.

The Sierra is identified as a covered vehicle by the Progressive Policy.

50.

Under the Umbrella Policy, therefore, the "actual underlying insurance limits" are $100,000 as to the Underlying Action and Kowski's claims.

51.

Because the "retained limit" is defined as the "greater of" either this available limit or the $300,000 limit specified in Schedule A, the retained limit appliable to the Action is $300,000.

52.

Thus The Umbrella Policy is not implicated unless and until either Vazemiller and/or Great American Lawn – or someone on their behalf – pays an additional

$200,000 in judgment or settlement in addition to the $100,000 already paid by Progressive, and Owners Insurance is entitled to a judicial declaration to that effect.

WHEREFORE, Owners Insurance respectfully requests that this Court (1) enter a Declaratory Judgment in Owners Insurance's favor declaring that the Automobile Liability Policy is not implicated; (2) enter a Declaratory Judgment in Owners Insurance's favor declaring that exclusion (g) of the Umbrella Policy eliminates coverage; (3) enter a Declaratory Judgment in Owners Insurance's favor declaring the Umbrella Policy is not implicated unless and until the appliable retained limit of $300,000 has been satisfied; (4) grant a trial by jury; and (5) award such other and further relief as this Court deems just and proper.

Respectfully submitted this 1st day of June, 2023.

**KERSHAW WHITE LLC**

5881 Glenridge Drive, Suite 100
Atlanta, Georgia 30328
470-443-1100 main phone
470-344-0958 direct dial
404-748-1179 fax

**/s/ Jeffrey A. Kershaw**
**JEFFREY A. KERSHAW**
Georgia Bar No. 159054

*Counsel for Plaintiff Owners Insurance Company*