UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| NILESH JAGDISH PATEL,<br>AKSH NILESHBHAI PATEL,<br><br>　　　　　　　Plaintiffs,<br><br>　-against-<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UR MENDOZA JADDOU, in his official capacity as Acting Director of the U.S. Citizenship and Immigration Services; and LAURA ZUCHOWSKI, in her official capacity as Director of the Vermont Service Center of the U.S. Citizenship and Immigration Services,<br><br>　　　　　　　Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MANDAMUS** |

Plaintiffs, Mr. Nilesh Patel and his son, Mr. Aksh Patel, by and through their counsel, hereby allege as follows:

**PRELIMINARY STATEMENT**

1.　This action challenges the United States Citizenship and Immigration Services' ("USCIS") unreasonable delay in adjudicating bona fide U nonimmigrant status ("U-visa") applications. Congress promulgated U nonimmigrant status—granting work authorizations and protection from immediate removal to immigrants who had both been victims of qualifying crimes and assisted law enforcement in investigating or prosecuting those crimes—to assist law enforcement and protect vulnerable immigrant victims. Under Section 214(p)(6) of the Immigration and Nationality Act ("INA") and its implementing regulations, USCIS is required to timely adjudicate "bona fide" U-visa

applications and issue Employment Authorization Documents ("EADs"). Presently, victims of qualifying crimes are waiting several years just for adjudication of employment authorization. By refusing to adjudicate both petitioners' U-visa applications and petitioners' EAD petitions, or by refusing to review the petitions for *bona fide* determinations and placing them on the waitlist and issuing deferred action and their corresponding EAD's, Defendants subvert Congressional intent to aid law enforcement and incentivize proper reporting of crimes, as well as 8 U.S.C. § 1184(p)(6)—the very statute they are charged with administering.

2.      Congress created the U-visa pathway as part of the Victims of Trafficking and Violence Protection Act in October of 2000.  The legislation was intended to "strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes" while simultaneously protecting the victims of those crimes.  Specifically, a victim qualifies where he or she can demonstrate: (1) he or she has "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity"; (2) he or she "possesses information concerning [the] criminal activity"; (3) he or she "has been, is, or is likely to be helpful" to government officials regarding the criminal activity; and, (4) the criminal activity at issue "occurred in the United States."  8 U.S.C. § 1101(a)(15)(U)(i)(I-IV).

3.      Federal statutes and regulations require that Plaintiffs' petitions and applications for work authorization be timely adjudicated. Because there is a statutory cap that limits granted U-visas to 10,000 per year, USCIS created a formal U-visa waitlist on which eligible petitioners are placed. Waitlisted petitioners automatically receive deferred action or parole (i.e., limited

protection from deportation) and the opportunity to apply for an EAD. In 2008, Congress recognized that individuals were still unable to report severe crimes and meaningfully participate in the investigation or prosecution of those crimes out of fear of deportation and inability to work. Thus, Congress rendered U-visa petitioners eligible to apply for an EAD during the pendency of their petitions. 8 U.S.C. § 1184(p)(6). Under this section, EAD applications must be adjudicated while an individual's petition remains pending.

4. Despite the relief envisioned by Congress and promised by USCIS, Plaintiffs' U-visa petitions have languished unreviewed for a *bona fide* determination. Plaintiffs in this action qualify for a U-visa. Plaintiff Patel is a noncitizen victim of a violent crime who assisted law enforcement in investigating a violent criminal, and he submitted a bona fide U-visa application and an application for work authorization, along with his two family members.[1] Despite Defendants' obligation by law to adjudicate those applications within 90 days, Plaintiffs' *bona fide* applications have sat unreviewed for years—for approximately 1000 days at this point. Defendants' own regulations provide that their delay "*will* result in the grant of an employment authorization document." Yet Defendants have refused to grant Plaintiffs employment authorization. Plaintiff held up his end of the bargain: he reported and helped law enforcement investigate a violent crime, even where there were other potential victims. Defendants have failed to uphold theirs. Plaintiffs bring this action to enforce the statutes by which Defendants are bound but have refused to administer. As described below, Plaintiffs are entitled to immediate employment authorization so they can seek gainful employment and support their family.

---

[1] Plaintiff Patel's spouse, Ms. Sonalben Patel, tragically passed away in an accident in 2019, and is therefore, not included in this litigation.

5. USCIS's disregard of the promise to provide means for finance independence betrays its Congressionally charged duties and compromises the safety of survivors and their families, causing severe and irreparable harm to Plaintiffs. Plaintiffs therefore bring this suit for declaratory, mandamus, and injunctive relief seeking an order compelling USCIS to (a) determine Plaintiffs' eligibility for adjudication of the U visa petitions, or placement on the formal U-visa waitlist, including placing them in parole or deferred action status; (b) adjudicate each Plaintiff's application for an EAD; and (c) issue each Plaintiff an interim EAD until such time as the EAD adjudication is complete.

6. Because of their failure to make a bona fide determination on Plaintiffs' U-visa petitions and failure to adjudicate Plaintiff's EAD application, Defendants are in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 and 701-702; 8 C.F.R. § 214.14(d)(2); and 8 U.S.C. § 1184(p)(6). Plaintiffs are entitled to relief under the APA, 5 U.S.C. §§ 555 and 701-702, and the Mandamus Act, 28 U.S.C. § 1361.

7. Additionally, through this action, Plaintiffs seek to compel the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate the long-pending petitions for U nonimmigrant status – more commonly referred to as a "U-Visa" – that they properly filed with Defendants over six years ago.

8. A U visa is intended for immigrant victims of crime who cooperate with law enforcement in the investigation or prosecution of such crimes. 8 U.S.C. § 1101(a)(15)(U). On February 27, 2016, Plaintiff Patel was the victim of an armed robbery at his place of employment. Thus, he is statutorily eligible for a U visa, along with his son.

9. To confirm Plaintiff Patel's victimization and cooperation, the Columbus, Georgia Police Department issued him a U Nonimmigrant Status Certification on Form I-918, Supplement B

("U-Visa Certification"). This U-Visa Certification Plaintiffs to apply for a U-Visa by filing a Petition for U Nonimmigrant Status on Form I-918 ("Form I-918") and ("Form I-918 Supplement A") with USCIS.

10. Congress created the U-Visa in 2000 to encourage undocumented crime victims to do exactly as Plaintiffs had done here: cooperate with law enforcement in the investigation and prosecution of crimes committed against them. When USCIS grants a crime victim a U-Visa, that person is entitled to lawfully live and work in the United States for four years and eventually apply for lawful permanent residence in the United States (*i.e.*, a green card).

11. In addition to applying for a U-Visa for him or herself, a crime victim with a U-Visa Certification may also apply for a derivative U-Visa for his or her spouse and other qualifying family members. To do so, the crime victim must send a Petition for Qualifying Family Member of U-1 Recipient on Form I-918, Supplement A ("Form I-918 Supplement A") to USCIS for each family member for whom the crime victim seeks a derivative U-Visa.

12. Plaintiff Patel filed his U visa application in November 2019, but delays have caused U visa applicants to wait many years for USCIS to adjudicate their applications.

13. Accordingly, Plaintiff Patel asks the Court to order USCIS to either (a) make a *prima facie* determination that he is eligible for a U visa such that he and his family can feel more secure with a level of protection in the interim; or (b) adjudicate his U visa application and that of his family members since they have been pending since 2016, so that they can stay in the United States in valid non-immigrant status for the next four years while they apply for adjustment of status.

14. USCIS's refusal to adjudicate Plaintiffs' U visa applications or place them on a waiting list has left them in a perilous position. Plaintiffs do not otherwise have lawful immigration

status, they are actively at risk of deportation, and they have children in the United States who depend upon them.  Having no other recourse, Plaintiffs file this action to compel USCIS to adjudicate the Form I-918 and Form I-918 Supplement A they properly filed.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (the Mandamus Act).

16.     This Court has the authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 1361 (the Mandamus Act), 28 U.S.C. § 2202 (the Declaratory Judgment Act), and 5 U.S.C. § 702 (the APA).  The Government has waived sovereign immunity over the claims raised here pursuant to 5 U.S.C. § 702.

17.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(e), because Plaintiffs reside in the Northern District of Georgia, and no real property is involved in this action.

## PARTIES

18.     Plaintiffs are natives and citizens of India who have been present in the United States for many years.  As a result of his victimization and subsequent cooperation with law enforcement, Plaintiff is eligible for U visa status in the United States, along with his son.

19.     Defendants are Alejandro Mayorkas, Secretary of Homeland Security; Ur Mendoza Jaddou, Director of USCIS; and Laura Zuchowski, Director of USCIS's Vermont Service Center.  Defendants are responsible for the administration of immigrant benefits and services and are

named in this action solely in their official capacities.

## BACKGROUND

      A.      <u>Overview of U-Visas for Crime Victims</u>

20. Congress created U-Visas in the Battered Immigrant Women Protection Act of the Violence Against Women Act of 2000, which is found within the Victims of Trafficking and Violence Protection Act of 2000. Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(b), 114 Stat. 1464, 1534-35 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)).

21. Congress created the U-Visa to serve two interrelated goals: (1) to "facilitate the reporting of crimes to law enforcement officials by . . . victimized[] and abused [noncitizens] who are not in lawful immigration status" and (2) to "offer[] protection to victims of such offenses in keeping with the humanitarian interests of the United States." *Id.* § 1513(a)(2)(A)-(B), 114 Stat. at 1533-34.

22. A noncitizen is eligible for a U-Visa if he or she is the victim of a qualifying criminal activity; has suffered substantial physical or mental harm as a result; and has been helpful to law enforcement in the investigation or prosecution of the criminal activity suffered. 8 U.S.C. § 1101(a)(15)(U)(i).

23. To apply for a U-Visa, a crime victim must send USCIS a Form I-918 and initial evidence, including a U-Visa Certification signed by a judge or a designated official at a federal, state, or local law enforcement agency. *Id.* § 1184(p)(1); 8 C.F.R. § 214.14(c)(1)-(2). The U-Visa Certification must confirm, among other things, that the noncitizen is a victim of a qualifying crime and has been helpful in the judge's or law enforcement agency's investigation or prosecution of

that crime. 8 U.S.C. § 1184(p)(1); 8 C.F.R. § 214.14(c)(2).

24. When a noncitizen receives a U-Visa, he or she is entitled to lawfully live and work in the United States for a period of four years. 8 C.F.R. § 214.14(g)(1); *id.* § 214.14(c)(7). In addition, a noncitizen with a U-Visa becomes eligible to apply for lawful permanent residence in the United States (*i.e.*, a green card) after he or she has held the U-Visa and been physically present in the United States for at least three years. 8 U.S.C. § 1255(m)(1); 8 C.F.R. § 245.24(b).

      B.      <u>Overview of Derivative U-Visas for Crime Victims' Family Members</u>

25. In addition to applying for a U-Visa for him or herself, a crime victim with a U-Visa Certification may also apply for a derivative U-Visa for his or her spouse and other qualifying family members. To do so, the crime victim must send a Form I-918 Supplement A and initial evidence to USCIS for each family member for whom the crime victim seeks a derivative U-Visa. 8 U.S.C. § 1101(a)(15)(U)(ii); 8 C.F.R. § 214.14(f).

26. The initial required evidence for a Form I-918 Supplement A includes proof of the legal relationship between the crime victim and his or her family member. 8 C.F.R. § 214.14(f)(3)(i). Thus, if a crime victim is filing a Form I-918 Supplement A on behalf of a spouse, the crime victim must include a copy of the couple's "marriage certificate issued by a civil authority." Instructions at 13.

27. If the qualifying family member is subject to any grounds of inadmissibility set forth at 8 U.S.C. § 1182(a), the initial evidence submitted with a Form I-918 Supplement A also must include an Application for Advance Permission to Enter as a Nonimmigrant on Form I-192 ("Form I-192") asking USCIS to waive the family member's applicable ground(s) of inadmissibility. 8 C.F.R. § 214.14(f)(3)(ii).

      C.      <u>USCIS's Processing of Forms I-918 Supplement A</u>

28.     When a crime victim sends a Form I-918 Supplement A to USCIS on behalf of a qualifying family member, USCIS sends the crime victim a Notice of Action on Form I-797C acknowledging USCIS's receipt of the Form I-918 Supplement A "as of the actual date of receipt."  Id. § 103.2(a)(7)(i).

29.     Pursuant to 8 C.F.R. § 103.2(a)(7)(ii), USCIS may reject a Form I-918 Supplement A in only three situations:  if the petition is not (i) "[s]igned with [a] valid signature, (ii) "[e]xecuted," and/or (iii) "[f]iled in compliance with the [governing] regulations."  *Id.* § 103.2(a)(7)(ii).

       D.     <u>Plaintiff Patel's U-Visa</u>

30.     Plaintiff Patel was the victim of a frightening armed robbery while at his place of employment.  Plaintiff Patel was helpful in providing helpful information to law enforcement.

31.     The Sheriff's Office issued Mr. Patel a U-Visa Certification confirming that he was the victim of a qualifying crime (armed robbery) and cooperated with law enforcement in the investigation of that crime.  Specifically, the U-Visa Certification confirmed and supporting court documents confirmed that there was no indication Mr. Patel was not helpful, as he made a detailed statement to police.

32.     In July 2016, Plaintiffs applied for a U-Visa by sending a Form I-918, the U-Visa Certification, the Form I-918A for his dependent family members, and other supporting evidence to USCIS.  The Petition has remained pending since that time.  *See Exhibit A.*

       E.     <u>The Consequences of USCIS's Unlawful Delay in Adjudicating the Petitions or Placing Plaintiffs on the Waiting List</u>

33.     Plaintiffs have been present in the United States for many years.  By unlawfully failing to adjudicate the Form I918 and Form I-918 Supplement A that Plaintiffs filed more than six years

ago, USCIS has irreparably harmed Plaintiffs in the following primary ways:

    a.    <u>First</u>, USCIS has placed Plaintiffs at risk of being if they are ever apprehended and unable to remain lawfully in the United States.

    b.    <u>Second</u>, USCIS has subjected them to unnecessarily long adjudication times for their U visa petitions.

    c.    As USCIS has acknowledged, "[i]f filing trends continue, the pending queue and associated processing times [for U-Visa petitions] will continue to grow significantly." USCIS, U Visa Filing Trends 3 (2020), https://www.uscis.gov/sites/default/files/USCIS/statistics/Mini_U_Report-Filing_Trends_508.pdf.

## CLAIMS FOR RELIEF

### First Cause of Action – Administrative Procedure Act
[Unreasonable Delay of Determination of Plaintiffs Eligibility for U-visa Waitlist]

34.    Plaintiffs repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.    Defendants have a nondiscretionary obligation to determine Plaintiffs' eligibility for placement on the U-visa waitlist within a reasonable time. 5 U.S.C. § 555(b); 8 C.F.R. § 214.14(d)(2). Once USCIS determines that Plaintiffs are eligible for the U-visa waitlist, it has a nondiscretionary duty to place them on the waitlist and grant them deferred action or parole. 8 C.F.R. § 214.14(d)(2).

36.    Defendants' extensive delay without making eligibility determinations to place Plaintiffs on the U-visa waitlist is unreasonable, in violation of the APA. 5 U.S.C. §§ 555(b) and 706(1).

37.    Because of USCIS's unreasonable delay, Plaintiffs have suffered and will continue to suffer substantial and irreparable harm to their welfare, for which there is no adequate remedy at

law.

## Second Cause of Action – Administrative Procedure Act
[Failure to Comply With Statutory Timeline Mandating EAD Adjudication]

38.     Plaintiffs repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

39.     In enacting 8 U.S.C. § 1184(p)(6), Congress imposed a nondiscretionary duty on USCIS to adjudicate applications for EADs from petitioners with pending U-visa petitions. The statute imposes on USCIS an obligation to adjudicate applications for EADs. This obligation is separate from making the U-visa waitlist determination.

40.     USCIS has withheld adjudication of EAD applications for pending, bona fide petitioners for U nonimmigrant status by refusing to undertake such adjudication until an applicant has either (i) been granted a U-visa, or (ii) submitted a new EAD application pursuant to placement on the formal U-visa waitlist.

41.     Defendants' refusal to adjudicate Plaintiffs' eligibility for employment authorization is an "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1) and constitutes agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" under 5 U.S.C. § 706(2)(A).

## Third Cause of Action – Mandamus Act
[Unlawful Failure to Determine Plaintiffs' Eligibility for U-visa Waitlist]

42.     Plaintiffs repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     The Mandamus Act authorizes federal district courts to compel an office or employee of a United States agency to perform a duty owed to plaintiff. 28 U.S.C. § 1361. Issuance of a writ of mandamus is appropriate where the following requirements are satisfied: (1) the plaintiff has a

right to have the act performed; (2) the defendant is under a clear nondiscretionary duty to perform the act requested; and (3) no other adequate remedy is available.

44. Plaintiffs satisfy all of the requirements of a writ of mandamus compelling Defendants to determine their eligibility for the U-visa approval, or waitlist in the interim.

45. Once Plaintiffs properly filed their complete and bona fide U-visa petitions, they had a clear right to a determination of eligibility for the U-visa waitlist or outright approval, 8 C.F.R. § 214.14(d)(2), and a clear right to that determination within a reasonable period of time. 5 U.S.C. § 555(b).

46. Once USCIS received Plaintiffs' U-visa petitions, it had a nondiscretionary, ministerial duty to decide within a reasonable amount of time whether Plaintiffs were eligible for placement on the U-visa waitlist.  5 U.S.C. § 555(b); 8 C.F.R. § 214.14(d)(2).

47. USCIS has not determined whether Plaintiffs are eligible for the U-visa waitlist, in violation of its obligations under 5 U.S.C. § 555(b) and 8 C.F.R. § 214.14(d)(2).

48. No other adequate remedy is available to Plaintiffs. Because of USCIS's unreasonable delay, Plaintiffs are living under the threat of removal and separation from their families and have been denied the opportunity to seek lawful employment to support themselves and will continue to suffer substantial and irreparable harm to their welfare for which there is no adequate remedy at law.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Assume jurisdiction over this matter;

2. Declare that Defendants are in violation of 5 U.S.C. §§ 555(b), 706(1), and 706(2)(A); 8 U.S.C. § 1184(p)(6); and 8 C.F.R. § 214.14(d)(2);

3. Issue a preliminary and permanent injunction requiring that Defendants, their agents, employees, and successors in office issue: (a) determine Plaintiffs' eligibility for placement on the U-visa waitlist, pursuant to 8 C.F.R. § 214.14(d)(2); and (b) timely adjudicate Plaintiffs' employment applications while their U-visa petitions remain pending, pursuant to 8 U.S.C. § 1184(p)(6);

4. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

5. Grant any and all further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this

1st day of June, 2023.

           KUCK BAXTER IMMIGRATION LLC,

           /s/ Danielle M. Claffey
           Danielle M. Claffey
           GA Bar No. 222292
           365 Northridge Road, Suite 300
           Atlanta, Georgia 30350
           Ph: 404.949.8151
           Fax: 404.816.8615

**CERTIFICATE OF SERVICE**

      This is to certify that the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MANDAMUS** was served by certified mail, on:

Alejandro Mayorkas
Secretary, Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Ur Mendoza Jaddou, Director
U.S. Citizenship and Immigration Services
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Laura Zuchowski, Director, Vermont Service Center
U.S. Citizenship and Immigration Services
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Merrick Garland
Attorney General of the United States
950 Pennsylvania Avenue, NW,
Washington, DC 20530

Ryan K. Buchanan, U.S. Attorney
Federal District Court, Northern District of Georgia
The United States Attorney's Office, Richard B. Russell Federal Building
75 Ted Turner Drive, S.W., Suite 600
Atlanta, Georgia 30303-3309

KUCK BAXTER IMMIGRATION LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
GA Bar No. 222292
365 Northridge Road, Suite 300
Atlanta, Georgia 30350
Ph: 404.949.8151
Fax: 404.816.8615