**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| QUENTIN BIGHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO.: |
| | ) |
| | ) |
| CHAUNCY WILLIAMS, VEROSY | ) |
| LOGISTICS, INC., and | ) |
| NORTHLAND INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | |

**NOTICE OF REMOVAL**

COME NOW defendants Chauncy Williams ("Williams"), Verosy Logistics, Inc. ("Verosy"), and Northland Insurance Company ("Northland") (collectively, "defendants") and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully showing this Court the following:

1.

On May 1, 2023 plaintiff Quentin Bighon filed suit against defendants in the State Court of Fulton County, State of Georgia. A copy of the complaint and summons is attached hereto as Exhibit "A."

2.

In his complaint, plaintiff seeks to recover for personal injuries allegedly sustained as a result of a motor vehicle accident that occurred on May 4, 2021, in

Fulton County, Georgia.

3.

While plaintiff's complaint alleges he has "incurred in excess of $72,980.98 in past medical expenses and lost wages", plaintiff sent Northland Insurance Company a settlement demand before filing suit in which plaintiff demanded $1,000,000.00. In his demand letter, plaintiff explicitly stated that the settlement demand was based on "$72,980.98 pending in medical bills, not including pain and suffering." A true and correct copy of plaintiff's pre-suit settlement demand is attached hereto as Exhibit "B."

4.

Accordingly, it is fair and reasonable to conclude that the amount in controversy exceeds $75,000 based on "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc. 608 F.3d 744, 754 (11th Cir. 2010).

5.

Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal within thirty days of receipt through service or otherwise of an amended, pleading, motion, order, or *other paper* from which it first may be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3).

6.

"Other paper" is defined as any other document that is part and parcel of the State Court proceedings and has its origin and existence by virtue of the State Court processes.  In general, to constitute "other paper," the paper must result from the voluntary act of plaintiff to give the defendant notice of the circumstances that support federal jurisdiction.  Items that have been held by courts to constitute "other paper" include correspondence between parties identifying damages and losses suffered by plaintiff, depositions, discovery responses, settlement agreements, and offers of judgment.  Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309 (N.D. Ga. 2013); Bramlett v. Majric, 2012 U.S. Dist. LEXIS 133925 (N.D. Ga. 2012); Golden Apple Management Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1997); Wilson v. GMC, 888 F. 2d 779 (11th Cir. 1989).

7.

The thirty-day removal period does not begin to run until a defendant has been formally served with process.  Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999).

8.

When there are multiple defendants and defendants are served at different times, if the later-served defendant files a notice of removal, any earlier-served

defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C).

9.

Defendant Verosy was served with process on May 2, 2023.

10.

Defendant Williams was served with process on May 5, 2023.

11.

Defendant Northland was served with process on May 3, 2023.

12.

Defendants' Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

13.

According to plaintiff's complaint, she is a citizen and resident of the State of Georgia. (Complaint ¶1).

13.

Defendant Williams is an individual and resident of the State of Texas. (Complaint ¶ 2; See also, Affidavit of Service of Defendant Williams).

14.

Defendant Verosy is a for profit corporation formed under the laws of Illinois and its principal place of business is located in Illinois. (Complaint ¶ 3; See also,

-4-

Affidavit of Service for Verosy). Verosy's citizenship is therefore established in the States of Illinois for diversity of citizenship purposes. See 28 U.S.C. § 1332(c). Thus, Verosy is not a citizen of Georgia for diversity of citizenship purposes.

15.

Defendant Northland is a foreign insurance company formed under the laws of Connecticut and its principal place of business is located in Connecticut (Complaint ¶ 4; See also, Affidavit of Service for Northland). Northland's citizenship is therefore established in the States of Connecticut for diversity of citizenship purposes. See 28 U.S.C. § 1332(c). Thus, Northland is not a citizen of Georgia for diversity of citizenship purposes.

16.

This Court has diversity jurisdiction over the suit under 28 U.S.C. § 1332 because (1) plaintiff and defendants are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

17.

Attached hereto as Exhibit "C" and made a part hereof by reference is a true copy of the Notice of Removal filed by defendants in the State Court of Fulton County, Georgia.

18.

Attached hereto as Exhibit "D" are copies of all pleadings served upon

defendants in this case.

WHEREFORE, defendants Williams, Verosry, and Northland pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 1st day of June, 2023.

                                          **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                          */s/ Lauren P. Kamensky*

                                          _____
                                          Calvin P. Yaeger
                                          Georgia Bar No. 797952
                                          Lauren P. Kamensky
                                          Georgia Bar No. 937929
                                          *Attorneys for Defendants*

1420 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
calvin.yaeger@swiftcurrie.com
lauren.kamensky@swiftcurrie.com

## CERTIFICATE

Defendants in the case of <u>Quentin Bighon v. Chauncy Williams, Veosy Logistics, and Northland Insurance Company,</u> Civil Action File No. 23EV002573, in the State Court of Fulton County, Georgia, have given notice of the filing of the foregoing notice of removal to plaintiff <u>Quentin Bighon</u>, and his attorneys, by mailing a copy of the notice to Stewart Miller Simmons Trial Attorneys, 55 Ivan Allen Jr. Blvd, Suite 700, Atlanta, GA 30308, and have filed a copy of the Notice of Removal with the Clerk of the State Court of Fulton County, Georgia, in accordance with the provisions of Title 28, United States Code, §1446, Judiciary and Judicial Procedure, as amended.  The undersigned, Lauren P. Kamensky, attorney for defendants, hereby certifies to the truthfulness and correctness of the above statement.

This 1st day of June, 2023.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Lauren P. Kamensky*
_____
Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorneys for Defendants*

1420 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
calvin.yaeger@swiftcurrie.com
lauren.kamensky@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that she has filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF-GA e-file and serve system which will send email notification of said filing to the following attorneys of record:

Madeleine Simmons
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd..
Atlanta, Georgia 30308

This 1st day of June, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*
_____

Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendant*

4868-8639-7543, v. 1