# EXHIBIT "A"

\*\*E-FILED\*\*
23EV002573
5/1/2023 4:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| QUENTIN BIGHON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO: |
| | ) |
| vs. | ) |
| | ) |
| CHAUNCY WILLIAMS; VEROSY LOGISTICS, INC.; and NORTHLAND INSURANCE COMPANY; | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Quentin Bighon (hereinafter "Plaintiff"), and states this his Complaint and Demand for Trial by Jury against Defendants Chauncy Williams (hereinafter "Defendant Williams"), Verosy Logistics, Inc. (hereinafter "Defendant Verosy"), and Northland Insurance Company (hereinafter "Defendant Northland") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Williams is the driver of the tractor trailer involved in the collision giving rise to this personal injury action, and is a resident of the State of Texas and is subject to the jurisdiction

1

of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at his address of at 429 Larry Drive, Longview, Gregg County, Texas 75602. Service on Defendant Williams may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

3.

Defendant Verosy is a for-profit, foreign corporation that transacts business in Georgia. Defendant Verosy is subject to the jurisdiction of this Court, pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent, Veselin V. Sulev at 1770 W. Cottonwood Trail, Hoffman Estates, IL 60192.

4.

Defendant Northland is a foreign insurance company that transacts business in Georgia. Defendant Northland is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 41-1-112, and may be served by issuing Summons and Complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Jurisdiction and venue are proper pursuant to O.C.G.A. § 40-12-3.

## **OPERATIVE FACTS**

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as

2

if they were fully restated verbatim.

7.

On or about May 4, 2021, Plaintiff was traveling on I-285 south in Atlanta, Fulton County, Georgia.

8.

On or about the same time and place, Defendant Williams was driving a 2016 Kenworth tractor trailer, when he negligently, recklessly, carelessly and unlawfully operated said vehicle by failing to slow down for traffic, rear-ending and causing extreme damage to the vehicle operated by Plaintiff.

9.

As a result of the collision, Plaintiff suffered multiple injuries and subsequent damages.

## COUNT I – NEGLIGENCE OF DEFENDANT WILLIAMS

10.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

At all relevant times, Defendant Williams owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Williams did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the 2016 Kenworth tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

b. In failing to make timely and proper application of his brakes; driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

c. In driving the 2016 Kenworth tractor trailer in reckless disregard for the safety of persons and/or property by failing to stop and following too closely in violation of O.C.G.A § 40-6-390 and O.C.G.A § 40-6-49; and,

d. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Williams's violations of the aforementioned duties of care constitute negligence *per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Williams, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $72,980.98 in past medical expenses and lost wages.

## COUNT II – NEGLIGENCE OF DEFENDANT VEROSY

14.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as

4

if they were fully restated verbatim.

15.

At all relevant times, Defendant Williams was an employee and agent of Defendant Verosy and Defendant Williams was driving a 2016 Kenworth tractor trailer within the course and scope of his employment with Defendant Verosy.

16.

Defendant Verosy is liable for the acts and omissions of Defendant Williams as Defendant Verosy's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant Verosy negligently hired, retained, and supervised Defendant Williams.

18.

Defendant Verosy negligently entrusted the 2016 Kenworth tractor trailer to Defendant Williams when it knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Verosy, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, lost wages, plus an inability to lead a normal life. As a result

of the subject collision, Plaintiff has incurred in excess $72,980.98 in past medical expenses and lost wages.

## COUNT III – DIRECT ACTION AGAINST DEFENDANT NORTHLAND

20.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the subject collision, Defendant Northland had a policy of insurance affording liability coverage to Defendant Verosy.

22.

Defendant Verosy is a motor carrier.

23.

Pursuant to O.C.G.A. § 41-1-112, Plaintiff brings a direct cause of action against Defendant Northland for injuries and damages proximately caused by the negligence of its insured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.　　That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.　　That service be had upon Defendants as provided by law;

c.　　That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

  d. That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

  e. That this matter be tried to a jury;

  f. That all costs be cast against the Defendants; and

  g. For such other and further relief as this Court deems just and appropriate.

This 1st day of May, 2023.

                Respectfully submitted,


                /s/ Madeleine Simmons
                MADELEINE N. SIMMONS
                Georgia Bar No. 822807
                Attorney for Plaintiff

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd
Suite 700
Atlanta, GA 30308
Tel: (404) 529-3476
Fax: (470) 514-3685
msimmons@smstrial.com