# EXHIBIT "D"

**E-FILED**
23EV002573
5/1/2023 4:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| QUENTIN BIGHON, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO:** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CHAUNCY WILLIAMS; VEROSY** | ) | **JURY TRIAL DEMANDED** |
| **LOGISTICS, INC.; and** | ) | |
| **NORTHLAND INSURANCE** | ) | |
| **COMPANY;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Quentin Bighon (hereinafter "Plaintiff"), and states this his

Complaint and Demand for Trial by Jury against Defendants Chauncy Williams (hereinafter

"Defendant Williams"), Verosy Logistics, Inc. (hereinafter "Defendant Verosy"), and Northland

Insurance Company (hereinafter "Defendant Northland") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Williams is the driver of the tractor trailer involved in the collision giving rise

to this personal injury action, and is a resident of the State of Texas and is subject to the jurisdiction

1

of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at his address of at 429 Larry Drive, Longview, Gregg County, Texas 75602. Service on Defendant Williams may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

3.

Defendant Verosy is a for-profit, foreign corporation that transacts business in Georgia. Defendant Verosy is subject to the jurisdiction of this Court, pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent, Veselin V. Sulev at 1770 W. Cottonwood Trail, Hoffman Estates, IL 60192.

4.

Defendant Northland is a foreign insurance company that transacts business in Georgia. Defendant Northland is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 41-1-112, and may be served by issuing Summons and Complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Jurisdiction and venue are proper pursuant to O.C.G.A. § 40-12-3.

**OPERATIVE FACTS**

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as

2

if they were fully restated verbatim.

7.

On or about May 4, 2021, Plaintiff was traveling on I-285 south in Atlanta, Fulton County, Georgia.

8.

On or about the same time and place, Defendant Williams was driving a 2016 Kenworth tractor trailer, when he negligently, recklessly, carelessly and unlawfully operated said vehicle by failing to slow down for traffic, rear-ending and causing extreme damage to the vehicle operated by Plaintiff.

9.

As a result of the collision, Plaintiff suffered multiple injuries and subsequent damages.

## COUNT I – NEGLIGENCE OF DEFENDANT WILLIAMS

10.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

At all relevant times, Defendant Williams owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Williams did violate them in the following particulars:

    a.    In failing to make reasonable and proper observations while driving the 2016 Kenworth tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

3

b.    In failing to make timely and proper application of his brakes; driving without due
      caution and circumspection and in a manner so as to endanger the person and/or
      property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

c.    In driving the 2016 Kenworth tractor trailer in reckless disregard for the safety of
      persons and/or property by failing to stop and following too closely in violation of
      O.C.G.A § 40-6-390 and O.C.G.A § 40-6-49; and,

d.    In committing other negligent and reckless acts and omissions as may be shown by
      the evidence and proven at trial.

12.

Defendant Williams's violations of the aforementioned duties of care constitute negligence
*per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by
Defendant Williams, Plaintiff has suffered significant injuries, medical expenses, and damages.
These damages include emotional distress, personal inconvenience, mental and physical pain and
suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's
body and nervous system, plus an inability to lead a normal life. As a result of the subject collision,
Plaintiff has incurred in excess of $72,980.98 in past medical expenses and lost wages.

## **COUNT II – NEGLIGENCE OF DEFENDANT VEROSY**

14.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as

4

if they were fully restated verbatim.

15.

At all relevant times, Defendant Williams was an employee and agent of Defendant Verosy and Defendant Williams was driving a 2016 Kenworth tractor trailer within the course and scope of his employment with Defendant Verosy.

16.

Defendant Verosy is liable for the acts and omissions of Defendant Williams as Defendant Verosy's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant Verosy negligently hired, retained, and supervised Defendant Williams.

18.

Defendant Verosy negligently entrusted the 2016 Kenworth tractor trailer to Defendant Williams when it knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Verosy, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, lost wages, plus an inability to lead a normal life. As a result

5

of the subject collision, Plaintiff has incurred in excess $72,980.98 in past medical expenses and lost wages.

## COUNT III – DIRECT ACTION AGAINST DEFENDANT NORTHLAND

20.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the subject collision, Defendant Northland had a policy of insurance affording liability coverage to Defendant Verosy.

22.

Defendant Verosy is a motor carrier.

23.

Pursuant to O.C.G.A. § 41-1-112, Plaintiff brings a direct cause of action against Defendant Northland for injuries and damages proximately caused by the negligence of its insured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.      That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

This 1st day of May, 2023.

Respectfully submitted,

/s/ Madeleine Simmons
MADELEINE N. SIMMONS
Georgia Bar No. 822807
Attorney for Plaintiff

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd
Suite 700
Atlanta, GA 30308
Tel:  (404) 529-3476
Fax: (470) 514-3685
msimmons@smstrial.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

QUENTIN BIGHON,                                )
                                               )
                    Plaintiff,                 )     CIVIL ACTION
                                               )     FILE NO:23EV002573
vs.                                            )
                                               )
CHAUNCY WILLIAMS, VEROSY                       )
LOGISTICS, INC., and NORTHLAND                 )
INSURANCE COMPANY.                             )
                                               )
                    Defendants.                )
                                               )

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT VEROSY LOGISTICS, INC.

TO:     Verosy Logistics, Inc.
        c/o Veselin V. Suley
        1770 Cottonwood Trail
        Hofman Estates, IL 60912

**COMES NOW**, Plaintiff, Quentin Bighon,  and hereby requests that defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## REQUESTS FOR ADMISSIONS

1.

Please admit that Defendant Verosy Logistic, Inc. was personally served with the Summons and Complaint in the above-styled action.

2.

Please admit that Defendant Verosy Logistic, Inc. has been properly served with process in this action.

3.

Please admit that Defendant Verosy Logistis Inc. raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Please admit that venue for the above-styled case is proper in Fulton County, Georgia.

5.

Please admit that the State Court of Fulton County, Georgia has jurisdiction over Defendant Verosy Logistics, Inc. for the purpose of this lawsuit.

6.

Please admit that Defendant Chauncy Ramond Williams was the employee of Defendant Maybach International Group, Inc. at the time of the collision giving rise to Plaintiff's Complaint.

7.

Please admit that Defendant Chauncy Ramond Williams was operating a tractor trailer within the course and scope of his employment with Verosy Logistics, Inc. at the time of the collision giving rise to Plaintiff's Complaint.

8.

Please admit that Defendant Chauncy Ramond Williams was operating a tractor trailer within the course and scope of his agency relationship with Verosy Logistics, Inc. at the time of the collision giving rise to Plaintiff's Complaint.

9.

Please admit that Defendant Chauncy Ramond Williams was operating a tractor trailer within the course and scope of his contractual relationship with Verosy Logistics, Inc. at the time of the collision giving rise to Plaintiff's Complaint.

10.

Please admit that Defendant Chauncy Ramond Williams was operating a tractor trailer within the course and scope of his lease relationship with Verosy Logistis, Inc. at the time of the collision giving rise to Plaintiff's Complaint.

11.

Please admit that Defendant Verosy Logistics, Inc. is liable under the doctrine of respondeat superior for any of the negligent acts and omissions of Defendant Chauncy Ramond Williams conducted within the course and scope of his relationship with Defendant Verosy Logistics, Inc.

12.

Please admit that on May 4, 2021, Defendant Verosy Logistics, Inc. owned the tractor trailer with Texas Tag No. 016B215.

13.

Please admit that on and prior to May 4, 2021, Defendant Verosy Logistics, Inc. was responsible for the maintenance of the tractor trailer with Texas Tag No. 016B215.

14.

Please admit that on and prior to May 4, 2021, Defendant Verosy Logistics, Inc. was responsible for the routine inspection of the tractor trailer with Texas Tag No. 016B215.

15.

Please admit that Defendant Verosy Logistics, Inc. is in possession of the recording system data for the tractor trailer with Texas Tag No. 016B215.

16.

Please admit that Defendant Verosy Logistics, Inc. was aware that Defendant Chauncy Ramond Williams was unfit to operate a tractor trailer on the day of the collision that forms the basis of Plaintiff's Complaint.

17.

Please admit that at all times relevant to Plaintiff's Complaint, Defendant Verosy Logistics, Inc. maintained a policy of commercial liability insurance with Northland Insurance Company.

18.

Please admit that at all times relevant to Plaintiff's Complaint, Defendant Verosy Logistics, Inc. maintained a policy of commercial liability insurance or an excess policy of insurance/umbrella policy with an insurance company other than Northland Insurance Company.

This 1st day of May, 2023.

Respectfully submitted,

*/s/ Madeleine Simmons*
MADELEINE N. SIMMONS
Georgia Bar No. 822807
Attorney for Plaintiffs

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd

Suite 700
Atlanta, Georgia 30308
Tel:  (404) 529-3476
Fax: (470) 514-3685
msimmons@smstrial.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| QUENTIN BIGHON, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION |
| | )   FILE NO:23EV002573 |
| vs. | ) |
| | ) |
| CHAUNCY WILLIAMS, VEROSY | ) |
| LOGISTICS, INC., and NORTHLAND | ) |
| INSURANCE COMPANY. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VEROSY LOGISTICS, INC.

TO:   Verosy Logistics, Inc.
      c/o Veselin V. Suley
      1770 Cottonwood Trail
      Hofman Estates, IL 60912

**COMES NOW**, Quentin Bighon, Plaintiff in the above-captioned matter, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within

a reasonable time after discovery or receipt of such additional information, but in no event later

than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at

the offices of Stewart Miller Simmons Trial Attorneys, 55 Ivan Allen Jr. Blvd, Suite 700, Atlanta,

GA 30308, within forty-five (45) days following receipt of this request unless the 45th day falls

on a holiday or weekend, in which event the production will take place on the Monday following

the 45th day; or in the event the time for response is shortened by court order, then the shorter time

frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these

interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials

and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless

negated by the context:

I.    **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including

copies, drafts, and reproductions thereof to which you have or have had access, including, but not

limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies,

publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films,

voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)    an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a <u>firm, partnership, corporation, proprietorship, association</u> or <u>other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)    <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff's deceased daughter. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

Please state whether Defendant Chauny Ramond Williams was acting within the course and scope of his employment with Defendant at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the truck involved in the subject incident belongs to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used, and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend any person or entity violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause

of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff's deceased daughter. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant or its employees, agents, or contractors have been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody

or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff, or any representative of Plaintiff at any time.

16.

Please state with particularity the work schedule for Defendant Chauncy Ramond Williams for the one week prior to the subject collision including the date of the subject collision, including the times he was on the road, the origins and destinations of loads driven, descriptions of routes driven, the make/model/year of vehicles operated, and his immediate supervisor and dispatcher for any given date and time.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request was Defendant Chauncy Ramond Williams driving the subject truck or tractor-trailer at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Chauncy Ramond Williams has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject truck or tractor and trailer involved in the incident, and please identify the last date preceding the incident on which the tires

were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the tractor or trailer in the one year preceding the crash.

20.

Has Defendant Chauncy Ramond Williams ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint? If your response is anything other than an unqualified "no," please identify each particular instance including the date of instance, the reason for same, and the steps taken to correct the restriction.

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff's deceased daughter or a third-party, acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendant's to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the tractor trailer involved in the collision forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Chauncy Ramond Williams? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the

accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a)      what each such item purports to show, illustrate or represent;

b)      the date it was made or taken; and

c)      the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between you and Defendant Chauncy Ramond Williams or any other individual or entity under which Defendant Chauncy Ramond Williams was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff or any third party witness at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Chauncy Ramond Williams received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject truck or tractor trailer driven by Defendant Chauncy Ramond Williams was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated there from.

## REQUEST FOR PRODUCTION

Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf, related to the incident giving rise to Plaintiff's Complaint.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to Defendant in

connection with this occurrence, including any excess or umbrella coverage available to Defendant (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Defendant Chauncy Ramond Williams, including all documents regarding his pre-employment application, qualifications, background testing, periodic drug/alcohol screenings, annual reviews, annual recertifications, and training.

8.

Please produce Defendant Chauncy Ramond Williams' driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to reflecting or regarding Defendant Chauncy Ramond Williams' log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip Chauncy Ramond William, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendant's equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Chauncy Ramond Williams, you, or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks or post-collision investigations and reports, and any policies and procedures that in anyway apply to, cover, or govern Defendant Chauncy Ramond Williams employment in any way, shape, or form.

17.

Copies of all work orders, daily loads and/or work reports for Defendant Chauncy Ramond Williams, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a vehicle owned, leased, or operated by Defendant's employees prior to May 4, 2021.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, communications, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all log books for Defendant Chauncy Ramond Williams for the months of March 2021, April 2021, and May 2021.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

27.

Copies of all communications, both internal and involving third-parties, related to your investigation into the collision giving rise to Plaintiff's Complaint.

28.

A complete electronic copy of all digital recording devices present, on or within, the tractor trailer involved in the collision giving rise to Plaintiff's Complaint.

This 1st day of May, 2023.

Respectfully submitted,

/s/ Madeleine Simmons
MADELEINE N. SIMMONS
Georgia Bar No. 822807
Attorney for Plaintiff

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd
Suite 700
Atlanta, Georgia 30308
Tel: (404) 529-3476
Fax: (470) 514-3685

**E-FILED**
23EV002573
5/1/2023 4:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| QUENTIN BIGHON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) **CIVIL ACTION FILE NO:** |
| | ) |
| vs. | ) |
| | ) |
| **CHAUNCY WILLIAMS; VEROSY** | ) **JURY TRIAL DEMANDED** |
| **LOGISTICS, INC.; and** | ) |
| **NORTHLAND INSURANCE** | ) |
| **COMPANY;** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. Plaintiff's First Request for Admissions to Defendant Chauncy Ramond Williams;
2. Plaintiff's First Set of Interrogatories to Defendant Chauncy Ramond Williams;
3. Plaintiff's First Request for Production of Documents to Defendant Chauncy Ramond Williams;
4. Plaintiff's First Request for Admissions to Defendant Verosy Logistics, Inc.;
5. Plaintiffs' First Set of Interrogatories to Defendant Verosy Logistics, Inc.;
6. Plaintiff's First Request for Production of Documents to Defendant Verosy Logistics, Inc.
7. Plaintiff's First Request for Admissions to Garrison Property and Casualty Insurance Company;
8. Plaintiff's First Set of Interrogatories to Garrison Property and Casualty Insurance Company; and
9. Plaintiff's First Request for Production of Documents to Garrison Property and Casualty Insurance Company.

This 1st day of May, 2023.

/s/ Madeleine N. Simmons
Madeleine N. Simmons
Georgia Bar No. 822807
*Attorneys for Plaintiff*

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 30308
msimmons@smstrial.com