# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID ROCCO, | ) |
|     Plaintiff, | ) Civil Action No.: |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| KEYSTONE CONCRETE FOUNDATIONS, INC., a Georgia corporation, | ) |
| | ) |
|     Defendant. | ) |

## FLSA COMPLAINT

COMES NOW Plaintiff David Rocco (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Keystone Concrete Foundations, Inc. ("Defendant"), and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to recover overtime wages, liquidated damages, attorneys' fees and any other remedy approved by this Court.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

4. Defendant is in the concrete industry and specializes in poured in place concrete footings, walls, slabs, flatwork, and decorative concrete for commercial and residential projects and is one of the largest residential concrete placement companies in the southeastern United States.

5. Plaintiff resides in Gwinnett County (within this District).

6. According the Georgia Secretary of State's website, Keystone Concrete is a corporation incorporated under the laws of Georgia, with its principal office located at: 575 James Road, Alpharetta, Georgia 30004 ("James Road location").

7. For purposes of this lawsuit, Keystone Concrete may be served on Mike Heyden at 575 James Road, Alpharetta, Georgia 30004.

8.  At all material times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9.  At all material times, Plaintiff engaged in interstate commerce.

10. At all material times, Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

11. At all material times, Defendant was and remains an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and had an annual gross volume of sales which exceeded $500,000.

## FACTUAL ALLEGATIONS

12. In approximately October 2020, Defendant hired Plaintiff for the position of supervisor of decorative concrete.  However, once Plaintiff started work, Defendant did not give him the duties of the supervisor of decorative concrete.

13. Plaintiff worked for Defendant until approximately November, 2022.

14. During his employment, Plaintiff did not perform the job duties that were exempt from the overtime provisions of the FLSA.  For example, Plaintiff's job duties included riding with crews to job sites and performing job duties as he was directed including digging ditches, tying rebar, pouring concrete, and stamping concrete.

15. Defendant compensated Plaintiff at a rate of $1,000 per week.

16. Plaintiff regularly worked more than forty hours per week but was not paid at a rate of one and one-half times his regular rate for his overtime hours.

17. At all material times, Defendant maintained control, oversight, and direction over its operations and employment practices of the employees at the James Road location.

18. At all times relevant to this action, the primary duty of Plaintiff was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

19. At all time relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

20. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

21. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

22. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

23. Defendant regularly directed Plaintiff to work more than forty hours per week.

24. Defendant was aware that Plaintiff regularly worked more than forty hours per week.

25. However, Defendant did not compensate Plaintiff for any hours over forty hours per week.

26. At all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

27. Defendant maintained either actual or constructive control, oversight and direction of Plaintiff's work, including the employment and pay and other practices.

28. Defendant was aware that the FLSA required it to compensate Plaintiff overtime pay for all hours worked in excess of forty hours per week.

29. Defendant's failure to compensate Plaintiff overtime wages for his work in excess of forty hours per week is willful, intentional, and in bad faith.

40. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent him.

44. Plaintiff demands a jury trial.

## COUNT I
## (OVERTIME)

45. The above paragraphs are incorporated by reference as if fully set forth herein.

46. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation paid to Plaintiff.

47. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations with respect to compensation paid to Plaintiff.

48. Defendant is thereby liable to Plaintiff for unpaid overtime, liquidated damages, attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid overtime wages;

B. Liquidated damages;

C. Attorneys' fees and expenses;

D. Any such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 1st day of June, 2023.

                MARTIN & MARTIN, LLP

By: <u>Kimberly N. Martin</u>
     Kimberly N. Martin
     kimberlymartinlaw@gmail.com
     Georgia Bar No. 473410
     Thomas F. Martin
     tfmartinlaw@msn.com
     Georgia Bar No. 482595

     MARTIN & MARTIN, LLP
     Post Office Box 1070
     Tucker, Georgia 30085