UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **Boris SYCHEV,**<br><br>Plaintiff,<br>v.<br><br>**U.S. Citizenship and Immigration Services**, Executive Agency;<br><br>**Ted Kim**, Associate Director of Refugee, Asylum and International Operations (RAIO) at USCIS;<br><br>**Antonio Donis**, Director of the USCIS Arlington Asylum Office.<br><br>Defendants. | Civil Action No.<br><br>**Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act and for a Writ of Mandamus** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Boris Sychev ("Mr. Sychev") brings this action seeking an order mandating United States Citizenship and Immigration Services ("USCIS") and its officers (collectively referred to as "Defendants") to immediately schedule him for an asylum interview and adjudicate his asylum application, which has been unlawfully delayed for nearly six years.

## INTRODUCTION

1. Mr. Sychev is a 42-year-old citizen of Russia residing lawfully in the United States as an applicant for asylum. *See Exhibit A*. He lawfully entered the United States with his spouse and children in the Fall of 2017, before applying for asylum.

COMPLAINT - 1

*Id.* He applied for asylum on January 4, 2018, based on his fear of returning to Russia on account of his political opinion and membership in a particular social group. *Id.* Approaching nearly six years, and USCIS has taken no action on Mr. Sychev's case.

2. Defendants have failed to adjudicate Mr. Sychev's asylum application in violation of the law. Mr. Sychev brings this action to compel agency action that has been unreasonably delayed and respectfully requests that the Court order the Defendants to schedule him for an asylum interview and adjudicate his asylum application.

## PARTIES

3. Plaintiff **Boris Sychev** is a citizen of Russia who currently resides at 3215 Sonata Lane, Alpharetta, Georgia 30004. He is lawfully present in the U.S. as an applicant of a pending asylum application.

4. Defendant **USCIS** is a component agency of the Department of Homeland Security. USCIS is responsible for the adjudication of asylum applications filed by individuals in the U.S.

5. Defendant **Ted Kim** is the Associate Director of USCIS's Refugee, Asylum and International Operations and is the primary officer in charge of USCIS's asylum operations. He is sued in his official capacity.

6. Defendant **Antonio Donis** is the Director of the USCIS Arlington Asylum Office and is the principal officer in charge of that office. The Arlington Asylum

Office has jurisdiction over Mr. Sychev's case. Defendant Antonio Donis is sued in his official capacity.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

8. The Court has subject matter jurisdiction under the Mandamus statute (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (APA) (5 U.S.C. § 702).

9. The Court has authority to compel agency action that is unreasonably delayed, unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

10. The Court further has the authority to issue a writ of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them.  28 U.S.C. § 1361.  In this case, Defendants have failed and refused to adjudicate Mr. Sychev's asylum application in a timely and reasonable manner despite their clear, non-discretionary duty to do so.

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(e)(C) as this is an action against officers and agents of the United States in their official capacities, brought in the district where Plaintiff Mr. Sychev resides. There is no real property

involved in this action.

## LEGAL FRAMEWORK

12. In general, any noncitizen physically present in the U.S. may seek asylum within one year of the noncitizen's arrival in the United States. *See* 8 U.S.C. § 1158(a).

13. Asylum may be granted to an individual who has suffered past persecution and/or has a well-founded fear of persecution based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158(b)(1)(A); *id.* § 1101(a)(42)(A).

14. The Refugee, Asylum, and International Operations (RAIO), a component of USCIS, has initial jurisdiction over an asylum application filed by noncitizens physically present in the United States. 8 C.F.R. § 208.2(a).

15. Applicants for asylum must be interviewed by an RAIO adjudicating asylum officer (" asylum officer") in a non-adversarial manner. 8 CFR § 208.9(b)

16. After the interview, an asylum officer may grant asylum to an eligible applicant. 8 CFR § 208.14(b).

17. If the asylum officer does not grant asylum to an applicant after an interview, "the asylum officer shall deny, refer, or dismiss the application." 8 CFR § 208.14(c).

18. Either way, USCIS "shall adjudicate the claim of each asylum applicant whose application is complete within the meaning of § 208.3(c)(3) and is within the

jurisdiction of the [USCIS]." 8 CFR § 208.9(a).

19. The Immigration and Nationality Act ("INA") makes clear that applications for asylum should be adjudicated expeditiously. *See* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed"); *see also* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.").

## FACTUAL BACKGROUND

20. Mr. Sychev is a 42-year-old Russian national, and he and his wife and child were threatened repeatedly and physically assaulted on account of their political opinion and membership in a particular social group.

21. Fearing further persecution or worse, Mr. Sychev and his family fled to the United States.

22. Based on his fear of persecution in Russia, Mr. Sychev filed for asylum on January 4, 2018.

23. Mr. Sychev and his family completed their biometric requirements, and to date they have heard nothing further.

24. To date, Mr. Sychev's case remains unadjudicated, nearly six years after the

application was filed.

25. To date, Defendants have failed to schedule Mr. Sychev for an asylum interview.

26. The delay in adjudication is causing harm to Mr. Sychev. His immigration status has been in limbo for over five years while his asylum application has been pending. Without a decision on his asylum case, Mr. Sychev and his family live in a constant state of stress and uncertainty as to whether he will be allowed to stay in the United States, or if he must return to Russia. Under the present circumstances, the prospect of he and his wife and children returning to Russia causes exceptional distress.

27. Mr. Sychev cannot travel internationally while his case is pending, which has severely restricted his movement.

28. As an asylum applicant, Mr. Sychev must continually renew his work authorization, which serves as his only form of federally issued ID. With the current delays in adjudicating work authorization documents, Mr. Sychev is constantly at risk of not having valid identification.

29. Mr. Sychev has done everything that the Defendants have asked of him, including background checks. He has exhausted all available avenues to have his application promptly adjudicated.

30. He has no other recourse against Defendants' unlawful delay than by way of

this lawsuit.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Writ of Mandamus (28 U.S.C. § 1361))

31. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs as if fully set forth herein.

32. Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

33. An individual has a clear right to the requested relief when he falls within the "zone of interests" of a particular statute. It is well-established that the INA provides asylum-seekers with the right to apply for asylum. *See* 8 U.S.C. § 1158(b)(1)(A). Mr. Sychev has a clear right to the relief requested because as an applicant for asylum, his interests fall within the "zones of interests to be protected or regulated by the statute in question." *Ass'n of Data Processing Serv. Org., Inc. v. Camp*, 397 U.S. 150, 150 (1970). Mr. Sychev therefore has a clear right to the adjudication of his asylum application.

34. Defendants have a clear, ministerial, and non-discretionary duty to adjudicate Mr. Sychev's asylum application. *See* 8 C.F.R. § 208.9(a). ("[USCIS] shall adjudicate the claim of each asylum applicant whose application is complete"); *see also* 8 C.F.R.

§ 208.14(c) (stating that if the asylum officer does not grant asylum to an applicant after an interview "the asylum officer shall deny, refer, or dismiss the application."). Additionally, the INA makes clear that applications for asylum be adjudicated expeditiously. *See* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed"); *see also* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed."). Both the INA and Defendants' own regulations confirm that Defendants have a clear and non-discretionary duty to adjudicate Mr. Sychev's asylum application.

35. Mr. Sychev has exhausted all possible remedies, and mandamus is the only available recourse.

36. Defendants have unlawfully and unreasonably delayed and withheld adjudication of Mr. Sychev's application for over five years, despite a clear duty to adjudicate the application. The extensive delay in adjudicating the application exceeds the INA's only listed timeline.

37. Defendants' unlawful delay has harmed Mr. Sychev. For years, he has lived in a limbo-state of uncertainty and stress regarding his immigration status. He continues to incur the burden and expense associated with being in pending-asylum

status.

38. These harms can be remedied by the issuance of a writ of mandamus compelling the defendants to immediately adjudicate Mr. Sychev's application.

## SECOND CAUSE OF ACTION
### (Unreasonable Delay under the APA, 5 U.S.C. § 555(b))

39. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1). The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

41. Defendants' failure to adjudicate Mr. Sychev's asylum application for nearly six years is a failure to act and amounts to final agency action under the APA.

42. Defendants' have unlawfully withheld and unreasonably delayed the adjudication of Mr. Sychev's asylum application. Mr. Sychev filed his asylum application in late 2017. Almost six years have passed, and Defendants have still not issued a decision on the asylum application. This delay is unreasonable when compared to the INA's timetable for adjudication of asylum applications. *See* 8 U.S.C. § 1158(5)(A)(ii) ("adjudication "shall be completed within 180 days after the date an application is filed.").

43. Accordingly, when a proper showing is made, "[t]he reviewing court shall . . .compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

44. For these reasons, this Court should declare that the delay in processing Mr. Sychev's asylum application is not reasonable.

## RESERVATION OF RIGHTS

45. Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## REQUEST FOR RELIEF

Plaintiff requests that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Issue a writ of mandamus compelling Defendants to interview Mr. Sychev within 30 days and to then expeditiously adjudicate his asylum application within 60 days after the interview;

(3) Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Mr. Sychev's asylum application to be in direct violation of the APA, the INA, and federal regulations;

(4) Award Plaintiff's costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law;

    (5)    Grant such further relief as this Court deems just and proper.

Respectfully submitted this 1st day of June, 2023.

/s/ Danielle Claffey  
Danielle M. Claffey  
GA Bar Number: 222292  
Kuck Baxter Immigration, LLC  
365 Northridge Road, Suite 300  
Atlanta, GA 30350  
Phone: 404-816-8611  
Fax: 404-816-8615  
dclaffey@immigration.net  

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Danielle Claffey, certify that on June 1, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I will mail a hard copy of the document to the individuals listed below pursuant to Fed. R. Civ. P. 4 via first-class mail to:

      U.S. Citizenship and Immigration Services
      Office of the Chief Counsel
      5900 Capital Gateway Drive
      Mail Stop 2120
      Camp Springs, MD 20588-0009

      Ted Kim
      Office of the Chief Counsel
      5900 Capital Gateway Drive
      Mail Stop 2120
      Camp Springs, MD 20588-0009

      Antonio Donis
      Office of the Chief Counsel
      5900 Capital Gateway Drive
      Mail Stop 2120
      Camp Springs, MD 20588-0009

      Merrick Garland
      Attorney General of the United States
      950 Pennsylvania Avenue, NW,
      Washington, DC 20530

Respectfully submitted this 1st day of June, 2023.

/s/ Danielle Claffey