IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RON BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE UNIVERSITY, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Ron Brown ("Plaintiff" or "Mr. Brown"), by and through his undersigned counsel, and files this, his Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action against Defendant Life University, Inc. ("Defendant") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1985(2).

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district and division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has timely fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII.

5.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 16, 2022; the EEOC issued its Notice of Right to Sue on March 28, 2023. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Black/African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

During all times relevant hereto, Defendant has been a corporation engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of twenty or more calendar weeks during 2021 and 2022.

9.

Defendant is an employer covered under Title VII in accordance with 42 U.S.C. § 2000e(b) and was a party to a "contract" as that term is defined under 42 U.S.C. § 1981.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Jessica Vile, located at 1269 Barclay Circle, Marietta, GA 30060.

## FACTUAL ALLEGATIONS

11.

Plaintiff began working for Defendant in or about March 2021 as a grounds person.

12.

During his employment, the grounds manager, Javier Cabanas ("Cabanas"), acting as agent of Defendant, subjected Plaintiff to discriminatory treatment because of his race, Black or African-American.

13.

Cabanas frequently spoke in Spanish with the Latino and/or Hispanic employees about the "Negros," prompting laughter at the expense of Black employees.

14.

Cabanas often referred to the Black employees as lazy and insinuated that they were thieves.

15.

Cabanas falsely accused Plaintiff and other Black employees of stealing time, gas, and equipment, but ignored time theft and other misconduct by non-Black employees.

16.

Cabanas rarely gave the opportunity to work overtime to Black employees, but did give such opportunities to non-Black employees.

17.

Plaintiff complained to the acting director on or about February 2022 about the on-going discrimination. Plaintiff also tried to file complaints with Defendant's Executive Vice President, William Jarr, but his attempts were brushed off.

18.

Colin Hilley ("Hilley") became director in or about April 2022. Plaintiff promptly informed Hilley of his racial discrimination complaints.

19.

The discrimination continued and Defendant failed to take prompt, effective remedial action.

20.

In or about August 2022, Plaintiff became aware that a non-Black temporary employee was falsifying her time records, which Plaintiff reported to Hilley.

21.

The temporary employee also threatened Plaintiff, which Plaintiff promptly reported to Hilley.

22.

Several days later, Plaintiff noticed his personal vehicle had been tampered with, so he reported the incident and asked Hilley to review the security footage. Hilley replied "that's not necessary."

23.

The following week, Plaintiff was terminated.

24.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., Black, and in retaliation for reporting racial discrimination.

## **CLAIMS FOR RELIEF**

### **COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SECTION 1981**

25.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

26.

Plaintiff was an employee of Defendant as "employee" is defined under Title VII.

27.

Defendant was the employer of Plaintiff as the term "employer" is defined under Title VII.

28.

Plaintiff's employment with Defendant was a "contract" of employment as that term is defined under the Civil Rights Act of 1991, codified at 42 U.S.C. § 1981.

29.

The conduct complained of herein was based on "race" under the meaning of that term for purposes of 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

30.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment on account of and/or because of his race, as set forth herein, constitutes unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and 42 U.S.C. § 1981, respectively.

31.

Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and 42 U.S.C. § 1981, and its discrimination against Plaintiff was undertaken in bad faith.

32.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

33.

As a direct and proximate result of Defendant's actions as complained of herein, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

34.

Accordingly, Defendant is liable for the damages sought by Plaintiff herein as a result of Defendant's unlawful discrimination.

### COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SECTION 1981

35.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

36.

Defendant's action in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII and Section 1981.

37.

Defendant willfully and wantonly disregarded Plaintiff's federally protected rights,under Title VII and Section 1981 and Defendant's retaliation against Plaintiff was willful and untertaken in bad faith.

38.

Accordingly, Defendant is liable for the damages sought by Plaintiff herein as a result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 2nd day of June, 2023.

                                        **BARRETT & FARAHANY**

                                        s/ *Matthew C. Billips*
                                        Matthew C. Billips
                                        Georgia Bar No. 057110

                                        *Counsel for Plaintiff Ron Brown*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com