IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEREMY COOKE, JUSTIN ESTES, JOSHUA GARCIA, KENNETH CHARLES HARRISON, MICHELLE MCNAMEE, CHRISTOPHER PICKETT, MICHAEL RIPIC, JOHN P RODRIGUEZ, DAVID SMIROS, CHARLES G TOULOUSE, JAMES C WEAVER, GLEN A WHITMER, STEVE WILEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>    Defendant. | CIVIL ACTION FILE NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Jeremy Cooke, Justin Estes, Joshua Garcia, Kenneth Charles Harrison, Michelle McNamee, Christopher Pickett, Michael Ripic, John P Rodriguez, David Smiros, Charles G Toulouse, James C Weaver, Glen A Whitmer, Steve Wiley, file this complaint against Defendant Lockheed Martin Corporation ("Lockheed Martin") seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). This action is brought to recover unpaid overtime pursuant to the FLSA.

1

# INTRODUCTION

Lockheed Martin is a private for-profit entity that maintains a fire department for use at facilities including Marietta, Georgia. Lockheed Martin established a policy to pay its firefighters overtime in a manner that does not comport with the Fair Labor Standards Act. Rather than paying the firefighters overtime for all hours worked in excess of forty, Lockheed Martin uses a system where it does not pay the firefighters overtime when they work forty-eight hours in a week, and instead only pays overtime when the firefighters work seventy-two hours in a week (but even still on the seventy-two hour weeks, Lockheed Martin does not pay overtime for hours forty to forty-eight). Despite have no valid basis for its policy in the FLSA, Lockheed Martin does not pay its private firefighters an overtime premium for all hours worked in excess of forty hours each work week.

# THE PARTIES

1. Defendant hired Plaintiff Jeremy Cooke to work as a full-time firefighter for Defendant on or around July 5, 2000. Plaintiff Jeremy Cooke is presently a firefighter and remains employed with Defendant presently.

2. Defendant hired Plaintiff Justin Estes to work as a full-time firefighter at Defendant's Marietta, Georgia campus in 2009. Plaintiff Justin Estes was originally hired to work at the Marietta location and later transferred to the Fort

Worth location. Plaintiff Justin Estes is presently a firefighter and remains employed with Defendant presently.

3. Defendant hired Plaintiff Joshua Garcia to work as a full-time firefighter for Defendant on or around May 2, 2022. Plaintiff Joshua Garcia is presently a firefighter and remains employed with Defendant presently.

4. Defendant hired Plaintiff Kenneth Charles Harrison to work as a full-time firefighter for Defendant on or around July 13, 2009. Plaintiff Kenneth Charles Harrison is presently a firefighter and remains employed with Defendant presently.

5. Defendant hired Plaintiff Michelle McNamee to work as a full-time firefighter for Defendant on or around April 22, 2019. Plaintiff Michelle McNamee is presently a firefighter/emt and remains employed with Defendant presently.

6. Defendant hired Plaintiff Christopher Pickett to work as a full-time firefighter for Defendant from May 2017 until December 2022. Since December 2022, Plaintiff Christopher Pickett has been a Supervisor/L3 and remains employed with Defendant presently as a Captain/L3.

7. Defendant hired Plaintiff Michael Ripic to work as a full-time firefighter for Defendant in September 2009. Plaintiff Michael Ripic is presently a firefighter and remains employed with Defendant presently.

8. Defendant hired Plaintiff John P Rodriguez to work as a full-time firefighter for Defendant in August 2004. Plaintiff John P Rodriguez is presently a firefighter and remains employed with Defendant presently.

9. Defendant hired Plaintiff David Smiros to work as a full-time firefighter for Defendant on or around May 2, 2022. Plaintiff David Smiros is presently a firefighter and remains employed with Defendant presently.

10. Defendant hired Plaintiff Charles G Toulouse to work as a full-time firefighter for Defendant on or around September 28, 2009. Plaintiff Charles G Toulouse is presently a firefighter/emt and remains employed with Defendant presently.

11. Defendant hired Plaintiff James C Weaver to work as a full-time firefighter for Defendant on or around November 13, 1993. Plaintiff James C Weaver is presently a firefighter and remains employed with Defendant presently.

12. Defendant hired Plaintiff Glen A Whitmer to work as a full-time firefighter for Defendant in June 1988. Plaintiff Glen A Whitmer is presently a firefighter and remains employed with Defendant presently.

13. Defendant hired Plaintiff Steve Wiley to work as a full-time firefighter for Defendant in May 2004. Plaintiff Steve Wiley is presently a firefighter and remains employed with Defendant presently.

14. Defendant Lockheed Martin is a Maryland for-profit corporation with its principal place of business located at 6801 Rockledge Drive, Bethesda, Maryland and its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

15. At all relevant times, Defendant Lockheed Martin employed or acted in the interest of an employer towards Plaintiffs by, among other things, maintaining control, oversight and direction over Plaintiffs, including with respect to timekeeping, payroll and other employment practices that applied to them.

16. Defendant Lockheed Martin is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiffs, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

17. At all relevant times, Defendant Lockheed Martin has had gross revenues exceeding $500,000.00.

**JURISDICTION AND VENUE**

18. This Court has original subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

19. This Court has personal jurisdiction over Defendant Lockheed Martin because it does business in Georgia and in this District and is registered to do business in Georgia and maintains an open office here in this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Lockheed Martin resides in this District and events relevant to this litigation occurred in this District. Some of the Plaintiffs have transferred from the Marietta, Georgia facility to Fort Worth.

## FACTUAL ALLEGATIONS

**A. Plaintiffs regularly work in excess of forty hours per week.**

21. During their years of employment, Plaintiffs were regularly scheduled to work more than forty (40) hours and had a typical schedule of forty-eight (48) hours for two (2) successive weeks followed by one week of seventy-two (72) hours.

22. When Plaintiffs worked forty-eight (48) hours in a week, Lockheed Martin does not pay Plaintiffs' overtime for hours 40-48.

23. When Plaintiffs worked seventy-two (72) hours in a week, Lockheed Martin does not pay Plaintiffs' overtime for hours 40-48.

24. Plaintiffs complained to Defendant regarding its failure to properly pay overtime, including raising concerns with union steward Joe Morley who responded that the company would only pay overtime for Kelly days or call backs.

25. Lockheed Martin pays the Plaintiffs on an hourly basis. Plaintiffs do not receive a fixed salary. Instead, by virtue of being hourly, Plaintiffs weekly payment varies with the number of hours worked in the workweek.

26. Given the hourly relationship, Plaintiffs and Lockheed Martin do not have a clear and mutual understanding that a fixed salary covers all hours worked in a week.

27. No agreement between Lockheed Martin and Plaintiffs exists excluding sleep time from Plaintiffs' hours worked.

28. Plaintiffs' sleep time is regularly and customarily interrupted.

29. Lockheed Martin does not maintain a system for Plaintiffs to report sleep time interruptions.

30. Plaintiffs do not receive additional compensation on occasions when their sleep time is interrupted.

31. Plaintiffs often work through meal times and no agreement exists excluding meal time from hours worked.

32. During on-call time, Plaintiffs remain under Lockheed Martin's control and are unable to leave the Defendant's campus. The one exception to when Lockheed permits Plaintiffs to leave the Defendant's campus during their shift is for an annual physical exam. Lockheed Martin requires that Plaintiffs attend this physical examination.

33. There is no agreement between Plaintiffs and Lockheed Martin allowing Plaintiffs to receive comp time for overtime, nor has Lockheed Martin provided Plaintiffs with comp time for overtime hours worked.

**B. Lockheed Martin is not a Public Agency.**

34. Lockheed Martin is a for profit corporation.

35. Upon information and belief, Lockheed Martin's fire department is not funded exclusively by the proceeds of a millage tax imposed by the locality's residents.

36. Upon information and belief, Lockheed Martin's fire department is not required to submit annual financial reports to the financial director of the local government detailing how all public funds received by it were disbursed.

37. Upon information and belief, Lockheed Martin's fire department is not required to submit to the local government its annual budget for fire protection services one year in advance, so that the local government may budget for these costs.

38. Upon information and belief, Lockheed Martin has no contract that specifically provides that governing authority of the fire department is the local government.

39. Upon information and belief, Lockheed Martin has no contractual obligation to comply with all reasonable recommendations of the local government.

40. Upon information and belief, no government has contractual authority to have ultimate power and authority over Lockheed Martin's fire department.

## COUNT I: FLSA ALLEGATIONS

41. At all relevant times, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

42. Defendant Lockheed Martin employed Plaintiffs and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

44. Defendant Lockheed Martin has failed to pay Plaintiffs for all overtime compensation to which they are entitled under the FLSA.

45. Defendant Lockheed Martin knew or should have known that Plaintiffs were working hours in excess of forty a week for which they were not compensated.

46. Defendant Lockheed Martin is liable under the FLSA for, among other things, failing to properly compensate Plaintiffs.

47. Consistent with Defendant's policy and pattern or practice, Plaintiffs were not paid overtime compensation for all hours worked beyond forty hours in a workweek.

48. All work that Plaintiffs performed has been assigned by Defendant Lockheed Martin, and/or Defendant was aware of such work.

49. As part of its regular business practice, Defendant Lockheed Martin intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs. This policy and pattern or practice includes, but is not limited to, willfully failing to pay premium overtime wages for hours that they worked in excess of forty (40) hours per workweek.

50. Defendant Lockheed Martin is aware or should have been aware that federal law required them to pay Plaintiffs overtime compensation for all hour worked in excess of forty in a workweek.

51. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiffs pray for the following relief:

1. An award of unpaid overtime compensation for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: (Weekly Salary ÷ 50) x Total Number of Overtime Hours Worked x 1.5;

2. An award of liquidated damages under the FLSA as a result of Defendant's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay;

3. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

4. An award of pre-judgment and post-judgment interest, where applicable;

5. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiffs' counsel pursuant to the FLSA;

6. An injunction requiring Defendant to cease its practice of violating the FLSA in the future;

7. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

8. Such other and further relief as this Court deems just and proper.

**Jury Trial Demanded**

Respectfully submitted, this 2nd day of June, 2023.

/s/ Douglas Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095

Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd. SE
Suite 1050
Atlanta, GA 30339

770-953-0995 (ph.)
770-953-1358 (fax)
drk@hkw-law.com
jb@hkw-law.com