# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN TERRY DRURY, | CIVIL ACTION |
| Plaintiff, | FILE NO. _____ |
| v. | Removed from State Court of Cobb County, Civil Action File No. 23-A-1728 |
| THE KROGER CO. and JOHN DOES 1-3, | |
| Defendants. | JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, The Kroger Co., ("Defendant"), by and through undersigned counsel, and hereby files its Defenses and Answer to Plaintiff's Complaint, showing this Court as follows:

### DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## SECOND DEFENSE

Plaintiff's claims for special damages are barred due to Plaintiff's failure to plead such claim(s) with particularity pursuant to O.C.G.A. § 9-11-9(g).

## THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant did not breach any duty(ies) owed to Plaintiff in relation to the alleged incidents giving rise to Plaintiff's Complaint.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant, and Plaintiff could have avoided the subject incident by exercising ordinary care.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorney's fees and costs upon which relief can be granted against Defendant and should be dismissed accordingly. Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages, and there is no basis in law or fact for the imposition of punitive damages against Defendant.

## SEVENTH DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation; and further reserve the right to amend this Answer to assert such defenses.

## EIGHTH DEFENSE

In response to the allegations contained in each numbered paragraph of Plaintiff's Complaint, Defendant answers as follows:

## PARTIES AND JURISDICTION

1.

Defendant admits it is an Ohio corporation authorized to transact business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson Street Southeast, Suite 125, Marietta (Cobb County), Georgia. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegation that an employee acting within the course and scope of his or her employment with Kroger is a proper party defendant to the instant lawsuit. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint. Therefore, said remaining allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

4.

Defendant admits it operated a grocery store located at 191 Alps Road, Athens, Georgia 30606 on November 14, 2022. Defendant denies any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

## FACTS

5.

Defendant admits Plaintiff was present at the subject property on November 14, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint. Therefore, said remaining allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

6.

Defendant admits Plaintiff fell while present at the subject property on November 14, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint. Therefore, said remaining allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

7.

Defendant admits Plaintiff fell while present at the subject property on November 14, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint. Therefore, said remaining allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

## **COUNT ONE – NEGLIGENCE**

12.

Defendant incorporates and re-alleges the responses to all the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

13.

Defendant admits it owes a duty to invitees to keep its premises and approaches safe. Defendant denies any remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint, which includes subparts (a) through (d).

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## AD DAMNUM CLAUSE

Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of Plaintiff's Complaint, including the relief sought in subparts (A) through (D).

**WHEREFORE**, Defendant respectfully requests that:

(a)   Plaintiff's Complaint be dismissed with all costs charged to Plaintiff;

(b)   Defendant Kroger be discharged from the lawsuit with all costs charged to Plaintiff;

(c)   Judgment is rendered in favor of Defendant Kroger and against Plaintiff;

(d) This matter be tried by a jury of twelve (12) persons regarding any issues not subject to summary adjudication; and

(e) Defendant has such other and further relief as this Court may deem just and proper.

Respectfully submitted this 2nd day of June, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Alexander D. Perwich III* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone: (404) 870-1067 | Georgia State Bar No.: 412593 |
| Facsimile: (404) 870-1030 | Alexander D. Perwich III |
| Email: aperwich@grsmb.com | Georgia State Bar No.: 622240 |
| ykintner@grsmb.com | *Counsel for Defendant The Kroger Co.* |

## **CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1**

This is to certify that on this date, the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

**Jeffrey James, Esq.**
**Massey Law Group**
**1374 S. Milledge Avenue**
**Athens, GA 30605**
*Counsel for Plaintiff*

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this 2nd day of June, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Alexander D. Perwich III* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-1067 | Georgia State Bar No.: 412593 |
| Facsimile:   (404) 870-1030 | Alexander D. Perwich III |
| Email: aperwich@grsmb.com | Georgia State Bar No.: 622240 |
|            ykintner@grsmb.com | *Counsel for Defendant The Kroger Co.* |