***John Terry Drury v. The Kroger Co., and John Does 1-3***
***State Court of Cobb County, State of Georgia***
***Civil Action File Number: 23-A-1728***

***John Terry Drury v. The Kroger Co., and John Does 1-3***
***USDC, Northern District, Atlanta Division***
***Civil Action File Number: TBA (Removal # 1:23-mi-99999)***

# EXHIBIT A: PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER




**February 24, 2023**

**SENT VIA CERTIFIED MAIL, REGULAR MAIL, & EMAIL**

Kroger
Attention: Management
191 Alps Road
Athens, GA 30606

| **RE:** | **Location:** | **Kroger Store #428**<br>**located at:**<br>**191 Alps Road**<br>**Athens, GA 30606** |
|---|---|---|
| | **Our Client:** | **John Terry Drury** |
| | **Claim #:** | **4A2211FLBH6-0001** |
| | **Date of Incident:** | **11/14/2022** |
| | **Time of Incident:** | **3:30 pm – 4:00 pm** |

Dear Ms. Betty Cason:

**THIS LETTER CONSTITUTES AN OFFER TO COMPROMISE A DISPUTED CLAIM AND IS, THEREFORE, INADMISSIBLE IN ANY PROCEEDINGS INVOLVING THE PARTIES TO THIS CASE.**

Attached herewith are the medical bills, medical records, and other documents regarding the injuries sustained by my client, John Terry Drury, on November 14, 2022, on the premises of Kroger Store No. 428 located at 191 Alps Road, Athens, GA 30606. By this letter, Mr. Drury is demanding payment of **$250,000.00** pursuant to the general liability policy held by Kroger.

**Background of the Incident**

On November 14, 2022, John Terry Drury was shopping at Kroger Store No. 428 located at 191 Alps Road, Athens, GA 30606. At this time, Mr. Drury entered the store as an invitee and patron of Kroger. While shopping near the milk section and making his way through the store, Mr. Drury continued taking the path designated by the **red arrow** below:






While traveling this path, Terry suddenly and unexpectedly tripped on a foreign substance that was haphazardly spilled on the slick floor in the aforementioned pathway. Upon stepping onto the hazardous substance, Terry slipped and flew backwards, landing on the below sharp bumper rail:



Mr. Drury suffered significant injuries when landing on the above rail, which will be discussed in detail in the sections below. Due to the severity of these injuries, EMS had to be called to the scene and transported Mr. Drury to St. Mary's Hospital for emergency treatment.




Unfortunately, Mr. Drury was was not able to take a photograph of the spill that caused his fall as Kroger employees quickly cleaned up the spill, but we imagine Kroger has surveillance video confirming the details of this event. Further, we have not been provided a copy of the surveillance footage by Kroger, for Kroger is in possession of this footage and has not provided to our office.

## 100% LIABILITY

This is a case in which we have little doubt that Defendant will be held entirely responsible for John Terry Drury's injuries. "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe". **O.C.G.A. § 51-3-1**. Though an owner or occupier is not an insurer of an invitee's safety; the law does require that he use such diligence toward making the premises safe. Kouche v. Farr, 730 S.E.2d 45 (2012).

The facts of this incident are more than sufficient to meet the legal standard of premises liability under applicable Georgia law. This is a matter in which Defendant is clearly liable. To prevail in a case involving a hazardous condition on the premises causing the plaintiff's injuries, the plaintiff need only establish the following:

1) that he was an invitee;
2) the presence of two (2) hazardous conditions on Kroger's premises in this case caused the plaintiff's injury;
3) Kroger had knowledge (actual or constructive knowledge) of these hazardous conditions; and
4) the plaintiff lacked knowledge that these hazardous conditions existed.

### 1. Invitee

It is undisputed that Mr. Drury was an invitee on Defendant's premises as he was a customer of Kroger and expressly invited onto the premises as a patron.

### 2. The First Hazardous Condition was the Foreign Substance

This case is interesting in the fact that there were two (2) hazardous conditions at play that caused my client's serious injuries. The first presence of a hazardous condition in this matter took the form of the slick foreign substance Mr. Drury slipped upon on Kroger's premises. This foreign substance caused my client to fall back into the hazardous condition that was the sharp bumper rail further discussed below.

### 3. The Second Hazardous Condition was the Dangerous Bumper Rail

Upon slipping on the foreign substance, Mr. Drury landed upon the sharp rail bumper as identified below:






These sharp bumper rails present a significant hazard to patrons traversing this area as these rails are sharp metal with no coverings and are located in areas of heavy foot traffic. Although these bumper rails may prevent Kroger shopping karts from banging into Kroger's refrigerators, they in no way protect Kroger's customers from the hazardous condition they present from their sharp metal edges. In fact, to further confirm the hazard these rails present, we've identified similar bumper rails from nearby grocers where these bumpers have been covered and protected in order to prevent the same type of injuries my client sustained. Refer to these protected bumpers below:

**PROPER BUMPER #1: Walmart located 1911 Epps Bridge Pkwy, Athens, GA 30606:**






MASSEY LAW
PERSONAL INJURY ATTORNEYS






**PROPER BUMPER #2: Bell's located at 995 Hawthorne Ave, Athens, GA 30606:**





4. Defendant had Superior Knowledge of the Hazard

Defendant had knowledge that the above forementioned hazards were placed in the area of heavy foot traffic without any warning to indicate these hazards, for they had complete control and management over the Kroger's premises, employee training and its fixtures.

5. John Terry Drury Lacked Knowledge of the Hazard

While my client is required to use ordinary care while walking through a premise, he was not required to be on lookout for the hazards discussed in detail. Robinson v. Kroger Co., 268 Ga. 735, (1997).

Furthermore, the Georgia courts have held that "an invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the ground before taking the step which led to [his] downfall" does not establish a failure to exercise ordinary care as a matter of law. Robinson v. Kroger Co., 268 Ga. 735 (1997).

In the present matter, John Terry Drury was using ordinary care while shopping at Kroger. Had adequate precautions been in place, he would not have sustained injuries as a result.




**Injuries to John Terry Drury**

Immediately upon falling on the sharp, unprotected metal rail, Mr. Drury sustained severe injuries, abrasions, and bruising to the left side of his body. He landed directly upon the jutting metal ridge, fracturing his ribs as a result. Refer to the photographs below highlighting the severe injuries my client endured and continues to recover from:



**Rib Fractures on the 3rd – 6th Ribs, Left Side**



**Arm Injury & Abrasion, Left Arm**




Again, had this bumper been properly protected with a padding, my client could have avoided these injuries.

## St. Mary's ER

Due to the severity of his injuries, Mr. Drury was transported via EMS to St. Mary's ER for emergency treatment, where the initial complaints were notated:

> ***75-year-old male patient presents to emergency department with complaints of severe left-sided rib pain after sustaining a fall at Kroger. Patient states there was chocolate milk on the floor and he slipped and fell striking his ribs on the metal barrier that goes around a refrigerated produce section. ...He states that he also has pain to his left shoulder. He has a small superficial abrasion to the left forearm. Patient has shortness of breath and difficulty with deep inspiration. He states he has significant pain when he breathes in..... He states the pain is severe to the left lateral and posterior ribs.***

**Taken from the St. Mary's Medical Notes**

As identified in the ER notes above, Mr. Drury sustained severe injuries to his ribcage, including fracturing of multiple ribs. In fact, this rib injuries were so bad it caused him great pain and discomfort as as confirmed by the St. Mary's note below:

Constitutional:
General: He is in acute distress.
Comments: **Patient is actively very uncomfortable, with occasional episodes of vomiting with any movement.**

**Taken from the St. Mary's Medical Notes**

A prompt CT scan of his chest was done and revealed the following:

***CT Chest w Contrast Final Result Impression:***
***1. Displaced and depressed left 3rd through 6th rib fractures. Small adjacent chest wall hematomas.***

***XR Ribs w Chest 3+ Views Left Final Result:***
***Several questionable left lateral rib fractures.***

**Taken from the St. Mary's Medical Notes**



## Dr. Toby Bond

After being released from the ER with four (4) fractured ribs and additional injuries, Terry sought follow up care with Dr. Toby Bond to further assess the nature of his injuries. Based on thorough examinations from Dr. Bond's office, which included MRIs, he was diagnosed with the following:

**Assessments**
1. Left hip pain - M25.552 (Primary)
2. Cervicalgia - M54.2
3. Closed fracture of multiple ribs of left side, initial encounter - S22.42XA
4. Interstitial lung disease - J84.9
5. Thoracic spine pain - M54.6

**Taken from the Dr. Bond's Medical Notes**

Dr. Bond correlated the above injuries to the direct incident at Kroger as indicated in the attached medical records.

As is clear from the enclosed medical records, John Terry Drury's injuries and subsequent treatment were caused by the subject incident. These injuries, as clearly documented herein, are all the proximate result of the clear negligence by the Kroger Company.

## SPECIAL DAMAGES

### Medical Damages

John Terry Drury has incurred significant medical bills and damages relating to this incident. To date, he has the following expenses, all of which are detailed and supported in the enclosed documents:

| MEDICAL PROVIDER | COST |
|---|---|
| National EMS | $2,702.80 |
| St. Mary's ER | $7,940.90 |
| Dr. Toby Bond | $398.00 |
| AHI MRI | $442.00 |
| **Total Medical Expenses:** | **$11,483.70** |

**Additional Medical Expenses may be supplemented*




## Pain & Suffering

John Terry Drury experienced real injuries from this incident and will continue to suffer from lingering effects from the injuries sustained in the fall and impalement, all of which was caused by the carelessness and negligence of the Defendant.

Further, with the clear liability, conservative treatment, and the great character of Mr. Drury, there is no doubt the Defendant faces a very real possibility of a judgment at trial.

## OFFERS TO SETTLE

With the above in mind, we hereby offer to settle all claims against your insured if the two following conditions are met:

1) Kroger agrees to promptly remedy the defective and dangerous conditions of their unguarded bumpers in all locations and stores as identified in the below photographs:





In remedying these dangers, Kroger can either remove and replace these bumpers with safer, more protective models or Kroger can cover these bumpers with protective layers as to help prevent and avoid impalement. Please refer to the options below from similar retailers/grocers:









2) Additionally, we agree to settle for the sum of **$250,000.00** on behalf of my client.

This offer is being made in an effort to resolve the claims of my client and to avoid exposing your insured to personal liability for damages which will certainly exceed the policy limits available in this case. We are making this offer of settlement on behalf of our client to allow you to make a full and comprehensive evaluation of the facts and circumstances underlying this claim. Because the facts assure that damages most certainly will be awarded in this case, which shall likely result in a verdict far exceeding policy limits of your insured's policy, we hereby offer to settle all claims within forty (40) days to avoid exposing your insured to personal liability that may cause them to lose their property, and to avoid it being levied upon in order to enforce the rights of my client.

The insurer may be held liable to the insured for negligently failing to settle this claim where it has an opportunity to do so. See *United States Fidelity & Guaranty company v. Evans*, 116 Ga.App. 93, 95 (1967); *Davis v. Cincinnati Insurance Company*, 160 Ga. App. 813 (1982); *Smoot v. State Farm Mutual Automobile Insurance Company*, 229 F.2d 525 (5th Cir. 1962) and 381 F.2d 331 (5th Cir. 1967); and lastly, *Southern General v. Holt*, 267 Ga. 267 (1992).

The offer to settle contained herein is made pursuant to *Southern General v. Holt*, 267 Ga. 267 (1992) and shall be automatically revoked at the end of forty (40) days from your receipt of this letter.

Please do not hesitate to contact me should you have any additional questions or concerns. I look forward to working with you to reach a successful resolution to this matter for all parties involved.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully,

*/s/ Jeffrey James, Esq*

Jeffrey James, Esq.
Massey Law
Email: jjames@masseylegal.com
Phone/Fax: 762-255-1721