*John Terry Drury v. The Kroger Co., and John Does 1-3*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  23-A-1728*

*John Terry Drury v. The Kroger Co., and John Does 1-3*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT B:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS
## FILED IN THE STATE COURT OF COBB
## COUNTY, STATE OF GEORGIA



**null / ALL**
**Transmittal Number: 26873158**
**Date Processed: 05/05/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Ste 1000<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Company |
| **Title of Action:** | John Terry Drury vs. The Kroger Co. |
| **Matter Name/ID:** | John Terry Drury vs. The Kroger Co. (14024665) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cobb County State Court, GA |
| **Case/Reference No:** | 23-A-1728 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/03/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Massey Law Group<br>762-255-1721 |

**Notes:**     This document was served on CSC as shown.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __23-A-1728__ | Superior Court ☐   Magistrate Court ☐ |
| | State Court ☒   Probate Court ☐ |
| | Juvenile Court ☐ |
| Date Filed _____ | |

**SERVE**

Georgia, __COBB__ COUNTY

Attorney's Address   Massey, James
Massey Law Group (of counsel Alexander Shunnarah)
1374 S. Milledge Ave.
Athens, GEORGIA 30605-

Drury, John T
_____
_____   Plaintiff

VS.

The Kroger Company ; Doe, John
_____

Name and Address of Party to be Served.

The Kroger Company
_____   Defendant

192 Anderson Street S.E., Suite 125

Marietta, GEORGIA 30060
_____   Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant *The Kroger Company* a corporation by leaving a copy of the within action and summons with *Terri Thompson* in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____not to be found in the jurisdiction of this court.

This _3_ day of _May_ , 20 _23_

_Lucas Dykstra_
Deputy
*15049*

DEFENDANT COPY

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-JMYLAHWS-YBK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1728**

APR 26, 2023 10:23 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-1728

$248.00 COST PAID

Drury, John T

**PLAINTIFF**

**VS.**

The Kroger Company
Doe, John

**DEFENDANTS**

## SUMMONS

TO: THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Massey**
> **Massey Law Group (of counsel Alexander Shunnarah)**
> **1374 S. Milledge Ave.**
> **Athens, Georgia 30605**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of April, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

ID# E-JMYLAHWS-YNZ
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1728

APR 26, 2023 10:23 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN TERRY DRURY,

                                Plaintiff,

vs.

THE KROGER CO. and JOHN DOES 1-3,

                              Defendants.

CIVIL ACTION FILE
NO. _____ .

## COMPLAINT FOR PERSONAL INJURY

**COMES NOW**, John Terry Drury, hereinafter referred to as "Plaintiff", in the above styled action, by and through undersigned counsel, and files this Complaint against Defendant The Kroger Co. and Defendants John Does 1-3, showing the Court and Jury as follows:

### PARTIES AND JURISDICTION

#### (1)

Defendant The Kroger Co., hereinafter referred to as "Defendant Kroger", is a foreign corporation authorized to transact business in Georgia. Kroger may be served with summons and process upon its registered agent, CSC of Cobb County, Inc., located at 192 Anderson Street S.E., Suite 125, Marietta, Georgia 30060. Jurisdiction and venue are proper in this Court as to Defendant Kroger.

#### (2)

Defendant John Doe 1 is the manager employed by Defendant Kroger, who is responsible for maintenance and upkeep of the Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606. The identity of Defendant John Doe is unknown to

Plaintiff at this present time. Plaintiff will amend his pleadings upon learning the identify of Defendant John Doe in the course of discovery.

(3)

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the November 14, 2022 incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at191 Alps Road, Athens, Georgia 30606, where the November 14, 2022 incident occurred, Plaintiff hereby names Defendant JOHN DOES 2-3.

(4)

Upon information and belief, Defendants Kroger and John Does owned and/or operated Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606 on November 14, 2022.

**FACTS**

(5)

On November 14, 2022, Plaintiff entered the Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606, hereinafter referred to as "Kroger Store" as an invitee to shop for groceries.

(6)

While shopping for groceries on this date, Plaintiff was traversing near the freezer section of the back left portion of the Kroger Store, when he suddenly and unexpectedly slipped and fell on a foreign substance located on the Kroger Store tile floor.

(7)

Upon slipping on the foreign substance, Plaintiff fell backwards, landing on the sharp corner of a steel metal bumper rail located around a refrigerated section.

(8)

Upon landing on the sharp corner of the aforementioned bumper rail, Plaintiff sustained injuries including a fractured rib, abrasions, bruises, and injuries to the left side of his body.

(9)

There were no cones, markers, or warning signs alerting store patrons of the hazardous condition then existing on the floor.

(10)

The bumper rail in which Plaintiff landed upon was not protected by any protective coverings, padding, or safety precautions.

(11)

While waiting for emergency medical personnel to arrive, Plaintiff discovered he had slipped on a liquid, milky-like substance.

## COUNT ONE – NEGLIGENCE

(12)

Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

(13)

At all times relevant, Defendants owed Plaintiff a duty to exercise ordinary care in keeping the premises and approaches of the Kroger Store safe for invitees.

(14)

On November 14, 2022, Defendants breached their duty of ordinary care. Defendants' negligent acts and/or omissions include:

    (a)    failing to exercise ordinary care in keeping the premises and approaches safe;

    (b)    failing to develop and/or follow adequate policies and procedures to inspect the premises of the Kroger Store for hazardous conditions;

    (c)    failing to remove hazardous conditions or properly warn invitees of the hazardous conditions despite having superior actual or constructive knowledge of the hazardous condition;

(d)    failing to exercise good judgment regarding the implementation of measures to keep patrons safe.

(15)

At all times relevant, Plaintiff was exercising ordinary care for his own safety.

(16)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered injuries and damages.

(17)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff incurred special damages for medical expenses. Specifically, Plaintiff has incurred medical expenses totaling approximately $11,483.70.

(18)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered general damages for pain, suffering, mental anguish, and loss of enjoyment of life in an amount to be determined by the enlightened consciousness of the jury.

(19)

Defendants have acted in bad faith, been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense, and as such, Plaintiff is entitled to recover attorney fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE,** Plaintiff prays that this Court award the following relief against Defendants:

(A)    That service and process be issued as provided by law;

(B)    That Plaintiff be granted a trial by jury as to all issues;

(B)    That reasonable damages be granted to Plaintiff and against Defendants for past, present and future general and special damages;

(C)    That Plaintiff recover all attorney's fees, expenses, and costs of this action; and

(D)    That Plaintiff shall have such further relief as this Court deems just and proper.


Respectfully submitted this 24th day of April, 2023.


/s/ Jeffrey James, Esq.
**Jeffrey James, Esq.**
Georgia Bar No. 860891
*Attorney for Plaintiff*


Massey Law Group
1374 S. Milledge Avenue
Athens, GA  30605
Phone & Fax: 762-255-1721

ID# EJMYLAHWS-NMQ
E-FILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1728**

APR 26, 2023 10:23 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

JOHN TERRY DRURY,

      Plaintiff,

v.

THE KROGER CO. and JOHN DOES 1-3,

      Defendants.

CIVIL ACTION FILE NO.:

_____

***SERVED WITH COMPLAINT***

### RULE 5.2 CERTIFICATE OF SERVICE

In accordance with Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery is to be served contemporaneously with the Complaint and Summons upon Defendant:

1. Plaintiff's First Request for Admissions to Defendant The Kroger Company;
2. Plainitiff's First Continuing Interrogatories to Defendant The Kroger Company; and
3. Plaintiff's First Request for Production of Documents to Defendant The Kroger Company.

This 24th day of April, 2023.

Respectfully,

*/s/ Jeffrey James, Esq.*
**JEFFREY G. JAMES**
Georgia Bar No. 860891
*Attorney for Plaintiff*

Massey Law Group
1374 S. Milledge Avenue
Athens, GA 30605
Phone & Fax: 762-255-1721
jjames@masseylegal.com

1

ID#E-JMYLAHWS-SRK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1728

APR 26, 2023 10:23 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN TERRY DRURY,

|                                        |                        |
|----------------------------------------|------------------------|
|                           Plaintiff,   | CIVIL ACTION FILE      |
|                                        | NO. _____    |
| vs.                                    |                        |
| THE KROGER CO. and JOHN DOES 1-3,      |                        |
|                          Defendants.   |                        |

### PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, J. Ross Massey, Esq. and Jeffrey G. James, Esq., Massey Law Group, LLC, 1374 S. Milledge Avenue, Athens, GA 30605, (706) 204-2010 within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonally to amend a prior response if you obtain information upon the basis of which you know that the response was

incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. **INSTRUCTIONS**

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

Page **2** of **15**

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document;

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## III. <u>DEFINITIONS</u>

When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.  If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable,

.or if not, the best available approximation (including relationship to other events).

      7.     As used herein, "identify" or "specify," when used in reference to:

      (a)     a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

      (b)     in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

      (c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

      8.     <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

      9.     When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

Page **5** of 15

## III. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Cobb County has jurisdiction over the subject matter of this case.

5.

The State Court of Cobb County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Cobb County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On November 14, 2022, Defendant owned the premises of Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606, hereinafter referred to as "Subject Property".

10.

On November 14, 2022, Defendant operated the Subject Property.

11.

On November 14, 2022, Defendant managed the Subject Property.

12.

On November 14, 2022, Defendant was responsible for inspecting and/or maintaining the condition of the Subject Property.

13.

Admit that Defendant hired no other company, person or business to assist with the training of its employees located at the Subject Property.

14.

Admit that on November 14, 2022, Plaintiff was an invitee at the Subject Property.

15.

Admit that Plaintiff slipped on a foreign substance on the floor of the Subject Property.

16.

Admit that Plaintiff fell on a sharp corner of a steel metal bumper rail located around a refrigerated section of the Subject Property.

17.

On November 14, 2022, Defendant had a duty to ensure the Property was safe from hazards for its residents and invitees.

18.

On November 14, 2022, Defendant(s) breached its duty to Plaintiff to ensure the Subject Property was safe from hazards for its customers and invitees.

Page **7** of **15**

19.

On November 22, 2022, guests of the Property, including but not limited to the Plaintiff, were not given any warning that a hazardous condition existed.

20.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

## IV. **INTERROGATORIES**

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any answers, or assisted in providing any answers, to Plaintiff's First Interrogatories to Defendant.

2.

Identify the Manager working at the Subject Property on or about November 14, 2022 at the time of the incident which is the subject matter of this Complaint.

3.

Identify the Assistant Manager working at the Subject Property on or about November 14, 2022 at the time of the incident which is the subject matter of this Complaint.

4.

Identify all other employees working at the time of the incident, specifically identifying those working near where the Plaintiff slipped who could have observed Plaintiff's fall which is the subject matter of the litigation, at the Subject Property on or about November 14, 2022.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the floors at the Subject Property on or about May 10, 2022.

6.

Identify the individual(s) or entity(ies) responsible for maintaining the bumper rails guarding the refrigerators at the Subject Property on or about November 14, 2022.

7.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)   Was an eyewitness to the incident complained of in this action;
(b)   Has some knowledge of any fact or circumstance upon which your defense is based;
(c)   Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals Defendant knows possess or purport to possess the most knowledge regarding Plaintiff's claim.

10.

Identify all persons Defendant expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant contends the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant believes to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and Plaintiff's injury.

13.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the floors, specifically at the Subject Property, on November 11, 2022.

14.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the aforementioned bumper rails, specifically at the Subject Property, on November 11, 2022.

15.

Identify any changes in procedures, policies, practices, rules or regulations that were implemented or made at either the Property as a result of the November 14, 2022 incident which caused Plaintiff's injuries.

16.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant may rely to satisfy part or all of any judgment which may be entered against Defendant or which may be used to indemnify or

reimburse Defendant for any payment(s) to satisfy any such judgment(s).

17.

Identify all security cameras located at the Subject Property, the location of such cameras, whether such cameras were operative on November 22, 2022, and whether any camera videotaped the incident described in Plaintiff's Complaint.

18.

Does Defendant contend any person or entity other than Defendant or its employees is, or may be, liable in whole or in part for the claims asserted against Defendant in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which said contention is based, and whether Defendant has notified each such person or entity of said contention.

19.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from slippery substances on the floor.

20.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from the sharp metal corners of the unprotected bumpers surrounding the refrigerators.

21.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant's Answer to Plaintiff's Complaint.

22.

State all facts upon which Defendant relied to deny Plaintiff's Complaint.

23.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

24.

Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant's equivalents thereto, with respect to the subject incident.

25.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

(a)     Date of incident;

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

26.

Did Defendant, its agents, representative, employees or anyone acting on Defendant behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant's behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

Page **12** of **15**

27.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to preventing patrons from slipping on substances on the floor which were in effect at the Subject Property on November 14, 2022.

28.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant's answer to Plaintiff's Interrogatory No. 25, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

3.

Please provide originals or color copies of all photographs of the Subject Property where the incident occurred on November 14, 2022.

4.

Please provide copies of any statements obtained from the Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Pursuant to <u>O.C.G.A.</u> § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.


Respectfully submitted this 24th day of April, 2023.


                                                       **MASSEY LAW GROUP, LLC**

                                                       */s/ Jeffrey James, Esq.*_____
1374 S. Milledge Avenue                                JEFFREY G. JAMES
Athens, Georgia 30605                                  State Bar of Georgia #860891
(762) 255-1721                                         J. ROSS MASSEY
jjames@masseylegal.com                                 State Bar of Georgia #788136
rmassey@masseylegal.com                                *Attorneys for Plaintiffs*


Page **14** of **15**

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

DIANNA HOWELL

                               Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SAVANNAH MARRIOTT
RIVERFRONT,

                               Defendant.

CIVIL ACTION FILE

NO.

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant to be personally served on the following parties with the Summons and Complaint:

Columbia Sussex Corporation d/b/a Savannah Marriott Riverfront
c/o Corporation Service Company
As Registered Agent
2 Sun Court
Suite 400
Peachtree Corners, GA 30092

Respectfully submitted this 24th day of April, 2023.

                                           **MASSEY LAW GROUP, LLC**

                                           */s/ Jeffrey James, Esq.*

1374 S. Milledge Avenue                        JEFFREY G. JAMES
Athens, Georgia 30605                       State Bar of Georgia #860891
(762) 255-1721                              J. ROSS MASSEY
jjames@masseylegal.com                   State Bar of Georgia #788136
rmassey@masseylegal.com                 *Attorneys for Plaintiffs*

ID#E-MYLAHWS-JDD
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1728**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___Cobb___ County

| For Clerk Use Only | APR 26, 2023 10:23 AM |
|---|---|
| Date Filed __04-26-2023__<br>MM-DD-YYYY | Case Number __23-A-1728__ |

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

### Plaintiff(s)

Drury, John T

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

### Defendant(s)

The Kroger Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Doe, John | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Massey, James    **Bar Number** 788136    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-JMYLAHWS-YBK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1728**

**APR 26, 2023 10:23 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-1728

$248.00 COST PAID

Drury, John T

_____
**PLAINTIFF**

**VS.**

The Kroger Company
Doe, John

_____
**DEFENDANTS**

## SUMMONS

TO: THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Massey**
> **Massey Law Group (of counsel Alexander Shunnarah)**
> **1374 S. Milledge Ave.**
> **Athens, Georgia 30605**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of April, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**ID# E-JMYLAHWS-YNZ**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1728**

**APR 26, 2023 10:23 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN TERRY DRURY,

                                        Plaintiff,

vs.

THE KROGER CO. and JOHN DOES 1-3,

                               Defendants.

CIVIL ACTION FILE
NO. _____

## COMPLAINT FOR PERSONAL INJURY

    **COMES NOW**, John Terry Drury, hereinafter referred to as "Plaintiff", in the above styled action, by and through undersigned counsel, and files this Complaint against Defendant The Kroger Co. and Defendants John Does 1-3, showing the Court and Jury as follows:

## PARTIES AND JURISDICTION

(1)

    Defendant The Kroger Co., hereinafter referred to as "Defendant Kroger", is a foreign corporation authorized to transact business in Georgia. Kroger may be served with summons and process upon its registered agent, CSC of Cobb County, Inc., located at 192 Anderson Street S.E., Suite 125, Marietta, Georgia 30060. Jurisdiction and venue are proper in this Court as to Defendant Kroger.

(2)

    Defendant John Doe 1 is the manager employed by Defendant Kroger, who is responsible for maintenance and upkeep of the Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606. The identity of Defendant John Doe is unknown to



Plaintiff at this present time. Plaintiff will amend his pleadings upon learning the identify of Defendant John Doe in the course of discovery.

(3)

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the November 14, 2022 incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at191 Alps Road, Athens, Georgia 30606, where the November 14, 2022 incident occurred, Plaintiff hereby names Defendant JOHN DOES 2-3.

(4)

Upon information and belief, Defendants Kroger and John Does owned and/or operated Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606 on November 14, 2022.

## FACTS

(5)

On November 14, 2022, Plaintiff entered the Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606, hereinafter referred to as "Kroger Store" as an invitee to shop for groceries.

(6)

While shopping for groceries on this date, Plaintiff was traversing near the freezer section of the back left portion of the Kroger Store, when he suddenly and unexpectedly slipped and fell on a foreign substance located on the Kroger Store tile floor.

(7)

Upon slipping on the foreign substance, Plaintiff fell backwards, landing on the sharp corner of a steel metal bumper rail located around a refrigerated section.

(8)

Upon landing on the sharp corner of the aforementioned bumper rail, Plaintiff sustained injuries including a fractured rib, abrasions, bruises, and injuries to the left side of his body.

(9)

There were no cones, markers, or warning signs alerting store patrons of the hazardous condition then existing on the floor.

(10)

The bumper rail in which Plaintiff landed upon was not protected by any protective coverings, padding, or safety precautions.

(11)

While waiting for emergency medical personnel to arrive, Plaintiff discovered he had slipped on a liquid, milky-like substance.

## COUNT ONE – NEGLIGENCE

(12)

Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

(13)

At all times relevant, Defendants owed Plaintiff a duty to exercise ordinary care in keeping the premises and approaches of the Kroger Store safe for invitees.

(14)

On November 14, 2022, Defendants breached their duty of ordinary care. Defendants' negligent acts and/or omissions include:

(a)  failing to exercise ordinary care in keeping the premises and approaches safe;
(b)  failing to develop and/or follow adequate policies and procedures to inspect the premises of the Kroger Store for hazardous conditions;
(c)  failing to remove hazardous conditions or properly warn invitees of the hazardous conditions despite having superior actual or constructive knowledge of the hazardous condition;

(d)     failing to exercise good judgment regarding the implementation of measures to keep patrons safe.

(15)

At all times relevant, Plaintiff was exercising ordinary care for his own safety.

(16)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered injuries and damages.

(17)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff incurred special damages for medical expenses. Specifically, Plaintiff has incurred medical expenses totaling approximately $11,483.70.

(18)

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered general damages for pain, suffering, mental anguish, and loss of enjoyment of life in an amount to be determined by the enlightened consciousness of the jury.

(19)

Defendants have acted in bad faith, been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense, and as such, Plaintiff is entitled to recover attorney fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that this Court award the following relief against Defendants:

    (A)    That service and process be issued as provided by law;

    (B)    That Plaintiff be granted a trial by jury as to all issues;

    (B)    That reasonable damages be granted to Plaintiff and against Defendants for past, present and future general and special damages;

    (C)    That Plaintiff recover all attorney's fees, expenses, and costs of this action; and

    (D)    That Plaintiff shall have such further relief as this Court deems just and proper.

Respectfully submitted this 24th day of April, 2023.

/s/ Jeffrey James, Esq.
**Jeffrey James, Esq.**
Georgia Bar No. 860891
*Attorney for Plaintiff*

Massey Law Group
1374 S. Milledge Avenue
Athens, GA  30605
Phone & Fax: 762-255-1721

ID# E-JMYLAHWS-SRK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1728

APR 26, 2023 10:23 AM

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN TERRY DRURY,

                        Plaintiff,

vs.

THE KROGER CO. and JOHN DOES 1-3,

                        Defendants.

CIVIL ACTION FILE
NO. _____

## PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, J. Ross Massey, Esq. and Jeffrey G. James, Esq., Massey Law Group, LLC, 1374 S. Milledge Avenue, Athens, GA 30605, (706) 204-2010 within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was

Page **1** of **15**



incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. **INSTRUCTIONS**

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)    The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)    The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)    The type of privilege claimed;

(d)    A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

Page **2** of 15

(e)    The number of each specific document request to which the withheld document is responsive; and

(f)    If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)    Identify and describe such document by date, title, and type of document;

(b)    State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)    State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)    Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

### III. **DEFINITIONS**

When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable,

or if not, the best available approximation (including relationship to other events).

      7.      As used herein, "identify" or "specify," when used in reference to:

      (a)      a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

      (b)      in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

      (c)      in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

      8.      <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

      9.      When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

### III. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Cobb County has jurisdiction over the subject matter of this case.

5.

The State Court of Cobb County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Cobb County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On November 14, 2022, Defendant owned the premises of Kroger K011 Kroger East/Atlanta retail grocery store located at 191 Alps Road, Athens, Georgia 30606, hereinafter referred to as "Subject Property".

10.

On November 14, 2022, Defendant operated the Subject Property.

11.

On November 14, 2022, Defendant managed the Subject Property.

12.

On November 14, 2022, Defendant was responsible for inspecting and/or maintaining the condition of the Subject Property.

13.

Admit that Defendant hired no other company, person or business to assist with the training of its employees located at the Subject Property.

14.

Admit that on November 14, 2022, Plaintiff was an invitee at the Subject Property.

15.

Admit that Plaintiff slipped on a foreign substance on the floor of the Subject Property.

16.

Admit that Plaintiff fell on a sharp corner of a steel metal bumper rail located around a refrigerated section of the Subject Property.

17.

On November 14, 2022, Defendant had a duty to ensure the Property was safe from hazards for its residents and invitees.

18.

On November 14, 2022, Defendant(s) breached its duty to Plaintiff to ensure the Subject Property was safe from hazards for its customers and invitees.

Page **7** of **15**

19.

On November 22, 2022, guests of the Property, including but not limited to the Plaintiff, were not given any warning that a hazardous condition existed.

20.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

## IV. <u>INTERROGATORIES</u>

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any answers, or assisted in providing any answers, to Plaintiff's First Interrogatories to Defendant.

2.

Identify the Manager working at the Subject Property on or about November 14, 2022 at the time of the incident which is the subject matter of this Complaint.

3.

Identify the Assistant Manager working at the Subject Property on or about November 14, 2022 at the time of the incident which is the subject matter of this Complaint.

4.

Identify all other employees working at the time of the incident, specifically identifying those working near where the Plaintiff slipped who could have observed Plaintiff's fall which is the subject matter of the litigation, at the Subject Property on or about November 14, 2022.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the floors at the Subject Property on or about May 10, 2022.

Page **8** of **15**

6.

Identify the individual(s) or entity(ies) responsible for maintaining the bumper rails guarding the refrigerators at the Subject Property on or about November 14, 2022.

7.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

     (a)    Was an eyewitness to the incident complained of in this action;
     (b)    Has some knowledge of any fact or circumstance upon which your defense is based;
     (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals Defendant knows possess or purport to possess the most knowledge regarding Plaintiff's claim.

10.

Identify all persons Defendant expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant contends the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant believes to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and Plaintiff's injury.

13.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the floors, specifically at the Subject Property, on November 11, 2022.

14.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the aforementioned bumper rails, specifically at the Subject Property, on November 11, 2022.

15.

Identify any changes in procedures, policies, practices, rules or regulations that were implemented or made at either the Property as a result of the November 14, 2022 incident which caused Plaintiff's injuries.

16.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant may rely to satisfy part or all of any judgment which may be entered against Defendant or which may be used to indemnify or

reimburse Defendant for any payment(s) to satisfy any such judgment(s).

17.

Identify all security cameras located at the Subject Property, the location of such cameras, whether such cameras were operative on November 22, 2022, and whether any camera videotaped the incident described in Plaintiff's Complaint.

18.

Does Defendant contend any person or entity other than Defendant or its employees is, or may be, liable in whole or in part for the claims asserted against Defendant in this lawsuit?  If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which said contention is based, and whether Defendant has notified each such person or entity of said contention.

19.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from slippery substances on the floor.

20.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from the sharp metal corners of the unprotected bumpers surrounding the refrigerators.

21.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant's Answer to Plaintiff's Complaint.

22.

State all facts upon which Defendant relied to deny Plaintiff's Complaint.

23.

Do you contend that the plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

24.

Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant's equivalents thereto, with respect to the subject incident.

25.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

(a)     Date of incident;

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

26.

Did Defendant, its agents, representative, employees or anyone acting on Defendant behalf conduct an investigation of the subject incident?  If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant's behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

Page **12** of **15**

27.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to preventing patrons from slipping on substances on the floor which were in effect at the Subject Property on November 14, 2022.

28.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant's answer to Plaintiff's Interrogatory No. 25, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

3.

Please provide originals or color copies of all photographs of the Subject Property where the incident occurred on November 14, 2022.

4.

Please provide copies of any statements obtained from the Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.


Respectfully submitted this 24th day of April, 2023.


                                                    MASSEY LAW GROUP, LLC

                                                    /s/ Jeffrey James, Esq._____
1374 S. Milledge Avenue                             JEFFREY G. JAMES
Athens, Georgia 30605                               State Bar of Georgia #860891
(762) 255-1721                                      J. ROSS MASSEY
jjames@masseylegal.com                              State Bar of Georgia #788136
rmassey@masseylegal.com                             Attorneys for Plaintiffs


Page **14** of **15**

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

DIANNA HOWELL

Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SAVANNAH MARRIOTT
RIVERFRONT,

Defendant.

CIVIL ACTION FILE

NO.

## RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant to be personally served on the following parties with the Summons and Complaint:

Columbia Sussex Corporation d/b/a Savannah Marriott Riverfront
c/o Corporation Service Company
As Registered Agent
2 Sun Court
Suite 400
Peachtree Corners, GA 30092

Respectfully submitted this 24ᵗʰ day of April, 2023.

**MASSEY LAW GROUP, LLC**

1374 S. Milledge Avenue
Athens, Georgia 30605
(762) 255-1721
jjames@masseylegal.com
rmassey@masseylegal.com

*/s/ Jeffrey James, Esq.*
JEFFREY G. JAMES
State Bar of Georgia #860891
J. ROSS MASSEY
State Bar of Georgia #788136
*Attorneys for Plaintiffs*