IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TICKR, INC., a Delaware Corporation,<br><br>Defendant. | CIVIL ACTION FILE NO: |

## **PLAINTIFF'S COMPLAINT FOR DAMAGES**

Republic National Distributing Company, LLC ("RNDC") sues Tickr, Inc. ("Tickr"), and states as follows:

## **THE PARTIES, JURISDICTION, AND VENUE**

1. RNDC is a Delaware limited liability company, registered to do business in the State of Georgia and has its principal place of business at One National Drive SW, Atlanta, Georgia 30336. The members of RNDC are citizens of Georgia and Texas.

2. Tickr is a Delaware corporation with its principal place of business at 2 Embarcadero Center, 8th Floor, San Francisco, California 94111. Tickr may be

served with process through its registered agent, National Registered Agents, Inc., located at 1209 Orange Street, Wilmington, Delaware 19801.

3. Tickr is subject to the personal jurisdiction of this Court under Georgia's Long Arm Statute, O.C.G.A. § 9-1-10-91, because it transacted business in this state, and it consented to the jurisdiction of this Court in a binding contractual provision in a software as a service agreement, *see* infra.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the claims set forth below arose in this District, and because RNDC and Tickr expressly agreed this District is the exclusive venue to adjudicate the dispute giving rise to RNDC's claims.

## STATEMENT OF FACTS

6. RNDC is national wholesale beverage alcohol distributor.

7. Tickr is a technology company offering Software as a Service ("SaaS") products.

8. In February 2021, RNDC and Tickr entered into a Software As A Service Agreement and an accompanying Statement of Work (collectively, the

"Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A"**.[1] The effective date of the Agreement was February 1, 2021.

9. On or about January 24, 2022, RNDC and Tickr entered into Amendment No. 1 to the Statement of Work (the "Amendment"), a true and correct copy of which is attached hereto as **Exhibit "B"**. The Amendment includes the following termination provision:

> **Termination for Convenience**:  Beginning on the first anniversary of the Effective Date, RNDC may terminate this Agreement for any reason or no reason upon at least sixty (60) days' written notice to Tickr (which may be delivered prior to such anniversary) and upon payment to Tickr of the applicable Termination for Convenience Fee.
>
> "Termination for Convenience Fee" shall mean $1,000,000 for terminations in months 13-24 following the Effective Date (including the first anniversary of the Effective Date), and $500,000 for terminations in months 25-36 following the Effective Date (including the second anniversary of the Effective Date).

Ex. B at p. 4.

10. On January 1, 2023, Tickr submitted Invoice # 1340 in the amount of $1,950,000.00 to RNDC prospectively covering services from February 1, 2023

---

[1] Out of an abundance of caution, RNDC has redacted the Exhibits to protect the confidential and proprietary contents of the Agreement.

through January 31, 2024. A true and correct copy of Invoice # 1340 is attached hereto as **Exhibit "C"**.

11. RNDC promptly paid the full invoiced amount of $1,950,000.00 to Tickr on January 16, 2023.

12. On January 30, 2023, RNDC's Vice President of Indirect Procurement & Vendor Management, Brian Kernan, sent Tickr formal written notice of RNDC's election to terminate the Agreement, effective March 31, 2023. A true and correct copy of the notice of cancellation is attached hereto as **Exhibit "D"**.

13. Since RNDC had already paid Tickr the $1,950,000.00 covering 12 months of service (February 2023 through January 2024) but terminated the Agreement effective March 31, 2023, the funds held by Tickr more than satisfied the corresponding $500,000 termination for convenience fee due under the Agreement as well as the two months of prorated service due Tickr for February and March 2023.

14. On February 1, 2023, Tyler Peppel, Tickr's founder and CEO, confirmed receipt of RNDC's official notice of cancellation. A true and correct copy of the confirmation of receipt is attached hereto as **Exhibit "E"**.

15. Moreover, Tickr was well aware of RNDC's intent to exercise its right to terminate the Agreement for convenience, as evidenced by communications

between Tyler Peppel and David Jara in early January 2023, a true and correct copy of which is attached hereto as **Exhibit "F"**.

16.     Tickr even promised to deliver a termination analysis the week of January 16, 2023, however, Tickr never provided RNDC with any termination analysis.  *See* **Ex. F**.

17.     Section 13.4 of the Agreement provides:

> In the event of **any** termination of this Agreement, RNDC shall pay to Vendor all undisputed Fees and reimbursable expenses for Services properly provided prior to the date of the notice of termination. **Vendor shall refund any pre-paid amounts for Services not yet delivered promptly to RNDC following the effective date of termination**.

Ex. A at § 13.4 (emphasis added).

18.     Importantly, the parties expressly agreed that the provisions of § 13.4 of the Agreement "shall survive termination or expiration of [the] Agreement for any reason.  *Id*. at § 13.7.

19.     To date, despite its contractual obligation to do so, Tickr has refused to return and has wrongfully retained funds that RNDC pre-paid for Year 3 of the Agreement in violation of the binding terms of the Agreement, and despite multiple requests by RNDC to do so. Tickr failed to even respond to RNDC's multiple requests for a refund.

20. On March 31, 2023 and April 12, 2023, RNDC sent emails to Tyler Peppel and Marco Burgio at Tickr requesting "a refund of the amount due to contract termination notice." No response was received from Mr. Peppel or Mr. Burgio, or anyone else at Tickr.

21. On April 24, 2023 and May 12, 2023, RNDC called and left messages for Marco Burgio (April 24, 2023) and Tyler Peppel (May 12, 2023) asking that the calls be returned so the parties could resolve the outstanding issues regarding the overpayment. Neither Mr. Burgio nor Mr. Peppel, nor anyone else at Tickr responded to those telephone calls.

22. Tickr owes RNDC $1,125,000[2] and has failed and refused to pay RNDC despite repeated requests:

| Prepaid 12-month service fee by RNDC | $1,950,000 |
|---|---|
| Less prorated service fees (2 months) | ($325,000) |
| Less termination fee | ($500,000) |
| Total due to RNDC | $1,125,000 |

---

[2] Tickr claims there is a March 2023 time and materials invoice of $50,160 that is currently due. Counsel for RNDC requested a copy of that invoice prior to the filing of this complaint but did not receive it.

23. RNDC has suffered and will continue to suffer monetary damages as a result of Tickr's breach of contract.

24. RNDC has retained the law firm of Holland & Knight LLP to represent its interests in this matter and is obligated to pay the firm's reasonable attorneys' fees.

25. All conditions precedent to this action have been satisfied, waived, or excused.

## COUNT I:
### Breach of Contract

26. RNDC incorporates herein by reference, as though fully set forth, the above-stated allegations of Paragraphs 1 through 25.

27. RNDC contracted with Tickr to provide software implementation and subscription services.

28. RNDC and Tickr mutually assented to the terms of the Agreement, the attachments incorporated there in, and the subsequent Amendment thereto.

29. Pursuant to the Agreement and Amendment, RNDC could terminate its agreement with Tickr for convenience by providing Tickr with sixty (60) days' written notice and payment of $500,000 termination for convenience fee.

30. RNDC fulfilled all of its obligations under the Agreement and Amendment with Tickr.

31. Tickr breached the Agreement and Amendment by refusing to promptly refund the amounts pre-paid by RNDC for services not delivered before the effective date of RNDC's termination of the Agreement.

32. RNDC has suffered and will continue to suffer monetary damages as a result of Tickr's breach of contract.

33. RNDC is entitled to damages as a result of Tickr's breach of contract, including, but not limited to, at least $1,125,000.00 plus legal interest, which represents the amount Tickr has wrongfully withheld from RNDC in violation of the Agreement, or in such other amount as RNDC may prove at trial.

## COUNT II:
### Unjust Enrichment

34. RNDC incorporates herein by reference, as though fully set forth, the above-stated allegations of Paragraphs 1 through 25.

35. RNDC hereby sets forth, in the alternative, a claim for unjust enrichment.

36. RNDC conferred a benefit on Tickr by pre-paying Tickr for services RNDC never received.

37. Tickr knew the value being bestowed upon it by RNDC and failed to stop the act or reject the benefit.

38. RNDC did not bestow any of the money it paid to Tickr upon Tickr as a voluntary payment or gratuitously.

39. Tickr has been unjustly enriched, and, unless Tickr returns the money to RNDC, Tickr will remain unjustly enriched.

40. RNDC, in the alternative to entitlement under Count I of this Complaint, is entitled to at least $1,125,000.00 plus legal interest for the unjust enrichment of Tickr, which represents the amount to which Tickr has been unjustly enriched, or in such other amount as RNDC may prove at trial.

## COUNT III:
**Costs and Expenses, Including Attorneys' Fees (O.C.G.A. § 13-6-11)**

41. RNDC incorporates herein by reference, as though fully set forth, the above-stated allegations of Paragraphs 1 through 40.

42. In carrying out the aforementioned activities, Tickr acted in bad faith, was stubbornly litigious and/or caused RNDC unnecessary trouble and expense.

43. Pursuant to O.C.G.A. § 13-6-11, RNDC is entitled to recover its costs and expenses, including reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Republic National Distributing Company, LLC respectfully prays for the following relief:

a) Judgment against Tickr, Inc. for breach of contract in an amount of at least $1,125,000.00, or in such other amount to be proven at trial;

b) Judgment against Tickr, Inc. for unjust enrichment in an amount of at least $1,125,000.00, in in such other amount to be proven at trial; and

c) Judgment against Tickr, Inc. for reasonable attorneys' fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11; and

d) Such other relief as this Court deems just and equitable under the circumstances.

Respectfully submitted this 2nd day of June, 2023.

                                          **HOLLAND & KNIGHT LLP**

                                          */s/ Talis C. Trevino*
                                          Talis C. Trevino
                                          Georgia Bar No. 181896
                                          1180 West Peachtree Street, NW
                                          Suite 1800
                                          Atlanta, GA  30309
                                          Telephone   (404) 817-8502
                                          Facsimile    (404) 881-0470
                                          E-Mail         talis.trevino@hklaw.com

                                          Judith M. Mercier

(*pro hac vice* forthcoming)
Florida Bar No. 32727
Daniel J. Kavanaugh
(*pro hac vice* forthcoming)
Florida Bar No. 123580
200 South Orange Avenue
Suite 2600
Orlando, FL 32801
Telephone:  (407) 425-8500
Facsimile:   (407) 244-5288
E-Mail: judy.mercier@hklaw.com
E-Mail: daniel.kavanaugh@hklaw.com

*Counsel for Plaintiff Republic National Distributing Company, LLC*

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, in compliance with Local Rule 5.1.

This 2nd day of June, 2023.

*/s/ Talis C. Trevino*
Talis C. Trevino