IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: <u>23-C-03058-S1</u> |

## NOTICE OF REMOVAL

COME NOW Defendants DKS TRANSPORT, INC., ("DKS"), BROOKS FURNITURE XPRESS, INC., ("Brooks"), DAVID HAROLD SOOTS ("Soots") and SENTRY SELECT INSURANCE COMPANY ("Sentry") (hereinafter "Defendants"), by and through the undersigned counsel, and without waiving any

M1046480.1 15392

defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c), hereby files this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiffs LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor, ("Plaintiffs") filed this action arising from a motor vehicle accident which occurred on May 14, 2021, in the State Court of Gwinnett County, Georgia, Civil Action File No. 223-C-03058-S1 against Defendants. A copy of all pleadings and process served upon Defendant is attached hereto as Exhibit "A".

**Complete Diversity Jurisdiction Exists**

2.

Plaintiffs are citizens of Georgia. <u>See</u>, Exhibit "A", Complaint ¶ 1.

3.

At the time of the filing of the Complaint and to-date, Defendant David Soots is a citizen and resident of the State of North Carolina and domiciled at 4397 33rd Street Lane NE, Hickory, North Carolina 28601. Defendant consents to this Notice of Removal.

4.

Defendant Brooks Furniture Xpress, Inc. is a corporation organized under the laws of the State of North Carolina, with its principal place of business located at 1459 Robinwood Road, Newton, North Carolina 28658. See, Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business.") Accordingly, Brooks Furniture Xpress, Inc. is a citizen of North Carolina for purposes of diversity jurisdiction. Brooks consents to this Notice of Removal.

5.

Defendant DKS Transport, Inc, is a corporation organized under the laws of the State of North Carolina with its principal place of business located at 4397 33rd Street Lane NE, Hickory, North Carolina 28601. See, Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business.") Accordingly, DKS Transport, Inc. is a citizen of North Carolina for purposes of diversity jurisdiction. DKS consents to this Notice of Removal.

6.

Defendant Sentry Select Insurance Company is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin 54481. See, Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business.") Accordingly, Sentry Select Insurance Company is a citizen of Wisconsin for purposes of determining diversity jurisdiction. Sentry consents to this Notice of Removal.

7.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c); See also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (defining a corporation's principal place of business as the "place where a corporation's officers direct, control, and coordinate the corporation's activities"). As such, none of the Defendants are citizens of the State of Georgia.

8.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

## The Amount in Controversy Exceeds $75,000.00

9.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs. In her Complaint, Plaintiff asserts general, special and punitive damages. See, Complaint, included in Exhibit "A". On May 12, 2023, Plaintiff sent to Defendants a policy-limits demand for $1,000,000.00. A copy of the demand sent during the pendency of this action is attached hereto as Exhibit "B". The policy-limits demand also provides that to the extent insurance coverage in excess above $1,000,000 is applicable to the claim, Plaintiff demands that amount. (The demand is not submitted for use in evidence, but only to establish that the amount in controversy exceeds $75,000). Thus, the demand and wrongful death claims in this action makes clear the amount in controversy exceeds $75,000.

## Removal is Timely and Proper

10.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of the first Defendant (Sentry) being served. See, Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Sentry of a copy

of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

11.

Moreover, removal is proper because all Defendants consent to removal. <u>See</u>, <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 Fed.Appx. 808, 810 (11th Cir. 2012) ("Removal by the last-served defendant is proper if all defendants consent to removal, even if the last-served defendant timely removes the case after the expiration of the previously served defendant's thirty-day window to remove.")

**<u>Venue is Proper in the Northern District</u>**

12.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

13.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Gwinnett County. *See* 28 U.S.C. § 90(a)(2).

## **The Unanimity Requirement is Met Here**

14.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

## **Removal is Proper**

15.

No previous application for the relief sought herein has been made to this or any other Court.

16.

Good and sufficient defenses to Plaintiffs' claims exist.

17.

Within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

18.

Defendants has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Gwinnett County.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "C".

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 2nd day of June, 2023.

                MCMICKLE, KUREY & BRANCH, LLP

                */s/ Paschal Glavinos*
                SCOTT W. MCMICKLE
                Georgia Bar No. 497779
                PASCHAL GLAVINOS
                Georgia Bar No. 817127
217 Roswell Road, Suite 200    ***Attorneys for Defendants***
Alpharetta, Georgia  30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
swm@mkblawfirm.com
pglavinos@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.C. This pleading has been prepared in Times New Roman, 14-point font.

This 2nd day of June, 2023.

                                          */s/ Paschal Glavinos*
                                          Paschal Glavinos
                                          For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Parker Green
MORGAN & MORGAN ATLANTA, PLLC
178 S. Main St., Suite #300
Alpharetta, GA 30009
pgreen@forthepeople.com
*Attorneys for Plaintiffs*

This 2nd June 2023.

            */s/ Paschal Glavinos*
            PASCHAL GLAVINOS
            For the Firm