# EXHIBIT "A"

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

5/4/2023 5:28 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett State Court **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-03058-S1 |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Harding, Lena | | | | | DKS Transport, Inc. | | | | |
| **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | | **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | |
| Rodriguez, Desiree | | | | | Carter, Chaz | | | | |
| **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | | **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | |
| | | | | | Brooks Furniture Xpress, Inc. | | | | |
| **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | | **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | |
| | | | | | Sentry Select Insurance Company | | | | |
| **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | | **Last** **First** **Middle I.** **Suffix** **Prefix** | | | | |

**Plaintiff's Attorney** Parker Green     **State Bar Number** 130593     **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/4/2023 5:28 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, as Mother and Next Friend of
MYA LAEL RODRIGUEZ-CARTER, a
Minor,

        *Plaintiffs,*

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

        *Defendants.*

CIVIL ACTION FILE
NO.: _____ 23-C-03058-S1 _____

***JURY TRIAL DEMANDED***

### COMPLAINT

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Chaz

Carter, Deceased, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-

Carter, a Minor, make and file this Complaint against DKS Transport, Inc., Brooks Furniture

Xpress, Inc., Sentry Select Insurance Company, and David Harold Soots (referred to collectively

as "Defendants"), as follows:

### PARTIES & JURISDICTION

### 1.

Plaintiff Lena Harding is the Proposed Administrator of the Estate of Chaz Carter,

Deceased (hereinafter referred to individually as "Decedent"), and Parent of Decedent, and she is

a citizen and resident of Georgia.

**2.**

Plaintiff Desiree Rodriguez is the Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor.

**3.**

Plaintiff Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death.  Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

**4.**

Plaintiff Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death.  Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

**5.**

Defendant DKS Transport, Inc. ("DKS") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant DKS may be served by delivering a copy of the Summons and Complaint to its registered agent for service, David H. Soots, at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099, and it is subject to the jurisdiction of this Court.

**6.**

Defendant Brooks Furniture Xpress, Inc. ("Brooks") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant Brooks may be served by delivering a copy of the Summons and Complaint to its registered agent for service, Anthony S. Brooks, at 1459 Robinwood Road, Newton, Catawba County, North Carolina 28658-8322. A courtesy copy of the Summons and Complaint may be served to its BOC-3 agent, Dawn Richardson, at The Financial Integrity Group, at 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223, and it is subject to the jurisdiction of this Court.

**7.**

Defendant Sentry Select Insurance Company ("Sentry Insurance") is a foreign insurance company existing under the laws of the State of Wisconsin with a principal place of business located in Wisconsin. Defendant Sentry Insurance may be served by delivering a copy of the Summons and Complaint to its registered agent, C T Corporation System, at 289 S Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805, and it is is subject to the jurisdiction of this Court.

**8.**

Defendant David Harold Soots ("Soots") is a citizen and resident of the State of North Carolina and may be served with a copy of the Summons and Complaint at his home address located at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099.

**9.**

This lawsuit arises out of a motor vehicle crash that occurred on May 14, 2021, at the intersection of Peachtree Industrial Blvd NW and Peachtree Corners East within Gwinnett County,

Georgia (hereinafter referred to as the "subject-crash").

**10.**

As Defendant Soots is a non-resident motorist and the subject-crash occurred in Gwinnett County, Georgia, jurisdiction and venue are proper under O.C.G.A. § 40-12-3.

**11.**

Jurisdiction and venue are proper in this Court.

**12.**

Defendant Soots has been properly served with process in this action.

**13.**

Defendant DKS has been properly served with process in this action.

**14.**

Defendant Brooks has been properly served with process in this action.

## **FACTUAL BACKGROUND**

**15.**

On May 14, 2021, at approximately 8:26 a.m., Decedent, was travelling northbound on Peachtree Industrial Blvd. ("S.R. 141") towards the intersection with Peachtree Corners East.

**16.**

At the same time, Defendant Soots was operating a tractor-trailer traveling southbound on S.R. 141.

**17.**

As Decedent traveled northbound on S.R. 141, Defendant Soots failed to yield the right-of-way and attempted to make a left-turn onto Peachtree Corners eastbound in front of Decedent's approaching vehicle, thus colliding with Decedent's vehicle.

**18.**

At all relevant times, Decedent operated his vehicle in a safe and prudent manner and in compliance with applicable traffic laws while traveling on S.R. 141 northbound.

**19.**

Defendant DKS was the owner of the tractor-trailer that Defendant Soots was operating at the time of the subject-crash.

**20.**

Defendant Brooks was operating under the USDOT number and operating authority of Defendant DKS at the time of the subject-crash.

**21.**

Defendant DKS was operating under the USDOT number and operating authority of Defendant Brooks at the time of the subject-crash.

**22.**

Following the subject-crash, Defendant Soots received a citation for failing to yield while turning left pursuant to O.C.G.A. § 40-6-71.

**23.**

Approximately four months following the subject-crash, Defendant Soots was arrested and charged with homicide by vehicle pursuant to O.C.G.A. § 40-6-393.

**24.**

As a result of Defendant Soots' foregoing acts and omissions, Decedent experienced fright, shock, and/or mental suffering immediately prior to the subject-crash in which he subsequently lost his life.

**25.**

As result of the subject-crash, Decedent sustained catastrophic injuries, experienced conscious pain and suffering, and subsequently died as a result of the subject-crash.

## COUNT I — *Negligence of Defendant Soots*

**26.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #25 above as if fully restated.

**27.**

Defendant Soots owed a duty to exercise due care while driving the tractor-trailer; to obey and comply with traffic control devices and signals; to keep a proper lookout; to pay attention and avoid driver distractions at all times; to yield the right-of-way when turning left; to never attempt a left-turn unless the tractor-trailer will clear the intersection without colliding with approaching vehicles; to never attempt a left-turn unless the turn can be completed safely; to not attempt a left-turn if the tractor-trailer would pose an emergency to vehicle approaching the intersection from the opposite direction; to yield the right-of-way when making a left-turn left; to properly control his vehicle; to take proper evasive action if and when necessary; and, to drive and operate his vehicle in a safe and reasonable manner.

**28.**

Defendant Soots breached those duties and, therefore, he was negligent in colliding with Decedent's vehicle.

**29.**

Defendant Soots was negligent *per se*.

**30.**

Decedent did not cause or contribute in any way to the subject-crash.

**31.**

Defendant Soots' negligence was the sole and proximate cause of the subject-crash, and Decedent's resulting injuries, damages, losses, physical pain, and emotional distress, and wrongful death.

### COUNT II — *Imputed Liability of Defendant DKS*

**32.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #31 above as if fully restated.

**33.**

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant DKS.

**34.**

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant DKS's business.

**35.**

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant DKS.

**36.**

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant DKS.

**37.**

Defendant DKS is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

**38.**

Defendant DKS is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

### COUNT III — *Negligent Hiring, Training & Supervision of Defendant DKS*

**39.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #38 above as if fully restated.

**40.**

Defendant DKS was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

**41.**

Defendant DKS was negligent in failing to properly train Defendant Soots.

**42.**

Defendant DKS was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

**43.**

Defendant DKS was negligent in failing to properly supervise Defendant Soots.

**44.**

Defendant DKS' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

## COUNT IV — *Imputed Liability of Defendant Brooks*

**45.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #44 above as if fully restated.

**46.**

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant Brooks.

**47.**

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant Brooks' business.

**48.**

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant Brooks.

**49.**

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant Brooks.

**50.**

Defendant Brooks is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

**51.**

Defendant Brooks is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

### COUNT V — *Negligent Hiring, Training & Supervision of Defendant Brooks*

**52.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #51 above as if fully restated.

**53.**

Defendant Brooks was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

**54.**

Defendant Brooks was negligent in failing to properly train Defendant Soots.

**55.**

Defendant Brooks was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

**56.**

Defendant Brooks was negligent in failing to properly supervise Defendant Soots.

**57.**

Defendant Brooks' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

## COUNT VI — *Direct Action*

### 58.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #57 above as if fully restated.

### 59.

Defendant Sentry Insurance is subject to direct action as the insurer for Defendant Brooks pursuant to O.C.G.A. § 40-2-140.

### 60.

Defendant Sentry Insurance was the insurer of Defendant Brooks and/or Defendant DKS at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for interstate and interstate transportation.

### 61.

Defendants Sentry Insurance, Brooks, and DKS are subject to the filing requirements set forth within O.C.G.A. § 40-2-140 and similar laws.

### 62.

Defendant Sentry Insurance is responsible for any judgment rendered as to and/or against Defendant Brooks and/or Defendant DKS.

## COUNT VII — *Attorneys' Fees & Expenses of Litigation*

### 63.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #62 above as if fully restated.

**64.**

Defendants, individually and by and through their representatives, have been stubbornly litigious and caused Plaintiffs unnecessary trouble and expense.

**65.**

Defendants are liable to Plaintiffs for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**COUNT VIII — *Damages***

**66.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #65 above as if fully restated.

**67.**

The injuries, conscious pain and suffering, and subsequent death of Decedent were the direct and proximate result of the negligence of Defendants and, but for said negligence, Decedent would not have suffered injuries, experienced conscious pain and suffering, and subsequently died.

**68.**

As a proximate and foreseeable result of Defendants' negligence, Decedent, received serious injuries; endured mental and physical pain and suffering; mental anguish; pre-impact fright, shock, and terror; death; loss of the enjoyment of life; and, suffered other damages as will be proven at trial and permitted under Georgia law.

**69.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover the full value of the life of Decedent for his wrongful death, and all other elements of damages allowed under Georgia law.  Plaintiffs further state that their intention

is to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible and/or available under Georgia law, including but not limited to:

a)   Personal injuries;

b)   Mental and physical pain and suffering;

c)   Pre-impact fright, shock, and terror;

d)   Mental anguish;

e)   Loss of the enjoyment of life;

f)   Wrongful death;

g)   Damages for all elements of the full value of Decedent's life, tangible and intangible;

h)   Funeral and burial expenses;

i)   Incidental expenses;

j)   Past, present, and future loss of earnings; and

k)   Consequential damages to be proven at trial

**70.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover for the injuries and conscious pain and suffering sustained by Decedent, prior to his death, funeral and burial expenses, and all other elements of damages allowed under Georgia law. Plaintiffs state that their intention is to seek all compensatory special, economic, consequential, general, punitive, estate, and all other damages permissible under Georgia law.

**71.**

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to and death of Decedent.  Defendants are jointly and severally liable for the wrongful death of Decedent and all damages recoverable under Georgia law.

**72.**

Defendants' negligence is the sole and proximate cause of Decedent's injuries and damages resulting from the subject-crash.

## COUNT IX — *Punitive Damages*

**73.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #72 above as if fully restated.

**74.**

The conduct of Defendants was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, Plaintiffs are entitled to an award of punitive damages in this matter.

**75.**

As a result of the aforementioned acts, omissions, and conduct, Defendants are liable to Plaintiffs for uncapped punitive damages.

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and judgment against Defendants, as follows:

      (a)    That Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(b)     That Plaintiffs be awarded past, present, and future damages permitted under Georgia law in an amount to be proven through the evidence at the time of the trial for the past, present and future;

(c)     That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, be awarded all damages for the wrongful death of Decedent and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

(d)     That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(e)     That Plaintiffs have a trial by jury of twelve;

(f)     That Plaintiffs have such other relief as this Court deems just and proper.

This 4<u>th</u> day of <u>May, 2023</u>.

Respectfully Submitted,

**MORGAN & MORGAN ATLANTA, PLLC**

By: /s/ *Parker Green*

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorneys for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (phone)
pgreen@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/4/2023 5:28 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor, <br><br> *Plaintiffs,* <br><br> vs. <br><br> DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS, <br><br> *Defendants.* | CIVIL ACTION FILE NO.:  23-C-03058-S1 |

### PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**TO:**   *Defendants by and through their counsel of record.*

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Defendants for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing in nature and require supplemental response upon the discovery of other or further information or documents pertinent thereto.  In answering the following interrogatories, Defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, and insurers of said Defendants.

**1.**

State the name and address of any individual or entity, including any party, who, to your knowledge, information or belief:

    (a)   Was an eyewitness to the incident complained of in this action;

    (b)   Has knowledge of any fact or circumstance upon which your defense is based;

    (c)   Had any ownership or lease interest in the vehicle driven by Defendant Soots on the date of the incident referred to in the Complaint and, for each, describe the nature of the interest; and,

    (d)   Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of Plaintiff.

**2.**

To your knowledge, information or belief, has any person identified in your answer to the preceding interrogatory given or prepared any statement or report in connection with this action? If so, describe each such statement or report and provide the name and address of the person having custody and control thereof.

**3.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**4.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to the ownership of the vehicle driven by Defendant Soots on the date of the subject-crash.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**5.**

Please provide your current address, current employer, employer on the date of the incident, date of birth, social security number, and driver's license number.

**6.**

Please state the nature of your relationship with any Defendant named above (*i.e.*, family, kin, friends, employer/employee, contractor, coworkers, friends, etc.).

**7.**

Was Defendant Soots on the business of any individual or entity at the time of the incident referred to in the Complaint?  If so, please identify each such individual or entity, stating their name, address, employer, and telephone number.

**8.**

State the point of origin, destination, and reason for the trip that Defendant Soots was making at the time of the incident referred to in the Complaint.

**9.**

Please identify all motor vehicle collisions and moving violations for Defendant prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

**10.**

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles, and/or Plaintiff? If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

**11.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such videotapes, photographs, plats, or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

**12.**

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

**13.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any policy of insurance identified in response to the preceding request. In lieu of this, you may attach copies to your answers to these interrogatories.

**14.**

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

**15.**

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

**16.**

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which they are expected to testify, state in detail the opinions held by each such expert or technician, and give a complete summary of the grounds for each opinion held.

**17.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any videotape, photograph, report, data, handwritten or typed notes, memoranda, statements, and/or other document or material reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**18.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained through or in response to a request for production of documents, subpoena, or open records/freedom of information law.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**19.**

In regard to any document which has not been produced on grounds of privilege, please state the following:

     (a)     The date each document was generated;

     (b)     The person generating each document;

     (c)     The present custodian of each document;

     (d)     A description of each document.

**20.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained via or through a request for

production of documents, subpoena, open records request, or FOIA request. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 22.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Soots' driver qualification file, which includes but is not limited to the following:

(a) Application for employment;

(b) Copy of his CDL license;

(c) Driver's certification of prior motor vehicle accidents;

(d) Driver's certification of prior violations of motor vehicle laws;

(e) Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**24.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant's driver's license.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**25.**

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant on the date of the incident.

**26.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of cellphone records showing incoming and outgoing

calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 27.

Describe the vehicle operated by Defendant Soots at the time of the subject-collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the vehicle.

## 28.

Please identify the name, address, and phone number of any repair or maintenance facility that has performed work on the vehicle driven by Defendant Soots at the time of the incident described in the complaint for the past five years.

## 29.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Soots on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 30.

If Defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

**31.**

Did you conduct a post-accident alcohol and controlled substance test on Defendant Soots? If so, please state:

    (a)     The date of testing;

    (b)     Who performed the test;

    (c)     Where the test was performed; and

    (d)     The results of the test.

**32.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Soots. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**33.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the accident register for Defendant for the 1-year period that preceded the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**34.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any reports, memoranda, notes, logs or other documents

evidencing any complaints about Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 35.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 36.

If post-accident testing was not performed on Defendant Soots please state the reasons such testing did not occur.

## 37.

Was a post-accident report completed and sent to the Federal Highway Administration?  If not, please state the reasons that a post-accident report was not completed.

## 38.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any tax records or tags for the vehicle driven by Defendant Soots at the time of the subject-incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 39.

Please state in detail any steps taken by Defendants to supervise the driving of Defendant Soots.

**40.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any lease, contract, or other agreement regarding vehicle driven by Defendant Soots on the day of the subject-collision.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**41.**

Please state in detail the factual basis for each defense you have raised in your Answer and/or response to the Complaint in the above-styled action.

**42.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to ownership of the vehicle that Defendant Soots operated on the date of the subject-crash. In lieu of this, you may attach copies thereof to your answers to these requests.

**43.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies any lease, employment contract, or any other documents regarding the employment status of Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**44.**

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master,

Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

**45.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**46.**

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Randy Soots.

**47.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any trip reports or dispatch records in regard to Defendant Soots for the 2-week period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**48.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of all driver's logs or timecards for Defendant

Soots for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**49.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of the bill of lading for any load that Defendant Soots carried for the 8-day period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**50.**

With respect to the load that Defendant Soots was transporting at the time of the subject-collision, please identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

**51.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Soots on the day of the incident referred to in the Complaint for

the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**52.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Soots for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**53.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Soots's personnel file and/or employment file for the 2-year period preceding the day of the incident referred to in the Complaint and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**54.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any driver manuals, guidelines, rules, or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**55.**

State the extent of any training provided to Defendant Soots by this Defendant or any outside agency since the date of Defendant Soots' application for employment or the date she began driving for this Defendant, whichever came first.

**56.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any documents relating to any training received by Defendant Soots. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**57.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any permits or licenses regarding the tractor and trailer driven by Defendant Soots and the load transported by Defendant Soots at the time of the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**58.**

Please explain the nature of the employment relationship between Defendant Soots and this Defendant (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

**59.**

With respect to Defendant Soots, please state the driver's mode of compensation.

**60.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the payroll information concerning Defendant Soots for the 6-months prior to and the 2-months subsequent to said collision and his check for the time period covering the date of the subject-crash.  (Note: *Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.*).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**61.**

Has Defendant ever been cited by the Department of Transportation (federal or state), Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

**62.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any violation(s) that you identified in

response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**63.**

Has Defendant ever been disqualified or placed out-of-service? If so, please state in detail for each instance.

(a)    The dates of disqualification; and

(b)    The reason for the disqualification

**64.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**65.**

Does this Defendant, on its own or through its insurer, or through any other person or business, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Soots, and the dates upon which such information was obtained for Defendant Soots operating the vehicle involved in the subject-crash.

**66.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all motor vehicle records or reports of any kind received

from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Soots since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 67.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject-collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## 68.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant and/or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

***Signatures to follow on next page***

***Served with Plaintiff's Complaint.***

This 4th day of <u>May</u>, <u>2023</u>.

**MORGAN & MORGAN ATLANTA, PLLC**

By: */s/ Parker Green*

     **PARKER M. GREEN**
     Georgia Bar No. 130593
     *Attorney for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (main)
pgreen@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/4/2023 5:28 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, as Mother and Next Friend of
MYA LAEL RODRIGUEZ-CARTER, a
Minor,

*Plaintiffs,*

CIVIL ACTION FILE
NO.: 23-C-03058-S1   _____

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

*Defendants.*

## PLAINTIFFS' FIRST REQUESTS FOR
## ADMISSIONS TO DEFENDANTS

**TO:** *Defendants by and through their counsel of record.*

Plaintiffs, pursuant to O.C.G.A. § 9-11-36, submit to the above-named Defendants for

response within Forty-Five (45) days after service hereof, in the form provided by law, the

following requests for admission:

**1.**

Please admit that Defendant Soots was an employee or agent of Defendant Brooks

Furniture Xpress, Inc. ("Brooks") at the time of the incident described in the Complaint.

**2.**

Please admit that Defendant Soots was an employee or agent of Defendant DKS Transport,

Inc. ("DKS") at the time of the incident described in the Complaint.

**3.**

Please admit Defendant Soots was acting within the scope of his employment and/or agency with Defendant Brooks at the time of the incident described in the Complaint.

**4.**

Please admit Defendant Soots was acting within the scope of his employment and/or agency with Defendant DKS at the time of the incident described in the Complaint.

**5.**

Please admit that Defendant Brooks is responsible for the actions of Defendant Soots at all times relevant to this litigation.

**6.**

Please admit that Defendant DKS is responsible for the actions of Defendant Soots at all times relevant to this litigation.

**7.**

Admit that you have been properly served with the Summons and Complaint.

**8.**

Admit that you are subject to the personal jurisdiction of this Court.

**9.**

Admit that this Court has subject-matter jurisdiction in this case.

**10.**

Admit that Venue is proper in this Court.

**11.**

Admit that you are properly named in the Complaint.

**12.**

Admit that you do not assert any defense based on insufficiency of process or insufficiency of service of process.

**13.**

Admit that Defendant Soots was driving a 2015 Peterbilt 579 tractor-trailer (the "tractor-trailer") at the time of the incident described in the Complaint.

**14.**

Admit that Defendant Soots is 100% responsible for causing the subject-collision.

**15.**

Admit that Defendant Soots is partially responsible for causing the subject-collision.

**16.**

Admit that a non-party did not cause or contribute to causing the subject-collision.

**17.**

Admit that Chaz Carter, Deceased (hereinafter referred to individually as "Decedent"), did not cause or contribute to causing subject-collision.

**18.**

Admit that Decedent experienced conscious pain and suffering as a result of the subject-collision with Defendant Soots.

**19.**

Admit that Decedent subsequently died at the scene as a result of the subject-collision with Defendant Soots.

**20.**

Admit that Decedent incurred funeral and burial expenses as a result of the collision-in-suit.

**21.**

Admit that natural lighting conditions were daylight at the time of the subject-collision.

**22.**

Admit that it was still daylight when the subject-collision occurred.

**23.**

Please admit that Defendant Soots attempted to make a left turn from Peachtree Industrial Blvd ("S.R. 141") onto Peachtree Corners as Decedent was approaching the intersection with Peachtree Corners while traveling in the opposite direction on S.R. 141.

**24.**

Admit that Decedent had the right-of-way as he traveled on S.R. 141.

**25.**

Admit that Defendant Soots was cited after the subject-crash for failure to yield pursuant to O.C.G.A. § 40-6-71.

**26.**

Admit that Defendant Soots intended to turn left at the intersection where the incident at issue in this lawsuit occurred.

**27.**

Admit that Decedent's vehicle was approaching the intersection from the opposite direction when Defendant Soots attempted to make a left turn onto Peachtree Corners.

**28.**

Admit that Decedent's vehicle constituted an immediate hazard when Defendant Soots elected to start making a left turn onto Peachtree Corners.

**29.**

Admit that Defendant Soots failed to yield the right-of-way to Decedent.

**30.**

Admit that the subject-collision would not have occurred but for Defendant Soots trying to complete a left-turn at the intersection with the tractor-trailer.

**31.**

Admit that Defendant Soots was pulling a 53-foot trailer at the time of the subject-crash.

**32.**

Admit the tractor-trailer did not clear the intersection prior to the collision-in-suit.

**33.**

Admit that Defendant Soots' tractor was equipped with a sleeper cab at the time of the subject-crash.

**34.**

Admit that Defendant Soots did not fully complete his left-turn onto Peachtree Corners prior to the subject-collision with Decedent's vehicle.

**35.**

Admit that the tractor-trailer constituted an immediate hazard to Decedent when Defendant Soots elected to start making a left-turn from S.R. 141 onto Peachtree Corners.

**36.**

Admit that Defendant Brooks had knowledge of Defendant Soots' driving history at the time of the subject-crash.

**37.**

Admit that Defendant DKS had knowledge of Defendant Soots' driving history at the time of the subject-crash.

**38.**

Admit that Defendant Soots was operating the tractor-trailer with Defendant DKS and/or Defendant Brooks' permission at the time of the subject-collision.

**39.**

Admit that Defendant DKS and/or Defendant Brooks gave Defendant Soots permission to operate the tractor-trailer at the time of the subject-collision.

**40.**

Admit that Defendant Soots was cited for homicide by vehicle pursuant to O.C.G.A. § 40-6-393 as a result of the subject-collision.

**41.**

Admit that Chaz Carter died as a result of the subject-collision.

**42.**

Admit that as a result of the subject-collision, Defendant Soots received a citation for causing serious injury by vehicle pursuant to O.C.G.A. § 40-6-394.

**43.**

Admit that Defendant Brooks owned the tractor-trailer that Defendant Soots was driving at the time of the subject-crash.

**44.**

Admit that Defendant DKS owned the tractor-trailer that Defendant Soots was driving at the time of the subject-crash.

***Served with the Complaint.***

This 4th day of May, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

By: /s/ *Parker Green*

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorney for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (main)
pgreen@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/4/2023 5:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER:_____

23-C-03058-S1

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** BROOKS FURNITURE XPRESS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
5th day of May, 2023                                              Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**
**5/4/2023 5:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER: 23-C-03058-S1 _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** DKS TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
5th day of May, 2023

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/4/2023 5:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER:_____    **23-C-03058-S1**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**: SENTRY SELECT INSURANCE COMPANY

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**
        5th day of May, 2023                                    Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

**By**_____
        **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/4/2023 5:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER:_____  **23-C-03058-S1**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**: DAVID HAROLD SOOTS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

5th day of May, 2023

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**
**5/5/2023 3:53 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia                County of Gwinnett                State Court

Case Number: 23-C-03058-S1

Plaintiffs: **LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor**
vs.
Defendants: **DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS**

For:
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, N.E.
Ste 4200
Atlanta, GA 30303

Received by Absolute Legal Services to be served on **Sentry Select Insurance Company Registered Agent: C.T. Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **5th day of May, 2023** at **2:40 pm, I:**

served **Sentry Select Insurance Company Registered Agent: C.T. Corporation System** by delivering a true copy of the **SUMMONS TO DKS TRANSPORT, INC.; SUMMONS TO BROOKS FURNITURE XPRESS, INC.; SUMMONS TO SENTRY SELECT INSURANCE COMPANY; SUMMONS TO DAVID HAROLD SOOTS; COMPLAINT; PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS; PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** with the date and hour of service endorsed thereon by me, to: **Jane Richardson Registered Agent: C.T. Corporation System**, title: **Process Specialist,** a person authorized to accept process for the Company, **Sentry Select Insurance Company Registered Agent: C.T. Corporation System**, at the address of: **289 S. Culver Street, Lawrenceville, GA 30046.**

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 190, Hair: Light Brown, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____, _____, by the affiant who is
personally known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023001047
Ref: HARDING

*Notary Seal: TIFFANY HORTON, NOTARY, EXPIRES GEORGIA May 14, 2023, GWINNETT COUNTY, PUBLIC*

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/5/2023 9:44 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator

**of the Estate of CHAZ CARTER, Deceased,**

and DESIREE RODRIGUEZ, as Mother and Next Friend of

MYA LAEL RODRIGUEZ-CARTER, a Minor,
                                        PLAINTIFFS

CIVIL ACTION
NUMBER:_____  23-C-03058-S1_____

VS.

**DKS TRANSPORT, INC., BROOKS FURNITURE**

**XPRESS, INC., SENTRY SELECT INSURANCE**

**COMPANY, and DAVID HAROLD SOOTS**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Brooks Furniture Xpress, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
5th day of May, 2023                                    Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____
                    Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/5/2023 9:44 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator

**of the Estate of CHAZ CARTER, Deceased,**

and DESIREE RODRIGUEZ, as Mother and Next Friend of

MYA LAEL RODRIGUEZ-CARTER, a Minor,
PLAINTIFFS

VS.

**DKS TRANSPORT, INC., BROOKS FURNITURE**

**XPRESS, INC., SENTRY SELECT INSURANCE**

**COMPANY, and DAVID HAROLD SOOTS**

DEFENDANT

CIVIL ACTION
NUMBER:_____ 23-C-03058-S1

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** David Harold Soots

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

5th day of May, 2023

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/5/2023 9:44 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator

**of the Estate of CHAZ CARTER, Deceased,**

and DESIREE RODRIGUEZ, as Mother and Next Friend of

MYA LAEL RODRIGUEZ-CARTER, a Minor,
                                        **PLAINTIFFS**

CIVIL ACTION
NUMBER:_____ 23-C-03058-S1 _____

VS.

**DKS TRANSPORT, INC., BROOKS FURNITURE**

**XPRESS, INC., SENTRY SELECT INSURANCE**

**COMPANY, and DAVID HAROLD SOOTS**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** DKS Transport, Inc.

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
5th day of May, 2023

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
                    Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-03058-S1
5/5/2023 9:44 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator

**of the Estate of CHAZ CARTER, Deceased,**

and DESIREE RODRIGUEZ, as Mother and Next Friend of

MYA LAEL RODRIGUEZ-CARTER, a Minor,
                                   PLAINTIFFS

CIVIL ACTION
NUMBER:_____ 23-C-03058-S1

VS.

DKS TRANSPORT, INC., BROOKS FURNITURE

XPRESS, INC., SENTRY SELECT INSURANCE

COMPANY, and DAVID HAROLD SOOTS

                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** SENTRY SELECT INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
                                                                5th day of May, 2023
                                                                        Tiana P. Garner

                                                Richard T. Alexander, Jr.,
                                                Clerk of State Court

                                    Mary                    BY_____
                                                                    **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/8/2023 3:46 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, Individually and as Mother
and Next Friend of MYA LAEL
RODRIGUEZ-CARTER, a Minor,

        *Plaintiffs*,

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

        *Defendants*.

CIVIL ACTION FILE
NO.:  23-C-03058-S1

---

## AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS

**STATE OF GEORGIA**
**COUNTY OF FULTON**

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to

administer oaths, PARKER M. GREEN, who, after being duly sworn, on oath deposes and says:

1.

I am over the age of majority, and I am an attorney duly licensed to practice law in the

State of Georgia and an active member in good standing with the State Bar of Georgia.

2.

I am the attorney who represents the Plaintiffs in the above-captioned action against

Defendants DKS Transport, Inc., Brooks Furniture Xpress, Inc., Sentry Select Insurance Company

and David Harold Soots.

3.

I do hereby certify that in accordance with O.C.G.A. § 40-12-2, I have forwarded by Federal Express Overnight, signature requested, the Summons, Complaint, Request for Admissions and Interrogatories and Request for Production of Documents of the above case to Defendant David Harold Soots at the last known address:  4397 33rd Street Lane NE, Hickory, North Carolina 28601-7099.

3.

I further certify that I shall file with the appropriate Court, appended to the documents regarding this case:  (1) any return receipt received as evidence of service upon said Defendant by the Plaintiff, and (2) this Affidavit of Compliance.

FURTHER AFFIANT SAITH NOT.

This 5th day of May, 2023.

**PARKER M. GREEN, ESQ.**
Georgia Bar No. 130593
*Attorney for Plaintiff*

Sworn to and subscribed before me
this 5 day of May, 2023

NOTARY PUBLIC
My Commission Expires: 6-11-23

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

Control Number - SOS **5/9/2023 1:28 PM**
**TIANA P. GARNER, CLERK**

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**


### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### DAVID HAROLD SOOTS

have been filed with the Secretary of State on 05/05/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: LENA HARDING and DESIREE RODRIGUEZ v. DAVID HAROLD SOOTS
Court: State Court of Gwinnett County, Georgia
Civil Action No.: 23C03058S1

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/09/2023.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 5/5/2023 1:48:28 PM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23103270 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : DAVID HAROLD SOOTS |
| Defendant's Address Where Service Attempted and/or Forwarded | : 4397 33rd Street Lane NE, Hickory, NC, 28601-7099, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : LENA HARDING and DESIREE RODRIGUEZ |
| Style of Proceeding | : LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, As Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER v. DKS Transport, et al. |
| Civil Action Number | : 23C03058S1 |
| Court | : State Court of Gwinnett County, Georgia |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Individual |
| Name | : Parker M. Green |
| Address | : Morgan & Morgan PLLC, 178 S. Main Street, Unit 300, Alpharetta, GA, 30009, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Parker M Green |

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, Individually and as Mother
and Next Friend of MYA LAEL
RODRIGUEZ-CARTER, a Minor,

       *Plaintiffs,*

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

       *Defendants.*

CIVIL ACTION FILE
NO.:  <u>23-C-03058-S1</u>

## AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS

**STATE OF GEORGIA**
**COUNTY OF FULTON**

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to

administer oaths, PARKER M. GREEN, who, after being duly sworn, on oath deposes and says:

1.

I am over the age of majority, and I am an attorney duly licensed to practice law in the

State of Georgia and an active member in good standing with the State Bar of Georgia.

2.

I am the attorney who represents the Plaintiffs in the above-captioned action against

Defendants DKS Transport, Inc., Brooks Furniture Xpress, Inc., Sentry Select Insurance Company

and David Harold Soots.

3.

I do hereby certify that in accordance with O.C.G.A. § 40-12-2, I have forwarded by Federal Express Overnight, signature requested, the Summons, Complaint, Request for Admissions and Interrogatories and Request for Production of Documents of the above case to Defendant David Harold Soots at the last known address: 4397 33rd Street Lane NE, Hickory, North Carolina 28601-7099.

3.

I further certify that I shall file with the appropriate Court, appended to the documents regarding this case: (1) any return receipt received as evidence of service upon said Defendant by the Plaintiff, and (2) this Affidavit of Compliance.


FURTHER AFFIANT SAITH NOT.

This 5th day of May, 2023.


_____
**PARKER M. GREEN, ESQ.**
Georgia Bar No. 130593
*Attorney for Plaintiff*


Sworn to and subscribed before me

this _____5_____ day of _May_____, 2023

_____
NOTARY PUBLIC
My Commission Expires: _6-11-23_

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03058-S1**
**5/5/2023 9:44 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____
MYA LAEL RODRIGUEZ-CARTER, a Minor,
                              PLAINTIFFS

VS.

_____

_____

_____

                        DEFENDANT

CIVIL ACTION
NUMBER:_____  23-C-03058-S1

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**: DKS Transport, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

5th day of May, 2023

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____
               **Deputy Clerk**

**INSTRUCTIONS**: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/5/2023 9:44 AM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____
MYA LAEL RODRIGUEZ-CARTER, a Minor,
                                   PLAINTIFFS

            VS.

_____

_____

_____

                DEFENDANT

CIVIL ACTION
NUMBER:_____  23-C-03058-S1_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**: Brooks Furniture Xpress, Inc.

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

5th day of May, 2023

**This _____ day of _____, 20____.**
                                                                            Tiana P. Garner

                                                    ~~Richard T. Alexander, Jr.,~~
                                                    **Clerk of State Court**

                                    **By**_____
                                            **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/5/2023 9:44 AM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____
MYA LAEL RODRIGUEZ-CARTER, a Minor,
                              PLAINTIFFS

VS.

_____

_____

_____

                    DEFENDANT

| CIVIL ACTION NUMBER: | 23-C-03058-S1 |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** SENTRY SELECT INSURANCE COMPANY

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
                    5th day of May, 2023

                                        Tiana P. Garner

                                        _____
                                        **Richard T. Alexander, Jr.,**
                                        **Clerk of State Court**

                                        By _____
                                              **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/5/2023 9:44 AM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

MYA LAEL RODRIGUEZ-CARTER, a Minor,
                                            **PLAINTIFFS**

CIVIL ACTION
NUMBER:_____ 23-C-03058-S1

VS.

_____

_____

_____

                **DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**: David Harold Soots

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

5th day of May, 2023

**This** _____ **day of** _____ **,   20_____.**

                                                    Tiana P. Garner

                        ~~**Richard T. Alexander, Jr.,**~~
                        **Clerk of State Court**

                        Mary
                        **By** _____
                                **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/4/2023 5:28 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, as Mother and Next Friend of
MYA LAEL RODRIGUEZ-CARTER, a
Minor,

    *Plaintiffs*,

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

    *Defendants*.

CIVIL ACTION FILE
NO.: _____ 23-C-03058-S1

***JURY TRIAL DEMANDED***

## COMPLAINT

  Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Chaz

Carter, Deceased, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-

Carter, a Minor, make and file this Complaint against DKS Transport, Inc., Brooks Furniture

Xpress, Inc., Sentry Select Insurance Company, and David Harold Soots (referred to collectively

as "Defendants"), as follows:

## PARTIES & JURISDICTION

### 1.

  Plaintiff Lena Harding is the Proposed Administrator of the Estate of Chaz Carter,

Deceased (hereinafter referred to individually as "Decedent"), and Parent of Decedent, and she is

a citizen and resident of Georgia.

**2.**

Plaintiff Desiree Rodriguez is the Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor.

**3.**

Plaintiff Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death.  Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

**4.**

Plaintiff Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death.  Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

**5.**

Defendant DKS Transport, Inc. ("DKS") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant DKS may be served by delivering a copy of the Summons and Complaint to its registered agent for service, David H. Soots, at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099, and it is subject to the jurisdiction of this Court.

**6.**

Defendant Brooks Furniture Xpress, Inc. ("Brooks") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant Brooks may be served by delivering a copy of the Summons and Complaint to its registered agent for service, Anthony S. Brooks, at 1459 Robinwood Road, Newton, Catawba County, North Carolina 28658-8322.  A courtesy copy of the Summons and Complaint may be served to its BOC-3 agent, Dawn Richardson, at The Financial Integrity Group, at 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223, and it is subject to the jurisdiction of this Court.

**7.**

Defendant Sentry Select Insurance Company ("Sentry Insurance") is a foreign insurance company existing under the laws of the State of Wisconsin with a principal place of business located in Wisconsin. Defendant Sentry Insurance may be served by delivering a copy of the Summons and Complaint to its registered agent, C T Corporation System, at 289 S Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805, and it is is subject to the jurisdiction of this Court.

**8.**

Defendant David Harold Soots ("Soots") is a citizen and resident of the State of North Carolina and may be served with a copy of the Summons and Complaint at his home address located at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099.

**9.**

This lawsuit arises out of a motor vehicle crash that occurred on May 14, 2021, at the intersection of Peachtree Industrial Blvd NW and Peachtree Corners East within Gwinnett County,

Georgia (hereinafter referred to as the "subject-crash").

**10.**

As Defendant Soots is a non-resident motorist and the subject-crash occurred in Gwinnett County, Georgia, jurisdiction and venue are proper under O.C.G.A. § 40-12-3.

**11.**

Jurisdiction and venue are proper in this Court.

**12.**

Defendant Soots has been properly served with process in this action.

**13.**

Defendant DKS has been properly served with process in this action.

**14.**

Defendant Brooks has been properly served with process in this action.

**FACTUAL BACKGROUND**

**15.**

On May 14, 2021, at approximately 8:26 a.m., Decedent, was travelling northbound on Peachtree Industrial Blvd. ("S.R. 141") towards the intersection with Peachtree Corners East.

**16.**

At the same time, Defendant Soots was operating a tractor-trailer traveling southbound on S.R. 141.

**17.**

As Decedent traveled northbound on S.R. 141, Defendant Soots failed to yield the right-of-way and attempted to make a left-turn onto Peachtree Corners eastbound in front of Decedent's approaching vehicle, thus colliding with Decedent's vehicle.

**18.**

At all relevant times, Decedent operated his vehicle in a safe and prudent manner and in compliance with applicable traffic laws while traveling on S.R. 141 northbound.

**19.**

Defendant DKS was the owner of the tractor-trailer that Defendant Soots was operating at the time of the subject-crash.

**20.**

Defendant Brooks was operating under the USDOT number and operating authority of Defendant DKS at the time of the subject-crash.

**21.**

Defendant DKS was operating under the USDOT number and operating authority of Defendant Brooks at the time of the subject-crash.

**22.**

Following the subject-crash, Defendant Soots received a citation for failing to yield while turning left pursuant to O.C.G.A. § 40-6-71.

**23.**

Approximately four months following the subject-crash, Defendant Soots was arrested and charged with homicide by vehicle pursuant to O.C.G.A. § 40-6-393.

**24.**

As a result of Defendant Soots' foregoing acts and omissions, Decedent experienced fright, shock, and/or mental suffering immediately prior to the subject-crash in which he subsequently lost his life.

**25.**

As result of the subject-crash, Decedent sustained catastrophic injuries, experienced conscious pain and suffering, and subsequently died as a result of the subject-crash.

## COUNT I — *Negligence of Defendant Soots*

**26.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #25 above as if fully restated.

**27.**

Defendant Soots owed a duty to exercise due care while driving the tractor-trailer; to obey and comply with traffic control devices and signals; to keep a proper lookout; to pay attention and avoid driver distractions at all times; to yield the right-of-way when turning left; to never attempt a left-turn unless the tractor-trailer will clear the intersection without colliding with approaching vehicles; to never attempt a left-turn unless the turn can be completed safely; to not attempt a left-turn if the tractor-trailer would pose an emergency to vehicle approaching the intersection from the opposite direction; to yield the right-of-way when making a left-turn left; to properly control his vehicle; to take proper evasive action if and when necessary; and, to drive and operate his vehicle in a safe and reasonable manner.

**28.**

Defendant Soots breached those duties and, therefore, he was negligent in colliding with Decedent's vehicle.

**29.**

Defendant Soots was negligent *per se*.

**30.**

Decedent did not cause or contribute in any way to the subject-crash.

**31.**

Defendant Soots' negligence was the sole and proximate cause of the subject-crash, and Decedent's resulting injuries, damages, losses, physical pain, and emotional distress, and wrongful death.

## COUNT II — *Imputed Liability of Defendant DKS*

**32.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #31 above as if fully restated.

**33.**

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant DKS.

**34.**

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant DKS's business.

**35.**

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant DKS.

**36.**

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant DKS.

**37.**

Defendant DKS is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

**38.**

Defendant DKS is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

### COUNT III — *Negligent Hiring, Training & Supervision of Defendant DKS*

**39.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #38 above as if fully restated.

**40.**

Defendant DKS was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

**41.**

Defendant DKS was negligent in failing to properly train Defendant Soots.

**42.**

Defendant DKS was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

**43.**

Defendant DKS was negligent in failing to properly supervise Defendant Soots.

**44.**

Defendant DKS' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

## COUNT IV — *Imputed Liability of Defendant Brooks*

**45.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #44 above as if fully restated.

**46.**

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant Brooks.

**47.**

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant Brooks' business.

**48.**

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant Brooks.

**49.**

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant Brooks.

**50.**

Defendant Brooks is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

**51.**

Defendant Brooks is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

## COUNT V — *Negligent Hiring, Training &*
## *Supervision of Defendant Brooks*

**52.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #51 above as if fully restated.

**53.**

Defendant Brooks was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

**54.**

Defendant Brooks was negligent in failing to properly train Defendant Soots.

**55.**

Defendant Brooks was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

**56.**

Defendant Brooks was negligent in failing to properly supervise Defendant Soots.

**57.**

Defendant Brooks' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

**COUNT VI — *Direct Action***

**58.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #57 above as if fully restated.

**59.**

Defendant Sentry Insurance is subject to direct action as the insurer for Defendant Brooks pursuant to O.C.G.A. § 40-2-140.

**60.**

Defendant Sentry Insurance was the insurer of Defendant Brooks and/or Defendant DKS at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for interstate and interstate transportation.

**61.**

Defendants Sentry Insurance, Brooks, and DKS are subject to the filing requirements set forth within O.C.G.A. § 40-2-140 and similar laws.

**62.**

Defendant Sentry Insurance is responsible for any judgment rendered as to and/or against Defendant Brooks and/or Defendant DKS.

**COUNT VII — *Attorneys' Fees &***
***Expenses of Litigation***

**63.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #62 above as if fully restated.

**64.**

Defendants, individually and by and through their representatives, have been stubbornly litigious and caused Plaintiffs unnecessary trouble and expense.

**65.**

Defendants are liable to Plaintiffs for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VIII — *Damages*

**66.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #65 above as if fully restated.

**67.**

The injuries, conscious pain and suffering, and subsequent death of Decedent were the direct and proximate result of the negligence of Defendants and, but for said negligence, Decedent would not have suffered injuries, experienced conscious pain and suffering, and subsequently died.

**68.**

As a proximate and foreseeable result of Defendants' negligence, Decedent, received serious injuries; endured mental and physical pain and suffering; mental anguish; pre-impact fright, shock, and terror; death; loss of the enjoyment of life; and, suffered other damages as will be proven at trial and permitted under Georgia law.

**69.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover the full value of the life of Decedent for his wrongful death, and all other elements of damages allowed under Georgia law.  Plaintiffs further state that their intention

is to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible and/or available under Georgia law, including but not limited to:

a) Personal injuries;

b) Mental and physical pain and suffering;

c) Pre-impact fright, shock, and terror;

d) Mental anguish;

e) Loss of the enjoyment of life;

f) Wrongful death;

g) Damages for all elements of the full value of Decedent's life, tangible and intangible;

h) Funeral and burial expenses;

i) Incidental expenses;

j) Past, present, and future loss of earnings; and

k) Consequential damages to be proven at trial

**70.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover for the injuries and conscious pain and suffering sustained by Decedent, prior to his death, funeral and burial expenses, and all other elements of damages allowed under Georgia law.  Plaintiffs state that their intention is to seek all compensatory special, economic, consequential, general, punitive, estate, and all other damages permissible under Georgia law.

**71.**

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to and death of Decedent.  Defendants are jointly and severally liable for the wrongful death of Decedent and all damages recoverable under Georgia law.

**72.**

Defendants' negligence is the sole and proximate cause of Decedent's injuries and damages resulting from the subject-crash.

**COUNT IX — *Punitive Damages***

**73.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #72 above as if fully restated.

**74.**

The conduct of Defendants was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, Plaintiffs are entitled to an award of punitive damages in this matter.

**75.**

As a result of the aforementioned acts, omissions, and conduct, Defendants are liable to Plaintiffs for uncapped punitive damages.

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and judgment against Defendants, as follows:

    (a)    That Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(b)     That Plaintiffs be awarded past, present, and future damages permitted under Georgia law in an amount to be proven through the evidence at the time of the trial for the past, present and future;

(c)     That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, be awarded all damages for the wrongful death of Decedent and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

(d)     That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(e)     That Plaintiffs have a trial by jury of twelve;

(f)     That Plaintiffs have such other relief as this Court deems just and proper.

This 4<u>th</u> day of <u>May</u>, <u>2023</u>.

Respectfully Submitted,

**MORGAN & MORGAN ATLANTA, PLLC**

By: /s/ *Parker Green*

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorneys for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (phone)
pgreen@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/4/2023 5:28 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, as Mother and Next Friend of
MYA LAEL RODRIGUEZ-CARTER, a
Minor,

        *Plaintiffs*,

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

        *Defendants.*

CIVIL ACTION FILE
NO.:  23-C-03058-S1

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS

**TO:**   *Defendants by and through their counsel of record.*

Plaintiffs, pursuant to O.C.G.A. § 9-11-36, submit to the above-named Defendants for

response within Forty-Five (45) days after service hereof, in the form provided by law, the

following requests for admission:

### 1.

Please admit that Defendant Soots was an employee or agent of Defendant Brooks

Furniture Xpress, Inc. ("Brooks") at the time of the incident described in the Complaint.

### 2.

Please admit that Defendant Soots was an employee or agent of Defendant DKS Transport,

Inc. ("DKS") at the time of the incident described in the Complaint.

**3.**

Please admit Defendant Soots was acting within the scope of his employment and/or agency with Defendant Brooks at the time of the incident described in the Complaint.

**4.**

Please admit Defendant Soots was acting within the scope of his employment and/or agency with Defendant DKS at the time of the incident described in the Complaint.

**5.**

Please admit that Defendant Brooks is responsible for the actions of Defendant Soots at all times relevant to this litigation.

**6.**

Please admit that Defendant DKS is responsible for the actions of Defendant Soots at all times relevant to this litigation.

**7.**

Admit that you have been properly served with the Summons and Complaint.

**8.**

Admit that you are subject to the personal jurisdiction of this Court.

**9.**

Admit that this Court has subject-matter jurisdiction in this case.

**10.**

Admit that Venue is proper in this Court.

**11.**

Admit that you are properly named in the Complaint.

**12.**

Admit that you do not assert any defense based on insufficiency of process or insufficiency of service of process.

**13.**

Admit that Defendant Soots was driving a 2015 Peterbilt 579 tractor-trailer (the "tractor-trailer") at the time of the incident described in the Complaint.

**14.**

Admit that Defendant Soots is 100% responsible for causing the subject-collision.

**15.**

Admit that Defendant Soots is partially responsible for causing the subject-collision.

**16.**

Admit that a non-party did not cause or contribute to causing the subject-collision.

**17.**

Admit that Chaz Carter, Deceased (hereinafter referred to individually as "Decedent"), did not cause or contribute to causing subject-collision.

**18.**

Admit that Decedent experienced conscious pain and suffering as a result of the subject-collision with Defendant Soots.

**19.**

Admit that Decedent subsequently died at the scene as a result of the subject-collision with Defendant Soots.

**20.**

Admit that Decedent incurred funeral and burial expenses as a result of the collision-in-suit.

**21.**

Admit that natural lighting conditions were daylight at the time of the subject-collision.

**22.**

Admit that it was still daylight when the subject-collision occurred.

**23.**

Please admit that Defendant Soots attempted to make a left turn from Peachtree Industrial Blvd ("S.R. 141") onto Peachtree Corners as Decedent was approaching the intersection with Peachtree Corners while traveling in the opposite direction on S.R. 141.

**24.**

Admit that Decedent had the right-of-way as he traveled on S.R. 141.

**25.**

Admit that Defendant Soots was cited after the subject-crash for failure to yield pursuant to O.C.G.A. § 40-6-71.

**26.**

Admit that Defendant Soots intended to turn left at the intersection where the incident at issue in this lawsuit occurred.

**27.**

Admit that Decedent's vehicle was approaching the intersection from the opposite direction when Defendant Soots attempted to make a left turn onto Peachtree Corners.

**28.**

Admit that Decedent's vehicle constituted an immediate hazard when Defendant Soots elected to start making a left turn onto Peachtree Corners.

**29.**

Admit that Defendant Soots failed to yield the right-of-way to Decedent.

**30.**

Admit that the subject-collision would not have occurred but for Defendant Soots trying to complete a left-turn at the intersection with the tractor-trailer.

**31.**

Admit that Defendant Soots was pulling a 53-foot trailer at the time of the subject-crash.

**32.**

Admit the tractor-trailer did not clear the intersection prior to the collision-in-suit.

**33.**

Admit that Defendant Soots' tractor was equipped with a sleeper cab at the time of the subject-crash.

**34.**

Admit that Defendant Soots did not fully complete his left-turn onto Peachtree Corners prior to the subject-collision with Decedent's vehicle.

**35.**

Admit that the tractor-trailer constituted an immediate hazard to Decedent when Defendant Soots elected to start making a left-turn from S.R. 141 onto Peachtree Corners.

**36.**

Admit that Defendant Brooks had knowledge of Defendant Soots' driving history at the time of the subject-crash.

**37.**

Admit that Defendant DKS had knowledge of Defendant Soots' driving history at the time of the subject-crash.

**38.**

Admit that Defendant Soots was operating the tractor-trailer with Defendant DKS and/or Defendant Brooks' permission at the time of the subject-collision.

**39.**

Admit that Defendant DKS and/or Defendant Brooks gave Defendant Soots permission to operate the tractor-trailer at the time of the subject-collision.

**40.**

Admit that Defendant Soots was cited for homicide by vehicle pursuant to O.C.G.A. § 40-6-393 as a result of the subject-collision.

**41.**

Admit that Chaz Carter died as a result of the subject-collision.

**42.**

Admit that as a result of the subject-collision, Defendant Soots received a citation for causing serious injury by vehicle pursuant to O.C.G.A. § 40-6-394.

**43.**

Admit that Defendant Brooks owned the tractor-trailer that Defendant Soots was driving at the time of the subject-crash.

**44.**

Admit that Defendant DKS owned the tractor-trailer that Defendant Soots was driving at the time of the subject-crash.

**_Served with the Complaint_**.

This 4<u>th</u> day of <u>May</u>, <u>2023</u>.

**MORGAN & MORGAN ATLANTA, PLLC**

By: _/s/ Parker Green_

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorney for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (main)
pgreen@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/4/2023 5:28 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

LENA HARDING, Individually and as
Proposed Administrator of the Estate of
CHAZ CARTER, Deceased, and DESIREE
RODRIGUEZ, as Mother and Next Friend of
MYA LAEL RODRIGUEZ-CARTER, a
Minor,

        *Plaintiffs*,

vs.

DKS TRANSPORT, INC., BROOKS
FURNITURE XPRESS, INC., SENTRY
SELECT INSURANCE COMPANY, and
DAVID HAROLD SOOTS,

        *Defendants*.

CIVIL ACTION FILE
NO.: _____
      23-C-03058-S1

## PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**TO:**   ***Defendants by and through their counsel of record.***

     Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Defendants for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

     The within interrogatories and request for production of documents are continuing in nature and require supplemental response upon the discovery of other or further information or documents pertinent thereto. In answering the following interrogatories, Defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, and insurers of said Defendants.

**1.**

State the name and address of any individual or entity, including any party, who, to your knowledge, information or belief:

    (a)    Was an eyewitness to the incident complained of in this action;

    (b)    Has knowledge of any fact or circumstance upon which your defense is based;

    (c)    Had any ownership or lease interest in the vehicle driven by Defendant Soots on the date of the incident referred to in the Complaint and, for each, describe the nature of the interest; and,

    (d)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of Plaintiff.

**2.**

To your knowledge, information or belief, has any person identified in your answer to the preceding interrogatory given or prepared any statement or report in connection with this action? If so, describe each such statement or report and provide the name and address of the person having custody and control thereof.

**3.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**4.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to the ownership of the vehicle driven by Defendant Soots on the date of the subject-crash.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**5.**

Please provide your current address, current employer, employer on the date of the incident, date of birth, social security number, and driver's license number.

**6.**

Please state the nature of your relationship with any Defendant named above (*i.e.*, family, kin, friends, employer/employee, contractor, coworkers, friends, etc.).

**7.**

Was Defendant Soots on the business of any individual or entity at the time of the incident referred to in the Complaint?  If so, please identify each such individual or entity, stating their name, address, employer, and telephone number.

**8.**

State the point of origin, destination, and reason for the trip that Defendant Soots was making at the time of the incident referred to in the Complaint.

**9.**

Please identify all motor vehicle collisions and moving violations for Defendant prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

**10.**

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles, and/or Plaintiff? If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

**11.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such videotapes, photographs, plats, or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**12.**

Has any entity issued a policy of liability insurance to Defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

**13.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any policy of insurance identified in response to the preceding request.  In lieu of this, you may attach copies to your answers to these interrogatories.

**14.**

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

**15.**

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

**16.**

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which they are expected to testify, state in detail the opinions held by each such expert or technician, and give a complete summary of the grounds for each opinion held.

**17.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any videotape, photograph, report, data, handwritten or typed notes, memoranda, statements, and/or other document or material reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**18.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained through or in response to a request for production of documents, subpoena, or open records/freedom of information law.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**19.**

In regard to any document which has not been produced on grounds of privilege, please state the following:

      (a)     The date each document was generated;

      (b)     The person generating each document;

      (c)     The present custodian of each document;

      (d)     A description of each document.

**20.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained via or through a request for

production of documents, subpoena, open records request, or FOIA request.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**21.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**22.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**23.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Soots' driver qualification file, which includes but is not limited to the following:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**24.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant's driver's license.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**25.**

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant on the date of the incident.

**26.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of cellphone records showing incoming and outgoing

calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**27.**

Describe the vehicle operated by Defendant Soots at the time of the subject-collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the vehicle.

**28.**

Please identify the name, address, and phone number of any repair or maintenance facility that has performed work on the vehicle driven by Defendant Soots at the time of the incident described in the complaint for the past five years.

**29.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Soots on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**30.**

If Defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

**31.**

Did you conduct a post-accident alcohol and controlled substance test on Defendant Soots? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

**32.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**33.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the accident register for Defendant for the 1-year period that preceded the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**34.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any reports, memoranda, notes, logs or other documents

evidencing any complaints about Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**35.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**36.**

If post-accident testing was not performed on Defendant Soots please state the reasons such testing did not occur.

**37.**

Was a post-accident report completed and sent to the Federal Highway Administration?  If not, please state the reasons that a post-accident report was not completed.

**38.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any tax records or tags for the vehicle driven by Defendant Soots at the time of the subject-incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**39.**

Please state in detail any steps taken by Defendants to supervise the driving of Defendant Soots.

**40.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any lease, contract, or other agreement regarding vehicle driven by Defendant Soots on the day of the subject-collision.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**41.**

Please state in detail the factual basis for each defense you have raised in your Answer and/or response to the Complaint in the above-styled action.

**42.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to ownership of the vehicle that Defendant Soots operated on the date of the subject-crash. In lieu of this, you may attach copies thereof to your answers to these requests.

**43.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies any lease, employment contract, or any other documents regarding the employment status of Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**44.**

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master,

Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

**45.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**46.**

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Randy Soots.

**47.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any trip reports or dispatch records in regard to Defendant Soots for the 2-week period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**48.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of all driver's logs or timecards for Defendant

Soots for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**49.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of the bill of lading for any load that Defendant Soots carried for the 8-day period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**50.**

With respect to the load that Defendant Soots was transporting at the time of the subject-collision, please identify:

    (a)      Where the load originated;

    (b)      The contents thereof;

    (c)      The weight of said load;

    (d)      The final destination of the load; and

    (e)      Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

**51.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Soots on the day of the incident referred to in the Complaint for

the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**52.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Soots for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**53.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Soots's personnel file and/or employment file for the 2-year period preceding the day of the incident referred to in the Complaint and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**54.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any driver manuals, guidelines, rules, or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**55.**

State the extent of any training provided to Defendant Soots by this Defendant or any outside agency since the date of Defendant Soots' application for employment or the date she began driving for this Defendant, whichever came first.

**56.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any documents relating to any training received by Defendant Soots.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**57.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any permits or licenses regarding the tractor and trailer driven by Defendant Soots and the load transported by Defendant Soots at the time of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**58.**

Please explain the nature of the employment relationship between Defendant Soots and this Defendant (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

**59.**

With respect to Defendant Soots, please state the driver's mode of compensation.

**60.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the payroll information concerning Defendant Soots for the 6-months prior to and the 2-months subsequent to said collision and his check for the time period covering the date of the subject-crash.  (Note: *Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.*).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**61.**

Has Defendant ever been cited by the Department of Transportation (federal or state), Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

**62.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any violation(s) that you identified in

response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**63.**

Has Defendant ever been disqualified or placed out-of-service?  If so, please state in detail for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

**64.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**65.**

Does this Defendant, on its own or through its insurer, or through any other person or business, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Soots, and the dates upon which such information was obtained for Defendant Soots operating the vehicle involved in the subject-crash.

**66.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all motor vehicle records or reports of any kind received

from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Soots since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**67.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject-collision which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**68.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant and/or this Defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

***Signatures to follow on next page***

***Served with Plaintiff's Complaint.***

This <u>4th</u> day of <u>May</u>, <u>2023</u>.

**MORGAN & MORGAN ATLANTA, PLLC**

By: <u>/s/ *Parker Green*</u>

**PARKER M. GREEN**
Georgia Bar No. 130593

*Attorney for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (main)
pgreen@forthepeople.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/11/2023 2:09 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **LENA HARDING, INDIVIDUALLY; AND AS PROPOSED ADMINISTRATOR OF THE ESTATE OF CHAZ CARTER, DECEASED; AND DESIREE RODRIGUEZ, AS MOTHER AND NEXT FRIEND OF MYA LAEL RODRIGUEZ-CARTER, A MINOR** | Case No.:    **23-C-03058-S1** |
| Plaintiff/Petitioner | AFFIDAVIT OF SERVICE OF |
| vs. | **SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS; PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| **DKS TRANSPORT, INC.; BROOKS FURNITURE XPRESS, INC.; SENTRY SELECT INSURANCE COMPANY; AND DAVID HAROLD SOOTS** | |
| Defendant/Respondent | |

Received by **Thomas R Crump**, on the **7th day of May, 2023 at 1:26 PM** to be served upon **Brooks Furniture Xpress, Inc c/o Dawn Richardson, BOC-3 Agent** at **The Financial Integrity Group, 410 East Taylor Street Suite G, Griffin, Spalding County, GA 30223**.
On the **8th day of May, 2023 at 5:36 PM**, I, **Thomas R Crump**, SERVED **Brooks Furniture Xpress, Inc c/o Dawn Richardson, BOC-3 Agent** at **The Financial Integrity Group, 410 East Taylor Street Suite G, Griffin, Spalding County, GA 30223** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Jordan  Price**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Jordan  Price who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 35-45 years of age, 5'6''-5'8'' tall and weighing 160-180 lbs.**

Service Fee Total: **$126.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    CPS264 _____    5/8/2023 _____
　　　　　Thomas R Crump    　　　　Server ID #    　　　　　　Date

Notary Public:  Subscribed and sworn before me on this ___8th___ day of ___MAY___ in the year of 20_23_
Personally known to me __✓__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

*EARLENE H. CRUMP*
*NOTARY*
*EXPIRES*
*GEORGIA*
*07-01-2023*
*PUBLIC*
*HENRY COUNTY*

Tracking #: **0106121750**



REF: **14154306 Lena Harding BROOKS FURNITURE XPRESS, INC. /BOC-3 AGENT**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number:

22 C-07580-2

**ORDER OF APPOINTMENT**

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _____5_____ day of _____January_____, 20_23_.

_____
Presiding Judge
Gwinnett County State Court

Applicant: Thomas R Crump
Name

Address  1808 Reid Drive
Locust Grove, GA. 30248

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/15/2023 2:21 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**LENA HARDING, INDIVIDUALLY; AND AS PROPOSED ADMINISTRATOR OF THE ESTATE OF CHAZ CARTER, DECEASED; AND DESIREE RODRIGUEZ, AS MOTHER AND NEXT FRIEND OF MYA LAEL RODRIGUEZ-CARTER, A MINOR**

Plaintiff/Petitioner

vs.

**DKS TRANSPORT, INC.; BROOKS FURNITURE XPRESS, INC.; SENTRY SELECT INSURANCE COMPANY; AND DAVID HAROLD SOOTS**

Defendant/Respondent

Case No.:     **23-C-03058-S1**

AFFIDAVIT OF SERVICE OF **SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS; PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Received by **Henry Brown**, on the **5th day of May, 2023 at 2:20 PM** to be served upon **Brooks Furniture Xpress, Inc** c/o Anthony S. Brooks, Registered Agent at 1459 Robinwood Road, Newton, Catawba County, NC 28658. On the **9th day of May, 2023 at 3:56 PM**, I, Henry Brown, SERVED Brooks Furniture Xpress, Inc c/o Anthony S. Brooks, Registered Agent at 1459 Robinwood Road, Newton, Catawba County, NC 28658 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Anthony S. Brooks, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Anthony S. Brooks, Registered Agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 55-65 years of age, 6'0"-6'2" tall and weighing 240-300 lbs with a mustache.**

Service Fee Total: $171.50

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     PSC 2015104          4/12/2023
Henry Brown                                     Server ID #                          Date

Notary Public: Subscribed and sworn before me on this ___12___ day of ___May___ in the year of 20_2_3_
Personally known to me _____ or ___/___ identified by the following document: __NDL  37904820__

_____
Notary Public (Legal Signature)

JENNIFER M BRYANT
Notary Public - North Carolina
Gaston County
My Commission Expires Sep 1, 2027

 REF: **14164306** Lena Harding BROOKS FURNITURE XPRESS, INC.

Tracking #: **0106203537**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/15/2023 2:21 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

LENA HARDING, INDIVIDUALLY; AND AS PROPOSED ADMINISTRATOR OF THE ESTATE OF CHAZ CARTER, DECEASED; AND DESIREE RODRIGUEZ, AS MOTHER AND NEXT FRIEND OF MYA LAEL RODRIGUEZ-CARTER, A MINOR

Plaintiff/Petitioner

vs.

DKS TRANSPORT, INC.; BROOKS FURNITURE XPRESS, INC.; SENTRY SELECT INSURANCE COMPANY; AND DAVID HAROLD SOOTS

Defendant/Respondent

Case No.:   23-C-03058-S1

AFFIDAVIT OF SERVICE OF
SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS; PLAINTIFFS' 1ST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Received by Henry Brown, on the 8th day of May, 2023 at 9:09 PM to be served upon DKS TRANSPORT, INC. c/o David H. Soots, Registered Agent at 4397 33rd Street Lane Northeast, Hickory, Catawba County, NC 28601. On the 9th day of May, 2023 at 4:18 PM, I, Henry Brown, SERVED DKS TRANSPORT, INC. c/o David H. Soots, Registered Agent at 4397 33rd Street Lane Northeast, Hickory, Catawba County, NC 28601 in the manner indicated below:

CORPORATE SERVICE, by personally delivering 1 copy(ies) of the above listed documents to the named Corporation, by serving David H. Soots, Registered Agent, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to David H. Soots, Registered Agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 55–65 years of age, 6'0"–6'2" tall and weighing 240-300 lbs.

Service Fee Total: $171.50

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____   PSC 2015104   4/12/2025
Henry Brown                        Server ID #      Date

Notary Public: Subscribed and sworn before me on this 12 day of May in the year of 2023
Personally known to me _____ or ✓ identified by the following document: TX DL 3790402 U

_____
Notary Public (Legal Signature)

JENNIFER M BRYANT
Notary Public - North Carolina
Gaston County
My Commission Expires Sep 1, 2027

---



REF: 14154306 Lena Harding DKS TRANSPORT, INC.

Page 1 of 1
Tracking #: 0106205426

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03058-S1**

**5/15/2023 2:21 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **LENA HARDING, INDIVIDUALLY; AND AS PROPOSED ADMINISTRATOR OF THE ESTATE OF CHAZ CARTER, DECEASED; AND DESIREE RODRIGUEZ, AS MOTHER AND NEXT FRIEND OF MYA LAEL RODRIGUEZ-CARTER, A MINOR**<br><br>Plaintiff/Petitioner<br><br>vs.<br><br>**DKS TRANSPORT, INC.; BROOKS FURNITURE XPRESS, INC.; SENTRY SELECT INSURANCE COMPANY; AND DAVID HAROLD SOOTS**<br><br>Defendant/Respondent | Case No.:   **23-C-03058-S1**<br><br>AFFIDAVIT OF SERVICE OF<br>**SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS; PLAINTIFFS' 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Received by **Henry Brown**, on the **5th day of May, 2023 at 3:14 PM** to be served upon **David H. Soots at 4397 33rd Street Lane Northeast, Hickory, Catawba County, NC 28601**.
On the **9th day of May, 2023 at 4:17 PM**, I, **Henry Brown, SERVED David H. Soots** at **4397 33rd Street Lane Northeast, Hickory, Catawba County, NC 28601** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **David H. Soots**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to David H. Soots with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 55-65 years of age, 6'0"-6'2" tall and weighing 240-300 lbs.**

Service Fee Total: **$171.50**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____   PSC 2015104   4/12/2023
            Henry Brown                          Server ID #              Date

Notary Public: Subscribed and sworn before me on this 12 day of May in the year of 2023
Personally known to me _____ or _____ identified by the following document: TX DL 37904020

_____
Notary Public (Legal Signature)

JENNIFER M BRYANT
Notary Public - North Carolina
Gaston County
My Commission Expires Sep 1, 2027

REF: **14154306 Lena Harding DAVID H SOOTS**

Tracking #: **0106205402**