# EXHIBIT "B"

M0797656.1 0080

MORGAN & MORGAN
FOR THE **PEOPLE**.COM

Morgan & Morgan, P.A.
178 S Main St., Unit 300
Alpharetta
GA 30009

**FROM**

Name: Alisha Jackson
Phone: (770) 576-7619 Fax: (770) 576-7669
E-mail: apjackson@forthepeople.com

**TO**

14154306#88009994642

Sent: 5/15/23 at: 6:58:31 PM 32 page(s) (including cover)

Subject: RE: CHAZ CARTER V. BROOKS FURNITURE XPRESS, INC., ET AL.-CIVIL ACTION NO 23-C-03058-S1

Comments:

Good Evening,

Please see attached offer for the referenced case number above.

A hard copy of the packet has also been mailed via overnight FedEx, tracking number 5603 2298 1103.

Thank you,
**Alisha Jackson**
Litigation Paralegal

**P:** (770) 576-7619
**F:** (770) 576-7669
**A:** 178 S Main St Unit 300, Alpharetta, GA 30009
**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

**PRACTICE AREAS** | **LOCATIONS** | **ATTORNEYS** | **VERDICT MAGAZINE**
*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**Alisha Jackson**
Litigation Paralegal

**P:** (770) 576-7619
**F:** (770) 576-7669
**A:** 178 S Main St Unit 300, Alpharetta, GA 30009
**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

**PRACTICE AREAS** | **LOCATIONS** | **ATTORNEYS** | **VERDICT MAGAZINE**
*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line
2. Place label in shipping pouch and affix it to your shipment

ORIGIN ID:GVLA (770) 576-7619
SHIPPING DEPARTMENT
MORGAN & MORGAN
178 SOUTH MAIN ST
UNIT 300
ALPHARETTA, GA 30009
UNITED STATES US

SHIP DATE: 15MAY23
ACTWGT: 1.00 LB
CAD: 330998/FXRS1807

BILL SENDER

TO **SENTRY SELECT INSURANCE COMPANY**
**SENTRY SELECT INSURANCE COMPANY**
**1800 NORTH POINT DRIVE**

**STEVENS POINT WI 54481**
(676) 978-8165

FedEx.

**TUE - 16 MAY 10:30A**
**PRIORITY OVERNIGHT**

TRK# 0201 **5603 2298 1103**

# XH CWAA

**54481**
WI-US **MSN**

MORGAN & MORGAN

May 12, 2023

***VIA FAX AND OVERNIGHT FEDEX***
***888.533.7827***
***800.999.4642***

* 1 4 1 5 4 3 0 6 *

SENTRY SELECT INSURANCE COMPANY
1800 North Point Drive
Stevens Point, WI 54481

**Re:** *Chaz Carter v. Brooks Furniture Xpress, Inc. et al.*
State Court of Gwinnett County, Georgia
Civil Action File #23-C-03058-S1

***** TIME-LIMITED, POLICY LIMITS DEMAND *****

To Whom it May Concern:

I write to convey to you, your clients, and their liability insurer (who we understand is Sentry Select Insurance Company – hereinafter referred to as "Sentry Insurance") an offer to settle the claims my client has asserted in the above-referenced case. This notice and offer of compromise is directed to you as the representative of Sentry Insurance as the liability insurance carrier pursuant to O.C.G.A. § 9-11-67.1, O.C.G.A. § 13-6-11, and General Ins. Co., v. Holt, 262 Ga. 267 (1992). This communication is only intended for the use of compromise and is not permitted to be submitted as evidence in Georgia or Federal courts pursuant to O.C.G.A. § 24-4-408. We are also attaching a copy of our client's summons, complaint for damages and police report.

Provided all terms of the offer contained in this demand letter are met, my clients will accept payment of **ONE MILLION DOLLARS ($1,000,000.00)** from Sentry Insurance. This demand is contingent on your insured – Brooks Furniture Xpress, Inc. – and its driver (David Soots) only having $1,000,000 in liability coverage available for the subject-crash. In exchange for the settlement amount, my clients and/or their representatives will execute a ***limited liability release*** in favor of your insureds pursuant to O.C.G.A. § 33-24-41.1. My clients will also compromise any valid and legally enforceable liens arising from the subject-crash with the settlement proceeds. Furthermore, if available insurance coverage is any amount other than $1 million, or if there are additional policies of insurance available, this offer of compromise is hereby automatically adjusted to the full and combined total amount of all insurance policy limits available to cover my client's claim.

As you know, Chaz Carter sadly died in the subject-collision. Your insureds owner-driver (Mr. Soots) was negligently operating the truck in the subject-collision while Brooks Furniture Xpress, Inc. owned the truck Mr. Soots was driving at the time. Brooks Furniture Xpress, Inc. will be held liable

and apportioned fault based on its negligent entrustment of the company truck to Mr. Soots, and failure to take necessary precautions to avoid any collision. Mr. Soots' negligence is, in our opinion, obvious and does not require further explanation beyond stating "is what it is," especially since he was driving carelessly failing to yield to oncoming traffic while attempting to make a left turn.

This offer to settle is time-limited and will remain open for **THIRTY (30) DAYS** from receipt of this letter. As a material part of this demand, any payments must be received via check payable within **SEVEN (7) DAYS** of accepting this demand in writing. Additionally, a material term of this offer of settlement is execution of an Affidavit of No Additional Insurance.

We believe this demand is more than reasonable based on the negligence of your insureds and and because my clients' loss and corresponding damages far exceed the $1,000,000 available policy limits. Therefore, if this offer to settle is not accepted, we will obtain an excess verdict and then pursue all your insured's wages and assets until the judgment is paid in full. We likewise have no doubt that Sentry Insurance will face exposure for bad faith damages for its negligent failure to settle this claim. The following sections provide detailed information in support of this 30-day time-limited demand for your insured's policy limits and offer to settle to Sentry Insurance.

## FACTUAL BACKGROUND

On May 14, 2021, Chaz Carter was traveling northbound on Peachtree Industrial Blvd. At the same time, Mr. Soots was travelling southbound on Peachtree Industrial Blvd when he failed to keep a proper lookout, failed to yield to the right-of-way, and attempted a left-turn onto Peachtree Corners in front of their approaching vehicle. Mr. Soots' trailer predictably failed to clear the roadway ahead of Chaz Carter's vehicle, which ultimately caused the subject-collision and Chaz' heartbreaking death. Since then, Mr. Soots was arrested on September 25, 2021 and charged with homicide by vehicle based on his failure to yield the right of way while turning left.

## CLARITY & EXTENT OF LIABILITY

This is a case of clear liability against your insured Mr. Soots and Brooks Furniture Xpress, Inc.. There is no question that Mr. Soots is responsible for colliding with Chaz Carter's vehicle. Indeed, the subject-collision does not occur but for Mr. Soots' decision to attempt and failure to complete his left-turn at the intersection. Mr. Soots was driving a company vehicle at the time, which makes Brooks Furniture Xpress, Inc. equally liable for the negligent acts and omissions of its employee-driver, David Soots. We also believe that your insured – Brooks Furniture Xpress, Inc. – will also face liability for its independently negligent acts relating to the hiring, retention, training, and entrustment of the tractor-trailer to Mr. Soots at the time of the subject-collision.

## NO COMPARATIVE NEGLIGENCE

Just as important as the clarity and extent of liability is whether a plaintiff did anything to contribute to the subject-collision. If a plaintiff did nothing wrong nor put himself in harm's way, then the damages awarded by a jury will go up exponentially.

In this case, Chaz Carter was safely traveling northbound on Peachtree Industrial Blvd. with the right-of-way when Mr. Soots attempted to make a left-turn with his tractor-trailer directly in front of Chaz's approaching vehicle. There was nothing Chaz Carter could have done, or not done, to avoid

the subject-collision. A jury in Gwinnett County, Georgia will empathize with Chaz Carter's surviving family members and punish your insureds for their role in causing his tragically early death.

## ECONOMIC DAMAGES

Chaz Carter was only 29 years old when he was killed in the subject-collision with Mr. Soots. According to Georgia law (specifically the Annuity Mortality Table for 1949, Ultimate), Chaz Carter's statutory life expectancy was **45.56 years** at the time of his premature death. The following sections will provide information about the type of man Chaz Carter was at the time of his death, in addition to shedding light on the man he hoped to become. Needless to say, Chaz's 45.56 years of life expectancy give rise to a lengthy period of damages exposure for your insured and its truck driver, especially if Chaz's life and plans for the future are taken into account and valued through his own eyes as required under Georgia's wrongful death law.

## HUMAN ELEMENT

Chaz was only 29 years old when Mr. Soots caused his premature death by attempting to make a left turn in front of his approaching vehicle. Prior to the subject-collision, Chaz was an incredibly talented performer, rapper, and songwriter who truly loved life. Raised by a strong single mother, Chaz used his struggles growing up in a broken home to as testimony for others when creating his emotionally charged musical content. Chaz was also a skilled barber for more than a decade, bringing "freshness" into every barbershop that he worked in since 2015. In fact, Chaz was featured in a 2015 Baltimore Fox 45 story about a struggling local rap artist, working as a barber to support his musical dreams. Chaz also had a ministry that provided a focal point to convey his life experiences, aspirations, and talent to others with his background.

More importantly, Chaz became a father in 2016 to the love of his life – Mya – his beautiful baby girl. He longed to demonstrate how deep a father's love could go, and he wanted to be the greatest dad in the world and worked tirelessly to do so. For those reasons, Chaz moved to Atlanta shortly prior to the subject-collision to pursue new employment and provide a better living for his daughter (Mya) and fiancé (Desiree Rodriguez, who lives and works in Baltimore, MD as a nurse). Desiree and Mya were already preparing to move to Atlanta so the family could be together and, tragically, so that Chaz and Desiree could marry shortly afterwards.

There is no exaggeration required – Chaz's future was without limit – and his daughter (Mya) was robbed of her father while her mother (Desiree) was robbed of her future spouse. Chaz and every member of his family and community were robbed of that future when it was abruptly taken away by Mr. Soots' incredibly poor decision to attempt a left turn in his tractor-trailer directly in front of Chaz's approaching vehicle. There are no words to adequately describe the immense impact that this tragic accident has created for Chaz's family and spouse-to-be. The photographs below at least provide some insight into Chaz the person, the father, and beloved family member.

2023/05/15 18:58:32 6 /32

*Harding v. Brooks Transport*
May 12, 2023
Page 4

The reason I have to make it happen!






2023/05/15 18:58:32 7 /32

*Harding v. Brooks Transport*
May 12, 2023
Page 5





## CONCLUSION

As a direct and proximate result of Mr. Soots and Brooks Furniture Xpress, Inc.'s negligence, Chaz Carter sustained catastrophic injuries resulting in his death. According to the medical examiner's report, Chaz passed away approximately 40 minutes after the subject-collision as a result of blunt-force trauma in the impact with your insured's tractor-treailer. Your client will be held liable and apportioned fault for their failure to keep a proper and safe lookout while driving, improper and unsafe left turn in a tractor-trailer, and absolute failure to take necessary precautions to the subject-collision. Based on the post-collision criminal charges against your insured's truck driver, I certainly expect that claims of reckless driving are more than reasonable to assert.

If Sentry Insurance and/or its insureds fail to tender the $1,000,000 policy limits (or the limits of any other applicable liability policy) in exchange for a limited liability release, we will pursue every damage and amount of recovery available from Sentry Insurance, its insureds (Brooks Furniture Xpress, Inc.), and its insured's truck driver (David Soots). The potential exposure of this claim speaks for itself. Govern your actions accordingly.

If you need any further information, please do not hesitate to contact me. Chaz Carter's family and I look forward to your response in the meantime.

Sincerely,

**PARKER GREEN**
*Attorney for Plaintiffs*

PMG/aj
Enclosures

Verdict Magazine



CLERK OF STATE CO
GWINNETT COUNTY, GEO
23-C-0305
5/5/2023 9:44
TIANA P. GARNER, CI

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,
PLAINTIFFS

CIVIL ACTION NUMBER: 23-C-03058-S1

VS.

DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS

DEFENDANT

# SUMMONS

TO THE ABOVE NAMED DEFENDANT: DKS Transport, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 2023 day of ______, 20___.

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By [signature]
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE CO
GWINNETT COUNTY, GEO
23-C-0305
5/5/2023 9:44
TIANA P. GARNER, CI

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,
PLAINTIFFS

CIVIL ACTION NUMBER: 23-C-03058-S1

VS.

DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS

DEFENDANT

# SUMMONS

TO THE ABOVE NAMED DEFENDANT: Brooks Furniture Xpress, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 2023 day of ________, 20___.

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By Mary [signature]
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE CC
GWINNETT COUNTY, GEO
**23-C-03058**
**5/5/2023 9:44**
TIANA P. GARNER, CL

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,
PLAINTIFFS

CIVIL ACTION NUMBER: 23-C-03058-S1

VS.

DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: SENTRY SELECT INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 2023 day of ________, 20____.

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By ________________
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE CC
GWINNETT COUNTY, GEO
23-C-0305E
5/5/2023 9:44
TIANA P. GARNER, CI

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,
PLAINTIFFS

CIVIL ACTION NUMBER: 23-C-03058-S1

VS.

DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: David Harold Soots

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PARKER M. GREEN, ESQ.
MORGAN & MORGAN, PLLC
178 S. MAIN ST., UNIT 300
ALPHARETTA, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 2023 day of ______, 20___.

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By Mary [signature]
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used

SC-1 Rev. 2011

CLERK OF STATE CO
GWINNETT COUNTY, GEO
23-C-0305
5/4/2023 5:28
TIANA P. GARNER, CI

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

LENA HARDING, Individually and as Proposed Administrator of the Estate of CHAZ CARTER, Deceased, and DESIREE RODRIGUEZ, as Mother and Next Friend of MYA LAEL RODRIGUEZ-CARTER, a Minor,

*Plaintiffs*,

vs.

DKS TRANSPORT, INC., BROOKS FURNITURE XPRESS, INC., SENTRY SELECT INSURANCE COMPANY, and DAVID HAROLD SOOTS,

*Defendants*.

CIVIL ACTION FILE NO.: 23-C-03058-S1

***JURY TRIAL DEMANDED***

**COMPLAINT**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Chaz Carter, Deceased, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, make and file this Complaint against DKS Transport, Inc., Brooks Furniture Xpress, Inc., Sentry Select Insurance Company, and David Harold Soots (referred to collectively as "Defendants"), as follows:

**PARTIES & JURISDICTION**

**1.**

Plaintiff Lena Harding is the Proposed Administrator of the Estate of Chaz Carter, Deceased (hereinafter referred to individually as "Decedent"), and Parent of Decedent, and she is a citizen and resident of Georgia.

2.

Plaintiff Desiree Rodriguez is the Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor.

3.

Plaintiff Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death. Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

4.

Plaintiff Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, states her intention to bring each and every claim permissible under Georgia law for the Estate of Decedent and his wrongful death. Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

5.

Defendant DKS Transport, Inc. ("DKS") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant DKS may be served by delivering a copy of the Summons and Complaint to its registered agent for service, David H. Soots, at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099, and it is subject to the jurisdiction of this Court.

6.

Defendant Brooks Furniture Xpress, Inc. ("Brooks") is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in North Carolina. Defendant Brooks may be served by delivering a copy of the Summons and Complaint to its registered agent for service, Anthony S. Brooks, at 1459 Robinwood Road, Newton, Catawba County, North Carolina 28658-8322. A courtesy copy of the Summons and Complaint may be served to its BOC-3 agent, Dawn Richardson, at The Financial Integrity Group, at 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223, and it is subject to the jurisdiction of this Court.

7.

Defendant Sentry Select Insurance Company ("Sentry Insurance") is a foreign insurance company existing under the laws of the State of Wisconsin with a principal place of business located in Wisconsin. Defendant Sentry Insurance may be served by delivering a copy of the Summons and Complaint to its registered agent, C T Corporation System, at 289 S Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805, and it is is subject to the jurisdiction of this Court.

8.

Defendant David Harold Soots ("Soots") is a citizen and resident of the State of North Carolina and may be served with a copy of the Summons and Complaint at his home address located at 4397 33rd Street Lane NE, Hickory, Catawba County, North Carolina 28601-7099.

9.

This lawsuit arises out of a motor vehicle crash that occurred on May 14, 2021, at the intersection of Peachtree Industrial Blvd NW and Peachtree Corners East within Gwinnett County,

Georgia (hereinafter referred to as the "subject-crash").

**10.**

As Defendant Soots is a non-resident motorist and the subject-crash occurred in Gwinnett County, Georgia, jurisdiction and venue are proper under O.C.G.A. § 40-12-3.

**11.**

Jurisdiction and venue are proper in this Court.

**12.**

Defendant Soots has been properly served with process in this action.

**13.**

Defendant DKS has been properly served with process in this action.

**14.**

Defendant Brooks has been properly served with process in this action.

## FACTUAL BACKGROUND

**15.**

On May 14, 2021, at approximately 8:26 a.m., Decedent, was travelling northbound on Peachtree Industrial Blvd. ("S.R. 141") towards the intersection with Peachtree Corners East.

**16.**

At the same time, Defendant Soots was operating a tractor-trailer traveling southbound on S.R. 141.

**17.**

As Decedent traveled northbound on S.R. 141, Defendant Soots failed to yield the right-of-way and attempted to make a left-turn onto Peachtree Corners eastbound in front of Decedent's approaching vehicle, thus colliding with Decedent's vehicle.

**18.**

At all relevant times, Decedent operated his vehicle in a safe and prudent manner and in compliance with applicable traffic laws while traveling on S.R. 141 northbound.

**19.**

Defendant DKS was the owner of the tractor-trailer that Defendant Soots was operating at the time of the subject-crash.

**20.**

Defendant Brooks was operating under the USDOT number and operating authority of Defendant DKS at the time of the subject-crash.

**21.**

Defendant DKS was operating under the USDOT number and operating authority of Defendant Brooks at the time of the subject-crash.

**22.**

Following the subject-crash, Defendant Soots received a citation for failing to yield while turning left pursuant to O.C.G.A. § 40-6-71.

**23.**

Approximately four months following the subject-crash, Defendant Soots was arrested and charged with homicide by vehicle pursuant to O.C.G.A. § 40-6-393.

**24.**

As a result of Defendant Soots' foregoing acts and omissions, Decedent experienced fright, shock, and/or mental suffering immediately prior to the subject-crash in which he subsequently lost his life.

**25.**

As result of the subject-crash, Decedent sustained catastrophic injuries, experienced conscious pain and suffering, and subsequently died as a result of the subject-crash.

**COUNT I — *Negligence of Defendant Soots***

**26.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #25 above as if fully restated.

**27.**

Defendant Soots owed a duty to exercise due care while driving the tractor-trailer; to obey and comply with traffic control devices and signals; to keep a proper lookout; to pay attention and avoid driver distractions at all times; to yield the right-of-way when turning left; to never attempt a left-turn unless the tractor-trailer will clear the intersection without colliding with approaching vehicles; to never attempt a left-turn unless the turn can be completed safely; to not attempt a left-turn if the tractor-trailer would pose an emergency to vehicle approaching the intersection from the opposite direction; to yield the right-of-way when making a left-turn left; to properly control his vehicle; to take proper evasive action if and when necessary; and, to drive and operate his vehicle in a safe and reasonable manner.

**28.**

Defendant Soots breached those duties and, therefore, he was negligent in colliding with Decedent's vehicle.

**29.**

Defendant Soots was negligent *per se*.

**30.**

Decedent did not cause or contribute in any way to the subject-crash.

**31.**

Defendant Soots' negligence was the sole and proximate cause of the subject-crash, and Decedent's resulting injuries, damages, losses, physical pain, and emotional distress, and wrongful death.

## COUNT II — *Imputed Liability of Defendant DKS*

**32.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #31 above as if fully restated.

**33.**

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant DKS.

**34.**

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant DKS's business.

**35.**

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant DKS.

**36.**

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant DKS.

37.

Defendant DKS is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

38.

Defendant DKS is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

**COUNT III — *Negligent Hiring, Training & Supervision of Defendant DKS***

39.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #38 above as if fully restated.

40.

Defendant DKS was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

41.

Defendant DKS was negligent in failing to properly train Defendant Soots.

42.

Defendant DKS was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

43.

Defendant DKS was negligent in failing to properly supervise Defendant Soots.

44.

Defendant DKS' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

**COUNT IV — *Imputed Liability of Defendant Brooks***

45.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #44 above as if fully restated.

46.

At the time of the subject-crash, Defendant Soots was an employee of and/or operating the tractor-trailer on behalf of Defendant Brooks.

47.

At the time of the subject-crash, Defendant Soots was driving his vehicle in furtherance of Defendant Brooks' business.

48.

At the time of the subject-crash, Defendant Soots was acting within the course and scope of his employment with Defendant Brooks.

49.

At the time of the subject-crash, Defendant Soots was driving the tractor-trailer under the operating authority of Defendant Brooks.

50.

Defendant Brooks is responsible for Defendant Soots' negligence under the theory of *respondeat superior* and/or vicarious liability.

51.

Defendant Brooks is an interstate or intrastate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Soots in the subject-crash under the doctrine of lease liability, agency, or apparent agency.

**COUNT V — *Negligent Hiring, Training & Supervision of Defendant Brooks***

52.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #51 above as if fully restated.

53.

Defendant Brooks was negligent in hiring Defendant Soots and entrusting him to operate the tractor-trailer.

54.

Defendant Brooks was negligent in failing to properly train Defendant Soots.

55.

Defendant Brooks was negligent in failing to properly ensure that Defendant Soots was qualified to operate the tractor-trailer.

56.

Defendant Brooks was negligent in failing to properly supervise Defendant Soots.

57.

Defendant Brooks' negligence in hiring Defendant Soots and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Soots, was the sole and proximate cause of the subject-crash, as well as Decedent's resulting injuries and wrongful death.

**COUNT VI — *Direct Action***

**58.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #57 above as if fully restated.

**59.**

Defendant Sentry Insurance is subject to direct action as the insurer for Defendant Brooks pursuant to O.C.G.A. § 40-2-140.

**60.**

Defendant Sentry Insurance was the insurer of Defendant Brooks and/or Defendant DKS at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for interstate and interstate transportation.

**61.**

Defendants Sentry Insurance, Brooks, and DKS are subject to the filing requirements set forth within O.C.G.A. § 40-2-140 and similar laws.

**62.**

Defendant Sentry Insurance is responsible for any judgment rendered as to and/or against Defendant Brooks and/or Defendant DKS.

**COUNT VII — *Attorneys' Fees & Expenses of Litigation***

**63.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #62 above as if fully restated.

**64.**

Defendants, individually and by and through their representatives, have been stubbornly litigious and caused Plaintiffs unnecessary trouble and expense.

**65.**

Defendants are liable to Plaintiffs for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**COUNT VIII — *Damages***

**66.**

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #65 above as if fully restated.

**67.**

The injuries, conscious pain and suffering, and subsequent death of Decedent were the direct and proximate result of the negligence of Defendants and, but for said negligence, Decedent would not have suffered injuries, experienced conscious pain and suffering, and subsequently died.

**68.**

As a proximate and foreseeable result of Defendants' negligence, Decedent, received serious injuries; endured mental and physical pain and suffering; mental anguish; pre-impact fright, shock, and terror; death; loss of the enjoyment of life; and, suffered other damages as will be proven at trial and permitted under Georgia law.

**69.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover the full value of the life of Decedent for his wrongful death, and all other elements of damages allowed under Georgia law. Plaintiffs further state that their intention

is to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible and/or available under Georgia law, including but not limited to:

     a)     Personal injuries;

     b)     Mental and physical pain and suffering;

     c)     Pre-impact fright, shock, and terror;

     d)     Mental anguish;

     e)     Loss of the enjoyment of life;

     f)     Wrongful death;

     g)     Damages for all elements of the full value of Decedent's life, tangible and intangible;

     h)     Funeral and burial expenses;

     i)     Incidental expenses;

     j)     Past, present, and future loss of earnings; and

     k)     Consequential damages to be proven at trial

**70.**

Plaintiffs, Lena Harding, Individually and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, are entitled to recover for the injuries and conscious pain and suffering sustained by Decedent, prior to his death, funeral and burial expenses, and all other elements of damages allowed under Georgia law. Plaintiffs state that their intention is to seek all compensatory special, economic, consequential, general, punitive, estate, and all other damages permissible under Georgia law.

71.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to and death of Decedent. Defendants are jointly and severally liable for the wrongful death of Decedent and all damages recoverable under Georgia law.

72.

Defendants' negligence is the sole and proximate cause of Decedent's injuries and damages resulting from the subject-crash.

**COUNT IX — *Punitive Damages***

73.

Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs #1 through #72 above as if fully restated.

74.

The conduct of Defendants was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, Plaintiffs are entitled to an award of punitive damages in this matter.

75.

As a result of the aforementioned acts, omissions, and conduct, Defendants are liable to Plaintiffs for uncapped punitive damages.

**WHEREFORE,** Plaintiffs pray that they have a jury trial on all issues and judgment against Defendants, as follows:

(a) That Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(b) That Plaintiffs be awarded past, present, and future damages permitted under Georgia law in an amount to be proven through the evidence at the time of the trial for the past, present and future;

(c) That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, be awarded all damages for the wrongful death of Decedent and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

(d) That Plaintiffs, Lena Harding, Individually, and as Proposed Administrator of the Estate of Decedent, and Desiree Rodriguez, as Mother and Next Friend of Mya Lael Rodriguez-Carter, a Minor, recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(e) That Plaintiffs have a trial by jury of twelve;

(f) That Plaintiffs have such other relief as this Court deems just and proper.

This 4th day of May, 2023.

Respectfully Submitted,
**MORGAN & MORGAN ATLANTA, PLLC**

By: /s/ Parker Green
**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorneys for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (phone)
pgreen@forthepeople.com



# GEORGIA MOTOR VEHICLE CRASH REPORT

| Agency Case Number | Agency NCIC Number | County | Date Rec. by GDOT |
|---|---|---|---|
| C000770476-01 | GAGSP0000 | GWINNETT | |

| Estimated Crash Date | Estimated Crash Time | Dispatch Date | Dispatch Time | Arrival Date | Arrival Time | Vehicles | Injuries | Fatalities | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| 05/14/21 | 08:26 | 05/14/21 | 08:31 | 05/14/21 | 08:51 | 2 | 0 | 1 | NORCROSS |

Road of Occurrence: 5950 PEACHTREE INDUSTRIAL BLVD NW — At its Intersection With: PEACHTREE CORNERS

☐ Corrected Report

Not At Its Intersection But ____ ☐Miles ☐Feet ☐North ☐South ☐East ☐West Of ____

☐ Sup To Original

Latitude (Y): 33.9150220096486 (Format) 00.00000 — Longitude (X): -84.2087298929316 (Format) -00.00000

☐ Hit And Run?

| Field | Unit 1 | Unit 2 |
|---|---|---|
| Unit # / Type | 1 — ☒ Driver ☐ Ped ☐ Bike | 2 — ☒ Driver ☐ Ped ☐ Bike |
| Last Name / First / Middle | SOOTS / DAVID / HAROLD | CARTER / CHAZ / |
| Susp At Fault | ☒ | ☐ |
| Address | 4397 33RD STREET LN NE | 9000 GARTH RD APT 404 |
| City / State / Zip | HICKORY / NC / 28601-7099 | OWINGS MILLS / MD / 21117 |
| DOB | [redacted] | [redacted] |
| Driver's License No. / Class / State / Country | 000003190662 / A / NC / UNITED STATES | C836115139746 / C / MD / UNITED STATES |
| Insurance Co. / Policy No. | SENTRY SELECT INSURANK / A0099800001 | MD AUTO INS FUND / UNK |
| Telephone No. | [redacted] | |
| Year / Make / Model | 2015 / PETERBILT / 579 | 2004 / HYUNDAI / 4S |
| VIN / Vehicle Color | 1XPBD49X6FD269561 / BRO | KMHWF35H74A947475 / SIL |
| Tag # / State / County / Year | NK3811 / NC / CATAW / 2021 | 9DZ6751 / MD / UNK / 2020 |
| Trailer Tag # / State / County / Year | 014726T / TN / UNK / | |
| Same as Driver | ☐ | ☐ |
| Owner's Last Name / First / Middle | DKS TRANSPORT INC | CARTER ENTERPRISE: |
| Address | 4397 33RD ST LN NE | 9000 GARTH RD APT 404 |
| City / State / Zip | HICKORY / NC / 28601 | OWINGS MILLS / MD / 21117 |
| Removed By | DRIVER | WILLARDS |
| Request List | ☐ | ☒ |
| Alco Test / Type / Results | 2 / / | 2 / / |
| Drug Test / Type / Results | 2 / / | 2 / / |
| First Harmful Event | 11 | 11 |
| Most Harmful Event | 11 | 11 |
| Operator/Ped Cond | 1 | 2 |
| Operator Contributing Factors | 4 | 5 |
| Vehicle Contributing Factors | 1 | 1 |
| Roadway Contributing Factors | 1 | 1 |
| Direction of Travel | 2 | 1 |
| Vehicle Maneuver | 1 | 5 |
| Non-Motor Maneuver | | |
| Vehicle Class | 7 | 1 |
| Vehicle Type | 4 | 1 |
| Vision Obscured | 1 | 1 |
| Number of Occupants | 1 | 1 |
| Area of Initial Contact | 3 | 12 |
| Damage to Veh | 3 | 4 |
| Traffic-Way Flow | 2 | 2 |
| Road Comp | 2 | 2 |
| Road Character | 2 | 2 |
| Number of Lanes | 4 | 4 |
| Posted Speed | 45 | 45 |
| Work Zone | 0 | 0 |
| Traffic Control | 2 | 2 |
| Device Inoperative | ☐ Yes ☒ No | ☐ Yes ☒ No |
| Citation Information: Citation # / O.C.G.A. § | | |
| Citation # / O.C.G.A. § | | |
| Citation # / O.C.G.A. § | | |

## COMMERCIAL MOTOR VEHICLES ONLY

| Field | Unit 1 | Unit 2 |
|---|---|---|
| Carrier Name | DKS TRANSPORT INC | |
| Address / City / State / Zip | 4397 33RD ST LN NE / HICKORY / NC / 28601 | |
| U.S. D.O.T. # | 831953 | |
| No. of Axles | 5 | |
| G.V.W.R. | 03 | |
| Cargo Body Type | 1 | |
| Vehicle Config. | 3 | |
| Interstate / Intrastate | ☐ Interstate ☒ Intrastate | ☐ Interstate ☐ Intrastate |
| Fed. Reportable | ☒ Yes ☐ No | ☐ Yes ☐ No |
| C.D.L.? | ☒ Yes ☐ No | ☐ Yes ☐ No |
| C.D.L. Suspended? | ☐ Yes ☒ No | ☐ Yes ☐ No |
| Vehicle Placarded? | ☐ Yes ☒ No | ☐ Yes ☐ No |
| Hazardous Materials? | ☐ Yes ☒ No | ☐ Yes ☐ No |
| Haz Mat Released? | ☐ Yes ☒ No | ☐ Yes ☐ No |
| If YES: Name or four Digit Number from Diamond or Box | | |
| One Digit Number from Bottom of Diamond | | |
| | ☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units | ☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units |

## COLLISION FIELDS

| Manner of Collision: 1 | Location at Area of Impact: 7 | Weather: 2 | Surface Condition: 1 | Light Condition: 1 |
|---|---|---|---|---|

## NARRATIVE

Vehicles 1 was traveling south on Peachtree Industrial Blvd. Vehicle #2 was traveling north on Peachtree Industrial Blvd. Vehicle 1 entered the left turning lane on Peachtree Industrial Blvd to make a left turn (to travel eastbound) onto Peachtree Corners and while doing so failed to yield to oncoming traffic. Vehicle #2 then struck vehicle #1 in the right side of vehicle 1's trailer with the front of vehicle #2. Area of impact with the trailer was near the right rear tandem tires of vehicle 1's trailer.

Vehicles 1 and 2 final rest position was at the intersection of Peachtree Industrial Blvd and Peachtree Corners. Vehicle 1 was facing east and vehicle 2 was facing west on Peachtree Corners.

Upon arrival of Investigating Trooper both vehicles were blocking lanes 1 and 2 on the northbound side. The dash cam video footage of the tractor trailer was attached along with multiple pictures taken on scene. There was no sign of braking of vehicle 2 on the roadway.

This report was deemed to be a Federal Reportable Crash due to the crash involving a CMV that resulted in disabling damages. Vehicles 1 and 2 were towed from the scene.

This investigation was audio and video recorded on WatchGuard 4RE.
Troop C SCRT assisting with investigation.

Note: Blood drawn by Gwinnett County M.E. Office on D#2.

Charges pending upon completion of investigation.

## DIAGRAM

INDICATE NORTH

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |
|---|---|
| | |

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| BELO, CLINTONA | 2017 ALLWOOD CT | LAWRENCEVILLE | GA | 30044-2802 | 770-841-9347 |

## OCCUPANT INFORMATION

**1**

Name (Last, First): SOOTS, DAVID — Address: 4397 33RD STREET LN NE HICKORY, NC 28601-7099

| Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
|---|---|---|---|---|---|---|---|---|---|
| 57 | M | 1 | 1 | 3 | 1 | 2 | 0 | 0 | 2 |

| Injury Taken To: | By: | EMS Notified Time: | EMS Arrival Time: | Hospital Arrival Time: |
|---|---|---|---|---|
| | | | | |

**2**

Name (Last, First): CARTER, CHAZ — Address: 9000 GARTH RD APT 404 OWINGS MILLS, MD 21117

| Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
|---|---|---|---|---|---|---|---|---|---|
| 29 | M | 2 | 1 | 3 | 1 | 1 | 5 | 1 | 1 |

| Injury Taken To: | By: | EMS Notified Time: | EMS Arrival Time: | Hospital Arrival Time: |
|---|---|---|---|---|
| NORTHSIDE GWINNETT LAWI | GWINNETT FIRE | 00:00 | 08:32 | 00:00 |

## ADMINISTRATIVE

Photos Taken: ☐ Yes ☒ No By:

*Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2963*

| Report By: | Agency: | Report Date: | Checked By: | Date Checked: |
|---|---|---|---|---|
| OLVERA, ERIC #0577 | GSPC\POST 51 | 05/14/21 | WILKINS, A. #0247 | 05/21/21 |

ADDITIONAL or FULL PAGE DIAGRAM

