IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FATOUMATA GUEYE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIRGINIA CROSBY; LYFT, INC. ) <br> (DE); CHRISTOPHER MAY; ) <br> PENSKE TRUCK LEASING CO., ) <br> L.P.; PENSKE TRUCK LEASING ) <br> CORPORATION; THE SHERWIN- ) <br> WILLIAMS COMPANY; and OLD ) <br> REPUBLIC INSURANCE CO., ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. |

## NOTICE OF REMOVAL

COME NOW defendants Christopher May; The Sherwin-Williams Company ("Sherwin-Williams"); and Old Republic Insurance Co. ("Old Republic") (collectively, "Removing Defendants") and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of removal within the time prescribed by law, showing the Court as follows:

1.

On April 27, 2022, plaintiff filed a complaint in the State Court of DeKalb County, Georgia, Civil Action File No. 23A01864, which county is within the Atlanta Division of the Northern District of Georgia.

2.

This notice of removal is filed within the time period prescribed by 28 U.S.C. § 1446(b).

3.

Defendant Virginia Crosby has not been served; defendant May was served on May 10, 2023; defendant Lyft, Inc. (DE) ("Lyft") was served on May 4, 2023; defendant Penske Truck Leasing Co., L.P. ("PTL Co.") was served on May 4, 2023; defendant Penske Truck Leasing Corporation ("PTL Corp.") was served on May 4, 2023; defendant Sherwin-Williams was served on May 8, 2023; and defendant Old Republic was served on May 4, 2023.

4.

A true and correct copy of all process, pleadings, and orders filed in connection with this action is attached hereto as Exhibit A.  Removing Defendants have no knowledge of any other process, pleadings, or orders served in connection with this action, other than those attached hereto.

5.

This Court has original jurisdiction over the above-referenced case under 28 U.S.C. § 1332.

6.

There is complete diversity among the parties.

7.

Plaintiff is a citizen of the State of Georgia. (Compl., ¶ 1.)

8.

Defendant Crosby is a citizen of Georgia (Compl., ¶ 2) but **has not been served** and appears to have been joined for the purpose of defeating diversity jurisdiction; therefore, and her consent is not required. *Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served").

9.

Defendant Lyft is incorporated in the State of Delaware with its principal place of business in the State of California. (Compl., ¶ 3; *see also* Georgia Secretary of State, *Business Search results* attached as Exhibit B.) Accordingly, defendant Lyft is a citizen of Delaware and California for purposes of diversity jurisdiction. 28 U.S.C.

§ 1332(c)(1).  On May 30, 2023, ***plaintiff and defendant Lyft filed a joint motion to dismiss Lyft*** from this case; therefore, its consent to the removal of this case to federal court is immaterial.  (*See* Exhibit C, attached.)

10.

Defendant May is a citizen of Alabama.  (Compl., ¶ 4.)

11.

Defendant PTL Corp. is incorporated in the State of Delaware with its principal place of business in the State of Pennsylvania.  (Compl., ¶ 6; *see also* Georgia Secretary of State, *Business Search results* attached as Exhibit D.)  Accordingly, defendant PTL Corp. is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).  Defendant PTL Corp. consents to the removal of this case to federal court.

12.

Defendant PTL Co. is a limited partnership under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania  (*See* Georgia Secretary of State, *Business Search results* attached as Exhibit E.)  PTL Co.'s partners are:

    A.    PTL GP, LLC, a Delaware limited liability company with its principal place of business in Pennsylvania (*see* Delaware Secretary of State,

      *Business Search results* attached as Exhibit F) and whose sole member is LJ VP Holdings LLC, a Delaware limited liability company with its principal place of business in Pennsylvania (*see* Delaware Secretary of State, *Business Search results* attached as Exhibit G);

  B.    PTL Corp. (*see* paragraph 11 above); and

  C.    Penske Automotive Group, Inc., which is incorporated in the State of Delaware with its principal place of business in the State of Michigan. (*See* Delaware Secretary of State, *Business Search results* attached as Exhibit H.)

Accordingly, defendant PTL Co. is a citizen of Delaware, Pennsylvania, and Michigan for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant PTL Co. consents to the removal of this case to federal court.

13.

Defendant Sherwin-Williams is incorporated and has its principal place of business in the State of Ohio. (Compl., ¶ 8; *see also* Georgia Secretary of State, *Business Search results* attached as Exhibit I.) Accordingly, defendant Sherwin-Williams is a citizen of Ohio for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

14.

Defendant Old Republic is incorporated and has its principal place of business in the State of Pennsylvania. (Compl., ¶ 12; *see also* Georgia Secretary of State, *Business Search results* attached hereto as Exhibit J.) Accordingly, defendant Old Republic is a citizen of Pennsylvania for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

15.

Removing Defendants make a plausible allegation that plaintiff is seeking recovery in an amount in excess of $75,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). Specifically, plaintiff is seeking general and special damages for personal injuries, including for past and future physical, mental, and emotional pain and suffering; medical expenses; attorney's fees and litigation expenses; and all other relief allowed. (Compl., ¶¶ 73-77, 78 [sic]; and prayer for relief.) Additionally, before filing suit, plaintiff demanded payment in excess of $75,000 to settle her claims. *See Lucas v. USAA Casualty Ins. Co.*, 716 F. App'x 866, 867 n.1 (11th Cir. 2017) (plaintiff's pre-suit settlement demand in excess of $75,000 satisfied amount-in-controversy

requirement); *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 865 (11th Cir. 2008) (same).[1]

16.

The undersigned has read this notice of removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, this notice of removal having been filed, said action shall proceed in the United States District Court for the Northern District of Georgia, Atlanta Division, and no further proceedings shall be held in said case in the State Court of Dekalb County.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants
Christopher May; The Sherwin-

---

[1] Plaintiff's settlement demand is not attached hereto but will be provided upon request.

-8-

          Williams Company; and Old Republic
          Insurance Company

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Notice of Removal* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants. Counsel of record is:

> Miguel Castro, Esq.
> Mark Issa, Esq.
> Sean O'Sullivan, Esq.
> Fredis Romero, Esq.
> Jason Duncan, Esq.
> Issa & Castro, LLC
> 66 Lenox Pointe NE
> Atlanta, GA 30324
> miguel@issalawfirm.com
> mark@issalawfirm.com
> sean@issalawfirm.com
> fredis@issalawfirm.com
> jason@issalawfirm.com

This 2nd day of June, 2023.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE

Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)