# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **AYOTOKUMBO S. OMIDELE** and **TATANYA M. OMIDELE,** | )<br>)<br>) |
| Plaintiffs, | ) Civil Action<br>) |
| vs. | ) Case No.:_____<br>) |
| **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

COME NOW, AYOTOKUMBO S. OMIDELE and TATANYA M. OMIDELE, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or

1

Adjust Status. The petition and application were filed with and remain within the jurisdiction of the Defendants, who have improperly withheld action on said petition and application to Plaintiffs' detriment.

## PARTIES

2. Plaintiff Ayotokumbo S. Omidele (hereinafter "Plaintiff Beneficiary") is a native and citizen of Nigeria. He applied for Lawful Permanent Resident status on August 24, 2017.

3. Plaintiff Tatanya M. Omidele (hereinafter "Plaintiff Petitioner") is a citizen of the United States. She submitted a Form I-130, Petition for Alien Relative, on behalf of her husband, Plaintiff Beneficiary.

4. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS.  8 CFR §103.1(g)(2)(ii)(B).

5. Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District

with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications and petitions for alien relatives in her service area. As will be shown, Defendant is the official with whom Plaintiffs' application and petition were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside, as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants' have unlawfully withheld action on the instant application and petition. Immediate action, such as that offered by the Administrative Procedure Act, is the only adequate

relief.

## CLAIM FOR RELIEF

9. Plaintiff Beneficiary is a native and citizen of Nigeria. Plaintiff Beneficiary and Plaintiff Petitioner married on or about June 27, 2017.

10. On August 23, 2017, Plaintiff Beneficiary submitted his Form I-485, Application to Register Permanent Residence or Adjust Status, together with a Form I-130, Petition for Alien Relative, by Plaintiff Petitioner. See **Exhibit 1**, Initial Appointment Notice; see also **Exhibit 2**, Notice of Intent to Deny.

11. On July 19, 2018, Plaintiffs were scheduled for an initial interview before USCIS in support of the application and petition, to take place on August 23, 2018. See **Exhibit 1**, Initial Appointment Notice.

12. On August 9, 2018, the Service issued a Notice of Action cancelling the August 23, 2018 appointment. See **Exhibit 3**, Cancellation of Interview.

13. On January 31, 2020, the couple were again scheduled for an initial interview, this time set for February 24, 2020. See **Exhibit 4**, Second Appointment Notice.

14. On August 21, 2020, the Service scheduled the couple for a further interview, set for August 28, 2020. See **Exhibit 5**, Third Appointment Notice.

15. On September 14, 2021, the Service issued a Request for Evidence (RFE)

seeking further evidence in support of the bona fides of the marital relationship <u>See</u> **Exhibit 2**, Notice of Intent to Deny.

16. Plaintiffs responded to the RFE on October 7, 2021 with substantial evidence of commingling of finances, shared residence, and planning arrangements reflecting the marital relationship. <u>Id.</u>

17. On January 20, 2022, the Service issued a Notice of Intent to Deny, stating, broadly, that the Plaintiffs had not established that they were living together or were in a bona fide marital relationship. <u>Id.</u>

18. Plaintiffs duly responded, on February 17, 2022 addressing the Service's questions. <u>See</u> **Exhibit 6**, Affidavits in Support of Plaintiffs' Response to Notice of Intent to Deny.

19. Since then, no further action has been taken on Plaintiffs' application and petition. No decision has been rendered on either request for over five-and-a-half years.

20. Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, have unlawfully denied Plaintiffs' application and petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Enjoin Defendants from further delaying the adjudication of Plaintiffs' petition and application;

B. Enter an order requiring Defendants and their agents to immediately review and properly adjudicate Plaintiffs' I-130 petition and I-485 application according to the law;

C. Award all of the Plaintiffs' reasonable attorney's fees under the Equal Access to Justice Act; and,

D. Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

    This 2nd day of August, 2023.

                                    THE FOGLE LAW FIRM, LLC

                                    <u>/S/ H. Glenn Fogle, Jr.</u>
                                    by: H. Glenn Fogle, Jr.
                                    Georgia Bar No. 266963
                                    Counsel for the Plaintiffs