August 4, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

PABLO NIGUEL DANIEL
c/o WILLIAM PARRA
THE FOGLE LAW FIRM LLC
55 IVAN ALLEN JR BLVD STE #830
ATLANTA, GA 30308



MSC2090086216



A214-898-772

RE: CORDIS NGOZI ONYECHI
I-130, Petition for Alien Relative

## NOTICE OF INTENT TO DENY

Dear PABLO DANIEL:

On October 10, 2019, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of CORDIS ONYECHI (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On December 21, 2020 and July 18, 2022, you and the beneficiary appeared for interviews with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of

Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

On December 21, 2020, you submitted the following evidence:

- Copy of the beneficiary's Decree Nisi of Dissolution of Marriage, dated September 15, 2016
- Copy of the beneficiary's Certificate of Decree Absolute, dated December 16, 2016
- Copy of the beneficiary's visa and passport biographic page
- Copy of the beneficiary's birth attestation
- Copy of your birth certificate
- Copy of your Georgia Driver's license, issued on March 14, 2020
- Copy of a court disposition for your arrest
- Copy of the beneficiary's Georgia Driver's license and Identification card, both issued March 13, 2020
- Copy of the beneficiary's employment authorization card
- Copy of the beneficiary's social security card
- Copies of AARP cards for you and the beneficiary, good through January 2021
- Copy of AARP card for the beneficiary, good through January 2024
- Copy of a Suntrust debit card, in your name, valid from March 2020 to March 2024
- Copies of Bank of America debit cards for you and the beneficiary
- Copies of Bank of America bank statements, beneficiary's name only, dated May-June 2020
- Copy of Suntrust Bank statement, in both names, dated April-November 2020
- Copy of Nationwide Auto insurance policy, dated December 2020-June 2021
- Copy of AARP duplicate New York life insurance contract, insurance date March 13, 2020
- Copy of lease, for 5672 Feldwood Road, Room #2, Atlanta, GA 30349, dated April 2, 2018
- Statement from you, dated December 1, 2020
- Copy of 2019 tax return, married filing joint, undated and unsigned
- Copy of jointly filed 2019 Georgia Form 500 tax return
- Copy of an additional 2019 tax return, for the beneficiary, married filing single, undated and

unsigned
- Copy of an additional 2019 Georgia Form 500 tax return, for the beneficiary filing single
- Copy of 2019 W-2's for the beneficiary
- Copy of joint sponsors passport
- Copy of a Georgia Nurse Aide Registry card for the beneficiary

The following are discrepancies noted from the above documents you submitted:

- You submitted a lease for 5672 Feldwood Road, Room#2, Atlanta, GA, dated April 2018, which is after the date of your marriage. But on July 18, 2022, you testified that the beneficiary was living "On Feldwood in College Park", prior to your marriage. You also claimed that you resided at this address. However, you submitted no evidence that you have ever resided at this address. You also stated that "right after we got married, the beneficiary went back to California and did not return to Georgia until April 2018. But you did not say when the beneficiary returned to California. You also stated that she was not living here right after you got married. In addition, during the interview, you stated that you currently reside in 317 Woodlawn Ave, Warner Robins, GA, that you live with "with one other guy", and that you pay rent at that address. You also stated that this is your address at the treatment center. However, you later claimed that you "go to the treatment center two days a week." It is unclear, if you currently reside at the treatment center. If so, why do you have to go there two days a week? In addition, you also stated that you after the date of your marriage you resided at an address on Northside Drive for 7 or 8 months and the beneficiary did not reside with you. You have not provided consistent testimony or evidence to determine where you exactly reside, if you resided with the beneficiary, and how long you two resided together. Therefore, this is not sufficient evidence that you and the beneficiary have resided together since the date of your marriage.
- The AARP cards, you submitted, which were good through January 2021, appeared to be joint. However, the cards, submitted by the beneficiary, which are good through January 2024 were only in her name. There were no updated AARP cards submitted for you. It appears that this account may have been joint, but it is no longer joint. You did not provide an explanation why it is no longer a joint account. Thus, provides limited probative value.
- You claimed that the Suntrust account is a joint account, and although the bank statements show both of your names, you submitted a debit card only in your name. On December 21, 2020, at your interview, you failed to submit a debit card for the beneficiary for the Suntrust account. Also at that time, aside from your debit card, you did not submit any other evidence from this institution. On July 18, 2022, during the interview, you stated that you lost your Suntrust card and that you have "put in for a new one." You did not indicate that you had received your new Suntrust debit card. However, during the July 18, 2022 interview, the beneficiary submitted new Truist Bank cards, one for each of you. Both cards still contained the activation sticker. Therefore, it appears that you are not using the Suntrust account. In addition, you did not submit any other evidence to demonstrate that you have used this account. Thus, you have failed to demonstrate commingling of your assets and financial liabilities.
- The Bank of America statements you submitted were only in the beneficiary's name. However, you submitted debit cards, that were in both of your names. During the interview, you stated that the Bank of America account was "her account", although the beneficiary stated it was a joint account. Even though the Bank of America statements lists both of your names, it does not appear that the account is joint. Since you stated the Bank of America account was the beneficiary's account, it appears that you do not use or have access to that account. Therefore, this does not show commingling of your joint financial assets.
- You submitted tax forms for 2019 that shows married filing joint. You also submitted a 2019

tax form only for the beneficiary and filing single. Both forms were undated and unsigned. You failed to submit evidence that the forms were amended. You failed to submit tax transcripts or evidence that the taxes were received and accepted by the IRS and Georgia Revenue Service. This does not reflect evidence of joint financial responsibilities.

- You submitted copies of the beneficiary's divorce decree, birth attestation, birth certificate, social security card, employment authorization card, Georgia Nurse Aide Registry card, visa, passport biographic page and a copy of the joint sponsors passport. However, these documents only pertain to the beneficiary and these documents do not relate to the demonstrating that your marriage to the beneficiary is bona fide.

On July 18, 2022, you submitted the following evidence:

- Copy of your Georgia Driver's license, issued on March 14, 2020 (Previously submitted)
- Copy of the beneficiary's Georgia Driver's License, issued on May 1, 2022
- Copy of a lease for 1525 Grayson Hwy, Apt 407, Grayson, GA  30017, dated February 1, 2022
- Copy of Lease Addendums, dated July 16, 2022
- Copy of Truist Bank statements, dated May 18, 2022 and June 17, 2022
- Copy of City of Lawrenceville, GA Utility Invoice, dated July 13, 2022
- Copy of email from Georgia Power, dated July 15, 2022
- Copy of Yes Energy Management, water bill, dated June 20, 2022
- City of Lawrenceville Utility statement, gas bill, dated May 11, 2022
- Copy of Xfinity bill, dated April 12, 2022
- Copy of 2021 Turbo Tax document for Joint sponsor, self prepared, undated
- Copy of 2019 tax return, married filing joint
- Copy of 2019 joint Georgia Form 500 tax return, pages 2-5
- Copy of 2020 tax return, for the beneficiary only, married filing separately
- Copy of 2020 Georgia Form 500 tax return, beneficiary only, pages 1-5
- Copy of 2021 tax return, for the beneficiary only, married filing separately
- Copy of 2021 Georgia Form 500 tax return, beneficiary only
- Copy of Nationwide Renters Insurance, dated January 27, 2022, expires January 27, 2023
- Bank of America debit cards for you and the beneficiary
- Truist Bank debit cards for you and the beneficiary
- AARP cards for you and the beneficiary (previously submitted)
- Copies of birth certificates for the beneficiary's three children
- Statement from Vivian and Samuel Orade, dated July 14, 2022
- Copy of letter addressed to the beneficiary, offering a position of Certified Nurse Aide at Cambridge PAC, dated July 8 2022

The following are discrepancies noted from the above documents you submitted:

- The lease and lease addendums you submitted for 1525 Grayson Hwy, Grayson, GA  30017, only shows a typed signed in a word document. You testified at the interview that you did not sign the lease. Also, there were no signatures for the beneficiary, the apartment manager or landlord, on the lease or addendums. This is not credible evidence because the lease does not appear to be a valid lease from the leasing office.
- You claimed you have had the Suntrust (Truist) bank account since 2019. The beneficiary claimed you opened the account in 2018. But you only submitted two Truist bank statements and they were both from 2022. Although the bank statements show both of your names, there was only one transaction in your name. You failed to submit statements from other previous years. Therefore, USCIS is unable to determine the duration of the joint account and if you and the beneficiary are commingling your financial assets.
- You submitted a copy of a City of Lawrenceville, GA Utility Invoice, dated July 13, 2022.

Although the account shows the mailing address is 1525 Grayson Hwy, Apt 507 and sent to your attention, this invoice shows the service address as 407 Tree Corners Pkwy, Lawrenceville, GA. The account is in the beneficiary's name and the service was from May 25, 2022 to June 28, 2022. This is not sufficient evidence to establish commingling of your financial liabilities, as the account is for an address that neither of you mentioned on your application nor during the interviews.

- You submitted a copy of an email from Georgia Power, that was sent to the beneficiary. The email stated the service was provided for you from February 3, 2022 to present. However, you provided no evidence of any statements from Georgia Power in your name. This email is insufficient to demonstrate commingling of your assets and liabilities.
- The Copy of the Yes Energy Management, water bill, was only in the beneficiary's name. You also submitted only one statement. Therefore, it is not sufficient evidence of joint financial liabilities.
- You submitted a copy of a City of Lawrenceville gas bill. However, this bill was only in the beneficiary's name. It also shows the service address as 407 Tree Corners Pkwy. This is not your current address and neither of you have mentioned residing here. Therefore, this is not credible evidence to establish that you and the beneficiary have joint financial responsibilities.
- The copy of the Xfinity bill does not show a customer name or a service address. In the absence of any names or addresses, USCIS cannot determine if this is your account.
- The Turbo Tax document for the Joint sponsor is not relevant to your relationship with the beneficiary. Therefore, this is not credible evidence of a bona fide marriage.
- You submitted copies of 2019, 2020, and 2021 Federal and Georgia Tax returns. The 2019 taxes show married filing joint as well as single filed by the beneficiary. However, on July 18, 2022, at the interview, you stated that you did not file taxes after 2018 because you were on disability. The tax forms for 2020 and 2021 are only in the beneficiary's name and filed as married filing separately. You failed to submit tax transcripts from the IRS or Georgia Revenue for any of the taxes. You also failed to submit evidence that the taxes had been received and accepted by the IRS and the Georgia Revenue Service. Thus the tax forms are not sufficient to support your assertion that you have commingled your assets and liabilities.
- You submitted copies of the Bank of America and Truist Bank debit cards. However, at the July 18, 2022 interview, you stated that the Bank of America account was the beneficiary's account. You also stated that you had lost your Suntrust (Truist) account debit card. You did not indicate whether or not you had received a new card. In addition, the Truist cards, submitted by the beneficiary, still had the Activation sticker on both cards. USCIS cannot determine if this account was being used jointly. Therefore, it does not appear that you and the beneficiary have commingled your financial assets.
- The Nationwide Renters insurance policy period is from January 27, 2022 to January 27, 2023. According to the policy, it is valid only if the required premium for this period has been paid. You failed to submit evidence to suggest that the policy is currently in force and that the premium had been paid. Therefore, this was not sufficient evidence to establish the validity of joint insurance.
- The birth certificates are for the beneficiary's children. They are not your biological children, and you submitted no evidence of any support that you give to the children. Therefore, the birth certificates carry no weight towards the validity of your marriage.
- You submitted a statement from Vivian and Samuel Orade. The statements give no evidence that they witnessed your wedding to the beneficiary. They stated that they have known you since 2018, which was after the date of your marriage. They gave no explanations as to when or how you met. They also gave no explanation of how they became aware of your marriage. They also did not provide any details regarding the nature of your marriage. Therefore, their statement carries very little weight in establishing that you are in a bona fide marriage with the beneficiary.

- The letter addressed to the beneficiary, offering a position of Certified Nurse Aide at Cambridge PAC, only establishes her employment. It cannot be used to demonstrate that you are in a bona fide marriage to the beneficiary.

Both you and the beneficiary were interviewed separately concerning the bona fides of your marriage. Your testimony and the beneficiary's testimony were consistent with respect to the following:

- Each of your birth dates and when you were born
- Date and location of marriage
- Current address and when you and/or the beneficiary moved to that address

However, on issues that go to the heart of your marriage, the sworn testimony was inconsistent on many material points. Specifically:

- You were asked to spell the beneficiary's full complete name. You were unable to spell the beneficiary's complete name. You spelled her name, "Cordis Umgozi Onchey."
- You were asked, when the beneficiary got divorced from her first spouse. You stated, "I think right after we got married. It might have been before then."
- When asked, how long did you date prior to your marriage to the beneficiary? You stated, "Probably about three weeks."
    - The beneficiary stated, "It was a short dating, just a few days, maybe four or five days."
- You stated you were living in Warner Robins, GA when you met the beneficiary. You were asked, did the beneficiary visit you at your home in Warner Robins? You stated, "Not right there."
- You were asked, where did she visit you? You stated, "At the treatment center, the transition house."
- You were asked, what is the transition house? You stated, "Mental Health Facility, treatment program. To help with independent living."
- When asked, was that the reason you were there? You stated, "Yeah, for treatment and that was right before I got diagnosed with mental disability."
    - The beneficiary was asked, did you visit the petitioner, at his home and what was the reason you visited? She stated, "Yes, once. We just went out." (After the interview, while the beneficiary was reviewing the sworn statement, she changed her answer to, "I never go to visit him.")
- You were asked, where was the beneficiary living when you met? You stated, "She said she was visiting friends in Atlanta, Marietta."
- You were again asked, where was she living? You stated, "At that point I don't know where she was living. She had just come from California."
- You were then asked, did you ever go to where she (the beneficiary) was living within the three weeks before you got married? You stated, "No, we just communicated." You also stated, "She was living on Feldwood in College Park."
- You were asked, who was living with the beneficiary when you met? You stated, "I don't know who she was staying with or nothing. I just know she was not going to be there. She said she had to get back to California."
- You were asked, was she living in California? You stated, "I can't really say. I assume."
- You were asked, before you got married did you go to where she was living? You stated, "I never went no where."
    - The beneficiary was asked, where were you living when you met the petitioner? She stated, "I was living in Nigeria, I just came over for the holidays. I have 30 days of holidays from my job."
    - When asked, where were you staying? She stated, "I came to California and from California to Atlanta."

- The beneficiary was again asked, where did you stay in Atlanta? She stated, "5672 Feldwood Rd, College Park."
- When asked, did the petitioner visit you at your home She stated, "Always."
    - The beneficiary was asked, who were you living with? She stated, "It was a rooming house, you come in and rent."
- When asked, who proposed, when and where? You stated, "I did, couple of days before the 25th of August 2017. We went to Golden Corral, in College Park, all you can eat restaurant."
    - The beneficiary stated, "He did, I think it's on the 21st of August 2017. I don't remember where he was when he proposed."
- You were asked, when did the beneficiary go back to California? You stated, "Right after we got married."
- When asked, how long did the beneficiary stay in California before she came back to Georgia? You stated, "I can't, time frame and all that. She been to California,(and) Colorado."
- You were asked, right after you got married she was in California, (and) Colorado and you don't know where she was? You stated, "She came back to visit."
- When asked, when did she come back to visit? You stated, "April 2018, when I started working."
- You were asked, after you got married, she was not living here? You stated, "No."
- You were asked, you got married in August 2017, she went back to California and she did not come back until April 2018? You stated, "Yes."
- When asked, who went with you to the courthouse to obtain the marriage license? You stated, "My cousin, Isaac Howard, the landlord, Max, rented us a room on Feldwood. I met Max through Isaac. That's how I got the auto sales job."
    - The beneficiary stated, "He has two friends that came and the four of us went to get it. One was his office friend, I call him GB, one was his cousin, I forgot his name."
- You were asked, what did you do after the (wedding) ceremony? You stated, "We went downtown Underground, shopping places. Yeah we went to McDonald's. Later on that evening I think we went to an all you can eat restaurant."
    - The beneficiary stated, "We went to eat, McDonald's after the ceremony."
- You were asked, what is your current address? You stated, "317 Woodlawn Ave, Warner Robins, GA, my address at the treatment center." After which you also stated your current address as, "1525 Grayson Hwy, Apt 407, Grayson, GA 30017."
- You were asked, how long have you lived at 1525 Grayson Hwy, Apt 407, Grayson, GA and when did you move to this address? You stated, "February 2022."
- You were asked, when did the beneficiary/you move to this address? You stated, "February 2022."
    - The beneficiary stated she moved in "February 1, 2022."
- When asked, when did the petitioner move to this (current) address? The beneficiary stated, "We all came to that address the same time."
- You were asked, do you still go to the treatment center? You stated, "Two days out of the week, unless I'm working. It is a peer group class, mental health (and) behavior."
- You were asked, who lives with you? You stated, "In Warner Robins, one other guy, one just left."
- When asked, when you go to Warner Robins how long do you stay there? You stated, "That's where I stay. I come up here. I got two months left then I can be released from the program."
- When asked, who lives at the Grayson highway address? You stated, "Just her."
    - The beneficiary was asked, who lives with you? She stated, "I live by myself and him."
- When asked, did you sign the lease agreement and when? You stated, "Not at the beginning I didn't. I didn't sign the lease."
    - The beneficiary was asked, did you both sign the lease and when? She stated, "Yes,

- electronically signed the lease, after February 1, 2022. When he came he signed."
  - The beneficiary was asked, You said he came from Warner Robins, why was he in Warner Robins? She stated, "He's having a program there in Warner Robins. Middle Flint Transition Life Program.
- When asked, what kind of program is that? She stated, "Because he went to jail they put him in the program, he will soon be free."
  - When the beneficiary was asked, how long has he (the petitioner) been in the program? The beneficiary initially stated, "Since 2018." It should be noted that after the interview, while reviewing the sworn statement, the beneficiary changed her answer to "2019."
- When asked, other than your current address, have you and the beneficiary/petitioner ever lived anywhere else together after you were married? You stated, "On Feldwood."
  - The beneficiary stated, "Yes, Feldwood Room, from April 2018 to February 2022."
- You were asked, since marriage have you and the beneficiary/petitioner lived anywhere separately? You stated, "When I first went in the treatment center, on Northside Drive and on Woodlawn, where I am now."
  - The beneficiary initially stated, "No." After the interview, while reviewing the sworn statement, she changed her answer to, "Yes." However, she failed to list any additional addresses.
- You were asked about the beneficiary's children, specifically where they live and with whom? You stated, "Nigeria, with her parents."
  - The beneficiary stated her children are in, "Nigeria, they live with my sister."
- When asked, how many bank accounts do you and beneficiary/petitioner have? You stated, "Two, but we use one."
  - The beneficiary stated, "Two."
- When asked, what is the name of your bank? Is it a joint account? You stated, "Suntrust, Bank of America. Suntrust is joint. Bank of America is her account."
  - The beneficiary stated, "Suntrust and Bank of America. Yes both joint."
- You were asked, when did you open the Suntrust account? You stated, "2019."
  - The beneficiary was asked, when did you open the bank accounts? She stated, "Since we got married, 2018, when I came back."
- The beneficiary was asked, you said when you came back. Where were you? She stated, Feldwood Rd, Atlanta."
- You were both asked, did you go into the bank to open the account? You stated, "She went into the bank to open the account, I wasn't up here."
  - The beneficiary stated, "Yes."
- You were both asked, did you open the account the account together? You stated, "We went up there together. We didn't go up there at the same time initially. By the time I came up here later and she had already take care of it."
  - The beneficiary stated, We went together."
- You were both asked, what bills do you pay from your joint account? You stated, "Electric, rent, insurance, internet, cable."
  - The beneficiary stated, "Rent, Xfinity, gas, Georgia Power, car insurance. Depends on when the money is."
- You were both asked, do you have any other joint bills? You stated, "No, where I'm at I pay my own rent. We don't have joint bills together."
  - The beneficiary stated, "Xfinity, gas, Georgia Power, car insurance."
- When asked, do you work? You stated, "Yes, I do roofing work and I do brick work. I work for Cumming Mason in Warner Robins, Billings Roofing in Perry.
- When asked, where is the auto shop you work at? You stated, "That was probably like a month and a half ago."

- The beneficiary was asked, does the petitioner work? She stated, "Right now he is on disability, since 2019."
- When asked, do you file taxes? You stated, "I don't file taxes. The last time was in 2018, because I started getting disability."
- When asked, does she (the beneficiary) file taxes and what status did she file? You stated, "In 2018, joint."
- When asked, what tax years did you file joint? You stated, "2018 is the only time. Don't know if she filed beyond that because I can't file no more."
    - The beneficiary was asked, did you file taxes with the IRS? Did you file State taxes? She stated, "Yes, 2019, 2020, 2021." When asked, what status did you file taxes? She stated, "Married filing separate. He filed taxes once." When the beneficiary was asked, what tax years did you file jointly? She stated, "2019."
- When asked, did you sign the taxes? Was it only the 2018 taxes that you signed? You stated, "Yes, I signed everything."
    - The beneficiary was asked, did you both sign the taxes? She stated, "Yes."
- When asked, have you and the beneficiary/petitioner traveled inside or outside of the United States since your marriage? You stated, "No, I haven't. Yeah, she went to California (and) Colorado. I was in treatment."
    - The beneficiary stated, "We traveled separately. I went to New Jersey and I went to Houston, not with him. He has gone to Florida since marriage."
- You were both asked, are you living together now? You stated, "I try to come up every other weekend when I can. I got about two more months of my treatment then I will be moving up here permanently."
    - The beneficiary stated, "Yes, he comes back to the house every other weekend."

Based on the discrepancies, evidentiary shortcomings and inconsistencies in your testimonies listed above, USCIS intends to deny the Form I-130.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Atlanta Field Office**
**2150 Parklake Drive**
**Atlanta, GA 30345**


Sincerely,

*[signature]*

Shineka C. Miller
Field Office Director

cc: WILLIAM PARRA

MSC2090086216

A214-898-772



RECEIVED
AUG 10 REC'D
By