H. GLENN FOGLE, JR., ESQ. (ADMITTED IN GA)
DAVID LUNEL, ESQ. (ADMITTED IN GA & PARIS)
NATALY CADENA, ESQ. (ADMITTED IN IL)
R. IAN FORREST, ESQ. (ADMITTED IN GA)
OF COUNSEL: PRADEEK SUSHEELAN, ESQ. (ADMITTED IN NY)
OF COUNSEL: MARY M. SHIN, ESQ. (ADMITTED IN HI)



ATLANTA OFFICE    404.522.1852
CHARLESTON OFFICE  843.323.4280
CHARLOTTE OFFICE   704.405.9060
LOS ANGELES OFFICE 213.344.3780

*"Effective Immigration Solutions"*

November 2, 2022

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

RE:     **RESPONSE TO NOTICE OF INTENT TO DENY**

**Case Type: I-130, Petition for Alien Relative**
**Petitioner: Pablo Daniel**
**Beneficiary: Cordis Ngozi Onyechi (A#219-133-325)**
**Receipt No.: MSC1990654903**

Dear Staff:

The undersigned is the counsel of record for the above-listed clients regarding the above-stated matter. Original Forms G-28, pertaining to the firm's representation are enclosed.

This response is in connection with the Notice of Intent to Deny (hereinafter "NOID") dated August 4, 2022, for Mrs. **Cordis Ngozi Onyechi** Form I-130, Petition for Alien Relative filed by Mr. **Pablo Daniel** on October 10, 2019.

The Service provided the Petitioner thirty-three (33) days to respond to the NOID. Per the USCIS website, USCIS will consider responses to NOIDS and other Service requests and notices received within 60 calendar days after the response due date set in the request or notice before taking any action. Mr. Daniel was instructed by the Service to respond to this NOID no later than September 6, 2022. The additional 60 days will make November 5, 2022, the new response deadline which is Saturday. Furthermore, where a filing deadline occurs on a Saturday, Sunday, or legal holiday, USCIS regulations allow for an application or petition to be considered timely filed if it is received by USCIS by the end of the next day that is not a Saturday, Sunday, or legal holiday. Therefore, the new response deadline will be Monday, November 7, 2022. **This response is timely filed as it was filed on or before November 7, 2022.**

Please be advised that the Petitioner, Mr. Daniel has done everything in his power to gather the evidence that substantiates that his I-130 Petition warrants approval by the Service. As such, please find enclosed and accept the submission of the following evidence in support of Mr. Daniel's petition:

**Exhibits:**

A. Original Notice of Intent to Deny;
B. Original Forms G-28 pertaining to the Firm's Representation;
C. Copy of signed and notarized personal statement from Petitioner;
D. Copy of signed and notarized personal statement from Beneficiary;
E. Copy of signed and notarized affidavit from Petitioner's mother;
F. Letter from Middle Flint Behavioral Healthcare stating that the Petitioner is currently receiving services for his schizoaffective bipolar disorder;
G. Stipulation order & Nolle Prosequi in the superior court of Houston County, State of Georgia;
H. Customer Lookup page of Comcast shows Beneficiary Cordis Onyechi as an account holder and Pablo Daniel as the manager;
I. A copy of the contract from AARP Life Insurance dated August 16, 2022, showing Beneficiary Cordis Onyechi as the insured member and Petitioner Pablo Daniels as the first beneficiary and that the account is current;
J. Email for Lawrenceville Utilities stating that they cannot add two names to the account; and copy of Lawrenceville Utilities showing names of both Petitioner and Beneficiary;
K. Copy of Georgia Power bills from February 3, 2022, till Present. Please note that before the account was just under the beneficiary's name, but the company added Petitioner's name in July when Petitioner contacted them to add his name, so the bills after July 2022 till the present comes under both Petitioner and Beneficiary's name;
L. Nationwide Policy dated January 27, 2022, showing both Petitioner and Beneficiary as the Policyholders and payment notification and breakdown showing regular payments made towards the policy. The breakdown report has both Petitioner and Beneficiary's names on it;
M. Copy of Bank of America card, TRUIST debit card, and AARP cards under both Petitioner and Beneficiary's name;
N. Copy of TRUIST account verification letters showing the same address of the Petitioner and Beneficiary;
O. Bank of America letter dated September 14, 2022, having both Petitioner and Beneficiary's name and common address;
P. Apartment rental lease contract dated February 1, 2022, showing both Petitioner and Beneficiary's name. Attached is also a letter from Grayson Park community director stating that Petitioner and Beneficiary are financially responsible for rent and utilities;
Q. Letter from Georgia Power dated September 29, 2022, showing both Petitioner and Beneficiary's name and address on it. The letter states that Georgia Power has provided and is providing electric services to both Petitioner and Beneficiary from February 3, 2022, till the present;
R. Joint TRUIST account statements from March 2022 to October 2022, showing the address of Petitioner and beneficiary;
S. Joint SunTrust account statements from August 23, 2019, to December 2021, showing the address of Petitioner and beneficiary;
T. Joint Bank of America Statements from June 22, 2022, to October 20, 2022, showing the address of Petitioner and beneficiary.

U. Amended 2019 & 2020 U.S. Income Tax returns, 2021 U.S. income tax returns, and tax
   transcripts of Beneficiary for 2019, 2020 and 2021. Petitioner is not filing taxes due to his
   disability. Petitioner's name is listed as spouse on Beneficiary's taxes.
V. Article-What is Schizoaffective Disorder- Mental Illness Research, Education and Clinical
   Center.
W. Article- Schizoaffective Disorder and age- How it affects memory loss.
X. Xfinity bills;
Y. Yes Energy Water bill;

The NOID questions the validity and credibility of Mr. Daniel's marriage to his wife Mrs.
Onyechi, based on an incorrect assumption that their marriage is not bona fide based on the
evidence and testimony.

The key and primary issue which needs to be considered by USCIS is whether the marriage
was entered into in good faith. 8 CFR § 204.2. This only needs to be demonstrated by
**a preponderance of the evidence – or more than 50% chance that the marriage is *bona fide*.**
Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant,
probative, and credible evidence that leads to the conclusion that the claim is "more likely than
not" or "probably true", the petitioner or applicant has satisfied the standard of proof, as in this
case. *See* <u>United States v. Cardozo Fonseca</u>, 480 U.S. 421 (1987) (defining "more likely than not"
as a greater than 50 percent probability of something occurring."). The Petitioner has the burden
of proving her marriage to the Beneficiary is bona fide by clear and convincing evidence. As such,
Mr. Daniel and Mrs. Onyechi have provided additional evidence and explanations in support of
their marriage enclosed in this response.

## <u>Inconsistent Sworn Testimonies</u>

The Service alleges that the Petitioner and Beneficiary have not provided enough evidence
to establish that they are in a *bona fide* marital relationship. One of the reasons is due to
inconsistent testimonies of the couple. **The primary, if not only cause of the inconsistent
testimonies are because of Petitioner's medical condition of Schizoaffective bipolar disorder
since 2018.** (*See* attached Exhibit F). This condition has worsened after 2018 till present. The
Petitioner is currently disabled and receiving treatment from Middle Flint Behavioral HealthCare
in Warner Robins, GA where he has to stay in monitored residence during the weekdays. (*See*
attached letter from Middle Flint Behavioral HealthCare letter attached as Exhibit F).

Schizoaffective disorder is considered a psychotic disorder because of its prominent
features of hallucinations and delusions. Therefore, people with this illness have periods when they
have difficulty understanding the reality around them.[1] (*See* Exhibit V). Schizoaffective disorder
is viewed as a severe mental illness and is known to cause severe memory loss. The researchers
have determined that a pattern of brain activity may be the first sign of memory problems. One of
the most troubling and disturbing aspects of schizoaffective is how it affects memory. Disturbance

---

[1] What is a Schizoaffective Disorder- Mental Illness Research, Education and Clinical Center. Also available
at- <u>https://www.mirecc.va.gov/visn22/mirecc_schizoaffective_education.pdf</u>

in cognitive ability is likely to bring about dysfunction in daily activities, and memory deficit is the key area of impairment in those struggling with schizoaffective.[2] (*See* Exhibit W)

Therefore, it is obvious that he was not in his proper mental state to be able to give answers many of the questions when he was questioned during his interview and therefore alleged "discrepancies" on his part cannot be taken into consideration in light of his mental health challenges. However, the evidence we have included of the joint residence and other evidence of the validity of this marriage, including the statement from Mr. Daniel's mother, clearly and convincingly establish that both the Petitioner and Beneficiary are in a *bona fide* marriage.

### Joint Residence

The Service alleges that the Petitioner and Beneficiary have not provided enough evidence to establish that they are in a bona fide marital relationship. Furthermore, the Service claims that when asked about their address history, the Petitioner and Beneficiary's responses were inconsistent. **It is important to note that the inconsistent testimonies are because of Petitioner's medical condition of Schizoaffective bipolar disorder.** (*See* attached Exhibit F).

Even though the Petitioner is currently receiving the treatment at the Middle Flint Behavioral HealthCare in Warner Robins, GA. **The Petitioner and the Beneficiary are maintaining the common address as 5672 Feldwood Road, Atlanta GA 30349-2865 from when they married until they moved to their new address at 1525 Grayson Hwy, Apt 407, Grayson, GA 30017. The Petitioner and beneficiary have provided all the supporting documents showing their common residence. Such evidence includes their joint lease, joint bank statements, joint utility bills, joint mail, joint taxes, etc.** (*See* attached Joint Lease from February 2022 to February 2023 for new address, joint bank statements for the past 3 years showing common address, utility bills, income tax returns, attached as Exhibit N-U).

The Petitioner continues to attend Peer Support Services 5 times per week. He receives medication management at MFBHC for the treatment of a schizoaffective disorder, bipolar type, and is enrolled in case management services that aid in the client's maintaining stability while living independently. (*See* letter from Lettie Jordan, Clinical Director of Middle Flint Behavioral Healthcare from Warner Robbins GA attached as Exhibit F). *See* also attached affidavits of Petitioner, Beneficiary, and Petitioner's mother attesting to Petitioner's Schizoaffective bipolar disorder attached as Exhibit C, D, and E. The Petitioner comes home every other weekend to meet his family or as his treatment permits.

### Comingled Finances

The Service alleges that based on the documents submitted by the Petitioner, the Petitioner and Beneficiary have not provided evidence that they have comingled their finances.

1. The service contends that the AARP cards were submitted only for the Beneficiary and not the Petitioner. The service further alleges that this account may have been joint, but no

---

[2] Christopher Schumacher - Schizoaffective Disorder and Age | How It Affects Memory Loss. Also available at-

longer appears to be joint. **Please note that AARP account is still a joint account.** *See* **attached AARP card for both Petitioner and Beneficiary as Exhibit M.** The AARP sent another renewal membership card for both Petitioner and Beneficiary which is valid till January 2024 and is attached. (*See* beneficiary's affidavit stating the same attached as Exhibit D.)

2. The service contends that the debit card for SunTrust account is only under Petitioner's name. **Please note that SunTrust/TRUIST account is still a joint account since 2018. The debit cards for both Petitioner and Beneficiary attached (*See* Exhibit M).** The service further alleges that the SunTrust account appears to be no longer a joint account and there is no evidence that the Petitioner is using this account. Please see attached joint SunTrust statements of Petitioner and Beneficiary dated August 23, 2019, to December 2021 (*See* Exhibit S). A copy of TRUIST account verification letters is also attached (*See* Exhibit N). The TRUIST account is joint and active. The Petitioner and Beneficiary have provided statements from March 2022 to October 2022 (*See* Exhibit R). These statements also list the common address of Petitioner and Beneficiary. The activation sticker on their card is still retained in the card as it does not disturb any banking or ATM transactions. (*See* Beneficiary's affidavit attached as Exhibit D). Regarding the stated interview discrepancy, please note that the interview discrepancy is due to the mental status of the Petitioner as he is suffering from schizoaffective disorder.

3. The service contends that the bank of America statements that were submitted were only under the Beneficiary's name and due to the interview discrepancies, the service alleges that this account appears to be not a joint account. As stated, before the interview discrepancy is due to the mental status of the Petitioner as he is suffering from schizoaffective disorder. The Bank of America account is still a joint account. (*See* Beneficiary's affidavit attached as Exhibit D, Joint Bank of America Statements from June 22, 2022, to October 20, 2022, attached as Exhibit T, and Bank of America cards under both Petitioner and Beneficiary's name attached as Exhibit M).

4. The service contends that the Petitioner failed to submit the evidence that the 2019 tax returns forms were amended. Please note that the 2019 taxes were amended, and a copy of the amended 2019 & 2020 tax returns are attached (*See* Exhibit U). Please note that the Petitioner is not filing taxes due to his disability. The beneficiary files taxes as "married filing separately" and the Petitioner's name is listed on her taxes as "spouse."

5. The service contends that the divorce decree, birth certificate, social security card, employment authorization letter, Georgia Nurse Aid Registry card, Passports, etc. submitted for the beneficiary do not demonstrate a bonafide marriage. We agree with the service on this point that those civil documents were submitted for the beneficiary to establish her eligibility for a visa class and identifying information and not to prove the bonafide relationship between Petitioner and Beneficiary.

## Alleged Discrepancies from the Interview on March 25, 2021

We would like to reiterate the fact that the Petitioner is suffering from Schizoaffective Bipolar Disorder, a mental illness which significantly affects his cognitive function. This is the reason why the Petitioner was not able to give proper answers to most of the questions which resulted in discrepancy.

1. **The Lease for 1525 appears not to be valid-** Please note that this is the Petitioner's and Beneficiary's new address since February 2022 and there is a letter from the Apartment manager verifying the lease and Petitioner and Beneficiary joint residence at the apartment along with the lease. **The fact that the lease is a DocuSign document does not mean that it is not valid** as suggested by the Service. DocuSign or other electronic signatures are prevalent throughout the United States for commercial contracts – particularly after the COVID pandemic.  The only exception for Petitioner not physically residing at their address is the time when Petitioner was in jail and now when he is living 5 days a week in Warner Robins, GA and receiving his treatment for schizoaffective disorder. He comes home over the weekend, or as his treatment allows, and he still maintains **1525 Grayson Hwy, Apt 407, Grayson, GA 30017 as his permanent address. A valid lease for the timeframe of February 2022 to February 2023 is attached.** (*See* Exhibit P).

2. **SunTrust (Truist) bank accounts-** The **bank accounts are current**, and we have attached the joint bank statements, account confirmation letter, and joint debit cards attached. (*See* Exhibit M, N, R & S.)

3. **City of Lawrenceville, GA utility invoice-** The City of Lawrenceville Ga, always sends the bill to the same Grayson Park Estate, calling the service area Tree Corners Pkwy, and coincidently their apartment no. is and has been Apt. 407. This has been this way. (*See* Beneficiary's Affidavit attached as Exhibit D)

4. **Nationwide Renters Insurance Policy-** The service contends that the Nationwide Renters insurance policy period is valid only if the premium has been paid. The service further states that the Petitioner failed to submit the evidence that this policy is currently in force and that the Premium has been paid. **Please see the attached Nationwide Policy dated January 27, 2022, showing both Petitioner and Beneficiary as the Policyholders. We have also attached a copy of the payment notification.** See also the breakdown Request of Debit/Credit cards showing regular payments debited towards the policy Premium. Also, the attached breakdown report has both Petitioner's and Beneficiary's names on it. **This shows that the Policy is active and currently in force.** (*See* Exhibit L)

5. **Georgia Power-** Georgia Power bills come under both Petitioner and Beneficiary's names since July 2022 when the Petitioner asked Georgia Power to add his name to the account. Please see attached bills for Georgia Power. The bills before July 2022 are just under the Beneficiary's name, but after July 20222 it **is under both Petitioner's and Beneficiary's name**. See also the letter from Georgia Power dated September 29, 2022, showing both Petitioner and Beneficiary's name and address on it. The letter states that Georgia Power

has provided and is providing electric services to both Petitioner and Beneficiary from February 3, 2022, till the present. (*See* Exhibit Q & K)

6. **City of Lawrenceville gas bill-** Please note that the beneficiary contacted the City of Lawrenceville to add Petitioner's name to an account. The City of Lawrenceville responded via email stating that they cannot add two names to an account. They can only have one name on an account, which is the beneficiary's name. A copy of the Beneficiary's statement and the email response is attached. (*See* Exhibit D & J)

7. **Yes Energy Management water bill-** Please see the Beneficiary's affidavit where she stated that she pay this water bill to her Estate Management. She pays to Park Estate, and they further pay Yes Energy Management for water, sewage, etc. She called customer care to add Pablo's name, and they told her that she should go through the Estate office. The beneficiary was told to pay the Park Estate and the Park Estate will pay them for the utility. It was also written on the back of the lease. (*See* Exhibit D- Beneficiary's affidavit).

8. **Xfinity bills-** The service stated that the Xfinity bill does not show a customer name or a service address. Please note that the attached bills show the beneficiary's name and the address 5672 Feldwood RD, Atlanta GA 303489, the address where both Petitioner and Beneficiary live. The Xfinity company puts either the wife's name or the husband's name on the bill and the other name will appear as the manager of the account. Here, the Petitioner is the account manager, and the bills come under the Beneficiary's name. Please see the attached customer lookup page where the **Beneficiary is listed as the "Primary account holder" and the Petitioner is listed as the "manager."** (See Exhibit X and D)

9. **Turbo Tax document for the joint sponsor-** Note that this document was not submitted to establish the joint relationship.

10. **Tax returns for 2019, 2020, and 2021-** The Beneficiary filed 2019 taxes as single because that was a mistake of her tax person, and she later amended her taxes to file "married filing separately." A copy of her amended 2019 tax returns is attached, showing "married filing separately" and Petitioner's name is listed as her spouse. The 2020 taxes were filed as "married filing jointly," but later amended to "married filing separately." Please see attached 2020 Amended tax returns. The 2021 tax returns are filed as "married filing separately." See attached 2021 tax returns and 2021 tax transcripts. The Petitioner has not filed taxes since 2018 onwards due to his disability. The Beneficiary has stated in her affidavit that the Petitioner does not file taxes on his own due to his disability since 2018. The Petitioner also stated in his interview on July 18, 2022, that he does not file taxes because of his disability. (*See* Exhibit U and D).

11. **Bank of America and Truist Debit Cards-** The Bank of America and Truist Accounts are still current. See attached bank statements, copy of debit cards under the Petitioner and Beneficiary's name, and the beneficiary's affidavit stating that the Activation sticker does not cause any problem with the transactions and banking and that the bank has never objected to the stickers. (*See* Exhibits M, N,R, S,T &D)

12. **Birth Certificate of Children-** The birth certificates of the beneficiary's children were provided as civil documents and not to establish a *bona fide* marriage as the couple does not have children together.

13. **Vivian and Samuel Orade's affidavits-** Vivian and Samuel Orade did not attend the wedding because the wedding was private. It was a court marriage with the court personnel and the witnesses. The Petitioner and Beneficiary have plans to go to Africa after Petitioner's recovery to do a proper ceremony in Africa with family. (*See* Exhibit D)

14. **The letter offering a position of Certified Nurse-** We agree with the service that this document only establishes her employment and was not provided to establish proof of valid marriage.

**The other inconsistency in the sworn testimonies for Petitioner was due to Petitioner's medical condition of Schizoaffective bipolar disorder.** (*See* attached Exhibit F). It is very common in this type of disorder for patients to suffer from severe memory loss. The Petitioner is receiving treatment from Middle Flint Behavioral HealthCare in Warner Robins, GA. (See attached letter from Middle Flint Behavioral HealthCare attached as Exhibit F). Therefore, those testimonies should not be given much weight compared to the evidence in record.

### Conclusion

It is important to reiterate that a petitioner has the burden of proving the bona fides of the marriage by a preponderance of the evidence. In other words, the petitioner must establish that it is more likely than not (**more than 50% chance that the marriage is bona fide**) that the parties intended to establish a life together at the time of their marriage. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant, probative, and credible evidence leading to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof.

The Petitioner is currently disabled and receiving treatment for his schizoaffective disorder. However, this response has addressed every concern raised in the NOID and provided all the supporting documents he was able to gather with her wife, Mrs. Onyechi.

It is unfair of the Service to neglect the fact that Mr. Daniel was incarcerated and that he was out of jail in 2018 and was receiving the treatment for his schizoaffective disorder. The Service has deliberately ignored these facts as the assumptions and conclusions made by the Service are not based on all the facts, testimony, and documents provided by the Petitioner and Beneficiary. It is the responsibility of the Service to take all of the information provided to them by Petitioners, including the information provided on submitted forms, to make a decision on cases. Not only Mr. Daniel and Mrs. Onyechi has established that they are in a bona fide, good-faith marriage by a more than 50% chance, but they have also established this by clear and convincing evidence. Mr. Daniel and Mrs. Onyechi have clearly established by the enclosed supporting documents and explanations, the documents previously submitted to the Service, and with the testimony previously submitted to the Service that they are in a bona fide marital union.

Pablo Daniel & Cordis Ngozi Onyechi                                                      Page 9
I-130 NOID Response

     For the foregoing reasons, Mr. Daniel respectfully requests that the Service review the submitted evidence in relation to the Form I-130, Petition for Alien Relative. The Petitioner has fully provided the government with adequate responses and supporting evidence regarding the issues raised in the NOID demonstrating to the Service that her I-130 Petition warrants approval. We kindly request that the above-mentioned I-130, Petition for Alien Relative be processed as soon as possible so that Mr. Daniel and Mrs. Onyechi can remain as a family here in the United States. Should you need further information please contact me at (404) 522-1852 or via email at glenn@foglelaw.com.

     Thank you in advance for your prompt attention to this matter.

                     Very truly yours,

                     Sincerely,

                     The Fogle Law Firm, LLC

                     By: H. Glenn Fogle, Jr.

HGF/aj
Enclosures: As indicated