November 30, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

PABLO NIGUEL DANIEL
c/o WILLIAM PARRA
FOGLE LAW FIRM LLC
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308



MSC2090086216



A214-898-772

RE: CORDIS NGOZI ONYECHI
I-130, Petition for Alien Relative

## DECISION

Dear PABLO DANIEL:

On October 10, 2019, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of CORDIS ONYECHI (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On December 21, 2020, you and the beneficiary appeared for an interview, with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship. Therefore, you and the beneficiary were scheduled for a follow-up interview on July 18, 2022. At the interview, you and the beneficiary provided testimony under oath.



On August 4, 2022, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the petition was insufficient to establish the beneficiary's eligibility for the classification requested at the time you filed the petition.

You responded to the NOID on November 4, 2022 and submitted the following evidence:

- Personal statements from you and the beneficiary, both dated October 21, 2022 and notarized on October 21, 2022
- Statement from your mother, notarized on September 6, 2022
- Personal statement about the discrepancies raised in the NOID, signed only by the beneficiary and notarized on October 21, 2022
- Letter from Middle Flint Behavioral Healthcare, dated August 19, 2022, signed by a Nurse Practitioner
- Letter from Middle Flint Behavioral Healthcare, dated August 19, 2022, signed by the Clinical Director
- Copy of a Middle Flint Behavioral Healthcare SA Independent Orientation and Procedures Contract, only page 1 and 3 of 3 submitted, undated and unsigned
- Stipulation Order and court disposition for 21 counts of Probation Violation, from Houston County Superior Court for you, dated July 26, 2018
- Customer Lookup page from Comcast
- Copy of the contract from AARP Life Insurance
- Copy of an email from Lawrenceville Utilities
- Copy of Georgia Power bills
- Letter from Georgia Power
- Copy of Nationwide insurance policy
- Copies of Bank of America cards
- Copy of Truist debit cards
- Copy of letter from AARP addressed to beneficiary only, dated August 16, 2022
- Copy of an AARP life insurance program certificate, dated June 13, 2021
- Copy of AARP cards
- Copy of Truist account verification letters
- Letter from Bank of America
- Copy of Apartment rental lease contract
- Copy of Xfinity bills
- Copy of Yes Energy Water bill
- Copy of an email to the beneficiary from joshua.park@lawrencevillega.org, dated October 26, 2022
- Joint Truist bank statements
- Joint SunTrust bank statements
- Joint Bank of America statements
- Copy of Amended 2019 and 2020 tax returns,
- Copy of 2021 tax return Form 1040
- Tax transcripts for 2019, 2020 and 2021 for the beneficiary
- Copy of Article, "What is Schizoaffective Disorder - Mental Illness Research, Education and Clinical Center"
- Copy of Article, Schizoaffective Disorder and Age - How it Affects Memory Lost

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and



bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

The NOID that USCIS issued you on August 4, 2022, cited the discrepancies and evidentiary shortcomings. The evidence submitted is insufficient to overcome the inconsistent testimony or to establish eligibility for the benefit sought for the following reason(s).



- Your statement, you submitted, is a copy, not original and the signature appears to have been transferred from another document. The statement from your mother was also a copy, with an original signature from the notary.
- The signature on the beneficiary's statement was also a copy and the the notary's signature was original. A notary or fax may be notarized, but only if it bears an original signature. The copy must have been signed with an ink pen. A photocopied or faxed signature may never be notarized.
- Furthermore, there were inconsistencies in each of your written statements. In your statement, you claimed that after your marriage, on August 25, 2017, that you and the beneficiary stayed together for 2 weeks and that she left for California on September 7, 2017. Also in your written statement, you claimed she went back to California on August 27, 2017. The beneficiary claimed, in her written statement, that she left around August 29, 2017. She also claimed she, "went back after 9 days." Therefore, based on the inconsistencies and since neither of your signatures were original, your statements are not considered to be credible evidence of a bona fide marriage.
- The lease you submitted was recently signed by you on September 27, 2022, after the issuance of the NOID. On July 18, 2022, at your interview, you stated that you did not sign the lease.
- You were also recently added to the Georgia Power bill in July 2022.
- You submitted copies of Bank of America and Truist debit cards in both of your names and bank statements. However, there is still no evidence that you currently or have ever used the account.
- You submitted a Letter from Middle Flint Behavioral Healthcare, dated August 19, 2022 and signed by a Nurse Practitioner. The letter stated that you were diagnosed on July 5, 2022, with Schizoaffective Bipolar Disorder. However, at your July 18, 2022 interview, you stated that you have been in treatment since 2018. You also submitted a letter from Middle Flint Behavioral Health Care, signed by the Clinical Director, dated August 19, 2022, which states that you are enrolled in the Independent Housing Program since February 2022 until present. The letter states that you attend Peer Support Services 5 times a week and receive medication management. Due to the discrepancy with the dates of your diagnosis, USCIS cannot determine when your illness actually began and when you actually began treatment. In addition, the letter conveys that your functional limitations consist of communication, interpersonal skills, focus/concentration and memory (cognitive functioning) and work skills. Based on the

disabilities listed, your focus/concentration and memory, your testimony was given very little weight. Instead, USCIS relied on the documentary evidence you submitted, which failed to establish a bona fide marital relationship.

- The Stipulation Order and court disposition from Houston County Superior Court only shows the final outcome of your arrest. It does not demonstrate a bona fide marriage between you and the beneficiary.
- The email from the Lawrenceville Utilities says that, "there can only be one name on the account at a time. At the time your name, Cordis Onyechi is the name that is on account #60444606, which is for gas services at 1525 Grayson Hwy, Apt 407." However, the email is not on the official company letterhead and only shows the company name typed in the subject. The email also does not have a signature or contact information for the individual or the company.
- Although the email, you submitted, indicated that only one name could be on the account at a time, you also submitted a copy of a bill from Lawrenceville Utilities that is addressed to both you and the beneficiary. This contradicts the information from the email you submitted and you failed to submit an explanation for this contradiction. Also the beneficiary claims in the email, that it is for "Georgia Gas." Based on these discrepancies, it does not demonstrate that you and the beneficiary are residing together nor are you commingling your financial responsibilities.
- The Georgia Power bills show the beneficiary only as the "customer." The bills, dated from February to June 2022, are only addressed to the beneficiary. You submitted duplicate bills, dating February to June 2022. Your name appears to only have been added to the bills from July to September 2022. You submitted a letter from Georgia Power addressed to the beneficiary. Although the bill is only in the beneficiary's name, your name and the beneficiary's name were typed or placed between the street address and the city and state. No explanation was given for this. The letter states that "Georgia Power has provided electric service to Cordis Onyechi." Based on these discrepancies, this does not demonstrate that you and the beneficiary have shared or continuously shared financial responsibilities.
- Copy of Xfinity/Comcast and Yes Energy management bills are only addressed to the beneficiary. Thus, they do not demonstrate a commingling of joint financial assets and responsibilities.
- You submitted a copy of the Nationwide Tenant Policy for the current address, in both of your names. However, it was recently issued on January 27, 2022. You also submitted a copy of a spreadsheet, labeled, "Breakdown Request - Debits/Credits", for the tenant policy that shows policy changes, fees and payments from January to October 2022. This appears to be a new policy that was recently obtained to show list both of your names. This does not demonstrate that you and the beneficiary have shared financial responsibilities from your date of marriage to the present.
- You also submitted a copy of a spreadsheet, labeled, "Breakdown Request - Debits/Credits" for the auto insurance policy, that shows fees, policy changes and payments from October 2020 to October 2022. However, the auto insurance policy is only in the beneficiary's name. You have not submitted any joint auto insurance.
- Copy of Truist debit cards and copies of Truist account verification letters, one in each of your names, The letters verified that the account was opened in May 2018. There was no date of issue for these debit cards and you also failed to submit evidence that you have used the debit cards and the Truist account. In addition, at the interview on July 18, 2022, you did not have your SunTrust (now Truist) debit card.
- The joint Truist bank statements show transactions made with debits card. Although you submitted copies of the Truist debit cards, USCIS cannot determine which card belongs to you. The majority of the transactions appear to have been made by the beneficiary. There were only two transactions in your name. This does not demonstrate commingling of your

financial assets.
- The joint SunTrust bank statements were in both of your names. However, you stated at the interview, that you lost your bank card, therefore, USCIS could not determine that you had made any transactions on this account.
- Copy of a Letter from Bank of America, addressed to both of you, showing the account was opened on July 20, 2020. You also submitted copies of Bank of America cards. You failed to submit evidence that you have used these cards and the Bank of America account.
- You submitted a copy of a letter from Grayson Park Estates, dated October 27, 2022, and a copy of a lease for the current address, 1525 Grayson Hwy, Apt 407, Grayson, GA 30017, dated February 1, 2022. The letter states that both you and the beneficiary are "financially responsible" for rent and utilities at the current address. The lease shows both of your names as tenants. You submitted an additional document, with the rental contract, that shows it was signed on September 27, 2022. The lease shows it expires in February 2023 and you previously signed the lease on February 1, 2022. You failed to submit an explanation why you signed again in September 2022, after the issuance of the NOID, if the lease had not expired.
- You submitted joint Bank of America statements in both of your names. Furthermore, the majority of transactions were made by the beneficiary. There did not appear to be any transactions made by you on this account. Therefore, the statements do not demonstrate that you and the beneficiary have been or are currently commingling your financial assets.
- You submitted a copy of the beneficiary's 2019 tax transcript, where she filed single. You also submitted an Amended 2019 tax Form 1040-X for the beneficiary, which indicated the amendment was to change the filing status to Married Filing Separately, and your name was added as spouse. The form was dated October 15, 2022, but was unsigned. The explanation written on the form was, "Filing status was wrong." You failed to submit evidence, from IRS, that the amended return had been submitted to and accepted by the IRS.
- You submitted a copy of the beneficiary's 2020 tax transcript, where she filed Married Filing Joint. You also submitted an Amended 2020 tax Form 1040-X for the beneficiary, which indicated the amendment was to change the filing status to Married Filing Separately, and your name was added as spouse. The form was dated October 20, 2002, but was unsigned. The explanation written on the form was, "Changing the filing status from Married Filing Joint to Married Filing Separately." In addition, the amended form states, "Caution: In general, you can't change your filing status from a joint return to separate returns after the due date." You failed to submit evidence, from the IRS, that the amended return had been submitted to and accepted by the IRS.
- You submitted a 2021 Form 1040, for the beneficiary only, Married Filing Separately. It was undated and unsigned. Based on the information listed, you have not demonstrated that you and the beneficiary are commingling your financial responsibilities and liabilities.
- According to the letters from Middle Flint Behavioral Healthcare, you were diagnosed with Schizaoaffective Disorder and you submitted articles pertaining to this illness. The articles discuss the basic facts, symptoms and treatments and that, "One of the troubling and disturbing aspects of schizoaffective is how it affects memory." Your attorney submitted a response to the NOID and in his response he stated, that the inconsistent testimonies are because of petitioner's medical condition of Schizoaffective bipolar disorder" and also "that the interview discrepancy is due to the mental status of the petitioner." As such, your testimony was given very little weight. Instead, USCIS relied on the documentation submitted, none of which established the bona fides of the marriage and instead cast further doubt on their reliability



Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of

Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office - cash, a cashier's check or money order cannot be used to for the filing fee. The only payment options accepted at a field office are payment through pay.gov via a credit card or with a personal check.

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

Shineka C. Miller
Field Office Director

cc: WILLIAM PARRA




RECEIVED
DEC 0 6 REC'D
By_____