IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER STRAHAN and PAIGE STRAHAN<br><br>    Plaintiffs,<br>v.<br><br>RUAN TRANSPORT CORPORATION and ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendants. | Civil Action<br>File No.:<br><br>_____ |

**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**

COME NOW, Ruan Transport Corporation and Ace American Insurance Company (collectively "Defendants" herein), named Defendants in the above-styled action, and petition this Court for removal of the action herein from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

Plaintiffs filed a civil action in the State Court of Gwinnett County, which is styled as follows: CHRISTOPHER STRAHAN and PAIDE STRAHAN v. RUAN TRANSPORT CORPORATION and ACE AMERICAN INSURANCE COMPANY, Civil Action File No. 23-CV-02435-S5. (True and correct copies of all

process, pleadings and orders received by counsel for Defendants in such action are attached hereto and incorporated herein as Exhibit "A").

2.

Plaintiffs filed their Complaint with the State Court of Gwinnett County on April 12, 2023. (*See* Complaint).

3.

According to the Affidavit of Service filed with the State Court of Gwinnett County on April 17, 2023, Defendant Ruan Transport Corporation was served on April 13, 2023. Defendant timely filed its Answer.

4.

According to the Affidavit of Service filed with the State Court of Gwinnett County on April 17, 2023, Defendant Ace American Insurance Company was served on April 13, 2023. Defendant timely filed its Answer.

5.

The incident that forms the basis of Plaintiffs' Complaint occurred in Gwinnett County, Georgia.

6.

Plaintiffs are citizens of the State of Georgia. (*See* Plaintiffs' Complaint, ¶ 3).

7.

Defendant Ruan Transport Corporation is a foreign corporation organized and existing under the laws of the State of Iowa. (True and correct copies of the Articles of Organization and the 2023 Annual Report filed by Defendant Ruan Transport Corporation with the Georgia Secretary of State's office are attached hereto and made a part hereof as Exhibits "B" and "C", respectively). According to the 2023 Annual Report, Defendant Ruan Transport Corporation's principal business address is located at 666 Grand Ave, Ste 3100, DES MOINES, IA, 50309, and Defendant Ruan Transport Corporation may be served with process through its registered agent, CT Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805. (*See* Exhibit "C").

8.

Defendant Ace American Insurance Company is a foreign insurance company organized and existing under the laws of the State of Pennsylvania. (A true and correct copy of the 2023 Annual Registration filed with the Georgia Secretary of State's office is attached hereto and made a part hereof as Exhibit "D"). Defendant Ace American Insurance Company is registered to do business in the State of Georgia. (Exhibit "D"). According to the 2023 Annual Registration on file with the Georgia Secretary of State's office, Defendant may be served with process in

Georgia through its registered agent, CT Corporation Systems, at 289 S Culver St, Lawrenceville, GA, 30046-4805. (*See* Exhibit "D").

9.

Defendants are not citizens of the same State as Plaintiff.

10.

Plaintiff's Complaint alleges that a tractor-trailer operated by non-party Demetrius Leverett "struck the rear of Plaintiff Strahan's vehicle at a high rate of speed," and that the collision caused Plaintiff to sustain injuries requiring surgery (*See* Complaint, ¶¶ 8 and 11).

11.

The Complaint makes claims for damages that are not itemized, including special and general damages. Plaintiffs seek to recover medical expenses, general damages for pain and suffering, lost wages, lost earning capacity, and loss of consortium from Defendants in an amount to be proven at trial. (*See* Complaint, Plaintiff's Prayer for Relief located after ¶ 46).

12.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal

and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

13.

Because no specific amounts are alleged for several elements of damages, including general damages and special damages, this court should look to "other paper" to determine if the amount in controversy is met. Plaintiff's counsel informed Defense counsel via telephone conference on May 31, 2023 that Plaintiff Christopher Strahan's medical expenses total at least $250,000 and will continue to incur additional expenses. (*See* Exhibit "E").The amount in controversy having been confirmed on May 31, 2023, removal is therefore timely.

14.

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this action, and (ii) the amount in controversy exceeds $75,000.00.

15.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby give notice of such removal to Plaintiffs as required by 28 U.S.C. § 1446.

16.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Gwinnett County, Georgia, and that this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned have read this Notice of Removal and, to the best of their knowledge, information, and belief, formed after reasonable inquiry, have determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 5th day of June, 2023.

|  |  |
|---|---|
| 3200 Cobb Galleria Pkwy<br>Unit 250<br>Atlanta, Georgia 30339<br>(404) 410-1151<br>dburrell@chartwelllaw.com<br>acodrington@chartwelllaw.com | **CHARTWELL LAW, LLP**<br><br>*/s/ Douglas K. Burrell*<br>Douglas K. Burrell<br>Georgia Bar No. 097537<br>Anelise R. Codrington<br>Georgia Bar No. 600999<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served a true and correct copy of DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT on all parties by filing with the Court's e-filing system, which will automatically deliver electronic notification of same, and by statutory electronic service to the following counsel of record:

John A. Houghton
**The Houghton Law Firm, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**Utley Law Firm**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14 point font, in compliance with L.R. 5.1(b).

This 5th day of June, 2023.

**CHARTWELL LAW, LLP**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

*/s/ Douglas K. Burrell*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*