# EXHIBIT A

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02435-S5
4/12/2023 2:06 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___Gwinnett State Court___ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**23-C-02435-S5**

**Plaintiff(s)**

Strahan, Christopher

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Strahan, Paige

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

ACE American Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Ruan Transport Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___John A. Houghton___   **State Bar Number** ___118206___   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                     Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
23-C-02435-S
4/12/2023 2:06 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHRISTOPHER STRAHAN and PAIGE STRAHAN, | |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| vs. | **CIVIL ACTION** 23-C-02435-S5 |
| ACE AMERICAN INSURANCE COMPANY and RUAN TRANSPORT CORPORATION, | **FILE NO. _____** |
| **Defendants.** | |

### COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, Christopher Strahan and his wife Paige Strahan, and make and file Plaintiffs' Complaint for Damages & Demand for Jury Trial, as follows:

### PARTIES AND JURISDICTION

1.

Defendant ACE American Insurance Company ("Defendant ACE Insurance") is a foreign insurance company existing under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania authorized to do business in Georgia and may be served by delivery of summons and complaint on its registered agent for service CT Corporation System at 289 South Culver Street in Lawrenceville, Gwinnett County, Georgia, 30046-4805. Defendant ACE Insurance is subject to the jurisdiction of this Court.

2.

Defendant Ruan Transport Corporation ("Defendant Ruan Transport") is a foreign corporation existing under the laws of the State of Iowa with its principal place of business in the State of Iowa and is authorized to do business in Georgia and may be served by delivery of

summons and complaint on its registered agent for service CT Corporation System at 289 South Culver Street in Lawrenceville, Gwinnett County, Georgia, 30046. Defendant Ruan Transport is subject to the jurisdiction of this Court.

3.

Plaintiffs Christopher Strahan and his wife Paige reside in Georgia and are subject to the jurisdiction of this Court.

4.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-1-117(b) and O.C.G.A. § 14-2-510(b)(1).

## **BACKGROUND**

5.

On December 24, 2021 at approximately 2:10 AM, Defendant Ruan Transport's driver Demetrius Leverett was operating a Ruan Transport tractor-trailer on State Route 316 E, eastbound in the right lane approaching the intersection of Hurricane Shoals Road in Gwinnett County, Georgia.

6.

Upon information and belief, Demetrius Leverett was operating his tractor-trailer unit on behalf of Defendant Ruan Transport at the time of this incident.

7.

At about the same time, Plaintiff Christopher Strahan was lawfully operating his tractor-trailer on State Route 316 E, eastbound in the right lane ahead of the Defendant Ruan Transport tractor-trailer at the Hurricane Shoals intersection.

8.

At some point, Defendant Ruan Transport's tractor-trailer suddenly and without warning struck the rear of Plaintiff Strahan's vehicle at a high rate of speed.

9.

Upon information and belief, Mr. Leverett was following too closely and failing to keep a proper lookout while operating the Ruan Transport tractor-trailer and was unable to sufficiently brake in time to avoid the impact.

10.

After this impact by the Ruan Transport tractor-trailer, Plaintiff Strahan's vehicle came to rest in the right eastbound lane on SR 316 E at its intersection with Hurricane Shoals Road.

11.

As a direct and proximate result of this collision, Plaintiff Christopher Strahan sustained significant injuries to his neck, head, shoulders, and back for which he has now undergone a lumbar fusion surgery and will soon require an anterior cervical disc fusion surgery.

## **COUNT I – NEGLIGENCE**

12.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Demetrius Leverett was negligent in the operation of the subject Defendant Ruan Transport tractor-trailer in following too closely, failing to maintain a proper lookout for vehicles ahead of his tractor-trailer and in committing other acts or omissions to be proven at trial.

14.

Demetrius Leverett was negligent in striking the rear of the vehicle that Plaintiff Christopher Strahan was driving.

15.

Defendant Ruan Transport's driver's negligence is a proximate cause of the collision, and Plaintiff Christopher Strahan's resulting injuries.

## COUNT II - IMPUTED LIABILITY

16.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At the time of the subject collision, Demetrius Leverett was driving under dispatch for Defendant Ruan Transport.

18.

At the time of the subject collision, Demetrius Leverett was operating his vehicle on behalf of Defendant Ruan Transport.

19.

Defendant Ruan Transport is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions and/or inactions of its driver Demetrius Leverett with regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

20.

Defendant Ruan Transport is responsible for the actions or inactions of its driver Demetrius Leverett described in this complaint as the motor carrier that provided DOT operating authority to Demetrius Leverett pursuant to federal regulations including 49 C.F.R. § 376.12.

21.

Defendant Ruan Transport is responsible for the actions or inactions of its driver Demetrius Leverett described in this complaint as the motor carrier that provided DOT operating authority under number 055787 placarded on the side of its driver Demetrius Leverett's tractor-trailer pursuant to federal regulations including 49 C.F.R. § 376.12.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, DISPATCH & ENTRUSTMENT

22.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant Ruan Transport was negligent in hiring and retaining Demetrius Leverett to drive a tractor-trailer for the company.

24.

Defendant Ruan Transport was negligent in failing to properly train its driver Demetrius Leverett.

25.

Defendant Ruan Transport was negligent in failing to properly supervise its driver Demetrius Leverett.

26.

Defendant Ruan Transport was negligent in hiring and retaining its driver Demetrius Leverett and dispatching him to operate a commercial motor vehicle when they knew or should have known of his unsafe driving history.

27.

Defendant Ruan Transport was negligent in dispatching its driver Demetrius Leverett to operate a commercial motor vehicle when they knew or should have known that he was fatigued.

28.

Defendant Ruan Transport was negligent in entrusting its driver Demetrius Leverett with a commercial motor vehicle when they knew or should have known of his unsafe driving history.

29.

Defendant Ruan Transport's negligence in hiring and retaining Demetrius Leverett and dispatching him to operate a commercial motor vehicle and failing to train and supervise him properly was a proximate cause of this collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

30.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant ACE Insurance is subject to a direct action as the insurer for Defendant Ruan Transport pursuant to the Administration of Federal Unified Carrier Registration Act of 2005, O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112.

32.

Defendant ACE Insurance was the insurer of Defendant Ruan Transport at the time of the subject incident and issued a liability policy (Policy# ISA H25547196) to comply with the requirements for interstate transportation.

33.

Defendant ACE Insurance and Defendant Ruan Transport are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

34.

Defendant ACE Insurance is responsible for any judgment rendered against Defendant Ruan Transport.

### COUNT V – DAMAGES

35.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

As a result of Defendant Ruan Transport and it's driver's negligence, Plaintiff Christopher Strahan sustained significant injuries to his neck, head, shoulders, and back for which he has now undergone a lumbar fusion surgery and will soon require an anterior cervical disc fusion surgery, in addition to other injuries and damages to be proven at trial.

37.

As a result of Defendant Ruan Transport and it's driver's negligence, Plaintiff Christopher Strahan has incurred past medical expenses in an amount to be proven at trial and will continue to incur future medical expenses.

38.

As a result of Defendant Ruan Transport and it's driver's negligence, Plaintiff Christopher Strahan has a claim for lost wages and diminished capacity to labor, as well as mental and physical suffering, reduced quality of life, and other resulting damages to be proven at trial.

39.

Defendant Ruan Transport and it's driver's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT VI – PUNITIVE DAMAGES

40.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

Defendant Ruan Transport's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to recover punitive damages at trial.

42.

By reason of the foregoing, Plaintiffs are entitled to punitive damages as determined by a jury.

## COUNT VII - LOSS OF CONSORTIUM

43.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 42 above as if fully restated.

44.

Plaintiff Christopher Strahan is married to his wife Plaintiff Paige Strahan and they were legally married at the time of the events described in this Complaint.

45.

As a result of the negligence of Defendant Ruan Transport and its driver, Plaintiff Christopher Strahan has suffered a loss of companionship on the part of his wife Plaintiff Paige Strahan due to the significant injuries he sustained in this collision.

46.

As a direct and proximate result, Plaintiff Paige Strahan has suffered loss of marital companionship recognized as loss of consortium under Georgia law.

**WHEREFORE**, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff Christopher Strahan recovers the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.  That Plaintiff Christopher Strahan recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiffs recover the costs of this litigation;

e.  The Plaintiffs recover for the loss of consortium and marital companionship arising from the injuries sustained in this wreck; and

f.  That Plaintiffs recover such other and further relief as is just and proper.

This 12th day of April, 2023

Respectfully Submitted,
**THE HOUGHTON LAW FIRM, LLC**

By: */s/ John A. Houghton* _____
**JOHN A. HOUGHTON**
Georgia Bar No. 118206
*Attorney for Plaintiff*

2860 Piedmont Road, NE, Suite 250
Atlanta, Georgia 30326
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

and

**Utley Law Firm**

By: */s/ Nicholas R. Utley* _____
**NICHOLAS R. UTLEY**
Georgia Bar No. 258852
*Attorney for Plaintiff*

1820 The Exchange SE
Suite 300
Atlanta, GA 30339
Phone: (404) 831-2921
Fax: (404) 937-5554
nick@utleylawfirm.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
**4/12/2023 2:06 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER:  23-C-02435-S5  _____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20_____.

   12th day of April, 2023

**Tiana P. Garner**
**Clerk of State Court**

_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
**4/12/2023 2:06 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

# STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

**VS.**

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER: _____   23-C-02435-S5

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
12th day of April, 2023

Tiana P. Garner
**Clerk of State Court**

By _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02435-S5**
**4/12/2023 2:06 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHRISTOPHER STRAHAN and PAIGE
STRAHAN,

          **Plaintiffs,**

vs.

ACE AMERICAN INSURANCE
COMPANY and RUAN TRANSPORT
CORPORATION,

          **Defendants.**

**JURY TRIAL DEMANDED**

**CIVIL ACTION** 23-C-02435-S5
**FILE NO. _____**

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RUAN TRANSPORT CORPORATION

TO:   Defendant Ruan Transport Corporation

      Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Defendant Ruan

Transport Corporation for response within forty-five (45) days after service hereof, in the form

provided by law, the following requests for production of documents, the same being continuing in

nature, requiring a supplemental response upon the discovery of other or further information or

documents affecting your response hereto.

      In responding, you are requested to answer fully and produce all documents available to you

or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your

behalf.

### IDENTIFICATION OF PRIVILEGED DOCUMENTS

      If the production of any document is withheld pursuant to a claim of a privilege, it is

requested that Defendant provide, in lieu of production, the following identifying information on

each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief

description of the document with sufficient specificity to reveal its subject matter, the form of the

document and any attachments; (g) the present location of the document, (h) the identity of the person or persons who have custody, control, or possession of the document; and (i) a statement of the basis on which the privilege is claimed.

The definitions set forth above the Requests are incorporated by reference and apply to the requested documents.  In addition to those definitions, the following definitions shall apply:

Defendant is reminded of the duty to supplement Defendant's responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

Thus, Forty-five (45) days after service hereof, you are requested to produce to Counsel for the Plaintiff at the offices of The Houghton Law Firm, LLC, 2860 Piedmont Road NE, Suite 250, Atlanta, Georgia 30305, the following:

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

All video recordings / footage obtained on December 24, 2021 from any dash camera or similar video device in the subject tractor-trailer.

2.

Any and all copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Demetrius Leverett on the day of the incident referred to in the complaint.

3.

Any and all copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Demetrius Leverett on the date of the incident referred to in the complaint.

4.

Any and all copies of any lease, employment contract, or any other documents regarding the employment status of Demetrius Leverett with Defendant Ruan Transport Corporation

5.

A copy of the bills of lading for any loads carried by Demetrius Leverett for the eight day period preceding the incident referred to in the complaint (including those from the date of the subject collision).

6.

The policy of insurance that provided coverage for the tractor, the trailer, load, Demetrius Leverett or Defendant Ruan Transport Corporation

7.

Any trip reports or dispatch records in regard to Demetrius Leverett for the two week period preceding the incident referred to in the complaint (including those from the date of the subject collision).

8.

A photocopy or color copy of all driver's logs or time cards for Demetrius Leverett for the one month period preceding the incident and the one month period following the incident referred to in the complaint, including driver's logs or time cards for the date of the subject collision.

9.

Any and all copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Demetrius Leverett for the two month period preceding the date of the incident referred to in the complaint (including those from the date of the subject collision).

10.

Copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Demetrius Leverett on the day of the incident referred to in the complaint for the one year period preceding this incident (including those from the date of this incident) and the six month period following this incident (including those from the date of the subject collision).

11.

Copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Demetrius Leverett on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident (including those from the date of the subject collision).

12.

A copy of Demetrius Leverett driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Safety History Requests and Responses

(d)     Driver's certification of prior motor vehicle accidents;

(e)     Driver's certification of prior violations of motor vehicle laws;

(f)     Driver's prior employment history;

(g)     Carrier's inquiry into his driving record;

(h)     Carrier's inquiry into his employment record;

(i)     Documents regarding carrier's annual review of his driving record;

(j)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(k)     Certification of driver's road test;

(l)     Medical examiners certificate;

(m)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(n)     Training certificates and training documents;

(o)     Drug & Alcohol testing records; and

(p)     Any other documents.

13.

Copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Demetrius Leverett.

14.

A copy of any internal post-accident report generated by Defendant Ruan Transport prior to receiving Plaintiff's initial letter of representation.

15.

The accident register for Defendant Ruan Transport Corporation for the one year period preceding the date of the subject collision (including the date of the subject collision).

16.

All copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.

17.

All copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Demetrius Leverett.

18.

All copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant.

19.

All copies of any printouts, records or documents produced by any on-board recording device, an on-board computer, tablet, ECM, VORAD, tachograph, trip monitor, trip recorder, trip master, NexTraq, Qualcomm, Trackit, KeepTruckin, Motive, Omnitracs, TransfloELD or device known by any other trade name which records information concerning the operation of the tractor for the one month period prior to and including the date of the incident referred to in the complaint. (including all two-way messaging, GPS Vehicle Position Report data, Hours-of-Service information and DDEC reports)

20.

Any and all documents concerning any citation by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations.

21.

Any and all documents concerning any disqualification or placement out-of-service of Demetrius Leverett .

22.

All copies of any documents regarding any training received by Demetrius Leverett .

23.

Any permits or licenses regarding the tractor and trailer driven by Demetrius Leverett and the load transported by Demetrius Leverett at the time of the incident referred to in the complaint.

24.

The payroll information concerning Demetrius Leverett for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision.  (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

25.

All motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Demetrius Leverett since the commencement of said driver's employment with this Defendant up and through the date of trial.

26.

All documents and materials sent to or received from the Georgia Regulatory Authority, or any other governmental agency related to the subject collision which is made the basis of this lawsuit.

27.

All certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.

28.

All witness statements or reports obtained relating to the subject collision.  If objected to, describe such statement or report and give the name and address of the person having custody and control thereof.

29.

Any preventability report or preventability findings made by Defendant Ruan Transport Corporation related to this wreck.

30.

All other videotapes, photographs, plats or drawings in your possession related to this collision.

This 12th day of April, 2023.

Respectfully Submitted,

THE HOUGHTON LAW FIRM, LLC

By: /s/ John A. Houghton
JOHN A. HOUGHTON
Georgia Bar No. 118206
*Attorney for Plaintiff*

2860 Piedmont Road, NE
Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

and

UTLEY LAW FIRM

By: /s/ Nicholas R. Utley
NICHOLAS R. UTLEY
Georgia Bar No. 258852
*Attorney for Plaintiff*

The Utley Law Firm, LLC
1820 The Exchange SE, #300
Atlanta, GA 30339
Phone: (404) 831-2921
nick@utleylawfirm.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
**4/12/2023 2:06 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CHRISTOPHER STRAHAN and PAIGE STRAHAN,**<br><br>              **Plaintiffs,**<br><br>**vs.**<br><br>**ACE AMERICAN INSURANCE COMPANY and RUAN TRANSPORT CORPORATION,**<br><br>              **Defendants.** | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION**<br>**FILE NO. _____** 23-C-02435-S5 |

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT RUAN TRANSPORT CORPORATION**

TO:    Defendant Ruan Transport Corporation

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Defendant Ruan Transport Corporation for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory.  If Defendant chooses to answer by reference to a document, its answer must identify the document upon which Defendant relies.

These interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

The terms "Defendant" and "you" and any synonym or plural thereof and derivatives therefrom means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are

or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33(a).

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description if you can describe it.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. § 9-11-26(e).

## **INTERROGATORIES**

### 1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Demetrius Leverett on the date of the incident referred to in the complaint and describe the nature of the interest.

### 2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Demetrius Leverett from thirty days prior to the subject collision to thirty days subsequent to the collision.

### 3.

State the point of origin, destination and reason for the trip being made by Demetrius Leverett on behalf of Defendant Ruan Transport Corporation at the time of the incident referred to in the complaint.

### 4.

In regard to the load being transported at the time of the collision by Demetrius Leverett, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the tractor/power-unit driven by Demetrius Leverett at the time of this wreck covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy (including self-insured retention and excess coverage).

6.

Was the subject trailer/chassis/load that was involved in this wreck covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy (including self-insured retention and excess coverage).

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

8.

Do you contend that Plaintiff Christopher Strahan caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

9.

Did you or law enforcement conduct a post-accident alcohol and controlled substance test on Demetrius Leverett?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

10.

If post-accident testing was not performed on Demetrius Leverett by (or at the direction of) Defendant Ruan Transport, please state the reasons such testing did not occur.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, and address for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision.

13.

State the name, and address for all persons who interviewed and were involved with the hiring or associating of Demetrius Leverett.

14.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tablet, tachograph, trip monitor, trip recorder, trip master, NexTraq, Qualcomm, Omnitracs, KeepTruckin, Motive, TransfloELD, ECM, VORAD, or any device with GPS and Hours-of-service monitoring, dashboard camera functionality, and/or two-way messaging, or a similar device known by any other commercial or trade name which records information concerning the operation of the tractor.

15.

Describe the tractor/power-unit operated by Demetrius Leverett at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

16.

Has Defendant Ruan Transport or its driver Demetrius Leverett ever been cited by the Department of Transportation, Public Service Commission, Department of Public Safety, or Federal Highway Administration for any violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

17.

Has Demetrius Leverett ever been disqualified or placed out-of-service?  If so, please state for each instance, including:

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

18.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by

Demetrius Leverett on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

19.

State the extent of any training provided to Demetrius Leverett by Defendant Ruan Transport or any outside agency since the date of Mr. Leverett 's application for employment or the date he began driving for this Defendant, whichever came first.

20.

Please explain the nature of the employment relationship between this Defendant and Demetrius Leverett (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

21.

With respect to Demetrius Leverett, please state the driver's method of compensation.

22.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

23.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

24.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

25.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or Plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

26.

Please provide the license plate number and Vehicle Identification Number for every tractor, power unit or other vehicle that Demetrius Leverett operated during any period of employment with Ruan Transport Corporation and the specific timeframe that Mr. Leverett operated each vehicle.

*[Signature on Next Page]*

This 12th day of April, 2023.

Respectfully Submitted,

**THE HOUGHTON LAW FIRM, LLC**

By: _/s/ John A. Houghton_
**JOHN A. HOUGHTON**
Georgia Bar No. 118206
_Attorney for Plaintiff_

2860 Piedmont Road, NE
Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

and

**UTLEY LAW FIRM**

By: _/s/ Nicholas R. Utley_
**NICHOLAS R. UTLEY**
Georgia Bar No. 258852
_Attorney for Plaintiff_

The Utley Law Firm, LLC
1820 The Exchange SE, #300
Atlanta, GA 30339
Phone: (404) 831-2921
nick@utleylawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02435-S5
4/17/2023 11:53 AM
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-02435-S5 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY | County:<br>GWINNETT | Job:<br>8702833 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>CHRISTOPHER STRAHAN and PAIGE STRAHAN, | | Defendant / Respondent:<br>ACE AMERICAN INSURANCE COMPANY and RUAN TRANSPORT CORPORATION, | |
| Received by:<br>RMG - SERVICES, LLC | | For:<br>The Houghton Law Firm, LLC | |
| To be served upon:<br>ACE AMERICAN INSURANCE COMPANY | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | ACE AMERICAN INSURANCE COMPANY, c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents. , Company: 289 S Culver Street, Lawrenceville, GA 30046 |
|---|---|
| Manner of Service: | Registered Agent, Apr 13, 2023, 1:08 pm EDT |
| Documents: | SUMMONS and COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL |

**Additional Comments:**
1) Successful Attempt: Apr 13, 2023, 1:08 pm EDT at Company: 289 S Culver Street, Lawrenceville, GA 30046 received by ACE AMERICAN INSURANCE COMPANY, c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents. . Age: 60+; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'2"; Hair: Gray;

_____  4/13/2023
HOLLIS HILL                         Date
Certified Process Server CPS #195

RMG - SERVICES, LLC
4024 Lawrenceville Hwy. Suite (17) #452
Lilburn, GA 30047
470-831-0292

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

_____
Date                Commission Expires

KARYME GARCIA
NOTARY
EXPIRES
GEORGIA
11/21/2026
PUBLIC
GWINNETT COUNTY

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
4/17/2023 11:53 AM
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-02435-S5 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY | County:<br>GWINNETT | Job:<br>8702850 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>CHRISTOPHER STRAHAN and PAIGE STRAHAN, | | **Defendant / Respondent:**<br>ACE AMERICAN INSURANCE COMPANY and RUAN TRANSPORT<br>CORPORATION, | |
| **Received by:**<br>RMG - SERVICES, LLC | | **For:**<br>The Houghton Law Firm, LLC | |
| **To be served upon:**<br>RUAN TRANSPORT CORPORATION | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   RUAN TRANSPORT CORPORATION, c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents , Company: 289 S Culver Street, Lawrenceville, GA 30046

**Manner of Service:**   Registered Agent, Apr 13, 2023, 1:08 pm EDT

**Documents:**   SUMMONS; COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RUAN TRANSPORT CORPORATION; PLAINTIFF' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RUAN TRANSPORT CORPORATION

**Additional Comments:**
1) Successful Attempt: Apr 13, 2023, 1:08 pm EDT at Company: 289 S Culver Street, Lawrenceville, GA 30046 received by RUAN TRANSPORT CORPORATION, c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents . Age: 60+; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'2"; Hair: Gray;

HOLLIS HILL                                     4/13/2023
Certified Process Server CPS #195          Date

RMG - SERVICES, LLC
4024 Lawrenceville Hwy. Suite (17) #452
Lilburn, GA 30047
470-831-0292

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

11/21/2026
Date                    Commission Expires

KARYME GARCIA
NOTARY
EXPIRES
GEORGIA
11/21/2026
PUBLIC
GWINNETT COUNTY

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
**4/17/2023 11:53 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **CHRISTOPHER STRAHAN and PAIGE STRAHAN,** | |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **vs.** | **CIVIL ACTION** |
| **ACE AMERICAN INSURANCE COMPANY and RUAN TRANSPORT CORPORATION,** | **FILE NO. 23-C-02435-S5** |
| **Defendants.** | |

## PLAINTIFFS' NOTICE OF FILING PROOF OF SERVICE OF SUMMONS & COMPLAINT

COMES NOW Plaintiffs Christopher & Paige Strahan, and make and file the enclosed

Affidavit of Service of Process for service perfected upon Defendant ACE American Insurance

Company and Defendant Ruan Transport Corporation in the above-captioned action.

This 17th day of April, 2023.

Respectfully Submitted,

**THE HOUGHTON LAW FIRM, LLC**

By: /s/ John A. Houghton
**JOHN A. HOUGHTON**
Georgia Bar No. 118206
*Attorney for Plaintiff*

2860 Piedmont Road, NE
Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

and

**UTLEY LAW FIRM**

By: */s/ Nicholas R. Utley*
**NICHOLAS R. UTLEY**
Georgia Bar No. 258852
*Attorney for Plaintiff*

The Utley Law Firm, LLC
1820 The Exchange SE, #300
Atlanta, GA 30339
Phone: (404) 831-2921
nick@utleylawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing NOTICE OF FILING

PROOF OF SERVICE OF SUMMONS AND COMPLAINT upon all counsel of record via

Statutory Electronic Service and by depositing same in the United States Mail in a properly-

addressed envelope with adequate postage thereon to:

Defendant ACE American Insurance Company
c/o CT Corporation System
289 S Culver Street,
Lawrenceville, GA 30046

Ruan Transport Corporation
c/o CT Corporation System
289 S Culver Street,
Lawrenceville, GA 30046

This 17th day of April, 2023.

Respectfully Submitted,

**THE HOUGHTON LAW FIRM, LLC**

By: */s/ John A. Houghton*
**JOHN A. HOUGHTON**
Georgia Bar No. 118206
*Attorney for Plaintiff*

2860 Piedmont Road, NE
Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**

**5/26/2023 6:19 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHRISTOPHER STRAHAN and PAIGE STRAHAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 23-CV-02435-S5 |
| RUAN TRANSPORT CORPORATION And ACE AMERICAN INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | | |

## **DEFENDANTS' NOTICE OF PAYMENT OF COSTS TO OPEN DEFAULT**

COMES NOW, Defendants Ruan Transport Corporation and Ace American Insurance, named Defendants in the above-styled civil action, and file this Notice of Payment of Costs to Open Default in the above-styled case. Costs to Open Default are paid along with the filing of this Notice.

Respectfully submitted this 26th day of May, 2023.

**CHARTWELL LAW**

*/s/ Douglas K. Burrell*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing upon all parties concerned by electronically filing a copy of the within and foregoing with the Clerk of the State Court of Gwinnett County by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorneys of record:

John A. Houghton
**THE HOUGHTON LAW FIRM, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**UTLEY LAW FIRM**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

Submitted this 26th day of May, 2023.

**CHARTWELL LAW**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
acodrington@chartwelllaw.com

/s/ Anelise Codrington
Anelise R. Codrington
Georgia Bar No. 600999
*Attorney for Defendants*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02435-S5**
**5/26/2023 6:19 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| CHRISTOPHER STRAHAN | ) | |
| and PAIGE STRAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 23-CV-02435-S5 |
| RUAN TRANSPORT CORPORATION | ) | |
| And ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | | |

### <u>DEFENDANTS' MOTION TO OPEN DEFAULT AS A MATTER OF RIGHT</u>

COME NOW, Defendants Ruan Transport Corporation and Ace American Insurance Company named "Defendants" in Plaintiff's Complaint and hereby open any default that may exist in this matter as a matter of right pursuant to O.C.G.A. § 9-11-55(a), showing the Court as follows:

Under O.C.G.A. § 9-11-55(a), a defendant, upon payment of costs and within fifteen (15) days of default, has the right to open default. In this case, Plaintiff filed her Complaint with this Court on April 12, 2023, which asserted claims against Defendants.  Defendants were purportedly served on or about April 13, 2023.

Rasier and UTGAI were required to respond to Plaintiff's Complaint by May 13, 2023. More than Fifteen days have not passed since such date, such that Defendant are permitted to open any alleged "default" as a matter of right.

Accordingly, Defendants hereby exercise their right to open default by paying costs within fifteen (15) days of the date the answer was allegedly due. Defendants hereby certify that the costs to open default have been paid as of the date of the filing of this Motion, which is within fifteen (15) days of the date of "default" and filed Answers.

This 26th day of May, 2023.

CHARTWELL LAW

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

/s/ Douglas K. Burrell
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing on all parties by filing with the Court's e-filing system, which will automatically deliver electronic notification of same, and by statutory electronic service to the following counsel of record:

John A. Houghton
**THE HOUGHTON LAW FIRM, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**UTLEY LAW FIRM**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 26th day of May, 2023.

**CHARTWELL LAW**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

*/s/ Douglas K. Burrell*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**
**5/31/2023 5:01 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

|  |  |
|---|---|
| CHRISTOPHER STRAHAN<br>and PAIGE STRAHAN,<br><br>    Plaintiff,<br><br>v.<br>RUAN TRANSPORT CORPORATION<br>and ACE AMERICAN INSURANCE<br>COMPANY,<br><br><br>    Defendants. | Civil Action File No. 23-C-02435-S5 |

## DEFENDANTS' CERTIFICATE OF SERVICE

Defendants, RUAN TRANSPORT CORPORATION and ACE AMERICAN INSURANCE COMPANY, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on May 31, 2023, opposing counsel was duly served with a copy of the following:

1. Defendants' First Request for Admissions to Plaintiff.

Said documents were served by Statutory Electronic Service to the following counsel of record:

John A. Houghton, Esq.
**THE HOUGHTON LAW FIRM, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley, Esq.
**UTLEY LAW FIRM**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 31st day of May, 2023.

[SIGNATURE ON FOLLOWING PAGE]

**CHARTWELL LAW, LLP**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

/s/ Douglas K. Burrell
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHRISTOPHER STRAHAN
and PAIGE STRAHAN,

    Plaintiff,

v.

RUAN TRANSPORT CORPORATION
and ACE AMERICAN INSURANCE
COMPANY,

    Defendants.

Civil Action File No. 23-C-02435-S5

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served on all parties via the Court's e-filing system, which will automatically deliver electronic notification of same to the following counsel of record:

John A. Houghton, Esq.
**THE HOUGHTON LAW FIRM, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley, Esq.
**UTLEY LAW FIRM**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 31st day of May, 2023.

**CHARTWELL LAW, LLP**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com

/s/ Douglas K. Burrell
Douglas K. Burrell
Georgia Bar No. 097537

*Attorneys for Defendants*

3

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02435-S5**
**6/2/2023 3:31 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CHRISTOPHER STRAHAN )<br>and PAIGE STRAHAN, )<br> )<br>     Plaintiffs, )<br>v. )<br> )<br>RUAN TRANSPORT CORPORATION )<br>And ACE AMERICAN INSURANCE )<br>COMPANY, )<br> )<br>     Defendants. | CIVIL ACTION<br>FILE NO. 23-CV-02435-S5 |

## JOINT STIPULATION EXTENDING TIME FOR DEFENDANTS TO RESPOND TO DISCOVERY

Plaintiffs Christopher Strahan and Paige Strahan, and Defendants Ruan Transport Corporation and Ace American Insurance Company file this Joint Stipulation Extending Time to For Defendants to Respond to Discovery Pursuant to O.C.G.A. § 9-11-6(b), showing the Court as follows:

On April 12, 2023, Plaintiffs filed the above-styled action against Defendants. Defendants were served on April 13, 2023 with Plaintiffs' Complaint, Interrogatories and Request for Production of Documents. Defendants' responses to Plaintiff's discovery requests were due on May 26, 2023.

Plaintiffs and Defendants hereby stipulate that Defendants shall have **up to and including June 9, 2023**, in which to serve their objections and responses to Plaintiff's Interrogatories and Requests for Production of Documents without waiver of any objections.

Respectfully submitted, this 2nd day of June, 2023.

*[SIGNATURES ON FOLLOWING PAGE]*

**THE HOUGHTON LAW FIRM, LLC**

*/s/ John A. Houghton*
*(signed with express permission by Anelise Codrington)*
John A. Houghton
Georgia Bar No. 118206
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326
john@houghtonlawfirm.com

*/s/ Nicholas R. Utley*
*(signed with express permission by Anelise Codrington)*
Nicholas Utley
Georgia Bar No. 258852
1820 The Exchange SE, Suite 300
Atlanta, GA 30339
nick@utleylawfirm.com

*Attorneys for Plaintiff*

**CHARTWELL LAW**

*/s/ Anelise Codrington*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise Codrington
Georgia Bar No. 600999
3200 Cobb Galleria Pkwy., Unit 250
Atlanta, Georgia 30339
(404) 410-1151
acodrington@chartwelllaw.com
dburrell@chartwelllaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing on all parties by filing with the Court's e-filing system, which will automatically deliver electronic notification of same, and by statutory electronic service to the following counsel of record:

John A. Houghton
**The Houghton Law Firm, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**Utley Law Firm**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 2nd day of June, 2023.

CHARTWELL LAW, LLP

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

*/s/ Douglas K. Burrell*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**

**5/26/2023 6:19 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHRISTOPHER STRAHAN          )
and PAIGE STRAHAN,           )
                             )
      Plaintiff,        )
v.                           )          CIVIL ACTION
                             )          FILE NO. 23-CV-02435-S5
RUAN TRANSPORT CORPORATION   )
and ACE AMERICAN INSURANCE   )
COMPANY,                     )
                             )
      Defendants.       )

## DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Ace American Insurance Company ("this Defendant" herein), and respectfully files its Answer and Affirmative Defenses to Plaintiffs' Complaint.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state or set forth claims against this Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs may not recover some, or all, of their alleged damages against this Defendant as a matter of law.

## THIRD DEFENSE

Pending further investigation and discovery, the alleged breach of duty by this Defendant may not be the proximate cause of some or all of Plaintiffs' alleged injuries and damages.

## FOURTH DEFENSE

Pending additional investigation and discovery, this Defendant states that Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiffs' own actions.

### FIFTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that the expenses are for treatment for injuries and/or conditions which pre-date the subject collision and were not proximately caused by the subject collision.

### SIXTH DEFENSE

Fault must be apportioned among all potentially responsible parties and/or non-parties or entities pursuant to O.C.G.A. § 51-12-33.

### SEVENTH DEFENSE

Plaintiffs' direct-action claim fails as a matter of law because Defendant Ruan Transportation Company has a self-insured retention amount of $1 Million.  Accordingly, Ace American Insurance Company is an improper party and must be dismissed from this action as Georgia's Direct-Action statute does not authorize actions against an insured's excess insurer. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

### EIGHTH DEFENSE

Plaintiffs' negligent hiring, training, retention, supervision, dispatch, and entrustment claims are improper and unsupported as a matter of law and, as a result, must be dismissed.

### NINETH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates this Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution

and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon with relief can be granted.

### TENTH DEFENSE

Plaintiffs' Complaint, to the extent that that it seeks punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Article I, Section I of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

### ELEVENTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

### TWELFTH DEFENSE

This Defendant reserves any and all other defenses to which it may be entitled and to which it may learn in the course of the investigation and discovery in this action.

### THRTEENTH DEFENSE

This Defendant shows its investigation and discovery is continuing and reserves the right to amend its Answer to assert additional defenses.

### FOURTEENTH DEFENSE

In answer to the specific allegations of Plaintiffs' Complaint, this Defendant shows the Court as follows:

## PARTIES AND JURISDICTION

1.

This Defendant admits that its principal place of business is in Philadelphia, Pennsylvania and admits that it can be served through it registered agent CT Corporation System. This Defendant denies that it is subject to the direct-action statute and denies it is subject to the jurisdiction and venue of this Court. This Defendant admits that it issued a policy of liability insurance to Defendant Ruan but denies that it is applicable as primary insurance under Georgia's Direct-Action statute and, therefore, must be dismissed from this case. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

2.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

The allegations contained in Paragraph 3 Plaintiffs' Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint assert a legal conclusion and do not require a response. To the extent a response is required, this Defendant denies that it is

subject to the direct-action statute and denies it is subject to the jurisdiction and venue of this Court.

## **BACKGROUND**

5.

The allegations contained in Paragraph 5 are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint, which are hereby denied by operation of law.

6.

The allegations contained in Paragraph 6 are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained within Paragraph 6 of Plaintiffs' Complaint, which are hereby denied by operation of law.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint assert a legal conclusion and do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained within Paragraph 7 of Plaintiffs' Complaint, which are hereby denied by operation of law.

8.

The allegations contained in Paragraph 8 are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either

admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint, which are hereby denied by operation of law.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint assert a legal conclusion and do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient knowledge and information to either admit or deny the allegations contained within Paragraph 9 of Plaintiffs' Complaint, which are hereby denied by operation of law.

10.

The allegations contained in Paragraph 10 are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 10 of Plaintiffs' Complaint, which are hereby denied by operation of law.

11.

The allegations contained in Paragraph 11 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 11 of Plaintiffs' Complaint, which are hereby denied by operation of law.

## **COUNT 1- NEGLIGENCE**

12.

This Defendant re-alleges and incorporates its affirmative defenses and responses to Paragraphs 1 through 11 above as though fully set forth herein.

13.

The allegations contained in Paragraph 13 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 13 of Plaintiffs' Complaint, which are hereby denied by operation of law.

14.

The allegations contained in Paragraph 14 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 14 of Plaintiffs' Complaint, which are hereby denied by operation of law.

15.

The allegations contained in Paragraph 15 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 15 of Plaintiffs' Complaint, which are hereby denied by operation of law.

## **COUNT II - IMPUTED LIABILTY**

16.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 15 above as though fully set forth herein.

17.

The allegations contained in Paragraph 17 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained

within Paragraph 17 of Plaintiffs' Complaint, which are hereby denied by operation of law.

18.

The allegations contained in Paragraph 18 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 18 of Plaintiffs' Complaint, which are hereby denied by operation of law.

19.

The allegations contained in Paragraph 19 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 19 of Plaintiffs' Complaint, which are hereby denied by operation of law..

20.

The allegations contained in Paragraph 20 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 20 of Plaintiffs' Complaint, which are hereby denied by operation of law.

21.

The allegations contained in Paragraph 21 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 21 of Plaintiffs' Complaint, which are hereby denied by operation of law.

## **COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISON, RETENTION, DISPATCH & ENTRUSTMENT**

22.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 21 of Plaintiffs' Complaint above as if fully set forth herein.

23.

The allegations contained in Paragraph 23 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 23 of Plaintiffs' Complaint, which are hereby denied by operation of law.

24.

The allegations contained in Paragraph 24 assert a legal conclusion that do not require a response and are not directed to this Defendant.  To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 24 of Plaintiffs' Complaint, which are hereby denied by operation of law.

25.

The allegations contained in Paragraph 25 assert a legal conclusion that does not require a response and are not directed to this Defendant.  To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 25 of Plaintiffs' Complaint, which are hereby denied by operation of law.

26.

The allegations contained in Paragraph 26 assert a legal conclusion that do not require a response and are not directed to this Defendant.  To the extent a response is required, this

Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 26 of Plaintiffs' Complaint, which are hereby denied by operation of law.

27.

The allegations contained in Paragraph 27 assert a legal conclusion that does not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 27 of Plaintiffs' Complaint, which are hereby denied by operation of law.

28.

The allegations contained in Paragraph 28 assert a legal conclusion that do not require a response and are not directed to this Defendant.  To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 28 of Plaintiffs' Complaint, which are hereby denied by operation of law.

29.

The allegations contained in Paragraph 29 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 29 of Plaintiffs' Complaint, which are hereby denied operation of law.

## **COUNT IV – DIRECT ACTION**

30.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 29 of Plaintiffs' Complaint above as if fully set forth herein.

31.

The allegations contained in Paragraph 31 assert a legal conclusion that do not require a response. To the extent a response is required, this Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint and asserts that Plaintiffs' direct-action claim fails as a matter of law because Defendant Ruan Transportation Company has a self-insured retention amount of $1 Million.  Accordingly, Ace American Insurance Company is an improper party and must be dismissed from this action as Georgia's Direct-Action statute does not authorize actions against an insured's excess insurer. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

32.

The allegations contained in Paragraph 32 assert a legal conclusion that do not require a response. To the extent a response is required, this Defendant admits it issued an insurance policy to Defendant Ruan but denies that said policy is primary because Defendant Ruan Transportation Company has a self-insured retention amount of $1 Million.  Plaintiffs' direct-action claim fails as a matter of law because Defendant Ruan Transportation Company has a self-insured retention amount of $1 Million.  Accordingly, Ace American Insurance Company is an improper party and must be dismissed from this action as Georgia's Direct-Action statute does not authorize actions against an insured's excess insurer. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

33.

The allegations contained in Paragraph 33 assert a legal conclusion that do not require a response. To the extent a response is required, this Defendant denies the allegations contained within Paragraph 33 of Plaintiffs' Complaint and asserts that this Defendant is not a motor carrier,

leasing company, broker, or freight forwarder. This Defendant further asserts that Ace American Insurance Company is an improper party and must be dismissed from this action as Georgia's Direct-Action statute does not authorize actions against an insured's excess insurer. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

34.

The allegations contained in Paragraph 34 assert a legal conclusion that do not require a response. To the extent a response is required, this Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint and asserts that Plaintiffs' direct-action claim fails as a matter of law because Defendant Ruan Transportation Company has a self-insured retention amount of $1 Million. Accordingly, Ace American Insurance Company is an improper party and must be dismissed from this action as Georgia's Direct-Action statute does not authorize actions against an insured's excess insurer. *See Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25 (2010) and *RLI Insurance Company v. Duncan*, 345 Gas. App. 876 (2018).

## COUNT V - DAMAGES

35.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 34 of Plaintiffs' Complaint above as if fully set forth herein.

36.

The allegations contained in Paragraph 36 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 36 of Plaintiffs' Complaint, which are hereby denied by operation of law. This

Defendant specifically denies that Plaintiffs are entitled to recover any damages from this Defendant.

37.

The allegations contained in Paragraph 37 assert a legal conclusion that do not require a response and are not directed to this Defendant and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 37 of Plaintiffs' Complaint, which are hereby denied by operation of law.  This Defendant specifically denies that Plaintiffs are entitled to recover any damages from this Defendant.

38.

The allegations contained in Paragraph 38 assert a legal conclusion that do not require a response and are not direct to this Defendant and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 38 of Plaintiffs' Complaint, which are hereby denied by operation of law. This Defendant specifically denies that Plaintiffs are entitled to recover any damages from this Defendant.

39.

The allegations contained in Paragraph 39 assert a legal conclusion that do not require a response and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 39 of Plaintiffs' Complaint, which are hereby denied by operation of law. This Defendant specifically denies that Plaintiffs are entitled to recover any damages from this Defendant.

## COUNT VI - PUNITIVE DAMAGES

40.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 39 of Plaintiffs' Complaint above as if fully set forth herein.

41.

The allegations contained in Paragraph 41 assert a legal conclusion that do not require a response and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 41 of Plaintiffs' Complaint, which are hereby denied by operation of law. This Defendant specifically denies that Plaintiffs are entitled to recover any damages, including punitive damages, from this Defendant.

42.

The allegations contained in Paragraph 42 assert a legal conclusion that do not require a response and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 42 of Plaintiffs' Complaint, which are hereby denied by operation of law. This Defendant specifically denies that Plaintiffs are entitled to recover any damages, including punitive damages, from this Defendant.

## COUNT VII – LOSS OF CONSORTIUM

43.

This Defendant incorporates and re-alleges its responses to Paragraphs 1 through 42 of Plaintiffs' Complaint above as if fully set forth herein.

44.

The allegations contained in Paragraph 44 assert a legal conclusion that do not require a response and are not directed at this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 44 of Plaintiff's Complaint, which are hereby denied by operation of law.

45.

The allegations contained in Paragraph 45 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 45 of Plaintiff's Complaint, which are hereby denied by operation of law.

46.

The allegations contained in Paragraph 46 assert a legal conclusion that do not require a response. To the extent a response is required, this Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 46 of Plaintiffs' Complaint, which are hereby denied by operation of law.  This Defendant specifically denies that Plaintiffs are entitled to recover any damages from this Defendant.

47.

This Defendant denies the allegations contained in Plaintiffs' Prayer for Relief appearing immediately after Paragraph 46 of Plaintiffs' Complaint, beginning with the words, "WHEREFORE, Plaintiffa pray …" including subparts a. through f. This Defendant specifically denies any inference of liability, causation and damages.

48.

Any allegations contained in Plaintiffs' Complaint not previously admitted, denied, or otherwise responded to herein are hereby denied.

49.

**THIS DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE.**

**WHEREFORE**, Defendant Ace American Insurance Company demands that:

a.  Plaintiffs' claims be dismissed with prejudice;

b.  Plaintiffs recover nothing in this action;

c.  All costs and attorney's fees so wrongfully incurred defending this action be awarded to this Defendant; and

d.  This Defendant be awarded any other relief that this Court deems proper.

Respectfully submitted this 26th day of May, 2023.

**CHARTWELL LAW, LLP**

|  |  |
|---|---|
|  | _/s/ Douglas K. Burrell_____ |
| 3200 Cobb Galleria Pkwy | Douglas K. Burrell |
| Unit 250 | Georgia Bar No. 097537 |
| Atlanta, Georgia 30339 | Anelise R. Codrington |
| (404) 410-1151 | Georgia Bar No. 600999 |
| dburrell@chartwelllaw.com | |
| acodrington@chartwelllaw.com | _Attorneys for Defendants_ |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing on all parties by filing with the Court's e-filing system, which will automatically deliver electronic notification of same, and by statutory electronic service to the following counsel of record:

John A. Houghton
**THE HOUGHTON LAW FIRM, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**UTLEY LAW FIRM**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 26th day of May, 2023.

**CHARTWELL LAW, LLP**

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

*/s/ Douglas K. Burrell*
Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02435-S5**

**5/26/2023 6:19 PM**

TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

CHRISTOPHER STRAHAN            )
and PAIGE STRAHAN,             )
                              )
      Plaintiff,               )
v.                            )          CIVIL ACTION
                              )          FILE NO. 23-CV-02435-S5
RUAN TRANSPORT CORPORATION    )
And ACE AMERICAN INSURANCE    )
COMPANY,                      )
                              )

      Defendants.

### DEFENDANT RUAN TRANSPORT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Ruan Transport Corporation ("Defendant" herein), and respectfully files its Answer and Affirmative Defenses to Plaintiffs' Complaint.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state or set forth claims against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs may not recover some, or all, of his alleged damages against this Defendant as a matter of law.

### THIRD DEFENSE

Pending further investigation and discovery, the alleged breach of duty by this Defendant may not be the proximate cause of some or all of Plaintiffs' alleged injuries and damages.

### FOURTH DEFENSE

Pending additional investigation and discovery, this Defendant states that Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiffs' own actions.

## FIFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that the expenses are for treatment for injuries and/or conditions which pre-date the subject collision and were not proximately caused by the subject collision.

## SIXTH DEFENSE

Fault must be apportioned among all potentially responsible parties and/or non-parties or entities pursuant to O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiffs' negligent hiring, training, retention, supervision, dispatch, and entrustment claims are improper and unsupported as a matter of law and, as a result, must be dismissed.

## NINETH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon with relief can be granted.

## TENTH DEFENSE

Plaintiffs' Complaint, to the extent that that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Article I, Section I of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## ELEVENTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWELFTH DEFENSE

This Defendant reserves any and all other defenses to which it may be entitled and to which it may learn in the course of the investigation and discovery in this action.

## THRTEENTH DEFENSE

This Defendant shows its investigation and discovery is continuing and reserves the right to amend its Answer to assert additional defenses.

## FOURTEENTH DEFENSE

In answer to the specific allegations of Plaintiffs' Complaint, this Defendant shows the Court as follows:

## PARTIES AND JURISDICTION

1.

The allegations contained in Paragraph 1 of Plaintiffs' Complaint contain conclusions of law that do not require a response and are not directed at Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, which are hereby denied by operation of law.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint contain conclusions of law that do not require a response and are not directed at Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint, which are hereby denied by operation of law.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint assert a legal conclusion and do not require a response. To the extent a response is required, this Defendant admits the allegations contained in Paragraph 4 as to this Defendant only.

## **BACKGROUND**

5.

This Defendant admits the allegations contained within Paragraph 5 of Plaintiffs' Complaint.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint assert a legal conclusion and do not require a response. To the extent a response is required, admitted.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint assert a legal conclusion and do not require a response. To the extent a response is required, denied as pled. Defendant specifically denies any inference of negligence and liability.

8.

This Defendant admits only that the subject tractor-trailer made contact with Plaintiff Strahan's vehicle on or about December 24, 2021. Defendant specifically denies any inference of negligence and liability.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint assert a legal conclusion and do not require a response. To the extent a response is required, denied. Defendant specifically denies any inference of negligence and liability.

10.

This Defendant is without sufficient information and knowledge to either admit or deny the allegations contained within Paragraph 10 of Plaintiffs' Complaint, which are hereby denied by operation of law. Defendant specifically denies any inference of negligence and liability.

11.

The allegations contained in Paragraph 11 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 11 of Plaintiffs' Complaint, which are hereby denied by operation of law. Defendant specifically denies any inference of negligence and liability.

## **COUNT 1- NEGLIGENCE**

12.

Defendant re-alleges and incorporates its affirmative defenses and responses to paragraphs 1 through 11 above as though fully set forth herein.

13.

The allegations contained in Paragraph 13 assert a legal conclusion that do not require a response. To the extent a response is required, denied. Defendant specifically denies any inference of negligence and liability.

14.

The allegations contained in Paragraph 14 assert a legal conclusion that does not require a response. To the extent a response is required, denied. Defendant specifically denies any inference of negligence and liability.

15.

The allegations contained in Paragraph 15 assert a legal conclusion that does not require a response. To the extent a response is required, denied. Defendant specifically denies any inference of negligence and liability.

## **COUNT II - IMPUTED LIABILTY**

16.

Defendant incorporates and re-alleges its responses to paragraphs 1 through 15 above as though fully set forth herein.

17.

The allegations contained in Paragraph 17 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant admits that Demetrius Leverett was operating a tractor-trailer on behalf of Defendant Ruan.

18.

The allegations contained in Paragraph 18 assert a legal conclusion that do not require a response. To the extent a response is required, admitted.

19.

The allegations contained in Paragraph 19 assert a legal conclusion that do not require a response. To the extent a response is required, admitted; however, Defendant specifically denies any inference of negligence and liability..

20.

The allegations contained in Paragraph 20 assert a legal conclusion that does not require a response. To the extent a response is required, denied as pled.

21.

The allegations contained in Paragraph 21 assert a legal conclusion that does not require a response. To the extent a response is required, denied as pled.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISON, RETENTION, DISPATCH & ENTRUSTMENT

22.

Defendant incorporates and re-alleges its responses to Paragraphs 1 through 21 of Plaintiffs' Complaint above as if fully set forth herein.

23.

The allegations contained in Paragraph 23 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant denies the allegations contained within Paragraph 23 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence

and liability.

24.

The allegations contained in Paragraph 24 assert a legal conclusion that do not require a response.  To the extent a response is required, Defendant denies the allegations contained within Paragraph 24 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability.

25.

The allegations contained in Paragraph 25 assert a legal conclusion that do not require a response.  To the extent a response is required, Defendant denies the allegations contained within Paragraph 25 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability.

26.

The allegations contained in Paragraph 26 assert a legal conclusion that do not require a response.  To the extent a response is required, Defendant denies the allegations contained within Paragraph 26 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability.

27.

The allegations contained in Paragraph 27 assert a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained with Paragraph 27 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability.

28.

The allegations contained in Paragraph 28 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant denies the allegations contained within Paragraph 28 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability.

29.

The allegations contained in Paragraph 29 assert a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained within Paragraph 29 of Plaintiffs' Complaint. Defendant specifically denies any inference of negligence and liability and further denies that Plaintiffs are entitled to recover any damages from this Defendant.

## COUNT IV – DIRECT ACTION

30.

Defendant incorporates and re-alleges its responses to Paragraphs 1 through 29 of Plaintiffs' Complaint above as if fully set forth herein.

31.

The allegations contained in Paragraph 31 assert a legal conclusion that does not require a response and are not directed at this Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint, which are hereby denied by operation of law.

32.

The allegations contained in Paragraph 32 assert a legal conclusion that does not require a response. To the extent a response is required, Defendant admits only that it was issued an

insurance policy by Defendant Ace American Insurance Company. Defendant further states that filing requirements are set by operation of law.

33.

The allegations contained in Paragraph 33 assert a legal conclusion that does not require a response. To the extent a response is required, Defendant admits that filing requirements are set by operation of law.

34.

The allegations contained in Paragraph 34 assert a legal conclusion that does not require a response and are not directed at this Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint, which are hereby denied by operation of law.

## **COUNT V - DAMAGES**

35.

Defendant incorporates and re-alleges its responses to Paragraphs 1 through 34 of Plaintiffs' Complaint above as if fully set forth herein.

36.

The allegations contained in Paragraph 36 assert a legal conclusion that do not require a response and are not directed to this Defendant. To the extent a response is required, denied. Defendant specifically denies any inference of liability and negligence and further denies that Plaintiffs are entitled to recover any damages from this Defendant.

37.

The allegations contained in Paragraph 37 assert a legal conclusion that does not require a response and are not directed to this Defendant. To the extent a response is required, denied.

Defendant specifically denies any inference of liability and negligence and further denies that Plaintiffs are entitled to recover any damages from this Defendant.

38.

The allegations contained in Paragraph 38 assert a legal conclusion that does not require a response and are not direct to this Defendant. To the extent a response is required, denied. Defendant specifically denies any inference of liability and negligence and further denies that Plaintiffs are entitled to recover any damages from this Defendant.

39.

The allegations contained in Paragraph 39 assert a legal conclusion that does not require a response. To the extent a response is required, denied.  Defendant specifically denies any inference of liability and negligence and further denies that Plaintiffs are entitled to recover any damages from this Defendant.

**COUNT VI - PUNITIVE DAMAGES**

40.

Defendant incorporates and re-alleges its responses to paragraphs 1 through 39 of Plaintiffs' Complaint above as if fully set forth herein.

41.

The allegations contained in Paragraph 41 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant denies allegations contained within Paragraph 41 of Plaintiff's Complaint. Defendant specifically denies any inference of negligence and liability and further denies that Plaintiffs are entitled to recover any damages, including punitive damages, from this Defendant.

42.

The allegations contained in Paragraph 42 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant denies the allegations contained within Paragraph 42 of Plaintiff's Complaint.  Defendant specifically denies any inference of negligence and liability and further denies that Plaintiffs are entitled to recover any damages, including punitive damages, from this Defendant.

## COUNT VII – LOSS OF CONSORTIUM

43.

Defendant incorporates and re-alleges its responses to Paragraphs 1 through 42 of Plaintiffs' Complaint above as if fully set forth herein.

44.

The allegations contained in Paragraph 44 assert a legal conclusion that do not require a response. To the extent a response is required, Defendant is without sufficient information and knowledge to either admit or deny allegations contained within Paragraph 44 of Plaintiffs' Complaint, which are hereby denied by operation of law.

45.

The allegations contained in Paragraph 45 assert a legal conclusion that do not require a response. To the extent a response is required, denied.  Defendant specifically denies any inference of liability and negligence and further denies that Plaintiffs are entitled to recover any damages, including loss of consortium damages, from this Defendant.

46.

The allegations contained in Paragraph 46 assert a legal conclusion that do not require a response. To the extent a response is required, denied. Defendant specifically denies any inference

of liability and negligence and further denies that Plaintiffs are entitled to recover any damages, including loss of consortium damages, from this Defendant.

47.

This Defendant denies the allegations contained in Plaintiffs' Prayer for Relief appearing immediately after Paragraph 46 of Plaintiffs' Complaint, beginning with the words, "WHEREFORE, Plaintiffs pray …" including subparts a. through f. Defendant specifically denies any inference of liability, causation and damages.

48.

Any allegations contained in Plaintiffs' Complaint not previously admitted, denied, or otherwise responded to herein are hereby denied.

49.

**THIS DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE.**

**WHEREFORE**, Defendant Ruan Transport Corporation this demands that:

a.  Plaintiff's claims be dismissed with prejudice;

b.  Plaintiffs recover nothing in this action;

c.  All costs and attorney's fees so wrongfully incurred defending this action be awarded to this Defendant; and

d.  This Defendant be awarded any other relief that this Court deems proper.

Respectfully submitted this 26th day of May, 2023.

[SIGNATURE ON FOLLOWING PAGE]

**CHARTWELL LAW, LLP**

3200 Cobb Galleria Pkwy        */s/ Douglas K. Burrell*
Unit 250        Douglas K. Burrell
Atlanta, Georgia 30339        Georgia Bar No. 097537
(404) 410-1151        Anelise R. Codrington
dburrell@chartwelllaw.com        Georgia Bar No. 600999
acodrington@chartwelllaw.com

       *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing on all parties by filing with the Court's e-filing system, which will automatically deliver electronic notification of same, and by statutory electronic service to the following counsel of record:

John A. Houghton
**The Houghton Law Firm, LLC**
2860 Piedmont Road NE Suite 250
Atlanta, GA 30326

Nicholas Utley
**Utley Law Firm**
1820 The Exchange SE Suite 300
Atlanta GA 30339
*Attorneys for Plaintiff*

This 26th day of May, 2023.

CHARTWELL LAW, LLP

/s/ Douglas K. Burrell

3200 Cobb Galleria Pkwy
Unit 250
Atlanta, Georgia 30339
(404) 410-1151
dburrell@chartwelllaw.com
acodrington@chartwelllaw.com

Douglas K. Burrell
Georgia Bar No. 097537
Anelise R. Codrington
Georgia Bar No. 600999

*Attorneys for Defendants*