# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **RASHAWDA S. NELSON** and **SHINA A. BOLARINWA** **Plaintiffs,** | ) ) ) ) | Civil Action |
| vs. | ) ) ) | CASE NO.: _____ |
| **UR MENDOZA JADDOU,** Director of U.S. Citizenship and Immigration Services**,** and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, **Defendants.** | ) ) ) ) ) ) ) ) ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT
## UNDER THE ADMINISTRATIVE PROCEDURE ACT

**To the Honorable Judges of this Court:**

COME NOW **Rashawda S. Nelson** and **Shina A. Bolarinwa**, Plaintiffs in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for mandamus, brought against the Defendants to compel action on an immigrant visa petition and adjustment of status application filed

1

by Plaintiffs. The petition and application were presented to and remain within the jurisdiction of the Defendants, who have improperly withheld action on said petition and application to Plaintiffs' detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiffs, namely to cause Defendants to adjudicate and process Plaintiffs' petition and application. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiffs.

## PARTIES

3. Plaintiff Rashawda S. Nelson ("Plaintiff Petitioner") is a citizen of the United States. She filed a Form I-130, Petition for Alien Relative, on behalf of her spouse. Said Petition has not yet been adjudicated.

4. Plaintiff Shina Adewale Bolarinwa ("Plaintiff Beneficiary," Alien Number: A214-968-811) is a native and citizen of Nigeria. Concurrently with his wife's Form I-130, he filed his own Form I-485, Application to Register Permanent Residence or Adjust Status, which, as will be shown, Defendants have unlawfully failed to adjudicate.

5. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter, USCIS] a branch of the Department of Homeland Security. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS.

6. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of Petitions for Alien Relative and Applications to Register Permanent Residence or Adjust Status in her service area. As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed.

## JURISDICTION

7. Jurisdiction, in this case, is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), that this is an action against officers and agencies of the United States in their official capacities brought in the district where the Plaintiffs in the action resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9. Plaintiffs have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants have not rendered a decision on the Plaintiffs' four-and-a-half-year-old Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief available.

## LEGAL BACKGROUND

10. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedures Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922,

930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

11. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS withheld action on Plaintiffs' petition. There not being any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

12. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> > **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > **(B)** contrary to constitutional right, power, privilege, or immunity;
> >
> > **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    **(D)** without observance of procedure required by law;

    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

13. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to process the petition and application filed by Plaintiffs.

14. A U.S. Citizen spouse or child files a petition on behalf of the non-citizen on Form I-130, otherwise known as a Petition for Alien Relative. Approval of this petition allows an immigrant visa to be immediately available to the Beneficiary of said petition. INA § 201 [8 U.S.C. § 1151(b)(2)(A)(i)].

15. Defendants have willfully and unreasonably withheld action on Plaintiffs' I-130 petition and I-485 application, preventing Plaintiff Beneficiary from advancing his pursuit of Lawful Permanent Resident status.

16. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, have unlawfully withheld action on Plaintiffs' petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

17. Accordingly, Plaintiffs have been forced to pursue the instant action.

## CAUSE OF ACTION

18. Plaintiff Beneficiary is a Nigerian native and citizen. **See Exhibit 1**, I-130 Receipt Notice. He married his United States citizen spouse on June 1, 2017.

19. On August 13, 2018, Plaintiff Petitioner and Plaintiff Beneficiary filed their initial Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status. **See Exhibit 1**, I-130 Receipt Notice; **Exhibit 2**, I-485 Receipt Notice.

20. On May 7, 2019, Plaintiffs attended an initial interview with USCIS. The Service then scheduled a second interview, during which the Plaintiffs were interviewed separately, on May 27, 2021.

21. On October 12, 2022, the Service issued a Notice of Intent to Deny. **See Exhibit 3**, Notice of Intent to Deny. The Plaintiffs duly responded on or about November 14, 2022. **See Exhibit 4**, Cover Letter – Response to Notice of Intent to Deny.

22. Plaintiff has received no further communication from the Service since responding to the Notice of Intent to Deny. No further documentation has been requested, nor has the Service made a decision or set a follow-up interview.

23. Defendants' failure to take the appropriate action required by law to adjudicate Plaintiffs' Petition and Application is denying the couple a privilege to which they are entitled. Accordingly, Plaintiffs are suffering continuing harm due to this unreasonable delay, having actively pursued Plaintiff Beneficiary's permanent residence for four-and-a-half years now.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:

A. Enjoin Defendants from further delaying the adjudication of Plaintiffs' I-130 Petition and I-485 Application;

B. To compel the Defendants and their agents to immediately adjudicate Plaintiffs' I-130 Petition and I-485 Application according to the law and regulations by which they are bound;

C. Award Plaintiffs reasonable attorney's fees; and,

D. Grant such other and further relief at law and in equity as justice may require.

Respectfully submitted,

This 2nd day of June, 2023.

                                                **THE FOGLE LAW FIRM, LLC**

                                                <u>/S/H. Glenn Fogle, Jr.</u>
                                                by: H. Glenn Fogle, Jr.
                                                Georgia Bar No. 266963
                                                Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com