# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KOFI AMPOFO BOADI, A# 203 285 330,<br><br>  11677 Sarah Loop<br>  Hampton, GA 30228<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br><br>UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br><br>and,<br><br>TRACY RENAUD, Director of the Irving Field Office of the United States Citizenship and Immigration Services,<br><br>Serve:  Tracy Renaud<br>         USCIS<br>         6046 N Belt Line Rd<br>         Irving, TX 75038<br><br>   Defendants. | Case No. |

1

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S PETITION TO REMOVE CONDITIONS

Plaintiff Kofi Ampofo Boadi respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's petition for removal of conditions on their lawful permanent resident status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed petition.

## PARTIES

1. Plaintiff Kofi Ampofo Boadi is a citizen of Ghana.

2. Kofi Ampofo Boadi was married to a U.S. citizen named Lakeshia Monic Thomas. The couple divorced on October 25, 2018.

3. Kofi Ampofo Boadi resides in Hampton, GA.

4. Kofi Ampofo Boadi filed an I-751 Petition for Removal of Conditions on Residence on or about May 26, 2022. Defendants assigned Receipt Number SRC2290128041 to Plaintiff's case.

5. Since then, the Defendants have taken no action on the pending I-751 petition. The Defendants have refused and continue to refuse to conduct an interview and make a decision on the case.

6. Since Kofi Ampofo Boadi filed the petition with USCIS, Plaintiff has made repeated requests to have his case finally adjudicated.

7. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Kofi Ampofo Boadi's petition to remove conditions has remained pending far longer than is reasonable.

8. USCIS has refused to adjudicate Kofi Ampofo Boadi's petition in accordance with applicable legal criteria.

9. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending petition as required by law.

10. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing I-751 applications.

11. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS.  Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Jaddou is sued in an official capacity as an agent of the government of the United States.

12. Defendant Tracy Renaud is the Director of the USCIS Texas Service Center and is sued only in an official capacity, as well as any successors and assigns. The Texas Service Center has jurisdiction over I-751 petitions for immigrants in Hampton, GA, where Plaintiff resides.  Renaud is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Tracy Renaud is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

13. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides within this district.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

16. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

17. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

18. Plaintiff alleges that the petition has been in administrative processing beyond a reasonable time period for completing administrative processing of the I-751 petition.

19. The combined delay and failure to act on Kofi Ampofo Boadi's I-751 petition is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

20. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

21. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiff alleges and states as

follows:

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

23. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

24. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

25. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status without conditions, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Kofi Ampofo Boadi requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Kofi Ampofo Boadi's petition to remove conditions on their lawful permanent resident status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Kofi Ampofo Boadi's petition to remove conditions on their lawful permanent resident status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card without conditions to Kofi Ampofo Boadi;

5.    That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the petition to remove conditions on their lawful permanent resident status;

6.    Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.    Such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED
June 2, 2023

*/s/Steven M. Lefkoff*
Steven M. Lefkoff - Bar # 670486
Lefkoff Law, LLC
860 Johnson Ferry Road, #140-323
Atlanta, GA 30342
Phone: 404-482-2228
Fax: 404-574-2724
steven@lefkofflaw.com

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF
KOFI AMPOFO BOADI**