## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**CHRISTASHA HARVEY,**

*Plaintiff*,

v.

**LEMONADE INSURANCE COMPANY**

*Defendant.*

**Civil Action No.: 23A01612**

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT LEMONADE INSURANCE COMPANY

**COME NOW Defendant Lemonade Insurance Company ("Defendant")** and hereby

files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff for any cause of action, including for breach of contract,

because Defendant at no time breached or otherwise violated any of the terms or conditions of the

Policy between Defendant and Plaintiff. At all times, Defendant acted in accordance with its rights

and obligations as set forth in the Policy.

### THIRD DEFENSE

Plaintiff is barred from recovering any additional damages related to this action because

Defendant's payment due under the Policy, if any, are less than the deductible.

### FOURTH DEFENSE

In the event Defendant is found liable in this action, which Defendant denies, Defendant is

entitled to a setoff against any judgment entered against it arising out of this claim for those

amounts already paid to Plaintiff or to any others on Plaintiff's behalf, including Plaintiff's deductible.

## FIFTH DEFENSE

Plaintiff's claims are barred by the affirmative defenses of accord and satisfaction and payment.

## SIXTH DEFENSE

Plaintiff's claims are barred under the Policy to the extent Plaintiff breached the terms and conditions of the Policy.

## SEVENTH DEFENSE

Plaintiff may not recover from Defendant under the Policy because Plaintiff violated the concealment or fraud provision of the Policy. Specifically, the Policy provides:

**SECTION 1- CONDITIONS**

**Q. Concealment Or Fraud**
We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
1. Intentionally concealed or misrepresented any material fact or circumstance;
2. Engaged in fraudulent conduct; or
3. Made false statements;
relating to this insurance.

## EIGHTH DEFENSE

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to O.C.G.A. § 33-4-6, including a request for attorney's fees, Plaintiff is barred from asserting any such claim because they failed to satisfy the requirements of O.C.G.A. § 33-4-6, including but not limited to, asserting a proper and timely bad faith demand under Georgia law for the claims which are the subject of this dispute.

**NINTH  DEFENSE**

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to O.C.G.A. § 33-4-6, including a request for attorney's fees, Plaintiff  may not recover because Defendant has, at all times, acted in good faith and with fair dealing with respect to Plaintiff's claim.

**TENTH DEFENSE**

To the extent Plaintiff seeks to assert a claim for attorney's fees or extra contractual damages against Defendant pursuant to any other statute or law aside from O.C.G.A. § 33-4-6, Plaintiff may not recover because O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith penalty or attorney's fees recoverable by an insured against his/her insurer based on a failure to pay policy benefits.

**ELEVENTH DEFENSE**

The facts and circumstances forming the basis of Plaintiff's Complaint were brought by and as a result of Plaintiff's conduct, and Plaintiff is, therefore, estopped and precluded from recovering.

**TWELFTH DEFENSE**

 Plaintiff may not recover from Defendant in the amount she demands because the Policy has a limitation of coverage for theft of jewelry, watches, furs, precious and semiprecious stones.

**THIRTEENTH DEFENSE**

Plaintiff's alleged damages, if any, are limited by the loss settlement provisions in the policy.

**FOURTEENTH DEFENSE**

Plaintiff's failure to comply with all applicable provisions of the Policy alleviated any obligation of Defendant to indemnify Plaintiff for the Loss and/or to pay Plaintiff any benefits which may have been available under the Policy.

**FIFTEENTH DEFENSE**

Defendant is not obligated to indemnify Plaintiff for any damages purportedly sustained in the Loss because Plaintiff committed legal fraud against Defendant by knowingly making false statements with the intent to induce Defendant to act or refrain from acting in reliance upon the Plaintiff's false statement. See O.C.G.A.§ 13-5-5.

**SIXTEENTH DEFENSE**

Plaintiff is unable to recover under the Policy for damages related to the reported loss pursuant to O.C.G.A.§ 51-6-2 because she concealed and/or misrepresented material facts and information related to the Policy and the Loss.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to amend this answer and add further affirmative defenses as necessary or discovered.

**EIGHTEENTH DEFENSE**

Without waiving any of the above affirmative defenses and subject to the above defenses, these Defendant responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

<u>PARTIES, JURISDICTION, AND VENUE</u>

1.

Defendant admits Plaintiff submits to the jurisdiction of this Court.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a foreign insurance company registered to do business in the State of Georgia. Defendant admits it may be served with process through its registered agent, United Corporate Services, Inc.

3.

In response to Plaintiff's allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits that jurisdiction and venue may be proper in DeKalb County, Georgia, but denies that DeKalb County, Georgia is the only court with proper jurisdiction and venue over this action.

FACTUAL BACKGROUND

4.

Defendant re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 3 in response to Paragraph 4 of Plaintiff's Complaint.

5.

Upon information and belief, Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without sufficient information or knowledge as to the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore cannot admit nor deny same.

7.

Defendant is without sufficient information or knowledge as to the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore cannot admit nor deny same.

8.

In response to Paragraph 8, Defendant admits only that Plaintiff reported the theft of her luggage and its contents as stolen to Delta Airlines and the police. Defendant denies all remaining allegations contained within Paragraph 8 of Plaintiff's Complaint, including but not limited to any allegations that an actual theft loss occurred.

9.

Defendant is without sufficient information or knowledge as to the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore cannot admit nor deny same.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 10 in contradiction thereto. Defendant denies any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law. Defendant denies the remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits Plaintiff notified Defendant of a loss in the amount of Three Hundred Eighty-Four Thousand, Seven Hundred and Seventy-Five Thousand Dollars ($384,775.00) and made a claim under the Policy but denies allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

12.

In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law. Further, Defendant denies that remainder of the allegations in Paragraph 12 of Plaintiff's Complaint.

<u>CAUSES OF ACTION</u>

COUNT 1
BREACH OF CONTRACT

13.

Defendant re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 12 in response to Paragraph 13 of Plaintiff's Complaint.

14.

Defendant admits Plaintiff was insured under a Homeowner's Policy of Insurance, Policy No. LP730433684 but denies that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

15.

Defendant admits Plaintiff made a request for payment of benefits but denies benefits were due under this Policy.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits that Defendant denied the claim on May 25, 2022 on the basis that that Plaintiff intentionally concealed or mispresented material facts, providing invalid or altered documentation, and made false statements in connection to a policy or claim. These actions, amongst other reason, are grounds for Plaintiff's claim to be denied.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

COUNT II
Attorney's Fees
O.C.G.A. § 13-6-11

19.

Defendant re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 18 in response to Paragraph 19 in Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

RESERVATION OF RIGHT TO AMEND

22.

Defendant denies the allegations contained in Paragraph 22 Plaintiff's Complaint.

23.

Any allegation not responded to above by Defendant is hereby denied.

## PRAYER FOR RELIEF

24.

Defendant denies Plaintiff is entitled to relief sought in Plaintiff's Prayer for Relief entitled

WHEREFORE, including subparts 1) through 5) of the Plaintiff's Complaint.

## JURY DEMAND

Defendant denies Plaintiff is entitled to a jury trial in this case.

WHEREFORE, Defendant pray that:

(a)     Plaintiff's Complaint be dismissed;

(b)     That Defendant has jury of 12 for the trial of this case; and

(c)     Any further relief this Court deems proper.

Respectively submitted this 5th day of June, 2023.


**SWIFT CURRIE McGHEE & HIERS, LLP**


*/s/ Tracy A. Gilmore*
TRACY A. GILMORE
Georgia Bar No. 633193
MAREN R. CAVE
Georgia Bar No. 278448

*Attorneys for Defendant*


1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 874-8800 (P)
Tracy.gilmore@swiftcurrie.com
Maren.cave@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the court's electronic filing system which will automatically send electronic mail notification of such filing to counsel of record as follows:

Michaels E. Russ, Jr.
THE RUSS LAW FIRM
101 Marietta Street NW
Suite 3340
Atlanta, Georgia 30303
m.russ@russfirm.com

This 5th day of May,  2023

**SWIFT CURRIE McGHEE & HIERS, LLP**

BY:    */s/  Tracy A. Gilmore*
TRACY A. GILMORE
Georgia Bar No. 633193
MAREN CAVE
Georgia Bar No. 278448
*Attorneys for Defendant*

1420 Peachtree St NE
Suite 800
Atlanta, GA 30309
(404) 874-8800
tracy.gilmore@swiftcurrie.com
maren.cave@swiftcurrie.com

4886-7945-4056, v. 1