UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ANDREA BUTLER,** | ) **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **EXPERIAN INFORMATION SOLUTIONS INC.,** | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Andrea Butler as and for her Complaint respectfully alleges as follows:

### I.   INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Andrea Butler, an individual consumer, against Defendant, Experian Information Solutions Inc. (hereinafter "Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue in this District is proper in that the Defendant transacts business in the Hampton, Georgia, and the conduct complained of occurred in Hampton, Georgia.

### III.   PARTIES

3. The Plaintiff is a natural person residing in Hampton, Georgia.

4. Upon information and belief, Defendant is a California corporation duly authorized and qualified to do business in the State of Georgia.

5. Upon information and belief, Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Experian is regularly engaged in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

### IV. FACTS OF THE COMPLAINT

6. Upon information and belief on or about February 23, 2023, the Plaintiff observed fifteen trade lines from different furnishers that she believes to have inflated balances. The fifteen tradelines the Plaintiff directly requested to be investigated and removed from file if found inaccurate or incomplete are listed below:

    a. COMENITYCAPITAL/ULTA: Account Number: 578097***********

    b. COMENITYBANK/VICTORIA: Account Number: 539176***********

    c. GRAIN TECHNOLOGY, IN: Account Number: 491046***********

    d. APPLE CARD/GS BANK USA: Account Number: 110001***************

    e. DISCOVER BANK: Account Number: 601100***********

    f. MILITARY STAR: Account Number: 601945***********

    g. CAPITAL ONE: Account Number: 517805***********

      h. TD BANK USA/TARGETCRED: Account Number: 585975***********

      i. USAA SAVINGS BANK: Account Number: 427082***********

      j. USAA FEDERAL SAVINGS B: Account Number: 113107*********

      k. CAPITAL ONE: Account Number: 517805***********

      l. American Express: Account Number: 349992***************

      m. AFFIRM INC: Account Number: 4ORWIF*******

      n. CBNA/WAYFAIR: Account Number: 603538***********

      o. SYNCB/PPC: Account Number: 604419***********

7. On or about April 10, 2023, Plaintiff received an email from Experian stating that "We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure we have not taken any action on your alleged request." The dispute was sent directly from the Plaintiff, and the failure to investigate was a violation under the FCRA.

8. On or about April 13, 2023, Plaintiff received a statement of credit denial from Capital One union that stated, "Our credit decision was based in whole or in part on the information obtained in a report from the consumer reporting agency".

9. Upon information and belief, Defendant failed to have a procedure in place to assure maximum possible accuracy. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information which included ID and Utility Bill (to ensure that the information was sent directly by the consumer), claims, or evidence and did not make any attempt to reasonably re-investigate.

10. Defendant's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress, and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Experian)

11. All preceding paragraphs are re-alleged.

12. Defendant violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the fifteen trade lines listed in paragraph 6 when preparing a consumer report purportedly concerning Plaintiff.

13. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

14. At all times alleged herein, Defendant acted negligently and/or willfully.

15. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(1)
### (Defendant Experian)

16. All preceding paragraphs are re-alleged.

17. Defendant violated 15 U.S.C § 1681i(a)(1) because they failed to conduct a reasonable reinvestigation after being notified by the consumer directly that information contained in the consumer's file was disputed.

18. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

19. At all times alleged herein, Defendant acted negligently and/or willfully.

20. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Experian)

21. All preceding paragraphs are re-alleged.

22. Defendant has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

23. Defendant has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

24. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

25. Defendant has done so either negligently or willfully.

26. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

27. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C §1681i(a)(4)
### (Defendant Experian)

28. All preceding paragraphs are re-alleged.

29. Defendant has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

30. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

31. At all times alleged herein, Defendant acted negligently and/or willfully.

32. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Experian)

33. All preceding paragraphs are re-alleged.

34. Defendant violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the fifteen tradelines listed in paragraph 6 on Plaintiff's consumer report, (ii) failed to find those tradelines to be inaccurate, and (iii) failed to promptly notify the furnishers that the information was in dispute.

35. Defendant violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

36. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

37. At all times alleged herein, Defendant acted negligently and/or willfully.

38. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(6)
### (Defendant Experian)

39. All preceding paragraphs are re-alleged.

40. Defendant violated 15 U.S.C. §1681i(6) because they failed to provide written notice to the consumer containing the results of the re-investigation.

41. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

42. At all times alleged herein, Defendant acted negligently and/or willfully.

43. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Experian)

44. All preceding paragraphs are re-alleged.

45. Defendant violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

46. Defendant has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

47. Defendant acted negligently and/or willfully.

48. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff Andrea Butler respectfully requests that judgment be entered against Defendant Experian Information Solutions Inc. in an amount to be determined by the Jury.

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. Deletion of tradelines included in paragraph 6.

E. For such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

**THE HAWK LEGAL COLLECTIVE**
1020 Piedmont Ave, STE 2113
Atlanta, GA 30309
Phone (404) 439-9310
Pleadings@thehawklegal.com

By: /s/ Naja Hawk
**NAJA HAWK**