**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DANIELLE WALKER** | ) JURY TRIAL DEMANDED |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **INNOVATIVE RECOVERY INC.** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Danielle Walker an individual consumer, against Defendant, Innovative Recovery Inc., ("Innovative Recovery") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transacts business in Woodstock, Georgia, and the conduct complained of occurred in Woodstock, Georgia.

### III.   PARTIES

3. Plaintiff Danielle Walker (hereinafter "Ms. Walker") is a natural person residing in Woodstock, Georgia. Ms. Walker is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant., is a Texas corporation with its principal place of business located at 5310 Harvest Hill Rd STE 277, Dallas, TX 75230.

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

6. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal, family or household purposes.

### IV.    FACTS OF THE COMPLAINT

7. Defendant Innovative Recovery Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. Defendant has called plaintiff multiple times.

9. On or about April 27, 2023, Ms. Walker received a phone call from Defendant attempting to collect on an alleged debt owed to Grand Reserve at Canton in the amount of $4,495.69. Ms. Walker had a missed call from the Defendant and returned the call to inform the representative that she was currently at work and her boss doesn't allow her to take personal calls while working. The representative stated that she would call her back tomorrow around lunch time.

10. On April 28, 2023, Defendant called Plaintiff again while at work, but Plaintiff missed the call due to being at work and called the Defendant back and re-informed the representative

that she was unable to take personal calls during work. This phone call was in violation of 15 U.S.C 1692c(a)(1) and 15 U.S.C 1692c(a)(3).

11. Plaintiff has suffered actual damages because of these illegal collection communications by the Defendant in the form of anger, anxiety, decreased ability to focus on task while at work, frustration, amongst other negative emotions, as well as suffering from unjustified abusive invasions of personal privacy.

## V. FIRST CLAIM FOR RELIEF
### (Defendant Innovative Recovery, Inc.)
### 15 U.S.C. §1692c(a)(1)

12. Ms. Walker re-alleges and reincorporates all previous paragraphs as if fully set out herein.

13. The Debt Collector violated the FDCPA.

14. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at time and place known by Defendant to be inconvenient to Plaintiff.

## VI. SECOND CLAIM FOR RELIEF
### (Defendant Innovative Recovery, Inc.,)
### 15 U.S.C. §1692c(a)(3)

15. Ms. Walker re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692c(a)(3) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at Plaintiff's place of

employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

18. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff Ms. Walker for actual damages, statutory damages, and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Walker respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Deletion of tradeline.

C. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

D. Statutory damages pursuant to 15 U.S.C 1692k(2);

E. Cost pursuant to 15 U.S.C 1692k(3);

F. For such other and further relief as the Court may deem just and proper.


Respectfully submitted:


**THE HAWK LEGAL COLLECTIVE**
1020 Piedmont Ave, STE 2113
Atlanta, GA 30309
Phone (404) 439-9310
Pleadings@thehawklegal.com


By: /s/ Naja Hawk
**NAJA HAWK**