UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LISBET ALVAREZ RODRIGUEZ** ) <br> **A203-695-5841** ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **MERRICK B. GARLAND, Attorney** ) <br> **General of the United States;** ) <br> **ALEJANDRO MAYORKAS, Secretary,** ) <br> **Department of Homeland Security;** ) <br> **UR N. JADDOU, Director,** ) <br> **U.S. Citizenship and Immigration** ) <br> **Services; TERRI A. ROBINSON,** ) <br> **Director, National Benefit Center** ) <br> **SHINEKA SCOTT MILLER, Director,** ) <br> **USCIS Atlanta Field Office,** ) <br> ) <br> ) <br> **Defendants.** ) <br> _____) | **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** <br><br> **Civil Action No.** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**To the Honorable Judge of Said Court:**

Plaintiff, Ms. Lisbet Alvarez Rodriguez, challenges the Defendants' determination that, as a matter of law, the U.S. Citizenship and Immigration Services ("USCIS") lacks jurisdiction to adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status ("adjustment of

1

status application.").

## INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and immunities secured to Plaintiff and to compel Defendants to perform a duty Defendants owe to Plaintiff.

2. Plaintiff is a native and citizen of Cuba. On March 17, 2021, Plaintiff presented herself at the U.S/Mexican border seeking admission to the United States. The U.S. Department of Homeland Security ("DHS") immediately apprehended Plaintiff and issued a Notice to Appear ("NTA") charging Plaintiff with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). The NTA has yet to be filed at the Executive Office for Immigration Review ("EOIR"). Plaintiff was shortly thereafter released under an order of recognizance ("Form I-220A").

3. On May 16, 2022, Plaintiff filed an adjustment of status application with USCIS based on eligibility to adjust status under the Cuban Adjustment Act, Public Law 89-732 ("CAA"). On July 12, 2022, USCIS administratively closed Plaintiff's adjustment of status application stating that: "USCIS determined that you are currently in removal proceedings before an Immigration Judge. It does not appear that the removal proceedings against

you have been terminated." USCIS also determined that you are not an arriving alien because you entered the United States without inspection." "Since you are a respondent in removal proceedings, and you are not an "arriving alien, only EOIR has jurisdiction to grant or deny your Form I-485 based on the merits." <u>Exhibit A</u>, *USCIS Decision*.

4. Plaintiff seeks a judgment from this Court that finds that USCIS has exclusive jurisdiction to review and adjudicate Plaintiff's adjustment of status application, that Plaintiff is not in removal proceedings, and that she is an "arriving alien" pursuant to 8 C.F.R. § 1245.2(a). *See Mancia v. Mayorkas*, No. 1:20-CV-01492-SDG, 2021 WL 1192952 (N.D. Ga. Mar. 30, 2021).

## JURISDICTION AND VENUE

5. This action arises under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255, and 8 U.S.C. § 1254. This Court has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. (declaratory relief), 28 U.S.C. § 1331 (federal question), the INA, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Mandamus Act, 28 U.S.C. § 1361.

6. Venue is proper in this Court under 28 U.S.C. §1391(e), because Plaintiff resides in this district and no real property is involved in this action.

## **DEFENDANTS**

7. Defendant, Mr. Merrick B. Garland, is sued in his official capacity as United States Attorney General. As Attorney General, Mr. Garland is responsible for the administration and enforcement of the immigration laws of the United States.

8. Defendant, Mr. Alejandro Mayorkas, is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). As Secretary of DHS, Mr. Mayorkas is responsible for the administration and enforcement of the immigration laws of the United States.

9. Defendant, Ms. UR N. Jaddou, is being sued in her official capacity as the Director of USCIS. As Director, Ms. Jaddou is responsible for the overall administration of USCIS and the implementation of the immigration laws of the United States.

10. Defendant, Ms. Terri Robinson, is sued in her official capacity as Director of the USCIS National Benefit Center. As a Director, Ms. Terri is responsible for the administration of the USCIS National Benefit Center.

11. Defendant, Ms. Shineka Scott Miller, is being sued in her official capacity as the USCIS Atlanta Field Office Director. As the Director, Ms. Scott Miller is responsible for the administration of the Atlanta Field Office and the adjudication of adjustment of status applications.

## **STATUTORY AND REGULATORY BACKGROUND**

12. Under the CAA, Public Law 89-732, Cuban citizens or "natives" qualify to adjust status to that of lawful permanent resident (LPR) as long as they: (1) have been inspected and admitted or paroled into the United States; (2) have been physically present in the United States for at least one year at the time of application; (3) are admissible to the United States; and (4) merit a favorable exercise of discretion. Pub.L. No. 89–732, 80 Stat. 1161.

13. Section 1245.2(a) determines which agency has the jurisdiction to review an alien's application for adjustment of status. The regulation states:

> (i) In General. In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.
>
> (ii) Arriving Aliens. In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien unless:
>
>> A. The alien properly filed the application for adjustment of status with USCIS while the arriving alien was in the United States;
>>
>> B. The alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status;

      C. The application for adjustment of status was denied by USCIS; and

      D. DHS placed the arriving alien in removal proceedings either upon the arriving alien's return to the United States pursuant to the grant of advance parole or after USCIS denied the application.

8 C.F.R. § 1245.2(a).

14. Every removal proceeding conducted under section 240 of the Act to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court. See 8 C.F.R. §§ 1003.13, 1003.14.

15. An arriving alien is defined as "an applicant for admission coming or attempting to come into the United States at a port-of-entry. . . . An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked." 8 C.F.R. § 1001.1(q).

## FACTS AND LEGAL ARGUMENT

16. Plaintiff is a native and citizen of Cuba. On March 17, 2021, Plaintiff presented herself at the U.S/Mexican border seeking admission to the United States. DHS immediately apprehended Plaintiff and issued an NTA charging

Plaintiff with removability pursuant to section 212(a)(6)(A)(i) of the INA. The NTA has yet to be filed at the Immigration Court. Plaintiff was shortly after released under an order of recognizance (Form I-220A). <u>Exhibit B</u>, *Photocopy of Form I-220A*.

17. Pursuant to the previous "wet-foot/dry-foot" policy, Cubans detained at ports of entry were not subjected to expedited removal but rather paroled under INA § 212(d)(5) to seek adjustment under the CAA. Although this policy officially ended under President Obama in 2017, many officers have continued to release Cubans at the border pending their INA § 240 proceedings, with or without issuing them documentation reflecting INA § 212(d)(5) parole. In a 2021 decision, an immigration judge in Miami found that, pursuant to a Supreme Court case, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the only authority DHS has to release individuals seeking admission under INA § 235 is parole under INA § 212(d)(5), regardless of the paperwork issued to the noncitizen. <u>Exhibit D</u>, *Immigration Judge Decision.*

18. On Feb. 23, 2022, USCIS announced that it would implement a process for certain Cubans previously denied adjustment under the CAA based solely on a determination that they did not meet their burden of establishing that they

7

had admitted or paroled. In its notice, USCIS indicated that this new process is available for natives or citizens of Cuba who:

1. meet the definition of an "arriving alien" under 8 § CFR 1.2;

2. were, prior to the entry of a removal order under INA § 240, initially released by DHS from its custody into the United States under INA § 236 (for example, with a Form I-220A, Order of Release on Recognizance, or on a DHS Bond under INA § 236) between Jan. 12, 2017 and Nov. 17, 2021;

3. have not departed the United States since this initial release by DHS from DHS custody;

4. applied for adjustment of status under the CAA by filing a Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS; and

5. were denied their Form I-485 based solely on a USCIS determination that they did not meet their burden of establishing that they had been admitted or paroled.

Exhibit D, *USCIS Notice for Certain Natives or Citizens of Cuba.*

19. Although this notice is for Cubans whose adjustment of status was denied, the new process is applicable to new Cuban citizens who are applying for adjustment of status under the CCA for the very first time.

20. Here, Plaintiff is eligible for adjustment of status because her release under an order of recognizance from DHS' Custody at the border constitutes parole under INA § 212(d)(5), thus satisfying the "inspected and admitted or paroled" requirement under the CAA. Furthermore, Plaintiff is an arriving

alien who sought admission to the United States at a port of entry: she turned herself in at the U.S. Border and asked for admission to the United States. Additionally, Plaintiff is not in removal proceedings because her NTA has not been filed with EOIR. *See* 8 C.F.R. §§ 1003.13, 1003.14.

21. Under 8 C.F.R. § 1003.14, jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document, also referred to as a Notice to Appear, is filed with EOIR. See 8 C.F.R. §§ 1003.13, 1003.14. Here, the NTA was issued, but has yet to be filed with EOIR. As such, jurisdiction has not vested with EOIR and consequently, Plaintiff's removal proceedings have not commenced.

22. Because Plaintiff is a native and citizen of Cuba, has been paroled in the United States, has been physically present in the United States for at least one year at the time of this application, is not in removal proceedings, is admissible to the United States, and merits a favorable exercise of discretion, USCIS should assume jurisdiction over Plaintiff's adjustment of status application.

## EXHAUSTION

23. There are no administrative remedies available for Plaintiff to exhaust.

24. There is no administrative appeal of USCIS' decision that they do not have jurisdiction over Plaintiff's adjustment of status application.

9

## CLAIMS

25. Plaintiff re-alleges and incorporates, by reference, as if fully set forth herein, the allegations in paragraph 1-19 above.

26. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Defendant's actions and omissions complained of herein violated 8 U.S.C. § 1158(d)(2); 5 U.S.C. §§ 555(b) and 706(2)(A); and 8 C.F.R. §§ 208.7, 274a.12(c)(8), and 274a.13.

27. Defendants have unlawfully refused to exercise jurisdiction over Plaintiff's application for adjustment of status, thereby causing extreme harm to Plaintiff.

28. Defendants owe Plaintiff a duty to adjudicate the application and grant Plaintiff's adjustment of status application.

29. Plaintiff has exhausted any administrative remedies that may exist.

## PRAYER FOR RELIEF

The Plaintiff requests the Court to grant the following relief:

A. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, declare that Defendant's actions and omissions complained of herein violated 8 U.S.C. § 1158(d)(2); 5 U.S.C. §§ 555(b) and 706(2)(A); and 8 C.F.R. §§ 208.7, 274a.12(c)(8), and 274a.13;

B. Compel Defendants and those acting under them to perform their duty to adjudicate and approve Plaintiff's adjustment of status application;

C. Grant such other and further relief as this Court deems proper under the

   circumstances; and

D. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

RESPECTFULLY SUBMITTED this 6th day of June 2023.

                              ZAMBRANO AND RUIZ LLC,

                              /s/ *Shirley C. Zambrano*
                              Shirley C. Zambrano
                              GA Bar Number: 741429
                              1995 N. Park Pl, Suite 360
                              Atlanta, GA 30339
                              Phone: 770-769-5821
                              Fax: 770-769-5810
                              szambrano@zambranoandruiz.com

                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of June 2023, the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** and its accompanying Exhibits were served by First Class Mail, postage pre-paid, on:

Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Alejandro Mayorkas
Secretary, Department of Homeland Security
425 I Street
Washington, D.C. 20536

UR. N. Jaddou, Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

Terri A. Robinson, Director
National Benefit Center
50 NW Chipman Rd.,
Lee's Summit, MO 64063

Shineka Scott Miller, Director
USCIS Atlanta field Office
2150 Parklake Dr. NE
Atlanta, GA 30345

Ryan K. Buchanan, U.S. Attorney for the
Northern District of Georgia
The United States Attorney's Office
75 Ted Turner Drive, SW, Suite 600
Atlanta, Georgia 30303-3309

ZAMBRANO AND RUIZ LLC,

/s/ *Shirley C. Zambrano*
Shirley C. Zambrano
GA Bar Number: 741429
1995 N. Park Pl, Suite 240
Atlanta, GA 30339
Phone: 770-769-5821
Fax: 770-769-5810
szambrano@zambranoandruiz.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LISBET ALVAREZ RODRIGUEZ**  ) <br> **A203-695-5841** ) <br>  ) <br>  ) | **COMPLAINT FOR** |
| **Plaintiff,** ) | **DECLARATORY AND** |
|  ) | **INJUNCTIVE RELIEF** |
| **v.** ) |  |
|  ) |  |
|  ) | **Civil Action No.** |
| **MERRICK B. GARLAND, Attorney** ) <br> **General of the United States;** ) <br> **ALEJANDRO MAYORKAS, Secretary,** ) <br> **Department of Homeland Security;** ) <br> **UR N. JADDOU, Director,** ) <br> **U.S. Citizenship and Immigration** ) <br> **Services; TERRI A. ROBINSON,** ) <br> **Director, National Benefit Center** ) <br> **SHINEKA SCOTT MILLER, Director,** ) <br> **USCIS Atlanta Field Office,** ) <br> ) <br> ) <br> **Defendants.** ) <br> _____) |  |

## LIST OF EXHIBITS

Exhibit A        USCIS Decision.

Exhibit B        Photocopy of Form I-220A.

Exhibit C        Immigration Judge Decision.

Exhibit D        USCIS Notice for Certain Natives or Citizens of Cuba.