# EXHIBIT D

**NOTICE FOR CERTAIN NATIVES OR CITIZENS OF CUBA WHO ARE "ARRIVING ALIENS" AND WHO WERE DENIED ADJUSTMENT OF STATUS UNDER THE CUBAN ADJUSTMENT ACT BASED SOLELY ON A DETERMINATION THAT THEY HAD NOT MET THEIR BURDEN OF ESTABLISHING THAT THEY HAD BEEN ADMITTED OR PAROLED**

**February 23, 2022**

If you are a native or citizen of Cuba who:

(1) meets the definition of an "arriving alien" under 8 C.F.R. 1.2;[1] and

(2) was, prior to the entry of a removal order under Section 240 of the Immigration and Nationality Act (INA), initially released by the Department of Homeland Security (DHS) from DHS custody into the United States under INA 236 (for example, with a Form I-220A, Order of Release on Recognizance, or on a DHS Bond under INA 236)[2] between January 12, 2017 and November 17, 2021; and

(3) has not departed the United States since this initial release by DHS from DHS custody; and

(4) applied for adjustment of status under the Cuban Adjustment Act (CAA) by filing a Form I-485, Application to Register Permanent Residence or Adjust Status (Form I-485) with USCIS; and

(5) USCIS denied your Form I-485 based *solely* on a determination that you did not meet your burden of establishing that you had been admitted or paroled as required for adjustment of status under the CAA.

You may:

- File a new Form I-485 with USCIS, with fee, or with a Form I-912, Request for a Fee Waiver (Form I-912), if eligible; or
- File a timely Form I-290B, Notice of Appeal or Motion (Form I-290B) with USCIS, with fee, or with a Form I-912, if eligible. If a timely Form I-290B is filed and the above criteria are met, USCIS will reopen and re-adjudicate the previously denied Form I-485.

Additionally, if the deadline for filing a timely Form I-290B has passed, you may, for a period of <u>one year</u> from the date of this notice, file an <u>untimely</u> Form I-290B, with fee, or with a Form I-912, if eligible. If an untimely Form I-290B is

---

[1] *See* 8 C.F.R. 1.2, defining an "arriving alien" as "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport."

[2] This does not include any release pursuant to an order by an Immigration Judge under INA 236.

filed within one year from the date of this notice and the above criteria are met, USCIS will reopen and re-adjudicate the previously denied Form I-485. An untimely Form I-290B should be annotated "UNTIMELY MTR – DENIED CAA I-485 FOR NO ADMISSION OR PAROLE."

If you meet the above criteria you should attach a copy of this notice to the top of any new Form I-485 or Form I-290B, clearly indicate that you meet the qualifying criteria, and include evidence that you meet the qualifying criteria with the filing. Additionally, if subsequent to the USCIS denial of the Form I-485 DHS has since issued you a parole under INA 212(d)(5), you should also include a copy of this parole (for example, a Form I-94 or other document issued to you by DHS indicating that you have been paroled under 212(d)(5)) with the new filing.