## Case Information

23EV002736 | Liliya Zubkov VS.Hayt, Hayt, & Landau, P.I.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 23EV002736 | State Court | Richardson, Eric |
| **File Date** | **Case Type** | **Case Status** |
| 05/09/2023 | TORT | Open |

## Party

**Plaintiff**
Zubkov, Liliya

**Defendant**
Hayt, Hayt, & Landau, P.I.

## Events and Hearings

**05/09/2023 COMPLAINT** ▼

Complaint GA State Court - Liliya Zubkov v. Hayt, Hayt & Landau(1).pdf

GA Summons-Zubkov.pdf

**Comment**
Complaint

**05/15/2023 CERTIFICATE OF SERVICE** ▼

Summons Returned Executed-Zubkov.pdf

**Comment**
Affidavit of Service

## Documents

Complaint GA State Court - Liliya Zubkov v. Hayt, Hayt & Landau(1).pdf

GA Summons-Zubkov.pdf

Summons Returned Executed-Zubkov.pdf

Case 1:23-mi-99999-UNA   Document 1829-2   Filed 06/05/23   Page 3 of 16

State Court of Fulton County
**E-FILED**
23EV002736
5/9/2023 11:52 AM
Donald Talley, Clerk
Civil Division

IN THE FULTON COUNTY COURT
STATE OF GEORGIA

| | |
|---|---|
| **LILIYA ZUBKOV,**<br><br>Plaintiff,<br><br>v.<br><br>**HAYT, HAYT & LANDAU, P.L.,**<br><br>Defendant. | Case No.:<br><br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Liliya Zubkov, by and through the undersigned counsel, complains, states, and alleges for damages for negligence and damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against defendant Hayt, Hayt & Landau, P.L., as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the FDCPA.

2. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks

omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id*. at 1193–95.

6. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id*. at 1201.

7. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

## JURISDICTION AND VENUE

8. This is an action for damages within the jurisdiction of this Court.

9. This is an action for damages for Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

10. This Court also has jurisdiction over the Plaintiff's claim.

11. Venue is also proper in Fulton County, Georgia as a substantial part of the events or omissions giving rise to the claims occurred in this County and Defendant resided in this County at the time of the events.

12. This Court has jurisdiction over defendant Hayt, Hayt & Landau, P.L. because it regularly transacts business within this County, derives substantial revenue from services rendered

in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

13. Plaintiff Liliya Zubkov ("Plaintiff") is an individual who is a citizen of the State of Georgia residing in Cumming, Forsyth County, Georgia.

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff is a "consumer" as defined by the FDCPA.

16. Defendant Hayt, Hayt & Landau, P.L. ("HHL" or "Defendant") is a company existing under the laws of the State of Florida, residing in this County, that engages in the business of debt collection and engages in the business of debt collection within this County.

17. HHL has transacted business within this state as is more fully set forth hereinafter in this Complaint.

18. HHL regularly collects or attempts to collect debts asserted to be owed to others.

19. HHL is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

20. The principal purpose of HHL's business is the collection of such debts.

21. HHL uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

22. HHL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. At all material times herein, HHL's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

24. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

**FACTUAL ALLEGATIONS**

25. HHL alleges Plaintiff owes a debt for a TJX RewardsMasterCard with Synchrony Bank ("SYB").

26. In an attempt to collect the alleged debt, HHL sent Plaintiff a letter, dated December 20, 2022.

27. But, prior to HHL sending the letter, Plaintiff retained counsel to assist Plaintiff with the SYB debt.

28. On November 6, 2020, and then again on December 11, 2020, Plaintiff's counsel, Fair Credit Law Group, LLC, notified SYB, of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

29. Sometime thereafter, the alleged debt was allegedly placed, transferred, and/or assigned to HHL for purposes of collection.

30. It is standard practice for a creditor to inform downstream entities and debt collectors it retains of attorney representations and cease and desists.

31. Upon information and belief, HHL was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal SYB provides the debt collectors it retains to collect debts on its behalf.

32. Upon information and belief, HHL was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal SYB provides the debt collectors it retains to collect debts on its behalf.

33. Alternatively, if HHL did not receive notice of Plaintiff's attorney's representation and/or cease and desist when SYB transferred, assigned, or placed the debt with HHL for purposes of collection on behalf of SYB and did not have access to Plaintiff's attorney's representation

and/or cease and desist via SYB's client portal it provides to its debt collectors, then HHL intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with SYB prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

34. In spite of Plaintiff's counsel's representation, HHL sent a letter directly to Plaintiff on behalf of SYB, dated December 20, 2022.

35. In spite of Plaintiff's cease and desist, HHL sent a letter directly to Plaintiff on behalf of SYB, dated December 20, 2022.

36. Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

37. Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5

      (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  38. Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

  39. The letter states, in the relevant part, "**Call or write to us by 01/23/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

  40. The letter provided Plaintiff a deadline of January 23, 2023, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

  41. Upon information and belief, the letter was not mailed on December 20, 2022.

  42. Upon information and belief, the letter was mailed on a date later than December 20, 2022.

  43. Even if the letter was mailed on December 20, 2022, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not January 23, 2023.

  44. The deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

  45. The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

  46. Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection

activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

47. By providing a validation deadline date of January 23, 2023, HHL overshadowed Plaintiff's rights.

48. By providing a validation deadline date of January 23, 2023, HHL does not provide Plaintiff the full thirty days.

49. By providing a validation deadline date of January 23, 2023, HHL shortened the requisite validation period.

50. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

51. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

52. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

53. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

54. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

55. A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

56.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57.   The Plaintiff is a "consumer" as that term defined by the FDCPA.

58.   HHL is a "debt collector" as that term is defined by the FDCPA.

59.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

60.   The letter is a "communication" as that term is defined by the FDCPA.

61.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

62.   15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

63.   The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendant knew that Plaintiff was represented by counsel regarding the alleged debt or could have readily ascertained such information, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

64.   15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

65.   The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendant knew that Plaintiff previously provided a written cease

and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

66. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and is therefore liable to Plaintiff.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g(b)

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

69. The Letter provides a dispute and validation deadline that is contrary to the 1692g Notice of the FDCPA.

70. The Letter states, in the relevant part, "**Call or write to us by 01/23/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

71. Upon information and belief, the Letter was mailed after December 20, 2022.

72. Even if the letter was mailed on December 20, 2022, HHL failed to provide an accurate deadline for Plaintiff to dispute and/or request validation of the debt.

73. As such, HHL did not accurately set forth the deadline for Plaintiff to dispute the alleged debt as required by 15 U.S.C. § 1692g(a)(3).

74. Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period,

9

the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

75. By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(5), HHL has shortened the requisite validation period and overshadowed Plaintiff's rights.

76. For the foregoing reasons, HHL violated 15 U.S.C. § 1692g(b), and is liable to Plaintiff therefor.

## THIRD COUNT
## NEGLIGENCE PER SE

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. Violation of a statute that imposes a duty of care constitutes negligence per se.

79. HHL owed Plaintiff a duty, or obligation, recognized by law.

80. The FDCPA creates a standard of care because it was designed to protect consumers like Plaintiff from the type of harm which occurred here and provides for a private right of action.

81. Plaintiff is within the class of persons protected by the FDCPA.

82. As previously set forth, HHL's conduct violated the FDCPA and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

83. As a direct and proximate result of HHL's negligence per se, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## THIRD COUNT
## NEGLIGENCE

84. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85. Independent of the FDCPA, creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

86. HHL owed a duty to Plaintiff to exercise reasonable care in its attempts to collect money from Plaintiff.

87. HHL owed a duty to Plaintiff to exercise reasonable care in making representations of fact to Plaintiff concerning the alleged debt.

88. HHL owed a duty to Plaintiff not to attempt to collect money by misrepresenting to Plaintiff the amount of money owed and Plaintiff's obligation to pay such.

89. HHL breached these duties by attempting to collect money from Plaintiff by communicating with Plaintiff when HHL knew Plaintiff was represented by counsel or could have readily ascertained such information, communicating with Plaintiff after Plaintiff provided a written cease and desist from further communication, and overshadowing Plaintiff's rights.

90. As a direct and proximate result of HHL's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## FIFTH COUNT
## NEGLIGENT MISREPRESENTATION

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. HHL owed a duty to Plaintiff to exercise reasonable care in its attempts to collect money from Plaintiff.

93. HHL owed a duty to Plaintiff to exercise reasonable care in making representations of fact to Plaintiff concerning the alleged debt.

94. HHL owed a duty to Plaintiff to ensure that its collection letters contain accurate information.

95. HHL owed a duty to Plaintiff to exercise reasonable care in making sure its collection letters do not contain inaccurate representations of fact.

96. As a direct and proximate result of HHL's negligent misrepresentations, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## JURY DEMAND

97. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

a. A determination HHL committed the violations of law alleged in this action; and

b. Actual, treble, exemplary, punitive, and statutory damages of $15,000.00; and

c. The costs of this action and attorneys' fees as allowed by law; and

d. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

e. Such other and further relief that the Court determines is just and proper.

Dated: Tuesday, May 9, 2023

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948

*Attorneys for Plaintiff*

12

Case 1:23-mi-99999-UNA   Document 1829-2   Filed 06/05/23   Page 15 of 16

State Court of Fulton County
**E-FILED**
23EV002736
5/9/2023 11:52 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**  DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**  CIVIL ACTION FILE #: _____
Civil Division

Liliya Zubkov
116 Ponce De Leon Boulevard 10th Floor,
Coral Gables   FL   33134

Plaintiff's Name, Address, City, State, Zip Code

vs.

Hayt, Hayt & Landau, P.I.
7765 SW 87th Ave Ste 101
Miami   FL   33173

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ >$8,000 |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jason Tenenbaum, Esq
Address: 116 Ponce De Leon Blvd, 10th Floor
City, State, Zip Code: Coral Gables, FL 33134   Phone No.: (305) 402-9529

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.   _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:23-mi-99999-UNA   Document 1829-2   Filed 06/05/23   Page 16 of 16

State Court of Fulton County
**E-FILED**
23EV002736
5/15/2023 9:46 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

**LILIYA ZUBKOV**

Plaintiff/Petitioner

vs.

**HAYT, HAYT & LANDAU, PL**

Defendant/Respondent

Case No.: **23EV002736**

AFFIDAVIT OF SERVICE OF **SUMMONS; COMPLAINT**

Received by **Andres Botero**, on the **11th day of May, 2023 at 8:28 PM** to be served upon **Hayt, hayt, & Landau, P.l.** at **7765 Southwest 87th Avenue suite 101, Miami, Miami-Dade County, FL 33143**.
On the **12th day of May, 2023 at 11:57 AM**, I, **Andres Botero**, SERVED Hayt, hayt, & Landau, P.l. at **7765 Southwest 87th Avenue suite 101, Miami, Miami-Dade County, FL 33143** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Francisco Iturrisor**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Francisco Iturrisor who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired Hispanic male contact 18-25 years of age, 5'8"-5'10" tall and weighing 140-160 lbs with glasses.**

Service Fee Total: **$75.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____   1607   8/12/23
Andres Botero   Server ID #   Date

Notary Public: Subscribed and sworn before me on this _____ day of _____ in the year of 20__
Personally known to me _____ or _____ identified by the following document: _____

_____
Notary Public (Legal Signature)

REF: **REF-12724993**

Page 1 of 1
Tracking #: **0106413806**