

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of the Director*
Camp Springs, MD 20588-0009

June 14, 2021                                                                                           PA-2021-13

# Policy Alert

SUBJECT:   Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners

**Purpose**

U.S. Citizenship and Immigration Services (USCIS) is publishing guidance in the USCIS Policy Manual[1] on employment authorization and deferred action for principal petitioners for U nonimmigrant status and qualifying family members with pending, bona fide petitions.[2]

**Background**

U nonimmigrant status is available to noncitizens who have been victims of certain crimes, including domestic violence and sexual assault, and who are or have been helpful to law enforcement in the prosecution or investigation of those crimes.[3] A noncitizen granted U-1 nonimmigrant status as a principal petitioner is authorized to work based on that status. USCIS automatically issues an Employment Authorization Document (EAD) to principal petitioners upon the approval of the Petition for U Nonimmigrant Status (Form I-918).[4]

If the number of approvable petitions exceeds the annual visa cap allocation, USCIS places the approvable petitions on a waiting list. USCIS grants deferred action or, in limited circumstances, parole to U-1 principal petitioners and qualifying family members on the waiting list. USCIS may, as a matter of discretion, also authorize employment for such petitioners and qualifying family members.[5] USCIS generally provides such employment authorization under 8 CFR 274a.12(c)(14); USCIS may also provide employment authorization under INA 214(p)(6), but has not done so historically.[6]

---

[1] USCIS will expand and revise this content at a later date to fully detail the eligibility requirements petitioners must establish to obtain U nonimmigrant status. USCIS will also publish additional Policy Manual content to address documentation and evidence requirements and post-adjudicative matters.
[2] See INA 214(p)(6). USCIS provides guidance on what is a bona fide petition as part of this Policy Manual update; the statute does not define this term so USCIS provides its interpretation.
[3] Petitioners must possess credible and reliable information about the qualifying crime; and have been, are being, or are likely to be helpful to law enforcement in the detection, investigation, or prosecution of the qualifying criminal activity. Petitioners must also establish that they suffered substantial physical or mental abuse as a result of the qualifying crime, and that they are admissible or merit a discretionary waiver of any applicable grounds of inadmissibility.
[4] See 8 CFR 214.14(c)(7).
[5] See 8 CFR 214.14(d)(2).
[6] On December 23, 2008, the William Wilberforce Trafficking Victims Reauthorization Act of 2008 (TVPRA 2008) amended the Immigration and Nationality Act (INA) to provide DHS with discretion to grant employment authorization

PA-2021-13: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners
Page: 2

Due to drastic increases in the volume of U nonimmigrant petitions and a growing backlog awaiting placement on the waiting list or final adjudication, USCIS has decided to exercise its discretion under INA 214(p)(6) to conduct bona fide determinations (BFD) and provide EADs and deferred action to noncitizens with pending, bona fide petitions who meet certain discretionary standards.[7]
This guidance, contained in Volume 3 of the Policy Manual, updates and replaces Chapter 39.1(d)(2) and (f) of the Adjudicator's Field Manual (AFM), as well as the AFM's related appendices, and related policy memoranda. USCIS is implementing this guidance immediately and the guidance applies to all Form I-918 petitions that are currently pending, or filed on or after June 14, 2021.[8] The guidance contained in the Policy Manual is controlling and supersedes any related prior guidance.

**Policy Highlights**

- Provides that USCIS conducts an initial review of Form I-918 and will issue BFD EADs and deferred action for 4 years to petitioners for U nonimmigrant status and qualifying family members if USCIS deems their petition "bona fide", instead of completing a full waiting list adjudication.

- Clarifies that, if USCIS determines the principal petition is bona fide, USCIS will then determine whether the principal petitioner poses a risk to national security[9] or public safety, and finally, whether the principal petitioner warrants a favorable exercise of discretion to receive employment authorization under INA 214(p)(6) and deferred action.

- Explains that those who do not receive a BFD EAD under this initial review will proceed to the full waiting list adjudication and, if their petitions are approvable, will be placed on the waiting list for a U visa. Principal petitioners placed on the waiting list, and their qualifying family members, receive deferred action; if they have properly filed for employment authorization, they also receive an EAD valid for 4 years.

- Provides that USCIS will generally not conduct waiting list adjudications for noncitizens who have been granted BFD EADs and deferred action. Instead, their next adjudicative step will be final adjudication for U nonimmigrant status when space is available under the statutory cap.

---

to a noncitizen who has a pending, bona fide petition for U nonimmigrant status. See Section 201(c) of Pub. L. 110-457, 122 Stat. 5044, 5053 (December 23, 2008) (amending INA 214(p)(6)). Though permitted by statute, DHS has not previously implemented a process for providing such employment authorization, separate from the existing regulatory waiting list. (The existing regulatory structure, which predates the TVPRA 2008 authority, does not provide a mechanism for noncitizens with pending petitions to apply for employment authorization prior to waiting list placement.)
[7] INA 214(p)(6) permits, but does not require, the agency to create a separate employment authorization process. USCIS conducted an analysis under the Administrative Procedure Act regarding its implementation of INA 214(p)(6), interpretation of 8 CFR 214.14(d)(2), criminal history checks, and potential reliance interests associated with this Policy Manual update. For this analysis, see Appendix: Bona Fide Determination Process and Administrative Procedures Act Considerations.
[8] USCIS also plans to amend the Application for Employment Authorization (Form I-765) at a later date to include a specific reference to this EAD category.
[9] See INA 212(a)(3).

PA-2021-13: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners
Page: 3

- Explains that throughout the initial 4-year validity period for the BFD EAD and grant of deferred action until final adjudication for U nonimmigrant status, USCIS will update and review background checks at regular intervals to determine whether a principal petitioner or a qualifying family member may maintain his or her BFD EAD and deferred action. USCIS also retains discretion to update background and security checks at any time when case-specific circumstances warrant.

- Clarifies that USCIS will review all petitions, both petitioners placed on the waiting list and petitioners issued BFD EADs, in receipt date order for final adjudication of U nonimmigrant status.

- Clarifies that USCIS is adopting the decision issued by the Ninth Circuit in *Medina Tovar v. Zuchowski* for nationwide application.[10] Therefore, when confirming a relationship between the principal petitioner and the qualifying family member which is based on marriage, USCIS will evaluate whether the relationship existed at the time the principal petition was favorably adjudicated, rather than when the principal petition was filed.

**Citation**

Volume 3: Humanitarian Protection and Parole, Part C, Victims of Crimes [3 USCIS-PM C].

---

[10] See *Medina Tovar v. Zuchowski*, 982 F.3d 631 (9th Cir. 2020) (en banc) (holding invalid the regulatory requirement that a spousal relationship exist at the time the Form I-918 is filed in order for the spouse to be eligible for classification as a U-2 nonimmigrant).