IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES STROMAN,

    Plaintiff,

v.

PEPSICO, INC., JOHN DOE 1, and
JOHN DOE 2,

    Defendants.

CIVIL ACTION
FILE NO.: _____

## NOTICE OF REMOVAL

COMES NOW PEPSICO, INC., improperly named Defendant in the above-styled matter, and, within the time prescribed by law, files this Notice of Removal and respectfully shows this Court the following facts:

1.

Plaintiff James Stroman has filed suit against Defendants Pepsico, Inc., John Doe 1, and John Doe 2 in the State Court of Gwinnett County, Georgia, which county is in the Northern District of this Court.  The suit is styled as above and numbered Civil Action File No. 19SV0062E in that Court.  This suit is for a sum in excess of $75,000.00, or the object of this suit exceeds said sum, exclusive of interest and costs.

2.

Plaintiff is a citizen of the state of Georgia.  (See Complaint, ¶ 1.  Plaintiff's Complaint is attached hereto as part of collective Exhibit A.)

3.

Defendant is a citizen of a state *other than* Georgia.  PepsiCo, Inc., an improper party to these proceedings, is now and was at the time of the commencement of this action a corporation incorporated under the laws of the State of North Carolina with its principal place of business in the State of New York.

4.

The remaining Defendants consist of parties who have been sued under the fictitious names "John Doe 1" and "John Doe 2".  These Defendants' citizenship is not relevant for purposes of evaluating diversity jurisdiction.  Pursuant to 28 U.S.C. § 1441 (b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title [28 USCS], the citizenship of defendants sued under fictitious names shall be disregarded."

5.

The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as Plaintiff seeks recovery of both special and general damages. With respect to the amount in controversy, the United States Supreme Court has held

that a defendant need only set forth a "short and plain" statement to be entitled to removal.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 551 (2014).  Evidentiary submissions are not required.  Id.  "Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  Id. (*quoting* the House Judiciary Committee).  Here, it is clear from the Plaintiff's Complaint that Plaintiff seeks an amount of damages greater than $75,000, exclusive of interest and costs. Plaintiff alleges claims for "permanent loss of his senses of taste and smell," "injuries," "severe pain and pressure in his face and nose, "development of a nasal absence," "emotional and mental distress," "medical expenses," and future "medical expenses."   (See Complaint, ¶¶ 35-36.)   Therefore, the amount in controversy exceeds $75,000.

6.

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Here, Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000.

7.

The aforementioned suit is a civil action of which this Court has original

jurisdiction under the provisions of 28 U.S.C. § 1332; and, therefore, is one which may be removed to this Court by the Defendant, pursuant to the provisions of Title 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant….").

8.

The instant matter was filed with the State Court of Gwinnett County on May 8, 2023; and Defendant was served with the Summons and Complaint on May 15, 2023.  Thus, in accordance with the requirements of 28 U.S.C. § 1446, Defendant shows that this Notice of Removal is being filed with this Court within 30 days of the date of service upon it.

9.

Additionally, in accordance with the requirements of 28 U.S.C. § 1446, Defendant has attached hereto copies of all process, pleadings, and orders served upon it in this case, such copies being marked collectively as **Exhibit A**.

10.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff by notifying his attorney of record: Michael Ruppersburg, a copy of said Notice of Filing Removal is attached hereto as **Exhibit B**.  Defendant has filed a

written notice with the Clerk of the State Court of Gwinnett County, State of Georgia, a copy of said notice being attached hereto as **Exhibit C** and made part hereof.

11.

Defendants reserve the right to amend or supplement this Notice of Removal.

12.

Defendants request a trial by jury on all issues appropriate for jury determination.

WHEREFORE Defendant prays that this case be removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted, this 6th day of June, 2023.

WEATHERBY LAW FIRM, PC

Alex D. Weatherby
Georgia Bar No. 819975
Maureen E. Murphy
Georgia Bar No. 530990
*Counsel for Defendant*

750 Piedmont Avenue NE
Atlanta, GA 30308
Telephone: 404-793-0026
Facsimile: 404-793-0106
maureen@weatherbylawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES STROMAN,

     Plaintiff,

v.

PEPSICO, INC., JOHN DOE 1, and
JOHN DOE 2,

     Defendants.

CIVIL ACTION
FILE NO.: _____

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have, this date, served a copy of the within and

foregoing **Notice of Removal** upon opposing counsel by electronically filing this

document with the U.S. District Court's CM/ECF system, which sends notice via

that system to the following parties:

Michael Ruppersburg, Esq.
Charles W. Ruffin, Esq.
BLASINGAME, BURCH,
GARRARD & ASHLEY, P.C.
P.O. Box 832
Athens, Georgia 30603
*Counsel for Plaintiff*

This 6th day of June, 2023.

WEATHERBY LAW FIRM, PC

Maureen E. Murphy