IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES STROMAN,

     Plaintiff,

v.

PEPSICO, INC., JOHN DOE 1, and
JOHN DOE 2,

     Defendants.

CIVIL ACTION
FILE NO.: _____

## ANSWER

COMES NOW PEPSICO, INC., improperly named as a Defendant in the above-styled matter, and files its Answer to the Complaint. As detailed in the contemporaneously-filed Notice of Removal, which is being filed in the United States District Court for the Northern District of Georgia, Atlanta Division, this case satisfies the requirements for diversity jurisdiction, and is being removed from the State Court of Gwinnett County, Georgia, to the U.S. District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1441.  Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information sufficient to form a belief as

to the truthfulness of the allegations set forth in Paragraph 1 of Plaintiff's Complaint; and, therefore, those allegations are denied.

2.

Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies that, at all times relevant to this Complaint, John Doe 1 was employed by PepsiCo as a service technician.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint; and, therefore, those allegations are denied.

4.

Defendant denies that, at all times relevant to this Complaint, John Doe 2 was employed by PepsiCo as a service technician.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint; and, therefore, those allegations are denied.

5.

Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint, as this matter is being removed to the Northern District of Georgia, pursuant to 28

U.S.C. § 1441.

## **BACKGROUND**

### 6.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 6 of Plaintiff's Complaint; and, therefore, those allegations are denied.

### 7.

Defendant denies the allegations in paragraph 7 of the Complaint, as Defendant PepsiCo is an improper party to these proceedings. By way of further response, Defendant admits only that one employee of Grayhawk Leasing LLC and one employee of New Bern Transport Corporation, within the course and scope of their respective employments, were at the scene of the alleged incident at the time of the alleged incident. Each and every allegation set forth in Paragraph 7 of Plaintiff's Complaint which is not expressly admitted is hereby denied.

### 8.

Defendant admits that a fire extinguisher was in the vicinity of the location where one employee of Grayhawk Leasing and one employee of New Bern were operating within Café Sundae.  Each and every allegation set forth in Paragraph 8 of Plaintiff's Complaint which is not expressly admitted is hereby denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 9 of Plaintiff's Complaint; and, therefore, those allegations are denied.  In further response, Defendant states the image contained in photograph included in Paragraph 9 of Plaintiff's Complaint is blurred and otherwise unclear, so as to render it indiscernible.

10.

In response to the allegations in paragraph 10, Defendant admits only that one employee of Grayhawk Leasing LLC and one employee of New Bern Transport Corporation, within the course and scope of their respective employments, were at the scene of the alleged incident at the time of the alleged incident for purposes of installing equipment.  The remaining allegations in paragraph 10 are denied.

11.

In response to the allegations in paragraph 11, Defendant admits only that one employee of Grayhawk Leasing and one employee New Bern did not remove the fire extinguisher from the wall of Plaintiff's premises.  Each and every allegation set forth in Paragraph 11 of Plaintiff's Complaint which is not expressly admitted is hereby denied.

12.

Defendant denies the allegations in paragraph 12.

13.

In response to the allegations in paragraph 13, Defendant admits only that the fire extinguisher fell to the ground and began to spray its contents. Each and every allegation set forth in Paragraph 13 of Plaintiff's Complaint which is not expressly admitted is hereby denied.

14.

Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 15 of Plaintiff's Complaint; and, therefore, those allegations are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 16 of Plaintiff's Complaint; and, therefore, those allegations are denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 17 of Plaintiff's Complaint; and, therefore, those allegations are denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 18 of Plaintiff's Complaint; and, therefore, those allegations are denied.

19.

Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in the first and second sentences of Paragraph 20 of Plaintiff's Complaint; and, therefore, those allegations are denied. Defendant denies the allegations in the third and fourth sentences of Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant is without knowledge or information sufficient to form a belief as

to the truthfulness of the allegations set forth in Paragraph 21 of Plaintiff's Complaint; and, therefore, those allegations are denied.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 22 of Plaintiff's Complaint; and, therefore, those allegations are denied.

23.

Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 24 of Plaintiff's Complaint; and, therefore, those allegations are denied.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 25 of Plaintiff's Complaint; and, therefore, those allegations are denied.

26.

Defendant is without knowledge or information sufficient to form a belief as

to the truthfulness of the allegations set forth in Paragraph 26 of Plaintiff's Complaint; and, therefore, those allegations are denied.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 27 of Plaintiff's Complaint; and, therefore, those allegations are denied.

28.

Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

## **COUNT I – NEGLIGENCE OF JOHN DOES 1 AND 2**

30.

Defendant hereby realleges and incorporates as if fully set forth here its affirmative defenses and responses to Paragraphs 1 through 29.

31.

Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.

In response to the allegations in paragraph 32, Defendant admits only that the one employee of Grayhawk Leasing and one employee New Bern Transport Corporation had a duty to exercise the same level of ordinary care that a reasonably prudent person would have under the same or similar circumstances, to the extent required by applicable law. Each and every allegation set forth in Paragraph 32 of Plaintiff's Complaint which is not expressly admitted is hereby denied.

33.

Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

## COUNT II – VICARIOUS LIABILITY OF DEFENDANT PEPSICO

### 37.

Defendant hereby realleges and incorporates as if fully set forth here its affirmative defenses and responses to Paragraphs 1 through 36.

### 38.

Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

### 39.

Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

## COUNT III – NEGLIGENT TRAINING BY DEFENDANT PEPSICO

### 40.

Defendant hereby realleges and incorporates as if fully set forth here its affirmative defenses and responses to Paragraphs 1 through 39.

### 41.

Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

### 42.

Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's

Complaint.

43.

Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.

Each and every allegation set forth in Plaintiff's Complaint which is not specifically admitted is hereby denied.

## **RESPONSE TO PRAYER FOR RELEIF**

Defendant denies the allegations in Plaintiff's Prayer for Relief, including subparts (a) through (c).

## **AFFIRMATIVE DEFENSES**

At the time of the preparation of this Answer, Defendant is unaware of all facts or circumstances giving rise to the claims set forth in the Complaint.  The

following affirmative defenses are raised so as not to be waived as a matter of law, and will be relied upon to the extent that the facts developed through discovery and/or produced at the time of hearing or trial show the same to be applicable; otherwise, they will be withdrawn.

## FIRST DEFENSE

Defendant has filed a notice of removal for this case, pursuant to 28 U.S.C. § 1446. This case is removable, as there is complete diversity and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

## SECOND DEFENSE

Jurisdiction and venue are not proper in the State Court of Gwinnett County, Georgia, as this case should be removed to Federal Court.  28 U.S.C. § 1332.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff is not entitled to recover from Defendant as set forth in the Complaint because Plaintiff did not actually suffer damages as alleged.

## FIFTH DEFENSE

The Complaint fails to state a claim for special damages pursuant to O.C.G.A.

§ 9-11-9(g) and Fed. R. Civ. P. 9(g), as such damages are not pled with specificity; and, as a result, Plaintiff is barred from recovering such special damages.

## SIXTH DEFENSE

Defendant is not liable to Plaintiff because if Plaintiff sustained damages as alleged in the Complaint, such damages, if any, were due solely and proximately caused by Plaintiff's own contributory and/or comparative negligence.

## SEVENTH DEFENSE

Defendant is not liable to Plaintiff because if Plaintiff sustained damages as alleged in the Complaint, such damages, if any, were due solely and were proximately caused by Plaintiff's failure to exercise due care for his own safety to avoid a hazard of which he had equal or superior knowledge to that of Defendant.

## EIGHTH DEFENSE

Plaintiff is estopped from seeking any recovery against Defendant because if Plaintiff sustained damages as alleged in his Complaint, such damages, if any, were caused solely by the conduct and/or fault of Plaintiff.

## NINTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act of Defendant and/or Plaintiff could have but failed to mitigate the alleged damages.

## TENTH DEFENSE

Defendant is not liable to Plaintiff because Plaintiff's own negligence equaled or exceeded any alleged act or omission of Defendant in producing or bringing about the incident which forms the basis of Plaintiff's Complaint; however, Defendant denies it produced, brought about, caused, or contributed to the occurrence complained of in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the Georgia doctrine of assumption of the risk.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the Georgia doctrine of last clear chance.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred or reduced to the extent that Plaintiff's damages are the result of preexisting or unrelated medical problems, conditions, or diseases.

## FOURTEENTH DEFENSE

Defendant PepsiCo, Inc. is an improper party to these proceedings and should be dismissed as a Defendant in this case.

## FIFTEENTH DEFENSE

Defendants incorporate herein by reference all remaining affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) *et seq.*, and assert that

the Complaint should be dismissed on the basis of said defenses.

## **JURY DEMAND**

Defendants demand by a trial by jury of twelve (12) persons as to all issues that can be so tried.

WHEREFORE having fully answered the Complaint exhibited against it and having set forth its Affirmative Defenses, Defendant prays that Plaintiff has and recovers nothing of Defendant, that Plaintiff's cause of action be dismissed, that all costs of this action be taxed against Plaintiff, and that Defendant be awarded such further relief as this Court deems just and appropriate.

Respectfully submitted, this 6th day of June, 2023.

WEATHERBY LAW FIRM, PC

Alex D. Weatherby
Georgia Bar No. 819975
Maureen E. Murphy
Georgia Bar No. 530990
*Counsel for Defendant*

750 Piedmont Avenue NE
Atlanta, GA 30308
Telephone: 404-793-0026
Facsimile: 404-793-0106
maureen@weatherbylawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES STROMAN,

     Plaintiff,

v.

PEPSICO, INC., JOHN DOE 1, and
JOHN DOE 2,

     Defendants.

CIVIL ACTION
FILE NO.: _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have, this date, served a copy of the within and

foregoing **Answer** upon opposing counsel by electronically filing this document

with the U.S. District Court's CM/ECF system, which sends notice via that system

to the following parties:

Michael Ruppersburg, Esq.
Charles W. Ruffin, Esq.
BLASINGAME, BURCH,
GARRARD & ASHLEY, P.C.
P.O. Box 832
Athens, Georgia 30603
*Counsel for Plaintiff*

This 6th day of June, 2023.

WEATHERBY LAW FIRM, PC

Maureen E. Murphy