# EXHIBIT A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
**5/5/2023 9:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

                Plaintiff,

v.

TARGET CORPORATION,

                Defendant.

23-C-03078-S4

CIVIL ACTION
FILE NO.: _____

<u>JURY TRIAL DEMANDED</u>

### <u>COMPLAINT</u>

COMES NOW ENTESAR AL QASSAB, plaintiff, and makes and files this complaint against defendant TARGET CORPORATION as follows:

### <u>PARTIES AND JURISDICTION</u>

1.

Plaintiff ENTESAR AL QASSAB resides at 1958 Valley View Road, Snellville, GA 30078, and is subject to the jurisdiction of this court.

2.

TARGET CORPORATION is a is a Foreign corporation existing under the laws of Minnesota with its principal place of business in Minnesota and may be served through its registered agent CT Corporation at 289 S Culver Street, Lawrenceville, Gwinnett County, GA 30046, and is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

## BACKGROUND

### 4.

On May 27, 2021, plaintiff was an invitee at Target Corporation Store located at 1905 Scenic Highway N, Snellville, GA 30078 ("TARGET").

### 5.

Plaintiff slipped and fell on a puddle of liquid located on one of the main aisles.

### 6.

There were no cones or other warnings in the area of the puddle of liquid at the time of the fall.

### 7.

Defendant had exclusive ownership, possession and control over TARGET at all times relevant to this litigation.

### 8.

As a result of plaintiff's fall, he/she suffered injuries to her left knee and cervical spine.

## COUNT 1

## PREMISES LIABILITY

### 9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

### 10.

Plaintiff was an invitee on the premises at the time of the fall.

### 11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

### 12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

13.

Defendant's negligence was the proximate cause of plaintiff's injuries.

## COUNT 2
### VICARIOUS LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

16.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
### NEGLIGENT TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

19.

Defendant was negligent in training and supervising its staff.

20.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that he/she have a trial on all issues and judgment against defendant as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This the 5th day of May 2023.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
jason@ceolawyer.com