# EXHIBIT B

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
5/5/2023 9:37 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett_____ County

| For Clerk Use Only | | |
|---|---|---|
| | | 23-C-03078-S4 |
| Date Filed _____ | Case Number _____ | |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
Al Qassab, Entesar

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Target Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Jason N. Slate          **Bar Number** 846650          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
**5/5/2023 9:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

                     Plaintiff,

v.

TARGET CORPORATION,

                     Defendant.

CIVIL ACTION     23-C-03078-S4
FILE NO.: _____

**JURY TRIAL DEMANDED**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

TARGET CORPORATION
c/o CT Corporation
289 S Culver Street
Lawrenceville, GA 30046

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jason N. Slate
ALI AWAD LAW, P.C.
200 Peachtree Street, Ste. 201
Atlanta, GA 30303
Telephone: (833) 254-2923
Jason@ceolawyer.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This _____ day of _____, 2023.
        5th day of May, 2023         Tiana P. Garner

                Clerk of Gwinnett County State Court

                By: _____
                    Deputy Clerk

[1]

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
**5/5/2023 9:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

     Plaintiff,

v.

TARGET CORPORATION,

     Defendant.

CIVIL ACTION     23-C-03078-S4
FILE NO.: _____

**JURY TRIAL DEMANDED**

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of:

1. Plaintiff's First Interrogatories to Defendant;
2. Plaintiff's First Request for Production of Documents to Defendant; and
3. Plaintiff's First Request for Admissions to Defendant

upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

**Target Corporation**
c/o CT Corporation
289 S Culver Street
Lawrenceville, GA 30046

This the 5th day of May 2023.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE

[1]

State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
Jason@ceolawyer.com

[2]

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

               Plaintiff,

v.

TARGET CORPORATION,

               Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT TARGET CORPORATION

In compliance with O.C.G.A. § 9-11-36, the Defendant TARGET CORPORATION (hereinafter, "TARGET"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, Defendant TARGET is required to respond to this request in writing.

Defendant TARGET is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant TARGET, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

## I. DEFINITIONS

1.    As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals,

memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.     The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.     As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.     As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.     As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.     With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.     The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.     As used herein, the phrase "the store" means the premises on which Plaintiff's subject

incident occurred, specifically the premises located at 1905 Scenic Highway N, Snellville, GA 30078 and owned by Defendant TARGET.

## II.  ADMISSIONS

1.

On or about May 27, 2021, Defendant TARGET was on notice that a hazardous puddle of liquid was present in an aisle of the store.

2.

Defendant TARGET should have warned invitees of the hazardous puddle of liquid which was present in the area where the subject incident occurred on May 27, 2021.

3.

Defendant TARGET negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant TARGET failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant TARGET failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant TARGET caused the presence of the hazardous puddle of liquid where Plaintiff's incident occurred.

7.

Defendant TARGET negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant TARGET negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on May 27, 2021.

9.

On or about May 27, 2021, Plaintiff's fall was directly caused by the presence of a hazardous puddle of liquid.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendant.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about May 27, 2021.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about May 27, 2021.

16.

The Plaintiff is entitled to recover damages from Defendant TARGET for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant TARGET for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant TARGET has been properly served with process in this action.

20.

Defendant TARGET is subject to the jurisdiction and venue of this court.


This the 5th day of May 2023.

                                 Respectfully submitted:
**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303

P: (833) 254-2923
F: (706) 528-5090
jason@ceolawyer.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ENTESAR AL QASSAB,

                Plaintiff,

v.

TARGET CORPORATION,

                Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT TARGET CORPORATION

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant TARGET CORPORATION (hereinafter, "TARGET") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Ali Awad Law, P.C., Attn:  Jason N. Slate, 200 Peachtree Street NW, Suite 201, Atlanta, GA 30303.

## I. INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant TARGET individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant TARGET.

**NOTE B:**    Throughout these interrogatories, wherever Defendant TARGET is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

    (a)    By whom it was made, and to whom;

    (b)    The date upon which it was made;

    (c)    Who else was present when it was made;

    (d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant TARGET is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

    (a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

    (b)    By whom it was made and to whom it was addressed;

    (c)    The date it was made; and

    (d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant TARGET is requested to identify a person, the following information should be furnished:

    (a)    The person's full name;

    (b)    His or her present home and business address and telephone number at each address;

    (c)    His or her occupation; and

    (d)    His or her place of employment.

**NOTE E:** These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff ENTESAR AL QASSAB.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Target Store, located at 1905 Scenic Highway N, Snellville, GA 30078 and owned by Defendant TARGET (hereinafter, "the store") where Plaintiff's incident occurred. In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendant by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named insured on each such policy and the defendant; the policy number of each such policy; the name

and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about May 27, 2021.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident. If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or trip and fall accident occurred in the store, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's

incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant TARGET subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant TARGET have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the store? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant TARGET or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant TARGET was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of each person who informed Defendant TARGET and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant TARGET made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident. If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on May 27, 2021.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

17.

If Defendant TARGET has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant TARGET has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant TARGET or any person on said Defendant's behalf, after learning of the puddle, upon information and belief, that was a hazard take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or puddle of liquid where the subject incident occurred and Defendant TARGET's subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on May 27, 2021.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant TARGET; a description of any training said employee had in preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant TARGET or any representative of said defendant regarding Plaintiff's incident.

**EXHIBIT B**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-03078-S4
5/5/2023 9:37 AM
TIANA P. GARNER, CLERK

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _Gwinnett_____ County

| For Clerk Use Only | | 23-C-03078-S4 |
|---|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number | _____ |

**Plaintiff(s)**
Al Qassab, Entesar

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Defendant(s)**
Target Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Plaintiff's Attorney** Jason N. Slate_____     **Bar Number** 846650_____     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
          **Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                     **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
**5/5/2023 9:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

               Plaintiff,

v.

TARGET CORPORATION,

               Defendant.

CIVIL ACTION      23-C-03078-S4

FILE NO.: _____

**JURY TRIAL DEMANDED**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:      **TARGET CORPORATION**
c/o CT Corporation
289 S Culver Street
Lawrenceville, GA 30046

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jason N. Slate
ALI AWAD LAW, P.C.
200 Peachtree Street, Ste. 201
Atlanta, GA 30303
Telephone: (833) 254-2923
Jason@ceolawyer.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This _____ day of _____, 2023.
    5th day of May, 2023         Tiana P. Garner

                        Clerk of Gwinnett County State Court

                    By:_____
                    Deputy Clerk

[1]

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03078-S4**
**5/5/2023 9:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

               Plaintiff,

v.

TARGET CORPORATION,

               Defendant.

CIVIL ACTION
FILE NO.: _____

          23-C-03078-S4

**JURY TRIAL DEMANDED**

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of:

1. Plaintiff's First Interrogatories to Defendant;
2. Plaintiff's First Request for Production of Documents to Defendant; and
3. Plaintiff's First Request for Admissions to Defendant

upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

**Target Corporation**
c/o CT Corporation
289 S Culver Street
Lawrenceville, GA 30046

This the 5th day of May 2023.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE

[1]

State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
Jason@ceolawyer.com

[2]

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ENTESAR AL QASSAB,

                    Plaintiff,

v.                                                    CIVIL ACTION
                                                      FILE NO.: _____
TARGET CORPORATION,

                    Defendant.

                                                      JURY TRIAL DEMANDED

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT TARGET CORPORATION

In compliance with O.C.G.A. § 9-11-36, the Defendant TARGET CORPORATION (hereinafter, "TARGET"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, Defendant TARGET is required to respond to this request in writing.

Defendant TARGET is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant TARGET, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

I. DEFINITIONS

1.      As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals,

memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the store" means the premises on which Plaintiff's subject

incident occurred, specifically the premises located at 1905 Scenic Highway N, Snellville, GA 30078 and owned by Defendant TARGET.

## II.  ADMISSIONS

1.

On or about May 27, 2021, Defendant TARGET was on notice that a hazardous puddle of liquid was present in an aisle of the store.

2.

Defendant TARGET should have warned invitees of the hazardous puddle of liquid which was present in the area where the subject incident occurred on May 27, 2021.

3.

Defendant TARGET negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant TARGET failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant TARGET failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant TARGET caused the presence of the hazardous puddle of liquid where Plaintiff's incident occurred.

7.

Defendant TARGET negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant TARGET negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on May 27, 2021.

9.

On or about May 27, 2021, Plaintiff's fall was directly caused by the presence of a hazardous puddle of liquid.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendant.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about May 27, 2021.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about May 27, 2021.

16.

The Plaintiff is entitled to recover damages from Defendant TARGET for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant TARGET for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant TARGET has been properly served with process in this action.

20.

Defendant TARGET is subject to the jurisdiction and venue of this court.


This the 5th day of May 2023.

                                      Respectfully submitted:
                                      **ALI AWAD LAW, P.C.**

                                      /s/ Jason N. Slate
                                      JASON N. SLATE
                                      State Bar No. 846650
                                      Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303

P: (833) 254-2923
F: (706) 528-5090
jason@ceolawyer.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,

                    Plaintiff,

v.

TARGET CORPORATION,

                    Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT TARGET CORPORATION

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant TARGET CORPORATION (hereinafter, "TARGET") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Ali Awad Law, P.C., Attn: Jason N. Slate, 200 Peachtree Street NW, Suite 201, Atlanta, GA 30303.

## I. INSTRUCTIONS

**NOTE A:**   When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant TARGET individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant TARGET.

**NOTE B:**     Throughout these interrogatories, wherever Defendant TARGET is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)     By whom it was made, and to whom;

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**     Throughout these interrogatories, wherever Defendant TARGET is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)     By whom it was made and to whom it was addressed;

(c)     The date it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**     Throughout these interrogatories, wherever Defendant TARGET is requested to identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each address;

(c)     His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**    These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff ENTESAR AL QASSAB.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Target Store, located at 1905 Scenic Highway N, Snellville, GA 30078 and owned by Defendant TARGET (hereinafter, "the store") where Plaintiff's incident occurred.  In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendant by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named insured on each such policy and the defendant; the policy number of each such policy; the name

and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about May 27, 2021.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident. If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or trip and fall accident occurred in the store, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's

incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant TARGET subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant TARGET have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the store? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant TARGET or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant TARGET was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of each person who informed Defendant TARGET and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant TARGET made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident.  If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on May 27, 2021.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

17.

If Defendant TARGET has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial.  State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant TARGET has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant TARGET or any person on said Defendant's behalf, after learning of the puddle, upon information and belief, that was a hazard take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or puddle of liquid where the subject incident occurred and Defendant TARGET's subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on May 27, 2021.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant TARGET; a description of any training said employee had in preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant TARGET or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the store, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about May 27, 2021.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint?  If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant TARGET, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant TARGET or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant TARGET relevant to the area complained of for one hour before and after the Plaintiff's incident.

This the 5th day of May 2023.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303

P: (833) 254-2923
F: (706) 528-5090
jason@ceolawyer.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

ENTESAR AL QASSAB,

               Plaintiff,

v.

TARGET CORPORATION,

               Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant TARGET CORPORATION (hereinafter, "TARGET") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Ali Awad Law, PC, Attn: Jason N. Slate, forty-five (45) days from the date of service.

## I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant TARGET objects to producing.

**NOTE A:** These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:** When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant TARGET individually, its attorneys, agents, servants, employees, representatives,

private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

**NOTE C:**     If documents requested are not in Defendant TARGET possession, please state as follows:

    (1)     name of person who has possession or knowledge of whereabouts;

    (2)     business address of such;

    (3)     business telephone number of such.

**NOTE D:**     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's resulting injuries.

4.

Please produce any and all movies, videotapes or other photographs or other recordings of

Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and trip and fall accidents at the Target Store located at 1905 Scenic Highway N, Snellville, GA 30078 and owned by Defendant TARGET (hereinafter, "the store").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, cleaning or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, cleaning, and maintenance on the premises of the store.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant TARGET possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by Defendant TARGET in

anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, cleaning and/or maintenance of the store for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, cleaning and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant TARGET employees on the premises of the store for the day of the incident and the one-week periods prior to and subsequent to the incident.

17.

Please produce any correspondence, memoranda, report, record or other documents

concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about May 27, 2021.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant TARGET or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant TARGET.

This the 5th day of May 2023.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
jason@ceolawyer.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-03078-S4
5/12/2023 10:06 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**ENTESAR AL QASSAB**

Case No.:      **23-C-03078-S4**

Plaintiff/Petitioner

vs.

**TARGET CORPORATION**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**SUMMONS; CASE FILING INFORMATION FORM;
COMPLAINT; 5.2 CERTIFICATE OF SERVICE OF
DISCOVERY MATERIALS; PLAINTIFF'S FIRST
INTERROGATORIES TO DEFENDANT TARGET
CORPORATION; PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
TARGET CORPORATION**

Received by **Marsha Lausman**, on the **9th day of May, 2023 at 9:03 AM** to be served upon **Target Corporation c/o CT Corporation at 289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046.**
On the **9th day of May, 2023 at 11:19 AM, I, Marsha Lausman, SERVED Target Corporation c/o CT Corporation** at **289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **CT Corporation**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to CT Corporation with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 55-65 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with glasses. Jayne Richardson, SOP**

Service Fee Total: **$63.50**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Marsha Lausman_      141      MAY 1 0 2023

Marsha Lausman                    Server ID #                    Date

Notary Public: Subscribed and sworn before me on this _____ day of _MAY 1 0 2023_ _____ in the year of 20__
Personally known to me __X__ or _____ identified by the following document:

Notary Public (Legal Signature)

*(Notary seal: DANA FAULKNER, NOTARY, EXPIRES 10-18-2024, GEORGIA, PUBLIC, GWINNETT COUNTY)*

REF: **Al Qassab v. Target (BR)**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

## 22 C 06987-2

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2024.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___12___ day of ___Decah___, 20_22_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name     MARSHA LAUSMAN

Address     3769 TUPELO TRAIL

AUBURN, GA 30011

770-339-7739

## IN THE STATE COURT GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,                )
                                  )
     Plaintiff,                  )        CIVIL ACTION FILE
                                  )        NO.: 23-C-03078-S4
v.                                )
                                  )
TARGET CORPORATION,               )
                                  )
     Defendants.                 )

### ANSWER OF TARGET CORPORATION

COMES NOW, Target Corporation, Defendant, and for its Answer to the Plaintiff's Complaint hereby responds as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and Defendant raises the § O.C.G.A. 9-11-12(b)(6) defense of failure to state a claim accordingly.

### SECOND DEFENSE

Defendant denies any contention that it, or its agents and employees, were negligent and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

### THIRD DEFENSE

Defendant denies any contention that it, or its agents and employees, were reckless or wanton in any manner and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

1

## FOURTH DEFENSE

Defendant did not breach any legal duty owed to Plaintiff, and at all times Defendant exercised that degree of care required by law.

## FIFTH DEFENSE

Defendant, and its agents and employees, did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## SIXTH DEFENSE

Defendant, and its agents and employees, did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## SEVENTH DEFENSE

Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

## ELEVENTH DEFENSE

Defendant demands a jury of twelve impartial persons.

## TWELFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## THIRTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, Defendant responds as follows:

## PARTIES AND JURISDICTION

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 1 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that is a foreign corporation with its principal office in Minnesota and that

3

it may be served through its registered agent CT Corporation System. The remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

## BACKGROUND

4.

In responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that upon information and belief on May 27, 2021, Plaintiff was present inside the Target retail store operated by Defendant at 1905 Scenic Highway N, Snellville, GA 30078. Any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied as stated.

5.

In responding to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that upon information and belief, Plaintiff Entesar Al Qassab was present inside the Target Store located at 1905 Scenic Highway N, Snellville, GA 30078 on May 27, 2021. This Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, and, on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 5 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, said allegations

4

are denied. To the extent the allegations contained in Paragraph 6 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported the incident occurring. The remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied as stated.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

## COUNT 1
## PREMISES LIABILITY

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, this Defendant adopts and incorporates by reference its defenses and responses to all preceding Paragraphs as if fully set forth herein.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported the incident occurring. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied as stated.

11.

In responding to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that it has a legal duty and obligations under relevant law, including the

statutory duty of care referenced in O.C.G.A. § 51-3-1, and further responds that at all relevant times, it fulfilled the same. The remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

**COUNT 2**
**VICARIOUS LIABILITY**

14.

In responding to the allegations contained in Paragraph 14 of Plaintiff's Complaint, this Defendant adopts and incorporates by reference its defenses and responses to all preceding Paragraphs as if fully set forth herein.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied as stated.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

**COUNT 3**
**NEGLIGENT TRAINING & SUPERVISION**

17.

In responding to the allegations contained in Paragraph 17 of Plaintiff's Complaint, this Defendant adopts and incorporates by reference its defenses and responses to all preceding Paragraphs as if fully set forth herein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

## FOURTEENTH DEFENSE

To the extent the "Wherefore" paragraph beneath Paragraph 20 of Plaintiff's Complaint requires a response, it is hereby denied.

## FIFTEENTH DEFENSE

Any allegation not specifically admitted herein is expressly denied.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper.

This the 6th day of June, 2023.

HUFF, POWELL & BAILEY, LLC

/s/ Sharonda Boyce Barnes

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
    Counsel for Defendant Target Corporation

999 Peachtree Street

7

Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

IN THE STATE COURT GWINNETT COUNTY
STATE OF GEORGIA

ENTESAR AL QASSAB,                          )
                                            )
    Plaintiff,              )        CIVIL ACTION FILE
                                            )        NO.: 23-C-03078-S4
v.                                          )
                                            )
TARGET CORPORATION,                         )
                                            )
    Defendants.             )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with copies of the within

and foregoing *ANSWER OF DEFENDANT TARGET CORPORATION* via e-filing system,

Odyssey which will serve all counsel of record by Statutory Electronic Service as follows:

Jason N. Slate
Ali Awad Law, PC
200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
jason@ceolawyer.com

This the 6th day of June 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

9

IN THE STATE COURT GWINNETT COUNTY
STATE OF GEORGIA

ENTESAR AL QASSAB,                    )
                                      )
        Plaintiff,                    )        CIVIL ACTION FILE
                                      )        NO.: 23-C-03078-S4
v.                                    )
                                      )
TARGET CORPORATION,                   )
                                      )
        Defendants.                   )

## TWELVE PERSON JURY DEMAND

COMES NOW, Target Corporation, Defendant, and hereby requests that a jury of twelve fair and impartial jurors determine all matters of disputed facts in this case.

This the 6th day of June 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

SHARONDA B. BARNES
Ga. Bar No. 245438
FRAN TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

IN THE STATE COURT GWINNETT COUNTY
STATE OF GEORGIA

ENTESAR AL QASSAB,                    )
                                      )
          Plaintiff,                  )        CIVIL ACTION FILE
                                      )        NO.: 23-C-03078-S4
                                      )
v.                                    )
                                      )
TARGET CORPORATION,                   )
                                      )
          Defendants.                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing *TWELVE PERSON JURY DEMAND* via the e-filing system, Odyssey, which will serve all counsel of record by Statutory Electronic Service as follows:

Jason N. Slate
Ali Awad Law, PC
200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
jason@ceolawyer.com

This the 6th day of June 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

SHARONDA B. BARNES
Ga. Bar No. 245438
FRAN TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

- 2 -

## IN THE STATE COURT GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,                    )
                                      )
    Plaintiff,     )          CIVIL ACTION FILE
                                      )          NO.: 23-C-03078-S4
v.                                    )
                                      )
TARGET CORPORATION,                   )
                                      )
    Defendants.    )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of Court
       State Court of Gwinnett County
       75 Langley Drive
       Lawrenceville, GA 30046

       Jason N. Slate
       Ali Awad Law, PC
       200 Peachtree Street NW
       Suite 201
       Atlanta, GA 30303

Pursuant to 28 U.S.C. § 1446, you are hereby notified of the filing of a Notice of

Removal filed in the United States District Court for the Northern District of Georgia, a

copy of which is attached hereto as Exhibit "A." By filing the Notice of Removal,

Defendant Target Corporation, in this case, has removed this action from this Court to

said Federal Court. This Defendant also has filed Defendant Target Corporation's

Answer and Defenses to Plaintiff's Complaint in the United States District Court for the

Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and

incorporated herein as Exhibit "B." Accordingly, the jurisdiction of the State Court is

herewith suspended and any proceedings in this Court after the date of removal are null

and void unless or until this Court resumes jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Cotton v. Federal Land</u> <u>Bank of Columbia,</u> 246 Ga. 188, 188 (1980).

This the 6th day of June, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

# IN THE STATE COURT GWINNETT COUNTY
## STATE OF GEORGIA

ENTESAR AL QASSAB,        )
                               )
      Plaintiff,             )     CIVIL ACTION FILE
                               )     NO.: 23-C-03078-S4
v.                               )
                               )
TARGET CORPORATION,     )
                               )
      Defendants.          )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with copies of

the within and foregoing *NOTICE OF FILING NOTICE OF REMOVAL* via Odyssey

and Statutory Electronic Mail to assure delivery:

Jason N. Slate
Ali Awad Law, PC
200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
jason@ceolawyer.com

This the 6th day of June, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

-3-