# Exhibit A

**IN THE MAGISTRATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA**

LATESHA Q WINSTON

Clerk, Gwinnett Magistrate Court, P.O. Box 246

2613 JACOBEAN ROAD

Lawrenceville, GA 30046-0246 (770.822.8100, Ext. Civil Division)

ACWORTH, GA 30101

Civil Action No. _____

Plaintiff(s)

vs.

CONVERGENT OUTSOURCING INC

INFO & FORMS ON INTERNET
www.gwinnettcourts.com

289 S Culver St

Lawrenceville, GA, 30046-4805

**STATEMENT OF CLAIM**

Defendant(s)

Telephone (Daytime number if known, otherwise, evening number)

[ ] Suit on Note   [ ] Suit on Account   [X] Other _____

1.  The Court has jurisdiction over the defendant(s) [X] the Defendant(s) is a resident of Gwinnett County; [ ] Other (please specify)
_____

2.  Plaintiff(s) claims the Defendant(s) is/are indebted to the Plaintiff as follows: (You must include a brief statement giving reasonable notice of the basis for each claim contained in the Statement of Claim)

SEE ATTACHMENT

_____
_____
_____
_____

3.  That said claim is in the amount of:   $   5000   principal,   $ _____ interest, plus   $ _____
costs to date, and all future costs of this suit.

State of Georgia, Gwinnett County:

LATESHA Q WINSTON

being duly sworn on oath, says the foregoing is a just and true statement of

the amount owing by defendant to plaintiff, exclusive of all set off and just grounds of defense.

Sworn and subscribed before me this

Plaintiff or Agent

3rd   day of   May

or Agent – Title or Capacity)

862-348-1320

Notary Public/Attesting Official

Day Time Phone Number

I request a civil trial [ ] during normal business hours  - **OR** - [ ] 6:30 PM, evening trials. **ALL CONFLICTS ARE SCHEDULED FOR 6:30 PM.**

**NOTICE AND SUMMONS**

TO: All Defendant(s)

You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. **YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained from the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER,** *JUDGMENT BY DEFAULT* **WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE.** If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. **NO TELEPHONE ANSWERS ARE PERMITTED.** The court will hold a hearing on this claim at the Gwinnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff, you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

Filed this _____ day of _____ 20 _____   _____

Magistrate or Deputy Clerk of Court

**See Instructions on Reverse Side of This of this Document**

# IN THE MAGISTRATE COURT OF GWINNETT COUNTY, GEORGIA

| | |
|---|---|
| **LATESHA Q WINSTON**<br>        **Plaintiff,** | )<br>)<br>) |
| **v.** | ) **Case No.**<br>) |
| **CONVERGENT OUTSOURCING INC**<br>        **Defendant.** | ) **Complaint**<br>)<br>) **Breach of Contract**<br>) **Fair Debt Collection Practice**<br>**Act  15 USC 1692-1692p** |

1.    Defendant conduct business in the state of Georgia, personal jurisdiction established.

2.    Venue is proper in this district because the acts and transactions occurred in this district, Defendants registered agent resides in this district.

3.    Plaintiff is a natural person residing in the state of Georgia.

4.    Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## FACTS OF COMPLAINT

5.    Convergent Outsourcing is defined as a "debt collector" in accordance with 15 USC 1692a(6).

6.      On or around July 8, 2022, Plaintiff pulled their Experian consumer report and noticed Convergent Outsourcing was reporting negatively.

7.      On or around July 21, 2022, a request for information was submitted to Convergent Outsourcing Inc.

8.      No correspondence was received from Convergent Outsourcing Inc.

9.      On August 15, 2022, Plaintiff called Convergent Outsourcing Inc to obtain the information that was sent in the original request via mail.

10.     Convergent Outsourcing Inc was only able to provide the Date assigned, Date of First Delinquency and the Last payment received.

11.     Plaintiff asked during the call to be sent all information that was requested in the original written request.

12.     The original written request asked for all billing statements from the date of account opening, all other account level documentation, Date of First Delinquency, Date of Last Activity and Date Opened.

13.     On or around August 17, 2022, Plaintiff received a one-page letter only stating the debt was valid with a copy of a Sprint periodic statement from 2019.

14.     On or around August 17, 2022, Plaintiff pulled their Experian consumer report and still noticed the account information was still reflected negatively.

15.     On or around September 10, 2022, Plaintiff obtained a copy of the terms and conditions agreement for Sprint Corporation from the American Arbitration Association.

16.     The term and conditions contains an **binding arbitration clause** that states the following "Disputes" include, but are not limited to, any claims or controversies against each other in any way related to or arising out of our Services or the Agreement, including wireless

2

coverage, Devices, billing services and practices, policies, contract practices (including enforceability), and service, privacy, or advertising claims, even if the claim arises after Services have terminated. Disputes also include, but are not limited to, claims that: (a) you or an authorized or unauthorized user of the Services or Devices bring against our employees, agents, affiliates, or other representatives; (b) you bring against a third party, such as a retailer or equipment manufacturer, that are based on, relate to, or arise out of in any way our Services or the Agreement. The Arbitration clause survives after termination of the agreement.

17.   Convergent Outsourcing Inc breached the agreement.

18.   Breach of contract occurs whenever a party who entered a contract fails to perform their promised obligations.

19.   Convergent Outsourcing Inc was assigned the account from Sprint Corporation.

20.   A contract assignment is when the assignor assigns all rights, responsibilities and obligations of the contract to the assignee.

21.   Convergent Outsourcing duty was to arbitrate with Plaintiff based on the arbitration clause being that they had a dispute with Plaintiff however instead of arbitrating with Plaintiff the Defendant reported the account negatively to Experian which impacted the Plaintiff negatively.

22.   Defendant's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation.

23.   Plaintiff was declined credit as a result of the account being furnished to Experian.

24.   Plaintiff filed a case with the American Arbitration Association on or around (10/18/2022).

3

25.    Plaintiff was informed by the American Arbitration Association Convergent Outsourcing

       failed to comply with the American Arbitration Association regarding the filing submitted.


### FIRST CLAIM FOR RELIEF
**Breach of Contract**

26.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

27.    Defendant violated by failing to perform duties of arbitration agreement as required under

       OCGA § 13-4-20 therefore is liable under OCGA §13-6-2.


### SECOND CLAIM FOR RELIEF
**Violation of Fair Debt Collection Practice Act**
15 U.S.C. §1692e (8)

28.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29.    Defendant actions in reporting false credit information to Experian is a violation of 15

       U.S.C. §1692e (8) and therefor is liable under 15 U.S.C. §1692k.


### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered

in favor of Plaintiff and against Defendant for:

   A.  Judgment for the violations occurred for violating the FDCPA;

   B.  Actual damages pursuant to 15 U.S.C 1692k(1)(2);

   C.  Statutory damages pursuant to 15 U.S.C 1692k(2);

   D.  Court Cost

   E.  Damages pursuant to OCGA §13-6-2

F.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 3, 2023

By: Latesha Q Winston
2613 Jacobean Road
Acworth, GA 30101
(862) 348-1320
Latesha79@gmail.com
Plaintiff (pro se)

5

## DISPUTE RESOLUTION AND ARBITRATION

**PLEASE READ THIS CAREFULLY; IT AFFECTS YOUR RIGHTS**

How will we resolve disputes? We want you to be happy with your Sprint Services. If, for some reason, we cannot resolve your concern to your satisfaction through calls to our customer care, you and Sprint each agree to try to resolve those disputes in good faith after you provide written notice of the dispute as set forth below. If we cannot resolve the dispute despite our good-faith efforts, you and Sprint agree that we will resolve the dispute through binding individual arbitration or in small claims court, instead of courts of general jurisdiction.

**Mandatory arbitration and waiver of class action**

You and we each agree that any and all claims or Disputes (as defined below) will be resolved by binding arbitration or in small claims court. In addition, you and Sprint agree that any proceedings will be conducted on an individual, non-representative, basis, and not as a class, representative, mass, or consolidated action. You agree that, by entering into this Agreement, you and Sprint are waiving the right to a trial by jury or to participate in a class action or representative action. This agreement to arbitrate is intended to be broadly interpreted.

In arbitration, there is no judge or jury. Instead, a neutral third-party arbitrator resolves Disputes in a less formal process than in court. In arbitration, there is limited discovery and a court review of the arbitrator's decision is limited. However, just as a court would, the arbitrator must follow the terms of the Agreement and can award damages and other relief, including attorneys' fees, as authorized by law.

"Disputes" include, but are not limited to, any claims or controversies against each other in any way related to or arising out of our Services or the Agreement, including wireless coverage, Devices, billing services and practices, policies, contract practices (including enforceability), and service, privacy, or advertising claims, even if the claim arises after Services have terminated. Disputes also include, but are not limited to, claims that: (a) you or an authorized or unauthorized user of the Services or Devices bring against our employees, agents, affiliates, or other representatives; (b) you bring against a third party, such as a retailer or equipment manufacturer, that are based on, relate to, or arise out of in any way our Services or the Agreement; or (c) that Sprint brings against you. Disputes also include, but are not limited to, (i) claims in any way related to or arising out of any aspect of the relationship between you and Sprint, whether based in contract, tort, statute, fraud, misrepresentation, advertising claims or any other legal theory; (ii) claims that arose before this Agreement or out of a prior Agreement with Sprint; (iii) claims that are subject to on-going litigation where you are not a party or class member; and/or (iv) claims that arise after the termination of this Agreement.

**Dispute notice and dispute resolution period**

Before initiating an arbitration or a small claims matter, you and Sprint each agree to first

provide to the other a written notice ("Notice of Dispute"), which will contain: (a) a written description of the problem and relevant documents and supporting information; and (b) a statement of the specific relief sought. A Notice of Dispute to Sprint should be sent to: General Counsel; Arbitration Office; 12502 Sunrise Valley Drive, Mailstop VARESA0202-2C682; Reston, Virginia 20191. Sprint will provide a Notice of Dispute to you in accordance with the "How Will Sprint Talk To Me About My Agreement?" section of this Agreement. Sprint will provide you a designated representative to work with to try to resolve your Dispute to your satisfaction. You and Sprint agree to make attempts to resolve the Dispute prior to commencing an arbitration or small claims action. If an agreement cannot be reached within sixty (60) days of receipt of the Notice of Dispute, you or Sprint may commence an arbitration proceeding or small claims action.

## How does arbitration work?

- To begin arbitration, you must send a letter requesting arbitration to us (see the "Dispute Notice and Dispute Resolution Period" section above) and to the American Arbitration Association ("AAA"). If the claims asserted in any request or demand for arbitration could have been brought in small claims court, then either you or we may elect to have the claims heard in small claims court, rather than in arbitration, at any time before the arbitrator is appointed, by notifying the other party of that election in writing.
- The arbitration of all disputes will be administered by the AAA under its Consumer Arbitration Rules then in effect at the time the arbitration is commenced, except to the extent any of those rules conflicts with this Agreement, in which case this Agreement will govern. The AAA rules are available at www.adr.org or by calling 1-800-778-7879.
- Unless you and Sprint agree otherwise, the arbitration will be conducted by a single, neutral arbitrator and will take place in the county of the last billing address of the Service. The arbitrator will be selected using the following procedure: (a) the AAA will send the parties a list of five candidates; (b) if the parties cannot agree on an arbitrator from that list, each party will return its list to the AAA within 10 days, striking up to two candidates, and ranking the remaining candidates in order of preference; (c) the AAA will appoint as arbitrator the candidate with the highest aggregate ranking; and (d) if for any reason the appointment cannot be made according to this procedure, the AAA may exercise its discretion in appointing the arbitrator. We will pay or reimburse all filing, administration, and arbitrator fees. An arbitrator may award on an individual basis any relief that would be available in a court, including injunctive or declaratory relief and attorneys' fees. In addition, for claims under $75,000 as to which you provided notice and negotiated in good faith as required above before initiating arbitration, if the arbitrator finds that you are the prevailing party in the arbitration, you will be entitled to recover reasonable attorneys' fees and costs. Except for claims determined to be frivolous, we agree not to seek attorneys' fees in arbitration even if permitted under applicable law.

- The Federal Arbitration Act ("FAA") applies to this Agreement and arbitration provision. We each agree that the FAA's provisions—not state law—govern all questions of whether a Dispute is subject to arbitration.

## Class Action Waiver

YOU AND WE EACH AGREE THAT ANY PROCEEDINGS, WHETHER IN ARBITRATION OR COURT, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT AS A CLASS, REPRESENTATIVE, MASS, OR CONSOLIDATED ACTION. If we believe that any claim you have filed in arbitration or in court is inconsistent with this limitation, then you agree that we may seek an order from a court determining whether your claim is within the scope of this class action waiver. If a court or arbitrator determines in an action between you and us that any part of this Class Action Waiver is unenforceable with respect to any claim, the arbitration agreement and Class Action Waiver will not apply to that claim, but they will still apply to any and all other claims that you or we may assert in that or any other action.

## Jury Trial Waiver

If a claim proceeds in court rather than through arbitration, YOU AND WE EACH WAIVE ANY RIGHT TO A JURY TRIAL.

What happens if someone sues Sprint based on something you actually caused? You agree to indemnify, defend, and hold Sprint and our subsidiaries, affiliates, parent companies, vendors, suppliers, and licensers harmless from any claims arising out of or relating to your actions, including, but not limited to, your use of the Service and any information you submit, post, transmit, or make available via the Service; failing to provide appropriate notices regarding location-enabled services; failure to safeguard your passwords, backup question to your shared secret question, or other account information; or violating this Agreement or any policy referenced in this Agreement, any applicable law or regulation, or the rights of any third party.

Anything else? Subject to federal law or unless the Agreement specifically provides otherwise, this Agreement is governed solely by the laws of the state encompassing the billing address of the Device, without regard to the conflicts of law rules of that state. If either of us waives or doesn't enforce a requirement under this Agreement in an instance, we don't waive our right to later enforce that requirement. Except as the Agreement specifically provides otherwise, if any part of the Agreement is held invalid or unenforceable, the rest of this Agreement remains in full force and effect. This Agreement isn't for the benefit of any third party except our corporate parents, affiliates, subsidiaries, agents, and predecessors and successors in interest. You can't assign the Agreement or any of your rights or duties under it, unless we agree to the assignment. We can assign the Agreement without notice. You cannot in any manner resell the Services to another party. The Agreement and the documents it incorporates make up the entire agreement between us and replaces all prior written or spoken agreements—you can't rely on any contradictory documents or statements by sales or service representatives. The rights, obligations, and commitments in the Agreement that—by their nature—would logically

continue beyond the termination of Services (for example, those relating to billing, payment, 9-1-1, dispute resolution, no class action, no jury trial) survive termination of Services.

https://www.sprint.com/en/legal/terms-and-conditions/#disputes