IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONGS OF PEER, LTD., UNIVERSAL MUSIC-Z TUNES, L.L.C., and PEN IN THE GROUND PUBLISHING, <br><br> Plaintiffs, <br><br> v. <br><br> BELIEVE HOLDINGS LLC AND MADELEINE C. EHRNROOTH, <br><br> Defendants. | Civil Action No. <br><br> _____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Songs of Peer, Ltd., Universal Music-Z Tunes, L.L.C., and Pen in the Ground Publishing (collectively, "Plaintiffs"), by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical

1

compositions.  SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## The Parties

4. Plaintiffs, as shown in Column 2* of SCHEDULE A, the contents of which are incorporated by reference into this Complaint, are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Believe Holdings, L.L.C. ("BHL") is a limited liability company organized under the laws of the state of Georgia with principal offices located at 1266 West Paces Ferry Road, Suite 414, Atlanta, Georgia.  Defendant BHL may be served through its registered agent, InCorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, Fulton County, Georgia, 30350.

6. At all times hereinafter mentioned, BHL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Believe Music Hall (the

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

"Music Hall"), located at 181 Ralph David Abernathy Boulevard Southeast, Atlanta, Georgia.

7. Musical compositions were and are publicly performed at the Music Hall.

8. On information and belief, defendant Madeleine Ehrnrooth ("Ehrnrooth" and, together with BHL, the "Defendants") is an individual who resides and/or does business in this district, and may be found at 1409 Oakridge View Drive, Mableton, Cobb County, Georgia, 30126.

9. At all times hereinafter mentioned, Ehrnrooth was, and still is, a member, officer, and/or owner of BHL.

10. At all times hereinafter mentioned, Ehrnrooth was, and still is, responsible for the control, management, operation and maintenance of the affairs of BHL.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Music Hall, including the right and ability to supervise and control the public performance of musical compositions at the Music Hall.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Music Hall.

### Facts Specific to Defendants'
### Infringement of Plaintiffs' Musical Compositions

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since April 2018, ASCAP representatives have made more than eighty (80) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the Music Hall. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for the Music Hall.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Music Hall constitute copyright infringement of ASCAP's members' copyrights in their

musical works.

18.   Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Music Hall, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19.   The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20.   The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21.   The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

## Copyright Infringement of Each Plaintiff

22.   Plaintiffs incorporate each of the above factual allegations as if fully

stated herein.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Music Hall, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at the Music Hall of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. The unauthorized public performances of the Plaintiffs' copyrighted musical compositions at the Music Hall are infringement of Plaintiffs' rights under 17 U.S.C. § 106(4), to perform the copyrighted musical compositions publicly.

26. In undertaking the conduct complained of in this action, Defendants are infringers of Plaintiffs' copyrights, pursuant to 17 U.S.C. § 501, and knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at the Music Hall include the

performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any other compositions in the ASCAP repertory for which Defendants have no license – and from causing or permitting the said compositions or any other compositions in the ASCAP repertory to be publicly performed at the Music Hall, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in <u>each cause of action</u> herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.     For such other and further relief as may be just and equitable.

Respectfully submitted this 6th day of June, 2023.

                                          **STRICKLAND DEBROW LLP**

                                          */s/ Vernon M. Strickland*
                                          Vernon M. Strickland
                                          Georgia Bar No. 345346
                                          246 Bullsboro Drive, Suite A
                                          Newnan, Georgia 30263
                                          Telephone: 470-683-4402
                                          Facsimile: 470-683-4412

                                          *Counsel for Plaintiffs*

## **RULE 7.1.D. CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

                         */s/ Vernon M. Strickland*
                         Vernon M. Strickland