IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESMOND JOHNSON,<br><br>　　Plaintiff,<br><br>v.<br><br>LARSON JUHL US LLC,<br><br>　　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Desmond Johnson ("Plaintiff" or "Johnson"), by and through their undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Larson-Juhl US, LLC ("Defendant") for violations of their rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 12117. The unlawful employment practices alleged in this

Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

3. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 25, 2021; the EEOC issued its Notice of Right to Sue on March 9, 2023.

4. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

5. Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

6. At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7. At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8. During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9. Defendant employed more than 500 employees during 20 or more calendar weeks preceding the events referenced in this Complaint.

10. Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 990 Peachtree Industrial Blvd, #3829, Suwanee, GA, 30024, USA.

## FACTUAL ALLEGATIONS

11. Mr. Johnson incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

12. Mr. Johnson began working for the employer on February 28, 2020, as a Joiner.

13. Mr. Johnson is an individual with a disability, specifically, Asthma, that substantially limits one or more major life activities in comparison to the average person, including breathing, walking, performing manual tasks, and working.

14. Mr. Johnson was able to perform the essential functions of the positions for which he was hired with or without accommodation for his disability.

15. Defendant was aware of Mr. Johnson's disability.

16. On April 8, 2021, while cleaning out the warehouse, excessive dust and pollen triggered an asthma attack making it difficult for Johnson to breathe.

17. Johnson went to the breakroom to try to catch his breath.

18. Soon after he entered the breakroom, Johnson's manager, Keith Manning, ("Manning") asked him what he was doing.

19. Johnson explained that he had come to the breakroom because he was experiencing shortness of breath and difficulty breathing because he was having an asthma attack.

20. Johnson said he just needed some time to recover, and he would return to his work.

21. Manning would not listen and replied that he believed Johnson was "faking the funk."

22. Manning terminated Johnson's employment immediately.

23. Johnson left the plant and drove himself to the hospital where it was confirmed that he was, in fact, having an asthma attack.

24. After Johnson left the hospital, he called Defendant's Human Resources Department and tried to explain that he was terminated unfairly because he sought time to address his asthma.

25. Although the Human Resources initially told Johnson, they would investigate the situation before a final decision was made by a manager.

26. After hearing nothing for several days, Johnson called Human Resources to find out the status of his employment.

27. In response the Human Resources representative told Johnson that they believed Manning and the termination would stand.

28. Defendant initially claimed Mr. Johnson was terminated for performance reasons.

29. In February 2021, just weeks before his termination, Defendant gave Mr. Johnson a performance evaluation and there were no issues related to his work performance noted.

30. Moreover, the company maintains a progressive discipline policy and had issued no warnings or other discipline related to work performance before the termination.

31. Mr. Johnson was treated less favorably in terms or conditions of employment than others outside of their protected class, i.e., non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## **CLAIMS FOR RELIEF**

COUNT I:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

33. Mr. Johnson re-alleges paragraphs 10-25 as if set forth fully herein.

34. Mr. Johnson has a physical impairment which substantially limits one or more major life activities as compared to the average person in the general population, such as difficulty breathing, walking, and performing manual task.

35. Mr. Johnson's physical impairment is a "disability" within the meaning of the ADA, as amended.

36. Defendant was aware of Mr. Johnson's disability.

37. At all times relevant to this action, Mr. Johnson was a qualified individual with a known or perceived disability as defined in the ADA.

38. Mr. Johnson was able to perform the essential functions of the planer job with reasonable accommodation.

39. Mr. Johnson requested that the Defendant accommodate his disability when he requested a single break to regulate his breathing.

40. Manning refused to provide Johnson with reasonable accommodation, even though to provide a break would impose no undue hardship.

41. By refusing to accommodate Mr. Johnson, Defendant violated the ADA, as amended.

42. Defendant has willfully and wantonly disregarded Mr. Johnson's rights, and Defendant's failure to accommodate Mr. Johnson's disability was undertaken in bad faith.

43. The effect of the conduct complained of herein has been to deprive Mr. Johnson of equal employment opportunity and has otherwise adversely affected their status as an employee because of their disability.

44. As a direct and proximate result of Defendant's violation of the ADA, Mr. Johnson has been made the victim of acts that have adversely affected their psychological and physical well-being.

45. As a result of Defendant's discriminatory actions against Mr. Johnson, they have suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

46. Pursuant to the ADA, as amended, Mr. Johnson is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA, as amended.

47. Defendant discriminated against Mr. Johnson, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Mr. Johnson of equal employment opportunities but

exhibited malice or reckless indifference to the federally protected rights of Mr. Johnson.

48. Mr. Johnson thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

COUNT II:  ADA DISCRIMINATION - TERMINATION

50. Plaintiff re-alleges paragraphs 10-31 as if set forth fully herein.

51. Plaintiff has a physical impairment which substantially limits one or more major life activities as compared to the average person in general population, such as difficulty breathing, walking and performing manual task.

52. Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

53. Defendant was aware of Plaintiff's disability.

54. At all times relevant to this Complaint, Plaintiff performed the essential functions of his duties in a satisfactory or better manner.

55. Defendant terminated Plaintiff for requesting accommodation for his disability and/or perceived disability.

56. There is no logical, medical, or other basis to believe that Mr. Johnson's disability would prevent Plaintiff from performing the essential functions of the job.

57. But for Mr. Johnson's disability, Defendant would have retained Mr. Johnson in his position as a Joiner.

58. Defendant violated the ADA by terminating his employment because of his disability.

59. Because of Defendant's violation of the ADA, Mr. Johnson has been damaged, suffering loss of pay, benefits, and mental anguish.

COUNT III: ADA DISCRIMINATION - TERMINATION

60. Plaintiff incorporates by reference and realleges paragraphs 10-31 as if set out herein.

61. Plaintiff was qualified for his position and able to perform the essential functions of the job.

62. On or about , Plaintiff engaged in protected activity, when he requested an accommodation for his disability, .

63. On or about April 8, 2021, Manning terminated Plaintiff's employment.

64. But for Plaintiff's protected activity, seeking a break to regulate his breathing, Defendant would have retained Plaintiff in his position as a .

65. Defendant violated the ADA by terminating Plaintiff for engaging in protected activity.

66. Because of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Mr. Johnson may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

                                        **BARRETT & FARAHANY**

                                        s/ *Kira Fonteneau*
                                        Kira Fonteneau
                                        Georgia Bar No.  GA103555

                                        Counsel for Plaintiff

2 20th Street N, Suite 900
Birmingham, AL 35203
P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kira@justiceatwork.com