**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Lorna Whitley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| Hollis Cobb Associates, Inc., a | ) | |
| Georgia corporation, d/b/a Patient | ) | |
| Accounts Bureau, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff, Lorna Whitley, brings this action for damages against Defendant,

Hollis Cobb Associates, Inc., d/b/a Patient Accounts Bureau, for violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and

Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.,* and

alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and

28 U.S.C. § 1331.  Moreover, Defendant's business dealings here make it subject

to this Court's general jurisdiction.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Defendant's principal place of business is here ; and c) Defendant

transacts business here.

## PARTIES

3.      Plaintiff, Lorna Whitley ("Whitley"), is a citizen of the State of

Georgia, from whom Defendant attempted to collect defaulted consumer debts that

she allegedly owed for a Piedmont Hospital debt, despite the fact that she had

refused to pay the debts and requested that communications cease.

4.      Defendant, Hollis Cobb Associates, Inc. is a Georgia corporation,

d/b/a Patient Accounts Bureau ("PAB"), that acts as a debt collector, as defined by

§ 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the

telephone to collect, or attempt to collect, directly or indirectly, defaulted

consumer debts that it did not originate. PAB operates a defaulted debt collection

business and attempts to collect debts from consumers in many states, including

consumers in the State of Georgia.

5.      In fact, Defendant PAB was acting as a debt collector, as that term is

defined in the FDCPA, as to the defaulted consumer debts it attempted to collect

from Plaintiff.

6.      Defendant PAB resides and conducts business in Georgia.

7.      Defendant PAB maintains a registered agent in Georgia, see, records

from the Georgia Secretary of State, attached as Exhibit A.

**FACTUAL ALLEGATIONS**

8.      Ms. Whitley is a disabled woman with limited assets and income, who
fell behind on paying her bills, including debts she allegedly owed to Piedmont
Hospital ("Piedmont"). At some point in time after these debts went into default,
Defendant began trying to collect these debts from Ms. Whitley by calling her and
leaving her a voicemail message on November 11, 2022, regarding payment of the
debts. A screenshot of a transcription of this voicemail message is attached as
Exhibit <u>B</u>.

9.      Accordingly, Ms. Whitley reached out to her legal aid attorneys at
Legal Advocates for Seniors and People with Disabilities ("LASPD"), and on
November 15, 2022, one of Ms. Whitley's legal aid attorneys informed Defendant
in writing that Ms. Whitley was represented by counsel, that she disputed the debts
that Defendant was trying to collect and directed it to cease contacting her, and to
cease all further collection activities regarding the Piedmont debts because Ms.
Whitley was forced, by her financial circumstances, to refuse to pay her unsecured
debts. A copy of this letter and fax confirmation are attached as Exhibit <u>C</u>.

10.      Nonetheless, Defendant then attempted to collect the debts in early
April, 2023, by sending collection letters, directly to Ms. Whitley, demanding

payment of the Piedmont Hospital debts. Copies of these letters are attached as Group Exhibit D.

11.     Accordingly, on April 13, 2023, Ms. Whitley's legal aid attorneys had to yet again tell Defendant that they represented Ms. Whitley, that she refused to pay the debts, and that Defendant should cease communications. A copy of this letter and fax confirmation are attached as Exhibit E.

12.     Defendant's continued direct collection actions invaded Plaintiff's right to counsel, and was a direct invasion of Ms. Whitley's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021); Lupia v. Medicredit, Inc., 8 F.4th 1184, 1191-92 (10th Cir. 2021); and Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

13.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**ARTICLE III STANDING**

14.     In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies,

to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

<u>See</u>, 15 U.S.C. §1692(a) (Abusive Practices) (emphasis added).

15.     To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", <u>see</u>, 15 U.S.C. § 1692c(c).

16.     Defendant's collection actions alarmed, confused and emotionally distressed Ms. Whitley, invaded her right to privacy, caused her to act to her detriment, and cost her time and out-of-pocket expenses to stop Defendant's actions, <u>see</u>, <u>Walters v. Fast AC, LLC</u>, 60 F.4th 642, 649 (11th Cir. 2023)

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Plaintiff's legal aid attorneys to Defendant told Defendant to cease communications and cease collections (Exhibit B).  By continuing to communicate with Plaintiff regarding payment of this debt, Defendant violated § 1692c(c) of the FDCPA.

20.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23.     Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts because her attorneys had

given notice, in writing, directly to Defendant, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff the collection letters (Group Exhibit D), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

24.    Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of The Fair Business Practices Act

25.    Plaintiff adopts and realleges ¶¶ 1-16.

26.    The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state", see, OCGA § 10-1-391(a).

27.    A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457 (2007). Gilmore v. Account Management, Inc., 357 Fed.Appx. 218 (11th Cir. 2009).

28.    Defendant's acts violated the FBPA.

29.    Defendant's acts in violation of the FDCPA and FBPA were intentional.

30.     Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages and exemplary damages.

31.     Pursuant to the FBPA, Plaintiff is entitled to an award against Defendant for reasonable attorneys' fees and expenses of litigation.

## PRAYER FOR RELIEF

Plaintiff, Lorna Whitley, prays that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA and FBPA.

2.     Enter judgment in favor of Plaintiff Whitley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

3.     Enter judgment in favor of Plaintiff Whitley, and against Defendant, for treble and exemplary damages, costs, and reasonable attorneys' fees as provided by the FBPA; and,

4.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lorna Whitley, demands trial by jury.

Respectfully submitted, this 6th day of June, 2023

By: s/ Steven H. Koval
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff

8

The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center
Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (fax)
steve@kovalfirm.com

By: s/ David J. Philipps
David J. Philipps
(Ill. Bar No. 06196285)
(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B).  The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

This 6th day of June, 2023.

By: s/ Steven H. Koval
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center
Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (fax)
steve@kovalfirm.com