# EXHIBIT "A"

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03369-S6**
5/17/2023 1:50 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Takeiska Randolph c/o Jensen Law, LLC**

**6111 Peachtree Dunwoody Rd. Ste. G201**

**Atlanta, GA 30328**

CIVIL ACTION NUMBER: 23-C-03369-S6

PLAINTIFF

VS.

(Family Dollar Stores of Georgia, LLC) c/o

**Corp. Service Co. 2 Sun Court**

**Suite 400, Peachtree Corners, GA 30092**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric L. Jensen
Jensen Law, LLC
6111 Peachtree Dunwoody Rd. Ste. G201
Atlanta, GA 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

17th day of May, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03369-S6**

5/17/2023 1:50 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Takeiska Randolph c/o Jensen Law, LLC

6111 Peachtree Dunwoody Rd. Ste. G201

**Atlanta, GA 30328**

CIVIL ACTION NUMBER: 23-C-03369-S6

PLAINTIFF

VS.

Dollar Tree Stores Inc. c/o

Corp. Service Co. 2 Sun Court

Suite 400, Peachtree Corners, GA 30092

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric L. Jensen
Jensen Law, LLC
6111 Peachtree Dunwoody Rd. Ste. G201
Atlanta, GA 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

17th day of May, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03369-S6**
5/17/2023 1:50 PM
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TAKEISKA RANDOLPH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAMILY DOLLAR STORES OF )<br>GEORGIA, LLC., )<br>DOLLAR TREE STORES, INC., )<br>AND JOHN DOES 1-3, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE NO.   23-C-03369-S6 |

## COMPLAINT

COMES NOW Plaintiff, Takeiska Randolph, files her Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Defendant Family Dollar Stores of Georgia, LLC ("Family Dollar") is a domestic corporation existing under the laws of Georgia with its principal place of business in North Carolina. Defendant Family Dollar is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Family Dollar is subject to the jurisdiction of this Court. Venue is proper.

2.

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a foreign corporation existing under the laws of Virginia with its principal place of business in Virginia. Defendant Dollar Tree is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400,

Peachtree Corners, Georgia 30092. Upon information and belief, Family Dollar is a subsidiary of Dollar Tree Stores, Inc. Dollar Tree is subject to the jurisdiction of this Court. Venue is proper.

3.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

4.

Venue is proper in this Court pursuant to O.C.G.A. §14-2-510(b)(3).

5.

On May 22, 2022, Plaintiff was an invitee at the Family Dollar store located at 425 Sigman Road, Northwest, Conyers, Georgia 30012.

6.

On May 22, 2022, Plaintiff walked through an aisle in the subject store when suddenly she slipped and fell forward.

7.

Upon information and belief, Plaintiff slipped on organic material located on the ground in the subject aisle.

8.

Plaintiff was not aware of the organic material on the floor and there were no signs to warn her of the hazardous condition.

9.

Family Dollar, Dollar Tree, and/or Does knew a hazardous condition existed on the common areas and aisles and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

10.

There were no signs or other warnings in the area where Plaintiff fell of the hazardous condition that existed at the time of her fall.

11.

As a result of Plaintiff's fall, she suffered serious injuries.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the area where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## **COUNT I: PREMISES LIABILITY**

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the fall.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

17.

Defendants failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

17.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

19.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Lost wages;

    d.    Mental anguish; and

  e.  Diminished quality of life.

20.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Piedmont Rockdale Hospital | $ 3,331.40 |
|---|---|
| Walker Lake Emergency Group | $ 1,465.00 |
| Summit Radiology Services | $ 80.00 |
| Brown Arrowhead Clinic | $ 7,175.00 |
| Atlanta Pain Clinic | $ 28,000.00 |
| Elite Radiology | $ 3,900.00 |
| Spectrum Health | $ 14,033.97 |
| Lost Wages | $ TBD |
| TOTAL SPECIAL DAMAGES | $ 57,985.37 |

21.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$57,985.37**, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

<b><u>COUNT II: VICARIOUS LIABILITY</u></b>

22.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

23.

At all times relevant to this action, John Does and/or employed individuals of Family Dollar and/or Dollar Tree (collectively referred to as "Agents"), were responsible for inspecting and maintaining the area where Plaintiff fell.

24.

Defendants Family Dollar and/or Dollar Tree are responsible for the conduct of the Agents under the doctrines of *respondeat superior*, agency or apparent agency.

25.

The Agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

26.

The Agents failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

27.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

28.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants, to compensate her for the following elements of damage:

    f.    Medical expense;

a. Pain and suffering;

b. Lost wages;

c. Mental anguish; and

d. Diminished quality of life.

29.

As a proximate result of the Agents' negligence, Plaintiff suffered special damages no less than as follows:

| Piedmont Rockdale Hospital | $ 3,331.40 |
| Walker Lake Emergency Group | $ 1,465.00 |
| Summit Radiology Services | $ 80.00 |
| Brown Arrowhead Clinic | $ 7,175.00 |
| Atlanta Pain Clinic | $ 28,000.00 |
| Elite Radiology | $ 3,900.00 |
| Spectrum Health | $ 14,033.97 |
| Lost wages | $ TBD |
| **TOTAL SPECIAL DAMAGES** | $ 57,985.37 |

30.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$57,985.37**, for general damages, for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## **COUNT III: NEGLIGENT TRAINING & SUPERVISION**

31.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

32.

Family Dollar and/or Dollar Tree are required to adopt policies and procedures to ensure that appropriate inspections, cleaning and maintenance were performed on the premises.

33.

Family Dollar and/or Dollar Tree are required to train their Agents concerning safety procedures for inspecting, repairing and maintaining the premises.

34.

Family Dollar and/or Dollar Tree are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

35.

Family Dollar and/or Dollar Tree are negligent for failing to train their Agents concerning safety procedures for inspecting and maintaining the premises.

36.

Family Dollar and/or Dollar Tree were negligent in the training and supervising of their Agents.

37.

As a result of Defendants' negligence, Plaintiff was injured.

38.

As a result of Defendants' negligence in training and supervising its Agents, Plaintiff was injured.

39.

As a direct and proximate result of Defendants' negligent hiring and supervision, Plaintiff is entitled to monetary damages from Defendants' to compensate her for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Lost wages;

    d.    Mental anguish; and

    e.    Diminished quality of life.

40.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| **Piedmont Rockdale Hospital** | $ 3,331.40 |
| **Walker Lake Emergency Group** | $ 1,465.00 |
| **Summit Radiology Services** | $ 80.00 |
| **Brown Arrowhead Clinic** | $ 7,175.00 |
| **Atlanta Pain Clinic** | $ 28,000.00 |
| **Elite Radiology** | $ 3,900.00 |
| **Spectrum Health** | $ 14,033.97 |
| **Lost Wages** | $ TBD |
| **TOTAL SPECIAL DAMAGES** | $ 57,985.37 |

9

41.

Defendants have been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$57,985.37**, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

This the 16th day of May, 2023.

/s/ *Eric L. Jensen*
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Patrick A. Berkshire
Georgia Bar No.: 296204
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110