# EXHIBIT "B"



# KANNER & PINTALUGA

February 27, 2023

Sedgwick CMS
Attn: Family Dollar Claims
Po Box 14451
Lexington, KY 40512

<u>**Sent via Certified U.S. Mail #9489 0090 0027 6445 3597 09—Return Receipt Requested & Fax to 770-901-3310**</u>

    RE:    Our Client/s    : Takeska Randolph
            Location of Incident : 425 Sigman Rd Nw, Conyers, Ga 30012
            Date of Incident : 05/22/2022
            Claim              : **4A2205Q7K98-0001**

To Whom It May Concern:

Please be advised that our client, Takeska Randolph, sustained very serious, life-altering injuries as a result of the above-referenced incident, for which there is no question as to liability on the part of Family Dollar, whose employees failed to exercise due care in allowing dog feces to be present on the floor where patrons, such as our client, traversed. As a direct result of your employees' negligence, our client slipped on said dog feces, falling on her face and causing her serious injuries. *See e.g. Rothberg v. Bradley*, 85 Ga. App. 477, 480 (Ga. Ct. App. 1952); *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507 (1923); *Tybee Amusement Co v. Odum*, 51 Ga. App. 1 (1935). Also be advised that we have received medical records pertaining to the above referenced client, thus we are hereby forwarding the enclosed for your review and to be included in your evaluation.

After the fall, Takeiska presented to the Piedmont Rockdale Hospital of Augusts for emergency medical attention to her neck, back, extremities, and other issues. She then spent a number of hours in the hospital, undergoing a litany of diagnostic tests and treatment procedures, thereby incurring significant medical costs, before being discharged with prescription medications and instructions regarding follow-up care. After she was released from the emergency room, continued pain and discomfort prompted Takeiska to embark upon an extended course of regular physical therapy and medical care. Subsequent MRI testing revealed that she sustained ***herniated and disrupted discs in her cervical and lumbar spine***, thus necessitating her being referred for more advanced medical supervision. Thereafter, Takeiska came under the care of a pain management specialist M.D., who prescribed additional medications, recommended and administered ***several sets of cervical epidural steroid injections***. As such, the necessity for more aggressive intervention such as additional injections and/or surgical correction has not yet been ruled out. In light of Takeiska's severe injuries, she may be forced to endure the pain and suffering inflicted upon her

February 27, 2023
2

through your insured's negligence, along with the exorbitant medical costs for treatment thereof, for many years to come.

Should you wish to attempt to resolve this matter short of litigation, please note that we are hereby extending to you the opportunity to resolve Takeiska's claim for the sum of **$1,000,000.00**. Upon your review of the enclosed, we are confident you will agree that our offer to settle this case for the sum of $1,000,000.00 is easily justified, and you will thus promptly tender said sum to our office, located at 201 Peachtree Street N.E., Suite 200, Atlanta, GA 30303, within thirty (30) days of receiving this letter. Please do not hesitate to contact the undersigned if you have any additional questions or concerns.

Also, please be aware that pursuant to the "Unliquidated Damages Interest Act," set forth in O.C.G.A. § 51-12-14, if the Defendant fails to make payment on this amount within thirty (30) days from the mailing of this notice, my client shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed. The interest provided by § 51-12-14 shall be at the prime rate set on the date listed above plus three percent (3%) interest, and shall begin to run from the thirtieth (30th) day following the date of the mailing of this written notice through the date of judgment. This demand is made pursuant to O.C.G.A. § 51-12-14 which allows for interest in the amount of twelve percent (12%) per annum when a demand for unliquidated damages is made by certified mail and when such demand is not paid within thirty (30) days from the date of mailing the notice, and when upon trial a judgment is made for an amount not less than that demanded.

Thank you for your anticipated cooperation.

Sincerely,

Gabriella S. Barr, Esq.