# EXHIBIT "C"

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03369-S6**

**6/6/2023 12:55 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TAKEISKA RANDOLPH, | |
| Plaintiff, | Civil Action<br>File No.:    23-C-03369-S6 |
| v. | |
| FAMILY DOLLAR STORES OF GEORGIA,<br>LLC., DOLLAR TREE STORES, INC.,<br>AND JOHN DOES 1-3, | |
| Defendant. | |

## FAMILY DOLLAR STORES OF GEORGIA DEFENSES AND ANSWER

COMES NOW Defendant, Family Dollar Stores of Georgia, LLC., (hereinafter, "Family Dollar") by and through its undersigned counsel of record, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant, Family Dollar, responds to the individual paragraphs of Plaintiff's Complaint as follows:

1.

Family admits it may be served with process through its registered agent, Corporation Service Company, at   2 Sun Court, Suite 400, Peachtree Corners, GA, 30092. Family Dollar denies any remaining allegations contained in Paragraph 1 of plaintiff's complaint for damages.

2.

Family Dollar denies that it is a subsidiary of Dollar Tree Stores, Inc. Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

3.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

Family Dollar admits that Gwinnett County is one possible venue for this case. Defendant denies as plead any remaining allegations contained in Paragraph 4.

5.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

6.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

8.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

Family Dollar denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

12.

Family Dollar denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Family Dollar denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

## COUNT 1: PREMISE LIABILITY

### 14.

Family Dollar incorporates responses 1 through 13 of Plaintiff's complaint for damages.

### 15.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

### 16.

Family Dollar admits it owed certain duties to customers under Georgia law. Defendant denies it breached any duty owed to Plaintiff and it denies as pled any remaining allegation contained in Paragraph 16.

### 17.

Family Dollar denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

### 17. [sic.]

Family Dollar denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

### 18.

Family Dollar denies as pled the allegations contained in Paragraph 18 of the Complaint.

19.

Family Dollar denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Family Dollar denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Family Dollar denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

<u>COUNT TWO: VICARIOUS LIABILITY</u>

22.

Family Dollar incorporates responses 1 through 21 of Plaintiff's complaint for damages.

23.

Family Dollar denies as pled the allegations contained in Paragraph 23 of the Complaint.

24.

Family Dollar denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

26.

Family Dollar denies the allegations contained in paragraph 26 of Plaintiff's Complaint

27.

Family Dollar denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Family Dollar denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Family Dollar denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Family Dollar denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

<u>COUNT THREE: NEGLIGENT TRAINING AND SUPERVISION</u>

31.

Family Dollar incorporates responses 1 through 30 of Plaintiff's Complaint for Damages.

32.

Family Dollar denies, as pled, the allegations contained in paragraph 32 of Plaintiff's Complaint for Damages.

33.

Family Dollar denies, as pled, the allegations contained in paragraph 33 of Plaintiff's Complaint for Damages.

34.

Family Dollar denies the allegations contained in paragraph 34 of Plaintiff's Complaint for Damages.

35.

Family Dollar denies the allegations contained in paragraph 35 of Plaintiff's Complaint for Damages.

36.

Family Dollar denies the allegations contained in paragraph 36 of Plaintiff's Complaint for Damages.

37.

Family Dollar denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

Family Dollar denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

Family Dollar denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

Family Dollar denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

Family Dollar denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

Family Dollar denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause of Plaintiff's Complaint.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

## THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

## SIXTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

<u>EIGHTH DEFENSE</u>

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, Orndorff v. Brown, 197 Ga. App. 591 (1990).

<u>DEMAND FOR JURY TRIAL BY TWELVE (12)</u>

Defendant, demands that the above-captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 6th day of June, 2023.

<div style="margin-left: 3em;">

Goodman McGuffey LLP
Attorneys for Family Dollar Stores of Georgia, LLC and
Dollar Tree Stores, Inc.


By:      <u>/s/James T. Hankins, III</u>
James T. Hankins, III
GA State Bar No.:  188771
jhankins@GM-LLP.com
Avril P. Calhoun
GA State Bar No.:  574812
ACalhoun@GM-LLP.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

</div>

DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TAKEISKA RANDOLPH, | |
| Plaintiff, | Civil Action |
| | File No.:      23-C-03369-S6 |
| v. | |
| FAMILY DOLLAR STORES OF GEORGIA, LLC., DOLLAR TREE STORES, INC., AND JOHN DOES 1-3, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of DEFENSES AND ANSWER OF FAMILY DOLLAR STORES OF GEORGIA, LLC by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Eric L. Jensen, Esq.
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

Allen Hoffman, Esq.
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

Patrick A. Berkshire
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

This 6th day of June, 2023.

By:    _/s/James T. Hankins, III_

James T. Hankins, III
GA State Bar No.:  188771
jhankins@GM-LLP.com
Avril P. Calhoun
GA State Bar No.  574812
ACalhoun@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TAKEISKA RANDOLPH,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, LLC., DOLLAR TREE STORES, INC., AND JOHN DOES 1-3,<br><br>    Defendant. | Civil Action<br>File No.:    23-C-03369-S6 |

**FAMILY DOLLAR STORES OF GEORGIA DEFENSES AND ANSWER**

COMES NOW Defendant, Family Dollar Stores of Georgia, LLC., (hereinafter, "Family Dollar") by and through its undersigned counsel of record, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

<u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

<u>SECOND DEFENSE</u>

Defendant, Family Dollar, responds to the individual paragraphs of Plaintiff's Complaint as follows:

1.

Family admits it may be served with process through its registered agent, Corporation Service Company, at  2 Sun Court, Suite 400, Peachtree Corners, GA, 30092. Family Dollar denies any remaining allegations contained in Paragraph 1 of plaintiff's complaint for damages.

2.

Family Dollar denies that it is a subsidiary of Dollar Tree Stores, Inc. Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

3.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

Family Dollar admits that Gwinnett County is one possible venue for this case. Defendant denies as plead any remaining allegations contained in Paragraph 4.

5.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

6.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

8.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

Family Dollar denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

12.

Family Dollar denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Family Dollar denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

## COUNT 1: PREMISE LIABILITY

14.

Family Dollar incorporates responses 1 through 13 of Plaintiff's complaint for damages.

15.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

16.

Family Dollar admits it owed certain duties to customers under Georgia law. Defendant denies it breached any duty owed to Plaintiff and it denies as pled any remaining allegation contained in Paragraph 16.

17.

Family Dollar denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

17. [sic.]

Family Dollar denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Family Dollar denies as pled the allegations contained in Paragraph 18 of the Complaint.

19.

Family Dollar denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Family Dollar denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Family Dollar denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

## COUNT TWO: VICARIOUS LIABILITY

22.

Family Dollar incorporates responses 1 through 21 of Plaintiff's complaint for damages.

23.

Family Dollar denies as pled the allegations contained in Paragraph 23 of the Complaint.

24.

Family Dollar denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Family Dollar is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

26.

Family Dollar denies the allegations contained in paragraph 26 of Plaintiff's Complaint

27.

Family Dollar denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Family Dollar denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Family Dollar denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Family Dollar denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

<u>COUNT THREE: NEGLIGENT TRAINING AND SUPERVISION</u>

31.

Family Dollar incorporates responses 1 through 30 of Plaintiff's Complaint for Damages.

32.

Family Dollar denies, as pled, the allegations contained in paragraph 32 of Plaintiff's Complaint for Damages.

33.

Family Dollar denies, as pled, the allegations contained in paragraph 33 of Plaintiff's Complaint for Damages.

34.

Family Dollar denies the allegations contained in paragraph 34 of Plaintiff's Complaint for Damages.

35.

Family Dollar denies the allegations contained in paragraph 35 of Plaintiff's Complaint for Damages.

36.

Family Dollar denies the allegations contained in paragraph 36 of Plaintiff's Complaint for Damages.

37.

Family Dollar denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

Family Dollar denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

Family Dollar denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

Family Dollar denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

Family Dollar denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

Family Dollar denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause of Plaintiff's Complaint.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

## THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

## SIXTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

<u>EIGHTH DEFENSE</u>

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, Orndorff v. Brown, 197 Ga. App. 591 (1990).

<u>DEMAND FOR JURY TRIAL BY TWELVE (12)</u>

Defendant, demands that the above-captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 6th day of June, 2023.

> Goodman McGuffey LLP
> Attorneys for Family Dollar Stores of Georgia, LLC and
> Dollar Tree Stores, Inc.
>
>
> By:     _/s/James T. Hankins, III_____
> James T. Hankins, III
> GA State Bar No.:  188771
> jhankins@GM-LLP.com
> Avril P. Calhoun
> GA State Bar No.:  574812
> ACalhoun@GM-LLP.com
> 3340 Peachtree Road NE, Suite 2100
> Atlanta, GA 30326-1084
> (404) 264-1500 Phone
> (404) 264-1737 Fax

DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TAKEISKA RANDOLPH, | |
|     Plaintiff, | Civil Action |
| | File No.:    23-C-03369-S6 |
| v. | |
| FAMILY DOLLAR STORES OF GEORGIA, LLC., DOLLAR TREE STORES, INC., AND JOHN DOES 1-3, | |
|     Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of DEFENSES AND ANSWER OF FAMILY DOLLAR STORES OF GEORGIA, LLC by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Eric L. Jensen, Esq.
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

Allen Hoffman, Esq.
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

Patrick A. Berkshire
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G - Suite 201
Atlanta, GA 30328

This 6th day of June, 2023.

By:     _/s/James T. Hankins, III_____
        James T. Hankins, III
        GA State Bar No.:  188771
        jhankins@GM-LLP.com
        Avril P. Calhoun
        GA State Bar No.  574812
        ACalhoun@GM-LLP.com
        Goodman McGuffey LLP
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax