IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **JOSHUA C. RICH** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.:** |
| vs. ) | _____ |
| ) | |
| **MILBANK INSURANCE COMPANY,** ) | |
| a foreign insurance company, ) | |
| ) | |
| **Defendant** ) | |

_____

**DEFENDANT MILBANK INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
& DEMAND FOR JURY TRIAL**

COMES NOW Defendant, Milbank Insurance Company ("Milbank" or "Defendant"), by and through its undersigned counsel, within the time limits allowed by law, without waiver of any affirmative defenses raised herein, and timely states its Answer to Plaintiff Milbank Insurance Company's ("Plaintiff") Complaint (the "Complaint").

Milbank responds to the individually numbered paragraphs of the Complaint as follows:

**PARTIES**

1.

Milbank is without knowledge or information sufficient to form a belief as to

1

the truth of the allegations contained in Paragraph 1 of the Complaint and such allegations are deemed denied.

2.

In responding to the allegations contained in Paragraph 2 of the Complaint, Milbank admits only that Milbank Insurance Company is a foreign insurance company with its principal place of business in Columbus, Ohio, and that it is registered to do business in the State of Georgia. Milbank further admits only that it that it may be served with summons and complaint by service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, which is located in Gwinnett County. Milbank denies the remaining allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.

Milbank admits the allegations contained in Paragraph 3 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Gainesville Division.

4.

Milbank admits the allegations contained in Paragraph 4 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett

County to the United States District Court for the Northern District of Georgia, Gainesville Division.

5.

Milbank admits the allegations contained in Paragraph 5 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Gainesville Division.

**THE POLICY**

6.

In responding to the allegations contained in Paragraph 6 of the Complaint, Milbank admits only that Milbank Insurance Company issued homeowner's insurance policy number 1001123940 to named insured Joshua C. Rich for property located at 135 Scarlett Oak Lane, Dawsonville, Georgia 30534 (the "Property"), with a policy period from March 31, 2021 to March 31, 2022 which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Milbank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and therefore, they are denied.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, Milbank admits only that the Policy which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein. Milbank denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

In responding to the allegations contained in Paragraph 8 of the Complaint, Milbank admits only that the Policy which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein. Milbank denies the remaining allegations contained in Paragraph 8 of the Complaint.

## **HAIL DAMAGE TO THE INSURED PROPERTY**

9.

In responding to the allegations contained in Paragraph 9 of the Complaint, Milbank admits only that Plaintiff made a claim that on or about April 24, 2021, hail caused direct physical loss to the roof of Plaintiff's home and Plaintiff had a Policy in effect with Milbank as of the purported April 24, 2021 date of loss which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein. Milbank denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

In responding to the allegations contained in Paragraph 10 of the Complaint, Milbank admits only that Plaintiff made his claim for the purported April 24, 2021 loss on April 28, 2021 and Milbank assigned claim number PR-0000000-361941 to the claim. Milbank denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Milbank denies the allegations contained in Paragraph 11 of the Complaint.

12.

Milbank denies the allegations contained in Paragraph 12 of the Complaint.

13.

Milbank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and such allegations are deemed denied.

14.

Milbank admits the allegations contained in Paragraph 14 of the Complaint.

15.

Milbank denies the allegations contained in Paragraph 15 of the Complaint.

16.

Milbank denies the allegations contained in Paragraph 16 of the Complaint.

17.

Milbank denies the allegations contained in Paragraph 17 of the Complaint.

18.

Milbank denies the allegations contained in Paragraph 18 of the Complaint.

19.

In responding to the allegations contained in Paragraph 19 of the Complaint, Milbank denies that a genuine, justifiable controversy exists between Plaintiff and Milbank. Milbank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and such allegations are deemed denied.

20.

Milbank denies the allegations contained in Paragraph 20 of the Complaint.

## **COUNT 1 – BREACH OF CONTRACT**

21.

Milbank incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully stated herein.

22.

Milbank denies the allegations contained in Paragraph 22 of the Complaint.

23.

In responding to the allegations contained in Paragraph 23 of the Complaint,

Milbank admits only that it must adhere to the Policy in effect in accord with the terms, conditions, limitations and exclusions contained therein. Milbank denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.

Milbank denies the allegations contained in Paragraph 24 of the Complaint.

25.

Milbank denies the allegations contained in Paragraph 25 of the Complaint.

26.

Milbank denies the allegations contained in Paragraph 26 of the Complaint.

27.

Milbank denies the allegations contained in Paragraph 27 of the Complaint.

28.

Milbank denies the allegations contained in Paragraph 28 of the Complaint.

29.

Milbank denies the allegations contained in Paragraph 29 of the Complaint.

30.

In responding to the allegations contained Paragraph 30 of the Complaint, the final "WHEREFORE" paragraph of Plaintiff's Breach of Contract section of the Complaint, Milbank states that said paragraph, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary.

To the extent a response may be deemed necessary, Milbank denies any factual allegations purportedly contained in said paragraph, and denies that Plaintiff is entitled to any of the relief requested.

## **COUNT II – BAD FAITH**

31.

Milbank incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 30 of the Complaint as if fully stated herein.

32.

Milbank denies the allegations contained in Paragraph 32 of the Complaint.

33.

Milbank denies the allegations contained in Paragraph 33, including subparagraphs (1) – (8) of the Complaint.

34.

Milbank denies the allegations contained in Paragraph 34 of the Complaint.

35.

Milbank denies the allegations contained in Paragraph 35 of the Complaint.

36.

Milbank denies the allegations contained in Paragraph 36 of the Complaint.

37.

Milbank denies the allegations contained in Paragraph 37 of the Complaint.

38.

Milbank denies the allegations contained in Paragraph 38 of the Complaint.

39.

Milbank denies the allegations contained in Paragraph 39 of the Complaint.

40.

Milbank denies the allegations contained in Paragraph 40 of the Complaint.

41.

Milbank denies the allegations contained in Paragraph 41 of the Complaint.

## **COUNT III – ATTORNEY FEES**

42.

Milbank incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully stated herein.

43.

Milbank denies the allegations contained in Paragraph 43 of the Complaint.

44.

Milbank denies the allegations contained in Paragraph 44 of the Complaint.

## DEMAND FOR JURY TRIAL

45.

Defendant admits the request for a trial by jury in Paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

46.

In responding to the allegations contained Paragraph 46 of the Complaint, the final "WHEREFORE" paragraph, Milbank states that said paragraph, including all sub paragraphs (a) – (i) contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, Milbank denies any factual allegations purportedly contained in said paragraph, and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to the Plaintiff's Complaint, and without prejudice to the denials or other averments contained therein, Milbank asserts the following Affirmative Defenses Pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Milbank denies all matters and things alleged in Plaintiff's Complaint unless specifically admitted herein.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Milbank upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

## FOURTH DEFENSE

Milbank, while denying all liability to Plaintiff, should be permitted a set-off for amounts which it has previously paid to the Insured.

## FIFTH DEFENSE

Plaintiff has not sustained damage of the nature, and to the extent, claimed in the Complaint, and Plaintiff is precluded from the recovery he seeks.

## SIXTH DEFENSE

Plaintiff's claims for extra-contractual damages, and for attorney's fees and costs pursuant to O.C.G.A. §§13-6-11 and 9-15-14 are barred because O.C.G.A. § 33-4-6 provides the exclusive remedy for extra-contractual claims against a first party property insurer.

## SEVENTH DEFENSE

Plaintiff's claims for penalties and attorney's fees against Milbank pursuant to O.C.G.A. § 33-4-6 are barred as a matter of law because Milbank's actions were not, as a matter of law, unreasonable, frivolous, unfounded, or in bad faith.

## EIGHTH DEFENSE

Plaintiffs' claim for attorney's fees and expenses of litigation against Milbank pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14 are barred because Milbank's actions were not unreasonable, frivolous, unfounded, stubbornly litigious or in bad faith as a matter of law.

## NINTH DEFENSE

The relief requested by Plaintiffs is barred because no action or omission by Milbank caused Plaintiff's injury or damage.

## TENTH DEFENSE

The Policy issued by Milbank Insurance Company to Joshua Rich, at pages 9 - 13 of 24 of Homeowners 3 - Special Form HO 00 03 05 11, provides, in pertinent part:

> **SECTION I – PERILS INSURED AGAINST**
> **A. Coverage A – Dwelling And Coverage B –**
> **Other Structures**
> **1.** We insure against direct physical loss to property described in Coverages **A** and **B**.
> **2.** We do not insure, however, for loss:
> \*\*\*
>     **c.** Caused by:

\*\*\*

 **(6)** Any of the following:
  **(a)** Wear and tear, marring, deterioration;
  **(b)** Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;
  **(c)** Smog, rust or other corrosion, or dry rot;
  **(d)** Smoke from agricultural smudging or industrial operations;
  **(e)** Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage **C.**
  Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;
  **(f)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

\*\*\*

## SECTION I – EXCLUSIONS

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\*\*\*

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in

> > Coverages **A** and **B** not precluded by any other provision in this policy is covered.
>
> ***
>
> > **3.** Faulty, inadequate or defective:
> > **a.** Planning, zoning, development, surveying, siting;
> > **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> > **c.** Materials used in repair, construction, renovation or remodeling; or
> > **d.** Maintenance;
> > of part or all of any property whether on or off the "residence premises".

Part, if not all, of Plaintiff's claim seeks recovery for purported damage which is excluded from coverage due to wear and tear or deterioration of the roof; and/or is excluded from coverage as a result of neglect; and/or is excluded from coverage as a result of weather that contributes in any way with a cause or event excluded in this section to produce a loss; and/or is excluded from coverage due to faulty, inadequate or defective workmanship, repair, construction, renovation, remodeling; and/or is excluded from coverage as a result of faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; and/or is due to faulty, inadequate or defective maintenance.

## **ELEVENTH DEFENSE**

The Policy issued by Milbank Insurance Company to Joshua Rich, at pages 16 of 24 of Homeowners 3 - Special Form HO 00 03 05 11, provides, in pertinent part:

> **L. Mortgage Clause**
> **1.** If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage to the dwelling beyond that measured by , and which is compensable under the Policy, which is explicitly denied, any amount owed to Plaintiffs pursuant to the Policy for damage to the dwelling, which amounts are denied, must be paid in accord with the foregoing Policy provisions.

## TWELFTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims or damages with sufficient particularity to enable Milbank to determine all its legal, contractual and equitable rights, Milbank reserves the right to amend or supplement the averments of its Answer to assert any and all other defenses as may be ascertained through further investigation and discovery.

**WHEREFORE**, Milbank respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 7th day of June 2023.

                ISENBERG & HEWITT, P.C.

                /s/ Hilary W. Hunter
                Hilary W. Hunter
                Georgia Bar No. 742696
                600 Embassy Row, Suite 150
                Atlanta, GA  30328
                (770) 351-4400 (O)
                hilary@isenberg-hewitt.com
                **Attorney for Defendant**
                **Milbank Insurance Company**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| **JOSHUA C. RICH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| vs. | ) | _____ |
| | ) | |
| **MILBANK INSURANCE COMPANY,** | ) | |
| a foreign insurance company, | ) | |
| | ) | |
| **Defendant** | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed Defendant Milbank Insurance Company's Answer To Plaintiff's Complaint and Demand for Jury Trial with the Clerk of Court via PACER, which will send automatic notification of such filing to all parties to this matter as follows:

> William L. Flournoy
> Hair Shunnarah Trial Attorneys, LLC
> wflournoy@hstalaw.com

This 7th day of June 2023.


                                             ISENBERG & HEWITT, P.C.

                                             /s/ Hilary W. Hunter
                                             Hilary W. Hunter
                                             Georgia Bar No. 742696
                                             600 Embassy Row, Suite 150
                                             Atlanta, GA  30328

(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Milbank Insurance Company**