# EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03284-S5**

**5/12/2023 12:07 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JEREMY E. PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 23-C-03284-S5 |
| | ) | |
| **v.** | ) | **Civil File No: _____** |
| | ) | |
| **SCHWAN'S BAKERY, INC.; JOHN** | ) | |
| **DOE(S) 1-5; ABC CORPORATION(S)** | ) | |
| **1-5,** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW Plaintiff, Jeremy E. Phillips, in the above-styled action and shows this Honorable Court the following facts and circumstances in support of this Complaint.

1.

Defendant **SCHWAN'S BAKERY, INC.** (hereinafter referred to as "Defendant Schwan") is a Foreign Profit Corporation doing business for profit in the state of Georgia. Defendant Schwan can be served with a Summons and Complaint, Plaintiff's Interrogatories to Defendant Schwan and Plaintiff's Requests for Production to Defendant Schwan and Notice to Produce through its Registered Agent, C T Corporation System, locate at 1201 Peachtree Street Northeast, Atlanta, Georgia 30361.

2.

Defendants **JOHN DOE(S) 1-5** are unidentified and unknown at this time.

3.

Defendants **ABC CORPORATION(S) 1-5** are unidentified and unknown at this time.

4.

On or about June 21, 2022, Plaintiff was an invitee of Defendant Schwan located at 2900 Rolling Pin Lane in Suwanee, Georgia (hereinafter "Subject Premises").

5.

At all times relevant hereto, Plaintiff lawfully entered the Subject Premises for the purpose of performing contracted preventative maintenance.

6.

Unbeknownst to Plaintiff, the compressor unit and controls on the Subject Premises was old and outdated and should not have been in service.

7.

As a result of the dangerous conditions of the Subject Premises, Plaintiff was electrocuted and suffered serious life-altering injuries.

8.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

9.

Defendant Schwan negligently breached its non-delegable duty owed to invitees, including Plaintiff, to maintain a safe premises.

10.

Defendant Schwan had actual and/or constructive knowledge of the hazardous condition of the Subject Premises and equipment.

11.

Defendant Schwan breached its duty to warn the Plaintiff of the hazardous conditions of the Subject Premises by failing to tell him the equipment was dangerous.

12.

Defendant Schwan and its representatives', agents', and/or employees' negligence includes, but is not limited to, the following:

a)   Failing to properly install, control, maintain, and/or repair equipment on the Subject Premises to prevent dangerous conditions;

b)   Failing to properly inspect the Subject Premises;

c)   Failing to remove hazardous conditions from the Subject Premises;

d)   Failing to take adequate measures to protect invitees, including Plaintiff, from severe permanent injuries;

e)   Failing to warn invitees, including Plaintiff, of the dangerous conditions of the Subject Premises.

13.

At all times material hereto, the individuals responsible for inspecting and maintaining the Subject Premises were employed by Defendant Schwan and were acting within the line and scope of their employment.

14.

Defendant Schwan is responsible for the conduct of these individuals under the doctrine of *respondeat superior,* agency, or apparent agency.

15.

Plaintiff lacked knowledge of the hazardous and dangerous conditions of the Subject Premises despite his exercise of ordinary care.

16.

Defendant Schwan was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and maintenance were performed on the Subject

Premises, and in failing to train and supervise employees concerning safety procedures for inspecting and maintaining the Subject Premises.

17.

As a direct result of Defendant's negligent and/or wanton conduct, Plaintiff incurred objective injuries requiring extensive and ongoing treatment including surgery to treat his permanent injuries.

18.

Plaintiff has incurred treatment expenses and lost wages in an amount in excess of $100,000.00 as a result of this incident and continues to incur lost wages and medical expenses.

19.

Defendant's misconduct was willful, malicious, wanton, and/or shows that entire want of care of which would raise the presumption of conscious indifference to consequences thereby entitling the Plaintiff to recover punitive damages and reasonable attorneys' fees.

20.

Defendant is indebted to Plaintiff for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages, expenses of litigation, and all other damages allowable under Georgia law.

WHEREFORE, the Plaintiff having set forth the facts and circumstances in support of this cause of action, respectfully request that the following be GRANTED:

(a)      A trial by jury;

(b)      Compensatory damages in an amount to be determined at trial;

(c)      Punitive damages in an amount to be determined at trial;

(d)      Expenses of litigation, including reasonable attorney fees;

(e)      Such other relief as this Court may deem fair and reasonable.

This  12th  day of May 2023.

Respectfully submitted,

MONGE & ASSOCIATES

*/s/ J. Craig Lewis*

J. Craig Lewis
Georgia State Bar No. 450725
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, GA 30350
Phone: (770) 573-0368
Fax: (678) 579-0204
CraigL@monge.lawyer

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03284-S5**
**5/12/2023 12:07 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **JEREMY E. PHILLIPS,** | ) | |
| | ) | 23-C-03284-S5 |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil File No: _____** |
| | ) | |
| **SCHWAN'S BAKERY, INC.; JOHN** | ) | |
| **DOE(S) 1-5; ABC CORPORATION(S)** | ) | |
| **1-5,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND NOTICE TO PRODUCE

COMES NOW Plaintiff, Jeremy E. Phillips (hereinafter "Plaintiff"), and pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, serves these First Continuing Interrogatories and Requests for Production of Documents and Notice to Produce upon Defendant, Schwan's Bakery, Inc. (hereinafter "Defendant"), and requests that they be answered fully, in writing, and under oath, within the time prescribed by law.

These Interrogatories and Requests for Production shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendants' possession, custody, or control or of which the Defendants have knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)   The title or other means of identification of each such document;

(b)   The date of each such document;

(c)   The author of each such document;

(d)   The recipient or recipients of each such document, including but not limited to the Defendants or anyone who purports to represent Defendants;

(e)   The present location of any and all copies of each such document in the care, custody, or control of the Defendants.

(f)   The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)   If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and

to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      "Subject Premises" shall mean 2900 Rolling Pin Lane in Suwanee, Georgia where the incident referred to in Plaintiff's Complaint occurred.

8.      If any Interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

## INTERROGATORIES

### 1.

If Defendant has not been properly identified in the subject cause of action, please state the correct identity of the Defendant insofar as the legal designation of names is concerned.

### 2.

State whether the Defendant was incorporated at the time of this incident or organized as an LLC and if so, state the date of incorporation or organization, the state in which Defendant is incorporated or organized, the principal place of business, the principal business activity, and the full name, present address and position of the individual answering these interrogatories on behalf of Defendant.

### 3.

Please identify each and every person and/or company who owned, managed, or controlled the Subject Premises at the time of the occurrence referred to in Plaintiff's Complaint. If the ownership, control, and maintenance changed at any time since said occurrence, please identify

every subsequent person or entity.

4.

Please state whether Defendant has received any complaints or notices by any individual or entity of any nature regarding safety problems involving the equipment on the Subject Premises from five (5) years prior to the incident described in Plaintiff's Complaint to the present. If so, please state the substance, dates, and people involved in any such complaints or notice.

5.

In the five (5) years prior to the incident described in Plaintiff's Complaint to the present, have there been any complaints or incidents of injuries while attempting to use, maintain, inspect, and/or service equipment on the Subject Premises? If your answer is in the affirmative, for each such occurrence please state:

(a)     the nature of the occurrence;

(b)     the date of the occurrence;

(c)     the individuals involved;

(d)     how you became aware of the incident;

(e)     whether any legal suit arose out of it and the outcomes of such claims, if any; and

(f)     and what your company did to remedy the situation.

6.

In the five (5) years prior to the incident described in Plaintiff's Complaint to the present, has the Subject Premises in question had any complaints or incidents of violations of OSHA standards related to equipment as referenced in Plaintiff's Complaint? If your answer is in the affirmative, for each such occurrence please state:

(a)     the nature of the violation;

(b)     the date of the violation;

(c)     the individuals involved;

(d)     how you became aware of the violation;

(e)     was the violation reported to OSHA;

(e)     whether any legal suit arose out of it and the outcomes of such claims, if any; and what Defendant did as a result the violation.

7.

Please state what, if any, knowledge Defendant had within the five (5) years prior to the incident described in Plaintiff's Complaint to the present regarding the condition of the compressor unit and controls within the Subject Premises.

8.

Identify all available insurance policies, umbrella policies, indemnity agreements, and excess liability policies in force and effect on the date of the incident described in Plaintiff's Complaint which provided coverage to you, your employees, or otherwise apply to the subject incident by providing the insurer name, address, policy number, named insured, Defendant's relationship to named insured, and the amount of available coverage.

9.

State the names and addresses of any persons, employees, or witnesses on the Subject Premises within one hour prior to and one hour after the incident described in Plaintiff's Complaint.

10.

What, if anything, was done by Defendant in an attempt to remedy any problems posed by the subject compressor unit prior to and after the incident referenced in Plaintiff's Complaint?

11.

Please describe how the occurrence complained of in this action happened, giving the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

12.

Please state the names, addresses, telephone numbers and places of employment of all persons known to you, either from your investigation or from any investigation made on your behalf:

    (a)    who may have seen any part of the occurrence complained of, or who may have or claimed to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

    (b)    who have some knowledge regarding the facts or circumstances surrounding the happening of the incident complained of, including, but not limited to, medical witnesses and other persons having any knowledge thereof; and

    (c)    if any of the people listed above are employed by your company or friends or relatives of individuals who are employed by your company, please identify those relationships.

13.

Please identify specifically each and every statute, ordinance, regulation, rule, code, and/or industry standard of any kind which you, your expert or other witness will rely upon in support of any of your defenses in this lawsuit.

14.

Please state the names, residences, business addresses, and business telephone numbers, of all persons whom you expect to call or may call as expert witnesses at trial. With respect to each person, state:

    (a)    The specific subject matter on which you expect such expert to testify;

(b)      the substance of the facts, opinions and conclusions which you expect such expert to testify;

(c)      the grounds for each such opinion or conclusion;

(d)      whether any of such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement; and

(e)      the name, business telephone number and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

15.

As to each statement or report, written, recorded, or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same, and the present location of such statement or report or any copy hereof.

16.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, video recordings, surveillance, schematics, drawings, diagrams, measurements, reports, or other descriptions of the compressor unit and controls which forms the basis of Plaintiff's Complaint, the scene of the incident, the area, or the persons involved made either before, after, or at the time of the event in question, as to each such item, please identify or produce such documents(s) and state:

(a)      what each such item purports to show, illustrate or represent;

(b)      the date it was made or taken; and

(c)      the name and address of the person having custody of such item.

17.

Please state fully and completely the basis of each defense or denial, if any, which you allege in your Answer to Plaintiff's Complaint.

18.

Please list the names, addresses, telephone numbers, job titles, and job descriptions of every individual employed at Defendant's facility at the time of the incident described in Plaintiff's Complaint, whose responsibilities would include constructing, inspecting, or maintaining the compressor unit and controls at issue.

19.

Please list the names of all employees of the Defendant who held any position related to safety for the Subject Premises including equipment, employees, and visitors at the time of the incident described in Plaintiff's Complaint.

20.

Please identify Defendant's management level employees on the Subject Premises at the time of the incident described in Plaintiff's Complaint. For each such person please state the following:

(a)    each employee's name, address, and telephone phone number;

(b)    the management level of each employee;

(c)    whether each individual is currently employed by Defendant;

(d)    each individual's current employer if not employed by Defendant; and

(e)    the present work address and phone number.

21.

Please describe each and every warning that you claim was posted and/or provided to

Plaintiff regarding any danger associated with the Subject Premises and/or the compressor unit and controls at issue.

22.

Please identify any repairs or changes that were implemented or made to any equipment within the Subject Premises immediately following the incident described in Plaintiff's Complaint.

23.

Please identify all persons who have in any way investigated the incident described in Plaintiff's Complaint, whether each has made a written record of the investigation and state the substance or result of their investigation.

24.

Please list each act of negligence, contributory negligence, and/or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the subject occurrence and/or any of Plaintiff's injuries. (Note: Please supply any legal authority in support of these contentions.)

25.

Please identify with specificity all claims or complaints made against or to your business, either before or after the incident that is the subject matter of this litigation, including the date, time, and place of occurrence; the name, address, and telephone number of all parties involved in said incident; the address of all investigating people or departments; personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred; and whether suit was filed.

26.

State the substance of each conversation you had with Plaintiff at the time of or at any time

following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or his agents.

27.

If you deny that Plaintiff suffered injuries and damages in the incident which is the subject of this Complaint, state all facts support your denial that Plaintiff was injured and suffered damages.

28.

Please identify all potential parties, individuals, entities, or other persons that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

29.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this Defendant, that there has been any insufficiency of process of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

30.

If Defendant had concerns related to the operation, inspection, and/or maintenance of the compressor and controls before the date of the incident at issue, please identity all written documentation reflecting such concerns, all people involved in addressing, investigating, inspecting, or remediating the concerns, and all actions taken to correct any issues with the operation of the subject compressor unit and controls.

## **REQUESTS FOR PRODUCTION**

You are hereby notified to produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held.   When used in the Requests for Production of Documents, the term "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant, and all agents, servants, insurance adjusters, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

These Requests shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that these Requests are responded to and the time of trial. These documents shall be produced on or before the forty-fifth (45) day following service to J. Craig Lewis of Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350, unless other arrangements are made between the parties.

1.

Copies of any logs, incident reports, investigative memoranda, OSHA reports, photographs, documents, charts, or graphs relating in any way to the incident described in Plaintiff's Complaint.

2.

Copies of any and all statements, whether oral, written, recorded, or otherwise, in your control or obtained on your behalf, of any person relating to the incident described in Plaintiff's Complaint.

3.

Copies of any and all documents that in any way mention or refer to the subject compressor unit and controls prior to the incident described in Plaintiff's Complaint.

4.

Copies of any and all reports, inner-office memoranda, or other documents relating to the incident described in Plaintiff's Complaint which were prepared in the normal course of business.

5.

Copies of any and all photographs of the scene of the incident described in Plaintiff's Complaint, taken at or near the time of the incident.

6.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to the incident described in Plaintiff's Complaint. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for the same.

7.

Copies of any and all documents, letters, photographs, or other items of tangible evidence not included in this request which prove, support or defend any element or relates to any claim or defense against Plaintiff.

8.

Copies of any and all documents or evidence not included above which is relevant to any issue in this action which might lead to the production of other evidence which is admissible.

9.

Copies of any and all reports, memorandum, correspondence, or notes from any individual who has investigated any aspect or element of the incident described in Plaintiff's Complaint.

10.

Copies of any and all documents that support any defense raised in your Answer, or any relevant fact to this litigation.

11.

Copies of any and all claim forms, accident reports, or other documentation evidencing prior or subsequent complaints or problems with the subject compressor unit and controls.

12.

Copies of any and all documents relating to any injuries suffered by any person related to the subject compressor unit for the five (5) years prior to the date of the incident in question.

13.

All documents relating to plans for installing, inspecting, repairing, maintaining, and/or replacing the subject compressor unit and controls considered or undertaken by Defendant for the five (5) years prior to the incident described in Plaintiff's Complaint to the present.

14.

All documents relating to plans for repairing, improving, maintaining, and/or replacing the subject compressor unit and controls considered by Defendant, but not implemented, any time prior to or after the date of the incident described in Plaintiff's Complaint.

15.

All documents, photographs, and schematics that depict the subject compressor unit and controls in question, including documentation reflecting the layout of the area where the incident described in Plaintiff's Complaint occurred.

16.

All documents evidencing, reflecting, relating to, or constituting any communication between you and Plaintiff which in any way relates to the incident described in Plaintiff's Complaint.

17.

All documents supporting or relating to Plaintiff's or Defendant's contentions of negligence.

18.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit including OSHA reports, internal reports, and safety reports.

19.

Any documents between any entity and the Defendant for inspection, repair, installation, and/or maintenance of the subject compressor unit and controls at issue.

20.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

21.

Any and all documents identified, referenced, or used to answer Plaintiff's Interrogatories to Defendant in this matter.

22.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any litigation involving personal injuries where Defendant has been a party and involving the Subject

Premises which forms the basis of Plaintiff's Complaint for the past ten (10) years.

23.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

24.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

25.

Please produce all claim forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, or issues relating to the subject compressor unit and controls during the past five (5) years.

26.

Please provide all contracts or agreements entered into between Defendant and Plaintiff.

27.

Please provide all contracts or agreements entered into between Defendant and any other individual or company regarding repairing, inspecting, maintaining, and/or replacing the subject compressor unit and controls in question.

28.

Please provide all notes, memoranda, minutes, and other written evidence of safety meetings held by Defendant, your employees, agents or independent contractors, for the past five (5) years.

29.

All fire inspection reports from federal, state, or local authorities within the past five (5) years.

32.

All correspondence, citations, notices, or warnings from any government entity during the past five (5) years concerning any possible issues at the Subject Premises.

This  12th  day of May 2023.

Respectfully submitted,

MONGE & ASSOCIATES

/s/ J. Craig Lewis

_____
J. Craig Lewis
Georgia State Bar No. 450725
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, GA 30350
Phone: (770) 573-0368
Fax: (678) 579-0204
CraigL@monge.lawyer