# EXHIBIT B

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03284-S5**
**6/6/2023 3:07 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |
|---|---|
| JEREMY E. PHILLIPS, | |
| Plaintiff, | |
| v. | Civil Action File No. 23-C-03284-S5 |
| SFC GLOBAL SUPPLY CHAIN, INC.; JOHN DOE(S) 1-5; ABC CORPORATION(S) (1-5), | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW SFC Global Supply Chain, Inc., defendant in the above-styled civil action, and provides the following notice:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

_____

G. RANDALL MOODY
Georgia Bar No. 517702
BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonb@deflaw.com

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served a copy of the within and foregoing

**NOTICE OF REMOVAL** upon all parties concerned via the court's e-filing system which will

automatically send email notification of such filing to the attorneys or parties of record:

> J. Craig Lewis
> MONGE & ASSOCIATES
> 8205 Dunwoody Place
> Building 19
> Atlanta, Georgia 30350
> craigl@monge.lawyer
> *Attorneys for Plaintiff*

This 6ᵗʰ day of June, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY
_____
G. RANDALL MOODY
Georgia Bar No. 517702
BRIAN W. JOHNSON
Georgia Bar No. 394745

J. Craig Lewis
MONGE & ASSOCIATES
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
craigl@monge.lawyer
*Attorneys for Plaintiff*

13549738v1
32250-254741

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEREMY E. PHILLIPS,

      Plaintiff,

   v.

SFC GLOBAL SUPPLY CHAIN, INC.;
JOHN DOE(S) 1-5, ABC
CORPORATIONS(S) (1-5),

      Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

COMES NOW SFC Global Supply Chain, Inc., and files this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit incorrectly naming one defendant and then substituting SFC Global Supply Chain, Inc. (hereinafter referred to as SFC) as defendant in *Jeremy E. Phillips v. SFC Global Supply Chain, Inc.; John Doe(s) 1-5; ABC Corporation(s) (1-5),* Case No. 23-C-03284-S5, before the State Court of Gwinnett County, State of Georgia. Gwinnett County is within the Atlanta Division of this Court.

2.

Plaintiff is understood to be a citizen and resident of Georgia.

3.

Defendant SFC Global Supply Chain, Inc. is a Minnesota corporation with a principal place of business located at 115 West College Drive, Marshall, Minnesota. (Georgia Secretary of State Filings). For purposes of diversity, defendant SFC is a citizen of Minnesota. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

4.

The complaint also lists fictitious John Doe defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (fictious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal).

Accordingly, all such fictious defendants are disregarded for purposes of determining jurisdiction.

5.

Accordingly, there is complete diversity among the plaintiff (Georgia) and the defendant (Minnesota).

6.

Defendant submits that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Plaintiff alleged at paragraph 18 of the complaint that plaintiff incurred an amount in excess of $100,000 as a result of the incident on which the lawsuit is based.  "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Where a pleading (such as the Complaint in the instant action) seeks an unspecified amount of damages, the defendant must show by "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). *See also Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); 28 U.S.C. § 1332(c)(2). A defendant need not "prove the amount in controversy beyond all doubt or to

banish all uncertainty about it." *Pretka v. Kolter City Plaza*
*II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

6.

Reported jury verdicts show that the amount in
controversy exceeds $75,000. For example, in *Papay v. Byrd,* 19-
cv-337 (Superior Court of Harris County, April 14, 2021), the
plaintiff received $200,000 on claimed medical specials of
approximately $10,000 after a vehicle left inadvertently left in
neutral rolled into the plaintiff. In the automobile accident
case of *Damian Gaynor v. Anthony Carantzas* (No. 15ev001387,
State Court of Fulton County) the plaintiff received a
$82,401.44 verdict following a diagnosis of a lumbar disc
herniation that required physical therapy and epidural steroid
injections with claims of $3,742.62 in lost wages and $32,401 in
medical expenses.  The jury awarded plaintiff $80,000 in the
case of *Laverne Arnold v. Christopher Richardson and American*
*Door & Hardware, Inc*. (No. 11C-03220-S6, State Court of Gwinnett
County) where plaintiff was involved in a minor rear end
accident and received treatment for aggravation of her pre-
existing degenerative cervical and lumbar disc disease, which
included epidural injections.  Plaintiff incurred $16,000 in
medical expenses.  The plaintiff in *Rita Renshaw v. Jorge*
*Cardena and State Farm Mutual Automobile Insurance Co.* (No.

-4-

2013-CV-02539-C, State Court of Clayton County) received a verdict of $99,256 after incurring $9,256 in medical expenses following an automobile accident that led to soft tissue cervical and shoulder injuries. In *Joydi Ovalle v. John Doe & State Farm Mutual Automobile Insurance Company*, No. 12 EV 014832 (State Court of Fulton County), the jury awarded a $150,000 verdict for a soft tissue injury to the neck that required chiropractic care and injections with $27,000 in medical specials.  Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.(*Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  In this case, the plaintiff's complaint alleged more

than $100,000 in treatment expenses and lost wages.  Complaint
paragraph 18  Accordingly, the evidence shows the amount in
controversy exceeds $75,000.


7.

The defendant timely filed this notice of removal
within 30 days of receipt of the plaintiff's complaint. 28
U.S.C. § 1446(b)(3) & (c)(3).  Removal is further timely because
this Notice of Removal is filed less than one year after
plaintiff commenced the action.

8.

The aforementioned civil action is a civil action over
which this Court has original jurisdiction under 28 U.S.C. §
1332(a) and is one which may be removed to this Court by the
defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted in
the previous paragraphs, this civil action is one in which the
matter in controversy exceeds the sum of $75,000.00 exclusive of
interests and costs, and there is complete diversity of
citizenship among the parties.

9.

Defendant has attached hereto copies of all pleadings
and orders served upon it in this case as Exhibit "A."

10.

Defendant gave written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendant filed a written notice with the clerk of the State Court of Gwinnett County, a copy of which is attached as Exhibit "B."

12.

Defendant has attached hereto copies of all pleadings defendant served in this case as Exhibit "C."

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

_____
G. RANDALL MOODY
Georgia Bar No. 517702
BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonb@deflaw.com

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court: Courier New 12 Point.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

> J. Craig Lewis
> MONGE & ASSOCIATES
> 8205 Dunwoody Place
> Building 19
> Atlanta, Georgia 30350
> craigl@monge.lawyer
> *Attorneys for Plaintiff*

This 6th day of June, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

G. RANDALL MOODY
Georgia Bar No. 517702
BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonb@deflaw.com

13549642v1
32250-254741