IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| H-E PARTS INTERNATIONAL CHILE S.P.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: |
| | : | |
| G3N1924 TRANSPORT LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT

COMES NOW, Plaintiff H-E Parts International Chile S.p.A. (hereinafter "H-E Parts" or "Plaintiff"), by and through its undersigned counsel, and hereby files this Complaint against the Defendant G3N1924 Transport LLC (hereinafter "G3N1924" or "Defendant"), and avers and pleads as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 49 U.S.C § 13501 and §14706, et seq. (also sometimes called "Carmack" hereafter), and the amount in controversy which exceeds $10,000.00 per load of freight carried.  Plaintiff also bases the jurisdiction of the Court on 28 U.S.C. 1337, being a matter of interstate commerce.  Jurisdiction is also invoked under 28 U.S.C. § 1331, Federal Question, and the pendent jurisdiction of this

Court.

2.      Venue is proper in this District because the Northern District of Georgia is where Defendant is incorporated, regularly transacts business, and/or is otherwise at home and venue is proper in this District under 28 U.S.C. § 1391(b)(1).

## PARTIES

3.      At all times material hereto, Plaintiff was and is a foreign entity incorporated under the laws of Chile.

4.      At all times material hereto, Defendant was an entity incorporated under the laws of the state of Georgia, with a principal place of business at 690 N Carter Dr, Jonesboro, Georgia 30236.

## FACTS

5.      On or about January 12, 2022, Plaintiff and Defendant entered into an agreement whereby Defendant would transport one (1) 3508 D11-R Caterpillar Engine (hereinafter "the Cargo") from Seattle, Washington to Miami, Florida. *See Bill of Lading attached hereto as Exhibit 1*.

6.      Plaintiff purchased the Cargo on or about January 5, 2022. *See Commercial Invoice attached hereto as Exhibit 2*.

7.     Under 49 U.S.C §14706, Defendant is liable to Plaintiff for the actual loss or injury to the Cargo occurring over Defendant's route.

8.     The truck owned and/or operated by Defendant and transporting the Cargo (hereinafter "the Truck") overturned on Interstate 90 near Sheridan, Wyoming on or about January 14, 2022 (hereinafter "the Accident"). *See Police Report attached hereto as Exhibit 3.*

9.     At the time of the Accident, the road conditions were icy and hazardous. *Id*.

10.     Upon information and belief, the driver of the Truck was driving in excess of advisable speeds considering the road conditions, and generally operating the Truck in an unsafe and reckless manner. *Id. See also Field Damage Survey attached hereto as Exhibit 4.*

11.     The driver of the Truck was acting within the scope of his employment by Defendant, and without a commercial driver's license. *See Exhibits 3 and 4*.

12.     Immediately following the Accident, the Wyoming Highway Patrol contacted All Valley Diesel for removal of the Truck and Cargo, who removed and transported same to their storage facility located near Sheridan, Wyoming. *See Exhibit 4.*

13.     The removal and transportation of the Truck and Cargo to All Valley Diesel's facility caused damages to Plaintiff in the amount of $16,950.00 for, *inter alia*, debris removal. *See Memo of Coverage attached hereto as Exhibit 5*.

14.     Upon survey on or about March 1, 2022 at All Valley Diesel, the Cargo was determined to be damaged to such a point as to render it unsuitable for acceptance by Plaintiff. *See Exhibits 4 and 5*.

15.     Since the Cargo is unacceptable to Plaintiff, its damaged value is $0 and Plaintiff is, therefore, entitled to the actual loss of the purchase price of $169,500.00. *See Exhibit 2*.

16.     In total, Plaintiff has suffered **$186,450.00** in damages resulting from the Accident, plus interest, costs, and fees.

## FIRST CAUSE OF ACTION

*Liability Under 49 U.S.C §14706*

17.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs one (1) through sixteen (16) as if set forth herein at length.

18.     The Cargo was delivered to Defendant for transport in good condition.

19.     The Cargo was damaged while being transported by Defendant over Defendant's interstate route.

20.     The Cargo was not delivered to Plaintiff in good condition.

21.     Defendant is strictly liable to Plaintiff for the actual loss of the Cargo, as well as for the additional damages to Plaintiff resulting from the Accident.

22.     Accordingly, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant in an amount no less than $186,450.00, plus applicable interest, costs, and fees.

## PRAYER

WHEREFORE, Plaintiff H-E Parts International S.p.A. prays:

A.     That process in due form of law issue against Defendant G3N1924 Transport LLC, citing Defendant to appear and answer under oath, and singular, the matters alleged in the Complaint.

B.     That judgment be entered in Plaintiff's favor and against Defendant G3N1924 Transport LLC on the First Cause of Action (Strict Liability Under 49 U.S.C §14706).

C.     For an award to Plaintiff of actual and compensatory damages.

D.     For an award to Plaintiff of interests, costs, and such other and further relief as the Court deems just and proper.

Dated:     June 7, 2023                    Respectfully submitted,


By:   */s/ Mathew G. Nasrallah*
      Ga. Bar #535200
      ROBERTSON, BODOH &
      NASRALLAH, LLP

5

990 Cobb Parkway North, Suite 205A
Marietta, GA 30062-9218
TEL: 770-420-1929
FAX: 770-424-2345
Email: Nasrallah@RBNlaw.com

*Attorneys for Plaintiff H-E Parts*
*International S.p.A.*

OF COUNSEL

Briton P. Sparkman
Christopher T. Boyd
Chalos & Co, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
Fax: (516) 750-9051