IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIAWAN BRITTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| ELK CONSULTING AND MANAGEMENT LLC | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendant ELK CONSULTING AND MANAGEMENT LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## **PARTIES**

3. Plaintiff TIAWAN BRITTON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant ELK CONSULTING AND MANAGEMENT LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the State of Georgia and within this judicial district.

8. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The contiguous, multi-tenant structure and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the

"Property").

9. Defendant may be properly served with process via its registered agent for service of process, to wit: Lori Wheeler, 7575 Rico Road, Palmetto, Georgia 30268.

## FACTUAL ALLEGATIONS

10. On or about May 13, 2023, Plaintiff was a customer at "Main Street Grocery," a business located at 3431 Main Street, College Park, Georgia 30337.

11. Plaintiff lives approximately eight (8) miles from the Facility and Property.

12. Plaintiff's access to the businesses located at 3433 Main Street, College Park, Georgia 30337 (of which 3431 Main Street, College Park, Georgia 30337 is a part, and identified by Fulton County Property Appraiser's parcel number 14 015900050278), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facility and Property at least once before and

intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

14. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. The Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. The Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and

Property\ and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Facility and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

   **(a)** **EXTERIOR ELEMENTS:**

   (i) There are no disabled accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking space(s) on the Property are missing signage and are inadequately marked in violation of sections 208.2, 502.1 and 502.6 of the 2010 ADAAG standards.

   (ii) The access aisle most proximate to the "AllCore 360" portion of the Facility contains vertical rises in excess of ½" (one half inch) within its boundaries, in violation of section 502.4 of the

        2010 ADAAG standards.

(iii)    The access aisle most proximate to the "AllCore 360" portion of the Facility is not level due to the presence of a wooden ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. There is an excessive vertical rise at the base of this ramp, in violation of section 405.7 of the 2010 ADAAG standards, and further, the second plank of the ramp is loose and elevated, resulting in excessive vertical rises on the walking surfaces of said ramp, in violation of section 405.4 of the 2010 ADAAG standards. This ramp also lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(iv)    The access aisle most proximate to the "Chiropractor" portion of the Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. There is also an excessive vertical rise at the base of this ramp, and excessive vertical rises on its surface in violation of sections 405.4 and 405.7 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)   The interior of the Main Street Grocery portion of the Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

**(c)   POLICY ELEMENTS:**

(i)   The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii)   Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

31.   Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize a disabled accessible parking space on the Property, and made it more difficult and dangerous for Plaintiff to

utilize the ramps servicing the Property.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary

modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG

as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: June 7, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich