IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JACOB KERR** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| V. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ADVANCED NUTRITION, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

I. **INTRODUCTION**

1. This case is to enforce Plaintiff's rights under the Americans with Disabilities Act Amendments Act ("ADA" or "ADAAA"), 42 U.S.C. §12101, for disability discrimination in failure to accommodate and unlawful termination.

2. Defendant is an employer covered under the ADA, Defendant has a legal obligation to provide all qualified employees with reasonable accommodations for a disability to allow the employee to perform the essential functions of their position.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §§2201 and 2202 (declaratory judgment).

4. Venue is proper in this district and division pursuant to 28 U.S.C. §1391 and O.C.G.A. §14-3-510(b)(1) because Defendant is a foreign corporation with its registered office in Roswell, Fulton County, Georgia, which is in this district and division.

5. Defendant may be served with process on its registered agent, Northwest Registered Agent Service, Inc., 300 Colonial Center Parkway STE 100N, Roswell, GA 30076.

## III. PRE-LITIGATION REQUIREMENTS

6. Plaintiff exhausted his administrative requirements prior to initiating this lawsuit, as required by Fed.R.Civ.P. 9(c).

7. On November 2, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for Disability discrimination and retaliation in violation of the Americans with Disabilities Act.

8. On March 9, 2023 Plaintiff received a "Right to Sue" letter from the EEOC.

9. Plaintiff filed his claims within 90 days of the date of receiving the Right to Sue letter.

## IV. PARTIES

10. Plaintiff is a resident of Canton, Georgia.

11. Defendant is a foreign Limited Liability Company conducting business in Fulton County, Georgia.

## V. STATEMENT OF FACTS

12. Plaintiff was hired by Defendant on July 29, 2020 as a maintenance technician in one of Defendant's manufacturing plants to keep equipment maintained and in good working order.

13. Plaintiff has a medical condition called ulcerative colitis, which is the result of a malfunction of the immune system. It is a chronic condition with no cure. When he has a flare-up of his ulcerative colitis, his immune system attacks his own body, resulting in inflammation and ulcers in his colon.

14. Plaintiff's symptoms can flare up, go away, and come back again. The symptoms can go away for weeks or years.

15. One of the symptoms he has when he has a flare-up of his ulcerative colitis is loss of control of his bowels. When this happens, he needs to have immediate access to a bathroom.

16. When Plaintiff was working, he was required to wear a suit that looks like the following figure:



17.     Ulcerative colitis is a disability as that term is defined by the ADAAA.

18.     In September of 2020, Plaintiff had a flare-up of his ulcerative colitis and the plant he worked in had only one male bathroom and he was not able to access it when he urgently needed access to it because it was occupied.

19. At that time, Plaintiff notified his supervisor of his disability and flare-ups as well as his need for accommodations to be able to work with his disability.

20. In September of 2020, Plaintiff notified his supervisor of his disability and his need for an accommodation to be off of work when he had a flare-up of his ulcerative colitis.

21. The request for accommodation was reasonable and could have been made without an undue hardship to Defendant and initially Defendant allowed the requested accommodation.

22. In November of 2020, Plaintiff's supervisor informed him that the company was preparing to "go corporate" and would no longer accommodate his disability. Plaintiff offered several alternative options for reasonable accommodations. Plaintiff's supervisor said he would communicate his accommodation request to the Human Resources Manager.

23. Neither Plaintiff's supervisor nor the Human Resources Manager engaged in any further interactive process with Plaintiff to find a reasonable accommodation for Plaintiff's disability.

24. In December of 2020, the owner of Defendant, Olistica Life Sciences Group, issued a new company employment handbook for use at the Advanced Nutrition, LLC plant where Plaintiff was employed. Around the same time, the Human Resources Manager issued him a written warning for not being at work because of a flare-up of his ulcerative colitis. She emphasized that because of the "change to corporate," she would no longer accommodate his disability.

25. Between January and May of 2021, Plaintiff continued to ask for time off of work as an accommodation for flare-ups of his ulcerative colitis. The Human Resources Manager did not deduct from his P.T.O. time when he missed work for a medical condition. But she did start to issue Plaintiff written warnings for violating the attendance policy in retaliation for requesting accommodations.

26. On May 7, 2021, the Head of HR, the local HR manager and Plaintiff's supervisor met with him to terminate his employment with Defendant, Advanced Nutrition, LLC, for violating the attendance policy.

VI. **LEGAL CLAIMS**

### COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DISABILITY DISCRIMINATION–FAILURE TO ACCOMMODATE

27. Plaintiff hereby realleges and incorporates the preceding paragraphs as if fully set forth herein.

28. Congress enacted the ADA (and ADAAA as amended) after recognizing that "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society." Congress also recognized that many individuals with disabilities face discrimination in the workplace and saw a critical need to provide protection for those needing it.

29. The ADA provides that no covered entity "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring…or discharge of employees…and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a).

30. An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide "reasonable accommodations for the disability, unless doing so would impose undue hardship on the employer."

31. A qualified individual with a disability under the ADA is defined as a person with a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. §12102(1)(A).

32. Plaintiff's ulcerative colitis qualifies as a "disability," as defined under the ADA. Indeed, his condition was extremely painful, caused him to lose control of his bowels and impacted his ability to work without a reasonable accommodation.

33. The ADA requires that employers engage in an interactive process with an employee making a request for accommodation to ascertain whether a reasonable accommodation can be provided. 29 C.F.R. §1630.2(o)(3).

34. By failing to engage in an interactive process to determine a reasonable accommodation, and by disciplining the Plaintiff and terminating his employment because of his disability, Defendant violated the ADA.

35. Defendant is an employer and Plaintiff is an employee as those terms are defined by the ADA.

36. Defendant's actions were intentional and willful.

37. The effect of the practices complained of in the preceding averments, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

38. As a result of Defendant's unlawful actions as described in this Complaint, Plaintiff has sustained and continues to sustain damages, including lost wages, benefits, emotional distress and other such damages.

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DISABILITY DISCRIMINATION–UNLAWFUL TERMINATION

39. For his second Claim, Plaintiff incorporates the preceding averments as if fully set forth herein.

40. Defendant's decision to terminate Plaintiff because of his disability is a violation of the ADA.

41. Had the plaintiff not been disabled, he would not have been terminated from his position.

42. Defendant's actions were willful and intentional.

43. The effect of the practices complained of in the previous averments has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

44. As a result of Defendant's unlawful actions as described in this Complaint, Plaintiff has sustained and continues to sustain damages, including lost wages, benefits, emotional distress and other such damages.

**COUNT III**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
UNLAWFUL RETALIATION**

45. For his third claim, Plaintiff incorporates the preceding averments as if fully set forth herein.

46. The ADA prohibits an employer from retaliating against an employee for asserting his rights under the ADA. 42 U.S.C. §12132.

47. An employee participates in a protected activity under the ADA when he makes a request for a reasonable accommodation.

48. Defendant terminated Plaintiff because of his request for the accommodation, in violation of the ADA.

49. Defendant's actions in terminating Plaintiff for asserting his rights under the ADA is a violation of the anti-retaliation provisions of the ADA.

50. Plaintiff has sustained damages as a result of Defendant's actions described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concern or participation with it, from denying reasonable accommodations for disabilities to employees.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concern or participation with it, from dismissing employees from employment because of their disabilities.

C. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals with disabilities, and which will eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to provide an annual training program regarding the anti-discrimination policy to all of its owners, managers, supervisors and employees.

E. Grant a judgment requiring Defendant to pay appropriate lost wages and benefits to be determined at trial.

F.      Grant a judgment requiring Defendant to pay appropriate lost wages and benefits, to be determined at trial.

G.      Order Defendant to make Plaintiff whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to providing Plaintiff with front pay.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.       Award Plaintiff the costs of this action, including reasonable attorneys fees.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial in this matter.

Respectfully submitted,

/s/Benjamin F. Barrett
Benjamin F. Barrett
Georgia Bar No. 039586

Ben Barrett Law
1050 Crown Pointe Pkwy., Suite 500
Atlanta, GA 30338
Phone: 404-845-7449
ben@benbarrettlaw.com

*Attorney for the Plaintiff Jacob Kerr*