IN THE UNITED STATES DISTRICT COURT
FOR THER NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HARSH TRIVEDI and NEW LIGHT MANAGEMENT SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MILAN DHANANI; SATELLITE, LLC; and DR MILAN DHANANI PC d/b/a SMILE SKY FAMILY DENTAL, <br><br> Defendants. | CIVIL ACTION NO. <br><br> _____ |

**COMPLAINT FOR DAMAGES**

Plaintiffs Harsh Trivedi ("Mr. Trivedi") and New Light Management Services, LLC ("New Light," together with Mr. Trivedi, "Plaintiffs"), by and through their undersigned counsel, hereby file this *Complaint for Damages* (the "Complaint") against Defendants Milan Dhanani ("Dr. Dhanani"), Satellite, LLC ("Satellite"), and Dr Milan Dhanani PC d/b/a Smile Sky Family Dental ("Smile Sky," together with Dr. Dhanani and Satellite, "Defendants"), alleging as follows:

**INTRODUCTION**

1.  Plaintiffs bring this action seeking recovery from Defendants for monetary damages for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 – 219 (the "FLSA"), damages caused by Defendants' breach of

1

contract, Defendants' unjust enrichment at the expense of Plaintiffs, and for attorney's fees, legal expenses, and costs of court.

## JURISDICTION AND VENUE

2. The FLSA authorizes actions in federal court by private parties to recover damages for violations of that federal statute. Accordingly, subject matter jurisdiction is proper in this Court.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Dr. Dhanani resides in this district, the entity defendants have business operations in this district, a substantial part of the events giving rise to the claims occurred in this district, and Plaintiff Mr. Trivedi has been injured in this district.

## PARTIES

4. Plaintiff Mr. Trivedi is a resident of Dekalb County, State of Georgia.

5. Plaintiff New Light is a limited liability company formed under the laws of the State of Georgia, with its principal place of business located at 3777 Peachtree Rd NE, Apt. 1037, Brookhaven, Georgia 30319. Mr. Trivedi is the sole member and manager of New Light.

6. Defendant Milan Dhanani is a resident of Gwinnett County, State of Georgia.

7. Dr. Dhanani can be served at his residential address of 2529 Grey Moss Ct, Duluth, Georgia 30097, or at any other location where he may be found in person.

8. Defendant Satellite is a limited liability company formed under the laws of the State of Georgia, with its principal place of business located at 1905 Beaver Ruin Rd # 175, Norcross, Georgia 30071.

9. Satellite can be served through its registered agent, Milan Dhanani, at 2529 Grey Moss Ct, Duluth, Georgia 30097.

10. Defendant Smile Sky is a professional corporation formed under the laws of the State of Georgia, with its principal place of business located at 1905 Beaver Ruin Rd # 175, Norcross, Georgia 30071.

11. Smile Sky can be served through its registered agent, Milan Dhanani, at 2529 Grey Moss Ct, Duluth, Georgia 30097.

12. At all relevant times, Defendants were and continue to be an "employer" and an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and / or such conditions have been waived.

## STATEMENT OF FACTS

14. Dr. Dhanani is a dentist by trade, who is also the sole owner of Satellite and Smile Sky.

15. Satellite owns and operates a shopping center located at 1905 Beaver Ruin Rd, Norcross, Georgia 30071 (the "Shopping Center").

16. Upon information and belief, Satellite has leases with tenants at the Shopping Center who are not Georgia business entities.

17. Smile Sky is a tenant in the Shopping Center, as is Dr. Dhanani's dental practice.

18. Upon information and belief, Smile Sky has patients who are not Georgia residents.

19. In early December 2022, Mr. Trivedi and Dr. Dhanani began a business relationship where Mr. Trivedi would work for Dr. Dhanani as an office manager and streamline Smile Sky's business operations.

20. As part of this arrangement, Mr. Trivedi would help bring in a dentist to replace Dr. Dhanani as Smile Sky's primary dentist, along with additional support staff.

21. Dr. Dhanani and Mr. Trivedi agreed that Mr. Trivedi would do this work on an hourly basis, with Mr. Trivedi to be paid $35.00 per hour.

22. On December 7, 2022, Mr. Trivedi began training required by Dr. Dhanani in order to become familiar with his responsibilities as an officer manager of a dental practice, *i.e.*, at Smile Sky, including becoming intimately familiar with Denticon, a dental practice management software.

23. Mr. Trivedi continued his training for Smile Sky until January 1, 2023, when he began his position as office manager at Smile Sky.

24. In addition to Mr. Trivedi's responsibilities at Smile Sky, Dr. Dhanani and Mr. Trivedi also agreed that Mr. Trivedi would serve as the manager of Satellite.

25. As part of Mr. Trivedi's responsibilities as office manager of Smile Sky and manager of Satellite, Mr. Trivedi answered phones during and after business hours, scheduled patients during and after business hours, opened and closed the Smile Sky office, provided customer service, submitted insurance claims, reviewed patient documents and followed up with patients, handled procuring insurance credentials, reconciled accounts receivable, reconciled accounts payable with insurance, developed marketing strategy, optimized business systems, showed Satellite spaces to potential tenants for leasing, negotiated Satellite leases with tenants, coordinated renovation plans for one of the suites at the Shopping Center, trained staff, created training videos and optimized training guides, recruited a new dentist and additional staff, served as systems troubleshooter with Denticon, cleaned the office, tracked and supplied inventory, tracked staff hours, scheduled staff, trained staff on weekends, performed office maintenance, and developed and refined management systems.

26. Mr. Trivedi performed the foregoing laundry list of tasks 7 days a week, and between January 1, 2023 and April 11, 2023, Mr. Trivedi worked a total of 580 hours, with 60 of those hours being overtime hours.

27. To date, Mr. Trivedi has not been paid by Dr. Dhanani for any of these hours worked.

28. Dr. Dhanani would delay paying Mr. Trivedi in various ways, but promised that payment was forthcoming.

29. Additionally, Dr. Dhanani had previously told Mr. Trivedi that Mr. Trivedi would be made a 30% minority partner of Satellite, which caused Mr. Trivedi to continue work for Satellite and Smile Sky.

30. As part of purchasing 30% of Satellite, Mr. Trivedi would work for Satellite and Smile Sky, and would pay a to-be-agreed upon amount, and Dr. Dhanani was to prepare the relevant documents to effectuate the ownership transfer.

31. As a good faith advance prior to receiving the proposed partnership agreement, Mr. Trivedi paid Dr. Dhanani $30,000.

32. After lengthy delays in providing proposed contracts, and after Mr. Trivedi having worked hundreds of hours for Defendants, Dr. Dhanani presented Mr. Trivedi two (2) documents, a proposed purchase agreement for Satellite and a proposed management agreement for Smile Sky, with onerous terms, which Dr. Dhanani demanded Mr. Trivedi sign prior to transferring 30% of Satellite's ownership to Mr. Trivedi.

33. The proposed purchase agreement document required that Mr. Trivedi perform all management and decision-making responsibilities for Satellite and would make a sizeable payment to Dr. Dhanani over several years.

34. The proposed management agreement: required Mr. Trivedi give six (6) months notice of any termination of the agreement; did not provide that Mr. Trivedi was to receive a salary as manager of Smile Sky; required Mr. Trivedi to pay all operating expenses of Smile Sky from his own funds; required Mr. Trivedi indemnify Smile Sky from his own funds for any actions brought while Mr. Trivedi was manager; allowed Dr. Dhanani to terminate the proposed management agreement but not specify what would happen to funds Mr. Trivedi contributed to Smile Sky; required Mr. Trivedi to pay Dr. Dhanani for any time Dr. Dhanani was to spend working at Smile Sky after April 28, 2023; required Mr. Trivedi to compensate Smile Sky for any losses in any calendar month; and allowed Dr. Dhanani to sell ownership of Smile Sky and unilaterally reduce compensation to Mr. Trivedi.

35. Ultimately, Mr. Trivedi was not able to reach a partnership agreement with Defendants and simply requested that he be paid what he was entitled to for his hourly work and the return of the advance payment of $30,000 toward future ownership of.

36. Dr. Dhanani refused to return Mr. Trivedi's $30,000, instead demanding that Mr. Trivedi reimburse Dr. Dhanani for training required by Dr. Dhanani for

Smile Sky and that Mr. Trivedi sign a mutual release agreement that would prevent Mr. Trivedi from seeking lost wages or any other damages.

37.    To date, Dr. Dhanani has failed and refused to return Mr. Trivedi's $30,000 or to pay Mr. Trivedi for his hours worked.

## COUNT I – BREACH OF CONTRACT
### Against all Defendants

38.    The allegations in the preceding paragraphs are re-alleged as if set forth fully herein.

39.    Dr. Dhanani and Mr. Trivedi agreed that Mr. Trivedi would be paid $35.00 per hour for Mr. Trivedi's work as Smile Sky's office manager and Satellite's manager.

40.    This agreement formed a contract between Defendants and Mr. Trivedi.

41.    Mr. Trivedi worked a total of 580 hours for Defendants, inclusive of 60 hours of overtime.

42.    None of the Defendants, as directed by Dr. Dhanani, have paid Mr. Trivedi for any of the work Mr. Trivedi performed for them.

43.    Defendants, as directed by Dr. Dhanani, have breached the agreement between themselves and Mr. Trivedi.

44.    Defendants are therefore liable to Mr. Trivedi for 520 hours of regular pay, totaling $18,200, and 60 hours of overtime pay, totaling $3,150.

45. Mr. Trivedi should therefore have a judgment for $21,350 entered in his favor for Defendants' breach of contract.

## COUNT II – UNJUST ENRICHMENT
### (In the alternative to Count I)
### Against all Defendants

46. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

47. In the event Defendants and Mr. Trivedi are not found to have entered into contractual relationship, Defendants have been unjustly enriched by Mr. Trivedi's unpaid work.

48. Mr. Trivedi performed 520 hours of non-overtime hourly work for Defendants.

49. Dr. Dhanani, on behalf of himself, Smile Sky, and Satellite, valued these hours at $35.00 per hour.

50. Defendants have therefore been unjustly enriched by not less than $18,200, and the value conferred on Defendants is vastly larger than that amount as the work of Mr. Trivedi resulted in transforming the Defendant businesses from money losing operations to profitable businesses.

51. Mr. Trivedi also performed 60 hours of overtime hourly work for Defendants.

52. Defendants have therefore been unjustly enriched by an additional $3,150.

53. Defendants have unjustifiably refused to pay Mr. Trivedi for the actual hours he worked for Defendants.

54. If it is determined that there is no contract between Mr. Trivedi and Defendants, Mr. Trivedi has no adequate remedy by law.

55. Mr. Trivedi should therefore have a judgment for not less than $21,350, and in an amount equal to the value conferred on Defendants, entered in his favor because Defendants were unjustly enriched.

### COUNT III – BREACH OF CONTRACT
### Against Dr. Dhanani and Satellite

56. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

57. Mr. Trivedi paid $30,000 as a good faith advance towards receiving a 30% minority ownership interest in Satellite.

58. Mr. Trivedi and Defendants were not able to agree on material terms for the proposed purchase agreement and proposed management agreement, for which reason the parties did not go forward with the sale/purchase of Satellite's ownership by Mr. Trivedi, and Mr. Trivedi requested his $30,000 be returned.

59. Dr. Dhanani and Satellite have refused to return Mr. Trivedi's $30,000, instead insisting that such sums must be offset by Mr. Trivedi's training at Smile Sky, which Dr. Dhanani required Mr. Trivedi to complete.

60. Mr. Trivedi should therefore have a judgment for $30,000 entered in his favor for Dr. Dhanani and Satellite's breach of contract.

## COUNT IV – UNJUST ENRICHMENT
### (In the alternative to Count III)
### Against Dr. Dhanani and Satellite

61. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

62. Dr. Dhanani and Satellite received $30,000 from Mr. Trivedi for a 30% minority interest in Satellite.

63. Dr. Dhanani and Satellite have refused to transfer a 30% interest in Satellite without onerous terms that were not previously discussed when Mr. Trivedi sent Dr. Dhanani and Satellite $30,000.

64. Dr. Dhanani and Satellite have unjustifiably refused to return Mr. Trivedi's $30,000.

65. Dr. Dhanani and Satellite have therefore been unjustly enriched by $30,000.

66. If it is determined that there is no contract between Mr. Trivedi, Dr. Dhanani, and Satellite, Mr. Trivedi has no adequate remedy by law.

67. Mr. Trivedi should therefore have a judgment for $30,000 entered in his favor because Dr. Dhanani and Satellite were unjustly enriched.

### COUNT V – VIOLATION OF FAIR LABOR STANDARDS ACT
### MINIMUM WAGE VIOLATION
### Against all Defendants

68. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

69. At all times relevant to this action, Mr. Trivedi has been entitled to the rights, protections, and benefits provided under the FLSA.

70. The FLSA regulates, among other things, the payment of the required minimum wage by employers whose employees are employed in an enterprise engaged in interstate commerce.

71. Upon information and belief, Defendants are engaged in interstate commerce, and are subject to the FLSA's minimum wage requirements.

72. Without limiting the methods and manners in which Defendants have engaged in interstate commerce,

    a. Defendants handled dental tools, dental equipment, dental cleaning and other dental supplies, and other materials in the performance of their work that were manufactured or produced outside of the State of Georgia, and Mr. Trivedi as manager of the Defendants' businesses

likewise handled goods and materials that had moved in interstate commerce during the course of his work;

b. Defendants made use of instrumentalities of interstate commerce, such as telephones, fax machines, internet service, and credit card machines or portals, on a regular and recurring basis across state lines, including for purposes such as processing dental insurance claims, processing credit card payments, and similar ongoing uses; and

c. Defendants' annual gross volume of sales equals or exceeds $500,000.

73. Pursuant to the FLSA, employees subject to its provisions are currently entitled to be compensated at a rate of at least $7.25 per hour (although $0.00 has been paid to Mr. Trivedi by Defendants for his work), and in this instance at the hourly rate agreed upon by the parties.

74. As alleged above, Defendants reimbursed Mr. Trivedi less than the actual amount of his wages to such an extent that it diminished Mr. Trivedi's wages beneath the FLSA's required minimum wage.

75. Defendants knew or should have known that their failure to pay Mr. Trivedi resulted in their failure to compensate Mr. Trivedi at the FLSA required minimum wage, particularly as Defendants have paid $0.00 to Mr. Trivedi despite extensive work performed by Mr. Trivedi.

76. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay the FLSA required minimum wage to Mr. Trivedi.

77. None of the FLSA's exemptions from the minimum wage requirement apply to Mr. Trivedi.

78. Mr. Trivedi is entitled to damages equal to the difference between the FLSA required minimum wage and actual wages received within three years from the date this case, plus periods of equitable tolling, because Defendants acted willfully and knew that, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

79. Defendants have acted neither in good faith, nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA and, as a result, Mr. Trivedi is entitled under the FLSA to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages.

80. Alternatively, should the Court find that Defendants did not act willfully in failing to pay Mr. Trivedi the FLSA required minimum wage, Mr. Trivedi is entitled to an award of prejudgment interest at the applicable legal rate.

**COUNT VI – VIOLATION OF THE FAIR LABOR STANDARDS ACT
UNPAID OVERTIME VIOLATION
Against all Defendants**

81. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

82. Defendants have violated the FLSA by failing to pay Mr. Trivedi "overtime" pay for all hours worked in excess of 40 hours in a given week.

83. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

84. Mr. Trivedi seeks money judgment for all "overtime" work performed, but not paid, as defined and required by 29 U.S.C. § 216.

### COUNT VII – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### UNPAID TRAINING TIME
### Against all Defendants

85. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

86. Defendants required Mr. Trivedi to complete training to build the skills necessary to complete the duties of his positions with Smile Sky and Satellite.

87. Defendants have failed and refused to compensate Mr. Trivedi for completing the required training.

88. Without completing the required training, Mr. Trivedi would not have been allowed to perform his duties at Smile Sky or Satellite.

89. The failure to pay Mr. Trivedi for required training times is a violation of the FLSA's minimum wage provisions.

90. Mr. Trivedi is therefore entitled to a judgment in his favor for the total number of hours he spent completing required training for Defendants.

## COUNT VIII – ATTORNEY'S FEES AND EXPENSES

91. The allegations contained in the preceding paragraphs are re-alleged as if set forth fully herein.

92. Defendants have been stubbornly litigious and have caused Mr. Trivedi the unnecessary trouble and expense of filing this lawsuit to recover something for his hours worked, and Mr. Trivedi is entitled to recover from Defendants his expenses of litigation, including reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11.

93. Defendants have been stubbornly litigious and have caused Mr. Trivedi the unnecessary trouble and expense of filing this lawsuit to recover his advance payment of $30,000 toward the purchase of an ownership interest that the parties did not go forward with, and Mr. Trivedi is entitled to recover from Defendants his expenses of litigation, including reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11.

94. Additionally, Defendants' violations of the FLSA entitle Mr. Trivedi to an award of reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Trivedi respectfully prays as follows:

a. That process and summons issue in terms of law requiring Defendants to answer this Complaint;

b. That this Court enter judgment in favor of Mr. Trivedi as requested in this Complaint;

c. That this Court award Mr. Trivedi his attorney's fees and costs of court in bringing this action; and

d. For such other and further relief as this Court deems just and proper.

This <u>7th</u> day of June, 2023.

                                        Respectfully submitted,

                                        ROBL LAW GROUP, LLC

                                        By: <u>/s/ Michael D. Robl</u>
                                        Michael D. Robl
                                        Georgia Bar No. 610905
                                        Maxwell W. Bowen
                                        Georgia Bar No. 719784
                                        *Attorneys for Plaintiff*

3754 Lavista Road, Suite 250
Tucker, GA 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com (e-mail)
max@roblgroup.com (e-mail)