# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| REGENIA ANDERSON, an individual, | ) Case No.: |
| Plaintiff, | ) COMPLAINT FOR |
| vs. | ) 1. COPYRIGHT INFRINGEMENT |
| KHIA FINCH CHAMBERS, in her individual capacity, and as officer of Thug Misses Entertainment, Inc.; THUG MISSES ENTERTAINMENT, INC.; KID DISTRO HOLDINGS, LLC d/b/a DISTROKID; 1031453 RECORDS DK, business entity form unknown; TUNECORE, INC., and DOES 1 through 20, inclusive, | ) 2. UNJUST ENRICHMENT  ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES Plaintiff, REGENIA ANDERSON ("Ms. Anderson" or "PLAINTIFF"), by and through her undersigned counsel, and hereby files this Complaint and Demand for Jury Trial against Defendants, KHIA FINCH CHAMBERS ("CHAMBERS"), in her individual capacity, and as an officer of Thug Misses Entertainment, Inc; THUG MISSES ENTERTAINMENT, INC. ("TME"); KID DISTRO HOLDINGS, LLC d/b/a DistroKid ("DISTROKID"); 1031453 RECORDS DK ("RECORDS DK"), a business entity form unknown; TUNECORE, INC ("TUNECORE"), and DOES 1 through 20, inclusive ("DOES") (collectively, the "DEFENDANTS"), and states as follows:

## **INTRODUCTION**

1.      This is a suit based upon violation of the United States Copyright Act (the "Act"). Plaintiff has specifically plead counts of: Copyright Infringement and/or additionally, or in the alternative,

a claim for Unjust Enrichment. Plaintiff, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2.      Plaintiff is seeking damages in an amount to be proved at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff is an individual, and at all relevant times mentioned herein she was a citizen of the State of Pennsylvania.  Plaintiff is a musical recording artist who performs by the name "JIGGIE GEE".  On or around February 11, 1992, Ms. Anderson commercially released a musical composition and sound recording that she co-authored and composed entitled "Head, Head, & More Head Part 1" (the "Head Song") that Ms. Anderson wrote, recorded and performed.

4.      Defendant CHAMBERS is an individual, and at all relevant times mentioned herein CHAMBERS was a citizen of the State of Georgia and the State of Florida.  At all times material hereto, CHAMBERS performed professionally as a recording artist known as "KHIA".  At all times material hereto, CHAMBERS was the principle and sole owner of THUG MISSES ENTERTAINMENT, INC.

5.      Defendant TME is a Georgia corporation with its principal place of business in Atlanta, Georgia. At all relevant times mentioned herein, TME operated as a music record label, and it was solely owned, controlled, and operated by CHAMBERS.  TME conducted business in the State of Georgia, and on information and belief, still conducts business in the State of Georgia despite being administratively dissolved by the Georgia Secretary of State in 2005.  On or around July 12, 2012, TME released a studio album by CHAMBERS entitled "MotorMouf a.k.a Khia Shamone" (the "Album"), which was re-released by DISTROKID and RECORDS DK on or around May 21, 2020.

2

6.      Defendant DISTROKID is a Delaware limited liability company with its principal place of business in the State of New York.  DISTROKID operates as a digital music distribution service provider and conducted business in the State of Georgia at all relevant times herein.  At all material times herein, DISTROKKID re-released the Album by and/or through RECORDS DK on or around May 21, 2020, and DISTROKID has commercially benefited from the re-release of the Album.

7.      Defendant RECORDS DK is a business entity, form unknown.  On information and belief RECORDS DK was/is in privity with DISTROKID at all relevant times herein.   In fact, on information and belief, the "DK" in RECORDS DK stands for "DistroKid".   RECORDS DK operates as a digital music distribution service provider and/or subsidiary of DISTROKID and it conducted business in the State of Georgia at all relevant times herein.  At all material times herein, RECORDS DK re-released the Album by and/or through DISTROKID on or around May 21, 2020, and RECORDS DK has commercially benefited from the re-release of the Album.

8.      Defendant TUNECORE is a Delaware corporation, with its principal place of business in the State of New York.  TUNECORE operates as a digital music distributor and it provides publishing administration, among other things, for recording artist such as CHAMBERS.  At all times material hereto, TUNECORE conducted business in the State of Georgia.  At all material times herein, TUNECORE digitally re-released an audio/visual (AV) reproduction of the musical composition and sound recording entitled "Lick Me Dry" ("Lick Me" or the "Song"), which was a song on the Album via YouTube on or around May 26, 2020.

9.      The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to PLAINTIFF.  Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1

through 20, inclusive, are unknown to PLAINTIFF.  PLAINTIFF therefore sues Defendants by such fictitious names.  PLAINTIFF is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to PLAINTIF, as hereinafter alleged. PLAINTIFFS will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act.

11.     Venue is proper in this District pursuant to § 1391, in that a substantial part of the events or omissions giving rise to these claims occurred in this District, and each Defendant conducts business, or conducted business at all relevant times herein in. Fulton County, Georgia.

## GENERAL ALLEGATIONS

12.     Ms. Anderson is the co-author and composer of the Head Song, which was registered with the United States Copyright Office (the "Copyright Office").

13.     The Head Song was originally released in 1992, and it was re-released in 1996.

14.     The lyrics and music of the Head Song were registered with the Copyright Office and given registration number PA0000890421 in 1998.

15.     The lyrics and melody/harmony that Ms. Anderson wrote for the Head Song composition were original and contained protectable elements.

16.     On or around July 12, 2012, CHAMBERS through TME released the "Album" which contained the Song.

4

17.    CHAMBERS contends she is the author of the Song, whose lyrics and melody/harmony infringe on the copyright of the Head Song.

18.    On or around May 21, 2020, CHAMBERS through DISTROKID, RECORDS DK, TUNECORE, and on information and belief, TME, re-released the Album, and in turn they re-released the Song.

19.    The DEFENDANTS have copyrighted, used or benefited from the protectable elements of the Head Song in violation of Plaintiff's rights under the Act, and they have used the lyrics and melody/harmony from the Head Song in the Song for their own benefit.

20.    CHAMBERS, TME, DISTROKID,  RECORDS DK, and TUNECORE all claim an interest in the exploitation of the Song.

21.    CHAMBERS, TME, DISTROKID,  RECORDS DK, and TUNECORE all knew or should have known that the Song contained the lyrics and the melody/harmony from the Head Song.

22.    The DEFENDANTS, while working in conjunction with each other, have obtained, on information and belief, thousands, if not hundreds of thousands or millions, of dollars associated with the Song from its exploitation, sale, downloads, licensing, radio airplay, synchronization and digital streaming in violation of Ms. Anderson's rights.

23.    Due to the use of the protectable lyrics and melody/harmony, the Head Song and the Song are substantially similar.

24.    At no time did CHAMBERS ever attempt to contact Ms. Anderson to get her clearance or permission to license the use of the protectable lyrics and melody/harmony.

25.    Despite re-releasing the Song, again in 2020, CHAMBERS failed to attempt to contact Ms. Anderson for her consent, clearance or permission to use the protectable lyrics and melody/harmony.

26.     Ms. Anderson learned of the use of her lyrics from the Head Song in the Song in mid-June 2020 as a result of the efforts by CHAMBERS, DISTROKID, RECORDS DK, TUNECORE, TME and DOES to promote the Album and the Song in order to generate profits for themselves.

27.     Upon discovering that her protectable elements from the Head Song were used in the Song, Ms. Anderson attempted to contact CHAMBERS to advise CHAMBERS that her use of the lyrics and melody/harmony was unauthorized.

28.     In fact, after Ms. Anderson put CHAMBERS on notice that the Song infringed upon her protectable lyrics and melody/harmony, CHAMBERS mocked Ms. Anderson and stated that she 'thought [Ms. Anderson] was dead.'

29.     CHAMBERS' effective admission shows that her actions were intentional and willful because even if Ms. Anderson were dead, her copyright to the Head Song is life plus 70 years, so CHAMBERS knew, or reasonably should have known that the protectable lyrics and melody/harmony were still protected by the Act.

30.     Ms. Anderson has put all of the DEFENDANTS on notice (actual or constructive) that their exploitation of the Song is unauthorized, and therefore the DEFENDANTS infringement is knowing, willful and continuous.

31.     Furthermore, the DEFENDANTS' use of the protected elements of the Head Song composition continues and therefore it remains unauthorized.

32.     In July 2020, within three (3) months of discovering the infringing use and acts of the DEFENDANTS, Ms. Anderson subsequently filed another registration with the Copyright Office.

33.     This registration was issued on July 28, 2020, and has registration number TX0008888179.

34.     A supplemental registration was issued on November 24, 2020, and given registration number TX0008921075.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
(by PLAINTIFF against CHAMBERS)

35.    Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation

contained hereinabove and incorporates the same herein as though fully set forth herein.

36.    Ms. Anderson is the co-author of the Head Song which is registered with the Copyright

Office.

37.    CHAMBERS is a composer of the Song.

38.    CHAMBERS unlawfully used the protectable elements of the musical composition of the

Head Song in the Song and never sought Ms. Anderson's approval or permission to use the musical

composition.

39.    The protectable elements of the Head Song are "substantially similar to the Song, and

therefore the Song infringes on the musical composition of the Head Song in violation of Ms.

Anderson's rights.

40.    CHAMBERS, with assistance from TME and DISTROKID, RECORDS DK, and

TUNECORE marketed, licensed and/or benefitted from the exploitation of the Song in violation

of Ms. Anderson's rights.

41.    The Song infringes on the musical composition of the Head Song in violation of Ms.

Anderson's rights.

42.    Defendant CHAMBERS claims an ownership interest in the composition for the Song

which contains the protectable elements of the composition the Head Song.

43.    CHAMBERS, while working in conjunction with TME, DISTROKID, RECORDS DK and

TUNECORE, provided the infringing song to other third parties such as YouTube, iTunes, Spotify

and others.

44.     CHAMBERS has collected music publishing royalties from various entities in violation of Ms. Anderson's rights.

45.     CHAMBERS has harmed Ms. Anderson in her business and she has failed to compensate Ms. Anderson in anyway whatsoever for her unauthorized use of the Head Song.

46.     As a direct and proximate result of the CHAMBERS' willful copyright infringement, Ms. Anderson has suffered and will continue to suffer, monetary loss and a lack of proper credit.

47.     Ms. Anderson is entitled to recover from CHAMBERS, in an amount to be determined at trial, the damages she has sustained and will sustain, including but not limited to, any gains, profits and advantages obtained by CHAMBERS as a result of her infringing conduct and her use and release of the protectable elements of the Head Song.

48.     Mrs. Anderson is also entitled to recover statutory damages for CHAMBERS' willful infringement of her copyrights under the Act.

## COUNT II
## COPYRIGHT INFRINGEMENT
(by PLAINTIFF against TME and DOES 1-5)

49.     Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

50.     Ms. Anderson is the co-author of the Head Song which is registered with the Copyright Office.

51.     CHAMBERS is a composer of the Song.

52.     TME received an interest in the Song through its relationship with CHAMBERS.

53.     TME and CHAMBERS have unlawfully used the protectable elements of the musical composition of the Head Song and never sought Ms. Anderson's approval or permission to use the musical composition.

54.    TME with the assistance of CHAMBERS has infringed on Ms. Anderson's rights under the Act.

55.    The Head Song is substantially similar to the Song.

56.    TME with assistance from CHAMBERS marketed, licensed and/or benefited from the exploitation of the Song in violation of Ms. Anderson's rights.

57.    The Song infringes on the musical composition of the Head Song in violation of Ms. Anderson's rights.

58.    Upon information and belief, TME and CHAMBERS have licensed or benefitted from the licensing of the Song to third parties and the radio play, streaming and synchronization of the Song and they have collected funds in violation of Ms. Anderson's rights.

59.    Upon information and belief, TME has received money for the infringing composition and has paid or caused other corporate entities to pay CHAMBERS monies associated with the composition for the Song.

60.    TME, with the assistance of CHAMBERS, has violated Ms. Anderson's rights to control, sell, market, and distribute the Head Song and derivate works of the Head Song and it has committed copyright infringement.

61.    Ms. Anderson seeks (1) to enjoin the activity of TME, (2) an award of actual or statutory damages per sale; (3) attorney's fees relating to TME's actions; and (4) an injunction prohibiting the sale of the infringing composition.

## COUNT III
## COPYRIGHT INFRINGEMENT
(by PLAINTIFF against DISTROKID and DOES 6-10)

62.    Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

63.     Ms. Anderson is the co-author of the Head Song which is registered with the Copyright Office.

64.     CHAMBERS is a composer of the Song.

65.     DISTROKID received an interest in the Song through its relationship with CHAMBERS and/or TME.

66.     DISTROKID, TME and CHAMBERS have unlawfully used the protectable elements of the musical composition of the Head Song and never sought Ms. Anderson's approval or permission to use the musical composition.

67.     DISTROKID with the assistance of CHAMBERS and/or TME has infringed on Ms. Anderson's rights under the Act.

68.     The Head Song is substantially similar to the Song.

69.     DISTROKID with assistance from CHAMBERS and/or TME marketed, licensed and/or benefited from the exploitation of the Song in violation of Ms. Anderson's rights.

70.     The Song infringes on the musical composition of the Head Song in violation of Ms. Anderson's rights.

71.     Upon information and belief, DISTROKID, TME and CHAMBERS have licensed or benefitted from the licensing of the Song to third parties and the radio play, streaming and synchronization of the Song and they have collected funds in violation of Ms. Anderson's rights.

72.     Upon information and belief, DISTROKID has received money for the infringing composition and has paid or caused other corporate entities to pay CHAMBERS and/or TME monies associated with the composition for the Song.

73.    DISTROKID, with the assistance of CHAMBERS and/or TME, has violated Ms. Anderson's rights to control, sell, market, and distribute the Head Song and derivate works of the Head Song and it has committed copyright infringement.

74.    Ms. Anderson seeks (1) to enjoin the activity of DISTROKID; (2) an award of actual or statutory damages per sale; (3) attorney's fees relating to DISTROKID's actions; and (4) an injunction prohibiting the sale of the infringing composition.

**COUNT IV**
**COPYRIGHT INFRINGEMENT**
(by PLAINTIFF against RECORDS DK and DOES 11-15)

75.    Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

76.    Ms. Anderson is the co-author of the Head Song which is registered with the Copyright Office.

77.    CHAMBERS is a composer of the Song.

78.    RECORDS DK received an interest in the Song through its relationship with CHAMBERS, TME and/or DISTROKID.

79.    RECORDS DK, DISTROKID, TME and CHAMBERS have unlawfully used the protectable elements of the musical composition of the Head Song and never sought Ms. Anderson's approval or permission to use the musical composition.

80.    RECORDS DK with the assistance of CHAMBERS, TME and/or DISTROKID has infringed on Ms. Anderson's rights under the Act.

81.    The Head Song is substantially similar to the Song.

82.    RECORDS DK with assistance from CHAMBERS, TME and/or DISTROKID marketed, licensed and/or benefited from the exploitation of the Song in violation of Ms. Anderson's rights.

83.    The Song infringes on the musical composition of the Head Song in violation of Ms. Anderson's rights.

84.    Upon information and belief, RECORDS DK, DISTROKID, TME and/or CHAMBERS have licensed or benefitted from the licensing of the Song to third parties and the radio play, streaming and synchronization of the Song and they have collected funds in violation of Ms. Anderson's rights.

85.    Upon information and belief, RECORDS DK has received money for the infringing composition and has paid or caused other corporate entities to pay CHAMBERS, TME and/or DISTROKID monies associated with the composition for the Song.

86.    RECORDS DK, with the assistance of CHAMBERS, TME and/or DISTROKID, has violated Ms. Anderson's rights to control, sell, market, and distribute the Head Song and derivate works of the Head Song and it has committed copyright infringement.

87.    Ms. Anderson seeks (1) to enjoin the activity of RECORDS DK; (2) an award of actual or statutory damages per sale; (3) attorney's fees relating to RECORD DK's actions; and (4) an injunction prohibiting the sale of the infringing composition.

**COUNT V**
**COPYRIGHT INFRINGEMENT**
(by PLAINTIFF against TUNECORE and DOES 16-20)

88.    Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

89.    Ms. Anderson is the co-author of the Head Song which is registered with the Copyright Office.

90.    CHAMBERS is a composer of the Song.

91.    TUNECORE received an interest in the Song through its relationship with CHAMBERS, TME, DISTROKID and/or RECORDS DK.

92.     TUNECORE, RECORDS DK, DISTROKID, TME and CHAMBERS have unlawfully used the protectable elements of the musical composition of the Head Song and never sought Ms. Anderson's approval or permission to use the musical composition.

93.     TUNECORE with the assistance of CHAMBERS, TME, DISTROKID, and/or RECORDS DK has infringed on Ms. Anderson's rights under the Act.

94.     The Head Song is substantially similar to the Song.

95.     TUNECORE with assistance from CHAMBERS, TME, DISTROKID and/or RECORDS DK marketed, licensed and/or benefited from the exploitation of the Song in violation of Ms. Anderson's rights.

96.     The Song infringes on the musical composition of the Head Song in violation of Ms. Anderson's rights.

97.     Upon information and belief, TUNECORE, RECORDS DK, DISTROKID, TME and/or CHAMBERS have licensed or benefitted from the licensing of the Song to third parties and the radio play, streaming and synchronization of the Song and they have collected funds in violation of Ms. Anderson's rights.

98.     Upon information and belief, TUNECORE has received money for the infringing composition and has paid or caused other corporate entities to pay CHAMBERS, TME, DISTROKID and/or RECORDS DK monies associated with the composition for the Song.

99.     TUNECORE, with the assistance of CHAMBERS, TME, DISTROKID, and/or RECORDS DK, has violated Ms. Anderson's rights to control, sell, market, and distribute the Head Song and derivate works of the Head Song and it has committed copyright infringement.

100.    Ms. Anderson seeks (1) to enjoin the activity of TUNECORE; (2) an award of actual or statutory damages per sale; (3) attorney's fees relating to TUNECORE's actions; and (4) an injunction prohibiting the sale of the infringing composition.

## COUNT VI
## UNJUST ENRICHMENT
(by PLAINTIFF against the DEFENDANTS)

101.    Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

102.    On or about May 21, 2020, The DEFENDANTS re-released the Album, and in turn re-released the Song, which embodied protectable elements from the Head Song in violation of Ms. Anderson's rights under the Act.

103.    Through the DEFENDANTS' use of the protectable elements of the Head Song, Ms. Anderson has conferred a benefit upon them.

104.    The DEFENDANTS were, and are aware of, and had knowledge of the benefits that they received from Ms. Anderson when they released the Song.

105.    The DEFENDANTS intended to receive, and ultimately did/have received financial gain and compensation through the release of the Song and the Album, and through sales and streams of the Song.

106.    Notwithstanding the financial gain and compensation that the DEFENDANTS received through their infringing use of the Head Song, Ms. Anderson has not received any financial gain or compensation through the commercial release of the Song whatsoever, and she has not been properly credited for her contribution(s) to the Song.

107.    The circumstances are such that it would be inequitable for the DEFENDANTS to retain the benefits that were conferred upon them by Mrs. Anderson, without providing any benefit to Ms. Anderson.

**WHEREFORE**, for the reasons set forth herein, Plaintiff respectfully requests that this Court award damages in her favor and against Defendants and each of them as follows:

a.   For general damages to be proven at trial in an amount in excess of Three Hundred Thousand ($300,000.00) dollars;

b.   For special damages to be proven at trial in an amount in excess of Three Hundred Thousand ($300,000.00) dollars;

c.   For an injunction, declaration, or other mandate that provides for Plaintiff to be properly credited as a "writer" on the Song;

d.   For an injunction, declaration, or other mandate that provides for Plaintiff to receive the publishing percentages she is entitled to as a "writer" on the Song;

e.   For an injunction, declaration, or other mandate that provides for Defendants to direct any and all third-parties whom they control to properly credit Plaintiff;

f.   For a full and proper accounting of any and all monies earned by the Album;

g.   For a full and proper accounting of any and all monies earned by the Song;

h.   For any prescribed statutory damages;

i.   For attorney's fees;

j.   For the costs of this action; and

k.   For any other and further legal and equitable relief this Court deems just and proper.

DATED this 7th day of June 2023.

**C.F. ALLEN LAW P.C.**


_____ /s/ Christopher Allen, Esq.

BY: CHRISTOPHER ALLEN, ESQ.
*Attorney for Plaintiff*
4355 Cobb Pkwy SE, Suite J269
Atlanta, GA 30039
Telephone: (470) 401-0021
E-Service: Chris@CFAllenLaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Ms. Anderson, hereby demands a trial by jury for all issues so triable.

DATED this 7th day of June 2023.

**C.F. ALLEN LAW P.C.**


_____ /s/ Christopher Allen, Esq.

## RESERVATION OF RIGHTS

Plaintiff, Ms. Anderson, reserves the right to further amend this Complaint, upon completion of her investigation and discovery, to assert any additional claims for relief against Defendants or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiff, Ms. Anderson, further reserves the right to seek and have punitive damages assessed against the DEFENDANTS.

DATED this 7th day of June 2023.

**C.F. ALLEN LAW P.C.**


_____ /s/ Christopher Allen, Esq.
