# EXHIBIT "B"

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAFT ELMORE, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| STUART THOMPSON; C.R. ENGLAND, INC.; AND ABC CORPORATIONS 1-3. | Fulton State Court Case No.: 23EV002569 |
| Defendants. | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendant STUART THOMPSON and C.R. ENGLAND, INC. (hereafter "Defendants"), by and through undersigned counsel, and respond to Plaintiff's Complaint (hereafter "Complaint") as follows:

## FIRST DEFENSE

Pending further investigation and discovery, Defendants show that Plaintiff's alleged injuries and damages were caused by the contributory and comparative negligence of the Plaintiff and, therefore, Plaintiff's recovery is barred or should be reduced by the proportion of Plaintiff's and/or non-party's negligence in accordance with O.C.G.A. § 51-12-33.

## SECOND DEFENSE

Plaintiff's claim has, to the extent that it is based upon common law principles of *respondeat superior*, been abrogated by the adoption of O.C.G.A. § 51-12-33.

## THIRD DEFENSE

Pending further investigation and discovery, Defendants assert the defenses of contributory/comparative negligence, assumption of the risk, lack of process and service of process, failure to avoid consequences, and failure to exercise ordinary care.  Further, Defendants reserve the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Upon information and belief, admitted.

2.

Defendants admit that Defendant Thompson was the driver of the tractor-trailer involved in the subject collision and is subject to the jurisdiction of this Court. Defendants deny that Defendant Thompson is a resident of Oregon.

3.

Denied, but Defendant Thompson has agreed that counsel for Defendants may accept service on his behalf.

4.

Defendants admit that Defendant C.R. England is a Utah corporation authorized to do business in Georgia with a principal place of business in Utah. Defendants further admit that Defendant C.R. England is subject to the jurisdiction of this Court. Defendants deny that its registered agent is as described in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 5 of Plaintiff's Complaint and, therefore, such allegations are denied.

6.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, such allegations are denied.

7.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, such allegations are denied.

8.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 8 of Plaintiff's Complaint and, therefore, such allegations are denied.

9.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 9 of Plaintiff's Complaint and, therefore, such allegations are denied.

10.

Denied.

11.

Admitted.

12.

Defendants admit that venue is proper as to all Defendants in the Atlanta Division of the U.S. District Court for the Northern District of Georgia. The

remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

## **FACTS**

13.

Defendants lack information and knowledge necessary to form a reasonable belief as to the truth of any allegations set forth in Paragraph 13 of Plaintiff's Complaint and, therefore, such allegations are denied.

14.

Defendants admit that Defendant Thompson was driving a 2022 Freightliner tractor-trailer north on Harris Road at the time of the subject collision, and that the collision occurred while Defendant Thompson was making a left turn. The remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendants admit that the subject collision occurred while Defendant Thompson was making a left turn. The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.

Denied.

## COUNT I – NEGLIGENCE OF DEFENDANT STUART THOMPSON

17.

Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 16 as if fully set forth herein.

18.

Denied.

19.

Defendants admit that a citation was issued to Defendant Thompson by the responding law enforcement officer for violation of O.C.G.A. § 40-6-71 and that the officer did not issue a citation to Plaintiff. The remaining allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendants admit that all drivers are charged with the duty to operate their vehicles in a manner prescribed by applicable Georgia law. Except as expressly admitted, the remaining allegations of Paragraph 20 of Plaintiffs' Complaint are denied.

21.

Denied.

22.

Denied.

**COUNT II – NEGLIGENCE OF DEFENDANT C.R. ENGLAND**

23.

Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

24.

Admitted.

25.

Defendants admit that if the common law doctrine of respondeat superior is still applicable in Georgia, then it will be applicable to Defendant C.R. England, Inc. as it relates to its employees. The remaining allegations of Paragraph 25 of Plaintiff's Complaint are denied.

26.

Denied.

27.

Denied.

28.

Denied.

## COUNT III – IMPUTED LIABILITY

29.

Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 28 as if fully set forth herein.

30.

Admitted.

31.

Admitted.

32.

Defendants admit that Defendant Thompson was operating his vehicle on the business of Defendant C.R. England, Inc. at the time of the subject collision; therefore, if the doctrines of imputed liability are still applicable in Georgia, they will be applicable to Defendant C.R. England, Inc. as it relates to its employees. The remaining allegations contained n Paragraph 32 of Plaintiff's Complaint are denied.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT C.R. ENGLAND, INC.

33.

Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 32 as if fully set forth herein.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

## DIRECT ACTION

38.

Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 37 as if fully set forth herein.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

## **FIFTH DEFENSE**

All allegations in Plaintiff's Complaint not specifically admitted or denied hereinabove are now generally denied.

WHEREFORE, having responded to Plaintiff's Complaint, Defendants pray the Court as follows:

(1)  That Plaintiff's Complaint be dismissed with prejudice;

(2)  That all issues of fact be tried by a jury of twelve (12);

(3)  That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for this Defendants' attorneys; and

(4)  For such and further relief as the Court deems just and proper.

*[Signature and date appear on following page]*

Respectfully submitted this 8th day of June, 2023.

                                         MCMICKLE, KUREY & BRANCH, LLP

                                       */s/ Elenore C. Klingler*
                                         KEVIN P. BRANCH
                                         Georgia Bar No. 111839
                                         ELENORE C. KLINGLER
                                         Georgia Bar No. 425190
                                         *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
Email: kpb@mkblawfirm.com
         eklingler@mkblawfirm.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C.  This document has been prepared in Times New Roman font, 14 point.

<u>/s/ Elenore C. Klingler</u><br>
For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the Court's *PACER* efiling system and statutory electronic service to:

Tiffiny M. Robinson, Esq.
MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007

Atlanta, GA 30343
trobinson@forthepeople.com
*Attorney for Plaintiff*

This 8th day of June, 2023.

*/s/ Elenore C. Klingler*
For the Firm
