**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHARON WILSON,<br><br>       Plaintiff,<br><br>v.<br><br>THE KROGER CO., SPIVEY JUNCTION STATION, LLC, PHILLIPS EDISON & COMPANY, LTD, and JOHN DOES 1-3,<br><br>       Defendants. | CIVIL ACTION NO. _____<br><br>Removed from State Court of Gwinnett County, Civil Action File No. 23-C-02937-S4<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE KROGER CO.'S DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT**

_____

**COMES NOW**, Defendant The Kroger Co. ("Defendant"), by and through the undersigned counsel, and hereby files its Defenses and Answer to Plaintiff's Complaint, showing this Court as follows:

**DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## SECOND DEFENSE

Plaintiff's claims should be denied because, at all relevant times, Defendant acted in an ordinary, reasonable, and prudent manner.

## THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant did not breach any duty(ies) owed to Plaintiff in relation to the alleged incidents giving rise to Plaintiff's Complaint.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities other than Defendant and for whom Defendant cannot be held legally liable.

## FIFTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant, and Plaintiff could have avoided the subject incident by exercising ordinary care.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorney's fees and costs upon which relief can be granted against Defendant and should be

dismissed accordingly. Defendant has not acted in bad faith, been stubbornly litigious, and has not caused Plaintiff unnecessary trouble and expense.

## SEVENTH DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation; and further reserves the right to amend this Answer to assert such defenses.

## EIGHTH DEFENSE

In response to the allegations contained in each numbered paragraph of Plaintiff's Complaint, Defendant answers as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

### 2.

In response to the averments alleged in Paragraph 2 of Plaintiffs' Complaint, Defendant admits it is an Ohio corporation authorized to do business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Cobb County, Georgia. By way of further response to said

paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

10.

Defendant leased the real property located at 1750 Hudson Bridge Road, Stockbridge, Georgia 30281. Defendant denies any remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits Plaintiff was present at the subject property on June 20, 2021. Defendant denies any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

15.

Defendant admits it leased the subject property. Defendant denies any remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

17.

Defendant admits it owes a duty to invitees to exercise ordinary care to keep its premises safe. Defendant denies any remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

All allegations not specifically admitted to above are hereby denied.

29.

Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 28 of Plaintiff's Complaint, which includes the relief sought in subparts (a) through (e).

**WHEREFORE**, Defendant respectfully requests that:

(a)     Plaintiff's Complaint be dismissed with all costs charged to Plaintiff;

(b)     Judgment is rendered in favor of Kroger and against Plaintiff;

(c)     That Kroger be discharged with all costs cast against Plaintiff;

(d)     That this matter be tried by a jury of twelve (12) persons regarding any issues not subject to summary adjudication; and

(e)    For such other and further relief as is just and proper.


Respectfully submitted, this 8th day of June, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          /s/ Alexander D. Perwich III
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia State Bar No.:  515323
Atlanta, Georgia 30326          Alexander D. Perwich III
Telephone:  (404) 870-1067          Georgia State Bar No.: 622240
Facsimile:    (404) 870-1030          *Counsel for Defendant The Kroger Co.*
Email: aperwich@grsmb.com
           ykintner@grsmb.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day electronically submitted the foregoing pleading, **Defendant The Kroger Co.'s Defenses and Answer to Plaintiff's Complaint** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notice regarding such filing to all counsel of record who are CM/ECF participants and mailed by United States Postal Service, first class postage prepaid, a paper cope of the same document to counsel of record who are non-CM/ECF participants. Counsel of record is as follows:

Adam A. Kemmerick, Esq.
FOY & ASSOCIATES, P.C.
3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
*Counsel for Plaintiff*

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1, and is prepared in Times New Roman 14-point font.

This the <u>8th</u> day of June, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Alexander D. Perwich III* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.:  515323 |
| Atlanta, Georgia 30326 | Alexander D. Perwich III |
| Telephone:  (404) 870-1067 | Georgia State Bar No.: 622240 |
| Facsimile:   (404) 870-1030 | *Counsel for Defendant The Kroger Co.* |
| Email: aperwich@grsmb.com | |
| ykintner@grsmb.com | |