*Sharon Wilson v. The Kroger Co., Spivey Junction Station,*
*LLC, Phillips Edison & Company, LTD, and John Does 1-3*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number:  23-C-02937-S4*

*Sharon Wilson v. The Kroger Co., Spivey Junction Station,*
*LLC, Phillips Edison & Company, LTD, and John Does 1-3*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER

**JOHN M. FOY**
DUNCAN M. HARLE
PATTY K. KIM
MYIA S. WOOD
DANIELLE M. WRICK
GEORGE L. FRENCH
ALONZO J. DAVIS ∆
CHARLES E. JOHNSON, III
JA'WAND JOI REED *
RADOSLAV P. BACHEV
KEVIN A. MCDONALD
JANELLE L. DENNARD ▫
BRANDY S. CITIZEN #
SHELDON R. DARTT
JOHN D. ROGERS, JR.
AMIT K. PATEL
AARON L. MICHELMAN+
ERIN E. SUSSMAN*
JULIE A. DLOTT
KIMBERLY E. WICHALONIS

KAREN L. MILLS
SYDNEY J. JAKES
NICA H. TALLMAN
DANIECE F. DYETT
SABRINA GILLANI ▲
DIERDRA WILLIAMS •
BASIL S. BUCHANAN, JR.
DOMINICK BONINO ⌂
STEVEN W. SACCOCCIA ▲
ALLISON HORNE
STEPHEN BERGER
ALEXANDER ZUBROWSKI

∆ ALSO LICENSED IN IL
* ALSO LICENSED IN FL
▫ ALSO LICENSED IN AZ
# ONLY LICENSED IN LA
+ ALSO LICENSED IN LA
▲ ALSO LICENSED IN AL
• ALSO LICENSED IN TN
⌂ ALSO LICENSED IN TX

# FOY & ASSOCIATES

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW
3343 PEACHTREE ROAD, N.E.
SUITE 350
ATLANTA, GEORGIA 30326

TELEPHONE (404) 400-4000   TOLL FREE (877) 873-4488
FACSIMILE (404) 873-4490
WWW.JOHNFOY.COM

October 10, 2022

Certified Mail 9414 8149 0256 0143 3655 33
Dennis Campbell
Sedgwick Claims Management Services on behalf of the Kroger Co.
PO Box 14452
Lexington, KY 40512
dennis.campbell@sedwick.com

Certified Mail 9414 8149 0256 0143 3655 40
Agnes Montalvo
Sompo Intentional
PO Box 2971
Clinton, IA 52733-2971

Re:  <u>Sharon Wilson v. The Kroger Company</u>
Our Client:  Sharon Wilson
Your Insured:  Kroger Co : 1750 Hudson Bridge Road, Stockbridge, GA 30281
Date of Loss:  06/20/2021
Claim No.:  Sedgwick 4021061F9D1-0001
Sompo 10453707

## <u>OFFER OF SETTLEMENT AND COMPROMISE CONTAINED HEREIN</u>
## <u>NOT ADMISSIBLE IN ANY FORUM</u>

Dear Mr. Campbell:

The following material, including medical reports, bills, receipts, analysis, evaluations, and other documents, has been compiled to evaluate the liability of your insured, the nature of our client's injuries, and the extent of damages sustained by our client as a result of the dangerous condition of your insured's property.

Page 1 of 5

This material is being submitted to you for purposes of negotiation only. Your review of this information is under the condition that nothing contained herein shall constitute an admission by our client and that nothing contained herein shall be admissible against our client at any hearing or trial.

## LIABILITY

On June 20, 2021, Sharon Wilson was injured as she was walking through Kroger, located at 1750 Hudson Bridge Road Stockbridge, GA. As our client walked down an aisle of your insured's premises, she stepped in a puddle of water that was leaking from the ceiling, resulting in injury.

Under Georgia law, an **owner or occupier** of land is liable for damages to an invitee for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. See O.C.G.A. §51-3-1. There was no exception for your insured, in this matter, therefore your insured had a statutory duty to keep the areas open to its customers in a safe condition. Because your insured allowed water to accumulate on the store floor, it failed to uphold the duty mandated by Georgia law. As a result of said negligence, our client slipped and fell on the floor and sustained injury for which your insured is now responsible.

The responsibility to keep the premise safe is a **nondelegable duty** under Georgia law. Feggans v. Kroger Co. 223 Ga. App. 47 (1996) This nondelegable duty to keep the area safe can only be passed on if Kroger had relinquished full control of the area to another party. Towles v. Cox 181 Ga. App. 194 (1986). The mere fact that Kroger has entered into an agreement with the property owner or leases the property does not absolve the store of its nondelegable duty. Moon v. Homeowners Association of Sibley Forest 202 Ga. App. 821 (1992).

It should be noted that there was no warning or wet floor signage placed at or near the area to provide notice to Sharon Wilson that she should expect water or any hazard on the floor. Because there were employees in the area, one would expect that the employee would notice the hazard and make an attempt to warn invitees, but this did not happen. Because of these employees being in the area of the fall prior to the actual fall, there was ample opportunity to discover and warn, had there been reasonable precautions taken to protect invitees from the foreseeable danger. See Jackson v. Waffle House, Inc., 245 Ga App. 371, 537 S.E. 2d. 188 (2000). Moreover, an owner/occupier "is on constructive notice of what a reasonable inspection would reveal." Id. Furthermore, the Georgia Supreme Court has noted that "constructive knowledge of a defect, i.e., that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect." See Keaton v. A.B.C. Drug Company, 266 Ga. 385, 467 S.E. 2d 558 (1996). Here, a reasonable inspection of the entry and exit area would have revealed the liquid on the floor. What's more, is that an employee was near the hazard and failed to clean it up or warn invitees, thereby breaching the duty charged to owners/occupiers.

In short, liability is not an issue. Sharon Wilson was an invitee on your insured's premises, and as such, was entitled to expect that your insured would exercise ordinary care to make its premises safe. Unfortunately, this was not the case and our client was injured as a result. We

believe that there is ample evidence to survive any motions for summary judgment and any other defense which might be asserted in the event that we are forced to file litigation in this matter.

## INJURIES AND TREATMENT

Immediately after the accident, Ms. Wilson sought treatment at The Kaufmann Clinic with complaints of pain to the chest, hands, feet, and legs. On physical and radiographical examination, Ms. Wilson was diagnosed with:

- **Low back pain**
- **Knee pain**
- **Anxiety**

Following the accident, Ms. Wilson was receiving treatment from Barbour Orthopaedics and Sports Medicine after continuing to complain of pain in her low back, hand, and knee. While at Barbour, she was diagnosed with the following:

- M12.561     Traumatic arthropathy, right knee
- M12.562     Traumatic arthropathy, left knee
- M25.469     Effusion, knee
- M25.532     Pain in left wrist
- M25.561     Pain in right knee
- M25.562     Pain in left knee
- M54.5         Lumbago
- M62.838     Muscle Spasm
- M79.642     Pain in left hand
- S33.5XXA   Sprain of ligaments of lumbar spine

Initially, Ms. Wilson thought she could manage her pain but soon realized additional care was needed. She sought treatment at Benchmark Physical Therapy, with complaints of severe, constant pain from her knee. Further physical examinations were done, and Ms. Wilson was diagnosed with:

- M25.561     Pain in right knee
- M25.562     Pain in left knee
- M62.81       Muscle weakness
- R26.2         Difficulty in walking

Continued testing was taken at Elite Radiology of Georgia. Ms. Wilson's test revealed the following:

### MRI of Lumbar Spine
- L2-L3: Disc bulge compressing on thecal sac
- L3-L4: Disc bulge compressing on thecal sac and causing some bilateral neuroforaminal narrowing
- L4-L5: Disc bulge with posterocentral protrusion type disc herniation

Page 3 of 5

## PAIN & SUFFERING

The negligent behavior of your insured's employees had a dramatic impact upon our client's life, and its effects will remain with her for quite some time. Our client experienced significant pain and suffering, both initially and in the days and weeks that followed. These sorts of injuries, while not life threatening, are painful, persistent, and extremely inconvenient. Our client's care required regular travel back and forth to the doctor for physical and other therapies, resulting in an extended disruption of normal life.

In order to further document the injuries and pain experienced by our client, we are enclosing medical records and billing statements, which provide a detailed account of our client's injuries, diagnosis, and treatment.

## DAMAGES

Sharon Wilson has incurred damages to date as follows:

| Medical Provider | Amount Charged |
|---|---|
| The Kaufmann Clinic- Atlanta | $645.00 |
| Barbour Orthopaedics and Sports Med | $10,434.61 |
| Benchmark Physical Therapy | $6,104.75 |
| Elite Radiology of Georgia, LLC | $1,950.00 |
| **Total Special Damages** | **$19,134.36** |

## SETTLEMENT PROPOSAL

In light of the pain and suffering which our client, Sharon Wilson, was forced to endure, due to the negligence of your insured, as well as the financial strain on her life, we are willing to settle this claim for the amount of **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)**. We are willing to recommend this figure to our client as a fair and reasonable resolution to this matter.

We would appreciate your response to this letter within thirty (30) days. We look forward to hearing from you in the near future so that we can discuss the resolution of this matter. jhawkins@johnfoy.com

Very truly yours,

FOY & ASSOCIATES, P.C.

Sheldon Dartt
Attorney at Law

SD:JH
Enclosures: