*Sharon Wilson v. The Kroger Co., Spivey Junction Station,*
*LLC, Phillips Edison & Company, LTD, and John Does 1-3*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number: 23-C-02937-S4*

*Sharon Wilson v. The Kroger Co., Spivey Junction Station,*
*LLC, Phillips Edison & Company, LTD, and John Does 1-3*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBA (Removal # 1:23-mi-99999)*

# EXHIBIT B:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS
## FILED IN THE STATE COURT OF COBB
## COUNTY, STATE OF GEORGIA

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02937-S4**
5/1/2023 5:00 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

SERVE

**SHARON WILSON**

PLAINTIFF

CIVIL ACTION
NUMBER:_____

23-C-02937-S4

VS.

**THE KROGER CO.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Adam A. Kemmerick, Esq.
John Foy & Associates
3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 2nd day of May, 2023 _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02937-S4**

**5/1/2023 5:00 PM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

SHARON WILSON,

     **Plaintiff,**

**v.**

THE KROGER CO., SPIVEY JUNCTION
STATION, LLC, PHILLIPS EDISON &
COMPANY LTD, and JOHN DOES 1-3.

     **Defendants.**

Civil Action File No.:

     23-C-02937-S4

### <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff, SHARON WILSON, by and through the undersigned Counsel of Record, and brings this personal injury action seeking recovery for personal injuries and damages, and states a complaint against the named Defendants on the allegations set forth below:

### <u>PARTIES, JURISDICTION AND VENUE</u>

1.

Plaintiff is a resident of the State of Georgia. By bringing this action, Plaintiff submits herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant, THE KROGER CO. (hereinafter referred to as "Defendant Kroger"), is a foreign for-profit corporation, organized under the laws of Ohio, which is authorized to and does transact business within the state of Georgia.

3.

Defendant Kroger may be served with Summons, Complaint, Plaintiff's First Interrogatories, Plaintiff's First Requests for Admissions and Plaintiff's First Request for

Production of Documents, by delivering the same upon its registered agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

4.

Defendant, SPIVEY JUNCTION STATION LLC (hereinafter referred to as "Defendant Spivey Junction"), is a foreign limited liability company, organized under the laws of Delaware, which is authorized to and does transact business within the state of Georgia.

5.

Defendant Spivey Junction may be served with Summons, Complaint, Plaintiff's First Interrogatories, Plaintiff's First Requests for Admissions and Plaintiff's First Request for Production of Documents, by delivering the same upon its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

6.

Defendant, PHILLIPS EDISON & COMPANY LTD. (hereinafter referred to as "Defendant Phillips Edison"), is a foreign limited liability company, organized under the laws of Ohio, which is authorized to and does transact business within the state of Georgia.

7.

Defendant Phillips Edison may be served with Summons, Complaint, Plaintiff's First Interrogatories, Plaintiff's First Requests for Admissions and Plaintiff's First Request for Production of Documents, by delivering the same upon its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

8.

John Doe 1-3, whose identities are currently unknown, are subject to the jurisdiction and venue of this Court and will be named and served with Summons and Complaint when their respective identities are revealed.

9.

Defendants are subject to the jurisdiction of this Court and Venue is proper in the State Court of Gwinnett County.

**STATEMENT OF FACTS**

10.

At all times pertinent to the allegations of this Complaint, Defendants owned, operated, controlled, managed and/or maintained 1750 Hudson Bridge Rd, Stockbridge, Ga 30281, a store commonly known as Kroger.

11.

At all times pertinent to the allegations, Defendants and their officers, agents, and employees were involved in the acts and omissions which give rise to this lawsuit and negligently failed to maintain the premises in a safe and reasonable manner.

12.

On or about June 20, 2021, Plaintiff was an invitee at the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

13.

While shopping inside the premises, Plaintiff slipped and fell due to a foreign liquid substance on the floor.

14.

Plaintiff suffered serious and significant injuries as a result of slipping on the foreign liquid substance on the floor and falling.

15.

Defendants had exclusive control and management of the Premises.

16.

At all times material and relevant, Plaintiff exercised ordinary care and diligence under the circumstances then existing.

17.

Under Georgia law, an owner or occupier of land is liable for damages "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." (See, O.C.G.A. § 51-3-1).

18.

The foreign liquid substance on the floor constituted a dangerous, unsafe hazard to invitees

19.

Defendants had actual and/or constructive knowledge of the hazard.

20.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

21.

Defendants were negligent in failing to keep the premises and approaches safe for an invitee, which was the direct and proximate cause of Plaintiff's injuries.

22.

Defendants failed to warn invitees, including Plaintiff, of the hazardous condition at the Premises.

23.

This is a clear liability case caused by Defendants' negligent conduct in that: 1) Defendants own and/or operates the premises where the incident in question occurred; 2) Plaintiff was injured when she slipped on a foreign substance on the floor of the premises; 3) Defendants are vicariously liable for the negligent acts and omissions of Defendant's employees; 4) Defendants had a duty to exercise ordinary care in keeping the premises and approaches of the premises safe; 5) Defendants breached that duty; and 6) Defendant's breach of that duty caused injury to the Plaintiff.

24.

As a direct and proximate result of Defendants' negligent and wrongful acts and omissions as set forth herein, Plaintiff suffered injuries to her back, knees, hand and wrist.

25.

As a direct and proximate result of Defendants' negligent and wrongful acts and omissions, Plaintiffs incurred medical and other expenses in treatment for said personal injuries in an amount that exceeds $19,134.36 and continues to incur medical expenses for treatment and care of the injuries sustained in such amount as shall be established by the evidence presented at the trial of this matter.

26.

As a direct and proximate result of the Defendants' negligence, Plaintiff suffered mental and physical pain, suffering and distress and will continue to suffer mental and physical pain,

suffering and distress in the future., and is entitled to damages for the same in an amount to be proven at trial.

27.

As a direct and proximate result of the Defendant's negligence Plaintiff has incurred the following damages to which the Plaintiff is entitled to recover from the Defendant: bodily injury; past and future pain and suffering; loss of enjoyment of life; lost wages; lost earning capacity; past and future medical expenses; attorney's fees and expenses of litigation.

28.

WHEREFORE, the Plaintiff having set forth the facts and circumstances in support of this cause of action, respectfully request that Plaintiff be GRANTED:

(a)   A trial by jury;

(b)   Plaintiff be awarded actual damages in amounts to be shown at trial;

(c)   Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in an amount to be determined by the enlightened conscience of a jury at trial;

(d)   Attorney's fees and expenses of litigation in an amount to be determined at trial; and

(e)   Such other relief as this Court may deem fair and reasonable.

Respectfully submitted this 1st day of May, 2023.

**FOY & ASSOCIATES, P.C.**

*/S/Adam A. Kemmerick* _____
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

**SHERIFF'S ENTRY OF SERVICE**

SC-89-2

CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. 23-C-D2937-S1

Date Filed _____

|  | Superior Court | ☐ | Magistrate Court | ☐ |
|--|----------------|---|------------------|---|
|  | State Court | ☒ | Probate Court | ☐ |
|  | Juvenile Court | ☐ |  |  |

**SERVE**

Georgia, Gwinnett COUNTY

Attorney's Address
Adam Kemmerick
Foy Associates
3343 Peachtree Road, NE, Suite 350
Atlanta, GA 30326

Sharon Wilson

Plaintiff

VS.

The Kroger Co, Spivey Junction
Station, Phillips Edison

Defendant

Name and Address of Party to be Served.
The Kroger Co.
CSC of Cobb County, Inc.
192 Anderson Street SE, Suite 125
Marietta, GA 30060

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant The Kroger Co _____ a corporation
by leaving a copy of the within action and summons with Terry Thompson
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of 6-9-23 , 20 _____.

McAfee 16039

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE CLERK   CANARY PLAINTIFF   PINK DEFENDANT



**ASE / ALL**
**Transmittal Number: 26902483**
**Date Processed: 05/10/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Ste 1000<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Sharon Wilson vs. The Kroger Co. |
| **Matter Name/ID:** | Sharon Wilson vs. The Kroger Co. (14046445) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 23-C-02937-S4 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/09/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Foy & Associates, P.C.<br>404-400-4000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02937-S4**

**5/1/2023 5:00 PM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

SHARON WILSON,

**Plaintiff,**

v.

THE KROGER CO., SPIVEY JUNCTION
STATION, LLC, PHILLIPS EDISON &
COMPANY LTD, and JOHN DOES 1-3.

**Defendants.**

Civil Action File No.:

23-C-02937-S4

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### TO DEFENDANT THE KROGER CO.

COMES NOW Plaintiff SHARON WILSON, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, and hereby requests that Defendant THE KROGER CO. (hereinafter referred to as "Defendant"), respond separately in writing and under oath, to the following interrogatories within forty-five (45) days from the date of service as provided by law, with a copy of the responses be furnished to Plaintiff's counsel, Adam Kemmerick, of Foy & Associates, P.C. located at 3343 Peachtree Road, N.E., Suite 350, Atlanta, Georgia 30326.

### INSTRUCTIONS

Defendant is requested to respond to the following written interrogatories pursuant to O.C.G.A. §9-11-33.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory. If Defendant chooses to answer by reference to a document, they answer must identify the document upon which Defendant rely. These interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

In answering these interrogatories, furnish all information that is available to you, including information that is in the possession of your attorneys and agents. If you are unable to answer any of the following interrogatories in full, answer to the greatest extent possible, specifying the information that you are unable to provide and the reasons that you are unable to provide it. You are required to supplement your responses as provided by O.C.G.A. § 9-11-26 (e).

In the event that any answer or portion thereof will be withheld because of a claim of privilege or work product:

a.  State the basis upon which the privilege is or will be claimed;

b.  If a document is involved, state the author of the document, the date of the document, and the identity of the person possessing the document; and

c.  State the general subject matter of the information or any document or portion thereof for which the privilege is claimed.

## **DEFINITIONS**

a.  When used in these Interrogatories, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

b.  The terms "Defendant," and "you" and any synonym or plural thereof and derivatives therefrom mean the Defendant, THE KROGER CO., and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, subsidiaries, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. §9-11-33(a).

c.  The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

d. The term "lawsuit" shall refer to the instant action.

d. The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

e. The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

f. The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

g. The words "identify" or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, cellular phone, business phone, title, and if known, job description.

.h. Incident," "Occurrence," "Subject Occurrence," or "Subject Incident" shall refer to that occurrence of June 20, 2021, as referenced in Plaintiff's Complaint, where Plaintiff suffered personal injuries.

If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

Defendant is reminded of the duty to supplement its answers to these Interrogatories as required by O.C.G.A. §9-11-26(e).

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owner(s), lessor(s), lessee(s), and the operator(s) of the land, building and store known as the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, GA 30281. If these are two or more different persons or entities, indicate which are owners, lessors, lessees, or operators.

2.

Please identify all witnesses known to Defendant Kroger, who saw, or claim they saw, all or any part of the incident complained of in this action.

3.

Please identify all witnesses known to Defendant Kroger who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

4.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

5.

To your information or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

6.

If the response to Interrogatory No. 5 is affirmative, identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

7.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name and address of the correct defendant in this action.

8.

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify the name, address and telephone number of said party.

9.

Identify any person employed by Defendant Kroger who:

(a)  Was working at the area where the Plaintiff complained of sustaining trauma induced injuries on the date of the incident.

(b)  Worked at the above-referenced location at any time in the preceding 60 days from date of the incident.

10.

Identify all persons who are/were responsible for inspecting the ceiling for any damage or leaks at the location where the Plaintiff complained of sustaining trauma induced injuries from

January 1, 2021 through the date of the initial response to this request.

11.

Identify any and all persons known to Defendant Kroger who have complained of injuries alleged to have occurred at the Kroger premises at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281, from the period five (5) years prior to June 20, 2021 through the date of receipt of this interrogatory request.

12.

In reference to the individuals identified in the previous Interrogatory, please state the following:

(a)     The exact location where the individual sustained injury;

(b)     The cause which said individual alleges was responsible for the injury;

(c )     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

13.

Identify all services provided by Defendant Kroger or any entity hired by Defendant Kroger in connection with the maintenance of the premises on which the Plaintiff sustained injury.

14.

Please state whether any procedure or program existed for the regular inspection of the premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof.  If so:

(a)     Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such

procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable; and

(c )    Identify all documents relating to such procedure or program and their findings.

15.

Identify every document, report or memoranda relating to the subject incident or any of the injuries allegedly arising therefrom.

16.

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which investigators, if any, are in your regular employ.

17.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants?  If your answer is yes, please identify the party whom you contend was guilty of such negligence and describe their negligence.

18.

Please state, with respect to the premises where Plaintiff was injured, the following:

(a)     Whether any additions or changes in design or dimension were made to the premises on which the Plaintiff sustained injury from the date of the original construction to the date of these Interrogatories, and, if so, the dates and nature of any such changes;

(b)     The identity of the person or entity who made any such subsequent changes; and

(c)     The identity of the person or entity who designed any such subsequent changes.

19.

Please state whether Defendant Kroger, or anyone acting on its behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so: state the date Defendant Kroger acquired such knowledge and/or information, what knowledge and/or information it had, and whether any remedial and/or corrective action was taken based upon such knowledge.

20.

Provide a list with the names and requested information for the following:

(a) Defendant Kroger's associates/employees who conducted repairs, maintenance, installations, change outs, and/or of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and

(b) Any/all outside vendors, contractors, agents, representatives, individuals/other people, or companies who conducted service calls for the repairs, maintenance, installations, change outs and/or inspections of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and

(c) A list of who would have authorize, coordinated, and/or signed off on any repairs, maintenance, installations, change outs, and/or inspections of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and

(d) The list of the companies responsible for any service calls and/or work performed for

Defendant Kroger relative to the store location where Plaintiff was injured, regarding work relative to any plumbing, the roof and/or ceiling, and the HVAC, beginning from June 20, 2016 up through and including June 20, 2021, including identifying: 1) the specific area of the store where the work was performed; 2) the address and telephone number of the contracting parties; and 3) the duties of the contracting parties.

21.

For the period of time five (5) years prior to June 20, 2021 through the date of receipt of this interrogatory request, were there any contracts, work orders, or agreements of any kind with any individuals or entities regarding the maintenance or repair of any portion of the ceiling of the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281? If so, state:

(a)     The identity of the individuals and entities;

(b)     The address and telephone number of the individuals and entities;

(c)     The date that each agreement was entered into;

(d)     The date any maintenance or repair work was actually performed;

(e)     The specific location of the portion of the ceiling of the Kroger store where the maintenance or repair was to be performed;

(f)     A description of the maintenance or repair work performed.

22.

Does Defendant Kroger agree that there was liquid dripping from the ceiling to the floor in the location where Plaintiff fell on June 20, 2021? If so, provide a description of Defendant Kroger's understanding of the source of the liquid and why the liquid was dripping from the ceiling to the floor.

24.

List the title of any and all post-incident or accident forms, electronic or physical, that contain any information in any way related to the incident which has been made of this action, including, but not limited to, any post-accident sweep log, post-accident evidence log, post-accident statement log, post-accident inspection log, post-accident incident report, or any other similar or documentation completed by Defendant or Defendants employees or agents.

25.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which Defendant Kroger contends is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

26.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

27.

Please identify each person (whether your employee or not) who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

28.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

29.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant Kroger or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

30.

Identify every person who supplied Defendant Kroger with information, of whatever nature or description, used by your representative in answering these Interrogatories.

31.

Please state whether, in compiling Defendant Kroger answers to these Interrogatories, Defendant Kroger has made a reasonable and diligent effort to identify and provide not only such facts as are within its personal knowledge, but such facts as are also reasonably available to Defendant Kroger and/or any person acting on its behalf.

Respectfully submitted this 1st day of May, 2023.

**FOY & ASSOCIATES, P.C.**

*/s/Adam A. Kemmerick*
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02937-S4**

**5/1/2023 5:00 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHARON WILSON,

    **Plaintiff,**

**v.**

THE KROGER CO., SPIVEY JUNCTION
STATION, LLC, and PHILLIPS EDISON &
COMPANY LTD.

    **Defendants.**

Civil Action File No.:

23-C-02937-S4

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT THE KROGER CO.

Pursuant to O.C.G.A. § 9-11-34, the Plaintiff SHARON WILSON, (hereinafter referred to

as "Plaintiff") hereby requests that THE KROGER CO., (hereinafter referred to as "Defendant" or

"Defendant Kroger") produce and/or permit the Plaintiff to copy the requested documents.

Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial

of this case, whenever trial may be held.  When used in the Request for Production of Documents,

the identity "Defendant or any synonym thereof is intended to and shall embrace and include, in

addition to said entity, Counsel for Defendant Kroger, and all agents, servants, employees,

representatives, private investigators, and others who are in possession of or may have obtained

information for or on behalf of the Defendant Kroger.

This Request for the Production of Documents shall be deemed continuing, and

supplemental answers shall be required if the Defendant Kroger either directly or indirectly obtains

further information of the nature sought herein between the time that this Request is responded to

and the time of the trial.  These documents shall be produced at 10:00 a.m. on the forty-fifth (45)

Page 1 of 7

day after service, unless other arrangements are made between the parties.

## **DOCUMENTS REQUESTED**

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

2.

A true and correct copy of the floorplan of the Kroger store as it existed on June 20, 2021 as well as any and all photographs, drawings, maps or sketches of the scene of the incident which has been made the basis of this action.

3.

Any and all photographs, movies, videotapes or recordings of any kind of the Plaintiff while on Kroger premises on the date of the incident including but not limited to video of the parking lot.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person Defendant Kroger expects to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts or information about the subject matter of this action furnished by Defendant Kroger to any expert you expect to call as an expert witness on the trial of this case.

9.

All statements previously made by the Plaintiff concerning the subject matter of this action.

10.

All documents relating to any communication between Defendant, Defendant's employees or agents, and the Plaintiff.

11.

All documents relating to any communication between Defendant Kroger, and anyone acting on its behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

12.

All documents containing any information concerning Plaintiff's condition at any time prior to the happening of the accident.

Page 3 of 7

13.

All documents containing any information which has been received by you from any doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

14.

All documents or electronic data relating to any maintenance and/or cleaning logs in the store as a whole, as well as the specific section of the store where the incident occurred, for the thirty (30) days leading up to, and through, June 20, 2021.

15.

Provide any documents, including work orders, service orders, invoices, receipts, bills, etc., relative to any repairs, maintenance, installations, change outs, and/or inspections, of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021.

16.

Relative to the prior Request, Request Number 15, provide a list with the names of the following:

(a) Defendant Kroger's associates/employees who conducted repairs, maintenance, installations, change outs, and/or of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and

(b) Any/all outside vendors, contractors, agents, representatives, individuals/other people, or companies who conducted service calls for the repairs, maintenance, installations,

change outs and/or inspections of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and

(c) A list of who would have authorize, coordinated, and/or signed off on any repairs, maintenance, installations, change outs, and/or inspections of the plumbing, roof and/or ceiling, and HVAC and/or its parts, in the area where Plaintiff was injured, from June 20, 2016 up through and including June 20, 2021; and.

(d) The list of the companies responsible for any service calls and/or work performed for Defendant Kroger relative to the store location where Plaintiff was injured, regarding work relative to any plumbing, the roof and/or ceiling, and the HVAC, beginning from June 20, 2016 up through and including June 20, 2021, including identifying:  1) the specific area of the store where the work was performed; 2) the address and telephone number of the contracting parties; and 3) the duties of the contracting parties.

17.

Employee time logs for any employee who was working at the Kroger store where the incident alleged in Plaintiff's Complaint occurred, and for the seven (7) days preceding June 20, 2021 through seven (7) days after June 20, 2021.

18.

Any and all documents, logs or electronic data reflecting any inspection or sweep logs for the section of the premises where the incident occurred for the thirty (30) days leading up to, and through, June 20, 2021.

19.

Page **5** of **7**

Any and all documents or electronic data relating to Defendant's training materials for the cleaning or removal of liquids, objects, or any other materials from the store floors that had been disseminated prior to June 20, 2021.

20.

Any and all documents or electronic data relating to Defendant's practices or procedures for keeping floors free from liquids or other materials that could pose as a tripping or slipping hazard for invitees, that existed prior to June 20, 2021.

21.

Any and all documents or electronic data relating to Defendant's practices or procedures for cleaning or removing liquids, objects, or other materials that could pose as a tripping or slipping hazard for invitees, from the floors of Defendant's premises that existed prior to and through June 20, 2021.

22.

Blank copies of any and all documents or electronically stored data that reflects any post-incident or accident forms that existed prior to and through June 20, 2021, including, but not limited to, any post-accident sweep log, post-accident evidence log, post-accident statement log, post-accident inspection log, post-accident incident report, or any other similar forms.

23.

Any and all documents or electronically stored data that reflects any post-incident or accident forms including, but not limited to, any post-accident sweep log, post-accident evidence log, post-accident statement log, post-accident inspection log, post-accident incident report, or any other similar forms that contain any information in any way related to the incident which has been

made the basis of this action.

24.

Any and all documents or electronically stored data that refers to any roof leak or ceiling leak in the area of the Kroger store where Plaintiff is alleged to have been injured.

25.

Any documents or tangible properties in the Defendant Kroger's possession, custody or control which support any facts relevant to this litigation.

Respectfully submitted this 1st day of May, 2023.

**FOY & ASSOCIATES, P.C.**

*/S/Adam A. Kemmerick* _____
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02937-S4**

**5/1/2023 5:00 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHARON WILSON,

      **Plaintiff,**

**v.**

THE KROGER CO., SPIVEY JUNCTION
STATION, LLC, PHILLIPS EDISON &
COMPANY LTD, and JOHN DOES 1-3.

      **Defendants.**

**Civil Action File No.:**

    23-C-02937-S4

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT THE KROGER CO.

COMES NOW, SHARON WILSON, Plaintiff in the above-styled action, and pursuant to
O.C.G.A. § 9-11-36, hereby requests that Defendant THE KROGER CO. (hereinafter
"Defendant") respond to the following Request for Admissions:

### INTRODUCTION

Each matter to which an admission is requested shall be admitted unless, within thirty (30)
days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or
objection. If objection is made, the reasons therefore shall be stated. Your answer to each request
for admission shall specifically deny the matter or set forth in detail the reasons why you cannot
truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested
admission; and, when good faith requires that you qualify your answer or deny only a part of the
matter of which an admission is requested, you shall specify so much of it as true and qualify or
deny the remainder. You may not give lack of information or knowledge as a reason for failure to
admit or deny unless you state that you have made reasonable inquiry and that the information

known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider

that a matter to which an admission has been requested presents a genuine issue for trial, you may

not, on that ground alone, object to the request. If you fail to admit the genuineness of any

document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness

of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring

that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable

attorney's fees pursuant to O.C.G.A. § 9-11- 37(c).

## **DEFINITIONS**

(a) "Incident," "occurrence" shall refer to the incident that occurred on June 20, 2021, as

set forth in Plaintiff's Complaint.

(b) The terms "Defendant" and "you" mean each individually named Defendant.

## **ADMISSIONS**

Please admit the following facts:

1.

That you have been properly served with process in this action.

2.

That you have been properly served with Summons in this action.

3.

That you have been properly served with a Complaint in this action.

4.

That you raise no defense as to sufficiency of service of process in this action.

5.

That you are subject to the jurisdiction of this Court.

6.

That venue in this Court is proper as to you.

7.

That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

8.

Please admit that on June 20, 2021, Plaintiff was injured at Defendant's property located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

9.

Please admit that on June 20, 2021, there was no sign placed in the area at the subject location where the Plaintiff was injured to warn invitees of any dangerous or hazardous conditions in the area.

10.

Please admit that Plaintiff on June 20, 2021, Plaintiff was injured due to a dangerous or hazardous condition, located inside the subject location.

11.

Please admit that the Defendant did not remedy the dangerous or hazardous condition until after Plaintiff was injured on June 20, 2021, at the subject location.

12.

Please admit camera/video footage exists of the injured Plaintiff at the subject location after the subject slip and fall on June 20, 2021.

13.

Please admit you had a duty to protect patrons walking on and within the premises from any dangerous or hazardous conditions on the floor that could cause injuries on June 20, 2021.

14.

Please admit that you caused the incident on which the instant action is based.

15.

Please admit you have no evidence to support your contention Plaintiff contributed in part of whole to the injuries sustained on June 20, 2021.

16.

Please admit you have been subject to legal action arising from similar incidents.

17.

Please admit you have photographs and/or videos from the scene of the subject incident.

18.

That you are unaware of any facts supporting or tending to support any claim that any other person or entity, excluding yourself, was negligent in connection with the subject incident.

19.

You are aware of no witness or witnesses who can testify to any facts that support or would tend to support a claim that any other person or entity was negligent in connection with the subject incident.

20.

You are aware of no facts that support or would tend to support any claim that, excluding yourself, any other person or entity failed to exercise due care in connection with the subject incident.

21.

That you are aware of no witness or witnesses who can testify to any fact(s) you contend supports or tends to support any claim that any other person or entity, excluding yourself, failed to exercise due care in connection with the subject incident.

22.

That you are unaware of any facts that support or tends to support any claim or contention that Plaintiff caused the subject incident.

23.

That you are aware of no witness or witnesses who can testify that Plaintiff caused the subject incident.

24.

That you are unaware of any fac that supports or tends to support any claim or contention that Plaintiff contributed to the subject incident.

25.

That you are aware of no witness or witnesses who can testify that Plaintiff contributed to the subject incident.

26.

That you are unaware of any fact that supports or tends to support any claim or contention that Plaintiff was negligent in connection with the subject incident.

27.

That you are aware of no witness who can testify to any fact that supports or tends to support any claim that Plaintiff was negligent in connection with the subject incident.

28.

That you are aware of no fact that supports or tends to support any claim or contention that Plaintiff failed to exercise due care in connection with the subject incident.

29.

That you are aware of no witness who can testify to any fact that supports or tends to support any claim that Plaintiff failed to exercise due care in connection with the subject incident.

30.

That you caused the injuries Plaintiff sustained as a result of the incident on June 20, 2021.

31.

That as a result of the incident on June 20, 2021, the medical expenses incurred by Plaintiff were reasonable.

32.

That Plaintiff will reasonably incur medical expenses in the future as a result of the injuries sustained on June 20, 2021,

33.

That Plaintiff has sustained serious bodily injury, pain and suffering as a result of the incident on June 20, 2021.

34.

That you own the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

35.

That you are responsible for managing the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

36.

That you are responsible for inspection of the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

37.

That you are responsible for maintenance of the Kroger store located at 1750 Hudson Bridge Rd, Stockbridge, Ga 30281.

38.

There was liquid dropping down from the ceiling to the floor in the location where the incident occurred on June 20, 2021.

39.

There was a leak of liquid in the ceiling area above the location where the incident occurred on June 20, 2021.

40.

There was liquid dripping down from the ceiling to the floor in the location where the incident occurred on one or more dates prior to June 20, 2021.

41.

There was a leak of liquid in the ceiling area above the location where the incident occurred on one or more dates prior to June 20, 2021.

42.

Prior to June 20, 2021, Defendant was aware of one or more instances of liquid dripping down from the ceiling to the floor in the location where the incident occurred on June 20, 2021.

43.

Prior to June 20, 2021, Defendant was aware of one or more instances of a leak of liquid in the ceiling area above the location where the incident occurred on June 20, 2021.

44.

There was a leak of liquid in the ceiling area above the location where the incident occurred on one or more dates prior to June 20, 2021.

Respectfully submitted this 1st day of May, 2023.

FOY & ASSOCIATES, P.C.

/S/Adam A. Kemmerick
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com