Case 1:23-mi-99999-UNA   Document 1866-3   Filed 06/08/23   Page 1 of 8

2023CV01056                                                                                    e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. 2023CV01056 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC., ) | |
| NATIONAL CONTINENTAL ) | |
| INSURANCE COMPANY, ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign insurance company authorized to do business in Georgia that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant National Continental Insurance Company through its registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805. Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court.  Plaintiff incorporates

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well. Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT AIT ABDELHAK

8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on 1-75 in the 3rd lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE COMPANY

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

## DAMAGES

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com