Control Number : SOP-2311078xi

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

Ashley Bright

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Ait Abdelhak**

have been filed with the Secretary of State on 05/16/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Gabriela Esparza v. Ait Abdelhak
Court: State Court of Clayton County
Civil Action No.: 2023CV01056

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**H. Q. Alex Nguyen**
*CEO & Managing Partner*
*hqn@770goodlaw.com*

**Thomas Tung Tran**
*Client Experience Officer*
*Thomas@770goodlaw.com*



**770-GOOD-LAW.**
*AUTO ACCIDENT ATTORNEYS*
LAW OFFICE OF HUNG Q. NGUYEN & ASSOCIATES, LLC.

**Canditta M. McKinley**
*COO*
*Canditta@770goodlaw.com*

**YenHa T. Nguyen**
*CFO & HR Director*
*YenHa@770goodlaw.com*

**5495 Jimmy Carter Blvd., B-17, Norcross, Georgia 30093**

---

May 11, 2023

**Via U.S. Mail 7016 3560 0000 0346 5217**

Brad Raffensperge
Secretary of State of Georgia
Attn: Civil Service of Process
2 Martin Luther King, Jr. Drive, S.E.
Suite 313, West Tower
Atlanta, Georgia 30334

> **Re:** **Gabriela Esparza V. Ait Abdelhak, Vamar Inc., National Continental Insurance Company et al**
> **State Court of Clayton County, State of Georgia; CAFN: 2023CV01056**

Dear Secretary Brad:

The below enclosed documents are being served upon your good office in accordance with O.C.G.A. § 40-12-2:

1. Service Fee ($10.00);
2. Summons, Complaint and discovery package;
3. Acknowledgement of Receipt of Summons
4. Plaintiff's affidavit of compliance
5. Notice of service of process
6. Certificate of service and
7. Self-address envelop for return of acknowledgement

Please accept such service in the above referenced case as the defendant is a non-resident motorist. I ask that you kindly execute and return the Acknowledgement of Receipt of Summons to my attention at the above address.

Thank you for your consideration. Should you have any concerns, please do not hesitate to contact my office.

Sincerely,

[SIGNATURE BLOCK ON THE NEXT PAGE]

**770GOODLAW, H.Q. Alex**
**Nguyen Law Firm, LLC.**

By: _/s/ Sean B. Fields, Esq._
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
_Attorneys for Plaintiff_

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION
2023 MAY 16 AM 8:57

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
              Plaintiff,                    )       CIVIL ACTION FILE NO. 2023CV01056
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC.,                   )
NATIONAL CONTINENTAL                        )
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                           )
                                           )
              Defendants.                   )

## ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS

I hereby acknowledge receipt of a copy of the Summons and Complaint and discovery in

the above-styled action, along with the Certificate of Attorney Sean B. Fields.


This the _____ day of _____, 2023.


                                    _____
                                    Brad Raffensperge
                                    Secretary of State of Georgia
                                    [Or His Officer]

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, | ) |
| | ) |
| Plaintiff, | )     CIVIL ACTION FILE NO. 2023CV01056 |
| | ) |
| v. | ) |
| | ) |
| AIT ABDELHAK, VAMAR INC., | ) |
| NATIONAL CONTINENTAL | ) |
| INSURANCE COMPANY, | ) |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day served a copy of the

foregoing NOTICE OF ENTRY OF SERVICE upon all parties of record at:

by depositing same in the United States Mail, first class, in a properly addressed envelope with

adequate postage affixed thereto.

Respectfully submitted this 9th day of May 2023.

**770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

e-Filed 5/10/2023 1:49 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Sean B. Fields, the undersigned, I am the attorney who represents the plaintiff in the case of:

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 2023CV01056 |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I do herby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address;

**AIT ABDELHAK**
**3235 Golden Turtle Circle Apt. 202,**
**Louisville, KY, 40218 Jefferson County.**

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff's affidavit of compliance.

This May 9, 2023

Respectfully submitted,

Sean Fields, Esq.
GA State Bar No. 926158

The law office of;
770GOODLAW, H.Q. Alex Nguyen Law Firm, ELENA
5495 Jimmy Carter Boulevard, Suite B-J
Norcross, Georgia 30093

Sworn and subscribed before me this
_____ day of _____, 2023

_____
Notary Public, State of Georgia, County of Gwinnett
My commission Expires 10 - 31    20 26



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information**. The service of process being made relates to the following proceeding:

Style of Proceeding: Gabriela Esparza V. Ait Abdelhak, Vamar Inc.,National Continental Insurance Company., et. al.

(e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

Civil Action No./File No.: 2023CV01056

Court: State Court of Clayton County

(The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

☐ O.C.G.A. § 9-11-4(e)(1)*      ☐ O.C.G.A. § 14-8-46(i)*       ☐ O.C.G.A. § 14-11-209(f)*
☐ O.C.G.A. § 14-2-1510(b)      ☐ O.C.G.A. § 14-8-50(c)        ☐ O.C.G.A. § 14-11-703(h)*
☐ O.C.G.A. § 14-2-1520(c)      ☐ O.C.G.A. § 14-8-52(d)        ☐ O.C.G.A. § 14-11-707(c)
☐ O.C.G.A. § 14-2-1531(d)      ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
☐ O.C.G.A. § 14-3-1510(b)      ☐ O.C.G.A. § 14-9-902.1(i)*    ☒ O.C.G.A. § 40-12-2*
☐ O.C.G.A. § 14-3-1520(c)      ☐ O.C.G.A. § 14-9-906          ☐ O.C.G.A. § 40-1-117
☐ O.C.G.A. § 14-3-1531(d)      ☐ Other: O.C.G.A._____

Note:  Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information**. Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

Name of Business Entity or Individual: AIT ABDELHAK

Business Entity Control Number (if applicable): _____

The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

3235 Golden Turtle Circle Apt 202, KY, 40218 Jefferson County.

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

Name: 770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.

Address: 5495 Jimmy Carter Blvd., Suite B-17

Norcross, GA 30093

Email: litigation@770goodlaw.com

2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

**Tiki Brown**

**Clerk of State Court**

**Clayton County, Georgia**

Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
### 9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
### TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| GABRIELA ESPARZA |
|---|

Plaintiff

2023CV01056

Vs.

Case Number

| AIT ABDELHAK, VAMAR INC, |
|---|
| NATIONAL CONTINENTAL |
| INSURANCE COMPANY , |
| JOHN DOE1&2 ABC CORP.&XYZ CORP |

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

| 770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC. |
|---|
| 5495 Jimmy Carter Blvd. Suite B-17 |
| Norcross, GA, 30093 |

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W.Lawrence

By:_____

Deputy Clerk

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. 2023CV01056 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| AIT ABDELHAK, VAMAR INC., ) | |
| NATIONAL CONTINENTAL ) | |
| INSURANCE COMPANY, ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and

Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign

insurance company authorized to do business in Georgia that insured the commercial vehicle

involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service

of process may be perfected upon Defendant National Continental Insurance Company through its

registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805.

Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia

126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer")

involved in the collision that is the subject matter of this lawsuit.

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well. Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

**COUNT I**
**NEGLIGNECE OF DEFENDANT AIT ABDELHAK**

8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on I-75 in the 3rd lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE COMPANY

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

## DAMAGES

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. 2023CV01056 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK,VAMAR INC, ) | |
| NATIONAL CONTINENTAL ) | |
| INSURANCE COMPANY, ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Plaintiff in the above - styled action hereby certifies that a copy of PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT; has been served upon all parties and/or counsel of record by depositing a copy of the same in the United States Mail with sufficient postage affixed thereto ensure delivery as follows:

AIT ABDELHAK
3235 Golden Turtle Circle Apt 202
Louisville, KY 40218
Jefferson County.

Respectively submitted this 5th day of May 2023

[SIGNATURE TO CONTINUE ON NEXT PAGE]

**770GOODLAW, H.Q. Alex**
**Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF GABRIELA ESPARZA'S FIRST INTERROGATORIES TO DEFENDANT AIT ABDELHAK

TO:   AIT ABDELHAK
3235 Golden Turtle Circle
Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, GABRIELA ESPARZA (hereinafter "Plaintiff"), by and through undersigned counsel, serve the following Interrogatories to AIT ABDELHAK (hereinafter "Defendant"). The interrogatories shall be answered under oath by Defendant within the time and in the manner prescribed by law and in accordance with the following instructions and definitions. Each of the following interrogatories is continuing in the manner provided by law.

### DEFINITIONS

1.     As used herein, "Defendant," "you," "your," or "its" shall mean AIT ABDELHAK, his attorneys and agents, and all persons acting or purporting to act on his behalf.

2.     As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine, or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of

the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.     As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.     As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.     As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

13.     As used herein, "identify," when used in reference to <u>a person or an individual</u>, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person) and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person or other entity identified.

14.     As used herein, "identify," when used in reference to <u>a business, company, firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name, all present or last known addresses, and all telephone numbers.

15.     As used herein, "identify," when used in reference to <u>documents</u>, shall mean: (1) to state the name and date of the document, the date that document was originally created, the date that the document was first sent to any person, and the number of pages comprising the document; (2) to identify the person who created the document, each person to whom the document is addressed, and each person to whom copies of the document were or have been sent; (3) to provide a brief description of the subject matter of the document; and (4) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document. In lieu of identifying any documents, you may produce legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary.

16.     As used herein, "identify," when used in reference to <u>an oral statement or</u>

communication, shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication and whether it was recorded, and to identify each person who witnessed the communication.

17.     As used herein, the term "identify" when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.

## II. INSTRUCTIONS

1.     If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory.  If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2.     If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3.     If your response is qualified in any particular, please set forth the details of such qualifications.

4.     With respect to any interrogatories that call for the description of the contents of a document or ask you to identify documents, you may, in lieu of answering the interrogatory, attach such documents, or legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary, to your answers, specifying the exact interrogatory to which each such document relates.

5.      These interrogatories are continuing in character to the extent provided in the Georgia Civil Practice Act and require you to serve upon Plaintiffs supplemental answers as provided by the Georgia Civil Practice Act.

## **INTERROGATORIES**

1.

Identify yourself including your name, date of birth, place of birth, address of current residence, social security number and, if you are answering for someone else, your official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify your employers for the four years prior to the date of your response to these interrogatories specifically including the identity of your supervisor, the dates of employment, and a description of your duties.

4.

State the level of your formal education including the names of your high school(s) and college(s), and any other formal education, if applicable.  Please include all dates of attendance for any school or college you have attended.

5.

List in chronological order all of your residence addresses for the past ten (10) years, and the dates you resided at each address.

6.

State the full name, last-known address, and last-known telephone number of all persons with whom you resided on the date of the Collision.

7.

State the full name, last-known address, and last-known telephone number of all persons with whom you spent time, or with whom you interacted, within the twenty-four (24) hour period prior to the Collision.

8.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of, which is the subject of this lawsuit please:

(a) identify them;

(b) state whether you have obtained a statement from them;

(c) state the date that the statement was obtained;

(d) and the identity of the person who took the statement;

(e) describe the information which they possess which is relevant to this action;

(f) identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

9.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

(a)     its nature or type and specific subject matter;

(b)     the date and time it was made or taken;

(c)     the identity the person making or taking it;

(d)     its present location; and

(e)     the identity of the person at whose request it was made or taken.

10.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness you were suffering from at the time of the occurrence of the incident described in the Complaint please state as to each condition:

(a)     a full and complete description of any such condition, including its nature, extent and severity;

(b)     the duration of time, in months and days (or years if more applicable), that you had any such condition prior to this accident;

(c)     any medical or hospital examination, treatment or care you received for any such condition (including prescription eye wear and hearing aids);

(d)     the identity, including names and addresses, of all health care providers and doctors and hospitals involved in the examination, treatment or care for any such condition;

(e)  the dates of each and every such examination, treatment or care for any such condition; and

(f)  your entire medical history as it relates in any way to any such condition.

### 11.

Identify any alcoholic beverages, drugs or medications you took within 24 hours of the time of the subject collision, specifically stating the time the substance was consumed and the quantity of the substance that was consumed.

### 12.

With respect to each time you have been convicted of, or entered a plea of guilty to a crime, please state the nature of the charge, the date of the charge, the court of jurisdiction, and the place of the charge.

### 13.

State the class of license, the state of issue, and any limitations imposed thereon, of your driver's license on the date of the subject collision.

### 14.

Describe in detail how the accident which is the subject of this lawsuit happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the collision.

### 15.

Describe in detail each act or omission on the part of Plaintiff that you contend constituted negligence that was a contributing factual cause of the subject collision.

16.

Identify each person or entity you contend contributed to the cause of the subject collision, and as to each, describe the act or omission that you contend constituted a contributing factual cause of the collision.

17.

Please describe as fully as possible the date, time, weather and road conditions at the time and location of the subject collision, being sure to include conditions of light, precipitation and temperature.

18.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a)     describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

(b)     identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

19.

Identify any and all of your relatives, by blood or marriage, through second cousins, who reside in the county in which suit was brought by Plaintiff.

20.

For each and every bodily injury liability insurance policy that may be available to cover injuries suffered by Plaintiff as a result of the motor vehicle collision that forms the basis of Plaintiff's Complaint, what is the name of the insurance company, the name of the insured, the policy number and the limits of coverage?

21.

If you or any member of your immediate family (including but not limited to, spouse, children, parents, in-laws and siblings) presently hold, or have held in the last five years, any appointed or elected positions in the state, county or local governments, or in any civic, social or church organizations in this county, please identify the person, the organization, the position held and the length of time the position has been (or was) held.

22.

Did you have a mobile telephone with you in the vehicle at the time of the incident subject to this Complaint? If you did, please identify:

(a) the name of the telephone company that provided the mobile service for that telephone;

(b) the telephone number of that telephone;

(c) the person who owned the telephone; and

(d) the person in whose name the cellular service account for that person is held.

23.

State the name, web address, and user name for all blogs, online forums, and social networking websites that Defendant has belonged or had a membership in the last five (5) years to present.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC | ) |
| NATIONAL CONTINENTAL | ) |
| INSURANCE COMPANY | ) |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF GABRIELA ESPARZA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AIT ABDELHAK

TO:   AIT ABDELHAK
3235 Golden Turtle Circle
Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff GABRIELA ESPARZA (hereinafter "Plaintiff"), by and through undersigned counsel, serve the following Request for Production of Documents to Defendant AIT ABDELHAK (hereinafter "Defendant"), the responses to be served upon the undersigned attorney within the time required by law. Each of the following requests is continuing in the manner provided by law.

### I. DEFINITIONS

1.     As used herein, "Defendant," "you," or "your" shall mean AIT ABDELHAK, his attorneys and agents, and all persons acting or purporting to act on his behalf.

2.     As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all

information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.     As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.     As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.     As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and

is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1.      If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3.      If your answer is qualified in any particular, please set forth the details of such qualification.

4.      With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5.      If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your

possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6.      Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7.      Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8.      As to each document produced in response hereto, identify the request in response to which the document is being produced.

9.      Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

## III.  **REQUESTS FOR PRODUCTION**

1.

Please provide any and all police report(s) or other reports of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to Plaintiff's First Interrogatories to Defendant.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and

ordinary course of business relating to Plaintiff's injuries. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing, or in the approximate vicinity of the Plaintiff's injuries.

4.

Quality copies of any photographs or videos in Defendant's possession relating to this claim, including photographs or videos of the scene of the incident, the Fuel Station entrance door, and any other relevant objects.

5.

A copy of the declarations page of Defendant's insurance policy which was in effect on the date of the subject collision.

6.

Copies of any statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

7.

Copies of the driving record of the Defendant for the previous seven years obtained by an official state agency.

8.

Copies of any and all of the repair estimates of Plaintiff's vehicle for the damages it incurred as a result to the subject collision.

9.

Copies of any and all of the repair estimates of Defendant's vehicle for the damages it incurred as a result to the subject collision.

10.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant; whether or not such records or reports are for injuries sustained in the subject incident or at any other time.

11.

Copies of any employment records relating to the Plaintiff which have been obtained by Defendant or its agents.

12.

Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the incident or of any other aspect of the incident location which is the subject of this claim.

13.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

14.

Copies of any traffic citations or complaints relating to this incident which may have been issued to the Defendant or any other party.

15.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, e-mails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook, Myspace, Tumblr, TikTok, Instagram, SnapChat), for the previous five (5) years to the present that:

(a)     refer or relate to the allegations set forth in the complaint;

(b)     refer or relate to any facts or defenses raised in the answer;

(c)     reveal, refer or relate to any emotion, feeling or mental state; or

(d)     reveal, refer or relate to events that could reasonably be expected to produce a
        significant emotion, feeling or mental state.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By:  /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARZA, )
)
        Plaintiff, )     CIVIL ACTION FILE NO.
)
v. )
)
AIT ABDELHAK, VAMAR INC )
NATIONAL CONTINENTAL )
INSURANCE COMPANY )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
)
)
        Defendants. )

## PLAINTIFF GABRIELA ESPARZA'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT AIT ABDELHAK

TO:    AIT ABDELHAK
       3235 Golden Turtle Circle
       Apt.202, Louisville, KY 40218

COMES NOW, GABRIELA ESPARZA, Plaintiff, and, in compliance with O.C.G.A. § 9-11-36, requests the Defendant AIT ABDELHAK ("Defendant") to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, the Defendant is required to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

## REQUESTS FOR ADMISSIONS

1.

Please admit that this action brought against Defendant properly and correctly names the parties to be sued in this cause.

2.

Please admit that Defendant has been properly served with a Summons and Complaint in the above-styled action.

3.

Please admit that Defendant has been properly served with process in this action.

4.

Please admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

5.

Please admit that venue for the above-styled case is proper.

6.

Please admit that the Court has jurisdiction over Defendant.

7.

Please admit that Defendant, at all relevant times, operated a 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the 4/8/2022 collision.

8.

Please admit that Plaintiff, at all relevant times, operated a 2001 Honda Civic V.I.N; 2HGES16561H574612, involved in the 4/8/2022 collision.

9.

Please admit that a collision occurred on 4/8/2022 between the vehicle driven by Defendant and the vehicle driven by Plaintiff in Clayton County, Georgia.

10.

Please admit that the vehicle driven by Defendant while changing lane into plaintiff's lane, side swiped plaintiff's vehicle.

11.

Please admit that Defendant's vehicle committed citation to Plaintiff's vehicle prior to colliding with Plaintiff's vehicle.

12.

Please admit that Defendant driver failed to operate his vehicle in a safe and reasonable manner, by changing lanes improperly.

13.

Please admit that by changing lane improperly, Defendant driver did not have due regard for the speed of said vehicles.

14.

Please admit that by changing lanes improperly, Defendant Driver did not have due regard for the traffic and condition of the roadway.

15.

Please admit that Defendant owed Plaintiff a duty to exercise ordinary care in the operation and of his vehicle.

16.

Please admit that Defendant breached her duty to Plaintiff by changing lane improperly while operating her vehicle on 4/8/2022.

17.

Please admit that if Defendant had not changed lanes improperly, he would not have collided with the rear of Plaintiff's vehicle.

18.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the 4/8/2022 collision.

19.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the Plaintiff's injuries from the 4/8/2022 collision.

20.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the 4/8/2022 collision.

21.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the Plaintiff's injuries from the 4/8/2022 collision.

22.

Please admit that Defendant's actions were the sole cause of the 4/8/2022 collision.

23.

Please admit that Plaintiff did not contribute to causing 4/8/2022 collision.

24.

Please admit that no other person or entity contributed to causing the 4/8/2022 collision.

25.

Please admit that it is possible for a person to receive injuries in a motor vehicle collision.

26.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

27.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

28.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

29.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

30.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at

Advanced Imaging Center

31.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff amounted to $2,255.00.

32.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

33.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

34.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Life Orthopedic & Spine Center.

35.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff amounted to $50,602.00.

36.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

37.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

38.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Spectrum Health Services.

39.

Please admit that the medical treatment rendered by Spectrum Health Services.to Plaintiff amounted to $9,631.98.

40.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

41.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

42.

Please admit that as a result the4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

43.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $4,717.30

44.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

45.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

46.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

47.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $80.00

48.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

49.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

50.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Arrowhead Clinic.

51.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff amounted to $6,510.00

52.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

53.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

54.

Please admit that as a result of the 4/8/2022 collision Plaintiff incurred medical expenses in excess of TOTAL $73,796.28.

55.

Please admit that Plaintiff continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the 4/8/2022 collision.

56.

Please admit that as a result of the 4/8/2022 collision Plaintiff will need future medical treatment.

57.

Please admit that Plaintiff that as a result of the 4/8/2022 collision Plaintiff is entitled to general damages for her pain and suffering.

Respectfully submitted this 8th day of May 2023

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com