## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AIT ABDELHAK, VAMAR INC., DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY, JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) ) ) ) ) ) ) ) | Civil Action File No. 2023CV01056 |
| Defendants. | ) | |

### DEFENDANT AIT ABDEHLAK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Ait Abdelhak (hereinafter "Defendant Abdelhak"), and files his Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant Abdelhak upon which relief can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant Abdelhak caused or contributed to Plaintiff's alleged injuries.

### THIRD DEFENSE

Venue is, or may be, improper as to Defendant Abdelhak, and Plaintiff's Complaint should be dismissed on these grounds.

## FOURTH DEFENSE

Plaintiff's Complaint is, or may be, barred by the statute of limitations and must be dismissed on these grounds.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant Abdelhak.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be

applied to Defendant Abdelhak  in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2).  Specifically, said statutes, _inter alia_, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

## NINTH DEFENSE

For his Ninth defense, Defendant Abdelhak answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

3.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

4.

Defendant Abdelhak admits that he resides at 3235 Golden turtle Circle Apt. 202, Louisville, KY, 401218 Jefferson County and was a non-resident motorist. Defendant Abdelhak admits that he operated the 2022 Freightliner New Cascadia 126' Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

5.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Defendant Abdelhak admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Abdelhak denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Defendant Abdelhak admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant Abdelhak denies the allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

## NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant Abdelhak denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Abdelhak denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant Abdelhak denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE

30.

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant Abdelhak denies Plaintiff is entitled to recover from him any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant Abdelhak is hereby denied by Defendant Abdelhak.

WHEREFORE, having fully answered, Defendant Abdelhak demands judgment in his favor.  Defendant Abdelhak further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: */s/ Melissa C. Greene*
    MELISSA C. GREENE
    Georgia State Bar No. 580723
    SHARON OPILA
    Georgia State Bar No. 631777

*Counsel for Defendant Ait Abdelhak*

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARAZA,     )
                            )
        Plaintiff,       )
                            )
v.                          )
                            )     Civil Action File No.
AIT ABDELHAK, VAMAR INC.,  )     2023CV01056
NATIONAL CONTINENTAL     )
INSURANCE COMPANY,       )
JOHN DOE1&2 ABC CORP.&XYZ  )
CORP.                       )
                            )
        Defendants.    )
                            )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's e-filing system, which will automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

This 8th day of June, 2023.

By:   */s/ Melissa C. Greene*
         MELISSA C. GREENE
         State Bar No. 580723
         SHARON R. OPILA
         State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP     *Attorneys for Defendant Ait Abdelhak*
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220
   ..........
P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law