IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARAZA,<br><br>    Plaintiff,<br><br>v.<br><br>AIT ABDELHAK, VAMAR INC., NATIONAL CONTINENTAL INSURANCE COMPANY, JOHN DOE1&2 ABC CORP.&XYZ CORP.<br><br>    Defendants. | Civil Action File No.<br>2023CV01056 |

**DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant National Continental Insurance Company (hereinafter "Defendant National"), and files its Answer and Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to set forth a claim against Defendant National upon which relief can be granted.

**SECOND DEFENSE**

No action or inaction on the part of Defendant National caused or contributed to Plaintiff's alleged injuries.

8658812v.1

## THIRD DEFENSE

Venue is, or may be, improper as to Defendant National, and Plaintiff's Complaint should be dismissed on these grounds.

## FOURTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## FIFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal

laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2). Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

### SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

### SEVENTH DEFENSE

For its Seventh defense, Defendant National answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant National admits that it is a foreign insurance company authorized to do business in Georgia and that its resident agent is located at: CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805. National denies that venue is proper in this Court as to it. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint and therefore must deny the same.

3.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

4.

Upon information and belief, Defendant National believes that Defendant Abdelhak operated the 2022 Freightliner New Cascadia 126" Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

5.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

### NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Upon information and belief, Defendant National admits that Defendant Abdelhak was operating the 2022 Freightliner New Cascadia 126 Sleeper cab. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore must deny the same.

10.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore must deny the same.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Upon information and belief, Defendant National admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore must deny the same.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

### NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant National denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant National denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National denies the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant National denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is

without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III

## ACTION IN CONTRACT AGAINST DEFENDANT NATIONAL CONTINENTAL INSURANCE

30.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant National admits that on or about April 8, 2022 it had a contract of insurance in effect with Defendant Vamar which provided coverage for the operation of the tractor operated by Defendant Abdelhak. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant National denies Plaintiff is entitled to recover from it any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant National is hereby denied by Defendant National.

WHEREFORE, having fully answered, Defendant National demands judgment in its favor. Defendant National further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: /s/ Melissa C. Greene
MELISSA C. GREENE
Georgia State Bar No. 580723
SHARON OPILA
Georgia State Bar No. 631777

*Attorneys for Defendant National Continental Insurance Company, LLC*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARAZA,<br><br>      Plaintiff,<br><br>v.<br><br>AIT ABDELHAK, VAMAR INC.,<br>NATIONAL CONTINENTAL<br>INSURANCE COMPANY,<br>JOHN DOE1&2 ABC CORP.&XYZ<br>CORP.<br><br>      Defendants. | Civil Action File No.<br>2023CV01056 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT NATIONAL CONTINENTAL INSURACE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via statutory electronic service, addressed as follows:

Sean Fields, Esq.
Hung Q. Nguyen, Esq.
Attorneys for the plaintiff
5495 Jimmy Carter, Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com

13

This 8th day of June, 2023.

                        Respectfully submitted,

                        COPELAND, STAIR, VALZ
                         & LOVELL, LLP

                        By:   */s/ Melissa C. Greene*
                                MELISSA C. GREENE
                                State Bar No.: 580723
                                SHARON R. OPILA
                                Georgia State Bar No. 631777

                        *Attorneys for Defendant National Insurance Companies, LLC*

191 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220
Facsimile: (404) 523-2345
mgreene@csvl.law
sopila@csvl.law