# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                     )
                                      )
        Plaintiff,                 )
                                      )
v.                                    )
                                      )
AIT ABDELHAK, VAMAR INC.,             )     Civil Action File No.
NATIONAL CONTINENTAL                  )     2023CV01056
INSURANCE COMPANY,                    )
JOHN DOE1&2 ABC CORP.&XYZ             )
CORP.                                 )
                                      )
        Defendants.                )
                                      )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant Ait Abdelhak ("Defendant Abdelhak" hereinafter), Defendant Vamar Inc. ("Defendant Vamar" hereinafter), and Defendant National Continental Insurance Company ("Defendant National" hereinafter), by and through undersigned counsel, have filed a Petition for Removal in the office of the clerk of the United States District Court, Northern District of Georgia, Atlanta Division. A copy of the Petition for Removal is attached hereto as Exhibit "A." By virtue of law, the aforesaid case is now removed and all further proceedings in the State Court of Clayton County are stayed.

8682238v.1

COPELAND, STAIR, VALZ & LOVELL, LLP

By: /s/ Melissa C. Greene
MELISSA C. GREENE
Georgia State Bar No. 580723
SHARON OPILA
Georgia State Bar No. 631777

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

2

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,    )
           )
   Plaintiff,     )
           )
V.           )
           )
AIT ABDELHAK, VAMAR INC.,  )   Civil Action File No.
NATIONAL CONTINENTAL   )
INSURANCE COMPANY,    )
JOHN DOE1&2 ABC CORP.&XYZ )
CORP.          )
           )
   Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL pleading upon all parties to this matter via statutory electronic filing, addressed to counsel of record as follows:

<div align="center">

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

</div>

Respectfully submitted, this 8th day of June, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By:  /s/ Melissa C. Greene
MELISSA C. GREENE
State Bar No. 580723
SHARON R. OPILA
State Bar No. 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GABRIELA ESPARZA,            )
                             )
            Plaintiff,       )
                             )
v.                           )
                             )
AIT ABDELHAK, VAMAR INC.,    )           Civil Action File No.
NATIONAL CONTINENTAL         )
INSURANCE COMPANY,           )
JOHN DOE1&2 ABC              )
CORP.&XYZ CORP.              )
                             )
            Defendants.      )

## PETITION FOR REMOVAL

TO:  The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Defendant Ait Abdelhak ("Defendant Abdelhak" hereinafter), Defendant Vamar Inc. ("Defendant Vamar" hereinafter), and National Continental Insurance Company, ("Defendant National") hereinafter, by and through undersigned counsel, and hereby files this Petition for Removal and respectfully shows this Court the following:

1.     A civil action has been filed and is now pending in the State Court of Clayton County, State of Georgia, designated as Civil Action File No. 2023CV01056.

1

2.     The Summons and Complaint in that action were filed in the State Court of Clayton County on May 5, 2023 and were thereafter served upon the Secretary of State of the State of Georgia on May 16, 2023 pursuant to O.C.G.A. § 40-12-2 for Defendant Abdelhak. The Secretary of State filed a Certificate of Acknowledgement on May 16, 2023, certifying receipt of the copies of legal documents regarding service of process upon Defendant Abdelhak pursuant to O.C.G.A. § 40-12-2.  Thus, Defendant Abdelhak timely files this petition of removal.

3.     The Summons and Complaint were first received by Defendant National by service through National's registered agent on May 12, 2023.  Thus, National timely files this petition of removal.

4.     According to a May 18, 2023 Certificate of Acknowledgement, the Secretary of State of the State of Georgia received copies of legal documents regarding service of process upon Defendant Vamar on May 16, 2023 pursuant to O.C.G.A. § 40-1-117.  Thus, Defendant Vamar timely files this petition of removal.

5.     Defendant Abdelhak, Defendant National, and Defendant Vamar file herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 USC §§ 1446 and 1446(b), which are attached hereto as:

- Exhibit A, Summons;

- Exhibit B, Complaint;

- Exhibit C, Plaintiff's Affidavit of Compliance for Service of Process Upon Non-Resident Motorist;

- Exhibit D, Defendant Abdelhak's Secretary of State Certificate of Acknowledgment;

- Exhibit E, Defendant Vamar's Secretary of State Certificate of Acknowledgment;

- Exhibit F, Defendant Abdelhak's Answer and Defenses to Plaintiff's Complaint;

- Exhibit G, Defendant Abdelhak's Jury Trial Demand;

- Exhibit H, Defendant Vamar's Answer and Defenses to Plaintiff's Complaint;

- Exhibit I, Defendant Vamar's Jury Trial Demand;

- Exhibit J, Defendant National's Answer and Defenses to Plaintiff's Complaint;

- Exhibit K, Defendant National's Jury Trial Demand; and

- Exhibit L, Defendant Abdelhak, Defendant National, and Defendant Vamar's Notice of Removal;

6.    Defendant Abdelhak was at the commencement of this suit, and has at all times since, been a resident of Kentucky, residing at 3236 Golden Turtle Circle, #202, Louisville, Kentucky 40218.

7.     Defendant Vamar was at the commencement of this suit, and has at all times since, been a Domestic Corporation organized and existing under the laws of Illinois and having its principal place of business located at 1800 W Hawthorne Lane, Suite F1, West Chicago, Illinois 60185.

8. Defendant National was at the commencement of this suit, and has at all times since, been a Domestic Corporation organized and existing under the laws of Ohio and having its principal place of business located at 6300 Wilson Mills Road Cleveland, Ohio 44143.

9.     Plaintiff is a citizen of the State of Georgia.

10.     The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant Abdelhak, Defendant Vamar, and Defendant National pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the parties and Defendant Abdelhak, Defendant Vamar, and Defendant National are not residents of the State of Georgia, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense in determining whether a case satisfies the amount in controversy. Roe v. Michelin North America, Inc., 613 F.3d. 1058, 1064 (11th Cir. 2010); see also Carr v. Halloway, No. 5:09-

4

CV-327, 2010 WL 3937407 (M.D. Ga. Oct. 1, 2010) (granting motion for reconsideration in light of *Roe v. Michelin North America, Inc.* and concluding under *Roe* standard that amount in controversy was satisfied based on allegations in complaint); see also Dye v. Amdocs Development Centre India, LLP, No. 1:18-cv-02122, 2020 WL 5215182 (N.D. Ga. Aug. 31, 2020) (finding amount in controversy satisfied after medical records submitted with the plaintiff's pre-suit demand demonstrated the plaintiff's recommended surgery would increase the damages in excess of the required amount in controversy).

On January 6, 2023, Plaintiff submitted a demand wherein Plaintiff demanded $1,000,000 to settle the claims raised against Defendants in the Underlying Lawsuit. [Exhibit M][1]. Subsequently, Plaintiff filed the underlying lawsuit wherein she seeks to recover, inter alia, medical bills totaling $73,796.28, as well as "physical and mental pain and suffering in amount to proven at trial" and seeks punitive damages. [Exhibit B, p. 7 ⁋ 33 and p. 8]. Although the Complaint does not specify the amount of total damages Plaintiff seeks to recover in the lawsuit, Plaintiff has specifically stated her intention to seek recovery of at least $1,000,000 in the lawsuit. [Exhibit M]. Therefore, the amount in controversy far exceeds $75,000.00, exclusive of interest and costs.

---

[1] The demand has been redacted for privacy.

11.      Defendant Abdelhak, Defendant Vamar, and Defendant National have attached hereto a copy of the Notice of Removal in the State Court of Clayton County, Georgia.  [Exhibit L].

12.      This action is currently pending in the State Court of Clayton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.  28 U.S.C.A. § 1446(a).

WHEREFORE Defendant Abdelhak, Defendant Vamar, and Defendant National pray the above action now pending before the State Court of Clayton County, Georgia be removed to this Court.

This 8th day of June, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By:  _/s/ Melissa C. Greene_____
     MELISSA C. GREENE
     Georgia State Bar No. 580723
     SHARON OPILA
     Georgia State Bar No. 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GABRIELA ESPARZA,                    )
                                     )
           Plaintiff,                )
                                     )
v.                                   )
                                     )
AIT ABDELHAK, VAMAR INC.,            )        Civil Action File No.
NATIONAL CONTINENTAL                 )
INSURANCE COMPANY,                   )
JOHN DOE1&2 ABC                      )
CORP.&XYZ CORP.                      )
                                     )
           Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing

PETITION FOR REMOVAL pleading upon all parties to this matter via statutory

electronic filing, addressed to counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

7

Respectfully submitted, this 8th day of June, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By: */s/ Melissa C. Greene*
    MELISSA C. GREENE
    State Bar No. 580723
    SHARON R. OPILA
    State Bar No. 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
### 9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
### TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

GABRIELA ESPARZA

Plaintiff

Vs.

AIT ABDELHAK, VAMAR INC,
NATIONAL CONTINENTAL
INSURANCE COMPANY ,
JOHN DOE1&2 ABC CORP.&XYZ CORP

Defendant

2023CV01056

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.
5495 Jimmy Carter Blvd. Suite B-17
Norcross, GA, 30093

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W.Lawrence
By:_____
Deputy Clerk

A

2023CV01056

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIT ABDELHAK, VAMAR INC., | ) |
| NATIONAL CONTINENTAL | ) |
| INSURANCE COMPANY, | ) |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) |
| | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE NO. 2023CV01056

JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign insurance company authorized to do business in Georgia that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant National Continental Insurance Company through its registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805. Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

*B*

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates

2023CV01056

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2.  Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well.  Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court.  Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well.  Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT AIT ABDELHAK

8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

2023CV01056

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on 1-75 in the 3rd lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

**COUNT III**
**ACTION IN CONTRACT AGAINST DEFENDANT**
**NATIONAL CONTINENTAL INSURANCE COMPANY**

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

**DAMAGES**

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: _/s/ Sean B. Fields, Esq._
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
_Attorneys for Plaintiff_

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

e-Filed 5/10/2023 1:49 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Sean B. Fields, the undersigned, I am the attorney who represents the plaintiff in the case of:

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 2023CV01056 |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I do herby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address;

**AIT ABDELHAK**
**3235 Golden Turtle Circle Apt. 202,**
**Louisville, KY, 40218 Jefferson County.**

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff's affidavit of compliance.

This May 9, 2023

Respectfully submitted,

_____
Sean Fields, Esq.
GA State Bar No. 926158



2023CV01056

**The law office of;**
**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**
5495 Jimmy Carter Boulevard, Suite B-17
Norcross, Georgia 30093

Sworn and subscribed before me this
_____ day of _____, 2023

_____

Notary Public, State of Georgia, County of Gwinnett
My commission Expires 10 - 31    20 26

2023CV01056

e-Filed 5/18/2023 12:48 PM

Control Number : SOP-2311078i Brown

*Siki Brown*

Riki Brown
Clerk of State Court
Clayton County, Georgia

Ashley Bright

# STATE OF GEORGIA

### Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Ait Abdelhak**

have been filed with the Secretary of State on 05/16/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Gabriela Esparza v. Ait Abdelhak
Court: State Court of Clayton County
Civil Action No.: 2023CV01056

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

*D*

2023CV01056

**H. Q. Alex Nguyen**
*CEO & Managing Partner*
*hqn@770goodlaw.com*



**770-GOOD-LAW.**

AUTO ACCIDENT ATTORNEYS
LAW OFFICE OF HUNG Q. NGUYEN & ASSOCIATES, LLC.

**Canditta M. McKinley**
*COO*
*Canditta@770goodlaw.com*

**YenHa T. Nguyen**
*CFO & HR Director*
*YenHa@770goodlaw.com*

**Thomas Tung Tran**
*Client Experience Officer*
*Thomas@770goodlaw.com*

5495 Jimmy Carter Blvd., B-17, Norcross, Georgia 30093

May 11, 2023

Via U.S. Mail 7016 3560 0000 0346 5217

Brad Raffensperge
Secretary of State of Georgia
Attn: Civil Service of Process
2 Martin Luther King, Jr. Drive, S.E.
Suite 313, West Tower
Atlanta, Georgia 30334

Re:   **Gabriela Esparza V. Ait Abdelhak, Vamar Inc., National Continental
Insurance Company et al
State Court of Clayton County, State of Georgia; CAFN: 2023CV01056**

Dear Secretary Brad:

The below enclosed documents are being served upon your good office in accordance
with O.C.G.A. § 40-12-2:

1. Service Fee ($10.00);
2. Summons, Complaint and discovery package;
3. Acknowledgement of Receipt of Summons
4. Plaintiff's affidavit of compliance
5. Notice of service of process
6. Certificate of service and
7. Self-address envelop for return of acknowledgement

Please accept such service in the above referenced case as the defendant is a non-resident
motorist. I ask that you kindly execute and return the Acknowledgement of Receipt of Summons
to my attention at the above address.

Thank you for your consideration. Should you have any concerns, please do not hesitate
to contact my office.

Sincerely,

[SIGNATURE BLOCK ON THE NEXT PAGE]

2023CV01056

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com



2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,    )
            )
  Plaintiff,     )  CIVIL ACTION FILE NO. 2023CV01056
            )
v.           )
            )
AIT ABDELHAK, VAMAR INC.,  )
NATIONAL CONTINENTAL   )
INSURANCE COMPANY,    )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
            )
  Defendants.   )

## ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS

I hereby acknowledge receipt of a copy of the Summons and Complaint and discovery in

the above-styled action, along with the Certificate of Attorney Sean B. Fields.

This the _____ day of _____, 2023.

          _____
          Brad Raffensperge
          Secretary of State of Georgia
          [Or His Officer]

2023 MAY 16  AM 8: 57
RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
    Plaintiff,                         )   CIVIL ACTION FILE NO. 2023CV01056
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC.,                  )
NATIONAL CONTINENTAL                       )
INSURANCE COMPANY,                         )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                           )
                                           )
    Defendants.                       )

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, do hereby certify that I have this day served a copy of the

foregoing <u>NOTICE OF ENTRY OF SERVICE</u> upon all parties of record at:

by depositing same in the United States Mail, first class, in a properly addressed envelope with

adequate postage affixed thereto.

    Respectfully submitted this 9th day of May 2023.

                               **770GOODLAW, H.Q. Alex**
                               **Nguyen Law Firm, LLC.**

                               By: <u>/s/ *Sean B. Fields, Esq.*</u>
                               Sean Fields, Esq.
                               GA State Bar No. 926158
                               Hung Q. Nguyen, Esq.
                               Georgia Bar No.: 940370
                               *Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056
**2023CV01056**

e-Filed 5/10/2023 1:49 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Sean B. Fields, the undersigned, I am the attorney who represents the plaintiff in the case of:

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

GABRIELA ESPARZA,                )
                                 )
           Plaintiff,            )          CIVIL ACTION FILE NO. 2023CV01056
                                 )
v.                               )
                                 )
AIT ABDELHAK, VAMAR INC.,        )
NATIONAL CONTINENTAL             )
INSURANCE COMPANY,               )
JOHN DOE1&2 ABC CORP.&XYZ CORP.  )
                                 )
                                 )
           Defendants.           )

I do herby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address;

**AIT ABDELHAK**
**3235 Golden Turtle Circle Apt. 202,**
**Louisville, KY, 40218 Jefferson County.**

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff's affidavit of compliance.

This May 9, 2023

Respectfully submitted,

Sean Fields, Esq.
GA State Bar No. 926158

2023CV01056
2023CV01056

The law office of;
770GOODLAW, H.Q. Alex Nguyen Law Firm, ELENA
5495 Jimmy Carter Boulevard, Suite B-17
Norcross, Georgia 30093

Sworn and subscribed before me this
_____ day of _____ , 2023

_____
Notary Public, State of Georgia, County of Gwinnet ꜜ
My commission Expires 10 - 31    20 26

2023CV01056



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

# SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding:    Gabriela Esparza V. Ait Abdelhak, Verner Inc.,National Continental Insurance Company., et. al.

   _(e.g. name of the plaintiff vs. name of the defendant, or in the matter of..., etc.)_

   Civil Action No./File No.:    **2023CV01056**

   Court:    **State Court of Clayton County**

   _(The name of court the proceeding is pending in.)_

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*       ☐ O.C.G.A. § 14-8-46(i)*       ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)       ☐ O.C.G.A. § 14-8-50(c)       ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)       ☐ O.C.G.A. § 14-8-52(d)       ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)       ☐ O.C.G.A. § 14-9-104(g)*       ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)       ☐ O.C.G.A. § 14-9-902.1(i)*       ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)       ☐ O.C.G.A. § 14-9-906       ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)       ☐ Other: O.C.G.A._____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: **AIT ABDELHAK**

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   3235 Golden Turtle Circle Apt 202, KY, 40218 Jefferson County.

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:    770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.

   Address:    5495 Jimmy Carter Blvd., Suite B-17

   Norcross, GA 30093

   Email:    litigation@770goodlaw.com

Form SOP-1
(Rev 6/2018)

2023CV01056
2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

GABRIELA ESPARZA

Plaintiff

Vs.

AIT ABDELHAK, VAMAR INC,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ CORP

Defendant

2023CV01056

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.
5495 Jimmy Carter Blvd. Suite B-17
Norcross, GA, 30093

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W.Lawrence
By:_____
Deputy Clerk

2023CV01056
2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                )
                                 )
        Plaintiff,               )        CIVIL ACTION FILE NO. 2023CV01056
                                 )
v.                               )
                                 )        JURY TRIAL DEMANDED
AIT ABDELHAK, VAMAR INC.,        )
NATIONAL CONTINENTAL             )
INSURANCE COMPANY,               )
JOHN DOE1&2 ABC CORP.&XYZ CORP.  )
                                 )
                                 )
        Defendants.              )

## COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and

Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign

insurance company authorized to do business in Georgia that insured the commercial vehicle

involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service

of process may be perfected upon Defendant National Continental Insurance Company through its

registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805.

Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia

126" Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer")

involved in the collision that is the subject matter of this lawsuit.

Page 1 of 8

2023CV01056
**2023CV01056**

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126" Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126" Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126" Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates

2023CV01056
**2023CV01056**

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2.  Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well.  Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court.  Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well.  Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT AIT ABDELHAK
8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

2023CV01056
2023CV01056

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on I-75 in the 3ʳᵈ lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

2023CV01056
2023CV01056

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056
2023CV01056

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT III
### ACTION IN CONTRACT AGAINST DEFENDANT
### NATIONAL CONTINENTAL INSURANCE COMPANY

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

## DAMAGES

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

2023CV01056
2023CV01056

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056
2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                      )
                                       )
            Plaintiff,                 )      CIVIL ACTION FILE NO. 2023CV01056
                                       )
v.                                     )
                                       )      JURY TRIAL DEMANDED
AIT ABDELHAK,VAMAR INC,                )
NATIONAL CONTINENTAL                   )
INSURANCE COMPANY,                     )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                       )
                                       )
            Defendants.                )

### RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Plaintiff in the above - styled action hereby certifies that a copy of

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND PLAINTIFF'S

FIRST REQUEST FOR ADMISSIONS TO DEFENDANT; has been served upon all parties

and/or counsel of record by depositing a copy of the same in the United States Mail with sufficient

postage affixed thereto ensure delivery as follows:

AIT ABDELHAK
3235 Golden Turtle Circle Apt 202
Louisville, KY 40218
Jefferson County.

Respectively submitted this 5th day of May 2023

[SIGNATURE TO CONTINUE ON NEXT PAGE]

Page 1 of 2

2023CV01056
2023CV01056

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARZA,                          )
                                           )
          Plaintiff,                       )     CIVIL ACTION FILE NO.
                                           )
v.                                         )
                                           )     JURY TRIAL DEMANDED
AIT ABDELHAK, VAMAR INC                    )
NATIONAL CONTINENTAL                       )
INSURANCE COMPANY                          )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                           )
                                           )
          Defendants.                      )

---

**PLAINTIFF GABRIELA ESPARZA'S FIRST INTERROGATORIES TO**
**DEFENDANT AIT ABDELHAK**

TO:   AIT ABDELHAK
      3235 Golden Turtle Circle
      Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, GABRIELA ESPARZA (hereinafter

"Plaintiff"), by and through undersigned counsel, serve the following Interrogatories to AIT

ABDELHAK (hereinafter "Defendant"). The interrogatories shall be answered under oath by

Defendant within the time and in the manner prescribed by law and in accordance with the

following instructions and definitions. Each of the following interrogatories is continuing in the

manner provided by law.

**DEFINITIONS**

1.     As used herein, "Defendant," "you," "your," or "its" shall mean AIT ABDELHAK,

his attorneys and agents, and all persons acting or purporting to act on his behalf.

2.     As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine, or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of

the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.    As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.    As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.    As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

13.    As used herein, "identify," when used in reference to a person or an individual, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person) and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person or other entity identified.

14.    As used herein, "identify," when used in reference to a business, company, firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name, all present or last known addresses, and all telephone numbers.

15.    As used herein, "identify," when used in reference to documents, shall mean: (1) to state the name and date of the document, the date that document was originally created, the date that the document was first sent to any person, and the number of pages comprising the document; (2) to identify the person who created the document, each person to whom the document is addressed, and each person to whom copies of the document were or have been sent; (3) to provide a brief description of the subject matter of the document; and (4) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document.  In lieu of identifying any documents, you may produce legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary.

16.    As used herein, "identify," when used in reference to an oral statement or

communication, shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication and whether it was recorded, and to identify each person who witnessed the communication.

17.     As used herein, the term "identify" when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.

## II. INSTRUCTIONS

1.     If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory. If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2.     If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3.     If your response is qualified in any particular, please set forth the details of such qualifications.

4.     With respect to any interrogatories that call for the description of the contents of a document or ask you to identify documents, you may, in lieu of answering the interrogatory, attach such documents, or legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary, to your answers, specifying the exact interrogatory to which each such document relates.

5.     These interrogatories are continuing in character to the extent provided in the Georgia Civil Practice Act and require you to serve upon Plaintiffs supplemental answers as provided by the Georgia Civil Practice Act.

## **INTERROGATORIES**

### 1.

Identify yourself including your name, date of birth, place of birth, address of current residence, social security number and, if you are answering for someone else, your official position.

### 2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

### 3.

Identify your employers for the four years prior to the date of your response to these interrogatories specifically including the identity of your supervisor, the dates of employment, and a description of your duties.

### 4.

State the level of your formal education including the names of your high school(s) and college(s), and any other formal education, if applicable. Please include all dates of attendance for any school or college you have attended.

2023CV01056

5.

List in chronological order all of your residence addresses for the past ten (10) years, and the dates you resided at each address.

6.

State the full name, last-known address, and last-known telephone number of all persons with whom you resided on the date of the Collision.

7.

State the full name, last-known address, and last-known telephone number of all persons with whom you spent time, or with whom you interacted, within the twenty-four (24) hour period prior to the Collision.

8.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of, which is the subject of this lawsuit please:

(a) identify them;

(b) state whether you have obtained a statement from them;

(c) state the date that the statement was obtained;

(d) and the identity of the person who took the statement;

(e) describe the information which they possess which is relevant to this action;

(f) identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

2023CV01056

9.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

(a)     its nature or type and specific subject matter;

(b)     the date and time it was made or taken;

(c)     the identity the person making or taking it;

(d)     its present location; and

(e)     the identity of the person at whose request it was made or taken.

10.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness you were suffering from at the time of the occurrence of the incident described in the Complaint please state as to each condition:

(a)     a full and complete description of any such condition, including its nature, extent and severity;

(b)     the duration of time, in months and days (or years if more applicable), that you had any such condition prior to this accident;

(c)     any medical or hospital examination, treatment or care you received for any such condition (including prescription eye wear and hearing aids);

(d)     the identity, including names and addresses, of all health care providers and doctors and hospitals involved in the examination, treatment or care for any such condition;

2023CV01056

(e)   the dates of each and every such examination, treatment or care for any such condition; and

(f)   your entire medical history as it relates in any way to any such condition.

11.

Identify any alcoholic beverages, drugs or medications you took within 24 hours of the time of the subject collision, specifically stating the time the substance was consumed and the quantity of the substance that was consumed.

12.

With respect to each time you have been convicted of, or entered a plea of guilty to a crime, please state the nature of the charge, the date of the charge, the court of jurisdiction, and the place of the charge.

13.

State the class of license, the state of issue, and any limitations imposed thereon, of your driver's license on the date of the subject collision.

14.

Describe in detail how the accident which is the subject of this lawsuit happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the collision.

15.

Describe in detail each act or omission on the part of Plaintiff that you contend constituted negligence that was a contributing factual cause of the subject collision.

2023CV01056

16.

Identify each person or entity you contend contributed to the cause of the subject collision, and as to each, describe the act or omission that you contend constituted a contributing factual cause of the collision.

17.

Please describe as fully as possible the date, time, weather and road conditions at the time and location of the subject collision, being sure to include conditions of light, precipitation and temperature.

18.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a)    describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

(b)    identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

2023CV01056

19.

Identify any and all of your relatives, by blood or marriage, through second cousins, who reside in the county in which suit was brought by Plaintiff.

20.

For each and every bodily injury liability insurance policy that may be available to cover injuries suffered by Plaintiff as a result of the motor vehicle collision that forms the basis of Plaintiff's Complaint, what is the name of the insurance company, the name of the insured, the policy number and the limits of coverage?

21.

If you or any member of your immediate family (including but not limited to, spouse, children, parents, in-laws and siblings) presently hold, or have held in the last five years, any appointed or elected positions in the state, county or local governments, or in any civic, social or church organizations in this county, please identify the person, the organization, the position held and the length of time the position has been (or was) held.

22.

Did you have a mobile telephone with you in the vehicle at the time of the incident subject to this Complaint? If you did, please identify:

   (a) the name of the telephone company that provided the mobile service for that telephone;

   (b) the telephone number of that telephone;

   (c) the person who owned the telephone; and

   (d) the person in whose name the cellular service account for that person is held.

2023CV01056

23.

State the name, web address, and user name for all blogs, online forums, and social networking websites that Defendant has belonged or had a membership in the last five (5) years to present.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF GABRIELA ESPARZA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AIT ABDELHAK

TO:    AIT ABDELHAK
3235 Golden Turtle Circle
Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff GABRIELA ESPARZA

(hereinafter "Plaintiff"), by and through undersigned counsel, serve the following Request for

Production of Documents to Defendant AIT ABDELHAK (hereinafter "Defendant"), the

responses to be served upon the undersigned attorney within the time required by law. Each of the

following requests is continuing in the manner provided by law.

### I. DEFINITIONS

1.     As used herein, "Defendant," "you," or "your" shall mean AIT ABDELHAK, his

attorneys and agents, and all persons acting or purporting to act on his behalf.

2.     As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

Page 13 of 30

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.  The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all

information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.     As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.     As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.     As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and

is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1.    If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request.  If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3.    If your answer is qualified in any particular, please set forth the details of such qualification.

4.    With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5.    If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your

possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6.      Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7.      Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8.      As to each document produced in response hereto, identify the request in response to which the document is being produced.

9.      Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

### III.  REQUESTS FOR PRODUCTION

1.

Please provide any and all police report(s) or other reports of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to Plaintiff's First Interrogatories to Defendant.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and

2023CV01056

ordinary course of business relating to Plaintiff's injuries. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing, or in the approximate vicinity of the Plaintiff's injuries.

4.

Quality copies of any photographs or videos in Defendant's possession relating to this claim, including photographs or videos of the scene of the incident, the Fuel Station entrance door, and any other relevant objects.

5.

A copy of the declarations page of Defendant's insurance policy which was in effect on the date of the subject collision.

6.

Copies of any statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

7.

Copies of the driving record of the Defendant for the previous seven years obtained by an official state agency.

8.

Copies of any and all of the repair estimates of Plaintiff's vehicle for the damages it incurred as a result to the subject collision.

9.

Copies of any and all of the repair estimates of Defendant's vehicle for the damages it incurred as a result to the subject collision.

10.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant; whether or not such records or reports are for injuries sustained in the subject incident or at any other time.

11.

Copies of any employment records relating to the Plaintiff which have been obtained by Defendant or its agents.

12.

Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the incident or of any other aspect of the incident location which is the subject of this claim.

13.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

14.

Copies of any traffic citations or complaints relating to this incident which may have been issued to the Defendant or any other party.

15.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, e-mails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook, Myspace, Tumblr, TikTok, Instagram, SnapChat), for the previous five (5) years to the present that:

(a)     refer or relate to the allegations set forth in the complaint;

(b)     refer or relate to any facts or defenses raised in the answer;

(c)     reveal, refer or relate to any emotion, feeling or mental state; or

(d)     reveal, refer or relate to events that could reasonably be expected to produce a

        significant emotion, feeling or mental state.

Respectfully submitted this 8th day of May 2023

          **770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.**

          By:  /s/ *Sean B. Fields, Esq.*
          Sean Fields, Esq.
          GA State Bar No. 926158
          Hung Q. Nguyen, Esq.
          Georgia Bar No.: 940370
          *Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                        )
                                         )
            Plaintiff,                   )        CIVIL ACTION FILE NO.
                                         )
v.                                       )
                                         )
AIT ABDELHAK, VAMAR INC                  )
NATIONAL CONTINENTAL                     )
INSURANCE COMPANY                        )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                         )
                                         )
            Defendants.                  )

## PLAINTIFF GABRIELA ESPARZA'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT AIT ABDELHAK

TO:   AIT ABDELHAK
      3235 Golden Turtle Circle
      Apt.202, Louisville, KY 40218

COMES NOW, GABRIELA ESPARZA, Plaintiff, and, in compliance with O.C.G.A. § 9-11-36, requests the Defendant AIT ABDELHAK ("Defendant") to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, the Defendant is required to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

Page 21 of 30

2023CV01056

## REQUESTS FOR ADMISSIONS

1.

Please admit that this action brought against Defendant properly and correctly names the parties to be sued in this cause.

2.

Please admit that Defendant has been properly served with a Summons and Complaint in the above-styled action.

3.

Please admit that Defendant has been properly served with process in this action.

4.

Please admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

5.

Please admit that venue for the above-styled case is proper.

6.

Please admit that the Court has jurisdiction over Defendant.

7.

Please admit that Defendant, at all relevant times, operated a 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the 4/8/2022 collision.

8.

Please admit that Plaintiff, at all relevant times, operated a 2001 Honda Civic V.I.N; 2HGES16561H574612, involved in the 4/8/2022 collision.

9.

Please admit that a collision occurred on 4/8/2022 between the vehicle driven by Defendant and the vehicle driven by Plaintiff in Clayton County, Georgia.

10.

Please admit that the vehicle driven by Defendant while changing lane into plaintiff's lane, side swiped plaintiff's vehicle.

11.

Please admit that Defendant's vehicle committed citation to Plaintiff's vehicle prior to colliding with Plaintiff's vehicle.

12.

Please admit that Defendant driver failed to operate his vehicle in a safe and reasonable manner, by changing lanes improperly.

13.

Please admit that by changing lane improperly, Defendant driver did not have due regard for the speed of said vehicles.

14.

Please admit that by changing lanes improperly, Defendant Driver did not have due regard for the traffic and condition of the roadway.

15.

Please admit that Defendant owed Plaintiff a duty to exercise ordinary care in the operation and of his vehicle.

2023CV01056

16.

Please admit that Defendant breached her duty to Plaintiff by changing lane improperly while operating her vehicle on 4/8/2022.

17.

Please admit that if Defendant had not changed lanes improperly, he would not have collided with the rear of Plaintiff's vehicle.

18.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the 4/8/2022 collision.

19.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the Plaintiff's injuries from the 4/8/2022 collision.

20.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the 4/8/2022 collision.

21.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the Plaintiff's injuries from the 4/8/2022 collision.

22.

Please admit that Defendant's actions were the sole cause of the 4/8/2022 collision.

23.

Please admit that Plaintiff did not contribute to causing 4/8/2022 collision.

2023CV01056

24.

Please admit that no other person or entity contributed to causing the 4/8/2022 collision.

25.

Please admit that it is possible for a person to receive injuries in a motor vehicle collision.

26.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

27.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

28.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

29.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

30.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Advanced Imaging Center

31.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff amounted to $2,255.00.

32.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

33.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

34.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Life Orthopedic & Spine Center.

35.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff amounted to $50,602.00.

36.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

37.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

38.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Spectrum Health Services.

2023CV01056

39.

Please admit that the medical treatment rendered by Spectrum Health Services.to Plaintiff amounted to $9,631.98.

40.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

41.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

42.

Please admit that as a result the4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

43.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $4,717.30

44.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

2023CV01056

45.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

46.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

47.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $80.00

48.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

49.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

50.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Arrowhead Clinic.

51.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff amounted to $6,510.00

52.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

53.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

54.

Please admit that as a result of the 4/8/2022 collision Plaintiff incurred medical expenses in excess of TOTAL $73,796.28.

55.

Please admit that Plaintiff continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the 4/8/2022 collision.

56.

Please admit that as a result of the 4/8/2022 collision Plaintiff will need future medical treatment.

57.

Please admit that Plaintiff that as a result of the 4/8/2022 collision Plaintiff is entitled to general damages for her pain and suffering.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

e-Filed 5/18/2023 3:43 PM

*Siki Brown*
Siki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

Control Number : SOP-231105401

# STATE OF GEORGIA

### Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Vamar Inc

have been filed with the Secretary of State on 05/16/2023 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Gabriela Esparza v. Vamar Inc
Court: State Court of Clayton County
Civil Action No.: 2023CV01056

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

Control Number : SOP-23110540

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Gabriela Esparza v. Vamar Inc., et al**
**State Court of Clayton County**
**Civil Action No. 2023CV01056**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Vamar Inc**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
              Plaintiff,                    )
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC.,                   )        Civil Action File No.
DEFENDANT NATIONAL                          )        2023CV01056
CONTINENTAL                                 )
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ                    )
CORP.                                       )
                                           )
              Defendants.                   )

## DEFENDANT AIT ABDEHLAK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Ait Abdelhak (hereinafter "Defendant Abdelhak"), and files his

Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant Abdelhak upon which relief

can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant Abdelhak caused or contributed to

Plaintiff's alleged injuries.

### THIRD DEFENSE

Venue is, or may be, improper as to Defendant Abdelhak, and Plaintiff's Complaint

should be dismissed on these grounds.

8663310v.1



## FOURTH DEFENSE

Plaintiff's Complaint is, or may be, barred by the statute of limitations and must be dismissed on these grounds.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant Abdelhak.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).  Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be

2

applied to Defendant Abdelhak  in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2).  Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

### EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

3

## NINTH DEFENSE

For his Ninth defense, Defendant Abdelhak answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

3.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

4.

Defendant Abdelhak admits that he resides at 3235 Golden turtle Circle Apt. 202, Louisville, KY, 401218 Jefferson County and was a non-resident motorist. Defendant Abdelhak admits that he operated the 2022 Freightliner New Cascadia 126' Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">5.</div>

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">6.</div>

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">7.</div>

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

**COUNT 1**

**NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK**

8.

</div>

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Defendant Abdelhak admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Abdelhak denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Defendant Abdelhak admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant Abdelhak denies the allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

## NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant Abdelhak denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Abdelhak denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant Abdelhak denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE

30.

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant Abdelhak denies Plaintiff is entitled to recover from him any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant Abdelhak is hereby denied by Defendant Abdelhak.

WHEREFORE, having fully answered, Defendant Abdelhak demands judgment in his favor. Defendant Abdelhak further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: /s/ Melissa C. Greene
MELISSA C. GREENE
Georgia State Bar No. 580723
SHARON OPILA
Georgia State Bar No. 631777

*Counsel for Defendant Ait Abdelhak*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,

       Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

       Defendants.

Civil Action File No.
2023CV01056

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's e-filing system, which will automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

12

This 8th day of June, 2023.

By:  /s/ Melissa C. Greene
     MELISSA C. GREENE
     State Bar No. 580723
     SHARON R. OPILA
     State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP        *Attorneys for Defendant Ait Abdelhak*
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARZA,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
AIT ABDELHAK, VAMAR INC.,                   )        Civil Action File No.
DEFENDANT ABDELHAK                          )        2023CV01056
CONTINENTAL                                 )
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                       )
                                            )
        Defendants.                         )

## DEFENDANT AIT ABDELHAK'S  DEMAND FOR JURY TRIAL BY TWELVE (12)

        COMES NOW Ait Abdelhak (hereinafter "Abdelhak") and hereby demands that the

above captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

        This 8th day of June, 2023.

                                    Respectfully submitted,

                                    COPELAND, STAIR, VALZ & LOVELL,
                                    LLP

191 Peachtree Street, NE, Suite 3600    By: */s/ Melissa C. Greene*
P.O. Box 56887 (30343-0887)                 MELISSA C. GREENE
Atlanta, GA 30303-1740                      Georgia State Bar No. 580723
Telephone (404) 221-2319                    SHARON OPILA
Facsimile (404) 523-2345                    Georgia Bar No. 631777
mgreene@csvl.law
sopila@csvl.law                             *Attorneys for Defendant Ait Abdelhak*



8682530v.1

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARAZA,⁣      )
)
      Plaintiff,        )
)
v.                     )
)
AIT ABDELHAK, VAMAR INC., )      Civil Action File No.
NATIONAL CONTINENTAL   )      2023CV01056
INSURANCE COMPANY,     )
JOHN DOE1&2 ABC CORP.&XYZ )
CORP.                 )
)
      Defendants.     )
)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT AIT ABDELHAK'S DEMAND FOR JURY TRIAL BY

TWELVE (12) upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

This 8th day of June, 2023.

|              |                                         |
|--------------|-----------------------------------------|
| By:          | /s/ Melissa C. Greene                   |
|              | MELISSA C. GREENE                       |
|              | State Bar No. 580723                    |
|              | SHARON R. OPILA                         |
|              | State Bar No.: 631777                   |

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

*Attorneys for Defendant Ait Abdelhak*

..........
P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,

   Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

   Defendants.

Civil Action File No.
2023CV01056

### DEFENDANT VAMAR INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Vamar Inc. (hereinafter "Defendant Vamar"), and files

its Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant Vamar upon which relief

can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant Vamar caused or contributed to

Plaintiff's alleged injuries.

### THIRD DEFENSE

Venue is, or may be, improper as to Defendant Vamar, and Plaintiff's Complaint

should be dismissed on these grounds.



8680073v.1

## FOURTH DEFENSE

Plaintiff's Complaint is, or may be, barred by the statute of limitations and must be dismissed on these grounds.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant Vamar and insufficiency of service.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).  Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be

applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2).  Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

3

## NINTH DEFENSE

For its Ninth defense, Defendant Vamar answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant Vamar is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

3.

Defendant Vamar admits it is a corporation organized in the State of Illinois and its registered agent is Nodirakhon Kadirova, located at 1800 W Hawthorne Ln Ste F1, West Chicago, Illinois 60185. Defendant Vamar denies as stated all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Vamar admits that Defendant Abdelhak operated the 20022 Freightliner New Cascadia 126'' Sleeper Van. Defendant Vamar is without personal knowledge or

4

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">5.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">6.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">7.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Defendant Vamar admits the allegations contained in Paragraph 9 of Plaintiff's Complaint upon information and belief.

10.

Defendant Vamar denies the allegations contained in Paragraph 10 of Plaintiff's Complaint upon information and belief.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Defendant Vamar admits the allegations contained in Paragraph 13 of Plaintiff's Complaint upon information and belief.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore must deny the same.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

## NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant Vamar restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant Vamar denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Vamar denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint, and therefore must deny the same.

27.

Defendant Vamar denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">29.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

**COUNT III**
**ACTION IN CONTRACT AGAINST DEFENDANT**
**NATIONAL CONTINENTAL INSURANCE COMPANY**

</div>

<div align="center">30.</div>

Defendant Vamar restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

<div align="center">31.</div>

Defendant Vamar admits that on or about April 8, 2022 it had a policy of insurance with Defendant National Continental Insurance Company which provided coverage for the operation of the tractor operated by Defendant Abdelhak.  Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">32.</div>

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">**<u>DAMAGES</u>**</div>

<div align="center">33.</div>

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">34.</div>

Defendant Vamar denies Plaintiff is entitled to recover from it any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

<div align="center">35.</div>

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant Vamar is hereby denied by Defendant Vamar.

WHEREFORE, having fully answered, Defendant Vamar demands judgment in its favor.  Defendant Vamar further requests a trial by a jury of twelve (12) on all issues.

<div align="center">11</div>

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: */s/ Melissa C. Greene*
      MELISSA C. GREENE
      Georgia State Bar No. 580723
      SHARON OPILA
      Georgia State Bar No. 631777

      *Counsel for Defendant Vamar*

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARAZA,

        Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

        Defendants.

Civil Action File No.
2023CV01056

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

This 8th day of June, 2023.

By:    */s/ Melissa C. Greene*
MELISSA C. GREENE
State Bar No. 580723
SHARON R. OPILA
State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP    *Counsel for Defendant Vamar*
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                         )
                                          )
      Plaintiff,                        )
                                          )
v.                                        )
                                          )
AIT ABDELHAK, VAMAR INC.,                 )      Civil Action File No.
DEFENDANT ABDELHAK                        )      2023CV01056
CONTINENTAL                               )
INSURANCE COMPANY,                        )
JOHN DOE1&2 ABC CORP.&XYZ                 )
CORP.                                     )
                                          )
      Defendants.                       )

## DEFENDANT VAMAR INC.'S DEMAND FOR JURY TRIAL BY TWELVE (12)

COMES NOW Vamar Inc. (hereinafter "Vamar") and hereby demands that the above captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: */s/ Melissa C. Greene*
    MELISSA C. GREENE
    Georgia State Bar No. 580723
    SHARON OPILA
    Georgia Bar No. 631777

    *Attorneys for Defendant Vamar Inc.*



**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARAZA,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
AIT ABDELHAK,. VAMAR INC.,                  )          Civil Action File No.
NATIONAL CONTINENTAL                        )          2023CV01056
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                       )
                                            )
        Defendants.                         )
                                            )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT VAMAR'S DEMAND FOR JURY TRIAL BY TWELVE (12)

upon all parties to this matter via the Court's e-filing system, which will automatically

email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

2

This 8th day of June, 2023.

By:   _/s/ Melissa C. Greene_
      MELISSA C. GREENE
      State Bar No. 580723
      SHARON R. OPILA
      State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740        _Attorneys for Vamar Inc._
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
_mgreene@csvl.law_
sopila@csvl.law

3

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,                    )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )
                                       )
AIT ABDELHAK, VAMAR INC.,             )      Civil Action File No.
NATIONAL CONTINENTAL                  )      2023CV01056
INSURANCE COMPANY,                    )
JOHN DOE1&2 ABC CORP.&XYZ             )
CORP.                                  )
                                       )
         Defendants.                   )

## DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant National Continental Insurance Company (hereinafter "Defendant National"), and files its Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant National upon which relief can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant National caused or contributed to Plaintiff's alleged injuries.



8658812v.1

## THIRD DEFENSE

Venue is, or may be, improper as to Defendant National, and Plaintiff's Complaint should be dismissed on these grounds.

## FOURTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## FIFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal

laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2). Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

## SEVENTH DEFENSE

For its Seventh defense, Defendant National answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant National admits that it is a foreign insurance company authorized to do business in Georgia and that its resident agent is located at: CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805. National denies that venue is proper in this Court as to it. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint and therefore must deny the same.

3.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

4.

Upon information and belief, Defendant National believes that Defendant Abdelhak operated the 2022 Freightliner New Cascadia 126" Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

4

5.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Upon information and belief, Defendant National admits that Defendant Abdelhak was operating the 2022 Freightliner New Cascadia 126 Sleeper cab. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">10.</div>

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">11.</div>

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">12.</div>

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">13.</div>

Upon information and belief, Defendant National admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

<div align="center">14.</div>

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore must deny the same.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

## NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant National denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant National denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant National denies the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant National denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant National is

without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III

## ACTION IN CONTRACT AGAINST DEFENDANT NATIONAL CONTINENTAL INSURANCE

30.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant National admits that on or about April 8, 2022 it had a contract of insurance in effect with Defendant Vamar which provided coverage for the operation of the tractor operated by Defendant Abdelhak. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant National denies Plaintiff is entitled to recover from it any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant National is hereby denied by Defendant National.

WHEREFORE, having fully answered, Defendant National demands judgment in its favor.  Defendant National further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: /s/ Melissa C. Greene
    MELISSA C. GREENE
    Georgia State Bar No. 580723
    SHARON OPILA
    Georgia State Bar No. 631777

    *Attorneys for Defendant National
    Continental Insurance Company, LLC*

12

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )
AIT ABDELHAK, VAMAR INC.,         )          Civil Action File No.
NATIONAL CONTINENTAL             )          2023CV01056
INSURANCE COMPANY,                )
JOHN DOE1&2 ABC CORP.&XYZ        )
CORP.                             )
                                  )
            Defendants.           )
                                  )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**DEFENDANT NATIONAL CONTINENTAL INSURACE COMPANY'S ANSWER**

**AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via

statutory electronic service, addressed as follows:

Sean Fields, Esq.
Hung Q. Nguyen, Esq.
Attorneys for the plaintiff
5495 Jimmy Carter, Blvd., Suite B-17
Norcross, GA  30093
litigation@770goodlaw.com
sean@770goodlaw.com

This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ
& LOVELL, LLP

By:   */s/ Melissa C. Greene*
     MELISSA C. GREENE
     State Bar No.: 580723
     SHARON R. OPILA
     Georgia State Bar No. 631777

*Attorneys for Defendant National*
*Insurance Companies, LLC*

191 Peachtree Street, NE, Suite 3600
Atlanta, Georgia  30303
Phone: (404) 522-8220
Facsimile: (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

14

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARZA,                           )
                                            )
      Plaintiff,                          )
                                            )
v.                                          )
                                            )
AIT ABDELHAK, VAMAR INC.,                   )     Civil Action File No.
DEFENDANT NATIONAL                          )     2023CV01056
CONTINENTAL                                 )
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ                    )
CORP.                                       )
                                            )
      Defendants.                         )

## DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S DEMAND FOR JURY TRIAL BY TWELVE (12)

      COMES NOW National Continental Insurance Company (hereinafter "National")

and hereby demands that the above captioned case be tried by a jury of twelve, pursuant to

O.C.G.A. § 15-22-122.

      This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL,
LLP

191 Peachtree Street, NE, Suite 3600    By: */s/ Melissa C. Greene*
P.O. Box 56887 (30343-0887)         MELISSA C. GREENE
Atlanta, GA 30303-1740           Georgia State Bar No. 580723
Telephone (404) 221-2319         SHARON OPILA
Facsimile (404) 523-2345          Georgia Bar No. 631777
mgreene@csvl.law                 *Attorneys for Defendant National*
sopila@csvl.law                   *Continental Insurance Company*



8682551v.1

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

GABRIELA ESPARAZA,                        )
                                          )
       Plaintiff,                 )
                                          )
v.                                        )
                                          )
AIT ABDELHAK, VAMAR INC.,                 )      Civil Action File No.
NATIONAL CONTINENTAL                      )      2023CV01056
INSURANCE COMPANY,                        )
JOHN DOE1&2 ABC CORP.&XYZ                 )
CORP.                                     )
                                          )
       Defendants.                )
                                          )

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT NATIONAL'S DEMAND FOR JURY TRIAL BY TWELVE

(12) upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

This 8th day of June, 2023.

                                        By:    /s/ Melissa C. Greene
                                               MELISSA C. GREENE
                                               State Bar No. 580723
                                               SHARON R. OPILA
Copeland, Stair, Valz & Lovell, LLP            State Bar No.: 631777
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740            *Attorneys for National Continental*
404-522-8220                            *Insurance Company.*
    ...........
P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

3

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,     )
                  )
     Plaintiff,    )
                  )
                  )
v.                  )
                  )
AIT ABDELHAK, VAMAR INC.,   )     Civil Action File No.
NATIONAL CONTINENTAL    )     2023CV01056
INSURANCE COMPANY,     )
JOHN DOE1&2 ABC CORP.&XYZ  )
CORP.             )
                  )
     Defendants.    )
                  )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant Ait Abdelhak ("Defendant Abdelhak" hereinafter), Defendant Vamar Inc. ("Defendant Vamar" hereinafter), and Defendant National Continental Insurance Company ("Defendant National" hereinafter), by and through undersigned counsel, have filed a Petition for Removal in the office of the clerk of the United States District Court, Northern District of Georgia, Atlanta Division. A copy of the Petition for Removal is attached hereto as Exhibit "A." By virtue of law, the aforesaid case is now removed and all further proceedings in the State Court of Clayton County are stayed.

COPELAND, STAIR, VALZ & LOVELL, LLP

By: */s/ Melissa C. Greene*

MELISSA C. GREENE
Georgia State Bar No. 580723
SHARON OPILA
Georgia State Bar No. 631777

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

2

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
              Plaintiff,                    )
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC.,                  )     Civil Action File No.
NATIONAL CONTINENTAL                       )
INSURANCE COMPANY,                         )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                      )
                                           )
              Defendants.                   )

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

NOTICE OF REMOVAL pleading upon all parties to this matter via statutory electronic

filing, addressed to counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

3

Respectfully submitted, this 8th day of June, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By:   /s/ Melissa C. Greene
       MELISSA C. GREENE
       State Bar No. 580723
       SHARON R. OPILA
       State Bar No. 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

4

# EXHIBIT A

2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

GABRIELA ESPARZA

Plaintiff

Vs.

AIT ABDELHAK, VAMAR INC,
NATIONAL CONTINENTAL
INSURANCE COMPANY ,
JOHN DOE1&2 ABC CORP.&XYZ CORP

Defendant

2023CV01056

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.
5495 Jimmy Carter Blvd. Suite B-17
Norcross, GA, 30093

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: _W.Lawrence_
Deputy Clerk



2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 2023CV01056 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC., | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign insurance company authorized to do business in Georgia that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant National Continental Insurance Company through its registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805. Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates

2023CV01056

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well. Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT AIT ABDELHAK
8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

2023CV01056

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on I-75 in the 3rd lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

2023CV01056

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE COMPANY

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

## DAMAGES

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

2023CV01056

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

<div style="text-align:right">

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: */s/ Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

</div>

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

e-Filed 5/10/2023 1:49 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Sean B. Fields, the undersigned, I am the attorney who represents the plaintiff in the case of:

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 2023CV01056 |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I do herby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address;

**AIT ABDELHAK**
**3235 Golden Turtle Circle Apt. 202,**
**Louisville, KY, 40218 Jefferson County.**

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff's affidavit of compliance.

This May 9, 2023

Respectfully submitted,

_____
Sean Fields, Esq.
GA State Bar No. 926158



2023CV01056

**The law office of;**
**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**
5495 Jimmy Carter Boulevard, Suite B-D
Norcross, Georgia 30093

Sworn and subscribed before me this
_____ day of _____, 2023

_____

Notary Public, State of Georgia, County of _Gwinnett_
My commission Expires 10 - 31    20 26

2023CV01056

e-Filed 5/18/2023 12:48 PM

Control Number : SOP-231107382

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia

Ashley Bright

# STATE OF GEORGIA

### Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Ait Abdelhak**

have been filed with the Secretary of State on 05/16/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Gabriela Esparza v. Ait Abdelhak
Court: State Court of Clayton County
Civil Action No.: 2023CV01056

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.





**Brad Raffensperger**
**Secretary of State**

2023CV01056

H. Q. Alex Nguyen
*CEO & Managing Partner*
hqn@770goodlaw.com

Thomas Tung Tran
*Client Experience Officer*
Thomas@770goodlaw.com



**770-GOOD-LAW.**
AUTO ACCIDENT ATTORNEYS
LAW OFFICE OF HUNG Q. NGUYEN & ASSOCIATES, LLC.

5495 Jimmy Carter Blvd., B-17, Norcross, Georgia 30093

Canditta M. McKinley
*COO*
Canditta@770goodlaw.com

YenHa T. Nguyen
*CFO & HR Director*
YenHa@770goodlaw.com

May 11, 2023

<u>Via U.S. Mail 7016 3560 0000 0346 5217</u>

Brad Raffensperge
Secretary of State of Georgia
Attn: Civil Service of Process
2 Martin Luther King, Jr. Drive, S.E.
Suite 313, West Tower
Atlanta, Georgia 30334

     **Re:**   **Gabriela Esparza V. Ait Abdelhak, Vamar Inc., National Continental
        Insurance Company et al
        State Court of Clayton County, State of Georgia; CAFN: 2023CV01056**

Dear Secretary Brad:

     The below enclosed documents are being served upon your good office in accordance
with O.C.G.A. § 40-12-2:

1. Service Fee ($10.00);
2. Summons, Complaint and discovery package;
3. Acknowledgement of Receipt of Summons
4. Plaintiff's affidavit of compliance
5. Notice of service of process
6. Certificate of service and
7. Self-address envelop for return of acknowledgement

     Please accept such service in the above referenced case as the defendant is a non-resident
motorist. I ask that you kindly execute and return the Acknowledgement of Receipt of Summons
to my attention at the above address.

     Thank you for your consideration. Should you have any concerns, please do not hesitate
to contact my office.

                           Sincerely,

             [SIGNATURE BLOCK ON THE NEXT PAGE]

2023CV01056

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com



2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                    )
                                     )
            Plaintiff,               )        CIVIL ACTION FILE NO. 2023CV01056
                                     )
v.                                   )
                                     )
AIT ABDELHAK, VAMAR INC.,            )
NATIONAL CONTINENTAL                 )
INSURANCE COMPANY,                   )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                     )
                                     )
            Defendants.              )

## ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS

I hereby acknowledge receipt of a copy of the Summons and Complaint and discovery in

the above-styled action, along with the Certificate of Attorney Sean B. Fields.

This the _____ day of _____, 2023.

_____
Brad Raffensperge
Secretary of State of Georgia
[Or His Officer]

2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                    )
                                     )
          Plaintiff,                 )          CIVIL ACTION FILE NO. 2023CV01056
                                     )
v.                                   )
                                     )
AIT ABDELHAK, VAMAR INC.,            )
NATIONAL CONTINENTAL                 )
INSURANCE COMPANY,                   )
JOHN DOE1&2 ABC CORP.&XYZ CORP.      )
                                     )
                                     )
          Defendants.                )

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day served a copy of the

foregoing NOTICE OF ENTRY OF SERVICE upon all parties of record at:

by depositing same in the United States Mail, first class, in a properly addressed envelope with

adequate postage affixed thereto.

Respectfully submitted this 9th day of May 2023.

                                     770GOODLAW, H.Q. Alex
                                     Nguyen Law Firm, LLC.

                                       By: /s/ Sean B. Fields, Esq.
                                       Sean Fields, Esq.
                                       GA State Bar No. 926158
                                       Hung Q. Nguyen, Esq.
                                       Georgia Bar No.: 940370
                                       Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056
2023CV01056

e-Filed 5/10/2023 1:49 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Sean B. Fields, the undersigned, I am the attorney who represents the plaintiff in the case of:

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 2023CV01056 |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I do herby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address;

**AIT ABDELHAK**
**3235 Golden Turtle Circle Apt. 202,**
**Louisville, KY, 40218 Jefferson County.**

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff's affidavit of compliance.

This May 9, 2023

Respectfully submitted,

Sean Fields, Esq.
GA State Bar No. 926158

2023CV01056
2023CV01056

The law office of;
770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC
5495 Jimmy Carter Boulevard, Suite B-17
Norcross, Georgia 30093

Sworn and subscribed before me this
_On_ day of _Nov_ , 2023

_____

Notary Public, State of Georgia, County of _Gwinnet t_
My commission Expires _10 - 31    20 26_

2023CV01056



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding:  Gabriela Esparza V. Ait Abdelhak, Varner Inc.,National Continental Insurance Company., et. al.
   _____
   (e.g. name of the plaintiff vs. name of the defendant, or in the matter of…, etc.)

   Civil Action No./File No.:  2023CV01056
   _____

   Court:  State Court of Clayton County
   _____
   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*        ☐ O.C.G.A. § 14-8-46(i)*        ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)         ☐ O.C.G.A. § 14-8-50(c)         ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)         ☐ O.C.G.A. § 14-8-52(d)         ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)         ☐ O.C.G.A. § 14-9-104(g)*       ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)         ☐ O.C.G.A. § 14-9-902.1(i)*     ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)         ☐ O.C.G.A. § 14-9-906           ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)         ☐ Other: O.C.G.A. _____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: AIT ABDELHAK
   _____

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   3235 Golden Turtle Circle Apt 202, KY, 40218 Jefferson County.
   _____

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:     770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.
   _____

   Address:  5495 Jimmy Carter Blvd., Suite B-17
   _____

   Norcross, GA 30093
   _____

   Email:    litigation@770goodlaw.com
   _____

Form SOP-1
(Rev. 6/2018)

2023CV01056
2023CV01056

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| GABRIELA ESPARZA |
|---|
| |
| |

Plaintiff

Vs.

| AIT ABDELHAK, VAMAR INC, |
|---|
| NATIONAL CONTINENTAL |
| INSURANCE COMPANY , |
| JOHN DOE1&2 ABC CORP.&XYZ CORP |

Defendant

2023CV01056

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.
5495 Jimmy Carter Blvd. Suite B-17
Norcross, GA, 30093

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W.Lawrence
By:_____
Deputy Clerk

2023CV01056
2023CV01056

e-Filed 5/6/2023 9:34 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GABRIELA ESPARZA, | ) |
| Plaintiff, | )  CIVIL ACTION FILE NO. 2023CV01056 |
| v. | )  JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC., | ) |
| NATIONAL CONTINENTAL | ) |
| INSURANCE COMPANY, | ) |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) |
| Defendants. | ) |

### COMPLAINT

COMES NOW, GABRIELA ESPARZA, Plaintiff, and makes and files this Summons and

Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant National Continental Insurance Company ("Defendant insurance") is a foreign

insurance company authorized to do business in Georgia that insured the commercial vehicle

involved in the subject collision and is subject to the jurisdiction and venue of this Court. Service

of process may be perfected upon Defendant National Continental Insurance Company through its

registered agent to wit; C T Corporation System, 289 S culver St, Lawrenceville, GA 30046-4805.

Defendant National Continental Insurance Company insured the 2022 Freightliner New Cascadia

126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer")

involved in the collision that is the subject matter of this lawsuit.

2023CV01056
2023CV01056

3.

VAMAR INC ("Defendant CORP") is a corporation organized under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VAMAR INC through its registered agent to wit; NODIRAKHON KADIROVA, 1800 W Hawthorne LN STE F1 West Chicago, IL 60185. Defendant CORP owned the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

4.

At all times relevant to this case and at present, AIT ABDELHAK ("Defendant Driver") was a non-resident motorist. Defendant AIT ABDELHAK resides at 3235 Golden Turtle Circle Apt 202, Louisville, KY, 40218 Jefferson County and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant Driver is a non-resident motorist and Plaintiff is a resident of Jackson County, Georgia. Defendant Driver operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor Trailer") involved in the collision that is the subject matter of this lawsuit.

5.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the subject collision and are subject to the jurisdiction and venue of this Court.  Plaintiff incorporates

Page 2 of 8

2023CV01056
2023CV01056

by reference all claims made in this Complaint against Defendants Driver and Defendant owner against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

7.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants Driver and Owner against Defendant XYZ Corp. as well. Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT AIT ABDELHAK
8.

On or about 4/8/2022 at about 17:40pm, Plaintiff was the operator of the 2001 Honda Civic V.I.N; 2HGES16561H574612 travelling southbound on I-75 on the 2nd lane.

2023CV01056
2023CV01056

9.

At the same time in question, Defendant Driver operated the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 commercial vehicle ("the Tractor trailer"), travelling Southbound on I-75 in the 3rd lane in Clayton County.

10.

As Plaintiff's vehicle continued straight; Defendant Driver while changing into plaintiff's lane, without warning, side swiped Plaintiff's vehicle with the Trailer causing plaintiff's vehicle to bounce from the trailer tire after the swipe.

11.

Defendant driver had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant Driver breached this duty when he failed to operate the Truck in a safe and reasonable manner, by improper lane change, and thus caused the subject collision in the process.

13.

The responding police officer found Defendant at fault for the subject collision and cited him for violating O.C.G.A. § 40-6-48.

14.

Defendant Driver is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056
2023CV01056

15.

Defendant Driver's actions caused the aforementioned collision.

16.

Defendant Driver's negligence caused the aforementioned collision.

17.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
## NEGLIGENCE OF DEFENDANT VAMAR INC

18.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

19.

On or about 4/8/2022, Defendant VAMAR INC owned, operated, leased, brokered, freight forwarded, or controlled the 2022 Freightliner New Cascadia 126' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 (the "Truck"), for use on a public roadway.

20.

At all times relevant hereto Defendants Owner and Driver operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

21.

Defendant VAMAR INC is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant Driver, who acted within the scope and course of his employment or agency with Defendant Owner, and during the actual transaction of Owner's business.

2023CV01056
2023CV01056

22.

Defendant Owner negligently entrusted the Tractor to Defendant Driver when Defendant Driver was not properly suited to drive the Truck.

23.

Defendant Owner negligently hired, trained, retained, and supervised its employee or agent, Defendant Driver.

24.

Defendant Owner knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

25.

Defendant Owner knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant Driver, would cause harm to persons such as Plaintiff.

26.

Defendant Owner is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant Driver, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

2023CV01056
2023CV01056

27.

Defendant Owner's actions caused the aforementioned collision.

28.

Defendant Owner's negligence caused the aforementioned collision.

29.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE COMPANY

30.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

31.

On or about 4/8/2022, at the time of the subject collision, Defendant National Continental Insurance Company had a contract of insurance in effect with Defendant Insurance Company that provided insurance coverage for the operation of the subject Tractor trailer by Defendant Driver.

32.

Defendant Insurance Company is liable to Plaintiff based on the above referenced contract of insurance insuring Defendant Owner pursuant to O.C.G.A. § 40-2-140, which permits joinder of Defendant National Continental Insurance Company as a direct defendant.

## DAMAGES

33.

Defendants Owner and Driver's actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently

2023CV01056
2023CV01056

totaling $73,796.28, as well as physical and mental pain and suffering in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of her special damages, including medical expenses currently totaling $73,796.28 to be proven at trial;

b. That Plaintiff recover for general damages, including but not limited to, physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c. That all costs be cast against the Defendants;

d. Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

e. That Plaintiff recover such other and further relief as is just and proper; and

f. That Plaintiff be granted a jury panel of 24 from which to select a jury of twelve.

Respectfully submitted this 5th day of May 2023.

<div style="text-align:right">

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By: */s/ Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

</div>

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056
**2023CV01056**

e-Filed 5/5/2023 9:34 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                      )
                                        )
    Plaintiff,                        )         CIVIL ACTION FILE NO. 2023CV01056
                                        )
v.                                      )
                                        )         JURY TRIAL DEMANDED
AIT ABDELHAK, VAMAR INC,                )
NATIONAL CONTINENTAL                    )
INSURANCE COMPANY,                      )
JOHN DOE1&2 ABC CORP.&XYZ CORP.)
                                        )
                                        )
    Defendants.                        )

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Plaintiff in the above - styled action hereby certifies that a copy of PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT; has been served upon all parties and/or counsel of record by depositing a copy of the same in the United States Mail with sufficient postage affixed thereto ensure delivery as follows:

AIT ABDELHAK
3235 Golden Turtle Circle Apt 202
Louisville, KY 40218
Jefferson County.

Respectively submitted this 5th day of May 2023

[SIGNATURE TO CONTINUE ON NEXT PAGE]

Page 1 of 2

2023CV01056
2023CV01056

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ *Sean B. Fields, Esq.*
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

Page 2 of 2

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AIT ABDELHAK, VAMAR INC | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ CORP. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF GABRIELA ESPARZA'S FIRST INTERROGATORIES TO
DEFENDANT AIT ABDELHAK**

TO:  AIT ABDELHAK
3235 Golden Turtle Circle
Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, GABRIELA ESPARZA (hereinafter

"Plaintiff"), by and through undersigned counsel, serve the following Interrogatories to AIT

ABDELHAK (hereinafter "Defendant"). The interrogatories shall be answered under oath by

Defendant within the time and in the manner prescribed by law and in accordance with the

following instructions and definitions. Each of the following interrogatories is continuing in the

manner provided by law.

**DEFINITIONS**

1. As used herein, "Defendant," "you," "your," or "its" shall mean AIT ABDELHAK,

his attorneys and agents, and all persons acting or purporting to act on his behalf.

2. As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

2023CV01056

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine, or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of

2023CV01056

the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.    As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.    As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.    As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

2023CV01056

13.   As used herein, "identify," when used in reference to <u>a person or an individual</u>, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person) and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person or other entity identified.

14.   As used herein, "identify," when used in reference to <u>a business, company, firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name, all present or last known addresses, and all telephone numbers.

15.   As used herein, "identify," when used in reference to <u>documents</u>, shall mean: (1) to state the name and date of the document, the date that document was originally created, the date that the document was first sent to any person, and the number of pages comprising the document; (2) to identify the person who created the document, each person to whom the document is addressed, and each person to whom copies of the document were or have been sent; (3) to provide a brief description of the subject matter of the document; and (4) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document.   In lieu of identifying any documents, you may produce legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary.

16.   As used herein, "identify," when used in reference to <u>an oral statement or</u>

2023CV01056

communication, shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication and whether it was recorded, and to identify each person who witnessed the communication.

17.     As used herein, the term "identify" when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.

## II. INSTRUCTIONS

1.     If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory.  If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2.     If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3.     If your response is qualified in any particular, please set forth the details of such qualifications.

4.     With respect to any interrogatories that call for the description of the contents of a document or ask you to identify documents, you may, in lieu of answering the interrogatory, attach such documents, or legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary, to your answers, specifying the exact interrogatory to which each such document relates.

2023CV01056

5.　　These interrogatories are continuing in character to the extent provided in the Georgia Civil Practice Act and require you to serve upon Plaintiffs supplemental answers as provided by the Georgia Civil Practice Act.

## INTERROGATORIES

1.

Identify yourself including your name, date of birth, place of birth, address of current residence, social security number and, if you are answering for someone else, your official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify your employers for the four years prior to the date of your response to these interrogatories specifically including the identity of your supervisor, the dates of employment, and a description of your duties.

4.

State the level of your formal education including the names of your high school(s) and college(s), and any other formal education, if applicable. Please include all dates of attendance for any school or college you have attended.

2023CV01056

5.

List in chronological order all of your residence addresses for the past ten (10) years, and the dates you resided at each address.

6.

State the full name, last-known address, and last-known telephone number of all persons with whom you resided on the date of the Collision.

7.

State the full name, last-known address, and last-known telephone number of all persons with whom you spent time, or with whom you interacted, within the twenty-four (24) hour period prior to the Collision.

8.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of, which is the subject of this lawsuit please:

(a) identify them;

(b) state whether you have obtained a statement from them;

(c) state the date that the statement was obtained;

(d) and the identity of the person who took the statement;

(e) describe the information which they possess which is relevant to this action;

(f) identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

2023CV01056

9.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

(a)     its nature or type and specific subject matter;

(b)     the date and time it was made or taken;

(c)     the identity the person making or taking it;

(d)     its present location; and

(e)     the identity of the person at whose request it was made or taken.

10.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness you were suffering from at the time of the occurrence of the incident described in the Complaint please state as to each condition:

(a)     a full and complete description of any such condition, including its nature, extent and severity;

(b)     the duration of time, in months and days (or years if more applicable), that you had any such condition prior to this accident;

(c)     any medical or hospital examination, treatment or care you received for any such condition (including prescription eye wear and hearing aids);

(d)     the identity, including names and addresses, of all health care providers and doctors and hospitals involved in the examination, treatment or care for any such condition;

2023CV01056

(e)     the dates of each and every such examination, treatment or care for any such condition; and

(f)     your entire medical history as it relates in any way to any such condition.

11.

Identify any alcoholic beverages, drugs or medications you took within 24 hours of the time of the subject collision, specifically stating the time the substance was consumed and the quantity of the substance that was consumed.

12.

With respect to each time you have been convicted of, or entered a plea of guilty to a crime, please state the nature of the charge, the date of the charge, the court of jurisdiction, and the place of the charge.

13.

State the class of license, the state of issue, and any limitations imposed thereon, of your driver's license on the date of the subject collision.

14.

Describe in detail how the accident which is the subject of this lawsuit happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the collision.

15.

Describe in detail each act or omission on the part of Plaintiff that you contend constituted negligence that was a contributing factual cause of the subject collision.

2023CV01056

16.

Identify each person or entity you contend contributed to the cause of the subject collision, and as to each, describe the act or omission that you contend constituted a contributing factual cause of the collision.

17.

Please describe as fully as possible the date, time, weather and road conditions at the time and location of the subject collision, being sure to include conditions of light, precipitation and temperature.

18.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a) describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

(b) identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

2023CV01056

19.

Identify any and all of your relatives, by blood or marriage, through second cousins, who reside in the county in which suit was brought by Plaintiff.

20.

For each and every bodily injury liability insurance policy that may be available to cover injuries suffered by Plaintiff as a result of the motor vehicle collision that forms the basis of Plaintiff's Complaint, what is the name of the insurance company, the name of the insured, the policy number and the limits of coverage?

21.

If you or any member of your immediate family (including but not limited to, spouse, children, parents, in-laws and siblings) presently hold, or have held in the last five years, any appointed or elected positions in the state, county or local governments, or in any civic, social or church organizations in this county, please identify the person, the organization, the position held and the length of time the position has been (or was) held.

22.

Did you have a mobile telephone with you in the vehicle at the time of the incident subject to this Complaint? If you did, please identify:

(a) the name of the telephone company that provided the mobile service for that telephone;

(b) the telephone number of that telephone;

(c) the person who owned the telephone; and

(d) the person in whose name the cellular service account for that person is held.

2023CV01056

23.

State the name, web address, and user name for all blogs, online forums, and social networking websites that Defendant has belonged or had a membership in the last five (5) years to present.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,           )
                            )
            Plaintiff,      )        CIVIL ACTION FILE NO.
                            )
v.                          )
                            )        JURY TRIAL DEMANDED
AIT ABDELHAK, VAMAR INC     )
NATIONAL CONTINENTAL        )
INSURANCE COMPANY           )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                            )
                            )
            Defendants.     )

---

### PLAINTIFF GABRIELA ESPARZA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AIT ABDELHAK

TO:   AIT ABDELHAK
      3235 Golden Turtle Circle
      Apt.202, Louisville, KY 40218

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff GABRIELA ESPARZA (hereinafter "Plaintiff"), by and through undersigned counsel, serve the following Request for Production of Documents to Defendant AIT ABDELHAK (hereinafter "Defendant"), the responses to be served upon the undersigned attorney within the time required by law. Each of the following requests is continuing in the manner provided by law.

### I. DEFINITIONS

1.    As used herein, "Defendant," "you," or "your" shall mean AIT ABDELHAK, his attorneys and agents, and all persons acting or purporting to act on his behalf.

2.    As used herein, "Plaintiff" shall mean GABRIELA ESPARZA, his attorneys and

2023CV01056

agents, and all persons acting or purporting to act on their behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.  The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all

2023CV01056

information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.    As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.    As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.    As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and

2023CV01056

is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1.    If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3.    If your answer is qualified in any particular, please set forth the details of such qualification.

4.    With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5.    If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your

2023CV01056

possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6.      Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7.      Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8.      As to each document produced in response hereto, identify the request in response to which the document is being produced.

9.      Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

## III. REQUESTS FOR PRODUCTION

1.

Please provide any and all police report(s) or other reports of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to Plaintiff's First Interrogatories to Defendant.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and

2023CV01056

ordinary course of business relating to Plaintiff's injuries. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing, or in the approximate vicinity of the Plaintiff's injuries.

4.

Quality copies of any photographs or videos in Defendant's possession relating to this claim, including photographs or videos of the scene of the incident, the Fuel Station entrance door, and any other relevant objects.

5.

A copy of the declarations page of Defendant's insurance policy which was in effect on the date of the subject collision.

6.

Copies of any statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

7.

Copies of the driving record of the Defendant for the previous seven years obtained by an official state agency.

8.

Copies of any and all of the repair estimates of Plaintiff's vehicle for the damages it incurred as a result to the subject collision.

9.

Copies of any and all of the repair estimates of Defendant's vehicle for the damages it incurred as a result to the subject collision.

2023CV01056

10.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant; whether or not such records or reports are for injuries sustained in the subject incident or at any other time.

11.

Copies of any employment records relating to the Plaintiff which have been obtained by Defendant or its agents.

12.

Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the incident or of any other aspect of the incident location which is the subject of this claim.

13.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

14.

Copies of any traffic citations or complaints relating to this incident which may have been issued to the Defendant or any other party.

15.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, e-mails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook, Myspace, Tumblr, TikTok, Instagram, SnapChat), for the previous five (5) years to the present that:

(a)    refer or relate to the allegations set forth in the complaint;

(b)     refer or relate to any facts or defenses raised in the answer;

(c)     reveal, refer or relate to any emotion, feeling or mental state; or

(d)     reveal, refer or relate to events that could reasonably be expected to produce a

significant emotion, feeling or mental state.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
                    Plaintiff,             )        CIVIL ACTION FILE NO.
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC                    )
NATIONAL CONTINENTAL                       )
INSURANCE COMPANY                          )
JOHN DOE1&2 ABC CORP.&XYZ CORP. )
                                           )
                                           )
                    Defendants.            )

## PLAINTIFF GABRIELA ESPARZA'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT AIT ABDELHAK

TO:   AIT ABDELHAK
      3235 Golden Turtle Circle
      Apt.202, Louisville, KY 40218

COMES NOW, GABRIELA ESPARZA, Plaintiff, and, in compliance with O.C.G.A. § 9-11-36, requests the Defendant AIT ABDELHAK ("Defendant") to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, the Defendant is required to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

2023CV01056

## REQUESTS FOR ADMISSIONS

1.

Please admit that this action brought against Defendant properly and correctly names the parties to be sued in this cause.

2.

Please admit that Defendant has been properly served with a Summons and Complaint in the above-styled action.

3.

Please admit that Defendant has been properly served with process in this action.

4.

Please admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

5.

Please admit that venue for the above-styled case is proper.

6.

Please admit that the Court has jurisdiction over Defendant.

7.

Please admit that Defendant, at all relevant times, operated a 2022 Freightliner New Cascadia 126'' Sleeper cab V.I.N. 1FUJHHDR0NLNC0083 involved in the 4/8/2022 collision.

8.

Please admit that Plaintiff, at all relevant times, operated a 2001 Honda Civic V.I.N; 2HGES16561H574612, involved in the 4/8/2022 collision.

2023CV01056

9.

Please admit that a collision occurred on 4/8/2022 between the vehicle driven by Defendant and the vehicle driven by Plaintiff in Clayton County, Georgia.

10.

Please admit that the vehicle driven by Defendant while changing lane into plaintiff's lane, side swiped plaintiff's vehicle.

11.

Please admit that Defendant's vehicle committed citation to Plaintiff's vehicle prior to colliding with Plaintiff's vehicle.

12.

Please admit that Defendant driver failed to operate his vehicle in a safe and reasonable manner, by changing lanes improperly.

13.

Please admit that by changing lane improperly, Defendant driver did not have due regard for the speed of said vehicles.

14.

Please admit that by changing lanes improperly, Defendant Driver did not have due regard for the traffic and condition of the roadway.

15.

Please admit that Defendant owed Plaintiff a duty to exercise ordinary care in the operation and of his vehicle.

16.

Please admit that Defendant breached her duty to Plaintiff by changing lane improperly while operating her vehicle on 4/8/2022.

17.

Please admit that if Defendant had not changed lanes improperly, he would not have collided with the rear of Plaintiff's vehicle.

18.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the 4/8/2022 collision.

19.

Please admit that Defendant's breach of his duty to Plaintiff was the actual cause of the Plaintiff's injuries from the 4/8/2022 collision.

20.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the 4/8/2022 collision.

21.

Please admit that Defendant's breach of his duty to Plaintiff was the proximate cause of the Plaintiff's injuries from the 4/8/2022 collision.

22.

Please admit that Defendant's actions were the sole cause of the 4/8/2022 collision.

23.

Please admit that Plaintiff did not contribute to causing 4/8/2022 collision.

2023CV01056

24.

Please admit that no other person or entity contributed to causing the 4/8/2022 collision.

25.

Please admit that it is possible for a person to receive injuries in a motor vehicle collision.

26.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

27.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

28.

Please admit that as a result of the 4/8/2022 collision Plaintiff suffered injuries.

29.

Please admit that as a result of the 4/8/2022 collision Plaintiff required necessary medical treatment.

30.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Advanced Imaging Center

31.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff amounted to $2,255.00.

32.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

2023CV01056

33.

Please admit that the medical treatment rendered by Advanced Imaging Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

34.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Life Orthopedic & Spine Center.

35.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff amounted to $50,602.00.

36.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

37.

Please admit that the medical treatment rendered by Orthopedic & Spine Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

38.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Spectrum Health Services.

39.

Please admit that the medical treatment rendered by Spectrum Health Services.to Plaintiff amounted to $9,631.98.

40.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

41.

Please admit that the medical treatment rendered by Spectrum Health Services to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

42.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

43.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $4,717.30

44.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

45.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

46.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Sylvan Grove Hospital-Medical Records.

47.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff amounted to $80.00

48.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

49.

Please admit that the medical treatment rendered by Sylvan Grove Hospital-Medical Records to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

50.

Please admit that as a result the 4/8/2022 collision Plaintiff received treatment at Arrowhead Clinic.

2023CV01056

51.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff amounted to $6,510.00

52.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

53.

Please admit that the medical treatment rendered by Arrowhead Clinic to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the 4/8/2022.

54.

Please admit that as a result of the 4/8/2022 collision Plaintiff incurred medical expenses in excess of TOTAL $73,796.28.

55.

Please admit that Plaintiff continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the 4/8/2022 collision.

56.

Please admit that as a result of the 4/8/2022 collision Plaintiff will need future medical treatment.

57.

Please admit that Plaintiff that as a result of the 4/8/2022 collision Plaintiff is entitled to general damages for her pain and suffering.

Respectfully submitted this 8th day of May 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ Sean B. Fields, Esq.
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
sean@770goodlaw.com

2023CV01056

e-Filed 5/18/2023 3:43 PM

Control Number : SOP-231105... Brown
*Fiki Brown*
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Vamar Inc**

have been filed with the Secretary of State on 05/16/2023 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Gabriela Esparza v. Vamar Inc
Court: State Court of Clayton County
Civil Action No.: 2023CV01056

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

2023CV01056

Control Number : SOP-23110540

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

### CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Gabriela Esparza v. Vamar Inc., et al**
**State Court of Clayton County**
**Civil Action No. 2023CV01056**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Vamar Inc**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/18/2023.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARZA,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
AIT ABDELHAK, VAMAR INC.,            )        Civil Action File No.
DEFENDANT NATIONAL                   )        2023CV01056
CONTINENTAL                          )
INSURANCE COMPANY,                   )
JOHN DOE1&2 ABC CORP.&XYZ            )
CORP.                                )
                                     )
        Defendants.                  )

## DEFENDANT AIT ABDEHLAK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Ait Abdelhak (hereinafter "Defendant Abdelhak"), and files his

Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant Abdelhak upon which relief

can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant Abdelhak caused or contributed to

Plaintiff's alleged injuries.

### THIRD DEFENSE

Venue is, or may be, improper as to Defendant Abdelhak, and Plaintiff's Complaint

should be dismissed on these grounds.

8663310v.1



## FOURTH DEFENSE

Plaintiff's Complaint is, or may be, barred by the statute of limitations and must be dismissed on these grounds.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant Abdelhak.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).  Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be

applied to Defendant Abdelhak  in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2).  Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Abdelhak in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

## NINTH DEFENSE

For his Ninth defense, Defendant Abdelhak answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

### 2.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

### 3.

Defendant Abdelhak is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

### 4.

Defendant Abdelhak admits that he resides at 3235 Golden turtle Circle Apt. 202, Louisville, KY, 401218 Jefferson County and was a non-resident motorist. Defendant Abdelhak admits that he operated the 2022 Freightliner New Cascadia 126' Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

5.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Defendant Abdelhak admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Abdelhak denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Defendant Abdelhak admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">15.</div>

Defendant Abdelhak denies the allegation contained in Paragraph 15 of Plaintiff's Complaint.

<div align="center">16.</div>

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">17.</div>

Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

**COUNT II**

**NEGLIGENCE OF DEFENDANT VAMAR INC.**

</div>

<div align="center">18.</div>

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

<div align="center">19.</div>

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">7</div>

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant Abdelhak denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Abdelhak denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant Abdelhak denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III
## ACTION IN CONTRACT AGAINST DEFENDANT
## NATIONAL CONTINENTAL INSURANCE

30.

Defendant Abdelhak restates and incorporates by reference his defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant Abdelhak is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Abdelhak is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant Abdelhak denies Plaintiff is entitled to recover from him any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant Abdelhak is hereby denied by Defendant Abdelhak.

WHEREFORE, having fully answered, Defendant Abdelhak demands judgment in his favor. Defendant Abdelhak further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: */s/ Melissa C. Greene*
    MELISSA C. GREENE
    Georgia State Bar No. 580723
    SHARON OPILA
    Georgia State Bar No. 631777

*Counsel for Defendant Ait Abdelhak*

11

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,                          )
                                            )
            Plaintiff,                       )
                                            )
v.                                          )
                                            )
AIT ABDELHAK, VAMAR INC.,                   )      Civil Action File No.
NATIONAL CONTINENTAL                        )      2023CV01056
INSURANCE COMPANY,                          )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                       )
                                            )
            Defendants.                      )
                                            )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

12

This 8th day of June, 2023.

By:     /s/ Melissa C. Greene
        MELISSA C. GREENE
        State Bar No. 580723
        SHARON R. OPILA
        State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP          *Attorneys for Defendant Ait Abdelhak*
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARZA,

    Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
DEFENDANT ABDELHAK
CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

    Defendants.

Civil Action File No.
2023CV01056

## DEFENDANT AIT ABDELHAK'S DEMAND FOR JURY TRIAL BY TWELVE (12)

COMES NOW Ait Abdelhak (hereinafter "Abdelhak") and hereby demands that the above captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: */s/ Melissa C. Greene*
MELISSA C. GREENE
Georgia State Bar No. 580723
SHARON OPILA
Georgia Bar No. 631777

*Attorneys for Defendant Ait Abdelhak*



8682530v.1

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,                      )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
AIT ABDELHAK, VAMAR INC.,               )        Civil Action File No.
NATIONAL CONTINENTAL                    )        2023CV01056
INSURANCE COMPANY,                      )
JOHN DOE1&2 ABC CORP.&XYZ               )
CORP.                                   )
                                        )
            Defendants.                 )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT AIT ABDELHAK'S DEMAND FOR JURY TRIAL BY

TWELVE (12) upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

This 8th day of June, 2023.

By:  _/s/ Melissa C. Greene_
MELISSA C. GREENE
State Bar No. 580723
SHARON R. OPILA
State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

*Attorneys for Defendant Ait Abdelhak*

<div align="center">

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

</div>

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | Civil Action File No. |
| NATIONAL CONTINENTAL | ) | 2023CV01056 |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ | ) | |
| CORP. | ) | |
| | ) | |
| Defendants. | ) | |

<div align="center">

**DEFENDANT VAMAR INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

</div>

COMES NOW, Defendant Vamar Inc. (hereinafter "Defendant Vamar"), and files its Answer and Defenses to Plaintiff's Complaint as follows:

<div align="center">

**FIRST DEFENSE**

</div>

The Complaint fails to set forth a claim against Defendant Vamar upon which relief can be granted.

<div align="center">

**SECOND DEFENSE**

</div>

No action or inaction on the part of Defendant Vamar caused or contributed to Plaintiff's alleged injuries.

<div align="center">

**THIRD DEFENSE**

</div>

Venue is, or may be, improper as to Defendant Vamar, and Plaintiff's Complaint should be dismissed on these grounds.



8680073v.1

### FOURTH DEFENSE

Plaintiff's Complaint is, or may be, barred by the statute of limitations and must be dismissed on these grounds.

### FIFTH DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant Vamar and insufficiency of service.

### SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

### SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be

applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2). Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant Vamar in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

## NINTH DEFENSE

For its Ninth defense, Defendant Vamar answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

### 2.

Defendant Vamar is without personal knowledge or in information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

### 3.

Defendant Vamar admits it is a corporation organized in the State of Illinois and its registered agent is Nodirakhon Kadirova, located at 1800 W Hawthorne Ln Ste F1, West Chicago, Illinois 60185. Defendant Vamar denies as stated all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

Defendant Vamar admits that Defendant Abdelhak operated the 20022 Freightliner New Cascadia 126'' Sleeper Van. Defendant Vamar is without personal knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

5.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Defendant Vamar admits the allegations contained in Paragraph 9 of Plaintiff's Complaint upon information and belief.

10.

Defendant Vamar denies the allegations contained in Paragraph 10 of Plaintiff's Complaint upon information and belief.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Defendant Vamar admits the allegations contained in Paragraph 13 of Plaintiff's Complaint upon information and belief.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">15.</div>

Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">16.</div>

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">17.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

**COUNT II**

**NEGLIGENCE OF DEFENDANT VAMAR INC.**

18.
</div>

Defendant Vamar restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

22.

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant Vamar denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Vamar denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint, and therefore must deny the same.

27.

Defendant Vamar denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant Vamar is

without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">29.</div>

Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">

**COUNT III**
**ACTION IN CONTRACT AGAINST DEFENDANT**
**NATIONAL CONTINENTAL INSURANCE COMPANY**

</div>

<div align="center">30.</div>

Defendant Vamar restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

<div align="center">31.</div>

Defendant Vamar admits that on or about April 8, 2022 it had a policy of insurance with Defendant National Continental Insurance Company which provided coverage for the operation of the tractor operated by Defendant Abdelhak. Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

<div align="center">32.</div>

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant Vamar is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant Vamar denies Plaintiff is entitled to recover from it any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant Vamar is hereby denied by Defendant Vamar.

WHEREFORE, having fully answered, Defendant Vamar demands judgment in its favor. Defendant Vamar further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By:  /s/ Melissa C. Greene
     MELISSA C. GREENE
     Georgia State Bar No. 580723
     SHARON OPILA
     Georgia State Bar No. 631777

*Counsel for Defendant Vamar*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,                      )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
AIT ABDELHAK, VAMAR INC.,               )         Civil Action File No.
NATIONAL CONTINENTAL                    )         2023CV01056
INSURANCE COMPANY,                      )
JOHN DOE1&2 ABC CORP.&XYZ               )
CORP.                                   )
                                        )
            Defendants.                 )
                                        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

13

This 8th day of June, 2023.

By: /s/ Melissa C. Greene
MELISSA C. GREENE
State Bar No. 580723
SHARON R. OPILA
State Bar No.: 631777

*Counsel for Defendant Vamar*

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

GABRIELA ESPARZA,                          )
                                           )
           Plaintiff,                      )
                                           )
v.                                         )
                                           )
AIT ABDELHAK, VAMAR INC.,                  )
DEFENDANT ABDELHAK                         )    Civil Action File No.
CONTINENTAL                                )    2023CV01056
INSURANCE COMPANY,                         )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                      )
                                           )
           Defendants.                     )

## DEFENDANT VAMAR INC.'S DEMAND FOR JURY TRIAL BY TWELVE (12)

COMES NOW Vamar Inc. (hereinafter "Vamar") and hereby demands that the above captioned case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-22-122.

This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By: /s/ Melissa C. Greene
    MELISSA C. GREENE
    Georgia State Bar No. 580723
    SHARON OPILA
    Georgia Bar No. 631777

*Attorneys for Defendant Vamar Inc.*



IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,

      Plaintiff,

v.

AIT ABDELHAK,. VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

      Defendants.

Civil Action File No.
2023CV01056

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT VAMAR'S DEMAND FOR JURY TRIAL BY TWELVE (12)

upon all parties to this matter via the Court's e-filing system, which will automatically

email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

2

This 8th day of June, 2023.

By:   /s/ Melissa C. Greene
      MELISSA C. GREENE
      State Bar No. 580723
      SHARON R. OPILA
      State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

P.O. Box 56887
Atlanta, Georgia  30343-0887
mgreene@csvl.law
sopila@csvl.law

*Attorneys for Vamar Inc.*

3

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARAZA,

      Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

      Defendants.

Civil Action File No.
2023CV01056

### DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S
### ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant National Continental Insurance Company (hereinafter "Defendant National"), and files its Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant National upon which relief can be granted.

### SECOND DEFENSE

No action or inaction on the part of Defendant National caused or contributed to Plaintiff's alleged injuries.



8658812v.1

### THIRD DEFENSE

Venue is, or may be, improper as to Defendant National, and Plaintiff's Complaint should be dismissed on these grounds.

### FOURTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

### FIFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal

2

laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2). Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## SIXTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to Defendant National in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

## SEVENTH DEFENSE

For its Seventh defense, Defendant National answers the numbered paragraphs of the Complaint as follows:

3

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore must deny the same.

2.

Defendant National admits that it is a foreign insurance company authorized to do business in Georgia and that its resident agent is located at: CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805. National denies that venue is proper in this Court as to it. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint and therefore must deny the same.

3.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore must deny the same.

4.

Upon information and belief, Defendant National believes that Defendant Abdelhak operated the 2022 Freightliner New Cascadia 126" Sleeper Cab identified in Paragraph 4 of Plaintiff's Complaint. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore must deny the same.

4

5.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT 1

## NEGLIGNECE(sic) OF DEFENDANT AIT ABDELHAK

8.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same.

9.

Upon information and belief, Defendant National admits that Defendant Abdelhak was operating the 2022 Freightliner New Cascadia 126 Sleeper cab. Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore must deny the same.

10.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore must deny the same.

11.

Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same.

12.

Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

Upon information and belief, Defendant National admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is

without knowledge sufficient to admit or deny the allegations contained in (1) through (4) of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same.

15.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore must deny the same.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same.

17.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT II

## NEGLIGENCE OF DEFENDANT VAMAR INC.

18.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 17 as if fully set forth herein.

<center>19.</center>

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

<center>20.</center>

Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

<center>21.</center>

Paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore must deny the same.

<center>22.</center>

Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore must deny the same.

<center>8</center>

23.

Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore must deny the same.

24.

Defendant National denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant National denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National denies the allegations contained in Paragraph 26 (1) through (4) of Plaintiff's Complaint.

27.

Defendant National denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is

without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore must deny the same.

29.

Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT III

### ACTION IN CONTRACT AGAINST DEFENDANT NATIONAL CONTINENTAL INSURANCE

30.

Defendant National restates and incorporates by reference its defenses, denials, and statements contained in Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant National admits that on or about April 8, 2022 it had a contract of insurance in effect with Defendant Vamar which provided coverage for the operation of the tractor operated by Defendant Abdelhak.  Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore must deny the same.

32.

Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same.

## DAMAGES

33.

Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Defendant National is without personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore must deny the same.

34.

Defendant National denies Plaintiff is entitled to recover from it any damages or relief for which Plaintiff has prayed in the unnumbered WHEREFORE of Plaintiff's Complaint, inclusive of subparts (a) through (f).

35.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Defendant National is hereby denied by Defendant National.

WHEREFORE, having fully answered, Defendant National demands judgment in its favor.  Defendant National further requests a trial by a jury of twelve (12) on all issues.

This 8th day of June 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 221-2319
Facsimile (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

By:  /s/ Melissa C. Greene
      MELISSA C. GREENE
      Georgia State Bar No. 580723
      SHARON OPILA
      Georgia State Bar No. 631777

      *Attorneys for Defendant National*
      *Continental Insurance Company, LLC*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,

       Plaintiff,

v.

AIT ABDELHAK, VAMAR INC.,
NATIONAL CONTINENTAL
INSURANCE COMPANY,
JOHN DOE1&2 ABC CORP.&XYZ
CORP.

       Defendants.

Civil Action File No.
2023CV01056

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT NATIONAL CONTINENTAL INSURACE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via statutory electronic service, addressed as follows:

Sean Fields, Esq.
Hung Q. Nguyen, Esq.
Attorneys for the plaintiff
5495 Jimmy Carter, Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com

13

This 8th day of June, 2023.

Respectfully submitted,

COPELAND, STAIR, VALZ
& LOVELL, LLP

By:   */s/ Melissa C. Greene*
       MELISSA C. GREENE
       State Bar No.: 580723
       SHARON R. OPILA
       Georgia State Bar No. 631777

*Attorneys for Defendant National*
*Insurance Companies, LLC*

191 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220
Facsimile: (404) 523-2345
mgreene@csvl.law
sopila@csvl.law

14

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARZA,                        )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
AIT ABDELHAK, VAMAR INC.,                 )        Civil Action File No.
DEFENDANT NATIONAL                        )        2023CV01056
CONTINENTAL                               )
INSURANCE COMPANY,                        )
JOHN DOE1&2 ABC CORP.&XYZ                 )
CORP.                                     )
                                          )
        Defendants.                       )

### DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S DEMAND FOR JURY TRIAL BY TWELVE (12)

COMES NOW National Continental Insurance Company (hereinafter "National")

and hereby demands that the above captioned case be tried by a jury of twelve, pursuant to

O.C.G.A. § 15-22-122.

This 8th day of June, 2023.

                        Respectfully submitted,

                        COPELAND, STAIR, VALZ & LOVELL,
                        LLP

191 Peachtree Street, NE, Suite 3600    By:  /s/ Melissa C. Greene
P.O. Box 56887 (30343-0887)                  MELISSA C. GREENE
Atlanta, GA 30303-1740                       Georgia State Bar No. 580723
Telephone (404) 221-2319                     SHARON OPILA
Facsimile (404) 523-2345                     Georgia Bar No. 631777
mgreene@csvl.law                             *Attorneys for Defendant National*
sopila@csvl.law                              *Continental Insurance Company*

8682551v.1                              

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GABRIELA ESPARAZA,               )
                                 )
          Plaintiff,             )
                                 )
v.                               )
                                 )
AIT ABDELHAK, VAMAR INC.,        )      Civil Action File No.
NATIONAL CONTINENTAL             )      2023CV01056
INSURANCE COMPANY,               )
JOHN DOE1&2 ABC CORP.&XYZ        )
CORP.                            )
                                 )
          Defendants.            )
                                 )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading, DEFENDANT NATIONAL'S DEMAND FOR JURY TRIAL BY TWELVE

(12) upon all parties to this matter via the Court's e-filing system, which will

automatically email a copy to all counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

2

This 8th day of June, 2023.

By:   */s/ Melissa C. Greene*
      MELISSA C. GREENE
      State Bar No. 580723
      SHARON R. OPILA
      State Bar No.: 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

*Attorneys for National Continental Insurance Company.*

P.O. Box 56887
Atlanta, Georgia  30343-0887
*mgreene@csvl.law*
sopila@csvl.law

3

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

GABRIELA ESPARZA,                         )
                                          )
              Plaintiff,                   )
                                          )
v.                                         )
                                          )
AIT ABDELHAK, VAMAR INC.,                  )        Civil Action File No.
NATIONAL CONTINENTAL                       )        2023CV01056
INSURANCE COMPANY,                         )
JOHN DOE1&2 ABC CORP.&XYZ                   )
CORP.                                      )
                                          )
              Defendants.                  )
                                          )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant Ait Abdelhak ("Defendant Abdelhak" hereinafter), Defendant Vamar Inc. ("Defendant Vamar" hereinafter), and Defendant National Continental Insurance Company ("Defendant National" hereinafter), by and through undersigned counsel, have filed a Petition for Removal in the office of the clerk of the United States District Court, Northern District of Georgia, Atlanta Division. A copy of the Petition for Removal is attached hereto as Exhibit "A." By virtue of law, the aforesaid case is now removed and all further proceedings in the State Court of Clayton County are stayed.

8682238v.1

COPELAND, STAIR, VALZ & LOVELL,
LLP

By:   /s/ Melissa C. Greene
      MELISSA C. GREENE
      Georgia State Bar No. 580723
      SHARON OPILA
      Georgia State Bar No. 631777

      *Counsel for Defendants Ait Abdelhak,*
      *Vamar, Inc., and National Continental*
      *Insurance Company*

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

2

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GABRIELA ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIT ABDELHAK, VAMAR INC., | ) | Civil Action File No. |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| JOHN DOE1&2 ABC CORP.&XYZ | ) | |
| CORP. | ) | |
| | | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL pleading upon all parties to this matter via statutory electronic filing, addressed to counsel of record as follows:

Sean B. Fields
Hung Q. Nguyen
77GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
sean@770goodlaw.com
*Attorneys for Plaintiff*

3

Respectfully submitted, this 8th day of June, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By:  /s/ Melissa C. Greene
     MELISSA C. GREENE
     State Bar No. 580723
     SHARON R. OPILA
     State Bar No. 631777

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 522-8220
mgreene@csvl.law
sopila@csvl.law

*Counsel for Defendants Ait Abdelhak, Vamar, Inc., and National Continental Insurance Company*

4

 

(Alex) H.Q. Nguyen
CEO/Managing Partner
Alex@770goodlaw.com

**770-GOOD-LAW**

YenHa T. Nguyen
Administrator & Finance Director
Yenha@770goodlaw.com

*AUTO ACCIDENT ATTORNEYS*
H.Q. ALEX NGUYEN LAW FIRM, LLC.

Thomas Tran
Client Experience Director
Thomas@770goodlaw.com

Jin K. Oh
Information Technology & HR Director
Jin@770goodlaw.com

**5495 Jimmy Carter Blvd., Suite B-17, Norcross Georgia 30093**

January 6, 2023

<u>**PRIVILEGED AND CONFIDENTIAL:**</u>
<u>**RELATING TO ATTEMPT TO COMPROMISE DISPUTED CLAIMS**</u>

<u>**VIA PRIORITY MAIL**</u>
**RECEIPT NO:** 9405 5112 0620 3502 5275 19
*Progressive Insurance*
Attn: Andy Mullet
PO Box 89401
Cleveland, OH 44101

**CAIP CLAIMS**

JAN 11 2023

RE:   Our Client:          **Gabriela Esparza**
       Your Insured:        **Ait Abdelhak**
       Date of Loss:        **April 8, 2022**
       Claim No.:           **227934797**
       Policy No:           **267086871**

Dear Andy Mullet:

Enclosed, please find our settlement demand with supporting documentation.

# Redacted



Page 1 of 12

# Redacted

# Redacted

# Redacted

Redacted

Based on the negligence of your insured and the extent of Gabriela Esparza's injuries, we estimate the value of this claim to be in excess of $1,000,000.00. Redacted

Redacted                    Redacted

Redacted

# Redacted

# Redacted

# Redacted

# Redacted

# Redacted

Sincerely,

**770GOODLAW, H.Q.** Alex Nguyen Law Firm, LLC

Sean Fields
Attorney for Gabriela Esparza
Direct:  470-273-6204
Direct Fax:  770-409-1526
Email: Sean@770goodlaw.com

PO/
Enclosures

# Redacted

# Redacted