IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSS M. ABELES, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHTOWNE MOTORS OF, NEWNAN, INC<br>Defendant. | CIVIL ACTION NUMBER:<br>CV-23-<br>JURY DEMAND |

# COMPLAINT

**COMES NOW** Plaintiff and files this lawsuit against the Defendant, Southtowne Motors of Newnan, Inc., for himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant Southtowne Motors of Newnan, Inc., is a corporation conducting business in the State of Georgia.

2. Plaintiff Ross Abeles resides in LaFayette, Walker County, Georgia.

3. At all times material to this action, the plaintiff was/is employed by defendant.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collection action provision of the Act found at Section 216(b),

1

for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the named plaintiff, as well as others similarly situated to the named plaintiff, of their lawful wages, i.e., minimum wage and overtime.

5. This action is brought to recover unpaid compensation owed to plaintiff and all employees and former employees of defendant who are similarly situated, pursuant to FLSA. For at least three years prior to filing this complaint, defendant has had a uniform policy and practice of consistently requiring salespersons to work straight commission, which causes plaintiffs to go weeks without pay and/or not receiving minimum wage and/or overtime. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391(b).

7. Defendant is subject to personal jurisdiction in the State of Georgia for the purpose of this lawsuit.

8. At all times relevant to this action, Defendant was/is "employer" of the named plaintiff as defined by §203(d) of the FLSA.

9.  At all times material to this action, the plaintiff is/was an "employee" of defendant as defined by §203(e)(1) of the FLSA, and worked for defendant within the territory of the United States within three years preceding the filing of this lawsuit.

10. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and all members of the plaintiff class herein were covered by §§206 and 207 of the FLSA while they were employed by defendant.

11. Plaintiff and other employees were required to work straight commission and not paid for some weeks and/or did not receive minimum wage pay and/or overtime compensation for their work when paid.

12. Defendant has intentionally failed and/or refused to pay the plaintiff and other employees' rates according to the provisions of the FLSA.

13. The systems, practices and duties of the named plaintiff have existed for at least three years throughout the defendant's business.

14. For at least three years, the defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to minimum wage when employees perform work.  Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful minimum wage and/or overtime compensation to conform the duties of these employees to the requirements of the FLSA.

15. Defendant has intentionally and repeatedly misrepresented the true status of compensation to its employees as well as their entitlement to minimum wage pay and/or overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.  The plaintiff, as well as other similarly situated present and former employees, relied upon these misrepresentations by defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

16. As a result of the actions of defendant in fraudulently concealing the true status of its employees when performing work under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

17. There are numerous other similarly situated employees and former employees of defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendant and are readily identifiable and locatable through defendant's records.  Specifically, all

employees and former employees of defendant who (i) have been employed with the defendant who have worked straight commission, not been paid minimum wage and/or overtime and not been compensated for same, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

18. Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay plaintiff and other similarly situated employees and former employees in accordance with §207 of the FLSA.

19. As a result of defendant's violations of the FLSA, the named plaintiff, as well as all others similarly situated, have suffered damages by failing to receive minimum wages and/or overtime compensation in accordance with §207 of the FLSA.

20. In addition to the amount of unpaid wages owing to the plaintiff and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

21. Defendant's actions in failing to compensate the plaintiff, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

22. Defendant has not made a good faith effort to comply with the FLSA.

23. Plaintiff, and all others similarly situated, are also entitled to an award of

attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, plaintiff, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked but were not paid minimum wage pay and/or overtime compensation pursuant to 29 U.S.C. §216(b);

2. Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Plaintiff further demands a jury to try the issues when joined.

             Respectfully submitted,

             /s/ William Gregory Dobson

William Gregory Dobson, Esq.
Georgia Bar No.: 237770
Lober & Dobson, LLC
1040 Fort Stephenson Road
Lookout Mountain, GA 30750
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
wgd@lddlawyers.com

/s/ Michael J. Lober
Michael J. Lober
Georgia Bar No.455580
Lober & Dobson, LLC
1197 Canton Street
Roswell, GA 30075
(770) 741-0700
mjlober@lddlawyers.com

**Defendant's Address for Service:**
Southtowne Motors of Newnan, Inc.
c/o Eddie Birnbrey, Registered Agent
1801 Peachtree Road NW, #300
Atlanta, Georgia 30309