# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTONIO ROMERO and DOODY CALLS OF ATLANTA,<br><br>    Plaintiff,<br><br>v.<br><br>PARRISH TIRE COMPANY, DEFENDANTS "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted buy amendment when ascertained,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br><br>REMOVEWD FROM STATE COURT OF FULTON COUNTY, GEORGIA, CAFN: 22EV007137<br><br>*Jury Trial Demanded* |

## DEFENDANT PARRISH TIRE COMPANY'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT

**COMES NOW**, Defendant **PARRISH TIRE COMPANY** and files this its Notice of Removal and Brief in Support of Notice of Removal to United States District Court, showing this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1.  A civil action was filed on December 26, 2023, in the State Court of Fulton County, State of Georgia. That action is designated there as Civil Action File

1

No.: 22EV007137. Defendant Parish Tire Company has allegedly been served on May 11, 2023. This removal is timely filed. The amount in controversy exceeds $75,000.00. Plaintiffs have previously sent a joint demand for $700,000.00 and Plaintiff Doody Calls of Atlanta had previously sent a separate demand for $155,000, claiming at least $80,000 in damages.

2. Defendant files herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: STCV2022000539, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

3. Plaintiff Antonio Romero is a resident and citizen of Fulton County. (See Compl., ¶ 1).

4. Plaintiff Doody Calls of Atlanta is a fictitious entity (franchise) and not registered with the Georgia Secretary of State. As a general matter, fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734 (2010); *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997). Defendant is not aware of the correct legal name for Doody Calls of Atlanta, however, Defendant is aware that it is a franchise that may be registered in Fulton county and that Theo Brown may be the owner of Doody Calls of Atlanta. Defendant is unaware of Mr. Brown's citizenship, but alleges that Mr. Brown is a citizen of the State of Georgia.

5. Defendants "1-10" are unknown and are fictitious entities not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734 (2010); *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997)

6. Defendant Parrish Tire Company, is currently, and was at the commencement of Civil Action File No.: 22EV007137, and at all times since has been a corporation organized and existing under the laws of the State of North Carolina with a principal place of business in North Carolina. (*See* Compl, ¶ 2; *see also* Georgia Secretary of State Business Records, attached hereto as "Exhibit B").

7. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Fulton County, State of Georgia, marked as Exhibit "C".

## **LEGAL ARGUMENT AND CITATION TO AUTHORITY**

**A.     This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1)Citizens of different states.

28 U.S.C. § 1332(a).

### **1.     THERE IS COMPLETE DIVERSITY.**

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

Plaintiff is a fictitious entity, however, Defendant alleges that its owner Mr. Brown is was citizen and resident of Georgia at the time of filing of the Complaint. (Pl's Compl. ¶ 1). *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is

4

domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of Georgia.

Defendant Parrish Tire Company, is currently, and was at the commencement of Civil Action File No.: 22EV007137, and at all times since has been a corporation organized and existing under the laws of the State of North Carolina with a principal place of business in North Carolina. (*See* Pl. Compal., ¶ 2; *see also* "Exhibit B").

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

2. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff's complaint seeks compensation for personal injuries and financial harm. (Pl.'s Compl. ¶ 8). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

5

754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id*. (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

On November 2, 2022, Plaintiff Theo Brown, franchise owner of Doody Calls, sent a demand for $155,000, and claimed at least $80,000 in economic loss. (*See* Ex. D). On December 29, 2022, Plaintiffs Doody Calls' owner Theo Brown and Antonio Romero sent a demand for $700,000. (*See* Ex. E). Plaintiffs are clearly seeking

6

damages in excess of $75,000. Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, the Defendant Parrish Tire Company has sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 9th day of June, 2023.

                    **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

                    /S/ *SANDRO STOJANOVIC*
                    SCOTT H. MOULTON
                    GEORGIA STATE BAR NO. 974237
                    SANDRO STOJANOVIC
                    GEORGIA STATE BAR NO. 473114

                                                                                                                                       COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANTONIO ROMERO and DOODY CALLS OF ATLANTA,<br><br>　　Plaintiff,<br><br>v.<br><br>PARRISH TIRE COMPANY, DEFENDANTS "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted buy amendment when ascertained,<br><br>　　Defendants. | CIVIL ACTION FILE NO. _____<br><br>REMOVEWD FROM STATE COURT OF FULTON COUNTY, GEORGIA, CAFN: 22EV007137<br><br>*Jury Trial Demanded* |

## **CERTIFICATE OF COMPLIANCE**

The foregoing **DEFENDANTS PARRISH TIRE COMPANY'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 9th day of June, 2023.

                                        **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

                                        /s/ *Sandro Stojanovic*
                                        SCOTT H. MOULTON
                                        GEORGIA STATE BAR NO. 974237
                                        SANDRO STOJANOVIC
                                        GEORGIA STATE BAR NO. 473114
                                        COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANTONIO ROMERO and DOODY CALLS OF ATLANTA,<br><br>    Plaintiff,<br><br>v.<br><br>PARRISH TIRE COMPANY, DEFENDANTS "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted buy amendment when ascertained,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br>REMOVEWD FROM STATE COURT OF FULTON COUNTY, GEORGIA, CAFN: 22EV007137<br><br>*Jury Trial Demanded* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS PARRISH TIRE COMPANY'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Alex O. Mitchell
Cumberland Law Group, LLC
400 Galleria Parkway, Suite 1500
Marietta, GA 30339
info@cumberlandlawatlanta.com

*Counsel for Plaintiff*

This <u>9th</u> day of June, 2023.

                                            **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

                                            /S/ *SANDRO STOJANOVIC*
                                            SCOTT H. MOULTON
                                            GEORGIA STATE BAR NO. 974237
                                            SANDRO STOJANOVIC
                                            GEORGIA STATE BAR NO. 473114
                                            COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com