State Court of Fulton County
\*\*E-FILED\*\*
22EV007137
12/26/2022 1:29 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Antonio Romero
Doody Calls of Atlanta

Plaintiff's Name, Address, City, State, Zip Code

vs.

Parrish Tire Company
4736 Frederick Drive
Atlanta    GA    30336

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: **Alex Mitchell**

Address: **400 Galleria Parkway STE 1500**

City, State, Zip Code: **Atlanta, GA 30339**    Phone No.: **678-385-5953**

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____ .

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

EXHIBIT A

State Court of Fulton County
**E-FILED**
22EV007137
12/26/2022 1:29 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| Antonio Romero;<br>Doody Calls of Atlanta;<br><br>Plaintiffs,<br><br>v.<br><br>Parish Tire Company<br>Defendants "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted by amendment when ascertained;<br><br>Defendants. | CIVIL ACTION NO.: |

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW Antonio Romero and Doody Calls of Atlanta, Plaintiffs in the above-referenced matter and request pursuant to O.C.G.A Sec. 9-11-36(a) that the Defendant admit the matter set forth below, or deny same in writing, within thirty days from the date of service hereof:

### REQUEST

Defendant is requested to admit that:

1.

Defendant Mr. Tevin Wilkinson was an employee of the defendant and the driver of the vehicle on or about August 31, 2022.

2.

Plaintiff Antonio Romero was driver in one of the vehicles involved in the accident with Parrish Tire Company on August 31, 2022. The vehicle driven by Plaintiff Romero is the property of Doody Calls of Atlanta.

EXHIBIT A

3.

Defendant struck vehicle owned by owned by Plaintiff Doody Calls of Atlanta on or August 31, 2022.

4.

Defendant was cited for following too closely; by Officer A.R. Ledesma of the Cobb County Police Department.

5.

Plaintiffs complained of injuries at the scene of the accident.

6.

Plaintiff was not transported from the scene by ambulance.

7.

Defendant has no personal knowledge that the injuries sustained by Plaintiff are exaggerated.

8.

Defendant has no personal knowledge that treatment sought is unreasonable

9.

Mr. Tevin Wilkinson paid the traffic citation he received on the date of the incident on August 31, 2022.

*Alex Mitchell*
Alex Mitchell
Attorney for Plaintiffs
400 Galleria Pkwy Suite 1500
Atlanta, GA 30039
P: 678-385-5953

EXHIBIT A

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing Answer to Plaintiffs' Request for Admission of Facts and upon Parrish Tire Company, Defendant, by depositing a copy of same in the United States Mail, First-Class postage prepaid.

This 26th day of December 2022.

*Alex Mitchell*

Alex Mitchell

Attorney for Plaintiffs

EXHIBIT A

State Court of Fulton County
\*\*E-FILED\*\*
22EV007137
12/26/2022 1:29 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY STATE OF GEORGIA

| | |
|---|---|
| Antonio Romero;<br>Doody Calls of Atlanta;<br><br>Plaintiffs,<br><br>v.<br><br>Parish Tire Company<br>Defendants "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted by amendment when ascertained;<br><br>Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

1.

Plaintiff, Antonio Romero, is over the age of nineteen (19) years and is a resident citizen of Fulton County, Georgia brings this action. Plaintiff, Doody Calls of Atlanta is domestic business franchise registered Fulton County, Georgia, at the time of the wreck made the basis of this Complaint.

2.

Defendant, Parrish Tire Company is foreign corporation not registered in the State of Georgia. Defendant is registered in the State of North Carolina Defendant's principal place of business in the state of Georgia is Fulton County, Georgia, at the time of the wreck made the basis of this Complaint.

3.

The collision and injuries which are the basis of this Complaint occurred in Fulton County, Georgia.

EXHIBIT A

## COUNT I
## NEGLIGENCE

4.

On August 31, 2022, my client's employee (Antonio Romero) was involved in an accident where it was determined that your insured's employee (Tevin Wilkinson) was at fault. Mr. Wilkinson and two other vehicles were in the middle lane Northbound on Austell Road at the intersection of Pair Road. The insured was in the lane next to my client's vehicle. Mr. Wilkinson state he thought he saw the vehicle in front of him move but the driver instead hit his brakes. Mr. Wilkinson stated there was a glare however it was noted in the police report that the sun was behind all vehicles at the time of the accident. The front of Mr. Wilkinson vehicle collided into the rear of another vehicle with such force that it hit another vehicle and my client's vehicle driven by Mr. Romero.

The Defendant's employee was issued a citation under O.C.G.A Sec. 40-649 following too closely. Said negligent or wanton conduct was the proximate cause of the above-mentioned accident and Plaintiffs injuries and damages hereinafter described, rendering Defendant liable to Plaintiffs.

5.

Defendant owed a duty to Plaintiffs, to operate their vehicle in a reasonable and prudent manner. Defendants, whether named or fictitious, breached that duty, and instead, negligently or wantonly caused their motor vehicle to collide with Plaintiff's motor vehicle.

6.

At that time and place, Defendants, and/or fictitious Defendants "1-10" and negligently or wantonly operated the vehicle owned by Defendants, and/or fictitious Defendants "1-10" by colliding with the vehicle belonging to Plaintiff Doody Calls, where Plaintiff Antonio Romero was the driver of the vehicle. Said negligent or wanton conduct was the proximate cause of Plaintiffs' injuries and damages hereinafter described, rendering Defendants, whether named or fictitious, liable to Plaintiffs.

7.

Plaintiffs, Antonio Romero and Doody Calls injuries were the proximate result of the negligent or wanton operation of Defendants' vehicle.

8.

As a proximate consequence of the negligent or wanton conduct of the Defendant whether named or fictitious, the Plaintiffs, Antonio Romero and Doody Calls, was personally injured and damaged as follows:

a. Plaintiff Romero sustained multiple trauma related injuries;

b. Plaintiff Romero suffered physical pain and will suffer physical pain in the future;

c. Plaintiff Romero suffered mental anguish and will suffer mental anguish in the future;

d. Plaintiff has experienced neck pain, and other pain, and is suffering and has emotional distress, and some injuries are ongoing and permanent;

e. Plaintiff Romero was prevented from going about his normal activities and her normal enjoyment of life;

f. Plaintiff Romero incurred medical expenses for treatment of her injuries, and will incur medical expenses for treatment of her injuries in the future;

g. Plaintiff Romero suffered loss wages as a result.

h. Plaintiff Doody Calls suffered financial harm including loss of earnings due to Defendant's inability to advertise due to damages caused by his vehicle. Plaintiff's vehicle was his primary source of advertising for his business and his attempted to mitigate his losses by using other means of advertising, however those attempts failed.

i. Plaintiffs' damages are ongoing and expected to continue for an unknown period of time. Plaintiff reserves the right to supplement his damages before trial.

**WHEREFORE,** on the basis of the foregoing, Plaintiffs request that the jury selected to hear her case render a verdict for the Plaintiffs, and against the Defendants, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing their lawsuit.

EXHIBIT A

Alex O. Mitchell
Alex Mitchell (209945)
Attorney for the Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action on all issues.

/s/ Alex O. Mitchell
Alex Mitchell (209945)
Attorney for the Plaintiffs

**OF COUNSEL:**
Cumberland Law Group, LLC
400 Galleria Parkway
Suite 1500
Marietta, GA 30339
Tel: (678) 385-5953
Fax: (678) 503-2698

**Defendants to be served at:**
Parrish Tire Company of Atlanta, Inc.
4736 Frederick Drive Atlanta,
GA 30336

EXHIBIT A

State Court of Fulton County
\*\*E-FILED\*\*
22EV007137
12/26/2022 1:29 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Antonio Romero;<br>Doody Calls of Atlanta;<br><br>      Plaintiffs,<br><br>v.<br><br>Parish Tire Company<br>Defendants "1-10" as the owner of the vehicle which struck the vehicle in which Plaintiff was operating on the occasion described herein, whose true names and legal entities are otherwise unknown to Plaintiff at this time but will be substituted by amendment when ascertained;<br><br>      Defendants. | **CIVIL ACTION NO.:** |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,
PARRISH TIRE COMPANY**

**COME NOW**, the Plaintiffs in the above-styled cause and propounds the following Interrogatories to Defendant, Parrish Tire Company to be answered in accordance with the *Georgia Rules of Civil Procedure*:

1. State your full name of the employee, age, place of birth, social security number, residence and business address at the present time and at the time of the occurrence made the basis of this suit.

2. On or about the August 31, 2020, were you the owner of or operator of, a motor vehicle that came in contact with the motor vehicle being operated by Plaintiff, while traveling on Austell Road Northbound in Fulton County, Georgia? If your answer is in the affirmative, state whether you were the owner, operator, or both and the registration number, make and year of the motor vehicle involved in this collision. If your answer is in the negative, state the owner's name, current address, current telephone, their relation to you, the registration number, and the make and year of the motor vehicle involved in the collision.

3. State all conversations that you had with anyone, at the scene of the collision or at any time thereafter. Identify the person(s) to whom you spoke and the contents of said conversation.

EXHIBIT A

4. State the full name, the last known address, the last known telephone number, of every witness known to you or your attorneys who have knowledge regarding the facts and the circumstances surrounding the incident referred to in the Plaintiffs' complaint.

5. For the last five (5) years list the name and address of each of your employers, or your business or occupation.

6. State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

7. Describe, to the best of your knowledge, how the collision involving your employee, made the basis of this suit occurred, giving all the events in the order in which they took place.

8. Describe the movements of the Plaintiffs from the time you first saw them until the instant of contact, stating the variations in speed and change in direction, if any.

9. Describe the movements of your motor vehicle, or motor vehicle operated by you, with reference to its speed and the direction in which you were traveling and any variations therefrom, from the time you first saw the Plaintiffs until the contact.

10. Describe, in detail, the events that took place immediately following the collision which is made the basis of this suit, from the moment the collision occurred until you physically exited your vehicle, or the vehicle being operated by you.

11. If you applied the brakes of your motor vehicle at any time just prior to, or immediately after, the point of the collision with the motor vehicle where Plaintiffs, was a passenger state to the best of your knowledge: The distance the motor vehicle in which you were riding was from the point of the collision when the brakes were first applied; The distance the motor vehicle in which you were riding traveled from the time its brakes were first applied to the time it came to a full and complete stop.

12. Describe the points of impact and every part of the motor vehicle which you were operating that was damaged in this collision.

13. Describe what parts of the Plaintiffs' motor vehicle you believe were damaged in this collision?

14. Please state your best memory as to any conversation had with the Plaintiff at the scene of the collision, or after the collision, concerning the said collision.

15. State specifically and in detail any contention of the Defendant regarding any cause or contributing cause of the collision. Include a statement of the facts or information upon which this is based.

16. State in detail what intoxicating beverages, substances, drugs or medication you had taken or consumed in the twenty-four-hour period prior to the incident that is the basis of this suit, including the amount, the time, and the place of consumption of such intoxicants. Include in your answer the names and present address and phone number of any persons present when the same was consumed.

<u>EXHIBIT A</u>

17. Do you presently wear any eyeglasses or corrective lenses for any reason whatsoever? If so, do you have normal vision without the corrective lenses?

18. State whether a driver's license was issued to you to operate a motorized vehicle at the time the incident made the basis of this suit occurred, specifically, May 16, 2020. If so, state the name, address, state of issuance, date of issuance, the expiration date, and whether there are any restrictions on your license. Include in your answer if you have ever been denied a license-or if your license has ever been restricted.

19. If you are covered by a liability insurance policy for this collision and claim, please state: the name of the insurance company or insurance companies that was/were holding said insurance policy/policies; the liability indemnification limits provided by the said insurance policy/policies at the time of the collision that is the subject of the present litigation; the name of the insurance company or companies providing excess liability insurance coverage, if any, in effect at the time of the collision that is the subject of the present litigation; the liability indemnification limits provided by said excess insurance policy/policies; and whether or not coverage has been denied.

20. Has the employee, in the past ten (10) years, previously been in a wreck or been issued traffic citations? If so, please state the nature, year and venue of such citations and/or wrecks.

21. Have you ever been named as a Plaintiff or Defendant in another lawsuit? If so, please state the case number, style, state, and county where each action was brought.

22. Based on your personal knowledge, do you contend that the Plaintiff(s) was suffering from a pre-existing condition or illness prior to the date of the subject collision? If so, please state each and every fact in support of such contention.

23. Based on your personal knowledge, do you contend that the Plaintiffs did not receive any injuries as a result of the subject collision? If so, please state each and every fact in support of such contention.

24. Based on your personal knowledge, do you contend that the Plaintiff(s) did not receive medical care and treatment for injuries sustained as a result of the subject collision? If so, please state each and every fact in support of such contention.

25. Based on your personal knowledge, do you know of the existence of any photographs of the scene of collision in your possession? If so, please state the number of photocopies, date taken, describe what they depict, and state the name, address and telephone number of the person(s) taking such photographs.

26. Do you have in your possession or that of your agents any photographs depicting the injuries to the Plaintiff resulting from the subject collision? If so, please state the date taken, the number of photographs and the name, address and telephone number of the person taking such photographs.

27. Did any person other than the driver of the Defendant vehicle act in such a manner as to cause or contribute to the subject collision? If so, please state each and every fact in support of such contention.

28. Based on your personal knowledge, do you contend that the Plaintiff, assumed the risk of the subject collision? If so, please state each and every fact in support of such contention.

29. Based on your personal knowledge, do you contend that the conduct of the Plaintiff(s) was/were a proximate cause of the subject collision? If so, please state each and every fact in support of such contention.

30. Based on your personal knowledge, do you contend that the medical care and treatment received by the Plaintiff(s) was/were excessive? If so, please state each and every fact in support of such contention, and the name, address and telephone number of each person upon whose opinion you have relied upon to support such facts.

31. Based on your personal knowledge, do you contend that the Plaintiff(s) has/have sustained subsequent injuries, which are not relevant to this lawsuit? If so, please state each and every fact in support of such contention.

32. Based on your personal knowledge, do you contend that the medical care received by Plaintiff(s) was/were not as a direct result of the collision complained of herein? If so, please state each and every fact in support of such contention.

33. Did you have any access to a cellular telephone at the time and date of the incident made the basis of this complaint? If so, state any and all, whether personal or business related, cellular telephone number(s) and cellular telephone carrier(s) for any and all cellular telephones at your disposal at the time and date of the incident made the basis of this complaint.

34. Is there any person whom the Defendant expects to call as an expert witness at the trial of this action?

35. If your answer to the preceding Interrogatory is in the affirmative, please state as to each and every such witness and supplement, where necessary, as required by *Georgia Rule of Civil Procedure* 9-11-26 (4)(A): A party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

36. List each and every witness you expect to call at the trial of this matter.

37. List each and every document, records, or other item you expect to use as evidence at the trial of this matter.

38. Based on your personal knowledge, do you contend that the Plaintiff Doody Calls did not suffer any losses of business (past, present, and future) by Plaintiff(s) was/were not as a direct result of the collision complained of herein? If so, please state each and every fact in support of such contention.

EXHIBIT A

39. Are you aware that you are answering these questions under oath and that your answers may be used as evidence in the event of the trial of this case and that if the information sought through these Interrogatories is not at this time known but subsequently becomes known to you, you are required to supplement your answer to these interrogatories?

/s/Alex Mitchell
Alex Mitchell (209945)
Attorney for the Plaintiffs

**OF COUNSEL:**
Alex Mitchell
400 Galleria Parkway Suite 1500
Atlanta, Georgia 30339
Tel. (678) 385-5953
Fax (678) 503-2698
info@cumberlandlawatlanta.com

EXHIBIT A