# CUMBERLAND LAW GROUP, LLC.

*UNITIL JUSTICE PREVAILS…*

November 2, 2022
In re: Theo Brown Franchise Owner of Doody Calls
**Joshua Sinclair**
Claim #1000428193
P.O. Box 353
Van Wert, OH 45891
P: 1-800-935-9244
F: 1-800-877-2293

## TIME LIMITED DEMAND

To Mr. Sinclair:

  As you know, this firm represents Mr. Theo Brown for injuries sustained in an accident on August 31, 2022 due to the negligence of Parish Tire Company. I am writing this letter on behalf of my client to present facts of this disputed claim in an attempt to reach an amicable settlement without the necessity of litigation. Since this is a settlement letter, all of its terms are privileged and confidential. None of the statements made in this letter shall be deemed admissible in any proceeding should our settlement efforts fail. In the event litigation is entered, we request that all material be returned, unduplicated, to this office. Additionally, please put any applicable liability insurance carriers on notice of this pending legal action.

  This letter serves as a demand for Central Mutual Insurance Company to pay Mr. Brown pursuant to your insured's policy of $155,000.00 within thirty (30) days of the receipt date of this letter pursuant to **Southern General Insurance Company v. Holt**, 262 Ga. 267; 416 SE2d 274 (1992). This amount is less than your insured policy limits of $1,000,000. A material condition of this settlement offer is that the payment of your insured's policy limits must strictly comply with the stated payment details listed below.

  With the intention of settling this matter, we herein submit all pertinent data at our disposal and stand ready to provide any reasonable assistance to you in acquiring other data you deem essential. No settlement shall be binding and effective until it has been reduced to writing and signed by Mr. Theo Brown.

### FACTS OF THIS PREVENTABLE WRECK

  On August 31, 2021, my client's employee (Antonio Romero) was involved in an accident where it was determined that your insured's employee (Tevin Wilkinson) was at fault. Mr. Wilkinson and two other vehicles were in the middle lane Northbound on Austell Road at the intersection of Pair Road. The insured was in the lane next to my client's vehicle. Mr. Wilkinson state he thought he saw the vehicle in front of him move but the driver instead hit his

---

400 Galleria Pkwy. Suite 1500, Atlanta, GA 30339    Phone: (678) 385-5953
                                    Fax: (678) 503-2698

EXHIBIT D

brakes. Mr. Wilkinson stated there was a glare however it was noted in the police report that the sun was behind all vehicles at the time of the accident. The front of Mr. Wilkinson vehicle collided into the rear of another vehicle with such force that it hit another vehicle and my client's vehicle driven by Mr. Romero.

## 100% LIABILITY

The actions of Defendant Parish Tire Company support a finding that he caused the subject wreck. The physical evidence and witness testimony confirms that Defendant's Employee was at fault:

1. Committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.
2. O.C.G.A 40-6-49 Following Too Closely

## COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act including, but not limited to, the cost of medical services, compensation for pain and suffering, past, present, and future compensation for loss of earnings and the impairment of earning capacity, the permanency of the injuries and disabilities, and compensation for the loss of enjoyment of life. See Glisson v. Freeman, 243 Ga. App. 92, 108 (2000). As a result of the wreck, Mr. Brown sustained the following extensive special damages:

ECONOMIC LOSS

| | |
|---|---:|
| *LOSS OF USE FROM VEHICLE 8/31-11/2* | $72,000.00 |
| *LOSS OF VALUE FROM EMPLOYEE* | $8,000 |
| *TOTAL* | $80,000.00 |

## PAIN AND SUFFERING

Mr. Brown is also entitled to damages for pain and suffering which is included in our demand. The value of pain and suffering is determined by the enlightened conscience of a jury. In other words, the value of a person's pain and suffering is decided by a jury. Ray v. Stinson, et al., 172 Ga. App. 718 (1984); Redd, et al. v. Peters, 100 Ga. App. 316 (1959).

Unfortunately, Mr. Brown continues to suffer economic losses to his business due to the negligence actions of your insured. We are confident that a reasonable jury would award Mr.

EXHIBIT D

Brown pain and suffering damages from the date of the collision, November 2, 2022 to the present (or 63 days). Should this matter be pushed to trial we will ask the jury for a modest award of $350.00 a day for pain and suffering damages or $22,050.00. We also believe that Mr. Brown will incur future economic losses as he continues to rebuild his advertisement campaign for his business back to the point it was at previous to the accident.

## TOTAL DAMAGES

| 1 | Economic Loss | $80,000.00 |
|---|---|---|
| 2 | Future Economic Loss | $52,950.00 |
| 3 | Pain and Suffering | $22,050.00 |
|   | **TOTAL** | **$155,000.00** |

## UNLIQUIDATED DAMAGES DEMAND AND TIME LIMITED DEMAND

Please consider our demand of *ONE HUNDRED FIFTY-FIVE THOUSAND AND 00/100 DOLLARS ($155,000.00), or the policy limit, whichever is less,* as:

1. The amount requested under the Georgia Unliquidated Damages Interest Act codified at O.C.G.A. § 51-12-14 ("the Act"). Pursuant to the Act, if the amount offered, or the policy limits, is not paid in full within **thirty (30) days** from the mailing of this letter then, if upon the trial of this case a judgment not less than the sum demanded results, the Plaintiff herein will be entitled to receive interest on the sum demanded at the rate provided by law from the **thirtieth (30th)** day following the mailing of this letter; and,

2. A time limited demand under the authority of Southern General Insurance Company v. Holt, 200 Ga. App. 759 (1991), 262 Ga. 267 (1992).

In compliance with O.C.G.A. § 9-11-67.1, we are making this one time offer. These are material terms of this offer, with the numbered subsections below corresponding to and incorporating by reference § 9-11-67.1(a):

1. This offer must be accepted within thirty (30) days from receipt of this offer by certified mail;

2. The amount of monetary payment demanded is less than $1,000,000 Central Mutual Insurance's policy limits;

3. The parties the claimants will release if this offer is accepted (hereinafter "Released Parties") will be Central Mutual Insurance on the subject policy; Central Mutual Insurance's insureds under the policy including Parish Tire Company (Insured/Driver);

4. The claimants will provide a limited liability release pursuant to O.C.G.A. § 33-24-41.1; and

5. The claims to be released are the claimant's injury claims arising from the collision on August 31, 2022.

EXHIBIT D

## **CONCLUSION**

I have reviewed this case in detail and believe that the refusal of settlement to our demand would demonstrate bad faith on the part of Central Mutual Insurance Company to your insured, Parish Tire Company. Given the amount of expenses and vast economic harm caused to Mr. Brown, it is plainly apparent that any fair evaluation of this claim would lead any reasonable person to conclude that this claim is worth approximately $155,000.00. As you are surely aware, it would be within the rights of your insured to urge you to tender the amount requested in this case, which would avoid exposure to personal liability for the damages which will be sought in this matter. In a good faith effort to permit you to put the Parish Tire Company on notice of this claim, I have mailed your insured a copy of this letter via certified mail as required by law to Parish Tire Company's address at 5130 Indiana Ave, Winston Salem, NC 27106.

My client demands that a check or draft in the amount of $155,000.00 be made out and presented as follows: Pay to the order of Theo Brown, and/or The Cumberland Law Group, LLC, (as his attorneys). It is to be processed and delivered to our office by the *tenth* day of written acceptance of the offer to settle.

Please note, any deviation from the payment of the demand specified in the above paragraph or any change to the demand be Central Mutual Insurance Company will be viewed as a **REJECTION** of my client's reasonable demand and will be treated as a **COUNTEROFFER**. This is a one-time offer that shall expire and be automatically withdrawn either 30 days from the receipt date of this letter or upon any conveyed counteroffer, whichever occurs first. As such, I encourage you to ***Govern Yourself Accordingly***.

Lastly, this letter is sent merely to establish a claim for interest and penalties, and excess over the policy limit recovery, and is not to be construed as legal advice. We represent the interests of Mr. Theo Brown only. This demand is our good faith offer to settle his claim for a reasonable and fair amount and to avoid the high cost of a lengthy trial and excess over the policy limit exposure. Please be advised we are prepared to file suit if we are unable to reach an amicable agreement on behalf of our client, Mr. Theo Brown.

Cumberland Law Group, LLC


Alex Mitchell, Esq.
Georgia Bar No: 209945
400 Galleria Parkway
Suite 1500
Atlanta, GA 30339

CC:
Parrish Tire Company
5130 Indiana Ave.
Winston Salem, NC 27106

EXHIBIT D