IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLCARE OF GEORGIA, INC. ) | |
| ) | |
|   Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| ALLSTATE INSURANCE ) | FILE NO. _____ |
| COMPANY and ) | |
| DONDRA BARNES ) | |
| ) | |
|   Defendants ) | |

## COMPLAINT

Now comes Plaintiff WELLCARE OF GEORGIA, INC. ("Wellcare") and files its Complaint against Defendants ALLSTATE INSURANCE COMPANY ("Allstate") and DONDRA BARNES ("Barnes").

## JURISDICTION AND VENUE

1.  Wellcare is a corporation organized under the laws of the State of Georgia, maintaining its principal office and principal place of business in Atlanta, Georgia.

2.  Allstate is a foreign insurance company authorized to conduct business in the State of Georgia, and conducting business in Atlanta, Georgia.

3.  On information and belief, Barnes is a citizen of the State of Georgia residing in Atlanta, Georgia.

4. Wellcare's claims arise under the laws of the United States, specifically 42 U.S.C. § 1395y ("Medicare"), its implementing regulations, and 42 U.S.C. § 1395y(b)(3)(A), the Medicare Secondary Payer Act (the "MSP Act").

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7. Wellcare operates as a Medicare Advantage Organization ("MAO") providing Medicare Part C coverage, and administers a Medicare Advantage plan (the "MAO Plan") for Medicare-eligible enrollees, receiving in return a per capita fee from the Centers for Medicare & Medicaid Services ("CMS").

8. Janice Amerson ("Amerson") was a Medicare-eligible individual who was enrolled in and maintained health insurance coverage through the MAO Plan administered by Wellcare.

9. Amerson was injured in a motor vehicle accident ("MVA") with Barnes as the at-fault driver.

10. As a result of the injuries sustained by Amerson in the MVA, Wellcare paid $158,407.03 in Medicare benefits on Amerson's behalf under the MAO Plan to cover Amerson's medical expenses. Attached as **"Exhibit A"** is an itemization of

the Medicare benefits paid by Wellcare on Amerson's behalf, redacted to protect against disclosure of personal identifiers and personal health information.

10.     On information and belief, Amerson brought a personal injury action ("the personal injury action") against Barnes as the tortfeasor who caused Amerson's injuries in the MVA.

11.     Allstate was Barnes' liability insurer.

12.     On information and belief, the personal injury action was resolved with full policy limits paid by Allstate.

13.     Under the MAO Plan, if a Medicare-eligible enrollee is injured the following provisions apply:

> **When you are injured**
>
> If you are ever injured, become ill or develop a condition through the actions of another person, company, or yourself (a "responsible party"), our plan will provide benefits for covered services that you receive.  However, if you receive money or are entitled to receive money because of your injury, illness or condition, whether through a settlement, judgment, or any other payment associated with your injury, illness or condition, our plan and/or the treating providers retain the right to recover the value of any services provided to you through this Plan in accordance with applicable State law.
>
> As used throughout this provision, the term "responsible party" means any person or entity actually or potentially responsible for your injury, illness or condition.  The term responsible party includes the liability or other insurer of the responsible person or entity.
>
> Some examples of how you could be injured, become ill or develop a condition through the actions of a responsible party are:
>
> - You are in a car accident;
> - You slip and fall in a store; or

- You are exposed to a dangerous chemical at work.

Our plan's right of recovery applies to any and all amounts you receive from the responsible party, including but not limited to:

- Payments made by a third party or any insurance company on behalf of the third party;
- Uninsured or underinsured motorist coverage;
- Personal injury protection, no fault or any other first party coverage;
- Workers Compensation or Disability award or settlement;
- Medical payments coverage under any automobile policy, premises or homeowners' insurance coverage or umbrella coverage;
- Any settlement received from a lawsuit or other legal action;
- Any judgment received from a lawsuit or other legal action; or
- Any other payments from any other source received as compensation for the responsible party's actions or omissions.

By accepting benefits under this Plan, you agree that our plan has a first priority right of subrogation and reimbursement that attaches when this Plan has paid benefits for Covered Services that you received due to the actions or omissions of a responsible party, and you or your representative recovers, or is entitled to recover, any amounts from a responsible party.

By accepting benefits under this Plan, you also (i) assign to our plan your right to recover medical expenses from any coverage available up to the full cost of all Covered Services provided by the Plan in connection with your injury, illness or condition, and (ii) you agree to specifically direct the responsible party to directly reimburse the Plan on your behalf.

By accepting benefits under this Plan, you also give our plan a first priority lien on any recovery, settlement or judgment, or other source of compensation and all reimbursement for the full cost of benefits for Covered Services paid under the Plan that are associated with your injury, illness or condition due to the actions or omissions of a responsible party. This priority applies regardless of whether the amounts are specifically identified as a recovery for medical expenses and regardless of whether you are made whole or fully compensated for your loss. Our plan may recover the full cost of all

benefits provided by this Plan without regard to any claim of fault on your part, whether by comparative negligence or otherwise. No attorney fees may be deducted from our plan's recovery, and our plan is not required to pay or contribute to paying court costs or attorneys' fees for the attorney hired to pursue the claim or lawsuit against any responsible party.

**Steps you must take**

If you are injured, become ill or develop a condition because of a responsible party, you must cooperate with our plan's and/or the treating provider's efforts to recover its expenses, including:

- Telling our plan or the treating provider, as applicable, the name and address of the responsible party and/or his or her lawyer, if you know it, the name and address of your lawyer, if you are using a lawyer, the name and address of any insurance company involved, including a description of how the injury, illness or condition was caused.

- Completing any paperwork that our plan or the treating provider may reasonably require to assist in enforcing the lien or right of recovery.

- Promptly responding to inquiries from our plan or the treating provider about the status of the case or claim and any settlement discussions.

- Notifying our plan immediately upon you or your lawyer receiving any money from the responsible party(s) or any other source.

- Paying the health care lien or Plan recovery amount from any recovery, settlement or judgment, or other source of compensation, including payment of all reimbursement due to our plan for the full cost of benefits paid under the Plan that are associated with your injury, illness or condition due to a responsible party regardless of whether specifically identified as recovery for medical expenses and regardless of whether you are made whole or fully compensated for your loss;

- Doing nothing to prejudice our plan's rights as set forth above. This includes, but is not limited to, refraining from any attempts to reduce or exclude from settlement or recovery the full cost of all benefits paid by the Plan or any attempts to deny our plan its first priority right of recovery or lien.

- Holding any money that you or your lawyer receive from the responsible party(s), or from any other source, in trust, and reimbursing our plan or the

treating provider, as applicable, for the amount of the recovery due to the Plan as soon as you are paid and prior to payment of any other potential lien holders or third parties claiming a right to recover.

- You are required to cooperate with us in pursuing such recoveries or over payments.

*See* pages 238-40 of the MAO Plan attached as "**Exhibit B**."

14. Despite numerous demands from Wellcare via its agent, The Rawlings Company, Amerson and her attorney(s) failed to reimburse the MAO Plan from the settlement funds paid by Allstate in connection with the personal injury action.

15. Allstate is a "primary payer" and a "primary plan" within the meaning of Medicare and the MSP Act. *See* 42 U.S.C.A. § 1395y(b)(2)(A)(ii); 42 C.F.R. § 411.21 (defining "primary plan" to include an "automobile or liability insurance policy").

16. As an MAO, Wellcare is a secondary payer entitled to reimbursement from a primary plan for its secondary Medicare payments. *See* 42 U.S.C.A. § 1395y(b)(2); *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016).

17. The MAO Plan expressly provides that Wellcare has:

[T]he right and responsibility to collect for covered Medicare services for which Medicare is not the primary payer. According to CMS regulations at 42 CFR sections 422.108 and 423.462, our plan, as a Medicare Advantage Organization, will exercise the same rights of recovery that the Secretary exercises under CMS regulations in subparts B through D of part 411 of 42 CFR and the rules established in this section supersede any State laws.

*See* **Exhibit B** at p. 238.

18. Consequently, The Rawlings Company, on behalf of Wellcare, demanded reimbursement from Allstate of the Medicare benefits paid under the MAO Plan via letters dated February 6, 2023 and February 7, 2023. True copies of the February 6, 2023 correspondence and its attachments, and the February 7, 2023 correspondence, are attached respectively as "**Exhibit C**" and "**Exhibit D**."

19. When Allstate did not respond to the demands of The Rawlings Company on behalf of Wellcare, undersigned counsel was retained to assist with recovery of the Medicare benefits paid under the MAO Plan.  By letter dated March 27, 2023, counsel wrote to Allstate demanding reimbursement.  A true copy of the March 27, 2023 correspondence is attached as "**Exhibit E**."

20. To date, Allstate has not responded to any correspondence demanding reimbursement of the Medicare Benefits paid under the MAO Plan.

## COUNT I

## REIMBURSEMENT UNDER THE MSP ACT PLUS DOUBLE DAMAGES

21. Wellcare re-alleges and incorporates by reference paragraphs 1 through 20 as if set forth herein verbatim.

22. Under the MSP Act, Medicare has no obligation to pay for medical treatment when such payment has been made or can reasonably be expected to be

made through payment under a liability insurance policy. In such circumstances, Medicare pays conditionally pursuant to 42 U.S.C. § 1395y(b)(2)(A)(ii).

23.  Pursuant to 42 C.F.R. § 422.108(f), Wellcare, as an MAO, has the same rights to recover as provided under 42 C.F.R. Part 411, subparts B through D to recover from a primary plan, entity or individual.

24.  As a Medicare secondary payer, Wellcare was not obligated to make payments on behalf of Amerson, but did so conditionally pursuant to 42 U.S.C. § 1395(b)(2)(B)(i).

25.  Pursuant to 42 U.S.C. § 1395y(b)(2)(A)(ii), Defendants each constitute an "entity" or "individual" under the MSP Act from whom Wellcare may obtain reimbursement.

26.  Regulatory framework confers Wellcare's right to recovery. See 42 C.F.R § 422.108 (providing that MAOs can "exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter").

27.  The MSP Act "establishe[s] a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) . . . ." 42 U.S.C. § 1395y(b)(3)(A).

28. The Eleventh Circuit Court of Appeals has held that "paragraph (3)(A) [of] the MSP . . . permits an MAO to sue a primary plan that fails to reimburse an MAO's secondary payment." *Humana*, 832 F.3d at 1238

29. Moreover, under binding Eleventh Circuit precedent:

> If a beneficiary or other party fails to reimburse Medicare within 60 days of receiving a primary payment, the primary plan 'must reimburse Medicare even though it has already reimbursed the beneficiary or other party.' 42 C.F.R. § 411.24(i)(1). This regulation applies equally to an MAO. *See id.* § 422.108(f). Thus, [Allstate's] payment to [Amerson] or any other party is insufficient to extinguish its prospective reimbursement obligation to [Wellcare]. Sixty days after [Allstate] tendered the settlement to [Amerson] and [her] attorney, because no party reimbursed [Wellcare], [Allstate] became obligated to directly reimburse [Wellcare]. *See id.* § 411.24(i)(1). Even after receiving [Wellcare's] demand for reimbursement, [Allstate] has declined to do so. Therefore, [Allstate] failed to provide for 'appropriate reimbursement' as defined by the CMS regulations.

*Humana*, 832 F.3d 1229, 1239-40.

30. "The MSP private cause of action permits an award of double damages when a primary plan fails to provide for primary payment or appropriate reimbursement." *Humana*, 832 F.3d at 1239 (citing 42 U.S.C. § 1395y(b)(3)(A)).

31. And an MAO will be "entitled to summary judgment on a § 1395y(b)(3)(A) claim when [there is no dispute regarding] (1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount." *Id*.

32. There can be no dispute that (1) Allstate is a primary plan, (2) Allstate and Barnes have failed to provide Wellcare with reimbursement as required by the MSP Act, and (3) Wellcare's damages amount to $158,407.03.

33. Accordingly, Allstate and Barnes are liable to Wellcare for $316,814.06, *i.e.*, "double damages" under the MSP Act.

## COUNT II

## ATTORNEY'S FEES

34. Wellcare re-alleges and incorporates by reference paragraphs 1 through 33 as if set forth herein verbatim.

35. Upon a finding that Defendants are culpable and liable to Wellcare for the sum(s) demanded in Count I, an award of attorney's fees will deter other persons from engaging in such conduct under similar circumstances.

36. Accordingly, Defendants are liable to Wellcare for reasonable attorney's fees and costs of this action in order to obtain the return of Wellcare's assets.

37. Wellcare was forced to retain the services of The Rawlings Company and undersigned counsel in an effort to enforce its rights under the MAO Plan against Defendants, which amounted to additional attorney's fees and costs expended prior to the filing of this lawsuit.

38. Wellcare has incurred additional attorney's fees and costs associated with the filing of this lawsuit, and will continue to incur attorney's fees and costs for the duration of this lawsuit, and until Wellcare is reimbursed the amounts it expended on behalf of Amerson.

WHEREFORE, Plaintiff Wellcare of Georgia, Inc. prays for judgment against Defendants as follows:

a. For an Order directing Defendants to reimburse Wellcare for the amounts expended on Amerson's behalf under the MAO Plan and to otherwise cooperate with Wellcare in its efforts to protect its rights under the MAO Plan;

b. For an Order awarding Wellcare double damages for Defendants' refusal to reimburse Wellcare as required by the MSP Act;

c. For an Order awarding Wellcare reasonable attorney's fees and costs of this action; and

d. For such other and further relief as this Court may deem just and proper under the circumstances.

This 9th day of June, 2023.

>*/s/ Aaron E. Pohlmann*
>Aaron E. Pohlmann
>Georgia Bar No. 582685
>
>Attorney for Plaintiff
>Wellcare of Georgia, Inc.

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
aaron.pohlmann@wbd-us.com