

Exhibit D



Offices Also In
Florence, Kentucky
Los Angeles, California

Post Office Box 49
LaGrange, Kentucky 40031-0049

One Eden Parkway
LaGrange, Kentucky 40031-8100
Phone: 502.587.1279
Fax: 502.584.8580

February 07, 2023

Ms. Chante Simpson                          **Our Reference No.: 123364463**
Allstate Insurance Company                  Date of Loss: 01/28/2022
P.O. Box 660636                             Your Number: 0657948989
Dallas, TX 65266                            Your Client: Dondra Barnes

Re:    Our Client: WellCare Health Plan
       Patient: Janice Amerson

Dear Ms. Simpson:

This matter has been forwarded to counsel concerning our client's subrogation claim against your insured. Please note that this particular plan is a Medicare Part C (Advantage) Plan (MAO) administered by WellCare of Georgia. MAOs have clear recovery rights under the Secondary Payer Act (MSP) which are identical to the recovery rights of Medicare, including the MAOs' ability to pursue subrogation and reimbursement rights through a private cause of action against a third-party carrier.

The practical implication of this analysis is that MAOs must be paid directly when a reimbursement request is made. The failure to resolve an MAOs' claims will result in a private cause of action for double damages against the applicable primary plan.  Primary plan is defined as "a group health plan or large group health plan, a workers' compensation law or plan, an automobile or **liability insurance policy or plan (including a self-insured plan)**, or no-fault insurance." 42 C.F.R. § 411.21 (emphasis added). Here, Allstate Insurance Company is clearly a primary plan in this matter.  MAOs, whose recovery rights are equated to Medicare Secondary Payer through the terms of 42 U.S.C. § 1395w-22(a)(4), are entitled to reimbursement from a "primary plan, and an entity that receives payment from a primary plan…" 42 U.S.C. § 1395y(b)(2)(B)(ii).

Affirming this principle, in *Humana v. GlaxoSmithKline*, 685 F.3d 353 (3rd Cir. 2012), also referred to as the *Avandia* decision, the Third Circuit held that 42 U.S.C. 1395y(b)(3)(A) provides MAOs with "a private cause of action for damages…, placing no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary plan fails to appropriately reimburse" the MAO. *Id.*  The Court of Appeals held that courts are bound to defer to CMS regulations, specifically 42 C.F.R. § 108, which states: "[t]he MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter."

Most recently, in *Humana Medical Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016), a Federal Court of Appeals Court awarded double damages against a third-party carrier when the MAO did not receive payment within 60 days after the beneficiary received the settlement funds. Like the

present situation, settlement funds were disbursed to the Plaintiff Attorney and Member. The Plaintiff Attorney and Member failed to address the MAO's lien. As a result, the MAO Plan pursued its subrogation claim against the third-party carrier. The Court of Appeals followed *Avandia* and held that a MAO had a private cause of action to sue a primary payer third-party carrier under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A). The court further held that the Medicare Advantage plan's rights under the MSP Act included a **mandatory** right to claim double damages. The Court gave *Chevron* deference to CMS regulation 42 C.F.R. § 411.24(i)(1) which requires a primary payer, like the tortfeasor's carrier, to "reimburse Medicare even though it has already reimbursed the beneficiary or other party" if such beneficiary or party fails to reimburse Medicare within 60 days of receiving a primary payment from a carrier." Further, the court found that a "beneficiary's procurement costs do not offset an MAO's recovery if the MAO must litigate to secure repayment." *Humana*, at 1240.

Notwithstanding the foregoing, we are more than willing to resolve this matter for our current paid amount of claims, $159,140.32 (not the double damages remedy that is available). To that end, please let Ms. Cates know if this is a matter we can resolve. She can be reached at (502) 814-2584. If Allstate Insurance is maintaining its denial, please provide a basis in writing so we can bring this issue to WellCare of Georgia's attention for further action in line with the authority discussed above.

Sincerely,

Kathryn V Eberle | Associate General Counsel
PH: 502-814-2108 | FAX: 502-322-1631
KVE@rawlingsandassociates.com