# Exhibit E

womblebonddickinson.com



**March 27, 2023**

Ms. Chante Simpson
Allstate Insurance Company
P.O. Box 660636
Dallas, TX 65266

**Via U.S.P.S. Express Mail and Facsimile [866-447-4293]**

*Re:*    *Janice Amerson Medicare Advantage Reimbursement*

Womble Bond Dickinson (US) LLP

271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

t:   404.872.7000
f:   404.888.7490

Aaron Pohlmann
Attorney At Law
Direct Dial: 404-962-7530
Direct Fax: 404-870-8230
E-mail: Aaron.Pohlmann@wbd-us.com

Dear Ms. Simpson:

This firm has been retained to assist with recovery of reimbursement of Medicare benefits paid on behalf of Janice Amerson, an enrollee in the Medicare Advantage plan administered by Wellcare of Georgia ("Wellcare").  This letter follows February 6, 2023 and February 7, 2023 correspondence to you from The Rawlings Company to which you have not responded.  Enclosed as **Exhibit A** is a copy of the February 6, 2023 correspondence and its attachments, and enclosed as **Exhibit B** is a copy of the February 7, 2023 correspondence.

As you are aware, Ms. Amerson was injured in a motor vehicle accident for which an insured of Allstate Insurance Company ("Allstate") was at fault.  In its capacity as a Medicare Advantage Organization ("MAO"), Wellcare paid $158,407.03 in Medicare benefits on Ms. Amerson's behalf for medical expenses incurred from her injuries.

Allstate is a "primary payer" and a "primary plan" within the meaning of Medicare and the Medicare Secondary Payer Act ("MSP").  *See* 42 U.S.C.A. § 1395y(b)(2)(A)(ii); 42 C.F.R. § 411.21 (defining "primary plan" to include an "automobile or liability insurance policy").  As an MAO, Wellcare is a secondary payer entitled to reimbursement from a primary plan for its secondary Medicare payments.  *See* 42 U.S.C.A. § 1395y(b)(2); *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016).

Ms. Amerson has not reimbursed Wellcare despite numerous demands.  Consequently, The Rawlings Company, on behalf of Wellcare, demanded reimbursement from Allstate twice on February 6, 2023 and February 7, 2023.  As the Eleventh Circuit Court of Appeals has held:

> If a beneficiary or other party fails to reimburse Medicare within 60 days of receiving a primary payment, the primary plan 'must reimburse Medicare even though it has already reimbursed the beneficiary or other party.' 42 C.F.R. § 411.24(i)(1).  This regulation applies equally to an MAO. *See id.* § 422.108(f). Thus, [Allstate's] payment to [Amerson] or any other party is insufficient to extinguish its prospective reimbursement obligation to [Wellcare].  Sixty days after [Allstate] tendered the settlement to [Amerson] and [her] attorney, because no party reimbursed [Wellcare], [Allstate] became obligated to directly reimburse [Welcare]. *See id.* § 411.24(i)(1).

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.
WBD (US) 61039966v2



March 27, 2023
Page 2

*Humana*, 832 F.3d 1229, 1239-40.

The MSP "establishe[s] a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) . . . ." 42 U.S.C.A. § 1395y(b)(3)(A). The Eleventh Circuit has held that "paragraph (3)(A) [of] the MSP . . . permits an MAO to sue a primary plan that fails to reimburse an MAO's secondary payment." *Humana*, 832 F.3d at 1238.

As expressly stated on the face of the statute, "[t]he MSP private cause of action permits an award of double damages when a primary plan fails to provide for primary payment or appropriate reimbursement." *Id*. at 1239 (citing 42 U.S.C. § 1395y(b)(3)(A)). And an MAO will be "entitled to summary judgment on a § 1395y(b)(3)(A) claim when [there is no dispute regarding] (1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount." *Id*.

Here, there can be no dispute that (1) Allstate is a primary plan, (2) has failed to provide Wellcare with reimbursement as required by the MSP, and (3) Wellcare's damages amount to $158,407.03. Thus, we are confident that Allstate will be liable for at least **$316,814.06**, i.e., "double damages," in the event a civil action is required to obtain reimbursement on Wellcare's behalf.

Please provide us with your response within **seven (7) days** of this letter, i.e., by **Monday, April 3, 2023**.

Thank you for your prompt attention to this matter.

    Very truly yours,

    **Womble Bond Dickinson (US) LLP**

    Aaron Pohlmann

Enclosures

WBD (US) 61039966v2



# Exhibit A



POST OFFICE BOX 2000
LAGRANGE, KENTUCKY 40031-2000

# FAX COVER SHEET

| | |
|---|---|
| TO: | Ms. Chante Simpson |
| DATE: | February 06, 2023 |
| FAX NUMBER: | (866) 447-4293 |
| PHONE: | (678) 589-1935 |
| FROM: | Katelyn Cates<br>Subrogation Operations Management |
| PHONE: | **502-814-2584** |
| FAX: | 502-753-7310 |

| | | |
|---|---|---|
| Re: | Our Client: | WellCare Health Plan |
| | Member/Patient: | Janice Amerson/Janice Amerson |
| | Date of Injury: | 01/28/2022 |
| | Our Reference No.: | 123364463 |
| | Your Client: | Dondra Barnes |
| | Your Number: | 0657948989 |

**Confidential Healthcare Information Enclosed**

Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited. Unauthorized disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.

IMPORTANT WARNING: This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message in error, please notify us immediately and destroy the related message.

Katelyn Cates   Reference No. 123364463



Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

February 06, 2023

Ms. Chante Simpson
Allstate Insurance Company
S Florida Casualty (3970) 4443 Lyons Rd #201a
Coconut Creek, FL 33073

**Our Reference No.: 123364463**
Date of Loss: 01/28/2022
Your Number: 0657948989
Your Client: Dondra Barnes

Re:   Our Client: WellCare Health Plan
      Patient: Janice Amerson

Dear Ms. Simpson:

The Rawlings Company, LLC ("TRC") previously placed you on notice that WellCare Health Plan is asserting a subrogation claim against your insured on behalf of the health plan.

As indicated in the written notice previously provided to you, the health plan's claim cannot be negotiated, settled, resolved, or compromised in any way by the patient or the patient's representative. The patient's claim should not be settled without notifying TRC of the potential settlement and obtaining consent from TRC to the resolution of the health plan's subrogation claim.

I am writing in follow up to my voicemail message seeking information on the status of this claim. Please provide me with an update on the status of this claim in the space below and return to me via fax.

You may contact me directly to obtain the exact amount of the health plan's subrogation claim. Thank you for your cooperation.

Sincerely,

*Kate Cates*

Katelyn Cates | Subrogation Operations Management
PH: 502-814-2584 | FAX: 502-753-7310
KMC0@rawlingscompany.com

Comments:
_____
_____
_____



Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

February 06, 2023

Ms. Chante Simpson  
Allstate Insurance Company  
S Florida Casualty (3970) 4443 Lyons Rd #201a  
Coconut Creek, FL 33073

**Our Reference No.: 123364463**  
Date of Loss: 01/28/2022  
Your Number: 0657948989  
Your Client: Dondra Barnes

Re:   Our Client: WellCare Health Plan  
       Patient: Janice Amerson

Dear Ms. Simpson:

As you may know, the Center for Medicare and Medicaid Services ("CMS"), the agency charged with administering Medicare and Medicaid, released a 2011 Position Memorandum commenting upon the recovery rights of Medicare Advantage health plans. In regards to the above-referenced incident, Janice Amerson was provided medical benefits from such a plan. Enclosed is a Memorandum from our legal department discussing CMS's position and court cases that have addressed Medicare Advantage health plan recovery rights. It is important that you, your client and/or insured, and the other parties involved in this matter understand the position of CMS and The Rawlings Company LLC as early as possible. Please contact me if you have any questions, and I look forward to working with you to resolve this case.

Sincerely,

*Kate Cates*

Katelyn Cates | Subrogation Operations Management  
PH: 502-814-2584 | FAX:  502-753-7310  
KMC0@rawlingscompany.com

MEMORANDUM

FROM:     The Rawlings Company, LLC

DATE:     January 2023

RE:       Recovery Rights of Medicare Advantage Organizations

The purpose of this document is to communicate the position of The Rawlings Company, LLC, after consultation with legal counsel, regarding the subrogation and reimbursement rights of Medicare Advantage organizations ("MAOs") under the Medicare Secondary Payer Act ("MSP Act"). As outlined in more detail below, the majority of courts that have reviewed this issue have held that (1) state laws limiting subrogation and reimbursement rights of MAOs are preempted under the Medicare Act, and (2) MAO's recovery rights under the MSP Act are identical to the recovery rights of traditional Medicare, including specifically the ability to pursue subrogation and reimbursement rights through a private cause of action.

1. **Preemption:**

**42 U.S.C. § 1395w-26(b)(3)**

Medicare Part C contains an express preemption provision: "[t]he standards established under [Part C] shall supersede any State law or regulation . . . with respect to MA plans which are offered by MA organizations under this part." S*ee also* 42 C.F.R. § 422.108(f).

*Meek-Horton v. Trover Solutions, Inc.*, 910 F. Supp. 2d 690 (S.D.N.Y. 2012)

This matter involved a class action lawsuit against 40 Medicare Advantage plans alleging various violations of New York law by seeking and obtaining reimbursement out of the proceeds of settlements. Following *Potts v. The Rawlings Co., LLC*, the U.S. District Court for the Southern District of New York granted the defendants' motion to dismiss after determining that the basis of plaintiffs' claims—New York's anti-subrogation statute—was "expressly preempted by the 'plain wording' of federal law [42 U.S.C. § 1395w-26(b)(3), and 42 C.F.R. § 422.108(f)]", and dismissed the case. *Id*. at 696.

*Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185 (S.D.N.Y. 2012)

Three months prior to *Meek-Horton*, the U.S. District Court for the Southern District of New York held that New York's anti-subrogation statute (GOL § 5-335) was preempted by the Medicare Act: "to whatever extent the New York statute applies to Medicare or MA organizations, it is expressly preempted by the Medicare Act." *Id*. at 196. In reaching its conclusion, the court held that applicable statutory and regulatory preemption, exhaustion of remedies, and reimbursement provisions apply equally to traditional Medicare and MAOs. The court also distinguished the issue of whether a MAO has a private cause of action from the issue of preemption of state law: "given the broad express preemption clause in the Medicare Act, whether there is a private right of action for MA organizations is immaterial to the question whether GOL § 5-335 is preempted." *Id*.

*Trezza v. Trezza*, 104 A.D.3d 37 (N.Y. App. Div. 2d Dep't 2012)

The New York Supreme Court, Appellate Division, held that New York's anti-subrogation statute, as applied to MAOs, was preempted by federal law because it restricted reimbursement rights provided by the Medicare Act and applicable regulations. In reversing the trial court's order extinguishing a MAO's reimbursement claim, the appellate court held that the express preemption provisions in 42 USC 1395w-26(b)(3) and as explained in 42 CFR 422.108(f), prohibited a state from limiting MAOs' ability to obtain reimbursement under the MSP Act.

2. **Private Cause of Action:**

*In re Avandia Mktg.*, 685 F.3d 353 (3d Cir. 2012)

In *Avandia*, the U.S. Court of Appeals for the Third Circuit held that 42 U.S.C. § 1395y(b)(3)(A) provides MAOs with "a private cause of action for damages . . . placing no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary payer plan fails to appropriately reimburse" the MAO. *Id*. at 359. The Third Circuit further held that even if 42 U.S.C. § 1395y(b)(3)(A) were deemed ambiguous in this regard, courts must to defer to CMS regulations—specifically 42 C.F.R. § 108—which states: "The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D or part 411 of this chapter." *Id*. at 365-66.

In addition to relying on statutory analysis and the CMS-issued regulations, the Third Circuit also used a December 5, 2011 memorandum issued by CMS—the federal agency that administers Medicare—to support its holding. The CMS memorandum reiterated that MAOs exercise the same recovery rights as traditional Medicare under the MSP Act, including preemption of state law under 42 C.F.R. § 422.108, and the ability to file a private cause of action in federal court.

*Avandia* is the first court of appeals decision to specifically analyze a MAO's recovery rights under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(2). The Third Circuit distinguished prior cases—including *Care Choices HMO v. Engstrom*, and *Nott v. Aetna*—as those cases did not address the issue of whether a MAO could bring suit under the MSP private cause of action provision. *Id*. at 362.

In sum, pursuant to the *Avandia* decision, MAOs' recovery rights under the MSP Act are identical to the recovery rights of Medicare. Practically speaking, that means MAOs can pursue a claim directly against any source of benefits defined as primary under the statutes and regulations, even if it has already reimbursed the beneficiary. *See* 42 U.S.C. § 1395w-22(a)(4); 42 C.F.R. § 422.108(f). Additionally, by virtue of exercising the same rights to recover from a primary plan, entity, or individual that Medicare exercises under the MSP regulations, MAOs have a direct cause of action against any entity who made payment and any beneficiary or attorney who received payment and failed to reimburse the plan. *See* 42 C.F.R. § 411.24(g).

*Mich. Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 758 F.3d 787 (6th Cir. 2014)

The U.S. Court of Appeals for the Sixth Circuit held that a provider could pursue a private cause of action under the Medicare Secondary Payer Act against an automobile no-fault carrier. Although this case involved a provider, the holding would justify a similar cause of action by a MAO, should a primary payer—whether it be a no-fault or liability carrier—refuse to reimburse the plan.

*Humana Medical Plan, Inc. v. W. Heritage Ins. Co.*, Case No. 15-11436, 2016 U.S. App. LEXIS 14509 (11th Cir. Aug. 8, 2016)

The U.S. Court of Appeals for the 11th Circuit followed the 3rd Circuit in *Avandia* and held that a Medicare Advantage Organization had private cause of action to sue a primary payer third party carrier under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A). The Court gave *Chevron* deference to CMS regulation 42 C.F.R. § 411.24(i)(1) which requires a primary payer like the tortfeasor's carrier in the present case to "reimburse Medicare even though it has already reimbursed the beneficiary or other party" if such beneficiary or party fails to reimburse Medicare within 60 days of receiving a primary payment from a carrier.

*MSP Recovery, LLC v. Allstate Ins. Co.*, 2016 U.S. App. LEXIS 15984 (11th Cir. August 30, 2016)

The U.S. Court of Appeals for the 11th Circuit, following its decision in *Humana Medical Plan, Inc. v. W. Heritage Ins. Co.*, vacated and remaded seven district court opinions which held Medicare Advantage Organizations must demonstrate first party personal injury protection insurers' responsibility to pay primary to the MA plan through a state court action before bringing a claim in federal court under the Medicare Secondary Payer Act. Instead, the 11th Circuit held that

demonstrating responsibility in a tort scenario with a third party primary payer was different than establishing primary payment responsibility in first party contracts between Medicare Advantage beneficiaries and the their auto carriers. The 11th Circuit held that the contract between a beneficiary and his or her auto insurer is enough to demonstrate responsibility to pay for purposes of maintaining a private cause of action under the MSP against PIP carriers.

**Collins v. Wellcare Healthcare Plans, Inc., 2014 U.S. Dist. LEXIS 174420 (E.D. La. Dec. 16, 2014)**

In *Collins*, the plaintiff received medical benefits from a MAO after being involved in an automobile accident. She obtained a settlement from the tortfeasor, which she deposited into a trust account, and then filed a declaratory judgment action in state court against the MAO, arguing that the MAO was not entitled to subrogation or reimbursement. The MAO removed the case to the U.S. District Court for the Eastern District of Louisiana, and filed a counterclaim against the plaintiff seeking to recover the benefits it incurred out of the plaintiff's settlement with the tortfeasor.

The district court dismissed the plaintiff's declaratory judgment action for lack of subject matter jurisdiction, as it inherently demanded an interpretation of the Medicare Act, even though it was fashioned as a state law claim. Claims that arise under the Medicare Act must exhaust their administrative remedies prior to judicial review under 42 U.S.C. § 405(h). *Id.* at *17.

The district court then granted the MAO's counterclaim, in part. Citing to *Avandia* and the CMS regulations in support, it held that an MAO could pursue a private cause of action in federal court against the plaintiff to obtain reimbursement out of the proceeds of her settlement under 42 U.S.C. § 1395y(b)(3)(A) ("There is established a private cause of action for damages. . .in the case of a primary plan which fails to provide for primary payment . . . ."). *Id.* at *30. The court reasoned there was "no real distinction between a claim against a tortfeasor or his insurer to obtain reimbursement and a claim against a beneficiary to obtain reimbursement from a settlement funded by a tortfeasor or his insurer" for the purposes of a MAO's cause of action under 42 U.S.C. § 1395y(b)(3)(A). *Id.* at *31.

**Humana Ins. Co. v. Farmers Tex. County Mut. Ins. Co., 2014 U.S. Dist. LEXIS 166654 (W.D. Tex. Sept. 24, 2014)**

In this matter, Humana – the MAO – made conditional payments to several enrollees who were injured as a result of an automobile accident. Each individual also had an automobile insurance policy with Farmers, who the MAO argued was the primary payer. Farmers refused the MAO's request for reimbursement, and the MAO filed suit in the U.S. District Court for the Western District of Texas. In response, Farmers filed a motion to dismiss, arguing that a MAO did not have a private cause of action under the MSP Act. The district court agreed with the Third Circuit's analysis in *Avandia*, and denied Farmer's motion to dismiss, finding that "any private plaintiff with standing may bring an action [under 42 U.S.C. 1395(b)(3)(A)]." *Id.* at *4.

**Humana Ins. Co. v. Paris Blank, LLP, 2015 U.S. Dist. LEXIS 61814 (E.D. Va. May 10, 2016)**

Addressing MAO recovery rights for the first time in the 4th Circuit, the U.S. District Court for the Eastern District of Virginia held MAOs have a private cause of action under the MSP statute. The Court adopted the reasoning of the 3rd Circuit in *Avandia*. The MSP statute is "broad and unambiguous" and places "no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary plan fails to appropriately reimburse any secondary payer." Like in *Avandia*, the Court held that even if the statute had been construed to be ambiguous, the CMS regulations reiterating these rights would be given *Chevron* deference. Again relying on *Avandia*'s reasoning, the Court went on to hold that the MSP private cause of action permitted MAOs to pursue members' attorneys and their law firms.

**Aetna Life Ins. Co. v. Big Y Foods, Inc., 52 F.4th 66 (2nd Cir. 2022)**

The U.S. Court of Appeals for the 2nd Circuit has followed the precedent set in the Third and Eleventh Circuits upholding the rights of the MAO include a private cause of action against the primary payer under the Paragraphs (1) and (2)(A) of

the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A) ("There is established a private cause of action for damages. . .in the case of a primary plan which fails to provide for primary payment . . . ."). In this case, the beneficiary of the Medicare Advantage plan sustained injuries at a Big Y store, a self-insured business, and received medical treatment in the amount of $9,854.16. The tortfeasor insurer executed a settlement agreement directly with the beneficiary, through counsel, who subsequently failed to reimburse the MAO for paid medical expenses. The Court first considered the definition of "primary payer" in 42 U.S.C. § 1395y(b)(2)(A)(ii) and determined that it shall be broadly construed to include a wide range of plans including those which are deemed self-insured. Citing the persuasive decisions of *Avandia* and *Humana,* the court affirmed that the obligation of the primary payer to reimburse the MA plan was not satisfied by simply settling with the plan beneficiary.

In examining whether the terms of any settlement shall impact MAO's private cause of action, the court concluded that no admission or determination of liability is necessary to effectuate the primary payer's obligation to reimburse the plan. Similarly, the settlement or agreement is not required to specifically identify medical costs. The existence of a payment conditioned upon a release intends to resolve all claims which, necessarily, includes any claim for medical expenses.

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
Center for Medicare
7500 Security Boulevard, Mail Stop C4-21-26
Baltimore, Maryland 21244-1850



CENTER FOR MEDICARE

DATE:       December 5, 2011

TO:         Medicare Advantage Organizations and Prescription Drug Plan Sponsors

FROM:       Danielle R. Moon, J.D., M.P.A.
            Director, Medicare Drug & Health Plan Contract Administration Group

            Cynthia Tudor, Ph.D.
            Director, Medicare Drug Benefit and C&D Data Group

SUBJECT:    Medicare Secondary Payment Subrogation Rights

The purpose of this memorandum is to summarize and convey our support for our regulations giving Medicare Advantage organizations (MAOs) and Prescription Drug Plan (PDP) sponsors the right, under existing Federal law, to collect for services for which Medicare is not the primary payer. In recent decisions, several courts have challenged Federal regulations governing these collections. Specifically, several MAOs have not been able to take private action to collect for Medicare Secondary Payer (MSP) services under Federal law because they have been limited to seeking remedy in State court.

CMS regulations at 42 CFR § 422.108 describes MSP procedures for MAOs to follow when billing for covered Medicare services for which Medicare is not the primary payer. These regulations also assign the right (and responsibility) to collect for these services to MAOs. Specifically, §422.108(f) stipulates that MAOs will exercise the same rights of recovery that the Secretary exercises under the Original Medicare MSP regulations in subparts B through D of part 411 of 42 CFR and that the rules established in this section supersede any State laws. Additionally, the MSP regulations at 42 CFR §422.108 are extended to Prescription Drug Plan (PDP) sponsors at 42 CFR §423.462. Accordingly, PDP sponsors have the same MSP rights and responsibilities as MAOs.



# Exhibit B



Offices Also In
Florence, Kentucky
Los Angeles, California

Post Office Box 49
LaGrange, Kentucky 40031-0049

One Eden Parkway
LaGrange, Kentucky 40031-8100
Phone: 502.587.1279
Fax: 502.584.8580

February 07, 2023

Ms. Chante Simpson
Allstate Insurance Company
P.O. Box 660636
Dallas, TX 65266

**Our Reference No.: 123364463**
Date of Loss: 01/28/2022
Your Number: 0657948989
Your Client: Dondra Barnes

Re:    Our Client: WellCare Health Plan
       Patient: Janice Amerson

Dear Ms. Simpson:

This matter has been forwarded to counsel concerning our client's subrogation claim against your insured. Please note that this particular plan is a Medicare Part C (Advantage) Plan (MAO) administered by WellCare of Georgia. MAOs have clear recovery rights under the Secondary Payer Act (MSP) which are identical to the recovery rights of Medicare, including the MAOs' ability to pursue subrogation and reimbursement rights through a private cause of action against a third-party carrier.

The practical implication of this analysis is that MAOs must be paid directly when a reimbursement request is made. The failure to resolve an MAOs' claims will result in a private cause of action for double damages against the applicable primary plan. Primary plan is defined as "a group health plan or large group health plan, a workers' compensation law or plan, an automobile or **liability insurance policy or plan (including a self-insured plan)**, or no-fault insurance." 42 C.F.R. § 411.21 (emphasis added). Here, Allstate Insurance Company is clearly a primary plan in this matter. MAOs, whose recovery rights are equated to Medicare Secondary Payer through the terms of 42 U.S.C. § 1395w-22(a)(4), are entitled to reimbursement from a "primary plan, and an entity that receives payment from a primary plan…" 42 U.S.C. § 1395y(b)(2)(B)(ii).

Affirming this principle, in *Humana v. GlaxoSmithKline*, 685 F.3d 353 (3rd Cir. 2012), also referred to as the *Avandia* decision, the Third Circuit held that 42 U.S.C. 1395y(b)(3)(A) provides MAOs with "a private cause of action for damages…, placing no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary plan fails to appropriately reimburse" the MAO. *Id.* The Court of Appeals held that courts are bound to defer to CMS regulations, specifically 42 C.F.R. § 108, which states: "[t]he MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter."

Most recently, in *Humana Medical Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016), a Federal Court of Appeals Court awarded double damages against a third-party carrier when the MAO did not receive payment within 60 days after the beneficiary received the settlement funds. Like the

present situation, settlement funds were disbursed to the Plaintiff Attorney and Member. The Plaintiff Attorney and Member failed to address the MAO's lien. As a result, the MAO Plan pursued its subrogation claim against the third-party carrier. The Court of Appeals followed *Avandia* and held that a MAO had a private cause of action to sue a primary payer third-party carrier under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A). The court further held that the Medicare Advantage plan's rights under the MSP Act included a **mandatory** right to claim double damages. The Court gave *Chevron* deference to CMS regulation 42 C.F.R. § 411.24(i)(1) which requires a primary payer, like the tortfeasor's carrier, to "reimburse Medicare even though it has already reimbursed the beneficiary or other party" if such beneficiary or party fails to reimburse Medicare within 60 days of receiving a primary payment from a carrier." Further, the court found that a "beneficiary's procurement costs do not offset an MAO's recovery if the MAO must litigate to secure repayment." *Humana*, at 1240.

Notwithstanding the foregoing, we are more than willing to resolve this matter for our current paid amount of claims, $159,140.32 (not the double damages remedy that is available). To that end, please let Ms. Cates know if this is a matter we can resolve. She can be reached at (502) 814-2584. If Allstate Insurance is maintaining its denial, please provide a basis in writing so we can bring this issue to WellCare of Georgia's attention for further action in line with the authority discussed above.

        Sincerely,

        */s/ Kathryn V Eberle*

        Kathryn V Eberle | Associate General Counsel
        PH: 502-814-2108 | FAX: 502-322-1631
        KVE@rawlingsandassociates.com

# Stracke, Thomas

| | |
|---|---|
| **From:** | Faxcom E-mail Gateway <wbd-us-donotreply@wbd-us.com> |
| **Sent:** | Monday, March 27, 2023 11:48 AM |
| **To:** | Stracke, Thomas |
| **Subject:** | Fax: Tx 'ok' Report |
| **Attachments:** | WCSRFAXCOM01_Queue01_2303271510390052.tif |

---------------- TX status report --------------
Recipient Number = 866-447-4293
Recipient Name = Ms. Chante Simpson
Subject =
Attempts = 0
Date = 03/27/23
Time = 11:40
Total Pages = 14
Status Descript = ok
Duration = 0391 seconds
CSI = Allstate_RFC

1