IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LAZIZ UMAROV,** § <br> §<br>   Plaintiff, § <br> §<br> vs. § <br> §<br> **TIMOTHY KANE, P.A.M. TRANSPORT, INC., and CHEROKEE INSURANCE COMPANY,** § <br> §<br>   Defendants. § | **CIVIL ACTION FILE** <br><br> **NO.: _____** |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

COMES NOW **TIMOTHY KANE**, **P.A.M. TRANSPORT, INC.**, and **CHEROKEE INSURANCE COMPANY**, purported Defendants ("Defendants") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and hereby remove Civil Action File No. 23-A-1959 from the State Court of Cobb County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441, and 1446, and, as grounds for their removal, state as follows:

## STATEMENT OF THE CASE

1.

Defendants have been sued in a civil action brought in the State Court of Cobb County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders and documents from the State Court Action have been attached as Defendants' Exhibit 1 (hereinafter "D-1").

2.

The present matter is an action for damages for bodily injury arising out of a May 18, 2022, motor vehicle/pedestrian accident involving Plaintiff Laziz Umarov and Defendant Timothy Kane.  D-1, Complaint, ¶¶ 7-16.  Plaintiff makes claims against Defendant Timothy Kane (i) ordinary negligence and (ii) negligence per se.  D-1, Complaint ¶¶ 17-26.  Plaintiff makes claims against Defendant P.A.M. Transport, Inc. for (i) imputed liability, (ii) negligent hiring, training, and supervision of Defendant Timothy Kane and (iii) negligent entrustment.  D-1, Complaint, ¶¶ 27-32.  Plaintiff makes a claim against Defendant Cherokee Insurance Company for direct action.  D-1, Complaint, ¶¶ 36-39.

3.

The Complaint was filed on May 7, 2023, in the State Court of Cobb County, Civil Action File No. 23-A-1959.  *See* D-1, Complaint.  Defendants Timothy Kane and P.A.M. Transport, Inc. were purportedly served on May 11, 2023, pursuant to O.C.G.A. § 40-12-2; however, Defendants dispute the validity of this service.  To date, Defendant Cherokee Insurance Company has not yet been served.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Plaintiff is a citizen of the State of Illinois.  Defendant Timothy Kane, is, and was at the time this lawsuit was filed, a citizen of the State of Florida.  D-1, Complaint, ¶ 2.  Defendant P.A.M. Transport, Inc. is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Arkansas, with its principal place of business in the State of Arkansas.  *Id,* ¶ 1-2.  Defendant Cherokee Insurance Company is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan.  Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff avers that Defendant Timothy Kane occasioned his truck to reverse, "… hitting Plaintiff and crushing him between the two trucks." D-1, Complaint, ¶ 8. Plaintiff's claimed damages include "… both general and special damages, including but not limited to, pain and suffering and medical expenses," and Plaintiff additionally seeks punitive damages and attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11. D-1, Complaint, ¶¶ 19, 32, 40-41.

6.

On March 1, 2023, Plaintiff submitted a settlement demand to Defendant Cherokee Insurance Company in the amount of $1,000,000.00. See Plaintiff's Settlement Demand, attached as Defendants' Exhibit 2. In it, Plaintiff's claimed special damages for past medical expenses alone are $143,338.89. *Id.*

7.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court … may require evidence relevant to the amount in controversy." *Id.* In the present case, given the damages

claimed by Plaintiff, Defendants assert that it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met.  Should the Court not, however, find that it is facially apparent from the Complaint that the amount in controversy requirement is met, the Court should also consider Plaintiff's settlement demand, which claims $143,338.89 in special damages for past medical expenses alone, as evidence that the amount in controversy requirement is met.  *See* D-2.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.

Defendants Timothy Kane and P.A.M. Transport, Inc. were purportedly served on May 11, 2023, pursuant to O.C.G.A. § 40-12-2; however, Defendants dispute the validity of this service.  To date, Defendant Cherokee Insurance Company has not yet been served.  Therefore, removal is timely in accordance with 28 U.S.C. § 1446(b).

9.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As Defendants Timothy Kane, P.A.M. Transport, Inc. and Cherokee Insurance

Company expressly consent to the removal of this action, the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Notice of Removal, Defendants do not waive any objections they may have to this action.  Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, purported Defendants Timothy Kane, P.A.M. Transport, Inc. and Cherokee Insurance Company pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 9th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANTS' JOINT NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

Tyler R. Watkins, Esq.
Gorinshteyn & Watkins, LLC
3217 S. Cherokee Ln., Suite 740
Woodstock, GA  30188
Tyler@GWTrial.com
*Counsel for Plaintiff*

This 9th day of June 2023.

                                                   **CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

                                                   /s/ Jason G. Wyrick

| | |
|---|---|
| Meridian II, Suite 2000 | **JASON G. WYRICK** |
| 275 Scientific Drive | Georgia Bar No. 143112 |
| Peachtree Corners, GA  30092 | **ELIZABETH W. BROWN** |
| (404) 881-2622 (P) | Georgia Bar No. 900146 |
| (404) 881-2630 (F) | *Attorneys for Purported Defendants* |
| jwyrick@cmlawfirm.com | |
| ebrown@cmlawfirm.com | |