ID# E-JKRUJTPJ-AHK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

**MAY 07, 2023 06:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

    v.

TIMOTHY KANE, P.A.M. TRANSPORT, INC., and CHEROKEE INSURANCE COMPANY,

    Defendants.

Civil Action Number:

---

## COMPLAINT

---

1.

Defendant P.A.M. Transport, Inc. is a for-profit corporation who may be served via its registered agent at Angela Clark, Highway 412 West, Tontitown, AR 72770.

2.

Defendant P.A.M. Transport, Inc.'s US DOT # is 179752.

3.

Defendant Cherokee Insurance Company is an for-profit corporation that may be served via its Chief Financial Officer, 200 East Gaines Street, Tallahassee, FL 32399.

4.

Defendant Timothy Kane maintains a residence at 10715 Ipswich Court, Port Richey, FL 34668 and may be served at that address.

5.

Defendants are subject to the jurisdiction of this Court pursuant to the Georgia long-arm statute by committing a tort within this state and doing business in this state.





EXHIBIT
**D-1**

6.

Venue is proper in this Court against Defendants under O.C.G.A. §§ 14-2-510 and 40-12-3.

7.

On May 19, 2022, Plaintiff was in the parking lot at 7585 Factory Shoals Road, Austell, GA 30168 as part of his employment as a truck driver, facing the rear of his truck.

8.

At the same time, Defendant Timothy Kane, operating a 2015 Freightliner, VIN number 1GRAP0628FT597758 (the "Freightliner"), causing his own truck to reverse, hitting Plaintiff and crushing him between the two trucks:



9.

A passerby walking back to his truck witnessed Plaintiff become crushed between the two truck and noted that Plaintiff was screaming in pain before finally losing consciousness.

10.

Plaintiff was taken by EMS to the emergency room with numerous fractures to his ribs and sacrum, lung contusions, and other serious injuries.

11.

Defendant P.A.M. Transport, Inc. owned, leased, operated, and/or maintained the Freightliner driven by Defendant Timothy Kane.

12.

Defendant P.A.M. Transport, Inc. is a motor carrier that engages in interstate operations and is required to comply with the Federal Motor Carrier Safety Regulations ("FMCSR").

13.

Defendant P.A.M. Transport, Inc. is a motor carrier that operates on the public roads of Georgia and is therefore required to comply with the Georgia Motor Carrier Act of 2012.

14.

Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc. pursuant to 49 C.F.R. § 390.5 and other FMCSR.

15.

Defendant Timothy Kane was an employee, or statutory employee, of Defendant P.A.M. Transport, Inc. pursuant to *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 675-79 (2010).

16.

At all material times, Defendant Timothy Kane was acting within the course and scope of his employment or agency with Defendant P.A.M. Transport, Inc..

**COUNT ONE**
**ORDINARY NEGLIGENCE**

17.

Defendant Timothy Kane had a duty to exercise reasonable care in his operation of a

motor vehicle.

18.

Defendant Timothy Kane breached his duty to exercise reasonable care in the operation of a motor vehicle when he reversed/backed up and crushed Plaintiff between the two trucks.

19.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT TWO
## NEGLIGENCE PER SE

20.

Defendant Timothy Kane was required to comply with the Georgia Uniform Rules of the Road.

21.

Defendant Timothy Kane was required to comply with the FMCSR.

22.

Defendant Timothy Kane was required to comply with the Commercial Drivers Manual of Georgia.

23.

Plaintiff, as a member of the public, is within the class of persons whose benefit the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to protect.

24.

The crash and resulting harm Plaintiff suffered is of the type the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to prevent.

25.

Defendant Timothy Kane committed *negligence per se* by violating the rules of the road and governing regulations, including but not limited to:

a. O.C.G.A. § 40-6-240 (improper backing);

b. Rules governing the operation of commercial vehicles as may be identified in the Commercial Drivers Manual of Georgia; and

c. The FMCSR.

26.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

### COUNT THREE
### <u>IMPUTED LIABILITY</u>

27.

At the time of the subject collision, Defendant Timothy Kane was under dispatch for Defendant P.A.M. Transport, Inc..

28.

At the time of the subject collision, Defendant Timothy Kane was operating his vehicle on behalf of Defendant P.A.M. Transport, Inc..

29.

Defendant P.A.M. Transport, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Timothy Kane in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

COUNT FOUR
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**

30.

Defendant P.A.M. Transport, Inc. had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees and agents.

31.

Defendant P.A.M. Transport, Inc. breached its duty to exercise reasonable care in the hiring, training, supervision, and retention of Defendant Timothy Kane.

32.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT FIVE
**NEGLIGENT ENTRUSTMENT**

33.

Defendant P.A.M. Transport, Inc. had actual knowledge that Defendant Timothy Kane was incompetent or habitually reckless.

34.

Despite this knowledge, Defendant P.A.M. Transport, Inc. entrusted the Freightliner to Defendant Timothy Kane.

35.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT SIX
**DIRECT ACTION**

36.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for

Defendant P.A.M. Transport, Inc. pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

37.

Defendant Cherokee Insurance Company was the insurer of Defendant P.A.M. Transport, Inc. at the time of the subject incident and issued a liability policy that affords coverage in this case.

38.

Defendants P.A.M. Transport, Inc. and Cherokee Insurance Company are subject to the filing requirements outlined in O.C.G.A. §§ 40-1-112 and 40-2-140.

39.

Defendant Cherokee Insurance Company is responsible for any judgment rendered against Defendant Timothy Kane or P.A.M. Transport, Inc..

**COUNT SEVEN**
**PUNITIVE DAMAGES**

40.

Defendants' actions and omissions showed willful misconduct, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences.

41.

Defendants acted with the specific intent to cause harm in that Defendants desired to cause the consequences of their actions and/or knew that the consequences of their actions were substantially certain to result.

**WHEREFORE**, Plaintiff prays:

(a)    That Summons and a copy of this Complaint be served on Defendants;

(b)    That Plaintiff recover against Defendants for general damages, special damages, and compensatory damages, including but not limited to physical and mental pain and suffering, medical bills, and other costs in an amount to be proven at trial;

(c)   That judgment be granted in favor of the Plaintiff for exemplary/punitive damages;

(d)   That Plaintiff recover expenses of litigation pursuant to O.C.G.A. § 13-6-11 on the ground that Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense;

(e)   That Plaintiff have a TRIAL BY JURY; and

(f)   That Plaintiff be granted any and all further relief as is just and proper.

This 7 May 2023.

**GORINSHTEYN & WATKINS, LLC**

/s/ *Tyler R. Watkins*

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com
*Attorney for Plaintiff*

3217 S Cherokee Lane
Suite 740
Woodstock, GA 30188
(470) 491-0808
Fax: (404) 330-9206

ID# E-JKRUJTPJ-4UH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

    v.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

Civil Action Number:

---

## RULE 5.2 COS

---

Pursuant to Uniform State Court Rule 5.2, Plaintiff certifies that a true and correct copy

of **Plaintiff's Interrogatories and Requests for Production to Defendant** and **Plaintiff's**

**First Requests for Admissions** were sent for service on Defendants Timothy Kane and P.A.M.

Transport, Inc. alongside the Summons and Complaint.


This 7 May 2023.

                        GORINSHTEYN & WATKINS, LLC

                        /s/ *Tyler R. Watkins*

                        TYLER R. WATKINS
                        Georgia Bar Number 183414
                        Tyler@GWTrial.com
                        *Attorney for Plaintiff*

                        3217 S Cherokee Lane
                        Suite 740
                        Woodstock, GA 30188
                        (470) 491-0808
                        Fax: (404) 330-9206

**STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ID# E-JKRUJTPJ-SMR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

**MAY 07, 2023 06:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-1959

$198.00 COST PAID

Umarov, Laziz
_____

**PLAINTIFF**

VS.

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy
_____

**DEFENDANTS**

**SUMMONS**

TO: P.A.M. TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Tyler Watkins**
**Gorinshtcyn & Watkins LLC**
**3217 S Cherokee Lane**
**Suite 740**
**Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



ID# E-JKRUJTPJ-VTC
⚑ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-1959

$198.00 COST PAID

Umarov, Laziz

---

**PLAINTIFF**

                                                    VS.

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy

---

**DEFENDANTS**

### SUMMONS

TO: CHEROKEE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Tyler Watkins**
**Gorinshteyn & Watkins LLC**
**3217 S Cherokee Lane**
**Suite 740**
**Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-JKRUJTPJ-MV5
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

## 23-A-1959

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  <u>23-A-1959</u>

$198.00 COST PAID

Umarov, Laziz

_____

**PLAINTIFF**

**VS.**

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy

_____

**DEFENDANTS**

## SUMMONS

TO: KANE, TIMOTHY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Tyler Watkins**
> **Gorinshteyn & Watkins LLC**
> **3217 S Cherokee Lane**
> **Suite 740**
> **Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

COBB COUNTY, GEORGIA
23-A-1959
MAY 12, 2023 09:30 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### P.A.M. Transport, Inc.

have been filed with the Secretary of State on 05/11/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Laziz Umarov v. P.A.M. Transport, Inc.
Court: Cobb County State Court
Civil Action No.: 23A1959

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/12/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

## SERVICE OF PROCESS

*Electronically Filed*
Secretary of State
Filing Date: 5/11/2023 3:42:08 PM

### FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23105901 |

### DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : P.A.M. Transport, Inc. |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : Highway 412 West, Tontitown, AR, 72770, USA |

### STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

### CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Laziz Umarov |
| Style of Proceeding | : Laziz Umarov v. Timothy Kane, PAM Transport and Cherokee Insurance Company |
| Civil Action Number | : 23A1959 |
| Court | : Cobb County State Court |

### SERVICE OF PROCESS DOCUMENTS

See attached document(s).

### FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Individual |
| Name | : Mallory Taylor, Taylor |
| Address | : 3217 S Cherokee Lane, Suite 740, Woodstock, GA, 30188, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Mallory Taylor |

## AFFIDAVIT OF COMPLIANCE WITH
## O.C.G.A. § 40-12-2

I, **Tyler R. Watkins,** am the attorney who represents Plaintiff in the case of:

### Laziz Umarov

v.

### Timothy Kane, P.A.M. Transport, Inc., and Cherokee Insurance Company

### Cobb County State Court, 23-A-1959

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail or statutory overnight delivery notice of service of the above case along with a copy of the complaint and process to Defendant's current address as follows:

**P.A.M. Transport, Inc.**
**Via Angela Clark**
**Highway 412 West**
**Tontitown, AR 72770**

I further certify that I shall file with the appropriate court appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this affidavit of compliance.

GORINSHTEYN & WATKINS, LLC

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com

Sworn to and subscribed before me
This __10__ day of __May__, 2023.

Notary Public

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-JKRUJTPJ-SMR
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

## 23-A-1959

**MAY 07, 2023 06:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-1959

$198.00 COST PAID

Umarov, Laziz

_____

**PLAINTIFF**

**VS.**

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy

_____

**DEFENDANTS**

### SUMMONS

TO: P.A.M. TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Tyler Watkins**
> **Gorinshteyn & Watkins LLC**
> **3217 S Cherokee Lane**
> **Suite 740**
> **Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

ID# E-JKRUJTPJ-AHK
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

        v.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

Civil Action Number:

---

## COMPLAINT

---

1.

Defendant P.A.M. Transport, Inc. is a for-profit corporation who may be served via its registered agent at Angela Clark, Highway 412 West, Tontitown, AR 72770.

2.

Defendant P.A.M. Transport, Inc.'s US DOT # is 179752.

3.

Defendant Cherokee Insurance Company is an for-profit corporation that may be served via its Chief Financial Officer, 200 East Gaines Street, Tallahassee, FL 32399.

4.

Defendant Timothy Kane maintains a residence at 10715 Ipswich Court, Port Richey, FL 34668 and may be served at that address.

5.

Defendants are subject to the jurisdiction of this Court pursuant to the Georgia long-arm statute by committing a tort within this state and doing business in this state.

6.

Venue is proper in this Court against Defendants under O.C.G.A. §§ 14-2-510 and 40-12-3.

7.

On May 19, 2022, Plaintiff was in the parking lot at 7585 Factory Shoals Road, Austell, GA 30168 as part of his employment as a truck driver, facing the rear of his truck.

8.

At the same time, Defendant Timothy Kane, operating a 2015 Freightliner, VIN number 1GRAP0628FT597758 (the "Freightliner"), causing his own truck to reverse, hitting Plaintiff and crushing him between the two trucks:



9.

A passerby walking back to his truck witnessed Plaintiff become crushed between the two truck and noted that Plaintiff was screaming in pain before finally losing consciousness.

10.

Plaintiff was taken by EMS to the emergency room with numerous fractures to his ribs and sacrum, lung contusions, and other serious injuries.

11.

Defendant P.A.M. Transport, Inc. owned, leased, operated, and/or maintained the Freightliner driven by Defendant Timothy Kane.

12.

Defendant P.A.M. Transport, Inc. is a motor carrier that engages in interstate operations and is required to comply with the Federal Motor Carrier Safety Regulations ("FMCSR").

13.

Defendant P.A.M. Transport, Inc. is a motor carrier that operates on the public roads of Georgia and is therefore required to comply with the Georgia Motor Carrier Act of 2012.

14.

Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc. pursuant to 49 C.F.R. § 390.5 and other FMCSR.

15.

Defendant Timothy Kane was an employee, or statutory employee, of Defendant P.A.M. Transport, Inc. pursuant to *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 675-79 (2010).

16.

At all material times, Defendant Timothy Kane was acting within the course and scope of his employment or agency with Defendant P.A.M. Transport, Inc..

## COUNT ONE
## ORDINARY NEGLIGENCE

17.

Defendant Timothy Kane had a duty to exercise reasonable care in his operation of a

motor vehicle.

18.

Defendant Timothy Kane breached his duty to exercise reasonable care in the operation of a motor vehicle when he reversed/backed up and crushed Plaintiff between the two trucks.

19.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT TWO
## NEGLIGENCE PER SE

20.

Defendant Timothy Kane was required to comply with the Georgia Uniform Rules of the Road.

21.

Defendant Timothy Kane was required to comply with the FMCSR.

22.

Defendant Timothy Kane was required to comply with the Commercial Drivers Manual of Georgia.

23.

Plaintiff, as a member of the public, is within the class of persons whose benefit the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to protect.

24.

The crash and resulting harm Plaintiff suffered is of the type the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to prevent.

25.

Defendant Timothy Kane committed *negligence per se* by violating the rules of the road and governing regulations, including but not limited to:

a.  O.C.G.A. § 40-6-240 (improper backing);

b.  Rules governing the operation of commercial vehicles as may be identified in the Commercial Drivers Manual of Georgia; and

c.  The FMCSR.

26.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

### COUNT THREE
### IMPUTED LIABILITY

27.

At the time of the subject collision, Defendant Timothy Kane was under dispatch for Defendant P.A.M. Transport, Inc..

28.

At the time of the subject collision, Defendant Timothy Kane was operating his vehicle on behalf of Defendant P.A.M. Transport, Inc..

29.

Defendant P.A.M. Transport, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Timothy Kane in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

Defendant P.A.M. Transport, Inc. had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees and agents.

31.

Defendant P.A.M. Transport, Inc. breached its duty to exercise reasonable care in the hiring, training, supervision, and retention of Defendant Timothy Kane.

32.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT

33.

Defendant P.A.M. Transport, Inc. had actual knowledge that Defendant Timothy Kane was incompetent or habitually reckless.

34.

Despite this knowledge, Defendant P.A.M. Transport, Inc. entrusted the Freightliner to Defendant Timothy Kane.

35.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT SIX
## DIRECT ACTION

36.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for

Defendant P.A.M. Transport, Inc. pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

37.

Defendant Cherokee Insurance Company was the insurer of Defendant P.A.M. Transport, Inc. at the time of the subject incident and issued a liability policy that affords coverage in this case.

38.

Defendants P.A.M. Transport, Inc. and Cherokee Insurance Company are subject to the filing requirements outlined in O.C.G.A. §§ 40-1-112 and 40-2-140.

39.

Defendant Cherokee Insurance Company is responsible for any judgment rendered against Defendant Timothy Kane or P.A.M. Transport, Inc..

COUNT SEVEN
PUNITIVE DAMAGES

40.

Defendants' actions and omissions showed willful misconduct, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences.

41.

Defendants acted with the specific intent to cause harm in that Defendants desired to cause the consequences of their actions and/or knew that the consequences of their actions were substantially certain to result.

WHEREFORE, Plaintiff prays:

(a)    That Summons and a copy of this Complaint be served on Defendants;

(b)    That Plaintiff recover against Defendants for general damages, special damages, and compensatory damages, including but not limited to physical and mental pain and suffering, medical bills, and other costs in an amount to be proven at trial;

(c)     That judgment be granted in favor of the Plaintiff for exemplary/punitive damages;

(d)     That Plaintiff recover expenses of litigation pursuant to O.C.G.A. § 13-6-11 on the ground that Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense;

(e)     That Plaintiff have a TRIAL BY JURY; and

(f)     That Plaintiff be granted any and all further relief as is just and proper.


This 7 May 2023.

GORINSHTEYN & WATKINS, LLC

/s/ *Tyler R. Watkins*

_____

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com
*Attorney for Plaintiff*

3217 S Cherokee Lane
Suite 740
Woodstock, GA 30188
(470) 491-0808
Fax: (404) 330-9206

COBB COUNTY GEORGIA
**23-A-1959**
MAY 12, 2023 09:33 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Timothy Kane**

have been filed with the Secretary of State on 05/11/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Laziz Umarov v. Timothy Kane
Court: Cobb County State Court
Civil Action No.: 23A1959

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/12/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

## SERVICE OF PROCESS

*Electronically Filed*
Secretary of State
Filing Date: 5/11/2023 3:44:16 PM

### FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23105909 |

### DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Timothy Kane |
| Defendant's Address Where Service Attempted and/or Forwarded | : 10715 Ipswich Court, Port Richey, FL, 34668, USA |

### STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

### CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Laziz Umarov |
| Style of Proceeding | : Laziz Umarov v. Timothy Kane, PAM Transport, and Cherokee Insurance Comapny |
| Civil Action Number | : 23A1959 |
| Court | : Cobb County State Court |

### SERVICE OF PROCESS DOCUMENTS

See attached document(s).

### FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Individual |
| Name | : Mallory Taylor, Taylor |
| Address | : 3217 S Cherokee Lane, Suite 740, Woodstock, GA, 30188, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Mallory Taylor |

## AFFIDAVIT OF COMPLIANCE WITH
## O.C.G.A. § 40-12-2

I, **Tyler R. Watkins,** am the attorney who represents Plaintiff in the case of:

**Laziz Umarov**

v.

**Timothy Kane, P.A.M. Transport, Inc., and Cherokee Insurance Company**

**Cobb County State Court, 23-A-1959**

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail or statutory overnight delivery notice of service of the above case along with a copy of the complaint and process to Defendant's current address as follows:

**Timothy Kane**
**10715 Ipswich Court**
**Port Richey, FL 34668**

I further certify that I shall file with the appropriate court appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this affidavit of compliance.

GORINSHTEYN & WATKINS, LLC

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com

Sworn to and subscribed before me
This 10 day of May , 2023.

Notary Public

ID# E-JKRUJTPJ-MV5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23-A-1959</u>

$198.00 COST PAID

Umarov, Laziz

_____

**PLAINTIFF**

**VS.**

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy

_____

**DEFENDANTS**

## SUMMONS

TO: KANE, TIMOTHY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Tyler Watkins**
> **Gorinshteyn & Watkins LLC**
> **3217 S Cherokee Lane**
> **Suite 740**
> **Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-JKRUJTPJ-AHK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

    v.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

Civil Action Number:

---

## COMPLAINT

---

1.

Defendant P.A.M. Transport, Inc. is a for-profit corporation who may be served via its registered agent at Angela Clark, Highway 412 West, Tontitown, AR 72770.

2.

Defendant P.A.M. Transport, Inc.'s US DOT # is 179752.

3.

Defendant Cherokee Insurance Company is an for-profit corporation that may be served via its Chief Financial Officer, 200 East Gaines Street, Tallahassee, FL 32399.

4.

Defendant Timothy Kane maintains a residence at 10715 Ipswich Court, Port Richey, FL 34668 and may be served at that address.

5.

Defendants are subject to the jurisdiction of this Court pursuant to the Georgia long-arm statute by committing a tort within this state and doing business in this state.

6.

Venue is proper in this Court against Defendants under O.C.G.A. §§ 14-2-510 and 40-12-3.

7.

On May 19, 2022, Plaintiff was in the parking lot at 7585 Factory Shoals Road, Austell, GA 30168 as part of his employment as a truck driver, facing the rear of his truck.

8.

At the same time, Defendant Timothy Kane, operating a 2015 Freightliner, VIN number 1GRAP0628FT597758 (the "Freightliner"), causing his own truck to reverse, hitting Plaintiff and crushing him between the two trucks:



9.

A passerby walking back to his truck witnessed Plaintiff become crushed between the two truck and noted that Plaintiff was screaming in pain before finally losing consciousness.

10.

Plaintiff was taken by EMS to the emergency room with numerous fractures to his ribs and sacrum, lung contusions, and other serious injuries.

11.

Defendant P.A.M. Transport, Inc. owned, leased, operated, and/or maintained the Freightliner driven by Defendant Timothy Kane.

12.

Defendant P.A.M. Transport, Inc. is a motor carrier that engages in interstate operations and is required to comply with the Federal Motor Carrier Safety Regulations ("FMCSR").

13.

Defendant P.A.M. Transport, Inc. is a motor carrier that operates on the public roads of Georgia and is therefore required to comply with the Georgia Motor Carrier Act of 2012.

14.

Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc. pursuant to 49 C.F.R. § 390.5 and other FMCSR.

15.

Defendant Timothy Kane was an employee, or statutory employee, of Defendant P.A.M. Transport, Inc. pursuant to *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 675-79 (2010).

16.

At all material times, Defendant Timothy Kane was acting within the course and scope of his employment or agency with Defendant P.A.M. Transport, Inc..

## COUNT ONE
## ORDINARY NEGLIGENCE

17.

Defendant Timothy Kane had a duty to exercise reasonable care in his operation of a

motor vehicle.

18.

Defendant Timothy Kane breached his duty to exercise reasonable care in the operation of a motor vehicle when he reversed/backed up and crushed Plaintiff between the two trucks.

19.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT TWO
NEGLIGENCE PER SE

20.

Defendant Timothy Kane was required to comply with the Georgia Uniform Rules of the Road.

21.

Defendant Timothy Kane was required to comply with the FMCSR.

22.

Defendant Timothy Kane was required to comply with the Commercial Drivers Manual of Georgia.

23.

Plaintiff, as a member of the public, is within the class of persons whose benefit the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to protect.

24.

The crash and resulting harm Plaintiff suffered is of the type the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to prevent.

25.

Defendant Timothy Kane committed *negligence per se* by violating the rules of the road and governing regulations, including but not limited to:

a.  O.C.G.A. § 40-6-240 (improper backing);

b.  Rules governing the operation of commercial vehicles as may be identified in the Commercial Drivers Manual of Georgia; and

c.  The FMCSR.

26.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

### COUNT THREE
### IMPUTED LIABILITY

27.

At the time of the subject collision, Defendant Timothy Kane was under dispatch for Defendant P.A.M. Transport, Inc..

28.

At the time of the subject collision, Defendant Timothy Kane was operating his vehicle on behalf of Defendant P.A.M. Transport, Inc..

29.

Defendant P.A.M. Transport, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Timothy Kane in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

COUNT FOUR
### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

Defendant P.A.M. Transport, Inc. had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees and agents.

31.

Defendant P.A.M. Transport, Inc. breached its duty to exercise reasonable care in the hiring, training, supervision, and retention of Defendant Timothy Kane.

32.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT FIVE
### NEGLIGENT ENTRUSTMENT

33.

Defendant P.A.M. Transport, Inc. had actual knowledge that Defendant Timothy Kane was incompetent or habitually reckless.

34.

Despite this knowledge, Defendant P.A.M. Transport, Inc. entrusted the Freightliner to Defendant Timothy Kane.

35.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT SIX
### DIRECT ACTION

36.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for

Defendant P.A.M. Transport, Inc. pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

37.

Defendant Cherokee Insurance Company was the insurer of Defendant P.A.M. Transport, Inc. at the time of the subject incident and issued a liability policy that affords coverage in this case.

38.

Defendants P.A.M. Transport, Inc. and Cherokee Insurance Company are subject to the filing requirements outlined in O.C.G.A. §§ 40-1-112 and 40-2-140.

39.

Defendant Cherokee Insurance Company is responsible for any judgment rendered against Defendant Timothy Kane or P.A.M. Transport, Inc..

COUNT SEVEN
<u>PUNITIVE DAMAGES</u>

40.

Defendants' actions and omissions showed willful misconduct, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences.

41.

Defendants acted with the specific intent to cause harm in that Defendants desired to cause the consequences of their actions and/or knew that the consequences of their actions were substantially certain to result.

WHEREFORE, Plaintiff prays:

(a)     That Summons and a copy of this Complaint be served on Defendants;

(b)     That Plaintiff recover against Defendants for general damages, special damages, and compensatory damages, including but not limited to physical and mental pain and suffering, medical bills, and other costs in an amount to be proven at trial;

(c)     That judgment be granted in favor of the Plaintiff for exemplary/punitive damages;

(d)     That Plaintiff recover expenses of litigation pursuant to O.C.G.A. § 13-6-11 on the ground that Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense;

(e)     That Plaintiff have a TRIAL BY JURY; and

(f)     That Plaintiff be granted any and all further relief as is just and proper.


This 7 May 2023.

                              GORINSHTEYN & WATKINS, LLC

                              /s/ *Tyler R. Watkins*
                              _____
                              TYLER R. WATKINS
                              Georgia Bar Number 183414
                              Tyler@GWTrial.com
                              *Attorney for Plaintiff*

                              3217 S Cherokee Lane
                              Suite 740
                              Woodstock, GA 30188
                              (470) 491-0808
                              Fax: (404) 330-9206

ID# E-B3XFU5TP-4NQ
🖳 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 25, 2023 10:40 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

      v.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

Civil Action Number: 23-A-1959

---

### NOTICE OF FILING

---

Pursuant to O.C.G.A. § 40-12-2, Plaintiff files the following appended to the summons and complaint in this action:

1. Plaintiff's affidavit of compliance; and

2. Return receipt showing service of process on Defendant P.A.M. Transport, Inc. via certified mail.

      This 24 May 2023.

      **GORINSHTEYN & WATKINS, LLC**

      /s/ *Tyler R. Watkins*
      _____

      TYLER R. WATKINS
      Georgia Bar Number 183414
      Tyler@GWTrial.com
      *Attorney for Plaintiff*

      3217 S Cherokee Lane
      Suite 740
      Woodstock, GA 30188
      (470) 491-0808
      Fax: (404) 330-9206

## AFFIDAVIT OF COMPLIANCE WITH
## O.C.G.A. § 40-12-2

I, **Tyler R. Watkins,** am the attorney who represents Plaintiff in the case of:

### Laziz Umarov

v.

### Timothy Kane, P.A.M. Transport, Inc., and Cherokee Insurance Company

### Cobb County State Court, 23-A-1959

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail or statutory overnight delivery notice of service of the above case along with a copy of the complaint and process to Defendant's current address as follows:

**P.A.M. Transport, Inc.**
**Via Angela Clark**
**Highway 412 West**
**Tontitown, AR 72770**

I further certify that I shall file with the appropriate court appended to the documents regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this affidavit of compliance.

GORINSHTEYN & WATKINS, LLC

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com

Sworn to and subscribed before me
This __10__ day of __May__, 2023.

Mallory Taylor
Notary Public

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-JKRUJTPJ-SMR
🖨 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

## 23-A-1959

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-1959

$198.00 COST PAID

Umarov, Laziz
_____

**PLAINTIFF**

**VS.**

P.A.M. Transport, Inc.
Cherokee Insurance Company
Kane, Timothy
_____

**DEFENDANTS**

## SUMMONS

TO: P.A.M. TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Tyler Watkins**
> **Gorinshteyn & Watkins LLC**
> **3217 S Cherokee Lane**
> **Suite 740**
> **Woodstock, Georgia 30188**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of May, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-JKRUJTPJ-AHK
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

MAY 07, 2023 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

    v.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

Civil Action Number:

---

## COMPLAINT

---

1.

Defendant P.A.M. Transport, Inc. is a for-profit corporation who may be served via its registered agent at Angela Clark, Highway 412 West, Tontitown, AR 72770.

2.

Defendant P.A.M. Transport, Inc.'s US DOT # is 179752.

3.

Defendant Cherokee Insurance Company is an for-profit corporation that may be served via its Chief Financial Officer, 200 East Gaines Street, Tallahassee, FL 32399.

4.

Defendant Timothy Kane maintains a residence at 10715 Ipswich Court, Port Richey, FL 34668 and may be served at that address.

5.

Defendants are subject to the jurisdiction of this Court pursuant to the Georgia long-arm statute by committing a tort within this state and doing business in this state.

6.

Venue is proper in this Court against Defendants under O.C.G.A. §§ 14-2-510 and 40-12-3.

7.

On May 19, 2022, Plaintiff was in the parking lot at 7585 Factory Shoals Road, Austell, GA 30168 as part of his employment as a truck driver, facing the rear of his truck.

8.

At the same time, Defendant Timothy Kane, operating a 2015 Freightliner, VIN number 1GRAP0628FT597758 (the "Freightliner"), causing his own truck to reverse, hitting Plaintiff and crushing him between the two trucks:



9.

A passerby walking back to his truck witnessed Plaintiff become crushed between the two truck and noted that Plaintiff was screaming in pain before finally losing consciousness.

10.

Plaintiff was taken by EMS to the emergency room with numerous fractures to his ribs and sacrum, lung contusions, and other serious injuries.

11.

Defendant P.A.M. Transport, Inc. owned, leased, operated, and/or maintained the Freightliner driven by Defendant Timothy Kane.

12.

Defendant P.A.M. Transport, Inc. is a motor carrier that engages in interstate operations and is required to comply with the Federal Motor Carrier Safety Regulations ("FMCSR").

13.

Defendant P.A.M. Transport, Inc. is a motor carrier that operates on the public roads of Georgia and is therefore required to comply with the Georgia Motor Carrier Act of 2012.

14.

Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc. pursuant to 49 C.F.R. § 390.5 and other FMCSR.

15.

Defendant Timothy Kane was an employee, or statutory employee, of Defendant P.A.M. Transport, Inc. pursuant to *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 675-79 (2010).

16.

At all material times, Defendant Timothy Kane was acting within the course and scope of his employment or agency with Defendant P.A.M. Transport, Inc..

COUNT ONE
ORDINARY NEGLIGENCE

17.

Defendant Timothy Kane had a duty to exercise reasonable care in his operation of a

Page 3 of 8

motor vehicle.

18.

Defendant Timothy Kane breached his duty to exercise reasonable care in the operation of a motor vehicle when he reversed/backed up and crushed Plaintiff between the two trucks.

19.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT TWO
## NEGLIGENCE PER SE

20.

Defendant Timothy Kane was required to comply with the Georgia Uniform Rules of the Road.

21.

Defendant Timothy Kane was required to comply with the FMCSR.

22.

Defendant Timothy Kane was required to comply with the Commercial Drivers Manual of Georgia.

23.

Plaintiff, as a member of the public, is within the class of persons whose benefit the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to protect.

24.

The crash and resulting harm Plaintiff suffered is of the type the Georgia Uniform Rules of the Road, FMCSR, and Commercial Drivers Manual of Georgia is intended to prevent.

25.

Defendant Timothy Kane committed *negligence per se* by violating the rules of the road and governing regulations, including but not limited to:

    a.  O.C.G.A. § 40-6-240 (improper backing);

    b.  Rules governing the operation of commercial vehicles as may be identified in the Commercial Drivers Manual of Georgia; and

    c.  The FMCSR.

26.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

## COUNT THREE
## IMPUTED LIABILITY

27.

At the time of the subject collision, Defendant Timothy Kane was under dispatch for Defendant P.A.M. Transport, Inc..

28.

At the time of the subject collision, Defendant Timothy Kane was operating his vehicle on behalf of Defendant P.A.M. Transport, Inc..

29.

Defendant P.A.M. Transport, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Timothy Kane in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

Defendant P.A.M. Transport, Inc. had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees and agents.

31.

Defendant P.A.M. Transport, Inc. breached its duty to exercise reasonable care in the hiring, training, supervision, and retention of Defendant Timothy Kane.

32.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT FIVE
## NEGLIGENT ENTRUSTMENT

33.

Defendant P.A.M. Transport, Inc. had actual knowledge that Defendant Timothy Kane was incompetent or habitually reckless.

34.

Despite this knowledge, Defendant P.A.M. Transport, Inc. entrusted the Freightliner to Defendant Timothy Kane.

35.

As a direct and proximate result, Plaintiff suffered both general and special damages, including but not limited to, pain and suffering and medical expenses.

COUNT SIX
## DIRECT ACTION

36.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for

Defendant P.A.M. Transport, Inc. pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

37.

Defendant Cherokee Insurance Company was the insurer of Defendant P.A.M. Transport, Inc. at the time of the subject incident and issued a liability policy that affords coverage in this case.

38.

Defendants P.A.M. Transport, Inc. and Cherokee Insurance Company are subject to the filing requirements outlined in O.C.G.A. §§ 40-1-112 and 40-2-140.

39.

Defendant Cherokee Insurance Company is responsible for any judgment rendered against Defendant Timothy Kane or P.A.M. Transport, Inc..

COUNT SEVEN
<u>PUNITIVE DAMAGES</u>

40.

Defendants' actions and omissions showed willful misconduct, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences.

41.

Defendants acted with the specific intent to cause harm in that Defendants desired to cause the consequences of their actions and/or knew that the consequences of their actions were substantially certain to result.

**WHEREFORE,** Plaintiff prays:

(a)   That Summons and a copy of this Complaint be served on Defendants;

(b)   That Plaintiff recover against Defendants for general damages, special damages, and compensatory damages, including but not limited to physical and mental pain and suffering, medical bills, and other costs in an amount to be proven at trial;

(c)    That judgment be granted in favor of the Plaintiff for exemplary/punitive damages;

(d)    That Plaintiff recover expenses of litigation pursuant to O.C.G.A. § 13-6-11 on the ground that Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense;

(e)    That Plaintiff have a TRIAL BY JURY; and

(f)    That Plaintiff be granted any and all further relief as is just and proper.

This 7 May 2023.

GORINSHTEYN & WATKINS, LLC

/s/ *Tyler R. Watkins*

_____
TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com
*Attorney for Plaintiff*

3217 S Cherokee Lane
Suite 740
Woodstock, GA 30188
(470) 491-0808
Fax: (404) 330-9206


**UNITED STATES**
**POSTAL SERVICE**

May 16, 2023

Dear Reference  Umarov service package:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9876 5424 1899 22**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | May 15, 2023, 1:08 pm |
| **Location:** | SPRINGDALE, AR 72762 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Via Angela Clark PAM Transport Inc |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

JX4ZPLND-JPA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

JUN 07, 2023 04:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,                              §
                                          §
    Plaintiff,                        §
                                          §    **CIVIL ACTION**
vs.                                       §
                                          §    **FILE NO.: 23-A-1959**
TIMOTHY KANE, P.A.M. TRANSPORT,           §
INC., and CHEROKEE INSURANCE              §
COMPANY,                                  §
                                          §
    Defendants.                       §
                                          §

### DEFENDANT TIMOTHY KANE'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **TIMOTHY KANE**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

{SECURE Firm/297/00136/DRAFTS/04044070.DOCX }

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the applicable statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## FOURTEENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTEENTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## SEVENTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINETEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## TWENTIETH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case. As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## TWENTY-SECOND DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TWENTY-FOURTH DEFENSE

As a Twenty-Fourth Defense, this Defendant answers the numbered Paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant admits the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies as pled the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant admits that Defendant P.A.M. Transport, Inc. was the owner of the tractor operated by this Defendant at the time of the subject accident.

12.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier operating with interstate authority. The remaining allegations contained within Paragraph 12 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph

12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier that operates in the State of Georgia. The remaining allegations contained within Paragraph 13 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant admits that he was an employee of Defendant P.A.M. Transport, Inc. The remaining allegations contained within Paragraph 14 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant admits that he was an employee of Defendant P.A.M. Transport, Inc. The remaining allegations contained within Paragraph 15 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant admits that he was an employee of Defendant P.A.M. Transport, Inc., and that he was acting within the course and scope of his employment at the time of the subject accident.

## COUNT ONE
## ORDINARY NEGLIGENCE

17.

The allegations contained within Paragraph 17 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

## COUNT TWO
## NEGLIGENCE PER SE

20.

The allegations contained within Paragraph 20 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 20 of Plaintiff's Complaint for want

of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

The allegations contained within Paragraph 21 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

The allegations contained within Paragraph 23 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint and all of its subparts.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT THREE
## IMPUTED LIABLITY

27.

This Defendant can neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant admits upon information and belief the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier operating with interstate authority.  The remaining allegations contained within Paragraph 29 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

The Defendant denies as pled the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## COUNT FIVE
## NEGLIGENT ENTRSTMENT

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT SIX
## DIRECT ACTION

36.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself.  The remaining allegations contained within Paragraph 36 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph

36 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself. The remaining allegations contained within Paragraph 37 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself. The remaining allegations contained within Paragraph 38 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

## COUNT SEVEN
## <u>PUNITIVE DAMAGES</u>

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

### <u>TWENTY-FIFTH DEFENSE</u>

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not specifically responded to.

WHEREFORE, having fully answered, purported Defendant **TIMOTHY KANE** prays that he be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

*[Signature contained on next page.]*

This 7th day of June, 2023.

                                **CRUSER, MITCHELL, NOVITZ,**
                                **SANCHEZ, GASTON & ZIMET, LLP**

                                **JASON G. WYRICK**
                                Georgia Bar No. 143112

Meridian II, Suite 2000                 **ELIZABETH W. BROWN**
275 Scientific Drive                   Georgia Bar No. 900146
Peachtree Corners, GA  30092       *Attorneys for Purported Defendants P.A.M.*
(404) 881-2622 (P)                  *Transport, Inc., Cherokee Insurance*
(404) 881-2630 (F)                  *Company and Timothy Kane*
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LAZIZ UMAROV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 23-A-1959 |
| TIMOTHY KANE, P.A.M. TRANSPORT, | § | |
| INC., and CHEROKEE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT TIMOTHY KANE'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Tyler R. Watkins, Esq.
Gorinshteyn & Watkins, LLC
3217 S. Cherokee Ln., Suite 740
Woodstock, GA  30188
Tyler@GWTrial.com
*Counsel for Plaintiff*

This 7th day of June, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.*
*Transport, Inc., Cherokee Insurance*
*Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)

{SECURE Firm/297/00136/DRAFTS/04044070.DOCX }

JX4ZPLND-HQX
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

JUN 07, 2023 04:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,                         §
§
     **Plaintiff,**                    §
§
                    §    **CIVIL ACTION**
**vs.**                               §
§    **FILE NO.: 23-A-1959**
TIMOTHY KANE, P.A.M. TRANSPORT,       §
INC., and CHEROKEE INSURANCE         §
COMPANY,                             §
§
     **Defendants.**                   §
§

### DEFENDANT P.A.M. TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **P.A.M. TRANSPORT, INC.**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the applicable statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## FOURTEENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTEENTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## SEVENTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINETEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## TWENTIETH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## TWENTY-SECOND DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TWENTY-FOURTH DEFENSE

As a Twenty-Fourth Defense, this Defendant answers the numbered Paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant admits the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies as pled the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant admits that it was the owner of the tractor operated by Defendant Timothy Kane at the time of the subject accident.

12.

This Defendant admits only that it is a motor carrier operating with interstate authority. The remaining allegations contained within Paragraph 12 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 12 of Plaintiff's Complaint for want

of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant admits only that it is a motor carrier that operates in the State of Georgia. The remaining allegations contained within Paragraph 13 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant admits that Defendant Timothy Kane was an employee of this Defendant. The remaining allegations contained within Paragraph 14 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant admits that Defendant Timothy Kane was an employee of this Defendant. The remaining allegations contained within Paragraph 15 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant admits that Defendant Timothy Kane was an employee of this Defendant and admits upon information and belief that Defendant Timothy Kane was acting within the course and scope of his employment at the time of the subject accident.

## COUNT ONE
## ORDINARY NEGLIGENCE

17.

The allegations contained within Paragraph 17 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

## COUNT TWO
## NEGLIGENCE PER SE

20.

The allegations contained within Paragraph 20 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 20 of Plaintiff's Complaint for want

of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

The allegations contained within Paragraph 21 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

The allegations contained within Paragraph 23 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint and all of its subparts.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT THREE
## IMPUTED LIABLITY

27.

This Defendant can neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant admits upon information and belief the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits only that it is a motor carrier operating with interstate authority. The remaining allegations contained within Paragraph 29 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

The Defendant denies as pled the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## COUNT FIVE
## NEGLIGENT ENTRSTMENT

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT SIX
## DIRECT ACTION

36.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to this Defendant, which speaks for itself.  The remaining allegations contained within Paragraph 36 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 36 of Plaintiff's

Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to this Defendant, which speaks for itself.  The remaining allegations contained within Paragraph 37 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant admits only that Defendant Cherokee Insurance Company issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to this Defendant, which speaks for itself.  The remaining allegations contained within Paragraph 38 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

### COUNT SEVEN
### <u>PUNITIVE DAMAGES</u>

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

### <u>TWENTY-FIFTH DEFENSE</u>

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not specifically responded to.

WHEREFORE, having fully answered, purported Defendant **P.A.M. TRANSPORT, INC.** prays that it be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

*[Signature contained on next page.]*

This 7th day of June, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.*
*Transport, Inc., Cherokee Insurance*
*Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LAZIZ UMAROV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 23-A-1959 |
| | § | |
| TIMOTHY KANE, P.A.M. TRANSPORT, | § | |
| INC., and CHEROKEE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT P.A.M. TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Tyler R. Watkins, Esq.
Gorinshteyn & Watkins, LLC
3217 S. Cherokee Ln., Suite 740
Woodstock, GA  30188
Tyler@GWTrial.com
*Counsel for Plaintiff*

This 7th day of June, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.
Transport, Inc., Cherokee Insurance
Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)

ID#-JX4ZPLND-SDK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

JUN 07, 2023 04:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

vs.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION**

**FILE NO.: 23-A-1959**

### DEFENDANT CHEROKEE INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL
### APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **CHEROKEE INSURANCE COMPANY**, a purported Defendant

("Defendant") in the above-styled civil action, appearing specially and without waiving, but

specifically reserving all defenses arising from jurisdiction, service and process, and files this

Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the

Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia

law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. §

9-11-12(b)(2) and applicable Georgia law.

## THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the applicable statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## FOURTEENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTEENTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## SEVENTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINETEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## TWENTIETH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## TWENTY-SECOND DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## <u>TWENTY-FOURTH DEFENSE</u>

As a Twenty-Fourth Defense, this Defendant answers the numbered Paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant admits the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies as pled the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant admits upon information and belief that Defendant P.A.M. Transport, Inc. was the owner of the tractor operated by Defendant Timothy Kane at the time of the subject accident.

12.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier operating with interstate authority.  The remaining allegations contained within Paragraph 12 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph

12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier that operates in the State of Georgia.  The remaining allegations contained within Paragraph 13 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant admits that Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc.  The remaining allegations contained within Paragraph 14 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant admits that Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc.  The remaining allegations contained within Paragraph 15 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant admits that Defendant Timothy Kane was an employee of Defendant P.A.M. Transport, Inc., and admits upon information and belief that Defendant Timothy Kane was acting within the course and scope of his employment at the time of the subject accident.

## COUNT ONE
## ORDINARY NEGLIGENCE

17.

The allegations contained within Paragraph 17 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

## COUNT TWO
## NEGLIGENCE PER SE

20.

The allegations contained within Paragraph 20 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 20 of Plaintiff's Complaint for want

of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

The allegations contained within Paragraph 21 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

The allegations contained within Paragraph 23 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint and all of its subparts.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's

Complaint.

## COUNT THREE
## IMPUTED LIABLITY

27.

This Defendant can neither admit nor deny the allegations contained within Paragraph 27

of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant admits upon information and belief the allegations contained within

Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits only that Defendant P.A.M. Transport, Inc. is a motor carrier

operating with interstate authority.  The remaining allegations contained within Paragraph 29

seek a legal conclusion to which no response is required.  To the extent a response is required,

this Defendant can neither admit nor deny the remaining allegations contained within Paragraph

29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to

the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30.

The Defendant denies as pled the allegations contained within Paragraph 30 of Plaintiff's

Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## COUNT FIVE
## NEGLIGENT ENTRSTMENT

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT SIX
## DIRECT ACTION

36.

This Defendant admits only that it issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself. The remaining allegations contained within Paragraph 36 seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 36 of Plaintiff's Complaint for want

of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant admits only that it issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself. The remaining allegations contained within Paragraph 37 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant admits only that it issued a policy of insurance, Cherokee Insurance Company policy no. CA210155, to Defendant P.A.M. Transport, Inc., which speaks for itself. The remaining allegations contained within Paragraph 38 seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the remaining allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

## COUNT SEVEN
## <u>PUNITIVE DAMAGES</u>

### 40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

### 41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

### 42.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

### <u>TWENTY-FIFTH DEFENSE</u>

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not specifically responded to.

WHEREFORE, having fully answered, purported Defendant **CHEROKEE INSURANCE COMPANY** prays that it be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

*[Signature contained on next page.]*

This 7th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M. Transport, Inc., Cherokee Insurance Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **LAZIZ UMAROV,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23-A-1959** |
| **TIMOTHY KANE, P.A.M. TRANSPORT,** | § | |
| **INC., and CHEROKEE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Tyler R. Watkins, Esq.
Gorinshteyn & Watkins, LLC
3217 S. Cherokee Ln., Suite 740
Woodstock, GA  30188
Tyler@GWTrial.com
*Counsel for Plaintiff*

This 7th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.
Transport, Inc., Cherokee Insurance
Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)

{SECURE Firm/297/00136/DRAFTS/04044098.DOCX }

ID # JX4ZPLND-KYB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1959**

JUN 07, 2023 04:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LAZIZ UMAROV,

    Plaintiff,

vs.

TIMOTHY KANE, P.A.M. TRANSPORT,
INC., and CHEROKEE INSURANCE
COMPANY,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION

FILE NO.: 23-A-1959

### PURPORTED DEFENDANTS TIMOTHY KANE, P.A.M
### TRANSPORT, INC. AND CHEROKEE INSURANCE COMPANY'S
### DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **TIMOTHY KANE, P.A.M. TRANSPORT, INC.,** and **CHEROKEE INSURANCE COMPANY,** purported Defendants in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

{SECURE Firm/297/00136/DRAFTS/04069205.DOCX }

This 7th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.*
*Transport, Inc., Cherokee Insurance*
*Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)

{SECURE Firm/297/00136/DRAFTS/04069205.DOCX }

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LAZIZ UMAROV, §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>TIMOTHY KANE, P.A.M. TRANSPORT, §<br>INC., and CHEROKEE INSURANCE §<br>COMPANY, §<br>§<br>Defendants. §<br>§ | CIVIL ACTION<br><br>FILE NO.: 23-A-1959 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANTS TIMOTHY KANE, P.A.M TRANSPORT, INC. AND CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Tyler R. Watkins, Esq.
Gorinshteyn & Watkins, LLC
3217 S. Cherokee Ln., Suite 740
Woodstock, GA  30188
Tyler@GWTrial.com
*Counsel for Plaintiff*

This 7th day of June, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Purported Defendants P.A.M.
Transport, Inc., Cherokee Insurance
Company and Timothy Kane*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622 (P)
(404) 881-2630 (F)

{SECURE Firm/297/00136/DRAFTS/04069205.DOCX }