IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE L. ARSTIKAITIS, on behalf of herself and all those similarly-situated who consent to representation,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTIN R. HALL, LISA L. GENTRY, and KIDSPEECH, INC.,<br><br>Defendants. | CIVIL ACTION NO:<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**COMPLAINT**

Comes now, Plaintiff, Michelle L. Arstikaitis, and files her Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime laws, and retaliation.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant Kristin R. Hall is the Chief Executive Officer, shareholder, and owner of Defendant Kidspeech, Inc. (hereinafter referred to as "Kidspeech").

4.

Defendant Hall is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

5.

Defendant Lisa L. Gentry is the Chief Financial Officer, Secretary, shareholder, and owner of Defendant Kidspeech, Inc. (hereinafter referred to as "Kidspeech").

6.

Defendant Gentry is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

7.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

8.

Defendants are an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

9.

Defendants have an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

10.

Plaintiff is an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

11.

Since approximately September 2021, the Plaintiff was employed by Defendants as the Practice Manager.

12.

Plaintiff brings her FLSA claim as a collective action on behalf of herself and on behalf of all current or former similarly-situated office employees employed by Defendants who consent to join this action as party plaintiffs under 29 U.S.C. § 216(b).

13.

A similarly-situated employee means all persons working for Defendants, employed or previously employed, in an administrative position, who worked hours in excess of forty (40) hours per week,

were paid straight time, were not paid overtime wages, and who worked for Defendants at any time between June 11, 2020 to the present.

14.

Defendants are subject to the wage and hour and overtime provisions under the FLSA.

15.

Defendant Hall resides in the State of Georgia.

16.

This Court has personal jurisdiction over Defendant Hall.

17.

Defendant Gentry resides in the State of Georgia.

18.

This Court has personal jurisdiction over Defendant Gentry.

19.

Defendant Kidspeech is a Georgia for profit corporation doing business within the State of Georgia.

20.

This Court has personal jurisdiction over Defendant Kidspeech.

**VENUE**

21.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

22.

Venue in the Atlanta Division of the Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

23.

The Plaintiff is a current employee of Defendants.

24.

Defendant Hall is the Chief Executive Officer, shareholder, and owner of Defendant Kidspeech, and may be served with summons and process at 545 Old Norcross Road, Suite 200, Lawrenceville, Gwinnett County, Georgia 30046.

25.

Defendant Gentry is the Chief Financial Officer, Secretary, shareholder, and owner of Defendant Kidspeech, and may be served with summons and process at 545 Old Norcross Road, Suite 200, Lawrenceville, Gwinnett County, Georgia 30046.

26.

Defendant Kidspeech may be served with summons and process upon its registered agent, Kristin R. Hall, at 545 Old Norcross Road, Suite 200, Lawrenceville, Gwinnett County, Georgia 30046.

**FACTS**

27.

Defendant Kidspeech is in the business of providing therapy to children.

28.

Defendant Hall maintains operational control of Defendant Kidspeech.

29.

Defendant Hall controls, oversees, and directs the day-to-day operation of Defendant Kidspeech, including the terms and conditions of the Plaintiffs' employment.

30.

Defendant Hall's operational control includes establishing the compensation of employees, including the policy not to pay overtime to the Plaintiff, and other employees performing administrative duties for hours worked over forty (40) hours a week.

-7-

31.

Defendant Hall's operational control includes establishing the assignments performed by employees, including the Plaintiff's work assignments.

32.

Defendant Hall's operational control includes overseeing the work performed by the Plaintiff.

33.

Defendant Gentry maintains operational control of Defendant Kidspeech.

34.

Defendant Gentry controls, oversees, and directs the day-to-day operation of Defendant Kidspeech, including the terms and conditions of the Plaintiff's employment.

35.

Defendant Gentry's operational control includes establishing the compensation of employees, including the policy not to pay overtime to the Plaintiff, and other employees performing administrative duties for hours worked over forty (40) hours a week.

36.

Defendant Gentry's operational control includes establishing the assignments performed by employees, including the Plaintiff's work assignments.

37.

Defendant Gentry's operational control includes overseeing the work performed by the Plaintiff.

38.

In her employment as a Practice Manager, the Plaintiff handles the billing for Defendants.

39.

In her employment with Defendants, the Plaintiff routinely works over forty (40) hours a week.

40.

From approximately September of 2021 through December of 2021, the Plaintiff has been paid an hourly rate of $22.50, and from approximately January of 2022 to June 9, 2023 the Plaintiff has been paid an hourly rate of $32.50.

41.

The duties performed by the Plaintiff do not require the exercise of discretion or independent judgment.

42.

The Plaintiff's duties are not FLSA exempt duties.

43.

The Plaintiff has not been paid a salary.

44.

Throughout her employment, the Plaintiff has worked approximately forty-five (45) to fifty-five (55) hours per week, but has not been paid overtime for the hours worked over forty (40) hours in each workweek.

45.

Defendants have adopted a pay policy of not paying overtime to all employees.

46.

The Plaintiffs and all administrative employees are similarly situated and are subject to Defendants' pay policy of not paying overtime wages.

47.

Defendants have failed to comply with the FLSA and pay the Plaintiff and all administrative employees overtime wages, despite fully knowing that it is in violation of the FLSA.

48.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

49.

Plaintiff is due retroactive payments and liquidated damages for overtime wages for hours worked beyond forty (40) hours per week.

50.

In January of 2022, Defendants became aware through their accountants that they were in violation of wage hour law by failing to pay overtime to the Plaintiff and other employees.

51.

After January of 2022, after Defendants became aware through their accountants that they were in violation of wage hour law by failing to pay overtime to the Plaintiff and other employees, Defendants continued in their pay practice of not paying overtime to hourly employees.

52.

In April of 2023, the Plaintiff complained to the Defendants about not being paid overtime for the hours she was working over forty (40) hours a week.

53.

After the Plaintiff complained about FLSA violations, Defendants retaliated against the Plaintiff by removing duties, reducing her hours, denying her flex day, and creating a hostile work environment.

54.

On June 9, 2023, Defendants falsely accused the Plaintiff of being disruptive in the workplace, locked the Plaintiff out of the system, and falsely claimed that the Plaintiff abandoned her job.

55.

Defendants terminated the Plaintiff because of her complaints regarding violations of overtime law.

**COUNT ONE:   FLSA FAILURE TO PAY OVERTIME WAGES**

56.

Plaintiff incorporates herein paragraphs 1 through 55 of her Complaint.

57.

The job duties performed by Plaintiffs while employed with Defendants are not exempt job duties under the overtime provisions of the FLSA.

58.

Defendants paid the Plaintiff an hourly rate and not a salary.

59.

Defendants have failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

60.

Defendants' conduct entitles Plaintiff to the amount of her unpaid overtime compensation.

**COUNT TWO:   FLSA RETALIATION**

61.

Plaintiff incorporates herein paragraphs 1 through 60 of her Complaint.

62.

The Plaintiff engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that she was not being paid for hours worked and overtime as required by the FLSA.

63.

In response, Defendants removed duties from the Plaintiff, reduced the Plaintiff's hours, denied the Plaintiff her time off, created a hostile work environment, and terminated the Plaintiff.

64.

Defendants' actions are in retaliation for the Plaintiff's statutorily protected complaints, in violation of 29 U.S.C. § 215(3), and have caused the Plaintiff emotional distress.

65.

Defendants' conduct entitles Plaintiff to all legal and equitable relief provided for under 29 U.S.C § 216(b), including, but not limited to, the reduction in pay and compensatory and emotional distress damages.

**COUNT THREE:   FLSA LIQUIDATED DAMAGES**

66.

Plaintiff incorporates herein paragraphs 1 through 65 of her Complaint.

67.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

68.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

69.

Defendants knew that their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

70.

Plaintiff is due liquidated damages for wages and overtime wages for hours worked beyond forty (40) hours per week.

**PRAYER FOR RELIEF**

71.

Wherefore, the Plaintiff prays for a judgment as follows:

1. That the Court grant full back pay for unpaid wages and overtime wages owed to the Plaintiff;
2. That the Court grant Plaintiff liquidated damages and compensatory damages under the FLSA;
3. That the Court grant Plaintiff pre-judgment interest;
4. That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;
5. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA;
6. That the Court grant Plaintiff a jury trial;

7. That the Court hold the Defendants jointly and severally liable;

8. That the Court grant Plaintiff all other relief the Court deems just and proper; and

9. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further violations of the FLSA.

Respectfully submitted this 12th day of June 2023.

                              **THE REDDY LAW FIRM, P.C.**

                              /s/K. Prabhaker Reddy
                              K. PRABHAKER REDDY
                              Attorney for Plaintiff
                              Georgia Bar No. 597320
                              1325 Satellite Boulevard
                              Suite 1506
                              Suwanee, Georgia 30024
                              Telephone: (678) 629-3246
                              Facsimile: (678) 629-3247
                              Email: kpr@reddylaw.net