IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Puneet Vyapi, | ) | |
| | ) | C/A: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ur M. Jaddou, *in her official* | ) | |
| *capacity as* Director of U.S. Citizenship | ) | |
| and Immigration Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# **COMPLAINT**

Plaintiff, Mr. Puneet Vyapi ("Mr. Vyapi"), is resident of Cumming, Georgia. Mr. Vyapi has worked in the United States as a nonimmigrant since 2014. On November 30, 2021, USCIS *approved* his employer's latest petition that authorized Mr. Vyapi to remain working in the United States until March 28, 2024. Exhibit A. Mr. Vyapi continued working in Georgia throughout 2021 and 2022 on a valid and approved nonimmigrant visa.

In 2021, Defendant, Ur. M. Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services ("USCIS"), found Mr. Vyapi "inadmissible" to the United States. Exhibit C. USCIS did not tell Mr. Vyapi or his employer about this finding which was made prior to the approval of the latest visa petition. The clandestine inadmissibility finding has now precluded Mr.

1

Vyapi from continuing to work in the United States.  Mr. Vyapi departed the country in November 2022 unaware USCIS had found him "inadmissible" and "ineligible" to receive a visa more than a year earlier.  USCIS's final agency action represents a paradigm example of arbitrary and capricious decision making.  Accordingly, Mr. Vyapi now comes before this Court seeking an order to set aside USCIS's nondisclosed inadmissibility determination as arbitrary, capricious, and not in accordance with law and procedure.  *See* Administrative Procedure Act ("APA"), 5 U.S.C. § 704, 706(2).  Mr. Vyapi has maintained lawful nonimmigrant status since 2014, he is not inadmissible to the United States, and by USCIS's own admission, he is qualified for a visa to work in the United States as a nonimmigrant worker in a specialty occupation.  Exhibit A.

## PARTIES

1. Plaintiff Puneet Vyapi is a citizen and national of India who resides in Cumming, Georgia.  He is married to Ms. Surashmi Gupta.  The couple own a home in Cumming, Georgia.

2. Defendant Ur M. Jaddou is the USCIS Director. In her official capacity, she oversees the adjudication of all immigration benefits.  Specifically, USCIS is a Bureau within Department of Homeland Security, 6 U.S.C. § 274, which has the authority to adjudicate nonimmigrant benefit requests, including the

Form I-129 petition for a nonimmigrant worker. 6 U.S.C. § 271(b)(1).  Ms. Jaddou is sued in her official capacity.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331. *Califano v. Sanders*, 430 U.S. 99, 106 (1977);

4. Under its federal question jurisdiction, this Court can hear claims under the APA, 5 U.S.C. § 501, *et seq*.  *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988) ("[I]f review is proper under the APA, the District Court has jurisdiction under 28 U.S.C. § 1331.").

5. Section 704 of the APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704.

6. The judicial review provisions of the APA provide a limited cause of action for parties adversely affected by agency action.  *See Bennett v. Spear*, 520 U.S. 154, 175 (1997); *see also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties.").

7. Inadmissibility determinations represent a "definitive legal position" on the part of the federal agency, which in this case is USCIS.  *Vivint, Inc. v.*

*Mayorkas*, 614 F. Supp. 3d 993, 1001 (D. Utah 2022) (quoting *CSI Aviation Servs., Inc. v. U.S. Dep't of Transp.*, 637 F.3d 408, 414 (D.C. Cir. 2011)).

8. Under the APA, this Court can set aside final agency action that is arbitrary, capricious, and not in accordance with law or procedure. 5 U.S.C. § 706(2).

9. To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (citation omitted). Courts may not attempt to make up for deficiencies in the decision by "supply[ing] a reasoned basis for the agency's action that the agency itself has not given." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 224 (2016) (citation omitted).

10. Under its federal question jurisdiction, this Court can also provide declaratory relief under 28 U.S.C. § 2201.

11. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(C) because Mr. Vyapi resides in Cumming, Georgia and there is no real property at issue in this case.

12. Mr. Vyapi has exhausted all administrative remedies or constructively exhausted all administrative remedies. *Darby v. Cisneros*, 509 U.S. 137 (1993).

## **LEGAL BACKGROUND**

13. Noncitizens seeking a visa to lawfully enter the United States are split into two categories: 1) immigrants; and 2) nonimmigrants. 8 U.S.C. §§ 1101(a)(15). An immigrant is defined within the INA as any noncitizen who does not fall within the specified nonimmigrant categories. 8 U.S.C. §§ 1101(a)(15)(A)-(V).

14. "The term 'nonimmigrant visa' means a visa properly issued to an alien as an eligible nonimmigrant by a competent officer as provided in this chapter." 8 U.S.C. § 1101(a)(26).

15. Nonimmigrant visa categories span the entire alphabet, some with sub-categories of visas, and each with a particular purpose. *See* 8 U.S.C. §§ 1101(15)(A)-(V).

16. Congress created numerous nonimmigrant visa categories and sub-categories, ranging from the "A" visa for an "ambassador, public minister, or career diplomat or consular officer who has been accredited by a foreign government," to the "F" and "M" student visas, to the "H" visa, encompassing high-skilled, low-skilled, and agricultural temporary workers, to the "O" visa for individuals who possess "extraordinary ability in the sciences, arts, education, business, or athletics." 8 U.S.C. §§ 1101(a)(15)(A)-(V).

5

17. The Immigration and Nationality Act of 1952 ("INA"), as amended, provides for the classification of temporary, skilled foreign workers in H-1B status to perform services for United States employers in specialty occupations. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b).

18. Under the H-1B program, Congress grants businesses expedited access to skilled H-1B workers by requiring the Department of Labor to approve Labor Condition Applications or LCAs under a short deadline; the LCA is the first of two steps required for sponsoring H-1B workers. *See* 8 U.S.C. § 1182(n)(1).

19. The second step requires the sponsoring employer to file a petition with USCIS using Form I-129 to classify the foreign worker as an H-1B nonimmigrant. *See* 6 U.S.C. § 271(b)(5); 8 U.S.C. § 1184(c)(1); 8 C.F.R. §§ 214.2(h)(1)(i), (2)(i)(A).

20. The employer must show the beneficiary is eligible for classification as a temporary employee. 8 C.F.R. §§ 214.2(h)(1)(i), (2)(i)(A), (h)(4).

21. For instance, under the relevant statutory and regulatory regime, an employer may satisfy the eligibility criteria if the position requires "theoretical and practical application of a body of highly specialized knowledge" and a "baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position." *See* 8 U.S.C. § 1184(i)(1); 8 C.F.R. § 214.2(h)(4)(iii)(A)(1).

22. The spouse and minor children of an H-1B visa holder may be admitted to the United States along with the H-1B visa holder based on their qualifying relationship to the principal H-1B nonimmigrant in valid status.  8 U.S.C. § 1101(a)(15)(H).

23. To obtain an H-4 visa or to apply for an extension of an existing H-4 visa, an eligible applicant must submit a Form I-539 with USCIS.

24. If approved, the H-4 visa is subject to the same period of admission as the H-1B visa held by the H-4 visa holder's spouse or parent. 8 C.F.R. § 214.2(h)(9)(iv).

25. Employers may seek to classify a current or prospective foreign national employee in H-1B status who is either outside the United States or who has already been admitted to the United States.

26. A foreign national outside the United States may use the employer's approved H-1B nonimmigrant petition from USCIS to apply for a H-1B or H-4 nonimmigrant visa at a United States Consulate General or Embassy abroad. *See* 8 U.S.C. §§ 1201(a)(1)(B), 1202(c); 22 C.F.R. §§ 41.53(a)(2), 41.101(a).

27. Once a visa is issued, the foreign national must present the approved nonimmigrant visa to an immigration officer at a port of entry and apply for "admission" to the United States.  *See* 8 U.S.C. §§ 1101(a)(4), 1201(h), 1225(a)(3); 8 C.F.R. §§ 235.1(a), (f)(1).

28. Once the foreign national is inspected and authorized by an immigration officer to enter, the foreign national is deemed "admitted" to the United States.  *See* 8 U.S.C. § 1101(a)(13)(A).

29. An initial approved petition to classify a foreign national in H-1B status may not be granted for a timeframe greater than three years from the date USCIS approves the petition.  8 C.F.R. § 214.2(h)(9)(iii)(A)(1).

30. An employer may file a petition to extend the stay of an H-1B nonimmigrant worker beyond the three-year timeframe granted in the employer's initial petition by filing an extension of status petition with USCIS using Form I-129.  8 C.F.R. §§ 214.2(h)(15)(i), (ii)(B).

31. Section 1182(a) of Title 8 designates "[c]lasses of aliens ineligible for visas or admission."  8 U.S.C. § 1182(a).

32. For instance, "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible."  8 U.S.C. § 1182(a)(6)(C)(i).

33. A misrepresentation must be knowing, willful and material, meaning the applicant must be fully aware of the nature of the information sought and knowingly, intentionally, and deliberately make an untrue statement.  *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 447 (A.G. 1961).

34. The definition of "materiality" with respect to 8 U.S.C. § 1182(a)(6)(C)(i) has two components: A misrepresentation made in connection with an application for a visa or other documents, or with admission to the United States, is material if either: (1) The individual is ineligible on the true facts; or (2) "the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he or she be inadmissible." *Id*.

## STATEMENT OF THE FACTS

35. Mr. Vyapi initially entered the United States on June 9, 2014, as an intracompany transferee with specialized knowledge in an "L-1B" nonimmigrant status.

36. On April 27, 2016, Mr. Vyapi's former employer submitted a petition to employ Mr. Vyapi as an H-1B nonimmigrant.

37. USCIS assigned the petition receipt number **EAC-16-148-53118** and approved the petition allowing Mr. Vyapi to work in the United States for a three-year period beginning on October 1, 2016, and ending on July 25, 2019.

38. On January 3, 2017, Mr. Vyapi entered the United States as an H-1B nonimmigrant.

39. On March 8, 2017, Mr. Vyapi's employer filed a Form I-140, Immigrant Petition for Alien Worker, on Mr. Vyapi's behalf.

40. USCIS assigned the immigrant visa petition receipt number **SRC1790330514**.

41. On May 7, 2017, USCIS approved the immigrant visa petition.

42. Mr. Vyapi was unable to file an application for permanent residency, however, because a visa was not immediately available.  8 U.S.C. § 1255(a).

43. On January 30, 2019, Mr. Vyapi's employer filed an extension of Mr. Vyapi's H-1B nonimmigrant status.

44. USCIS assigned the petition receipt number **LIN1909050544** and approved it on February 2, 2019.

45. On May 27, 2020, Mr. Vyapi's employer filed a Form I-129, Petition for Nonimmigrant Worker, seeking a new three-year period of H-1B status for Mr. Vyapi based on a change in previously approved employment.

46. In support of the petition, Mr. Vyapi's employer submitted an evaluation from Dr. David M. Bellehsen, an associate professor at New York City College of Technology.

47. USCIS assigned the petition receipt number **SRC2021150583**.

48. On July 22, 2020, USCIS issued a Request for Evidence in which it noted that Professor Bellehsen was not qualified to issue evaluations in support of petitions.

49. Mr. Vyapi's employer timely responded to USCIS with a new evaluation from a professor at Pace University.

50. On September 21, 2020, USCIS approved the petition and authorized a new three-year period of stay in H-1B status from May 27, 2020, until April 30, 2023.

51. In 2021, Mr. Vyapi received a new offer of employment.

52. On March 29, 2021, the "new" employer timely filed a Form I-129, Petition for Nonimmigrant Worker, seeking to employ Mr. Vyapi as a H-1B nonimmigrant for a three-year period.

53. USCIS assigned the petition the following receipt number: **SRC2117951147**.

54. In support of the petition, the new employer submitted an evaluation of Mr. Vyapi's eligibility for H-1B status from Dr. Bellehsen at New York City College of Technology, the same professor USCIS previously deemed unqualified to Mr. Vyapi's former employer.

55. On April 12, 2021, USCIS denied the petition based, in part, on a finding that the evaluation submitted was not compliant with the regulations that require an evaluation from a college who has the authority to grant college-level credits. *See* 8 C.F.R. § 214.2(h)(4)(iii)(D)(1).

56. On May 21, 2021, USCIS reopened the petition, **SRC2117951147**, *sua sponte*.

57. On June 28, 2021, Mr. Vyapi's employer filed a new Form I-129 petition after receiving notice of the April 12, 2021 decision.  Exhibit A.

58. USCIS assigned the petition the following receipt number: **SRC2127150786**.  *Id*.

59. Mr. Vyapi's new employer initially submitted an evaluation from the same professor at Pace University that previously provided an evaluation to Mr. Vyapi's former employer.

60. On July 12, 2021, USCIS issued a Request for Evidence.

61. USCIS noted that the agency's decision in case number **SRC2117951147** remained pending.

62. USCIS further questioned the authorization of the professor at Pace University and requested a sufficient evaluation by a qualified, authorized official.

63. Unlike the prior evaluation submitted from Pace University which showed Pace University and the professor had authorization to perform the evaluation, the one submitted by Mr. Vyapi's new employer lacked these necessary details.

64. Mr. Vyapi's new employer timely responded to the Request for Evidence and submitted a new evaluation from a qualified professor at Marshall

University in lieu of supplementing the evaluation from Pace University.  Exhibit B.

65. On September 16, 2021, USCIS issued a second Request for Evidence.

66. USCIS noted that the agency had still not issued a decision on the reopened petition in case number **SRC2117951147**.

67. On or about November 1, 2021, Mr. Vyapi's new employer responded to the RFE and noted that USCIS has denied **SRC2117951147** following reopening.

68. On November 30, 2021, USCIS approved the petition, **SRC2127150786**, and authorized a three-year period of H-1B status until March 28, 2024.

69. Mr. Vyapi maintained status and worked for his new employer throughout 2021 and 2022.

70. Mr. Vyapi's spouse, Ms. Surashmi Gupta, also worked and maintained H-4 status.

71. On November 24, 2022, Mr. Vyapi and Ms. Gupta traveled from the United States to India for what was supposed to be a brief visit.

72. They own a home and have all their personal belongings in Georgia.

73. On December 1, 2022, Mr. Vyapi and his spouse submitted their passports for issuance of their H-1B and H-4 visas at the U.S. Embassy in New Delhi, India.

74. On January 5, 2023, Mr. Vyapi appeared for a consular interview.

75. Following the interview, the consular officer issued him a notice that his case required additional administrative processing.

76. On January 27, 2023, the consular officer denied Mr. Vyapi's application for an H-1B visa because USCIS had found him inadmissible.

77. This was the first time Mr. Vyapi learned that USCIS had found him inadmissible.

78. The consular officer either did not know or chose not to disclose the reasons USCIS found Mr. Vyapi inadmissible.

79. USCIS has never reopened or revoked the approval of the current H-1B petition.

80. On April 21, 2023, an email to Senator Ossoff's staff clarified that "[o]nce an applicant is found ineligible under section 6c1, he or she will remain ineligible under this section of the law permanently unless/until the ineligibility is removed. Because the ineligibility was originally entered by USCIS, only USCIS can remove it." Exhibit C.

81. Mr. Vyapi did not make a willful, knowing and material misrepresentation in connection with any immigration benefit.

82. Mr. Vyapi was not responsible for submitting the evidence with the H-1B petitions his employers submitted on his behalf, including evaluations his employers submitted to USCIS.

83. The material facts of Mr. Vyapi's education and work experience, which his employer submitted to evaluators are as follows:

    a. In 2009, Mr. Vyapi was awarded a Bachelor of Computer Applications degree from V.B.S. Purvanchal University, Jaunpur in India (3-year degree).

    b. Mr. Vyapi has more than twelve years of specialized knowledge and experience in software development; and

    c. Mr. Vyapi's education and experience are the equivalent of a Bachelor of Science degree in Computer Information Systems as awarded by an accredited college or university in the United States.

## CAUSE OF ACTION
## Arbitrary and Capricious Final Agency Action

84. Plaintiff incorporates by reference the allegations in the Paragraphs above as if fully restated here.

85. Under the APA, courts must hold unlawful and set aside agency action "found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

86. An action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

87. To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (citation omitted).

88. USCIS arbitrarily, capriciously, and unlawfully found Mr. Vyapi inadmissible without disclosing the decision to him or his employer.

89. Admittedly only USCIS can remove the finding of inadmissibility. Exhibit C.

90. USCIS arbitrarily, capriciously, and unlawfully approved the visa petition to extend Mr. Vyapi's status without removing the prior finding of inadmissibility. Exhibit A.

91. USCIS arbitrarily found Mr. Vyapi inadmissible based on a willful misrepresentation without reconsideration of the finding at the time it approved the

Form I-129 that was based on Mr. Vyapi's educational background and work history.  Exhibit A.

92.	It was arbitrary and capricious for USCIS to credit Mr. Vyapi's background and approve a visa petition without removing the inadmissibility.  Exhibits A-B.

93.	At a minimum, USCIS needed to disclose its finding of inadmissibility or remove the finding prior to approving the latest petition that accurately reflected his qualifications and allowed Mr. Vyapi to keep working in the United States for the next year.  Exhibits A-B.

94.	Since Mr. Vyapi is eligible on the true facts, which USCIS has accepted in approving the new extension of status, it is arbitrary, capricious, and not in accordance with law for USCIS to keep the prior inadmissibility finding "active."  Exhibits A-B.

95.	There is nothing in the record showing that USCIS considered the relevant factors, or any factors whatsoever, in finding Mr. Vyapi inadmissible and in refusing to remove the finding.  Exhibits A-C.

96.	The clandestine finding of inadmissibility is a paradigm example of arbitrary and capricious decision making.

97.	There is no record evidence to support a finding that Mr. Vyapi made a knowing, willful, or material misrepresentation that would render him

inadmissible.

98.   USCIS's November 30, 2021 decision endorsed Mr. Vyapi's credentials, which includes the education and experience Mr. Vyapi's employer disclosed to the agency and that a professor evaluated in support of the employer's petition.  Exhibits A & C.

99.   The Court should set aside the finding of inadmissibility as arbitrary, capricious, and not in accordance with law under the APA.  5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Based on the above allegations and cause of action, Plaintiff requests this Court to:

A.   Take jurisdiction over this civil action;

B.   Set aside USCIS's 2021 decision to find Mr. Vyapi inadmissible;

C.   Order USCIS to remove the finding from Mr. Vyapi's record and all computer databases shared with federal agencies;

D.   Order USCIS to inform the Department of State that it has removed the finding of inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i);

E.   Enter judgment against Defendant based on USCIS issuing a final agency action contrary to the Immigration and Nationality Act, as amended, and the Administrative Procedure Act, 5 U.S.C. § 706(2);

F.     Award Plaintiff attorney's fees and costs under the Equal Access to Justice Act; and

G.     Award any other or further relief that the Court deems just, equitable, or proper.

June 12, 2023                                             Respectfully Submitted,

<u>s/Charles H. Kuck</u>
CHARLES H. KUCK
GA Bar No. 429940
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
(404) 816-8611
ckuck@immigration.net

<u>/s/Jesse M. Bless</u>
JESSE M. BLESS
MA Bar No. 660713
Bless Litigation LLC
6 Vineyard Lane
Georgetown MA 01833
781.704.3897
jesse@blesslitigation.com
\* *Motion to Appear Pro Hac Vice Forthcoming*

ATTORNEYS FOR PLAINTIFF