IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY WILLIAMS,          )<br>                            )<br>     Plaintiff,            )<br>                            )<br>v.                          )<br>                            )<br>ACTION STAFFING OF GEORGIA, INC.,  )<br>a Georgia Corporation, and INGENICO, INC., )<br>a Georgia Corporation,      )<br>                            )<br>     Defendants.           )  | Civil Action No.<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff Jeffrey Williams ("Plaintiff"), by and through his undersigned counsel, brings this action to correct unlawful employment practices by Defendant Action Staffing of Georgia, Inc. ("Defendant Action Staffing") and Defendant Ingenico, Inc. ("Defendant Ingenico") (collectively "Defendants").

## INTRODUCTION

1. This is an action involving the violation of Plaintiff's federal statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are located in this District and are subject to personal jurisdiction in this District.

4. In accordance with Title VII, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants, received his Notice of Right to Sue, and timely files this Complaint. Thus, all conditions precedent to the institution of this lawsuit have been fulfilled.

**PARTIES**

5. Defendant Action Staffing is a Georgia corporation with a principal place of business located at 918 Holcomb Bridge Road, Suite 100, Roswell, Georgia.

6. Defendant Action Staffing can be served via its registered agent, Kyle A. Robinson, at 918 Holcomb Bridge Road, Suite 100, Roswell, Georgia 30076.

7. Defendant Action Staffing conducts business in this District.

8. Defendant Ingenico is a Georgia corporation with a principal place of business located at 3025 Windward Plaza, Suite 600, Alpharetta, Georgia 30005.

9. Defendant Ingenico can be served via its registered agent, CT Corporation, 289 S. Culver Street, Lawrenceville, Georgia 30046.

10. Defendant Ingenico conducts business in this District.

11. Plaintiff is a resident of this District.

12. At all relevant times, Defendant Action Staffing was an "employer" within the meaning of Title VII in that it was engaged in an industry affecting commerce which had fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the year of Plaintiff's employment or the preceding calendar year.

13. At all relevant times, Defendant Action Staffing was an "employer" of Plaintiff within the meaning of Title VII.

14. At relevant times, Plaintiff was an "employee" of Defendant Action Staffing within the meaning of Title VII.

15. At all relevant times, Defendant Ingenico was an "employer" within the meaning of Title VII in that it was engaged in an industry affecting commerce which had fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the year of Plaintiff's employment or the preceding calendar year.

16. At all relevant times, Defendant Ingenico was an "employer" of Plaintiff within the meaning of Title VII.

17. At relevant times, Plaintiff was an "employee" of Defendant Ingenico within the meaning of Title VII.

18. At all material times, Defendants were "joint employers" of Plaintiff.

19. Defendants are liable together for purposes of Title VII under a "joint employer" theory and/or "agency" theory.

## FACTUAL ALLEGATIONS

20. In 2022, Plaintiff went to work for Defendant Action Staffing, a temporary staffing agency.

21. Upon information and belief, Defendant Ingenico has a contract with Defendant Action Staffing under which Defendant Action Staffing provides certain services for Defendant Ingenico, including temporary, temp-to-perm, and permeant personnel for the joint common purpose of carrying Defendant Ingenico's business.

22. Defendant Action Staffing was responsible for the on-boarding process, including employment verification, completion of tax forms and other initial paperwork and forms. Defendant Action Staffing was responsible for paying Plaintiff's wages, benefits, and taxes and shared responsibility with Defendant Ingenico for employment concerns and complaints and had the power to hire, assign, and terminate Plaintiff.

23. Likewise, Defendant Ingenico shared the responsibility for employment concerns and complaints and had the power to hire, assign, and terminate Plaintiff.

24. Defendant Action Staffing determined Plaintiff's hourly wage.

25. On or about December 7, 2022, Defendants hired Plaintiff to perform duties for Defendant Ingenico on a temp-to-perm basis. On December 7, 2022, Heather Jordan, Staffing Assistant for Defendant Action Staffing sent Plaintiff an email stating "Welcome to the Action Staffing/Ingenico Team!!!!" The email attached both Defendant Ingenico's "No Harassment Policy" and a copy of "Action Staffing Policies & Procedures."

26. Plaintiff's first day on the job with Defendants was on or about December 8, 2022. Plaintiff's job duties were to pack boxes. Based upon Plaintiff's performance, shortly after he began, Defendants promoted Plaintiff to the forklift/inventory picking position where he reported to Jermaine Frazier, an employee of Defendant Ingenico.

27. At all times material to the Complaint, Plaintiff had the skills to perform his job duties and he did successfully perform his job duties.

28. At all times material to the Complaint, Plaintiff worked side by side and under the supervision of employees who were employed directly by Defendant Ingenico and performed the same work performed by those persons, as well as persons employed by temporary staffing agencies assigned to work for Defendant Ingenico.

29. While working in his new position, his supervisor, Mr. Frazier engaged in a pattern of sexually harassing behavior including, but not limited to, making

inappropriate comments to Plaintiff; winking at Plaintiff; looking Plaintiff up and down in a suggestive way; trying to touch Plaintiff; asking Plaintiff to perform job duties that required that he bend over and then Mr. Frazier would position himself to watch Plaintiff from behind; and staring at Plaintiff for excessively long periods of time.

30. On January 25, 2023, Plaintiff complained to the building supervisor employed by Defendant Ingenico and asked to be moved back to his previous position. The building supervisor denied Plaintiff's request and told Plaintiff that he needed to "navigate around his [Mr. Frazier's] gayness."

31. On January 26, 2023, Plaintiff arrived to work and Mr. Frazier was again staring at Plaintiff inappropriately. Plaintiff called Defendant Action Staffing to complain about the sexual harassment and Defendant Action Staffing told Plaintiff to go home. Plaintiff followed those directions and went home. Later that day, Courtney Davila, an employee of Defendant Action Staffing, called Plaintiff and told him that he was terminated.

**COUNT I: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

32. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

33. Defendants had a duty to maintain a work environment free of sex discrimination and harassment.

34. Defendants' action and inaction created a hostile and offensive work environment and interfered with Plaintiff's work.

35. Defendants knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

36. Defendants further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment on the basis of sex and by permitting a work environment to exist that was hostile and offensive to Plaintiff on the basis of his sex.

37. As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered damages.

38. At all times material hereto, Defendants engaged in a discriminatory practice with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of compensatory and punitive damages.

39. The above-described acts of Defendants constitute sex harassment and discrimination in violation of Title VII.

## COUNT TWO: RETALIATION

40. Plaintiff incorporates by reference herein Paragraphs 1 through 31 above.

41. In violation of Title VII, Defendants retaliated against Plaintiff for complaining about sexual harassment and hostile work environment.

42. Defendant Action Staffing ordered Plaintiff to go home from work because he complained about sexual harassment.

43. Defendants terminated Plaintiff because he complained about sexual harassment.

44. Upon information and belief, Defendants jointly decided to terminate Plaintiff because he complained about sexual harassment by Mr. Frazier.

45. Upon information and belief, Defendant Ingenico knew of Mr. Frazier's sexually harassing behavior towards other employees, including temporary employees.

46. Upon information and belief, Defendant Ingenico had received complaints about Mr. Frazier from other employees, including temporary employees.

47. Defendants never told Plaintiff that his job performance was deficient in any way.

48. Plaintiff was qualified for his position.

49. Had Plaintiff not complained about sexual harassment by Mr. Frazier, Defendant Action Staffing would not have sent him home.

50. Had Plaintiff not complained about sexual harassment, Defendants would not have terminated him.

51. Defendants did not have a legitimate non-retaliatory reason to terminate Plaintiff. The only reason Defendants terminated Plaintiff was because he complained about sexual harassment.

52. The aforementioned acts constitute unlawful practices pursuant to Title VII.

53. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

54. The unlawful employment practices complained of above were intentional.

55. Plaintiff is entitled to an award of back pay and benefits, front pay, compensatory damages, punitive damages, injunctive relief, reinstatement, attorney's fees and costs, and all other appropriate damages, remedies, and other relief available under the Title VII.

56. As a result of Defendant's discriminatory and retaliatory acts, Plaintiff has suffered and will continue to suffer damages.

57. Defendants acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of punitive damages.

58. Additionally, despite attempts at contacting Defendant Action Staffing, since the date of Plaintiff's complaint of sexual harassment, they have not responded to him nor placed him in another position.

59. Upon information and belief, since the date of Plaintiff's complaint of sexual harassment, Defendant Action Staffing has had other positions available for which Plaintiff was qualified.

60. Upon information and belief, Defendant Action Staffing did not consider or offer Plaintiff any further positions because he complained about sexual harassment.

61. Had Plaintiff not complained about sexual harassment, Defendant Action Staffing would have offered Plaintiff another available position.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in his favor in the form of an Order of this Court:

A. Awarding Plaintiff damages including, but not limited to, front pay, back pay, lost wages, bonuses, and all other employment benefits to be determined at trial;

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff reinstatement;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff reasonable attorneys' fees and expenses;

F. Awarding Plaintiff any further relief permitted under law; and

G. Awarding Plaintiff any further relief as the Court deems just and proper.

Respectfully submitted this 12th day of June, 2023.

        MARTIN & MARTIN, LLP

    By: /s/Kimberly N. Martin
       Kimberly N. Martin
       kimberlymartinlaw@gmail.com
       Georgia Bar No. 473410

       MARTIN & MARTIN, LLP
       Post Office Box 1070
       Tucker, Georgia 30085
       (404) 313-5538