UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HIROYUKI TAKEMURA,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. ) ) **JURY TRIAL DEMANDED** |
| **EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

## COMPLAINT

COMES NOW Plaintiff Hiroyuki Takemura ("Takemura" or "Plaintiff"), by and through undersigned counsel, and submits his Complaint against Expeditors International of Washington, Inc. ("Expeditors" or "Defendant"), stating as follows:

**I.     NATURE OF COMPLAINT**

1.

This is an action by a former employee of Defendant for discrimination, interference, and retaliation in violation of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq. (collectively, the "ADAAA").

## II. JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the ADA.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this district and all of the acts and omissions complained of herein occurred within this district.

## III. ADMINISTRATIVE PREREQUISITES

4.

Plaintiff timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on April 12, 2023 (Charge No. 410-2023-06396).

5.

Plaintiff received a right-to-sue notice from the EEOC with respect to Charge No. 410-2023-06396 on June 12, 2023.

## IV.   PARTIES

6.

Takemura resides in Hoschton, Georgia, and is a former employee of Defendant.

7.

At all times relevant hereto, Takemura was an individual with a disability as defined by the ADAAA.

8.

At all times relevant hereto, Takemura was a "qualified individual" as defined by the ADAAA because he was able to perform the essential functions of his position with or without reasonable accommodations.

9.

Defendant is a Washington company that regularly conducts business in Georgia and has an office in Atlanta, Georgia.

10.

Defendant is a covered "employer" as defined by the ADA.

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA, 30076, USA.

## V. FACTUAL ALLEGATIONS

12.

Takemura is a highly qualified business manager with over eighteen years of global account management experience.

13.

Takemura worked for Expeditors for over seven years as a Regional Business Development Manager before being unceremoniously terminated for discriminatory and retaliatory reasons.

14.

In October 2022, Takemura developed a persistent cough and was diagnosed with reactive airway disease.

15.

At the time, Takemura's division worked remotely; however, the Company asked that all employees return to the office effective January 1, 2023.

16.

Takemura returned to the office as instructed on January 1, 2023.

17.

On February 3, 2023, Takemura submitted a request for ADA accommodations to his manager, Peter Dale, Atlanta District Manager Matt Littleton, and Employee Relations Manager Tom Noma.

18.

The request included a doctor's note that confirmed Takemura's condition (reactive airway disease) and stated that Takemura would need to work from home occasionally during "temporary aggravation of symptoms, and when there is the possibility of active infection."

19.

Employee Relations Manager Noma confirmed that the request for accommodation would be added to Takemura's file.

20.

Dale told Takemura to also submit the request for accommodation through the Company's Hartford portal, which Takemura did on February 10, 2023.

21.

On February 27, 2023, the Hartford called Takemura and confirmed that the

requested accommodation consisted of occasional work from home and not a leave of absence. During this call, the Hartford representative advised that the Company had five business days to respond to Mr. Takemura's request.

22.

Six business days later, on March 7, 2023, Dale scheduled a Zoom conference with Takemura during which he gave Takemura two options: (1) accept a 30-day performance improvement plan ("PIP"), or (2) resign and sign a severance package. No written documents were provided.

23.

On March 13, 2023, Dale and VP Kanny Satar presented the PIP form and the severance package to Takemura via Zoom. Dale insisted that Takemura sign one of the options by March 20, 2023.

24.

The PIP claimed that Takemura fell short in the "new logo" category.

25.

The PIP was bogus and issued for discriminatory and retaliatory reasons.

26.

In reality, Takemura was fully on track to achieve the 5% new logo expectation by year end and had advised Dale of upcoming new logo revenue posting

in the near future.

27.

Takemura's new logo numbers were also better than or equal to at least two of the other four associates on his team.

28.

In the remaining three measurable categories by which Takemura was evaluated (new business, overall revenue, and CRM calls), Takemura far exceeded the stated goals and, in fact, was the top performer in each category.

29.

There was no legitimate reason for forcing Takemura to either accept a bogus PIP or resign.

30.

On March 20, 2023, Takemura asked Dale if he could receive a two-week extension to the consideration period for deciding whether to accept the bogus PIP or accept a forced resignation.

31.

For no stated reason, Dale refused to allow Takemura additional time to consider the options presented to him.

32.

When Takemura emailed Dale and asked why he was not entitled to a 21-day consideration period under applicable law to consider the release of claims in the severance agreement, Dale left Takemura a voicemail stating he was terminated effective immediately.

33.

Plaintiff's separation notice states that he was terminated for "nonperformance."

34.

The proffered reason for Plaintiff's termination is false and mere pretext for discrimination and retaliation.

35.

Takemura has suffered significant pecuniary and non-pecuniary damages as a direct result of Defendant's unlawful actions.

**COUNT I**
**ADA Failure to Accommodate**

36.

Takemura repeats and realleges paragraphs 12-35 as if fully set forth herein.

37.

Takemura has at all relevant times been a qualified individual who can

perform the essential functions of his job with or without reasonable accommodation.

38.

Takemura has at all relevant times had a covered disability under the ADAAA (reactive airway disease).

39.

Takemura requested reasonable accommodations for a known disability.

40.

Defendant failed to engage in the interactive process with regard to Takemura's accommodation request.

41.

Takemura was denied reasonable accommodations.

42.

As a direct and proximate result of Defendant's wrongful acts, Takemura has suffered and continues to suffer substantial economic and non-pecuniary damages.

43.

Defendant willfully and wantonly disregarded Takemura's rights, and its actions toward Takemura were undertaken in bad faith.

44.

Takemura is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT II
## ADA Discrimination

45.

Takemura repeats and realleges paragraphs 12-35 as if fully set forth herein.

46.

Takemura has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

47.

Takemura has at all relevant times had a covered disability under the ADAAA.

48.

Defendant subjected Takemura to a materially adverse action when it forced him to choose between accepting a bogus PIP or resign.

49.

Defendant subjected Takemura to a materially adverse action when it

terminated his employment.

50.

Defendant subjected Plaintiff to these adverse actions because of Plaintiff's disability.

51.

Defendant's proffered reasons for the adverse actions are false and mere pretext for discrimination.

52.

As a direct and proximate result of Defendant's wrongful acts, Takemura has suffered and continues to suffer substantial economic and non-pecuniary damages.

53.

Defendant willfully and wantonly disregarded Takemura's rights, and its actions toward Takemura were undertaken in bad faith.

54.

Takemura is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT III
## ADA Interference

55.

Takemura repeats and realleges paragraphs 12-35 as if fully set forth herein.

56.

Takemura has at all relevant times had a covered disability under the ADAAA.

57.

Takemura has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

58.

Defendant interfered with Takemura's statutorily protected ADA rights by coercing, intimidating, threatening, and interfering with Plaintiff in the exercise or enjoyment of, or on account of having exercised or enjoyed, rights granted or protected by the ADA. 42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b).

59.

Specifically, Defendant interfered with Takemura's statutorily protected ADA rights by, among other things, issuing requirements that limited his right to invoke ADA protections; coercing Takemura to relinquish or forgo an

accommodation to which he was otherwise entitled; and threatening termination.

60.

As a direct and proximate result of Defendant's wrongful acts, Takemura has suffered and continues to suffer substantial economic and non-pecuniary damages.

61.

Defendant willfully and wantonly disregarded Takemura's rights, and its actions toward Takemura were undertaken in bad faith.

62.

Takemura is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT IV
## ADA Retaliation

63.

Takemura repeats and realleges paragraphs 12-35 as if fully set forth herein.

64.

Takemura has at all relevant times had a covered disability under the ADAAA.

65.

Takemura has at all relevant times been a qualified individual who can

perform the essential functions of his job with or without reasonable accommodation.

66.

Takemura engaged in protected activity under the ADA when he requested reasonable accommodations for a known disability.

67.

Defendant subjected Takemura to a materially adverse action when it forced him to choose between accepting a bogus PIP or resign.

68.

Defendant subjected Takemura to a materially adverse action when it terminated his employment.

69.

The protected activity was causally connected to the subsequent adverse actions.

70.

Defendant's proffered reasons for the adverse actions are false and mere pretext for retaliation.

71.

As a direct and proximate result of Defendant's wrongful acts, Takemura has

suffered and continues to suffer substantial economic and non-pecuniary damages.

72.

Defendant willfully and wantonly disregarded Takemura's rights, and its actions toward Takemura were undertaken in bad faith.

73.

Takemura is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a)   judgment in favor of Plaintiff and against Defendant on all counts;

(b)   damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c)   reinstatement to employment or, if reinstatement is not feasible under the circumstances, an award of damages for future lost wages and benefits of employment;

(d) equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e) Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses incurred due to the discriminatory conduct;

(g) reasonable attorney's fees and costs; and

(h) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**BERGMAR LAW LLC**

*/s/ Nina Maja Bergmar*
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096

Attorney for Plaintiff