IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **AARON MCCOY**, *Plaintiff*, v. **CHILDREN'S HEALTHCARE OF ATLANTA, INC.** *Defendant*. | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Aaron McCoy ("Mr. McCoy" or "Plaintiff") sets forth this Complaint for Damages against Children's Hospital of Atlanta ("CHOA" or "Defendant") and respectfully shows the Court as follows:

### INTRODUCTION

1. This action is for illegal race-based discrimination and retaliation arising under 42 U.S.C. § 1981 ("Section 1981"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, a permanent injunction against future violations, compensatory damages, punitive damages, nominal

1

damages, and all attorney's fees and costs.

## JURISDICTION AND VENUE

2. Plaintiff's claims under Section 1981 present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged below were committed within the geographic boundaries of the Northern District of the United States District Court, Atlanta Division, and within the state of Georgia.

4. This Court has personal jurisdiction over Defendant as they are located within the geographic boundaries of this Court and/or conduct business within the geographic boundaries of this Court.

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of the State of Georgia. Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with his unlawful termination.

6. Defendant is a company registered to conduct business and transact business in the state of Georgia.

7. Defendant may be served with process through its registered agent if

formal service of process is not waived.

> Registered Agent Name: **CSC OF COBB COUNTY, INC.**
> Physical Address: **192 ANDERSON STREET SE, SUITE 125, MARIETTA, GA, 30060, USA**
> County: **Cobb**

8. Defendant is subject to the anti-discrimination provisions of Section 1981.

## RACE ALLEGATIONS

9. Plaintiff's race is Caucasian.

10. Marvin Williamson's race ("Mr. Williamson") is African American.

11. Both Plaintiff and Mr. Williamson were security staff for CHOA.

12. Mr. Williamson and Plaintiff are similarly situated employees.

13. Plaintiff was hired by CHOA as a security officer in approximately 2012.

14. After several years as a security officer, Plaintiff was promoted to Security Supervisor.

15. Plaintiff preformed his role as a Security Supervisor well.

16. Plaintiff received satisfactory reviews or higher marks while acting as a Security Supervisor.

17. Due to personal reasons, after serving as a supervisor for four (4) years, Plaintiff voluntarily stepped down and gave up his supervisor role and resumed his

duties as a security officer.

18. Plaintiff's personal issues resolved, and on or about August 5, 2021, Plaintiff re-applied for a vacant Security Supervisor position similar to the position he has held with CHOA for 4 years.

19. Plaintiff and Mr. Williamson were the two finalists for the position according to Barry Hansen ("Mr. Hansen"), the Security Director for CHOA at the time of Plaintiff's application in 2021.

20. On or about October 7, 2021, Plaintiff was notified that Mr. Williamson had gotten the job over Plaintiff.

21. Plaintiff questioned his supervisor, Manny Moreno ("Mr. Moreno"), as to why Mr. Williams was hired over Plaintiff despite Plaintiff's experience, tenure, and good standing.

22. Mr. Moreno told Plaintiff that he was having issues with a security officer named Glenn and that Mr. Williamson was promoted because both he and Mr. Glenn were African American Muslims. Further, if Glenn was fired by Mr. Williamson, he would not be able to claim he was discriminated against because of his race or religion.

23. Plaintiff stated that was not a good reason to promote Mr. Williamson

and that Plaintiff was being profiled because of his race.

24. Mr. Moreno told Plaintiff it wasn't an easy decision and that he preferred Plaintiff for the position but that "the majority of the staff [was] Black and we would spend our entire time in HR because of complaints."

25. Mr. Moreno also told Plaintiff that employee engagement surveys were coming up and he wanted the staff to be able to "relate to the supervisor because he was Black."

26. On or about November 30, 2022, Mr. Moreno informed the staff that he was leaving for another organization and that Mr. Williamson was being promoted again to Interim Manager.

27. Plaintiff informed Mr. Moreno that he was interested in applying for the position of Security Manager.

28. On or about December 2, 2022, Mr. Moreno sent Plaintiff a text message that Plaintiff should meet with Mr. Hansen, Angela Gilovani ("Ms. Gilovani"), and Katie Bradner in reference to the vacant position.

29. Further, Mr. Moreno's text stated that he didn't get promoted to supervisor because of the staff being 99 percent African American, and if it wasn't for Plaintiff's race, he would have been the first choice. Specifically, Plaintiff was told that race was the main or maybe only factor that went into the decision to hire

Mr. Williamson instead.

30. On or about January 3, 2023, Plaintiff applied for the Security Manager position, and his application and resume was forwarded to Ms. Gilovani, the Security Director at the time.

31. After several weeks, Plaintiff checked on the status of his application, and he was informed that he was no longer a candidate even though he was never interviewed or had any conversation regarding the position.

32. Mr. Williamson informed Plaintiff that he was given an interview due to his current title of Interim Manager/Supervisor.

33. On or about April 10, 2023, security staff including Plaintiff received word that Gaylar Graves, an African American female, was hired as the new Security Manager.

## RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

34. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35. Plaintiff is a member of a protected class (Caucasian).

36. Plaintiff is qualified for the position he holds and the supervisory position he applied for.

37. Plaintiff was subjected to race discrimination and was subjected to

disparate treatment by Defendant in the terms and conditions of his employment as described above.

38. This disparate treatment was because of Plaintiff's race and in violation of Section 1981.

39. There is direct evidence that Plaintiff would have been promoted to Supervisor but for his race.

40. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

41. Defendant failed to take prompt and appropriate remedial measures to stop or cure the aforementioned discrimination.

42. As a direct and proximate result of Defendant's unlawful discriminatory actions, Plaintiff has suffered lost wages and other benefits of employment, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) That Summons issue;

(b) That Defendant be served with the Summons and Complaint;

(c) Full back pay from the date of Plaintiff's lack of promotion, taking into account all raises to which Plaintiff would have been entitled but for the

unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Front pay to compensate Plaintiff for lost future wages, benefits, and/or pensions;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for their conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Liquidated damages and all other damages allowed under the FLSA;

(h) Reasonable attorney's fees and costs;

(i) Judgment against Defendant for damages incurred by Plaintiff;

(j) Judgment against Defendant in such an amount as will fully and adequately compensate Plaintiff; and

(k) Other and further relief as the Court deems just and proper.

Respectfully submitted, this 12th day of June, 2023.

*/s/ J. Stephen Mixon*
J. Stephen Mixon

                                                        Georgia Bar No. 514050
                                                        steve@mixon-law.com
                                                        Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Rd. Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100