IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALCOLM COOK,<br><br>  Plaintiff,<br><br>v.<br><br>J. B. HUNT TRANSPORT, INC.,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Malcolm Cook ("Plaintiff" or "Mr. Cook"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant J.B. Hunt Transport Inc. ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 1981, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 16, 2023; the EEOC issued its Notice of Right to Sue on June 1, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5). During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at CSC of Cobb County, Inc. located at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA.

## **FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about February 1, 2022. His last position was Truck Driver.

11.

Mr. Cook suffers from severe migraines.

12.

On or around January 13, 2023, Defendant made Mr. Cook take a urinalysis drug test.

13.

Mr. Cook passed the urinalysis drug test.

14.

Defendant called Mr. Cook stating that he needed to retest because they messed something up.

15.

On or around January 31, 2023, Mr. Cook was out on leave due to his migraine headaches until February 3, 2023.

16.

On or around February 9, 2023, Defendant required Mr. Cook to take a hair follicle drug test while he was in Texas.

17.

On or around February 17, 2023, Defendant told Mr. Cook that he tested positive for marijuana THC in his system.

18.

Mr. Cook does not smoke marijuana or take any other drugs.

19.

Mr. Cook has also always taken urinalysis drug tests and passed.

20.

Defendant asked Mr. Cook if he had any medical reason for having marijuana in his system, which he did not.

21.

Mr. Cook spoke with his manager who told him not to worry about the test result.

22.

Out of caution, on February 17, Mr. Cook had his own test taken at Piedmont UC in Marietta, GA, which came back negative.

23.

On or around February 20, 2023, Defendant informed Mr. Cook that he was terminated and could no longer drive because of the positive drug test.

24.

On or around March 9, 2023, Defendant completed a separation notice listing the reason for Mr. Cook's separation as termination.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., Black.  Plaintiff was also an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

26.

Plaintiff requested a reasonable accommodation of his disabilities.

27.

Specifically, Plaintiff requested a leave of absence.

28.

Defendant provided Plaintiff the leave of absence and then terminated Plaintiff because of his disability.

29.

But for Plaintiff's disability status he would not have suffered the adverse employment action.

30.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

31.

Plaintiff re-alleges paragraphs 10-30 as if set forth fully herein.

32.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

33.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

34.

Defendant was aware of Plaintiff's disability.

35.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

36.

Defendant terminated Plaintiff for requesting an accommodation for his disability.

37.

Plaintiff's request for an accommodation of his disability constitutes protected conduct under the ADA, as amended.

38.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

39.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

40.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

41.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

43.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

44.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

45.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

46.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47.

Plaintiff re-alleges paragraphs 10-30 as if set forth fully herein.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

49.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

51.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

52.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

53.

Plaintiff re-alleges paragraphs 10-30 as if set forth fully herein.

54.

Defendant subjected Plaintiff to discrimination on the basis of his race (Black).

55.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

56.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

57.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

58.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated, suffered damage to his career and reputation, and has lost back pay and front pay.

59.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

60.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 12th day of June 2023.

**BARRETT & FARAHANY**

/s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

*Counsel for Plaintiff*

13