IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EFA, INC. d/b/a ELASTIC FABRICS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE MARENA GROUP, LLC,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EFA, Inc. d/b/a Elastic Fabrics of America ("EFA") for its Complaint against Defendant The Marena Group, LLC ("Marena") alleges as follows:

### **THE PARTIES**

1. EFA is a corporation organized under the laws of the State of North Carolina with a principal place of business at 3112 Pleasant Garden Road, Greensboro, North Carolina 27406.

2. Marena is a limited liability company organized under the laws of the State of Georgia with a principal place of business at 1045 Progress Circle, Lawrenceville, Georgia 30043.

-1-

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Marena because Marena is a Georgia limited liability company with its principal office in this District, it has conducted business in this District, and it has committed, and continues to commit, acts of infringement in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because Marena is a Georgia limited liability company with its principal office in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of EFA's patent at issue in this lawsuit.

## FACTUAL BACKGROUND

7. EFA is a medical textiles production partner with more than fifty years of experience creating innovative compression fabrics.

8. EFA invests in research, design, and development; and those efforts are key to EFA's success.

9. EFA's investments in research, design, and development have led to many innovative technologies, including the technology at issue in this case.

10. EFA has taken steps to protect its innovative technologies, including by obtaining patents.

11. Relevant to this dispute, EFA owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, U.S. Patent No. 7,555,922 (the "'922 Patent"). A true and correct copy of the '922 Patent is attached as Exhibit A to this Complaint.

12. The '922 Patent is directed to knit elastomeric fabric having improved durability and stretch characteristics, and a method of making the same.

13. The U.S. Patent and Trademark Office duly and legally issued the '922 Patent on July 7, 2009, and the '922 Patent is valid and enforceable.

14. EFA makes and sells fabric in accordance with one or more claims of the '922 Patent. EFA refers to is patented fabric as its style 5860 fabric.

15. EFA's patented style 5860 fabric is used in medical and post-surgical compression garments.

16. On August 10, 2015, EFA and Marena entered into an Exclusive Supplier Agreement (the "Exclusive Supplier Agreement"). A true and correct copy of the Exclusive Supplier Agreement is attached as Exhibit B to this Complaint.

17. In the Exclusive Supplier Agreement, EFA agreed to sell its patented style 5860 fabric to only Marena on an exclusive basis for a period of ten years for use in the medical shape wear markets and all other adoptable markets set forth by Marena as prospects.

18. The Exclusive Supplier Agreement provided that the exclusivity remained in effect provided Marena purchased a minimum of 60,000 linear yards annually.

19. In the Exclusive Supplier Agreement, Marena acknowledged that EFA's style 5860 fabric is patented.

20. In the Exclusive Supplier Agreement, Marena acknowledged it could not source the patented fabric from others without both EFA's authorization and paying a royalty to EFA.

21. In exchange, EFA agreed in the Exclusive Supplier Agreement that it would not promote, barter, negotiate or sell its patented style 5860 fabric to any other company that would be considered a customer or competitor of Marena regardless of the end use, and EFA promised to make no contractual agreements with any other buyer for the patented fabrics in any market that would enable the buyer to plan production or guarantee any continuity of delivery of the fabrics.

22. EFA honored the terms of the Exclusive Supplier Agreement.

23. Marena, however, abruptly stopped sourcing the patented style 5860 fabric from EFA pursuant to the Exclusive Supplier Agreement and instead started making, using, offering for sale, selling, and/or importing into the United States a nearly identical fabric (the "Infringing Products") without EFA's authorization and without paying EFA a royalty.

24. An example of one of Marena's Infringing Products is shown below, which is Marena's Girdle with High-Back - No Closures - Short Length - Style No. SFBHS2 product.



25. Marena promotes its Infringing Products as "designed with our proprietary fabric." (*See, e.g.*, https://marena.com/collections/womens-post-surgical-girdles/products/sfbhs2-compression-girdle).

26. The Infringing Products have virtually the same construction and specifications as EFA's patented style 5860 fabric. The similarities are summarized in the table below.

| COMPARISON OF EFA'S PATENTED 5860 FABRIC AND THE INFRINGING PRODUCT | | |
|---|---|---|
| | **EFA 5860 Spec** | **Infringing Product Spec** |
| **Oz/yd2** | 8.9 - (9.4) - 9.9 | 9.2 |
| **CPI Courses/Inch)** | 53 - (56) - 59 | 56.5 |
| **WPI (Wales/Inch)** | 51 - (54) - 57 | 53 |
| **% Content** | 53% Nylon; 47% Spandex | 50% Nylon / 50% Spandex |
| **Length Stretch** | 220 - (245) - 270 | 253.6 |
| **Width Stretch** | 175 - (195) - 215 | 201.4 |
| **Bar 1 Yarn** | 40 denier Nylon/Polyamide; 34 filament | Nylon/Polyamide; 34 filament |
| **Bar 2 Yarn** | 70 denier T-582L Lycra; 5 filament | Lycra; 5 filament |
| **Bar 3 Yarn** | 300 denier T-582L Lycra; 18 filament | Lycra; 18 filament |
| **Bar 1 Stitch** | 2-0/2-4/4-2/4-6/4-2/2-4// | 2-0/2-4/4-2/4-6/4-2/2-4// |
| **Bar 2 Stitch** | 2-4/2-0/2-4/2-0/2-4/2-0// | 2-4/2-0/4-4/2-0/2-4/0-0// |
| **Bar 3 Stitch** | 4-4/0-0/4-4/2-2/6-6/2-2// | 4-4/0-0/4-4/2-2/6-6/2-2// |

27. As evidenced by these similarities, the Infringing Products infringe at least claim 9 of the '922 patent. That is, the Infringing Products are knitted elastomeric fabrics comprising: a non-elastic knit-in yarn; a first elastic knit-in yarn; and a second elastic laid-in yarn; wherein the first elastic knit-in yarn is fused to the second elastic laid-in yarn; wherein the first elastic knit-in yarn has a denier in the range from a first denier to a second denier; wherein the second elastic laid-in yarn has a denier in the range from a third denier to a fourth denier; and wherein the third denier is greater than the first denier and the fourth denier is greater than the second denier.

28. The minor difference between Marena's Infringing Products and EFA's patented style 5860 fabric does not avoid infringement. That is, the Infringing Products copy EFA's patented 5860 stitches on every course on bars 1 and 3, but on bar 2 the knit stitches for the third and sixth courses of the Infringing Products are modified by using lay-in stitches. This does not avoid infringement, however, because the yarn remains fused to the third guide bar yarn as shown below.



29. On May 25, 2023, EFA sent Marena a letter demanding that it immediately and permanently stop making, using, offering to sell, selling, and importing its Infringing Products. A true and correct copy of the letter is attached as Exhibit C to this Complaint.

30. EFA requested that Marena respond to the letter by no later than June 2, 2023. Marena did not respond to the letter by June 2, 2023, and instead willfully continues to infringe one or more claims of the '922 Patent.

31. Marena's willful disregard of the '922 Patent has caused, and continues to cause, EFA significant harm and monetary damage. As just one example, when Marena transitioned to its Infringing Products, it refused acceptance of significant quantities of patented style 5860 fabric it had already been invoiced for under the Exclusive Supplier Agreement, and it also returned significant quantities of finished fabric to EFA. In addition, at that time, EFA was left with many thousands of yards of unprocessed fabric in inventory that was to be used to fill orders that had already been booked for Marena.

32. Marena now makes, uses, offers to sell, sells, and/or imports its Infringing Products, including in this District and elsewhere in the United States, without the consent or authorization of EFA.

**COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,555,922**

33. EFA re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32 of this Complaint.

34. The '922 Patent is directed to knit elastomeric fabric having improved durability and stretch characteristics, and a method of making the same.

35. For example, claim 9 of the '922 Patent recites:

> A knitted elastomeric fabric comprising:
> a non-elastic knit-in yarn;
> a first elastic knit-in yarn; and
> a second elastic laid-in yarn;
> wherein the first elastic knit-in yarn is fused to the second elastic laid-in yarn;
> wherein the first elastic knit-in yarn has a denier in the range from a first denier to a second denier;
> wherein the second elastic laid-in yarn has a denier in the range from a third denier to a fourth denier; and
> wherein the third denier is greater than the first denier and the fourth denier is greater than the second denier.

36. Marena directly infringes at least claim 9 of the '922 Patent under at least 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States its Infringing Products. For example, Marena makes, uses, offers for sale, sells, and/or imports into the United States at least its style no. SFBHS2 Infringing Product shown above, which is a knitted elastomeric fabric comprising: a non-elastic knit-in yarn; a first elastic knit-in yarn; and a second elastic laid-in yarn; wherein the first elastic knit-in yarn is fused to the second elastic laid-in yarn; wherein the first elastic knit-in yarn has a denier in the range from a first denier to a second denier; wherein the second elastic laid-in yarn has a denier in the range from a third denier to a fourth denier;

and wherein the third denier is greater than the first denier and the fourth denier is greater than the second denier.

37. Marena's infringement of the '922 Patent has been willful, intentional, and deliberate. Marena knew or should have known that making, using, offering to sell, selling, and/or importing the Infringing Products into the United States would directly infringe the '922 Patent, yet Marena infringed and continues to infringe the '922 Patent.

38. EFA has suffered, and continues to suffer, economic harm as a result of Marena's infringing activities in an amount to be proven at trial.

39. Marena's activities have caused and will continue to cause EFA irreparable injury for which there is no adequate remedy at law unless this Court enjoins Marena's infringing activities.

## JURY DEMAND

40. Pursuant to Federal Rule of Civil Procedure 38(b), EFA hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, EFA respectfully requests that this Court enter judgment against Marena and grant the following relief:

A. The entry of judgment in favor of EFA and against Marena;

B.     A finding that Marena has infringed one or more claims of the '922 Patent under 35 U.S.C. § 271.

C.     An award of damages against Marena adequate to compensate EFA for the infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest and post-judgment interest and costs;

D.     A finding that Marena's infringement is and has been willful, and a judgment that EFA is entitled to discretionary enhancement of its damages and other relief as provided by 35 U.S.C. § 284;

E.     A finding that this case is exceptional, and an award to EFA of its reasonable attorneys' fees, costs, and expenses as permitted pursuant to 35 U.S.C. § 285;

F.     A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement by Marena, and each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it; and

G. Such other relief that EFA is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

Dated: June 13, 2023

/s/ Troy R. Covington
Troy R. Covington
Georgia Bar No. 190949
  tcovington@bloom-law.com
BLOOM PARHAM, LLP
977 Ponce de Leon Ave., NE
Atlanta, Georgia 30306
Telephone: (404) 577-7710

Christopher J. Renk (*pro hac vice* to be filed)
  Chris.Renk@arnoldporter.com
Michael J. Harris (*pro hac vice* to be filed)
  Michael.Harris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

*Attorneys for Plaintiff EFA, Inc. d/b/a Elastic Fabrics of America*

-13-

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 13th day of June, 2023.

                                             /s/  Troy R. Covington
                                             Troy R. Covington
                                             Georgia Bar No. 190949
                                             tcovington@bloom-law.com