IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMON WARING, <br><br> Plaintiff, <br><br> v. <br><br> TULIPTREE RESIDENTIAL, LLC. <br><br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Damon Waring ("Plaintiff"), by and through undersigned counsel, and files this Complaint, showing the Court as follows:

## INTRODUCTION

1.

This is an action for minimum wage violations under the Fair Labor Standards Act, U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2.

Plaintiff is a citizen of the United States of America and a resident of Georgia.

1

3.

Defendant Tuliptree Residential, LLC ("Defendant") is a Georgia Limited Liability Company with a principal address location of 665 Lawton St. SW, Atlanta, GA, 30310. Tuliptree can be served through its Registered Agent, Nathan D. Purath, at 665 Lawton St SW, Atlanta, GA, 30310.

4.

At all relevant times, Defendant was subject to the minimum wage requirements of the FLSA, 29 U.S.C. § 206.

5.

At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e).

## **JURISDICTION AND VENUE**

6.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Count alleged in this Complaint, as it arises out of the FLSA.

## **FACTS**

7.

Plaintiff lived in and performed work in Defendant's residential units at 1528 Ralph David Abernathy Blvd., Atlanta, GA 30310, known as Westview Lofts starting in or about 2010.

8.

Beginning in or about September 2012, Defendant's previous owner and Property Manager for Westview Lofts, Mary Hillman began giving Plaintiff $100 off rent each month to clean two lots.

9.

Plaintiff was working 35 hours a week, until in or about February 2020, when he bought tools that decreased the hours it took to perform the work.

10.

After that, Plaintiff worked for Defendant for 60 hours each month on average.

11.

Hillman was aware of how many hours Plaintiff was working.

12.

At some point in 2017, Defendant started to additionally compensate Plaintiff with thirty dollars every four weeks on average.

13.

In or about November of 2021, Plaintiff started receiving fifty dollars every four weeks on average instead of thirty.

14.

This continued until on or about October 1, 2022, at which time the employment relationship ended.

16.

From June 2020 to October 1, 2022 (the relevant statutory period for Plaintiff's claim), Defendant failed to pay Plaintiff the federal minimum wage of at least $7.25 for all hours worked in each workweek.

17.

Plaintiff was "employed" by Defendant, as that term has been defined by the FLSA.

# COUNTS
## COUNT I: FIALURE TO PAY MINIMUM WAGE UNDER THE FLSA

17.

Plaintiff reasserts and incorporates Paragraphs 8-17, as if set forth fully herein.

18.

Plaintiff was an employee of Defendant as defined by the FLSA.

19.

At all relevant times, Plaintiff was required to be paid minimum wage.

20.

Defendant was aware of the hours that Plaintiff was working.

21.

Defendant willfully failed to pay a regular rate of at least $7.25 per hour.

22.

Defendant suffered and permitted Plaintiff to routinely work hours for which Defendant has not paid Plaintiff minimum wage.

23.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage rate.

24.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations.

26.

As a result of Defendant's unlawful conduct, Plaintiff is entitled to recover actual damages, an equivalent amount as liquidated damages, attorney fees, and litigation costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies

allowed under the FLSA;

E. For a finding that Defendants' FLSA violations were willful;

F. Punitive damages; and

G. Any such other and further relief as the Court deems proper and just.

This 13th day of June, 2023.

                                             **BARRETT & FARAHANY**

                                             s/ *V. Severin Roberts*
                                             V. Severin Roberts
                                             Georgia Bar No. 940504
                                             *Attorney for Plaintiff*

P.O. Box 5300092
Atlanta, Georgia 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com