IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VALDA PARISH, | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | |
| MARIETTA PREMIER DENTAL, LLC and VU HOANG LE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Valda Parish ("Parish") brings this Complaint against Defendants Marietta Premier Dental, LLC ("MPD") and Vu Hoang Le ("Le") (collectively "Defendants"), and shows the Court as follows:

**INTRODUCTION**

1.

MPD employed Parish as a dental assistant from February 1, 2023 through May 12, 2023 (hereinafter the "Relevant Time Period"). Defendants failed to pay Parish at one-and-one-half times her regular rate for work performed in excess of forty hours in each workweek, in violation of the Maximum Hours requirements of the Fair Labor Standards Act.

2.

In addition to her federal cause of action, Parish asserts pendent state law claims which arise out of the same set of operating facts as her federal claims, i.e.,

1

Defendants failure to compensate Plaintiff for her final workweek. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

(a) **Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because MPD conducts business within this judicial district and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

5.

Parish is a natural person who resides in Bartow County, Georgia.

6.

MPD is a domestic limited liability company organized under the laws of the State of Georgia.

7.

MPD is subject to the personal jurisdiction of this Court.

8.

At all times material hereto, Parish was an "employee" of MPD within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

At all times material hereto, MPD was an "employer" of Parish within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

10.

MPD is subject to the personal jurisdiction of this Court.

11.

MPD may be served with process through its registered agent Vu Hoang Le at 1744 Roswell Road, Marietta, Georgia 30062.

12.

Le is a natural person who resides in Cobb County, Georgia.

13.

Le is subject to the personal jurisdiction of this Court.

14.

At all times material hereto, Le has been the registered agent and manager of MPD.

15.

At all times material hereto, Parish was an "employee" of Le within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

16.

At all times material hereto, Le was an "employer" of Parish within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

17.

Le may be served with process at 1744 Roswell Road, Marietta, Georgia 30062 or wherever he may be located.

**(c) Individual Coverage**

18.

Throughout the Relevant Time Period, Parish regularly operated a telephone and a computer while performing services on behalf of MPD.

19.

Throughout the Relevant Time Period, Parish regularly engaged in interstate communications with insurance company personnel while performing services on behalf of MPD.

20.

Throughout the Relevant Time Period, Parish was "engaged in commerce" as employees of MPD within the meaning of the FLSA 29 U.S.C. § 203(s) 3(s)(1(A) and (B).

**(d) Enterprise Coverage:**

21.

Throughout the Relevant Time Period, MPD was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

22.

During 2023, MPD has had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During the Relevant Time Period, Parish and other MPD employees handled goods which moved in interstate commerce in the furtherance of the commercial purpose of MPD including, but not limited to, dental equipment, office furniture, phones, computers, and office supplies.

24.

During 2023, MPD has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2023, MPD expects to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Throughout the Relevant Time Period, MPD has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

27.

Throughout the Relevant Time Period, Le was a manager of MPD.

28.

Throughout the Relevant Time Period, Le exercised operational control over Parish's work activities.

29.

Throughout the Relevant Time Period, Le managed the day-to-day operation of the MPD facility in which Parish worked.

30.

Throughout the Relevant Time Period, MPD vested Le with supervisory authority over Parish.

31.

Throughout the Relevant Time Period, Le exercised supervisory authority over Parish.

32.

Throughout the Relevant Time Period, Le scheduled Parish's working hours or had authority to schedule Parish 's working hours.

33.

Throughout the Relevant Time Period, Le exercised authority and supervision over Parish's compensation.

**(f) No FLSA Exemptions are Applicable**

34.

Throughout the Relevant Time Period, Parish was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

35.

Throughout the Relevant Time Period, MPD compensated Parish on an hourly basis.

36.

Throughout the Relevant Time Period, in her role as a dental assistant, the exception from the salary or fee requirement set out in 29 CFR 541.600(3) did not apply to Parish.

37.

Throughout the Relevant Time Period, MPD did not employ Parish in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

38.

Throughout the Relevant Time Period, MPD did not employ Parish in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

39.

Throughout the Relevant Time Period, MPD did not employ Parish in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

40.

Throughout the Relevant Time Period, Parish did not supervise two or more employees.

41.

Throughout the Relevant Time Period, MPD did not employ Parish in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

(g) **Additional Factual Allegations**

42.

Throughout the Relevant Time Period, Parish worked for MPD on a consistent and full-time basis.

43.

Throughout the Relevant Time Period, MPD employed Parish as a dental assistant.

44.

Parish's primary duties included, but were not limited to, front desk receptionist; answering calls from patients and insurance companies; scheduling; reviewing treatment plans with Defendants' patients; collecting and posting payments from patients; and verifying patients' insurance coverage.

45.

Throughout the Relevant Time Period, MPD paid Parish on a salaried basis.

46.

Throughout the Relevant Time Period, MPD paid Parish on a salaried basis of approximately $36,000.00 per year.

47.

Throughout the Relevant Time Period, Parish's salary equated to approximately $17.80 per hour.

48.

From approximately February 1, 2023 through March 3, 2023, MPD regularly scheduled Parish to work four (4) days per week, Monday through Thursday.

49.

From approximately March 4, 2023 through May 12, 2023, MPD regularly scheduled Parish to work five (5) days per week, Monday through Friday.

50.

Throughout the Relevant Time Period, Parish generally worked from 6:30 a.m. until 5:00 or 5:30 p.m. each workday.

51.

Throughout the Relevant Time Period, Defendants required as a condition of employment that Parish remain at her post at the office each day until the last patient left at the end of a workday.

52.

Throughout the Relevant Time Period, Parish usually worked 46-58 hours in the office during most work weeks.

53.

Throughout the Relevant Time Period, Le regularly contacted Parish by calling and texting her after normal business hours and on weekends.

54.

Throughout the Relevant Time Period, Defendants did not afford Parish a period of thirty (30) minutes or more, free from all duty for purposes of taking a meal.

55.

Throughout the Relevant Time Period, Defendants were aware that Parish worked without receiving a meal break during most workdays.

56.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Parish worked during each work week.

57.

Throughout the Relevant Time Period, Defendants knew or should have known that the FLSA applied to Parish.

58.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Parish at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

59.

Defendants knew or should have known that Section 7 of the FLSA requires that Defendants compensate Parish a premium for all time worked in excess of forty hours in a given workweek.

60.

Throughout the Relevant Time Period, Parish regularly worked more than forty (40) hours during a given workweek.

61.

Throughout the Relevant Period, Defendants failed to pay Parish at one-and-one-half times her regular rate for time worked in excess of forty (40) hours in any and all workweek.

62.

Defendants failed to pay Parish at all for her last week of work, i.e., from approximately May 8, 2023 through May 12, 2023.

**COUNT 1 - FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS**

63.

The allegations in paragraphs 1-62 above are incorporated herein by reference as if set forth verbatim.

64.

Throughout the Relevant Time Period, Parish was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

65.

Throughout the Relevant Time Period, Parish regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

66.

Throughout the Relevant Time Period, Defendants failed to pay Parish at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

67.

Throughout the Relevant Time Period, Defendants willfully failed to pay Parish at one–and–one–half times her regular rate for work in excess of forty (40) hours during each work week.

68.

As a result of the underpayment of overtime compensation as alleged above, Parish is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Parish is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Parish is entitled to her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 2 - BREACH OF CONTRACT AS TO MPD

71.

The allegations in paragraphs 1-62 above are incorporated by reference herein as if set forth verbatim.

72.

Parish and MPD were parties to a contract of employment (hereafter "the Contract") from on or about February 1, 2023 through May 12, 2023.

73.

The Contract provided that MPD would pay Parish for work that was performed by Parish on behalf of and for the benefit of Marietta Premier.

74.

MPD's failure to pay Parish for work performed during her last week of employment constitutes a material breach of the Contract.

75.

As the direct and foreseeable result of this breach, Parish has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT 3 – QUANTUM MERUIT

76.

The allegations in paragraphs 1-62 above are incorporated by reference herein as if set forth verbatim.

77.

From on or about February 1, 2023 through May 12, 2023, Parish served as a dental assistant for MPD.

78.

Parish's service as a dental assistant for Marietta Premier as described above was valuable to MPD.

79.

MPD requested Parish's service as a dental assistant.

80.

MPD knowingly accepted Parish's service as a dental assistant.

81.

The receipt of Parish's services as a dental assistant for MPD without compensation would be unjust.

82.

Parish expected to be compensated at the time she provided her services as a dental assistant.

83.

Parish is entitled to a recover from MPD the reasonable value of the services she provided as a dental assistant for MPD, in an amount to be determined at trial.

### COUNT 4 - PROMISSORY ESTOPPEL AS TO DEFENDANT MPD

84.

The allegations in paragraphs 1-62 above are incorporated by reference herein as if set forth verbatim.

85.

From in or about February 2023, MPD promised to pay Parish in return for her service as a dental assistant for it.

86.

MPD should have reasonably expected that Parish would induce action in reliance of said promise, i.e., serve as a dental assistant for Defendants.

87.

MPD's promise induced Parish to act in reliance thereof, *i.e.,* to serve as a dental assistant for MPD, to her detriment.

88.

Parish's service as a dental assistant for MPD conferred a benefit on Defendants.

89.

MPD failed to pay Parish in accordance with its promise.

90.

Parish relied on MPD's promise.

91.

Parish's reliance on MPD's promise was reasonable.

92.

Injustice can only be avoided by enforcement of MPD's promise.

93.

Parish is entitled to recover from MPD the reasonable value of the services she provided as a dental assistant for Marietta Premier during her last week of employment, in an amount to be determined at trial.

WHEREFORE, Parish respectfully prays:

1. That she be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally;

2. That she be awarded liquidated damages; against Defendants, jointly and severally;

3. That she be awarded damages arising from the state law claims herein asserted in an amount to be proved at trial, against MPD;

4. That she be awarded her costs of litigation, including her reasonable attorneys' fees against Defendants, jointly and severally;

5. That she be awarded nominal damages against Defendants, jointly and severally; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN*, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

/s/*KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/s/*CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791