## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| **MICHAEL WARTMAN,** | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | |
| | ) | **NO. _____** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **FIRST ADVANTAGE** | ) | |
| **BACKGROUND SERVICES** | ) | **COMPLAINT** |
| **CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PRELIMINARY STATEMENT

1.    This is a cause of action for damages brought by an individual consumer against Defendant, First Advantage Background Services Corp. (hereinafter "First Advantage"), a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff Michael Wartman is an adult individual residing in Johnson City, Tennessee.

5.      Defendant First Advantage Background Services Corp. ("First Advantage") is a business entity that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1 Concourse Pkwy NE, Suite 200, Atlanta, GA 30328.

## FACTUAL ALLEGATIONS

6.      In or around July 2021, Plaintiff applied for employment with FedEx.

7.      As part of his job application, Plaintiff signed a document purportedly authorizing FedEx to obtain a consumer report for employment purposes.

8.      FedEx contracts with First Advantage to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9.      The consumer report supplied by First Advantage contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with FedEx.

10.    Defendant First Advantage has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11.    The inaccurate information includes, but is not limited to, the listing of expunged criminal records.

12.    The inaccurate information grossly disparages the Plaintiff and portrays him as a convict, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

13.    In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14.    In fact, it appears as if Defendant failed to even review the relevant court docket.  Even a rudimentary review of the docket would have shown that the records were expunged, and not publicly available.

15.    Despite the failure stated above, Defendant sold Plaintiff's employer a consumer report that contained the inaccurate information.

16.    Plaintiff was subsequently denied employment at FedEx, and Plaintiff was informed by FedEx that the basis for this denial was the inclusion of the

inaccurate criminal information on Plaintiff's First Advantage consumer report, that the inaccurate information was a substantial factor for the denial.

17.    As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

18.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. FIRST ADVANTAGE

20.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.    At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

25.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

     (a)    Actual damages;

     (b)    Statutory damages;

     (c)    Punitive damages;

     (d)    Costs and reasonable attorney's fees; and

     (e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY: _/s/ Jeffrey Sand_____
         Jeffrey Sand
         WEINER & SAND LLC
         800 Battery Avenue SE
         Suite 100
         Atlanta, GA 30339
         (404) 205-5029
         js@wsjustice.com

         _/s/ Joseph L. Gentilcore_____
         Joseph L. Gentilcore
         Francis Mailman Soumilas, P.C.
         1600 Market Street
         Suite 2510

Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

Dated: June 13, 2023                              *Attorneys for Plaintiff*