IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL R. SILAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. _____ |
| UNITED PARCEL SERVICE OF ) | |
| AMERICA, INC. ) | *Jury Trial Demanded* |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, MICHAEL R. SILAS ("Silas" and/or "Plaintiff"), by and through the undersigned counsel, and files this, his Complaint against UNITED PARCEL SERVICE OF AMERICA, INC. ("Defendant"). In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2088 ("ADAAA"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Gainesville Division pursuant to 28 U.S.C. § 1391, as Defendant conducts business within the Northern District of Georgia, and the unlawful acts and/or omissions complained of herein occurred within this district.

3. Plaintiff has satisfied and exhausted all administrative prerequisites to initiate the foregoing action. Specifically, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and accordingly received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto as Exhibit A.

4. The foregoing Complaint has been filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue.

## PARTIES

5. Plaintiff is a natural person and citizen of the United States of America.

6. Plaintiff has resided in Dekalb County, Georgia at all times relevant to the instant matter.

7. Plaintiff is a paraplegic and requires the use of a wheelchair for mobility purposes.

8. Plaintiff is disabled as defined by the ADA.

9. Defendant is a Delaware corporation that is licensed to conduct business within the state of Georgia.

10. Defendant is, and has been at all times relevant to the instant matter, an employer engaged in an industry affecting commerce under 42 U.S.C. § 12111(5).

11. At all times relevant to the instant matter, Defendant has had in excess of fifteen (15) full-time employees.

12. Defendant may be properly served with process via its registered agent for service, to wit: CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Georgia 30060.

## FACTUAL ALLEGATIONS

13. On or about June 27, 2022, Plaintiff was hired by Defendant as a package handler at Defendant's Doraville, Georgia location.

14. Plaintiff was then scheduled for a new-hire orientation at Defendant's Doraville location on or about June 24, 2022 at approximately 9:00 A.M., which Plaintiff attended.

15. At the June 24, 2022 new-hire orientation, Plaintiff spoke to several individuals in Defendant's human resources department that assured him that his disability would in no way affect his ability to perform the requirements and duties of the position for which he had been hired, and that he would begin work the following Monday.

16. Shortly after leaving the new-hire orientation, also on or about June 24,

2022, Plaintiff was contacted by telephone by an individual in Defendant's human resource department, and reiterated to Plaintiff that he was scheduled to begin working the following Monday.

17.  On or about June 27, 2022, Plaintiff received another call from Defendant's human resources department, and at that time, advised Plaintiff that that he was not being offered employment by Defendant due to his disability.

## COUNT I:
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

18.  Plaintiff incorporates herein by reference all preceding paragraphs of the foregoing Complaint as if fully restated herein.

19.  At all relevant times, Plaintiff was an individual with a "disability" as defined by 42 U.S.C. § 12102(1), because he (a) suffers from physical impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and (c) was regarded by Defendant as a person with such impairments.

20.  As of his initial date of hire, Plaintiff was an "employee" of Defendant as contemplated by 42 U.S.C. § 12111(4).

21.  As of Plaintiff's initial date of hire, Defendant was an "employer" as contemplated by 42 U.S.C. § 12111(5).

22.  At all relevant times, Plaintiff was a "qualified individual" as defined by 42 U.S.C. § 12111(8), because he was able to perform the essential functions of

his job with or without reasonable accommodation.

23. Defendant, by its conduct as described herein, intentionally discriminated against Plaintiff by subjecting him to adverse employment actions including, but not limited to, failing to make reasonable accommodations for Plaintiff's known limitations, denying Plaintiff employment opportunities, and terminating his employment.

24. By failing to make reasonable accommodations for Plaintiff's known limitations, denying Plaintiff employment opportunities, and terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of his disabilities and violated his rights under 42 U.S.C. §§ 12112(b)(5)(A), 12112(b)(5)(B) and 12112(b)(6).

25. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

26. Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

27. Defendant's actions were undertaken intentionally, willfully, and

maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights.

28. Plaintiff is entitled to be reinstated to employment by Defendant, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT II:
## DISABILITY DISCRIMINATION IN VIOLATION OF O.C.G.A. § 34-6A-4

29. Plaintiff incorporates herein by reference all preceding paragraphs of the foregoing Complaint as if fully restated herein.

30. O.C.G.A. § 34-6A-4 states, in relevant part, as follows:

> (a) No employer shall fail or refuse to hire nor shall any employer discharge or discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's disability unless such disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible[.]

31. By terminating Plaintiff's employment due to his disabilities, Defendant violated O.C.G.A. § 34-6A-4.

32. Pursuant to O.C.G.A. § 34-6A-6(a), Defendant is liable to Plaintiff for injunctive relief and damages as set forth in O.C.G.A. § 34-6A-6(b).

WHEREFORE, Plaintiff prays as follows:

(a) That Plaintiff have a jury trial as to all claims asserted herein;

(b) That the Court find Defendant in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*;

(c) That the Court find Defendant in violation of O.C.G.A. § 34-6A-4;

(d) That the Court enter an order reinstating Plaintiff to his position of employment, or if this is not practicable, award Plaintiff front pay damages;

(e) That the Court award Plaintiff all economic damages caused by Defendant's unlawful conduct, including back pay and lost income, in an amount to be determined at trial;

(f) That the Court award Plaintiff non-economic compensatory damages caused by Defendant's unlawful conduct, in an amount to be determined at trial;

(g) That the Court award Plaintiff punitive damages in an amount sufficient to punish Defendant for its unlawful conduct, and to deter Defendant from engaging in similar unlawful conduct in the future;

(h) That the Court award Plaintiff his costs of litigation and reasonable attorney's fees; and

(i) Any such further relief deemed proper and just in light of the evidence presented at trial.

Dated: June 13, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich