IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL R. SILAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| HORIZON GROUP USA, INC., | ) | |
| | ) | *Jury Trial Demanded* |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW, MICHAEL R. SILAS ("Silas" and/or "Plaintiff"), by and through the undersigned counsel, and files this, his Complaint for Damages and Equitable Relief against HORIZON GROUP USA, INC. ("Defendant"). In support thereof, Plaintiff respectfully shows the Court as follows:

## **JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2088 ("ADAAA"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391, as Defendant conducts business within the Northern District of Georgia, and the unlawful acts and/or omissions complained of herein occurred within this district.

3. Plaintiff has satisfied and exhausted all administrative prerequisites to initiate the foregoing action. Specifically, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and accordingly received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto as Exhibit A.

4. The foregoing Complaint has been filed within ninety (90) days of receipt of the Notice of Right to Sue.

## **PARTIES**

5. Plaintiff is a natural person and citizen of the United States of America.

6. Plaintiff has resided in Dekalb County, Georgia at all times relevant to the instant matter.

7. Plaintiff is a paraplegic and requires the use of a wheelchair for mobility purposes.

8. Plaintiff is disabled as defined by the ADA.

9. Defendant is a New Jersey corporation that is licensed to conduct business within the state of Georgia.

10. Defendant is, and has been at all times relevant to the instant matter, an employer engaged in an industry affecting commerce under 42 U.S.C. § 12111(5).

11. At all times relevant to the instant matter, Defendant has had in excess of fifteen (15) full-time employees.

12. Defendant may be properly served with process via its registered agent for service, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

13. Plaintiff began working for Defendant as a package handler in or about October of 2021, via a temporary employment staffing agency.

14. In or about November of 2021, Plaintiff complained to his supervisor about the lack of accessible parking in Defendant's employee parking lot, causing Plaintiff to be late for work after waiting extended periods of time for an available accessible parking space, or would require Plaintiff travel much farther distances in his wheelchair in order to arrive at work after utilizing two standard parking spaces when accessible parking spaces were unavailable.

15. In response to Plaintiff's complaints, Defendant instructed Plaintiff that Defendant would not make any accommodations for Plaintiff, and that if Plaintiff was having difficulty finding a disabled accessible parking space, Plaintiff would

have to arrive at work long before his shifts would begin in order to secure himself such a space.

16. Also beginning in November of 2022, Plaintiff complained to his supervisor about the conditions of the designated employee restroom. The designated employee restroom, almost without exception, would have contaminated toilet water on the floor throughout the restroom, which would then get on Plaintiff's hands as he turned the wheels to his wheelchair. Further, the employee restroom was heavily trafficked, and thus Plaintiff was often unable to secure the use of an accessible toilet stall. On the rare occasion that Plaintiff could secure the use of an accessible toilet stall, the stall door would not self-close, leaving Plaintiff exposed while he utilized the stall.

17. In response to Plaintiff's request for a reasonable accommodation, Defendant instructed Plaintiff to utilize an accessible restroom on the far side of Defendant's facility, resulting in his having to travel significant distances in his wheelchair in order to utilize an accessible restroom. Moreover, Defendant denied Plaintiff the use of a much closer accessible restroom that Plaintiff specifically requested permission to use, stating to Plaintiff "we want to keep [that restroom] clean," implying that Plaintiff and/or his restroom behavior as a disabled individual was not "clean."

18.	From that point forward, Plaintiff adhered to Defendant's dictates and began to utilize the farther accessible restroom despite the additional difficulties he endured to do so.

19.	However, in or about May of 2022, Plaintiff again requested that Defendant make a reasonable accommodation for him and allow him to utilize the closest accessible restroom, because at that time, he would be unable to travel the distance required to the restroom he was permitted to use in his wheelchair before having to relieve himself. Defendant refused to make the requested accommodation.

20.	Within thirty (30) days of Plaintiff's renewed request for a reasonable accommodation for his disability, Defendant terminated Plaintiff's employment.

21.	Defendant provided Plaintiff with no substantive basis for terminating his employment at the time he was terminated.

## COUNT I:
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

22.	Plaintiff incorporates herein by reference all preceding paragraphs of the foregoing Complaint as if fully restated herein.

23.	At all relevant times, Plaintiff was an individual with a "disability" as defined by 42 U.S.C. § 12102(1), because he (a) suffers from physical impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and (c) was regarded by Defendant as a person with such impairments.

24. At all relevant times, Plaintiff was an "employee" of Defendant as contemplated by 42 U.S.C. § 12111(4) and Defendant was an "employer" as contemplated by 42 U.S.C. § 12111(5).

25. At all relevant times, Plaintiff was a "qualified individual" as defined by 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

26. Defendant, by its conduct as described herein, intentionally discriminated against Plaintiff by subjecting him to adverse employment actions including, but not limited to, failing to make reasonable accommodations for Plaintiff's known limitations, denying Plaintiff employment opportunities, and terminating his employment.

27. By denying Plaintiff reasonable accommodations and instead terminating his employment, Defendant discriminated against Plaintiff because of his disabilities and violated his rights under 42 U.S.C. §§ 12112(b)(5)(A) and 12112(b)(5)(A).

28. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

29. Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

30. Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights.

31. Plaintiff is entitled to be reinstated to employment by Defendant, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT II:
## RETALIATION IN VIOLATION OF THE ADA

32. Plaintiff incorporates herein by reference all preceding paragraphs of the foregoing Complaint as if fully restated herein.

33. At all relevant times, Plaintiff was an individual with a "disability" as defined by 42 U.S.C. § 12102(1), because he (a) suffers from physical impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and (c) was regarded by Defendant as a person with such impairments.

34. At all relevant times, Plaintiff was an "employee" of Defendant as contemplated by 42 U.S.C. § 12111(4).

35. At all relevant times, Defendant was an "employer" as contemplated by

42 U.S.C. § 12111(5).

36. At all relevant times, Plaintiff was a "qualified individual" as defined by 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

37. Plaintiff engaged in statutorily protected activity by, among other things, exercising or attempting to exercise his rights under the ADA, including, but not limited to, requesting reasonable accommodations for his disabilities.

38. Defendant's termination of Plaintiff was in violation of the ADA, which prohibits employers from discriminating against an individual because they have opposed any act or practice made unlawful pursuant to 42 U.S.C. § 12203(a).

39. Defendant's termination of Plaintiff constitutes unlawful retaliation in violation of 42 U.S.C. § 12203(b).

40. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, he has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

41. Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

42. Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights.

43. Plaintiff is entitled to be reinstated to employment by Defendant, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT III:
## DISABILITY DISCRIMINATION IN VIOLATION OF O.C.G.A. § 34-6A-4

44. Plaintiff incorporates herein by reference all preceding paragraphs of the foregoing Complaint as if fully restated herein.

45. O.C.G.A. § 34-6A-4 states, in relevant part, as follows:

> (a) No employer shall fail or refuse to hire nor shall any employer discharge or discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's disability unless such disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible[.]

46. By terminating Plaintiff's employment due to his disabilities, Defendant violated O.C.G.A. § 34-6A-4.

47. Pursuant to O.C.G.A. § 34-6A-6(a), Defendant is liable to Plaintiff for injunctive relief and damages as set forth in O.C.G.A. § 34-6A-6(b).

WHEREFORE, Plaintiff prays as follows:

(a)  That Plaintiff have a jury trial as to all claims asserted herein;

(b)  That the Court find Defendant in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*;

(c)  That the Court find Defendant in violation of O.C.G.A. § 34-6A-4;

(d)  That the Court award Plaintiff back pay and lost economic benefits of employment, including interest, in an amount to be determined at trial;

(e)  That the Court award Plaintiff non-economic compensatory damages in an amount to be determined at trial;

(f)  That the Court enter an order reinstating Plaintiff to his position of employment, or if this is not practicable, award Plaintiff front pay damages;

(g)  That the Court award Plaintiff his costs of litigation and reasonable attorney's fees; and

(h)  Any such further relief deemed proper and just in light of the evidence presented at trial.

Dated: June 13, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich

10

> Georgia Bar No. 242240
> The Law Office of Craig J. Ehrlich, LLC
> 1123 Zonolite Road, N.E., Suite 7-B
> Atlanta, Georgia 30306
> Tel: (404) 365-4460
> Fax: (855) 415-2480
> craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

> /s/Craig J. Ehrlich
> Craig J. Ehrlich