# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CUSTOMERS BANK, INC, <br><br> Plaintiff, <br><br> v. <br><br> LARA VAN PLETZEN and ANDRIES VAN PLETZEN, <br><br> Defendants. | Civil Action No.: |

## COMPLAINT

1. This is an action for breaches of personal guaranties of several promissory notes. The notes are further secured by certain real property and assignments of benefits as detailed herein.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 as this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as all Defendants reside in this district and division, the property at issue is located in this district and division, and a substantial part of events giving rise to the claim occurred in this district and division.

## PARTIES

4.	Plaintiff Customers Bank, Inc. ("Customers") is a is a bank chartered under the laws of the state of Pennsylvania with its principal place of business in Reading, Pennsylvania.

5.	Defendant Lara Van Pletzen is a resident of Cherokee County, Georgia.

6.	Defendant Andries Van Pletzen is a resident of Cherokee County, Georgia.

## FACTS

### The March 12, 2019 Note

7.	On March 12, 2019, BTIC-Big Tic, Inc. ("BTIC"), as borrower, and Customers, as lender, entered into a Loan Agreement and a Note regarding SBA Loan No. 35865970-07 and Bank Loan No. 30000617 in principal amount of $713,000.

8.	A true and correct copy of the March 12, 2019 Loan Agreement is attached hereto as Exhibit A.

9.	A true and correct copy of the March 12, 2019 Note is attached hereto as Exhibit B.

-3-

10. Lara Van Pletzen unconditionally guaranteed all amounts owed under the March 12, 2019 Note.

11. A true and correct copy of the Lara Van Pletzen unconditional guarantee of the March 12, 2019 Note is attached hereto as Exhibit C.

12. Andries Van Pletzen unconditionally guaranteed all amounts owed under the March 12, 2019 Note.

13. A true and correct copy of the Andries Van Pletzen unconditional guarantee of the March 12, 2019 Note is attached hereto as Exhibit D.

14. The obligations surrounding the March 12, 2019 Loan Agreement and Note were modified by a Loan Modification Agreement dated May 4, 2021.

<u>The January 27, 2020 Promissory Note</u>

15. On January 27, 2020, BTIC, as borrower and Customers, as lender, entered into a Promissory Note regarding SBA Loan No. 42019070-09 and Bank Loan No. 30000941 in the principal amount of $75,000.

16. A true and correct copy of the January 27, 2020 Promissory Note is attached hereto as Exhibit E.

17. Lara Van Pletzen personally guaranteed all amounts owed under the January 27, 2020 Promissory Note.

18. A true and correct copy of the Lara Van Pletzen personal guarantee of the January 27, 2020 Promissory Note is attached hereto as Exhibit F.

19. Andries Van Pletzen personally guaranteed all amounts owed under the January 27, 2020 Promissory Note.

20. A true and correct copy of the Andries Van Pletzen personal guarantee of the January 27, 2020 Promissory Note is attached hereto as Exhibit G.

### The October 12, 2021 Promissory Note

21. On October 12, 2021, BTIC, as borrower and Customers, as lender, entered into a Promissory Note regarding SBA Loan No. 14124991-03 and Bank Loan No. 30004165 in the principal amount of $70,000

22. A true and correct copy of the October 12, 2021 Promissory Note is attached hereto as Exhibit H.

23. Lara Van Pletzen personally guaranteed all amounts owed under the October 12, 2021 Promissory Note.

24. A true and correct copy of the Lara Van Pletzen personal guarantee of the October 12, 2021 Promissory Note is attached hereto as Exhibit I.

25. Andries Van Pletzen personally guaranteed all amounts owed under the October 12, 2021 Promissory Note.

26. A true and correct copy of the Andries Van Pletzen personal guarantee of the October 12, 2021 Promissory Note is attached hereto as Exhibit J.

Collateral

27. Defendants' obligations to pay under the guaranties are further secured by a Deed to Secure Debt and Security Agreement pledging real property commonly known as 416 Pierpont Court, Canton, GA 30144.

28. A true and correct copy of the Deed to Secure Debt and Security Agreement for 416 Pierpont Court, Canton, GA 30144 is attached hereto as Exhibit K.

29. Lara Van Pletzen's obligations to pay under the guaranties are further secured by an assignment of benefits from Manulife Policy No. 5441134.

30. A true and correct copy of the associated Change Confirmation for Manulife Policy No. 5441134 is attached hereto as Exhibit L.

31. Andries Van Pletzen's obligations to pay under the guaranties are further secured by an assignment of benefits from Manulife Policy No. L10862075.

32. A true and correct copy of the associated Change Confirmation for Manulife Policy No. L10862075 is attached hereto as Exhibit M.

Breach

33. BTIC defaulted under its obligations to pay amounts owed under the Loan Agreement and the three Notes.

34. BTIC is not named in this action because it recently filed bankruptcy. *See* No. 23-20621-JRS (N.D. Ga. Bankr. June 2, 2023).

35. The automatic stay does not apply to non-party guarantors.[1]

36. $258,568.43 is currently due and owing under the March 12, 2019 Note.

37. Interest on the March 12, 2019 Note continues to accrue at $42.85 per diem.

38. $48,740.38 is currently due and owing under the January 27, 2020 Promissory Note.

39. Interest on the January 27, 2020 Promissory Note continues to accrue at $13.94 per diem.

40. $64,437.40 is currently due and owing under the October 12, 2021 Promissory Note.

---

[1] *See, e.g.*, *In re Zilkha Biomass Selma, LLC*, No. 21-20043-JCO, 2021 WL 4271309, at *2–3 (Bankr. S.D. Ala. Sept. 20, 2021) (citing cases so holding and holding that "This Court as well many others have interpreted Section § 362 consistent with its plain language by declining to extend automatic stay protections to non-debtors in chapter 7 and 11 bankruptcy proceedings").

41. Interest continues to accrue on the October 12, 2021 Promissory Note at $18.59 per diem.

42. Lara Van Pletzen defaulted under her obligations under her three guaranties by, among other defaults, failing to pay amounts owed on the three notes.

43. Andries Van Pletzen defaulted under his obligations under his three guaranties by, among other defaults, failing to pay amounts owed on the three notes.

44. As of the date of this filing, Defendants' obligations under the guaranties total $371,746.21.

45. Pursuant to the guaranties, Customers is entitled to recover the fees and costs incurred in the enforcement of the guaranties as well as those incurred by in the protection of its interest in the collateral.

46. Damages, including enforcement costs, continue to accrue.

47. Plaintiff provided Defendants with notice of its intent, pursuant to O.C.G.A. § 13-1-11, to enforce its entitlement to attorney fees absent prompt payment in full, in writing on May 12, 2023.

48. A true and correct copy of this notice is attached hereto as Exhibit N.

49. Defendants continue to fail to make any payments.

50. Customers has performed all duties and obligations required of it.

## COUNT I
### *Breach of Contract on Guaranties*
### *Against Lara Van Pletzen*

51. Pursuant to the three notes and the three Lara Van Pletzen guaranties, Defendant Lara Van Pletzen promised to make payments to Plaintiff in exchange for the extension of capital to BTIC.

52. The three notes and the three Lara Van Pletzen guaranties are valid contracts.

53. Lara Van Pletzen breached her obligations under the three Lara Van Pletzen guaranties by, among other failures, failing to pay amounts due thereunder.

54. Plaintiff has been damaged in an amount no less than $371,746.21, with damages continuing to accrue.

## COUNT II
### *Breach of Contract on Guaranties*
### *Against Andries Van Pletzen*

55. Pursuant to the three notes and the three Andries Van Pletzen guaranties, Defendant Andries Van Pletzen promised to make payments to Plaintiff in exchange for the extension of capital to BTIC.

56. The three notes and the three Andires Van Pletzen guaranties are valid contracts.

57.     Andires Van Pletzen breached his obligations under the three Andries Van Pletzen guaranties by, among other failures, failing to pay amounts due thereunder.

58.     Plaintiff has been damaged in an amount no less than $371,746.21, with damages continuing to accrue.

### COUNT III
*Attorney Fees*
*Against all Defendants*

59.     The guaranties provided for the recovery of attorney fees in the event of guarantor default.

60.     Plaintiff provided notice of its intent to recoup attorney fees absent timely payment in full.

61.     Neither Lara Van Pletzen nor Andries Van Pletzen made timely payment in full.

62.     Plaintiff is entitled to attorney fees as a result.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

a) Award nominal, compensatory, and special damages to Plaintiff against Defendants;

b) Award Plaintiff attorney fees;

c) Tax all costs of this action against Defendants; and

d) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 14th day of June, 2023.

                                          **<u>Zack Greenamyre</u>**
                                          Zack Greenamyre
                                          Georgia Bar No. 293002

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com