# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AUNDRYA RICHARDSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| TBF COMPUTING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW, Plaintiff, Aundrya Richardson ("Ms. Richardson"), and files this *Complaint* pursuant to the Americans with Disabilities Act of 1990, as amended (the "ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant TBF Computers, Inc. ("Defendant").

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within the Atlanta Division of the Northern District of Georgia. In

1

accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a resident and citizen of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is a domestic profit corporation that is registered to do business in Georgia and has been engaged in business in Georgia and in this District at all times material hereto. Defendant is subject to jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Theo B. Furber, 1090 Cobb Industrial Drive, Marietta, Georgia 30066.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation on the bases of disability and race, in violation of the ADA and Title VII.

7.

On September 21, 2022, The EEOC determined reasonable cause to conclude that Defendant terminated Plaintiff "because of her disabilities, and in retaliation for engaging in protected activities, in violation of Title VII and the ADA."

8.

The EEOC attempted to resolve the dispute informally through its conciliation process, but those attempts failed. On May 17, 2023, the EEOC issued a Notice of Right to Sue. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

**FACTUAL ALLEGATIONS**

9.

Defendant is an "employer" as defined by the ADA.

10.

Defendant is an "employer" as defined by Title VII.

11.

Ms. Richardson was hired by Defendant on November 22, 2021, as an Account Manager.

12.

Ms. Richardson suffers from a disability, within the meaning of the ADA, of

which Defendant had actual knowledge. In particular, Ms. Richardson suffers from anxiety.

13.

Ms. Richardson is Black/African American.

14.

Before Mr. Richradson was formally hired by Defendant, she underwent two interviews – one with Chelsea Gabeler, Procurement Team Lead, and one with Mark Spears, Training Manager.

15.

During these interviews, Ms. Richardson informed both Gabeler and Spears that she suffers from a disability and occasionally experiences flareups due to he disability. She further explained that occasional flareups would require her to miss a day or more of work at a time.

16.

Gabeler and Spears both instructed Ms. Richardson to not disclose her disability on the orientation documentation. Instead, they directed her to provide medical documentation in the future if she required time off for her disability.

17.

On December 1, 2021, Ms. Richardson experienced a flareup of her disability.

18.

Ms. Richardson informed her team leader and trainer, Gabeler, that she needed to leave work and go to the hospital. Gabeler gave Ms. Richardson permission to leave.

19.

That same day, after returning from the hospital, Ms. Richardson hand-delivered a doctor's note to Gabeler, which stated that Ms. Richardson was unable to work from December 1, 2021, through December 3, 2021.

20.

Gabeler told Ms. Richardson that this was fine and that Ms. Richardson would continue training on December 6, 2021.

21.

Ms. Richardson returned to work on December 6, 2021 and resumed training with Spears.

22.

During her training on December 6, 2021, Spears told Ms. Richardson that she needed to change how she spoke and pronounced words if she wanted clients to take her seriously.

23.

On December 7, 2021, Ms. Richardson complained to Gabeler about Spears' comments, specifically stating that she believed Spears' comments were directed at her because she is Black.

24.

Gabeler told Ms. Richardson that she would relay Ms. Richardson's concerns to Theo Furber, President.

25.

On December 16, 2021, Ms. Richardson experienced another flareup of her disability before work.

26.

Around 7:00 AM that morning, prior to the start of her shift, Ms. Richardson left a voicemail with Defendant stating that she was experiencing a flareup of her medical condition and would be unable to come into work.

27.

Just hours later, around 11:15 AM, Gabeler called Ms. Richardson and terminated her employment.

28.

Ms. Richardson was and remains able to perform the essential job functions of the job for which she was hired, with or without a reasonable accommodation.

29.

Defendant terminated Ms. Richardson because of her disabilities or perceived disabilities and/or need for an accommodation.

30.

In terminating Ms. Richardson's employment, Defendant discriminated against Ms. Richardson because of her disabilities.

31.

Defendant further terminated Ms. Richardson because of her complaints of racial discrimination.

32.

Ms. Richardson has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

### COUNT I: AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

33.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

34.

Section 102 of the ADA protects qualified individuals, including Plaintiff,

from adverse employment actions based on a known disability of the employee.

35.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

36.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

37.

At all times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

38.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

39.

At all times relevant to this action, Plaintiff could perform the essential functions of her position, with or without a reasonable accommodation.

40.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

41.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

42.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

43.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

44.

Plaintiff is entitled to compensatory and punitive damages.

## **COUNT II: AMERICANS WITH DISABILITIES ACT (RETALIATION)**

45.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

46.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination and requesting a reasonable accommodation for a disability.

47.

Plaintiff engaged in protected activity by notifying the Defendant of her disability and seeking a reasonable accommodation.

48.

Defendant subjected Plaintiff to adverse employment action by terminating her employment after she sought a reasonable accommodation.

49.

There is a causal connection between Plaintiff's disability and subsequent request for a reasonable accommodation and Defendant's decision to terminate her employment as a result.

50.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

51.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

## **COUNT III: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)**

52.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

53.

Plaintiff's complaints and opposition to race discrimination constitutes protected activity under Title VII.

54.

Defendant subjected Plaintiff to adverse action by terminating Plaintiff because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

55.

There was a causal connection between the protected conduct and the adverse actions against Plaintiff.

56.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

57.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

58.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 14th day of June, 2023.

/s/ Zachary Panter
Zachary Panter
Georgia Bar No. 822012
Regan Keebaugh Georgia Bar No. 535500
*Counsel for Plaintiff*

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave. Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
regan@decaturlegal.com