# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LINDA HARDIMAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SUN LIFE ASSURANCE COMPANY OF )<br>CANADA, SUN LIFE FINANCIAL (U.S) )<br>SERVICES COMPANY, INC., UNION )<br>SECURITY INSURANCE COMPANY. )<br>)<br>Defendants. ) | Civil Action File: |

## COMPLAINT

Plaintiff, Linda Hardiman, by and through the undersigned counsel, hereby sues the Defendant and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 et seq. for life insurance benefits and long-term disability benefits.

2. Plaintiff alleges that Plaintiff's claims "relate to" "employee welfare benefit plan,(s)" as defined by ERISA, 29 U.S.C. § 1002(1), and that the subject long-term disability and Life Insurance plans constitutes plans

under ERISA.  Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e).

3. Venue is proper within the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2) because such action may be brought in the District where the plan is administered, where the breach took place, or where a defendant resides or may be found.

4. Plaintiff Linda Hardiman ("Ms. Hardiman") is a citizen of the State of Georgia. Ms. Hardiman is and at all relevant times was a "participant" in the subject plans as defined by ERISA, 29 U.S.C. § 1002(7).

5. Sun Life Assurance Company of Canada ("SunLife ") is a foreign corporation doing business in Georgia.  SunLife upon information and belief, administers the claims submitted under the Plan and is a fiduciary as defined by 29 U.S.C. § 1001(21) (A).  SunLife may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its agent: Linda Banks c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

6. Union Security Insurance Company ("USIC ") is a foreign corporation doing business in Georgia.  USIC upon information and belief, administers the claims submitted under the Plan and is a fiduciary as defined

by 29 U.S.C. § 1001(21) (A).  USIC may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its agent: C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

7. Sun Life Financial (US) Services Company Inc.(Sun Life Financial) is a foreign corporation doing business in Georgia.  Sun Life Financial upon information and belief, administers the claims submitted under the Plan and is a fiduciary as defined by 29 U.S.C. § 1001(21) (A). Sun Life Financial may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its agent: Linda Banks c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

8. Upon information and belief SunLife and/or Sun Life Financial acquired USIC after the commencement of Plaintiff's long term disability claim and waiver of life insurance premium claims.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates and re-alleges those allegations set forth in paragraphs 1 through 8.

10. Ms. Hardiman was employed by Assurant Inc. as a program manager.

11. Plaintiff's employer contracted with Defendants under group insurance policies to provide long term disability and life insurance benefits to its employees.

12. At all times material to this action, there was in full force and effect insurance policies for disability income benefits and life insurance benefits, constituting binding contracts of insurance between Plaintiff's employer and the Defendants.

13. Defendants are responsible for the payment of disability benefits and life insurance benefits under the terms of the Life Insurance and LTD Plans.

14. At all times material to this action, Plaintiff was an insured employee as defined under the life insurance and long-term disability policies.

15. Defendants administered the life insurance policies and disability policy at issue and made all decisions as to benefits payable.

a) **Long Term Disability Claim**

16. The plan contains the following relevant provisions:

**Definition of Disability/Disabled**

Disability or Disabled means that in a particular month, you satisfy either the Occupation Test or the Earnings Test, as described below. You may satisfy both the Occupation Test and Earnings Test, as described below. You may satisfy both the Occupation and Earnings Test but you need only satisfy one Test to be considered *disabled.*

Occupation Test

- During the *qualifying period* and the following 24 months of *period of disability*, *an injury*, sickness or pregnancy requires that you be under the *regular care and attendance of a doctor*, and prevents you from performing at least one of the *material duties* of your *regular occupation;* and

- After the qualifying period and the first 24 months of *period of disability, an injury*, sickness, or pregnancy prevents you from performing at least one of the *material duties* of each *gainful occupation* for which our education, training and experience qualifies you.

- *Mental illness* means a mental disorder as listed in the current edition of the Diagnostic and Statistical Manual of Mental Disorders as published by the American Psychiatric Association. A *mental illness,* as so defined, may be related or caused by physical or biological factors, or result in physical symptoms or expressions. For the purposes of the policy, *mental illness* does not include any mental disorder listed with any of the following categories as found in the Diagnostic and Statistical Manual of Mental Disorders, as published by the American Psychiatric Association:
- Delirium, Dementia and Amnestic and other Cognitive Disorders;
- Narcolepsy, Obstructive Sleep Apnea and Sleep Disorder due to a general medical condition.

. . . **Mental Illness**

We pay only a limited benefit for a period of disability due to . . . mental illness. The Maximum Benefit Period for all such periods of disability is 24 months.

17. Ms. Hardiman became disabled on or around September 2016 due to inter alia major depression, anxiety, hypothyroidism, sleep disorders including sleep apnea and cognitive disorders.

18. The symptoms Ms. Hardiman continuously suffers from include but are not limited to problems with poor sleep, executive functioning, fatigue, insomnia, problems with organizing information, tremors, problems maintaining concentration, problems maintaining attention, cognitive deficits etc.

19. Ms. Hardiman applied for LTD benefits and life insurance waiver of premium benefits in accordance with the terms of the plan on or around March 2017.  Ms. Hardiman's long-term disability claim was accepted for two years and then denied.

20. In support of her claims, Ms. Hardiman submitted copious amounts of medical information from her healthcare providers documenting her debilitating major depression, cognitive disorders, sleep disorder and sleep apnea.

21.  Defendants denied Ms. Hardiman's long term disability claim. Ms. Hardiman appealed all denials of her claim with the assistance of counsel.

22. Defendants' denial of Ms. Hardiman's claim erroneously asserts that Ms. Hardiman's claim was subject to the policy's mental illness limitation.

23. On July 7, 2020 Defendants issued the final denial of Ms. Hardiman's long term disability claim by stating that "Ms. Hardiman does not have any work-precluding medical condition that are not subject to a limited benefit period."

24. In denying Ms. Hardiman's long term disability claim, and the appeals of the denial of that claim, Defendants ignored credible medical evidence that Ms. Hardiman suffers a disability and that Ms. Hardiman meets the Plan's definition of "Disability/Disabled" beyond the 24-month limitation period.

25. Defendants arbitrarily and capriciously breached their obligations set forth in the Plan and violated their obligations under ERISA in the administration of Plaintiff's claims.

26. To date, Ms. Hardiman has not been paid the continued benefits due to her under the Plan.

27. All administrative remedies have been exhausted under the terms of the Plan.

28.  As a direct and proximate result of Defendants' conduct in failing to provide coverage and benefits for Ms. Hardiman's disability, Ms. Hardiman has suffered, and will continue to suffer, damages under the Plan, plus interest and other economic and consequential damages.

## **COUNT ONE – RECOVERY OF BENEFITS AND ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER THE LONG-TERM DISABILITY PLAN**

29. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 28 above.

30. A participant in an employee welfare benefit plan governed by ERISA may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a) (1) (B).

31. Defendants have denied Ms. Hardiman a full and fair review of her long-term disability claim.

32. Defendants breached their obligations under the long-term disability plan by denying coverage for Ms. Hardiman's disability payments

9

when she met all of the plan's criteria set forth in the definition of "Disability" or "disabled".

33. Ms. Hardiman has met the eligibility requirements for benefits under the subject Plan from the inception of her claim through the present.

34. In making such determination to deny benefits and/or in processing Plaintiff's procedural appeals, Defendants have amongst other things:

a) "Cherry picked" the information considered ignoring the medical opinions of Plaintiff's treating and attending physicians that Plaintiff met the Plan's definition of disabled and disability.

b) Failed to take into account the credible statements provided by Plaintiff that reveal continued disability;

c) Relied on hearsay reports of physicians and other persons who did not examine Plaintiff;

d) Misquoted and misinterpreted medical evidence provided by Plaintiff's treating and attending physicians;

34. Plaintiff is entitled to long term disability benefits under Defendants' policy for the following reasons:

a. These benefits are permitted under the Plan;

b. Plaintiff has satisfied all conditions;

    c.    Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

35. Ms. Hardiman is entitled to long-term disability benefits under the terms of the Plan from on or around March 2019 through the present.

36. Defendants have failed to provide Ms. Hardiman with benefits under the subject Plan in violation of the terms of the Plan and of ERISA.

37. Ms. Hardiman has been harmed by Defendants' repeated failures to administer the Plan in accordance with the documents and instruments that govern the operation and administration of the Plan.

## COUNT II. ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER THE LIFE INSURANCE PLAN(S)

38. Plaintiff reincorporates and realleges those allegations set forth in paragraphs 1 – 37 above.

39. Plaintiff's life insurance policy(ies) provided a waiver of premium benefit if Plaintiff became disabled or suffered a disability under the Plan's terms.

40. On May 24, 2019 via letter Defendants informed Ms. Hardiman through counsel that "This letter serves as verification of Ms. Hardiman's current life insurance coverage, premiums are waived as long as Ms. Hardiman remains totally disabled . . . Ms. Hardiman's current amount of life insurance is $408,000.00 ($136,000.00 noncontributory and $272,000.00 contributory)."

41. Defendants found Ms. Hardiman "totally disabled" under the terms of the life insurance Plans at issue.

42. Ms. Hardiman nor her counsel have received any other correspondence(s) or communication regarding the status of her life insurance benefits under the policy(ies) at issue.

43. Ms. Hardiman has remained disabled and or "totally disabled" under the terms of the Plan since the inception of her claim.

44. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), plaintiff is entitled to (1) recover benefits due under the life insurance Plan(s) including continuous coverage (2) enforce her rights under the terms of the life insurance Plans, and (3) clarify her right to future benefits under the terms of the life insurance Plans.

45. Plaintiff is seeking to (1) recover benefits due under the life insurance Plan(s) including continuous coverage (2) enforce her rights under the terms of the life insurance Plans, and (3) clarify her right to future benefits under the terms of the life insurance Plans.

40. Wherefore, Plaintiff prays for judgment as follows:

   a. Declaration of Ms. Hardiman's right to benefits under the terms of the life insurance and long-term disability Plans;

   b. Declaration of Defendants' noncompliance with the terms of the Plans;

   c. Declaration of Defendants' noncompliance with provision of ERISA;

   d. Declaration that Defendants have breached their fiduciary duties owed to Ms. Hardiman;

   e. Payment of all past-due participant benefits under the terms of the Plans, with an award of pre-judgment and post-judgment interest;

   f. Payment of attorney fees;

   g. Payment of costs incurred in this action;

h.  Such other relief to which Ms. Hardiman may be entitled.

This _9th day of June, 2023.

                                               Adams-Bradham Law Offices

                                               /s/ Paulette Adams-Bradham
                                               Paulette Adams-Bradham
                                               Attorney for Plaintiff
2410 Old Milton Parkway                  Ga. State Bar No.: 004723
Suite B
Alpharetta, Georgia 30009
(770) 650-4145