UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIT UW LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VICKEN BAKLAYAN, ZOZETE BAKLAYAN, HNFAM DELOWE GROUP, LLC, and MICHAEL MOORE,<br><br>　　　　Defendants. | Civil Action File No.: |

**PLAINTIFF BRIT UW LIMITED'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Brit UW Limited ("Brit"), files its Complaint for Declaratory Judgment against Vicken Baklayan, Zozete Baklayan, HNFAM Delowe Group, LLC and Michael Moore (collectively, the "Defendants"), stating as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage action in which Brit seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend and indemnify Vicken Baklayan, Zozete Baklayan, and HNFAM Delowe Group, LLC (the "Insured Parties"), or any other defendants, in response to a policy limits demand ("Demand") made by Michael Moore.

2. Brit subscribed to Policy No. SCG1010522 issued to "Vicken & Zozete Baklayan" for the period January 1, 2022 to January 1, 2023 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "A".

## THE PARTIES, JURISDICTION, AND VENUE

3. The Policy was underwritten in the Lloyd's of London insurance market. Brit is the sole underwriting member for Syndicate 2987. Brit, through syndicate Brit 2987, subscribed to 90.00% of the Commercial General Liability Coverage provided by Policy. Brit is a public limited company organized and existing under the laws of the United Kingdom with its principal place of business in the United Kingdom. Brit is a citizen of the United Kingdom.[1]

4. Vicken Baklayan is domiciled in Florida with a residential address of 300 S Australian Ave., Unit 1610, West Palm Beach, FL 33401. Vicken Baklayan is a citizen of Florida.

---

[1] For the Court's convenience, "private limited companies in the U[nited] K[ingdom] are treated as corporations for the purposes of diversity subject-matter jurisdiction." *SHLD, LLC v. Hall*, 15 CIV. 6225 LLS, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) (citation omitted); *see Simon Holdings PLC Group of Companies U.K. v. Klenz,* 878 F. Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination of its citizenship under 28 U.S.C. § 1332); *Chok v. S & W Berisford, PLC,* 624 F.Supp. 440, 441 (S.D.N.Y.1985) (in which the court accepts the parties' agreement that a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treats it as a corporation for purposes of diversity determination).

5. Zozete Baklayan is domiciled in Florida with a residential address of 300 S Australian Ave., Unit 1610, West Palm Beach, FL 33401. Zozete Baklayan is a citizen of Florida.

6. HNFAM Delowe Group, LLC ("HNFAM") is a Georgia limited liability company with its principal office located at 2052 Headland Drive, East Point, Georgia 30344. HNFAM may be served through its registered agent, Huong Thi Nguyen, at 2052 Headland Drive, East Point, Georgia, 30344. HNFAM's members are citizens of Georgia.

7. Michael Moore is domiciled in Georgia with a residential address of 1079 Woodland Ave NE, Apt.7, Atlanta, Georgia 30324. Michael Moore is a citizen of Georgia.

8. The Court has personal jurisdiction over each of the Defendants by virtue of sufficient contacts with the forum.

9. Complete diversity of citizenship exists between the Plaintiff and each of the Defendants, as Plaintiff is a citizen of the United Kingdom and Defendants are citizens of Georgia and Florida. The amount in controversy exceeds $75,000.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. Venue is proper because a substantial part of the events giving rise to

the Demand occurred in this district and at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

12. To ensure complete relief, Brit named Mr. Moore, the claimant, in addition to the Insured Parties.

13. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Brit's obligations for the Demand to the Insured Parties, under a policy of insurance issued by Brit. Brit is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend the Insured Parties for the Demand. An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## THE INCIDENT AND DEMAND

14. On July 16, 2022, the East Point Police Department responded to 2463 Delowe Dr, East Point, Georgia, in relation to a shooting in which multiple individuals, including Michael Moore and Alyssa Dumas-Morrison were shot (the "Incident"). A true and accurate copy of the East Point Police Department Incident Report is attached as Exhibit "B".

15. On May 15, 2023, Michael Moore sent a demand (the "Demand") to Brit's third-party adjuster, North American Risk Services.

16. The Demand seeks compensation from the Insured Parties for injuries

Mr. Moore alleges he sustained in the Incident.

17. The Demand alleges that the property owner was aware of prior criminal activity on the premises prior to the Incident.

18. The Demand further alleges the property owner failed to keep its property safe and as such, is liable for Mr. Moore's injuries.

### THE ESTATE OF ALYSSA DUMAS-MORRISON DEMAND

19. On February 1, 2023, Brit, through its third-party adjuster, North American Risk Services, received a time-limited demand from the Estate of Alyssa Dumas-Morrison (the "Estate's Demand")

20. The Estate's Demand sought damages for the death of Alyssa Dumas-Morrison during the July 16, 2022 Incident outside The Loft on Delowe, located at 2475 Delowe Drive, East Point, Georgia 30344.

21. In the Estate's Demand, the Estate contends that the Insured Parties are the owners and managers of the shopping center where The Loft on Delowe is located.

22. In the Estate's Demand, the Estate contends that the Insured Parties were aware of prior crime on the property prior to the Incident.

23. In the Estate's Demand, the Estate contends that the Insured Parties failed to keep their property safe and as such, are liable for the death of Ms. Dumas-Morrison and the Estate's injuries.

24. In response to the Estate's Demand, Brit tendered its policy limit in exchange for a release of the Insured Parties.

## BRIT'S RESERVATION OF RIGHTS

25. Following receipt of the Demand, Brit issued a reservation of rights letter to the Insured Parties, advising there may be no coverage for Mr. Moore's claims based on the exhaustion of the Policy's limits. A true and accurate copy of the June 14, 2023 Reservation of Rights letter is attached as Exhibit "C".

26. In the Reservations of Rights letter, Brit expressly reserved the right to bring a declaratory judgment action to determine its coverage obligations for Mr. Moore's Demand.

## THE POLICY

27. Brit subscribed to Policy No. SCG1010522 issued to "Vicken & Zozete Baklayan" for the period January 1, 2022 to January 1, 2023 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "A".

28. HNFAM is identified as a Named Insured on the Policy via Endorsement 1. Ex. A, Endorsement 1, SG00381118.

29. The Policy includes a Limitation of Coverage to Designated Premises, Project or Operation Endorsement that identifies "2437-2483 Delowe Dr. East Point, GA 30344" as a designated premises. Ex. A, Endorsement 3, CG 21 44 04 17, p. 1 of 3.

30. The Policy provides a $1,000,000 per occurrence limit. Ex. A, SG DEC 11 18.

31. The Commercial General Liability Coverage Form for the Policy states, in pertinent part, as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But

        **(1)**   The Amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

Ex. A, Policy at CG 00 01 04 13, p. 1 of 16.

34. Section III of the Policy outlines the limits of the Policy's insurance. It provides:

**SECTION III – LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

   \*\*\*

5. Subject to Paragraph **2.**, or **3.**, above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   **a.** Damages under Coverage **A**; and

   **b.** Medical expenses under Coverage **C**

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

Ex. A, Policy at CG 00 01 04 13, pp. 10 – 11 of 16.

35. The Policy defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. A, Policy at CG 00 01 04 13, p. 15 of 16.

36. The Policy further provides:

   **7.** **Separation of Insureds**

   Except with respect to the Limits of Insurance, and any right or duties specifically assigned in the Coverage Part to the first Named Insured, this insurance applies:

   **a.** As if each Named Insured were the only Named Insured; and

   **b.** Separately to each insured against whom claim is made or "suit" is brought.

Ex. A, CG 00 01 04 13, pp. 12 – 13 of 16.

## COUNT I – DECLARATORY RELIEF
## (NO DUTY TO DEFEND)

37. Brit repeats and realleges paragraphs 1-37 as if fully set forth herein.

38. Mr. Moore's Demand seeks damages from the Insured Parties for injuries sustained in the shooting Incident at the Insured Parties' property on July 16, 2022.

39. Mr. Moore alleges that the Insured Parties are liable for his injuries as the result of their failure to keep their property safe.

40. The Estate's Demand sought damages from the Insured Parties for injuries sustained in the shooting Incident at the Insured Parties' property on July 16, 2022.

41. The Estate's Demand alleged the Insured Parties were liable for their injuries as the result of their failure to keep their property safe.

42. Both Mr. Moore and the Estate seek damages for the same Incident on July 16, 2022 at the Insured Parties' property.

43. Both Mr. Moore and the Estate seek damages as the result of the Insured Parties' alleged failure to keep their property safe.

44. Under the terms of the Policy, and applicable law, the shooting of Mr. Moore and Alyssa Dumas-Morrison comprise a single occurrence.

45. Brit has already exhausted the $1,000,000 policy limits for this

occurrence.

46. Therefore, the "Each Occurrence" policy limit has been completely exhausted in relation to the Incident, and Brit has no obligation to defend the Insured Parties as it relates to Mr. Moore's Demand.

47. Accordingly, Brit seeks a declaration that there is no coverage under the Policy for Mr. Moore's Demand and, therefore, that Brit has no duty to defend, and therefore no duty to indemnify, the Insured Parties or any other insured for any claims or lawsuits arising out of, or related to, the Incident.

## **PRAYER FOR RELIEF**

WHEREFORE, Brit prays for:

1. The Court to declare that there is no coverage available under the Policy for the Insured Parties, and that judgment be entered in favor of Brit and against all the Insured Parties that Brit owes no duty to defend the Insured Parties, or any other party, against the Demand or against any claims or suits that may have been or may be brought arising out of or related to the Incident, or the facts alleged in the Demand;

2. The Court to order that because Brit has no duty to defend the Insured Parties, it also has no duty to indemnify the Insured Parties against the Demand;

3. The Court to award Brit its costs of suit and such other relief as the Court deems just and proper.

This 14th day of June 2023.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1150<br>Fax:  470-552-1151<br>rzelonka@wshblaw.com<br>mmoyer@wshblaw.com<br>slytle@wshblaw.com<br>lnurse@wshblaw.com | */s/ Richard E. Zelonka, Jr.*<br>Richard E. Zelonka, Jr., Esq.<br>Georgia Bar No.: 142152<br>Molly L. Moyer<br>Georgia Bar No.: 987498<br><br>*Counsel for Brit UW Limited* |