# EXHIBIT C



**Molly L. Moyer**
direct dial (470) 552-1137
email mmoyer@wshblaw.com

1230 Peachtree Street NE • Suite 925 • Atlanta, GA • 30309
**tel** (470) 552-1150 • **fax** (470) 552-1151 • wshblaw.com

June 14, 2023

**VIA FEDEX OVERNIGHT**

Vicken & Zozete Baklayan
300 S Australian Ave, Unit 1619
West Palm Beach, FL 33401

|  |  |  |
|---|---|---|
| RE: | INSURED: | **VICKEN & ZOZETE BAKLAYAN** |
|  | POLICY NO.: | SCG1010522 |
|  | POLICY PERIOD: | January 1, 2022 to January 1, 2023 |
|  | CLAIMANTS: | Michael Moore |
|  | CLAIM NO.: | SCG1010522 |
|  | WSHB FILE NO.: | 10318.0880 |

## RESERVATION OF RIGHTS

Dear Mr. and Mrs. Baklayan:

We represent Certain Underwriters at Lloyd's London ("Underwriters") subscribing to Policy No SCG1010522 issued to Vicken and Zozete Baklayan (the "you" or "Baklayans") for the policy period January 1, 2022 to January 1, 2023 (the "Policy"). The Policy provides general liability coverage to you, subject to its terms, provisions, conditions, and exclusions. Specifically, we write following receipt of a demand ("Demand") from Michael Moore related to a shooting incident alleged to have occurred at your Delowe Drive property in East Point, Georgia (the "Property") on or about July 16, 2022 (the "Incident"). In the Demand, Michael Moore asserts that he was injured in the shooting and demands that the owner of the Property pay him $1,000,000 to resolve his claims.

As you know, Underwriters previously received a $1,000,000 demand from the Estate of Alyssa Dumas-Morrison in relation to the Incident, and paid the Estate the $1,000,000 demanded to resolve the Estate's claims against you. Underwriters believe this prior settlement exhausted the limits of the Policy for this Incident, and as such, it is unlikely that there is additional coverage available under the Policy for Mr. Moore's Demand.

As such, Underwriters write to inform you that they are reserving all rights under the Policy to limit or deny coverage for the Demand, Mr. Moore's Claims, and any claims made by any other claimants related to the Incident based on the Policy's terms, limits, conditions, and exclusions. Underwriters are reserving their rights under the entire Policy,

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 2

including, but not limited to, the provisions discussed below. Underwriters are reserving rights, but are not suggesting that any allegations regarding this dispute have any factual basis or legal merit.

Additionally, the purpose of this letter is to inform you that at this time, Underwriters are not assigning you defense counsel as Underwriters are not aware of any "suit" filed against you. To be clear, Underwriters are not denying coverage at this time. However, Underwriters are advising that they believe they have already paid the limits of the Policy's coverage for this Incident. As such, Underwriters advise that they do not believe there is any additional coverage available to you for the Incident under the Policy. At this time, Underwriters are reserving all rights under the Policy. Underwriters intend to file a declaratory judgment action and seek a ruling regarding whether its Policy limits have been exhausted for this Incident to provide clarity to both you and Underwriters. Underwriters also reserve the right to file a rescission action.

**Notwithstanding Underwriters reservation of rights, it is imperative that you provide a copy of any future demand or lawsuit to Underwriters so that Underwriters can properly evaluate their obligations under the Policy.**

I.   BACKGROUND FACTS

We summarize our understanding of the facts for your convenience. Please provide any additional information you wish Underwriters to consider.

We understand that on the evening July 16, 2022, there was a shooting wherein two groups of people were shooting at each other outside The Loft on Delowe (the "Incident"). We understand that The Loft on Delowe is in a shopping center owned and managed by you and/or HNFAM Delowe Group, LLC on Delowe Drive in East Point, Georgia (the "Property"). We understand that multiple individuals were injured in the shooting and Alyssa Dumas-Morrison died.

On February 1, 2023, Underwriters received a time-limited demand from counsel for the Estate of Alyssa Dumas-Morrison for $1,000,000 in relation to the Incident. This demand alleged that you and HNFAM Delow Group, LLC were liable for the Estate's injuries as the result of your failure to keep the Property safe. Underwriters accepted this demand and paid the Estate of Alyssa Dumas-Morrison $1,000,000 in exchange for the release of the Estate's claims against you and HNFAM Delowe Group, LLC.

On May 15, 2023, Underwriters' agent received a demand from counsel for Michael Moore. While the demand does not specify who it was directed to, Mr. Moore states that he will release the "defendants and their insurers" in relation to a shooting incident occurring on July 16, 2022 in which Mr. Moore was injured. Mr. Moore has also agreed to release his claims in exchange for $1,000,000. Mr. Moore contends that the owner of the property where he was injured is liable to him for failing to keep the property safe. Underwriters understand that Mr. Moore's demand also concerns the Incident at the Property on July 16, 2022. Underwriters also understand there may be additional claimants.

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 3

At this time, Underwriters are not aware of any lawsuit being filed by any claimant against you or HNFAM Delowe Group, LLC in relation to the Incident.

## II.   POLICY DETAILS

Certain Underwriters at Lloyd's London ("Underwriters") subscribed to Policy No SCG1010522 issued to Vicken and Zozete Baklayan for the policy period January 1, 2022 to January 1, 2023 (the "Policy"). The Policy provides commercial general liability coverage to you, subject to its provisions, exclusions, and limitations. The Policy provides a $1,000,000 per occurrence limit, a $2,000,000 aggregate limit, a $10,000,000 policy aggregate limit and a $5,000 medical expense limit.

## III.   COVERAGE ANALYSIS

For your convenience, we set forth certain Policy provisions that may limit or preclude coverage to you and HNFAM Delowe Group, LLC for the Incident, the Michael Moore Demand, and any future claims related to the Incident. Underwriters reserve the right to rely on all of the Policy's terms, conditions, and exclusions, including, but not limited to, those listed below.

### A.   The Demand Does Not Trigger The Policy's Duty To Defend

Initially, Underwriters note that at this time the Demand cannot support a duty to defend you or HNFAM Delowe Group, LLC because the Policy only creates a duty to defend against a "suit," and there is no "suit" against you or HNFAM Delowe Group relating to the Incident.  CG 00 01 04 13, p. 1 of 16.  The Policy defines "suit" as follows:

### Section V – Definitions

***

**18.**   "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

    a.   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

CG 00 01 04 13, pp. 15 – 16 of 16. At this time, Underwriters are not aware of any "suit" filed against you or HNFAM Delow Group. As such, assuming coverage might otherwise be available, Underwriters' duty to defend has not been triggered.  For this reason, Underwriters are not assigning you or HNFAM Delowe Group counsel at this time. **Again, if you or HNFAM Delow Group receive a lawsuit please forward it to Underwriters immediately.**

### B.   The Policy Only Provides Coverage to an "Insured" for "Bodily

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 4

### Injury" Caused by an "Occurrence"

The Policy only provides coverage for damages that an "insured" is obligated to pay because of "bodily injury" caused by an "occurrence" or for a defense against a "suit" seeking damages for the same. The Policy provides:

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But

**(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

Policy at CG 00 01 04 13, p. 1 of 16. "Bodily injury" is defined as bodily injury, sickness, disease, or mental anguish or emotional distress arising out of bodily injury, sickness or disease. *Id.* at p. 13. The Policy also defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 15. Based on Underwriters' current understanding of the Incident, Michael Moore likely alleges "bodily injury" caused by an "occurrence." However, Underwriters reserve their rights to limit or deny coverage to the extent the Incident was not accidental or does not qualify as an "occurrence" as defined by the Policy and Georgia law.

### C.    Underwriters Already Exhausted the Policy's Occurrence Limit

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 5

**in the Settlement of the Estate's Demand**

As you know, Underwriters already settled the claims made against you by the Estate of Alyssa Dumas-Morrison in relation to the Incident by accepting a settlement demand of $1,000,000. The Policy contains limits of insurance of $1,000,000 per occurrence. SG DEC 11 17. This means that the most that Underwriters will pay for any one occurrence is $1,000,000. The Policy provides:

**SECTION III – LIMITS OF INSURANCE**

**1.**     The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.**     Insureds;

    **b.**     Claims made or "suits" brought; or

    **c.**     Persons or organizations making claims or bringing "suits".

* * *

**5.**     Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.**     Damages under Coverage A; and

    **b.**     Medical expenses under Coverage C

because of all "bodily injury' and "property damage" arising out of any one "occurrence.

Policy, CG 00 01 04 13, p. 10 – 11 of 16.

Under Georgia law, the number of occurrences under a Policy is determined by looking at the number of causes of the injuries. Both the Demand and the Estates' demand allege that you are liable for the Incident as the result of your failure to keep the Property safe. While this alleged failure is alleged to have resulted in at least two injuries, it is one cause or one "occurrence" as defined by the Policy and Georgia law. For this reason, Underwriters do not believe that there is coverage available to you for the Michael Moore Demand. Simply, Underwriters have already paid the limits of their Policy for this occurrence. Underwriters reserve the right to limit or deny coverage on this ground. Underwriters also reserve the right to file a declaratory judgment action and seek a ruling from the court that they has no duty to defend or indemnify you or any other insured on the Policy for Michael Moore's claims or any additional claims or lawsuits brought in relation to the Incident.

Due to the nature of the claims at issue and the fact that Underwriters have already exhausted their $1,000,000 occurrence limit, Underwriters advise you that Michael Moore likely seeks damages in excess of your limits of insurance. Underwriters further wish to inform you that you have the right to retain your own counsel, at your own expense, to advise you regarding the allegations made by Mr. Moore and Underwriters' limits of insurance.

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 6

**D.     The Policy Bars Coverage for Punitive Damages**

Last, Underwriters advise that the Policy does not provide coverage for punitive damages. The Policy provides:

**EXCLUSION – PUNITIVE DAMAGES**

* * *

The following exclusion is added to **SECTION 1 – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**, Paragraph **2. Exclusions** and **SECTION 1 – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**, Paragraph **2. Exclusions** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**:

Suite or liability for or arising from any claim for exemplary or punitive damages fines or penalties, based upon, arising out of, or imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency or any other types of fines, penalties, punitive damages, exemplary damages, treble damages, or the multiplication of compensatory damages, of any nature. We will not have an obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages, any fines or penalties of any nature under any statue, rule, or order of a court.

SG 00 26 11 18. At this time, Underwriters are not aware of a claim for punitive damages. However, in the event of a future claim or suit seeking punitive damages, Underwriters advise that those damages are not covered under the Policy.

**IV.    COMPLETE RESERVATION OF RIGHTS**

Underwriters are continuing their investigation of the claims and the Demand, as well as their analysis of the coverage issues under the Policy. Based on the Policy's provisions, including but not limited to those discussed above, Underwriters reserve their rights available to it under the Policy and applicable law, including but not limited to the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any non-covered attorneys' fees and costs. In addition, Underwriters reserve the right to supplement or amend this reservation of rights letter upon the discovery of additional facts, subject to the Policy's terms, conditions, exclusions, and endorsements, including those not discussed in this letter.

This letter is based on the facts and information supplied to Underwriters to date, along with the Policy and applicable law. Nothing in this letter, or Underwriters' continuing investigation, or actual or possible payment(s) of any portion of the loss or expenses, shall constitute a waiver or estoppel of Underwriters' rights to rely upon any of the terms, conditions, exclusions, and endorsements of the Policy.

Should you believe there is additional information Underwriters should consider in

WOOD SMITH
HENNING & BERMAN LLP

Vicken and Zozete Baklayan
June 14, 2023
Page 7

connection with coverage under the Policy, please provide that information at your earliest convenience. Further, it is imperative that you forward us copies of any future demands or suit papers, so that Underwriters may evaluate their obligations under the Policy. Should you have any questions about the issues raised in this letter, please do not hesitate to contact us.

Sincerely yours,

WOOD, SMITH, HENNING & BERMAN, LLP

Richard E. Zelonka, Jr.
Molly L. Moyer

REZ/MLM

Cc:    HNFAM Delowe Group, LLC
       2052 Headland Drive
       East Point, Georgia 30344

28662663.1:10318-0880                    WOOD • SMITH • HENNING • BERMAN



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



ORIGIN ID:QFEA    (470) 552-1150
RICHARD ZELONKA
WOOD SMITH HENNING AND BERMAN
1230 PEACHTREE STREET NE
SUITE 925
ATLANTA, GA 30309
UNITED STATES US

SHIP DATE: 14JUN23
ACTWGT: 1.00 LB
CAD: 110144473/INET4610

TO  VICKEN & ZOZETE BAKLAYAN
300 S AUSTRALIAN AVE,
UNIT 1619
WEST PALM BEACH FL 33401
REF: 103180690

BILL SENDER

(000) 000-0000
INV
PO
DEPT

TRK# 0201
7724 4545 2996

XG PBIA

THU - 15 JUN 4:30P
STANDARD OVERNIGHT

33401
PBI
FL-US

FedEx
Express

J232823848591urr

583J2/29AB/FE2D

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.