IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS CALLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 1:23-CV-_____ |
| NEIGHBORHOOD ASSISTANCE | ) JURY TRIAL DEMANDED |
| CORPORATION OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Marcus Calloway, and submits this pleading, stating as follows.

**I. PRELIMINARY STATEMENT**

1. This is an action by a former employee against his former employer for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. ("Title VII") Plaintiff alleges religious discrimination.

**II.  THE PARTIES**

2. Plaintiff Marcus Calloway was employed by Defendant Neighborhood Association Corporation of America ("NACA") to until his termination on September 15, 2021.

3. Defendant NACA is a foreign nonprofit corporation doing business in Georgia.

4. NACA is present and doing business in the State of Georgia where it has employed more than 15 employees in each calendar year relevant hereto at its offices at 160 Clairmont Ave, Unit 350, Decatur, GA 30030.

5. NACA's Registered Agent for Service of Process in Georgia is Registered Agents Legal Services, LLC, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

### III. JURISDICTION AND VENUE

6. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

7. The violations of Plaintiff's rights alleged herein occurred within the Northern District of Georgia.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

9. Plaintiff is a resident of College Park and citizen of Georgia and submits to the jurisdiction of this Court by filing suit.

10. NACA's operations and activity in Georgia are substantial enough to create in personam jurisdiction.

11. Plaintiff received a right to sue notice dated March 16, 2023 and timely files suit this day.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff began employment in November 2020 in the role of Housing Counselor and was soon promoted to Mortgage Counselor.

13. By mid 2020, the United States was in the midst of a worldwide pandemic caused by Severe Acute Respiratory Syndrome Coronavirus-2 ("COVID").

14. On August 11, 2021, NACA began a mandatory vaccine requirement for all staff.

15. Plaintiff has sincere religious beliefs to which the COVID vaccine was contrary.

16. Plaintiff requested that he be considered for a religious belief exemption/accommodation regarding NACA's mandatory vaccination requirement.

17. Plaintiff was willing to be tested for COVID on a regular basis however frequently NACA requested, at his own expense.

17. NACA Chief Executive Officer, Bruce Marks, at a company meeting on August 25, 2021, stated there would be no religious exemptions from the vaccination mandate within NACA.

18. Plaintiff made multiple inquiries for some sort of guidance, request form or simply consideration as to his request for religious accommodation.

19. On information and belief, NACA did not give consideration to any request for religious accommodation, in accordance with Bruce Marks' proscription.

20. NACA did not provide any feedback to Plaintiff's request and did not question or address Plaintiff's sincere religious belief underlying his request.

21. Rather, NACA simply issued a blanket refusal to consider Plaintiff's request for religious accommodation.

## COUNT I

## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff restates and re-alleges paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendant engaged in and/or knowingly permitted religious discrimination in violation of Title VII by banning religion as a potential basis for accommodation regarding the vaccine mandate.

## COUNT II

## FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII

24. Plaintiff restates and re-alleges paragraphs 1 through 21 of the Complaint as if fully set forth herein.

25. Defendant failure to engage in any analysis or review of Plaintiff's request for accommodation violated Title VII.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays;

a.  That the Court enter judgment against Defendant and for Plaintiff. That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

b.  That the Court reinstate Plaintiff or award front pay;

c.  That the Court grant Plaintiff a trial by jury;

d.  That the Court award punitive damages and pain and suffering damages; and

e.  That the Court grant Plaintiff such other and further relief as it deems just and proper.

This  14th day of June  2023.

s/JohnDWales_____
John D. Wales, Esq.
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
johndwales@aol.com