IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHOENIX SENIOR LIVING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNISTON ASSISTED LIVING, LLC,<br>4425 GREENBRIER DEAR, LLC,<br>WAYFINDER HOLDINGS, LLC,<br>A. HARVEY ABERNETHY, JR., and<br>ALFRED H. "CHIP" ABERNETHY, III,<br><br>    Defendants. | Civil Action File No. |

## COMPLAINT

NOW COMES Plaintiff Phoenix Senior Living LLC ("Plaintiff" or "PSL"), by and through counsel, for their complaint against Defendants Anniston Assisted Living, LLC ("Anniston"), 4425 Greenbrier Dear, LLC ("Greenbrier"), Wayfinder Holdings, LLC ("Wayfinder"), A. Harvey Abernethy, Jr., and Alfred H. "Chip" Abernethy, III (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. PSL brings this action to redress the harm caused by Defendants in connection with PSL's management of the senior living community known as Autumn Cove Assisted Living (the "Facility" or "Autumn Cove"), which is owned

and operated by Defendants. PSL, the company hired to manage the Facility, was forced to advance hundreds of thousands of dollars to cover the Facility's payroll-related expenses, and ensure that the Facility's staff did not go unpaid. But, despite providing Defendants with all of the financial documentation that evidences PSL's unreimbursed balance of $817,950.20 for such expenses (the "Payroll Balance"), Defendants refuse to make PSL whole.

## PARTIES

2. Plaintiff PSL is a limited liability company organized under the laws of the State of Georgia and with its principal place of business in Fulton County, Georgia. PSL's sole members are Jesse Marinko and Nick Kavadellas, both of whom are individual citizens of Georgia.

3. Defendant Anniston is Delaware limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Anniston's sole member is Solstice Operations, LLC, a Florida limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Solstice Operations' sole member is Defendant Wayfinder, a Delaware limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Wayfinder's members are A. Harvey Abernethy, Jr. and Alfred H. "Chip"

Abernethy, III (collectively, the "Abernethys"), both of whom are individual citizens of South Carolina. Anniston can be served with process through its registered agent, URS Agents LLC, located at 614 N Dupont Hwy Suite 210, Dover, Delaware 19901.

4. Defendant Greenbrier is a Delaware limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Greenbrier's sole member is Eloquist Properties, LLC, a Florida limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Eloquist Properties' sole member is Defendant Wayfinder, a Delaware limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Wayfinder's members are the Abernethys, both of whom are individual citizens of South Carolina. Greenbrier can be served with process through its registered agent, URS Agents LLC, located at 614 N Dupont Hwy Suite 210, Dover, Delaware 19901.

5. Defendant Wayfinder is a Delaware limited liability company with its principal place of business located at 10554 Ocean Highway, Pawleys Island, South Carolina. Wayfinder's members are the Abernethys, both of whom are individual citizens of South Carolina. Wayfinder can be served with process through its registered agent, URS Agents LLC, located at 614 N Dupont Hwy Suite 210, Dover, Delaware 19901.

6. A. Harvey Abernethy, Jr. is an individual citizen of South Carolina. Harvey Abernethy can be served with process at 10554 Ocean Highway, Pawleys Island, South Carolina, or wherever he may be found.

7. Alfred H. "Chip" Abernethy, III is an individual citizen of South Carolina. Chip Abernethy can be served with process at 10554 Ocean Highway, Pawleys Island, South Carolina, or wherever he may be found.

## ALTER EGO ALLEGATIONS

8. At all times relevant hereto, the Abernethys were the alter egos of Anniston, Greenbrier, and Wayfinder, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Anniston, Greenbrier, and Wayfinder, such that any separateness between them has ceased to exist in that the Abernethys completely controlled, dominated, managed, and operated Anniston, Greenbrier, and Wayfinder to suit their convenience. Defendants operated as a single enterprise and should be treated as such.

9. Specifically, without limitation and discussed further below, the Abernethys: (1) controlled the business and affairs of Anniston, Greenbrier, and Wayfinder, including any and all of their affiliates; (2) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; (3) inadequately capitalized Anniston, Greenbrier, and/or Wayfinder; (4) relegated all

of the business affairs of Anniston, Greenbrier, and Wayfinder to the same office or business location – 10554 Ocean Highway, Pawleys Island, South Carolina; (5) used the corporate entities as a mere shells, instrumentalities, or conduits for themselves and/or their individual businesses; (6) manipulated the assets and liabilities between the corporate entities so as to concentrate the assets in one and the liabilities in another; (7) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or (8) used the corporate entities to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

10. At all times relevant thereto, Anniston, Greenbrier, and Wayfinder were not only influenced and governed by the Abernethys, but there was such a unity of interest and ownership that the individuality, or separateness, of Anniston, Greenbrier, and Wayfinder has ceased. Defendants acted inequitably, such that adherence to the fiction of the separate existence of these entities and failure to recognize Defendants as alter egos of one another would, under these particular circumstances, sanction a fraud or promote injustice.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is between citizens of different states.

12. The Management Services Agreement (defined below) states: "Any dispute arising out of this Agreement shall be heard by non-jury suit in any state or federal court sitting in Fulton County, Georgia, and the Parties consent to such venue." (Management Services Agreement, § 9.6.) As such, Anniston consented to this jurisdiction and venue, and this Court has personal jurisdiction over Anniston pursuant to the express terms of that contract.

13. Since Defendants are alter egos of one another, the jurisdiction and venue provision to which Anniston consented in the Management Services Agreement may be imputed to the other Defendants, thereby conferring personal jurisdiction upon Greenbrier, Wayfinder, and the Abernethys pursuant to the jurisdictional waiver in the Management Services Agreement.

14. Venue is proper in this Court pursuant to pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

15. PSL is experienced in the management of senior living facilities, including, independent living, assisted living, and memory care facilities.

16. On or about May 27, 2021, Anniston and PSL entered into the "Management Services Agreement," a true and correct copy of which is attached hereto as Exhibit "A."

17. Pursuant to the Management Services Agreement, PSL, the "Manager," was hired to manage certain aspects of Autumn Cove, a senior living community with approximately thirty-two (32) assisted living units and twenty-four (24) memory care units.

18. The Management Services Agreement highlights that Greenbrier, the "Landlord," owned Autumn Cove, holding the fee title interest of the Property.

19. Anniston, as "Operator," is primarily responsible for financially supporting PSL's management activities. In particular, Anniston must deposit funds in the "Operating Account"—an "Operator designated bank account…established by Operator" (Management Services Agreement, § 2.2(j))—if the balance of the Operating Account "shall at any time be insufficient to pay incurred or anticipated Operating Expenses." (*Id.*, § 2.2(e).)

20. In addition to Anniston's contributions, the Operating Account was funded by the "Revenues" of Autumn Cove, which are defined as "all gross revenues and receipts of every kind derived by or for the benefit of Operator, Manager or their affiliates from operating or causing the operation of the Facility and all departments and parts thereof, determined in accordance with GAAP for each accounting period…." (*Id.*, § 1.01.)

21. As part of its management responsibilities, PSL employed and paid all of Autumn Cove's employees. The Management Services Agreement provides for payment of, and in connection with, such employees as follows: "Using the Revenues (**supplemented, if necessary, by Operator's funds**), Manager shall make disbursements and deposits for all compensation and other amounts payable with respect to Facility Employees…." (*Id.*, § 2.6 (emphasis added).) So there was no confusion, the Management Services Agreement reiterates that: "All payroll and payroll administration costs and fees … **are Operating Expenses to be reimbursed by Operator to the Manager**, as applicable from Revenues (supplemented, if necessary, by Operator's funds). Any payment by Operator to Manager for the Facility Employees **shall be in addition to all Management Fees** payable under this Agreement." (*Id.* (emphasis added).)

22. Despite this explicit contractual agreement, Anniston has refused to reimburse PSL for the Payroll Expenses, all of which fall under the above-quoted provisions.

23. Since the inception of the Management Services Agreement, Defendants have instructed PSL to use the Revenues from the Operating Account to pay Greenbrier's mortgage payments, as well as the taxes and insurance for Greenbrier's property and the Facility. In other words, Defendants have used the Revenues in the Operating Account to benefit their real estate investment, and have left PSL holding the bag on the Payroll Balance.

24. On May 31, 2023, Harvey Abernethy informed PSL: "Chip and I have decided not to renew our Management [Services] Agreement between Anniston Assisted Living, LLC and Phoenix Senior Living that expires June 30, 2023 per Section 4.1 of the Management Agreement."

25. When PSL threatened to sue Anniston for the Payroll Balance, Anniston claimed to be judgment proof. So, while Defendants have used Autumn Cove to pay Greenbrier's property-related expenses, to the benefit of Wayfinder and the Abernethys, they have intentionally undercapitalized Anniston.

26. Although Anniston has not provided details on its purported financial woes, the most recent payment to the Operator Account was wired directly by Wayfinder.

27. As of the date of this filing, Defendants refuse to make PSL whole for the Payroll Balance.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT – MANAGEMENT SERVICES AGREEMENT
### (AGAINST ALL DEFENDANTS)

28. Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

29. The Management Services Agreement is a valid and binding contract.

30. PSL performed all of its obligations under this contract.

31. As detailed above, Anniston materially breached the Management Services Agreement by failing to add the necessary funds to the Operating Agreement or otherwise reimburse PSL for the Payroll Balance.

32. The funds that should have been directed to paying the Payroll Balance were instead used for the benefit of Defendants.

33. As such, Defendants, jointly and severally, are liable to PSL as a result of the material breach of the Management Services Agreement in an amount to be proven at trial, but in no event less than $817,950.20.

## COUNT II
## UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

34. Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

35. In the event the Management Services Agreement is unenforceable or the Court holds that some of its terms do not apply to all of Defendants, Defendants remain liable for their misconduct.

36. As detailed above, benefits were conferred by PSL upon each of Defendants.

37. By PSL providing those benefits to Defendants, it resulted in Defendants' unjust enrichment.

38. In the alternative to Count I for some or all of Defendants, each of Defendants have been unjustly enriched at the expense of PSL and, in fairness and good conscience, Defendants, jointly and severally, must reimburse PSL in an amount to be proven at trial, but in no event less than $817,950.20.

## COUNT III
## ATTORNEY'S FEES
## (AGAINST ALL DEFENDANTS)

39. Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

40. By their willful and malicious conduct, Defendants have acted in bad faith and have caused PSL unnecessary trouble and expense.

41. Accordingly, PSL is entitled to recovery of the expenses of this litigation, including, but not limited to, reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that final judgment be entered in its favor and against Defendants, jointly and severally, as follows:

(a) Judgment against Defendants on each applicable count of this Complaint;

(b) Compensatory and actual damages as a result of Defendants' conduct;

(c) Attorney's fees and costs of litigation; and

(d) Such other and further relief as is necessary, just, and equitable.

Respectfully submitted, this 14th day of June, 2023.

/s/ *Eric S. Fisher*
Eric S. Fisher
Georgia Bar No. 250428
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA  30326-1092
Telephone: (404) 264-4045
Facsimile: (404) 264-4033
EFisher@btlaw.com

*Attorney for Plaintiff*