**IT IS ORDERED as set forth below:**



Date: June 14, 2023

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| SHEILA WEIR, ) | |
| Debtor. ) | CASE NO. 15-71397-JWC |
| ) | |
| SHEILA WEIR, ) | |
| Plaintiff. ) | |
| v. ) | ADVERSARY PROCEEDING |
| ) | NO. 22-05093-JWC |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING ADVERSARY PROCEEDING AS MOOT WITHOUT PREJUDICE**

1

Before the Court is Defendants' Motion to Dismiss Adversary Proceeding as Moot (AP Doc. No. 64) (the "Motion")[1] filed with the Court on April 19, 2023.  In seeking dismissal of this action, Defendants assert that the Internal Revenue Service ("IRS") eliminated Plaintiff's federal income tax liabilities associated with tax periods 2008 and 2009, thereby rendering moot the relief sought in this adversary proceeding.  For the reasons set forth in detail below, the Motion will be granted.

A. **BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this adversary proceeding by filing a Complaint to Determine Dischargeability [of] IRS Tax Debt (AP Doc. No. 1) (the "Complaint") on June 21, 2022.  The Complaint alleges – and the record of this Court confirms – that Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code on November 4, 2015, Case No. 15-71397.  In connection with her bankruptcy case, Plaintiff did not schedule any debts owed to the United States or the IRS in her initial Schedules and Statement of Financial Affairs (BK Doc. No. 12) or in an initial amendment to her Schedules and Statement of Financial Affairs (BK Doc. No. 50).  As a result, Defendants did not receive notice of her bankruptcy case (*See* BK Doc. No. 10).  The Chapter 7 trustee reported on the docket following her investigation of the Plaintiff's financial affairs that no assets were available for distribution to creditors over and above that exempted by law.  After the trustee's report of no distribution, a discharge was entered in favor of Plaintiff (BK Doc. No. 51), and her

---

[1] References to the docket in this adversary proceeding are cited to as "AP Doc. No." and references to the docket in the underlying bankruptcy case are cited to as "BK Doc. No."

bankruptcy case was initially closed shortly after in July of 2016.

According to Plaintiff's Complaint, in 2018 her Social Security benefits were subject to a federal levy relating to taxes owed for 2008 and 2009, and a federal tax lien was allegedly recorded.  Three years later, Plaintiff filed a motion to reopen her bankruptcy case for purposes of amending her schedules to list the indebtedness to the Internal Revenue Service and to pursue the current adversary proceeding (BK Doc. No. 53).  Following a hearing on the motion to reopen, the Court entered an order reopening the bankruptcy case (BK Doc. No. 62), and Plaintiff filed amendments to her creditor matrix and schedules disclosing debts owed to the IRS (BK Doc. No. 66).  Subsequently, Plaintiff initiated this adversary proceeding seeking a determination that debts owed to the IRS for tax years 2008 and 2009 were covered by her bankruptcy discharge.

      **B.**      **MOTION TO DISMISS**

Defendants filed the Motion currently before the Court seeking dismissal of this adversary proceeding on grounds of mootness (AP Doc. No. 64).  Defendants assert in the Motion that Plaintiff engaged in litigation in Tax Court prior to commencing this adversary proceeding and that in "Mid-April 2023, Defendant[s] abated Plaintiff's tax liabilities associated with tax years 2008 and 2009.  Defendants have provided Plaintiff with copies of tax transcripts reflecting $0.00 balances for the tax years 2008 and 2009." (AP Doc. No. 64, p.2).  As the underlying debts have been extinguished, Defendants argue this adversary proceeding should be dismissed in its entirety, without prejudice, as moot, citing *Nyaga v. Ashcroft*, 323 F.3d 906 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no

longer provide 'meaningful relief.'").  Plaintiff filed an opposition to the Motion  (AP Doc. No. 66) (the "Opposition") raising, as best as the Court can glean, three arguments: (i) that Defendants failed to attach any supporting documents establishing that the tax debt had been extinguished; (2) a dischargeability determination is better relief than extinguishment of the debt given Defendants' inconsistent and equivocal positions taken with respect to the debt; and (3) dismissal prevents her from conducting discovery with respect to the debts that she sought relief from in the adversary proceeding.  Defendants filed a reply attaching copies of tax transcripts for the tax years in question, both of which show a zero balance with no taxes due and owing.  The response also points to a filed declaration (AP Doc. No. 67) which confirms that multiple copies of the tax transcripts were provided to Plaintiff through email, regular mail, and certified mail.  Defendants also point to Plaintiff's Complaint, which acknowledges that Defendants offered to eliminate Plaintiff's tax liability for the applicable periods prior to the commencement of this adversary proceeding.  Immediately prior to the hearing, Plaintiff also submitted an Objection to Dkt 68 Evidence (AP Doc. No. 69) (the "Objection"), raising various objections to the Court's consideration of copies of tax transcripts offered by Defendants and raising additional arguments against dismissal of this action.

The Court held a hearing on the Motion on May 18, 2023, (the "Hearing") at which Plaintiff appeared telephonically and counsel for Defendants appeared in person.  At the Hearing, counsel for Defendants again confirmed on the record that Plaintiff's debts for the 2008 and 2009 tax years have been fully and permanently extinguished for all purposes, and

as a result, no debts exist for which this Court can make a discharge determination. Plaintiff indicated that she was resting on her written papers but also contended she never received a copy of the declaration filed relative to service of the tax transcripts on her. Because Defendants confirmed on the record that Plaintiff's tax liabilities for 2008 and 2009 had been permanently extinguished for all purposes, the Court orally granted the Motion at the Hearing, subject to entry of a written order on the Motion. Following the Court's oral ruling, Plaintiff proceeded to ask questions about the meaning of certain entries on the tax transcripts, and the Court indicated Plaintiff could reach out to the IRS following the hearing to ask any questions relative to the transcripts. She then orally asked for a continuance of the hearing, which the Court denied given that the Court had already ruled on the Motion. Having fully considered the points raised in Plaintiff's Opposition and Objection, and the additional arguments made at the Hearing, the Court enters this Order confirming its oral ruling for the reasons stated on the record at the Hearing and for the additional reasons set forth below.

    C.    **CONCLUSIONS OF LAW**

Dismissal of this action is required because no effective relief can be entered in favor of Plaintiff on the claim asserted in her Complaint. The Plaintiff filed this action seeking a determination that tax obligations owed by the Debtor for 2008 and 2009 are covered by a discharge she received from this Court. The Defendants have confirmed on the record and in writing that Plaintiff has no tax liabilities for 2008 and 2009, and as a result, no discharge determination can be made by this Court with respect to nonexistent debts. The claim

raised by Plaintiff in her Complaint is moot, and the Court lacks jurisdiction to enter any other form of appropriate relief.

While there are different brands of mootness that arise in bankruptcy cases,[2] at issue here is the axiomatic constitutional doctrine "that a federal action must present a real case or controversy under Article III of the Constitution." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018). "In order for there to be a real case or controversy, … the issues in play at the outset must remain alive. Mootness doctrine ensures that a *justiciable* case or controversy is present 'at all stages of review.'" *Id.* "Thus, a case that was once cognizable under Article III becomes moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit.'" *Id.* (citations omitted). "Mootness demands that there be something about the case that remains alive, present, real, and immediate so that a federal court can provide redress in some palpable way." *Id.* "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't. of Health and Rehab.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (alteration adopted) (quotation omitted). "Indeed, dismissal is required because mootness is jurisdictional." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Here, the permanent extinguishment of any debt owed by Plaintiff to the IRS for tax years 2008 and 2009 leaves nothing for this Court to resolve. A determination of whether a nonexistent debt is covered by Plaintiff's

---

[2] *See, e.g., Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (9th Cir. B.A.P 2008) ("In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory" and discussing the differences).

bankruptcy discharge no longer presents a justiciable issue upon which this Court can fashion any form of relief. *See Tinnerman v. United States*, No. 21-14023, 2022 WL 3654844 (11th Cir. Aug. 25, 2022), *cert. denied,* No. 22-814, 2023 WL 3046157 (U.S. Apr. 24, 2023) (dismissing appeal as moot after IRS wrote-off tax debts at issue in litigation). The only claim raised in the Complaint – a determination of whether Plaintiff's bankruptcy discharge covers her tax obligations to the IRS for 2008 and 2009 – has been rendered moot by the permanent extinguishment of such debts by the IRS.

Plaintiff's arguments against dismissal do not address in any way the jurisdictional impediment the mootness doctrine presents. Instead, Plaintiff asks this Court to retain jurisdiction to allow her to continue to litigate against the IRS over debts that have been fully and permanently extinguished. Plaintiff wants an order declaring the nonexistent debts discharged, because in her view a discharge is better than an outright extinguishment of the debt. Not only does Plaintiff not provide any legal basis or justifications for why that is so, the argument is in fact contrary to the law. A discharge of a debt in bankruptcy does not extinguish the underlying debt (as the IRS has done in this case), it "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). In other words, a discharge prevents collection efforts against a debtor personally, but it does not extinguish the underlying debt or prevent creditors from collecting on a discharged debt through other means, such as foreclosing on collateral or pursuing co-debtors. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78 (1991) (discussing

7

distinction between *in personam* and *in rem* liability in relation to discharge of debt in bankruptcy). Plaintiff also argues that a discharge determination is necessary because the IRS has taken inconsistent and equivocal positions with respect to the debt in the past. Regardless of whatever equivocation may have occurred in the past, the Court sees nothing equivocal about the IRS's written statements in the Motion, the tax transcripts presented to the Court, and the statements of Defendants' counsel on the record that Plaintiff's debts for the 2008 and 2009 tax years have been extinguished permanently and for all purposes. The Court considers the IRS's statements to be binding judicial admissions that the tax liabilities are extinguished for all purposes and will be incorporated into the relief granted in this Order. *See, e.g., Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 477 (5th Cir. 2001) ("A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact.") Plaintiff also argues that dismissal of the case will deprive her of a right to pursue discovery relative to the debts in question, but a plaintiff's desire to pursue discovery over debts that have been fully extinguished does not present a live case and controversy over which this Court has jurisdiction. *See Wilderness Watch v. Ferebee*, 445 F.Supp.3d 1313, 1326-28 (D. Colo. 2020) (denying litigant's request for jurisdictional discovery due to low probability of discovery revealing any evidence that would render case not moot); *Jacobsen v. People of the State of California*, No. 114CV00108JLTPC, 2016 WL 7429154, at *1 (E.D. Cal. Dec. 23, 2016) ("Plaintiff's need/desire for medical evidence of his injuries and access to his legal paperwork to respond to discovery in this action cannot and do not overcome what is

a jurisdictional bar."). Finally, in her Objection, Plaintiff raises a number of issues relative to the timing, delivery, and form of the tax transcripts Defendants submitted in support of dismissal, and Plaintiff would like this Court to retain jurisdiction so that she can continue to litigate against the IRS relative to debts that no longer exist. The issues raised in the Objection likewise present no justiciable issue over which this Court has jurisdiction, and her Complaint must be dismissed as moot.

For the foregoing reasons it is hereby ORDERED and ADJUDGED that:

(1) Plaintiff has no federal income tax liabilities associated with tax periods 2008 and 2009;

(2) The Motion is hereby GRANTED;

(3) The above-styled adversary proceeding is DISMISSED AS MOOT WITHOUT PREJUDICE;

(4) The parties shall bear their respective costs; and

(5) The Clerk of Court shall serve a copy of this Order on the parties on the attached distribution list.

**END OF ORDER**

<u>Distribution List</u>

Shelia Weir
2 Jeanne Jugan Lane, Latham, NY 12110

Vivieon Jones
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303