# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHAWN BLACK, & <br> TAMMY HOWARD, <br><br> Plaintiffs, <br><br> v. <br><br> BOUVETTE MARKETING LLC, EDMOND BOUVETTE, & DAVID BOUVETTE, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs, Ms. Tammy Howard and Mr. Shawn Black ("Plaintiffs"), by and through their undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Bouvette Marketing LLC, Edmond Bouvette, and David Bouvette (hereinafter referred to collectively as "Defendants"), showing the following:

## I. NATURE OF COMPLAINT

1. Plaintiffs bring this action for actual damages, compensatory damages, liquidated damages, reasonable attorney's fees, court costs, and expenses based on Defendants' violation of their rights pursuant to the Civil Rights Act 42 U.S.C. §

1981, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Georgia State law.

2. This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees, and costs.

## II. PARTIES

3. Plaintiffs are residents of the state of Georgia, citizens of the United States of America, and are subject to the jurisdiction of this Court.

4. Defendant Bouvette Marketing LLC is a domestic limited liability company headquartered in Clayton County, Georgia, with a principal office located in Jonesboro, Georgia.

5. Defendant Edmond Bouvette is a resident of the state of Georgia and is subject to the jurisdiction of this court.

6. Defendant David Bouvette is a resident of the state of Georgia and is subject to the jurisdiction of this court.

7. Defendant Bouvette Marketing LLC may be served with process by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ Ed Bouvette, 154 N. McDonough Street, Jonesboro, Georgia, 30236.

8. Defendant Edmond Bouvette may be served with process by delivering a copy of the Complaint and Summons to 194 Darwish Dr., McDonough, Georgia 30252.

9. Defendant David Bouvette may be served with process by delivering a copy of the Complaint and Summons to 386 Haas Ave. SE, Atlanta, Georgia 30316.

## III. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I through III of this Complaint, which arise out of Civil Rights Act 42 U.S.C. § 1981 ("Section 1981").

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count IV of this Complaint, which arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Counts V and VI of this Complaint, which arise out of the same transaction or occurrence as the preceding Counts of this Complaint and fall under Georgia Law.

13. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

14. This action has been timely commenced.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

16. Defendants are now, and at all times relevant hereto, an employer subject to

the Civil Rights Act 42 U.S.C. § 1981 ("Section 1981").

17. There is individual liability for Defendant Edmond Bouvette under Section 1981.

18. There is individual liability for Defendant David Bouvette under Section 1981.

19. Defendants are now, and at all times relevant hereto, an employer subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

20. There is individual liability for Defendant Edmond Bouvette under the FLSA.

21. There is individual liability for Defendant David Bouvette under the FLSA.

22. Defendants employed Plaintiff Shawn Black ("Plaintiff Black") from approximately June 2016 until July 28, 2021.

23. Plaintiff Black's most recent position with Defendants was Legal Director.

24. Defendants employed Plaintiff Tammy Howard ("Plaintiff Howard") from approximately 2012 until July 28, 2021.

25. Plaintiff Howard's most recent position with Defendants was Maintenance Director.

26. Both Plaintiff Black and Plaintiff Howard were hourly employees.

27. Both Plaintiff Black and Plaintiff Howard were non-exempt under the FLSA.

28. Throughout Plaintiffs' employment with Bouvette, the company and its owners, Defendant Edmond Bouvette ("Defendant Ed Bouvette") and Defendant David Bouvette ("Defendant David Bouvette") violated a number of employment and civil rights laws on an ongoing and continuous basis.

29. Defendants' actions included a knowing and willful failure to pay overtime to Defendants' non-exempt employees in violation of the FLSA.

30. Defendants' actions included a failure to pay Plaintiff Black and Plaintiff Howard for time worked in excess of 40 hours a week.

31. Defendant Ed Bouvette's conduct included regular discriminatory and harassing statements.

32. Defendant Ed Bouvette used the word "nigger" on nearly a daily basis, including to describe tenants.

33. Defendant Ed Bouvette was well aware that Plaintiff Black's partner was African-American.

34. Defendant Ed Bouvette was aware that Plaintiff Howard was in a relationship with an African-American man.

35. By way of example, Defendant Ed Bouvette called a tenant a "lying nigger bitch" when she made complaints about a property.

36. Defendant Ed Bouvette referred to other tenants as "lazy ass niggers."

37. Defendant Ed Bouvette wondered aloud why Black women "allowed a lazy nigger to lie on the couch.

38. Defendant Ed Bouvette called an African-American vendor a "company nigger," and "house nigger."

39. As another example, Defendant Ed Bouvette told Plaintiff Black to remove yard signs for an African-American Judge, after asking if the candidate was Black.

40. Defendant Ed Bouvette later blamed that African-American Judge for a policy he did not like, stating that he knew there would be issues "as soon as that nigger got in there."

41. Defendant Ed Bouvette also made it clear that African-Americans were not welcome in the office.

42. During Plaintiff Black and Plaintiff Howard's tenure, there was only one African-American employee of the company, and she was terminated in 2016.

43. Defendant Ed Bouvette asked both Plaintiff Black and Plaintiff Howard whether being with a Black man "lives up to the stereotype."

44. Defendant Ed Bouvette opined that, "If you're going to lower yourself to a Black man, you should at least get adequate dick out of it."

45. Defendant Ed Bouvette asked Plaintiff Howard, "Is it true once you go Black, you never go back?"

46. July 19, 2021, Plaintiffs complained to Defendants, specifically, Defendant David Bouvette, of the discriminatory comments.

47. No remedial action was taken.

48. Instead, on July 20, 2021, Defendants threatened to close their business.

49. On July 28, 2021, Defendant Ed Bouvette told Plaintiffs to "tell [him] how much to write a check for the two of you to go the fuck away."

50. Plaintiffs were instead terminated when Defendants' called the police and stated that Plaintiffs' quit and refused to leave the property, which was false.

51. During the termination, Defendant Ed Bouvette said that Plaintiff Black was a "scumbag nigger-loving faggot."

52. Regarding Plaintiff Howard, Defendant Ed Bouvette stated that he "should have known better than to hire her" and that he "should have looked in her bed first," referring to her interracial relationship.

53. Following Plaintiffs' termination, Defendants failed to pay Plaintiffs' wages, including for hours worked from approximately July 15, 2021, through July 28, 2021.

54. Thereafter, on October 31, 2022, Defendant Ed Bouvette, as a driver of a motor vehicle, attempted to run over Plaintiffs as they were crossing a parking lot of El Ranchero Mexican Restaurant at 7919 Tara Blvd., in Jonesboro, Georgia.

## V. CLAIMS FOR RELIEF

## COUNT I: SECTION 1981 DISCRIMINATION

55. Plaintiffs incorporate by reference all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

56. Plaintiffs are a member of a protected class by virtue of their association or relationships with African Americans.

57. During all time periods relevant to this Complaint, Defendants were aware of the races of Plaintiffs' existing association or relationship with African Americans.

58. Plaintiffs were qualified for their positions at issue.

59. Plaintiffs suffered the adverse action of termination.

60. Defendant Ed Bouvette's racist comments are evidence of discriminatory animus.

61. Defendants' business reason is illegitimate.

62. Defendants' violation of Section 1981 was willful.

63. Defendants willfully and wantonly disregarded Plaintiffs' rights, and their actions toward Plaintiffs were undertaken in bad faith.

64. As a direct and proximate result of Defendants' violations, Plaintiffs have suffered economic and non-pecuniary damages.

65. Plaintiffs are entitled to lost wages and benefits, liquidated damages, attorneys' fees and costs, prejudgment interest, punitive damages, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT II: SECTION 1981 RETALIATION

66. Plaintiffs incorporate by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

67. Plaintiffs made a protected disclosure pursuant to Section 1981.

68. Defendants were aware of Plaintiffs' protected disclosures.

69. Plaintiffs suffered the adverse action of termination.

70. Plaintiffs suffered materially adverse action post-employment when their wages were withheld and Defendant Ed Bouvette attempted to run them over with his motor vehicle.

71. The timing between Plaintiffs' protected activities and Plaintiffs' termination suggests causation.

72. The timing between Plaintiffs' protected activities and Defendants' withholding of Plaintiffs' wages suggests causation.

73. The timing between Plaintiffs' protected activities and Defendant Ed Bouvette attempting to use his motor vehicle to run over Plaintiffs suggests causation.

74. Defendants' adverse actions against Plaintiffs are illegitimate.

75. Defendants' violation of Section 1981 was willful.

76. Defendants willfully and wantonly disregarded Plaintiffs' rights, and its actions toward Plaintiffs were undertaken in bad faith.

77. As a direct and proximate result of Defendants' violations, Plaintiffs have suffered economic and non-pecuniary damages.

78. Plaintiffs are entitled to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT III: ATTORNEY FEES AND COSTS

79. Plaintiffs incorporate by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

80. As Defendants violated Plaintiffs' rights protected by 42 U.S.C. § 1981, Plaintiffs are entitled to recover their attorney's fee and expenses as provided by §1988 and other relevant federal statutes.

## COUNT IV: VIOLATIONS OF THE FLSA

81. Plaintiffs incorporate by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

82. At all times, Defendants were employers within the meaning of the FLSA.

83. At all times, Plaintiffs were individual employees "engaged in commerce" within the meaning of the FLSA.

84. Plaintiffs were non-exempt employees of Defendants under the FLSA.

85. Plaintiffs were not compensated by Defendants for their hours worked from approximately July 15, 2021, through July 28, 2021.

86. Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay Plaintiffs wages, including for time worked, including overtime wages, from approximately July 15, 2021, through July 28, 2021.

87. As a result of Defendants' unlawful acts, omissions, and practices, Plaintiffs suffered a loss of wages.

88. Defendants' willful violation of the FLSA shows reckless disregard of Plaintiffs' right to receive appropriate wage hourly compensation for their work with Defendants.

89. Defendants knew or should have known their pay practices were in violation of the FLSA.

## COUNT V: BREACH OF CONTRACT

90. Plaintiffs incorporate by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

91. Plaintiffs further bring this action pursuant to the Georgia breach of contract

to recover unpaid straight time and commission, which is not covered by the FLSA.

92. Plaintiffs are entitled to recover their unpaid "straight time" for services rendered on behalf of Defendants.

93. Plaintiffs are entitled to recover their unpaid wages.

94. This claim is independent of Plaintiffs' claim pursuant to the FLSA, and is therefore not preempted by the FLSA.

95. Defendants agreed to pay Plaintiffs for their straight time worked during their time of employment with Defendants.

96. Defendants failed to pay Plaintiffs wages, including for hours worked from approximately July 15, 2021, through July 28, 2021.

97. Plaintiffs performed all material conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the parties' agreements.

98. Defendant breached the agreements made with Plaintiffs.

99. As a direct and proximate result of Defendants' breach, Plaintiffs are entitled to the full value of the hours owed plus interest.

100. Defendants have acted in bad faith and have caused Plaintiffs unnecessary trouble and expense.

101. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to recovery of their litigation expenses, including but not limited to reasonable attorneys' fees.

## COUNT VI: VIOLATIONS OF GEORGIA LAW

102. Plaintiffs incorporate by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

103. Plaintiffs further brings this action pursuant to the Georgia common law equitable theory of quantum meruit to recover unpaid straight time, which is not covered by the FLSA.

104. Plaintiffs are entitled to recover their unpaid "straight time" for services rendered on behalf of Defendants.

105. Plaintiffs are entitled to recover their unpaid wages.

106. This claim is independent of Plaintiffs' claim pursuant to the FLSA, and is therefore not preempted by the FLSA.

107. Defendants agreed to pay Plaintiffs for their straight time worked during their time of employment with Defendants.

108. Defendants failed to pay Plaintiffs wages, including for time worked from approximately July 15, 2021, through July 28, 2021.

109. Plaintiffs provided valuable services for Defendants, at Defendants'

direction, and with Defendants' acquiescence.

110. Plaintiff conferred a valuable benefit on Defendants because Plaintiff provided services to Defendants without compensation.

111. Defendants demanded and accepted Plaintiffs' services and benefitted from Plaintiffs' work.

112. Defendants were aware that Plaintiff expected to be compensated for the services Plaintiffs provided Defendants.

113. Defendants have therefore benefited from the services rendered by Plaintiffs and it is inequitable for Defendants to retain the benefit of Plaintiffs' services without paying fair value.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court grants the following relief:

a. Trial by jury;

b. That judgment be entered against Defendants on all claims;

c. Actual and compensatory damages;

d. Punitive and liquidated damages based on Defendants' willful, malicious, intentional, and deliberate acts;

e. Reasonable attorney fees and expenses of litigation;

     f.  Prejudgment interest at the rate allowed by law;

     g.  Declaratory relief to the effect that Defendants violated Plaintiffs' statutory rights;

     h.  Injunctive relief prohibiting Defendants from further unlawful conduct of the type described herein; and

     i.  Any other relief this Court deems proper and just.

Respectfully submitted this 15th day of June, 2023.

                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                    <u>/s/Jarrell Bogan</u>
                                    Jarrell Bogan
                                    Georgia Bar No. 584018
                                    Amanda Brookhuis
                                    Georgia Bar No. 601396
                                    Kirby G. Smith
                                    Georgia Bar No. 250119
                                    *Attorneys for Plaintiffs*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com
jjb@kirbygsmith.com

## **JURY DEMAND**

Plaintiffs request a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15th day of June, 2023.

                    THE KIRBY G. SMITH LAW FIRM, LLC

                    /s/Jarrell Bogan
                    Jarrell Bogan
                    Georgia Bar No. 584018
                    Amanda Brookhuis
                    Georgia Bar No. 601396
                    *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com
jjb@kirbygsmith.com