## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Claudette Olivia Henry,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: _____** |
| | ) | |
| **v.** | ) | **(Removed from the Superior Court of** |
| | ) | **Fulton County, Georgia Civil Action No.** |
| **Freedom Mortgage Corp.** | ) | **2023CV380312)** |
| | ) | |
| **Defendants.** | ) | |

---

## NOTICE OF REMOVAL

Defendant Freedom Mortgage Corporation ("Freedom"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for this removal, Freedom states as follows:

### I.    Background

1.      On or about May 18, 2023, Plaintiff, acting *pro se*, filed a document titled "Complaint for Declaratory Judgment" (the "Complaint") in the Superior Court of Fulton County, Georgia as Action No. 2023CV380312 against Freedom (the "State Court Action").[1]

---

[1]      All pleadings that have been filed in the State Court Action that are available on the online docket for Fulton County, Georgia, are attached hereto as **Exhibit A**. Note that although Plaintiff references a number of Exhibits in her Complaint, she

2.     Plaintiff's Complaint seeks a declaration that Freedom's "interest is not legally supported and cannot sustain any interest in the subject property," located at 100 Old Alabama Place, Roswell, GA 30076 (the "Property"). (*See* Exhibit A, Complaint ("Compl."), at ¶¶3, 5, 29.) In short, Plaintiff seeks to have the Court declare that Freedom's secured interest in the Property is invalid. (*See id*.)

3.     Further, though Plaintiff does not expressly ask the Court to enjoin a foreclosure of the Property in the Complaint, Plaintiff's aim in filing the lawsuit is clearly an attempt to prevent Freedom from exercising its right to a non-judicial foreclosure on the Property. (*See* Compl., ¶¶23-24 (noting that the "foreclosing entity [Freedom] has failed to proffer any evidence that is legally entitled to foreclosure," and that the "foreclosing entity [Freedom] has failed to proffer any evidence that it has an interest in the subject property").)

4.     The Superior Court of Fulton County is a state court within this district and division.

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

---

has not attached those exhibits to her Complaint, nor has she otherwise filed them in the State Court Action. (*See* Doc. 1-1.)

based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

6.    Plaintiff's Complaint was filed on May 18, 2023. Defendant Freedom was served on May 23, 2023. (*See* Ex. A, at p. 10.) This Notice of Removal is being filed within 30 days of service of the Complaint on Freedom and is therefore timely.

## II.    Diversity Jurisdiction

7.    This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

8.    Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

9.    Here, both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied under the Complaint.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Freedom.

10.    Complete diversity exists here because Plaintiff and Freedom are not citizens of the same states.

11.    Plaintiff is a resident and citizen of the state of Georgia. (Compl., ¶3.)

12.    Defendant Freedom is a New Jersey Corporation, with its principal place of business located in Florida. (*See* Annual Registration of Freedom Mortgage

3

Corporation with the Georgia Secretary of State for the years 2022 and 2023, a true and accurate copy of which is attached hereto as **Exhibit B**.)[2] Therefore, Freedom is a citizen of New Jersey and Florida for the purposes of diversity jurisdiction. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

13.     Accordingly, there is complete diversity between Plaintiff and Freedom. (*See* Ex. B; Compl., ¶3.)

**B. *The Amount in Controversy Exceeds the Jurisdictional Amount.***

14.     Diversity jurisdiction requires an amount in controversy of greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15.     When a Plaintiff seeks declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the

---

[2]     The Court can take judicial notice of the records maintained by the Georgia Secretary of State pursuant to Fed. R. Evid. 201. *See Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc.*, 588 F. Supp. 3d 1328, 1331 n.3 (N.D. Ga. 2022) ("courts can take judicial notice of public records maintained by a secretary of state").

value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).[3]

16.     Here, Plaintiff seeks a declaration that an assignment of the security deed securing the Property as collateral for Freedom's home loan was invalid, and therefore (according to Plaintiff's allegations), Freedom has no valid interest in the Property. (*See* Compl., ¶¶3, 5-19, 26-31.) Based on this requested declaration, Plaintiff is seeking to avoid a non-judicial foreclosure of the Property. (*See id.*, at ¶¶22-24, 29.)

17.     Accordingly, the full value of the note for the Property is at issue, as is the value of the Property based on Plaintiff's request for a declaration that the note is unsecured, and therefore the Court should properly look to the value of the note and the Property in determining the amount in controversy for purposes of diversity jurisdiction. *See Cohen*, 204 F.3d at 1077; *Waller*, 296 F.2d at 547.

18.     As Plaintiff alleges, the value of the note is $378,939.00. (Compl., ¶¶5-7.)

19.     Additionally, current tax records from Fulton County, Georgia reflect that the total value of the Property is $534,200.00. (*See* tax assessment record of

---

[3]     Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty.*, 59 F.4th 1158, 1160 n.1 (11th Cir. 2023).

Fulton County, Georgia for tax year 2023 of 100 Old Alabama Place, attached hereto as **Exhibit C**).[4]

20.     Accordingly, the amount in controversy is in this matter is well in excess of $75,000.00. (*See* Compl., ¶¶5-7; Ex. C.)

21.     Because there is complete diversity of citizenship between Plaintiff and Freedom and because the amount in controversy is greater than $75,000.00, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

## III.    All Other Requirements for Removal are Satisfied.

22.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

23.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of Fulton County, Georgia, the forum in which the Civil Action was pending.

---

[4]     As with the records of the Georgia Secretary of State, the Court can take judicial notice of the records maintained by the Fulton County Board of Tax Assessors pursuant to Fed. R. Evid. 201. *See, e.g., Fuller v. Suntrust Mortg., Inc.*, No. 1:13–CV–3924–TWT, 2014 WL 3887916, at *7 n.8 (N.D. Ga. Aug. 6, 2014) (taking judicial notice of county property tax records for amount in controversy determination); *Pah v. JPMorgan Chase Bank, N.A.*, No. 1:12–CV–4071–JEC, 2014 WL 1683332, at *2 (N.D. Ga. Apr. 29, 2014) (relying, in part, on Cobb County Tax Assessor's valuation of property for amount in controversy); *Baker v. Select Portfolio Serv., Inc.*, No. 1:12–CV–03493–JEC, 2013 WL 4806907, at *4 n.5 (N.D. Ga. Sept. 9, 2013) (finding amount in controversy satisfied by the value of the property where most recent tax assessment exceeded $75,000).

24.    Freedom has heretofore sought no similar relief.

25.    Removal at the present time will not result in any prejudice to Plaintiff.

26.    Freedom reserves the right to amend or supplement this Notice of Removal.

27.    A copy of this Notice is being filed with the Clerk of the Superior Court of Fulton County, Georgia, as provided under 28 U.S.C. § 1446, as shown by **Exhibit D** attached hereto.

28.    By removing this action, Freedom does not waive any defenses available to it, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b).

29.    By removing this action, Freedom does not admit any of the allegations contained in Plaintiff's Complaint.

**WHEREFORE,** Freedom requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 15th day of June, 2023.

***[Signature appears on following page]***

7

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Erik J. Badia*
Erik J. Badia
Georgia Bar No. 327905
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 868-2100
ebadia@bradley.com

Keith S. Anderson
Georgia Bar No. 136246
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

*Counsel for Defendant Freedom Mortgage Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document

has been prepared in accordance with Local Rule 5.1(B).

*/s/ Erik J. Badia*
Erik J. Badia

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the foregoing Notice of Removal by filing a copy of the same with the Court's CM/ECF system, and by depositing a copy in U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Claudette Oliva Henry
100 Old Alabama Place
Roswell, GA 30076
*Pro Se* Plaintiff

this 15th day of June, 2023.

*/s/ Erik J. Badia*
Erik J. Badia

# EXHIBIT A

## Case Information

### CLAUDETTE HENRY VS. FREEDOM MORTGAGE CORPORATION

2023CV380312

🔄 Refresh  📁  👁🔒  🖨  🔗  | File Into |



| Location | Case Category | Case Type | Case Filed Date |
| --- | --- | --- | --- |
| Fulton - Superior Court ⇄ | Civil | DECLARATORY JUDGMENT CIVIL | 5/18/2023 |
| Judge | Case Status | | |
| EATON, CHARLES ▾ | Open (Open) | | |

## Parties

| Type | Name | Nickname/Alias | Attorneys |
| --- | --- | --- | --- |
| DEFENDANT | FREEDOM MORTGAGE CORPORATION ▾ | | |
| PLAINTIFF | CLAUDETTE HENRY ▾ | | Pro Se |

## Hearings

No hearings found.

## Events

| Oldest | Search events | 🔍 | ❓ | | ➕ All  ➖ All |

### Plaintiff's Original Petition
COMPLAINT FOR DECLARATORY JUDGMENT

File Date
5/18/2023

| Name | Description | Security Description | Pages | Price | |
| --- | --- | --- | --- | --- | --- |
| COMPLAINT.pdf | | SUDSG | 7 | $3.50 | 🛒 Add |

### SUMMONS
DECLARATORY JUDGMENT

File Date
5/18/2023

| Name | Description | Security Description | Pages | Price | |
| --- | --- | --- | --- | --- | --- |
| SUMMONS.pdf | | SUDSG | 1 | $0.50 | 🛒 Add |

### CASE INITIATION FORM
DECLARATORY JUDGMENT

File Date
5/18/2023

| Name | Description | Security Description | Pages | Price | |
| --- | --- | --- | --- | --- | --- |
| CASE INITIATION FORM.pdf | | SUDSG | 1 | $0.50 | Owned |

### OTHER
SHERIFF'S ENTRY OF SERVICE

File Date
6/9/2023

| Name | Description | Security Description | Pages | Price | |
| --- | --- | --- | --- | --- | --- |
| OTHER.pdf | | SUDSG | 2 | $1.00 | Owned |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.5.0.35


EMPOWERED BY
TYLER TECHNOLOGIES

Fulton County Superior Court
***EFILED***JT
Date: 5/18/2023 11:49 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**CLAUDETTE OLIVIA HENRY,**              Civil Action File No.:

                                                        2023CV380312

                    **Plaintiff,**

**vs.**


**FREEDOM MORTGAGE CORPORATION,**

                    **Defendant.**

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, Plaintiff Claudette Olivia Henry (hereinafter referred to as "Plaintiff"),

the undersigned acting *Pro se,* and pursuant to O.C.G.A. § 9-4-1 *et seq.*, proceeding to make the

above captioned Complaint for Declaratory Judgment, and in support thereof alleges as follows:


### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to GA Code §15-6-8.

2. Venue is proper in Fulton County, as the property which is the subject of this action is

    located here and because the actions complained of occurred in Fulton County.


### THE PARTIES

3. Plaintiff is *sui juris* before this Court, an individual over the age of 18 and at all times

    relevant to this action, a resident of Fulton County, Georgia.  At all times relevant to this

action, Plaintiff owned and has superior claim to the real property (hereinafter referred to as the "subject property") located at 100 Old Alabama Pl., Roswell, GA 30076.

4. Defendant is a for-profit financial services mortgage lending institution, and is, upon information and belief, headquartered in Marlton, New Jersey, and can be served via its Registered Agent in Georgia, C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805. At all times relevant to this action, upon information and belief, Defendant was licensed to conduct everyday business in Fulton County, Georgia.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

5. On or about March 6, 2020, Plaintiff purchased the subject property.

6. On or about July 8, 2021, Plaintiff refinanced the subject property through the execution of a Note and Security Deed. True and correct copies of the Note and Security Deed are attached hereto as Exhibits "A" and "B."

7. The Note references a loan in the amount of $378,939.00.

8. The Note shows no endorsements to the Note attempting to make the Note payable to anyone.

9. On or about March 31, 2023, a purported "Assignment of Security Deed" was filed and recorded with the Fulton County' Recorder's Office as Instrument #2023-0116830. Said assignment purports to assign the Security Deed from Mortgage Electronic Registration Systems, Inc. ("MERS"), as Grantee, as Nominee for Contour Mortgage Corporation, its Successors and Assigns, to Freedom Mortgage Corporation. See Exhibit "C."

10. MERS has no authority to transfer any beneficial interest in a mortgage loan.

11. It is stated in the MERS Procedures Manual, Release 19.0, dated June 14, 2010, specifically at Page 63–Transfer of Beneficial Rights to Member Investors, Overview: "Although MERS tracks changes in ownership of the beneficial rights for loans registered on the MERS System, MERS cannot transfer the beneficial rights to the debt. The debt can only be transferred by properly endorsing the promissory note to the transferee."(emphasis added).

12. It is stated in the MERS Residential Marketing Kit, Terms and Conditions: "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a Security Deed and any other form of security instrument under applicable state law.  6. MERS and the Member agree that: (i) the MERS System is not a vehicle for creating or transferring beneficial interests in mortgage loans..."

13. On April 28, 2023, the Note (the Debt) was identified in the Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2021-136. This trust is a Special Purpose Vehicle ("SPV"), which was created for the purpose of issuing mortgage-backed securities.

14. The returns that are paid on the mortgage-backed securities are derived from "slices"("tranches") of the pool of comingled payments. "Pooling" (commingling) these

trust assets to back financial instruments purportedly serve as the foundation for the instruments (as "securities") being offered and sold to secondary-market investors, in the process known as "securitization."

15. Securitization is the process of "aggregating" (i.e., commingling) the payments from a large number of mortgage loans into what is called a "mortgage pool" and then selling "shares" (called "certificates") to investors, who then receive "returns" over a specific time period. The "pool" of commingled mortgage payments is "sliced" into "tranches" from which many different "classes" of investments (with varying rates of "returns") are created, and subsequently offered for sale by way of a "prospectus." Based on this information, Plaintiff's mortgage payments ultimately flowed to and/or through the "pool" created by or on behalf of the Guaranteed REMIC Pass-Through Securities and MX Securities GinnieMae REMIC Trust 2021-136 Trust. However, in my opinion, it is impossible to determine the exact amounts from any mortgage payment paid out to any specific investor, as this was done after Plaintiff's payments were commingled with other monies.

16. Freedom Mortgage Corporation is not named or referenced in any way on the Note.

17. Defendant is however named in an Assignment of Security Deed.

18. U.S. Bank National Association as Trustee for the Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2021-136 not in its Individual Capacity, but solely as Trustee for Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2021-136 is not named or referenced in any way on the Note.

19. There is no evidence that Guaranteed REMIC Pass-Through Securities and MX Securities GinnieMae REMIC Trust 2021-136 ever received an ownership interest in the Note.

20. On or about May 1, 2023, Plaintiff had a Chain of Title Analysis and Mortgage Fraud Investigation performed by licensed investigator Joseph R. Esquivel, Jr.  See Exhibit "D."

21. The Fraud Investigation supports the facts contained herein.

22. There has been a break in the chain of title.

23. The foreclosing entity has failed to proffer any evidence that it is legally entitled to foreclosure.

24. The foreclosing entity has failed to proffer any evidence that it has an interest in the subject property.

25. As a result of Defendant's wrongful conduct, Plaintiff has been damaged and seeks equitable and monetary relief from this Court.

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest.  *Sparra v. Deutsche Bank Nat. Trust Co.*, 336 Ga. App. 418, 422 (1) (e), 785 S.E.2d 78 (2016).

28. An actual controversy has arisen and now exists between Plaintiff and Defendant specified hereinabove regarding Plaintiff's respective rights and duties in the subject note and security instrument.

29. A declaratory judgment by the Court, pursuant to O.C.G.A. §§ 9-4-1 *et seq.*, that Defendant's interest is not legally supported and cannot sustain any interest in the subject property is necessary to alleviate any uncertainty as to the respective rights and interests claimed in the subject property.

30. Plaintiff is in need of intervention by the Court to settle and afford relief from uncertainty and insecurity with respect to their rights, status, and legal relations relative to the subject property, and the ends of justice require that the declaration be made.

31. Plaintiff requests a judicial determination of the rights, obligations, and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

**WHEREFORE,** for all the foregoing reasons, Plaintiff requests this Honorable Court grant Plaintiff the following relief:

A) To expeditiously make and enter a declaratory judgment that Defendant has no legal or valid interest in the subject property;

B) For an award of costs for bringing suit herein; and

C) For any other further relief deemed just and proper.

Respectfully submitted this 18th, day of May 2023.

Claudette Olivia Henry
100 Old Alabama Pl
Roswell, GA 30076
Email: a8chenry@gmail.com
*Pro Se Plaintiff*

## VERIFICATION

Plaintiff has read the foregoing **COMPLAINT** and knows the contents thereof to be true; and the same is true of Plaintiff's own knowledge, except to the matters which are therein stated on our information and belief and as to those matters, Plaintiff believes them to be true. The foregoing is true, correct, complete and not misleading.

Sealed by the voluntary act of my own hand(s) on this _18th_ day of May, in the Year of our Lord, two thousand and twenty-three.

Claudette Olivia Henry
100 Old Alabama Pl
Roswell, GA 30076
Email: a8chenry@gmail.com
*Pro Se Plaintiff*

State of Georgia

County of _DeKalb_

Either known to me or having proper identification, Affiant personally came before me and having been duly sworn did state and affirm the above statements.

On this the _18th_ day of May 2023.

NOTARY PUBLIC

MARVIN WOOLEY
NOTARY PUBLIC
COMMISSION EXPIRES
Jan. 21, 2027
DEKALB COUNTY, GA

Complaint for Declaratory Judgment

Fulton County Superior Court
***EFILED***JT
Date: 5/18/2023 11:49 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

**Claudette Olivia Henry**

) Case
) No.: _____
)
)
)
**Plaintiff,**
)
)
**vs.**
)
**Freedom Mortgage Corp.**
)
)
)
)
**Defendant**
)
)
)
)

2023CV380312

**TO THE ABOVE NAMED DEFENDANT(S):**

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Claudette Olivia Henry
100 Old Alabama Pl
Roswell, GA 30076

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____5/18/2023_____ day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
                          Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

                          Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***JT
Date: 5/18/2023 11:49 AM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Fulton_____ **County**

| For Clerk Use Only 5/18/2023 | 2023CV380312 |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Henry       Claudett O.
Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

**Defendant(s)**

Freedom     Mortgage     Corporation
Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

Last        First        Middle I.        Suffix        Prefix

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☒ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***KJ
Date: 6/9/2023 2:42 PM
Cathelene Robinson, Clerk

23DI62

Civil Action No. _____

Date Filed _____

Magistrate Court ☐
Superior Court ☐
State Court ☐
Georgia, Gwinnett County

_Claudette Olivia Henry_

Attorney's Address

_Claudette Olivia Henry_
_100 Old Alabama Pl_
_Roswell, Ga 30076_
Name and Address of party to be served.

VS.                                    **Plaintiff**

_Freedom Mortgage Corporation_

_____   **Defendant**

_Freedom Mortgage Corporation_
_CT Corporation System_
_289 S Culver St, Lawrenceville_
_GA, 30046_

_____   **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☒
Served the defendant _Freedom Mortgage Corp._ a corporation
by leaving a copy of the within action and summons with _Jane Richardson_
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This ___23___ day of _May_, 20_23_.

_U. Higgins 50541_
**Deputy**

Sheriff Docket _____ Page _____

**Gwinnett County, Georgia**

WHITE: Clerk        CANARY: Plaintiff / Attorney        PINK: Defendant

SC-2 Rev.3.13

# EXHIBIT B

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 02/01/2023 13:27:50

## BUSINESS INFORMATION

| | | |
|---|---|---|
| **BUSINESS NAME** | : | FREEDOM MORTGAGE CORPORATION |
| **CONTROL NUMBER** | : | K201679 |
| **BUSINESS TYPE** | : | Foreign Profit Corporation |
| **JURISDICTION** | : | New Jersey |
| **ANNUAL REGISTRATION PERIOD** | : | 2023, 2024 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| David Firestone | CFO | 907 Pleasant Valley Ave, STE 3, Mount Laurel, NJ, 08054, USA |
| MARIA T GALLUCCI | Secretary | 907 PLEASANT VALLEY AVE. STE 3, MOUNT LAUREL, NJ, 08054, USA |
| STANLEY C. MIDDLEMAN | CEO | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| David Firestone | CFO | 30 Lake Center, 401 Route 73, SUITE 110, Marlton, NJ, 08053, USA |
| MARIA T GALLUCCI | Secretary | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| STANLEY C. MIDDLEMAN | CEO | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |

## AUTHORIZER INFORMATION

| | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Brian Richman |
| **AUTHORIZER TITLE** | : | Authorized Person |

# EXHIBIT C



Home    **Property Records Search**    Contact Us

Owner Search    Parcel Search    Address Search    Advanced Search    Personal Property Search    Map Search

| | |
|---|---|
| Profile | |
| Sales | |
| Residential | |
| Commercial | |
| Permits | |
| OBY | |
| **Values** | |
| Values History | |
| Land | |
| Agricultural | |
| Sketch | |
| Pictometry Imagery | |
| Map | |
| Appeals | |
| Appeals History | |
| Personal Property | |
| PP Value History | |
| Tax Information | |

PARID: 12 264806820012
HENRY CLAUDETTE OLIVIA &            100 OLD ALABAMA PL

Appraised Values

| Tax Year | Land | Building | Total |
|---|---|---|---|
| 2023 | 118,000 | 416,200 | 534,200 |

Assessed Value

| Tax Year | Class | Land | Building | Total | Base Year |
|---|---|---|---|---|---|
| 2023 | R3 | 47,200 | 166,480 | 213,680 | 2020 |

1 of 1

Return to Search Results

Actions
- Printable Summary
- Printable Version

Reports

Mailing List
Attribute Export
2022 Real Estate Notice
2023 Real Estate Notice
2022 Business PP Notice
2023 Business PP Notice

Go

Links
Land Use Codes

---

**BOARD OF ASSESSORS**



**Peachtree Center North Tower (Administrative Office)**
235 Peachtree Street, NE Suite 1400
Atlanta, GA 30303
Hours of Operation:
Monday-Friday 8am-4:30pm

**Fulton County Government Center**
141 Pryor Street, Suite 1018
Atlanta, GA 30303-3487

**Fulton County Customer Service Center**
11575 Maxwell Road, Suite 102
Alpharetta, GA 30009

**Greenbriar Mall**
2841 Greenbriar Parkway, Suite 124
Atlanta, GA 30331

**North Fulton Service Center**
7741 Roswell Road, N.E., Suite 210
Atlanta, GA 30350

**South Fulton Service Center**
5600 Stonewall Tell Road, Suite 224
College Park, GA 30349

# EXHIBIT D

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CLAUDETTE OLIVA HENRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action File No.:** |
| ) | **2023CV380312** |
| **FREEDOM MORTGAGE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

Notice is hereby given that on June 15, 2023, pursuant to the provisions of 28 U.S.C. §§ 1331, *et seq.*, Defendant Freedom Mortgage Corporation, filed with the United States District Court for the Northern District of Georgia, Atlanta Division, a Notice of Removal of the above-captioned case from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as **Exhibit 1**, and notice is being provided to Plaintiff.

Respectfully submitted this 15th day of June, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Erik J. Badia*
Erik J. Badia
Georgia Bar No. 327905
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 868-2100
ebadia@bradley.com

Keith S. Anderson
Georgia Bar No. 136246
One Federal Place
1819 Fifth Avenue North

1

Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

*Counsel for Defendant Freedom Mortgage Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I have on this day served a true copy of the foregoing Notice of Removal by filing a copy of the same with the Court's electronic filing system, which will send notice to all parties of record, and by depositing a copy in U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Claudette Oliva Henry
100 Old Alabama Place
Roswell, GA 30076
*Pro Se* Plaintiff

this 15th day of June, 2023.

*/s/ Erik J. Badia*
Erik J. Badia