**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **FRANK OSTEAN AND CLARA OSTEAN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) | |
| | ) | |
| **SAFECO INSURANCE COMPANY OF OF INDIANA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

<u>**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S**
**ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT**</u>

COMES NOW Defendant, Safeco Insurance Company of Indiana ("Safeco" or "Defendant"), by and through its undersigned counsel, within the time limits allowed by law, without waiver of any affirmative defenses raised herein, and timely states its Answer to Plaintiffs Frank Ostean and Clara Ostean ("Plaintiffs") Verified Complaint (the "Complaint").

Safeco responds to the individually numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

### 1.

Safeco admits the allegations contained in Paragraph 1 of the Complaint, but states that this matter has properly been removed from the Superior Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

### 2.

In responding to the allegations contained in Paragraph 2 of the Complaint, Safeco admits only that venue is proper in Gwinnett County, Georgia, but states this case has been properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

### 3.

In responding to the allegations contained in Paragraph 3 of the Complaint, Safeco admits only that venue is proper in Gwinnett County, Georgia, but states this case has been properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

### 4.

Safeco is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 4 of the Complaint and such allegations are deemed denied.

5.

Safeco admits the allegations contained in Paragraph 5 of the Complaint.

## FACTS

6.

In responding to the allegations contained in Paragraph 6 of the Complaint, Safeco admits only that Safeco Insurance Company of Indiana issued Policy No. OF2091553 to named insured Frank Ostean, for property located at 126 Holland Street NW, Marietta, Georgia 30064-2242 (the "Property"), with a policy period of July 26, 2020 to July 26, 2021, which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Safeco denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, Safeco admits only that the Policy provides coverage in accord with the terms, conditions, limitations and exclusions for 126 Holland Street, NW, Marietta, Georgia from July 26, 2020 to July 26, 2021.  Safeco denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

In responding to the allegations contained in Paragraph 8 of the Complaint, Safeco admits only that the Policy provides coverage in accord with the terms, conditions, limitations and exclusions. Safeco denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and such allegations are deemed denied.

10.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and such allegations are deemed denied.

11.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and such allegations are deemed denied.

12.

In responding to the allegations contained in Paragraph 12 of the Complaint,

Safeco admits only that it set up claim no. 045989240 for an incident that purportedly occurred on June 20, 2021 at the Property. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and such allegations are deemed denied.

13.

Safeco denies the allegations contained in Paragraph 13 of the Complaint.

14.

Safeco denies the allegations contained in Paragraph 14 of the Complaint.

15.

Safeco denies the allegations contained in Paragraph 15 of the Complaint.

16.

Safeco denies the allegations contained in Paragraph 16 of the Complaint.

17.

Safeco denies the allegations contained in Paragraph 17 of the Complaint.

18.

Safeco denies the allegations contained in Paragraph 18 of the Complaint.

19.

Safeco denies the allegations contained in Paragraph 19 of the Complaint.

20.

Safeco denies the allegations contained in Paragraph 20 of the Complaint.

21.

Safeco denies the allegations contained in Paragraph 21 of the Complaint.

22.

Safeco denies the allegations contained in Paragraph 22 of the Complaint.

23.

Safeco denies the allegations contained in Paragraph 23 of the Complaint.

24.

Safeco denies the allegations contained in Paragraph 24 of the Complaint.

25.

Safeco denies the allegations contained in Paragraph 25 of the Complaint.

26.

Safeco denies the allegations contained in Paragraph 26 of the Complaint.

27.

Safeco denies the allegations contained in Paragraph 27 of the Complaint.

28.

Safeco denies the allegations contained in Paragraph 28 of the Complaint.

29.

Safeco denies the allegations contained in Paragraph 29 of the Complaint.

30.

Safeco denies the allegations contained in Paragraph 30 of the Complaint.

31.

Safeco denies the allegations contained in Paragraph 31 of the Complaint.

32.

Safeco denies the allegations contained in Paragraph 32 of the Complaint.

33.

Safeco denies the allegations contained in Paragraph 33 of the Complaint.

34.

Safeco denies the allegations contained in Paragraph 34 of the Complaint.

35.

Safeco denies the allegations contained in Paragraph 35 of the Complaint.

36.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and such allegations are deemed denied.

37.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and such

allegations are deemed denied.

38.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and such allegations are deemed denied.

39.

Safeco denies the allegations contained in Paragraph 39 of the Complaint.

40.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and such allegations are deemed denied.

41.

Safeco denies the allegations contained in Paragraph 41 of the Complaint.

42.

Safeco denies the allegations contained in Paragraph 42 of the Complaint.

43.

Safeco denies the allegations contained in Paragraph 43 of the Complaint.

44.

In responding to the allegations contained in Paragraph 44 of the Complaint,

Safeco admits only that Plaintiffs made a demand on Safeco and that Demand is attached hereto as Exhibit B. Safeco is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations contained in Paragraph 44 of the Complaint and such allegations are deemed denied.

45.

Safeco denies the allegations contained in Paragraph 45 of the Complaint.

46.

Safeco denies the allegations contained in Paragraph 46 of the Complaint.

47.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and such allegations are deemed denied.

48.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and such allegations are deemed denied.

49.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and such

allegations are deemed denied.

50.

In responding to the allegations contained in Paragraph 50 of the Complaint, Safeco admits only that the terms and conditions of the Policy speak for themselves. Safeco denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.

Safeco denies the allegations contained in Paragraph 51 of the Complaint.

52.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and such allegations are deemed denied.

53.

Safeco denies the allegations contained in Paragraph 53 of the Complaint.

54.

In responding to the allegations contained in Paragraph 54 of the Complaint, Safeco admits only that the terms and conditions of the Policy speak for themselves. Safeco denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.

Safeco denies the allegations contained in Paragraph 55 of the Complaint.

56.

In responding to the allegations contained in Paragraph 56 of the Complaint, Safeco admits only that the terms and conditions of the Policy speak for themselves. Safeco denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.

Safeco denies the allegations contained in Paragraph 57 of the Complaint.

58.

Safeco denies the allegations contained in Paragraph 58 of the Complaint.

## COUNT I – BREACH OF CONTRACT

59.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 58 of the Complaint as if fully stated herein.

60.

In responding to the allegations contained in Paragraph 60 of the Complaint, Safeco admits only that the terms and conditions of the Policy speak for themselves. Safeco denies the remaining allegations contained in Paragraph 60 of the Complaint.

61.

Safeco denies the allegations contained in Paragraph 61 of the Complaint.

62.

Safeco denies the allegations contained in Paragraph 62 of the Complaint.

63.

Safeco denies the allegations contained in Paragraph 63 of the Complaint.

64.

Safeco denies the allegations contained in Paragraph 64 of the Complaint.

65.

Safeco denies the allegations contained in Paragraph 65 of the Complaint.

66.

Safeco denies the allegations contained in Paragraph 66 of the Complaint.

67.

Safeco denies the allegations contained in Paragraph 67 of the Complaint.

68.

Safeco denies the allegations contained in Paragraph 68 of the Complaint.

69.

Safeco denies the allegations contained in Paragraph 69 of the Complaint.

70.

Safeco denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT II – DECLARATORY JUDGMENT

71.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully stated herein.

72.

Safeco denies the allegations contained in Paragraph 72 of the Complaint.

73.

Safeco denies the allegations contained in Paragraph 73 of the Complaint.

74.

Safeco denies the allegations contained in Paragraph 74 of the Complaint.

## COUNT III – ATTORNEYS' FEES PURSUANT TO O.C.G.A. SECTION 13-6-11

75.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 74 of the Complaint as if fully stated herein.

76.

Safeco denies the allegations contained in Paragraph 76 of the Complaint.

77.

Safeco denies the allegations contained in Paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

In responding to the allegations contained in the final "Prayer for Relief" paragraph of Plaintiffs' Complaint, Safeco states that said paragraph, including sub-

paragraphs i-iv, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, Safeco denies any factual allegations purportedly contained in said paragraph, including sub-paragraphs i-iv, and denies that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to Plaintiffs' Complaint and without prejudice to the denials or other averments contained therein, Safeco asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Safeco denies each and every allegation, statement, matter or thing in the Complaint unless expressly admitted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco for the recovery of attorney's fees or penalties upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim for "bad-faith" against Safeco upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims for statutory penalties, fails as a matter of law because Safeco's adjustment of the Plaintiffs' claim was not frivolous or unfounded, was not willful, not intentional, not unreasonable, not in bad faith, and not stubbornly litigious, and Defendant has not caused Plaintiffs unnecessary trouble and expense.

## SIXTH DEFENSE

Plaintiffs have not sustained damage of the nature, and to the extent, claimed in the Complaint, and they are precluded from the recovery they seek.

## SEVENTH DEFENSE

The relief requested by Plaintiffs is barred because no action or omission by Safeco caused the Plaintiffs' injury or damage.

## EIGHTH DEFENSE

Plaintiffs' claims for extra-contractual damages, and for attorney's fees and costs pursuant to O.C.G.A. §13-6-11 and § 9-15-14 are barred because O.C.G.A. § 33-4-6 provides the exclusive remedy for extra-contractual claims against a first party property insurer.

## NINTH DEFENSE

Plaintiffs' claim for attorney's fees and expenses of litigation against Safeco pursuant to O.C.G.A. § 13-6-11 and § 9-15-14 are barred because Safeco's actions were not unreasonable, frivolous, unfounded, stubbornly litigious or in bad faith as a matter of law.

## TENTH DEFENSE

Safeco, while denying all liability to Plaintiffs, should be permitted a set-off for amounts which it has previously paid to the Insureds.

## ELEVENTH DEFENSE

Plaintiffs' Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

## TWELFTH DEFENSE

The limit of insurance provided in the Policy is $317,600 for Coverage A – Dwelling; $158,800 for Coverage C – Personal Property; and $63,520 for Coverage D, Additional Living Expense subject to a $500 deductible.  While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage compensable under the Policy, which is explicitly denied, Plaintiffs' claim is limited by these provisions of the Policy.

## THIRTEENTH DEFENSE

The Safeco Insurance Company of Indiana Policy provides at Form HOM-7030/EP R2 1/09 at pages 1- 4 of 25 as follows:

### BUILDING PROPERTY LOSSES WE DO NOT COVER

We do not cover loss caused directly or indirectly by any of the following excluded perils.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area;

\*\*\*

**10.  Water Damage**, meaning:

  **a.** (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, storm surge or spray from any of these, whether or not driven by wind, including hurricane or similar storm; or

    (2)  release of water held by a dam, levee, dike or by a water or flood control device or structure;

  **b.**  water below the surface of the ground, including that which exerts pressure on, or seeps or leaks through a building, wall, bulkhead, sidewalk, driveway, foundation, swimming pool, hot tub or spa, including their filtration and circulation systems, or other structure;

  **c.**  water which escapes or overflows from sewers or drains located off the *residence premises*;

17

d.  water which escapes or overflows from drains or related plumbing appliances on the ***residence premises***.  However, this exclusion does not apply to overflow and escape caused by malfunction on the ***residence premises***, or obstruction on the ***residence premises***, of a drain or plumbing appliance on the **residence premises**; or

e.  water which escapes or overflows or discharges, for any reason, from within a sump pump, sump pump well or any other system designed to remove water which is drained from the foundation area.

Water includes any water borne materials.

This exclusion applies whether the water damage is caused by or resulting from human or animal forces or any act of nature.

Direct loss by fire, explosion or theft resulting from water damage is covered.

***

17.  **Weather** that contributes in any way with a cause or event not covered in this section to produce a loss. However, any ensuing loss by a covered peril and not otherwise excluded is covered.

18.  **Planning, Construction or Maintenance**, meaning faulty, inadequate or defective:

a.  planning, zoning, development, surveying, siting;

     b.  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

     c.  materials used in repair, construction, renovation or remodeling; or

     d.  maintenance;

     of property whether on or off the ***Insured location*** by any person or organization.  However, any ensuing loss not excluded is covered.

Safeco offered and paid to the Plaintiffs all amounts arguably owing under the terms and conditions of the Policy and made a good faith effort to compensate Plaintiffs for all covered loss sustained.  Such payment exhausted the available coverage afforded by the Policy.  The Policy does not provide coverage for Plaintiffs' additional claimed losses based upon the provisions of the Policy quoted above.

<u>**FOURTEENTH DEFENSE**</u>

The Safeco Insurance Company of Indiana Policy provides in pertinent part, at Form HOM-7030/EP R2 1/09 at page 12 of 25, as follows:

    **5.  Loss Settlement.**  Covered property losses are settled as follows:

       **a.  Replacement Cost.**  Property under Coverage A or B at ***replacement cost***, not including those items listed in **5.b(2)** and **(3)** below subject to the following:

**(1)**   We will pay the full cost of repair or replacement, but not exceeding the smallest of the following amounts:

    **(a)**   the limit of liability under the policy applying to Coverage A or B;

    **(b)**   the ***replacement cost*** of that part of the damaged building for equivalent construction and use on the same premises as determined shortly following the loss;

    **(c)**   the full amount actually and necessarily incurred to repair or replace the damaged building as determined shortly following the loss;

    **(d)**   the direct financial loss you incur; or

    **(e)**   our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

**(2)**   When more than one layer of siding or roofing exists for **Building Property We Cover,** we will pay for the replacement of one layer only.  The layer to be replaced will be at your option.  The payment will be subject to all other policy conditions relating to loss payment.

**(3)**   If the cost to repair or replace is $1,000 or more, we will pay the difference between ***actual cash value*** and ***replacement cost*** only when the damaged or destroyed property is repaired or replaced.

(4) You may disregard the ***replacement cost*** loss settlement provisions and make claim under this policy for loss or damage to buildings on an ***actual cash value*** basis but not exceeding the smallest of the following amounts;

(a)   the applicable limit of liability;

(b)   the direct financial loss you incur; or

(c)   our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

You may still make claim on a ***replacement cost*** basis by notifying us of your intent to do so within 180 days after the date of loss.

**b.  *Actual Cash Value*.**

(1) Personal property covered under Coverage C;

. . .

at ***actual cash value*** at the time of loss not exceeding the amount necessary to repair or replace.

To the extent the Policy provides further coverage for any component of Plaintiffs' claims beyond that which has previously been paid, which coverage is specifically denied, Plaintiffs' recovery is limited in accord with the above-quoted policy provisions.

## **FIFTEENTH DEFENSE**

The Safeco Insurance Company of Indiana Policy provides in pertinent part at Page 13 of 25 of Form HOM-7030/EP R2 1/09,

12.     **Mortgage Clause.**

The word "mortgagee" includes trustee. If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

a.      notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b.      pays any premium due under this policy on demand if you have neglected to pay the premium;

c.      submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.

d.      complies with Item **3.e** of **Section 1 – Property Conditions.**

Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee. If the policy is canceled or not renewed by us, the mortgagee shall be notified at least 20 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee for any loss and deny payment to you:

e.      we are subrogated to all the rights of the

mortgagee granted under the mortgage on the property; or

f.      at our option, we shall receive full or partial assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt as our payment, including any accrued interest, as it bears to the amount of the principal on the mortgage.

Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

The Safeco Insurance Company of Indiana Policy, Special Provisions – Georgia, provides in pertinent part at Page 4 of 6 of Form HOM-7100/GAEP 9/19,

Under **12., Mortgagee Clause**, the following paragraph is deleted:

Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee. If the policy is canceled or not renewed by us, the mortgagee shall be notified at least 20 days before the date cancellation or non-renewal takes effect.

And the following paragraph substituted:

Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee. If the policy is canceled or not renewed by us, the mortgagee shall be, notified at least 15 days before the date cancellation or non-renewal takes effect. If the policy has been in effect for less than 60 days or is canceled for nonpayment of premium, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.

23

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage to the dwelling beyond that measured by Safeco, and which is compensable under the Policy, which is explicitly denied, any amount owed to Plaintiffs pursuant to the Policy for damage to the dwelling, which amounts are denied, must be paid in accord with the foregoing Policy provisions.

## SIXTEENTH DEFENSE

Inasmuch as the Complaint does not describe the Plaintiffs' underlying claims or damages with sufficient particularity to enable Safeco to determine all of its legal, contractual and equitable rights, Safeco reserves the right to amend or supplement the averments of this Answer to assert any and all defenses ascertained through further investigation and discovery in this action

**WHEREFORE**, Safeco respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 15th day of June 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter

Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Safeco Insurance Company of**
**Indiana**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

ISENBERG & HEWITT, P.C.

<u>/s/ Hilary W. Hunter</u>
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400 Telephone
(770) 828-0100 Facsimile
**Attorney for Defendant**
**Liberty Mutual Insurance Company**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **FRANK OSTEAN AND CLARA OSTEAN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) ) | |
| **SAFECO INSURANCE COMPANY OF OF INDIANA,** | ) ) ) | |
| **Defendant.** | ) | |

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed Defendant Safeco Insurance Company of Indiana's Answer To Plaintiffs' Complaint with the United States District Court's Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney:

Gregory O. Shenton
Shenton Law, P.C.
greg@shentonlawfirm.com

This 15th day of June 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696

Georgia Bar No. 892497
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Safeco Insurance Company of**
**Indiana**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FRANK OSTEAN AND CLARA OSTEAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) **CIVIL ACTION FILE NO.:** |
| v. | ) |
| | ) |
| SAFECO INSURANCE COMPANY OF OF INDIANA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## VERIFICATION

STATE OF _New Jersey_
COUNTY OF _Camden_

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oath, Charles Walter, who after being duly sworn, deposes and states that the facts in the attached DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT are true and correct to the best of my knowledge and belief.

_Charl TWutter_
Charles Walter

Sworn to and subscribed before me
this _15th_ day of _June_, 2023.

_Nancy G. Colon_
Notary Public
My Commission expires: _01 / 20 / 2026_

NANCY G. COLON
Notary Public, State of New Jersey
Comm. # 50149062
My Commission Expires 01/20/2026

NANCY G. COLON NOTARY PUBLIC NEW JERSEY