## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LINDA MCDUFFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO: |
| | ) | _____ |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| a foreign insurance company | ) [On removal from the State Court of | |
| Defendant. | ) Clayton County, Georgia; | |
| | ) Civil Action No. 2023CV00934] | |

_____

## STATE FARM FIRE AND CASUALTY COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm" or "Defendant"), by and through the undersigned attorneys, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against State Farm upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against State Farm under the policy of insurance bearing Policy No. 81-GD-M200-3 ("Policy"), which is the subject of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff for any cause of action, including for breach of contract, because State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At all times, State Farm acted in accordance with its rights and obligations as set forth in the Policy.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seek to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6, Plaintiff is barred from doing so as Plaintiff failed to

satisfy the procedural requirements to recover under O.C.G.A. § 33-4-6. Furthermore, any claims by Plaintiff of bad faith pursuant to O.C.G.A. § 33-4-6 fail in fact as a matter of law. State Farm has at all times acted in good faith and with reasonable probable cause with respect to the actions it has taken.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seek damages other than contractual damages, such remedies are not available to Plaintiff inasmuch as State Farm did not owe Plaintiff any duty independent of the Policy, and O.C.G.A. § 33-4-6 is the exclusive remedy available for extra contractual damages in breach of insurance contract claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover the amounts set forth in her Complaint because this amount does not reflect a reasonable value for the services to be performed to repair the damage related to a covered cause of loss and is not in accordance with the standard and custom of the industry.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from State Farm based on her breach of the policy conditions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## TENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because Plaintiff failed to properly mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering from State Farm benefits related to any exaggerated or exacerbated damages to the Property due to Plaintiff's failure to mitigate her damages or protect the Property as required by the Policy.

## TWELFTH AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiff and, therefore, Plaintiff is not entitled to recover from State Farm.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against State Farm because Plaintiff has failed to satisfy the conditions precedent to bringing suit as set forth in the insurance policy issued by State Farm and because this matter is time barred in accordance

with the terms and provisions of the Policy.  Specifically, Policy Number 81-GD-

M200-3 (the "Policy") provides:

> **Suit Against Us.** No action will be brought against *us* unless
> there has been full compliance with all of the policy provisions.
> Any action by any party must be started within one year after the
> date of loss or damage.
>
> However, if the action results from a loss caused by fire or
> lightning, the action must be started within two years after the
> date of loss or damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that she is entitled to recover the costs for

increased scope of repairs, Plaintiff is not entitled to recover these damages as the

Property did not sustain accidental direct physical damage covered under the Policy

beyond those for which State Farm estimated the costs to repair. Specifically, the

Policy provides:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING

> *We* will pay for accidental direct physical loss to the
> property described in Coverage I unless the loss is
> excluded or limited in **SECTION I – LOSSES NOT
> INSURED** or otherwise excluded or limited in this policy.
> However, loss does not include and *we* will not pay for,
> any *diminution in value*.

See also:  Loss Settlement provision, quoted above.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff is entitled to any recovery, which State Farm expressly denies, such recovery is limited by the coverage limits, terms and conditions of the Policy, including but not limited to, the Loss Settlement provisions.  The policy provides in **SECTION I – LOSS SETTLEMENT** as follows:

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction**
    a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:
        (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;
        (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;
        (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and
        (4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain her action against Defendant State Farm because Plaintiff did not satisfy her duties after loss in accordance with the policy requirements. The Policy provides:

## SECTION I – CONDITIONS

. .

2.   **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

   a.  Give immediate notice to *us* and *our* agent…

   b.  Protect the property from further damage or loss and also:

   (2)  Make reasonable and necessary temporary repairs required to protect the property; and

   (3)  Keep an accurate record of repair expenses;

   c.  Prepare an inventory of damaged or stolen personal property;

   (2)  Showing in detail the quantity, description, age, replacement cost, and amount of loss; and

   (3)  Attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

   d.  As often as *we* reasonably require:

   (2)  Exhibit the damaged property;

   (3)  Provide *us* with any requested records and documents and allow *us* to make copies;

   (4)  While not in the presence of any other ***insured***:

   1.  Give statements; and

   2.  Submit to examinations under oath; and

(5)   Produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e.   Submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

(2)   The time and cause of loss;

(3)   Interest of the *insured* and all others in the property involved and all encumbrances on the property;

(4)   Other insurance that may cover the loss;

(5)   Changes in title or occupancy of the property during the term of this policy;

(6)   Specifications of any damaged structure and detailed estimates for repair of the damage;

(7)   An inventory of damaged or stolen personal property described in 2.c.;

(8)   Receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(9)   Evidence or affidavit supporting a claim under **SECTION 1 – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damages that occurred outside the subject policy period.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery, which State Farm denies, such recovery is limited by the coverage limits, terms and conditions of the Policy,

including but not limited to, the Loss Settlement provisions of the Policy. Plaintiff cannot maintain a claim for replacement cost benefits against State Farm because the insurance contract provides that State Farm will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete, and the insured has submitted documentation to State Farm establishing that the expense has been incurred. *See Marchman v. Grange Mut. Ins. Co.*, 232 Ga. App. 481, 483 (1998). Specifically, the Policy provides:

## SECTION I – LOSS SETTLEMENT

**1. A1-   Replacement   Cost   Loss   Settlement   –   Similar Construction**

a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(b) until actual repair or replacement is completed, *we* will pay only the *actual cash value* at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations***,** not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property,

or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

(3) to receive any additional payments on a replacement cost basis, ***you*** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify ***us*** within 30 days after the work has been completed; and

(4) ***we*** will not pay for increased costs resulting from the enforcement of any ordinance or law regulating the construction, repair or demolition of a ***building structure*** or other structure, except as provided under **Option OL – Building Ordinance or Law**.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that it is entitled to recover extra-contractual damages pursuant to O.C.G.A. 13-6-11 or O.C.G.A. 9-15-14, Plaintiff fails to state a claim upon which relief can be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks additional policy benefits related to increased costs of construction due to the enforcement of applicable ordinance and/or law, these losses are generally excluded under the terms and provisions of the Policy and are subject to the limited coverage afforded pursuant to the Ordinance and Law Endorsement on the Policy.  Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure.

However, any limited coverage provided for additional construction costs associated with the enforcement of any ordinance or law is subject to the **Option OL – Building Ordinance or Law** provision contained in the Policy and the Policy limits.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate damages, as required by Georgia law and in accordance with the terms and provisions of the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff may not recover for any additional damages alleged in the Complaint because these damages are not the result of a covered cause of loss and because any loss alleged was not the result of a direct and accidental physical loss to the Property.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not been harmed and has not incurred any damages as a result of any act or omission from State Farm.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

State Farm is entitled to a set off against any award to Plaintiff in the amount of those amounts already paid to or on behalf of Plaintiff arising out of the claim which is the subject of this litigation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by and as a result of Plaintiff's or her representative's conduct, and Plaintiff is therefore estopped or precluded from additional recovery herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were proximately caused or contributed to by the omissions and alleged negligence of third parties over which Defendant State Farm had no control, thereby precluding recovery against Defendant State Farm.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover the cost of debris removal, Plaintiff is limited to recover the amount as described under the Policy.  The Policy provides:

### SECTION 1 – ADDITIONAL COVERAGES
…
1. **Debris Removal. *We*** will pay the reasonable expenses ***you*** incur in the removal of debris of covered property damaged by a ***loss insured***. This expense is included in the limit applying to the damaged property. The following coverages and limits also apply:
   a. When the amount payable for the property damages plus the debris removal exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense. This additional amount does not apply to **SECTION 1 – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping**.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover for personal property, such recovery is limited by the terms of the Policy. Specifically, Plaintiff is entitled to recover only for those items of personal property that were damaged by a covered

cause of loss, to the extent that the same could not be otherwise repaired or remediated. In pertinent part, the Policy states:

### COVERAGE B – PERSONAL PROPERTY

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value*.

1. **Fire or lightning.**

**…**

7. **Smoke**, meaning abrupt and accidental damage from smoke. This peril does not include loss caused by smoke from agricultural smudging or industrial operations.

### COVERAGE B – PERSONAL PROPERTY

**1. B1 – Limited Replacement Cost Loss Settlement.**

a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

(1) until repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged property;

(2) after repair or replacement is completed, *we* will pay the difference between the *actual cash value* and the cost *you* have actually and necessarily spent to repair or replace the property; and

-14-

(3) if property is not repaired or replaced within two years after the date of loss, *we* will pay only the ***actual cash value***.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the basis that the damages to the Property were the result of losses which are excluded under the Policy.  The Policy provides:

## SECTION I – LOSSES NOT INSURED

…

2. ***We*** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

…

d. **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff may not recover any further additional living expense benefits because Plaintiff is not entitled to any additional benefits under this Coverage pursuant to the language of the Policy provides:

## SECTION I – PROPERTY COVERAGES

...

## COVERAGE C – LOSS OF USE

The most *we* will pay for the sum of all losses combined under **Additional Living Expense**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. *Our* payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for *your* household to settle elsewhere; or

   c. 24 months.

This period of time is not limited by the expiration of this policy.

*We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

2. **Fair Rental Value.** When a *loss insured* causes that part of the *residence premises* rented to others or held for rental by *you* to become uninhabitable, *we* will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the *residence premises* rented or held for rental is uninhabitable.

3. **Prohibited Use. *We*** will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks,

beginning when a civil authority issues an order of evacuation or prohibits *your* use of the *residence premises*, provided that:

a. direct physical damage occurs to any property, other than covered property located on the *residence premises*, arising from a cause of loss that would be a *loss insured* under this policy if the damage had occurred to property on the *residence premises*;

b. the *residence premises* is within one mile of property damaged by a cause of loss identified in 3.a. above; and

c. the action of the civil authority is taken in response to:

  (1) dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

  (2) dangerous physical conditions resulting from the damage caused by the cause of loss identified in 3.a. above; or

  (3) the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

*We* will not pay for loss or expense due to cancellation of a lease or agreement.

## **THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff may not recover from Defendant on the basis of accord and satisfaction and payment.

## **THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff may not recover from Defendant due to Plaintiff's failure to cooperate with Defendant as part of its adjustment and investigation of this claim.

-17-

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages related to the abatement of toxic materials and/or pollutants, these costs are excluded under the Policy. The Policy provides:

## SECTION I – LOSSES NOT INSURED

1. **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

**…**

   j. contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source. This does not apply if the presence, discharge, dispersal, seepage, migration, release, or escape is itself caused by a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**.

      (1) Contaminants and pollutants include but are not limited to any:

         (a) solid, liquid, gaseous, or thermal irritant, including smoke from agricultural smudging or industrial operations, smog, soot, vapor, fumes, acids, alkalis, chemicals, pathogens, noxious substances, asbestos, or lead;

         (b) contaminants or pollutants resulting from any natural resource extraction activities; or

(c) fuel oil except as specifically provided in **SECTION I – ADDITIONAL COVERAGES**, **Fuel Oil Release**.

(2) *We* also will not pay for:

(a) losses arising from contamination or pollution caused by or resulting from defective building materials, nuclear substances, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed;

(b) the cost to extract contaminants or pollutants from land, water, or air, or the cost to remove, restore, or replace contaminated or polluted land, water, or air; or

(c) the cost of testing, monitoring, cleaning, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or assessing the effects of contaminants or pollutants;

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.  Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.

Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant's principal place of business is Bloomington, Illinois and it is incorporated in Illinois. Defendant admits that its registered agent for Georgia maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 and that its registered agent, Corporation Service Company, may be served with process. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint

are denied, including any allegations that this Court is the only Court with subject matter jurisdiction and personal jurisdiction in this matter.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.  Defendant denies that this jurisdiction is the only jurisdiction with proper venue in this matter.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that this Court has jurisdiction and venue over this matter. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits that it issued Policy number 81-GD-M200-3 (the "Policy") to Plaintiff. Defendant further admits that the Policy provided insurance coverage to the Property located at 2211 Carriage Drive, Morrow, GA 30260-1322 (the "Property") subject to the terms and provisions of the Policy and applicable Georgia law. Responding further, Defendant states that the Policy speaks for itself

and denies all allegations in Paragraph 6 of the Complaint in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant states that the Policy speaks for itself and denies all allegations in Paragraph 7 of the Complaint in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied. Defendant denies that it failed to provide Plaintiff with a certified copy of the Policy and denies that Plaintiff failed to request a certified copy of the Policy.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant states that the Policy speaks for itself and denies all allegations in Paragraph 8 of the Complaint in direct contravention to the express language of the Policy. Defendant denies that the policy provides "all perils" coverage for all lines of coverage afforded thereunder. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant states that the Policy speaks for itself and denies all allegations in Paragraph 9 of the Complaint in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

## FIRE DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that, upon information and belief, a fire reportedly occurred on April 24, 2021, which caused some damage to the Property and that the Policy was in effect on the reported date of loss, subject to its terms and conditions. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied, including any allegation that all of the damages alleged in the Complaint are related to the reported April 24, 2021, event.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that Plaintiff notified Defendant of the fire and

made a Claim, which was assigned claim no. 11-18X8-52C (the "Claim"). Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted State Farm to inspect the Property and submitted to an examination under oath. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied including but not limited to any allegations that Plaintiff fully cooperated with her duties under the Policy.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that State Farm inspected the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant denies that anyone died in the fire or as a result of the fire loss which is the subject of this litigation.

16.

Upon information and belief, Defendant admits that Plaintiff retained US Claim Adjusters in connection with her retention of a Public Adjuster, Lori Bradshaw. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied, including but not limited to any allegations that Defendant failed to compensate Plaintiff for the reasonable and necessary costs to repair the Property.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that State Farm inspected the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, including but not limited to any allegations that Plaintiff fully complied with her duties under the Policy.

18.

Defendant denies all allegations contained in Paragraph 18 of Plaintiff's Complaint..

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. Specifically, Defendant denies that the "Sworn Statement" attached as "Plaintiff's Exhibit C" is a "request for payment" or a "demand." Defendant also denies that it has "continued to frivolously underestimate and underpay Plaintiff's claim without just cause when the obligation to settle the claim has become reasonably clear…." Defendant is without knowledge or information to determine whether "Plaintiff's Exhibit C" is a "true and accurate copy" of the "Sworn Proof of Loss." Except as otherwise herein admitted, all remaining allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint. "Plaintiff's Exhibit D" appears to be a copy of correspondence sent from Defendant's counsel to Plaintiff's counsel. Defendant specifically denies that "Plaintiff's Exhibit D" in any way constitutes a demand for payment pursuant to O.C.G.A. § 33-4-6.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, including its representation that this loss occurred on February 18, 2021.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## **COUNT I – BREACH OF CONTRACT**

25.

To the extent a response is required to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant adopts and re-alleges its responses to the allegations contained in Paragraph 1 through 24 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint as phrased. Defendant responds further that the terms and provisions of the Policy speak for themselves and denies all allegations contained in Paragraph 27 of Plaintiff's complaint in direct contravention thereto.

28.

In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent a letter on April 22, 2022, asking for payment of $470,267.57 in damages related to the structural repairs to the Property and certain real personal property. Defendant denies that the claim was payable at the time this letter was submitted and denies that Plaintiff had satisfied her duties under the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including but not limited to any allegations that the April 22, 2022 letter constituted a valid bad faith demand, that said "demand" was timely, and/or that State Farm has

frivolously denied Plaintiff's Claim. Defendant denies all remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies all allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. Defendant specifically denies that it in any way breached any of the terms of the Policy.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. Defendant specifically denies that it in any way breached any of the terms of the Policy.

34.

To the extent a response is required to the allegations contained in Paragraph 34 of Plaintiff's Complaint, Defendant denies all allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT II – BAD FAITH

35.

To the extent a response is required to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Defendant adopts and re-alleges its responses to the allegations contained in Paragraph 1 through 34 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint, including subparts.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies all allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies all allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies all allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies all allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies all allegations contained in Paragraph 45 of Plaintiff's Complaint.

## **COUNT III – ATTORNEY'S FEES**

46.

To the extent a response is required to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendant adopts and re-alleges its responses to the allegations contained in Paragraph 1 through 45 of Plaintiff's Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant denies all allegations contained in Paragraph 48 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

46.

To the extent a response is required to the allegations contained in Paragraph 46 of Plaintiff's Complaint[1], Defendant denies all allegations contained in Improperly Numbered Paragraph 46 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

47.

Defendant denies all allegations contained in Paragraph 47 of Plaintiff's Complaint and Plaintiff's Prayer for Relief.

48.

Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically herein admitted.

WHEREFORE, Defendant requests that the following relief be granted:

a)      That Plaintiffs' Complaint be dismissed with prejudice;

b)      That Defendant be granted a jury of twelve;

c)      That Defendant be awarded reasonable attorney's fees and costs incurred in asserting its rights through this action; and

d)      That Defendant be awarded such other and further relief as this Court deems just and proper.

---

[1] This paragraph is improperly numbered and should be identified as Paragraph 49 of Plaintiff's Complaint. However, to ensure consistency, Defendant has mirrored Plaintiff's numbering.

This <u>15th</u> day of June, 2023.

Respectfully Submitted,

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Samuel M. Lyon, Esq.
Georgia Bar. No. 921804
***Attorneys for State Farm Fire and***
***Casualty Company***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Samuel.lyon@swiftcurrie.com

## LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this <u>15th</u> day of June, 2023.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Samuel M. Lyon, Esq.
Georgia Bar. No. 921804
***Attorneys for State Farm Fire and Casualty Company***

1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-3231
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Samuel.lyon@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing ***STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using the CM/ECF e-filing system, through which the Court will send notification to the following attorney:

William L. Flournoy, Esq.
Hair Shunnarah Trial Attorneys, LLC
4887 Belfort Road, Ste. 200
Jacksonville, Florida  32256
wflournoy@hstalaw.com
*Attorney for Plaintiff*

Respectfully submitted this <u>15th</u> day of June, 2023.

**S**WIFT, **C**URRIE, **M**C**G**HEE & **H**IERS, **LLP**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Samuel M. Lyon, Esq.
Georgia Bar. No. 921804
***Attorneys for State Farm Fire and Casualty Company***

1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-3231
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Samuel.lyon@swiftcurrie.com

-36-