IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW ROBERTS & CATHERINE ROBERTS,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST CLEARING, LLC, a/k/a First Clearing, Wells Fargo Advisors, LLC, Wells Fargo Clearing Services, LLC,<br><br>    Defendant. | CIVIL ACTION NO. |

# NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant First Clearing, LLC ("First Clearing"),[1] without waiving any defenses available under state and/or federal law, hereby removes this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, because this Court has diversity jurisdiction over this action.

---

[1] Misidentified as "First Clearing, LLC, a/k/a First Clearing, Wells Fargo Advisors, LLC, Wells Fargo Clearing Services, LLC." Wells Fargo Clearing Services, LLC is a separate legal entity and affiliate of First Clearing that does business under its trade name of Wells Fargo Advisors.

Accordingly, First Clearing hereby removes this action to this Court and in support states as follows:

### I.   BACKGROUND

1. On or about May 15, 2023, Plaintiffs Matthew Roberts ("Mr. Roberts") and Catherine Roberts ("Mrs. Roberts") (collectively "Plaintiffs") filed a civil action against First Clearing in the Superior Court of Gwinnett County, Georgia, Civil Action Number 23-A-04168-9 (the "Action").

2. True and correct copies of all process, pleadings, and orders served in the Action are attached hereto as **Exhibit A**.

3. The operative pleading in the Action is the original Complaint, in which Plaintiffs allege that in March 2023, First Clearing liquidated the securities in Plaintiffs' investment account and withdrew approximately $373,147.46 in funds. [Compl. ¶ 14.] Plaintiffs also allege they opened a line of credit with First Clearing secured by the funds in their investment account. [*Id.* ¶ 16.] Plaintiffs claim that First Clearing unlawfully exercised dominion and control over the funds in the investment account because Plaintiffs did not breach the terms of the account. [*Id.* ¶ 21.] Plaintiffs seek "special and actual damages in an amount no less than $373,147.46, plus pre-judgment interest at the legal rate, accruing since

03/23/2023," as well as general damages, punitive damages, attorney's fees and costs of litigation.  [*Id.,* Prayer.]

4. First Clearing was served with the Summons and Complaint on May 16, 2023.

5. First Clearing is removing the Action within 30 days of First Clearing's receipt of a copy of the Summons and Complaint.  Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

6. First Clearing denies all allegations in the Complaint and any other filings by Plaintiffs, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs are entitled to relief of any kind.  Presuming, however, for jurisdictional purposes only, that Plaintiffs' claims are valid, this Court has original jurisdiction over this case based on diversity jurisdiction.

7. By filing this Notice of Removal, First Clearing does not waive any of its denials, objections, or affirmative and other defenses.

## II.     DIVERSITY JURISDICTION

8. This Court has original diversity jurisdiction over the Action under 28 U.S.C. § 1332.

9. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

### A. **First Clearing Is Diverse from Plaintiffs.**

#### 1. Plaintiffs' Citizenship

11. As of the date of the filing of the Complaint and this Notice of Removal, Plaintiffs were and are residents and citizens of the State of Georgia. An account summary for Plaintiffs' investment account with Wells Fargo Advisors shows a designated Georgia home address for the at-issue investment account. A true, correct, and redacted copy of the account summary is attached hereto and incorporated herein by reference as **Exhibit B**. In addition, the online broker registration for Mr. Roberts, made publicly available by the Financial Industry Regulatory Authority, reveals that Mr. Roberts works in Dunwoody, Georgia. A true and correct copy of Mr. Rogers' broker registration profile is attached hereto and incorporated herein by reference as **Exhibit C** (see the address of Arkadios Capital near the top of p. 1).[2]

---

[2] Available at https://brokercheck.finra.org/individual/summary/5384235 (last accessed June 9, 2023).

12. Accordingly, for purposes of determining diversity of citizenship, Plaintiffs are citizens of Georgia. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."); *Simmons v. Skyway of Ocala*, 592 F. Supp. 356, 359 (S.D. Ga. 1984) (stating objective factors considered in determining domicile include locations of "employment;" "home ownership;" "banking;" and "receiving mail"); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (finding a district court must consider "the notice of removal and accompanying documents" when evaluating removability); *Fischer v. State Farm Mut. Auto. Ins. Co.*, 10-14124-CIV, 2011 WL 573836, at *1 (S.D. Fla. Feb. 15, 2011) (considering "the Notice of Removal and the attached [letter]," to evaluate removability).

### 2. First Clearing's Citizenship

13. First Clearing is a Delaware limited liability company. For diversity jurisdiction purposes, a limited liability company has the citizenship of its members. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009).

14. The only member of First Clearing is Wells Fargo Clearing Services, LLC ("WFCS").

15. WFCS is a Delaware limited liability company.

16. The only member of WFCS is Wachovia Securities Financial Holdings LLC, which is also a Delaware limited liability company.

17. The only member of Wachovia Securities Financial Holdings, LLC is EVEREN Capital Corporation, which is a Delaware Corporation with its principal place of business in North Carolina.

18. For purposes of determining diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation, and (2) the state of its principal place of business. 28 U.S.C. § 1332(c).

19. Therefore, EVEREN Capital Corporation is a citizen of Delaware and North Carolina for purposes of determining diversity jurisdiction.

20. As such, WFCS is a citizen of Delaware and North Carolina for purposes of determining diversity jurisdiction, which in turn makes First Clearing a citizen of Delaware and North Carolina for purposes of determining diversity jurisdiction.

21. Therefore, Plaintiffs and First Clearing are diverse, giving rise to diversity jurisdiction.

### B. The Amount in Controversy Exceeds the Jurisdictional Amount.

22. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

23. Plaintiffs allege that First Clearing converted approximately $373,147.46 in securities from Plaintiffs on or about March 23, 2023. Compl. ¶¶ 13-15. Therefore, the amount in controversy exceeds $75,000. *See, e.g., Byars v. Hartford Cas. Ins. Co.*, 409CV81 CDL, 2009 WL 3077128, at *1 (M.D. Ga. Sept. 23, 2009) ("Plaintiff alleges in the Complaint that he suffered losses of $79,392.77 … These allegations alone establish that the amount in controversy is greater than $75,000."); *Baypoint Office Tower, Inc. v. Chubb Custom Ins. Co.*, 12-20893-CIV, 2012 WL 2192853, at *2 (S.D. Fla. June 14, 2012) (finding requirement satisfied where "plaintiff's claim for property stolen exceeds $75,000.00"); *Cox v. Patton*, 1:11-CV-01098-JEC, 2012 WL 13006247 at *3 (N.D. Ga. Mar. 21, 2012) (finding requirement satisfied where property's "market value at time of [alleged] conversion" was greater than $75,000).

24. For damages, Plaintiffs demand, *inter alia*, the amount of the securities at the time of their liquidation, plus pre-judgment interest at the legal rate. [*Id.* ¶ 25; Prayer ¶ (a)]

25. This demand alone satisfies the jurisdictional threshold. *See Maloy v. Wells Fargo Bank, N.A.*, 5:15-CV-121-LJA, 2016 WL 9137461, at *2 (M.D. Ga. Feb. 24, 2016) ("Third, the amount in controversy exceeds $75,000. Plaintiff demands in his Complaint "compensatory damages and sanctions in the amount of one million dollars for fraud.""); *Caterpillar Fin. Servs. Corp. v. Nesbitt*, CV 317-050, 2018 WL 1002629, at *1 (S.D. Ga. Feb. 21, 2018) ("Caterpillar claims it is owed well over $75,000, so the amount in controversy requirement is satisfied.") (citing prayer).

26. Based on the foregoing, the amount in controversy requirement is satisfied several times over.

27. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III.   VENUE

28. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 90(a)(2), because this district and division encompass the Superior Court of Gwinnett County, Georgia, the forum from which the case has been removed.

## IV.  NOTICE

29. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attaching this Notice of Removal, is being filed contemporaneously with the Clerk of the Superior Court of Gwinnett County, Georgia, a copy of which is attached hereto as **Exhibit D**.

30. Upon information and belief, the pleadings attached hereto as **Exhibit A** represent all the pleadings served in this action in the state court.

31. This Notice of Removal is being served on the adverse party as required by 28 U.S.C. § 1446(d).

WHEREFORE, the First Clearing hereby removes the Action to this Court.

Dated:   June 15, 2023

        Respectfully submitted,

        */s/ Keith J. Barnett*
        Keith J. Barnett, Georgia Bar No. 142340
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        600 Peachtree Street NE, Suite 3000
        Atlanta, Georgia 30308
        T: (404) 885-3000
        F: (404) 885-3900
        keith.barnett@troutman.com
        *Counsel for Defendant First Clearing, LLC*

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on June 15, 2023, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, and sent via U.S. Mail, addressed as follows:

>William R. Carlisle, Esq.
>Carlisle Law Firm
>P.O. Box A
>Winder, GA 30680

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 15th day of June, 2023.

>*/s/ Keith J. Barnett*
>Keith J. Barnett