EXHIBIT 1

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| DELTA AIR LINES, INC., UNIFI, LLC | ) | |
| AVIATION, LLC and JOHN DOE | ) | **JURY TRIAL DEMANDED** |
| CORPORATIONS (1-5), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RENEWAL COMPLAINT

COMES NOW LATOYA SCOTT ("Plaintiff"), Plaintiff in the above-styled action, by and through undersigned counsel, and files this Complaint pursuant to O.C.G.A. § 9-2-61 against Delta Air Lines, Inc.("Delta"), Unifi Aviation, LLC, ("Unifi Aviation") and John Doe Corporations (1-5), respectfully showing the following:

### PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Delta and Unifi Aviation liable for injuries sustained by Plaintiff when certain employees, under the direction and control of Delta and Unifi Aviation, broke protocol and procedure, and deviated from Federal law, when transporting Plaintiff, with a broken leg, without a proper aisle chair, from a Delta aircraft and when deplaning causing further injury.

2.

This action constitutes a recommencement within six (6) months of the dismissal, on January 19, 2022, of Civil Action Number 2021CV1011501912, in the Magistrate Court of Charleston

1

County, State of South Carolina, styled *Latoya Daniella Scott v. Delta Air Lines, Inc. and John Doe Corporations (1-5).*

## PARTIES, JURISDICTION AND VENUE

### 3.

At all times material hereto, the Plaintiff, was and is a resident of South Carolina, Georgia.

### 4.

Plaintiff is informed and believes and thereon alleges that Delta is a Delaware corporation that maintains its principal place of business and headquarters at 1030 Delta Boulevard, Dept 982, Atlanta, Fulton County, Georgia 30354 and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

### 5.

Plaintiff is informed and believes and thereon alleges that Unifi Aviation, LLC is a Delaware corporation that maintains its principal place of business and headquarters at 950 E. Paces Ferry Road, Suite 2000, Atlanta, Fulton County, Georgia 30326 and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

### 6.

The true names and/or capacities, whether individual, corporate, associate or otherwise of Does 1 through 5, inclusive, are unknown to plaintiffs at this time, and who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and thereby

2

EXHIBIT 1

proximately and legally caused the injuries and damages to Plaintiffs as hereinafter alleged. The plaintiff will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same has been ascertained.

7.

At all times mentioned herein, the Doe Defendants were agents, employees, and representatives of each other, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, service, and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

8.

Defendants are subject to the jurisdiction of this Court and the venue is proper in this Court.

### FACTS AND BACKGROUND

9.

Plaintiff incorporates by reference Paragraphs 1 through 8 of her Complaintas if fully set forth.

10.

On May 15, 2021, Plaintiff was a passenger on a Delta flight emanating from Atlanta, Georgia to San Antonio, Texas.

11.

Plaintiff underwent knee surgery on March 2, 2021, and required wheelchair assistance an aisle chair, for enplaning and deplaning to prevent further injury, falls and/or injuries.

12.

On May 15, 2021, Plaintiff was traveling back from San Antonio, Texas and and Delta and Unifi Aviation employees were required to assist Plaintiff with navigating Hartsfield Jackson airport and provide mobility while using the wheelchair.

3

13.

On the same day and at the same time, Delta employees, specifically Denisha Butler, assisted Plaintiff with the deplaning process and failed to provide a wheelchair to deplane. After twenty minutes an employee of the Defendants arrived to provide service and to Plaintiff's next boarding gate.

14.

Ms. Butler would not bring the wheelchair to the flight door and forced Plaintiff to hobble off the plane and into the boarding gate.

15.

Once the wheelchair was in place, Plaintiff explained she could not load into the wheelchair from the side due to pain in her leg and needed the wheelchair turned. Ms. Butler, yelled, "GET IN THE WHEELCHAIR FROM THE SIDE", simultaneously turning the wheelchair and striking the Plaintiff's injured leg.

16.

Delta, instead of allowing the Plaintiff to load into the wheelchair as she had successfully done numerous times since surgery, Ms. Butler was injured again during the transport from one gate to the next connection flight due to Ms. Butler's recklessly assisting the Plaintiff pushing the wheelchair.

17.

Defendants cause Plaintiff to miss her connecting flight to Atlanta.

18.

Defendants forced Plaintiff to sit in the rear of the plane in a middle seat. Despite repeated requests to be placed in an aisle seat so her leg could remain outstretched and elevated.

4

19.

The plaintiff was in severe pain, reaggravation and sustained serious injuries which required treatment.

## COUNT I- VIOLATION OF AIR CARRIER ACCESS ACT (14 CFR § 382) ALL DEFENDANTS

20.

Plaintiff incorporates by reference Paragraphs 1 through 19 herein theComplaint as if fully set forth.

21.

Defendants had a heightened duty to ensure the Plaintiff's safety during enplaning, while aboard, and upon deplaning its aircraft and at any arrival and departure port.

22.

Defendants had a duty, as set out in the Air Carrier Access Act, 14 CFR § 382.40(b), to assist the disabled Plaintiff in deplaning by use of "suitable devices that donot require employees to lift or carry passengers . . ."

23.

Defendants, pursuant to 14 CFR § 382.40(c)(6), had a duty to ensure that all accessibility equipment was properly maintained in proper working condition.

24.

Defendants, pursuant to 14 CFR § 382.40a (d), had the duty to train its personnelthat was involved in providing boarding assistance, training to proficiency in the use of the boarding assistance equipment used by the carrier and appropriate boarding assistance procedures that safeguard the safety and dignity of passengers.

25.

The aforementioned duties of the Defendants are non-delegable and each were breached in their entireties by using untrained/unqualified staff, defective equipment, and improper technique in assisting Plaintiff with deplaning, all of which caused her injuries.

## COUNT II- NEGLIGENCE OF ALL DEFENDANTS

26.

Plaintiff incorporates by reference Paragraphs 1 through 25 herein the Complaint as if fully set forth.

27.

Defendants had a duty to ensure the Plaintiff's safety during enplaning, while aboard, and upon deplaning and at any arrival and departure port.

28.

Defendants were negligent and breached its duty of reasonable care for the safety and protection of Plaintiff in all or more of the following ways:

    (a)    failing to ensure it had access to proper equipment as is mandated by Federal law;

    (b)    failing to ensure that it used proper equipment to transport disabled patients in compliance with Federal law;

    (c)    failing to implement and/or follow policies, measures, and procedures necessary to protect the disabled Plaintiff and other disabled patrons;

    (d)    failing to properly train its staff and/ or contractors in such a manner as to ensure the safety of disabled passengers;

(e)     failing to properly train its staff and/or contractors to perform their job functions as related to disabled passengers in compliance with Federal law.

29.

As a direct and proximate result of Defendant's actions, as above described, which were intentional, carelessness, and negligent, Plaintiff reaggravated her injuries and severely injured while in their care and sustained not only physical injury but substantial mental pain and suffering, psychological injuries, and unrelenting embarrassment for which she is entitled to recover.

## COUNT III-ATTORNEY'S FEES

Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs above as if fully restated.

30.

Defendants by refusing to resolve Plaintiff's claim and compensate her injuries even though no bona fide controversy exists, has acted in bad faith, has been stubborn litigious and, thus, has caused Plaintiff unnecessary trouble and expense.

31.

Plaintiff, in light of the foregoing, demands, and is entitled to recover, attorney's fees and expenses pursuant to O.C.G.A. §13-6-11.

## DAMAGES

32.

Plaintiff realleges and incorporate by reference all prior allegations contained in this Complaint as if fully set forth herein.

33.

7

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred reasonable and necessary medical expenses, which are below itemized, and for which he is entitled to recover.

| Medical Provider | Dates of Service | Amount of Final Bill |
|---|---|---|
| John M. Graham Roper St. Francis Physician Partners Orthopaedics | 09/01/2022-03/02/2023 | $1,179.00 |
| Roper St. Francis Physician Partners ATI Physical Therapy-Moncks Corner | 11/19/2021-02/10/2023 | $1,610.53 |
| Pain Institute of Charleston | 05/09/2022 | $200.15 |
| Imagine Physical Therapy | 06/01/2021-02/17/2023 | $4,606.00 |
| Berkley Family Practice | 05/17/2021-03/02/2022 | $1,032.01 |
| **TOTAL MEDICALS** | | **$8,627.69** |

34.

As a direct and proximate result of Defendants' negligence, Plaintiff has endured physical and mental pain and suffering, psychological injuries, and unrelating embarrassment and is, thus, entitled to an award of general damages.

**WHEREFORE**, having stated her Complaint against the Defendants, Plaintiff respectfully prays:

(a) that service of process issue upon the Defendants as provided by law;

(b) that she be granted a trial by jury;

(c) that she be granted recovery for his past and future mental and emotional pain and suffering;

(d) that she be granted recovery of past special damages in an amount that exceeds **$15,000.00;**

8

EXHIBIT 1

(e) that she be granted recovery for general damages in an amount that is fair and just;

(f)    for all cost of this action, including attorney fees, all with interest as provided by law; and

(g)    that she have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of May, 2023.

**THE LAW OFFICES OF NOAH J. MOORE**

*/s/ Noah Moore*
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

9

EXHIBIT 1

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  FULTON  County

| For Clerk Use Only |
|---|
| Date Filed _____  Case Number _____ |
| MM-DD-YYYY |

**Plaintiff(s)**
SCOTT, LATOYA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
DELTA AIRLINES

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

UNIFI AVIATION , LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** NOAH MOORE      **State Bar Number** 622240      **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
Case Number              Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXHIBIT 2

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV002883
5/14/2023 2:34 PM
**Donald Talley, Clerk**
Civil Division

**GEORGIA, FULTON COUNTY**                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
       **Civil Division**                                CIVIL ACTION FILE #: _____

LATOYA SCOTT
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

                    vs.

UNIFI AVIATION, LLC c/o Corporation Service  Company

2 Sun Court, Suite 400,

Peachtree Corners, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Noah Moore
_____
Address: 600 Peachtree Street, Suite N.E., Suite 3710
_____
City, State, Zip Code: Atlanta, Georgia 30308                    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.        _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

EXHIBIT 2

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV002883
5/14/2023 2:34 PM
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LATOYA SCOTT,                          )
                                       )
    Plaintiff,              )
                                       )
v.                                     )   CIVIL ACTION FILE NO.:
                                       )
DELTA AIR LINES, INC., UNIFI, LLC      )
AVIATION, LLC and JOHN DOE             )   **JURY TRIAL DEMANDED**
CORPORATIONS (1-5),                    )
                                       )
    Defendants.             )

## RENEWAL COMPLAINT

COMES NOW LATOYA SCOTT ("Plaintiff"), Plaintiff in the above-styled action, by and through undersigned counsel, and files this Complaint pursuant to O.C.G.A. § 9-2-61 against Delta Air Lines, Inc.("Delta"), Unifi Aviation, LLC, ("Unifi Aviation") and John Doe Corporations (1-5), respectfully showing the following:

## PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Delta and Unifi Aviation liable for injuries sustained by Plaintiff when certain employees, under the direction and control of Delta and Unifi Aviation, broke protocol and procedure, and deviated from Federal law, when transporting Plaintiff, with a broken leg, without a proper aisle chair, from a Delta aircraft and when deplaning causing further injury.

2.

This action constitutes a recommencement within six (6) months of the dismissal, on January 19, 2022, of Civil Action Number 2021CV1011501912, in the Magistrate Court of Charleston

1

EXHIBIT 2

County, State of South Carolina, styled *Latoya Daniella Scott v. Delta Air Lines, Inc. and John Doe Corporations (1-5).*

## PARTIES, JURISDICTION AND VENUE

3.

At all times material hereto, the Plaintiff, was and is a resident of South Carolina,Georgia.

4.

Plaintiff is informed and believes and thereon alleges that Delta is a Delaware corporation that maintains its principal place of business and headquarters at 1030 Delta Boulevard, Dept 982, Atlanta, Fulton County, Georgia 30354 and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent,Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Plaintiff is informed and believes and thereon alleges that Unifi Aviation, LLC is a Delaware corporation that maintains its principal place of business and headquarters at 950 E. Paces Ferry Road, Suite 2000, Atlanta, Fulton County, Georgia 30326 and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

The true names and/or capacities, whether individual, corporate, associate orotherwise of Does 1 through 5, inclusive, are unknown to plaintiffs at this time, and who thereforesue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referredto and thereby

2

EXHIBIT 2

proximately and legally caused the injuries and damages to Plaintiffs as hereinafter alleged. The

plaintiff will ask leave of court to amend this Complaint to insert the true names and/or capacities

of such fictitiously named defendants when the same has been ascertained.

7.

At all times mentioned herein, the Doe Defendants were agents, employees, and

representatives of each other, and in doing the things hereinafter alleged, were acting within the

course and scope of such agency, service, and representation, and directed, aided and abetted,

authorized or ratified each and every act and conduct hereinafter alleged.

8.

Defendants are subject to the jurisdiction of this Court and the venue is proper in this Court.

## FACTS AND BACKGROUND

9.

Plaintiff incorporates by reference Paragraphs 1 through 8 of her Complaint as if

fully set forth.

10.

On May 15, 2021, Plaintiff was a passenger on a Delta flight emanating from

Atlanta, Georgia to San Antonio, Texas.

11.

Plaintiff underwent knee surgery on March 2, 2021, and required wheelchair assistance an

aisle chair, for enplaning and deplaning to prevent further injury, falls and/or injuries.

12.

On May 15, 2021, Plaintiff was traveling back from San Antonio, Texas and and Delta and

Unifi Aviation employees were required to assist Plaintiff with navigating Hartsfield Jackson airport

and provide mobility while using the wheelchair.

EXHIBIT 2

13.

On the same day and at the same time, Delta employees, specifically Denisha Butler, assisted Plaintiff with the deplaning process and failed to provide a wheelchair to deplane. After twenty minutes an employee of the Defendants arrived to provide service and to Plaintiff's next boarding gate.

14.

Ms. Butler would not bring the wheelchair to the flight door and forced Plaintiff to hobble off the plane and into the boarding gate.

15.

Once the wheelchair was in place, Plaintiff explained she could not load into the wheelchair from the side due to pain in her leg and needed the wheelchair turned. Ms. Butler, yelled, "GET IN THE WHEELCHAIR FROM THE SIDE", simultaneously turning the wheelchair and striking the Plaintiff's injured leg.

16.

Delta, instead of allowing the Plaintiff to load into the wheelchair as she had successfully done numerous times since surgery, Ms. Butler was injured again during the transport from one gate to the next connection flight due to Ms. Butler's recklessly assisting the Plaintiff pushing the wheelchair.

17.

Defendants cause Plaintiff to miss her connecting flight to Atlanta.

18.

Defendants forced Plaintiff to sit in the rear of the plane in a middle seat. Despite repeated requests to be placed in an aisle seat so her leg could remain outstretched and elevated.

4

EXHIBIT 2

19.

The plaintiff was in severe pain, reaggravation and sustained serious injuries which required treatment.

## COUNT I- VIOLATION OF AIR CARRIER
## ACCESS ACT (14 CFR § 382) ALL DEFENDANTS

20.

Plaintiff incorporates by reference Paragraphs 1 through 19 herein theComplaint as if fully set forth.

21.

Defendants had a heightened duty to ensure the Plaintiff's safety during enplaning, while aboard, and upon deplaning its aircraft and at any arrival and departure port.

22.

Defendants had a duty, as set out in the Air Carrier Access Act, 14 CFR § 382.40(b), to assist the disabled Plaintiff in deplaning by use of "suitable devices that donot require employees to lift or carry passengers . . ."

23.

Defendants, pursuant to 14 CFR § 382.40(c)(6), had a duty to ensure that all accessibility equipment was properly maintained in proper working condition.

24.

Defendants, pursuant to 14 CFR § 382.40a (d), had the duty to train its personnelthat was involved in providing boarding assistance, training to proficiency in the use of the boarding assistance equipment used by the carrier and appropriate boarding assistance procedures that safeguard the safety and dignity of passengers.

5

25.

The aforementioned duties of the Defendants are non-delegable and each were breached in their entireties by using untrained/unqualified staff, defective equipment, and improper technique in assisting Plaintiff with deplaning, all of which caused her injuries.

## COUNT II- NEGLIGENCE OF ALL DEFENDANTS

26.

Plaintiff incorporates by reference Paragraphs 1 through 25 herein the Complaint as if fully set forth.

27.

Defendants had a duty to ensure the Plaintiff's safety during enplaning, while aboard, and upon deplaning and at any arrival and departure port.

28.

Defendants were negligent and breached its duty of reasonable care for the safety and protection of Plaintiff in all or more of the following ways:

(a)    failing to ensure it had access to proper equipment as is mandated by Federal law;

(b)    failing to ensure that it used proper equipment to transport disabled patients in compliance with Federal law;

(c)    failing to implement and/or follow policies, measures, and procedures necessary to protect the disabled Plaintiff and other disabled patrons;

(d)    failing to properly train its staff and/ or contractors in such a manner as to ensure the safety of disabled passengers;

6

EXHIBIT 2

(e)  failing to properly train its staff and/or contractors to perform their job functions as related to disabled passengers in compliance with Federal law.

29.

As a direct and proximate result of Defendant's actions, as above described, which were intentional, carelessness, and negligent, Plaintiff reaggravated her injuries and severely injured while in their care and sustained not only physical injury but substantial mental pain and suffering, psychological injuries, and unrelenting embarrassment for which she is entitled to recover.

### COUNT III-ATTORNEY'S FEES

Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs above as if fully restated.

30.

Defendants by refusing to resolve Plaintiff's claim and compensate her injuries even though no bona fide controversy exists, has acted in bad faith, has been stubborn litigious and, thus, has caused Plaintiff unnecessary trouble and expense.

31.

Plaintiff, in light of the foregoing, demands, and is entitled to recover, attorney's fees and expenses pursuant to O.C.G.A. §13-6-11.

### DAMAGES

32.

Plaintiff realleges and incorporate by reference all prior allegations contained in this Complaint as if fully set forth herein.

33.

EXHIBIT 2

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred reasonable and necessary medical expenses, which are below itemized, and for which he is entitled to recover.

| Medical Provider | Dates of Service | Amount of Final Bill |
|---|---|---|
| John M. Graham Roper St. Francis Physician Partners Orthopaedics | 09/01/2022–03/02/2023 | $1,179.00 |
| Roper St. Francis Physician Partners ATI Physical Therapy-Moncks Corner | 11/19/2021–02/10/2023 | $1,610.53 |
| Pain Institute of Charleston | 05/09/2022 | $200.15 |
| Imagine Physical Therapy | 06/01/2021–02/17/2023 | $4,606.00 |
| Berkley Family Practice | 05/17/2021–03/02/2022 | $1,032.01 |
| **TOTAL MEDICALS** | | **$8,627.69** |

34.

As a direct and proximate result of Defendants' negligence, Plaintiff has endured physical and mental pain and suffering, psychological injuries, and unrelating embarrassment and is, thus, entitled to an award of general damages.

**WHEREFORE,** having stated her Complaint against the Defendants, Plaintiff respectfully prays:

(a) that service of process issue upon the Defendants as provided by law;

(b) that she be granted a trial by jury;

(c) that she be granted recovery for his past and future mental and emotional pain and suffering;

(d) that she be granted recovery of past special damages in an amount that exceeds **$15,000.00;**

EXHIBIT 2

(e) that she be granted recovery for general damages in an amount that is fair and just;

(f)  for all cost of this action, including attorney fees, all with interest as provided by law; and

(g)  that she have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of May, 2023.

THE LAW OFFICES OF NOAH J. MOORE

*/s/ Noah Moore*
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

9

EXHIBIT 2

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___FULTON_____ County

| For Clerk Use Only |
| --- |
| Date Filed _____        Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
SCOTT, LATOYA

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
DELTA AIRLINES

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
UNIFI AVIATION , LLC
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___NOAH MOORE_____ **State Bar Number** ___622240___ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                 **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXHIBIT 9

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| DELTA AIR LINES, INC., UNIFI | ) | |
| AVIATION, LLC and JOHN DOE | ) | **JURY TRIAL DEMANDED** |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT UNIFI AVIATION, LLC

COMES NOW Plaintiff and hereby requests that Defendant UNIFI AVIATION, LLC,

produce for inspection and copying the following documents in the possession, custody, or control

of Defendant and its representative pursuant to O.C.G.A. §9-11-34 within forty-five (45) days

from the date of service hereof at Cambre & Associates, LLC, 2310 Parklake Drive, Suite 300,

Atlanta, Georgia 30345, or at such other time, date, and location agreed to by counsel for

Defendant and the undersigned counsel, and to serve a written response hereto within forty-five

(45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production,

plaintiff asks that each document to which privilege is claimed by identified with such particularity

and in such a manner that the Court, and not counsel unilaterally, may determine whether the

document is indeed entitled to privileged status. As used herein, the terms listed below mean the

following:

1.       "Document" means every writing, electronic data or file, printing, record, graphic,

photographic or sound  reproduction of every type and description that is in your possession,

control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, order, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.      "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.      If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.      The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## REQUEST FOR PRODUCTION

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiffs Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

EXHIBIT 9

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

EXHIBIT 9

9.

Each and every document relating to any written or recorded statement inquired about inInterrogatory No. 6 of Plaintiffs First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant' procedure(s) for reporting, taking and/or filing incident reports, effective on the date of thisincident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of thisincident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint relating to enplaning and deplaning disabled passengers, including but not limited to any references to procedures for enplaning and deplaning persons who have disabilities or employ the use of a wheelchair.

14.

A blank copy of the incident report used by Defendant for documenting and reporting Plaintiff's injury on the date of this incident as alleged in the Complaint.

15.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury on the date of this incident as alleged in the Complaint.

EXHIBIT 9

16.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning injuries on the subject property after the subject date of loss.

17.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiffs injury at the subject property on the date of the incident as alleged in the Complaint.

18.

Copies of any and **all** of your employee or agents timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

19.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of the incident as alleged in the Complaint.

Respectfully submitted this 14th day of May, 2023.

THE LAW OFFICES OF NOAH J. MOORE

/s/ Noah Moore
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

EXHIBIT 9

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

EXHIBIT 1



## Notice of Service of Process

**null / PERINJ**
**Transmittal Number: 26945795**
**Date Processed: 05/17/2023**

| | |
|---|---|
| **Primary Contact:** | Nicole Russ<br>Delta Air Lines, Inc<br>1030 Delta Blvd<br>Dept 982<br>Atlanta, GA 30354-1989 |
| **Electronic copy provided to:** | Melba Prevost<br>Alexander Rowedder<br>Shannon Shaw |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number 2078129 |
| **Entity Served:** | Delta Airlines, Inc |
| **Title of Action:** | Latoya Scott vs. Delta Air Lines, Inc. |
| **Matter Name/ID:** | Latoya Scott vs. Delta Air Lines, Inc. (14080150) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Fulton County State Court, GA |
| **Case/Reference No:** | 23EV002883 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/17/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | The Law Offices of Noah J. Moore<br>470-579-6082 |

**Notes:** Plaintiff seeking recovery of damages that exceeds $15,000. Plaintiff recovering from knee surgery was struck by wheelchair further injuring leg. Incident caused her to miss her connecting flight.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT 1

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

LATOYA SCOTT
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

DELTA AIRLINES, INC c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ***********|
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Noah Moore

Address: 600 Peachtree Street N.E., Suite 3710

City, State, Zip Code: Atlanta, Georgia 30308                     Phone No.: _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**EXHIBIT 3**

State Court of Fulton County
**E-FILED**
23EV002883
5/24/2023 9:49 AM
Donald Talley, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case: 23EV002883 | Court: IN THE STATE COURT OF FULTON COUNTY, CIVIL DIVISION | County: FULTON | Job: 8882817 |
|---|---|---|---|
| Plaintiff / Petitioner: LATOYA SCOTT | | Defendant / Respondent: DELTA AIRLINES, INC. | |
| Received by: Southeastern Process Servers | | For: THE LAW OFFICE OF NOAH J. MOORE | |
| To be served upon: Delta Airlines, Inc. | | | |

I, Rochelle Earthrise, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and Informed said person of the contents herein

Recipient Name / Address:  Alisha Smith accepted service on their behalf, Authorized., Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092

Manner of Service:  Registered Agent, May 17, 2023, 11:40 am EDT

Documents:  SUMMONS, RENEWAL COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DELTA AIRLINES, INC., PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT DELTA AIRLINES, INC.., PLAINTIFF LATOYA SCOTT'S CONTINUING INTERROGATORIES TO DELTA AIRLINES, INC., AND GENERAL CIVIL AND DOMESTIC RELATIONSCASE FILING INFORMATION FORM. (Received May 15, 2023, at 12:55 pm EDT)

**Additional Comments:**

1) Successful Attempt: May 17, 2023, 11:40 am EDT at Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by Delta Airlines, Inc., was Corporate served in c/o Corporation Service Company, Alisha Smith accepted service on their behalf, Authorized.
Delta Airlines, Inc., was Corporate served in c/o Corporation Service Company, Alisha Smith accepted service on their behalf, Authorized.

| | |
|---|---|
| _Rochelle Earthrise_  5/22/2023 | Subscribed and sworn to before me by the affiant who is personally known to me in the state of Georgia, Dekalb County. |
| Rochelle Earthrise        Date | |
| ID# CPS 236 | Notary Public |
| | 5/22/2023 |
| Southeastern Process Servers | Date         Commission Expires   7/19/24 |
| 2296 Henderson Mill Rd NE # 116 | |
| Atlanta, GA 30345 | |
| 404-330-9066 | |



EXHIBIT 4

State Court of Fulton County
**E-FILED**
23EV002883
5/24/2023 9:49 AM
Donald Talley, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case: 23EV002883 | Court: IN THE STATE COURT OF FULTON COUNTY, CIVIL DIVISION | County: FULTON | Job: 8882777 |
|---|---|---|---|
| Plaintiff / Petitioner: LATOYA SCOTT | | Defendant / Respondent: UNIFI AVIATION, LLC | |
| Received by: Southeastern Process Servers | | For: THE LAW OFFICE OF NOAH J. MOORE | |
| To be served upon: Unifi Aviation, LLC. | | | |

I, Rochelle Earthrise, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Alisha Smith accepted service on their behalf, Authorized., Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092

Manner of Service:   Registered Agent, May 17, 2023, 11:40 am EDT

Documents:   SUMMONS, RENEWAL COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNIFI AVIATION, LLC., AND GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM. (Received May 15, 2023, at 12:55 pm EDT)

Additional Comments:
1) Successful Attempt: May 17, 2023, 11:40 am EDT at Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by Unifi Aviation, LLC. was Corporate served in c/o Corporation Service Company, Alisha Smith accepted service on their behalf, Authorized. Age: 41; Ethnicity: African American; Gender: Female; Weight: 141; Height: 5'6"; Hair: Black; Eyes: Brown; Relationship: Authorized; Unifi Aviation, LLC. was Corporate served in c/o Corporation Service Company; Alisha Smith accepted service on their behalf, Authorized.

| | |
|---|---|
| *Rochelle Earthrise* _____ 5/22/2023 | Subscribed and sworn to before me by the affiant who is personally known to me in the state of Georgia, Dekalb County. |
| Rochelle Earthrise    Date | *Susan Earthrise* |
| ID# CPS 236 | Notary Public |
| | 5/22/2023        07/19/24 |
| Southeastern Process Servers | Date        Commission Expires |
| 2296 Henderson Mill Rd NE # 116 | |
| Atlanta, GA 30345 | |
| 404-330-9066 | |



EXHIBIT 5

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| DELTA AIR LINES, INC., UNIFI | ) | |
| AVIATION, LLC and JOHN DOE | ) | **JURY TRIAL DEMANDED** |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF LATOYA SCOTT'S FIRST CONTINUING
### INTERROGATORIES TO DELTA AIR LINES, INC.

COMES NOW Plaintiff, LATOYA SCOTT, by and through undersigned counsel, and propounds Plaintiff First Continuing Interrogatories upon Defendant DELTA AIR LINES, INC., in the above-styled cause of action.

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your responses upon counsel for Plaintiff, Cambre & Associates, LLC, within forty-five (45) days after service.

If you object to any portion of any Interrogatory, answer such Interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

### I.    DEFINITIONS

1. When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document,

EXHIBIT 5

and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.  If the document has been previously identified fully, it may be identified by name in subsequent responses.

2.     When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant in this action.

3.     As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control or custody of Defendant or of which Defendant has knowledge, including without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

4.     As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

5.     As used herein, "date" shall mean the exact date, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

6.     As used herein, "identify" or "specify," when used in reference to:

     (a)     a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present or last known business or government affiliation (designating which) job title, employment address, business and residence telephone numbers (designating which);

EXHIBIT 5

(b)      in the case of a <u>document</u>, the title (if any); the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)      in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control or access of Defendant, whether Defendant will make it available to Plaintiff attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody or control of Defendant, what disposition was made of it, and why.

7.      <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident which forms the subject matter of the Complaint, through and including the date of your answer hereto.

8.      When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories provided it marks each document to designate the paragraph of the Interrogatory to which document is responsive.

9.      <u>Note</u>: These Interrogatories and any accompanying Requests to Produce shall be deemed continuing so as to require supplemental answers pursuant to O.C.G.A. § 9-11-26(e).

## II.      **INTERROGATORIES**

1.

Please identify the full and correct legal names of the owner and also the operator of the subject ground passenger transport vehicle, including names and addresses. If these are tow,

EXHIBIT 5

different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brough action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part(a);

EXHIBIT 5

(c) Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d) Assisted Plaintiff after she was struck by the ground passenger transport vehicle on your premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's property.

9.

With particularity sufficient to satisfy O.C.G.A. 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant Delta who was working at the subject property on the date of the incident described in the Complaint.

EXHIBIT 5

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party?   If so, identify what party was photographed or videoed, and identify all person who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please identify each individual who operated or maintained or otherwise was responsible for operating ground passenger transport vehicles on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them at the time of Plaintiff's fall.

13.

State each and every fact upon which you rely for each affirmative defense in your in your Answer to Plaintiff's Complaint.

14.

Identify any and all persons known to Defendant who was present on the date Plaintiff was injured.

15.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

    (a)    Whether an incident report was prepared;

    (b)    The information contained in the incident report;

EXHIBIT 5

(c)     The names, addresses, telephone number, present place of employment, work telephone number, job title, and present whereabouts of any and all persons having knowledge regarding Plaintiff's injuries.

16.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's complaint, any procedure or program for the operation of ground passenger transport vehicles by Defendant or someone acting on its behalf, which such procedure or program was designed to identify and/or discovery potential hazards to the users of the premises thereof. If so:

(a) Provide a general description of each such procedure or programs, including the identify of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each such procedure or program and their findings.

17.

Please identify any and all procedures or programs for inspection of subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a) Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b) Identify each person charged with said inspection(s);

EXHIBIT 5

(c) Identify each person charged with implementing and conducting each such procedure or program; and

(d) Identify all documents relating to such procedure or programs and their findings.

18.

Please identify any and all changes that have been made to your policies and/or procedures concerning the operation of ground passenger transport vehicles at the subject property since the date of this incident as alleged in the Complaint.

19.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

(a) The party whom you contend was guilty of such negligence;

(b) Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Each and every fact and reason upon which you base your contentions; and

(d) Each and every person who has any knowledge or information concerning each such fact.

20.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that the defective condition existed with the subject aisle chair which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(a) State the date y0ou acquired such knowledge and/or information;

(b) State what knowledge and/or information you had;

EXHIBIT 5

(c) Identify the person or persons who made such knowledge and/or information known to you;

(d) State whether any remedial and/or corrective action was taken based upon such knowledge,

(e) Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f) Identify any documents relating to such condition and/or corrective action.

21.

Please identify any inherent aspect of the subject aisle chair where Plaintiff was injured that you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified:

(a) State when you were apprised of such inherent risk of danger; and

(b) Identify all documents relating to such fact or circumstance.

22.

Identify each and every other document, tangible object or other item of real, documentary evidence or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

23.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendant and related to injuries at the subject property occurring during the last three (3) years.

24.

Please identify all individuals who had knowledge of Defendant's operation of ground passenger transport vehicles on the date of this incident as alleged in the Complaint.

EXHIBIT 5

25.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

Respectfully submitted this 14th day of May, 2023.

THE LAW OFFICES OF NOAH J. MOORE

*/s/ Noah Moore*
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

EXHIBIT 6

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| DELTA AIR LINES, INC., UNIFI, LLC | ) | |
| AVIATION, LLC and JOHN DOE | ) | **JURY TRIAL DEMANDED** |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT DELTA AIR LINES, INC.

COMES NOW Plaintiff and hereby requests that Defendant Delta Airlines, Inc., produce

for inspection and copying the following documents in the possession, custody, or control of

Defendant and its representative pursuant to O.C.G.A. §9-11-34 within forty-five (45) days from

the date of service hereof at Cambre & Associates, LLC, 2310 Parklake Drive, Suite 300, Atlanta,

Georgia 30345, or at such other time, date, and location agreed to by counsel for Defendant and

the undersigned counsel, and to serve a written response hereto within forty-five (45) days from

the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production,

plaintiff asks that each document to which privilege is claimed by identified with such particularity

and in such a manner that the Court, and not counsel unilaterally, may determine whether the

document is indeed entitled to privileged status. As used herein, the terms listed below mean the

following:

1.    "Document" means every writing, electronic data or file, printing, record, graphic,

photographic or sound  reproduction of every type and description that is in your possession,

EXHIBIT 6

control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, order, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.      "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.      If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.      The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## REQUEST FOR PRODUCTION

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiffs Complaint.

2.

EXHIBIT 6

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

EXHIBIT 6

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about inInterrogatory No. 6 of Plaintiffs First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant' procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of thisincident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of thisincident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint relating to enplaning and deplaning disabled passengers, including but not limited to any references to procedures for enplaning and deplaning persons who have disabilities or employ the use of a wheelchair.

14.

A blank copy of the incident report used by Defendant for documenting and reporting

EXHIBIT 6

Plaintiff's injury on the date of this incident as alleged in the Complaint.

15.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury on the date of this incident as alleged in the Complaint.

16.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning injuries on the subject property after the subject date of loss.

17.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiffs injury at the subject property on the date of the incident as alleged in the Complaint.

18.

Copies of any and **all** of your employee or agents timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

19.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of theincident as alleged in the Complaint.

Respectfully submitted this 14th day of May, 2023.

EXHIBIT 6

**THE LAW OFFICES OF NOAH J. MOORE**

*/s/ Noah Moore*
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

EXHIBIT 7

State Court of Fulton County
**E-FILED**
23EV002883
5/14/2023 2:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LATOYA SCOTT,                                )
                                             )
    Plaintiff,                        )
                                             )       CIVIL ACTION FILE NO.:
    v.                                )
                                             )
                                             )
DELTA AIRLINES, INC., UNIFI                  )
AVIATION, LLC and JOHN DOE                   )       **JURY TRIAL DEMANDED**
CORPORATION                                  )
                                             )
    Defendants.                       )

---

### PLAINTIFF FIRST REQUESTS FOR ADMISSION TO
### DEFENDANT DELTA AIRLINES, INC.

COMES NOW Plaintiff and hereby requests that Defendant DELTA AIRLINES, INC.,

("Defendant Delta") admit for the purpose of this action the truth of the following facts within

forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. §9-11-36. If

any request cannot be truthfully admitted or denied, please state in detail the reason why you

cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety,

please specify that part which you cannot admit or deny and state in detail the reasons for any such

qualifications. If you assert any claim of privilege in response to any or all of these requests, set

forth, with respect to each sub request(s) as to which a claim of privilege is asserted, the nature of

the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on the date of this incident as alleged in the Complaint, Plaintiff was not

properly strapped into the wheelchair when deplaning.

EXHIBIT 7

2.

Please admit that on the date of this incident, as alleged in the Complaint, Defendant Delta had a written policy or guidelines for the operation of wheelchairs and special services.

3.

Please admit that on the date of this incident, as alleged in the Complaint, Defendant Unifi Aviation, LLC had a written policy or guidelines for the operation of wheelchairs and special services.

4.

Please admit that Unifi Aviation, LLC had a contract to perform passenger assistance services for Delta's passengers, including the transfers of passengers to and from wheelchairs to aircraft seats.

5.

Please admit that Delta had a contract with a Unifi Aviation, LLC to perform assistance on how to properly enplane and deplane disabled passengers.

6.

Please admit that Unifi Aviation, LLC was a contractor for Delta.

7.

Please admit that prior interacting with the traveling public, contractor personnel are required to complete training regarding the requirements of 14 C.F.R. 382 and Delta's disability procedure, including the proper and safe operation of any equipment used to accommodate individuals with a disability.

8.

EXHIBIT 7

Please admit that Defendant Delta did not exercise ordinary care in keeping the Plaintiff safe.

9.

Please admit that Defendant Delta is required to institute and maintain an effective quality assurance program to ensure Passenger Assistance Services comply with 14 C.F.R. Part 382.

10.

Please admit that this court has personal jurisdiction over Defendant Delta for the purposes of this lawsuit.

11.

Please admit that venue for this action proper as alleged in this Complaint.

12.

Please admit that sufficiency of process as to the Defendants was proper.

13.

Please admit that service of process on Defendants was proper.

Respectfully submitted this 14th day of May, 2023.

THE LAW OFFICES OF NOAH J. MOORE

/s/ Noah Moore
NOAH MOORE
Georgia Bar No. 622240
Counsel for Plaintiff

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

EXHIBIT 8

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV002883**
**5/14/2023 2:34 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| | ) | |
| DELTA AIR LINES, INC., UNIFI | ) | |
| AVIATION, LLC and JOHN DOE | ) | **JURY TRIAL DEMANDED** |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF FIRST REQUESTS FOR ADMISSION TO
### DEFENDANT UNIFI AVIATION, LLC

COMES NOW Plaintiff and hereby requests that Defendants UNIFI AVIATION, LLC, ("Defendant UNIFI") admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. §9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reason why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each sub request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on the date of this incident as alleged in the Complaint, Plaintiff was not properly strapped into the wheelchair when deplaning.

EXHIBIT 8

2.

Please admit that on the date of this incident as alleged in the Complaint, Defendant UNIFI had a written policy or guidelines for the operation of wheelchairs and special services.

3.

Please admit that Unifi had a contract to perform passenger assistance services for Delta's passengers, including the transfers of passengers to and from wheelchairs to aircraft seats.

4.

Please admit that Delta Airlines, Inc., had a contract with a Unifi to perform assistance on how to properly enplane and deplane disabled passengers.

5.

Please admit that Unifi was a contractor for Delta Airlines, Inc.

6.

Please admit that prior interacting with the traveling public, contractor personnel are required to complete training regarding the requirements of 14 C.F.R. 382 and Unifi's disability procedure, including the proper and safe operation of any equipment used to accommodate individuals with a disability.

7.

Please admit that Defendant UNIFI did not exercise ordinary care in keeping the Plaintiff safe.

8.

Please admit that Defendant Unifi is required to institute and maintain an effective quality assurance program to ensure Passenger Assistance Services comply with 14 C.F.R. Part 382.

EXHIBIT 8

9.

Please admit that this court has personal jurisdiction over Defendant Unifi for the purposes of this lawsuit.

10.

Please admit that venue for this action proper as alleged in this Complaint.

11.

Please admit that sufficiency of process as to the Defendant Unifi was proper.

12.

Please admit that service of process on Defendant Unifi was proper.

Respectfully submitted this 14th day of May, 2023.

THE LAW OFFICES OF NOAH J. MOORE

*/s/ Noah Moore*
NOAH MOORE
Georgia Bar No. 594393
*Counsel for Plaintiff*

600 Peachtree Street N.E., Suite 3710
Atlanta, Georgia 30308
(p) (470)579-6082
(f) (833) 790-4544
Noah@injuryfirmatl.com
Veronica@injuryfirmatl.com

State Court of Fulton County
**E-FILED**
23EV002883
6/16/2023 8:28 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| LATOYA SCOTT, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 23EV0028830 |
| DELTA AIR LINES, INC., UNIFI, LLC, AVIATION, LLC AND JOHN DOE CORPORATIONS (1-3 | |
| Defendants. | |

### NOTICE OF FILING NOTICE OF REMOVAL

**TO:** CLERK, STATE COURT OF FULTON COUNTY
185 Central Avenue
Atlanta, Georgia 30303

PLEASE TAKE NOTICE that Defendants DELTA AIR LINES, INC. and UNIFI, LLC, by and through the undersigned counsel, has on this date filed its Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto as Exhibit "A."

Respectfully submitted this 16th day of June 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*

JUSTIN M. KERENYI
Georgia Bar No. 416623
CHRISTI MOORE
Georgia Bar No. 585242

*Counsel for Defendants Delta Air Lines, Inc. and Unifi, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com
cmoore@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL** upon counsel for all parties by electronically filing the same with the Clerk of Court through Odyssey eFile GA, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Noah Moore, Esq.
THE LAW OFFICES OF NOAH J. MOORE
600 Peachtree Street, NE, Suite 3710
Atlanta, GA  30308
Noah@inuryfirmatl.com
veronica@injuryfirmatl.com

This 16th day of June 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*

JUSTIN M. KERENYI
Georgia Bar No. 416623
CHRISTI MOORE
Georgia Bar No. 585242

191 Peachtree Street, NE, Suite 2900       *Counsel for Defendant Delta Air Lines, Inc.*
Atlanta, Georgia 30303                      *and Unifi, LLC*
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com
cmoore@hallboothsmith.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LATOYA SCOTT,<br><br>       Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., UNIFI, LLC,<br>AVIATION, LLC AND JOHN DOE CORPORATIONS (1-3)<br><br>       Defendants. | CIVIL ACTION<br><br>FILE NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

**COME NOW**, Defendant Delta Air Lines, Inc. and Defendant Unifi, LLC (hereinafter "Defendants") named as Defendants in the above-referenced matter, and file this Notice of Removal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1441 and 1446.

1. This Notice is filed on behalf of Defendants in this case.

2. This action was commenced in the State Court of Fulton County, Georgia, as Civil action File No. 23EV002883. Plaintiff's initial pleading commencing this renewal action was filed with the Clerk of the State Court

## EXHIBIT A

of Fulton County on May 17, 2023. Service on Defendants was perfected on May 17, 2023. See Exs. 3, 4. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

3. The action is a civil suit that purports to state a claim for violation of the Air Carrier Access Act (14 CFR § 382). See Ex. 1, at Paragraphs 21-24). Plaintiff alleges Defendants violated 14 CFR § 382.40 in its breach of duties to Plaintiff during her deplaning process upon arrival at Hartsfield Jackson Atlanta International Airport ("Airport"), during her enplaning process and while aboard her departure flight from the Airport on May 15, 2021. Id.

4. This Court therefore has original jurisdiction over the 14 CFR § 382 claim under 28 U.S.C. § 1331.

5. The United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate district court embracing the place where this action is pending.

6. As of this filing, Defendant has not filed a responsive pleading in the state court below since the time for doing so has not yet passed. Pursuant to the Federal Rules of Civil Procedure 81, Defendant has until 7 (seven) days after this Notice of Removal is filed to do so. See Fed. R. Civ. P. 81(c)(2).

7.  Copies of the Complaint, the summons, and all other documents filed in

the state court are attached as exhibits to this Notice as described below.

| Exhibit | Description | Date of Filing |
|---------|-------------|----------------|
| 1 | Summons and Renewal Complaint to Delta Air Lines, Inc. | May 14, 2023 |
| 2 | Summons and Renewal Complaint to Unifi, LLC | May 14, 2023 |
| 3 | Affidavit of Service to Delta Air Lines, Inc. | May 24, 2023 |
| 4 | Affidavit of Service to Unifi, LLC | May 24, 2023 |
| 5 | Plaintiff's First Interrogatories to Delta Air Lines, Inc. | May 14, 2023 |
| 6 | Plaintiff's First Request for Production of Documents to Delta Air Lines, Inc. | May 14, 2023 |
| 7 | Plaintiff's Request for Admissions to Delta Air Lines, Inc. | May 14, 2023 |
| 8 | Plaintiff's Request for Admissions to Unifi, LLC | May 14, 2023 |
| 9 | Plaintiff's First Request for Production of Documents to Unifi, LLC | May 14, 2023 |

Wherefore, Defendants pray that this cause be removed to the United States

District Court for the Northern District of Georgia, Atlanta Division, and that no

further proceedings occur in the State Court of Fulton County, Georgia.

Respectfully submitted this 16th day of June 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*

_____
JUSTIN M. KERENYI
Georgia Bar No. 416623

*Counsel for Defendants Delta Air Lines,*
*Inc. and Unifi, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** upon counsel for all parties by depositing a true copy of the same in the in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Noah Moore, Esq.
THE LAW OFFICES OF NOAH J. MOORE
600 Peachtree Street, NE, Suite 3710
Atlanta, GA  30308
Noah@inuryfirmatl.com
veronica@injuryfirmatl.com

Respectfully submitted this 16th day of June 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*

_____

JUSTIN M. KERENYI
Georgia Bar No. 416623

*Counsel for Defendants Delta Air Lines,*
*Inc. and Unifi, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000; Fax: (404) 954-5020
jkerenyi@hallboothsmith.com