IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLIN WHITTAKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RAS LAVRAR LLC, an Florida Limited Liability Company; and CITIBANK N.A., a banking institution chartered and supervised by the U.S. Office of the Comptroller of the Currency,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Colin Whittaker, Plaintiff, and states the following Complaint against Defendant RAS LAVRAR LLC and Defendant CITIBANK N.A. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and breach of contract.

## JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), as well as breach of a settlement agreement; and Plaintiff's claims under the FDCPA statute

1

and for breach of contract are so related that they form the same case or controversy.

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, 15 U.S.C. §§ 1681 *et seq.*, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3. This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendant RAS LAVRAR LLC regularly attempts to collect debts from residents of Georgia in the State of Georgia, Defendant RAS LAVRAR LLC has a registered agent located in the State of Georgia, Defendant CITIBANK N.A. regularly enters into agreements with Georgia residents within the State of Georgia, Plaintiff is a resident of the State of Georgia, and the committed acts that form the basis for this suit occurred within the State of Georgia and this District.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant RAS LAVRAR LLC has a registered agent located within this District, Plaintiff is a resident of this District, and the contract at issue in this lawsuit has a venue selection clause that identifies this District as the proper venue for this action.

## PARTIES

5. COLIN WHITTAKER is a resident of Georgia, and was so at all times relevant to this action, and is a consumer under 15 U.S.C. § 1692a(3).

6. RAS LAVRAR LLC ("RAS LAVRAR") is a Florida Limited Liability Company with a registered agent in Georgia named Vcorp Agent Services, Inc. and located at 289 S Culver Street, Lawrenceville, GA, 30046, in Gwinnett County, Georgia.

7. CITIBANK N.A. ("CITIBANK") is a banking institution chartered and supervised by the U.S. Office of the Comptroller of the Currency, Charter No. 1461, with an address of 5800 S. Corporate Place, Sioux Falls, SD 57108.  Defendant Citibank N.A. may be served with this Complaint at this address.

## FACTUAL ALLEGATIONS

8. COLIN WHITTAKER is a natural person, and is not a corporation, limited liability company, or other legal entity.

9. RAS LAVRAR is a sophisticated and experienced debt collection law firm that regular files and litigates lawsuits against consumers in order to collect debts owed or alleged to be owed to their clients, such as Citibank N.A.

10. In DeKalb County alone, RAS LAVRAR filed more than 200 lawsuits in 2020 against consumers on behalf of their clients, including Citibank N.A., in attempts to collect debts from those consumers.[1]

11. In short, Defendant RAS LAVRAR is a debt collector.

12. Defendant RAS LAVRAR regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

13. Citibank N.A. is the U.S.-based consumer finance and deposit arm of the large global financial institution Citigroup Inc and is sophisticated and experienced in using litigation against consumers to try and collect debts it claims those consumers owe to it.

14. On September 25, 2020, Mr. Whittaker sent a Georgia FBPA demand to Defendant CITIBANK seeking to resolve a dispute over its attempt, through

---

[1] *See* DeKalb County – Judicial Information System, available at (https://ody.dekalbcountyga.gov/portal/).  Once there, choose "Smart Search."  Then select "Advanced Filtering Options."  Under General Options choose "Filter by Search Type" and slect "Attorney Name."  Then enter the name of RAS LavRar's attorney in the lawsuit against Mr. Whittaker—Martin Marshall in the field above.  Then scroll to the bottom and under Case Search Criteria select a "Filter by File Date Start" and "Filter by File Date End" of "01/01/2020" and "12/02/2020" respectively.  Then select "Submit."  The "Party Search Results" should show a red warning that "The search returned 200 cases . . . but could have returned more."

Defendant RAS LAVRAR, to collect an alleged debt (the "Alleged Debt") from him in Fulton County State Court (the "Fulton State Case").

15. On December 9, 2020, Mr. Whittaker filed a claim with the American Arbitration Association ("AAA") against Defendants RAS LAVRAR and CITIBANK for their violations of the FDCPA and Georgia's FBPA based on their attempts to collect the Alleged Debt in the Fulton State Case.

16. On January 26, 2021, Defendants filed a collection lawsuit seeking to collect the Alleged Debt from Mr. Whittaker in Clayton County State Court (the "Clayton State Case").

17. Upon information and belief, one or more of the Defendants had actual knowledge of the filing of the arbitration demand with AAA at the time the Clayton State Case was filed.

18. Plaintiff and Defendants settled the arbitration claims, and executed a Settlement and Release Agreement dated July 9, 2021.

19. A copy of the Settlement and Release Agreement is attached as Exhibit 1 to this Complaint.

20. Citibank N.A. released any claims it had against Plaintiff on the Alleged Debt through the Settlement and Release Agreement.

21. Citibank, and its attorneys at RAS LAVRAR, agreed to dismiss the Clayton State Case with prejudice.

22. Citibank failed to follow through with its dismissal.

23. Instead, on June 16, 2022—more than eleven (11) months later—Citibank, through its collection attorneys RAS LAVRAR, filed a motion for default judgment in the Clayton State Case.

24. This is despite Citibank's attorneys at RAS LAVRAR stating to Plaintiff's legal counsel that he was not required to answer the Clayton State Lawsuit.

25. This is despite Citibank releasing its claims on the Alleged Debt in the Settlement and Release Agreement.

26. This is despite Citibank agreeing to dismiss the Clayton State Case with prejudice.

27. Defendant RAS LAVRAR sent copies of this lawsuit directly to Mr. Whittaker despite knowing he was represented by attorneys regarding the Alleged Debt.

28. Prior to the filing of the motion for default judgment, Plaintiff's legal counsel reached out multiple times seeking to have the Clayton State Lawsuit dismissed with prejudice as agreed to in the Settlement and Release Agreement.

29. Citibank's attorneys at RAS LAVRAR even stated they would review the matter and make sure everything is tended to on May 13, 2022.

30. Citibank's motion for default judgment contained materially false, misleading, or deceptive statements in an effort to obtain a judgment against Mr. Whittaker for the Alleged Debt despite Citibank having released it claims.

31. The Clayton County State Court issued a judgment against Mr. Whittaker based on Citibank and RAS LAVRAR's materially false, misleading, and deceptive statements.

32. Plaintiff has reached out to CITIBANK through its attorneys at RAS LAVRAR to get the judgment set aside, but CITIBANK and RAS LAVRAR have refused to respond or act.

33. Plaintiff has been forced to file a motion to set aside the judgment, and incur legal costs and expenses, as a direct result of CITIBANK and RAS LAVRAR's false, misleading, and deceptive representations to the Clayton County State Court as part of their effort to get a default judgment.

34. Plaintiff has incurred no less than $630.00 in legal fees and costs directly as a result of Defendants' actions, and these fees and costs will only likely increase in amount.

35. Defendants' actions in attempting to collect the Alleged Debt despite Citibank N.A. having released its claims on the Alleged Debt are unfair or unconscionable means of attempting to collect a debt.

36. Defendants' actions have breached the settlement agreement between the parties, and that breach has caused material damage and harm to Plaintiff.

37. Defendants' actions caused Plaintiff to suffer stress, anxiety, frustration, fear, and anger in the form of emotional distress.

38. Plaintiff has sent a pre-suit ante-litem letter pursuant to Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*, dated June 14, 2023, to Defendant CITIBANK, and will supplement his Complaint to include Citibank's violations of Georgia's FBPA, O.C.G.A. § 10-1-390 *et seq.* when those claims become ripe.

39. Upon information and belief, Defendant CITIBANK is in competition with other banking, lending, and credit card issuers in the State of Georgia.

40. The actions of Defendant CITIBANK in seeking to collect debts through litigation that have been released, or which CITIBANK otherwise no longer possesses a right to collect upon, from Georgia consumers impacts the consumer marketplace in the State of Georgia.

41. Defendant CITIBANK is subject to the provisions of Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

42. Georgia's Fair Business Practices Act is intended to "protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state" and is intended to be "liberally construed and applied to promote its underlying purposes and policies." O.C.G.A. § 10-1-391(a).

43. Georgia's Fair Business Practices Act imposes a duty on all businesses and individuals to refrain from engaging in "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a).

44. Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, invaded his right to be free from attempts to collect debts he does not owe, invaded his right to be given accurate information about how much of a debt he does owe, invaded his right to be treated fairly and with conscious regard, and have resulted in Plaintiff suffering stress and anxiety, emotional distress, as well as valuable lost time and resources.

## CAUSES OF ACTION

### Count 1
*Violations of the Fair Debt Collection Practices Act*

45. Defendant RAS LAVRAR's filing of a motion for default judgment despite its client, CITIBANK, having released its claims on the Alleged Debt more than eleven months prior to said filing violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

46. Defendant RAS LAVRAR's efforts to collect an amount from Mr. Whittaker not permitted by law or by contract violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

47. Defendant RAS LAVRAR's communication of an false, misleading, or deceptive information about the alleged debt to the Clayton County State Court as part of its efforts to collect the Alleged Debt violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

48. Defendant RAS LAVRAR's efforts to collect a debt from Mr. Whittaker that he does not owe violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

49. Defendant RAS LAVRAR's direct communications with Mr. Whittaker despite its actual knowledge he was represented by legal counsel for the

Alleged Debt violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

50. Defendant RAS LAVRAR's use of unfair or unconscionable means in its attempt to collect the alleged debt—namely, by filing a motion for default judgment despite knowing its client CITIBANK had released its claims to the Alleged Debt—violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

51. As a direct result Defendant RAS LAVRAR's actions in violation of the FDCPA, Mr. Whittaker suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and suffered lost resources and valuable time in dealing with these collection efforts.

52. As a direct result Defendants' actions in violation of the FDCPA, Mr. Whittaker incurred legal costs and fees he would not have incurred but for Defendant RAS LAVRAR's actions in violation of the FDCPA in an amount not less than $630.00, but that is likely to increase over time.

53. Further, Defendant RAS LAVRAR's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, make it liable to Mr. Whittaker for not just the actual damages identified above, but also for statutory damages of up to the maximum of

$1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## Count 2
*Violations by Defendants of Georgia's Fair Business Practices Act*

54. Defendant CITIBANK's efforts to collect a debt from Mr. Whittaker thati t had released, and to seek a judgment in a lawsuit it had agreed to dismiss with prejudice, as well as its false, misleading, or deceptive representations to the Clayton County State Court to obtain the default judgment, are unfair or deceptive acts or practices in the conduct of consumer transactions.

55. Plaintiff relied on Defendant CITIBANK's representations prior to and as part of the settlement agreement that it would no longer seek to collect the Alleged Debt, and this reliance has led to Mr. Whittaker incurring actual damages in the form of incurring legal fees and costs plus suffering stress, anxiety, and frustration over having to work to set aside the default judgment CITIBANK obtained through false and deceptive acts.

56. As a result of Defendant CITIBANK's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional

      distress—plus legal fees and costs to set aside the default judgment CITIBANK improperly obtained in amount to be shown with more particularity at a later date, but not less than $630.00.

57. Defendant CITIBANK competes within its respective consumer marketplaces with other companies who seek to engage in consumer transactions with Georgia residents, and CITIBANK's actions in disregard to Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, impact the consumer marketplace by creating an unfair competitive disadvantage for those companies who do comply with Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*

58. Upon information and belief, Defendant CITIBANK has practiced the same disregard for consumer rights visited upon Plaintiff by their acts complained of in this case with other consumers, and the consumer transactions that compose Plaintiff's claims are therefore not private transactions, but instead impact the entirety of the consumer marketplace.

59. Plaintiff shall amend his Complaint once the thirty (30) day ante-litem period ends if CITIBANK fails to resolve his Georgia FBPA claims as required by Georgia law, and reserves the rest of this Count for said amendment if necessary.

## *Count 3*
### *Breach of Contract by Defendants*

60. Plaintiff and Defendants entered into a Settlement Agreement and Release that became fully executed on July 9, 2021, and a true and correct copy—except for redacted portions—is attached to this Complaint as **Exhibit 1**.

61. Defendants agreed in this Settlement Agreement and Release to dismiss the Clayton State Case with prejudice within 15 days of the Agreement's completion.

62. Defendant CITIBANK released its claims against Mr. Whittaker over the Alleged Debt in the Settlement Agreement and Release.

63. Nevertheless, Defendants failed to dismiss the Clayton State Case with prejudice, breaching the Settlement Agreement and Release.

64. Defendant CITIBANK continued to try and collect the Alleged Debt from Mr. Whittaker, seeking and obtaining a default judgment in Clayton State Court for the Alleged Debt more than eleven months after executing the Settlement Agreement and Release.

65. Defendants' actions are not just in violation of the FDCPA and Georgia's FBPA, but also constitute a breach of the Settlement Agreement and Release.

66. Mr. Whittaker has suffered damages as a result of Defendants' breach of this agreement in an amount to be shown with more particularity at a later date, but that include the issuing of a judgment against him and the incurring of legal fees and costs to have said judgment set aside and the Clayton State Case dismissed with prejudice.

## **JURY DEMAND**

67. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1) Find Defendant RAS LAVRAR LLC liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2) Award Plaintiff the full $1,000 statutory damages for Defendant RAS LAVRAR LLC's FDCPA violations;

(3) Award Plaintiff actual damages against Defendant RAS LAVRAR LLC in an amount to be shown with more particularity at a later date for Defendant RAS LAVRAR's FDCPA violations;

(4) Find Defendants liable for breach of the Settlement Agreement and Release and the damages Plaintiff suffered as a result of that breach;

(5) Allow Plaintiff to amend this Complaint, if necessary, to include claims based on Defendant CITIBANK N.A.'s violations of Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, once the 30-day ante-litem period ends;

(6)  Award Plaintiff reasonable attorney's fees and costs against Defendants in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(7)  Award Plaintiff the reasonable costs of this action;

(8)  Award Plaintiff other reasonable expenses of litigation;

(9)  Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this 16 June 2023.

>  */s/ John William Nelson*
>  John William Nelson
>  Georgia Bar No. 920108
>  john@nelsonchambers.com
>  *Attorney for Plaintiff*
>
>  The Nelson Law Chambers LLC
>  2180 Satellite Blvd, Suite 400
>  Duluth, Georgia 30097
>  Ph. 404.348.4462
>  Fax. 404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**  <u>16 June 2023</u>

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiffs*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765
