# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

1.    <u>Introduction</u>.  This Settlement and Release (this "Agreement") is made effective this __ day of April 2021, by and between Colin Whittaker ("Claimant"), on the one hand, and RAS Lavrar LLC ("Law Firm") and Citibank, N.A. (the "Bank"), on the other hand.  Law Firm and the Bank are hereafter collectively referred to as "Respondents." This document contains the compromise between Claimant and Respondents resolving their disagreement.

2.    <u>Background</u>.  In May 2012, a Best Buy branded credit card account currently ending in 2391 was issued to Claimant (the "Account"). In July 2020, the Law Firm filed a lawsuit on behalf of the Bank to collect the Account in the Fulton County Court, Case No. 20 EV 004202, which was subsequently dismissed (the "Collection Lawsuit").  In December 2020, Claimant filed a demand against Respondents in the American Arbitration Association ("AAA"), No. 01-20-0015-994, alleging that the Account improperly combined principal and interest, was improperly collected upon, that the Collection Suit was deliberately filed in the wrong venue and that Respondents had otherwise violated the Fair Debt Collection Practices Act and/or the Georgia Fair Business Practices Act (the "Litigation").  In January 2021, the Law Firm re-filed the state court action on behalf of the Bank to collect on the Account in Clayton County Court, Case No. 2021CV00198.

3.    <u>Resolution</u>.    To resolve this disagreement:

A.    Claimant agrees to take the following actions:

(i)    execute and email an executed copy of this Agreement to Law Firm, Flynn LaVrar, flavrar@raslavrar.com, 1133 South University Drive, 2nd Floor, Plantation, Florida 33324; and

(ii)    provide the Law Firm, with a properly completed W-9 for the payee of the check referenced below (the "Payee") along with a W-9 for the Claimant Whittaker.

The Payee shall be as follows:

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, GA 30097

Alternatively, payment may be made by ACH write transfer using the following Wire Instructions for The Nelson Law Chambers LLC:

IOLTA ACH
Routing ABA: ▮▮▮▮▮▮▮
Account No.: ▮▮▮▮▮▮▮
Beneficiary Name: The Nelson Law Chambers LLC IOLTA
If necessary: SWIFT/BIC: SNTRUS3A

B.   No later than fifteen (15) calendar days after Claimant completes the agreed upon actions as set forth in Paragraph 3.A. above, Law Firm agrees to:

(i)   issue a $10,000 check payable to the Payee or wire funds per the instructions above.  **Law Firm shall notify Claimant's counsel of any wire transfer to ensure timely review and confirmation of receipt.**

(ii)   enter the Dismissal with Prejudice in the pending State Court Lawsuit and provide Claimant's counsel a copy of the same.

(iii)   Provide express permission to Claimant to sign and file with the AAA the attached dismissal with prejudice of the Litigation (the "Dismissal") on behalf of the respondents (Law Firm and Bank).

C.   No later than ten (10) business days after Law Firm completes the agreed upon actions as set forth in Paragraph 3.B. above, Claimant agrees to:

(i)   enter the Dismissal with the AAA and provide a copy to Law Firm.

D.   Within fourteen (14) business days after receiving the executed agreement from the Law Firm, the Bank agrees to:

(i)   write off the balance of the Account; and

(ii)   send a request to the three credit bureaus (Trans Union, Equifax and Experian) to which the Account was reported by Citibank to delete any reporting of the Account submitted by the Bank from Claimant's credit history.  Claimant understands that it may take 45 days for the bureaus to update Claimant's credit history.

If at any time following 60 days after the execution of this Agreement by all parties, Claimant determines that one or more of the credit bureaus have not complied with the Bank's request as set out herein, Claimant agrees to provide prompt written notice to the Bank at above email address for the Law Firm and provide copies of any credit bureau reports for which Claimant contends the tradeline was not updated as reflected above.  In that event, the Bank will, within thirty (30) business days following receipt of such notice and reports, re-contact the credit bureau(s) that have not updated Claimant's credit reports and again request that the Account be updated as reflected above.

Claimant acknowledges that Respondent's actions shall constitute a full and complete settlement of all claims related to the matters recited above or released pursuant to this Agreement.

4.   <u>Release of Claims</u>.  Claimant releases and discharges Respondents, Best Buy, LLC and all of their respective current and former predecessors, successors, parents, affiliates, assignees, subsidiaries, and all of the aforementioneds' respective agents, employees, officers,

directors, shareholders, attorneys, collection agencies, credit reporting agencies and vendors (all of the foregoing being referred to collectively herein as the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that Claimant may have with respect to the Collection Suit, the Litigation, Claimant may have with respect to the Account, any collection efforts on the Account, calculation of the balance on the Account, charges, interest and fees charged to the Account, any calls or texts to Claimant, any reporting of the Account to the credit bureaus, any other account issued to Claimant by any Releasee or where Claimant is an authorized user, any tax consequences relating to this Agreement or any other matters between Claimant and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Litigation as of the date of this Agreement, including without limitation, all claims that were asserted or could have been asserted in the Litigation as of the date of this Agreement. Claimant further agrees that Claimant will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned, and any such Proceedings filed prior to the execution of this Agreement shall promptly be dismissed or withdrawn with prejudice. This Agreement is intended to resolve forever the entire disagreement between Claimant and Releasees relating in any manner to the Litigation or Account, all of which are intended as beneficiaries of this release and entitled to enforce it.

**Claimant knowingly waives Claimant's rights under Section 20-7-11 of the South Dakota Codified Laws, if applicable, which would otherwise bar relinquishment of claims that a Creditor does not know or suspect to exist.**

Bank releases and discharges Claimant in connection with any claims it may have relating to the Account.  This release by Bank does not extend to any other account(s) or other financial obligations that Claimant may have with any Releasee.

     5.    <u>Confidentiality of Agreement</u>.  Claimant agrees to keep the terms of this Agreement confidential and not to disclose same to anyone, other than each other, and, to the extent required by law, to governmental authorities.  Claimaint may disclose the terms of this Agreement to his legal counsel, accountants, and/or spouse.  The parties may disclose that this matter was resolved to their mutual satisfaction.

     6.    <u>Complete Agreement</u>.  This Agreement is the complete agreement between Claimant and Respondents concerning their disagreement.  Claimant and Respondents have made no other written or oral agreements related to their disagreement.

     7.    <u>Understanding of Agreement</u>.  Claimant states that Claimant has read, understands and agrees to the terms of this Agreement, and has discussed same with Claimant's attorney.

     8.    <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts, either in original form or in the form of facsimile or email (PDF) copies, all of which taken together shall collectively constitute one agreement binding on all parties.

8.    <u>Choice of Law; Choice of Venue</u>.  This agreement shall be governed by the laws of the State of Georgia.  The parties consent to the resolution of any disputes under this agreement through arbitration per the terms of the Account's arbitration agreement.  Otherwise, the courts of the State of Georgia, specifically those governing Clayton County—both State and Federal—shall be chosen as the proper venue for any action brought under this agreement.

COLIN WHITAKER

By: _____

Date: ____05 / 11 / 2021____

CITIBANK, N.A.

By: _____

Date: ____July 9, 2021____

RAS LAVRAR LLC

By: _____

Date ____July 9, 2021____

4

**IN THE AMERICAN ARBITRATION ASSOCIATION**

COLIN WHITTAKER, an individual,
Claimant,

v.                                                      No. 01-20-0015-9944

RAS LAVRAR LLC, a Florida Limited
Liability Company; and CITIBANK N.A., a
banking institution chartered and supervised
by the U.S. Office of the Comptroller of the
Currency,

Respondents.

_____

**ARBITRATION DISMISSAL**

The parties hereby dismiss this arbitration with prejudice and without costs to any

party.

By:_____
    Attorneys for Claimant


By:_____
    Attorneys for Respondents

5

Doc ID: 8c0c185c0b5c02c8c523c276181060061c1ccfcd

6