UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| KAMERON MOORE,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br><br>Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kameron Moore and for his Complaint respectfully alleges as follows:

## I.   INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Kameron Moore, an individual consumer, against Defendant, Trans Union LLC (hereinafter "Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue in this District is proper in that the Defendant transact business in the Ellenwood, Georgia, and the conduct complained of occurred in Ellenwood, Georgia.

## III.   PARTIES

3. The Plaintiff is a natural person residing in Ellenwood, Georgia.

4. Upon information and belief, Defendant Transunion is a Delaware limited liability company with its principal place of business in Illinois and duly authorized and qualified to do business in the State of Georgia.

5. Upon information and belief, Transunion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Transunion is regularly engaged in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## IV.   FACTS OF THE COMPLAINT

6. Upon information and belief on or about April 22nd, 2023, the Plaintiff observed three trade lines from different furnishers that he believes to have inflated balances. The three tradelines the Plaintiff directly requested to be investigated and removed from file if found inaccurate or incomplete are listed below:

    a. Credit Acceptance         100447xx

    b. JPMCB                     426684xx

    c. Acceptance Now            xx2272

7. On or about May 16th, 2023, The Plaintiff received a letter from TransUnion stating that "they recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of

your data very seriously, so we won't process requests unless they come directly from you or an authorized third party." The dispute was sent directly from the Plaintiff.

8. Upon information and belief, Transunion failed to have a procedure in place to assure maximum possible accuracy, Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Transunion did not evaluate or consider any of Plaintiff's information which included ID (to ensure that the information was sent directly by the consumer), claims, or evidence and did not make any attempt to reasonably re-investigate.

9. Defendant Transunion publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff causing his FICO scores to be lowered resulting in his being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress, and mental anguish.

## V.   FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Transunion)

10. All preceding paragraphs are re-alleged.

11. Defendant Transunion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the three trade lines listed in paragraph 6 when preparing a consumer report purportedly concerning Plaintiff.

12. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

13. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

14. Defendant Transunion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### VI.    SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(1)
### (Defendant Transunion)

15. All preceding paragraphs are re-alleged.

16. Defendant Transunion violated 15 U.S.C § 1681i(a)(1) because they failed to conduct a reasonable reinvestigation after being notified by the consumer directly that information contained in the consumer's file was disputed.

17. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

18. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

19. Defendant Transunion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### VII.   THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Transunion)

20. All preceding paragraphs are re-alleged.

21. Defendant Transunion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

22. Defendant Transunion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

23. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

24. Defendant Transunion have done so either negligently or willfully.

25. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

26. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII.     FOURTH CLAIM FOR RELIEF
## 15 U.S.C §1681i(a)(4)
## (Defendant Transunion)

27. All preceding paragraphs are re-alleged.

28. Defendant Transunion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

29. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

30. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

31. Defendant Transunion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## IX.     FIFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendant Transunion)

32. All preceding paragraphs are re-alleged.

33. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the three tradelines listed in paragraph 6 on Plaintiff's consumer report, (ii) failed to find those tradelines to be inaccurate, and (iii) failed to promptly notify the furnishers that the information was in dispute.

34. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

35. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

36. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

37. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### X.   SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(6)
### (Defendant Transunion)

38. All preceding paragraphs are re-alleged.

39. Defendant Transunion violated 15 U.S.C. §1681i(6) because they failed to provide written notice to the consumer containing the results of the re-investigation.

40. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

41. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

42. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### XI.   SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Transunion)

43. All preceding paragraphs are re-alleged.

44. Defendant Transunion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

45. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

46. Defendant Transunion acted negligently and/or willfully.

47. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff Kameron Moore respectfully requests that judgment be entered against Defendant Experian Information Solutions in an amount to be determined by the Jury.

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and reasonable attorney fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. Delete trade lines mentioned in paragraph 6.

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**THE HAWK LEGAL COLLECTIVE**
1020 Piedmont Ave, STE 2113
Atlanta, GA 30309
Phone (404) 439-9310

Pleadings@thehawklegal.com

By: /s/ Naja Hawk
**NAJA HAWK**