**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BALDWIN EVERETT HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO HOME | ) | **AS REMOVED FROM THE** |
| MORTGAGE, | ) | **SUPERIOR COURT OF COBB** |
| | ) | **COUNTY, GEORGIA, CIVIL** |
| Defendant. | ) | **ACTION FILE NO.:  22108445** |

<u>**NOTICE OF NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that contemporaneously with the filing of its

Notice of Removal of the action from the Superior Court of Cobb County, Georgia,

Civil Action File No. 22108445, to the United States District Court for the

Northern District of Georgia, Atlanta Division on June 16, 2023, Wells Fargo

Bank, N.A. Inc. ("Wells Fargo") provided notice to Plaintiff and the Superior

Court of Cobb County of the removal of this action pursuant to the Notice of

Removal.  On June 16, 2023, pursuant to 28 U.S.C. § 1446, Wells Fargo filed a

*Notice to Plaintiffs and the Clerk of the Superior Court of Cobb County of*

*Removal of Action to Federal Court* (with the Notice of Removal attached thereto)

in the Superior Court of Cobb County, Georgia, Civil Action File No. 22108445, a

true and correct copy of which is attached hereto as Exhibit "1", and served same on Plaintiff.

Respectfully submitted this 16th day of June, 2023.

WOMBLE BOND DICKINSON (US) LLP

By:   /s/  Arthur A. Ebbs
      Arthur A. Ebbs
      State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 888-7490
Email:      Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank N.A.*

**<u>EXHIBIT "1"</u>**

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BALDWIN EVERETT HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: |
| | ) | 22108445 |
| v. | ) | |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE TO PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT OF**
**COBB COUNTY OF REMOVAL OF ACTION TO FEDERAL COURT**

TO:    Connie Taylor
         Cobb County Clerk of Superior
         Court
         70 Haynes Street
         Marietta, Georgia 30090

You are hereby notified that on June 16, 2023, Wells Fargo Bank, N.A. Inc. successor-by-merger to Wells Fargo Home Mortgage ("Wells Fargo") filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division (the "District Court"), removing the above-captioned action from the Superior Court of Cobb County, Georgia to the District Court.  A copy of the Notice of Removal filed by Wells Fargo in the District Court is attached hereto as Exhibit "A" and is herewith filed with this Court as provided by the United States Code.

Respectfully submitted this 16th day of June, 2023.

WOMBLE BOND DICKINSON (US) LLP


By:  _____/s/ Arthur A. Ebbs____
     Arthur A. Ebbs
     State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:     (404) 872-7000
Facsimile:     (404) 888-7490
Email: Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A. Inc.*

- 2 -

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BALDWIN EVERETT HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO HOME | ) | **AS REMOVED FROM THE** |
| MORTGAGE, | ) | **SUPERIOR COURT OF COBB** |
| | ) | **COUNTY, GEORGIA, CIVIL** |
| Defendant. | ) | **ACTION FILE NO.:  22108445** |

### NOTICE OF REMOVAL

COMES NOW Wells Fargo Bank, N.A. ("Wells Fargo")[1], Defendant in the

above-captioned matter, which was originally filed in the Superior Court of Cobb

County, Georgia, Civil Action File No. 22108445 (the "Superior Court Action")

and pursuant to 28 U.S.C. § 1441 and 1446, hereby removes the Superior Court

Action to the United States District Court for the Northern District of Georgia,

Atlanta Division.  In accordance with the provisions of 28 U.S.C. § 1446(a), Wells

Fargo respectfully shows this Court the following:

---

[1] Wells Fargo Bank, N.A. is the successor-by-merger to Wells Fargo Home
Mortgage.

# I.   BACKGROUND.

1.

Plaintiff's Complaint relates to the real property located at 553 South Gordon Road, Mableton, Georgia 30165-5136 (the "Property").  [*See* Complaint].

2.

On or about July 14, 1995, Plaintiff obtained a loan in the amount of $60,150.00 from Norwest Mortgage, Inc.  Plaintiff conveyed the Property to Norwest Mortgage, Inc. pursuant to a Security Deed recorded at Book 8988, Page 397 of the Cobb County, Georgia records.  *See* Security Deed, attached hereto as Exhibit "A".

3.

Wells Fargo Bank, N.A. is the successor-by-merger to Wells Fargo Home Mortgage, Inc. f/k/a Norwest Mortgage, Inc.  On or about October 4, 2011, Wells Fargo assigned the Security Deed to Lehman Capital, a Division of Lehman Brothers Holdings, Inc. pursuant to a Corporate Assignment of Mortgage recorded at Book 14885, Page 2946 of the Cobb County, Georgia records.  On or about February 6, 2020, the Security Deed was assigned back to Wells Fargo pursuant to a Corporate Assignment of Security Deed recorded at Book 15774, Page 1030 of

- 2 -

the Cobb County, Georgia records. *See* October 4, 2011 and February 6, 2020 Assignments, attached hereto as Exhibit "B".

4.

On or about October 21, 2021, Wells Fargo executed a Cancellation of Security Deed which is recorded at Book 15989, Page 330 of the Cobb County, Georgia records. *See* Cancellation of Security Deed, attached hereto as Exhibit "C".

5.

Plaintiff's Complaint is a single page of allegations in the format of a letter. Plaintiff alleges that he is "filing this civil suit against Wells Fargo Home Mortgage due to the fact that their property managers burglarized My home on three different occasions. This started in 2011 and again in 2012 and the last time was in 2019." *See* Complaint.

6.

Plaintiff's Complaint states that he is "seeking one million five hundred thousand for harassment, theft as well stress and anxiety." *See* Complaint.

WBD (US) 62402338v1

7.

Plaintiff filed the Superior Court Action on or about December 5, 2022.

Wells Fargo received a copy of the Complaint from a process server on May 18,

2023.  Wells Fargo has not been served with a summons in the Superior Court

Action.  Plaintiff has not filed a return of service in the Superior Court Action.

This Notice of Removal is being filed less than thirty (30) days after Plaintiff

served Wells Fargo with a copy of the Complaint filed in the Superior Court

Action.

8.

True and correct copies of all process, pleadings, and orders filed in the

Superior Court Action are attached hereto as Exhibit "D".

9.

Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of any right of Wells Fargo to assert any defense in this action,

including without limitation, defenses related to insufficiency of process and

insufficiency of service of process.

## II.   REMOVAL.

### 10.

This case is being removed pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.  Section 1332(a) provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" exclusive of interest and costs and is between "citizens of different States" and cases meeting this criterial may be removed to district court pursuant to 28 U.S.C. §§ 1441 and 1446.

### Diversity of Citizenship

### 11.

Upon information and belief, Plaintiff is a citizen of the State of Georgia.

### 12.

Wells Fargo is a national banking association with its main office located in the State of California.  As a national banking association, Wells Fargo is a citizen for jurisdictional purposes of the states in which it is located.  28 U.S.C. § 1348.  A national baking association is "located" in the state in which its main office is located.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Applying the *Schmidt* rule, Wells Fargo is a citizen of the State of California for jurisdictional purposes because its main office is located in California.

WBD (US) 62402338v1

13.

As Plaintiff and Wells Fargo are citizens of different states, there is complete diversity of citizenship between the parties as is required by 28 U.S.C. § 1332(a)(1).

**Amount in Controversy**

14.

Plaintiff's Complaint states that Plaintiff desires to recover $1,500,000 from Wells Fargo "for harassment, theft as well stress and anxiety [sic]."  [*See* Complaint].

15.

Because diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original subject matter jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332, and the action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) & (b).

## Statement of Removal

16.

This Notice of Removal has been filed within thirty (30) days of the filing of the Complaint in the Superior Court Action. Accordingly, removal is timely under 28 U.S.C. § 1446.

17.

Contemporaneously with the filing of this Notice of Removal, Wells Fargo served written notices on Plaintiff and the Clerk of the Superior Court of Cobb County, Georgia, as required by 28 U.S.C. § 1446(d).

WHEREFORE Wells Fargo respectfully requests that the Superior Court Action be removed, pursuant to 28 U.S.C. § 1441(a) and (b), from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of this Notice of Removal, and that this Court take jurisdiction of this action for the determination of all issues, trial, and judgment, to the exclusion of any further proceedings in the Superior Court of Cobb County, Georgia.

Respectfully submitted this 16th day of June, 2023.

WOMBLE BOND DICKINSON (US) LLP

By:     /s/  Arthur A. Ebbs
          Arthur A. Ebbs
          State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 888-7490
Email:      Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system and has been served on the following via U.S. Mail as follows:

Baldwin Everett Hull
553 South Gordon Road
Mableton, Georgia 30126-5136

This 16th day of June, 2023.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181

3178074

GAVD-3011-V-1

FILED AND RECORDED

1995 JUL 24  AM 10: 19

CObb Superior Court Clerk

Suarez & associates
w/c

GEORGIA INTANGIBLE TAX PAID

$ 181

Clerk, Superior Court
Cobb County

[Space Above This Line For Recording Data]

## SECURITY DEED

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS SECURITY DEED ("Security Instrument") is given on  JULY 14 , 1995                        . The grantor is
BALDWIN E. HULL, A SINGLE PERSON

("Borrower"). This Security Instrument is given to  NORWEST MORTGAGE, INC.

which is organized and existing under the laws of  THE STATE OF MINNESOTA                      , and whose
address is ,  P.O. BOX 5137, DES MOINES, IA  503065137
("Lender"). Borrower owes Lender the principal sum of

SIXTY THOUSAND ONE HUNDRED FIFTY AND 00/100

Dollars (U.S. $******60,150.00       ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on  AUGUST 01, 2025                       .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors
and assigns, with power of sale, the following described property located in  COBB                         County, Georgia:
THIS IS A PURCHASE MONEY SECURITY INSTRUMENT.
TAX STATEMENTS SHOULD BE SENT TO:  NORWEST MORTGAGE INC., P.O.
BOX 5137, DES MOINES, IA  503065137

SEE EXHIBIT "A" ATTACHED HERETO FOR LEGAL DESCRIPTION.

which has the address of  553 SOUTH GORDON ROAD    MABLETON                     [Street, City],
Georgia  30059            [Zip Code]              ("Property Address");

GEORGIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
-6V(GA) (9105)        VMP MORTGAGE FORMS - (313)293-8100 - (800)521-7291

Page 1 of 6

Form 3011  9/90
Amended 5/91
Initials BSH

BK 8988 PG 0397

EXHIBIT "A"

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

6V(GA) (9106)                           Page 2 of 6                        Form 3011   9/90
Initials: *BSH*

BK 8988 PG 0398

EXHIBIT "A"

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve

-6V(GA) (9105)                    Page 3 of 6                    Form 3011  9/90

Initials: _BCH_

BK 8988 PG 0399

<span style="color:red">EXHIBIT "A"</span>

payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

-6V(GA) (9105)                                     Page 4 of 8                                     Form 3011  9/90
                                                                                                  Initials: _____

BK8988PG0400

EXHIBIT "A"

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 14 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order

Form 3011  9/90

BK 8988 PG 0401

EXHIBIT "A"

GAV6-3011-V-6

Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the Property is sold pursuant to this paragraph 21, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

22. Release.  Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

24. Assumption not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

25. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

26. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☒ V.A. Rider | ☒ Other(s) [specify]   Waiver of Borrower's Rights Closing Attorney's Affidavit | |

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____                    _Baldwin E Hull_____ (Seal)
Unofficial Witness                                                          BALDWIN E. HULL                         -Borrower

_____                    _____ (Seal)
                                                                                                                                     -Borrower

Notary Public.                                                                    County              _____ (Seal)
                                                                                                                                     -Borrower

                                                                                          _____ (Seal)
                                                                                                                                     -Borrower

BK8988PG0402

EXHIBIT "A"

https://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=44828848&key1=8988&key2=397&county=33&countyname=COBB&userid=391871&appi...        6/10

3178074                                      VA11-327411

### V.A. GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS V.A. GUARANTEED LOAN AND ASSUMPTION POLICY RIDER is made this **14TH**        day of **JULY**         , **1995**        , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Deed to Secure Debt (herein "Security Instrument") dated of even date herewith, given by the undersigned (herein "Borrower") to secure Borrower's Note to **NORWEST MORTGAGE, INC.**

(herein "Lender")

and covering the Property described in the Security Instrument and located at

**553 SOUTH GORDON ROAD, MABLETON, GEORGIA  30059**

(Property Address)

**V.A. GUARANTEED LOAN COVENANT:** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of Borrower and Lender. Any provisions of the Security Instrument or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the Lender may accelerate payment of the secured indebtedness pursuant to Covenant 17 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

**LATE CHARGE:** At Lender's option, Borrower will pay a "late charge" not exceeding four per centum (4%) of the overdue payment when paid more than fifteen (15) days after the date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby.

**GUARANTY:** Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

**TRANSFER OF THE PROPERTY:** If all or any part of the Property or any interest in it is sold or transferred, this loan may be declared immediately due and payable upon transfer ("assumption") of the property securing such loan to any transferee ("assumer"), unless the acceptability of the assumption and transfer of this loan is established by the Department of Veterans Affairs or its authorized agent pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) ASSUMPTION FUNDING FEE: A fee equal to one-half of 1 percent (.50%) of the unpaid balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest

**V.A. GUARANTEED LOAN AND ASSUMPTION POLICY RIDER**

-538B (9405)                    5/94
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 2                     Initials: 

BK8988PG0403

EXHIBIT "A"

3178074                          V211-327412

at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption and transfer of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the lesser of the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies or any maximum prescribed by applicable State law.

(c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Borrower(s) has executed this V.A. Guaranteed Loan and Assumption Policy Rider.

*Baleli E Hull* _____
-Borrower

_____
-Borrower

_____
-Borrower

_____
-Borrower

538B (9405)                     Page 2 of 2

BK8988PG0404

EXHIBIT "A"

GRANTOR: Baldwin E. Hull

LENDER: Norwest Mortgage, Inc.

DATE OF SECURITY DEED: July 14, 1995

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF PARAGRAPH 13 HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF THE RIGHT OR REMEDY HEREIN PROVIDED TO THE LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN PARAGRAPH 13 HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND PARAGRAPHS 13 OF THIS DEED AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

signed, sealed and Delivered
in the presence of:

_____          _____ (SEAL)
                                 Baldwin E. Hull
                                 GRANTOR

Notary Public                    _____ (SEAL)
                                 GRANTOR

### CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of Borrower's Rights" by the Borrower(s) I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver of Borrower's rights. After said review with the explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before
me this the 14 day of
_____ 1995.

_____
Notary Public
Notary Public, Fulton County, Georgia
My Commission Expires Nov. 24, Year          _____
                                             CLOSING ATTORNEY

N.P. SEAL

**EXHIBIT 'A'**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 412 OF
THE 18TH DISTRICT, 2ND SECTION OF COBB COUNTY, GEORGIA, BEING LOT 5
BLOCK B OF THE W.E. LUMMUS SUBDIVISION, AS SHOWN ON PLAT OF SUBJECT
PROPERTY RECORDED AT PLAT BOOK 13 PAGE 113, COBB COUNTY, GEORGIA
REAL ESTATE RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY
REFERENCE AND MADE A PART OF THIS DESCRIPTION.

BEING SUBJECT PROPERTY KNOWN AS 553 SOUTH GORDON ROAD, ACCORDING
TO THE PRESENT SYSTEM OF NUMBERING HOUSES IN COBB COUNTY, GEORGIA.

BK8988PG0406

EXHIBIT "A"

Deed Book 14885 Pg 2946
Filed and Recorded Oct-07-2011 01:27pm
2011-0127703

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: DEFAULT ASSIGNMENT, WELLS FARGO BANK, N.A. MAC: X9999-018 PO BOX
1629, MINNEAPOLIS, MN  55440-9790

### CORPORATE ASSIGNMENT OF MORTGAGE

Cobb, Georgia
SELLER'S SERVICING #:3178074 "HULL"
INVESTOR'S LOAN #: 109545624
POOL #: P90TOH24

Prepared By: Rosee Yang, WELLS FARGO BANK, N.A. 1000 BLUE GENTIAN RD., EAGAN, MN  55121
(651)605-3792

Date of Assignment: October 4th, 2011
Assignor: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC.,
F/K/A NORWEST MORTGAGE, INC. at 1 HOME CAMPUS, DES MOINES, IA  50328
Assignee: LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS HOLDINGS INC. at 745 7TH AVENUE, NEW
YORK, NY  10019

Executed By: BALDWIN E. HULL, A SINGLE PERSON,  To: NORWEST MORTGAGE, INC.
Date of Security Deed:  07/14/1995 Recorded:  07/24/1995 In Book/Reel/Liber: 8988 Page/Folio: 0397  In the
County of Cobb, State of Georgia.

Property Address: 553 SOUTH GORDON ROAD, MABLETON, GA  30059

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $60,150.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

   WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., F/K/A
NORWEST MORTGAGE, INC.
On ___10-5-11___

By: _____
   Janet L. Jones
   Vice President Loan Documentation

CORPORATE
SEAL

WITNESS

Ryan Amato

WITNESS

STATE OF Minnesota
COUNTY OF Dakota

On __10-5-11__, before me, __Robert W. Caruso__, a Notary Public in and for Dakota in the
State of Minnesota, personally appeared __Janet L. Jones__, Vice President Loan
Documentation, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Notary Expires: 8/12/2014

ROBERT W. CARUSO
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2014

(This area for notarial seal)

*RY*RYWFEM*10/04/2011 11:23:48 AM* WFEM01WFEM000000000000000003519* GACDBB* 3178074 GASTATE_MORT_ASSIGN_ASSN *RYWFEM*

**EXHIBIT "B"**

Deed Book 15774 Page 1030
Filed and Recorded 7/28/2020 10:10:00 AM
2020-0092429
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 6660156138
0848497841

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: Alicia Huber, WELLS FARGO BANK, N.A. MAC: N9289-016 PO BOX 1629, EAGAN,
MN  55121-4400

## CORPORATE ASSIGNMENT OF SECURITY DEED

Cobb, Georgia
"HULL"

**PREPARED BY: WELLS FARGO BANK, N.A.**

Date of Assignment: February 6th, 2020
Assignor: LEHMAN BROTHERS HOLDINGS, INC., FORMERLY LEHMAN CAPITAL, A DIVISION OF LEHMAN
BROTHERS HOLDINGS, INC. at 277 PARK AVENUE, 46TH FLOOR, NEW YORK, NY  10172
Assignee: WELLS FARGO BANK, N.A. at 1 HOME CAMPUS, DES MOINES, IA  50328

Executed By: BALDWIN E. HULL, A SINGLE PERSON  To: NORWEST MORTGAGE, INCORPORATED
Date of Security Deed:  07/14/1995 Recorded:  07/24/1995  in Book/Reel/Liber: 8988 Page/Folio: 0397  in the
County of Cobb, State of Georgia.

Property Address: 553 SOUTH GORDON ROAD, MABLETON, GA  30059

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Security Deed having an original principal sum of $60,150.00 with interest, secured thereby, and the full benefit of all
the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Security Deed.

   TO HAVE AND TO HOLD the said Security Deed, and the said property unto the said Assignee forever, subject
to the terms contained in said Security Deed.

LEHMAN BROTHERS HOLDINGS, INC., FORMERLY LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS
HOLDINGS, INC.
On ___July 6, 2020 

By: _____
    Linda A. Kiang
    Vice President

THE FOLLOWING PERSONS HAVE WITNESSED THE EXECUTION OF THIS DOCUMENT:

WITNESS _____

"AN2"AN2WFEM"02/06/2020 02:34:34 PM* WFEM01WFEMA00000000000002446432* GACOBB* GASTATE_MORT_ASSIGN_ASSN "*AN2WFEM*

**EXHIBIT "B"**

Deed Book 15989 Pg 330
Filed and Recorded Nov-04-2021 09:34am
2021-0157161

Connie Taylor
Clerk of Superior Court Cobb Cty. Ga.

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: LIEN RELEASE DEPT, F0013-012 AU 35101 WELLS FARGO BANK, N.A. P.O. BOX 14469, DES MOINES, IA  50306-9655

## CANCELLATION OF SECURITY DEED

WFHM - CLIENT 708 #:0535665814 "HULL"  Lender ID:H24014/109545624   Cobb, Georgia
Property Address: 553 SOUTH GORDON ROAD, MABLETON, GA  30059

 The indebtedness referred to in that certain Security Deed/Deed to Secure Debt  from BALDWIN E HULL to NORWEST MORTGAGE, INC. Dated:  07/14/1995  and filed of record on 07/24/1995  in Book/Reel/Liber: 8988, Page/Folio: 0397,  as Instrument No.: N/A   of the office of the Clerk of the Superior Court of Cobb County, Georgia, having been paid in full, and the undersigned being the present owner, lienholder or **grantee of record** of such secured interest by virtue of being the original grantee or the heir, assign, transferee, or devisee of the original grantee, the clerk of such superior court is authorized and directed to cancel that deed of record as provided in Code Section 44-14-4 of the O.C.G.A. for other mortgage cancellations.

 FOR PURPOSES OF RECORDING THIS CANCELLATION, Wells Fargo Bank, N.A. IS THE GRANTEE OF RECORD.

The Property is commonly known as: 553 SOUTH GORDON ROAD, MABLETON, GA 30059.

 **IN WITNESS WHEREOF,** the undersigned has set its hand and seal, this 21st day of October, 2021, by its duly authorized representative(s).

Wells Fargo Bank, N.A.

By: _____(SEAL)
JAGRUTI K. SHAH, Vice President
Loan Documentation

Signed, sealed and delivered on the date above shown in the presence of:

WITNESS

_____
Minkyung Choi

STATE OF Minnesota
COUNTY OF Hennepin

NOTARY PUBLIC

_____
KRISTI JUNE DOHERTY

KRISTI JUNE DOHERTY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2025

My Commission Expires: 01/31/2025

*JKS*JKSWFMM*10/21/2021 08:27:29 AM* WFMC04WFMN0000000000000000164736* GACOBB* 0535665814 GASTATE_MORT_REL  **JKSWFMM*

## EXHIBIT "C"

Filed In Office Dec-05-2022 12:43:18
ID# 2022-0155247-CV
Page 1

WL

Connie Taylor
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Petitioner: **Baldwin E. Hull**

and

Respondent: **Wells Fargo Home Mortgage**

Civil Action File No.: **22-1-8445-70**

Petitioner

~~VERIFICATION~~

I, **Baldwin E. Hull**, personally appeared before the undersigned attesting officer authorized by law to administer oaths, and after b...

**Petitioner Address:
553 South Gordon Rd SW
Mableton, GA 30126-5136**

**Original Appearance
of Document**

<span style="color:red">EXHIBIT "D"</span>

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Petitioner: _Baldwin Everett Hull_

and

Respondent: _Wells Fargo_
_c/o Kevin Burgess_

Civil Action File No.: _22-1-8445-70_

## VERIFICATION

I, _Baldwin Everett Hull_, personally appeared before the undersigned attesting officer authorized by law to administer oaths, and after being duly sworn, declare under oath that I am the Petitioner in the above-styled action and that the facts stated in the foregoing _Petition_ for _Wells Fargo c/o Kevin Burgess_ are true and correct to the best of my knowledge.

Signed this ___5___ day of ___December 2022___.
      [day]                [month]        [year]

_Brett Hull_
(Sign your name here before Notary)  Petitioner, _Self-Represented_

Petitioner's name (print or type): _Baldwin Everett Hull_

Petitioner's Address: _553 South Gorden Rd_
_Mableton, Ga 30126-5136_

Petitioner's Telephone Number: _678 764 2462_

Sworn to and affirmed before me, this
_5th_ day of _December, 2022_

_Susan Singer_
NOTARY PUBLIC
My commission expires: _2/27/2023_
(Notary Seal)

Original Appearance
of Document

EXHIBIT "D"

ID# 2022-0155247-CV
Page 3

November 16, 2022

I am filing this civil suit against Wells Fargo Home Mortgage due to the fact that their property managers burglarized My home on three different occasions. This started in 2011 and again in 2012 and the last time was in 2019. They were told on numerous occasions that their vendors broke into My house and were attempting to do it again by coming by leaving papers on the residence claiming that the property was vacant. I called Wells Fargo and told them numerous occasions that this was not true, however they continued to send vendors out to maintain the lawn after I told them to stop. There vendors broke the locks off to the doors of the house as well as to the crawl space. They stated to Me that they were winterizing My house and performing minor repairs. They were told over and again not to come onto the property. All this was to no avail. I have made efforts to settle this matter with Wells Fargo over the past year; however they decline to take fault when they left documents as well as stickers all over the inside of the house and stole all the possession that they wanted and what they did not steal they destroyed. The settlement that I am seeking is one million five hundred thousand for harassment, theft as well stress and anxiety. This matter has been on going for over eight years. There was no legal actions ongoing at the time concerning the property.

Kevin Burgess was the latest person at Wells Fargo that I attempted to resolve this matter.

Kevin Burgess

Senior Escalations Representative

Wells Fargo Home Mortgage

P.O. Box 10335

Des Moines, IA 50306

Petitioner : Baldwin E. Hull

*[signature]*

16 Nov. 2022

**Original Appearance of Document**

**EXHIBIT "D"**

ID# 2022-0155247-CV
Page 4

## Wells Fargo Bank
### Transaction Receipt

anch #00066985 1    Mortgage Payment

:ount Number          XXXXXXXXX5814
:28 :MR

:h In.                    $600.00
oose Currency
:100              $600.00
   Sub Total     $600.00

:l Payment                $600.00

isaction # 108 0123
7PM  08/30/19 Credited: 08/30/19

payment will be credited today
reflected on your account the next
ness day. Please retain receipt as
fication.

k you for your business.

the convenience of

uling appointments online at

sfargo.com/appointments

k you, MELINDA

---

## Wells Fargo Bank
### Transaction Receipt

Branch #0066930 8    Mortgage Payment

Account Number          XXXXXXXX58
00528  MR

Cash In                   $602.2(
   Loose Currency
   $100              $600.00
   $1                 $2.00
      Sub Total      $602.00

   Loose Coin
   $0.10             $0.20
      Sub total     $0.20

Total Payment             $602.20

Transaction # 070 0079
03:02PM  06/27/19 Credited: 06/27/19

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

wellsfargo.com/appointments

Thank you, MIRIAM

---

## Wells Fargo Bank
### Transaction Receipt

Branch #0000493 2    Mortgage Payment

Account Number          XXXXXXXXX58
00528  MR

Cash In                   $627.5
   Loose Currency
   $100             $600.00
   $20              $20.00
   $5               $5.00
   $1               $2.00
      Sub Total     $627.00

   Loose Coin
   $0.25            $0.50
   $0.05            $0.05
   $0.01            $0.01
      Sub total    $0.56

Total Payment             $627.56

Transaction # 055 0060
02:30PM  05/24/19 Credited: 05/24/19

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

wellsfargo.com/appointments

Thank you, JOEY

---

**Original Appearance of Document**

EXHIBIT "D"

ID# 2022-0155247-CV
Page 5

## Wells Fargo Bank
### Transaction Receipt

Branch #0000493 3     Mortgage Payment

Account Number          XXXXXXXXX5814
00528  MR

Cash In                      $600.00
  Loose Currency
  $100              $600.00
    Sub Total       $600.00

Total Payment            $600.00

Transaction # 033 0036
12:23PM   05/17/19 Credited: 05/17/19

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

wellsfargo.com/appointments

Thank you, ALYX

## Wells Fargo Bank
### Transaction Receipt

Branch #0063194 3     Mortgage Payment

Account Number          XXXXXXXXX5814
00528  MR

Cash In                      $600.00
  Loose Currency
  $100              $600.00
    Sub Total       $600.00

Total Payment            $600.00

Transaction # 033 0044
02:36PM   03/14/19 Credited: 03/14/19

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

wellsfargo.com/appointments

**EXHIBIT "D"**

## Wells Fargo Bank
### Transaction Receipt

Branch #0000493 3     Mortgage Payment

Account Number          XXXXXXXXX581
00528  MR

Cash In                      $622.92
  Loose Currency
  $100              $600.00
  $20               $20.00
  $1                $2.00
    Sub Total       $622.00

  Loose Coin
  $0.10             $0.90
  $0.01             $0.02
    Sub total       $0.92

Total Payment            $622.92

Transaction # 058 0069
05:10PM   02/22/19 Credited: 02/22/19

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

**Wells Fargo Bank, N.A.**

2701 WELLS FARGO WAY
MAC N9408-04L
MINNEAPOLIS, MN 55467
1-866-234-8271

December 22, 2021

BALDWIN E HULL
553 S GORDON RD
MABLETON, GA 30126-5136

Subject: Recorded lien release document enclosed
Account Number: ████5814
Property Address: 553 SOUTH GORDON ROAD, MABLETON, GA 30059

Dear Customer:

We've enclosed the recorded lien release document for your property. Please keep this document with your records.

If you have any questions or need further assistance, please contact us at 1-866-234-8271, Monday through Friday, 6:00 a.m. to 10:00 p.m., or Saturday, 8:00 a.m. to 2:00 p.m. Central Time.

Thank you. We appreciate your business.

Lien Release Department
Wells Fargo Bank, N.A.

Enclosure

© 2021 Wells Fargo Bank, N. A. All rights reserved. NMLSR ID 399801

**Original Appearance of Document**

[CB]  **WFHM - CLIENT 708**  ████5814

**EXHIBIT "D"**



Wells Fargo
P.O. Box 10335
Des Moines, IA 50306 0335

October 27, 2022

Baldwin E. Hull
553 S Gordon Rd
Mableton, GA 30126

Subject: Resolution to your inquiry about account number 5814

Dear Baldwin E. Hull:

Thank you for your patience while we looked into your concerns. We've completed our research and are ready to share our findings.

**In your inquiry, you expressed concerns about:**

- Dissatisfaction with property managers coming to the property
- Intent to sue
- Request for compensation

We've carefully considered these issues and we're providing our response below.

**Dissatisfaction with property managers coming to the property**

In your inquiry, you stated the vendors cut his boxing bag and destroyed an air conditioner outside. You stated what the vendors didn't steal they destroyed. In addition, you stated the property that was stolen was over a million dollars and you stated you intend to sue.

We've determined the account was handled properly and no corrections are needed because no error occurred. We'd like to provide you with more information about our resolution.

When a property is reported as vacant we may perform general property maintenance. We do this to preserve the collateral for the loan you obtained as outlined in the Security Instrument. The property maintenance may include but isn't limited to:

- Changing the locks
- Winterizing the property
- Maintaining the lawn
- Completing minor repairs to keep the property secure

We can confirm that our vendors did not break into the property at any time nor steal or destroy any belongings from the property. If you want to provide us with specific information or supporting documents, please use our mailing address and/or fax number:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306
Fax: 1-866-278-1179



Y6P/co14830408/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

EXHIBIT "D"

Hull
October 27, 2022
Page 2

**Intent to sue**

We look to customers like you for your opinion and feedback on how we can better serve our customers at the service level you expect and deserve. Our customers' trust and loyalty is vital to our success. We strive to process requests as quickly and as transparent as possible. Our goal is to provide clear and accurate communication to our customers and also return telephone calls and communications as soon as possible. We regret if we did not provide you with the service you expected from us. We're constantly reviewing and revising our practices and procedures to improve the customer's experience, and we appreciate your feedback. We thank you for allowing us to assist you with your financial needs and hope that our future service will allow us to retain you as our customer.

If you have additional information, supporting documents, or court filings you can sent them to us at our mailing address and/or fax number:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306
Fax: 1-866-278-1179

When there are allegations about vendor conduct, we take them seriously. We reviewed the information you provided and found that our vendors followed our policies or procedures, and on that basis there was no evidence to support your claim. If you're able to provide additional details, we'll review the matter again.

**Request for compensation**

You recently requested for complementation of $600,000.00 Unfortunately, we're not able to fulfill that request as no error occurred. We're sorry that this isn't the outcome you were hoping for.

**How to contact us**

We appreciate the time and effort you took to contact us. We accept telecommunications relay service calls. If you have questions or would like to request additional documents that support our research, please contact me at 1-800-853-8516 ext. 2109715565. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

*Kevin Burgess*

Kevin Burgess
Senior Escalations Representative
Home Lending Executive Office

Original Appearance
of Document

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

Y6P/co14830408/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N A NMLSR ID 399801

EXHIBIT "D"

ID# 2022-0155247-CV

Page 9

Wells Fargo Home Mortgage
Return Mail Operations
PO Box 10368
Des Moines, IA  50306-0368

XNML1CDTR9  000123  SP  01

Baldwin E Hull
553 S Gordon Rd
Mableton, GA  30126

Original Appearance
of Document

EXHIBIT "D"

2022-0155247-CV

Page 10



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"

EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"

# Original Appearance
# of Document

Post Secure

WF1913

| THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE. | ESTO NO CONSTITUYE UN AVISO DE DESALO ALQUILER O VENTA. |
|---|---|

THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE.

The property inspector has temporarily secured and maintained this property to protect it against future deterioration.

To secure and further preserve and maintain the property:

• Door locks may be replaced and doors may be boarded to protect the property.

• One door lock will be left unchanged, when possible, to allow the property owner or any former occupant access to this property.

• The plumbing system may also have been winterized to prevent damage during freezing temperatures.

If this property is unsecured, has been vandalized or if you have concerns about the condition of this property, please call the toll free number shown below.

Please be prepared to provide your name and contact information, full property address with unit number, work order/inspection number, Contractor Unique ID, along with the reason for your call.

The phone number below is for property maintenance concerns or inquiries only.

## 1-877-617-5274

Please call 911 immediately in the event of any life-threatening emergency at this property.

---

ESTO NO CONSTITUYE UN AVISO DE DESALO ALQUILER O VENTA.

El inspector de la propiedad realizó tareas de clausura y mantenimiento transitorias en esta propiedad para evitar qu deteriore en el futuro

Para clausurar, conservar y mantener aun más la propiedad

• Se podrían cambiar las cerraduras y cerrar las puertas con para proteger la propiedad.

• Cuando sea posible, se dejará una cerradura sin cambiar, p el dueño de la propiedad o cualquier ocupante anterior pued acceder a ella.

• Además, es posible que se haya acondicionado el sistema d plomería para el invierno, a fin de evitar daños durante las temperaturas bajo cero.

Si esta propiedad no se encuentra clausurada, ha sufrido de vandalismo o si usted tiene inquietudes con respecto estado de esta propiedad, llame al número de teléfono gr que se indica a continuación.

Deberá proporcionar su nombre o información de contact dirección completa de la propiedad con el número de unid número de orden de trabajo/inspección y la identificación del contratista, junto con el motivo de su llamada.

El número de teléfono que se indica a continuación o únicamente para inquietudes o consultas relacionad con el mantenimiento de la propiedad.

## 1-877-617-5274 (en inglés)

Llame al 911 de inmediato en caso de una emergenci con riesgo de vida en esta propiedad.

---

Work order/inspection number: _432483_        Date: _7/10/18_

Contractor Unique ID: _GA 3018 9 10 44_

Contractor/Company Name: _Beers Housing_

Property Address: _553 S Gordon Rd_   Property Registration Number:_____
_Mableton   GA 30126_

EXHIBIT "D"



Original Appearance
of Document

EXHIBIT "D"



EXHIBIT "D"



## CAUTION

THIS PROPERTY HAS BEEN SECURED AND/OR WINTERIZED ON

_7/16/18_

DO NOT USE THE ELECTRICAL OR PLUMBING SYSTEM AS WATER MAY HAVE BEEN DRAINED. WATER TESTING MUST BE ACCOMPLISHED WITHOUT DEWINTERIZING SYSTEMS.

NATIONAL FIELD REPRESENTATIVES, INC.

(603) 543-1000

ATTN: CITY OFFICIALS

FOR ANY CODE/SAFETY CONCERNS PLEASE CONTACT:

NFR AT 800-639-2151 x2385 OR

CODE@NFRONLINE.COM

# Original Appearance
# of Document

EXHIBIT "D"

ID# 2022-0155247-CV
Page 22



Original Appearance
of Document

EXHIBIT "D"

Post Secure                                                                      WF1913

| | |
|---|---|
| **THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE.** | **ESTO NO CONSTITUYE UN AVISO DE DESALO ALQUILER O VENTA.** |

The property inspector has temporarily secured and maintained this property to protect it against future deterioration.

To secure and further preserve and maintain the property:

· Door locks may be replaced and doors may be boarded to protect the property.

· One door lock will be left unchanged, when possible, to allow the property owner or any former occupant access to this property.

· The plumbing system may also have been winterized to prevent damage during freezing temperatures.

**If this property is unsecured, has been vandalized or if you have concerns about the condition of this property, please call the toll free number shown below.**

**Please be prepared to provide your name and contact information, full property address with unit number, work order/inspection number, Contractor Unique ID, along with the reason for your call.**

**The phone number below is for property maintenance concerns or inquiries only.**

# 1-877-617-5274

*Please call 911 immediately in the event of any life-threatening emergency at this property.*

El inspector de la propiedad realizó tareas de clausura y mantenimiento transitorias en esta propiedad para evitar que deteriore en el futuro.

Para clausurar, conservar y mantener aun más la propiedad:

· Se podrían cambiar las cerraduras y cerrar las puertas con ta para proteger la propiedad.

· Cuando sea posible, se dejará una cerradura sin cambiar, pa el dueño de la propiedad o cualquier ocupante anterior pueda acceder a ella.

· Además, es posible que se haya acondicionado el sistema d plomería para el invierno, a fin de evitar daños durante las temperaturas bajo cero.

**Si esta propiedad no se encuentra clausurada, ha sufrido de vandalismo o si usted tiene inquietudes con respecto a estado de esta propiedad, llame al número de teléfono gr que se indica a continuación.**

**Deberá proporcionar su nombre e información de contact dirección completa de la propiedad con el número de unid número de orden de trabajo/inspección y la identificación del contratista, junto con el motivo de su llamada.**

**El número de teléfono que se indica a continuación e únicamente para inquietudes o consultas relacionad con el mantenimiento de la propiedad.**

# 1-877-617-5274 (en inglés)

*Llame al 911 de inmediato en caso de una emergenc con riesgo de vida en esta propiedad.*

---

Work order/Inspection number: **60618047**   Date: **9/19/18**

Contractor Unique ID: **GA303311030**

Contractor/Company N **McCall App**   ~~Original Appearan of Document~~

Property Address: **553 S. Gordon Rd**   ~~Property Registration Number:~~ _____

**Mableton, GA 30126**

EXHIBIT "D"   Revised 24/20/2015   1/20/2019   WF1913

55247-C

Page 24

WF1913

Post Secure

| **THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE.** | **ESTO NO CONSTITUYE UN AVISO DE DESALOJO, ALQUILER O VENTA.** |
|---|---|

**THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE.**

The property inspector has temporarily secured and maintained this property to protect it against future deterioration.

To secure and further preserve and maintain the property:

• Door locks may be replaced and doors may be boarded to protect the property.

• One door lock will be left unchanged, when possible, to allow the property owner or any former occupant access to this property.

• The plumbing system may also have been winterized to prevent damage during freezing temperatures.

If this property is unsecured, has been vandalized or if you have concerns about the condition of this property, please call the toll free number shown below.

Please be prepared to provide your name and contact information, full property address with unit number, work order/inspection number, Contractor Unique ID, along with the reason for your call.

The phone number below is for property maintenance concerns or inquiries only.

# 1-877-617-5274

*Please call 911 immediately in the event of any life-threatening emergency at this property.*

**ESTO NO CONSTITUYE UN AVISO DE DESALOJO, ALQUILER O VENTA.**

El inspector de la propiedad realizó tareas de clausura y mantenimiento transitorias en esta propiedad para evitar que se deteriore en el futuro.

Para clausurar, conservar y mantener aun más la propiedad:

• Se podrían cambiar las cerraduras y cerrar las puertas con tablas para proteger la propiedad.

• Cuando sea posible, se dejará una cerradura sin cambiar, para que el dueño de la propiedad o cualquier ocupante anterior puedan acceder a ella.

• Además, es posible que se haya acondicionado el sistema de plomería para el invierno, a fin de evitar daños durante las temperaturas bajo cero.

Si esta propiedad no se encuentra clausurada, ha sufrido actos de vandalismo o si usted tiene inquietudes con respecto al estado de esta propiedad, llame al número de teléfono gratuito que se indica a continuación.

Deberá proporcionar su nombre e información de contacto, la dirección completa de la propiedad con el número de unidad, número de orden de trabajo/inspección y la Identificación única del contratista, junto con el motivo de su llamada.

El número de teléfono que se indica a continuación es únicamente para inquietudes o consultas relacionadas con el mantenimiento de la propiedad.

# 1-877-617-5274 (en inglés)

*Llame al 911 de inmediato en caso de una emergencia con riesgo de vida en esta propiedad.*

Work order/Inspection number: 66186274

Date: 8/21/19

Contractor Unique ID: GA30331630

Contractor/Company Name: TPI McCall Appraisers

Property Address: 553 J Gordon Rd
mableton, GA 30126

Property Registration Number:

# Original Appearance of Document

EXHIBIT "D"



EXHIBIT "D"

Post Secure

WF1919

### THIS IS NOT A NOTICE OF EVICTION, RENTAL OR SALE.

The property inspector has temporarily secured and maintained this property to protect it against future deterioration.

To secure and further preserve and maintain the property:

• Door locks may be replaced and doors may be boarded to protect the property.

• One door lock will be left unchanged, when possible, to allow the property owner or any former occupant access to this property.

• The plumbing system may also have been winterized to prevent damage during freezing temperatures.

If this property is unsecured, has been vandalized or if you have concerns about the condition of this property, please call the toll free number shown below.

Please be prepared to provide your name and contact information, full property address with unit number, work order/inspection number, Contractor Unique ID, along with the reason for your call.

The phone number below is for property maintenance concerns or inquiries only.

## 1-877-617-5274

*Please call 911 immediately in the event of any life-threatening emergency at this property.*

### ESTO NO CONSTITUYE UN AVISO DE DESALO ALQUILER O VENTA.

El inspector de la propiedad realizó tareas de clausura y mantenimiento transitorias en esta propiedad para evitar su deterioro en el futuro.

Para clausurar, conservar y mantener aún más la propiedad:

• Se podrían cambiar las cerraduras y cerrar las puertas con l para proteger la propiedad.

• Cuando sea posible, se dejará una cerradura sin cambiar, pa el dueño de la propiedad o cualquier ocupante anterior puedan acceder a ella.

• Además, es posible que se haya acondicionado el sistema d plomería para el invierno, a fin de evitar daños durante las temperaturas bajo cero.

Si esta propiedad no se encuentra clausurada, ha sufrido de vandalismo o si usted tiene inquietudes con respecto a estado de la propiedad, llame al número de teléfono gra que se indica a continuación.

Deberá proporcionar su nombre e información de contacto dirección completa de la propiedad con el número de unid número de orden de trabajo/inspección y la identificación del contratista, junto con el motivo de su llamada.

El número de teléfono que se indica a continuación es únicamente para inquietudes o consultas relacionada con el mantenimiento de la propiedad.

## 1-877-617-5274 (en inglés)

*Llame al 911 de inmediato en caso de una emergenci con riesgo de vida en esta propiedad.*

Work order/Inspection number: 432183         Date: 7/10/18

Contractor Unique ID: GA 3018 4 1044

Contractor/Company Name: Bruis Housing

Property Address: 553 S Gordon Rd
Middleton GA 36126         Property Registration Number: _____

EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"

cure                                                    WF1913

| | |
|---|---|
| **S NOT A NOTICE OF EVICTION, RENTAL OR SALE.** | **ESTO NO CONSTITUYE UN AVISO DE DESALOJO, ALQUILER O VENTA.** |

erty inspector has temporarily secured and
ed this property to protect it against future
tion.

e and further preserve and maintain the property:

cks may be replaced and doors may be boarded to
e property.

or lock will be left unchanged, when possible, to allow
erty owner or any former occupant access to this

mbing system may also have been winterized to
damage during freezing temperatures.

operty is unsecured, has been vandalized or if you
ncerns about the condition of this property, please
toll free number shown below.

e prepared to provide your name and contact
tion, full property address with unit number, work
spection number, Contractor Unique ID, along with
on for your call.

one number below is for property
nance concerns or inquiries only.

7-617-5274

call 911 immediately in the event of any life-
ning emergency at this property.

El inspector de la propiedad realizó tareas de clausura y
mantenimiento transitorias en esta propiedad para evitar que se
deteriore en el futuro.

Para clausurar, conservar y mantener aun más la propiedad:

• Se podrían cambiar las cerraduras y cerrar las puertas con tablas
para proteger la propiedad.

• Cuando sea posible, se dejará una cerradura sin cambiar, para que
el dueño de la propiedad o cualquier ocupante anterior puedan
acceder a ella.

• Además, es posible que se haya acondicionado el sistema de
plomería para el invierno, a fin de evitar daños durante las
temperaturas bajo cero.

**Si esta propiedad no se encuentra clausurada, ha sufrido actos
de vandalismo o si usted tiene inquietudes con respecto al
estado de esta propiedad, llame al número de teléfono gratuito
que se indica a continuación.**

**Deberá proporcionar su nombre e información de contacto, la
dirección completa de la propiedad con el número de unidad, el
número de orden de trabajo/inspección y la identificación única
del contratista, junto con el motivo de su llamada.**

**El número de teléfono que se indica a continuación es
únicamente para inquietudes o consultas relacionadas
con el mantenimiento de la propiedad.**

1-877-617-5274 (en inglés)

**Llame al 911 de inmediato en caso de una emergencia
con riesgo de vida en esta propiedad.**

order/Inspection number: 60618047    Date: 9/19/18

ctor Unique ID: GA30331030

ctor/Company N  To McCall App

rty Address: 553 S Gordon Rd
Mapleton, GA 30126

EXHIBIT "D"

rty Address: _____ Property Registration Number: _____



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"



EXHIBIT "D"

18#2023-0070571-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**22108445**
**Julie Adams Jacobs - 70**
**MAY 19, 2023 11:41 AM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| Baldwin E. Hull, | ) | |
| | ) | |
| | ) | Civil Action |
| Petitioner, | ) | File No. 22-1-8445-70 |
| | ) | |
| vs. | ) | |
| | ) | |
| Wells Fargo Home Mortgage, | ) | |
| | ) | |
| Respondent, | ) | |

## ORDER TO PERFECT SERVICE

This matter having been filed with the Clerk of the Superior Court of Cobb County on

December 5, 2022, and service upon Defendant having not been perfected, it is HEREBY

ORDERED that service be perfected within 90 days or the matter will be dismissed without

prejudice.

SO ORDERED, this __9th__ day of May, 2023.

Julie Adams Jacobs
Judge, Superior Court
Cobb Judicial Circuit

EXHIBIT "D"

<u>**CERTIFICATE OF SERVICE**</u>

     This is to certify that I have this day served the parties in the foregoing matter with a copy of the **ORDER TO PERFECT SERVICE** by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, as follows:

<u>**Via First Class Mail, Return Service Requested:**</u>

**Baldwin E. Hull**
553 South Gordon Rd.
Mableton, GA 30126

This ___19th___ day of ___May_____, 2023

_Karli Smith_

**Karli Smith**
**Judicial Calendar Coordinator to:**
**Julie Adams Jacobs**
**Judge, Superior Court**
**Cobb Judicial Circuit**

EXHIBIT "D"

23-0076367-CV
**⚎ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**22108445**
**Julie Adams Jacobs - 70**
**JUN 01, 2023 02:18 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

**Baldwin E. Hull,**

      Petitioner,

v.

**Wells Fargo Home Mortgage,**

      Respondent,

CIVIL ACTION NO.
22-1-8445-70

---

**RULE NISI**

---

IT IS HEREBY ORDERED that all parties in the above-referenced matter are directed to appear before the undersigned on August 7, 2023, at 1:30 p.m. in courtroom 7300 of the Superior Court of Cobb County, Georgia for a *Hearing on Petitioner's Complaint for Damages.*

If you wish to have the hearing taken down, you must contact the Judicial Program Coordinator, Cathy Dunn, at Cathy.Dunn@cobbcounty.org no less than three (5) business days prior to your hearing. If you do not reach out to the Program Coordinator, there may not be a court reporter available for your hearing.

This ____1st____ day of ____June____, 20 __23__.

**JULIE ADAMS JACOBS**
Judge, Superior Court of Cobb County

EXHIBIT "D"

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties in the foregoing matter with a copy of the **RULE NISI** by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, as follows:

### Via First Class Mail, Return Service Requested:

**Baldwin E. Hull**
553 South Gordon Rd.
Mableton, GA 30126

**Wells Fargo Home Mortgage Inc.**
Registered Agent Corp. Service Co.
505 5th Ave., Ste 729
Des Moines, IA 50309

**Wells Fargo Home Mortgage Inc.**
P.O. Box 10335
Des Moines, IA 50306

This ___1st___ day of _____June_____, 2023

_Karli Smith_

**Karli Smith**
**Judicial Calendar Coordinator to:**
**Julie Adams Jacobs**
**Judge, Superior Court**
**Cobb Judicial Circuit**

EXHIBIT "D"

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing

*NOTICE TO PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT OF COBB COUNTY*

*OF REMOVAL OF ACTION TO FEDERAL COURT* was electronically filed with the Clerk of

Court using the Odyssey E-file system and has been served on the following via U.S. Mail as

follows:

Baldwin Everett Hull
553 South Gordon Road
Mableton, Georgia 30126-5136

This 16th day of June, 2023.

/s/ Arthur A. Ebbs_____
Arthur A. Ebbs
State Bar No. 416181

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the within

and foregoing *Notice of Notice of Removal* was electronically filed with the Clerk

of Court using the CM/ECF system and has been served on the following via U.S.

Mail as follows:

Baldwin Everett Hull
553 South Gordon Road
Mableton, Georgia 30126-5136

This 16th day of June, 2023.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181