UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LILLIAN WILSON,** | * | |
| | * | |
| Plaintiff, | * | Case No. _____ |
| | * | |
| v. | * | |
| | * | |
| **DOLLAR TREE STORES, INC;** | * | |
| **ABC CORPS #1-3; and JOHN DOES #1-3**, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

Without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1.     The Plaintiff, Lillian Wilson ("Wilson"), commenced this action in the State Court of Gwinnett County, Georgia on May 1, 2023 and process was served on Dollar Tree on May 17, 2023. A copy of Wilson's Complaint setting forth the claim for relief upon which the action is based was first received by the Dollar Tree

on May 17, 2023.  Thus, removal is timely.

2. This is a civil action for damages arising out of alleged injuries sustained in a slip-and-fall incident on May 23, 2021 at the Dollar Tree store allegedly located at 3509 M.L.K. Jr Dr SW, Atlanta, Georgia 30331.[1]

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Wilson was and continues to be a citizen and resident of the State of Georgia.

5. Dollar Tree is a Virginia corporation with its principal place of business in Virginia. Therefore, Dollar Tree is a citizen of Virginia and not a citizen of Georgia.

6. This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *2-3 (N.D. Ga. Mar. 8, 2007).

---

[1] Dollar Tree avers that the store location identified in Wilson's Complaint refers to a Dollar General, and not Dollar Tree, store. Dollar Tree intends to clarify the store location with Wilson's counsel, and if necessary, seek an order from this Court dropping Dollar Tree as a party and adding Dollar General.

7. Where the "[p]laintiff[']s complaint seeks a variety of damages for a plethora of injuries that, if recovered, will more likely than not exceed the jurisdictional minimum," the amount in controversy requirement is met. *Id.* at * 3.

8. In this action, Wilson does not claim a specific amount of damages to be recovered. (*See generally*, Compl.).

9. Instead, Wilson seeks to recover "general and special damages as allowed by applicable law" based on allegedly suffering "bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; lost ability to work; permanent injury; and other economic damages including, without limitation lost wages." (Compl. ¶¶ 10-11).

10. Wilson claims her "economic and noneconomic damages are continuing in nature, and [that she] will continue to incur general and special damages in the future." (Compl. ¶ 10).

11. On September 23, 2022, Wilson served a pre-suit settlement demand to Dollar Tree in the amount of $1,000,000.00. In the demand, Wilson itemized $10,235.01 in special damages to date that comprised treatment for a twisted knee, blurred vision, severe migraine headaches, and severe neck, back and shoulder pain. (Wilson's $1,000,000.00 Settlement Demand, attached hereto as **Exhibit A**).

12. As a result of Dollar Tree's negligence Wilson's demand claims she "now has difficulty sleeping, turning her head left and right and bending down." *Id.*

13. On January 31, 2023, Wilson served a second pre-suit settlement demand to Dollar Tree, this time in the amount of $100,000.00 based on $27,037.67 in special damages. (Wilson's $100,000.00 Settlement Demand, attached hereto as **Exhibit B**).

14. This Honorable Court has previously held that pre-suit "settlement offers, though not determinative, may be considered in determining the amount in controversy if the demand was an honest assessment of damages as opposed to mere posturing." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *7 (N.D. Ga. Mar. 8, 2007).

15. A settlement demand "tallying [] costs" of categories of damages suggests that the plaintiff is "offering a reasonable assessment of the value of [her] claim." *Bryant v. Publix Super Mkts.*, 2021 U.S. Dist. LEXIS 114434, at *17, *19 (N.D. Ga. Mar. 25, 2021).

16. Wilson's pre-suit settlement demand does not constitute posturing, but instead was meticulously generated using prevailing Georgia caselaw and established standards of damages calculations.

17. Wilson's first pre-suit settlement demand alleged $10,235.01 in special damages, and her second pre-suit settlement demand alleged $27,037.67 in special damages. This indicates that her settlement demands were an accurate assessment of damages continuing to rise based on her ongoing and future medical treatment.

18. Finally, Wilson has not expressly ruled out the possibility of her damages exceeding $75,000.00. *See*, *e.g.*, *Fields v. Chipotle Mexican Grill of Colo.*, No. 1:21- cv-00902-AT, 2021 U.S. Dist. LEXIS 114422, at *3 (N.D. Ga. May 11, 2021) (motion to remand granted where Plaintiff's Complaint specifically requested damages not exceeding $74,999.00).

19. Taken together, it is more likely than not that if Wilson recovers for the injuries and damages she seeks, including, but not limited to, pain and suffering, medical expenses, lost capacity for the enjoyment of life, lost ability to work, permanent injury, and lost wages, and the two (2) pre-suit settlement demands, the amount in controversy of Wilson's claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

20. A copy of all pleadings and Orders served upon Dollar Tree is filed with this Notice and attached hereto as **Exhibit C**.

21. Dollar Tree will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

22. A copy of this Notice will be filed with the Clerk of the State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Dollar Tree requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 16th day of June, 2023.

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin
      **SEAN W. MARTIN, GA BAR #474125**
      **STEPHEN A. SWANSON, GA BAR #759751**
      *Attorneys for Defendant Dollar Tree Stores, Inc.*
      736 Market St., Suite 1320
      Chattanooga, TN 37402
      (423) 648-9832 / (423) 648-9869 FAX
      swmartin@carrallison.com
      sswanson@carrallison.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 16th day of June, 2023.

By:   /s/ Sean W. Martin
      **SEAN W. MARTIN, GA BAR #474125**
      **STEPHEN A. SWANSON, GA BAR #759751**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Michael Johnson
Morgan & Morgan-Atlanta, PLLC
PO Box 57007
Atlanta, GA 30343-1007

      By:   /s/ Sean W. Martin
        **SEAN W. MARTIN, GA BAR #474125**
        **STEPHEN A. SWANSON, GA BAR #759751**