

January 31, 2023

**CERTIFIED MAIL**

*1175 7369*
Sedgwick Claims Mangement Services, Inc.
ATTN: Luis Perez
P.O. Box 14436
Lexington, KY 40512

RE:  Our Client:    Lillian Wilson
     Your Insured:  Dollar Tree Stores, Inc (3509 MLK JR Drive, Atlanta GA 30331)
     Date/Loss:     May 23, 2021
     Claim:         30217632252-0001

## TIME LIMITED DEMAND

Dear Mr. Perez:

As you know, Morgan and Morgan has been retained to represent Ms. Lillian Wilson, for damages arising out of an injury that occurred on May 23, 2021 at the Dollar Tree on Martin Luther King Jr. Drive. This letter is being sent to you pursuant to O.C.G.A. §51-12-14 and Southern General Insurance Co. v. Holt, 262 Ga. 267, 416 S.E.2d 274 (1992) and is in the nature of a demand for purposes of settlement and compromise only and shall not be admissible in litigation.

On May 23, 2021, Ms. Wilson went shopping at the above-mentioned Dollar Tree. She picked out several items to purchase and began walking towards the register. As she neared the register, her feet suddenly slipped out from under her due to a puddle of water, causing her to fall backwards, hitting her head.

As a result of your insured's negligence, Ms. Wilson has suffered from a twisted knee and severe migraine headaches. Ms. Wilson also has severe neck, back, and shoulder pain. She has incurred approximately $10,235.01 in special damages. Due to her injuries, Ms. Wilson, a loving grandmother, now has difficulty sleeping, turning her head left and right and bending down. Should this case go to trial, we believe Ms. Wilson would make an excellent witness.

Ms. Wilson was an invitee on your insured's property, as defined by O.C.G.A. § 51-3-1. As such, your insured was charged with the duty of ordinary care to keep the Premises safe. Your insured, through its employee, had actual or constructive knowledge of the hazardous condition prior to Ms. Wilson's fall. Moreover, our client did not have prior knowledge of the specific hazard causing her injury. Based on the above, your insured is liable for our client's damages because they failed to



address or warn of the hazardous condition that directly led to her injury. **Please preserve all photos/ video of the Premises for use at trial if negotiations fail.**

### MEDICAL TREATMENT

On May 27th, 2021, Ms. Wilson presented to Sparlin Health Care where she received X rays that revealed a sprain of ligaments of the lumbar spine, Cervicobrachial syndrome, sprain of ligaments of thoracic spine, initial encounter, unspecified sprain of unspecified shoulder joint, and a sprain of unspecified site of unspecified knee. She treated with them for two months and was discharged.

Admittedly, there was a gap in treatment due to appointments not being available. On January 31, 2022, Ms. Wilson presented to Grady Walk-In Center with complaints of blurred vision and headaches. She received an MRI of the cervical spine. The MRI revealed moderate-severe left neural foraminal stenosis at C5-C6 level.

### MEDICAL BILLS TOTAL AND DEMAND FOR MED PAY

| | |
|---|---:|
| Sparlin Health Care | $3,500.00 |
| Grady Walk-In Center | $23,537.67 |
| **TOTAL** | **$27,037.67** |

True and correct copied of Ms. Wilson's bills and records are attached. *We also demand any and all available medical payments coverage at this time.*

### TIME LIMITED DEMAND FOR $100,000.00

My client hereby demands the sum of $**100,000.00**. The following additional conditions apply to any settlement negotiations that ever take place concerning this claim, even if the case goes into litigation and negotiations occur with an attorney or anyone representing any potential Defendant:

1. Your named insured and related companies only will be released as we do not release "all other persons, firms, corporations, etc.", nor do we approve any other such broad language in releases;
2. All bodily injury claims arising out of this incident will be released;
3. Payment shall be made to our client referenced herein and Morgan & Morgan Atlanta, PLLC only, and payment shall be made within 10 days of the settlement date;
4. Payment will be in the form of one check for the entire settlement amount made out as noted in number 3 above, and we alone will handle all lien and reimbursement issues;
5. Only the client referenced herein shall be on the release as a required signatory and releasing party;



6. Indemnity may be for medical/healthcare liens only, and indemnity will not be provided for any attorney's fees or expenses of litigation;
7. We must be in receipt of the settlement funds before any release will be executed;
8. As an attorney and not a party, I do not sign releases, so only our client referenced herein shall be required to sign any settlement documents; and

Enclosed please find the medical records and bills which document this claim. We look forward to hearing from you within 30 days of you or your company's receipt of this letter.

Always,

Michael Johnson