E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02922-S5**
**5/1/2023 12:08 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LILLIAN WILSON, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR TREE STORES, INC.; <br><br> ABC CORPS #1-3; AND JOHN DOES #1-3 <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO.:  23-C-02922-S5 <br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff LILLIAN WILSON files this Complaint for Damages and brings the following causes of action against Defendants DOLLAR TREE STORES, INC., showing this Honorable Court as follows:

### Parties, Jurisdiction, & Venue

1. Plaintiff LILLIAN WILSON is a Georgia resident.

2. Defendant DOLLAR TREE STORES, INC., is a Foreign Profit Corporation with a registered agent for service of process, Corporation Service Company, who is located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Service of process can be perfected upon Defendant at that address.

3. This Court has jurisdiction over this matter and all parties to it.

4. Venue is proper as to all parties.

## Background Facts

5. Defendants owns, operate, manage, and control the Dollar Tree Store, that is located at 3509 Martin Luther King Jr. Drive, Atlanta, Fulton County, Georgia 30331. (The "store" or the "Premises").

6. On or around May 23, 2021, the Plaintiff tripped and fell due to liquid on the floor of the Premises. (The "Incident").

7. As a result of the Incident, the Plaintiff suffered bodily injuries.

8. At all material times, the Plaintiff exercised reasonable care for her own safety.

9. Defendants negligently caused the Plaintiff's injuries.

10. As the direct and proximate result of Defendants' negligence, the Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; lost ability to work; permanent injury; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature, and the Plaintiff will continue to incur general and special damages in the future.

11. As the direct and proximate result of Defendants' negligence, the Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## Count I – Active Negligence

12. Plaintiff repeats and realleges paragraphs 1 through 11 above, verbatim. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

13. Defendants' chosen mode and manner of operation of Ingles Market required the Defendants

implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

14. Defendants owed a duty to all customers and/or patrons to use ordinary care to guard against foreseeable risks of harm caused by their mode, manner, and means of operating the Premise.

15. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

16. Defendants had a duty to develop, implement, maintain, comply with, and enforce reasonable inspection, maintenance, and safety programs and measures to protect all customers and/or patrons from the foreseeable risks of harm arising from their mode, manner, and means of operating the Premise.

17. Defendants breached their duty to the Plaintiff, by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

18. While operating the Premise, Defendants negligently failed to exercise reasonable care to protect the Plaintiff from foreseeable risks of harm in one or more of the following ways:

    (i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

    (ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

    (iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

    (iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

    (v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

 (vi) Defendants failed to warn the Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

19. Defendants' failure to exercise reasonable care in their operations of the Premises allowed a liquid to remain on the floor of the Premises, which created an unreasonable risk of harm and caused the Plaintiff to be injured.

20. Defendants' negligent operations of the Premises directly and proximately caused the Plaintiff's injuries.

21. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Defendants' business.

## Count II – Premises Liability

22. Plaintiff repeats and realleges paragraphs 1 through 21 above, verbatim.

23. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises and its approaches.

24. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises in a reasonably safe condition.

25. Further, Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

26. Defendants' duty of care included:

    a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed hazards or risks;

    b. Detecting, removing, or otherwise remedying hazardous conditions on the Premises; and

    c. Adequately warning invitees about specific hazards on the Premises to enable invitees to avoid harm.

27. At all material times, the Plaintiff was Defendants' invitee.

28. On the date of incident, the Plaintiff tripped and fell due to liquid being left on the floor of the Premises.

29. The liquid that was on the floor was present for such an amount of time that Defendants knew, or should have known, that it constituted a hazardous condition. The significant amount of time that the liquid was on the floor afforded Defendants the opportunity to remedy or remove the hazard and/or warn invitees of the dangerous condition it created.

30. Additionally, Defendants controlled the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remedy or remove the hazardous condition or warn invitees, including the Plaintiff, of the hazardous condition.

31. Defendants breached their duty to the Plaintiff when they negligently failed to remedy or remove the liquid from the floor or warn the Plaintiff of the same.

32. As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, the Plaintiff was injured.

33. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, the Plaintiff was injured.

34. As a direct and proximate result of Defendants' negligent failure to warn invitees/patrons of the liquid on the floor, the Plaintiff was injured.

### **Count III – Nuisance**

35. Plaintiff repeats and realleges paragraphs 1 through 34 above, verbatim.

36. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises.

37. The liquid unattended on the floor of the Premises created a nuisance at the time of incident.

38. As a direct and proximate cause of the liquid on the floor, the Plaintiff suffered bodily injuries.

39. As a direct and proximate cause of Defendants' allowance of the nuisance to exist within their controlled Premises, which lead to the Plaintiff suffering severe bodily injuries.

40. As a direct and proximate cause of Defendants' failure to remove, remedy, or otherwise remediate the nuisance, the Plaintiff suffered bodily injuries.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in an amount to be determined by a jury;

e. That Plaintiff recover general and special damages; and

f. That this Honorable Court order such other and further relief as the Court deems just and proper.

*(Signature appears on following page)*

This 19th day of April, 2023.

                                  Respectfully Submitted

                                  **MORGAN & MORGAN ATLANTA, PLLC**

                                  */s/Michael Johnson*
                                  Michael Johnson, Esq.
                                  Georgia Bar Number 679391
                                  *Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
Email: majohnson@forthepeople.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02922-S5**
**5/1/2023 12:08 PM**
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _Gwinnett State Court_ County

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** _____ MM-DD-YYYY | **Case Number** | 23-C-02922-S5 |

**Plaintiff(s)**
WILSON, LILLIAN

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
INC., DOLLAR TREE S

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Michael Johnson_   **State Bar Number** _679391_   **Self-Represented** ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02922-S5**
**5/1/2023 12:08 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Lillian Wilson,**

PLAINTIFF

CIVIL ACTION
NUMBER: 23-C-02922-S5

VS.

**DOLLAR TREE STORES, INC**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael Johnson, Esq.
Ga. Bar No. 679319
P.O. Box 57009
Atlanta, Ga. 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **1ST** day of **May**, 20**23**.

Tiana P. Garner
Clerk of Superior Court
By: _Camelia Barlow_
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02922-S5**
**5/1/2023 12:08 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

■ Superior or ☐ State Court of ____GWINNETT____ County

**For Clerk Use Only**

Date Filed 05-01-2023
MM-DD-YYYY

Case Number  23-C-02922-S5

**Plaintiff(s)**
WILSON   LILLIAN
Last      First      Middle I.   Suffix   Prefix

**Defendant(s)**
DOLLAR    TREE      STORES    INC
Last      First      Middle I.   Suffix   Prefix

**Plaintiff's Attorney** MICHAEL JOHNSON   **State Bar Number** 679319   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02922-S5**
**6/5/2023 12:40 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LILLIAN WILSON,

    Plaintiff,

vs.

CIVIL ACTION
FILE NO.: 23-C-02922-S5

DOLLAR TREE STORES, INC.;
ABC CORPS #1-3; AND JOHN DOES #1-3,

    Defendants.

## AFFIDAVIT OF JEFF DOLBIER

On Wednesday May 17, 2023 at 1:25 pm I served true and correct copies of the SUMMONS and PLAINTIFF'S COMPLAINT FOR DAMAGES upon Defendant Dollar Tree Stores, Inc.'s Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Ms. Alisha Smith, a CSC representative, accepted service.

This __17__ day of May, 2023

_____
Jeff Dolbier
President, Flash Delivery Inc.

Sworn and Subscribed before
me this __17__ day of __MAY__ 20__23__
_____
My Commission Expires: 11-23-2024

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02922-S5**
**5/18/2023 3:31 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LILLIAN WILSON,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.;
ABC CORPS #1-3; AND JOHN DOES #1-3,

    Defendants.

CIVIL ACTION
FILE NO.: 23-C-02922-S5

## **AFFIDAVIT OF JEFF DOLBIER**

On Wednesday May 17, 2023 at 1:25 pm I served true and correct copies of the SUMMONS and PLAINTIFF'S COMPLAINT FOR DAMAGES upon Defendant Dollar Tree Stores, Inc.'s Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Ms. Alisha Smith, a CSC representative, accepted service.

This __17__ day of May, 2023

                                                    Jeff Dolbier
                                                    President, Flash Delivery Inc.

Sworn and Subscribed before
me this __17__ day of __MAY__ 20__23__
_Ryan Moreau_
My Commission Expires: **11-23-2024**

[Notary Seal: RYAN MOREAU, NOTARY, EXPIRES, GEORGIA, 11-23-2024, PUBLIC, HENRY COUNTY]