UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| CHARLES RIVERA FIGUEROA, | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| TRANSUNION LLC., | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Charles Rivera Figueroa and for his Complaint respectfully alleges as follows:

## I.   INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Charles Rivera Figueroa, an individual consumer, against Defendant, TransUnion LLC., (hereinafter "Transunion or Defendants"), and Experian Information Solutions, Inc(hereinafter "Experian or Defendants"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue in this District is proper in that the Defendants transact business in McDonough, Georgia, and the conduct complained of occurred in McDonough, Georgia.

## III.   PARTIES

3.  The Plaintiff is a natural person residing in McDonough Georgia.

4.  Upon information and belief, Defendant Transunion is a Delaware limited liability company with its principal place of business in Illinois and duly authorized and qualified to do business in the State of Georgia.

5.  Upon information and belief, Defendant Experian is a California corporation duly authorized and qualified to do business in the State of Georgia.

6.  Upon information and belief, Defendant(s) are consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by 15 U.S.C. § 1681a(p).

7.  Upon information and belief, Defendant(s) are regularly engaged in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a.  Public record information;

    b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## IV.  FACTS OF THE COMPLAINT

8.  Upon information and belief on or about April 22, 2023, the Plaintiff observed five trade lines from different furnishers that he believes to have inflated balances. The five tradelines the Plaintiff directly requested to be investigated and removed from file if found inaccurate or incomplete are listed below:

    a.  Florida Dept of Revenue     121257x

    b.  Freedom mortgage            10814xx

    c.  Greendot                    432719302xx

    d. Wells Fargo                     57744224xx

    e. Child Support                 121257xx

9. On or about May 12, 2023, The Plaintiff received a letter from TransUnion stating that "We recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of your data very seriously, so we won't process requests unless they come directly from you or an authorized third party." The dispute was sent directly from the Plaintiff.

10. On or about May 08, 2023, The Plaintiff received an email from Experian stating that "We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure we have not taken any action on your alleged request." The dispute was sent directly from the Plaintiff, and their failure to investigate was a violation under the FCRA.

11. Upon information and belief, Defendants failed to have a procedure in place to assure maximum possible accuracy. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants did not evaluate or consider any of Plaintiff's information which included ID and Utility Bill (to ensure that the information was sent directly by the consumer), claims, or evidence and did not make any attempt to reasonably re-investigate.

12. Defendants' publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff causing his FICO scores to be lowered resulting in his being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress, and mental anguish.

**V.    FIRST CLAIM FOR RELIEF**
**15 U.S.C. § 1681e(b)**

**(Defendants)**

13. All preceding paragraphs are re-alleged.

14. Defendants violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the three trade lines listed in paragraph 6 when preparing a consumer report purportedly concerning Plaintiff.

15. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

16. At all times alleged herein, Defendants acted negligently and/or willfully.

17. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VI.   SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(1)
**(Defendants)**

18. All preceding paragraphs are re-alleged.

19. Defendants violated 15 U.S.C § 1681i(a)(1) because they failed to conduct a reasonable reinvestigation after being notified by the consumer directly that information contained in the consumer's file was disputed.

20. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, damage to credit worthiness, and other damages to Plaintiff.

21. At all times alleged herein, Defendants acted negligently and/or willfully.

22. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### VII.  THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants)

23. All preceding paragraphs are re-alleged.

24. Defendants failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

25. Defendants violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendants have done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

29. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII.  FOURTH CLAIM FOR RELIEF
### 15 U.S.C §1681i(a)(4)
### (Defendants)

30. All preceding paragraphs are re-alleged.

31. Defendants violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

33. At all times alleged herein, Defendants acted negligently and/or willfully.

34. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendants)

35. All preceding paragraphs are re-alleged.

36. Defendants violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the three tradelines listed in paragraph 6 on Plaintiff's consumer report, (ii) failed to find those tradelines to be inaccurate, and (iii) failed to promptly notify the furnishers that the information was in dispute.

37. Defendants violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

38. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

39. At all times alleged herein, Defendants acted negligently and/or willfully.

40. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(6)
### (Defendants)

41. All preceding paragraphs are re-alleged.

42. Defendants violated 15 U.S.C. §1681i(6) because they failed to provide written notice to the consumer containing the results of the re-investigation.

43. Defendants has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

44. At all times alleged herein, Defendants acted negligently and/or willfully.

45. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendants)

46. All preceding paragraphs are re-alleged.

47. Defendants violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendants has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. Defendants acted negligently and/or willfully.

50. Defendants are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff Charles Rivera Figueroa respectfully requests that judgment be entered against Defendants in an amount to be determined by the Jury.

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and reasonable attorney fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. Delete trade lines mentioned in paragraph 6.

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**THE HAWK LEGAL COLLECTIVE**
1020 Piedmont Ave, STE 2113
Atlanta, GA 30309
Phone (404) 439-9310
Pleadings@thehawklegal.com

By: /s/ Naja Hawk
**NAJA HAWK**