IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARONNA CURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | _____ |
| ) | |
| TRAVELERS PERSONAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S
ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Travelers Personal Insurance Company ("Travelers"), and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Travelers upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought

1

does not provide coverage for the additional damage to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

### PROPERTY – EXCLUSIONS

*****

> A. *We do not insure for any direct or indirect loss or damage caused by, resulting from, contributing to or aggravated by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*
>
> *****
>
> 5. *Neglect, meaning neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.*

Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

### PROPERTY – EXCLUSIONS

*****

A. *We do not insure for any direct or indirect loss or damage caused by, resulting from, contributing to or aggravated by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*

*****

12. **Seepage or Leakage,** *meaning constant or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of weeks, months or years.*

> *This exclusion applies regardless of the source from which the water, steam or condensation seeped or leaked*

Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred under the Policy, in whole or in part, due to Plaintiff's own actions or omissions in his failure to protect the property from future damage and/or by his failure to make reasonable and necessary repairs to protect the property.

Specifically, the Policy provides:

**PROPERTY – CONDITIONS**

*****

> 2. ***Duties After Loss.*** *In case of a loss to covered property, we have no duty to provide coverage under this policy if the following duties are not performed. These duties must be performed either by you, an "insured" seeking coverage or a representative of either.*

4

*\*\*\*\*\**

> ***d.*** *Protect the property from further damage. If repairs to the property are required, you must:*
>
> *(1)   Make reasonable and necessary repairs to protect the property; and*
>
> *(2)   Keep an accurate record of repair expenses;*

Plaintiff failed to comply with all aspects of these specific conditions imposed upon the insured as a duty immediately after any loss.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred under the Policy as the Policy applies to losses which occur during the policy period. Therefore, any losses that caused damage that occurred prior to the inception of the Policy are barred.

## SIXTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith against its insurer, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and must be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to make additional payments based upon an unreasonable interpretation of the Policy provisions as applied to the circumstances known, which represents a substantial legal basis for its denial of Plaintiff's claim.

## EIGHTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and any applicable defenses under the laws of the State of Georgia.

## NINTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore, places Plaintiff on strict proof of same.

2.

Travelers denies that it maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 but admits the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Travelers admits the allegations contained in Paragraph 3 of the Complaint, but to the extent Plaintiff seeks to imply or infer that Travelers is liable for breach of contract or bad faith, said allegations are hereby denied. Further, to the extent that Plaintiff seeks to imply or infer that this case cannot be removed to federal court, said allegations are hereby denied.

4.

Travelers admits the allegations contained in Paragraph 4 of the Complaint, however to the extent that Plaintiff seeks to imply or infer that this case cannot be removed to federal court, said allegations are hereby denied.

5.

Travelers admits the allegations contained in Paragraph 5 of the Complaint however to the extent that Plaintiff seeks to imply or infer that this case cannot be removed to federal court, said allegations are hereby denied.

## THE POLICY

6.

In response to Paragraph 6 of Plaintiff's Complaint, Travelers admits that it issued policy of insurance number OM4154610316268-633-1 ("the Policy") and that Exhibit "A" is a true and accurate copy of the Policy. However, Travelers shows that the Policy speaks for itself and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer that the additional damages claimed are covered under the terms of the Policy, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 6.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Travelers admits that the Policy provided certain coverage for Plaintiff's property located at 9412

Mulligan Court, Jonesboro, Georgia 30238 (the "Property"). However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 7 that the Policy provides coverage for the additional damages sought in the Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 7 of the Complaint are hereby denied.

8.

Travelers admits that the Policy provides certain coverage subject to the exclusions, conditions and limitations. Further, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 8 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Travelers admits that the Policy provides certain coverage subject to the exclusions, conditions and limitations. Further, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 9 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 9 of the Complaint.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

Travelers admits that the Property sustained certain damage during the period of time when the Policy was in force and effect. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 10 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Travelers admits that Plaintiff notified Travelers that the Property sustained certain damage, that the claim was assigned claim number IVN4325 and it assigned an adjuster to investigate the claim who was its authorized representative and agent. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 11 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 11 are hereby denied.

12.

Travelers denies the allegations contained in Paragraph 12 of the Complaint.

13.

Travelers admits the allegations contained in Paragraph 13 of the Complaint.

14.

Travelers admits that its adjusters complied with the duties set forth in the policy to adjust the claim according to the terms of the Policy. Travelers authorized representative and agent performed the duties and responsibilities set forth in the Policy and achieved a proper disposition of the claim. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 14 that said Policy provides

coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Pursuant to the Policy, Travelers issued proper coverage for repairs to the Property in the amount of $7,217.85, less recoverable depreciation in the amount of $3,379.49, and less Plaintiff's $1,000.00 deductible, totaling $3,838.36. Based on its investigation of the claim Travelers determined that no further coverage was available for the Loss upon which the Complaint is based. Travelers admits that attached as Exhibit "B" is a true and correct copy of its estimate. Travelers denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.

Travelers admits that Plaintiff requested that it reconsider its position. Travelers agreed to reopen the investigation. However, based on that investigation Travelers determined that no further coverage was available for the Loss upon which the Complaint is based. Travelers denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.

Travelers admits that Plaintiff demanded payment of the claim, including a written demand on or about January 5, 2023. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 17 that the Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

Travelers admits that a demand letter was sent by Plaintiff on or about January 5, 2023. Further, Travelers admits that Exhibit "C" is a true and correct copy of the written demand. However, Travelers denies that it has acted in bad faith and that such letter meets the procedural and substantive requirements of O.C.G.A. § 33-4-6. Travelers denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Travelers denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Travelers denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Travelers admits that a genuine, justifiable controversy exists between Plaintiff and Travelers as to extent of the covered damages. The remaining allegations contained in Paragraph 21 of the Complaint are hereby denied.

22.

Travelers denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## **COUNT I – BREACH OF CONTRACT**

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

24.

In response to Paragraph 24 of Plaintiff's Complaint, Travelers admits that Plaintiff paid premiums, reported the claim, and allowed Travelers to inspect the loss. In further response to Paragraph 24, Travelers expressly denies that any of the

Policy provisions have been waived or excused. Travelers denies all remaining allegations contained in Paragraph 24 not specifically admitted herein.

25.

Pursuant to the Policy, Travelers issued proper coverage for repairs to the Property and Travelers determined, following an investigation, that no further coverage was available for the Loss upon which the Complaint is based. Travelers shows that the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 25 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

Travelers denies the allegations contained in Paragraph 26 of the Complaint.

27.

Travelers denies the allegations contained in Paragraph 27 of the Complaint.

28.

Travelers denies the allegations contained in Paragraph 28 of the Complaint.

29.

Travelers denies the allegations contained in Paragraph 29 of the Complaint.

30.

Travelers denies the allegations contained in Paragraph 30 of the Complaint.

31.

The allegations contained in Paragraph 31 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

**COUNT II – BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

The allegations contained in Paragraph 32 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

33.

Travelers denies the allegations contained in Paragraph 33 of the Complaint.

34.

Travelers denies the allegations contained in Paragraph 34 of the Complaint.

35.

Travelers denies the allegations contained in Paragraph 35 of the Complaint.

36.

Travelers denies the allegations contained in Paragraph 36 of the Complaint.

37.

Travelers denies the allegations contained in Paragraph 37 of the Complaint.

38.

Travelers denies the allegations contained in Paragraph 38 of the Complaint.

39.

Travelers denies the allegations contained in Paragraph 39 of the Complaint.

40.

The allegations contained in Paragraph 40 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

41.

The allegations contained in Paragraph 41 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

42.

The allegations contained in Paragraph 42 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Travelers respectfully requests that:

1. Plaintiff's Complaint be dismissed against Travelers and discharged with all costs cast upon Plaintiff's for attorney's fees and expenses of litigation; and

2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this 16th day of June, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

*Counsel for Defendant*

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

J. Remington Huggins
Michael D. Turner
THE HUGGINS LAW FIRM, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com

This 16th day of June, 2023.

CHARTWELL LAW, LLP

/s/ *Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*Counsel for Defendant*

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com