# IN THE UNITED STATES DISTRICT COURT
# NORTHERN OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DAVIS BALL**<br><br>   Plaintiff,<br><br>VS.<br><br>**MARK SHILLING**, **ROGERS TRUCKING, INC.**, and **GREAT WEST CASUALTY COMPANY**<br><br>   Defendant(s). | **CIVIL ACTION NO.:**<br><br>_____ |

## COMPLAINT FOR DAMAGES

COMES NOW Davis Ball, by and through undersigned counsel of record, and files this Complaint for Damages and respectfully shows this Honorable Court as follows:

## VENUE AND JURISDICTION

1.

Davis Ball is a natural person domiciled in the State of Mississippi.

2.

Mark Shilling is a natural person domiciled in the State of Kentucky.

3.

Rogers Trucking, Inc. is a corporation, limited liability company, limited liability partnership, or company, organized under the laws of the State of Kentucky with a principal place of business located in Kentucky.

4.

Great West Casualty Company is a corporation, limited liability company, limited liability partnership, or company, organized under the laws of the State of Georgia with a principal place of business located in Nebraska.

5.

There is complete diversity among the parties.

6.

The amount in controversy exceeds $75,000.00.

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

8.

A substantial part of the events or omissions giving rise to the claim occurred within this district.

9.

This venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL FACTS COMMON TO ALL COUNTS

10.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

## PARTIES AND VEHICLES

11.

That on or about November 9, 2021 at approximately 4:57 am, on I 285 Expy at or near Atlanta Road, Mark Shilling was operating a vehicle.

12.

At all times relevant to this Complaint for Damages, the vehicle operated by Mark Shilling was and is owned by Rogers Trucking, Inc..

13.

At all times relevant to this Complaint for Damages, Mark Shilling was and is operating Rogers Trucking, Inc.'s vehicle as a common carrier or motor carrier as defined by The Unified Carrier Registration Act of 2005 and/or the Official Code of Georgia Annotated, Title 40.

14.

At all times relevant to this Complaint for Damages, Great West Casualty Company insured Rogers Trucking, Inc.'s vehicle that Mark Shilling was operating.

15.

At the same time and location, the Plaintiff was traveling in a vehicle.

16.

At all times relevant to this complaint for damages, the Plaintiff's vehicle was being operated reasonably and prudently.

17.

At the same time and location pled in this Complaint for Damages, Defendant Mark Shilling:

    a.    failed to exercise due care, in violation of O.C.G.A. § 40-6-241;
    b.    failed to obey a traffic control device, in violation of O.C.G.A. § 40-6-20;
    c.    failed to maintain lane, in violation of O.C.G.A. § 40-6-48;
    d.    followed more closely than is reasonable or prudent, in violation of O.C.G.A. § 40-6-49;
    e.    failed to yield the right of way to the Plaintiff, in violation of O.C.G.A. § 40-6-71;
    f.    failed to make a proper stop, in violation of O.C.G.A. § 40-6-72;
    g.    failed to properly signal Defendant's maneuver, in violation of O.C.G.A. § 40-6-124;
    h.    operated a vehicle with a reckless disregard for the safety of persons or property, in violation of O.C.G.A. § 40-6-390;
    i.    failed to obey the Uniform Rules of the Road of the State of Georgia; or,
    j.    operated Defendant's vehicle in a fashion that was not reasonable or prudent under the circumstances.

See the attached, Exhibit PL-1, which is incorporated by reference pursuant to Friedman v. Goodman, 219 Ga. 152, 159(3)(b)(1963). The same is admissible at

trial as a public record. See: <u>Maloof v. Metropolitan Atlanta Rapid Transit Authority</u>, 330 Ga.App. 763 (2015).

18.

The aforementioned conditions pled in this Complaint for Damages actually and proximately caused a collision wherein the vehicle being operated by Defendant Mark Shilling unlawfully made contact with the vehicle in which Plaintiff was traveling.

## **INJURIES AND DAMAGES**

19.

As a proximate and foreseeable result of the collision, the Plaintiff suffered injuries.

20.

As a proximate and foreseeable result of these injuries, the Plaintiff has incurred medical expenses in excess of $50,685.90 and lost wages in excess of $1.00.

21.

As a proximate and foreseeable result of the collision, the Plaintiff, in addition to the damages pled in this complaint for damages, has and will suffer pain and suffering, aggravation and inconvenience, loss of capacity to work, loss of enjoyment of life, and/or other categories of general damages that logically flow

from the Defendant(s) negligent conduct. Plaintiff is entitled to compensation for these general damages in an amount to be determined by a fair and impartial jury.

22.

In accordance with F.R.C.P. 9 (g), Plaintiff states that the special damages incurred because of the negligence of Mark Shilling are itemized as follows:

**SPECIAL DAMAGES**

| **MEDICAL EXPENSES:** | |
|---|---:|
| Metro Atlanta Ambulance | $1,614.00 |
| Ortho Sport and Spine | $499.00 |
| Quantum Radiology, PC | $2,201.00 |
| The Bartolazzo Group | $2,489.00 |
| WellStar Kennestone Hospital | $43,882.90 |
| **TOTAL DAMAGES:** | **$50,685.90** |

**COUNT I: NEGLIGENCE AS TO MARK SHILLING**

23.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

24.

Mark Shilling has and had a duty to operate the subject vehicle in a reasonable and prudent fashion.

25.

Mark Shilling breached the aforementioned duty on or about November 9, 2021 by operating a vehicle in the fashion pled in this Complaint for Damages.

26.

Mark Shilling's breach of duty actually and proximately caused the injuries pled by Plaintiff in this Complaint for Damages.

27.

As a reasonable and foreseeable result of Mark Shilling's breach of duty, Plaintiff has incurred damages as pled in this Complaint for Damages.

28.

Plaintiff has a cause of action against defendant Mark Shilling for negligence.

29.

Plaintiff is entitled to recover from Mark Shilling for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

## **COUNT II: NEGLIGENT ENTRUSTMENT AS TO ROGERS TRUCKING, INC.**

30.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

31.

On or before November 9, 2021, Rogers Trucking, Inc. had actual knowledge of Mark Shilling's incompetency and/or habitual recklessness when operating a vehicle.

32.

As a result of the aforementioned knowledge, Rogers Trucking, Inc. owed Davis Ball and all other motorists on the road a duty to not entrust a vehicle to Mark Shilling.

33.

Rogers Trucking, Inc. breached the aforementioned duty on November 9, 2021 by entrusting a vehicle to Mark Shilling.

34.

As a reasonable and foreseeable result of Rogers Trucking, Inc.'s breach of duty, Plaintiff has incurred damages as pled in this Complaint for Damages.

35.

Plaintiff has a cause of action against defendant Rogers Trucking, Inc. for negligent entrustment.

36.

Plaintiff is entitled to recover from Rogers Trucking, Inc. for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

## **COUNT III: RESPONDEAT SUPERIOR AS TO ROGERS TRUCKING, INC.**

37.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

38.

Mark Shilling is Rogers Trucking, Inc.'s employee and was acting within the scope of that employment when the torts in this Complaint for Damages occurred. As such, Plaintiff has a claim against Rogers Trucking, Inc. under a theory of respondeat superior. Plaintiff hereby alleges that the knowledge of Rogers Trucking, Inc. of Mark Shilling's incompetence and/or habitual recklessness while operating a vehicle is so much so that it justifies an award of punitive damages under O.C.G.A. § 51-12.5.1.

39.

Plaintiff is entitled to recover from Rogers Trucking, Inc. for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

# COUNT IV: DIRECT ACTION AGAINST GREAT WEST CASUALTY COMPANY

40.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

41.

Rogers Trucking, Inc. is a common carrier or motor carrier under Federal Law and Georgia Law.

42.

Great West Casualty Company insures Rogers Trucking, Inc.'s vehicle that Mark Shilling was operating at the time of the incident with Plaintiff that gives rise to this complaint for damages.

43.

As the insurance carrier for Mark Shilling and Rogers Trucking, Inc., Great West Casualty Company is directly actionable by the Plaintiff for the damages plead in this Complaint for Damages. See: O.C.G.A. § 40-2-140(d)(4) and O.C.G.A. § 40-1-112 (c).

44.

Plaintiff is entitled to recover from Great West Casualty Company for the negligence of Mark Shilling and Rogers Trucking, Inc. as plead in this Complaint for Damages.

45.

Plaintiff is entitled to recover from Great West Casualty Company for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

**WHEREFORE,** the Plaintiff prays that:

a. Summons be issued as to the Defendant(s);
b. that the Defendant(s) be called to answer this Complaint for Damages;
c. that a trial be held on all issues so triable;
d. that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e. that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f. that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g. such further relief as this Court determines is adequate and just.

Executed today, June 15, 2023.

**DOZIER LAW FIRM, LLC**

David Thomas Dorer
Georgia Bar No.: 934408
Attorney for Davis Ball

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com