# EXHIBIT "A"

M0797656.1 0080

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ROAD STAR LOGISTICS, LLC

To:     Road Star Logistics, LLC

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant Rock Star Logistics, LLC respond, under oath, to the following Request For Production within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys.  Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIORCOUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339 no later than forty-five (45)

days from the date of service of these requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2.  Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically.  In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

      3.  <u>Claims To Confidentiality/Proprietary Information</u>

      If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

      4.  <u>Subsequent Discovery of Information</u>

      If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

<u>DEFINITIONS</u>

For the purposes of these requests, the following terms should be interpreted as follows:

1.     "**<u>Document</u>**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description--be it tangible in the form of paper or intangible in the form of electronic communications--that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested

document, or any other documents referred to in the requested document or incorporated by reference.

2.        "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.        "**You**" or "**your**" or "**Defendant**" refers to Defendant ROCK STAR LOGISTICS, LLC, and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, well as Defendant's attorneys, insurers, representatives, or agents.

5.        "**JORGE GARA**" or "**GARA**" refers to Defendant JORGE GARA.

6.        "**ADOLFO GARATEK**" or "**GARATEK**" refers to Defendant ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.        "**ROAD STAR LOGISTICS, LLC**" or "**ROAD STAR**" refers to Defendant ROAD STAR LOGISTICS, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.        "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection with Merk Road SW in Fulton County, Georgia, which makes the basis of this lawsuit.

## **REQUESTS TO PRODUCE**

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on their own or on behalf of Defendant concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant or any defendant with respect to Plaintiff's claims against these defendants. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.  Please include any relevant documents certifying your insurance of ROAD STAR LOGISTICS, LLC as a common motor or contract carrier under applicable Georgia and federal law.

5.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this

lawsuit and who are expected to testify at trial.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

6.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

7.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

8.

Please produce a true, accurate and complete copy of any memoranda, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known to Defendant from ADOLFO GARATEK or GARA regarding the subject incident.

9.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to the hiring, training or retention of drivers of company vehicles that you provided to either Defendant GARA or ADOLFO GARATEK.

10.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by Defendants ADOLFO GARATEK or GARA at the time of the subject collision to include documents relevant to said trip from the time the trip originated until the time the trip was to end, and including information about the load being carried, its nature, and its weight.

11.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiffs).

12.

Please produce true, accurate and complete any and all documents that in any way pertain to Defendant GARA'S qualifications to drive professionally for ROAD STAR LOGISTICS, LLC to include prior references, previous collisions or motor vehicle collisions, previous reprimands, criticisms by prior employers, or any other information that reflects negatively or positively upon said driver's qualification.

13.

Please produce true, accurate and complete copies of any and all information sent to or received from any other Defendants concerning the collision giving rise to this litigation.

14.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind sent by you or received from any other insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

15.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant GARA by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiffs' Complaint.

16.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years in which it was alleged that any agent or employee of ROAD STAR LOGISTICS, LLC negligently operated a commercial vehicle and caused injury or death.

17.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you have issued, including in particular all forms, applications, or other documents submitted to any Georgia or Federal government agency, office, or department regarding insurance, waiver of bond, or registration that allow Defendants ADOLFO GARATEK or GARA to operate a commercial vehicle in the State of Georgia.

Respectfully submitted, this 4th day of May, 2023.

**(SIGNATURE ON NEXT PAGE)**

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (678) 490-8242
F        (404) 581-5278
mparrish@seniorcounsel.legal

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

**PLAINTFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANT ADOLFO GARATEK**

To:     ADOLFO GARATEK

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant ADOLFO

GARATEK produce the following documents and/or tangible things within forty-five (45) days

of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that

Defendant read and abide by the preliminary notes and instructions set forth below.

**PRELIMINARY NOTES AND INSTRUCTIONS**

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and

copying true, accurate and complete copies of the documents and things described below that are

in the possession, custody, and control of Defendant, its employees or subordinates, agents,

investigators and/or attorneys.  Documents produced in response to these requests should be sent

by First Class U.S. Mail or by Federal Express to the law offices of SENIOR COUNSEL, LLC,

3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339, no later than forty-five (45)

days from the date of service of these requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. <u>Claims of Privilege or Work Product</u>

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically.  In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

     3.   Claims To Confidentiality/Proprietary Information

     If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

     4.   Subsequent Discovery of Information

     If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description--be it tangible in the form of paper or intangible in the form of electronic communications--that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested

document, or any other documents referred to in the requested document or incorporated by reference.

2.        "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.        "**You**" or "**your**" or "**Defendant**" refers to Defendant ADOLFO GARATEK, and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5.        "**JORGE GARA**" or "**GARA**" refers to Defendant JORGE GARA.

6.        "**ADOLFO GARATEK**" or "**GARATEK**" refers to Defendant ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.        "**ROAD STAR LOGISTICS, LLC**" or "**ROAD STAR**" refers to Defendant ROAD STAR LOGISTICS, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.         "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection with Merk Road SW in Fulton County, Georgia, which makes the basis of this lawsuit.

## **REQUESTS TO PRODUCE**

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on behalf of this defendant concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiff's claims against this defendant.  This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you hold pursuant to your status as a motor common carrier under relevant Georgia and federal law, including in particular all forms, applications, or other documents submitted to the Georgia Public Service Commission or Interstate Commerce

Commission regarding insurance, waiver of bond, or registration to operate a commercial vehicle in the State of Georgia.

6.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and DEFENDANT GARA or DEFENDANT ROAD STAR LOGISTICS, LLC, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

7.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit and who are expected to testify at trial.

8.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

9.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

10.

Please produce a true, accurate and complete copy of Defendant GARA's logs, by whatever name called, for both the subject tractor and trailer (if trailer had been used with other tractors) for the fourteen days prior to the subject collision, the date of the collision, and the

seven days subsequent to the collision.  Include each and every log, including duplicate logs for the same period of time that may or may not be consistent with each other.

11.

Please produce a true, accurate and complete copy of any and all instructions, manuals, employee rules, regulations, or any driver/employee handbooks (by whatever name known) provided to anyone who was permitted to drive vehicles owned by you, Defendant GARATEK, (be they employees, agents, or lessees in a trip-lease arrangement) in the last five (5) years.

12.

Please produce a true, accurate and complete copy of any memoranda, videotapes, notebooks, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known or available to employees or agents of Defendant, in the past five years, concerning safety in the hauling of equipment, delivery of any materials hauled on Defendant vehicles, hauling and/or delivery objectives, the speed with which deliveries should be made, proper turns, proper backing, proper coupling, proper attachment of air lines, or which otherwise relate to the expectations and performance objectives of Defendant drivers.  (Note: This request includes, but is not limited to, any training or educational materials received by you from industry organizations such as the (American Trucking Industry and other such industry organizations.).

13.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to (a) safety policies and procedures, or (b) hiring, training, or retention policies that were provided to you, or which you received from, any insurance company that provides liability coverage to you.

14.

Please produce a true, accurate and complete copy of the driver qualification file, any reports of physical examinations of Defendant GARA, and your entire personnel file, in whatever places kept, concerning Defendant GARA.

15.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and DEFENDANT GARA, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

16.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by Defendant GARA at the time of the subject collision, to include documents relevant to said trip from the time the trip originated until the time the trip was to end and specifically to include any description of the load and its weight at the time of the incident.

17.

Please produce a true, accurate and complete copy of any documentation of any kind received by this defendant from any person, corporation, or insurer relative to the performance of Defendant GARA as a driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant GARA's work or background as a driver from the time he was first retained as your agent or employee or driver up to the date of the collision, as well as any information received concerning the requested subject matter subsequent to said collision.

18.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the tractor involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject tractor both prior to and after the date of the collision that is the subject of Plaintiffs' Complaint.

19.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the flatbed trailer or "box" that was attached to the tractor involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject flatbed trailer or the "box" on it both prior to and after the date of the collision that is the subject of Plaintiffs' Complaint.

20.

Please produce true, accurate and complete copies of any and all reports, forms, letters or similar documents prepared or generated in connection with any inspection of the subject tractor or the attached trailer or "box" by the Georgia Department of Public Safety, Georgia Public Service Commission, Georgia State Patrol, or any other federal, state or local agencies or authorities following the subject incident.

21.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiffs' resultant damages that have not been supplied to you

- 10 -

by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff, or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiffs).

22.

Please produce true, accurate and complete copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant GARA, which was obtained by you at any time prior to the subject incident.

23.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

24.

Please produce a true, accurate and complete copy of any documents reflecting guidelines, requirements, standards, prerequisites or criteria used or considered by Defendant in evaluating, interviewing, or hiring drivers of its vehicles.

25.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant GARA by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiffs' Complaint.

26.

Please produce true, accurate and complete copies of any and all citations (and the disposition of same), including warnings received by the defendant driver GARA from any law enforcement officer as a result of this collision, for violation of any law, ordinance, or regulation.

27.

Please produce true, accurate and complete copies of any documents reflecting what your budget was for the years 2019, 2020, 2021, 2022, and 2023 for (a) safety training and (b) hiring and retention efforts.

28.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years, in which it was <u>alleged</u> that an agent or employee or driver negligently caused or contributed to any injury and/or death.

29.

For the period October 1, 2020 through September 19, 2021, please produce any and all contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device, which Defendant GARA owned, had access to, or used on March 26, 2021.

30.

For the period October 1, 2020 through September 19, 2021 please produce all documents or data gathered by an Enhanced Data Recorder ("EDR"), "black box," "gray box" or Global Position Satellite System (GPS System), or any other device(s), by whatever name known, which recorded any data about the subject tractor and/or subject trailer.

31.

Please produce all records and documentation regarding motorist reports to any phone number or address affixed to a Defendant vehicle relating to safety concerns or other reports concerning the method or manner in which Defendant GARA drove any vehicle owned by you.

32.

Please produce all records and documentation, including photographs, of any phone number or address appearing on the side of any vehicle Defendant GARA drove while working as agent or employee or driver of Defendant GARATEK.  Also, please produce any records or documentation providing data gathered from reports to such phone numbers and address and any records or documentation relating to protocol, policy, and analysis of any reports made to such phone numbers and addresses, as it pertains to Defendant GARA or any vehicle he was operating.

33.

Please produce true, accurate and complete copies of any documents relating to or evidencing in any way the existence, use or recommendation of any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance of any driver operating vehicles owned by Defendant GARATEK.

34.

Please produce a true, accurate and complete specimen copy of any Commercial Driver's License manuals or handbooks, by whatever named called, in your possession, custody or control.

35.

Please produce true, accurate and complete copies of any and all documents relating to the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheelbase, etc.), gross vehicle weight rating, weight carrying capacity, engine, braking systems, and number of axles.

36.

Please produce true, accurate and complete copies of any and all documents relating to the specifications and/or dimensions of the subject trailer and/or "box" on top of it including, but not limited to, gross vehicle weight rating, weight carrying capacity, its height, length, weight, wheelbase, braking systems, and number of axles.

37.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject tractor.

38.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject trailer and/or "box" on top of it at the time of the incident.

39.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject tractor at any time during your ownership or lease of the subject tractor.

40.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject trailer at any time during your ownership of the subject trailer.

41.

Please produce true, accurate and complete copies of any and all documents relating to any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to the facts of the incident that is the subject of the Complaint, whether those guidelines are found in your own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by you, or any other source.

Respectfully submitted, this 4th day of May, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (678) 490-8242
F        (404) 581-5278
mparrish@seniorcounsel.legal

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT ADOLFO GARATEK

To:     ADOLFO GARATEK

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant ADOLFO GARATEK respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury.  Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely.  In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you

are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3.  Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4.  Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that

decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

<u>**DEFINITIONS**</u>

As used herein, the terms listed below are defined as follows:

1.      "<u>**Document**</u>" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "<u>**Person**</u>" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "<u>**Identify**</u>" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

4

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)        "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.        "**You**" or "**your**" or "**Defendant**" refers to ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5.        "**ADOLFO GARATEK**" or "**GARATEK**" refers to Defendant ADOLFO GARATEK.

6.        "**ROAD STAR LOGISTICS, LLC**" or "**ROAD STAR**" refers to Defendant ROAD STAR LOGISTICS, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.        "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection of Merk Road SW in Fulton County, Georgia, which makes the basis of this lawsuit.

## INTERROGATORIES

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?   If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

3.

Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff?  Please state "Yes" or "No."  If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

4.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or

6

caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment used by Plaintiff at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment used by Plaintiff and how it may have affected the safety or performance or contributed to the subject incident.

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant GARA, the point of origin of his trip, any stops he made after leaving his point of departure but before the subject incident, his intended destination, and where he in fact went following the subject incident.

7

Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

8.

State the names and addresses of all persons employed or working for Defendant GARATEK who have investigated the subject collision or discussed the subject collision with your insurer or any of its divisions, subsidiaries, or associated entities by whatever name known, or Defendant GARA, the driver of the tractor involved in this collision.

9.

Please identify the corporate officers of Defendant GARATEK, the date of incorporation, the state(s) in which it was and is now incorporated, the address(es) of the principal place(s) of your business, and the nature and geographic scope of your business.

10.

Please state as of September 19, 2021, how many tractors were owned or leased as part of your operation, how many trailers are owned or leased by DEFENDANT GARATEK, how many drivers are employed by DEFENDNANT GARATEK, and the identities of all states in which DEFENDANT GARATEK vehicles are operated.

11.

Please state DEFENDANT GARATEK's status as a "motor common carrier" and all certifications or filings pursuant to that status with the Georgia Public Service Commission and/or the Interstate Commerce Commission, pursuant to O.C.G.A. § 46-7-12 and all other relevant law.

12.

If you, Defendant GARATEK and/or the tractor and trailer DEFENDANT GARA was operating at the time of the subject collision are covered by any liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, any filings you have made with regard to such policy pursuant to O.C.G.A. § 46-7-12, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this has been undertaken subject to any reservation of rights by any such insurer.

13.

State whether or not this defendant admits that Defendant GARA was negligent and was a proximate cause of the subject collision.  If your answer is in the negative in anyway, please explain the basis for contesting negligence.

14.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge.  (For example:  eyewitness, investigating police officer, medical personnel, etc.).

15.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's

physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

16.

Please state whether any of the persons identified in response to Interrogatories Nos. 14 or 15 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

17.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

18.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts related to the occurrence.  As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and

employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

19.

Do you contest that at the time and place of the subject occurrence, Defendant GARA was an employee or agent of DEFENDANT GARATEK acting within the course and scope of his employment or agency for DEFENDANT GARATEK?  Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

20.

Was any accident/incident report made by DEFENDANT GARATEK or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence?  Please state "Yes" or "No."    If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

21.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiff has been made, please state that fact affirmatively.  For each contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

22.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether those guidelines are found in DEFENDANT GARATEK's own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by DEFENDANT GARA, DEFENDANT ROAD STAR LOGISTICS, LLC or any other source.

23.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

24.

Please explain the nature of the relationship between Defendant GARATEK and ROAD STAR LOGISTICS, LLC, including the date any agency or employment relationship began, DEFENDANT GARATEK's method, mode and amount of compensation at the time of the subject occurrence, whether the employment or agency relationship has been terminated, and if

so, the date of such termination, the reason for such termination, and the identity of the person who terminated Defendant GARATEK.

25.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of the subject tractor and subject trailer;

(b)     Safety director for this defendant;

(c)     Person(s) responsible for training employees/drivers;

(d)     Person(s) responsible for interviewing, hiring, and making retention decisions concerning employees/drivers, and specifically driver Defendant GARA; and

(e)     Person(s) responsible for supervising Defendant GARA.

26.

Please state whether or not this defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this defendant hires or allows to drive its trucks.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

27.

As to the tractor involved in the subject occurrence, please state the manufacturer, make, model, year, and Vehicle Identification Number (VIN), the person or entity to whom the tractor was titled as of the date of the occurrence and at present, the present location of the tractor, and the gross vehicle rating of the tractor.

28.

As to the trailer or "box" that was involved in the subject occurrence, please state the manufacturer, make, model, year, and any identification, serial or other descriptive numbers of the trailer and the "box", the person or entity to whom the trailer was titled as of the date of the occurrence and at present, and the present location of the trailer and "box".

29.

Please give a detailed history of any and all inspections or maintenance of the subject tractor which was involved in the subject collision or any of its component parts (including mirrors), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

30.

Please give a detailed history of any and all inspections or maintenance of the subject trailer which was involved in the subject collision or any of its component parts (including the king pin), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons

who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

31.

If you were the owner of the tractor involved in the subject collision at the time of the subject incident, then please state the date you purchased or leased the subject tractor, from whom who bought it or leased it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease.  If you were not the owner of the tractor involved in the subject collision, then please identify, including name and address, its owner at the time of the subject incident.

32.

If you were the owner of the trailer or "box" that was attached to the subject tractor involved in the subject collision, then please state the date you purchased or leased the trailer, from whom who bought it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease.  If you were not the owner of the trailer or the "box," the please identify the owner, including name and address, at the time of the subject incident.

33.

Please describe or otherwise identify the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheel base, etc.), gross vehicle weight rating, weight capacity, engine size, braking systems, and number of axles.

34.

Please describe or otherwise identify the specifications and/or dimensions of the subject trailer and the "box" on it including, but not limited to, its height, length, weight, wheelbase, gross vehicle weight rating, weight capacity, braking systems, and number of axles.

35.

Was the subject tractor repaired or modified in any way following the subject collision? Please state "Yes" or "No."  If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications.  In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject tractor following the subject incident.

36.

Was the subject trailer or "box" repaired or modified in any way following the subject collision?  Please state "Yes" or "No."  If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications.  In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject trailer following the subject incident.

37.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in which it was alleged by any entity that a vehicle owned by DEFENDANT GARATEK was at fault, had violated

16

Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

38.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device which Defendant GARA owned, had access to, or used on September 19, 2021.  This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this interrogatory.

39.

Other than the speedometer, tachometer, fuel gauge or other similar instruments that are visible on the dashboard, was the subject vehicle equipped with an Enhanced Data Recorder ("EDR"), "black box," "gray box," Global Positioning Satellite System (GPS System) or any other device(s), by whatever name known, which records any data about performance or location of the subject vehicle, including its speed over given times or its location at given times?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, please identify where in the vehicle any such device(s) are located within the vehicle; what information or data is recorded by any such device(s); the identity of the manufacturer or supplier of such device(s); the name and a description of the computer program or other methodology used to decode, interpret, or otherwise make understandable the data or information compiled by such device(s); and the identity of the natural person(s) who are capable of interpreting the data from such device(s).

17

40.

At the time of the subject occurrence, was the subject tractor or was Defendant GARA personally, equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) who was at the time of the incident most knowledgeable about it.

41.

At the time of the subject incident, was any other tractor (aside from the subject tractor) owned or operated by DEFENDANT GARATEK equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) who was at the time of the incident most knowledgeable about it.

42.

Please state whether DEFENDANT GARATEK's tractors and/or trailers, including in particular the subject tractor and trailer, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the highway and which could be used for reporting safety concerns or other reports concerning the

18

method or manner in which your drivers operated any vehicle owned by you.  If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks Defendant GARA has driven.  If the reports are not handled internally, please identify the name, address, and phone number of the service responsible for handling reports; how long this particular reporting service has been used; the name, address, and phone number of this service; and the dates this service was used to track these types of reports.

43.

Please state whether, at the time of the subject collision, your agent and/or employee DEFENDANT GARA was in possession of more than one driver's log.  If so, please state your explanation for any discrepancy in those logs, the present location of the various logs that were in DEFENDANT GARA's possession at the time of the subject collision, and whether those logs were created in conformity with your own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation.   If there are any logs in DEFENDANT GARA's possession at the time of the subject collision, were not created in conformity with your own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation, please explain how so.

44.

Please state whether Defendant GARA continues to operate tractor trailers owned by DEFENDANT GARATEK.

45.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiffs' Requests for Production of Documents.

Respectfully submitted, this 4th day of May, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (678) 490-8242
F        (404) 581-5278
mparrish@seniorcounsel.legal

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT ROAD STAR LOGISTICS, LLC

To:     ROAD STAR LOGISTICS, LLC

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant ROAD STAR LOGISTICS, LLC respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiffs request that Defendant read and abide by the preliminary notes and instructions set forth below.

## PRELIMINARY NOTES AND INSTRUCTIONS

1. <u>General Notes</u>

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiffs request that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiffs request that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury.  Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiffs request that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely.  In supplementing, Plaintiffs request that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular

2

interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

      3.  <u>Claims To Confidentiality/Proprietary Information</u>

      If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

      4.  <u>Subsequent Discovery of Information</u>

      If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.     (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)        "**<u>Identify</u>**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.        "**<u>You</u>**" or "**<u>your</u>**" or "**<u>Defendant</u>**" refers to Defendant , and all of your operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5.        "**<u>JORGE GARA</u>** or **"GARA"**" refers to Defendant JORGE GARA.

6.        "**<u>ADOLFO  GARATEK</u>**" or **"<u>GARATEK</u>"** refers to Defendant ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.        "**<u>Subject incident</u>**" or "**<u>subject occurrence</u>**" or "**<u>subject collision</u>**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection with Merk Road SW in Fulton County, Georgia, which makes the basis of this lawsuit.

# **INTERROGATORIES**

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?   If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

3.

Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff? Please state "Yes" or "No."  If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

4.

Do you contend that anyone, not a party in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or

caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff and state the factual and legal basis of each such contention.

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment that Plaintiff was using at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment and how it may have affected the safety or performance or contributed to the subject incident.

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.

Please state the names and addresses of all persons employed or working for ROAD STAR LOGISTICS, LLC who have investigated the subject collision or discussed the subject collision with Defendant ADOLFO GARATEK, or Defendant GARA, the driver of the tractor involved in this collision.

8.

If Defendant ADOLFO GARATEK, Defendant GARA and/or the tractor and trailer Defendant GARA was operating at the time of the subject collision are covered by any liability insurance issued by you, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, whether any filings of insurance information or policies have been made by either ROAD STAR LOGISTICS, LLC or ADOLFO GARATEK with any Georgia or Federal government agency, office, or department with regard to ROAD STAR LOGISTICS, LLC's status as a motor common carrier, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this action has been undertaken subject to any reservation of rights by you.

9.

State whether or not this defendant admits that Defendant GARA was negligent and was a proximate cause of the subject collision.  If your answer is in the negative in anyway, please explain the basis for contesting negligence.

10.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical personnel, etc.).

11.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

12.

Please state whether any of the persons identified in response to Interrogatories Nos. 10 or 11 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

13.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

14.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints,

9

sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence.  As to each item, please state the nature of such item, how many of such items exist (for example, fifteen photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

15.

Do you contest that at the time and place of the subject occurrence, Defendant GARA was an employee or agent of ROAD STAR LOGISTICS, LLC acting within the course and scope of his employment or agency for ROAD STAR LOGISTICS, LLC?  Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.

Was any accident/incident report made by ROAD STAR LOGISTICS, LLC or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence?  Please state "Yes" or "No."    If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

17.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiff has been made, please state that fact affirmatively.  For each

10

contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

18.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

19.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a ROAD STAR LOGISTICS, LLC driver or owner – operator, or independent contractor was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

20.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

21.

Please describe, in detail, the relationship between this Defendant and Defendant GARATEK.

22.

Please describe, in detail, the relationship between this Defendant and Defendant GARA.

Respectfully submitted, this 4th day of May, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (678) 490-8242
F        (404) 581-5278
mparrish@seniorcounsel.legal

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of __FULTON__ County

| For Clerk Use Only |
|---|
| Date Filed _____   Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**

GREEN, BARDRIL

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

CHAMPION, MAURICE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

GARA, JORGE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

GARATEK, ADOLFO

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ROAD STAR LOGISTICS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Meredith Parrish, Esq._    **Bar Number** _860703_    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## COMPLAINT

**COMES NOW**, Plaintiffs Bardril Green and Maurice Champion, by and through their attorneys, SENIORCOUNSEL, LLC, and for a Complaint against Defendants alleges that at all times hereinafter mentioned:

## NATURE OF THE ACTION

1.

This is a personal injury action brought against Defendants Jorge Gara, Adolfo Garatex and Road Star Logistics, LLC for the careless, reckless and negligent conduct of Defendants in the operation and ownership of Defendants' motor vehicle.

## PARTIES, VENUE AND JURISDICTION

2.

Plaintiff Bardril Green (hereinafter sometimes referred to as "Plaintiff") resides at 207 Fairgrove Lane, Fairburn, Georgia 30213 and is a resident of the State of Georgia. Plaintiff voluntarily subjects himself to the jurisdiction and venue of this Court.

3.

Plaintiff Maurice Champion (hereinafter sometimes referred to as "Plaintiff") resides at 207 Fairgrove Lane, Fairburn, Georgia 30213 and is a resident of the State of Georgia. Plaintiff voluntarily subjects himself to the jurisdiction and venue of this Court.

4.

Defendant Jorge Gara (hereinafter referred to as "Defendant Gara") is a resident of the State of North Carolina and may be served with a copy of the Summons and Complaint at his home address at 218 Crowne Park Avenue, Asheboro, North Carolina 27203 and via the Georgia Secretary of State pursuant to O.C.G.A. 40-12-3 (Georgia's Non-Resident Motorist Act). As a non-resident motorist, Defendant Gara is subject to the jurisdiction and venue of this Court.

5.

Defendant Adolfo Garatek (hereinafter referred to as "Defendant Garatek") is a resident of the State of Texas and may be served with a copy of the Summons and Complaint at his home address at 7614 Laguna Del Mar Court 728, Edo, Texas 78041 and via the Georgia Secretary of State pursuant to O.C.G.A. 40-12-3 (Georgia's Non-Resident Motorist Act). As a non-resident motorist, Defendant Garatek is subject to the jurisdiction and venue of this Court.

6.

Road Star Logistics, LLC is a foreign corporation existing under the laws of the State of Texas with its principal place of business in Texas and may be served through its registered agent Brenda Garza Martinez at 742 Antelope Lane, Laredo, TX 78045 and is subject to the jurisdiction of the court.

7.

Venue in the above styled civil action is proper in this County and Court as the incident that gave rise to the instant claim occurred in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

8.

Paragraphs "1" through "7" of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

9.

At all times relevant to this matter, Defendant Gara was acting within the scope of his employment with Defendants Garatek and Road Star Logistics, LLC and was acting as an employee and agent of said Defendants.

10.

The incident complained of herein occurred at approximately 8:04 AM on September 19, 2021 on Camp Creek Parkway SW at its intersection with Merk Road SW in Fulton County.

11.

At the aforesaid time and place, Plaintiff Green, driving a 2015 Nissan Altima in which Plaintiff Champion was a passenger, was traveling in the far right southbound lane of travel on Camp Creek Parkway.

12.

Defendant Gara was the operator of a certain 1999 Freightliner Cascadia owned by Defendant Garatek.

13.

Defendant Gara was driving this tractor-trailer rig and was engaged in interstate commercial commerce at the time of this collision on the roadways of Georgia.

14.

At the aforesaid time and place, Defendant Gara was also traveling in the far right southbound lane of Camp Creek Parkway.

15.

At the aforesaid time and place, Defendant Gara used and operated the 1999 Freightliner Cascadia tractor-trailer in such a manner as to cause said motor vehicle to come into collision with the 2015 Nissan Altima 2.5/S by failing to maintain his lane.

16.

As a direct and proximate result of the breach of the applicable standard of care by Defendant Gara, Plaintiff Green and Plaintiff Champion suffered conscious pain and suffering in the past and will suffer conscious pain and suffering into the future; incurred medical expenses in the past and will incur future medical expenses; suffered mental anguish; suffered severe physical injury; was required to undergo additional medical procedures; and has sustained other damages.

17.

Neither Plaintiff Green nor Plaintiff Champion assumed the risk of their injuries and at all times exercised due care for their own safety.

18.

All of the injuries and damages sustained by Plaintiffs were the direct and proximate result of the joint negligent actions and breaches of the applicable standards of care by Defendant Gara,

4

Defendant Garatex, and Defendant Road Star Logistics, LLC without any act or omission on the part of the Plaintiffs directly thereunto contributing.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

19.

Plaintiffs reallege and incorporates herein the allegations contained in Paragraphs 1 through 18 above as if fully restated.

20.

Defendant Gara owed a duty of care to the motoring public in general, and to Plaintiffs in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

21.

Defendant Gara was negligent in the following manner:

(a) following too closely,

(b) driving too fast for conditions,

(c) driving while distracted; and

(d) failing to keep a proper lookout.

22.

Defendant Gara's was negligent in failing to maintain a proper lookout for Plaintiffs' vehicle and colliding with it.

23.

Defendant Gara's negligence is the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

24.

Defendant Gara's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

(a)  Failing to exercise due care in following too closely, in violation of O.C.G.A. § 40-6-49;

25.

Plaintiffs' personal injuries were directly and proximately caused by Defendant Gara's negligence.

26.

By reason of the foregoing collision, Plaintiff Bardril Green sustained a serious injury as defined by the Insurance Law of the State of Georgia.

27.

By reason of the foregoing collision, Plaintiff Maurice Champion sustained a serious injury as defined by the Insurance Law of the State of Georgia.

28.

As a result of the foregoing collision, Plaintiff Bardril Green suffered economic loss in excess of basic economic loss, as those terms are defined by the Insurance Law of the State of Georgia.

29.

As a result of the foregoing collision, Plaintiff Maurice Champion suffered economic loss in excess of basic economic loss, as those terms are defined by the Insurance Law of the State of Georgia.

30.

Plaintiffs sustained severe personal injury and damages, and conscious pain and suffering.

31.

By reason of the foregoing, Plaintiffs sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this matter.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY OF DEFENDANT ROAD STAR LOGISTICS, LLC

32.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 31 above as if fully restated.

33.

At the time of the September 19, 2021 collision, Defendant Gara was under dispatch for Defendant Road Star Logistics, LLC.

36.

At the time of the Crash, Defendant Gara was operating his vehicle on behalf of Defendant Road Star Logistics, LLC.

37.

Defendant Road Star Logistics, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Gara with regard to the September 19, 2021 collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## THIRD CAUSE OF ACTION
## VICARIOUS LIABILITY OF DEFENDANT GARATEK

38.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 37 above as if fully restated.

39.

Defendant Garatek owned or supplied the vehicle driven by Defendant Gara at the time of the incident.

40.

Defendant Garatek gave permission to Defendant Gara to drive the vehicle at the time of the incident.

41.

Defendant Gara was operating the vehicle for a business purpose in benefit of Defendant Garatek at the time of the collision.

42.

Defendant Garatek exercised or had the ability to exercise control over the vehicle driven by Defendant Gara at all times relevant to this litigation.

43.

Defendant Garatek is responsible for the conduct and action of driver Defendant Gara under the doctrines of respondent superior, lease liability, agency, vicarious, or apparent liability agency

**FOURTH CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION**

44.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 43 above as if fully restated.

45.

Defendant Road Star Logistics, LLC was negligent in hiring Defendant Gara and entrusting him to drive a commercial motor vehicle.

46.

Defendant Road Star Logistics, LLC was negligent in failing to properly train Defendant Gara.

47.

Defendant Road Star Logistics, LLC was negligent in failing to discharge Defendant Gara before the September 19, 2021 collision.

48.

Defendant Road Star Logistics, LLC was negligent in failing to properly supervise Defendant Gara.

49.

Defendant Road Star Logistics, LLC was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiffs.

50.

Defendant Road Star Logistics, LLC's negligence in hiring Defendant Gara, entrusting him with driving a commercial vehicle, and failing to train and supervise him properly was the sole and proximate cause of the collision and Plaintiffs' resulting injuries and damages.

## **DAMAGES**

51.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 50 above as if fully restated.

52.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiffs.

53.

Defendants are jointly and severally liable for Plaintiffs' injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

54.

But for the negligence of Defendants, Plaintiffs would not have suffered injuries and damages that will be proven at trial.

55.

As a result of Defendants' negligence, Plaintiff Green sustained physical injuries and incurred past medical expenses and will continue to incur future medical expenses.

56.

As a result of Defendants' negligence, Plaintiff Green has been unable to work and has a claim for past and future lost wages.

57.

As a result of Defendants' negligence, Plaintiff Champion sustained physical injuries, incurred past medical expenses, and will continue to incur future medical expenses.

58.

As a result of Defendants' negligence, Plaintiff Champion has been unable to work and has a claim for past and future lost wages.

59.

Defendants' negligence is the sole and proximate cause of Plaintiff Green's and Plaintiff Champion's injuries.

60.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiffs respectfully pray:

a)      That process issue and Defendants be served as provided by law;

b)      That Plaintiffs have a trial by jury;

c)      That Plaintiffs recover the full value of past and future medical expenses and lost wages in an amount proven at trial;

d)      That Plaintiffs recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e)      That judgment be entered in favor of Plaintiffs against Defendants for special, compensatory, punitive and all other permissible damages allowed under Georgia law;

f)      That Plaintiffs be awarded judgment for reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

g)      That all costs be taxed against the Defendants, including attorney's fees.

Respectfully submitted, this 4th day of May, 2023.

**(SIGNATURE ON NEXT PAGE)**

11

**SENIORCOUNSEL, LLC**

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T      (678) 490-8242
F      (404) 581-5278
mparrish@seniorcounsel.legal

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| BARDRIL GREEN | : |
| and | : |
| MAURICE CHAMPION, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| JORGE GARA, ADOLFO GARATEK | : |
| and ROAD STAR LOGISTICS, LLC | : |
| | : |
| Defendants. | : |

CIVIL ACTION NUMBER

_____

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GARA

To:     JORGE GARA

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant GARA, respond, under oath, to the following Request for Production within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys.  Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIORCOUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339 no later than forty-five (45)

days from the date of service of these requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

   2.  <u>Claims of Privilege or Work Product</u>

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

     3.   <u>Claims To Confidentiality/Proprietary Information</u>

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

     4.   <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**You**" or "**your**" or "**Defendant**" refers to Defendant JORGE GARA, as well as Defendant's attorneys, insurers, representatives, or agents.

5.      "**JORGE GARA**" or "**GARA**" refers to Defendant JORGE GARA.

6.      "**ADOLFO GARATEK**" or "**GARATEK**" refers to Defendant ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.      "**ROAD STAR LOGISTICS, LLC**" or "**ROAD STAR**" refers to Defendant ROAD STAR LOGISTICS, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.      "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection with Merk Road SW in Fulton County, Georgia, which makes the basis of this lawsuit.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability or damages.

2.

Please produce true, accurate and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce a true, accurate and complete copy of any incident report (by whatever name known) prepared by you, on your behalf, or by or on behalf of Defendants Adolfo Garatek, or Road Star Logistics, LLC concerning the subject collision or any claim or potential claim arising out of said collision.

4.

Please produce a true, accurate and complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiff's claims against this Defendant.  This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce a true, accurate and complete copy of your paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred.  This request includes copies of any materials that reflect any expense (such as mileage, gas, etc.) that was reimbursed or was requested to be reimbursed.

6.

Please produce a true, accurate and complete copy of any and all driver's licenses in your possession at the time of the collision in question and at present.

7.

Please produce a true, accurate and complete copy of your driving history for the past ten (10) years.

8.

Please produce a true, accurate and complete copy of your driver's logs for the fourteen days prior to the subject collision, the log for date of said collision, and the logs for the seven days subsequent to said collision.  Include any and all false logs along with true ones.

9.

Please produce a true, accurate and complete copy of any and all instruction manuals, rules, regulations, or any driver/employee handbook (by whatever name known) applicable to you as an employee or agent of ADOLFO GARATEK or ROAD STAR LOGISTICS, LLC or given to you by ADOLFO GARATEK or ROAD STAR LOGISTICS, LLC.

10.

Please produce a true, accurate and complete copy of your driver qualification file and your personnel file with Defendant ADOLFO GARATEK or ROAD STAR LOGISTICS, LLC.

11.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and ADOLFO GARATEK or ROAD STAR LOGISTICS, LLC, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

12.

Please produce a true, accurate and complete copy of all claims forms, accident reports, incident reports, or other documentation by any other name evidencing any other collisions, wrecks, incidents, or moving violations in which you have been involved as a driver in the last ten (10) years, regardless of where such event occurred.

13.

Please produce true, accurate and complete copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip made by you or about to be made by you at the time the subject collision occurred, to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

14.

Please produce a true, accurate and complete copy of any documentation of any kind received from Defendant ADOLFO GARATEK, ROAD STAR LOGISTICS, LLC, or any other

person, corporation, or insurer relative to your performance as a driver, to include any criticisms, reprimands, infractions, discharges, firings, or other commentary concerning your work as a professional driver during the time you were employed by or drove for ADOLFO GARATEK or ROAD STAR LOGISTICS, LLC.

15.

Please produce a true, accurate and complete copy of any oral or written statement given by you and given to the police, your employer, any insurer, or any other person concerning the subject collision.

16.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs (prints -- not Xerox copies), sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff, or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

17.

For the period of October 1, 2020 to September 19, 2021, please produce true, accurate and complete copies of billing statements, invoices, contracts for service, and itemized statements or other documents detailing or reflecting service for any car phone, cell phone, pager, QUALCOMM device, or other mobile communication medium available to Defendant on September 19, 2021.

18.

Please produce true, accurate and complete copies of any documents relating in any way to any plea of guilty, plea of nolo contendere, or conviction of any crime other than traffic violations, including any instances of driving under the influence of drugs or alcohol ("DUIs").

19.

Please produce documents received by you in response to request to produce to third parties.

Respectfully submitted, this 4th day of May, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (678) 490-8242
F        (404) 581-5278
mparrish@seniorcounsel.legal

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69953432
Date: May 04 2023 04:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BARDRIL GREEN | : | |
| and | : | |
| MAURICE CHAMPION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER |
| | : | |
| v. | : | _____ |
| | : | |
| JORGE GARA, ADOLFO GARATEK | : | |
| and ROAD STAR LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES OF PLAINTIFFS TO DEFENDANT JORGE GARA

To:   JORGE GARA

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant JORGE GARA respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

## PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury.  Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely.  In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. <u>Claims of Privilege or Work Product</u>

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you

are instructed to state that contention specifically.  In the event any information is not provided

pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for

the objection and provide sufficient information so that the Court may render decision as to the

contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to

be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such

failure could only be to delay, protract, and obstruct these proceedings.

    3.  <u>Claims To Confidentiality/Proprietary Information</u>

If Defendant believes that information responsive to any interrogatory is somehow

confidential because it reflects trade secrets or allegedly proprietary business information, such

belief in and of itself provides no basis for the blanket withholding of production of such

information in a timely manner.   If Defendant intends to withhold information on the basis of

such claims to confidentiality, it should contact Plaintiff *before* responding to these

interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing

protective order applicable only to information for which supported claims to confidentiality

have been made.  Failure to do so, or the interposing of such objections for the purposes of delay,

will be deemed by Plaintiff to be a waiver of such claims.

    4.  <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and

then Defendant subsequently discloses such fact at a later date by supplemental response, please

provide full information about how the existence of this additional fact was "discovered" by

Defendant, by whom such additional fact was "discovered," when such additional fact was

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that

decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.     "**You**" or "**your**" or "**Defendant**" refers to Defendant JORGE GARA, as well as Defendant's attorneys, insurers, representatives, or agents.

5.     "**JORGE GARA**" or **"GARA"** refers to Defendant JORGE GARA.

6.     "**ADOLFO GARATEK**" or **"GARATEK"** refers to Defendant ADOLFO GARATEK and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.     "**ROAD STAR LOGISTICS, LLC**" or **"ROAD STAR"** refers to Defendant ROAD STAR LOGISTICS, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.     "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of September 19, 2021 occurring on Camp Creek Parkway at its Intersection with Merk Road, SW in Fulton County, Georgia, which makes the basis of this lawsuit.

## INTERROGATORIES

1.

Please identify all adult relatives by blood or marriage residing within the jurisdiction of the State Court of Fulton County by stating their name, relationship to you or your spouse, address, and place of employment.

2.

Please state your name, address, social security number, driver's license number, telephone number, and date of birth.  Also, please provide all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

3.

Please list all places of employment for the past five (5) years to include for each such place of employment:  the start date of employment; name of employer; your immediate supervisor; address; telephone number; job description; wage and salary; termination date of employment; reason for termination.  Said list should include employment through the present date.

4.

Identify all persons who have investigated the subject collision or discussed the subject collision with you on behalf of yourself, Defendants ADOLFO GARATEK and ROAD STAR LOGISTICS, LLC or its agents, representatives, attorneys, or insurers.

5.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons insured under each policy;

(d)     Names of the person(s) or entity paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     Whether or not the defense of this action has been tendered to any such insurer;

(h)     Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     Whether this defendant has made any claims under said policy or policies as a result of the occurrence herein;

(j)     The nature, extent, and amount of any such claim or claims with said insurer(s);

(k)     Whether those claims have been paid by said insurer(s) and the amount of said payment(s); and

(l)     Your insurer's response or reaction with respect to the request that it defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

6.

Please state whether or not you negligently caused the subject occurrence in any way.  If your answer is in any way in the negative, please explain.

7.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of

the nature of such person's knowledge.  (For example:  eyewitness, investigating police officer, medical personnel, etc.)

8.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

9.

Please state whether any of the persons identified in response to Interrogatories No. 7 or No. 8 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

10.

Please explain the nature of your employment and/or agency relationship with Defendant ADOLFO GARATEK and ROAD STAR LOGISTICS, LLC on the date of the occurrence. Please also include the following:  the date the employment and/or agency relationship began; your mode and amount of compensation; whether the employment and/or agency relationship has been terminated, and if so, the date of such termination; the identity of the person who

terminated you; the reason(s) given to you for such termination; the reason you believe you were terminated.

11.

Please identify the following individuals as of the date of the occurrence and at present (if applicable): the person to whom you reported at ROAD STAR LOGISTICS; all persons who interviewed and hired you; any person who disciplined, reprimanded, or evaluated you or your job performance at any time while and employee and/or agent of ROAD STAR LOGISTICS.

12.

Please state whether or not, to your knowledge, information, and/or belief, Defendant ROAD STAR LOGISTICS, LLC, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant ROAD STAR LOGISTICS, LLC allows to drive its trucks.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state whether you were ever apprised or ever became aware of any such inquiry concerning you.

13.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert identify the subject matter of which the person is expected to testify; the substance of the facts and opinions as to which he or

she is expected to testify; a summary of the grounds for such opinions, and identify all documents and professional references upon which such person may base his or her testimony and opinions.

14.

Please describe how you contend the subject incident occurred, to include what you recall occurring in the moments immediately before the incident, the incident itself, and the two hours before and following the subject incident.   Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

15.

Do you contest that at the time and place of the subject occurrence, you were an employee or agent of Defendant ROAD STAR LOGISTICS, LLC, acting within the course and scope of your employment or agency for ROAD STAR LOGISTICS, LLC.  Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.

Do you contend that Plaintiff did or failed to do any act that in any way contributed to causing the subject occurrence?   Please state "Yes" or "No."  If your answer is in any way in the affirmative, please state all facts that you contend support such response.

17.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and

business and home telephone numbers of said person or entity you contend contributed to or caused the injuries of Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

18.

Do you contend that any mechanical defect, design defect, or other failure of any kind on the truck that you were driving at the time of the incident (including any component parts such as mirrors) caused or contributed to cause the incident or the injuries to Plaintiff?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, please identify each such defect or failure and the factual and legal bases for your contention that it played a role in this incident.

19.

Please state whether, at the time of the subject collision, you were in possession of more than one driver's log.  If so, please state your explanation for any discrepancy in those logs, and the present location of the various logs that were in your possession at the time of the subject collision.

20.

Please state whether or not you have ever been involved in another motor vehicle collision wherein you were the driver of a vehicle involved in such collision at any time in last ten (10) years.  If so, please state the date or approximate date of such collision, whether or not you were on personal business or in the course of your employment or agency at the time of said collision (and list the employer if you were in the course of your employment or agency), and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

21.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence.  As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

22.

Was any accident/incident report or statement made by you or any of your representatives or agents that describes or relates in any way to the subject occurrence?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report or statement, please identify the author, state the date it was written or given, identify all individuals who were copied with or received it, and identify the present place where it is located.

23.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of your trip, the point of origin of your trip, any stops you made after leaving the point of departure but before the subject incident, and your intended destination.

24.

State whether or not you have ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of

the traffic laws or rules of the road of any state within the last ten (10) years.  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof.

25.

Please state whether you suffer currently or did suffer at the time of the collision from any physical impairment, or disease, including vision impairment or epilepsy or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years.

26.

Please state whether you had consumed any alcohol, drugs, or medication of any kind within the twenty-four (24) hours prior to said collision.  If so, please state the type of such substance consumed, the amount consumed, identify who you were with and/or with whom you came into contact and give the approximate time and place where same was consumed.

27.

Please state whether, at the time of subject collision, you were consuming any food or beverage or had any open containers of food or beverage in your vehicle.  If your answer is in the affirmative in any way, please explain in detail.

28.

Please state whether or not you have ever pled guilty to, pled nolo contendere to, or been convicted of any crime other than traffic violations in the last ten (10) years, including any instances of driving under the influence of drugs or alcohol ("DUIs"), and if so, please state the date and nature of the offense, the county and state in which you were tried or entered a plea, and the sentence given you.

29.

Please state whether your driver's license contains any restrictions now, or at the time of the collision, or whether your driver's license has ever been suspended for any reason.  If your answer to this interrogatory is in the affirmative, please state the nature of such restriction or the reason(s) for such suspension.

30.

State whether or not you have previously been involved in a lawsuit.  If so, identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

31.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether you have any knowledge of those guidelines in any form, whether ROAD STAR LOGISTICS, LLC's own policies, government regulations, industry guidelines, or any other source.

32.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM or other radio communication device that you owned, had access to, or used on

September 19, 2021.  This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this interrogatory.

33.

At the time of the subject occurrence, was your truck equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, state whether it was being used at the time of the subject incident, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at ROAD STAR LOGISTICS, LLC who was at the time of the incident most knowledgeable about it.

34.

Please state whether to your knowledge ROAD STAR LOGISTICS, LLC's tractors and/or trailers, including in particular the subject unit and trailer you were operating at the time of the occurrence, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the highway and which could be used for reporting safety concerns or other reports concerning the method or manner in which ROAD STAR LOGISTICS, LLC's drivers operated the vehicle while working at Defendant ROAD STAR LOGISTICS, LLC.  If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks you have driven.

35.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiffs' Requests for Production of Documents.

36.

Please state whether you used a spotter to assist you at the time of the occurrence.

37.

Please state whether your view behind or to the side of the vehicle was restricted in any way at the time of the occurrence.  This Interrogatory is intended to discover whether you could see the location of the Plaintiff beside the vehicle before impact if you looked.

Respectfully submitted, this 4th day of May, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiffs*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T          (678) 490-8242
F          (404) 581-5278
mparrish@seniorcounsel.legal

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 69960432
Case Number: 23EV002630
Date: May 05 2023 10:02AM
Donald Talley, Chief Clerk
Civil Division

**CIVIL ACTION FILE #:** _____

BARDRIL GREEN
_____

and
_____

MAURICE CHAMPION
_____

Plaintiff's Name, Address, City, State, Zip Code


vs.


JORGE GARA
_____

218 Crowne Park Avenue
_____

Asheboro, NC 27203
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Meredith Parrish, Esq. - SeniorCounsel, LLC

Address: 3330 Cumberland Blvd., Ste 500

City, State, Zip Code: Atlanta, Georgia 30339          Phone No.: (678) 490-8242

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.     _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**GEORGIA, FULTON COUNTY**

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
DO NOT WRITE IN THIS SPACE
**File & ServeXpress**
Transaction ID: 69960432
Case Number: 23EV002630
Date: May 05 2023 10:02AM
Donald Talley, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

BARDRIL GREEN
_____

and
_____

MAURICE CHAMPION
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

ADOLFO GARATEK
_____

7614 Laguna Del Mar Court
_____

Edo, TX 78401
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _Meredith Parrish, Esq. - SeniorCounsel, LLC_

Address: _3330 Cumberland Blvd., Ste 500_

City, State, Zip Code: _Atlanta, Georgia 30339_          Phone No.: _(678) 490-8242_

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.     _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**GEORGIA, FULTON COUNTY**

**State Court of Fulton County**
DO NOT WRITE IN THIS SPACE          **\*\*\*EFILED\*\*\***

**File & ServeXpress**
Transaction ID: 69960432
Case Number: 23EV002630
Date: May 05 2023 10:02AM
Donald Talley, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** _____

BARDRIL GREEN
_____

and
_____

MAURICE CHAMPION
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

ROAD STAR LOGISTICS, LLC
Brenda Garza Martinez - Registered Agent
742 Antelope Lane
_____

Laredo, TX 78045
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _Meredith Parrish, Esq. - SeniorCounsel, LLC_

Address: _3330 Cumberland Blvd., Ste 500_

City, State, Zip Code: _Atlanta, Georgia 30339_          Phone No.: _(678) 490-8242_

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.          _____
                                                                                                                     DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 70056626
Case Number: 23EV002630
Date: May 22 2023 11:35AM
Donald Talley, Chief Clerk
State Court, Chief Clerk
Civil Division

## AFFIDAVIT OF SERVICE

State of Georgia                          County of Fulton

Case Number: 23EV002630

Plaintiff:
**BARDRIL GREEN AND MAURICE CHAMPION**

vs.

Defendant:
**ROAD STAR LOGISTICS LLC**



BBW2023005612-2

Received by RICARDO CONTRERAS on the 10th day of May, 2023 at 11:22 am to be served on **ROAD STAR LOGISTICS, LLC BRENDA GARZA MARTINEZ-REGISTERTED AGENT, 742 ANTELOPE LN, APT 728, LAREDO, TX 78045**.

I, RICARDO CONTRERAS, being duly sworn, depose and say that on the **17th day of May, 2023** at **8:09 am, I:**

delivered to the **Registered Agent** by delivering a true copy of the **CASE FILING INFORMATION/ SUMMONS / COMPLAINT/ PLAINTIFFS FIRST CONTINUING INTERROGATORIES TO DEFENDANT ROAD STAR LOGISTICS LLC/ PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ROAD STAR LOGISTICS, LLC/ ALL SUPPORTING DOCUMENTS FOR ADOLFO GARATEK AND JORGE GARA** with the date of service endorsed thereon by me, to: **BRENDA GARZA MARTINEZ** at the address of : **742 ANTELOPE LN, APT 728, LAREDO, TX 78045**   on behalf of   **ROAD STAR LOGISTICS, LLC BRENDA GARZA MARTINEZ  -REGISTERED AGENT** , and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 18th day of May, 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

KAREN LYNN CONTRERAS
Notary Public, State of Texas
Comm. Expires 10-25-2024
Notary ID 126699438

_____
**RICARDO CONTRERAS**
PSC-1745, EXP 1/31/2024

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2023005612

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 70109873
Case Number: 23EV002630
Date: May 30 2023 10:35PM
Donald Talley, Chief Clerk
Civil Division

### JUDGE EDLEIN'S STANDING ORDER IN E-FILE CASES

Having found that the interests of the parties and the orderly management of the Court's business would be served by setting a schedule for this litigation and by stating the practices and procedures of this Court,

**IT IS HEREBY ORDERED** that, unless specifically exempted, counsel for all parties confer, in person or by telephone, in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by the Case Management Order ("CMO"). This early planning conference shall be held ***no later than thirty (30) days after the appearance of a defendant by answer***. Counsel for the plaintiff(s) shall ensure that this early planning conference is timely scheduled and completed.

**IT IS FURTHER ORDERED** that, unless specifically exempted or unless the case is successfully resolved during the early planning conference, the parties are required to complete and e-file a proposed CMO for the Court's review ***no later than forty-five (45) days after the appearance of a defendant by answer***. The proposed CMO shall be consolidated and e-filed by counsel for the plaintiff(s); a Microsoft Word version of the CMO may be requested from the Court's Judicial Assistant, Kimberley Davis, via email to Kimberley.Davis@fultoncountyga.gov. The consolidated CMO must be e-filed with the Court. Information about efiling and the State Court E-File Standing Order can be found at http://fultonstate.org/

If a party fails or refuses to participate in the early planning conference and/or completion of the proposed CMO, counsel for the plaintiff(s) shall so indicate when e-filing the proposed CMO. If the parties fail to reach agreement on portions of the proposed CMO, each party's proposal shall be included in the proposed CMO with a notation in **bold** that the parties failed to reach agreement on that particular portion.

A party's failure to comply with the terms of this Standing Order may result in sanctions, including but not limited to dismissal of the complaint or striking of the answer, as appropriate.

SO ORDERED this 1st day of December, 2020.

*Susan E. Edlein*

Susan E. Edlein
Judge, State Court of Fulton County

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 70142410
Case Number: 23EV002630
Date: Jun 05 2023 04:18PM
Donald Talley, Chief Clerk
State Court
Civil Division

## AFFIDAVIT OF SERVICE

**State of Georgia**                          **County of Fulton**

Case Number: 23EV002630

Plaintiff:
**BARDRIL GREEN AND MAURICE CHAMPION**

vs.

Defendant:
**ROAD STAR LOGISTICS LLC**

|||||||||| BBW2023005611-2

Received by RICARDO CONTRERAS on the 10th day of May, 2023 at 11:12 am to be served on **ADOLFO GARATEK, 7614 LAGUNA DEL MAR COURT, APT 728, LAREDO, TX 78041**

I, RICARDO CONTRERAS, being duly sworn, depose and say that on the **27th day of May, 2023** at **7:06 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **CASE FILING INFORMATION/ SUMMONS / COMPLAINT/ PLAINTIFFS FIRST CONTINUING INTERROGATORIES TO DEFENDANT ADOLFO GARATEK/ PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ADOLFO GARATEK/ ALL SUPPORTING DOCUMENTS FOR ROAD STAR LOGISTICS AND JORGE GARA** with the date of service endorsed thereon by me, to: **ADOLFO GARATEK** at the address of: **8706 Gentlewind Ct., Apt. 8706, LAREDO, TX 78045,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 2nd day of June, 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**RICARDO CONTRERAS**
PSC-1745, EXP 1/31/2024

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2023005611

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r



KAREN LYNN CONTRERAS
Notary Public, State of Texas
Comm. Expires 10-25-2024
Notary ID 126699438

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BARDRIL GREEN and
MAURICE CHAMPION

          Plaintiffs,

v.

JORGE GARA, ADOLFO GARATEK
and ROAD STAR LOGISTICS, LLC

          Defendants.

CIVIL ACTION
FILE NO.:  23EV002630

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW, Defendants JORGE GARA ("Defendant Gara"), ADOLFO GARATEK ("Defendant Garatek"), and ROAD STAR LOGISTICS, LLC ("Defendant Road Star") (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, and answer Plaintiffs' Complaint (hereinafter "Plaintiffs' Complaint") as follows:

### FIRST DEFENSE

Service of process is insufficient as to Defendants; therefore, Plaintiffs' Complaint against the Defendants should be dismissed.

### SECOND DEFENSE

Defendant Garatek is an improper party to this action; therefore, Plaintiffs' Complaint against Defendant Garatek should be dismissed.

### THIRD DEFENSE

Without waiving the above-enumerated defenses, these Defendants respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

### NATURE OF THE ACTION

1.

Defendants deny the allegations of paragraph 1 of Plaintiffs' Complaint.

## **PARTIES, VENUE AND JURISDICTION**

2.

In response to paragraph 2 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiffs' Complaint but demand strict proof thereof.  The remaining allegations of paragraph 2 of Plaintiffs' Complaint are denied.

3.

In response to paragraph 3 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiffs' Complaint but demand strict proof thereof.  The remaining allegations of paragraph 3 of Plaintiffs' Complaint are denied.

4.

In response to paragraph 4 of Plaintiffs' Complaint, Defendants admit that as soon Defendant Gara is lawfully served with a copy of the Summons and Complaint, he will be subject to this jurisdiction and venue of this Court, but the remaining allegations of paragraph 4 of Plaintiffs' Complaint are denied.

5.

In response to paragraph 5 of Plaintiffs' Complaint, Defendants admit that as soon Defendant Garatek is lawfully served with a copy of the Summons and Complaint, he will be subject to this jurisdiction and venue of this Court, but the remaining allegations of paragraph 5 of Plaintiffs' Complaint are denied.

6.

In response to paragraph 6 of Plaintiffs' Complaint, Defendants admit that Defendant Road Star is a foreign corporation existing under the laws of the state of Texas with its principal place of business in Texas and may be served through its registered agent, Brenda Martinez, in Laredo, Texas.  Defendants further admit that as soon Defendant Road Star is lawfully served with a copy of the Summons and Complaint, it will be subject to this jurisdiction and venue of this Court, but the remaining allegations of paragraph 6 of Plaintiffs' Complaint are denied.

7.

Defendants admit the allegations of paragraph 7 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

8.

In response to paragraph 8 of Plaintiffs' Complaint, Defendants incorporate their answers to the preceding paragraphs 1 through 7 as if fully set forth herein.

9.

In response to paragraph 9 of Plaintiffs' Complaint, Defendants admit that at that time of the accident in question, Defendant Gara was acting in the furtherance of the business of Defendant Road Star at the time of the accident, but the remaining allegations of paragraph 9 of Plaintiffs' Complaint are denied.

10.

Defendants admit the allegations of paragraph 10 of Plaintiffs' Complaint.

11.

Defendants admit the allegations of paragraph 11 of Plaintiffs' Complaint.

12.

Defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

13.

In response to paragraph 13 of Plaintiffs' Complaint, Defendants admit that at the time of the accident Defendant Gara was driving a tractor trailer in the furtherance of business of Defendant Road Star, but the remaining allegations of paragraph 13 of Plaintiffs' Complaint are denied.

14.

Defendants admit the allegations of paragraph 14 of Plaintiffs' Complaint.

15.

In response to paragraph 15 of Plaintiffs' Complaint, Defendants admit that the tractor trailer by Defendant Gara made contact with the 2015 Nissan Altima in which Plaintiffs were passengers, but the remaining allegations of paragraph 15 of Plaintiffs' Complaint are denied.

16.

Defendants deny the allegations of paragraph 16 of Plaintiffs' Complaint.

17.

In response to paragraph 17 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiffs' Complaint but demand strict proof thereof.  The remaining allegations of paragraph 17 of Plaintiffs' Complaint are denied.

18.

Defendants deny the allegations of paragraph 18 of Plaintiffs' Complaint.

## **FIRST CAUSE OF ACTION**

## **NEGLIGENCE**

19.

In response to paragraph 19 of Plaintiffs' Complaint, Defendants incorporate their answers to the preceding paragraphs 1 through 18 as if fully set forth herein.

20.

In response to paragraph 20 of Plaintiffs' Complaint, Defendants admit that Defendant Gara had a duty to comply with all applicable laws just as the Plaintiffs owed the same duties, but the remaining allegations of paragraph 20 of Plaintiffs' Complaint are denied.

21.

Defendants deny the allegations of paragraph 21 of Plaintiffs' Complaint.

22.

Defendants deny the allegations of paragraph 22 of Plaintiffs' Complaint.

23.

Defendants deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24.

Defendants deny the allegations of paragraph 24 of Plaintiffs' Complaint.

25.

Defendants deny the allegations of paragraph 25 of Plaintiffs' Complaint.

26.

Defendants deny the allegations of paragraph 26 of Plaintiffs' Complaint.

27.

Defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

28.

Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint.

29.

Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint.

30.

Defendants deny the allegations of paragraph 30 of Plaintiffs' Complaint.

31.

Defendants deny the allegations of paragraph 31 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

## VICARIOUS LIABILITY OF DEFENDANT ROAD STAR LOGISTICS, LLC

32.

In response to paragraph 32 of Plaintiffs' Complaint, Defendants incorporate their answers to the preceding paragraphs 1 through 31 as if fully set forth herein.

33.

Defendants admit the allegations of paragraph 33 of Plaintiffs' Complaint.

34.

Plaintiffs' Complaint omitted paragraph 34; therefore, paragraph 34 of Plaintiffs' Complaint is denied.

35.

Plaintiffs' Complaint omitted paragraph 35; therefore, paragraph 35 of Plaintiffs' Complaint is denied.

36.

Defendants admit the allegations of paragraph 36 of Plaintiffs' Complaint.

37.

In response to paragraph 37 of Plaintiffs' Complaint, Defendants admit that at the time of the accident in question, Defendant Gara was operating the tractor trailer in the furtherance of business of Defendant Road Star.  Defendants further admit that should Defendant Gara be found negligent then Defendant Road Star would also be negligent as Defendant Gara was operating the vehicle on behalf of Defendant Road Star at the time of the accident.  The remaining allegations of paragraph 37 of Plaintiffs' Complaint are denied.

### THIRD CAUSE OF ACTION

### VICARIOUS LIABILITY OF DEFENDANT GARATEK

38.

In response to paragraph 38 of Plaintiffs' Complaint, Defendants incorporate their answers to the preceding paragraphs 1 through 37 as if fully set forth herein.

39.

In response to paragraph 39 of Plaintiffs' Complaint, Defendants admit that Defendant Garatek owned the vehicle that Defendant Gara was driving at the time of the accident and the vehicle was leased to Defendant Road Star, but the remaining allegations of paragraph 39 of Plaintiffs' Complaint are denied.

40.

In response to paragraph 40 of Plaintiffs' Complaint, Defendants admit that at the time of the accident, Defendant Gara was operating the tractor trailer in the furtherance of business of Defendant Road Star, but the remaining allegations of Plaintiffs' Complaint are denied.

41.

Defendants deny the allegations of paragraph 41 of Plaintiffs' Complaint.

42.

Defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint.

43.

Defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

44.

In response to paragraph 44 of Plaintiffs' Complaint, Defendants incorporate their answers

to the preceding paragraphs 1 through 43 as if fully set forth herein.

45.

Defendants deny the allegations of paragraph 45 of Plaintiffs' Complaint.

46.

Defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint.

47.

Defendants deny the allegations of paragraph 47 of Plaintiffs' Complaint.

48.

Defendants deny the allegations of paragraph 48 of Plaintiffs' Complaint.

49.

Defendants deny the allegations of paragraph 49 of Plaintiffs' Complaint.

50.

Defendants deny the allegations of paragraph 50 of Plaintiffs' Complaint.

## DAMAGES

51.

In response to paragraph 51 of Plaintiffs' Complaint, Defendants incorporate their answers to the preceding paragraphs 1 through 50 as if fully set forth herein.

52.

Defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53.

Defendants deny the allegations of paragraph 53 of Plaintiffs' Complaint.

54.

Defendants deny the allegations of paragraph 54 of Plaintiffs' Complaint.

55.

Defendants deny the allegations of paragraph 55 of Plaintiffs' Complaint.

56.

Defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint.

57.

Defendants deny the allegations of paragraph 57 of Plaintiffs' Complaint.

58.

Defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint.

59.

Defendants deny the allegations of paragraph 59 of Plaintiffs' Complaint.

60.

Defendants deny the allegations of paragraph 60 of Plaintiffs' Complaint.

## **FOURTH DEFENSE**

All allegations in Plaintiffs' Complaint not specifically admitted or denied hereinabove are now generally denied.

WHEREFORE, having responded to Plaintiffs' Complaint, Defendants pray the Court as follows:

(1)    That the Plaintiffs' Complaint be dismissed with prejudice;

(2)    That all issues of fact be tried by a jury of twelve (12);

(3)    That all costs associated with the action be taxed against Plaintiffs to include a reasonable fee for Defendants' attorneys; and

(4)    For such and further relief as the Court deems just and proper.

Respectfully submitted, this 16th day of June, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this date I have electronically filed the foregoing **ANSWER AND DEFENSES OF DEFENDANTS** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Meredith Parrish
SENIORCOUNSEL, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, GA 30339
Email: mparrish@seniorcounsel.legal
*Attorney for Plaintiffs*

This 16th day of June, 2023.


*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
For the Firm

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BARDRIL GREEN and
MAURICE CHAMPION

       Plaintiffs,

v.

JORGE GARA, ADOLFO GARATEK
and ROAD STAR LOGISTICS, LLC

       Defendants.

CIVIL ACTION
FILE NO.:  23EV002630

## DEFENDANTS' JURY DEMAND

COME NOW, Defendants JORGE GARA, ADOLFO GARATEK and ROAD STAR LOGISTICS, LLC, by and through their undersigned attorneys, and hereby demand a trial by jury of all issues.

Respectfully submitted, this 16th day of June, 2023.

MCMICKLE, KUREY & BRANCH, LLP

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: szottneck@mkblawfirm.com

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS'**

**JURY DEMAND** with the Clerk of the Court using the Odyssey e-Filing system, which will

automatically send a notification attaching same thereon to the following counsel of record:

Meredith Parrish
SENIORCOUNSEL, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, GA 30339
Email: mparrish@seniorcounsel.legal
*Attorney for Plaintiffs*

This 16th day of June, 2023.

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
For the Firm

-2-