# Exhibit A

State Court of Gwinnett County, Georgia
Civil Action Number 23-C-03005-S3

*Olivia C. Wiggins v. Salson Logistics, Inc; Chris Mususu;
and Prime Property & Casualty Insurance, Inc.*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03005-S3**
**5/3/2023 6:17 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| OLIVIA C. WIGGINS; | |
|     Plaintiff, | CIVIL ACTION 23-C-03005-S3 |
| v. | FILE NO. _____ |
| SALSON LOGISTICS, INC.;<br>CHRIS MUSUSU; and<br>PRIME PROPERTY & CASUALTY<br>INSURANCE INC.; | **JURY TRIAL DEMANDED** |
|     Defendants. | |

## **COMPLAINT FOR DAMAGES**

Plaintiff Olivia C. Wiggins files this Complaint for Damages against Defendants Salson Logistics, Inc., Chris Mususu, and Prime Property & Casualty Insurance Inc., respectfully showing the Court as follows.

### **Parties, Jurisdiction, and Venue**

1.

Plaintiff seeks recovery for the personal injuries and other damages she suffered when Defendant Chris Mususu ("Mususu") made an improper left turn and slammed into Plaintiff's vehicle in Locust Grove, Georgia.

2.

Plaintiff resides in Fulton County, Georgia. She submits to the jurisdiction of this Court.

3.

Defendant Mususu resides and may be served with process at 7500 Prindle Lake Drive, Charlotte, North Carolina 28227. He is subject to the jurisdiction of this Court.

**COMPLAINT FOR DAMAGES – Page 1**

4.

Defendant Salson Logistics, Inc., ("Salson") is a foreign profit corporation with its principal place of business located at 888 Doremus Avenue, Newark, New Jersey 07114. It may be served with process by serving its Registered Agent, CT Corporation System, at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. It is subject to the jurisdiction of this Court.

5.

Upon information and belief, Prime Property & Casualty Insurance Inc. ("Prime"), is a foreign insurance company that was authorized to transact business in Georgia at the time of the automobile collision that is the subject of this civil action  Defendant Prime does not maintain a registered agent in the State of Georgia and has not otherwise appointed a person who is a resident of the State of Georgia to receive service of process. Pursuant to O.C.G.A. § 33-5-3, it may be served by serving the Commissioner of Insurance, State of Georgia.

6.

Venue is proper in Gwinnett County as to all Defendants pursuant to Ga. Const. art. VI, § 2, ¶ IV and O.C.G.A. § 9-10-31(b).

**Background**

7.

On May 12, 2022, Plaintiff was turning left onto Stanley K. Tanger Boulevard from Tanger Drive in Locust Grove. She was in the leftmost of two the left turn lanes present at that location.

8.

At the same time, Defendant Mususu also was turning left onto Stanley K. Tanger Boulevard from Tanger Drive. He was in the rightmost of the two left turn lanes.

COMPLAINT FOR DAMAGES – Page 2

9.

The commercial truck Defendant Mususu was operating was owned and made available for his use by his employer, Defendant Salson.

10.

Suddenly and without warning, Defendant Mususu swerved into Plaintiff's lane and slammed his commercial truck into her vehicle (the "Subject Collision").

11.

Upon information and belief, Defendant Mususu was distracted at the time of the Subject Collision by his use of a mobile phone or other electronic device.

12.

Plaintiff was injured in the Subject Collision.

13.

Plaintiff exercised care for her own safety at all relevant times, including the time of the Subject Collision. She did not act or fail to act in any way that proximately caused the Subject Collision or any of her injuries or damages.

14.

The injuries proximately caused by Defendants' acts and omissions have resulted in damages to Plaintiff, both economic and non-economic, including but not limited to medical bills; costs and expenses; lost wages; physical pain and suffering; mental pain and suffering; and loss of full enjoyment of life.

## COUNT ONE
## Negligence of Defendant Chris Mususu

15.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

**COMPLAINT FOR DAMAGES – Page 3**

16.

At all relevant times, including the time of the Subject Collision, Defendant Mususu owed the public generally, and Plaintiff specifically, duties of care while operating a motor vehicle on the public roadways of Georgia.

17.

At all relevant times, including the time of the Subject Collision, it was reasonably foreseeable to Defendant Mususu that if he breached these duties it could result in a collision and serious injury to others.

18.

Nevertheless, Defendant Mususu breached the duties he owed to Plaintiff in the following ways, resulting in the Subject Collision:

(a)   Improperly changing lanes in violation of O.C.G.A. § 40-6-123, which constitutes negligence per se;

(b)   Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(c)   Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(d)   Driving while distracted in violation of O.C.G.A. §§ 40-6-241, -241.1, and -241.2, which constitutes negligence per se;

(e)   Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(f)   Failing to maintain proper control of his vehicle;

(g)   Failing to keep a proper lookout for traffic;

(h)    Failing to timely apply the brakes of his vehicle;

(i)    Failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act upon them;

(j)    Failing to follow the Hours-of-Service Regulations set forth in the Federal Motor Carrier Safety Regulations;

(k)    Failing to follow the mandatory drug and alcohol testing requirements set forth in the Federal Motor Carrier Safety Regulations;

(l)    Otherwise failing to act reasonably and prudently as a driver should under the circumstances; and

(m)    Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

19.

These acts and omissions constitute negligence on the part of Defendant Mususu.

20.

Plaintiff suffered personal injuries as a result of Defendant Mususu's negligence.

21.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Mususu's negligence.

### COUNT TWO
### Vicarious Liability of Defendant Salson

22.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

23.

**COMPLAINT FOR DAMAGES – Page 5**

At all relevant times, including the time of the Subject Collision, Defendant Mususu was operating the commercial truck in the course and scope of his employment with or agency of Defendant Salson.

24.

Accordingly, Defendant Salson is vicariously liable for the negligent acts and omissions of Defendant Mususu pursuant to the doctrine of *respondeat superior* and the rules of agency.

## COUNT THREE
### Direct Negligence of Defendant Salson

25.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

26.

In addition to being vicariously liable for the negligent acts and omissions of Defendant Mususu, Defendant Salson was itself negligent in the following ways:

(a)   Negligently hiring or contracting with Defendant Mususu to drive the commercial vehicle at issue;

(b)   Negligently training Defendant Mususu;

(c)   Negligently entrusting Defendant Mususu with the commercial vehicle;

(d)   Negligently retaining Defendant Mususu to drive the commercial vehicle;

(e)   Negligently qualifying Defendant Mususu;

(f)   Failing to supervise Defendant Mususu;

(g)   Failing to follow the Federal Motor Carrier Safety Regulations;

(h)   Otherwise failing to act as a reasonably prudent company under the circumstances; and

(i)   Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

**COMPLAINT FOR DAMAGES – Page 6**

27.

Plaintiff suffered personal injuries as a result of Defendant Salson's negligence.

28.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Salson's negligence.

## COUNT FOUR
### Direct Action Against Defendant Prime

29.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

30.

Defendant Prime provided liability insurance for the driver and/or truck that were involved in the Subject Collision in consideration of Defendant Salson's payment of insurance premiums.

31.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

32.

Accordingly, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Defendant Prime is subject to direct action for the claims asserted in this complaint.

## COUNT FIVE
### Punitive Damages

33.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

**COMPLAINT FOR DAMAGES – Page 7**

34.

Defendants' actions, including but not limited to Defendant Mususu's use of a mobile phone or other electronic device while driving a commercial truck and Defendant Salson's disregard for the Federal Motor Carrier Safety Regulations, demonstrate either (a) willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, or (b) a specific intent to cause harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

## COUNT SIX
## Litigation Expenses and Attorney's Fees

35.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

36.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling him to recover his litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## Plaintiff's Damages

37.

Plaintiff seeks monetary damages from each Defendant for:

(a)     All past, present, and future economic damages that result from, flow from, or were substantially caused by the Subject Collision, including but not limited to medical bills, costs and expenses, and lost wages, as will be shown more fully by the evidence at trial;

(b)     All past, present, and future non-economic damages that result from, flow from, or were substantially caused by the Subject Collision, including but not limited to physical

pain and suffering, mental pain and suffering, and loss of full enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury;

(c)     Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d)     Litigation expenses, including reasonable attorney's fees.

38.

Accordingly, Plaintiff respectfully requests the following relief:

(a)     Service of the Summons and Complaint on each Defendant;

(b)     A trial by jury on every appropriate issue;

(c)     Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future economic damages;

(d)     Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future non-economic damages;

(e)     Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f)     Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

(g)     That the costs of this action be cast against Defendants; and

(h)     Any additional relief the Court deems appropriate.

This 3rd day of May, 2023.

**COMPLAINT FOR DAMAGES – Page 9**

WLG Atlanta, LLC


*/s/ Trevor E. Brice*
Trevor E. Brice
Georgia Bar No. 847049
Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     470-881-8804
Facsimile:     470-881-8819
E-Mail:        trevor.brice@witheritelaw.com

**COMPLAINT FOR DAMAGES – Page 10**



**CT Corporation**
**Service of Process Notification**
05/19/2023
CT Log Number 543889578

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | UNDINE SCHWARZ<br>Total Transportation Services<br>18735 S FERRIS PL<br>RANCHO DOMINGUEZ, CA 90220-6405 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | SalSon Logistics, Inc.  (Domestic State: GA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Olivia Wiggins // To: SalSon Logistics, Inc. |
| **CASE #:** | 23C03005S3 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/19/2023 at 10:45 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780114511602 |
| | Image SOP |
| | Email Notification,  UNDINE SCHWARZ  undine@tts-i.com |
| | Email Notification,  Donna Tillstrom  dtillstrom@suncappart.com |
| | Email Notification,  Melissa Therrien  mtherrien@suncappart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                          Fri, May 19, 2023
**Server Name:**                                   Drop Service

| Entity Served | SALSON LOGISTICS INC |
|---|---|
| Case Number | 23C03005S3 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03005-S3**
**5/3/2023 6:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Olivia Wiggins
_____

_____

_____

CIVIL ACTION     23-C-03005-S3
NUMBER:_____

PLAINTIFF

VS.

SALSON LOGISTICS, INC. _____

c/o Registered Agent  CT Corporation System

289 S Culver Street, Lawrenceville, Georgia 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**     SALSON LOGISTICS, INC.

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

> Trevor E. Brice - WLG Atlanta, LLC
> 600 Peachtree Street NE, Suite 4010
> Atlanta, Georgia 30308

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____, 20_____.**
                4th day of May, 2023

Tiana P. Garner
Clerk of State Court

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03005-S3**

**5/26/2023 9:06 AM**
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case: 23-C-03005-S3 | Court: State Court of Gwinnett County | County: Gwinnett, GA | Job: 8888221 |
|---|---|---|---|
| Plaintiff / Petitioner: Olivia C. Wiggins | | Defendant / Respondent: Salson Logistics, Inc.; Chris Mususu; and Prime Property & Casualty Insurance Inc. | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Salson Logistics Inc c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Linda Banks, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:**   Registered Agent, May 19, 2023, 10:29 am EDT

**Documents:**   Summons, Complaint for Damages, Plaintiff's First Requests for Admissions, Interrogatories and Requests for Production of Documents to Defendant Salson Logistics Inc, General Civil and Domestic Relations Case Filing Information Form (Received May 17, 2023 at 4:38pm EDT)

**Additional Comments:**
1) Successful Attempt: May 19, 2023, 10:29 am EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Linda Banks.
,Agent designated by CT Corporation to accept service

Thomas David Gibbs III          Date          5-23-23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public          5-23-23          12-27-24
                       Date          Commission Expires

AMMY MERAZ
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03005-S3**

**5/26/2023 9:06 AM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

| Case:<br>23-C-03005-S3 | Court:<br>State Court of Gwinnett County | County:<br>Gwinnett, GA | Job:<br>8888221 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Olivia C. Wiggins | | **Defendant / Respondent:**<br>Salson Logistics, Inc.; Chris Mususu; and Prime Property & Casualty<br>Insurance Inc. | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Witherite Law Group, LLC | |
| **To be served upon:**<br>Chris Mususu | | | |

I, Donnie Foster, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Chris Mususu, 7500 Prindle Lake Dr, Charlotte, NC 28227 |
| **Manner of Service:** | Personal/Individual, May 20, 2023, 9:07 am EDT |
| **Documents:** | Summons, Complaint for Damages,  Plaintiff's First Requests for Admissions, Interrogatories and Requests for Production of Documents to Defendant Chris Mususu, General Civil and Domestic Relations Case Filing Information Form (Received May 17, 2023 at 4:38pm EDT) |

**Additional Comments:**
1)  Successful Attempt: May 20, 2023, 9:07 am EDT at 7500 Prindle Lake Dr, Charlotte, NC 28227 received by Chris Mususu. Age: 55-60; Ethnicity: African American; Gender: Male; Weight: 225; Height: 5'10"; Hair: Gray; Eyes: Brown;
Defendant positively identified self at time of service.

Donnie Foster

Date   5-23-2_

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   5-23-23

Commission Expires   9-27-29

THOMAS DAVID GIB...
My Commission Expires
NOTARY PUBLIC
9-27-2024
GWINNETT COUNTY, GEORGIA

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03005-S3**

**6/16/2023 12:38 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

OLIVIA C. WIGGINS,

            Plaintiff,

v.

SALSON LOGISTICS, INC.; CHRIS
MUSUSU; and PRIME PROPERTY &
CASUALTY INSURANCE, INC.,

            Defendants.

CIVIL ACTION FILE
NO. 23-C-03005-S3

## ANSWER AND DEFENSES OF DEFENDANTS SALSON LOGISTICS, INC. AND CHRIS MUSUSU TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Salson Logistics, Inc., ("Salson"), and Chris Mususu (individually "Mususu" and collectively "defendants"), by and through counsel, and submit their answer and defenses to plaintiff's complaint for damages ("complaint"), showing the Court as follows:

### FIRST DEFENSE

In whole or in part, plaintiff's complaint fails to state a claim against defendants upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendants answer as follows:

Responding to: ALLEGED PARTIES, JURISDICTION AND VENUE

1.

The allegations in plaintiff's complaint do not require a response from defendants. To the extent a response is required, defendants deny the allegations contained in paragraph 1 of plaintiff's complaint.

2.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's complaint, and thus can neither admit nor deny.

3.

Defendants admit only that portion of the facts alleged in paragraph 3 of plaintiff's complaint that Mususu resides at the listed address and may be served in accordance with applicable law. To the extent the allegations in paragraph 3 of plaintiff's complaint are inconsistent with applicable law, they are denied.

4.

Defendants admit only that portion of the facts alleged in paragraph 4 of plaintiff's complaint that Salson is a foreign corporation with its principle place of business at the listed address, and that it may be served in accordance with applicable law. To the extent the allegations in paragraph 4 of plaintiff's complaint are inconsistent with applicable law, they are denied.

5.

Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's complaint and thus can neither admit nor deny.

6.

Defendants deny the allegations contained in paragraph 6 of plaintiff's complaint.

Responding to: ALLEGED BACKGROUND

7.

Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint and thus can neither admit nor deny.

8.

Defendants admit the allegations contained in paragraph 8 of plaintiff's complaint.

9.

Defendants admit the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendants deny the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Defendants deny the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's complaint and thus can neither admit nor deny.

13.

Defendants deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendants deny the allegations contained in paragraph 14 of plaintiff's complaint.

Responding to: COUNT ONE, Alleged Negligence of Defendant Chris Mususu

15.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

16.

Defendants admit only that portion of the facts alleged in paragraph 16 of plaintiff's complaint that all drivers have duties imposed on them under Georgia law.  To the extent the

allegations contained in paragraph 16 of plaintiff's complaint are inconsistent with Georgia law, they are denied.

17.

Defendants only that portion of the facts alleged in paragraph 17 of plaintiff's complaint that the breach of any duty imposed on them under Georgia law could result in an accident and potentially cause injury.  Insofar as plaintiff insinuates or alleges that defendants have breached any duty owed to plaintiff, those allegations are denied.

18.

Defendants deny the allegations contained in paragraph 18 of plaintiff's complaint, including subparagraphs (a) through (m).

19.

Defendants deny the allegations contained in paragraph 19 of plaintiff's complaint.

20.

Defendants deny the allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendants deny the allegations contained in paragraph 21 of plaintiff's complaint.

<u>Responding to: COUNT TWO, Alleged Vicarious Liability of Defendant Salson</u>

22.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

23.

Defendants admit the allegations contained in paragraph 23 of plaintiff's complaint.

24.

Defendants admit only that portion of the facts alleged in paragraph 24 of plaintiff's complaint that Mususu was Salson's employee and was acting in the course and scope of his employment at all relevant times.  Defendants deny the remaining allegations contained in paragraph 24 of the plaintiff's complaint.

Responding to: COUNT THREE, Alleged Direct Negligence of Defendant Salson

25.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

26.

Defendants deny the allegations contained in paragraph 26 of plaintiff's complaint, including subparagraphs (a) through (i).

27.

Defendants deny the allegations contained in paragraph 27 of plaintiff's complaint.

28.

Defendants deny the allegations contained in paragraph 28 of plaintiff's complaint.

Responding to: COUNT FOUR, Alleged Direct Action Against Defendant Prime

29.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

30.

Defendants admit only that portion of the facts alleged in paragraph 30 of plaintiff's complaint that Prime wrote a policy of insurance for Salson and that coverage under that policy is controlled by the terms and conditions of that policy.

31.

Defendants deny the allegations contained in paragraph 31 of plaintiff's complaint.

32.

Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's complaint and thus can neither admit nor deny.

Responding to: COUNT FIVE, Alleged Punitive Damages

33.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

34.

Defendants deny the allegations contained in paragraph 34 of plaintiff's complaint.

Responding to: COUNT SIX, Alleged Litigation Expenses and Attorney's Fees

35.

Defendants restate and incorporate all their responses to the proceeding paragraphs as if fully stated herein.

36.

Defendants deny the allegations contained in paragraph 36 of plaintiff's complaint.

<u>Responding to: Plaintiff's Alleged Damages</u>

37.

Plaintiff does not set forth any allegations in paragraph 37 of plaintiff's complaint, however, out of an abundance of caution, defendants deny all allegations in paragraph 37 of plaintiff's complaint, including subparagraphs (a) through (d).

38.

Responding to paragraph 38 of plaintiff's complaint, defendants deny the allegations in the paragraph, including subparagraphs (a) through (h) thereof, and further deny that plaintiff is entitled to any relief requested either in form or in amount.

39.

All other allegations in the complaint not hereinbefore specifically responded to, are hereby denied.

## **THIRD DEFENSE**

No act or omission of defendants either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum from defendants.

## **FOURTH DEFENSE**

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of the plaintiff, and on account thereof, plaintiff is not entitled to recover any sum from defendants.

## **FIFTH DEFENSE**

Plaintiff, by the exercise of legally applicable standard of care, could have avoided being injured, and on account thereof, plaintiff is not entitled to recover any sum of defendants.

- 7 -

## SIXTH DEFENSE

The negligence of plaintiff equaled or preponderated over any act or omission of defendants in producing and bringing about the occurrence complained of, and on account thereof, plaintiff is not entitled to recover any sum of defendants.

## SEVENTH DEFENSE

Defendants plead all affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) and (h) and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants assert the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise the applicable legal standard of care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, insufficient service and/or process, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, lack of jurisdiction, sudden emergency, and waiver.

## NINTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during their investigation and discovery.

WHEREFORE, having fully answered plaintiff's complaint, defendants pray that:

1.      Plaintiff's complaint against them be dismissed;

2.      Judgment be entered in favor of defendants;

3.      Defendants be awarded reasonable attorney's fees and costs;

4.      All costs be taxed against plaintiff; and

5.      Any further relief that is just and appropriate be granted to defendants.


Respectfully submitted this 16th day of June, 2023.

                              **FREEMAN MATHIS & GARY, LLP**

                              */s/ Wayne S. Melnick*
                              WAYNE S. MELNICK
                              Georgia Bar No. 501267

                              */s/ David M. Harding*
                              DAVID M. HARDING
                              Georgia Bar No. 708591

                              *Attorneys for Defendants Salson Logistics, Inc.*
                              *and Chris Mususu*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
wmelnick@fmglaw.com
david.harding@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing *ANSWER AND DEFENSES OF DEFENDANTS SALSON LOGISTICS, INC. AND CHRIS MUSUSU TO PLAINTIFF'S COMPLAINT FOR DAMAGES* to the Clerk of Court using the Court's e-filing system which will automatically send electronic mail notification of such filing to the following:

Trevor E. Brice
WLG Atlanta, LLC
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
trevor.brice@witheritelaw.com
*Attorney for Plaintiff*

Stephen J. Rapp
J. Alex Prescott
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
srapp@wwhgd.com
jprescott@wwhgd.com
*Attorneys for Prime Insurance Company*

This 16th day of June, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*Attorney for Defendants Salson Logistics, Inc. and Chris Mususu*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
22644820