IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAVONNE PERRY,<br><br>    Plaintiff,<br><br>v.<br><br>GREY TELEVISION,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Shavonne Perry ("Plaintiff" or "Mrs. Perry"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Grey Television ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and The Family and Medical Leave Act ("FMLA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2022; the EEOC issued its Notice of Right to Sue on March 20, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working for Defendant on or about January 29, 2015. Her last position was HR Director. Plaintiff was promoted multiple times for her performance. Plaintiff is African American.

10.

Plaintiff was approved for and took FMLA leave on June 23, 2020, and returned to work on August 4, 2020.

11.

Upon returning from FMLA leave in August of 2020, Plaintiff was discriminated against and retaliated against by having her corporate access to employee information revoked by Defendant. When Plaintiff complained to Mrs. Jan Goldstein ("Goldstein"), the Senior Vice President of Human Resources, she was informed that Goldstein was "revamping" the system. Plaintiff's subordinates, two white women, continued to have corporate access. This severely impacted and limited Plaintiff's ability to perform her job functions.

12.

Plaintiff reported this issue, and nothing was done to rectify the problem. Despite repeated attempts to report the problem, Plaintiff was not given corporate access repeatedly through and up until the day of her separation of employment with Defendant.

13.

On or about January 2021, Goldstein implemented a diversity and inclusion training program. The participants of this training were separated into groups by race

and Plaintiff received several complaints from African American participants regarding the discriminatory implementation of this training. Plaintiff also considered the training implementation to be discriminatory.

14.

On January 29, 2021, Plaintiff made a complaint to Goldstein and Maurice Gibson ("Gibson"), the AVP of Employee Relations, regarding the racially discriminatory implementation of the training. After her complaint, Plaintiff was excluded from a meeting between Goldstein, Gibson, and the diversity training company. The diversity training continued in the same manner for five (5) more months.

15.

On January 31, 2021, in response to a company-wide e-mail sent out by Defendant regarding its stance on racism following the George Floyd incident in 2020, Plaintiff e-mailed both Goldstein and Gibson with suggestions on how to fix the alleged discriminatory hiring practices in Defendant's Washington D.C. office branch, and suggestions on how to make the Defendant's culture more racially equitable.

16.

On or about July 16, 2021, Plaintiff filed a formal complaint via phone call and e-mail to Mr. Bob Smith ("Smith"), the COO, addressing concerns about Goldstein's discriminatory practices and inappropriate comments. Smith informed Plaintiff that he would be investigating the matter.

17.

Among the several items Plaintiff referenced in the oral and written communications with Smith, were that Goldstein had acted in a discriminatory and retaliatory manner. Specifically: Goldstein's inappropriate comments and interactions with Plaintiff and other employees regarding race and sexual orientation; that Goldstein had removed Plaintiff's corporate access after Plaintiff returned from FMLA leave, which was never given back, and had allowed two white subordinates to retain access; and that Goldstein handled the diversity training inappropriately and that the training had come across as discriminatory to employees.

18.

On or about July 18, 2021, Plaintiff sent Smith an additional e-mail expressing complaints about certain of Goldstein's comments regarding race and sexual orientation, and for creating a toxic and divided work environment. Specifically:

Goldstein had frequently addressed an employee's sexual orientation when speaking about that person in front of other employees; and that Goldstein made remarks to an employee regarding a slang term "fleek", which Goldstein inferred the employee should have understood the term based on that employee's race and culture - African American.

19.

On or about August 3, 2021, Defendant issued a press release announcing promotions within the company. Plaintiff did not receive a promotion although every other manager/director received a promotion. Plaintiff had the education, credentials and performance necessary to receive a promotion. Plaintiff had received several promotions prior to expressing her concerns regarding discrimination. Plaintiff was retaliated and discriminated against based on her race and protected activities.

20.

On or about August 9, 2021, Mr. Smith informed Plaintiff that Goldstein had received only a verbal warning for her actions, per the request of the Chief Executive Officer, Mr. Hilton Howell.

21.

On or about August 12, 2021, Plaintiff received a text from her supervisor, Gibson, requesting to talk. Gibson called Plaintiff and told her that Goldstein had

been talked to about the investigation but that Goldstein "was not going anywhere" and "that the environment was not getting any better" and that Plaintiff "would just have to deal with it". Gibson asked Plaintiff to let him know whether she wanted to "leave" the company or "stay". Plaintiff asked Gibson "where did this come from?" and Gibson stated that "he didn't want the liability and it would put him in a tough position".

22.

After Plaintiff was informed by Gibson that the environment with the company was not going to change and based on her fear of further retaliation, Plaintiff was forced to resign her position on August 16, 2021.

23.

Plaintiff's position was not posted internally nor externally; however, Defendant filled Plaintiff's position with a Caucasian male, within seven (7) days of her forced resignation/constructive discharge.

24.

Plaintiff's replacement had less education qualifications and less job duties than Plaintiff. The replacement was also earning approximately twenty-thousand dollars ($20,000.00) more than Plaintiff was based on her last pay.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

26.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of their protected class, i.e., African American. In addition Plaintiff was retaliated against based on her protected activity and FMLA leave.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

29.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

31.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

32.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Defendant's actions, as detailed above, in failing to promote Plaintiff, continued denial of her corporate access, and her constructive discharge/forced

resignation, because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

35.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### COUNT III: VIOLATION OF 42 U.S.C. § 1981

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendant subjected Plaintiff to discrimination and constructive discharge on the basis of her race.

39.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

40.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

41.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

42.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

45.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

47.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

48.

There was a causal connection between the protected conduct and the adverse action.

49.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

50.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT V: FMLA RETALIATION

51.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.

During the 12-month period before June 23, 2020, Plaintiff worked at least 1,250 hours.

53.

Defendant employed fifty (50) or more people in a 75 mile radius of Plaintiff's work location for each working day during each of the 20 or more calendar workweeks in the current on preceding calendar year.

54.

On or around June 23, 2020, Plaintiff provided FMLA notice to Defendant and took her FMLA leave.

55.

Once Plaintiff returned to work from her FMLA leave on August 4, 2020, Defendant deactivated her access to corporate employee information, which severely impacted and limited Plaintiff's ability to perform her job functions and her opportunities for promotion.

56.

Plaintiff asked Defendant numerous times to give her back corporate access, but it was refused.  Defendant continued to refuse Plaintiff access through and up until the time of her forced resignation/constructive discharge.

57.

Because Defendant willfully chose to take such action, Plaintiff was forced to resign and was constructively discharged.

58.

Because of Defendant's' retaliatory behavior in violation of the FMLA, Plaintiff has been damaged, limiting her opportunities for promotion, and suffering loss of pay and benefits.

59.

As a result of Defendant's' retaliatory actions against Plaintiff, she has suffered lost compensation, lost opportunities for promotion, benefits, emotional distress, inconvenience, humiliation, and other indignities.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or back and front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Respectfully submitted this ___ of June, 2023.

**BARRETT & FARAHANY**

s/*Kira Y. Fonteneau*
Kira Y. Fonteneau
Georgia Bar No. 103555
John E. Tomlinson
*Pending Pro Hac Vice Application*

*Counsel for Plaintiff Shavonne Perry*

2 20th St N, Suite 900
Birmingham, AL 35203
(205) 564 9005
kira@justiceatwork.com
john@justiceatwork.com