# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FORMULA CONSTRUCTION GROUP, LLC,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. _____ |
| **BUSINESS FILINGS INCORPORATED,** | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Business Filings Incorporated ("BFI" or "Defendant") removes the above-captioned action from the State Court of Gwinnett County, State of Georgia, to the United States District Court, Northern District of Georgia, Atlanta Division. As described below, this Court has jurisdiction over the claims alleged in this case, and the procedural requirements of removal have been satisfied. In further support of this Notice of Removal, Defendant states as follows:

1.     BFI is the Defendant in this civil action, currently pending in the State Court of Gwinnett County, Georgia, and captioned *Formula Construction Group, LLC v. Business Filings Incorporated*, Civil Action No. 23-C-03353-S3 (the "State

Court Action"). A copy of the pleadings in the State Court Action are attached to this Notice as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this suit because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In addition, pursuant to 28 U.S.C. § 1441, *et seq.*, this case is properly removable.

## DIVERSITY JURISDICTION

### Diversity of Citizenship

3. Plaintiff Formula Construction Group, LLC ("Plaintiff") alleges in the Complaint that it is a Georgia Domestic Limited Liability Company with its principal office address at 515 E. Crossville Road, Suite 350, Roswell, Georgia 30075.

4. Upon information and belief, formed after a reasonable inquiry and review of publicly available records and information, all interests of Plaintiff are held by two members, both of whom are individuals and citizens of the State of Georgia.

5. The Articles of Incorporation for Plaintiff filed with the Georgia Secretary of State are dated March 27, 2014 and identify Plaintiff's sole manager at

that time as Kerrie Ann Napoli, with an address located in Alpharetta, GA. The members/owners of FCG are not stated.

6. Upon further information and belief, however, FCG is owned by two individual members, those two being Ms. Kerrie Napoli and Mr. Ross Haynes.

7. According to Mr. Ross Haynes' LinkedIn profile, Mr. Haynes has served as the CEO of Formula Construction Group at all times from April 2014 to the present. A true and correct copy of Mr. Haynes' LinkedIn profile, available publicly online as of May 31, 2023, is attached hereto as **Exhibit 2**.

8. According to Ms. Napoli's LinkedIn profile, Ms. Napoli served as the Vice President of Marketing and Business Development for Formula Construction Group from April 2014 through January 2018. A true and correct copy of Ms. Napoli's LinkedIn profile, available publicly online as of May 31, 2023, is attached hereto as **Exhibit 3**.

9. Both Mr. Haynes and Ms. Napoli state on their respective LinkedIn profiles that they are currently associated with an entity called Community Construction Group. While it does not appear that Formula Construction Group, LLC maintains an active website, Community Construction Group does maintain an active website (communityconstruction.com). The "About CCG" webpage for

Community Construction Group explains that Community Construction is affiliated with Formula Construction, LLC and under some common ownership.

10. Specifically, the "About CCG" webpage for Community Construction states that Ms. Napoli and Mr. Haynes formed Formula Construction Group, LLC in 2014. The stated formation date in 2014 provided on the Community Construction Group webpage is consistent with the Articles of Incorporation for BFI filed with the Georgia Secretary of State. A true and correct copy of the "About CCG" webpage available publicly online as of June 15, 2023 is attached hereto as **Exhibit 4**.

11. For purposes of determining diversity jurisdiction, the information available to Defendant upon a reasonably diligent search reflects that Plaintiff is a citizen of Georgia. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of.").

12. Defendant BFI is a corporation organized under the laws of Delaware and maintains its principal place of business at 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. For purposes of determining diversity jurisdiction, BFI is a citizen of Delaware and Wisconsin. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which

it has been incorporated and of the State or foreign state where it has its principal place of business.").

13. Thus, complete diversity of citizenship exists between Plaintiff and Defendant. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

## Amount in Controversy

14. In this action, Plaintiff alleges that Defendant was Plaintiff's registered agent for service of process in Georgia. (Compl. ¶ 5.) Plaintiff purports to assert claims against BFI concerning the services performed by BFI for Plaintiff in relation to service of process for the matter of *Appelt v. Columns At Bentley Manor, et al.*, Case No. 18EV004800, filed in the State Court of Fulton County, Georgia (the "Fulton County Action").

15. Plaintiff alleges that it did not receive actual notice from BFI of the summons and complaint in the Fulton County Action. (Compl. ¶ 14.) Plaintiff further alleges that a Default Final Judgment was entered against it in the Fulton County Action in the amount of $10 million, a copy of which Judgment is attached to Plaintiff's Complaint. (Compl. ¶ 15 & Ex. E.)

16. Plaintiff also alleges that Defendant has been "stubbornly litigious, acted in bad faith, and caused [Plaintiff] unnecessary trouble and expense" in

connection with this litigation. (Compl. ¶ 36.) Plaintiff therefore demands an award of attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

17. Plaintiff's demand for relief seeks, among other things, all damages incurred as a result of Defendant's alleged actions and an award of Plaintiff's costs and attorneys' fees in prosecuting this action. The total amount of damages is unspecified in the demand for relief. However, Plaintiff's own allegations plainly make clear that the "matter in controversy" well exceeds the $75,000.00 jurisdictional threshold set forth in 28 U.S.C. § 1332(a). See *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1380 n.1 (N.D. Ga. 2014) (although state court complaint stated no specific amount of damages, court could use "judicial experience and common sense" to conclude that the amount in controversy requirement was met) (quoting *Roe*); *Farley v. Variety Wholesalers, Inc.*, No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (quoting *Roe*).

## PROPRIETY OF REMOVAL

18. Plaintiff filed the State Court Action on May 16, 2023. Defendant was served with a copy of the summons and complaint on May 18, 2023.

19.     Defendant is timely filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

20.     Because Plaintiff and Defendant are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). Further, Defendant is not a citizen of Georgia, the state where the State Court Action was originally brought. Therefore, this action is properly removable pursuant to 28 U.S.C. § 1441(a). As described below, Defendant has complied with the procedural requirements for removal.

21.     The Northern District of Georgia, Atlanta Division, is the federal judicial district embracing Gwinnett County, Georgia, where this action originally was filed. *See* 28 U.S.C. § 90(a)(2). Thus, pursuant to 28 U.S.C. § 1441(a), Defendant may remove this action to the Northern District of Georgia, Atlanta Division.

22.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of the Notice of Removal will be served promptly upon Plaintiff's counsel of record and filed with the Clerk of the State Court of Gwinnett County, Georgia.

23.     Defendant removes this action without waiver of or prejudice to any defenses that may be asserted in this action, including, without limitation, defenses

available under Federal Rule of Civil Procedure 12(b). Defendant does not admit any of the allegations contained in Plaintiff's Complaint.

WHEREFORE, Defendant respectfully submits this Notice of Removal.

Respectfully submitted this 16th day of June, 2023.

<div style="margin-left:auto;">

**BRADLEY ARANT BOULT CUMMINGS, LLP**

*/s/ Anne Horn Baroody*
William J. Holley, II
Georgia Bar No. 362310
Anne Horn Baroody
Georgia Bar No. 475569

1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: 404-868-2100
Facsimile: 404-868-2010
E-Mail:  bholley@bradley.com
E-Mail:  abaroody@bradley.com

**GOLDBERG KOHN**

A. Colin Wexler (*pro hac vice forthcoming*)
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone: 312-313-0142
Facsimile: 312-863-7467
E-mail: colin.wexler@goldbergkohn.com

*Attorneys for Business Filings Incorporated*

</div>

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **FORMULA CONSTRUCTION GROUP, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**BUSINESS FILINGS INCORPORATED,**<br><br>　　Defendant. | CIVIL ACTION NO.<br><br>_____ |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of June, 2023, I filed a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which automatically sent **e-mail notification** of such filing to the following counsel of record, whom I understand is a registered participant in the Court's electronic notice and filing system, and also served a copy of this document via **First-Class U.S. Mail** addressed to counsel of record as follows:

<div align="center">

W. Thomas Lacy, Jr.
Alexandre A. Kachin
Lindsey & Lacy, PC
200 Westpark Drive, Suite 280
Peachtree City, Georgia 30269
tlacy@llptc.com

</div>

            */s/ Anne H. Baroody*_____
            By: Anne H. Baroody