Case 1:23-mi-99999-UNA   Document 1964-4   Filed 06/16/23   Page 1 of 9

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03222-S5**
**5/10/2023 3:58 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JASHEA HARRIS and EUGENE CARDOZA, as next friends of EVANIE CARDOZA, a minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>NACHO DADDY, LLC, ABC COMPANY, and JOHN DOES (1-5),<br><br>    Defendants. | CIVIL FILE ACTION NO.<br>23-C-03222-S5 |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NACHO DADDY, LLC

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiffs hereby request that the Defendant respond separately in writing and under oath, to the following Request for Production of Documents within the time as allowed by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at the law offices of Lamonte E. Scott, P.C., 2351 Henry Clower Boulevard, Suite E, Snellville, Georgia 30078.

### DEFINITIONS AND INSTRUCTIONS

    A.    This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

    B.    The following definitions shall apply to this request.

    1.    "Document", whether singular or plural, shall mean documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promise records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Defendant(s) or their agents, attorneys, or employees.

    2.    "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

    C.    Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document

has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D.   If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

E.   In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce each of the following:

1.

Any and all correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiffs and Defendant, including but not limited to any communication between Plaintiffs' and Defendants' insurance carrier and any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s) previously made by Plaintiffs, whether written or recorded pertaining to the subject matter of this action.

2.

All photographs, charts, diagrams, surveillance videos (for the time period leading up to including and following the incident), tape recordings, maps and sketches of the scene of the incident and other illustrations of any person, place or thing involved in this lawsuit taken before and after the incident.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Plaintiffs and Defendant or its agents including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relate to the subject matter of this litigation.

4.

The original or a true and accurate copy of all insurance policies including general liability and umbrella policies covering the Defendant in this action as an insured at the time of the incident which is the basis of the present lawsuit.

5.

Each and every document, tangible object, or other item of real, demonstrative or

documentary evidence which provides any and all factual support for each defense asserted by Defendant in its Answer to Plaintiffs' Complaint.

6.

All documents evidencing, reflecting and/or relating to any investigation conducted by Defendant pertaining to the incident on January 8, 2022, that is the subject of this lawsuit.

7.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident as alleged in the Complaint.

8.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

9.

Photocopies of any and all incident reports in Defendant's possession documenting and reporting Plaintiff's injury at the subject property on the date of this incident as alleged in the Complaint.

10.

Photocopies of any and all statements taken of any witness or other persons with knowledge that is relevant to any fact or issue in the present lawsuit.

11.

Photocopies of the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures effective on the date of this incident as alleged in the Complaint for the subject

property, including but not limited to any references to procedures for safely handling hot and/or dangerous liquids, foods, and other items.

12.

Photocopies of the safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for safely handling hot and/or dangerous liquids, foods, and other items.

13.

Photocopies of any and all letters, documents, incident reports, insurance claims, lawsuits, claims and/or e-mails pertaining to any allegation of injury arising from hot liquids, hot foods or any other hot items or injury at the subject property for the five (5) year period leading up to and including the date of the incident which is the basis of this litigation.

14.

Please produce photocopies of all technical bulletins or directives sent or posted by Defendant at the subject property concerning safety issues in the last five (5) years leading up to and including the date of the incident which is the subject of this Complaint.

15.

If Defendant disputes venue and/or jurisdiction in this matter, please produce all documents and materials that support Defendant's contentions that venue and/or jurisdiction is improper in this case.

16.

If Defendant disputes that Defendant was properly served with the subject lawsuit, please produce all documents and materials that support Defendant's contentions that service on

Defendant was insufficient.

17.

If Defendant disputes that it is a proper party in this suit, please produce copies of all documents and materials that support any such contention.

18.

Please identify including the whereabouts, person in possession and provide copies of any and all photographs and videos of any person, place, or thing depicting, relating to, and or pertaining to the incident which is the basis of this present lawsuit.

19.

All documents and materials sent by Defendant (including, but is not limited to, agents, employees, or representatives of Defendant's insurance carrier) to anyone Defendant expects to call to testify as an expert witness at the trial of this case.

20.

All documents, notes, memoranda, reports, or other writings prepared by any expert you intend to call as an expert witness at the trial of this case.

21.

All photographs, film or videotapes depicting any place, object, or individual concerning the occurrence that is the subject of this lawsuit, or Plaintiff Evanie Cardoza injuries.

22.

All documents or tangible items that memorialize or establish that someone other than Defendant its employees, contractors, agents or assigns caused or contributed to the occurrence that is the subject of this lawsuit, or Plaintiff Evanie Cardoza's injuries.

23.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiffs' First Continuing Interrogatories to Defendant.

24.

All documents or tangible items that memorialize the surveillance of any individual involved in the occurrence that is the subject of this lawsuit, or any party to this lawsuit.

This 10th day of May, 2023.

**LAMONTE E. SCOTT, P.C.**

Lamonte E. Scott
Georgia Bar No.: 632156
*Counsel for Plaintiffs*

2351 Henry Clower Boulevard
Suite E
Snellville, Georgia 30078
Telephone: (404) 671-9172
Facsimile: (404) 671-9183
scott@les-law.com

**THE LAW OFFICE OF CHARLES SCOTT LLC**

Charles E. Scott
Georgia Bar No.: 416534
*Counsel for Plaintiffs*

5400 Laurel Springs Parkway
Suite 701
Suwanee, Georgia 30024
Telephone: (870) 267-3340
cscott@charlesscottlaw.com