## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JASHEA HARRIS and EUGENE CARDOZA, as next friends of EVANIE CARDOZA, a minor child,<br><br>  Plaintiffs,<br><br>vs.<br><br>NACHO DADDY, LLC, ABC COMPANY, and JOHN DOES (1-5),<br><br>  Defendants. | CASE NO.: 23EV002540 |

### DEFENDANT NACHO DADDY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Nacho Daddy, LLC ("Defendant"), files its Affirmative Defenses and Answer to Plaintiffs' Complaint, showing the Court as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted from this Defendant under O.C.G.A. § 9-11-12 (b) (6).

### SECOND DEFENSE

At all times Defendant and/or its employees were in the exercise of that degree of care required by law; therefore, Plaintiffs may not recover from Defendant.

### THIRD DEFENSE

The injuries allegedly suffered by Plaintiff Evanie Cardoza may have been the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to the Plaintiffs.

**FOURTH DEFENSE**

Defendant denies that it was negligent or that Defendant is liable to Plaintiffs. However, in the event Defendant are found liable to Plaintiffs, any damages awarded to Plaintiffs are subject to apportionment under O.C.G.A. § 51-12-33.

**FIFTH DEFENSE**

To the extent shown by the evidence, Plaintiffs' claims may be barred by Plaintiffs' failure to exercise ordinary care for Evanie Cardoza's own safety.

**SIXTH DEFENSE**

To the extent a hazard existed, the condition was open and obvious, such that Plaintiffs could have avoided it with the exercise of ordinary care.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by Defendant's lack of superior knowledge of the alleged hazard in question.

**EIGHTH DEFENSE**

Defendant avers lack of causation in defense to Plaintiffs' claims.

**NINTH DEFENSE**

Plaintiffs' damages, if any, were not directly or proximately caused by any act, error, or omission of Defendant.

**TENTH DEFENSE**

Defendant did not have actual, constructive, or superior knowledge of any hazard or danger on the premises.

-3-

1.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of Plaintiffs' Complaint; therefore, they are denied.

2.

In response to the allegations contained in Paragraph No. 2 of Plaintiffs' Complaint, Defendant admits it is a foreign corporation existing under the laws of Nevada and that it maintains a restaurant location at 3095 Main Street, Duluth, Georgia 30096. However, Defendant denies the remaining allegations contained in Paragraph No. 2 of Plaintiffs' Complaint. Defendant denies it is subject to this Court's jurisdiction.

3.

Defendant admits the allegations contained in Paragraph No. 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph No. 4 of Plaintiffs' Complaint contains legal conclusions that require no response from Defendant. To the extent the allegations of Paragraph No. 4 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations; therefore, they are denied as pled.

**Alleged Factual Allegations**

5.

Defendant reincorporates by reference its responses to Paragraph Nos. 1 through 4 as stated above.

283934381v.1

6.

To the extent the allegations contained in Paragraph No. 6 of Plaintiffs' Complaint are asserted against Defendant, they are denied as pled.

7.

To the extent Paragraph No. 7 of Plaintiffs' Complaint states a legal conclusion, no response is required from Defendant. To the extent a response is required, Defendant admits Plaintiffs were patrons at the subject location at the time of the alleged incident. The remaining allegations are denied as pled.

8.

In response to the allegations contained in Paragraph No. 8 of Plaintiffs' Complaint, Defendant admits that two adults and one minor child were seated at a table in the subject restaurant at the time of the alleged incident. As to the remaining allegations contained in Paragraph No. 8, Defendant lacks knowledge or information sufficient to admit or deny them; therefore, they are denied as pled.

9.

Defendant denies the allegations contained in Paragraph No. 9 of Plaintiffs' Complaint.

10.

Defendant denies the allegations contained in Paragraph No. 10 of Plaintiffs' Complaint.

11.

Defendant denies the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in Paragraph No. 12 of Plaintiffs' Complaint.

283934381v.1

-5-

13.

Paragraph No. 13 of Plaintiffs' Complaint states a legal conclusion to which no response is required from Defendant. To the extent a response is required, the allegations contained in Paragraph No. 13 are denied.

14.

Paragraph No. 14 of Plaintiffs' Complaint states a legal conclusion to which no response is required from Defendant. To the extent a response is required, the allegations contained in Paragraph No. 14 are denied.

15.

Paragraph No. 13 of Plaintiffs' Complaint states a legal conclusion to which no response is required from Defendant. To the extent a response is required, the allegations contained in Paragraph No. 13 are denied.

## Count I – Alleged Premises Liability

16.

Defendant reincorporates by reference its responses to Paragraph Nos. 1 through 15 as stated above.

17.

To the extent Paragraph No. 17 of Plaintiffs' Complaint states a legal conclusion, no response is required from Defendant. To the extent a response is required, Defendant admits Plaintiffs were patrons at the subject location at the time of the alleged incident. The remaining allegations are denied as pled.

-5-

18.

Paragraph No. 18 of Plaintiffs' Complaint states a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant denies these allegations as pled to the extent they are contrary to applicable Georgia law.

19.

Defendant denies the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint.

20.

Defendant denies the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint.

## Count II – Alleged Vicarious Liability

21.

Defendant reincorporates by reference its responses to Paragraph Nos. 1 through 20 as stated above.

22.

Defendant denies the allegations contained in Paragraph No. 22 of Plaintiffs' Complaint as pled.

23.

Defendant denies the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint.

## Count III – Alleged Negligent Training and Supervision

24.

Defendant reincorporates by reference its responses to Paragraph Nos. 1 through 23 as stated above.

-7-

25.

Defendant denies the allegations contained in Paragraph No. 25 of Plaintiffs' Complaint.

26.

Defendant denies the allegations contained in Paragraph No. 26 of Plaintiffs' Complaint.

27.

Defendant denies the allegations contained in Paragraph No. 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in Plaintiffs' prayer for relief.

29.

All allegations not expressly admitted herein are denied as pled.

WHEREFORE, having fully responded to the Complaint, Defendant asks:

(a)	that the above stated defenses be inquired into and that the same be sustained;

(b)	that trial by jury of twelve be had;

(c)	that judgment be entered against Plaintiffs;

(d)	that all costs be taxed against Plaintiffs; and

(e)	that this Court enter such other and further relief as it deems just and proper under the circumstances.

(SIGNATURE ON FOLLOWING PAGE)

Respectfully submitted, this 16th day of June, 2023.

                                        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE  
Suite 1400  
Atlanta, GA  30326  
470-419-6650 (telephone)  
470-419-6651 (facsimile)  
Eleanor.jolley@wilsonelser.com  
nicole.henderson@wilsonelser.com

*/s/ Eleanor G. Jolley*  
Eleanor G. Jolley  
GA Bar No. 602577  
Nicole M. Henderson  
GA Bar No. 465276  
*Counsel for Defendant Nacho Daddy, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **DEFENDANT NACHO DADDY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** and was served upon all counsel of record by way of electronic service and statutory eFile as follows:

Lamonte E. Scott
Lamonte E. Scott, P.C.
2351 Henry Clower Boulevard, Suite E
Snellville, GA 30078
scott@les-law.com

Charles E. Scott
The Law Office of Charles Scott LLC
5400 Laurel Springs Parkway, Suite 701
Suwanee, GA 30024
cscott@charlesscottlaw.com

Dated: June 16, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
GA Bar No. 602577

283934381v.1