**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN SANTORO, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CONTITECH, USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mr. John Santoro ("Plaintiff" or "Mr. Santoro") submits the following Complaint for Damages and Equitable Relief against Defendant ContiTech USA, Inc. ("Defendant" or "ContiTech"), showing the Court as follows:

## INTRODUCTION

1.

John Santoro was a sixty-six (66) year old employee of ContiTech, a division of Continental AG, an international manufacturing holding company, where he was employed as a Senior Sales Manager of synthetic leather products until he and another senior sales person were improperly terminated.  Upon termination, Mr. Santoro was not given his earned bonus as required under the company employee handbook unless he agreed to sign a severance agreement and waive other

1

substantial rights, and he was not given the opportunity to utilize his health savings account which he had paid into, despite Defendant's knowledge of Plaintiff's medical history and cancer treatment.  Defendant's termination of Plaintiff was not based upon any performance or a legitimate work force reduction; instead, it was a discriminatory attempt to remove a senior employee with significant health issues.

2.

Plaintiff asserts claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA") and disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12102 et seq. ("ADA"). He asserts and intends to prove these claims by way of direct evidence and circumstantial evidence under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as well as the "convincing mosaic" analysis as set forth in *Lewis v. City of Union City, Ga.*, 934 F.3d 1169 (11th Cir. 2019) (en banc). Mr. Santoro seeks back pay and lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, reasonable attorney's fees and costs of litigation, as well as declaratory and injunctive relief.

## JURISDICTION AND VENUE

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), 29 U.S.C. § 626(b) (incorporating 29 U.S.C. § 216(b)), and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)).

4.

Venue is proper under 29 U.S.C. § 626(b) (incorporating 29 U.S.C. § 216(b)), 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)), 28 U.S.C. § 1391(b)(1) and (b)(3), and 28 U.S.C. § 1391(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.

Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

6.

Plaintiff has received the Notice of Right to Sue from the EEOC within the last ninety (90) days and has satisfied all other conditions precedent to the filing of this lawsuit.

## PARTIES

7.

Plaintiff John Santoro is a 68 year old male and resident of the State of Georgia. He subjects himself to the jurisdiction of this Court.

8.

Defendant ContiTech USA, Inc. is an Ohio corporation registered as a foreign profit corporation with Georgia and authorized to do business in this State.

9.

Defendant may be served with process by personal service upon their registered agent for service of process, C T Corporation System, at 289 S. Culver St, Lawrenceville, GA 30046.

10.

Plaintiff was at all relevant times an "employee" as that term is defined by the ADEA, 29 U.S.C. § 630(f).

11.

Defendant was at all relevant times an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

12.

Plaintiff was at all relevant times an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. § 12111(5).

13.

Defendant was at all relevant times an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

14.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADA, 42 U.S.C. § 12102(1) and § 12111(8).

## **FACTS**

15.

In 2016, John Santoro was hired as a Senior Sales Manager for ContiTech in its Artificial Leathers Division.

16.

Throughout his time working at ContiTech, Plaintiff had been very successful and had not received any negative performance reviews and was not the subject of any disciplinary actions.

17.

In December 2017, Plaintiff underwent emergency brain surgery for removal of a cancerous tumor. Plaintiff made his supervisor aware of his medical condition.

18.

After his surgery, Plaintiff returned to work on January 4, 2018, and was once again highly successful in selling the artificial leather products.

19.

On January 31, 2020, Ms. Julie Owens, ContiTech's Human Relations Manager informed Plaintiff that he was being terminated because of company restructuring, but not because of performance.

20.

Upon his termination, Defendant presented Plaintiff with a severance agreement which contained a non-competition clause, which would have prevented Plaintiff from obtaining work in the only profession he knew.

21.

Plaintiff retained counsel and negotiated with Defendant for removal of this clause from the severance agreement but was not successful.

22.

As Plaintiff insisted on the ability to search for employment, he refused to sign the severance agreement, and as a result, Defendant refused to pay Plaintiffs any compensation or benefits, including the bonus he had earned for 2019, termed the Variable Compensation Plan, in violation of Defendant's policies and procedures.

23.

After Plaintiff's termination, he was unable to utilize his health saving account, despite having paid funds into the plan through a payroll deduction for the time period in question.

24.

As a result of his sudden termination, Plaintiff was unable to access health insurance to treat his medical conditions, including brain cancer.

25.

Although Defendant has stated that Plaintiff's termination was a reduction in force, the evidence shows that Defendant has continued to market the exact product line Plaintiff sold and has done so through Candace Evans, a substantially younger employee without similar medical disabilities.

26.

Defendant also retained the Senior Sales Manager who was in charge of Plaintiff, Jude Sparrow, and Mr. Sparrow continues to remain employed as the Senior Sales Manager.

## COUNT I

### AGE DISCRIMINATION
### IN VIOLATION OF THE ADEA

27.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

28.

Plaintiff is in the protected age group in that he is over the age of 40.

29.

Despite Defendant's contention that it terminated Plaintiff's employment solely because of a reduction-in-force or layoff, Plaintiff's age was a "but for" cause of Defendant's decision to terminate his employment.

30.

Furthermore, there is a convincing mosaic of circumstantial evidence that shows Defendant harbored discriminatory animus that was the reason for the decision to terminate Mr. Santoro's employment.

31.

The above-pled discriminatory conduct toward Plaintiff, including, but not limited to, being terminated, constitutes age discrimination in violation of the ADEA.

32.

Defendant acted willfully and with reckless disregard for Plaintiff's rights under ADEA.

33.

As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost compensation and economic benefits of employment.

34.

Pursuant to the ADEA, Plaintiff is entitled to damages including back pay and lost economic benefits of his employment, front pay and/or reinstatement, liquidated damages, reasonable attorney's fees and costs of litigation.

## COUNT II

### DISABILITY DISCRIMINATION
### IN VIOLATION OF THE ADA

35.

Plaintiff hereby incorporates by reference all preceding allegations of this Complaint.

36.

At all relevant times, Plaintiff was an individual with a "disability" as defined by the ADA, 42 U.S.C. § 12012(1), because he (a) suffered physical impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and/or (c) was regarded by Defendant as a person with such impairments.

37.

Plaintiff was at all relevant times a "qualified individual" as that term is defined by the ADA, 42 U.S.C. § 12111(8), because he was able to perform the essential functions of her job with or without reasonable accommodation.

38.

Defendant intentionally discriminated against Plaintiff by subjecting her to adverse employment actions including, but not limited to, terminating his employment on the basis of an alleged "reduction-in-force" or layoff.

39.

DNR violated Plaintiff's rights under Title I of the ADA, 42 U.S.C. § 12112, by discriminating against him because of his disability.

40.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out-of-pocket losses and been deprived of job-related economic benefits, including wage income, retirement benefits, and other benefits, including social security, all in an amount to be established at trial.

41.

Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

42.

Plaintiff is entitled to be reinstated to employment, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

43.

Defendant acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under the ADA, and acted in reckless disregard for Plaintiff's rights under the ADA, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A.   That the Court take jurisdiction of this matter;

B.   That process be served;

C.   That the Court award Plaintiff back pay and lost economic benefits of employment, including interest and lost social security benefits, in an amount to be determined at the trial of this case;

D.   That the Court award Plaintiff reinstatement, or front pay in lieu of reinstatement;

E.   That the Court award compensatory damages for pain and suffering and emotional distress in an amount to be determined by the trier of fact;

F.   That the Court award Plaintiff punitive damages against Defendant in an amount to be determined by the trier of fact;

G.   That the Court award Plaintiff reasonable attorney's fees and costs of litigation in this action;

H.   That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

I.      That the Court grant such other additional relief as the Court deems proper and just.

Respectfully submitted this 19th day of June, 2023.

*/s/ Andrew M. Beal*
Andrew M. Beal
drew@beal.law
Georgia Bar No. 043842
Milinda Brown
milinda@beal.law
Georgia Bar No. 363307

BEAL SUTHERLAND
BERLIN & BROWN, LLC
945 East Paces Ferry Rd NE
Suite 2000
Atlanta, GA 30326