# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BIANCA STALLWORTH,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BIANCA STALLWORTH (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

1

3. The FCRA requires that consumer reporting agencies like Equifax follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. § 1681.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

6. Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and violations described in this Complaint occurred in this District.

7. Plaintiff is a natural person and resident of Jefferson County in the State of Alabama. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. On May 13, 2023, Plaintiff received an email from Credit Karma advising her of an account closer.

12. Immediately after the notification, that same day, Plaintiff logged into her account with Credit Karma Account to determine which account was closed. When she logged in, Plaintiff saw that her credit score with Equifax was not available, but her score with another credit bureau was showing 549.

13. Plaintiff reviewed the "Recent Changes" in her Credit Karma account and observed that all her accounts were reported with "Consumer Deceased".

14. On or about May 13, 2023, Plaintiff determined that Equifax was erroneously reporting Plaintiff as deceased.

15.     On May 15, 2023, Plaintiff checked her Credit Karma account again, and Equifax's error appeared to have been corrected as Plaintiff was no longer being reported as deceased.

16.     Equifax's error in the publication of reports and public record information about Plaintiff, which were unavailable, would not have occurred but for the failure of Equifax to follow reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports.

17.     Equifax's error resulted in Plaintiff not having an Equifax credit report with accurate information available to Plaintiff and third parties.

18.     Equifax's error has caused Plaintiff to suffer from worry, stress, embarrassment, fear, humiliation, sleeplessness, frustration, and anger.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services, LLC

19.     Plaintiff re-alleges and reincorporates paragraphs one (1) through eighteen (18) as if fully stated herein.

20.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

21. Reasonable procedures would have, at least, included maintaining a reliable system that would ensure that consumer reports are being accurately reported with information concerning the consumer including, but not limited to, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

22. As a result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to:

    i. Loss of time attempting to cure the error; and

    ii. Mental anguish, stress, embarrassment, aggravation, and other related impairments to the enjoyment of life.

23. Plaintiff is entitled to recover actual damages, costs, and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

24. Equifax's conduct was also willful, as it is a reckless violation of the FCRA to fail to maintain accurate records that are readily available.

25. Such a rudimentary check would have revealed to Equifax there was an error and would have permitted Equifax to correct that error before it reached Plaintiff and third parties.

26. Equifax is a consumer reporting agency that has access to sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

27. Due to Equifax's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. §§ 1681n.

WHEREFORE, Plaintiff, BIANCA STALLWORTH, demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 20th day of June, 2023.

Respectfully Submitted,

***/s/Octavio Gomez***
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com

Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*