UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MICHAEL LASHON HOLMES, JR.<br><br>　　　Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION<br><br>　　　Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant First Advantage Background Services Corporation (hereafter "First Advantage"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as First Advantage.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff, Michael Lashon Holmes, Jr., is an adult individual who resides in the State of Mississippi.

8. Defendant First Advantage Background Services Corporation ("First Advantage") is a business entity which provides background and employment

screening services, risk-management services and products, information management products and services, and decisions-making intelligence. First Advantage has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## FACTUAL ALLEGATIONS

9. In or around June 2022, Plaintiff applied for and was offered employment with Walmart.

10. As part of his job application, he purportedly authorized Walmart to conduct a background check on him for employment purposes.

11. In or about July 2022, Walmart requested that Defendant conduct a background check report on Plaintiff.

12. On or about July 21, 2022, Defendant sold to Walmart at least one consumer report about Plaintiff which was inaccurate.

13. The report furnished by Defendant was for employment purposes.

14. The consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Walmart.

15. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

16. The inaccurate information includes, but is not limited to, a felony for aggravated assault (herein after the "inaccurate information") which does not belong to Plaintiff but belongs to at least one other consumer of another race, with a different date of birth, social security number, and address.

17. The inaccurate information grossly disparages the Plaintiff and portrays him as a being a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

18. The inaccurate information consists of inaccurate statements that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

19. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Had Defendant followed such procedures it would not have reported the inaccurate information.

20. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information through the issuance of false and inaccurate

consumer reports relating to Plaintiff and Plaintiff's criminal history to third parties since at least July 2022 to the present.

21.     As a result of the inaccurate report Defendant sold to Walmart, Plaintiff was denied employment with Walmart and Plaintiff was informed by Walmart that the basis for the denial was the inaccurate criminal information that appears on Plaintiff's First Advantage consumer reports, which was a substantial factor for the denial.

22.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of denied employment opportunities, lost wages, harm to reputation, and emotional distress, including frustration, humiliation, and embarrassment.

23.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

24.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I
## PLAINTIFF V. FIRST ADVANTAGE
## VIOLATIONS OF THE FCRA

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

30.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMAND**

31. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Jeffrey Sand*
Jeffrey Sand, Esq.
WEINER & SAND LLC
800 Battery Ave. SE, Suite 100
Atlanta, Georgia 30339
Tel: (404) 205-5029
Fax: (866) 800-1482
js@wsjustice.com

                                    Siobhán McGreal, Esq. *
                                    FRANCIS MAILMAN SOUMILAS, P.C.
                                    1600 Market Street, Suite 2510
                                    Philadelphia, PA 19103
                                    Tel: (215) 735-8600
                                    Fax: (215) 940-8000
                                    smcgreal@consumerlawfirm.com

                                    * *Application for admission*
                                     *pro hac vice forthcoming*

Dated: June 20, 2023                    Attorneys for Plaintiff