# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WAYNE A. BARRETT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| DARREN KING; RENE F. JONES; ) | _____ |
| MARTY STONE; VINAY SINGH, ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Darren King and Rene F. Jones (collectively, the "Removing Defendants"), by and through their undersigned counsel, appearing specially and without waiving the defenses of lack of personal jurisdiction and insufficient service, any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby give notice of the removal of this action from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, the Removing Defendants respectfully state as follows:

50944268 v1

## I. <u>PROCEDURAL HISTORY</u>

1. Plaintiff Wayne A. Barrett ("Plaintiff") commenced this action on or about May 15, 2023 by filing a Bill in Exclusive Equity; Notice of Priority Interest, Notice of Tender, Notice of Appointment, Notice of Special Deposit of Original Private Title Deeds, Notice of Private Lawful Consideration By Private American National Citizen of the United States of America; Georgia Revocation of Power of Attorney; Verification; and numerous exhibits (hereinafter, "Complaint") in the Superior Court of Cobb County, Georgia, against the Removing Defendants as well as Marty Stone and Vinay Singh. The Complaint was assigned case number 23-1-3742-71.[1] (*See* Complaint, attached hereto with the state court record as **Exhibit A**[2]).

2. The Removing Defendants received the Complaint through U.S. Mail on or about May 25, 2023.

3. As of the time of filing, the docket does not reflect service on any defendant.

---

[1] This is Plaintiff's second action involving his loan. Plaintiff previously filed a complaint alleging similar claims in the Superior Court of Cobb County, Georgia, which was given the case number 2022-1-02999-68. That case was removed to this Court, where it was given the case number 1:22-CV-2321-WMR-JCF. That action was dismissed with prejudice on February 27, 2023.

[2] The attached state court record includes all documents mailed to Removing Defendants as well as all documents that could be obtained from online court records.

50944268 v1                          2

4. The Complaint challenges M&T Bank's authority to non-judicially foreclose on Plaintiff's mortgage loan and asks the Court to "order an alternative writ of mandamus to issue requiring defendant(s) Darren King to Accept private Americans Promissory Note on 4/11/2021 and to offset their balance sheets . . . ." (Compl., at 2).³

5. Plaintiff alleges, among other things, that he "[t]ook airline flight to M&T Bank in person to satisfy all debts and promissory note on 4/11/2022 was accepted and signed for by agent at corporate branch." (*Id.*, at 1, ¶ 2). The Complaint, however, is devoid of any plausible factual allegations supporting Plaintiff's claim that his purported promissory note was accepted.

6. Plaintiff also alleges that the defendants "accelerated the due on clause which is an unjust enrichment. Notice of interest under Trust counter claim has been made. Special Deposit for specific performance of offsetting the ledger." (*Id.*, at 1, ¶ 3). Plaintiff similarly claims that "[t]he use of a non-judicial foreclosure is M&T Bank and MCCALLA hiding behind an [*sic*] statute which equity will not allow." (*Id.*, at 2, ¶ 4). Plaintiff further alleges that "a Writ of Quo Warranto has been sent

---

³ Removing Defendants cite herein to the Court's file stamped page numbers on the Complaint, which appear either in the top or bottom right corner of the page.

to [the Removing Defendants] and Marty Smart with no reply and leaves their corporations to be dissolved upon their continued actions." (*Id.*, at 2, ¶ 4).

7.      Additionally, Plaintiff requests "$23,000 usd or gold and silver" for "[e]xpenses for defense" and disclosure of "all the checks and Chattels from the balance sheets . . . so that he may tally his recoupment from the securities over the past 15 years. If he must give back the property." (Compl., at 2-3).

8.      On May 22, 2023, Plaintiff filed a Prayer for Emergency Injunctive Relief, in which he requests "an emergency injunction against foreclosure, based on the grounds that the debt in question has been lawfully discharged. . . ." (Ex. A, p. 58.)

## II. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

9.      Diversity jurisdiction exists over this action.  This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

10.     Complete diversity exists in this case because none of the properly joined defendants are citizens of Georgia, as Plaintiff is, and the Complaint shows

that the amount in controversy is met. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

    **A.**    <u>**The Parties are diverse.**</u>

        **1.**    **Citizenship of Plaintiff.**

11. For diversity purposes, a natural person's citizenship is determined by their domicile. A person's domicile, in turn, is his "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002).

12. Plaintiff admits that he is a resident of Cobb County, Georgia. (Compl. at 1). Plaintiff also alleges he is in possession of the real property at issue, that the property is in a private equity trust, and that he houses his children there. (*Id.*, ¶ 2). Plaintiff seeks to prevent the foreclosure of his home in this lawsuit, indicating he intends to remain a citizen of Georgia. (*See generally* Compl.). Thus, Plaintiff is a citizen of Georgia for purposes of diversity jurisdiction.

        **2.**    **Citizenship of Defendants.**

13. The Removing Defendants are natural persons domiciled in the state of New York. The Removing Defendants are, therefore, citizens of New York for purposes of diversity jurisdiction.

14. Plaintiff alleges Vinay Singh is a resident of Washington, D.C., and, therefore, Vinay Singh is diverse from Plaintiff for the purposes of diversity jurisdiction.[4]

### 3. The citizenship of the remaining defendant(s) may be disregarded.

#### a. Marty Stone and Vinay Singh have been fraudulently joined.

15. Plaintiff has also named Marty Stone as a defendant and identified him as a resident of Georgia.

16. The Court, however, should disregard the citizenship of Marty Stone and Vinay Singh for purposes of the diversity jurisdiction analysis because they have been fraudulently joined as defendants in this lawsuit.

17. "Fraudulent joinder is 'a judicially created doctrine that provides an exception to the requirement of complete diversity.'" *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1380-81 (N.D. Ga. 2014) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "A plaintiff's fraudulent joinder of a non-diverse defendant will not defeat complete diversity." *Trust v. DLJ Mortg. Cap., Inc.*, No. 1:15-CV-457-RWS-LTW, 2015 WL 12227732, at *3 (N.D. Ga. July 16,

---

[4] In the event Vinay Singh is determined to be a resident of Georgia and, therefore, not diverse from Plaintiff, his citizenship may be disregarded for the same reasons as Marty Stone's citizenship, as discussed below.

2015), *report and recommendation adopted sub nom. New Rose Tr. v. DLJ Mortg. Cap., Inc.*, No. 1:15-CV-0457-RWS, 2015 WL 11978787 (N.D. Ga. Aug. 6, 2015).

18.  "When fraudulent joinder is asserted, the court may only order remand due to the presence of a non-diverse defendant 'if there is a *reasonable possibility* that the complaint states a cause of action against the non-diverse defendant." *Id.* (emphasis in original). "If there is no reasonable possibility that the complaint states a claim against the non-diverse defendant, then the court must ignore the presence of the non-diverse party and deny the motion to remand." *Id.* "The potential for legal liability must be reasonable, not merely theoretical." *Id.* (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005)).

19.  There is no reasonable possibility that Plaintiff can state a claim against Marty Stone or Vinay Singh. According to Plaintiff, Marty Stone is an acting C.E.O. and securities agent for McCalla Raymer Leibert Pierce, LLC ("McCalla Raymer") (M&T Bank's foreclosure counsel), and Vinay Singh is an acting C.F.O. and securities agent for Housing Urban Development ("HUD"), which insured the mortgage loan. (*See* Compl., p. 1; Security Deed, attached hereto as **Exhibit B**, at 2). In fact, Plaintiff's Complaint contains almost no allegations as to these

defendants. The only specific reference to these defendants is the following allegation:[5]

- "Darren King, Rene Jones, Vinay Singh and Marty Stone accelerated the due on clause which is an unjust enrichment." (Compl., at 1, ¶ 3).

This is the entirety of the allegations against Vinay Singh and Marty Stone in the Complaint. This statement, which is unintelligible and consists entirely of a legal conclusion, does not and cannot assert a plausible claim against either of them.

Plaintiff does not allege that either of these defendants took any actions that comprise the basis for any of his claims. As officers of McCalla Raymer and HUD, Marty Stone and Vinay Singh can only be personally liable if they either took part in the alleged wrongdoing, specifically directed it, or otherwise participated or cooperated in it. *See Dempsey v. Southeastern Indus. Contracting Co., Inc.*, 309 Ga. App. Plaintiff's vague allegation that Singh and Stone "accelerated the due on clause" is not sufficient, as Plaintiff fails to make any sound allegations supporting

---

[5] Plaintiff also makes the following allegation against a "Marty Smart" who is not named as a defendant in the Complaint:
> "In addition, a Writ of Quo Warranto has been sent to Darren King, Rene F. Jones and Marty Smart with no reply and leaves their corporations to be dissolved upon their continued actions."

(Compl., at 2, ¶ 4). It is not clear from the Complaint whether Plaintiff intended to name Marty Stone or if Marty Smart is a different individual. The Writ of Quo Warranto attached to the Complaint provides no insight into Plaintiff's intent as it does not name Marty Smart or Marty Stone. To the extent the above allegation was intended to be directed to Marty Stone, the same analysis applies.

a theory that any acceleration of the loan was wrongful. Because Plaintiff does not allege that Marty Stone or Vinay Singh took part in (or directed or cooperated in) any action that comprises the basis of a valid claim, there is no reasonable possibility that he can recover against them.

20.     Moreover, even if the remainder of the complaint could be construed to pertain to Marty Stone and Vinay Singh, despite not mentioning them, no other allegations in the complaint can be read to support a viable cause of action against them. The remainder of the Complaint asserts that non-judicial foreclosure cannot be permitted for various reasons, including that the property is allegedly held in a trust, Plaintiff paid off the loan through his purported promissory note on or about April 11, 2022, and Plaintiff has "invoke[d] [his] equitable right to subrogation and substitution to the rights of [the Removing Defendants]" and ordered them "to discharge and extinguish the liens, levies, seizures and obligations against Debtor and Subrogee, and restore to Subrogee [their] secured interests, any/all Subrogees' collateral, payments, rents, interest and securities of Accounts of principal Debtor." (*See generally* Compl.) There is no possibility that Plaintiff can prevail on these claims as they are comprised of nonsensical and meritless legal theories. *See, e.g.*, *Urquhart v. Vandyk Mortg. Corp.*, No. 1:22-cv-00823-MHC-JCF, 2022 WL 2389317, at *1 (N.D. Ga. Apr. 14, 2022), *report and recommendation adopted*, No.

1:22-cv-823-MHC-JCF, 2022 WL 3336433 (N.D. Ga. May 13, 2022) (collecting cases).

21.  For instance, in *Urquhart*, the *pro se* plaintiff similarly claimed that he "satisfied the debt at issue by virtue of a 'Credit Agreement Payoff Security No. 000011666,' a document which purports to 'tender in payment' the amount of $165,000.00 on October 16, 2021." *Urquhart*, 2022 WL 2389317, at *3. The court noted that the plaintiff signed the document, but no defendant or representative of a defendant signed the document. *Id.* The court concluded that "Plaintiff has not plausibly alleged that he has satisfied the mortgage debt at issue." *Id.* The court also noted that other courts had rejected similar arguments where a plaintiff claimed he could unilaterally satisfy his debt by submitting a document stating the loan was satisfied to his lender, as Plaintiff does here. *See id.* (citing *Davis v. LaClair*, No. GLR-21-1582, 2022 WL 204389, at *4 (D. Md. Jan. 24, 2022); *Godbolt v. Worrall*, No. 20-30143, 2021 WL 6200508, at *2 (D. Mass. May 11, 2021); *Price v. Lakeview Loan Serv., LLC*, No. 2:19-cv-655-FtM-29MRM, 2021 WL 1610097 (M.D. Fla. Apr. 26, 2021); *France v. Mackey*, No. 2:20-cv-2424-BHH-MHC, 2020 WL 6385562, at *6 (D.S.C. Oct. 7, 2020), *adopted by* 2020 WL 6384640 (D.S.C. Oct. 30, 2020)).

22. Because the Complaint does not assert any coherent allegations as to Marty Stone or Vinay Singh, and the Complaint contains no viable cause of action, the citizenship of these defendants can and should be disregarded for purposes of diversity jurisdiction. *See Vieira v. Citigroup, Inc.*, No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *2 (N.D. Ga. Dec. 12, 2012) (finding defendant was fraudulently joined where complaint was "almost completely devoid of substantive allegations" against it and "Plaintiff's conclusory allegations that the 'Defendants' are liable or responsible do not provide sufficient facts to state a claim against [it]").

### b. Marty Stone and Vinay Singh are nominal parties.

23. Additionally, or in the alternative, the citizenship of Marty Stone and Vinay Singh may be disregarded because they are nominal parties who are not necessary to the resolution of the litigation. "A Court 'must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Stevens v. Edwards*, No. 3:21-CV-495-ECM, 2022 WL 108016, at *2 (M.D. Ala. Jan. 11, 2022) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

24. HUD, the insurer of the subject mortgage, has no stake in the controversy. *See Stevens*, 2022 WL 108016, at *2 (noting that the "baseline presumption should be that an insurance company is a nominal party") (citing

*Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989)). Plaintiff offers no allegation that would explain why an officer of the insurer of the subject mortgage would have any interest in the controversy in his individual capacity that exceeds the insurer's interest.

25. Likewise, McCalla Raymer has no stake in whether or not the subject mortgage loan is enforceable, as McCalla Raymer is not a party to it but is instead only the law firm of the mortgagee. *See Bambas v. CitiMortgage, Inc.*, No. 12-15161, 2013 WL 4042595, at *4 (E.D. Mich. Aug. 9, 2013), *aff'd*, 577 F. App'x 461 (6th Cir. 2014) (holding law firm defendants that were hired to commence foreclosure proceedings were nominal parties that could be disregarded for purposes of diversity jurisdiction and noting, "To the extent that Plaintiff has any claim it is against the principal, CM I, not the agent"). Again, Plaintiff fails to allege any fact to explain why a purported officer of McCalla Raymer would have an interest, in his individual capacity, that exceeded the interest of McCalla Raymer.

26. Accordingly, the citizenship of these parties may be disregarded for this additional reason. *See Hernandez v. Ferris*, 917 F. Supp. 2d 1224, 1227 (M.D. Fla. 2012) (finding certain defendants were nominal parties for purposes of removal because they had "no stake in the outcome" of the case and the complaint was "devoid of any allegations of wrongdoing or liability against [them]").

### B.     The Amount in Controversy Exceeds $75,000.

27.     The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

28.     In the Complaint, Plaintiff demands recoupment of unspecified amounts paid on the mortgage loan, as well as $23,000.00 for "[e]xpenses for defense." (*See* Compl., at 2–3).  Plaintiff also requests that the Court issue an "an alternative writ of mandamus" that requires "Darren King to Accept [sic] private Americans Promissory Note on 4/11/2021 and to offset their balance sheets . . . ." (Compl. at 2). Plaintiff's Prayer for Emergency Injunctive Relief further makes clear that he seeks "an emergency injunction against foreclosure" and that he considers the debt to have been "lawfully discharged." (Ex. A, p. 58.)

29.     Where a plaintiff challenges a lender's right to foreclose and seeks to cancel the mortgage debt, the value of the mortgage loan and/or the property can provide the basis for the amount in controversy. *See Abedi v. U.S. Bank Nat'l Ass'n*, No. 119CV03544SCJJCF, 2020 WL 9594288, at *3 (N.D. Ga. May 19, 2020) (where plaintiff sought injunctive relief against foreclosure and challenged the validity of the security deeds on his property, amount in controversy was measured by the value of the property), *report and recommendation adopted*, No. 1:19-CV-

03544-SCJ, 2020 WL 9594407 (N.D. Ga. June 23, 2020); *Spooner v. Wells Fargo Bank, Nat. Assoc.*, No. 1:14–CV–3897–TWT. 2015 WL 5136385, at *2 (N.D. Ga. Aug. 31, 2015); *Days v. Aurora Loan Servicing, LLC*, No. 1:11-CV-01114-RWS, 2011 WL 13220720, at *2 (N.D. Ga. Sept. 12, 2011) ("Given that Plaintiff has represented that he seeks full satisfaction and release from the note, whether alternatively or otherwise, and considering that the mortgage indebtedness amount exceeds $75,000.00, Defendants have met their burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold"); *Foster v. Bank of Am., N.A.*, 1:12-cv-4372-RWS, 2013 WL 1963810, at *2 (N.D. Ga. May 9, 2013) ("[C]ourts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case."); *see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (in suit for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation").

30. Plaintiff attached a copy of the promissory note for his mortgage loan to his Complaint, which shows that the subject loan was for the amount of $255,526.00. (*See* "Exhibit(s) E" to Compl., Compl. at 39–40). As such, the amount of the loan satisfies the jurisdictional minimum.

31. Additionally, the Cobb County tax assessor assessed the subject property in 2023 as having an appraised value of $478,970. (*See* **Exhibit C**, Tax Assessor records). Accordingly, the amount in controversy is also satisfied from the value of the property. *See Pettaway v. PHH Mortg. Servs. as Transferee of Ocwen Loan Servs.*, No. CV 2:21-00294-JB-N, 2021 WL 4338953, at *2 (S.D. Ala. Sept. 23, 2021) (in borrower's suit against mortgagee, finding amount in controversy met based on tax assessor's appraised value of property and collecting similar cases).

32. Accordingly, over $75,000 is in controversy, and the jurisdictional threshold is satisfied.

### III. ADOPTION AND RESERVATION OF DEFENSES

33. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Removing Defendants' rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Removing

Defendants also reserve the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. **PROCEDURAL REQUIREMENTS**

34. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

35. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Removing Defendants to date in this case.

36. This Notice of Removal is filed within thirty days after receipt by Removing Defendants of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.[6]

37. The consent of nominal parties or fraudulently joined parties is not required for removal. *See Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 540 n. 5 (11th Cir. 2015); *Ferris*, 917 F. Supp. 2d at 1227; *Henry v. Mortg. Elec. Registration*

---

[6] Removing Defendants deny that Plaintiff has effected valid service of process of the Complaint and summons on them, as they have only received a copy of the complaint via U.S. Mail, which is not valid service. *See* O.C.G.A 9-11-4(c), (e).

*Sys., Inc.*, No. 1:11-CV-04151-SCJ, 2012 WL 12835792, at *3 (N.D. Ga. July 31, 2012). Thus, the consent of Marty Stone and Vinay Singh is not required.

38. The record does not contain proof of service on any defendant. Accordingly, consent to removal of the remaining defendants is not required for this additional reason. *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("Because Defendant Kear was not properly served, Defendant Wellborn did not need his consent to remove Johnson's action to federal court.").

39. Removing Defendants have not previously sought similar relief.

40. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

41. Removing Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

42. Contemporaneously with the filing of this Notice of Removal, Removing Defendants have filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Superior Court of Cobb County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Removing Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this the 20th day of June, 2023.

>  */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 171 Seventeenth Street, NW, Suite 1100
> Atlanta, Georgia  30363
> Telephone:  (404) 815-3000
> Facsimile:  (404) 817-3244
>
> Attorney for Defendants
> DARREN KING AND RENE F. JONES

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 20th day of June, 2023:

Wayne A. Barrett
1928 Paddock Path Dr. NW
Acworth, GA 30102

                                       */s/ Rachel R. Friedman*
                                       Rachel R. Friedman
                                       Georgia Bar No. 456493
                                       rfriedman@burr.com