**COMPLAINT FOR MANDAMUS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NASEEM VIRA, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR A |
| | ) | WRIT IN THE |
| | ) | NATURE OF A |
| | ) | MANDAMUS |
| -against- | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, Secretary of | ) | |
| Department of Homeland Security, | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, TRACY RENAUD, | ) | |
| Senior Official Performing Duties of the | ) | |
| Director for USCIS, Atlanta Field Office, | ) | |
| And the UNITED STATES OF AMERICA | ) | |
| Defendants. | ) | |

**COMPLAINT FOR MANDAMUS**

Comes now Plaintiff, NASEEM VIRA ("Plaintiff or "Ms. Vira"), by and through her attorney, Mahek Shah, and pleads as follows:

**I.   INTRODUCTION**

1. This is an individual action for mandamus. It seeks to compel Defendant, Department of Homeland Security and its responsible officials, to grant Plaintiff her Naturalization and provide her with the benefits of a United States citizen.

**II.   JURISDICTION**

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act;

1

8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

**III.    VENUE**

3.      28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the Northern District of Georgia. Defendants, being sued in their official capacity, are agents of the United States. The Department of Homeland Security, Attorney General of the U.S. and United States Citizenship and Immigration Services (USCIS) do business in the district.

**IV.     PLAINTIFF**

4.      Ms. Vira is a native and citizen of Tanzania, and resident of the United States.  On October 18, 2022, Plaintiff appeared for her Naturalization interview. Plaintiff passed the English, U.S. History, and Government test as required for the Naturalization process. Plaintiff's case was nonetheless put aside for review. Plaintiff still has not received a decision on her N-400, Naturalization Application. The Plaintiff presently resides in the United States in Duluth, Georgia in Gwinnett County.

**V.     DEFENDANT**

5.      Defendant Alejandro Mayorkas is the duly appointed acting Secretary of the Department of Homeland Security.  He has the ultimate responsibility for the administration and enforcement of Immigration laws. He is being sued in his official capacity.

6. Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S Department of Justice. He shares responsibility for the administration and enforcement of immigration laws. He is being sued in his official capacity.

7. Defendant Tracy Renaud is the Senior Official Performing the Duties of the Director of USCIS. In that capacity, she has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of applications for Naturalization. He is being sued in his official capacity.

8. Defendant Director for the Atlanta Field Office. The director authority over USCIS activities within the Atlanta Field Office's Jurisdiction. They are being sued in their official capacity.

## VI. FACTUAL ALLEGATIONS

### A. History of the case

9. Plaintiff is a native and citizen of Tanzania. She was born on November 22, 1962. Plaintiff has been a lawful permanent resident since May 16, 2019. See **Exhibit 1**, A copy of Plaintiff's Permanent Resident card.

10. Plaintiff filed her Form N-400 Application for Naturalization on or around February 15, 2022. See **Exhibit 2**, Receipt Notice.

11. Plaintiff subsequently received a notice from USCIS informing her that her previously captured biometrics will be reused for the purposes of her N-400 Application. 7. *See* **Exhibit 3**, Biometric Reuse Notice.

12. Plaintiff then received an interview notice. Plaintiff's interview was scheduled for October 18, 2022. *See* **Exhibit 4**, Interview Notice. Plaintiff attended the interview at the Atlanta Filed Office.

13. Ms. Vira has demonstrated an understanding of the English language, knowledge and understanding of the fundamentals of the history and of the principles and form of government of the United States, as required under 8 U.S.C. § 1423(a)(1) and (a)(2) as she passed the examination section of the Naturalization process. See **Exhibit 5**, Naturalization Interview Results

14. Ms. Vira is not opposed to the United States Government or law and does not favor, nor has she ever favored, any totalitarian form of government. Therefore, she is not barred from naturalization under 8 U.S.C. § 1424.

15. Ms. Vira meets the residence requirements as provided under 8 U.S.C. §§ 1427(a) and 1430(a). Immediately prior to the filing of her application for naturalization on February 15, 2022, Ms. Vira had resided continuously, after being lawfully admitted for permanent residence on May 16, 2019, within the United States for at least five years. *See* 8 U.S.C. § 1427(a).

16. Additionally, during the five years immediately preceding the date of filing her application for naturalization, Ms. Vira had been physically present in the United States for periods totaling at least half of that time. *See* 8 U.S.C. § 1430(a).

17. Furthermore, Ms. Vira had resided in the State of Georgia for more than three months before filing her application for citizenship. Thus, her naturalization application was properly filed, pursuant to 8 U.S.C. § 1427(a)(1), with the USCIS National Benefits Center and subsequently transferred to the Atlanta Field Office of USCIS in Atlanta, Georgia. Finally, Ms. Vira has continuously resided within the United States from the date of her application for naturalization on February 15, 2022, to the present.

18. During all periods referred to at 8 U.S.C. § 1427(a), Ms. Vira has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States.

19. A decision was not made at the time of the Plaintiff's Interview. Plaintiff has still not received a decision since her Interview on October 18, 2022. This is well beyond the 120-day statutory period specified in 8 U.S.C. §1447(b).

20. Defendant acted in a callous and irresponsible way which contradicted the law and the applicable guidelines, thus denying due process to the Plaintiff.

### VII. CLAIMS

21. The Defendant has willfully and unreasonably refused to decide on the Plaintiff's Naturalization application, thereby depriving her of the right to become a citizen of the United States and to allow that peace of mind to which the Plaintiff is entitled to under the Immigration and Nationality Act.

22. The Plaintiff is statutorily eligible in all respects to have his naturalization application approved. She has no criminal background, and she has provided the Defendant with her fingerprints. The Defendant has no substantive reason to deny or further delay the adjudication of her application.

23. The Defendant has unreasonably, arbitrarily and capriciously abused his discretion by failing to decide and approve the Plaintiff's application.

24. The Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

   (1) Assume jurisdiction of this case;

   (2) Compel the Defendant and those acting under him to perform their duty to decide on the Plaintiff's naturalization forthwith;

   (3) Grant such other and further relief as this Court deems proper under the circumstance; and

(4) Award the Plaintiff her attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

Dated: 06/20/2023

                                                Respectfully submitted,

                                                /s/Mahek Shah

                                                _____

                                                Mahek Shah, Esq.
                                                GA Bar No. 669047
                                                7730 Little Aston Way
                                                Duluth, GA 30097
                                                Phone: 678-272-6207
                                                Email:mahekshahjd@gmail.com

                                                Counsel for Plaintiff

**Certificate of Service:**

I hereby certify that on June __, 2023, I mailed by certified mail this Summons and Complaint for Mandamus to:

Alejandro Mayorkas, Secretary of DHS
Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Merrick Garland, Attorney General of the US
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Tracy Renaud, Senior Official Performing Duties of Director
U.S. Citizenship and Immigration Services
U.S Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, N.W. Room 4210
Washington, D.C. 20529-2120

Director, for USCIS Atlanta Field Office
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, NW. Room 4210
Washington, D.C. 20529-2120

United States Attorney – Northern District of GA
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Ste# 600
Atlanta, GA 30303-3309

    Respectfully submitted,

    /s/Mahek Shah

    _____
    Mahek Shah, Esq.
    GA Bar No. 669047
    7730 Little Aston Way
    Duluth, GA 30097
    Phone: 678-272-6207
    Email:mahekshahjd@gmail.com