# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
MAY 02, 2023 09:12 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000866</u>

Jamerson, James, Jr.

**PLAINTIFF**

**VS.**

Dufrane Logistics, LLC
Crum & Forster Indemnity Company
Immel, Brian

**DEFENDANTS**

RECEIVED

MAY 09 2023

FDL CO SHERIFF'S OFFICE

## SUMMONS

TO: CRUM & FORSTER INDEMNITY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Barton Goode**
> **kenneth s. nugent, p.c.**
> **4227 Pleasant Hill Road**
> **Bldg 11 Suite 30**
> **Dultuh, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of May, 2023.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**EXHIBIT A**

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2023000866**
**VAL**
**MAY 02, 2023 09:12 AM**

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   STSV2023000866

Jamerson, James, Jr.

**RECEIVED**

**MAY 09 2023**

FDL CO SHERIFF'S OFFICE

**PLAINTIFF**

**VS.**

Dufrane Logistics, LLC
Crum & Forster Indemnity Company
Immel, Brian

**DEFENDANTS**

### SUMMONS

TO: DUFRANE LOGISTICS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Barton Goode**
> **kenneth s. nugent, p.c.**
> **4227 Pleasant Hill Road**
> **Bldg 11 Suite 30**
> **Dultuh, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of May, 2023.**

Clerk of State Court

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Page 1 of 1

# EXHIBIT A

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
**MAY 02, 2023 09:12 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000866</u>

Jamerson, James, Jr.
_____

**PLAINTIFF**

**VS.**

Dufrane Logistics, LLC
Crum & Forster Indemnity Company
Immel, Brian
_____

**DEFENDANTS**

**RECEIVED**

**MAY 09 2023**

FDL CO SHERIFF'S OFFICE

## SUMMONS

TO: IMMEL, BRIAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Barton Goode**
> **kenneth s. nugent, p.c.**
> **4227 Pleasant Hill Road**
> **Bldg 11 Suite 30**
> **Dultuh, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of May, 2023.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**EXHIBIT A**

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
MAY 02, 2023 09:12 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

| | | |
|---|---|---|
| JAMES JAMERSON, JR, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN R. IMMEL, DUFRANE | ) | |
| LOGISTISCS, LLC, and CRUM & | ) | |
| FORSTER INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED

MAY 09 2023

FDL CO SHERIFF'S OFFICE

## COMPLAINT FOR DAMAGES

COMES NOW, James Jamerson, Jr., Plaintiff in the above-styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this, his Complaint (the "Complaint") against Defendants Brian R. Immel, Dufrane Logistics, LLC, and Crum & Forster Indemnity Company, jointly and severally, and shows this Honorable Court as follows:

1.

Plaintiff James Jamerson, Jr. ("Plaintiff") is a resident of the State of Georgia and is currently residing at 103 Trophy Ridge, Jackson, Georgia 30233.  For purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

The Defendant, Brian Immel ("Defendant Immel") is a resident of Fond Du Lac County, Wisconsin and subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-3 which states in pertinent part, "actions brought under this chapter relating to the use of the highways of this state by a nonresident motorist shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the plaintiff, as the

**EXHIBIT A**

plaintiff in such action may elect..." Defendant Immel may be served with a copy of this Complaint and Summons at his residence, to-wit: 163 Woodward Street, Wisconsin 54935.

3.

Defendant Dufrane Logistics, LLC (Defendant "Dufrane"), is a foreign corporation, having been incorporated under the laws of the State of Wisconsin and doing business in the State of Georgia. Service of a Second Original Summons and Complaint may be made on this Defendant by serving its registered agent, to wit: Tracy Lindgren, CPA, 800 Morris Street, Fond Du Lac, Wisconsin 54935 and is subject to the jurisdiction and venue of this Court.

4.

Defendant Crum & Forster Indemnity Company (Defendant "Crum & Forster") is a foreign corporation, having been incorporated under the laws of the State of New Jersey and having a registered agent in the State of Georgia, to wit: C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046, and said defendant is subject to the jurisdiction of this Court.

5.

At all times relevant hereto, Defendant Immel was an agent/employee of Defendant Dufrane, operating under the authority of Defendant Dufrane, and acting within the scope and agency of his employment for Defendant Dufrane.

6.

At all times relevant hereto, Defendant Immel was an employee of Defendant Dufrane.

7.

At the time of the subject collision, Defendant Crum & Forster had in full force and effect either a policy of motor vehicle liability insurance or a surety bond for protection of members of the general public against injuries and deaths proximately caused by the negligent operation of

**EXHIBIT A**

tractors and trailers by Defendant Dufrane, their agents, servants, and employees, including Defendant Immel, who was the operator of the vehicle at the time in question, while on the public streets, roads, and highways.

8.

Defendant Crum & Forster is subject to suit by direct action pursuant to the provisions of O.C.G.A § 40-2-140.

## SUMMARY OF FACTS

9.

On or about July 16, 2021, Plaintiff was traveling northbound on Highway 42 at or near its intersection with Colvin Drive in the County of Henry, State of Georgia.

10.

On or about the same time and place, Defendant Immel, as an agent and/or employee of Defendant Dufrane, was driving a 2016 International traveling northbound on Highway 42 at or near its intersection with Colvin Drive in the County of Henry, State of Georgia, directly behind a 2020 Toyota Rav4.

11.

At all times relevant hereto, Plaintiff acted in a safe, reasonable, and prudent fashion.

12.

On or about said time and place, Defendant Immel failed to stop the vehicle he was operating. Suddenly and without warning, Defendant Immel violently collided with the rear of the 2020 Toyota Rav4 catapulting it into the rear of Plaintiff's vehicle. The collsion caused damage to all vehicles and injuries to Plaintiff.

**EXHIBIT A**

13.

At said time and place, Defendant Immel failed to act in the manner expected of a reasonable and prudent driver by following too closely and Defendant Immel was otherwise negligent in the operation of his vehicle.

14.

Defendant Immel was issued a citation by the Locust Grove Police Department for following too closely.

15.

As a direct and proximate result of the collision, Plaintiff sustained immediate and severe injuries to his neck, back, right hand and wrist.

16.

Defendant Immel's failure to obey traffic laws by following too closely constitutes a violation of O.C.G.A. § 40-6-49.

17.

Because Defendant Immel violated O.C.G.A. § 40-6-49, Defendant Immel's actions constitute negligence per se, as well as ordinary negligence.

18.

The aforesaid collision was not the result of any negligence on the part of Plaintiff or any person(s) other than Defendant Immel.

19.

At the time of the collision, which is the subject-matter of this case, Defendant Immel was driving and operating a tractor-trailer rig which was owned by Defendant Dufrane.

**EXHIBIT A**

20.

Defendant Immel's operation of Defendant Dufrane's vehicle was warranted under the express authority granted him by virtue of his agency and/or employment relationship with Defendant Dufrane

21.

When Defendant Immel committed the negligent acts described above, he was acting under the direction and control of Defendant Dufrane and was acting within the scope of his employment and in furtherance of Defendant Dufrane.

22.

The negligent acts committed by Defendant Immel were within the range of Defendant Immel's employment and for the purpose of accomplishing the business authorized by Defendant Dufrane.

23.

Defendant Dufrane is therefore liable to Plaintiff under the theory of *Respondeat Superior*, for the negligent acts and omissions of their agent and/or employee, Defendant Immel, as such acts were committed in the course and scope of this agency and/or employment by Defendant Dufrane and proximately caused the Plaintiff's injuries.

24.

As a result of the injuries Plaintiff sustained in the collision, Plaintiff has incurred significant physical and mental pain and suffering as well as extensive costs and expenses, all of which will be itemized by appropriate amendment to these pleadings.

25.

Defendant Immel and Defendant Dufrane are therefore jointly and severally liable to Plaintiff for special and general damages in an amount to be proved by the evidence at trial.

**EXHIBIT A**

26.

Pursuant to the terms and conditions of its policies of insurance and applicable Georgia

Law, Defendant Crum & Forster is liable to Plaintiff and responsible for payment of damages

incurred by Plaintiff as a result of the negligent acts Defendant Immel and Defendant Dufrane.

## COUNT 1: NEGLIGENCE OF
## DEFENDANT BRIAN IMMEL

27.

Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1

through 26 above as though fully set forth herein.

28.

The subject collision was caused by the negligence of Defendant Immel in one or more of

the following respects:

a)     Defendant Immel failed to drive at a reasonable and prudent speed;

b)     Defendant Immel failed to obey the traffic laws in the State of Georgia;

c)     Defendant Immel failed to take evasive action to avoid the collision made the basis

of this claim;

d)     Defendant Immel drove his vehicle in reckless and/or careless disregard for the

safety of other drivers on the highway especially the Plaintiff herein; and

e)     Defendant Immel failed to maintain control of his vehicle and failed to post a

proper lookout.

29.

Further, the actions of Defendant Immel constitute a direct violation of numerous statutes

of the State of Georgia, with such violations constituting negligence-per-se or negligence as a

matter of law. These statutory violations are:

**EXHIBIT A**

| O.C.G.A. § 40-6-390 | Reckless driving; |
| O.C.G.A. § 40-6-241 | Drivers to exercise due care; and |
| O.C.G.A. § 40-6-49 | Following too closely. |

30.

The above described acts of negligence and negligence per-se above caused the vehicle driven by Defendant Immel to collide with the vehicle driven by Plaintiff.

31.

Due to the collision between Defendant Immel and the 2020 Toyota Rav4, which was catapulted into Plaintiff's vehicle, Plaintiff suffered serious bodily injuries, incurred medical expenses, and endured physical and emotional pain and suffering, past, present, and future.

32.

The injuries and damages to the Plaintiff were the direct and proximate result of the Defendant Immel, and Defendant Dufrane's failure to exercise ordinary care and regard for the safety of others when Defendant Dufrane negligently entrusted their vehicle to Defendant Immel, who committed tort.

33.

All Defendants herein are therefore jointly and severally liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

## COUNT II: NEGLIGENCE OF DEFENDANT DUFRANE

34.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

**EXHIBIT A**

35.

The collision occurred as a direct and proximate result of Defendant Dufrane's negligent entrustment of their vehicle to Defendant Immel, in allowing Defendant Immel to drive its vehicle in a negligent manner, and in doing so failed to exercise ordinary care and regard for the safety of others.

36.

The negligence was caused, in whole or in part, by the negligence and negligence-per-se of Defendant Immel in one or more of the following respects:

a)   Defendant Dufrane allowed Defendant Immel to drive its vehicle in a reckless and dangerous manner;

b)   Defendant Dufrane allowed Defendant Immel to drive their vehicle knowing Defendant Immel was not a competent driver;

c)   Defendant Dufrane knew or should have known that Defendant Immel posed a risk to others;

d)   Defendant Dufrane knew or should have known that Defendant Immel would drive its vehicle in a dangerous and reckless manner.

37.

All Defendants herein are therefore jointly and severally liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

### COUNT III: INJURIES TO PLAINTIFF JAMES JAMERSON

38.

Plaintiff re-alleges and incorporates by reference the allegations as set forth in paragraphs 1 through 37 above as though fully set forth herein.

**EXHIBIT A**

39.

As a direct and proximate result of the actions of the Defendants herein, Plaintiff sustained:

a)      Neck pain; back pain and sciatic pain;

b)      Past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c)      Current medical expenses of $48,144.13, and

d)      Incidental expenses.

40.

Defendant Dufrane is therefore jointly and severally liable to Plaintiff for general damages in an amount to be proved by the evidence at trial.

41.

Pursuant to the terms and conditions of its policies of insurance and applicable Georgia Law, Defendant Crum & Forster is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendant Dufrane.

**WHEREFORE**, Plaintiff prays and respectfully demands that he have judgment against Defendants Immel, Dufrane and Crum & Forster, jointly and severally, as follows:

a)      that process be served upon all Defendants in accordance with the law;

b)      that a jury trial be had on all issues;

c)      for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

d)      that judgment be awarded for Plaintiff against Defendants for those special damages proven at trial;

e)      for costs and expenses of this litigation; and

**EXHIBIT A**

f)      for any and all other and further relief that this Court deems just and proper under

the circumstances.

This 2nd day of May, 2023.

                                                   **KENNETH S. NUGENT, P.C.**

                                                   */s/ Barton H. Goode*
                                                   Barton H. Goode
                                                   Georgia Bar No.: 465035
                                                   *Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com

**EXHIBIT A**

⊞ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
MAY 02, 2023 09:12 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAMES JAMERSON, JR,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIAN R. IMMEL, DUFRANE** | ) | |
| **LOGISTISCS, LLC, and CRUM &** | ) | |
| **FORSTER INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST
INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT BRIAN R. IMMEL**</u>

COMES NOW, James Jamerson, Jr., the Plaintiff in the above-styled action, by and through his attorneys, and herewith serves upon you the following Request for Admissions, First Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires the Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of the answers on the undersigned within forty-five (45) days after the service of these requests, as provided by law.  You are advised that if you fail to admit any of the Request for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

<u>**REQUEST FOR ADMISSIONS**</u>

1.

This Defendant admits that he has been properly served with a copy of the Summons, Complaint, and Plaintiff's Discovery Requests in the above-styled action.

2.

This Defendant admits that jurisdiction and venue are proper in this case.

**EXHIBIT A**

3.

This Defendant admits that he is familiar with the roadway described in the Complaint.

4.

This Defendant admits that his failure to obey a traffic control device constitutes a breach of duty owed to Plaintiff.

5.

This Defendant admits that as a direct and proximate result of his breach of duty the Plaintiff suffered bodily injuries on or about July 16, 2021.

6.

Admit that Plaintiff was injured in this accident.

7.

Admit that the Plaintiff's injuries were caused by this accident.

8.

Admit that the Plaintiff incurred medical expenses as a result of this wreck.

9.

Admit that the charges for the medical bills that Plaintiff has presented to date are reasonable and customary.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

You are required to answer the following interrogatories and to serve a copy of your answers on the attorneys for the Plaintiff as provided by law.

In answering the following interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

**EXHIBIT A**

All of the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26(c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial.  Copies of such supplemental answers shall be served on the attorney for Plaintiff within thirty (30) days from the discovery of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the collision which occurred on or about July 16, 2021, at approximately 1:23 P.M. northbound on Highway 42 at or near its intersection with Colvin Drive in the County of Henry County, Georgia, involving these parties, and which forms the basis of the Complaint filed by the Plaintiff in this action.

1.

State your full name, current residence address, birth date, social security number; any and all names, aliases and/or nicknames by which you are presently known or have ever been known; and all residence addresses for the past ten years with the inclusive dates of your residence at each place.

2.

List the name, address and telephone number of your present employer and all employers for whom you worked during the past ten (10) years.  For each job, include your various responsibilities and duties, the dates of your employment, and the reasons for leaving said employment.

3.

Describe your driving record, stating whether you have a valid driver's license and whether you had a valid driver's license at the time of the collision out of which this suit arose; indicate the license number, the state of issuance, the date of issuance, and all restrictions thereon; whether

**EXHIBIT A**

your driver's license and/or vehicle registration has ever been detained, revoked or suspended; and if so, state when, for what reason, and for what period of time each such action took place.

4.

Did you receive a citation as a result of the collision involved herein for any violation of traffic laws or regulations?  If so, please state the date of the citation, the location where the alleged violation occurred, naming the street or highway, and city or town; the nature of the traffic violation alleged in the citation issued, the name of the court hearing the charges contained in the citation, the date of that hearing, and the dismissal, fine, or other disposition which resulted from the citations.

5.

Have you ever been arrested, pled guilty, pled nolo (no contest) or been convicted of any crime?  If so, please state the offense, the grade of the offense (whether felony, misdemeanor, city ordinance violation), the warrant, indictment, or case number, the name and location of the court involved, the date the matter was resolved, and the outcome (sentence, fine, period of probation) of the case.

6.

Describe in detail any and all motor vehicle collisions (including the collision which is the subject matter of this litigation) in which you have been involved during the past ten (10) years, either as a passenger or a driver; state the facts and circumstances of each collision, the nature and extent of any and all injuries received as a result of each such collision, and any and all legal consequences including fines, imprisonment, civil suit, settlement, etc., of such collision.

7.

State the purpose for which you were in the vehicle on the date in question, the place from which you had come, and the intended destination of your journey.

**EXHIBIT A**

8.

Please state, for the time of the collision out of which this suit arose;

(a)     Whether you were acting as an agent or employee of any person or entity within the course and scope of said agency or employment;

(b)     Whether you were on any errand or mission for, or rendering services or benefit to, anyone at the time of this incident, and if so;

    (i)     describe the nature of said errand, mission, service or benefit;

    (ii)     state the name, business and/or residence address, and telephone number of each such person or entity for whom you were on such errand, mission, or providing such service or benefit.

9.

Identify, as defined above, the owner of the vehicle you were driving at the time of the collision involved in this case, and your relationship to such owner.  Please also identify the person who entrusted the vehicle to you on the date of the collision, which is the subject of Plaintiff's Complaint.

10.

Describe the damage that resulted to the vehicle you were driving at the time of the collision, stating the portion of the body of the vehicle damaged and the parts of the vehicle repaired or replaced as a result of the collision, including the cost or estimated cost of said repairs, the name and address of the person or entity estimating or repairing the damage, and the present location of said vehicle.

11.

State whether or not you had consumed any alcoholic beverage or any drug, whether prescription, over the counter, legal or illegal in the twenty-four (24) hour period prior to the occurrence which gave rise to this litigation.  If so, state the type of alcoholic beverage or drug,

**EXHIBIT A**

the quantity consumed by you, when the consumption occurred, and over what period of time consumption occurred.

12.

Please identify, as defined above, each person who claims to have seen or heard the collision made the basis of this claim, including witnesses who claim to have heard statements made by, or directed to, the parties involved in any of the events or happenings who arrived at the scene of the occurrence, or who have knowledge, or relevant information about the facts of the collision at issue, or about the injuries complained of by Plaintiff herein.

13.

Please state whether you, your attorney, insurance carrier, their representatives, or anyone acting in your behalf or their behalf, have in your possession or have knowledge of any still photographs, motion pictures, video tapes, drawings or other graphic representations of the scene of this accident, the wreckage or any part thereof, any vehicle involved in this accident, any object, place or thing involved or relevant to this accident, any reconstruction or simulation of any aspect of this accident, or any of the Plaintiff taken since the time of the accident.

14.

If your answer to the foregoing Interrogatory was in the affirmative, please identify and describe each photograph, motion picture, or video tape:

(a)     The subject matter of each stating what views, scenes, or objects each depicts;

(b)     The name, business and residence address, and telephone number of each person who took, made or prepared each;

(c)     The total number of still photographs taken, and the total length of footage taken in any such motion pictures or video tapes;

(d)     The date each was taken and/or made;

(e)     The name, address and telephone number of the custodian of each;

**EXHIBIT A**

(f)      Whether the subject matter represented therein differs in any way from the conditions existing immediately after this accident, (if yes, describe all changes or differences in detail); and

(g)      Whether you will permit counsel for Plaintiff to inspect and copy said items without a formal request for production.

15.

Do you either possess of have knowledge of any statements or reports made by you, by the Plaintiffs herein, or by anyone else, concerning this accident or the injuries complained of? If so, please state the name, business and residence address, telephone number, and job title or capacity of each person making such a statement or report; the name, telephone number, business and residence address of the person, organization or company to whom each such statement or report was addressed and/or directed; and the date of each statement or report. Further, indicate whether each such document was made in the regular course of business or as a matter of routine business practice.

16.

Is there any person specially retained as an expert by the Defendant, who the Defendant(s) expect to call as an expert witness at trial? If so, identify (as defined above) this expert, the subject matter or area for which each such expert was retained, the substance of the facts and opinions held by each expert regarding the occurrence which forms the subject matter of this litigation, and provide a summary of the grounds for each opinion of such expert.

17.

Does any insurance agreement or indemnity agreement exist covering yourself, and/or the vehicle which you were in at the time of the collision involved in this lawsuit, under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action? If so, state the type of

<strong>EXHIBIT A</strong>

policy, the name and address of the insurer, the policy number, the name and address of the person

or persons insured, the policy number, the effective date of the coverage and the limits of coverage

provided by such agreement.

18.

State specifically all facts and legal theories which you contend support the defenses set

forth in Defendant(s) answer including, but not limited to, defenses based on lack of jurisdiction

of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process,

insufficiency of service of process, failure to state a claim upon which relief can be granted, failure

to join a party under O.C.G.A. § 9-11-19, failure to correctly name a Defendant, or failure to sue

a real party in interest.

19.

State specifically any and all medical conditions of Plaintiff that Defendant(s) contend in

any way affects the claim that the Plaintiff has made in this action.  For each such condition,

identify, as defined above, any documents, photographs, statements, reports or other similar items

which contain information regarding the condition, and any person who has information regarding

such condition.

20.

As of the date of the accident, which is the subject matter of this action, state for each

person living at your residence the following:

(a)     full name of each person;

(b)     their relationship to you;

(c)     present address and telephone number;

(d)     for each person identify all automobiles owned by each person and identify each

        policy of insurance covering each automobile;

**EXHIBIT A**

(e)     for each policy of insurance identified in subparagraph (d), please state the name of the insured, the name of the insurance company, the policy number of any policy of automobile insurance held at the time of the accident, and the policy limits;

(f)     state when the insurance carrier(s) were placed on notice of this claim, by whom notice was given and to whom the notice was given.

21.

If any insurance carrier that may provide coverage for this accident has not been notified, state why they have not been notified and when you or your attorney intends to notify them so that all possible coverages will be afforded to you.

22.

State whether the Defendant(s) attorney for Defendant(s) or insurer for Defendant(s) retained any person, or firm to conduct surveillance of any type or manner upon the Plaintiff, and if so, whether you intend to call this person or anyone working for this firm or anyone who has conducted the surveillance as a witness, indicating:

(a)     The name address and telephone number of each person or firm so retained;

(b)     The exact location or locations where the Plaintiff was subjected to surveillance;

c)     Whether any written reports were given by such person or firm to the employer, and if so, the location of each of these reports at the time of the answering of these interrogatories.

23.

Describe fully the extent to which any mechanical problems with your vehicle, the condition of the weather, the condition of the highway, the occupants of your vehicle, or any other external factor or factors influenced, contributed, or led to the collision made the basis of this action.

**EXHIBIT A**

24.

Please identify all persons, corporations or other entities you contend caused or contributed to the damages or losses alleged by Plaintiff(s) in Plaintiff(s) Complaint, the facts upon which you base this contention, and all documents you contend support to your contention.

25.

If you contend that losses alleged in Plaintiff's Complaint were caused by another party or non-party, or contributed to by another party or non-party, please identify said party or non party and state in detail the facts upon which you make your contention(s).

26.

Please identify any and all persons or entities (both parties and non-parties) you contend are at fault and contributed to some degree to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit. In so doing, please state when you arrived at this contention, the facts upon which you base the contention, the identity of all documents you contend support your contention, and the persons or entities who have custody of the documents supporting your contention.

27.

Please describe all facts and identify all documents and other evidence that supports your denial, if any, or Request for Admissions served contemporaneously herewith.

**<u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION<br>OF DOCUMENTS TO DEFENDANT</u>**

COMES NOW, The Plaintiff in the above-styled case and serve this Request for the Production of Documents upon the Defendant pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A 9-11-34.) Plaintiff hereby request that Defendant produce and permit the Plaintiff or someone acting on his behalf to inspect and copy the following designated documents on the

**EXHIBIT A**

thirty-first day after service herein, at 10:00 AM at the offices of counsel for the Plaintiff, 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, GA, 30096. In lieu thereof, Defendant may attach copies of the requested documents to the answers to this request. Failure to timely respond to this Request for the Production of Documents may subject the Defendant to sanctions pursuant to O.C.G.A 9-11-37.

This request for the Production of Documents shall be deemed as continuing so as to require supplemental production if you or your attorney obtains further information or documents between the time answers are served and the time of trial. Any such supplemental answers or documents should be filed and served upon counsel for Plaintiff within fifteen (15) days from receipt of such additional information or documents, but in any event, no later than at the time of trial.

1.

Copies of all policies of insurance or indemnity under which you were, or may be, afforded insurance or indemnification coverage for the losses and damages claimed in this action including any and all policies of insurance or indemnity providing coverage for you as a driver in any automobile.

2.

Copy of any and all policies of insurance or indemnity providing coverage on the automobile involved in the subject incident at the time of the collision.

3.

Copies of any and all applications of insurance to cover the automobile involved in the subject incident at the time of the collision.

**EXHIBIT A**

4.

The car title, bill of sale, and vehicle registration for the automobile involved in the collision, which forms the subject matter of this litigation indicating ownership at the time of the subject collision.

5.

The payment book and copies of the check stubs or any other evidence of payment for the automobile involved in the collision, which forms the subject matter of this litigation including any check issued for purposes of a down payment.

6.

Each and every statement or report whether written, recorded, or otherwise preserved, made by any person who was either an eyewitness to any aspect of the subject matter of this case, or who has knowledge of any of the facts or circumstances relating to the subject matter of this case.

7.

Each and every statement or report, whether written, recorded, or otherwise preserved, prepared by any person or entity who, to your knowledge, has investigated or evaluated any physical object, site, or factual circumstance involved in this litigation.

8.

Each and every statement, letter or report, whether written, recorded, or otherwise preserved, from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages, or any defense to such allegations.

9.

All diagrams, maps, models, plats, drawings, or other graphic representations of any kind whatsoever prepared by you, or on your behalf, as a result of the incident which is the subject matter of this litigation.

**EXHIBIT A**

10.

All photographs, video tapes, photographic reproductions, or other visual representations of any kind whatsoever of any person, place, or thing involved in, or related to, this action.

11.

All documents, photographs, statements, reports, bills, or other similar items which contain information regarding any and all medical conditions of the Plaintiff that Defendant(s) contends in any way affects the claims that Plaintiff has made in this action. Defendant(s) has the possession, custody or control of each of the foregoing items sought; each of them constitutes or contains information relating to this action within the scope of the Georgia Civil Practice Act (O.C.G.A 9-11-26).

12.

All documents you receive pursuant to any third-party requests for production of documents.

13.

All documents you intend to use at trial.

14.

All documents you will or may use for impeachment at trial.

15.

Documents you will or may use at trial for any purpose.

16.

Please produce all documents identified in your response to Interrogatory No. 25.

17.

A copy of any indictment, charge, information form, sentence, or plea in any criminal action brought against you.

**EXHIBIT A**

18.

A copy of a civil action in which you have been a party, including but not limited to an action for damages, divorce or custody proceeding, or petition for bankruptcy.

19.

A copy of all records from a physician, chiropractor, hospital, clinic or other practitioner of the healing arts pertaining to treatment you received for the injuries you sustained as result of the incident, which is the subject matter of this action.

20.

A copy of any diary, journal, or other such documents you have maintained since the date of the incident, which forms the subject matter of this action.

21.

A copy of all materials relied upon by any expert witness you have retained in this matter in forming his or her opinions.

22.

A copy of all reports, memoranda, correspondence, e-mails, and other documents generated by any expert you have retained in this matter pertaining to his or her opinions.

23.

A copy of all newspaper articles, videotapes, or media footage, or other media coverage pertaining to the incident, which is the subject matter of this action.

24.

Copies of all correspondence between you and any insurance carrier that provided coverage of the vehicle you were in at the time of this accident, including but not limited to any correspondence, document of other written matter between you and the insurance company with regard to any claim.

**EXHIBIT A**

25.

Any other document not described above and identified in, or relied upon you in responding to, your responses to Plaintiff's First Interrogatories to Defendant.

26.

Please produce all documents identified in your response to Interrogatory No. 26.

Respectfully submitted this 2nd day of May, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*

Barton H. Goode

Georgia Bar No.: 465035

*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com

**EXHIBIT A**

⬡ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
**VAL**
**MAY 02, 2023 09:12 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAMES JAMERSON, JR,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIAN R. IMMEL, DUFRANE** | ) | |
| **LOGISTISCS, LLC, and CRUM &** | ) | |
| **FORSTER INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST**
**INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT DUFRANE LOGISTICS, LLC**

COMES NOW, James Jamerson, Jr., Plaintiff in the above-styled case, by and through his attorneys, and herewith serves upon you the following Request for Admissions, First Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the undersigned within forty-five (45) days after the service of these requests, as provided by law.  You are advised that if you fail to admit any of the Request for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

**REQUEST FOR ADMISSIONS**

1

This Defendant admits that it has been properly served with a copy of the Summons and Complaint in the above-styled action.

**EXHIBIT A**

2.

This Defendant admits that jurisdiction and venue are proper in this case.

3.

This Defendant admits that on or about July 16, 2021, Plaintiff was traveling northbound on Highway 42, at or near its intersection with Colvin Drive, in Henry County, Georgia.

4.

This Defendant admits that Defendant Immel failed to stop his vehicle causing a chain reaction collision involving Plaintiff's vehicle.

5.

This Defendant admits that the Plaintiff sustained damages as a result of Defendant Immel's vehicle striking Plaintiff's vehicle.

6.

This Defendant admits that, at all times pertinent to this case, Defendant Immel was Dufrane Logistic, LLC's employee.

7.

This Defendant admits that, and at the time of the incident herein complained of, Defendant Immel was acting within the course and scope of his employment with Dufrane Logistics, LLC.

8.

Defendant Dufrane Logistic, LLC. is vicariously liable for the conduct of its employee and/or agent, Defendant Immel.

## **FIRST INTERROGATORIES**

You are required to answer the following interrogatories and to serve a copy of your answers on the undersigned as provided by law.

**EXHIBIT A**

In answering the following interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

All the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26(c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial.  Copies of such supplemental answers shall be served on the undersigned within forty-five (45) days from the discovery of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the incident which forms the basis of the Complaint filed by the Plaintiff in this action.

1.

If you denied any of Plaintiff's First Request for Admissions, please state in detail each and every reason for such denial and provide the name, address and phone number of all persons having knowledge of these facts and indicate which facts are supported by which person or persons.

2.

Did Defendant Immel complete and furnish to you an application for employment?

3.

Did you make investigation or inquiry into Defendant Immel's driving record and prior employment?

4.

Please state whether you have made an annual review of Defendant Immel's driving record.

**EXHIBIT A**

5.

Please state whether a report of the incident was prepared by you.

6.

Please state whether you maintain an accident and/or incident register.  If so, please state whether an entry was made about the incident.

7.

Please state whether inspection and maintenance records were maintained by you on the vehicle involved in the incident as of the time of the incident in question and for six months prior thereto.

8.

Please state whether a driver vehicle inspection report was made by you at any time prior to the incident.

9.

Please state whether any instruction or driver's manuals were given by you to Defendant Immel.

10.

Please state the date the vehicle was last inspected and the name and address of the person conducting the inspection.

11.

Does Dufrane Logistics, LLC, have any guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations that it requires or utilizes in the maintenance or operation of any of its trucks or trucks leased to it?  If so, please state the following:

**EXHIBIT A**

(a)     The title or name of the guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations;

(b)     The name, address, and telephone number of the person having custody or control of the guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations; and

(c)     Whether any of these guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations are given to the drivers or operators of its vehicles or to maintenance personnel.

12.

Please state whether or not Dufrane Logistics, LLC, has any internal disciplinary system, driver appraisal system, or accident investigation or appraisal system for its drivers or maintenance personnel.  If so, please state whether Defendant Immel was subject to any of such systems.  If so, please describe the system or systems.

13.

Please identify the name, address, and telephone number of the current person in charge of safety for Dufrane Logistics, LLC, and the name, address, and telephone number of the person who was in charge of safety and vehicle safety for Dufrane Logistics, LLC, at the time of the incident.

14.

Please state the name, home address including zip code, business address including zip code, and home and business telephone number of each person, including any party who, to your knowledge, information or belief:

a.     was an eye-witness to the incident or any parts of the incident;

**EXHIBIT A**

b.    has some knowledge of any fact or circumstances upon which your defenses in this matter are based;

c.    assisted in answering these Interrogatories.

15.

Please describe each and every statement or report which to your knowledge, information or belief, has been made by any person named and answered to interrogatory number 14 above, giving as to each the date the statement or report was made, the parties present when made, the form (whether oral, written, recorded, etc.,) and please provide the name, address, and phone number of the person presently having custody of each said statement or report.

16.

Did any mechanical defect in the motor vehicle driven by Defendant Immel at the time of the incident contribute to the incident?  If so, what was the nature of the defect?

17.

List the name and address of all persons or corporations who were the registered title owners or who had any legal or equitable interest in the motor vehicle that Defendant Immel was driving at the time of the incident.

18.

Please describe all policies of insurance, including umbrella or excess policies, known or believed by you to have been in force and effect and which would provide coverage at the time of the incident and for each policy, please state the following:

(a)    The full name of the company issuing the policy;

(b)    The policy number;

(c)    The limits of liability coverage;

**EXHIBIT A**

(d)     The limits of the property damage coverage;

(e)     The full name of each insured shown on the declarations portion of the policy; and

(f)     Where and how the policy was purchased;

(g)     Whether the insurance company has assumed the defense of this matter; and

(h)     Whether the insurance company has provided its insured with any reservation of rights or other qualification to coverage pursuant to the policy.

19.

Please identify each person whom you expect to call as an expert witness at the trial of this case and with respect to each person, state the subject matter on which such expert is expected to testify, state the substance of the facts and opinions to which each such expert is expected to testify and give a summary of the grounds for each such opinion.

20.

Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case.  If so, please state:

(a)     The name of the expert or experts and the issues about which he or she has formed or expressed an opinion;

(b)     Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

(c)     If written, the name and address of the person having said report or any copy thereof in his or her possession and control;

(d)     The facts determined and the opinions formed as expressed by each expert; and

**EXHIBIT A**

(e)     The substance of the facts relied upon by said expert in arriving at his or her

opinion or opinions.

21.

On the particular trip during the course of which the incident occurred, what was the point

and time of departure, intended destination and purpose of the trip?

22.

Was an examination of the vehicle operated by Defendant Immel made to determine the

extent of the damage thereto?  If so, state:

(a)     the date of the examination;

(b)      the name, address, and occupation of the person or persons making such

examination; and

(c)     the name and the address of the person now having possession and custody of the

records of such examination and any estimate of damages.

23.

Were any drug/alcohol screening tests performed on Defendant Immel within forty-eight

(48) hours before or after the time of the incident?  If so, please provide the time and results of

each such test.

24.

Please state the names, addresses and the telephone numbers of each individual who may

be called to testify on behalf of the Defendants concerning the nature, duration of and extent of

Plaintiff's injuries.

**EXHIBIT A**

## REQUEST FOR PRODUCTION

You are required to produce the following documents requested herein and to permit the undersigned, or someone acting on his behalf to inspect them and copy such of them as he may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of such documents to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.

YOU ARE HEREBY NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to accounts, advertisements, agreements, amendments, analyses, appointment books, articles, bank checks, bibliographies, bills, binders, books, brochures, bulletins, cablegrams, calculations, canceled checks, cashier's checks, catalogs, charts, check stubs, communications (including inter-office and intra-office), computer print-outs, computer data, contracts, corporate records, correspondence, data sheets, desk calendars, diaries, diary entries, drafts, drawings, films, financial records, formulas, freight bills, instructions, invoices, labels, ledger books, letters, lists, mail-grams, manuals, memoranda, microfiche, microfilm, minutes of board of directors, minutes of committee meetings, newspapers, notebooks, notes, orders, pamphlets, papers, periodicals, photographs, plans, projections, publications, receipts for cashier's checks, receipts, records, reports, schedules, shipping orders, sketches, sound recordings, specifications, studies, surveys, telegrams, test results, videotapes, vouchers, working papers, work

## EXHIBIT A

sheets, things similar to any of the foregoing, and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations, statements, negotiations, meetings or conferences, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce a copy of any and all documents that support or otherwise evidence your response to Interrogatory No. 1.

2.

Please produce a copy of any application for employment.

3.

Please produce a copy of any investigation or report.

4.

Please produce a copy of your annual review of Defendant Immel's driving record.

5.

Please produce a copy of such report for the accident that is the subject matter of this litigation.

6.

Please produce a copy of the relevant page or pages of any accident register.

**EXHIBIT A**

7.

Please produce a copy of any such inspection or maintenance records for the period 2020 - 2021.

8.

Please produce a copy of any driver vehicle inspection report for the vehicle involved in the subject incident.

9.

Please produce a copy of any manual identified in this Defendant's interrogatory responses. If you do not have a copy of the manual provided, please produce a receipt that indicates that such a manual was given to Defendant Immel.

10.

Please produce copies of any and all records of inspection, repair, maintenance, and lubrication on the vehicle which was operated by Defendant Immel at the time of the incident for the period 2020 - 2021.

11.

Please produce copies of any and all driver's inspection reports for the truck prepared by Defendant Immel.

12.

Please produce copies of any and all investigation, inquiry, and annual review of the driving record of Defendant Immel.

13.

Please produce copies of any and all manuals, rule books, instruction manuals, guideline books, or other writings that are prepared by or on behalf of Dufrane Logistics, LLC, or utilized

**EXHIBIT A**

by Dufrane Logistics, LLC, in maintenance, operation, and instruction of its drivers and maintenance personnel.

14.

Please produce a complete copy of Dufrane Logistics, LLC 's personnel file of Defendant Immel.

15.

Please produce copies of any and all disciplinary records, violation records, internal appraisal records, and internal accident investigation records, and opinions rendered as a result of this incident.

16.

Please produce copies of any and all written discipline or other written sanctions or reprimands rendered against Defendant Immel.

17.

Please produce copies of any and all documents which disclose the name and address of any persons or corporations who were the registered title owners or who had any legal or equitable interest in the motor vehicle that Defendant Immel was driving on the date of the incident described in the Complaint.

18.

Please produce copies of any and all policies of insurance identified in this Defendant's interrogatory responses.

**EXHIBIT A**

19.

Please produce copies of any and all correspondence or other documents whereby any insurer has reserved rights as to coverage or has denied coverage to you, in whole or in part, in connection with the incident described in the Complaint.

20.

Please produce copies of any and all documents which support or otherwise illustrate your version of the subject incident.

21.

Please produce copies of any and all documents which describe, depict or otherwise reference the extent of damage sustained to your vehicle.

22.

Please produce copies of any and all documents which describe or depict or otherwise reference the extent of damage sustained to any other vehicle in the incident described in the Complaint.

23.

Please produce copies of any and all documents, photographs, videotapes, diagrams, drawings, or other items which describe, depict or otherwise reference the scene of the incident or the relative position or any vehicle or other fixed object involved in the incident described in the Complaint.

24.

Please produce copies of any and all witness statements taken by any insurance adjuster concerning the incident described in the Complaint.  If you claim any objection to the production of any such statement, please state the date and substance of each such statement.

**EXHIBIT A**

25.

Please produce copies of any and all documents prepared by, or under the direction of, any expert witness retained by you for the purposes of trial testimony.

26.

Any and all documents, including your proof of loss, submitted by you or at your request to your insurer after the incident described in the Complaint.

27.

Any and all documents that support or otherwise evidence any and all drug/alcohol tests performed on Defendant Immel following the subject incident.

28.

Any and all documentary evidence relied upon by you to demonstrate and support facts relevant to this litigation.  E. H. Siler Realty & Business Broker, Inc. v. Sanderlin, 158 Ga. App. 796(2), 282 S.E.2d 381 (1981).

This 2nd day of May, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*
Barton H. Goode
Georgia Bar No.: 465035
*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com

**EXHIBIT A**

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
**MAY 02, 2023 09:12 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAMES JAMERSON, JR,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIAN R. IMMEL, DUFRANE** | ) | |
| **LOGISTISCS, LLC, and CRUM &** | ) | |
| **FORSTER INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST
INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CRUM & FORSTER IMDENITY COMPANY**

COMES NOW, James Jamerson, Jr., Plaintiff in the above-styled case, by and through his undersigned counsel of record, Kenneth S. Nugent, P.C., and herewith serves upon this Defendant the following Requests for Admissions, Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.  You are advised that if you fail to admit any of the Requests for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

**REQUEST FOR ADMISSIONS**

1.

This Defendant admits that it has been properly served with a copy of the Summons and Complaint in the above-styled action.

**EXHIBIT A**

2.

This Defendant admits that jurisdiction and venue are proper in this case.

3.

This Defendant admits that the Plaintiff sustained damages as a result of the subject collision.

4.

This Defendant admits that at all times relevant hereto, it was aware that Defendant Brian R. Immel was a reckless and/or incompetent driver.

5.

This Defendant admits that Defendant Brian R. Immel caused the collision described in the Complaint.

6.

This Defendant admits that the vehicle driven during the collision by Brian R. Immel sustained damages.

7.

This Defendant admits that Dufrane Logistics, leased the vehicle that caused the collision described in the Complaint for purposes of doing business.

8.

This Defendant admits that Dufrane Logistics, was immediately notified of the collision.

9.

This Defendant admits that Dufrane Logistics, knew that Brian R. Immel was driving the vehicle made the subject of this litigation.

**EXHIBIT A**

10.

This Defendant admits that Crum & Forster Indemnity Company was timely notified of the subject collision.

## FIRST INTERROGATORIES

You are required to answer the following Interrogatories and to serve a copy of your answers on the attorneys for the Plaintiffs within forty-five (45) days from the date of service as provided by law.

In answering the following Interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

These Interrogatories shall be deemed continuing in accordance with the Georgia Civil Practice Act so as to require supplemental responses if you or your attorneys or agents obtain further information between the time the responses are served and the time of trial.  Any supplemental responses are to be served upon counsel for Plaintiffs within thirty (30) days from receipt of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the crash which, occurred on or about July 16, 2021, at approximately 1:23 p.m. northbound on Highway 42 at or near its intersection with Colvin Drive in the County of Henry, involving the Plaintiff and Defendant Brian R. Immel; and which forms the basis of the Complaint filed by the Plaintiff.

1.

State the full name of each person providing information responsive to these interrogatories including the following, position of employment with Crum & Forster Indemnity Company, or

**EXHIBIT A**

other entity, current residence address, and the authority under which you are providing these responses.

### 2.

Provide the full name and current address for the registered agent for service of process for Crum & Forster Indemnity Company.

### 3.

Do you contend that any defect with the vehicle which struck Plaintiff's vehicle caused, or contributed to the cause, of the collision?  If so, please describe: (a) the defect with the vehicle; (b) what action was taken to correct the defect and (c) when such corrective action was taken.

### 4.

Describe the extent of the damage to the vehicles involved in the collision giving rise to Plaintiff's Complaint including: (a) the cost of repair; (b) the name, address and phone number of the person or entity repairing the vehicle and (c) the length of time required to repair the vehicle.

### 5.

For each insurance company, including excess carriers and umbrella coverage carriers, which might be liable to satisfy all or any part of any judgment which may be entered in Plaintiffs' favor in this action, provide: (a) the name, address and phone number of the insurer; (b) the name, address and phone number of the named insured on each policy; (c) the policy number and (d) the limits and types of coverage provided by each policy.

### 6.

If any insurance company identified in your response to the preceding interrogatory has denied coverage or issued a reservation of rights, provide: (a) the alleged basis of the coverage denial or reservation of rights and (b) when and how you were first notified of the coverage denial or reservation of rights.

**EXHIBIT A**

7.

Please state whether Crum & Forster Indemnity Company has paid any insurance benefits to or on behalf of Plaintiff as a result of the collision giving rise to Plaintiff's Complaint.  If so, please provide the following:  (a) the type of benefit paid; (b) the amount of any such benefit paid; (c) to whom the benefit was paid and (d) the policy number under which any such benefits were paid.

8.

Provide the name, address, phone number, place of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the collision, which forms the basis of Plaintiff's Complaint.

9.

 Provide the name, address, phone number, place of employment and present whereabouts of all witnesses known to you who arrived at the scene of the collision giving rise to Plaintiff's Complaint immediately or shortly after its occurrence.

10.

Provide the name, address, phone number, place of employment and present whereabouts of all persons known to you having knowledge of relevant information, facts or circumstances concerning the issues in this action, including the issues of negligence, proximate cause and damages.

11.

**EXHIBIT A**

Provide the name, address and phone number of all persons who have furnished statements, written, oral or otherwise, to Crum & Forster Indemnity Company, its attorney or other representatives.

12.

Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(I), provide: (a) the name, address and phone number of each person Crum & Forster Indemnity Company expects to call as an expert witness at trial; (b) the subject matter on which such expert is to testify and (c) the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

13.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, provide the name, address and phone number of each such expert.

14.

How fast do you contend each vehicle involved in the collision was going at the time of the collision?

15.

State in detail your version of how the collision which forms the basis of Plaintiff's Complaint occurred.

16.

State the substance of every utterance known to you made at the collision scene and identify the speaker by name, if known, or by any other facts, which might lead to the discovery of the speaker's identity.

17.

**EXHIBIT A**

If anyone received a citation as a result of the collision which forms the basis of Plaintiff's Complaint, provide the charge in the citation, the disposition of the citation and the court in which the disposition was made.

18.

To your knowledge, information or belief, are there any photographs, drawings or video of the scene of the collision which forms the basis of Plaintiff's Complaint, any vehicle or other physical object involved in the collision, or any person, including parties, involved in the collision? If so, describe each photograph, drawing or video with specificity, including the date made, the name, address and phone number of the person making it, the subject shown and the name, address and phone number of the person currently having custody or control of the photographs, drawings or video.

19.

Identify each and every act by which you claim Plaintiff caused or contributed to the cause of the collision forming the basis of Plaintiff's Complaint.

20.

Provide the name, address and phone number of each person not currently a party to this lawsuit who you contend caused or contributed to the cause of the collision forming the basis of Plaintiffs' Complaint and the factual basis of your contention.

21.

Describe fully the extent to which any mechanical problems with the vehicle operated by the Defendant driver, the condition of the weather, the condition of the highway, the occupants of any vehicle or any other external factor or factors influenced, contributed or led to the collision forming the basis of Plaintiff's Complaint.

22.

**EXHIBIT A**

Set forth all facts, which you contend supports any affirmative defense raised in your answer.

23.

State specifically each and every medical condition of Plaintiff that you contend is relevant in any way to the contentions set forth by Plaintiff in this action.  For each such condition, identify: (a) any and all documents, photographs, statements, reports, medical records or other tangible items, which contain information regarding the condition and (b) the name, address and phone number of each person who has information regarding such condition.

24.

If Crum & Forster Indemnity Company contends that Plaintiff has failed to satisfy any policy condition precedent to maintaining a liability claim or the company is aware of any coverage dispute regarding Plaintiff's claim, please specify the specific section of the policy the company relies upon and all fact upon which the company relies.

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on their behalf to inspect them and copy such of them as they may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.  YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

This Request for the Production of Documents and other things shall be deemed continuing so as to require further and supplemental production of any and all documents and other things learned

## EXHIBIT A

of or received after the time of compliance herewith, the production of which would otherwise have been required.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, canceled checks, communications (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, letters, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings, videotapes, things similar to any of the foregoing, and notes, transcriptions or sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce a copy of any document, written or oral statement or other tangible item which Crum & Forster Indemnity Company contends identifies the owner or operator of the vehicle that struck Plaintiffs' vehicle in the collision giving rise to Plaintiff's Complaint.

2.

Please produce any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in Plaintiff's Complaint and the subject matter thereof.

**EXHIBIT A**

3.

Please produce any and all accident reports concerning the collision referred to in Plaintiff's Complaint, including any that were prepared by you or on your behalf.

4.

Please produce any and all damage appraisals, repair estimates or invoices and total loss evaluations of each motor vehicle involved in the collision referred to in Plaintiff's Complaint.

5.

Please produce any and all statements, either written or recorded, made by any witness, party or other person having relevant information or knowledge of any fact or circumstance regarding the issues in this action.

6.

Please produce all surveillance movies or photographs, which have been made of the Plaintiff as well as any diaries or notes prepared during or following this surveillance.

7.

Please produce any and all reports, whether written or otherwise recorded, made by each expert who has been retained or otherwise employed by this Defendant in anticipation of litigation or preparation for trial in this action.

8.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in favor of Plaintiffs in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Plaintiff or the Defendant driver or the automobile being driven by the Defendant driver at the time of the collision referred to in Plaintiff's Complaint.

**EXHIBIT A**

9.

Please produce all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

10.

Please produce any and all documents, records or other tangible items which you contend is relevant to any issue in this action not previously produced herein.

11.

Please produce any and all documents which you intend to introduce into evidence at trial not previously produced herein.

This 2nd day of May, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*
Barton H. Goode
Georgia Bar No.: 465035
*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com

**EXHIBIT A**

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
**VAL**
**MAY 02, 2023 09:12 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAMES JAMERSON, JR,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIAN R. IMMEL, DUFRANE** | ) | |
| **LOGISTISCS, LLC, and CRUM &** | ) | |
| **FORSTER INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>CERTIFICATE OF SERVICE OF DISCOVERY</u>**

The undersigned hereby certifies that, pursuant to O.C.G.A. § 9-11-29.1 and other applicable provisions of law, he has this day delivered for service upon Defendants true and correct copies of Plaintiff's First Interrogatories, Request for Admissions, and Request for Production of Documents as provided by law.

This 2nd day of May, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*
Barton H. Goode
Georgia Bar No.: 465035
*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com

1

**EXHIBIT A**