**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2023000866**
VAL
**JUN 09, 2023 09:31 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES JAMERSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN R. IMMEL, DUFRANE LOGISTICS, LLC, AND CRUM & FORSTER INDEMNITY COMPANY, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. STSV2023000866 <br><br><br> **JURY TRIAL DEMANDED** |

### ANSWER OF CRUM & FORSTER INDEMNITY COMPANY

**COMES NOW**, Crum & Forster Indemnity Company ("CFIC"), a named Defendant in the above-styled action, and hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against CFIC upon which relief may be granted.

### SECOND DEFENSE

This Court lacks personal jurisdiction over CFIC and therefore, Plaintiff's claims against CFIC should be dismissed.

### THIRD DEFENSE

No alleged act or omission on the part of CFIC caused or contributed to Plaintiff's claimed damages.

### FOURTH DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

### EXHIBIT E

**FIFTH DEFENSE**

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and/or any subsequently named non-parties at fault.

**SIXTH DEFENSE**

The proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or may have been due to the actions, omissions, or negligence of a person or persons other than CFIC, for whom CFIC is in no way liable.

**SEVENTH DEFENSE**

CFIC contests the special damages and injuries which are being asserted and demand strict proof thereof as set forth in O.C.G.A. § 9-11-9(g).

**EIGHTH DEFENSE**

CFIC reserves the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery of evidence at trial.

**NINTH DEFENSE**

CFIC answers the specific allegations contained in Plaintiff's Complaint as follows:

1.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

2.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the

**EXHIBIT E**

allegations contained in Paragraph 2 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

3.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

4.

Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, CFIC admits that it is a foreign corporation incorporated under the laws of the State of New Jersey with a registered agent in the State of Georgia, to wit: C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046. CFIC denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

6.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT E**

7.

Responding to Plaintiff's allegations contained in Paragraph 7 of Plaintiff's Complaint, CFIC admits that it issued a liability policy to DuFrane Logistics, LLC that covered the subject vehicle at the time of the underlying accident. CFIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint constitute legal conclusions which require no response from CFIC. To the extent a response is required, CFIC responds that the statute speaks for itself.

**SUMMARY OF FACTS**

9.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

10.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT E**

11.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

12.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

13.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

14.

Responding to the allegations in Paragraph 14 of Plaintiff's Complaint, CFIC admits only that the Police Report in connection with the underlying incident reflects that Brian Immel received a citation for following too closely.  CFIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT E**

16.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

17.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

18.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

19.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

20.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

21.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the

**EXHIBIT E**

allegations contained in Paragraph 21 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

22.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

23.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

24.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

25.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

26.

CFIC denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**EXHIBIT E**

## COUNT I: NEGLIGENCE OF DEFENDANT BRIAN IMMEL

27.

CFIC repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-26 as if fully set forth herein.

28.

The allegations in Paragraph 28 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

29.

The allegations in Paragraph 29 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

30.

The allegations in Paragraph 30 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

31.

The allegations in Paragraph 31of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the

## EXHIBIT E

allegations contained in Paragraph 31 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

32.

The allegations in Paragraph 32 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

33.

CFIC denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**COUNT II: NEGLIGENCE OF DEFENDANT DUFRANE LOGISTICS**

34.

CFIC repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-33 as if fully set forth herein.

35.

The allegations in Paragraph 35 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

36.

The allegations in Paragraph 36 of Plaintiff's Complaint are not directed to CFIC. Further, CFIC is without knowledge or information sufficient to form a belief as to the truth of the

**EXHIBIT E**

allegations contained in Paragraph 36 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

37.

CFIC denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT III: INJURIES TO PLAINTIFF JAMES JAMERSON

38.

CFIC repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-37 as if fully set forth herein.

39.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

40.

CFIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

41.

CFIC denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**WHEREFORE**, having fully answered the allegations of Plaintiff's Complaint, CFIC respectfully demands that this action against it be dismissed with prejudice, with all costs, expenses, and attorney's fees cast against the Plaintiff, and for such other and further relief as this Court may deem proper and just.

## EXHIBIT E

In the event that any triable issue of fact exists, CFIC requests that it be granted a jury trial by a twelve (12) person jury as provided by law.

Respectfully submitted, this 9th day of June, 2023.

                                **NALL & MILLER, LLP**

**By:**   /s/ *Jamila G. Watts*
         **AMANDA MATTHEWS**
         Georgia Bar No. 474951
         **JAMILA G. WATTS**
         Georgia Bar No. 348140

         *Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC*

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within and foregoing **ANSWER OF CRUM & FORSTER INDEMNITY COMPANY** has been served via statutory electronic service (PeachCourt) as follows:

Barton H. Goode
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Duluth, GA 30096
Email: bgoode@attorneykennugent.com

*Attorney for Plaintiff*

This 9th day of June, 2023.

**NALL & MILLER, LLP**

**By:** /s/ *Jamila G. Watts*
**AMANDA MATTHEWS**
Georgia Bar No. 474951
**JAMILA G. WATTS**
Georgia Bar No. 348140

***Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC***

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

## EXHIBIT E