**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
JUN 09, 2023 09:34 AM

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES JAMERSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN R. IMMEL, DUFRANE LOGISTICS, LLC, AND CRUM & FORSTER INDEMNITY COMPANY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. STSV2023000866<br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DUFRANE LOGISTICS, LLC

**COMES NOW**, DuFrane Logistics, LLC ("DuFrane Logistics"), a named Defendant in the above-styled action, and hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against DuFrane Logistics upon which relief may be granted.

### SECOND DEFENSE

No alleged act or omission on the part of DuFrane Logistics caused or contributed to Plaintiff's claimed damages.

### THIRD DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

**EXHIBIT F**

**FOURTH DEFENSE**

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and/or any subsequently named non-parties at fault.

**FIFTH DEFENSE**

The proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or may have been due to the actions, omissions, or negligence of a person or persons other than DuFrane Logistics, for whom DuFrane Logistics is in no way liable.

**SIXTH DEFENSE**

DuFrane Logistics contests the special damages and injuries which are being asserted and demand strict proof thereof as set forth in O.C.G.A. § 9-11-9(g).

**SEVENTH DEFENSE**

DuFrane Logistics reserves the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery of evidence at trial.

**EIGHTH DEFENSE**

DuFrane Logistics answers the specific allegations contained in Plaintiff's Complaint as follows:

1.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT F**

2.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

3.

DuFrane Logistics admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

5.

DuFrane Logistics admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

DuFrane Logistics admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, DuFrane Logistics admits that it had a liability policy issued to it by Crum & Forster that covered the subject vehicle at the time of the underlying accident. DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the

**EXHIBIT F**

truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

## SUMMARY OF FACTS

9.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

10.

Responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, DuFrane Logistics admits that its agent and employee Brian Immel was driving a 2016 International tractor on Highway 42 at the time of the underlying incident. DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

11.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

12.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT F**

13.

DuFrane Logistics denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

DuFrane Logistics admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DuFrane Logistics denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DuFrane Logistics denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

DuFrane Logistics denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**EXHIBIT F**

19.

DuFrane Logistics denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

DuFrane Logistics admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, DuFrane Logistics admits that Brian Immel was acting under the direction and control of DuFrane Logistics at the time of the underlying incident. DuFrane Logistics denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Responding to the allegations contained in Paragraph 22 of Plaintiff's Complaint, DuFrane Logistics admits that Brian Immel was acting within the range of his employment with DuFrane Logistics and for the purpose of accomplishing the business authorized by it at the time of the underlying incident. DuFrane Logistics denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Responding to the allegations contained in Paragraph 22 of Plaintiff's Complaint, DuFrane Logistics admits the general applicability of *respondeat superior*. DuFrane Logistics denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

**EXHIBIT F**

24.

DuFrane Logistics denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

DuFrane Logistics denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

DuFrane Logistics denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**COUNT I: NEGLIGENCE OF DEFENDANT BRIAN IMMEL**

27.

DuFrane Logistics repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-26 as if fully set forth herein.

28.

DuFrane Logistics denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, DuFrane Logistics denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

**EXHIBIT F**

30.

DuFrane Logistics denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

32.

DuFrane Logistics denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

DuFrane Logistics denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**COUNT II: NEGLIGENCE OF DEFENDANT DUFRANE**

34.

DuFrane Logistics repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-33 as if fully set forth herein.

**EXHIBIT F**

35.

DuFrane Logistics denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

DuFrane Logistics denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

DuFrane Logistics denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**COUNT III: INJURIES TO PLAINTIFF JAMES JAMERSON**

38.

DuFrane Logistics repeats, realleges, and incorporates by reference its answers and defenses to Paragraphs 1-37 as if fully set forth herein.

39.

DuFrane Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

40.

DuFrane Logistics denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

**EXHIBIT F**

41.

DuFrane Logistics denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**WHEREFORE**, having fully answered the allegations of Plaintiff's Complaint, DuFrane Logistics respectfully demands that this action against it be dismissed with prejudice, with all costs, expenses, and attorney's fees cast against the Plaintiff, and for such other and further relief as this Court may deem proper and just.

In the event that any triable issue of fact exists, DuFrane Logistics requests that it be granted a jury trial by a twelve (12) person jury as provided by law.

Respectfully submitted, this 9th day of June, 2023.

|  |  |
|---|---|
|  | **NALL & MILLER, LLP** |
| **By:** | /s/ *Jamila G. Watts* |
|  | **AMANDA MATTHEWS** |
|  | Georgia Bar No. 474951 |
|  | **JAMILA G. WATTS** |
|  | Georgia Bar No. 348140 |
|  | *Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC* |

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

**EXHIBIT F**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within and foregoing **ANSWER OF DUFRANE LOGISTICS, LLC** has been served via statutory electronic service (PeachCourt) as follows:

Barton H. Goode
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Duluth, GA 30096
Email: bgoode@attorneykennugent.com

*Attorney for Plaintiff*

This 9th day of June, 2023.

                                       **NALL & MILLER, LLP**

**By:**   /s/ *Jamila G. Watts*
        **AMANDA MATTHEWS**
        Georgia Bar No. 474951
        **JAMILA G. WATTS**
        Georgia Bar No. 348140

        *Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC*

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

**EXHIBIT F**