**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000866**
VAL
**JUN 20, 2023 11:11 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| JAMES JAMERSON, JR., | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. STSV2023000866 |
| BRIAN R. IMMEL, DUFRANE LOGISTICS, LLC, AND CRUM & FORSTER INDEMNITY COMPANY, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### ANSWER OF BRIAN IMMEL

**COMES NOW**, Brian Immel ("Immel"), a named Defendant in the above-styled action, and hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Immel upon which relief may be granted.

### SECOND DEFENSE

No alleged act or omission on the part of Immel caused or contributed to Plaintiff's claimed damages.

### THIRD DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

### FOURTH DEFENSE

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and/or any subsequently named non-parties at fault.

**EXHIBIT G**

## FIFTH DEFENSE

The proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or may have been due to the actions, omissions, or negligence of a person or persons other than Immel, for whom Immel is in no way liable.

## SIXTH DEFENSE

Immel contests the special damages and injuries which are being asserted and demand strict proof thereof as set forth in O.C.G.A. § 9-11-9(g).

## SEVENTH DEFENSE

Immel reserves the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery of evidence at trial.

## EIGHTH DEFENSE

Immel answers the specific allegations contained in Plaintiff's Complaint as follows:

1.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

2.

Immel admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

2

**EXHIBIT G**

3.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

4.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

5.

Immel admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Immel admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

8.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**EXHIBIT G**

## SUMMARY OF FACTS

9.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

10.

Immel admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

12.

Responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Immel admits that he collided with the rear of the Toyota Rav4 directly in front of him but denies any implication of liability.  Immel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

13.

Immel denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Immel admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

4

**EXHIBIT G**

15.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Immel denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Immel denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Immel denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

20.

Immel admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Immel

**EXHIBIT G**

admits that he was acting under the direction and control of DuFrane Logistics at the time of the underlying incident.   Immel denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Responding to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Immel admits that he was acting within the range of his employment with DuFrane Logistics and for the purpose of accomplishing the business authorized by it at the time of the underlying incident. Immel denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

24.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

25.

Immel denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Responding to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Immel denies the allegations as they pertain to him.  Immel is without knowledge or information sufficient

**EXHIBIT G**

to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

## COUNT I: NEGLIGENCE OF DEFENDANT BRIAN IMMEL

27.

Immel repeats, realleges, and incorporates by reference his answers and defenses to Paragraphs 1-26 as if fully set forth herein.

28.

Immel denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Immel denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Immel denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

32.

Immel denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Immel denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

7

**EXHIBIT G**

## COUNT II: NEGLIGENCE OF DEFENDANT DUFRANE

34.

Immel repeats, realleges, and incorporates by reference his answers and defenses to Paragraphs 1-33 as if fully set forth herein.

35.

Immel denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Immel denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Immel denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT III: INJURIES TO PLAINTIFF JAMES JAMERSON

38.

Immel repeats, realleges, and incorporates by reference his answers and defenses to Paragraphs 1-37 as if fully set forth herein.

39.

Immel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

40.

Immel denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

8

**EXHIBIT G**

41.

Responding to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Immel denies the allegations as they pertain to him.  Immel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

**WHEREFORE**, having fully answered the allegations of Plaintiff's Complaint, Immel respectfully demands that this action against him be dismissed with prejudice, with all costs, expenses, and attorney's fees cast against the Plaintiff, and for such other and further relief as this Court may deem proper and just.

In the event that any triable issue of fact exists, Immel requests that he be granted a jury trial by a twelve (12) person jury as provided by law.

Respectfully submitted, this 20th day of June, 2023.

                                                    **NALL & MILLER, LLP**

                                        **By:**   /s/ *Jamila G. Watts*
                                                    **AMANDA MATTHEWS**
                                                    Georgia Bar No. 474951
                                                    **JAMILA G. WATTS**
                                                    Georgia Bar No. 348140

                                                    *Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC*

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

**EXHIBIT G**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within and foregoing **ANSWER OF**

**BRIAN IMMEL** has been served via statutory electronic service (PeachCourt) as follows:

Barton H. Goode
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Duluth, GA 30096
Email: bgoode@attorneykennugent.com

*Attorney for Plaintiff*

This 20th day of June, 2023.

**NALL & MILLER, LLP**

**By:**   /s/ *Jamila G. Watts*
**AMANDA MATTHEWS**
Georgia Bar No. 474951
**JAMILA G. WATTS**
Georgia Bar No. 348140

***Counsel for Crum & Forster Indemnity Company, Brian Immel, and DuFrane Logistics, LLC***

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: (404)522-2200
amatthews@nallmiller.com
jwatts@nallmiller.com

**EXHIBIT G**