# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHERINE BLOCKER, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | |
| ) | Jury Trial Demanded |
| v. ) | |
| ) | |
| LIFE SCIENCE LOGISTICS, a Foreign Limited ) | |
| Liability Company, ) | |
| ) | |
| Defendant. ) | |

## FLSA COMPLAINT

COMES NOW Plaintiff Katherine Blocker (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant Life Science Logistics (hereinafter "Defendant"), and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to recover overtime wages, liquidated damages, attorneys' fees and any other remedy approved by this Court.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

4. Defendant is a national healthcare supply chain services company with its principal office located in Dallas, Texas with locations throughout the country, including a location at 4475 S. Fulton Pkwy Bldg 5, Atlanta, Georgia 30349 ("Atlanta location").

5. Defendant is a Florida limited liability company and may be served in Georgia through its registered agent, Incorp Services, Inc. located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350.

6. Plaintiff resides in Jonesboro, Georgia, Clayton County (within this District).

7. At all material times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all material times, Plaintiff engaged in interstate commerce.

9. At all material times, Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

10. At all material times, Defendant was and remains an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and had an annual gross volume of sales which exceeded $500,000.

## FACTUAL ALLEGATIONS

12. In approximately February 2015, Defendant hired Plaintiff for the position of QA Coordinator.

13. Plaintiff worked for Defendant until approximately March, 2023.

14. During her employment, Plaintiff did not perform the job duties that were exempt from the overtime provisions of the FLSA. For example, Plaintiff's job duties included reviewing preventative maintenance documents; filling out paperwork; reviewing paperwork; monthly walk-through of warehouse; monitoring computer for instructions from inventory to move products or place codes in the warehouse system; reviewing reports; and scanning, uploading, and filing documents.

15. In the summer of 2022, Defendant instituted a new schedule requiring Plaintiff to work additional hours from home, including, but not limited to working

until at least 11:00 p.m. Monday through Friday. Additionally, Defendant scheduled Plaintiff to work twenty-four hours per day for seven (7) days per month which required Plaintiff to work her regular hours at her job at the Atlanta location and then continue to perform job duties from her home until the following morning when she returned to the Atlanta location to continue working.

16. Defendant required that Plaintiff monitor her electronic mail from her home and follow the instructions she received from inventory personnel. Defendant gave Plaintiff twenty minutes to respond to all electronic mail and one (1) hour to complete the requested action on her computer from home.

17. If Plaintiff failed to adhere to these timelines, it could lead to a "write-up." In fact, one evening when Plaintiff momentarily fell asleep, Defendant, did in fact, threaten to "write-up" Plaintiff if she did not respond to a requested action within a specified period of time.

18. Defendant provided Plaintiff with a laptop and reimbursed Plaintiff $35 per month for her cellular phone so that Plaintiff could perform her job duties at home.

19. Plaintiff regularly worked more than forty hours per week but was not paid at a rate of one and one-half times her regular rate for her overtime hours.

20. At all material times, Defendant maintained control, oversight, and direction over its operations and employment practices of the employees.

21. At all times relevant to this action, the primary duty of Plaintiff was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

22. At all time relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

23. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

24. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

25. At all times relevant to this action, Plaintiff was a salaried, non-exempt employee for purposes of overtime compensation.

26. Defendant regularly directed Plaintiff to work more than forty hours per week.

27. Defendant was aware that Plaintiff regularly worked more than forty hours per week.

28. However, Defendant did not compensate Plaintiff for any hours over forty hours per week.

29. At all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

30. Defendant maintained either actual or constructive control, oversight and direction of Plaintiff's work, including the employment and pay and other practices.

31. Defendant was aware that the FLSA required it to compensate Plaintiff overtime pay for all hours worked in excess of forty hours per week.

32. Defendant's failure to compensate Plaintiff overtime wages for her work in excess of forty hours per week is willful, intentional, and in bad faith.

40. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her.

44. Plaintiff demands a jury trial.

## COUNT I
## (OVERTIME)

45. The above paragraphs are incorporated by reference as if fully set forth herein.

46. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation paid to Plaintiff.

47. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations with respect to compensation paid to Plaintiff.

48. Defendant is thereby liable to Plaintiff for unpaid overtime, liquidated damages, attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid overtime wages;

B. Liquidated damages;

C. Attorneys' fees and expenses;

D. Any such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 21st day of June, 2023.

8

                    MARTIN & MARTIN, LLP

By: <u>Kimberly N. Martin</u>
     Kimberly N. Martin
     kimberlymartinlaw@gmail.com
     Georgia Bar No. 473410
     Thomas F. Martin
     tfmartinlaw@msn.com
     Georgia Bar No. 482595

     MARTIN & MARTIN, LLP
     Post Office Box 1070
     Tucker, Georgia 30085