UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA JACKSON, *individually and on behalf of all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TEK-COLLECT, INC.,<br><br>　　　　Defendant(s). | CIVIL ACTION FILE NO.<br><br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Linda Jackson ("Plaintiff" or "Jackson") brings this Class Action Complaint by and through her attorneys, against Defendant Tek-Collect, Inc. ("Defendant" or "Tek-Collect"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive,

1

deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2.   Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

3.   On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB"), issued Regulation F, 12 C.F.R. § 1006,[1] which details what

---

[1] *12 CFR Part 1006 - Fair Debt Collection Practices Act (Regulation F)*, CONSUMER FINANCIAL PROTECTION BUREAU, Nov. 30, 2021, https://www.consumerfinance.gov/rules-policy/regulations/1006/.

2

communications can be sent at what time by a debt collector to a debtor. This includes electronic communications such as emails and text messages.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter and class pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et. seq*. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

6. Plaintiff brings this class action on behalf of a class of Georgia consumers for damages and declaratory and injunctive relief arising from the Defendant's violations of § 1692 *et seq*. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## NATURE OF THE ACTION

7. Plaintiff brings this class action pursuant to § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

8. Plaintiff is seeking damages and declaratory relief.

## PARTIES

9. Plaintiff is a resident of the State of Georgia, residing in the County of Dekalb.

10. At all times material hereto, Defendant Tek-Collect, Inc., was a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and conducts substantial and regular business activities in this judicial district. Defendant is an Ohio corporation and may be served with process in Georgia upon Corporation Service Company, its registered agent for service of process, at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of Georgia;

      b.      who received an electronic communication from the Defendant at an unusual time, which the FDCPA states as any time before 8:00am and any time after 9:00pm;

      c.      who did not provide any prior consent to receive such communications at those times; and

      d.      which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

14. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15. Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's

communications to consumers, similar in form to the attached Exhibit A, violate 15 U.S.C. §§ 1692c, 1692e, and 1692f.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form

       to the attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692e, and 1692f.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.   **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims

in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to November 29, 2022, an obligation was allegedly incurred to Saint Francis Veterinary Specialist ("Saint Francis").

23. The Saint Francis obligation arose out of transactions which were primarily for personal, family or household purposes.

24. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Thus, Saint Francis is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. According to the Defendant's email described below, Saint Francis contracted with Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. At 6:02am on November 29, 2022, Defendant sent the Plaintiff a collection communication via email regarding the alleged debt owed.

29. At 6:34am on December 20, 2022, Defendant sent another email to the Plaintiff in an attempt to collect on the alleged debt owed.

30. A true and accurate copy of the emails sent by the Defendant to the Plaintiff is attached hereto as Exhibit A, hereinafter "Email Thread."

31. Pursuant to 15 U.S.C. § 1692c(a), a debt collector violates the FDCPA when it communicates to a debtor at an unusual time:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) **at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall**

> **assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location**; . . .

(emphasis added).

32. Pursuant to Regulation F, a debt collector must not send an electronic collections communication to a debtor at an unreasonable time:

> (1) Prohibitions regarding unusual or inconvenient times or places. Except as provided in paragraph (b)(4) of this section, a debt collector must not communicate or attempt to communicate with a consumer in connection with the collection of any debt:
>
> (i) At any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer. **In the absence of the debt collector's knowledge of circumstances to the contrary, a time before 8:00 a.m. and after 9:00 p.m. local time at the consumer's location is inconvenient**; or
>
> (ii) At any unusual place, or at a place that the debt collector knows or should know is inconvenient to the consumer.

12 C.F.R. § 1006.6(b)(1) (emphasis added).

33. Defendant's conduct does not fall under the two exceptions presented under subsection (b)(4) of Regulation F:

> (4) Exceptions. The prohibitions in paragraphs (b)(1) through (3) of this section do not apply when a debt collector communicates or attempts to communicate with a consumer in connection with the collection of any debt with:

>> (i) The prior consent of the consumer, given directly to the debt collector during a communication that does not violate paragraphs (b)(1) through (3) of this section; or
>
>> (ii) The express permission of a court of competent jurisdiction.

12 C.F.R. § 1006.6(b)(4).

34. Regulation F was intended to supplement and provide more ways to regulate the debt collection industry through the FDCPA:

> **This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses.** This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances. Finally, this part imposes record retention requirements to enable the Bureau to administer and carry out the purposes of the FDCPA, the Dodd-Frank Act, and this part, as well as to prevent evasions thereof. The record retention requirements also will facilitate supervision of debt collectors and the assessment and detection of risks to consumers.

*See* 12 C.F.R. § 1006.1(b) (emphasis added).

35. As evidenced by Exhibit A, Defendant sent two electronic communications to the Plaintiff at unreasonable times.

36. Prior to Defendant sending those two electronic communications, Plaintiff never consented to receiving such communications at those unreasonable times.

37. The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

38. According to the comments provided by the CFPB, "'[a]ny medium' includes any oral, written, electronic, or other medium. For example, a communication may occur in person or by telephone, audio recording, paper document, mail, email, text message, social media, or other electronic media."[2]

39. Pursuant to 15 U.S.C. § 1692e(10), a debt collector may not use any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

40. Pursuant to 15 U.S.C § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant's electronic communications that were sent at unusual times in violation of 15 U.S.C. § 1692c and Regulation F are deceptive and unfair means

---

[2] *Comment for 1026.2 — Definitions – 2(d) Communicate or Communication (1) Any medium*, CONSUMER FINANCE PROTECTION BUREAU, https://www.consumerfinance.gov/rules-policy/regulations/1006/interp-2/#2-d-Interp-1

of attempting to collect on a debt.

42. Pursuant to Regulation F and the FDCPA, Defendant's electronic communications to the Plaintiff violate multiple provisions of the FDCPA.

43. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

45. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

46. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

47. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress.

48. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

49. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

50. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

52. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

53. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

54. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

55. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

56. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

57. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

58. Based on Defendant's failure to communicate with Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

59. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA 15 U.S.C. §1692c *et seq.*)

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

62.     Pursuant to 15 U.S.C. § 1692c(a)(1), absent prior consent, express permission from a court, or information to the contrary, a debt collector may not communicate with a consumer at any unusual time, the default of which is any time before 8am and after 9pm.

63.     By sending the collection communications attached as Exhibit A at 6:02am and 6:34am, the Defendant violated § 1692c:

    a.  Because the electronic communications to the Plaintiff were sent at an unusual time without the Plaintiff's prior express consent nor the express permission of a court of competent jurisdiction.

WHEREFORE, Plaintiff Linda Jackson and the Class demands judgment in their favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692c *et seq.*

## SECOND CAUSE OF ACTION
**(Violations of the FDCPA 15 U.S.C. §1692e *et seq.*)**

64. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

66. Pursuant to 15 U.S.C. § 1692e(10), the following is a violation of the FDCPA:

> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

67. By sending the collection communication attached as Exhibit A, the Defendant violated § 1692e:

   a. By unfairly and deceptively sending an electronic communication to the Plaintiff by which to obtain information concerning the Plaintiff.

WHEREFORE, Plaintiff Linda Jackson and the Class demands judgment in their favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692e *et seq.*

## THIRD CAUSE OF ACTION

### (Violations of the FDCPA 15 U.S.C. §1692f *et seq.*)

68. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

71. Defendant violated 15 U.S.C. § 1692f:

   a. By sending electronic communications to the Plaintiff at unusual times, pursuant to both the FDCPA at 15 U.S.C. § 1692c(a)(1) and Regulation F at 12 C.F.R. § 1006.6(b)(1)(i).

WHEREFORE, Plaintiff Linda Jackson and the Class demands judgment in her favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692f *et seq.*

## DEMAND FOR TRIAL BY JURY

72. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Jackson, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned Attorneys as Class Counsel;

b. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Awarding Plaintiff and the Class such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 21, 2023 Respectfully Submitted,

*/s/ Misty Oaks Paxton*
By: Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*

**STEIN SAKS, PLLC**

*/s/ M. Hasan Siddiqui*
By: M. Hasan Siddiqui, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
hsiddiqui@steinsakslegal.com
*Pro Hac Vice Pending*