# Exhibit A

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Wynn, Kristin

_____

_____

CASE NO. 23-A-1988

**PLAINTIFF**

### Vs

Jimenez, Katherine

Publix Super Markets, Inc.

Smyrna Police Department

**DEFENDANT**

| TYPE OF SUIT: | | AMOUNT OF SUIT |
|---|---|---|
| Account | ☐ | Principal $_____ |
| Contract | ☐ | Interest $_____ |
| Note | ☐ | Attys. Fees $_____ |
| Tort | ☐ | Court Costs $_____ |

2023 MAY 11 AM 10: 53
ROBIN C. BISHOP
STATE COURT CLERK-02
COBB COUNTY, GA
FILED IN OFFICE

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This 11th day of May 2023
(Date)

Robin C. Bishop

Clerk
State Court of Cobb County

STATE COURT OF COBB COUNTY GEORGIA

**12 East Park Square, Marietta, Georgia 30090-9630**     **(770) 528-1220**          **Building B, First floor-Civil Division**

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KRISTIN WYNN                           )
                                       )
Plaintiff,                             )
                                       )
                                       )     CIVIL ACTION FILE NO:
                                       )
v.                                     )     23-A-1988
                                       )
                                       )
Katherine Jimenez                      )
Smyrna Police Department               )
Publix Super Markets, Inc              )
Defendants,                            )

*(Clerk's filing stamp: ROBIN C. BISHOP, STATE COURT CLERK-02, COBB COUNTY, GA, FILED IN OFFICE, 2023 MAY 11 AM 10: 54)*

---

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff in the above-styled action and shows the Court the following:

**I.      PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Plaintiff KRISTIN WYNN (hereinafter "Kristin") (referred to herein as "Plaintiff") is an

adult, citizen and resident of the State of Georgia.  By bringing this action, Plaintiff subjects

herself to the jurisdiction and venue of this Court.

2.

Defendant Publix Super Markets, Inc. (hereinafter "Publix") is a Florida corporation

subject to the jurisdiction and venue of this Court because of its continuous and systematic

affiliations with the state of Georgia.  Service may be made on said Defendant by serving a copy

of this Complaint and Summons to its registered agent Corporate Creations Network Inc. at 2985

Page 1 of 13

Gordy Parkway, 1st Floor, Marietta, GA 30066 in Cobb County. Defendant Publix may be served with process by this Court's issuing the Summons and Complaint, to the Sheriff of Cobb County, and the Sheriff or an agent thereof delivering Summons and a copy of this Complaint upon Publix's registered agent for service of process.

3.

Defendant Smyrna Police Department (hereinafter "SPD") is a municipal corporation existing under the laws of the State of Georgia. Defendant SPD is subject to the jurisdiction and venue of this Court. Defendant SPD can be served with the Complaint and Summons by serving Chief of Police Keith Zgonc, at Smyrna Police Department, 2646 Atlanta Rd SE, Smyrna, GA 30080, Cobb County. Defendant SPD may be served with process by this Court's issuing the Summons and Complaint, to the Sheriff of Cobb County, and the Sheriff or an agent thereof delivering Summons and a copy of this Complaint upon Chief of Police for service of process.

4.

Defendant Katherine Jimenez (hereinafter "Katherine") is, upon information and belief, subject to the Jurisdiction and Venue of this Honorable Court and may be serviced with  a copy of the Summons and Complaint at her last known place of residence to wit 2795 Parkwood Road SE, Smyrna GA 30080. Defendant Katherine may be served with process by this Court's issuing the Summons and Complaint, to the Sheriff of Cobb County, and the Sheriff or an agent thereof delivering Summons and a copy of this Complaint upon Katherine for service of process.

5.

Jurisdiction and Venue are proper in this State Court of Cobb County because the events giving rise to this action occurred in this County at Publix Super Market at Jonquil Plaza 2955 Atlanta Rd SE, Smyrna, GA 30080 and all Defendants are residents of Cobb County.

## II.    FACTS

6.

On or around 1:00 PM on May 14, 2022, Plaintiff and her husband went to the Publix store to receive the 2nd booster for COVID.  Defendant Publix told Plaintiff that the requirement was to be 58 years old and then went to question the Plaintiff about health history.  Plaintiff told Defendant Publix about her pre existing condition and the fact that Plaintiff is a caregiver for a parent and her husband.  Plaintiff asked if Defendant Publix would provide the 2nd booster to Plaintiff.  Defendant Publix said, No.  Plaintiff then requested the return of her and her husband's Covid vaccination card, so that they could leave as there was nothing else to talk about.  Defendant Publix then requested for Plaintiff's husband to receive the 2nd booster.  Plaintiff's husband declined and requested for his Covid vaccination card.  Defendant Publix refused to return the Covid vaccination cards.  Defendant Publix wanted Plaintiff to speak to the manager.  Plaintiff clearly told the Defendant Publix that she did not want to speak to the manager, she needed to leave and to return their Covid vaccination cards.  Plaintiff mentioned escalating this issue and was going  to take a picture for this escalation.  Defendant Publix angrily runs off and starts spreading false allegations about the Plaintiff.  Due to Defendant Publix actions, Plaintiff took a picture and recorded actions of Defendant Publix for future evidence.

### III.     <u>DEFAMATION</u>

#### 7.

Defendant Katherine called 911 and led the 911 operator to believe that Plaintiff was behind the counter.  Audio recording of the 911 can prove this.  Video evidence shows that Plaintiff was never behind the counter.

#### 8.

Defendant Publix called 911 again and the 911 operator asked if Plaintiff was still behind the counter.  Defendant Publix said that Plaintiff was still behind the counter. Defendant Publix said Plaintiff tried to jump over the counter.  Defendant Publix said that Plaintiff was threatening everyone. The 911 operator asked what was the Plaintiff threatening to do.  Defendant Publix said that Plaintiff wants some type of vaccine card, she keeps threatening about the vaccine card.  Defendant Publix said that the Plaintiff was wearing sunglasses and flip flops.  Plaintiff was wearing prescription glasses with clear lens and sandals.  Defendant Publix was describing a thug.  Defendant Publix told Defendant SPD that Plaintiff was behind the counter recording.  Audio recording of the 911 can prove this.  Video evidence shows that Plaintiff was never behind the counter or threatening anyone.

#### 9.

Defendant SPD mentioned that Plaintiff can be seen in a Publix video yelling.  The Publix video does not have any audio.

Page 4 of 13

### IV.   __MALICIOUS PROSECUTION__

### 10.

After the video evidence was reviewed, the Disorderly Conduct charge was dismissed.
Video evidence shows that Defendant SPD said that the Plaintiff can be charged for cursing.
Plaintiff never cursed.  Video evidence shows that Defendant SPD said that the Plaintiff can be
charged for Disorderly Conduct for recording behind the counter.  Video evidence shows that
Defendant Publix provided a false statement to Defendant SPD.  When the Defendant SPD asked
in front of others, what did the Plaintiff do,  Defendant Publix said Plaintiff was behind the
counter recording.  Defendant SPD allowed 1 police officer out of 6 police officers to watch the
Publix video and denied other police officers to watch the video.  After the Defendant SPD
watched the video, the Defendant SPD wanted to privately speak to the Defendant Publix in a
corner.  In this corner, Defendant SPD started making up a story about the Plaintiff's actions and
asked Defendant Publix to agree.  When Defendant Publix is writing their witness statements,
Defendant SPD (same 1 police officer) turns the volume off of the police video cam to have
additional one-on-one conversations with Defendant Publix.  Plaintiff pleaded with Defendant
SPD to review her evidence.  Defendant SPD said they reviewed the evidence that they needed
which was the Publix video with no audio.

### 11.

Defendant Katherine not only made a false 911 call regarding the Plaintiff, Defendant
Katherine also did not say anything to Defendant SPD regarding the false accusations that were
being made against the Plaintiff.

### 12.

Defendant Publix stated that they wanted to press charges on the Plaintiff.

Page 5 of 13

## V.    DISCRIMINATION

### 13.

Plaintiff is a middle aged lady.  Defendant SPD referred to Plaintiff

as "the girl."  Video evidence can prove this.  Defendant SPD did not believe anything that

Plaintiff said because of the color of her skin.  Defendant SPD treated Plaintiff in a discriminatory

manner because of the color of her skin.

### 14.

Plaintiff is a middle aged lady.  Defendant Publix referred to Plaintiff

as "the girl."  Video evidence can prove this.  When Defendant Publix saw that Plaintiff was

black, Defendant Publix  refused to resolve the issue.  Video evidence shows Plaintiff is again

asking for the Covid vaccination card and Defendant Publix calls 911.  Before the 911 operator

asked about a description, Defendant Publix said that it was a black lady in a tone of disgust.

Defendant Publix treated Plaintiff in a discriminatory manner because of the color of her skin.

## VI.    BLACK MAIL

### 15.

Video evidence shows Defendant Publix admitting to Defendant SPD regarding the

refusal of returning the Covid vaccination cards to the Plaintiff and Plaintiff's husband unless

Plaintiff deletes the video and/or photo from Plaintiff's phone.  Defendant Publix asked Defendant

SPD to assist with the deletion of this evidence from Plaintiff's phone  as well.  Plaintiff refused to

delete the evidence against the Defendant Publix.  Defendant SPD admits that it is not against

the law to record/take pictures in a store.

## VII.   THEFT BY TAKING

### 16.

Plaintiff and Plaintiff's husband requested the return of their property (Covid vaccination

cards) , so that they could leave the Publix store.  Video evidence shows the Defendant Publix in

private with Defendant SPD handing over what Defendant Publix  had stolen.  Video evidence

also show when Plaintiff mentions this to the Defendant Publix, Plaintiff was told

that this was not considered stealing and Plaintiff was not supposed to record in the store.

## VIII.   FALSE IMPRISONMENT

### 17.

Defendant Publix held both Plaintiff and Plaintiff's husband in the store due to the

refusal of returning their Covid vaccination cards.  Plaintiff and Plaintiff's husband were told that

they could not receive replacement Covid vaccination cards if loss.  The Plaintiff and Plaintiff's

husband asked for their Covid vaccination cards back, so they could leave.  Starting at 1:11 PM,

Plaintiff and Plaintiff's husband were being held in the Publix store against their will.

## IX.   CIVIL RIGHTS

### 18.

Plaintiff's civil rights were violated when Defendant Publix refused to return the Covid

vaccination cards, so Plaintiff could go somewhere else to obtain the 2nd Covid booster.  The

Plaintiff's best friend who is younger than Plaintiff with no health issues received the 2nd Covid

booster from another Publix with no questions asked.

**X.      NEGLIIGENCE**

19.

When Defendant SPD asked Defendant Publix if charges should be filed against Plaintiff,

Defendant Publix said yes.  Due to this action, Plaintiff was subjective to the deadly Covid disease

while in jail on Saturday, May 14 and Sunday, May 15.  Defendant Publix from non-management

to management refused to provide my Covid vaccination card which cannot be replaced.

Plaintiff was unable to care for her parent on Saturday, May 14 or Sunday, May 15 as planned

due to Defendant Publix's negligence.

20.

Defendant Publix did not try to resolve the issue, Defendant Publix knew that Defendant

SPD would believe them over someone who is black.  When Defendant SPD saw that false

statements were made against the Plaintiff, the Defendant SPD did not disclose this information.

Defendant SPD refused to look at Plaintiff's evidence or reflect anything that the Plaintiff said in

the police report.  Defendant SPD refused to allow Plaintiff to file a police report as the Plaintiff

was the actual victim.  Video evidence proves this.

21.

Defendant Katherine started the false accusation of Plaintiff being behind the counter

when making the first 911 call.  Defendant Katherine could have spoke up when Defendant

Katherine knew Defendant Publix made false allegations against the Plaintiff, but refused to do

so.

## XI.   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

### 22.

Defendant Publix  caused intentional emotional infliction by making false claims against the Plaintiff.

### 23.

Defendant Katherine  caused intentional emotional infliction by making false claims against the Plaintiff.

### 24.

Defendant SPD caused intentional emotional infliction by trying to find a reason to arrest the Plaintiff.  Defendant SPD refused to arrest the Defendant Publix who actually committed several crimes that can be seen on the police body cam.

## XII.   **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

### 25.

Defendant Publix caused negligent infliction of emotional distress.  Plaintiff felt like she was having a heart attack while in the back of the police car due to the series of events faced by Defendant Publix.  The Plaintiff was in jail for 2 days and this action led to PTSD (post-traumatic stress disorder).  Plaintiff will need to continue to see a therapist and take medicine for life.

Page 9 of 13

26.

Defendant SPD caused negligent infliction of emotional distress.  Defendant SPD placed Plaintiff in the back of a police car with a mask on, police car was turned off and closed the door when it was 85 degrees outside.  Plaintiff was unable to breathe and Plaintiff had to scream for her life. Defendant SPD revealed that air conditioning was not in the back of the police car. Plaintiff felt like she was having a heart attack while in the back of the police car due to the stress caused by the Defendant SPD.  Smyrna jail was so cold.  Plaintiff caught a cold.  Due to health reasons, Plaintiff does not eat pork or beef.  Plaintiff went to bed starving on Saturday, May 14 due to the lack of food options.  The Plaintiff was in jail for 2 days and this action led to PTSD (post-traumatic stress disorder).  Plaintiff will need to continue to see a therapist and take medicine for life.

27.

Defendant Katherine caused negligent infliction of emotional distress.  Defendant Katherine did not speak up when she knew that Defendant Publix was being dishonest which could have avoided all chain of events that occurred after her 911 call.  Plaintiff felt like she was having a heart attack while in the back of the police car due to the series of events faced by Defendant Katherine.  The Plaintiff was in jail for 2 days and this action led to PTSD (post-traumatic stress disorder).  Plaintiff will need to continue to see a therapist and take medicine for life.

Page 10 of 13

XIII.    **BULLYING**

28.

Defendant Publix was bullying the Plaintiff regarding the deletion of the videos.  The

Defendant Publix knew that recording was not against the law, but kept bullying the Plaintiff to

delete the video with evidence against Defendant Publix.

IX.    **PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

29.

Plaintiff incorporates all previous allegations in paragraphs III to XIII of this

Complaint as if set forth verbatim herein.

30.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from

Defendants for loss of consortium, past, present, and future emotional, mental, physical pain

and suffering and loss of quality of life in such an amount as shall be shown by the evidence and

determined by the enlighten conscience of the jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following:

a. That Summons issue and service be perfected upon Defendants requiring them to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

b. Judgement for Plaintiff against Defendants for past, present and future mental illness;

c. As award of compensatory damages for the Plaintiff in an amount deemed appropriate by the enlightened conscious of the trier of fact, jointly and severally against the Defendants;

d. An award of punitive damages, jointly and severally against the Defendant;

f. An award of costs, including but not limited to discretionary costs, attorney fees, expenses incurred in pursing this case;

g. That the Plaintiff be granted a trial by jury of twelve (12) jurors as to all triable issues in this cause.

h. Any other and further relief this Court deems just and proper; and

i. Any other and further relief to which they may be entitled.

[SIGNATURE FOLLOWS ON NEXT PAGE]

This, the 8th day of May 2023.

Respectfully submitted,
Kristin Wynn
Pro SE

2729 Waymar Drive
Marietta, GA 30008
(678) 595-2774
kristin.v.wynn@gmail.com

Page 13 of 13