**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MICHAEL PAPA,

    Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, and
CORNERSTONE COMMUNITY
FEDERAL CREDIT UNION

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL PAPA (hereinafter "Plaintiff"), sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANS UNION, LLC ("Trans Union") and CORNERSTONE COMMUNITY FEDERAL CREDIT UNION ("Cornerstone") (hereinafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      The Plaintiff is a natural person and resident of Niagara County in the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and most of the violations described in this Complaint occurred in this District.

9.      Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 S Culver St, Lawrenceville, Georgia 30046.

10.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

13.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Cornerstone is a federal credit union headquartered in the State of New York located at 6485 S Transit Rd, Lockport, NY 14094.

19.     Cornerstone is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Cornerstone furnished Plaintiff's information to Experian, Equifax, and Trans Union, which was inaccurate.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to Cornerstone.

22.     On or about January 2023, Plaintiff became aware of charges on his credit card totaling over $8,000. Plaintiff did not make those charges.

23.     On or about January 16, 2023, Plaintiff called the Cornerstone Fraud Department to notify them of the fraudulent activity on his account.

24.     On March 23, 2023, Plaintiff received a letter from Cornerstone stating that the fraud claim had been resolved, Plaintiff would receive a credit on his account for $8,283.71, and the claim file would be closed.

25.     On or about April 2023, Plaintiff became aware that the $8,283.71 credit had been reversed, and the account again had a balance of over $8,000.

26.     On or about April 8, 2023, Plaintiff called Cornerstone Fraud Department again who despite having previously determined the charges were

fraudulent were now seeking payment from Plaintiff for those charges because Cornerstone needed to hold someone accountable.

27.     As a result of the occurrences with Cornerstone, on April 23, 2023, Plaintiff obtained copies of his Experian, Equifax, and Trans Union credit reports. Upon review, Plaintiff became aware that all the credit reporting agencies were reporting the Cornerstone partial account 477789X and was showing an outstanding balance of $8,862.

28.     Additionally, in reviewing his consumer credit reports, Plaintiff learned of other accounts being reported which did not belong to him and were fraudulent, including accounts with Credit First, Capital One, and ESL Federal Credit Union.

29.     As a result of the inaccurate reporting by Experian, Equifax, and Trans Union, on April 28, 2023, Plaintiff sent a detailed written dispute letter. In the letter, Plaintiff explained that his Cornerstone credit card had been used to make fraudulent charges and that the charges did not belong to him. Plaintiff also disputed the other fraudulent accounts and explained he did not open or authorize those accounts to be opened by him. Plaintiff included an image of his driver's license to confirm his identity. Further, images of a recent statement from Cornerstone, copies of his credit report with the erroneous account information, copy of a Federal Trade Commission

Identity Theft report, and a copy of the police report filed by Plaintiff were included in the dispute letter.

30.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (7022 2410 0003 5163 8035), Equifax (7022 2410 0003 5163 8042), and Trans Union (7022 2410 0003 5163 8059).

31.     Upon information and belief, Experian, Equifax, and Trans Union notified Cornerstone of Plaintiff's dispute. Cornerstone failed to conduct a reasonable investigation and merely compared its erroneous data.

32.     On May 13, 2023, Equifax responded to Plaintiff's dispute by verifying the Cornerstone account as accurate and continuing to report the fraudulent balance of $8,862.00. Based on information and belief, Equifax did not investigate any of the other fraudulent accounts as requested in Plaintiff's dispute.

33.     On May 25, 2023, Experian responded to Plaintiff's dispute by verifying the Cornerstone account as accurate and updating the balance to $0. However, Experian verified the Credit One account as accurate.

34.     On May 31, 2023, Trans Union responded to Plaintiff's dispute verifying the Cornerstone account as accurate and corrected the balance to be zero. However, Trans Union responded to Plaintiff's dispute by verifying the other disputed accounts as accurate.

35.    On June 8, 2023, Plaintiff again mailed another dispute letter to Experian, Equifax, and Trans Union regarding the continued inaccurate reporting. Plaintiff again explained that his Cornerstone credit card had been used to make fraudulent charges and that the charges did not belong to him. Plaintiff also disputed the other remaining fraudulent accounts being Credit First, Capital One, and ESL Federal Credit Union. Plaintiff again reiterated that he never authorized for these accounts to be opened. Plaintiff included an image of his driver's license to confirm his identity. Further, images of a recent statement from Cornerstone, copies of his credit report with the erroneous account information, copy of a Federal Trade Commission Identity Theft report, and a copy of the police report filed by Plaintiff were included in the dispute letter.

36.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9589 0710 5270 0655 8648 49), Equifax (9589 0710 5270 0655 8648 32), and Trans Union (9589 0710 5270 0655 8648 56).

37.    Upon information and belief, Experian, Equifax, and Trans Union notified Cornerstone of Plaintiff's dispute.

38.    As of the filing of this Complaint, Plaintiff is still awaiting investigation results from Experian, Equifax, and Trans Union as to his most recent dispute.

39.    Plaintiff was very upset that Defendants verified the account despite Plaintiff providing ample information to confirm he did not authorize the fraudulent charges to his Cornerstone account and never opened accounts with Credit First, Capital One, and ESL Federal Credit Union.

40.    Defendants have never attempted to contact Plaintiff about his disputes while allegedly investigating the disputes.

41.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation.

42.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score;

    v.    Apprehensiveness to apply for credit due to the fear of rejection;

vi.     Defamation as Experian, Equifax, and Trans Union published Plaintiff's inaccurate information to third party entities.

### COUNT I
### Violations of the Fair Credit Reporting Act as to Defendant, Experian Information Solutions, Inc.

43.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed Cornerstone and other non-party furnishers to report inaccurate information on an account. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing.

46.     Experian violated its own policies and procedures by not correcting the account balance the removing the fraudulent accounts when Plaintiff provided the

Niagara County Sheriff's Department police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

47.     Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.  Experian violated its own policies and procedures by not deleting an account when Plaintiff has provided evidence that the account was fraudulent.

48.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAPA, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Experian Information Solutions, Inc.**

49.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

50.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Experian refuses to do any independent investigation.

51.    Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

52.    Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Cornerstone and other non-party furnishers.

53.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE Plaintiff, MICHAEL JOSEPH PAPA, demands judgment and compensatory, statutory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to Defendant, Equifax Information Services, LLC

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax allowed Cornerstone and other non-party furnishers to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

56.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing.

57.     Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.  Equifax violated its own policies and procedures by not deleting an account when Plaintiff has provided evidence that the account was fraudulent.

58.     Equifax violated its own policies and procedures by not correcting the account balance the removing the fraudulent accounts when Plaintiff provided the Niagara County Sheriff's Department police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

59.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAPA, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, to Plaintiff, award Plaintiff his attorney fees

and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Equifax Information Services, LLC**

60.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

61.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Equifax refuses to do any independent investigation.

62.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

63.     Equifax took no independent action to investigate the dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Cornerstone and other non-party furnishers.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE Plaintiff, MICHAEL PAPA, demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of the Fair Credit Reporting Act as to Defendant, Trans Union, LLC

65.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

66.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Trans Union allowed Cornerstone and other non-party furnishers to report

inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

67.    As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing.

68.    Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.  Trans Union violated its own policies and procedures by not deleting an account when Plaintiff has provided evidence that the account was fraudulent.

69.    Trans Union violated its own policies and procedures by not correcting the account balance the removing the fraudulent accounts when Plaintiff provided the Niagara County Sheriff's Department police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

70.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAPA, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, TRANS UNION, LLC, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union, LLC

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

72.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Trans Union refuses to do any independent investigation.

73.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

74.     Trans Union took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Cornerstone and other non-party furnishers.

75.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE Plaintiff, MICHAEL PAPA, demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Cornerstone Community Federal Credit Union

76.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

77.    Cornerstone published the inaccurate account balance to Experian, Equifax, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

78.    Cornerstone violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the Cornerstone account; by failing to review all relevant information regarding same; by failing to accurately respond to Experian, Equifax, and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Cornerstone representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Cornerstone to have identified that the account balance included charges that did not belong to Plaintiff.

79.    Cornerstone violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

80.    Cornerstone did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to verify that Plaintiff was not the responsible party, including information provided to Cornerstone by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did

not review, confirm, or verify the correct pay status. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

81.     As a result of the conduct, action, and inaction of Cornerstone, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

82.     Cornerstone's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Cornerstone in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE Plaintiff, MICHAEL PAPA, demands judgment and compensatory, statutory, and punitive damages against Defendant, CORNERSTONE COMMUNITY FEDERAL CREDIT UNION, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment

interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL PAPA, demands judgment for actual, statutory, and punitive damages against each of the Defendants, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, TRANS UNION, LLC, and CORNERSTONE COMMUNITY FEDERAL CREDIT UNION, for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 21st day of June 2023.

Respectfully Submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC

412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Counsel for Plaintiff*