IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OPES CAPITAL FUND I, LP,            )<br>                                                         )<br>     Plaintiff,                                )<br>                                                         )      Civil Action No.<br>v.                                                     )<br>                                                         )      _____<br>EVOLUTION SPORTS LLC f/k/a  )<br>REVOLUTION                               )<br>SPORTS AGENCY LLC, and         )<br>DAMARIUS BILBO, individually,  )<br>                                                         )<br>     Defendants.                             ) | |

**COMPLAINT**

COME NOW, Plaintiff Opes Capital Fund I, LP ("Opes") and hereby files this Complaint, respectfully showing the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Opes is a limited partnership with an office and place of business in Mecklenburg County, North Carolina. Opes' partners are also residents of North Carolina.

2.

Defendant Evolution Sports LLC f/k/a Revolution Sports Agency LLC ("Evolution") is a Georgia limited liability company with its principal place of

146372592.7

business at 75 14th Street NE, Suite 2110, Atlanta Georgia 30309. Upon information and belief, Evolution's members are also residents of Georgia.

3.

Defendant Damarius Bilbo ("Mr. Bilbo") is a citizen and resident of Dekalb County, Georgia.

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between Plaintiff Opes and Defendants Evolution and Mr. Bilbo (collectively, "Defendants"). The amount in controversy exceeds $75,000.00. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) and the parties have expressly consented to venue in this district.

## FACTUAL ALLEGATIONS

5.

Opes, on its own behalf or through one or more affiliates, and Mr. Bilbo entered into a series of bridge loan agreements intended to provide short-term working capital for Mr. Bilbo's professional sports agency enterprise (the "Loans").

6.

A dispute arose between the parties over the amounts purportedly due to Opes under the Loans.

7.

Opes, along with affiliates Worth Financial Advisors Group, LLC, Worth Financial Tax Services, LLC, Worth Financial Insurance Services, LLC, and associated individuals Glen Wright, II and Charles Horton, Jr. (collectively, the "Opes Parties"), through counsel, entered into settlement discussions with Evolution and Mr. Bilbo, through counsel, regarding Opes' claims for repayment of the funds allegedly borrowed under the Loans.

8.

Following settlement discussions, the Opes Parties contended that a valid settlement was reached pursuant to an email exchange on August 12, 2022 between counsel for the Opes Parties and counsel for Evolution and Mr. Bilbo. Counsel for the Opes Parties subsequently provided counsel for Evolution and Mr. Bilbo a formalized settlement agreement for execution. Evolution and Mr. Bilbo did not execute the formalized settlement agreement.

9.

On September 22, 2022, the Opes Parties instituted a previous civil action against Evolution and Mr. Bilbo in this Court, bearing the Civil Action No. 1:22-cv-03823-TWT (the "Prior Civil Action"), which alleged claims to enforce the settlement agreement and for attorney's fees. Evolution and Mr. Bilbo asserted

counterclaims in the action, each against one or more of the Opes Parties, for fraudulent inducement, fraud, negligent misrepresentation, breach of fiduciary duty, constructive fraud, and civil conspiracy. Following the Court's ruling on the Opes Parties' motion to dismiss Evolution and Mr. Bilbo's counterclaims, Evolution and Mr. Bilbo filed amended counterclaims, each against one or more of the Opes Parties, for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and punitive damages.

10.

The parties to the Prior Civil Action denied the respective allegations against them and actively litigated the claims and counterclaims.

11.

Following months of litigation and discovery, the parties agreed to settle the Prior Civil Action and entered into a Confidential Settlement Agreement and Mutual Release on or about May 10, 2023 ("Agreement"), attached as Exhibit A to the Declaration of Leron E. Rogers. (Declaration of Leron E. Rogers ("Rogers Decl.") Ex. A).

12.

Pursuant to the Agreement, ███████████████████████████
███████████████████████████

██████████████████████████ [1] The ██████ Mutual Stipulation of Dismissal of All Claims was filed on May 16, 2023 and the Clerk entered the dismissal and terminated the Prior Civil Action on May 18, 2023.

13.

Pursuant to the Agreement, ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

[1] As instructed by Court staff, following assignment of this action Opes will file, provisionally under seal, unredacted copies of this Complaint, the Agreement, a copy of the May 25, 2023 correspondence, and a copy of the June 1, 2023 correspondence, along with Opes' Motion to File under Seal and Proposed Order granting Motion to File under Seal.

5

██████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

14.

The Agreement noted that ████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

15.

The Agreement also noted that ██████████████████████

██████████████████████████████████████████

██████████████████████████████████████

16.

Evolution and Mr. Bilbo ████████████████████████

███████████████████ pursuant to the Agreement. On May 25, 2023, Opes

counsel sent to Evolution and Mr. Bilbo, through counsel, a ████████████

Letter ██████████████████████████████ and noted that, pursuant to

O.C.G.A. § 13-1-11, Opes also demanded payment of attorney fees ████████

6

██████████████████████. A true and correct copy of this correspondence is attached as Exhibit B to the Declaration of Leron E. Rogers. (Rogers Decl. Ex. B); (Rogers Decl. Ex. A ¶ 7) (██████████████).

17.

On May 31, 2023, Opes received a wire payment from Evolution and/or Mr. Bilbo in the amount of ██████ Opes retained this █████████████ ████████████████████████████. On June 1, 2023, Opes counsel wrote counsel for Evolution and Mr. Bilbo that ████████████ ████████████████████████████████████████████ ██████████████. Opes reserved all its rights and remedies provided in the Agreement. A true and correct copy of this correspondence is attached as Exhibit C to the Declaration of Leron E. Rogers. (Rogers Decl. Ex. C).

18.

Any and all conditions precedent to the filing and prosecution of this action have occurred, been waived, or have otherwise been satisfied. Specifically, the Opes Parties have upheld all their obligations under the Agreement, evidenced by Evolution and/or Mr. Bilbo's ████████████████.

146372592.7

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

19.

Opes realleges and incorporates into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

20.

The Agreement that the Opes Parties and the Defendants entered into is a binding agreement.

21.

The Opes Parties faithfully performed their duties and obligations under the Agreement. Any conditions precedent to Opes' recovery thereunder have occurred or otherwise been satisfied.

22.

Defendants breached the Agreement and failed and refused without justification to ███████████████ pursuant to the Agreement.

23.

Defendants have no legal excuse or defense that would justify under any legal theory its ████████████████████████ to Opes.

146372592.7

24.

Defendants' ███████████████████ pursuant to the Agreement constitutes a compensable breach.

25.

As a result of this breach, Opes has been damaged in an amount to be proved at trial that will include, but not be limited to, ███████████████████ ███████████████████ as detailed in the Agreement.

### SECOND CAUSE OF ACTION: ATTORNEY'S FEES (PURSUANT TO ███████████ O.C.G.A. § 13-1-11)

25.

Opes realleges and incorporates into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

26.

Opes sent notice to Defendants pursuant to O.C.G.A. § 13-1-11, and Defendants did not make the required payment ten (10) days from the date of Defendants' receipt of the notice. ███████████

146372592.7

███████████████████████████████████

████████

27.

In an abundance of caution, Opes restates the pertinent provisions of this notice herein: ███████████████████████████

███████████████████████████████████

████████ Pursuant to O.C.G.A. § 13-1-11, you are hereby notified ████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████

**WHEREFORE**, Opes prays that this Court:

1. Enter judgment against Defendants on all counts stated herein;

2. ███████████████████████████████████

3. Award attorney's fees and court costs to Opes pursuant to O.C.G.A. § 13-1-11; and

4. Grant all relief as the Court deems just and proper.

Respectfully submitted this 21st day of June, 2023.

/s/ *Leron E. Rogers*
Leron E. Rogers
Georgia Bar No. 482620
Gerald T. Chichester
Georgia Bar No. 210202

*Counsel for Plaintiff Opes Capital Fund I, LP*

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
Tel:   (404) 881-5941
Fax:   (404) 962-1200
lrogers@foxrothschild.com
gchichester@foxrothschild.com