## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **FUNGI PERFECTI, LLC** and **TURTLE BEAR HOLDINGS, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: |
| v. | ) ) | |
| **BUSINEER CORP, ZIRUN QI, HANNAH KIM, JIE ZHANG,** and **JOHN DOES 1-10**, individually or as corporate/business entities, | ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR TRADEMARK COUNTERFEITING

Plaintiffs Fungi Perfecti, LLC and Turtle Bear Holdings, LLC (collectively, "Plaintiffs" or "Fungi Perfecti") bring this action against Defendants Busineer Corp, Zirun Qi, Hannah Kim, Jie Zhang, and John Does 1-10 ("Doe Defendants") (collectively, "Defendants") for contributory trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114, and contributory unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law. These claims arise out of Defendants' knowing facilitation of the unlawful sale of counterfeit Host Defense® Mushrooms™ brand products ("Host Defense products") on the internet.

1

## PARTIES

1.      Plaintiff Fungi Perfecti, LLC is a Washington limited liability company with its principal place of business in Olympia, Washington

2.      Plaintiff Turtle Bear Holdings, LLC ("Turtle Bear Holdings") is a Delaware limited liability company with its principal place of business in Shelton, Washington.

3.      Upon information and belief, Defendant Busineer Corp ("Busineer") is a corporation organized under the laws of the state of Georgia with its principal place of business in Atlanta, Georgia.

4.      Defendant Zirun Qi ("Qi") is a natural person who, upon information and belief, resides in Lilburn, Georgia.

5.      According to corporate records for Busineer filed with the Georgia Secretary of State, Qi is the registered agent and Chief Executive Officer of Busineer.

6.      Defendant Hannah Kim is a natural person who, upon information and belief, resides in Atlanta, Georgia.

7.      According to corporate records for Busineer filed with the Georgia Secretary of State, Kim is the Secretary of Busineer.

8.     Defendant Jie Zhang is a natural person who, upon information and belief, resides in Lilburn, Georgia.

9.     According to corporate records for Busineer filed with the Georgia Secretary of State, Zhang is the Chief Financial Officer of Busineer.

10.     Upon information and belief, as the CEO, Secretary, and CFO of Busineer, Defendants Qi, Kim, and Zhang are the principals of, in control of, and primarily responsible for Defendant Busineer and its actions.  Corporate documents do not identify any individuals as officers of Busineer except for Qi, Kim, and Zhang.

11.     Upon information and belief, Defendants operate, control, and/or are primarily responsible for the operation of numerous corporate entities.  These include, but are not limited to, the entities described in paragraphs 36-47 below.

12.     Fungi Perfecti asserts claims against Qi, Kim, and Zhang in both their individual capacities and in their capacities as officers of Busineer.  Upon information and belief, both Busineer and Defendants Qi, Kim, and Zhang in their individual capacities assist in and are responsible for the facilitation of sales of infringing Host Defense products by Busineer.

13.     Alternatively, upon information and belief, Qi, Kim, and Zhang direct, control, ratify, participate in, or are the moving force behind the sales and facilitation

of sales of infringing Host Defense products by Busineer.  Qi, Kim, and Zhang are responsible for, have knowledge of, and personally participate in the infringing activities of Busineer.  Accordingly, Qi, Kim, and Zhang are personally liable for the infringing activities of Busineer without regard to piercing the corporate veil.

14.    Alternatively, upon information and belief, Busineer follows so few corporate formalities and is so dominated by Qi, Kim, and Zhang that it is merely an alter ego of Qi, Kim, and Zhang. Accordingly, Fungi Perfecti is entitled to pierce the corporate veil of Busineer and hold Qi, Kim, and Zhang personally liable for the infringing activities of Busineer.

15.    The true names, involvement, and capacities, whether individual, corporate, associated or otherwise of the Doe Defendants are unknown to Fungi Perfecti.  Therefore, Fungi Perfecti sues these Defendants by a fictitious name. Fungi Perfecti is informed and believes, and on that basis alleges, that the Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, Fungi Perfecti will seek leave to amend this Complaint accordingly.

## JURISDICTION

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 1367. Fungi Perfecti's federal claims are predicated on 15 U.S.C. § 114 and 15 U.S.C. ¶ 1125(a).

17.     This Court has personal jurisdiction over Defendants because they reside in and are citizens of Georgia, are registered to do business in Georgia, transact business in Georgia, and this action arises out of Defendants' business and conduct in Georgia.

## VENUE

18.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, or, in the alternative, because a Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### Fungi Perfecti and Its Trademarks

19.     Fungi Perfecti sells high quality mushroom supplement products under the brand name Host Defense® in the United States.

20.    Host Defense products are USDA organic, non-GMO, vegan, and gluten-free, and their development and formulation are based on scientifically proven data to ensure quality and safety.

21.    Host Defense products are specially developed and tested by medical professionals, biologists, chemists, researchers, and educators, using internationally recognized, validated testing methods.  They provide benefits to consumers related to memory and cognition, immunity and wellness, digestion and microbiome, energy and exercise, and more.

22.    Host Defense products are regulated by the USDA and the FDA.

23.    Because all Host Defense products are ingested into consumers' bodies, consumer safety is extremely important to Fungi Perfecti.

24.    To protect consumers and Fungi Perfecti's brands, Fungi Perfecti allows its products to be purchased by end-user consumers from Fungi Perfecti itself or from sellers who are expressly authorized by Fungi Perfecti to sell Host Defense products ("Authorized Resellers").

25.    Fungi Perfecti permits Authorized Resellers to sell Host Defense products only in approved channels and requires Authorized Resellers to abide by agreements, policies, and other rules that impose requirements related to quality controls, customer service, and other sales practices.

6

26.    Fungi Perfecti devotes a significant amount of time, energy, and resources toward protecting the value of the Host Defense brand, products, name, and reputation.  By distributing Host Defense products to end users exclusively through its Authorized Resellers, Fungi Perfecti is able to ensure the safety, well-being, and satisfaction of consumers and maintain the integrity and reputation of the Host Defense brand.  In the highly competitive supplement market, quality and customer service are fundamental parts of the consumer's decision to purchase a product.

27.    Fungi Perfecti also regularly monitors the internet and online marketplaces for the sale of counterfeit reproductions of its products.

28.    To protect the quality and integrity of the Host Defense brand, Fungi Perfecti has registered trademarks with the United States Patent and Trademark Office ("USPTO"), including, HOST DEFENSE® (U.S. Trademark Reg. Nos. 2,506,839 and 5,630,909), STAMETS 7® (U.S. Trademark Reg. No. 3,063,334), MYCOMMUNITY® (U.S. Trademark Reg. No. 3,848,673), and FUNGI PERFECTI® (U.S. Trademark Reg. No. 1,930,649) (the "Host Defense Trademarks").

29.    The registration for each of the Host Defense Trademarks is valid, subsisting and in full force and effect. Further, pursuant to 15 U.S.C. § 1065, the

Host Defense Trademarks serve as conclusive evidence of Fungi Perfecti's ownership of the marks and its exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the Host Defense products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

30.    Fungi Perfecti actively uses, advertises, and markets the Host Defense Trademarks in commerce throughout the United States.

31.    Fungi Perfecti is a family-owned business established in 1980 and is an industry leader in promoting and cultivating mushroom supplement products based on documented cutting-edge research and testing. Consumers associate the Host Defense Trademarks with high quality, efficacious mushroom supplements that support natural immunity and whole body wellness.

32.    Due to the quality and reputation of Host Defense products, the Host Defense Trademarks have enormous value.

**Defendants Facilitate the Sale of Counterfeit and Dangerous
Host Defense Products by Numerous Amazon Storefronts**

33.    Fungi Perfecti has discovered that numerous third-party storefronts on Amazon are selling counterfeit Host Defense products that appear to be nearly identical to authentic products but, alarmingly, contain ingredients that are banned from authentic Host Defense products and can be dangerous to consumers.

34.     Through test purchases and other investigation, Fungi Perfecti identified at least six Amazon storefronts that are selling counterfeit Host Defense products and are associated with Defendants.  Through investigation, Fungi Perfecti has determined that the following storefronts are selling counterfeit Host Defense products (collectively, the "Busineer Storefronts"):

a.  "Jiffy Deal Store" with Merchant ID A3NTDMUI2YD7OF, accessible at https://www.amazon.com//sp?seller=A3NTDMUI2YD7OF;

b.  "Pubbee LLC" with Merchant ID AV8R3JULBNNV, accessible at https://www.amazon.com//sp?seller=AV8R3JULBNNV.

c.  "Zennic LLC Store" with Merchant ID A25VZV9J9Y7RT4, accessible at https://www.amazon.com//sp?seller=A25VZV9J9Y7RT4.

d.  "Link Grove LLC" with Merchant ID A34A40618EOQNW, accessible at https://www.amazon.com//sp?seller=A34A40618EOQNW.

e.  "Budgetman Store" with Merchant ID A1GMUKNJWMWFBL, accessible                                                                      at https://www.amazon.com//sp?seller=A1GMUKNJWMWFBL.

f.  "Pro Zen Store" with Merchant ID A34MPHNY514B2X, accessible at https://www.amazon.com//sp?seller=A34MPHNY514B2X.

35.     As of the time of filing, the Busineer Storefronts have the names listed above.  Amazon allows storefront operators to change the names of their storefronts, but every storefront on Amazon is assigned a "Merchant ID number"—as listed above for the Busineer Storefronts—that does not change over time even if the formal "name" of a storefront is changed.  Even if Defendants change the name of their Amazon Storefront at some time in the future, their storefront can always be accessed at the above links that include the storefront's Merchant ID number.

36.     The "Jiffy Deal Store" Amazon storefront lists its "Business Name" as "Jiffy Deal LLC" and its "Business Address" as 2310 Parklake Drive N.E., Ste. 477, Unit B64, Atlanta, GA 30345 (the "Parklake Address").

37.     According to publicly filed corporate records, there is a limited liability company called Jiffy Deal LLC registered in Missouri, with its principal office address at the Parklake Address.  Its registered agent is Busineer, and its registered agent address is 7777 Bonhomme Ave., Ste. 1800, Saint Louis, MO 63105 (the "Bonhomme Address").  Jiffy Deal LLC was registered by Qi for the purpose of "Online Retail," using the Parklake Address and the email address zirun.qi@busineer.us.

38.     The "Pubbee LLC" Amazon storefront lists its "Business Name" as "Pubbee LLC" and its "Business Address" as the Parklake Address.

39.     According to publicly filed corporate records, there is a limited liability company called Pubbee LLC registered in Missouri, with its principal office address at the Parklake Address.  Its registered agent is Busineer, and its registered agent address is the Bonhomme Address.  Pubbee LLC was registered by Qi for the purpose of "Online Retail," using the Parklake Address and the email address zirun.qi@busineer.us.

40.     The "Zennic LLC Store" Amazon storefront lists its "Business Name" as "Zennic LLC" and its "Business Address" as the Parklake Address.

41.     According to publicly filed corporate records, there is a limited liability company called Zennic LLC registered in Missouri, with its principal office address at the Parklake Address.  Its registered agent is Busineer, and its registered agent address is the Bonhomme Address.  Zennic LLC was registered by Qi for the purpose of "Online Retail," using the Parklake Address and the email address zirun.qi@busineer.us.

42.     The "Link Grove LLC" Amazon storefront lists its "Business Name" as "Link Grove LLC" and its "Business Address" as 1367 Arlene Ct. SW, Unit D18, Lilburn, GA 30047 (the "Arlene Address").

43.     According to publicly filed corporate records, there is a limited liability company called Link Grove LLC registered in Missouri, with its principal office

address at the Parklake Address.  Its registered agent is Busineer, and its registered

agent address is the Bonhomme Address.  Link Grove LLC was registered by Qi for

the purpose of "Online Retail," using the Parklake Address and the email address

zirun.qi@busineer.us.

44.     The "Budgetman Store" Amazon storefront lists its "Business Name"

as "Budgetman LLC" and its "Business Address" as the Arlene Address.

45.     According to publicly filed corporate records, there is a limited liability

company called Budgetman LLC registered in Missouri, with its principal office

address at the Parklake Address.  Its registered agent is Busineer, and its registered

agent address is the Bonhomme Address.  Budgetman LLC was registered by Qi for

the purpose of "Online Retail," using the Parklake Address and email address

zirun.qi@busineer.us.

46.     The "Pro Zen Store" Amazon storefront lists its "Business Name" as

"Pro Zen LLC" and its "Business Address" as the Parklake Address.

47.     According to publicly filed corporate records, there is a limited liability

company called Pro Zen LLC registered in Missouri, with its principal office address

at the Parklake Address.  Its registered agent is Busineer, and its registered agent

address is the Bonhomme Address.  Pro Zen LLC was registered by Qi for the

purpose of "Online Retail," using the Parklake Address and email address zirun.qi@busineer.us.

48.   All of the limited liability companies listed as the operators of the Busineer Storefronts were registered by Qi between February 2022 and June 2022, and many were created on either the same day or within a few days apart.

49.   According to its corporate records, Busineer's principal office address is the Parklake Address.

50.   Additionally, Busineer's corporate records list Qi as Busineer's registered agent and Qi's address as the Arlene Address.

51.   Busineer's corporate records also list the "Business Address" of Kim, Zhang, and Qi as the Parklake Address.

52.   Based on Fungi Perfecti's investigation, Qi and Zhang reside at the Arlene Address.

53.   On January 6, 2023, counsel for Fungi Perfecti sent a cease-and-desist letter to Busineer and Qi stating that it had discovered Defendants were associated with and providing assistance to numerous Amazon storefronts selling Host Defense products without authorization.  The letter explained that the storefronts' sales were infringing Fungi Perfecti's trademarks and demanded that Defendants provide information about the operators of the Amazon storefronts.

54.    Defendants did not respond to Fungi Perfecti's January 6 letter.

55.    On April 25, 2023, after Fungi Perfecti had conducted further investigation, counsel for Fungi Perfecti sent a second cease-and-desist letter to Defendants.  The letter explained that Fungi Perfecti had discovered Defendants are assisting Amazon storefronts selling counterfeit Host Defense products, identified each of the Busineer Storefronts and their associated businesses by name, and demanded that Defendants identify all Amazon storefronts they are affiliated with and assisting as well as information about the operators of the storefronts and the products sold.

56.    Defendants did not respond to Fungi Perfecti's April 25 letter.  After receiving the April 25 letter, however, Defendants made significant changes to Busineer's website, www.busineer.us.  As of the time of filing this Complaint, the Busineer website appears to list fake information about its team members and uses "lorem ipsum" text.

57.    As shown in the screenshot below, before Defendants made changes, the website used to list three addresses as contact information: the Parklake Address, the Bonhomme Address, and an address in Shenzhen, China that is in Chinese characters.  The website also stated that Busineer is headquartered in Atlanta, GA, and "provide[s] professional consulting services to eCommerce."

14



58.   On social media, Qi holds himself out to the public as the president of Busineer and states that Busineer is located in Atlanta and provides services related to "Business Registration for Online Retailers in North America and EU, Online Retail Consulting for Amazon eBay, Walmart, Home Depot Seller Accounts, Online and Offline Marketing and Strategic Plans, [and] Stand-alone eCommerce Retailing Strategies and Implementation."

59.   Through investigation, Fungi Perfecti also identified a social media user named "H Kim" who serves as a "Business Analyst" for Busineer.  According to social media accounts for "H Kim," Busineer provides services such as providing "insight on ecommerce strategies evaluating macro trends," maintaining "financial reports, dashboards, product roadmaps and backlogs," and "managing purchase orders and invoices with vendors."

60.    Fungi Perfecti also discovered more than 200 other companies that: (i) share the Parklake Address, Bonhomme Address, or Arlene Address; (ii) were registered in Missouri; and (iii) list Busineer as their registered agent.

61.    Based on Fungi Perfecti's investigation, Defendants facilitate the Busineer Storefronts' sales of counterfeit Host Defense products—as well as unlawful sales by other Amazon storefronts—by, at minimum: registering the companies that operate the storefronts; obtaining U.S. business addresses for them; acting as registered agent for the companies; providing ongoing advice to the businesses about how to sell on Amazon in the U.S.; managing financial records and product purchase orders and invoices; helping to operate the Storefronts; facilitating the distribution, transfer, and sale of the products sold by the Storefronts; helping prepare products for sale; and taking additional actions to facilitate online sales in the United States through the Amazon marketplace.

62.    Upon information and belief, Defendants register the companies that are identified on the Busineer Storefronts in Missouri using Busineer's own addresses in order to allow the individuals who operate the companies to hide their identities but still appear to U.S. consumers to be legitimate U.S. businesses.

63.    Upon information and belief, the unknown individuals who operate the companies identified on the Busineer Storefronts are located in China.

16

**The Busineer Storefronts Are Selling Counterfeit Host Defense Products**

64.    In March and April 2023, Fungi Perfecti conducted test purchases of Host Defense products from each of the Busineer Storefronts.

65.    Fungi Perfecti conducted extensive review, analysis, and testing of each test purchase, including sending the products to scientific labs to test the ingredients of the products, and determined that four types of products bearing the Host Defense Trademarks were counterfeit—specifically, Lion's Mane Capsules, MyCommunity Capsules, Stamets 7 Capsules, and Turkey Tail Capsules.  Although each of the products bore the Host Defense Trademarks and appeared at a casual glance to be products that were manufactured by Fungi Perfecti, upon closer inspection the packaging, product design, and ingredient makeup of the products confirmed that they were not sold, manufactured, or authorized by Fungi Perfecti.

66.    The counterfeit products that Fungi Perfecti purchased from the Busineer Storefronts were different from authentic Host Defense products in various ways, including several differences in the packaging, product labels, and composition of the products themselves.

67.    Every counterfeit Host Defense product purchased from the Busineer Storefronts arrived in the same type of small, black plastic bag.

17

68.    Based on Fungi Perfecti's investigation, all of the Busineer Storefronts and the products they sell have, at minimum, the following similarities: (i) each Storefront lists either the Arlene Address (Busineer's registered agent's address and Qi and Zhang's residence) or the Parklake Address (Busineer's principal office address and the business address for each of Busineer's officers) as its business address; (ii) the business operating each Storefront was registered in Missouri by Qi for the purpose of "Online Retail," using the Parklake Address and zirun.qi@busineer.us email address; (iii) Busineer is the registered agent for each business operating each Storefront and Busineer's Bonhomme Address is the registered agent address for each business; (iv) each Storefront sells counterfeit Host Defense products that contain unsafe gluten or soy ingredients; and (v) each Storefront sells counterfeit Host Defense products with the same packaging and other differences.

69.    Defendants have knowingly and intentionally facilitated the sale of products, through the Busineer Storefronts, bearing counterfeit reproductions of the Host Defense Trademarks that are identical to or substantially indistinguishable from authentic Host Defense products.

70.    After receiving the April 25 letter informing Defendants that the Busineer Storefronts are selling counterfeit Host Defense products, Defendants

continued to facilitate the Storefronts' infringement including by facilitating the distribution, transfer, and sale of counterfeit Host Defense products.

71.     Because Fungi Perfecti has identified other Amazon storefronts selling counterfeit products on the same product listings used by the Busineer Storefronts, and because Defendants have registered more than 200 other businesses in Missouri alone, upon information and belief, Defendants have facilitated the sale of counterfeit Host Defense products through other Amazon storefronts by providing the same services to the operators of those storefronts as they provide for the Busineer Storefronts.  Fungi Perfecti cannot know the quantity or identities of these other storefronts until it takes discovery from Defendants in this action.

**Fungi Perfecti Has Suffered Substantial Harm Because of Defendants' Conduct**

72.     As set forth above, the sale of counterfeit Host Defense products has caused significant harm to Fungi Perfecti and the Host Defense brand.

73.     Consumers are often unaware when they purchase counterfeit products on the internet that appear to be authentic products.  When a consumer receives a counterfeit product from an unauthorized seller, like the Busineer Storefronts, the consumer associates that negative experience with Fungi Perfecti and the Host Defense brand.  As such, the Busineer Storefronts' ongoing sale of counterfeit

products bearing the Host Defense Trademarks harms Fungi Perfecti and the Host Defense brand.

74.     The Busineer Storefronts would not be able to sell counterfeit Host Defense products without the services that Defendants provide.  The purpose of the services Defendants provide is to enable and allow the Busineer Storefronts and other Amazon storefronts to sell counterfeit Host Defense products on Amazon when they otherwise could not.

75.     Defendants also enable and allow the individuals who operate the companies identified on the Busineer Storefronts to remain anonymous and appear to be legitimate U.S. businesses to U.S. consumers.

76.     Fungi Perfecti has suffered, and will continue to suffer, significant monetary harm because of Defendants' actions including, but not limited to, loss of sales, damage to its intellectual property, and damage to its existing and potential business relations.

77.     Fungi Perfecti has suffered, and will continue to suffer, irreparable harm because of Defendants' actions, including, but not limited to, irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

78.     Fungi Perfecti is entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to facilitate the sale of counterfeit Host Defense products, causing continued irreparable harm to Fungi Perfecti and its reputation, goodwill, relationships, intellectual property, and brand integrity.

79.     Furthermore, Defendants' conduct was and is knowing, reckless, intentional, willful, malicious, wanton, and contrary to law.

80.     Defendants' disregard of communications from Fungi Perfecti and continuation of its assistance to the Busineer Storefronts despite being informed of their unlawful conduct demonstrates that Defendants are acting intentionally, willfully, and maliciously.

81.     Defendants' willful violations of the Host Defense Trademarks and continued pattern of misconduct demonstrate intent to harm Fungi Perfecti.

## FIRST CAUSE OF ACTION
### Trademark Counterfeiting
### 15 U.S.C. § 1114

82.     Fungi Perfecti hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

83.     Turtle Bear Holdings owns the Host Defense Trademarks.

84.     Turtle Bear Holdings has registered the Host Defense Trademarks with the United States Patent and Trademark Office.

85.    The Host Defense Trademarks are valid and subsisting trademarks in full force and effect.

86.    The Busineer Storefronts willfully and knowingly used in commerce, and continue to use, counterfeit reproductions of the Host Defense Trademarks that are identical to, or substantially indistinguishable from, the Host Defense Trademarks on goods covered by Fungi Perfecti's federal trademark registrations.

87.    The Busineer Storefronts have intentionally used these spurious designations, knowing that they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods.

88.    The Busineer Storefronts' use of the Host Defense Trademarks to advertise, promote, offer for sale, distribute, and sell products bearing counterfeit trademarks was at all times and is currently without Fungi Perfecti's authorization, license, or consent.

89.    The Busineer Storefronts' unauthorized use of the Host Defense Trademarks on goods bearing counterfeit trademarks in connection with their advertisement, promotion, sale, offering for sale, and distribution of goods on the Internet constitutes use of the Host Defense Trademarks in commerce.

90.    The Busineer Storefronts' unauthorized use of the Host Defense Trademarks is likely to: (a) cause confusion, mistake, and deception; (b) cause the

public to incorrectly believe that the Busineer Storefronts' goods are the same as authentic Host Defense products and/or that the products sold by the Busineer Storefronts are affiliated with, connected to, associated with, or in some way related to Fungi Perfecti; (c) result in the Busineer Storefronts benefiting from Fungi Perfecti's advertising and promotion; and (d) result in the Busineer Storefronts unfairly profiting from Fungi Perfecti's reputation and trademarks, all to the substantial and irreparable injury of the public, Fungi Perfecti, the Host Defense Trademarks, and the substantial goodwill they represent.

91.    The Busineer Storefronts' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

92.    Defendants provide numerous services that allow the Busineer Storefronts to sell counterfeit Host Defense products on Amazon.  Among other things, Defendants: (1) register the Busineer Storefronts' businesses in the U.S.; (2) provide a U.S. business address for the Storefronts to display on Amazon; (3) serve as U.S. registered agent for the Storefronts' businesses; (4) provide ongoing advice to the operators of the Busineer Storefronts about selling on Amazon in the U.S.; (5) manage financial records and product purchase orders and invoices; (6) facilitate the distribution, transfer, and sale of products sold by the Busineer Storefronts; and (7) help to prepare products for sale and operate the Busineer Storefronts.

93.    The Busineer Storefronts would not be able to sell counterfeit Host Defense products without the services that Defendants provide.  The purpose of the services Defendants provide is to enable and allow the Busineer Storefronts to sell products on Amazon when they otherwise could not.

94.    Defendants have direct control over the instrumentality the Busineer Storefronts use to infringe the Host Defense Trademarks, which are the Busineer Storefronts themselves.  Defendants could prevent the Busineer Storefronts from selling counterfeit Host Defense products through the Busineer Storefronts if they stopped providing services to the Busineer Storefronts, for example by refusing to provide U.S. business registrations, addresses, and registered agent services that permit the Busineer Storefronts' operators to operate anonymously on Amazon.

95.    By no later than April 25, 2023, Defendants have also had actual knowledge that the Busineer Storefronts are infringing Fungi Perfecti's trademarks by selling products bearing counterfeit reproductions of the Host Defense Trademarks to consumers through the Amazon Storefronts.  On that date, Fungi Perfecti sent a cease-and-desist letter to Defendants by email and overnight mail that: (i) explained that the Busineer Storefronts' are selling counterfeit Host Defense products are infringe the Host Defense Trademarks; and (ii) demanded that

Defendants provide identifying and other information about the Busineer Storefronts.

96.    Despite having this actual knowledge and the ability to stop the Busineer Storefronts' sales, Defendants have continued to provide the same services to the Busineer Storefronts that have allowed the Busineer Storefronts to continue selling a high volume of counterfeit Host Defense products.

97.    As a proximate result of Defendants' actions, Fungi Perfecti has suffered, and will continue to suffer, immediate and irreparable harm.  Fungi Perfecti has also suffered, and continues to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

98.    By reason of the foregoing, Defendants are liable to Fungi Perfecti for: (a) statutory damages of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Fungi Perfecti's election, an amount representing three times Fungi Perfecti's damages and/or the Busineer Storefronts' illicit profits garnered from Defendants' contributory trademark counterfeiting; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

99.    Fungi Perfecti is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' contributory trademark

infringement and, unless Defendants are permanently enjoined, Fungi Perfecti will suffer irreparable harm.

100. Fungi Perfecti is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants have willfully, intentionally, maliciously, and in bad faith engaged in contributory trademark counterfeiting and contributory trademark infringement of the Host Defense Trademarks.

## SECOND CAUSE OF ACTION
### Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

101. Fungi Perfecti hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

102. As set forth above, Defendants are facilitating the sale of infringing products bearing counterfeit reproductions of the Host Defense Trademarks by the Busineer Storefronts.

103. The Busineer Storefronts' sales of counterfeit Host Defense products are likely to cause consumer confusion and lead consumers to believe that the products are affiliated with, connected with, or associated with Fungi Perfecti when they are not.

104. The Busineer Storefronts' sales of counterfeit Host Defense products are likely to cause consumer confusion and lead consumers to believe that the

26

products originate from, are sponsored by, or are approved by Fungi Perfecti when they are not.

105.   Defendants facilitate the Busineer Storefronts' sale of counterfeit Host Defense products by providing numerous services that allow the Busineer Storefronts to sell counterfeit Host Defense products on Amazon, including but not limited to registering the businesses, obtaining U.S. business addresses, and serving as registered agent for the businesses operating the Busineer Storefronts.

106.   The Busineer Storefronts would not be able to sell counterfeit Host Defense products without the services that Defendants provide.  The purpose of the services Defendants provide is to enable and allow the Busineer Storefronts to sell products on Amazon when they otherwise could not.

107.   Defendants' conduct constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

108.   Fungi Perfecti is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' contributory unfair competition and, unless Defendants are permanently enjoined, Fungi Perfecti will suffer irreparable harm.

109.   Fungi Perfecti is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith engaged in contributory unfair competition.

## THIRD CAUSE OF ACTION
### Common Law Unfair Competition

110.   Fungi Perfecti hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

111.   As set forth above, Defendants are facilitating the sale of infringing products bearing counterfeit reproductions of the Host Defense Trademarks by the Busineer Storefronts.

112.   The Busineer Storefronts' sales of counterfeit Host Defense products are likely to cause consumer confusion and lead consumers to believe that the products are affiliated with, connected with, or associated with Fungi Perfecti when they are not.

113.   The Busineer Storefronts' sales of counterfeit Host Defense products are likely to cause consumer confusion and lead consumers to believe that the products originate from, are sponsored by, or are approved by Fungi Perfecti when they are not.

114.   Defendants facilitate the Busineer Storefronts' sale of counterfeit Host Defense products by providing numerous services that allow the Busineer

Storefronts to sell counterfeit Host Defense products on Amazon, including but not limited to registering the businesses, obtaining U.S. business addresses, and serving as registered agent for the businesses operating the Busineer Storefronts.

115.   The Busineer Storefronts would not be able to sell counterfeit Host Defense products without the services that Defendants provide.  The purpose of the services Defendants provide is to enable and allow the Busineer Storefronts to sell products on Amazon when they otherwise could not.

116.   Defendants' conduct constitutes unfair competition at common law.

117.   As a result, Fungi Perfecti has suffered, and continues to suffer, immediate and irreparable harm.  Fungi Perfecti has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

118.   Fungi Perfecti is also entitled to punitive damages because Defendants acted with actual malice accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by their acts and omissions.

### **PRAYER FOR RELIEF**

WHEREFORE, Fungi Perfecti prays for relief and judgment as follows:

A.   Judgment in favor of Fungi Perfecti and against Defendants in an amount to be determined at trial including, but not limited to, compensatory

damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    That a permanent injunction be issued enjoining Defendants; their agents, servants, employees, and attorneys; and other persons who are in active concert or participation with them ("Enjoined Parties") as follows:

    i)    Prohibiting the Enjoined Parties from providing services to or otherwise assisting individuals or entities who intend to advertise, distribute, or sell products bearing counterfeit reproductions of the Host Defense Trademarks, including but not limited to registering businesses in the U.S. for such individuals or entities, acting as registered agent for such individuals or entities, and reviewing financial records, product invoices, or other business records for such individuals or entities;

    ii)    Prohibiting the Enjoined Parties from using the Host Defense Trademarks in any manner, including advertising on the internet;

    iii)    Requiring the Enjoined Parties to identify all Amazon storefronts selling counterfeit Host Defense products with which the Enjoined Parties are associated in any capacity, including

complete identifying information for each storefront including the name(s) or all associated individuals and/or business entities operating the storefront and mailing addresses, email addresses, and telephone numbers where they can be contacted;

iv) Requiring the Enjoined Parties to identify all business entities and individuals involved in manufacturing and/or distribution of the counterfeit Host Defense products sold on the Busineer Storefronts, as well as all business entities and individuals involved in supplying, procuring, purchasing, transporting, importing, shipping, delivering, and preparing for sale all products bearing counterfeit reproductions of the Host Defense Trademarks sold on Amazon, including full names, mailing address, email addresses, and telephone numbers where they can be contacted;

v) Requiring the Enjoined Parties to identify the quantity of counterfeit Host Defense products that were sold by every storefront associated with the Enjoined Parties;

C. An award of attorneys' fees, costs, and expenses; and

31

D.     Such other and further relief as the Court deems just, equitable and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fungi Perfecti demands a trial by jury on all issues so triable.

Submitted this 22nd day of June, 2023

*/s/ Angelina Whitaker*
Angelina Whitaker (Bar No. 370141)
Blue Sky Law
4045 Orchard Road, Bldg. 400
Atlanta, GA 30080
Tel: (678) 973-4871
Fax: (404) 998-8012
Email: awhitaker@blueskylaw.com

Emma K. Morehart (*pro hac vice forthcoming*)
Vorys, Sater, Seymour and Pease, LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Tel: (513) 723-4036
Fax: (513) 723-4036
Email: ekmorehart@vorys.com

*Attorneys for Plaintiffs Fungi Perfecti, LLC and Turtle Bear Holdings, LLC*