UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEREMY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ACS TRANSPORT, LLC, DRIVE NEW JERSEY INSURANCE COMPANY, and KASAP ZEKERIYA,<br><br>    Defendants. | Civil Action File No.:<br><br>_____ |

**<u>DEFENDANT DRIVE NEW JERSEY INSURANCE COMPANY'S BRIEF IN SUPPORT OF RENEWED NOTICE OF REMOVAL</u>**

COMES NOW DRIVE NEW JERSEY INSURANCE COMPANY ("Defendant" or "Drive New Jersey"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file this Brief in Support of its Renewed Notice of Removal, showing this Court as follows:

**<u>PROCEDURAL BACKGROUND</u>**

On August 26, 2022, Jeremy Smith filed this action in the State Court of Cherokee County, Georgia against the Defendants named above, including Progressive. (Compl. Ex. A.) Smith alleges Defendants are liable for injuries he sustained in a motor vehicle accident on December 13, 2021 that occurred on

Highway 92 at the intersection of Northpoint Parkway in Cherokee County, Georgia. (Compl. ¶ 9.). Specifically, Plaintiff alleged that Progressive was liable to the Plaintiff under the Georgia Direct Action Statute pursuant to O.C.G.A. § 40-2-140 as the alleged insurer for Defendant ACS Transport, LLC. (Compl. ¶ 40).

Progressive removed this Court to this Honorable Court on or about October 10, 2022. (See Doc. 1, Jeremy Smith v. ACS Transport, LLC, Case No. 1:22-cv-04060-VMC, United States District Court for the Northern District of Georgia, Atlanta Division, hereinafter "*Smith* Case"). On October 19, 2022, this Court reviewed the matter *sua sponte* for subject matter jurisdiction and remanded the case to State Court. (See *Smith* Case, Doc. 6). The Court specifically found, "In the event Defendant obtains information in discovery that establishes by a preponderance of the evidence that the amount in controversy is more than $75,000.00, Defendant can remove the action pursuant to 28 U.S.C. 1446(b)(3)." (*Id.*).

In the interim, the caption of the case has been cleaned up. Defendant National Continental Insurance Company has been dismissed without prejudice. (See Dismissal Without Prejudice, filed on November 30, 2022 and part of Exhibit A). Defendant Drive New Jersey Insurance Company was substituted in place of Progressive Mountain Insurance Company, dismissing Progressive Mountain Insurance Company, on or about December 9, 2022. (See Order, dated December 9,

2022, included as part of Ex. A).

After several months of discovery, Defendant received a demand from Plaintiff for the first time. On or about June 1, 2023, Plaintiff demanded $125,000.00 from Defendant Drive New Jersey Insurance Company and $25,000.00 from Defendant Zekeriya's insurance company for a global demand of $150,000.00. (See Email Demand from Plaintiff, a true and correct copy of which is attached hereto as Exhibit B). The amount in controversy requirement is satisfied.

Each Defendant has answered the Plaintiff's Complaint. (See Ex. A, *generally*). Complete diversity exists between the parties. Smith is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1). Defendant ACS Transport, LLC is a New Jersey corporation. (Compl. Ex. A ¶ 2). Defendant Drive New Jersey Insurance Company is a New Jersey corporation. (See Order No. E19-90 State of New Jersey Department of Banking and Insurance Consent Order Involving Drive New Jersey Insurance Company, a true and correct copy of which is attached hereto as Exhibit C; Subsidiaries of the Progressive Corporation, a true and correct copy of which is attached hereto as Exhibit D). Defendant Kasap Zekeriya is a citizen and resident of the State of New Jersey. (Compl. Ex. A ¶ 5).

Drive New Jersey seeks to timely remove this matter to the United States District Court for the Northern District of Georgia, Atlanta Division. Drive New

Jersey represents to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a).

## ARGUMENT AND CITATION OF AUTHORITY

**A.  This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This action is removable under 28 U.S.C. § 1441(a)–(b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a) which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States . . . .

Drive New Jersey shows this Honorable Court that complete diversity exists among Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**1.  There is complete diversity.**

It is undisputed that there is complete diversity between Plaintiff and the Defendants to this action. Complete diversity exists between the parties. Smith is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1). Defendant ACS Transport, LLC is a New Jersey corporation. (Compl. Ex. A ¶ 2). Defendant

Drive New Jersey Insurance Company is a New Jersey corporation. (See Exhibit C and D). Defendant Kasap Zekeriya is a citizen and resident of the State of New Jersey. (Compl. Ex. A ¶ 5).

To the extent Plaintiff seeks to add as additional defendants Ahmet Ceynek and NJ Road Transport, LLC, several points bear mentioning. First, as of the preparation of this Removal, neither Ceynek nor NJ Road Transport, LLC have been added as Defendants. Second, these defendants "may be ignored, not only for purposes of the bar upon removal of diversity cases that include forum state citizen defendants, but also for the purpose of requiring [its] joinder in the notice of removal." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3730 (Rev. 4th ed.) (April 2022 update); *see also Francis v. Great West Cas. Co.*, Civil Action No. 5-17-CV-432 (MTT), 2018 WL 999679 (M.D. Ga. Feb. 21, 2018). Third, even if and once they are served, complete diversity still exists. Upon information and belief, Ceynek is a New Jersey resident. Upon information and belief, NJ Road Transport, LLC is a New Jersey corporation. There is complete diversity.

2. <u>**The amount in controversy exceeds $75,000.00.**</u>

Plaintiff's Complaint did not contain an *ad damnum* clause setting a specific amount of damages sought by the Plaintiff such that the exact amount in controversy

in this cause of action is readily ascertained. This was part of the reasoning behind this Courts decision to remand the case to state court. (See *Smith* Case, Doc. 6).

However, since remand and within the one-year time period allowed by 28 U.S.C. § 1446(b)(3), the amount in controversy is now proven by a preponderance of the evidence. 28 U.S.C. § 1446(b)(3) provides that if a case is not removable on the face of the initial pleading, a defendant may file a notice of removal within thirty (30) days of receiving an "amended pleading, motion, order or other paper" that makes the case removable. Subsection (c)(1) provides that such a removal must happened within 1 year of the commencement of the action.

Drive New Jersey has received such an "other paper" contemplated by 28 U.S.C. § 1446(b)(3). After several months of discovery, Defendant received a demand from Plaintiff for the first time. On or about June 1, 2023, Plaintiff demanded $125,000.00 from Defendant Drive New Jersey Insurance Company and $25,000.00 from Defendant Zekeriya's insurance company for a global demand of $150,000.00. (See Exhibit B). The amount in controversy requirement is satisfied.

Therefore, the diversity of citizenship and amount in controversy requirements for removal are clearly satisfied. Drive New Jersey sought removal of this case within thirty (30) days of learning of the Plaintiff's new demand of $150,000.00. This case is removable at this time.

### B. Progressive Has Timely Sought Removal Of The Case Once The Case Became Removable Under 28 U.S.C. § 1446(b)(3).

A party must file a notice of removal of a civil action within 30 days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b)(1). However, if a case is not removable upon the initial pleading, then a defendant has one year to remove a case that becomes removable after filing. *See* 28 U.S.C. §§ 1446(b)(3), 1446(c)(1). A defendant must remove the case within 30 days after learning the case has become removable "through service or otherwise, of a copy of an amended pleading, motion, order or other paper." 28 U.S.C. §§ 1446(b)(3)/

Here, on or about June 1, 2023, Plaintiff demanded $125,000.00 from Defendant Drive New Jersey Insurance Company and $25,000.00 from Defendant Zekeriya's insurance company for a global demand of $150,000.00. (See Exhibit B). The deadline to remove this case is July 1, 2023. This removal is timely filed.

### C. All Defendants Consent to This Removal.

Drive New Jersey is authorized to say that all Defendants consent to this removal. (See Defendants' Consent to Removal, a true and correct copy of which is attached hereto as Exhibit E). Removal is proper.

## CONCLUSION

WHEREFORE, Drive New Jersey respectfully submits this matter to this Court's jurisdiction. Pursuant to 28 U.S.C. § 1446(d), Drive New Jersey will provide

written notice to all adverse parties and file a copy of its Notice of Removal with the Clerk of the Court for the State Court of Cherokee County, Georgia.

This the 22nd day of June, 2023.

                MOSELEY MARCINAK LAW GROUP, LLP

                */s/ Blair J. Cash*
                Blair J. Cash, Esq.
                Georgia Bar No. 360457
                blair.cash@momarlaw.com
                Donavan K. Eason
                Georgia Bar No. 487358
                donavan.eason@momarlaw.com
                *Attorneys for Defendant Drive New Jersey Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1(C). Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

                                              MOSELEY MARCINAK LAW GROUP, LLP

                                              */s/ Blair J. Cash*
                                              Blair J. Cash, Esq.
                                              Georgia Bar No. 360457
                                              blair.cash@momarlaw.com
                                              Donavan K. Eason
                                              Georgia Bar No. 487358
                                              donavan.eason@momarlaw.com
                                              *Attorneys for Defendant Drive New Jersey Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

852365

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system, e-mail, and/or U.S. Mail addressed to counsel of record as follows:

| | |
|---|---|
| Donald W. Singleton<br>Singleton Law Firm, LLC<br>8425 Dunwoody Place<br>Atlanta, Georgia 30350<br>don@dwsingletonlaw.com | Jennifer Pridgeon<br>Lueder, Larkin & Hunter, LLC<br>3535 Piedmont Road, NE<br>Building 14, Suite 205<br>Atlanta, Georgia 30305<br>jpridgeon@luederlaw.com |

Megan L. Prince-Miller
Melissa Roth
Law Office of McLaughlin & Ream
P.O. Box 7127
London, Kentucky 40742
mclaughlinelectronicmail@libertymutual.com

This the 22nd day of June, 2023.

                                                MOSELEY MARCINAK LAW GROUP, LLP

                                                */s/ Blair J. Cash*
                                                Blair J. Cash, Esq.
                                                Georgia Bar No. 360457
                                                blair.cash@momarlaw.com
                                                Donavan K. Eason
                                                Georgia Bar No. 487358
                                                donavan.eason@momarlaw.com
                                                *Attorneys for Defendant Drive New Jersey Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688

{00968018-2}                     Page **10** of **11**

Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00968018-2}             Page **11** of **11**