# EXHIBIT A

GEORGIA, ___CHEROKEE___ COUNTY

STATE COURT OF ___CHEROKEE___ COUNTY

_____
**Civil Division**

DO NOT WRITE IN THIS SPACE

**CIVIL ACTION FILE NO.**

22SCE0739

_JEREMY SMITH_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

ACS TRANSPORT, LLC, NATIONAL CONTINENTAL

INSURANCE COMPANY, PROGRESSIVE MOUNTAIN

INSURANCE COMPANY AND KASAP ZEKERIYA

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:___Singleton Law Firm, LLC_____

Address:_8425 Dunwoody Pl_____

City, State, Zip Code:Atlanta, Georgia 30350_____     Phone No.:___(770) 889-6010_____

an answer to the complaint, which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint,

This ___26___ day of ___AUGUST_____ __2022____.

Clerk of Superior/State Court

By:___/s/ Bett Webb_____

Deputy Clerk

State Court of Cherokee County
**E-Filed**
22SCE0739
8/26/2022 12:04 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

               Plaintiff,

vs.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY and KASAP ZEKERIYA,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

22SCE0739

## COMPLAINT

COMES NOW Jeremy Smith, Plaintiff, and makes and files this complaint against Defendants ACS Transport, LLC, National Continental Insurance Co., Progressive Mountain Insurance Company and Kasap Zekeriya as follows:

## PARTIES, SERVICE, AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court. The collision happened in the state of Georgia on Hwy 92 at the intersection of Northpoint Parkway in Cherokee County, Georgia. Plaintiff is subject to the jurisdiction of this Court and submits himself to the venue of this Court.

2.

Defendant ACS Transport, LLC. ("ACS") is a foreign corporation, existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey at 133 Park Avenue, Jackson, NJ 08527. Defendant ACS is a for-hire, interstate motor carrier transporting goods regularly through Cherokee County. Defendant ACS's truck and trailer was

involved in an accident in this Court's jurisdiction. Defendant ACS may be served with a Summons and Complaint via the long-arm statute, O.C.G.A. § 9-10-90 through O.C.G.A. § 9-10-94 through its Registered Agent, Sonay Tepe at 133 Park Avenue, Jackson, NJ 08527. Alternatively, service is proper on the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 et. seq. and/or any applicable provisions under Georgia law. Once served, Defendant ACS, is subject to the jurisdiction and venue of this court.

3.

Defendant National Continental Insurance Co. ("National Continental") is a for-profit corporation, which is authorized to transact business in Georgia. Defendant National Continental has transacted business within the state of Georgia and within the venue of this Court, currently transacts business within the state of Georgia and within the venue of this Court and has an office within the venue of this Court. Thus, venue is proper as to Defendant National Continental in this Court. Defendant National Continental was the insurer/surety for Defendant ACS on and before the date of the incident at issue. Therefore, pursuant to Georgia's Direct-Action Statutes, O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112, Defendant National Continental is a proper party in this action. Defendant National Continental may be served with a Summons and Complaint via its Registered Agent, as of the date of the filing of this Complaint, CT Corporation System, 289 South Culver St, Gwinnett County, Lawrenceville, Georgia, 30046-4805.

4.

Defendant Progressive Mountain Insurance Company ("Progressive Mountain") is a for-profit corporation, which is authorized to transact business in Georgia. Defendant Progressive Mountain has transacted business within the state of Georgia and within the venue of this Court, currently transacts business within the state of Georgia and within the venue of this Court and

has an office within the venue of this Court. Thus, venue is proper as to Defendant Progressive Mountain in this Court. Defendant Progressive Mountain was the insurer/surety for Defendant ACS on and before the date of the incident at issue. Therefore, pursuant to Georgia's Direct-Action Statutes, O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112, Defendant Progressive Mountain is a proper party in this action. Defendant Progressive may be served with a Summons and Complaint via its Registered Agent, as of the date of the filing of this Complaint, CT Corporation System, 289 South Culver St, Gwinnett County, Lawrenceville, Georgia, 30046-4805.

5.

Defendant Kasap Zekeriya ("Zekeriya") is a resident of the State of New Jersy and may be served at his resident address at 257 7th Street, Clifton, NJ 07011 and is subject to the jurisdiction of this court. Defendant Zekeriya was negligent or reckless in the driving and operation of a truck owned by ACS in Cherokee County, Georgia, on or around December 13, 2021. Such negligence or recklessness caused serious injury to Plaintiff and his property. Service is proper on the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 et. seq. and/or any applicable provisions under Georgia law. Once served, Defendant Zekeriya is subject to the jurisdiction and venue of this court. Plaintiff also will send a copy of the complaint and documents attached to Defendant Zekeriya's address 257 7th Street, Clifton, NJ 07011, via certified mail.

6.

Defendants ACS, National Continental, Progressive Mountain and Defendant Zekeriya are joint tortfeasors.

7.

The wreck at issue occurred in Cherokee County, Georgia. Therefore, pursuant to O.C.G.A. §40- 1-117(b), and O.C.G.A. § 9-10-90 through O.C.G.A. § 9-10-94, venue as to Defendant ACS, Defendant National Continental, Defendant Progressive Mountain and Defendant Zekeriya is proper in Cherokee County.

8.

Jurisdiction and venue are proper in this court as to all Defendants.

## BACKGROUND & FACTS

9.

On or about December 13, 2021, Plaintiff was traveling south in a vehicle on HWY 92 at the intersection of Northpoint Parkway in Cherokee County, Georgia.

10.

Suddenly and without warning, a truck and car-hauler trailer driven by Defendant Zekeriya attempted to turn left at the intersection in front of Plaintiff's vehicle. Plaintiff was unable to avoid the Defendant's truck and trailer and struck it with his vehicle.

11.

As a result of Defendants' actions and the resulting collision, Plaintiff suffered serious bodily injuries.

12.

Defendant Zekeriya's inattentiveness, failure to yield-left turn, and otherwise negligent and/or reckless driving caused the collision and incident at issue.

13.

At the time of this incident, Defendant Zekeriya was operating the truck for and within the course and scope of his employment with Defendant ACS.

14.

At the time of this incident, Defendant Zekeriya was piloting a commercial truck/trailer owned and operated by Defendant ACS.

## COUNT I & II – NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT ZEKERIYA

15.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs as if fully restated.

16.

Defendant Zekeriya was negligent in making an improper left turn, failing to yield the right of way, and failing to keep a proper look out for vehicles on the roadway.

17.

Defendant Zekeriya was negligent in colliding with Plaintiff's vehicle.

18.

Defendant Zekeriya's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

19.

Defendant Zekeriya was negligent and/or reckless in the operation of the truck in, among other ways:

(a) Failing to yield to Plaintiff;

(b) Failing to yield while turning left;

(c) Failing to keep a lookout for other vehicles;

(d) Failing to perform a proper visual search;

(e) Failing to properly manage his space;

(f) Causing a collision to occur with the vehicle being operated by Plaintiff;

(g) Failing to drive defensively;

(h) Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

(i) Failing to adhere to safe driving principles expected of commercial drivers;

(j) Failing to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(k) Failing to operate the ACS's truck/trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(l) Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and

(m) Such other specifications of negligence that shall be added by amendment or proven at trial.

20.

Defendant Zekeriya breached his duties and was negligent in at least on or more of the respects described above.

21.

Additionally, Defendant Zekeriya's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence per se.

22.

Additionally, Defendant Zekeriya's conduct violated the Federal Motor Carrier Safety Regulations and each such violation constitutes negligence per se.

23.

Defendant Zekeriya was negligent and/or negligent per se in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

## COUNT III – IMPUTED LIABILITY

24.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

25.

At the time of the subject collision, Defendant Zekariya was under dispatch for Defendant ACS.

26.

At the time of the subject collision, Defendant Zekariya was operating his vehicle on behalf of Defendant ACS.

27.

Defendant ACS is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Zekariya in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

28.

At the time of the subject collision, Defendant Zekariya was operating a vehicle that bore a placard/sign on the door of the Vehicle, showing: ACS TRANSPORT LLC, JACKSON, NJ, DOT # 3545710, MC #1185561.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION
## BY DEFENDANT ACS TRANSPORT, LLC

29.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

30.

Defendant ACS was negligent in hiring Defendant Zakariya and entrusting him to drive a truck and car-hauler trailer.

31.

Defendant ACS was negligent in failing to properly train Defendant Zakariya.

32.

Defendant ACS was negligent in failing to properly supervise Defendant Zakariya.

33.

Defendant ACS's negligence in hiring Defendant Zekariya and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT V – DIRECT ACTION AGAINST

## DEFENDANT NATIONAL CONTINENTAL INSURANCE CO.,

34.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

35.

Defendant National Continental is subject to a direct action as the insurer for Defendant ACS pursuant to O.C.G.A. § 40-2-140.

36.

Defendant National Continental was the insurer of Defendant ACS at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation. Defendant National Continental charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant National Continental has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for

37.

Defendants ACS and National Continental are subject to the filing requirements outlined in O.C.G.A. § 40-2-140. and/or O.C.G.A. § 40-1-112 and properly named as a Defendant herein.

38.

Defendant National Continental is responsible for any judgment rendered against Defendant ACS.

## COUNT VI – DIRECT ACTION AGAINST

## DEFENDANT PROGRESSIVE MOUNTAIN INSURANCE CO.,

39.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

40.

Defendant Progressive Mountain is subject to a direct action as the insurer for Defendant ACS pursuant to O.C.G.A. § 40-2-140.

41.

Defendant Progressive Mountain was the insurer of Defendant ACS at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation. Defendant Progressive Mountain charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant Progressive Mountain has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for

42.

Defendants ACS, National Continental and Progressive Mountain are subject to the filing requirements outlined in O.C.G.A. § 40-2-140. and/or O.C.G.A. § 40-1-112 and properly named as a Defendant herein.

43.

Defendant Progressive Mountain is responsible for any judgment rendered against Defendant ACS.

## COUNT VII – DAMAGES

44.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

45.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

46.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

47.

As a result of Defendant's negligence, Plaintiff has incurred reasonable and necessary known medical expenses to date:

| | |
|---|---|
| Wellstar Kennestone Hospital | $ 8,967.00 |
| Integrated Healthcare Center of Woodstock, LLC | $13,490.00 |
| Elite Radiology of Marietta | $ 3,900.00 |
| Quantum Radiology | $   317.75 |
| Medici Surgical Center Cobb | $ 2,467.60 |
| Preferred Pharmacy | $   787.61 |
| | **$29,929.96** |

## COUNT VIII – PUNITIVE DAMAGES

48.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

49.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

50.

Defendant National Continental charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant National Continental has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for.

51.

Defendant Progressive Mountain charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant Progressive Mountain has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for.

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

a.      That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.   That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.   That Plaintiff recover such other and further relief as is just and proper

Respectfully Submitted,

**SINGLETON LAW FIRM, LLC**

/s/ Donald W. Singleton
By:  Donald W. Singleton
Attorney for Plaintiff
Georgia Bar No.: 649043

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
Fax:  (888) 314-6165
Email: don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
8/26/2022 12:04 PM  BW
Patty Baker, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

### State Court of CHEROKEE      County

| For Clerk Use Only | |
|---|---|
| Date Filed __8/26/2022__ | Case Number ___22SCE0739___ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

__SMITH  JEREMY__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

__ACS TRANSPORT, LLC__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__NATIONAL CONTINENTAL INSURANCE CO__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__PROGRESSIVE MOUNTAIN INS CO__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__ZEKERIYA   KASAP__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney:** __DONALD W SINGLETON__      **State Bar Number** __649043__      **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- [x] **Automobile Tort**
- [ ] **Civil Appeal**
- [ ] **Contempt/Modification/Other Post-Judgment**
- [ ] **Contract**
- [ ] **Garnishment**
- [ ] **General Tort**
- [ ] **Habeas Corpus**
- [ ] **Injunction/Mandamus/Other Writ**
- [ ] **Landlord/Tenant**
- [ ] **Medical Malpractice Tort**
- [ ] **Product Liability Tort**
- [ ] **Real Property**
- [ ] **Restraining Petition**
- [ ] **Other General Civil**

**Domestic Relations Cases**

- [ ] **Adoption**
- [ ] **Contempt**
  - [ ] **Non-payment of child support, medical support, or alimony**
- [ ] **Dissolution/Divorce/Separate Maintenance/Alimony**
- [ ] **Family Violence Petition**
- [ ] **Modification**
  - [ ] **Custody/Parenting Time/Visitation**
- [ ] **Paternity/Legitimation**
- [ ] **Support – IV-D**
- [ ] **Support – Private (non-IV-D)**
- [ ] **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

**X** I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Cherokee County
**E-Filed**
22SCE0739
8/26/2022 12:04 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

                Plaintiff,

vs.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY and KASAP ZEKERIYA,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

22SCE0739

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants by and through its counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for

response within forty-five (45) days after service hereof, in the form provided by law, the following

interrogatories and requests for production of documents, the same being continuing in nature,

requiring a supplemental response upon the discovery of other or further information or documents

affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you

or in your possession or in the possession of any agent, insurer, investigator or attorney acting in

your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest

in the tractor or trailer (including any container or chassis if applicable) driven by Defendant

Zekeriya on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Zekeriya from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Zekeriya on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta,

Georgia 30350, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Zekeriya.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of the bill of lading for any loads carried by Defendant Zekeriya for the eight day period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Zekeriya, identify:

    (a)     Where the load originated;

    (b)     The contents thereof;

    (c)     The weight of said load;

    (d)     The final destination of the load; and

    (e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the policy of insurance identified in response to Interrogatory No. 9.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any trip reports or dispatch records in regard to Defendant Zekeriya for the two week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of all driver's logs or time cards for Defendant Zekeriya for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Zekeriya for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of Defendant Zekeriya's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)    Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)    Certification of driver's road test;

(k)    Medical examiners certificate;

(l)    Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)    Drug testing records; and

(o)    Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Zekeriya?  If so, please state:

(a)    The date of testing;

(b)    Who performed the test;

(c)    Where the test was performed; and

(d)    The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Zekeriya.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Zekeriya, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the accident register for Defendant for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any driver manuals, guidelines, rules or regulations issued to drivers by

Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Zekeriya.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Zekeriya.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Zekeriya at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any document concerning any violation identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Zekeriya by this Defendant or any outside agency since the date of Defendant Zekeriya's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any documents regarding any training received by Defendant Zekeriya.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any permits or licenses regarding the tractor and trailer driven by Defendant Zekeriya and the load transported by Defendant Zekeriya at the time of the incident referred to in the complaint.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Zekeriya (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Zekeriya, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all motor vehicle records or reports of any kind received from any private

corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Zekeriya since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Zekeriya prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Zekeriya's date of birth, social security number and driver's license #?

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Zekeriya on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)    Was an eyewitness to the incident complained of in this action;

(b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta,

Georgia 30350, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This ___*26*___ day of August, 2022.

Respectfully Submitted,

**SINGLETON LAW FIRM, LLC**

/s/ Donald W. Singleton
By:  Donald W. Singleton
Attorney for Plaintiff
Georgia Bar No.: 649043

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
Fax:  (888) 314-6165
Email: don@dwsingletonlaw.com

Sheriff Number: 22027956    Court Case Number: 22SCE0739
Date Received: 9/7/2022 Time: 12:08 PM
Special Service Inst:

State of Georgia
Gwinnett County

State Court of Cherokee County
**E-Filed**
22SCE0739
9/15/2022 2:00 PM  BW
Patty Baker, Clerk
Civil Division

#### ATTORNEY'S ADDRESS

SINGLETON LAW FIRM LLC
5445 PEACHTREE DUNWOODY RD
ATLANTA, GA 30342

JEREMY SMITH
PLAINTIFF
VS.
ACS TRANSPORT, LLC., ET AL
DEFENDANT

RECEIVED 2022 SEP -7 PM 12:30

CIVIL DIV.
G.C.S.O.

#### NAME AND ADDRESS OF PARTY TO BE SERVED

PROGRESSIVE MOUNTAIN INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
| | | | | | |

**CORPORATION** ☒
I have this day served the *Progressive Mountain Insurance* a corporation by leaving a copy of the within action and summons with *Jane Richardson* in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: 9/8/22

Time: _____

W. Coberly SO1332
Deputy Sheriff

GWINNETT COUNTY GEORGIA

er: 22028126    Court Case Number: 22SCE0739

9/8/2022 Time: 10:49 AM

ce Inst:

State of Georgia

Gwinnett County

State Court of Cherokee County
**E-Filed**
22SCE0739
9/27/2022 3:23 PM  BW
Patty Baker, Clerk
Civil Division

ORNEY'S ADDRESS

GLETON LAW FIRM LLC
45 PEACHTREE DUNWOODY RD
TLANTA, GA 30342

JEREMY SMITH
PLAINTIFF
VS.
ACS TRANSPORT, LLC., NATIONAL CONTINENTAL
INSURANCE CO., ET AL
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

NATIONAL CONTINENTAL INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

RECEIVED 2022 SEP -8 AM 11:22

CIVIL DIV
G.C.S.O.

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** ☒
I have this day served the _National Continental Insurance_ a corporation by leaving a copy of
the within action and summons with _Jane Richardson_ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _9/12/22_

Time: _____

W. Coberly 59332
Deputy Sheriff

GWINNETT COUNTY GEORGIA

State Court of Cherokee County
\*\*E-Filed\*\*
22SCE0739
10/11/2022 4:35 PM  MP
Patty Baker, Clerk
Civil Division

# IN THE STATE COURT OF CHEROKEE COUNTY

## STATE OF GEORGIA

JEREMY SMITH,                     *
                                  *
          Plaintiff,              *
                                  *
     vs.                          *
                                  *     CIVIL ACTION FILE
ACS TRANSPORT, LLC, NATIONAL      *     NO.: 22SCE0739
CONTINENTAL INSURANCE             *
COMPANY, PROGRESSIVE              *
MOUNTAIN INSURANCE COMPANY        *
and KASAP ZEKERIYA,               *
                                  *
          Defendants.             *
                                  *

## DEFENDANT PROGRESSIVE MOUNTAIN INSURANCE COMPANY'S CERTIFICATION OF NOTICE OF REMOVAL

TO:   Clerk of Court
      State Court of Cherokee County
      90 North Street
      Suite G-170
      Canton, Georgia 30114

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of State Court Case No. 22SCE0739, styled *Jeremy Smith v. ACS Transport, LLC, National Continental Insurance Company, Progressive Mountain Insurance Company, and Kasap Zekeriya*, to the United States District Court for the Northern District of Georgia, Atlanta Division. The case number for the federal court matter is 1:22-cv-4060-VMC.

A copy of the Notice of Removal is attached hereto as Exhibit "A."

*(signatures on following page)*

This 11th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(f) and/or U.S.C.R. 36.16(E) as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350
don@dwsingletonlaw.com

National Continental Insurance Company
c/o CT Corporation, Registered Agent
289 South Culver Street
Lawrenceville, Georgia 30046

ACS Transport, LLC
c/o Sonay Tepe, Registered Agent
133 Park Avenue
Jackson, New Jersey 08527

Kasap Zekeriya
257 7th Street
Clifton, New Jersey 07011

This 11th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

852314

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEREMY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ACS TRANSPORT, LLC, NATIONAL | ) | |
| CONTINENTAL INSURANCE | ) | |
| COMPANY, PROGRESSIVE | ) | |
| MOUNTAIN INSURANCE COMPANY, | ) | |
| and KASAP ZEKERIYA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT PROGRESSIVE MOUNTAIN INSURANCE COMPANY'S NOTICE OF REMOVAL

COMES NOW PROGRESSIVE MOUNTAIN INSURANCE COMPANY ("Defendant" or "Progressive"), Defendant in the above-styled civil action and, pursuant to 28 U.S.C. § 1446, hereby remove this action now pending in the State Court of Cherokee County, State of Georgia, Case No. 22SCE0739, styled *Jeremy Smith v. ACS Transport, LLC, National Continental Insurance Company, Progressive Mountain Insurance Company, and Kasap Zekeriya*, wherein Plaintiff demands judgment against Defendants, including Progressive.

In support of this Notice of Removal, Progressive has filed

contemporaneously herewith its Brief in Support of Removal and accompanying Exhibits, including the pleadings and entire record of this matter.

WHEREFORE, Progressive respectfully submits this matter to this Court's jurisdiction.

This the 10th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1(C). Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive*
*Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

852333

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system, e-mail, and/or U.S. Mail addressed to counsel of record as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350
don@dwsingletonlaw.com

National Continental Insurance
Company
c/o CT Corporation, Registered Agent
289 South Culver Street
Lawrenceville, Georgia 30046

ACS Transport, LLC
c/o Sonay Tepe, Registered Agent
133 Park Avenue
Jackson, New Jersey 08527

Kasap Zekeriya
257 7th Street
Clifton, New Jersey 07011

This the 10th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive*
*Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA, GEORGIA 30303-3318**
**www.gand.uscourts.gov**

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

October 19, 2022

Clerk of Court
State Court of Cherokee County
90 North Street G170
Canton, GA  30114

RE:    SMITH V. ACS TRANSPORT, LLC, et al.,
Your Case Number:  22 SCE 0739

Dear Clerk of Court:

Enclosed is a certified copy of an order entered by this court in the above-styled action remanding said action to your court.

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By:   s/ *Lynn Beck*
Deputy Clerk

Enclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JEREMY SMITH,

      Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE
COMPANY, PROGRESSIVE
MOUNTAIN INSURANCE
COMPANY AND KASAP
ZEKERIYA,

      Defendants.

Civil Action No.
1:22-cv-04060-VMC

## ORDER

This is a motor vehicle accident case involving purely questions of state law on removal from the State Court of Cherokee County, Georgia. The matter is before the Court on a *sua sponte* review of subject matter jurisdiction.

## Discussion

The Court must always consider the question of whether it has subject matter jurisdiction to hear a case, even if no party raises it. *See Rembert v. Apfel*, 213 F.3d 1331, 1333-34 (11th Cir. 2000).

An action is removable if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441. Original jurisdiction of the district courts of the United States may be based on an action arising out of the

Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Defendant Progressive Mountain Insurance Company's ("Defendant") sole asserted basis for jurisdiction is diversity.[1] Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint or a later received paper — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007); 28 U.S.C. § 1446(b)(3) (stating that courts may consider the notice of removal along with "a copy of an amended pleading, motion, order or other paper" to determine whether an action is or has become removable).

In its notice of removal, Defendant alleges the following regarding complete diversity:

> Smith is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1). Defendant ACS Transport, LLC is a New Jersey corporation. (Compl. Ex. A ¶ 2). Defendant National Continental Insurance Company is a foreign corporation domiciled in New York with its principal place of business in New York. (Compl. Ex. A

---

[1] Indeed, there is no basis for federal question jurisdiction, as the Complaint raises exclusively issues of state law. (*See* Compl.)

¶ 3; See Annual Filing with Georgia Secretary of State for
2022, Ex. B.). Defendant Progressive is a foreign
corporation domiciled in Ohio with its principal place
of business in Ohio. (Compl. Ex. A ¶ 4; See Annual Filing
with Georgia Secretary of State for 2022, Ex. C.).
Defendant Kasap Zekeriya is a citizen and resident of the
State of New Jersey. (Compl. Ex. A ¶ 5).

(Br. Supp. Not. Removal at 4, Doc. 1-1).

While Defendant has adequately alleged its own citizenship and that of
Plaintiff Smith, Defendant Zekeriya and Defendant National Continental
Insurance Company, it has failed to properly allege Defendant ACS Transport,
LLC's citizenship because it does not allege that defendant's principal place of
business. Corporations are "citizens" for diversity purposes wherever they are
incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1);
*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011).
Ordinarily, the Court would permit Defendant to amend its Notice of Removal to
cure this omission. However, for the reasons the follows, the Court finds that
Defendant has failed to establish that the jurisdictional amount in controversy is
satisfied here and will therefore summarily remand this civil action.[2]

"[A] defendant's notice of removal need include only a plausible allegation
that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

---

[2] For the same reasons, the Court need not address the issues set forth in Section B
of Defendant's Brief in Support of its Notice of Removal (Doc. 1-1 at 5–6).

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) [when] the court questions[] the defendant's allegation." *Id.* And when a complaint is uncertain or silent on the value of the relief the plaintiff seeks, "the removing defendant under 28 U.S.C. § 1332 has the burden of proving the jurisdictional amount by a preponderance of the evidence." *Lowery v. Honeywell Int'l Inc.*, 460 F. Supp. 2d 1288, 1296 (N.D. Ala. 2006).

Here, the Complaint (Doc. 1-2), the Notice of Removal (Doc. 1), and the Brief in Support of Notice of Removal (Doc. 1-1) do not establish that the amount in controversy exceeds $75,000. The Complaint alleges that "a truck and car-hauler trailer driven by Defendant Zekeriya attempted to turn left at the intersection in front of Plaintiff's vehicle" and that "Plaintiff was unable to avoid the Defendant's truck and trailer and struck it with his vehicle." (Compl. ¶ 10.) The Complaint further alleges that Plaintiffs suffered unspecified "serious bodily injuries" as a result of the accident. (*Id.* ¶ 11.) Plaintiff alleges the following medical expenses as a result of his injuries:

| Wellstar Kennestone Hospital | $ 8,967.00 |
| Integrated Healthcare Center of Woodstock, LLC | $ 13,490.00 |
| Elite Radiology of Marietta | $ 3,900.00 |
| Quantum Radiology | $ 317.75 |
| Medici Surgical Center Cobb | $ 2,467.60 |
| Preferred Pharmacy | $ 787.61 |
| | **$ 29,929.96** |

(*Id.* ¶ 47). Defendant asserts that the amount in controversy exceeds $75,000 because, in addition to these amounts:

> Plaintiff has included claims for past lost wages, future lost wages, and future medical expenses. (Compl. ¶ 45). Plaintiff has also alleged "severe and permanent injuries" as well as claims for past and future pain and suffering. (Compl. ¶ 46). Plaintiff has also alleged a claim for punitive damages. (Compl. ¶¶ 48-51).

(Br. Supp. Not. Removal at 5). But the Court cannot speculate as to the value of Plaintiffs' damages associated with unspecified injuries from a seemingly run-of-the-mill accident. Defendant has therefore failed to meet its burden to support its assertion of jurisdiction by a preponderance of evidence.

## Conclusion

For the foregoing reasons, the Court **DIRECTS** the Clerk to **REMAND** this matter to the State Court of Cherokee County. In the event Defendant obtains information in discovery that establishes by a preponderance of the evidence that

5

the amount in controversy is more than $75,000, Defendant can remove the action

pursuant to 28 U.S.C. 1446(b)(3).

**SO ORDERED** this 19th day of October, 2022.

Victoria Marie Calvert
United States District Judge

State Court of Cherokee County
**E-Filed**
22SCE0739
10/26/2022 9:36 AM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JEREMY SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | CIVIL ACTION FILE |
| ACS TRANSPORT, LLC, NATIONAL | * | NO.: 22SCE0739 |
| CONTINENTAL INSURANCE | * | |
| COMPANY, PROGRESSIVE | * | |
| MOUNTAIN INSURANCE COMPANY | * | |
| and KASAP ZEKERIYA, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served the following **1.) Defendant Progressive Mountain Insurance Company's First Requests for Admissions to Plaintiff; 2.) Defendant Progressive Mountain Insurance Company's First Interrogatories to Plaintiff, and 3.) Defendant Progressive Mountain Insurance Company's First Requests for Production of Documents** via email pursuant to O.C.G.A. § 9-11-5 (f) and/or U.S.C.R. 36.16 (E) upon counsel of record as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, GA 30350
don@dwsingletonlaw.com

This 26th day of October, 2022.

Moseley Marcinak Law Group, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457

{00859185-}

blair.cash@momarlaw.com
*Attorneys for Defendant*
*Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(f) and/or U.S.C.R. 36.16(E) as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, GA 30350
don@dwsingletonlaw.com

This 26th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
*Attorneys for Defendant*
*Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

State Court of Cherokee County
**E-Filed**
22SCE0739
10/27/2022 4:20 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,                                 *
                                              *
        Plaintiff,                          *
                                              *
vs.                                           *
                                              *          CIVIL ACTION FILE
ACS TRANSPORT, LLC, NATIONAL                  *          NO.: 22SCE0739
CONTINENTAL INSURANCE                         *
COMPANY, PROGRESSIVE                          *
MOUNTAIN INSURANCE COMPANY                    *
and KASAP ZEKERIYA,                           *
                                              *
        Defendants.                         *
                                              *

## STIPULATION EXTENDING TIME TO ANSWER FOR DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY

COMES NOW JEREMY SMITH, Plaintiff in the above-styled civil action, and pursuant to O.C.G.A. § 9-11-6(b), hereby stipulates that Defendant NATIONAL CONTINENTAL INSURANCE COMPANY shall have up to and including November 28, 2022, to file its Answer to Plaintiff's Complaint and any responsive pleadings.

This 27th day of October, 2022.

                                  SINGLETON LAW FIRM, LLC

                                  */s/ Donald W. Singleton**
                                  Donald W. Singleton, Esq.
                                  Georgia Bar No.: 649043
                                  don@dwsingletonlaw.com
                                  *Attorneys for Plaintiff*
                                  *(*Signed by Blair J. Cash*
                                  *with express permission)*

SINGLETON LAW FIRM, LLC
8425 Dunwoody Place
Atlanta, GA 30350
don@dwsingletonlaw.com
(770) 889-6010
(888) 314-6165 (Fax)

{00860075-4}

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E) as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, GA 30350
don@dwsingletonlaw.com

This 27th day of October, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
*Attorneys for Defendant*
*Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

****** A F F I D A V I T   O F   S E R V I C E  ******

State Court of Cherokee County
09/28/22
**E-Filed**
22SCE0739
12:05 PM  MP
Patty Baker, Clerk
Civil Division

========================================================================
SHERIFFS NUMBER..L  124563  DEFENDANT SEQUENCE   001 OF 001 OFFICER... NORTON
TYPE OF SERVICE.........    SUMMONS AND COMPLAINT
========================================================================
I, MICHAEL G. MASTRONARDY, SHERIFF OF OCEAN COUNTY, DO HEREBY DEPUTIZE

!_____ Sb KIRBY _____!
          (PRINT OFFICER'S NAME)

AND APPOINT TO BE MY  DEPUTY,  TO EXECUTE AND  RETURN THE WRIT ACCORDING TO LAW.
*================ ATTORNEY ================*
!     SINGLETON LAW FIRM , LLC          !      CHECK #           AMOUNT
!     8425 DUMWOODY PL                  !  5347                   75.00
!                                       !
!     ATLANTA, GA 30050                 !  CONTROL #  484891

================================ COURT DATA ================= SHFMARLE
COURT OF ISSUANCE........   STATE COURT OF CHEROKEE COUNTY CIVIL DIVISION
 RETURN DATE                  TIME :       DAYS 00
 DOCKET... 22SCE0739          STATE...GA COUNTY OF VENUE... CHEROKEE
================================ CAPTION OF CASE ==========================
INDIVIDUAL NAME.........   JEREMY  SMITH
 VS.. ACS TRANSPORT LLC, NATIONAL CONTINENTAL INSURANCE COMPANY, ET AL
================ DEFENDENT OR NAMED WITHIN TO BE SERVED =============
CORPORATION NAME.....   ACS TRANSPORT LLC
           *============================================*
 ADDRESS1...........! 133 PARK AVENUE                    !
 ADDRESS2...........!                                    !
 TOWN/STATE/ZIP.....! JACKSON, NJ 08527                  !
========================== PAPERS SERVED ==========================
SUMMONS AND COMPLAINT
PLAINTIFF;S FIRST INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS


========================= S E R V I C E   D A T A   R E C O R D E D ============
|X|...SERVED SUCCESSFULLY  | |...UNABLE TO SERVE   DATE...| 10 |-|25 |-|22|
                                                   TIME...| 12|:|47|:|PM|
REMARKS: |-_____|
         |_____|
         | |.....OFFICER
         |X|.....MANAGING AGENT                    ATTEMPTS | |  |
         | |.....REGISTERED AGENT
         | |.....PERSON IN CHARGE AT REGISTERED OFFICE OF
         | |.....AGENT AUTHORIZED TO ACCEPT SERVICE
PERSON SERVED:........|  RAMADAD _____|
                      |_____|
                      | |.... IS IN THE MILITARY  |X|.... NOT IN THE MILITARY
SEX   : |X| MALE  | | FEMALE
SKIN  : | |WHITE| | BLACK| | ASIAN| | HISPANIC| | AMERICAN INDIAN| |X|UNKNOWN
HEIGHT: | | UNDER 5 FEET | | 5.0-5.6FT  |X| 5.7-6.0 | | OVER 6 FT
WEIGHT: | | UNDER 100 LBS | | 100-150 LBS | |X|151-200 LBS | | OVER 200 LBS
HAIR  : | | BLACK | | BROWN | | BLOND | | GRAY | | RED | | WHITE |X| BALDING
AGE   : | | 14-20 | | 21-35 | | 36-50 |X| 51-65 | | OVER 65

SWORN TO AND SUBSCRIBED BEFORE ME
ON  Oct,  26 ,20 22                    _____S/_____
                                                SIGNATURE
_Marlena Hood_                         DEPUTY SHERIFF OF OCEAN COUNTY
MARLENA HOOD                              STATE OF NEW JERSEY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 1/10/2024

State Court of Cherokee County
**E-Filed**
22SCE0739
11/28/2022 2:21 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

             Plaintiff,

vs.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY and KASAP ZEKERIYA,

             Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.  22SCE0739

## RULE 5.2 CERTIFICATE OF SERVICE

       This is to certify that pursuant to Uniform Superior Court Rule 5.2, that I have this day served all counsel to this action with a copy of the foregoing Plaintiff's Response to Defendant Progressive Mountain Insurance Request for Admissions in the above-styled case by electronically filing and emailing through Odyssey eFileGA and/or by depositing a copy of the same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Blair J. Cash, Esq.
MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
Blair.cash@momarlaw.com

                      **SINGLETON LAW FIRM, LLC**

                      */s/ Donald W. Singleton*
                      By:  Donald W. Singleton
                      Georgia Bar No. 649043
                      Attorney for Plaintiff

8425 Dunwoody Pl.
Atlanta, GA  30350
T:  (770) 889-6010
F:  (888) 314-6165
don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
11/30/2022 12:00 PM  MP
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| JEREMY SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | CIVIL ACTION FILE |
| ACS TRANSPORT, LLC, NATIONAL | * | NO.: 22SCE0739 |
| CONTINENTAL INSURANCE | * | |
| COMPANY, DRIVE NEW JERSEY | * | |
| INSURANCE COMPANY and KASAP | * | |
| ZEKERIYA, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DISMISSAL WITHOUT PREJUDICE

COMES NOW Jeremy Smith, Plaintiff in the above-styled civil action, by and through his counsel of record, and hereby dismisses the above-styled civil action without prejudice as to Defendant National Continental Insurance Company only. This matter shall remain pending against Defendants ACS Transport, LLC, Drive New Jersey Insurance Company and Kasep Zekeriya. Each party is to bear its own fees and costs.

This 30th day of November, 2022.

SINGLETON LAW FIRM, LLC

*/s/ Donald W. Singleton\**
Donald W. Singleton, Esq.
Georgia Bar No. 649043
don@dwsingletonlaw.com
*Attorneys for Plaintiff*
*(signed w/express permission by Blair J. Cash)*

8425 Dunwoody Place
Atlanta, GA 30350
(770) 889-6010
(888) 314-6165 (fax)

{00874531-3}

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(f) and/or U.S.C.R. 36.16(E) as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350
don@dwsingletonlaw.com

This the 30th day of November, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain*
*Insurance Company and Drive New Jersey*
*Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

State Court of Cherokee County
**E-Filed**
22SCE0739
11/30/2022 12:11 PM  MP
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,                           *
                                        *
                    Plaintiff,          *
                                        *
        vs.                             *
                                        *        CIVIL ACTION FILE
ACS TRANSPORT, LLC, NATIONAL            *        NO.: 22SCE0739
CONTINENTAL INSURANCE                   *
COMPANY, PROGRESSIVE                    *
MOUNTAIN INSURANCE COMPANY              *
and KASAP ZEKERIYA,                     *
                                        *
                    Defendants.         *
                                        *

### CONSENT MOTION TO DISMISS PROGRESSIVE MOUNTAIN INSURANCE COMPANY AND SUBSTITUTE DRIVE NEW JERSEY INSURANCE COMPANY

COME NOW Plaintiff JEREMY SMITH and Defendant PROGRESSIVE MOUNTAIN INSURANCE COMPANY ("Progressive"), and pursuant to O.C.G.A. §§ 9-11-19 and 9-11-21, jointly request the entry of an Order dismissing Progressive Mountain Insurance Company and substituting in its place, Drive New Jersey Insurance Company, showing to the Court as follows:

1.

Discovery is underway. Plaintiff has added Progressive Mountain Insurance Company pursuant to Georgia's Direct Action Statute, O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140 and under the auspices that Progressive Mountain Insurance Company was the insurer for ACS Transport, LLC and Kasap Zekeriya at the time of the December 13, 2021 motor vehicle accident which forms the basis of this accident (hereinafter "the Accident").

2.

Progressive Mountain Insurance Company did not insure ACS Transport, LLC at the time of this Accident. Rather, ACS Transport, LLC was insured by Drive New Jersey Insurance

{00874828-2}

Company under Policy No. 03824450-000 at the time of this Accident.

3.

The parties agree that past references to "Progressive Mountain Insurance Company" in Plaintiff's Complaint for Damages and discovery requests shall be interpreted to refer to "Drive New Jersey Insurance Company." Going forward, all references shall be made to Drive New Jersey Insurance Company as opposed to Progressive Mountain Insurance Company. This shall include changing the caption to replace Progressive Mountain Insurance Company with Drive New Jersey Insurance Company.

WHEREFORE, Plaintiff JEREMY SMITH and Defendant Progressive Mountain Insurance Company, pursuant to O.C.G.A. §§ 9-11-19 and 9-11-21, jointly request the entry of an Order dismissing Progressive Mountain Insurance Company with prejudice and substituting in its place, Drive New Jersey Insurance Company.

This 30th day of November, 2022.

SINGLETON LAW FIRM, LLC

/s/ Donald W. Singleton*
Donald W. Singleton, Esq.
Georgia Bar No. 649043
don@dwsingletonlaw.com
Attorneys for Plaintiff
(signed w/express permission by Blair J. Cash)

8425 Dunwoody Place
Atlanta, GA 30350
(770) 889-6010
(888) 314-6165 (fax)

[DATE AND SIGNATURE CONTINUES ON FOLLOWING PAGE]

{00874828-2}

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain
Insurance Company and Drive New Jersey
Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00874828-2}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(f) and/or U.S.C.R. 36.16(E) as follows:

Donald W. Singleton
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350
don@dwsingletonlaw.com

This the 30th day of November, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendant Progressive Mountain*
*Insurance Company and Drive New Jersey*
*Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00874828-2}

State Court of Cherokee County
**E-Filed**
22SCE0739
12/9/2022 2:44 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

               Plaintiff,

vs.

ACS TRANSPORT, LLC, PROGRESSIVE
MOUNTAIN INSURANCE COMPANY and
KASAP ZEKERIYA,

               Defendants.

CIVIL ACTION
FILE NO.  22SCE0739

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that I have this day served all counsel to this action with a copy of the foregoing Plaintiff's Responses to Defendant Progressive Mountain Insurance Interrogatories and Request For Production of Documents by electronically filing and emailing through Odyssey eFileGA and/or by depositing a copy of the same in the United States mail, with adequate postage thereon as follows:

This 9th day of December, 2022.

Blair J. Cash, Esq.
MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
Blair.cash@momarlaw.com

Jennifer L. Pridgeon, Esq.
LUEDER, LARKIN & HUNTER, LLC
3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
jpridgeon@luederlaw.com

**SINGLETON LAW FIRM, LLC**

/s/ Donald W. Singleton
By:  Donald W. Singleton
Georgia Bar No. 649043
Attorney for Plaintiff

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
12/9/2022 8:42 AM  MP
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JEREMY SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | CIVIL ACTION FILE |
| ACS TRANSPORT, LLC, NATIONAL | * | NO.: 22SCE0739 |
| CONTINENTAL INSURANCE | * | |
| COMPANY, DRIVE NEW JERSEY | * | |
| INSURANCE COMPANY and KASAP | * | |
| ZEKERIYA, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ORDER

This matter comes before the Court on the Parties' Consent Motion to Dismiss Progressive Mountain Insurance Company and Substitute Drive New Jersey Insurance Company, the Court hereby FINDS and ORDERS as follows:

Pursuant to O.C.G.A. §§ 9-11-19 and 9-11-21 and with the consent of the parties, this Court hereby DISMISSES WITH PREJUDICE Progressive Mountain Insurance Company; and,

Pursuant to O.C.G.A. §§ 9-11-19 and 9-11-21 and with the consent of the parties, this Court hereby SUBSTITUTES Drive New Jersey Insurance Company in the place of Progressive Mountain Insurance Company. Going forward, all references shall be made to Drive New Jersey Insurance Company as opposed to Progressive Mountain Insurance Company. This shall include changing the caption to replace Progressive Mountain Insurance Company with Drive New Jersey Insurance Company.

[DATE AND SIGNATURE ON FOLLOWING PAGE]

{00874801-2}

12/9/2022

SO ORDERED, THIS _____ day of _____, 2022.

/s/ W.Alan Jordan

_____
The Honorable W. Alan Jordan
State Court of Cherokee County

PREPARED AND CONSENTED TO BY:

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*_____
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)
*Attorneys for Defendant Progressive Mountain*
*Insurance Company and*
*Drive New Jersey Insurance Company*

Consented to by:

SINGLETON LAW FIRM, LLC

*/s/ Donald W. Singleton\**_____
Donald W. Singleton
Georgia Bar No. 649043
don@dwsingletonlaw.com
Singleton Law Firm
The Fowler Firm, LLC
8425 Dunwoody Place
Atlanta, GA 30350
770-889-6010
888-314-6165 (Fax)
*Attorneys for Plaintiff*
*(\*Signed by Blair J. Cash*
*with express permission)*

State Court of Cherokee County
**E-Filed**
22SCE0739
1/6/2023 4:37 PM  BW
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

JEREMY SMITH,

    Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE COMPANY,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY, and KASAP ZEKERIYA,

    Defendants.

CIVIL ACTION FILE NO.:
22SCE0739

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, ACT TRANSPORT, LLC, Defendant in the above-styled civil action, and

pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following documents have

been served upon all counsel of record:

- *Defendant ACS Transport, LLC's Responses to Plaintiff's First Interrogatories and Request for Production of Documents*

Respectfully submitted, this 6th day of January, 2023.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
State Bar No.: 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant ACS Transport, LLC*

3535 Piedmont Road, NW
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

      x       Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

      x       Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

              Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350

Respectfully submitted, this 6th day of January, 2023.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant ACS Transport, LLC*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

-2-

State Court of Cherokee County
**E-Filed**
22SCE0739
1/11/2023 1:57 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

                Plaintiff,

vs.

ACS TRANSPORT, LLC, PROGRESSIVE
MOUNTAIN INSURANCE COMPANY and
KASAP ZEKERIYA,

                Defendants.

CIVIL ACTION
FILE NO.  22SCE0739

### RULE 5.2 CERTIFICATE OF SERVICE

      This is to certify that pursuant to Uniform Superior Court Rule 5.2, that I have this day served all counsel to this action with a copy of the foregoing Plaintiff's Responses to Defendant ACS Transport, LLC's Interrogatories and Request for Production of Documents by electronically filing and emailing through Odyssey eFileGA and/or by depositing a copy of the same in the United States mail, with adequate postage thereon as follows:

      This 11th day of January 2023
.

Blair J. Cash, Esq.
MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
Blair.cash@momarlaw.com

Jennifer L. Pridgeon, Esq.
LUEDER, LARKIN & HUNTER, LLC
3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
jpridgeon@luederlaw.com

**SINGLETON LAW FIRM, LLC**
*/s/ Donald W. Singleton*
By:  Donald W. Singleton
Georgia Bar No. 649043
Attorney for Plaintiff

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
2/2/2023 10:47 AM  MP
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

JEREMY SMITH,

      Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE COMPANY,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY, and KASAP ZEKERIYA,

      Defendants.

CIVIL ACTION FILE NO.:
22SCE0739

## **RULE 5.2 CERTIFICATE OF SERVICE**

COMES NOW, ACS Transport, LLC, Defendant in the above-styled civil action, and pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following Requests for Production to a Non-Party have been served upon all counsel of record:

- *Anthem BCBS of Georgia;*
- *CVS Pharmacy;*
- *Elite Radiology;*
- *Integrated Healthcare of Woodstock;*
- *Liberty Mutual Insurance Company;*
- *Medici Medical Arts;*
- *Preferred Prescriptions Pharmacy;*
- *Quantum Radiology;*
- *State Farm Mutual Insurance Company;*
- *Wellstar Kennestone Hospital; and*
- *Wellstar Primary Care.*

(Signature on following page)

-1-

Respectfully submitted, this 2nd day of February, 2023.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for ACS Transport, LLC*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Tel./Fax: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

      x                   Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

      x                   Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

                             Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Place
Atlanta, Georgia 30350

Respectfully submitted, this 2nd day of February, 2023.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for ACS Transport, LLC*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Tel./Fax: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

Superior Court of Cherokee County
**E-Filed**
360457
2/8/2023 10:55 AM  CG
Patty Baker, Clerk
Civil Division

TO:                    ALL JUDGES, CLERKS OF COURT, and COUNSEL OF RECORD

FROM:              BLAIR J. CASH, ESQ.

RE:                    NOTICE OF LEAVE OF ABSENCE

DATE:              February 8, 2023

_____

COMES NOW, BLAIR J. CASH, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 on the following dates:

1. February 21, 2023 through and including February 23, 2023 for out of town travel and client meetings;

2. March 20, 2023 for client meetings and continuing legal education

3. April 3, 2023 through and including April 7, 2023 for family vacation;

4. June 19, 2023 through and including June 22, 2023 for out of town travel, client meetings, and continuing legal education;

5. June 26, 2023 through and including July 7, 2023 for holidays and family vacation;

6. July 17, 2023 through and including July 24, 2023 for family vacation;

7. September 18, 2023 through and including September 22, 2023 for out of town travel and client presentations;

8. October 10, 2023 through and including October 13, 2023 for continuing legal education;

9. December 20, 2023 through and including January 3, 2024 for holidays and family vacation;

10. Attached as Exhibit 'A' is the list of actions to be protected.

{00897916-5}                              -1-

Pursuant to Rule 16 of the State and Superior Court Rules for Georgia, all affected judges presiding over the cases listed in the attachment hereto and opposing counsel therein shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted pursuant to Rule 16.

This the 8th day of February, 2023.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (fax)

**EXHIBIT 'A'**

| Name of Case and Case Number | Name of Judge County and Court | Opposing Counsel |
|---|---|---|
| Meeks v. Mahad<br>2018-SU-CV-0093 | Hon. Dwayne H. Gillis<br>Charlton County Superior Court | Brent J. Savage Jr.<br>Savage, Turner, Durham, Pickney & Savage<br>P.O. Box 10600<br>Savannah, GA 31412<br><br>Sean Simmons<br>Simmons & Associates<br>P.O. Box 2191<br>Waycross, GA 31502 |
| Banks v. Wagner, et al.<br>STSV2022000062 | Hon. John A. Dana<br>Washington County State Court | Troy A. Gay<br>Decker McMorris<br>The Mike Hostilo Law Firm<br>33 Park of Commerce Blvd.<br>Savannah, GA 31405 |
| Glenn v Trimac Transportation et al<br>20EV007366 | Hon. Patsy Y Porter<br>Fulton County State Court | James H. Potts, II<br>JHPII, LLC<br>1348 Ponce De Leon Avenue<br>Atlanta, GA 30306<br><br>Clay S. O'Daniel<br>Matthew R. Johnson<br>O'Daniel McDonald LLC<br>9040 Roswell Rd<br>Suite 500<br>Atlanta, GA 30350<br><br>Christina Hull Eikhoff<br>Elizabeth Helmer<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br><br>Matthew P. Stone<br>Shawn N. Kalfus<br>Dustin S. Sharpes<br>One Midtown Plaza |

| | | |
|---|---|---|
| | | 1360 Peachtree Street, NE<br>Suite 1250<br>Atlanta, GA 30309<br><br>Pamela L. Ferrell<br>Derek Rajavuori<br>Lisa Lemon<br>Butler Snow, LLP<br>1170 Peachtree Street, NE<br>Suite 1900<br>Atlanta, GA 30309<br><br>Amanda Matthews<br>George Neuhauser<br>Evan Smith<br>Molly McCall<br>Nall & Miller LLP<br>235 Peachtree Street, NE<br>North Tower Suite 1500<br>Atlanta, GA 30303<br><br>Scott W. McMickle<br>McMickle, Kurey & Branch, LLP<br>217 Roswell Road<br>Suite 200<br>Alpharetta, GA 30009<br><br>Zachary S. Lewis<br>Hawkins, Parnell & Young, LLP<br>303 Peachtree St. NE<br>Suite 4000<br>Atlanta, GA 30308<br><br>Amanda Matthews<br>George Neuhauser<br>Evan E. Smith, IV<br>Nichole M. Henderson<br>Molly McCall<br>Patrick N. Arndt<br>Nall & Miller, LLP<br>235 Peachtree St. NE<br>North Tower, Suite 1500<br>Atlanta, GA 30303<br><br>John R. Lowery<br>Mozley, Finlayson & Loggins, LLP |

| | | |
|---|---|---|
| | | 1050 Crown Pointe Parkway<br>Suite 1500<br>Atlanta, GA 30338-7704<br><br>Jennifer M. Techman<br>Ivan A. Gustafson<br>Every Weathersby Houff<br>3455 Peachtree Road NE<br>Suite 1550<br>Atlanta, GA 30326<br><br>Ann W. Ferebee<br>Leah H. Schultz<br>William V. Custer<br>Bryan, Cave, Leighton, Paisner, LLP<br>One Atlantic Center<br>1201 W. Peachtree St. NW<br>14th Floor<br>Atlanta, GA 30309<br><br>Sarah T. Reise<br>Ballard Spahr, LLP<br>999 Peachtree St. NE<br>Suite 1600<br>Atlanta, GA 30309 |
| Cross Advantage Coup, LLC<br>v. Taylor Transport, Inc. and<br>John Doe<br>22-C-04626-S4 | Hon. Colvin Leary<br>Gwinnett County State Court | Catherine D. Payne<br>Anne Marie duToit<br>Payne & Du Toit<br>2275 Marietta Blvd. NW<br>Ste 270-245<br>Atlanta, GA 30318-2019 |
| Newman v. Anthony J. Muff,<br>et al.<br>STCV21-00758 | Hon. Derek White<br>Chatham County State Court | James E. Kurhajian<br>Dozier Law Firm<br>401 Mall Blvd.<br>Suite 103-E<br>Savannah, GA 31406-4862<br><br>Michael C. Kendall<br>Kendall Mandell, LLC<br>3152 Golf Ridge Blvd., Ste. 201<br>Douglasville, GA 30135<br><br>Tracy C. O'Connell<br>Ellis, Painter, Ratterree & Adams, LLP |

| | | P.O. Box 9946<br>Savannah, GA 31412<br><br>Matthew Hilt<br>Morgan and Morgan<br>25 Bull St, Suite 400<br>Savannah, GA 31401 |
|---|---|---|
| Beach v. Truline Corporation, et al.<br>21EV003599 | Hon. Eric A. Richardson<br>Fulton County State Court | Michael L. Goldberg<br>Eric J.D. Rogers<br>Adam P. Smith<br>Fried Goldberg, LLC<br>Three Alliance Center<br>3550 Lenox Road<br>Suite 1500<br>Atlanta, GA 30326-4302 |
| Burrell, et al. v. Trimac, et al.<br>22EV000879 | Hon. Fred C. Eady<br>Fulton County State Court | James H. Potts, II<br>JHPII, LLC<br>1348 Ponce De Leon Avenue<br>Atlanta, GA 30306<br><br>Jeremy R. Handschuh, Esq.<br>Mitchell – Handschuh Law Group<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br><br>Clay S. O'Daniel<br>Matthew R. Johnson<br>O'DANIEL MCDONALD LLC<br>9040 Roswell Rd<br>Suite 500<br>Atlanta, GA 30350<br><br>Christina Hull Eikhoff<br>Jordan Edwards Melissa Quintana<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br><br>Matthew P. Stone<br>Shawn N. Kalfus<br>Dustin S. Sharpes<br>STONE KALFUS LLP<br>One Midtown Plaza<br>1360 Peachtree Street, NE |

| | | |
|---|---|---|
| | | Suite 1250<br>Atlanta, GA 30309<br><br>E. Righton J. Lewis<br>Derek Rajavuori<br>BUTLER SNOW, LLP<br>1170 Peachtree Street, NE<br>Suite 1900<br>Atlanta, GA 30309<br><br>Michael McWilliams<br>BUTLER SNOW, LLP<br>1020 Highland Colony Parkway<br>Suite 1400<br>Ridgeland, MS 39157<br><br>Amanda Matthews<br>George Neuhauser<br>Patrick N. Arndt<br>Nicole M. Henderson<br>NALL & MILLER LLP<br>235 Peachtree Street, NE<br>North Tower Suite 1500<br>Atlanta, GA 30303<br><br>Mark Toth<br>J. Ellsworth Hall, IV<br>HALL, BLOCH, GARLAND &<br>MEYER, LLP<br>577 Mulberry St.<br>Suite 1500<br>P.O. Box 5088<br>Macon, GA 31208-5088<br><br>Scott W. McMickle<br>Matthew R. Sessions<br>MCMICKLE, KUREY & BRANCH,<br>LLP<br>217 Roswell Road<br>Suite 200<br>Alpharetta, GA 30009<br><br>S. Christopher Collier<br>Bryan M. Grantham<br>Matthew F. Barr<br>HAWKINS PARNELL & YOUNG,<br>LLP |

| | | 303 Peachtree Street, NE<br>Suite 4000<br>Atlanta, Georgia 30308-3243 |
| | | John R. Lowery<br>MOZLEY, FINLAYSON & LOGGINS,<br>LLP<br>1050 Crown Pointe Parkway<br>Suite 1500<br>Atlanta, GA 30338-7704 |
| | | Jennifer M. Techman<br>Ivan A. Gustafson<br>EVERT WEATHERSBY HOUFF<br>3455 Peachtree Road NE<br>Suite 1550<br>Atlanta, GA 30326 |
| | | Melissa Bailey<br>Clinton Fletcher<br>Caroline C. Sims<br>COPELAND, STAIR, VALZ &<br>LOVELL, LLP<br>191 Peachtree St. NE<br>Suite 3600<br>Atlanta, GA 30303 |
| | | Leah H. Schultz<br>William V. Custer<br>BRYAN, CAVE, LEIGHTON,<br>PAISNER, LLP<br>One Atlantic Center<br>1201 W. Peachtree St. NW<br>14th Floor<br>Atlanta, GA 30309 |
| | | Gregory S. Chernack<br>Martin C. Calhoun<br>HOLLINGSWORTH LLP<br>1350 I St. NW.<br>Washington, DC 20005 |
| | | William Lasker<br>BALLARD SPAHR, LLP<br>999 Peachtree St. NE<br>Suite 1600 |

| | | Atlanta, GA 30309<br><br>Jason A. Leckerman<br>BALLARD SPAHR, LLP<br>1735 Market St.<br>51st Floor<br>Philadelphia, PA 19103-7599<br><br>R. Scott Masterson<br>Carissa L. Lavin<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, Georgia 30308<br><br>Derek A. Mendicino<br>PENNA MENDICINO LLP<br>1902 Old Covington Highway, S.W.<br>Conyers, Georgia 30012-3920 |
|---|---|---|
| Nathaniel Moore v. Arch Insurance Company, B-H Transfer Co., Lamonte Wagner, John Doe and John Doe, LLC<br>22-CG-0448-JG | Hon. Leon Green, IV<br>Superior Court of Laurens County | Paul R. Ayerbe<br>Matthew Bellflower<br>Ayerbe & Arnold, LLC<br>3608 Vineville Avenue<br>Post Office Box 6073<br>Macon, GA 31208 |
| Lashawna Howard v. Patrick Neely, Williams Brothers Trucking, Inc. and United States Fire Insurance Company<br>22CV0076 | Open<br>Superior Court of Warren County | Reid Sanders<br>Hawk Law Group<br>338 Telfair Street<br>Augusta, GA 30901 |
| Dickey Lee Burns v. Titlemax of Georgia, Inc. and Associates Asset Recovery<br>SC2022CV000757 | Hon. Andy Prather<br>State Court of Muscogee County | John W. Roper<br>The Roper Law Firm<br>233 12th Street, Suite 602<br>Columbus, GA 31901 |

| | | |
|---|---|---|
| David Montgomery v. Tiarra Hicks, et al. 2022CV02849 | Hon. Michael T. Garrett Clayton County State Court | Alec K. Jackson 4751 Best Road Suite 173 Atlanta, Georgia 30337 |
| Zhonghai Tang v. Shenho Universal, Inc., et al. 22A04463 | Hon. Johnny Panos Dekalb County State Court | Michael Ruppersburg, Esq. Blasingame Burch Garrard Ashley PC 440 College Avenue Suite 320 PO Box 832 Athens, GA 30603<br><br>R. Christopher Harrison Downey & Cleveland, LLP 288 Washington Avenue Marietta, GA 30060-1979 |
| Jeremy Smith v. ACS Transport, LLC et al. 22SCE0739 | Hon W. Alan Jordan Cherokee County State Court | Donald W. Singleton Singleton Law Firm, LLC 8425 Dunwoody Place Atlanta, Georgia 30350<br><br>Jennifer L. Pridgeon Lueder, Larkin & Hunter, LLC 3535 Piedmont Road, NE Building 14, Suite 205 Atlanta, Georgia 30305 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document which sends notice to all parties and counsel listed above pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

This 8th day of February, 2023.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

State Court of Cherokee County
**E-Filed**
22SCE0739
2/20/2023 3:46 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY

## STATE OF GEORGIA

JEREMY SMITH,

     Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN
INSURANCE COMPANY and KASAP
ZEKERIYA,

     Defendants.

CIVIL ACTION
FILE NO.: 22SCE0739

## ANSWER BY SPECIAL APPEARANCE

Comes now KASAP ZEKERIYA, Purported Defendant in the above-styled case, by and through Purported Defendant's counsel, without submitting himself to the jurisdiction and venue of this Court and files this Purported Defendant's Answer By Special Appearance to Plaintiff's Complaint:

### FIRST DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Purported Defendant in causing the occurrence complained of, with the result that the Plaintiff is not entitled to recover in this case.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to improper service of process.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to the expiration of the statute of limitations.

### FOURTH DEFENSE

Plaintiff's Complaint is barred due to laches.

**FIFTH DEFENSE**

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

**SIXTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequence of Purported Defendant's actions and, therefore, plaintiff is not entitled to recover.

**SEVENTH DEFENSE**

Purported Defendant denies that any action on his part rose to the level of conduct as described in O.C.G.A. Sec. 51-12-5.1 and, therefore, Plaintiff is not entitled to any award of punitive damages.

**EIGHTH DEFENSE**

Purported Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense.

**NINTH DEFENSE**

Plaintiff failed to mitigate damages.

**TENTH DEFENSE**

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

**ELEVENTH DEFENSE**

Plaintiff's Failure to plead special damages sought in this action bars Recovery pursuant to O.C.G.A. 9-11-9(g).

**TWELFTH DEFENSE**

To the extent applicable, Purported Defendant asserts each affirmative defense set forth in O.C.G.A. Sec. 9-11-8.

**THIRTEENTH DEFENSE**

KASAP ZEKERIYA through the undersigned attorney of record, answers the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (1) of Plaintiff's Complaint.

2.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (2) of Plaintiff's Complaint.

3.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (3) of Plaintiff's Complaint.

4.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (4) of Plaintiff's Complaint.

5.

With regard to the allegations in paragraph (5) of Plaintiff's Complaint, Purported Defendant admits only that he resides in a building located at the stated address.   Purported Defendant denies all remaining allegations contained in paragraph (5) of Plaintiff's Complaint.

6.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (6) of Plaintiff's Complaint.

7.

Purported Defendant admits the allegations contained in paragraph (7) of Plaintiff's Complaint.

8.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (8) of Plaintiff's Complaint.

9.

Purported Defendant admits the allegations contained in paragraph (9) of Plaintiff's Complaint.

10.

Purported Defendant admits only the collision occurred while Purported Defendant was attempting to turn left and that Plaintiff struck Purported Defendant's vehicle and/or trailer.  Purported Defendant denies the remaining allegations contained in paragraph (10) of Plaintiff's Complaint.

11.

Purported Defendant denies the allegations contained in paragraph (11) of Plaintiff's Complaint.

12.

Purported Defendant denies the allegations contained in paragraph (12) of Plaintiff's Complaint.

13.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (13) of Plaintiff's Complaint.

14.

Purported Defendant denies the allegations contained in paragraph (14) of Plaintiff's Complaint.

15.

Purported Defendant reasserts herein by reference paragraphs 1 through 14 above as if set forth verbatim.

16.

Purported Defendant denies the allegations contained in paragraph (16) of Plaintiff's Complaint.

17.

Purported Defendant denies the allegations contained in paragraph (17) of Plaintiff's Complaint.

18.

Purported Defendant denies the allegations contained in paragraph (18) of Plaintiff's Complaint.

19.

Purported Defendant denies the allegations contained in paragraph (19) of Plaintiff's Complaint.

20.

Purported Defendant denies the allegations contained in paragraph (20) of Plaintiff's Complaint.

21.

Purported Defendant denies the allegations contained in paragraph (21) of Plaintiff's Complaint.

22.

Purported Defendant denies the allegations contained in paragraph (22) of Plaintiff's Complaint.

23.

Purported Defendant denies the allegations contained in paragraph (23) of Plaintiff's Complaint.

24.

Purported Defendant reasserts herein by reference paragraphs 1 through 23 above as if set forth verbatim.

25.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (25) of Plaintiff's Complaint.

26.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (26) of Plaintiff's Complaint.

27.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (27) of Plaintiff's Complaint.

28.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (28) of Plaintiff's Complaint.

29.

Purported Defendant reasserts herein by reference paragraph/s (29)  above as if set forth verbatim.

30.

Purported Defendant denies the allegations contained in paragraph (30) of Plaintiff's Complaint.

31.

Purported Defendant denies the allegations contained in paragraph (31) of Plaintiff's Complaint.

32.

Purported Defendant denies the allegations contained in paragraph (32) of Plaintiff's Complaint.

33.

Purported Defendant denies the allegations contained in paragraph (33) of Plaintiff's Complaint.

34.

Purported Defendant reasserts herein by reference paragraphs 1 through 33  above as if set forth verbatim.

35.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (35) of Plaintiff's Complaint.

36.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (36) of Plaintiff's Complaint.

37.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (37) of Plaintiff's Complaint.

38.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (38) of Plaintiff's Complaint.

39.

Purported Defendant reasserts herein by reference paragraphs 1 through 38  above as if set forth verbatim.

40.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (40) of Plaintiff's Complaint.

41.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (41) of Plaintiff's Complaint.

42.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (42) of Plaintiff's Complaint.

43.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (43) of Plaintiff's Complaint.

44.

Purported Defendant reasserts herein by reference paragraphs 1 through 43 above as if set forth verbatim.

45.

Purported Defendant denies the allegations contained in paragraph (45) of Plaintiff's Complaint.

46.

Purported Defendant denies the allegations contained in paragraph (46) of Plaintiff's Complaint.

47.

Purported Defendant denies the allegations contained in paragraph (47) of Plaintiff's Complaint.

48.

Purported Defendant reasserts herein by reference paragraphs 1 through 47 above as if set forth verbatim.

49.

Purported Defendant denies the allegations contained in paragraph (49) of Plaintiff's Complaint.

50.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (50) of Plaintiff's Complaint.

51.

Purported Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (51) of Plaintiff's Complaint.

## **FOURTEENTH DEFENSE**

Any allegation, language or paragraph contained in Plaintiff's Complaint not here and before responded to is expressly denied.

WHEREFORE, the Purported Defendant prays:

(a)    The Plaintiff's Complaint be dismissed:

(b)    That all costs be cast against the Plaintiff:

(c)    That Purported Defendant has a trial by a jury of twelve; and

(d)    For such further relief as this Court deems just and appropriate.

This 20th day of February, 2023.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & REAM

*Melissa Roth*

_____
Melissa A. Roth
Attorney for Purported Defendant Kasap Zekeriyah
Georgia Bar No. 589815

P O Box 7217
London, KY 40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the attached pleadingby electronically filing same via Odyssey EfileGA and directing that system to send an electronic service copy.

This 20th day of February, 2023.

_____
Melissa A. Roth
Attorney for Purported Defendant Kasap Zekeriyah

PERSONS SERVED:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Pl.
Atlanta, GA 30350
*Attorney for Plaintiff*
don@dwsingletonlaw.com

Jennifer L. Pridgeon, Esq.
Margaret L. Manns, Esq.
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
*Attorneys for Defendant ACS Transport, LLC*
jpridgeon@luederlaw.com
mmanns@luederlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
2/21/2023 3:10 PM  MP
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY

STATE OF GEORGIA

JEREMY SMITH,

      Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN
INSURANCE COMPANY and KASAP
ZEKERIYA,

      Defendants.

CIVIL ACTION
FILE NO: 22SCE0739

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

In conformity with O.C.G.A. § 9-11-5(f)(1)(A), Counsel for Defendant Kasap Zekeriya hereby gives notice that Defendant consents to being served with STATUTORY ELECTRONIC SERVICE, of pleadings and other legal notifications at the following email address:

**mclaughlinelectronicmail@libertymutual.com.**

The undersigned will not accept such service at any other email address. It is also requested that Service conform to statute by stating STATUTORY ELECTRONIC SERVICE in the subject line.

It is also requested that routine communications regarding scheduling would continue to go to the email of the attorney or staff member involved.

This the 21st day of February, 2023.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & REAM

_____

Melissa Roth
Attorney for Defendant Kasap Zekeriyah
Georgia Bar No. 589815

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the attached pleading  by electronically filing same via Odyssey EfileGA and directing that system to send an electronic service copy..

This the 21st day of February, 2023.


_Melissa Roth_
_____
Melissa Roth
Attorney for Defendant Kasap Zekeriyah

PERSONS SERVED:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Pl.
Atlanta, GA 30350
*Attorney for Plaintiff*
don@dwsingletonlaw.com

Jennifer L. Pridgeon, Esq.
Margaret L. Manns, Esq.
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
*Attorneys for Defendant ACS Transport, LLC*
jpridgeon@luederlaw.com
mmanns@luederlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
2/21/2023 3:10 PM  MP
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

JEREMY SMITH,

      Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN
INSURANCE COMPANY and KASAP
ZEKERIYA,

      Defendants.

CIVIL ACTION
FILE NO: 22SCE0739

## RULE 5.2 CERTIFICATE

Comes now Kasap Zekeriya, Defendant in the above-styled case, and pursuant to Superior and State Court Uniform Rule 5.2, notifies the Court that Defendant served upon opposing counsel a copy of the following:

1. **Defendant's First Interrogatories and Request for Production of Documents to Plaintiff.**

This ___21st___ day of _____February___, 2023.

Respectfully submitted,

Law Offices of McLaughlin & Ream

_Melissa Roth_

Melissa Roth
Attorney for Defendant
Georgia Bar No. 589815

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the attached pleading via statutory electronic service.

This the 21st day of February, 2023.

_Melissa Roth_

_____
Melissa Roth
Attorney for Defendant Kasap Zekeriyah

PERSONS SERVED:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Pl.
Atlanta, GA 30350
*Attorney for Plaintiff*
don@dwsingletonlaw.com

Jennifer L. Pridgeon, Esq.
Margaret L. Manns, Esq.
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
*Attorneys for Defendant ACS Transport, LLC*
jpridgeon@luederlaw.com
mmanns@luederlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
3/21/2023 4:22 PM  MP
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY

STATE OF GEORGIA

JEREMY SMITH,

     Plaintiff,

v.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN
INSURANCE COMPANY and KASAP
ZEKERIYA,

     Defendants.

CIVIL ACTION
FILE NO: 22SCE0739

Defendant Kasap Zekeriyah, through the undersigned counsel, hereby acknowledges due and legal service of the Summons, Complaint, Plaintiff's First Interrogatories and Request for Production of Documents to Defendants in the above-stated case, and receipt of a copy of the same, and Defendant hereby waives any and all other and further service of same.

Defendant's Amended Answer and Defendant's Responses to Plaintiff's First Interrogatories and First Request for Production will be due fifteen (15) days from the date of this acknowledgment.

This the 21st day of March, 2023.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & REAM

_Melissa Roth_

_____
Melissa Roth
Attorney for Defendant Kasap Zekeriya
Georgia Bar No. 589815

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the attached pleading  by electronically filing same via Odyssey EfileGA and directing that system to send an electronic service copy.

This the 21st day of March, 2023.


*Melissa Roth*

_____

Melissa Roth
Attorney for Defendant Kasap Zekeriya


PERSONS SERVED:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Pl.
Atlanta, GA 30350
*Attorney for Plaintiff*
don@dwsingletonlaw.com

Jennifer L. Pridgeon, Esq.
Margaret L. Manns, Esq.
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
*Attorneys for Defendant ACS Transport, LLC*
jpridgeon@luederlaw.com
mmanns@luederlaw.com

Blair J. Cash, Esq.
Moseley Marcinak Law Group LLP
P.O. Box 1688
Kennesaw, Georgia 30156
*Attorney for Progressive*
blair.cash@momarlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
3/22/2023 1:41 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

Plaintiff,

vs.

ACS TRANSPORT, LLC, PROGRESSIVE
MOUNTAIN INSURANCE COMPANY and
KASAP ZEKERIYA,

Defendants.

CIVIL ACTION
FILE NO.  22SCE0739

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that I have this day served all counsel to this action with a copy of the foregoing Plaintiff's Responses to Liberty Mutual's Interrogatories and Request for Production of Documents by electronically filing and emailing through Odyssey eFileGA and/or by depositing a copy of the same in the United States mail, with adequate postage thereon as follows:

This 22nd day of March 2023
.

Blair J. Cash, Esq.
MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
Blair.cash@momarlaw.com

Jennifer L. Pridgeon, Esq.
LUEDER, LARKIN & HUNTER, LLC
3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
jpridgeon@luederlaw.com

**SINGLETON LAW FIRM, LLC**
*/s/ Donald W. Singleton*
By:  Donald W. Singleton
Georgia Bar No. 649043
Attorney for Plaintiff

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
4/12/2023 3:12 PM  BW
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY

STATE OF GEORGIA

JEREMY SMITH,

      PLAINTIFF,

V.

                                     CIVIL ACTION

ACS TRANSPORT, LLC, NATIONAL        FILE NO:  22SCE0739
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY AND KASAP ZEKERIYA,

      DEFENDANTS.

## RULE 5.2 CERTIFICATE

Comes now Kasap Zekeriya, Defendant in the above-styled case, and pursuant to Superior and State Court Uniform Rule 5.2, notifies the Court that Defendant served upon opposing counsel a copy of the following:

1.      **Defendant's Response to Interrogatories and Request for Production of Documents from Plaintiff.**

This   7th   day of        April     , 2023.

                        LAW OFFICES OF MCLAUGHLIN & REAM

                        *Melissa Roth*

                        _____
                        Melissa Roth
                        Attorney for Defendant Kasap Zekeriya
                        Georgia Bar No. 589815

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for the opposing parties in the foregoing matter with a copy of the attached pleading via statutory electronic service.

This ___7th___ day of _____April_____, 2023.

*Melissa Roth*

_____

Melissa Roth
Attorney for Defendant Kasap Zekeriya

PERSONS SERVED:

Donald W. Singleton, Esq.
Singleton Law Firm, LLC
8425 Dunwoody Place, Bldg. 7
Atlanta, GA 30350
don@dwsingletonlaw.com

Blair J. Cash, Esq.
Moseley Marcinak Law Group, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
Blair.cash@momarlaw.com

Jennifer L. Pridgeon, Esq.
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
jpridgeon@luederlaw.com