# EXHIBIT C

ORDER NO. E19-90

STATE OF NEW JERSEY
DEPARTMENT OF BANKING AND INSURANCE

IN THE MATTER OF:

Proceedings by the Commissioner of            )
Banking and Insurance, State of New Jersey,   )   CONSENT
with respect to Progressive Garden State      )   ORDER
Insurance Company, Drive New Jersey Insurance )
Company and Progressive Freedom Insurance     )
Company

TO:  Progressive Garden State Insurance Company
     Drive New Jersey Insurance Company
     Progressive Freedom Insurance Company
     6300 Wilson Mills Road
     Cleveland OH 44101

This matter, having been opened by the Commissioner of Banking and Insurance ("Commissioner"), of the Department of Banking and Insurance ("Department"), State of New Jersey, upon information that Progressive Garden State Insurance Company, Drive New Jersey Insurance Company and Progressive Freedom Insurance Company (collectively "Progressive"), licensed in the State of New Jersey and admitted to transact property and casualty insurance in New Jersey pursuant to N.J.S.A. 17:17-1 et seq., may have violated provisions of New Jersey insurance law; and

WHEREAS the Department filed a Market Conduct Examination Report ("Report") containing the results of the examination of private passenger automobile insurance claims of Progressive during the period January 1, 2017 to November 30, 2018, performed pursuant to N.J.S.A. 17:23-20 et seq., and

WHEREAS the market conduct examination revealed certain instances where Progressive's practices did not accord fully with various provisions of New Jersey insurance

1

statutes or regulations. These instances, as fully set forth in the Report, are incorporated herein by reference; and

IT FURTHER APPEARING that, as a result of the Department's examination, Progressive has taken or will take corrective measures pursuant to the recommendations contained in the Report to address the instances of nonconformance set forth in the Report, and

IT FURTHER APPEARING that this matter can be resolved upon the consent of the parties to these proceedings without resort to a formal hearing,

NOW, THEREFORE, IT IS on the 9th day of September, 2019

ORDERED AND AGREED that the attached Market Conduct Examination Report of Progressive will be adopted and filed as an official record of the Department; and

IT IS FURTHER ORDERED AND AGREED that Progressive will continue to monitor claim operations in order to identify instances of nonconformance with New Jersey insurance statutes and regulations and the recommendations contained in the Report; and

IT IS FURTHER ORDERED AND AGREED that Progressive shall comply with New Jersey insurance statutes and regulations and the recommendations contained in the attached Report; and

IT IS FURTHER ORDERED AND AGREED that the Department shall commence a reexamination of the Company within six (6) months of the date of this Consent Order to determine if the Company has complied with the recommendations contained in the attached Report; and

IT IS FURTHER ORDERED AND AGREED that in the event a reexamination determines that the Company has not fully implemented the recommendations and complied with New Jersey insurance statutes and regulations, the Company will be subject to appropriate penalties and administrative sanctions; and

IT IS FURTHER ORDERED AND AGREED that pursuant to N.J.S.A. 17:23-24 d (1), within thirty days of the adoption of this Report, Progressive shall file an affidavit with the Department's Market Conduct Unit, stating under oath that its directors have received a copy of the adopted Report.

*Marlene Caride* (signature)

Marlene Caride
Commissioner


Consented to as to form, content and entry
Progressive Garden State Insurance Company and
Drive New Jersey Insurance Company

By: _____

Date: AUG 16, 2019


Consented to as to form, content and entry
Progressive Freedom Insurance Company

By: _____

Date: Aug 16, 2019

3

# MARKET CONDUCT EXAMINATION REPORT
(Exam Tracking Numbers NJ119-3, NJ119-4 and NJ119-5)

of

**PROGRESSIVE GARDEN STATE INSURANCE COMPANY**
(NAIC Number 14800, Group Number 155)
**DRIVE NEW JERSEY INSURANCE COMPANY**
(NAIC Number 11410, Group Number 155)

Domestic Office Address
820 Bear Tavern Suite 305, West Trenton, New Jersey 08628

**PROGRESSIVE FREEDOM INSURANCE COMPANY**
(NAIC Number 12302, Group Number 155)

Domestic Office Address
6300 Wilson Mills Road, Cleveland, Ohio 44101

Examination Office Address
485 Route 1, Iselin, New Jersey 08830

as of

February 14, 2019

BY EXAMINERS

of the

STATE OF NEW JERSEY

DEPARTMENT OF BANKING AND INSURANCE

DIVISION OF INSURANCE

OFFICE OF CONSUMER PROTECTION SERVICES

MARKET REGULATION SECTION

MARKET CONDUCT EXAMINATIONS

ADOPTED: SEPTEMBER 11, 2019

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................... 1

    A. SCOPE OF EXAMINATION ........................................................ 1
    B. ERROR RATIOS ........................................................................ 1
    C. COMPANY PROFILE ................................................................. 2
    D. EXECUTIVE SUMMARY ............................................................ 3

II. CLAIMS REVIEW ............................................................................ 4

    A. INTRODUCTION ....................................................................... 4
    B. ERROR RATIOS ........................................................................ 4
    C. EXAMINERS' FINDINGS ........................................................... 5

III. SUMMARY OF COMMENTS AND RECOMMENDATIONS ........... 6

IV. VERIFICATION PAGE ..................................................... LAST PAGE

# I. INTRODUCTION

This is a report of the Market Conduct activities of Progressive Garden State Insurance Company, Drive New Jersey Insurance Company and Progressive Freedom Insurance Company ("Progressive" or the "Companies"). Authority for this examination is found under N.J.S.A. 17:23-20 to -26 and N.J.S.A. 17:29B-5. Market Conduct Examiners from the New Jersey Department of Banking and Insurance ("Department" or "DOBI") conducted this examination. The examiners present their findings, conclusions and recommendations in this report as a result of their market conduct examination of the Company. The Market Conduct Examiners were Examiner-in-Charge Ralph Boeckman, Jaleta Robinson, and Bruce Yeboah.

## A. Scope of Examination

The scope of the examination included private passenger automobile insurance sold by the Companies in New Jersey. The examiners evaluated the Company's compliance with statutes and regulations applicable to the use of claims releases for first party and third-party automobile claims. Unless otherwise indicated, the review period for the examination was January 1, 2017 to November 30, 2018.

The examiners conducted their fieldwork at Progressive's office in Iselin, New Jersey, between January 7, 2019 and January 11, 2019. On various dates following the fieldwork, the examiners completed additional review work and report writing in Trenton, N.J.

The examiners randomly selected files and records from computer listings and documents provided by the Company. The random selection process is in accordance with the National Association of Insurance Commissioner's ("NAIC") Market Regulation Handbook. The examiners used the NAIC Market Regulation Handbook, Chapters Sixteen (General Examination Standards) and Seventeen (Conducting the Property and Casualty Examination) as a guide to examine the Company and write this report.

## B. Error Ratios

Error ratios are the percentage of files reviewed that an insurer handled in error. A file is counted as an error when it is mishandled, or the covered person has been treated unfairly, even if no statute or regulation is applicable. If a file contains multiple errors, the examiners will count the file only once in calculating error ratios. However, any file that contains more than one error will be cited more than once in the report. In the event that the insurer corrects an error as a result of a consumer complaint or due to the examiners' findings, the error will be included in the error ratio. If the insurer corrects an error independent of a complaint or DOBI intervention, the error is not included in the error ratios.

There may be errors cited in this report that define practices as specific acts that an insurer commits with such frequency that it constitutes an improper general business practice. The examiners have identified all errors that constitute an improper general business practice.

The examiners sometimes find improper general business practices or insurer errors that may be technical in nature or which did not have an impact on a covered person. Even though such errors or practices are not in compliance with law, the examiners do not include these errors when determining error ratios. Whenever such business practices or errors do have an impact on the covered person, each file in error is counted in the error ratio. The examiners indicate in the report whenever they did not count particular files in the error ratio.

The examiners submitted written inquiries to Company representatives on the errors cited in this report. These inquiries provided Progressive the opportunity to respond to the examiners' findings and to provide exceptions to the statutory and/or regulatory errors or mishandling reported herein. In response to these inquiries, the Company agreed with some of the errors cited in this report. On those errors with which the Company disagreed, the examiners evaluated the individual merits of each response and gave due consideration to all comments. In some instances, the examiners did not cite the files due to the Company's explanatory responses. In others, the errors remained as cited in the examiners' inquiries. For the most part, this is a report by exception, i.e. it notes only the errors found by the examiners.

### C. Company Profile

Profiles for the three companies examined appear below.

### Drive New Jersey Insurance Company

Drive New Jersey Insurance Company (DNJIC) is a domestic insurer incorporated on October 21, 1963 and licensed on May 15, 1984. It is a wholly-owned subsidiary of Drive Insurance Holdings, Inc. (DIHI), whose ultimate parent is The Progressive Corporation, an insurance holding company. On December 1, 2006, DIHI acquired the company formerly known as Parkway Insurance Company (Parkway) from Firemen's Fund Insurance Company. On December 19, 2006, Parkway was merged into DNJIC.

### Progressive Freedom Insurance Company

Progressive Freedom Insurance Company (PFIC) is a a domestic insurer incorporated on June 16, 2005 and licensed on September 30, 2005. It is a wholly-owned subsidiary of Progressive Direct Holdings, Inc. (PDHI), whose ultimate parent is The Progressive Corporation, an insurance holding company

2

## Progressive Garden State Insurance Company

Progressive Garden State Insurance Company (PGSIC) is a domestic insurer incorporated on December 12, 1981 and licensed on July 1, 1984. It is a wholly-owned subsidiary of PDHI, whose ultimate parent is The Progressive Corporation, an insurance holding company. On December 1, 2006, PDHI acquired the company formerly known as Salem Insurance Company, Inc. (Salem). On December 19, 2006, Salem was merged into PGSIC.

## D. Executive Summary

This targeted examination included a review of Progressive's use of claims releases on first party and third-party claims. The examiners reviewed a total of 100 claims, 42 first party and 58 third party.

The error ratio overall for third party claims was 65%. This was caused by an improper general business practice related to the use of a general claims release on bodily injury claim settlements. In instances where the general claims release for the bodily injury settlement was executed prior to the settlement of other coverages, the examiners did not observe any instances where future payment for other coverages was later denied. Additionally, Progressive does not require a signed release to be executed prior to issuance of a draft for a bodily injury settlement. The Company issues the release and settlement draft and mails them to the third party at the same time. Where required, coverage specific releases were used in settlement of all other coverages.

## II. CLAIMS REVIEW

### A. Introduction

This review covers paid first party (collision, comprehensive, uninsured property damage, uninsured bodily injury, personal injury protection) and third party (property damage and bodily injury) claims where a claims release was issued when a payment was due.

The examiners reviewed 42 randomly selected first party claims and 58 randomly selected third party claims. During the review period, Progressive paid 61,063 first party claims and 64,884 third party claims.

The examiners checked for compliance with N.J.S.A. 17:29B-4(9) and N.J.A.C. 11:2-17.1 to -17.15 (Unfair claim settlement practices) regarding the use of claims releases. The examiners also utilized the NAIC Market Regulation Handbook, Chapters 16 and 20, in developing the scope of review and in examining company claim documentation and records.

### B. Error Ratios

The examiners calculated the following error ratios by applying the procedure outlined in the introduction of this report. Error ratios are itemized separately based on the review samples as indicated in the following chart.

#### 1. First Party Claims

| Company | Files Reviewed | Files in Error | Error Ratio |
|---|---|---|---|
| Progressive Garden State Insurance Company | 32 | 0 | 0% |
| Drive New Jersey Insurance Company | 10 | 0 | 0% |
| Progressive Freedom Insurance Company | <u>0</u> | <u>0</u> | <u>0%</u> |
| Total | 42 | 0 | 0% |

#### 2. Third Party Claims

| Type of Claim | Files Reviewed | Files in Error | Error Ratio |
|---|---|---|---|
| Progressive Garden State Insurance Company | 26 | 15 | 58% |
| Drive New Jersey Insurance Company | 29 | 23 | 79% |
| Progressive Freedom Insurance Company | <u>3</u> | <u>0</u> | <u>0%</u> |
| Total | 58 | 38 | 65% |

4

## C. Examiners' Findings

### 1. Failure to Issue Coverage Specific Releases when Settling Bodily Injury Claims

New Jersey law requires that when an insurer uses a claims release, the release must relate to the payment that is to be issued. Specifically, N.J.A.C. 11:2-17.5(d) states that:

> No insurer shall request a claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment.

During the review of third-party bodily injury claim settlements, the examiners found that Progressive did not utilize a release that was limited to the bodily injury claim. Each bodily injury claim settlement reviewed utilized a "Full Release of All Claims and Demands" that extended beyond the bodily injury claim. The releases were issued by Progressive both prior to the settlement of other coverages and after settlement of other coverages. The examiners did not observe any instances where the Company denied future payment of other coverages due to the "Full Release of All Claims and Demands" being signed by the third party at the time of the bodily injury settlement.

Progressive shall adopt processes and controls to ensure compliance with N.J.A.C. 11:2-17.5(d). During the examination, the Company provided a copy of the revised release dated January 2019 to the examiners for review.

## III. SUMMARY OF COMMENTS AND RECOMMENDATIONS

Recommendations have been provided with each finding. Progressive should inform all responsible personnel who handle the files and records cited as errors in this report of the remedial measures that follow. The examiners also recommend that the Company establish procedures to monitor compliance with these measures. As non-compliant practices were identified in this report, the Company is directed to take immediate corrective action to demonstrate its ability and intention to conduct business according to New Jersey law and regulations. The examiners acknowledge that during the examination, the Company agreed and had voluntarily complied with, either in whole or in part, some of the recommendations.

All items requested for the Commissioner and copies of all written instructions, procedures, recommended forms, etc., should be sent to the Commissioner, c/o Ralph Boeckman, Chief of Market Regulation, 20 West State Street, PO Box 329, Trenton, NJ 08625, within thirty (30) days of the date of the adopted report.

### SECTION II- CLAIMS REVIEW

1. Progressive shall adopt processes and controls to ensure compliance with N.J.A.C. 11:2-17.5(d). During the examination, the Company provided a copy of the revised release dated January 2019 to the examiners for review.

6

## IV. VERIFICATION PAGE

I, Ralph J. Boeckman, am the Examiner-in-Charge of the Market Conduct Examination of Progressive Garden State Insurance Company, Drive New Jersey Insurance Company and Progressive Freedom Insurance Company conducted by examiners of the New Jersey Department of Banking and Insurance. This verification is based on my personal knowledge as acquired in my official capacity.

The findings, conclusions and recommendations contained in the foregoing report represent, to the best of my knowledge, a full and true statement of the Market Conduct examination of Progressive Garden State Insurance Company, Drive New Jersey Insurance Company and Progressive Freedom Insurance Company as of February 14, 2019.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

| | |
|---|---|
| 2/14/2019 | *[signature]* |
| Date | Ralph J. Boeckman |
| | Examiner in Charge |
| | New Jersey Department of Banking and Insurance |