## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL,<br><br>    Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE, DAVID WILLIAMS in his/her/their professional capacity, and JOHN DOES NOS 1-10, whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time but will be added by amendment when ascertained<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No:  23A00559 |

## MOTION TO DISMISS WITH PREJUDICE

COME NOW RARE Hospitality Management, LLC, and David Williams ("Purported Defendants") and submit this their Motion to Dismiss and show this Honorable Court as follows:

### I.        INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit against Purported Defendants on February 4, 2023, pleading a cause of action based on an incident he alleges occurred on February 13, 2021. *See* Plaintiff's Complaint, generally. The record and evidence show that Plaintiff did not make any effort to serve Purported Defendants until after the statute of limitation expired.

According to the record of this matter, Plaintiff made his first and only attempt at service of process in this case on March 24, 2023. *See* the record, generally. However, Plaintiff made this belated effort thirty-nine days after the statute of limitation expired and forty-eight days after she filed her complaint. *See* the record, generally.

Because there is no evidence of diligence before or after the statute of limitation expired,

1

Exhibit 15

Purported Defendants have not been served in a timely manner and therefore respectfully request a dismissal with prejudice of this suit.

## II.   <u>ARGUMENT AND CITATION OF AUTHORITY</u>

It is well settled under Georgia law that the mere filing of the Complaint does not constitute commencement of a legal action and does not toll the statute of limitations unless it is followed by timely service. See *Kelley v. Lymon,* 279 Ga. App. 849 (2006); *Deal v. Rust Engineering Co.,* 169 Ga. App. 60 (1983). Timely service of a complaint upon a defendant is a "vital ingredient" to the commencement of an action. *Chance v. Planters Rural Tel. Co-Op, Inc.,* 219 Ga. 1, 4 (1963). Thus, when an action is filed but not served upon the defendant in a timely manner, the Plaintiff is guilty of laches and the action is void and will not toll the statute of limitations. See *Douglas v. Kelley,* 116 Ga. App. 670 (1967).

The Court of Appeals has clarified the rule for timely service:

[T]he general rule should be properly stated as follows: "If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Hilton,* supra, 125 Ga. App. at 425(1), 188 S.E.2d 167. See also *Kilgore,* supra, 265 Ga. at 837, 462 S.E.2d 713; *Humble Oil & Refining Co. v. Fulcher,* 128 Ga. App. 606, 609(3), 197 S.E.2d 416 (1973); *Webb v. Murphy,* 142 Ga. App. 649, 650, 236 S.E.2d 840 (1977).

Therefore, if service is made within the five-day grace period allowed by OCGA § 911-4(c), it relates back to the date the complaint was filed as a matter of law. See *Williams v. Colonial Ins. Co.,* 199 Ga. App. 760, 406 S.E.2d 99 (1991). See also *Milton v. Goins,* 309 Ga. App. 865, 866(1), 711 S.E.2d 415 (2011) (plaintiff bears burden of proving lack of fault when service is not timely perfected as required by law). And "[w]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." (Citation and punctuation omitted.) *Moody v. Gilliam,* 281 Ga. App. 819, 820, 637 S.E.2d 759 (2006). *See also Parker v. Silviano,* 284 Ga. App. 278, 279, 643 S.E.2d 819 (2007).

*Giles v. State Farm Mut. Ins. Co.,* 330 Ga. App. 314, 317-18 (2014).

2

Not only does Plaintiff have the burden of showing that due diligence was exercised, but Plaintiff must also show that the failure to timely serve was not her fault. *Smith v. Griggs,* 164 Ga. App. 15(2), 18 (1982). Furthermore, "as the burden rests on [the plaintiff] to ensure diligent service, [she] must provide specific dates or details to show diligence and cannot rely on conclusory statements." *Parker v. Silviano,* 284 Ga. App. 278, 280 (2007) (citation omitted). Moreover, "it is the plaintiffs' burden to investigate and ascertain [defendant's] whereabouts." *Barabont v. Villanueva,* 261 Ga. App. 839, 842 (2003).

In *Parker, supra,* the plaintiffs filed suit 8 days before the statute of limitation ran but did not serve the defendant until 10 days after the statute of limitation ran out. *Id* at 279. The trial court dismissed the action, which the Court of Appeals affirmed: "[w]e cannot say that the trial court abused its discretion in reaching this conclusion. Although service was obtained within a relatively short time after the statute expired, the time period alone does not establish diligence." When service of process occurs after the statute of limitation expires, no matter how shortly thereafter it occurs, the Court is required to analyze the Plaintiff's actions from the time he files the Complaint until the time of service, and to determine whether Plaintiff exercised due diligence during that period. Should the Record lack admissible evidence of due diligence, the Court must dismiss for even short periods of inaction. *Id.*

In *Smith, supra,* the Georgia Court of Appeals upheld the dismissal of an action where the plaintiff failed to secure personal service on the defendant 56 days after the filing of the complaint and 19 days after the expiration of the statute of limitation. *Id.* The Court noted that this period of inaction was sufficient to support the trial court's finding that "[plaintiff] did not exercise due diligence in attempting to perfect timely service on defendant." *Id* at 17.   In another case, the Georgia Court of Appeals held that where the plaintiff did not serve the defendant with the complaint until forty-four (44) days after the statute of limitations had expired and more than ten (10) months after the complaint

had been filed, dismissal was appropriate. *Patterson v. Johnson,* 226 Ga. App. 396 (1997) (overturned in part on other grounds).

The statute expired on Plaintiff's claims on February 13, 2023, nine days after Plaintiff filed her Complaint. *See* O.C.G.A. § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues.") Plaintiff made her first and only effort to serve this suit service on March 24, 2023, thirty-nine days after the statute of limitation expired and forty-eight days after she filed her complaint. *See* the record, generally. There is no evidence in the Record that Plaintiff exercised any level of diligence in serving Purported Defendants with process before the five-day grace period established by O.C.G.A. § 9-11-4(c) or the statute of limitation established by O.C.G.A. § 9-3-33 expired. Not only has Plaintiff failed to exercise due diligence in attempting service of process during that period, she further has no excuse whatsoever for failing to serve Purported Defendant RARE during the five-day grace period. Purported Defendant RARE is a company with a registered agent whose primary purpose is to be open during business hours to accept service of process on its behalf. There is no reason at all that Plaintiff could not have directed the Sheriff or a private process server to serve Purported Defendant RARE on February 4, 2023, or any day thereafter prior to March 24, 2023. There is no record evidence that Plaintiff made any attempt to serve Purported Defendants prior to March 24, 2023, much less that Plaintiff made an attempt but was unable to accomplish service for some reason. In short, there is no justification for Plaintiff's failure to timely serve Purported Defendants and this action must be dismissed.

## **CONCLUSION**

It is clear from the facts and the record before this Court that Plaintiff has failed to exercise the required diligence in attempting to perfect service upon Purported Defendants. Because the

Plaintiff is therefore guilty of laches, the statute of limitations was not tolled, and Plaintiff's Complaint should be dismissed with prejudice.

 WHEREFORE, Purported Defendants respectfully request that this Court grant their Motion to Dismiss with prejudice.

 Respectfully submitted this 21st day of April 2023.

<div style="margin-left:50%">

Vernis & Bowling of Atlanta, LLC

*/s/Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.:  529479

</div>

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| BILLY HILL, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No:  23A00559 |
| | ) |
| RARE  HOSPITALITY  MANAGEMENT, | ) |
| LLC  DBA  LONGHORN  STEAKHOUSE, | ) |
| DAVID  WILLIAMS  in  his/her/their | ) |
| professional capacity, and JOHN DOES NOS | ) |
| 1-10, whether singular or plural, masculine or | ) |
| feminine, individuals or corporations, who are | ) |
| not known at this time but will be added by | ) |
| amendment when ascertained | ) |
| | ) |
|   Defendants. | ) |
| | ) |

**<u>CERTIFICATE OF SERVICE</u>**

  I HEREBY CERTIFY that I have this day served the within and foregoing ***Motion To Dismiss With Prejudice*** upon all parties by efiling and via email to:

  David Dorer, Esq., dorerlawteam@dozierlaw.com

  Respectfully submitted this 21st day of April 2023.

        Vernis & Bowling of Atlanta, LLC

        */s/Kimberly Sheridan*
        Kimberly Sheridan, Esq.
        Georgia Bar No.: 061028
        Michael Becker, Esq.
        Georgia Bar No.:  529479

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com