IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL,<br><br> Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE, DAVID WILLIAMS in his/her/their professional capacity, and JOHN DOES NOS 1-10, whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time but will be added by amendment when ascertained<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No: 23A00559<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RARE HOSPITALITY MANAGEMENT, LLC'S ANSWER AND DEMAND FOR JURY TRIAL

COMES NOW RARE HOSPITALITY MANAGEMENT, LLC ("Purported Defendant") and submits this its Answer and Demand for Jury Trial and shows this honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, and, therefore, must be dismissed.

### SECOND DEFENSE

Purported Defendant was in no way negligent.

### THIRD DEFENSE

Plaintiff's damages, if any, were in no way proximately caused by an act or omission on the part of Purported Defendant.

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2023 4:25 PM
E-FILED
BY: Mundy B Jackson

Exhibit 16

## FOURTH DEFENSE

Plaintiff's damages, if any, were proximately caused by the acts or omissions of a person or entity who is not a party to this lawsuit.

## FIFTH DEFENSE

Plaintiff's damages, if any, were caused, at least in part, by the acts or omissions of a person or entity who is not a party to this lawsuit, and the amount of damages otherwise awarded to the Plaintiff shall be reduced in proportion to the percentage of fault of the other person or entity.

## SIXTH DEFENSE

Venue is improper.

## SEVENTH DEFENSE

The Court lacks personal jurisdiction as to Purported Defendant. Therefore, Plaintiff's Complaint against Purported Defendant must be dismissed.

## EIGHTH DEFENSE

The statute of limitations has expired. Therefore, Plaintiff's Complaint against Purported Defendant must be dismissed.

## NINTH DEFENSE

Purported Defendant incorporates herein by reference all affirmative defenses which may otherwise be required to affirmatively plead as set forth and provided for in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b).  Furthermore, Purported Defendant also reserves the right to amend this pleading to set forth any other specific defenses which may appear appropriate during the course of further investigation and discovery.

<u>TENTH DEFENSE</u>

Purported Defendant did not manage, possess, or in any way control the Subject Premises as contemplated by O.C.G.A. § 51-3-1 *et. seq*. Therefore, Plaintiff's Complaint against Purported Defendant should be dismissed.

<u>ELEVENTH DEFENSE</u>

Subject to the foregoing defenses, and without waiving same, Purported Defendant responds to the specifically enumerated paragraphs of Plaintiff's Complaint as follows:

**<u>VENUE AND JURISDICTION</u>**

1.

Purported Defendant admits the allegations in Paragraph No. 1 of Plaintiff's Complaint.

2.

Purported Defendant denies the allegations in Paragraph No. 2 of Plaintiff's Complaint.

3.

Purported Defendant denies the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4.

Purported Defendant denies the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5.

Purported Defendant denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6.

Purported Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint.

7.

The allegations in Paragraph No. 7 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor,

joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 7 of Plaintiff's Complaint and therefore denies the same.

8.

The allegations in Paragraph No. 8 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 8 of Plaintiff's Complaint and therefore denies the same.

## GENERAL FACTS COMMON TO ALL COUNTS

9.

Purported Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph Nos. 1-8.

## THE PREMISES

10.

Purported Defendant denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.

The allegations in Paragraph No. 11 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 11 of Plaintiff's Complaint and therefore denies the same.

12.

Purported Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 13 of Plaintiff's Complaint and therefore denies the same.

14.

The allegations in Paragraph No. 14 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 14 of Plaintiff's Complaint and therefore denies the same.

15.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 15 of Plaintiff's Complaint and therefore denies the same.

16.

Purported Defendant denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

17.

Purported Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 18 of Plaintiff's Complaint and therefore denies the same.

## **CONDITIONS LEADING TO INJURY**

19.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 19 of Plaintiff's Complaint and therefore denies the same.

20.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 20 of Plaintiff's Complaint and therefore denies the same.

21.

Purported Defendant denies the allegations in Paragraph No. 21 of Plaintiff's Complaint.

22.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 22 of Plaintiff's Complaint and therefore denies the same.

## **INJURIES AND DAMAGES**

23.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No.23 of Plaintiff's Complaint and therefore denies the same.

24.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 24 of Plaintiff's Complaint and therefore denies the same.

25.

Purported Defendant denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.

Purported Defendant denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

## **COUNT I: PREMISES LIABILITY AS TO RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE**

27.

Purported Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph Nos. 1-27.

28.

Purported Defendant denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.

29.

Purported Defendant denies the allegations in Paragraph No. 29 of Plaintiff's Complaint.

30.

Purported Defendant denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31.

Purported Defendant denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.

Purported Defendant denies the allegations in Paragraph No. 32 of Plaintiff's Complaint.

33.

Purported Defendant denies the allegations in Paragraph No. 33 of Plaintiff's Complaint.

## **COUNT II: PREMISES LIABILITY AS TO DAVID WILLIAMS**

34.

Purported Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph Nos. 1-33.

35.

Purported Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36.

The allegations in Paragraph No. 36 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 36 of Plaintiff's Complaint and therefore denies the same.

37.

The allegations in Paragraph No. 37 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 37 of Plaintiff's Complaint and therefore denies the same.

38.

The allegations in Paragraph No. 38 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 38 of Plaintiff's Complaint and therefore denies the same.

39.

The allegations in Paragraph No. 39 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph

No. 39 of Plaintiff's Complaint and therefore denies the same.

40.

The allegations in Paragraph No. 40 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 40 of Plaintiff's Complaint and therefore denies the same.

41.

The allegations in Paragraph No. 41 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies it is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 41 of Plaintiff's Complaint and therefore denies the same.

42.

To the extent that they require a response, the allegations contained in the WHEREFORE paragraph of Plaintiff's Complaint, including any prayer for relief, are denied.

43.

Any allegations not specifically admitted herein are deemed denied.

WHEREFORE, RARE Hospitality Management, LLC respectfully requests that Plaintiff's Complaint be dismissed and that all costs be taxed against Plaintiff and for any and all further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY OF TWELVE

COMES NOW RARE Hospitality Management, LLC and submits this demand that this

case be tried before a jury of twelve people.

  Respectfully submitted this 21st day of April 2023.

                Vernis & Bowling of Atlanta, LLC

                */s/Kimberly Sheridan*
                Kimberly Sheridan, Esq.
                Georgia Bar No.: 061028
                Michael Becker, Esq.
                Georgia Bar No.:  529479
                *Counsel for Defendants*

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2023 4:25 PM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RARE HOSPITALITY MANAGEMENT, ) <br> LLC DBA LONGHORN STEAKHOUSE, ) <br> DAVID WILLIAMS in his/her/their ) <br> professional capacity, and JOHN DOES ) <br> NOS 1-10, whether singular or plural, ) <br> masculine or feminine, individuals or ) <br> corporations, who are not known at this time ) <br> but will be added by amendment when ) <br> ascertained ) <br> ) <br> Defendants. ) | Civil Action No: 23A00559 |

## **VERIFICATION**

PERSONALLY APPEARED BEFORE ME, the undersigned attesting officer, duly qualified by law to administer oaths Terry Carter, who, after being duly sworn, deposes and states on oath that the information contained in *RARE Hospitality Management, LLC's Answer and Demand for Jury Trial* is true and correct to the best of his knowledge.

However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through RARE Hospitality Management, LLC's agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney assisting in the preparation of the Answer and does not necessarily purport to be the precise language of the executing party.

This the __21__ day of __April__ 2023

_____
Terry Carter

SWORN TO AND SUBSCRIBED
before me this __21__ day of __April__ 2023.
_Carole M. Conroy_
Notary Public
Commission Expires:

CAROLE V. CONROY
Notary Public - State of Florida
Commission # GG 937633
My Comm. Expires Dec 13, 2023
Bonded through National Notary Assn.

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No:  23A00559 |
| | ) |
| RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE, DAVID WILLIAMS in his/her/their professional capacity, and JOHN DOES NOS 1-10, whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time but will be added by amendment when ascertained | ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served the within and foregoing ***RARE Hospitality Management, LLC's Answer and Demand For Jury Trial*** by electronic filing and by email to:

    David Dorer, Esq., dorerlawteam@dozierlaw.com

    Respectfully submitted this 21st day of April 2023.

                                                           Vernis & Bowling of Atlanta, LLC

                                                           */s/Kimberly Sheridan*
                                                           Kimberly Sheridan, Esq.
                                                           Georgia Bar No.: 061028
                                                           Michael Becker, Esq.
                                                           Georgia Bar No.:  529479
                                                           *Counsel for Defendants*

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com