IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RARE HOSPITALITY MANAGEMENT, ) <br> LLC DBA LONGHORN STEAKHOUSE, ) <br> DAVID WILLIAMS in his/her/their ) <br> professional capacity, and JOHN DOES NOS ) <br> 1-10, whether singular or plural, masculine or ) <br> feminine, individuals or corporations, who are ) <br> not known at this time but will be added by ) <br> amendment when ascertained ) <br> ) <br>     Defendants. ) <br> ) | Civil Action No: 23A00559 |

## DAVID WILLIAMS' SPECIAL APPEARANCE ANSWER AND DEMAND FOR JURY TRIAL

COMES NOW DAVID WILLIAMS ("Purported Defendant") and submits this his Special Appearance Answer and Demand for Jury Trial.

The statute of limitations has expired, and Plaintiff has not perfected service upon Purported Defendant. Therefore, Purported Defendant appears specially herein and raises and preserves the defenses of statute of limitations, process, service of process, venue and personal jurisdiction. Nothing in this Special Appearance Answer and Demand for Jury Trial shall be construed to in any way waive those defenses. However, in an abundance of caution, Purported Defendant also responds and shows this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, and, therefore, must be dismissed.

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2023 4:25 PM
E-FILED
BY: Mundy B Jackson

Exhibit 17

## SECOND DEFENSE

Purported Defendant was in no way negligent.

## THIRD DEFENSE

Plaintiff's damages, if any, were in no way proximately caused by an act or omission on the part of Purported Defendant.

## FOURTH DEFENSE

Plaintiff's damages, if any, were proximately caused by the acts or omissions of a person or entity who is not a party to this lawsuit.

## FIFTH DEFENSE

Plaintiff's damages, if any, were caused, at least in part, by the acts or omissions of a person or entity who is not a party to this lawsuit, and the amount of damages otherwise awarded to the Plaintiff shall be reduced in proportion to the percentage of fault of the other person or entity.

## SIXTH DEFENSE

Venue is improper.

## SEVENTH DEFENSE

The Court lacks personal jurisdiction as to Purported Defendant. Therefore, Plaintiff's Complaint against Purported Defendant must be dismissed.

## EIGHTH DEFENSE

The statute of limitations has expired. Therefore, Plaintiff's Complaint against Purported Defendant must be dismissed.

## NINTH DEFENSE

Purported Defendant incorporates herein by reference all affirmative defenses which may

otherwise be required to affirmatively plead as set forth and provided for in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b).  Furthermore, Purported Defendant also reserves the right to amend this pleading to set forth any other specific defenses which may appear appropriate during the course of further investigation and discovery.

### TENTH DEFENSE

Purported Defendant did not manage, possess, or in any way control the Subject Premises as contemplated by O.C.G.A. § 51-3-1 *et. seq*. Therefore, Plaintiff's Complaint against Purported Defendant should be dismissed.

### ELEVENTH DEFENSE

Subject to the foregoing defenses, and without waiving same, Purported Defendant responds to the specifically enumerated paragraphs of Plaintiff's Complaint as follows:

### **VENUE AND JURISDICTION**

1.

The allegations in Paragraph No. 1 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 1 of Plaintiff's Complaint and therefore denies the same.

2.

The allegations in Paragraph No. 2 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph

No. 2 of Plaintiff's Complaint and therefore denies the same.

3.

The allegations in Paragraph No. 3 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 3 of Plaintiff's Complaint and therefore denies the same.

4.

The allegations in Paragraph No. 4 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 4 of Plaintiff's Complaint and therefore denies the same.

5.

Purported Defendant denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6.

Purported Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint.

7.

Purported Defendant denies the allegations in Paragraph No. 7 of Plaintiff's Complaint.

8.

Purported Defendant denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

## **GENERAL FACTS COMMON TO ALL COUNTS**

9.

Purported Defendant incorporates and re-alleges as if fully stated herein his responses to Paragraph Nos. 1-8.

## **THE PREMISES**

10.

The allegations in Paragraph No. 10 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 10 of Plaintiff's Complaint and therefore denies the same.

11.

Purported Defendant denies as written the allegations in Paragraph No. 11 of Plaintiff's Complaint.

12.

Purported Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 13 of Plaintiff's Complaint and therefore denies the same.

14.

Purported Defendant denies as written the allegations in Paragraph No. 14 of Plaintiff's Complaint.

15.

Purported Defendant admits the allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.

The allegations in Paragraph No. 16 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 16 of Plaintiff's Complaint and therefore denies the same.

17.

Purported Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.

Purported Defendant denies as written the allegations in Paragraph No. 18 of Plaintiff's Complaint.

## **CONDITIONS LEADING TO INJURY**

19.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 19 of Plaintiff's Complaint and therefore denies the same.

20.

Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 20 of Plaintiff's Complaint and therefore denies the same.

21.

Purported Defendant denies the allegations in Paragraph No. 21 of Plaintiff's Complaint.

22.

Purported Defendant denies the allegations in Paragraph No. 22 of Plaintiff's Complaint.

## **INJURIES AND DAMAGES**

23.

Purported Defendant denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.

Purported Defendant denies the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25.

Purported Defendant denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.

Purported Defendant denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

## **COUNT I: PREMISES LIABILITY AS TO RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE**

27.

Purported Defendant incorporates and re-alleges as if fully stated herein his responses to Paragraph Nos. 1-27.

28.

The allegations in Paragraph No. 28 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 28 of Plaintiff's Complaint and therefore denies the same.

29.

The allegations in Paragraph No. 29 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 29 of Plaintiff's Complaint and therefore denies the same.

30.

The allegations in Paragraph No. 30 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 30 of Plaintiff's Complaint and therefore denies the same.

31.

The allegations in Paragraph No. 31 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 31 of Plaintiff's Complaint and therefore denies the same.

32.

The allegations in Paragraph No. 32 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph

No. 32 of Plaintiff's Complaint and therefore denies the same.

33.

The allegations in Paragraph No. 33 of Plaintiff's Complaint apply to a different defendant and require no response from Purported Defendant. Purported Defendant denies he is a tortfeasor, joint or otherwise, and to the extent a response is deemed necessary, Purported Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 33 of Plaintiff's Complaint and therefore denies the same.

### COUNT II: PREMISES LIABILITY AS TO DAVID WILLIAMS

34.

Purported Defendant incorporates and re-alleges as if fully stated herein his responses to Paragraph Nos. 1-33.

35.

Purported Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36.

Purported Defendant denies the allegations in Paragraph No. 36 of Plaintiff's Complaint.

37.

Purported Defendant denies the allegations in Paragraph No. 37 of Plaintiff's Complaint.

38.

Purported Defendant denies the allegations in Paragraph No. 38 of Plaintiff's Complaint.

39.

Purported Defendant denies the allegations in Paragraph No. 39 of Plaintiff's Complaint.

40.

Purported Defendant denies the allegations in Paragraph No. 40 of Plaintiff's Complaint.

41.

Purported Defendant denies the allegations in Paragraph No. 41 of Plaintiff's Complaint.

42.

To the extent that they require a response, the allegations contained in the WHEREFORE paragraph of Plaintiff's Complaint, including any prayer for relief, are denied.

43.

Any allegations not specifically admitted herein are deemed denied.

WHEREFORE, David Williams respectfully requests that Plaintiff's Complaint be dismissed and that all costs be taxed against Plaintiff and for any and all further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY OF TWELVE

COMES NOW David Williams and submits this demand that this case be tried before a jury of twelve people.

Respectfully submitted this 21st day of April 2023.

                                                  Vernis & Bowling of Atlanta, LLC

                                                */s/Kimberly Sheridan*
                                                Kimberly Sheridan, Esq.
                                                Georgia Bar No.: 061028
                                                Michael Becker, Esq.
                                                Georgia Bar No.:  529479
                                                *Counsel for Defendants*

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2023 4:25 PM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 23A00559 |
| ) | |
| RARE HOSPITALITY MANAGEMENT, ) | |
| LLC DBA LONGHORN STEAKHOUSE, ) | |
| DAVID WILLIAMS in his/her/their ) | |
| professional capacity, and JOHN DOES ) | |
| NOS 1-10, whether singular or plural, ) | |
| masculine or feminine, individuals or ) | |
| corporations, who are not known at this time ) | |
| but will be added by amendment when ) | |
| ascertained ) | |
| ) | |
|    Defendants. ) | |

## VERIFICATION

PERSONALLY APPEARED BEFORE ME, the undersigned attesting officer, duly qualified by law to administer oaths David Williams, who, after being duly sworn, deposes and states on oath that the information contained in *David Williams Special Appearance Answer and Demand for Jury Trial* is true and correct to the best of his knowledge.

However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney assisting in the preparation of the Answer and does not necessarily purport to be the precise language of the executing party.

This the 21 day of April 2023.

_____
David Williams

SWORN TO AND SUBSCRIBED
before me this 21st day of April 2023.

_____
Notary Public
Commission Expires: 02-22-2026

[Notary Seal: SHINIKA WILLIAMS, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, Exp. Feb 22, 2026]

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BILLY HILL,<br><br>  Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY MANAGEMENT, LLC DBA LONGHORN STEAKHOUSE, DAVID WILLIAMS in his/her/their professional capacity, and JOHN DOES NOS 1-10, whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time but will be added by amendment when ascertained<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No:  23A00559<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the within and foregoing ***David Williams' Special Appearance Answer and Demand For Jury Trial*** by electronic filing and by email to:

David Dorer, Esq., dorerlawteam@dozierlaw.com

Respectfully submitted this 21st day of April 2023.

Vernis & Bowling of Atlanta, LLC

*/s/Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.:  529479
*Counsel for Defendants*

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com