IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA
DIVISION 6

**SECOND AMENDED STANDING ORDER IN ALL CIVIL CASES**
**INSTRUCTIONS TO PARTIES AND COUNSEL**

This case has been assigned to Judge Ana Maria Martinez. The purpose of this Order is to inform the parties and their counsel of the Court's policies, practice, and procedure. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act, shall govern this case.

**CASE ADMINISTRATION**

**1.     Contacting Chambers**

Nakeya Burton, our Civil Case Manager, is your principal point of contact on matters relating to this case. Where possible, communication with Ms. Burton should be by telephone (404-687-7135) or by e-mail (nlburton1@dekalbcountyga.gov). Mailed, couriered, and hand delivered communications should be addressed as follows:

> Ms. Nakeya Burton
> Civil Case Manager
> 556 N. McDonough St.
> DeKalb County Courthouse
> Decatur, GA 30030

Any documents required to be filed in this case should be addresses and delivered to the Clerk of State Court rather than Ms. Burton.

The Court's staff attorney is Colt Burnett. He can be reached by telephone (404-687-7134) or e-mail (ccburnett@dekalbcountyga.gov). Neither the parties nor their counsel should discuss the merits of the case with Ms. Burton or Mr. Burnett.

Email is preferred when contacting the Court. Please ensure all parties are copied on your correspondence to the Court. Neither the parties nor their counsel should discuss the merits of the

Exhibit 20

STATE COURT OF
DEKALB COUNTY, GA.
4/24/2023 12:02 PM
E-FILED
BY: Camille Boknight

case with the Court through these communications.

**2.     Courtesy Copies**

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, courtesy copies of substantive motions are appreciated via email to Ms. Burton.

**CASE MANAGEMENT**

**1.     Extension of Time**

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause. Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

In the event the parties need an extension of the discovery period and the case has already been extended three times, or is older than two years, the Court requires that a proposed Consent Scheduling Order be filed alongside the motion addressing all significant remaining deadlines. Proposed Orders should be emailed to Ms. Burton in Word format.

**2.     Conferences**

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just, and efficient resolution of cases.   Therefore, the Court encourages the parties to request a conference when counsel believes one will be helpful and counsel has specific goals and an agenda for the conference.

### 3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his responsive pleading, an averment in his opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

### 4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these objections.

Moreover, general objections are disfavored, i.e., a party should avoid including in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection that actually applies to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must

indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

**5.     Conduct During Depositions**

(a)   At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (B) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his/her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel SHALL NOT instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court. And the objection had better be good.

(d) Counsel shall not make objections or statements that might suggest an answer to a

witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients SHALL NOT engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them. In virtual depositions, all documents being presented to a witness must be sent to opposing counsel prior to the deposition.

(g) Depositions are limited to no more than seven hours of time on the record. Breaks do not count when calculating the duration of the deposition.

**6.    Serving Discovery Prior to Expiration of the Discovery Period**

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period.

**7.    Discovery Motions and Objections to Discovery**

Prior to filing a motion to compel discovery, the movant - after conferring with the

respondent in a good faith effort to resolve the dispute by agreement - should contact Mr. Burnett via email and with copies to all parties and notify him that the movant seeks relief with respect to a discovery matter. <u>Parties are directed to meaningfully confer in good faith in person or on the phone prior to contacting the Court to request assistance with discovery disputes</u>. Ordinarily, Mr. Burnett will then schedule a conference call or meeting to attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery. There should be no discussion of the merits of the case when contacting Ms. Burton or Mr. Burnett.

8. **Motions for Summary Judgment and Daubert Motions**

All Motions for Summary Judgment and Daubert Motions shall be filed within 30 days of the close of discovery.

9. **Pretrial Orders**

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified. The defendant shall explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits and witnesses intended to be introduced at trial shall be specifically identified. It is not sufficient to include boiler plate language covering groups of potential witnesses, such as "all individuals identified during discovery." Instead, witnesses to be called at trial must be identified **by name**. Failure to identify a witness, including expert witnesses, by name in the consolidated pretrial order may result in the exclusion of the undisclosed witness' testimony from trial. **In listing witnesses or exhibits, a party shall not reserve the right to supplement his list,**

**nor should a party adopt another party's list by reference.**

Witnesses and exhibits not identified in the Pretrial Order may be excluded, unless it is necessary to allow them to be introduced to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order. The Pretrial Order will be strictly adhered to during the trial. Any witness, evidence, or claim not contained therein shall be excluded.

**10.     Pretrial Conference, Motions *in Limine*, and Pretrial Matters**

Generally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried, to assist in settlement negotiations where appropriate, and to give the parties a specially set date for trial. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial.

Lead counsel is required to appear at the pretrial conference, unless leave of the court has been obtained.

Motions *in Limine* and responses thereto shall be filed before the pretrial conference. The parties are directed to discuss any filed Motions *in Limine* before the pretrial conference, so that they may inform the Court at the conference which, if any, will need to be addressed by the Court. General Motions *in Limine* will be argued and ruled upon the first day of trial. Motions *in Limine* regarding case specific evidentiary issues should be brought to the attention of the Court at the pretrial hearing as a special hearing may need to be scheduled prior to trial. Motions *in Limine* filed the day of trial may be reserved.

Prior to trial, counsel shall make a good faith effort to resolve any objections in depositions to be presented at trial. All unresolved objections, together with the transcript, argument, and citations, shall be filed, with an electronic copy to the Court, no later than ten (10) business days prior to trial.

**11. Trial**

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Mr. Burnett, in Word format, five (5) business days before the first day of trial. The original request to charge shall be e-filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts, and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

**12. Technology**

Our courtroom has various electronic equipment for use by counsel at trial. For more information about the equipment, please contact Ms. Burton. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment, and for ensuring that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 10th day of November, 2022.

_____
Honorable Ana Maria Martinez
Judge, State Court of DeKalb County