IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHANIE HUTCHISON, TANIA SUAZO CRUZ, and DORIS RAMIREZ, | : : : | CIVIL ACTION FILE NO. |
| Plaintiffs, | : : | |
| vs. | : : | JURY TRIAL |
| THE PKWY 750 KENNESAW, LLC, | : : | DEMANDED |
| Defendant. | : | |

## COMPLAINT

Stephanie Hutchison ("Hutchison"), Tania Suazo Cruz ("Cruz"), and Doris Ramirez ("Ramirez") (collectively "Plaintiffs"), by and through their undersigned attorneys, assert claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant The Pkwy 750 Kennesaw, LLC ("The Pkwy 750" or "Defendant"), for unpaid overtime compensation and other relief on the grounds set forth as follows:

1

## PRELIMINARY STATEMENT

### 1.

This is an FLSA case in which Plaintiffs, a motel front desk attendant (Hutchison), a housekeeping supervisor (Cruz), and a maid (Ramirez) allege that they were not paid overtime wages as required under the FLSA.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district. Venue is also appropriate in this judicial district as Defendant The Pkwy 750 has its registered agent for service in this district.

## PARTIES

### 4.

Plaintiff Hutchison is a natural person who resides in Cobb County, Georgia.

5.

Plaintiff Cruz is a natural person who resides in Cobb County, Georgia.

6.

Plaintiff Ramirez is a natural person who resides in Cobb County, Georgia.

7.

Plaintiffs are former employees of The Pkwy 750 which does business as a Quality Inn located at 750 Cobb Place Blvd., NW, Kennesaw, Georgia 30144.

8.

Defendant The Pkwy 750 is a Georgia Limited Liability Company licensed to do business in the State of Georgia.

9.

Defendant may be served with process via service on its registered agent, Joseph Hoffman at 5555 Glenridge Connector, Suite 800, Atlanta, Georgia 30342.

10.

Defendant The Pkwy 750 is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF
## STEPHANIE HUTCHISON

11.

Plaintiff Hutchison was employed by The Pkwy 750 from approximately December 26, 2022 through approximately April 26, 2023 as a front desk attendant at the Quality Inn located at 750 Cobb Place Blvd., NW, Kennesaw, Georgia 30144.

12.

Throughout her employment, the primary job duties of Plaintiff Hutchison were checking customers in and out of the hotel; making reservations; answering phones; and "making rounds" wherein she had to go room to room knocking on doors wherein occupants had not paid or had not checked out on time.

13.

Throughout her employment, the work done by Plaintiff Hutchison was an integral and essential part of Defendant's business of operating a motel.

14.

Plaintiff Hutchison was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a front desk attendant in a motel which is part of a national motel and hotel chain.

15.

Throughout her employment with The Pkwy 750, Plaintiff Hutchison worked 5 days per week.

16.

Throughout her employment with The Pkwy 750, Plaintiff Hutchison was scheduled to work from 7:00 a.m. until 3:00 p.m.

17.

Throughout her employment with The Pkwy 750, Plaintiff Hutchison normally worked from approximately 6:30 a.m. until approximately between 4:00 p.m. and 4:30 p.m.

18.

At all times during her employment, Defendant only compensated Plaintiff Hutchison for her scheduled hours from 7:00 a.m. until 3:00 p.m., approximately 8 hours per day and paid her no wages whatsoever for her overtime hours worked.

19.

Throughout her employment with The Pkwy 750, Plaintiff Hutchison normally worked 47-50 hours during each work week.

20.

Throughout Plaintiff Hutchison's employment, for the hours that Defendant paid wages, Defendant compensated her at a rate of $15.00 per hour.

21.

At all times material hereto, Plaintiff Hutchison was not exempt from the overtime pay requirements of the FLSA by reason of any FLSA exemption.

22.

At all times material hereto, Defendant was aware of the actual number of hours Plaintiff Hutchison worked.

23.

Defendant knew or should have known that the FLSA applied to Plaintiff Hutchison.

24.

Throughout her employment, Defendant did not afford Hutchison a meal break period of thirty (30) minutes or more.

25.

Throughout her employment, Defendant was aware that Hutchison worked without receiving a meal break during most workdays.

26.

At all times material hereto, Defendant failed to compensate Plaintiff Hutchison for any hours she worked in excess of 40 hours during each work week.

27.

At all times material hereto, Defendant paid Plaintiff for 80 hours during each two (2) week pay period (*i.e.* 40 hours per week).

28.

29 U.S.C. § 207 requires that Defendant compensate Plaintiff Hutchison at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

29.

Defendant knew or should have known that the 29 U.S.C. § 207 requires that Defendant pay Plaintiff Hutchison a premium for all hours worked above forty hours in any given workweek.

30.

At all times material hereto, Plaintiff Hutchison regularly worked more than forty (40) hours during a given workweek.

31.

At all times material hereto, Defendant failed to pay Plaintiff Hutchison at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

32.

At all times material hereto, Defendant willfully failed to pay Plaintiff Hutchison at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF
TANIA SUAZO CRUZ**

33.

Plaintiff Cruz was employed by The Pkwy 750 from approximately June 14, 2022 through April 6, 2023 as a housekeeping supervisor at the Quality Inn located at 750 Cobb Place Blvd., NW, Kennesaw, Georgia 30144.

34.

Throughout her employment, Plaintiff Cruz did not have authority to hire employees on behalf of The Pkwy 750.

35.

Throughout her employment, Plaintiff Cruz did not have authority to terminate employees on behalf of The Pkwy 750.

36.

Throughout her employment, Plaintiff Cruz did not have authority to discipline employees on behalf of The Pkwy 750.

37.

Throughout her employment, Plaintiff Cruz did not have authority to set employees' schedules on behalf of The Pkwy 750.

38.

Throughout her employment, the primary job duties of Plaintiff Cruz included cleaning rooms and preparing them to be rented to motel guests, inspecting rooms cleaned by other maids to be sure they were cleaned prior to renting rooms to motel patrons, and doing laundry.

39.

Throughout her employment, the work done by Plaintiff Cruz was an integral and essential part of Defendant's business of operating a motel.

40.

Plaintiff Cruz was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a housekeeping supervisor in a motel which is part of a national motel and hotel chain.

41.

During the period from June 14, 2022 through January 2023, Plaintiff Cruz worked 6 days during most work weeks, and occasionally 7 days.

42.

During the period from approximately February 2023 through April 6, 2023 Plaintiff Cruz worked 5 days per week.

43.

Throughout her employment with The Pkwy 750, Plaintiff Cruz was scheduled to work from 9:00 a.m. until 5:00 p.m.

44.

Throughout her employment with The Pkwy 750, Plaintiff Cruz normally worked from approximately 9:00 a.m. until approximately between 6:00 p.m. and 6:30 p.m.

45.

At all times during her employment, Defendant only compensated Plaintiff Cruz for her scheduled hours from 9:00 a.m. until 5:00 p.m., approximately 8 hours per day and paid her no wages whatsoever for her overtime hours worked.

46.

Throughout her employment with The Pkwy 750, Plaintiff Cruz normally worked 45-54 hours during most work weeks.

47.

Throughout Plaintiff Cruz's employment, for the hours that Defendant paid wages, Defendant compensated her at a rate of $15.00 per hour.

48.

At all times material hereto, Plaintiff Cruz was not exempt from the overtime pay requirements of the FLSA by reason of any FLSA exemption.

49.

At all times material hereto, Defendant was aware of the actual number of hours Plaintiff Cruz worked.

50.

Defendant knew or should have known that the FLSA applied to Plaintiff Cruz.

51.

Throughout the period from approximately June 14, 2022 through January 2023, Defendant did not afford Cruz a period of thirty (30) minutes or more, free from all duty for purposes of taking a meal break.

52.

Throughout the period from approximately June 14, 2022 through January 2023, Defendant was aware that Cruz worked without receiving a meal break during most workdays.

53.

Beginning in or about February 2023, Defendant, by and through motel manager "Linette" advised Plaintiff Cruz that she was required to take a 30-minute lunch break because it would be automatically deducted from her time.

54.

During the period from February 2023 through April 6, 2023, Plaintiff Cruz took a 30-minute meal break during most workdays.

55.

At all times material hereto, Defendant failed to compensate Plaintiff Cruz for any hours she worked in excess of 40 hours during each work week.

56.

At all times material hereto, Defendant paid Plaintiff for 80 hours or less during each two (2) week pay period.

57.

29 U.S.C. § 207 requires that Defendant compensate Plaintiff Cruz at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

58.

Defendant knew or should have known that the 29 U.S.C. § 207 requires that Defendant pay Plaintiff Cruz a premium for all hours worked above forty hours in any given workweek.

59.

At all times material hereto, Plaintiff Cruz regularly worked more than forty (40) hours during a given workweek.

60.

At all times material hereto, Defendant failed to pay Plaintiff Cruz at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

61.

At all times material hereto, Defendant willfully failed to pay Plaintiff Cruz at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF DORIS RAMIREZ

62.

Plaintiff Ramirez was employed by The Pkwy 750 from approximately October 27, 2022 through April 3, 2023 as a maid at the Quality Inn located at 750 Cobb Place Blvd., NW, Kennesaw, Georgia 30144.

63.

Throughout her employment, the primary job duty of Plaintiff Ramirez included cleaning rooms and preparing them to be rented to motel guests.

64.

Throughout her employment, the work done by Plaintiff Ramirez was an integral and essential part of Defendant's business of operating a motel.

65.

Plaintiff Ramirez was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a housekeeping supervisor in a motel which is part of a national motel chain.

66.

Throughout her employment with The Pkwy 750, Plaintiff Ramirez normally worked 5 days during most work weeks, and occasionally 6 days.

67.

Throughout her employment with The Pkwy 750, Plaintiff Cruz was scheduled to work from 9:00 a.m. until 5:00 p.m.

68.

Throughout her employment with The Pkwy 750, Plaintiff Cruz normally worked from approximately 9:00 a.m. until approximately between 6:00 p.m.

69.

At all times during her employment, Defendant only compensated Plaintiff Cruz for her scheduled hours from 9:00 a.m. until 5:00 p.m., approximately 8 hours per day.

70.

Throughout her employment with The Pkwy 750, Plaintiff Ramirez normally worked 45-54 hours during most work weeks.

71.

Throughout Plaintiff Ramirez's employment, for the hours that Defendant paid wages, Defendant compensated her at a rate of $15.00 per hour.

72.

At all times material hereto, Plaintiff Ramirez was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

16

73.

At all times material hereto, Defendant was aware of the actual number of hours Plaintiff Ramirez worked.

74.

Defendant knew or should have known that the FLSA applied to Plaintiff Ramirez.

75.

Throughout the period from approximately October 27, 2022 through January 2023, Defendant did not afford Ramirez a period of thirty (30) minutes or more, free from all duty for purposes of taking a meal break.

76.

Throughout the period from approximately October 27, 2022 through January 2023, Defendant was aware that Ramirez worked without receiving a meal break during most workdays.

77.

Beginning in or about February 2023, Defendant, by and through motel manager "Linette" advised Plaintiff Ramirez that she was required to take a 30-minute lunch break because it would be automatically deducted from her time.

78.

During the period from February 2023 through April 3, 2023, Plaintiff Ramirez took a 30-minute meal break during most workdays.

79.

At all times material hereto, Defendant failed to compensate Plaintiff Ramirez for any hours she worked in excess of 40 hours during each work week.

80.

At all times material hereto, Defendant paid Plaintiff for 80 hours or less during each two (2) week pay period.

81.

29 U.S.C. § 207 requires that Defendant compensate Plaintiff Ramirez at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

82.

Defendant knew or should have known that the 29 U.S.C. § 207 requires that Defendant pay Plaintiff Ramirez a premium for all hours worked above forty hours in any given workweek.

83.

At all times material hereto, Plaintiff Ramirez regularly worked more than forty (40) hours during a given workweek.

84.

At all times material hereto, Defendant failed to pay Plaintiff Ramirez at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

85.

At all times material hereto, Defendant willfully failed to pay Plaintiff Ramirez at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## **FACTS COMMON TO THE CLAIMS OF ALL PLAINTIFFS**

86.

Each Plaintiff's work period consisted of a seven-day calendar week.

87.

Defendant The Pkwy 750 was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of The Pkwy 750 in its interactions with Plaintiffs and controlled the terms and conditions of employment of Plaintiffs on a day-to-day basis.

88.

Defendant The Pkwy 750 is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1) and has been in each of the years 2022 and 2023.

89.

In 2022, The Pkwy 750  had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

90.

In 2023, The Pkwy 750 had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

91.

In 2022, The Pkwy 750 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

92.

In 2023, The Pkwy 750 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

93.

In 2022, The Pkwy 750 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

94.

In 2023, The Pkwy 750 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

95.

At all relevant times, each Plaintiff was an "employee" of Defendant The Pkwy 750 within the meaning of 29 U.S.C. § 203(e)(1).

96.

For each Plaintiff, Defendant has failed to meet the requirements for any of the exemptions from the application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

97.

Upon information and belief, in failing or refusing to pay each Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that any Plaintiff was not entitled to overtime.

98.

Upon information and belief, in failing or refusing to pay each Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any legal advice indicating that any Plaintiff was not entitled to overtime.

99.

Defendant's conduct constitutes willful violations of § 207 of the FLSA, entitling each Plaintiff to all relief afforded under the FLSA, including the award of liquidated damages.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 and 215
**(Overtime Violations)**

100.

Paragraphs 1 through 99 are incorporated herein by this reference.

101.

Defendant's failure to compensate each Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

102.

Defendant's failure to compensate each Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay was intentional and willful.

103.

Each Plaintiff is entitled to unpaid overtime compensation throughout their employment, liquidated damages in an amount equal to the unpaid compensation, plus reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiffs request this Court:

(a)     Take jurisdiction of this matter;

(b)     Grant a trial by jury as to all matters properly triable to a jury;

(c)     Issue a judgment declaring that each Plaintiff was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(d)     Award each Plaintiff payment for each overtime hour worked, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(f)     Award each Plaintiff prejudgment interest on all amounts owed;

(g)     Award each Plaintiff nominal damages;

(h)     Award each Plaintiff her reasonable attorney's fees and expenses of

litigation pursuant to § 29 U.S.C. 216(b); and

(i)     Award any and such other further relief this Court deems just, equitable

and proper.

Respectfully submitted, this 22nd day of June, 2023.

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

**Delong Caldwell Bridgers**
**Fitzpatrick & Benjamin, LLC**

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiffs