IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVARO ROJAS RAMIREZ, ANDRIK PALMAR, ANDRIK RODRIGUEZ, ANYERSON JAMBORTINEZ, DANNY HENRRIQUEZ, GERARDO PAZ, ISSIS ARTEAGA MEJIA, JAUDIEL LOPEZ, JUAN CARLOS, LUIS PARENDES, RAFAEL SARAVIA, NELSON HERNANDEZ and RONMEL LOPEZ MADRID, individually and on behalf of all others similarly situated, | Civil Action No. _____ Jury Trial Demanded |
| Plaintiffs, | |
| vs. | |
| SYNERGY STEEL HOLDINGS, INC. and MICHAEL P. IAGNEMMA, | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Alvaro Rojas Ramirez, Andrik Palmar, Andrik Rodriguez, Anyerson Jambortinez, Danny Henrriquez, Gerardo Paz, Issis Arteaga Mejia, Jaudiel Lopez, Juan Carlos, Luis Parendes, Rafael Saravia, Nelson Hernandez, and Ronmel Lopez Madrid (collectively "Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring

this Complaint against Synergy Steel Holdings, Inc. ("Synergy Steel") and Michael P. Iagnemma ("Iagnemma") (collectively "Defendants"), and show the Court as follows:

### *Introduction*

1.

Synergy Steel wrongfully classified Plaintiffs--and the class they seek to represent--as independent contractors and did not pay them the FLSA overtime premiums they were due.  In addition, Synergy Steel failed to pay Plaintiffs for their final weeks of work.

2.

In addition to their federal cause of action, Plaintiffs assert a pendent state law claim for breach of contract which arises out of the same set of operating facts as their federal claims, i.e., Synergy Steel's failure to compensate Plaintiffs for hours worked in their final weeks of employment.

3.

Plaintiffs ask this Court to certify a class of similarly situated employees as follows: All persons paid,  directly or indirectly, on an hourly basis for construction related work by Synergy Steel who also worked more than 40 hours in a workweek at any time in the three years prior to the date this action was filed ("the Relevant Time Period") and who consent in writing to their inclusion in a collective action. These persons include, but are not limited to, those persons holding any of the

> **Commented [MB1]:** Our clients were paid by direct deposit directly by Synergy Steel. As such, not sure the "indirectly" language applies.

following job titles: Project Managers, Construction Managers, Foremen, Laborers, Framers, Erectors, and Installers. ("the Proposed Class").

4.

Plaintiffs request relief for the Proposed Class because the Proposed Class is similarly situated to named Plaintiffs and each other and were improperly paid under a common scheme of classifying employees as independent contractors and thus avoiding overtime compensation costs required by the FLSA.

5.

Rojas Ramirez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "A".

6.

Palmar's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "B".

7.

Rodriguez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "C".

8.

Jambortinez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "D".

9.

Henrriquez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "E".

10.

Paz's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "F".

11.

Arteaga Mejia's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "G".

12.

Lopez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "H".

13.

Carlos' Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "I".

14.

Parendes' Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "J".

15.

Saravia's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "K".

16.

Lopez Madrid's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "L".

17.

Hernandez's Consent to Serve as a Plaintiff Representative in this FLSA action is attached as Exhibit "M".

### *Jurisdiction and Venue*

18.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce. This Court has supplemental jurisdiction over the claims asserted under Georgia law pursuant to 28 U.S.C. § 1367(a) as these claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

19.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

20.

Rojas Ramirez resides in DeKalb County, Georgia.

21.

Palmar resides in Gwinnett County, Georgia.

22.

Rodriguez resides in Gwinnett County, Georgia.

23.

Jambortinez resides in Gwinnett County, Georgia.

24.

Henrriquez resides in Charlotte, North Carolina.

25.

Paz resides in Gwinnett County, Georgia.

26.

Arteaga Mejia resides in Charlotte, North Carolina.

27.

Lopez resides in Charlotte, North Carolina.

28.

Carlos resides in Gwinnett County, Georgia.

29.

Parendes resides in DeKalb County, Georgia.

30.

Saravia resides in Gwinnett County, Georgia.

31.

Lopez Madrid resides in Charlotte, North Carolina.

32.

Hernandez resides in Mecklenburg County, Charlotte, North Carolina.

33.

At all times material hereto, Synergy Steel has been a "leading manufacturer and provider of steel components for walls and trusses in the commercial and residential construction industries."

34.

At all times material hereto, Synergy Steel employed Plaintiffs and the Proposed Class at different project locations throughout the States of Georgia, North Carolina, South Carolina, and Tennessee.

35.

Synergy Steel is a corporation organized under the laws of the State of South Carolina.

36.

At all times relevant to this action, Synergy Steel has done business in the State of Georgia related to the allegations of this Complaint.

37.

Synergy Steel can be served via its registered agent Michael P. Iagnemma at 1312 Camp Creek Road, Lancaster, South Carolina 29270.

38.

Synergy Steel is subject to the personal jurisdiction of this Court.

39.

At all times material hereto, Iagnemma was CEO of Synergy.

40.

At all times material hereto, Plaintiffs were "employees" of Iagnemma within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

41.

At all times material hereto, Iagnemma was an "employer" of Plaintiffs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

42.

Iagnemma is subject to the personal jurisdiction of this Court.

43.

Iagnemma may be served with process at 1312 Camp Creek Road, Lancaster, South Carolina, 29270 or wherever he may be located.

*Enterprise Coverage*

44.

At all times material hereto, Synergy Steel has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

45.

At all times material hereto, two or more employees of Synergy Steel, including Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: metal raw materials, girders, construction connectors, heavy lifting equipment, and hand tools such as drills, hammers, tool belts, saws, and screw guns.

46.

In 2020, Synergy Steel had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

47.

In 2021, Synergy Steel had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

48.

In 2022, Synergy Steel had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

49.

In 2023, Synergy Steel had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

50.

During 2020, Synergy Steel had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

51.

During 2021, Synergy Steel had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

52.

During 2022, Synergy Steel had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

53.

During 2023, Synergy Steel had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

54.

During 2020, Synergy Steel had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

55.

During 2021, Synergy Steel had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

56.

During 2022, Synergy Steel had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

57.

During 2023, Synergy Steel had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

58.

At all times material hereto, Synergy Steel has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

***Iagnemma is an employer under the FLSA***

59.

At all times material hereto, Iagnemma was an owner of Synergy.

60.

At all times material hereto, Iagnemma was the CEO of Synergy.

61.

At all times material hereto, Iagnemma had authority to make business decisions on behalf of Synergy.

62.

At all times material hereto, Iagnemma exercised operational control over Plaintiffs' work activities.

63.

At all times material hereto, Iagnemma managed the day-to-day operation of Synergy.

64.

At all times material hereto, Synergy vested Iagnemma with supervisory authority over Plaintiffs.

65.

At all times material hereto, Iagnemma exercised supervisory authority over Plaintiffs.

66.

At all times material hereto, Iagnemma scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

67.

Iagnemma frequently determined the number of individuals needed for specific projects.

68.

At all times material hereto, Iagnemma exercised authority and supervision over Plaintiffs' compensation.

69.

At all times material hereto, Iagnemma had authority to set the schedules of Synergy's employees.

70.

At all times material hereto, Iagnemma had authority to schedule employees to work on specific projects on behalf of Synergy.

71.

At all times material hereto, Iagnemma had authority to set the compensation paid to Synergy's employees.

72.

At all times material hereto, Iagnemma had authority to hire employees on behalf of Synergy.

73.

At all times material hereto, Iagnemma had authority to terminate employees of Synergy.

74.

At all times material hereto, Iagnemma had authority to discipline employees of Synergy.

### *Statutory Employer Allegations*

75.

Rojas Ramirez worked for Synergy as a project manager from July 11, 2022 through May 13, 2023 in Georgia.

76.

Palmar worked for Synergy as a helper from approximately July 2022 through May 2023 in Georgia.

77.

Rodriguez worked for Synergy as a framer from approximately October 2022 through May 2023 in Georgia.

78.

Jambortinez worked for Synergy during the Relevant Time Period in Georgia.

79.

Henrriquez worked for Synergy initially as a framer and later as a project manager and then as a construction manager from approximately March 2020 through May 2023 in North Carolina, Georgia, and Tennessee.

80.

Paz worked for Synergy worked for Synergy during the Relevant Time Period in Georgia.

81.

Arteaga Mejia worked for Synergy as a framer from approximately January 31, 2022 through April 2023 in North Carolina.

82.

Lopez worked for Synergy as a framer from approximately October 1, 2020 through May 5, 2023 in Georgia, South Carolina, and North Carolina.

83.

Carlos worked for Synergy during the Relevant Time Period in Georgia.

84.

Parendes worked for Synergy as a framer from approximately July 2022 through May 2023 in Georgia.

85.

Saravia worked for Synergy as a framer from approximately September 2022 through May 2023 in Georgia.

Page 15

86.

Lopez Madrid worked for Synergy as a framer from approximately August 9, 2021 through May 5, 2023 in Georgia, Tennessee, South Carolina, and North Carolina.

87.

Hernandez worked for Synergy as a framer from approximately October 2022 through May 2023 in North Carolina.

88.

At all times material hereto, Synergy Steel was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

89.

At all times material hereto Plaintiffs were "employees" of Synergy Steel as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

COMMON FACTUAL ALLEGATIONS

(a) Plaintiffs and Proposed Class were Misclassified as Independent Contractors

90.

Plaintiffs and the Proposed Class worked on Synergy Steel Construction projects at different locations over the course of several years.

91.

Throughout the Relevant Time Period, Synergy Steel classified Plaintiffs and the Proposed Class as independent contractors.

92.

Throughout the Relevant Time Period, Plaintiffs and the Proposed Class were economically dependent on Synergy Steel for their livelihood.

93.

Throughout the Relevant Time Period, Synergy Steel exercised control over the time during which Plaintiffs and Proposed Class worked.

94.

Throughout the Relevant Time Period, Synergy Steel exercised control over the manner in which Plaintiffs and Proposed Class worked.

95.

Throughout the Relevant Time Period, Synergy Steel exercised control over the methods Plaintiffs and Proposed Class employed while working.

96.

Throughout the Relevant Time Period, Plaintiffs and the Proposed Class worked for Synergy Steel on a regular and consistent basis.

97.

Throughout the Relevant Time Period, Synergy Steel treated Plaintiffs and the class they seek to represent as employee in all respects except payment of the FLSA overtime premium and benefits.

98.

Throughout the Relevant Time Period, Plaintiffs and the Proposed Class did not solicit customers on their own behalf.

99.

Throughout the Relevant Time Period, Plaintiffs and the Proposed Class performed work for Synergy Steel's customers.

100.

Throughout the Relevant Time Period, Synergy Steel provided Plaintiffs and the Proposed Class with all materials and equipment necessary to perform the construction work they were hired with the exception of individual hand tools.

101.

Throughout the Relevant Time Period, Plaintiffs and Proposed Class did not advertise on their own behalf in connection with the type of services he performed for Defendants.

102.

Throughout the Relevant Time Period, Plaintiffs and the Proposed Class made no significant investments into their work for Synergy Steel such that they shared no significant risk of loss.

103.

Throughout the Relevant Time Period, Synergy Steel—rather than Plaintiffs and the Proposed Class—bore all costs associated with advertising, marketing, and promoting the business of Defendant.

104.

Throughout the Relevant Time Period, Synergy Steel did not permit Plaintiffs nor the Proposed Class to subcontract out their work or hire employees to perform their personal job duties.

105.

Throughout the Relevant Time Period, Synergy Steel negotiated contracts for the customers that Plaintiffs and the Proposed Class served without their notice, input or direction.

106.

Throughout the Relevant Time Period, the opportunity for profit or loss for Plaintiffs and the Proposed Class did not depend on Plaintiffs' managerial skill.

107.

Throughout the Relevant Time Period, the work that Plaintiffs and the Proposed Class did not require a skill require certification or institutional training.

108.

Throughout the Relevant Time Period, Synergy Steel provided Plaintiffs and the Proposed Class with on-the-job training to acquire the skills to perform work for the Defendant.

109.

At all times in the Relevant Time Period, Synergy Steel misclassified Plaintiffs as independent contractors.

110.

Throughout the Relevant Time Period, Synergy Steel was an "employer" of Plaintiffs and the Proposed Class within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

**(b)** **Plaintiffs and Proposed Class Should have Been Paid Overtime as Employees**

111.

At all times in the Relevant Time Period, Synergy Steel compensated Plaintiffs and the Proposed Class on an hourly basis.

Page 20

112.

At all times material hereto, Synergy Steel did not employ Plaintiffs nor those in the Proposed Class in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

113.

At all times material hereto, Synergy Steel did not employ Plaintiffs nor those in the Proposed Class in bona fide executive capacity within the meaning of 29 USC § 213 (a).

114.

At all times material hereto, Synergy Steel did not employ Plaintiffs nor those in the Proposed Class in the capacity of an "outside salesman" so as to be exempt from the overtime premium pay requirements of 29 USC § 207 (a).

115.

Plaintiffs and the Proposed Class were not exempt from the overtime premium pay requirements of the FLSA by reason of any exemption during the Relevant Time Period.

**(c) Plaintiffs and Proposed Class All Worked Overtime**

116.

Rojas Ramirez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

117.

Palmar regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

118.

Rodriguez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

119.

Jambortinez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

120.

Henrriquez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

121.

Paz regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

122.

Arteaga Mejia regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

123.

Lopez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

124.

Carlos regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

125.

Parendes regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

126.

Saravia regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

127.

Lopez Madrid regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

128.

Hernandez regularly worked more than forty hours per work week as an employee of Synergy Steel during the Relevant Time Period.

129.

Those persons in the Proposed Class also worked more than forty hours in at least one work week as a misclassified independent contractor of Synergy Steel during the Relevant Time Period.

130.

Throughout the Relevant Timer Period, Synergy Steel paid Plaintiffs and the
Proposed Class their regular hourly rate (i.e. "straight-time) for all hours worked in
excess of forty hours per work week and did not pay them an overtime premium.

131.

Throughout the Relevant Time Period, Synergy Steel was aware of the
actual number of hours that Plaintiffs and the Proposed Class worked during each
work week.

132.

Throughout the Relevant Time Period, Synergy Steel knew or should have
known that the FLSA applied to Plaintiffs and the Proposed Class.

133.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Synergy Steel
compensate Plaintiffs and the Proposed Class at a rate of one–and–one–half times
their regular rate for all time worked in excess of forty (40) hours in a work week.

134.

Synergy Steel knew or should have known that Section 7 of the FLSA
requires that Synergy Steel compensate Plaintiffs and the Proposed Class a
premium for all time worked in excess of forty hours in a given workweek.

135.

During the Relevant Period, Synergy Steel failed to pay Plaintiffs and the members of the Proposed Class at one-and-one-half times their proper regular rates for work performed in excess of forty (40) hours per week.

136.

Synergy Steel failed to pay Plaintiffs and the members of the Proposed Class for all wages earned during their last weeks of employment in amounts that vary by person.

### COUNT I — FAILURE TO PAY OVERTIME

137.

The allegations in paragraphs 1 through 136 above are incorporated by reference herein as if set forth verbatim.

138.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

139.

Throughout the Relevant Time Period, Plaintiffs regularly worked in Synergy Steel's employ in excess of forty (40) hours during each work week.

140.

Throughout the Relevant Time Period, Synergy Steel failed to pay Plaintiffs at one-and-one-half times their regular rates for time worked in excess of forty (40) hours during each work week.

141.

Throughout the Relevant Time Period, Synergy Steel willfully failed to pay Plaintiffs at one–and–one–half times their regular rates for work in excess of forty (40) hours during each work week.

142.

As a result of the failure to pay overtime compensation as alleged above, Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

143.

As a result of the failure to pay overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

144.

Synergy Steel's violations of the FLSA were willful, entitling Plaintiffs to a three year statute of limitations pursuant to 29 U.S.C. § 255(a).

145.

As a result of the failure to pay overtime compensation as alleged above, Plaintiffs are entitled to their costs of litigation, including their reasonable attorneys' fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – COLLECTIVE ACTION OVERTIME ALLEGATIONS**

146.

The allegations in paragraphs 1 through 136 above are incorporated by reference herein as if set forth verbatim.

147.

At all times during the three years prior to the filing of this Complaint, Synergy Steel violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class. This failure resulted in each member of the class being paid less than time and one half of their regular rate for each overtime hour worked each workweek.

148.

At all times during the three years prior to the filing of this Complaint, Synergy Steel violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class in the same manner as alleged above with respect to Plaintiffs.

149.

Synergy Steel's violations of the FLSA were willful, entitling the members of the Proposed Class to a three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

150.

The Proposed Class are, therefore, entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C, and their reasonable attorney's fees and costs in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

151.

All such individuals similarly situated and members of the Proposed Class would benefit from the issuance of a Court supervised Notice of Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

152.

All such individuals similarly situated to Plaintiffs and members of the Proposed Class are readily identifiable and can be located through the records of Synergy Steel.

153.

Upon information and belief, in failing to pay Plaintiffs and members of the Proposed Class overtime wages, Synergy Steel has not relied on any letter ruling

from the Department of Labor indicating that such practice was permitted under the FLSA.

154.

Upon information and belief, in failing to pay Plaintiffs and members of the Proposed Class overtime wages, Synergy Steel has not relied on any legal advice indicating that such practice was permitted under the FLSA.

**COUNT III – BREACH OF CONTRACT**

155.

The allegations in paragraphs 1 through 136 above are incorporated by reference herein as if set forth verbatim.

156.

Plaintiffs and members of the Proposed Class were parties to a contract of employment with Synergy Steel (hereafter "the Contract").

157.

The Contract provided that Synergy Steel would pay Plaintiffs and members of the Proposed Class for work that was performed by Plaintiffs and members of the Proposed Class on behalf of and for the benefit of Synergy Steel.

158.

Synergy Steel's failure to pay Plaintiffs and members of the Proposed Class for work they performed during their last week(s) of employment constitutes a material breach of the Contract.

159.

As the direct and foreseeable result of this breach, Plaintiffs and members of the Proposed Class have sustained and continue to sustain damages in an amount to be proved at trial.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a)   Take jurisdiction of this matter;

b)   Certify the class and permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

c)   Issue an Order holding Synergy Steel to be an "employer" as that term is defined under the FLSA;

d)   Grant a trial by jury as to all matters properly triable to a jury;

e)   Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Synergy Steel has failed to comply with the requirements of the FLSA;

f)   Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

g)   Award each member of the class Plaintiffs represent proper payment for

each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

h) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

i) Award Plaintiffs and each member of the class they represent nominal damages;

j) Award each Plaintiff and each member of the class damages arising from the breach of contract claim herein asserted in amounts to be proved at trial;

k) Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation; and

l) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
|---|---|

*/s/Charles R. Bridgers*

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com

Charles R. Bridgers
Ga. Bar No. 080791
Mitchell D. Benjamin
Ga. Bar No. 049888
Kevin D. Fitzpatrick
Ga Bar No. 262375

**Counsel for Plaintiffs and the Proposed Class**