IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | |
| ANDREW BAHR and ANGELIQUE ) | |
| BURKE, ) | |
| ) | |
| Respondents. ) | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Allstate Indemnity Company ("Petitioner Allstate"), Petitioner in the above-styled case, by and through its undersigned counsel of record, and brings this action against Respondent Andrew Bahr ("Respondent Bahr") and Respondent Angelique Burke ("Respondent Burke"), and alleges as follows:

### PARTIES

1.

Petitioner Allstate is a foreign corporation with its principal place of business in Northbrook, Illinois. It is incorporated under the laws of the State of Illinois and is a citizen of Illinois.

2.

Respondent Bahr is a resident and citizen of the State of Georgia and may be

1

served with process at his last known address at 3515 Leverich Street, Atlanta, Georgia 30349 in Fulton County, Georgia.

3.

Respondent Burke is a resident and citizen of the State of Georgia and may be served with process at her last known address at 601 Carrolls Way, Sugar Hill, Georgia 30518 in Gwinnett County, Georgia.

**JURISDICTION**

4.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Allstate is a citizen of a different state than all Respondents.

5.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by Respondent Burke for injuries and damages arising from the incident that is the subject matter of this action exceeds $75,000.00.

6.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Allstate is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a landlord policy issued by Petitioner Allstate, Policy Number 821 074 045 (the "Policy"). (A certified copy of the Policy is

attached hereto as Exhibit A).  The Policy has $500,000 in Coverage X – Liability Protection and $1,000 in Coverage Y – Premises Medical Protection.

7.

Petitioner Allstate anticipates that Respondents will contest Petitioner Allstate's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties.  Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

## VENUE

8.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one Respondent resides in the Northern District of Georgia, Atlanta Division.

## FACTS

9.

On January 28, 2020, Respondent Burke entered into a lease with Property Frameworks, a property manager, to rent 5430 Winstead Court, Atlanta, Georgia, 30349, which is owned by Respondent Bahr ("the Property").

10.

On February 1, 2020, Respondent Burke moved into the Property.

11.

On December 18, 2020, Respondent Bahr, filed a dispossessory action in the Magistrate Court of Fulton County alleging that Respondent Burke owed $3,326.33 in rent and refused to allow Respondent Bahr to access the Property.

12.

On December 23, 2020, Respondent Burke filed an Answer, Counter-claim, and Motion to Transfer the case to the State Court of Fulton County, claiming that her damages are in excess of $15,000.

13.

In her Answer and Counter-claim, Respondent Burke claims that upon renting the Property, she realized that it was in a state of disrepair, including persistent flooding, inoperable HVAC system, inoperable toilets, mold and mildew growth, sewage backup, and other health and safety compromising conditions.

14.

Respondent Burke also states that as of December 23, 2020, she has no heat, and her carpet is still soiled from a February 2020 flood.

15.

She claims to have provided consistent notice of these deficiencies to Respondent Bahr on a nearly weekly basis, and well over 20 times in her 10-month residency.

16.

Respondent Burke allegedly failed to make the necessary repairs.

17.

In her Counter-claim, Respondent Burke brought breach of contract, failure to repair, and personal injury claims.

18.

She alleges that she has suffered physical, mental, and emotional damages from residing in the home and has accumulated medical costs because of her adverse reactions to the mold and mildew in the Property.

19.

On January 5, 2023, Respondent Burke executed an affidavit stating that she has paid $140,814.43 in out-of-pocket expenses based upon Respondent Bahr's failure to repair.

20.

Petitioner Allstate first received notice of this loss on January 8, 2021.

**I.   PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR OR RESPONDENT BURKE UNDER THE COVERAGE X – LIABILITY PROTECTION OR COVERAGE Y – PREMISES MEDICAL PROTECTION IN THE POLICY BECAUSE THE ALLEGATIONS DO NOT ARISE OUT OF A COVERED OCCURRENCE.**

21.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 20 of this Petition as if set forth verbatim herein.

22.

The Policy contains the following Coverage X – Liability Protection insuring agreement:

**Coverage X – Liability Protection**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitations of the policy, **we** will pay compensatory damages which an **insured person** becomes legally obligated to pay because of **bodily injury**, **personal injury**, or **property damage** arising from a covered **occurrence**. **We** will not pay any punitive or exemplary damages, fines or penalties.

(Exhibit A, p. 34).

23.

The Policy contains the following Coverage Y – Premises Medical Protection insuring agreement:

**Coverage Y – Premises Medical Protection**

**Losses We Cover Under Coverage Y:**
**We** will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals.  These expenses must be incurred and the services performed within three years from the date of an **occurrence** resulting in **bodily injury** covered by this part of the policy.

Payment will be made only if **bodily injury**:
1. Arises from a condition on the **residence premises** or immediately adjoining ways; or
2. Arises from an **occurrence** for which indemnification is provided under **Coverage X – Liability Protection** of this policy.

(Exhibit A, p. 37).

24.

Under Coverage X – Liability Protection, **occurrence** is defined as "an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury, personal injury** or **property damage** and arising from the ownership, maintenance or use of the **residence premises**."  (Exhibit A, p. 16).

25.

Under Coverage Y – Premises Medical Protection, **occurrence** is defined as "an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting

in **bodily injury** and arising from the ownership, maintenance or use of the **residence premises**." (Exhibit A, p. 16).

26.

The claims made by Respondent Burke do not arise out of an **occurrence** as defined in the Policy because Respondent Bahr's actions were intentional.

27.

Because the injuries and damages sustained by Respondent Burke were not the result of a covered **occurrence**, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims asserted against him in the underlying lawsuit and has no duty under Coverage Y – Premises Medical Protection to provide coverage to Respondent Burke.

**II.    PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR OR RESPONDENT BURKE UNDER COVERAGE X – LIABILITY PROTECTION OR COVERAGE Y – PREMISES MEDICAL PROTECTION IN THE POLICY BASED ON THE INTENTIONAL/CRIMINAL ACT EXCLUSIONS.**

28.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 27 of this Petition as if set forth verbatim herein.

29.

Coverage X – Liability Protection contains the following intentional/criminal act exclusion:

1. **We** do not cover **bodily injury**, **personal injury**, or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**.  This exclusion applies even if:
    a) An **insured person** lacks the mental capacity to govern his or her conduct;
    b) Such **bodily injury**, **personal injury**, or **property damage** is of a different kind or degree than intended or reasonably expected; or
    c) Such **bodily injury**, **personal injury**, or **property damage** is sustained by a different person than intended or reasonably expected.

    This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

(Exhibit A, p. 35).

30.

Coverage Y – Premises Medical Protection contains the following intentional/criminal act exclusion:

1. **We** do not cover **bodily injury**, **personal injury**, or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**.
    a) An **insured person** lacks the mental capacity to govern his or her conduct;
    b) Such **bodily injury**, **personal injury**, or **property damage** is of a different kind or degree than intended or reasonably expected; or
    c) Such **bodily injury**, **personal injury**, or **property damage** is

> sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

(Exhibit A, p. 37).

31.

Respondent Burke's damages and injuries were intended by, or which may reasonably be expected to result from the intentional acts or omissions of Respondent Bahr.

32.

Because the injuries and damages sustained by Respondent Burke intended by, or which may reasonably be expected to result from the intentional acts or omissions of, Respondent Bahr, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims asserted against him in the underlying lawsuit and has no duty under Coverage Y – Premises Medical Protection to provide coverage to Respondent Burke.

III. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR OR RESPONDENT BURKE UNDER COVERAGE X – LIABILITY PROTECTION OR COVERAGE Y – PREMISES MEDICAL PROTECTION IN THE POLICY BASED ON THE MOLD EXCLUSIONS.**

33.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 32 of this Petition as if set forth verbatim herein.

34.

Coverage X – Liability Protection in the Policy contains the following mold exclusion:

22. **We** do not cover **bodily injury**, **personal injury** or **property damage** which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

(Exhibit A, p. 37).

35.

Coverage Y – Premises Medical Protection in the Policy contains the following mold exclusion:

14. **We** do not cover **bodily injury**, **personal injury** or **property damage** which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

(Exhibit A, p. 38).

36.

Respondent Burke is claiming damages and personal injuries from the mold on the Property.

37.

Because the damages and injuries sustained by Respondent Burke arose out of mold, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims asserted against him in the underlying lawsuit and has no duty under Coverage Y – Premises Medical Protection to provide coverage to Respondent Burke.

IV. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR UNDER COVERAGE X – LIABILITY PROTECTION IN THE POLICY BECAUSE THE POLLUTANT EXCLUSION APPLIES.**

38.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 37 of this Petition as if set forth verbatim herein.

39.

Coverage X – Liability Protection in the Policy contains the following pollutant exclusion:

11. **We** do not cover any loss, cost or expense arising out of any request, demand, or order that any **insured person** test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or access the effects of any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:
   a) Lead in any form;
   b) Asbestos in any form;
   c) Radon in any form; or
   d) Oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

(Exhibit A, p. 36).

40.

Respondent Burke is claiming damages and personal injuries from the mold on the Property.

41.

Mold meets the definition of "vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants" under the Policy.

42.

Because the damages and injuries sustained by Respondent Burke were allegedly caused by mold, which is a pollutant, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims asserted against him

in the underlying lawsuit.

V. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR UNDER COVERAGE X – LIABILITY PROTECTION IN THE POLICY BECAUSE THE CONTRACT EXCLUSION APPLIES.**

43.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 42 of this Petition as if set forth verbatim herein.

44.

Coverage X – Liability Protection in the Policy contains the following contract exclusion:

15. **We** do not cover **bodily injury**, **personal injury** or **property damage** arising from any contract or agreement, whether written or oral.

(Exhibit A, p. 36).

45.

The claims against Respondent Bahr arose out of his rental contract with Respondent Burke.

46.

Because the claims against Respondent Bahr arose out of a contract, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims

asserted against him in the underlying lawsuit.

**VI.     PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT BAHR OR RESPONDENT BURKE UNDER COVERAGE X – LIABILITY PROTECTION OR COVERAGE Y – PREMISES MEDICAL PROTECTION IN THE POLICY AS THEY FAILED TO PROVIDE PROMPT NOTICE OF THE INCIDENT, WHICH IS A CONDITION PRECEDENT TO COVERAGE.**

47.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 46 of this Petition as if set forth verbatim herein.

48.

The Section II of the Policy, which includes Coverage X – Liability Protection and Coverage Y – Premises Medical Protection, contains the following notice requirement as a condition precedent to coverage:

> In the event of **bodily injury**, **personal injury** or **property damage**, **you** must do the following:
> a) Promptly notify **us** or **our** agent stating:
>    1) **your** name and policy number;
>    2) the date, the place and the circumstances of the loss;
>    3) the name and address of anyone who might have a claim against an **insured person**;
>    4) the names and addresses of any witnesses.

(Exhibit A, pp. 38-39).

49.

Petitioner Allstate was notified of the incident on January 8, 2021, which was approximately eleven months after it occurred.

50.

Because Petitioner Allstate was not promptly notified of the subject incident, which is a condition precedent to coverage, Petitioner Allstate has no duty under the Coverage X – Liability Protection in the Policy to provide coverage, indemnification, or a defense to Respondent Bahr for the claims asserted against him in the underlying lawsuit and has no duty under Coverage Y – Premises Medical Protection to provide coverage to Respondent Burke.

### **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Allstate prays:

1. That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage, indemnity, or a defense to Respondent Bahr under the Coverage X – Liability Protection of the Policy for the claims arising out of the February 1, 2020 incident described herein;

3. That the Court issue a declaration that Petitioner Allstate is not obligated

to provide coverage to Respondent Burke under the Coverage Y – Premises Medical Protection of the Policy for the claims arising out of the February 1, 2020 incident described herein;

4. For a trial by jury on all issues; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of June, 2023.

                         COPELAND, STAIR, VALZ & LOVELL, LLP

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600<br>P.O. Box 56887 (30343-0887)<br>Atlanta, Georgia 30303-1740<br>Phone: 404-522-8220<br>Fax: 404-523-2345<br>rdixon@csvl.law<br>jemory@csvl.law | By: */s/ Jena G. Emory*<br>RYAN D. DIXON<br>State Bar No.: 859300<br>JENA G. EMORY<br>State Bar No.: 178454<br><br>*Attorneys for Petitioner Allstate Insurance Company* |