IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTA ABELS | ) |
| | ) |
|    Plaintiff | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| UNITEDHEALTHCARE INSURANCE | ) |
| COMPANY | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement

Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper in this court.

3.

Plaintiff, Krista Abels (hereinafter "Plaintiff") is a resident of the State of

Georgia.

4.

Defendant, UnitedHealthcare Insurance Company (hereinafter "Defendant"),

is a foreign corporation doing business for profit in Georgia.  Defendant may be

served with process, pursuant to the Federal Rules of Procedure, by and through its

registered agent, CT Corporation, 289 S. Culver St., Lawrenceville, Georgia 30046-

4085.

5.

Defendant  negotiated, maintained and administered the health insurance

policy at issue in this complaint.

## II. STATEMENT OF FACTS

6.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through

5 stated above.

7.

Defendant contracted with ADP Totalsource, Inc. to provide health insurance

benefits ultimately to Plaintiff with a policy number GA0Q4641BW.

8.

Plaintiff was insured under Defendant's UnitedHealthcare Choice Plus policy

through her husband who is an employee of ADP Totalsource, Inc.

9.

Defendant pays for these benefits out of its own assets.

10.

Plaintiff suffers from chronic abdominal pain status post cholecystectomy complicated by a bile leak status post placement of a bilary stent.

11.

Her pain has been ongoing since April of 2021.

12.

The pain is chronic and intractable.

13.

Plaintiff has failed numerous pharmacological therapies.

14.

Plaintiff has also undergone several injections with minimal benefit.

15.

Plaintiff has had multiple emergency room visits and multiple surgeries including repeated ERCPs.

16.

Plaintiff's doctor recommended the placement of a Medtronic Spinal Cord Stimulation System to address the condition by targeting dorsal column stimulation for pain relief.

17.

On June 11, 2022, Defendant denied coverage stating that the procedure was experimental or investigational or unproven.

18.

Experimental or Investigational Service(s) is defined under the policy as - medical, surgical, diagnostic, psychiatric, mental health, substance-related and addictive disorders or other health care services, technologies, supplies, treatments, procedures, drug therapies, medications or devices that, at the time we make a determination regarding coverage in a particular case, are determined to be any of the following:

- Not approved by the U.S. Food and Drug Administration (FDA) to be lawfully marketed for the proposed use and not identified in the American Hospital Formulary Service or the United States Pharmacopoeia Dispensing Information as appropriate for the proposed use.

- Subject to review and approval by any institutional review board for the proposed use. (Devices which are FCA approved under the Humanitarian Use Device exemption are not Experimental or Investigational.)

- The subject of an ongoing clinical trial that meets the definition of a Phase I, II or III clinical trial set forth in the FDA regulations, regardless of whether the

trial is actually subject to FDA oversight.

19.

On August 19, 2022, Plaintiff's doctor, Dr. Margaret Riso, appealed this decision arguing that it was absolutely necessary that Plaintiff receive this coverage due to her pain.

20.

On September 26, 2022, Defendant upheld the denial of benefits but changed the reason for denial arguing that the treatment was not medically necessary.

21.

Medically Necessary is defined under the policy as - health care services that are all of the following as determine by us or our designee:

• In accordance with Generally Accepted Standards of Medical Practice.

• Clinically appropriate, in terms of type, frequency, extent, service site and duration, and considered effective for your Sickness, Injury, Mental Illness, substance-related and addictive disorders, disease or its symptoms.

• Not mainly for your convenience or that of your doctor or other health provider.

• Not more costly than an alternative drug, service(s), service site or supply that is at least as likely to produce equivalent therapeutic or diagnostic results as to

the diagnosis or treatment of your Sickness, Injury, disease or symptoms.

22.

On January 13, 2023, Plaintiff appealed the denial and pointed out that since Defendant was relying on an exclusion Defendant bore the burden of proof.

23.

Plaintiff also submitted additional medical records and evidence that this treatment was not experimental and that it was medically necessary.

24.

On January 30, 2023, Plaintiff received a letter from the Medical Review Institute of America, LLC an external reviewer giving her until February 20, 2023 to submit information.

25.

On February 14, 2023, Plaintiff wrote Defendant enclosing Defendant's authorization which it insisted upon despite Plaintiff having already provided an authorization.

26.

On February 17, 2023, Plaintiff wrote the external reviewer, Medical Review Institute of America enclosing information and asking for additional time to respond.

27.

On March 20, 2023, Plaintiff wrote Defendant and included a letter of medical

necessity as well as many articles and studies from Plaintiff's doctor, Dr. Riso.

28.

On April 4, 2023, Defendant made its decision stating that treatment was

excluded.

29.

On May 3, 2023, Plaintiff wrote the external reviewer, Medical Review

Institute of America, and stated that it had never heard back from the Medical Review

Institute of America and resubmitted all of the information regarding this case.

30.

To date Plaintiff has never heard back from the Medical Review Institute of

America or received her external appeal.

31.

Internal administrative remedies have been exhausted.

### III. CLAIM FOR RELIEF

### COUNT ONE

### DENIAL OF BENEFITS

32.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31 stated above.

33.

Defendant's refusal is a breach of the terms of Defendant's policy for which Plaintiff had paid premiums.  Plaintiff is entitled to these benefits under Defendant's policy for the following reasons:

a.      These benefits are permitted under the policy;

b.      Plaintiff has satisfied all conditions for eligibility for receipt of these benefits; and

c.      Plaintiff has not waived or otherwise relinquished her entitlement to these benefits in the proper amount under Defendant's policy for the following reasons.

34.

Defendant has refused to award health insurance benefits despite substantial documentation.

35.

As a result of Defendant's failure to award health insurance treatment. Plaintiff is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

(1)  Find and hold Defendant must cover Plaintiff's health service and add

to the cost of that service the maximum interest allowable under law

from at least June 11, 2022 forward;

(2)  Award Plaintiff's attorney's fees, including litigation expenses, and

the costs of this action;

(3)  Enjoin Defendant from any further prohibited acts against Plaintiff;

and

(4)  Grant other and further relief as may be just and proper.


This  22nd  day of June, 2023.

 s/Heather K. Karrh
HEATHER K. KARRH
Georgia State Bar No. 408379
MICHAEL J. HOFRICHTER
Ga. State Bar No. 359841
Attorneys for Plaintiff

ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118

ATTORNEYS FOR PLAINTIFF