IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sabrina Jackson,            )<br>                                       )<br>           Plaintiff,             )<br>v.                                     )<br>                                       )<br>Parkway Law Group LLC  )<br>The Bank of New York Mellon  )<br>Ace Homes Management, LLC and  )<br>JY Homes, LLC              )<br>           Defendants.        )<br>                                       ) | No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Parkway Law Group LLC, with the consent of all other served Defendants[1], file this Notice of Removal, respectfully showing the Court the following facts:

1.

Plaintiff Sabrina Jackson ("Plaintiff") filed a lawsuit against Parkway Law Group in the Superior Court of Gwinnett County, Georgia (the "Superior Court Action"). This suit is styled, as above, and was given Civil Action File No. 23A04198. [A copy of the state-court complaint is attached

---

[1] The online docket in the lawsuit Plaintiff filed in the State Court of Gwinnett County, Georgia does not show that any other Defendants have been served besides Ace Homes Management LLC and JY Homes, LLC. Both Defendants have consented to removal.

1

with exhibit A to this Notice of Removal. Exhibit A also contains all pleadings filed in the underlying state-court action.]

2.

The Superior Court Action was filed by Plaintiff on May 16, 2023, but Defendant Parkway Law Group was not served until May 24, 2023. Consequently, Parkway Law Group shows that this Notice of Removal is filed within thirty (30) days from the date of service. 28 U.S.C. 1446 (b)(2)(B) ("[E]ach defendant" has 30 days from service upon her to seek removal) & 28 U.S.C. 1446 (b)(2) (C) (later served defendant has 30 days to seek removal—regardless of whether 30-day time period has run on separate defendant). Therefore, Parkway Law Group's removal is timely. *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-354 (1999) (holding removal deadline runs from formal service of process and not from the informal sending of a copy of the complaint).

3.

In the Superior Court Action, Plaintiff alleges violations of the Fair Debt Collection Practices Act, which is a federal statute. ("FDCPA") [*See* Ex. A, Compl. ¶¶ 63-69; *see also* 15 U.S.C. § 1692 et seq.].

4.

Consequently, the United States District Court for the Northern

district of Georgia, Atlanta Division, has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action raises issues and claims arising under the laws of the United States. 28 U.S.C. § 1441(a). More specifically, Federal courts have jurisdiction to hear, originally, or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9 (1983).

5.

As noted, Plaintiff alleges in the Superior Court Action that Parkway Law Group violated the FDCPA, which is a federal statute. [*See* Ex. A, Compl. ¶¶ 63-69]. Thus, the resolution of the Superior Court Action turns upon a federal question—in that a federal law, the FDCPA, is what creates the cause of action. *See Pacheco de Perez,* 139 F.3d 1368, 1373 (11th Cir. 1998) (noting that an action "arises under" federal law when the federal law creates the cause of action). This, in turn, means that this Court has federal question jurisdiction over this case. *Johnson v. Elizabeth Wellborn, P.A.,* 418 Fed. Appx. 809, 814 (11th Cir. 2011).

6.

This Court has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(a) because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's FDCPA claim, which, as noted, is a claim that independently invokes federal question jurisdiction. *See* 28 U.S.C. § 1367(a). In particular, Plaintiff's state law claims all arise out of Parkway Law Group's allegedly improper foreclosure of Plaintiff's home. [*See* Ex. A, Compl. ¶¶ 25-36 (asserting duplicative claims for wrongful foreclosure); ¶ 38-43 (asserting a cause of action for trespass arising out of Parkway Law Group's allegedly defective foreclosure); ¶¶ 57-59 (seeking to set aside the foreclosure as defective)]. Likewise, Plaintiff alleges that Parkway Law Group is liable under the FDCPA based on its wrongful foreclosure: "Because the NOTICE OF SALE UNDER POWER was not published as required by Georgia law . . . and Defendant Parkway's threat to sell the Real Property was a violation of the FDCPA." [*See* Ex. A, Compl. ¶ 67].

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and Local Rule 3.1 because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the Superior Court of Gwinnett County, Georgia—which is where Plaintiff filed the Superior Court Action.

4

7.

As previously noted, Parkway Law Group has attached a copy of the process, pleadings, and orders from the Superior Court Action as **Exhibit A** hereto.

8.

Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff by filing a written notice with the State Court of Gwinnett County, which will automatically provide notice of the removal to Plaintiff's attorney of record.

9.

Defendants Ace Home Management LLC and JY Homes LLC both consent to the removal of this matter to this Court. Because Bank of New York Mellon has not yet been served, the removal of this matter is unanimous amongst all served Defendants.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 23rd day of June, 2023.

[Signature Page Follows]

/s/ *Zachary S. Lewis*
Zachary S. Lewis
Georgia Bar No. 689146
*Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served all parties with a copy of Defendant's Notice of Removal via the Court's e-filing system.

Respectfully submitted this 23rd day of June, 2023.

                                           _/s/ Zachary S. Lewis_
                                           Zachary S. Lewis
                                           Georgia Bar No. 689146
                                           *Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com