E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-04198-1**
5/15/2023 2:31 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of _Gwinnett Superior Court_ County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _23-A-04198-1_ |
| **MM-DD-YYYY** | _____ |

**Plaintiff(s)**
Jackson, Sabrina

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Parkway Law Group LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Bank of New York Mellon | | | | |
| Ace Homes Management LLC | | | | |
| J Y Homes LLC | | | | |

**Plaintiff's Attorney** _Thomas R Todd Jr_   **State Bar Number** _713900_   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☒ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number** _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.



EXHIBIT
**A**

Version 1.1.20

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
5/15/2023 2:31 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SABRINA JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| PARKWAY LAW GROUP, LLC, | ) | FILE NO.  23-A-04198-1 |
| THE BANK OF NEW YORK MELLON | ) | |
| (fka The Bank of New York), | ) | |
| as Trustee for the Certificate Holders | ) | |
| of the CWABS Inc., Asset-Backed | ) | |
| Certificates, Series 2006-10, | ) | |
| ACE HOMES MANAGEMENT, LLC, and | ) | |
| J Y HOMES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

COMES NOW, Sabrina Jackson, Plaintiff in the above-captioned action, and, by and through her undersigned attorneys, proceeding pursuant to Rule 8(a)(2)(A) of the Georgia Civil Practice Act [O.C.G.A. § 9-11-8(a)(2)(A)], states her complaint as follows:

PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a natural person, *sui juris*, with the full capacity to bring and maintain this action.

2.

Defendant Parkway Law Group, LLC ("Defendant Parkway"), is a Georgia limited liability company whose registered agent is Christopher B. Little, whose physical address is 2237 Crimson

King Drive, Braselton, Gwinnett County, Georgia 30157 where said defendant may be served with process.

3.

Defendant The Bank of New York Mellon ("Defendant BNY Mellon") is a foreign entity acting as trustee in this state, and has not designated an agent for service of process, and is, therefore, pursuant to O.C.G.A. § 53-12-323(c), "deemed to have consented to service upon the Secretary of State of any summons, notice, or process in connection with any action or proceeding in the courts of this state growing out of or based upon any act or failure to act on the part of the trustee."

4.

Defendant Ace Homes Management, LLC ("Defendant Ace Homes") is a Georgia limited liability company whose registered agent is Christopher J. York, whose physical address is 1815 Satellite Blvd., Suite 404, Duluth, Gwinnett County, Georgia 30097, where said defendant may be served with process.

5.

Defendant J Y Homes, LLC ("Defendant J Y Homes"), is a Georgia limited liability company whose registered agent is Christopher J. York, whose physical address is 1815 Satellite Blvd., Suite 404, Duluth, Gwinnett County, Georgia 30097, where said defendant may be served with process.

6.

This Court has subject matter jurisdiction of this action.

7.

This Court has personal jurisdiction over the defendants in this action.

8.

Venue in Gwinnett County is proper.


FACTUAL BACKGROUND

9.

By virtue of that certain Quitclaim Deed dated June 30, 2021, executed by Mary L. Limehouse (the "Quitclaim Deed"), Plaintiff owned real property located at 65 Lakefront Dr., Covington, Newton County, Georgia (the "Real Property"), as more particularly described in the Quitclaim Deed, of which a true and correct copy is attached hereto as Exhibit A, incorporated herein by this reference, and made a part hereof for all purposes.

10.

The Quitclaim Deed was duly recorded on August 2, 2012, in the office of the Clerk of Superior Court of Newton County, in BK 4239 PG 375-377.

11.

Under Georgia law, "A duly recorded deed is constructive notice of the grantee's interest and title. 'Constructive notice is notice to the world.'" *Waller v. State Highway Dept.*, 218 Ga. 605 (1963).

12.

Prior to execution of the Quitclaim Deed, Plaintiff's predecessor-in-title executed a security deed (the "Security Deed") dated April 26, 2006, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., which was identified in the Security Deed as Lender. A true and correct copy of the Security Deed is attached hereto as Exhibit B, incorporated herein by this reference, and made a part hereof for all purposes.

13.

The Security Deed, which by its express terms was governed by the laws of Georgia, granted and conveyed to the Lender identified therein the Real Property "with power of sale" to secure repayment of a promissory note in the amount of $26,000.00. The Security Deed was recorded in the office of the Clerk of Superior Court of Newton County in BK: 2178 PG: 377-388.

14.

Plaintiff's title to the Real Property was subject to the terms and provisions of the Security Deed.

15.

The provisions of the Security Deed include, *inter alia*:

If Lender invokes the power of sale, Lender shall . . . give notice of sale by public advertisement for the time and in the manner prescribed by applicable law.

16.

Under date of February 10, 2012, Countrywide Home Loans, Inc., the original Lender under the Security Deed, executed an Assignment of Security Deed by which it did "grant, sell, assign, transfer and convey unto" Defendant BNY Mellon "all beneficial interest under [the] Security Deed . . . together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed." A true and correct copy of the Assigment of Security Deed is attached hereto as Exhibit C, incorporated herein by this reference, and made a part hereof for all purposes.

17.

The Security Deed further provides, *inter alia*:

The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower ….

18.

At all times germane to Plaintiff's claims as described in this action, Defendant BNY

Mellon was governed by and subject to the terms and provisions of the Security Deed, as to which

there existed the circumstances described in O.C.G.A. § 13-4-4. At no time did Defendant BNY

Mellon give the notice required by that statute to be given.

19.

Defendant Parkway caused to be published in The Covington News dated June 11-12,

2022, PUBLIC NOTICE #40094, reading in pertinent part:

**NOTICE OF Sale Under Power**
**GEORGIA, NEWTON County**
**UNDER AND by virtue of the Power of Sale contained in a Deed to**
**Secure Debt given . . . to Mortgage Electronic Registration Systems**
**Inc. as nominee for America's Wholesale Lender, dated April 26, 2006,**
**and recorded in Deed Book 2178, Page 357, NEWTON County, Georgia**
**records, and last assigned to The Bank of New York Mellon fka The**
**Bank of New York, as Trustee for The CERTIFICATEHOLDERS OF The**
**CWABS Inc., Asset-Backed Certificates, Series 2006-10 in Book 3308,**
**Page 145, conveying the after-described property to secure a Note of**
**even date in the original principal amount of $104,000.00 with interest**
**at the rate specified therein, there will be sold by the undersigned at**
**public outcry to the highest bidder for cash before the Courthouse**
**door of NEWTON County, Georgia, within the legal hours of sale on**
**the first Tuesday in July, 2022, to wit: July 5 2022, the following**
**described property:**

The "described property" is the Real Property.

20.

Defendant Parkway caused PUBLIC NOTICE #40094 to be published again in The

Covington News in the issue of June 18-19 and in the issue of June 25-26. The NOTICE published

in the latter two issues was essentially identical to the first notice published in the issue of June

11-12, 2022. True and correct copies of the NOTICE described in paragraph 19 above and in this

paragraph are attached hereto as Exhibits D-1, D-2, and D-3, respectively, incorporated herein by this reference, and made a part hereof for all purposes.

21.

Defendant Parkway caused to be published in The Covington News dated July 2-3, 2022, PUBLIC NOTICE # 400179, containing language significantly different from the language of the PUBLIC NOTICE published in the three prior issues, reading in pertinent part:

**NOTICE OF Sale Under Power**
**GEORGIA NEWTON County**

**UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given . . to Mortgage Electronic Registration Systems Inc as nominee for Countrywide Home Loans, Inc., a Corporation, dated April 26, 2006, and recorded in Deed Book 2178 page 377 Newton County Georgia records and last assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates Series 2006-SPS2 in Book 2979, Page 484, conveying the afterdescribed property to secure a Note of even date in the original principal amount of $26,000.00 with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of NEWTON County, Georgia within the legal hours of sale on the first Tuesday in July, 2022, to wit: July 5 2022, the following described property:**

The "described property" is the Real Property.

22.

A true and correct copy of the PUBLIC NOTICE described in paragraph 21 above is attached hereto as Exhibit E, incorporated herein by this reference, and made a part hereof for all purposes.

23.

Defendant BNY Mellon, by its attorney-in-fact, on July 19, 2022, executed the Deed Under Power of which a true and correct copy is attached hereto as Exhibit F, incorporated herein by this

reference, and made a part hereof for all purposes. The Deed Under Power purports to convey the

Real Property to Defendant Ace Homes Management, LLC. The Deed Under Power recites that

Defendant BNY Mellon

> did expose said property for sale to the highest bidder for cash on the first Tuesday in July, within the legal hours of sale at the usual place for conducting Sheriff's sales in NEWTON and offered said property for sale and public outcry to the highest bidder for cash when and where Grantee, the party of the second part, bid $28,597.40 . . .

The Deed Under Power identifies Defendant Ace Homes Management, LLC, as the successful

bidder at the purported foreclosure sale of the Real Property.

24.

Under date of March 9, 2023, Defendant Ace Homes Management, LLC, transferred the

Real Property to Defendant J Y Homes, LLC, pursuant to a Limited Warranty Deed of which a

true and correct copy is attached hereto as Exhibit G, incorporated herein by this reference, and

made a part hereof for all purposes.

COUNT ONE

WRONGFUL FORECLOSURE DAMAGES

TORTIOUS BREACH OF STATUTORY DUTY

25.

The averments of paragraphs 1 through 24 above are incorporated herein as if fully set

forth.

26.

Georgia law mandates that powers of sale in instruments such as the Security Deed "shall

be strictly construed and shall be fairly exercised." O.C.G.A. § 23-2-114.

27.

Georgia law provides that no sale of real property under a power of sale contained in an instrument such as the Security Deed shall be valid unless such sale is advertised and conducted as required by law. O.C.G.A. § 44-14-162.

28.

Georgia law imposed upon Defendant BNY Mellon and its agents and others acting on its behalf a duty to exercise fairly and in good faith the power of sale in the Security Deed. O.C.G.A. § 23-2-114; *Clark v. West* 196 Ga. App. 456 (1990).

29.

The Notice of Sale Under Power that Defendant Parkway caused to be published as described above was defective, deficient, erroneous, inadequate, and incomplete, and did not meet the minimum standards for such Notice of Sale Under Power as mandated by Georgia law.

30.

As a consequence of the above-described defects, etc., in the Notice of Sale Under Power, the purported foreclosure sale conducted by Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, was not valid.

31.

As a consequence, Defendant BNY Mellon and Defendant Parkway each breached the statutory duty owed to Plaintiff.

32.

As a result of said defendants' breach of duty, Plaintiff sustained damages in an amount not less than $500,000, or in such other amount as may be proven at the trial of this action.

COUNT TWO

WRONGFUL FORECLOSURE DAMAGES

BREACH OF CONTRACT

33.

The averments of paragraphs 1 through 32 above are incorporated herein as if fully set forth.

34.

As a consequence of the above-described defects, etc., in the Notice of Sale Under Power, Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, did not "give notice of sale by public advertisement for the time and in the manner prescribed by applicable law" as required by the Security Deed.

35.

As a consequence, Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, breached its contract with Plaintiff.

36.

As a result of said defendants' breach of contract, Plaintiff sustained damages in an amount not less than $500,000, or in such other amount as may be proven at the trial of this action.

COUNT THREE

TRESPASS DAMAGES

37.

The averments of paragraphs 1 through 32 above are incorporated herein as if fully set forth.

38.

.        As a consequence of the above-described defects, etc., in the Notice of Sale Under Power, the purported foreclosure sale conducted by Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, was invalid.

39.

Because the purported foreclosure sale conducted by Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, was invalid, the purported foreclosure sale did not divest Plaintiff of her ownership interest in the Real Property.

40.

At no time did Plaintiff consent to entry upon the Real Property by or at the instance of any of the Defendants.

41.

Some or all of the Defendants, in connection with and/or subsequent to the purported foreclosure sale, entered upon the Real Property.

42.

Any and all such entry upon the Real Property by or at the instance of any of the Defendants amounted to trespass, in that such entry upon the Real Property unlawfully interfered with Plaintiff's right of enjoyment of her private property, wrongfully interfered with Plaintiff's possession of the Real Property, and injured Plaintiff's freehold in the Real Property.

43.

Defendants, and each of them, are liable to Plaintiff for damages for trespass in such amount as may be proven at the trial of this action.

COUNT FOUR

MENTAL ANGUISH DAMAGES

44.

The averments of paragraphs 1 through 43 above are incorporated herein as if fully set forth.

45.

The actions of Defendants as hereinabove described inflicted mental anguish and distress on Plaintiff.

46.

Defendants, and each of them, are liable to Plaintiff for damages for mental anguish and distress in such amount as may be proven at the trial of this action.

COUNT FIVE

PUNITIVE DAMAGES FOR INTENTIONAL TORT

47.

The averments of paragraphs 1 through 32 above are incorporated herein as if fully set forth.

48.

As set forth above, Defendant Parkway manifestly came to know that the NOTICE OF SALE UNDER POWER that it caused to be published three times was defective.

49.

Defendant Parkway, instead of starting over and causing a proper and legally valid NOTICE OF SALE UNDER POWER to be published the following month, undertook to correct

the defect in the NOTICE OF SALE UNDER POWER that it caused to be published the weekend before the first Tuesday in July, 2022.

50.

Such attempted correction was ineffective, because the corrected notice was not published four times prior to the purported sale.

51.

With full knowledge that it had failed to meet the requirements for a NOTICE OF SALE UNDER POWER imposed by Georgia law, Defendant Parkway nonetheless proceeded with the purported foreclosure sale, which sale was not valid.

52.

With full knowledge that the purported foreclosure sale was not valid, Defendant Parkway nonetheless proceeded to prepare the Deed Under Power and saw to its execution, delivery, and recording.

53.

Under Georgia law, knowledge of the agent is imputed to the principal. O.C.G.A. §10-6-58; accordingly, Defendant BNY Mellon is charged with knowledge that the NOTICE OF SALE UNDER POWER was defective and that the subsequent purported foreclosure sale was not valid.

54.

The intentional actions of Defendant Parkway as described above showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

55.

Under Georgia law, "the principal shall be bound for the . . . neglect and fraud of his agent in the transaction of [the principal's] business." O.C.G.A. §10-6-60.

56.

Plaintiff is entitled to an award of punitive damages against Defendant Parkway and Defendant BNY Mellon, jointly and severally, in such amount as the jury shall determine in its enlightened conscience to be sufficient, in order to punish, penalize, and deter Defendant Parkway and Defendant BNY Mellon.

COUNT SIX

IN THE ALTERNATIVE

SET ASIDE FORECLOSURE SALE

57.

The averments of paragraphs 1 through 36 above are incorporated herein as if fully set forth.

58.

.As a consequence of the above-described defects, etc., in the Notice of Sale Under Power, the purported foreclosure sale conducted by Defendant BNY Mellon, through its attorney-in-fact Defendant Parkway, was invalid.

59.

Plaintiff is entitled to have the invalid foreclosure sale set aside and the Real Property restored to her ownership and possession.

COUNT SEVEN

EXPENSES OF LITIGATION

60.

The averments of paragraphs 1 through 59 above are incorporated herein as if fully set forth.

61.

Defendant Parkway and Defendant BNY Mellon acted in bad faith in conducting the purported foreclosure sale with full knowledge that the NOTICE OF SALE UNDER POWER failed to meet the requirements of Georgia law.

62.

Plaintiff is entitled to recover her expenses of litigation, including her attorney fees, in such amount as may be proven at the trial of this action.

COUNT EIGHT

VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

63.

The averments of paragraphs 1 through 56 above are incorporated herein as if fully set forth.

64.

At all times germane to Plaintiff's claims as described in this action, Defendant Parkway was acting as a debt collector, as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"), specifically Section 803(6) (15 U.S.C. 1692a(6)).

65.

The FDCPA provides, in Section 807 (15 U.S.C. 1692e): "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66.

The FDCPA further provides, that "[t]he threat to take any action that cannot legally be taken . . . is a violation of this section."

67.

Because the NOTICE OF SALE UNDER POWER was not published as required by Georgia law, foreclosure was an action that could not "legally be undertaken," and Defendant Parkway's threat to sell the Real Property was a violation of the FDCPA.

68.

The FDCPA provides:

any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . ; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

69.

Defendant Parkway is liable to Plaintiff as provided by the FDCPA in such amounts as may be proven at the trial of this action.

WHEREFORE, Plaintiff demands judgment as follows:

--    against Defendants Parkway and BNY Mellon in the amount of $500,000, or in such other amount as may be proven at the trial of this action, pursuant to Count One hereof;

--    against Defendants Parkway and BNY Mellon in the amount of $500,000, or in such other amount as may be proven at the trial of this action, pursuant to Count Two hereof;

--    against all Defendants, jointly and severally, as their respective conduct as proven at the trial of this action shall mandate, in such amounts as may be proven at the trial of this action, pursuant to Count Three hereof;

--    against all Defendants, jointly and severally, as their respective conduct as proven at the trial of this action shall mandate, in such amounts as may be proven at the trial of this action, pursuant to Count Four hereof;

--    against Defendant Parkway and Defendant BNY Mellon in such amounts as the jury, in its enlightened conscience shall determine is sufficient, in order to punish, penalize, and deter Defendant Parkway and Defendant BNY Mellon, pursuant to Count Five hereof;

--    against all Defendants as may be appropriate setting aside the foreclosure sale and restoring the Real Property to Plaintiff, pursuant to Count Six hereof;

--    against Defendants Parkway and BNY Mellon for Plaintiff's expenses of litigation, including her attorneys' fees, in such amounts as may be proven at the trial of this action, pursuant to Count Seven hereof;

--    against Defendant Parkway for damages and attorneys' fees in such amounts as may be proven at the trial of this action, pursuant to Count Eight hereof;

--      for such other and further relief as the Court shall deem appropriate.

**_/s/ THOMAS R. TODD, JR._**

_____
Thomas R. Todd, Jr.
Ga. Bar No. 713900
Attorney for Plaintiff
P.O. Box 88519
Atlanta, GA 30356-8519
404 630-7100
trtoddjr@ttoddlaw.com

Of counsel:

Robert D. Schwartz
Georgia Bar No. 631159
BobSchwartzLaw@aol.com
P. O. Box 160100
Atlanta, Georgia 30316-1002
(404) 402-1476

Prepared by:

Sabrina Jackson

30 Sagebrush Trail, Covington, GA 30014, USA

Parcel ID:

0015000000490

DOC# 014657
FILED IN OFFICE
8/2/2021  11:47 AM
BK:4239  PG:375-377
LINDA D. HAYS
CLERK OF SUPERIOR COURT
NEWTON COUNTY

*Linda D. Hays*

PT-61 107-2021-004195
REAL ESTATE TRANSFER
TAX PAID: $0.00

**Quitclaim Deed**

STATE OF GEORGIA

COUNTY OF Newton

THIS INDENTURE, made the _30th of June, 2021,_ between Mary L. Limehouse, not married, of 65 Lakefront Dr, Covington, GA 30016, USA, (the "Grantor"), and Sabrina Jackson, not married, of 30 Sagebrush Trail, Covington, GA 30014, USA, (the "Grantee") (The words "Grantor" and "Grantee" include their respective heirs, successors, and assigns where the context requires or permits).

WITNESSETH that: The Grantor, for and in consideration of the sum of $10.00 and other valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, by these presents does hereby remise, and convey, as well as quitclaim, unto the said Grantee, the below described tract or parcel of land more fully and completely described as follows:

ALL THA TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 56 OF THE 10TH DISTRICT, NEWTON COUNTY, GEORGIA , BEING LOT 46, PHASE TWO , OAKLAKE SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 27, PAGE 164, NEWTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION.

Being the same property conveyed to the Grantor by the deed of  MARY HYMAN dated January 2, 2021, previously referenced as follows: Book/Volume 2178, Page 356-356 of the Recorder of Newton County.

TO HAVE AND TO HOLD the said described premises to the Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed in the presence of:

Page 1 of 3

EXHIBIT A

BK:4239   PG:376

_Mary Hymac Limehouse_
Signature

_Mary Limehouse_
Mary L. Limehouse

_Sabrina Jackson_ 6/30/21
Witness Name

_____
Signature

_____
Witness Name

Page 2 of 3

EXHIBIT A

BK:4239   PG:377

**Grantor Acknowledgement**

STATE OF GEORGIA

COUNTY OF _Fayette_

This instrument was acknowledged before me, _Briana Barlow_, this _30th_ day of _June_, _2021_, by Mary L. Limehouse.

_[signature]_

Notary Public for the State of Georgia

Seal:

_[notary seal: BRIANA BARLOW, NOTARY PUBLIC, FAYETTE COUNTY, GEORGIA, MY COMMISSION EXPIRES SEPTEMBER 09, 2022]_

Page 3 of 3

EXHIBIT A

GEORGIA CLOSING ASSOCIATES, INC.
3815 Presidential Parkway, Suite 100
ATLANTA, GEORGIA 30340

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
CORETTA PELSEY

DOC# 008720
FILED IN OFFICE
05/03/2006  02:41 PM
BK:2178  PG:377-388
LINDA D. HAYS
CLERK OF SUPERIOR COURT
NEWTON COUNTY

GEORGIA INTANGIBLE
TAX PAID
$78.00
DATE 5/3/2006
Linda D. Hays
CLERK OF SUPERIOR COURT
NEWTON COUNTY

_____ [Space Above This Line For Recording Data] _____

H06-0136                              0001338852480400 6
[Escrow/Closing #]                              [Doc ID #]

## SECURITY DEED

MIN 1000157-0006736114-3

THIS DEED is made this 26th             day of APRIL, 2006        , between the Grantor,
MARY HYMAN, AN UNMARRIED WOMAN

(herein "Borrower"), and the Grantee, Mortgage Electronic Registration Systems, Inc., ("MERS"), solely as
nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing
under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS.
COUNTRYWIDE HOME LOANS, INC.
A CORPORATION
("Lender") is organized and existing under the laws of NEW YORK             , and has an address of
4500 Park Granada, Calabasas, CA 91302-1613

GEORGIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

VMP-76N(GA) (0307)   CHL (08/05)(d)         Page 1 of 7
                        VMP Mortgage Solutions, Inc. (800)521-7291        Form 3811


* 2 3 9 9 1 *


* 1 3 3 8 8 5 2 4 8 0 0 0 0 0 1 0 7 6 N *

EXHIBIT B

BK:2178  PG:378

DOC ID #: 0001338852480 4006

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $26,000.00          , which indebtedness is evidenced by Borrower's note dated   APRIL 26, 2006         and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on   MAY 01, 2021          ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns), and the successors and assigns of MERS, with power of sale, the following described property located in the County of   ~~XXXXXXX~~   Newton                              , State of Georgia:   MAH .
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of
                              65 LAKEFRONT DRIVE, COVINGTON
                                        [Street/City]
Georgia   30016-4237   (herein "Property Address");
           [ZIP Code]

TO HAVE AND TO HOLD such property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus

-76N(GA) (0307)      CHL (08/05)          Page 2 of 7                          MAH ,   **Form 3811**

EXHIBIT B

BK:2178  PG:379

DOC ID #: 0001338852480400G

one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security  agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a

-76N(GA) (0307)          CHL (08/05)          Page 3 of 7          Form 3811

EXHIBIT B

BK:2178  PG:380

DOC ID #: 00013388524804006

unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such

-76N(GA) (0307)        CHL (08/05)        Page 4 of 7        Form 3811

EXHIBIT B

BK:2178  PG:381

DOC ID #: 0001338524804006

conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

-76N(GA) (0207)                CHL (08/05)                Page 5 of 7                Form 3811

EXHIBIT B

BK:2178   PG:382

DOC ID #: 0001338852480406

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignments of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

22. **Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

23. **Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

EXHIBIT B

BK:2178  PG:383

DOC ID #: 00013388524804006

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR SECURITY DEEDS, MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

_____ (Seal)
MARY  HYMAN                    -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

*[Sign Original Only]*

STATE OF GEORGIA,        DeKalb                   County ss:
Signed, sealed and delivered in the presence of:

SEAL AFFIXED

_____
Unofficial Witness

_____
Notary Public,                            County
State of Georgia State of Georgia

-76N(GA) (0307)     CHL (08/05)        Page 7 of 7                    Form 3811

EXHIBIT B

BK:2178  PG:384

**EXHIBIT "A"**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 56 OF THE 10TH
DISTRICT, NEWTON COUNTY, GEORGIA, BEING LOT 46, PHASE TWO, OAKLAKE
SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 27, PAGE 164, NEWTON COUNTY,
GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A
PART OF THIS DESCRIPTION.

EXHIBIT B

Prepared by: CORETTA PELSEY

BK:2178   PG:385

DOC ID #: 00013388524804006

GEORGIA
GRANTOR: MARY HYMAN
LENDER: COUNTRYWIDE HOME LOANS, INC.
DATE OF SECURITY DEED: 04/26/2006

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, Sealed and delivered in the presence of:

_____ (Seal)
MARY HYMAN                          -Grantor

_____ (Seal)
                                    -Grantor

SEAL AFFIXED                        _____ (Seal)
                                    -Grantor

_____ (Seal)
                                    -Grantor

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me                                    on the date set forth above.

SEAL AFFIXED

_____
Closing Attorney

## FORECLOSURE DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure."

_____        _____
Borrower   MARY HYMAN                     Borrower

_____        _____
Borrower                                  Borrower

-960(GA) (0307)        CHL (08/03)(d)        VMP Mortgage Solutions (800)521-7291        1/94

* 2 3 9 9 1 *                    * 1 3 3 8 8 5 2 4 8 0 0 0 0 2 9 6 0 - *

EXHIBIT B

BK:2178  PG:386

[Space Above This Line For Recording Data]

# PLANNED UNIT DEVELOPMENT RIDER

Return To:
JANE DOCMAN
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
CORETTA PELSEY

H06-0136                    00013388524804006
[Escrow/Closing #]              [Doc ID #]

THIS PLANNED UNIT DEVELOPMENT RIDER is made this  TWENTY-SIXTH       day of
APRIL, 2006       , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the
undersigned (the "Borrower") to secure Borrower's Note to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
65 LAKEFRONT DRIVE
COVINGTON, GA 30016-4237
[Property Address]

MULTISTATE PUD RIDER - Single Family/Second Mortgage
                              Page 1 of 3                      Initials: _____
-207R (0003)    CHL (04/00)(d)    VMP MORTGAGE FORMS - (800)521-7291                    3/99

*23991*                    *13388524800002207R*

EXHIBIT B

BK:2178  PG:387

DOC ID #: 0001338852480406

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

(the "Declaration"). The Property is a part of a planned unit development known as

OAKLAKE

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination

Initials: _U.H._

-207R (0003)         CHL (04/00)              Page 2 of 3                                        3/99

EXHIBIT B

BK:2178  PG:388

DOC ID #: 0001338524804006

of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lende

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
MARY HYMAN                                - Borrower

_____ (Seal)
                                          - Borrower

_____ (Seal)
                                          - Borrower

_____ (Seal)
                                          - Borrower

EXHIBIT B

DOC# 008721
FILED IN OFFICE
05/03/2006   02:44 PM
BK:2178   PG:389-389
LINDA D. HAYS
CLERK OF SUPERIOR COURT
NEWTON COUNTY

*Linda D. Hays*

REAL ESTATE TRANSFER TAX
PAID: $194.70 ✓

**Return to:**
Morris|Hardwick|Schneider, LLC
1701A Ellington Road
Conyers, GA 30013
File #: CON-060400832S

# W A R R A N T Y   D E E D

**State of Georgia**
**County of Rockdale**

THIS INDENTURE made this 27th day of April, 2006, between
**Petra Management, Inc.**
as party or parties of the first part, hereinafter called Grantor, and

**Lou J. Green**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

W I T N E S S E T H that:  Grantor, for and in consideration of the sum of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property:

**All that tract or parcel of land lying and being in Land Lot 100 of the 10th District, Newton County, Georgia, being Lot 55, Unit Three of Ashley Meadows Subdivision, as per plat thereof recorded in Plat Book 42, pages 145-148, Newton County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.**

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

Witness

Notary Public
My Commission Expires

**SEAL AFFIXED**

Petra Management, Inc.

(Seal)
By:  James Wesley Folsom, Vice President

(Corporate Seal)

CORPORATE SEAL AFFIXED

Deed_Ga_WarrantyDeed

CON-060400832S

EXHIBIT B

```
DOC# 001731
FILED IN OFFICE
02/16/2012  10:30 AM
BK:2979  PG:484-484
LINDA D. HAYS
CLERK OF SUPERIOR COURT
NEWTON COUNTY
```

This space for Recorder's use

DocID# 25613388524825112

| Recording Requested By: | When recorded mail to: |
|---|---|
| Bank of America | CoreLogic |
| Prepared By: | 450 E. Boundary St. |
| **Diana DeAvila** | **Attn: Release Dept.** |
| **888-603-9011** | **Chapin, SC 29036** |
| **450 E. Boundary St.** | |
| **Chapin, SC 29036** | |

Property Address:
**65 Lakefront Dr**
**Covington, GA 30016-4237**
GA0v2-ASD 1711871    2/9/2012

MIN #: 1000157-0006736114-3          MERS Phone #: 888-679-6377

## ASSIGNMENT OF SECURITY DEED

For Value Received, the undersigned holder of a Security Deed (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES,SERIES 2006-SPS2** whose address is **101 BARCLAY ST - 4W, NEW YORK ,NY 10286** all beneficial interest under that certain Security Deed described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed.

| Original Lender: | **COUNTRYWIDE HOME LOANS, INC. A CORPORATION** |
|---|---|
| Made By: | **MARY HYMAN, AN UNMARRIED WOMAN** |
| Date of Security Deed: | **4/26/2006** |
| Original Loan Amount: | **$26,000.00** |

Recorded in **Newton** County, **GA** on: 5/3/2006, book **2178**, page **377** and instrument number **008720**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Security Deed to be executed on
2/10/12

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By: _____          By: _____
Christopher Herrera Assistant Secretary      Chester Levings Assistant Secretary

Witness: _____ Jane Martorana _____        Witness: _____ Miguel Romero _____

State of **California**
County of **Ventura**

On _**FEB 1 0 2012**_ before me, __Norma Rojas_____, Notary Public, personally appeared __**Christopher Herrera**__ and __**Chester Levings**__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person (s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

_____ __Norma Rojas__   (Seal)
Notary Public
My Commission Expires: **FEB 1 4 2015**



```
NORMA ROJAS
Commission # 1925662
Notary Public - California
Ventura County
My Comm. Expires Feb 14, 2015
```

SEAL AFFIXED

EXHIBIT C

# LEGALS:

Continued from B3

OF NELLIE Jo Nash, late of Newton County, deceased, are hereby notified to render their demands to the undersigned according to law, and all persons indebted to said estate to make immediate payment to: Name of the executor: GIDGET GUE. Executor Address: 35 Fairview Chase, Covington, Georgia 30016

**PUBLIC NOTICE #400068**
**6/12,19,26-7/3**

**NOTICE TO CREDITORS AND DEBTORS**

ALL CREDITORS of the estate of REGINALD COLEMAN HENRY deceased, late of Newton County, Georgia are hereby notified to render their demands to the undersigned according to law, and all persons indebted to said estate are required to make immediate payment to the undersigned.

THIS 2ND day of June.

VICKIE B. Henry
EXECUTOR OF the Estate
OF REGINALD Coleman Henry
C/O ROBERT Stansfield, Esq.
GRIER, STANSFIELD & Turner, LLP
P.O. BOX 1617
COVINGTON, GEORGIA 30015-1617
(770) 786-4390

**PUBLIC NOTICE #400062**
**6/12,19,26-7/3**

## Divorces

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

GERALD JOLLY
PLAINTIFF,
V
ANTHONY JOLLY
DEFENDANT,

ACTION NO.2022-CV-676-1

**NOTICE OF SUMMONS- SERVICE BY PUBLICATION**

TO ANTHONY JOLLY
204 COOPER AV OAKLYN, NJ 08107

BY NOTICE for Publication dated the 16TH day of MAY 2022 you are hereby notified that on the 4/26/22 the Plaintiff, GERALD JOLLY filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if pro se) or upon the plaintiff's attorney (if represented). Witness the Honorable JEFFREY L. FOSTER Judge of the Superior Court of Newton County.
THIS, THE 17TH day of MAY 2022

**PUBLIC NOTICE #400013**
**5/29-6/5,12,19**

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

KAELIN J. QUINN
PLAINTIFF,
V
TRAVIS D. QUINN
DEFENDANT,

ACTION NO.2022-CV-779-3

**NOTICE OF SUMMONS- SERVICE BY PUBLICATION**

TO TRAVIS D. QUINN
200 OAK CIR
SOCIAL CIRCLE, GA 30025

BY NOTICE for Publication dated the 23RD day of MAY 2022 you are hereby notified that on the 4/18/22 the Plaintiff, KAELIN J. QUINN filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if pro se) or upon the plaintiff's attorney (if represented). Witness the Honorable LAYLA H. ZON Judge of the Superior Court of Newton County.
THIS, THE 24TH day of MAY 2022

**PUBLIC NOTICE #400046**
**6/5,12,19,26**

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

NICOLA HORTON
PLAINTIFF,

V.

CHRISTOPHER HORTON
DEFENDANT,

CIVIL ACTION Number
2022-CV-853-5

**NOTICE**

TO: CHRISTOPHER HORTON

BY ORDER of the Court for service by publication dated APRIL 27, 2022, you are hereby notified that on APRIL 27, 2022, the Plaintiff, NICOLA HORTON, filed suit against you for divorce. You are required to file with the Clerk of the Superior Court, and to serve upon Plaintiff's attorney, Stephen L. Coan, Coan & Worthington, LLC, 1076 Highway 278 NE, Suite B, Covington, Georgia 30014, an answer in writing within sixty (60) days of MAY 15th, 2022

WITNESS, THE Honorable Horace J.Johnson, Jr. Judge of Newton County Superior Court.
THIS THE 10 day of May, 2020.

LINDA D. Hays
CLERK OF Superior Court
NEWTON COUNTY, Georgia

**PUBLIC NOTICE #400009**
**5/29-6/5,12,19**

## Foreclosures

**STATE OF GEORGIA**
**COUNTY OF NEWTON**
**NOTICE OF SALE UNDER POWER**

BECAUSE OF a default under the terms of the Security Deed executed by **Beverly Green** to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for Taylor, Bean and Whitaker, its successors and assigns dated October 24, 2007,

and recorded in Deed Book 2529, Page 11, Newton County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Selene Finance LP, securing a Note in the original principal amount of $181,480.00, the holder thereof pursuant to said Deed and Note hereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, July 5, 2022, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

ALL THAT tract or parcel of land lying and being in Land Lot 125 of the 10th District, Newton County, Georgia, being Lot 26B, Unit Two of Tebtanney Subdivision, as per plat thereof recorded in Plat Book 34, pages 193-195, Newton County Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.

SAID PROPERTY is known as 840 Tebtanney Drive, Covington, GA 30016, together with all fixtures and personal property attached to and constituting a part of said property, if any.

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

THE PROCEEDS of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.

THE PROPERTY is or may be in the possession of Beverly Booths, a/k/a Beverly Green a/k/a Beverly V. Green; Carnax Green, successor in interest or tenant(s).

SELENE FINANCE LP as Attorney-in-Fact for Beverly Green.
FILE NO. 15-060935

LOGS LEGAL GROUP LLP*
ATTORNEYS AND Counselors at Law
211 PERIMETER Center Parkway, N.E., Suite 300
ATLANTA, GA 30346
(770) 220-2535/ED8
HTTPS://WWW.LOGS.COM/
*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PUBLIC NOTICE #300994**
**5/22,29-6/5,12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **PADE HOLDINGS, LLC** to FLORA H. ISU dated November 12, 2020, and recorded in Deed Book 4116, Page 542, Newton County, Georgia Records conveying the afterdescribed property to secure a Note in the original principal amount of One Hundred Sixty-Five Thousand and 00/100 Dollars ($165,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, within the legal hours of sale on the first Tuesday in July 2022, the following described property, to-wit: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 164 OF THE 10TH DISTRICT, NEWTON COUNTY, GEORGIA, BEING KNOWN AS UNIT B, BUILDING #4, HIGHGATE TOWNHOMES, PHASE TWO, AS PER PLAT RECORDED IN PLAT BOOK 36, PAGE 104, NEWTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE THERETO FOR A MORE ACCURATE AND COMPLETE DESCRIPTION. The debt secured by said Deed to Secure Debt has been and is hereby declared due because, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorneys fees given).Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, and any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

TO THE best of the knowledge and belief of the undersigned, the party (in possession of the property is/are PADE HOLDINGS, LLC or a tenant or tenants and said property is more particularly known as 105 HIGHGATE LANE, COVINGTON, GEORGIA 30016. The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed. The entity having full authority to negotiate, amend or modify all terms of the mortgage with the debtor is: STERLING SERVICES, LLC as Attorney in fact for PADE HOLDINGS, LLC. Borrower may request that the secured creditor provide the borrower with a copy of the debtor(s) account statements by visiting the following URL: STERLING SERVICES, LLC a/k/a STERLING CAPITAL, LLC.

**PUBLIC NOTICE #400060**
**6/5,12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Mary Bulmer** to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender, dated April 26, 2006, and recorded in Deed Book 2176, Page 267, NEWTON County, Georgia records, and last assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for The

CERTIFICATEHOLDERS OF the CWABS Inc., Asset-Backed Certificates, Series 2006-8 in Book 3306, Page 145, conveying the afterdescribed property to secure a Note of even date in the original principal amount of $164,060.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of NEWTON County, Georgia, within the legal hours of sale on the first Tuesday in July, 2022, to wit: July 5, 2022, the following described property:

ALL THAT tract or parcel of land lying and being in Land Lot 58 of the 10th District, Newton County, Georgia, being Lot 40, Phase Two, Oakbree Subdivision, as per plat recorded in Plat Book 37, Page 184, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.
TAX ID: 0015000004000000

THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying same and all the expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY is commonly known as 65 Lakeland Drive, Covington GA 30016, together with all fixtures and personal property attached to and constituting a part of said property. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Mary Bulmer or tenant or tenants.

SAID PROPERTY will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning, ordinances, easements, restrictions, covenants, etc.

THE SALE will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2) O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.
PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:
CARRINGTON    MORTGAGE
Services, LLC
ATTENTION:    LOSS Mitigation
Department
1600 SOUTH Douglass Road, Suites 100 & 200-A
ANAHEIM, CA 92806
1-800-561-4567
THE FOREGOING notwithstanding, nothing in O.C.G.A. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

THIS SALE is conducted on behalf of the secured creditor under the power of sale granted in the aforementioned security instrument, specifically being THE BANK OF NEW YORK MELLON, FKA The Bank of New York as trustee for registered holders of CWABS Inc., Asset-Backed Certificates, Series 2006-8TX22
AS ATTORNEY in fact for
MARY BULMER
PARKWAY LAW Group, LLC
1755 NORTH Brown Road
SUITE 150
LAWRENCEVILLE, GA 30043
404.719.5155
JUNE 6,15,22 and 29, 2022
22-0083
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PUBLIC NOTICE #400046**
**6/12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Cathy L. Caple and Thomas Caple** to U.S. Bank National Association NO, dated December 5, 2000, recorded in Deed Book 2026, Page 31, Newton County, Georgia Records and as modified by that certain Loan Modification Agreement recorded in Deed Book 3516, Page 333, Newton County, Georgia Records, conveying the afterdescribed property to secure a Note in the original principal amount of ONE HUNDRED THIRTY-NINE THOUSAND AND 0/100 DOLLARS ($139,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF
THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, and any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record superior to the Security Deed first set out above.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).
SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property in accordance with OCGA § 44-14-162.2.
THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Rushmore Loan Management Services, LLC, 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618, 888-504-7300.
NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.
TO THE best knowledge and belief of the undersigned, the party in possession of the property is Jermaine Glanton and Glanton Family Trust or a tenant or tenants and said property is more commonly known as 915 Bandywood Way SW, Covington, Georgia 30014. Should a conflict arise between the property address and the legal description the legal description will control.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed UMB BANK, National Association, not in its individual capacity but solely as legal title trustee for LVS Title Trust XIII
AS ATTORNEY in Fact for JERMAINE GLANTON MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA 30076
WWW.FORECLOSUREHOTLINE.NET
**EXHIBIT "A"**
ALL THAT tract or parcel of land lying and being in Land Lot 237 of the 8th District, Newton County, Georgia, being Lot 16, Phase 1 of Inglewood Park Subdivision, as per plat thereof recorded in Plat Book 47, page 47-54, Newton County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.
MR/MEH    7/5/22
**OUR FILE** no. 5294616 - FT18

**PUBLIC NOTICE #400058**
**6/5,12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Linda J Staples** to Georgia Federal Credit Union, dated September 21, 2009, recorded in Deed Book 2758, Page 466, Newton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of SEVENTY THOUSAND AND 00/100 DOLLARS ($70,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF
THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).
SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, and any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record superior to the Security Deed first set out above.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed. GEORGIA UNITED Credit Union AS ATTORNEY in Fact for LINDA J Staples
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA 30076
WWW.FORECLOSUREHOTLINE.NET
**EXHIBIT "A"**
ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 39 OF THE 10TH DISTRICT OF NEWTON COUNTY, GEORGIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
BEGINNING AT AN IRON PIN SET ON THE LAND LOT LINE OF THE SOUTHEAST RIGHT OF WAY OF CONLEY DITCH ROAD 50 FOOT RIGHT-OF-WAY AND THE SOUTH CORNER OF
See LEGALS, B5

DEGREES 34' 55"W ALONG THE SOUTHEAST RIGHT-OF-WAY OF CAMPBELL ROAD 113.8 FEET TO AN IRON PIN FOUND AT THE LAND LOT LINE SEPARATING LOTS 38 AND 37; THENCE DEPARTING THE RIGHT-OF-WAY OF CAMPBELL ROAD RUNNING S 02 DEGREES 51'34"E 138.53 FEET TO AN IRON PIN SET ON THE LAND LOT LINE OF LAND LOTS 90 AND 93 BEING THE TRUE POINT OF BEGINNING. THENCE RUNNING S 31 DEGREES 32'44"E, 78.57 FEET TO AN IRON PIN SET; THENCE RUNNING S 13 DEGREES 27'49" E 120.00 FEET TO AN IRON PIN FOUND ON THE LAND LOT LINE OF LAND LOTS 90 AND 91 TO THENCE RUNNING ALONG THE LAND LOT LINE AND 91 N 02 DEGREES 51'34"W 19724 FEET TO AN IRON PIN SET BEING THE TRUE POINT OF BEGINNING, BEING A TRACT OF LAND CONTAINING 0.06 ACRES SHOWN AS THE PROPERTY OF DAN STAPLES ON SURVEY PREPARED BY LOUIS D. PATRICK, REGISTERED LAND SURVEYOR, DATED MAY 7, 1992.
MR/MEH    7/5/22
**OUR FILE** no. 22-07202A - FT18

**PUBLIC NOTICE #400059**
**6/5,12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Deborah B Deprey** to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for Countrywide Home Loans, Inc., its successors and assigns, dated January 26, 2020, recorded in Deed Book 3856, Page 371, Newton County, Georgia Records, as last transferred to Lakeview Loan Servicing, LLC by assignment recorded in Deed Book 4221, Page 683, Newton County, Georgia Records, conveying the afterdescribed property to secure a Note in the original principal amount of TWO HUNDRED FIFTY-NINE THOUSAND FIVE HUNDRED SEVENTY-SEVEN AND 00/100 DOLLARS ($259,577.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF
THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).
SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, and any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record superior to the Security Deed first set out above.
LAKEVIEW LOAN SERVICING, LLC is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.
THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: LoanCare LLC, 3637 Sentara Way, Virginia Beach, VA 23452, 800-274-6600.
NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.
TO THE best knowledge and belief of the undersigned, the party in possession of the property is Deborah B Deprey and Steven B Deprey or a tenant or tenants and said property is more commonly known as 285 Tanglewood Drive, Covington, Georgia 30016. Should a conflict arise between the property address and the legal description the legal description will control.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
LAKEVIEW LOAN SERVICING, LLC
AS ATTORNEY in Fact for
PAULA BOFFA
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA 30076
WWW.FORECLOSUREHOTLINE.NET
**EXHIBIT "A"**
ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 30 OF THE 10TH DISTRICT, NEWTON COUNTY, GEORGIA, BEING LOT 57, RIVER WALK FARMS SUBDIVISION, UNIT FIVE, ACCORDING TO A PLAT RECORDED IN PLAT BOOK 45, PAGES 181 THRU 183, NEWTON COUNTY GEORGIA RECORDS. SAID PLAT IS SPECIFICALLY INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF FOR A MORE PARTICULAR AND ACCURATE LEGAL DESCRIPTION.
MR/CM    7/5/22
**OUR FILE** no. 22-06502GA - FT18

**PUBLIC NOTICE #400065**
**6/5,12,19,26**

**NOTICE OF SALE UNDER POWER**
**GEORGIA, NEWTON COUNTY**

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Rafique Nanji** to Mortgage Electronic

See LEGALS, B5

B4 Saturday-Sunday, June 17-18, 2023 | *The Covington News*

## LEGALS:
Continued from B3

CHASE, COVINGTON, Georgia 30016

**PUBLIC NOTICE #400066**
**6/12,19,26-7/3**

### NOTICE TO CREDITORS AND DEBTORS

ALL CREDITORS of the estate of REGINALD COLEMAN HENRY deceased, late of Newton County, Georgia are hereby notified to render their demands to the undersigned according to law, and all persons indebted to said estate are required to make immediate payment to the undersigned.

THIS 2ND day of June

VICKIE B. Henry
EXECUTOR OF the Estate
OF REGINALD Coleman Henry
C/O ROBERT Stansfield, Esq.
GREER, STANSFIELD & Turner, LLP
P.O. BOX 1617
COVINGTON, GEORGIA 30015-1617
(770) 786-4390

**PUBLIC NOTICE #400062**
**6/12,19,26-7/3**

### Divorces

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

GERALD JOLLY
PLAINTIFF,
V.
ANTHONY JOLLY
DEFENDANT,

ACTION NO.2022-CV-476-1

**NOTICE OF SUMMONS- SERVICE BY PUBLICATION**

TO ANTHONY JOLLY
304 COOPER AV OAKLYN, NJ 08107

BY NOTICE for Publication dated the 16TH day of MAY 2023 you are hereby notified that on the 4/28/22 the Plaintiff, GERALD JOLLY filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if pro se) or upon the plaintiff's attorney (if represented) Witness the Honorable JEFFFREY L FOSTER Judge of the Superior Court of Newton County. THIS, THE 17TH day of MAY 2022

**PUBLIC NOTICE #400013**
**5/29-6/5,12,19**

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

KAELIN J. GUINN
PLAINTIFF,
V.
TRAVIS D. GUINN
DEFENDANT,

ACTION NO.2022-CV-779-3

**NOTICE OF SUMMONS- SERVICE BY PUBLICATION**

TO TRAVIS D. GUINN
200 CAR DR
SOCIAL CIRCLE, GA 30025

BY NOTICE for Publication dated the 23RD day of MAY 2022 you are hereby notified that on the 4/18/22 the Plaintiff, KAELIN J GUINN filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if pro se) or upon the plaintiff's attorney (if represented). Witness the Honorable LAYLA H. ZON Judge of the Superior Court of Newton County. THIS, THE 24TH day of MAY 2022

**PUBLIC NOTICE #400046**
**6/5,12,19,26**

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

KENISHA LEWIS
PLAINTIFF,
V.
KENNEY DURHAM
DEFENDANT,

ACTION NO.2022-CV-400-2

**NOTICE OF SUMMONS- SERVICE BY PUBLICATION**

TO KENNEY DURHAM
6171 PETTY STREET
COVINGTON GA 30014

BY NOTICE for Publication dated the 8TH day of JUNE 2022 you are hereby notified that on the 4/18/22 the Plaintiff, KENNISHA LEWIS filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if pro se) or upon the plaintiff's attorney (if represented). Witness the Honorable JOHN M. OTT Judge of the Superior Court of Newton County. THIS, THE 8TH day of JUNE 2022

**PUBLIC NOTICE #400127**
**6/19,26-7/3,10**

**IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA**

NICOLA HORTON
PLAINTIFF,
V.
CHRISTOPHER HORTON
DEFENDANT,

CIVIL ACTION Number
2022-CV-653-6

### NOTICE

TO: CHRISTOPHER HORTON

BY ORDER of the Court for service by publication dated APRIL 27, 2022, you are hereby notified that on APRIL 27, 2022, the Plaintiff, NICOLA HORTON, filed suit against

you for divorce, You are required to file with the Clerk of the Superior Court, and to serve upon Plaintiff's attorney, Stephen L. Cowen, Cowen & Worthington, LLC, 5109 Highway 278 NE, Suite B, Covington, Georgia 30014, an answer in writing within sixty (60) days of MAY 15th, 2022

WITNESS, THE Honorable Horace J.Johnson, Jr., Judge of Newton County Superior Court. THIS 16TH day of May, 2020.

LINDA D. Hays
CLERK OF Superior Court
NEWTON COUNTY, Georgia

**PUBLIC NOTICE #400009**
**5/29-6/5,12,19**

### Foreclosures

**STATE OF GEORGIA COUNTY OF NEWTON**
**NOTICE OF SALE UNDER POWER**

BECAUSE OF a default under the terms of the Security Deed executed by **Beverly Green** to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for Taylor, Bean and Whitaker, its successors and assigns dated October 24, 2007, and recorded in Deed Book 2526, Page 11, Newton County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Selene Finance LP, securing a Note in the original principal amount of $181,482.00, the holder thereof pursuant to said Deed and Note thereby secured has instituted the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, July 5, 2022, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

ALL THAT tract or parcel of land lying and being in Land Lot 125 of the 10th District, Newton County, Georgia, being Lot 280, Unit Two of Tretaway Subdivision, as per plat thereof recorded in Plat Book 34, pages 183-185, Newton County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.

SAID PROPERTY is known as 240 Trelawney Drive, Covington, GA 30016, together with all fixtures and personal property attached to and constituting a part of said property, if any.

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

THE PROCEEDS of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.

THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

THE PROPERTY is or may be in the possession of Beverly Brother, a/k/a Beverly Green a/k/a Beverly V. Green; Carnau Green, successor in interest or tenant(s).

SELENE FINANCE LP as Attorney in Fact for Beverly Green
FILE NO. 15-051905
LOGS LEGAL GROUP LLP*
ATTORNEYS AND Counselors at Law
211 PERIMETER Center Parkway, N.C., Suite 300
ATLANTA, GA 30346
(770) 220-2535/JD
HTTP://WWW.LOGS.COM*
*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PUBLIC NOTICE #300994**
**3/22,29-6/5,12,19,26**

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given by **PADR HOLDINGS, LLC** to FLORIA H. SIU dated November 12, 2020, and recorded in Deed Book 4118, Page 542, Newton County, Georgia Records conveying the after-described property to secure a Note in the original principal amount of One Hundred Sixty-Five Thousand and 00/100 Dollars ($165,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, within the legal hours of sale on the first Tuesday in July 2022, the following described property, to wit; THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 184 OF THE 10TH DISTRICT, NEWTON COUNTY, GEORGIA, BEING KNOWN AS UNIT B, BLAINE'S 84, HIGHGATE TOWNHOMES, PHASE TWO, AS PER PLAT RECORDED IN PLAT BOOK 36, PAGE 104, NEWTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE THERETO FOR A MORE ACCURATE AND COMPLETE DESCRIPTION. The debt secured by said Deed to Secure Debt has been and is hereby declared due because, among other possible events of default, failure to pay the installments as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given). Said property will be sold subject to any right of redemption, any matters which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions,

covenants, and matters of record superior to the Deed to Secure Debt first set out above, To the best of the knowledge and belief of the undersigned, the party in possession of the property is PADR HOLDINGS, LLC or a tenant or tenants and said property is more commonly known as **105 HIGHGATE TRAIL, COVINGTON, GEORGIA 30016.** The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed. The entity having full authority to negotiate, amend or modify all terms of the loan (although not required by law to do so) is: STEVENS & STEVENS, LLC, 4487 Roswell Road, Suite A, Floor 1, Atlanta, GA 30342, Telephone number: 770-395-8900. FLORIA H. SIU A-444ATHIS LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR UNDER FEDERAL LAW. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PUBLIC NOTICE #400026**
**6/5,12,19,26**

### NOTICE OF Sale Under Power GEORGIA, NEWTON County

UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given by **Jody Roberson** to Mortgage Electronic Registration Systems, Inc., as nominee for Home America Mortgage, Inc., dated December 11, 2008, and recorded in Deed Book 2675, Page 487, Newton County, Georgia records, as last transferred to Carrington Mortgage Services, LLC by Assignment recorded in Deed Book 3077, Page 173, Newton County, Georgia Records, conveying the after-described property to secure a Note of even date in the original principal amount of $42,168.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash, before the Courthouse door of Newton County, Georgia, within the legal hours of sale on the first Tuesday in August, 2022, to wit: August 2, 2020, the following described property:

ALL THAT tract or parcel of land lying and being in the City of Porterdale, Newton County Georgia and being more particularly described as Lot #68, Section 2, on a plat entitled "Village Subdivision", Bldg, Manufacturing Company, Porterdale, Georgia, prepared by Dobbs & Neve, Engineers, dated October, 1963, which plat is of record in the Clerk's Office of Newton County Superior Court in Plat Book 3, Folio 219, 221, and 223; said lot having the metes, bounds and dimensions as shown by said plat which by this reference thereto is incorporated herein and made a part hereof. There is located on said property dwelling known as 20 Hemlock Street, Porterdale, GA 30016

MAP REFERENCE No.: P030-207 THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY is commonly known as 20 Hemlock Street, Porterdale, GA 30014, together with all fixtures and personal property attached to and constituting a part of said property. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Jody R. Roberson or tenant or tenants.

SAID PROPERTY will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, etc.

THE SALE will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2) O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.

PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:
CARRINGTON MORTGAGE Services, LLC
ATTENTION: LOSS Mitigation Department
1600 SOUTH Douglass Road, Suite 200-A
ANAHEIM, CA 92806
1-800-561-4567

THE FOREGOING notwithstanding, nothing in O.C.G.A. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

THIS SALE is conducted on behalf of the secured creditor under the power of sale granted in the aforementioned security instrument, specifically being
CARRINGTON MORTGAGE
Services, LLC
AS ATTORNEY in fact for
JODY ROBERSON
MANER, MARTIN & Brannon, LLC
160 MITCHERTE N Parkway, Suite 200
ATLANTA, GA 30339
404.252.6385
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY

INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
MBFC19-084

**PUBLIC NOTICE #400116**
**6/19,26-7/3,10,17,24,31**

### NOTICE OF Sale Under Power GEORGIA, NEWTON County

UNDER AND by virtue of the Power to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender, dated April 26, 2006, and recorded in Deed Book 3176, Page 393; NEWTON County, Georgia records, and last assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for The
CERTIFICATEHOLDERS OF
The CWABS Inc., Asset-Backed Certificates, Series 2006-10 in Book 5306, Page 145, conveying the after-described property to secure a Note of even date in the original principal amount of $104,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of NEWTON County, Georgia, within the legal hours of sale on the first Tuesday in July, 2022, to wit: July 5, 2022, the following described property:

ALL THAT tract or parcel of land lying and being in Land Lot 58 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oakdale Subdivision, as per plat recorded in Plat Book 37, Page 184, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.

TAX ID:0015000000430000
THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY is commonly known as 65 Lakefront Drive, Covington GA 30016, together with all fixtures and personal property attached to and constituting a part of said property. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Mary Hyman, and or tenant or tenants.

SAID PROPERTY will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, etc.

THE SALE will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2). O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.

PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:
CARRINGTON MORTGAGE
Services, LLC
ATTENTION: LOSS Mitigation Department
1600 SOUTH Douglass Road, Suites 100 & 200-A
ANAHEIM, CA 92806
1-800-561-4567

THE FOREGOING notwithstanding, nothing in O.C.G.A. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

THIS SALE is conducted on behalf of the secured creditor under the power of sale granted in the aforementioned security instrument, specifically being
THE BANK OF NEW YORK
MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-SPS2
SUITE 550
MARY HYMAN
PARKWAY LAW Group, LLC
1755 NORTH Brown Road
SUITE 550
LAWRENCEVILLE, GA 30043
404.719.5500
JUNE 5,13,22 and 29, 2022
22-00083
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PUBLIC NOTICE #400004**
**6/12,19,26**

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Cathy L Gepie and Thomas Cagle** to U.S. Bank National Association N.D. dated December 5, 2006, recorded in Deed Book 2340, Page 31, Newton County, Georgia Records and as modified by that certain Loan Modification Agreement recorded in Deed Book 3214, Page 468, Newton County, Georgia Records, as last transferred to U.S. Bank National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust XIII, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED FOURTEEN THOUSAND AND 0/100 DOLLARS ($114,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within

the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record superior to the Security Deed first set out above. To the best knowledge and belief of the undersigned, the party in possession of the property is Cathy L Gepie and Thomas Cagle or a tenant or tenants and said property is more commonly known as 9115 Bandywood Way SW, Covington, Georgia 30014. The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

UMB BANK, National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust XIII is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.

THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: U.S. Bank National Association, 4801 Frederica Street, Owensboro, KY 42301-0065, 855-658-7657.

NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Jermaine Glanton and Glanton Family Trust or a tenant or tenants and said property is more commonly known as 9115 Bandywood Way SW, Covington, Georgia 30014. Should a conflict arise between the property address and the legal description will control.

THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
UMB BANK, National Association, as Attorney in Fact for
JERMAINE GLANTON
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA 30076
WWW.FORECLOSUREHOTLINE.NET
EXHIBIT "A"
ALL THAT tract or parcel of land lying and being in Land Lot 237 of the 9th District, Newton County, Georgia, being Lot 18, Phase I of Inglewood Park Subdivision, as per plat thereof recorded in Plat Book 47, page 47-54, Newton County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.
MR/MEH   7/5/22
OUR FILE no. 5294418 - FT18

**PUBLIC NOTICE #400058**
**6/12,19,26**

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Linda J Staples** to Georgia Federal Credit Union, dated September 21, 2009, recorded in Deed Book 2758, Page 498, Newton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of SEVENTY THOUSAND AND 0/100 DOLLARS ($70,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in

See LEGALS, B5

EXHIBIT D-2

# LEGALS:
Continued from B3

**COUNTY, DECEASED,** are hereby notified to render in their demands to the undersigned according to law, and all persons indebted to said estate are required to make immediate payment.
THIS 9TH day of June, 2022
NAME: AARON Chase Beasley
TITLE: EXECUTOR
ADDRESS: /D Hoffman & Assoc, 6100 Lake Forest Dr. Ste 300
Atlanta 30328

PUBLIC NOTICE #400110
6/25-7/2,16,17

### NOTICE TO DEBTORS/ CREDITORS

ALL CREDITORS of the estate of **Nellie Jo Nash**, late of Newton County, Georgia, are hereby notified to render their demands to the undersigned according to law, and all persons indebted to said estate to make immediate payment to: Name of the executor: GIDGET GUE Executor Address: 36 Fairview Chase, Covington, Georgia 30016

PUBLIC NOTICE #400098
6/12,19,26-7/3

### NOTICE TO CREDITORS AND DEBTORS

ALL CREDITORS of the estate of **REGINALD COLEMAN HENRY** deceased, late of Newton County, Georgia are hereby notified to render their demands to the undersigned according to law, and all persons indebted to said estate are required to make immediate payment to the undersigned.

THIS 2ND day of June

VICKIE B. Henry
EXECUTOR Of the Estate
OF REGINALD Coleman Henry
C/O ROBERT Stansfield, Esq.
GREER, STANSFIELD & Turner, LLP
P.O. BOX 1617
COVINGTON, GEORGIA 30015-1617
(770) 786-4390

PUBLIC NOTICE #400082
6/12,19,26-7/3

## Divorces

IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA

JACKIE JO THOMAS
PLAINTIFF,
V
HAROLD JEAN RIVERS JR
DEFENDANT,

ACTION NO.2022-CV-1207-2

### NOTICE OF SUMMONS- SERVICE BY PUBLICATION

TO HAROLD JEAN RIVERS JR
UNKNOWN ADDRESS

BY NOTICE for Publication dated the 14TH day of JUNE 2022 you are hereby notified that on the 6/16/22 the Plaintiff, JACKIE JO THOMAS filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff's attorney (if represented). Witness the Honorable JOHN M. OTT Judge of the Superior Court of Newton County.
THIS, THE 15TH day of JUNE 2022

PUBLIC NOTICE #400143
6/26-7/3,10,17

IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA

KAELIN J. GUINN
PLAINTIFF,
V
TRAVIS D. GUINN
DEFENDANT.

ACTION NO.2022-CV-779-3

### NOTICE OF SUMMONS- SERVICE BY PUBLICATION

TO TRAVIS G. GUINN
200 CAK CIR
SOCIAL CIRCLE, GA 30025

BY NOTICE for Publication dated the 23RD day of MAY 2022 you are hereby notified that on the 4/18/22 the Plaintiff, KAELIN J GUINN filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if you set) or upon the plaintiff's attorney (if represented). Witness the Honorable LAYLA H. ZON Judge of the Superior Court of Newton County.
THIS, THE 24TH day of MAY 2022

PUBLIC NOTICE #400046
6/5,12,19,26

IN THE SUPERIOR COURT OF NEWTON COUNTY STATE OF GEORGIA

KENNISHA LEWIS
PLAINTIFF,
V
KENNEY DURHAM
DEFENDANT.

ACTION NO.2022-CV-401-2

### NOTICE OF SUMMONS- SERVICE BY PUBLICATION

TO KENNEY DURHAM
6171 PETTY STREET
COVINGTON GA 30014

BY NOTICE for Publication dated the 6TH day of JUNE 2022 you are hereby notified that on the 4/18/22 the Plaintiff, KENNISHA LEWIS filed suit against you for DIVORCE You are required to file an Answer in writing within sixty (60) days of the date of the Notice for Publication with the clerk of Superior Court of the Newton County and to serve a copy of the answer upon the plaintiff (if you set) or upon the plaintiff's attorney (if represented). Witness the Honorable JOHN M. OTT Judge of the Superior Court

Newton County.
THIS, THE 6TH day of JUNE 2022

PUBLIC NOTICE #400117
6/19,26-7/3,10

## Foreclosures
### STATE OF GEORGIA COUNTY OF NEWTON
### NOTICE OF SALE UNDER POWER

BECAUSE OF a default under the terms of the Security Deed executed by **Beverly Green** to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for Taylor, Bean and Whitaker, its successors and assigns dated October 24, 2007, and recorded in Deed Book 2529, Page 11, Newton County Records, said Security Deed having been last resold, assigned, transferred and conveyed to Selene Finance LP, securing a Note in the original principal amount of \$181,482.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, July 6, 2022, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

ALL THAT tract or parcel of land lying and being in Land Lot 125 of the 10th District, Newton County, Georgia, being Lot 260, Unit Two of Trelawney Subdivision, as per plat thereof recorded in Plat Book 34, pages 193-195, Newton County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.
THE PROCEEDS of said sale will be applied to the payment of said Trelawney Drive, Covington, GA 30016, together with all fixtures and personal property attached to and constituting a part of said property, if any.

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.
THE PROCEEDS of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.
THE PROPERTY is or may be in the possession of Stephanie (Channel), successor in interest or tenant(s).
SELENE FINANCE LP as Attorney-in-Fact for Beverly Green
FILE NO. 21-077767
LOSS LEGAL GROUP LLP*
ATTORNEYS AND Counselors at Law
211 PERIMETER Center Parkway, N.E., Suite 300
ATLANTA, GA 30346
(770)          220-2535**CF.
REFERENCE_INITIALS**
HTTPS://WWWLOSS.COM/
*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PUBLIC NOTICE #400086
6/26-7/3,10,17,24

### NOTICE OF SALE UNDER POWER STATE OF GEORGIA, COUNTY OF NEWTON

BY VIRTUE of a Power of Sale contained in that certain Security Deed from **James M White and Louise I White** to Mortgage Electronic Registration Systems, Inc., as nominee for MILEND, Inc., dated September 13, 2019 and recorded on October 30, 2019 in Deed Book 3815, Page 327 in the Office of the Clerk of Superior Court of Newton County, Georgia, said Security Deed having been given to secure a Note of even date, in the original principal amount of Two Hundred Thirty-Seven Thousand Seventy-Seven and 00/100 dollars (\$237,077.00) with interest thereon as provided therein, as last transferred to THE HONEY SOURCE INC., recorded in Deed Book 4391, Page 375, aforesaid records, will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may now be designated as an alternative location, within the legal hours of sale on the first Tuesday in August, 2022, all property described in said Security Deed including but not limited to the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 269 OF THE 1ST DISTRICT, NEWTON COUNTY, GEORGIA, BEING LOT 24, OF THE 1 OF LONG BRANCH MEADOWS SUBDIVISION, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 46, PAGES 19-24, NEWTON COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION.

SAID PROPERTY may more commonly known as 1231 Henderson Mill Road, Covington, GA 30014.

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, non-payment of the monthly installments on said loan. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, including attorney's fees (notice of intent to collect attorney's fees having been given).

THE INDIVIDUAL or entity that has full authority to negotiate, amend and modify all terms of the loan is THE MONEY SOURCE INC., 135 Maxess Road, Melville, NY 11747, 800-283-3769.

SAID PROPERTY will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned. The sale will also be subject to the following items which may affect the title: a) zoning ordinances, matters which would be disclosed by an accurate survey or by an inspection of the property; c) any outstanding ad valorem taxes, including taxes which constitute liens upon said property whether or not now due and payable; d) special assessments; e) the right of redemption of any taxing authority; f) all outstanding bills for public utilities which constitute liens upon said property; g) all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed. To the best of the knowledge and belief of the undersigned, the owners and party in possession of the property are James M White and Louise I White and or tenant(s). The sale will be conducted subject to 1) confirmation that the sale is not prohibited under the U.S. Bankruptcy code and 2) final confirmation and audit of the status of the loan with the holder of the Security Deed.
THE MONEY SOURCE INC.
AS ATTORNEY-IN-FACT for JAMES M White and Louise I White
CONTACT:
PADGETT LAW Group, 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312 (850) 422-2520

PUBLIC NOTICE #400021
6/26-7/3,10,17,24

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **PAIGE HOLDINGS, LLC** to FLORIA H. SIU dated November 12, 2020, and recorded in Deed Book 4118, Page 542, Newton County, Georgia Records conveying the after-described property to secure a Note in the original principal amount of One Hundred Sixty-Five Thousand and 00/100 Dollars (\$165,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, within the legal hours of sale on the first Tuesday in July 2022, the following described

property, to-wit: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 184 OF THE 10TH DISTRICT, NEWTON COUNTY, GEORGIA, BEING KNOWN AS UNIT 8, BUILDING 84, HIGHGATE TOWNHOMES, PHASE TWO, AS PER PLAT RECORDED IN PLAT BOOK 50, PAGE 124, NEWTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE THERETO AND MADE A PART OF ADJACENT AND COMPLETE DESCRIPTION. The debt secured by said Deed to Secure Debt has been and is hereby declared due because, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorneys fees having been given).best property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, and any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Deed to Secure Debt first set out above. To the best of the knowledge and belief of the undersigned, the party in possession of the property is PAIGE HOLDINGS, LLC or a tenant or tenants and said property is more commonly known as 105 HIGHGATE TRAIL, COVINGTON, GEORGIA 30016. The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed. The entity having full authority to negotiate, amend, or modify all terms of the loan (although not required by law to do so) is: STEVENS & STEVENS, LLC #467 Emmett Road, Suite A, Floor 1, Atlanta, GA 30342, Telephone number: 770-393-8900. FLORIA H. SIU AS Attorney-in-Fact for PAIGE HOLDINGS LLC THIS LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR UNDER FEDERAL LAW. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PUBLIC NOTICE #400020
6/5,12,19,26

### NOTICE OF Sale Under Power GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given by **Jody Roberson** to Mortgage Electronic Registration Systems, Inc., as nominee for Home America Mortgage, Inc., dated December 11, 2008, and recorded in Deed Book 2673, Page 492 Newton County Georgia Records, as last transferred to Carrington Mortgage Services, LLC by Assignment recorded in Deed Book 3272 Page 173, Newton County, Georgia Records, conveying the after-described property to secure a Note of even date in the original principal amount of \$48,750.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of Newton County, Georgia, within the legal hours of sale on the first Tuesday in August, 2022, to wit: August 2, 2022, the following described property:

ALL THAT tract or parcel of land lying and being in Land Lot 58 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oakdale Subdivision, as per plat recorded in Plat Book 22, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.

TAX ID 0010C00000490000

THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY is commonly known as 55 Oakdale Drive, Covington GA 30016, together with all fixtures and personal property attached to and constituting a part of said property. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are) Mary Hyman, and or tenant or tenants.

SAID PROPERTY will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, etc.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2) O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.
PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not provide for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be rescinded and the preceding paragraph.
PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:
CARRINGTON MORTGAGE Services, LLC
ATTENTION: LOSS Mitigation Dept
1600 SOUTH Douglass Road, Suite 200-A
ANAHEIM, CA 92806
1-800-561-4567
THE FOREGOING notwithstanding, nothing in OC.GA. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the mortgage instrument.
CARRINGTON MORTGAGE Services, LLC
AS ATTORNEY in fact for JODY ROBERSON
MARIER, MARTIN & Bonavia, LLC
180 INTERSTATE N Parkway, Suite 200
ATLANTA, GA 30339
404.252.6385
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
MBFC14-094

PUBLIC NOTICE #400116
6/19,26-7/3,10,17,24,31

### NOTICE Of Sale Under Power GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given by **Mary Hyman** to Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, dated April 05, 2006, and recorded in Deed Book 2129, Page 352, NEWTON County, Georgia records, as last assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for The

CERTIFICATEHOLDERS OF The CWABS Inc., Asset-Backed Certificates, Series 2006-10 in Book 3308, Page 145, conveying the after-described property to secure a Note in the original principal amount of \$164,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of NEWTON County, Georgia, within the legal hours of sale on the first Tuesday in July, 2022, to wit: July 5, 2022, the following described property:

ALL THAT tract or parcel of land lying and being in Land Lot 58 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oakdale Subdivision, as per plat recorded in Plat Book 22, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.

TAX ID# 0010C00000490000
THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).
SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, and matters of record superior to the Security Deed first set out above. The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
NOTE, HOWEVER, that said entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Cathy L. Cagle and Thomas Cagle or a tenant or tenants and said property is more commonly known as 99 W Bonnell Street, Georgia 30016. Should a conflict arise between the property address and the legal description the legal description will control.
THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
U.S. BANK National Association successor by merger of U.S. Bank National Association ND is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.
THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: U.S. BANK National Association, 4801 Frederica Street, Owensboro, KY 42301-0000, 803-285-7577.
NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Cathy L. Cagle and Thomas Cagle or a tenant or tenants and said property is more commonly known as 99 W Bonnell Street, Georgia 30016.
CATHY L Cagle and Thomas Cagle
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA 30076
WWW.FORECLOSUREHOTLINE. NET
EXHIBIT "A"
ALL THAT TRACT OR PARCEL OF LAND WITH HOUSE AND ALL OTHER IMPROVEMENTS LOCATED THEREON, LYING AND BEING IN THE TOWN OF OXFORD, NEWTON COUNTY, GEORGIA AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTH SIDE OF BONNELL STREET, 490 FEET WEST OF THE INTERSECTION OF FRONT STREET AND BONNELL STREET, THENCE RUNNING WEST ALONG BONNELL STREET NORTH WRONG PROPERTY OF PATRICK ROBERTA ALLEN, THENCE RUNNING DUE WEST ALONG THE NORTH PROPERTY OF CONVINGTON LUMBER COMPANY 160 FEET TO THE NORTH LINE OF FRANK CHRISTIAN 182 FEET TO THE STARTING POINT, THENCE RUNNING DUE EAST ALONG NORTH SIDE OF BONNELL STREET 160 FEET TO POINT OF BEGINNING.
PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be rescinded and the status of the loan may be subject to the preceding paragraph.
PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:
CARRINGTON MORTGAGE Services, LLC
ATTENTION: LOSS Mitigation Dept
1600 SOUTH Douglass Road, Suite 200-A
ANAHEIM, CA 92806
1-800-561-4567
THE FOREGOING notwithstanding, nothing in OC.GA. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the mortgage instrument, specifically being:
THE BANK OF NEW YORK MELLON, FKA The Bank of New York as trustee for the certificateholders
PUBLIC NOTICE #400039
6/5,12,19,26

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security

Certificates, Series 2006-SP52 AS ATTORNEY in fact for MARY HYMAN
PARKWAY LAW Group, LLC
1775 NORTH Brown Road
SUITE 150
LAWRENCEVILLE, GA 30043
14.131.17456
JUNE 8,15,22 and 29, 2022
220-4305
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PUBLIC NOTICE #400094
6/12,19,26

### NOTICE OF SALE UNDER POWER GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by **Cathy L Cagle and Thomas Cagle** to U.S. Bank National Association ND, dated December 5, 2006, recorded in Deed Book 2345, Page 31, Newton County, Georgia Records and as modified by that certain Loan Modification Agreement recorded in Deed Book 3214, Page 280, Newton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED THIRTY-FOUR THOUSAND AND 0/100 DOLLARS (\$139,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be the lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in July, 2022, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF
THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

See LEGALS, B5

The Covington News

# LEGALS:
Continued from B4

AUDIT OF the status of the loan with the holder of the security deed.

PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:

CARRINGTON      MORTGAGE
Services, LLC
ATTENTION:   LOSS   Mitigation
Department
1600 SOUTH Douglass Road, Suites
100 & 200-A
ANAHEIM, CA  92806
1-800-561-4567
THE FOREGOING notwithstanding, nothing in O.C.G.A. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

THIS SALE is conducted on behalf of the secured creditor under the power of sale granted in the aforementioned security instrument, specifically listing

CARRINGTON      MORTGAGE
Services, LLC
AS ATTORNEY in fact for
JODY ROBERSON
MAHER, MARTIN & Burkes, LLC
100 INTERSTATE N Parkway, Suite
200
ATLANTA, GA 30339
404.252.6385
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
MBFC18-094

PUBLIC NOTICE #400116
6/18,26-7/2,10,17,24,31

## NOTICE OF Sale Under Power
### GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Deed to Secure Debt given by Mary Hyman to Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., a Corporation, dated April 26, 2006, and recorded in Deed Book 2176, Page 327, NEWTON County, Georgia records, and last assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SP2 by Assignment recorded in Deed Book 4258, Page 484, conveying the afterdescribed property to secure a Note of even date in the original principal amount of $30,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of NEWTON County, Georgia, within the legal hours of sale on the first Tuesday in July, 2022, to wit: July 5, 2022, the following described property:

ALL THAT tract or parcel of land lying and being in Land Lot 56 of the 10th District, Newton County, Georgia, being Lot 48, Phase Two, Oakdale Subdivision, as per plat recorded in Plat Book 23, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.

THE DEBT secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

SAID PROPERTY is commonly known as 63 Lakehurst Drive Covington, GA 30016, together with all fixtures and personal property attached to and constituting a part of said property. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Mary Hyman, Mary L. Limehouse, Sidney Jackson; and or tenant or tenants.

SAID PROPERTY will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, etc.

THE SALE will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2) O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.

PURSUANT TO O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

PURSUANT TO O.C.G.A. Section 44-14-162.2, the entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is:

CARRINGTON      MORTGAGE
Services, LLC
ATTENTION:   LOSS   Mitigation
Department
1600 SOUTH Douglass Road, Suites
100 & 200-A
ANAHEIM, CA  92806
1-800-561-4567
THE FOREGOING notwithstanding, nothing in O.C.G.A. Section 44-14-162.2 shall be construed to require the secured creditor to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

THIS SALE is conducted on behalf of the secured creditor under the power of sale granted in the aforementioned security instrument,

specifically listing
THE BANK of New York Mellon fka The Bank of New York, as Trustee for The
CERTIFICATEHOLDERS   OF
CWABS   Inc.,   Asset-Backed
Certificates, Series 2006-SP2
AS ATTORNEY in fact for
MARY HYMAN
PARKWAY LAW Group, LLC
1755 NORTH Brown Road
SUITE 150
LAWRENCEVILLE, GA 30043
JUNE 12, 19, 26 and July 3, 2022
22-0055
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PUBLIC NOTICE #400179
7/3

## NOTICE OF SALE UNDER POWER
### GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by Dennis W Volkart, Jr to Wells Fargo Bank, N.A., dated July 31, 2014, recorded in Deed Book 3251, Page 431, Newton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of NINETY-SIX THOUSAND AND 0/100 DOLLARS ($96,540.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in August, 2022, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record including, but not limited to, those superior to the Security Deed first set out above. Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned.

GUILD MORTGAGE Company LLC is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.

THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Guild Mortgage Company LLC, PO BOX 85304, San Diego, CA 92186, 800-365-4441.

NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Dennis W Volkart and Margaret A Volkart or a tenant or tenants and said property is more commonly known as 125 Piedmont Circle, Covington, Georgia 30016. Should a conflict arise between the property address and the legal description the legal description will control.

THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
GUILD MORTGAGE Company LLC
AS ATTORNEY in fact for
ERIK CLAXTON
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA  30076
WWW.FORECLOSUREHOTLINE.
NET
EXHIBIT "A"
ALL THAT tract or parcel of land lying and being in Land Lot 217 of the 10th District, Newton County, Georgia, being Lot 11, Iris Brook Subdivision, Phase I, as per plat recorded in Plat Book 50, Pages 234-239, Newton County, Georgia Records, which plat is incorporated by this reference and made a part of this description.
MR/CA  8/2/22
OUR FILE no. 22-00707GA - FT17

PUBLIC NOTICE #400109
7/3,10,17,24

## NOTICE OF SALE UNDER POWER
### GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by James Holmes and Olivia Holmes-Ware to Wells Fargo Bank, N.A., dated June 26, 2015, recorded in Deed Book 3342, Page 59, Newton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of THREE HUNDRED THREE THOUSAND NINE HUNDRED AND 0/100 DOLLARS ($303,900.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in August, 2022, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey

(888) 480-2432.
NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Jimmy Crawford, Jr and Laquana Harrison or a tenant or tenants and said property is more commonly known as 45 416 Eastwood Lane, Covington, Georgia 30016. Should a conflict arise between the property address and the legal description the legal description will control.

THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper
AS ATTORNEY in fact for
JIMMY CRAWFORD, Jr
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA  30076
WWW.FORECLOSUREHOTLINE.
NET
EXHIBIT "A"
ALL THAT tract or parcel of land lying and being in Land Lots 100 & 101 of the 10th District of Newton County, Georgia, and being Lot 30 of Ashley Meadows Subdivision, Unit Four, as per Plat recorded in Plat Book 45, pages 59-61, of the Records of the Clerk of Superior Court for Newton County, Georgia. Said plat is incorporated herein and made a part hereof for a more complete description.
MR/MEH  8/2/22
OUR FILE no. 22-07942GA - FT2

PUBLIC NOTICE #400199
7/3,10,17,24

## NOTICE OF SALE UNDER POWER
### GEORGIA, NEWTON COUNTY

UNDER AND by virtue of the Power of Sale contained in a Security Deed given by Gladstone Whittock to Mortgage Electronic Registration Systems, Inc. as nominee for Homeward Residential, Inc., dated June 26, 2013, recorded in Deed Book 3142, Page 201, Newton County Records, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED TWENTY-EIGHT THOUSAND NINE HUNDRED AND 0/100 DOLLARS ($128,900.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Newton County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in August, 2022, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

THE DEBT secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).

SAID PROPERTY will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record including, but not limited to, those superior to the Security Deed first set out above. Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned.
FLAGSTAR BANK, FSB is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.

THE ENTITY that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Flagstar Bank, F.S.B., 5151 Corporate Drive, , Troy, MI  48098, 800-968-7700.

NOTE, HOWEVER, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

TO THE best knowledge and belief of the undersigned, the party in possession of the property is Paul D Sorokour or a tenant or tenants and said property is more commonly known as 218 Victoria Park Run, Covington, Georgia 30016. Should a conflict arise between the property address and the legal description the legal description will control.

THE SALE will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
FLAGSTAR BANK, FSB
AS ATTORNEY in fact for
PAUL D Sorokour
MCCALLA RAYMER Leibert Pierce, LLC
1544 OLD Alabama Road
ROSWELL, GA  30076
WWW.FORECLOSUREHOTLINE.
NET
EXHIBIT "A"
ALL THAT tract or parcel of land lying and being in Land Lot 27 of the 10th District, Newton County, Georgia, being Lot 50, Iris Brook Subdivision, Phase IV, as per plat recorded in Plat Book 51, Pages 213-216, Newton County, Georgia records, which plat is incorporated by this reference and made a part of this description.
MR/MH  8/2/22
OUR FILE no. 22-07290GA - FT18

PUBLIC NOTICE #400000
7/3,10,17,24

## NOTICE OF SALE UNDER POWER
### GEORGIA, NEWTON COUNTY

EXHIBIT E

See LEGALS, B6

**BK:4415 PG:682-684**

**D2022012894**

FILED IN OFFICE
CLERK OF COURT
07/25/2022 02:15 PM
LINDA D. HAYS, CLERK
SUPERIOR COURT
NEWTON COUNTY, GA

*Linda D. Hays*

REAL ESTATE
TRANSFER TAX
PAID: $0.00

**PT-61 107-2022-003932**

7943813074
0466245412
PARTICIPANT ID

Return To:
**Parkway Law Group, LLC**
**1755 North Brown Road**
**Suite 150**
**Lawrenceville, GA 30043**
**File No. 22-0003**
Parcel ID: 001S000000490000

Cross reference to Deed Book
2178, Page 377, **NEWTON**, GA
Records.

STATE OF
_____California_____

COUNTY OF
_____Orange_____

**DEED UNDER POWER**

THIS INDENTURE, effective this **July 5, 2022**, between **Mary Hyman**, ("Borrower(s)"), acting through his/her/their duly appointed agent and attorney-in-fact, **The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2** ("Grantor"), as party of the first part, and **ACE HOMES MANAGEMENT, LLC,** ("Grantee") as party of the second part.

WITNESSETH:

WHEREAS, Borrower(s) executed and delivered to **Countrywide Home Loans, Inc., a Corporation** a certain Deed to Secure Debt (the "Deed") dated **April 26, 2006** and recorded in Deed Book **2178**, Page 377, **NEWTON** Georgia Records; as last transferred to **The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2** by assignment recorded in Deed Book **2979**, Page **484**, **NEWTON,** Georgia Records, conveying the after-described property to secure the payment of a promissory note (the "Note") of even date therewith, in the original principal amount of **$26,000.00**; and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said

<span style="color:red">EXHIBIT F</span>

**BK:4415 PG:683**

default, Grantor elected, pursuant to the terms of the Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of the Deed, Grantor did advertise the herein described property for sale once a week for at least four (4) consecutive weeks immediately preceding the sale in the newspaper in **NEWTON**, Georgia, wherein the Sheriff carries his advertisement, namely **THE NEWTON CITIZEN**; and

WHEREAS, said property was auctioned off to Grantee, the party of the second part, for the aforementioned sum of money in cash.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Deed, the party of the first part has bargained, sold, granted, and conveyed, and by these presents does hereby bargain, sell, grant, and convey to Grantee, the party of the second part, its successors, representatives, heirs, and assigns, the following described property:

**All that tract or parcel of land lying and being in Land Lot 56 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oaklake Subdivision, as per plat recorded in Plat Book 27, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.**

**Tax ID: 0015000000490000**

TOGETHER WITH all rights, members, and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the party of the first part, or said party's representatives, heirs, successors, and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto said party of the second part, and said party's representatives, heirs, successors, and assigns, to its own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said party of the first part or said party's representatives, heirs, successors and assigns, did hold and enjoy the same.

WHEREAS, notice was given in compliance with O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of the newspaper wherein the property was advertised for sale, to the Borrower(s) and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of **July 5, 2022** ; and

WHEREAS, Grantor did expose said property for sale to the highest bidder for cash on the first Tuesday in **July**, within the legal hours of sale at the usual place for conducting Sheriff's sales in **NEWTON** and offered said property for sale and public outcry to the highest bidder for cash when and where Grantee, the party of the second part, bid **$28,597.40**; and

EXHIBIT F

**BK:4415 PG:684**

IN WITNESS WHEREOF, Grantor, as agent and attorney-in-fact for Borrower(s) has hereunto affixed Grantor's hand and seal on this _19ᵗʰ_ day of _July_, 2022, to be effective as of the date first above-written.

_Patricia Goguen_

Unofficial Witness   **Patricia Goguen**

**Mary Hyman,** acting through **their** duly appointed attorney-in-fact, **The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2, by Carrington Mortgage Services, LLC,** as attorney-in-fact

By: _____

JUL 19 2022

Print Name: Joseph Anthony Barragan

Its: Post Foreclosure Supervisor
Carrington Mortgage Services, LLC attorney in fact

JUL 19 2022

Print Name: Kenneth Hung Keen Ho

Its: Post Foreclosure Supervisor
Carrington Mortgage Services, LLC attorney in fact

A notary public or other officer completing this Certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## CERTIFICATE OF ACKNOWLEDGMENT

State of California
County of Orange

On July 19, 2022 before me, Rosa Brass, Notary Public, personally appeared, **Joseph Anthony Barragan, Kenneth Hung Keen Ho,** and **Patricia Laura Goguen** who signed the above referenced instrument in my presence, and who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROSA BRASS
Notary Public - California
Orange County
Commission # 2335500
My Comm. Expires Oct 13, 2024

EXHIBIT F

BK:4489 PG:31-32
D2023002903
FILED IN OFFICE
CLERK OF COURT
03/16/2023 12:26 PM
LINDA D. HAYS, CLERK
SUPERIOR COURT
NEWTON COUNTY, GA

*Linda D. Hays*

REAL ESTATE
TRANSFER TAX
PAID: $180.00
PT-61 107-2023-000970

7006579064
7067927936
PARTICIPANT ID
Return To:
**GANEK PC**
Harold Minsk
1735 North Brown Road, Suite 150
Lawrenceville, GA 30043
Phone: (678) 376-8008 Fax: (678) 376-9970
GW230113

## LIMITED WARRANTY DEED

COUNTY OF ___Gwinnett___

STATE OF GEORGIA

THIS INDENTURE, made the ___9th___ day of March, 2023 between **ACE HOMES MANAGEMENT, LLC**, as party or parties of the first part, hereinafter called Grantor, and **JY HOMES, LLC**, as party or parties of the second part, hereinafter called Grantee (the words, "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that:  Grantor, for and in consideration of the sum of TEN AND NO/100 AND OTHER GOOD AND VALUABLE CONSIDERATION ------ ($10.00) DOLLARS in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in Land Lot 56 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oaklake Subdivision, as per plat recorded in Plat Book 27, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.

Which currently has the address of: **65 Lakefront Dr, Covington, GA 30016**

This conveyance is made subject to the following:

1. Ad Valorem real property taxes and assessments for 2023 not yet due and payable and subsequent years.
2. All easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS]

EXHIBIT G

**BK:4489 PG:32**

IN WITNESS WHEREOF, the Grantor will, subject to the exceptions, warrant and forever defend the right and title to the premises unto the Grantee against the claims of all persons claiming by, through or under Grantor, but not otherwise.

IN WITNESS WHEREOF, Grantor has hereunto set Grantor's hand and seal this day and year first above written.

Signed, sealed and delivered
this _____ 9th _____ day of March, 2023
in the presence of:

_____
Witness

_____
Notary Public
My Commission Expires:

(Notary Seal)

Ace Homes Management, LLC

_____ (Seal)
By:  Nizar Omar
Its:  Member

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
5/16/2023 12:20 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SABRINA JACKSON,

CIVIL ACTION
NUMBER: 23-A-04198-1

PLAINTIFF

VS.

PARKWAY LAW GROUP, LLC,
THE BANK OF NEW YORK MELLON,
ACE HOMES MANAGEMENT, LLC, and
J Y HOMES, LLC,

DEFENDANTS

Serve: Ace Homes Management, LLC
1815 Satellite Blvd., Suite 404
Duluth, Georgia 30057

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THOMAS R. TODD, JR.
P.O. BOX 88519
ATLANTA, GA 30356-8519

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
16th day of May, 2023

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
5/16/2023 12:20 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SABRINA JACKSON,

CIVIL ACTION
NUMBER: 23-A-04198-1

PLAINTIFF

VS.

PARKWAY LAW GROUP, LLC,
THE BANK OF NEW YORK MELLON,
ACE HOMES MANAGEMENT, LLC, and
J Y HOMES, LLC,

DEFENDANTS

Serve: The Bank of New York Mellon

c/o Georgia Secretary of State

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THOMAS R. TODD, JR.
P.O. BOX 88519
ATLANTA, GA 30356-8519

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

16th day of May, 2023

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
5/16/2023 12:20 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SABRINA JACKSON

CIVIL ACTION
NUMBER: 23-A-04198-1

PLAINTIFF

VS.

PARKWAY LAW GROUP, LLC,
THE BANK OF NEW YORK MELLON,
ACE HOMES MANAGEMENT, LLC, and
J Y HOMES, LLC,

DEFENDANTS

Serve: Parkway Law Group, LLC
2237 Crimson King Drive
Braselton, Georgia 30157

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THOMAS R. TODD, JR.
P.O. BOX 88519
ATLANTA, GA 30356-8519

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

16th day of May, 2023

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
5/16/2023 12:20 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SABRINA JACKSON,

CIVIL ACTION
NUMBER: 23-A-04198-1

PLAINTIFF

VS.

PARKWAY LAW GROUP, LLC,
THE BANK OF NEW YORK MELLON,
ACE HOMES MANAGEMENT, LLC, and
J Y HOMES, LLC,

DEFENDANT

Serve: J Y Homes, LLC,
    1815 Satellite Blvd., Suite 404
    Duluth, Georgia 30097

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THOMAS R. TODD, JR.
P.O. BOX 88519
ATLANTA, GA 30356-8519

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

16th day of May, 2023

Tiana P. Garner
Clerk of Superior Court

By_____
    Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04198-1

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, GWINNETT _____ COUNTY

Date Filed May 15, 2023

Attorney's Address

Thomas R. Todd, Jr.

P.O. Box 88519

Atlanta, GA 30356-8519

SABRINA JACKSON

Plaintiff

VS.

PARKWAY LAW GROUP, LLC, et al.

Defendant

Name and Address of Party to Served

J Y Homes, LLC
c/o Christopher J. York, Registered Agent
1815 Satellite Blvd., Suite 404

Duluth, Georgia 30097

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2023 MAY 23  AM 10: 06

TIANA P. GARNER, CLERK

Gwinnett

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
ago, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant  J Y Homes LLC  a corporation
by leaving a copy of the within action and summons with  Lyn-Marie  Kersey
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This  18  day of  May  , 2023 . 1:44 pm   W. Coberly  50332

DEPUTY

DEFENDANT'S COPY

Servee Count 1 of 3

Printed: 5/17/2023 3:03:58PM
By: alewis



# Gwinnett County Sheriff's Office

## Cover Sheet

**Sheriff #:** 23015763

**Person Served:** J Y HOMES LLC
1815 SATELLITE BLVD, SUITE 404
C/O CHRISTOPHER J YORK, REGISTERED AGENT
DULUTH GA 30097
PHONE:

**Process Information:**

Date Received: 05/17/2023

Assigned Zone: 30097

Expiration Date:

Paper Types: COMPLAINT

Notes/Alerts:

**Notes:**

Court Case #: 23-A-04198-1

Hearing Date:

© Tyler Technologies

GA_Gwinnett_Jacket.rpt

SHERIFF'S ENTRY OF SERVICE

| Superior Court ☒ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. 23-A-04198-1

Georgia, GWINNETT _____ COUNTY

Date Filed May 15, 2023

Attorney's Address

Thomas R. Todd, Jr.

P.O. Box 88519

Atlanta, GA 30356-8619

Name and Address of Party to Served

Ace Homes Management, LLC
c/o Christopher J. York, Registered Agent
1815 Satellite Blvd., Suite 404

Duluth, Georgia 30097

SABRINA JACKSON

_____ - Plaintiff

VS.

PARKWAY LAW GROUP, LLC, et al.

_____ Defendant

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2023 MAY 23  AM 10: 06

TIANA P. GARNER, CLERK

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant Ace Homes Management LLC _____ a corporation
by leaving a copy of the within action and summons with Lyn-Marie Kersey
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This 18 day of May , 20 23 . 145 pm _____ W. Coberly  50332

DEPUTY

CLERK'S COPY

Servee Count 3 of 3

Printed: 5/17/2023 3:03:58PM
By: alewis



# Gwinnett County Sheriff's Office

## Cover Sheet

**Sheriff #:**   23015763

**Person Served:**   ACE HOMES MANAGEMENT LLC
1815 SATELLITE BLVD - STE 404
C/O CHRISTOPHER J YORK, REGISTERED AGENT
DULUTH GA 30097
PHONE:

**Process Information:**

Date Received:   05/17/2023

Assigned Zone:   30097

Expiration Date:

Paper Types:   COMPLAINT

Notes/Alerts:

**Notes:**

Court Case #:   23-A-04198-1

Hearing Date:

Page 3 of 3

© Tyler Technologies          GA_Gwinnett_Jacket.rpt

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04198-1

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, __GWINNETT__ COUNTY

Date Filed May 15, 2023

SABRINA JACKSON

Plaintiff

VS.

PARKWAY LAW GROUP, LLC, et al.

Defendant

Garnishee

**FILED IN OFFICE**
**CLERK SUPERIOR COURT**
**GWINNETT COUNTY,GA**

2023 MAY 25    AM 11:27

TIANA P. GARNER, CLERK

Attorney's Address

Thomas R. Todd, Jr.

P.O. Box 88519

Atlanta, GA 30356-8519

Name and Address of Party to Served

Parkway Law Group, LLC
c/o Christopher B. Little, Registered Agent
2237 Crimson King Dr.

Braselton, Georgia 30157

# SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____
of the within action and summons.

Ⓐ Served @ 1755 N. Brown Rd
Lawrenceville, GA 30043
personally with a copy
of the action and summons.

**NOTORIOUS**
I have this day served the defendant _____
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

described as follows:

**CORPORATION**
Served the defendant _Parkway Law Group LLC_ a corporation
☒ by leaving a copy of the within action and summons with: _Christopher Little_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _24_ day of _May_, 20_23_

DEPUTY  _J. Bower_

DEFENDANT'S COPY

Servee Count 2 of 3

Printed: 5/17/2023 3:03:58PM
By: alewis



# Gwinnett County Sheriff's Office
## Cover Sheet

**Sheriff #:** 23015763

**Person Served:** PARKWAY LAW GROUP LLC
2237 CRIMSON KING DRIVE
C/O CHRISTOPHER B LITTLE, REGISTERED AGENT
BRASELTON GA 30517
PHONE:

## Process Information:

Date Received: 05/17/2023

Assigned Zone: 30517

Expiration Date:

Paper Types: COMPLAINT

Notes/Alerts:

Court Case #: 23-A-04198-1

Hearing Date:

Serve @ 1755 N. Brown Rd
Ste 150
Lawrenceville, GA 30043

BEFORE 11AM

**Notes:**

① 30733    5/18    11:08Am    No Answer/Court

② 30733    5/22    1:48pm    No Calls/No Answer/Card

③ 30733    5/24    0935Am    Corporate

GA_Gwinnett_Jacket.rpt

© Tyler Technologies

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
6/16/2023 5:12 PM
TIANA P. GARNER, CLERK

To:         All Judges, Clerks of Court and Counsel of Record

From:      Christopher J. York, Esq.

Re:         Notice of Leave of Absence

Date:      June 16, 2023

Comes now, **Christopher J. York, Esq.**, ("Applicant") of the law firm of York Gaskill, LLC and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel and pro se parties that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.  The period of leave during which time applicant will be away from the practice of law is:

- June 19, 2023 thru and including June 23, 2023;

- July 3, 2023 thru and including July 10, 2023;

- September 4, 2023 thru and including September 8, 2023;

- November 3, 2023 thru and including November 17, 2023;

- November 20, 2023 thru and including December 1, 2023; and

- December 22, 2023 thru and including January 2, 2024.

The purpose of these leaves is the attorney will be out of the State of Georgia, Georgia Bar related matters, personal vacations, holidays and other personal matters on the above dates.

2.  All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the requested leave shall be granted.

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*

Christopher J. York, Esq.
Georgia Bar No. 781013

York Gaskill, LLC
1815 Satellite Blvd., Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all Judges, clerks, and counsel of record and pro se parties listed on the attached Exhibit "A," via U.S. Mail and/or electronic mail and/or Peach Court/Odyssey EFile Statutory Electronic Filing.

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*

Christopher J. York, Esq.
Georgia Bar No. 781013

York Gaskill, LLC
1815 Satellite Blvd., Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

**EXHIBIT "A"**

**GWINNETT COUNTY SUPERIOR COURT**

| <u>CASE STYLE & NO.</u> | <u>JUDGE</u> | <u>DEFENDANT/ OPPOSING COUNSEL</u> |
|---|---|---|
| **Sabrina Jackson v. Parkway Law Group and Bank of New York Mellon (fka The Bank of New York) As Trustee for the Certificate Holders of The CWABS, Inc., Asset-Backed Certificates, Series 2006-10, Ace Homes Management, LLC and JY Homes, LLC**<br><br>CAFN: 23-A-04198-1 | The Honorable George F. Hutchinson, III | Thomas R. Todd, Jr., Esq.<br>P.O. Box 88519<br>Atlanta, GA 30356-8519<br>trtoddjr@ttoddlaw.com<br><br>Robert D. Schwartz, Esq.<br>P.O. Box 160100<br>Atlanta, GA 30316-1002<br>bobschwartzlaw@aol.com |

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-04198-1**

**6/16/2023 5:12 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SABRINA JACKSON, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 23-A-04198-1 |
| v. | ) | |
| | ) | |
| PARKWAY LAW GROUP, LLC, | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| (fka The Bank of New York), | ) | |
| As Trustee for the Certificate Holders of | ) | |
| The CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-10, | ) | |
| ACE HOMES MANAGEMENT, LLC and | ) | |
| JY HOMES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S MOTION TO DISMISS

COME NOW, Defendants, Ace Homes Management, LLC, (hereinafter "Ace Homes") and JY Homes, LLC (hereinafter "JY Homes" or collectively "Defendants"), by and through their undersigned counsel, and hereby respectfully files this their Motion to Dismiss, and show the Court as follows:

### MOTION

Defendants Ace Homes Management, LLC and JY Homes, LLC, based on the attached Brief in Support, all pleadings of record and the exhibits attached hereto, now moves this Court to dismiss this lawsuit with prejudice as to Defendants Ace Homes Management, LLC and JY Homes, LLC, for Plaintiff's failure to state a claim, and because the claims in Plaintiff's Complaint do not pertain to Defendants.  Ace Homes Management, LLC and JY Homes, LLC also submits a Brief in Support of this Motion which is incorporated herein for all purposes.

WHEREFORE, Defendants pray for the following relief:

*Page 1*

1. That the case be dismissed with prejudice for Plaintiff's failure to state a claim, with all costs cast upon the Plaintiff;

2. That the Defendants, Ace Homes Management, LLC and JY Homes, LLC, be granted such other relief as this Court deems just and proper under the circumstances.

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*

Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com
chipgaskill@yorkgaskill.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served the foregoing **"DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S MOTION TO DISMISS"**, to be made upon all parties in the above referenced action via Odyssey Efile and/or Statutory Electronic Service and/or US Mail to the following:

Thomas R. Todd, Jr., Esq.
P.O. Box 88519
Atlanta, GA 30356-8519
trtoddjr@ttoddlaw.com

Robert D. Schwartz, Esq.
P.O. Box 160100
Atlanta, GA 30316-1002
bobschwartzlaw@aol.com

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*

Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-04198-1**
**6/16/2023 5:12 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SABRINA JACKSON, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 23-A-04198-1 |
| v. | ) | |
| | ) | |
| PARKWAY LAW GROUP, LLC, | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| (fka The Bank of New York), | ) | |
| As Trustee for the Certificate Holders of | ) | |
| The CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-10, | ) | |
| ACE HOMES MANAGEMENT, LLC and | ) | |
| JY HOMES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Defendants, Ace Homes Management, LLC, (hereinafter "Ace Homes") and JY Homes, LLC (hereinafter "JY Homes" or collectively "Defendants"), by and through their undersigned counsel, and hereby respectfully file this their Brief in Support of their Motion to Dismiss, and show the Court as follows:

FACTS

Ace Homes Management, LLC and JY Homes, LLC are the bona fide purchaser for value[1] at an auction of a foreclosed home and the subsequent purchaser of the same property. The property is located at 65 Lakefront Drive, Covington, GA 30016 (hereinafter the "Property").  It was sold at the Newton County foreclosure sale on July 5, 2022, during the hours of sale, for good consideration, namely for cash to Defendant Ace Homes.

---

[1] See in this regard O.C.G.A § 23-1-20.

The original Deed Under Power was filed and recorded on July 25, 2022, See Newton County Superior Court Records, Book 4415 Pages 682-684.  A true and accurate copy of said Deed Under Power is attached hereto and incorporated herein as Exhibit "A" to the Motion to Dismiss.

On or about July 27, 2022, Ace Homes Management, LLC filed a dispossessory action against the prior property owner Mary Hyman (hereinafter "Ms. Hyman") and all other occupants in the Magistrate Court of Newton County, Civil Action File Number 22-3507DS. See the Dispossessory Action attached hereto as Exhibit "B". Sabrina Jackson was the daughter of Ms. Hyman, and the Executor of the Estate of Mary Hyman and did not live at the property. Instead, Ms. Jackson had a Lease with Kaylyn Baker, Chase Harrison and all other occupants.

On August 26, 2022, a contested hearing was held in Newton Magistrate Court which was attended by Ms. Jackson, the current tenants, Ms. Baker and Mr. Harrison, and Ace Homes Management, LLC, and counsel for each.  The Tenants presented a bona fide Lease, and consequently the parties agreed that the September 2022 rent would be paid to Ms. Jackson and after that, beginning October 2022, rent would be paid to Ace Homes Management, LLC.  See the Consent Judgement attached hereto as Exhibit "C". After the expiration of the Lease, May 31, 2023, Ace Homes Management, LLC was to take possession of the real property by consented judgment.

On October 14, 2022, counsel for Debtor informed Movant of the Bankruptcy filing of Ms. Jackson, the executor of the Estate of Mary Hyman.  See the Notice of Bankruptcy Filing attached hereto as Exhibit "D".

On December 15, 2022 Defendant Ace Homes was Granted its Order on the Motion for Relief from Stay.  See the Order attached hereto as Exhibit "E".

After Defendant Ace Homes received their Order on the Motion for Relief from Stay[2] they were able to execute the Writ of Possession in the Magistrate Court of Newton County and the eviction took place on January 12, 2023.  See the Writ of Possession attached hereto as Exhibit "F".

Subsequently the property was transferred to JY Homes, LLC and various improvements have been made anticipating the resale of the property.  On or about May 18, 2023 Defendants were served the action filed by Ms. Jackson for wrongful foreclosure.

<u>ALLEGATIONS OF PLAINTIFF'S COMPLAINT</u>

1.

As to Count One of Plaintiff's Complaint, (wrongful foreclosure damages tortious breach of statutory duty) Ace Homes and JY Homes show that they were bona fide purchasers for value of the property at the foreclosure sale, and subsequently (as to JY Homes) and did not conduct the foreclosure sale.  This Count does not mention either Ace Homes or JY Homes.  At paragraph no. 28 Plaintiff only mentions Defendant Bank of New York Mellon.  At paragraph no. 29 Plaintiff mentions Defendant Parkway specifically by name. Paragraph no. 30 mentions both Defendants Bank of New York Mellon and Defendant Parkway, and no others.  Paragraph no. 31 is directed specifically at Defendants Bank of New York Mellon and Defendant Parkway alleging that they breached a statutory duty owed to Plaintiff.  To make this even more clear, in paragraph no. 32 of Plaintiffs Complaint, Plaintiff references "as a result of said Defendants breach of duty".   Here "said Defendants" is limiting language that only refers to the Defendants mentioned in count one, i.e. Parkway and Bank of New York Mellon.   As such, a plain reading of Count One of Plaintiffs Complaint demonstrates that no allegations are directed at either Ace

---

[2] The Bankruptcy was dismissed on February 28, 2023.

Homes or JY Homes.   As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

2.

As to Count Two of Plaintiff's Complaint (wrongful foreclosure damages breach of contract) Ace Homes Management, LLC and JY Homes, LLC shows that they did not have a contract with Ms. Jackson and thus cannot have breached any such contract.  Similarly, this count only mentions Defendants, Bank of New York Mellon, and Defendant Parkway.  Again, at paragraph no. 36 Plaintiff limits her claims for damages to those resulting from "said Defendants breach of contract".  Of course, there was no contract between either Ace Homes, or JY Homes and Plaintiff, so it stands to reason that any breach of contract claims should be subject to dismissal in any event.  As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

3.

As to Count Three of Plaintiff's Complaint (for trespass damages) Ace Homes Management, LLC and JY Homes, LLC again shows it is the lawful owner of the property by Deed Under Power.   Moreover, Plaintiff expressly (by Court Order) consented to Ace Homes taking possession, and there can be no trespass under these circumstances as a matter of law. This Count does appear to be directed to Defendants Ace Homes and JY Homes.  At paragraph no. 41 Plaintiff states, "some or all of the Defendants … entered upon the real property."   Any trespass theory against Ace Homes, or JY Homes, should be dismissed because Plaintiff consented to Ace Homes taking possession of the property in the initial dispossessory proceeding in Newton County Magistrate Court.  See Exhibit "C".   Moreover, after Plaintiff filed for bankruptcy protection, Ace Homes moved for relief from stay, which was heard at a contested

hearing by Judge Sigler, counsel for Ms. Jackson was present and part of the discussions with the Judge who was inclined to grant relief from stay. The Bankruptcy Court, in fact, did grant relief from stay with no opposition from Plaintiff. See the attached Consent Order. See Exhibit "E". As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

4.

As to Count Four of Plaintiff's Complaint (for mental anguish and damages) from all Defendants, there is no basis articulated for any entitlement to mental anguish damages against a bona fide purchaser for value. No such legal theory exists. As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

5.

As to Count Five of Plaintiff's Complaint (punitive damages for intentional tort) specifically mentions Defendant Parkway at paragraph no. 48. Paragraph 49 also only mentions Defendant Parkway as does paragraph no. 51 and no. 52. Paragraph no. 53 makes allegations against Defendant Bank of New York Mellon under a theory that knowledge of the agent is imputed to the principal. There is of course no agency relationship whatsoever between Defendants, Ace Homes and JY Homes, and any of the other Defendants, either Parkway or The Bank of New York Mellon. In paragraph no. 56, Plaintiff seeks an award of punitive damages against Defendants Parkway in Defendant Bank of New York Mellon only. As such this count does not apply to either Defendant Ace Homes or Defendant JY Homes and this Count should be dismissed as to Defendants Ace Homes and JY Homes.

6.

As to Count Six of Plaintiff's Complaint (in the alternative to set aside the foreclosure

sale) Ace Homes Management, LLC shows that it was a bona fide purchaser for value of the property at the foreclosure sale and did not conduct the foreclosure sale and JY Homes was also a subsequent bona fide purchaser.  Also, because Ace Homes Management and JY Homes did not foreclose over Ms. Jackson, they cannot have done so wrongfully.   This count also only mentions Defendant Bank of New York Mellon and its attorney in fact Defendant Parkway.   These allegations are also specifically directed only to those two Defendants. This count should also be dismissed as to Ace Homes Management, LLC and JY Homes, LLC.

7.

As to Count Seven of Plaintiff's Complaint (for expenses of litigation) Ace Homes Management and JY Homes had no legal duties as to Plaintiff.  This count only discussed Defendants Parkway and Defendant Bank of New York Mellon, and their actions. Again, this count is not directed at either Ace Homes or JY Homes, and as such, this Count should also be dismissed as to Ace Homes and JY Homes.

8.

As to Count Eight of Plaintiff's Complaint (for violation of fair debt collection practices act) Ace Homes Management and JY Homes are not debt collectors and had no legal duties as to Plaintiff.  This count alleges that Defendant Parkway was acting as a debt collector, not Ace Homes or JY Homes. There is no allegation that either Ace Homes or JY Homes, bidders at a foreclosure sale, are debt collectors or ever have acted as debt collectors, and as a consequence, this Count should also be dismissed as to Ace Homes and JY Homes.

CITATION OF AUTHORITIES IN SUPPORT OF MOTION

A.  <u>Ms. Jackson's Complaint fails because she previously entered into a Consent Judgment and is bound by the terms of that Order</u>.

Ace Homes and JY Homes move this Court to dismiss this lawsuit with prejudice because Sabrina Jackson previously consented to judgment by way of a Consent Judgment dated August 26, 2022.

Georgia Courts have considered the effect of Consent Judgments and routinely upheld the enforcement of such Judgments and Decrees by Consent.   The Order precludes an appeal.

> "It is generally accepted that a consent judgment differs from a judgment rendered on the merits in that it results from an affirmative act of the parties rather than the considered judgment of the court following litigation of the issues. A consent judgment is one entered into by stipulation of the parties with the intention of resolving a dispute, and generally is brought to the court by the parties so that it may be entered by the court, thereby compromising and settling an action. Although a consent judgment is brought about by agreement of the parties, it is accorded the weight and finality of a judgment. **Thus, a consent decree is an enforceable judgment and can be accorded preclusive effect."** Brown, etc. Corp. v. Gault, 280 Ga. 420, 423–424(3), 627 S.E.2d 549 (2006). See Kothari v. Tessfaye, 318 Ga.App. 289, 733 S.E.2d 815 (Ga. App. 2012).

Georgia Courts have long respected the finality of judgments.  Ordinarily there are two bases for setting aside judgments, neither of which have been cited, or can be cited by Plaintiff. A motion to set aside a consent judgment would be subject to the provisions of O.C.G.A. §§ 9-12-16 and 9-11-60(d) and neither has any applicability to these facts.   Ms. Jackson cannot claim that there was a lack of jurisdiction (9-12-16 or 9-11-60(d)(1)), a non-amendable defect (9-11-60(d)(3), or that there was some fraud, accident or mistake on the part of Ace Homes or JY Homes, unmixed with its negligence or fault under 9-11-60(d)(2)) where Ace Homes simply was the successful bidder at an auction and the parties agreed her tendering possession, which Ms. Jackson later ignored.

Settlement agreements, particularly ones that are made a judgment of the Court are binding.   "[I]t is the paramount public policy of this State that courts will not lightly interfere with the freedom of parties to contract on any subject matter, on any terms, unless prohibited by

statute or public policy, and injury to the public interest clearly appears." <u>Bryan v. MBC Partners</u>, 246 Ga.App. 549, 552(3), 541 S.E.2d 124 (2000). In fact, "settlement agreements are highly favored under the law and will be upheld whenever possible as a means of resolving uncertainties and preventing [or settling] lawsuits." <u>Schafer Properties v. Tara State Bank</u>, 220 Ga.App. 378, 380–381(1), 469 S.E.2d 743 (1996). See also <u>Bradley v. Bradley</u>, 225 Ga.App. 530, 533, 484 S.E.2d 280 (1997) ("A contract of compromise is binding on the parties, and neither party to a compromise has power to disregard it if it was full and final between them.") (citation and punctuation omitted). See also <u>Kothari v. Tessfaye</u>, 318 Ga.App. 289, 733 S.E.2d 815 (Ga. App. 2012) upholding a Consent Judgment.

Whatever objections Ms. Sabrina Jackson may have relating to the foreclosure sale, servicing of the loan, or the actions of the lender can be resolved by way of litigation with that lender BNY Mellon, not Ace Homes Management, LLC or JY Homes, LLC.  Ace Homes Management, LLC was the lawful purchaser at a foreclosure sale, and thus Ms. Jackson's lawsuit fails to state any justified claim.  There is simply no basis for this lawsuit.

And particularly since the only claims asserted by Ms. Jackson concern Trespass, there are no remaining theories of recovery that apply against either Ace Homes, the foreclosure purchaser, or JY Homes, the subsequent purchaser who took title later from Ace Homes.

B.  <u>The Court should take judicial notice of this Order and dismiss the Trespass claims asserted against Ace Homes Management, LLC and JY Homes, LLC.</u>

A trial court may take judicial notice of "a fact which is not subject to reasonable dispute," in that it is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." O.C.G.A. § 24-2-201 (b) (2), (c). In taking judicial notice of a fact, the trial court "dispens[es] with the need for any evidence regarding it." (Citation

and punctuation omitted.) <u>Graham v. State</u>, 275 Ga. 290, 293 (2), 565 S.E.2d 467 (2002); <u>Brown v. C & S Nat. Bank</u>, 245 Ga. 515, 518, 265 S.E.2d 791 (1980) (in taking judicial notice from the clerk's calendar, the trial court "did not consider extrinsic evidence"). "Judicial notice may be taken at any stage of the proceeding," and a plain reading of the current version of OCGA § 24-2-201 dictates that the trial court can take judicial notice of an adjudicative fact without giving the parties advance notice. See O.C.G.A. § 24-2-201 (e) (2013) ("A party shall be entitled, upon timely request, to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, such request may be made after judicial notice has been taken.") (emphasis supplied). "A court has wide discretion to take judicial notice of facts," <u>Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC</u>, 369 F.3d 1197, 1204-1205 (IV) (A) (11th Cir. 2004) (applying Fed. R. Evid. 201 (c)), although the process is "highly limited." (Citation omitted.) *Id*. We are mindful that the abuse-of-discretion standard, while not "toothless," is "a deferential standard of review." (Citation omitted.) <u>RES-GA LJY, LLC v. Y.D.I., Inc.</u>, 322 Ga. App. 607, 609, 745 S.E.2d 820 (2013).  See <u>Hunter v. Will</u>, 833 S.E.2d 128, 352 Ga. App. 479 (Ga. App. 2019).

Here the Court should take judicial notice of the fact that Ms. Jackson consented to Ace Homes Management, LLC taking possession of the subject property by way of the August 26, 2022 Consent Judgment and subsequently by not opposing relief from stay in the bankruptcy proceeding on December 15, 2022[3].  With these facts established, the Court should dismiss the claims against Ace Homes Management, LLC.

---

[3] Please note that a certified copy of this Order, and the December 15, 2022 Bankruptcy Court Order, will be supplemented and filed of record.

As explained above, the Complaint does not articulate claims against Ace Homes Management, LLC and JY Homes, LLC except with respect to Trespass, in Count Three.   Those claims fail because Sabrina Jackson previously consented to Ace Homes Management, LLC taking possession of the subject property.   And JY Homes, LLC is one further step removed, in that it took title and possession by Warranty Deed[4] on March 16, 2023, after all of the underlying litigation, and the Bankruptcy matters had fully concluded.

WHEREFORE, the Defendants, Ace Homes Management, LLC and JY Homes, LLC, pray for the following relief:

1. That the Case be dismissed with prejudice because Plaintiff previously consented to judgment, with all costs cast upon the Plaintiff;

2. That the Defendants, Ace Homes Management, LLC and JY Homes, LLC, be granted such other relief as this Court deems just and proper under the circumstances.

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*

Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com
chipgaskill@yorkgaskill.com

---

[4] Gwinnett Superior Court Records, Book 4489, Page 31, 32.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **"DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS"**, to be made upon all parties in the above referenced action via Odyssey Efile and/or Statutory Electronic Service and/or US Mail to the following:

Thomas R. Todd, Jr., Esq.
P.O. Box 88519
Atlanta, GA 30356-8519
trtoddjr@ttoddlaw.com

Robert D. Schwartz, Esq.
P.O. Box 160100
Atlanta, GA 30316-1002
bobschwartzlaw@aol.com

This 16th day of June, 2023.

Respectfully submitted,

/s/ Christopher J. York

Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com



**EXHIBIT**

*"A"*

**BK:4415 PG:682-684**

**D2022012894**

FILED IN OFFICE
CLERK OF COURT
07/25/2022 02:15 PM
LINDA D. HAYS, CLERK
SUPERIOR COURT
NEWTON COUNTY, GA

*Linda D. Hays*

REAL ESTATE
TRANSFER TAX
PAID: $0.00

**PT-61 107-2022-003932**

7943813074
0466245412
PARTICIPANT ID

Return To:
Parkway Law Group, LLC
1755 North Brown Road
Suite 150
Lawrenceville, GA 30043
File No. 22-0003
Parcel ID : 0015B00000490000

Cross reference to Deed Book
2178, Page 377, NEWTON, GA
Records.

STATE OF

__California__

COUNTY OF

__Orange__

### DEED UNDER POWER

THIS INDENTURE, effective this **July 5, 2022**, between Mary Hyman, ("Borrower(s)"), acting through his/her/their duly appointed agent and attorney-in-fact, **The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2** ("Grantor"), as party of the first part, and ACE HOMES MANAGEMENT, LLC, ("Grantee") as party of the second part.

WITNESSETH:

WHEREAS, Borrower(s) executed and delivered to **Countrywide Home Loans, Inc., a Corporation** a certain Deed to Secure Debt (the "Deed") dated **April 26, 2006** and recorded in Deed Book 2178, Page 377, NEWTON Georgia Records; as last transferred to **The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2** by assignment recorded in Deed Book 2979, Page 484, NEWTON, Georgia Records, conveying the after-described property to secure the payment of a promissory note (the "Note") of even date therewith, in the original principal amount of **$26,000.00**; and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said

BK:4415 PG:683

default, Grantor elected, pursuant to the terms of the Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of the Deed, Grantor did advertise the herein described property for sale once a week for at least four (4) consecutive weeks immediately preceding the sale in the newspaper in NEWTON, Georgia, wherein the Sheriff carries his advertisement, namely **THE NEWTON CITIZEN**; and

WHEREAS, said property was auctioned off to Grantee, the party of the second part, for the aforementioned sum of money in cash.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Deed, the party of the first part has bargained, sold, granted, and conveyed, and by these presents does hereby bargain, sell, grant, and convey to Grantee, the party of the second part, its successors, representatives, heirs, and assigns, the following described property:

**All that tract or parcel of land lying and being in Land Lot 56 of the 10th District, Newton County, Georgia, being Lot 46, Phase Two, Oaklake Subdivision, as per plat recorded in Plat Book 27, Page 164, Newton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.**

Tax ID: 0015000000490000

TOGETHER WITH all rights, members, and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the party of the first part, or said party's representatives, heirs, successors, and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto said party of the second part, and said party's representatives, heirs, successors, and assigns, to its own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said party of the first part or said party's representatives, heirs, successors and assigns, did hold and enjoy the same.

WHEREAS, notice was given in compliance with O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of the newspaper wherein the property was advertised for sale, to the Borrower(s) and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of **July 5, 2022** ; and

WHEREAS, Grantor did expose said property for sale to the highest bidder for cash on the first Tuesday in **July**, within the legal hours of sale at the usual place for conducting Sheriff's sales in **NEWTON** and offered said property for sale and public outcry to the highest bidder for cash when and where Grantee, the party of the second part, bid **$28,597.40**; and

**BK:4415 PG:684**

IN WITNESS WHEREOF, Grantor, as agent and attorney-in-fact for Borrower(s) has hereunto affixed Grantor's hand and seal on this _19th_ day of _July_ , 2022, to be effective as of the date first above-written.

Mary Hyman, acting through their duly appointed attorney-in-fact, The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-SPS2, by Carrington Mortgage Services, LLC, as attorney-in-fact

_Patricia Goguen_

Unofficial Witness   Patricia Goguen

By: _____

JUL 1 9 2022

Print Name: Joseph Anthony Barragan
Its:         Post Foreclosure Supervisor
            Carrington Mortgage Services, LLC attorney in fact

JUL 1 9 2022

Print Name: Kenneth Hung Keen Ho
Its:         Post Foreclosure Supervisor
            Carrington Mortgage Services, LLC attorney in fact

A notary public or other officer completing this Certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## CERTIFICATE OF ACKNOWLEDGMENT

State of California
County of Orange

On July 19, 2022 before me, Rosa Brass, Notary Public, personally appeared, **Joseph Anthony Barragan, Kenneth Hung Keen Ho**, and **Patricia Laura Goguen** who signed the above referenced instrument in my presence, and who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROSA BRASS
Notary Public • California
Orange County
Commission # 2335500
My Comm. Expires Oct 13, 2024

Package Submit Report

Jurisdiction: Newton County, GA

| Package Id | Ref Value | Doc Type | Page Ct | Order |
|---|---|---|---|---|
| 7702963 | ACE HOMES | Deed Exempt | 3 | 1 |
| | | PT61 | 1 | 2 |

Report prepared on 07/25/2022 at 2:14PM

eFile Georgia

7/27/22, 3:13 PM



*EFileGeorgia* ➤  An 3 VERTICALS Company

EXHIBIT "B" 3

The Online Payment Solution       Call 1-877-553-1078       Support: Monday-Friday 8am to 5pm

Dispossessory

Landlord    Affiant    Details    Tenant

| | | | |
|---|---|---|---|
| Plaintiff Name | ACE HOMES, LLC | City | NORCROSS |
| DBA | | State | GA |
| Address1 | 5345 PEACHTREE CORNERS EAST | Zip | 30071 |
| Address2 | | Phone | 6782498971 |
| | | Email | MEHBSOMAR@BELLSOUTH.NET |

Back

All contents © Copyright: efilegeorgia.com All Rights Reserved.

EZCourtPay, LLC does not give out legal information. Please consult an attorney before filing online if you are unsure what information is needed or required.



Call 1-877-553-1078

Dispossessory

Landlord   Affiant   **Details**   Tenant

| | | | |
|---|---|---|---|
| Past Due Rent | 0.00 | Rent is due every | --Select-- Amount 0.00 |
| Misc Fees | 0.00 | Attachment 1 | |
| Late Fees | 0.00 | Attachment 2 | |
| Court Costs | 74.00 | Attachment 3 | |
| Instructions | | | |

**Reason (Check all that apply)**

  Tenant fails to pay rent which is now past due

  Tenant holds the premises over and beyond the term for which it was leased to tenant

✓ Tenant is a tenant at sufferance

  Violation of Lease

✓ Other  PLAINTIFF PURCHASED PROPERTY AT FORECLOSURE AUCTION

**Demands (Check all that apply)**

✓ Possession of property

  Past due rent

  Rent accruing up to the date of judgment at the rate of $  0.00

  Court costs

  Other

**Type of Service**

✓ Delivering a copy of same personally to the Tenant/Defendant

✓ Delivering a copy of same a person sui juris residing on the premises

✓ Tack and Mail

Back

All contents © Copyright: efilegeorgia.com All Rights Reserved.

EZCourtPay, LLC does not give out legal information. Please consult an attorney before filing online if you are unsure what information is needed or required.



An **3** V E R T I C A L S Company

Call 1-877-553-1078

Dispossessory

Landlord    Affiant    Details    Tenant

| | | | |
|---|---|---|---|
| MARY HYMAN | 65 LAKEFRONT DRIVE, COVINGTON, GA 30016 | 7700000000 | JOHNDOE@YAHOO.COM |
| AND ALL OCCUPANTS | 65 LAKEFRONT DRIVE, COVINGTON, GA 30016 | 7700000000 | JOHNDOE@YAHOO.COM |

Back

All contents © Copyright: efilegeorgia.com All Rights Reserved.

EZCourtPay, LLC does not give out legal information. Please consult an attorney before filing online if you are unsure what information is needed or required.



This transaction will show on your credit/debit card statement as EZ* Newton County Magistrate Court

| Receipt Details | |
| --- | --- |
| Date | 07/27/2022 |
| Payer Name | Mehboob Omar |
| Receipt No. | 07001I |
| Reference No. | 62e18e21c866f46072f63b62 |
| Total Amount | $114.00 |

All contents © Copyright: efilegeorgia.com All Rights Reserved.

EZCourtPay, LLC does not give out legal information. Please consult an attorney before filing online if you are unsure what information is needed or required.



**EXHIBIT**
"C"

FILED IN OFFICE
CLERK OF COURT
07/25/2022 02:15 PM

MAGISTRATE COURT OF NEWTON COUNTY
STATE OF GEORGIA

_Ace Homes Management, LLC_
_____
Plaintiff(s)

vs.

_Mary Hyman_
_Kaylyn Baker + all others_ AUG 26 2022
_Chase Harrison_
_____
Defendant(s)-

MAGISTRATE COURT POSSESSORY JUDGMENT
NEWTON COUNTY, GA. CASE NO. 22-350705

**FILED**

[ ] JUDGMENT   [X] CONSENT JUDGMENT   [ ] DEFAULT JUDGMENT   [ ] DISMISSAL
The above case having come on regularly to be heard, the Court makes the following findings: (check only if applicable)

[ ] Defensive pleadings filed by Defendant(s)
[ ] Counterclaim filed by Defendant(s)                    [ ] Voluntary dismissal w/out prejudice - Statement of Claim (may be re-filed)
[ ] Plaintiff(s) appeared      [ ] Plaintiff(s) failed to appear      [ ] Voluntary dismissal - Counterclaim
[X] Defendant(s) appeared      [ ] Defendant(s) failed to appear      [ ] Stipulated settlement and dismissal   [ ] Court Dismissal
                                                           [ ] Contested hearing held

WRIT OF POSSESSION: IT IS HEREBY ORDERED and ADJUDGED that the lawful officer of said County remove said Defendant(s) together with his
property found thereon from said house and premises and to deliver full and quiet possession of the same to the Plaintiff herein;

a.  [ ] instanter  b [ ] on _____

c.  [ ] Upon written affidavit to this court of defendant's failure to pay plaintiff(s) $ _____ principal, $ _____ late fees,

$ _____ Attorney fees, _____ utilities, _____ other, and $ _____ court costs;

(1) on or before _May 31, 2023 or upon default of Lease dated May 25, 2022_
(2) as follows: _September rent will be paid to Sabrina Jackson, Adm_
_After that to Plaintiff._

MONEY JUDGMENT: [X] is not authorized. [ ] no personal service, [ ] tenant at sufferance, [ ] other _____
Or, is set forth below as the net judgment, for all claim(s) and counterclaim(s) filed with the court, without having been dismissed:

d.  [ ] Judgment be entered in favor of the defendant(s) against plaintiff(s)

e.  [ ] Plaintiff(s) recover judgment against defendant(s) _____ In the sum of $ _____ past due rent,
$ _____ late fees, $ _____ utilities, $ _____ other fees. $ _____ court costs, and interest at _8.50 %_ per annum as
shall accrue hereafter.

f.  [ ] Plaintiff(s) has/have Consent Judgment against defendant(s) _____ for the sum of

$ _____ principal, $ _____ interest, $ _____ attorney fees, and $ _____ court costs as follows:

No FiFa will issue and no garnishment or other action will be taken on said consent judgment as long as payments are timely paid, as ordered.   If the
defendant(s) fail to make payment or should payment be made more than 5 days beyond the due date, the Clerk of Magistrate Court shall issue a FiFa in
the amount then outstanding upon written notice from the plaintiff(s) that payments have not been made as agreed and upon payment of the applicable FiFa
fee.

g.  [ ] Plaintiff(s) shall be paid $ _____ ; or, [ ] defendant(s) shall be paid $ _____ now being held in the court registry.

h.  [ ] Defendant(s) recover judgment against plaintiff(s) _____ in the amount of
$ _____ principal, $ _____ interest, and $ _____ attorney fees.

i.  [ ] Defendant(s) counterclaim is hereby denied (in its entirety) (as to the issue of _____

j.  [ ] In the event of an appeal, pursuant to O.C.G.A. 44-7-56, in order for the defendant(s) to remain in possession of the premises, the defendant(s)
shall pay into  the registry of the court the sum of $ _____ as past due rent.

Furthermore, the tenant shall pay future rent, in the amount of $ _____ monthly beginning on _____ and continuing on the same day of each
month thereafter until the issue has been finally determined upon appeal. The failure to comply with this provision may cause an immediate writ of
possession for the premises to be issued instanter by a court of competent jurisdiction.

Duties of ALL judgment creditors: Upon payment of the entire debt upon which a judgment or FiFa has been issued, the judgment creditor shall, in
writing, timely (within 60 days) direct the clerk(s) of the appropriate court(s) to: (1) cancel the writ of FiFa, if a writ was issued; (2) mark the judgment
satisfied. Failure to timely comply may subject the judgment creditor to monetary damages, O.C.G.A. § 9-13-80.

This _26_ day of _Aug_, 20_22_

CONSENTED TO BY:

_signature_   _member, Ace Homes Management, LLC_
Plaintiff

_Sabrina Jackson, Administrator_   _Kaylyn B. Chase Harr_   _signature_
Defendant   _M Chandler, Atty_                               Magistrate

Ace Homes Management, LLC v. Mary Hyman
(65 Lakefront Drive, Covington)
22-293



United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 10/14/2022 at 10:47 PM
and filed on 10/14/2022.

**Sabrina Jackson**
1900 Surrey Trl SE
Conyers, GA 30013-2214
SSN / ITIN: xxx-xx-7778



The case was filed by the debtor's attorney:

**Robert D. Schwartz**
Robert D. Schwartz
P O Box 160100
Atlanta, GA 30316-1002
404-402-1476

The bankruptcy trustee is:

**K. Edward Safir**
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303
404-525-1110

The case was assigned case number 22-58310-sms to Judge Sage M. Sigler.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office,
1340 United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**M. Regina Thomas**
**Clerk, U.S. Bankruptcy**
**Court**

**EXHIBIT**

" E "



**IT IS ORDERED as set forth below:**

**Date: December 15, 2022**

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 22-58310-sms |
| | * | |
| SABRINA JACKSON, | * | CHAPTER 13 |
| | * | |
| Debtor. | * | JUDGE SAGE M. SIGLER |
| | * | |
| | * | |
| ACE HOMES MANAGEMENT, LLC, | * | |
| | * | |
| Movant, | * | |
| | * | |
| vs. | * | CONTESTED MATTER |
| | * | |
| SABRINA JACKSON, | * | |
| and K. EDWARD SAFIR, Trustee, | * | |
| | * | |
| Respondents. | * | |
| | * | |

### ORDER ON MOTION FOR RELIEF FROM STAY

The above-captioned matter came before the Court at a telephonic hearing conducted on

December 13, 2022, upon Notice of Hearing to each of the above parties in interest and their

respective attorneys on the "Motion For Relief From Automatic Stay" (the "Motion") filed on

November 7, 2022, by ACE HOMES MANAGEMENT, LLC ("ACE") (Doc. 19). Present at the

telephonic hearing were Debtor Sabrina Jackson, Attorney Christopher J. York (counsel for

Movant), Attorney Robert Schwartz (counsel for Debtor), and Attorney Albert Guthrie (counsel for the Chapter 13 Trustee).

After hearing arguments of counsel, and counsel having discussed facts related to the Motion and to pending Adversary Proceeding No. 22-05156-sms (the "Adversary Proceeding") herein, seeking to avoid and recover the pre-petition transfer to Movant of certain real property comprising a house and lot located at 65 Lakefront Drive, Covington, Newton County, Georgia, 30016 (the "Property"), the Court suggested that the Motion may be disposed of without the Court having to rule on the merits of the Adversary Proceeding.

IT APPEARING that Counsel for Movant and Counsel for Debtor are in agreement with the Court's suggestion, and IT FURTHER APPEARING that Counsel for the Trustee announced no opposition thereto, and FOR GOOD SHOWN, it is

ORDERED the Motion is GRANTED solely to permit ACE to institute and complete dispossessory proceedings related to the Property.

FURTHER ORDERED that nothing in this Order shall be deemed to address or reach the merits of any issues raised in the Adversary Proceeding.

(END OF DOCUMENT)

Prepared by:                                        Seen and agreed as to form:

/s/ Christopher J. York                             /s/ Robert D. Schwartz
Christopher J. York, GA Bar No. 781013              Robert D. Schwartz, GA Bar #631159
chrisyork@yorkgaskill.com                           BobSchwartzLaw@aol.com
Attorney for Movant                                 Attorney for Debtor
York Gaskill, LLC                                   P. O. Box 160100
1815 Satellite Boulevard, Suite 404                 Atlanta, GA  30316-1002
Duluth, GA  30097                                   (404) 402-1476
(678) 687-6789

(Signatures continued on following page)

2

No Opposition:
CHAPTER 13 TRUSTEE

/s/ *Albert C. Guthrie**
Albert C. Guthrie,
GA Bar No.142399
albertg@atlch13tt.com
Sonya Buckley Gordon
GA Bar No. 140987
285 Peachtree Center Avenue, NE
Suite 1600
Atlanta, GA  30303
(404) 525-1110

## DISTRIBUTION LIST

K. Edward Safir, Esquire
Chapter 13 Trustee
285 Peachtree Center Boulevard, NE
Suite 1600
Atlanta, GA  30303

Sabrina Jackson
1900 Surrey Trail SE
Conyers, GA  30013-2214

Michelle L. Chaudhuri, Esquire
Talley & Associates, P.C.
1892 GA Hwy. 138 S.E.
Conyers, GA  30013

Robert D. Schwartz, Esquire
P. O. Box 160100
Atlanta, GA  30316-1002

Christopher J. York, Esquire
York Gaskill, LLC
1815 Satellite Boulevard, Suite 404
Duluth, GA  30097

3

EXHIBIT

"F"

## IN THE MAGISTRATE COURT OF NEWTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ACE HOMES MANAGEMENT, LLC, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| vs. | ) | 22-3507DS |
| | ) | |
| MARY L. HYMAN, KAYLYN BAKER, | ) | |
| CHASE HARRISON, SABRINA JACKSON, | ) | |
| and ALL OTHER OCCUPANTS, | ) | |
| | ) | |
| Defendants. | ) | |

FILED IN OFFICE
MAGISTRATE COURT
NEWTON COUNTY, GEORGIA
2022 DEC 21  AM 11: 04

### WRIT OF POSSESSION

To the Sheriff of Newton County or lawful deputies of the Sheriff: You are hereby

commanded to remove said Defendants, Mary L. Hyman, Kaylyn Baker, Chase Harrison,

Sabrina Jackson and any and all other occupants, and any other person(s)/entities who are or may

be present upon the premises located at 65 Lakefront Drive, Covington, GA 30016 and to deliver

full and quiet possession of the same to the Plaintiff herein, effective instanter.

This 21st day of December, 2022.

_Melanie M. Bell_
Judge, Magistrate Court of Newton County

Order Prepared and Presented by:

Christopher J. York, Esq.
Georgia Bar No. 781013
*Counsel for Ace Homes Management, LLC*
York Gaskill, LLC
1815 Satellite Blvd., Suite 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-04198-1**
**6/16/2023 5:12 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SABRINA JACKSON, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 23-A-04198-1 |
| v. | ) | |
| | ) | |
| PARKWAY LAW GROUP, LLC, | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| (fka The Bank of New York), | ) | |
| As Trustee for the Certificate Holders of | ) | |
| The CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-10, | ) | |
| ACE HOMES MANAGEMENT, LLC and | ) | |
| JY HOMES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S ANSWER TO PLAINTIFF SABRINA JACKSON'S COMPLAINT AND CROSS CLAIM AGAINST DEFENDANTS' PARKWAY LAW GROUP, LLC AND THE BANK OF NEW YORK MELLON

COME NOW, Defendants Ace Homes Management, LLC, (hereinafter "Ace Homes")

and JY Homes, LLC (hereinafter "JY Homes" or collectively "Defendants"), and hereby file this

their Answer to Plaintiff Sabrina Jackson's (hereinafter "Ms. Jackson" or "Plaintiff") Complaint

and Cross Claim [1] against Defendants Parkway Law Group and The Bank of New York Mellon

as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be

granted.  This will be the subject of a separate Motion to Dismiss.

---

[1] Defendants Ace Homes Management and JY Homes have also filed a Motion to Dismiss and
intend that the Court first rule on the Motion to Dismiss.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Defendants by the doctrine of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Defendants Ace Homes Management and JY Homes was and is NOT a lender, or originator, or servicer of this loan, or any loan.  Nor has Ace Homes Management, LLC or JY Homes, LLC been assigned any duties or obligations of any lender, originator or servicer.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the defense of statute of limitations and/or laches, with respect to part or all of the relief sought in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert that they are entitled to all protections that a bona fide purchaser for value who in good faith purchased a property at a regularly conducted public sale is entitled to under Georgia and Federal law, including O.C.G.A § 23-1-20.

## SIXTH AFFIRMATIVE DEFENSE

No act or omission on the part of the Defendants either caused or contributed to whatever injury or damage Plaintiff may have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by unforeseeable, intervening causes that bar any recovery by Plaintiff against the Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were a result of acts or failure to act of a person or persons or

entity other than the Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against the Defendants because Plaintiff's alleged damages were not reasonably foreseeable to the Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against the Defendants because the Defendants are not in privity with Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants show that the Quitclaim Deed, (from Ms. Limehouse to Ms. Jackson) attached to this action as Exhibit "A" to the Complaint is defective, improperly witnessed, and does not convey the title interest of Mary Hyman and there does not appear to be a prior conveyance from Mary Hyman to Ms. Limehouse, so the chain of title is incomplete.  Without that prior conveyance, and with the defects in this Deed's preparation and execution, Ms. Jackson obtained nothing.  And in no event will any subsequent conveyance supersede or create any superior claim to title over and above the security deed which was ultimately foreclosed, so this Quitclaim Deed is without force or effect.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants show that it would be inequitable to transfer title to Ms. Jackson without making Ace Homes Management, LLC and JY Homes, LLC whole for their costs and expenses incurred in purchasing the subject Property located at 65 Lakefront Drive, Covington, GA 30016, (hereinafter the "subject property").

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants show that it is unclear whether Mary Hyman's estate has been probated or

resolved such that Ms. Jackson would have had a sole interest in the subject Property, with no other beneficiaries or interested parties, had the subject Property/Security Deed not been foreclosed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Ms. Jackson has waived all claims asserted herein including possession of the subject property, which was consented to twice in Court.  First on August 26, 2022 in the Newton County Magistrate Court.  Later, on December 15, 2022, her bankruptcy counsel also waived possession and allowed eviction of the tenants of the subject property by Court Order that date.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants show that the proper venue and jurisdiction for an in rem proceeding concerning real property located in Newton County lies in Newton County Superior Court, not Gwinnett and as such this Court is not the appropriate forum for this action and it should be transferred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Subsequent to the lawful acquisition of the property, Ace Homes and/or JY Homes improved the subject property at their expense.  It would be manifestly unjust to permit Plaintiff to retain the benefit of the proceeds of the sale of the property and the improvements

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped asserting any claims that were not articulated in any of the prior litigation concerning this matter including the Magistrate Court case and the Bankruptcy case or the Adversary Proceeding.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses and matters in

avoidance that may be disclosed during the course of additional investigation and discovery.

## TWENTIETH AFFIRMATIVE DEFENSE AND BY WAY OF ANSWER

Without prejudice to the affirmative defenses asserted above, in sequential response to the number paragraphs of the Complaint the Defendants answer the allegations of the Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 1 of Plaintiff's Complaint, and as such they are denied.

2.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 2 of Plaintiff's Complaint, and as such they are denied.

3.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 3 of Plaintiff's Complaint, and as such they are denied.

4.

Defendant Ace Homes Management, LLC admits it is a limited liability company organized under the laws of Georgia and that its registered agent is properly identified.  All other allegations are denied.

5.

Defendant JY Homes, LLC admits it is a limited liability company organized under the laws of Georgia and that its registered agent is properly identified.  All other allegations are denied.

6.

Defendants deny the allegations contained in Paragraph No. 6 of the Complaint.  See Affirmative Defense No. 16 above.

7.

Defendants deny the allegations contained in Paragraph No. 7 of the Complaint. See Affirmative Defense No. 16 above.

8.

Defendants deny the allegations contained in Paragraph No. 8 of the Complaint. See Affirmative Defense No. 16 above.

## FACTUAL BACKGROUND

9.

Defendants deny the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 10 of Plaintiff's Complaint, and as such they are denied.

11.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 11 of Plaintiff's Complaint, and as such they are denied.

12.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint, and as such they are denied.

13.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 13 of Plaintiff's Complaint, and as such they are denied.

14.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 14 of Plaintiff's Complaint, and as such they are denied.

15.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint, and as such they are denied.

16.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 16 of Plaintiff's Complaint, and as such they are denied.

17.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 17 of Plaintiff's Complaint, and as such they are denied.

18.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 18 of Plaintiff's Complaint, and as such they are denied.

19.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 19 of Plaintiff's Complaint, and as such they are denied.

20.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 20 of Plaintiff's Complaint, and as such they are denied.

21.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 21 of Plaintiff's Complaint, and as such they are denied.

22.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 22 of Plaintiff's Complaint, and as such they are denied.

23.

Defendants admit that the Deed Under Power identifies Defendant Ace Homes Management, LLC as the successful bidder at the foreclosure sale.  All other allegations asserted are denied.

24.

Defendants admit the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

**COUNT ONE**
**WRONGFUL FORECLOSURE DAMAGES**
**TORTIOUS BREACH OF STATUTORY DUTY**

25.

Paragraph No. 25 of Plaintiff's Complaint does not contain information to be admitted or denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  Ace Homes and JY Homes show that they were bona fide purchasers for value of the property at the foreclosure sale, and subsequently (as to JY Homes) and did not conduct the foreclosure sale.  As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

26.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 26 of Plaintiff's Complaint, and as such they are denied.

27.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 27 of Plaintiff's Complaint, and as such they are denied.

28.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 28 of Plaintiff's Complaint, and as such they are denied.

29.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 29 of Plaintiff's Complaint, and as such they are denied.

30.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 30 of Plaintiff's Complaint, and as such they are denied.

31.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 31 of Plaintiff's Complaint, and as such they are denied.

32.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 32 of Plaintiff's Complaint, and as such they are denied.

**COUNT TWO**
**WRONGFUL FORECLOSURE DAMAGES**
**BREACH OF CONTRACT**

33.

Paragraph No. 33 of Plaintiff's Complaint does not contain information to be admitted or

denied. To the extent an answer is required, Defendants incorporate their prior responses to the

allegations referenced above.  Ace Homes Management, LLC and JY Homes, LLC shows that

they did not have a contract with Ms. Jackson and thus cannot have breached any such contract.

As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

34.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 34 of Plaintiff's Complaint, and as such they are denied.

35.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 35 of Plaintiff's Complaint, and as such they are denied.

36.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 36 of Plaintiff's Complaint, and as such they are denied.

**COUNT THREE**
**TRESPASS DAMAGES**

37.

Paragraph No. 37 of Plaintiff's Complaint does not contain information to be admitted or

denied. To the extent an answer is required, Defendants incorporate their prior responses to the

allegations referenced above.  Ace Homes Management, LLC and JY Homes, LLC again shows

it is the lawful owner of the property by Deed Under Power.   Moreover, Plaintiff expressly (by

Court Order) consented to Ace Homes taking possession, and there can be no trespass under

these circumstances as a matter of law.   As such this Count should be dismissed as to

Defendants Ace Homes and JY Homes.

38.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint, and as such they are denied.

39.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint, and as such they are denied.

40.

Defendants deny the allegations contained in Paragraph No. 40 of Plaintiff's Complaint. Moreover, Defendants show that Plaintiff, by and through Counsel, entered into a "Consent Judgment" in the Magistrate Court of Newton County on August 26, 2022 which contemplated a surrender of possession of the property to Defendants.   And at a later juncture, on December 13, 2022, counsel (Mr. Robert Schwartz) participated in a Relief from Stay Hearing before Judge Sage Sigler involving this precise issue and Mr. Schwartz conceded the issue of possession on behalf of Ms. Jackson at that time.   This resulted in the Order on Relief from Stay dated December 15, 2022 in United States Bankruptcy Court Case No. 22-58310-SMS, allowing Ace Homes, LLC to institute and complete dispossessory proceedings at that time.

41.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 41 of Plaintiff's Complaint, and as such they are denied.

42.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 42 of Plaintiff's Complaint, and as such they are denied.

43.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 43 of Plaintiff's Complaint, and as such they are denied.

## COUNT FOUR
## MENTAL ANGUISH DAMAGES

44.

Paragraph No. 44 of Plaintiff's Complaint does not contain information to be admitted or denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  These claims are inappropriate as to Ace Homes Management, LLC and JY Homes, LLC, and all are denied. As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

45.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 45 of Plaintiff's Complaint, and as such they are denied.

46.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 46 of Plaintiff's Complaint, and as such they are denied.

## COUNT FIVE
## PUNITIVE DAMAGES FOR INTENTIONAL TORT

47.

Paragraph No. 47 of Plaintiff's Complaint does not contain information to be admitted or denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  These allegations are not directed to these Defendants. As such this Count should be dismissed as to Defendants Ace Homes and JY Homes.

48.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 48 of Plaintiff's Complaint, and as such they are denied.

49.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 49 of Plaintiff's Complaint, and as such they are denied.

50.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 50 of Plaintiff's Complaint, and as such they are denied.

51.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 51 of Plaintiff's Complaint, and as such they are denied.

52.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 52 of Plaintiff's Complaint, and as such they are denied.

53.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 53 of Plaintiff's Complaint, and as such they are denied.

54.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 54 of Plaintiff's Complaint, and as such they are denied.

55.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 55 of Plaintiff's Complaint, and as such they are denied.

56.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 56 of Plaintiff's Complaint, and as such they are denied.

## COUNT SIX
## IN THE ALTERNATIVE SET ASIDE FORECLOSURE SALE

57.

Paragraph No. 57 of Plaintiff's Complaint does not contain information to be admitted or denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  Ace Homes Management, LLC shows that it was a bona fide purchaser for value of the property at the foreclosure sale and did not conduct the foreclosure sale and JY Homes was also a bona fide purchaser.  Also, because Ace Homes Management and JY Homes did not foreclose over Ms. Jackson, it cannot have done so wrongfully.   This count should also be dismissed as to Ace Homes Management, LLC and JY Homes, LLC.

58.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 58 of Plaintiff's Complaint, and as such they are denied.

59.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 59 of Plaintiff's Complaint, and as such they are denied.

## COUNT SEVEN
## EXPENSES OF LITIGATION

60.

Paragraph No. 60 of Plaintiff's Complaint does not contain information to be admitted or

denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  Because Ace Homes and JY Homes had no legal duties as to Plaintiff this Count should also be dismissed as to these parties.

61.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 61 of Plaintiff's Complaint, and as such they are denied.

62.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 62 of Plaintiff's Complaint, and as such they are denied.

## COUNT EIGHT
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

63.

Paragraph No. 63 of Plaintiff's Complaint does not contain information to be admitted or denied. To the extent an answer is required, Defendants incorporate their prior responses to the allegations referenced above.  Because Ace Homes and JY Homes are not debt collectors and had no legal duties as to Plaintiff this Count should also be dismissed.

64.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 64 of Plaintiff's Complaint, and as such they are denied.

65.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 65 of Plaintiff's Complaint, and as such they are denied.

66.

Defendants are without knowledge or information to either admit or deny the allegations

contained in Paragraph No. 66 of Plaintiff's Complaint, and as such they are denied.

67.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 67 of Plaintiff's Complaint, and as such they are denied.

68.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 68 of Plaintiff's Complaint, and as such they are denied.

69.

Defendants are without knowledge or information to either admit or deny the allegations contained in Paragraph No. 69 of Plaintiff's Complaint, and as such they are denied.

To the extent that the Wherefore paragraphs of Plaintiff's Complaint contain factual allegations, those allegations are denied.   All other allegations of this Complaint that have not been specifically admitted are hereby denied.

WHEREFORE, having fully answered the Complaint, Defendant Ace Homes Management, LLC and JY Homes, LLC pray that they be dismissed with costs and for such other and further relief as the Court may deem just or proper.

**CROSS CLAIM AGAINST DEFENDANTS PARKWAY LAW GROUP, LLC AND THE BANK OF NEW YORK MELLON (fka The Bank of New York) As Trustee for the Certificate Holders of The CWABS, Inc., Asset-Backed Certificates, Series 2006-10**

COME NOW Defendants, Ace Homes Management, LLC and JY Homes, LLC (hereinafter "Ace Homes" or "JY Homes" or collectively "Defendants"), by and through its undersigned counsel, and set forth its Cross-claim against Parkway Law Group, LLC (hereinafter "Parkway Law Group") and The Bank of New York Mellon (fka The Bank of New York) As

Trustee for the Certificate Holders of The CWABS, Inc., Asset-Backed Certificates, Series 2006-10 (hereinafter "The Bank of New York") as follows:

## JURISDICTION AND VENUE

### 1.

Jurisdiction and venue of this Court is proper as to Parkway Law Group and The Bank of New York pursuant to O.C.G.A. § 9-11-13 since Defendants Crossclaim arises out of the same transaction and occurrence that is the subject matter of the original action.  The allegations of the Complaint are incorporated herein for all purposes.

## FACTUAL BACKGROUND

### 2.

Defendants Ace Homes and JY Homes re-allege and incorporate herein by reference paragraph 1 of the Crossclaim hereinabove as though fully stated herein.

### 3.

Defendants incorporate herein for all purposes and by reference the Answer to Complaint above.

## COUNT I – DECLARATORY JUDGMENT

### 4.

Defendants re-allege and incorporate herein by reference paragraph 1 through 3 of the Crossclaim hereinabove as though fully stated herein.

### 5.

Defendants Ace Homes and JY Homes seek declaratory relief for the Court to determine that Ace Homes, a bona fide purchaser for value, and subsequently JY Homes, also a bona fide purchaser for value, received fee simple title to the subject property.

## COUNT II – BREACH OF WARRANTY OF TITLE
### (alternative count)

6.

Defendants re-allege and incorporate herein by reference paragraph 1 through 5 of the Crossclaim hereinabove as though fully stated herein.

7.

In the alternative to Defendants petition for declaratory judgment as set forth in their Counterclaim above, and to the extent that the allegations of Plaintiff in her Complaint are substantiated as to the sale, or in the event the Property is found to have vested in fee simple to Plaintiff Sabrina Jackson, then Parkway Law Group or The Bank of New York is liable to Ace Homes and JY Homes for breaching their warranty of title.

8.

Defendant Ace Homes Management, LLC purchased the property at the foreclosure sale with the express understanding that Parkway Law Group and The Bank of New York properly provided notice and lawfully conducted the foreclosure sale of July 5, 2022, and that Parkway Law Group or The Bank of New York was conveying fee simple title to Ace Homes Management, LLC.

9.

Pursuant to O.C.G.A. § 44-5-62, a general warranty of title includes "covenants of a right to sell, of quiet enjoyment, and of freedom from encumbrances."

10.

In the event the Property is found not to have vested in fee simple to Ace Homes Management, Defendants Parkway Law Group or The Bank of New York breached its warranty of title.

11.

Accordingly, in the event the Property is found not to have vested in fee simple to Ace Homes Management, LLC, then Ace Homes Management, LLC is entitled to judgment against Parkway Law Group and/or The Bank of New York for damages in an amount to be proven at trial.

## COUNT III – NEGLIGENCE

12.

Defendants re-allege and incorporates herein by reference paragraph 1 through 11 of the Crossclaim hereinabove as though fully stated herein.

13.

In the alternative to Defendants petition for declaratory judgment, and to the extent that the allegations of Plaintiff in her Complaint are substantiated as to the sale, or in the event the Property is found not to have vested in fee simple to Defendants Ace Homes and JY Homes, Defendants Parkway Law Group and/or The Bank of New York are liable to Defendants for their negligent conduct.

14.

Parkway Law Group and/or The Bank of New York had a duty to Ace Homes and JY Homes as purchaser of the Property to properly provide notice and lawfully conduct the foreclosure sale of July 5, 2022.

15.

If Plaintiff Sabrina Jackson prevails on her claim of Wrongful Foreclosure and/or Defendant Parkway Law Group and/or The Bank of New York is found to have failed to

properly or sufficiently notify Ms. Jackson of the foreclosure, then Parkway Law Group or The Bank of New York breached its duty to Ace Homes.

16.

If Plaintiff Sabrina Jackson prevails on her claim of Wrongful Foreclosure and/or Defendant Parkway Law Group or The Bank of New York is found to have failed to properly or sufficiently notify Ms. Jackson of the foreclosure, then as a direct and proximate result of the acts and omissions of Defendant Parkway Law Group and/or The Bank of New York, Ace Homes and JY Homes have suffered damages.

17.

Accordingly, in the event the Property is found not to have vested in fee simple to Defendants Ace Homes and JY Homes, Defendants are entitled to judgment against Parkway Law Group and/or The Bank of New York for damages in an amount to be proven at trial.

## COUNT IV – UNJUST ENRICHMENT
**(alternative count)**

18.

Defendants re-allege and incorporate herein by reference paragraph 1 through 17 of the Crossclaim hereinabove as though fully stated herein.

19.

In the alternative to Defendants petition for declaratory judgment or in the event the Property is found not to have vested in fee simple to Defendant, Defendant Parkway Law Group and/or The Bank of New York is liable to Ace Homes and JY Homes for unjust enrichment.

20.

On July 5, 2022 Defendant Ace Homes purchased the Property at a non-judicial

*Page 20*

foreclosure sale from Parkway Law Group and The Bank of New York for good and valid consideration.

21.

Defendant paid $28,597.40 to Defendant Parkway Law Group and The Bank of New York for the purchase of the Property.  Moreover, in reliance on the validity of the sale, Ace Homes also satisfied the first mortgage in the approximate amount of $63,339.06.  Moreover, subsequent to the lawful acquisition of the property, Ace Homes and/or JY Homes improved the subject property at their expense.

22.

In the event the Property is found not to have vested in fee simple to Defendant, it would be manifestly unjust to permit Defendant Parkway Law Group or The Bank of New York to retain the benefit of the proceeds of the sale of the property and the improvements.

23.

Accordingly, in the event the Property is found not to have vested in fee simple to Defendant, Defendants are entitled to judgment against Defendant Parkway Law Group and The Bank of New York for damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Ace Homes Management, LLC and JY Homes, LLC pray that they be granted the following relief:

1.  Plaintiff's Complaint be dismissed with prejudice as to Ace Homes Management, LLC and JY Homes, LLC with all costs cast on Plaintiff;

2.  Award Ace Homes Management, LLC and JY Homes, LLC damages against Plaintiff in amounts to be proven or determined at trial;

3. Award Ace Homes Management, LLC and JY Homes, LLC their litigation expenses, including reasonable attorney's fees and the costs of this action;

4. As to the Cross Claim, for declaratory relief, and, in the alternative, and to the extent that the allegations of Plaintiff in her Complaint are substantiated as to the sale, for breach of warranty, for negligence, and/or unjust enrichment, that damages be awarded against Parkway Law Group or The Bank of New York as pled above, and

5. Grant all such other relief that it deems just and appropriate.

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*
Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day served the foregoing **"DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S ANSWER TO PLAINTIFF SABRINA JACKSON'S COMPLAINT AND CROSS CLAIM AGAINST DEFENDANTS' PARKWAY LAW GROUP, LLC AND THE BANK OF NEW YORK MELLON"**, to be made upon all parties in the above referenced action via Odyssey Efile and/or Statutory Electronic Service and/or US Mail to the following:

Thomas R. Todd, Jr., Esq.
P.O. Box 88519
Atlanta, GA 30356-8519
trtoddjr@ttoddlaw.com

Robert D. Schwartz, Esq.
P.O. Box 160100
Atlanta, GA 30316-1002
bobschwartzlaw@aol.com

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*
Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04198-1
6/16/2023 5:12 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SABRINA JACKSON, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 23-A-04198-1 |
| v. | ) | |
| | ) | |
| PARKWAY LAW GROUP, LLC, | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| (fka The Bank of New York), | ) | |
| As Trustee for the Certificate Holders of | ) | |
| The CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-10, | ) | |
| ACE HOMES MANAGEMENT, LLC and | ) | |
| JY HOMES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **"DEFENDANTS ACE HOMES MANAGEMENT, LLC AND JY HOMES, LLC'S FRIST REQUEST TO ADMIT, FIRST CONTINUING INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SABRINA JACKSON"**, to be made upon all parties in the above referenced action via Odyssey Efile and/or Statutory Electronic Service and/or US Mail to the following:

Thomas R. Todd, Jr., Esq.
P.O. Box 88519
Atlanta, GA 30356-8519
trtoddjr@ttoddlaw.com

Robert D. Schwartz, Esq.
P.O. Box 160100
Atlanta, GA 30316-1002
bobschwartzlaw@aol.com

**(SIGNATURE ON FOLLOWING PAGE)**

This 16th day of June, 2023.

Respectfully submitted,

*/s/ Christopher J. York*
Christopher J. York, Esq.
Georgia Bar No. 781013
Don G. Gaskill, Jr., Esq.
Georgia Bar No. 287455

York Gaskill, LLC
1815 Satellite Blvd. Ste. 404
Duluth, GA 30097
Phone: (770) 817-4939
chrisyork@yorkgaskill.com