**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SOPHANA LEI** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | _____ |
| **EXTENDED STAY AMERICA,** | ) | |
| | ) | **[On Removal from State Court of** |
| **Defendant.** | ) | **Fulton County, Civil Action No.** |
| | ) | **23EV002781** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

_____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant Extended Stay

America, Inc. (improperly named as "Extended Stay America") hereby removes the

above-captioned action, filed by Plaintiff Sophana Lei in the State Court of Fulton

County, in the State of Georgia, to the United States District Court for the Northern

District of Georgia, Atlanta Division, respectfully showing the Court as follows:

**GROUNDS FOR REMOVAL**

1.      Plaintiff commenced the action styled *Sophana Lei v. Extended Stay*

*America*, Civil Action File No. 23EV002781, by filing a complaint in the State Court

of Fulton County, in the State of Georgia, (the "State Court Action") on May 5, 2023. *See* Complaint for Personal Injuries and Damages, attached at ***Exhibit "A"***.

2.     The United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal under 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

3.     Plaintiff's lawsuit arises from an alleged "slip/trip and fall" accident that occurred at Extended Stay America hotel located at 2239 Powers Ferry Road, Marietta, Georgia 30067 (the "Hotel"), in Cobb County, Georgia on May 7, 2021. ***Ex. "A"***, ¶¶ 4-9.  In her Complaint, Plaintiff sets forth two "Counts" – one for "Premises Liability" and one for "Negligent Training and Supervision" – wherein she seeks damages from Defendant for its alleged failures to use reasonable care in keeping its premises safe and/or provide appropriate notice/warning to invitees.  ***Id.***, ¶¶ 22-30.  Plaintiff seeks damages in the form of past and future medical expenses, past and future lost wages, mental and physical pain and suffering and emotional distress, and "$19,000 in special damages … which may be amended by a timely filing of an Amended Complaint." ***Id.***, ¶ 30.

4.     As detailed below, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied; there is

complete diversity of citizenship between Plaintiff and Defendants; and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1441, 1446, and 1332.

5.     When the Complaint was filed, Plaintiff was domiciled in the State of Georgia, so that she is a citizen of Georgia.  ***Ex. "A"***, ¶ 4.  *See, e.g., **Ennis v. Smith***, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); ***McCormick v. Aderholt***, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.     In Paragraph 2 of her Complaint, Plaintiff alleges that "Extended Stay America is a Foreign Profit Corporation existing under the laws of Georgia with its principal place of business in Fort Lauderdale, FL and may be served through its registered agent C T Corporation System at 1201 Peachtree Street, N.E., Atlanta, GA 30361".  There is no company named "Extended Stay America".  The office address and registered agent identified in Paragraph 2 of Plaintiff's Complaint were previously associated with Extended Stay America, Inc.  *See* Georgia Corporations Divisions record, attached at ***Exhibit "B"***.  However, Extended Stay America, Inc. withdrew its Georgia business status in 1997.  ***Ex. "B"***; see also various Georgia

filings attached at *Exhibit "C"*.[1]   As such, as of May 30, 1997, Extended Stay America, Inc. was not authorized to transact business in the State of Georgia and maintained no registered agent within the State of Georgia.  *Ex. "C"* (Application for Withdrawal and Certificate of Withdrawal).

7.    The above notwithstanding, Plaintiff's Affidavit of Service purports that "Extended Stay America" was served on "Linda Banks, agent at CT Corporation System, Registered Agent of Extended Stay America at said person's place of employment/place of business located at 289 S. Culver St., Lawrenceville, GA 30046 on May 25, 2023."  *See* Affidavit of Service, attached at *Exhibit "D"*.

8.    Extended Stay America, Inc. no longer exists, as it has been merged with ESH Hospitality, Inc. ("ESH"), a Delaware corporation with its registered agent as Intertruist Corporate Services Delaware, Ltd., 200 Bellevue Parkway, Suite 210, Wilmington, Delaware, in New Castle County, Delaware.  *See* Delaware Division of Corporations record, attached at *Exhibit "E"*.

9.    Thus, Extended Stay America, Inc. (improperly named as "Extended Stay America") was a foreign corporation prior to its merger, and, after the merger,

---

[1] *Exhibit "C"* consists of Extended Stay America, Inc.'s Certificate of Authority to Transact Business, Application for Certificate of Authority, Statement of Good Standing (Delaware), Certificate of Withdrawal, and Application for Withdrawal, all on file with the Georgia Secretary of State Office.

the surviving corporation is also a foreign corporation for purposes of 28 U.S.C. §§ 1441 and 1332.  *See* 28 U.S.C. § 1332(c).

10.     Based on the above, under 28 U.S.C. § 1332, there is complete diversity of citizenship between Plaintiff and Defendant.

11.     Plaintiff specifies that she seeks $19,000 in "special damages", but she also states that this amount "may be amended" and seeks unspecified amounts for past and future medical expenses, past and future lost wages, mental and physical pain and suffering and emotional distress.  ***Ex. "A"***, ¶ 30.  Thus, it is not facially apparent from Plaintiff's Complaint whether the amount in controversy in this matter exceeds $75,000.

12.     Where the pleadings are inadequate to demonstrate that the amount in controversy is met, the Court may review the record to find evidence thereof. ***Williams v. Best Buy Co.***, 269 F.3d 1316, 1319-20 (11th Cir. 2001).  It is up to the party invoking federal jurisdiction to allege facts essential to show jurisdiction and the Court may demand evidence supporting such facts.  ***Id.*** (*citing* ***McNutt v. General Motors Acceptance Corp.***, 298 U.S. 178, 189 (1936)).  Such evidence can take the form of "judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summery judgment type evidence that may reveal that the amount in controversy requirement is satisfied." ***Pretka v. Kolter City Plaza***

*II, Inc.*, 608 F.3d 744, 754 (11ᵗʰ Cir. 2010) (*citing **Moore's Federal Practice** §* 107.14[2][g], at 107-86.4 to 107.86.5 (3d ed. 2010)).

13.     Prior to initiating the present lawsuit, Plaintiff made a demand upon Extended Stay America in the total amount of $291,446.73.  *See* Demand Letter, attached at ***Exhibit "F"***.  Plaintiff claimed that her physical injuries included "concussion, facial laceration, bruised eye, cervical disc bulges at C3-C4, central disc protrusion at C4-C5, central disc protrusion at C6-C7 at L4-5/5-S1, disc bulge at the L4-L5, left shoulder pain, and left knee sprain and effusion."  ***Id.***  Plaintiff claimed to suffer from a permanent disability of "14% of her body" and "mental and emotional consequences … which are just as debilitating".  ***Id.***  Plaintiff stated, through counsel, that her total medical damages to date were $55,295.93.  ***Id.***  Plaintiff also claimed to have "cervical spine injuries" which would require "cervical spine surgery" to correct and sought $230,650.80 in future medical expenses.  ***Id.***

14.     The Eleventh Circuit has held that removing defendants may rely on a plaintiff's valuation of the case to establish the amount in controversy, unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed.  ***Mitchell v. Brown & Williamson Tobacco Corp.***, 294 F.3d 1309, 1315 (11th Cir. 2002).  Given Plaintiff's allegations about the subject incident and the specifics of

her demand, the jurisdictional requirement for removal to this Court is satisfied.  *See* 28 U.S.C. § 1332(a).

15.     Extended Stay America, Inc. has attempted to comply with 28 U.S.C. § 1446(a) and provide copies of all process and pleadings served by Plaintiff. However, as noted above, Extended Stay America, Inc. maintained no registered agent in the state of Georgia.  Extended Stay America, Inc. has received nothing from CT Corporation System, the entity referenced in the Affidavit of Service.  ***Ex. "D"***.  Extended Stay America, Inc. believes that process and service of process herein are insufficient.  Nevertheless, Extended Stay America, Inc. has attached hereto all pleadings currently on file in the State Court Action at ***Exhibit "G"***.  No orders have been served on any Defendant as of this filing.

16.     Under 28 U.S.C. § 1446(d), Extended Stay America, Inc. will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Fulton County, in the State of Georgia, a copy of this Notice of Removal.  *See* Notice of Filing Notice of Removal attached at ***Exhibit "H"***.

17.     Based on the above, and under 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied, there is complete diversity of citizenship

between Plaintiff and Defendant, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

18.    Extended Stay America, Inc. demands a jury trial on all the issues so triable.

19.    The filing fee of $400.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

20.    The undersigned counsel represents and is appearing on behalf of the Extended Stay America, Inc., improperly named as "Extended Stay America".  By appearing herein, Extended Stay America, Inc. does not waive, and in fact expressly reserves, any and all affirmative defenses, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted and failure to join a party under Rule 19. Moreover, nothing contained herein shall be read as a waiver of any affirmative defenses available to any other entity, including, but not limited to, ESH Hospitality, Inc.

21.    WHEREFORE, Extended Stay America, Inc. respectfully requests that the above captioned action, filed by Plaintiff in the State Court of Fulton County, in the State of Georgia, be REMOVED to the United States District Court for the

Northern District of Georgia, Atlanta Division, under 28 U.S.C. §§ 1441, 1446, and

1332.

Respectfully submitted and signed, under Fed. R. Civ. P. 11, on this 23rd day

of June, by:

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Christopher T. Byrd
Patrick B. Moore, Esq.
Georgia Bar No.: 520390
Christopher T. Byrd, Esq.
Georgia Bar No.: 100854
Shubhra R. Mashelkar, Esq.
Georgia Bar No.:  475388
Counsel for Defendant Extended Stay
America, Inc.

3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone:  (404) 876-2700
Facsimile: (404) 876-9433
pmoore@wwhgd.com
cbyrd@wwhgd.com
smashelkar@wwhgd.com

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served the foregoing pleading with the Clerk of Court via its electronic filing system which will automatically send email notification and a copy of such filing to the following attorneys of record:

William Stiles, Esq.
W.E. STILES LAW, LLC
400 Galleria Parkway
Suite 1500
Atlanta, GA  30339

This 23rd day of June, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Christopher T. Byrd*
Christopher T. Byrd, Esq.
Georgia Bar No.: 100854
*Counsel for Defendant Extended Stay,*
*America, Inc.*