# EXHIBIT F

# W.E. STILES LAW

A Limited Liability Company
THE POWER OF ATTORNEY

400 GALLERIA PARKWAY
STE. 1500
ATLANTA, GEORGIA 30339
TELEPHONE 404-390-8160
FACSIMILE 678-368-4961
STILES@WESTILESLAW.COM



Sophana Lei
September 9, 2022
Page 2


**Broadspire Services Inc, a Crawford Company**
Attn: Kimberly Patmon
P.O. Box 14875
Lexington, KY 40512
Main Phone: 800-753-6737
Direct line:   224-278-9290
Facsimile: 859-550-2729


   **RE:** **Sophana Lei**
      **Date of Incident: 5/7/2021**
      **Claim No.: 189522870**
      **Your Insured: Extended Stay of America**
      **Policy No.: GL4051773**

Dear Kimberly Patmon:

  Following a complete review of the file and discussions concerning this matter at length with my client and the physicians who have treated Sophana Lei, I am prepared to recommend a firm offer of TWO HUNDRED NINETY-ONE THOUSAND ONE HUNDRED FORTY-FOUR DOLLARS AND SEVENTY THREE **($291,1446.73)** as settlement in full of any and all claims on behalf of my client against American Extended Stay arising out of the subject incident.  Enclosed herewith please find the following medical documentation supporting the foregoing offer, to wit:

  (1) Statement from WellStar Paulding Hospital Emergency Department pertaining to emergency room visit incurred immediately following the fall in the amount of **$21,824.73**.

  (2) Statement from Choice One Physical Therapy pertaining physical therapy treatment in the amount of **$19,112.00**.

  **(3)** Statement from Dr. Sheldon, M.D. pertaining to medical treatment in the amount of **$3,500.00 TO BE SUPPLEMENTED.**

  (4) Statement from American Imaging pertaining to MRI of head, LT Cervical, LT Lumbar, LT knee, fees incurred in the amount of **$9,045.00**.

  (5) Statement from Kaiser Permanente pertaining to orthopedic visit in the amount of **$400.00**.

Sophana Lei
September 9, 2022
Page 3

Dr. Yoo evaluated and reviewed emergency room x-rays, based on her findings she recommended, a therapeutic knee brace for Ms. Lei's left knee, prescriptions for pain relief and anti-inflammatory medications, and recommended follow-up visits to orthopedic.

With respect to liability, on May 7, 2021, at approximately 10:30 p.m., my client was walking towards the entrance door through a poorly lit parking lot of the Extended Stay of America. Situated at 2239 Powers Ferry Road., Marietta, GA 30067. As she was walking, unbeknown the payment was uneven, causing her to step down into a drain, getting her shoe caught in the groves, unable to break her fall and falling head, first hitting the payment. Ms. Lei immediately felt lightheaded and intense burning sensation on the left side of her face and in her left knee. A resident, who was following close behind Ms. Lei, was out walking her dog and headed towards the entrance also, followed Ms. Lei into the lobby and started offering assistance by applying paper towels to clean and remove the blood from Ms. Lei's face and knee. The Receptionist offered a first aid kit and offered to call the police for assistance. Fortunately, the fall was witnessed by another resident of the hotel who called the police. The police arrived shortly after. An officer arrived in the lobby and reported, someone called them and may need assistance. Ms. Lei was standing in the lobby, at which time the officer noticed she was injured and offered her medical assistance. Ms. Lei informed, she was tired, and she will seek medical assistance. <u>There were no signs or warnings posted alerting customers of the known risks and danger associated with the drainage in the middle of the parking lot</u>.

Georgia law is specific in holding that owners and occupiers of land/business establishments have a duty to an invitee, such as Plaintiff herein, to exercise ordinary care in keeping the premises safe for customers of that facility. *See* O.C.G.A. §51-3-1. Georgia cases have uniformly and regularly accepted the fact that circumstances can exist such as to cause the plaintiff or injured party not to see the hazard of defect in existence. *See* <u>Butts v. Academy of Beauty, Inc.</u>, 117 GA. App. 222 (1968); *See also* <u>Lumbus v. D. L. Clayburn Buick-Opal, Inc.</u>, 153 Ga. App. 807 (1980).

With respect to the "distraction theory," Georgia Courts recognize that distractions may well exist so as to cause the victim not to see and become aware of a danger that he or she may soon encounter. *See* <u>Mason v. Frankel</u>, 49 Ga. App. 145 (1934); *See also* <u>Shackleford v. DeKalb Farmers Market, Inc.</u>, 180 Ga. App. 348 (1986). In <u>Kres v. Winn Dixie Stores, Inc.</u>, 183 Ga. App. 854 (1990), the Court of Appeals stated as follows:

> "The distraction theory provides "`that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril....The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur. [Cit.]

Sophana Lei
September 9, 2022
Page 4

Thus, where the plaintiff's attention is distracted away from an obstruction that, in the exercise of ordinary care for his own safety, he otherwise could and would have seen and avoided, he can still recover. [Cit.]"



### **NATURE OF MS. LEI'S INJURIES**

With respect to injuries, Ms. Lei suffered the immediate onset of a headache, dizziness, abrasion/permanent scarring to left side of face, neck, back pain, chest, left knee, and left side body pain. The lobby receptionist witnessed the injuries and pain Ms. Lei suffered.

Ms. Lei begin to experience sleepiness and presented to the hospital for emergency room treatment immediately following her fall. The medical documentation is certainly illustrative of the significant nature of the subject injuries, including **concussion, facial laceration, bruised eye, cervical disc bulges at C3-C4; central disc protrusion at C4-C5; and central disc protrusion at C6-C7at L4-5/5-S1, disc bulge at the L4-L5; left shoulder pain; and left knee sprain and effusion.**

Sophana Lei
September 9, 2022
Page 5

Due to the severe constant neck and shoulder pain, Ms. Lei was recommended for epidural injections and cervical spinal surgery as a final alternative should pain persist.

On 9/22/21, Ms. Lei presented to Dr. Shelton with complaints of severe neck and shoulder pain. Dr. Shelton evaluated and counseled Ms. Lei regarding facet injections. Dr. Shelton prepped and administered facet joint injection in the cervical/shoulder region. Ms. Lei was instructed to return in 3-4 weeks for a follow-up evaluation.

Although, Ms. Lei completed physical therapy and rehabilitation treatment, she constantly suffers from neck and shoulder pain to this day. In order for Ms. Lei to live pain free, cervical spinal surgery is the only alternative.

The mental and emotional consequences our client suffered, which are just as debilitating, equally cannot be overlooked. Notwithstanding, Ms. Lei had to place physical therapy on hold, due to an upcoming myomectomy surgery, which requires bedrest up to 6 weeks. During the 6 weeks of bedrest, Ms. Lei's experienced constant neck, back, pain and swelling in her left knee. Once Ms. Lei was received a release from her surgeon to return back to physical therapy, she resumed treatment. Due to the constant neck pain, Ms. Lei presented to Dr. Sheldon with complaints of constant left side pain and the difficulty of sleeping on the left side, due to the neck and left body pain. Dr. Sheldon evaluated Ms. Lei and diagnosed her with cervical disc bulge/herniation. Dr. Sheldon recommended and prescribed a nerve stimulator to help alleviate some of the pain and aid in getting a full night's sleep, recommended facet injections, and counseled her on cervical spinal surgery. Ms. Lei received facet injections at the C2-C3. Dr. Sheldon reiterated having cervical spinal surgery if pain persists. Ms. Lei was released from Dr. Sheldon's care.

Georgia law is very clear that in weighing the future damages, which the Plaintiff has sustained as a result of the injuries, the trier of fact is not limited to the consideration of future earning capacity or future physical pain and suffering. The law also considers as a proper item of damages any disability, in whole or in part, to perform normal physical functions. Impaired capacity "to pursue the ordinary applications of life" or "to perform normal physical functions" is compensated as a part of pain and suffering, irrespective of whether there is evidence of a loss of diminishment of future earning capacity. *See* Jones v. Hutchins, 101 Ga. App. 141 (1960); Cobb and Eldridge, Georgia Law of Damages (Second Edition), Section 38-4, Page 685.

Notwithstanding **$55,295.93 in** actual medical specials, Ms. Lei's life has basically been turned upside down since the fall due to the life changing injuries she sustained. Lastly, Ms. Lei has a permanent scarring to her face and the future at best leaves little optimism for full recovery. Obviously, future medical bills and reduced capacity to labor on the basis of the very severe injuries sustained in the fall remain viable and extremely important concerns which, in the event this goes to litigation, will be submitted to the jury as important elements of damages. The foregoing elements of damages are in addition to the general compensatory and special damages which either actually flow or are presumed to flow by law from the subject injuries.

Sophana Lei
September 9, 2022
Page 6

      Prior to this incident, Ms. Lei was a law school student and had to sit through her course of studies in a lot of pain, causing her to graduate past her expected graduation date of January 2022. In spite of all the pain, she manages to graduate, however, she still suffers neck, lower back, and shoulder pain when she sits for long periods of time, not to mention, the emotional pain she endures due to the permanent bruise under her left eye.

      Ms. Lei will suffer from a permanent disability of 14% of her body, in other words, Ms. Lei will never be able to fully recover from her injuries. As a result of her injuries, unless Ms. Lei undergo cervical spinal surgery for the cervical spine injuries, she sustains she will suffer from an inability to fully enjoy life. Ms. Lei has to undergo both physical and emotional pain and suffering throughout the rest of her life, due to the permanence of her injuries.  Ms. Lei has a life expectancy of 26.33 years, and it would not be unreasonable for a jury to award $1.00 an hour for a total of **$230,650.80**. (26.33 x 365 x 24 x $1.00)


Present Day (taken 9.8.22)

      I enclose a copy of a lawsuit and initial discovery which will be filed in the event we cannot come to an amicable resolution in the immediate future.  If this case is litigated, I think it is important to outline at this stage the elements of damages I will be presenting before the jury and proving throughout the trial, to wit:

## **SUMMARY OF DAMAGES**

Sophana Lei
September 9, 2022
Page 7

I.

MEDICAL BILLS

1) **WellStar Paulding Hospital**                     $21,824.20
2) **Bortolazzo Group- ER Physician Bill**            $ 1,414.73
3) **Choice One Physical Therapy**                    $19,112.00
4) **Omni Glofin obo American Health Imaging**        **$ 9,045.00**
5) **Kaiser Permanente**                              $    400.00
6) **Dr. Timothy Shelton -Sports Medicine -**         $  3,500.00

TOTAL MEDICALS

II.

SUMMARY OF SPECIAL AND GENERAL/COMPENSATORY DAMAGES

TOTAL ACTUAL DAMAGES (Medicals)          $55,295.93
GENERAL COMPENSATORY DAMAGES             $ 5,500.00
FUTURE MEDICAL EXPENSES                  $230,650.80


**TOTAL JUDGMENT**                       **$291,446.73**

    Based upon my assessment as to the value of this case vis-à-vis damages outlined hereinabove, and for the benefit of all parties, I hope this case can be resolved short of my filing the attached suit. I thank you in advance for your consideration, and I look forward to hearing from you within two (2) weeks as to your acceptance or rejection of the foregoing offer.

        Very truly yours,

        *WILLIAM E. STILES*
        William E. Stiles, Esq.
        Attorney at Law

WES
Enclosures