# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONI P. WALKER, surviving mother of ANTHONY LAMAR WALKER, deceased, )<br>)<br>)<br>)<br>    Plaintiff,     )<br>vs.                      )<br>)<br>JAMES ERIC RAGAZINO; DELQUIS R. MENDOZA; BEVERLY DWYER; RONSHEIKA CARROLL; JESSIE ALEXANDER; AMELIA SANDERS; AUGUSTINA ANYIKWA; WELLPATH LLC; CENTURIAN HEALTH; DINGWU JIA; ANDREA GRANDISON; MARTELL WILLIAMS, SHAQ DUNNEGAN; ORLANDA MAHDI; A. THIBODEAX; PAMELA FOUNTAIN; ANTON BAPTISTE; JASMINE GONZALEZ, J. MONROE; MARCILLA BUSH; KINDIA MATHIS; IFEAYNI ONUOHO, INGRAM JACKSON; KENNEDY ANSAH; O. SOYOMOKUN; MUFUTAU FALADE; TEMETRIS AKINS; SHERIFF MELODY M. MADDOX; DEKALB COUNTY JAIL, DEKALB COUNTY, GEORGIA; and John Does 1-10,<br>)<br>)<br>    Defendants.     ) | CIVIL ACTION FILE NO.:<br><br>_____ |

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

COME NOW Defendants Dingwu Jia, Andrea Grandison, Martell Williams, Shaquicha Dunnegan, Orlanda Mahdi, Aleah Thibodeaux, Pamela Fountain, Jasmine Gonzalez, Jeanise Monroe, Marcilla Bush, Kindia Mathis, Ifeayni Onuoho, Ingram Jackson, Kennedy Ansah, Oladipupo Soyomokun, Mufutau Falade, Chief Temetris Atkins, Sheriff Melody Maddox, the DeKalb County Jail, and DeKalb County, Georgia (hereinafter "these Defendants"), with the consent of all defendants who have been served to date, namely Delquis Mendoza, Beverly Dwyer, Ronsheika Carroll, Amelia Sanders, WellPath, LLC, and Centurion Health (*see* Exhibits 2 and 3, hereto), without waiving any defenses based on lack of personal jurisdiction, improper process and improper service of process, hereby file this Notice of Removal pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1331, 1441 and 1446, respectfully showing the Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.

Plaintiff Toni P. Walker, surviving mother of Anthony Lamar Walker, deceased, filed a civil action against these the above-mentioned Defendants in the State Court of DeKalb County, Case No. 23A02258, on May 22, 2023. The State Court of DeKalb County is located within the Atlanta Division of the United States District Court for the Northern District of Georgia.

2.

Plaintiff served DeKalb County, Georgia, Wellpath, LLC, Centurion Health, with a copy of the Summons and Complaint on or about May 25, 2023.

3.

Plaintiff served Sheriff Melody M. Maddox and Delquis Mendoza with a copy of the Summons and Complaint on or about May 26, 2023.

4.

Plaintiff served Aleah Thibodeaux and Kindia Mathis with a copy of the Summons and Complaint on or about June 6, 2023.

5.

Plaintiff served Dingwu Jia, Andrea Grandison, Martell Williams, Orlanda Mahdi, Pamela Fountain, Marcilla Bush, Ingram Jackson, Oladipupo Soyomokun, and Mufutau Falade with a copy of the Summons and Complaint on or about June 7, 2023.

6.

Plaintiff served DeKalb County Jail, Chief Temetris Atkins, Shaquicha Dunnegan with a copy of the Summons and Complaint on or about June 8, 2023.

7.

Plaintiff served Ronsheika Carroll with a copy of the Summons and Complaint on or about June 9, 2023.

8.

Plaintiff served Beverly Dwyer with a copy of the Summons and Complaint on or about June 19, 2023.

9.

Plaintiff served Amelia Sanders with a copy of the Summons and Complaint on or about June 20, 2023.

10.

As of the filing of this Notice of Removal, Plaintiff has yet to perfect service upon Anton Baptiste, James Eric Ragazino, Jessie Alexander, and Augustina Anyikwa. Jasmine Gonzalez, Ifeayni Onuoho, and Kennedy Ansah expressly consent to removal of the case and do so without waiving any defenses based on lack of personal jurisdiction, improper process and improper service of process.

11.

Plaintiff asserts five counts in her Complaint, as follows:

a) All Defendants violated 42 U.S.C § 1983 (Count I);

b) DeKalb County Jail, Sheriff Melody M. Maddox, Wellpath, LLC, and Centurion Health violated 29 U.S.C § 794 ("The Rehabilitation Act") and 42 U.S.C. §§ 12131 *et seq*. ("The American with Disabilities Act") (Count II);

c) All "Jail Nurse Defendants" and "Jail Detention Defendants" negligently failed in their ministerial duties causing Anthony Lamar Walker's ("Walker") death ("Count III");

d) All Defendants are liable for Walker's wrongful death, pursuant to O.C.G.A. § 51-4-4 ("Count IV"); and

e) DeKalb County Jail, DeKalb County, Georgia, and Sheriff Melody M. Maddox, in her official capacity, allegedly conspired to deny Plaintiff information necessary to bring claims related to Walker's purported denial of constitutional rights ("Count V").

12.

Defendants' Notice of Removal is timely filed within thirty (30) days of service on defendants, as required by 28 U.S.C. § 1446(b).

13.

Venue is proper for removal to this district pursuant to 28 U.S.C § 1441(a) because this district and division embrace the place in which the removed action was pending.

14.

As required by 28 U.S.C. § 1446(a), the entire record in the State Court action, including copies of all process, pleadings, and orders filed as of this date, as well as

a copy of the Court's docket sheet, are attached hereto and filed contemporaneously as Exhibit 1.

## BASIS FOR REMOVAL

15.

Defendants incorporate by reference as if fully set forth herein the preceding paragraphs 1 thorough 14 of this Notice of Removal.

16.

This Court has original jurisdiction in any action involving a federal question of law under the laws of the United States. *See* 28 U.S.C § 1331.

17.

Counts I and II of Plaintiff's Complaint assert federal causes of action pursuant to 42 U.S.C § 1983, 42 U.S.C. §§ 12131 *et seq.*, and 29 U.S.C. § 794. This action thus is a civil action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C § 1331 because it is an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18.

This civil action is removable pursuant to U.S.C. § 1441 because the United States District Court has original jurisdiction over this case by reason of federal-question jurisdiction pursuant to 28 U.S.C. § 1331. This Court further has supplemental jurisdiction over Plaintiff's state law claims for negligence (Count III)

and wrongful death (Count IV) because they arise out of the same facts as Plaintiff's federal claim and form part of the same case or controversy. *See* 28 U.S.C § 1367(a). It is not clear whether the Count V conspiracy claim is asserted under federal or state law, but this Court has either original or supplemental jurisdiction over this claim.

19.

Pursuant to 28 U.S.C. § 90(a)(2), the United States District Court for the Northern District of Georgia, Atlanta Division, is the district court having jurisdiction over DeKalb County, Georgia, where the state court action was pending. Pursuant to 28 U.S.C §§ 1441, 1446(a), defendants are entitled to remove this action from the State Court of DeKalb County to this Court.

20.

Contemporaneously with the filing of this notice of removal with this Court, Defendants are filing a copy of this notice of removal with the clerk of the State Court of DeKalb County, with service on Plaintiff's counsel, as required by 28 U.S.C § 1446(d). (*See* Exhibit 4).

21.

All served Defendants consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2). The consent of Defendants Delquis Mendoza, Ronsheika Carroll, James Ragazino, Beverly Dwyer, Amelia Sanders, and Centurion Health is

shown by Exhibit 2. The consent of Defendant Wellpath, LLC, is shown by Exhibit 3.

**WHEREFORE**, these Defendants respectfully request that this action now pending in the State Court of DeKalb County, Georgia be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure, of the removal of said action to this Court.

Respectfully submitted this 23rd day of June, 2023.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email: kwoodward@cmlawfirm.com
Direct Dial: 404-881-2623

*/s/ Edward B. Greenblat*
Edward B. Greenblat
Georgia Bar No. 482735
Email: egreenblat@cmlawfirm.com
Direct Dial: 678-684-1759

*(Attorneys for Defendants Jia, Grandison, Williams, Dunnegan, Mahdi, Thibodeaux, Fountain, Gonzalez, Monroe, Bush, Mathis, Onuoho, Jackson, Ansah, Soyomokun, Falade, Atkins, Sheriff Maddox, DeKalb County Jail, and DeKalb County, Georgia)*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 23rd day of June, 2023.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day I have filed the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** with the Clerk of Court using the CM/ECF system, which will automatically serve a copy of same upon the following counsel of record:

David R. Hughes
Hall Hirsh Hughes, LLC
150 E. Ponce de Leon Ave.
Suite 450
Decatur, GA 30030
david@h3-law.com

*(Attorneys for Plaintiff)*

Beth Boone, Esq.
Hall Booth Smith, P.C.
3528 Darien Highway, Ste 300
Brunswick, GA 31525
bboone@hallboothsmith.com

(*Attorneys for Anyikwa and Wellpath, LLC*)

Tyler D. Jones, Esq.
Joscelyn Hughes, Esq.
Bendin Sumrall & Lander, LLC
One Midtown Plaza
1360 Peachtree Street, N.E., Ste 800
Atlanta, Georgia 30309
tjones@bsllaw.net
jhughes@bsllaw.net

(*Attorneys for Mendoza, Carroll, Ragazino, Dwyer, Alexander, Sanders, and Centurion*)

This 23rd day of June, 2023.

                              **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

                              */s/ Karen E. Woodward*
                              Karen E. Woodward
                              Georgia Bar No. 775260