**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HILLARY NGUYEN,<br><br>      Plaintiff,<br><br>v.<br><br>EXEL INC.<br><br>      Defendant. | Civil Action No.:<br><br>JURY DEMAND |

**COMPLAINT**

Plaintiff Hillary Nguyen ("Ms. Nguyen") files this Complaint against Exel Inc. ("Exel"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Ms. Nguyen alleges that Exel willfully violated the FLSA by failing to pay her for all hours worked over 40 per week.

3. Ms. Nguyen further alleges that Exel justified its failure to pay her for all hours worked by misclassifying her as holding an "FLSA Status: Exempt" position.

## JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1331 this Court has jurisdiction over Ms. Nguyen's claims because the claims raise questions of federal law.

5. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

6. Exel is a foreign profit corporation incorporated in Massachusetts and registered to do business and operating in Georgia.

7. Exel's Principal Office Address is 360 Westar Boulevard, Westerville, OH 43082.

8. Exel may be served through its Registered Agent, CT Corporation System, at 289 S Culver Street, Lawrenceville, GA 30046.

9. Ms. Nguyen is an individual resident of Clayton County, Georgia.

**EXEL IS COVERED BY THE FLSA & EMPLOYED PLAINTIFF**

10. Exel is an international logistics and shipping company.

11. Exel is an enterprise engaged in commerce or the production of goods for commerce.

12. Exel employs two or more individuals who engage in commerce, the

production of goods for commerce, or handle, sell, or work with goods or materials that have moved in or were produced for commerce.

13. Exel employs two or more individuals who regularly communicate across state lines using interstate mail, internet, and telephone while performing their job duties.

14. Exel employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

15. Exel employees handle and use materials that were manufactured outside the state of Georgia and traveled through interstate commerce, such as computers, computer software, paper supplies, printers, and copiers, while performing their job duties.

16. For the three years preceding the filing of this Complaint, Exel's gross annual sales or business done was $500,000 or more.

17. At all relevant times, Exel employed Ms. Nguyen.

18. Ms. Nguyen began working for Exel on or about June 7, 2021.

19. Exel determined the employment practices applicable to Ms. Nguyen.

20. Exel had the authority to change the employment practices applicable to Ms. Nguyen.

21. Exel determined how Ms. Nguyen was paid.

22. Exel set Ms. Nguyen's schedule.

23. Exel maintained Ms. Nguyen's employment records, such as time and payroll records.

24. Exel terminated Ms. Nguyen's employment on or about March 10, 2023.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

25. Ms. Nguyen was hired for the position of "HR Representative" in Exel's Human Resources department.

26. Within the Human Resources department at Exel, Ms. Nguyen reported to Nicole Haliburton.

27. Ms. Haliburton served as Exel's "HR Manager."

28. Ms. Haliburton reported to Lakisha Southern,

29. Ms. Southern served as Exel's "HR Director."

30. Ms. Nguyen had no reporting subordinates.

31. Ms. Nguyen's primary job duty was to provide personnel policy information directly to management team members in Exel's warehouse located at 4505 Derrick Industrial Parkway, Atlanta, Ga 30349 (the "warehouse") according to established policies and standards.

32. Ms. Ngyuen provided policy information to management team

members if, for example, they notified her via email or Microsoft Teams that employees were to be written up for conduct violations.

33. Ms. Nguyen answered employee questions regarding existing company policies.

34. For example, Ms. Nguyen provided employees seeking leaves of absence with policy guidance and appropriate paperwork.

35. Ms. Nguyen also assisted warehouse staff in conducting investigations into misconduct when the investigations involved management.

36. Ms. Nguyen submitted daily reports at the end of each day to keep her managers appraised of all HR guidance she gave to employees and actions she took during her shifts.

37. In performing her job duties, Ms. Nguyen referred to and abided by existing company policies.

38. Ms. Nguyen typically worked more than 40 hours per week.

39. From June of 2021 until in or around November of 2022, Ms. Nguyen was scheduled to work from Thursday to Sunday weekly, on a 10pm until 6am shift.

40. From November 2022 until her termination in March of 2023, Ms. Nguyen was scheduled to work from Friday to Monday weekly, on a 7am to 5pm shift.

41. However, if HR Representatives scheduled for the shift after Ms. Nguyen's failed to arrive on time, Ms. Nguyen was required to stay beyond her scheduled shift.

42. Because Ms. Nguyen's duties involved responding to personnel issues, she was required to stay beyond her scheduled shift to resolve incidents that happened near the end of her shift or during shift changes.

43. Ms. Nguyen was also required to come in before her scheduled shift start in during periods when the warehouse was operating at a particularly high volume, *i.e.*, "peak seasons."

44. In 2021, the peak season was from the beginning of November to the end of December.

45. In 2022, the peak season was from the beginning of October to the end of December.

46. Ms. Nguyen was also expected to be available to respond to emails outside of her work hours.

47. Exel knew that Ms. Nguyen worked in excess of 40 hours per week due to the demands of her position.

48. Ms. Nguyen frequently worked on-site outside of her scheduled shift times.

49. Additionally, Ms. Nguyen sent emails before and after her scheduled shift showing that she was working in excess of her scheduled hours.

50. Exel, however, failed to maintain accurate records of the hours Ms. Nguyen worked.

51. Exel's failure to keep complete and accurate records of Ms. Nguyen's hours worked violated the FLSA's recordkeeping requirement.

52. During the duration of her employment with Exel, Exel paid Ms. Nguyen a fixed annual salary paid on a bi-weekly basis.

53. During the time Ms. Nguyen was paid a fixed salary, Exel failed to pay Ms. Nguyen any wages for hours worked in excess of 40 per week.

54. Exel did not pay Ms. Nguyen 1.5 times her regular hourly rate for all hours worked over 40 per workweek.

55. Exel knew or should have known that Ms. Nguyen worked uncompensated overtime hours during the time she was paid a fixed salary.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

56. For the duration of her employment, Ms. Nguyen was entitled to 1.5 times her regular rate of pay for all hours worked over 40 per week.

57. Ms. Nguyen regularly worked more than 40 hours per week.

58. While Exel failed to keep accurate records of the hours that Ms. Nguyen

worked, Exel knew she regularly worked more than 40 hours per week.

59. Exel failed to pay Ms. Nguyen 1.5 times her regular rate of pay for all hours worked over 40 per week in violation of the FLSA.

60. Exel's failure to pay Ms. Nguyen 1.5 times her regular rate of pay for all hours worked over 40 per week was a willful violation of the FLSA.

61. Because Exel willfully violated Ms. Nguyen's rights under the FLSA, Ms. Nguyen is entitled to all unpaid overtime wages dating back three years prior to the filing of this action, an equal amount in liquidated damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Ms. Nguyen respectfully requests that the Court enter judgment in her favor:

(1) That Exel violated Ms. Nguyen's rights under the FLSA;

(2) That Exel's violations of Ms. Nguyen's rights under the FLSA were willful;

(3) Award Ms. Nguyen all unpaid overtime wages for a period of three years;

(4) Award Ms. Nguyen liquidated damages in an amount equal to her unpaid wages;

(5) Award Ms. Nguyen her reasonable attorney's fees, costs, and expenses;

and

    (6)    Award all other relief to which Ms. Nguyen may be entitled.

## DEMAND FOR TRIAL BY JURY

Ms. Nguyen requests a trial by jury under Fed. R. Civ. P. 38.

Respectfully submitted, Friday, June 23, 2023.

|  |  |
|---|---|
|  | *s/John L. Mays* |
| **PARKS, CHESIN & WALBERT, P.C.** | John L. Mays |
| 75 14th Street NE, Suite 2600 | Georgia Bar No. 986574 |
| Atlanta, GA 30309 | Evan Drew |
| (404) 873-8000 | Georgia Bar No. 747996 |
| jmays@pcwlawfirm.com |  |
| edrew@pcwlawfirm.com | *Counsel for Plaintiff* |