IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sherrell Hunter, | ) | |
| | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT WITH** |
| Reliant Capital Solutions, LLC | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Sherrell Hunter, is a natural person who resides in DeKalb County, Georgia.

2. Defendant, Reliant Capital Services, is a foreign limited liability corporation headquartered in Ohio. It is registered to do business in Georgia and can

1

be served through its registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division as both the conduct complained of herein and the Defendant's Registered Agent are both located in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of a deficiency arising out of educational services and is, therefore, a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As a result of her disability, and inability to maintain employment, the Plaintiff has fallen behind on a number of consumer debts.

14. Plaintiff recently became aware of the Defendant seeking to collect a debt owed to Grand Canyon University related to educational services applied for by the Plaintiff and following her registration with that institution.

15. On June 7th, 2023, the Plaintiff responded to Defendant's communications by placing a call to the Defendant. At that time, she was connected to an individual identifying themselves as an agent of the Defendant.

16. After verifying the Plaintiff's identity, the Defendant confirmed it was collecting a debt on behalf of Grand Canyon University in the amount of $2,260.00.

17. The Defendant asked if this was a debt for which the Plaintiff would require a payment plan. The Plaintiff responded that she simply did not know, and that she was trying to figure out how much she owed. The Plaintiff went on to explain that while she wanted to resolve the account, she was having an extremely difficult time financially.

18. The Defendant responded by advising the Plaintiff that she likely would qualify for "a hardship program" that would require her to pay $25.00 a month. The Defendant advised that this would slowly decrease her balance.

19. The Defendant then warned the Plaintiff that it only had a certain amount of time to work with the Plaintiff and that while the account as placed reflected only the principle amount due, if Grand Canyon University moved the account out of Defendant's office, it would reassess the account which could result in the Plaintiff being charged interest, collection fees, penalty fees, and additional charges. The call ended shortly thereafter.

20.     The Defendant's warning caused a great deal of anxiety in the Plaintiff, and she spent the next several days not only pouring over her budget to see if she would forestall being charged additional fees, but contacting relatives seeking to obtain financial assistance. The Plaintiff's embarrassment in having to pursue this course was overshadowed only by her fear of significant additional fees and interest being applied to the account if she did not quickly enter into a payment program with Defendant.

21.     The Plaintiff's obligation to GCU is governed by a promissory note. That note does not provide for the assessment of nor does it allow GCU to "add collection fees, penalty fees."  The contract governing the Plaintiff's debt only allows GCU to recover actual expenses and fees paid in the course of collection.

22.     The Defendant's representations to the Plaintiff regarding the assessment of collection and penalty fees were objectively false and materially misleading and designed solely to create a false sense of urgency and anxiety in the Plaintiff.

**INJURIES-IN-FACT AND DAMAGES**

23.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including, but not limited to, the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and

c.) Anxiety and worry caused by concern that Plaintiff was facing the assessment of various fees if she was unable to begin a payment plan. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her

demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

27. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

28. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

30. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a

non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

31. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

32. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

33. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

The Defendant's representations to the Plaintiff regarding the assessment of interest, collection fees, and penalty fees in the event that the account was reassigned to a different collection agency were violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

*Violations of 15 U.SC. § 1692f and its subparts*

34. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon the perceived fear and lack of sophistication of the Plaintiff.

35. It violated other provisions of the Act to facilitate collection and, when it became clear payment by the Plaintiff was impossible, it sought to harass and embarrass the Plaintiff.

36. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

38. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

39. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

40. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

41. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

42. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

43. Defendant's conduct has implications for the consuming public in general.

44. Defendant's conduct negatively impacts the consumer marketplace.

45. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

46. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

49. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 22nd day of June, 2023.

            **BERRY & ASSOCIATES**

            */s/ Matthew T. Berry*
            Matthew T. Berry
            Georgia Bar No.: 055663
            matt@mattberry.com
            2751 Buford Highway, Suite 600
            Atlanta, GA 30324
            Ph. (404) 235-3334
            Fax (404) 235-3333

            *Plaintiff's Attorney*