IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TIMOTHY TIDWELL, Individually,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | Case No.: |
| : | |
| **CAPTAIN D'S LLC, a Delaware Limited** : | |
| **Liability Company,** : | |
| : | |
| : | |
| **Defendant.** : | |

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CAPTAIN D'S LLC (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1. Defendant's property Captain D's is located at 2065 Metropolitan Parkway SW, Atlanta, GA 30315 in the County of Fulton (hereinafter referred to as "Defendant's property" or "subject property").

2. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. §1367.

4. Plaintiff TIMOTHY TIDWELL is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to ambulate.

5. Mr. Tidwell has been a customer of the subject Captain D's on numerous occasions. He enjoys dining there, and lives less than 4 miles from the subject property.

6. Mr. Tidwell visited the subject property most recently on May 26, 2023.

7. During his visit, Plaintiff encountered numerous architectural barriers at the subject property which impaired his use of the facilities and have endangered his safety at the facilities and his ability to use the restroom.

8. He intends to continue to return to the subject property in the near future and on a regular basis to purchase food.

9. Defendant owns, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

10. The place of public accommodation that the Defendant owns, leases, leases to, or operates is Captain D's located at 2065 Metropolitan Parkway SW, Atlanta, GA 30315.

11. Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations set forth in this Complaint.

12. Plaintiff has reasonable grounds to believe that he will continue to be subjected to

discrimination in violation of the ADA by the Defendant.

13. Timothy Tidwell has visited the subject property and desires to visit the subject property again in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the subject property has shown that violations exist.

17. The violations that Mr. Tidwell has personally observed or encountered, and which have been verified, are set forth in the following paragraphs.

18. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff.

19. This violates section 28 CFR §36.211.

20. The facility does not provide a compliant accessible route from the public streets and sidewalks to the facility entrances they serve.

21. Same is in violation of section 206.2.1 of the 2010 ADA Standards, whose

resolution is readily achievable.

22. The parking stall striping is dilapidated and faded.

23. Same is in violation of sections CFR 36.211 and 502.2 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The accessible parking stalls are missing the accessible parking signage with the International Symbol of Accessibility (ISA).

25. Same is in violation of sections 502.6 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

26. The accessible parking stalls and the access aisle have cross slopes that exceed the maximum slope allowance of 2%.

27. Same is in violation of section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

28. The facility does not provide directional signage at the non-accessible entrance to the accessible entrance as required.

29. Same is in violation of sections 216.6 and 703.5 in the 2010 ADA Standards, whose resolution is readily achievable.

30. The plaintiff had to use caution when utilizing the lavatory due to drainpipe and water supply lines being exposed and in need of insulation.

31. Same is in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

32. The mirror exceeds the maximum height requirement of 40 inches above the finish floor measured to the rim of the reflecting surface.

33. Same is in violation of section 603.3 of the 2010 ADA Standards, whose resolution

is readily achievable.

34. The soap dispenser is not operable with one hand.

35. Same is in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

36. The rear wall grab bar is missing.

37. Same is in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

38. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act.  This facility does not meet with all of these Standards, whose remedy is readily achievable.

39. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

40. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

41. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

42. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The

individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

43. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to

Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

46. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

    **WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  June 26, 2023    Respectfully submitted,

         <u>/s/ Richard A. Rice, Jr.</u>
         Richard A. Rice, Jr., Esq.
         GA Bar No. 603203

         THE RICE LAW FIRM, LLC
         3151 Maple Drive NE
         Atlanta, GA 30305
         Phone: (404) 845-0783
         Fax: (404) 481-3057
         richard.rice@trlfirm.com

         Brandon A. Rotbart (Pro Hac Vice Pending)
         LAW OFFICE OF BRANDON A. ROTBART, P.A.
         11098 Biscayne Blvd., Suite 401-18
         Miami, FL 33161
         Phone: (305) 350-7400
         rotbart@rotbartlaw.com

         *Counsel for Plaintiff Timothy Tidwell*