**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINY LAWRENCE and JEFF JONES, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| RICHARD LEGACY, LLC d/b/a CHICK-FIL-A | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Destiny Lawrence ("Lawrence") and Jeff Jones ("Jones" or collectively "Plaintiffs") submit the following Complaint against Defendant Richard Legacy, LLC d/b/a/ Chick-fil-A ("Defendant" or "Chick-fil-A"). Plaintiffs respectfully show this Court as follows:

## INTRODUCTION

1.     This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") as well as discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiffs seeks declaratory and injunctive relief, back pay,

front pay, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs.

## <u>JURISDICTION AND VENUE</u>

**2.**     Plaintiffs' Title VII and ADA claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

**3.**     Plaintiffs further invoke pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

**4.**     Venue is appropriate in this Court as upon information and belief, the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia, and upon information and belief, all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## <u>PARTIES</u>

**5.**     Plaintiffs are former employees of Defendant.

**6.**     Defendant is a domestic for-profit corporation registered to conduct business in the state of Georgia.

**7.**     Defendant may be served through its registered agent if service of process is not waived:

> Registered Agent Name: **Alphonso Richard**
> Physical Address: **165 Durham Lake Pkwy, Fairburn, GA, 30213, USA**
> County: **Fulton**

**8.**     This Court has personal jurisdiction over Defendant.

## ADMINISTRATIVE PROCEEDINGS

**9.**     On January 24, 2020, Lawrence timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Attached hereto and incorporated herein is **Exhibit A**.

**10.**     On January 24, 2020, Jones timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Attached hereto and incorporated herein is **Exhibit B**.

**11.**     On March 27, 2023, the EEOC issued Lawrence her notice of right to sue. Attached hereto and incorporated herein is **Exhibit C**.

**12.**     On March 27, 2023, the EEOC issued Jones his notice of right to sue. Attached hereto and incorporated herein is **Exhibit D**.

**13.**     Plaintiffs have exhausted their administrative remedies prerequisite to the filing this suit pursuant to Title VII and the ADA.

**14.**   Suit has been filed within 90 days of Plaintiffs' receipt of their respective notice of right to sue.

## STATEMENT OF FACTS

**15.**   Defendant owns and operates a Chick-fil-A franchise in East Point, Georgia.

**16.**   During all time relevant to this lawsuit, the Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

**17.**   Defendant is an entity covered by the ADA.

**18.**   Lawrence began working for Chick-fil-A on or about May 2, 2014, and specifically began working for Defendant at the franchise location located in East Point, Georgia on or about October 6, 2018.

**19.**   In 2018, Jones began working for Chick-fil-A at the same location as Lawrence.

**20.**   Defendant is owned and operated by Alphonso Richard ("Mr. Richard").

**21.**   Shortly after Lawrence began working for Defendant's East Point location in 2018, Muna, a manager, began to ask Plaintiff a lot of questions about her dating life and often told Plaintiff how attractive he found her.

**22.**   Muna was a member of Chick-fil-A's leadership team.

**23.**   Muna's comments were sexual in nature and often made Lawrence uncomfortable.

**24.**   Lawrence repeatedly responded to Muna by letting him know that she was not interested and that his comments made her uncomfortable.

**25.**   Lawrence's complaints constitute protected conduct under Title VII and comply with Chick-fil-A's sexual harassment policy.

**26.**   Nonetheless, Muna continued to harass Plaintiff.

**27.**   During one instance while Lawrence was working, a Nicki Minaj song played on the radio that contained the lyrics, "It's not your spit game, it's your d*ck game." Muna asked for that part of the song to be replayed while he looked at Plaintiff and laughed, making her extremely uncomfortable.

**28.**   Lawrence's boyfriend, Jones, was an assistant manager for Defendant. He witnessed the incident above cited regarding the Nicki Minaj song.

**29.**   Jones felt that Lawrence was being sexually harassed.

**30.**   Jones told Muna that his actions constituted sexual harassment and that he needed to stop.

**31.**   Muna's brother, Chuka, was the store manager.

**32.**   Chuka overheard Plaintiffs complaints to Muna.

**33.**     After this incident, Plaintiff complained again to Terrence Dantignac and Yvonne Ford, who were managers in the store.

**34.**     In response, Defendant told Lawrence that she was terminated.

**35.**     Lawrence and Jones were rehired after termination.

**36.**     After their rehire, Defendant retaliated against Plaintiffs.

**37.**     It was evident to Lawrence upon her return that Muna and Chuka were not happy she was back and began discriminating against her due to her disability.

**38.**     Lawrence suffers from Multiple Sclerosis ("MS").

**39.**     Lawrence's Disability constitutes a chronic condition disability as defined by the ADA.

**40.**     Defendant was aware of Lawrence's Disability.

**41.**     Throughout the course of her employment, Lawrence often asked for accommodations due to her MS, but those requests were denied, and Defendant consistently refused to engage in the process to determine reasonable accommodations.

**42.**     For example, Lawrence asked to be able to wear two gloves when handling hot chicken, an accommodation allowed another employee who was allergic to chicken. This request was denied by Muna, Chuka, and Terrence.

**43.**     Lawrence also requested that she not be assigned to the French fry station because she had numbness in her hands and difficulty handling the baskets, and Muna and Chuka laughed at her request.

**44.**     Lawrence was hospitalized four times during 2019 for her MS, and each time she returned to work, she was written up, despite the fact that Defendant knew of her disability.

**45.**     Further, Lawrence often had her hours cut or her complete removal from the schedule when she returned from hospitalization.

**46.**     Defendant's refusal to engage in the process to determine reasonable accommodations was discriminatory and violated the ADA.

**47.**     After Jones' return, his hours fluctuated substantially, and he was often given the least desirable shifts.

**48.**     Further, Chuck and Muna repeatedly called Jones into the office and counseled him for things that no other employees were counseled for.

**49.**     On or about January 16, 2020, another employee, Shamond Jackson, splashed water on Lawrence.

**50.**     Plaintiffs told Jackson that he should apologize.

**51.**     Jackson complained to Chuka.

**52.**    In retaliation for Plaintiffs' complaints about the sexual harassment Lawrence experienced and the discrimination based on her disability, Chuka terminated both Lawrence and Jones.

**53.**    Lawrence was discharged by Defendant in violation of Title VII and the ADA.

**54.**    Jones was discharged by Defendant in violation of Title VII.

**COUNT I**

**VIOLATION OF ADA**

**55.**    Lawrence incorporates by refence each and every preceding paragraph of this Complaint.

**56.**    Lawrence has a disability as defined by the ADA.

**57.**    As detailed above, Defendant was aware of Lawrence's disability and her need for accommodations.

**58.**    Among other things, Defendant refused Lawrence's requests to use two gloves when handling hot chicken and to not be assigned to the French fry station.

**59.**    Defendant refused to further engage in the deliberative process to come up with reasonable accommodations.

**60.**    Defendant's actions violated the ADA.

**61.**     As a direct and proximate result of Defendant's intentional discrimination, Lawrence has suffered damages, including but not limited to loss of pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION

**62.**     Plaintiffs hereby incorporates each and every preceding paragraph as if set forth fully herein.

**63.**     Plaintiffs engaged in protected activity under the ADA and Title VII.

**64.**     In response, Defendant retaliated against Plaintiffs.

**65.**     Specifically, Lawrence was retaliated against (1) when her reasonable accommodations were denied, (2) when she was treated differently than her co-workers as detailed above, and (3) when she was terminated two times as a result of her complaints of sexual harassment.

**66.**     Specifically, Jones was retaliated against (1) when as detailed above he was treated differently than his co-workers after supporting Lawrence's claims of sexual harassment, and (3) when he was terminated two times as a result of his support of Lawrence's complaints of sexual harassment.

**67.** Defendant's actions constitute unlawful retaliation in violation of the ADA and Title VII, as amended.

**68.** Defendant willfully and wantonly disregarded Plaintiffs' rights and Defendant's discrimination and retaliation against Plaintiffs was undertaken intentionally and in bad faith.

**69.** As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiffs have suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because they exercised their rights under Title VII and the ADA.

**70.** As a result, Plaintiffs are entitled to both equitable and monetary relief in all forms provided by law.

**71.** Plaintiffs seek all remedies available to them by law or equity.

**WHEREFORE**, Plaintiffs demand a trial by jury and for the following relief:

(a)   a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADA and Title VII;

(b)   an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADA and Title VII;

(c)    full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiffs would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    front pay to compensate Plaintiffs for lost future wages, benefits, and pension;

(e)    liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiffs' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)    punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiffs and deter it from similar conduct in the future;

 (g)    reasonable attorney's fees and costs; and

 (h)    nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 25th day of June, 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com

Attorney for Plaintiffs
THE MIXON LAW FIRM
3344 Peachtree Street
Suite 800
Atlanta, Georgia 30326
Telephone: (770) 955-0100