IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>Plaintiff,<br><br>v.<br><br>SUSANNE PESTERFIELD, HUGH PERRY III, NANNETTA PERRY, ANTHONY SMITH, and TAMARA SMITH,<br><br>Defendants. | CIVIL ACTION FILE NO.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Great Lakes Insurance SE ("Great Lakes") files this Complaint for Declaratory Judgment against Defendants Susanne Pesterfield ("Pesterfield"), Hugh Perry III ("Hugh Perry"), Nannetta Perry ("Nannetta Perry"), Anthony Smith ("Anthony Smith"), and Tamara Smith ("Tamara Smith"), (collectively, "Defendants"), showing the Court as follows:

## NATURE OF THE ACTION

1. This insurance coverage declaratory judgment action arises out of Pesterfield's claim that Great Lakes owes her a defense and indemnification in connection with an underlying action styled *Hugh Perry et al. v. Susanne Pesterfield*, Civil Action No. SUV2022000341, in the Superior Court of Fannin County, Georgia

(the "Underlying Lawsuit" or the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit **A**.

2. Great Lakes joins Hugh Perry III, Nannetta Perry, Anthony Smith, and Tamara Smith (collectively, the "Underlying Plaintiffs") as defendants to this lawsuit to ensure that it can obtain complete relief by resolving all issues between the parties.

3. Great Lakes seeks a judicial declaration that it has no duty to defend or indemnify Pesterfield in the Underlying Lawsuit under the insurance policy Great Lakes issued to Pesterfield.

## THE PARTIES

4. Great Lakes is a German entity formed under the laws of Germany. It is a citizen and resident of Germany, with its principal place of business at Koniginstrabe 107, 80802 Munchen, Germany.

5. Susanne Pesterfield is a resident of Georgia and may be served at her residence at 175 Big Creek Vista, Cherry Log, Georgia 30522.

6. Hugh Perry III is a resident of Georgia and may be served at his residence at 321 Big Creek Vista, Cherry Log, Georgia 30522.

7. Nannetta Perry is a resident of Georgia and may be served at her residence at 321 Big Creek Vista, Cherry Log, Georgia 30522.

8. Anthony Smith is a resident of Georgia and may be served at his residence at 365 Big Creek Vista, Cherry Log, Georgia 30522.

9. Tamara Smith is a resident of Georgia and may be served at her residence at 365 Big Creek Vista, Cherry Log, Georgia 30522.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendants because they are citizens and residents of the State of Georgia.

11. This Court has subject matter jurisdiction over each of the claims in this lawsuit based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction, because Great Lakes has complete diversity of citizenship from Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest of costs.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and are residents of the State of Georgia.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

14. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Great Lakes' obligations under a policy of insurance issued to Pesterfield. Great Lakes is uncertain as to its duties, rights, and obligations and

files this declaratory judgment action to resolve questions of coverage under the insurance policy, including Defendants' rights to defense and indemnity from the Underlying Lawsuit. An actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any, under the policy. Thus, Great Lakes is entitled to bring this declaratory judgment action in this Court.

## FACTUAL BACKGROUND

15. The Underlying Plaintiffs possess a twenty (20) foot easement across Pesterfield's property at 175 Big Creek Vista, Cherry Log, Georgia 30522 (the "Property") for ingress, egress, and utilities.

16. According to the Underlying Plaintiffs, Pesterfield has intentionally blocked and interfered with the Underlying Plaintiffs' ingress and egress.

17. Further, the Underlying Plaintiffs allege that Pesterfield and her agents have threatened the Underlying Plaintiffs' neighbors while being upon the easement.

18. The Underlying Plaintiffs also allege that Pesterfield has published defamatory statements regarding the Underlying Plaintiffs related to the easement on social media.

19. On September 9, 2022, the Underlying Plaintiffs sued Pesterfield in the Superior Court of Fannin County, Georgia in connection with the allegations described above.

20. The Underlying Complaint enumerates five causes of action: (1) Count One – Declaratory Judgment; (2) Count Two – Intentional Interference with Easement Rights; (3) Count Three – Preliminary and Permanent Injunction; (4) Count Four – Punitive Damages; and (5) Count Five – Attorneys' Fees Pursuant to O.C.G.A. § 13-6-11 and § 9-15-14. (*See generally* Compl.).

21. The Underlying Complaint seeks various forms of relief, including injunctive relief, a judicial declaration, general damages, punitive damages, and attorneys' fees. (*See generally* Compl.).

22. Policy No. BCIH1GA220090 (the "Policy"), which Great Lakes issued to Pesterfield for the period of February 15, 2022, to February 15, 2023, provided certain property damage and liability coverage to Pesterfield with respect to the Property, subject to the Policy's terms, conditions, limitations, and exclusions. A true and correct copy of the Policy is attached hereto as Exhibit **B**.

23. Pesterfield sought a defense and indemnification with respect to the Underlying Lawsuit under the Policy.

24. Great Lakes undertook the defense of Pesterfield in the Underlying Lawsuit subject to a complete reservation of rights. A true and correct copy of the reservation of rights correspondence issued to Pesterfield is attached hereto as Exhibit **C**.

## THE POLICY

25. The Policy's Personal Liability Coverage Form provides Great Lakes will pay sums Pesterfield becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policy applies, and Great Lakes will defend Pesterfield against any suit seeking those damages. (Policy, GLK HO 4009 04 12, p. 1 of 1).

26. The Policy defines "property damage" as "physical injury to, destruction of, or loss of use of tangible property." (Policy, HO 00 03 05 11, p. 2 of 24).

27. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" which results in bodily injury or property damage. (Policy, HO 00 03 05 11, p. 2 of 24).

28. The Policy contains an Expected or Intended Injury Exclusion endorsement, stating that the Policy does not provide coverage for "'property damage' which is expected or intended by an 'insured,'" even if the resulting

property damage is "of a different kind, quality or degree than initially expected or intended," or "is sustained by a different person, entity or property than initially expected or intended." (Policy, HO 00 03 05 11, p. 19 of 24).

29. The Policy provides that Personal Liability coverage does not apply to:

> "Property damage" to property owned by an "insured". This includes costs or expenses incurred by an "insured" or others to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from an "insured location."

(Policy, HO 00 03 05 11, p. 20 of 24).

30. The Policy contains a Punitive Damages exclusion, which states that the Personal Liability coverage does not apply to "a claim of or indemnification for punitive or exemplary damages. Punitive or exemplary damage also includes any damages award pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages." (Policy, GLK HO 5009 09 14, p. 1 of 1).

31. The Policy contains an Assault or Battery exclusion, which states that the Policy does not provide coverage for "any 'occurrence' arising out of 'assault', 'battery', or 'physical altercation' that occurs in, on, near, or away from a 'insured

7

location' and results in 'bodily injury' or 'property damage.'" (Policy, GLK HO 4001 04 12).

32.     The Policy defines assault as "any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury." (*Id.*).

### COUNT I – DECLARATORY JUDGMENT: THE POLICY DOES NOT PROVIDE COVERAGE FOR CLAIMS FOR RELIEF OTHER THAN DAMAGES

33.     Great Lakes repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

34.     Counts One (1) and (3) of the Underlying Lawsuit do not seek damages.

35.     Counts One (1) and (3) of the Underlying Lawsuit expressly seek equitable relief in the form of a judicial declaration and injunctive relief.

36.     Therefore, the claims alleged in Counts One (1) and Three (3) of the Underlying Lawsuit do not trigger a duty to defend or indemnify under the Policy.

37.     Accordingly, Great Lakes is entitled to a declaration that the Policy does not provide coverage to Pesterfield—nor any other Defendant—in connection with Counts One (1) and Three (3) of the Underlying Lawsuit, as the claims in Counts One (1) and Three (3) of the Underlying Lawsuit do not fall under the insuring agreement of the Policy.

## COUNT II – DECLARATORY JUDGMENT: INTENTIONAL ACTS ARE NOT COVERED UNDER THE POLICY

38. Great Lakes repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

39. Count Two (2) of the Underlying Lawsuit seeks damages based on alleged Intentional Interference with Easement Rights.

40. The Policy does not provide coverage for "property damage" that is expected or intended by an insured.

41. The Underlying Lawsuit alleges that Pesterfield has acted intentionally to prevent the Underlying Plaintiffs from full use and enjoyment of their easement.

42. Therefore, under the Policy's Expected or Intended Injury Exclusion, the Policy does not apply to Count Two (2) of the Underlying Lawsuit.

43. Accordingly, Great Lakes is entitled to a declaration that the Policy does not provide coverage to Pesterfield—nor any other Defendant—in connection with Count Two (2) of the Underlying Lawsuit, as the claims in Count Two (2) of the Underlying Lawsuit are based on intentional conduct.

## COUNT III – DECLARATORY JUDGMENT: PUNITIVE DAMAGES AND STATUTORY ATTORNEYS' FEES ARE NOT COVERED UNDER THE POLICY

44. Great Lakes repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

45. Counts Four (4) and Five (5) of the Underlying Complaint seek punitive damages and statutory attorneys' fees.

46. The Policy does not cover punitive damages or damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

47. Accordingly, Great Lakes is entitled to a declaration that the Policy does not provide coverage for punitive damages or attorneys' fees, as such damages are precluded by the Policy's Punitive or Exemplary Damage Exclusion. Great Lakes is also entitled to a declaration that it has no duty to defend or indemnify any Defendant in connection with Counts Four (4) and Five (5) of the Underlying Lawsuit.

### COUNT III – DECLARATORY JUDGMENT: ASSAULT OR BATTERY ARE NOT COVERED UNDER THE POLICY

48. Great Lakes repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

49. Count Two (2) of the Underlying Lawsuit seeks damages based on Intentional Interference with Easement Rights.

50. The Policy does not cover any occurrence arising out of assault, defined as any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury.

51. The Underlying Lawsuit alleges that Pesterfield's actions of threatening the Underlying Plaintiffs' neighbors has prevented the Underlying Plaintiffs from being able to have full use and enjoyment of their easement.

52. Accordingly, Great Lakes is entitled to a declaration that the Policy does not provide coverage for Count Two (2) of the Underlying Lawsuit. Great Lakes is also entitled to a declaration that it has no duty to defend or indemnify any Defendant in connection with Count Two (2) of the Underlying Lawsuit.

### **COUNT IV – DECLARATORY JUDGMENT: GREAT LAKES IS ENTITLED TO RECOVER EXPENSES INCURRED IN DEFENDING PESTERFIELD AGAINST THE UNDERLYING LAWSUIT**

53. Great Lakes repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

54. Great Lakes agreed to defend Pesterfield against the Underlying Lawsuit subject to a full and complete reservation of rights.

55. In the reservation of rights, Great Lakes expressly stated that it reserved the right to seek recovery of any non-covered defense costs and attorneys' fees.

56. For the reasons detailed in this declaratory judgment action, Pesterfield is not entitled to defense or indemnity for any of the claims asserted in the Underlying Lawsuit.

57. Accordingly, Great Lakes is entitled to a declaration that Pesterfield must reimburse it for the defense costs and attorneys' fees it expended on its defense of Pesterfield in the Underlying Lawsuit.

**WHEREFORE**, Great Lakes respectfully requests that the Court:

(1) Declare that the Policy's Expected or Intended Injury Exclusion bars coverage in connection with the Underlying Lawsuit, and therefore, Great Lakes does not owe any Defendant a defense or indemnity from the Underlying Lawsuit;

(2) Declare that the Underlying Lawsuit does not seek "damages" and therefore, Great Lakes does not owe any Defendant a defense or indemnity from the Underlying Lawsuit;

(3) Declare that the Policy bars coverage for any punitive damages and statutory attorneys' fees awarded in connection with the Underlying Lawsuit;

(4) Declare that Great Lakes is entitled to recover expenses incurred relating to the defense it provided Pesterfield against the Underlying Lawsuit subject to a reservation of rights; and

(5) Award Great Lakes such other further relief that the Court may deem just and proper.

[CONTINUED FROM PREVIOUS PAGE NO. 12]

Respectfully submitted this 27th day of June, 2023.

**FIELDS HOWELL LLP**
665 8th Street N.W.
Atlanta, Georgia  30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
akirk@fieldshowell.com
tlear@fieldshowell.com

/s/ Taylor N. Lear
Ann T. Kirk
Georgia Bar No.:  101047
Taylor N. Lear
Georgia Bar No.:  771330

*Counsel for Great Lakes Insurance SE*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>Plaintiff,<br><br>v.<br><br>SUSANNE PESTERFIELD, HUGH PERRY III, NANNETTA PERRY, ANTHONY SMITH, and TAMARA SMITH,<br><br>Defendants. | CIVIL ACTION FILE NO.: _____ |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This 27th day of June, 2023.

**FIELDS HOWELL LLP**
665 8th Street N.W.
Atlanta, Georgia  30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
akirk@fieldshowell.com
tlear@fieldshowell.com

/s/ *Taylor N. Lear*
Ann T. Kirk
Georgia Bar No.:  101047
Taylor N. Lear
Georgia Bar No.:  771330
*Counsel for Great Lakes Insurance SE*