# EXHIBIT A
# to Complaint for DJ
# Underlying Complaint

## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. SUV2022000341 | Superior Court ☒   Magistrate Court ☐ |
| | State Court ☐   Probate Court ☐ |
| Date Filed 09/09/22 06:07 PM | Juvenile Court ☐ |
| | Georgia, **FANNIN** COUNTY |
| Attorney's Address Weaver, George | PERRY, HUGH III; PERRY, NANNETTA; SMTIH, |
| Law Office of George W. Weaver | ANTHONY; SMITH, TAMARA |
| 150 North Main Street | |
| Jasper, GEORGIA 30143- | Plaintiff |
| | VS. |
| | PESTERFIELD, SUSANNE |
| Name and Address of Party to be Served. | |
| PESTERFIELD, SUSANNE | |
| | Defendant |
| 175 BIG CREEK VISTA | |
| CHERRY LOG, GEORGIA 30522 | |
| | Garnishee |

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant _Susan Pesterfield_ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows: age, about ___ years; weight ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This 9th day of Sept., 20 22

_____ Deputy

## SUPERIOR COURT OF FANNIN COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FANNIN COUNTY, GEORGIA
**SUV2022000341**
MBP
SEP 09, 2022 06:07 PM

Dana Chastain, Clerk
Fannin County, Georgia

CIVIL ACTION NUMBER SUV2022000341

PERRY, HUGH III
PERRY, NANNETTA
SMTIH, ANTHONY
SMITH, TAMARA

**PLAINTIFF**

VS.

PESTERFIELD, SUSANNE

**DEFENDANT**

### SUMMONS

TO: PESTERFIELD, SUSANNE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

George Weaver
Law Office of George W. Weaver
150 North Main Street
Jasper, Georgia 30143

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of September, 2022.**

Clerk of Superior Court

Dana Chastain, Clerk
Fannin County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FANNIN COUNTY, GEORGIA
**SUV2022000341**
MBP
SEP 09, 2022 06:07 PM

Dana Chastain, Clerk
Fannin County, Georgia

IN THE SUPERIOR COURT OF FANNIN COUNTY

STATE OF GEORGIA

| | |
|---|---|
| HUGH PERRY, III., <br> NANNETTA PERRY, <br> ANTHONY SMITH, and <br> TAMARA SMITH <br><br> PLAINTIFFS, <br><br> VS. <br><br> SUSANNE PESTERFIELD, <br><br> DEFENDANT. | \* <br> \* <br> \* <br> \* <br> \* CIVIL ACTION FILE NO. <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* |

## COMPLAINT

COME NOW, the Plaintiffs herein, HUGH PERRY, III., NANNETTA PERRY, ANTHONY SMITH, and TAMARA SMITH (hereinafter "Plaintiffs" collectively) file this their Complaint against the Defendant herein, Susanne R. Pesterfield, and shows this Honorable Court as follows:

*Parties*

1.

Plaintiff Hugh Perry, III., is a resident of Fannin County, Georgia.

2.

Plaintiff Nannetta Perry is a resident of Fannin County, Georgia.

3.

Plaintiffs Hugh Perry, III. and Nannetta Perry are the owners of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, Fannin County, Georgia, containing 3.74 acres, more or less, as set forth on plat of survey by Richard E. Nutt, GRLS No. 1797, dated July 2, 2004 and recorded in Plat Hanger D-108, Page 7, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

4.

Plaintiff Anthony Smith is a resident of Fannin County, Georgia.

5.

Plaintiff Tamara Smith is a resident of Fannin County, Georgia.

6.

Plaintiffs Anthony Smith and Tamara Smith are the owners of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, Fannin County, Georgia, containing 4.12 acres, more or less, as set forth on plat of survey by Thomas A. Dobson, GRLS No. 2205, dated January 6, 2002 and recorded in Plat Hanger C-356, Page 3, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

7.

Defendant Suzanne Pesterfield is a resident of Fannin County, Georgia, and may be served at the address: 175 Big Creek Vista, Cherry Log, Georgia 30522.

8.

To their best knowledge and belief, Plaintiffs show that Defendant Suzanne Pesterfield is the owner of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, 234, 235, and 236, Fannin County, Georgia containing 5.45 acres, more or less, as set forth on play of survey by Lane S. Bishop, GRLS No. 1575, dated December 27, 1991 and recorded in Plat Hanger A-49, Page 1, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

*Jurisdiction and Venue*

9.

Plaintiffs show that the parties, respective properties, and claims herein are subject to the jurisdiction of this Honorable Court, and venue is proper in Fannin County, Georgia.

*Brief Factual Background*

10.

Since approximately 2019, Plaintiffs Anthony Smith and Tamara Smith have been the owners of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, Fannin County, Georgia, containing 4.12 acres, more or less, as set forth on plat of survey by Thomas A. Dobson, GRLS No. 2205, dated January 6, 2002 and recorded in Plat Hanger C-356, Page 3, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

11.

Since approximately 2020, Plaintiffs Hugh Perry, III. and Nannetta Perry have been the owners of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, Fannin County, Georgia, containing 3.74 acres, more or less, as set forth on plat of survey by Richard E. Nutt, GRLS No. 1797, dated July 2, 2004 and recorded in Plat Hanger D-108, Page 7, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

12.

Plaintiffs show that their predecessors in title established a twenty (20) foot easement for ingress, egress, and utilities.

13.

Since approximately 2018, to their best knowledge and belief, Plaintiffs show that Defendant Suzanne Pesterfield is the owner of real property, described as follows:

> All that tract or parcel of land lying and being in the 7th District, 2nd Section, Land Lot 233, 234, 235, and 236, Fannin County, Georgia containing 5.45 acres, more or less, as set forth on play of survey by Lane S. Bishop, GRLS No. 1575, dated December 27, 1991 and recorded in Plat Hanger A-49, Page 1, Fannin County Records, to which reference is hereby made for a complete and accurate legal description.

14.

As such, Plaintiffs show that Respondent's property is the real property that is burdened by Plaintiffs' easement.

15.

Plaintiffs show the existing roadway within the easement is an improved road, to wit: asphalt pavement.

16.

Plaintiffs also show that the existing road is beginning to need repairs, as portions of the roadway is being damaged by Defendant's property and/or its traffic.

17.

Notwithstanding the recorded easement, Plaintiffs show that Defendant has intentionally blocked and interfered with Plaintiffs' ingress and egress.

18.

Notwithstanding the recorded easement, Plaintiffs show that Defendant, and Defendant's agents, have threatened Plaintiffs' neighbors while being upon Plaintiffs' easement.

19.

Notwithstanding the recorded easement, Plaintiffs show that Defendant, while using social media sites, have published defaming, slanderous, and/or libelous statements regarding the Plaintiffs because of issues related to Plaintiffs' easement.

### Count (1) One – Declaratory Judgment

20.

Plaintiffs reallege and incorporate Paragraphs 1 through 19 as if set forth herein verbatim.

21.

Plaintiffs show that there is an actual controversy between Plaintiffs and Defendant, and Defendant, without any legal justification, contends that Plaintiffs does not have the right to fully maintain the entire easement.

22.

Plaintiffs are entitled to a declaration that they have the right to maintain and improve the easement without interference from Defendant.

### Count (2) Two – Intentional Interference with Easement Rights

23.

Plaintiffs reallege and incorporate Paragraphs 1 through 22 as if set forth herein verbatim.

24.

Defendant's actions of intentionally parking her vehicle, as well as other vehicles, in the easement area so as to prevent Plaintiffs from accessing their easement and residences has prevented Plaintiffs from being able to have the full use and enjoyment of their easement.

25.

Defendant's actions of threatening Plaintiffs' neighbors, and their safety, has prevented Plaintiffs from being able to have the full use and enjoyment of their easement.

26.

Defendant's actions of allow her property to damage Plaintiffs' easement has prevented Plaintiffs from being able to have the full use and enjoyment of their easement.

27.

Plaintiffs are entitled to an award of damages, that includes, but is not limited to, all expenses Plaintiffs have incurred unnecessarily at this point, if any, because of Defendant's

actions, as well as damages from Plaintiffs inability to have the full use and enjoyment of their easement.

### Count (3) Three – Preliminary and Permanent Injunction

28.

Plaintiffs reallege and incorporate Paragraphs 1 through 27 as if set forth herein verbatim.

29.

Plaintiffs show that Defendant has taken actions, and continues to take actions, which interferes with Plaintiffs' ability to have the full use and enjoyment of their easement.

30.

A preliminary injunction to prevent Defendant from continuing to interfere with the Plaintiffs' rights to use their easement as outlined above is necessary to protect Plaintiffs' interests.

31.

A permanent injunction to prevent Defendant from continuing to interfere with the Plaintiffs' rights to use their easement as outlined above is necessary to protect Plaintiffs' interest.

### Count (4) Four – Punitive Damages

32.

Plaintiffs reallege and incorporate Paragraphs 1 through 31 as if set forth herein verbatim.

33.

Defendant's actions in this case demonstrate that entire want of care which raises the presumption of conscious indifference to consequences.

34.

Defendant's conduct has been willful, malicious, and/or reckless, and Defendant has acted with specific intent to cause harm to Plaintiffs.

35.

Due to this conduct, punitive damages should be awarded against Defendant to punish and deter her from engaging in similar conduct in the future.

### Count (5) Five – Attorney Fees Pursuant to O.C.G.A. § 13-6-11 and § 9-15-14

36.

Plaintiffs reallege and incorporate Paragraphs 1 through 35 as if set forth herein verbatim.

37.

Defendant has acted in bad faith, and has caused Plaintiffs unnecessary trouble and expense.

38.

Due to Defendant's actions, Plaintiffs have been forced to retain counsel and proceed with litigation. In doing so, Plaintiffs have incurred attorney's fees and other expenses of litigation.

39.

Accordingly, Plaintiffs specifically request that they be awarded expenses of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11 and § 9-15-14.

WHEREFORE, Plaintiffs pray that:

a) That summons issue in terms of law to the Defendant named herein;

b) That this Honorable Court enter judgment in favor of Plaintiffs on all Counts;

c) That Plaintiffs be awarded damages on all Counts;

d) A preliminary and permanent injunction issue in favor of Plaintiffs and against Defendant;

e) That Plaintiffs be awarded attorney's fees and costs/expenses of litigation; and

f) Any other and further relief that may be just and proper.

Respectfully submitted, this 9 day of September 2022.

150 North Main Street
Jasper, Georgia 30143
(706) 692-3527 Telephone
(706) 692-6687 Facsimile
gwweaver@ellijay.com

GEORGE W. WEAVER
STATE BAR NO. 743175
GEORGE W. WEAVER, JR.
STATE BAR NO. 171332
LAW OFFICE OF GEORGE W. WEAVER

**EFILED IN OFFICE**
**CLERK OF SUPERIOR COURT**
**FANNIN COUNTY, GEORGIA**

**SUV2022000341**
MBP

SEP 09, 2022 06:07 PM

Dana Chastain, Clerk
Fannin County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of **Fannin** County

**For Clerk Use Only**

Date Filed **09-09-2022**
MM-DD-YYYY

Case Number **SUV2022000341**

### Plaintiff(s)

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| PERRY, | HUGH III | | | |
| PERRY, | NANNETTA | | | |
| SMTIH, | ANTHONY | | | |
| SMITH, | TAMARA | | | |

### Defendant(s)

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| PESTERFIELD, | SUSANNE | | | |
| | | | | |
| | | | | |
| | | | | |

Plaintiff's Attorney **Weaver, George**    Bar Number **743175**    Self-Represented ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of  Fannin  County

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FANNIN COUNTY, GEORGIA
**SUV2022000341**
MBP
SEP 09, 2022 06:07 PM

Dana Chastain, Clerk
Fannin County, Georgia

**For Clerk Use Only**

Date Filed  09-09-2022 
MM-DD-YYYY

Case Number  SUV2022000341 

### Plaintiff(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| PERRY, | HUGH III | | | |
| PERRY, | NANNETTA | | | |
| SMTIH, | ANTHONY | | | |
| SMITH, | TAMARA | | | |

### Defendant(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| PESTERFIELD, | SUSANNE | | | |

**Plaintiff's Attorney**  Weaver, George     **Bar Number**  743175     **Self-Represented** ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
Case Number              Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20