# EXHIBIT C
# to Complaint for DJ
# Reservation of Rights
# Letter

**Fields Howell** LLP

665 8th Street NW
Atlanta, GA 30318
T 404.214.1250  F 404.214.1251

fieldshowell.com

**Ann T. Kirk**
D 404.214.1737
akirk@fieldshowell.com

June 6, 2023

**VIA E-MAIL & CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Susanne Pesterfield
175 Big Creek Vista
Cherry Log, Georgia  30522

| | | |
|---|---|---|
| **RE:** | **INSURED:** | SUSANNE PESTERFIELD |
| | **LITIGATION:** | *Hugh Perry III, Nannetta Perry, Anthony Smith, and Tamara Smith v. Susanne Pesterfield,* Civil Action No. SUV2022000341, Superior Court of Fannin County, State of Georgia |
| | **INSURED LOCATION:** | 175 Big Creek Vista, Cherry Log, Georgia  30522 |
| | **POLICY NO.:** | BCIH1GA220090 |
| | **POLICY PERIOD:** | February 15, 2022 to February 15, 2023 |
| | **IPG FILE NO.:** | 81355 |
| | **FH FILE NO.:** | 1000028.0126 |

**RESERVATION OF RIGHTS**

Dear Ms. Pesterfield:

We write on behalf of Great Lakes Insurance SE ("Great Lakes"), which issued Policy No. BCIH1GA220090 effective from February 15, 2022, to February 15, 2023 (the "Policy"), issued to Susanne Pesterfield (the "Insured" or "you"). We write regarding the above-referenced lawsuit captioned *Hugh Perry III, Nannetta Perry, Anthony Smith, and Tamara Smith v. Susanne Pesterfield,* Civil Action No. SUV2022000341 filed in the Superior Court of Fannin County, Georgia on September 9, 2022 ("the Lawsuit").

Great Lakes has reviewed the Complaint filed in that action and examined the allegations of the Complaint in light of the Policy's coverage provisions. Based on that evaluation, Great Lakes agrees to provide you with a defense against the Lawsuit, subject to a reservation of rights as outlined further below. In particular, Great Lakes must reserve the right to limit or disclaim coverage and withdraw their defense given the Policy provisions highlighted below.

If there is any additional information you believe is relevant to Great Lakes' analysis, or if you believe this letter misstates any relevant facts, please let us know immediately. In the meantime, neither Great Lakes' reservation of rights nor its provision of a defense of the Lawsuit is, or should be considered, a waiver or estoppel of any of Great Lakes' rights under the Policy or applicable law.

**I.    FACTUAL BACKGROUND**

We understand that you are the owner of real property located at 175 Big Creek Vista, Cherry Log, Georgia 30522 (the "Property"). Anthony Smith, Tamara Smith, Hugh Perry III, and Nannetta Perry (collectively, the "Plaintiffs") maintain a twenty (20) foot easement for ingress, egress, and utilities, which was established by Plaintiffs' predecessors in title. The Property is burdened by Plaintiffs' easement, which includes an existing improved roadway within the easement.

On September 9, 2022, Plaintiffs filed suit for damages and equitable relief arising out of the alleged interference with the easement and purported defamatory statements published by you. The Lawsuit alleges that you have (1) intentionally blocked and interfered with Plaintiffs' ingress and egress; (2) threatened

**FIELDS HOWELL LLP**

Susanne Pesterfield
June 6, 2023
Page 2

Plaintiffs' neighbors while being upon the easement; and (3) published defamatory statements regarding the Plaintiffs because of issues related to the easement.

The Lawsuit asserts five counts: (1) declaratory judgment, (2) intentional interference with easement rights, (3) preliminary and permanent injunction, (4) punitive damages, and (5) attorney's fees. Plaintiffs assert that you are liable for compensatory damages, punitive damages, attorney's fees, and the costs/expenses of litigation; Plaintiffs also assert they are entitled to a judicial declaration that they have the right to maintain and improve the easement without interference as well as preliminary and permanent injunctive relief.

We understand you filed an Answer and Counterclaim to the Lawsuit on October 20, 2022. We also understand that the parties have exchanged discovery requests and responses.

We understand that you retained attorney Deborah Shelles Cameron with the firm Mozley, Finlayson, Loggins as defense counsel. To date, you have incurred $16,111.35 in defense costs and have an outstanding balance of $12,915.00. On April 11, 2023, Canon Insurance Advisors, on your behalf, submitted a loss notice to Great Lakes for the Lawsuit.

## II.    POLICY DETAILS

Great Lakes issued Policy No. BCIH1GA220090 to Susanne Pesterfield for the period of February 15, 2022, to February 15, 2023. The Policy provides both first-party property and third-party personal liability coverage, subject to the Policy's terms, limitations, and exclusions. The personal liability coverage is subject to a $100,000 each occurrence limit.

## III.    COVERAGE ISSUES

Given the nature of the allegations in the Lawsuit, Great Lakes has analyzed coverage under Section II – Liability Coverages (Coverage E—Personal Liability) of the Policy.

The Policy's Personal Liability Coverage Form, Section II – Coverage E Personal Liability is amended by endorsement and provides the following grant of coverage:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence", and said damages and "occurrence" take place at the "residence premises" to which this coverage applies, we will:
>
> > 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> > 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate….
>
> Coverage E – Personal Liability requires that both the damages and the "occurrence" take place on the "residence premises".

(Policy, GLK HO 4009 04 12, p. 1 of 1). The Policy defines "residence premises" as the one-family dwelling where you reside or other structures and grounds at that location. (Policy, HO 00 03 05 11, p. 2 of 24). The Policy Declarations list the Property as the residence premises.

Given the information provided to date, Great Lakes acknowledges the potential for coverage under this provision. We understand that you have retained defense counsel in the Lawsuit. However, it is Great Lakes' preference to appoint panel counsel going forward, per the Policy. As such, we have proceeded to

**FIELDS HOWELL LLP**

Susanne Pesterfield
June 6, 2023
Page 3

instruct counsel with Richard E. Zelonka, Jr. at Wood, Smith Henning, & Berman LLP, and we will confirm those details to you separately. Mr. Zelonka will represent solely the interests of you and any other insured under the Policy named in the Lawsuit. Mr. Zelonka will provide a defense for the claims filed against you and any insured in the Lawsuit, but Great Lakes will not be responsible for costs associated with pursuit of the Counterclaim you have asserted in the Lawsuit.

Further, Great Lakes has identified several issues that may ultimately limit or preclude coverage in connection with this matter, including those highlighted below. Accordingly, Great Lakes reserves the right to withdraw its defense and deny coverage pursuant to the Policy's terms, including pursuant to Policy provisions not expressly discussed in this letter.

### A. Damages

The Policy only provides coverage for, and a duty to defend against, claims for damages. Great Lakes notes this provision given that two of the five counts in the Lawsuit do not seek damages, but rather declaratory or injunctive relief. To the extent the Lawsuit does not seek the type of damages for which the Policy provides coverage, Great Lakes reserves the right to deny or limit coverage accordingly.

### B. Property Damage

The Policy defines "property damage" as "physical injury to, destruction of, or loss of use of tangible property." (Policy, HO 00 03 05 11, p. 2 of 24). Here, Plaintiffs allege that they have lost the use of an easement. While loss of use may amount to property damage under the Policy's terms, the property at issue must be "tangible property." Great Lakes reserves the right to deny or limit coverage accordingly.

### C. Occurrence

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" which results in bodily injury or property damage. (Policy, HO 00 03 05 11, p. 2 of 24). The allegations in the Lawsuit relate to purportedly intentional actions by the Insured, including intentionally blocking access to the easement, threatening the Plaintiffs' neighbors, and publishing defamatory statements about the Plaintiffs. To the extent the Lawsuit does not seek damages because of an "occurrence," Great Lakes reserves the right to deny or limit coverage.

### D. Expected or Intended Injury Exclusion

The Policy does not provide coverage for "'property damage' which is expected or intended by an 'insured,'" even if the resulting property damage is "of a different kind, quality or degree than initially expected or intended," or "is sustained by a different person, entity or property than initially expected or intended." (Policy, HO 00 03 05 11, p. 19 of 24). Great Lakes notes this exclusion given the Plaintiffs' allegations that the Insured's actions were intentional, as discussed above. Great Lakes reserves the right to deny or limit coverage to the extent this exclusion applies.

### E. Property Damage to Property Owned by an Insured Exclusion

The Policy provides that Personal Liability coverage does not apply to:

> "Property damage" to property owned by an "insured". This includes costs or expenses incurred by an "insured" or others to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from an "insured location."

**FIELDS HOWELL LLP**

Susanne Pesterfield
June 6, 2023
Page 4

(Policy, HO 00 03 05 11, p. 20 of 24). Great Lakes raises this exclusion given that the Insured owns the property on which the easement exists. Great Lakes reserves the right to deny or limit coverage to the extent this exclusion may apply.

    **F.**    **Punitive Damages Exclusion**

The Policy states that Personal Liability coverage does not apply to "a claim of or indemnification for punitive or exemplary damages." (Policy, GLK HO 5009 09 14, p. 1 of 1). Because the Lawsuit seeks punitive damages from the Insured, Great Lakes reserves the right to deny or limit coverage to the extent this exclusion may apply.

    **G.**    **Assault or Battery Exclusion**

The Policy does not provide coverage for "any 'occurrence' arising out of 'assault', 'battery', or 'physical altercation' that occurs in, on, near, or away from a 'insured location' and results in 'bodily injury' or 'property damage.'" (Policy, GLK HO 4001 04 12). The Policy defines assault as "any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury." (*Id.*). Great Lakes raises this exclusion because the Lawsuit alleges that the Insured "threatened Plaintiffs' neighbors while being upon Plaintiffs' easement." (Complaint, p. 4 of 8). Great Lakes reserves the right to deny or limit coverage to the extent this exclusion may apply.

    **H.**    **Duties After "Occurrence"**

The Policy provides that the Insured has various duties in the event of an occurrence. In relevant part, the Policy states:

> In case of an "occurrence", you or another "insured" will perform the following duties that apply. We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. You will help us by seeing that these duties are performed:
>
> 1. Give written notice to us or our agent as soon as is practical, which sets forth:
>
>    a. The identity of the policy and the "named insured" shown in the Declaration;
>
>    b. Reasonably available information on the time, place and circumstances of the "occurrence"; and
>
>    c. Names and addresses of any claimants and witnesses;
>
>    …
>
> 3. Promptly forward to us every notice, demand, summons, or other process relating to the "occurrence."
>
>    …
>
> 6. No "insured" shall, except at such "insured's" own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the "bodily injury".

(Policy, HO 00 03 05 11, p. 22 or 24).

**FIELDS HOWELL LLP**

Susanne Pesterfield
June 6, 2023
Page 5

Great Lakes raises this exclusion because approximately seven months elapsed between the filing of the Lawsuit and your notice of loss to Great Lakes. Great Lakes reserves the right to deny or limit coverage accordingly.

You have also incurred $16,111.35 in defense costs to date through defense counsel not selected by Great Lakes. At this time, Great Lakes is not in a position to provide reimbursement for the legal costs incurred prior to the April 11, 2023, loss notice and without Great Lakes' consent. Great Lakes is willing to consider reimbursement of legal fees incurred after its notice of the Lawsuit, but in order to do so, it needs all hourly invoices incurred to date. Great Lakes will work with you to determine an appropriate reimbursement based on reasonable and customary rates for the legal fees incurred following April 11, 2023.

### IV.  COMPLETE RESERVATION OF RIGHTS

Great Lakes agrees to provide you a defense in the Lawsuit pursuant to a complete reservation of rights as outlined herein. Great Lakes reserves the right to withdraw any defense and deny coverage pursuant to the Policy's terms, including pursuant to Policy provisions not expressly discussed in this letter. Great Lakes reserves all rights available to it under the Policy and applicable law, including the right to investigate, deny coverage in part or in whole, seek a judicial determination of coverage, intervene in the Lawsuit to seek a verdict allocating between covered and non-covered amounts, or to seek reimbursement or recoupment of any non-covered attorneys' fees and costs. Great Lakes further reserves the right to supplement or amend this reservation of rights letter as developments warrant.

As discussed above, Great Lakes will confirm details of retained defense counsel under separate cover. If you object to this defense under the reservation of rights outlined herein, you must notify Great Lakes immediately. **If you accept the defense or remain silent, you will be deemed to have consented to this reservation of rights.**

This letter is based on the facts and information supplied to Great Lakes to date, along with the Policy and applicable law. Nothing in this letter, or Great Lakes' continuing investigation, its defense of you, or actual or possible payment(s) of any portion of the claim, claim expenses, or defense costs shall constitute a waiver or estoppel of Great Lakes' right to rely upon any of the terms, conditions, exclusions, limitations, and endorsements of the Policy.

Should you have any questions about the issues raised in this letter, please do not hesitate to contact us.

Very truly yours,

**FIELDS HOWELL LLP**

Ann T. Kirk