EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC (amended) | Agency(ies) Charge No(s):<br>**Ch. No. 410-2022-03917** |
|---|---|---|

_____NA_____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. David Williams | Home Phone *(Incl. Area Code)*<br>(804-484-9973) | Date of Birth<br>7-17-83 |
|---|---|---|
| Street Address<br>2900 Landrum Dr. S.W. #80 | City, State and ZIP Code<br>Atlanta GA 30311 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>Good Times Restaurant Inc. (operating as Bad Daddy's Burger Bar) | No. Employees, Members<br>500+ | Phone No. *(Include Area Code)*<br>303-384-1400 |
|---|---|---|
| Street Address      City, State and ZIP Code<br>651 Corporate Circle #200       Golden CO 80401 | | |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION<br>[ ] OTHER *(Specify)* | Earliest: March 2022     Latest: March 2022<br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

   My name is David Williams. I am an African-American. In July 2021, I was hired as the assistant manager of the Bad Daddy's Burger Bar at 2995 Atlantic Rd SE Building A, #300, located in Smyrna, Georgia. In early March 2022, I suffered major injuries in an automobile accident on I-85, including severe back pain, a concussion, and possible neurological damage. I was off work recovering for about ten days and my doctors set several physical restrictions including sedentary desk duty with no heavy lifting for a month.

   On March 12, 2022, the day before my return, I spoke by FaceTime with my general Manager Brandon Summers and Amanda Sevin, another senior manager in the company, about my health issues including a series of neurological problems related to my head injuries. I let them know that the effects included heightened emotions; racing thoughts; bouts of dizziness and nausea; occasional brain fog; increased anxiousness and agitation, and that I was being put on medications to address these serious issues.

   I made it clear that several additional accommodations beyond the sedentary restrictions were necessary: I stressed that for the short-term I needed a backup employee to double check schedules and orders; for the time being, I wanted to be spared from making advanced judgments or decisions and I needed the presence of another employee in the store at all times during my shift, including the opening and closing phases. Mr. Summers and Ms. Sevin assured me that I was valuable to the company and had their support; they could see I was in distress and anguish during this call.

   When I started back at work on March 13th, only some of the accommodations I asked for were met, namely sedentary/no lifting provisions and the presence of another employee at all times. But I was instructed to continue certain oversight/prep roles that were specifically in the categories of duty I had asked to be reassigned. I was told that the HR department was evaluating my accommodations.

   On March 16, Vice President of Operations James Abbott visited my store. He directly asked me "if your doctor thinks you should

even be working." I was disturbed by this conversation, and later that day I reached out to HR to inquire about the FMLA process.

On March 18, I had a verbal confrontation at work with an employee; I admit that I raised my voice and I am not proud of losing control of my emotions. But this is exactly the kind of difficulty I had told Ms. Summers and Ms. Sevin I was struggling with and was an example of why my role needed to be redefined, or I needed to be placed on temporary leave until my treatment could start to take effect. Instead of providing the support they had promised, that same day, Mr. Summers and Ms. Sevin notified me that I was being terminated for violating the company's policies regarding "aggression", "profane or abusive language" and "rudeness."

I believe that I have been discriminated against under the Americans with Disabilities Act ("ADA") for several reasons. I could have managed to work with the accommodations I requested; or alternatively, I could have been placed on leave until I received the care I need and my medications had a chance to become effective.

I also know first hand that this company has a progressive discipline policy involving verbal altercations at every employee level and that there is no "zero tolerance" rule. For example, my previous co-assistant manager had physically pushed me, which I reported to HR, after accusing me of joining other employees who had filed complaints against him. He was not fired and was transferred to another store, where he was actually promoted to store manager. I believe my medical conditions post-accident as well as my request for accommodations explain why I was treated differently.

I also allege in this charge that my race was another motivating factor for my termination under the 1991 Amendments to Title VII of the Civil Rights Act. The assistant manager who was treated more favorably, in that he pushed me and was subsequently promoted to a managerial role, is Caucasian.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the be of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 05 / 18 / 2022          *David J Williams* <br><br> Date                  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Doc ID: 13a4da0f7804a5c8ba417f8193e9ad1aecc8814e