IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIANNA HINES,<br><br>  Plaintiff,<br><br>v.<br><br>BRANDON WINE INSURANCE AND FINANCIAL SERVICES, INC. D/B/A STATE FARM INSURANCE,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

# **COMPLAINT FOR DAMAGES**

COMES NOW, Brianna Hines ("Plaintiff" or "Ms. Hines"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Brandon Wine Insurance and Financial Services, Inc. D/B/A State Farm Insurance ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 14, 2023; the EEOC issued its Notice of Right to Sue on June 12, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Brandon J. Wine, located at 6355 Peachtree Dunwoody Rd, Suite 60, Atlanta, GA, 30328, USA.

## FACTUAL ALLEGATIONS

12.

On or about November 1, 2019, Ms. Hines began working for Defendant.

13.

Her last position was as a Billing Specialist/Sales Support.

14.

Ms. Hines is also Black.

15.

Throughout her employment with Defendant, the General Manager, Matthew Marston, made derogatory racial comments, jokes, and statements.

16.

Mr. Marston stated on one occasion: "Why do white people own pets? Because they can't own black people."

17.

Defendant owner, Brandon Wine, was aware of Mr. Marston's discriminatory comments and behavior and allowed it.

18.

On or around April 2022, Ms. Hines learned she was pregnant and informed Mr. Wine.

19.

Mr. Wine told Ms. Hines he would look into how her maternity leave would work since she was the first female to be pregnant in their office.

20.

Ms. Hines asked Mr. Wine if there were any documents she needed to complete for leave, but he did not provide any.

21.

When Mr. Marston saw that Ms. Hines was still pregnant sometime later, he commented, "Oh, you're going to actually keep it?".

22.

There were also two other black employees who reported Mr. Marston to Mr. Wine.

23.

Defendant does not have a human resources department.

24.

Thus, there was no one for Ms. Hines to report Mr. Marston or Mr. Wine's behavior to.

25.

On or around October 1, 2022, Ms. Hines emailed her manager, Cassidy Mascaro, to let her know she wanted to take leave since she had not heard from anyone since her initial request.

26.

Ms. Hines' request included exhausting her remaining PTO leave starting November 16, 2022, through November 23, 2022, then her remaining leave to begin November 28, 2022, through February 20, 2023.

27.

On or around February 15, 2023, while Ms. Hines was still on maternity leave, Mr. Wine called her and informed her that she was terminated.

28.

Mr. Wine told Ms. Hines that she was terminated because he thought it was best that they go their separate ways.

29.

Mr. Wine told Ms. Hines he felt she was unhappy and that they had eliminated her position.

30.

However, Defendant made Ms. Hines train a male new hire prior to her leave of absence, terminated her upon her return, and then placed the male employee in her position.

31.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., black, pregnant woman.

32.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

33.

Plaintiff requested a reasonable accommodation of her disabilities.

34.

Specifically, Plaintiff requested a leave of absence.

35.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

36.

Defendant terminated Plaintiff because it regarded her as disabled and/or because she engaged in protective activity.

37.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

38.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

39.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

40.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

41.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

42.

Defendant was aware of Plaintiff's disability.

43.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

44.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

45.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

46.

Defendant terminated Plaintiff's employment because of her perceived disability.

47.

Defendant terminated Plaintiff's employment because of her accommodation requests.

48.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

49.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

50.

Defendant treated other employees outside Plaintiff's protected class differently.

51.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

54.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

55.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

56.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

57.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

58.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

59.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

60.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

61.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

62.

Defendant was aware of Plaintiff's disability.

63.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

64.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

65.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

66.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

67.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

68.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

69.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

70.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

71.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

72.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

73.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

74.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

75.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

76.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

77.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

78.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

79.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

80.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

81.

Plaintiff re-alleges paragraphs 12-37 as if set forth fully herein.

82.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

83.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

84.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

85.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her pregnancy.

86.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made victims of acts that have adversely affected her psychological and physical well-being.

87.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted this 27th day of June 2023.

**BARRETT & FARAHANY**

/s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff Brianna Hines*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com