**RACHEL S. BINSTOCK– GA Bar #631104**
E-mail: rbinstock@immlawfirm.com
Direct Dial: (770) 951-1100
Fax:  (770) 951-1113
**SCHWARTZ POSEL IMMIGRATION LAW GROUP**
5500 Interstate N. Parkway, Suite 450
Atlanta, GA 30328
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **JOHNNY SMITH PHOEUK** | ) | Civil No. |
| | ) | |
| **PLAINTIFF** | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| v. | ) | |
| | ) | Administrative Procedure |
| **ALEJANDRO MAYORKAS**, | ) | Act Case |
| Secretary, U.S. Department of | ) | |
| Homeland Security; **JOHN E.** | ) | |
| **ROESSLER**, Director, Potomac | ) | |
| Service Center, U.S. Citizenship and | ) | |
| Immigration Services; **UR M.** | ) | |
| **JADDOU**, Director, U.S. Citizenship | ) | |
| and Immigration Services; **ANTONY** | ) | |
| **J. BLINKEN**, U.S. Secretary of | ) | |
| State; **W. PATRICK MURPHY**, | ) | |
| Ambassador of U.S. Embassy in | ) | |
| Phnom Penh, | ) | |

In their official capacities,

## DEFENDANTS
## COMPLAINT

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), the Administrative Procedure Act ("APA,") 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## VENUE

2. Venue in this district is proper under 28 U.S.C. § 1391(e)(3) because no real property is involved in the action and Plaintiff is located in Norcross, GA.

## EXHAUSTION

3. Plaintiff is not required to exhaust non-mandatory administrative remedies. *Darby v. Cisneros*, 509 U.D. 137 (1993) because (1) this action is brough pursuant to the APA; (2) there is no statute that mandates an administrative appeal; and (3) USCIS' decision revoking Plaintiff's I-130 is final for purposes of the APA.

## PARTIES

4. Plaintiff, Johnny Smith Phoeuk ("Mr. Phoeuk" or "Petitioner,") is a U.S. citizen who petitioned to bring his Cambodian-born spouse to the United States. Plaintiff presently resides in the United States in Norcross, Georgia, in Gwinnett County.

5. Ms. Kimsorn Ken ("Ms. Ken" or "Beneficiary") is the beneficiary of an immigrant petition filed by Plaintiff seeking a marriage-based immigrant visa.

Ms. Ken is a citizen of Cambodia.

6. Defendant Alejandro Mayorkas is sued in his capacity as Secretary of the Department of Homeland Security ("DHS"). Secretary Mayorkas is responsible for protecting the United States from domestic and international terrorist threats and responding to natural disasters. United States Citizenship and Immigration Services ("USCIS") as an agency falls under the jurisdiction of DHS.

7. Defendant John E. Roessler is sued in his official capacity as Director of the Potomac Service Center ("PSC") of USCIS. As Director of the PSC, Mr. Roessler is responsible for the overall administration of the Service Center.

8. Defendant Ur M. Jaddou is sued in her official capacity as Director, U.S. Citizenship and Immigration Services. As the Director of USCIS, Ms. Jaddou is responsible for overseeing the overall administration of USCIS.

9. Defendant Antony J. Blinken is sued in his official capacity as the Secretary of State of the United States. As the Secretary of State, Mr. Blinken is responsible for overseeing the overall administration of the Department of State.

10. Defendant W. Patrick Murphy is sued in his official capacity as the Ambassador of the U.S. Embassy in Phnom Penh. As the Ambassador, Mr. Murphy is responsible for overseeing the immigrant and non-immigrant decisions at his Embassy.

## STATUTORY BACKGROUND

11. As defined in the Immigration and Nationality Act ("INA") § 201(b)(2)(A)(i), immediate relatives are defined as "the children, spouses, and parents of a citizen of the United States".

12. A United States citizen is eligible to file a petition on behalf of their spouse. 8 C.F.R. § 204.2(a)(1). The United States Citizen Petitioner is required to "provide evidence of the claimed relationship." 8 C.F.R. § 204.2(a)(2).

## FACTS

13. Petitioner was born on June 7, 1995, in Decatur, GA, United States. He is a citizen of the United States.

14. Beneficiary was born on December 12, 1995, in Battambang, Cambodia. She is a citizen of Cambodia.

15. Petitioner met Beneficiary via Facebook on or about August 16, 2017. After chatting for several months, Petitioner went to visit Beneficiary in Cambodia on or about December 13, 2017.

16. During Petitioner's stay in Cambodia, Petitioner proposed to Beneficiary and on January 11, 2018, they had a traditional Cambodian engagement ceremony.

17. Upon his return to the U.S., Petitioner filed an I-129F, Petition for Alien

Fiancé(e). While USCIS approved the I-129F, the U.S. Embassy in Cambodia denied Beneficiary the visa at her K-1 interview on November 29, 2018, under INA § 221(g).

18. Petitioner then flew back to Cambodia on February 24, 2019, to marry Beneficiary. They were married in a large traditional Cambodian wedding ceremony on March 18, 2019, and their marriage was legally registered in Cambodia on September 18, 2019.

19. Petitioner filed Form I-130, Petition for Alien Relative, on or about November 12, 2019. USCIS approved the petition on September 10, 2020.

20. After Beneficiary's consular interview on July 20, 2021, the consular officer, again, decided that Beneficiary was not eligible for her visa and sent the file back to USCIS.

21. On July 18, 2022, one year after the denial at the interview and almost three years after the initial filing, USCIS issued a Notice of Intent to Revoke ("NOIR") the I-130 petition. In the NOIR, USCIS alleged that "[i]t has not been shown that the petitioner and beneficiary have a bona fide marital relationship." They state that the consular officer deemed Beneficiary ineligible for the visa because: (1) "the beneficiary claimed her friends introduced her to the petitioner via Facebook in 2017, then she met the petitioner in person for the first time in

December 2017;" (2) "the petitioner visited again in October 2018 and February 2019;" (3) "the petitioner came to Cambodia again in September 2019, during which time he and the beneficiary got married; the petitioner had not returned since;" (4) "the beneficiary stated the reasons the petitioner could not visit her because of the COVID-19 pandemic;" and (5) "the petitioner and the beneficiary do not share a common language and have been unable to provide evidence of ability to communicate; the beneficiary claimed the petitioner speaks very little Khmer, and she speaks very little English."

22. On October 20, 2022, Petitioner responded to USCIS' NOIR, which included an affidavit from Petitioner explaining how they talk every single day "whether it's via Facebook text, video call or phone calls." The affidavit also details how Petitioner and Beneficiary "are both able to speak each other's languages enough to hold a conversation;" and that they "do not have any issues understanding each other." In addition, Petitioner submitted proof of money transfers to Beneficiary, proof of Petitioner's visit to Cambodia in May 2022 to see Beneficiary, and proof of their constant communications via text and video calls.

23. Yet, on January 25, 2023, USCIS' Potomac Service Center issued a decision erroneously revoking Petitioner's I-130 petition. In this Decision, USCIS alleged that the documents submitted "did not reveal substantive communication

such as discussions of your claimed shared interests and discussions of any plans for a shared life together that a married couple would have".

24. USCIS' revocation of the I-130 Petition was arbitrary and capricious in that the agency wantonly failed to acknowledge that Petitioner met its burden by the preponderance of the evidence, the standard used in such immigration petitions. *See Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010).

25. Specifically, USCIS failed to acknowledge that Petitioner had clearly demonstrated that it was more likely than not that he was in a bona-fide marital relationship with Beneficiary. USCIS used the fact that Petitioner did not travel to visit Beneficiary during a global pandemic against him. Travel was restricted in many parts of the world and banned in others. USCIS cannot expect a U.S. citizen to defy global pandemic advisories to satisfy their image of a bona fide marriage, especially when there were copious amounts of other evidence proving the bona fide marriage.

26. Importantly, in the revocation, USCIS states that Petitioner had not visited Beneficiary again, which is clearly not true. As part of the evidence submitted in response to the NOIR, Petitioner provided ample documentation in the form of his passport with stamps, plane tickets, and multiple photos as evidence that he traveled to Cambodia in May 2022, which was ignored by USCIS.

## **CLAIM FOR RELIEF**

<u>Agency Action That Is Arbitrary, Capricious, An Abuse of Discretion, or Not in Accordance with Law</u>

27. The APA, 5 U.S.C. § 706(2)(A), provides the Court with the authority to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

28. Defendants' decision revoking the I-130 Petition on the erroneous conclusion that Petitioner failed to demonstrate that he was in a bona fide marital relationship with Beneficiary despite copious amounts of evidence was arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with the law pursuant to 5 U.S.C. § 706(2)(A).

29. Defendants disregarded probative, extensive evidence submitted by Plaintiff that clearly showed, by a preponderance of the evidence, that he and Beneficiary were in a bona fide marital relationship, which was arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Declare that Plaintiff has met his burden of proving that Petitioner and Beneficiary were in a bona fide marital relationship;

3. Declare that Defendants' decision revoking the I-130 Petition was arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with the law pursuant to 5 U.S.C. § 706(2)(A);

4. Order Defendants to vacate the revocation of the I-130 Petition, enter a decision approving the I-130 Petition, and transfer the case back to the National Visa Center to immediately schedule Beneficiary's immigrant visa interview;

5. Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and

6. Award such further relief as the Court deems necessary or proper.

DATED this 27th day of June 2023.

SCHWARTZ POSEL IMMIGRATION LAW GROUP

By  /s/ Rachel S. Binstock
    RACHEL S. BINSTOCK, GA BAR #631104
    E-mail:  rbinstock@immlawfirm.com
    Phone: (770) 951-1100

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing COMPLAINT FOR DECLARATORY JUDGMENT was served by the CM/ECF system on this 11th day of July 2022.

    Alejandro Mayorkas, Secretary, DHS
    Office of the General Counsel
    U.S. Department of Homeland Security
    2707 Martin Luther King Jr. Ave, SE
    Washington, DC 20528-0485

    John E. Roessler, Director, PSC
    USCIS
    Office of the Chief Counsel
    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

    Ur M. Jaddou, Director, USCIS
    USCIS
    Office of the Chief Counsel
    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

    Anthony J. Blinken, Secretary of State
    U.S. Department of State
    c/o Executive Office
    Office of the Legal Advisor, Suite 5.600
    600 19th Street NW,
    Washington DC 20522

    W. Patrick Murphy, Ambassador Phnom Penh
    U.S. Department of State
    c/o Executive Office
    Office of the Legal Advisor, Suite 5.600
    600 19th Street NW,
    Washington DC 20522

    SCHWARTZ POSEL IMMIGRATION LAW GROUP

    /s/ Rachel S. Binstock

Rachel S. Binstock, Esq.
GA Bar No. 631104
5500 Interstate North Parkway NW, Ste. 450
Atlanta, GA 30328
Tel: (770) 951-1100
rbinstock@immlawfirm.com
Attorney for Plaintiff