UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| VICTORIA BECK,<br><br>　　　Plaintiff,<br><br>v.<br><br>WEBBANK; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

COMES NOW Plaintiff, Victoria Beck ("Plaintiff"), by and through counsel undersigned, and for its cause of action against the Defendants above-named alleges as follows:

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), et seq.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Fulton, Georgia.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, WebBank ("WebBank"), is company existing under the laws of Georgia and a furnisher of consumer credit information to consumer reporting agencies.

5. Defendants Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

6. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

8. Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff discovered the WebBank account WEBBANK/FINGERHUT #636992XXXXXXXXXX (the "Account") on her Experian consumer report in error.

10. The Account reports with a derogatory charge-off status.

11. The Account is identity theft and reported in an FTC complaint on November 18, 2022 and a police report on October 20, 2022.

12. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict the Plaintiff's credit history and creditworthiness.

## WRITTEN DISPUTE

13. On or about April 26, 2023, Plaintiff sent a written dispute letter to Experian disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report (the "Dispute").

14. Upon information and belief, Defendant Experian forwarded Plaintiff's

Dispute to Defendant WebBank for reinvestigation.

15. Upon information and belief, WebBank received notification of Plaintiff's Dispute from Experian.

16. WebBank did not conduct a reasonable investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

17. Defendant Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

18. Upon information and belief, WebBank failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

19. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute.

20. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

21. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – WebBank

Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

22. Plaintiff re-alleges and reaffirms the above paragraphs 1-21 as though fully set forth herein.

23. After receiving the Dispute, WebBank failed to correct the false information

regarding the Account reporting on Plaintiff's consumer report.

24. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant WebBank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant WebBank's representations to consumer credit reporting agencies, among other unlawful conduct.

25. As a result of this conduct, action, and inaction of Defendant WebBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

26. Defendant WebBank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

27. In the alternative, Defendant WebBank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

28. Plaintiff is entitled to recover costs and attorneys' fees from Defendant WebBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT II – Experian

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b)

29. Plaintiff re-alleges and reaffirms the above paragraphs 1-21 as though fully

set forth herein.

30. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

31. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

32. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

34. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – Experian

Fair Credit Reporting Act Violation – 15 U.S.C. §1681i

36. Plaintiff re-alleges and reaffirms the above paragraphs 1-21 as though fully set forth herein.

37. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

38. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

39. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Experian conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted June 27, 2023

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: eoise.molaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff