**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ISAIAH SIMMONS, | |
| Plaintiff, | CASE NO. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE FINANCIAL CORPORATION, REPRISE FINANCIAL, SHEFFIELD FINANCIAL, and MARLETTE FUNDING, LLC d/b/a BEST EGG, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ISAIAH SIMMONS (hereinafter "Plaintiff"), by and through his undersigned Counsel, who hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), CAPITAL ONE FINANCIAL CORPORATION ("Capital One"), REPRISE FINANCIAL ("Reprise"), SHEFFIELD FINANCIAL ("Sheffield"), and MARLETTE FUNDING, LLC d/b/a BEST EGG ("Best Egg") (hereinafter collectively "Defendants"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    Plaintiff is a natural person and resident of St. Louis County in the State of Missouri. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.    Venue is proper in this District as Equifax's principal address is in this District, each of the Defendants transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.    Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

10.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.    Capital One is a corporation headquartered at 1680 Capital One Drive, McLean, Virginia 22102 that conducts business in the State of Georgia.

13.    Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14.    Capital One furnished information about Plaintiff to Equifax which was inaccurate.

15.     Reprise is a corporation headquartered at 500 E John Carpenter Freeway, Suite 300, Irving, Texas 75062 that conducts business in the State of Georgia.

16.     Reprise is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     Reprise furnished information about Plaintiff to Equifax which was inaccurate.

18.     Sheffield is a corporation headquartered at 150 S Stratford Road, Winston-Salem, North Carolina 27104 that conducts business in the State of Georgia.

19.     Sheffield is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Sheffield furnished information about Plaintiff to Equifax which was inaccurate.

21.     Best Egg is a corporation headquartered at in the State of Delaware and is authorized to conduct business through their registered agent CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

22.     Best Egg is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

23.     Best Egg furnished information about Plaintiff to Equifax which was inaccurate.

## FACTUAL ALLEGATIONS

24.     Plaintiff is alleged to owe a debt to Capital One as to a Kohls retail card, partial account no. x7439.

25.     Plaintiff is alleged to owe a debt to Reprise, partial account no. x1001.

26.     Plaintiff is alleged to owe a debt to Sheffield, partial account no. x3603.

27.     Plaintiff is alleged to owe a debt to Best Egg, partial account no. x37.

28.     In or about September 2022, Plaintiff was monitoring his credit when he became aware of several accounts on his consumer credit report that were not authorized by him and did not belong to him. Those accounts included the previously mentioned accounts: Capital One, Reprise, Sheffield, Best Egg, as well as accounts with Ally Financial, Freedom Financial, and OneMain Financial.

29.     As a result of the inaccurate reporting, on October 1, 2022, Plaintiff mailed a written dispute letter to Equifax disputing the fraudulent accounts and explained the information being reported was inaccurate and incorrect.

30.     Plaintiff mailed his dispute letter to Equifax via USPS Certified Mail 7022 0410 0001 6197 3537.

31.     Upon information and belief, Equifax notified Capital One, Reprise, Sheffield, and Best Egg of Plaintiff's disputes of the information those companies were furnishing.

32.     Upon information and belief, Capital One, Reprise, Sheffield, and Best Egg failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in the dispute process.

33.     Despite having a return receipt that the letter was received on October 18, 2022, Equifax did not respond to Plaintiff's dispute.

34.     Around October 25, 2022, Plaintiff reported the fraudulent accounts, Capital One, Reprise, Sheffield, Best Egg, Ally Financial, Freedom Financial, and OneMain Financial, to the Consumer Financial Protection Bureau ("CFPB"), File ID 221025-9636795.

35.     In the FTC report, Plaintiff detailed the fact that he never authorized the accounts, Equifax was reporting the erroneous accounts on his credit report, and requested an investigation into the fraudulent accounts and Equifax's inaccurate reporting.

36.     Around November 26, 2022, Plaintiff again reported the fraudulent accounts (Capital One, Reprise, Sheffield, Best Egg, Ally Financial, Freedom Financial, and OneMain Financial) to the Consumer Financial Protection Bureau ("CFPB"), File ID 221126-9829339.

37.     In the report, Plaintiff detailed the fact that he never authorized the accounts, that Equifax was reporting the erroneous accounts to his credit report, and requested an investigation into the fraudulent accounts and Equifax's inaccurate reporting.

38.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

39.     Upon information and belief, Equifax failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on his credit report.

40.     At some point between November 26, 2022 and February 3, 2023, Equifax removed the erroneous Ally Financial, Freedom Financial, and OneMain Financial accounts, but continued to report the Capital One, Reprise, Sheffield, and Best Egg accounts.

41.     On or about February 3, 2023, Plaintiff filed an identity theft report to the Federal Trade Commission, informing them that he believed he may be a victim of either a mixed file or identity theft due to the Capital One, Reprise, Sheffield, and Best Egg accounts still being on his credit report.

42.     Since the submissions of the CFPB complaints and the FTC theft report did not resolve the problem, Plaintiff was forced to send another written dispute to Equifax.

43.     On February 3, 2023, Plaintiff mailed a written dispute letter to Equifax again disputing the fraudulent accounts of Capital One, Reprise, Sheffield, and Best Egg and explained the information being reported was inaccurate and incorrect.

44.     Plaintiff mailed his dispute letter to Equifax via USPS Certified Mail 7022 0410 0002 2437 7838.

45.     Upon information and belief, Equifax notified Capital One, Reprise, Sheffield, and Best Egg of Plaintiff's dispute.

46.     Upon information and belief, Capital One, Reprise, Sheffield, and Best Egg failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in connection with the dispute investigation.

47.     Despite having a return receipt that the letter was received on February 18, 2023, Equifax did not respond to Plaintiff's dispute.

48.     On May 11, 2023, Plaintiff obtained a copy of his Equifax credit report (Confirmation # 3631111220). That report showed that Equifax continued to report the fraudulent accounts of Capital One, Reprise, Sheffield, and Best Egg on his credit report. Plaintiff was left feeling defeated.

49.     Within the credit report reviewed on May 11, 2023, the Capital One/Kohls partial account x7439 was being reported as a "charge off" with a balance of $664.00 past due with a comment stating, "account previously in dispute – now resolved by data furnisher".

50.     Within the credit report reviewed on May 11, 2023, the Reprise partial account x1001 was being reported as "over 120 days past due" with a balance of $6,453 past due with a comment stating, "account previously in dispute – now resolved by data furnisher".

51.     Within the credit report reviewed on May 11, 2023, the Sheffield partial account x3603 was being reported as a "charge off" with a balance of $20,342 past due.

52.     Within the credit report reviewed on May 11, 2023, the Best Egg partial account x37 was being reported as "not more than two payments past due" with a balance of $36,004 past due with a comment stating, "consumer disputes after resolution".

53.     Shortly thereafter, in response to the inaccurate reporting on May 18, 2023, Plaintiff mailed yet another detailed written dispute letter to Equifax concerning the continued inaccurate reporting of the fraudulent Capital One, Reprise, Sheffield, and Best Egg accounts that did not belong to him and is most likely the result of either a mixed file or identity theft.

54.     In the aforementioned dispute letter, Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images showing other credit reporting agencies had already removed the accounts, image from his Equifax credit report.

55.     Additionally, in the letter, Plaintiff provided a copy of the FTC identity theft report that he filed.

56.     Plaintiff mailed the dispute letter to Equifax via USPS certified mail 7022 0410 0002 2438 2757.

57.     Upon information and belief, the Equifax notified Capital One, Reprise, Sheffield, and Best Egg of Plaintiff's dispute. Capital One, Reprise,

Sheffield, and Best Egg failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in connection with the dispute investigation.

58.     Despite having confirmation that the letter was delivered on May 21, 2023, Equifax did not respond to Plaintiff's dispute and did not provide dispute results to Plaintiff.

59.      Equifax failed to do any independent investigation.

60.     Equifax never attempted to contact Plaintiff during the alleged investigation.

61.     Despite Plaintiff's best efforts to have the account status corrected, Equifax continues to report the incorrect account statuses and balances on Plaintiff's credit report. Accordingly, Plaintif's damages are ongoing as of the filing of this Complaint.

62.     Equifax simply continues to parrot off the backs of Capital One, Reprise, Sheffield, and Best Egg, and has not conducted an actual investigation despite Plaintiff's pleas.

63.     Plaintiff continues to suffer as of the filing of this Complaint due to Equifax's reluctance to conduct a thorough investigation.

64.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

        i.     Monies lost by attempting to fix his credit;

        ii.    Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

iv. Reduction in credit score;

v. Apprehensiveness to apply for credit due to the fear of rejection; and

vi. Defamation as Equifax published inaccurate information to third party entities.

**COUNT I**
**Violations of the Fair Credit Reporting Act as to**
**Defendant, Equifax Information Services, LLC**

65.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

66.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax allowed non-party furnishers to report inaccurate information on accounts. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

67.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

68.     Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o. Equifax violated its own policies and procedures by not deleting an account when Plaintiff has provided evidence that the account was fraudulent.

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, ISAIAH SIMMONS, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Equifax Information Services, LLC**

70.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

71.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies,

by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.   Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Equifax refuses to do any independent investigation.

72.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

73.    Equifax took no independent action to investigate the dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the non-party furnishers.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE Plaintiff, ISAIAH SIMMONS, demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681s-2(b)
## as to Defendant, Capital One Financial Corporation

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

76.     Capital One furnished inaccurate representations to Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

77.     Capital One violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Capital One to have identified that the account did not belong to Plaintiff.

78.     Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Capital One had been aware of Plaintiff's dispute but continued to erroneously report.

79.     Capital One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

80.     Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

81.     As a result of the conduct, action, and inaction of Capital One, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

82.     Capital One's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

83.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, ISAIAH SIMMONS, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, CAPITAL ONE FINANCIAL CORPORATION, to Plaintiff; award Plaintiff his reasonable

attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violations of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Reprise Financial**

84.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

85.     Reprise furnished inaccurate representations to Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

86.     Reprise violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Reprise to have identified that the account did not belong to Plaintiff.

87.     Reprise violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Reprise had been aware of Plaintiff's dispute but continued to erroneously report.

88.    Reprise violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

89.    Reprise did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

90.    As a result of the conduct, action, and inaction of Reprise, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

91.    Reprise's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

92.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Reprise in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, ISAIAH SIMMONS, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, REPRISE FINANCIAL, to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violations of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Sheffield Financial**

93.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

94.    Sheffield furnished inaccurate representations to Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

95.    Sheffield violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Sheffield to have identified that the account did not belong to Plaintiff.

96.     Sheffield violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Sheffield had been aware of Plaintiff's dispute but continued to erroneously report.

97.     Sheffield violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

98.     Sheffield did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

99.     As a result of the conduct, action, and inaction of Sheffield, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

100.    Sheffield's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

101.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Sheffield in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, ISAIAH SIMMONS, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, SHEFFIELD FINANCIAL, to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Best Egg

102.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

103.   Best Egg furnished inaccurate representations to Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

104.   Best Egg violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies. Plaintiff provided

all the information necessary for Best Egg to have identified that the account did not belong to Plaintiff.

105.   Best Egg violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Best Egg had been aware of Plaintiff's dispute but continued to erroneously report.

106.   Best Egg violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

107.   Best Egg did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

108.   As a result of the conduct, action, and inaction of Best Egg, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

109.   Best Egg's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15

USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

110.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Best Egg in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, ISAIAH SIMMONS, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, BEST EGG, to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ISAIAH SIMMONS, demands judgment for actual, statutory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE FINANCIAL CORPORATION, REPRISE FINANCIAL, SHEFFIELD FINANCIAL, and BEST EGG; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 28th day of June, 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*