IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLIVIA HARRINGTON, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CAIRE, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Olivia Harrington, ("Plaintiff" or "Ms. Harrington"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Caire, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, 42 U.S.C. §1981, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA, and the ADEA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 2, 2023; the EEOC issued its Notice of Right to Sue on June 16, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADEA.

10.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

11.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

12.

Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce.

13.

During all times relevant hereto, Defendant had employed twenty (20) or more employees for the requisite duration under the ADEA.

14.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

15.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## FACTUAL ALLEGATIONS

16.

On or about August 1, 2008, Ms. Harrington began working for Defendant through a staffing agency as a Generalist.

17.

On or around January 1, 2009, Defendant hired Ms. Harrington. Her last position was as an International Shipping Clerk.

18.

Ms. Harrington is 60 years old (1963).

19.

She was the oldest and one of the highest paid employees in her department.

20.

On or about 2018, Ms. Harrington informed Defendant that she was diagnosed with fibromyalgia.

21.

On or around December 1, 2022, Ms. Harrington informed Defendant that her daughter had been diagnosed with breast cancer and she would need time off to help her.

22.

Ms. Harrington requested FMLA leave so that she could care for herself and help her daughter, who has three young children.

23.

Ms. Harrington's managers: Kip Brewer, Montana Hardnet, David Pendergraft, and Quartez Deans, allowed her to leave work to attend her doctor's appointments.

24.

Ms. Harrington would leave work and then return the same day to finish her shift.

25.

Defendant later wrote Ms. Harrington up for days that she went to the doctor, which caused her to accumulate points in her record.

26.

Defendant also wrote her up for not correcting other employees' mistakes that she had been asked to train for her position.

27.

One employee was in their 20's and the other was in their 30's.

28.

On or around January 13, 2023, Defendant terminated Ms. Harrington stating the reason as poor performance.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

30.

Ms. Harrington was never given repeated feedback or coaching.

31.

Ms. Harrington was not instructed to do her job in a different way.

32.

Ms. Harrington actually helped write the work instructions for her job.

33.

Ms. Harrington performed the duties Defendant relied upon in terminating her in the same way as other employees, but she was the only person terminated.

34.

Defendant treated other employees outside of Plaintiff's protected class, i.e. those younger than forty (40), more favorably.

35.

Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by writing her up for being on medical leave for her own serious health condition.

36.

Defendant retaliated against Plaintiff for requesting medical leave by terminating her employment as a result of needing FMLA leave.

37.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

38.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

39.

Plaintiff requested a reasonable accommodation of her disabilities.

40.

Specifically, Plaintiff requested a leave of absence.

41.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

42.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

43.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

44.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

**CLAIMS FOR RELIEF**

**COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

45.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

46.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

47.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

48.

Defendant was aware of Plaintiff's disability.

49.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

50.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

51.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

52.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

53.

Defendant terminated Plaintiff's employment because of her accommodation requests.

54.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

55.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

56.

Defendant treated other employees outside Plaintiff's protected class differently.

57.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

58.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

59.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

60.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

61.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

63.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

64.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

65.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

66.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

67.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

68.

Defendant was aware of Plaintiff's disability.

69.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

70.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

71.

Plaintiff requested that Defendant accommodate her disability with a leave of absence.

72.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

73.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

74.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

75.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

76.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

77.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

78.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

79.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

80.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

81.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

82.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

83.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

84.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

85.

Defendant was aware of Plaintiff's disability.

16

86.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

87.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

88.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

89.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

90.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

91.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

92.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA,

as amended.

93.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

94.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

95.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

96.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

97.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

98.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

99.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her age in violation of ADEA, as amended.

100.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

101.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

102.

As a direct and proximate result of Defendant's violation of the ADEA,

Plaintiff has lost wages and benefits.

## COUNT V:  FMLA INTERFERENCE

### 103.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

### 104.

Defendant is an 'employer' as defined by the FMLA.

### 105.

Plaintiff was an eligible employee under the FMLA.

### 106.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding their request for medical leave pursuant to the FMLA.

### 107.

Plaintiff was employed by Defendant for more than 12 months.

### 108.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

### 109.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

110.

Plaintiff had a medical condition that required Plaintiff to take time off work.

111.

Plaintiff had a serious medical condition as defined by the FMLA.

112.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about December 15, 2022.

113.

Defendant terminated Plaintiff's employment approximately 30 days later, even though she was qualified under the FMLA for such leave.

114.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

115.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

116.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

117.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT VI:  FMLA RETALIATION

118.

Plaintiff re-alleges paragraphs 16-44 as if set forth fully herein.

119.

Defendant is an 'employer' as defined by the FMLA.

120.

Plaintiff was an eligible employee under the FMLA.

121.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

122.

Plaintiff was employed by Defendant for more than 12 months.

123.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

124.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

125.

Plaintiff had a medical condition that required Plaintiff to take time off work.

126.

Plaintiff had a serious medical condition as defined by the FMLA.

127.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about December 15, 2022.

128.

Defendant failed to disclose to Plaintiff that she was eligible for medical leave under the FMLA.

129.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

130.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

131.

Defendant's termination of Plaintiff's employment for alleged poor performance constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

132.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i) Compensation for lost compensation, back pay, wages and employment-related benefits;

(j) Liquidated damages; and

(k) All other relief to which she may be entitled.

Respectfully submitted this 28th day of June 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*

Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com