UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIA JOHNSON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>JHPDE FINANCE I, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Maria Johnson (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys against Defendant JHPDE Finance I, LLC, (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive,

1

deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter and class pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et. seq*. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

5.      Plaintiff brings this class action on behalf of a class of Georgia consumers for damages and declaratory and injunctive relief arising from the Defendant's violations of § 1692 *et seq.* of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## NATURE OF THE ACTION

6.      Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

7.      Plaintiff and the Class are seeking damages and declaratory relief.

## PARTIES

8.      Plaintiff is a resident of the State of Georgia, residing in the County of Cherokee.

9.      At all times material hereto, Defendant JHPDE Finance I, LLC, was a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and conducts substantial and regular business activities in this judicial district. Defendant is a Delaware corporation and may be served with process in Georgia upon Corporation

Service Company, its registered agent for service of process, at 2 Sun Ct, Ste 400, Peachtree Corners, GA, 30092.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Georgia;

    b. whom the Defendant mailed a debt verification to;

    c. which did not clearly state the total amount owed on the alleged debt; and

    d. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to the attached Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form to the attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

        complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to January 12, 2023, an alleged debt was due and owing to Citibank N.A.

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Citibank, N.A., contracted with Defendant for the purpose of collecting this debt.

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. On January 12, 2023, Defendant mailed a collection communication in the form of a debt verification letter to the Plaintiff. A true and accurate copy of the letter is attached as Exhibit A, hereinafter, the "Letter."

27. The Letter includes information about the alleged debt which presents different amounts owed on the alleged debt.

28. The Letter displays two different, contradictory balances.

29. The Letter states: "Balance at Charge Off: $543.06."

30. The Letter also states: "Current Balance: $533.63."

31. The Letter provides no explanation for the difference in the balances.

32. Because of these inconsistencies in the amount owed, Plaintiff cannot determine what amount is owed.

33. Defendant does not provide any calculation to show the connection between the Balance at Charge Off and Current Balance.

34. Defendant does not provide the factors it considered or its basis for stating what the total amount owed on the alleged debt is.

35. At least one of the balances provided in the Letter is an incorrect representation of the total amount due on the alleged debt.

36. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

37. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

38. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) when it misrepresented that amount owed on the alleged debt to Plaintiff in an attempt to collect on a debt.

39. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated 15 U.S.C. § 1692f by using unfair means to collect on a debt.

41. Pursuant to § 1692g(a)(1), Defendant is required to inform the Plaintiff of the amount owed on the alleged debt.

42. Because the Letter contained inconsistent amounts for the balance and does not clearly state what is the amount owed on the alleged debt, the Letter failed to disclose the amount of the alleged debt, in violation of 15 U.S.C. § 1692g(a)(1).

43. Accordingly, Plaintiff was not sent proper verification of his dispute regarding the amount owed.

44. Without providing proper verification of the debt the Defendant is prohibited to continue collection efforts.

45. Therefore, Defendant's Letter violated multiple provisions of the FDCPA.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

48. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

49. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

50. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

51. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

52. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

54. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

55. The funds Plaintiff could have used to pay some or all of the alleged debts were spent elsewhere.

56. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

57. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

58. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

59. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

60. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

61. Based on Defendant's failure to correctly state the amount of the debt, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

62. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA 15 U.S.C. §1692e *et seq.*)

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

67. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

68. Thus, Defendant violated 15 U.S.C. § 1692e:

    a. By sending the Letter to the Plaintiff, which misrepresented the amount owed on the alleged debt; and

    b. By failing to maintain policies and procedures that were reasonably calculated to accurately state what the balance owed is on an alleged debt.

WHEREFORE, Plaintiff Maria Johnson and the Class demands judgment in their favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692e *et seq.*

## **SECOND CAUSE OF ACTION**

### **(Violations of the FDCPA 15 U.S.C. §1692f *et seq.*)**

69. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

71. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

72. Thus, Defendant violated 15 U.S.C. § 1692f:

    c. By unfairly attempting to collect an alleged debt without expressly stating the correct amount it can collect upon; and

    d. By failing to maintain policies and procedures that were reasonably calculated to accurately state what the balance owed is on an alleged debt.

WHEREFORE, Plaintiff Maria Johnson and the Class demands judgment in their favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692f *et seq.*

## THIRD CAUSE OF ACTION
### (Violations of the FDCPA 15 U.S.C. §1692g *et seq.*)

73. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. The Defendant violated 15 U.S.C. § 1692g:

    e. By failing to properly validate the amount owed on the alleged debt because the Letter contains two contradictory amounts for the

balance and does not accurately state the total remaining amount owed.

WHEREFORE, Plaintiff Maria Johnson and the Class demands judgment in their favor against Defendant for actual damages, statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692g *et seq.*

## **DEMAND FOR TRIAL BY JURY**

76. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues within this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Maria Johnson, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned Attorneys as Class Counsel;

b. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.  Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e.  Awarding pre-judgment interest and post-judgment interest; and

f.  Awarding Plaintiff and the Class such other and further relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

Dated: June 27, 2023

Respectfully Submitted,

*/s/ Misty Oaks Paxton*
By: Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*

**STEIN SAKS, PLLC**

*/s/ M. Hasan Siddiqui*
By: M. Hasan Siddiqui, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
hsiddiqui@steinsakslegal.com
*Pro Hac Vice Pending*