E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03743-S7**
6/1/2023 1:13 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett State Court__ County

**For Clerk Use Only**

**Date Filed** _____   **Case Number** __23-C-03743-S7__
MM-DD-YYYY

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| PREFERRED CHIROPRACTIC, LLC | THE HANOVER INSURANCE COMPANY |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** __Ryan Baxter__   **State Bar Number** __588243__   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number            Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**EXHIBIT A**

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03743-S7**
6/1/2023 1:13 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PREFERRED CHIROPRACTIC, LLC ) </br> ) </br> *Plaintiff*, ) </br> ) </br> v. ) </br> ) </br> THE HANOVER INSURANCE COMPANY ) </br> ) </br> ) </br> *Defendant*, ) </br> ) | Civil Action No. </br></br> 23-C-03743-S7 </br></br></br></br> JURY TRIAL DEMANDED |

## SUMMONS

TO: THE HANOVER INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's Attorney, whose name and address is:

Ryan T. Baxter, Esq.
Baxter Law Firm, LLC
2400 Herodian Way Suite #220
Smyrna, GA 30080

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 1ST day of June, 2023.

Tiana P. Garner

Clerk of State Court:

*Camelia Jorlow*
DEPUTY CLERK

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03743-S7**

**6/1/2023 1:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PREFERRED CHIROPRACTIC, LLC | ) | |
| | ) | Civil Action No. |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 23-C-03743-S7 |
| | ) | |
| THE HANOVER INSURANCE COMPANY | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| *Defendant*, | ) | |
| | ) | |

### COMPLAINT

COMES NOW, PREFERRED CHIROPRACTIC, LLC ("Plaintiff") by and through its attorneys, Baxter Law Firm, and herein files its Complaint against THE HANOVER INSURANCE COMPANY("Defendant") and upon personal knowledge and information and belief, allege and respectfully shows the Court the following:

### PARTIES

1.

Plaintiff PREFERRED CHIROPRACTIC, LLC is the Plaintiff/policyholder who conducted business at 1874 Piedmont Ave NE. STE 101A. Atlanta GA 30324.

2.

Defendant THE HANOVER INSURANCE COMPANY is a Foreign Insurance Company whose registered agent in Georgia, CT Corporation System, is located at 289 S. Culver St., Lawrenceville, GA 30046, in Gwinnett County.

## JURISDICTION AND VENUE

3.

Jurisdiction and Venue are proper in this Court because Defendant's registered agent is located in Gwinnett County, GA; Defendant may be served by and through its registered agent in Gwinnett County and because this Court has subject matter jurisdiction over this case.

## FACTUAL BACKGROUND

4.

This matter began on June 4, 2021, when Plaintiff's business, sustained fire damage due to a sudden and accidental incident that caused fire damage to Plaintiff's business.

5.

Plaintiff hired/retained Large Loss Public Adjusters, LLC, to advocate on its behalf and assist the business with the insurance claim process.

6.

Defendant provided Claim number 19-00873767 as a reference to the Fire Claim.

7.

Plaintiff has complied with the policy's terms and conditions.

8.

Defendant hired Brian Dansby to evaluate the fire claim and provide a repair estimate.

9.

Throughout the claim process, Defendant mishandled the claim by delaying the claim process and piecemealed the claim by issuing partial payments. Defendant issued a total of fourteen checks.

10.

Furthermore, Defendant failed to address the fire and soot damage properly, which caused Plaintiff to relocate to a new location.

11.

Defendant's initial rebuild estimate was $6,499.25. This amount was insufficient, and after a series of rebuttals, Defendant revised its rebuild estimate to $20,629.79. The $20,629.79 is still insufficient to restore the structure to resume business.

12.

Plaintiff faced a predicament; the longer Plaintiff was out of business due to the fire damage, the more clients it would lose. Plaintiff wanted to restore the structure as soon as possible to resume business; however, Defendant delayed the claim, did not pay enough, and did not address all items of damage properly to restore the property/structure.

13.

Plaintiff's Public Adjuster explained to Defendant the health hazard of soot; however, Defendant ignored the Public Adjuster's emails and warnings of the health hazard.

14.

Plaintiff hired a hygienist to evaluate the soot damage and the health hazard of the structure/property.

15.

Defendant ignored the hygienist's report, forcing the insured to relocate to a new facility. Furthermore, Defendant revoked the funds paid for the rebuild by offsetting those covered losses under other coverages.

16.

Defendant delayed this process and refused to pay the Dwelling-Rebuild portion of this claim; due to Defendant's delays, the insured had no choice but to relocate to a new facility and incur $77,391.39 in costs.

17.

Defendant failed to pay the insured for January and February 2022 Business Income Loss which is covered under the applicable Policy of Insurance.

18.

Defendant has not afforded the proper coverage under the applicable policy. This lack of good faith has compelled Plaintiff to hire legal counsel and bring the instant lawsuit against Defendant.

## COUNT I – BREACH OF CONTRACT

19.

Pursuant to the facts stated above, Defendant has breached its contract with Plaintiff by failing to fully compensate Plaintiff and Plaintiff's vendors in accordance with the policy.

20.

On October 10, 2022, Plaintiff, by and through her attorney, sent a demand letter to Defendant pursuant to §33-4-6; Defendant received the demand letter and provided an unsatisfactory "response."

21.

Plaintiff reserves the right to move to add parties herein. Plaintiff also reserves the right to amend her Complaint based on further investigation and discovery.

22.

By Defendant's actions and conduct as set forth above, Defendant has also acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover its costs and expenses of litigation, including attorney's fees, pursuant to O.C.G.A. §13-6-11 in an amount to be proven at trial.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this honorable court award damages in the following amounts:

| | |
|---|---|
| DWELLING - REBUILD: | $77,391.39 |
| BUSINESS INCOME LOSS: | $64,000.00 |

Plaintiff also requests that pursuant to the facts stated above, as well as those facts which will be proven at trial, that this Court find that Defendant has acted in bad faith and impose a statutory penalty of 50% of the above-demanded amount pursuant to O.C.G.A. § 33-4-6; Plaintiff requests that Defendant be held liable to pay Plaintiff's costs and reasonable attorneys' fees, which are currently at $7,350.00 plus filing fees. Plaintiff's counsel will submit an affidavit of attorney's fees at the Court's request.

Plaintiff also requests any further relief that this honorable Court deems just and proper. Plaintiff also demands a trial by jury.

Respectfully submitted this June 1, 2023

/s/Ryan Baxter
Ryan Baxter
Georgia Bar No. 588243
BAXTER LAW FIRM, LLC
2400 Herodian Way Suite #220
Smyrna, GA 30080
Telephone: (678) 813-1900
ryan@baxlegal.com
*Attorney for Plaintiff*

Sheriff Number: 23017797   Court Case Number: 23-C-03743-S7          State of Georgia
Date Received: 6/6/2023 Time: 2:46 PM                                 Gwinnett County
Special Service Inst:

ATTORNEY'S ADDRESS                                    PREFERRED CHIROPRACTIC LLC
                                                              PLAINTIFF
                                                                VS.
                                                  THE HANOVER INSURANCE COMPANY
                                                              DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

HANOVER INSURANCE CO
289 SOUTH CULVER STREET
C/O CT CORPORATION
LAWRENCEVILLE, GA 30046

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]   Sex____ Skin Color____ Hair Color____ Age____ Hgt____ Wgt____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

SEX        SKIN COLOR        HAIR COLOR        AGE        HGT        WGT

**CORPORATION** [X]
I have this day served the _Hanover Insurance_ _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** [ ]
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date:_____

Time:_____

_____
Deputy Sheriff

GWINNETT COUNTY GEORGIA

Case 1:23-mi-99999-UNA Document 2065-2 Filed 06/29/23 Page 9 of 15

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03743-S7**
**6/29/2023 12:49 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PREFERRED CHIROPRACTIC, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO.: 23-C-03743-S7 |
| THE HANOVER INSURANCE COMPANY | ) ) ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT THE HANOVER INSURANCE COMPANY**

COMES NOW Defendant The Hanover Insurance Company (hereinafter, "Hanover" or "Defendant") and files its Answer to Plaintiff Preferred Chiropractic, LLC's Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

Venue and jurisdiction are improper as to this Defendant.

**THIRD DEFENSE**

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and should be dismissed.

**FOURTH DEFENSE**

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Hanover did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known, which represents a substantial legal basis for its payment and denial of Plaintiff's additional claim for damages, and therefore, Hanover's conduct was in good faith.

**FIFTH DEFENSE**

Pending further investigation and discovery, Hanover reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

**SIXTH DEFENSE**

This action is barred in whole, or in part by the doctrines of accord and satisfaction, estoppel, laches, payment and waiver.

In responding to the specifically numbered allegations of the Plaintiff's Complaint, Defendant responds as follows:

**PARTIES**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, accordingly, can neither admit nor deny the same.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## **JURISDICTION AND VENUE**

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## **FACTUAL BACKGROUND**

4.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and, accordingly, can neither admit nor deny the same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and, accordingly, can neither admit nor deny the same.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and, accordingly, can neither admit nor deny the same.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## **COUNT I – BREACH OF CONTRACT**

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

No answer is required in response to Paragraph 21 of Plaintiff's Complaint as it states a legal conclusion. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 21.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

23.

In response to Plaintiff's Prayer for Relief, Defendant denies Plaintiff is entitled to the alleged damages. In further answer, Defendant specifically denies that it acted in bad faith and denies that Plaintiff is entitled to statutory penalties pursuant to O.C.G.A. § 33-4-6. In further response, Defendant denies that it is liable to Plaintiff for costs and attorneys' fees.

24.

In response to Plaintiff's Complaint as a whole, Defendant specifically denies any allegations except those specifically admitted herein, including all allegations contained in the prayer for relief.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant prays:

(a) that its defenses be inquired into and that the same be sustained;

(b) that it has judgment in its favor and against Plaintiff;

(c) that all costs be taxed against Plaintiff;

(d) that this Court enter such other and further relief as it deems just and proper under the circumstances;

(e) that a pre-trial conference be held prior to the trial of the case;

(f) that a pre-trial order be entered; and

(g) that trial by jury of twelve be had.

This 29th day of June, 2023.

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE, LLP**

*/s/ William W. Horlock, Jr.*
William W. Horlock, Jr.
Georgia Bar No. 366980
*Counsel for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
bhorlock@scrudderbass.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANT THE HANOVER INSURANCE COMPANY** upon all parties to this matter by depositing a true and correct copy of same via Statutory Electronic Service and/or US Mail addressed to counsel of record as follows:

Ryan Baxter, Esq.
Baxter Law Firm, LLC
2400 Herodian Way, Suite 220
Smyrna, Georgia 30080
ryan@baxlegal.com

This 29th day of June, 2023.

*/s/ William W. Horlock, Jr.*
William W. Horlock, Jr.

1010799_1

7