UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES HOLT,<br><br>   Plaintiff,<br><br>v.<br><br>MARTEC 360, LLC and ANDREW SHELTON,<br><br>   Defendants. | CIVIL ACTION FILE NO.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, James Holt, by and through his undersigned counsel, Becker Law LLC, and hereby files this Complaint against Defendants MarTec 360, LLC ("MarTec") and Andrew Shelton ("Shelton"), and shows this Court as follows:

## SUMMARY

1. This is an action filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), as well as to recover damages for breach of contract and under the equitable theory of quantum meruit.

2. This action seeks to remedy unlawful employment practices by Defendants, including Defendants' failure to abide by FLSA wage and hour laws.

3. This action seeks to recover unpaid wages, benefits, attorneys' fees, costs,

and other damages owed by Defendants to Plaintiff.

## JURISDICTION AND VENUE

4. This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA.

5. This Court has supplemental jurisdiction for the Plaintiff's common law claims for breach of contract and under the equitable theory of quantum meruit because these claims are part of the same case and controversy as Plaintiff's FLSA claim, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because the Defendants and the Plaintiff transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

6. At all times relevant to this Complaint, Defendant MarTec was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, and conducting transactions through commerce, including

through the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. At all times relevant to this Complaint, Defendants regularly owned and operated a business engaged in commerce as defined by §§203(r) and 203(s) of the FLSA. Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant MarTec's business. Specifically, Plaintiff traveled on interstate highways and used interstate communications in the performance of his duties for MarTec.

8. Upon information and belief, Defendant MarTec's enterprise has an annual gross volume of sales of at least $500,000.00.

## PARTIES

9. Plaintiff is an individual who resides at 252 Commerce Drive, Decatur, GA 30030.

10. Defendant MarTec is a Florida limited liability company with its principal place of business at 2614 W. Wyoming Ave., Tampa, Florida 33611. MarTec is an "employer" within the meaning of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(d).

11. At all relevant times, Defendant Shelton is an individual who is the CEO, and a principal owner/member, of Defendant MarTec, and has acted directly or indirectly

in the interest of Defendant MarTec with respect to the Plaintiff. Defendant performs his duties as CEO and principal owner/member of Defendant MarTec at 2614 W. Wyoming Ave., Tampa, Florida 3361.

12. Defendant MarTec may be served through its Registered Agent, United States Corporation Agents, Inc., 476 Riverside Avenue, Jacksonville, Florida 32202.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant MarTec has been in the business of providing "Software as a Service" solutions and services for e-commerce companies and brands.

14. Plaintiff was employed by Defendant MarTec as a Director of Business Intelligence between August 23, 2017 and May 8, 2023.

15. Defendant MarTec agreed to pay Plaintiff $2,884.61 every two weeks as wages while employed by Defendant MarTec and further agreed to contribute $150 every two weeks toward Plaintiff's health insurance coverage.

16. While Plaintiff was employed by Defendant MarTec, Defendant MarTec failed to pay Plaintiff a total of twenty-five (25) bi-weekly wage payments and health insurance coverage contributions totaling $75,845.

17. Because Defendant MarTec failed to pay the wages as specified above, it also failed to withhold amounts for FICA/Medicare from such wages.

18. Plaintiff continued to perform work for Defendant MarTec during all relevant times in this Complaint, despite not receiving the wages and health insurance contributions specified in Paragraph 16 above.

19. In addition, during the course of his employment, on many occasions Plaintiff worked in excess of 40 hours in a workweek, yet did not receive one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

20. Throughout the period that Plaintiff failed to receive wages and health insurance contributions as specified in Paragraph 16 above, Plaintiff made oral demands on Defendant MarTec for payment of such wages and contributions. In response, Defendants did not dispute that Defendant MarTec owed such wages and contributions to Plaintiff, but told Plaintiff that Defendant MarTec was under certain unspecified "financial constraints" and was unable to pay. Nevertheless, Defendants assured Plaintiff that Plaintiff would eventually receive all unpaid wages and health insurance contributions. Plaintiff continued to work for Defendant MarTec with the understanding that he would soon be paid, but nevertheless periodically raised the issue with Defendants. No such payments were ever made by Defendant MarTec to Plaintiff.

21. On or about May 8, 2023, Plaintiff, through his counsel, sent a letter to

Defendants demanding payment of all unpaid wages, health insurance contributions, and FICA and Medicare withholding on such unpaid wages (the "Demand Letter"). In the Demand Letter, Defendants were also informed that Plaintiff was resigning as an employee of Defendant MarTec, effective May 8, 2023.

22. In his response to the Demand Letter, Defendant Shelton did not dispute that Defendant MarTec owed the amounts demanded by Plaintiff for unpaid wages and contributions to health insurance in the Demand Letter, but informed Plaintiff's counsel via email that the Defendants did not have the financial resources to pay these amounts.

## COUNT ONE

### Violation of the Fair Labor Standards Act

23. Plaintiff realleges, and incorporates by reference, Paragraphs 1-22 of its Complaint, as if specifically restated herein.

24. At all relevant times, Plaintiff did not receive the wages and health insurance contributions he was entitled to, as specified in Paragraph 16 above.

25. Defendants classified Plaintiff as an exempt employee under the FLSA. As a result, Defendants did not pay Plaintiff overtime compensation. However, Plaintiff was not paid on a salary basis that would place him under any of the FLSA's

6

exemptions from overtime compensation. In this respect, Defendants misclassified Plaintiff under the FLSA.

26. Defendants' policy and practice of classifying Plaintiff as an exempt employee, and denying him overtime compensation, violated the FLSA.

27. Plaintiff brings this Complaint individually pursuant to 29 U.S.C. § 216(b) of the FLSA.

28. By failing to pay wages, as detailed in Paragraph 16 above, Defendants failed to compensate Plaintiff for the relevant minimum wage, and also at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. Accordingly, Defendants have violated, and continue to violate, the FLSA, including, without limitation, 29 U.S.C. § 207(a)(1).

29. Defendants' conduct, as alleged in this Complaint, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), which resulted in a loss of wages and health insurance contributions to Plaintiff.

30. In addition to recovery of the relevant minimum wage, and overtime pay of not less than one and one-half times the regular rate of pay for work Plaintiff performed in excess of forty hours in a work week, Plaintiff is entitled to liquidated damages, we well as to recover Plaintiff's attorneys' fees, costs, and expenses of this action, all as provided by the FLSA (29 U.S.C. § 216(b)).

31. All conditions precedent to the filing of this suit have been satisfied.

## COUNT TWO:
## FAILURE TO MAINTAIN ACCURATE RECORDS UNDER THE FLSA

32. Plaintiff realleges, and incorporates by reference, Paragraphs 1-31 of its Complaint, as if specifically restated herein.

33. The FLSA requires employers to keep accurate records of hours worked by both exempt and non-exempt employees under 29 U.S.C. § 211(c) and 29 C.F.R. 516.

34. Defendants failed to maintain accurate records of hours worked by Plaintiff in violation of 29 U.S.C. § 211(c) and 29 C.F.R. 516.

35. Defendant's failure to maintain accurate records of hours worked by Plaintiff violated the FLSA's record-keeping requirements under 29 U.S.C. § 211(c) and 29 C.F.R. 516 and demonstrates Defendants' willful and intentional conduct designed to evade the requirements of the FLSA.

## COUNT THREE:
## BREACH OF CONTRACT UNDER GEORGIA COMMON LAW

36. Plaintiff realleges, and incorporates by reference, Paragraphs 1-35 of its Complaint, as if specifically restated herein.

37. Plaintiff is entitled to recover his unpaid "straight time" and health insurance

contributions for the services he rendered to Defendant MarTec.

38. This claim is independent of Plaintiff's FLSA claims and is, therefore, not preempted by the FLSA.

39. Defendant MarTec agreed to pay Plaintiff for his straight time worked during his time of employment with Defendant MarTec, as well as to make contributions toward Plaintiff's health insurance.

40. Pursuant to his agreement with Defendant MarTec, Plaintiff was to be paid $2,884.61 every two weeks as wages and to receive a contribution of $150 every two weeks toward Plaintiff's health insurance coverage.

41. Defendant failed to pay Plaintiff wages and health insurance contributions totaling at least $75,845.

42. Defendant MarTec also failed to withhold amounts for FICA/Medicare from such wages and health insurance contributions in an amount to be determined at trial of this matter. These amounts will need to be withheld by Plaintiff from amounts awarded to Plaintiff for wages and health insurance contributions owed by Defendant MarTec.

43. Defendant MarTec's failure to pay Plaintiff wages and health insurance contributions as specified in this Complaint constituted a breach of contract by Defendant MarTec.

44. Plaintiff performed all material conditions, covenants, and promises required to be performed on his part in accordance with the terms and conditions of the parties' agreement.

45. As a direct and proximate result of Defendant MarTec's breach of contract, Plaintiff has been damaged in the amount of at least $75,845, plus (a) FICA/Medicare withholding, and (b) credit card debt and associated fees incurred by Plaintiff for living expenses in the absence of the payment of wages by Defendant MarTec, both in an amount to be determined at trial of this matter, together with interest.

## COUNT FOUR:
## QUANTUM MERUIT UNDER GEORGIA COMMON LAW

46. Plaintiff realleges, and incorporates by reference, Paragraphs 1-45 of its Complaint, as if specifically restated herein.

47. Plaintiff is entitled to recover his unpaid "straight time" for services rendered to Defendant MarTec based on the equitable theory of quantum meruit under Georgia common law. This claim is not covered by the FLSA .

48. This claim is independent of Plaintiff's claims under the FLSA and are, therefore, not preempted by the FLSA.

49. Plaintiff provided, and Defendants demanded, the performance of valuable services to Defendant MarTec, which were performed at Defendants' direction and

with Defendants' acquiescence.

50.   These services also conferred a valuable benefit on Defendants because Plaintiff provided these services to Defendant MarTec without compensation.

51.   Defendants were aware that Plaintiff expected to be compensated for the services Plaintiff provided to Defendant MarTec, and which benefitted the Defendants.

52.   It is, therefore, inequitable for Defendants to retain the benefit of Plaintiff's services without paying fair value for them.

## COUNT FIVE: ATTORNEYS FEES

53.   Plaintiff realleges, and incorporates by reference, Paragraphs 1-53 of his Complaint, as if specifically restated herein.

54.   Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff trouble and expense by, among other things, acting in bad faith by participating in the illegal conduct described above.

55.   Plaintiff has incurred attorneys' fees and costs in connection with prosecuting this lawsuit to recover amounts due Plaintiff for losses, damages, costs, and expenses he incurred due to the Defendants' acts or omissions.

56.   Accordingly, Plaintiff is entitled to recover his attorneys' fees and other reasonable expenses incurred as described above, pursuant to O.C.G.A. § 13-6-11,

as well as prejudgment interest at the applicable rate per annum.

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

a. Judgment against Defendants awarding Plaintiff unpaid wages pursuant to the FLSA, liquidated damages equal in the amount to the unpaid compensation found due; pre-judgment interest on unpaid wages; court costs; expert witness fees; reasonable attorneys' fees as provided by 29 U.S.C. §216; and all other remedies allowed under the FLSA;

b. Judgment against Defendants awarding Plaintiff straight time for all unpaid wages and other damages allowed by Georgia law;

c. Judgment against Defendants awarding Plaintiff damages of at least $75,845, plus (i) FICA/Medicare withholding, and (ii) credit card debt and associated fees incurred by Plaintiff for living expenses in the absence of the payment of wages by Defendant MarTec, both in an amount to be determined at trial of this matter, together with interest.

d. For an Order awarding Plaintiff attorneys' fees, costs and expenses of this action;

e. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 29th day of June, 2023.

**BECKER LAW LLC**
*Attorneys for Plaintiff*

/s/ Steven B. Becker

Steven B. Becker
Georgia Bar No. 522766

One West Court Square, Suite 750
Decatur, Georgia 30030
Tel: 404-777-1657
sbecker@beckerlawllc.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 29th day of June, 2023.

                                                              **BECKER LAW LLC**
*Attorneys for Plaintiff*

                                                              Steven B. Becker
                                                              Georgia Bar No. 522766

One West Court Square, Suite 750

Decatur, Georgia 30030

Tel: 404-777-1657

sbecker@beckerlawllc.com