IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER EDD<br><br>  Plaintiff,<br><br>v.<br><br>SUMTER UTILITIES, INC.,<br>SAGE JONES,<br><br>  Defendants. | CIVIL ACTION<br>FILE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW CHRISTOPHER EDD and files this Complaint for Damages against Defendants as follows:

PARTIES, JURISDICTION AND VENUE

1.

This is a personal injury action, seeking damages for injuries suffered as a result of a collision between Plaintiff who was a passenger on a scooter and a utility bucket truck operated by Sage Jones in the course and scope of his employment with SUMTER UTILITIES on June 29, 2021, causing injury to Plaintiff.

1

2.

Plaintiff CHRISTOPHER EDD ("Mr. Edd") is a resident of Fulton County, Georgia.

3.

SUMTER UTILITIES, INC. ("Sumter") is a foreign for-profit corporation authorized to transact business in the State of Georgia, with its principal place of business being located at 1151 North Pike West, Sumter, SC, 29153.

4.

Sumter may be served through its registered agent CSC of Stephens County, Inc., 597 Big A Road, Toccoa, GA 30577.

5.

Jurisdiction and venue are appropriate in this Court as to Sumter.

6.

SAGE JONES ("Mr. Jones") is and was on June 29, 2021, a resident of the State of Alabama who was operating a motor vehicle on the roads of the State of Georgia.

7.

Mr. Jones may be served via the Georgia Nonresident Motorists Act or the Long Arm Statute at his residence at 1038 County Road 1194, Vinemont, AL 35179.

8.

Jurisdiction and venue are appropriate in this Court as to Mr. Jones.

9.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 and O.C.G.A. § 9-10-91 as the plaintiffs are not citizens of the same state as any defendant; the amount in controversy exceeds $75,000.00; and the defendants transact business within the State of Georgia, and committed a tortious act in the State of Georgia.

10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and OCGA § 9-10-93 as the facts, circumstances and events giving rise to the Plaintiffs' injuries occurred in Fulton County, Georgia on or about June 29, 2021.

FACTS

11.

On June 29, 2021, Mr. Edd and J.K., a minor relative, were walking around their neighborhood between 9:45 – 10:00am when they came upon a dockless scooter parked on a sidewalk.

12.

J.K. tested the vehicle and found that the wheels rolled freely.  The kids rolled the vehicle to the top of a nearby hill on Ira Street.  With J.K. operating the vehicle and Mr. Edd positioned behind him, the kids rolled down Ira Street SW towards its intersection with Fletcher Street SW.

13.

Simultaneously, Mr. Jones was operating a Sumter bucket truck towing a trailer and traveling westbound on Fletcher Street approaching a stop sign for westbound traffic posted at its intersection with Ira Street.

14.

Mr. Jones failed to stop at the stop sign, proceeded into the intersection, and collided with J.K. and Christopher Edd on the scooter.



## COUNT 1 – NEGLIGENT OPERATION OF A MOTOR VEHICLE

15.

Mr. Jones' negligent acts or omissions are as follows:

(A)   in failing to obey the instructions of an official traffic-control device in violation of O.C.G.A. § 40-6-20, which is negligence per se;

(B)   in failing to exercise due care to avoid colliding with children riding a scooter on a surface street in their neighborhood;

(C)   in failing to exercise proper precautions upon observing any child, all in violation of O.C.G.A. § 40-6-93, which is negligence per se;

(D)   operating a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing; and

(E)     failing to maintain a reasonable and prudent speed when special hazards exist with respect to pedestrians, all in violation of O.C.G.A. § 40-6-180, which is negligence per se.

(F)     failing to exercise due care;

(G)     failing to keep and maintain a sharp and vigilant lookout; and

(H)     failing to have and keep his 2019 International MA025 utility bucket truck under his direct and immediate control so as to avoid striking Mr. Edd in violation of his common law duties to Mr. Edd

(I)     in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

## COUNT 2 – VICARIOUS LIABILITY OF SUMTER UTILITIES, INC.

16.

The violation of the aforementioned duties of care outlined in Count 1 are imputable to Sumter under the doctrine of respondeat superior.

## COUNT 3 – NEGLIGENT HIRING & RETENTION

17.

Sumter was aware or should have been aware of Mr. Jones' dangerous

driving propensities yet it hired him and allowed him to operate a motor vehicle in the course and scope of his employment or agency. Accordingly, Sumter negligently hired and retained Mr. Jones. Sumter's negligent hiring and retention of Mr. Jones was a proximate cause of the subject crash and Plaintiff's damages.

## COUNT 4 – NEGLIGENT TRAINING

20.

Sumter failed to properly train Mr. Jones on how to properly and safely operate a motor vehicle in the course of scope of his employment or agency. Sumter's negligent training of Mr. Jones was a proximate cause of the subject crash and Plaintiffs' damages.

## DAMAGES

21.

As a direct and proximate result of Defendants' negligence, J.K. incurred general damages, including pain and suffering, and mental anguish, and harm to his future opportunities and earning potential. J.K. struggles with and will continue to suffer from significant pain, suffering

and mental anguish in the future as a result of injuries received in the crash described herein.

22.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred special damages of at least $257,823.24 for medical care and treatment.

23.

Mr. Edd's injuries will require additional medical care, treatment and expense in the future.

24.

As a result of Defendants' negligence, Mr. Edd was permanently injured and damaged.

25.

The collision in which Mr. Edd was struck was caused solely by the negligence of Defendants without any negligence on the part of Mr. Edd.

WHEREFORE, plaintiff respectfully prays for the following relief:

(a)   that process and summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b)     that Plaintiff have a trial by jury as to all issues;

(c)     that plaintiff recover the full value of his past and future medical expenses in an amount to be proven at trial in excess of $257,823.24;

(d)     that plaintiff recover for his mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     that Plaintiff receive the costs of this action and interest;

(f)     That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this 29th day of June, 2023.

/s/ Kendrick K. McWilliams, Sr.[1]
**Kendrick K. McWilliams, Sr.**
State Bar of Georgia #140983
Counsel for Plaintiff

**HAGEN ROSSKOPF, LLC**
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553 – phone
(404) 522-7744 - fax
Kendrick@Hagen-Law.com

---

[1] Counsel certifies that this pleading is in Book Antiqua, 14 point.