IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMIN SALGADO,<br><br>     Plaintiff,<br><br>vs.<br><br>JASON SCHWEIGERT and<br>MOELLER TRUCKING, INC.,<br><br>     Defendants. | CIVIL ACTION FILE NO.<br><br><br><br><br><br>REMOVED FROM STATE COURT<br>OF CLAYTON COUNTY,<br>GEORGIA<br>CIVIL ACTION FILE NO.<br>2023CV00435 |

## DEFENDANTS' NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.    A civil action was filed on February 21, 2023 in the State Court of Clayton County, State of Georgia. That action is designated there as Civil Action File No.: 2023CV00435.

2.     This case was removed to Federal Court on April 12, 2023. However, this case was remanded back to Clayton County State Court on May 12, 2023 for not meeting the $75,000 amount in controversy requirement. After this case was remanded, on May 16, 2023, Defendants served Plaintiff with Requests for Admission related to the amount in controversy claimed.

3.     In Plaintiff's Responses to the Requests for Admission, Plaintiff admitted the following:

   a.  Plaintiff is seeking more than $75,000 in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 2).

   b.  Plaintiff does contend that Plaintiff is entitled to recover more than $75,000 in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 4).

   c.  Plaintiff did suffer more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 6).

   d.  Plaintiff is entitled to recover more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 8).

   e.  Plaintiff's damages in this lawsuit are not limited to $75,000 or less. (Pl.'s First Responses to Def. RFAs ¶ 10).

4.    Accordingly, the amount in controversy exceeds $75,000.00. Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses. Plaintiff's Responses to Defendant's Requests for Admission clearly state Plaintiff is seeking more than $75,000 in this lawsuit and that Plaintiff suffered more than $75,000 in damages from the alleged incident. Plaintiff responded to Defendant's Requests for Admission on June 1, 2023. This removal is timely filed.[1]

5.    Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 2023CV00435, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

---

[1] Title 28 U.S.C. § 1446(b) provides the governing standard. It gives a defendant 30 days to act, and it creates two events that trigger that 30-day clock to run. The first triggering event is the defendant's receipt of the initial pleading. If the initial pleading does not demonstrate removability, then the second triggering event is the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Documents that may trigger the (b)(3) clock to run include those from the state court proceeding or answers to discovery requests to the extent those two categories of documents inform what the amount in controversy is. § 1446(c)(3)(A). *See Wopshall v. Travelers Home & Marine Ins. Co., 369 F.Supp.3d 1283 (S.D. Fla. 2019).*

6.  Defendant Jason Schweigert is an individual and citizen residing in the State of Florida and with the intent to remain in the State of Florida. (Pl.'s Compl. ¶ 2).

7.  Defendant Moeller Trucking, Inc., is now, was at the commencement of Civil Action File No.: 2023CV00435, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Pl.'s Compl. ¶ 5).

8.  Defendant Moeller Trucking, Inc.'s Principal Office at the time of filing of Civil Action File No.: 2023CV00435 was, and at all times since has been located in the State of Ohio.

9.  Upon information and belief, Plaintiff is an individual residing in the State of Georgia. (Pl.'s Compl. ¶ 1).

10. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

   a.  The amount in controversy exceeds $75,000.00.

b. Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well. (Pl.'s Compl. ¶ 42)

c. Plaintiff's Responses to Defendant Moeller Trucking, Inc.'s First Requests for Admission clearly state that Plaintiff is seeking more than $75,000 in this lawsuit and that Plaintiff suffered more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs) (attached hereto as "Exhibit B").

d. "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the fact-finder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir., 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751

(11th Cir., 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir., 2001).

e.   The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint and Plaintiff's Responses to Defendant's Requests for Admission that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

f.   Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, she incurred special damages and has incurred substantial medical expenses and will likely incur expenses in the future (Compl. ¶¶ 42, 43.)

g.   The Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages and Plaintiff's Responses to Defendant's Requests for Admission that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum. Plaintiff's allegations weigh heavily in favor of finding that the Complaint and accompanying discovery

responses state an amount in controversy in excess of $75,000.00.
*See e.g.*, *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL),
2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010)
(finding that, based on the Court's judicial experience and common
sense, the plaintiff's claim likely would result in a pain and suffering
award that would bring Plaintiff's case in excess of $75,000.00 even
though plaintiff did not assign dollar figures to the amount of his
claimed damages for pain and suffering); *Gebbia v. Wal-Mart
Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations
omitted) (holding that the amount in controversy was facially
apparent from the pleadings where the plaintiff sought damages for
medical expenses, physical pain and suffering, mental anguish and
suffering, loss of enjoyment of life, loss of wages and earning
capacity, as well as permanent disability and disfigurement). In sum,
Plaintiff's allegations in her Complaint and Responses to
Defendant's Requests for Admission make clear that her claim for
damages satisfies the jurisdictional requirements of 28 U.S.C. §
1332(a).

11.     Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Clayton County, State of Georgia, marked as Exhibit "C".

12.     All Defendants agree to this removal.

WHEREFORE the Defendants pray that the above action now pending against them in the State Court of Clayton County, State of Georgia, be removed to this Court.

Respectfully submitted this <u>29th</u> day of June, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| **Defendants.** | **CIVIL ACTION FILE NO. 2023CV00435** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>** with the Clerk of Court electronically

which will automatically send an e-mail notification of such filing to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA  30085
alamar@atlantalegalcare.com

[Signatures on Next Page]

Respectfully submitted this 29th day of June, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

# Exhibit A

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

JASMIN SALGADO,

        Plaintiff,

    vs.

JASON SCHWEIGERT and MOELLER
TRUCKING, INC.,
        Defendants.

CIVIL ACTION No.:  2023CV00435

## PLAINTIFF'S FIRST RESPONSES TO DEFENDANT MOELLER TRUCKING INC.'S FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW, JASMIN SALGADO, (hereinafter referred to as "Plaintiff"), and files this PLAINTIFF'S FIRST RESPONSES TO **DEFENDANT MOELLER TRUCKING, INC.'S FIRST INTERROGATORIES TO PLAINTIFF** and responds to the following Interrogatories requested by Defendant.

### FIRST OBJECTION

Plaintiff objects to Defendant's discovery requests to the extent they impose any duty not required under the Georgia Civil Practice Act.

### SECOND OBJECTION

Plaintiff objects to Defendant's discovery requests to the extent they are vague, overbroad and unduly burdensome, and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

### THIRD OBJECTION

Plaintiff objects to Defendant's discovery requests to the extent they seek to discover communications protected by the attorney-client privilege or the doctrine of attorney work product.

## FOURTH OBJECTION

Plaintiff objects to Defendant's discovery requests to the extent they call for information which may be derived or ascertained by it with the substantially the same burden as that presented to Plaintiff.

Notwithstanding and subject to the afore-stated objections and without waiving the same, Plaintiff responds as follows:

## RESPONSES TO INTERROGATORIES

1.

Please identify the person(s) responsible for preparing Plaintiff's responses to these Interrogatories and identify all persons consulted in the process of preparing such responses.

**RESPONSE:**

Plaintiff states her counsel at Lamar Law Office, LLC has assisted the preparation of her responses to the interrogatories and has provided the information for same,

2.

For Plaintiff, please state the full name, date and place of birth, social security number, present address, residential address history for the past ten (10) years, marital status, spouse's name and contact information if applicable, and any other names by which Plaintiff may have been known.

**RESPONSE:**

Plaintiff objects to the production of her social security number because it is protected by her right of privacy under state and federal law. See *Lightsey v. Potter*, No. CIV.A.1:04-CV-3110-ODE, 2006 WL 2938715, at *3 (N.D. Ga. Oct. 12, 2006) (holding that social security numbers are private and confidential and were properly redacted from discovery documents because they were not relevant to Plaintiff's claims); see also *Scaife v. Boenne*, 191 F.R.D. 590, 592 (N.D. Ind. 2000)

(prohibiting the release of social security number in discovery because it was not relevant); see also

*Entral Group Intern., LLC v. YHCL Vision Corp.*, 436 F.Supp.2d 404, 405-06 (E.D.N.Y. 2006)

(holding that social security numbers should not be disclosed absent a showing of particularized need

because individuals have a strong privacy interest in their social security numbers). Subject to and

without waiving said objection, Plaintiff's states her full name is Jasmin Melanie Salgado-Davis, she

was born in Germany on August 30, 1982. Plaintiff is currently married and her spouse's name is

Kesha Davis.

Present Address: 123 Barclay Dr, McDonough, GA 30252,

**Past Addresses:**

–   1519 Pressley Ln, McDonough, GA 30253

–   2517 Colin Pl, McDonough, GA 30253

3.

Please identify all persons that to You or Your representatives knowledge, information, or

belief:

(a)     were eyewitnesses to the Incident giving rise to this lawsuit;

(b)     have knowledge of any relevant information, fact, or circumstance concerning the

Incident giving rise to this lawsuit, any issue of liability in this lawsuit, or the

damages You claim in connection with this lawsuit, stating the substance of the

relevant knowledge You believe they possess and explaining the person's

relationship to Plaintiff, if any, and/or how Plaintiff knows of said individual;

(c)     have investigated any aspect of the occurrence that is the subject this litigation

and indicate whether each has made a written record of the investigation or any part

thereof.

**RESPONSE:**

(a) Plaintiff is unaware of any eyewitnesses to the collision other than those involved in it, and none are listed on the police report;

(b) Officer Ptl. Eva Allen  (Badge# 24349), responding officer of the Clayton County Police Department; Plaintiff's treating physicians; Plaintiff's counsel, Defendant's counsel, representatives of Arch Insurance Company;

(c) Officer Ptl. Eva Allen  (Badge# 24349), responding officer of the Clayton County Police Department; investigated the accident and is believed to have knowledge regarding his findings and the facts and circumstances surrounding the collision. Plaintiff' attorneys and staff of Lamar Law Office, LLC, Defendant's attorneys and staff of Hall Booth Smith, P.C., and insurance company employees and representatives of Arch Insurance Company.

Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

4.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

**RESPONSE:**

None known other than statements given to the investigating officer at the time of the incident. The police report is being produced contemporaneously with these requests for production.

5.

Please identify any and all oral or written communications You have had with Defendant or any of his representatives relating to the subject matter of the allegations set forth in the

Complaint, including any communications made on Your behalf by another. For each such communication, please specify:

    (a)    the date(s) of such communications and the person with whom You communicated;

    (b)    the method of communication (i.e., by phone, in person, in writing, etc.);

    (c)    any witnesses to such communications;

    (d)    any notes or documents made by You or others reflecting such communications.

**RESPONSE:**

Plaintiff states that she does not recall any communications with the Defendant.  All other communication with the Defendant's agents has been through her attorney's office, Lamar Law Office, LLC.

6.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

**RESPONSE:**

Plaintiff states she has not yet determined who she expects to call as an expert witness at the trial of this case.  Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

7.

Please state whether any photograph(s), movie(s), video(s), chart(s), diagram(s), videotape(s), or any other illustration(s) or other pictorial representation(s) have been taken in connection with the Incident or in connection with injuries alleged in this Incident or depicting anything relevant to this lawsuit.  If so, please state:

    a)  the name and address of the person(s) who took all such photographs, movies or other pictorial representations;

    b)  the name and address of the person(s) who have possession or custody of the negatives of any photographs, the positive prints of any such photographs or any original movies, videos or other pictorial representations; and

    c)  describe what is depicted in each such photograph, movie, video or other pictorial representation.

**RESPONSE:**

Plaintiff states that she is only aware of the police report written by the investigating officer which will be produced in response to Defendant's Request for Production of Documents.

8.

To Your knowledge, information, or belief, is there any documentary or other tangible evidence which You contend supports Your allegations of negligence, causation, or damages?  If so, please describe such documentary or tangible evidence stating as to each item the following:

    a)  the nature and form thereof;

    b)  the subject or content of such evidence;

c)  the present location and name of the person having custody and control thereof.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that said interrogatory calls for Plaintiff to write a broad resume of the case. This interrogatory is burdensome and oppressive and violates O.C.G.A. § 9-11-26. Plaintiff further objects to this interrogatory on the grounds that it calls for legal contentions and theories of Plaintiff. This question purports to require Plaintiff's attorney to describe to the Defendant each and every fact that is relevant and to explain to the Defendant's attorney Plaintiff's opinion as to the legal significance of those facts. Notwithstanding and without waiving objection, Plaintiff directs Defendants to the Georgia Motor Vehicle Crash Report, produced contemporaneously herewith.

9.

Please describe in detail, from Your perspective, how You allege the Incident described in Your Complaint occurred, including in Your answer every factor or occurrence that You believe may have contributed to the accident.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that said interrogatory calls for Plaintiff to write a broad resume of the case. This interrogatory is burdensome and oppressive and violates O.C.G.A. § 9-11-26. Plaintiff objects to this interrogatory on the grounds that it calls for legal contentions and theories of Plaintiff. This question purports to require Plaintiff's attorney to describe to the Defendant each and every fact that is relevant and to explain to the Defendant's attorney Plaintiff's opinion as to the legal significance of those facts. Plaintiff relies upon the acts

and omissions cited in her Complaint against Defendants and directs Defendants to the Georgia Motor Vehicle Crash Report.

10.

Please state with specificity each and every allegation of negligence and/or wrongful conduct on the part of Defendant for which Plaintiff asserts Defendant is liable to Plaintiff for damages.

**RESPONSE:**

Plaintiffs object to the extent that this interrogatory requests information that calls for a legal conclusion and a broad resume of the case. Subject to and without waiving this objection, Plaintiff relies upon the acts and omissions cited in her Complaint against Defendant, as well as the narrative portion of the police report. This response is subject to amendment or supplementation as discovery progresses.

11.

Please identify any criminal charges, offenses, arrests, convictions, or guilty pleas You have ever been involved in, stating the offense charged, the date of the allegations, the court involved, and the disposition of the matter. This Interrogatory may be answered subject to objections as to admissibility, relevance, etc., at trial.

**RESPONSE:**

Plaintiff objects to Interrogatory No: 11 as asked on the grounds that it is unlimited in time and scope. Further, Plaintiff objects on the grounds that only felonies and/or crimes of moral turpitude are admissible in civil matters such as this action. Moreover, this Interrogatory is not

reasonably targeted to lead to the discovery of admissible information. Subject to and without waiving these objections, Plaintiff states that she was never arrested but she recalls receiving tickets for traffic violations for following too closely and  expired registration.

12.

During the 12-hour period prior to the Incident, did You consume any alcoholic beverages, medications, or drugs of any kind?  If so, please state with specificity the type of alcoholic beverage, medication, or drug consumed, the amount consumed, the time(s) at which it was consumed, and the name, address, and telephone number of all persons who have relevant knowledge about Your consumption of these substances.

**RESPONSE:**

Plaintiff states that she recalls taking insulin for diabetes and duloxetine for anxiety. Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

13.

Please identify each and every drug, whether recreational, over the counter, or prescription, that You had taken in the last six (6) months prior to the Incident that is the subject of this lawsuit. For each drug purchased, please provide the name of all prescribing providers and the pharmacies or providers where the Plaintiff purchased these drugs.

**RESPONSE:**

Plaintiff objects to Interrogatory No.12 on the grounds that it is not limited in time or scope and therefore is overly broad and burdensome. Subject to and without waiving said

objections, Plaintiff states that she takes prescribed insulin for diabetes and duloxetine for anxiety. The prescribing provider is Dr. Ronald Watts, 550 Eagles Landing Pkwy #110, Stockbridge, GA 30281, for the insulin for her diabetes. The pharmacy where plaintiff purchased these drugs is; CVS Pharmacy located at  2098 GA-20 W, McDonough, GA 30253.

Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

14.

Please identify and explain in detail, to the best of Your ability, all injuries You claim to have received as a result of the Incident giving rise to this lawsuit and indicate what injuries You are, at present, still suffering from, and the manner and extent of Your current suffering.

**RESPONSE:**

Plaintiff states left shoulder and neck pain.  Plaintiff further states that the information about the injuries she sustained as a result of the subject incident may be found in her medical records and medical bills which are being produced contemporaneously with these Interrogatory responses. At present, Plaintiff has shoulder and neck pain on and off.

15.

Please identify every practitioner of the healing arts (physicians, dentists, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, etc.) who treated You in the ten (10) years prior to November 9, 2021, the date of the Incident giving rise to this lawsuit.  For each provider, please list the nature of the treatment, the dates of treatment, and provide a current

address for the medical treatment provider. This includes all providers who meet the statutory definitions set forth in O.C.G.A. § 9-11-9.1.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 15 to the extent that it is overly broad and burdensome.  Subject to and without waiving said objection, and aside from the medical providers who treated Plaintiff for this incident, which is the rise of this lawsuit, Plaintiff states as follows:

– Plaintiff recalls treating with Dr. Ronald Watts, located at 550 Eagles Landing Pkwy #110, Stockbridge, GA 30281.

– Plaintiff recalls treating with Dr Taiwo at Southern Behavioral Healthcare, PC located at 110 Braxton Ct, Fayetteville, GA 30214.

– Plaintiff recalls treating at Aylo Health.

– Plaintiff recalls treating at Bruno Dental Care located at  782 Jackson St, Locust Grove, GA 30248

– Plaintiff recalls treating at Clayton Eye Center located at 1000 Corporate Center Dr #100, Morrow, GA 30260.

– Plaintiff recalls treating at Resurgens Orthopedics located at 6635 Lake Dr, Morrow, GA 30260.

Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

16.

Please identify every practitioner of the healing arts (physicians, dentists, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, etc.) who has examined or treated You on or after November 9, 2021. For each provider, please list the nature of the treatment, the dates of treatment, and provide a current address for the medical treatment provider. This includes all providers who meet the statutory definitions set forth in O.C.G.A. § 9-11-9.1.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 16 to the extent that it is overly broad and burdensome. Subject to and without waiving said objection, Plaintiff states identifies the following medical providers who treated Plaintiff for her injuries she sustained for this incident, which is the rise of the lawsuit:

| | |
|---|---|
| Buchanan Chiropractic Clinic<br>Dr. Buchanan<br>5124 N Henry Blvd<br>Stockbridge, GA 30281 | **10 visits**<br>01/10/2022<br>01/12/2022<br>01/14/2022<br>01/18/2022<br>01/24/2022<br>01/26/2022<br>02/11/2022<br>02/18/2022<br>02/21/2022<br>02/23/2022 |
| Peachtree Spine - Atlanta Location<br>Matthew Oglesby, MD<br>5555 Peachtree Dunwoody Road,<br>Ste G65<br>Atlanta, GA 30342 | **8 visits**<br>02/23/2022<br>03/02/2022<br>03/16/2022<br>04/12/2022<br>04/27/2022<br>05/12/2022<br>05/24/2022<br>06/07/2022 |

Plaintiff also recalls treating with:

- Dr. Ronald Watts, located at 550 Eagles Landing Pkwy #110, Stockbridge, GA 30281

- Plaintiff recalls treating at Aylo Health.

Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

17.

Please list the name of any pharmacy that has filled any prescription for You during the past five (5) years and for each pharmacy identified provide the street address or shopping center in which the pharmacy is located.

**RESPONSE:**

Plaintiff objects to Interrogatory No.17 on the grounds that it is not limited in time or scope and therefore is overly broad and burdensome. Subject to and without waiving said objections, Plaintiff recalls getting prescriptions at:

- CVS Pharmacy located at  2098 GA-20 W, McDonough, GA 30253.

- Publix Super Market at Kelleytown Village located at 3500 GA-155 N, McDonough, GA 30252.

18.

Please state whether, prior or subsequent to the alleged Incident which forms the basis of Your Complaint, You had any pre-existing medical conditions or symptoms in the bodily areas where You allege injuries in this lawsuit, and/or experienced any events of any kind, which aggravated Your alleged injuries.  If so, please describe same and identify all physicians or other practitioners of the healing arts who provided treatment for same.

**RESPONSE:**

Plaintiff objects to Interrogatory No.18 on the grounds that it is not limited in time or scope and therefore is overly broad and burdensome. Subject to and without waiving said objections, Plaintiff states that she recalls treating at Resurgens Orthopaedics in Morrow, Georgia for back pain.

19.

With respect to all insurance benefits available to You for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor, or other practitioner of the healing arts as a result of the Incident that is the subject of this litigation, please state:

a)  the name and address of the provider of benefits;

b)  the amount of the payments by each provider;

c)  the person or entity to whom the payments were made; and

d)  the claim number, policy number, or applicable reference number with regard to each payment, benefit, or claim.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it seeks information in violation

of Georgia's Collateral Source Rule. Georgia law prohibits presentation to the jury of evidence of payment of damages by a collateral source. Olariu v. Marrero, 248 Ga. App. 824 (2001), cert. denied, (Sept. 17, 2001) (motion in limine used to exclude). A wrongdoer is not entitled to have the damages for which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or stated more succinctly, the wrongdoer may not be benefited by collateral payments made to the person he has wronged. Cincinnati, New Orleans & Texas Pacific Railway Company v. Hilley, 121 Ga. App. 196 (1970). Subject to the foregoing objection, Plaintiff states that to the best of her knowledge, she did not receive any benefits.

20.

For any lost wage or salary claim that You make, please state the amount claimed, the name, address, and phone number of Your employer at the time of the occurrence, the name of Your supervisor, the dates You were unable to work, the date You returned to work, Your rate of pay, and whether Your employer continued to pay Your salary during any part of the time You were unable to work.

**RESPONSE:**

Plaintiff is not making a claim for lost wages.

21.

If You have made a claim against anyone for injury or damages as a result of an injury other than the present action, please state the date of each claim, identify the entity the claim was made against and describe the nature of the damages or injuries, whether suit was filed, and, if so,

the court and civil action number connected to each claim. Please identify each and every claim for personal injury, property damage, or economic loss that You have alleged against any insurance company, individual, or any business entity during the last ten (10) year period for each such claim, identifying the entity against whom the claim was made, the event causing the claim, and the outcome of each claim.

**RESPONSE:**

Plaintiff states that she recalls being involved in a rear-end collision in 2022 in Stockbridge, Georgia. Plaintiff was cited for following too closely and paid the ticket; Plaintiff's auto insurance settled with the other party. Plaintiff does not recall any additional information. Plaintiff reserves the right to supplement this response as discovery is ongoing.

22.

For each medical bill, hospital bill, or any other kind of bill for goods or services, pertaining to Your medical care and treatment allegedly incurred as a result of the Incident claimed in Your Complaint, please state: the amount of the bill; the amount currently outstanding; the amounts paid, and how, when, and by whom, said amounts were paid.

**RESPONSE:**

Plaintiff states that at the time of these interrogatory responses, her medical special damages total $33,241.18 and are itemized as follows:

| Buchanan Chiropractic Clinic | $2,525.00 |
|---|---|
| Peachtree Spine - Atlanta Location | $30,716.18 |

23.

Please provide an itemization of all other economic losses (i.e., lost wages, travel expenses, incidental expenses, etc.) You claim to have incurred as a result of the Incident described in the Complaint, including a description of the economic loss incurred, the date it was incurred, and the amount, if any, paid by You or on Your behalf to cover the loss.

**RESPONSE:**

Plaintiff states all medical records and medical bills as a result of the incident which is the subject of this lawsuit is being produced contemporaneously with these Interrogatory responses.

| | |
|---|---|
| Buchanan Chiropractic Clinic | $2,525.00 |
| Peachtree Spine - Atlanta Location | $30,716.18 |

24.

Please list each prior employer You have worked for during the past ten (10) years, including address, supervisor, length of employment, and reason for termination of employment.

**RESPONSE:**

Plaintiff states as follows:

| | | |
|---|---|---|
| Not employed full-time | November 2022 to Present | |
| Bottom Line Concept Miami, FL Remote | March 2023 to March 2023 | Sales Advisor<br><br>$60,000 per year |

| Mattress Firm 1525 GA-20, McDonough, GA 30253 | May 2022 to November 2022 | Sales<br><br>Commission |
|---|---|---|
| Allstate | 2021 to Current | Independent Insurance Agent<br><br>Commission based |
| Ashley Furniture 1930 Mount Zion Rd South Lake Mall, Morrow, GA 30260 | 2012 to 2021 | Trusted Advisor<br><br>Commission based.<br><br>$65- 70k per year. |

25.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

**RESPONSE:**

Plaintiff states that she was not on the business of any individual or entity at the time of the subject incident.

26.

With regard to the vehicle being operated by You at the time of the Incident, please state: the make, model, and year of the vehicle; the owner of the vehicle; the frequency with which you drove the vehicle; who paid for the gas and maintenance of the vehicle; and, if you did not own the vehicle, whether or not you had the permission of the owner to drive the vehicle at the time of the Incident.

**RESPONSE:**

Plaintiff states as follows:

&ndash; Make: Chevrolet
&ndash; Owner: Jasmin Salgado financed through ALLY Financial.
&ndash; Paid for the gas and maintenance.
&ndash; Frequency: Daily use
&ndash; Model: Camaro LT
&ndash; Year: 2018

27.

Please describe the purpose of Your trip leading up to the Incident, Your ultimate destination, the amount of time You had been in the vehicle leading up to the Incident, and Your point of origin for that trip.

**RESPONSE:**

Plaintiff states that her point of origin for that trip was Allstate Testing Center in College Park, Georgia. Plaintiff came from taking her life insurance test and does not recall the address for the testing center. Plaintiff's ultimate destination was her primary residence at the time located at 1519 Pressley Ln, McDonough, GA 30253. Plaintiff thinks she was in the vehicle for about 30 mins before the accident.

Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court.

28.

Please state whether You are a Medicare beneficiary.  If Your answer is in the affirmative, please provide the following information:

a) Your HICN number;

Page **19** of **23**
*Salgado v. Schweigert*
2023CV00435

b) Confirmation of reporting of the claim to the COBC;

c) A copy of all communications with COBC or CMS in connection with the claim, including the Conditional Payments Letter.

**RESPONSE:**

Plaintiff objects to this Interrogatory No. 28  on the grounds that it seeks information related to collateral sources, and further, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff's right to privacy and is overly broad and unduly burdensome in that it seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it amounts to an impermissible attempt to inject Plaintiff's financial circumstances into the litigation.  Subject to and without waiving said objections, Plaintiff states she is not a Medicare beneficiary.

29.

Please state whether any person or entity has an interest in the outcome of this litigation, has otherwise provided any advance, or has funded in any way this litigation.  This response should include, but is not limited to, any litigation finance or loan companies.  If so, please state: the name and address of the person or entity; the kind and amount of any benefits, funds, or advance received; and the terms of any agreement.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that the same is not reasonably calculated to lead to the discovery of admissible evidence and is merely fact finding for collateral sources of payment. Plaintiff further objects on the grounds that this interrogatory seeks

Page <strong>20</strong> of 23<br/><em>Salgado v. Schweigert</em><br/>2023CV00435

information in violation of Georgia's Collateral Source Rule. Georgia law prohibits presentation to the jury of evidence of payment of damages by a collateral source. Olariu v. Marrero, 248 Ga. App. 824 (2001), cert. denied, (Sept. 17, 2001) (motion in limine used to exclude). A wrongdoer is not entitled to have the damages for which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or stated more succinctly, the wrongdoer may not be benefited by collateral payments made to the person he has wronged. Cincinnati, New Orleans & Texas Pacific Railway Company v. Hilley, 121 Ga. App. 196 (1970). Subject to the foregoing objection, Plaintiff is unaware of any.

30.

Please list any and all hobbies, sports, recreational activities, and life enjoyments that You contend have been impaired as a result of the injuries You sustained in the incident underlying Your Complaint, and state in reasonable detail how they have been impaired and to what extent.

**RESPONSE:**

Plaintiff is unaware of any.

31.

Please identify whether You maintain an account or page on any social networking website, including but not limited to, Facebook, Instagram, Twitter, TikTok, or other similarly situated social networking medium, or whether You maintain a "blog" website.  If You use a name other than "Lorenzo Naylor" on any of the aforementioned accounts or pages, please identify those with

specificity.  Please also provide Your account names or "handles" for the aforementioned accounts or pages.

**RESPONSE:**

Plaintiff identifies the following social media accounts:

- Instagram: Iamjazzalina

- Facebook: Jasmin Salgado


32.

Please identify the cellphone number and service provider for all cellphones owned, used, or operated by You on the date of the Incident.

**RESPONSE:**

Plaintiff states at the time of incident she had a cell phone in her possession.

System Provider: Sprint

Telephone Number: 785-209-8009

Account Holder: Jasmin Salgado


Respectfully submitted this 1 June 2023.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558                                 _/s/ Anita M. Lamar_
Tucker, GA 30085                              Anita M. Lamar
                                              Georgia Bar No.: 892383
Telephone:     (678) 819-5200                 Stephen A. Shea
Facsimile:     (678) 819-5276                 Georgia Bar No.:  102908
Email:         sshea@atlantalegalcare.com     Counsel for Plaintiff
               anita@atlantalegalcare.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**DEFENDANT MOELLER TRUCKING, INC.'S**
**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW, **MOELLER TRUCKING, INC.** ("Defendant"), Defendant in the above-styled action, and submits to Plaintiff the following Requests for Production of Documents, pursuant to O.C.G.A. § 9-11-34, to be answered and served upon Defendant's attorney of record within the time prescribed by the Georgia Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A.   The terms "Plaintiff," "You," and "Your" mean the party to whom these Requests are directed, and that party's attorneys, agents, employees, representatives, corporate officers, independent contractors investigators, insurance agents, experts or consultants that party has employed, retained or hired, and all others who have obtained information on that party's behalf.

B.   The term "Defendant" or "Defendants" shall include the Defendant named above, its agents, servants, associates, attorneys, investigators, representatives or consultants which are employed, retained or hired by or on behalf of Defendant.

C.   The term "Person" refers to any individual, corporation, organization, association, partnership, business concern, or other entity.

D.    A request that a "Document" be identified or described calls for the following information concerning it:  its nature, e.g.: letter, memorandum or writing of any kind; the date it was prepared, sent and received; the identity of the person(s) who prepared, signed and received it; the title, reference and subject matter; a detailed description of the contents of the documents; the number of pages encompassed by the document; and, the name, business and residence address, telephone numbers, occupation and title of the person who has actual physical custody of the document.

E.   "Document(s)", as used in these Requests, is intended to be construed in the broad and liberal sense and means written, typed, digital, electronically stored image, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, and whether an original, master, duplicate or copy, including but not limited to papers, notes, accounts, books advertisements, catalogues, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, e-mails, documents, communications, including interoffice and intraoffice communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of board of directors or committee meetings, books of account, ledger books, notebooks, vouchers, bank checks, check stubs, bills, receipts, invoices, desk calendars, appointment books, diaries, diary entries and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations or of negotiations, meetings or conferences or things similar to any of the foregoing and all other papers, writings or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described by the parties to whom the particular Interrogatory is directed.

The answers to Requests concerning Documents should include information regarding whether such document is an original or a duplicate or copy.

F.   As used herein, the term "identify" or to describe or state the "identity," means: (i) when used in reference to a natural person, shall mean to state his or her full name, complete home and business address, employer or business affiliation, and occupation and business position presently held;  (ii) when used in reference to a corporation, shall mean to state its full name, its state of incorporation and its principal place of business;  (iii) when used in reference to a partnership, shall mean to state its full name, the names of each partner, and its principal place of business; (iv) when used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organization form and its address; (v) when used in reference to an act, shall mean to state the time and place of the act, nature of the act, the names of the person or persons performing or joining the act, the names of all persons witnessing or having knowledge or said act; (vi) when used in reference to documents shall mean to state the identity of the person(s) who prepared the document, the sender and recipient(s), if any, title or description of the general nature of its subject matter, day of preparation, the location(s) of each copy and the identity of the present custodian(s) and the contents of the document verbatim, and if privileged is claimed, the specific basis thereof.

G.   As used herein, the term "describe" or "description" shall mean to provide a narrative statement of the matter in question; identify all documents relating or referring thereto giving the dates thereof; identify all persons having knowledge thereof, stating the subject matter of each persons' knowledge and the manner in which this knowledge was obtained and state what acts were done by each person who in any way participated in the matter in question.

H.  As used herein, the term "Complaint" means Plaintiff's Complaint, filed in the above-styled action.

I.  As used herein, "Incident" means the alleged incident on November 9, 2021, that gives rise to the Complaint in this action which comprises the basis of Plaintiff's Complaint.

J.  Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

K.  Terms in any gender (masculine, feminine, neuter) shall be deemed to include any and all other genders which the context may require or permit.

## REQUESTS

### 1.

Please produce a copy of each and every document referenced in Plaintiff's Responses to Defendant's First Continuing Interrogatories or relied upon by Plaintiff in responding to the same.

### 2.

Please produce a copy of all doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the Incident giving rise to Your Complaint.

### 3.

Please produce a copy of all medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated You for injuries allegedly sustained in the Incident giving rise to Your Complaint.  Please include any and all certifications of authenticity pursuant.

4.

Please produce a copy of all medical records, reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who have treated You during the past ten (10) years.  Please include any and all certifications of authenticity concerning said records.

5.

Please produce any and all documents relating to and/or supporting any claim You are making for lost earnings and/or diminished earning capacity.

6.

Please produce a complete copy of any document that itemizes each special damage, and the total amount thereof, of all special damages identified in Your responses to Defendant's First Continuing Interrogatories, or otherwise alleged by You to be a result of the Incident referenced in Your Complaint.

7.

Please produce copies of any documents or other tangible materials that You intend to present at trial to prove the liability, proximate cause, and/or damages elements of Your claims against Defendant.

8.

Please produce copies of any and all written or recorded statements made by any witness or other person having relevant information or knowledge of any fact or circumstance in this action, including but not limited to information upon which Your claims of liability, causation, and damages are based.  If Plaintiff contends that any such statements obtained prior to filing of this civil action were obtained in anticipation of litigation, identify the date such statements were

taken and the basis for Plaintiff's contention that such statements were taken in anticipation of litigation.

9.

Please produce any statement (written, recorded, etc.) made by Defendant or Defendant's representatives regarding the Incident referenced in the Complaint.

10.

Please produce any and all photographs, videotapes, diagrams, sketches, or other such representations depicting the scene of the Incident which is the subject matter of this action.

11.

Please produce any and all photographs, videotapes, diagrams, sketches, or other such representations depicting any damage to the vehicles involved in the Incident giving rise to Your Complaint.

12.

Please produce copies of any photographs, videotapes, or graphic illustrations that relate to the Incident or the Plaintiff's allegations and injuries allegedly suffered as a result of the Incident.

13.

Please produce copies of any written or recorded report or memorandum prepared by any investigator who investigated the circumstances of the subject Incident on Plaintiff's behalf.

14.

Please produce copies of all communications, including electronic correspondence, exchanged between Plaintiff and any third party regarding the Incident or investigation into the same. This Request does not include communications between Plaintiff and his legal counsel.

15.

Please produce copies of all statements in Your possession that were posted on Facebook, Twitter, Instagram or any other community web site, social media platform, or blog which relate in any way to the claims asserted in Your Complaint.

16.

Please produce copies of all W-2 forms, 1099 forms, and federal and state income tax returns, including schedules filed by Plaintiff for the five (5) years prior to the Incident. (If you do not have the requested documents, but such documents are in existence, please execute a 4056 form of the Internal Revenue Service so as to enable Defendants to obtain such documents.)

17.

Please produce copies of paycheck stubs, disability slips, or any other documents evidencing Your wage, salary, and number of days missed from work that You claim resulted from the subject Incident from the date of the Incident through and including the present date.

18.

Please produce a copy of each and every investigative report prepared by or obtained from any peace officer, fire department, first responder, other government agency, or insurance company in connection with the Incident.

19.

Please produce copies of any and all documents which evidence communications between Plaintiff and Defendant, and Defendant's representatives, relating to the Incident.

20.

Please produce a copy of all insurance policies which provided benefits to You (including but not limited to collision, comprehensive, loss of use coverage, medical payments coverage, and

personal injury protection coverage) as a result of the Incident that forms the subject matter of this lawsuit.

21.

Please produce a copy of all insurance policies which provided coverage to the automobile that You were in at the time of the Incident, if different than the policy referred to in Paragraph 20 above.

22.

Please produce copies of any notices received for liens or requests for reimbursement from any source whatsoever pertaining to the Incident.

23.

Please produce copies of any notice Plaintiff or someone on Plaintiff's behalf has provided to or received from Medicaid or Medicare pertaining to the information sought in Defendant's First Continuing Interrogatories propounded to You.

24.

Please produce all non-privileged documentation related to any lawsuit Plaintiff has ever brought or had brought against him.

25.

Please produce copies of any documents, photographs, videotapes, or other tangible items obtained through non-party requests for production of documents or open records requests for this case.

26.

Please produce copies of curriculum vitae for any expert witness Plaintiff expects to testify on his behalf at trial and copies of reports, if any, generated by those experts.

27.

Please produce any and all work papers, notes, and documents in the file of any expert witness who is expected to testify or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

28.

Please produce any and all documents and correspondence pertaining to third-party financing used to fund this litigation and referenced in Defendant's First Continuing Interrogatories.

29.

Please produce any and all loan documents pertaining to loans taken out from third parties, secured by potential proceeds from this matter and referenced in Defendant's First Continuing Interrogatories.

30.

Please produce any other document which You contend supports Your claim for special damages.  Please include any and all certifications of authenticity concerning said records.

31.

Please provide copies of Your cellphone records showing incoming and outgoing calls, texts messages, and any other activity for November 9, 2021 (the date of the Incident) through November 10, 2021.

32.

Please produce a copy of Your driver's license.

33.

Please produce a copy of any indictment, charge, information form, sentence, or plea in any criminal action brought against You.

34.

Please produce a copy of the title and tag registration on the vehicle you were operating on the date of the Incident.


This **16th** day of May, 2023.

**HALL BOOTH SMITH, PC**

/s/  *James E. Gilson*

_____
JAMES E. GILSON
Georgia Bar No.: 001150
NAVROZ THARANI
Georgia Bar No.: 261635
*Attorneys for Defendants Moeller Trucking,*
*Inc. and Jason Schweigert*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JASMIN SALGADO,<br><br>Plaintiff,<br><br>v.<br><br>JASON SCHWEIGERT and MOELLER TRUCKING, INC.,<br><br>Defendants. | CIVIL ACTION FILE NUMBER:<br><br>2023CV00435 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT MOELLER TRUCKING, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **16th** day of May, 2023.

HALL BOOTH SMITH, PC

/s/  *James E. Gilson*
_____
JAMES E. GILSON
Georgia Bar No.: 001150
*Attorneys for Defendants Moeller Trucking,*
*Inc. and Jason Schweigert*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303

-11-

404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

**JASMIN SALGADO,**

**Plaintiff,**

vs.

**CIVIL ACTION No.:  2023CV00435**

**JASON  SCHWEIGERT  and  MOELLER TRUCKING, INC.,**
        **Defendants.**

### PLAINTIFF'S FIRST RESPONSES TO DEFENDANT MOELLER TRUCKING INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW, JASMIN SALGADO, (hereinafter referred to as "Plaintiff"), in the above-styled action and pursuant to O.C.G.A. Section 9-11-33 responses to **DEFENDANT MOELLER TRUCKING, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF** as follows:

### GENERAL OBJECTIONS

(a)    The Plaintiff objects to the instructions and definitions insofar as they purport to require the disclosure of information not available to the Plaintiff.

(b)    The Plaintiff further objects to the instructions and definitions insofar as they purport to require the disclosure of information constituting privileged attorney-client communications as well as work product/trial preparation materials without the showing mandated by O.C.G.A. §9-11-26.

In addition, Plaintiff objects to the instructions and definitions to the extent that they impose a burden beyond that set forth in the Civil Practice Act.

Without waiving the foregoing objections Plaintiff responds as follows:

## **DOCUMENTS PRODUCED**

### 1.

Please produce a copy of each and every document referenced in Plaintiff's Responses to Defendant's First Continuing Interrogatories or relied upon by Plaintiff in responding to the same.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

### 2.

Please produce a copy of all doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the Incident giving rise to Your Complaint.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

### 3.

Please produce a copy of all medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated You for injuries allegedly sustained in the Incident giving rise to Your Complaint.  Please include any and all certifications of authenticity pursuant.

**RESPONSE:**

Page **2** of **14**
*Salgado v. Schweigert*
2023CV00435

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

4.

Please produce a copy of all medical records, reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who have treated You during the past ten (10) years.  Please include any and all certifications of authenticity concerning said records.

**RESPONSE:**

Plaintiff has no documents in her possession, custody or control that are responsive to this request.

5.

Please produce any and all documents relating to and/or supporting any claim You are making for lost earnings and/or diminished earning capacity.

**RESPONSE:**

Plaintiff has no responsive documents to this request. Plaintiff further states she is not making a lost wage claim.

6.

Please produce a complete copy of any document that itemizes each special damage, and the total amount thereof, of all special damages identified in Your responses to Defendant's First

Continuing Interrogatories, or otherwise alleged by You to be a result of the Incident referenced in Your Complaint.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

7.

Please produce copies of any documents or other tangible materials that You intend to present at trial to prove the liability, proximate cause, and/or damages elements of Your claims against Defendant.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

8.

Please produce copies of any and all written or recorded statements made by any witness or other person having relevant information or knowledge of any fact or circumstance in this action, including but not limited to information upon which Your claims of liability, causation, and damages are based. If Plaintiff contends that any such statements obtained prior to filing of this civil action were obtained in anticipation of litigation, identify the date such statements were taken and the basis for Plaintiff's contention that such statements were taken in anticipation of litigation.

**RESPONSE:**

Plaintiff objects to the request for copies of recorded, oral statements taken from witnesses as outside the scope of discovery by the Civil Practice Act. The materials sought include mental impressions, conclusions, opinions, and legal theories. See, Warmack v. Mini-Skools, 164 Ga. App. 737, 739, 297 S.E.2d 365 (1982). Such to and without waiving said objection, Plaintiff has no documents in her possession, custody, or control that are responsive to this request.

9.

Please produce any statement (written, recorded, etc.) made by Defendant or Defendant's representatives regarding the Incident referenced in the Complaint.

**RESPONSE:**

Plaintiff has no documents in her possession, custody, or control that are responsive to this request.

10.

Please produce any and all photographs, videotapes, diagrams, sketches, or other such representations depicting the scene of the Incident which is the subject matter of this action.

**RESPONSE:**

Plaintiff attaches to these responses a copy of the accident report, which contains a diagram. Other than that document, Plaintiff has no documents in her possession, custody, or control that are responsive to this request.

11.

Please produce any and all photographs, videotapes, diagrams, sketches, or other such representations depicting any damage to the vehicles involved in the Incident giving rise to Your Complaint.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

12.

Please produce copies of any photographs, videotapes, or graphic illustrations that relate to the Incident or the Plaintiff's allegations and injuries allegedly suffered as a result of the Incident.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

13.

Please produce copies of any written or recorded report or memorandum prepared by any investigator who investigated the circumstances of the subject Incident on Plaintiff's behalf.

**RESPONSE:**

Plaintiff attaches to these responses a copy of the accident report, written by an Officer Allen  Badge #24349 . Other than that document, Plaintiff has no non-privileged documents in her possession, custody, or control that are responsive to this request.

14.

Please produce copies of all communications, including electronic correspondence, exchanged between Plaintiff and any third party regarding the Incident or investigation into the same. This Request does not include communications between Plaintiff and his legal counsel.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

15.

Please produce copies of all statements in Your possession that were posted on Facebook, Twitter, Instagram or any other community web site, social media platform, or blog which relate in any way to the claims asserted in Your Complaint.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

16.

Please produce copies of all W-2 forms, 1099 forms, and federal and state income tax returns, including schedules filed by Plaintiff for the five (5) years prior to the Incident. (If you do not have the requested documents, but such documents are in existence, please execute a 4056 form of the Internal Revenue Service so as to enable Defendants to obtain such documents.)

**RESPONSE:**

Plaintiff objects to this request on the grounds that income tax returns are clearly not related to the discovery of any admissible evidence in this case. See *Borenstein v. Blumenfeld*, 151 Ga. App. 420, 260 S.E.2d 377 (1979). Plaintiff is making no claim for lost wages or loss of income. Accordingly, her income tax returns are not relevant to the proceedings in this case.

17.

Please produce copies of paycheck stubs, disability slips, or any other documents evidencing Your wage, salary, and number of days missed from work that You claim resulted from the subject Incident from the date of the Incident through and including the present date.

**RESPONSE:**

Plaintiff objects to this request on the grounds that income tax returns are clearly not related to the discovery of any admissible evidence in this case. See *Borenstein v. Blumenfeld*, 151 Ga. App. 420, 260 S.E.2d 377 (1979).  Plaintiff is making no claim for lost wages or loss of income.  Accordingly, her income tax returns are not relevant to the proceedings in this case.

18.

Please produce a copy of each and every investigative report prepared by or obtained from any peace officer, fire department, first responder, other government agency, or insurance company in connection with the Incident.

**RESPONSE:**

Plaintiff has attached a copy of the accident report prepared by the investigating officer. Beyond that document, Plaintiff has no documents in her possession, custody, or control that are responsive to this request**.**

19.

Please produce copies of any and all documents which evidence communications between Plaintiff and Defendant, and Defendant's representatives, relating to the Incident.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

20.

Please produce a copy of all insurance policies which provided benefits to You (including but not limited to collision, comprehensive, loss of use coverage, medical payments coverage, and personal injury protection coverage) as a result of the Incident that forms the subject matter of this lawsuit.

**RESPONSE:**

Plaintiff objects to this request as exceeding the scope of permissible discovery.  It is not reasonably targeted to lead to the discovery of admissible information.  Notwithstanding and without waiving objection, Plaintiff has no responsive documents to this request.

21.

Please produce a copy of all insurance policies which provided coverage to the automobile that You were in at the time of the Incident, if different than the policy referred to in Paragraph 20 above.

**RESPONSE:**

Plaintiff objects to this request as exceeding the scope of permissible discovery.  It is not reasonably targeted to lead to the discovery of admissible information.  Notwithstanding and without waiving objection, Plaintiff has no responsive documents to this request.

22.

Please produce copies of any notices received for liens or requests for reimbursement from any source whatsoever pertaining to the Incident.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

23.

Please produce copies of any notice Plaintiff or someone on Plaintiff's behalf has provided to or received from Medicaid or Medicare pertaining to the information sought in Defendant's First Continuing Interrogatories propounded to You.

**RESPONSE:**

Plaintiff is not a Medicare beneficiary and, accordingly, has no documents in his possession, custody, or control that are responsive to this request.

24.

Please produce all non-privileged documentation related to any lawsuit Plaintiff has ever brought or had brought against her.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

25.

Please produce copies of any documents, photographs, videotapes, or other tangible items obtained through non-party requests for production of documents or open records requests for this case.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

26.

Please produce copies of curriculum vitae for any expert witness Plaintiff expects to testify on his behalf at trial and copies of reports, if any, generated by those experts.

**RESPONSE:**

Plaintiff has no responsive documents to this request.  This response is subject to amendment or supplementation as governed by the Georgia Civil Practice Act should Plaintiff designate an expert witness.

27.

Please produce any and all work papers, notes, and documents in the file of any expert witness who is expected to testify or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

**RESPONSE:**

Plaintiff has no responsive documents to this request.  This response is subject to amendment or supplementation as governed by the Georgia Civil Practice Act should Plaintiff designate an expert witness.

28.

Please produce any and all documents and correspondence pertaining to third-party financing used to fund this litigation and referenced in Defendant's First Continuing Interrogatories.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

29.

Please produce any and all loan documents pertaining to loans taken out from third parties, secured by potential proceeds from this matter and referenced in Defendant's First Continuing Interrogatories.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

30.

Please produce any other document which You contend supports Your claim for special damages. Please include any and all certifications of authenticity concerning said records.

**RESPONSE:**

All responsive documents in Plaintiff's possession are being produced contemporaneously with these requests for production.

31.

Please provide copies of Your cellphone records showing incoming and outgoing calls, texts messages, and any other activity for November 9, 2021 (the date of the Incident) through November 10, 2021.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

32.

Please produce a copy of Your driver's license.

**RESPONSE:**

Plaintiff attaches a copy of her driver's license.

33.

Please produce a copy of any indictment, charge, information form, sentence, or plea in any criminal action brought against You.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

34.

Please produce a copy of the title and tag registration on the vehicle you were operating on the date of the Incident.

**RESPONSE:**

Plaintiff has no responsive documents to this request.

Respectfully submitted this 1 June 2023.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558                                    */s/ Anita M. Lamar*
Tucker, GA 30085                                 Anita M. Lamar
                                                 Georgia Bar No.: 892383
Telephone:     (678) 819-5200                    Stephen A. Shea
Facsimile:     (678) 819-5276                    Georgia Bar No.:  102908
Email:         sshea@atlantalegalcare.com        Counsel for Plaintiff
               anita@atlantalegalcare.com

Filed 2/21/2023 10:45 AM

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Shalonda Green

☐ **Superior or** ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> 2/21/2023 <br> **MM-DD-YYYY** | **Case Number** _____ <br> 2023CV00435 |

### Plaintiff(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

### Defendant(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____  **Bar Number** _____  **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
**Case Number**          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Filed 2/21/2023 10:45 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JASMIN SALGADO,

      **Plaintiff,**

    **vs.**

JASON SCHWEIGERT and MOELLER
TRUCKING, INC., and XYZ
CORPORATIONS# 1-3

      **Defendants.**

CIVIL ACTION No.: __2023CV00435__

### <u>SUMMONS</u>

TO:   **MOELLER TRUCKING, INC.**
      **C/O GARY MOELLER**
      **6422 SR 119**
      **MARIA STEIN OH 45860**

     You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff/Plaintiff's attorney, whose name and address are:

Stephen Shea

Anita M, Lamar

P.O. Box 2558

Tucker, GA 30085

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed.

**IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ____ day of __2/21/2023_____, 20____.

Clerk of Clayton County State Court

Shalonda Green
By_____
           Deputy Clerk

E-Filed 2/21/2023 10:45 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**JASMIN SALGADO,**

      **Plaintiff,**

    **vs.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

      **Defendants.**

**CIVIL ACTION No.:** 2023CV00435 _____

## SUMMONS

**TO:    JASON SCHWEIGERT**
       **14150 N. CLEVELAND AVE,**
       **FORT MYERS, FLORIDA 33903**

      You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff/Plaintiff's attorney, whose name and address are:

Stephen Shea

Anita M, Lamar

P.O. Box 2558

Tucker, GA 30085

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed.

**IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ____ day of ___2/21/2023_____, 20____.

Clerk of Clayton County State Court

Shalonda Green

By_____

Deputy Clerk

2023CV00435   eFiled 2/21/2023 10:45 AM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**JASMIN SALGADO,**

        **Plaintiff,**

    **vs.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

        **Defendants.**

**CIVIL ACTION No.:**    2023CV00435
_____

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **JASMIN SALGADO,** (hereinafter "Plaintiff") and files this Complaint against Defendant **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC**., and Defendant **XYZ**, (hereinafter "Defendants") and shows this Court as follows:

#### JURISDICTIONAL STATEMENT

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Jason Schweigert is an individual and citizen of Florida and may be served at 14150 N. CLEVELAND AVE, Fort Myers, Florida 33903 and by service upon the Secretary of the State of Georgia.

3.

Defendant Jason Schweigert is subject to the jurisdiction of this Court under the provisions of the Georgia Long Arm Statute O.C.G.A. §9-10-91 and by virtue of the facts alleged herein.

4.

Venue is proper in this Court as to Defendant Schweigert under the Georgia Nonresident Motorist Act.

5.

Defendant MOELLER TRUCKING, INC. is a foreign corporation existing under the laws of Ohio, and may be served through its registered agent, Gary Moeller at 6422 SR 119, Maria Stein, OH 45860.

6.

Venue is proper as to Defendant MOELLER TRUCKING, INC.

7.

Subject matter jurisdiction is proper in this Court as to Defendant MOELLER TRUCKING, INC.

8.

The identity of Defendant XYZ CORPORATIONS 1-3 are unknown to Plaintiff but is well known by the Defendants.

9.

Defendant XYZ Corporations 1-3 are subject to the jurisdiction of this Court.

10.

Venue is proper in this Court as to Defendants XYZ Corporations 1-3.

11.

Subject matter jurisdiction is proper in this Court as to Defendants XYZ Corporations 1-3.

## AGENCY

### 12.

At all times pertinent and relevant to the incidents described in this Complaint, Defendant SCHWEIGERT was acting as an agent or employee of Defendant MOELLER TRUCKING, INC., and was acting within the scope of such agency or employment relationship with said Defendant, the principal.

### JOINT AND SEVERAL LIABILITY

### 13.

Defendants are jointly and severally liable for the acts and omissions alleged in this Complaint.

### FACTUAL STATEMENT

### 14.

This suit arises out of a collision involving two motor vehicles that occurred on or about Saturday, December 18, 2021, at approximately 6:43 PM on I-75 South at the intersection of Forest Pkwy (hereinafter referred to as the "subject collision").

### 15.

At the time of the subject collision, Plaintiff was the driver of a 2018 Chevrolet Camaro LT on I-75 South.

### 16.

At the time of the subject collision, Defendant was a driving a 2018 Freightliner VST on I 75 South.

### 17.

While failing to maintain a proper lookout, Defendant improperly backed into Plaintiff's vehicle.

3/8

18.

Plaintiff was seriously injured by the subject collision.

## COUNT ONE – NEGLIGENCE OF DEFENDANT

19.

On December 18, 2021, Defendant was negligent in the operation and use of the vehicle he was driving at the time of the subject collision.

20.

On December 18, 2021, Defendant failed to exercise ordinary care in the operation of his vehicle resulting in the subject incident.

21.

On December 18, 2021,  Defendant was at fault for the subject incident.

22.

On December 18, 2021, Defendant was cited for Improper Backing.

23.

As a direct and proximate result of the subject incident, Plaintiff was injured.

24.

Defendant is liable for Plaintiff's damages that resulted from the subject incident.

25.

At all material times, Plaintiff acted in a non-negligent fashion, exercised due care, and acted in a reasonable and prudent manner.

26.

Plaintiff had no opportunity to avoid the violent collision caused by Defendant.

27.

Plaintiff had no opportunity to avoid the consequences of the negligence of Defendant.

28.

Defendant owed a duty to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention at all times to avoid driver distraction; to drive the speed limit; to back up properly; to properly control his vehicle; and to take proper evasive action when necessary.

29.

Defendant breached his duties and, therefore, was negligent.

30.

The subject collision was directly and proximately caused by Defendant's negligence for failing to maintain a proper lookout; for failing to pay attention at all times to avoid driver distraction; to drive the speed limit; for improper backing; and for failing to take proper evasive action when necessary.

## COUNT TWO – NEGLIGENCE OF DEFENDANT MOELLER TRUCKING, INC.

31.

The allegations contained in all paragraphs above are incorporated herein by reference as if set forth verbatim.

32.

At all relevant times, Defendant Schweigert was an employee and/or agent of Defendant Moeller Trucking, Inc., driving a commercial vehicle under the authority of Defendant Moeller Trucking, Inc.

33.

At all relevant times, Defendant Schweigert was acting within the course and scope of his employment/agency with Defendant Moeller Trucking, Inc.

34.

Under the principals of *respondeat superior*, actual or apparent agency, leasing liability, Defendant Moeller Trucking, Inc, re vicariously liable for the negligent acts or omissions of Defendant Schweigert.

35.

Defendant Moeller Trucking, Inc is also <u>independently</u> negligent in its hiring, training, supervising, and managing of Defendant Schweigert; in failing to adhere to all state laws and regulations governing commercial carriers; and, in failing to ensure that Defendant Schweigert adhered to said laws and regulations.

36.

Defendant Moeller Trucking, Inc is liable to Plaintiff for Plaintiff's injuries and damages resulting from the subject incident.

## COUNT TWO - DAMAGES

37.

Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

38.

Plaintiff will in the future continue to have physical injuries and will experience physical and emotional pain and suffering as a direct and proximate result of the subject incident.

39.

Plaintiff will continue to need medical treatment in the future as a direct and proximate result of the subject incident.

40.

Plaintiff has experienced and will continue to experience in the future great pain and suffering as a direct and proximate result of the subject incident.

41.

Plaintiff has incurred lost earnings as a direct and proximate result of the subject incident.

42.

Plaintiff has incurred at least $33,241.18 in medical expenses as a direct and proximate result of the subject incident from the following providers:

a) Buchanan Chiropractic Clinic          $2,525.00

b) Peachtree Spine - Atlanta Location    $30,716.18

43.

Plaintiff will incur future medical expenses as a direct and proximate result of the subject incident.

44.

Plaintiff is entitled to an award of general damages from Defendant.

45.

Plaintiff is entitled to an award of special damages from Defendant.

46

Plaintiff's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence and negligence per se of Defendant.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

**WHEREFORE**, Plaintiff prays:

      a.   That Summons issue requiring the above-named Defendant to answer each allegation of this Complaint within the time provided by law;

      b.   That Plaintiff have judgment against the above-named Defendants in such amount to compensate Plaintiff for Plaintiff's past, present and future injuries and damages resulting from subject incident and Plaintiff's special damages;

      c.   That all costs be cast against the above-named Defendant; and,

      d.   For such other relief as this Court deems just and proper.

Respectfully submitted this 21 February 2023.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558
Tucker, GA 30085

Telephone:    (678) 819-5200
Facsimile:    (678) 819-5276
Email:  alamar@atlantalegalcare.com
        sshea@atlantalegalcare.com

*/s/ Anita M. Lamar*
Anita M. Lamar
Georgia Bar No.: 892383
Stephen Shea
Georgia Bar No.: 102908
Counsel for Plaintiff

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**JASMIN SALGADO**

Plaintiff/Petitioner

vs.

**JASON SCHWEIGERT; ET AL**

Defendant/Respondent

Case No.:    **2023CV00435**

AFFIDAVIT OF NON-SERVICE OF
**SUMMONS; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES; Plaintiff's First Request for Production**

Received by **Dustin Howe**, on the **14th day of March, 2023 at 9:21 PM** to be served upon **MOELLER TRUCKING, INC. C/O GARY MOELLER** at **6422 SR 119, Maria Stein, Mercer County, OH 45860**.

On the **15th day of March, 2023 at 1:39 PM**, I, Dustin Howe, **NON-SERVED MOELLER TRUCKING, INC. C/O GARY MOELLER**.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **6422 SR 119, Maria Stein, Mercer County, OH 45860**, I have been unable to effect process upon the person/entity being served due to the following reason(s):
**3/15/2023 1:39 PM: I spoke with an individual who indicated they were the resident and they stated subject moved. At the address I observed a package/mail addressed to another. I spoke with a neighbor who says not resident.  The business has relocated to another address on 716.**

*Service Fee Total:* **$129.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    Server ID # _____    Date *03/16/2023*
          Dustin Howe

Notary Public:  Subscribed and sworn before me on this *16* day of *March* in the year of 20*23*
Personally known to me _✓_ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

JAMIE HATCH
Notary Public, State of Indiana
Wayne County
Commission Number NP0726669
My Commission Expires
05/07/2028

2023CV00435  e-Filed 3/21/2023 8:32 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**JASMIN SALGADO**

Plaintiff/Petitioner

Case No.:  **2023CV00435**

vs.
**JASON SCHWEIGERT; ET AL**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT; PLAINTIFF'S FIRST
INTERROGATORIES; Plaintiff's First Request for
Production**

Received by **Dustin Howe**, on the **15th day of March, 2023 at 1:41 PM** to be served upon **MOELLER TRUCKING, INC.
C/O GARY MOELLER** at **6422 SR 119, Maria Stein, Mercer County, OH 45860**.
On the **15th day of March, 2023 at 1:50 PM**, I, **Dustin Howe**, SERVED MOELLER TRUCKING, INC. C/O GARY
**MOELLER** at **Moeller trucking, 8100 Industrial Dr, Maria Stein, Mercer County, OH** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **Alex Moeller**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Alex Moeller who indicated they were the authorized recipient with identity
confirmed by subject stating their name. The individual accepted service with direct delivery. The individual
appeared to be a white male contact 35-45 years of age, 5'10"-6'0" tall and weighing 160-180 lbs. Gary Moeller is
retired. Service was completed by serving an authorized recipient at the business**

*Service Fee Total: $129.00*

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: _____            _____            **03/20/2023**
          Dustin Howe                         Server ID #                    Date

Notary Public:  Subscribed and sworn before me on this **20** day of **March** in the year of 20**23**
Personally known to me ✓ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

> **JAMIE HATCH**
> **SEAL**
> Notary Public, State of Indiana
> Wayne County
> Commission Number NP0726669
> My Commission Expires
> 05/07/2028



2023CV00435

E-Filed 3/2/2023 11:07 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**JASMIN SALGADO**

Plaintiff/Petitioner

vs.

**JASON SCHWEIGERT; ET AL**

Defendant/Respondent

Case No.:   **2023CV00435**

AFFIDAVIT OF NON-SERVICE OF
**SUMMONS; COMPLAINT; PLATINIFF'S FIRST
REQUEST FOR ADMISSIONS; PLAINTIFF'S FIRST
INTERROGATORIES; Plaintiff's First Request for
Production**

Received by **Tonesa Olivo**, on the **22nd day of February, 2023 at 12:39 PM** to be served upon **JASON SCHWEIGERT**
at **14150 N CLEVELAND AVE, North Fort Myers, Lee County, FL 33903-3875**.

On the **22nd day of February, 2023 at 1:00 PM**, I, **Tonesa Olivo**, **NON-SERVED JASON SCHWEIGERT**.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **14150 N CLEVELAND AVE, North Fort Myers,
Lee County, FL 33903-3875**, I have been unable to effect process upon the person/entity being served due to the
following reason(s):
**2/22/2023 1:00 PM: I spoke with an individual who indicated they were the manager. Defendant pays for a private
mailbox at this business. He is a truck driver.**

Service Fee Total: **$129.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: _____

Tonesa Olivo

157181

Server ID #

*2-27-23*

Date

Notary Public:  Subscribed and sworn before me on this 27th day of February in the year of 20 23
Personally known to me ✓  or _____ identified by the following document:

_____
Notary Public (Legal Signature)

**JANET M. LOWDERMILK**
Notary Public
State of Florida
Comm# HH151786
Expires 9/18/2025

REF: **REF-12060991**

Page 1 of 1
Tracking #: **0101770645**



CERTIFIED PROCESS SERVER

CPS ID# 157181

The bearer whose signature is below and photo is to the right is authorized to serve state-court process within the 20th Judicial Circuit, under section 48.27, Florida Statutes, for criminal summonses, criminal witness subpoenas, and in all nonenforceable civil process.

TONESA  OLIVO

APPOINTMENT EXPIRES: 12/31/2023

20TH JUDICIAL CIRCUIT OF FLORIDA

Filed 5/31/2023 10:57 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JASMIN SALGADO,

        Plaintiff,

    vs.

JASON SCHWEIGERT and MOELLER TRUCKING, INC.,

        Defendants.

CIVIL ACTION No.: 2023CV00435

### DEFENDANT JASON SCHWEIGERT'S ACKNOWLEDGMENT OF SERVICE

Service of process in the above-styled action on Defendant Jason Schweigert

is hereby acknowledged. Defendant Jason Schweigert waives all objections as to

insufficiency or process of insufficiency of service of Process.

Respectfully submitted, this the May 31, 2023.

**HALL BOOTH SMITH, PC**
James E. Gilson.
191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 303303
jgilson@hallboothsmith.com

James E. Gilson
Georgia Bar No.: 001150
Attorney for Defendants

2023CV00435    eFiled 2/21/2023 10:45 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**JASMIN SALGADO,**

**Plaintiff,**

vs.

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

**Defendants.**

**CIVIL ACTION No.:** _____

2023CV00435

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO
## DEFENDANT MOELLER TRUCKING, INC.,

To:    **MOELLER TRUCKING, INC.,**

COMES NOW **JASMIN SALGADO,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel, in accordance with the applicable rules of civil procedure and rules of Court, and requests that Defendant **MOELLER TRUCKING, INC.,** (the "responding Defendant") answer under oath the following interrogatories in the time and manner provided for by law and to serve counsel for Plaintiff with a copy of the answers. The following interrogatories are deemed to be continuing in nature, and must be supplemented by the responding Defendant to the extent required by O.C.G.A. § 9-11-26(e).

In answering these interrogatories, the responding Defendant must furnish all requested information not subject to a valid objection which is known by, possessed by or available to Plaintiff or any of Plaintiff's attorneys, consultants, representatives, or other agents. If the responding Defendant is unable to answer fully any of these interrogatories, he must answer them

to the fullest extent possible, specifying the reasons for inability to answer the remainder, and stating whatever information, knowledge, or belief he has concerning the unanswerable portion.

Without being requested to do so by Plaintiff, the responding Defendant must reasonably supplement answers to all interrogatories requesting the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial.  Without being requested to do so by Plaintiff, the responding Defendant must also amend any answer when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

<u>PRELIMINARY NOTES AND INSTRUCTIONS</u>

1. <u>General Notes</u>

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

2

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury.  Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

**Plaintiff requests that you set forth in your response the text of the interrogatory propounded as well as your responses or objections to that interrogatory so that it is clear from the four corners of your response what the interrogatory sought and what your answer to that interrogatory is.**  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular interrogatory is.  If Defendant requests it, Plaintiff will provide these interrogatories on computer disk to facilitate this process.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely.  In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2.  Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular interrogatory seeks information which encompasses facts or documents which you contend to be

3

properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4. Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy:  wait until the time has run for responding to the interrogatories herein, interpose boilerplate objections in its responses that a particular interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the interrogatory in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive

4

responses to these interrogatories, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections.  Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these interrogatories.  This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5.  Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

PREAMBLE

1.  "Plaintiff" refers to, without limitation, the above-named plaintiff, as well as Plaintiff's attorneys, agents, or representatives.

2.  "Complaint" refers to the Complaint for Damages filed by Plaintiff in this action.

3.  "Defendant," "you," and "your" refers to, without limitation, the responding defendant, and all business entities with which he/she/it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director,

5

employee, attorney, agent, or representative of he/she/it or any such other business entity previously described herein, and others who are in possession of or may have obtained information for or on behalf of Defendant with regard to the subject matter of this case. "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" also refers to you in any representative capacity in which you serve, and includes any estate or person, living or deceased, with respect to whom you serve in any representative capacity.

4.     "<u>Person</u>" means any natural person (whether living or deceased), company, corporation, partnership, proprietorship, firm, joint venture, association, governmental entity, agency, group, organization, other entity, or group of persons.

5.     "<u>Document</u>" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "<u>Document</u>" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.  The term "document(s)" also includes, but is not limited to, all duplicates, carbon copies or any other copies of original documents, including copies with handwritten notes, revisions or interlineations.

6.     Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.    Use of feminine pronouns shall be deemed to include the masculine and neuter; use of masculine pronouns shall be deemed to include the feminine and neuter; and, use of neuter pronouns shall be deemed to include the masculine and feminine.

8.    "Identify":  With respect to a document means set forth the following information, regardless of whether such document is in your possession, if known:  a general description thereof (e.g., letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons, if any, who drafted, prepared, compiled or signed it; and any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum, notice to produce, request for production, and/or motion to compel for production thereof.  With regard to a person, the term "identify" means set forth the person's name, last known address and telephone number, occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

9.    "And" and "or," as used herein, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories or requests any information that might otherwise be construed to be outside their scope.

10.    "Evidencing" and or "relating to," as used herein, mean and include, in whole or in part, referring to, with respect to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

11.    If any document requested formerly was in your possession or subject to your control but no longer is in your possession or subject to your control, state when and what disposition was made of the document or documents.

12.     If you assert the attorney-client privilege, work-product doctrine, or other privilege or exclusion as to any document requested by any of the following specific interrogatories or requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

13.     If you object to the scope or time period of the interrogatory or request, in your response please specify the aspect of the interrogatory or request to which you object, specifically identify the scope and/or time period you consider reasonable, and respond accordingly for the specifically identified scope and/or time period.

14.     The "subject collision" is defined as the collision involving Plaintiff which occurred on December 18, 2021 as further set forth in Plaintiff's Complaint.

The above definitions and instructions are incorporated herein by reference, and should be utilized in responding to the following interrogatories.

## SPECIFIC INTERROGATORIES

1.     Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.     Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?   If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

8

3.      Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff? Please state "Yes" or "No."  If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

4.      Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff and state the factual and legal basis of each such contention.

5.      Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment that Plaintiff was using at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment and how it may have affected the safety or performance or contributed to the subject incident.

6.      Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject

9

incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.    Please state the names and addresses of all persons employed or working for VANLINER who have investigated the subject collision or discussed the subject collision with Defendant SHEPPARD, or Defendant GRANT, the driver of the tractor involved in this collision.

8.    If Defendant SHEPPARD, Defendant GRANT and/or the tractor and trailer he was operating at the time of the subject collision are covered by any liability insurance issued by you, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, whether any filings of insurance information or policies have been made by either VANLINER or SHEPPARD with any Georgia or Federal government agency, office, or department with regard to SHEPPARD'S status as a motor common carrier, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this action has been undertaken subject to any reservation of rights by you.

9.    State whether or not this defendant admits that Defendant GRANT was negligent and was a proximate cause of the subject collision.  If your answer is in the negative in anyway, please explain the basis for contesting negligence.

10

10.     Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge (for example: eyewitness, investigating police officer, medical personnel, etc.).

11.     Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation. Please include with each such person's identity a brief description of the nature of such person's knowledge.

12.     Please state whether any of the persons identified in response to Interrogatories Nos. 10 or 11 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

13.     Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

14.     Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence. As to each item, please state the nature of such item, how many of such items exist (for example, fifteen photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

15.     Do you contest that at the time and place of the subject occurrence, Defendant GRANT was an employee or agent of SHEPPARD acting within the course and scope of his employment or agency for SHEPPARD?  Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.     Was any accident/incident report made by VANLINER or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence? Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

17.     Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial.  If no attempt to contact Plaintiff has been made, please state that fact affirmatively.

For each contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

18. Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

19. Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a SHEPPARD driver or owner – operator, or independent contractor was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

20. Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

Respectfully submitted this 21 February 2023.

13

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085                                    */s/ Anita M. Lamar*
                                                    Anita M. Lamar
Telephone:     (678) 819-5200                       Georgia Bar No.: 892383
Facsimile:      (678) 819-5276                       Stephen Shea
Email:         alamar@atlantalegalcare.com          Georgia Bar No.: 102908
               sshea@atlantalegalcare.com           Counsel for Plaintiff

14

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**DEFENDANT MOELLER TRUCKING, INC.'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

COMES NOW, **MOELLER TRUCKING, INC.** ("Defendant"), and files this its Objections and Responses to Plaintiffs' First Interrogatories as follows:

**<u>GENERAL OBJECTIONS</u>**

1.      These responses, while based on diligent exploration by this Defendant, reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed. These responses are neither intended, nor shall they in any way be deemed, as admissions or representations that further information or documents do not exist. Without in any way obligating himself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

2.      Defendant objects to each and every request to the extent the request seeks to discover any attorney/client communication and information concerning analysis and evaluations

of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

3.      The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of Defendant, his agents, representatives, and attorneys, unless privileged.

4.      The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not purport to be the precise language of the executing party.

5.      Defendant objects to the instructions and definitions contained in the requests to the extent that Plaintiff seeks to impose obligations not required by the Georgia Rules of Civil Procedure.

6.      The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

## SPECIFIC INTERROGATORIES

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

**RESPONSE: Not applicable.**

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

**RESPONSE: Not applicable.**

3.

Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff? Please state "Yes" or "No." If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

**RESPONSE: Discovery is ongoing and among other things Defendant has not had the opportunity to depose the Plaintiff yet.**

4.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff? Please state "Yes" or "No." If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff and state the factual and legal basis of each such contention.

**RESPONSE: No.**

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment that Plaintiff was using at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment and how it may have affected the safety or performance or contributed to the subject incident.

**RESPONSE: No.**

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

**RESPONSE: No.**

7.

Please state the names and addresses of all persons employed or working for VANLINER who have investigated the subject collision or discussed the subject collision with Defendant SHEPPARD, or Defendant GRANT, the driver of the tractor involved in this collision.

**RESPONSE: Defendant does not know the identity of Vanliner, Sheppard, or Grant and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

8.

If Defendant SHEPPARD, Defendant GRANT and/or the tractor and trailer he was operating at the time of the subject collision are covered by any liability insurance issued by you, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, whether any filings of insurance information or policies have been made by either VANLINER or SHEPPARD with any Georgia or Federal government agency, office, or department with regard to SHEPPARD'S status as a motor common carrier, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this action has been undertaken subject to any reservation of rights by you.

**RESPONSE: Defendant does not know the identity of Vanliner or Sheppard and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Please see insurance policy documents produced herewith.**

9.

State whether or not this defendant admits that Defendant GRANT was negligent and was a proximate cause of the subject collision. If your answer is in the negative in anyway, please explain the basis for contesting negligence.

**RESPONSE: Defendant does not know the identity of Grant and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant admits that Defendant Schweigert was negligent in the operation of his vehicle.**

10.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge (for example: eyewitness, investigating police officer, medical personnel, etc.).

**RESPONSE: Please see police report produced herewith.**

11.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation. Please include with each such person's identity a brief description of the nature of such person's knowledge.

**RESPONSE: Not applicable.**

12.

Please state whether any of the persons identified in response to Interrogatories Nos. 10 or 11 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any

witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

**RESPONSE: Not applicable.**

13.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

**RESPONSE: Please see repair documents and Plaintiff's Recorded Interview produced herewith.**

14.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence. As to each item, please state the nature of such item, how many of such items exist (for example, fifteen photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

**RESPONSE: Please see photographs and police report diagram produced herewith.**

15.

Do you contest that at the time and place of the subject occurrence, Defendant GRANT was an employee or agent of SHEPPARD acting within the course and scope of his employment or agency for SHEPPARD? Please state "Yes" or "No." If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

**RESPONSE: Defendant does not know the identity of Grant or Sheppard and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Schweigert was an employee of Defendant Moeller Trucking acting within the course and scope of his employment at the time of the subject occurrence.**

16.

Was any accident/incident report made by VANLINER or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence? Please state "Yes" or "No." If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

**RESPONSE: Defendant does not know the identity of Vanliner and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Please see Defendant Moeller Trucking's Accident / Automobile Loss report produced herewith.**

17.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted

Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiff has been made, please state that fact affirmatively. For each contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

**RESPONSE: Please see Plaintiff's Recorded Interview produced herewith.**

18.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

**RESPONSE: Defendant has not yet made any determination regarding expert witnesses it expects to call at trial. Discovery in this case has just now begun and Defendant will supplement this response if and when any further responsive information becomes available.**

19.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a SHEPPARD driver or owner – operator, or independent

contractor was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier

Safety Regulation, and as a result an injury or death occurred.

**RESPONSE: Defendant does not know the identity of Sheppard and objects to this interrogatory on the grounds it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportional to the needs of this case. However, without waiving said objections and specifically subject to same, see documents produced herewith.**

20.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

**RESPONSE: Ben Moeller.**


This **15th** day of June, 2023.


|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | /s/ *James E. Gilson* |
|  | JAMES E. GILSON |
|  | Georgia State Bar No. 001150 |
|  | NAVROZ THARANI |
| 191 Peachtree Street NE | Georgia State Bar No.261635 |
| Suite 2900 | *Attorneys for Defendants Moeller Trucking,* |
| Atlanta, GA  30303-1775 | *Inc. and Jason Schweigert* |
| T:  (678) 539 -1529 |  |
| F:  (678) 954-5020 |  |
| JGilson@hallboothsmith.com |  |
| NTharani@hallboothsmith.com |  |

-10-

**IN THE STATE COURT OF CLAYTON COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT MOELLER TRUCKING, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **15th** day of June, 2023.

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529
F:  (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

-11-

2023CV00435    Filed 2/21/2023 10:45 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**JASMIN SALGADO,**

       **Plaintiff,**

  **vs.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

      **Defendants.**

**CIVIL ACTION No.:**    2023CV00435

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**TO:    MOELLER TRUCKING, INC.**

    **COMES NOW** Plaintiff in the above-styled civil action, (hereinafter "Plaintiff") and hereby requests, pursuant to O.C.G.A. § 9-11-34, that Defendant produce the documents described below that are in the possession, custody, or control of Defendant or Defendant's agent(s) or attorney(s) within the time allowed by law.

    The documents can be produced in person or by mail at the offices of Lamar Law Office, LLC P.O. Box 2558 Tucker, GA 30085, at 10:00 a.m., forty-five (45) days after service of these requests. Defendant is under a duty to seasonably supplement or amend Defendant's responses. Further, pursuant to O.C.G.A. § 24-13-27, Defendant is directed to produce at trial the documents and materials referenced in these discovery requests.

### PRELIMINARY NOTES AND INSTRUCTIONS

    Plaintiff asks that all documents produced be identified by a Bates Number in the lower right-hand corner of each document in a manner that does not obscure any written portion of the document so that the parties, and the Court, will be able to readily identify specific documents.

Plaintiff also requests and insists, consistent with the Georgia Civil Practice Act, that Defendant identify which Bates numbered documents being produced are responsive to each of Plaintiff's requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

**Plaintiff requests that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer to that particular request for documents is.**  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is.  If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a

pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact

Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4.   Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy:  wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses.  If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections.  Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests.  This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5.   Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was

"discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

1.      The motor vehicle collision at issue in this litigation, which occurred on or about December 18, 2021, is hereinafter referred to as "the subject incident."

2.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

4.      "Defendant," "you," or "your" refers to, without limitation, the answering Defendant, and where applicable any predecessor, successor, attorney, agent, or representative of the answering Defendant.

5.      "Plaintiff" refers to, without limitation, the named Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on their own or on behalf of Defendant concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant or any defendant with respect to Plaintiff's claims against these defendants.  This

Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.  Please include any relevant documents certifying your insurance of **MOELLER TRUCKING, IN**C., as a common motor or contract carrier under applicable Georgia and federal law.

5.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit and who are expected to testify at trial.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

6.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

7.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

8.

Please produce a true, accurate and complete copy of any memoranda, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known to Defendant from **MOELLER TRUCKING, INC.,**  regarding the subject incident.

9.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to the hiring, training or retention of drivers of company vehicles that you provided to either **MOELLER TRUCKING, INC.,**

10.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by **MOELLER TRUCKING, INC.,** at the time of the subject collision to include documents relevant to said trip from the time the trip originated until the time the trip was to end, and including information about the load being carried, its nature, and its weight.

11.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

12.

Please produce true, accurate and complete any and all documents that in any way pertain to Defendant **MOELLER TRUCKING, INC.,** qualifications to drive professionally for **JASON SCHWEIGERT** to include prior references, previous collisions or motor vehicle collisions, previous reprimands, criticisms by prior employers, or any other information that reflects negatively or positively upon said driver's qualification.

13.

Please produce true, accurate and complete copies of any and all information sent to or received from any other Defendants concerning the collision giving rise to this litigation.

14.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind sent by you or received from any other insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

15.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant  **JASON SCHWEIGERT** by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

16.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years in which it was alleged that any agent or employee of negligently operated a commercial vehicle and caused injury or death.

17.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you have issued, including in particular all forms, applications, or other documents submitted to any Georgia or Federal government agency, office, or department regarding insurance, waiver of bond, or registration that allow Defendant **MOELLER**

**TRUCKING, INC.,**  to operate a commercial vehicle in the State of Georgia.

Respectfully submitted this 21 February 2023.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

|  |  |
|---|---|
| Telephone: | (678) 819-5200 |
| Facsimile: | (678) 819-5276 |
| Email: | alamar@atlantalegalcare.com |
|  | sshea@atlantalegalcare.com |

*/s/ Anita M. Lamar*
Anita M. Lamar
Georgia Bar No.: 892383
Stephen Shea
Georgia Bar No.: 102908
Counsel for Plaintiff

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

## DEFENDANT MOELLER TRUCKING, INC.'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW, **MOELLER TRUCKING, INC.** ("Defendant"), and files this its Objections and Responses to Plaintiffs' First Request for Production of Documents and Things as follows:

## <u>GENERAL OBJECTIONS</u>

1.      These responses, while based on diligent exploration by this Defendant, reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed. These responses are neither intended, nor shall they in any way be deemed, as admissions or representations that further information or documents do not exist. Without in any way obligating itself to do so, Defendant reserves the right to modify or supplement its responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

2.      Defendant objects to each and every request to the extent the request seeks to discover any attorney/client communication and information concerning analysis and evaluations of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

3.      The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of Defendant, its agents, representatives, and attorneys, unless privileged.

4.      The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not purport to be the precise language of the executing party.

5.      Defendant objects to the instructions and definitions contained in the requests to the extent that Plaintiff seeks to impose obligations not required by the Georgia Rules of Civil Procedure.

6.      The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

## **REQUESTS TO PRODUCE**

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

**RESPONSE: Please see Plaintiff's Recorded Statement produced herewith.**

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

**RESPONSE: Please see dash cam video, photographs, and police report diagram produced herewith.**

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on their own or on behalf of Defendant concerning the subject collision and any claim or potential claim arising out of said collision.

**RESPONSE: Please see Automobile Loss report produced herewith.**

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant or any defendant with respect to Plaintiff's claims against these defendants. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage. Please include any relevant documents certifying your insurance of **MOELLER TRUCKING, INC**., as a common motor or contract carrier under applicable Georgia and federal law.

**RESPONSE: Please see insurance policy documents produced herewith.**

5.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit and who are expected to testify at trial. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

**RESPONSE: Defendant has not yet made any determination regarding experts for this case Discovery in this case has just now begun and Defendant will supplement this response if and when any further responsive information becomes available.**

6.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

**RESPONSE: Defendant has not yet made any determination regarding expert witnesses it expects to call at trial. Discovery in this case has just now begun and Defendant will supplement this response if and when any further responsive information becomes available.**

7.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

**RESPONSE: Defendant has not yet made any determination regarding expert witnesses it expects to call at trial. Discovery in this case has just now begun and Defendant will supplement this response if and when any further responsive information becomes available.**

8.

Please produce a true, accurate and complete copy of any memoranda, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known to Defendant from MOELLER TRUCKING, INC., regarding the subject incident.

**RESPONSE: Defendant has no responsive documents.**

9.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to the hiring, training or retention of drivers of company vehicles that you provided to either MOELLER TRUCKING, INC.,

**RESPONSE: Please see handbooks and manuals produced herewith.**

10.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by MOELLER TRUCKING, INC., at the time of the subject collision to include documents relevant to said trip from the time the trip originated until the time the trip was to end, and including information about the load being carried, its nature, and its weight.

**RESPONSE: Please see trip information documents produced herewith.**

11.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you

by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

**RESPONSE: Please see dash cam video and photographs produced herewith.**

12.

Please produce true, accurate and complete any and all documents that in any way pertain to Defendant MOELLER TRUCKING, INC., qualifications to drive professionally for JASON SCHWEIGERT to include prior references, previous collisions or motor vehicle collisions, previous reprimands, criticisms by prior employers, or any other information that reflects negatively or positively upon said driver's qualification.

**RESPONSE: Please see driver qualification documents produced herewith.**

13.

Please produce true, accurate and complete copies of any and all information sent to or received from any other Defendants concerning the collision giving rise to this litigation.

**RESPONSE: Defendant does not have any responsive documents.**

14.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind sent by you or received from any other insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

**RESPONSE: Defendant does not have any responsive documents.**

15.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant **JASON SCHWEIGERT** by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

**RESPONSE: Defendant does not have any responsive documents.**

16.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years in which it was alleged that any agent or employee of negligently operated a commercial vehicle and caused injury or death.

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportional to the needs of this case. However, without waiving said objections and specifically subject to same, see documents produced herewith.**

17.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you have issued, including in particular all forms, applications, or other documents submitted to any Georgia or Federal government agency, office, or department regarding insurance, waiver of bond, or registration that allow Defendant **MOELLER TRUCKING, INC.**, to operate a commercial vehicle in the State of Georgia.

**RESPONSE:  Please see insurance policy documents produced herewith.**


This **15th** day of June, 2023.

                                       **HALL BOOTH SMITH, P.C.**

                                       /s/ *James E. Gilson*
                                       JAMES E. GILSON
                                       Georgia State Bar No. 001150

191 Peachtree Street NE                    NAVROZ THARANI
Suite 2900                                Georgia State Bar No.261635
Atlanta, GA  30303-1775               *Attorneys for Defendants Moeller Trucking,*
T:  (678) 539 -1529                      *Inc. and Jason Schweigert*
F:   (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NUMBER:** |
| | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT MOELLER TRUCKING, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **15th** day of June, 2023.

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529

-9-

F:   (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

2023CV00435

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

**JASMIN SALGADO,**

        **Plaintiff,**

   **vs.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

        **Defendants.**

**CIVIL ACTION No.:**   2023CV00435 _____

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

**TO:   JASON SCHWEIGERT**

    **COMES NOW** Plaintiff in the above-captioned action, and in accordance with O.C.G.A. § 9-11-36, hereby requests that each Defendant individually admit or deny that each of the statements set forth below are true, and serve a copy of the answers upon counsel for Plaintiff within the time provided by law.

### I.

### NOTES

    When used in these Requests, the term "you," or any synonym thereof, is intended to and shall embrace and shall include in addition to responding Defendant, all of your owners, employees, agents, servants, and representatives.

### REQUESTS

1.

Admit you have been correctly named in the present cause of action insofar as the legal

designation of names is concerned.

2.

Admit that you have been properly served as a party Defendant.

3.

Admit that process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard to you in this case.

5.

Admit that the Clayton County State Court has jurisdiction over the subject matter of this case.

6.

Admit that the Clayton County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Admit that venue is proper in CLAYTON County.

8.

Admit that the Plaintiff has not failed to join an indispensable party in this action.

9.

Admit that on December 18, 2021, you failed to exercise ordinary care in the operation of the vehicle you were driving resulting in the incident that is the subject of this lawsuit.

10.

Admit that the vehicle collision that is the subject of this lawsuit was your fault.

11.

Admit that you are liable for Plaintiff's damages in this case.

12.

Admit that you are not contending that Plaintiff contributed to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

13.

Admit that you are not contending that another individual or entity contributed to Plaintiff's injury.

14.

Admit that you are not asserting contributory negligence as an affirmative defense.

15.

Admit that Plaintiff did not contribute to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

Respectfully submitted this 21 February 2023.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085                          _/s/ Anita M. Lamar_
                                           Anita M. Lamar
Telephone:    (678) 819-5200              Georgia Bar No.: 892383
Facsimile:    (678) 819-5276              Stephen Shea
Email:        alamar@atlantalegalcare.com  Georgia Bar No.: 102908
              sshea@atlantalegalcare.com   Counsel for Plaintiff

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**DEFENDANT JASON SCHWEIGERT'S**
**RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

COMES NOW, **JASON SCHWEIGERT** ("Defendant"), and files this his Responses to Plaintiff's First Requests for Admissions as follows:

**<u>REQUESTS</u>**

1.

Admit you have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

**RESPONSE: Admit.**

2.

Admit that you have been properly served as a party Defendant.

**RESPONSE: Admit.**

3.

Admit that process is sufficient with regard to you in this case.

**RESPONSE: Admit.**

4.

Admit that service of process is sufficient with regard to you in this case.

**RESPONSE: Admit.**

5.

Admit that the Clayton County State Court has jurisdiction over the subject matter of this case.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

6.

Admit that the Clayton County State Court has personal jurisdiction over you as a party Defendant in this case.

**RESPONSE: Admit.**

7.

Admit that venue is proper in CLAYTON County.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

8.

Admit that the Plaintiff has not failed to join an indispensable party in this action.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

9.

Admit that on December 18, 2021, you failed to exercise ordinary care in the operation of the vehicle you were driving resulting in the incident that is the subject of this lawsuit.

**RESPONSE: Admit.**

10.

Admit that the vehicle collision that is the subject of this lawsuit was your fault.

**RESPONSE: Admit.**

11.

Admit that you are liable for Plaintiff's damages in this case.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

12.

Admit that you are not contending that Plaintiff contributed to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

13.

Admit that you are not contending that another individual or entity contributed to Plaintiff's injury.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

14.

Admit that you are not asserting contributory negligence as an affirmative defense.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

15.

Admit that Plaintiff did not contribute to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny this Request for Admission.**

This **15th** day of June, 2023.

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*

JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635
*Attorneys for Defendants Moeller Trucking,*
*Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529
F:   (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JASMIN SALGADO, | |
| **Plaintiff,** | |
| | **CIVIL ACTION FILE NUMBER:** |
| v. | |
| | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT JASON SCHWEIGERT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **15th** day of June, 2023.

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529
F:  (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

-5-

2023CV00435   Filed 2/21/2023 10:45 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JASMIN SALGADO,

           **Plaintiff,**

    vs.

JASON SCHWEIGERT and MOELLER
TRUCKING, INC., and XYZ
CORPORATIONS# 1-3

           **Defendants.**

**CIVIL ACTION No.:** 2023CV00435
_____

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO
## DEFENDANT JASON SCHWEIGERT

COMES NOW **JASMIN SALGADO,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel, in accordance with the applicable rules of civil procedure and rules of Court, and requests that Defendant **JASON SCHWEIGERT,** (the "responding Defendant") answer under oath the following interrogatories in the time and manner provided for by law and to serve counsel for Plaintiff with a copy of the answers. The following interrogatories are deemed to be continuing in nature, and must be supplemented by the responding Defendant to the extent required by O.C.G.A. § 9-11-26(e).

In answering these interrogatories, the responding Defendant must furnish all requested information not subject to a valid objection which is known by, possessed by or available to Plaintiff or any of Plaintiff's attorneys, consultants, representatives, or other agents. If the responding Defendant is unable to answer fully any of these interrogatories, he must answer them to the fullest extent possible, specifying the reasons for inability to answer the remainder, and stating whatever information, knowledge, or belief he has concerning the unanswerable portion.

Without being requested to do so by Plaintiff, the responding Defendant must reasonably supplement answers to all interrogatories requesting the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial.  Without being requested to do so by Plaintiff, the responding Defendant must also amend any answer when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

<u>PREAMBLE</u>

1.    "<u>Plaintiff</u>" refers to, without limitation, the above-named plaintiff, as well as Plaintiff's attorneys, agents, or representatives.

2.    "<u>Complaint</u>" refers to the Complaint for Damages filed by Plaintiff in this action.

3.    "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" refers to, without limitation, the responding defendant, and all business entities with which he/she/it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of he/she/it or any such other business entity previously described herein, and others who are in possession of or may have obtained information for or on behalf of Defendant with regard to the subject matter of this case. "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" also refers to you in any representative capacity in which you serve, and includes any estate or person, living or deceased, with respect to whom you serve in any representative capacity.

4.    "<u>Person</u>" means any natural person (whether living or deceased), company, corporation, partnership, proprietorship, firm, joint venture, association, governmental entity, agency, group, organization, other entity, or group of persons.

5.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.  The term "document(s)" also includes, but is not limited to, all duplicates, carbon copies or any other copies of original documents, including copies with handwritten notes, revisions or interlineations.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter; use of masculine pronouns shall be deemed to include the feminine and neuter; and, use of neuter pronouns shall be deemed to include the masculine and feminine.

8.      "Identify":  With respect to a document means set forth the following information, regardless of whether such document is in your possession, if known:  a general description thereof (e.g., letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons, if any, who drafted, prepared, compiled or signed it; and any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum, notice to produce, request for production, and/or motion to compel for production thereof.  With regard to a

person, the term "identify" means set forth the person's name, last known address and telephone number, occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

9. "And" and "or," as used herein, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories or requests any information that might otherwise be construed to be outside their scope.

10. "Evidencing" and or "relating to," as used herein, mean and include, in whole or in part, referring to, with respect to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

11. If any document requested formerly was in your possession or subject to your control but no longer is in your possession or subject to your control, state when and what disposition was made of the document or documents.

12. If you assert the attorney-client privilege, work-product doctrine, or other privilege or exclusion as to any document requested by any of the following specific interrogatories or requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

13. If you object to the scope or time period of the interrogatory or request, in your response please specify the aspect of the interrogatory or request to which you object, specifically identify the scope and/or time period you consider reasonable, and respond accordingly for the specifically identified scope and/or time period.

14. The "subject collision" is defined as the collision involving Plaintiff which occurred on December 18, 2021 as further set forth in Plaintiff's Complaint.

4

The above definitions and instructions are incorporated herein by reference, and should be utilized in responding to the following interrogatories.

<u>SPECIFIC INTERROGATORIES</u>

1.      Identify all facts and evidence -- including documents, physical evidence and witnesses in possession of knowledge of such evidence -- which you contend supports your defenses as set forth in your Answer.

2.      Please identify all persons who are supplying information to respond to these interrogatories.

3.      If you denied any of Plaintiff's requests for admissions (or failed to fully admit any of them), please provide the basis for your response.

4.      In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)      The date each document was generated;

(b)      The person generating each document;

(c)      The present custodian of each document; and,

(d)      A description of each document.

In addition, please identify the specific point in time (provide the exact date) when you began to anticipate litigation arising from the subject collision and what specific, concrete facts you contend gave you objective reason to anticipate litigation.

5.      Please identify all adult relatives by blood or marriage residing in the county where this civil action is pending by stating their name, relationship to you or your spouse, address, and place of employment.

6.      Provide your:

5

(a)     Full name including maiden names and any aliases and nicknames.

(b)     Current residence address and all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

(c)     Last four digits of your social security number, driver's license number and state of issue, and year of birth.  (The full social security number and full date of birth are requested and should be supplied separately to undersigned counsel.  See O.C.G.A. § 9-11-7.1.)

7.     Please identify all of your employers for the five years period prior to the subject collision and through the present date, to include:

(a)     Name of employer;

(b)     Supervisor;

(c)     Employer address;

(d)     Employer telephone number;

(e)     Job description;

(f)     Dates of Employment; and

(g)     Reason for termination.

8.     (a)     Identify all communication devices in the possession of the Defendant or inside the vehicle Defendant operated at the time of the subject collision.  State whether the Defendant communicated (i.e., talking, texting, dialing) via a cellular/mobility/electronic device, with a two-way type radio, or with any other communication device within thirty (30) minutes before or after the accident and, if so, identify the telephone number(s) or other identifying information (e.g., email, etc.) used and the person or entity to whom Defendant communicated.  Please identify the service provider for all cellular phones and/or devices

6

owned, used, or operated by Defendant on the date of the incident, and cellular telephone number.

(b)      With respect to any telecommunication device in the possession of the Defendant or inside the vehicle Defendant operated at the time of the subject collision: identify the location of the device at the time of the collision and during the five minutes preceding the collision (e.g., in your hand); describe what app or apps you were using/reading/looking at for the five minutes immediately preceding the subject collision; and, describe what inputs you made (e.g., did you type into your phone) to the app or apps you had open during the five minutes immediately preceding the subject collision.

9.    If you have <u>ever</u> been charged with, arrested for, or convicted of any crime, identify the date of the offense, the jurisdiction in which the offense was committed, a description of the offense committed and the disposition of each offense listed.

10.    State whether or not you have been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of the traffic laws or rules of the road of any state within the last 10 years.  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the city, county, state, and approximate date thereof.

11.    Please identify all automobile accidents for Defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.  Please state whether or not you were on personal business or in the course of your employment at the time (and, if you were in the course of your employment, list the employer), and give a brief description of how the subject

7

collision occurred to include stating whether you believe it was your fault or someone else's fault.

12.   Please identify the e-mail address, profile name, and/or network to which you belong for any social networking website or application including, but not limited to Facebook, LinkedIn, Instagram, Tumblr, MySpace, Vine, SnapChat, and Twitter.

13.   Please state if Defendant has ever suffered or had an occurrence of dizziness, blacking-out, amnesia, epilepsy, arthritis, insanity, fits, seizures, migraine headaches, or any impairment of the arms, legs, eyes, hands, or feet.  Please identify each such condition by providing the dates of occurrence, as well as the names, and addresses of any medical consultation the Defendant received for any such condition.

14.   Please state whether or not Defendant wore any type of prescriptive lenses or had been advised that she needed prescriptive lenses.  If so, please state whether or not she was wearing any required prescriptive lenses at the time of the accident in question.

15.   With respect to each criminal or traffic charge or judicial hearing concerning the subject collision, please state (a) what charges were made as to each such person charged, (b) the plea(s) made or entered by each of the persons charged, (c) the type of disposition of the charges against each person, (d) the date of disposition of each charge, and (e) the court and jurisdiction with respect to each disposition of each charge.

16.   Regarding the driver's license of the Defendant, please state whether it contains any restrictions now, contained any restrictions at the time of the subject collision, and has ever been suspended or revoked for any reason. If the answer to any of the foregoing is yes, please state the nature of such restriction and/or the reason(s) for the suspension(s) or revocation(s).

17.   If you have ever been a party to any civil action (not including the instant matter), please list the type of action, the date and title of each action, the court in which it each action was brought, and the civil action file number for each action.

18.   Please identify any videotapes, photographs, plats, drawings, or rendering of any type of the scene of the incident referred to in the Complaint, the vehicles involved in the subject collision, and/or the Plaintiff, and identify the person having custody and control thereof.

19.   Please state whether the Defendant was acting in the course and scope of employment with any employer, principal, or master, or was performing an errand or mission for another person or entity at the time of the subject collision.  If your answer is in the affirmative in any way, please state the name and address of the employer, principal, master, person, or entity

20.   Were any laboratory tests or other analyses performed on the Defendant to test for the presence of drugs, medication, or other intoxicating substances following this collision? If so, please state the date and time which such tests were performed, the type of test conducted, and the results of such.

21.   Please state if the Defendant consumed any alcoholic beverages, took any type of illicit drugs, pain killers, tranquilizers, stimulants, sleeping pills, or other form of medication, either prescribed or not, or any intoxicant, whether legal or otherwise, in the twenty-four (24) hours immediately preceding the incident that is the basis for this Complaint. If yes, state the type, amount, time, and place where each such substance was consumed.

22.   Please identify all persons whom you reasonably believe to have knowledge of information, facts, or circumstances which may bear upon any aspect of this case including without limitation the following topics:

(a)  The speed, direction, motion and maneuvers of the vehicles, both before and after impact, and their location and condition upon coming to rest after impact;

(b)  Admissions or statements against interest made by any party;

(c)  The causes of the subject collision;

(d)  Any fact or circumstance upon which your defense(s) is/are based;

(e)  Any investigation relating to the incident complained of or the background, employment, medical history, or activities of the Plaintiff, or who have discussed any of these matters with you;

(f)  Damages sustained by any involved party or vehicle, and;

(g)  Physical injuries sustained by any involved party from the forces of impact.

For each person you identify, please specify which of the above-listed topics you believe that person possess some knowledge.  For topics not listed above, please state in your own words the topic(s) of information, facts, or circumstances of which you believe that person possesses some knowledge.  Please note that "identify" means setting forth the person's name, current address and telephone number if known (otherwise, the last known address and telephone number), occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

23.  (a)  Identify the full name, address and telephone number of each expert, including medical witnesses, whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

10

(b)     If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

24.   Please state the names, addresses and telephone numbers of all persons who have given statements, whether written or oral to you, your attorney, your insurance carrier, or anyone else to your knowledge, covering the facts and circumstances of the incident that is the subject matter of this litigation, listing for each such statement, the date of the same, to whom the statement was given, the type of statement, the subject matter of the statement, and who is in possession of such statement.

25.   Please state in detail how you contend the subject collision took place and the order in which the events took place. Please include an explanation as to the purpose of the Defendant's trip, ultimate destination, and place of origin.  Please also include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or any of Plaintiff's injuries.  Please include an explanation of your contentions of how the subject collision happened, the actions of the drivers of all vehicles involved, the relative positions of all vehicles before the impact, the relative positions of all the vehicles at the time of the impact with respect to the traveled portion of the roadway, and the relative position of the vehicles at the time of impact with respect to each other and to any relevant road markings, including all relevant distances in relation to said markings.

26.   Please state where the Defendant had been for the five hours previous to the subject collision complained of in the Complaint.

11

27.    Do you contend that the subject collision was the result of some mechanical failure of any vehicle involved in the collision?  If yes, please: describe the nature of the mechanical failure, identify all written documents and reports which relate to or substantiate the mechanical failure, and identify all maintenance records for services performed upon the part or parts which failed for the five (5) year period immediately preceding the subject collision.

28.    Please describe the damages to all of the vehicles involved in the subject collision, setting forth the amount of each estimate of repairs, identifying who made any necessary repairs to the vehicles, and the cost of such repairs to the vehicles as a result of the subject collision.

29.    Please list each act of negligence, contributory negligence, or comparative negligence, if any, that you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject collision and/or any of Plaintiff's injuries. Please supply any statutory authority in support of any such contentions.

30.    Identify each insuring or indemnifying person and entity, including excess carriers and umbrella carriers, which might be liable to satisfy all or part of any judgment which may be entered in this action.  For each, supply the number or numbers of any insuring agreements or policies, the amount of liability coverage provided in each, the named insured(s) in each, and whether each such insuring agreement excludes coverage for punitive damages.  For any denial of coverage or reservation of rights, provide a detailed explanation re same and identify any documents pertaining to same.

31.    Please provide three dates that Defendant is available to sit for deposition.

2023CV00435

Respectfully submitted this 21 February 2023.

**LAMAR LAW OFFICE, LLC**

| | |
|---|---|
| P.O. Box 2558 | */s/ Anita M. Lamar* |
| Tucker, GA 30085 | Anita M. Lamar |
| | Georgia Bar No.: 892383 |
| Telephone:   (678) 819-5200 | Stephen Shea |
| Facsimile:   (678) 819-5276 | Georgia Bar No.: 102908 |
| Email:       sshea@atlantalegalcare.com | Counsel for Plaintiff |
|              alamar@atlantalegalcare.com | |

13

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

**JASMIN SALGADO,**

    **Plaintiff,**

**v.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC.,**

    **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**2023CV00435**

---

**DEFENDANT JASON SCHWEIGERT'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

---

  COMES NOW, **JASON SCHWEIGERT** ("Defendant"), and files this his Objections and Responses to Plaintiffs' First Interrogatories as follows:

**<u>GENERAL OBJECTIONS</u>**

  1. These responses, while based on diligent exploration by this Defendant, reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed. These responses are neither intended, nor shall they in any way be deemed, as admissions or representations that further information or documents do not exist. Without in any way obligating himself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

  2. Defendant objects to each and every request to the extent the request seeks to discover any attorney/client communication and information concerning analysis and evaluations

of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

3.     The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of Defendant, his agents, representatives, and attorneys, unless privileged.

4.     The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not purport to be the precise language of the executing party.

5.     Defendant objects to the instructions and definitions contained in the requests to the extent that Plaintiff seeks to impose obligations not required by the Georgia Rules of Civil Procedure.

6.     The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

## SPECIFIC INTERROGATORIES

### 1.

Identify all facts and evidence -- including documents, physical evidence and witnesses in possession of knowledge of such evidence -- which you contend supports your defenses as set forth in your Answer.

**RESPONSE: Please see documents produced herewith.**

### 2.

Please identify all persons who are supplying information to respond to these interrogatories.

**RESPONSE: Jason Schweigert.**

3.

If you denied any of Plaintiff's requests for admissions (or failed to fully admit any of them), please provide the basis for your response.

**RESPONSE: Not applicable.**

4.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document; and,

(d) A description of each document.

In addition, please identify the specific point in time (provide the exact date) when you began to anticipate litigation arising from the subject collision and what specific, concrete facts you contend gave you objective reason to anticipate litigation.

**RESPONSE: Not applicable.**

5.

Please identify all adult relatives by blood or marriage residing in the county where this civil action is pending by stating their name, relationship to you or your spouse, address, and place of employment.

**RESPONSE: Not applicable.**

6.

Provide your:

(a)      Full name including maiden names and any aliases and nicknames.

     (b)    Current residence address and all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

     (c)    Last four digits of your social security number, driver's license number and state of issue, and year of birth. (The full social security number and full date of birth are requested and should be supplied separately to undersigned counsel. See O.C.G.A. § 9-11-7.1.)

**RESPONSE: Please see copy of driver's license produced herewith. The address listed on Defendant's driver's license has been Defendant's residential address for the past five years.**

7.

Please identify all of your employers for the five years period prior to the subject collision and through the present date, to include:

     (a)    Name of employer;

     (b)    Supervisor;

     (c)    Employer address;

     (d)    Employer telephone number;

     (e)    Job description;

     (f)    Dates of Employment; and

     (g)    Reason for termination.

**RESPONSE: Defendant previously worked at Sunset Logistics in Grand Rapids, Michigan from March 2017- November 2021. Defendant Schweigert currently works for Defendant Moeller Trucking.**

8.

(a)     Identify all communication devices in the possession of the Defendant or inside the vehicle Defendant operated at the time of the subject collision. State whether the Defendant communicated (i.e., talking, texting, dialing) via a cellular/mobility/electronic device, with a two-way type radio, or with any other communication device within thirty (30) minutes before or after the accident and, if so, identify the telephone number(s) or other identifying information (e.g., email, etc.) used and the person or entity to whom Defendant communicated. Please identify the service provider for all cellular phones and/or devices owned, used, or operated by Defendant on the date of the incident, and cellular telephone number.

(b)     With respect to any telecommunication device in the possession of the Defendant or inside the vehicle Defendant operated at the time of the subject collision: identify the location of the device at the time of the collision and during the five minutes preceding the collision (e.g., in your hand); describe what app or apps you were using/reading/looking at for the five minutes immediately preceding the subject collision; and, describe what inputs you made (e.g., did you type into your phone) to the app or apps you had open during the five minutes immediately preceding the subject collision.

**RESPONSE: Defendant had a cell phone and GPS navigation system inside the vehicle at the time of the subject collision. Defendant's cellular telephone number is: 239-994-7401.**

9.

If you have <u>ever</u> been charged with, arrested for, or convicted of any crime, identify the date of the offense, the jurisdiction in which the offense was committed, a description of the offense committed and the disposition of each offense listed.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that (a) it is overbroad in seeking information about convictions, arrests, and charges for crimes not involving moral turpitude; (b) it seeks information which is not relevant to this present litigation; (c) it is not reasonably calculated to lead to the discovery of admissible evidence; (d) it seeks information which would impermissibly place Defendant's character at-issue and, hence, is inadmissible; (e) it seeks information which is unfairly prejudicial and, therefore, exceeds the scope of permissible discovery under the Georgia Civil Practice Act; and, (f) this Interrogatory is vague as to time.**

10.

State whether or not you have been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of the traffic laws or rules of the road of any state within the last 10 years. If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the city, county, state, and approximate date thereof.

**RESPONSE: Defendant paid the citation concerning the subject collision.**

11.

Please identify all automobile accidents for Defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event. Please state whether or not you were on personal business or in the course of your employment at the time (and, if you were in the course of your employment, list the employer), and give a brief description of how the subject collision occurred to include stating whether you believe it was your fault or someone else's fault.

**RESPONSE: Defendant does not have any responsive information to this interrogatory.**

12.

Please identify the e-mail address, profile name, and/or network to which you belong for any social networking website or application including, but not limited to Facebook, LinkedIn, Instagram, Tumblr, MySpace, Vine, SnapChat, and Twitter.

**RESPONSE: Facebook – Djuff A. Lowe, Instagram: JaySwaggs.**

13.

Please state if Defendant has ever suffered or had an occurrence of dizziness, blacking-out, amnesia, epilepsy, arthritis, insanity, fits, seizures, migraine headaches, or any impairment of the arms, legs, eyes, hands, or feet. Please identify each such condition by providing the dates of occurrence, as well as the names, and addresses of any medical consultation the Defendant received for any such condition.

**RESPONSE: Not applicable.**

14.

Please state whether or not Defendant wore any type of prescriptive lenses or had been advised that she needed prescriptive lenses. If so, please state whether or not she was wearing any required prescriptive lenses at the time of the accident in question.

**RESPONSE: Defendant wears prescription eyeglasses.**

15.

With respect to each criminal or traffic charge or judicial hearing concerning the subject collision, please state (a) what charges were made as to each such person charged, (b) the plea(s) made or entered by each of the persons charged, (c) the type of disposition of the charges against each person, (d) the date of disposition of each charge, and (e) the court and jurisdiction with respect to each disposition of each charge.

**RESPONSE: Please see police report produced herewith. Defendant pled guilty and paid a fine for the citation in approximately late January / early February 2022.**

16.

Regarding the driver's license of the Defendant, please state whether it contains any restrictions now, contained any restrictions at the time of the subject collision, and has ever been suspended or revoked for any reason. If the answer to any of the foregoing is yes, please state the nature of such restriction and/or the reason(s) for the suspension(s) or revocation(s).

**RESPONSE: Not applicable. Please see copy of driver's license produced herewith for further responsive information.**

17.

If you have ever been a party to any civil action (not including the instant matter), please list the type of action, the date and title of each action, the court in which it each action was brought, and the civil action file number for each action.

**RESPONSE: Not applicable.**

18.

Please identify any videotapes, photographs, plats, drawings, or rendering of any type of the scene of the incident referred to in the Complaint, the vehicles involved in the subject collision, and/or the Plaintiff, and identify the person having custody and control thereof.

**RESPONSE: Please see photographs produced herewith.**

19.

Please state whether the Defendant was acting in the course and scope of employment with any employer, principal, or master, or was performing an errand or mission for another person or

entity at the time of the subject collision. If your answer is in the affirmative in any way, please state the name and address of the employer, principal, master, person, or entity.

**RESPONSE: Defendant Schweigert was acting in the course and scope of his employment with Defendant Moeller Trucking.**

20.

Were any laboratory tests or other analyses performed on the Defendant to test for the presence of drugs, medication, or other intoxicating substances following this collision? If so, please state the date and time which such tests were performed, the type of test conducted, and the results of such.

**RESPONSE: Not applicable.**

21.

Please state if the Defendant consumed any alcoholic beverages, took any type of illicit drugs, pain killers, tranquilizers, stimulants, sleeping pills, or other form of medication, either prescribed or not, or any intoxicant, whether legal or otherwise, in the twenty-four (24) hours immediately preceding the incident that is the basis for this Complaint. If yes, state the type, amount, time, and place where each such substance was consumed.

**RESPONSE: Defendant is prescribed blood sugar medication which he takes daily.**

22.

Please identify all persons whom you reasonably believe to have knowledge of information, facts, or circumstances which may bear upon any aspect of this case including without limitation the following topics:

      (a)      The speed, direction, motion and maneuvers of the vehicles, both before and after impact, and their location and condition upon coming to rest after impact;

(b)    Admissions or statements against interest made by any party;

(c)    The causes of the subject collision;

(d)    Any fact or circumstance upon which your defense(s) is/are based;

(e)    Any investigation relating to the incident complained of or the background, employment, medical history, or activities of the Plaintiff, or who have discussed any of these matters with you;

(f)    Damages sustained by any involved party or vehicle, and;

(g)    Physical injuries sustained by any involved party from the forces of impact.

For each person you identify, please specify which of the above-listed topics you believe that person possess some knowledge. For topics not listed above, please state in your own words the topic(s) of information, facts, or circumstances of which you believe that person possesses some knowledge. Please note that "identify" means setting forth the person's name, current address and telephone number if known (otherwise, the last known address and telephone number), occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

**RESPONSE: Individuals listed in police report. Defendant spoke with Dan Moeller after the accident.**

23.

(a)    Identify the full name, address and telephone number of each expert, including medical witnesses, whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

(b)     If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

**RESPONSE: Defendant has not yet made any determination regarding expert witnesses he expects to call at trial. Discovery in this case has just now begun and Defendant will supplement this response if and when any further responsive information becomes available.**

24.

Please state the names, addresses and telephone numbers of all persons who have given statements, whether written or oral to you, your attorney, your insurance carrier, or anyone else to your knowledge, covering the facts and circumstances of the incident that is the subject matter of this litigation, listing for each such statement, the date of the same, to whom the statement was given, the type of statement, the subject matter of the statement, and who is in possession of such statement.

**RESPONSE: Not applicable.**

25.

Please state in detail how you contend the subject collision took place and the order in which the events took place. Please include an explanation as to the purpose of the Defendant's trip, ultimate destination, and place of origin. Please also include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or any of Plaintiff's injuries. Please include an explanation of your contentions of how the subject collision happened, the actions of the drivers of all vehicles involved, the relative positions of all vehicles before the impact, the relative positions of all the vehicles at the time of the impact with respect to the traveled portion of the roadway, and the

relative position of the vehicles at the time of impact with respect to each other and to any relevant road markings, including all relevant distances in relation to said markings.

**RESPONSE: Defendant Schweigert was traveling on I-75 south. While stopped in traffic, Defendant Schweigert's foot must have come off of the brake pedal. As a result, Defendant Schweigert's tractor-trailer backed up.**

26.

Please state where the Defendant had been for the five hours previous to the subject collision complained of in the Complaint.

**RESPONSE: Please see GPS screenshot for Defendant's approximate location five hours prior to the subject collision.**

27.

Do you contend that the subject collision was the result of some mechanical failure of any vehicle involved in the collision? If yes, please: describe the nature of the mechanical failure, identify all written documents and reports which relate to or substantiate the mechanical failure, and identify all maintenance records for services performed upon the part or parts which failed for the five (5) year period immediately preceding the subject collision.

**RESPONSE: Not applicable.**

28.

Please describe the damages to all of the vehicles involved in the subject collision, setting forth the amount of each estimate of repairs, identifying who made any necessary repairs to the vehicles, and the cost of such repairs to the vehicles as a result of the subject collision.

**RESPONSE: Defendant does not have any responsive information to this interrogatory.**

29.

Please list each act of negligence, contributory negligence, or comparative negligence, if any, that you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject collision and/or any of Plaintiff's injuries. Please supply any statutory authority in support of any such contentions.

**RESPONSE: Discovery is ongoing and among other things Defendant has not had the opportunity to depose the Plaintiff yet.**

30.

Identify each insuring or indemnifying person and entity, including excess carriers and umbrella carriers, which might be liable to satisfy all or part of any judgment which may be entered in this action. For each, supply the number or numbers of any insuring agreements or policies, the amount of liability coverage provided in each, the named insured(s) in each, and whether each such insuring agreement excludes coverage for punitive damages. For any denial of coverage or reservation of rights, provide a detailed explanation re same and identify any documents pertaining to same.

**RESPONSE: Defendant does not have any responsive documents.**

31.

Please provide three dates that Defendant is available to sit for deposition.

**RESPONSE: Counsel will work with Plaintiff's counsel to schedule this deposition.**


This **15th** day of June, 2023.


**[ SIGNATURE ON FOLLOWING PAGE ]**

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*

JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529
F:  (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JASMIN SALGADO,<br><br>             Plaintiff,<br><br>v.<br><br>JASON SCHWEIGERT and MOELLER TRUCKING, INC.,<br><br>             Defendants. | CIVIL ACTION FILE NUMBER:<br><br>2023CV00435 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT JASON SCHWEIGERT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **15th** day of June, 2023

**HALL BOOTH SMITH, P.C.**
/s/ *James E. Gilson*
_____
JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No.261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529
F:   (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

**JASMIN SALGADO,**

    **Plaintiff,**

    **vs.**

**JASON SCHWEIGERT and MOELLER TRUCKING, INC., and XYZ CORPORATIONS# 1-3**

    **Defendants.**

**CIVIL ACTION No.:**   2023CV00435 _____

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**TO: JASON SCHWEIGERT**

 **COMES NOW** Plaintiff in the above-styled civil action, (hereinafter "Plaintiff") and hereby requests, pursuant to O.C.G.A. § 9-11-34, that Defendant produce the documents described below that are in the possession, custody, or control of Defendant or Defendant's agent(s) or attorney(s) within the time allowed by law.

 The documents can be produced in person or by mail at the offices of Lamar Law Office, LLC P.O. Box 2558 Tucker, GA 30085, at 10:00 a.m., forty-five (45) days after service of these requests. Defendant is under a duty to seasonably supplement or amend Defendant's responses. Further, pursuant to O.C.G.A. § 24-13-27, Defendant is directed to produce at trial the documents and materials referenced in these discovery requests.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms listed below are defined as follows:

1. The motor vehicle collision at issue in this litigation, which occurred on or about December 18, 2021 is hereinafter referred to as "the subject incident."

2.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

4.      "Defendant," "you," or "your" refers to, without limitation, the answering Defendant, and where applicable any predecessor, successor, attorney, agent, or representative of the answering Defendant.

5.      "Plaintiff" refers to, without limitation, the named Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## **<u>REQUESTS</u>**

### 1.

All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and Defendant, including but not limited to any communication

between Plaintiff and Defendant's insurance carrier and any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s).

2.

All records received in response to discovery or subpoenas served on any third party by Defendant in this case.

3.

All documents that Defendant contends support any defense asserted by Defendant in this lawsuit.

4.

A copy of Defendant's most recent voter registration card.

5.

If Defendant disputes venue, all documents and materials that support Defendant's contention that venue is improper.

6.

If Defendant disputes that Defendant was properly served with the subject lawsuit, all documents and materials that support Defendant's contention that service on Defendant was insufficient.

7.

All citations that Defendant received in reference to the subject incident and all documents or materials regarding the hearing and/or disposition of the charge(s).

8.

All documents related to any time Defendant has been arrested for any criminal offense.

9.

All documents related to any time Defendant has been issued a traffic citation.

10.

All documents related to any time Defendant has been involved in an automobile accident.

11.

All documents related to each felony of which Defendant has been convicted or to which Defendant has pled guilty.

12.

All documents related to each crime of moral turpitude of which Defendant has been convicted or to which Defendant has pled guilty.

13.

All documents related to each DUI of which Defendant has been charged, convicted or to which Defendant has pled guilty.

14.

All policies of insurance identified in Defendant's response to Plaintiff's First Interrogatories to Defendant and all policies of insurance that may provide coverage for the occurrence that is the subject of this litigation.

15.

All documents relating to any reservation of right raised by any insurer with regard to coverage in reference to the subject incident.

16.

All documents and materials sent by Defendant (including, but is not limited to, agents, employees, or representatives of Defendant's insurance carrier) to anyone Defendant expects to call to testify as an expert witness at the trial of this case.

17.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

18.

All written or otherwise recorded statements in connection with the subject matter of this litigation.

19.

All documents identified by Defendant in response to Plaintiff's interrogatories to Defendant.

20.

All documents relating to Defendant's prior driving record.

21.

A list of Defendant's violations of motor vehicle traffic laws and ordinances.

22.

A copy of Defendant's driver's license.

23.

All documents, notes, memoranda, reports, or other writings prepared by Defendant or his agents in connection with any investigation made by Defendant into the subject incident.

24.

All witness statements taken, recorded or otherwise prepared in connection with any investigation made into the subject incident.

25.

A copy of all letters mailed to third parties (i.e., other than the Plaintiff, insured or Defendant) that relate to the subject incident.

26.

All computer memoranda, letters, memoranda, or documents by any other name generated by Defendant, or by any other person, company or entity relative to Defendants, which in any way criticize, discuss, inform, or otherwise reflect information concerning such driver's driving record and fitness or unfitness to work as a driver which have been generated at any time prior to the subject collision up to and through the date of trial in this case.

27.

All correspondences or documents relating to Defendant's ability to drive a motor vehicle safely (including warning letters, records of disciplinary actions taken, doctor's notes).

28.

As to each and every policy of insurance identified in Defendant's response to Plaintiff's First Interrogatories to Defendant, all documents establishing or memorializing any reservation of rights or controversy or coverage dispute between you and the insurance company.

29.

Each and every photograph, film or videotape depicting any place, object, or individual concerning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

30.

All documents or tangible items that memorialize the surveillance of any individual involved in the occurrence that is the subject of this lawsuit, or any party to this lawsuit.

31.

All documents or tangible items that memorialize or establish each and every denial by you of a material allegation and each special or affirmative defense in your pleadings.

32.

All documents or tangible items that memorialize or establish that someone other than you caused or contributed to the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

33.

All documents or tangible items that you identified in any response to the Interrogatories served concurrently herewith.

34.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant responses to Plaintiff's First Interrogatories to Defendant.

35.

Each and every document written by you or at your direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff' injuries, including but not limited to letters, memos, e-mail messages and cards.

36.

Each and every document written by any third person or at his or her direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries, including but not limited to letters, memos, e-mail messages and cards.

37.

A copy of the cell phone records that reflect any calls or texts made or received on December 19, 2021 by you.

Respectfully submitted this 21 February 2023.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

|                |                              |
|----------------|------------------------------|
| Telephone:     | (678) 819-5200               |
| Facsimile:     | (678) 819-5276               |
| Email:         | alamar@atlantalegalcare.com  |
|                | sshea@atlantalegalcare.com   |

_/s/ Anita M. Lamar_
Anita M. Lamar
Georgia Bar No.: 892383
Stephen Shea
Georgia Bar No.: 102908
Counsel for Plaintiff

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**DEFENDANT JASON SCHWEIGERT'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, **JASON SCHWEIGERT** ("Defendant"), and files this his Objections and Responses to Plaintiffs' First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

A.     Defendant objects to each and every request to the extent that it would require Defendant to respond by disclosing his attorneys' or other of his representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like on the grounds that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

B.     Defendant objects to each and every request to the extent that it, whether standing alone or taken in conjunction with any and all requests, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expenses to Defendant, or would be unduly vexatious or unduly burdensome to respond to, or would require this defendant to engage in

investigative efforts burdensome to the point of oppression, on the ground that said request and/or request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

C.      Defendant objects to each and every request to the extent the same requires Defendant to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

D.      Defendant objects to each and every request to the extent that same requires Defendant to respond by waiving Defendant attorney/client privilege, which is hereby asserted, on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

E.      Defendant objects to the definitions and instructions to the requests to the extent that the same purports to place any obligation or requirement on Defendant which is not specified by the Georgia Civil Practice Act.

F.      Defendant objects to each request to the extent that the same seeks or purports to seek a legal conclusion.

Subject to the above objections, and without waiving any objection or admitting the relevance or materiality of any of the information sought, Defendant hereby responds to said interrogatories as follows, incorporating into each response the above-stated objections.

Defendant further reserves the right to supplement these responses if appropriate. Subject to these objections, the numbered requests are responded to as follows:

## REQUESTS TO PRODUCE

1.

All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and Defendant, including but not limited to any communication between Plaintiff and Defendant's insurance carrier and any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s).

**RESPONSE: Defendant does not have any responsive documents.**

2.

All records received in response to discovery or subpoenas served on any third party by Defendant in this case.

**RESPONSE: Please see documents produced herewith.**

3.

All documents that Defendant contends support any defense asserted by Defendant in this lawsuit.

**RESPONSE: Please see documents produced herewith.**

4.

A copy of Defendant's most recent voter registration card.

**RESPONSE: Defendant does not have any responsive documents.**

5.

If Defendant disputes venue, all documents and materials that support Defendant's contention that venue is improper.

**RESPONSE: Defendant does not have any responsive documents.**

6.

If Defendant disputes that Defendant was properly served with the subject lawsuit, all documents and materials that support Defendant's contention that service on Defendant was insufficient.

**RESPONSE: Not applicable.**

7.

All citations that Defendant received in reference to the subject incident and all documents or materials regarding the hearing and/or disposition of the charge(s).

**RESPONSE: Please see police report and citation produced herewith.**

8.

All documents related to any time Defendant has been arrested for any criminal offense.

**RESPONSE: Defendant does not have any responsive documents.**

9.

All documents related to any time Defendant has been issued a traffic citation.

**RESPONSE: Defendant does not have any responsive documents.**

10.

All documents related to any time Defendant has been involved in an automobile accident.

**RESPONSE: Defendant does not have any responsive documents.**

11.

All documents related to each felony of which Defendant has been convicted or to which Defendant has pled guilty.

**RESPONSE: Not applicable.**

12.

All documents related to each crime of moral turpitude of which Defendant has been convicted or to which Defendant has pled guilty.

**RESPONSE: Not applicable.**

13.

All documents related to each DUI of which Defendant has been charged, convicted or to which Defendant has pled guilty.

**RESPONSE: Not applicable.**

14.

All policies of insurance identified in Defendant's response to Plaintiff's First Interrogatories to Defendant and all policies of insurance that may provide coverage for the occurrence that is the subject of this litigation.

**RESPONSE: Defendant does not have any responsive documents.**

15.

All documents relating to any reservation of right raised by any insurer with regard to coverage in reference to the subject incident.

**RESPONSE: Not applicable.**

16.

All documents and materials sent by Defendant (including, but is not limited to, agents, employees, or representatives of Defendant's insurance carrier) to anyone Defendant expects to call to testify as an expert witness at the trial of this case.

**RESPONSE: Defendant does not have any responsive documents.**

17.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

**RESPONSE: Defendant does not have any responsive documents.**

18.

All written or otherwise recorded statements in connection with the subject matter of this litigation.

**RESPONSE: Defendant does not have any responsive documents.**

19.

All documents identified by Defendant in response to Plaintiff's interrogatories to Defendant.

**RESPONSE:  Please see documents produced herewith.**

20.

All documents relating to Defendant's prior driving record.

**RESPONSE: Defendant does not have any responsive documents.**

21.

A list of Defendant's violations of motor vehicle traffic laws and ordinances.

**RESPONSE: Defendant does not have any responsive documents.**

22.

A copy of Defendant's driver's license.

**RESPONSE: Please see copy of driver's license produced herewith.**

23.

All documents, notes, memoranda, reports, or other writings prepared by Defendant or his agents in connection with any investigation made by Defendant into the subject incident.

**RESPONSE: Defendant does not have any responsive documents.**

24.

All witness statements taken, recorded or otherwise prepared in connection with any investigation made into the subject incident.

**RESPONSE: Defendant does not have any responsive documents.**

25.

A copy of all letters mailed to third parties (i.e., other than the Plaintiff, insured or Defendant) that relate to the subject incident.

**RESPONSE: Defendant does not have any responsive documents.**

26.

All computer memoranda, letters, memoranda, or documents by any other name generated by Defendant, or by any other person, company or entity relative to Defendants, which in any way criticize, discuss, inform, or otherwise reflect information concerning such driver's driving record and fitness or unfitness to work as a driver which have been generated at any time prior to the subject collision up to and through the date of trial in this case.

**RESPONSE: Defendant does not have any responsive documents.**

27.

All correspondences or documents relating to Defendant's ability to drive a motor vehicle safely (including warning letters, records of disciplinary actions taken, doctor's notes).

**RESPONSE: Defendant does not have any responsive documents.**

28.

As to each and every policy of insurance identified in Defendant's response to Plaintiff's First Interrogatories to Defendant, all documents establishing or memorializing any reservation of rights or controversy or coverage dispute between you and the insurance company.

**RESPONSE: Defendant does not have any responsive documents.**

29.

Each and every photograph, film or videotape depicting any place, object, or individual concerning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

**RESPONSE: Please see documents produced herewith.**

30.

All documents or tangible items that memorialize the surveillance of any individual involved in the occurrence that is the subject of this lawsuit, or any party to this lawsuit.

**RESPONSE: Please see documents produced herewith.**

31.

All documents or tangible items that memorialize or establish each and every denial by you of a material allegation and each special or affirmative defense in your pleadings.

**RESPONSE: Not applicable.**

32.

All documents or tangible items that memorialize or establish that someone other than you caused or contributed to the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

**RESPONSE: Not applicable.**

33.

All documents or tangible items that you identified in any response to the Interrogatories served concurrently herewith.

**RESPONSE: Please see documents produced herewith.**

34.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant responses to Plaintiff's First Interrogatories to Defendant.

**RESPONSE: Please see documents produced herewith.**

35.

Each and every document written by you or at your direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff' injuries, including but not limited to letters, memos, e-mail messages and cards.

**RESPONSE: Defendant does not have any responsive documents.**

36.

Each and every document written by any third person or at his or her direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries, including but not limited to letters, memos, e-mail messages and cards.

**RESPONSE: Defendant does not have any responsive documents.**

37.

A copy of the cell phone records that reflect any calls or texts made or received on December 19, 2021 by you.

**RESPONSE: Defendant does not have any responsive documents.**

-9-

This **15th** day of May, 2023.

                                              **HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150

191 Peachtree Street NE                   NAVROZ THARANI
Suite 2900                                 Georgia State Bar No.261635
Atlanta, GA  30303-1775            *Attorneys for Defendants Moeller Trucking,*
T:  (678) 539 -1529                    *Inc. and Jason Schweigert*
F:  (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

JASMIN SALGADO,

          **Plaintiff,**

v.

JASON SCHWEIGERT and MOELLER
TRUCKING, INC.,

          **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**2023CV00435**

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT JASON SCHWEIGERT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **15th** day of May, 2023.

          **HALL BOOTH SMITH, P.C.**

          /s/ *James E. Gilson*
          JAMES E. GILSON
          Georgia State Bar No. 001150
          NAVROZ THARANI
          Georgia State Bar No.261635
          *Attorneys for Defendants Moeller Trucking,*
          *Inc. and Jason Schweigert*

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303-1775
T:  (678) 539 -1529

-11-

F:   (678) 954-5020
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

2023CV00435    Filed 4/12/2023 3:27 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **vs.** | **2023CV00435** |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

## <u>DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.      Defendants have filed a Notice of Removal to United States District Court. A true and correct copy of the Notice is attached as Ex. "A".

2.      As a result thereof, this matter is automatically stayed and the action removed to United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441 *et seq.*

[Signatures on Next Page]

Respectfully submitted this 12th day of April, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **vs.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** with

the Clerk of Court electronically which will automatically send an e-mail notification of such filing

to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA 30085
alamar@atlantalegalcare.com


[Signatures on Next Page]

Respectfully submitted this <u>12th</u> day of April, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
_____

JAMES E. GILSON
Georgia State Bar No 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

**EXHIBIT "A"**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| **Defendants.** | **CIVIL ACTION FILE NO. 2023CV00435** |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.      A civil action was filed on February 21, 2023 in the State Court of Clayton County, State of Georgia. That action is designated there as Civil Action File No.: 2023CV00435. Defendant Moeller Trucking, Inc., was the first Defendant served in this case on or about March 15, 2023.  Defendant Jason Schweigert has not been served. This removal is timely filed. The amount in controversy exceeds $75,000.00.

Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well.

2.     Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 2023CV00435, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

3.     Defendant Jason Schweigert is an individual and citizen residing in the State of Florida and with the intent to remain in the State of Florida. (Pl.'s Compl. ¶ 2).

4.     Defendant Moeller Trucking, Inc., is now, was at the commencement of Civil Action File No.: 2023CV00435, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Pl.'s Compl. ¶ 5).

5.     Defendant Moeller Trucking, Inc.'s Principal Office at the time of filing of Civil Action File No.: 2023CV00435 was, and at all times since has been located in the State of Ohio.

6.     Upon information and belief, Plaintiff is an individual residing in the State of Georgia. (Pl.'s Compl. ¶ 1).

7.     The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same

State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

    a.  The amount in controversy exceeds $75,000.00.

    b.  Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well. (Pl.'s Compl. ¶ 42)

    c.  "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the fact-finder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir., 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir., 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir., 2001).

d. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint and Plaintiff's Demand Letter that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

e. In a demand letter to Defendant, Plaintiff placed a demand seeking remedies in the amount of $150,000 (attached hereto as "Exhibit B"). Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, she incurred special damages and has incurred substantial medical expenses and will likely incur expenses in the future (Compl. ¶¶ 42, 43.)

f. The Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages and Plaintiff's demand letter, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum.[1] Plaintiff's allegations weigh

---

[1] However, if the amount in controversy is not facially apparent from the Complaint, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. *See, e.g., Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014 U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00. *See e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain

and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

10.     Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Clayton County, State of Georgia, marked as Exhibit "C".

11.     All Defendants agree to this removal.

WHEREFORE the Defendants pray that the above action now pending against them in the State Court of Clayton County, State of Georgia, be removed to this Court.


[Signatures on Next Page]

Respectfully submitted this <u>12th</u> day of April, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| **Defendants.** | **CIVIL ACTION FILE NO. 2023CV00435** |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court electronically

which will automatically send an e-mail notification of such filing to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA  30085
alamar@atlantalegalcare.com

[Signatures on Next Page]

Respectfully submitted this <u>12th</u> day of April, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)
Jasmin Salgado

## DEFENDANT(S)
Jason Schweigert
Moeller Trucking, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Henry County, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Lamar Law Office, LLC
Anita M. Lamar
P.O. Box 2558
Tucker, GA 30085
alamar@atlantalegalcare.com
678-819-5200

**ATTORNEYS** (IF KNOWN)

Hall Booth Smith, P.C.
James Gilson - JGilson@hallboothsmith.com
Navroz Tharani - NTharani@hallboothsmith.com
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
404-954-5000

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [x] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| [x] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| [ ] 2 | [x] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 ORIGINAL PROCEEDING
- [x] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 1441

### (IF COMPLEX, CHECK REASON BELOW)

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [ ] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [x] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [ ] 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ MAG. JUDGE (IFP) _____

JUDGE _____ MAG. JUDGE _____ NATURE OF SUIT _____ CAUSE OF ACTION _____
(Referral)

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [x] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other
- [ ] 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se
- [ ] 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY and MEDICAL LEAVE ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK
- [ ] 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 375 FALSE CLAIMS ACT
- [ ] 376 Qui Tam 31 USC 3729(a)
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT 899
- [ ] 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND [x] YES [ ] NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [ ] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case [ ] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____    4/12/2023
SIGNATURE OF ATTORNEY OF RECORD    DATE

Filed 5/12/2023 9:56 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JASMIN SALGADO,

      Plaintiff,

v.

JASON SCHWEIGERT, MOELLER
TRUCKING, INC., and XYZ
CORPORATIONS #1-3,

      Defendants.

CIVIL ACTION FILE

NO. 1:23-CV-1588-MHC

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: May 12 2023

KEVIN P. WEIMER, Clerk

By: _s/ T. Frazier_
Deputy Clerk

## ORDER

On April 19, 2023, this Court ordered Defendants to show cause within
fourteen (14) days of the date of the Order why the case should not be remanded to
the State Court of Clayton County, based upon the absence of subject matter
jurisdiction.  Apr. 19, 2022, Order ("Show Cause Order") [Doc. 3].  In their Notice
of Removal [Doc. 1], Defendants relied on the fact that the Complaint alleged
medical expenses of $33,241.18, and that Plaintiff Jasmin Salgado ("Salgado")
sent a Demand Letter [Doc. 1-2 at 2-3] seeking $150,000.00 to argue that the

amount in controversy exceeds $75,000.00.[1]  The Court noted that "the only

specific damages Defendants have shown are the $33,241.18 in medical damages."

Show Cause Order at 4.  The Court also noted that the pre-suit Demand Letter

"only lists the medical expenses alleged in the Complaint ($33,241.18), and there

is no indication any additional medical expenses occurred in the nine months since

the date of the settlement demand."  Id. at 3-4, n.1 ("When pre-suit demands over

the jurisdictional minimum contain no evidentiary support, they are just seen as

'posturing' for settlement purposes instead of offering evidence of the amount in

controversy.").

On May 3, 2023, Defendants filed a response to the Show Cause Order.

Def.'s Resp. to this Court's Order to Show Cause Regarding the Amount in

Controversy ("Defs.' Resp.") [Doc. 8].  Although Defendants acknowledge that the

enumerated damages are only $33,241.18, they indicate a "good faith belief" that

the amount eventually sought by Salgado would have exceeded the jurisdictional

minimum based on their counsel's "previous litigation experience," and Salgado's

Demand Letter filed seven months prior to the filing of the lawsuit.  Id. at 1-3.

---

[1] Salgado alleged that she incurred "at least $33,241.18 in medical expenses,"
including $2,525.00 to Buchanan Chiropractic Clinic, and $30,716.18 to Peachtree
Spine's Atlanta location.  Compl. [Doc. 1-1 at 6-13] ¶ 42.

Significantly, Defendants do not cite to any additional evidence to establish that the amount in controversy meets the jurisdictional minimum. Thus, the Court finds that Defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement for this Court to exercise subject matter jurisdiction.[2]

Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to the State Court of Clayton County.

**IT IS SO ORDERED** this 11th day of May, 2023.

MARK H. COHEN
United States District Judge

---

[2] Relying on Holmberg v. Applica Consumer Prods., No. 1:14-cv-00642-WCO, 2014 WL 12625946 (N.D. Ga. Aug. 12, 2014), Defendants request that Salgado be estopped upon remand from seeking damages in excess of $75,000. Defs.' Resp. at 4-5. However, Holmberg is inapposite because it was decided upon the plaintiff's motion to remand, not the court's *sua sponte* consideration. Holmberg, 2014 WL 12625946, at *1; see also Boudreaux v. Dickerson, No. 1:22-CV-1482-MHC, 2022 WL 18492013, at *1 (N.D. Ga. Apr. 26, 2022) (granting the plaintiff's motion to remand but estopping the plaintiff from seeking damages greater than $75,000.00); Mills v. Keystone Lines Corp., No. CIV.A.1:07CV0407-JOF, 2007 WL 3479841, at *2 (N.D. Ga. Oct. 31, 2007) (same); Allen v. Golden Gate Nat'l Senior Care LLC, No. 1:10-CV-1661-WSD, 2010 WL 11597562, at *2 (N.D. Ga. July 28, 2010) (granting the parties' consent motion to remand but estopping the plaintiff from seeking damages greater than $75,000.00).

3

2023CV00435

4months,CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:23–cv–01588–MHC

Salgado v. Schweigert et al

Assigned to: Judge Mark H. Cohen

Case in other court:  State Court of Clayton County, 2023CV00435

Cause: 28:1446 Notice of Removal – Motor Vehicle

Date Filed: 04/12/2023

Date Terminated: 05/11/2023

Jury Demand: Both

Nature of Suit: 350 Motor Vehicle

Jurisdiction: Diversity

**Plaintiff**

**Jasmin Salgado**                    represented by    **Anita Marie Lamar**
Lamar Law Office
4500 Hugh Howell Road #140
Tucker, GA 30085
678–819–5200
Fax: 678–819–5276
Email: anita@atlantalegalcare.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Alan Shea**
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA 30085
678–819–5200
Fax: 678–819–5276
Email: sshea@atlantalegalcare.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jason Schweigert**                    represented by    **James E. Gilson**
Hall Booth Smith, P.C.
191 Peachtree Street
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: JGilson@HallBoothSmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Navroz Tharani**
Hall Booth Smith Atlanta
191 Peachtree Street NE
Ste 2900

1

Atlanta, GA 30303
770–846–4249
Email: ntharani@hallboothsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Moeller Trucking, Inc.**                      represented by   **James E. Gilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Navroz Tharani**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**XYZ Corporations # 1–3**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/12/2023 | 1 | | NOTICE OF REMOVAL with COMPLAINT filed by Jason Schweigert and MoellerTrucking, Inc. (Filing fee $ 402 receipt number AGANDC–12523979) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(tht) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 04/13/2023) |
| 04/13/2023 | 2 | | STANDING ORDER REGARDING CIVIL LITIGATION Signed by Judge Mark H. Cohen on 4/13/2023. (tmf) (Entered: 04/13/2023) |
| 04/19/2023 | 3 | | ORDER TO SHOW CAUSE: It is hereby ORDERED that Defendants SHOW CAUSE IN WRITING within fourteen (14) days of the date of this Order why this case should not be remanded to the State Court of Clayton County. Signed by Judge Mark H. Cohen on 4/19/2023.(tmf) (Entered: 04/19/2023) |
| 04/19/2023 | 4 | | *DEFENDANT'S* ANSWER to 1 NOTICE OF REMOVAL AND COMPLAINT by Moeller Trucking, Inc.. Discovery ends on 9/18/2023.(Gilson, James) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 4/20/2023 to edit document links and text(tmf). (Entered: 04/19/2023) |
| 04/19/2023 | 5 | | *DEFENDANT'S* ANSWER to 1 NOTICE OF REMOVAL AND COMPLAINT by Jason Schweigert.(Gilson, James) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 4/20/2023 to edit document links and text (tmf). (Entered: 04/19/2023) |
| 04/20/2023 | 6 | | Certificate of Interested Persons and Corporate Disclosure Statement by Moeller Trucking, Inc.. (Gilson, James) (Entered: 04/20/2023) |
| 04/21/2023 | | | |

| | | | |
|---|---|---|---|
| | | | Clerk's Notation re <u>6</u> Certificate of Interested Persons/Corporate Disclosure Statement reviewed by Mark H. Cohen. (lme) (Entered: 04/21/2023) |
| 04/27/2023 | <u>7</u> | | Certificate of Interested Persons and Corporate Disclosure Statement by Jasmin Salgado. (Lamar, Anita) (Entered: 04/27/2023) |
| 05/03/2023 | <u>8</u> | | RESPONSE TO ORDER TO SHOW CAUSE re: <u>3</u> Order to Show Cause, filed by Moeller Trucking, Inc., Jason Schweigert. (Attachments: # <u>1</u> Exhibit Exhibit A: Demand Letter)(Gilson, James) (Entered: 05/03/2023) |
| 05/11/2023 | <u>9</u> | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Arch Insurance Company, Moeller Trucking, Inc., Jason Schweigert. (Gilson, James) (Entered: 05/11/2023) |
| 05/11/2023 | <u>10</u> | | ORDER: It is hereby ORDERED that this case is REMANDED to the State Court of Clayton County. Signed by Judge Mark H. Cohen on 5/11/2023. (tmf) (Entered: 05/12/2023) |
| 05/11/2023 | | | Civil Case Terminated. (tmf) (Entered: 05/12/2023) |

3

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**DEFENDANT MOELLER TRUCKING, INC.'S**
**FIRST REQUESTS FOR ADMISSION TO PLAINTIFF**

COMES NOW, **MOELLER TRUCKING, INC.**, Defendant in the above-styled action, and pursuant to O.C.G.A. § 9-11-36, propounds these Requests for Admission to Plaintiff in the above-styled action.  Plaintiff is required under O.C.G.A. § 9-11-36(a) to answer these Requests for Admissions separately and fully, and to serve a copy of said answers upon counsel for these Defendants within thirty (30) days after receipt.

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  O.C.G.A. § 9-11-36(a)(2).

As used in these Requests, "damage" or "damages" shall mean, without limitation, any type of monetary damages which could be awarded for any reason, including, but not limited to, all general or special damages.

1.

Please admit that Plaintiff is <u>not</u> seeking more than $75,000.00 in this lawsuit.

2.

Please admit that Plaintiff is seeking more than $75,000.00 in this lawsuit.

3.

Please admit that Plaintiff does <u>not</u> contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

4.

Please admit that Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

5.

Please admit that Plaintiff did <u>not</u> suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

6.

Please admit that Plaintiff did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

7.

Please admit that Plaintiff is <u>not</u> entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

8.

Please admit that Plaintiff is entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

9.

Please admit that Plaintiff's damages in this lawsuit are limited to $75,000.00 or less.

10.

Please admit that Plaintiff's damages in this lawsuit are <u>not</u> limited to $75,000.00 or less.

This **16th** day of May, 2023.

**HALL BOOTH SMITH, PC**

/s/ *James E. Gilson*

_____
JAMES E. GILSON
Georgia Bar No.: 001150
NAVROZ THARANI
Georgia Bar No.: 261635
*Attorneys for Defendants Moeller Trucking,
Inc. and Jason Schweigert*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT MOELLER TRUCKING, INC.'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **16th** day of May, 2023.

**HALL BOOTH SMITH, PC**

/s/  *James E. Gilson*
_____
JAMES E. GILSON
Georgia Bar No.: 001150
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street

-4-

Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

JASMIN SALGADO,

        **Plaintiff,**

    **vs.**

JASON SCHWEIGERT and MOELLER
TRUCKING, INC.,
        **Defendants.**

**CIVIL ACTION No.:  2023CV00435**

**PLAINTIFF'S FIRST RESPONSES TO DEFENDANT MOELLER TRUCKING, INC.'S**
**FIRST REQUEST FOR ADMISSIONS**

COMES NOW, JASMIN SALGADO, (hereinafter referred to as "Plaintiff"), in the above-styled action and pursuant to O.C.G.A. Section 9-11-33 responses to **DEFENDANTMOELLER TRUCKING, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF** as follows:

1.

Please admit that Plaintiff is <u>not</u> seeking more than $75,000.00 in this lawsuit.

**RESPONSE:**

Denied.

2.

Please admit that Plaintiff is seeking more than $75,000.00 in this lawsuit.

**RESPONSE:**

Admitted.

3.

Please admit that Plaintiff does <u>not</u> contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE:**

Denied.

4.

Please admit that Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE:**

Admitted.

5.

Please admit that Plaintiff did <u>not</u> suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE:**

Denied.

6.

Please admit that Plaintiff did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE:**

Admitted.

7.

Please admit that Plaintiff is <u>not</u> entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**<u>RESPONSE:</u>**

Denied.

8.

Please admit that Plaintiff is entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**<u>RESPONSE:</u>**

Admitted.

9.

Please admit that Plaintiff's damages in this lawsuit are limited to $75,000.00 or less.

**<u>RESPONSE:</u>**

Denied.

10.

Please admit that Plaintiff's damages in this lawsuit are <u>not</u> limited to $75,000.00 or less.

**<u>RESPONSE:</u>**

Admitted.

Respectfully submitted this 1 June 2023.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558

Tucker, GA 30085


Telephone:      (678) 819-5200

Facsimile:      (678) 819-5276

Email:          sshea@atlantalegalcare.com

                  anita@atlantalegalcare.com

*/s/ Anita M, Lamar*

Anita M. Lamar

Georgia Bar No.: 892383

Stephen A. Shea

Georgia Bar No.:  102908

Counsel for Plaintiff

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

**JASMIN SALGADO,**

**Plaintiff,**

**v.**

**JASON SCHWEIGERT and MOELLER**
**TRUCKING, INC.,**

**Defendants.**

**CIVIL ACTION FILE NUMBER:**

**2023CV00435**

---

**DEFENDANT MOELLER TRUCKING, INC.'S**
**FIRST CONTINUING INTERROGATORIES TO PLAINTIFF**

---

COMES NOW, **MOELLER TRUCKING, INC.** ("Defendant"), Defendant in the above-styled action, and, pursuant to O.C.G.A. § 9-11-33, propounds the following Interrogatories to Plaintiff to be answered fully and separately in writing by Plaintiff.  These Interrogatories call upon Plaintiff to furnish in answer thereto such information as is available to him, his agents, and his attorneys.  These Interrogatories are expressly made continuing and after the initial response thereto is made, supplemental responses are specifically called for as authorized by O.C.G.A. § 9-11-26(e) and each subpart thereof.  Likewise, these Interrogatories are propounded subject to the provisions of O.C.G.A. § 9-11-37, and each subpart thereof. Additionally, when asked to "identify" individuals, please include name, mailing and residential addresses, telephone number, and digital contact information.

## INSTRUCTIONS AND DEFINITIONS

A.      The terms "Plaintiff," "You," and "Your" mean the party to whom these Interrogatories are directed, and that party's attorneys, agents, employees, representatives, corporate officers, independent contractors investigators, insurance agents, experts or consultants

that party has employed, retained or hired, and all others who have obtained information on that party's behalf.

B.   The term "Defendant" or "Defendants" shall include the Defendant named above, its agents, servants, associates, attorneys, investigators, representatives or consultants which are employed, retained or hired by or on behalf of Defendant.

C.   The term "Person" refers to any individual, corporation, organization, association, partnership, business concern, or other entity.

D.   A request that a "Document" be identified or described calls for the following information concerning it:  its nature, e.g.: letter, memorandum or writing of any kind; the date it was prepared, sent and received; the identity of the person(s) who prepared, signed and received it; the title, reference and subject matter; a detailed description of the contents of the documents; the number of pages encompassed by the document; and, the name, business and residence address, telephone numbers, occupation and title of the person who has actual physical custody of the document.

E.   "Document(s)," as used in these Interrogatories, is intended to be construed in the broad and liberal sense and means written, typed, digital, electronically stored image, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, and whether an original, master, duplicate or copy, including but not limited to papers, notes, accounts, books advertisements, catalogues, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, e-mails, documents, communications, including interoffice and intraoffice communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of board of directors or committee meetings, books of account, ledger

books, notebooks, vouchers, bank checks, check stubs, bills, receipts, invoices, desk calendars, appointment books, diaries, diary entries and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations or of negotiations, meetings or conferences or things similar to any of the foregoing and all other papers, writings or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described by the parties to whom the particular Interrogatory is directed. The answers to Interrogatories concerning Documents should include information regarding whether such document is an original or a duplicate or copy.

 F. As used herein, the term "identify" or to describe or state the "identity," means: (i) when used in reference to a natural person, shall mean to state his or her full name, complete home and business address, employer or business affiliation, and occupation and business position presently held;  (ii) when used in reference to a corporation, shall mean to state its full name, its state of incorporation and its principal place of business;  (iii) when used in reference to a partnership, shall mean to state its full name, the names of each partner, and its principal place of business; (iv) when used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organization form and its address; (v) when used in reference to an act, shall mean to state the time and place of the act, nature of the act, the names of the person or persons performing or joining the act, the names of all persons witnessing or having knowledge or said act; (vi) when used in reference to documents shall mean to state the identity of the person(s) who prepared the document, the sender and recipient(s), if any, title or description of the general nature of its subject matter, day of preparation, the location(s) of each copy and the identity of the present custodian(s) and the contents of the document verbatim, and if privileged is claimed, the specific basis thereof.

G.   As used herein, the term "describe" or "description" shall mean to provide a narrative statement of the matter in question; identify all documents relating or referring thereto giving the dates thereof; identify all persons having knowledge thereof, stating the subject matter of each persons' knowledge and the manner in which this knowledge was obtained and state what acts were done by each person who in any way participated in the matter in question.

H.  As used herein, the term "Complaint" means Plaintiff's Complaint, filed in the above-styled action.

I.  As used herein, "Incident" means the alleged incident on November 9, 2021, that gives rise to the Complaint in this action which comprises the basis of Plaintiff's Complaint.

J.  Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

K.   Terms in any gender (masculine, feminine, neuter) shall be deemed to include any and all other genders which the context may require or permit.

## **INTERROGATORIES**

### 1.

Please identify the person(s) responsible for preparing Plaintiff's responses to these Interrogatories and identify all persons consulted in the process of preparing such responses.

### 2.

For Plaintiff, please state the full name, date and place of birth, social security number, present address, residential address history for the past ten (10) years, marital status, spouse's name and contact information if applicable, and any other names by which Plaintiff may have been known.

### 3.

Please identify all persons that to You or Your representatives knowledge, information, or belief:

(a)     were eyewitnesses to the Incident giving rise to this lawsuit;

(b)     have knowledge of any relevant information, fact, or circumstance concerning the Incident giving rise to this lawsuit, any issue of liability in this lawsuit, or the damages You claim in connection with this lawsuit, stating the substance of the relevant knowledge You believe they possess and explaining the person's relationship to Plaintiff, if any, and/or how Plaintiff knows of said individual;

(c)     have investigated any aspect of the occurrence that is the subject of this litigation and indicate whether each has made a written record of the investigation or any part thereof.

4.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

5.

Please identify any and all oral or written communications You have had with Defendant or any of his representatives relating to the subject matter of the allegations set forth in the

Complaint, including any communications made on Your behalf by another. For each such communication, please specify:

    (a)    the date(s) of such communications and the person with whom You communicated;

    (b)    the method of communication (i.e., by phone, in person, in writing, etc.);

    (c)    any witnesses to such communications;

    (d)    any notes or documents made by You or others reflecting such communications.

6.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

7.

Please state whether any photograph(s), movie(s), video(s), chart(s), diagram(s), videotape(s), or any other illustration(s) or other pictorial representation(s) have been taken in connection with the Incident or in connection with injuries alleged in this Incident or depicting anything relevant to this lawsuit.  If so, please state:

a)   the name and address of the person(s) who took all such photographs, movies or other pictorial representations;

b)   the name and address of the person(s) who have possession or custody of the negatives of any photographs, the positive prints of any such photographs or any original movies, videos or other pictorial representations; and

c)   describe what is depicted in each such photograph, movie, video or other pictorial representation.

8.

To Your knowledge, information, or belief, is there any documentary or other tangible evidence which You contend supports Your allegations of negligence, causation, or damages? If so, please describe such documentary or tangible evidence stating as to each item the following:

a)  the nature and form thereof;

b)  the subject or content of such evidence;

c)  the present location and name of the person having custody and control thereof.

9.

Please describe in detail, from Your perspective, how You allege the Incident described in Your Complaint occurred, including in Your answer every factor or occurrence that You believe may have contributed to the accident.

10.

Please state with specificity each and every allegation of negligence and/or wrongful conduct on the part of Defendant for which Plaintiff asserts Defendant is liable to Plaintiff for damages.

11.

Please identify any criminal charges, offenses, arrests, convictions, or guilty pleas You have ever been involved in, stating the offense charged, the date of the allegations, the court involved, and the disposition of the matter. This Interrogatory may be answered subject to objections as to admissibility, relevance, etc., at trial.

12.

During the 12-hour period prior to the Incident, did You consume any alcoholic beverages, medications, or drugs of any kind?  If so, please state with specificity the type of alcoholic beverage, medication, or drug consumed, the amount consumed, the time(s) at which it was consumed, and the name, address, and telephone number of all persons who have relevant knowledge about Your consumption of these substances.

13.

Please identify each and every drug, whether recreational, over the counter, or prescription, that You had taken in the last six (6) months prior to the Incident that is the subject of this lawsuit. For each drug purchased, please provide the name of all prescribing providers and the pharmacies or providers where the Plaintiff purchased these drugs.

14.

Please identify and explain in detail, to the best of Your ability, all injuries You claim to have received as a result of the Incident giving rise to this lawsuit and indicate what injuries You are, at present, still suffering from, and the manner and extent of Your current suffering.

15.

Please identify every practitioner of the healing arts (physicians, dentists, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, etc.) who treated You in the ten (10) years prior to November 9, 2021, the date of the Incident giving rise to this lawsuit.  For each provider, please list the nature of the treatment, the dates of treatment, and provide a current address for the medical treatment provider. This includes all providers who meet the statutory definitions set forth in O.C.G.A. § 9-11-9.1.

16.

Please identify every practitioner of the healing arts (physicians, dentists, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, etc.) who has examined or treated You on or after November 9, 2021. For each provider, please list the nature of the treatment, the dates of treatment, and provide a current address for the medical treatment provider. This includes all providers who meet the statutory definitions set forth in O.C.G.A. § 9-11-9.1.

17.

Please list the name of any pharmacy that has filled any prescription for You during the past five (5) years and for each pharmacy identified provide the street address or shopping center in which the pharmacy is located.

18.

Please state whether, prior or subsequent to the alleged Incident which forms the basis of Your Complaint, You had any pre-existing medical conditions or symptoms in the bodily areas where You allege injuries in this lawsuit, and/or experienced any events of any kind, which aggravated Your alleged injuries. If so, please describe same and identify all physicians or other practitioners of the healing arts who provided treatment for same.

19.

With respect to all insurance benefits available to You for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor, or other practitioner of the healing arts as a result of the Incident that is the subject of this litigation, please state:

a) the name and address of the provider of benefits;

b) the amount of the payments by each provider;

c) the person or entity to whom the payments were made; and

d)  the claim number, policy number, or applicable reference number with regard to each payment, benefit, or claim.

20.

For any lost wage or salary claim that You make, please state the amount claimed, the name, address, and phone number of Your employer at the time of the occurrence, the name of Your supervisor, the dates You were unable to work, the date You returned to work, Your rate of pay, and whether Your employer continued to pay Your salary during any part of the time You were unable to work.

21.

If You have made a claim against anyone for injury or damages as a result of an injury other than the present action, please state the date of each claim, identify the entity the claim was made against and describe the nature of the damages or injuries, whether suit was filed, and, if so, the court and civil action number connected to each claim.  Please identify each and every claim for personal injury, property damage, or economic loss that You have alleged against any insurance company, individual, or any business entity during the last ten (10) year period for each such claim, identifying the entity against whom the claim was made, the event causing the claim, and the outcome of each claim.

22.

For each medical bill, hospital bill, or any other kind of bill for goods or services, pertaining to Your medical care and treatment allegedly incurred as a result of the Incident claimed in Your Complaint, please state: the amount of the bill; the amount currently outstanding; the amounts paid, and how, when, and by whom, said amounts were paid.

23.

Please provide an itemization of all other economic losses (i.e., lost wages, travel expenses, incidental expenses, etc.) You claim to have incurred as a result of the Incident described in the Complaint, including a description of the economic loss incurred, the date it was incurred, and the amount, if any, paid by You or on Your behalf to cover the loss.

24.

Please list each prior employer You have worked for during the past ten (10) years, including address, supervisor, length of employment, and reason for termination of employment.

25.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

26.

With regard to the vehicle being operated by You at the time of the Incident, please state: the make, model, and year of the vehicle; the owner of the vehicle; the frequency with which you drove the vehicle; who paid for the gas and maintenance of the vehicle; and, if you did not own the vehicle, whether or not you had the permission of the owner to drive the vehicle at the time of the Incident.

27.

Please describe the purpose of Your trip leading up to the Incident, Your ultimate destination, the amount of time You had been in the vehicle leading up to the Incident, and Your point of origin for that trip.

28.

Please state whether You are a Medicare beneficiary.  If Your answer is in the affirmative, please provide the following information:

a)  Your HICN number;

b)  Confirmation of reporting of the claim to the COBC;

c)  A copy of all communications with COBC or CMS in connection with the claim, including the Conditional Payments Letter.

29.

Please state whether any person or entity has an interest in the outcome of this litigation, has otherwise provided any advance, or has funded in any way this litigation.  This response should include, but is not limited to, any litigation finance or loan companies.  If so, please state: the name and address of the person or entity; the kind and amount of any benefits, funds, or advance received; and the terms of any agreement.

30.

Please list any and all hobbies, sports, recreational activities, and life enjoyments that You contend have been impaired as a result of the injuries You sustained in the incident underlying Your Complaint, and state in reasonable detail how they have been impaired and to what extent.

31.

Please identify whether You maintain an account or page on any social networking website, including but not limited to, Facebook, Instagram, Twitter, TikTok, or other similarly situated social networking medium, or whether You maintain a "blog" website.  If You use a name other than "Lorenzo Naylor" on any of the aforementioned accounts or pages, please identify those with

specificity.  Please also provide Your account names or "handles" for the aforementioned accounts or pages.

32.

Please identify the cellphone number and service provider for all cellphones owned, used, or operated by You on the date of the Incident.

This **16th** day of May, 2023.

**HALL BOOTH SMITH, PC**

/s/  *James E. Gilson*

_____

JAMES E. GILSON
Georgia Bar No.: 001150
NAVROZ THARANI
Georgia Bar No.:  261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **2023CV00435** |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT MOELLER TRUCKING, INC.'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF** via Odyssey eFileGA and/or email:

Anita M. Lamar
Stephen A. Shea
Lamar Law Office, LLC
P.O. Box 2558
Tucker, Georgia 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com
*Attorneys for Plaintiff*

This **16th** day of May, 2023.

**HALL BOOTH SMITH, PC**

/s/ *James E. Gilson*
_____
JAMES E. GILSON
Georgia Bar No.: 001150
NAVROZ THARANI
Georgia Bar No.: 261635
*Attorneys for Defendants Moeller Trucking, Inc. and Jason Schweigert*

-14-

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
JGilson@hallboothsmith.com
NTharani@hallboothsmith.com

# Exhibit B

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION No.: 2023CV00435** |
| **vs.** | |
| **JASON SCHWEIGERT and MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

**PLAINTIFF'S FIRST RESPONSES TO DEFENDANT MOELLER TRUCKING, INC.'S FIRST REQUEST FOR ADMISSIONS**

COMES NOW, JASMIN SALGADO, (hereinafter referred to as "Plaintiff"), in the above-styled action and pursuant to O.C.G.A. Section 9-11-33 responses to **DEFENDANTMOELLER TRUCKING, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF** as follows:

1.

Please admit that Plaintiff is <u>not</u> seeking more than $75,000.00 in this lawsuit.

**RESPONSE:**

Denied.

2.

Please admit that Plaintiff is seeking more than $75,000.00 in this lawsuit.

**RESPONSE:**

Admitted.

3.

Please admit that Plaintiff does <u>not</u> contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE:**

Denied.

4.

Please admit that Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE:**

Admitted.

5.

Please admit that Plaintiff did <u>not</u> suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE:**

Denied.

6.

Please admit that Plaintiff did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE:**

Admitted.

7.

Please admit that Plaintiff is <u>not</u> entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**<u>RESPONSE:</u>**

Denied.

8.

Please admit that Plaintiff is entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**<u>RESPONSE:</u>**

Admitted.

9.

Please admit that Plaintiff's damages in this lawsuit are limited to $75,000.00 or less.

**<u>RESPONSE:</u>**

Denied.

10.

Please admit that Plaintiff's damages in this lawsuit are <u>not</u> limited to $75,000.00 or less.

**<u>RESPONSE:</u>**

Admitted.

Respectfully submitted this 1 June 2023.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558

Tucker, GA 30085

Telephone:  (678) 819-5200

Facsimile:  (678) 819-5276

Email:   sshea@atlantalegalcare.com

anita@atlantalegalcare.com

*/s/ Anita M, Lamar*

Anita M. Lamar

Georgia Bar No.: 892383

Stephen A. Shea

Georgia Bar No.:  102908

Counsel for Plaintiff

Exhibit C

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **JASMIN SALGADO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **vs.** | **2023CV00435** |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | |
| **Defendants.** | |

<u>**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**</u>

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.      Defendants have filed a Notice of Removal to United States District Court. A true and correct copy of the Notice is attached as Ex. "A".

2.      As a result thereof, this matter is automatically stayed and the action removed to United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441 *et seq.*

Respectfully submitted this <u>30th</u> day of June, 2023.

**HALL BOOTH SMITH, P.C.**

<u>/s/ James E. Gilson</u>
JAMES E. GILSON
Georgia State Bar No 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000
F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JASMIN SALGADO,<br><br>     **Plaintiff,**<br><br>vs.<br><br>**JASON SCHWEIGERT and MOELLER**<br>**TRUCKING, INC.,**<br><br>     **Defendants.** | **CIVIL ACTION FILE NO.**<br>**2023CV00435** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing

**<u>DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>** with

the Clerk of Court electronically which will automatically send an e-mail notification of such filing

to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA 30085
alamar@atlantalegalcare.com

Respectfully submitted this <u>30th</u> day of April, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia State Bar No 001150
NAVROZ THARANI
Georgia State Bar No. 261635
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000
F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| **Defendants.** | **CIVIL ACTION FILE NO. 2023CV00435** |

**DEFENDANTS' NOTICE OF REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1. A civil action was filed on February 21, 2023 in the State Court of Clayton County, State of Georgia. That action is designated there as Civil Action File No.: 2023CV00435.

2.      This case was removed to Federal Court on April 12, 2023. However, this case was remanded back to Clayton County State Court on May 12, 2023 for not meeting the $75,000 amount in controversy requirement. After this case was remanded, on May 16, 2023, Defendants served Plaintiff with Requests for Admission related to the amount in controversy claimed.

3.      In Plaintiff's Responses to the Requests for Admission, Plaintiff admitted the following:

   a.   Plaintiff is seeking more than $75,000 in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 2).

   b.   Plaintiff does contend that Plaintiff is entitled to recover more than $75,000 in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 4).

   c.   Plaintiff did suffer more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 6).

   d.   Plaintiff is entitled to recover more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs ¶ 8).

   e.   Plaintiff's damages in this lawsuit are not limited to $75,000 or less. (Pl.'s First Responses to Def. RFAs ¶ 10).

4.     Accordingly, the amount in controversy exceeds $75,000.00. Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses. Plaintiff's Responses to Defendant's Requests for Admission clearly state Plaintiff is seeking more than $75,000 in this lawsuit and that Plaintiff suffered more than $75,000 in damages from the alleged incident. Plaintiff responded to Defendant's Requests for Admission on June 1, 2023. This removal is timely filed.[1]

5.     Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 2023CV00435, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

---

[1] Title 28 U.S.C. § 1446(b) provides the governing standard. It gives a defendant 30 days to act, and it creates two events that trigger that 30-day clock to run. The first triggering event is the defendant's receipt of the initial pleading. If the initial pleading does not demonstrate removability, then the second triggering event is the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Documents that may trigger the (b)(3) clock to run include those from the state court proceeding or answers to discovery requests to the extent those two categories of documents inform what the amount in controversy is. § 1446(c)(3)(A). *See Wopshall v. Travelers Home & Marine Ins. Co., 369 F.Supp.3d 1283 (S.D. Fla. 2019).*

6.    Defendant Jason Schweigert is an individual and citizen residing in the State of Florida and with the intent to remain in the State of Florida. (Pl.'s Compl. ¶ 2).

7.    Defendant Moeller Trucking, Inc., is now, was at the commencement of Civil Action File No.: 2023CV00435, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Pl.'s Compl. ¶ 5).

8.    Defendant Moeller Trucking, Inc.'s Principal Office at the time of filing of Civil Action File No.: 2023CV00435 was, and at all times since has been located in the State of Ohio.

9.    Upon information and belief, Plaintiff is an individual residing in the State of Georgia. (Pl.'s Compl. ¶ 1).

10.    The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

a.    The amount in controversy exceeds $75,000.00.

b. Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well. (Pl.'s Compl. ¶ 42)

c. Plaintiff's Responses to Defendant Moeller Trucking, Inc.'s First Requests for Admission clearly state that Plaintiff is seeking more than $75,000 in this lawsuit and that Plaintiff suffered more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s First Responses to Def. RFAs) (attached hereto as "Exhibit B").

d. "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the fact-finder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir., 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751

(11th Cir., 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir., 2001).

e.  The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint and Plaintiff's Responses to Defendant's Requests for Admission that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

f.  Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, she incurred special damages and has incurred substantial medical expenses and will likely incur expenses in the future (Compl. ¶¶ 42, 43.)

g.  The Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages and Plaintiff's Responses to Defendant's Requests for Admission that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum. Plaintiff's allegations weigh heavily in favor of finding that the Complaint and accompanying discovery

responses state an amount in controversy in excess of $75,000.00. *See e.g.*, *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint and Responses to Defendant's Requests for Admission make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

11.    Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Clayton County, State of Georgia, marked as Exhibit "C".

12.    All Defendants agree to this removal.

WHEREFORE the Defendants pray that the above action now pending against them in the State Court of Clayton County, State of Georgia, be removed to this Court.

Respectfully submitted this <u>29th</u> day of June, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____
JAMES E. GILSON
Georgia State Bar No. 001150
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| **Defendants.** | **CIVIL ACTION FILE NO. 2023CV00435** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court electronically

which will automatically send an e-mail notification of such filing to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA  30085
alamar@atlantalegalcare.com

[Signatures on Next Page]

Respectfully submitted this 29th day of June, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*

_____

JAMES E. GILSON
Georgia State Bar No. 001150
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)
Jasmin Salgado

## DEFENDANT(S)
Jason Schweigert
Moeller Trucking, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF** Henry County, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Lamar Law Office, LLC
Anita M. Lamar
P.O. Box 2558
Tucker, GA 30085
alamar@atlantalegalcare.com
678-819-5200

**ATTORNEYS** (IF KNOWN)

Hall Booth Smith, P.C.
James Gilson - JGilson@hallboothsmith.com
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
404-954-5000

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF
☐ 2 U.S. GOVERNMENT DEFENDANT
☐ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
☑ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☑ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☑ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☑ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 ORIGINAL PROCEEDING
☑ 2 REMOVED FROM STATE COURT
☐ 3 REMANDED FROM APPELLATE COURT
☐ 4 REINSTATED OR REOPENED
☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
☐ 6 MULTIDISTRICT LITIGATION - TRANSFER
☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 1441

(IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.
☐ 2. Unusually large number of claims or defenses.
☐ 3. Factual issues are exceptionally complex
☐ 4. Greater than normal volume of evidence.
☐ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence
☐ 7. Pending parallel investigations or actions by government.
☑ 8. Multiple use of experts.
☐ 9. Need for discovery outside United States boundaries.
☐ 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT $_____   APPLYING IFP _____   MAG. JUDGE (IFP) _____

JUDGE_____   MAG. JUDGE _____   NATURE OF SUIT _____   CAUSE OF ACTION _____
(Referral)

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☒ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK
- ☐ 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 485 TELEPHONE CONSUMER PROTECTION ACT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT 899
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $_____

JURY DEMAND ☒ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE____Mark H. Cohen____   DOCKET NO.___1:23-CV-1588-MHC___

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☒ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. 1:23-CV-1588-MHC , WHICH WAS DISMISSED. This case ☒ IS   ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____   ____June 29, 2023____
SIGNATURE OF ATTORNEY OF RECORD                  DATE