EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>IVANTIS, INC., a Delaware Corporation,<br><br>   Defendant. | Civil Action No. 8:18-cv-00620-JVS (JDEx)<br><br>STIPULATION AND PROTECTIVE ORDER |

1.  PURPOSES AND LIMITATIONS

  Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists, clinical information, business plans, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from disclosure and restrictions on use is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the

| | |
|---|---|
| 1 | public has a right of access to judicial proceedings and records in civil cases. In |
| 2 | connection with non-dispositive motions, good cause must be shown to support a |
| 3 | filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, |
| 4 | 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th |
| 5 | Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. |
| 6 | Wis. 1999) (even stipulated protective orders require good cause showing), and a |
| 7 | specific showing of good cause or compelling reasons with proper evidentiary |
| 8 | support and legal justification, must be made with respect to Protected Material |
| 9 | that a party seeks to file under seal. The parties' mere designation of Disclosure |
| 10 | or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL |
| 11 | does not— without the submission of competent evidence by declaration, |
| 12 | establishing that the material sought to be filed under seal qualifies as |
| 13 | confidential, privileged, or otherwise protectable—constitute good cause. |
| 14 |       Further, if a party requests sealing related to a dispositive motion or trial, |
| 15 | then compelling reasons, not only good cause, for the sealing must be shown, and |
| 16 | the relief sought shall be narrowly tailored to serve the specific interest to be |
| 17 | protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. |
| 18 | 2010). For each item or type of information, document, or thing sought to be |
| 19 | filed or introduced under seal, the party seeking protection must articulate |
| 20 | compelling reasons, supported by specific facts and legal justification, for the |
| 21 | requested sealing order. Again, competent evidence supporting the application to |
| 22 | file documents under seal must be provided by declaration. |
| 23 |       Any document that is not confidential, privileged, or otherwise protectable |
| 24 | in its entirety will not be filed under seal if the confidential portions can be |
| 25 | redacted. If documents can be redacted, then a redacted version for public |
| 26 | viewing, omitting only the confidential, privileged, or otherwise protectable |
| 27 | portions of the document, shall be filed. Any application that seeks to file |
| 28 | |

documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. **DEFINITIONS**

    4.1    Action: Glaukos Corporation v. Ivantis, Inc., No. 8:18-cv-00620-JVS (JDEx) (C.D. Cal.).

    4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    4.4    "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, for which the Producing Party reasonably believes that the information or items are (a) trade secrets; or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients delineated herein.

    4.5    Counsel: Outside Counsel of Record and House Counsel.

    4.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    4.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.9  House Counsel: attorneys who are employees of a party to this Action, who work in the legal department of a party, and whose responsibilities including supervising this Action.  Notwithstanding the above, the parties also agree that House Counsel will be deemed to include Steven McAuley, counsel for Ivantis, Inc.

4.10  Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action or any related proceedings, including the copending *inter partes* review proceedings before the U.S. Patent and Trademark Office (IPR2018-01147 and IPR2018-01180), and have appeared in this Action or a related proceeding on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits

or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of use of such information at trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for

protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must, to the extent reasonably practicable, designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. For electronically stored information on which affixing the applicable legend to each page is not practical, the designator

shall designate the electronic file with the applicable confidentiality designation "_CONF" or "_HIGH_CONF" appended to the file name. If only a portion of the material on a page qualifies for protection, the Producing Party also must, to the extent reasonably practicable, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been

terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b) up to two House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party who have complied with § 9.4 below, and their staff, assistants, or employees, to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise is reasonably believed to have possessed or known the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action who are affiliated with the Disclosing Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to those individuals or parties identified in 9.2(a) and 9.2(c)-(i).

9.4 <u>Disclosure of Protected Material to Experts</u>. As a condition precedent for disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material from a Producing Party to any Expert in accordance with §§ 9.2 and 9.3, at least five (5) days prior to disclosure the Receiving Party shall identify the Expert by name, provide a curriculum vitae ("CV") or equivalent resume disclosing the Expert's employment history, past or present relationship with any of the parties, all consulting engagements in the past four years, and all cases in which the individual has testified in a deposition or trial in the past four years, and provide an executed copy of Exhibit A. If a Producing Party objects to the proposed disclosure to such Expert, the Producing Party must advise the Receiving Party promptly and provide the specific basis for the objection, and the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement, the objecting party must apply to the Court for a protective order no later than fifteen (15) days after receipt of the executed copy of Exhibit A and CV or resume. In any such motion

is initiated pursuant to Local Rule 37, the ten-day deadline of Local Rule 37-1 shall be shortened to five days. For avoidance of doubt, no objection may be made solely on the basis that an expert has previously consulted for a competitor, participated in clinical studies regarding a competitor's product, or used a competitor's product. The burden shall be on the objecting party to demonstrate to the Court why such Expert should not be permitted to receive Protected Material. If an objection and motion for protective order are timely made and filed in accordance with this provision, Protected Material shall not be disclosed to the Expert pending the Court's resolution of the dispute.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

   (a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to initiate the Local Rule 37 procedure to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party

timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

13. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production or disclosure of any information (including documents) that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. When a Producing Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request: a) return the information and

all copies thereof to the Producing Party; or b) destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed. Within five days of satisfaction by the Receiving Party of conditions 3(a) or 3(b), above, Producing Party provide a log identifying the information with sufficient detail for the Receiving Party or a Court to evaluate the claim of privilege. No one shall use the fact or circumstances of production of the information that the Producing Party later claims should not have been produced to argue that any privilege or protection has been waived. Within ten (10) days after a Producing Party or Receiving Party provides the log identifying the information, and not thereafter, the Receiving Party may request in writing production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding a motion to compel, after which the Receiving Party may file a motion. Any such motion must be filed within 30 days of the Receiving Party's written request for production described above. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

14. MISCELLANEOUS

    14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Notwithstanding this provision, no party shall be required to return or destroy any Protected Material that may exist on any disaster recovery backup system. Any such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 7/26/2018    */s/ Lisa Glasser*
LISA GLASSER
Attorneys for Plaintiff

DATED: 7/27/2018    */s/ John Nilsson*
JOHN NILSSON
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 03, 2018

JOHN D. EARLY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVANTIS, INC., a Delaware Corporation,<br><br>Defendant. | Civil Action No. 8:18-cv-00620-JVS (JDEx)<br><br>PROPOSED EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND |

I, _____, of _____ have reviewed and understand the provisions of the Stipulation and Protective Order entered Glaukos Corporation v. Ivantis, Inc., No. 8:18-cv-00620-JVS (JDEx) (C.D. Cal.) (the "Protective Order"). I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated under the Protective Order. Promptly upon termination of this Action, I will return all documents and things designated as under the Protective Order that came into my possession, and all documents and things that I have prepared

1  relating thereto, to the outside counsel for the Party by whom I have been
2  retained in connection with this Action.  I hereby submit to the jurisdiction of
3  this Court for the purpose of enforcement of the Protective Order in this Action.
4         I state under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct.

7  _____
   [Signature]
8  Executed on _____  _____
9                                      [Printed Name]

2
EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER:
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND