# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1317-VAC-SRF |
| | ) |
| IVANTIS, INC., | ) **HIGHLY CONFIDENTIAL –** |
| | ) **ATTORNEYS' EYES ONLY** |
| Defendant. | ) |

## IVANTIS INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)

Defendant Ivantis, Inc. ("Ivantis") hereby submits the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Scheduling Order to be entered by this Court. Ivantis bases the following disclosures on information currently available to it arising from its investigation to date.

The information herein is provided without any admission regarding the relevance, admissibility or discoverability of particular documents or information for any specific purpose, and without waiver of any attorney-client privilege, work-product immunity or any other privilege or immunity from discovery. Ivantis reserves all rights, consistent with Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and information become available.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**

**I.   DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)**

    **A.   The name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that Ivantis may use to support its claims or defenses**

Pursuant to Fed. R. Civ. P. 26(a)(l)(A)(i), Ivantis provides the following list containing the names and last-known contact information of individuals who may have discoverable information that Ivantis may use to support its claims or defenses, and the subjects of such information.

| Name and Contact Information | Subjects of Information |
|---|---|
| Todd Abraham<br>Former Ivantis Chief Operating Officer<br>c/o Kirkland & Ellis LLP | Information about the development, manufacturing, and marketing of the Hydrus® Microstent. |
| David Kimball<br>Former Ivantis Sr. Director of Manufacturing<br>c/o Kirkland & Ellis LLP | Information about the design and development of the Hydrus® Microstent. |
| Ben Sather<br>Former Ivantis Operations Manager<br>c/o Kirkland & Ellis LLP | Information about the manufacturing of the Hydrus® Microstent. |
| Brett Trauthen<br>Former Ivantis Chief Scientific Officer<br>c/o Kirkland & Ellis LLP | Information about the clinical studies for the Hydrus® Microstent |
| Mike Chodzko<br>Former Ivantis Vice President, Marketing and International Sales<br>c/o Kirkland & Ellis LLP | Information about the marketing and sales of the Hydrus® Microstent |
| Kelli Gerasimou<br>Former Ivantis Controller/Finance Director<br>c/o Kirkland & Ellis LLP | Information about the marketing and sales of the Hydrus® Microstent. |
| David Van Meter<br>Former Ivantis Chief Executive Officer, President<br>c/o Kirkland & Ellis LLP | Information about the research, development, and strategic planning related to the Hydrus® Microstent |
| Doug Roeder<br>Former Ivantis Board Member<br>c/o Kirkland & Ellis LLP | Information about Ivantis's financing and any alleged meeting with Paul Badawi |

CONTAINS HIGHLY CONFIDENTIAL INFORMATION

| Name and Contact Information | Subjects of Information |
|---|---|
| Andy Schieber<br>*Ingenarious Consultants*<br>c/o Kirkland & Ellis LLP | One of the inventors of the Hydrus® Microstent and has information about the development of the Hydrus® Microstent. |
| David Badawi<br>*Sight Sciences*<br>4040 Campbell Ave<br>Suite 100<br>Menlo Park, CA 94025 | Named inventor on U.S. Patent Nos. 8,287,482, 9,370,443, 9,486,361, and 10,314,742. Information related to the development of the purported inventions claimed in the Asserted Patents, prior art to the Asserted Patents, other information relevant to invalidity, and the OMNI device. |
| Paul Badawi<br>*Sight Sciences*<br>4040 Campbell Ave<br>Suite 100<br>Menlo Park, CA 94025 | Named inventor on U.S. Patent Nos. 8,287,482, 9,370,443, 9,486,361, and 10,314,742. Information related to the development of the purported inventions claimed in the Asserted Patents, prior art to the Asserted Patents, other information relevant to invalidity, the OMNI device, and sales and finances of Sight Sciences. |
| Reay Brown<br>*Sight Sciences*<br>4040 Campbell Ave<br>Suite 100<br>Menlo Park, CA 94025 | Information about the scope of the prior art. |
| Mika Mayer<br>*Cooley LLP*<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130 | Prosecuting attorney on the Asserted Patents who may have knowledge relevant to the subject matter disclosed and claimed in the Asserted Patents, responses and amendments made to the scope of the patents during prosecution, and prior art to the Asserted Patents; conception, reduction to practice, or priority claims in the Asserted Patents; and/or ownership, assignment, licensing, or any sales of the Asserted Patents. |
| Jeffie Kopczynski<br>*Auris Health, Inc.*<br>150 Shoreline Drive<br>Redwood City, CA 94065 | Prosecuting attorney on the Asserted Patents who may have knowledge relevant to the subject matter disclosed and claimed in the Asserted Patents, responses and amendments made to the scope of the patents during prosecution, and prior art to the Asserted Patents; conception, reduction to practice, or priority claims in the Asserted Patents; and/or ownership, assignment, licensing, or any sales of the Asserted Patents. |
| Hain-Ann Hsueh Yang<br>*RefleXion Health*<br>25841 Industrial Blvd, Suite 275<br>Hayward, CA 94545 | Prosecuting attorney on the Asserted Patents who may have knowledge relevant to the subject matter disclosed and claimed in the Asserted Patents, responses and amendments made to the scope of the patents during prosecution, and prior art to the Asserted Patents; conception, reduction to practice, or priority claims in the Asserted Patents; and/or ownership, assignment, licensing, or any sales of the Asserted Patents. |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**PURSUANT TO D. DEL. LOCAL RULE 26.2**

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**

| Name and Contact Information | Subjects of Information |
|---|---|
| Amy Motomura<br>*Loyola Law School*<br>Burns 416<br>919 Albany Street<br>Los Angeles, CA 90015 | Prosecuting attorney on the Asserted Patents who may have knowledge relevant to the subject matter disclosed and claimed in the Asserted Patents, responses and amendments made to the scope of the patents during prosecution, and prior art to the Asserted Patents; conception, reduction to practice, or priority claims in the Asserted Patents; and/or ownership, assignment, licensing, or any sales of the Asserted Patents. |
| All individuals identified in Sight Sciences' initial disclosures | Persons identified in Sight Sciences' initial disclosures may have material knowledge of facts relevant to the issues in this case. |

Ongoing investigations may reveal additional individuals likely to have discoverable information that Ivantis may rely on to support its claims or defenses.

**B.     A description, by category and location of all documents, electronically stored information, and tangible things that Ivantis has in its possession, custody, or control and may use to support its claims or defenses**

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Ivantis provides the following description, by category and location, of non-privileged documents, data compilations, and tangible things within its possession, custody, or control that Ivantis may use to support its claims or defenses, unless solely for impeachment.  Ivantis, if necessary, will supplement these initial disclosures:

| Category | Location |
|---|---|
| The accused Hydrus® Microstent | Ivantis' possession, custody, or control. |
| Non-privileged and non-work product documents related to the development and operation of Hydrus®. | Ivantis' possession, custody, or control. |
| Non-privileged and non-work product documents related to sales and marketing of Hydrus®. | Ivantis' possession, custody, or control. |
| The Asserted Patents and related prosecution histories. | Sight Sciences' possession, custody, or control. |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**PURSUANT TO D. DEL. LOCAL RULE 26.2**

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**

| Category | Location |
|---|---|
| Patents, publications, and other prior art to the Asserted Patents. | These documents are publicly available and/or within Plaintiff/Counterclaim-Defendant's possession, custody, or control. |
| References evidencing the state of the art for the any of the Patents-in-Suit | These documents are publicly available and/or within Plaintiff/Counterclaim-Defendant's possession, custody, or control. |
| Non-privileged and non-work product documents and/or samples relating to the non-infringement and/or invalidity of the Patents-in-Suit | These documents are publicly available and/or within Plaintiff/Counterclaim-Defendant's possession, custody, or control. |
| Documents related to the development of the purported inventions claimed in the Asserted Patents. | These documents are publicly available and/or within Sight Sciences' possession, custody, or control. |
| Documents related to rights granted under the Asserted Patents, including but not limited to licenses. | Sight Sciences' possession, custody, or control. |
| Documents describing the development and operation of OMNI. | Sight Sciences' possession, custody, or control. |
| Documents related to sales and marketing of OMNI. | Sight Sciences' possession, custody, or control. |
| Other documents identified during Defendants' ongoing investigation pertaining to this matter and otherwise produced or obtained during discovery | These documents are publicly available and/or within Sight Sciences' possession, custody, or control. |

**C.     A computation of each category of damages claimed by Sight Sciences or Ivantis**

Ivantis believes Sight Sciences is not entitled to any damages on its grounds for patent infringement. The category and precise calculation of Sight Sciences' alleged damages depends on certain information that is not presently in Ivantis's possession. Ivantis will provide an expert report responding to Sight Sciences' computation of damages in accordance with the schedule adopted by the Court.

CONTAINS HIGHLY CONFIDENTIAL INFORMATION

Ivantis may seek costs of suit, attorneys' fees, and a finding that this case is exceptional under 35 U.S.C. § 285.

**D.     Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

Pursuant to Fed R. Civ. P. 26(a)(l)(A)(iv), Ivantis states that it is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

|  |  |
|---|---|
| | /s/ Andrew E. Russell |
| | John W. Shaw (No. 3362) |
| | Andrew E. Russell (No. 5382) |
| OF COUNSEL: | Nathan Hoeschen (No. 6232) |
| Gregg LoCascio | SHAW KELLER LLP |
| Justin Bova | I.M. Pei Building |
| KIRKLAND & ELLIS LLP | 1105 North Market Street, 12th Floor |
| 1301 Pennsylvania Avenue, N.W. | Wilmington, DE 19801 |
| Washington, DC 20004 | (302) 298-0700 |
| (202) 389-5000 | jshaw@shawkeller.com |
| | nhoeschen@shawkeller.com |
| Kat Li | *Attorneys for Defendant* |
| KIRKLAND & ELLIS LLP | |
| 401 Congress Avenue | |
| Austin, TX  78701 | |
| (512) 678-9100 | |
| | |
| Ryan Kane | |
| KIRKLAND & ELLIS LLP | |
| 601 Lexington Avenue | |
| New York, NY 10022 | |
| (212) 446-4800 | |

Dated: May 24, 2022

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
PURSUANT TO D. DEL. LOCAL RULE 26.2

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on May 24, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Melanie K. Sharp | Michelle S. Rhyu, J.D., Ph.D. |
| James L. Higgins | David N. Murdter |
| Taylor E. Hallowell | Deepa Kannappan |
| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | COOLEY LLP |
| Rodney Square | 3175 Hanover Street |
| 1000 North King Street | Palo Alto, CA 94305 |
| Wilmington, DE 19801 | (650) 843-5000 |
| (302) 571-6600 | rhyums@cooley.com |
| msharp@ycst.com | dmurdter@cooley.com |
| jhiggins@ycst.com | dkannappan@cooley.com |
| thallowell@ycst.com | |

Orion Armon
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
(720) 566-4000
oarmon@cooley.com

 

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

7

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
PURSUANT TO D. DEL. LOCAL RULE 26.2**