EXHIBIT

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., ) | |
| ) | C. A. No.: 21-1317-GBW-SRF |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, ) | |
| ALCON VISION, LLC AND ALCON INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF SIGHT SCIENCES, INC.'S**
**AMENDED INITIAL RULE 26(A)(1) DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Sight Sciences, Inc. ("Sight Sciences"), by its attorneys, hereby submits these Amended Initial Disclosures ("Disclosures"). Sight Sciences makes these disclosures based on its current understanding of the issues in the case and the information reasonably available at the time of these disclosures. Sight Sciences' investigations are continuing and Sight Sciences expressly reserves the right to amend, modify, or supplement these disclosures based on additional information obtained through continued formal discovery from Defendants or through any other means. By making these disclosures, Sight Sciences does not waive its right to object to the admissibility of information contained in these disclosures on any applicable basis.

**A.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Sight Sciences discloses the name and, if known, the address and telephone number of each individual likely to have discoverable information that Sight Sciences may use to support its claims or defenses, unless solely for impeachment. To the extent that Sight Sciences intends to rely on expert witnesses, it will identify those individuals in accordance with the schedule set by the Court. Sight Sciences

does not consent to or authorize any communications by Defendants with Sight Sciences' employees, whether formerly or presently associated with or employed by Sight Sciences, and does not consent to or authorize any communication otherwise prohibited by all applicable rules of professional conduct.

Sight Sciences reserves the right to add or remove individuals from its disclosures and to object to the deposition or trial testimony of any individual identified in its disclosures, and to otherwise supplement its disclosures through the course of discovery. Accordingly, Sight Sciences identifies the following:

| Name | Address and Telephone | Subject Matter |
| --- | --- | --- |
| David Y. Badawi<br><br>*Named inventor of the Patents-in-Suit; founder and CTO of Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge regarding the conception and reduction to practice of the inventions disclosed by the Patents-in-Suit (as identified in Sight Sciences' operative Complaint). Knowledge of Ivantis's efforts to purchase intellectual property owned by Paul and David Badawi, including U.S. Pub. No. 2007/0298068. |
| Paul Badawi<br><br>*Named inventor of the Patents-in-Suit; founder and CEO of Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge regarding the conception and reduction to practice of the inventions disclosed by the Patents-in-Suit (as identified in Sight Sciences' operative Complaint). Knowledge regarding Sight Sciences' business, including Sight Sciences' sales, revenues, profits and the market in which Sight Sciences competes, including harm from infringement. Knowledge of Ivantis's efforts to purchase intellectual property owned by Paul and David Badawi, including U.S. Pub. No. 2007/0298068. |

| Name | Address and Telephone | Subject Matter |
|---|---|---|
| Jim Rodberg<br><br>*Vice President of Finance and Corporate Controller, Interim CFO of Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge regarding Sight Sciences' business, including Sight Sciences' sales, revenues, profits and financial controls and financial statements. |
| Daniel O'Keeffe<br><br>*Vice President of R&D at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge regarding Sight Sciences' design, development, specifications, and intended uses of Sight Sciences' stent products including the Helix. |
| Mark Papini<br><br>*Vice President of Glaucoma Sales at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of Sight Sciences' business, including sales of Sight Sciences products and competition between Sight Sciences and Defendants in the marketplace. |
| Tim Buckley<br><br>*Vice President of Pipeline Strategy and Surgical Marketing at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of Sight Sciences' business, including marketing of Sight Sciences products and competition between Sight Sciences and Defendants in the marketplace. |
| Chris Phelps<br><br>*Area Director Surgical Glaucoma (East) at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of sales of Sight Sciences products for treatment of glaucoma and competition between Sight Sciences and Defendants in the marketplace. |
| Richard Plank<br><br>*Area Director Surgical Glaucoma (West) at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of sales of Sight Sciences products for treatment of glaucoma and competition between Sight Sciences and Defendants in the marketplace. |
| Aaron Capsel<br><br>*Vice President of Sales and Business Operations at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of Sight Sciences' business, including Sight Sciences' sales, revenues, profits and the market in which Sight Sciences competes, including harm from infringement. |
| Jaime Dickerson<br><br>*Vice President Strategic Clinical Evidence at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of protocols and submissions relating to investigations and trials pertaining to Sight Sciences' products. |

| Name | Address and Telephone | Subject Matter |
|---|---|---|
| Reay Brown<br><br>*Chief Medical Officer at Sight Sciences* | c/o Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | Knowledge of certain prior art stent products and related IP developed with Mary Lynch |
| Dave Van Meter<br><br>*President & CEO of Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Knowledge of the design, development, specifications, and intended use of the Accused Products. Knowledge of Ivantis's sales and marketing of the Accused Product, including Ivantis's revenues, costs, profits. Knowledge of Ivantis's efforts to purchase intellectual property owned by Paul and David Badawi, including U.S. Pub. No. 2007/0298068. Knowledge of Ivantis's acquisition by Alcon. |
| Brett Trauthen<br><br>*Chief Scientific Officer of Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC | Knowledge of the design, development, specifications, and intended use of the Accused Products.  Knowledge of Ivantis's efforts to obtain regulatory approval to market its products in the United States, and clinical trials involving the Accused Product. |
| Mike Chodzko<br><br>*Vice President of Marketing and Int'l Sales at Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC | Knowledge of Ivantis's sales, marketing, and promotion of the Accused Product. Knowledge regarding Ivantis's sales, revenues, and profits, as well as the market in which Defendants compete. |
| Frank Shields<br><br>*Vice President of US Sales at Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC | Knowledge of Ivantis's sales, marketing, and promotion of the Accused Product. Knowledge regarding Ivantis's sales, revenues, and profits, as well as the market in which Ivantis competes. |
| Helene Spencer<br><br>*Vice President of Regulatory Affairs & Quality Assurance at Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC | Knowledge of the design, development, specifications, and intended use of the Accused Products.  Knowledge of Ivantis's efforts to obtain regulatory approval to market its products in the United States, and clinical trials involving the Accused Product. |

| Name | Address and Telephone | Subject Matter |
|---|---|---|
| Richard Hope<br><br>*Vice President of Clinical & Medical Affairs at Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC | Knowledge of the design, development, specifications, and intended use of the Accused Products. Knowledge of Ivantis's efforts to obtain regulatory approval to market its products in the United States, and clinical trials involving the Accused Product. |
| James R. Shay<br><br>*Of Counsel, Shay Glenn LLP* | Shay Glenn LLP<br>2929 Campus Drive, Suite 225<br>San Mateo, CA 94403<br><br>(650) 287-2160 | Knowledge of Ivantis's efforts to purchase intellectual property owned by Paul and David Badawi, including U.S. Pub. No. 2007/0298068. |
| Doug Roeder<br><br>*Member of Ivantis Board of Directors* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Ivantis's efforts to purchase intellectual property owned by Paul and David Badawi, including U.S. Pub. No. 2007/0298068. Knowledge of the acquisition of Ivantis by Alcon. |
| David J. Endicott<br><br>*CEO of Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's acquisition of Ivantis and plans for the integration of Ivantis into the Alcon brand and portfolio. Knowledge of Alcon's promotion, marketing, and sales of the Accused Product. |
| Cari Stone<br><br>*Vice President, Global Glaucoma at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |
| Carrie Lennart<br><br>*Surgical Glaucoma Manager at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |

| Name | Address and Telephone | Subject Matter |
|---|---|---|
| Theresa Klinge<br><br>*Glaucoma Surgical Specialist at Ivantis* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |
| Dan Preast<br><br>*Surgical Glaucoma Manager, Hydrus Microstent Sales at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |
| Brooke Riddhagni Park<br><br>*Surgical Glaucoma Manager at Alcon, Hydrus Microstent at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |
| Carter Holland<br><br>*Surgical Glaucoma Manager (Hydrus Microstent) at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's involvement in the manufacture, marketing, sale, and offer to sell the Accused Product, including Alcon's future plans regarding the same. Knowledge regarding Alcon's relationship with Ivantis. |
| Laurent Attias<br><br>*Head of Corporate Development, Strategy, BD&L and M&A at Alcon* | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | Knowledge of Alcon's acquisition of Ivantis and plans for the integration of Ivantis into the Alcon brand and portfolio. |
| Any individuals or entities named by Ivantis in its initial disclosures, depositions, or discovery responses. | c/o Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000 | TBD |

**B.    DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Sight Sciences discloses the categories of documents, electronically stored information, and tangible things (collectively, "documents") that Sight Sciences may use to support its claims or defenses during this action include, without limitation, those relating to the following topics:

- the Patents-in-Suit, related patent applications, and prosecution file histories;
- conception and reduction to practice of the Patents-in-Suit;
- standing and ownership of the Patents-in-Suit;
- sales and financial data related to Sight Sciences' business;
- communications regarding Ivantis's efforts to purchase Sight Sciences' intellectual property;
- and documents analyzing the market in which Sight Sciences competes.

To the extent such documents exist, are in the possession of Sight Sciences, are not subject to any claim of privilege or work product or any third-party confidentiality restrictions, and are reasonably available for production, the documents are located at Sight Sciences' headquarters at 4040 Campbell Ave., Suite 100, Menlo Park, CA 94025, or at the offices of Sight Sciences' outside counsel, Cooley LLP, at 3175 Hanover St., Palo Alto, CA 94304.  Sight Sciences will make such documents available to Defendants, subject to Sight Sciences' objections, any protective order to be entered in this case, and the case schedule.

Sight Sciences reserves the right to add or remove documents from its Disclosures and to object to the production and/or use at trial of any documents described in its Disclosures.  Sight Sciences also reserves the right to rely on documents produced by Sight Sciences or third parties in this action to support its claims or defenses.

**C.      DAMAGES**

Subject to the limitations of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Sight Sciences seeks damages to compensate for the infringement, but in no event less than a reasonable royalty, for the use made of its inventions. Sight Sciences seeks damages due to lost profits on lost sales and/or market share, price erosion, and/or, at a minimum, a reasonable royalty, for Defendants' past and ongoing infringement of the Asserted Patents, and specifically for each infringing commercial manufacture, sale or offer for sale, or use of the Hydrus® Microstent in the United States and/or its territories, as well as infringement related to importation or exportation of the Hydrus® Microstent to the extent an infringing act occurred in the United States and/or its territories, and injunctive relief prohibiting future infringement. Sight Sciences also seeks damages due to Defendants' inducement of others, including end user physicians who implant the Hydrus® Microstent, to infringe the Asserted Patents in the United States and/or its territories, as well as for Defendants' contributory infringement of the Asserted Patents. Sight Sciences also seeks pre- and post-judgment interest and enhanced damages, up to trebling of the damages award, due to the willfulness of Defendants' infringement, and an ongoing royalty in the event injunctive relief is not granted. Finally, Sight Sciences seeks a determination that this is an "exceptional case", based on Defendants' willful infringement and spoliation of evidence, which would entitle Sight Sciences to an award of its costs, expenses, and reasonable attorneys' fees.

Sight Sciences expects that its employees, Defendants' employees, and the third parties identified above will testify about the facts relating to the nature and extent of Defendants' and/or their customers' infringement, including the date of first infringement; Hydrus® indications for use, infringing unit sales, revenues, market share, and pricing; and marketplace competition, including the circumstances in which physicians may substitute between Hydrus® Microstent and

Sight Sciences' OMNI® Surgical System product. Sight Sciences further expects that its fact witnesses will testify about the existence and extent of competition between the Hydrus® Microstent and OMNI® Surgical System, sales of OMNI® lost to Hydrus®, OMNI® indications for use, unit sales, revenues, market share, and pricing, and the effects of competition on Sight Sciences' business.  Sight Sciences expects that its expert(s) will provide opinions regarding the nature and amount of Sight Sciences' damages, including lost profits on lost sales and market share and a reasonable royalty for all infringements that did not result in a lost sale for Sight Sciences.

Sight Sciences is entitled to damages due to lost profits on sales and/or market share in each instance where Defendants' infringement caused Sight Sciences to lose sales of its OMNI® Surgical System due to Defendants' infringement.  Sight Science's OMNI® Surgical System is FDA-approved "to reduce intraocular pressure in adult patients with primary open-angle glaucoma."  *See* https://www.accessdata.fda.gov/cdrh_docs/pdf20/K202678.pdf.  The Hydrus® Microstent is FDA-approved "for the reduction of intraocular pressure (IOP) in adult patients with mild to moderate primary open-angle glaucoma (POAG)."  *See* https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMA/pma.cfm?id=P170034.  Accordingly, every sale of the Hydrus® Microstent (which entered the market after the OMNI® Surgical System) could have gone to the OMNI® Surgical System.  Sight Sciences expects discovery to show that Sight Sciences is entitled to at least its market share percentage of Defendants' Hydrus® sales as lost profits damages.

Sight Sciences expects that discovery will reveal that (1) there exists demand for Hydrus® products practicing the patents-in-suit and for OMNI® products that directly compete with the infringing product, as evidenced at least by Defendants' and Sight Sciences' sales, profitability, and/or commercial success, (2) no acceptable non-infringing alternatives were available to

9

Defendants or their customers, as evidenced by the fact that Ivantis knew of Sight Sciences' Patents-in-Suit and chose to infringe notwithstanding Defendants' inability to purchase Sight's patent rights, (3) Sight Sciences would have had the manufacturing and marketing capacity to exploit the demand satisfied by the Hydrus®, and (4) Sight Sciences' lost profits on lost sales as a result of Defendants' infringement are quantifiable to a reasonable degree of certainty. Because Sight Sciences' damages, costs, expenses, and fees are continually being incurred, because Defendants have not completed producing documents relevant to damages, depositions have not begun, and a computation of damages requires additional financial information about units of Hydrus® Microstents sold, the profitability of those sales, Hydrus's market share, and Defendants' records of taking sales and market share at Sight Sciences' expense, a computation of damages is not possible at this time. Sight Sciences will provide a computation of lost profits damages in accordance with the Scheduling Order entered by the Court and after it has obtained sufficient discovery from Defendants.

Under 35 U.S.C. § 284, Sight Sciences is entitled to damages adequate to compensate for Defendants' infringement and in no event less than a reasonable royalty. Sight Sciences expects that its employees, Defendants' employees, and third-parties will testify about the facts and circumstances underlying the calculation of reasonable royalty damages, and that its expert(s) will provide opinions regarding the nature and amount of reasonable royalties including but not limited to (i) the form of the royalty, e.g., lump-sum royalty, running royalty, per unit, or percentage of revenue; (ii) the determination of the royalty base related to the infringement; (iii) the determination of the reasonable royalty rate or amount(s); and (iv) the nature and extent of apportionment related to the royalty rate, the royalty base, and/or royalty amount. Sight Sciences further expects that its expert(s) will determine reasonable royalties using at least the *Georgia-*

*Pacific* framework (including a Hypothetical Negotiation construct as of the date of first infringement and consideration of the fifteen *Georgia-Pacific* Factors based on or understood in light of the facts and circumstances of the case) as well as potentially using other applicable methodologies including valuation methodologies and approaches such as the Market Approach, Income Approach, and Cost Approach; and/or Analytical Approach, and the consideration of comparable licenses (if any). For example, Sight Sciences expects that its experts will consider and address, among other issues, the terms and comparability of patent licenses that Defendants have taken from others such as Glaukos and the incremental economic benefits and value enjoyed by Defendants and their customers associated with the use of the patented inventions.

Sight Sciences' investigation into the relevant facts pertaining to its reasonable royalty damages is ongoing. Defendants have yet to produce the information necessary to ascertain the date of the hypothetical negotiation, the total number of infringing Hydrus® devices that have been made, used, sold, offered for sale, imported or exported, and additional discovery is required for Sight Sciences to understand Defendants' licensing practices, the terms and conditions underlying the negotiation of patent license agreements to which Defendants are a party, and the sales and financial information for the Hydrus® product, which are necessary for Sight Sciences to fully assess the amount of reasonably royalty damages adequate to compensate Sight Sciences for Defendants' infringement of the Asserted Patents. As such, Sight Sciences is presently unable to provide a computation of the reasonable royalty damages it seeks, but will do so at an appropriate time once it has received the discovery necessary to enable such a computation.

Finally, pursuant to 35 U.S.C. §§ 284 and 285, Sight Sciences is entitled to enhanced damages, up to three times the amount of any damages found or assessed, and an award of attorneys' fees and costs, because Defendants' infringement of the Patents-in-Suit has been and

11

continues to be willful, and because Defendants have engaged in wanton, malicious, and bad-faith behavior by knowingly infringing Sight Sciences' patents after Defendants' efforts to purchase the intellectual property underlying Sight Sciences' patents were rejected.

Sight Sciences incorporates herein by reference its responses to Interrogatory Nos. 5 and 6.

**D.     INSURANCE OR INDEMNITY AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Sight Sciences is presently unaware of any insurance agreements applicable to the asserted claims.

**E.     CONCLUSION**

These Disclosures are based on information reasonably available to Sight Sciences at this time, and by making these Disclosures: (i) Sight Sciences does not represent that it has identified every document, tangible thing, or witness possibly relevant to this lawsuit; (ii) Sight Sciences does not waive its right to object to the production of any document or tangible thing disclosed on the basis of privilege, the work-product doctrine, and/or any other valid objection; and (iii) Sight Sciences expressly reserves the right to amend, modify, or supplement these Disclosures as it learns new or different information.

|  |  |
|---|---|
|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|  | */s/ Melanie K. Sharp* |
|  | Melanie K. Sharp (No. 2501)<br>James L. Higgins (No. 5021)<br>Taylor E. Hallowell (No. 6815)<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>msharp@ycst.com<br>jhiggins@ycst.com<br>thallowell@ycst.com |
|  | COOLEY LLP<br>Michelle S. Rhyu<br>David Murdter<br>Priyamvada Arora<br>Lauren Strosnick<br>Alissa Wood<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>(650) 843-5000 |
|  | Orion Armon<br>1144 15th Street, Suite 2300<br>Denver, CO 80202-2686<br>(720) 566-4000 |
|  | Allison E. Elkman<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>(202) 842-7800 |
| Dated: March 22, 2023 | *Attorneys for Sight Sciences, Inc.* |

13

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on March 22, 2023, I caused a copy of Plaintiff Sight Sciences, Inc.'s Amended Initial Rule 26(a)(1) Disclosures to be served on the following counsel of record in the manner indicated below:

**BY E-MAIL**

John W. Shaw
Andrew E. Russell
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

Gregg LoCascio
Justin Bova
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
gregg.locascio@kirkland.com
justin.bova@kirkland.com

Kat Li
Austin C. Teng
Jeanne M. Heffernan
Kirkland & Ellis LLP
401 Congress Avenue
Austin, TX  78701
kat.li@kirkland.com
austin.teng@kirkland.com
jheffernan@kirkland.com

Ryan Kane
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
ryan.kane@kirkland.com

  _/s/ Melanie K. Sharp_
Melanie K. Sharp (No. 2501)

30213344.1