E
X
H
I
B
I
T

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C.A. No.:  21-1317-GBW-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REAY BROWN'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, by and through the undersigned counsel, Dr. Reay Brown serves the following Objections and Responses to Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc.'s ("Defendants") Document Requests attached to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated June 9, 2023 ("Requests" and each individually, a "Request").  Dr. Brown's response is made to the best of his present knowledge, information, and belief.  Dr. Brown reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**I.      GENERAL OBJECTIONS AND RESPONSES**

The following objections apply to each and every Topic.

**1.**      The following General Responses and Objections apply to each individual response to Defendants' Requests, as if fully set forth therein.  The failure to mention any of the following General Objections in the specific responses below shall not be deemed a waiver of such objection or limitation.

2.      Dr. Brown objects to the time and place of production referenced in the Requests. Dr. Brown will produce responsive documents, if at all, within a reasonable time and to a mutually agreed upon location.

3.      Dr. Brown objects to all instructions, definitions, and Requests to the extent they seek documents or things not currently in Dr. Brown's possession, custody, or control, or refer to persons, entities, or events not known to Dr. Brown.

4.      Dr. Brown objects to each Request to the extent it seeks information or documents that are available from public sources, records, or other third parties, or that are otherwise readily available to Defendants.

5.      Dr. Brown objects to any and all factual characterizations stated or implied by the Requests.  By responding, Dr. Brown does not accept or admit any of Defendants' factual characterizations.

6.      Dr. Brown objects to these Requests to the extent they call for legal opinions or conclusions or expert opinion.

7.      Neither Dr. Brown's objections and responses, nor the provisions of information or production of documents in response to any Requests, are an admission or indication that such information and documents are relevant to any legal theory.

8.      Dr. Brown objects to the Requests to the extent they seek information or things that are not relevant to the claims or defenses asserted in this litigation or not proportional to the needs of the case.

9.      Dr. Brown objects to each Request to the extent that the Request is not properly limited in subject matter, scope, and/or time on the grounds that such Requests are overbroad, unduly burdensome, and seek information that is not relevant to the subject matter of this action

or reasonably calculated to lead to the discovery of admissible evidence.

10. Dr. Brown objects to all definitions, instructions, and Requests to the extent they seek information that requires extensive and unreasonable investigative work on the part of Dr. Brown.

11. Dr. Brown objects to the introductory definitions and instructions and any and all Requests to the extent they contain vague, ambiguous, unintelligible, overbroad, or uncertain language.

12. Dr. Brown objects to each Request to the extent that it seeks documents or information that is private, confidential, commercially sensitive, proprietary, trade secret, or otherwise protected from disclosure.

13. Dr. Brown objects to the definitions of "Sight Sciences" or "Plaintiff" as overbroad. Dr. Brown will construe these terms to mean Sight Sciences, Inc.

14. Dr. Brown objects to the definition of "Document" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as it purports to require Dr. Brown to search any and all electronically stored information within his possession, custody, or control. Dr. Brown further objects to the definition of "Document" as overbroad and unduly burdensome, especially to the extent it encompasses emails, text messages, instant messages, and other electronic messages.

15. Dr. Brown objects to each Request that seeks documents "concerning" or "relating to" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, and unintelligible. Without waiving this objection, and subject to all other applicable objections stated herein, Dr. Brown will provide, in response to any Request seeking information "concerning" or "relating to" a given subject, responses that

expressly reflect or refer to information relevant to the Request.

16.     Dr. Brown objects to each Request to the extent that it relies on use of the singular versus the plural, "any" versus "all," and the disjunctive versus the conjunctive. Defendants' usage of such instructions would render the task of interpreting Defendants' Requests unduly burdensome and would render Defendants' Requests vague, ambiguous, or unintelligible. Dr. Brown will respond to each Request according to its ordinary meaning, without reference to Defendants' instructions.

## II.   SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTED

Without waiving or limiting in any manner any of the foregoing General Objections and Responses, but rather incorporating them into each of the following responses to the extent applicable, Dr. Brown responds to Defendants' Requests as follows:

**REQUEST NO. 1:**

All Documents and communications prior to October 23, 2018, relating to EyePass, including documents relating to its implantation into humans, its effect on reducing intraocular pressure, its effect on increasing aqueous outflux, its dimensions, and its materials of construction.

**RESPONSE TO REQUEST NO. 1:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition

testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr.

Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 2:**

All Documents and communications prior to June 26, 2006 relating to implants delivered into Schlemm's canal for treating glaucoma by, for example, reducing intraocular pressure or improving aqueous outflow.

**RESPONSE TO REQUEST NO. 1:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses. It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena

is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 3:**

All Documents and communications relating to implanting nitinol coils into humans or primates, including the design of any such coils.

**RESPONSE TO REQUEST NO. 3:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses. It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited

until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement. Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 4:**

All communications with Sight Sciences (including any of its employees such as Paul Badawi or David Badawi) prior to October 23, 2018.

**RESPONSE TO REQUEST NO. 4:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and

communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses. It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement. Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 6:**

All communications with Alcon (including any of its employees such as James Teague or Richard Beckman) prior to October 23, 2018.

**RESPONSE TO REQUEST NO. 6:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."  The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena.  Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr.

6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr.

Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 7:**

All communications between you and Glaukos Corporation (including any of its employees) prior to October 23, 2018.

**RESPONSE TO REQUEST NO. 7:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."   The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena.  Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require

Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight. Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 8:**

All communications between you and Gmp Vision Solutions Inc. or GMP Companies, Inc. (including any of either of their employees) prior to October 23, 2018.

**RESPONSE TO REQUEST NO. 8:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."   The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena.   Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.   It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue

burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 9:**

All Documents provided by you to any party in the *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE litigation in the United States District Court for the Central District of California.

**RESPONSE TO REQUEST NO. 9:**

Dr. Brown incorporates by reference its General Responses and Objections.  Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."  The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that

previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses. It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in seeking discovery from Dr. Brown. Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days. Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement. Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation. Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents

sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 10:**

All Documents and communications prior to October 23, 2018 relating to devices invented by Robert Stegmann or Hans Grieshaber (*e.g.*, in WO2006066103, U.S. Patent No. 6,375,642, U.S. Pub. No. 2002/0013546, or any applications or patents related thereto) relating to delivering viscoelastic into the eye or delivering any devices into Schlemm's canal.

**RESPONSE TO REQUEST NO. 10:**

Dr. Brown incorporates by reference its General Responses and Objections.  Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."  The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena.  Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records

comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party.  Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days.  Ivantis unreasonably delayed in seeking discovery from Dr. Brown.  Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days.  Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 11:**

All Documents and communications prior to October 23, 2018 relating to your efforts to inform or instruct others regarding the implantation, use, advantages, or disadvantages of the Hydrus Microstent.

**RESPONSE TO REQUEST NO. 11:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses. It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party. Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days. Ivantis unreasonably delayed in

seeking discovery from Dr. Brown.  Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days.  Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 12:**

All Documents and communications prior to October 23, 2018 regarding the combined use of a Schlemm's canal implant with any product used, designed, or indicated for the delivery of viscoelastic fluid in the eye.

**RESPONSE TO REQUEST NO. 12:**

Dr. Brown incorporates by reference its General Responses and Objections.  Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."   The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena.  Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party.  Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days.  Ivantis unreasonably delayed in seeking discovery from Dr. Brown.  Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days.  Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue

burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 13:**

All Documents sufficient to show all payments or compensation you have received from Sight Sciences prior to October 23, 2018.

**RESPONSE TO REQUEST NO. 13:**

Dr. Brown incorporates by reference its General Responses and Objections.  Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications."   The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its

counsel, Glaukos's counsel, or their agents, before serving its subpoena.  Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party.  Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days.  Ivantis unreasonably delayed in seeking discovery from Dr. Brown.  Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days.  Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects

to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants. Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

**REQUEST NO. 14:**

All Documents sufficient to show all payments or compensation you received, if any, for the sale of your patent rights to Gmp Vision Solutions Inc., GMP Companies, Inc., or Glaukos Corporation.

**RESPONSE TO REQUEST NO. 14:**

Dr. Brown incorporates by reference its General Responses and Objections. Dr. Brown further objects to the Request as follows: Dr. Brown objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll Documents and communications." The request is unduly burdensome because Ivantis previously obtained document discovery from Dr. Brown in the *Glaukos* litigation and made no attempt to access that previously-collected information, which likely is in the possession, custody, or control of its counsel, Glaukos's counsel, or their agents, before serving its subpoena. Additionally, Ivantis knows from prior discovery in the *Glaukos* litigation (including but not limited to deposition testimony of Dr. Brown (Brown Tr. 6/8/2019 at 103-104) and his wife, Dr. Lynch (Lynch Tr. 6/8/2019 at 19-22) that Dr. Brown possesses a large volume of paper and electronic records comprising approximately 100 pounds of paper files, along with documents and communications stored on three decommissioned computers stored in his basement, plus the computer he presently

uses.  It is unreasonable to require Dr. Brown to incur the time and cost burdens associated with searching those paper and electronic records a second time for the same party.  Ivantis's subpoena is unduly burdensome because it fails to allow a reasonable time to comply by purporting to require Dr. Brown to search and produce documents in fourteen days.  Ivantis unreasonably delayed in seeking discovery from Dr. Brown.  Ivantis knew of the volume of records Dr. Brown maintains, listed Dr. Brown as a person with knowledge relevant to this lawsuit in Ivantis's Rule 26 Initial Disclosures—which were served over one year ago on May 24, 2022—and nevertheless waited until the close of fact discovery to serve a subpoena requiring production of documents within fourteen days.  Dr. Brown further objects to the request because the information sought is inaccessible electronically stored information that is not reasonably accessible because of undue burden and cost, to the extent that the subpoena purports to require Dr. Brown to search three decommissioned computers stored in his basement.  Dr. Brown does not possess the computer components or technical expertise to search those devices without undue burden and expense.

Dr. Brown further objects to this Request to the extent it seeks documents and communications not relevant to any claim or defense asserted in this litigation.  Dr. Brown has been a part-time employee of Sight Sciences since about October 23, 2018, and the documents sought by the subpoena pre-date Dr. Brown's association with Sight.  Dr. Brown further objects to this Request to the extent it seeks documents not currently in Dr. Brown's possession, custody, or control or to the extent it seeks documents that are just as readily available to Defendants.  Dr. Brown further objects to this Request to the extent it seeks documents and communications that are confidential or protected from disclosure by any applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, Dr. Brown responds as follows: Dr. Brown will not search for or produce documents responsive to this request.

COOLEY LLP


/s/ *Orion Armon*
COOLEY LLP
Michelle S. Rhyu
David Murdter
Lauren Strosnick
Alissa Wood
Cameron C. Vanderwall
Angela R. Madrigal
Juan Pablo González
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000


*Attorneys for Sight Sciences, Inc.*


Dated: June 21, 2023

## CERTIFICATE OF SERVICE

I, Orion Armon, hereby certify that on June 21, 2023, this document was served on persons listed below in the manner indicated:

John W. Shaw
Andrew E. Russell
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

I further certify that on June 21, 2023, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL:**

Gregg LoCascio
Justin Bova
Steven Dirks
Socrates L. Boutsikaris
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
gregg.locascio@kirkland.com
justin.bova@kirkland.com
steven.dirks@kirkland.com
socrates.boutsikaris@kirkland.com

Kat Li
Austin C. Teng
Jeanne M. Heffernan
Ryan J. Melde
Kirkland & Ellis LLP
401 Congress Avenue
Austin, TX 78701
kat.li@kirkland.com
austin.teng@kirkland.com
jheffernan@kirkland.com
ryan.melde@kirkland.com

Ryan Kane
Laura Zhu
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
laura.zhu@kirkland.com

Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
brian.verbus@kirkland.com
jake.rambeau@kirkland.com

Noah S. Frank
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
noah.frank@kirkland.com

/s/ *Orion Armon*
Orion Armon