IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ADRIANNE HARDY AS PARENT OF MINORS A.W. AND CLEATONYA BRITTION AS CONSERVATOR OF MINOR M.W., <br><br> Plaintiffs, <br><br> v. <br><br> WESLEY KENSINGTON PARTNERS LLC, AVILA REAL ESTATE LLC, ELISHA WRIGHT, AND JOHN DOES 1-3, <br><br> Defendants. | CIVIL ACTION <br> FILE NO.: 22A04071 |

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

COMES NOW, Plaintiffs ADRIANNE HARDY AS PARENT OF MINORS A.W. and CLEATONYA BRITTION AS CONSERVATOR OF MINOR M.W., file this Complaint for Damages and Demand for Trial by Jury as follows:

**PARTIES AND JURISDICTION**

1.

Michael Lamar Wright (the "deceased") was killed on December 14, 2020.

2.

The deceased has three (3) minor children: [REDACTED]

3.

Plaintiff, ADRIANNE HARDY AS PARENT OF MINORS A.W., is the mother of [REDACTED]

STATE COURT OF
DEKALB COUNTY, GA.
10/19/2022 4:02 PM
E-FILED
BY: Monica Gay

4.

Plaintiff, CLEATONYA BRITTION AS CONSERVATOR OF MINOR M.W., was appointed Conservator in the Dekalb County Probate Court on August 4, 2022, for ▇▇▇▇▇▇▇▇▇▇▇.

5.

Defendant WESLEY KENSINGTON PARTNERS, LLC, is a domestic limited liability company authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court after service upon its registered agent Michael Kornheiser, 6400 Powers Ferry Road, Suite 150, Atlanta, GA 30339.

6.

Defendant AVILA REAL ESTATE, LLC is a domestic limited liability company authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court after service upon its registered agent Michael Kornheiser, 6400 Powers Ferry Road, Suite 150, Atlanta, GA 30339.

7.

Defendant, ELISHA WRIGHT, is an individual whose last known address is 20 Ivy Circle, Covington, GA 30016.

8.

Defendant, John Doe 1, is an individual, entity, corporation, business, contractor, or subcontractor. The true name and capacity of John Doe 1 is currently unknown to Plaintiffs. Therefore, Plaintiffs sue John Doe 1 by a fictitious name. Plaintiffs will amend the Complaint to show the true name of John Doe1 when such has been ascertained.

9.

Defendant, John Doe 2, is an individual, entity, corporation, business, contractor, or subcontractor. The true name and capacity of John Doe 2 is currently unknown to Plaintiffs. Therefore, Plaintiffs sue John Doe 2 by a fictitious name. Plaintiffs will amend the Complaint to show the true name of John Doe 2 when such has been ascertained.

10.

Defendant, John Doe 3, is an individual, entity, corporation, business, contractor, or subcontractor. The true name and capacity of John Doe 3 is currently unknown to Plaintiffs. Therefore, Plaintiffs sue John Doe 3 by a fictitious name. Plaintiffs will amend the Complaint to show the true name of John Doe 3 when such has been ascertained.

11.

The incident giving rise to this lawsuit occurred at 100 Wesley Kensington Circle, Stonecrest, Georgia 30038, Dekalb County.

12.

Venue is proper pursuant to O.C.G.A. 14-2-510(b)(4).

13.

Personal and subject matter jurisdiction are proper in this Court.

**FACTS**

14.

Plaintiffs incorporate by reference paragraphs 1 through 13 above as if they were restated herein verbatim.

15.

On or about December 14, 2020, the deceased resided at Wesley Kensington Apartment Homes located at 100 Wesley Kensington Circle, Stonecrest, Georgia 30038, Dekalb County ("Property or Premises").

16.

On the afternoon of December 14, 2020, a red vehicle tailgated another vehicle through the unsecured entry gate of the property. The deceased was outside tending to his own affairs when the driver of the vehicle accosted the deceased and shot him dead. The shooter was later identified as Elisha Dewayne Wright.

17.

The entry gate will remain open for stretches of time allowing multiple vehicles to unlawfully enter the property.

18.

Defendants were notified of issues with the security gate prior to this incident.

19.

The deceased is survived by his three minor children.

20.

At all relevant times, the deceased had a right to be on the property.

21.

At all relevant times, the deceased exercised reasonable care for his safety.

22.

At all relevant times, the deceased did not instigate and was not the aggressor in the immediate events leading to his death.

23.

At all relevant times, Elisha Wright did not have a right to be on the property.

24.

At all relevant times, Elisha Wright was a trespasser on the property.

## NEGLIGENCE CLAIMS AGAINST
## WESLEY KENSINGTON PARTNERS, LLC and AVILA REAL ESTATE, LLC

25.

Plaintiffs incorporate by reference paragraphs 1 through 24 above as if they were restated herein verbatim.

26.

At all relevant times, Defendants owned or controlled the Premises and owed a legal duty pursuant to O.C.G.A. § 51-3-1, of reasonable care to invitees to inspect and keep the premises in a safe condition.

27.

At all relevant times, Defendants failed to exercise reasonable care to keep the Premises in a safe condition.

28.

At all relevant times, Defendants occupied, managed, maintained, or leased the Premises and owed a legal duty of ordinary care to keep the Premises in a safe condition.

29.

At all relevant times, Defendants breached its duty of ordinary care by failing to keep the premises in a safe condition.

30.

At all relevant times, Defendants failed to have proper security on the property, failed to have working security gates at all times, failed to have security personnel on the property, and failed to have measures in place to prevent and/or reduce criminal activity on the property.

31.

At all relevant times Defendants had actual knowledge of the dangerous condition that caused the deceased's death, to wit: criminal activity on the property and the areas immediately surrounding the property, and inadequate security on the property.

32.

At all relevant times Defendants had superior actual and/or constructive knowledge of the dangerous condition that caused the deceased's death, to wit: criminal activity on the property and the areas immediately surrounding the property, and inadequate security on the property.

33.

Defendants are responsible for the negligent acts and omissions of their employees pursuant to the theory of *respondeat superior*.

34.

As a direct and proximate result of the Defendants' negligence, the surviving children of the deceased suffered mental anguish and pain and suffering; loss of the care, protection, guidance, advice, training, and nurturing from the deceased; loss of love, society, and companionship from the deceased; loss of the deceased's expected earnings; and loss of the value of goods and services the deceased provided. Defendants are indebted to Plaintiffs for these losses.

35.

Defendants are indebted to Plaintiffs for all economic and non-economic damages allowed by Georgia law.

## ASSAULT AND BATTERY CLAIM AGAINST ELISHA WRIGHT

36.

Plaintiffs incorporate by reference paragraphs 1 through 24 above as if they were restated herein verbatim.

37.

At all relevant times, Defendant Elisha Wright was the driver of a red vehicle that entered the unsecured property.

38.

Defendant Elisha Wright accosted Michael Lamar Wright and shot him dead.

39.

As a direct and proximate result of the Defendant's acts, the surviving children of the deceased suffered mental anguish and pain and suffering; loss of the care, protection, guidance, advice, training, and nurturing from the deceased; loss of love, society, and companionship from the deceased; loss of the deceased's expected earnings; and loss of the value of goods and services the deceased provided.

40.

Defendant is liable for the death of the deceased and the losses to the deceased's heirs under Georgia tort law, pursuant to O.C.G.A. § 51-1-13.

41.

Pursuant to O.C.G.A. § 51-12-5.1, Defendant is liable for punitive damages based on his complete disregard and want of care for human life and his act of malice in taking the life of the deceased.

42.

Defendant is indebted to Plaintiffs for all economic and non-economic damages allowed by Georgia law.

## NEGLIGENCE CLAIMS AGAINST JOHN DOES 1-3

43.

Plaintiffs incorporate by reference paragraphs 1 through 24 above as if they were restated herein verbatim.

44.

Defendants occupied, managed, maintained, leased, and/or was contracted to provide management and/or security services on the Premises and owed a legal duty of ordinary care to keep the Premises in a safe condition.

45.

Defendants breached the duty of ordinary care by failing to properly manage and secure the property for the safety of residents.

46.

Defendants had a contractual duty to manage the property and keep the property in a safe condition.

47.

Defendants breached the contractual duty by failing to properly manage the property.

48.

Defendants had a contractual duty to provide security services on the property.

49.

Defendants breached the contractual obligations by failing to provide adequate security on the property.

50.

At all relevant times Defendants had actual knowledge of the dangerous condition that caused the deceased's death, to wit: criminal activity on the property and the areas immediately surrounding the property, and inadequate security on the property.

51.

At all relevant times Defendants had superior actual and/or constructive knowledge of the dangerous condition that caused the deceased's death, to wit: criminal activity on the property and the areas immediately surrounding the property, and inadequate security on the property.

52.

Defendants are responsible for the negligent acts and omissions of their employees pursuant to the theory of *respondeat superior*.

53.

As a direct and proximate result of the Defendants' negligence, the surviving children of the deceased suffered mental anguish and pain and suffering; loss of the care, protection, guidance, advice, training, and nurturing from the deceased; loss of love, society, and

companionship from the deceased; loss of the deceased's expected earnings; and loss of the value of goods and services the deceased provided. Defendants are indebted to Plaintiffs for these losses.

54.

Defendants are indebted to Plaintiffs for all economic and non-economic damages allowed by Georgia law.

## ATTORNEYS' FEES

55.

All paragraphs herein are incorporated here as if restated verbatim.

56.

Defendants and their agents have been stubbornly litigious and have caused the Plaintiffs unnecessary trouble and expense for which Plaintiffs seek reasonable attorneys' fees and expenses as determined by a jury pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays:

a.  That process issue according to law;

b.  That Defendants be served with a copy of Plaintiffs' Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

c.  That Plaintiffs be granted a **trial by jury** in this matter;

d.  That judgment be entered in favor of Plaintiffs against the Defendants for the wrongful death and losses arising our of the wrongful death of the deceased, an amount to be determined by the enlightened conscience of an impartial jury;

e.     That judgment be entered in favor of Plaintiffs against the Defendants;

f.     That Plaintiffs have such further relief as the Court may deem just and proper.

This 19th day of October 2022.

                                                */s/ Daphne Duplessis Saddler*
                                                Daphne Duplessis Saddler
                                                Georgia Bar No. 575602
                                                Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 873-4490

STATE COURT OF
DEKALB COUNTY, GA.
10/19/2022 4:02 PM
E-FILED
BY: Monica Gay