IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JARIUS IGLEHART<br><br>Plaintiffs,<br><br>v.<br><br>B&T EXPRESS, INC., RLI INSURANCE CO., AND LEVON KNOX,<br><br>Defendants. | Civil Action No. _____ |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants B&T Express, Inc., RLI Insurance Co., and Levon Knox (hereinafter also referred to as "Defendants"), by and through their undersigned counsel, hereby remove this action from the State Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. In support of its Notice of Removal ("Notice"), Defendant states as follows:

## I. Background

1. This personal injury action was commenced on May 23, 2023 by the filing of the original Summons and Complaint in the State Court of DeKalb County, Georgia styled ***Jarius Iglehart v. B&T Express, Inc., RLI Insurance Co., and Levon Knox***. Attached hereto as Exhibit A are copies of all pleadings served upon Defendant in such action to date. A copy of the Notice of Filing Notice of Removal, filed in the State Court of DeKalb County, Georgia is attached hereto as Exhibit B.

## II. This Notice of Removal is Timely Filed

2. This lawsuit is a case within the meaning of the Acts of Congress relating to removal of civil actions.

3. Defendant B&T Express, Inc.'s registered agent was served on May 30, 2023. (Affidavit of Service of Process, attached hereto as Exhibit C).

4. Defendant RLI Insurance Co.'s registered agent was served on June 6, 2023. (Affidavit of Service of Process, attached hereto as Exhibit C).

5. Defendant Levon Knox was served on June 1, 2023. (Affidavit of Service of Process, attached hereto as Exhibit C).

6. This Notice of Removal is timely as it is filed within 30 days of Defendant B&T's receipt of copies of Plaintiff's pleadings setting forth his claim

of relief.  (Exhibit C).

7. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after May 30, 2023 which is the date Defendant B&T first received the Summons and Complaint in this action.

8. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.   This Court Has Diversity Jurisdiction

9. In his Complaint, Plaintiff admits that he is a resident of the State of Georgia.  (Exhibit A, Complaint, ¶ 4).  This Court has personal jurisdiction over Plaintiff.

10. Defendant B&T is a foreign corporation existing under the laws of Ohio with its principal place of business in Ohio. (Exhibit A, Complaint, ¶1).

11. Defendant Levon Knox is a resident of Alabama. (Exhibit A,

Complaint, ¶2).

12.     Defendant RLI is a foreign corporation existing under the laws of Illinois with its principal place of business in Illinois. (Exhibit A, Complaint, ¶3).

13.     Plaintiff alleges that on June 1, 2021, Plaintiff was traveling east on Interstate 20 in Douglas County, GA. (Exhibit A, Complaint, ¶7).  Defendant Knox was operating his vehicle traveling in the same direction behind Plaintiff. (Exhibit A, Complaint, ¶8).  Plaintiff claims that Defendant Knox struck the rear of his vehicle. (Exhibit A, Complaint, ¶9).

14.     Plaintiff's Complaint alleges causes of action based on negligence, negligence per se, negligent hiring, training, & supervision, and punitive damages (Exhibit A, Complaint, ¶¶ 13-38).   Plaintiff did not plead a specific amount of damages in the Complaint.  Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010)  (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is

proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1062.  Here, experience and common sense dictates that the amount in controversy of the instant wrongful death claim exceeds $75,000, exclusive of interest and costs;  it is also "facially apparent" from the complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Plaintiff's counsel indicated that Plaintiff was hospitalized for several days following the accident due to massive hematomas and eventually had a heart attack. (Exhibit D, Affidavit of Camille Dizon, ¶4). Further, Plaintiff seeks punitive damages for alleged wanton behavior. These facts indicate that the amount in controversy exceeds $75,000.

16. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. This Court thus has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

17.     Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the State Court of DeKalb County, Georgia. A copy of the Notice of Notice of Removal to Federal Court is attached hereto as Exhibit B. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving him with this Notice.

18.     Defendants each file their Answer and Affirmative Defenses in this action, attached collectively as Exhibit E.

19.     Defendant B&T Express, Inc. and Defendant RLI Insurance Co. contemporaneously file their Corporate Disclosure and Certificate of Interested Persons, attached collectively as Exhibit F.

20.     If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

This the 29th day of June, 2023.

                                        MCANGUS GOUDELOCK & COURIE, LLC

                                        */s/ Camille D. Dizon*
                                        JASON D. HERGENROETHER (GA Bar No. 348323)
                                        Jason.hergenroether@mgclaw.com
                                        CAMILLE D. DIZON (GA Bar No. 953073)
                                        camille.dizon@mgclaw.com
                                        Post Office Box 57365
                                        270 Peachtree Street, NW, Suite 1800 (30303)
                                        Atlanta, Georgia 30343
                                        (678) 510-1687
                                        Attorneys for Defendants

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 29th day of June, 2023.

                                              MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Camille Dizon*

CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Removal* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

Allen Yates<br>
Yates & Wheland<br>
412 Georgia Avenue- Suite 102<br>
Chattanooga, TN 37403

This the 29th day of June, 2023.

                MCANGUS GOUDELOCK & COURIE, LLC

                */s/ Camille D. Dizon*
JASON D. HERGENROETHER (GA Bar No.)
Jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorneys for Defendants