*[handwritten annotations across top: "Received ... @ 1:15 pm 6-6-23 Served by Jodie Donald w/ D+S Date fc"]*

23A02289

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

5/24/2023

**SUMMONS**

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

Jarius Iglehart
_____

3937 Glenwood Road #38 Decatur, GA 30032
Plaintiff's name and address

**[X] JURY**

**vs.**

RLI Insurance Company c/o Registered Agent Jeffrey D. Fick

9025 North Lindbergh Drive, Peoria, IL 61615
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
Allen Yates
Name
412 Georgia Avenue, Suite 102, Chattanooga, TN 37403
Address
(423) 888-3030                                          979656
Phone Number                                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                          Third Party Attorney

_____          _____
Address                                          Address

_____          _____
Phone No.          Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other

                                                 Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

EXHIBIT
A

STATE COURT OF
DEKALB COUNTY, GA.
E-file summons1-2016          5/23/2023 5:44 PM
                              E-FILED
                              BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Jarius Iglehart,<br><br>        Plaintiff,<br><br>vs.<br><br>B&T Express, Inc., RLI Insurance Co.,<br>and Levon Knox,<br><br>        Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO. 23A02289 |

## COMPLAINT

COMES NOW Plaintiff Jarius Iglehart and files this complaint against Defendants B&T Express, Inc., Levon Knox, and RLI Insurance Company and states as follows:

### PARTIES AND JURISDICTION

1.      Defendant B&T Express, Inc. ("B&T") is a a foreign corporation located in Ohio and may be served through B&T's registered agent, Thomas Cook at 400 Miley Road, North Lima, OH 44452. Defendant B&T is subject to the jurisdiction of and venue in this court.

2.      Defendant Levon Knox is, and at all times herein mentioned was, a resident of Alabama and may be served with process at 239 Seed Road, Gordo, AL 35466 and is subject to the jurisdiction of and venue in this court.

3.      Defendant RLI Insurance Company ("RLI Insurance Co.") is a foreign insurance corporation registered to do business in Georgia and may be served through its

registered agent Jeffrey D. Fick at 9025 North Lindbergh Drive, Peoria, IL 61615 and is subject to the jurisdiction of and venue in this court.

4. Plaintiff Jarius Iglehart is a resident of DeKalb County, Georgia.

5. At all times herein mentioned, Defendant Knox is the driver of a certain 2015 Peterbilt Tractor Trailer with Ohio License Tag PWF9687 and VIN 1NPXGGGG10D321049 (the "Peterbilt").

6. At all times herein mentioned plaintiff Jarius Iglehart is a driver of a certain 2005 Chrysler Town and Country automobile, Georgia License Tag TAA3840 (the "Chrysler").

## FACTUAL BACKGROUND

7. On June 1, 2021 at approximately 1:16am, Mr. Iglehart drove the Chrysler east along and on Interstate 20 in Douglas County, Georgia.

8. At that time, Defendant Knox drove the Peterbilt east on Interstate 20 in Douglas County, Georgia. Defendant Knox's Peterbilt traveled behind the Mr. Iglehart.

9. Defendant Knox's Peterbilt collided with the rear of Mr. Iglehart's Chrysler.

10. The impact of Defendant Knox's Peterbilt into the Chrysler caused serious personal injury to Mr. Iglehart.

11. Mr. Iglehart was required to and did employ physicians, physical therapists, and other medical professionals for medical examination, treatment, and care of these injuries sustained as a result of the collision with Defendant Knox's Peterbilt.

12. Mr. Iglehart was without fault in causing the collision.

## COUNT I – NEGLIGENCE BY KNOX

13.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.     Defendant Knox was negligent in failing to slow his vehicle to avoid crashing into the rear of Mr. Iglehart's Chrysler.

15.     Defendant Knox's negligence is the proximate cause and cause in fact of the collision and Mr. Iglehart's resulting injuries and damages.

## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

17.     Defendant Knox violated O.C.G.A. § 40-6-49 by following too closely to and colliding with the rear of Mr. Iglehart's Chrysler.

18.     Defendant Knox violated O.C.G.A. § 40-6-391 by operating the Peterbilt in a reckless manner by driving over the speed limits and failing to pay attention to the road ahead with reckless disregard for Mr. Iglehart's safety and property and the safety of others and their property.

19.     Defendant Knox's negligence *per se* is the proximate cause and cause in fact of the collision, and Mr. Iglehart's resulting injuries and damages.

## COUNT III – IMPUTED LIABILITY AGAINST B&T

20.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.    At the time of the subject collision, Defendant Knox was under dispatch for Defendant B&T.

22.    At the time of the subject collision, Defendant Knox was operating his vehicle on behalf of Defendant B&T.

23.    Defendant B&T is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Knox the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.


## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

25.    Defendant B&T was negligent in hiring Defendant Knox and entrusting him to drive a tractor-trailer.

26.    Defendant B&T was negligent in failing to properly train Defendant Knox.

27.    Defendant B&T was negligent in failing to properly supervise Defendant Knox.

28.    Defendant B&T's negligence in hiring Defendant Knox and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the proximate cause of the collision and Plaintiff's resulting injuries and damages.

## COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.

29.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.    Defendant RLI Insurance Company is subject to a direct action as the insurer for Defendant B&T pursuant to O.C.G.A. § 40-2-140.

31.    Defendant RLI Insurance was the insurer of Defendant B&T at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

32.    Defendants B&T and RLI Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

33.    Defendant RLI Insurance Company is responsible for any judgment rendered against Defendant B&T.

## COUNT VI – DAMAGES

34. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35. For the claims stated above, Mr. Iglehart has a claim for past and future medical expenses, loss of enjoyment of life, mental distress, and past and future economic opportunity.

36. As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## COUNT VII – PUNITIVE DAMAGES

37. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38. Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants, jointly and severally, as follows:

a. That Plaintiff recover past and future medical expenses and economic opportunity in an amount to be proven at trial;

b. That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for past and future emotional distress in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recover for past and future loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

e. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

f. That Plaintiff recover such other and further relief as is just and proper.

This 23rd  day of May, 2023.

**Yates & Wheland**

/s/ Allen Yates

C. Allen Yates - Bar No. 979656
412 Georgia Avenue - Suite 102
Chattanooga, TN 37403
423.888.3030
ay@ywlawyers.com

STATE COURT OF
DEKALB COUNTY, GA.
5/23/2023 5:44 PM
E-FILED
BY: Monica Gay

23A02289

No. _____

**Date Summons Issued and E-Filed**

5/24/2023

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Jarius Iglehart
_____

3937 Glenwood Road #38 Decatur, GA 30032
_____
Plaintiff's name and address

**vs.**

[X] **JURY**

B&T Express, Inc. c/o Registered Agent Thomas Cook
_____

400 Miley Road, North Lima, OH 44452.
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
 Allen Yates
_____
Name
 412 Georgia Avenue, Suite 102, Chattanooga TN 37403
_____
Address
 (423) 888-3030                          979656
_____
Phone Number                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                             Third Party Attorney

_____        _____
Address                                          Address

_____        _____
Phone No.              Georgia Bar No.            Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ _____
☐Other

                                                 Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

**STATE COURT OF**
**DEKALB COUNTY, GA.**
E-file summons1-2016    **5/23/2023 5:44 PM**
**E-FILED**
**BY: Monica Gay**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Jarius Iglehart, | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| B&T Express, Inc., RLI Insurance Co., and Levon Knox, | CIVIL ACTION FILE NO. 23A02289 |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Jarius Iglehart and files this complaint against Defendants B&T Express, Inc., Levon Knox, and RLI Insurance Company and states as follows:

### PARTIES AND JURISDICTION

1.    Defendant B&T Express, Inc. ("B&T") is a a foreign corporation located in Ohio and may be served through B&T's registered agent, Thomas Cook at 400 Miley Road, North Lima, OH 44452. Defendant B&T is subject to the jurisdiction of and venue in this court.

2.    Defendant Levon Knox is, and at all times herein mentioned was, a resident of Alabama and may be served with process at 239 Seed Road, Gordo, AL 35466 and is subject to the jurisdiction of and venue in this court.

3.    Defendant RLI Insurance Company ("RLI Insurance Co.") is a foreign insurance corporation registered to do business in Georgia and may be served through its

registered agent Jeffrey D. Fick at 9025 North Lindbergh Drive, Peoria, IL 61615 and is subject to the jurisdiction of and venue in this court.

4.      Plaintiff Jarius Iglehart is a resident of DeKalb County, Georgia.

5.      At all times herein mentioned, Defendant Knox is the driver of a certain 2015 Peterbilt Tractor Trailer with Ohio License Tag PWF9687 and VIN 1NPXGGGG10D321049 (the "Peterbilt").

6.      At all times herein mentioned plaintiff Jarius Iglehart is a driver of a certain 2005 Chrysler Town and Country automobile, Georgia License Tag TAA3840 (the "Chrysler").

## FACTUAL BACKGROUND

7.      On June 1, 2021 at approximately 1:16am, Mr. Iglehart drove the Chrysler east along and on Interstate 20 in Douglas County, Georgia.

8.      At that time, Defendant Knox drove the Peterbilt east on Interstate 20 in Douglas County, Georgia. Defendant Knox's Peterbilt traveled behind the Mr. Iglehart.

9.      Defendant Knox's Peterbilt collided with the rear of Mr. Iglehart's Chrysler.

10.     The impact of Defendant Knox's Peterbilt into the Chrysler caused serious personal injury to Mr. Iglehart.

11.     Mr. Iglehart was required to and did employ physicians, physical therapists, and other medical professionals for medical examination, treatment, and care of these injuries sustained as a result of the collision with Defendant Knox's Peterbilt.

12.     Mr. Iglehart was without fault in causing the collision.

## COUNT I – NEGLIGENCE BY KNOX

13.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.     Defendant Knox was negligent in failing to slow his vehicle to avoid crashing into the rear of Mr. Iglehart's Chrysler.

15.     Defendant Knox's negligence is the proximate cause and cause in fact of the collision and Mr. Iglehart's resulting injuries and damages.


## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

17.     Defendant Knox violated O.C.G.A. § 40-6-49 by following too closely to and colliding with the rear of Mr. Iglehart's Chrysler.

18.     Defendant Knox violated O.C.G.A. § 40-6-391 by operating the Peterbilt in a reckless manner by driving over the speed limits and failing to pay attention to the road ahead with reckless disregard for Mr. Iglehart's safety and property and the safety of others and their property.

19.     Defendant Knox's negligence *per se* is the proximate cause and cause in fact of the collision, and Mr. Iglehart's resulting injuries and damages.

## COUNT III – IMPUTED LIABILITY AGAINST B&T

20.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.    At the time of the subject collision, Defendant Knox was under dispatch for Defendant B&T.

22.    At the time of the subject collision, Defendant Knox was operating his vehicle on behalf of Defendant B&T.

23.    Defendant B&T is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Knox the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

25.    Defendant B&T was negligent in hiring Defendant Knox and entrusting him to drive a tractor-trailer.

26.    Defendant B&T was negligent in failing to properly train Defendant Knox.

27.    Defendant B&T was negligent in failing to properly supervise Defendant Knox.

28.    Defendant B&T's negligence in hiring Defendant Knox and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the proximate cause of the collision and Plaintiff's resulting injuries and damages.

## COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.

29.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.     Defendant RLI Insurance Company is subject to a direct action as the insurer for Defendant B&T pursuant to O.C.G.A. § 40-2-140.

31.     Defendant RLI Insurance was the insurer of Defendant B&T at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

32.     Defendants B&T and RLI Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

33.     Defendant RLI Insurance Company is responsible for any judgment rendered against Defendant B&T.


## COUNT VI – DAMAGES

34. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35. For the claims stated above, Mr. Iglehart has a claim for past and future medical expenses, loss of enjoyment of life, mental distress, and past and future economic opportunity.

36. As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## COUNT VII – PUNITIVE DAMAGES

37. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38. Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

   **WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants, jointly and severally, as follows:

   a.   That Plaintiff recover past and future medical expenses and economic opportunity  in an amount to be proven at trial;

   b.   That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

   c.   That Plaintiff recover for past and future emotional distress in an amount to be determined by the enlightened conscience of a jury;

   d.   That Plaintiff recover for past and future loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

   e.   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

   f.   That Plaintiff recover such other and further relief as is just and proper.

This 23rd  day of May, 2023.

**Yates & Wheland**

/s/  Allen Yates

C. Allen Yates - Bar No. 979656
412 Georgia Avenue - Suite 102
Chattanooga, TN 37403
423.888.3030
ay@ywlawyers.com

STATE COURT OF
DEKALB COUNTY, GA.
5/23/2023 5:44 PM
E-FILED
BY: Monica Gay

7

23A02289

No. _____

**Date Summons Issued and E-Filed**

5/24/2023

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Jarius Iglehart
_____

3937 Glenwood Road #38 Decatur, GA 30032
_____
Plaintiff's name and address

**vs.**

Levon Knox
_____

239 Seed Road, Gordo, AL 35466
_____
Defendant's name and address

**[X] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Allen Yates
_____
Name

412 Georgia Avenue, Suite 102, Chattanooga, TN 37403
_____
Address

(423) 888-3030                                                    979656
_____
Phone Number                                      Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                       Third Party Attorney

_____          _____
Address                                                          Address

_____          _____
Phone No.                      Georgia Bar No.          Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐Other
                                                                 Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Jarius Iglehart,

                Plaintiff,

vs.

B&T Express, Inc., RLI Insurance Co.,
and Levon Knox,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 23A02289

## COMPLAINT

COMES NOW Plaintiff Jarius Iglehart and files this complaint against Defendants B&T Express, Inc., Levon Knox, and RLI Insurance Company and states as follows:

### PARTIES AND JURISDICTION

1.     Defendant B&T Express, Inc. ("B&T") is a a foreign corporation located in Ohio and may be served through B&T's registered agent, Thomas Cook at 400 Miley Road, North Lima, OH 44452. Defendant B&T is subject to the jurisdiction of and venue in this court.

2.     Defendant Levon Knox is, and at all times herein mentioned was, a resident of Alabama and may be served with process at 239 Seed Road, Gordo, AL 35466 and is subject to the jurisdiction of and venue in this court.

3.     Defendant RLI Insurance Company ("RLI Insurance Co.") is a foreign insurance corporation registered to do business in Georgia and may be served through its

registered agent Jeffrey D. Fick at 9025 North Lindbergh Drive, Peoria, IL 61615 and is subject to the jurisdiction of and venue in this court.

4.     Plaintiff Jarius Iglehart is a resident of DeKalb County, Georgia.

5.     At all times herein mentioned, Defendant Knox is the driver of a certain 2015 Peterbilt Tractor Trailer with Ohio License Tag PWF9687 and VIN 1NPXGGGG10D321049 (the "Peterbilt").

6.     At all times herein mentioned plaintiff Jarius Iglehart is a driver of a certain 2005 Chrysler Town and Country automobile, Georgia License Tag TAA3840 (the "Chrysler").

## FACTUAL BACKGROUND

7.     On June 1, 2021 at approximately 1:16am, Mr. Iglehart drove the Chrysler east along and on Interstate 20 in Douglas County, Georgia.

8.     At that time, Defendant Knox drove the Peterbilt east on Interstate 20 in Douglas County, Georgia. Defendant Knox's Peterbilt traveled behind the Mr. Iglehart.

9.     Defendant Knox's Peterbilt collided with the rear of Mr. Iglehart's Chrysler.

10.    The impact of Defendant Knox's Peterbilt into the Chrysler caused serious personal injury to Mr. Iglehart.

11.    Mr. Iglehart was required to and did employ physicians, physical therapists, and other medical professionals for medical examination, treatment, and care of these injuries sustained as a result of the collision with Defendant Knox's Peterbilt.

12.    Mr. Iglehart was without fault in causing the collision.

2

## COUNT I – NEGLIGENCE BY KNOX

13.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.    Defendant Knox was negligent in failing to slow his vehicle to avoid crashing into the rear of Mr. Iglehart's Chrysler.

15.    Defendant Knox's negligence is the proximate cause and cause in fact of the collision and Mr. Iglehart's resulting injuries and damages.

## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

17.    Defendant Knox violated O.C.G.A. § 40-6-49 by following too closely to and colliding with the rear of Mr. Iglehart's Chrysler.

18.    Defendant Knox violated O.C.G.A. § 40-6-391 by operating the Peterbilt in a reckless manner by driving over the speed limits and failing to pay attention to the road ahead with reckless disregard for Mr. Iglehart's safety and property and the safety of others and their property.

19.    Defendant Knox's negligence *per se* is the proximate cause and cause in fact of the collision, and Mr. Iglehart's resulting injuries and damages.

## COUNT III – IMPUTED LIABILITY AGAINST B&T

20.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.     At the time of the subject collision, Defendant Knox was under dispatch for Defendant B&T.

22.     At the time of the subject collision, Defendant Knox was operating his vehicle on behalf of Defendant B&T.

23.     Defendant B&T is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Knox the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

25.     Defendant B&T was negligent in hiring Defendant Knox and entrusting him to drive a tractor-trailer.

26.     Defendant B&T was negligent in failing to properly train Defendant Knox.

27.     Defendant B&T was negligent in failing to properly supervise Defendant Knox.

28.     Defendant B&T's negligence in hiring Defendant Knox and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the proximate cause of the collision and Plaintiff's resulting injuries and damages.

## COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.

29.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.     Defendant RLI Insurance Company is subject to a direct action as the insurer for Defendant B&T pursuant to O.C.G.A. § 40-2-140.

31.     Defendant RLI Insurance was the insurer of Defendant B&T at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

32.     Defendants B&T and RLI Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

33.     Defendant RLI Insurance Company is responsible for any judgment rendered against Defendant B&T.

## COUNT VI – DAMAGES

34. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35. For the claims stated above, Mr. Iglehart has a claim for past and future medical expenses, loss of enjoyment of life, mental distress, and past and future economic opportunity.

36. As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

5

## COUNT VII – PUNITIVE DAMAGES

37. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38. Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants, jointly and severally, as follows:

a.   That Plaintiff recover past and future medical expenses and economic opportunity  in an amount to be proven at trial;

b.   That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiff recover for past and future emotional distress in an amount to be determined by the enlightened conscience of a jury;

d.   That Plaintiff recover for past and future loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

e.   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

f.   That Plaintiff recover such other and further relief as is just and proper.

This 23rd  day of May, 2023.

**Yates & Wheland**

/s/  Allen Yates

C. Allen Yates - Bar No. 979656
412 Georgia Avenue - Suite 102
Chattanooga, TN 37403
423.888.3030
ay@ywlawyers.com

STATE COURT OF
DEKALB COUNTY, GA.
5/23/2023 5:44 PM
E-FILED
BY: Monica Gay