IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JARIUS IGLEHART,

    Plaintiff,

  v.

B&T EXPRESS, INC., RLI
INSURANCE CO., AND LEVON
KNOX,

    Defendants.

Civil Action No. _____

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT B&T EXPRESS, INC. TO PLAINTIFF'S COMPLAINT

**COMES NOW B&T EXPRESS, INC.** (hereinafter "Defendant"), Defendant in the above-styled action, and hereby responds to Plaintiff's Complaint (Plaintiff's "Complaint"), showing this Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fail to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Venue is improper in the State Court of DeKalb County.



EXHIBIT

E

## **THIRD DEFENSE**

It is denied that all of Plaintiff's injuries and damages were proximately caused by the subject incident.

## **FOURTH DEFENSE**

If it is judicially determined that Defendants are liable for any injuries sustained by Plaintiff, which is denied, then Defendants state that any injuries so sustained were caused, in whole or in part, by the Plaintiff's own negligence and/or fault, and/or assumption of the risk, and that Plaintiff's damages therefore should be reduced by the percentage commensurate with the degree of negligence or fault attributable to Plaintiff or barred completely.

## **FIFTH DEFENSE**

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to acts or omissions of some other person, persons or entity other than Defendants and therefore Plaintiff is not entitled to recover anything from Defendants.

## **SIXTH DEFENSE**

No act or omission on the part of Defendants caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendants.

## SEVENTH DEFENSE

Pursuant to O.C.G.A. § 51-12-33(a) and (b), any damages recoverable by Plaintiff must be apportioned among each person or entity that caused or contributed to the alleged damages based on the percentages of fault assigned by the trier of fact.

## EIGHTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

Subject to the foregoing defenses, Defendants hereby respond to the Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant denies as stated the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### 2.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

7.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE BY KNOX

13.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-15

of Plaintiff's Complaint as if fully set forth herein.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT III – IMPUTED LIABILITY AGAINST B&T

20.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-19 of Plaintiff's Complaint as if fully set forth herein.

21.

Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant admits the allegations contained in Paragraph 22 of Plaintiff's

Complaint.

23.

Defendant admits that it is an interstate carrier and that it is responsible for the actions of co-defendant Knox to the extent that the acts alleged occurred while in the course and scope of his employment with this Defendant. Defendant denies as stated the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

**COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.**

29.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-28 of Plaintiff's Complaint as if fully set forth herein.

30.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies as stated the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## COUNT VI - DAMAGES

34.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## COUNT VII – PUNITIVE DAMAGES

37.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's

Complaint.

39.

To the extent that Plaintiff's "WHEREFORE" Paragraph contains any allegations against this Defendant, the same are hereby denied.

40.

To the extent that there are any allegations contained in Plaintiff's Complaint which have not yet been responded to, the same are hereby denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO BY DEFENDANTS, IS HEREBY DENIED.**

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendants prays as follows:

(a)   That it be discharged without liability to Plaintiff;

(b)   That all costs be assessed against Plaintiff;

(c)   That this Court enter such other and further relief as it deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Defendants demand a trial by jury of 12 persons.

This the 29th day of June, 2023.

MCANGUS  GOUDELOCK  &  COURIE, LLC

JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 29th day of June, 2023.

MCANGUS   GOUDELOCK   &   COURIE, LLC

_____
CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Answers and Affirmative Defenses of B&T Express, Inc. to Plaintiff's Complaint*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

> Email: ay@lawyeratl.com
> Allen Yates
> Yates & Wheland
> 412 Georgia Avenue Suite 102
> Chattanooga, TN 37403, United States
> Attorney for Jarius Iglehart

This the 29th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

_____
JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
(30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JARIUS IGLEHART,<br><br>    Plaintiff,<br><br>   v.<br><br>B&T EXPRESS, INC., RLI<br>INSURANCE CO., AND LEVON<br>KNOX,<br><br>    Defendants. | Civil Action No. _____ |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT RLI INSURANCE COMPANY TO PLAINTIFF'S
## COMPLAINT

**COMES NOW RLI INSURANCE COMPANY** (hereinafter "Defendant"), Defendant in the above-styled action, and hereby responds to Plaintiff's Complaint (hereinafter "Complaint"), showing this Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fail to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Venue is improper in the State Court of DeKalb County.

## THIRD DEFENSE

It is denied that all of Plaintiff's injuries and damages were proximately caused by the subject incident.

## FOURTH DEFENSE

If it is judicially determined that Defendants are liable for any injuries sustained by Plaintiff, which is denied, then Defendants state that any injuries so sustained were caused, in whole or in part, by the Plaintiff's own negligence and/or fault, and/or assumption of the risk, and that Plaintiff's damages therefore should be reduced by the percentage commensurate with the degree of negligence or fault attributable to Plaintiff or barred completely.

## FIFTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to acts or omissions of some other person, persons or entity other than Defendants and therefore Plaintiff is not entitled to recover anything from Defendants.

## SIXTH DEFENSE

No act or omission on the part of Defendants caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendants.

## SEVENTH DEFENSE

Pursuant to O.C.G.A. § 51-12-33(a) and (b), any damages recoverable by Plaintiff must be apportioned among each person or entity that caused or contributed to the alleged damages based on the percentages of fault assigned by the trier of fact.

## EIGHTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## **TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

Subject to the foregoing defenses, Defendants hereby respond to the Plaintiff's Complaint as follows:

## **PARTIES AND JURISDICTION**

1.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies that venue is proper and admits the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

7.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE BY KNOX

13.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-15

of Plaintiff's Complaint as if fully set forth herein.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**COUNT III – IMPUTED LIABILITY AGAINST B&T**

20.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-19 of Plaintiff's Complaint as if fully set forth herein.

21.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant is without knowledge or information sufficient to admit or deny

7

the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

**COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.**

29.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-28 of Plaintiff's Complaint as if fully set forth herein.

30.

Defendant states that Paragraph 30 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent that Paragraph 30 is an accurate statement of Georgia law, the same is admitted.  To the extent that Paragraph 30 is an inaccurate statement of Georgia law, the same is hereby denied. Defendant further states that the policy speaks for itself.

31.

Defendant states that the policy speaks for itself.

32.

Defendant states that Paragraph 32 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent that Paragraph 32 is an accurate statement of Georgia law, the same is admitted.  To the extent that

Paragraph 32 is an inaccurate statement of Georgia law, the same is hereby denied.

Defendant further states that the policy speaks for itself.

33.

Defendant states that Paragraph 33 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent that Paragraph 33 is an accurate statement of Georgia law, the same is admitted.  To the extent that Paragraph 33 is an inaccurate statement of Georgia law, the same is hereby denied. Defendant further states that the policy speaks for itself.

### COUNT VI - DAMAGES

34.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## COUNT VII – PUNITIVE DAMAGES

### 37.

Defendant hereby adopts and incorporates its responses to Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

### 38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

### 39.

To the extent that Plaintiff's "WHEREFORE" Paragraph contains any allegations against this Defendant, the same are hereby denied.

### 40.

To the extent that there are any allegations contained in Plaintiff's Complaint which have not yet been responded to, the same are hereby denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO BY DEFENDANTS, IS HEREBY DENIED.**

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendants pray as follows:

(a)     That they be discharged without liability to Plaintiff;

(b)     That all costs be assessed against Plaintiff;

(c)     That this Court enter such other and further relief as it deems just and

proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendants demand a trial by jury of 12 persons.

This the 29th day of June, 2023.

MCANGUS   GOUDELOCK   &   COURIE, LLC

_____

JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 29th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

_____
CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Answer and Affirmative Defenses of RLI Insurance Company to Plaintiff's Complaint* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

> Email: ay@lawyeratl.com
> Allen Yates
> Yates & Wheland
> 412 Georgia Avenue Suite 102
> Chattanooga, TN 37403, United States
> Attorney for Jarius Iglehart

This the 29th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
(30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JARIUS IGLEHART,

             Plaintiff,

      v.

B&T EXPRESS, INC., RLI
INSURANCE CO., AND LEVON
KNOX,

             Defendants.

Civil Action No. _____

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT LEVON KNOX TO PLAINTIFF'S COMPLAINT

**COMES NOW LEVON KNOX** (hereinafter "Defendant"), Defendant in the above-styled action, and hereby responds to Plaintiff's Complaint (hereinafter "Complaint"), showing this Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fail to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Venue is improper in the State Court of DeKalb County.

## THIRD DEFENSE

It is denied that all of Plaintiff's injuries and damages were proximately caused by the subject incident.

## FOURTH DEFENSE

If it is judicially determined that Defendants are liable for any injuries sustained by Plaintiff, which is denied, then Defendants state that any injuries so sustained were caused, in whole or in part, by the Plaintiff's own negligence and/or fault, and/or assumption of the risk, and that Plaintiff's damages therefore should be reduced by the percentage commensurate with the degree of negligence or fault attributable to Plaintiff or barred completely.

## FIFTH DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to acts or omissions of some other person, persons or entity other than Defendants and therefore Plaintiff is not entitled to recover anything from Defendants.

## SIXTH DEFENSE

No act or omission on the part of Defendants caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendants.

**SEVENTH DEFENSE**

Pursuant to O.C.G.A. § 51-12-33(a) and (b), any damages recoverable by Plaintiff must be apportioned among each person or entity that caused or contributed to the alleged damages based on the percentages of fault assigned by the trier of fact.

**EIGHTH DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

**NINTH DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## **TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

Subject to the foregoing defenses, Defendants hereby respond to the Plaintiff's Complaint as follows:

## **PARTIES AND JURISDICTION**

1.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies as stated the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

7.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE BY KNOX

13.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE *PER SE* BY KNOX

16.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-15

of Plaintiff's Complaint as if fully set forth herein.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT III – IMPUTED LIABILITY AGAINST B&T

20.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-19 of Plaintiff's Complaint as if fully set forth herein.

21.

Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant admits that co-defendant B&T is an interstate motor carrier and that it is responsible for this Defendant's actions to the extent that the same were undertaken within the course and scope of his employment.  Defendant denies as stated any remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY B&T

24.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's

Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## COUNT V – DIRECT ACTION AGAINST RLI INSURANCE CO.

29.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-28 of Plaintiff's Complaint as if fully set forth herein.

30.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant is without knowledge or information sufficient to admit or deny

9

the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## COUNT VI - DAMAGES

34.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## COUNT VII – PUNITIVE DAMAGES

37.

Defendant hereby adopts and incorporates his responses to Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

To the extent that Plaintiff's "WHEREFORE" Paragraph contains any allegations against this Defendant, the same are hereby denied.

40.

To the extent that there are any allegations contained in Plaintiff's Complaint which have not yet been responded to, the same are hereby denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF' S COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO BY DEFENDANTS, IS HEREBY DENIED.**

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendants prays as follows:

(a)    That it be discharged without liability to Plaintiff;

(b)    That all costs be assessed against Plaintiff;

(c)    That this Court enter such other and further relief as it deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendants demand a trial by jury of 12 persons.

This the 29TH day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

_____

JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 29th day of June, 2023.

MCANGUS  GOUDELOCK  &  COURIE, LLC

_____
CAMILLE DIZON, ESQ.
Georgia State Bar No.: 953073
Camille.Dizon@mclaw.com
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1434 Phones
*Attorney for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Answers and Affirmative Defenses of Defendant Levon Knox to Plaintiff's Complaint*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

> Email: ay@lawyeratl.com
> Allen Yates
> Yates & Wheland
> 412 Georgia Avenue Suite 102
> Chattanooga, TN 37403, United States
> Attorney for Jarius Iglehart

This the 29th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

JASON D. HERGENROETHER (GA Bar No. 348323)
jason.hergenroether@mgclaw.com
CAMILLE D. DIZON (GA Bar No. 953073)
camille.dizon@mgclaw.com

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
(30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for Defendants*