**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **STACEY DAVIS AND** | ) | |
| **RANDALL DAVIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **vs.** | ) | |
| | ) | |
| **SAFECO INSURANCE COMPANY OF** | ) | |
| **INDIANA, a foreign corporation** | ) | |

_____

## DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, Safeco Insurance Company of Indiana ("Safeco" or "Defendant"), by and through undersigned counsel, within the time limits allowed by law, and states its Answer to Plaintiffs Stacey Davis and Randall Davis's (hereafter "Plaintiffs") Complaint (the "Complaint").

Safeco responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES

### 1.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and such

allegations are deemed denied.

2.

In responding to the allegations contained in Paragraph 2 of the Complaint, Safeco admits only that it is an insurance company which is registered to transact business in, and is doing business in, the State of Georgia and that it may be served with process through its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.  Safeco denies the remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.

Safeco admits the allegations of Paragraph 3 of the Complaint, but states that this matter has properly been removed from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

In responding to the allegations contained in Paragraph 4 of the Complaint, Safeco admits only that venue is proper in Gwinnett County, Georgia, but states this case has been properly removed to the United States District Court for the Northern

District of Georgia, Atlanta Division. Safeco denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

Safeco denies the allegations contained in Paragraph 5 of the Complaint.

## **THE POLICY**

6.

In responding to the allegations contained in Paragraph 6 of the Complaint, Safeco admits only that Safeco Insurance Company of Indiana issued Policy No. 0Y7945216 (the "Policy") to named insured Stacey Davis and Randall Davis for property located at 180 Ardsley Lane, Alpharetta, Georgia 30005 (the "Property"), with a policy period of October 18, 2020 to October 18, 2021, which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Further, the Policy attached to the Complaint as Exhibit "A" speaks for itself. Safeco denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, Safeco admits only that the Policy speaks for itself. Safeco denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

Safeco denies the allegations contained in Paragraph 8 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

9.

Safeco denies the allegations contained in Paragraph 9 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In responding to the allegations contained in Paragraph 10 of the Complaint, Safeco admits only that the Policy was in effect on July 27, 2021. Safeco denies the remaining allegations contained in Paragraph 11 of the Complaint.

11.

In responding to the allegations contained in Paragraph 11 of the Complaint, Safeco admits only that Plaintiffs notified Safeco of a purported loss on or about August 24, 2021, made a claim pursuant to the Policy ("Plaintiffs' claim"), and that an adjuster was assigned to handle the Plaintiffs' claim. Safeco denies the remaining allegations of Paragraph 11 of the Complaint.

12.

In responding to the allegations contained in Paragraph 12 of the Complaint, Safeco admits only that Plaintiffs made their home available to, and cooperated with, the Defendant's investigation into the Plaintiffs' claim. Safeco denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.

In responding to the allegations contained in Paragraph 13 of the Complaint, Safeco admits only that it inspected the Property. Safeco denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

In responding to the allegations contained in Paragraph 14 of the Complaint, Safeco admits only that its adjuster acted with diligence in achieving a proper disposition of the Plaintiffs' claim. The balance of the allegations contained in Paragraph 14 of the Complaint constitutes impermissible conclusions of law, to which no response is required. To the extent a response is deemed to be required, such allegations are denied.

15.

In responding to the allegations contained in Paragraph 15 of the Complaint, Safeco admits only that Exhibit B speaks for itself and that Safeco properly adjusted

Plaintiffs' claim and determined that the recoverable depreciation for the damage to the roof that was covered under the terms and conditions of the Policy. Safeco further admits that the Policy provides for a $2,500.00 deductible. Safeco denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.

Safeco denies the allegations contained in Paragraph 16 of the Complaint.

17.

In responding to the allegations contained in Paragraph 17 of the Complaint, Safeco admits only that Plaintiffs made a written demand for payment in the amount of $195,065.45 and that Safeco received a copy of the letter which is attached to Plaintiffs' Complaint as Exhibit "C". Safeco denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

In responding to the allegations contained in Paragraph 18 of the Complaint, Safeco admits only that Plaintiffs made a written demand for payment pursuant to O.C.G.A. § 33-4-6 and that Safeco received a copy of the letter which is attached to Plaintiffs' Complaint as Exhibit "C". Safeco denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Safeco denies the allegations contained in Paragraph 19 of the Complaint.

20.

Safeco denies the allegations contained in Paragraph 20 of the Complaint.

21.

Safeco denies the allegations contained in Paragraph 22 of the Complaint.

22.

Safeco denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT I: BREACH OF CONTRACT

23.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully stated herein.

24.

Safeco denies the allegations contained in Paragraph 24 of the Complaint.

25.

Safeco denies the allegations contained in Paragraph 25 of the Complaint.

26.

Safeco denies the allegations contained in Paragraph 26 of the Complaint.

27.

Safeco denies the allegations contained in Paragraph 27 of the Complaint.

28.

Safeco denies the allegations contained in Paragraph 28 of the Complaint.

29.

Safeco denies the allegations contained in Paragraph 29 of the Complaint.

30.

In responding to the allegations contained in Paragraph 30 of the Complaint, Safeco states that said paragraph contains no factual allegations, but only prayers for relief.  Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, Safeco denies any factual allegations purportedly contained in said paragraph, and denies Plaintiffs are entitled to any of the relief requested.

## COUNT II:  BAD FAITH PURSUANT OF O.C.G.A. § 33-4-6

31.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 30 of the Complaint as if fully stated herein.

32.

Safeco denies the allegations contained in Paragraph 32 of the Complaint.

8

33.

Safeco denies the allegations contained in Paragraph 33 of the Complaint.

34.

Safeco denies the allegations contained in Paragraph 34 of the Complaint including sub-paragraphs (1) through (8).

35.

Safeco denies the allegations contained in Paragraph 36 of the Complaint.

36.

Safeco denies the allegations contained in Paragraph 37 of the Complaint.

37.

Safeco denies the allegations contained in Paragraph 37 of the Complaint.

38.

Safeco denies the allegations contained in Paragraph 39 of the Complaint.

39.

In responding to the allegations contained in Paragraph 31 of the Complaint, Safeco states that said paragraph contains no factual allegations, but only prayers for relief.  Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, Safeco denies any factual allegations purportedly contained in said paragraph, and denies Plaintiffs are entitled to any of

the relief requested.

## DEMAND FOR JURY TRIAL

40.

In responding to the allegations contained in Paragraph 41 of the Complaint, Safeco states that said paragraph contains no factual allegations, but only a legal assertion.  Consequently, no response to this paragraph is necessary.

## PRAYER FOR RELIEF

41.

In responding to the allegations contained in the final "WHEREFORE" paragraph of Plaintiffs' Complaint, Safeco states that said paragraph, including sub-paragraphs a-i, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, Safeco denies any factual allegations purportedly contained in said paragraph, including in sub-paragraphs a-i, and denies that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to Plaintiffs' Complaint and without prejudice to the denials or other averments contained therein, Safeco asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Safeco denies each and every allegation, statement, matter or thing in the Complaint unless expressly admitted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco for the recovery of attorney's fees or penalties upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim for "bad-faith" against Safeco upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims for statutory penalties fails as a matter of law because Safeco's adjustment of the Plaintiffs' claim was not frivolous or unfounded, was not willful, not intentional, not unreasonable, not in bad faith, and not stubbornly litigious, and Defendant has not caused Plaintiffs unnecessary trouble and expense.

## **SIXTH DEFENSE**

Plaintiffs have not sustained damage of the nature, and to the extent, claimed in the Complaint, and they are precluded from the recovery they seek.

## **SEVENTH DEFENSE**

The relief requested by Plaintiffs is barred because no action or omission by Safeco caused the Plaintiffs' injury or damage.

## **EIGHTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that O.C.G.A. § 33-6-34 does not create or imply a private cause of action.

## **NINTH DEFENSE**

The limit of insurance provided in the Policy is $1,182,500 for Coverage A – Dwelling; $591,250 for Coverage C – Personal Property; and $236,500 for Coverage D, Additional Living Expense subject to a $2,500 deductible. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage compensable under the Policy, which is explicitly denied, Plaintiffs' claim is limited by these provisions of the Policy.

## <u>TENTH DEFENSE</u>

The Policy issued by Safeco Insurance Company of Indiana to Stacey Davis and Randall Davis, at pages 1-4 of Form HOM-7030/EP 1/09, provides, in pertinent part:

### BUILDING PROPERTY LOSSES WE COVER

We cover accidental direct physical loss to property described in **Building Property We Cover** except as limited or excluded.

_____

### BUILDING PROPERTY LOSSES WE DO NOT COVER

We do not cover loss caused directly or indirectly by any of the following excluded perils.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss:

\*\*\*

**6.**   **a.**   wear and tear, marring scratching, deterioration;

\*\*\*

**e.**   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;

\*\*\*

However, we do insure for any resulting loss from items **1.** through **6.** unless the resulting loss is itself a Loss Not Insured by this Section.

\*\*\*

13

12. **Neglect**, meaning your failure to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

\* \* \*

17. **Weather** that contributes in any way with a cause or event excluded in this section to produce a loss. However, any ensuing loss caused by a covered peril and not otherwise excluded is covered.

18. **Planning, Construction or Maintenance**, meaning faulty, inadequate or defective:

a. planning, zoning, development, surveying, siting;

b. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

c. materials used in repair, construction, renovation or remodeling; or

d. maintenance;

of property whether on or off the ***Insured location*** by any person or organization. However, any ensuing loss not excluded is covered.

Part, if not all, of Plaintiffs' claim seeks recovery for purported damage which is excluded from coverage due to wear and tear or deterioration of the roof; and/or is excluded from coverage as a result of neglect; and/or is excluded from coverage as a result of weather that contributes in any way with a cause or event excluded in this section to produce a loss; and/or is excluded from coverage due to faulty, inadequate or defective workmanship, repair, construction, renovation, remodeling; and/or is excluded from coverage as a result of faulty, inadequate or defective

materials used in repair, construction, renovation or remodeling; and/or is due to faulty, inadequate or defective maintenance.

## **ELEVENTH DEFENSE**

The Policy issued by Safeco Insurance Company of Indiana to Stacey Davis and Randall Davis, at pages 12 of Form HOM-7030/EP 1/09, provides, in pertinent part:

> **5.** **Loss Settlement.** Covered property losses are settled as follows:
>
> **a.** **Replacement Cost.** Property under Coverage A or B, including fences, at *replacement cost*, but not including those items list in **b.(2), b.(3)** and **(c)** below subject to the following:
> **(1)** We will pay the full cost of repair or replacement, but not exceeding the smallest of the following amounts:
> **(a)** the limit of liability under the policy applying to Coverage A or B;
> **(b)** the *replacement cost* of that part of the damaged building or fence for equivalent construction and use on the same premises as determined shortly following the loss;
> **(c)** the full amount actually and necessarily incurred to repair or replace the damaged building or fence as determined shortly following the loss;

**(d)** the direct financial loss you incur; or

**(e)** our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

**(2)** When more than one layer of siding or roofing exists for **Building Property We Cover**, we will pay for the replacement of one layer only. The layer to be replaced will be at your option. The payment will be subject to all other policy conditions relating to loss payment.

When more than one layer of finished flooring exists we will pay for the finish of only one layer.

**(3)** If the cost to repair or replace is $2,500 or more, we will pay the difference between ***actual cash value*** and ***replacement cost*** only when the damaged or destroyed property is repaired or replaced.

**(4)** You may disregard the ***replacement cost*** loss settlement provisions and make claim under this policy for loss or damage to buildings on an ***actual cash value*** basis but not exceeding the smallest of the following amounts:
**(a)** the applicable limit of liability;
**(b)** the direct financial loss you incur; or

**(c)** our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

You may still make claim on a ***replacement cost*** basis by notifying us of your intent to do so within 180 days after the date of loss.

**b.** ***Actual Cash Value.***

**(1)** Personal property covered under Coverage C;

**(2)** Wood fences, outdoor antennae and awnings, all whether attached or not to buildings; and

**(3)** Structures that are not buildings under Coverage B, except driveways, walkways and other structures connected to the building by only a fence, utility line, plumbing or similar connection;

at ***actual cash value*** at the time of loss not exceeding the amount necessary to repair or replace.

The Policy issued by Safeco Insurance Company of Indiana to Stacey Davis,

at Form HOM-7100/EP 9/19, provides, in pertinent part:

Under **5. Loss Settlement**, item **a.(3)** is deleted and replaced by the following:

17

    **(3)**    If the cost to repair or replace is $2,500 or more, we will pay the difference between actual cash value and replacement cost only when the damaged or destroyed property is repaired or replaced.

The following is added to **5. Loss Settlement**:

    **c.**    We will not pay for any loss in value of property, whether actual or perceived, or any;

        **(1)**    adverse impact on the ownership of, or transfer of ownership or title of property; or

        **(2)**    adverse impact on the acquisition of financing resulting from the covered physical damage to the property. If **Mortgage Acquisition Expense Coverage** or **Mortgage Extra Expense Coverage** is provided under Additional Property Coverages, the application of this provision **(2)** does not apply to the extent coverage is provided for **Mortgage Acquisition Expense** or **Mortgage Extra Expense**.

To the extent that any portion of Plaintiffs' claimed loss exceeds the amounts Safeco has previously paid,  and is covered under the Policy, which is specifically denied, any additional payment is to be made in compliance with these provisions of the Policy. In addition, and upon information and belief, Plaintiffs have not paid for the replacement of the roof alleged to have been damaged in the loss at issue. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained unreimbursed damage compensable under the

policy, which is denied, the measure of damage is determined by the above quoted provisions of the Policy.

## **TWELFTH DEFENSE**

The Policy issued by Safeco Insurance Company of Indiana to Stacey Davis, and Randall Davis at pages 13 of Form HOM-7030/EP 1/09, provides, in pertinent part:

> **12.   Mortgage Clause.**
>
> > The word "mortgagee" includes trustee.   If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is name, the order of payment shall be the same as the order of precedence of the mortgages.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage to the dwelling beyond that measured by Safeco, and which is compensable under the Policy, which is explicitly denied, any amount owed to Plaintiffs pursuant to the Policy for damage to the dwelling, which amounts are denied, must be paid in accord with the foregoing Policy provisions.

## THIRTEENTH DEFENSE

The Policy issued by Safeco Insurance Company of Indiana to Stacey Davis, and Randall Davis at page 13 of Form HOM-7030/EP 1/09, provides, in pertinent part:

> Item **8. Suit Against Us**, is deleted and replaced by the following:
> **8.    Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within two years after the inception of the loss or damage.

This provision was violated, and Plaintiffs' Complaint is barred because an Insured under the Policy failed to fully comply with the policy provisions.

## FOURTEENTH DEFENSE

Inasmuch as the Complaint does not describe the Plaintiffs' underlying claims or damages with sufficient particularity to enable Safeco to determine all of its legal, contractual and equitable rights, Safeco reserves the right to amend or supplement the averments of this Answer to assert any and all defenses ascertained through further investigation and discovery in this action.

**WHEREFORE**, Safeco respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 30th day of June 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with

one of the font and point selections approved by the Court in L.R. 5.1.C.

Specifically, Times New Roman was used in 14 point.

<div style="margin-left: 40%;">

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorney for Defendant**

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **STACEY DAVIS AND**<br>**RANDALL DAVIS,**    )<br>                )<br>    **Plaintiff,**        )<br>                )<br>**vs.**             )<br>                )<br>**SAFECO INSURANCE COMPANY OF  )**<br>**INDIANA, a foreign corporation**   ) | **CIVIL ACTION FILE NO.:**<br><br>_____ |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record to this matter.

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
remington@lawhuggins.com
mdturner@lawhuggins.com

This 30th day of June 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter

Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
**Attorney for Defendant**