## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEVIN KERCHER

    Plaintiff,                       Case No.

-vs-

EQUIFAX INFORMATION
SERVICES LLC, TRANS UNION
LLC, and UNITED COLLECTION
BUREAU, INC.

    Defendants.

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN KERCHER (hereinafter "Plaintiff"), sues Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), TRANS UNION LLC ("Trans Union") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff additionally sues Defendant, UNITED COLLECTION BUREAU, INC. "United Collection" in support thereof respectfully alleges violation so the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §1692 et seq.

### PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Plaintiff is a natural person and resident of San Bernardino County in the State of California. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and violations described in this Complaint occurred in this District.

9.      Equifax is a corporation incorporated under the State of Georgia, with its principal office located at 1550 Peachtree Street, N.W., Atlanta, GA, 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union is a corporation incorporated under the State of Illinois and is authorized to conduct business through their registered agent, Corporation Service Company located at 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.

13.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.     United Collections is a "debt collector" as that term is used in 15 U.S.C. § 1692a. United Collections' principal place of business in the State of Ohio and is authorized to conduct business through their registered agent Corporation Service Company located at 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.

16.     United Collections attempted to collected a debt from Plaintiff.

## FACTUAL ALLEGATIONS

17.     Plaintiff does not have an Upstart Network Inc. ("Upstart") account, nor has Plaintiff ever applied (or given permission for someone to apply) for an account with Upstart.

18.     Plaintiff does not have a SoFi Bank, N.A. ("SoFi") account, nor has Plaintiff ever applied (or given permission for someone to apply) for an account with SoFi.

19.     On or about October of 2022, Plaintiff received an email from Credit Karma about new credit checks and inquiries. However, Plaintiff had not recently applied for any credit accounts or loans.

20.     Upon further review of his email, Plaintiff discovered new accounts which he did not authorize.  He communicated directly with both SoFi and Upstart indicating these accounts were fraudulent.

21.     Shortly thereafter, Plaintiff obtained copies of his Equifax and Trans Union credit reports and became aware of the Upstart partial account number ******10 and SoFi partial account number *****2009 listed on his credit reports that did not belong to him.

22.     On or about October 7, 2022, Plaintiff also contacted Equifax, disputed the accounts, and added a Personal Statement within his Equifax credit report:

**Personal Statements**

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT ███████ THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-07-22.

23.     Due to these fraudulent accounts being reported incorrectly by Equifax and Trans Union, it caused Plaintiff's credit score to decline, and as a result became hesitant to use his credit.

24.     On or about March 22, 2023, Plaintiff again obtained a copy of his Equifax credit report and discovered the unauthorized Upstart and SoFi accounts continued to appear on his credit report. That same day, Plaintiff also was able to obtain a copy of his Trans Union credit report and discovered the unauthorized Upstart and SoFi accounts reported on his credit file.

25.     As a result of the inaccurate reporting, on or about March 28, 2023, Plaintiff completed an online dispute to Equifax and Trans Union concerning the inaccurate SoFi partial account number *****2009.

26.     In response to Plaintiff's online dispute, on April 7, 2023, Equifax responded by stating, the SoFi partial account number *****2009 was "verified as accurate". Equifax failed to do any independent investigation. Equifax never

attempted to contact Plaintiff during the alleged investigation. Plaintiff was very upset that Equifax verified the SoFi partial account number *****2009 despite Plaintiff never having an account with either of the furnishers and Plaintiff demonstrating it was an obvious fraud or a mistake by the furnishers.

27.     On April 16, 2023, Trans Union responded to Plaintiff's online dispute by requesting for further identification documents.

28.     As a result of the dispute result and continued inaccurate reporting by Equifax and Trans Union, on or about April 7, 2023, Plaintiff mailed a detailed written dispute letter to them concerning the inaccurate information being reported. Plaintiff explained to the Defendant that they were reporting an address and hard inquiries that did not belong to him. Further, Plaintiff explained the Upstart partial account number ******10 and the SoFi partial account number *****2009 accounts do not belong to him. Plaintiff included an image of his driver's license and recent utility bill to confirm his identity. Plaintiff also included images of the credit report and letters from Upstart and SoFi. Plaintiff also included images of his filed Federal Trades Commission Identity Theft Report.

29.     Plaintiff mailed his detailed dispute letter via USPS Priority Mail to Equifax 9505 5067 0431 3097 7113 91 and to Trans Union 9505 5067 0431 3097 7114 38.

30.    On April 22, 2023, Equifax responded to Plaintiff's dispute by requesting further identifying information despite Plaintiff providing his driver's license, utility bill and his social security number.

31.    On April 23, 2023, Trans Union responded to Plaintiff's dispute by stating both the Upstart partial account number ******10 and the SoFi partial account number *****2009 accounts are "VERIFIED AS ACCURATE".

32.    As a result of the dispute results Plaintiff received from both Equifax and Trans Union, on May 16, 2023, Plaintiff mailed a detailed written dispute letter to them concerning the inaccurate information being reported. Plaintiff explained to the Defendant that they were reporting an address and hard inquiries that did not belong to him. Further, Plaintiff explained the Upstart partial account number ******10 and the SoFi partial account number *****2009 accounts do not belong to him. Plaintiff included an image of his driver's license and recent utility bill to confirm his identity. Plaintiff also included images of the credit report and letters from Upstart and SoFi. Plaintiff again included images of his filed Federal Trades Commission Identity Theft Report.

33.    Plaintiff mailed his detailed dispute letter via USPS Priority Mail to Equifax 7022 1670 0001 3704 2486 and to Trans Union 9589 0710 5270 0114 1447 58.

34.    On May 25, 2023, Equifax responded to Plaintiff's dispute by continuing to report the SoFi partial account number *****2009 and updating the pay status as a damaging 90-119 days past due. Equifax did not directly state any investigation results as to the Upstart partial account number ******10.

35.    On May 27, 2023, Trans Union responded to Plaintiff's dispute by stating both the Upstart partial account number ******10 and the SoFi partial account number *****2009 accounts are "VERIFIED AS ACCURATE".

36.    Most devastating to Plaintiff, was on June 8, 2023, he received a collection letter from United Collection Bureau, Inc. This Debt Collector was attempting to collect the debt for the fraudulent SoFi account that Plaintiff was actively disputing with the credit bureaus.

37.    Due to the continued reporting and verifications from Equifax and Trans Union, on June 20, 2023, Plaintiff mailed a detailed written dispute letter to them concerning the inaccurate information being reported. Plaintiff explained to the Defendant that they were reporting an address and hard inquiries that did not belong to him. Further, Plaintiff explained the Upstart partial account number ******10 and the SoFi partial account number *****2009 accounts do not belong to him. Plaintiff included an image of his driver's license and recent utility bill to confirm his identity. Plaintiff also included images of the credit report and letters

from Upstart and SoFi. Plaintiff again included images of his filed Federal Trade Commission Identity Theft Report. Additionally, in this dispute letter, Plaintiff included images of the dispute results he received.

38.     Plaintiff mailed his detailed dispute letter via USPS Priority Mail to Equifax 7022 1670 0001 3694 6266 and to Trans Union 7022 1670 0001 3694 6280.

39.     In waiting for his dispute results on June 27, 2023, Plaintiff obtained a copy of his Trans Union credit report, and upon review they were no longer reporting the disputed Upstart partial account number ******10 and the SoFi partial account number *****2009.

40.     Plaintiff was unable to obtain his credit report for Equifax and cannot confirm if they are no longer reporting the disputed accounts.

41.     Equifax and Trans Union have never attempted to contact Plaintiff about his disputes.

42.     Equifax and Trans Union simply parroted off the backs of Upstart and SoFi and were reluctant to conduct actual investigation despite Plaintiff's many pleas.

43.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.     Monies lost by attempting to fix his credit;

 ii. Loss of time attempting to cure the errors;

 iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life, other physical damages;

 iv. Significant Reduction in credit score;

 v. Apprehensiveness to apply for credit due to the three rejections he has already endured;

 vi. Defamation as Equifax published Plaintiff's inaccurate information to third parties.

## COUNT I
## Violation of 15 U.S.C § 1681e(b)
## as to Defendant, Equifax Information Services, LLC (Negligent)

44. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

45. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed Upstart to report inaccurate information on an account. Equifax allowed SoFi to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process

or from calling witnesses with knowledge about the dispute. Moreover, no human reviews the introduction of a "Personal Statement", nor does Equifax consider such an introduction to be a dispute. Equifax fail to inform consumers that the Personal Statement does not trigger an investigation.

46.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment as he has been denied credit due to his low credit score.

47.    Equifax's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

48.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN KERCHER, respectfully requests that this Court award statutory, and actual damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681o; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C § 1681e(b)**
**as to Defendant, Equifax Information Services, LLC (Willful)**

49.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

50.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed Upstart to report inaccurate information on an account. Equifax allowed SoFi to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Moreover, no human reviews the introduction of a "Personal Statement", nor does Equifax consider such an introduction to be a dispute. Equifax fail to inform consumers that the Personal Statement does not trigger an investigation.

51.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment as he has been denied credit due to his low credit score.

52.     Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KEVIN KERCHER, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 1681i
### as to Defendant, Equifax Information Services, LLC (Negligent)

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Equifax refuses to believe Plaintiff and instead, simply repeats what Upstart and SoFi are automatically responding.

56.     Equifax took no independent action to investigate Plaintiff's dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upstart and SoFi.

57.     Equifax violated its own policies and procedures by not deleting the Upstart account and SoFi account after Plaintiff provided sworn testimony from the Federal Trade Commission of the fraud.

1.     Equifax's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

58.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff, KEVIN KERCHER, demands judgment and compensatory, and statutory damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.


**COUNT IV**
**Violation of 15 U.S.C § 1681i**
**as to Defendant, Equifax Information Services, LLC (Willful)**

59.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

60.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Equifax refuses to believe Plaintiff and instead, simply repeats what Upstart and SoFi are automatically responding.

61.     Equifax took no independent action to investigate Plaintiff's dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upstart and SoFi.

62.     Equifax violated its own policies and procedures by not deleting the Upstart account and SoFi account after Plaintiff provided sworn testimony from the Federal Trade Commission of the fraud.

63.     Equifax's conduct, action, and inaction is willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, the Plaintiff, KEVIN KERCHER, demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violation of 15 U.S.C § 1681e(b)
### as to Defendant, Trans Union LLC (Negligent)

65.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

66.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union allowed Upstart to report inaccurate information on an account. Trans Union allowed SoFi to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

67.     As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment as he has been denied credit due to his low credit score.

68.     Trans Union's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

69.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN KERCHER, respectfully requests that this Court award statutory, and actual damages against Defendant, TRANS UNION LLC, to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681e(b)
### as to Defendant, Trans Union LLC (Willful)

70.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

71.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed Upstart to report inaccurate information on an account. Trans Union allowed SoFi to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

72.  As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment as he has been denied credit due to his low credit score.

73.  Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

74.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KEVIN KERCHER, respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, TRANS UNION LLC, to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 1681i
### as to Defendant, Trans Union LLC (Negligent)

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

76.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Trans Union refuses to believe Plaintiff and instead, simply repeats what Upstart and SoFi are automatically responding.

77.     Trans Union took no independent action to investigate Plaintiff's dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upstart and SoFi.

78.     Trans Union violated its own policies and procedures by not deleting the Upstart account and SoFi account after Plaintiff provided sworn testimony from the Federal Trade Commission of the fraud.

2.     Trans Union's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

79.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff, KEVIN KERCHER, demands judgment and compensatory, and statutory damages against Defendant, TRANS UNION LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**COUNT VIII**
**Violation of 15 U.S.C § 1681i**
**as to Defendant, Trans Union LLC (Willful)**

80.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

81.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Trans Union refuses to believe Plaintiff and instead, simply repeats what Upstart and SoFi are automatically responding.

82.     Trans Union took no independent action to investigate Plaintiff's dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upstart and SoFi.

83.     Trans Union violated its own policies and procedures by not deleting the Upstart account and SoFi account after Plaintiff provided sworn testimony from the Federal Trade Commission of the fraud.

84.     Trans Union's conduct, action, and inaction is willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

85.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, the Plaintiff, KEVIN KERCHER, demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**COUNT IX**
**Violations of 15 U.S.C. § 1692f(1)**
**As to United Collections Bureau, Inc.**

86.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

87.     United Collections has attempted to collect a debt from Plaintiff that it new or had reason to know was illegitimate.

88.     United Collections violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

89.     United Collections had all of the information it needed to determine that the debt did not belong to Plaintiff yet attempted to collect that debt regardless. United Collections was aware that the account it was attempting to collect had been deleted as not belonging to Plaintiff yet continued to contact Plaintiff for purposes of attempting to collect the debt.

90.     As a results of the conduct, action and inaction of United Collections, Plaintiff suffered from embarrassment, worry, fear, frustration, anger and the damages otherwise outlined in this Complaint.

91.     Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from United Collections pursuant to the FDCPA.

92.     Plaintiff is entitled to recover reasonable attorney's fees and costs from United Collections in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, UNITED COLLECTIONS BUREAU, INC., jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 30th day of June 2023.

Respectfully Submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963

Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
Attorney for Plaintiff