THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELSEY EFIOM<br>　　　　Plaintiff,<br><br>v.<br><br>ADVANCE COLLECTION BUREAU, INC.,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, LLC<br>　　　　Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I.　INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Kelsey Efiom, an individual consumer, against Defendant Advance Collection Bureau, Equifax Information Services, LLC, and Experian Information Solutions, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### II.　JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendant Equifax Information Services, LLC's principal place of business is in the State of Georgia.

## III. PARTIES

4. Plaintiff Kelsey Efiom is a natural person residing in Atlanta, Georgia.

5. Plaintiff Kelsey Efiom is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

6. Upon information and belief, Defendant Advanced Collection Bureau, Inc. is a Florida company with a principal place of business of 1535 N Cogswell Street B-8 Rockledge, Florida 32955.

7. Defendant Advanced Collection Bureau, Inc. is a "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq.*

8. Defendant Advanced Collection Bureau, Inc. is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a.

9. Advanced Collection Bureau, Inc. is a debt collector as defined in 15 U.S.C. § 1692a(6).

10. Advanced Collection Bureau, Inc. is engaged in the collection of debt from consumers using the mail and telephone.

11. Advanced Collection Bureau, Inc. regularly attempts to collect consumers' debts alleged to be due to another.

12. Defendant Experian Information Solutions LLC (hereinafter "Experian") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

13. Defendant Experian is a California corporation duly authorized and qualified to do business in the State of Georgia.

14. Upon information and belief, Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

15. Defendant Experian prepared and issued credit reports concerning plaintiff which include inaccurate information.

16. Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

17. Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

18. Upon information and belief, Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

19. Defendant Equifax prepared and issued credit reports concerning plaintiff which included inaccurate information.

20. Upon information and belief, Defendants Equifax and Experian are regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a.    Public record information;

  b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

### IV. FACTS OF THE COMPLAINT

21. On or about September of 2017, Ms. Efiom traveled to Coffee Creek Apartments (hereinafter "Apartment") located in Edmond, Oklahoma.

22. Ms. Efiom completed an application at the Apartment and viewed a three (3) bedroom apartment.

23. After viewing the options at the complex, Ms. Efiom met with the leasing agent to discuss rental terms such as rental amount and deposit.

24. Ms. Efiom was informed of the Apartment's offer and told the agent that she would make a final decision in the next couple of days.

25. Shortly thereafter, Ms. Efiom called the Apartment's office at (405) 341-5729 and informed the agent that she decided not to lease an apartment unit at Coffee Creek Apartments.

26. Ms. Efiom did not and has never resided at Coffee Creek Apartments.

27. Much later, in 2020, Ms. Efiom, while seeking to purchase a home, was informed that the Apartment had obtained an eviction order against her in 2017.

28. In addition, Advanced Collection Bureau, Inc. (hereinafter "Debt Collector") was furnishing a trade line of $2,196.00 allegedly owed to Coffee Creek Apartments.

29. The obligation furnished by Debt Collector is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Ms. Efiom searched the Oklahoma Court Records and discovered that Apartments had filed a forcible entry and detainer suit against her in November 13, 2017.

31. The suit was filed in the District Court of Oklahoma County, State of Oklahoma, with a case number 2017-21136.

32. In the suit, Apartments alleged that Ms. Efiom owed it $1,241.00.

33. Apartments did not allege that Ms. Efiom owed it $2,196.00.

34. On November 20, 2017, the Court denied Apartment's request for monetary damages and held that Ms. Efiom owed Apartments $0.

35. Apartments signed off on the final order.

36. Ms. Efiom immediately contacted by telephone both Debt Collector and Apartment and disputed the debt.

37. On or about November 18, 2021, Ms. Efiom submitted disputes to both Experian and Equifax.

38. Defendants failed to remove the incorrect debt from Ms. Efiom's credit report.

39. On or about March 2, 2022, Ms. Efiom disputed the tradeline again to both Experian and Equifax.

40. Despite Ms. Efiom's numerous disputes, each Defendant has repeatedly failed to delete the incorrect debt from Ms. Efiom's credit report.

41. Upon information and belief, Equifax and Experian each forwarded Ms. Efiom's disputes to Debt Collector.

42. None of the Defendants conducted an adequate or thorough investigation into Ms. Efiom's disputes. Instead, they verified the information as accurate, and the accounts remained on her credit report.

43. As a result of the Defendants' failure to remove this inaccurate information from Ms. Efiom's credit reports, she suffered actual damages, including credit denials, a reduced credit score, stress, anxiety, and emotional distress.

44. As a standard practice, Equifax and Experian do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

45. Upon information and belief and consistent with their standard policies and procedures, Equifax and Experian automatically generated their "investigation" results once Debt Collector provided their responses to Ms. Efiom's disputes,

verifying that the account belonged to her, and no Equifax or Experian employee took any additional steps after the furnishers provided their responses to Ms. Efiom's disputes.

46. Instead, Equifax and Experian blindly accepted the furnishers' version of the facts and continued to report the inaccurate, derogatory information on Ms. Efiom's credit report.

47. Equifax and Experian continue the practice of parroting the response from their furnishers even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

48. Equifax and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

49. Instead, Equifax and Experian intentionally choose not to comply with the FCRA to lower their costs and increase profits. Accordingly, Equifax's and Experian's violations of the FCRA were willful.

50. At all times pertinent to this Complaint, Debt Collector's processing of consumer disputes were willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, their conduct was willful because it was intentionally accomplished through intended procedures and because their efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

51. Defendants' publishing of such inaccurate and incomplete information has damaged the personal and credit reputation of Ms. Efiom and caused severe humiliation, adverse action, emotional distress, and mental anguish.

## V. CAUSES OF ACTION

52. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

53. All causes of action were the producing causes of damages, which Plaintiff suffered.

## VI. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Defendant Debt Collector only)

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

55. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

56. Plaintiff disputed the account with one or more credit bureaus, as discussed above.

57. When Plaintiff disputed her account with the credit bureaus, Defendants used a dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher customers (such as Defendants).

58. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

8

59. When a consumer reporting agency receives a consumer dispute, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

60. Upon information and belief, the ACDV form is the method by which Defendants has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

61. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute via an ACDV to Defendants.

62. Defendants understood the nature of Plaintiff's disputes when it received the ACDV forms.

63. Upon information and belief, when Defendants received the ACDV form containing Plaintiff's dispute, it followed a standard and systematically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

64. Upon information and belief, when Defendants receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

65. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered concrete and particularized harm, including loss of credit, damage to reputation, embarrassment, humiliation, stress, and other emotional distress.

66. Defendants' conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rending them liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

67. In the alternative, Defendants was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## VII. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (Defendant Debt Collector only)

68. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

69. On one or more occasion within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

70. As Plaintiff detailed in the previous Count, Defendants has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

71. Defendants are aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

72. Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

73. Defendants understood Plaintiff's disputes and that Plaintiff claimed the account did not belong to her.

74. As a result of Defendants' violations of 15 U.S.C. § 1681-2(b)(1)(B), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

75. Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

76. In the alternative, Defendants was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.  Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### VIII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (Defendant Debt Collector only)

77. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

78. Debt Collector violated 15 U.S.C. § 168ls-2(b)(l)(C) and (D) by publishing the false information within Plaintiff's credit files with and to Experian and Equifax in response to his dispute and by failing to correctly report results of an accurate investigation to each credit reporting agency.

79. Plaintiff's disputes were, at a minimum, bona fide.

80. As a result of these violations of 15 U.S.C. § 1681s-2(b)(l)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit opportunity,

damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

81. Debt Collector's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

82. In the alternative, Debt Collector was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

83. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Debt Collector in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## IX. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(E)
## (Defendant Debt Collector only)

84. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

85. Debt Collector has violated 15 U.S.C. § 1681s-2(b)(1)(E) including but not limited to its failure to have a procedure to (i) modify the information in its system, (ii) delete that item of information, or (iii) permanently block the reporting of the information.

86. As a result of these violations of 15 U.S.C. § 1681s-2(b)(l)(E), Plaintiff suffered actual damages, including but not limited to: loss of credit opportunity, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

87. Debt Collector's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

88. In the alternative, Debt Collector was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

89. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Debt Collector in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## X. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Experian and Equifax only)

90. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

91. Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

92. As a result of Experian and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

93. Experian and Equifax's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages,

costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

94. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## XI. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i
### (Defendant Experian and Equifax only)

95. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

96. Experian and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

97. As a result of Experian and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

98. Experian and Equifax's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

99. In the alternative, Experian and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### XII. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1692e(8)
### (Defendant Debt Collector only)

100. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

101. Debt Collector violated the FDCPA.

102. Debt Collector's violations include, but are not limited to, the following:

> Debt Collector violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to the consumer reporting agencies which it knew or should have known to be false.

103. As a result of the above violations of the FDCPA, Debt Collector is liable to Plaintiff for actual damages, statutory damages, attorney fees and costs.

### XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. § 1692e(2)
### (Defendant Debt Collector only)

104. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

105. Debt Collector violated the FDCPA.

106. Debt Collector's violations include, but are not limited to, the following:

Debt Collector violated 15 U.S.C. § 1692e(2) of the FDCPA by the false representation of Plaintiff being legally responsible for the debt.

107. As a result of the above violations of the FDCPA, Debt Collector is liable to Plaintiff for actual damages, statutory damages, attorney fees and costs.

### XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelsey Efiom respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Kelsey Efiom and against Defendants Advanced Collection Bureau, Equifax, and Experian for the following:

a. Judgment that each Defendant violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

f. Judgment that Advanced Collection Bureau, Inc. violated the FDCPA;

g. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

h. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

i. Costs and reasonable Attorney's Fees pursuant to 15 U.S.C. § 1692k(3); 15 U.S.C. § 1692k(a)(3); and

j. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**JW Law Firm, PLLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@jwcreditlawyers.com

By: _____
     JEFFREY A. WILSON

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELSEY EFIOM<br>   Plaintiff,<br><br>v.<br><br>ADVANCE COLLECTION BUREAU, INC.,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, LLC<br>   Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br> |

## JURY DEMAND

Plaintiff, by and through her undersigned attorney, hereby demands trial by jury on all issues triable herein pursuant to FRCP, Rule 38 (b).

Respectfully submitted:

JW Law Firm, PLLC
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@jwcreditlawyers.com
Attorney for Plaintiff

By: _____
  JEFFREY A. WILSON