# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JADE SMALL, <br><br> Plaintiff, <br><br> v. <br><br> HIRE DYNAMICS SKILLED STAFFING, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Jade Small ("Plaintiff" or "Ms. Small"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Hire Dynamics Skilled Staffing, LLC ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2021; the EEOC issued its Notice of Right to Sue on April 10, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant employs more than 200 people.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## FACTUAL ALLEGATIONS

10.

Plaintiff Small incorporates by reference and realleges each of the preceding paragraphs as set out herein.

11.

Plaintiff Small was pregnant.

12.

Plaintiff Small began working for Defendant on or about April 19, 2021. Her last position was as a Recruiter.

13.

On the day Plaintiff Small started, she told the Hiring Manager Leslie LNU she had a scheduled doctor's appointment for April 27, 2021.

14.

On or about April 29, 2021, Plaintiff Small told Leslie that she was pregnant.

15.

On or about May 12, 2021, Plaintiff suffered a miscarriage with one of her babies.

16.

Leslie wanted to know in great detail about Plaintiff Small's miscarriage, even though she told her she was uncomfortable.

17.

Only after Plaintiff Smalls told Leslie about her miscarriage, was she allowed to take the rest of the day off to heal.

18.

Because of the miscarriage, Plaintiff Small's doctor requested that they start meeting for weekly appointments to monitor the other baby's health.

19.

Each time Plaintiff Small requested to be off for an appointment, Leslie made it difficult for her and would often call and text while she was at the appointments.

20.

Plaintiff continued to provide doctor's excuses, until Leslie told her the doctor's excuses weren't needed.

21.

On or about May 24, 2021, Plaintiff Small started to experience cramps again, and her doctor believed she would lose her second baby.

22.

The doctor told Plaintiff Small to come to the hospital immediately.

23.

Due to being medicated and having frequent conversations with the nurses and doctors, Plaintiff Small asked her sister to text Leslie from her phone and let Leslie know her current status.

24.

After the initial message, Leslie continued to call and text.

25.

Leslie asked when Plaintiff Small planned to return to work and it was relayed that Plaintiff was not sure at the moment because it had only been a day and had not heard the doctor's orders.

26.

The next day, Plaintiff Small's sister went to get extra clothes, and while out, she had Plaintiff Small's phone.

27.

While Plaintiff's sister was away with her phone, Leslie messaged Plaintiff again.

28.

Leslie again asked Plaintiff's sister when she would return.

29.

Without Plaintiff Small's permission, Plaintiff Small's sister told Leslie that Plaintiff Small would be understanding if she had to let her go.

30.

Leslie was aware that it was not Plaintiff Small, but her sister who was texting.

31.

Plaintiff Small did not know about this conversation nor did she approve the conversation.

32.

Defendant terminated Plaintiff Small's employment on or about May 26, 2021.

33.

Once Plaintiff learned of the conversation, Plaintiff contacted Leslie and told her that she did not offer her resignation and intended to continue her employment.

34.

Leslie told Plaintiff Small they would love to rehire her at some point, but right now is not a good time for her and the decision was final.

35.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., .

### CLAIMS FOR RELIEF

### COUNT I:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.

Plaintiff re-alleges paragraphs 9-35 as if set forth fully herein.

37.

Plaintiff was pregnant.

38.

Plaintiff was qualified for the position of Recruiter.

39.

Defendant did not learn of Plaintiff's pregnancy, until after she was hired.

40.

On or about May 26, 2021, Leslie terminated Plainitiff's employment, while she received necessary medical attention related to her pregnancy.

41.

Leslie contended that right now was not a good time for the Plaintiff.

42.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy constitutes unlawful discrimination on the

basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

45.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her pregnancy.

46.

As a direct and proximate result of Defendant's violation of Title VII, and terminating her employment, Plaintiff has been made victims of acts that have adversely affected her psychological and physical well-being.

47.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

# COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47.

Plaintiff re-alleges paragraphs 9-35 as if set forth fully herein.

49.

Plaintiff is a woman.

50.

Plaintiff was qualified for her position as a Recruiter.

51.

Defendant hired Plaintiff before they learned of her pregnancy.

51.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

53.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

54.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

55.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

 

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau
Georgia Bar No. ASB7338K58F
GA103555

Counsel for Plaintiff Jade Small

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kira@justiceatwork.com