UNITED STATES DISTRICT COURT
NORTHERN DISTRICT GEORGIA
ATLANTA DIVISION

---------------------------------------------------------------------------x

Randall Perez,

           Plaintiff,                                              C.A. No.:

   -against-                                            **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Aldous & Associates, PLLC,

           Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Randall Perez ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), and Defendant Aldous & Associates, PLLC ("Aldous" or "Aldous and Associates") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require

1

"misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.* and § 1692 *et seq.*

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred in the State of Georgia where Defendants also conduct business.

5. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

6. Plaintiff additionally brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 et seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Georgia.

9. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

10. Aldous is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 2 Sun Ct Ste 400, Peachtree Corners, GA 30092.

12. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

13. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

14. Aldous is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the Corporation Service Company, registered to do business in the state of Georgia, and may be served with process upon C T Corporation System its registered agent for service of process at 289 S Culver Street, Lawrenceville, Georgia 30046.

## STANDING

15. A debtor had standing to bring suit against a debt collector under the FDCPA based on the collector's failure to report the debt as disputed, a specific procedural violation of 15

U.S.C.S. § 1692e(8), and more generally a violation of 15 U.S.C.S. § 1692e (prohibiting broadly any false, deceptive, or misleading representation in the collection of a debt); (*Brown R&B Corp. of Va.*, 267 F. Supp. 3d 691, 694).

16. The FDCPA's procedural requirement that debt collectors accurately report disputed debts as disputed was intended to protect the debtor's substantive right in being free from abusive debt collection practices, *Id.*

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Plaintiff applied for a gym membership on July 28, 2021.

19. Plaintiff turned 18 years old, the legal age required to enter into contractual agreements in the state of Georgia, on December 8, 2021.

20. Plaintiff presented his valid photo ID when applying for the Gym membership.

21. Plaintiff voided his contract that was made when he was a minor within a reasonable time of turning the age of majority.

### Aldous & Associates Dispute and Violation

22. Upon information and belief, on a date better known to Transunion, Transunion prepared and issued a credit report concerning the Plaintiff that included inaccurate and misleading information relating to his Aldous & Associates account with account number D22088**** ("Account").

23. The inaccurate information furnished by Aldous and published by Transunion is inaccurate since Plaintiff was a minor at the time Account was opened, he voided his contract, and therefore does not owe any outstanding debt.

24. It is materially misleading to report the Account as a collection account on Plaintiff's credit report, which is severely derogatory.

25. By noting Plaintiff with a collection account on his credit report, Defendants give the false impression to potential lenders that Plaintiff has an outstanding debt that he owes.

26. In fact, Plaintiff is not legally obligated for any debt related to this Account as it was opened when Plaintiff was a minor and later voided when he reached the age of majority.

27. Upon learning that this collection account was reporting on Plaintiff's Transunion credit report, Plaintiff disputed the Account with Transunion by dispute letter, dated January 11, 2023.

28. Plaintiff advised Transunion of the context of the Account and why it should not be reporting on his credit report with an outstanding balance.

29. According to United Postal Service, the dispute letter was delivered to Transunion on January 24, 2023.

30. Upon information and belief, Transunion notified Aldous of Plaintiff's dispute.

31. Upon further information and belief, after receiving Plaintiff's dispute, Aldous continued reporting the Account with an outstanding balance, without notating the Account as "disputed by consumer".

32. Aldous materially violated the FDCPA by failing to mark the Account as "disputed by consumer."

33. Aldous violated the FDCPA in that it did not report the fact that Plaintiff disputed the alleged debt. As explained in *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir.2008), "The relevance of the portion of § 1692e(8) on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt collector elects to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the consumer has disputed the Alleged Debt. (*See also O'Fay v. Sessoms & Rogers, P.A.*, holding that once a debt collector elects to communicate credit information about a consumer, "it must not omit. . . that the consumer has disputed a particular debt," 2010 U.S. Dist. LEXIS 104307, *23).

34. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

    > Disputed debt: If a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, he must report it as disputed. Post-report dispute: When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported. *Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))

35. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. See, e.g., *Jacques v. Solomon & Solomon P. C.*, 2012 U.S. Dist. LEXIS 118092, ** 11 (D.Del.2012) (holding that the duty to report a debt under [Section 1692e(8) ] arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC*, 2011 U.S. Dist. LEXIS 79160, *10-11 (D.Minn.2011) ( "[I]f a debt

collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc.*, 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010); *Kinel v. Sherman Acquisition II LP*, 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006) ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC*, 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

36. Here, Aldous reported the alleged debt on the Plaintiff's credit report, after knowing about the Plaintiff's dispute, yet failed to include that the debt was disputed to the credit reporting agencies.

37. As a result of the failure to remove the debts, or mark same as disputed, Plaintiff's credit score suffered, which has resulted in Plaintiff's inability to obtain credit, and/or credit with less favorable interest rates and may have the result of hindering future employment opportunities and abilities to qualify for a new apartment.

38. Upon receipt of Plaintiff's Account dispute letters from Transunion, Aldous failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

39. Had Aldous done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Aldous that Plaintiff was not of legal age to open this Account on the open date of July 28, 2021.

40. Despite Plaintiff's dispute that the information on his consumer report was inaccurate with respect to the disputed Account, Transunion did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

41. Had Transunion done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Transunion that that Plaintiff was not of legal age to open this Account on the open date of July 28, 2021.

42. Transunion further violated the FCRA by failing to mark the Account as "disputed by consumer."

43. Plaintiff applied for a refinanced mortgage from Cornerstone First Mortgage., and received a letter on March 8, 2023 advising of him that "due to the Aldous & Associate account," his credit scores were affected and Plaintiff would have to pay "a higher interest rate" and "would not be approved for the loan."

44. The inaccurate collection account listed on Plaintiff's Transunion credit report was a substantial factor contributing to Plaintiff's inability to qualify for an affordable interest rate on a refinanced loan.

45. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

47. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

48. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. As a result of Aldous' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

50. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

51. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

52. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

53. Transunion have willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

54. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

55. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

56. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Randall Perez, an individual, demands judgement in his favor against Transunion for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

57. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

59. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

60. Transunion have negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

61. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

62. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Randall Perez, an individual, demands judgement in his favor against Transunion for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Aldous & Associates, PLLC)

64. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

69. Aldous & Associates violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. As a result of the conduct, action and inaction of Aldous & Associates, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The conduct, action and inaction of Aldous & Associates was willful, rendering Aldous & Associates liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Aldous & Associates in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Randall Perez, an individual demands judgement in his favor against Aldous & Associates in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Aldous & Associates, PLLC)

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

78. Aldous & Associates is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

79. After receiving the Dispute Notice from Transunion, Aldous & Associates negligently failed to conduct its reinvestigation in good faith.

80. A reasonable investigation would require a furnisher such as Aldous & Associates to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

81. The conduct, action and inaction of Aldous & Associates was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. As a result of the conduct, action and inaction of Aldous & Associates, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Aldous & Associates in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Randall Perez, an individual, demands judgement in his favor against Aldous & Associates for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

**(Violations of the FDCPA as to Defendant Aldous & Associates, PLLC)**

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. When Aldous re-reported the collection account after it received Plaintiff's dispute, Aldous failed to list the Account as "disputed by consumer" despite being required to do so by the FDCPA.

86. Furthermore, Aldous continues to report the Account on the Plaintiff's credit report despite its own failure and inability to properly verify that the debt was in fact due and owing.

87. Aldous's failure constitutes violations of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

88. As a result of the Aldous's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

89. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

  a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

  b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

  c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

  d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

  e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

h) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

i) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

j) For declaratory relief stating that Aldous violated the FDCPA pursuant to 28 U.S.C. §2201; and

k) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  June 30, 2023

Respectfully Submitted,

s/ *Misty Oaks Paxton*
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By:  Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*PRO HAC VICE pending*