IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JENNIFER BLACKBURN,**<br><br>and<br><br>**RICHARD BLACKBURN,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**EQUIFAX INFORMATION SERVICES LLC**<br><br>    Defendant. | |

**COMPLAINT**
**[JURY TRIAL DEMANDED]**

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumers, Jennifer Blackburn and Richard Blackburn against Defendant Equifax Information Services LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692k(d) and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs Jennifer Blackburn and Richard Blackburn are adult individuals residing in Florida.

5. Defendant Equifax Information Services LLC, ("Equifax") is a consumer reporting agency that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1550 Peachtree St NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties ("inaccurate information") from at least April 2022 through present.

7. The inaccurate information includes, but is not limited to representations to Plaintiffs' lenders that Plaintiffs' credit reports are frozen, that Plaintiffs lack sufficient credit, that Plaintiffs have no credit files, and that Plaintiffs' credit files are fraudulent or misused.

8. As a result the inaccurate information, Defendant have entirely locked Plaintiffs out of the use of their credit, and has refused to provide any credit score for Plaintiffs.

9. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' creditworthiness.

10. Upon information and believe, the inaccurate information was caused by Defendant incorporating into Plaintiffs' credit files personal identifying information and accounts and/or tradelines that do not belong to the Plaintiffs, and that actually belong to another consumer. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiffs and that of other consumers, with respect to the inaccurate information and other personal identifying information.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least April 2022 through the present.

12. Plaintiffs have disputed the inaccurate information with Equifax by following Equifax's established procedures for disputing consumer credit information.

13. Plaintiffs have disputed the inaccurate information with Equifax numerous times from April 2022 through the present.

14. Notwithstanding Plaintiffs' efforts, Equifax has refused to correct the inaccuracies and continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least April 2022 through the present.

15. Despite Plaintiffs' efforts, Equifax has never: (1) contacted Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes; (3) forwarded all relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

16. Despite Plaintiffs' exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about the Plaintiffs.

17. Additionally, on numerous occasions from April 2022 through to the present, Plaintiffs have requested copies of their Equifax consumer file disclosures from Defendant.

18. In response to those requests, Defendant either failed to provide any disclosure at all, or provided an incomplete disclosure to Plaintiffs that were inconsistent with the credit information being contemporaneously provided to Plaintiffs' prospective lenders.

19. As of result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiffs herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiffs v. Equifax)

22. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiffs were "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. At all times pertinent hereto, the above-mentioned disclosures and files were "file[s]" as that term is defined by 15 U.S.C. § 1681a(g).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiffs for willfully and negligently 1) failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b); 2) failing to conduct a reasonable investigation in response to Plaintiffs' disputes in violation of 15 U.S.C. § 1681i; and 3) failing to provide the contents of Plaintiffs' files in response to Plaintiffs' requests in violation of 15 U.S.C. § 1681g.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is each liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMANDED**

29. Plaintiffs demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Jeffrey Sand*
Jeffrey Sand, Esquire
Weiner & Sand LLC
800 Battery Ave., Suite 100
Atlanta, GA 30339
T: 404-205-5029
F: 866-800-1482
E: js@wsjustice.com

Joseph L. Gentilcore, Esq.*
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
**Application for Admission*
*Pro Hac Vice Forthcoming*