# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

**EXHIBIT "A"**

CIVIL ACTION NUMBER <u>2023CV01631-10</u>

Geddis, Marquis

---

**PLAINTIFF**

VS.

Daily Express, Inc.
ABC Corp.
XYZ Corp.
Morris, Harry
Doe 1, John
Doe 2, John

---

**DEFENDANTS**

**SUMMONS**

TO: DAILY EXPRESS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Hung Q. Nguyen
> 770GOODLAW, H. Q. Alex Nguyen Law Firm, LLC
> 5495 Jimmy Carter Blvd., Ste. B-17
> Norcross, Georgia 30093-1518

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of May, 2023.**

Clerk of Superior Court

_____
Chanae Clemons, Clerk
Clayton County, Georgia

Page 1 of 1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA
**2023CV01631-10**
Shana Rooks Malone
MAY 16, 2023 05:27 PM

Chanae Clemons, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MARQUIS GEDDIS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| v. | ) |
| | ) |
| HARRY MORRIS, DAILY | ) |
| EXPRESS, INC., JOHN DOES 1-2, | ) |
| ABC CORP., AND XYZ CORP., | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, MARQUIS GEDDIS, Plaintiff, and makes and files this Summons and Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Danny DAILY EXPRESS, INC. is a corporation organized under the laws of the State of Pennsylvania and is subject to the jurisdiction and venue of this Court under O.C.G.A. § 9-10-91, as it exercised the privilege of conducting activities within the State of Georgia and enjoyed the benefits and protections of the laws of this State; therefore, it is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant DAILY EXPRESS, INC. through its president, Todd R. Long at 1072 Harrisburg Pike, Carlisle, PA 17013. Defendant DAILY EXPRESS, INC. owned the 2000 International 9900, V.I.N.

2HSCKAPR2YC071763 commercial vehicle ("the Truck" or "Truck") involved in the collision that is the subject matter of this lawsuit.

3.

At all times relevant to this case and at present, HARRY MORRIS was a non-resident motorist. Defendant HARRY MORRIS resides at 239 Virginia Avenue, Sparta, TN 38583, and may be served with a copy of the Summons and Complaint at this address. Jurisdiction and venue are proper in this Court under O.C.G.A. § 40-12-3, as Defendant HARRY MORRIS is a non-resident motorist, Plaintiff is a resident of Georgia, and the subject collision occurred in Clayton County, Georgia. Defendant HARRY MORRIS operated the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763 commercial vehicle ("the Truck" or "Truck") involved in the collision that is the subject matter of this lawsuit.

4.

John Doe 1 and John Doe 2 are individuals that owned and/or operated the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763 commercial vehicle involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants HARRY MORRIS and DAILY EXPRESS, INC. against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

5.

Defendant ABC Corp. is a motor carrier, leasing company, broker, or freight forwarder that owned, leased, brokered, freight forwarded, or operated the Tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants HARRY MORRIS and DAILY

EXPRESS, INC. against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

6.

Defendant XYZ Corp. is an insurance company that insured the commercial vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendants HARRY MORRIS and DAILY EXPRESS, INC. against Defendant XYZ Corp. as well. Defendant XYZ Corp. will be named and served with a copy of the Summons and Complaint once its identity is revealed.

## COUNT I
## NEGLIGNECE OF DEFENDANT HARRY MORRIS

7.

On or about December 17, 2021, Plaintiff was travelling on I-285 West Ramp, approaching I-285 East Ramp.

8.

On or about December 17, 2021, Defendant HARRY MORRIS was also travelling on I-285 West Ramp, approaching I-285 East Ramp, directly behind Plaintiff's vehicle.

9.

As I-285 West Ramp and I-285 East Ramp merged into I-75 South Ramp, Plaintiff's vehicle started moving to the left lane from the right lane.

10.

At the same time, Defendant HARRY MORRIS's vehicle crossed the white solid line of the gore, accelerated to pass Plaintiff's vehicle, and collided with the rear-left side of Plaintiff's vehicle.

11.

Defendant HARRY MORRIS had a duty to operate the Truck in a safe and reasonable manner and comply with all laws of the State of Georgia.

12.

Defendant HARRY MORRIS breached this duty when he failed to operate the Truck in a safe and reasonable manner by failing to maintain his lane of travel, by failing to obey the markings on the roadway, by failing to maintain a proper lookout, and by following Plaintiff's vehicle too closely, and thus caused the subject collision in the process.

13.

Defendant HARRY MORRIS is negligent per se because: (1) his acts were in violation of Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

14.

Defendant HARRY MORRIS' actions caused the aforementioned collision.

15.

Defendant HARRY MORRIS' negligence caused the aforementioned collision.

16.

Plaintiff in no way caused or contributed to the subject collision.

## COUNT II
### NEGLIGENCE OF DEFENDANT DAILY EXPRESS, INC.

17.

Plaintiff re-alleges and incorporates herein the allegations contained above as if fully restated.

18.

On or about December 17, 2021, Defendant DAILY EXPRESS, INC. owned, operated, leased, brokered, freight forwarded, or controlled a 2000 International 9900, V.I.N. 2HSCKAPR2YC071763 (the "Truck"), for use on a public roadway.

19.

At all times relevant hereto Defendants DAILY EXPRESS, INC. and HARRY MORRIS operated the Truck as a motor contract carrier pursuant to O.C.G.A § 40-2-140.

20.

Defendant DAILY EXPRESS, INC. is liable under the doctrine of respondent superior for the harm caused to Plaintiff because of the wrongful acts of its employee or agent, Defendant HARRY MORRIS, who acted within the scope and course of his employment or agency with Defendant DAILY EXPRESS, INC., and during the actual transaction of DAILY EXPRESS, INC.'S business.

21.

Defendant DAILY EXPRESS, INC. negligently entrusted the Tractor to Defendant HARRY MORRIS when Defendant HARRY MORRIS was not properly suited to drive the Truck.

22.

Defendant DAILY EXPRESS, INC. negligently hired, trained, retained, and supervised its employee or agent, Defendant HARRY MORRIS.

23.

Defendant DAILY EXPRESS, INC. knew or should have known that operating its Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent would cause harm to persons such as Plaintiff.

24.

Defendant DAILY EXPRESS, INC. knew or should have known that owning, leasing, brokering, freight forwarding, controlling, or operating the Truck on a public roadway while failing to properly hire, train, and supervise its employee or agent, Defendant HARRY MORRIS, would cause harm to persons such as Plaintiff.

25.

Defendant DAILY EXPRESS, INC. is negligent per se because: (1) its acts and/or the acts of its employee or agent, Defendant HARRY MORRIS, was in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial vehicles; (2) the laws were designed to prevent the type of collision and injuries Plaintiff suffered; (3) Plaintiff is a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiff's injuries and damages.

26.

Defendant DAILY EXPRESS, INC.'S actions caused the aforementioned collision.

27.

Defendant DAILY EXPRESS, INC.'S negligence caused the aforementioned collision.

28.

Plaintiff in no way caused or contributed to the subject collision.

## DAMAGES

29.

Defendants DAILY EXPRESS, INC. and HARRY MORRIS actions and negligence caused the aforementioned collision, and as a result, Plaintiff suffered injuries which resulted in medical bills currently totaling $42,826.44, as well as physical and mental pain and suffering in an amount to be proven at trial.

30.

As a direct and proximate result of Defendants DAILY EXPRESS, INC. and HARRY MORRIS' negligence and negligence per se, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a) That summons issue requiring the Defendants to appear as provided by law to answer fully and completely each and every allegation in this instant Complaint;

b) That Plaintiff have and recover compensatory damages from the Defendants in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of Plaintiff's injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

c)  That Plaintiff have and recover from said Defendants special damages for past and future medical expenses in such an amount as shall be proven at trial;

d)  That the Plaintiff be awarded the costs of this action, including reasonable attorneys' fees, as the Defendant has acted and continues to act in a manner that is stubbornly litigious, causing Plaintiff unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11;

e)  That this matter be tried to a jury;

f)  That all costs be cast against the Defendants; and

g)  For such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which he has a right to a jury.

## NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL

Plaintiff hereby gives notice that Plaintiff intends to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

This 16th day of May, 2023.

                                                      **LAW OFFICE OF HUNG Q. NGUYEN& ASSOCIATES, LLC.**

                                                      By:  *Hung Q. Nguyen*
                                                            Hung Q. Nguyen, Esq.
                                                            GA State Bar No. 940370
                                                            Stephen J. Valero, Esq.
                                                            GA State Bar No. 184083

5495 Jimmy Carter Blvd., Suite B-17        Attorneys for Plaintiff
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
Litigation@770goodlaw.com