IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**EXHIBIT "B"**

| | | |
|---|---|---|
| MARQUIS GEDDIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY MORRIS, DAILY EXPRESS, INC., JOHN DOES 1-2, ABC CORP., AND XYZ CORP., | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MARQUIS GEDDIS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DAILY EXPRESS, INC.

TO:   DAILY EXPRESS, INC.
      1072 Harrisburg Pike
      Carlisle, PA 17013

COME(S) NOW, MARQUIS GEDDIS, (hereinafter "Plaintiff"), to make the following Request for Admissions to Defendant DAILY EXPRESS, INC. ("Defendant" or "DAILY EXPRESS, INC.") for the purposes of this action only pursuant to § 36 of the Georgia Civil Practice Act (O.C.G.A. 9-11-36):

NOTE A:   As used herein, the term "you" and "your," is intended to and shall embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

NOTE B:   These Requests for Admissions shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between the time the responses are served and the time of trial.

NOTE C: As used herein, the term "person" is intended to and shall embrace and include all natural persons in any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

NOTE D: If any Request for Admission is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relies as the basis for each objection.

## ADMISSIONS REQUESTED

1. Do you admit or deny that this Court has jurisdiction over you?

2. Do you admit or deny that this Court is the Court of proper venue in this action?

3. Do you admit or deny that you have received process in this action, and that such service and process is sufficient?

4. Do you admit or deny that this Court has jurisdiction over the subject matter of this claim?

5. Do you admit or deny that you were properly named in this lawsuit?

6. Do you admit or deny that Defendant HARRY MORRIS was an employee of DAILY EXPRESS, INC. at the time of the motor vehicle collision that is the subject matter of this lawsuit?

7. Do you admit or deny that Defendant HARRY MORRIS was in the course and scope of his employment with DAILY EXPRESS, INC. at the time of the motor vehicle collision that is the subject matter of this lawsuit?

8. Do you admit or deny that Defendant HARRY MORRIS was at fault for the motor vehicle collision that is the subject of Plaintiff's Complaint?

9. Do you admit or deny that you owned the vehicle operated by Defendant HARRY MORRIS at the time of the motor vehicle that is the subject matter of Plaintiff's Complaint?

10. Do you admit or deny that the Policy issued by Defendant DAILY EXPRESS, INC. provided coverage for bodily injury suffered by Plaintiff in the motor vehicle collision that forms the basis of Plaintiff's Complaint?

11. Please admit that Defendant HARRY MORRIS, at all relevant times, operated a 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, involved in the December 17, 2021 collision.

12. Please admit that Plaintiff, at all relevant times, operated a 2022 Freightliner Cascadia, V.I.N.: 3AKJHHDR0NSMX3677, involved in the December 17, 2021 collision.

13. Please admit that a collision occurred on December 17, 2021 between the vehicle driven by Defendant and the vehicle driven by Plaintiff in Clayton County, Georgia.

14. Please admit that the vehicle driven by Defendant HARRY MORRIS impacted with the rear-left side of Plaintiff's vehicle.

15. Please admit that Defendant HARRY MORRIS failed to obey the traffic control markings on the roadway.

16. Please admit Defendant HARRY MORRIS crossed the white solid line of the gore.

17. Please admit that Defendant HARRY MORRIS, after crossing the white solid lane of the gore, accelerated in an attempt to pass Plaintiff's vehicle to the left.

18. Please admit that Defendant HARRY MORRIS failed to maintain his lane of travel.

19. Please admit that Defendant HARRY MORRIS failed to maintain a proper lookout.

20. Please admit that Defendant's vehicle followed Plaintiff's vehicle more closely than was reasonable and prudent.

21. Please admit that Defendant HARRY MORRIS owed Plaintiff a duty to exercise ordinary care in the operation and of his vehicle.

22. Please admit that Defendant HARRY MORRIS breached his duty to Plaintiff by failing to maintain his lane of travel while operating his vehicle on December 17, 2021.

23. Please admit that Defendant HARRY MORRIS breached his duty to Plaintiff by failing to obey the traffic control markings on the roadway while operating his vehicle on December 17, 2021.

24. Please admit that Defendant HARRY MORRIS breached his duty to Plaintiff by failing to maintain a proper lookout while operating his vehicle on December 17, 2021.

25. Please admit that Defendant HARRY MORRIS breached his duty to Plaintiff by following too closely while operating his vehicle on December 17, 2021.

26. Please admit that Defendant HARRY MORRIS' breach of his duty to Plaintiff was the actual cause of the December 17, 2021 collision.

27. Please admit that Defendant HARRY MORRIS' breach of his duty to Plaintiff was the actual cause of the Plaintiff's injuries from the December 17, 2021 collision.

28. Please admit that Defendant HARRY MORRIS' breach of his duty to Plaintiff was the proximate cause of the December 17, 2021 collision.

29. Please admit that Defendant HARRY MORRIS' breach of his duty to Plaintiff was the proximate cause of the Plaintiff's injuries from the December 17, 2021 collision.

30. Please admit that Defendant HARRY MORRIS' actions were the sole cause of the December 17, 2021 collision.

31. Please admit that Plaintiff did not contribute to causing December 17, 2021 collision.

32. Please admit that no other person or entity contributed to causing the December 17, 2021 collision.

33. Please admit that it is possible for a person to receive injuries in a motor vehicle collision.

34. Please admit that as a result of the December 17, 2021 collision Plaintiff suffered injuries.

35. Please admit that as a result of the December 17, 2021 collision Plaintiff required necessary medical treatment.

36. Please admit that as a result the December 17, 2021 collision Plaintiff received treatment at Absolute Healthcare & Rehab Center.

37. Please admit that the medical treatment rendered by Absolute Healthcare & Rehab Center to Plaintiff amounted to $5,233.00.

38. Please admit that the medical treatment rendered by Absolute Healthcare & Rehab Center to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

39. Please admit that the medical treatment rendered by Absolute Healthcare & Rehab Center to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the December 17, 2021 collision.

40. Please admit that as a result the December 17, 2021 collision Plaintiff received treatment at Ortho Sport and Spine Physicians.

41. Please admit that the medical treatment rendered by Ortho Sport and Spine Physicians to Plaintiff amounted to $37,593.44.

42. Please admit that the medical treatment rendered by Ortho Sport and Spine Physicians to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

43. Please admit that the medical treatment rendered by Ortho Sport and Spine Physicians to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the December 17, 2021 collision.

44. Please admit that as a result of the December 17, 2021 collision Plaintiff incurred medical expenses in excess of $42,826.44.

45. Please admit that Plaintiff continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the December 17, 2021 collision.

46. Please admit that as a result of the December 17, 2021 collision Plaintiff will need future medical treatment.

47. Please admit that Plaintiff that as a result of the December 17, 2021 collision Plaintiff is entitled to general damages for her pain and suffering.

This 16th day of May, 2023.

                                        **LAW OFFICE OF HUNG Q. NGUYEN& ASSOCIATES, LLC.**

                                        By: _*Hung Q. Nguyen*_
                                               Hung Q. Nguyen, Esq.
                                               GA State Bar No. 940370
                                               Stephen J. Valero, Esq.
                                               GA State Bar No. 184083

5495 Jimmy Carter Blvd., Suite B-17      Attorneys for Plaintiff
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
Litigation@770goodlaw.com