## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARQUIS GEDDIS, | ) | **EXHIBIT "C"** |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY MORRIS, DAILY | ) | |
| EXPRESS, INC., JOHN DOES 1-2, | ) | |
| ABC CORP., AND XYZ CORP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF MARQUIS GEDDIS' FIRST INTERROGATORIES TO DEFENDANT DAILY EXPRESS, INC.

TO:    DAILY EXPRESS, INC.
        1072 Harrisburg Pike
        Carlisle, PA 17013

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, MARQUIS GEDDIS (hereinafter "Plaintiff"), by and through undersigned counsel, serves the following Interrogatories to DAILY EXPRESS, INC. (hereinafter "Defendant"). The interrogatories shall be answered under oath by Defendant within the time and in the manner prescribed by law and in accordance with the following instructions and definitions. Each of the following interrogatories is continuing in the manner provided by law.

### DEFINITIONS

1. As used herein, "Defendant," "you," "your," or "its" shall mean DAILY EXPRESS, INC., any and all predecessor entities of DAILY EXPRESS, INC., its attorneys and agents, and all persons acting or purporting to act on its behalf.

2. As used herein, "Plaintiff" shall mean MARQUIS GEDDIS, his attorneys and

agents, and all persons acting or purporting to act on his behalf.

3.      As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.  The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine, or neutral gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope.  The singular

form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.   As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.   As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.   As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by

each request.

13.     As used herein, "identify," when used in reference to <u>a person or an individual</u>, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person) and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person or other entity identified.

14.     As used herein, "identify," when used in reference to <u>a business, company, firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name, all present or last known addresses, and all telephone numbers.

15.     As used herein, "identify," when used in reference to <u>documents</u>, shall mean: (1) to state the name and date of the document, the date that document was originally created, the date that the document was first sent to any person, and the number of pages comprising the document; (2) to identify the person who created the document, each person to whom the document is addressed, and each person to whom copies of the document were or have been sent; (3) to provide a brief description of the subject matter of the document; and (4) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document.  In lieu of identifying any documents, you may produce legible copies of said documents that approximate

the original documents as closely as possible in all respects, including color copies where necessary.

16.    As used herein, "identify," when used in reference to <u>an oral statement or communication,</u> shall mean to state the date, the subject matter, the persons initiating and receiving

the communication, the nature of the communication and whether it was recorded, and to identify each person who witnessed the communication.

17.    As used herein, the term "identify" when used in reference to <u>an act, event, or course of conduct,</u> shall mean to provide the date and a complete description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.

## II. <u>INSTRUCTIONS</u>

1.    If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory.  If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2.    If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3.    If your response is qualified in any particular, please set forth the details of such

qualifications.

4.     With respect to any interrogatories that call for the description of the contents of a document or ask you to identify documents, you may, in lieu of answering the interrogatory, attach such documents, or legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary, to your answers, specifying the exact interrogatory to which each such document relates.

5.     If Defendant objects to any Interrogatory or Interrogatories on the basis of privilege, please provide a **privilege log** including: (a) title if applicable; (b) date if applicable; (c) author if applicable; (d) addressee if applicable; (e) all copy addresses if applicable; (f) a brief description of the document or information with sufficient specificity to reveal its subject matter; (g) the form of the information and/or document and any attachments; (h) the present location of the information and/or document; (i) the identity of the persons or persons who have custody, control, or possession of the information and/or document; and (j) a statement of the basis on which the privilege is claimed.

6.     These interrogatories are continuing in character to the extent provided in the Georgia Civil Practice Act and require you to serve upon Plaintiffs supplemental answers as provided by the Georgia Civil Practice Act.

## <u>INTERROGATORIES</u>

1.

As instructed above and pursuant to Definition No. 13, please identify each and every person who has held the following position(s) and/or had the following responsibility(ies) at any time between December 1st, 2021 and present, including the dates that each individual held such

position(s) and/or had such responsibility(ies): President; Vice President(s); Treasurer; Owner; Safety Director; Personnel Director; all drivers; person(s) responsible for the inspection, maintenance, and/or repair of your tractors and or trailers, specifically the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, that was involved in the subject collision; person(s) responsible for training your employees/drivers, including, but not limited to, the person(s) responsible for training Defendant HARRY MORRIS; person(s) responsible for interviewing and/or hiring your employees/drivers, including, but not limited to, the person(s) responsible for interviewing and/or hiring Defendant HARRY MORRIS; person(s) responsible for supervising drivers, including, but not limited to, the person(s) responsible for supervising Defendant HARRY MORRIS; and all persons who have investigated the subject collision or discussed the subject collision with any other named Defendant in this action. (Definition No. 13, provides that "identify" when used in reference to a person or an individual, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person or other entity identified. The foregoing information is required for each interrogatory herein in which you are requested to identify any person or individual.)

2.

As instructed above and pursuant to Definition No. 15, please identify each and every document that relates to any and all policies, procedures, customs, and/or practices you have for

the operation of your vehicles, including, but not limited to, policies, procedures, customs, and/or practices relating to making a left turn on a public roadway as well as using the center lane as a turning lane on a public roadway. (Definition No. 15, provides that "identify" when used in reference to documents, shall mean: (1) to state the name of the document, the date on which the document was created, the identity of the person who created the document, the identity of each person to whom the document is addressed, and the identity of each person to whom copies of the document have been sent; (2) to provide a brief description of the subject matter of the document; and (3) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document.  In lieu of providing a description of the subject matter of any documents, you may produce legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary.  The foregoing information is required for each interrogatory herein in which you are requested to identify any document.)

3.

As instructed above and pursuant to Definition No. 17, please identify each and every training course taken by Defendant HARRY MORRIS relating to the operation of tractor trailer trucks.  In addition to the information required by Definition No. 17, please identify the nature of each course; the length of each course; the requirements for each course; the location and date(s) of each course; the diplomas, licenses, or certificates received upon completion of each course; and the instructor(s) of each course.  (Definition No. 17, provides that "identify" when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete

description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.  The foregoing information is required for each interrogatory herein in which you are requested to identify any act, event, or course of conduct.)

4.

As instructed above and pursuant to Definition No. 13, please identify each person who has in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured, including, but not limited to, any and all investigators, mechanics, adjusters, claims representatives, and/or experts who have investigated this collision, examined any of the vehicles involved, or talked to any witnesses regarding the subject collision.

5.

As instructed above and pursuant to Definition No. 15, please identify each and every document related in any way to any investigation conducted by you or on your behalf regarding the claims set forth in the Complaint in this action.

6.

As instructed above and pursuant to Definition No. 13, please identify each person who has provided any statement, whether written or recorded, signed or unsigned, to you, your representative, your employees, your agents, your insurance company, and/or attorney that in any way relates to the subject matter of Plaintiff's Complaint, identifying the person to whom each statement was provided and including a brief description of the substance of each statement.

7.

Please state in detail your version of how and why the subject collision occurred, including, but not limited to, the exact location where the collision occurred; the date and time of

day of the collision; a description of what you and/or your employees and/or your agents, including, but not limited to, Defendant HARRY MORRIS, did to prevent the collision from occurring; a description of all actions Plaintiff took to avoid the collision; the speed and direction of each vehicle involved in the subject collision immediately before the collision occurred; the speed and direction of each vehicle at the moment of impact; the speed and direction of each vehicle immediately after impact; all actions you and/or your employees and/or agents took immediately after the collision occurred that related in any way to the subject collision; all actions Plaintiff took immediately after the collision occurred; your contentions regarding how and why the subject collision occurred; all actions Defendant HARRY MORRIS took immediately after the collision occurred; and the identity of any and all other vehicles that may have caused or contributed to the cause of the subject collision.

8.

If Defendant HARRY MORRIS did not have a valid license to operate a tractor trailer at the time of the subject collision, please state in what way the driver's license was not valid (i.e., expired, never qualified to drive a tractor trailer, etc.).

9.

If you deny that Defendant HARRY MORRIS negligently caused the subject collision, please explain your basis for denying that Defendant HARRY MORRIS negligently caused the subject collision.

10.

Has Defendant HARRY MORRIS been involved in any other motor vehicle collisions? If so, identify each collision by date, place, and how said collision occurred.

11.

Have any other claims or lawsuits been brought against you that involve the actions of Defendant HARRY MORRIS in any way?  If so, please describe each such claim or lawsuit, giving the date of each such claim or lawsuit, the nature of each such claim or lawsuit, the court in which each such claim or lawsuit was brought, and identify pursuant to Definition No. 13 and Definition No. 14 all other parties to each such claim or lawsuit.

12.

Please identify your vehicle that was involved in the subject collision (i.e., the tractor being driven by Defendant HARRY MORRIS), including the following information: manufacturer, model, year, and Vehicle Identification Number (VIN); person(s) or entity(ies) to whom the tractor was titled as of the date of the subject collision and at present; present location of the tractor; gross vehicle weight rating of the subject tractor; wheel base measurements; total length at the time of the collision; total weight at the time of the collision;  and total number of wheels and axles at the time of the collision.

13.

If Defendant HARRY MORRIS has ever attended or been ordered to attend any driving class or driver's education class, including, but not limited to, a defensive driving course, driver improvement clinic, Risk Reduction School, or a Driving Under the Influence (D.U.I.) course, please identify each such course pursuant to Definition No. 17.  In addition to the information required by Definition No. 17, please identify the nature of each course; the length of each course; the requirements for each course; the name, location, and date(s) of each course; the diplomas, licenses, or certificates received upon completion of each course; the instructor(s) of

each course; whether each course was successfully completed; and the reasons for attendance of each course.

14.

How long had Defendant HARRY MORRIS operated the particular vehicle he was driving at the time of the subject collision?  Please identify the total length of time (i.e., days, weeks, months, or  years) and the total length of time during the twenty-four (24) hours prior to the subject collision (i.e., hours and minutes).

15.

If any inspections of your vehicle that was involved in the subject collision were performed by you or any other individual or entity (including government entities) *prior to* the subject collision, please identify pursuant to Definition No. 17 each such inspection performed on the subject vehicle between September 01st, 2021 and the time of the subject collision.  In addition to the information required by Definition No. 17, please identify the date, time, nature, and scope of each inspection; the systems and components inspected; the information obtained from each inspection; all actions that were taken as a result of the information obtained from each inspection; pursuant to Definition No. 13 and Definition No. 14 identify each individual and/or entity that performed each such inspection; and pursuant to Definition No. 15 identify any and all documents relating to each such inspection.

16.

If your vehicle that was involved in the subject collision (i.e., the tractor being driven by Defendant HARRY MORRIS) had any mechanical defects at any time between the last inspection prior to the subject collision and the time of the subject collision, identify each and

every defect as well as any and all actions taken to correct such defects, including pursuant to Definition No. 13 and Definition No. 14 the identity of each individual and/or entity that discovered each such defect and the identity of each individual and/or entity that corrected or attempted to correct each such defect.   Additionally, pursuant to Definition No. 15, please identify any and all documents relating to each such inspection.

17.

If any inspections of your vehicle that was involved in the subject collision (i.e., the tractor being driven by Defendant HARRY MORRIS) were performed by you or any other individual or entity (including government entities) *after* the subject collision, please identify pursuant to Definition No. 17 each such inspection.   In addition to the information required by Definition No. 17, please identify the date, time, nature and scope of each inspection; the systems and components inspected; the information obtained from each inspection; all actions that were taken as a result of the information obtained from each inspection; pursuant to Definition No. 13 and Definition No. 14 identify each individual and/or entity that performed each such inspection; and pursuant to Definition No. 15 identify any and all documents relating to each such inspection.

18.

Please identify each location where your vehicle that was involved in the subject collision had been during the twenty-four (24) hours prior to the subject collision as well as the intended destination of the subject vehicle and the time the subject vehicle was supposed to arrive at its intended destination.

19.

Do you contend that Plaintiff or any other person or entity committed any act of negligence, contributory negligence, or comparative negligence that in any way caused or contributed to causing the collision that is the subject of the Complaint in this action?  If so, pursuant to Definition No. 17 identify each act of negligence and pursuant to Definition No. 13 and Definition No. 14 identify each individual and/or entity you contend was guilty of such negligence.

20.

With regard to the tractor that was being driven by Defendant HARRY MORRIS at the time of the subject collision, state the date on which you acquired it, how you acquired it, identify the individual and/or entity from which you acquired it, and describe the condition of the tractor at the time you acquired it.  If you did not own the tractor at the time of the subject collision, pursuant to Definition No. 13 and Definition No. 14 identify each individual and/or entity you contend owned the tractor that was being driven by Defendant HARRY MORRIS at the time of the subject collision.

21.

As instructed above pursuant to Definition No. 13, please identify each employee and/or agent of yours who was terminated, laid off, or reprimanded as well as each employee and/or agent of yours who resigned or quit for any reason in any way related to the subject collision, identifying all reasons for such separation or reprimand.

22.

Within the thirty (30) days after the subject collision, did Defendant HARRY MORRIS

take any type of drug or alcohol screen?  If so, give the date of the screen, pursuant to Definition No. 13 and Definition No. 14 identify each individual and/or entity that performed each screen, and state the results of each test.

23.

As instructed above, please identify all facts which support each affirmative defense and/or other defense asserted in your Answer to the Complaint in this action, stating as to each such fact the affirmative defense(s) and/or other defense(s) which it supports.

24.

At the time of the subject collision, identify any and all satellite communication devices and/or e-mail capabilities the subject vehicle was equipped with including, but not limited to, a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, and/or any GPS product manufactured by any other company.

25.

As instructed above pursuant to Definition No. 13, please identify each and every person who was responsible for overseeing the work performance of Defendant HARRY MORRIS from September 1, 2021 to present. Please include full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business, home, and cell telephone numbers of each person identified.

[SIGNATURE BLOCK ON THE FOLLOWING PAGE]

This 16th day of May, 2023.

**LAW OFFICE OF HUNG Q. NGUYEN&
ASSOCIATES, LLC.**

By: _Hung Q. Nguyen_

Hung Q. Nguyen, Esq.
GA State Bar No. 940370
Stephen J. Valero, Esq.
GA State Bar No. 184083
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
Litigation@770goodlaw.com