IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARQUIS GEDDIS, | ) | **EXHIBIT "D"** |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY MORRIS, DAILY | ) | |
| EXPRESS, INC., JOHN DOES 1-2, | ) | |
| ABC CORP., AND XYZ CORP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MARQUIS GEDDIS' FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DAILY EXPRESS, INC.

TO:   DAILY EXPRESS, INC.
      1072 Harrisburg Pike
      Carlisle, PA 17013

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, MARQUIS GEDDIS (hereinafter "Plaintiff"), by and through undersigned counsel, serve the following Requests for Production of Documents to DAILY EXPRESS, INC. (hereinafter "Defendant"). The requests shall be answered under oath by Defendant within the time and in the manner prescribed by law and in accordance with the following instructions and definitions. Each of the following interrogatories is continuing in the manner provided by law.

### DEFINITIONS

1.     As used herein, "Defendant," "you," "your," or "its" shall mean DAILY EXPRESS, INC., any and all predecessor entities of DAILY EXPRESS, INC., its attorneys and agents, and all persons acting or purporting to act on its behalf.

Page 17 of 42

2. As used herein, "Plaintiff" shall mean MARQUIS GEDDIS, his attorneys and agents, and all persons acting or purporting to act on his behalf.

3. As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4. As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5. Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neutral gender, as the case may be.

6. As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7. As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8. As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9. As used herein, the terms "each," "any," "every," and "all" should be interpreted

in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10. As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11. As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12. As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and

is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1. If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3. If your answer is qualified in any particular, please set forth the details of such qualification.

4. With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5. If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in

your possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6. Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7. Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8. As to each document produced in response hereto, identify the request in response to which the document is being produced.

9. Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

10. If Defendant withholds any document or documents on the basis of privilege, please provide a **privilege log** listing each document withheld due to privilege which includes: (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the persons or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## III. REQUESTS FOR PRODUCTION

1.

Please produce, as instructed above, any and all photographs, drawings, and/or depictions of any kind of each and every person, party, scene, and each and every other object or thing which relates to the issues of liability or damages in this lawsuit or which in any way relates to the issues involved in this lawsuit.

2.

Please produce, as instructed above, each and every document relating to any training materials, courses, classes, videos, seminars, or any other type of sessions by which your employees have been instructed on how to operate vehicles owned or controlled by you.

3.

Please produce, as instructed above, a copy of each and every instruction manual, driving manual, guideline, employee rule, regulation, and/or any driver/employee handbook provided to Defendant HARRY MORRIS by you, as well as each and every instruction manual, driving manual, guideline, employee rule, regulation, and driver/employee handbook in force and effect for employees, agents, and/or independent contractors of Defendant at the time of the subject collision regardless of whether or not such materials were ever provided to Defendant HARRY MORRIS.

4.

Please produce, as instructed above, each and every document relating to each and every written and/or recorded statement made by any witness, party, or other person having or claiming to have relevant information or knowledge of any fact or circumstance in this action.

5.

Please produce, as instructed above, copies of all documents and/or reports of any kind received from any individual, private corporation, other business entity, and/or any governmental entity relating to the driving history, driving record, qualifications to drive, and/or driving infractions of Defendant HARRY MORRIS.

6.

Please produce, as instructed above, copies of any and all documents and/or reports of any kind by any name relating to the driving history, driving record, driving infractions, and/or qualifications to drive of Defendant HARRY MORRIS, including, but not limited to, documents created by you, your employees, and/or your agents.

7.

Please produce, as instructed above, a copy of each and every traffic citation issued by any police department or other government agency regarding your employee, Defendant HARRY MORRIS, while he was employed by you.

8.

Please produce, as instructed above, any and all documents that in any way pertain to Defendant HARRY MORRIS's qualifications (or lack thereof) to drive professionally for this Defendant, including, but not limited to, all documents pertaining to prior references, previous motor vehicle collisions, reprimands, criticism, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

9.

Please produce, as instructed above, copies of all correspondence and/or other documents sent to and from each and every person you intend to call to offer opinions or expert testimony in

this matter.

10.

Please produce, as instructed above, each and every document relating to all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by you and is expected to testify at the trial of this lawsuit.

11.

Please produce, as instructed above, copies of the declaration pages of those insurance policies identified by this Defendant in response to Plaintiff's Interrogatories as well as a copy of each and every reservation-of-rights letter or instrument of any other kind which in any way purports to reserve the rights of any insurer to contest the issue of providing a defense or coverage for the claims made in Plaintiff's Complaint.

12.

Please produce, as instructed above, each and every document relating to each and every written statement and/or report which was made by any person who has investigated any aspect of or physical object involved in this lawsuit.

13.

Please produce, as instructed above, each and every document in your possession, custody and/or control which denies Plaintiff's claim that you are liable for the actions of your employee, Defendant HARRY MORRIS.

14.

Please produce, as instructed above, each and every document and/or record in your possession, custody, and/or control relating to Plaintiff.

15.

Please produce, as instructed above, all documents and materials, including but not limited to movies, videos, and photographs, relating to surveillance of Plaintiff.

16.

Please produce, as instructed above, each and every document of any kind in your possession, custody and/or control which refers to, relates to, confirms, or denies Plaintiff's claims for damages in this action.

17.

Please produce, as instructed above, each and every document relating to any fact or circumstance that supports, contradicts, or evidences your defenses against Plaintiff's claims.

18.

Please produce, as instructed above, a copy of each and every medical report, photograph, sound and/or video recording, and each and every other document by any other name, which relates to Plaintiff's physical and/or medical condition, injuries, and/or damages.

19.

Please produce, as instructed above, each and every document which denies Plaintiff's claims of your negligence and/or the negligence of Defendant HARRY MORRIS.

20.

Please produce, as instructed above, any and all documents relating to your contention, if any, that Plaintiff was guilty of any act(s) or failure(s) to act that played any part in causing the injuries or damages complained of in this action.

21.

Please produce, as instructed above, each and every document relating to your

contention, if any, that some other person or entity is, in whole or in part, liable to Plaintiff in this matter and/or is liable, in whole or in part, to you in this matter.

22.

Please produce, as instructed above, each and every document and/or record in your possession, custody, and/or control relating to Defendant HARRY MORRIS.

23.

Please produce, as instructed above, a copy of each and every incident and/or accident report prepared by you, on your behalf, or by or on behalf of Defendant HARRY MORRIS relating to the subject collision.

24.

Please produce, as instructed above, each and every document and/or report relating to any claim or potential claim by you or against you arising out of or potentially arising out of the subject collision.

25.

Please produce, as instructed above, each and every document, report, and/or statement relating to the subject collision written by and/or provided verbally by Plaintiff or Defendant HARRY MORRIS and given to this Defendant, any law enforcement agency, any government entity, and/or any other person or entity.

26.

Please produce, as instructed above, each and every document, personnel record, file, note and every other document by any other name or designation relating to your employee, Defendant HARRY MORRIS, which is in your possession, custody, and/or control and/or in the possession, custody, and/or control of any employee or agent of yours.

27.

Please produce, as instructed above, each and every document of any kind relating to each and every complaint made to you by any customer, agent, employee, and/or other person against your employee, Defendant HARRY MORRIS, relating to his operation of any vehicle owned and/or operated by you.

28.

Please produce, as instructed above, each and every document and item of correspondence, memoranda, and every other written, printed, computerized, and/or other tangible material relating to any and all disciplinary actions involving Defendant HARRY MORRIS.

29.

Please produce, as instructed above, each and every document relating to any drug and/or alcohol test(s), including the full results of said test(s), conducted on Defendant HARRY MORRIS within the forty-eight (48) hour period immediately following the subject collision.

30.

Please produce, as instructed above, each and every document and item of correspondence, memoranda, and other every written, printed, computerized, and/or other tangible material relating to injuries caused or allegedly caused by Defendant HARRY MORRIS to any customer, agent, employee, or other person.

31.

Please produce, as instructed above, copies of any and all documents relating to medical reports, medical tests, alcohol and/or drug screens, and/or tests of any other kind by any other name performed upon Defendant HARRY MORRIS by any medical provider or law

enforcement agency that relate to Defendant HARRY MORRIS' employment and/or the subject collision regardless of whether the documents were created prior to, subsequent to, or as a result of the subject collision.

32.

Please produce, as instructed above, each and every document and/or item of data relating to and/or downloaded from the electronic control module ("ECM") and/or any other similar device by any other designation capable of recording engine and/or other vehicle data at or near the time of the subject collision for the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763.

33.

Please produce, as instructed above, each and every document, item of data, and printout from each and every on-board recording device, including but not limited to the ECM, any and all on-board computers, tachographs, trip monitors, trip recorders, trip masters, and/or other recording devices for 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, for the day of the collision and the six month period preceding the collision.

34.

Please produce, as instructed above, copies of each and every document, report, repair bill, work order, videotape, photograph, and/or other documentation and/or evidence of any kind which depicts, demonstrates, or relates to the nature of the damage done to the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, in the subject collision and identify the company and individual who repaired the tractor after the subject collision.

35.

Please produce, as instructed above, each and every document relating to post-collision maintenance, inspection, and repair of the subject tractor.

36.

Please produce, as instructed above, a complete copy of the maintenance records, repair records, and inspection records for the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, involved in the subject collision. This request includes documents, photographs, videos, or any other reports or records relating to the maintenance, repair, and/or inspection of the subject tractor both before and after the date of the subject collision.

37.

For your employee, Defendant HARRY MORRIS, please produce the following documents:

- a) Driver Record of Duty Status as required by Part 395 of the Federal Motor Carrier Safety Regulations ("FMCSR") and all similar documents for the months of November, December, January, and February, 2021;
- b) Driver Activity Records and all similar documents for the months of November, December, January, and February, 2021;
- c) Driver Logs, Driver Log Books, and all similar documents for the months of November, December, January, and February, 2021;
- d) All paychecks, paystubs, timecards, and all other records of time worked for the months of November, December, January, and February, 2021;

e) Each and every daily log and multi-day log, specifically including, but not limited to, Daily Log Form MCS-59, Multi-Day Log MCS-139 and 139A, all graph grids, and every other record of hours worked and distances driven for the months of November, December, January, and February, 2021;

f) All drug screens and alcohol screens in your possession; and

g) All Inspection, Repair, and Maintenance records as required by Part 396 of the FMCSR for each and every commercial vehicle operated by Defendant HARRY MORRIS for the months of November, December, January, and February, 2021, specifically including, but not limited to, all Driver Vehicle Inspection Reports (49 C.F.R. § 396.11), Driver Inspections (49 C.F.R. § 396.13), Periodic Inspections (49 C.F.R. § 396.17), and Periodic Inspection Records (49 C.F.R. § 396.2) completed by Defendant HARRY MORRIS and/or relating to the commercial vehicles operated by Defendant HARRY MORRIS during the stated months regardless of whether or not Defendant HARRY MORRIS was the individual who generated said documents.

38.

Please produce, as instructed above, each and every pre-trip and post-trip inspection report relating to each vehicle operated by Defendant HARRY MORRIS for the day of the collision and the ten (10) day period preceding the collision regardless of whether or not Defendant HARRY MORRIS was the individual who generated said documents.

39.

Please produce, as instructed above, each and every annual inspection report for the subject tractor and trailer involved in the subject collision that covers the date of the subject collision.

40.

Please produce, as instructed above, your complete Driver Qualification File as required by 49 C.F.R. § 391.51, for Defendant HARRY MORRIS, including but not limited to all of the following:

- a) The driver's application for employment completed in accordance with 49 C.F.R. § 391.21;

- b) A copy of the motor vehicle record received from each State pursuant to 49 C.F.R. § 391.23(a)(1);

- c) The certificate of driver's road test issued to the driver pursuant to 49 C.F.R. § 391.31(e), or a copy of the license or certificate which you accepted as equivalent to the driver's road test pursuant to 49 C.F.R. § 391.33;

- d) The motor vehicle record received from each State driver licensing agency to the annual driver record inquiry required by 49 C.F.R. § 391.25(a);

- e) A note relating to the annual review of the driver's driving record as required by 49 C.F.R. § 391.25(c)(2);

- f) A list or certificate relating to violations of motor vehicle laws and ordinances as required by 49 C.F.R. § 391.27;

- g) The medical examiner's certificate as required by 49 C.F.R. § 391.43(g) or a

        legible copy of the certificate;

    h)    A Skill Performance Evaluation Certificate obtained from a Field Administrator, Division Administrator, or State Director issued in accordance with 49 C.F.R. § 391.49; or the Medical Exemption document, issued by a Federal medical program in accordance with 49 C.F.R. § 381;

    i)    A legible copy of each Commercial Driver's License held by the driver during the entire term of the driver's employment with you;

    j)    All driver's certifications of prior collisions;

    k)    The driver's full employment history;

    l)    Each inquiry into driver's employment history;

    m)    Pre-employment MVR;

    n)    All annual MVRs;

    o)    All controlled substance test and alcohol test records; and

    p)    All HAZMAT and all other training documents.

41.

Please produce, as instructed above, your complete Driver Investigation History File as required by 49 C.F.R. § 391.53, for Defendant HARRY MORRIS, including but not limited to all of the following:

    a)    All records relating to the investigation into the safety performance history of a new or prospective driver pursuant to paragraphs (d) and (e) of §391.23;

    b)    A copy of the driver's written authorization for the motor carrier to seek information about a driver's alcohol and controlled substances history as required

under §391.23(d);

c)     A copy of the responses received for investigations required by paragraphs (d) and (e) of §391.23 from each previous employer, or documentation of good faith efforts to contact them. The record must include the previous employer's name and address, the date the previous employer was contacted, and the information received about the driver from the previous employer; and

d)     The safety performance histories received from previous employers for a driver.

42.

Please produce, as instructed above, each and every lease contract, purchase contract, and/or any other agreement by any other name covering DAILY EXPRESS' ownership interest and/or lease interest in the tractor and trailer involved in the subject collision.

43.

Please produce, as instructed above, each and every interchange agreement relating to the tractor involved in the subject collision and/or loads transported by the tractor and trailer involved in the subject collision covering the months of November, December, January, and February, 2021.

44.

Please produce, as instructed above, each and every weight ticket, fuel receipt, hotel bill, and all other records of expenses relating to Defendant HARRY MORRIS, and/or the tractor involved in the subject collision for the months of November, December, January, and February, 2021.

45.

Please produce, as instructed above, each and every trip report and dispatch record

regarding Defendant HARRY MORRIS, and/or the tractor involved in this collision for the day of the collision and the ten (10) day period preceding the collision.

46.

Please produce, as instructed above, copies of each and every trip sheet, bill of lading, shipping document, and each and every other document of any kind or by any other name which reflects information relating to the trips made by Defendant HARRY MORRIS on the date of the subject collision and the ten (10) days prior to the subject collision, including documents relating to each trip from the time each trip originated until the time the trip actually ended and/or was intended to end.

47.

Please produce, as instructed above, each and every e-mail, electronic message, letter, memo, and other document in your possession, custody, or control relating to the subject collision.

48.

Please produce, as instructed above, each and every "accident register" maintained by this Defendant as required by the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.15.

49.

Please produce, as instructed above, each and every Department of Transportation ("DOT") and Public Safety Commission ("PSC") document, report, memo, note, and item of correspondence relating to the subject collision, Defendant HARRY MORRIS, and/or the tractor and/or trailer involved in the subject collision.

50.

Please produce, as instructed above, each and every document of any kind identified in

your responses to Plaintiff First Interrogatories to Defendant DAILY EXPRESS, INC.

51.

Please produce, as instructed above, each and every document of any kind which you relied on, consulted, or reviewed in responding to Plaintiff's First Interrogatories to Defendant DAILY EXPRESS, INC.

52.

Please produce, as instructed above, each and every document of any kind which you relied on, consulted, or reviewed in responding to Plaintiff's First Request for Production of Documents to DAILY EXPRESS, INC.

53.

Please produce, as instructed above, each and every document relating to any and all communications, including, but not limited to, satellite, Qualcomm, cell phone, text messages, radio, e-mail, and/or any other type of transmissions, sent to or received from you, Defendant HARRY MORRIS, and/or the 2000 International 9900, V.I.N. 2HSCKAPR2YC071763, on the date of the subject collision and during the ten (10) day period preceding the subject collision.

This 16th day of May, 2023.

**LAW OFFICE OF HUNG Q. NGUYEN& ASSOCIATES, LLC.**

By: _Hung Q. Nguyen_
Hung Q. Nguyen, Esq.
GA State Bar No. 940370
Stephen J. Valero, Esq.
GA State Bar No. 184083
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
Litigation@770goodlaw.com