IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARQUIS GEDDIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| HARRY MORRIS, DAILY | ) |
| EXPRESS, INC., JOHN DOES 1-2, | ) |
| ABC CORP., AND XYZ CORP., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF MARVIN D. DIKEMAN

COMES NOW, Marvin D. Dikeman, who after being duly sworn, deposes and states as follows:

1.

I am more than eighteen (18) years of age and suffer from no legal disability. The contents of this Affidavit are based on my personal knowledge.

2.

I have been practicing law for over thirty-five (35) years in the State of Georgia. I am a partner at the law firm of Webb, Zschunke, Neary & Dikeman, LLP.

3.

I am counsel of record for Defendants Harry Morris and Daily Express, Inc. in the above-styled action. The purpose of this Affidavit is to support Defendants Harry Morris and Daily Express, Inc.'s Notice of Removal.

4.

A civil action has been brought against the Defendants in the Superior Court of Clayton County, State of Georgia, by the above named Plaintiff, said action being designated as Civil Action No. 2023CV01631-10. Said action seeks recovery of an amount in excess of $75,000.00. The assessment and conclusion that the amount in controversy exceeds $75,000.00 in this action is based on three factors.

a) The lengthy and detailed $800,000.00 written demand sent by the Plaintiff before this action was filed. A copy of this demand letter (without attachments) is attached hereto as Exhibit "A."

b) The Plaintiff's counsel's specific confirmation that the amount in controversy in this action exceeds $75,000.00 when specifically asked after the Complaint in this matter was filed whether the amount in controversy exceeds $75,000.00. A copy of the Plaintiff's counsel's written response indicating that he "cannot dispute [the] assessment" that the amount in controversy exceeds $75,000.00 in this matter is attached as Exhibit "B."

c) The Plaintiff's explicit reiteration of his $800,00.00 pre-suit written demand which occurred in response to a request for him to confirm that the amount in controversy in this action exceeds $75,000.00. *Id.*

5.

Defendant Daily Express, Inc. is a Pennsylvania corporation with its principal place of business in Carlisle, Pennsylvania.

6.

Defendant Harry Morris is a citizen and resident of the State of Tennessee.

7.

The factual representations contained in the Notice of Removal are true and correct and based on my own personal knowledge.

FURTHER AFFIANT SAYETH NOT.

_____
MARVIN D. DIKEMAN

Sworn to and subscribed before me,
this **29th** day of June, 2023.

_____
Notary Public

My Commission Expires: **06/26/26**

**Lynn Renae Meadows
NOTARY PUBLIC
Fulton County, GEORGIA
My Commission Expires
06/26/2026**

3



(Alex) H.Q. Nguyen
*CEO/Managing Partner*
*Alex@770goodlaw.com*

YenHa T. Nguyen
*Administrator & Finance Director*
*Yenha@770goodlaw.com*

Thomas Tran
*Client Experience Director*
*Thomas@770goodlaw.com*

Jin K. Oh
*Information Technology & HR Director*
*Jin@770goodlaw.com*

**5495 Jimmy Carter Blvd., Suite B-17, Norcross Georgia 30093**

November 4, 2022



**VIA CERTIFIED U.S. MAIL RETURNED RECEIPT REQUESTED**
**RECEIPT NO: 7017 0530 0000 1923 7447**

*Daily Express, Inc.*
Attn: Claims
P.O. Box 39
Carlisle, PA 17013

**VIA CERTIFIED U.S. MAIL RETURNED RECEIPT REQUESTED**
**RECEIPT NO: 7017 0530 0000 1925 1610**

*Daily Express, Inc.*
Attn: Claims
1072 Harrisburg Pike
Carlisle, PA 17013

**VIA CERTIFIED U.S. MAIL RETURNED RECEIPT REQUESTED**
**RECEIPT NO: 7017 0530 0000 1925 0590**

*Harry Morris*
239 Virginia Ave
Sparta, TN 38583

RE:  Our Client:      Marquis Geddis
     Your Insured:    Harry Morris
     Date of Loss:    December 17, 2021
     Policy No.:      72TRB0035737

Dear Claims:

   Enclosed, please find our settlement demand with supporting documentation.

Page 1 of 5

## INADMISSIBILITY OF OFFER OF COMPROMISE[1]

Under O.C.G.A. § 24-4-408, statements made with a view toward compromise are inadmissible at trial. This Georgia law was enacted to encourage the settlement of controversies by permitting parties to discuss their cases candidly with the assurance that admissions and proposals for compromise made in the course of their good-faith settlement negotiations may not be used against them in any subsequent or pending lawsuit Benn v. McBride, 140 Ga. App. 698 (1976). This entire letter and all of the exhibits attached are submitted with a view toward compromise of this claim. If you do not agree that everything that follows is inadmissible during the litigation of this matter, please stop reading and immediately destroy this letter and its attachments and immediately notify us of your refusal to review our attempt to compromise this claim.

## OFFER OF COMPROMISE

This notice, demand, and offer of compromise are directed to you as the insurer of Harry Morris, pursuant to a policy of insurance issued to Harry Morris. This letter is written to submit an offer of compromise for Marquis Geddis's claim for bodily injury against your insureds in the above-referenced matter. Additionally, this letter places you on notice, consistent with Georgia law, of a time-limited demand for the payment of the policy limits of all insurance policies issued by your company and applicable to this loss.

## I. FACTS OF THE COLLISION

On December 17, 2021, Marquis Geddis, a restrained driver, was involved an automobile collision caused by your insured driver, Harry Morris. Mr. Geddis was traveling southbound in the left lane of the 285 west ramp where it merges with the 285 east ramp. Mr. Morris was traveling directly behind Mr. Geddis. As Mr. Geddis was waiting to merge onto the 285 east ramp, Mr. Morris crossed the white line and entered the lane too early, trying to pass Mr. Geddis. As Mr. Geddis merged over, he struck Mr. Morris, not knowing Mr. Morris was there due to his incorrect lane change. Your insured driver *changed lanes unsafely, failed to maintain a proper lookout, failed to maintain control of his vehicle, and otherwise failed to operate his vehicle in a safe and prudent manner* as required by the Georgia Uniform Rules of the Road. (See Exhibit # 1, Georgia Uniform Motor Vehicle Accident Report).

## II. DAMAGES

Before the incident, Marquis Geddis was healthy, pain free, and able to work. The collision not only took away his ability to live unhindered, but also his ability to earn money while treating. Mr. Geddis is a long-haul truck driver and a member of Army Reserve. He has had great difficulty doing his job and performing when called to reserve service. He has had trouble earning money the way he previously did due to not being able to sit as long and often. He has missed out on caring for his young children the way he was used to. This collision has also affected his relationship with his wife due to his physical limitations.

---

[1] The content of this demand in their entirety are for settlement purposes only and cannot be used as evidence in any formal legal process as prescribed by O.C.G.A. § 24-4-408.

Immediately following the collision, Mr. Geddis felt pain in his neck, middle and lower back. Due to his job, he was unable to seek treatment for a week. He was able to begin treatment with Absolute Healthcare on 12/24/2022. He presented with pain in his neck, rated at 7/10, described as stiff. His second complaint was of his middle back, rated at 7/10, described as stiff. His 3rd complaint was of his low back, rated at 7/10, described as stiff and spasmodic. His fourth complaint was of pain in his left leg and foot, rated 7/10, described as stiff and spasmodic. After his evaluation, he was diagnosed with the following:

S13.4XXA Neck sprain
S23.3XXA Middle back sprain
S33.5XXA Low back sprain
M54.16 Low back nerve damage
M62.830 Low back spasms

Mr. Geddis received a few months of Chiropractic treatment, but then was called away to reserve duty as well as being away driving for his job. Due to this, the pain in his neck and lower back got worse, rated at 9/10. When he returned, he was referred to see an Orthopedist to receive MRI and an evaluation. He was seen by Ortho Sport & Spine Physicians on 6/2/2022. He received his MRI scans of his neck and low back on 6/13/2022 which revealed the following:

Neck:
Clear

Low back:
L3-L4: There is a right inferior endplate Schmorl's node with adjacent marrow edema. 1-2 mm AP disc bulge results in lowgrade anterior thecal sac effacement. Foramina are patent. No significant facet arthropathy.
L4-L5: 2 mm AP disc bulge present. The inferior L4 endplate Schmorl's nodes present without marrow edema. There is mild Modic 2 endplate fatty marrow changes. 2 mm AP disc bulge narrows the lower aspects of the foramina. No significant thecal sac mass effect or facet arthropathy.
L5-S1: Disc space narrowing with a 2 mm AP disc bulge. There is a subtle small right central disc protrusion with annular tear in close proximity with the proximal right S1 nerve root as seen on sagittal image 6. Thecal sac and foramina are patent. No significant facet arthropathy.

Despite the MRI of his neck being clear, Mr. Geddis was still experiencing a lot of pain. After the Orthopedist reviewed his MRIs, he was found to have the following:

1. Cervicalgia - M54.2
2. Cervical facet syndrome - M47.812
3. Acute low back pain - M54.50
4. Lumbar facet joint syndrome - M47.816

He was referred to receive facet joint injections in his low back, which he received on 7/1/22, as well as facet joint injections in his low back, which he received on 7/8/2022. After receiving these injections, Mr. Geddis found relief from his pain. Due to the nature of these injections, he will need to receive them every 1-2 years and may need further intervention if his pain returns.

Due to the negligence of your insured driver, Marquis Geddis suffered injuries which required medical treatment resulted in medical bills in the amount of at least of **$42,826.44**, which is itemized below:

### MEDICAL EXPENSES (CURRENT)

Absolute Healthcare..............................$5,233.00
Ortho Sport & Spine Physicians................$37,593.44

Total..........................................$42,826.44

### MEDICAL EXPENSES (FUTURE)

Facent joint injections every 2 years for life.............$436,410.00

Without question this collision and subsequent treatment will undoubtedly have prolonged effects on Marquis Geddis, and she will likely continue to need treatment for the injuries she sustained. It is also likely that Marquis Geddis will need to revisit her physician on numerous occasions for various observations and follow up treatments to ensure that her spine continues to function without complication.

Further, please find enclosed below, for your review, medical records and bills from the subject collision:

**Exhibit # 2-4**
Absolute Healthcare
Ortho Sport & Spine Physicians
Medical Bills

### III. HUMAN LOSSES

The past special damages---except lost wages---will make Marquis Geddis even with where he would have been if this collision had not happened. None of that money makes up for the greatest part of the damage: what this collision did to Marquis Geddis himself, his human losses. Paying for his past medical expenses is required pecuniary compensation; money to make up for Marquis Geddis having to experience the motor vehicle collision whereupon he endured sudden, violent, and unnatural movement throughout his body is also another category of pecuniary compensation.

## IV. SETTLEMENT

My client has authorized me to extend a demand requesting **$800,000.00 EIGHT HUNDRED THOUSAND DOLLARS** for full and complete settlement on the bodily injury of this claim.

> NOTE: THIS DEMAND IS MADE PURSUANT TO O.C.G.A. §33-6-34 AND O.C.G.A. §51-12-14. IN THE EVENT THAT THIS CLAIM IS NOT PAID WITHIN THIRTY-SIX (36) DAYS OF THE DATE INDICATED ABOVE, INTEREST SHALL BE RECOVERABLE ON SAID AMOUNT AT THE RATE PER ANUM AS PRESCRIBED BY THE "UNLIQUIDATED DAMAGES INTEREST ACT," TO ACCRUE FROM THE THIRTY-SIXTH (36TH) DAY FOLLOWING THE DATE INDICATED ABOVE OF THIS CLAIM.

We are attempting to amicably settle this matter in good faith and reciprocally would appreciate your careful and honest evaluation of this case responding to it in the same good faith with which it has been submitted to you.

Should you need any further information with which to evaluate this claim, please contact the Case Manager, Josh Ortega. His direct contact information is:

**Josh Ortega**

| Cell: 770-695-1601 | Email: Josh@770goodlaw.com |
|---|---|
| Direct: 678-268-4594 | Direct Fax: 470-375-9863 |

Sincerely,
**770GOODLAW**, H.Q. Alex Nguyen Law Firm, LLC.

Steve Valero
Attorney for Marquis Geddis
Mobile: 470-970-7593
Direct: 470-273-6206
Direct Fax: 470-375-9845
Email: steve@770goodlaw.com

JO /EGG

Enclosures



Marvin Dikeman <mdikeman@wznd.net>

---

## RE: 'EXTERNAL'Your client: Marquis Geddis [1008877]
1 message

---

**Steve Valero** <Steve@770goodlaw.com>   Wed, Jun 21, 2023 at 3:09 PM
To: Marvin Dikeman <mdikeman@wznd.net>
Cc: "mail@nguyen.growpath.com" <mail@nguyen.growpath.com>



Mr. Dikeman,

Please see the below link for the full demand.

https://drive.google.com/file/d/1WRUGH6Ko3gba-CullvaOTuMp35YUm8yn/view?usp=sharing

Let me know if you have any issue accessing it, unfortunately the file is too large to send over email.

I cannot at this time dispute your assessment as we are seeking over $75,000 on this matter.

Thank you,

**Steve Valero**

Team Attorney

**770GOODLAW,H.Q. Alex Nguyen Law Firm, LLC**

5495 Jimmy Carter Blvd. Ste. B-17

Norcross, GA 30093

Phone: 470-273-6206

Fax: 470-375-9845

Main Office: 770 466 3529

---

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Monday, June 12, 2023 11:55 AM
**To:** Alex Nguyen <Alex@770goodlaw.com>; Steve Valero <Steve@770goodlaw.com>
**Subject:** 'EXTERNAL'Your client: Marquis Geddis

**Caution:** External Email

Mr. Nguyen and Mr. Valero:

I am emailing both of you since both of you are on the Complaint that has been filed naming my clients Daily Express, Inc. and Harry Morris as defendants.

I have reviewed the Complaint as well as the November 4, 2022 demand letter that was sent in this matter (copy attached). Please note that the demand letter in my possession has a cover page for Exhibit 1, but does not contain any actual exhibits. At your earliest convenience, please forward a *complete* copy of the November 4, 2022 demand letter to me.

The demand letter outlines a total of $479,236.44 in past and future special damages. In addition, the demand letter demands payment of $800,000 to settle this case. Based on these allegations, I have concluded that that the amount in controversy vastly exceeds $75,000. Given that Daily Express is a citizen of Pennsylvania and Morris is a citizen of Illinois, it is my assessment that there is diversity of citizenship amongst the parties and this case can removed to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1332. In this regard, the fact that your client has named "John Does 1-2, ABC Corp., and XXL Corp." as defendants does not impact whether there is diversity of citizenship amongst the parties. *See* 28 U.S.C. § 1441(b)(1)("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

**Should you disagree with my assessment regarding the diversity of citizenship and the amount in controversy in this action, please let me know in writing by no later than June 20, 2023.** Hearing nothing, it is my intention to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

MARVIN D. DIKEMAN
w|z|n|d
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.