IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KERRY MITCHELL, as ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, and as guardian and next of friend of Destiny Mitchell (a minor), and ANGELA TUCKER as guardian and next of friend of CARLOS MITCHELL (a minor),<br><br>      Plaintiffs,<br><br>  v.<br><br>MICHAEL DRYON BLACK; C&C NORTH AMERICAN, INC.; JOHN DOES 1-3; AND XYZ CORPORATIONS 1-3.<br><br>      Defendants. | Civil Action File No. |

## NOTICE OF REMOVAL

COME NOW C&C North America, Inc. and Michael Black, having appeared specially without waiving any rights after being named as defendants in the above-styled action, and file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiffs filed a lawsuit naming C&C North America and Michael Black as defendants in *Kerry Mitchell, as*

*administrator of the estate of Courtney Mitchell, and as guardian and next of friend of Destiny Mitchell (a minor), and Angela Tucker as guardian and next of friend of Carlos Mitchell (a minor) v. Michael Dryon Black, C&C North American, Inc., John Does 1-3, and XYZ Corporations 1-3*, Case Number 23EV003342, before the State Court of Fulton County, State of Georgia. Fulton County is within the Atlanta Division of this Court.

2.

Pursuant to their Complaint at ¶ 1, Plaintiffs are residents and thereby citizens of Georgia. (Complaint, ¶ 1,).

3.

Defendant C&C North America is a Delaware corporation with its principal place of business in Florida. (**Exhibit. "A"**, Secretary of State Filings). For purposes of diversity, defendant C&C North America is deemed a citizen of Florida and Delaware. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

4.

Defendant Michael Black is a citizen and resident of Florida, albeit defendants contend that Michael Black has not been properly served.

5.

The complaint also lists fictitious John Doe and XYZ defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1). See *Walker v. CSX Transp. Inc.,* 650 F.3d 1392, 1396 (11th Cir. 2011)(fictitious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.,* No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014)(disregarding John Doe defendants for purposes of determining diversity of citizenship).

6.

Accordingly, there is complete diversity among the plaintiffs (Georgia) and the defendants (Delaware and Florida).

7.

Defendants submit that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. The plaintiffs' complaint sought special damages including medical expenses and the full value of the decedent's life. (Complaint, Count I, ¶ 21). See *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (11th Cir. 2010)(The Court held that value of wrongful death/value of life claims more likely than not exceeded $75,000, as required to remove action to federal court despite

the absence of a quantified amount pled in the complaint). Plaintiffs' complaint also alleged a claim for punitive damages. (Complaint, Count V). Plaintiffs' attorney in March 8, 2023 correspondence provided alleged claimed medical expenses for $340,000 as shown below:

PAST MEDICAL BILLS

Below is a table reflecting all currently known medical bills and expenses incurred as a result of the incident:

| | |
|---|---|
| Grady Hospital: | $340,784.05 |
| Alfonzo Dawson Mortuary, Inc.: | $4,035.00 |
| **TOTAL** | **$ 344,819.05** |

8.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*

*v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Accordingly, based upon the above allegations in plaintiffs' complaint and the amount of medical specials claimed by the plaintiffs, the evidence shows the amount in controversy exceeds $75,000.

9.

The defendants timely filed this notice of removal within 30 days of receipt of the plaintiffs' complaint. 28 U.S.C. § 1446(b)(3) & (c)(3). Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action.

10.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446. As noted in the previous paragraphs, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of

interests and costs, and there is complete diversity of citizenship among the parties.

11.

Pursuant to 28 U.S.C. §1446(a), a true and legible copy of all process, pleadings, and orders served in the state court action as of this date are attached hereto as **Exhibit "B".** (Defendants contend no proper service has yet to occur on Michael Black).

12.

A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the clerk of the State Court of Fulton County, Georgia, and is being served on plaintiffs' counsel as required by 28 U.S.C. § 1446(d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit "C."** Defendants have attached hereto copies of all pleadings defendants served in this case as Exhibit "D."

13.

The defendant gave written notice of filing of this Notice of Removal to the plaintiffs as set forth in the certificate of service attached to this Notice of Removal.

WHEREFORE, Defendants C&C North America and Michael Black pray that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

Brian W. Johnson
Georgia Bar No. 394745

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com

13603488v1
06783-194340

**LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1B.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record:

> Justin D. Miller, Esq.
> Nathaniel K. Hofman, Esq.
> Stewart Miller Simmons Trial Attorneys
> 55 Ivan Allen, Jr. Blvd., Suite 700
> Atlanta, Georgia 30308
> *Attorneys for plaintiff*

This 30th day of June, 2023.

        Respectfully submitted,

        DREW, ECKL & FARNHAM, LLP

        /s/ Brian W. Johnson
        _____
        BRIAN W. JOHNSON
        Georgia Bar No. 394745

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
13603488v1
06783-194340