# EXHIBIT B

State Court of Fulton County
**E-FILED**
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Kerry Mitchell, as administrator of the Estate of Courtney Mitchell

and as guardian and next of friend of Destiny Mitchell (a minor), and

Angela Tucker as guardian and next of friend of Carlos Mitchell, a minor

Plaintiff's Name, Address, City, State, Zip Code

vs.

C&C North American, Inc., c/o Registered Agent CT Corporation System

289 S. Culver Street

Lawrenceville Georgia      30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Nathaniel K. Hofman, Stewart Miller Simmons Trial Attorneys

Address: 55 Ivan Allen Jr. Blvd, Suite 700

City, State, Zip Code: Atlanta, Georgia 30308                    Phone No.: 404-529-3476

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KERRY MITCHELL, as ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, and as guardian and next of friend of Destiny Mitchell (a minor), and ANGELA TUCKER as guardian and next of friend of CARLOS MITCHELL (a minor),<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL DRYON BLACK; C&C NORTH AMERICAN, INC.; JOHN DOES 1-3; and XYZ CORPORATIONS 1-3.<br><br>Defendants. | CIVIL ACTION<br>FILE NO: |

## COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH

**COMES NOW** Kerry Mitchell, as Administrator of the Estate of Courtney Mitchell and as Guardian and Next of Friend of Destiny Mitchell, a minor, and Angela Tucker as Guardian and Next of Friend of Carlos Mitchell, a minor (hereinafter collectively "Plaintiffs") and states their Complaint against Defendants Michael Dryon Black, C&C North American, Inc., John Does 1-3, and XYZ Corporations 1-3 (hereinafter, collectively, "Defendants"), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiffs are resident of the State of Georgia. Destiny Mitchell and Carlos Mitchell are the surviving minor children of Courtney Mitchell, deceased, and are authorized to bring this wrongful death action through their guardians.

2.

Defendant Michael Dryon Black (hereinafter, "Defendant Black") is a resident of Fulton County, Georgia, whose last known address is 2565 Butner Rd. SW, Atlanta, Georgia 30331. Defendant Black is subject to the jurisdiction of this Court and may be served by delivering the

1

Summons and an original of this Complaint at this address, or however legal service may be perfected.

3.

Defendant C&C North American, Inc. (hereinafter Defendant "C&C"), is a foreign profit corporation organized under the laws of the State of Delaware, conducting business within the State of Georgia, with its principal office located at 355 Alhambra Circle, Ste. 1000, Coral Gables, Florida, 33134. Defendant C&C is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046, or however legal service may be perfected.

4.

Defendants John Does 1-3 are fictitious defendants whose identities are presently unknown but may be proper parties to the present litigation. Defendants John Does 1-3 may be substituted as named parties by an Amended Complaint, and may be served with Summons and Amended Complaint upon their identification.

5.

Defendants XYZ Corporations 1-3 are fictitious defendants whose identities are presently unknown but may be proper parties to the present litigation. Defendants XYZ Corporations 1-3 may be substituted as named parties by and Amended Complaint, and may be served with Summons and Amended Complaint upon their identification.

6.

Jurisdiction and venue are proper in this Court.

## FACTS

7.

On January 29, 2021, Courtney Mitchell was a pedestrian in the roadway near 3700 Martin Luther King Jr. Drive SW at its intersection with Adamsville Place Parkway, in Fulton County, Georgia.

8.

At or around the same time, Defendant Black was speeding in the 2020 Chevrolet Silverado truck owned by Defendant C&C. Defendant Black was an employee of Defendant C&C, and was acting within the course and scope of his employment with Defendant C&C.

9.

Defendant C&C entrusted the 2020 Chevrolet Silverado to Defendant Black, and Defendant Black was authorized to operate said commercial vehicle on January 29, 2021.

10.

Courtney Mitchell had safely entered the roadway on January 29, 2021, when Defendant Black, operating the vehicle owned by Defendant C&C, was speeding and violently struck Courtney Mitchell with his commercial vehicle, launching her body several yards and causing severe injury and ultimately death.

11.

Courtney Mitchell exercised caution and due regard for her safety when entering the roadway as a pedestrian, and could not have anticipated Defendant Black's negligent and criminal conduct.

12.

Courtney Mitchell was taken from the scene of the collision, but ultimately succumbed to her injuries on January 30, 2021.

13.

Defendant Black was charged with speeding (O.C.G.A § 40-6-181) and second-degree vehicular homicide (O.C.G.A. § 40-6-393).

14.

At all times material to this action, Courtney Mitchell exercised reasonable care for her own safety.

15.

At all times material to this action, Courtney Mitchell did not cause or contribute to the subject collision.

16.

Plaintiffs are authorized under Georgia law to bring a wrongful death action..

## COUNT I: NEGLIGENCE OF DEFENDANT BLACK

17.

Plaintiffs repeats and realleges Paragraphs 1 through 16 of the Complaint as if fully set forth herein and further allege:

3

18.

Defendant Black had a duty to exercise ordinary care and operate the 2020 Chevrolet Silverado he drove in a reasonably safe manner under the circumstances.

19.

Defendant Black failed to exercise that duty by failing to maintain a proper lookout, failing to maintain a proper speed, failing to stop or otherwise avoid a pedestrian, and failing to otherwise operate his commercial vehicle in a safe a prudent manner.

20.

As a direct and proximate result of Defendant Black's negligent acts and omissions, Courtney Mitchell suffered grave bodily injuries, lost future wages, emotional injuries, pain, suffering and discomfort, diminished quality of life, medical expenses, and death.

21.

As a direct and proximate result of Defendant Black's negligent acts and omissions, Plaintiff Kerry Mitchell, as administrator of the estate of Courtney Mitchell, is entitled to recover all special damages and general damages arising out of the personal injuries sustained by Courtney Mitchell, in an amount to be determined by a jury.

## COUNT II: VICARIOUS LIABILITY OF
## DEFENDANT C&C

22.

Plaintiffs repeats and realleges Paragraphs 1 through 21 of the Complaint as if fully set forth herein and further alleges:

23.

At the time of the incident giving rise to Plaintiffs' Complaint, Defendant Black was acting within the scope of his agency or employment with Defendant C&C.

24.

All of the injuries and damages sustained by Courtney Mitchell were the direct result of the acts and omissions of the agents, servants and/or employees of Defendant C&C conducted within the course and scope of their agency or employment.

25.

Defendant C&C are responsible for Defendant Black's actions under the doctrine of

*respondeat superior*, agency or apparent agency.

## COUNT III: NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, AND ENTRUSTMENT AGAINST DEFENDANT C&C

26.

Plaintiffs repeat and realleges Paragraphs 1 through 25 of the Complaint as if fully set forth herein and further alleges:

27.

At all times relevant to Plaintiffs' Complaint, Defendant Black was an employee or agent of Defendant C&C.

28.

At all times relevant to Plaintiffs' Complaint, Defendant Black was unfit or otherwise incapable of operating a commercial vehicle in a safe and prudent manner.

29.

Defendant C&C knew or should have known that Defendant Black was unfit or otherwise incapable of operating a commercial vehicle in a safe and prudent manner.

30.

Defendant C&C negligently hired, retained, trained, and supervised Defendant Black.

31.

Defendant C&C entrusted Defendant Black with a commercial vehicle when they knew or should have known that Defendant Black was incompetent or unfit to perform his duties as assigned by Defendant C&C.

32.

As a direct and proximate result of the aforesaid negligence and breaches of duties by Defendant C&C, Courtney Mitchell, suffered grave bodily injuries, lost future wages, emotional injuries, pain, suffering and discomfort, diminished quality of life, medical expenses, and death.

## COUNT IV: NEGLIGENCE PER SE AGAINST DEFENDANT BLACK

33.

Plaintiffs repeat and realleges Paragraphs 1 through 32 of the Complaint as if fully set forth herein and further alleges:

34.

Defendant Black had a duty, pursuant to O.C.G.A. § 40-6-181, to adhere to the posted speed limit on the road where he struck and killed Courtney Mitchell with his commercial vehicle.

35.

Defendant Black violated his duty to adhere to the posted speed limit in violation of O.C.G.A. § 40-6-181, and pled guilty to said violation.

36.

Defendant Black's violation of O.C.G.A. § 40-6-181 was the direct and proximate cause of the injuries and death of Courtney Mitchell, and constitute Negligence Per Se.

37.

Defendant Black had a duty, pursuant to O.C.G.A. § 40-6-393(c), to refrain from killing others while speeding.

38.

Defendant Black violated his duty to refrain from killing others while speeding pursuant to O.C.G.A. § 40-6-393(c), by striking Courtney Mitchell with his commercial vehicle while driving in excess of the posted speed limit, causing her injuries and death, and by pleading guilty to said offense.

39.

Defendant Black's violation of O.C.G.A. § 40-6-393(c) was the direct and proximate cause of the injuries and death of Courtney Mitchell, and constitute Negligence Per Se.

## COUNT V: PUNITIVE DAMAGES

40.

Plaintiffs repeat and realleges Paragraphs 1 through 39 of the Complaint as if fully set forth herein and further alleges:

41.

Defendants' actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

## PRAYER FOR RELIEF

6

**WHEREFORE,** Plaintiffs pray for a trial on all issues and judgment against Defendants as follows:

a.   That Plaintiffs recover all special damages, including medical expenses and the full value of the decedent's life, in an amount to be proven at trial;

b.   That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

c.   That service be had upon Defendants as provided by law;

d.   That Plaintiffs recover for pain and suffering, loss of life, loss of income, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e.   That this matter be tried to a jury;

c.   That Plaintiffs recover reasonable attorney's fees, costs, and expenses of litigation as allowed by law, including as allowed by O.C.G.A. § 13-6-11; and

d.   That Plaintiffs recover such other relief as is just and proper.

This 5th day of June, 2023.

Respectfully submitted,

By:   */s/ Nathaniel K. Hofman*
JUSTIN D. MILLER, ESQ.
Georgia Bar No. 001307
NATHANIEL K. HOFMAN, ESQ.
Georgia Bar No. 997966
*Attorneys for Plaintiff*

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
jmiller@smstrial.com
nhofman@smstrial.com

7

State Court of Fulton County
**E-FILED**
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

KERRY MITCHELL, as )
ADMINISTRATOR OF THE ESTATE )
OF COURTNEY MITCHELL, and as ) CIVIL ACTION
guardian and next of friend of Destiny ) FILE NO:
Mitchell (a minor), and ANGELA )
TUCKER as guardian and next of )
friend of CARLOS MITCHELL (a )
minor), )
)
           Plaintiffs, )
)
vs. )
)
MICHAEL DRYON BLACK; C&C )
NORTH AMERICAN, INC.; JOHN )
DOES 1-3; and XYZ )
CORPORATIONS 1-3. )
)
           Defendants.

### PLAINTIFF KERRY MITCHELL, AS ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, AND AS GUARDIAN AND NEXT OF FRIEND OF DESTINY MITCHELLS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT MICHAEL DRYON BLACK

**COMES NOW** the above-named Plaintiff and hereby serves these Interrogatories upon Defendant Michael Dryon Black (hereinafter "Defendant Black") and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant Black, as well as to the knowledge and information of Defendant Black's attorneys, investigators, agents, employees, and other representatives. If Defendant Black is unable to answer a question completely, the question should be answered as

fully as possible. When a question is directed to Defendant Black, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document,

the name and address of the party who requested or required the preparation of the document or
on whose behalf it was prepared, the name and address of the recipient or recipients of each such
document, and the names and addresses of any and all persons who have custody or control of
each such document, or copies thereof.

## INTERROGATORIES

1.

Please provide: your full name and what other names you have gone by during your
lifetime; current address; date of birth; social security number; employment for the last 10 years;
and driver's license number.

2.

Please identify the cellphone number and service provider for all cellphones owned, used
or operated by the defendant (including any company provided cellphones) on the date of the
incident giving rise to Plaintiffs' Complaint.

3.

Please state the date you began your employment with C&C North American Inc., your
job title/role, your immediate supervisor on the date of the incident giving rise to Plaintiffs'
Complaint, your job duties, and the specific job function you were performing that required the
use of the vehicle involved in the incident giving rise to Plaintiffs' Complaint.

4.

State the name, current address, and telephone number of any potential party to this lawsuit
not already a party.

5.

State whether you consumed any alcoholic beverages, drugs, medications, or any other
mind-altering substances within the twenty-four hours before the collision which is the subject of
this litigation. If you did take any such substance, state what specifically you consumed, where
you consumed it, the amount you consumed, and the time period over which you consumed each
substance identified.

6.

Please identify each prescription and non-prescription medication you took or were
prescribed between November January 1, 2021 through January 31, 2021. For each such
medication, please provide: the name of the medication; the name, address, and telephone number

of the medical professional, if any, who prescribed the medication; whether or not you actually took the medication at any time during January 2021; your reason for taking the medication; and any side effects the medication caused you to experience.

7.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident giving rise to Plaintiffs' Complaint.

8.

Please identify all persons who arrived at the scene of the incident while you were there.

9.

Identify by full name, address and telephone number all witnesses whom you will or may have present at trial, including experts and impeachment witnesses. For each lay witness, include a description of the issue(s) to which the witness' testimony will relate.  For each expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a curriculum vitae, and a summary of the grounds of each opinion.

10.

Describe in detail your version of how the collision-in-suit occurred.

11.

Please state in detail all actions you took or attempted to take to avoid the incident with Courtney Mitchell.

12.

Please describe or produce for inspection each document in your custody or control of which you have knowledge which you contend supports your defenses.

13.

If you are improperly identified, state the Defendant's correct identification and state whether Defendant will acknowledge service of an Amended Summons and Complaint reflecting the information furnished in this interrogatory response.

14.

Provide the names of any parties (individuals or entities) whom you contend are necessary parties to this action, but who have not been named by Plaintiffs. If you contend that there is a question of misjoinder of parties provide the reasons for your contention.

15.

Describe in detail any conversations you have had with the Plaintiffs, Plaintiffs' representative, Courtney Mitchell, or any third-party witness following the incident giving rise to Plaintiffs' Complaint.

16.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action. If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, and the name and current address of the person(s) having possession.

17.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

18.

Identify each and every person who prepared or participated in the preparation of your responses to these Interrogatories.

19.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

20.

For each affirmative defense raised in your answer, please identify the specific facts you contend support each defense.

21.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

22.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report, **in any form**, in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

23.

Do you contend that any other person(s) or entity(ies) not a party to this lawsuit was guilty of any act(s) or failures to act that played any part in causing Courtney Mitchell's injuries, death, or damages complained of?  If so, state each specific act (or failure to act) by each such person (giving the name, current address, and telephone number of the person) that you claim supports your contentions.

24.

Do you contend that Courtney Mitchell was guilty of any act(s) or failure(s) to act that played any part in causing the injuries, death, or damages complained of?  If so, state each specific act (or failure to act) by Courtney Mitchell that you claim supports your contention.

25.

Please identify any investigation reports, photographs (moving or still), video tapes, or other documents of any kind which reflect or relate to any investigation conducted by or for you of the occurrence which gives rise to this action.

26.

If the defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

27.

Please identify all automobile accidents and moving violations for the defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

28.

Please identify each and every healthcare provider from whom you have requested medical

records that relate in any way to Courtney Mitchell. Include in your answer the date of your request, the date you received records, the name of entity that provided you said records. Your response, pursuant to O.C.G.A. § 9-11-26, should be supplemented during the course of discovery and up to trial.

29.

Please identify all citations or criminal charges brought against you as a result of the incident giving rise to Plaintiffs' Complaint, including the offense and disposition of each charge.

30.

Have you ever had your driver's license restricted, revoked, or suspended? If so, please describe in reasonable detail the reason(s) it was suspended or revoked, the date of the suspension or revocation, and the date it was reinstated.

31.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

32.

Was the defendant on the business of any individual or entity at the time of the accident? If so, please identify any such individual or entity including name, address and telephone number.

33.

State the speed of your vehicle at all times material to the collision-in-suit, including specifically your speed at the time of impact. If your brakes were on at the time of the impact, please state your speed before applying your brakes.

34.

Do you know of any photographs, drawing, or videotapes of the scene of the collision-in-suit, or of any object once located at the scene, or of any object or matter which you claim to be relevant to the occurrences complained of, either posed or unposed? If so, describe the subject matter depicted, state the date the picture was taken or the drawing was made, and state the name, current address and telephone number of both the person who took the photograph or made the

drawing and the person now having custody and control thereof (specifying which).

35.

Please identify by make, model, color, tag number, vehicle identification number, and owner the vehicle operated by you during the incident giving rise to Plaintiffs' Complaint, and if owned by another person or entity, please describe your relationship with said person or entity and if you were authorized to operate said vehicle at the time of the incident giving rise to Plaintiffs' Complaint.

36.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved.  If so, state the name, current address and telephone number of each person who participated, and the date and nature of their participation.


This 5th day of June, 2023.

By:     /s/ Nathaniel K. Hofman
        JUSTIN D. MILLER, ESQ.
        Georgia Bar No. 001307
        NATHANIEL K. HOFMAN, ESQ.
        Georgia Bar No. 997966
        *Attorneys for Plaintiff*


STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
jmiller@smstrial.com
nhofman@smstrial.com

State Court of Fulton County
\*\*E-FILED\*\*
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KERRY MITCHELL, as )
ADMINISTRATOR OF THE ESTATE )
OF COURTNEY MITCHELL, and as )     CIVIL ACTION
guardian and next of friend of Destiny )    FILE NO:
Mitchell (a minor), and ANGELA )
TUCKER as guardian and next of )
friend of CARLOS MITCHELL (a )
minor), )
)
       Plaintiffs, )
)
vs. )
)
MICHAEL DRYON BLACK; C&C )
NORTH AMERICAN, INC.; JOHN )
DOES 1-3; and XYZ )
CORPORATIONS 1-3. )

       Defendants.

## PLAINTIFF KERRY MITCHELL, AS ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, AND AS GUARDIAN AND NEXT OF FRIEND OF DESTINY MITCHELLS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT MICHAEL DRYON BLACK

      **COMES NOW** COMES NOW Plaintiff in the above-styled action and hereby request that the above named Defendant produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Stewart Miller Simmons Trial Attorneys, 55 Ivan Allen Jr. Blvd., Suite 700, Atlanta, Georgia 30308, or at such other time, date, and location agreed to by counsel for defendants and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

## DEFINITIONS

      As used herein, the terms listed below are defined as follows:

    1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting

minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.

Each document identified in your Interrogatory responses.

2.

Please produce all videotapes, photographs, diagrams, visual or audio recordings, plats or drawings or other illustrations of your vehicle, Courtney Mitchell, your person, and the scene of the incident taken within one hour before or any time after the incident giving rise to Plaintiffs' Complaint.

3.

Please produce a copy of the defendant's driver's license.

4.

Please produce all documents that you contend support the defenses asserted in your Answer or which are relied upon to demonstrate and support facts relevant to this litigation.

5.

Please produce all documents that you intend to use as exhibits at the trial of this case.

6.

Please produce all documents that relate, support, or are inconsistent with the factual allegations contained in Plaintiffs' Complaint for Damages.

7.

Please produce names and addresses of any and all experts, together with any and all reports that have been obtained from any expert. If a report has not been prepared, the preparation of a report is requested.

8.

Please produce curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

9.

Please produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policies, umbrella, excess, and medical payments covering all Defendants at the time in question. O.C.G.A. § 9-11-26(b)(2).

10.

Please produce all insurance cards that you have that provide coverage for the automobile that was driven by you during the incident giving rise to Plaintiffs' Complaint.

11.

Please produce copies of any and all statements (oral, written or recorded) previously made by any party or third-party concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any person and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by any person about this lawsuit and contemporaneously recorded.

12.

Please produce a copy of any surveillance tapes, videotapes, photos, or other evidence concerning, referencing or depicting Plaintiffs or Courtney Mitchell.

13.

Please produce all oral, written or recorded statements made by any witness to the accident in question.

14.

Please produce all documents that helped you respond to Plaintiffs' First Continuing Interrogatories.

15.

Please produce all documents that relate to the subject matter contained in Plaintiffs' Complaint for Damages and your answer.

16.

Please produce documents you received in response to requests to non-parties for the production of documents.

17.

Please produce all documents reflecting the disposition of any citations or criminal charges brought against you in the last ten (10) years.

18.

Please produce copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident giving rise to Plaintiffs' Complaint.

19.

All photographs, charts, diagrams, videotapes, visual or audio recordings, computer-generated media or other illustrations or any person, place or thing involved in this lawsuit including but not limited to the scene of the incident, any instrumentality alleged to have caused the alleged damages, any vehicle involved in the incident including any damaged parts thereof, the body or person of Courtney Mitchell, Defendant(s) or other person involved in the subject incident, or any other relevant event or thing.

20.

All documents, letters, memos, computer, electronic or e-mail messages relating to the facts, circumstances or investigation of the subject incident, whether generated or received by you or your agents.

21.

All documents received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit and all documents relied upon by any expert(s) in formulating his/her opinions and conclusions.

22.

Copies of all investigative records/files or other documents relating to the subject incident.

23.

A copy of any reservation of right letter(s) or other documentation of any kind which purports to deny insurance coverage or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

24.

All documents evidencing facts known to Defendant(s) regarding factors which caused and/or contributed to the subject incident.

25.

Any traffic citations, accident reports, legal documentation related to the final disposition of any citations, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation.

26.

All documents reflecting your driving record for the seven (7) years prior to the subject collision.

27.

All documents reflecting your ownership interest in any business entity from November 10, 2016 through present.

28.

All documents reflecting your employment relationship with C&C North American, Inc. at any time, including but not limited to your personnel file, your contractual agreement(s), your written job duties, any written authorizations to operate vehicles on behalf of C&C North American, Inc., or any other employment related document or communication.

29.

All documents reflecting any repairs made to the vehicle you were operating at the time of the subject collision.

30.

All documents reflecting the purpose of your travel on the day of the subject collision.

31.

All documents reflecting any purchases made by you in the 24 hours prior to the subject collision.

This 5th day of June, 2023.

By:     /s/ Nathaniel K. Hofman
        JUSTIN D. MILLER, ESQ.
        Georgia Bar No. 001307
        NATHANIEL K. HOFMAN, ESQ.
        Georgia Bar No. 997966
        *Attorneys for Plaintiff*

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
jmiller@smstrial.com
nhofman@smstrial.com

State Court of Fulton County
**E-FILED**
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KERRY MITCHELL, as                          )
ADMINISTRATOR OF THE ESTATE                 )
OF COURTNEY MITCHELL, and as                )   CIVIL ACTION
guardian and next of friend of Destiny      )   FILE NO:
Mitchell (a minor), and ANGELA              )
TUCKER as guardian and next of              )
friend of CARLOS MITCHELL (a                )
minor),                                     )
                                            )
      Plaintiffs,                          )
                                            )
vs.                                         )
                                            )
MICHAEL DRYON BLACK; C&C                     )
NORTH AMERICAN, INC.; JOHN                  )
DOES 1-3; and XYZ                           )
CORPORATIONS 1-3.                           )
                                            )
      Defendants.

### PLAINTIFF KERRY MITCHELL, AS ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, AND AS GUARDIAN AND NEXT OF FRIEND OF DESTINY MITCHELLS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT C&C NORTH AMERICAN, INC.

**COMES NOW** Plaintiff in the above-styled action and hereby request that the above named Defendant produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Stewart Miller Simmons Trial Attorneys, 55 Ivan Allen Jr. Blvd., Suite 700, Atlanta, Georgia 30308, or at such other time, date and location agreed to by counsel for defendants and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Please produce the following:

1.

Each document related to the employment of Defendant Black, including but not limited to all phone and dispatch records from January 29, 2021.

2.

Please produce all videotapes, photographs, diagrams, visual or audio recordings, plats or drawings or other illustrations of the vehicle involved in the incident giving rise to Plaintiffs' Complaint, Courtney Mitchell, Defendant Black, and the scene of the incident taken following the January 29, 2021 incident.

3.

Please produce a copy of Defendant Black's driver's license and complete motor vehicle record for the seven (7) years prior to the incident giving rise to Plaintiffs' Complaint.

4.

Please produce all documents that you contend support the defenses asserted in your Answer or which are relied upon to demonstrate and support facts relevant to this litigation.

5.

Please produce all documents that you intend to use as exhibits at the trial of this case.

6.

Please produce all documents that relate, support, or are inconsistent with the factual allegations contained in Plaintiffs' Complaint for Damages.

7.

Please produce names and addresses of any and all experts, together with any and all reports that have been obtained from any expert. If a report has not been prepared, the preparation of a report is requested.

8.

Please produce curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

9.

Please produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policies, umbrella, excess, and medical payments covering all Defendants at the time in question. O.C.G.A. § 9-11-26(b)(2).

10.

Please produce all insurance cards that you have that provide coverage for any automobile owned or leased by you on January 29, 2021.

11.

Please produce copies of any and all statements (oral, written or recorded) previously made by any party or non-party concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiffs and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiffs about this lawsuit and contemporaneously recorded.

12.

Please produce a copy of any surveillance tapes, videotapes, photos, or other evidence concerning, referencing or depicting Plaintiffs or Courtney Mitchell.

13.

Please produce all oral, written or recorded statements made by any witness to the accident in question.

14.

Please produce all documents in your possession, custody, or control that were provided to or utilized by Defendant Black in his responses to Plaintiffs' written discovery.

15.

Please produce all documents that relate to the subject matter contained in Plaintiffs' Complaint and your answer.

16.

Please produce documents you received in response to requests to non-parties for the production of documents.

17.

Please produce all documents and communications reflecting or demonstrating all of Defendant's employees who worked on January 29, 2021, including their job titles, duties and responsibilities, hours worked, and tasks performed.

18.

Please produce copies of your telephone records showing incoming and outgoing calls, texts and messages for any purpose on January 29-30, 2021.

19.

All photographs, charts, diagrams, videotapes, visual or audio recordings, computer-generated media or other illustrations or any person, place or thing involved in this lawsuit including but not limited to the scene of the incident, any instrumentality alleged to have caused the alleged damages, any vehicle involved in the incident including any damaged parts thereof, the body or person of Courtney Mitchell, Defendant(s) or other person involved in the subject incident, or any other relevant event or thing.

20.

All documents, letters, memos, computer, electronic or e-mail messages relating to the facts, circumstances or investigation of the subject incident, whether generated or received by you or your agents.

21.

All documents received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit and all documents relied upon by any expert(s) in formulating his/her opinions and conclusions.

22.

Copies of all investigative records/files or other documents relating to the subject incident.

23.

A copy of any reservation of right letter(s) or other documentation of any kind which purports to deny insurance coverage or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

24.

All documents evidencing facts known to Defendant(s) regarding factors which caused and/or contributed to the subject incident.

25.

Any traffic citations, accident reports, legal documentation related to the final disposition of any citations, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation.

26.

Please produce a copy of all policies and procedures applicable to Defendant Black and his supervisors on January 29, 2021.

27.

Please produce a copy of the entire and complete employment file for Defendant Black, including any pre-employment documents, annual driver audits or recertifications, training materials, comments, reprimands, reviews, or any other employment related documents.

28.

Please produce all documents reflecting the hours or dispatches worked by Defendant Black in the seven (7) day prior to the subject collision, including the day of the subject collision.

This 5th day of June, 2023.

By:     */s/ Nathaniel K. Hofman*
        JUSTIN D. MILLER, ESQ.
        Georgia Bar No. 001307
        NATHANIEL K. HOFMAN, ESQ.
        Georgia Bar No. 997966
        *Attorneys for Plaintiff*

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
jmiller@smstrial.com
nhofman@smstrial.com

State Court of Fulton County
**E-FILED**
23EV003342
6/5/2023 4:50 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KERRY MITCHELL, as | ) | |
| ADMINISTRATOR OF THE ESTATE | ) | |
| OF COURTNEY MITCHELL, and as | ) | CIVIL ACTION |
| guardian and next of friend of Destiny | ) | FILE NO: |
| Mitchell (a minor), and ANGELA | ) | |
| TUCKER as guardian and next of | ) | |
| friend of CARLOS MITCHELL (a | ) | |
| minor), | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL DRYON BLACK; C&C | ) | |
| NORTH AMERICAN, INC.; JOHN | ) | |
| DOES 1-3; and XYZ | ) | |
| CORPORATIONS 1-3. | ) | |
| | | |
| Defendants. | | |

### RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. **COMPLAINT;**

2. **PLAINTIFF KERRY MITCHELL'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT MICHAEL DRYON BLACK;**

3. **PLAINTIFF KERRY MITCHELL'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICHAEL DRYON BLACK; AND**

4. **PLAINTIFF KERRY MITCHELL'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT C&C NORTH AMERICAN, INC.**

This 5th day of June, 2023.

By:     */s/ Nathaniel K. Hofman*
             JUSTIN D. MILLER, ESQ.
             Georgia Bar No. 001307
             NATHANIEL K. HOFMAN, ESQ.
             Georgia Bar No. 997966
             *Attorneys for Plaintiff*

STEWART MILLER SIMMONS TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
jmiller@smstrial.com
nhofman@smstrial.com