# EXHIBIT D

State Court of Fulton County
**E-FILED**
23EV003342
6/30/2023 8:56 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| KERRY MITCHELL, as ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, and as guardian and next of friend of Destiny Mitchell (a minor), and ANGELA TUCKER as guardian and next of friend of CARLOS MITCHELL (a minor), | |
| Plaintiffs, | Civil Action File No. 23EV003342 |
| v. | **12 PERSON JURY TRIAL DEMANDED** |
| MICHAEL DRYON BLACK; C&C NORTH AMERICAN, INC.; JOHN DOES 1-3; and XYZ CORPORATIONS 1-3, | |
| Defendants. | |

## ANSWER

COME NOW Michael Black and C&C North American, Inc., appearing specially without waiving any rights, defenses, or objections after being named as defendants in the above-styled civil action (hereinafter collectively referred to as "defendants"), and answer plaintiffs' complaint by special appearance as follows:

## FIRST DEFENSE

All or portions of plaintiffs' complaint fail to state or set forth claims against these defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants preserve any and all defenses that plaintiffs' claims may be barred by operation of law. Further, plaintiffs' claim may be barred if they are not the real party in interest.

## THIRD DEFENSE

Since facts still are being determined, these defendants show that the plaintiffs' alleged damages, if any, may have been directly and proximately caused by plaintiffs' decedent own contributory and comparative fault and failure to exercise ordinary care.

## FOURTH DEFENSE

In further answer, these defendants show that plaintiffs' damages, if any, may have been caused by the acts and failure to act of persons or entities other than these defendants.

## FIFTH DEFENSE

If these defendants were negligent, which defendants emphatically deny, the negligence of the plaintiffs' decedent may have equaled or exceeded that of these defendants.

## SIXTH DEFENSE

Since facts are still being determined, defenses of lack of personal jurisdiction, improper service, and insufficient process are also raised and preserved.

## SEVENTH DEFENSE

These defendants deny that they acted with any intentional or willful misconduct. Therefore, plaintiffs are barred from recovery from these defendants.

## EIGHTH DEFENSE

Since facts are still being determined, the plaintiffs' decedent by the exercise of ordinary care could have avoided the consequences of any act or failure to act of these defendants.

## NINTH DEFENSE

If there is not a verdict against a resident defendant, the court lacks jurisdiction over the defendants and venue would be improper so defendants preserve all defenses to venue and rights to move to transfer venue.

## TENTH DEFENSE

The plaintiffs may have failed to specially plead all damages pursuant to O.C.G.A. §9-11-9(g). Therefore, defendants move for a more definite statement thereof pursuant to O.C.G.A. §9-11-12; see *Bryant v. Haynie*, 216 Ga.App. 430, 432, 454 S.E.2d 533 (1995).

## ELEVENTH DEFENSE

Since facts are still being determined, defendants preserve the defense that plaintiffs may have failed to take reasonable steps to mitigate the alleged damages.

## TWELFTH DEFENSE

Any claim for fees or costs is improper as there exist bona fide controversies.  See *Brown v. Baker*, 197 Ga. App. 466, 469, 398 S.E.2d 797 (1990); *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 312 S.E.2d 386 (1983).

## THIRTEENTH DEFENSE

Defendants deny that they acted in any manner so as to entitle the plaintiffs to an award of punitive or exemplary damages.  Defendants contend that there is no evidence sufficient to create a jury issue on punitive damages as to the defendants. Defendants also contend that any award of punitive damages in this case would be unconstitutional, and that the statutes allegedly authorizing punitive damages are unconstitutional.

## FOURTEENTH DEFENSE

Defendants preserve any defense that they are either immune from suit or not subject to suit in this matter.

## FIFTEENTH DEFENSE

Since facts are still being determined, plaintiffs' claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

## SIXTEENTH DEFENSE

Defendants preserve for assertion all affirmative defenses and other defenses that could be asserted by pursuant to O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12. Defendants also reserve the right to amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed through discovery.

## SEVENTEENTH DEFENSE

For their seventeenth defense, these defendants answer plaintiffs' complaint as follows:

1.

In response to paragraph 1 of plaintiffs' complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiffs are put upon strict proof of the same. However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

2.

Defendants deny the allegations contained in paragraph 2 of plaintiffs' complaint as specifically stated.

3.

In response to paragraphs 3, while defendants admit that C&C North America, Inc. is an entity with its principal place of business outside of Georgia and a registered agent for service at the address listed in paragraph 3, defendants deny the remaining allegations as specifically stated.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

4.

In response to paragraphs 4 and 5 of plaintiffs' complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiffs are put upon strict proof of the same. However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraphs of the plaintiffs' complaint.

5.

Defendants deny the allegations contained in paragraph 6 of plaintiffs' complaint as specifically stated.

6.

In response to paragraph 7 of plaintiffs' complaint, while Courtney Mitchell suddenly darted into the roadway of Martin Luther King Jr. Drive, it was not at an intersection or cross walk and therefore the allegations of paragraph 7 of plaintiffs' complaint are denied as specifically stated and understood.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

7.

Defendants deny the allegations contained in paragraph 8 of plaintiffs' complaint as specifically stated.

8.

In response to paragraph 9 of plaintiffs' complaint, while defendant Black was authorized to use a particular vehicle at times on 1/29/21, defendants deny the allegations of paragraph 9 as specifically stated.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

9.

Defendants deny the allegations of paragraph 10 of plaintiffs' complaint as specifically stated.

10.

Defendants deny the allegations of paragraph 11 of plaintiffs' complaint as specifically stated.

11.

In response to paragraph 12 of plaintiffs' complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiffs are put upon strict proof of the same. However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

12.

In response to paragraph 13 of plaintiffs' complaint, defendants understand that certain charged may have initially been made.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

13.

Defendants deny the allegations contained in paragraph 14 of plaintiffs' complaint.

14.

Defendants deny the allegations contained in paragraph 15 of plaintiffs' complaint.

15.

In response to paragraph 16 of plaintiffs' complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiffs are put upon strict proof of the same. However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiffs' complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiffs' complaint.

<u>COUNT I</u>

16.

In response to paragraph 17 of Count I of plaintiffs' complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 16 of plaintiffs' complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

17.

In response to paragraphs 18 of Count I of plaintiffs' complaint, allegations contained therein are not limited as to time or scope and attempt to set forth vague, inaccurate, or incomplete statements and legal conclusions.  Defendants deny the allegations contained in paragraph 18 of Count I of plaintiff's complaint as specifically stated.

18.

Defendants deny the allegations contained in paragraphs 19, 20, and 21 of Count I of plaintiffs' complaint.

19.

Defendants deny all other allegation of Count I of plaintiffs' complaint.

## COUNT II

20.

In response to paragraph 22 of Count II of plaintiffs' complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 21 of plaintiffs' complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

21.

Defendants deny the allegations contained in paragraphs 23, 24, and 25 of Count II of plaintiffs' complaint as specifically stated.

22.

Defendants deny all other allegation of Count II of plaintiffs' complaint.

## COUNT III

23.

In response to paragraph 26 of Count III of plaintiffs' complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 25 of plaintiffs' complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

24.

Defendants deny the allegations contained in paragraphs 27, 28, 29, 30, 31, and 32 of Count III of plaintiffs' complaint.

25.

Defendants deny all other allegations of Count III of plaintiffs' complaint.

<u>COUNT IV</u>

26.

In response to paragraph 33 of Count IV of plaintiffs' complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 32 of plaintiffs' complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

27.

In response to paragraphs 34 of Count IV of plaintiffs' complaint, allegations contained therein are not limited as to time or scope and attempt to set forth vague, inaccurate, or incomplete statements and legal conclusions.  Defendants deny the allegations contained in paragraph 34 of Count IV of plaintiff's complaint as specifically stated.

28.

In response to paragraph 35 of Count IV of plaintiffs' complaint, while defendant Black pled to a certain charge, defendant deny the remaining allegations as specifically stated as such are not limited as to time or scope and attempt to set forth vague, inaccurate, or incomplete statements and legal conclusions. Notwithstanding such a response, to the extent any allegation

in the aforementioned paragraph is read to assert liability upon the defendants, such liability is expressly denied.

29.

Defendants deny the allegations contained in paragraph 36 of Count IV of plaintiffs' complaint.

30.

In response to paragraphs 37 of Count IV of plaintiffs' complaint, allegations contained therein are not limited as to time or scope and attempt to set forth vague, inaccurate, or incomplete statements and legal conclusions.  Defendants deny the allegations contained in paragraph 37 of Count IV of plaintiff's complaint as specifically stated.

31.

Defendants deny the allegations contained in paragraph 38 of Count IV of plaintiffs' complaint as specifically stated.

32.

Defendants deny the allegations contained in paragraph 39 of Count IV of plaintiffs' complaint as specifically stated.

33.

Defendants deny all other allegations contained in Count IV of plaintiffs' complaint.

## COUNT V

34.

In response to paragraph 40 of Count V of plaintiffs' complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 39 of plaintiffs' complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

35.

Defendants deny the allegations contained in paragraphs 41 of Count V of plaintiffs' complaint.

36.

Defendants deny all other allegations contained in Count V of plaintiffs' complaint.

37.

Defendants deny all other allegations of plaintiffs' complaint not hereinbefore specifically addressed.

38.

Defendants deny all other allegations in plaintiffs' complaint including: any "WHEREFORE" paragraph and all subparts, or request for payment of costs or fees; any reference or implication of liability, fault, causation, or damage contained in or referenced by any section headings, count, or cause of action, or any allegation contained in attachments or exhibits; and any prayer for relief and request for damages, judgment, or other relief.

WHEREFORE, having fully answered, defendants pray that they be discharged without costs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JESSICA P. JOHNSON
Georgia Bar No. 183161
JABARI C. ROLLINS
Georgia Bar No. 354197

13594709/1
06783-194340

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the within and foregoing **ANSWER** using the court's e-filing system, which will automatically send email notification of such filing to the attorneys or parties of record as follows:

> Justin D. MIller, Esq.
> Nathaniel K. Hofman, Esq.
> Stewart Miller Simmons Trial Attorneys
> 55 Ivan Allen, Jr. Blvd., Suite 700
> Atlanta, Georgia 30308
>        Attorneys for plaintiff

       This 30th day of June, 2023.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JESSICA P. JOHNSON
> Georgia Bar No. 183161
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
johnsonj@deflaw.com
rollinsj@deflaw.com

13594709/1
06783-194340

State Court of Fulton County
**E-FILED**
23EV003342
6/30/2023 9:01 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| KERRY MITCHELL, as ADMINISTRATOR OF THE ESTATE OF COURTNEY MITCHELL, and as guardian and next of friend of Destiny Mitchell (a minor), and ANGELA TUCKER as guardian and next of friend of CARLOS MITCHELL (a minor), | |
| Plaintiffs, | Civil Action File No. 23EV003342 |
| v. | |
| MICHAEL DRYON BLACK; C&C NORTH AMERICAN, INC.; JOHN DOES 1-3; and XYZ CORPORATIONS 1-3, | |
| Defendants. | |

## NOTICE OF REMOVAL TO U.S. DISTRICT COURT

COME NOW C&C North American, Inc. and Michael Black, after being named as a defendants in the above-styled civil action (hereinafter "Defendants"), and after appearing specially without waiving any rights, objections, or defenses, provide the following notice:

In compliance with 28 U.S.C. § 1446 (d), you are hereby notified of the filing of a Notice of Removal in this action with the United States district Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit "1".

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JESSICA P. JOHNSON
Georgia Bar No. 183161
JABARI C. ROLLINS
Georgia Bar No. 354197

13603347v1
06783-194340

- 1 -

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO U.S. DISTRICT COURT** upon all parties using the Court's e-filing system, which will automatically send email notification of such filing to the attorneys or parties of record as follows:

> Justin D. Miller, Esq.
> Nathaniel K. Hofman, Esq.
> Stewart Miller Simmons Trial Attorneys
> 55 Ivan Allen, Jr. Blvd., Suite 700
> Atlanta, Georgia 30308
>     Attorneys for plaintiffs

This 30th day of June, 2023.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
> _____
> BRIAN W. JOHNSON
> Georgia Bar No. 394745
> JESSICA P. JOHNSON
> Georgia Bar No. 183161
> JABARI C. ROLLINS
> Georgia Bar No. 354197

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
johnsonj@deflaw.com
rollinsj@deflaw.com

13603347v1
06783-194340

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KERRY MITCHELL, as
ADMINISTRATOR OF THE ESTATE OF
COURTNEY MITCHELL, and as
guardian and next of friend of
Destiny Mitchell (a minor), and
ANGELA TUCKER as guardian and
next of friend of CARLOS
MITCHELL (a minor),

      Plaintiffs,

   v.

MICHAEL DRYON BLACK; C&C NORTH
AMERICAN, INC.; JOHN DOES 1-3;
AND XYZ CORPORATIONS 1-3.

      Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

COME NOW C&C North America, Inc. and Michael Black, having appeared specially without waiving any rights after being named as defendants in the above-styled action, and file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiffs filed a lawsuit naming C&C North America and Michael Black as defendants in *Kerry Mitchell, as*

- 1 -

*administrator of the estate of Courtney Mitchell, and as*

*guardian and next of friend of Destiny Mitchell (a minor), and*

*Angela Tucker as guardian and next of friend of Carlos Mitchell*

*(a minor) v. Michael Dryon Black, C&C North American, Inc., John*

*Does 1-3, and XYZ Corporations 1-3*, Case Number 23EV003342,

before the State Court of Fulton County, State of Georgia.

Fulton County is within the Atlanta Division of this Court.

2.

Pursuant to their Complaint at ¶ 1, Plaintiffs are

residents and thereby citizens of Georgia. (Complaint, ¶ 1,).

3.

Defendant C&C North America is a Delaware corporation with

its principal place of business in Florida. (Ex. A, Secretary of

State Filings). For purposes of diversity, defendant C&C North

America is deemed a citizen of Florida and Delaware. 28 U.S.C. §

1332(c)(1) (corporation is citizen of state of incorporation and

state where it has its principal place of business for diversity

purposes).

4.

Defendant Michael Black is a citizen and resident of

Florida, albeit defendants contend that Michael Black has not

been properly served.

5.

The complaint also lists fictitious John Doe and XYZ defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1). *See Walker v. CSX Transp. Inc.,* 650 F.3d 1392, 1396 (11th Cir. 2011)(fictitious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.,* No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014)(disregarding John Doe defendants for purposes of determining diversity of citizenship).

6.

Accordingly, there is complete diversity among the plaintiffs (Georgia) and the defendants (Delaware and Florida).

7.

Defendants submit that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.  The plaintiffs' complaint sought special damages including medical expenses and the full value of the decedent's life. (Complaint, Count I, ¶ 21).  See *Roe v. Michelin North American, Inc.,* 613 F.3d 1058 (11th Cir. 2010)(The Court held that value of wrongful death/value of life claims more likely than not exceeded $75,000, as required to remove action to federal court despite the absence of a quantified amount pled in the complaint).

Plaintiffs' complaint also alleged a claim for punitive damages. (Complaint, Count V). Plaintiffs' attorney in March 8, 2023 correspondence provided alleged claimed medical expenses for $340,000 as shown below:

### PAST MEDICAL BILLS

Below is a table reflecting all currently known medical bills and expenses incurred as a result of the incident:

| | |
|---|---|
| Grady Hospital: | $340,784.05 |
| Alfonzo Dawson Mortuary, Inc.: | $4,035.00 |
| **TOTAL** | **$ 344,819.05** |

8.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*

- 4 -

*v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)

(quoting *Pretka*, 6o8 F.3d at 754)).

A defendant need not "prove the amount in controversy

beyond all doubt or to banish all uncertainty about it." *Pretka*

*v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir.

2010).

Accordingly, based upon the above allegations in

plaintiffs' complaint and the amount of medical specials claimed

by the plaintiffs, the evidence shows the amount in controversy

exceeds $75,000.

9.

The defendants timely filed this notice of removal within

30 days of receipt of the plaintiffs' complaint. 28 U.S.C. §

1446(b)(3) & (c)(3).  Removal is further timely because this

Notice of Removal is filed less than one year after plaintiff

commenced the action.

10.

The aforementioned civil action is a civil action over

which this Court has original jurisdiction under 28 U.S.C. §

1332(a) and is one which may be removed to this Court by the

defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted in

the previous paragraphs, this civil action is one in which the

matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

11.

Pursuant to 28 U.S.C. §1446(a), a true and legible copy of all process, pleadings, and orders served in the state court action as of this date are attached hereto as **Exhibit "B"**. (Defendants contend no proper service has yet to occur on Michael Black).

12.

A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the clerk of the State Court of Fulton County, Georgia, and is being served on plaintiffs' counsel as required by 28 U.S.C. § 1446(d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit "C."** Defendants have attached hereto copies of all pleadings defendants served in this case as Exhibit "D."

13.

The defendant gave written notice of filing of this Notice of Removal to the plaintiffs as set forth in the certificate of service attached to this Notice of Removal.

WHEREFORE, Defendants C&C North America and Michael Black pray that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

Brian W. Johnson
Georgia Bar No. 394745

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com

13603488v1
06783-194340

- 7 -

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1B.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record:

> Justin D. Miller, Esq.
> Nathaniel K. Hofman, Esq.
> Stewart Miller Simmons Trial Attorneys
> 55 Ivan Allen, Jr. Blvd., Suite 700
> Atlanta, Georgia 30308
> *Attorneys for plaintiff*

This 30th day of June, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JESSICA P. JOHNSON
Georgia Bar No. 183161
JABARI C. ROLLINS
Georgia Bar No. 354197

- 8 -

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com