UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZACHARY JAMES MCALEXANDER,<br><br>     Plaintiff,<br><br>  v.<br><br>CHURCH & DWIGHT CO., INC. and CURALLUX, LLC,<br><br>     Defendants. | Case No.: _____ |

**JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Church & Dwight Co., Inc. ("Church & Dwight") and Curallux, LLC ("Curallux") hereby give notice of the removal of this action, titled *Zachary James McAlexander* v. *Church & Dwight Co., Inc. and Curallux, LLC*, bearing Civil Action No. 2023-CV-380145, from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

As addressed below, the Court has jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(b).

As grounds for removal, Defendants state as follows:

### I.  REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

1. On April 18, 2023, Plaintiff Zachary James McAlexander filed a pro se Complaint for Damages and Demand for Jury Trial (the "Complaint") in the Superior Court of Fulton County, Georgia, arising from Plaintiff's (1) alleged use of Curallux's products (CapillusPro 272 Laser Cap and CapillusUltra 82 Laser Cap) and (2) alleged use of certain Viviscal products marketed by Church & Dwight.

2. On June 1, 2023, Plaintiff served copies of the Complaint and Summons on Curallux through its registered agent. On June 2, 2023, Plaintiff served copies of the Complaint and Summons on Church & Dwight through its registered agent. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers and filed in the state court action—as available from the state court docket at the time of filing this Notice—are attached hereto as **Exhibit A**.

3. In accordance with 28 U.S.C. § 1446(b), the instant Notice of Removal is timely filed within thirty (30) days of each Defendant's receipt through service of the Complaint and Summons.

4. No further pleadings have been filed, and no proceedings have yet occurred in this action in the Superior Court of Fulton County, Georgia.

5.      For purposes of removal, venue is proper in this Court because the United States District Court for the Northern District of Georgia is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 90(a)(2), 1391, 1441(a), 1446(a).

6.      Defendants base removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been "properly joined and served must join in or consent to the removal of the action." As noted, both Defendants join in the removal of this action. Accordingly, the requirements of 28 U.S.C. § 1446(b)(2)(A) are met here.

## II.    STATUTORY BASIS FOR JURISDICTION

8.      Defendants remove this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

9.      Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. There is complete diversity between Plaintiff and all Defendants.

A.  **There Is Complete Diversity Between All Plaintiffs and All Defendants**

10. Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

11. According to the Complaint, Plaintiff Zachary James McAlexander is domiciled in, and is a citizen of, the State of Georgia. *See* Compl. ¶ 2.

12. Church & Dwight was, at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware and has its principal place of business in New Jersey.

13. A corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Church & Dwight is a citizen of Delaware and New Jersey for the purpose of determining diversity citizenship.

14. Curallux is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Florida. The sole member of Curallux is Curallux Holdings, LLC, which is a limited liability company organized under the laws of the State of Florida. Curallux Holdings, LLC has two members:

(1) Capillus Investments, LLC and (2) Capart, LLC, which are both limited liability companies organized under the laws of the State of Florida. The sole member of Capillus Investments, LLC is Pudoel, LLC, a limited liability company organized under the laws of the State of Florida. The sole member of Pudoel, LLC is Agro Holdings, LLC, a limited liability company organized under the laws of the State of Delaware. The members of Agro Holdings, LLC are two trusts organized under the laws of the State of Delaware, which have individual beneficiaries who are citizens of the State of Florida. The members of Capart, LLC are (1) Capillus Financial, LLC, a limited liability company organized under the laws of the State of Florida; (2) Capart, LLC, a limited liability company organized under the laws of the State of Florida; (3) and (4) two individuals who are citizens of the State of Florida; and (5) an individual who is a citizen of the Country of Spain. The sole member of Capillus Financial, LLC is Pudoel, LLC, a limited liability company organized under the laws of the State of Florida. The sole member of Pudoel, LLC is Agro Holdings, LLC, a limited liability company organized under the laws of the State of Delaware. The members of Agro Holdings, LLC are two trusts organized under the laws of the State of Delaware, which have individual beneficiaries who are citizens of the State of

Florida. The trustee of the trusts that are members of Agro Holdings, LLC is also not a resident of the State of Georgia for purposes of diversity of citizenship.

15. The citizenship of a limited liability company is determined by the citizenship of its members, as well as those members' sub-members. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004). The citizenship of a business trust is determined by the citizenship of the beneficiaries. *Americold Realty Tr. v. Conagra Foods, Inc.,* 577 U.S. 378, 382-83 (2016). None of the companies, individuals, trusts, trust beneficiaries or trustees of the limited liability companies and trusts that are members or sub-members of the aforementioned limited liability companies are residents of the State of Georgia for purposes of determining diversity of citizenship. Thus, Curallux is a citizen of both Florida and Delaware for purposes of determining diversity of citizenship.

16. Because Plaintiff is a citizen of Georgia, and Defendants are citizens of states other than Georgia, complete diversity of citizenship exists between Plaintiff and the Defendants in this lawsuit. *See* 28 U.S.C. §§ 1332 and 1441.

B. **Amount in Controversy**

17. Plaintiff asserts that Defendants "manufactured, distributed, produced, and sold products" that caused injuries to Plaintiff, and that "Defendants'

actions were wanton and willful, or were conducted with reckless disregard of the harm to users of their products." Compl. ¶¶ 18-20.

18. Plaintiff seeks damages in the amount of $1,500,000.00. Compl. ¶ 21.

19. In addition, Plaintiff asserts that Defendants' alleged conduct, "which would raise the presumption of conscious indifference to the consequences," entitles Plaintiff to punitive damages pursuant to O.C.G.A. 51-12-5.1. Compl. ¶ 23.

20. In summary, Plaintiff seeks to recover special, compensatory, and punitive damages in an amount in excess of $1,500,000.00. It is therefore apparent from the face of the Complaint that the amount in controversy, exclusive of interests and costs, exceeds $75,000.

**III. NOTICE IS BEING SENT TO THE PARTIES AND FILED IN STATE COURT**

18. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing Plaintiff with written notice of the filing of this Notice of Removal.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of Fulton County, Georgia, attaching as an exhibit thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendants hereby give notice that the above-entitled state

court action, formerly pending in the Superior Court of Fulton County, Georgia, has been removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this <u>30th</u> day of June, 2023.

                                      SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ David M. Atkinson*
David M. Atkinson
Georgia Bar No. 026460
david.atkinson@swiftcurrie.com
Noah A. Caldwell
Georgia Bar No. 885808
noah.caldwell@swiftcurrie.com
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
*Counsel for Defendant*
*Church & Dwight Co., Inc.*

GREENBERG TRAURIG, LLP

*/s/ Taryn W. Harper (with express permission to David M. Atkinson)*
Taryn W. Harper
Georgia Bar No. 335174
harpert@gtlaw.com
Precious Johnson
Georgia Bar No. 146189
johnsonpr@gtlaw.com
Terminus 200

3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-1111
Facsimile: (678) 553-2693
*Counsel for Defendant*
*Curallux, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing pleading via the Court's electronic filing system, electronic mail, and First-Class U.S. mail upon the following parties:

Zachary James McAlexander<br>
2807 Jasmine Pkwy<br>
Alpharetta, GA 30022<br>
zmcalexander@gmail.com

This <u>30th</u> day of June, 2023.

                          SWIFT, CURRIE, MCGHEE & HIERS, LLP

                          */s/ David M. Atkinson*
                          David Atkinson
                          Georgia Bar No. 026460
                          Noah A. Caldwell
                          Georgia Bar No. 885808

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
david.atkinson@swiftcurrie.com
noah.caldwell@swiftcurrie.com