EXHIBIT " A"

Fulton County Superior Court
***EFILED***LW
Date: 5/15/2023 12:00 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

| | |
|---|---|
| _____ ) Case | 2023CV380145 |
| ) No.:_____ | |
| ) | |
| _____ ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| _____ ) | |
| ) | |
| _____ ) | |
| **Defendant** ) | |
| ) | |
| ) | |
| ) | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____5/15/2023_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
                    Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 5/15/2023 12:00 AM
Cathelene Robinson, Clerk

STATE OF GEORGIA

IN THE COUNTY OF FULTON                    )

SUPERIOR COURT                             )
                                           )
ZACHARY JAMES MCALEXANDER                  )
                                           )
                         Plaintiff         )
2807 JASMINE PKWY                          )
             STREET ADDRESS                )
ALPHARETTA, GA 30022                       )
               CITY, STATE ZIP             )
(678) 672-9325                             )
                 TELEPHONE                 )
             VS.                           )
                                           )
                                           )
CHURCH & DWIGHT CO., INC.                  )
                                           )
                         Defendant         )
289 S. CULVER STREET                       )
             STREET ADDRESS                )
LAWRENCEVILLE, GA 30046-4805               )
               CITY, STATE ZIP             )
(800) 833-9532                             )
                                           )
                                           )
CURALLUX, LLC                              )
                                           )
                         Defendant         )
2985 GORDY PARKWAY, 1ST FLOOR              )
             STREET ADDRESS                )
MARIETTA, GA 30066                         )
               CITY, STATE ZIP             )
786-888-6249                               )

| CIVIL CASE NUMBER |
| FULTON COUNTY SUPERIOR COURT |
| 2023CV380145 |

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, Zachary James McAlexander, alleges in this civil action against Defendants CHURCH & DWIGHT CO., INC. and CURALLUX, LLC  as follows:

**NATURE OF ACTION**

1.      This case is regarding product liability, unfair business practices, and unjust

enrichment under GA Code § 9-3-33, suffered by the Plaintiff due to actions of the Defendants,

CHURCH & DWIGHT CO., INC. and CURALLUX, LLC.  Plaintiff suffered as a result of unfair

business practices by Defendants under O.C.G.A. 10-1-372. Misrepresentation by Defendants

prolonged Plaintiff's suffering, as it hindered his finding the truth and proper treatment, leading to

a continuous injury. By this action, the Plaintiff aims to obtain compensation for damages, and

seeks justice and punitive damages under O.C.G.A. 51-12-5.1 against Defendants.

**PARTIES**

2.      The Plaintiff, Zachary James McAlexander, is a United States citizen and Georgia

resident. Plaintiff resides in Fulton County, GA.

3.      The Defendants, CHURCH & DWIGHT CO., INC. and CURALLUX, LLC,

hereafter referred to "Viviscal" and "Capillus" respectively, operate in Georgia and are registered

with the Georgia Secretary of State in Georgia. The Defendants conduct business in all 50 states,

including Georgia.

**JURISDICTION AND VENUE**

4.      This court has subject matter jurisdiction over Plaintiff's claims of personal injury

under GA Code § 9-3-33.

5.      This court has subject matter jurisdiction over Plaintiff's claims of unfair business

practices under O.C.G.A. 10-1-372.

6.      This court has personal jurisdiction over Defendant CHURCH & DWIGHT CO.,

INC. and CURALLUX, LLC.

7.    Venue is proper as the Defendants conduct business in Fulton County, GA and are registered with the Secretary of State of Georgia.

## INTRODUCTION

8.    Plaintiff, Zachary James McAlexander, is an IT professional who resides in Fulton County, GA. Plaintiff has a Master's in Business Administration, MBA from Saint Leo University. Plaintiff consumed products manufactured by Defendants.

9.    Plaintiff purchased products from Defendants that were advertised to him as capable of growing new hair, regrowing hair, or making hair thicker, abilities he wanted from their products. Plaintiff bought a CapillusPro 272 Laser Cap on April 6, 2021 from Defendant Capillus. Previously, he purchased a CapillusUltra 82 Laser Cap on March 19, 2020 from Capillus. Both purchases were directly made by the Plaintiff from the website of manufacturer Defendant Capillus. The second purchase was for an "upgraded" laser cap which was supposed to be more effective. Plaintiff used the Laser Cap continuously until April 18, 2023. Plaintiff also purchased and used products from Defendant Viviscal, using them from July 8, 2020 through April 18, 2023, including Viviscal Hair Growth Supplement, Viviscal PRO Professional Strength Dietary Supplement, Viviscal Densifying Shampoo, Viviscal Densifying Conditioner, and Viviscal Densifying Elixir. Despite continuous use of Defendants' products, Plaintiff did not grow new hair in his crown. See Exhibit A. The front regions were operated on by hair transplant surgeons and grew new transplanted hair. This test proved the ineffectiveness of Defendants' products as there was no surgery in the crown region while using Defendants' products and the crown region did not grow despite Defendants' claims of effectiveness of hair growth.

## FACTUAL ALLEGATIONS AND CLAIMS

10.    This complaint arises from several intentional actions committed by Defendant, which had a harmful impact on Plaintiff beginning in July 2020. These actions were committed

by Defendant in the state of Georgia. These actions included, but are not limited to, unfair

business practices and manufacturing and marketing an ineffective product.

11.     Plaintiff consumed and used products manufactured by Defendants beginning in

July 2020. Defendant Viviscal product Viviscal Hair Growth Supplement box states, "Nourishes

thinning hair and promotes existing hair growth" and "Clinically Proven Dietary Supplement".

The box also states, "Viviscal dietary supplement is scientifically formulated with the exclusive

marine complex AminoMar which helps to nourish thinning hair and promotes existing healthy

hair growth." Ingredients listed include Vitamin C, Niacin, Biotin, Calcium, Iron, Zinc, Amino

Mar Marine Complex, Horsetail (stem) Extract, and Millet Seed Extract. On the side of the box, it

sates "For best results, use with our Viviscal Gorgeous Growth Densifying Shampoo,

Conditioner, and Elixir. Made with our proprietary Ana:Tel complex plus a blend of biotin,

keratin, and zinc, these products promote thicker, fuller looking hair." See Exhibit B. Plaintiff

purchased and used all of these products to no avail with no noticeable difference in growth of his

crown hair.

12.     Plaintiff purchased and used Defendant Capillus's Laser Caps continuously from

March 19, 2020 to April 18, 2023. The Capillus website states, "Clinically proven, 6 min daily

laser technology for thicker, healthier hair." and "Once the cap turns on, your scalp is illuminated

by red laser light. The photobiomodulation process is how our cells react to red light, and how we

can use this reaction to help grow healthier hair." See Exhibit C. Despite continuous use of

Defendant Capillus's Laser Caps for years, his crown never regrew, grew new hair, or became

"thicker".

13.     Defendants have failed to consider the seriousness of the failures of its products and

displays negligence, willful conduct, wantonness, and entire want of care, which would raise the

presumption of conscious indifference to the consequences. Additionally, the Viviscal Hair

Growth Supplement box states, "These statements have not been evaluated by the Food and Drug

Administration" and "This product is not intended to diagnose, treat, cure, or prevent any

disease". However, the exact opposite is stated on the front of the box as it states that Viviscal is to "nourish thinning hair, reduce shedding, and increase hair thickness". These are contradictory statements. If Defendant Viviscal wants to sell a product to treat a disease such as hair loss, they need FDA approval which they do not have.

## <u>COUNT I – STRICT PRODUCTS LIABILITY</u>

14.    To state a claim for Strict Liability under Georgia law, the Plaintiff must show (1) the Defendant was the manufacturer of the product; (2) the product, when sold, was not merchantable and reasonably suited to the use intended, and (3) the product's defective condition proximately caused Plaintiff's injury. See Brazil v. Janssen Research & Dev. LLC, 196 F. Supp. 3d 1351, at * 1358 (N.D. Ga. 2016). There are three categories of product defects that a Plaintiff can choose from when he is basing his claim in strict liability: manufacturing, design, and marketing/packaging. See Varazo v. Keiser Corp., No. 1:16-cv-4228-WSD, 2018 WL 2938871, at *7 (N.D. Ga. Jun. 12, 2018). Regardless of which category a Plaintiff chooses, "the questions are the same: 'whether a product was defective, and if so, whether the defect was the proximate cause of a plaintiff's injury.'" See id. The existence of a defect is crucial. Giordano v. Ford Motor Co., 165 Ga. App. 644, 645 (1983).

15. Defendant Viviscal is the manufacturer of Viviscal Hair Growth Supplement, which Plaintiff consumed. Defendant's product, which Plaintiff consumed, was not reasonably suited to the use intended, which was growth of hair. The Viviscal Hair Growth Supplement and other products manufactured by Defendant are ineffective and in their defective condition caused Plaintiff's injury, which was delay of proper treatment and distress. Defendant Viviscal's products are defective because the combination of its ingredients do not grow hair and for Plaintiff, consumption of Defendant Viviscal's products was a proximate cause of his injury. Plaintiff did not grow or have hair thickening in the crown region despite continuous use of

Defendant Viviscal products. The marketing of Defendant Viviscal is defective because

Defendant Viviscal claimed their product "nourishes thinning hair and promotes existing hair

growth". Defendant Viviscal still makes these claims. On the contrary, Defendant Viviscal's

products do not grow new hair or make any difference in hair growth. The combination of poor

marketing by Defendant Viviscal as well as defective design of its products with its ineffective

combination of ingredients was the proximate cause of Plantiff's injury.

16. Defendant Capillus is the manufacturer of Capillus Laser Caps, which Plaintiff used.

Defendant Capillus's products, which Plaintiff used, were not reasonably suited to the use

intended, which was growth of hair. The Capillus Laser Caps manufactured by Defendant

Capillus are ineffective and in their defective condition caused Plaintiff's injury, which was delay

of proper treatment and distress. Defendant Capillus's products are defective because the design

of the Laser Caps did not result in hair growth and for Plaintiff, usage of Defendant Capillus's

products was a proximate cause of his injury. Plaintiff did not grow or have hair thickening in the

crown region despite continuous use of Defendant Capillus's products. The marketing of

Defendant Capillus is defective because Defendant Capillus claimed their product "Clinically

proven, 6 min daily laser technology for thicker, healthier hair". Defendant Capillus still makes

these claims. On the contrary, Defendant Capillus's Laser Caps do not grow new hair or make

any difference in hair growth. The combination of poor marketing by Defendant Capillus as well

as defective design of its products with its ineffective design of a laser cap for hair growth was

the proximate cause of Plantiff's injury.


17.    A product defect "is a fundamental element of a Georgia products liability claim.

See Boswell v. OHD Corp., 292 Ga. App. 234, 235 (2008) ("The sine qua non of a products

liability claim, regardless of whether the plaintiff proceeds under a theory of strict liability or

negligence, is a defect in the product.")." The obvious defect of Defendants' products is their

ineffectiveness for hair growth, which is caused by defective design processes for both. Defendants should instead manufacture products that are effective for hair growth.

18.    At all times relevant to the Complaint, Defendants manufactured, distributed, produced and sold its products throughout the United States and the world and do substantial and continuing business in the State of Georgia.

19.    Defendants are liable for causing injuries to Plaintiff for the following reasons:

a.    selling a product it knew or should have known was in a defective condition;

b.    selling a product which it knew or should have known was unreasonably dangerous to the user;

c.     selling a product which it knew or should have known was not safe;

d.    supplying warnings with the product that it knew or should have known were inadequate;

e.    providing instructions to be followed with regard to the prescribing of this product that it knew or should have known were not accurate and truthful;

f.    selling a product wherein it was foreseeable that someone would be injured upon ingesting the product in question;

g.    selling a product which it knew or should have known was not safe for its intended use;

h.    selling a product which it knew or should have known was lacking of one or more elements necessary to make it safe for its intended use;

i.    manufacturing a product which it knew or should have known was defective and which could cause injury to the user;

j.    designing a product which it knew or should have known was defective and which could cause injury to the user;

k.    distributing a product which it knew or should have known was defective

and could cause injuries to a user;

1.      failing to see that ultimate users were advised of the dangers of said

product;

m.      failing to exercise reasonable care in the design of this product;

n.      failing to exercise reasonable care in the marketing of this product;

o.      failing to adequately and properly test said product;

p.      failing to use reasonable care under the circumstances;

q.      delivering a product which it knew or should have known was defective

and could cause injury to the user;

r.      producing a product which it knew or should have known was defective

and could cause injury to the user;

s.      producing a product with component parts that Defendant knew or should

have known increased the risk of harm to the user;

t.      supplying a product which it knew or should have known was defective

and could cause injury to the user;

u. engaging in other acts regarding the manufacturing, designing, preparing,

producing, distributing, advising and selling its products as will be learned in  discovery.

20.      Defendants' actions and inactions were wanton and willful, or were conducted with

reckless disregard of the harm to users of their products.

21.      As a direct and proximate cause of using and consuming Defendants products,

Plaintiff suffered delayed treatment at significant cost to Plaintiff as well as emotional distress

and anxiety.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for damages

suffered from as a result of the actions and inactions of the Defendants in an amount of

$1,500,000.00 to be proven at trial, and that Plaintiff be awarded such additional relief as this

Honorable Court deems just and appropriate under the circumstances.

## COUNT II – PUNITIVE DAMAGES

22.     Plaintiff is entitled to an award of punitive damages without restriction or cap, because the actions of Defendants showed willful misconduct, malice, wantonness, and an entire want of care, which raise the presumption of conscious indifference to the consequences, equivalent in spirit to actual intent to cause harm.

23.     As a result of such willful conduct, wantonness, and entire want of care, which would raise the presumption of conscious indifference to the consequences, Plaintiff is entitled to punitive damages against Defendants pursuant to  O.C.G.A. 51-12-5.1.

24.     According to O.C.G.A. 51-12-5.1: (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. (c) Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.

25.     Defendants' lack of concern that their products were ineffective for hair growth showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Marketing and distributing such products shows deliberate and intentional disregard of another and individual rights are being knowingly and willfully disregarded by Defendant. Tecumseh Prods. Co. v. ^^on,250 Ga.App.739,743,552 S.E.2d910,914 (2001).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff punitive damages against the Defendants in an amount of $1,500,000.00 to be proven at trial, and that Plaintiff be awarded such additional relief as this Honorable Court deems just and appropriate under the circumstances.

## COUNT III — NEGLIGENT MISREPRESENTATION

26. Defendants misrepresented their products as effective for hair growth. That such representation was false, and at the time of such representation, the Defendants knew or should have known that such representation was false.

27. Under Georgia law, a negligent misrepresentation claim requires a Plaintiff to prove: (1) the Defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance. See generally SIS, LLC v. Stoneridge Holdings, Inc., No. 1:17-cv01816-SDG, 2020 WL 4903992, at *33 (N.D. Ga. Aug. 20, 2020).

28. The Defendants continually expected that the Plaintiff would rely on such representations and in fact the Plaintiff did reasonably rely on the same representations when purchasing Defendants' products. Defendants made false claims about their products being able to promote hair growth. Defendants did not provide Plaintiff with more hair. Rather, Defendants harmed Plaintiff. Defendants knew Plaintiff and consumers like him would rely on representations their products would promote hair growth. Defendants foresaw that consumers like Plaintiff would rely on such false information. Finally, Plaintiff suffered economic injuries proximately from relying on such marketing claims by Defendants, including but not limited to medical expenses, emotional distress, and anxiety, all at significant personal, emotional, physical, and financial cost to Plaintiff.

29. For fraud and misrepresentation claims, Federal Rule of Civil Procedure 9(b), requires identification of "(I) the precise statements, documents, misrepresentations, or omissions made; (2) the time, place, and person responsible for the statement or omission; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendant gained by the alleged fraud." 250 ParkAve. W. 904, LLC v. Centennial Park W. Condo. Ass'n, Inc., 2016 WL 11733853, at *3-4 (N.D. Ga. Aug. 5,2016)("The Eleventh Circuit also

applies Rule 9(b) to negligent misrepresentation claims.")." Defendants misrepresented their products as effective by their marketing and placement in stores and doctors' offices. Defendant Capillus claimed their product is "Clinically proven, 6 min daily laser technology for thicker, healthier hair" and Defendant Viviscal claimed their product "Nourishes thinning hair and promotes existing hair growth". That such representation was false, and at the time of such representation, the Defendants knew or should have known that such representation was false. The Defendants continually expected that the Plaintiff would rely on such representations and in fact the Plaintiff did reasonably rely on the same representations when consuming the products. Defendants have relied on the Plaintiffs trust that Defendants products were safe and effective. Plaintiff trusted the marketing and placement of their products in stores, which led to him being harmed. Defendants gained payment from purchase of their products.

30. Plaintiff must also meet the particularity requirement of Fed. R. Civ. P. 9(b), which requires the Complaint to allege: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Intl, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001); see also 250 Park Ave. W. 904, LLC v. Centennial Park W. Condo. Ass'n, Inc., 2016 WL 11733853, at *3-4 (N.D. Ga. Aug. 5, 2016) (Rule 9(b) requirements apply to negligent misrepresentation claims). Defendant Capillus claimed their product is "Clinically proven, 6 min daily laser technology for thicker, healthier hair" and Defendant Viviscal claimed their product "Nourishes thinning hair and promotes existing hair growth". Such a representation was false and misleading. Plaintiff relied on such statements. Defendant made such statements through advertisements and marketing campaigns, through doctors' offices, in-store and internet advertisements. Defendants continues to present such advertisements. Defendant was responsible for making these statements

through advertising. The advertisements by Defendants that their products promoted hair growth misled Plaintiff by falsely implying that Defendants would provide crown hair to Plaintiff. As a consequence of the fraud by Defendants, Defendants were unjustly enriched by Plaintiff's purchase of their products.

31. Defendants knowingly, negligently, grossly negligently, and recklessly, willfully and wantonly misrepresented this information to the Plaintiff. Defendants failed to uphold and abide by the representations they knew or should have known were not reasonable, accurate, or true. The actions of the Defendants constitute misrepresentation, fraud and negligent misrepresentation. As a direct and proximate result of the Defendants' acts and omissions, the Plaintiff has suffered damages as set forth above and is entitled to actual and punitive damages. WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff judgment against the Defendants in an amount of $1,500,000.00 to be proven at trial, and that Plaintiff be awarded such additional relief as this Honorable Court deems just and appropriate under the circumstances.

## COUNT V — GEORGIA UNFAIR TRADE PRACTICES

32. Pursuant to O.C.G.A. 10-1-372, Defendants' conduct was deceptive and unfair. O.C.G.A. 10-1-372 (a) (5), states, "(a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: ... (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;"

33. Defendants have repeatedly marketed their products as being safe and effective or for the purpose of promoting hair growth, with advertisements that they promote hair growth, which meets the criteria of O.C.G.A. 10-1-372 (5) of representing goods as having a quality they do not have. Defendants' products are ineffective for growing hair. Plaintiff was exposed to these

deceptive marketing campaigns, relied upon such false representations, and suffered as a result by consuming Defendants' products. Plaintiff was neither warned of the ineffectiveness of the products and Defendants continue to engage in fraudulent marketing regarding an effectiveness of their products which they do not possess. Defendants' conduct was in and affecting commerce. Defendants' conduct caused damages to the Plaintiff.

34.    Injunctive relief is obtainable only where the Plaintiff can show "that he is likely to be damaged by the defendant's deceptive trade practice in the future." USI Ins. Serv., LLC v. Southeast Series of Lockton Cos., 2021 WL 912258, at *7 (N.D. Ga. Mar. 10, 2021). Plaintiff can be harmed by Defendants' continued business through the anxiety from seeing others consume their products or potential exposure to Defendants' products again unknowingly, as it caused him past injury.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff judgment against Defendants in the form of injunctive relief, and that Plaintiff be awarded such additional relief as this Honorable Court deems just and appropriate under the circumstances.

### COUNT VI — UNJUST ENRICHMENT

35. Plaintiff consumed the Viviscal Hair Growth Supplements, Shampoo, Conditioner, and Elixir, as well as the Capillus Laser Caps and provided payment for the products. Defendants failed to provide a safe or beneficial product for Plaintiff. Rather, Defendants harmed Plaintiff by selling Plaintiff ineffective products.

36. Under Georgia law, "the elements for unjust enrichment are: (1) the Plaintiff has conferred a benefit on the Defendant; (2) the Defendant has knowledge of the benefit; (3) the Defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying for it." Jenkins v. BAC Home Loan

Servicing, LP, 822 F.Supp. 2d 1369, 1377 (M.D. Ga. 2011) (citation omitted).

37. The Defendants benefited from Plaintiff's purchase and consumption of their products, as it allowed Defendants to profit and expand their businesses unjustly. Defendants are aware that Plaintiff's purchase of their products allows them to enrich themselves and have accepted payment from Plaintiff. Defendants have retained the benefit of Plaintiff's purchase. As Defendants' products are ineffective for hair growth, it is inequitable for Defendant to retain the benefit conferred by Plaintiff without paying for it. The Defendants were unjustly enriched as a result of the payment provided by the Plaintiff to Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff judgment against the Defendants in an amount of $1,500,000.00 to be proven at trial, and that Plaintiff be awarded such additional relief as this Honorable Court deems just and appropriate under the circumstances.

WHEREFORE, Plaintiff prays for the following relief:

1. That summons and process be issued requiring the Defendants to appear as provided by law to answer the allegations of this Complaint;

2. That Plaintiff has a TRIAL BY JURY of all issues so triable;

3. That Plaintiff recovers from Defendants the following: special damages such as medical and hospital expenses, past and future lost earnings, general damages, fright, terror, pain and suffering and other necessary expenses incurred as a result of the injury at issue. The amount of all such compensatory damages shall be proven at trial and determined by the enlightened conscience of a jury.

4. That Plaintiff recover punitive damages against the Defendants in amounts to be determined by the enlightened conscience of a jury;

5. That Plaintiff have and recover all damages to which they are entitled

under Georgia law; and

6. That Plaintiff have all such other and further relief as this Court deems

just and appropriate.


                                        /s/ Zachary James McAlexander
                                        _____
Dated:    04/18/23                       Signature of Plaintiff
          _____


                                        Zachary James McAlexander
                                        1065 SW 8th St.
                                        PMB 5245,
                                        Miami, Florida, 33130
                                        zmcalexander@gmail.com
                                         (678) 672-9325

EXHIBIT A



EXHIBIT B



EXHIBIT C



**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior** or ☐ **State Court of** Fulton _____ **County**

| **For Clerk Use Only** | |
|---|---|
| 5/15/2023 | 2023CV380145 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| McAlexander | Zachary | J | | | Curallux, LLC | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | Church & Dwight | Co., Inc. | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☑

**Check one case type and one sub-type in the same box (if a sub-type applies):**

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☐ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contempt/Modification/Other Post-Judgment** | ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Contract** | ☐ **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ **Garnishment** | ☐ **Family Violence Petition** |
| ☑ **General Tort** | ☐ **Modification** |
| ☐ **Habeas Corpus** | ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Injunction/Mandamus/Other Writ** | ☐ **Paternity/Legitimation** |
| ☐ **Landlord/Tenant** | ☐ **Support – IV-D** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Product Liability Tort** | ☐ **Other Domestic Relations** |
| ☐ **Real Property** | |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                            **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

ZACHARY JAMES MCALEXANDER,                           Plaintiff(s) – Petitioner(s)

V.                                                    CASE NO.: 2023CV380145

CHURCH & DWIGHT CO., INC.,                            Defendant(s) – Respondent(s)

STATE OF GEORGIA
COUNTY OF CHEROKEE      ss.:

**Clark Richardson**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of 18 years and not a party to this action.

On **06/01/2023** at **10:29 AM,** I served a true copy of a **SUMMONS, GENERAL CIIVL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, COMPLAINT JURY TRIAL DEMANDED, EXHIBIT(S)** upon **CURALLUX, LLC REGISTERED AGENT: CORPORATE CREATIONS NETWORK INC.** at **2985 GORDY PARKWAY, 1ST FLOOR MARIETTA, GA 30066** in the manner indicated below:

**Corporation**     By delivering a true copy of each to **ANNA MOORE** personally. Deponent knew said
**[ X ]**           corporation served to be the corporation described as the named recipient and knew said
                    individual to be the **AUTHORIZED REPRESENTATIVE** thereof, and an authorized person to
                    accept service of process.

| Approximate | Female | White | | 31 | 5'5" | 210 lbs | |
|---|---|---|---|---|---|---|---|
| **Description of** | | | | | | | |
| **Receipt** | Sex | Skin | Hair Color | Age | Height | Weight | Other |

Sworn to before me this
_____ day of _June_ 20_23_

_____
Notary Public

_____
Clark Richardson #061655843
153 Terrace Walk
Woodstock, GA 30189
800-637-1805

VALERIE A RICHARDSON
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JANUARY 11, 2025
CHEROKEE COUNTY, GEORGIA

Fulton County Superior Court
***EFILED***mJ
Date: 6/7/2023 9:58 PM
Cathelene Robinson, Clerk

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    Superior Court

Case Number: 2023CV380145

Plaintiff:
**ZACHARY JAMES MCALEXANDER**

vs.

Defendant:
**CHURCH & DWIGHT CO., INC,
CURALLUX, LLC**

Received by We Serve NJ LLC on the 31st day of May, 2023 at 7:22 pm to be served on **CHURCH & DWIGHT CO., INC c/o Registered Agent: National Registered Agents, Inc., 289 S. CULVER STREET, Lawrenceville, GA 30046**.

I, Kimberly Greenway, being duly sworn, depose and say that on the **2nd day of June, 2023** at **12:08 pm, I:**

served **CHURCH & DWIGHT CO., INC c/o Registered Agent: National Registered Agents, Inc.** by personally serving **Jane Richardson, Intake specialist** located at **289 S Culver St., Lawrenceville, GA 30046 with: SUMMONS; COMPLAINT; EXHIBITS; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM;**.

**Description** of Person Served: Age: 64, Sex: F, Race/Skin Color: Caucasian, Height: 5'9", Weight: 195, Hair: Dark Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on
**6-2-23** _____ by the affiant who is personally
known to me.

NOTARY PUBLIC

RICHARD BENITO
NOTARY
EXPIRES
GEORGIA
09-14-2025
PUBLIC
DAWSON COUNTY

**Kimberly Greenway**
GCPS #206

We Serve NJ LLC
500 King Street
Staten Island, NY 10312
(800) 637-1805

Our Job Serial Number: KGS-2023006044

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r