IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHYANNA "CHRIS" DRAUGHAN,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY SERVICES UNIVERSAL PROTECTION SERVICE, LP, HOME DEPOT USA, INC. AND THE HOME DEPOT, INC.,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Chyanna "Chris" Draughan ("Plaintiff" or "Mr. Draughan"), by and through his undersigned counsel, and files this, his Complaint for Damages, against Defendants Allied Universal Security Services Universal Protection Service, LP ("Defendant Allied Universal") and Home Depot USA, Inc. and The Home Depot, Inc. ("Defendant Home Depot") (collectively, "Defendants") and shows the Court as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2022; the EEOC issued its Notice of Right to Sue on June 8, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

6.

All conditions precedent to bringing this action have been completed, satisfied, or waived.

**PARTIES**

7.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

Defendant Allied Universal, a staffing company, provided temporary employees, including Plaintiff, to Defendant Home Depot.

9.

At all times relevant, Defendant Allied Universal was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant Allied Universal may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Terrance Williams, located at 2037 Ocean Dr. NW, Atlanta, GA, 30318, USA.

11.

At all times relevant, Defendant Home Depot was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

12.

During all times relevant hereto, Defendants have employed 500 employees for the requisite duration under Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

13.

Defendant Home Depot may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CSC of Cobb County, Inc., located at 192 Anderson Street S.E., Suite 125, Marietta, GA, 30060, USA.

## **FACTUAL ALLEGATIONS**

14.

Mr. Draughan's legal name is Chyanna, but he uses the name Chris.

15.

Mr. Draughan identified as a female at birth but identifies as a man, uses male pronouns, associates with the male gender stereotypes, and uses the men's restroom.

16.

On or about September 1, 2021, Mr. Draughan began working for Defendants.

17.

His last position was as a Security Guard.

18.

At all relevant times he worked from the Home Depot job site located at 4325 New Snapfinger Woods Drive, Decatur, GA 30035.

19.

Defendants were aware of Mr. Draughan's facial hair, tattoos, and sexual orientation upon observation.

20.

On or around September 1, 2022, a Home Depot employee, Ms. Debra LNU, told Mr. Draughan that Home Depot had a problem with him being in the men's restroom.

21.

Mr. Draughan had been using the men's bathroom for approximately one year, but decided to use the women's bathroom since another male was uncomfortable with him being in the men's restroom.

22.

On or around October 1, 2022, while in the women's bathroom, a female Home Depot employee began looking under Mr. Draughan's bathroom stall.

23.

The employee asked Mr. Draughan if he was a woman.

24.

The employee told Mr. Draughan he could not possibly be a female because his feet were too big.

25.

When Mr. Draughan left the bathroom, a manager and several employees were standing outside the door waiting.

26.

When the employees realized it was Mr. Draughan they laughed.

27.

Mr. Draughan walked away.

28.

The next morning, Mr. Draughan called Allied Universal and told them about the restroom incident at Home Depot and asked whether he could sue them and what other recourse he had.

29.

Allied Universal informed Mr. Draughan that they could not give him any information and he would have to figure it out on his own.

30.

Allied Universal did not direct Mr. Draughan to human resources or an employee assistance hotline for additional information or help.

31.

On or around November 9, 2022, Mr. Draughan's supervisor informed him that Home Depot no longer wanted to employ him because of his tattoos.

32.

Mr. Draughan had the same tattoos since the time he was hired.

33.

Mr. Draughan's manager also called him and stated that Home Depot's Manager had written a letter to Allied Universal asking why Mr. Draughan was there

because they did not want someone on their worksite that looks the way Mr. Draughan looks.

34.

The manager agreed with Mr. Draughan that he had been there for a year without any mention of there being an issue with his tattoos.

35.

But he informed Mr. Draughan that "the customer gets what the customer wants" and he could no longer work at Home Depot.

36.

Mr. Draughan's supervisor informed him that Allied would place him at a new site.

37.

Mr. Draughan said this was fine because he needed a job.

38.

Allied Universal tried to place Mr. Draughan at a new site an hour away but he could not work in that area due to the distance.

39.

Allied Universal did not try to place Mr. Draughan at a new site in or near Stone Mountain, GA.

40.

Defendants never investigated any of the discriminatory conduct.

41.

Defendants continued employing other people outside of Mr. Draughan's protected class who had tattoos and piercings on their face.

42.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of their protected class, i.e., Transgender, Protected Activity.

## **CLAIMS FOR RELIEF**

### **COUNT I:  SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

43.

Plaintiff re-alleges paragraphs 14-42 as if set forth fully herein.

44.

 Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

45.

Defendants willfully and wantonly disregarded Plaintiff's rights, and discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his sexual orientation.

47.

As a direct and proximate result of violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected economic, psychological, and physical well-being.

48.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 30th day of June 2023.

**BARRETT & FARAHANY**

/s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

*Counsel for Plaintiff Chris Draughan*