IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH GRAY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| NEW WINCUP HOLDINGS, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Sarah Gray ("Plaintiff" or "Ms. Gray"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant New WinCup Holdings, Inc. ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981.

.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 22, 2022; the EEOC issued its Notice of Right to Sue on April 6, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

6.

Plaintiff is an African American Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

**FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about March 14, 2022. Her last position was Human Resource Generalist.

11.

On or about April 2022 Plaintiff approached Defendant and Ms. Patricia Wilson (now, "Wilson"), the Production Manager, who is Caucasian, about a handful of complaints made against Wilson by other employees.

12.

Specifically, one African American employee, Claudio, made complaints about Wilson not giving him a job she promised him. The employee complained to Plaintiff that he did not get the job due to his religious beliefs and felt discriminated against. Plaintiff exercised her protected activity and reported the complaints to Defendant and Wilson and tried to work through this issue with Wilson and the employee. However, Wilson began arguing on the phone with the employee in front of Plaintiff and the Human Resource Manager, Ms. LaKisha Foster (now, "Foster").

13.

Foster overheard the argument and informed Wilson that the employee had a right to complain.

14.

Wilson blamed and retaliated against Plaintiff for exercising her protected activity. Wilson approached Ron Howard, ("now, Howard") the Plant Manager

(Caucasian), and requested that Plaintiff be terminated for her inability to do her job. Foster informed Plaintiff that Wilson had made the complaint against Plaintiff.

15.

After the complaint, Plaintiff began experiencing aggressive and harassing behavior from Wilson.

16.

Specifically, on or about May 11, 2022, Plaintiff was walking to the restroom and Wilson was standing close by at a printer. As Plaintiff got closer to the restroom, Wilson swiftly and aggressively cut in front of Plaintiff and entered Plaintiff's personal space. Plaintiff felt threatened and intimidated by this aggressive act.

17.

Later that same day, while Plaintiff was walking an interviewee to Howard's office, Wilson stood blocking the doorway and repeatedly yelled "Good morning, Sarah!" As Wilson yelled the final time, her body language changed from mildly aggressive to very aggressive as she postured in the doorway. The interviewee was startled and looked at Plaintiff inquisitively as to why Wilson was behaving in this manner. Wilson's discriminatory and aggressive behavior made Plaintiff feel unsafe, uneasy, and on edge.

18.

Plaintiff exercised protected activity and complained that same day via e-mail to Vice President of Human Resources, Trish Hauber ("Hauber"), Foster, and Howard about these incidents.

19.

Subsequently, Plaintiff had a meeting with Hauber, where Plaintiff again exercised protected activity by expressing to Hauber that she believed Wilson's behavior was based on Plaintiff's race.

20.

On May 12, Plaintiff exercised protected activity and sent an e-mail to Defendant's CEO, Brad Laporte ("Laporte") and complained about the incidents of Wilson's race discrimination, harassment and bullying in the workplace.

21.

Defendant failed to appropriately address Wilson's discriminatory behavior and allowed it to continue.

22.

Subsequently, Wilson filed a complaint against Plaintiff for not responding to the yelled and aggressively postured "Good morning, Sarah!" comments.

23.

On another occasion, Wilson falsely filed a follow-up complaint against Plaintiff for slamming books down in her office. Plaintiff did not keep any books in her office.

24.

Foster kept Plaintiff informed about these complaint filings by Wilson and directed Plaintiff to always stay near the cameras of the workplace as much as possible, and to record all conversations she may be in with Wilson.

25.

Foster told Plaintiff that Wilson had threatened to quit if Plaintiff was not terminated.

26.

On or about May 23, 2022, Plaintiff again exercised protected activity by emailing Foster about the constant discrimination, bullying, harassment, and retaliation for exercising her protected activity, and requested to take a mental health break from work due to the bullying by Wilson. The harassment had taken a toll on Plaintiff who was experiencing anxiety due to the toxic work environment. Foster forwarded the request to Hauber, who approved a two-day break.

27.

On or about May 26, 2022, after Plaintiff's return from the two-day break, Howard called Plaintiff into his office with himself, Hauber, who participated via zoom, and Ms. Latrisse Dooley from Human Resources who attended in person. During this meeting, Hauber stated Plaintiff was being terminated for unsatisfactory work performance. Specifically, that Plaintiff had not filled her employee class.

28.

Plaintiff had never previously received any negative performance reviews, nor any write-ups regarding her performance.

29.

Rachael and Cameron, both Caucasian, were Human Resource employees of Defendant who had not filled their employee classes but were not terminated and not subjected to harassment and bullying by Wilson.

30.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse actions, this reason is pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., African-American and was retaliated against for her protected activity.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of

employment constitutes unlawful discrimination on the basis of her race in violation

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its

discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff

of equal employment opportunity and has otherwise adversely affected her status as

an employee because of her race.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff

has been made the victim of acts that have adversely affected her economic,

psychological, and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

Defendant subjected Plaintiff to discrimination and termination on the basis of her race.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment and retaliation constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

44.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

45.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

46.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith.

48.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination.

## COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

49.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

51.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

52.

There was a causal connection between the protected conduct and the adverse action.

53.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

54.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT V: HOSTILE WORK ENVIRONMENT

55.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

56.

On a consistent basis during Plaintiff's employment, Wilson subjected her to race discrimination, harassment and bullying.  Plaintiff was obligated to work in an atmosphere that was hostile by virtue of harassment, bullying, and retaliation, based on race and.  This conduct was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

57.

Because of its failure to take prompt and remedial action, and its deliberate indifference to the hostile conduct, Defendant has intentionally engaged in unlawful employment practices in violation of Title VII.

58.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of race and her protected activity.

59.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

Respectfully submitted this 30th of June, 2023.

**BARRETT & FARAHANY**

s/ *Kira Y. Fonteneau*
Kira Y. Fonteneau
Georgia Bar No. 103555
John E. Tomlinson
*Pending Pro Hac Vice Application*

*Counsel for Plaintiff Sarah Gray*

2 20th St N, Suite 900
Birmingham, AL 35203
(205) 564 9005
kira@justiceatwork.com
john@justiceatwork.com