# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GILEAD SCIENCES, INC., | ) | Civil Action No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROYALTY PHARMA COLLECTION TRUST | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Gilead Sciences, Inc. ("Petitioner" or "Gilead"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, hereby petitions this Court to confirm the "Partial Final Award" dated May 5, 2023 between Petitioner and Respondent Royalty Pharma Collection Trust ("Respondent" or "RPCT"), which was issued following an arbitration hearing conducted on January 23–26, 2023. A true and correct copy of the May 5, 2023 Partial Final Award ("Award") is attached hereto as Ex. A. In support of this petition, Gilead respectfully shows as follows:

### JURISDICTION

1. This Court has personal jurisdiction over RPCT because it commenced and appeared in the underlying Arbitration Proceeding in Atlanta, Georgia.

2. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because (1) it involves a suit between "citizens of different States" and a "citizen[] of a State and [a] citizen[] or subject[] of a foreign state" and (2) "the matter in controversy exceeds the sum or value of $75,000." RPCT's members are all citizens of foreign countries or a different state than Gilead, and thus complete diversity obtains. 28 U.S.C. § 1332(a)(2).

3. Petitioner Gilead is a corporation organized under the laws of the State of Delaware with its principal place of business located in Foster City, California. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. 1332(c). Therefore, for purposes of diversity, Gilead is a citizen of Delaware and California.

4. RPCT is a Delaware statutory trust, and thus qualifies as a "business trust" for determining diversity of citizenship. *See, e.g., SPV-LS v. Bergman*, No. 15CV6231KAMCLP, 2019 WL 2257244, at *17 (E.D.N.Y. Jan. 14, 2019) ("Delaware statutory trusts meet the definition of a 'business trust' such that citizenship of a Delaware statutory trust for diversity purposes is determined by the citizenship of its members."). Unlike a corporate entity, the citizenship of a "business trust" is determined not by the state in which it is registered or incorporated, but by the citizenship of all of its "members," i.e., those who have an

"ownership" or "beneficial interest" in the trust. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016-17 (2016) (holding that a business trust "possesses its members' citizenship."); *see also* 14 A.L.R. Fed. 849 ("[T]he citizenship of unincorporated associations is the citizenship of each of the individual members of the association. Such associations are thus not given a fictional citizenship, as are corporations, in the state of their organization or principal place of business."); *Cherry Grp., LLC v. D.B. Zuirn Special Opportunities Fund, L.P.*, No. 3:08-CV-222-J-34TEM, 2014 WL 2801076 (M.D. Fla. June 19, 2014) ("[U]nlike a corporation, an unincorporated business association is not a citizen of any particular state, including the state under which it is organized or registered, unless one of its members or partners is a citizen of that state."). Thus, determining the citizenship of RPCT requires analyzing the citizenship of each of its members/owners.

5.  None of the owners of RPCT are citizens of either Delaware or California and, thus, RPCT is diverse from Gilead. *See Americold Realty Tr.*, 136 S. Ct. at 1016 (holding that the members of a business trust are anyone with an "ownership interest"). According to a recent SEC filing submitted by Royalty Pharma Plc, RPCT is owned by three entities: (1) Royalty Pharma Plc, (2) Legacy Investor Partnerships, and (3) Royalty Pharma Select Finance Trust. Ex. B at pgs. 47–48.

6. First, Royalty Pharma Plc describes itself as "an English public limited company incorporated under the laws of England and Wales." *Id*. at F-6. Its principal place of business is New York, NY. *Id*. at 112. Thus, for diversity purposes, Royalty Pharma Plc is a citizen of New York, England, and Wales. 28 U.S.C. § 1332(c).

7. Second, Legacy Investments Partnerships is owned by an entity called "Old RPI," which is defined as "Royalty Pharma Investments, an Irish unit trust." Ex. B at F-6. "Old RPI" has been succeeded by "RP Holdings," which is defined as "Royalty Pharma Holdings Ltd., a private limited company incorporated under the laws of England and Wales." *Id*. Royalty Pharma Holdings Ltd.'s principal place of business is New York, NY. *Id*. at 112. Thus, for diversity purposes, Royalty Pharma Holdings Ltd., and by extension Legacy Investment Partnerships, are citizens of New York, England, and Wales. 28 U.S.C. § 1332(c).

8. Third, Royalty Pharma Select Finance Trust is, like RPCT itself, a Delaware statutory trust. Its citizenship is thus determined by the citizenship of its members. Royalty Pharma Select Finance Trust is wholly owned by Royalty Pharma Select, an Irish Unit trust. Ex. B at F-7. Because Royalty Pharma Select is a foreign trust, it qualifies as a citizen of a foreign state for diversity purposes. *See, e.g., Honua Sec. Corp., Inc. v. SMI Hyundai Corp.*, No. 1:10CV785 (GBL), 2010 WL 11565898, at *4 (E.D. Va. Oct. 21, 2010) ("[T]he plaintiffs are completely diverse from the defendants in these Counts. Plaintiffs HREF and HCPF are foreign investment trusts

formed pursuant to the Cayman Islands; they are juridical foreign citizens.").

9. Moreover, the depository or trustee of Royalty Pharma Select is an entity called State Street Custodial Services (Ireland) Limited. Ex. C. On information and belief, State Street Custodial Services (Ireland) Limited is incorporated in Ireland with its principal place of business there. Ex. D. Thus, for diversity purposes, Royalty Pharma Select and State Street Custodial Services are citizens of Ireland.

10. Finally, on information and belief, none of the individuals or entities who have a beneficial interest in Royalty Pharma Select, which is an Irish trust, are citizens of either Delaware or California. Therefore, none of these "members" are citizens of the same state as Gilead.

11. In sum, the citizenships of the relevant parties are as follows:

### RPCT's Members

|  | Place of Incorporation | Principal Place of Business |
|---|---|---|
| Royalty Pharma Plc | England and Wales | New York |
| Royalty Pharma Holdings Ltd. | England and Wales | New York |
| Royalty Pharma Select | Ireland | Ireland |

### Gilead

|  | Place of Incorporation | Principal Place of Business |
|---|---|---|
| Gilead | Delaware | California |

## VENUE

12. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to Section 9 of the FAA, because the Arbitration took place and the Award was issued in Atlanta, Georgia, and therefore, within this District.

## BACKGROUND

13. The dispute underlying this petition arose pursuant to a 2005 license agreement between Gilead and RPCT (the "Agreement").

14. RPCT first filed its claim against Gilead on December 17, 2021, in the Superior Court of the State of California, County of San Mateo.

15. On December 22, 2021, Gilead removed the matter to the U.S. District Court for the Northern District of California. *See Royalty Pharma Collection Tr. v. Gilead Sci., Inc.*, No. 4:21-cv-09954-YGR, (Dkt. No. 1) (N.D. Cal. Jan. 12, 2022). Given the Agreement's requirement to resolve disputes in arbitration, Gilead also filed a Motion to Dismiss in Favor of Arbitration on January 12, 2022. *See id.* at Dkt. No. 15.

16. The operative arbitration agreement required the parties ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

■

17. Before Gilead's motion to compel arbitration was decided, RPCT voluntarily dismissed the district court litigation, *Royalty Pharma Collection Trust*, No. 4:21-cv-09954-YGR, at Dkt. No. 17, and filed an arbitration demand with the AAA on January 26, 2022, seeking an arbitration hearing in Atlanta, Georgia. Ex. E.

18. Pursuant to the AAA rules, the arbitration panel consisted of two arbitrators—one nominated by each party—who then jointly nominated a third arbitrator to serve as chair of the panel. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

20. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

---

[1] All capitalized terms refer to defined terms in the Agreement.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████

█  █████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

23.  After discovery, the parties participated in a four-day arbitration hearing in Atlanta, Georgia before the three-member arbitration panel, and subsequently submitted post-hearing briefing at the panel's request.

██████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



## ARGUMENT AND AUTHORITIES

26. The Award in this case was made on May 5, 2023. See Ex. A. Under 9 U.S.C. § 9, this application to confirm is timely because it was made within one year after the award was made.

27. District court review of an arbitration award is narrowly limited. "[A]

---

2

confirmation of an arbitration award is intended to be summary in nature." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990); *see also B.L. Harbert Int'l., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909-10 (11th Cir. 2006) ("Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."). "[T]he Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed." *Booth*, 902 F.2d at 932.

28.     Accordingly, "courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013). "It is not enough . . . to show that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671–72 (2010). Rather, section 10 of the FAA provides that an arbitration award may be vacated only in the following circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

29. None of the circumstances that must exist for the court to vacate an arbitration award under 9 U.S.C. § 10 exist here.

30. First, there is no evidence—nor has RPCT or anyone else ever suggested—that "the award was procured by corruption, fraud, or undue means."

31. Second, there is no evidence of partiality or corruption in any of the arbitrators on the panel. Pursuant to AAA rules, each party was entitled to nominate one of the three arbitrators, and then the two party nominated arbitrators selected a chair. Neither party objected to the appointment of any of the panel members.

32. Third, neither party was prejudiced during the course of the Arbitration by any misconduct of the arbitrators. The arbitration hearing was never postponed for any reason, nor did the panel at any point ever refuse to hear any evidence. ████████████████████████████████████████████████████████████████

33. Fourth, there is no evidence that the arbitrators exceeded their powers in denying RPCT's claim and requests for relief. ████████████████████████████████████████████████████████████████ The panel's award was thus clearly authorized by the parties' arbitration agreement. *See Sutter*, 569 U.S. at 572–73 (arbitrators exceed their power only if their order "lack[s] *any* contractual basis."); *id.* ("So long as the arbitrator

was 'arguably construing' the contract . . . a court may not correct his mistakes under § 10(a)(4). . . .The arbitrator's construction holds.").

34. Finally, the Award is sufficiently final and is ripe for confirmation. ▉

▉

▉ Indeed, an arbitration "ruling may be considered sufficiently final if it 'finally and definitely disposes of a separate independent claim' even if 'it does not dispose of all the claims that were submitted to arbitration.'" *Al Raha Grp. for Tech. Servs. v. PKL Servs., Inc.*, No. 1:18-CV-04194-AT, 2019 WL 4267765, at *2 (N.D. Ga. Sept. 6, 2019) (quoting *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986)); *see also Gomez v. Allied Pros. Ins. Co.*, No. 1:19-CV-24994, 2023 WL 3979535, at *3 (S.D. Fla. May 26, 2023), report and recommendation adopted, No. 19-CV-24994, 2023 WL 3971007 (S.D. Fla. June 13, 2023) ("An arbitration award 'can be confirmed if it finally disposes of a separate independent claim.'").

35. Accordingly, courts in the Eleventh Circuit have found awards sufficiently final where such award "resolved the substantive claim in [the] case and left unresolved only the issue of attorney's fees and costs." *See, e.g., Calton & Assocs., Inc. v. Simmers*, No. 8:20-CV-851-VMC-CPT, 2023 WL 204833, at *4 (M.D. Fla. Jan. 17, 2023); *see also In re Rollins, Inc.*, 552 F. Supp. 2d 1318, 1324

(M.D. Fla. Aug. 20, 2004) ("the Court finds that the issue of attorneys' fees is not so significant to make the Interim Award anything less than final" where award disposed of all counts and counterclaim).

36. As described above, there is no basis to modify or vacate the Award in this case under Section 10 of the FAA. Accordingly, the Court must grant an order confirming the Award.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Gilead respectfully requests that:

A. An order of this Court to be made confirming the Award set forth in Exhibit A hereto;

B. Judgment be entered in favor of Gilead;

C. Petitioner be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2023.

                KING & SPALDING LLP

                */s/ Timothy H. Lee*
                Elizabeth Silbert
                Timothy H. Lee
                Charles Spalding, Jr.
                1180 Peachtree Street NE, Suite 1600
                Atlanta, Georgia 30309
                Telephone: (404) 572-4600
                Facsimile: (404) 572-5100

        esilbert@kslaw.com
        tlee@kslaw.com
        cspalding@kslaw.com
        *Attorneys for Petitioner Gilead Sciences, Inc.*