No. **23A01560** _____

**Date Summons Issued and E-Filed**

4/11/2023
_____

Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

**Daphne Rollins** _____
_____

Plaintiff's name and address

**VS.**

Cherokee Insurance Company c/o Mark J. Dadabbo, Presiden
_____

**34200 Mound Road Sterling Heights**, MI 48310

Defendant's name and address

**[ ] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower,DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

L. Blade Thompson, Esq. _____

Name

BLADE INJURY LAW 5317 PEACHTREE BLVD # 408, ATLANTA (Chamblee), GA 30341

Address

470-350-8200 _____     **794707** _____

Phone Number                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Defendant's Attorney _____        Third Party Attorney _____

Address _____                     Address _____

Phone No. _____  Georgia Bar No. _____        Phone No. _____  Georgia Bar No. _____

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**To indicate consent to e-service check the box below**

☒ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.



**EXHIBIT**
**D-1**

E-file summons1-2014

STATE COURT OF
DEKALB COUNTY, GA.
4/10/2023 9:36 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAPHNE ROLLINS,

               **Plaintiff,**

v.

CHEROKEE INSURANCE
COMPANY,

               **Defendant.**

CIVIL ACTION
FILE # 23A01560


**JURY TRIAL DEMANDED**

## COMPLAINT FOR PERSONAL INJURY

## FROM TRACTOR-TRAILER COLLISION

**COMES NOW**, Daphne Rollins, Plaintiff in the above-captioned lawsuit and files this her Complaint for Personal Injuries against Cherokee Insurance Company and showing this Honorable Court as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Daphne Rollins is a citizen of the State of Georgia.

2. Defendant, Cherokee Insurance Company ("Cherokee" herein) is a FOREIGN corporation existing under the laws of the State of Tennessee with its principal place of business being 424 CHURCH ST STE 2900, NASHVILLE, TN, 37219-2334. Cherokee can be served with process through MARK J. DADABBO, PRES. Address: 34200 MOUND RD. STERLING HEIGHTS, MI US 48310. Cherokee failed to register with the Georgia Secretary of State and has no registered agent in the State of Georgia. Therefore, Cherokee is a nonresident

STATE COURT OF
DEKALB COUNTY, GA.
4/10/2023 9:36 PM
E-FILED
BY: Monica Gay

motorist O.C.G.A. § 40-12-2 and 40-1-117. Cherokee may be served under the provisions of the Georgia Long-Arm Statute, O.C.G.A. § 9-10-90 through 9-10-94, as well as the provisions of the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 through 40-12-8 via the Georgia Secretary of State.

3.  Cherokee Insurance Company revokes the authority of its registered agent to accept service on its behalf and appoints the Secretary of State as its agent for service of process in any proceeding based on a cause of action arising during the time it was authorized to transact business in this state.

4.  Jurisdiction and venue are proper in this Court.

<h2 style="text-align:center"><u>FACTS APPLICABLE TO ALL COUNTS</u></h2>

5.  The subject collision described below took place on April 9, 2021 on Interstate 85 in DeKalb County, Georgia.

6.  On April 9, 2021 at about 10:00 a.m. in DeKalb County, Georgia, Plaintiff who operated a 2015 Honda Civic traveling on I-85 South at exit 96 for Pleasantdale Rd.

7.  Plaintiff was directly in front of the Tractor-Trailer being operated by an individual named Richard Moore ("Moore") at the time of the crash at issue.

8.  Richard Moore operated a Tractor-trailer under the motor carrier authority of Foothills Brokerage, Inc.  at the time of the subject collision.

9.  Immediately prior to the collision, traffic in the southbound left lanes began to merge over for the upcoming exit at "spaghetti junction" ahead of Plaintiff.

10. Plaintiff had no motorists directly in front of her at the time of the crash.

11. Plaintiff was acting in a safe and reasonable manner.

12. Suddenly and without warning, MOORE slammed the front right end of his semi-truck into the left rear quarter panel of the vehicle being operated by Plaintiff.

13. As a result of the impact, the vehicle being operated by Plaintiff launched forward and Plaintiff applied her brakes to slow the acceleration of the impact.

14. In the moments leading up to the crash and during the crash, MOORE was operating the Tractor-Trailer while engaged in a cell phone call/text.

15. In the moments leading up to the crash and during the crash, MOORE was distracted by the cell phone call/text he was engaged in while he was operating the Tractor-Trailer.

16. In the moments leading up to the crash and during the crash, MOORE was not giving 100 percent of his attention to the task of driving.

17. In the moments before the collision, MOORE was not operating the Tractor-Trailer in a reasonable and prudent manner.

18. MOORE failed to keep a proper lookout ahead in the moments leading up to the subject collision.

19. MOORE was following too closely in the moments leading up to the subject collision.

20. MOORE was traveling too fast for the conditions present in the moments leading up to the subject collision.

21. MOORE did not appropriately check his surroundings in the moments leading up to the subject collision.

22. Plaintiff suffered serious personal injuries as well as mental and physical pain as a proximate result of the collision described above. The treatment and lost wages of said injuries resulted in special damages in excess of $337,264.95.

23. Plaintiff did not cause or contribute to the cause of the subject collision.

24. There was nothing that Plaintiff could have or should have done to avoid or minimize the collision.

25. At the time of the subject collision, MOORE was operating a commercial vehicle as defined by Georgia law.

26. At the time of the subject collision, MOORE was operating a commercial vehicle as defined by federal law.

27. At all relevant times, Plaintiff exercised due care for their own safety and others.

28. Plaintiff suffered injuries because of the crash.

## COUNT I: DIRECT ACTION AGAINST CHEROKEE INSURANCE COMPANY

29. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

30. Cherokee provided liability insurance to a company named Foothills Brokerage. Inc.

31. Cherokee provided liability insurance to Foothills Brokerage, Inc. that provided coverage for the Tractor-Trailer involved in the subject collision.

32. Cherokee was transacting business in the State of Georgia and in Dekalb County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

33. Cherokee agreed to provide insurance coverage to Foothills Brokerage, Inc. in consideration for the payment of insurance premiums.

34. Plaintiff as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the agreement between Foothills Brokerage, Inc. and Cherokee as described in the previous paragraph.

35. CHEROKEE is responsible for any judgment rendered against defendant Foothills Brokerage, Inc. and defendant Richard Moore up to its policy limits of coverage.

36. Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Cherokee is subject to this Direct Action.

## COUNT II: DAMAGES

**37.** Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

**38.** Defendant Cherokee acted in a manner which directly and proximately caused the subject collision described above and the resulting injuries to the Plaintiff including but not limited to his personal injuries, pain and suffering, lost wages, and medical expenses.

**39.** As a result of Defendant's negligence, Plaintiff suffered severe and permanent personal injuries and physical and mental pain and suffering including but not limited to interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, impairment of his body's health and vigor, fear of the extent of his injuries, shock of impact, his actual pain and suffering and limited daily life activities.

**40.** As a result of Defendant's negligence, Plaintiff incurred past medical expenses and will continue to incur future medical expenses.

**41.** As a result of Defendant's negligence, Plaintiff incurred lost wages and benefits and will continue to incur lost wages and benefits in the future.

**42.** Defendant's negligence is the sole and proximate cause of the incident described above and Plaintiff's injuries and damages.

43. Plaintiff is entitled to recover all personal injury, pain and suffering, past and future medical expenses, past and future lost wages and all other damages permitted under law.

44. Defendant's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff DAPHNE ROLLINS prays that the following relief be granted:

(a)   A trial by a jury;

(b)   For Summons and Complaint to be issued against Defendant;

(c)   For judgment to be entered in favor of Plaintiff and against Defendants;

(d)   For Plaintiff to be awarded her special damages including past and future medical expenses, and past and future lost wages and benefits, in an amount to be shown by the evidence at trial;

(e)    For Plaintiff to be awarded her general damages including her physical and mental pain and suffering, permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f)   For Plaintiff to be awarded punitive damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g)  For all costs and prejudgment interest to be cast against Defendant;

(h)  For Plaintiff to recover any other damages in an amount to be determined

by the enlightened conscience of an impartial jury at trial; and

(i)  For all such further and general relief this Court deems equitable and just.

Respectfully submitted this April 10, 2023,

*[signature]*

Blade Thompson, (Georgia Bar # 794707), *Attorney for the Plaintiff*
BLADE INJURY LAW 5317 PEACHTREE BLVD # 408, ATLANTA, GA 30341
iPhone 470-350-8200; Fax 404-420-2790; Blade@BladeInjuryLaw.com

STATE COURT OF
DEKALB COUNTY, GA.
4/10/2023 9:36 PM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of Dekalb _____ County

| For Clerk Use Only | 4/11/2023 | | |
|---|---|---|---|
| Date Filed | _____ | Case Number | 23A01560 _____ |
| | MM-DD-YYYY | | |

**Plaintiff(s)**
Rollins, Daphnie

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Cherokee Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** L. Blade Thompson     **Bar Number** 794707     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

STATE COURT OF
DEKALB COUNTY, GA.
4/10/2023 9:36 PM
E-FILED
Version 1.1.18
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAPHNE ROLLINS,

                **Plaintiff,**

v.

CHEROKEE INSURANCE COMPANY

                **Defendant.**

CIVIL ACTION

FILE #  23A01560

## NOTICE OF FILING PROOF OF SERVICE

COMES NOW, Daphne Rollins, Plaintiff in the above-styled action, and gives notice to the Court of the filing of Proof of Service with same attached hereto as Plaintiff's Exhibit 1.

Respectfully submitted this 13th day of June 2023,

*L. Blade Thompson*

Blade Thompson, (Georgia Bar # 794707), *Attorney for the Plaintiff(s)*
BLADE INJURY LAW 5317 PEACHTREE BLVD # 408, ATLANTA (Chamblee), GA 30341
iPhone 470-350-8200; Fax 404-420-2790; Blade@BladeInjuryLaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following counsel of record with a true and correct copy of the

foregoing pleading by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and

properly addressed to the following:

Cherokee Insurance Company
c/o Mark J. Dadabbo, President
34200 Mound Road
Sterling Heights, MI 48310
***Pro Se Defendant***

This 13th day of June 2023,

*S. Blade Thompson*

Blade Thompson, (Georgia Bar # 794707), Attorney for the Plaintiff
BLADE INJURY LAW 5317 PEACHTREE BLVD # 408, ATLANTA (Chamblee), GA 30341
iPhone 470-350-8200; Fax 404-420-2790; Blade@BladeInjuryLaw.com

# EXHIBIT 1

18417

**Summons** (3/23)

Case No. 23A 0156 0

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☒ I served   ☒ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name  *Cherokee Insurance Company c/o Mark J. Dudabbo, President* | Date and time of service  *6-5-23 @ 1151* |
|---|---|
| Place or address of service  *34200 Mound Rd Sterling Hghts MI* | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☒ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee  $ 25 | Miles traveled  24 | Fee  $ 27,56 | | Signature  *Adam Kowalkowiki*  Name (type or print) |
|---|---|---|---|---|
| Incorrect address fee  $ | Miles traveled | Fee  $ | **TOTAL FEE**  $ 57,56 | |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

Attachments (if any) _____ on _____
                                                      Date and time

*Mark Schmalenberg*

Signature _____ on behalf of _____

Name (type or print)  *Mark Schmalenberg*

MCL 600.1910, MCR 2.104, MCR 2.105

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DAPHNE ROLLINS,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO.: 23A01560** |
| **CHEROKEE INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § § | |

## DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY FROM TRACTOR-TRAILER COLLISION

COMES NOW **CHEROKEE INSURANCE COMPANY**, purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Personal Injury from Tractor-Trailer Collision ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

STATE COURT OF
DEKALB COUNTY, GA.
6/30/2023 10:31 AM
E-FILED
BY: Camille Boknight

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

### FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

### FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

### SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

### EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### NINTH DEFENSE

No act or omission of Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits only that it is a foreign corporation that can be served with process via its registered agent, Mark J. Dadabbo, at 34200 Mound Rd., Sterling Heights, MI 48310. This Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

## FACTS APPLICABLE TO ALL COUNTS

5.

This Defendant admits upon information and belief the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits upon information and belief that the subject accident occurred on I-85 in DeKalb County, GA. This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant denies as pled the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

The allegations contained within Paragraph 25 of Plaintiff's Complaint seek a legal conclusion to which no response is required.  To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

26.

The allegations contained within Paragraph 26 of Plaintiff's Complaint seek a legal conclusion to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

**COUNT I: DIRECT ACTION AGAINST CHEROKEE INSURANCE COMPANY**

29.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 28 of Plaintiff's Complaint as if those responses were set forth herein.

30.

This Defendant admits only that it issued a policy of liability insurance to Defendant Foothills Brokerage, Inc. This Defendant further refers to the Cherokee Insurance Company policy which speaks for itself.

31.

This Defendant admits only that it issued a policy of liability insurance to Defendant Foothills Brokerage, Inc.  This Defendant further refers to the Cherokee Insurance Company policy which speaks for itself.

32.

This Defendant denies as pled the allegations contained within Paragraph 23 of Plaintiff's Complaint.

33.

This Defendant admits only that it issued a policy of liability insurance to Defendant Foothills Brokerage, Inc.  This Defendant further refers to the Cherokee Insurance Company policy which speaks for itself.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant can neither admit nor deny the allegations contained within Paragraph 36 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## **COUNT II: DAMAGES**

37.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 36 of Plaintiff's Complaint as if those responses were set forth herein.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained within Paragraph 42 of Plaintiff's Complaint.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations contained within Paragraph 44 of Plaintiff's

Complaint.

45.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore"

paragraph contained below Paragraph 44 of Plaintiff's Complaint.

### SIXTEENTH DEFENSE

This Defendant denies any remaining allegations contained within Plaintiff's Complaint

not previously responded to.

WHEREFORE, having fully answered, purported Defendant **CHEROKEE**

**INSURANCE COMPANY**, prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 30th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
6/30/2023 10:31 AM
E-FILED
BY: Camille Boknight

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DAPHNE ROLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO.: 23A01560** |
| CHEROKEE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY FROM TRACTOR-TRAILER COLLISION** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Blade Thompson, Esq.
Blade Injury Law
5317 Peachtree Blvd., #408
Atlanta, GA  30341
blade@bladeinjurylaw.com
*Counsel for Plaintiff*

This 30th day of June, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00137/DRAFTS/04097740.DOCX }

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **DAPHNE ROLLINS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | |
| **vs.** | § | **FILE NO.: 23A01560** |
| | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PURPORTED DEFENDANT'S DEMAND FOR TRIAL
## BY A JURY OF TWELVE PERSONS

COMES NOW **CHEROKEE INSURANCE COMPANY**, a purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

STATE COURT OF
DEKALB COUNTY, GA.
6/30/2023 10:31 AM
E-FILED
BY: Camille Boknight

This 30th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendant
Cherokee Insurance Company*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DAPHNE ROLLINS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | |
| **vs.** | § | **FILE NO.: 23A01560** |
| | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANT'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Blade Thompson, Esq.
Blade Injury Law
5317 Peachtree Blvd., #408
Atlanta, GA  30341
blade@bladeinjurylaw.com
*Counsel for Plaintiff*

This 30th day of June, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)