IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KETRA GOINS,<br><br>Plaintiff,<br><br>v.<br><br>MARK SEAGRAVES AND OLD DOMINION FREIGHT LINE, INC.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.:<br><br>Fulton County State Court Case No.: 23EV003245 |

## NOTICE OF REMOVAL

COME NOW Defendants MARK SEAGRAVES and OLD DOMINION FREIGHTLINE, INC., ("ODFL") (hereinafter "Defendants"), by and through the undersigned counsel, and without waiving any defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c), hereby files this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff Ketra Goins ("Plaintiff") filed this personal injury action arising from a motor vehicle accident which occurred on June 3, 2021. Plaintiff filed her Complaint in the State Court of Fulton County, Georgia, Civil Action File No.

M1057508.1 16508

23EV003245 against Defendants. A copy of all pleadings and filings in the Action are attached hereto as Exhibit "A".

## Complete Diversity Jurisdiction Exists

2.

Plaintiff is a citizen of Georgia and is domiciled at 758 Commerce Boulevard, Riverdale, Georgia 30296.

3.

At the time of the filing of the Complaint and to-date, Defendant Mark Seagraves is a citizen and resident of the State of Tennessee and domiciled at 338 Hacket Valley Road, Hickman, Tennessee 38567. Defendant Mark Seagraves was served on June 6, 2023, at his domicile.

4.

Defendant ODFL is a North Carolina corporation whose principal place of business is in the State of North Carolina, at 500 Old Dominion Way, Thomasville, NC 27360. See, Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business.") Accordingly, ODFL is a citizen of North Carolina for purposes of diversity jurisdiction. ODFL has not been served with process in this action;

however, ODFL consents to this Notice of Removal but reserves all defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c)

5.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c); See also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (defining a corporation's principal place of business as the "place where a corporation's officers direct, control, and coordinate the corporation's activities"). As such, none of the Defendants are citizens of the State of Georgia.

6.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

**The Amount in Controversy Exceeds $75,000.00**

7.

Plaintiff seeks judgment against Defendants for sums in excess of $75,000.00, exclusive of interest and costs. In her Complaint, Plaintiff asserts "special damages in excess of $125,539.34." See, Complaint, ¶ 10, included in Exhibit "A".

Defendants deny Plaintiff's entitlement to Plaintiff's claimed special damages. Accordingly, the amount in controversy exceeds $75,000.00.

**Removal is Timely and Proper**

8.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of the first Defendant being served. <u>See</u>, Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

9.

Moreover, removal is proper because all Defendants consent to removal. <u>See</u>, <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 Fed.Appx. 808, 810 (11th Cir. 2012)

**Venue is Proper in the Northern District**

10.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of

citizenship between Plaintiff and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

11.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Fulton County. *See* 28 U.S.C. § 90(a)(2).

**The Unanimity Requirement is Met Here**

12.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

**Removal is Proper**

13.

No previous application for the relief sought herein has been made to this or any other Court.

14.

Good and sufficient defenses to Plaintiff's claims exist.

15.

Within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

16.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Fulton County.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B".

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 3rd day of July, 2023.

                                MCMICKLE, KUREY & BRANCH, LLP

                                */s/ Paschal Glavinos*

| | |
|---|---|
| 217 Roswell Road, Suite 200 | KEVIN P. BRANCH |
| Alpharetta, Georgia  30009 | Georgia Bar No. 111839 |
| Telephone:  (678) 824-7800 | PASCHAL GLAVINOS |
| Facsimile:  (678) 824-7801 | Georgia Bar No. 817127 |
| kpb@mkblawfirm.com | ***Attorneys for Defendants*** |
| pglavinos@mkblawfirm.com | |

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.C. This pleading has been prepared in Times New Roman, 14-point font.

This 3rd day of July, 2023.

                                        */s/ Paschal Glavinos*
                                        Paschal Glavinos
                                        For the Firm

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Jamie S. Cox, Esq.
>Georgia Injury Attorneys
>235 Peachtree St. NE, Suite 400
>Atlanta, GA  30303
>Telephone: (404) 880-3318
>Email:  jamie@georgiainjuryattorneys.com

This 3rd day of July, 2023.

>*/s/ Paschal Glavinos*
>PASCHAL GLAVINOS
>For the Firm