# EXHIBIT "A"

M0797656.1 0080

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Old Dominion Freight Line, Inc. c/o CT Corporation System
_____

_

Lawrenceville, GA 30046
_____

_

_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KETRA GOINS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No. _____** |
| | ) | |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **MARK SEAGRAVES AND** | ) | |
| **OLD DOMINION FREIGHT** | ) | |
| **LINE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT FOR PERSONAL INJURIES

**COMES NOW**, Plaintiff, Ketra Goins, (hereinafter collectively "Plaintiff"), by and through their Counsel of Record, and shows the following facts and circumstances in support of this Complaint for Personal Injuries.

## JURISDICTION AND VENUE

1.

The Defendant, Mark Seagraves (hereinafter "Defendant Seagraves"), upon information and belief, is an out-of-state motorist, traveling within Fulton County, Georgia and whose service address is 338 Hackett Valley Road, Hickman, Tennessee 38567.

2.

The Defendant, Old Dominion Freight Line, Inc. (hereinafter "Defendant Old Dominion"), is a foreign corporation authorized to do business in the State of Georgia. Defendant Old Dominion

1

may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia, 30046.

3.

Accordingly, jurisdiction and venue are proper in this Court.

## **COLLISION FACTS**

4.

This action arises from a clear liability automobile collision that occurred on or about June 3, 2021, in Fulton County, Georgia, along Interstate 285.

5.

On or about June 3, 2021, Plaintiff was traveling southbound in a 2013 Chevrolet Camaro.

6.

On or about said date, Defendant Seagraves caused a collision with Plaintiff's vehicle which was owned by Defendant Old Dominion, causing injuries and damages.

7.

Defendant Old Dominion had knowledge of Defendant Seagrave's driving history and record, and gave him permission to drive its vehicle.  Accordingly, Defendant Old Dominion is liable for the negligence of Defendant Seagraves.

8.

Plaintiff shows the aforesaid collision was proximately caused by the negligence of Defendant Seagraves, and said acts of negligence include, but are not limited to:

(a)     Immediately prior to the aforesaid collision, Defendant Seagraves failed to maintain his lane in violation of O.C.G.A. § 40-6-123(a);

(b)     Immediately prior to the aforesaid collision, Defendant Seagraves was inattentive to traffic conditions, failing to notice Plaintiff was traveling straight;

(c)     Immediately prior to the aforesaid collision, Defendant Seagraves failed to take evasive action;

(d)     Immediately prior to the aforesaid collision, Defendant Seagraves failed to warn;

(e)     Immediately prior to the aforesaid collision, Defendant Seagraves failed to keep a proper lookout; and

(f)     Any and all acts of negligence which may be shown at trial.

9.

Due to the force of impact of the collision, Plaintiff suffered numerous painful injuries that required medical treatment.

10.

As a result of the Defendant Seagraves's negligence, Plaintiff suffered injuries that include, but are not limited to:  cervicalgia, cervical internal disc disruption, lumbago, lumbar internal disc disruption and headaches.  The treatment of said injuries resulted in special damages in excess of $125,539.34.

3

11.

Defendant Seagraves and Defendant Old Dominion are indebted to Plaintiff for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; expenses of litigation, and all other damages allowed under Georgia law.

**WHEREFORE**, Plaintiff respectfully demands as follows:

(a)     A trial by jury;

(b)     Compensatory damages in an amount to be determined at trial; and

(c)     Such other relief as this Court may deem fair and reasonable.

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff


Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

4

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KETRA GOINS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MARK SEAGRAVES AND | ) | |
| OLD DOMINION FREIGHT | ) | |
| LINE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT OLD DOMINION

Pursuant to O.C.G.A. § 9-11-36, you are hereby required to answer in the form provided by law the following Requests for Admission:

1.

You have been correctly named in the present case insofar as it concerns the legal designation of names.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The State Court of Fulton County has jurisdiction over the subject matter of this case.

6.

The State Court of Fulton County has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in The State Court of Fulton County.

8.

Plaintiff states a claim upon which this Court can grant relief.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Admit you received a certified Holt demand on September 8, 2021.

11.

Admit you did not respond to the demand you received on February 28, 2023, within the 30-day period as required and set forth under O.C.G.A. § 9-11-67.1.

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **KETRA GOINS** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action File No. _____** |
| ) | |
| **v.** ) | |
| ) | |
| **MARK SEAGRAVES AND** ) | |
| **OLD DOMINION FREIGHT** ) | |
| **LINE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

---

### PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO
### DEFENDANT SEAGRAVES

COMES NOW Plaintiff Ketra Goins in the above styled action, and pursuant to

O.C.G.A. 9-11-33, propound these interrogatories to Defendant Mark Seagraves. Defendant

Seagraves is required to answer these Interrogatories separately and fully in writing and under

oath, and to serve a copy of said answers upon Plaintiff's counsel within Thirty (30) days after

service of these Interrogatories.

### INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information that is

available to you or subject to your reasonable inquiry including information in the possession of

your attorneys, accountants, advisors or other persons directly or indirectly employed by or

connected with you or your attorneys, and anyone else otherwise subject to your control.

In answering these interrogatories, you must make a diligent search of your records and of

other papers and materials in your possession or available to you or your representatives. If an

interrogatory has sub-parts, answer each part separately and in full, and do not limit your

answer to the interrogatory as a whole. If these interrogatories cannot be answered in full,

answer to the extent possible, specify the reason for your inability to answer the remainder, and

state whatever information and knowledge, you have regarding the unanswered portion. With

respect to each interrogatory, in addition to supplying the information asked for and identifying

1

the specific documents referred to identify and describe all documents to which you refer in preparing your answers. The interrogatories are continuing and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## **DEFINITIONS**

Unless otherwise indicated. the following definitions shall be applicable to these interrogatories:

I.   "Person" shall mean and include a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

In each instance wherein you are asked to "identify" a person, or the answer to the interrogatory refers to a person, state with respect to each person:

a.   his name;

b.   his last known residence, business address and his telephone number;

c.   his company affiliation at the date of the transaction referred to;

d.   his title and duties in the company with which he was affiliated.

(The male gender includes the female, and the singular pronoun includes the plural).

II.   The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals. copies, or drafts or any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries; reports, forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, or cables prepared, drafted, received and sent; tapes, transcripts, or recordings; photographs, pictures, or films: computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any documents which contain any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

III.   In each instance wherein you are asked to "identify" or describe a document, your description should be sufficient to satisfy the requirements of Rule 34 of the Federal Rules of

Civil Procedures, and should include, but not be limited to:

    a.    the name, address, telephone number, occupation, job title and employer of the present custodian of the document;

    b.    the fact or facts which would tend to be established by the introduction into evidence of the document;

    c.    the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

    d.    The terms "You" and "Your" shall mean the named Defendant (including any predecessor, successor, and affiliate thereof) and its employees, agents, and duly authorized representatives.

IV.    "Knowledge" includes first-hand information and information derived from any other source including hearsay knowledge.

V.

## **INTERROGATORIES**

NOTE A: When used in the Interrogatories, the term Defendant or any synonym therefore, is intended to and shall embrace and include, in addition to said Defendant, all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for or on behalf of the Defendant.

NOTE B: The Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. 9-11-26.

## **BACKGROUND INFORMATION**

### 1.

State your full name, current address, telephone number, and present employment.

### 2.

State your date of birth, driver's license number, social security number, and what other names you have gone by during your lifetime.

3.

State your residence address, including any apartment number, and the period of time you lived at each residence for the previous seven (7) years, and identify all persons residing with you at each address.

4.

Describe your educational history, including the schools attended, dates of attendance and degrees or certificates received.

5.

Identify each of your employers for the past ten (10) years, the position and job duties you held with each such employer, and the reason for your change of employment.

6.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

7.

If, within the twelve (12) hour period immediately preceding the wreck, you consumed any drug (prescription or otherwise) or alcoholic beverage, identify the substance consumed, the quantity consumed, the time it was consumed and the place where it was consumed.

8.

If you have been involved in any other motor vehicle wrecks within the past ten (10) years, identify each accident by date, place, how said accident occurred, and what citation you received (if any).

9.

If you have been a party to any lawsuit (other than this one), please describe each such lawsuit, giving the date of each such lawsuit, the court in which it was brought, and the names of other parties to each such lawsuit.

4

10.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgement which may be entered in this action, and for each insurer give the name and address of company; the limits of liability coverage; the policy number; and the named insured(s).

**<u>VEHICLE INFORMATION</u>**

11.

Identify all owners and lessors of the 2020 Freightliner TT you were operating at the time of the subject wreck.

12.

If you were not the servant, agent, or employee of the owner of the 2020 Freightliner TT you were operating at the time of the wreck, state the circumstance under which you were operating the 2020 Freightliner TT at the time of the wreck.

13.

How long had you operated this particular 2020 Freightliner TT?

14.

When did you, or anyone acting on behalf of the vehicle owner, make the last inspection of the 2020 Freightliner TT you were driving during the wreck?

15.

If at any time between the last inspection prior to the subject wreck and the date of the subject wreck, the 2020 Freightliner TT you were driving had any mechanical defects, state the nature of the defects.

16.

What was the extent of damage sustained to the 2020 Freightliner TT you were driving as a result of the wreck.  Please give the duration of the loss of use of the vehicle, the cost of repair,

and the person or entity who repaired the vehicle?

## WITNESS INFORMATION

### 17.

Identify the names, addresses, telephone numbers, place of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the wreck complained of in this action.

### 18.

Identify the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who witnessed the accident or arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

### 19.

Identify the names, addresses, telephone numbers, places of employment and present whereabouts of all persons known to you who (aside from your attorneys) have knowledge of relevant information, facts or circumstances in this action?

### 20.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney regarding any aspect of this case.

### 21.

State the name, address, telephone number, and place of employment of each person whom you expect to call as an expert witness at the trial of this case and give the substance of the facts and opinions to which such person is expected to testify, and a summary of the grounds for each such opinion.

## COLLISION INFORMATION

### 22.

Where had you been prior to the subject wreck, where were you going at the time of the

subject wreck, and what time were you due to arrive at your destination?

23.

What speed do you contend the vehicle you were driving was traveling in the 30 seconds leading up to the collision?

24.

State in detail your version of how the subject collision occurred. Please be sure to include what you did to avoid the collision and the direction and approximate speed of the Plaintiff's vehicle when you first saw it.

25.

State the substance of every utterance made by you or to you at the scene of the wreck and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

26.

If you received a citation of any sort as a result of this wreck, state the nature of same, the disposition made and the court involved.

27.

To your knowledge, information or belief, are there any photographs or drawings or video or audio recordings of the scene of the wreck complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

28.

If you or any person acting on your behalf performed any post collision investigation, identify the person(s) who conducted the investigation, when the person(s) initially became involved in the investigation, the facts obtained by the person(s) that investigated the wreck and any conclusions drawn about the wreck. If as part of the investigation, statements were obtained in any form from any person regarding the collision, the Plaintiff and/or his past medical care, including statements by the Plaintiff, state with respect to each such statement, the name and address of the person(s) to whom such statement was made; the date the statement was made; the form of the statement; if the statement was written, whether it was signed; and the names and addresses of all persons presently having custody of the statement.

29.

Was there a mobile or cellular telephone or similar instrument in the motor vehicle you were driving at the time of the collision, either permanently installed in the vehicle or a portable or transportable model which was in the vehicle at the time? If so, please identify the cellular telephone carrier or other service provider for that product, name of the account holder, the telephone number, account number assigned to the phone.

30.

Identify whether the vehicle you were driving contained a "black box" and/or any apparatus that might measure any of the components of the force of the impact, including, but not limited to the speed of the vehicle prior to the collision.

31.

At the time of the collision, state whether you were operating the vehicle within the scope of your employment for any employer. If so, identify the work or errand being performed, the name of the employer and the name, address, and telephone number of your direct supervisor.

32.

Identify every act by which you claim the plaintiff unreasonably exposed himself to a foreseeable risk of injury.

33.

Identify every act or even which supports each defense raised in your answer.

34.

Identify every fact which you contend shows that Plaintiff acted negligently.

35.

Identify every fact which contends or shows that Plaintiff failed to act with ordinary care.

36.

Identify every fact and document which supports an apportionment of fault to any non-party and identify such person.

37.

Identify every fact which you contend shows that venue is improper in this case.

38.

Identify every fact that you contend shows that this court lacks jurisdiction over Defendants.

39.

The Plaintiff provided documentation to Defendant Seagraves's insurer of treatment received after the collision. Please state which portions of Plaintiff's treatment, if any, you contend were solely the result of a pre-existing or non-accident-related conditions and were not caused by or aggravated by the collision, and list each medical record individually that you contend details the existence of such pre-existing or non-accident-related condition.

40.

Please list, identify and describe the contents of each document of which you have knowledge, whether in your possession or not, which is relevant to this cause of action and/or will be relied upon by you to demonstrate and support any facts relevant to this litigation.

41.

If you have posted any communication or photographs which in any way depict the incident which is the subject of this complaint on social media site, including but not limited to Facebook, Twitter or Myspace.com, please give the date of such postings, identify (by full name and hyperlink) the name of the person on whose profile such posting was made and the purpose for such posting.

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


     /s/ Jamie Cox
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KETRA GOINS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MARK SEAGREAVES AND | ) | |
| OLD DOMINION FREIGHT | ) | |
| LINE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SEAGRAVES

Pursuant to O.C.G.A. § 9-11-36, you are hereby required to answer in the form provided by law the following Requests for Admission:

#### 1.

You have been correctly named in the present case insofar as it concerns the legal designation of names.

#### 2.

You have been properly served as a party defendant.

#### 3.

Process is sufficient with regard to you in this case.

#### 4.

Service of process is sufficient with regard to you in this case.

1

5.

The State Court of Fulton County has jurisdiction over the subject matter of this case.

6.

The State Court of Fulton County has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in The State Court of Fulton County.

8.

Plaintiff states a claim upon which this Court can grant relief.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Admit that you were involved in a motor vehicle collision on June 3, 2021.

11.

Admit that you caused the collision by colliding with Plaintiff's vehicle on June 3, 2021.

12.

Admit that your insurance carrier, on your behalf, received demand on February 28, 2023.

13.

Admit that your insurance carrier, on your behalf, did not respond to the demand that was received on February  28, 2023, within the 30-day period as required and set forth under O.C.G.A. § 9-11-67.1.

2

This 31ˢᵗ day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

 Hickman, TN 38567

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.      _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KETRA GOINS | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MARK SEAGRAVES AND | ) | |
| OLD DOMINION FREIGHT | ) | |
| LINE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT SEAGRAVES

You are requested to produce, pursuant to O.C.G.A. S 9-11-34 (Ga, Code Ann. 81 A-134), the documents and records set forth below for inspection and copying by the attorney for Plaintiff at the offices of Georgia Injury Attorneys, 235 Peachtree Street NE, Suite 400, Atlanta, Georgia 30303 at l0:00 a.m. Thirty (30th) days after service.

**DOCUMENT:** As used herein, the term "document" or any synonym thereof shall embrace and include, without limitation, the following items, whether printed or recorded, or filmed, or reproduced by any process, or written or produced by hand and whether or not claimed to be privileged against discovery on any grounds, and whether an original, master or copy: all books, records, invoices- receipts, bank statements, books of account, tax returns. tax records, both Federal and State, '"warehouse reconciliation statements; writings; contracts; reports; memoranda; books; worksheets; correspondence; drafts; notes; drawings, charts; photographs; computations, recordings; computer tapes or any other data compilations; and any and all other writings, types, printings, or drafts or copies or reproductions of them irrespective of form. All letters, handwritten notes, correspondence, invoices, telegrams, memoranda. records, minutes of all types of meetings, contracts, subcontracts, letter agreements, agreements, warranties, guarantees, intra and inter office communications and memoranda, audited and unaudited or unaudited financial statements, profit and loss statements, audit reports, projections, account summaries, daily collateral reports, analysis, results of investigation and/or surveys; reviews,

1

bulletins, estimates, appraisals, recommendations, critiques, reports, financial calculations, diaries, books, manuals, and publications, laboratory and engineering reports and notebooks, charts, plans, sketches and drawings, photographs, opinions and reports of consultants, reports and summaries of negotiations, brochures, pamphlets, categories and catalog sheets, advertisement circulars, trade letters, press, publicity, trade and product releases, drafts of original or preliminary notes on and marginal comments appearing on, any document, periodicals, desk calendars, appointment books, messages, instructions, phone logs, work assignments, notes, notebooks, drafts, data sheets, telephone records, statistical reports, facsimile reports, telecopy reports, tapes, tape recordings, partial or complete reports of telephone conversations, public statements, newspaper or other medial releases, microfilm, microfiche, computer printouts, computer tapes, public and governmental filings, opinions, and other information containing paper. writing, recording, magnetic recording, optical recording or physical thing. If any document was, but is no longer in your possession or subject to your control identify the document and state its present location or the disposition which was made of it and the date thereof. A request to produce a document is a request to produce the original of said document. A copy may be produced if the original is unavailable for some legally specific reason.

      **MANNER OF PRODUCTION:** The documents produced pursuant to this request shall be separately produced for each paragraph of the request, or, in the alternative, shall be identified as complying with a particular paragraph or paragraphs of the request in which they are responsive.

      **PRIVILEGED DOCUMENTS:** In the event that any information, documents, or things requested herein is withheld under a claim of privilege, please provide the following information with respect to each (1) the document's sender or author" recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; (2) the date the document was created, and the date it was gathered or learned of by counsel; (3) the name, address, phone number, and title of each person who prepared. created, learned, or gathered the information, document, or thing and the name, address, phone number, and title of each person who has received or examined the information, document, or thing or copy thereof; and (4) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or to just a part of the information, document or

thing.

**<u>DOCUMENTS REQUESTED:</u>** The documents and records which you are notified and requested to produce are as follows:

1.

All documents identified in or used by Defendant Seagraves to respond to Plaintiffs' first interrogatories to Defendant Seagraves.

2.

All statements obtained by Defendant Seagraves and/or his representatives, including insurance adjusters.

3.

All documents that Defendant Seagraves intends to rely upon in the preparation for this trial or which may contain material information which is or may be relevant to this action.

4.

All liability insurance policies which might cover you or provide coverage for the accident that is the subject of the Plaintiff's complaint.

5.

Each and every document comprising a report made by any person or entity that has conducted an investigation to determine any facts pertaining to any issue in this case.

6.

As to each expert witness whom you expect to call at trial:

a)   Complete and clearly readable copies of any and all documents provided to such expert in connection with this case, including records, reports, literature, memoranda or any other documents.

b)   Any records, reports, notes, memoranda, bills, correspondence, or any other documents prepared by any expert witness in connection with this case.

c)   Copies of any manuscripts, drafts, galleys, outlines, slides and the like concerning

3

any oral or written presentations made by the expert on any subject relevant to this case that are not in the public domain;

d)    Transcripts of any deposition or trial testimony in the expert's possession or control on any subject relevant to this case.

e)    A current curriculum vitae for each such expert.

f)    Any exhibits prepared by or with the assistance of the expert that are intended to illustrate aspects of the expert's testimony.

7.

Each and every document relating to any written, oral or recorded statement referenced in Plaintiff's First Interrogatories.

8.

Any document containing any information which has been received by you from any doctors, hospitals, or any other health care providers, any insurance carrier, any subrogation/reimbursement agent for a healthcare provider or insurer concerning Plaintiff s condition before or after the happening of this accident.

9.

Any inspection, repair and/or maintenance records for the vehicles involved in the accident which is the subject of this lawsuit.

10.

Any and all photographs depicting damage to the automobiles involved in the accident which is the subject of this accident.

11.

A copy of the front and back of Defendant Seagraves's driver's license.

12.

Copies of cell phone records showing incoming and outgoing calls, texts and messages on the date of the accident for all phones inside Defendant Seagraves's vehicle at the time of the accident.

13.

Copies of any medical records, videotapes, audiotape, photographs, or other evidence concerning, referencing or depicting Plaintiff.

14.

Copies of any documents generated from any judicial proceeding, administrative hearing or other proceeding in which Defendant Seagraves participated as a result of the accident, or the citation received as a result of the accident which is the subject of Plaintiff's complaint.

15.

If not otherwise provided, please attach the following:
   a) Witness statements;
   b) Party statements;
   c) Police Report;
   d) Photographs (digital copies) of accident scene,
   e) Photographs (digital copies) of the vehicles involved in the accident,
   f) Photographs (digital copies) of Plaintiff or any other person involved in this case and;
   g) Diagrams/maps of the accident scene.

16.

Please produce copies of any photographs, still or motion pictures, and/or videotape(s), of the subject incident scene.

17.

Documents you receive in response to any non-party requests for the production of documents or subpoena.

18.

Documents you receive in response to informal requests for documents.

19.

A list of all documents which are being withheld from production by virtue of any privilege or for any other reason, identifying each document by its name, date, author and recipient, and specifying the reason for withholding it from production.

20.

All documents which you contend provide evidence of or support any argument that Plaintiffs' pain and/or injuries were pre-existing or in any way not caused by the wreck that is the subject matter of this of this lawsuit.

21.

All documents or writings which you contend support any contention that this wreck was the fault of any entity or person other than Defendant Seagraves.

22.

You are requested to grant the Plaintiff authorization to obtain a copy of your Driving History (MVR). To that end, you are requested to execute and return to Plaintiff's attorney a Request for Motor Vehicle Report (Form DDS-18).  A Request for Motor Vehicle Report form is attached to these interrogatories and is labeled Exhibit "A."

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| KETRA GOINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK SEAGRAVES AND | ) |
| OLD DOMINION FREIGHT | ) |
| LINE, INC., | ) |
| | ) |
| Defendants. | ) |

Civil Action File No. _____

_____

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT OLD DOMINION

You are requested to produce, pursuant to O.C.G.A. S 9-11-34 (Ga, Code Ann. 81 A-134), the documents and records set forth below for inspection and copying by the attorney for Plaintiff at the offices of Georgia Injury Attorneys, 235 Peachtree Street NE, Suite 400, Atlanta, Georgia 30303 at l0:00 a.m. Thirty (30th) days after service.

**DOCUMENT:** As used herein, the term "document" or any synonym thereof shall embrace and include, without limitation, the following items, whether printed or recorded, or filmed, or reproduced by any process, or written or produced by hand and whether or not claimed to be privileged against discovery on any grounds, and whether an original, master or copy: all books, records, invoices- receipts, bank statements, books of account, tax returns. tax records, both Federal and State, '"warehouse reconciliation statements; writings; contracts; reports; memoranda; books; worksheets; correspondence; drafts; notes; drawings; charts; photographs; computations, recordings; computer tapes or any other data compilations; and any and all other writings, types, printings, or drafts or copies or reproductions of them irrespective of form. All letters, handwritten notes, correspondence, invoices, telegrams, memoranda. records, minutes of all types of meetings, contracts, subcontracts, letter agreements, agreements, warranties, guarantees, intra and inter office communications and memoranda, audited and unaudited or unaudited financial statements, profit and loss statements, audit reports, projections, account summaries, daily collateral reports, analysis, results of investigation and/or surveys; reviews,

1

bulletins, estimates, appraisals, recommendations, critiques, reports, financial calculations, diaries, books, manuals, and publications, laboratory and engineering reports and notebooks, charts, plans, sketches and drawings, photographs, opinions and reports of consultants, reports and summaries of negotiations, brochures, pamphlets, categories and catalog sheets, advertisement circulars, trade letters, press, publicity, trade and product releases, drafts of original or preliminary notes on and marginal comments appearing on, any document, periodicals, desk calendars, appointment books, messages, instructions, phone logs, work assignments, notes, notebooks, drafts, data sheets, telephone records, statistical reports, facsimile reports, telecopy reports, tapes, tape recordings, partial or complete reports of telephone conversations, public statements, newspaper or other medial releases, microfilm, microfiche, computer printouts, computer tapes, public and governmental filings, opinions, and other information containing paper. writing, recording, magnetic recording, optical recording or physical thing. If any document was, but is no longer in your possession or subject to your control identify the document and state its present location or the disposition which was made of it and the date thereof. A request to produce a document is a request to produce the original of said document. A copy may be produced if the original is unavailable for some legally specific reason.

**MANNER OF PRODUCTION:** The documents produced pursuant to this request shall be separately produced for each paragraph of the request, or, in the alternative, shall be identified as complying with a particular paragraph or paragraphs of the request in which they are responsive.

**PRIVILEGED DOCUMENTS:** In the event that any information, documents, or things requested herein is withheld under a claim of privilege, please provide the following information with respect to each (1) the document's sender or author" recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; (2) the date the document was created, and the date it was gathered or learned of by counsel; (3) the name, address, phone number, and title of each person who prepared. created, learned, or gathered the information, document, or thing and the name, address, phone number, and title of each person who has received or examined the information, document, or thing or copy thereof; and (4) a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether

the privilege that is claimed should extend to all or to just a part of the information, document or thing.

**<u>DOCUMENTS REQUESTED:</u>** The documents and records which you are notified and requested to produce are as follows:

1.

Color copies of all photographs in your possession, custody, or control including photographs of the automobiles of either your vehicle or Plaintiff's, scene of the collision, or any other photographs relating to this claim.

2.

The electronic file for any and all digital photographs as originally saved on an electronic device (i.e. jpeg, PNG, GIF, TIFF, RAW, etc.) in your possession, custody, or control including photographs of either your or Plaintiff's automobiles, scene of the collision, or any other photographs relating to this claim.

3.

Any vehicle policy that provides you coverage for this incident.

4.

Any umbrella policy that provides you coverage for this incident.

5.

Any commercial general liability policy that provides you coverage for this incident.

6.

The so-called declaration page of policies disclosed/produced in Requests 3-5, *supra*.

7.

Any affidavits in your possession, custody, or control that refer to, evidence, or reflect in any way the subject of this case.

8.

Any document containing any information which has been received by you from any doctors, hospitals, or any other health care providers, any insurance carrier, any subrogation/reimbursement agent for a healthcare provider or insurer, concerning Plaintiff s condition before or after the happening of this accident.

9.

Repair estimates for your vehicle's repairs relating to the subject collision.

10.

If you were not the owner of the vehicle driven by Defendant Seagraves, the registration form or certificate of title of such vehicle.

11.

Any drawings, maps, charts, diagrams, or other representation of the scene of the collision or of any other aspect of the incident.

12.

All documents or things identified in the Plaintiff's First Interrogatories or your answers thereto.

13.

All written and/or email communication between your insurance company and Plaintiff's insurance company regarding the collision and/or Plaintiff.

14.

Maintenance records concerning the vehicle being driven by Defendant Seagraves on the date of the collision for the two (2) years prior to the collision.

15.

All documentary evidence you intend to introduce at trial.

16.

Notes, investigative reports, memoranda, correspondence or statements from the parties, witnesses, or insurance adjusters in your possession, custody, or control and either created prior to this case being filed or prepared in the ordinary course of business.

17.

All documents evidencing, reflecting, relating to, or constituting any communication between you and Plaintiff.

18.

All documents you contend support or relate to any defenses, affirmative or otherwise, or contentions in your Answer.

19.

All documents, pleadings, and exhibits filed, served, or prepared in connection with any litigation to which you have been a party in the last ten (10) years.

20.

Any reservation of rights letter or other document received from any insurance company which purports to deny insurance coverage to you or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

21.

Any written notifications or reports you made to any insurance company regarding the subject collision.

22.

All documents you obtain in response to any subpoena or Non-Party Request for

Production of Documents.

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KETRA GOINS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARK SEAGRAVES AND** | ) | |
| **OLD DOMINION FREIGHT** | ) | |
| **LINE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO
### DEFENDANT OLD DOMINION

COMES NOW Plaintiff Ketra Goins in the above styled action, and pursuant to

O.C.G.A. 9-11-33, propound these interrogatories to the Defendant Old Dominion Freight Line,

Inc.. Defendant Old Dominion is required to answer these Interrogatories separately and fully in

writing and under oath, and to serve a copy of said answers upon Plaintiffs' counsel within

Thirty (30) days after service of these Interrogatories.

### INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information that is

available to you or subject to your reasonable inquiry including information in the possession of

your attorneys, accountants, advisors or other persons directly or indirectly employed by or

connected with you or your attorneys, and anyone else otherwise subject to your control.

In answering these interrogatories, you must make a diligent search of your records and of

other papers and materials in your possession or available to you or your representatives. If an

interrogatory has sub-parts, answer each part separately and in full, and do not limit your

answer to the interrogatory as a whole. If these interrogatories cannot be answered in full,

answer to the extent possible, specify the reason for your inability to answer the remainder, and

state whatever information and knowledge, you have regarding the unanswered portion. With

1

respect to each interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to identify and describe all documents to which you refer in preparing your answers. The interrogatories are continuing and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## <u>DEFINITIONS</u>

Unless otherwise indicated. the following definitions shall be applicable to these interrogatories:

I.   "Person" shall mean and include a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

In each instance wherein you are asked to "identify" a person, or the answer to the interrogatory refers to a person, state with respect to each person:

    a.   his name;

    b.   his last known residence, business address and his telephone number;

    c.   his company affiliation at the date of the transaction referred to;

    d.   his title and duties in the company with which he was affiliated.

       (The male gender includes the female, and the singular pronoun includes the plural).

II.   The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals. copies, or drafts or any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries; reports, forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, or cables prepared, drafted, received and sent; tapes, transcripts, or recordings; photographs, pictures, or films: computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any documents which contain any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

III.   In each instance wherein you are asked to "identify" or describe a document, your description should be sufficient to satisfy the requirements of Rule 34 of the Federal Rules of

2

Civil Procedures, and should include, but not be limited to:

    a.      the name, address, telephone number, occupation, job title and employer of the present custodian of the document;

    b.      the fact or facts which would tend to be established by the introduction into evidence of the document;

    c.      the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

    d.      The terms "You" and "Your" shall mean the named Defendant (including any predecessor, successor, and affiliate thereof) and its employees, agents, and duly authorized representatives.

IV.      "Knowledge" includes first-hand information and information derived from any other source including hearsay knowledge.

## **INTERROGATORIES**

NOTE A: When used in the Interrogatories, the term Defendant or any synonym therefore, is intended to and shall embrace and include, in addition to said Defendant, all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for or on behalf of the Defendant.

NOTE B: The Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. 9-11-26.

## **BACKGROUND INFORMATION**

1.

State your full name, current address, telephone number.

2.

If you were not the registered owner of the vehicle driven by Defendant Seagraves, identify the owner.

3

3.

Identify who paid for gas, insurance, and maintenance and repairs for the vehicle driven by Defendant Seagraves.

4.

Describe your relationship to Defendant Seagraves.

5.

Was Defendant Seagraves driving the subject vehicle with your permission or the permission of another company or entity? If so, state all restrictions, rules or limits placed on its use.

6.

Was Defendant Seagraves acting within the course and scope of employment for you or any other entity at the time of the subject collision? If not you, then identify the person/entity.

7.

Did you have knowledge of Defendant Seagraves's driving history at any point prior to the collision?  Specifically, please state your knowledge of any traffic citations he/she had received, and when they were received; and any accidents he/she had been in, including details of the time, date and location of such accidents.

8.

Identify all insurance policies providing liability coverage in effect at the time of the collision by stating the identification of the home office of the insurance company; the policy number; the identity of the agent issuing the policy;  the date of issuance of the policy and the period of time covered; the type of coverage and the monetary limit for each type of coverage; and the names of all insured(s) or others having an interest under the policy.

9.

If you allege some other person or entity, including Plaintiff, caused or contributed to the collision and is therefore liable for its proportionate share of fault, identify said person or entity and further explain the basis for your allegation that they are caused or contributed to the subject collision.

10.

What was the extent of damage to your vehicle being driven in the collision?  Provide the time of loss of use, cost of repairs, and who repaired your vehicle.

11.

With reference to each affirmative defense pled by you or your attorney(s) in your Answer to Plaintiff's Complaint, set forth with respect to each such denial:

a) All facts known to you, your attorneys, or agents which support or corroborate such denials;

b) The name, address, and telephone number of each such person known to you who claims to have knowledge regarding any such denials; and

c) The name, address, and telephone number of any custodian of any writing or report which supports any denial of any of Plaintiff's Complaint.

12.

Identify every act or event that supports each defense raised in your answer.

13.

Identify every fact which you contend shows the Plaintiff acted negligently.

14.

Identify every fact which contends or shows the Plaintiff failed to act with ordinary care.

15.

Identify every fact and document which supports an apportionment of fault to any non-

5

party and identify such person.

16.

Identify every fact which you contend shows that venue is improper in this case.

17.

Identify every fact that you contend shows that this court lacks jurisdiction over Defendant Old Dominion.

18.

The Plaintiff provided documentation to Defendant Old Dominion's insurer of treatment received after the collision. Please state which portions of Plaintiff's treatment, if any, you contend were solely the result of a pre-existing or non-accident related conditions and were not caused by or aggravated by the collision, and list each medical record individually that you contend details the existence of such pre-existing or non-accident related condition.

19.

Please list, identify and describe the contents of each document of which you have knowledge, whether in your possession or not, which is relevant to this cause of action and/or will be relied upon by you to demonstrate and support any facts relevant to this litigation.

20.

If you have posted any communication or photographs which in any way depict the incident which is the subject of this complaint on social media site, including but not limited to TikToc, Instagram, Facebook, Twitter Myspace or, please give the date of such postings, identify (by full name and hyperlink) the name of the person on whose profile such posting was made and the purpose for such posting.

This 31st day of May, 2023.

Respectfully submitted,

GEORGIA INJURY ATTORNEYS


_____/s/ Jamie Cox_____
Jamie S. Cox, Esq.
Georgia Bar No. 838265
Attorney for Plaintiff

Georgia Injury Attorneys
235 Peachtree St NE, Suite 400
Atlanta, GA 30303
Phone: 404-880-3318
Fax: 470-231-0956
Email: jamie@georgiainjuryattorneys.com

State Court of Fulton County
**E-FILED**
23EV003245
5/31/2023 11:06 AM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only |
|---|
| Date Filed _____ |
| **MM-DD-YYYY** |
| Case Number _____ |

**Plaintiff(s)**                                          **Defendant(s)**

_____          _____
Last        First        Middle I.    Suffix    Prefix        Last        First        Middle I.    Suffix    Prefix

_____          _____
Last        First        Middle I.    Suffix    Prefix        Last        First        Middle I.    Suffix    Prefix

_____          _____
Last        First        Middle I.    Suffix    Prefix        Last        First        Middle I.    Suffix    Prefix

_____          _____
Last        First        Middle I.    Suffix    Prefix        Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____        **Bar Number** _____        **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
23EV003245
6/9/2023 6:18 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **KETRA GOINS** | ) |
| | ) |
| Plaintiff, | )    Civil Action File No. _23EV003245_ |
| | ) |
| v. | )    **DEMAND FOR JURY TRIAL** |
| | ) |
| **MARK SEAGRAVES AND** | ) |
| **OLD DOMINION FREIGHT** | ) |
| **LINE, INC.,** | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF SERVICE OF DEFENDANT MARK SEAGRAVES

Case Number: 23EV003245

Received by BRIAN POE & ASSOCIATES on the 3rd day of June, 2023 at 10:23 am to be served on **MARK SEAGRAVES, 338 HACKETT VALLEY ROAD, HICKMAN, TN 38567**.

I, JOSH MOLDER, being duly sworn, depose and say that on the **6th day of June, 2023** at **6:09 pm, I: INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **CASE FILING FORM, SUMMONS, COMPLAINT, INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSION** with the date and hour of service endorsed thereon by me, to: **MARK SEAGRAVES** at the address of: **338 HACKETT VALLEY ROAD, HICKMAN, TN 38567**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 250, Hair: Light Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and I am an authorized Process Server in good standing in the state of Tennessee.

SUBSCRIBED AND SWORN TO BEFORE ME
ON the 7th day of June, 2023 BY THE
AFFIANT
WHO IS PERSONALLY KNOWN TO ME.

**JOSH MOLDER**
Process Server

NOTARY PUBLIC

BRIAN POE & ASSOCIATES
235 PEACHTREE ST
SUITE 400
ATLANTA, GA 30303
(404) 820-3049

State Court of Fulton County
**E-FILED**
23EV003245
6/9/2023 6:18 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **KETRA GOINS** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action File No. 23EV003245** |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| **v.** ) | |
| ) | |
| **OLD DOMINION FREIGHT LINE, INC** ) | |
| ) | |
| **Defendant.** ) | |

### <u>AFFIDAVIT OF SERVICE ON OLD DOMINIUM FREIGHT LINE, INC</u>

Before me, the undersigned authority did personally appear Roosevelt Watt II, who being duly sworn, stated and deposed under oath the following declaration:

1.

My name is Roosevelt Watt II.

2.

I am at least eighteen years of age or older and am a citizen of the United States of America.

3.

I am a process server with Dynamic Legal Services, LLC who has been retained by the Plaintiff's counsel to serve process in the above case.

4.

I am not a party to the action nor am I an employee of Plaintiff or Plaintiff's counsel of record.

5.

I am permanently appointed to serve process in the State Court of Fulton County.

6.

I am not a convicted felon.

7.

I have no interest in the outcome of this matter.

7.

I served Old Dominium Freight Line, Inc, c/o CT Corporations, with a copy of Plaintiff's

Summons, Complaint for Personal Injury Damages, First Continiung Interrogatories, First

Continuing Request for Admissions and First Continuing Request for Production of Documents

at 289 South Culver St. Lawrenceville, GA 30046-4805 on June 7, 2023 at approximately 12:35

p.m.

**Further Affiant Says Not**

Respectfully submitted, this ___ day of _____, 2023

_____

Roosevelt Watt II

Sworn to and subscribed before me
This _9th___ day of __JUNE_____, 2023

_____
NOTARY PUBLIC

My Commission Expires: _1|21|2027_____