

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUN 27 2023
ATLANTA

## THE UNITED STATES DISTRICT COURT OF APPEALS ELEVENTH DISTRICT COURT

EDGINA T. HENDRIX SMITH,

DEBTOR

VS.

JUDGE WENDY HAGENAU

J.P. MORGAN CHASE BANK
22-60633-WHL

Filed in U.S. Bankruptcy Court
Atlanta, Georgia
JUN 27 2023
By: M. Regina Thomas, Clerk
Deputy Clerk

CASE NO.

Defendant.

_____/

### NOTICE OF APPEAL

NOTICE IS GIVEN that Plaintiff, EDGINA T. HENDRIX SMITH, hereby appeals to the United States Court of Appeals Eleventh District Court of Appeals and states as follows:

Throughout this entire Bankruptcy process, my legal rights were violated by Judge Wendy Hagenau. Judge Hagenau allowed lawyers who I fired from my case to speak and refused to allow me to speak but allowed Attorney that I had fired close to 30 days before our hearing to not only speak for me once, but twice. This is all recorded on the last two Zooms.

According to the Judge, the expectations prior to our last Zoom meeting were that I agreed to pay $850.00 and that I hire a new attorney. I informed the Judge that finding an Attorney that I trust could not be accomplished within 3 weeks and tin the meantime, I would represent myself.

Judge Wendy Hagenau noted she could not accept the $850.00 check and preferred a debit payment; however, after the hearing, the check was in fact cashed by the Navy Federal Credit

Union and the monies were taken by the Court. The Court did not appear to be Honorable, so I called and demanded a refund. It took over or close to 60 days to receive monies back.

Additionally, I complied with the Judge's commands and paid the $850.00 and by law, I can in fact represent myself.

Furthermore, I submitted an Objection to Claim with supportive evidence. The Judge refused to listen or review over the documents. After she Dismissed my case, I respectfully requested all of the documents provided to her be mailed back to me in addition to the payment. I have yet to receive these documents.

This same Judge presided over my previous Bankruptcy case and noted that I failed to show up. I filed a complaint because I never received a Notification of a Hearing and requested proof that she notified me. This case was re-opened.

I am respectfully requesting the Court of Appeals under 28 U.S. Code 455 Disqualify this Judge from participating in any further proceedings due to clear bias and violating my Constitutional Rights by exhibiting bias behavior and attempting to cover-up evidence I provided evidence that proves J.P. Morgan Chase Bank has indeed committed fraud in an effort to steal my home. I am also requesting that all evidence provided to the Judge be mailed back to me. I am requesting that this matter be re-opened and re-examined carefully. Finally, it appeared as though this Judge was racist and bias, as she spoke to me in a very condescending manner and felt the White Attorneys could legally speak for me when they were in fact fired/ It was insulting and violates my rights. It seems as if there was some sort of conspiracy taken place and I elected to remain quiet due to feeling powerless, but knowing she violated U.S. Code 455 which states personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings is unethical. Therefore, I am requesting that this matter be looked into.

Dated: June 20, 2023

Respectfully Submitted,
Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Ga. 30039
ginahendrix@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th Day of June 2023, a true and correct copy of the foregoing was filed with the Court using the e-filing system and USPS. A copy will also be mailed to counsel.

Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Ga. 30039
ginahendrix@hotmail.com
(305) 904-7059

*[handwritten annotation: Evidence without attachments provided to the Judge]*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.: 22-60633-WLH/CHAPTER 13

In re

EDGINA T. HENDRIX-SMITH

DEBTOR,

_____/

## OBJECTION TO CLAIM

COMES NOW, Debtor (s), EDGINA T. HENDRIX-SMITH, and files her Motion by and through the undersigned pro se representative, objects to proof of claim filed in this court by J.P. Morgan Chase Bank, N.A., Bank of America, N.A. Santander Consumer USA, Unknown HOA, and Navient and states as follows:

1) On or around December 30, 2022, Debtor initially completed her Chapter 13 Bankruptcy application over the phone and signed documents electronically via-e-mail. The initial Credit Report which is enclosed, along with the document listing debts (J.P. Morgan Chase Bank, N.A., Bank of America, N.A., Navient, and Santander Consumer USA) were listed and discussed with attorney retained by Clark & Washington. During our discussion, the attorney noted that alleged debtor had an outstanding debt for HOA fees, which alleged debtor has never received or was aware of and informed attorney of this fact.

2) During the initial hearing, debts were added onto the Chapter 13 case without debtor being notified by the said attorney or by debtors, as required by federal law. Debtor is disputing and requesting objection to claims. Additionally, attorney agreed to dispute proof of claim(s) and failed to honor her word. Consequently, debtor fired Clark & Washington for deceptive

practices and failure to communicate with debtor and for neglect. J.P. Morgan Chase Bank, N.A. is alleging Bank of America, N.A, is my lender, which is untrue. Navient failed to provide debtor with a contract showing proof that debtor owed a debt to this company. (See document). Santander Consumer USA lists an illegal debt and an alleged debt that is over 10 years old. The HOA has never sent a letter or certified letter to alleged debtor notifying her of any outstanding debts to date.

3) J.P. Morgan Chase, N.A. is not my lender. By Georgia law, if Chase Bank, N.A. purchased my loan, debtor (Edgina Smith) and the Department of Veteran's Affairs were supposed to be notified by both the previous lender and the current lender in writing within 15 days of the sell, which never occurred. Furthermore, J.P. Morgan Chase, N.A. noted on its foreclosure notification letter in writing that debtor owes Bank of America, N.A. a debt, and that Bank of America is in fact the debtor's lender, which is false. The debtor has no affiliation or contract with the Bank of America, N.A. nor is this bank noted on debtors current VA Home Loan. On the credit report provided by Clark & Washington dated on or around December 30, 2022, it indicates that debtor took out a loan with Chase Bank on May 28, 2004. This is erroneous and fraudulent information. The debtor applied and was approved for a home loan with Sun America d/b/a Sun Trust Bank on or around May 2004 through the Department of Veterans Affairs. It would be impossible to take out two home loans on the same day with two different banks. The original contract with Sun America d/b/a SunTrust is Enclosed for your review along with erroneous information on file with the Credit Reporting Agency. On December 16, 2022, J.P. Morgan Chase Bank, N.A. mailed a bank statement to debtor (Enclosed for review). The debtor has circled the escrow balance which indicates an overage of $44,574.54. By federal law, all overages should be returned to the debtor or the home owner within 20 days. It is the belief of the debtor that Chase Bank, N.A. has used the

debtors name for fraudulent purposes and is attempting to steal not only the home located at 3855 Yosemite Park Lane, Snellville, Ga. 3003, but keep monies in the amount of $44,574.54, as well as use trickery and deceptive business practices to steal money. Chase Bank, N.A. failed to pay homeowner's insurance to Nationwide, resulting in a lapse of coverage. Debtor requested an itemized accounting summary from Chase Bank, N.A. on or around January 2023, but has not received this information to date, which is a violation of the Fair Debt Collections Act.

4) Navient alleges that debtor owed monies for an educational loan. Debtor disputed the debt and requested proof of claim. The contract sent after 90 days does not show that debtor owes Navient a debt. See enclosed contract. Since that time, another lender has shown up on this alleged debt. According to federal law, this is illegal. The unknown current lender has never notified debtor and debtor has since been notified since March 19, 2023. According to federal law, this is called Reinsertion, The debtor disputes this debt and is requesting a contact, an itemized accounting summary and proof of claim.

5) On December 30, 2022, Clark & Washington provided debtor with a credit report. On the report, it indicates debtor opened an account 11/2006. The account number ends in 1000 and shows a balance of $0. This debtor is disputing any debts as it pertains to Santander Consumer USA. In the past, Santander Consumer USA settled for fraud and unfair business practices and debtor owes nothing to Santander Consumer USA. Any past due debts have been paid in full and Santander is attempting to use illegal business practices to reinsert their alleged debt. The debtor is objecting to the debt and has not been notified in writing of the alleged debt discussed on March 19, 2023 nor is this information noted on the credit report.

6) Finally, debtor was never notified or aware of an outstanding debt to an HOA. There was no HOA in the Wynterhaven Subdivision for years. If in fact the debtor owes a debt, she should be notified in writing by the HOA, which never happened. By law, the consumer should be notified of a debt by regular mail or certified mail. The debtor is not responsible for attorney fees, etc. Debtor is testifying under oath that she is unaware of who the HOA currently is, nor is she aware of the amount of the debt. Debtor is requesting proof of that a letter or certified letter was mailed to 3855 Yosemite Park Lane, Snellville, Ga. 30039 or that phone call attempts were made.

WHEREFORE, the Debtor (s) respectfully requests that the Court: (1) Sustain the Debtor(s) Objection to the Creditor's Proof of Claim; (2) Disallow the claim as a legally enforceable debt; and (3) Grant any such relief as the Court determines just and proper, including attorney's fees for brining this Objection and the overage of $44,547.

Dated: March 29, 2023,

Respectfully Submitted by:

/s/ *EDGINA T. HENDRIX-SMITH*
EDGINA T. HENDRIX-SMITH
3855 Yosemite Park Lane
Snellville, Georgia 30039
Ginahendrix@hotmail.com
(305) 904-7059

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March 2023, a true and correct copy of the foregoing was filed with the Bankruptcy Court and sent via Regular USPS to counsel of record who are identified on the Service List below.

J.P, Morgan Chase Bank, N.A.

Bank of America, N.A.
Santander Consumer, USA
Navient
Unable to notify HOA until provided with address and other information

*Prior History*

IN THE UNITED STATES DISTRICT COURT OF APPEALS ELEVENTH DISTRICT COURT

EDGINA T. HENDRIX SMITH,

DEBTOR

*A previous Case with the Same Judge*

VS.

JUDGE WENDY HAGENAU

J.P. MORGAN CHASE BANK                                          CASE NO.

22-60633-WHL

Defendant.

_____/

## NOTICE OF APPEAL

NOTICE IS GIVEN that Plaintiff, EDGINA T. HENDRIX SMITH, hereby appeals to the United States Court of Appeals Eleventh District Court of Appeals and states as follows:

Throughout this entire Bankruptcy process, my legal rights were violated by Judge Wendy Hagenau. Judge Hagenau allowed lawyers who I fired from my case to speak and refused to allow me to speak.

According to the Judge, the expectations prior to our last Zoom meeting were that I agreed to pay $850.00 and that I hire a new attorney. I informed the Judge that finding an Attorney that I trust could not be accomplished within 3 weeks and tin the meantime, I would represent myself.

Judge Wendy Hagenau noted she could not accept the $850.00 check and preferred a debit payment; however, after the hearing, the check was in fact cashed by the Navy Federal Credit Union and the monies were taken by the Court. The Court did not appear to be Honorable, so I called and demanded a refund. It took over or close to 60 days to receive monies back.

Additionally, I complied with the Judge's commands and paid the $850.00 and by law, I can in fact represent myself.

Furthermore, I submitted an Objection to Claim with supportive evidence. The Judge refused to listen or review over the documents. After she Dismissed my case, I respectfully requested all of the documents provided to her be mailed back to me in addition to the payment. I have yet to receive these documents.

This same Judge presided over my previous Bankruptcy case and noted that I failed to show up. I filed a complaint because I never received a Notification of a Hearing and requested proof that she notified me. This case was re-opened.

I am respectfully requesting the Court of Appeals under 28 U.S. Code 455 Disqualify this Judge from participating in any further proceedings due to clear bias and violating my Constitutional Rights by exhibiting bias behavior and attempting to cover-up evidence I provided that proves J.P. Morgan Chase Bank has indeed committed fraud in an effort to steal my home. I am also requesting that all evidence provided to the Judge be mailed back to me. I am requesting that this matter be re-opened and re-examined carefully.

Dated: June 20, 2023

Respectfully Submitted,
Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Ga. 30039
ginahendrix@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th Day of June 2023, a true and correct copy of the foregoing was filed with the Court using the e-filing system and USPS. A copy will also be mailed to counsel.

Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Ga. 30039
ginahendrix@hotmail.com
(305) 904-7059

From: Regina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Georgia 30039

**CERTIFIED MAIL**

7022 0410 0001 1278 9408

U.S. POSTAGE PAID
FCM LG ENV
SNELLVILLE, GA
30039
JUN 20, 23
AMOUNT
$9.24
R2305H128410-07

CLEARED SECURITY
JUN 27 2023
U.S. MARSHALS SERVICE
Atlanta, GA

To: U.S. Court of Appeals
56 Forsyth Street, NW
Atlanta, Georgia 30303
ATTN: Court of Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 28, 2023

---

Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, GA  30039

**This notice is to acknowledge receipt of your document(s) on** _____June 27, 2023_____.

**Your document(s) will be handled as described below:**

☐ This Court's records indicate that you have no open case pending in this Court. No action will be taken on your document(s).

☐ This Court is a federal court of limited jurisdiction. This Court has authority to act only on cases created under the statutes enacted by Congress. In general, only cases which have been first filed, and finally decided, in a United States District Court or Bankruptcy Court within this Circuit (Alabama, Florida, and Georgia), the United States Tax Court, and certain federal agencies may be appealed to this Court. This Court does not have authority to act in appeals from state and county courts. No action will be taken on your document(s).

☐ Your document(s) appear(s) to have been intended for a different court. No action will be taken on your document(s).

☐ You requested a specific form. The Court does not offer a form related to your request. No action will be taken on your document(s).

☐ Your request for an extension of time to file a notice of appeal will be submitted to the district court. No action will be taken in this Court on your document(s).

☐ Except as noted above, this Court does not act on requests for an extension of time submitted without an existing case or appeal. No action will be taken on your document(s).

☐ The Clerk's Office is unable to discern the purpose of your document(s) and/or your document(s) do(es) not appear to have been intended for this Court. Please provide clarification; otherwise, no action will be taken on your document(s).

☒ An appeal from a district court to a court of appeals may be taken only by filing a notice of appeal <u>with the district court</u> within the time allowed by FRAP 4. *See* FRAP 3. You mistakenly filed a notice of appeal with this Court. (Please note, that under 11th Cir. R. 22-1(a), this Court will construe a party's filing of an application for a certificate of appealability, or other document indicating an intent to appeal, as the filing of a notice of appeal.) Under FRAP 4(d), the notice of appeal will be sent to the district court.

☐ The Clerk's Office is unable to discern whether your document(s) may be or may serve as a notice of appeal. Out of an abundance of caution, your document(s) will be sent to the district court under FRAP 4(d) to be processed as the district court deems appropriate. No action will be taken in this Court on your document(s).

☐ An application for a writ of habeas corpus must be made to the appropriate district court. Under FRAP 22(a), the application will be transferred to the district court.

☐ The Clerk's Office is unable to provide you with legal advice. No action will be taken on your document(s).

☒ Other:

Your notice of appeal is being forwarded to the U.S. Bankruptcy Court (NGA-Atlanta) for filing in case no. 22-60633-wlh, In re: Edgina Tonette Smith.

Rev. 4/21   EKG