## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| POLYLOOM CORPORATION OF AMERICA d/b/a TC THIOLON USA, | § § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| CONSAN USA INC. and QINGDAO BELLINTURF INDUSTRIAL CO., LTD., | § § § § § | |
| Defendants. | | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Polyloom Corporation of America d/b/a TC Thiolon USA ("Plaintiff" or "Polyloom") brings this Complaint for patent infringement against Defendants Consan USA Inc. ("Consan") and Qingdao Bellinturf Industrial Co., Ltd. ("Bellinturf") (collectively, "Defendants") and alleges as follows:

## <u>NATURE OF ACTION</u>

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271 as a result of Defendants' acts of infringement of United States Patent Nos. 8,530,026 (the

"'026 Patent") and 9,469,921 (the "'921 Patent") (collectively, the "Asserted Patents").

## THE PARTIES

2.      Polyloom is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1131 Broadway St., Dayton, TN 37321 USA. Polyloom is the current exclusive licensee of the Asserted Patents and is entitled to enforce all rights arising therefrom, including the right to prevent infringement of the Asserted Patents.

3.      On information and belief, Consan is a corporation organized under the laws of the State of Georgia, with its principal place of business at 1800 Peachtree St. NW, Ste. 410, Atlanta, GA 30309. Consan may be served with process via its registered agent, Kang Yu, at 1800 Peachtree St. NW, Ste. 410, Atlanta, GA 30309. On information and belief, Consan USA Inc. is a wholly owned subsidiary of Bellinturf. On information and belief, Consan warehouses and/or manufactures artificial turf products and the fibers utilized therein in Calhoun, Georgia.

4.      On information and belief, Bellinturf is a Chinese company with a principal place of business at No.92 Hongfu Street, Fushan, Yantai, Shandong, China.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the patent laws of the United States, Title 35 of the United States Code.

6.      This Court has jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed acts of patent infringement and induced and contributed to acts of patent infringement by others in this District and in Georgia; (2) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District and in Georgia; and (3) Defendants have purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into court here. Therefore, Defendants have purposefully availed themselves to the benefits of the State of Georgia, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7.      Alternatively, and/or in addition, this Court has jurisdiction over Consan because Consan is a registered Georgia corporation, resides in the State of Georgia, and has a principal place of business located in the State of Georgia and within this District including at 1800 Peachtree St. NW, Ste. 410, Atlanta, GA

30309. Moreover, on information and belief, Consan operates a warehouse and/or manufacturing facility in Calhoun, GA.

8.     Alternatively, and/or in addition, this Court has jurisdiction over Bellinturf under Federal Rule of Civil Procedure 4(k)(2). This action arises from actions of Bellinturf directed toward the United States, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the United States. Therefore, Bellinturf has purposefully availed itself to the benefits of the United States, including this District, and the exercise of jurisdiction over Bellinturf would not offend traditional notions of fair play and substantial justice.

9.     Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have transacted business and committed acts of patent infringement in this District and because Consan resides in Georgia and has a regular and established place of business in this District including, but not limited to, at 1800 Peachtree St. NW, Ste. 410, Atlanta, GA 30309, and, on information and belief, in Calhoun, GA. In addition, venue is proper under § 1391(c)(3) because Bellinturf is not a resident of the United States.

## ASSERTED PATENTS

10.     The Asserted Patents describe and claim inventions relating to fibers having specified cross-sections and artificial turf systems incorporating those fibers.

11.     On September 10, 2013, the United States Patent and Trademark Office duly and legally issued the '026 Patent, entitled "Artificial Fiber for Use in an Artificial Grass Sports Field," to Ten Cate Thiolon B.V. as the assignee and naming Pieter Spaans, Paulus Ignatius Van Leur, Geurt Bastiaan Slootweg, and Frederik Jan Van der Gaag as the inventors. Polyloom is the current exclusive licensee of the '026 Patent and is entitled to enforce all rights and pursue any and all causes of action and remedies, whether legal or equitable, arising therefrom. A true and correct copy of the '026 Patent is attached to this Complaint as Exhibit A.

12.     Claim 1 of the '026 Patent recites:

An artificial grass sports field comprising a backing to which a plurality of artificial grass fibers are attached, positioned in a substantially upright orientation, said fibers comprising an elongated monofilament defining a longitudinal axis and including at least two fiber flange portions having a uniform thickness, wherein at least one of the fiber flange portions includes a stiffness-enhancing portion along at least a section of the longitudinal axis, where in comparison to an artificial grass fiber not having said stiffness-enhancing portion, the stiffness-enhancing portion increases the resistance of said artificial grass fiber to deformation from said substantially upright orientation in said artificial grass sports field, prior to being played upon by a player, to a substantially flat orientation in said artificial grass sports field, when a load is applied thereto by said player during sport use, the stiffness-enhancing portion extending at least partially in a transverse direction

relative to the longitudinal axis of a fiber and the at least two flange portions extending symmetrically from the fiber in a transverse direction relative to the longitudinal axis thereof.

13.    Figure 3 from the '026 Patent is shown below, and is one exemplary embodiment of claim 1 of the '026 Patent:



14.    On October 18, 2016, the United States Patent and Trademark Office duly and legally issued the '921 Patent, entitled "Artificial Grass Fibre and Artificial Lawn Comprising Such a Fibre," to Ten Cate Thiolon B.V. as the assignee and naming Marinus Hentrikus Olde Weghuis and Frederik Jan van der Gaag as the inventors. Polyloom is the current exclusive licensee of the '921 Patent and is entitled to enforce all rights and pursue any and all causes of action and remedies, whether legal or equitable, arising therefrom. A true and correct copy of the '921 Patent is attached to this Complaint as Exhibit B.

15.    Claim 1 of the '921 Patent recites:

A synthetic monofilament fibre for use in an artificial lawn, said synthetic fibre, in cross-section, having a width greater than a thickness

of the synthetic fibre and being provided with solid thickened parts at free ends of the cross-section, and a central part between the thickened parts comprising a curved section having a substantially uniform thickness, and wherein said thickened parts are round.

16.     Figure 1 from the '921 Patent is shown below, and is one exemplary embodiment of claim 1 of the '921 Patent:



## **BACKGROUND**

17.     Polyloom and its parent entity, TenCate Thiolon B.V. ("TenCate"), are leaders in the artificial turf market. Polyloom and TenCate "serve the entire value chain from start to finish. From R&D and manufacturing of yarns, backing and turf to installation, maintenance and recycling." https://tencategrass.com/about-us/value-chain/. Polyloom and TenCate invest heavily in research and development, constantly improving the playability, durability, and sustainability of artificial turf systems that they manufacture and sell.

18.     Polyloom and TenCate protect and maintain their research and development investments with a patent portfolio reflecting the efforts and

innovations of their teams. Polyloom enforces its patent rights when necessary to protect its investments and the efforts of its employees from unauthorized used.

19.     Polyloom and TenCate's patent portfolio includes the Asserted Patents, which describe and claim inventions relating to fibers having specified cross-sections and artificial turf systems incorporating those fibers. Polyloom practices each of the Asserted Patents, by manufacturing and selling various yarns and artificial turf systems.

20.     Polyloom offers many product lines for many different uses, including for residential use, pet use, golf, playgrounds, commercial use, fitness, rooftops, and sports fields. Each product line has its own characteristics, including weight, height, and blade shape.

21.     One example of the many turf systems that Polyloom offers is the Tacoma series turf system, which features Polyloom's "signature S blade," and is shown below:



https://syntheticgrasswarehouse.com/products/everlast-products/tacoma-series/.

## **GENERAL ALLEGATIONS**

22.     Defendants make, use, import, sell, or offer for sale artificial turf products. These products include, but are not limited to, the following "grass styles": Crown, Dream, Dual, Evolution, Memory, Splendid, Strength, and Wave. *See* Exhibit C[1], Exhibit D[2], Exhibit E[3].

23.     Below are some of the "yarn shapes" that Defendants offer.



Exhibit C.



Exhibit E.

---

[1] https://www.bellinturf.com/footballturf.html.
[2] https://www.bellinturf.com/commercial_turf.html.
[3] https://www.bellinturf.com/diyturf.html.



Exhibit F[4].



*Id.*

---

[4] http://www.consanyarns.com/qdqinghe12/products/21330626.html.



Exhibit G[5].



*Id.*

[5] http://www.consanyarns.com/qdqinghe12/products/21328192.html.

24.     Defendants are involved in several steps of the manufacturing process of artificial turf, including, sourcing of raw material, raw material mixing, extruding, twisting, packing, threading, tufting, coating, rolling, and packing. Exhibit H[6]. Defendants also provide a tutorial on the installation process of artificial turf. Exhibit I[7]; *see also* https://www.youtube.com/watch?v=eNpyMl03iNk.

25.     Defendants have had knowledge of each of the Asserted Patents and notice of their infringement thereof since at least the filing of this lawsuit.

## COUNT I
### (Infringement of the '026 Patent)

26.     Polyloom realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

27.     Defendants directly infringe, literally or under the doctrine of equivalents, one or more claims of the '026 Patent by, without authority, making, using, importing, selling, or offering to sell, artificial turf products and the fibers utilized therein including, but not limited to, Defendants' Dual, Evolution, Splendid, and Strength products, within the United States and in violation of 35 U.S.C. § 271, that incorporate each and every element of one or more of the claims of the '026

---

[6] https://www.bellinturf.com/production.html.
[7] https://www.bellinturf.com/installation_maintenance.html.

Patent and therefore are covered by the '026 Patent. Polyloom reserves the right to accuse additional infringing products as they are identified.

28.    By way of non-limiting example, the images below from Defendants' marketing materials and the cross-sectional photographs of Defendants' products illustrate that Defendants' products infringe at least claim 1 of the '026 Patent.

| '026 Patent | Exemplary Infringing Products |
|---|---|
| An artificial grass sports field comprising a backing to which a plurality of artificial grass fibers are attached, positioned in a substantially upright orientation, said fibers comprising an elongated monofilament defining a longitudinal axis and including at least two fiber flange portions having a uniform thickness, wherein at least one of the fiber flange portions includes a stiffness-enhancing portion along at least a section of the longitudinal axis, where in comparison to an artificial grass fiber not having said stiffness-enhancing portion, the stiffness-enhancing portion increases the resistance of said artificial grass fiber to deformation from said substantially upright orientation in said artificial grass sports field, prior to being played upon by a player, to a substantially flat orientation in said artificial grass sports field, when a load is applied thereto by said player during sport use, the stiffness-enhancing portion extending at least partially in a | <br>S Shape<br><br> |

| transverse direction relative to the longitudinal axis of a fiber and the at least two flange portions extending symmetrically from the fiber in a transverse direction relative to the longitudinal axis thereof. '026 Patent, cl. 1.  '026 Patent, Fig. 3. | |

29.   Defendants also indirectly infringe the '026 Patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '026 Patent, at least by the filing of this Complaint, and by failing to cease offering infringing artificial turf products and the fibers utilized therein, such as the Dual, Evolution, Splendid, and Strength products, Defendants have knowingly and intentionally induced, and continue to knowingly and intentionally induce, others in this District and throughout the United States to directly infringe one or more claims of the '026 Patent, such as claim 1. They do so, *inter alia*, by (1) providing instructions or information, for example in Exhibit I, to explain how to use the infringing artificial

turf products and the fibers utilized therein in an infringing manner; and (2) touting these infringing uses in advertisements, including but not limited to Exhibits C–G.

30.    Defendants also indirectly infringe the '026 Patent by contributing to the direct infringement of Defendants' customers under 35 U.S.C. § 271(c) by providing infringing artificial turf products, such as the Dual, Evolution, Splendid, and Strength products, which, as evidenced by Defendants' own marketing materials, are specially made for use in a manner infringing one or more claims of the '026 Patent, such as claim 1, and have no substantial non-infringing uses.

31.    Polyloom has been and continues to be injured by Defendants' infringement of the '026 Patent.

32.    Polyloom has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Polyloom is entitled to recover damages to compensate it for Defendants' infringing activities in the amount to be determined at trial, but in no event less than a reasonable royalty.

33.    Defendants' infringement is deliberate, willful, intentional, egregious, and with knowledge of the existence of the '026 Patent, at least by the filing of this Complaint, such that Polyloom is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

34.     Polyloom has been damaged by Defendants' infringement of the '026 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe.

## COUNT II
### (Infringement of the '921 Patent)

35.     Polyloom realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

36.     Defendants directly infringe, literally or under the doctrine of equivalents, one or more claims of the '921 Patent by, without authority, making, using, importing, selling, or offering to sell, artificial turf products and the fibers utilized therein including, but not limited to, Defendants' Crown, Dream, Dual, Evolution, Memory, and Strength products, within the United States and in violation of 35 U.S.C. § 271, that incorporate each and every element of one or more of the claims of the '921 Patent and therefore are covered by the '921 Patent. Polyloom reserves the right to accuse additional infringing products as they are identified.

37.     By way of non-limiting example, the below cross-sectional photographs of some of Defendants' products illustrate that Defendants' products infringe at least claim 1 of the '921 Patent.

| '921 Patent | Exemplary Infringing Products |
|---|---|
| A synthetic monofilament fibre for use in an artificial lawn, said synthetic fibre, in cross-section, having a width greater than a thickness of the synthetic fibre and being provided with solid thickened parts at free ends of the cross-section, and a central part between the thickened parts comprising a curved section having a substantially uniform thickness, and wherein said thickened parts are round.<br>'921 Patent, cl. 1.<br><br><br>'921 Patent, Fig. 1. | |

38. Defendants also indirectly infringe the '921 Patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '921 Patent, at least by the filing of this Complaint, and by failing to cease offering infringing artificial turf products and the fibers utilized therein, such as the Crown, Dream, Dual, Evolution, Memory, and Strength products, Defendants have knowingly and intentionally induced, and continue to knowingly and intentionally induce, others in

this District and throughout the United States to directly infringe one or more claims of the '921 Patent, such as claim 1. They do so, *inter alia*, by (1) providing instructions or information, for example in Exhibit I, to explain how to use the infringing artificial turf products and the fibers utilized therein in an infringing manner; and (2) touting these infringing uses in advertisements, including but not limited to Exhibits C–G.

39.     Defendants also indirectly infringe the '921 Patent by contributing to the direct infringement of Defendants' customers under 35 U.S.C. § 271(c) by providing infringing artificial turf products, such as the Crown, Dream, Dual, Evolution, Memory, and Strength products, which, as evidenced by Defendants' own marketing materials, are specially made for use in a manner infringing one or more claims of the '921 Patent, such as claim 1, and have no substantial non-infringing uses.

40.     Polyloom has been and continues to be injured by Defendants' infringement of the '921 Patent.

41.     Polyloom has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Polyloom is entitled to recover damages to compensate it for Defendants' infringing activities in the amount to be determined at trial, but in no event less than a reasonable royalty.

42.     Defendants' infringement is deliberate, willful, intentional, egregious, and with knowledge of the existence of the '921 Patent, at least by the filing of this Complaint, such that Polyloom is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

43.     Polyloom has been damaged by Defendants' infringement of the '921 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe.

## **PRAYER FOR RELIEF**

WHEREFORE, Polyloom respectfully requests that the Court:

a.     Enter a judgment that Defendants have infringed the Asserted Patents;

b.     Permanently enjoin Defendants and their officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing the Asserted Patents, pursuant to 35 U.S.C. § 283, or grant other equitable relief the Court determines is warranted;

c.     Award Polyloom damages in an amount sufficient to compensate Polyloom for Defendants' infringement of the Asserted Patents, but not less than a reasonable royalty, together with pre- and post-judgment interest and costs;

d.    Find that Defendants' infringement of the Asserted Patents has been willful and award enhanced damages, interest, and costs to Polyloom under 35 U.S.C. § 284;

e.    Enter a declaration that the case is exceptional and correspondingly award Polyloom attorney fees and costs under 35 U.S.C. § 285; and

f.    Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Polyloom requests a trial by jury on any issue in this action triable by right before a jury.

Date: July 3, 2023                    Respectfully submitted,

                                      _/s/ Steven D. Moore_____
                                      Steven D. Moore
                                      GA Bar No. 520745
                                      CA Bar No. 290875
                                      Two Embarcadero Center, Suite 1900
                                      San Francisco, CA 94111
                                      Tel: (415) 576-0200
                                      Fax: (415) 576-0300
                                      smoore@kilpatricktownsend.com

                                      Joshua H. Lee
                                      GA Bar No. 489842
                                      Christopher S. Leah
                                      GA Bar No. 396228
                                      1100 Peachtree Street, Suite 2800
                                      Atlanta, GA 30309
                                      Tel: (404) 815-6500
                                      Fax: (404) 815-6555
                                      jlee@kilpatricktownsend.com
                                      cleah@kilpatricktownsend.com

                                      *Attorneys for Plaintiff*
                                      *Polyloom Corporation of America*
                                      *d/b/a TC Thiolon USA*