IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYSHAWN HENDERSON, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| KINDERCARE EDUCATION LLC, F/K/A CRÈME DE LA CRÈME, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Keyshawn Henderson ("Plaintiff" or "Plaintiff"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant KinderCare Education LLC, f/k/a Crème de la Crème ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §2000e et. Seq. 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 7, 2022; the EEOC issued its Notice of Right to Sue on January 31, 2023.

5.

Plaintiff timely files this action pursuant to a tolling agreement extending the ninety (90) day period to file suit after receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## FACTUAL ALLEGATIONS

9.

3

Plaintiff began working for Defendant on or about February 11, 2022. His last position was STEM Teacher/Coordinator.

10.

After a brief departure, Plaintiff returned to this position in August 2022.

11.

Upon his return, Crème de la Crème subjected him to racial and gender discrimination through his white coworkers and supervisor, including directly discriminatory comments about his race and sexual orientation.

12.

Defendant's Executive Director, Jenny McGuire told him that she hired him because he was gay and black, and it would be good for the kids to be exposed to that.

13.

On another occasion, Shaunte, the lead infant teacher over group A, said that he was "flaunting his gayness around the classroom, that it was disgusting, and that it was too much".

14.

During the last full week of August 2022, Charlotte, a white woman who managed the kitchen, became angry with Plaintiff.

15.

During the last full week of August 2022, Charlotte, a white woman who managed the kitchen, became angry with Plaintiff, yelling at him that he was not supposed to ask her questions, that he was out of place, and that he shouldn't be asking her about supplies.

16.

During the last full week of August 2022, Charlotte, a white woman who managed the kitchen, became angry with Plaintiff, yelling at him that he was not supposed to ask her questions, that he was out of place, and that he shouldn't be asking her about supplies.

17.

During the last full week of August 2022, Charlotte, a white woman who managed the kitchen, became angry with Plaintiff, yelling at him that he was not supposed to ask her questions, that he was out of place, and that he shouldn't be asking her about supplies.

18.

Ms. McGuire saw the end of this interaction and told Plaintiff that he handled it well.

19.

However, when Plaintiff went to sit at the front desk, Charlotte leaned over the desk towards him aggressively.

20.

In his defense, he put his hands up and leaned away from her.

21.

Ms. McGuire later told Plaintiff that he was being aggressive because he made hand movements.

22.

Plaintiff responded that this seemed offensive and related to his race.

23.

In response to his complaint of discrimination, Ms. McGuire said that he was now being aggressive with her, that it was a rude thing to say, and that Plaintiff had hurt her feelings.

24.

During the last full week of August 2022, Charlotte, a white woman who managed the kitchen, became angry with Plaintiff, yelling at him that he was not supposed to ask her questions, that he was out of place, and that he shouldn't be asking her about supplies.

25.

After receiving permission to take time off to move from Angelica Russel, the finance manager, Plaintiff returned to work on September 1, 2022, and was told by Shaunte that he was fired and banned from the property.

26.

Soon after on that same day, Charlotte called the police on Plaintiff.

27.

Ms. McGuire later contacted Plaintiff and told him that he was not fired but was only on paid suspension for "safety reasons", that he has a "kind heart" and that she still wanted him to work there.

28.

However, a few weeks later, Betsy Green, the Regional Manager, called Plaintiff and said that they conducted an investigation and that he was fired.

29.

Plaintiff's employment was terminated on September 16, 2022, allegedly due to "instigating and engaging in verbal fighting in the presence of children, fellow Team Members, and parents."

30.

The termination memorandum sent to Plaintiff stated that the company was concerned that Plaintiff would escalate things to physical violence, despite him not

making any threats, not gesturing to them in any way, and keeping his distance from everyone, a clearly biased determination based solely on his race.

31.

Not only is the timing suspect, but the reasons for his termination shifted from being absent without permission to instigating a fight.

32.

At the time of Plaintiff's termination, he had no disciplinary record.

33.

Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

34.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African-American. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African-American and gay.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35.

Plaintiff incorporates by reference and realleges each of the above paragraphs as if fully restated.

36.

Plaintiff was discriminated against by being terminated within one week of his complaint of discrimination.

37.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

38.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

40.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

41.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.

Plaintiff incorporates by reference and realleges each of the above paragraphs as if fully restated.

43.

Plaintiff was discriminated against by being terminated within one week of his complaint of discrimination.

44.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his sexual orientation (gay) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

45.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his sexual orientation.

47.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

48.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

49.

Plaintiff incorporates by reference and realleges each of the above paragraphs as if fully restated.

50.

Plaintiff was discriminated retaliated against by being terminated within one week of his complaint of discrimination.

51.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African-American).

52.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

53.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

54.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

55.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

56.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

57.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

58.

Plaintiff incorporates by reference and realleges each of the above paragraphs as if fully restated.

59.

Plaintiff was discriminated retaliated against by being terminated within one week of his complaint of discrimination.

60.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African-American).

61.

Plaintiff reported discrimination on the basis of Race.

62.

After Plaintiff reported that he believed he was being treated differently because of his race, he was suspended and later terminated.

63.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

64.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

65.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

66.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

67.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

68.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT IV:  VIOLATION OF TITLE VII - RETALIATION

69.

Plaintiff incorporates by reference and realleges each of the above paragraphs as if fully restated.

70.

Plaintiff was discriminated retaliated against by being suspended and terminated within one week of his complaint of discrimination.

71.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African-American) and his sexual orientation.

72.

Plaintiff reported discrimination on the basis of Race and sexual orientation.

73.

After Plaintiff reported that he believed he was being treated differently because of his race, he was suspended and later terminated.

74.

15

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

75.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

76.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

77.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

78.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

79.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

18

_____
                                   Kira Fonteneau

OF COUNSEL:
Barrett & Farahany
2 North 20th St, Suite 900
Birmingham, AL 35203
(205) 564-9005