## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

In re KEYNIN REYES RAMIREZ SUBPOENA          Case No.

_____


### NON-PARTY KEYNIN REYES RAMIREZ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY AND FOR A PROTECTIVE ORDER MODIFYING DEPOSITION SUBPOENA

Pursuant to Federal Rules of Civil Procedure 45(d)(3)(A) and 26(c), non-party Keynin Reyes Ramirez ("Reyes Ramirez"), by and through her attorneys, submits this Memorandum of Law in Support of Her Motion to Stay and for a Protective Order Modifying Deposition Subpoena ("Motion to Stay and to Modify"). The non-party deposition subpoena was served on Reyes Ramirez ("Reyes Ramirez Subpoena") by Mahendra Amin in his defamation action titled *Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-00056-LGW-BWC (S.D. Ga.) ("*Amin v. NBCU*"). Date of service was Monday, June 19, 2023, and the subpoena is returnable July 17, 2023 in Atlanta, Georgia. *See* Ex. A (Copy of Reyes Ramirez Subpoena).

Amin alleges that employees of NBCUniversal Media, LLC ("NBCU") made defamatory statements ("Challenged Statements") about him in television broadcasts aired between September 15 and September 17, 2020. The Challenged

1

Statements concern allegations that Amin performed unwanted hysterectomies and other gynecological surgeries on women detained by U.S. Immigration Customs and Enforcement ("ICE") at the Irwin County Detention Center ("ICDC") in Ocilla, Georgia. *See* Ex. B (*Amin v. NBCU*, 1st Am. Compl., ECF No. 49). None of the Challenged Statements refer to Reyes Ramirez, who was sent to Amin for treatment while she was detained at ICDC, but did not undergo a hysterectomy or any other surgery. *See* Ex. C (Chart of Alleged Defamatory Statements, redacted to reflect only the challenged statements that survived NBCU's Motion for Judgment on the Pleadings).

Meanwhile, Reyes Ramirez and Amin are both parties in the related putative class action *Oldaker v. Giles*, Case No. 7:20-cv-00224-WLS-MSH (M.D. Ga.) ("*Oldaker*"). Reyes Ramirez is a named plaintiff in that case, while Amin is a defendant. The *Oldaker* Plaintiffs allege claims arising out of medical harms (including non-surgical harms) by Amin and the retaliation they suffered from ICE and ICDC when they tried to speak out about it. *See* Ex. D (*Oldaker*, 2d Am. Compl., ECF No. 210).[1]

---

[1] *See Medical Mistreatment of Women in ICE Detention: Hearing Before the Subcomm. on Homeland Sec. & Gov't Affs.*, 117th Cong. 1 (2022) (statement of Sen. Jon Ossoff, Chairman), https://www.hsgac.senate.gov/subcommittees/investigations/hearings/medical-mistreatment-of-women-in-ice-detention/.

Reyes Ramirez seeks guardrails for her non-party deposition by Amin in his defamation case in light of the fact that Reyes Ramirez and Amin are both parties in *Oldaker*, which involves overlapping subject matter pertaining to sensitive issues of gynecological medical treatment. Discovery in *Oldaker* is currently stayed, with no written discovery – not even initial disclosures – having yet occurred. This means that Reyes Ramirez will be deposed "blind" by her opponent Amin, but as a non-party in his separate case against NBCU. She will then almost certainly be subjected to a second deposition by Amin (and other *Oldaker* defendants) on the same subject matter once discovery in *Oldaker* proceeds. As previously recognized by this Court in *Amin v NBCUniveral*, No. 1:23-mi-00022-LMM-JSA (N.D. Ga.) (motion to stay and to quash/modify Amin's non-party subpoena to *Oldaker* plaintiff Mbeti Ndonga), this creates unfair prejudice:

> [T]o allow this deposition to go forward right now, given the stay of the *Oldaker* case, potentially subjects her to quite prejudicial circumstances where —and, you know, even if it weren't for her health concerns and the privacy of the subject matter, it would potentially expose her to multiple depositions over the same subject matter separated by, you know, many weeks or months, . . . it would allow Dr. Amin's counsel to have the benefit of following up months later and formulate questions and tread it—or ask—have months and months to figure out how to ask things a different way or follow-up or fix things in the earlier deposition.
> I mean, all the things that lawyers would love to be able to do, to depose their opponent and then study that transcript for months and months and then get another chance, I think that is unfair and prejudicial.

Exhibit E, March 31, 2023 Ndonga Hearing Transcript (Anand, J.) at 46:2–19.

To reduce the unfair prejudice created by this novel situation involving two depositions on the same subject matter by the same deposing party (Amin) – one taken before written discovery and one taken after – Reyes Ramirez seeks the following reasonable guardrails:

1. Amin and NBCU will each provide intended topic areas of questioning at least one week in advance of Ms. Reyes Ramirez's deposition. Reasonable follow-up on topics that arise during questioning is allowed.

2. Amin and NBCU will each provide exhibits expected to be used one week in advance. Documents needed for reasonable follow-up on topics that arise during questioning is allowed.

3. Amin may have up to 3 hours on the record to depose Ms. Reyes Ramirez. If Amin believes additional time is necessary to depose her after 3 hours on the record, Amin may petition the District Court for additional deposition time.

4. NBCU may have up to 1 hour and 40 minutes on the record to depose Ms. Reyes Ramirez. If NBCU believes additional time is necessary to depose Ms. Reyes Ramirez after 1 hour and 40 minutes on the record, NBCU may petition the District Court for additional deposition time.

5. The deposition of Ms. Reyes Ramirez will be marked confidential pursuant to the Protective Order. If any party in the *Amin v. NBCU* litigation seeks to file it in the litigation (e.g., as an exhibit during summary judgment briefing), it would have to be filed under seal.

6. If any party wishes to use the transcript of Ms. Reyes Ramirez's deposition outside of the *Amin v. NBCU* case, that party shall petition the relevant court for permission to do so.

7. Ms. Reyes Ramirz agrees that she will not argue that having her deposition taken in the *Amin v. NBCU* litigation is a basis for claiming that a deposition should not be had of her in the *Oldaker* litigation.

These guardrails are appropriate and imminently reasonable in the current circumstances. Indeed, Amin's counsel has already agreed to these guardrails for the deposition of another similarly situated non-party, Yanira Oldaker. *See* Ex. F (No. 3:23-MC-00251-MGL (D.S.C.), ECF 17 - Joint Status Report).[2] Moreover, Amin's counsel also agreed to substantially these same guardrails for Reyes Ramirez, but then withdrawing this agreement approximately one hour later, except as to Guardrail No. 1. *See* Ex. G (Counsel's June 2023 email thread re: Reyes Ramirez Subpoena). This sudden about-face was presumably in consideration of a June 28, 2023 ruling by the Middle District of North Carolina, which declined to impose guardrails for a third non-party *Oldaker* plaintiff, Luz Walker, who is not similarly situated to Reyes Ramirez or to Oldaker. Ex. H (1:23 MC9-UA-LPA (M.D. N.C.), ECF No. 20 - Memorandum Opinion and Order). The North Carolina court, which did not hold a hearing before issuing its decision, also underappreciated the unfair prejudice to Walker, putting too much stock in the premise that a second deposition may never occur given pending dispositive motions in *Oldaker*. Amin, meanwhile, certainly contemplates two depositions, as evidenced by the inclusion of Guardrail No. 7 with respect to Ms. Oldaker's non-party deposition (witness will not argue that

---

[2] The period of time for questioning of Reyes Ramirez by Amin and NBCU has been respectively expanded by one-third from the period of time agreed to for Ms. Oldaker to account for Reyes Ramirez's use of a translator.

having her deposition taken in the *Amin v. NBCU* litigation is a basis for claiming that a deposition should not be had of her in the *Oldaker* litigation). *See* Ex. F.

Reyes Ramirez therefore respectfully requests that, pursuant to Rules 45(d)(3)(A) and Rule 26(c), this Court so-order the foregoing guardrails for her deposition, to take place on a mutually agreeable date prior to the close of discovery in *Amin v. NBCU*, which is currently set for October 4, 2023. *See* Ex. I (ECF 80 - Second Amended Scheduling Order). While this motion is pending, Reyes Ramirez seeks a stay of the subpoena's July 17, 2023 return date to prevent the burden and harm that will result if Reyes Ramirez is required to appear for a deposition before the instant Motion has been fully briefed and resolved.

## RELEVANT FACTS & PROCEDURAL HISTORY

### I.      Stay of Discovery in *Oldaker*

Reyes Ramirez and other *Oldaker* Plaintiffs filed their Consolidated Amended Class Action Complaint in December 2020, which was most recently amended in December 2022. *Oldaker*, ECF Nos. 54 & 210. The *Oldaker* Plaintiffs' complaint alleges medical abuse by Defendant Amin, with the knowledge and participation of other Defendants, including ICE and ICDC. Pursuant to requests of the Federal Defendants in *Oldaker*, the Middle District of Georgia has repeatedly stayed discovery in the case because of ongoing criminal investigations by, without limitation, the U.S. Department of Justice. *Oldaker*, ECF Nos. 168, 178, 187 & 305.

The currently operative Stay Order states "that because the criminal investigations and internal investigations are still ongoing, the original basis for the discovery stay is still in effect. Therefore, discovery in this case remains STAYED until further order of this Court." Ex. J (*Oldaker*, ECF No. 305) at 2. Thus far, no discovery has taken place in *Oldaker*.

## II.        *Amin v. NBCU* Defamation Action

On September 9, 2021, Amin filed a defamation action against NBCU, which he amended in May 2022. *See* Ex. B. Amin alleges publication of false and defamatory statements about him in five MSNBC broadcasts between September 15, 2020 and September 17, 2020. *Id.* ¶¶ 2, 74–89. Many of the alleged defamatory statements concern reporting that Amin was performing hysterectomies and other surgeries on women detained at ICDC. *See* Ex. C. Amin's Amended Complaint does not reference any of the *Oldaker* Plaintiffs. *See generally* Ex. B.

On November 16, 2022, the Southern District of Georgia granted in part and denied in part NBCU's Motion for Judgment on the Pleadings concerning the five broadcasts at issue. This included dismissing Amin's defamation claims with respect to the only broadcast involving an *Oldaker* Plaintiff (Pauline Binam). *See Amin v. NBC*, 2022 WL 16964770, at *18.

### III.        Third-Party Deposition Subpoenas to Oldaker Plaintiffs

In March 2022, Amin's defamation counsel informed Plaintiffs' counsel in *Oldaker* that Amin intended to depose seven *Oldaker* Plaintiffs, one being Keynin Reyes Ramirez. *Oldaker* Plaintiffs' counsel expressed concern about the burden this would impose. Plaintiffs' counsel in *Oldaker* suggested depositions by a limited number of written questions pursuant to FRCP 31. Meanwhile, Amin's counsel suggested that the seven *Oldaker* Plaintiffs prepare declarations to answer questions, but reserved the right to request deposition testimony as follow up to the declarations. Counsel for the *Oldaker* Plaintiffs naturally did not agree to this proposal, as it essentially amounts to an augmented deposition procedure, but compromised by agreeing to provide one additional declaration in response to follow-up questions. This was not acceptable to Amin's Counsel, who indicated they would subpoena the *Oldaker* Plaintiffs. To date, Amin has served deposition subpoenas on five plaintiffs: Yanira Oldaker, Mbeti Ndonga, Luz Walker, Keynin Reyes Ramirez, and within the last week, Pauline Binam.

### IV.        Rulings in Related Motions

Plaintiffs Yanira Oldaker, Mbeti Ndonga, and Luz Walker have each moved to stay and to quash, or in the alternative to modify, Amin's non-party subpoenas.

Yanira Oldaker

There has been no court adjudication of Ms. Oldaker's motion. Counsel reached agreement on a set of guardrails for this deposition, which is scheduled to take place July 27, 2023 in South Carolina. *See* Ex. F.

Mbeti Ndonga

On March 31, 2023, Magistrate Judge Justin S. Anand in the Northern District of Georgia held a hearing on Ndonga's Motion. He denied the motion to quash, but granted a 60-day stay of the subpoena. Judge Anand held that there were relevancy grounds for allowing Ndonga's deposition to proceed in *Amin v. NBCU* but specifically noted the undue burden that would be placed on Ndonga by having to be deposed twice by Amin's attorneys:

> [T]o allow this deposition to go forward right now, given the stay of the *Oldaker* case, potentially subjects her to quite prejudicial circumstances where —and, you know, even if it weren't for her health concerns and the privacy of the subject matter, it would potentially expose her to multiple depositions over the same subject matter separated by, you know, many weeks or months, . . . it would allow Dr. Amin's counsel to have the benefit of following up months later and formulate questions and tread it—or ask—have months and months to figure out how to ask things a different way or follow-up or fix things in the earlier deposition.
> I mean, all the things that lawyers would love to be able to do, to depose their opponent and then study that transcript for months and months and then get another chance, I think that is unfair and prejudicial.

Ex. E, Tr., J. Anand at 46:2–19. This prejudice runs all the deeper given that attorney Scott Grubman is counsel of record for Amin in both *Oldaker* and *Amin v. NBCU*.

Now that the stay of the Ndonga subpoena has expired, the parties have discussed holding Ndonga's deposition in late July 2023, subject to the same or similar guardrails as have been agreed to for Yanira Oldaker's third-party deposition. This, however, has been complicated by the fact that Ms. Ndonga suffers from significant mental health difficulties and any communication with her in recent weeks has been exceedingly difficult.

Luz Walker

On June 28, 2023, the Middle District of North Carolina denied Walker's motion to quash without holding a hearing, finding relevancy grounds for her deposition to proceed. *See* Ex. H at 5-9. The court also denied her supplemental request for guardrails if the deposition proceeded, save for one, which is the requirement that Amin and NBCU disclose their intended examination topics at least one week in advance of the deposition. *See id*. at 16. The court ruled, *inter alia*, that Walker's testimony would involve "more than just her own experience" with Amin, given her previous declaration that she knew "at least ten women who underwent gynecological surgery or other procedures by Dr. Amin," and that she provided post-operative care to many women. *See id*. at 8-9. Whatever the merits of that holding, non-party Reyes Ramirez's situation is quite distinct. While Walker helped care for a number of Amin's patients, Reyes Ramirez was seen by Amin on only one

occasion and she has not proffered knowledge of any other women who underwent gynecological surgery or other procedures.

Moreover, the North Carolina court failed to acknowledge the prejudice to Walker (and other subpoenaed *Oldaker* plaintiffs) created by the likelihood of being deposed twice by Amin on the same traumatic, medical subject matter — once before written discovery of her claims against him, and then a second time after both a first bite at the apple in the defamation case and then written discovery in the *Oldaker* case. The North Carolina court instead dismissed the possibility of a second deposition as a "hypothetical risk," minimizing the concern about impeachment due to lack of prior written discovery as "premature."  Ex. H at 11, 14.

This Court, in contrast, correctly recognized the prejudice that arises from the prospect of two depositions in this unusual situation. *See* Ex. E, Tr., Judge Anand at 46:2–19. And far from being premature, Amin's counsel has made clear that they intend to try to impeach the *Oldaker* plaintiffs when they are deposed as non-parties in the defamation case. *See* Ex. K (Transcript from May 2, 2023 Hearing on *Oldaker* Plaintiffs' Motion for Order to Show Cause) at 40:4-17, *et seq*. (MS. EVANS: We [Amin's counsel] have to prove these things didn't happen, and so we have to be able to cross-examine the [*Oldaker*] plaintiffs. . . And if I have never deposed those clients, how will I rebut that? How will I probe and find out whether there are holes in those stories?" [Ms. Evans going on to describe how she believes she has located

a witness who can impeach the testimony of *Oldaker* plaintiff Navarro.])
Accordingly, the guardrails the parties have agreed to for Yanira Oldaker's non-
party deposition are also imminently appropriate for Reyes Ramirez.

## LEGAL STANDARD

Under Rule 45(d)(3)(A), a court must quash or modify a subpoena that
subjects a person to undue burden. *See Jordan v. Comm'r, Miss. Dep't Corr.*, 947
F.3d 1322, 1337 (11th Cir. 2020); *Precision Aviation Grp., Inc. v. Prime Indus., Inc.*,
No. 1:16-CV-3182-TCB, 2017 WL 2903361, at *2 (N.D. Ga. June 16, 2017).
Where private information such as medical treatment is at issue, "federal courts have
recognized that privacy interests and confidentiality concerns can factor into"
whether to grant relief from a subpoena under Rule 45. *Jordan*, 947 F.3d at 1336;
*see also Castleberry v. Camden Co.*, No. 2:16-cv-128, 2019 U.S. Dist. LEXIS
81528, at *8 (S.D. Ga. 2019) ("The burden on the non-party is particularly great
when the party issuing the subpoena seeks private information.") (quotations
omitted).

Additionally, Rule 26(c) provides that upon showing of "good cause" by the
movant:

> [A] court may issue an order to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden or expense,
> including one or more of the following: (A) forbidding the disclosure
> or discovery; (B) specifying terms ...; (C) prescribing a discovery
> method other than the one selected by the party seeking discovery; (D)

forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Fed. R. Civ. P. 26(c)(1). "Good cause . . . generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests of the parties. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Thus, Rule 26(c) gives the district court discretionary power to fashion a protective order. *Farnsworth v. Proctor & Gamble Co.*, 756 F.2d 1545, 1548 (11th Cir. 1985).

## ARGUMENT

### I.   The Subpoena Imposes Undue Burden on Reyes Ramirez Unless Modified to Include Guardrails

To determine whether a subpoena must be modified for undue burden, "the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Va. Dep't Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Moreover, where the subpoena is directed to a non-party, "courts must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Id.* (internal quotations omitted). Here, the speculated benefit of Reyes Ramirez's testimony in *Amin v. NBCU* is eclipsed by the unfair prejudice to her of both (1) being by Amin's counsel twice about sensitive and traumatic medical treatment, *see* Ex. E, Tr., J. Anand at 46:2–19, and (2) being subjected to a non-party deposition

regarding claims that she is currently litigating in her separate chase-in-chief, before she has had the opportunity for any written discovery in that case.

This unique form of prejudice was discussed with Judge W. Luis Sands, who presides over *Oldaker* in the Middle District of Georgia, during a May 2, 2023 hearing concerning Amin's issuing non-party subpoenas to the *Oldaker* Plaintiffs while discovery is stayed:

> MR. VOGEL [for *Oldaker* plaintiffs]: Well, you know, we would want some strong protections in place . . . But even before we get to that situation, there has been no written discovery in this case, Your Honor.
> THE COURT: Yeah. That's came to mind.
> MR VOGEL: And so it makes it very difficult to do –
> THE COURT: I realize that we're at the absolute beginning [of the *Oldaker* case], and that's not good.
> MR. VOGEL: Exactly, Your Honor. It makes it very difficult to conduct a deposition without any written discovery having been done at all.

Ex. K, Hearing Tr. at 14:2-11. While Judge Sands did not interpret his stay of discovery in *Oldaker* as absolutely precluding non-party depositions in *Amin v. NBCU*, he did recognize the bind in which this situation places the *Oldaker* Plaintiffs, like Reyes Ramirez. Moreover, Judge Sands specifically left it up to the courts with jurisdiction over the non-party subpoenas to resolve specific issues about those subpoenas as they arose. *See id.*, Tr., J. Sands at 51:3-12 ("Now, I think it's clear that the [*Oldaker*] plaintiffs have some concerns [about Amin's non-party deposition subpoenas] that have validity . . . I'm likewise satisfied that the courts in the northern district and southern district [of Georgia] likewise are capable of

resolving the actual issue between the parties with respect to discovery, and particularly depositions, in the cases that pend there."). In other words, Judge Sands determined that the appropriate contours of any non-party depositions must be determined on a case-by-case basis by the relevant courts having jurisdiction over the particular non-party subpoena.

The instant deposition raises the sort of "valid[]" concerns that Judge Sands contemplated would be best resolved by the presiding court. Reyes Ramirez's counsel has attempted to work productively with Amin's counsel to provide the deposition that they seek and *on terms Amin's counsel has already found acceptable* for another similarly situated *Oldaker* plaintiff who is being deposed. *See* Ex. G. These terms, which Amin found acceptable for Yanira Oldaker, would similarly prevent Reyes Ramirez from being unfairly disadvantaged in her case-in-chief by her non-party deposition in Amin's defamation case, simply because the defamation case happens to be moving more quickly than *Oldaker*. This is the kind of solution Judge Sands encouraged Amin and the *Oldaker* Plaintiffs to find when he said, "there's a way to get this resolved in a meaningful way *that gives some reasonable protection to the [Oldaker] plaintiffs in this case* while allowing the parties seeking discovery to receive that discovery that they should receive." Ex. K, Tr., J. Sands at 53:19-23. As Reyes Ramirez' good faith effort to work out a collaborative solution has been rejected by Amin, *see* Ex. G, she now seeks a protective order that includes

the following "reasonable protection" for Reyes Ramirez while allowing Amin and

NBCU to receive the requested discovery:

1. Amin and NBCU will each provide intended topic areas of questioning at least one week in advance of Ms. Reyes Ramirez's deposition. Reasonable follow-up on topics that arise during questioning is allowed.

2. Amin and NBCU will each provide exhibits expected to be used one week in advance. Documents needed for reasonable follow-up on topics that arise during questioning is allowed.

3. Amin may have up to 3 hours on the record to depose Ms. Reyes Ramirez. If Amin believes additional time is necessary to depose her after 3 hours on the record, Amin may petition the District Court for additional deposition time.

4. NBCU may have up to 1 hour and 40 minutes on the record to depose Ms. Reyes Ramirez. If NBCU believes additional time is necessary to depose Ms. Reyes Ramirez after 1 hour and 40 minutes on the record, NBCU may petition the District Court for additional deposition time.

5. The deposition of Ms. Reyes Ramirez will be marked confidential pursuant to the Protective Order. If any party in the *Amin v. NBCU* litigation seeks to file it in the litigation (i.e., as an exhibit during summary judgment briefing), it would have to be filed under seal.

6. If any party wishes to use the transcript of Ms. Reyes Ramirez's deposition outside of the *Amin v. NBCU* case, that party shall petition the relevant court for permission to do so.

7. Ms. Reyes Ramirz agrees that she will not argue that having her deposition taken in the *Amin v. NBCU* litigation is a basis for claiming that a deposition should not be had of her in the *Oldaker* litigation.

## II.    The Requested Guardrails are Imminently Reasonable

The guardrails that Reyes Ramirez proposes are entirely reasonable. The first

two guardrails call for disclosing examination topics ahead of time, which Amin has

already agreed to do, *see* Ex. G, and disclosing in advance the documents expected to be used during the oral examination. This second guardrail is particularly necessary for Reyes Ramirez's counsel to meaningfully prepare her for deposition given that Reyes Ramirez's has had no written discovery of her *Oldaker* claims against Amin arising out of his treatment of her, which is the exact subject matter about which Amin seeks to depose her.

The third and fourth guardrails—limiting the deposition to 3 hours on the record for Amin and 1 hour, 40 minutes for NBCU (total of 4 hours, 40 minutes)— is consistent with Reyes Ramirez's status as a non-party in the defamation lawsuit who is neither referenced in, nor was the source for, any of the NBCU statements that Amin alleges to be defamatory. In previous testimony, defamation counsel conceded that half a day is likely sufficient for their purposes:

- Ex. L (May 17, 2023 email): Amanda Levine, counsel for NBCU writes, "it's very possible NBCU will only take an hour for the depositions."

- Ex. K, Tr., Ms. Evans, counsel for Amin, speaking to Judge Sands, at 41:25– 44:1: "I will be as efficient as I know how to be. I've even said we'll schedule multiple [depositions] on one day . . . I'm very aware of my obligation as counsel to make it as little invasive as possible."

A reasonable time limit will facilitate efficiency and will help protect non-party Reyes Ramirez from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). *See also* Fed. R. Civ. P. 30(d)(3)(B) (authorizing court to limit length of deposition). *See, e.g., Raboczkay v. City of Taylor*, No. 19-

10255, 2020 WL 6317114, at *2 (E.D. Mich. Oct. 28, 2020) (limiting non-party deposition to four hours where non-party's role in the matter was limited largely to comments made to the press and discussions that he had with one of the parties); *Barnett v. Daley*, No. 92 C 1683, 1995 WL 59229, at *3 (N.D. Ill. Feb. 10, 1995) (finding where anecdotal evidence of discrimination sought from non-parties to establish Voting Rights Act claims, depositions limited to three hours unless good cause shown for longer). Moreover, the guardrail builds in the ability for Amin and NBCU to request more time from the court, if needed.

The fifth and sixth guardrails protect against the kind of gamesmanship that is fundamentally unfair to Reyes Ramirez and the other subpoenaed *Oldaker* Plaintiffs. Amin seeks to depose these non-party *Oldaker* plaintiffs in his defamation case regarding their claims against him in *Oldaker*—before they have had any written discovery in their case-in-chief. While Reyes Ramirez and the other plaintiffs will testify truthfully based on their present recollection and the information currently known to them, they should not be subject to impeachment in proceedings outside of the defamation case if their recollection is later refreshed or their knowledge informed by production of written discovery in *Oldaker* that did not occur before their non-party depositions in the defamation case.

The seventh guardrail is included for Amin's benefit to minimize Reyes Rodriguez' ability to object to his having a second opportunity to depose her in *Oldaker*.

In sum, Reyes Ramirez's status as a nonparty, the fact that she would be testifying about sensitive and privileged medical information and traumatic events, the fact that she will be testifying about claims she is currently litigating in *Oldaker* where no written discovery has yet occurred, and the fact that she will almost certainly be subjected to a second deposition by Amin on this same subject matter at a later time in *Oldaker* all weigh strongly in favor of providing protective guardrails for her non-party deposition in the defamation case, all of which Amin has already agreed to for another similarly-situated non-party *Oldaker* Plaintiff who he will be deposing. *See Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) ("[D]istrict courts have broad discretion in fashioning discovery rulings."); *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356 (noting that "[g]ood cause" for a Rule 26(c) protective order "generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests of the parties).

### III.    Request to Stay Deposition Date Pending Resolution of the Instant Motion

The Reyes Ramirez Subpoena is returnable July 17, 2023. A stay of this date is warranted during the pendency of the instant Motion to Stay and to Modify so that

Court may consider this request for a protective order before Reyes Ramirez is subjected to an unduly burdensome and prejudicial deposition. *See* Fed. R. Civ. P. 26(c)(1)(B) (allowing protective orders "specifying terms, including time and place" of discovery); *Crater v. Ga. Dep't of Transp.*, No. 1:17-CV-5142-WSD-JKL, 2018 WL 11446844, at *1 (N.D. Ga. Apr. 4, 2018) ("Federal courts have broad discretion to stay proceedings as part of their inherent authority to control their docket and ensure judicial economy."). Thus, in determining whether to stay discovery, courts "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 57 S.Ct. 163, 166 (1936).

Here, a stay of Reyes Ramirez's deposition date in light of her Motion to Stay and to Modify is warranted. The noticed date is less than three weeks away, which does not leave sufficient time for her Motion to be fully considered, particularly if Amin files an opposition. *See Degenhart v. Arthur State Bank*, No. CV411-041, 2011 WL 3651312, at *2 (S.D. Ga. Aug. 8, 2011) (staying deposition until briefing on motion for protective order was complete). Moreover, Amin's counsel has indicated willingness to find a mutually agreeable date. *See* Ex. G. And, even absent this Motion, July 17 would not be feasible because of Reyes Ramirez counsel's travel plans that were made prior to service of the subpoena.

Further, Reyes Ramirez would suffer injury if the deposition were to proceed before her Motion is decided, as it would subject her to the very burdens and

prejudices her Motion seeks to prevent. Meanwhile, Amin would suffer no harm from a delay of the deposition given his current October 4, 2023 discovery deadline. *See* Ex. I; *see also Elsherif v. Clinic*, No. 18-CV-2998-DWF-KMM, 2020 WL 1441959, at *1 (D. Minn. Mar. 24, 2020) (postponing depositions where there would be no "meaningful prejudice"). Moreover, a stay would serve the public interest by preserving Reyes Ramirez's rights under Rule 45 and Rule 26 to object and request modification of an unduly burdensome and prejudicial subpoena. *See, e.g., Green v. Cosby*, No. CV 14-30211-MGM, 2016 WL 64211, at *2 (D. Mass. Jan. 5, 2016) (staying deposition pending resolution of objections to magistrate's order where denial of stay would amount to a denial of right to review).

## CONCLUSION

Pursuant to FRCP 45(d)(3)(A) and FRCP 26(c), Reyes Ramirez respectfully requests that the subpoena requiring her non-party deposition in *Amin v. NBCU* be modified to require the guardrails agreed to in the case of similarly situated non-party Yanira Oldaker. Reyes Ramirez requests a stay of her deposition date pending resolution of this Motion.

Respectfully submitted this 3rd day of July 2023.

/s/ Sarah Sherman-Stokes
Sarah Sherman-Stokes*
Massachusetts Bar No. 682322
sstokes@bu.edu
Immigrants' Rights and Human
Trafficking Program
Boston University School of Law
765 Commonwealth Avenue
Boston, MA 02215
(617) 358-6272 (phone)

*Pro hac vice application forthcoming


/s/ Clare R. Norins
Clare R. Norins
Georgia Bar No. 575364
cnorins@uga.edu
FIRST AMENDMENT CLINIC
University of Georgia School of Law
Post Office Box 388
Athens, Georgia 30603
(706) 542-1419 (phone)

Counsel for Keynin Reyes Ramirez

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 3.01, the undersigned certifies that venue in this civil case is proper in the Atlanta Division of Georgia.

This 3rd day of July, 2023.

*/s/ Clare R. Norins*
Clare R. Norins
Georgia Bar No. 575364
cnorins@uga.edu
FIRST AMENDMENT CLINIC
University of Georgia School of Law
Post Office Box 388
Athens, Georgia 30603
(706) 542-1419 (phone)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2023, I served by email copies of the foregoing **NON-PARTY KEYNIN REYES RAMIREZ's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY AND FOR A PROTECTIVE ORDER MODIFYING DEPOSTION SUBPOENA** on the following counsel of record in *Amin v. NBCUniversal Media, LLC*, Case No. 5:21-CV-00056-LGW-BWC (S.D. Ga.):

Stacey Godfrey Evans
sevans@staceyevanslaw.com
Tiffany N. Watkins
twatkins@staceyevanslaw.com
John Amble Johnson
ajohnson@staceyevanslaw.com
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
Tel: (770) 779-9602

Scott R. Grubman
sgrubman@cglawfirm.com
CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
Tel: (404) 233-4171

*Counsel for Mahendra Amin*

Elizabeth A. McNamara
lizmcnamara@dwt.com
Amanda B. Levine
amandalevine@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
amandalevine@dwt.com

Cynthia L. Counts
cynthia.counts@fisherbroyles.com
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Tel: (404) 550-6233

Robert Bates Lovett
blovett@savannahga.gov
Fisher Broyles, LLP
2 East Bryan Street, Suite 436
Savannah, GA 31401
Tel: (912) 335-4467

*Counsel for NBCUniversal Media, LLC*

<u>/s/ Clare R. Norins</u>
Clare R. Norins
Georgia Bar No. 575364