IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYMURCUS ELKINS, | * | |
| | * | |
| Plaintiff, | * | Civil Action File No. |
| | * | |
| v. | * | JURY TRIAL DEMANDED |
| | * | |
| MOHAWK INDUSTRIES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| _____ | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Tymurcus Elkins ("Plaintiff" or "Elkins"), through undersigned counsel, and files this Complaint against Defendant Mohawk Industries, Inc. ("Defendant" or "Mohawk"), and shows the following:

**Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938,

amended, 29 U.S.C. § 201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4.

Because a substantial part of the acts and omissions that give rise to the Plaintiff's claims occurred in this district, venue is proper in the district pursuant to 28 U.S.C. § 1367 and 29 U.S.C. § 1391(b).

## Parties and Facts

5.

Defendant Mohawk is a domestic corporation organized under the laws of Georgia, does business within the district, and is subject to the jurisdiction of this court.

6.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. § 203(d).

7.

Plaintiff is a resident of the State of Georgia and subject to the jurisdiction of this Court.

8.

Plaintiff began employment as an independent contractor on or about August 20, 2017 and became a full-time Mohawk employee in early January, 2023.

9.

Plaintiff continued to work for Mohawk until on or about April 21, 2023, when he was terminated for pretextual reasons.

10.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 203(e).

11.

Plaintiff was denied overtime compensation due to Mohawk's policy and practice of refusing to pay for work hours over forty (40) and failing to accurately track and compensate him for work he performed beyond his scheduled shifts.

12.

Plaintiff was denied overtime compensation due to Mohawk's policy of requiring Plaintiff to only submit certain and incomplete hours of labor for payment.

13.

Plaintiff was compensated on an hourly, W-2 basis.

14.

Mohawk failed to pay Plaintiff any overtime compensation for hours worked over forty (40) in a workweek.

15.

No exemptions under the FLSA could arguably be applicable to Plaintiff.

16.

Plaintiff was within the meaning of the FLSA, non-exempt employees of Mohawk and therefore entitled to overtime compensation for all hours he worked over forty (40) in a workweek.

17.

As a result of Mohawk's aforesaid illegal actions, Plaintiff has suffered damages.

## Count I
## Violation of the Fair Labor Standards Act

18.

Paragraphs 1 through ** are hereby incorporated by reference as though the same were fully set forth at length.

19.

Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

20.

Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

21.

Mohawk failed to accurately track and compensate Plaintiff for work performed beyond his forty (40) hour workweek.

22.

Mohawk refused to pay Plaintiff for work performed beyond his forty (40) hour workweek.

23.

Mohawk actively refused to allow Plaintiff to report hours for work performed beyond his forty (40) hour workweek.

24.

As a result, Mohawk failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times his regular rate of pay.

25.

The forgoing actions of Mohawk and the policies and practices of Mohawk violate the FLSA.

26.

Mohawk's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

27.

Mohawk is liable to Plaintiff for actual damages, liquidated damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff a trial by jury as to all triable issues of facts;

B. Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. § 207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

C. Grant declaratory judgment declaring Plaintiff's rights have been violated pursuant to the FLSA, and that Defendant's violations of the FLSA were willful.

D. Permit Plaintiff to amend his Complaint to add state law claims if necessary; and

E. Award Plaintiff each further and additional relief as may be just and appropriate.

Respectfully submitted this 5th day of July, 2023.

/s/ John F. Meyers
John F. Meyers
Georgia Bar No. 503692

**Attorney for Tymurcus Elkins**

1755 The Exchange, SE
Suite 339
Atlanta, Georgia 30339
(404) 597-1275
john@jmeyersgroup.com