# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT CAPAZZI, individually, on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MERCEDES-BENZ USA, LLC<br><br>  Defendant. | Civil Action No. |

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453
### <u>(CLASS ACTION FAIRNESS ACT)</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(d), 1441, 1446 and 1453, defendant Mercedes-Benz USA, LLC ("MBUSA") by and through its counsel of record, hereby removes to this Court the state-court action described herein.

Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  MBUSA states the following grounds for removal:

## I. INTRODUCTION

1. On May 25, 2023, plaintiff Robert Capazzi filed a Class Action Complaint against MBUSA in the Superior Court of Fulton County, Georgia, styled *Robert Capazzi, individually, on behalf of all others similarly situated, v. Mercedes-Benz USA, LLC*, No. 2023-cv-380681 ("Class Action Complaint"). At the time of filing this Notice of Removal, the case was still pending in the Superior Court of Fulton County, Georgia. *See* 28 U.S.C. § 1441(a).

2. The Class Action Complaint was served on MBUSA on June 5, 2023.

3. True and correct copies of the Class Action Complaint, Summons and all other documents as served on MBUSA in this action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

4. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

5. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. section 1332 *et seq*. The action may be removed from the Superior Court of Fulton County, Georgia to this Court pursuant to 28 U.S.C. sections 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the

aggregate, there is CAFA diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $5 million exclusive of interest and costs.

## II. THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA REMOVAL

6. This case is a "class action" as defined in 28 U.S.C. section 1332(d)(1)(B) and is therefore removable under the provisions of CAFA. *See, e.g.*, Ex. A ¶¶ 37-41, 48, 62.

7. In his Class Action Complaint, plaintiff alleges he seeks certification of a class pursuant to O.C.G.A. § 9-11-23. That statute is similar to Federal Rule of Civil Procedure 23. *See, e.g.*, *Lee v. Criterion Ins. Co.*, 659 F. Supp. 813, 822 (S.D. Ga. 1987) ("'[W]e look to federal cases to aid us' in determining whether a class action may proceed (under statutory predecessor of O.C.G.A. § 9-11-23).") (citing *Sta-Power Indus. v. Avant*, 216 S.E.2d 897, 900-01 (Ga. App. 1975)). Further, the caption of plaintiff's Class Action Complaint denotes that it is a "Class Action." Ex. A at 1.

8. In the Class Action Complaint, plaintiff defines the putative class to include:

> All entities and individuals who owned or leased a Mercedes vehicle that (1) are, as of the date of the filing of this complaint, covered by the manufacturer's warranty; and (2) received at least one repair attempt from a Mercedes dealership on the navigation system on their vehicle.

2

*Id.* ¶ 37.

9. O.C.G.A. § 9-11-23 provides that "one or more members of a class may sue or be sued as representative parties on behalf of all" where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction under CAFA because they allow one or more representatives to bring a class action suit. *See* 28 U.S.C. § 1711(2).

10. Accordingly, the Class Action Complaint falls within the definition of a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

11. Some courts have remanded matters where plaintiff asserts class action claims under the Magnuson-Moss Warranty Act ("MMWA") because class action claims under that Act require 100 named plaintiffs. In *Cherry v. Dometic Corp.*, however, the Eleventh Circuit dealt with a putative class action involving 18 named plaintiffs. *See* 986 F.3d 1296, 1300 (11th Cir. 2021). Plaintiffs there—as here— asserted MMWA and other state-law claims. The Eleventh Circuit examined its subject matter jurisdiction and held that, because federal subject matter jurisdiction

3

under CAFA remained intact, "the parties may proceed in federal court." *Id.* at 1305; *see, e.g.*, *Sorrentino v. FCA US LLC*, 2019 WL 13225201 (S.D. Fla. July 26, 2019) (denying motion to remand, after explaining split in authority and deciding that class actions asserting MMWA claims are removable if CAFA requirements are met).

### A.  MBUSA and a Member of the Putative Class Are Citizens of Different States

12. Complete diversity of citizenship exists between a member of the proposed class and at least one defendant, as required by CAFA.  28 U.S.C. § 1332(d)(2).

13. At the time this action was filed and at the time of removal, MBUSA was, and still is, a Delaware limited liability company that maintained, and still maintains, its home office and principal place of business in Georgia. Plaintiff recognizes these facts. *See* Ex. A ¶ 12. MBUSA has only one member, Mercedes-Benz North America Corporation ("MBNAC"). MBNAC is a Delaware corporation with its principal place of business in Michigan.

14. MBUSA is informed and believes that the sole named plaintiff in this case, Robert Capazzi, is a citizen of the state of Florida. *See also, e.g.*, Ex. A ¶ 11. At the time this action was commenced and at the time of the filing of this Notice of Removal, neither MBUSA nor MBNAC were citizens of the state of Florida.

**B.     The Amount in Controversy Exceeds $5 Million**

15.    CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional review of the amount in controversy for claims asserted by individuals, in class actions, CAFA requires that claims of class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

16.    The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. *See Pretka v. Kolder City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014). If contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course

of the litigation." *Pretka*, 608 F.3d at 751 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

17. MBUSA denies all of plaintiff's allegations and specifically denies that plaintiff or any putative class members are entitled to any relief. Without prejudice to its defenses in this action, however, MBUSA avers that the amount in controversy exceeds the $5 million threshold for removal jurisdiction under CAFA, 28 U.S.C. section 1332(d)(2), based on the following:

    a. **Putative Class Vehicles.** Plaintiff seeks to represent all individuals and entities that, among other things, owned or leased a Mercedes-Benz vehicle that "are, as of the date of the filing of this complaint, covered by the manufacturer's warranty." Ex. A ¶ 37. Plaintiff alleges that MBUSA sells approximately 350,000 vehicles in the United States per year. *Id.* ¶ 40. The warranty at issue provides coverage for 48 months, or 50,000 miles. *Id.* ¶ 18. Separately, plaintiff also seeks injunctive relief that expands the class to all potential owners who seek at least one attempted repair for their "navigation systems" in the *future*. *Id*. ¶ 48. This means that by plaintiff's own allegations, there are 1.4 million vehicles potentially at issue.

    b. **Plaintiff's Damage Demands.** Plaintiff's claims are based on allegations that he and the class members are entitled to injunctive relief,

6

replacement of the entire "navigation system," recission and revocation of all class vehicle purchase/lease transactions, an award of all damages, including attorneys' fees and litigation expenses. *See, e.g.*, Ex. A ¶¶ 5, 48, 62, 72.

        c.    **Replacement Costs**. Though MBUSA does not know what plaintiff defines as the "navigation system" and denies plaintiff's allegations of "defects," the $5 million amount in controversy requirement is easily met, as a minimum replacement costs of $3.57 per vehicle would meet the requirement, if amount in controversy were split between the 1.4 million vehicles potentially at issue. In other words, whatever the "navigation system" includes, it would be significantly more than $3.57 per vehicle to replace.

        d.    **Recission and Revocation**. Plaintiff alleges that "Rescission and Revocation of Acceptance are equitable remedies available to Plaintiff and Class Members under Magnuson-Moss." Ex. A ¶ 62. Plaintiff's personal vehicle cost is "approximately $150,000." *Id.* ¶ 29. The $5 million amount in controversy is easily met based on rescission and revocation remedies as well, as only 34 similar vehicles would put more than $5 million at issue. MBUSA sold more than 34 such vehicles and, as discussed above, there are approximately 1.4 million vehicles potentially at issue that were purchased and/or leased at other various prices, making the aggregate amount in controversy significantly in excess of $5 million.

e.  **Other Amounts Sought in Plaintiff's Prayer for Relief.** Plaintiff also seeks attorneys' fees and litigation expenses. Ex. A at 18 (Prayer for Relief). Courts consider attorneys' fees and costs in establishing the amount in controversy for removal jurisdiction under the CAFA amendments. *See, e.g.*, *Bankhead v. Castle Parking Sol.*, 2017 WL 10562976, at *3 (N.D. Ga. Dec. 1, 2017) (including allegations of attorneys' fees in calculation of jurisdictional amount under CAFA). Given the size of this putative class action, plaintiff's counsel is likely to claim attorneys' fees and costs far in excess of the $5 million jurisdictional threshold if they were to prevail in this action.

f.  **The Cost of Injunctive and Other Equitable Relief.** In addition, plaintiff seeks injunctive relief. Ex. A ¶ 48. Courts have found that enforcing injunctive relief will cause the company to suffer a financial loss, and that such potential loss must be considered when determining the amount in controversy under a plaintiff's complaint. *See, e.g.*, *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("[F]or amount in controversy purposes . . . for purposes of CAFA, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if injunctive or declaratory relief were granted.") (citations omitted); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) ("The cost of prospective relief cannot be ignored in the calculation of an amount in

8

controversy."); 28 U.S.C. § 1332(d)(6). Plaintiff seeks injunctive relief and alleges that "Mercedes is obligated to replace the navigation units on all affected vehicles that are within the warranty period." Ex. A ¶¶ 5, 48. Since there are approximately 1.4 million "affected vehicles," it is clear that costs related to what plaintiff seeks will be significant, in addition to the other amounts in controversy specified above.

### III.   28 U.S.C. § 1466 REQUIREMENTS

18.   **Removal Is Timely.**  MBUSA was served on June 5, 2023, and timely filed this Notice of Removal, within 30 days of service of the Class Action Complaint. *See* 28 U.S.C. § 1446(b).

19.   **Removal to This Court Is Proper.**  The Class Action Complaint was filed in the Superior Court of Fulton County, Georgia. This Court is part of the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

20.   **Pleadings and Process.**  Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as Ex. A. MBUSA has not answered or otherwise filed a response to the Class Action Complaint. Other than the documents attached as Ex. A, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by defendant or, to its knowledge, are presently on file in the Superior Court of Fulton County, Georgia. If additional filings come to MBUSA's

attention, it will promptly provide this Court with true and correct copies of all such papers.

21.     **Notice to All Parties and the State Court.**  Concurrent with the filing of this Notice, MBUSA gave written notice of this Notice of Removal to plaintiff's counsel of record and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Fulton County, Georgia.  28 U.S.C. § 1446(a), (d).

WHEREFORE, notice is given that this action is removed from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia.

Dated:  July 5, 2023

By:  */s/ S. Wade Malone*
S. Wade Malone
Georgia Bar No. 468015
Shaniqua L. Singleton
Georgia Bar No. 819618
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th St. NW
Atlanta, Georgia 30363
Tel: 404-322-6000
Fax: 404-322-6050
wade.malone@nelsonmullins.com
shaniqua.singleton@nelsonmullins.com

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

## **LR 5.1(B) CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies, pursuant to Local Rules 5.1(B) and 7.1(D), that the foregoing has been prepared in size 14 Times New Roman font.

*/s/S. Wade Malone*
S. Wade Malone

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing has been filed on July 5, 2023, using the Court's CM/ECF system and has been served via U.S. Mail and electronic email to:

>Matthew R. Wilson
>Michael J. Boyle, Jr.
>MEYER WILSON CO., LPA
>305 W. Nationwide Blvd
>Columbus, OH 43215
>
>Brian Levin
>Kaki J. Johnson
>LEVIN LAW, P.A.
>2665 South Bayshore Dr, PH2B
>Miami, Florida 33133
>
>Thomas Scolaro
>LEESFIELD SCOLARO, P.A.
>2350 S Dixie Hwy
>Miami, FL 33133

*/s/ S. Wade Malone*
S. Wade Malone