## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ANITA CHESTER**,                                 *

                                  *

    Plaintiff,                                 *

                                  *

v.                                                 *       Case No.

                                  *

**DOLLAR TREE STORES, INC.;**                      *
**FAMILY DOLLAR STORES OF**                        *
**GEORGIA, LLC; and RICHARD**                      *
**MATHEW TERZIAN LIVING TRUST**                    *
**FRANCINE MARIE TERZIAN LIVING**                  *
**TRUST and RICHARD M. TERZIAN**                   *
**as an Individual; and FRANCINE M.**              *
**TERZIAN, as an Individual,**                     *

                                  *

    Defendants.                                *

## NOTICE OF REMOVAL

Without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Family Dollar Stores of Georgia, LLC ("Family Dollar"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1.      The Plaintiff, Anita Chester ("Chester"), commenced this action in the State Court of Gwinnett County, Georgia on June 1, 2023 and process was served on Family Dollar on June 5, 2023. A copy of Chester's Complaint setting forth the claim for relief upon which the action is based was first received by Family Dollar on June 5, 2023.  Thus, removal is timely.

2.      This is a civil action for damages arising out of alleged injuries sustained in a slip-and-fall incident on July 1, 2022 at the Family Dollar store located at 319 N. Stone Mountain Lithonia Road, Stone Mountain, Georgia 30088.

3.      The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4.      This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Chester was and continues to be a citizen and resident of the State of Georgia.

5.      Family Dollar is a Virginia limited liability company with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320. Family Dollar's sole member is Family Dollar Stores, Inc., a Delaware corporation. A limited liability company's citizenship is solely determined by the citizenship of its members. *See*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Thus, Family Dollar is not a citizen of Georgia.

6.      Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business in Virginia. Therefore, Dollar Tree Stores, Inc. is a citizen of Virginia and not a citizen of Georgia.

7.      Upon information and belief, Richard Mathew Terzian Living Trust Francine Marie Terzian Living Trust is a trust organized under the laws of the State of Colorado. Richard M. Terzian and Francine M. Terzian are the sole trustees and both are citizens of the state of Colorado. A trust's citizenship is determined by the citizenship of its trustees, not its beneficiaries. *See*, *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). Thus, Richard Mathew Terzian Living Trust Francine Marie Terzian Living Trust is a citizen of Colorado and not a citizen of Georgia.

8.      Upon information and belief, Richard M. Terzian is a citizen and resident of the State of Colorado.

9.      Upon information and belief, Francine M. Terzian is a citizen and resident of the State of Colorado.

10.     At the time of filing this Notice of Removal, no defendants other than Family Dollar Stores of Georgia, LLC and Dollar Tree Stores, Inc. have been properly joined and served pursuant to 28 U.S.C. § 1446(b)(2)(A). As a result, the consent to removal of Richard Mathew Terzian Living Trust Francine Marie Terzian Living Trust, Richard M. Terzian, and Francine M. Terzian is not required. *Id.*

11.     Family Dollar Stores of Georgia, LLC and Dollar Tree Stores, Inc. have been properly joined and served, and both Family Dollar Stores of Georgia, LLC and Dollar Tree Stores, Inc. consent to removal of the action pursuant to 28 U.S.C. § 1446(b)(2)(A).

12.     This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *2-3 (N.D. Ga. Mar. 8, 2007).

13.     Where the "[p]laintiff[']s complaint seeks a variety of damages for a plethora of injuries that, if recovered, will more likely than not exceed the jurisdictional minimum," the amount in controversy requirement is met. *Id.* at * 3.

14.     In this action, Chester does not claim a specific amount of damages to be recovered. (*See generally*, Compl.).

15.     Instead, Chester seeks to recover "the full value of past and future medical expenses and past and future lost wages," as well as "mental and physical pain and suffering and emotional distress." (Compl.).

16.     As a result of the fall at Family Dollar, Chester claims she "suffered back pain, neck pain, left shoulder pain, and a fractured fibula." (Compl. ¶ 12). Further, a "[k]nee replacement has been recommended." *Id.*

17.     On November 17, 2022, Chester served a pre-suit settlement demand

to in the amount of $150,000.00. In the demand, Chester itemized $10,958.80 in

special damages to date that comprised treatment for back pain, neck pain, left

shoulder pain, and a fractured fibula. Chester resulting injuries precluded her ability

"to walk, sit and stand for prolonged periods of time, participate in family functions,

driving long distances, and perform simple household duties." She further "endured

weeks of pain and discomfort to her right knee, left shoulder, neck and back" and

had "to wear a knee brace for months." Chester further "report[ed] aggravated pain

to her back and left shoulder when lifting objects and moving." Chester's treating

physicians will "testify that she experienced substantial discomfort for several

months [and] that [s]he will experience some difficulties on periodic basis, into the

future." (Chester's $150,000.00 Settlement Demand, attached hereto as **Exhibit A**).

18.     This Honorable Court has previously held that pre-suit "settlement

offers, though not determinative, may be considered in determining the amount in

controversy if the demand was an honest assessment of damages as opposed to mere

posturing." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at

*7 (N.D. Ga. Mar. 8, 2007).

19.     A settlement demand "tallying [] costs" of categories of damages

suggests that the plaintiff is "offering a reasonable assessment of the value of [her]

claim." *Bryant v. Publix Super Mkts.*, 2021 U.S. Dist. LEXIS 114434, at *17, *19

(N.D. Ga. Mar. 25, 2021).

20.     Chester's pre-suit settlement demand does not constitute posturing, but instead was meticulously generated using prevailing Georgia caselaw and established standards of damages calculations.

21.     Chester's pre-suit settlement demand alleged $10,958.80 in special damages, however this did not account for the pending knee replacement surgery that has yet to be completed. Thus, her $150,000.00 settlement demand was an accurate assessment of damages continuing to rise based on her ongoing and future medical treatment.

22.     Finally, Chester has not expressly ruled out the possibility of her damages exceeding $75,000.00. *See*, *e.g.*, *Fields v. Chipotle Mexican Grill of Colo.*, No. 1:21- cv-00902-AT, 2021 U.S. Dist. LEXIS 114422, at *3 (N.D. Ga. May 11, 2021) (motion to remand granted where Plaintiff's Complaint specifically requested damages not exceeding $74,999.00).

23.     Taken together, it is more likely than not that if Chester recovers for the injuries and damages she seeks, including, but not limited to, past and future medical expenses, past and future lost wages, mental and physical pain and suffering and emotional distress, and the $150,000.00 pre-suit settlement demand, the amount in controversy of Chester's claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

24.    A copy of all pleadings and Orders served upon Family Dollar is filed

with this Notice and attached hereto as **Exhibit B**.

25.    Family Dollar will give written notice of the filing of this Notice as

required by 28 U.S.C. § 1446(d).

26.    A copy of this Notice will be filed with the Clerk of the State Court of

Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Family Dollar requests that this action proceed in this Court

as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 5th day of July, 2023.

Respectfully submitted,

**CARR ALLISON**

By:    /s/ Sean W. Martin
       **SEAN W. MARTIN, GA BAR #474125**
       **STEPHEN A. SWANSON, GA BAR #759751**
       *Attorneys for Defendant Family Dollar*
       *Stores of Georgia, LLC*
       736 Market St., Suite 1320
       Chattanooga, TN 37402
       (423) 648-9832 / (423) 648-9869 FAX
       swmartin@carrallison.com
       sswanson@carrallison.com

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 5th day of July, 2023.

By:   /s/ Sean W. Martin
       **SEAN W. MARTIN, GA BAR #474125**
       **STEPHEN A. SWANSON, GA BAR #759751**

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Careton R. Matthews
Jessica Angelique Austin
4820 Redan Rd., Suite B
Stone Mountain, GA 30088

By:   /s/ Sean W. Martin
       **SEAN W. MARTIN, GA BAR #474125**
       **STEPHEN A. SWANSON, GA BAR #759751**