⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV381264**

JUN 06, 2023 10:56 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Holcomb, Heath _____ ) Case
_____ ) No.: 2023CV381264 _____
_____ )
_____ )
_____ )
_____**Plaintiff,**_____ )
_____**vs.**_____ )
_____ )
City of Alpharetta _____ )
_____ )
_____ )
Robison, John _____ )
_____**Defendant**_____ )
_____ )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jordan Johnson**
> **Bernard & Johnson, LLC**
> **5 Dunwoody Park, Ste 100**
> **Atlanta, Georgia 30338**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____**6th** day of_____**June**, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV381264**

JUN 06, 2023 10:56 PM

*Cathelene Robison*
Cathelene Robison, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **HEATH HOLCOMB** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. _____** |
| | ) | |
| **CITY OF ALPHARETTA, and** | ) | |
| **JOHN ROBISON** | ) | |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT

NOW COMES Plaintiff and files his Complaint against Defendants and, in support thereof, shows:

1.

Defendant **CITY OF ALPHARETTA** ("Defendant Alpharetta") is a governmental subdivision in Georgia and is subject to the jurisdiction of this Court. It may be served through its Mayor, Jim Gilvin, located at 2 Park Plaza, Alpharetta Georgia 30009. At all times relevant herein, Plaintiff was working for this Defendant, through the City of Alpharetta Police Department.

2.

Defendant police chief **JOHN ROBISON** (hereinafter "Robison") is subject to the jurisdiction of this Court. He may be served at his work address at 2565 Old

Milton Parkway, Alpharetta Georgia 30009. At all times relevant herein, Defendant **ROBISON** was employed by Defendant City of Alpharetta and had ultimate supervisory and termination authority over Plaintiff.

3.

Plaintiff was an employee of the City of Alpharetta, as a police officer, at all relevant times herein until his termination in October of 2021. He timely filed an EEOC Charge, and received a Right to Sue Letter on or after March 9, 2023 and is filing this Complaint within 90 days of receipt of such letter.

### FACTUAL BACKGROUND

4.

Plaintiff was terminated by the Alpharetta Police Department on October 8, 2021, as an act of retaliation for his opposition to the disparate treatment of employees based on race, gender, and age within the department.

5.

Plaintiff actively spoke out against the discriminatory practices in the department, including the unfair promotion process, disciplinary actions, and selection for specialized positions.

6.

In response, Chief Robison initiated a complaint against Plaintiff, aiming to

- 2 -

silence a whistleblower and prevent them from speaking out against the department's unlawful actions.

7,

Plaintiff was specifically targeted for his opposition to the discrimination within the Alpharetta Police Department. The disciplinary action taken against Plaintiff was unfair and disproportionate to the alleged infraction that led to his termination.

8.

Chief Robison failed to adhere to the City of Alpharetta Human Resources policy. In violation of Rule 04-03, XI B, which requires an administrative hearing or interview, Plaintiff was denied written notice of the hearing by notification of dismissal and was only presented with the dismissal letter during a meeting with Chief Robison.

9.

Plaintiff was not afforded the opportunity to be heard or evaluate the charges in order to prepare a defense against the basis for his dismissal.

10.

Plaintiff supported several colleagues within the Alpharetta Police Department who faced mistreatment or discrimination:

a. Sgt. Bradford, an African American, was unfairly demoted and replaced by a less qualified white male candidate who did not meet the required eligibility criteria unless Sgt. Bradford vacated the position.

b. Officer Jason Anderson, an African American, faced unfair treatment and more severe punishment compared to similarly situated white officers in relation to a minor accident.

c. Officer Swerdlove, an officer of advanced age, experienced unfair treatment in promotions.

d. Officer Castro, an African American female officer, was unfairly terminated for a verbal domestic incident while a similarly situated white officer faced no punishment for a more serious domestic incident.

e. Lt. Robert Heath, an officer of advanced age, faced mistreatment based on his age in relation to certain assignments, ultimately being forced into retirement due to these assignments.

f. Officer Howard Miller, an older officer, also faced discrimination and utilized Plaintiff's peer-to-peer counseling services. The department discriminated against Officer Miller, eventually leading to his resignation due to lack of accommodation and ongoing discrimination.

11.

- 4 -

Plaintiff opposed the subjective and discriminatory promotion and discipline processes within the department, noting the favoritism shown towards certain individuals:

a. Det. Maciel, a white male, took evidence in violation of law and policy but faced no discipline.

b. Sgt. Carter, a white male, was involved in the incident with Det. Maciel, failed to supervise adequately, and endangered officers during operations but faced no consequences.

c. Improper investigations were conducted regarding Officer Esposito, a white male, who used unjustified force against an African American suspect, resulting in the suspect being bitten by a K9 unit.

d. Similarly, Officer Lawrence, a white female, used unjustified force and jumped the chain of command to make false allegations against Plaintiff. The incident involving the unjustified use of deadly force was covered up by Chief Robison.

e. Plaintiff believes that individuals seeking counseling through the Peer-to-Peer program were discriminated against by Chief Robison and subjected to unfair treatment.

12.

- 5 -

Upon information and/or belief, Plaintiff's termination occurred as retaliation for his opposition to discriminatory practices within the City of Alpharetta Police Department.

## RETALIATION AND AGE DISCRIMINATION

13.

Plaintiff incorporates all previous paragraphs.

14.

Defendants subjected Plaintiff to retaliation in violation of Title VII of the Civil Rights Act of 1964, as a result of Plaintiff's lawful and open opposition to discrimination based on race, gender, and age.

15.

On October 8, 2021, Plaintiff was terminated by the Alpharetta Police Department as an act of retaliation for opposing the department's discriminatory treatment of employees based on race, gender, and age.

16.

Plaintiff supported Sgt. Bradford, Officer Jason Anderson, Officer Swerdlove, Officer Castro, Lt. Robert Heath, Officer Howard Miller, and possibly others who faced mistreatment or discrimination within the department.

17.

Plaintiff opposed the discriminatory promotion and discipline processes within the department and criticized the disparate treatment given to individuals such as Det. Maciel and Sgt. Carter, who committed serious violations but faced no or minimal consequences.

18.

Plaintiff fully complied with the policies of Defendant regarding complaints of discrimination and harassment.

19.

Plaintiff has filed this case within 90 days after receiving a Right to Sue letter from the EEOC.

20.

Defendants' adverse employment actions of terminating Plaintiff and were in retaliation for opposing the unlawful discrimination that was occurring, as well as due to Plaintiff's advanced age, which was over 40.

21.

Defendants' actions caused Plaintiff general and special damages, including but not limited to his lost job, lost pay and benefits, and emotional and mental distress, plus the expenses of litigation and attorney's fees pursuant to federal and state law.

22.

Plaintiff seeks punitive damages against Defendants to prevent and deter future discriminatory conduct.

23.

All reasoning given by Defendants for termination of Plaintiff were pretextual, as shown by the immediate termination without process when compared with more serious issues with other similarly situated individuals.

## FIRST AMENDMENT AND DUE PROCESS CLAIM

24.

Plaintiff incorporates all previous paragraphs.

25.

Defendants' actions deprived Plaintiff of his rights and privileges secured by state law and the Constitution and laws of the United States, violating 42 U.S.C. § 1983. This specifically includes, but is not limited to, Defendants failed to follow their own notice and hearing procedures, did not give him a termination hearing, failed to give Plaintiff the opportunity to confront any witnesses against him at any termination hearing, and targeted him in retaliation for his protected speech.

26.

Defendants are liable for violating Plaintiff's constitutional and statutory rights

pursuant to state law, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Fourth Amendment, and the First Amendment to the United States Constitution.

## Procedural Due Process – Notice and Hearing

27.

Defendants were, at all times relevant herein, acting under color of law.

28.

Defendant City of Alpharetta's policies and procedures were a driving and direct force behind Defendants' actions that violated Plaintiff's rights.

29.

Defendant Robison decided to terminate Plaintiff, without any regard for policies, laws, procedures, or due process.

30.

Plaintiff had a property interest in his continued employment and benefits as a police officer in City of Alpharetta, as Plaintiff had been employed there for years and custom and practice dictated that he could only be terminated for cause after appropriate notice and hearing.

31.

As part of his employment with Defendants, Plaintiff had a right to due

- 9 -

process in receiving notice of the charges against him, being presumed innocent, having a hearing in front of a neutral arbiter, and a meaningful opportunity to call witnesses, present evidence, and contest the charges against him before being deprived of his property interest in his employment.

32.

Plaintiff was denied process, due to the fact he was presumed guilty, targeted for termination without having violated any procedures, was not given a meaningful hearing in front of a neutral arbiter, and not given any meaningful opportunity to actually contest charges against him before being stripped of his employment.

33.

Defendants violated Plaintiff's rights by terminating his employment without cause, appropriate notice, or appropriate hearing procedures prior to termination. Plaintiff would have only normally been terminated from his employment for cause, and knows of no one similarly employed who has ever been arbitrarily terminated or terminated without cause.

## FIRST AND FOURTH AMENDMENT RETALIATION

34.

Plaintiff engaged in speech protected by the First Amendment using a cellular communication device or devices which commented on his employment and

- 10 -

coworkers.

35.

Plaintiff also engaged in speech protected by the First Amendment in communicating opposition to discrimination against fellow officers.

36.

Defendant Robison, upon learning about said protected speech after unlawfully searching Plaintiff's personal items/files (without a warrant in violation of the Fourth Amendment), used his position under the color of law to terminate Plaintiff's employment.

37.

Plaintiff's termination, assuming *arguendo* it was not solely for retaliation for opposing unlawful discrimination, was in order to retaliate against Plaintiff for protected speech and to chill speech from others. It was also pursuant to an unlawful governmental search.

## DUE PROCESS – VAGUENESS

38.

Citizens, including Plaintiff, have a right to be on notice of what actions or inaction will lead to a loss of their property interests by governmental entities.

39.

Defendants violated Plaintiff's rights by not putting Plaintiff on notice of the policy that led or would have led to the loss of his employment.

40.

Defendants' policies were not clear enough to place Plaintiff on notice of whatever actions allegedly led to Plaintiff's loss of governmental employment.

41.

Defendants' vague and ambiguous policies, including but not limited to one of the policies Plaintiff was allegedly terminated for is unconstitutionally vague and provides Plaintiff, or any similarly situated person, no guidance as to what could or could not lead to his termination.

42.

Due to the vagueness of Defendants' policies, it violates the due process rights of Plaintiff.

43.

The vagueness of Defendants' policies caused the termination of Plaintiff and deprived him of his employment. The Defendants created and enforced these policies, leading to monetary harm to Plaintiff.

44.

The actions of Defendants, as set forth above, show intentional willful

misconduct, wantonness and that entire want of care which raises the presumption of

a conscious indifference to the consequences of their actions.    Accordingly, Plaintiff

seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1 and Federal law.

 

        **WHEREFORE** Plaintiff prays and demands that this Court

        1)    Allow Plaintiff a trial by jury;

        2)    Grant judgment to Plaintiff against Defendants for damages, plus

appropriate legal interest thereon;

        3)    Grant judgment to Plaintiff against Defendants for punitive damages and

the expenses of litigation, including reasonable attorney's fees including but not

limited to under 42 U.S.C. § 1988; *and*,

        4)    That Plaintiff's termination be rescinded, back pay and benefits

reinstated,

        5)    Award Plaintiff any other appropriate and necessary relief under the facts

and circumstances of this case as the Court may consider equitable and/or

appropriate.

        Respectfully Submitted, this 6th day of June 2023.

                          /s/ Jordan Johnson
                          Jordan Johnson
                          Georgia State Bar No. 673643

Attorney for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law