# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **OLUWAKEMI V. BAKARE HAMPTON, DANIEL IYA, & ORTAVIUS O. HAMPTON** ) ) ) | |
| ) | Civil Action |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | CASE NO.:_____ |
| ) | |
| **ALEJANDRO MAYORKAS,** Acting ) Secretary of U.S. Department of Homeland ) Security, **UR MENDOZA JADDOU,** ) Director of U.S. Citizenship ) and Immigration Services, ) **JERRY L. ADDISON,** ) Acting Director of Atlanta Field Office ) of U.S. Citizenship and Immigration ) Services; in their official capacity, ) ) | |
| **Defendants.** ) | |
| _____) | |

## ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

COME NOW, Mrs. Oluwakemi V. Bakare Hampton, Daniel I. Hampton and

Mr. Ortavius O. Hampton, Plaintiffs, in the above-styled and numbered cause, by

and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1.  This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Petition for Alien Relative and an Application to Adjust Status filed by Plaintiffs. The Petition and the Application were filed with and remain within the jurisdiction of the Defendants, who have unlawfully denied the aforementioned Petition and Application to Plaintiffs' detriment.

2.  As the Defendants have acted arbitrarily, capriciously, and not in accordance with the law, this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to Plaintiffs; to wit: to cause the Defendants to adjudicate the Petition and the Application according to the law and regulations. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiff according to the law.

## PARTIES

3.   Plaintiff Oluwakemi V. Bakare Hampton (hereinafter "Plaintiff Beneficiary")
     is 40-year-old native and citizen of Nigeria (Alien Number: A-214-010-132).
     She filed an I-485, Application for Adjustment of Status, with the United States
     Citizenship and Immigration Services (hereinafter, "USCIS") on July 6, 2021.
     Her application was based on an I-130 Petition for Alien Relative concurrently
     filed on her behalf by her U.S. citizen spouse, Mr. Ortavius O. Hampton.

4.   Plaintiff Daniel Iya (hereinafter "Plaintiff Derivative") is a 21-year-old native
     and citizen of Nigeria (Alien Number: A-214-010-131). He filed an I-485,
     Application for Adjustment of Status, with USCIS on July 6, 2021. His
     application was based on an I-130 Petition for Alien Relative concurrently filed
     on his behalf by his U.S. citizen stepfather, Mr. Ortavius O. Hampton.

5.   Plaintiff Ortavius O. Hampton (hereinafter "Plaintiff Petitioner") is 40-year-old
     native and citizen of the United States.  On July 6, 2021, he filed a Petition for
     Alien Relative on behalf of his spouse and stepson with USCIS.

6.   Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland
     Security (hereinafter, "DHS") which is parent agency of the USCIS and the
     ultimate adjudicator of all immigration applications. Defendant Mayorkas is
     sued in his official capacity.

7.    Defendant Ur Mendoza Jaddou is the Director of the USCIS and is sued in his official capacity. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the Director of the USCIS and is charged with administrative and supervisory authority over all operations of USCIS, including the Atlanta Field Office.

8.    Defendant Jerry L. Addison is the USCIS Atlanta Acting Field Office Director, a branch of the Department of Homeland Security. Defendant Addison is sued in his official capacity and is the agency official of the USCIS generally charged with supervisory authority over all operations of the USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant Addison is responsible for the adjudication of petitions for alien relative and applications to register permanent residence or adjust status under section 245 of the Immigration and Nationality Act (INA) filed pursuant to 8 U.S.C. § 1151(a)(1). As will be shown, Defendant is the official who adjudicated Plaintiff's Petition.

## JURISDICTION

9.    Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq., as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statutes.

## VENUE

10.   Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the district where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

11.   Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy was adequate in this case because the Defendants failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications for Adjustment of Status. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act (hereinafter "APA"), is the only relief available.

## LEGAL BACKGROUND

### *The Legal Framework of Petition filed under INA 201(b)*

12.   The Immigration and Nationality Act ("INA") allows citizens, via Form I-130, to petition for immediate relative status on behalf of their alien spouses so that the alien spouses may immigrate to the United States. *See* 8 U.S.C. § 1154(a)(1)(A)(i).

13. The person seeking an immigration benefit has the burden of establishing that they are eligible for it. *See Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). "Except where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence the he or she is eligible for the benefit sought." *See Matter of Chawathe*, 25 I & N Dec. 369, at 375 (AAO 2010).

14. In evaluating the *bona fide* nature of a marriage, evidence to be considered may take many forms, including, but not limited to inclusion of the beneficiary as petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony concerning courtship, the wedding ceremony, shared residence, and experiences. *See Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983). This has long been the standard by which USCIS evaluates the *bona fide* nature of marriages in the context of visa petitions.

15. A petitioner bears the burden of establishing the *bona fide* nature of the marriage by a preponderance of the evidence, or more than 50%. It is well established that a visa petition may be denied pursuant to Section 204(c) of the Immigration and Nationality Act where there is evidence in the record to indicate that an alien has sought to obtain an immigration benefit based on a fraudulent marriage. *See Id*. However, evidence of a fraudulent marriage

"must be documented in the alien's file and must be substantial and probative." *See Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). Utilizing a reasonable inference instead of the substantial and probative evidence standard can lead USCIS to erroneously substitute the adjudicator's own image of a marriage to determine that a marital union is a sham marriage. *Damon v. Ashcroft*, 360 F.2d 1084 (9th Cir. 2004). This personal inference is impermissible in adjudicating petitions.

16. The key and primary issue which needs to be considered by the Service is whether the marriage was entered into in good faith. *See* 8 CFR § 204.2. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submit relevant, probative, and credible evidence that leads to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof.

17. Moreover, 8 CFR § 103.2(b) states the following:

103.2(b)(16) Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs.

103.2(b)(16)(i) Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on

derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

103.2(b)(16)(ii) Determination of statutory eligibility. A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner, except as provided in paragraph (b)(16)(iv) of this section.

Thus, USCIS is obligated to inform the applicant of any derogatory information the agency intends to use to deny a benefit application and provide an opportunity for the applicant to inspect the record and an opportunity to rebut said information.

### *The Legal Framework of Adjustment of Status*

18. The Form I-485 Application for Adjustment of Status is a request to become a lawful permanent resident. *See Freeman v. Gonzales*, 444 F.3d at 1033. An immigrant visa must be immediately available to an alien in order to qualify for

adjustment of status. *Id*. Without an approved Form I-130 petition, an immigrant visa is not immediately available and the USCIS cannot adjudicate the Form I-485 application. If the Form I-130 petition is approved and the Form I-485 Application for Adjustment of Status is granted, then the alien is afforded permanent residence status.

19. In general, to apply for Adjustment of Status, an individual must demonstrate that he or she has been "inspected and admitted or paroled into the United States." *See* 8 U.S.C. § 1255(a).

20. Finally, the applicant must demonstrate admissibility to the United States, *i.e.*, that he or she either is not subject to an enumerated ground of inadmissibility set forth in 8 U.S.C. § 1182 or qualifies for a waiver of any such ground. *Id*.

21. With exceptions, an otherwise eligible individual is barred from adjusting if, *inter alia*, he or she has been convicted of, or admits having committed, or admits committing acts which constitute essential elements of (1) a crime involving moral turpitude or an attempt or conspiracy to commit such a crime, or (2) a violation of any law or regulation of a State, the United States, or a foreign country relating to controlled substance. 8 U.S.C. § 1182 (2)(A).

### *Administrative Procedure Act*

22. The APA, 5 U.S.C. §701 *et seq*. at § 704 states that acts by government agencies

that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiffs' Petition for Alien Relative and I-485 Application. Absent any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

23.   Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

**(1)** compel agency action unlawfully withheld or unreasonably delayed; and

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**(B)** contrary to constitutional right, power, privilege, or immunity;

**(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

**(D)** without observance of procedure required by law;

**(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

**(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

24. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications to Adjust Status.

25. Accordingly, Plaintiffs have been forced to pursue the instant action.

## CAUSE OF ACTION

26. Plaintiff Petitioner filed a Petition for Alien Relative on behalf of his spouse, Oluwakemi V. Bakare Hampton, on July 6, 2021. (*See* **Exhibit 1**, Receipt of Form I-130 Petition for Plaintiff Beneficiary, IOE0912920339). The same day, Plaintiff Beneficiary filed an Application for Adjustment of Status. (*See* **Exhibit 2**, Receipt of Form I-485 Application of Plaintiff Beneficiary, IOE0912920338).

27. Plaintiff Petitioner filed a Petition for Alien Relative on behalf of his stepchild, Daniel Iya, on July 6, 2021. (*See* **Exhibit 3**, Receipt of Form I-130 Petition for Plaintiff Derivative, IOE0912920335). The same day, Plaintiff Derivative filed

an Application for Adjustment of Status. (*See* **Exhibit 4**, Receipt of Form I-485 Application of Plaintiff Derivative, IOE0912920334).

28. On September 21, 2022, both Plaintiff Beneficiaries received an envelope from USCIS containing a Request for Evidence. Both correspondences requested submission of a completed Form I-693, Report of Medical Examination and Vaccination Record. (*See* **Exhibit 6**, Requests for Evidence, IOE0912920338; IOE0912920334). The correspondence further instructed Plaintiff Beneficiary to submit the completed I-693 to the Oklahoma City Field Office. (*See* **Exhibit 6**).

29. Plaintiffs submitted completed Forms I-693 to the USCIS Field Office in Oklahoma City, on March 8, 2023. (*See* **Exhibit 7**, USPS Receipt, Tracking Number: 9505 5110 0623 3067 6895 83).

30. Plaintiffs attended an interview for their filings on January 30, 2023, at the request of Defendants. (*See* **Exhibit 5**, Denial Decisions, IOE0912920338; IOE0912920339).

31. Plaintiffs never received any further correspondence from Defendants until they received the Denial Decisions of Plaintiffs' I-130 Petitions for Alien Relatives and I-485 Applications for Adjustment of Status, dated May 31, 2023, via US mail. (*See* **Exhibit 5**).

32. Defendants did not comply with the regulations set forth in 8 CFR §
204.2(a)(1)(ii), requiring that any evidence used to determine a fraudulent
marriage must be documented in the alien's file. *See also Matter of Tawfik*, 20
I&N Dec. at 168. Defendants' Denial Decision of the I-130 Petitions for Alien
Relatives contends that three minor discrepancies are sufficient to determine,
beyond a preponderance of the evidence, that Plaintiffs' marriage is not bona
fide: (i) Petitioner and Beneficiary reportedly did not live together from the date
of their marriage until May 27, 2021; (ii) Beneficiary reportedly listed her
marital status as single when applying for a nonimmigrant visa on January 26,
2015; and (iii) Beneficiary had a child outside of the marital relationship in
2016. (*See* Instead of expanding on the source or details of each of the
Defendant's contentions for denial, they merely refer to a previous Denial from
May 27, 2021. Interestingly, the previous Denial Decisions simply state, "the
evidence in the record and testimony did not establish the claimed relationship."
(*See* **Exhibit 8**, Prior Denial Decisions from May 27, 2021, MSC1690742173;
MSC1690742174; MSC1690742176; MSC1690742177). Defendants clearly
erred in their denial of Plaintiffs' Applications based solely on information from
a previous decision and absent any documented evidence of fraud in Plaintiffs'
file.

33. Moreover, Defendants did not comply with the regulations set forth in 8 CFR §103.2(b)(16) requiring them to inform the applicant for benefits of any derogatory information and provide them with an opportunity to rebut said information and allow inspection of the record of proceedings. Indeed,

34. The Defendants clearly erred in denying Plaintiffs' Applications for Adjustment of Status by violating the Administrative Procedure Act 5 U.S.C. § 701, et seq., and Plaintiff Beneficiary is entitled to review by this Court pursuant to U.S.C. §§ 701-706. For this reason, Plaintiffs were forced to file the present complaint for declaratory and injunctive relief under the Administrative Procedure Act before this Honorable Court.

## **COUNT 1**

### ***Defendants violated the Administrative Procedure Act 5 U.S.C. § 701, et seq. and Plaintiffs are entitled to review by this Court pursuant to U.S.C. §§ 701-706.***

35. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-34 above.

36. Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. A reviewing court shall "hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A).

37.  The Present Court has jurisdiction under the APA to review certain agency determinations outlined in 8 U.S.C. § 1252. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *See* 5 U.S.C. § 702.

38.  Under the APA, the Court has jurisdiction to review an agency decision if the agency action is final, the action adversely affects the party seeking review, and the agency's decision is non-discretionary. *See* 5 U.S.C. §§ 702, 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). The Court "shall decide all relevant questions of law," and "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706 (2)(A).

39.  The Eleventh Circuit has reasoned that "simply because the Secretary has the ultimate discretionary authority to grant an immigration benefit does not mean that every determination made by USCIS regarding an alien's application for that benefit is discretionary, and hence not subject to review." *Mejia Rodriguez v. U.S. Dep't Homeland Sec*., 562 F.3d 1137, 1143 (11th Cir. 2009). The Court

in *Mejia Rodriguez* further reasoned that "the statutory eligibility determinations USCIS is obligated to make in deciding whether to grant or deny an application ... are not decision[s] or action[s] ... the authority for which is specified to be in the discretion of [USCIS]." *Id*. at 1144 (emphasis added). As such, while "the ultimate decision of whether to grant or deny [an application] is a decision that is within the discretion of the Secretary," a determination of an immigrant's statutory eligibility for relief is "not one designated to be within the discretion of the Attorney General or Secretary and hence [is] not precluded from review by 8 U.S.C. § 1252(a)(2)(B)(ii)." *Id*. at 1144, 1146.

40. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error of judgment." *See N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

41. Examples of arbitrary or capricious agency decisions include those where an agency considers material "Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product

of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut.*
*Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

42. In the instant case, there is no doubt that Defendants misapplied the law.
Defendants' conclusion that Plaintiffs Beneficiary and Derivative are not
qualified to adjust status is clearly erroneous.

43. Defendants' arbitrary and capricious action and abuse of discretion has caused
and continues to cause harm to Plaintiffs Beneficiary and Derivative in denying
them a privilege to which they are entitled. Accordingly, Plaintiffs are suffering
continued damage.

44. The APA, 5 USC § 701 *et seq.* at § 704 states that acts by government agencies
that are, "final agency action for which there is no other adequate remedy in a
court are subject to judicial review." There is no other appropriate remedy in
this situation. Thus, the only option for Plaintiffs is this action in this court.

## COUNT 2

### *The Defendants clearly misapplied the law and abused their discretion when they did not follow the regulations by failing to issue a NOID, preventing Plaintiff Petitioner from addressing derogatory information used to deny benefits.*

45. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the
allegations in paragraphs 1-44 above.

46. The Defendants clearly misapplied the law and abused their discretion when they did not follow the regulations by failing to issue a NOID or a sufficient RFE, as required by USCIS policy. <u>See</u> U.S. Citizenship and Immigration Services, Policy Manual, vol. 1, part E.6(F)(3) (2023).[1]

47. Here, the Defendants unlawfully and without any basis denied Plaintiff's Petitions, preventing them from filing an appeal before the Board of Immigration Appeals, without first offering Plaintiffs the ability to remedy any perceived insufficient evidence through appropriate issuance of a NOID or sufficient RFE. Indeed, on June 9, 2021, USCIS issued policy guidance advising officers to issue a NOID or RFE in all cases wherein a possibility further evidence could overcome findings of ineligibility for benefits. <u>See</u> **Exhibit 9**, USCIS, Policy Alert, PA-2021-11, "Requests for Evidence and Notices of Intent to Deny" (June 9, 2021).

48. The Defendants issued an RFE, which did not meet the requirements outlined in USCIS policy. The issued RFE cited no derogatory information relating to

---

[1] USCIS Policy Manual states that: "RFEs should:
- Identify the eligibility requirement(s) that has not been established and why the evidence submitted is insufficient;
- Identify any missing evidence specifically required by the applicable statute, regulation, or form instructions;
- Identify examples of other evidence that may be submitted to establish eligibility; and
- Request that evidence"

the validity of Plaintiffs' familial status with Plaintiff Petitioner, nor any other evidentiary basis for Defendants' ultimate denial. Indeed, the Request for Evidence received by Plaintiffs only requested completion of a Form I-693, Report of Immigration Medical Examination and Vaccination Record, which Plaintiffs provided to Defendants on March 13, 2023. *See* **Exhibit 6**.

49.  The Defendants denied the Applications for Adjustment of Status based on the erroneous denial of the I-130 Petitions. Therefore, the Defendants deprived Plaintiffs of due process.

### PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to enter an order:

A.   Finding Defendants' Decision, denying Plaintiff Petitioners' Petition for Alien Relative for his spouse, Plaintiff Beneficiary, was contrary to the law and vacating said decision;

B.   Finding Defendants' Decision, denying Plaintiff Beneficiary's Application to Register Permanent Residence was contrary to the law and vacating said decision;

C.    Finding Defendants' Decision, denying Plaintiff Petitioner's Petition for Alien Relative for his stepson, Plaintiff Derivative, was contrary to the law and vacating said decision;

D.    Finding Defendants' Decision, denying Plaintiff Derivative's Application to Register Permanent Residence was contrary to the law and vacating said decision;

E.    Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiffs and adjudicate Plaintiffs' Petitions and Applications on their merits and according to the law and regulations by which they are bound;

F.    Grant such other and further relief as this Court deems proper under the circumstances; and,

G.    Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted,

This, the 5th day of July 2023.

THE FOGLE LAW FIRM, LLC

by: David Lunel, Esq.
Georgia Bar No. 874002
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com