May 27, 2021



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

## U.S. Citizenship and Immigration Services



MSC1690742173



A214-010-132

OLUWAKEMI VIVIAN BAKARE HAMPTON
510 VALLEYSIDE DRIVE
DALLAS, GA 30157
US

RE: I-485, Application to Register Permanent
Residence or Adjust Status

## <u>DECISION</u>

Dear OLUWAKEMI BAKARE HAMPTON:

On March 15, 2016, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA).  You filed Form I-485 based on being the beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 29, 2016, you appeared for an interview to determine your eligibility for adjustment of status.  During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct.  At the interview, you provided testimony under oath.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason(s):

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available.  See INA 245(a)(2) - (3). USCIS records establish that on MAY 2 7 2021 USCIS denied the visa petition filed on your

behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA 245(a)(3)

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired.

You are not authorized to remain in the United States. If you do not intend to file a motion on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the Immigration Court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller
Field Office Director
Officer: AC 1621

cc:

MSC1690742173

A214-010-132

May 27, 2021



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

**U.S. Citizenship
and Immigration
Services**



MSC1690742174



A214-010-132

ORTAVIUS ONEAL HAMPTON
510 VALLEYSIDE DRIVE
DALLAS, GA 30157
US

RE: OLUWAKEMI VIVIAN BAKARE
I-130, Petition for Alien Relative

## DECISION

Dear ORTAVIUS HAMPTON:

On March 15, 2016, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and
Immigration Services (USCIS) on behalf of OLUWAKEMI BAKARE (the beneficiary). You sought
to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the
Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record
of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under
INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested
immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA
1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the
beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On August 29, 2016, you and the beneficiary appeared for an interview with an Immigration Services
Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register
Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony
under oath.

The evidence in the record and testimony did not establish the claimed relationship.

On December 11, 2016, USCIS issued a Notice of Intent to Deny (NOID) advising you that the
evidence supporting the petition was insufficient to establish the beneficiary's eligibility for the
classification requested at the time you filed the petition.

behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA 245(a)(3)

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired.

You are not authorized to remain in the United States. If you do not intend to file a motion on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the Immigration Court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller
Field Office Director
Officer: AC 1621

cc:

MSC1690742173

A214-010-132

May 27, 2021

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

 

U.S. Citizenship
and Immigration
Services

DANIEL IYA
510 VALLEYSIDE DRIVE
DALLAS, GA 30157
US



MSC1690742176

A214-010-131

RE: I-485, Application to Register Permanent
Residence or Adjust Status

## DECISION

Dear DANIEL IYA:

On March 15, 2016, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245(a) of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 29 ,2016, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason:

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3). USCIS records establish that on MAY 27 2021 USCIS denied the visa petition filed on your

behalf.

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired.

You are not authorized to remain in the United States. If you do not intend to file a motion on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the Immigration Court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller
Field Office Director
Officer: AC 1621

cc:



MSC1690742176



A214-010-131

May 27, 2021



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

**U.S. Citizenship
and Immigration
Services**

ORTAVIUS ONEAL HAMPTON
510 VALLEYSIDE DRIVE
DALLAS, GA 30157
US



MSC1690742177



RE: DANIEL IYA
I-130, Petition for Alien Relative

A214-010-131

## DECISION

Dear ORTAVIUS HAMPTON:

On March 15, 2016, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of DANIEL IYA (the beneficiary). You sought to classify the beneficiary as the child of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide stepparent-stepchild relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your child. See 8 CFR 204.2(d).

## Statement of Facts and Analysis, Including Ground(s) for Denial

You claim to have a stepparent/stepchild relationship with the beneficiary. Your claimed relationship with the beneficiary is based on your marriage to the beneficiary's parent, Oluwakemi Bakare-Hampton (beneficiary's parent).

On August 29, 2016, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

"A steprelationship under section 101(b)(1)(B) of the Act is, of course, based on a marriage, and...the marriage forming the basis of the steprelationship must at some point have been a valid one. Where there is not and never has been a valid marriage there cannot be a steprelationship under the immigration laws." Matter of AWWAL, 19 I&N Dec. 617, 621 (BIA 1988).

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

Therefore, approval of this petition requires you to establish that you and the beneficiary's parent engaged in a bona fide relationship. USCIS received your Form I-130 filed on behalf of the beneficiary's parent on March 15, 2016.

On December 11, 2016, USCIS issued a Notice of Intent to Deny (NOID) for the Form I-130 filed on behalf of the beneficiary's parent. USCIS advised you that the evidence supporting your petition on behalf of the beneficiary's parent was insufficient to establish the bona fide nature of your marriage to the beneficiary's parent and provided an opportunity to submit additional evidence. After reviewing that supplemental evidence, USCIS denied the beneficiary's parent's petition on

Lacking a valid marriage, there cannot be a step-relationship with the beneficiary under immigration law. Because there is insufficient evidence of the bona fide nature of the marital relationship between you and the beneficiary's parent, you have not met your evidentiary burden in connection with the beneficiary's petition, filed on the basis of a step-child relationship resulting from your marriage to the beneficiary's parent.

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents, including the appropriate filing fee, to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

Shineka C. Miller
Field Office Director
Officer: AC 1621

cc:

MSC1690742177

A214-010-131