IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | | |
|---|---|---|
| DILAN SINEM BASARAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| TRUSTED COUNSEL ASHLEY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Dilan Sinem Basaran respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Basaran is an individual and a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Trusted Counsel Ashley LLC ("Trusted Counsel") is a Georgia limited liability company having its principal place of business at 1349 West Peachtree Street, NW, Suite 1525, Atlanta, Georgia, 30309. Trusted Counsel is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Evelyn Ashley, at Trusted Counsel's principal place of business.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3.1B(1) and (3).

## Factual Background

5. Equifax Information Services LLC ("Equifax") is a consumer reporting agency.

6. In June 2023, Ms. Basaran obtained a copy of her Equifax credit report.

7. Upon reviewing her Equifax credit report, Ms. Basaran noticed that on or about April 30, 2023, Trusted Counsel had made an "inquiry" on her Equifax credit file. In other words, on or about April 30, 2023, Trusted Counsel obtained a consumer report from Equifax regarding Ms. Basaran.

8. Trusted Counsel did not have a permissible purpose to obtain a consumer report on Ms. Basaran from Equifax.

9. Ms. Basaran did not authorize Trusted Counsel to obtain a consumer report regarding her from Equifax.

10. Ms. Basaran did not apply for credit with Trusted Counsel.

11. Ms. Basaran did not apply for insurance with Trusted Counsel.

12. Ms. Basaran did not apply for employment with Trusted Counsel.

13. Ms. Basaran did not receive and has never received a firm offer of credit from Trusted Counsel.

14. Trusted Counsel otherwise had no legitimate business need for the information contained in Ms. Basaran's Equifax consumer report.

15. As a proximate result of Trusted Counsel obtaining a consumer report regarding Ms. Basaran from Equifax without a permissible purpose, Ms. Basaran has suffered an invasion of her privacy and emotional distress, including anxiety, depression, insomnia and inability to focus on her work.

### Count 1 – Violation of 15 U.S.C. § 1681b(a)

16. Trusted Counsel negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(a) by obtaining a consumer report regarding Ms. Basaran without a permissible purpose.

17. As a proximate result thereof, Ms. Basaran has suffered and is entitled to recover actual damages as alleged in Paragraph 15 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

18. In the alternative and as a result of Trusted Counsel's reckless and willful violation of 15 U.S.C. § 1681b(a), Ms. Basaran is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

19. As a result of Trusted Counsel's reckless and willful violation of 15 U.S.C. § 1681b(a), Ms. Basaran is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

20. Ms. Basaran is also entitled to recover her costs of this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Basaran respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Basaran as consistent with the jury's verdict; and,

4. Grant Ms. Basaran such other and further relief as it deems just and necessary.

This 5th day of July, 2023.

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

/s/ *Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com
678.999.1105

*Counsel for Plaintiff*