**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LETECIA SHEETS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | FILE NO.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND PACKAGE | * | |
| SYSTEM, INC. d/b/a FEDEX | * | |
| GROUND, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT FOR DAMAGES

Plaintiff Letecia Sheets files her Complaint for Damages against Defendant FedEx Ground Package System, Inc. d/b/a FedEx Ground, and shows this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Letecia Sheets is a resident of, citizen of, and is domiciled in Fulton County, Georgia.

2.

Defendant FedEx Ground Package System, Inc. d/b/a FedEx Ground ("FedEx") is a Delaware corporation with its principal place of business located at

1000 FedEx Drive, Moon Township, Pennsylvania, 15108-9373. Accordingly, FedEx is a citizen of Delaware and Pennsylvania for jurisdictional purposes. Defendant FedEx's registered agent for service of process is The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, 30040-2794. When said agent is served with copies of the Summons and Complaint in this matter, Defendant FedEx will be subject to the jurisdiction and venue of this Court. Defendant FedEx has been properly served in this matter.

3.

There is complete diversity of citizenship between the Plaintiff (Georgia) and the Defendant (Delaware and Pennsylvania), and the amount in controversy exceeds $75,000 exclusive of interest and costs, so this Court has subject matter jurisdiction over this case via diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

4.

Venue is proper pursuant to 28 U.S.C. § 1391.

## **BACKGROUND, FACTS, AND THE INCIDENT**

5.

On March 14, 2023, at or around 10:07 a.m., Plaintiff Letecia Sheets was operating a vehicle while traveling south on Maynard Road NW in Fulton County, Georgia.

6.

At that same time, and before that time, Kenneth Jones, an agent or employee of Defendant FedEx, operated a FedEx Ground truck that was owned and/or controlled by Defendant FedEx for use on public highways. Suddenly and without warning, the FedEx Ground truck, driven by Kenneth Jones, sideswiped Plaintiff's vehicle, seriously injuring Plaintiff.

7.

Following the incident, an officer with the Atlanta Police Department responded to the scene and found Defendant FedEx's agent/employee Kenneth Jones at fault for causing the incident.

8.

Prior to and on March 14, 2023, Defendant FedEx failed to exercise reasonable care for the safety of others who might be affected by its actions and

allowed the negligent operation of the above-mentioned FedEx Ground truck while the truck and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, regulations, and rules of the road.

9.

On March 14, 2023, said violations and the negligent operation of Defendant FedEx's truck proximately caused serious injuries to Plaintiff.

10.

At all times relevant hereto, Defendant FedEx was negligently supervising the operation of its FedEx Ground truck, which resulted in the above-described incident and proximately caused serious injuries to Plaintiffs.

11.

Defendant FedEx is liable under the doctrine of respondeat superior for the harm caused to Plaintiffs by the wrongful acts of its employee, Kenneth Jones, who was acting in the scope and course of his employment with Defendant FedEx and during the actual transaction of Defendant FedEx's business when he caused the subject incident, proximately causing Plaintiff to suffer injuries, general damages, and special damages.

12.

Defendant FedEx is liable to Plaintiffs because it negligently entrusted its vehicle to Kenneth Jones even though he was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant FedEx failed to properly hire, train, retain, and supervise its employee so that he would not cause harm to persons such as Plaintiff, proximately causing injuries and damages to Plaintiff.

13.

Defendant FedEx is negligent per se because (1) its acts and/or the acts of its employees were in violation of Federal laws and regulations and Georgia laws and regulations regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

14.

Defendant FedEx knew or should have known that operating its truck on a Georgia State Highway while its driver was not properly suited to operate it would result in harm to the individual who would be affected by the operation of said truck.

15.

Defendant FedEx knew or should have known that its failure to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Plaintiff would result in harm to individuals who would be affected by said employees, yet Defendant FedEx still failed to properly hire, train, retain, and supervise its employees, including, but not limited to, Kenneth Jones.

16.

At all times relevant hereto, Defendant FedEx was operating the subject truck as a motor carrier pursuant to O.C.G.A. §§ 40-1-50 and 40-1-100 et seq., as well as other applicable laws.

**INJURIES AND COMPENSATORY DAMAGES**

17.

As a result of Defendant FedEx's negligence and negligence per se, Plaintiff sustained personal injuries, special damages, and general damages for which she is entitled to be compensated by Defendant FedEx.

18.

As a direct and proximate result of Defendant FedEx's negligence and negligence per se, Plaintiff has incurred significant medical expenses, the exact amount to be proven at trial.

19.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiff has incurred lost wages, the exact amount to be proven at trial.

20.

As a result of said injuries, Plaintiff has sustained permanent impairment, permanent disability, and permanent disfigurement.

21.

As a direct and proximate result of Defendant FedEx's negligence and negligence per se, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

22.

There is clear and convincing evidence that Defendant FedEx acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like Plaintiff and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an

award of punitive damages against Defendant FedEx that will punish it for the harm it has caused and that will deter it from similar future misconduct.

## **PRAYER FOR RELIEF**

23.

Plaintiff prays for the following relief:

(a) That Plaintiff recovers all legally compensable damages in excess of $75,000.00 that were inflicted by Defendant FedEx, which she suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses, property damage, and any additional damages;

(b) That punitive damages be awarded against Defendant FedEx in an amount sufficient to punish it for the harm caused by its dangerous conduct, and to deter it from similar future misconduct;

(c) That Plaintiff recovers pre-judgment and post-judgment interest as allowed by applicable law;

(d) That Plaintiff recovers her costs of suit;

(e) That Defendant FedEx pay Plaintiff's attorneys' fees and expenses of litigation;

(f) That Plaintiff has a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of July, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038
Georgia L. Summer
Georgia Bar No. 139054

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322
james@foster-law.com
georgia@foster-law.com

# CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the

Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038
Georgia L. Summer
Georgia Bar No. 139054

*Counsel for Plaintiff*