**EXHIBIT B**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TYRONE S. ALLEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 23A02498 |
| KINLEY R. BURTON and FEDEX ) | |
| FREIGHT, INC. d/b/a FEDEX FREIGHT ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW Plaintiff, Tyrone S. Allen (hereinafter "Plaintiff") and files his Complaint, through undersigned counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

Kinley R. Burton ("Burton") is a South Carolina resident. He may be served with a copy of the summons and Complaint in this action at his home address: 357 Knollwood Dr., Anderson, SC 29625. Burton is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91(2). Venue is proper.

3.

Defendant FedEx Freight, Inc d/b/a FedEx Freight (hereinafter "FedEx Freight") is a foreign profit corporation authorized to do business in Georgia. Defendant FedEx Freight may be served with a summons and process as provided by law by serving its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046. Defendant FedEx Freight is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §9-10-91(2).

4.

Jurisdiction and venue are proper in this Court per O.C.G.A. § 9-10-91(2).

## **BACKGROUND**

6.

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

7.

The allegations and claims for relief contained in this Complaint result from a vehicle collision, which occurred on June 8, 2021 at approximately 2:14 a.m. in Dekalb County, Georgia.

8.

At the aforementioned date and time, Defendant Burton, was the operator of a 2016 Peterbilt Motors TT.

9.

On or about June 8, 2021, Defendant Burton was operating the aforesaid vehicle on West Interstate 285 near the Moreland Avenue exit.

10.

The vehicle at issue was owned by Defendant FedEx Freight.

11.

At all times material to this case, Defendant Burton was an employee or agent of Defendant FedEx Freight acting within the course and scope of his employment or agency.

12.

At the aforementioned date and time, Defendant Burton, suddenly and without warning, collided with the rear of Plaintiff's vehicle.

13.

As a result of the collision, Plaintiff suffered serious injuries.

14.

Defendants caused this incident by failing to maintain lane, failing to pay attention to traffic, and/or generally driving in an unsafe manner.

15.

The collision was caused by the negligence of Defendant Burton.

16.

Burton was negligent because he failed to observe the proper standard of care while driving which caused the collision at issue.

17.

The impact of the collision caused damage to Plaintiff's vehicle

18.

As a result of the collision, Plaintiff suffered injuries.

19.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

**COUNT I: NEGLIGENCE**

20.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

21.

Burton had a duty to exercise ordinary care and operate the vehicle he drove in a reasonably safe manner under the circumstances.

22.

Burton failed to exercise that duty by failing to maintain lane, failing to pay attention to oncoming traffic, and/or generally driving in an unsafe manner.

23.

Burton's breach and the corresponding actions as described in this Complaint constitute negligence.

24.

As a direct and proximate result of Burton's negligent actions, Plaintiff suffered bodily injuries, emotional injuries, lost wages, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

25.

As a direct and proximate result of Burton's negligence, Plaintiff suffered injuries and damages.  Plaintiff is entitled to monetary damages from Defendants to compensate him for the following elements of damage:

      a.     Medical expense;

      b.     Pain and suffering;

      c.     Lost wages;

  d.  Mental anguish; and

  e.  Diminished quality of life.

26.

As a proximate result of Defendants' negligence, Plaintiffs suffered special damages no less than as follows:

| | | |
|---|---|---:|
| Barbour Orthopaedics | $ | 1,675.00 |
| Hope Neurological | $ | 3,412.50 |
| Hope Surgical Medical Group | $ | 3,307.50 |
| Onyx Imaging | $ | 4,202.00 |
| Ortho Sport & Medicine | $ | 33,656.02 |
| Premier Health Chiropractic | $ | 1,180.00 |
| Lost wages | $ | TBD |
| **TOTAL SPECIALS** | **$** | **47,433.02+** |

27.

Defendants have been stubbornly litigious, acted in bad faith, or has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $47,433.02+, for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE

28.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

29.

Burton had a duty to exercise ordinary care and operate his vehicle in a reasonably safe manner under the circumstances.

30.

Burton's breached that duty by failing to maintain lane, failing to pay attention to traffic, and/or generally driving in an unsafe manner.

31.

Burton's actions are in violation of Georgia law, specifically following too closely in violation of O.C.G.A. § 40-6-49.  His violations of Georgia law as described in this Complaint constitute negligence per se.

32.

As a direct and proximate result of Burton's negligent per se actions, for which Defendant FedEx Freight is liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

33.

As a direct and proximate result of Defendants' negligence per se, Plaintiff suffered injuries and damages.  Plaintiff is entitled to monetary damages from Defendants to compensate him for the following elements of damage:

    a.    Medical expense;

      b.      Pain and suffering;

      c.      Lost wages;

      d.      Mental anguish; and

      e.      Diminished quality of life.

34.

As a proximate result of Defendants' negligence, Plaintiffs suffered special damages no less than as follows:

| | | |
|---|---|---:|
| Barbour Orthopaedics | $ | 1,675.00 |
| Hope Neurological | $ | 3,412.50 |
| Hope Surgical Medical Group | $ | 3,307.50 |
| Onyx Imaging | $ | 4,202.00 |
| Ortho Sport & Medicine | $ | 33,656.02 |
| Premier Health Chiropractic | $ | 1,180.00 |
| Lost wages | $ | TBD |
| **TOTAL SPECIALS** | $ | **47,433.02+** |

35.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $47,433.02+, for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## **COUNT III: IMPUTED LIABILITY – FEDEX FREIGHT**

36.

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37.

At all times material to this case, Defendant Burton was an employee or agent of Defendant FedEx Freight, acting within the course and scope of his employment or agency.

38.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant FedEx Freight is vicariously liable for the negligent acts and omissions of Defendant Burton which led to the injuries of Plaintiff.

39.

As a direct and proximate result of the negligence of Defendant Burton, for which Defendant FedEx Freight is liable, Plaintiff suffered serious injuries.

40.

Plaintiff is entitled to monetary damages from Defendant FedEx Freight to compensate him for the following elements of damage:

    d.    Medical expense;

    e.    Pain and suffering;

    f.    Mental anguish; and

    g.    Diminished quality of life.

41.

As a proximate result of Defendant Burton's negligence, for which Defendant FedEx Freight is liable, Plaintiff suffered special damages no less than as follows:

| Barbour Orthopaedics | $ | 1,675.00 |
|---|---|---|
| Hope Neurological | $ | 3,412.50 |
| Hope Surgical Medical Group | $ | 3,307.50 |
| Onyx Imaging | $ | 4,202.00 |
| Ortho Sport & Medicine | $ | 33,656.02 |
| Premier Health Chiropractic | $ | 1,180.00 |
| Lost wages | $ | TBD |
| **TOTAL SPECIALS** | **$** | **47,433.02+** |

42.

Defendant FedEx Freight has been stubbornly litigious, acted in bad faith, or has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant FedEx Freight for special damages in an amount to be proven at trial, but no less than $47,433.02+ for general damages for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT IV: NEGLIGENT HIRING, TRAINING & SUPERVISION – WERNER

43.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

44.

Defendant FedEx Freight was negligent in hiring Defendant Burton and entrusting him to drive a vehicle.

45.

Defendant FedEx Freight was negligent in failing to properly train Defendant Burton.

46.

Defendant FedEx Freight was negligent in failing to properly supervise Defendant Burton.

47.

Defendant FedEx Freight's negligence in hiring Defendant Burton and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

48.

As a direct and proximate result of Defendant FedEx Freight negligence, Plaintiff suffered serious injuries and damages.

49.

Plaintiff is entitled to monetary damages from Defendant FedEx Freight to compensate him for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Mental anguish; and

    d.    Diminished quality of life.

50.

As a proximate result of Defendant FedEx Freight negligence, Plaintiff suffered special damages no less than as follows:

| Barbour Orthopaedics | $ | 1,675.00 |
|---|---|---|
| Hope Neurological | $ | 3,412.50 |
| Hope Surgical Medical Group | $ | 3,307.50 |
| Onyx Imaging | $ | 4,202.00 |
| Ortho Sport & Medicine | $ | 33,656.02 |
| Premier Health Chiropractic | $ | 1,180.00 |
| Lost wages | $ | TBD |
| **TOTAL SPECIALS** | **$** | **47,433.02+** |

Defendants have been stubbornly litigious, acted in bad faith, or have caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$47,433.02+** for general damages for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law and for such other and further relief as this Court deems just and proper.

This 5th day of June, 2023.

By:    */s/ Patrick A. Berkshire*
Eric L. Jensen
Georgia Bar No. 391259
Patrick A. Berkshire
Georgia Bar No. 296204
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
6/5/2023 4:25 PM
E-FILED
BY: Monica Gay

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Bldg. G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

11