# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **ANGEL THOMPSON,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Civil Action File No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNIFI AVIATION, LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Angel Thompson ("Plaintiff") files this Complaint against Defendant Unifi Aviation, LLC ("Unifi"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1. This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-law claims. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs.

1

## JURISDICTION AND VENUE

2. Plaintiff's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

4. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5. Plaintiff is a resident of the State of Georgia.

6. Unifi is a for-profit company registered to conduct business in the state of Georgia.

7. Unifi transacts business in the Northern District of Georgia.

8. Unifi is subject to this Court's jurisdiction. Defendant may be served through its registered agent if service of process is not waived:

Registered Agent Name: **Corporation Service Company**
Physical Address: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA**
County: **Gwinnett**

## ADMINISTRATIVE PROCEEDINGS

9. On August 23, 2022, Plaintiff filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

10. On April 6, 2023, Plaintiff received a notice of right to sue from the EEOC. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

11. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to Title VII.

12. This lawsuit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

13. Unifi is a provider of aviation services for airline clients throughout the country, including at Hartsfield-Jackson International Airport ("ATL") in Atlanta, Georgia.

14. One of the services that Unifi provides at ATL is a bus transportation service that provides shuttle services for Delta Air Lines employees.

15. During all time relevant to this lawsuit, Unifi employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

16. Unifi is subject to the anti-discrimination and anti-retaliation provisions of Title VII.

17. Plaintiff is female.

18. Plaintiff is a lesbian.

19. Plaintiff was an employee of Unifi at all times material to this Complaint.

20. On June 20, 2022, Plaintiff was hired by Unifi as a Dispatch Agent assigned to the Transportation Division at ATL.

21. In order for Plaintiff to enter work, she had to pass through a security check with an active and valid badge.

22. Plaintiff's duties included scheduling, routing, and dispatching shuttle buses.

23. One of Plaintiff's superiors or leads was a senior dispatcher named Derrick Smalls ("Mr. Smalls").

24. Shortly after Plaintiff began working for Unifi, Mr. Smalls began to sexually harass Plaintiff.

25. For example, Mr. Smalls asked Plaintiff about her partner sucking her breasts.

26. Mr. Smalls also on multiple occasions asked Plaintiff what size bra she wore.

27. Plaintiff complained to one of her department managers, Cleveland Carter ("Mr. Carter").

28. Mr. Carter admitted to Plaintiff that Mr. Smalls had previously had issues with other female dispatchers. In fact, Mr. Carter said to Plaintiff that "they're gonna get rid of him."

29. However, no action was taken by Mr. Carter to correct Mr. Smalls' behavior.

30. Plaintiff then complained to another manager, Ms. Paulk, who echoed Mr. Carter's admission that female dispatchers had previously had issues with Mr. Smalls.

31. Again, no corrective action was taken against Mr. Smalls.

32. Ms. Paulk also seemed to suggest that the only solution was for Unifi to hire only male dispatchers.

33. In August 2022, Plaintiff escalated her complaint to the general manager, Rick Middleton ("Mr. Middleton").

34. Again, there was no action taken against Mr. Smalls.

35. After Plaintiff's complaints of sexual harassment, she began having problems getting rebadged.

36. Specifically, in retaliation for her complaints of sexual harassment, Unifi would not cooperate with her to allow her to be rebadged.

37. Plaintiff's badge expired on September 27, 2022.

38. After Plaintiff's badge expired, she was unable to work.

39. Plaintiff repeatedly tried to get rebadged, but to no avail.

40. Plaintiff was effectively terminated on or about September 27, 2022, in retaliation for her complaint of sexual harassment.

## COUNT I
## Sexual Harassment in Violation of Title VII

41. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

42. As a woman, Plaintiff is a member of a protected group.

43. As detailed above, throughout her employment with Unifi, Plaintiff was subjected to sexual harassment and a hostile work environment by Unifi's employee, Mr. Smalls.

44. All the above conduct by Mr. Smalls was unwelcome, offensive, and intimidating to Plaintiff as well as open and obvious in the workplace.

45. Plaintiff complained that the sexually harassing conduct was unwelcome.

46. At all times relevant to this action, Unifi knew from past complaints or should have known of the sexual harassment endured by Plaintiff as well as the existence of a sexually harassing work environment, and they failed to meaningfully remedy the workplace environment to protect Plaintiff.

47. Unifi willfully and wantonly disregarded Plaintiff's rights. Additionally, Unifi's discrimination and retaliation against Plaintiff was undertaken in bad faith and constitutes unlawful, intentional gender discrimination in violation of Title VII.

48. As a result of Unifi's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities.

49. Plaintiff seeks all remedies available by law or equity.

## COUNT II
### Retaliation in Violation of Title VII

50. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

51. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

52. As a result of her complaints of sexual harassment, Plaintiff suffered adverse employment actions including but not limited to (1) being sent home without pay and (2) being terminated.

53. As a direct and proximate result of Unifi's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

54. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith.

55. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

56. Plaintiff seeks all remedies available to her by law or equity.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a)    cause process to issue;

(b) issue a declaratory judgment that Unifi's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) grant Plaintiff a permanent injunction enjoining Unifi, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against each Defendant under all Counts of this Complaint;

(e) order Defendant to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff compensatory and punitive damages for Defendant's willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant Plaintiff all other damages, including nominal damages, available by law.

(i) grant such additional relief as this court deems proper and just.

Respectfully submitted on the 5th day of July, 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Street, Suite 800
Atlanta, Georgia 30326
Phone: 770-955-0100
steve@mixon-law.com