IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTT W. MCMICKLE, HUNTER S. MCMICKLE<br><br>    Plaintiffs,<br><br>v.<br><br>SARA BRAGDON, AKRIDGE & BALCH, P.C.<br><br>    Defendants. | CASE NO. |

**COMPLAINT FOR DAMAGES**
**JURY DEMAND**

COME NOW, SCOTT W. MCMICKLE and HUNTER S. MCMICKLE and hereby file this Complaint against Defendants SARA BRAGDON and AKRIDGE & BALCH, P.C. ("Defendants"), showing the Court as follows:

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction as the claim arises under federal law – the FDCPA, and this Court has personal jurisdiction over Defendants.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

M1048243.2 16569

## PARTIES

4. Plaintiffs, SCOTT W. MCMICKLE and HUNTER S. MCMICKLE, are natural persons, and citizens of the State of Georgia, residing in Fulton County, Georgia.

5. Defendant, SARA BRAGDON ("Bragdon") is an attorney for defendant AKRIDGE & BALCH, P.C. ("Akridge"), which represents and collects debts for 360 Management, LLC, and is a resident of Alabama. Defendant Bragdon may be personally served at 852 North Dean Road, Suite 100, Auburn, Alabama 36830.

6. Defendants, BRAGDON and AKRIDGE ( collectively "Defendants"), on behalf of 360 Management, LLC, collect and attempt to collect debts from college students and other tenants and guarantors of 360 Management.

7. Defendant BRAGDON is a "debt collector" as defined in the FDCPA.

8. Defendant BRAGDON was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. Defendant, AKRIDGE & BALCH, P.C. is a law firm with its principal place of business at 852 North Dean Road, Auburn, Alabama, 36830. Defendant AKRIDGE & BALCH, P.C. may be served through its registered agent, Russell C. Balch at 852 North Dean Road, Suite 100, Auburn, Alabama 36830.

10. At all times relevant to this action, Defendants were acting as debt collectors on behalf of their client.

## FACTUAL ALLEGATIONS

11. On May 3, 2021, Scott McMickle agreed to act as a guarantor on a lease agreement with 360 Management. The term of the leasing period was from August 1, 2021 through July 31, 2022.

12. On May 11, 2023, Defendants filed suit in the Small Claims Court of Lee County, Alabama against Plaintiffs and other tenants for One Thousand Five Hundred Two Dollars ($1,502.00) for "painting, carpet cleaning, maintenance and cleaning beyond normal wear and tear." A copy of the original complaint is attached hereto as Exhibit 1.

13. Additionally, the Defendants demanded reasonable attorney's fees plus court costs, "per the terms of the lease", in direct violation of Ala. Code § 35-9A-163.

14. Before filing the underlying lawsuit, Defendants were aware of and had knowledge that the lease agreement did not actually contain a provision requiring payment of attorney's fees.

15. Before filing the underlying lawsuit, Defendants were aware of and familiar with Ala. Code § 35-9A-163 which is part of Alabama's Uniform and

Residential Landlord and Tenant Act.

16. Before filing the underlying lawsuit, Defendants knew that Ala. Code § 35-9A-163 expressly prohibited enforcement of a provision in a rental agreement containing provisions known by the landlord to be prohibited, including provisions whereby the tenant "agrees to pay the landlord's attorney's fees or costs of collection."

17. The full text of Ala. Code § 35-9A-163 provides as follows:

> Ala.Code 1975 § 35-9A-163
>
> § 35-9A-163. Prohibited provisions in rental agreements.
>
> Currentness
>
> (a) A rental agreement may not provide that the tenant:
>
> (1) agrees to waive or forego rights or remedies established under Section 35-9A-204, 35-9A-401, or 35-9A-404, or requirements of security deposits established by this chapter or under the law of unlawful detainer;
>
> (2) authorizes any person to confess judgment on a claim arising out of the rental agreement;
>
> (3) agrees to pay the landlord's attorney's fees or cost of collection; or
>
> (4) agrees to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith.
>
> (b) A provision prohibited by subsection (a) included in a rental agreement is unenforceable. If a landlord seeks to enforce a provision in a rental agreement containing provisions known by the landlord to be prohibited, the tenant may recover in addition to actual damages an amount up to one month's periodic rent and reasonable attorney's fees.

18. Defendants, on behalf of 360 Management in the underlying lawsuit, specifically pled for the recovery of "attorney's fees and court costs, per the terms of the lease" as indicated in Paragraph 6 of 360 Management, LLC's Lawsuit

(Exhibit 1).

19. Defendants attempted to intimidate Plaintiffs into foregoing their security deposit and to improperly recover their attorney's fees by claiming that the lease agreement contained an attorney's fees provision, although no such provision existed in the present lease agreement and is illegal to include in any leasing agreement in Alabama according to Ala. Code § 35-9A-163.

## **FAIR DEBT COLLECTION PRACTICES ACT**

20. Because the Defendants attempted to enforce a provision that was nonexistent, illegal, and unenforceable according to Alabama law, the Defendants violated the FDCPA, 15 U.S.C. 1692(e).

21. 15 U.S.C. 1692(e), in relevant part, provides as follows:

Effective: September 30, 1996

15 U.S.C.A. § 1692e

### § 1692e. False or misleading representations

Currentness

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of--

   (A) the character, amount, or legal status of any debt; or

   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

22. By threatening to enforce the nonexistent and illegal attorney's fees provision of the leasing agreement through legal action, Defendants' conduct violated the FDCPA by threatening to take action that cannot legally be taken, according to 15 U.S.C. 1692(e)(5).

23. By attempting to enforce the nonexistent and illegal attorney's fees provision of the leasing agreement through legal action, Defendants' conduct violated the FDCPA by falsely representing the legal status of the lessees' debt, according to 15 U.S.C. 1692(e)(2).

24. In paragraphs 7 and 8 of the Defendants' amended complaint in the underlying lawsuit, Defendants recognized that they knew attorney's fees provisions are unenforceable and illegal to include in a lease agreement in Alabama and falsely claimed that the demand for attorney's fees in their original complaint was "simply a clerical error." A copy of the amended complaint is attached hereto as Exhibit 2.

25. However, Defendants, in their ordinary course of business, have repeatedly collected and attempted to collect attorney's fees and court costs from an undetermined number of tenants, a group largely comprised of inexperienced and unsophisticated college students, by falsely claiming that their lease agreement contains an enforceable attorney's fees provision.

    a. For example, Defendants have, in direct violation of Ala. Code § 35-9A-163, obtained a default judgment against a defendant named Kayla Dennis in Alabama state Court under file number 2022-SM-901548.00 that included $1,118.09 in attorney's fees. Incredibly, Defendants, on behalf of 360 Management, LLC, are currently seeking to garnish Kayla Dennis' bank accounts in an attempt to capitalize on its scheme to illegally recover attorney's fees from poor college students that do not have the means to contest Defendants' claims. A

copy of the complaint and docket re default judgment against Kayla Dennis is attached hereto as Exhibit 3.

b. As another example, Defendants have, in direct violation of Ala. Code § 35-9A-163, obtained a default judgment against a defendant named Destiny Warren in Alabama state Court under file number 2021-SM-901236 that included $1,222.17 in attorney's fees. A copy of the complaint and docket re default judgment against Destiny Warren is attached hereto as Exhibit 4.

c. Upon information and belief, the docket of Lee County has numerous lawsuits filed by Defendants that include claims for attorney's fees against tenants in direct violation of Ala. Code § 35-9A-163.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor Plaintiffs and against Defendants Sara Bragdon and Akridge & Balch, P.C. for:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Attorney's fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Punitive damages pursuant to the FDCPA, up to $500,000.00 or

1% of Defendant Akridge & Balch, P.C.'s net worth, whichever is less; and

e.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

This 5th day of July 2023.

                        MCMICKLE, KUREY & BRANCH, LLP

                        */s/ Paschal Glavinos*
                        PASCHAL GLAVINOS
                        Georgia Bar No. 817127
                        ***Attorney for Plaintiff***
                        217 Roswell Street, Suite 200
                        Alpharetta, Georgia  30009
                        Telephone:  (678) 824-7800
                        Facsimile:  (678) 824-7801
                        pglavinos@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in 14-point, Times New Roman font.

*/s/ Paschal Glavinos*
PASCHAL GLAVINOS