# EXHIBIT B

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARGARET GORNEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GEORGIA CVS PHARMACY, LLC., )<br>AND CVS PHARMACY, INC. )<br>)<br>    Defendant, )<br>_____) | CIVIL ACTION<br>FILE NO: _____<br><br>JURY DEMAND TRIAL |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT GEORGIA CVS PHARMACY, LLC.**

COMES NOW, Margaret Gorney, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff hereby requests that Defendant Georgia CVS Pharmacy, LLC., ("Defendant" or "Defendant CVS") respond separately in writing and under oath and in accordance with the Georgia Civil Practice Act, within forty-five (45 days of service hereof at the offices of Plaintiff's counsel, THE MCCLOUD FIRM, LLC., 1250 Scenic Highway S., Suite 1701-321, Lawrenceville, Georgia 30045, or at such other time, date and location agreed to between counsel for the parties. Plaintiff hereby requests that Defendant produce for inspection and copying the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, and attorneys.  This Request for Production of Documents shall be deemed continuing in nature, requiring a supplemental response upon discovery of other or further information or documents affecting your response hereto.

## DEFINITIONS AND INSTRUCTIONS

  A. These interrogatories, requests for production, and requests for admission shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

  B. The following definitions shall apply to this request.

  1. "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

  2. "Person" means any natural person, corporation, partnership, proprietorship,

association, governmental entity, agency, group, organization or group of persons.

3.      "Incident" means the injury/ies to Plaintiff that occurred when Plaintiff slipped and fell on or about July 20, 2021.

4.      "Plaintiff" means Margaret Gorney.

5.      "Defendant" means Georgia CVS Pharmacy, LLC

6.      "Premises" means the CVS Pharmacy, Defendant operates located at 5755 Rockbridge Rd, Stone Mountain, Georgia 30087. Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D.      If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.  If your response is qualified in any particular, please set forth the details of such qualifications.

E. In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## INTERROGATORIES

1.

Please identify the person or persons responding to these interrogatories by giving your full name, residence, business address and occupation, and, if Defendant is a corporation, the office you hold with defendant.

2.

Please identify each employee working or on duty when Plaintiff was injured.

3.

Please identify each person who actually witnessed the incident that is the subject matter of the Complaint.

4.

Please identify each person who appeared on the scene of the incident immediately after the incident that is the subject matter of the Complaint.

5.

Please identify all other persons who appeared at the scene because of the incident.

6.

Please identify all other persons who appeared at the scene because of the incident.

7.

Please identify each person or persons responsible for the maintenance of the subject premises as of the date of the incident which is the basis of this litigation.

8.

Provide a detailed factual basis for each defense asserted by the Defendant in its Answer to Plaintiff's Complaint.

9.

If you contend or believe that some other person or entity is liable to the Plaintiff in this case because of the incident described in Plaintiff's Complaint, please identify that person or entity.

10.

Please describe the physical condition of the subject flooring on the premises on the last occasion that it/they were inspected before the incident.

11.

Please describe the physical condition of the subject flooring on the premises on the first occasion that it/they were inspected following the incident which is the basis of this litigation.

12.

Please state whether you had any knowledge that any condition existed at the subject premises which could cause the incident.

13.

If your answer to Interrogatory No. 12 was yes, please set forth whether any remedial or corrective action was taken upon the acquisition of that knowledge and the date thereof.

14.

Please state whether you or anyone to your knowledge made any repair or correction to the flooring located on the premises which is the subject of this litigation.

15.

If your answer to Interrogatory No. 14 was yes, please set forth the nature of the repair or correction and the date thereof.

16.

If your answer to Interrogatory No. 15 was yes, please identify each person who participated in the repair or correction.

17.

Please state whether you or anyone on your behalf regularly inspected the premises and flooring prior to the incident which is the basis of this litigation?  If not, please explain in detail why no such inspection/s was conducted.

18.

If your answer to Interrogatory No. 17 was yes, please set forth a general description of what said inspection included. Also, please state the full name of the person or persons who conducted said inspection/s.

19.

Please state whether you transmitted any warning to the Plaintiff in regard to Plaintiff's use subject premises prior to the incident which is the basis of this litigation and if so, was said

warning in writing?

20.

Do you deny that at the time of the subject incident the flooring which injured the Plaintiff on the premises which is the basis of this litigation was in good repair and free of any foreign objects on the date of the incident?

21.

Do you contend for any reason that you as an owner/occupier may waive or avoid any of the rights, or duties relating to the liability of an owner/occupier for failure to maintain said premises that are the basis of this litigation?  If so, what do you contend is the basis for said waiver or avoidance?

22.

Do you deny that at the time of the subject incident Plaintiff was a member of the class of persons protected by the provisions relating to owner/occupier liability for failure to keep premises in repair?  If so, what is the basis for said denial?

23.

Please identify each expert expected to testify at trial on your behalf and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.  See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I).  Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts.  The trial court has the power to exclude any expert, or any expert testimony not fairly disclosed in your answer to this Interrogatory.

24.

Do you claim that the occurrence in question was in any way caused by the Plaintiff? If so, state the details of what the plaintiff did to cause this incident.

25.

Please identify each person known to Defendant who has been injured as a result of a fall on Defendant's premises within ten (10) years of the incident that is subject of Plaintiff's Complaint.

26.

Please identify any other person who has filed a lawsuit against Defendant as a result of an injury sustained by falling at any of Defendant's premises, providing for each such lawsuit the name of the plaintiff and the case, the case style and caption, and the addresses of the lawyers involved in those other cases. This Interrogatory shall be limited to the same time Interrogatory No. 25.

27.

Please identify by name and address all other persons who have complained orally or in writing to Defendant that they were injured as a result of a fall on Defendant's premises within five (5) years of the incident that is the subject matter of Plaintiff's Complaint.

28.

Do you, your attorney, insurance carrier or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the incident alleged in the complaint, the scene of the incident, or the person involved made either before, after or at the time of the incident in question? If so, as to

each such item, state:

    (a)    Its specific subject matter;

    (b)    The date it was made or taken;

    (c)    The name and last known address of the person making or taking it: and

    (d)    The name and address of the person having custody of this item.

29.

Please identify any OSHA or regulatory or safety complaints or memos or writings sent to Defendant about injuries or safety that pertains to unsafe premises within five (5) years of the incident that is subject matter of Plaintiff's Complaint.

30.

Please identify the person or persons responsible for establishing corporate policy about maintaining safe premises.

31.

Identify the overall head of Defendant's corporate safety division or department.

32.

Identify the person in charge of safety and safety training at the premises where the incident occurred.

33.

Identify the person or agent of Defendant responsible for the investigation into the incident that is the subject of Plaintiff's Complaint.

34.

Please identify all warnings utilized by Defendant to prevent the incident described in Plaintiff's Complaint.

35.

Please identify the name and contact information for the individual responsible to inspect the area where the incident occurred for hazards.

36.

Please identify when the last inspection referenced in Interrogatory No. 35 took place prior to the incident and identify any documentation memorializing same.

This 5th day of June 2023

                                           Respectfully submitted,
**THE MCCLOUD LAW FIRM**

*/s/ Pamela N. McCloud*
Pamela N. McCloud
Georgia Bar No.: 311073
Attorney for Plaintiff

1250 Scenic Hwy, S.
Ste. 1701-321
Lawrenceville, Georgia 30045
Phone: 678-648-0t648
Fax: 678-379-6060
Email: pammccloud@mccloud-law.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARGARET GORNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: _____ |
| GEORGIA CVS PHARMACY, LLC., | ) | |
| AND CVS PHARMACY, INC. | ) | JURY DEMAND TRIAL |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

## **REQUESTS FOR ADMISSION**

1.

You have been properly identified in the Complaint.

2.

You were properly served with the Summons and Complaint for this matter.

3.

Dekalb County is the proper venue for this matter.

4.

This Court has jurisdiction over you.

5.

On June 20, 2021, you operated a store known as CVS Pharmacy, LLC located at 5755 Rockbridge Rd, Stone Mountain, Georgia 30087.

6.

At the time of the incident involving Plaintiff, you owed Plaintiff a duty to keep the premises in repair and safe for invitees, such as Plaintiff.

7.

At the time of the incident, you breached the duty of care you owed to the Plaintiff.

8.

As a result of the incident Plaintiff was injured.

9.

Plaintiff was not negligent in any way related to the incident.

10.

At the time of the incident, Plaintiff exercised due care for her own safety.

11.

Plaintiff incurred medical expenses as a result of the incident leading to this lawsuit.

12.

Plaintiff's treatment following this incident was reasonable.

This 5TH. day of June 2023

                                      Respectfully submitted,

                                      **THE MCCLOUD LAW FIRM**

                                      */s/ Pamela N. McCloud*
                                      Pamela N. McCloud
                                      Georgia Bar No.: 311073
                                      Attorney for Plaintiff

1250 Scenic Hwy, S.
Ste. 1701-321
Lawrenceville, Georgia 30045
Phone: 678-648-0t648
Fax: 678-379-6060
Email: pammccloud@mccloud-law.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARGARET GORNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: _____ |
| GEORGIA CVS PHARMACY, LLC., | ) |
| AND CVS PHARMACY, INC. | ) JURY DEMAND TRIAL |
| | ) |
| Defendant, | ) |
| _____ | ) |

### PLEASE PRODUCE THE FOLLOWING DOCUMENTS:

### INSURANCE

1.

Please state whether you are insured under a policy of insurance for any liability resulting from the incident that is the basis of this litigation. If so, then with respect to each insurer, please provide the following:

(a) Each insurer's name and address including any and all umbrella carriers;

(b) Number of the insurance policy;

(c) Name of the insured party or parties; and

(d) The limit of liability with respect to each person (claimant) and with respect to each occurrence.

All statement(s) a party has given to some person and/or entity including his liability insurance carrier but not statements made to his or her attorney.

## VIDEO RELATING TO SUBJECT OCCURRENCE

2.

A complete copy of any and all videotape turned over or provided to any law enforcement officer or agency relating to the subject occurrence.

3.

A complete copy of any and all videotape that shows any part of the subject occurrence.

4.

A complete copy of any and all videotape that shows or tends to show how many patrons were inside the department store at the time of the subject occurrence.

5.

A complete copy of a drawing, schematic, illustration or photograph of the interior layout of the department store as it existed at the time of the subject occurrence.

## INVESTIGATION OF SUBJECT OCCURRENCE

6.

A complete copy of each and every incident report relating to the subject occurrence.

## STATEMENTS PERTAINING TO SUBJECT OCCURRENCE

7.

A complete copy of all witness statements pertaining to the subject occurrence, including of CVS employees or agents.

## AFFIRMATIVE DEFENSE(S)

8.

A complete copy of each and every document that you contend supports each affirmative defense you are asserting in this action.

## MARGARET GORNEY AS AN INVITEE

9.

A complete copy of each and every document that you contend supports or tends to support that Margaret Gorney was not an invitee at the time of the subject occurrence.

10.

A complete copy of each and every document that you contend supports or tends to support that at the time of the subject occurrence Margaret Gorney was on Defendant CVS's premises for an unlawful purpose.

## MARGARET GORNEY AT FAULT

11.

A complete copy of each and every document that you contend shows or tends to show that Margaret Gorney caused the subject occurrence.

12.

A complete copy of each and every document that you contend shows or tends to show that Margaret Gorney contributed to the following occurrence.

## APPORTIONMENT

13.

A complete copy of each and every document that you contend shows or tends to support

your claim or contention that fault for Margaret Gorney's damages should be apportioned to any person or persons not named as a party to this action.

## **MARGARET GORNEY'S INJURIES**

14.

A complete copy of each and every document that you contend shows or tends to show that Margaret Gorney did not suffer physical injuries as a result of the subject occurrence.

15.

A complete copy of each and every document that you contend shows or tends to show that Margaret Gorney has exaggerated injuries she claims to have suffered in the subject occurrence.

16.

A complete copy of each and every document that you contend shows or tends to show that any injury Margaret Gorney claims resulted from the subject occurrence was a pre-existing injury or pre-existing condition.

## **MARGARET GORNEY'S DAMAGES**

17.

A complete copy of each and every document that you contend shows or tends to show that Margaret Gorney suffered no damage as a result of the subject occurrence.

18.

A complete copy of each and every document that you contend supports or tends to support that Margaret Gorney has exaggerated her damages she claims to have incurred as a result of the subject occurrence.

## CVS DOCUMENTS

19.

A complete copy of each employee handbook for CVS in force and effect on the date of the subject occurrence.

20.

A complete copy of each and every OSHA or regulatory or safety standard in force and effect on the date of the subject occurrence.

21.

A complete copy of each and every policy and procedures manual for CVS in force and effect on the date of the subject occurrence.

22.

A complete copy of each and every training manual for CVS employees and/or agents in force and effect on the date of the subject occurrence.

23.

All CVS corporate policies about maintaining safe premises.

24.

A document showing the duties and responsibilities, by title, of each category of employees employed at CVS on the date of the subject occurrence.

## DOCUMENTS RELATING TO CVS EMPLOYEES

25.

A complete copy of the training file of all CVS employees on duty at the time of the subject occurrence.

26.

A copy of the personnel file of the manager on duty on June 20, 2021.

27.

A complete copy of the training file of the manager on duty on June 20, 2021.

**EXPERT WITNESS**

28.

All reports prepared by any expert witness that you may have identified in your responses to Defendants First Interrogatories to Plaintiff, including which expert prepared the report.

**PRIOR INCIDENTS**

29.

For each instance in which a person experienced a slip and fall injury at the CVS location involved in the subject incident, please provide a copy of each and every corresponding incident report.  This Request covers the five-year period prior to the date of the subject occurrence.

30.

For each instance in which a person experienced a slip and fall injury at the CVS location involved in the subject incident, please provide a complete copy of each and every corresponding witness statement.  This Request covers the five-year period to the date of the subject occurrence.

**CHANGES MADE IN RESPONSE TO PRIOR INCIDENT(S)**

31.

A complete copy of each and every written change in CVS's policies, procedures, or

practices resulting from the discharge of a slip and fall on CVS's premises. This Request covers the five-year period prior to the date of the subject occurrence.

## **PUNITIVE DAMAGES**

32.

A complete copy of each and every document that you contend supports or tends to support that no basis for punitive damages exists in this action.

This 5TH, day of June 2023

                                            **THE MCCLOUD LAW FIRM**

                                            */s/ Pamela N. McCloud*
                                            Pamela N. McCloud
                                            Georgia Bar No.: 311073
                                            Attorney for Plaintiff

1250 Scenic Hwy, S.
Ste. 1701-321
Lawrenceville, Georgia 30045
Phone: 678-648-0t648
Fax: 678-379-6060
Email: pammccloud@mccloud-law.com