2023CV00755                                                               e-Filed 3/29/2023 6:14 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Pamela Tubner

**Plaintiff**

Vs.

THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC (dba Premier Garden Apartments) and ABC CORPORATION (1-2)

**Defendant**

2023CV00755

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Kuveikis Law, P.C.
4390 Pleasant Hill Road, Suite F
Duluth, GA 30096

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: _Hannah Lowery_____
Deputy Clerk

Case 1:23-mi-99999-UNA   Document 2142-5   Filed 07/05/23   Page 2 of 9

2023CV00755                                                         e-Filed 3/29/2023 6:14 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

PAMELA TUBNER,
    Plaintiff,

v.

THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC (dba PREMIER GARDEN APARTMENTS) and ABC CORPORATION (1-2),
    Defendants.

CIVIL ACTION
FILE NO. 2023CV00755

## COMPLAINT FOR DAMAGES

NOW COMES PLAINTIFF **PAMELA TUBNER** and makes and files her Complaint, against Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC (dba PREMIER GARDEN APARTMENTS)** and Defendant **ABC CORPORATIONS (1-2)** and in support thereof, show this Court as follows:

1.

On or about July 29, 2022, **PAMELA TUBNER** was severely injured when she fell through the floor of her apartment at Premier Garden Apartments at 639 Garden Walk Blvd, Atlanta, GA 30349.

2.

Plaintiff **PAMELA TUBNER** is a resident of Clayton County, Georgia.

3.

Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC** is a Georgia corporation and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC** by serving its registered agent Candice Jackson at 732 Main Street, Forest Park, Georgia, 30297.

4.

Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC** has been properly served with process in this action.

5.

Jurisdiction and venue are proper as to Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC.**

6.

Defendants **ABC CORPORATIONS (1-2)** are additional entities that engaged in the torts and intentional torts against Plaintiff. Defendants **ABC CORPORATIONS (1-2)** are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all allegations and claims made in this Complaint against any other Defendant against Defendants **ABC CORPORATIONS (1-2)**. Defendants **ABC CORPORATIONS (1-2)** will be named and served with the Summons and Complaint once their identity is revealed.

7.

At all times herein, Defendant **THE HOUSING AUTHORITY OF CLAYTON COUNTY FACILITIES HOLDING COMPANY, LLC** owned, operated, controlled and/or managed the premises located at 639 Garden Walk Blvd, Atlanta, GA 30349, known at that time as Premier Garden Apartments.

8.

On July 29, 2022, **PAMELA TUBNER** was lawfully and properly on the property as a resident of Premier Garden Apartments.

9.

On July 29, 2022, Pamela Tubner exited the bedroom of her apartment and walked into the hallway.

10.

Without warning, the floor below her feet caved in and Plaintiff fell into a hole caused by the rotten plywood beneath her carpet.

11.

At all times relevant to this matter at said location and on said date, Plaintiff **PAMELA TUBNER** exercised reasonable care for his own safety.

12.

Defendants breached their duty owed to Plaintiff **PAMELA TUBNER** by failing to exercise ordinary care to keep its premises safe.

13.

On the date of the incident, Defendants negligently created a hazardous and dangerous condition.

14.

Defendants knew that its conduct involved an unreasonable risk to residents at the subject property.

15.

Prior to and on July 29, 2022, the subject premises were negligently maintained, inspected and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, inspect, repair and manage said premises, but failed to exercise ordinary care.

16.

Defendants had actual and constructive knowledge of the defective air conditioner and wet floor in Plaintiff's apartment and negligently failed to repair the problems.

17.

At all times mentioned herein, Defendants controlled the management of the property and had the legal duty to keep the premises in a state consistent with due regard of the safety of their invitees, including Plaintiff **PAMELA TUBNER**. Defendants breached these duties to Plaintiff **PAMELA TUBNER** and failed to act as similarly situated businesses would in like circumstances.

18.

Defendants were negligent in failing to maintain, inspect, repair and manage the premises at issue, thereby creating an unreasonable risk of injury to their invitees and residents, including Plaintiff **PAMELA TUBNER**.

19.

Defendants knew of or with the exercise of due care for the safety of their invitees should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol and manage the premises and that said conditions were likely to result in the injuries suffered by the Plaintiff **PAMELA TUBNER**.

20.

Defendants were and are negligent *per se*.

21.

Defendants were negligent and said negligence proximately caused Plaintiff **PAMELA TUBNER'** injuries in the following ways, to-wit:

a) Violation of O.C.G.A. §51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises;

c) In failing to warn of the latent dangers on the premises;

d) In failing to properly train and supervise their employees in regard to the maintenance and safety of said premises;

e) In failing in properly retaining, entrusting, hiring, training and supervising said employees;

f) In failing to ensure business policies, systems and security were being adequately followed and implemented; and,

22.

Defendants had actual and constructive knowledge of the dangerous and hazardous conditions existing on the premises due to the direct knowledge of its employees and agents.

23.

Defendants knew or should have known that Plaintiff and her guests faced the risk of falling through the floor.

24.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting and warning of the problems with Plaintiff's air conditioning and damaged floor and negligently maintained the subject property.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to its agents and employees. Said negligence was a proximate cause of injuries to Plaintiff **PAMELA TUBNER.**

26.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff **PAMELA TUBNER,** and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

27.

Defendants' negligence was a cause in fact and a proximate cause Plaintiff **PAMELA TUBNER'S** injuries.

28.

Defendants are liable for the injuries sustained by Plaintiff **PAMELA TUBNER** including pain and suffering, and all other elements of damages allowed under the laws of

the State of Georgia. Defendants are liable to Plaintiff directly, as well as under theories of respondeat superior and agency principles.

29.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff **PAMELA TUBNER** received serious injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Past, present, and future lost wages;

d) Past, present, and future medical expenses;

e) Disability;

f) Disfigurement;

g) Mental anguish;

h) Lost ability to labor;

i) Loss of the capacity for the enjoyment of life;

j) Incidental expenses;

k) Permanent injuries; and

l) Consequential damages to be proven at trial.

30.

Plaintiff **PAMELA TUBNER** is entitled to recover for the injuries and conscious pain and suffering sustained, any medical expenses, and all other elements of damages allowed under Georgia law. Plaintiff **PAMELA TUBNER** is also entitled to recover punitive damages

from the Defendants. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law.

31.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their employees were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences.

32.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

33.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all above stated acts were the proximate causes of the injuries of PAMELA TUBNER. Plaintiff states his intention to seek and assert all permissible claims, and all damages recoverable under Georgia law.

WHEREFORE, Plaintiff respectfully prays that:

1) Process issue as provided by law;

2) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

4) Plaintiff recover any and all damages allowed by law, including for conscious pain and suffering, as well as all general, special, compensatory and economic damages from Defendants, and punitive damages from Defendants, in accordance with the enlightened conscience of an impartial jury;

5) Plaintiff has a trial by jury; and

6) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted this 29th day of March, 2023.

                   KUVEIKIS LAW, P.C.

                   /s/ Joseph F. Kuveikis
                   Joseph F. Kuveikis, Esq.

*Kuveikis Law, P.C.*
*Georgia & Florida Personal Injury Attorneys*
4390 Pleasant Hill Road, Suite F
Duluth,Georgia30096
☎ (678) 561-2426