IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KCL RESOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.),<br><br>    Defendant. | Civil Action File<br>No. _____ |

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, National Association (Inc.) ("Wells Fargo") hereby removes this action from the State Court of Fulton County, Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, showing the Court as follows:

## INTRODUCTION

This case is properly removable because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

## PROCEDURAL HISTORY

Plaintiff KCL Resolutions, LLC, ("Plaintiff") commenced this action on June 1, 2023 by filing its Complaint for Damages in the State Court of Fulton County,

51119193 v1

Civil Action File Number 23EV003280. Plaintiff filed its First Amended Complaint for Damages (the "Amended Complaint") on June 2, 2023. Wells Fargo was served with the Amended Complaint through its registered agent on June 6, 2023. Plaintiff alleges that it deposited $92,500 from a Cashier's Check (the "Funds") into its Wells Fargo bank account on May 15, 2023. (*Id.* at ¶ 6-7). Plaintiff further alleges that it received a letter on May 16, 2023 stating that the Funds would be held until May 24, 2023 due to a belief that the Funds may not be paid. (*Id.* at ¶ 8). The Amended Complaint alleges that the May 16, 2023 letter also states that if the Funds are returned, Wells Fargo would mail a notice the same day and deduct the amount of the Funds from the account. (*Id.*).

Plaintiff then alleges that on May 24, 2023, believing it safe to make a withdrawal against the Funds, Plaintiff wired $88,000 from its account to another party. (*Id.* at ¶ 10). However, on May 25, 2023, Wells Fargo allegedly deducted $92,500 from Plaintiff's account as the Funds has been returned due to the cashier's check being counterfeit. Plaintiff seeks $88,000 in actual damages for the money transferred, as wells as punitive damages and attorney's fees (Amended Complaint, ¶¶ 16, 22-26). Wells Fargo vehemently denies Plaintiff's allegations and claims.

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable.  See 28 U.S.C. §

1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.  Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, will be promptly filed with the Clerk of the State Court of Fulton County, Georgia. A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits thereto) as Exhibit "A."  The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. Complete copies of all documents filed by Plaintiff in the State Court to date are attached hereto as Exhibit "B."

## DIVERSITY JURISDICTION

This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The State Court of Fulton County, Georgia is a state court within this judicial district and division. *See* 28 U.S.C. § 90(b)(3). Further, this Court has original jurisdiction under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

        A.        **Diversity of Citizenship of the Parties**

Corporate diversity of citizenship exists between Plaintiff and Wells Fargo. Plaintiff has its principal office address Georgia. (Amended Complaint, ¶ 1). For purposes of diversity jurisdiction, a national banking association such as Wells Fargo is deemed to be a citizen of the state where it is located. *See Hill v. Bank of America Corp.*, No. 1:06-CV-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006); *see also* 28 U.S.C. § 1348; *Arthur v. J.P. Morgan Chase Bank, NA*, 569 F. App'x 669, 673 (11th Cir. 2014) ("A national banking association is a citizen of the state where it is 'located.'") (citing 28 U.S.C. § 1348). For purposes of 28 U.S.C. § 1348, it is well settled that a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006). Wells Fargo is a national banking association with its principal place of business in South

Dakota. Accordingly, Wells Fargo is a citizen of South Dakota, and is not a Georgia citizen for purposes of determining diversity jurisdiction. Because Plaintiff is a citizen of Georgia and Wells Fargo is a citizen of South Dakota, there can be no question that complete diversity of citizenship exists between Plaintiff and Wells Fargo.

### B. Amount in Controversy

Diversity jurisdiction is also proper because it is apparent from the face of the Complaint that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs. The Eleventh Circuit has held that "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (removal is proper when "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

In the Complaint, Plaintiff alleges it has $88,000 in actual damages due to a withdrawal of funds from its account. (Amended Complaint, ¶ 16). Plaintiff also seeks punitive damages and attorney's fees. as wells as punitive damages and attorney's fees (*Id.* at 22-26). It is well established that "[w]here both actual

and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) (considering a plaintiff's claim for punitive damages despite only alleging a claim for actual damages of $1,000 because there is no need for "punitive and actual damages [to] bear a definite mathematical relationship" and because based on the plaintiff's allegations the court was "unable to say that under [the plaintiff's] complaint evidence could not be introduced at trial justifying a jury verdict for actual and punitive damages" exceeding the jurisdictional threshold). Further, the Eleventh Circuit has held that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331, 1341 (N.D. Ga. 2014) (explaining that a claim of punitive damages must be considered in determining the amount in controversy).

Thus, it is clear from the Complaint and Plaintiff's allegations against Wells Fargo that the amount in controversy in this action far exceeds $75,000, exclusive of interest and costs. Accordingly, this case is properly removable because it is between citizens of different states (*i.e.*, South Dakota and Georgia), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Wells Fargo has not

previously sought similar relief. Wells Fargo further reserves the right to supplement this Notice of Removal to add any jurisdictional defenses that may independently support a basis for removal. Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Wells Fargo's rights to assert any affirmative defenses available under any Georgia law, federal statute or otherwise.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Wells Fargo respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Wells Fargo further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the State Court of Fulton County, Georgia, be hereby stayed.

Respectfully submitted, this 6th day of July, 2023.

**BURR & FORMAN LLP**

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597

171 17th Street NW
Suite 1100
Atlanta, Georgia 30363

gcallanan@burr.com
COUNSEL FOR WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)

Telephone: (404) 815-3000
Facsimile: (404) 817-3244

51119193 v1                                             8

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2023, a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to their office address via first class United States mail, postage prepaid, addressed as follows:

> KCL Resolutions, LLC
> c/o Kasey Libby
> 1579 Monroe Dr. NE, F-315
> Atlanta, Georgia 30309

**BURR & FORMAN LLP**

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
COUNSEL FOR WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)

171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244