# EXHIBIT B

Case 1:23-mi-99999-UNA   Document 2145-2   Filed 07/06/23   Page 2 of 19

State Court of Fulton County
**E-FILED**
23EV003280
6/1/2023 4:03 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KCL RESOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, NATIONAL ) <br> ASSOCIATION (INC.), ) <br> ) <br> Defendant. ) | Civil Action File No. _____ |

## COMPLAINT FOR DAMAGES

KCL Resolutions, LLC ("Plaintiff") hereby files this Complaint against Wells Fargo Bank, National Association (Inc.) ("Defendant") pursuant to O.C.G.A. § 51-5-1, and shows the Court the following:

**Parties, Jurisdiction and Venue**

1.

Plaintiff has its principal office address in Fulton County, Georgia.

2.

Defendant has its principal office address in California. Defendant operates its business in Georgia and, therefore, is subject to the jurisdiction of this Court. Defendant can be served by delivering a copy of this Complaint with a Summons to its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

This Court is the appropriate venue for this action pursuant to O.C.G.A. § 14-2-510 because the claims in this Complaint are based in tort, and the cause of action originated in Fulton County, Georgia.

**Statement of Facts**

4.

On May 1, 2023, Plaintiff was retained by a person who presented himself as Bryan Gilbert to enforce payment of a promissory note.

5.

Plaintiff contacted who Plaintiff understood to be Kristy Yun, the maker of the promissory note, regarding Gilbert's demand for payment, and was told partial payment would be made immediately to avoid litigation, and that payment would come from her investment account held with Franklin Templeton Investment Corp.

6.

Plaintiff received a cashier's check in the amount of $92,500 ("the Cashier's Check") on or about May 12, 2023.

7.

Plaintiff presented the Cashier's Check to Wells Fargo for deposit on May 15, 2023.

8.

On May 16, 2023, Wells Fargo sent a letter to Plaintiff stating was "delaying the availability of the funds from [the Cashier's Check] because we believe the check(s) may not be paid." The letter further stated, "We will be holding these funds until [May 24, 2023]. A hold means that although the check amount is credited to your account, the funds are not available for your use. To help avoid overdrawing your account and incurring overdrafts and/or returned item (non-sufficient funds/NSF) fees, during this time please do not make withdrawals or write checks against these funds . . . ." The letter further stated, "If the Cashier's Check] is returned, we will mail a notice to you the same day and deduct the amount of the check(s) from your account." A

true and correct copy of the May 16, 2023 letter is attached hereto as Exhibit A.

9.

Plaintiff's account was credited with the $92,500 in funds from the Cashier's Check ("the Funds") the same day. However, based on Defendant's representation that Plaintiff should not make any withdrawals against the Funds until May 24, 2023, Plaintiff did not make any withdrawals against the Funds until May 24, 2023.

10.

On May 24, 2023, at Gilbert's request, and relying on Defendant's representation that Plaintiff was safe to make a withdrawal against the Funds, Plaintiff wired $88,000 to an account at Bank of America at Gilbert's direction.

11.

On May 25, 2023, Wells Fargo deducted $92,500 from Plaintiff's account, stating the Cashier's Check had been returned because it was counterfeit.

Upon information and belief, either the Cashier's Check was returned either prior to May 24, 2023 and Defendant failed to notify Plaintiff it had been returned, or the Cashier's Check was returned on or after May 24, 2023 and Defendant failed to notify Plaintiff prior to May 24, 2023 that the Cashier's Check still may not be paid and to continue to refrain from making withdrawals against the Funds.

**Count One: Negligence**

12.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

13.

Defendant owed a duty to notify Plaintiff prior to May 24, 2023 either (1) the check had been returned or (2) the Cashier's Check still may not be paid and to continue to refrain from making withdrawals against the Funds due to Defendant's concern that the check still might not be paid.

14.

Defendant breached its duty to Plaintiff.

15.

Defendant's breach caused Plaintiff to make a withdrawal against the Funds by wire transfer to Gilbert.

16.

Plaintiff was damages by such withdrawal in the amount of $88,000.

**Count Two: Negligent Misrepresentation**

17.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

18.

Defendant negligently supplied false information to Plaintiff, namely that Plaintiff, after a 9-day hold period put in place by Defendant following the deposit of the Cashier's Check that Defendant was concerned would not be paid, could make withdrawals against the Funds on May 24, 2023.

19.

Defendant should have foreseen Plaintiff would rely on such information.

20.

Plaintiff reasonably relied upon the false information.

21.

Plaintiff suffered economic injury proximately resulting from its reliance on the false information.

## Count Three: Punitive Damages

22.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

23.

Defendant's actions in notifying Plaintiff could make withdrawals against the Funds on May 24, 2023, after telling Plaintiff it should refrain from making withdrawals against the funds prior to May 24, 2023 due to Defendant's concern the check would not be paid show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences, and therefore entitle Plaintiff to an amount of punitive damages to be determined at the time of trial pursuant to O.C.G.A. § 51-12-5.1.

## Count Four: Attorney's Fees Pursuant to O.C.G.A. § 51-12-7

24.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

25.

Plaintiff has incurred necessary expenses as a consequence of its injuries resulting from its injury.

26.

Plaintiff is entitled to an award of its necessary expenses pursuant to O.C.G.A. § 51-12-7.

WHEREFORE, Plaintiff prays that:

1. This matter be heard before a jury;

2. This Court find that Defendant is liable to Plaintiff for negligence and award Plaintiff damages in an amount to be proven at trial;

3. This Court find that Defendant is liable to Plaintiff for negligent misrepresentation and award Plaintiff damages in an amount to be proven at trial;

4. This Court award Plaintiff punitive damages due to Defendant's willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences;

5. This Court award Plaintiff its necessary expenses, including attorney's fees, that were a consequence of its injuries caused by Defendant's malfeasance; and

6. This Court order such other and further relief as this Court deems equitable, just and proper.

Respectfully submitted this 1st day of June, 2023.

| | |
|---|---|
| 1579 Monroe Dr NE, F-315 | /s/ Kasey Libby |
| Atlanta, GA 30309 | Kasey Libby |
| Phone: (404) 445-7771 | Georgia State Bar No. 148227 |
| klibby@libbylawga.com | Attorney for Plaintiff |

**WELLS FARGO**

Wells Fargo Bank
N9777-112-FLM
P.O. Box 5106
Sioux Falls, SD 57117-5106

05/16/23

004398  XNTHAP36

KCL RESOLUTIONS LLC
GA IOLTA ATTORNEY TRUST ACCOUNT
1579 MONROE DR NE STE F-315
ATLANTA GA      30324-5039

Re:   Account Number: XXXXXXXXXXXXX5042

Dear Customer:

We are delaying the availability of the funds from the check(s) described below because we believe the check(s) may not be paid. The reason for the hold and the date on which the funds will be available for withdrawal are also described below:

| Deposit Date/<br>Total Deposit Amount | Amount Delayed | Hold Reason/<br>Date Funds Will Be Available |
| --- | --- | --- |
| 05/15/23<br>$92,500.00 | $86,975.00 | The deposited check exceeded $5,525<br>05/24/23 |

We will be holding these funds until the date(s) indicated above. A hold means that although the check amount is credited to your account, the funds are not available for your use (please refer to the last page of this letter for more information about a hold on your account). To help avoid overdrawing your account and incurring overdrafts and/or returned item (non-sufficient funds/NSF) fees, during this time please do not make withdrawals or write checks against these funds (if your account allows check writing). Overdraft fees do not apply to prepaid cards.

If the check(s) listed above is returned, we will mail a notice to you the same day and deduct the amount of the check(s) from your account. A deposit item return fee will also be deducted from your account for each check returned (unless your account does not assess a fee for returned checks). Please refer to your account Fee and Information Schedule for the amount of the fee.

We understand the inconvenience that can occur when a check is returned. If you have questions regarding the availability of funds, please refer to the information on the last page of this letter or contact one of our representatives at the telephone number printed on your monthly account statement.

We appreciate your business and thank you for banking with Wells Fargo.

Sincerely,

Prevention Contact Center



ACCOUNT NUMBER: XXXXXXXXXXXX5042                    CONTINUED FROM PAGE 1

## INFORMATION ABOUT FUNDS AVAILABILITY

Wells Fargo Bank's general policy is to make deposited funds available on the first business day after the Bank receives a deposit. In some cases, however, we may place a hold on funds deposited by our customers. This notice explains what a hold is, why a hold is placed on some checks, and how it affects your use of funds.

### WHAT IS A HOLD?
A hold means that although the check amount is credited to your account, it's not available for your use.

### WHAT HAPPENS WHEN A HOLD IS PLACED ON YOUR FUNDS?
During the time a hold is in effect, you should not write checks against (if your account allows check writing) or attempt to withdraw the held funds. If a hold has been placed, we may return checks that you have written unpaid (which are subject to additional charges) or not process withdrawals against these funds.

### WHAT CRITERIA ARE USED WHEN DELAYING THE AVAILABILITY OF FUNDS?
Our decision to place a hold on a deposited check may be influenced by a number of factors, including:

- Any factors or circumstances that cause us to doubt that a deposited check will be paid by the institution on which it is drawn.
- The length of time the deposit account has been open: for example, when the account has been open for only a short time.
- The frequency of overdrafts or returned checks on your account.

### WHEN WILL THE FUNDS BE AVAILABLE?
In the event a deposited check is NOT returned unpaid, held funds will be available to you on the date noted on the front side of this hold notice, or on any immediately preceding non-business day(s). If the check is returned unpaid by the institution on which it is drawn, the amount of the check plus our standard Deposited Item Returned fee* will be deducted from your account.

### WHAT ARE WELLS FARGO'S RESPONSIBILITIES TO YOU REGARDING A HOLD?
Wells Fargo is responsible for giving you prompt notice when there is a delay in the availability of your deposited funds. If you did not receive this notice at the time you made the deposit and the check you deposited is paid, we will refund to you any fees for overdrafts or returned checks that result solely from the delay we are imposing. To obtain a refund of such fees, just call Wells Fargo's 24-Hour Customer Service Center at the number listed on your monthly statement. Overdraft fees do not apply to prepaid cards.

### WHAT ARE YOUR RESPONSIBILITIES TO WELLS FARGO REGARDING A HOLD?
You may not use the delayed funds until they become available. To avoid overdrafts and overdraft fees, please do not attempt to withdraw or write checks against (if your account allows check writing) these funds. Overdraft fees do not apply to prepaid cards.

### WHEN WILL YOUR DEPOSITED FUNDS BEGIN TO EARN INTEREST?
Any deposit to an interest-bearing account will begin earning interest within two business days regardless of the length of a hold.

* Please refer to your account Fee and Information Schedule for current fees and charges.

HLD-4401-P 2   00297   US           PAGE 2                    END OF LETTER



Case 1:23-mi-99999-UNA   Document 2145-2   Filed 07/06/23   Page 10 of 19

State Court of Fulton County
**E-FILED**
23EV003280
6/2/2023 9:10 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **KCL RESOLUTIONS, LLC,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action File No. 23EV003280 |
| ) | |
| **WELLS FARGO BANK, NATIONAL** ) | |
| **ASSOCIATION (INC.),** ) | |
| ) | |
|    **Defendant.** ) | |

**FIRST AMENDCOMPLAINT FOR DAMAGES**

KCL Resolutions, LLC ("Plaintiff") hereby files this First Amended Complaint for Damages against Wells Fargo Bank, National Association (Inc.) ("Defendant") pursuant to O.C.G.A. § 51-5-1, and shows the Court the following:

**Parties, Jurisdiction and Venue**

1.

Plaintiff has its principal office address in Fulton County, Georgia.

2.

Defendant has its principal office address in California. Defendant operates its business in Georgia and, therefore, is subject to the jurisdiction of this Court. Defendant can be served by delivering a copy of this Complaint with a Summons to its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

This Court is the appropriate venue for this action pursuant to O.C.G.A. § 14-2-510 because the claims in this Complaint are based in tort, and the cause of action originated in Fulton County, Georgia.

## Statement of Facts

4.

On May 1, 2023, Plaintiff was retained by a person who presented himself as Bryan Gilbert to enforce payment of a promissory note.

5.

Plaintiff contacted who Plaintiff understood to be Kristy Yun, the maker of the promissory note, regarding Gilbert's demand for payment, and was told partial payment would be made immediately to avoid litigation, and that payment would come from her investment account held with Franklin Templeton Investment Corp.

6.

Plaintiff received a cashier's check in the amount of $92,500 ("the Cashier's Check") on or about May 12, 2023.

7.

Plaintiff presented the Cashier's Check to Wells Fargo at its branch located at 1605 Monroe Drive, N.E. in Fulton County ("Monroe Drive Branch") for deposit on May 15, 2023.

8.

On May 16, 2023, Defendant sent a letter to Plaintiff at his principal office address in Fulton County stating it was "delaying the availability of the funds from [the Cashier's Check] because we believe the check(s) may not be paid." The letter further stated, "We will be holding these funds until [May 24, 2023]. A hold means that although the check amount is credited to your account, the funds are not available for your use. To help avoid overdrawing your account and incurring overdrafts and/or returned item (non-sufficient funds/NSF) fees, during this time please do not make withdrawals or write checks against these funds . . . ." The letter further stated, "If the

Cashier's Check] is returned, we will mail a notice to you the same day and deduct the amount of the check(s) from your account." A true and correct copy of the May 16, 2023, letter is attached hereto as Exhibit A.

9.

Plaintiff's account was credited with the $92,500 in funds from the Cashier's Check ("the Funds") the same day. However, based on Defendant's representation that Plaintiff should not make any withdrawals against the Funds until May 24, 2023, Plaintiff did not make any withdrawals against the Funds until May 24, 2023.

10.

On May 24, 2023, at Gilbert's request, and relying on Defendant's representation that Plaintiff was safe to make a withdrawal against the Funds, Plaintiff traveled to the Monroe Drive Branch and wired $88,000 to an account at Bank of America at Gilbert's direction.

11.

On May 25, 2023, Wells Fargo deducted $92,500 from Plaintiff's account, stating the Cashier's Check had been returned because it was counterfeit.

Upon information and belief, either the Cashier's Check was returned either prior to May 24, 2023 and Defendant failed to notify Plaintiff it had been returned, or the Cashier's Check was returned on or after May 24, 2023 and Defendant failed to notify Plaintiff prior to May 24, 2023 that the Cashier's Check still may not be paid and to continue to refrain from making withdrawals against the Funds.

**Count One: Negligence**

12.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

13.

Defendant owed a duty to notify Plaintiff prior to May 24, 2023 either (1) the check had been returned or (2) the Cashier's Check still may not be paid and to continue to refrain from making withdrawals against the Funds due to Defendant's concern that the check still might not be paid.

14.

Defendant breached its duty to Plaintiff.

15.

Defendant's breach caused Plaintiff to make a withdrawal against the Funds by wire transfer to Gilbert.

16.

Plaintiff was damages by such withdrawal in the amount of $88,000.

**Count Two: Negligent Misrepresentation**

17.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

18.

Defendant negligently supplied false information to Plaintiff, namely that Plaintiff, after a 9-day hold period put in place by Defendant following the deposit of the Cashier's Check that Defendant was concerned would not be paid, could make withdrawals against the Funds on May 24, 2023.

19.

Defendant should have foreseen Plaintiff would rely on such information.

20.

Plaintiff reasonably relied upon the false information.

21.

Plaintiff suffered economic injury proximately resulting from its reliance on the false information.

**Count Three: Punitive Damages**

22.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

23.

Defendant's actions in notifying Plaintiff could make withdrawals against the Funds on May 24, 2023, after telling Plaintiff it should refrain from making withdrawals against the funds prior to May 24, 2023 due to Defendant's concern the check would not be paid show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences, and therefore entitle Plaintiff to an amount of punitive damages to be determined at the time of trial pursuant to O.C.G.A. § 51-12-5.1.

**Count Four: Attorney's Fees Pursuant to O.C.G.A. § 51-12-7**

24.

Plaintiff incorporates all prior allegations stated above as if restated herein verbatim.

25.

Plaintiff has incurred necessary expenses as a consequence of its injuries resulting from

its injury.

26.

Plaintiff is entitled to an award of its necessary expenses pursuant to O.C.G.A. § 51-12-7.

WHEREFORE, Plaintiff prays that:

1. This matter be heard before a jury;

2. This Court find that Defendant is liable to Plaintiff for negligence and award Plaintiff damages in an amount to be proven at trial;

3. This Court find that Defendant is liable to Plaintiff for negligent misrepresentation and award Plaintiff damages in an amount to be proven at trial;

4. This Court award Plaintiff punitive damages due to Defendant's willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences;

5. This Court award Plaintiff its necessary expenses, including attorney's fees, that were a consequence of its injuries caused by Defendant's malfeasance; and

6. This Court order such other and further relief as this Court deems equitable, just and proper.

Respectfully submitted this 2nd day of June, 2023.

| | |
|---|---|
| 1579 Monroe Dr NE, F-315 | /s/ Kasey Libby |
| Atlanta, GA 30309 | Kasey Libby |
| Phone: (404) 445-7771 | Georgia State Bar No. 148227 |
| klibby@libbylawga.com | Attorney for Plaintiff |

# EXHIBIT A



```
Wells Fargo Bank
N9777-112-FLM
P.O. Box 5106
Sioux Falls, SD 57117-5106

05/16/23


        004398  XNTHAP36
        KCL RESOLUTIONS LLC
        GA IOLTA ATTORNEY TRUST ACCOUNT
        1579 MONROE DR NE STE F-315
        ATLANTA GA      30324-5039




Re:  Account Number: XXXXXXXXXXXX5042

Dear Customer:

We are delaying the availability of the funds from the check(s) described below
because we believe the check(s) may not be paid. The reason for the hold and the
date on which the funds will be available for withdrawal are also described below:

Deposit Date/                                Hold Reason/
Total Deposit Amount    Amount Delayed       Date Funds Will Be Available
--------------------    --------------       ----------------------------------------

      05/15/23                                The deposited check exceeded $5,525
      $92,500.00           $86,975.00         05/24/23

We will be holding these funds until the date(s) indicated above. A hold means
that although the check amount is credited to your account, the funds are not
available for your use (please refer to the last page of this letter for more
information about a hold on your account). To help avoid overdrawing your account
and incurring overdrafts and/or returned item (non-sufficient funds/NSF) fees,
during this time please do not make withdrawals or write checks against these
funds (if your account allows check writing). Overdraft fees do not apply to
prepaid cards.

If the check(s) listed above is returned, we will mail a notice to you the same day
and deduct the amount of the check(s) from your account. A deposit item return fee
will also be deducted from your account for each check returned (unless your
account does not assess a fee for returned checks). Please refer to your account
Fee and Information Schedule for the amount of the fee.

We understand the inconvenience that can occur when a check is returned. If you
have questions regarding the availability of funds, please refer to the
information on the last page of this letter or contact one of our
representatives at the telephone number printed on your monthly account statement.

We appreciate your business and thank you for banking with Wells Fargo.

Sincerely,

Prevention Contact Center


HLD-4401-P 2  00297  US             PAGE 1              CONTINUED ON NEXT PAGE
```



ACCOUNT NUMBER: XXXXXXXXXXXX5042               CONTINUED FROM PAGE 1

## INFORMATION ABOUT FUNDS AVAILABILITY

Wells Fargo Bank's general policy is to make deposited funds available on the first business day after the Bank receives a deposit. In some cases, however, we may place a hold on funds deposited by our customers. This notice explains what a hold is, why a hold is placed on some checks, and how it affects your use of funds.

### WHAT IS A HOLD?
A hold means that although the check amount is credited to your account, it's not available for your use.

### WHAT HAPPENS WHEN A HOLD IS PLACED ON YOUR FUNDS?
During the time a hold is in effect, you should not write checks against (if your account allows check writing) or attempt to withdraw the held funds. If a hold has been placed, we may return checks that you have written unpaid (which are subject to additional charges) or not process withdrawals against these funds.

### WHAT CRITERIA ARE USED WHEN DELAYING THE AVAILABILITY OF FUNDS?
Our decision to place a hold on a deposited check may be influenced by a number of factors, including:

- Any factors or circumstances that cause us to doubt that a deposited check will be paid by the institution on which it is drawn.
- The length of time the deposit account has been open: for example, when the account has been open for only a short time.
- The frequency of overdrafts or returned checks on your account.

### WHEN WILL THE FUNDS BE AVAILABLE?
In the event a deposited check is NOT returned unpaid, held funds will be available to you on the date noted on the front side of this hold notice, or on any immediately preceding non-business day(s). If the check is returned unpaid by the institution on which it is drawn, the amount of the check plus our standard Deposited Item Returned fee* will be deducted from your account.

### WHAT ARE WELLS FARGO'S RESPONSIBILITIES TO YOU REGARDING A HOLD?
Wells Fargo is responsible for giving you prompt notice when there is a delay in the availability of your deposited funds. If you did not receive this notice at the time you made the deposit and the check you deposited is paid, we will refund to you any fees for overdrafts or returned checks that result solely from the delay we are imposing. To obtain a refund of such fees, just call Wells Fargo's 24-Hour Customer Service Center at the number listed on your monthly statement. Overdraft fees do not apply to prepaid cards.

### WHAT ARE YOUR RESPONSIBILITIES TO WELLS FARGO REGARDING A HOLD?
You may not use the delayed funds until they become available. To avoid overdrafts and overdraft fees, please do not attempt to withdraw or write checks against (if your account allows check writing) these funds. Overdraft fees do not apply to prepaid cards.

### WHEN WILL YOUR DEPOSITED FUNDS BEGIN TO EARN INTEREST?
Any deposit to an interest-bearing account will begin earning interest within two business days regardless of the length of a hold.

* Please refer to your account Fee and Information Schedule for current fees and charges.

HLD-4401-P 2   00297   US            PAGE 2                    END OF LETTER



State Court of Fulton County
**E-FILED**
23EV003280
6/2/2023 8:56 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: 23EV003280

Plaintiff:
KCL Resolutions, LLC
1579 Monroe Dr NE, F-315
Atlanta, GA 30324

Plaintiff's Name, Address, City, State, Zip Code

vs.

Defendant:
Wells Fargo Bank, National Association (Inc.)
c/o Corp. Service Co. - 2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Defendant's Name, Address, City, State, Zip Code

TYPE OF SUIT                      AMOUNT OF SUIT

[ ] ACCOUNT              PRINCIPAL $_____
[ ] CONTRACT
[ ] NOTE                 INTEREST $_____
[X] TORT
[ ] PERSONAL INJURY      ATTY. FEES $_____
[ ] FOREIGN JUDGMENT
[ ] TROVER               COURT COST $_____
[ ] SPECIAL LIEN
                         ************
[X] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Kasey Libby
Address: 1579 Monroe Dr NE, F-315
City, State, Zip Code: Atlanta, GA 30324          Phone No.: 404-445-7771

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.  _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Case 1:23-mi-99999-UNA   Document 2145-2   Filed 07/06/23   Page 19 of 19

State Court of Fulton County
**E-FILED**
23EV003280
6/8/2023 1:47 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

**KLC Resolutions, LLC,**

       Plaintiff(s),

vs.

**Wells Fargo Bank, National Association (Inc.),**

       Defendant(s).
_____/

Case No.: 23EV003280

**AFFIDAVIT OF SERVICE**

Personally appeared before me the undersigned officer duly authorized to administer oaths, Rodney McClellan, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Wells Fargo Bank, National Association (Inc.) with a Summons, First Amended Complaint for Damages, Exhibit A, Complaint for Damages and Exhibit by leaving the documents with Alisha Smith, agent at Corporation Service Company, Registered Agent of Wells Fargo Bank, National Association (Inc.) at said person's place of employment/place of business located at 2 Sun Court, Suite 400, Norcross, GA 30092 on June 06, 2023 at 2:02 PM.

Signed and sworn to before me on this ____8____ day of __JUNE__, 20_23_ by an affiant who is personally known to me or produced identification.

_____
Notary Public

**Rodney McClellan**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330







*5147205*