IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STEPHEN BURSON, )<br>)<br>    Plaintiff, )<br>)<br>V. )<br>)<br>TRAVELERS HOME AND )<br>MARINE INSURANCE COMPANY, )<br>)<br>    Defendant. ) | **CIVIL ACTION FILE NO.:**<br>**23A02578** |

**DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant Travelers Home and Marine Insurance Company ("Travelers") and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Travelers upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damages to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

**SECTION I PERILS INSURED AGAINST**

*COVERAGE A – DWELLING AND*

*COVERAGE B – OTHER STRUCTURES*

1

*1.* *We insure against risk of direct physical loss to property described in Coverages A and B.*

*2.* *We do not insure for loss:*

*a.* *Excluded under Property – Exclusions;*

*\*\*\*\*\**

*c.* *Caused by:*

*\*\*\*\*\**

*5.* *Constant or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of weeks, months or years. This exclusion applies unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.*

*\*\*\*\*\**

*6.* *Any of the following:*

*(a)* *Wear and tear, marring, scratching or deterioration;*

*(b)* *Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;*

*(c)* *Smog, rust or other corrosion;*

2

*****

*Exception to c.(6)*

*Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises". This includes the cost to tear out and replace any part of a building, or other structure, on the "residence premises", but only when necessary to repair the system or appliance. However, such tear out and replacement coverage only applies to other structures if the water or steam causes actual damage to a building on the "residence premises".*

*We do not cover loss to the system or appliance from which this water or steam escaped.*

*For purposes of this provision, a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, down spout or similar fixtures or equipment.*

Under 2.b. and c. above, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.

Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damages to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

Specifically, the Policy provides:

### SECTION I – EXCLUSIONS

*****

A. *We do not insure for any loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss These exclusion apply whether or not the loss event results in widespread damage or affects a substantial area.*

*****

5. ***Neglect,*** *meaning neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.*

Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage

for the additional damages to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

## PROPERTY – EXCLUSIONS

*****

*B*.   *We do not insure for loss to property described in Property Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.*

*****

*3.   Faulty, inadequate or defective:*

    *a.   Planning, zoning, development, surveying siting;*

    *b.   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*

    *c.   Materials used in repair, construction, renovation or remodeling; or*

    *d.   Maintenance;*

*of part or all of any property whether on or off the "residence premises."*

Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred under the Policy, in whole or in part, due to Plaintiff's own actions or omissions in his failure to provide prompt notice to Travelers of the Loss.

Specifically, the Policy provides:

### SECTION I – CONDITIONS

\*\*\*\*\*

2. ***Duties After Loss.*** *In case of a loss to covered property, we have no duty to provide coverage under this policy if the following duties are not performed. These duties must be performed either by you, an "insured" seeking coverage or a representative of either.*

   a. *Give us prompt notice; With respect to a loss caused by the peril of windstorm or hail, that notice must occur no later than one year after the date of loss*

Plaintiff failed to comply with all aspects of these specific conditions imposed upon the insured as a duty after any loss.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred under the Policy, in whole or in part, due to Plaintiff's own actions or omissions in his failure to protect the property from future damage and/or by his failure to make reasonable and necessary repairs to protect the property.

Specifically, the Policy provides:

### SECTION I – CONDITIONS

\*\*\*\*\*

2. ***Duties After Loss.*** *In case of a loss to covered property, we have no duty to provide coverage under this policy if the following duties are not performed. These duties must be performed either by you, an "insured" seeking coverage or a representative of either.*

*\*\*\*\*\**

> **d.** *Protect the property from further damage. If repairs to the property are required, you must:*
>
> > *(1)   Make reasonable and necessary repairs to protect the property; and*
> >
> > *(2)   Keep an accurate record of repair expenses;*

Plaintiff failed to comply with all aspects of these specific conditions imposed upon the insured as a duty after any loss.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part, due to the suit limitations provision in Plaintiff's claim.

Specifically, the Policy provides:

### SECTION I – CONDITIONS

*\*\*\*\*\**

> **9.   *Suit Against Us.*** *No action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage Section of this policy and the action is started within two years of the date of loss*

Plaintiff failed to comply with the suit limitations provision with regard to damage stemming from any incident prior to June 9, 2021 and any claims for relief resulting from those damages are barred based on the above suit limitation provision.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part, due to the mold remediation limitation provision in Plaintiff's Policy as well as due to Plaintiff's failure to comply with all aspects of these specific conditions imposed upon the insured as a duty after a loss involving mold.

Specifically, the Policy provides:

**SECTION I PROPERTY COVERAGES**

***ADDITIONAL COVERAGES***

*Unless otherwise stated:*

*The following coverages are additional insurance; and*

*they are subject to your deductible*

    ***16.    LIMITED "FUNGI", OTHER MICROBES OR ROT REMEDIATION.***

        ***a.***    *If a loss caused by a Peril Insured Against results in "fungi", other microbes or rot, we will pay for:*

            ***(1)***    *Remediation of the "fungi", other microbes or rot. This includes payment for the reasonable and necessary costs to:*

                ***(a)***    *Remove the "fungi", other microbes or rot from covered property or to repair, restore or replace that property; and*

                ***(b)***    *Tear out and replace any part of the building as needed to gain access to the "fungi", other microbes or rot;*

            ***(2)***    *Any reasonable and necessary increase in living expense you incur:*

8

    *(a)* So that your household can maintain its normal standard of living; or

    *(b)* Loss of fair rental value;

    If the "fungi", other microbes or rot makes the "residence premises" not fit to live in; and

*b.* We will pay under this additional coverage only if:

 *(1)* The covered loss occurs during the policy period;

 *(2)* All reasonable means were used to save and preserve the property at the time of and after the covered loss; and

 *(3)* We receive prompt notice of the covered cause of loss that is alleged to have resulted in "fungi", other microbes or rot.

*c.* The most we will pay under this additional coverage is the limit of liability shown in the Declarations for Limited "Fungi", Other Microbes Or Rot Remediation. This is the most we will pay for the total of all loss or costs regardless of the:

 *(1)* Number of location or items of property insured under this policy; or

 *(2)* Number of losses or claims made.

 *ere used to save and preserve the property at the time of and after the covered loss; and*

 *(3)* We receive prompt notice of the covered cause of loss that is alleged to have resulted in "fungi", other microbes or rot.

*****

*SECTION I – PROPERTY COVERAGES*

*LIMITED FUNGI, OTHER MICROBES OR ROT REMEDIATION:*

*SECTION I – PROPERTY COVERAGE*                                *$25,000*

Any additional damages that Plaintiff seeks for mold mitigation or remediation will be limited under the Policy to the policy limits for this coverage, including additional living expenses resulting from the mold, in the amount of $25,000.00 if not barred by Plaintiff's own actions in failing to comply with all aspects of these specific conditions imposed upon the insured as a duty after a loss involving mold.

### NINTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiff seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and should be dismissed.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known, which represents a substantial legal basis for its payment and denial of Plaintiff's additional claim for damages, and therefore, Travelers' conduct was in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

**TWELVTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore, places Plaintiff on strict proof of same.

2.

Travelers denies that The Travelers Home and Marine Insurance Company maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 but admits the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Travelers admits the allegations contained in Paragraph 3 of the Complaint, but to the extent Plaintiff seek to imply or infer that this case cannot be removed to federal court, said allegations are hereby denied.

4.

In response to Paragraph 4 of Plaintiff's Complaint, Travelers admits that it issued the Policy No. 9915921736331 and that Exhibit A is a true and correct copy of said Policy. However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 4 that the Policy

provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 4 of the Complaint are hereby denied.

5.

In response to Paragraph 5 of Plaintiff's Complaint, Travelers admits that it issued the Policy and the Policy provided certain coverage for Plaintiff's property located at 1825 Christian Circle SE, Conyers, GA 30013 (the "Property"). However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 5 that the Policy provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 5 of the Complaint are hereby denied.

6.

Travelers admits that the Property sustained certain damage during the period of time when the Policy was in force and effect. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 6 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore, places Plaintiff on strict proof of same.

8.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore, places Plaintiff on strict proof of same.

9.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, places Plaintiff on strict proof of same.

10.

Travelers admits that on August 5, 2022, Plaintiff notified Travelers of the loss and claim number IQV1257 was assigned. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 10 that the Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Travelers admits the allegations contained in Paragraph 11 of the Complaint.

12.

Travelers denies the allegations contained in Paragraph 12 of the Complaint.

13.

Travelers denies that it estimated the loss to be $4,731.41. Travelers shows that it issued proper coverage for the loss in the amount of $5,584.87 less recoverable depreciation in the amount of $877.14 and less Plaintiff's $1,000.00 deductible for an actual cash value $3,707.73. Travelers issued payment to Plaintiff in the amount of $3,707.73 on August 6, 2021. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 13 that the Policy provides coverage for the additional damages alleged in the Complaint, said allegations are

hereby denied. Travelers denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

Travelers only admits that it issued proper coverage for the loss in the amount of $5,584.87 less recoverable depreciation in the amount of $877.14 and less Plaintiff's $1,000.00 deductible for an actual cash value $3,707.73. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 14 that the Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Travelers denies the allegations contained in Paragraph 15 of the Complaint.

16.

Travelers admits that Plaintiff's paid his premiums. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 16 that the Policy provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. Further, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. The remaining allegations contained in Paragraph 16 of the Complaint are hereby denied.

17.

Travelers admits that the Policy contains the provision referenced in Paragraph 17. However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and

exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 17 that the Policy provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 17 of the Complaint are hereby denied.

18.

Travelers admits that Plaintiff, through his representative Bruce Fredrics, demanded appraisal on August 17, 2021. However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 18 that the Policy provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 18 of the Complaint are hereby denied.

19.

Travelers admits that it requested Plaintiff provide an estimate as Plaintiff nor Mr. Fredrics had communicated any dispute regarding the scope of damage or the costs of repair. Further, Travelers admits that it requested a copy of Plaintiff's appraiser's contract. However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 19 that the Policy provides

coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 19 of the Complaint are hereby denied.

20.

Travelers admits that it requested Plaintiff provide an estimate as Plaintiff nor Mr. Fredrics had communicated any dispute regarding the scope of damage or the costs of repair. However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 20 that the Policy provides coverage for the additional damages sought in the Complaint, Travelers denies said allegations. The remaining allegations contained in Paragraph 20 of the Complaint are hereby denied.

21.

Travelers admits that a demand letter was sent by Plaintiff on or about April 7, 2023. However, Travelers denies that it has acted in bad faith and that such letter meets the procedural and substantive requirements of O.C.G.A. § 33-4-6. Travelers denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.

Travelers shows that it issued proper coverage for the loss in the amount of $5,584.87 less recoverable depreciation in the amount of $877.14 and less Plaintiff's $1,000.00 deductible for an actual cash value $3,707.73. Travelers issued payment to Plaintiff in the amount of $3,707.73 on August 6, 2021. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 22 that the Policy provides coverage for the additional damages sought

in the Complaint, Travelers denies said allegations. Further, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. The remaining allegations contained in Paragraph 22 of the Complaint are hereby denied.

23.

Travelers denies the allegations contained in Paragraph 23 of the Complaint.

24.

Travelers denies the allegations contained in Paragraph 24 of the Complaint.

25.

Travelers denies the allegations contained in Paragraph 25 of the Complaint.

26.

Travelers denies the allegations contained in Paragraph 26 of the Complaint.

27.

Travelers denies the allegations contained in Paragraph 27 of the Complaint.

### COUNT ONE – BREACH OF CONTRACT

28.

The allegations contained in Paragraph 28 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

29.

Travelers denies the allegations contained in Paragraph 29 of the Complaint.

30.

In response to Paragraph 30 of Plaintiff's Complaint, Travelers admits that Plaintiff paid premiums. In further response to Paragraph 30, Travelers expressly denies that any of the Policy provisions have been waived or excused. Travelers denies all remaining allegations contained in Paragraph 30 not specifically admitted herein.

31.

Travelers denies the allegations contained in Paragraph 31 of the Complaint.

32.

Travelers denies the allegations contained in Paragraph 32 of the Complaint.

33.

Travelers denies the allegations contained in Paragraph 33 of the Complaint.

34.

Travelers denies the allegations contained in Paragraph 34 of the Complaint.

35.

Travelers denies the allegations contained in Paragraph 35 of the Complaint.

36.

Travelers denies the allegations contained in Paragraph 36 of the Complaint.

**COUNT TWO – BAD FAITH**

37.

The allegations contained in Paragraph 37 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

38.

Travelers denies the allegations contained in Paragraph 38 of the Complaint.

39.

Travelers denies the allegations contained in Paragraph 39 of the Complaint.

40.

Travelers denies the allegations contained in Paragraph 40 of the Complaint.

41.

Travelers denies the allegations contained in Paragraph 41 of the Complaint.

42.

Travelers denies the allegations contained in Paragraph 42 of the Complaint.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Travelers respectfully requests that:

1. Plaintiff's Complaint be dismissed against Travelers and discharged with all costs cast upon Plaintiff for attorney's fees and expenses of litigation; and

2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this 6th day of July, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250                         *Counsel for Travelers*
Atlanta, GA 30339
T: (470) 660-8737
F: (404) 738-1632
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

**Carson L. Jeffries**
**CARTER JEFFRIES, LLC**
**47 Perimeter Center East, Suite 350**
**Atlanta, GA 30346**
cjeffries@moldfirm.com

This 6th day of July, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250          *Counsel for Travelers*
Atlanta, GA 30339
T: (470) 660-8737
F: (404) 738-1632
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com