IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEATHER HARDY,<br><br>    Plaintiff,<br><br>v.<br><br>JESSICA DANIELS A/K/A SUMMER DANIELS D/B/A SUMMER DANIELS-COUNTRY FINANCIAL LLC, RANDALL SEARS, COUNTRY LIFE INSURANCE COMPANY, COUNTRY INVESTORS LIFE ASSURANCE COMPANY, COUNTRY MUTUAL INSURANCE COMPANY, COUNTRY CASUALTY INSURANCE COMPANY, COUNTRY PREFERRED INSURANCE COMPANY, COTTON STATES LIFE INSURANCE COMPANY, AND CC SERVICES, INC.,<br><br>    Defendants. | Civil Action No.:_____<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Heather Hardy (hereinafter "Plaintiff Hardy") and files this complaint against Jessica Daniels also known as Summer Daniels who does business as Summer Daniels-Country Financial LLC ("Defendant Daniels"); Defendant Randall "Randy" Sears ("Defendant Sears"); and Country Life Insurance Company, Country Investors Life Assurance Company, Country Mutual Insurance Company, Country Casualty Insurance Company, Country Preferred Insurance

Company, Cotton States Life Insurance Company, and CC Services, Inc. (collectively "Defendant Country Financial") showing the Court that Defendants violated of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and also negligently trained, supervised and retained its employee and agent.

## **INTRODUCTION**

Plaintiff Hardy worked as a Country Financial office assistant with two other Country Financial agents, Defendant Daniels and Defendant Sears. Defendant Sears repeatedly sexually harassed her. In addition to harassing her in-person, Defendant Sears sent Plaintiff Hardy several harassing text messages, including:

> Ty for all you do. So sorry your stuck dealing with all that on Naked Thursday lol

> I want her and you to be very successful. I will lead y'all the right way. She needs to understand I do more good than harm. No I want be back by Fri. But if your getting Naked for Thursday I'll come back then lol.
> It's okay voice text does the same to me

> Well yes I'm joking but I would never turn down seeing you naked lol 😉
> I'm definitely a boob guy.
> I would like to do it Aug
> You just tell me how much and I'll give money

Plaintiff Hardy reported the sexual harassment to her supervisor Defendant Daniels, who took no remedial action. The severe and pervasive sexual harassment prevented Plaintiff Hardy from being able to perform her job and caused Plaintiff Hardy to resign from her position on June 16, 2022. At the resignation meeting, Defendant Daniels expressed her knowledge of Defendant Sears' historical sexual harassment by telling Plaintiff Hardy that that this was not the first time that he engaged in sexual harassment, and that the last time it went further.

## **THE PARTIES**

1. Plaintiff Hardy is a female citizen and resident of the state of Georgia.

2. Defendant Daniels is an individual that is also known as Summer Daniels that is a resident and citizen of the state of Georgia. Defendant Daniels does business as Summer Daniels-Country Financial LLC.

3. Defendant Sears is an individual that is a resident and citizen of the state of Georgia.

4. Country Financial is a trade name that consists of a group of insurance and financial services companies, including Country Life Insurance Company,

3

Country Investors Life Assurance Company, Country Mutual Insurance Company, Country Casualty Insurance Company, Country Preferred Insurance Company, Cotton States Life Insurance Company, and CC Services, Inc.

5. Defendant Country Life Insurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

6. Defendant Country Investors Life Assurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

7. Defendant Country Mutual Insurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

8. Defendant Country Casualty Insurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

9. Defendant Country Preferred Insurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

10. Defendant Cotton States Life Insurance Company is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

11. Defendant CC Services, Inc. is an Illinois corporation with a registered agent of CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA, 30577.

## JURISDICTION AND VENUE

12. The Title VII claims alleged in this lawsuit present a federal question and 28 U.S.C. § 1331 provides this Court with the jurisdiction.

13. 28 U.S.C. § 1367 provides this Court with supplemental jurisdiction over the alleged state law claims because these claims arise from the same sexual harassment and retaliation that give rise to the Title VII claims, the state law claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Defendants reside in and do business within the boundaries of this judicial district, and venue is appropriate under 28 U.S.C. § 1391(b). Moreover, the unlawful employment practices alleged below were committed within the Northern District of the State of Georgia.

## ADMINISTRATIVE PREREQUISTIES

15. Plaintiff Hardy complied with all conditions precedent to filing this action, including filing timely charges of Charges of Discrimination with the Equal Employment Opportunity Commission and receiving a Notices of Right to Sue. This action has been filed within ninety (90) days of receipt of said Notices.

## FACTUAL ALLEGATIONS

**A.    Defendant Country Financial and Defendant Daniels jointly employed Plaintiff Hardy.**

16. Plaintiff Hardy had set working hours from 10 a.m. – 2 p.m. on Monday to Friday.

17. Plaintiff Hardy was paid based on her time worked, not by the job.

18. Plaintiff Hardy worked under the direction and supervision of Defendant Daniels.

19. Defendant Daniels contracted with Defendant Country Financial to sell insurance policies for Defendant Country Financial.

20. For the reasons discussed in more detail below, Defendant Daniels was an employee of Defendant Country Financial.

21. Defendant Daniels could affect whether Plaintiff Hardy continued to perform work for Defendant Country Financial, and Defendant Daniels also could determine Plaintiff Hardy's pay rate and pay method.

22. The position that Plaintiff Hardy applied for was marketed on Facebook as a Defendant Country Financial customer service representative position.

23. Defendant Country Financial announced Plaintiff Hardy's hire as a customer service representative on April 15, 2022.

24. Over email, Defendant Country Financial acknowledged Plaintiff Hardy's office assistant job title.

25. The intention of the parties expressed by Facebook and email was that Plaintiff Hardy was a Defendant Country Financial employee.

26. Furthermore, Defendant Country Financial provided Plaintiff Hardy with a laptop, issued her a log-in, sent technical support to install software on the laptop.

27. Defendant Country Financial also assigned Plaintiff Hardy an email address, and provided her with access to Defendant Country Financial's data bases, including client files and prospective client files.

28. Defendant Country Financial corporate guided Plaintiff Hardy as far as technical support and Defendant Country Financial corporate also provided Plaintiff Hardy with instruction on writing policies.

29. Defendant Country Financial controlled Plaintiff Hardy's work through direction given to her supervisor at the district manager meetings.

30. Plaintiff Hardy worked to schedule promotional events on behalf of Defendant Country Financial in response to direction given by Defendant Country Financial's district manager Brent Adams.

31. For these reasons, Plaintiff Hardy was a Defendant Country Financial employee and had a justified belief that Defendant Country Financial was her employer.

32. Neither Defendant Country Financial nor Defendant Daniels trained Plaintiff Hardy on a policy against sexual harassment nor did either inform her of an effective grievance procedure.

### B. Defendant Daniels and Defendant Sears were Defendant Country Financial employees.

33. Defendant Daniels and Defendant Sears worked out of the same office as Plaintiff Hardy and sold insurance policies for Country Financial.

34. Defendant Country Financial exercised control over the time, place, method, and manner of Defendant Daniels' and Defendant Sear's ability to solicit insurance policies and annuity contracts.

35. Defendant Daniels and Defendant Sears are captive insurance agents of Defendant Country Financial that are prohibited from representing, soliciting, or contracting with any insurance company other than Defendant Country Financial.

36. Defendant Country Financial employed Brent Adams to act as its district manager.

37. The very existence of the district manager position belies the notion that Plaintiff Hardy, Defendant Daniels and Defendant Sears were independent because the district manager's essential purpose is to exercise control over subordinates.

38. Defendant Daniels and Defendant Sears had weekly meetings with District Manager Brent Adams.

39. During the meetings District Manager Brent Adams exercised oversight regarding the manner of their work by discussing the number of quotes they got per day/week and setting daily/weekly targets for quotes.

40. At the end of each month, District Manager Brent Adams reviewed Defendant Daniels' and Defendant Sears' quotes and compared which agent had the most policy quotes.

41. District Manager Brent Adams instructed Defendant Daniels that she needed to quote more people every week.

42. To fulfill District Manager Brent Adams's instruction, Defendant Daniels and Plaintiff Hardy worked together to brainstorm more areas to target and promote.

43. District Manager Brent Adams also required that Defendant Daniels and Defendant Sears have at least one marketing event per month.

44. To fulfill District Manager Brent Adams's instruction, Defendant Daniels and Plaintiff Hardy planned marketing events and raffles. Defendant Daniels and Plaintiff Hardy sent Brent pictures of their events to show Brent that they were successful.

45. District Manager Brent Adams contributed financially towards the Defendant Country Financial marketing events that Defendant Daniels and Plaintiff Hardy ran. For example, at a golf tournament he paid for their whole sponsorship.

46. Also, the District Manager Brent Adams required that Defendant Daniels perform her work in a specific order when quoting a policy.

47. Also, the District Manager Brent Adams pushed sales of life insurance policies.

48. Defendant Country Financial provided Defendant Daniels and Defendant Sears with equipment and materials.

49. Defendant Country Financial provided Defendant Daniels and Defendant Sears with money to cover expenses associated with office rental, furniture, and equipment.

50. For example, Defendant Country Financial provided Defendant Daniels and Defendant Sears with money to cover office space, supplies, marketing materials, laptop computer, office phone, and Internet access. Defendant Country

Financial partially pays business expenses and reimburses you 50% for marketing cost.

**C.     Defendant Sears sexually harassed Plaintiff Hardy.**

51.     During her employment with Defendant Country Financial, another Defendant Country Financial employee, Defendant Sears, repeatedly sexually harassed Plaintiff Hardy.

52.     Defendant Sears pressured Plaintiff Hardy to go to work naked each Thursday.  He referred it is as "Naked Thursday."

53.     Defendant Sears sought naked pictures from Plaintiff Hardy in exchange for money.

54.     Defendant Sears told Plaintiff Hardy that he was a boob guy.

55.     Through innuendo, Defendant Sears refers to him and Plaintiff Hardy having sexual intercourse.

56.     Plaintiff Hardy reported this sexual harassment to her boss Defendant Daniels who failed to take remedial action.

57.     Defendant Daniels' tacitly consented to the sexual harassment remarking, "That's just Randy being Randy."

58.     Aware that Defendant Sears created a hostile work environment for Plaintiff Hardy, Defendant Daniels messaged Plaintiff Hardy to inform her when

Defendant Sears was at the office but continued to fail to take remedial action to prevent the continued sexual harassment.

59. The severe and pervasive unwelcome sexual advances, requests for sexual favors, and other harassment of a sexual nature prevented Plaintiff Hardy from being able to perform her job. She felt nervous, uncomfortable, and anxious in the work place and the harassment unreasonably interfered with her work performance.

60. Because of Defendant Sears repeated sexual advances, Plaintiff Hardy reasonably feared that she may be violently harmed at the workplace.

61. As a result Defendants constructively discharged Plaintiff Hardy and she resigned from her position on June 16, 2022.

62. At the resignation meeting, Defendant Daniels again expressed her knowledge of Defendant Sears' sexual harassment and told Plaintiff Hardy that that this was not the first time that he engaged in sexual harassment, and that the last time it went further.

## COUNT I
## Title VII Hostile Work Environment and Constructive Discharge
## (Defendant Daniels and Defendant Country Financial)

63. Plaintiff Hardy incorporates herein by reference the allegations set forth in the paragraphs above of this Complaint as if fully set forth herein.

64. Defendant Daniels and Defendant Country Financial jointly employed Plaintiff Hardy and the number of their employees may be aggregated for Title VII purposes. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994).

65. Defendant Daniels and Defendant Country Financial contracted with each other to sell insurance policies and annuities.

66. Defendant Country Financial retained sufficient control over the terms and conditions of Plaintiff Hardy's employment

67. For purposes of Title VII, Defendant Daniels and Defendant Sears were Defendant Country Financial employees because they were captive insurance agents and Defendant Country Financial exercised control over the manner and method of their work.

68. When aggregated, Defendant Country Financial and Defendant Daniels employed more than fifteen employees in 2021 and/or 2022.

69. Plaintiff Hardy is a female and belongs to a protected group.

70. Plaintiff Hardy experienced unwelcome sexual harassment.

71. The harassment that Plaintiff Hardy complained of and experienced was based on her sex.

72. The harassment Plaintiff Hardy experienced affected a term, condition, or privilege of her employment in that it was sufficiently severe or pervasive to alter

13

the conditions of Plaintiff Hardy's employment and create an abusive working environment.

73. The working conditions that Plaintiff Hardy experienced were so intolerable that a reasonable person in her position would feel compelled to resign.

74. Defendants' are liable to Plaintiff Hardy for her back pay, front pay, garden variety emotional distress damages, punitive damages, attorneys' fees, litigation expenses, and costs.

## COUNT II
### Negligent Supervision, Training, Retention (Defendant Daniels and Defendant Country Financial)

75. Plaintiff Hardy incorporates herein by reference the allegations set forth in the paragraphs above of this Complaint as if fully set forth herein.

76. Defendant Country Financial and/or Defendant Daniels knew, or in the exercise of ordinary diligence, should have known, of the propensity of Defendant Sears to engage in sexually offensive, threatening, and unlawful conduct towards women.

77. Defendant Country Financial and/or Defendant Daniels nevertheless negligently failed and refused to act to protect Plaintiff Hardy from Defendant Sears.

78. Defendant Country Financial and/or Defendant Daniels further failed to adequately supervise or prevent Defendant Sears's conduct and thereby negligently caused harm to Plaintiff Hardy.

79. Because Defendants failed to act on their knowledge and exercise their duty of ordinary care, Defendant Sears committed multiple intentional torts to Plaintiff Hardy including assault.

80. In the exercise of reasonable care, Defendant Country Financial and/or Defendant Daniels should, among other things, have engaged in anti-sexual harassment training, had a policy prohibiting sexual harassment, channels for communication and reporting between Defendant Daniels and Defendant Country Financial, and had a procedure for reporting sexual harassment.

81. Defendant Country Financial and/or Defendant Daniels breached their duty when they failed to take any steps to train Plaintiff Hardy, Defendant Daniels, or Defendant Sears on sexual harassment prevention and/or reporting.

82. Defendant Sears was an employee of Defendant Country Financial

83. Employers are "bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." O.C.G.A. § 34-7-20.

84. "A claim for negligent retention or supervision arises under Georgia law when an employer negligently retains or supervises an employee and that

15

employee subsequently harms the plaintiff." *Spears v. Kaiser Found. Health Plan of Georgia, Inc.*, 2019 WL 1225214, at *31 (N.D. Ga. Jan. 30, 2019).

85. As a direct result of these breaches, Plaintiff Hardy suffered damages in an amount to be determined at trial.

## Count III
## Assault (Country Financial, in the alternative; Defendant Sears)

86. Plaintiff Hardy incorporates herein by reference the allegations set forth in the paragraphs above of this Complaint as if fully set forth herein.

87. In the alternative, to the extent that Plaintiff Hardy is found to not be a joint employee of Defendant Country Financial.

88. Plaintiff seeks to recover for the assault committed by Defendant Sears under Georgia common law, which recognizes a common-law cause of action for sexual harassment as a type of assault. *See Murphy v. ARA Services, Inc.*, 164 Ga. App. 859 (1982); Georgia Jurisprudence, Section 13:8.

89. Defendant Sears repeatedly made sexually offensive comments and suggestive propositions to Plaintiff Hardy and directed suggestive and lewd acts toward Plaintiff Hardy despite her objections.

90. All apparent circumstances, reasonably viewed, are such as to lead a person reasonably to apprehend a violent injury from the unlawful acts of Defendant Sears.

91. As a direct result of Defendant Sears's tortious acts, Plaintiff suffered fear, humiliation, embarrassment, and mental anguish. That these injuries arose in the workplace context made it especially difficult for Plaintiff Hardy to protect herself as well as interfered with her right to a reasonable and safe atmosphere in which to work.

92. Defendant Country Financial is vicariously liable for Defendant Sears' actions.

93. Defendant Sears was authorized to act for Defendant Country Financial.

94. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him ..." O.C.G.A. § 10-6-1; *Duvall v. Cronic*, 347 Ga. App. 763, 772 (2018).

95. "One damaged by the tort of a corporate agent may sue the individual agent, the corporation or both." *Foxchase, LLLP v. Cliatt*, 254 Ga. App. 239, 241 (2002). *see also* O.C.G.A. § 51-2-2; O.C.G.A. § 51-2-5, *Prince v. Brickell*, 87 Ga. App. 697, 700 (1953) (applying principle to principal-agent relationship).

96. As a direct result of these actions, Plaintiff Hardy suffered damages in an amount to be determined at trial.

## Count IV
## O.C.G.A. § 13-6-11 (All Defendants)

97.  An award of attorneys' fees and expenses is appropriate in this case because Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff Hardy unnecessary trouble and expense. O.C.G.A. § 13-6-11.

98.  Defendants' failure to institute preventative policies and failure to take prompt remedial action in response to Plaintiff Hardy's report satisfies one or more of the statutory criteria for attorneys' fees and expenses.

99.  Plaintiff Hardy is entitled to attorneys' fees and litigation expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hardy respectfully prays this Court grant the following relief:

1) Issue judgment in favor of Plaintiff Hardy and against Defendants

2) That of Plaintiff Hardy be awarded back pay, including lost wages, bonuses, raises and other fringe benefits; prejudgment interest; and front pay to which of Plaintiff Hardy would have received but for Defendants Daniels' and Defendant Country Financial's discriminatory, retaliatory and negligent conduct;

3) That Plaintiff Hardy have and recover compensatory damages for the mental and emotional distress occasioned by Defendants Daniels' and Defendant

Country Financial's discriminatory, retaliatory, and negligent conduct in an amount to be determined by a jury;

4) That Plaintiff Hardy have and recover punitive damages to punish and deter Defendants Daniels' and Defendant Country Financial from discriminatory and retaliatory conduct in an amount to be determined by a jury;

5) That Plaintiff Hardy recover from Defendant Sears damages determined by the enlightened conscious of a fair and impartial jury;

6) That Plaintiff Hardy have and recover her attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 2000e-5, O.C.G.A. § 13-6-11 and all other applicable laws; and

6) Grant such other legal or equitable relief as may be appropriate to effectuate the purposes of Title VII, including without limitation compelling employment, reinstatement, or promotion.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

This 6th day of July, 2023.

                              Respectfully submitted,

                              By:   */s/ Julie H. Burke*
                                    Julie H. Burke
                                    Georgia State Bar No. 448095
                                    HILL, KERTSCHER & WHARTON, LLP

          3625 Cumberland Blvd., SE, Ste. 1050
          Atlanta, GA  30339-6406
          Telephone:  770-953-0995
          E-mail:  jb@hkw-law.com

*Attorney for Plaintiff*