IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sherrell Hunter, | ) |
| Plaintiff, | ) Civil Action File No.: |
| vs. | ) |
| Williams Rush & Associates, LLC, | ) |
| Defendant | ) **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1. Plaintiff, Sherrell Hunter, is a natural person who resides in DeKalb County, Georgia.

2. Defendant, Williams Rush & Associates is a limited liability corporation headquartered in Texas. It is registered to do business in Georgia and

1

can be served through its registered agent Northwest Registered Agent Service, Inc., 300 Colonial Center Parkway, Suite 100 N. Roswell, Georgia 30076.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division as both the conduct complained of herein and the Defendant's Registered Agent share the Atlanta Division as their respective situs.

## FACTUAL ALLEGATIONS

7. Plaintiff is a woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of an educational and is, therefore, a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As a result of her disability, and inability to maintain employment, the Plaintiff has fallen behind on a number of consumer debts.

14. The Plaintiff has received communications from the Defendant seeking to collect a debt originating with "Stevens Transport" arising out of training received by Plaintiff for the position of a long-haul truck driver.

15. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

16. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

17. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

18. Because of the Plaintiff's dire financial condition, she caused to be mailed to the Defendant a letter dated September 21st, 2022, advising that Plaintiff would not make a payment to the Defendant on the account in collection.

19. Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

20.    Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

21.    The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

22.    The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

23.    Plaintiff's letter was delivered to the Defendant, per records maintained by the United States Postal Service, on September 26, 2022.

24.    Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, on April 18th and April 19th, 2023, the Defendant initiated calls to the Plaintiff seeking collection of the debt which was the subject of the Plaintiff's letter.

25.    Both of these calls caused the Plaintiff's phone to activate, distracting her from her daily activities. Both calls were intrusions upon her peace and solitude.

**INJURIES-IN-FACT AND DAMAGES**

26. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, and unfair debt collection practices;

   b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant regarding a debt she has refused to pay;

d.) The Plaintiff suffered a violation of her right to privacy.

e.) Anxiety and worry caused by concern that Defendant was going to continue making collection calls to Plaintiff at times that were inconvenient for the Plaintiff;

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and subparts*

31. The communications from the Defendant directed at Plaintiff after September 26, 2022 violated 15 U.S.C. § 1692c(c).

### COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-390, et seq.**

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

33. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

34. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

35. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

36. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

37. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

38. Defendant's conduct has implications for the consuming public in general.

39. Defendant's conduct negatively impacts the consumer marketplace.

40. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

41. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

42. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

44. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) ; and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 26th day of June, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorney*