IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| WILLIAM GARY, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGIA DEPARTMENT OF DEFENSE. | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF, WILLIAM GARY, by and through his attorneys, JOHN BEY & ASSOCIATES, submits the following Complaint and Demand for Trial by Jury against GEORGIA DEPARTMENT OF DEFENSE.

## JURY DEMAND

COMES NOW PLAINTFF, and hereby makes his demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, PLAINTIFF WIILIAM GARY was a resident of Fulton, County in the State of Georgia.

2. DEFENDANT GEORGIA DEPARTMENT OF DEFENSE is a domestic profit corporation, which has a place of business at 1000 Halsey Avenue, Marietta, GA 30060.

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5. Venue is proper in the Northern District of Georgia pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff was employed by Defendant for 10 years and 8 months.

7. Plaintiff began working for Defendant at the age of 14 in July of 2010 as an intern.

8. Plaintiff was hired as a full time employee on or about February 1, 2016.

9. In approximately October 2019, Plaintiff had a dispute with Ms. Janika Buie-Hudson, a Contracting Specialist in his department, over the use of a GSA vehicle.

10. Plaintiff was treated much differently than Ms. Buie-Hudson was in this situation.

11. In addition, Mr. Gary was singled-out for dress-code violations that are not actual policy. For example, Ms. Rhonda Hines, Chief of the Contracting Team, said Plaintiff would be mistaken for a terrorist if he did not shave his facial hair.

12. In one incident, in reference to Ms. Buie-Hudson's then boyfriend (now husband) and his visit to the office around December 2019, Ms. Hines saw Ms. Buie-Hudson's boyfriend sitting on her desk and later stated that he was "staking his claim, rubbing his d*** all over her desk." The comments were directed at Ms. Buie-Hudson but were loud enough for all to hear.

13. Ms. Hines threatened Mr. Gary with being written up on several occasions.

14. In another incident in early 2020, Mr. Gary heated up some food in the office microwave for his lunch. Shortly after this, Ms. Hines publicly stated, "it smells like coochie." Because

of this incident, Ms. Hines sent an email to the Contracting Team telling them what they could and could not heat in the microwave.

15. Other times, Plaintiff was called a "drama queen" during meetings by Ms. Hines.

16. Ms. Hines further threatened that he would "go to jail" if he made mistakes.

17. During meetings and in the presence of others, Ms. Hines stated that Plaintiff was "playing pocket pool" on many occasions. This phrase is commonly understood to suggest that a male is playing with his genitals.

18. Plaintiff overheard Ms. Hines making comments to or about the bodies and appearance of Contracting Specialists Cherry Griffin and Marian Miles, specifically about their buttocks. Ms. Hines has made statements alleging that men are attracted to women with large buttocks.

19. Ms. Hines showed pictures and/or videos of herself naked and performing sex acts.

20. Plaintiff was attending bible study on Wednesday evenings. At some point, after he began dating a woman named Ashley, Ms. Hines began making comments to him about "Ash Wednesdays" or "Ass Wednesdays." Upon information and belief, others overheard these comments to him, as well.

21. While still employed, the investigators for Defendant asked Plaintiff if he believed he was being treated differently than the others on the Contracting Team. Plaintiff confirmed that he was being treated differently.

22. On April 23, 2020, Plaintiff emailed Ms. Dania Aponte, Deputy CFMO, requesting her assistance with applying for a leave of absence because of the treatment by Ms. Hines.

23. In addition to giving him trouble with taking leave, he also suffered retaliation in the form of the treatment and scrutiny by Ms. Hines only intensifying when he returned.

24. An investigation into Ms. Hines resulted in several findings being sustained, and Ms. Hines was terminated.

25. However, the retaliation in the office continued as a result of Ms. Hines being fired, which included him constantly being harassed and picked on by his superiors.

26. The retaliation was so great that he went to HR multiple times regarding his continued mistreatment.

27. Ms. Aponte was the acting director after Ms. Hines was removed, and nothing was done to help the situation.

28. During Plaintiff's performance evaluation around that same period, Plaintiff rated himself as an exceptional performer

29. Plaintiff's supervisor to whom he had reported changed the rating to a satisfactory performer and questioned him, which caused him to receive less money because of the low review.

30. Upon information and beliaf, Plaintiff was given these scores because he had complained about the harassment previously which had resulted in Ms. Hines termination.

31. While Plaintiff worked for Defendant he was the only male working in the department and was subjected to inappropriate sexual comments by his manager and other staff.

32. Plaintiff was also denied promotions that were given to other employees, despite being on the job longer and performing better.

33. On August 31, 2021, because Plaintiff could not take the poor treatment any further and it was clear that the situation was not going to improved, he ended his employment with Defendant.

34. On October 19, 2021, Plaintiff filed a charge of discrimination with the EEOC against Defendant.

35. On April 7, 2023 the EEOC issued Plaintiff a right to sue letter and this lawsuit followed.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

36. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

37. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

38. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

39. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

40. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff protested and reported sexual harassment to human resources.

41. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to agents of Defendant.

42. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

43. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

44. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

45. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

46. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

47. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF THE GA CODE, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29

48. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

49. At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the GA Code, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29.

50. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

51. Defendant's conduct, as alleged herein, violated the GA Code, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29 which makes it unlawful to retaliate against an employee who has engaged in protected activity.

52. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, reporting to human resources the inappropriate sexually harassing behavior by his co-workers.

53. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to agents of Defendant.

54. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

55. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

56. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

57. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

58. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

59. Plaintiff requests relief as described in the Prayer for Relief below.

## **COUNT III**

## **GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF TITLE VII**

60. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

61. At all material times, Defendant was an employer covered by, and within the meaning of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

62. Defendant's conduct, as alleged herein, violated Title VII, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

63. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

64. Plaintiff is a man and a member of a protected class.

65. Plaintiff was subjected to communication or conduct on the basis of his gender, as indicated in the facts above.

66. Several female employees who worked for Defendant sexually harassed Plaintiff.

67. The communication and conduct from the women was unwelcomed.

68. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

69. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

70. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

71. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

### GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF THE GA CODE, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29

72. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

73. At all material times, Defendant was an employer covered by, and within the meaning of the GA Code, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29.

74. Defendant's conduct, as alleged herein, violated the GA Code, ARTICLE 2 - FAIR EMPLOYMENT PRACTICES § 45-19-29, which makes it unlawful to sexually harass or discriminate against an employee.

75. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

76. Plaintiff is a man and a member of a protected class.

77. Plaintiff was subjected to communication or conduct on the basis of his gender, as indicated in the facts above.

78. A female who worked for Defendant sexually harassed Plaintiff.

79. The communication and conduct from the broker was unwelcomed.

80. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

81. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

82. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

83. Plaintiff requests relief as described in the Prayer for Relief below

## **RELIEF REQUESTED**

PLAINTIFF, WILLIAM GARY, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

This 6th day of July, 2023.

                  **BEY & ASSOCIATES, LLC**

                  */s/N. John Bey*
                  N. JOHN BEY
                  Georgia Bar No. 118279
                  Attorney for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
john@beyandassociates.com