IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS AND DAWSON BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, AND HARVINDER SINGH,<br><br>*Defendants*. | Civil Action No.: |

## **DEFENDANTS, GILL LOGISTICS, INC., AND HARVINDER SINGH'S, BRIEF IN SUPPORT OF NOTICE OF REMOVAL**

COME NOW Defendants Gill Logistics, Inc., and Harvinder Singh (hereinafter referred to as "Defendants", "Defendant Gill Logistics" or "Defendant Singh") (hereinafter referred to as "Defendant FedEx"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file their Brief in Support of their Notice of Removal, and shows to the Court as follows:

### **PROCEDURAL BACKGROUND**

1. The Plaintiffs, T'Yaunah Larkins-Simmons and Dawson Brown, filed this cause of action in the State Court of Gwinnett County, Georgia, on June 2, 2023,

against the Defendants. (See Complaint and all other related Gwinnett County State Court filings attached hereto as Exhibit '1').

2. The Plaintiffs' Complaint was served upon Defendant Gill Logistics on June 6, 2023. (See Affidavit of Service upon Gill Logistics, Exhibit '1').

3. The Plaintiffs' Complaint was served upon Defendant Singh through Georgia's Secretary of State on June 8, 2023. (See Service document upon Defendant Singh, Exhibit '1').

4. The Plaintiffs' Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for injuries that occurred in an accident on June 11, 2021. (See Complaint, ¶ 29).

5. Complete diversity exists in this case between the Plaintiffs, Georgia citizens and residents, and Defendant Gill Logistics, a Texas corporation with its principal place of business in Texas, and Defendant Singh, a citizen and resident of the State of California. (See Plaintiffs' Complaint, ¶¶ 1, 5 and 18).

6. The Plaintiffs' Complaint does not contain a statement of the amount sought by the Plaintiffs. (See generally, Plaintiffs' Complaint).

7. On April 24, 2022, then counsel for Plaintiff T'Yaunah Larkins-Simmons served upon the Defendants' insurer a settlement demand in the amount of $400,000.00. (See generally Plaintiff Larkins-Simmons' demand attached hereto

as Exhibit '2').

8. On April 24, 2022, then counsel for Plaintiff Dawson Brown served upon the Defendants' insurer a settlement demand in the amount of $450,000.00. (See generally Plaintiff Larkins-Simmons' demand attached hereto as Exhibit '3').

9. This Notice of Removal is filed by the Defendants within thirty (30) days from the date on which this action became removable and within one year of the filing of the Plaintiffs' Complaint.

10. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a).  (See Exhibit '1').  Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

11. Defendants represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiffs, by and through their counsel of record, contemporaneous with this filing.  (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as Exhibit '4').

12. The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of Gwinnett County. No Defendant heretofore has sought similar relief in this action.

13. Defendant Gill Logistics has prepared a proposed Answer to the Plaintiffs' Complaint, which is attached hereto as Exhibit '5'.

14. Defendant Gill Logistics has prepared a proposed Answer to the Plaintiffs' Complaint, which is attached hereto as Exhibit '6'.

## ARGUMENT AND CITATION OF AUTHORITY

**A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States…"

See 28 U.S.C. § 1332(a).

Defendants show this Honorable Court that complete diversity exists among the Plaintiffs and the Defendants and that the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. Specifically, the Plaintiffs' Complaint does not contain a specific monetary demand, but prior to filing suit Plaintiffs' counsel sent separate demands seeking $400,000.00 for Plaintiff T'Yaunah Larkins-Simmons and $450,000.00 for Dawson Brown. (See Exhibits '2' and '3'). Accordingly, the Defendants state that pursuant to 28 U.S.C. § 1446(b)(3) this cause of action is being properly removed because the amount of controversy has been met. See 28 U.S.C. § 1446(b)(3).

1. **There is complete diversity.**

It is undisputed that there is complete diversity among the parties in this cause of action. Complete diversity exists in this case between the Plaintiffs, Georgia citizens and residents, and the Defendants, as Defendant Gill Logistics is Texas corporation with its principal place of business in Texas, and Defendant Singh is citizen and resident of the State of California. (See Plaintiffs' Complaint, ¶¶ 1, 5 and 18).. (See Plaintiff's Complaint ¶ 1).

Accordingly, complete diversity exists in this cause of action such that removal is proper.

2. **The amount in controversy exceeds $75,000.00.**

Defendants show this Honorable Court that complete diversity exists among the Plaintiffs and the Defendants and that the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. Specifically, Plaintiffs' counsel sent separate demands seeking $400,000.00 for Plaintiff T'Yaunah Larkins-Simmons and $450,000.00 for Dawson Brown. (See Exhibits '2' and '3').

Accordingly, the Defendants assert that the minimum amount in controversy has clearly been met in the instant case.

### B. Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b). It is well settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court. Williams v. Best Buy Co., Inc., 269 F. 3d 1316 (11th Cir. 2001). The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. In the instant case, Defendant Gill Logistics was served with the Plaintiff's Complaint on June 6, 2023, so this case has been removed within 30 days of it becoming removable to this Court.

Therefore, the Defendants assert that the diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action, the amount in controversy has been established by a preponderance of the evidence and this case is being removed within thirty (30) days of the Defendants' receipt of a paper first showing that this case is removable. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

WHEREFORE, the Defendants assert that pursuant to 28 U.S.C. § 1446 they have sought removal within thirty (30) days from the moment the action became removable. Accordingly, the Defendants respectfully request that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446. The Defendants further request that this Court enter an Order REMOVING this action from the State Court for the County of Gwinnett, State of Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 6th day of July, 2023.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*_____
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
Loren A. Rafferty, Esq.
Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    ___*x*___    Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    ___*x*___    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

David T. Rohwedder, Esq.
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, Georgia 30306
dave@litnerlaw.com

This 6th day of July, 2023.

                                                    Shires, Peake & Gottlieb, LLC

                                                    */s/ Kevin T. Shires*
                                                    Kevin T. Shires
                                                    State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com