E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

6/2/2023 2:39 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☑ **State Court of** GWINNETT _____ **County**

---

**For Clerk Use Only**

**Date Filed** _____       **Case Number** 23-C-03780-S3

**MM-DD-YYYY**

---

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LARKINS-SIMMONS, T'YAUNAH | | | | | GILL LOGISTICS, INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| BROWN, DAWSON | | | | | ABC CORPORATIONS 1-5 | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | SINGH, HARVINDER | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** David T. Rohwedder       **State Bar Number** 104056       **Self-Represented** ☐

---

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____       _____
**Case Number**       **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/2/2023 2:39 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | _____ |
| | 23-C-03780-S3 |
| v. | |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### <u>SUMMONS</u>

TO:    Gill Logistics, Inc.
       c/o Parminder S. Gill, President
       4204 Martha Ave.
       Sachse, Texas 75048

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address are:

David T. Rohwedder
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, GA 30306
Phone: (678) 705-6270

an answer to the Complaint, which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

2nd day of June, 2023

This _____ day of _____, 2023.

Tiana P. Garner

Clerk of Court

_____

Deputy Clerk

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/2/2023 2:39 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      Plaintiffs,

v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      Defendants.

Civil Action File No.

_____

23-C-03780-S3

**JURY TRIAL DEMANDED**

## <u>SUMMONS</u>

TO:    Gill Logistics, Inc.
        c/o Parminder S. Gill, Registered Agent
        4204 Martha Ave.
        Sachse, Texas 75048

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address are:

David T. Rohwedder
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, GA 30306
Phone: (678) 705-6270

an answer to the Complaint, which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2023.
          2nd day of June, 2023

          Tiana P. Garner

          Clerk of Court

          _____

          Deputy Clerk

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/2/2023 2:39 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | _____ |
| v. | 23-C-03780-S3 |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## <u>SUMMONS</u>

TO:      Harvinder Singh
         1709 N. State St.
         Fresno, California 93722-8680

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address are:

David T. Rohwedder
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, GA 30306
Phone: (678) 705-6270

an answer to the Complaint, which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2023.      2nd day of June, 2023

Tiana P. Garner

Clerk of Court

_Camelia Barlow_

Deputy Clerk

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/2/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | _____ |
| v. | **23-C-03780-S3** |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## SUMMONS

TO:     United Services Automobile Association
        c/o Corporation Service Company (Registered Agent)
        2 Sun Court, Suite 400
        Peachtree Corners, Georgia 30092

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address are:

David T. Rohwedder
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, GA 30306
Phone: (678) 705-6270

an answer to the Complaint, which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2023.

2nd day of June, 2023

Tiana P. Garner

Clerk of Court

_____
Deputy Clerk

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-03780-S3

6/2/2023 2:39 PM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      Plaintiffs,

v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      Defendants.

Civil Action File No.

_____

23-C-03780-S3

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs T'yaunah Larkins-Simmons and Dawson Brown (collectively "Plaintiffs")

hereby file this Complaint and show this Honorable Court the following:

### PARTIES, JURISDICTION, ETC.

#### Plaintiffs

1. Plaintiffs are residents of the State of Georgia.

2. Plaintiffs are subject to the jurisdiction and venue of this Court.

#### Gill Logistics, Inc.

3. Defendant Gill Logistics, Inc. is a foreign corporation.

4. Defendant Gill Logistics, Inc. is a foreign profit corporation.

5. Defendant Gill Logistics, Inc. is organized under the laws of Texas.

6. Defendant Gill Logistics, Inc. is not organized under the laws of Georgia.

7. Defendant Gill Logistics, Inc. is engaged in interstate commerce.

8. Defendant Gill Logistics, Inc. is authorized to transact business in Georgia.

9. Defendant Gill Logistics, Inc. transacts business in Georgia.

10. Defendant Gill Logistics, Inc.'s President is Parminder S. Gill.

11. Defendant Gill Logistics, Inc.'s principal place office and principal place of business are located at 4204 Martha Ave., Sachse, Texas 75048.

12. Defendant Gill Logistics, Inc. does not maintain a registered agent for service of process in Georgia.

13. Defendant Gill Logistics, Inc. maintains a registered agent for service of process in Texas.

14. Defendant Gill Logistics, Inc.'s registered agent for service of process is Parminder S. Gill, 4204 Martha Ave., Sachse, Texas 75048.

15. Defendant Gill Logistics, Inc. may be served with legal process by serving its registered agent for service of process, Parminder S. Gill, 4204 Martha Ave., Sachse, Texas 75048.

16. Defendant Gill Logistics, Inc. may be served with legal process in accordance with O.C.G.A. § 9-10-90 *et seq.* or O.C.G.A. § 14-2-1510(b) or other applicable Georgia law.

**Harvinder Singh**

17. Defendant Harvinder Singh ("Defendant Singh") is a resident of California.

18. Defendant Singh's last known address is 1709 N. State St., Fresno, California 93722-8680.

19. Defendant Singh may be served with legal process in accordance with O.C.G.A. § 40-12-1 *et seq.*

**ABC Corporations 1-5**

20. Defendant ABC Corporations 1-5 are unknown entities who are relevant parties to this litigation. When Plaintiffs discover the identities of these defendants, Plaintiffs will amend this Complaint accordingly and serve these defendants with a summons and copy

of the Complaint. Once these defendants are named and served with a summons and copy of the Complaint, then these defendants will be subject to the jurisdiction of this Court.

### Jurisdiction, etc.

21. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

22. This Court has personal jurisdiction over:

    a. Defendant Gill Logistics, Inc.

    b. Defendant Singh.

23. Venue is proper in this Court as to:

    a. Defendant Gill Logistics, Inc.

    b. Defendant Singh.

24. There has not been an insufficiency of process with respect to:

    a. Defendant Gill Logistics, Inc.

    b. Defendant Singh.

25. There has not been an insufficiency of service of process with respect to:

    a. Defendant Gill Logistics, Inc.

    b. Defendant Singh.

26. Plaintiffs stated a claim for relief upon which relief can be granted against:

    a. Defendant Gill Logistics, Inc.

    b. Defendant Singh.

27. Plaintiffs' claims against defendants are not barred by the applicable statute of limitation.

28. Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-9.

# FACTS

29. At approximately 12:20 p.m. on June 11, 2021, Plaintiff T'yaunah Larkins-Simmons was operating a motor vehicle and travelling eastbound on Jimmy Carter Boulevard, just west of its intersection with Interstate 85, in Norcross, Gwinnett County, Georgia.   Plaintiff Dawson Brown was a passenger in the motor vehicle operated by Plaintiff T'yaunah Larkins-Simmons.

30. At the same time and place, Defendant Singh was driving a fully loaded 2019 Freightliner truck in the lane to the immediate left of the motor vehicle operated by Plaintiff T'yaunah Larkins-Simmons.

31. At the same time and place, Defendant Singh was

    a.   unfamiliar with the area,

    b.   utilizing his cell phone,

    c.   utilizing his mounted GPS device,

    d.   distracted by the GPS on his cell phone and mounted GPS device, and

    e.   confused by the GPS on his cell phone and mounted GPS device.

32. Defendant Singh failed to maintain his lane and entered the lane occupied by the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons and crashed into the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

33. The Georgia State Patrol responded to and investigated the June 11, 2021 wreck.

34. The Georgia State Patrol concluded Defendant Singh was at fault for the June 11, 2021 wreck.

35. The Georgia State Patrol issued a traffic citation to Defendant Singh for violating O.C.G.A. § 40-6-241(b), which states "A driver shall exercise due care in operating a

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

motor vehicle on the highways of this state and shall not engage in any actions which shall distract such driver from the safe operation of such vehicle."

36. At the time of the June 11, 2021 wreck, Defendant Singh was driving a vehicle owned by Defendant Gill Logistics, Inc.

37. At the time of the June 11, 2021 wreck, Defendant Singh was employed by Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

38. At the time of the June 11, 2021 wreck, Defendant Singh was acting within the course and scope of his employment with Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

39. At the time of the June 11, 2021 wreck, Defendant Singh was an agent of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

40. At the time of the June 11, 2021 wreck, Defendant Singh was acting within the course and scope of his agency with Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

41. At the time of the June 11, 2021 wreck, Defendant Singh was acting for the profit and benefit of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

42. At the time of the June 11, 2021 wreck, Defendant Singh was acting under the express or implied control or discretion of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

43. At the time of the June 11, 2021 wreck, Defendant Singh was the actual or apparent agent of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

44. At the time of the June 11, 2021 wreck, Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 controlled the time, method, and manner of Defendant Singh's work.

45. At the time of the June 11, 2021 wreck, Defendant Singh was acting in the furtherance of the business of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

46. As a direct and proximate result of Defendants' negligence and other wrongful conduct described herein, either alone or in conjunction with one another, Plaintiffs suffered the injuries and damages described herein.

47. The subject wreck and Plaintiffs' injuries and damages were caused by the negligence and other wrongful conduct of the Defendants, either alone or in conjunction with one another, as described herein.

48. The subject wreck was foreseeable to Defendants.

49. The subject wreck and Plaintiffs' injuries, and damages could have been avoided had Defendants acted in a safe and prudent manner as required by Georgia law.

50. As a direct and proximate result of Defendants' negligence and other wrongful conduct, Plaintiffs suffered the injuries and damages described therein.

51. Plaintiffs are completely innocent victims in the subject wreck.

52. No non-party is at fault for causing or contributing to cause the subject wreck.

53. No non-party is at fault for causing or contributing to cause Plaintiffs' injuries and damages described herein.

## LIABILITY

### Defendants Gills Logistics, Inc. or ABC Corporations 1-5

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53 as if fully restated.

54. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors pursuant to O.C.G.A. §§ 51-2-2, 51-2-5, and 14-11-301, and other applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Singh at the time of the June 11, 2021 wreck, which are described in this Complaint.

55. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 negligently selected, hired, trained, supervised, retained, or qualified Defendant Singh.

56. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 negligently entrusted a motor vehicle to Defendant Singh.

57. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had actual knowledge that Defendant Singh was not competent or qualified to drive a motor vehicle and that entrusting a motor vehicle to Defendant Singh put other motorists, including Plaintiffs, in danger. Notwithstanding such knowledge, Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 hired, entrusted a motor vehicle to, and failed to terminate Defendant Singh prior to the subject wreck.

58. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had a duty to but failed to exercise all due and reasonable care pursuant to the duties of care established under all applicable state and federal laws, rules, and regulations.

59. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had a duty to but failed to exercise all due and reasonable care pursuant to the duties of care established by all applicable standards, customs, and practices.

60. As a direct and proximate result of the foregoing negligent or other wrongful conduct, Plaintiffs suffered the injuries and damages described herein.

61. Alone or in conjunction with the negligence and other wrongful conduct of the other defendants, Defendant Gill Logistics, Inc.'s or Defendants ABC Corporations 1-5's negligent or other wrongful conduct proximately caused Plaintiffs' injuries and damages described herein.

62. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 is responsible for the actions of Defendant Singh with respect to the subject wreck under the doctrine of lease liability, agency, or apparent agency.

**Defendant Singh**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 62 as if fully restated.

63. Defendant Singh had a duty to operate the vehicle he was driving at the time of the subject wreck in a safe and prudent manner and with ordinary care so as not to endanger the lives and welfare of the motoring public, including Plaintiffs.

64. Defendant Singh breached those duties and is liable for the following acts and omissions which include, but are not limited to, the following: failing to operate a vehicle with due care, failing to keep a proper lookout, driving while distracted, failing to maintain his lane, violating certain of Georgia's rules of the road, and failing to operate a vehicle in accordance with state and federal laws and regulations.

65. The conduct and violations of Defendant Singh described in the preceding paragraph amount to negligence and negligence *per se*.

66. As a direct and proximate result of the foregoing breaches of duties, Plaintiffs suffered the injuries and damages described herein.

67. Alone or in conjunction with the negligence and other wrongful conduct of the other Defendant, Defendant Singh's negligence and other wrongful conduct proximately caused Plaintiffs' injuries and damages described herein.

### Joint and Several Liability

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 67 as if fully restated.

68. Defendants jointly and concurrently committed the above-described negligent and other wrongful conduct.  Accordingly, all defendants are jointly and severally liable to Plaintiffs for the claims described herein.

### <u>DAMAGES CLAIMED</u>

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 68 as if fully restated.

69. The damages claimed herein by Plaintiffs were directly and proximately caused by Defendants' negligence and other wrongful conduct.

70. Plaintiffs claim all damages they suffered for which he is entitled to recover, including, but not limited to, the following:

   a.  Past, present, and future medical expenses.

   b.  Past, present, and future lost wages.

   c.  All components of physical and mental pain and suffering, and emotional distress.

d.  Property damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.  That summonses issue requiring Defendants to appear as provided by law to answer this Complaint.

B.  That service be had on Defendants as provided by law.

C.  That Plaintiffs have and recover all damages for losses compensable under Georgia law, as set forth above.

D.  A trial by jury.

E.  For such other and further relief as is just and proper.

This 2nd day of June, 2023.

Respectfully submitted,

LITNER + DEGANIAN, P.C.

_____
DAVID T. ROHWEDDER
GA Bar No. 104056

1776 Briarcliff Road NE
Atlanta, Georgia 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com
*Attorney for Plaintiffs*

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/2/2023 2:39 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      Plaintiffs,

v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      Defendants.

Civil Action File No.

_____

23-C-03780-S3

**JURY TRIAL DEMANDED**

## PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT GILL LOGISTICS, INC.

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, submits the following Interrogatories, Request for Production of Documents, and Requests for Admission to the above-named defendant for response within thirty (30) days after service hereof (45 days if filed with the Complaint).

Thirty (30) days after service hereof (45 days if filed with the Complaint), you are requested to produce for inspection and copying by the Plaintiffs at Litner + Deganian, P.C., 1776 Briarcliff Road, NE, Atlanta, GA 30306, all documents responsive to Plaintiffs' Requests for Production of Documents.

Plaintiffs' First Interrogatories and Requests for Production of Documents are continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be seasonably served upon Plaintiffs' counsel as provided by O.C.G.A. § 9-11-26(e).

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

In answering the following discovery requests, defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant. An agency relationship clearly exists between defendant and his attorneys and insurers. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983). "The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject–matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it…" *Bean v. Baron*, 176 Ga. 285 (1933). "This rule is applicable to the relation of attorney and client." *Id.* (*citing Faircloth v. Taylor*, 147 Ga. 787 (1918)). "It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Mathis v. Blanks*, 212 Ga. 226 (1956); *see also Royalston v. Bank of America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.,* 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). ***Accordingly, if defendant's attorneys or insurers are aware of knowledge or information sought by the below discovery requests, that knowledge and information is imputed to defendant and must be disclosed or produced.*** Defendant may not claim ignorance regarding facts, law, terminology, information, or anything else that is held by or known by defendant's agents.

***Should you claim attorney-client privilege (or any other privilege) to any of the following Interrogatories or Requests for Production of Documents, please provide a privilege log so that the Court—and not the defendant unilaterally, may determine whether the information should***

***be disclosed or the documents produced.*** U.S.C.R. 5.5; *General Motors v Conkle*, 226 Ga. App. 34, 47 (1997) both establish that an unsupported claim of privilege does not meet the claimant's burden of showing that the privilege applies.

**Please refrain from asserting any "General Objections."** Such objections are disfavored and neither the Court nor Plaintiffs can tell what, if anything, defendant is withholding or to which request the objection applies. All objections should be stated with specificity. Please do not assert boilerplate objections without substantiating each such objection. A discovery request is not, for example, "unduly burdensome" just because defendant says so.

## DEFINITIONS

A. The term "**subject incident**" shall refer to the auto wreck that occurred on **June 11, 2021** that is the subject of Plaintiffs' Complaint.

B. The term "identify" as herein used, means that you should provide the name, address, telephone number, occupation, and employer name of the individual so identified

C. The terms "**you**" or "**your**" or "**defendant Gill Logistics**" shall refer to Defendant Gill Logistics, Inc.

D. "**Defendant Singh**" refers to Defendant Harvinder Singh.

E. "**Subject tractor-trailer**" refers to the 2019 Freightliner Cascadia (VIN 3AKJHHDR3KSKD5510) driven by defendant Singh on June 11, 2021.

F. "**Document**" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person. The term includes agreements; contracts; emails; text messages; fax transmissions; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs;

descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

G.   "**Document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

H.   "**Document**" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

I.   "**Document**" includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

J.   "**Correspondence**" refers to all written forms of communication, including, but not limited to, letters, emails, faxes, memoranda, and text messages.

K.   "**Presently**" shall refer to the exact moment in time in which you are responding to these requests.

## INTERROGATORIES

### Insurance Policies

1.   Has any entity issued a policy of liability insurance to you, yes or no?

2.   If the answer to the preceding interrogatory is "yes," state the names of all insurers providing liability insurance, the limits of coverage of each such policy, and the policy number of each such policy.

## Witnesses

3.  State the name and address of any person, including any party, who, to your knowledge, information or belief:

    a.  Was an eyewitness to the subject incident;

    b.  Has knowledge of any fact or circumstance upon which your defense is based; and

    c.  Conducted any investigation relating to the subject incident or the background, employment, medical history or activities of the Plaintiffs.

With respect to each person identified in response to this interrogatory, please state whether each such person gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given (oral, written, recorded, etc.).  Also, please identify the taker and present custodian of such statement(s).

4.  State the full name, address and telephone number of each person whom you contend will testify that any person(s) other than you and defendant Singh were at fault in the subject incident.

5.  Have you ever been a party in a lawsuit? If so, please list the civil action file number, style of the case, and jurisdiction in which the matter was filed, along with the outcome of each such civil action (*e.g.*, settlement or verdict).

6.  Please state the name, home and business addresses, and home and business telephone numbers, and cell phone number(s) of each individual, excluding your attorneys, with whom you have discussed any aspect of the subject incident.

7.  Please identify all persons other than your attorneys to whom you have spoken about the subject incident.  Please include, but do not limit your response to, whether you ever called

Plaintiffs to apologize for the role you played in causing the subject incident or Plaintiffs' injuries.

### Defendant Singh

8.  Please describe in detail the precise nature and scope of the employment relationship that exists between you and defendant Singh, including on the day of the subject incident, and state whether defendant Singh was acting within the course and scope of his employment, agency, or contractual relationship with you at the time and place of the subject incident. If you contend defendant Singh was not acting within the course and scope of his employment or agency with you at the time of the subject incident, please state the factual basis for that claim and identify who you contend defendant Singh was driving for at the time of the subject incident.

9.  Has defendant Singh ever been convicted of, pled guilty to, or pled nolo contendere to any crime? If so, for each conviction, guilty plea, or nolo contendere plea, please:

    a.  Describe the nature of the charge or crime;

    b.  State the date of each charge or crime;

    c.  State where (*i.e.*, in what city and state) he was charged;

    d.  State the case or indictment number;

    e.  The final disposition of the charge or crime; and

    f.  Identify the city, county, and state in which he was convicted, pled guilty, or pled nolo contendere.

10. Please identify all training defendant Singh was provided by or on behalf of this defendant, to include the name, address, and telephone number of the trainer, the scope of the training provided, whether such training was completed, and the date of such training.

11. Did defendant Singh violate any policy, standard, guideline, recommendation, or rule of this defendant in connection with the subject incident? If so, please identify the rule/policy/standard defendant Smart violated and explain how the same was violated by defendant Singh.

12. Please state whether defendant Singh was tested for drugs or alcohol before or after the subject incident, to include the forty-eight hours following the subject incident. If so, please identify the person who administered such tests, the type of tests administered, and stat the results of all such tests.

13. Please state whether this defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of defendant Singh prior to or after the subject incident. If so, please state, by job title, to which employees this inquiry applies, when and from whom this information is obtained (including, but not limited to any governmental agency or entity), and what information is obtained or, as a matter of policy, ought to be obtained.

14. Please describe all steps taken by, or for the benefit of, this defendant to evaluate the training, health, experience, and qualifications of defendant Singh to drive before he was allowed to drive for this defendant.

15. Please state whether defendant Singh was ever criticized regarding his driving or job performance or written up, punished, reprimanded, or disciplined in any way while working for you or driving on your behalf, including but not limited to whether he was disciplined,

criticized or reprimanded, or whether his job duties were in any way altered, before or as a result of the subject incident.

16. Please list each motor vehicle collision, traffic violation, or crime committed or allegedly committed at any time by defendant Singh which this defendant was or is aware.  For each such event listed, please identify and explain how, when, and from what source this defendant was made aware of each such event.

### Your Business Operations

17. Please describe your business operations and ownership structure, to include what business you perform, who owns you, and the relative ownership interests, if applicable.

18. Please identify all training materials, policies, rules, procedures, and/or guidelines you had in effect prior to, on, and after the date of the subject incident.

19. Identify and describe each incident involving a collision between a truck you owned, leased or contracted and another vehicle which resulted in property damage, injuries, or fatalities within the seven (7) years preceding the date of the subject incident.  Please include in your identification the following:

    a. The date and location of the collision, and the name of the person driving for you or on your behalf.

    b. A brief description of the collision, including whether the person driving for you or on your behalf was allegedly at fault or in any way responsible for causing the collision;

    c. Whether any violation of any law was charged against you or the person driving for or you on your behalf as a result of the collision, and, if so, what violation(s) and what was the final disposition of those charges;

    d.   Whether any investigation was undertaken by you or anyone acting on your behalf regarding the driver's conduct in the collision;

    e.   Whether any action was taken by you regarding the driver in the collision, and, if so, what action (reprimand, termination, additional training, etc.); and

    f.   Whether any action was taken by you regarding any of your practices, policies, or procedures as a result of the collision, including but not limited to:

        i.   How you monitor or review drivers' hours, performance, or qualifications;

        ii.   Your driver training, instruction, and/or safety programs; and/or

        iii.   Any other of your practices, policies, or procedures involving you. or those who drive for you or on your behalf.

20. Identify and describe each time you have been investigated by the United States Department of Transportation Federal Motor Carrier Safety Administration. Please include in your identification the following:

    a.   The reason for the investigation;

    b.   The scope of the investigation;

    c.   The identity of all employees who were interviewed during the investigation;

    d.   All documents you reviewed and produced during the investigation;

    e.   All violations of the Federal Motor Carrier Safety Regulations that were discovered during the investigation and, if applicable, the name of each driver who violated the regulations;

    f.   Whether any action was taken by you regarding the drivers who were the subject of the investigation, and, if so, what action (reprimand, termination, additional training, etc.);

    g. The proposed safety rating given to you;

    h. Whether you received a Notice of Claim;

    i. Whether you entered into a settlement agreement with the FMCSA;

    j. All penalties assessed against you;

    k. All actions you were required to take to improve your safety rating;

    l. Whether any action was taken by you regarding any of your practices, policies, or procedures; and

    m. Whether you received an Order to Cease All Transportation in Interstate and Intrastate Commerce and Revocation of Registration.

21. Please identify the following individuals as of the date of the subject incident and at present:

    a. Person(s) responsible for the inspection, maintenance, and repair of the subject tractor-trailer;

    b. Your Safety Director;

    c. Person(s) responsible for training employees/drivers, including defendant Singh;

    d. Person(s) responsible for interviewing and/or hiring or selecting defendant Singh;

    e. Person(s) responsible for supervising drivers, including defendant Singh;

    f. Person(s) responsible for qualifying defendant Singh, obtaining defendant Singh's driver history and/or ensuring that defendant Singh maintained current log books, permits, licenses, certifications, and safety equipment/devices; and

    g. Person(s) responsible for dispatching or assigning defendant Singh to his work tasks on the date of the subject incident.

Please include in your response the address and current telephone numbers of these individuals and state whether any of them are currently employed by you.

22. Please identify by Bates number any written policies and procedures you provided to its drivers, including defendant Singh, at any time prior to the date of the subject incident.

23. Please identify by Bates number any written policies and procedures you provided to its drivers at any time after the date of the subject incident.

**The Subject Incident**

24. With respect to any investigation or review of the subject incident by you, please state who participated in such investigation or review, whether there was a determination of fault, what the determination of fault was, what corrective action was taken, whether a driver improvement plan was recommended or formulated, what the driver improvement plan was, whether there were any lessons learned, what the lessons learned were, and what the time frame for completion of the driver improvement plan was.

25. Please state in detail how you contend the subject incident took place, and the order in which the events took place, to include the purpose of the trip by defendant Singh, his destination(s), from where he left and what time he left, whether there were any delays in the trip and the reason for any such delays, and any cargo he was carrying or was supposed to pick up.  Please include in the response to this interrogatory a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject incident and/or any of Plaintiffs' damages.

26. Please identify any writing you have made summarizing or otherwise describing the events of the subject incident.  Please include, but do not limit your response to, any journal entry, diary entry, blog entry, Facebook entry, Twitter "tweet," letter, or e-mail.

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

27. Please state whether or not any investigation, statement, incident report, preventable wreck analysis, or summary was made by or on behalf of you, defendant Singh, or any other person or entity in connection with the subject incident, and if so, the place where such statement, report or summary is located.

28. Please describe in detail all steps you took in reporting and documenting the subject incident and include every person (other than your attorneys) that you spoke with, what you told them, and when you spoke with them following the subject incident. If you gave a written or recorded statement after the subject incident, please identify the person or entity to whom you have the statement, when the statement was given, what you wrote or told the person or entity, and whether you possess a copy of any such statement.

### The Subject Tractor-Trailer

29. Please give a detailed history of any inspections, maintenance, and repairs of the subject tractor-trailer, both prior to and subsequent to the subject incident, including, but not limited to, the dates of any inspection, maintenance, or repairs, the names of the persons who performed any inspection, maintenance, or repairs, and s description of the inspection or work performed.

30. Did you or someone acting on your behalf inspect the subject tractor-trailer after the subject-incident? If so, please:

    h. Identify everyone who participated in the inspection;

    i. Describe with specificity everything that was done during the inspection;

    j. State whether you invited Plaintiff to participate in the inspection;

    k. State with specificity all conclusions drawn as a result of the inspection.

31. Please state whether and when the subject tractor-trailer was repaired and/or put back into service following the subject incident. If so, please state what was done to download and/or preserve evidence and fault codes from the subject tractor-trailer prior to the time that it was repaired and placed back into service.

32. Please describe the type of engine on the tractor of the subject tractor-trailer at the time of the subject incident, to include the year, make, and model of the engine. Please also describe what you did to maintain the fault codes that were stored on the engine after the subject incident.

33. Who repaired the subject tractor-trailer following the subject incident? Please include in your response the name of the mechanic and shop that worked on or repaired the subject tractor-trailer following the subject incident.

34. Please describe all on-board monitoring devices on the subject tractor-trailer at the time of the subject wreck, to include video monitoring or recording devices, electronic logs, collision avoidance systems, or any other type of system that monitors the driver, the mechanical performance of the tractor-trailer, or the conditions on the roadway.

**Evidence: Generally**

35. Please identify any report or writing made by you or on your behalf of, to include an incident report, summarizing or otherwise describing the events of the subject incident, Plaintiffs' injuries and damages, and if so, identify the person(s) who prepared such report(s), identify all persons who have reviewed a copy of such report(s), the place where such report(s) is/are located, and the present custodian of the same. Please include, but do not limit your response to, any memo, meeting minutes, letter, or e-mail.

36. To your knowledge, information or belief, are there any videos, recordings, videotapes,

photographs, plats or drawings of the scene of the subject incident, the vehicles or the Plaintiffs? If so, please describe such videos, recordings, videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

### Contentions

37. Do you contend that the Plaintiffs caused or contributed to the subject incident? If so, state with particularity each fact and identify, by Bates number, each document you content supports your contention.

38. Do you admit that your negligence caused or contributed to cause the subject incident? If your answer is in any way in the negative, please explain what you contend happened and who you contend is responsible for the wreck.

39. Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiffs or any other person did or failed to do which in any way caused or contributed to causing the subject incident. Please supply any statutory authority in support of these contentions and identify any evidence you contend supports these contentions. For each person, please state the full name, address, and telephone number of that person(s) or entity(-ies) and explain the factual basis for your contention(s) that the other person(s) or entity(-ies) are responsible for the subject incident and/or injuries and damages complained of.

### Affirmative Defenses

40. Please state in detail the factual basis for each affirmative defense you have raised in your answer to Plaintiffs' Complaint.

41. Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, that service of process has been deficient on you in this matter, or that there are any

factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

## Finality in Discovery

42. Regarding any document that has not been produced on grounds of privilege, please state the following:

 l.  The date each document was generated;

 m.  The person generating each document;

 n.  The present custodian of each document; and

 o.  A description of each document.

## Expert Witnesses

43. If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

44. Please state the name, address, and telephone number of any and all mechanics or other experts who have been employed to investigate the subject incident or examine the vehicle involved in the subject incident for or on your behalf.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### The Subject Incident

1. Please produce a copy of any and all documents pertaining to any load defendant Singh was carrying at the time of the subject incident, including but not limited to the bill of lading, cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

2. Please produce copies of any and all documents that reflect any stops or purchases made by defendant Singh on the date of the subject incident and the two days prior.

3. Please produce true, accurate, and complete copies of any documents that showed where defendant Singh was and what he did on the date of the subject incident. Please include, but do not limit your response to include bank statements reflecting purchases defendant Singh made, cell phone records, and receipts.

4. Please produce any writing describing the events of the subject incident, to include, but not be limited to, notes, diagrams, journals, diaries, blog entries, summaries, Facebook entries, e-mails, letters, Twitter "tweets," or MySpace entries.

5. Please produce copies of any and all documents reflecting any pre-trip inspection of the subject tractor-trailer during the month that the subject collision occurred.

6. Please produce a copy of your checkbook ledger, credit or debit card bill, or any other documents reflecting purchases defendant Singh made on the date of the subject incident and the two (2) days preceding the subject incident.

7. Please produce any records reflecting usage of any cellular telephone, Qualcomm, or other mobile communication device in defendant Singh's possession on the date of the subject incident, and any data from the same.

8. Please produce any police reports, 911 reports, ambulance reports, or reports from any federal or state agency about the subject incident.

### Evidence: Generally

9. Please produce copies of any and all documents or other forms of written or electronic communication that passed between you and defendant Singh which in any way refer to the subject incident or Plaintiffs' damages.

10. Please produce copies of any and all documents or other forms of written or electronic communication, including emails or text messages, that passed between you, Progressive County Mutual Insurance Company, and defendant Singh or the insurer's agent(s) which in any way refer to the subject incident or Plaintiffs' damages.

11. Please produce a copy of all documents or other materials this defendant has generated or received from any person as a result of the subject incident.

12. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject incident and/or who repaired the vehicle after the subject incident.

13. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to repairs to or maintenance of the subject tractor-trailer during the two year period preceding the subject incident.

14. Please produce a copy of the subject tractor-trailer's owner's manual.

15. Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other type of demonstrative

evidence concerning the subject incident, the scene of the subject incident (including the markings on or near the roadway where the incident occurred), vehicles involved in the subject incident, defendant Singh, and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

16. Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject incident, including, but not limited to, the issues of liability or damages.

17. Please produce a copy of any incident reports prepared by or for any agent, employee, or officer on behalf of this defendant or this defendant's insured(s) concerning the subject incident and/or any claim or potential claim arising out of the subject incident.

18. Please produce copies of any and all information sent to or received from any defendant concerning or referencing the allegations contained in Plaintiffs' Complaint.

19. Please produce true, accurate, and complete copies of any and all documents exchanged between the defendants concerning or referencing the allegations contained in Plaintiffs' Complaint.

20. Produce a copy of all documents or other materials this defendant has generated or received from any person as a result of the subject incident.

21. Please produce any report or statement concerning the collision given by you and defendant Singh to this defendant, Progressive County Mutual Insurance Company, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

22. Please produce copies of any tapes or recordings made on the day of the collision or afterward that relate to the subject incident.

23. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the subject incident, the nature of the damage done to any vehicle involved in the subject incident, and who repaired or stored the vehicle after the subject incident.

24. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to maintenance and/or repairs to the subject tractor-trailer before the subject incident.

25. Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

26. Please produce any electronic logs or the results from any on board videos or monitoring systems that the subject tractor-trailer was equipped with on the date of the subject incident.

27. Please produce a true, accurate and complete copy of any and all documents related to any prior lawsuits in which you have previously been a party.

28. Produce all documents and materials that were either identified or relied upon in your responses to Plaintiffs' Interrogatories.

29. Please produce a copy of your document retention policy.

30. Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject incident, or Plaintiffs' injuries and damages. This request includes, but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

31. Please produce any documents pertaining to or reflecting investigations, infractions, audits, violations, fines, federal safety rating, or notices of violation or claim regarding your driving operations, trucks, or drivers during the previous five (5) years issued by any government, law enforcement, or regulatory agency.  Your response to this request should include, but not be limited to, the following:

    a. All documents this defendant received from or submitted to any government, law enforcement or regulatory agency regarding any investigation, infraction, audit, violation, fine, federal safety rating, or notice of violation or claim;

    b. All documents this defendant received or submitted regarding any investigation, infraction, audit, violation, fine, federal safety rating, or notice of violation or claim

    c. All documents this defendant received or submitted pertaining to any corrective, remedial, or other actions taken by defendant Royal Food in response to any investigation, infraction, audit, violation, fine, federal safety rating, or notice of violation or claim; and

    d. All documents pertaining to any action taken by this defendant in response to any investigation, infraction, audit, violation, fine, federal safety rating, or notice of violation or claim.

**Expert Witnesses**

32. Please produce copies of all reports or opinions, including drafts, received from any experts who have investigated any issue in this case.  Also, please produce all materials supplied to, received from, reviewed by, consulted, and/or relied upon by each expert in formulating his or her opinions and conclusions.

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

PAGE 40/149 * RCVD AT 6/7/2023 1:45:17 PM [Eastern Daylight Time] * SVR:SCRFXP20/1 * DNIS:8339051738 * CSID: * ANI:6787056270 * DURATION (mm-ss):68-26

**Policies and Procedures**

33. Please produce any standards, guidelines, or directions, by whatever name called, regarding the hiring, training, or qualification of drivers.  This requests includes all documents that discuss, reference, or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for defendant Royal Food, including but not limited to handouts, videos, or other materials.

34. Please produce a copy of any of your policies, standards, guidelines, recommendations, or rules that defendant Singh violated or that covers any of defendant Singh's actions in connection with the subject incident.

**Defendant Singh**

35. Please produce a complete copy of defendant Singh's qualification file, training file, employment file, and/or personnel file with you and any other entities or persons defendant Singh worked for or with at any time within the three years prior to the date of the subject incident.

36. Please produce copies of any and all documents obtained or generated as a result of defendant Singh driving for you or your agents, officers, and employees or generated for consideration of defendant Singh as a driver and employee for you.

37. Please produce a copy of all claims forms, accident reports, incident reports, citations, or other documentation by any other name evidencing any other collisions, incidents, or moving violations in which defendant Singh was ever involved.

38. Please produce copies of any and all trip sheets, bills of lading, shipping documents, documents reflecting when and for how long defendant Singh had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning

the trips made by defendant Singh during the week of the subject incident, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

39. Please produce a copy of any documentation of any kind received from any other person, corporation, or insurer relative to defendant Singh's performance as an employee, representative, or driver, to include criticisms, complaints, reprimands, infractions, discharges, firings, or other commentary concerning defendant Singh's duties as a driver during the time he was so engaged in such activity for defendant Gill Logistics, and to include, but not be limited to, the date of the subject incident.

40. Please produce a copy of any plan to improve defendant Singh's performance as a driver, by whatever name such plan is called.

41. Please produce a copy of all traffic citations issued to defendant Singh by any law enforcement personnel in any state at any time. Please include in your response any documents which set forth the disposition of those traffic citations.

42. Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to defendant Singh's driving history, driving record, and driving infractions or criminal history.

43. Please produce copies of any and all documents reflecting any punishment defendant Singh received from any entity as a result of his role in the subject incident to include termination, reprimand, suspension, counseling, placement on administrative leave, preventable wreck determination, or discontinuation of duties.

44. Please produce copies of any and all documents reflecting the hours defendant Singh worked for any person or entity during the week preceding the subject incident  This should include not only documents reflecting defendant Singh work scheduled for you, but also any other jobs he held or did during the week of the subject incident.

45. Please produce copies of any and all documents reflecting defendant Singh's termination, suspension, counseling, or placement on administrative leave.

46. Please produce copies of any and all documents reflecting the submissions for payment defendant Singh provided to you for driving on the date of the subject incident.

47. Please produce copies of any and all documents reflecting compensation defendant Singh received from this defendant during the month in which the subject incident occurred.

48. Please produce copies of any and all W-2s and 1099s from any entity for work defendant Singh did during the year in which the subject incident occurred.

49. Please produce a true, accurate, and complete copy of defendant Singh's DOT medical card in force on the date of the subject incident.

50. Please produce a true, accurate, and complete copy of defendant Singh's dispatch records during the month of the subject incident.

51. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon defendant Singh during the year the subject incident occurred and the year before the subject incident occurred, to include, but not be limited to, those tests performed following the subject incident.

52. Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of defendant Singh.

53. Please produce copies of any and all documents obtained or generated for consideration of defendant Singh as a driver for this defendant's insured(s).

54. Please produce any and all documents that in any way pertain to defendant Singh's qualifications (or lack thereof) to drive professionally for this defendant's insured(s) to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

55. Please produce all documents you received from any party, including Progressive County Mutual Insurance Company, and defendant Singh as a result of the subject incident.

56. Please produce all documents pertaining to any collision involving a tractor-trailer owned or leased by you or driven by defendant Singh during the last five (5) years that resulted in damage property, bodily injury, and/or death.

57. Please produce a copy of the Complaint and Answer of all lawsuits filed against this defendant or defendant Singh in the last five (5) years where there was an allegation that a tractor-trailer owned or leased by you or driven by defendant Singh damaged property and/or injured or killed someone.

## Contentions

58. Please produce any documents or materials that you contend show that any non-party is responsible for the subject incident.

## Plaintiffs' Injuries and Damages

59. Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any

other name that concerns Plaintiffs' physical, medical, or emotional condition, or Plaintiffs

damages that have not been supplied to you by Plaintiffs' counsel.

### Insurance

60. Please produce a complete copy of all policies of insurance (to include the Declarations

pages) which do or may afford liability insurance coverage to the defendants with respect

to Plaintiffs' claims against this defendant and/or this defendant's insured(s). This Request

expressly includes primary insurance coverage, excess insurance coverage, umbrella

insurance coverage, personal insurance coverage, business insurance coverage, or any

other type of liability insurance coverage.

61. Please produce any and all documents, including but not limited to memoranda, notes,

correspondence, e-mails, opinions, recommendations, agreements, or reports, that pertain

in any way to the amount of liability insurance coverage you had in force for the subject

tractor-trailer.

62. Please produce copies of the underwriting file concerning your application for insurance

for the policy covering the subject incident. Your response should include but certainly

not be limited to all insurance applications and requests for quotes you submitted.

63. Please produce a copy of any reservation of rights letter or other documentation of any kind

or by any other name you received that purports to qualify, deny, or reserve the right to

contest the issue of coverage for the claims made in this lawsuit.

64. Please produce a copy of any and all insurance, indemnity, joint defense, hold harmless,

cooperative, or other related agreements by whatever name called, entered into by or on

behalf of you or on behalf of any other party to this matter.

65. Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage to this defendant with respect to the claims that form the basis for Plaintiffs' Complaint.

## REQUEST FOR ADMISSIONS

Should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiffs' reasonable expenses incurred by Plaintiff in making the proof, including reasonable attorney's fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

## Special Instructions

When responding to the below requests for admission, the following objections and responses are **NOT** valid:

1) **The request seeks or calls for a legal conclusion**. "Requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 329 (1997). The Georgia Supreme Court stated in its opinions that "even where the answering party lacks information or considers the requested matter to involve a

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

genuine issue of fact, the party must nevertheless answer the request, in a manner consistent with the ways set forth in O.C.G.A. § 9-11-36(b)." *Id.* at 329-30. All the below requests relate to facts at-issue in this case, and it is therefore inappropriate to object based on the fact that any request seeks or calls for a legal conclusion. Any attempt to object due to the request calling for a "purely legal conclusion" *must* be accompanied by an explanation as to why the request has no bearing on the facts of this case.

2) **Defendant does not know or is unaware of certain facts or the meanings of certain legal terms.** A party's answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.*" O.C.G.A. § 9-11-36(a)(2) (emphasis added).

When answering the below requests for admission, it is not appropriate for defendant to claim ignorance about relevant facts if those facts can be easily obtained from a reasonable inquiry. Defendant's attorney and insurer are agents of defendant and, accordingly, assets available to defendant. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983); *See also Royalston v. Bank of*

*America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.*, 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). If Defendant's attorney or insurer are in possession of facts or information relevant to a request for admission, defendant, too, should be in possession of those same facts and information after conducting a reasonable inquiry. Speaking with one's own lawyer constitutes a "reasonable inquiry."

A party cannot plead ignorance to certain facts or terms to avoid answering a valid discovery request or request for admission. Defendant certainly would object if Plaintiff responded to discovery by claiming she couldn't answer because she didn't know what terms like "lien," "special damages," "subrogation," or "litigation" meant in the context of the requests. Because Plaintiffs' counsel obviously knows the definitions and meanings of such terms, such an objection would be frivolous and unfounded. Similarly, defendant cannot make objections to the below requests for admission if a reasonable inquiry, which includes speaking with her own counsel, would result in readily obtainable information.

Please also refrain from asserting any frivolous, unfounded objections when responding to Plaintiffs' requests for admission.

If you disregard this reasonable request while answering Plaintiffs' requests for admission, we will immediately send you follow-up correspondence requesting that you properly amend your responses and withdraw the improper objections within three (3) days. Considering that we are giving you notice and thorough explanation as to the inapplicability of the objections at the outset, three (3) days is more than reasonable time to remedy the errors. The follow-up correspondence

will explicitly reference this section as giving you warning of our intent to contest all such objections and pursue attorney's fees pursuant to O.C.G.A. §§ 9-11-36(a)(3) and 9-11-37(c) in the event we are forced to file a motion to determine the sufficiency of your responses.

Please admit the following facts:

### Affirmative Defenses

1. You have been properly served with process in this action.

2. There has not been an insufficiency of process with respect to you.

3. There has not been an insufficiency of service of process with respect to you.

4. You have been properly served with a Summons in this action.

5. You have been properly served with a Complaint in this action.

6. You have been properly served with these Interrogatories, Requests for Production, and Requests for Admission.

7. You are subject to the jurisdiction of this Court.

8. Venue in this Court is proper as to you.

9. Plaintiffs' claims against you are not barred by any applicable statute of limitation.

10. Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

11. Plaintiffs are the proper party to bring the above-styled action.

### Federal Motor Carrier Safety Regulations

12. Please admit the subject tractor-trailer was subject to the Federal Motor Carrier Safety Regulations at the time of the subject incident.

### The Subject Incident

13. On the date of the subject incident, defendant Singh struck Plaintiffs' vehicle.

14. On the date of the subject incident, defendant Singh collided with Plaintiffs' vehicle.

15. At the time of the subject incident, defendant Singh failed to maintain his lane.

16. At the time of the subject incident, defendant Singh entered the lane occupied by the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

17. At the time of the subject incident, defendant Singh struck the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

18. At the time of the subject incident, defendant Singh crashed into the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

19. At the time of the subject incident, defendant Singh was using a cell phone.

20. At the time of the subject incident, defendant Singh was using a mounted GPS device.

21. At the time of the subject incident, defendant Singh was distracted by a cell phone.

22. At the time of the subject incident, defendant Singh was distracted by the GPS on a cell phone.

23. At the time of the subject incident, defendant Singh was distracted by the GPS on a mounted GPS device.

24. At the time of the subject incident, defendant Singh was confused by the GPS on a cell phone.

25. At the time of the subject incident, defendant Singh was confused by the GPS on a mounted GPS device.

26. On the date of the subject incident, immediately before the subject incident occurred, defendant Singh was not focused on the roadway and objects ahead of you.

27. There were no physical obstructions that barred, obstructed, or obscured defendant Singh's view of Plaintiffs' vehicle immediately prior to the subject incident.

28. There were no passengers in the subject tractor-trailer at the time of the subject incident.

29. At the time of the subject incident defendant Singh had a cell phone in the subject vehicle.

30. At the time of the subject incident defendant Singh's cell phone had the capability to access the internet.

31. At the time of the subject incident defendant Singh's cell phone had applications downloaded into it.

32. At the time of the subject incident defendant Singh was utilizing his cell phone.

33. At the time of the subject incident, defendant Singh had access to a Global Positioning Satellite ("GPS") Device.

34. At the time of the subject incident defendant Singh was utilizing his GPS device.

35. After the subject incident, defendant Singh discussed the facts of the incident with the investigating police officer.

36. On the date of the subject incident, immediately before the subject incident occurred, defendant Singh was not focused on the roadway and objects in the roadway.

37. On the date of the subject incident, immediately before the subject incident occurred, defendant Singh was driving a 2019 Freightliner Cascadia (VIN 3AKJHHDR3KSKD5510).

38. The Georgia State Patrol responded to the subject incident.

39. The Georgia State Patrol investigated the subject incident.

40. The Georgia State Patrol concluded defendant Singh was at fault for the subject incident.

41. The Georgia State Patrol issued defendant Singh a citation for violating O.C.G.A. § 40-6-241(b).

## Liability

42. You are at fault for the subject incident.

43. You caused the subject incident.

44. Your negligent acts and omissions proximately caused the subject incident.

45. Your negligent acts and omissions proximately caused Plaintiffs' injuries and damages.

46. Defendant Singh is at fault for the subject incident.

47. Defendant Singh caused the subject incident.

48. Defendant Singh's negligent acts and omissions proximately caused the subject incident.

49. Defendant Singh's negligent acts and omissions proximately caused Plaintiffs' injuries and damages.

50. You accept 100% responsibility for causing the subject incident.

51. Plaintiffs were not negligent, in any manner, immediately prior to or at the time of the subject incident.

52. Plaintiffs are completely innocent victims in the subject incident.

53. Plaintiffs did not cause the subject incident.

54. Plaintiffs did not contribute to cause the subject incident.

55. Defendant Singh's driver's license was suspended at the time of the subject incident.

56. Defendant Singh's driver's license was revoked at the time of the subject incident.

57. Please admit you knew before the subject incident defendant Singh had been in prior wrecks while operating a commercial motor vehicle.

58. Please admit you knew before the subject incident defendant Singh had previously received citations from law enforcement while operating a commercial motor vehicle.

59. The subject incident was not the fault of any person or entity not a party to this lawsuit.

60. You are not presently aware of any fact(s) supporting or tending to support your claim or contention that Plaintiffs contributed to the subject incident.

61. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs contributed to causing the subject incident.

62. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs were negligent in connection with the subject incident.

63. You are not presently aware of any witness or witnesses who can testify that any other person or persons caused the subject incident.

64. You are not presently aware of any witness or witnesses (other than yourself) who can testify that any other person or persons contributed to the subject incident.

### Video and Electronic Evidence

65. A video of the subject incident exists.

66. A video of the subject incident used to exist.

67. Please admit that the subject tractor-trailer was equipped with on-board monitoring devices, to include a camera on the operator of the tractor-trailer or roadway.

68. Please admit the subject tractor-trailer was equipped with an electronic log system.

### Respondeat Superior

69. Defendant Singh was operating a motor vehicle in the course and scope of his employment with defendant Gill Logistics, Inc. during the time of the subject incident.

70. At the time of the subject incident, defendant Singh was acting as an employee or agent of defendant Gill Logistics, Inc..

71. You are liable under the doctrine of *respondeat superior* for any judgment entered against defendant Singh in this case.

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

### Insurance

72. Defendant Singh is individually covered under your polices of insurance for the subject incident.

73. You have automobile insurance that personally protects you from liability for your acts and omissions and defendant Singh's acts and omission during the subject incident.

74. You are not being defended under a reservation of rights with respect to the claims made the basis of Plaintiffs' Complaint.

### Plaintiffs' Injuries and Medical Treatment

75. Plaintiffs sustained serious physical injuries as a result of the subject incident.

76. The medical treatment received by Plaintiffs as a result of the subject incident was reasonable.

### Plaintiffs' Pain and Suffering

77. Plaintiffs experienced physical pain and suffering as a result of the subject incident.

78. Plaintiffs experienced emotional pain and suffering as a result of the subject incident.

79. Plaintiffs will suffer future physical pain and suffering as a result of the subject incident.

80. Plaintiffs will suffer future emotional pain and suffering as a result of the subject incident.

### Medical Expenses

81. Plaintiffs' medical bills/expenses are reasonable.

82. Plaintiffs will reasonably incur medical expenses in the future as a result of the injuries they sustained in the subject incident.

### Injury Causation

83. You caused the injuries Plaintiffs sustained as a result of the subject incident.

84. Defendant Singh caused the injuries Plaintiffs sustained as a result of the subject incident.

85. You are not contesting injury causation in this case.

86. Plaintiffs did not have any gaps in treatment for the injuries they sustained as a result of the subject incident.

87. Plaintiffs did not have any preexisting medical conditions related to the injuries they sustained as a result of the subject incident.

### Driver's License

88. Defendant Singh's driver's license was suspended at the time of the subject incident.

89. Defendant Singh's driver's license was revoked at the time of the subject incident.

90. Defendant Singh gave a written statement to the police officer who investigated the subject incident.

### Damages

91. Plaintiffs are entitled to recover compensatory damages from this defendant.

92. Plaintiffs are entitled to recover compensatory damages from defendant Singh.

### Finality in Discovery

93. You are withholding documents or information responsive to Plaintiffs' discovery requests.

94. You have not produced all documents in your possession, custody, or control that are responsive to Plaintiffs' requests for production.

95. You have not disclosed all information responsive to Plaintiffs' interrogatories.

96. You are withholding documents or information responsive to Plaintiffs' discovery requests.

97. All documents responsive to Plaintiffs' discovery requests that you are withholding have been identified on a privilege log.

98. You have completed a search for all information and documents responsive to Plaintiffs'

discovery requests.

100. You answered Plaintiffs' interrogatories under oath.

101. Your answers to Plaintiffs' interrogatories are true and correct.

This 2nd day of June, 2023.

Respectfully submitted,

LITNER + DEGANIAN, P.C.

_____

DAVID T. ROHWEDDER
GA Bar No. 104056

1776 Briarcliff Road NE
Atlanta, Georgia 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com
*Attorney for Plaintiffs*

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**
**6/2/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | |
| v. | 23-C-03780-S3 |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT HARVINDER SINGH

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, submit the following Interrogatories, Request for Production of Documents, and Requests for Admission to the above-named defendant for response within thirty (30) days after service hereof (45 days if filed with the Complaint).

Thirty (30) days after service hereof (45 days if filed with the Complaint), you are requested to produce for inspection and copying by the Plaintiffs at Litner + Deganian, P.C., 1776 Briarcliff Road, NE, Atlanta, GA 30306, all documents responsive to Plaintiffs' Requests for Production of Documents.

Plaintiffs' First Interrogatories and Requests for Production of Documents are continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be seasonably served upon Plaintiffs' counsel as provided by O.C.G.A. § 9-11-26(e).

In answering the following discovery requests, defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant. An agency relationship clearly exists between defendant and his attorneys and insurers. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983). "The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject–matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it…" *Bean v. Baron*, 176 Ga. 285 (1933). "This rule is applicable to the relation of attorney and client." *Id.* (*citing Faircloth v. Taylor*, 147 Ga. 787 (1918)). "It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Mathis v. Blanks*, 212 Ga. 226 (1956); *see also Royalston v. Bank of America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.,* 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). ***Accordingly, if defendant's attorneys or insurers are aware of knowledge or information sought by the below discovery requests, that knowledge and information is imputed to defendant and must be disclosed or produced.*** Defendant may not claim ignorance regarding facts, law, terminology, information, or anything else that is held by or known by defendant's agents.

***Should you claim attorney-client privilege (or any other privilege) to any of the following Interrogatories or Requests for Production of Documents, please provide a privilege log so that the Court—and not the defendant unilaterally, may determine whether the information should***

***be disclosed or the documents produced.*** U.S.C.R. 5.5; *General Motors v Conkle*, 226 Ga. App. 34, 47 (1997) both establish that an unsupported claim of privilege does not meet the claimant's burden of showing that the privilege applies.

**Please refrain from asserting any "General Objections."** Such objections are disfavored and neither the Court nor Plaintiffs can tell what, if anything, defendant is withholding or to which request the objection applies. All objections should be stated with specificity. Please do not assert boilerplate objections without substantiating each such objection. A discovery request is not, for example, "unduly burdensome" just because defendant says so.

## DEFINITIONS

A. The term "**subject incident**" shall refer to the auto wreck that occurred on **June 11, 2021** that is the subject of Plaintiffs' Complaint.

B. The term "identify" as herein used, means that you should provide the name, address, telephone number, occupation, and employer name of the individual so identified

C. The terms "**you**" or "**your**" or "**defendant Singh**" shall refer to defendant Harvinder Singh.

D. "**Defendant Gill Logistics**" refers to Defendant Gill Logistics, Inc.

E. "**Subject tractor-trailer**" refers to the 2019 Freightliner Cascadia (VIN 3AKJHHDR3KSKD5510) driven by you on June 11, 2021.

F. "**Document**" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person. The term includes agreements; contracts; emails; text messages; fax transmissions; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings,

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

G. "**Document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

H. "**Document**" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

I. "**Document**" includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

J. "**Correspondence**" refers to all written forms of communication, including, but not limited to, letters, emails, faxes, memoranda, and text messages.

K. "**Presently**" shall refer to the exact moment in time in which you are responding to these requests.

## INTERROGATORIES

### Insurance Policies

1. Has any entity issued a policy of liability insurance to you, yes or no?

2. If the answer to the preceding interrogatory is "yes," state the names of all insurers providing liability insurance, the limits of coverage of each such policy, and the policy number of each such policy.

## Background

3.  Please identify any and all motor vehicle wrecks in which you have been previously involved, including any wrecks while driving a commercial motor vehicle. Please provide the details of each wreck, including the date(s) and location(s) of each wreck, whether you were cited as a result of the wreck(s), whether anyone was hurt in the wreck(s), whether you were on personal business or in the course of your employment at the time of said wreck (and list the employer if you were in the course of your employment), the names of any other vehicle owners or operators involved in such wreck(s), and a brief description of how the wreck occurred, to include stating whether you believe the wreck was your fault or someone else's fault.

4.  Please list all permits, driver's licenses, and certificates that you have ever held that pertain to your right or qualification to drive vehicles and state for each such permit, license or certificate, the issuing State and authority, any restrictions on each such license at any time (including now and at the time of the subject wrecks), the dates such items were issued and expired and whether any such items have ever been revoked, suspended, cancelled or allowed to lapse. If any license or permit you have ever had has been cancelled, suspended, revoked, or otherwise restricted for any reason, please state the nature and date of such restriction(s) and the reason(s) for such restriction(s). Please also include in your response whether you had a valid Commercial Driver's License or "CDL" on the date of the subject incident, when you obtained that license, and describe any training you received in order to obtain the CDL.

5.  Please state your current address and every address that you have resided at over the past five (5) years.

6.  Have ever been convicted of, pled guilty to, or pled nolo contendere to any crime, yes or no?

7. If the answer to the preceding interrogatory is "yes," for each conviction, guilty plea, or nolo contendere plea, please:

    a. Describe the nature of the charge or crime;

    b. State the date of each charge or crime;

    c. State where (*i.e.*, in what city and state) you were charged;

    d. State the case or indictment number;

    e. The final disposition of the charge or crime; and

    f. Identify the city, county, and state in which you were convicted, pled guilty, or pled nolo contendere.

8. Have you ever been a party in a lawsuit, yes or no?

9. If the answer to the preceding interrogatory is "yes," please list the civil action file number, style of the case, and jurisdiction in which the matter was filed, along with the outcome of each such civil action (*e.g.*, settlement or verdict).

10. Please identify all adult relatives by blood or marriage residing within the jurisdiction of this Court, by stating their name, relationship to you or your spouse, address, and place of employment.

## Witnesses

11. Please state the name, address and telephone number of any passenger(s), in your vehicle at the time of the subject incident

12. State the name and address of any person, including any party, who, to your knowledge, information or belief:

    a. Was an eyewitness to the subject incident;

    b. Has knowledge of any fact or circumstance upon which your defense is based; and

   c.  Has conducted any investigation relating to the subject incident or the background, employment, medical history or activities of the Plaintiffs.

With respect to each person identified in response to this interrogatory, please state whether each such person gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given (oral, written, recorded, etc.).  Also, please identify the taker and present custodian of such statement(s).

13. If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14. Please state the name, address, and telephone number of any and all mechanics or other experts who have been employed to investigate the subject incident or examine the vehicle involved in the subject incident for or on your behalf.

15. Please state the name, address, and telephone number of each medical doctor and/or medical facility where: (a) you have received any medical treatment whatsoever as a result of injuries you allegedly sustained arising out of the subject incident; and (b) you have received any medical treatment whatsoever over the past ten years. Also, please state the date and reason for treatment by each such provider.

16. Please state the name, home and business addresses, and home and business telephone numbers, and cell phone number(s) of each individual, excluding your attorneys, with whom you have discussed any aspect of the subject incident.

## The Subject Incident

17. Please describe with specificity how you contend the subject incident occurred.

18. Please state whether or not any investigation, statement, incident report, preventable wreck analysis, or summary was made by or on behalf of you, defendant Gill Logistics, defendants ABC Corporations 1-5, or any other person or entity in connection with the subject incident, and if so, the place where such statement, report or summary is located.

19. Please state whether you were tested for drugs and alcohol before or after the subject incident, to include the forty-eight hours following the subject incident. If so, please identify the person or entity who administered such tests, the types of tests administered, and the results of all such tests.

20. Please describe in detail all steps you took in reporting and documenting the subject incident and include every person (other than your attorneys) that you spoke with, what you told them, and when you spoke with them following the subject incident. If you gave a written or recorded statement after the subject incident, please identify the person or entity to whom you have the statement, when the statement was given, what you wrote or told the person or entity, and whether you possess a copy of any such statement.

21. Please identify the details of your trip on the date of the subject incident, to include: where the trip began; what time the trip was scheduled to begin and what time it actually began (if different, please explain in detail the reason for the delayed start); how and when you got to the location where the trip began; the intended destination; the route you were taking; the time you reached your destination; any cargo you were carrying and the weight of that cargo; where the cargo came from and what time you picked it up; the time and location of any stops or rest breaks; what you were scheduled to do after dropping off your load; and whether you were

performing a mission, errand, or duty of your employment for any person or business entity, stating the nature of such mission, errand, or duty.

22. Do you admit that you caused the subject incident, yes or no?

23. If your answer to the preceding interrogatory is in any way in the negative, please state why and state with particularity each fact and identify, by Bates number, each document you content supports your contention.

24. Do you contend that the Plaintiffs caused or contributed to the subject incident, yes or no?

25. If the answer to the preceding interrogatory is "yes," state how you contend the Plaintiffs caused or contributed to the subject incident and state with particularity each fact and identify, by Bates number, each document you content supports your contention. Please also list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiffs or any other person did or failed to do which in any way caused or contributed to causing the subject incident.

26. State the full name, address and telephone number of each person whom you contend will testify that any person(s) other than yourself was at fault in the subject incident.

27. Do you contend that any other person or entity is responsible, in whole or in part, for the subject incident or the injuries and damages complained of by Plaintiffs other than the named defendants, yes or no?

28. If the answer to the preceding interrogatory is "yes," please state the full name, address, and telephone number of that person(s) or entity(-ies) and explain the factual basis for your contention(s) that the other person(s) or entity(-ies) are responsible for the subject incident and/or injuries and damages complained of.

29. Please state the purpose of the trip defendant was making at the time of the subject incident,

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

PAGE 125/149 * RCVD AT 6/7/2023 1:45:17 PM [Eastern Daylight Time] * SVR:SCRFXP20/1 * DNIS:8339051738 * CSID: * ANI:6787056270 * DURATION (mm-ss):68-26

including in your response, the location departed from, the destination to which he was traveling, and whether he was performing a mission, errand, or duty of your employment for any person or business entity, stating the nature of such mission, errand, or duty.

30. Were you issued any citations on the date of the subject incident, yes or no?

31. If the answer to the preceding interrogatory is "yes," please list the nature of the charges and final disposition of the charges.

32. Did you consume any medication, drug, or alcohol beverages of any kind during the 48 hours immediately preceding the subject incident, yes or no?

33. If the answer to the preceding interrogatory is "yes," please state the name and nature of each substance consumed, the amount consumed, and when it was consumed.

34. Please state whether you suffer currently or did suffer at the time of the subject incident from any physical or mental impairment or disease, including vision impairment, diabetes, any sleep disorders, epilepsy, or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years and identify all medications you have been prescribed in the past five (5) years. To the extent you wear glasses or contacts, please identify the nature of your corrective lenses and state whether you were wearing them at the time of the subject incident.

### Cellphones and Social Media

35. As for each cell phone you owned or were authorized to use on the date of the subject incident, please state each phone number, along with the name, address, and telephone number of each such service provider, the corresponding account number for each phone, and the current location/whereabouts of the phone.

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

36. Please state whether you had any of the following applications downloaded on your phone on the date of the subject incident:  Facebook, Facebook Messenger, Instagram, Snapchat, WhatsApp, Tinder, Hinge, Bumble, GroupMe, and Twitter. If the answer to any of the above is yes, please provide the following information:

    a.   Your username for each application;

    b.   Whether any of the above applications were open or being used on your phone at any time on the date of the subject incident;

    c.   Whether any of the above applications have been deleted since the date of the subject incident; and

    d.   Whether any content, messages, or data have been deleted from any of the above applications since the date of the subject incident.

**Evidence**

37. To your knowledge, information or belief, are there any video recordings, videotapes, photographs, plats or drawings of the scene of the subject incident, the vehicles involved in the subject incident, defendant Singh, defendant Gill Logistics, defendants ABC Corporations 1-5, or Plaintiffs?

38. If the answer to the preceding interrogatory is "yes," please describe such video recordings, videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.  This request includes, but is not limited to, recordings of the incident taken from any device installed in the vehicle defendant Singh was driving at the time of the subject incident.

39. Please identify any writing you have made summarizing or otherwise describing the events of the subject incident.  Please include, but do not limit your response to, any journal entry, diary

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

entry, blog entry, Facebook entry, Twitter "tweet," letter, or e-mail.

### Finality in Discovery

40. Regarding any document that has not been produced on grounds of privilege, please state the following:

    a.   The date each document was generated

    b.   The person generating each document;

    c.   The present custodian of each document; and

    d.   A description of each document.

### Affirmative Defenses

41. Please state in detail the factual basis for each affirmative defense you have raised in your answer to Plaintiffs' Complaint.

42. Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, that service of process has been deficient on you in this matter, or that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

### Employment History

43. Please list all places of employment for the past ten (10) years to include: name of employer; supervisor; address; telephone number; job description; dates of employment; and reason for termination or separation from employment.  Said list should include employment or ownership in a business through the present date.

44. Please identify by name and address all companies for which you have driven a commercial motor

vehicle at any time during your life.

45. Please state whether you have ever been discharged, fired, punished, disciplined, written up, or reprimanded in any way by any person or entity for your performance as a driver, to include, but not be limited to, whether you were punished, disciplined, written up, or reprimanded in any way for the events that led to or your role in causing the subject incident.

46. For the period of May 28, 2021 to June 11, 2021 state the number of hours you had worked/been on duty with defendant Gill Logistics, or any other employer (including working for yourself), when and where you had driven, and when and for how long you had rested/slept.

47. Please identify all persons or entities for whom/which you provided any work between May 11, 2021 to June 11, 2021, and state: (a) whether you were employed by such person or entity on the date of the subject incident; (b) whether you were employed by such person or entity at any time during May 11, 2021 to June 11, 2021; (c) whether you remain employed by such person or entity; and (d) whether such employment was full time or part time. If you are no longer working for any such entity, please explain why.

**Relationship with defendant Gill Logistics**

48. Please explain the nature of your relationship with defendant Gill Logistics, to include the following: who hired you; your duties; the date the relationship began; your mode and rate of compensation; how you were paid for the work you performed; whether the relationship has ended or been terminated; the date of such severance or termination; the identity of the person who terminated any such relationship; and the reason(s) given for such termination. If you are still employed by, contract, or work in any way with defendant Gill Logistics, please describe the nature of your relationship following the subject incident.

49. With respect to defendant Gill Logistics, please identify the following individuals as of the

date of the subject incident and at present (if applicable): your immediate supervisor; all persons who interviewed and hired, selected, or qualified you, to include the office at which those individuals work; all persons who trained you; all persons who disciplined, reprimanded, or terminated you (if applicable); all persons you spoke with on the date of the subject incident; and the person who scheduled or assigned the work you were performing on the date of the subject incident.

50. Please explain how you became a driver for defendant Gill Logistics.  Please include, but do not limit your response to, an explanation of how you discovered the job opening(s) and a description of each job application and interview process, to include where such interview occurred and who from defendant Gill Logistics conducted any such interview or reviewed your job application and any supporting documentation.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### The Subject Incident

1. Please produce copies of any and all documents or other forms of written or electronic communication that passed between you and defendant Gill Logistics which in any way refer to the subject incident or Plaintiffs' damages.

2. Please produce copies of any and all documents or other forms of written or electronic communication, including emails or text messages, that passed between you and your insurer (or defendant Gill Logistics' insurer) or the insurer's agent(s) which in any way refer to the subject incident or Plaintiffs' damages.

3. Please produce any writing describing the events of the subject incident, to include, but not be limited to, notes, diagrams, journals, diaries, blog entries, summaries, Facebook entries, e-mails, letters, Twitter "tweets," or MySpace entries.

4. Please produce all writings or recordings made by or sent to you, (including e-mails) which relate to the subject incident, Plaintiffs, or your words or actions on the date of the subject incident.

5. Please produce true, accurate, and complete copies of any documents that showed where you were and what you did on the date of the subject incident. Please include, but do not limit your response to include bank statements reflecting purchases you made, cell phone records, and/or receipts.

6. Please produce copies of any and all documents reflecting the hours you worked for any person or entity during the week preceding the subject incident. This should include not only documents reflecting your work scheduled for defendant Gill Logistics, but also any other jobs you held or did during the week of the subject incident.

7. All video recordings, videotapes, photographs, plats or drawings of the scene of the subject incident, the vehicles involved in the subject incident, defendant Gill Logistics, or Plaintiffs. This request includes, but is not limited to, recordings of the incident taken from any device installed in the vehicle you were driving at the time of the subject incident.

8. A copy of any incident report or summary prepared by or given by you, on your behalf, or by or on behalf of defendant Gill Logistics, concerning the allegations raised in Plaintiffs' Complaint, the subject incident, or Plaintiffs.

9. Please produce any document, report, or statement, written or recorded, prepared by or given by you to the police, your employer(s), any insurer(s), any representative of defendant Gill Logistics, or any other person or entity concerning the subject incident or the injuries and damages detailed in Plaintiffs' Complaint.

10. Please produce copies of any and all trip sheets, bills of lading, shipping documents, documents

reflecting when and for how long you had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning the trips made by you during the week of the subject incident, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

11. Please produce a copy of any and all documents pertaining to any load you were carrying at the time of the subject incident, including but not limited to the bill of lading, cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

12. Please produce copies of any and all documents that reflect any stops or purchases made by you on the date of the subject incident and the two days prior.

13. Please produce copies of any and all documents reflecting any punishment you received from any entity as a result of your role in the subject incident to include your termination, reprimand, suspension, counseling, placement on administrative leave, preventable wreck determination, or discontinuation of duties.

14. Please produce any police reports, 911 reports, ambulance reports, or reports from any federal or state agency about the subject incident.

**Evidence: Generally**

15. Please produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Continuing Interrogatories.

16. Please produce a copy of all documents Plaintiffs have asked you and your lawyers to preserve.

17. Copies of all witness statements or affidavits you gave and/or you or someone acting on your behalf obtained from any person or entity about any information responsive to any interrogatory or relevant to any issue in this lawsuit or the subject incident, including, but not

limited to, the issues of liability or damages.

18. All video recordings, videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by an individual identified in your responses to Plaintiffs' Interrogatories.

19. Any documents obtained through a request for production of documents or subpoena by you or anyone on your behalf relating to the allegations contained in Plaintiffs' Complaint.

20. All statements or reports relating to the allegations contained in Plaintiffs' Complaint.

21. Please produce copies of any and all video recordings, photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

22. Please produce copies of any and all documents reflecting any pre-trip inspection of the subject tractor-trailer during the month that the subject collision occurred.

23. Please produce a copy of the subject tractor-trailer's owner's manual.

24. Please produce copies of any and all W-2s and 1099s from any entity for work you did during the year in which the subject incident occurred.

25. Please produce a copy of all documents or other materials this defendant has generated or received from any person as a result of the subject incident.

26. Please produce a copy of your checkbook ledger, credit or debit card bill, or any other documents reflecting purchases you made on the date of the subject incident and the two (2) days preceding the subject incident.

27. Please produce copies of the label from any prescription drugs or over the counter medications you had consumed within twenty-four hours prior to the subject incident.

28. Please produce a true, accurate and complete copy of any and all documents related to any prior lawsuits in which you have previously been a party.

29. Please produce a true, accurate, and complete copy of your dispatch records during the month of the subject incident.

30. Please produce any electronic logs or the results from any on board videos or monitoring systems that the subject tractor-trailer was equipped with on the date of the subject incident.

31. A complete copy of your insurance company's claim file.

### Driving History

32. Please produce a copy of any plan to improve your performance as a driver, by whatever name such plan is called.

33. Please produce a copy of all traffic citations issued to you by any law enforcement personnel in any state at any time.  Please include in your response any documents which set forth the disposition of those traffic citations.

34. Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to your driving history, driving record, and driving infractions or criminal history.

35. Please produce a copy of any and all of your driver's licenses or other certificates or permits in effect on the date of the subject incident and at present that pertain to your right to drive any vehicle or piece of equipment.

36. Please produce a complete copy of your driving history/record, to include any dates your license was revoked or suspended or your driving privileges were limited in any respect.

37. All citations (and respective dispositions) of charges identified in your responses to Plaintiff's Interrogatories.

38. Please produce a copy of all claims forms, accident reports, incident reports, citations, or other documentation by any other name evidencing any other collisions, incidents, or moving

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

violations in which you were ever involved.

**Defendant Gill Logistics**

39. Please produce a copy of any documentation of any kind received from defendant Gill Logistics, or any other person, corporation, or insurer relative to your performance as an employee, representative, or driver, to include criticisms, complaints, reprimands, infractions, discharges, firings, or other commentary concerning your duties as a driver during the time you were so engaged in such activity for defendant Gill Logistics, and to include, but not be limited to, the date of the subject incident.

40. Please produce a copy of any policy, standard, guideline, recommendation, or rule of defendant Gill Logistics that you violated or that covers any of your actions in connection with the subject incident.

41. Please produce a copy of any driver's logs, notes, or other documents detailing your driving history or duties for Gill Logistics, to include the date of the subject incident.

42. Please produce a copy of any and all instructions manuals, policies, procedures, rules, regulations, driver/employee handbooks, safety manuals or any other written materials given to you by defendant Gill Logistics.

43. Please produce copies of any and all agreements or contracts between you and defendant Gill Logistics in effect on the date of the subject incident, to include employment agreements.

44. Please produce a complete copy of your driver qualification file, training file, employment file, and/or personnel file with defendant Gill Logistics and any other entities or persons you worked for or with at any time within the three years prior to the date of the subject incident.

45. Please produce copies of any and all documents obtained or generated as a result of your driving for defendant Gill Logistics or its agents, officers, and employees or generated for

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

consideration of you as a driver and employee for defendant Gill Logistics.

46. Please produce any documents, manuals, or materials related to any training you have received from or on behalf of defendant Gill Logistics.

47. Please produce a copy of your paycheck(s), paycheck stub(s), time card(s), or any documentation of time worked during May 11, 2021 to June 11, 2021. This request includes copies of any materials which reflect any expense (such as mileage, gas, etc.) reimbursed to you.

48. Please produce all documents that discuss, reference, or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for defendant Gill Logistics, including but not limited to handouts, videos, or other materials.

49. Please produce a true, accurate, and complete copy of any and all of your employment or personnel files (to include job applications) with defendant Gill Logistics as well as any entities or persons you worked for or with at any time within the three years prior to the date of the subject incident.

50. Please produce copies of any and all documents reflecting your termination, suspension, counseling, or placement on administrative leave at any time by defendant Gill Logistics.

51. Please produce copies of any and all documents reflecting the submissions for payment you provided to defendant Gill Logistics for driving on the date of the subject incident.

52. Please produce copies of any and all documents reflecting compensation you received from defendant Gill Logistics during the month in which the subject incident occurred.

### Contentions

53. Please produce copies of any and all documents that support any contention you have that any other person or entity is wholly or partially at fault for causing the subject incident or Plaintiffs'

injuries.

54. Please produce copies of any and all documents that you contend support the theory that Plaintiffs were in any way at fault for causing the subject incident.

**Your medical history**

55. Please produce a true, accurate, and complete copy of your DOT medical card in force on the date of the subject incident.

56. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon you during the year the subject incident occurred and the year before the subject incident occurred, to include, but not be limited to, those tests performed following the subject incident.

57. Please produce copies of any and all medical records, including records from any medical professional that has treated you for vision, hearing, or medical problems, from January 1, 2013 to date that pertain to you or any medical condition, infirmity, sleep disorder, or disability you had during that time period.

**Insurance**

58. Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage to this defendant with respect to the claims that form the basis for Plaintiffs' Complaint.

59. All policies of insurance identified in your responses to Plaintiffs' Interrogatories. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

60. Please produce a copy of any and all insurance, indemnity, joint defense, hold harmless, cooperative, or other related agreements by whatever name called, entered into by or on behalf of you or on behalf of any other party to this matter.

### Cell Phone Records

61. Copies of cellphone records showing incoming and outgoing calls, texts and messages for the two (2) day period before and after the subject incident.

62. Please produce any records reflecting usage of any cellular telephone, Qualcomm, or other mobile communication device in your possession on the date of the subject incident, and any data from the same.

63. Please produce a copy of the detailed cell phone and texting records for the three (3) days before and after the wreck that pertain to any phone you had access to on those dates.

### Plaintiffs' injuries and damages

64. Any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting Plaintiffs or Plaintiffs' injuries.

65. Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiffs' physical, medical, or emotional condition, or Plaintiffs' damages that have not been supplied to you by Plaintiffs' counsel.

66. Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject incident or Plaintiffs' injuries and damages. This request includes but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

**Property Damage and Vehicle Maintenance**

67. All photos, videos, diagrams or other evidence depicting the property damage sustained by the vehicles involved in the subject incident.

68. Copies of any estimates, work orders, or repairs for property damage sustained by any vehicles involved in the subject incident as identified in the attached Complaint.

69. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject incident and/or who repaired the vehicle after the subject incident.

70. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to repairs to or maintenance of the subject tractor-trailer during the two year period preceding the subject incident.

**Affirmative Defenses**

71. Copies of any documents you contend support any of the affirmative defenses alleged in your Answer to Plaintiffs' Complaint.

**Expert Witnesses**

72. The complete file maintained by any expert you expect to testify at trial. This includes, but is not limited to: the expert's CV; billing invoices or records; time sheets; materials provided by you (or any representative of yours) to the expert; the expert's requests for any documents or materials; photographs; videos; simulations; reconstructions; measurements; mapping; e-mails; letters; phone logs; notes from meetings or conversations; a list of cases in which the

expert has been retained by you, the law firm representing you, or your insurer at any time; a list of cases in which the expert has testified in the prior 10 years; all laws, regulations, ordinances, or other standards used relied upon by the expert in forming opinions; and any authorities or sources relied upon by the expert in forming opinions.

## REQUEST FOR ADMISSIONS

Should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiffs' reasonable expenses incurred by Plaintiffs in making the proof, including reasonable attorney's fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

## Special Instructions

When responding to the below requests for admission, the following objections and responses are **NOT** valid:

1) **The request seeks or calls for a legal conclusion**. "Requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 329 (1997). The Georgia Supreme Court stated in its opinions that "even where the answering party lacks information or considers the requested matter to involve a

genuine issue of fact, the party must nevertheless answer the request, in a manner consistent with the ways set forth in O.C.G.A. § 9-11-36(b)." *Id.* at 329-30. All the below requests relate to facts at-issue in this case, and it is therefore inappropriate to object based on the fact that any request seeks or calls for a legal conclusion. Any attempt to object due to the request calling for a "purely legal conclusion" *must* be accompanied by an explanation as to why the request has no bearing on the facts of this case.

2)  **Defendant does not know or is unaware of certain facts or the meanings of certain legal terms.** A party's answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to* Do you admit that your negligence caused the subject incident?  If your answer is in any way in the negative, please explain what you contend happened and who you contend is responsible for the wreck. *or deny.*" O.C.G.A. § 9-11-36(a)(2) (emphasis added). When answering the below requests for admission, it is not appropriate for defendant to claim ignorance about relevant facts if those facts can be easily obtained from a reasonable inquiry. Defendant's attorney and insurer are agents of

defendant and, accordingly, assets available to defendant. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983); *See also Royalston v. Bank of America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.*, 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). If Defendant's attorney or insurer are in possession of facts or information relevant to a request for admission, defendant, too, should be in possession of those same facts and information after conducting a reasonable inquiry. Speaking with one's own lawyer constitutes a "reasonable inquiry."

A party cannot plead ignorance to certain facts or terms to avoid answering a valid discovery request or request for admission. Defendant certainly would object if Plaintiff responded to discovery by claiming she couldn't answer because she didn't know what terms like "lien," "special damages," "subrogation," or "litigation" meant in the context of the requests. Because Plaintiff's counsel obviously knows the definitions and meanings of such terms, such an objection would be frivolous and unfounded. Similarly, defendant cannot make objections to the below requests for admission if a reasonable inquiry, which includes speaking with her own counsel, would result in readily obtainable information.

Please also refrain from asserting any frivolous, unfounded objections when responding to Plaintiff's requests for admission.

If you disregard this reasonable request while answering Plaintiffs' requests for admission, we will immediately send you follow-up correspondence requesting that you properly amend your responses and withdraw the improper objections within three (3) days. Considering that we are

Page **26** of **33**

giving you notice and thorough explanation as to the inapplicability of the objections at the outset, three (3) days is more than reasonable time to remedy the errors. The follow-up correspondence will explicitly reference this section as giving you warning of our intent to contest all such objections and pursue attorney's fees pursuant to O.C.G.A. §§ 9-11-36(a)(3) and 9-11-37(c) in the event we are forced to file a motion to determine the sufficiency of your responses.

Please admit the following facts:

### Affirmative Defenses

1. You have been properly served with process in this action.

2. There has not been an insufficiency of process with respect to you.

3. There has not been an insufficiency of service of process with respect to you.

4. You have been properly served with a Summons in this action.

5. You have been properly served with a Complaint in this action.

6. You have been properly served with these Interrogatories, Requests for Production, and Requests for Admission.

7. You are subject to the jurisdiction of this Court.

8. Venue in this Court is proper as to you.

9. Plaintiffs' claims against you are not barred by any applicable statute of limitation.

10. Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

11. Plaintiffs are the proper parties to bring the above-styled action.

### Employment

12. You were employed by defendant Gill Logistics at the time of the subject incident.

13. You were operating a motor vehicle in the course and scope of your employment with defendant Gill Logistics at and during the time of the subject incident.

## The Subject Incident

14. On the date of the subject incident, you struck Plaintiffs' vehicle.

15. On the date of the subject incident, you collided with Plaintiffs' vehicle.

16. At the time of the subject incident, you failed to maintain your lane.

17. At the time of the subject incident, you entered the lane occupied by the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

18. At the time of the subject incident, you struck the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

19. At the time of the subject incident, you crashed into the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

20. On the date of the subject incident, immediately before the subject incident occurred, you were not focused on the roadway and objects ahead of you.

21. There were no physical obstructions that barred, obstructed, or obscured your view of Plaintiffs' vehicle immediately prior to the subject incident.

22. At the time of the subject incident, you were not familiar with the area where you were driving.

23. At the time of the subject incident, you were using a cell phone.

24. At the time of the subject incident, you were using a mounted GPS device.

25. At the time of the subject incident, you were distracted by your cell phone.

26. At the time of the subject incident, you were distracted by the GPS on your cell phone.

27. At the time of the subject incident, you were distracted by the GPS on your mounted GPS device.

149 Pages FAXED Wed, 07 Jun 2023 19:03:33 GMT

28. At the time of the subject incident, you were confused by the GPS on your cell phone.

29. At the time of the subject incident, you were confused by the GPS on your mounted GPS device.

30. There were no passengers in your vehicle at the time of the subject incident.

31. At the time of the subject incident, you had a cell phone in your vehicle.

32. At the time of the subject incident, your cell phone had the capability to access the internet.

33. At the time of the subject incident, your cell phone had applications downloaded into it.

34. At the time of the subject incident, you were utilizing your cell phone.

35. At the time of the subject incident your vehicle's stereo or radio was playing.

36. At the time of the subject incident, while in your vehicle, you had access to a Global Positioning Satellite ("GPS") Device.

37. At the time of the subject incident, you were utilizing your GPS device.

38. After the subject incident, you discussed the facts of the incident with the investigating police officer.

39. On the date of the subject incident, immediately before the subject incident occurred, you were not focused on the roadway and objects in the roadway.

40. On the date of the subject incident, immediately before the subject incident occurred, you were driving a 2019 Freightliner Cascadia (VIN 3AKJHHDR3KSKD5510).

41. The Georgia State Patrol responded to the subject incident.

42. The Georgia State Patrol investigated the subject incident.

43. The Georgia State Patrol concluded you were at fault for the subject incident.

44. The Georgia State Patrol issued you a citation for violating O.C.G.A. § 40-6-241(b).

45. The Georgia State Patrol issued you a warning for failing to maintain your lane.

## Liability

46. You are at fault for the subject incident.

47. You caused the subject incident.

48. You accept 100% responsibility for causing the subject incident.

49. Plaintiffs were not negligent, in any manner, immediately prior to or at the time of the subject incident.

50. Plaintiffs are completely innocent victims in the subject incident.

51. Plaintiffs did not cause the subject incident.

52. Plaintiffs did not contribute to cause the subject incident.

53. The subject incident was not the fault of any person or entity not a party to this lawsuit.

54. You are not presently aware of any fact(s) supporting or tending to support your claim or contention that Plaintiffs contributed to the subject incident.

55. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs contributed to causing the subject incident.

56. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs were negligent in connection with the subject incident.

57. You are not presently aware of any witness or witnesses who can testify that any other person or persons caused the subject incident.

58. You are not presently aware of any witness or witnesses (other than yourself) who can testify that any other person or persons contributed to the subject incident.

## Traffic Citation

59. You received a traffic citation for violating O.C.G.A. § 40-6-241(b) as a result of the subject incident.

60. You paid the fine for the citation for violating O.C.G.A. § 40-6-241(b).

61. You pled guilty to the citation for violating O.C.G.A. § 40-6-241(b).

62. You could have contested the citation you received for violating O.C.G.A. § 40-6-241(b).

63. You did not contest the citation you received for violating O.C.G.A. § 40-6-241(b).

64. You received a warning for failing to maintain your lane.

### Plaintiffs' Injuries and Medical Treatment

65. Plaintiffs sustained serious physical injuries as a result of the subject incident.

66. The medical treatment received by Plaintiffs as a result of the subject incident was reasonable.

### Plaintiffs' Pain and Suffering

67. Plaintiffs experienced physical pain and suffering as a result of the subject incident.

68. Plaintiffs experienced emotional pain and suffering as a result of the subject incident.

69. Plaintiffs will suffer future physical pain and suffering as a result of the subject incident.

70. Plaintiffs will suffer future emotional pain and suffering as a result of the subject incident.

### Medical Expenses

71. Plaintiffs' medical bills/expenses are reasonable.

72. Plaintiffs will reasonably incur medical expenses in the future as a result of the injuries they sustained in the subject incident.

### Injury Causation

73. You caused the injuries Plaintiffs sustained as a result of the subject incident.

74. You are not contesting injury causation in this case.

75. Plaintiffs did not have any gaps in treatment for the injuries they sustained as a result of the subject incident.

76. Plaintiffs did not have any preexisting medical conditions related to the injuries they sustained as a result of the subject incident.

### Driver's License

77. Your driver's license was suspended at the time of the subject incident.

78. Your driver's license was revoked at the time of the subject incident.

79. You gave a written statement to the police officer who investigated the subject incident.

### Video Surveillance

80. At the time of the subject incident, the vehicle you were driving was equipped with a camera that was capable of recording the subject incident.

81. At the time of the subject incident, the vehicle you were driving was equipped with a camera that was capable of recording what you were doing at the time of the subject incident.

82. A video of the subject incident exists.

83. A video of the subject incident used to exist.

### Insurance

84. You have automobile insurance that personally protects you from liability for your acts and omissions during the subject incident.

### Damages

85. Plaintiffs are entitled to recover compensatory damages from this defendant.

### Finality in Discovery

86. You are withholding documents or information responsive to Plaintiffs' discovery requests.

87. You have not produced all documents in your possession, custody, or control that are

responsive to Plaintiffs' requests for production.

88. You have not disclosed all information responsive to Plaintiffs' interrogatories.

89. You are withholding documents or information responsive to Plaintiffs' discovery requests.

90. All documents responsive to Plaintiffs' discovery requests that you are withholding have been identified on a privilege log.

91. You have completed a search for all information and documents responsive to Plaintiffs' discovery requests.

92. You answered Plaintiffs' interrogatories under oath.

93. Your answers to Plaintiffs' interrogatories are true and correct.

This 2nd day of June, 2023.

> Respectfully submitted,
>
> LITNER + DEGANIAN, P.C.
>
> _____
> DAVID T. ROHWEDDER
> GA Bar No. 104056

1776 Briarcliff Road NE
Atlanta, Georgia 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com
*Attorney for Plaintiffs*

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/8/2023 12:17 PM**

**TIANA P. GARNER, CLERK**

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-03780-S3 | Court:<br>State Court of Gwinnett County | County:<br>Gwinnett, GA | Job:<br>8972736 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>T'yaunah Larkins-Simmons, and Dawson Brown | | **Defendant / Respondent:**<br>Gill Logistics, Inc., ABC Corporations 1-5, and Harvinder Singh, | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Litner and Deganian, P.C. | |
| **To be served upon:**<br>United Services Automobile Association c/o Corporation Service Company ,Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Alisha Smith, Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092

**Manner of Service:**   Registered Agent, Jun 7, 2023, 12:11 pm EDT

**Documents:**   Summons, Complaint (Received Jun 5, 2023 at 9:00am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 7, 2023, 12:11 pm EDT at Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by Alisha Smith.
CSC Coordinator

Subscribed and sworn to before me by the affiant who is
personally known to me.

Thomas David Gibbs III          Date   6-8-23

Notary Public

CGA Solutions                                               Date   6-8-23          Commission Expires   12-27-24
723 Main Street
Stone Mountain, GA 30083
866-217-8581

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:                          23 C-01315-6

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2024.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ____2nd____ day of ____March____, 20__23__.

_Veronica Cope_
Veronica Cope (Mar 2, 2023 14:39 EST)
Presiding Judge
Gwinnett County State Court

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2023 MAR -3 AM 8: 25
TIANA P. GARNER, CLERK

Applicant:

Name    _Thomas David Gibbs III_

Address  _1215 Corinth Court_
_Stone Mountain, GA 30087_

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/12/2023 9:01 AM**

TIANA P. GARNER, CLERK

**STATE OF GEORGIA**
**COUNTY OF GWINNETT**

**AFFIDAVIT OF COMPLIANCE FOR NON-RESIDENT**
**MOTORIST STATUTE SERVICE**

I, David T. Rohwedder, the undersigned, am the attorney who represents the Plaintiff(s)

in the following case: *T'Yaunah Larkins-Simmons, et al. v. Gill Logistics, Inc., et al.*, In the State

Court of Gwinnett County, Georgia, Civil Action File No. 23-C-03780-S3.

I do hereby certify that on June 5, 2023, in accordance with O.C.G.A. § 40-12-2, I have

forwarded by certified mail, notice of service of the above case along with a copy of the

Complaint and Summons and process and Plaintiff's First Interrogatories, Requests for

Production of Documents, and Requests for Admissions to the Defendant Harvinder Singh at the

following address:

Harvinder Singh
1709 N. State St.
Fresno, CA 93722-8680

I further certify that I shall file with the appropriate Court appended to the documents,

regarding this case: (1) any return receipt received as evidence of service upon the Defendant the

by the Plaintiff, and (2) this Plaintiff affidavit of Compliance.

Respectfully submitted,

David T. Rohwedder
Georgia Bar No. 104056
Attorney for Plaintiffs

LITNER + DEGANIAN, P.C.
1776 Briarcliff Road NE
Atlanta, Georgia 30306
david@litnerlaw.com
Office: 678.705.6270
Fax: 678.809.1775

Sworn to and subscribed before me this ___5___ day of ___June___, 2023.

_____

*Notary of Public*

My commission expires: _____

JOHNNY BUD
Notary Public, Georgia
Gwinnett County
My Commission Expires
05/06/2026

Page 2 of 2

**U.S. Postal Service**
**Certified Mail Receipt**

OUTBOUND TRACKING NUMBER
9402 7112 0620 3709 7680 71

RETURN RECEIPT TRACKING NUMBER
9490 9112 0620 3709 7684 14

ARTICLE ADDRESS TO:

HARVINDER SINGH
1709 N STATE ST
FRESNO CA 93722-8680

FEES

| | |
|---|---|
| Postage per piece | $6.770 |
| Certified Fee | $4.150 |
| Return Receipt Fee | $3.350 |
| **Total Postage & Fees:** | **$15.100** |

Postmark
Here



GEORGIA 30188-USPS
WOODSTOCK MPO
JUN – 5 2023

Control Number : SOP-23127592

# STATE OF GEORGIA
## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-03780-S3
6/12/2023 1:50 PM
TIANA P. GARNER, CLERK

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Harvinder Singh

have been filed with the Secretary of State on 06/08/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: T'Yaunah Larkins-Simmons and Dawson Brown v. Harvinder Singh
Court: State Court of Gwinnett County
Civil Action No.: 23C03780S3

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 06/12/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

23 JUN -8 AM 8: 34

June 5, 2023

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

*9414 7112 0620 3708 1786 61*
*9490 9112 0620 3708 1786 27*
Georgia Secretary of State
Attn: Corporations Division
2 Martin Luther King, Jr. Drive
Suite 313 West Tower
Atlanta, Georgia 30334-1530

> RE:    **T'Yaunah Larkins-Simmons, et al. v. Gill Logistics, Inc., et al.**
>        State Court of Gwinnett County, Georgia
>        Civil Action File No. 23-C-03780-S3

Dear Sir or Madam,

Please find enclosed please find the following:

1. Completed Form-SOP
2. Filed Copy of the Civil Case Filing Information Form;
3. Filed Summons to Harvinder Singh;
4. Filed Complaint;
5. Filed First Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendant Harvinder Singh; and
6. Affidavit of Compliance.

These documents are being served upon the Secretary of State as agent for defendant Harvinder Singh pursuant to the Non-Resident Motorist Act (O.C.G.A. § 40-12-1 *et seq.*). I have also enclosed our firm's check in the amount of $10.00, made payable to the Georgia Secretary of State, to cover the cost of accepting service.

Sincerely,

David Rohwedder
Georgia Bar No. 104056
Attorney at Law



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

# SERVICE OF PROCESS, NOTICE, OR DEMAND
# ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

Style of Proceeding: T'Yaunah Larkins-Simmons, et al. v. Gill Logistics, Inc., et al.

(e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

Civil Action No./File No.: 23-C-03780-S3

Court: State Court of Gwinnett County

(The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

☐ O.C.G.A. § 9-11-4(e)(1)*    ☐ O.C.G.A. § 14-8-46(i)*    ☐ O.C.G.A. § 14-11-209(f)*
☐ O.C.G.A. § 14-2-1510(b)    ☐ O.C.G.A. § 14-8-50(c)    ☐ O.C.G.A. § 14-11-703(h)*
☐ O.C.G.A. § 14-2-1520(c)    ☐ O.C.G.A. § 14-8-52(d)    ☐ O.C.G.A. § 14-11-707(c)
☐ O.C.G.A. § 14-2-1531(d)    ☐ O.C.G.A. § 14-9-104(g)*    ☐ O.C.G.A. § 14-11-709(d)
☐ O.C.G.A. § 14-3-1510(b)    ☐ O.C.G.A. § 14-9-902.1(i)*    ☒ O.C.G.A. § 40-12-2*
☐ O.C.G.A. § 14-3-1520(c)    ☐ O.C.G.A. § 14-9-906    ☐ O.C.G.A. § 40-1-117
☐ O.C.G.A. § 14-3-1531(d)    ☐ Other: O.C.G.A.

Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

Name of Business Entity or Individual: Harvinder Singh

Business Entity Control Number (if applicable): _____

The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

1709 N. State St.

Fresno, CA 93722-8680

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

Name: David T. Rohwedder

Address: 1776 Briarcliff Road, NE

Atlanta, GA 30306

Email: dave@litnerdeganian.com

Form SOP-1
(Rev 6/2018)

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-03780-S3
6/2/2023 2:39 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of GWINNETT_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ **MM-DD-YYYY** | **Case Number** 23-C-03780-S3 |

**Plaintiff(s)**
LARKINS-SIMMONS, T'YAUNAH

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| BROWN, DAWSON | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
GILL LOGISTICS, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ABC CORPORATIONS 1-5 | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| SINGH, HARVINDER | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** David T. Rohwedder_____   **State Bar Number** 104056_____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                    **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/2/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | _____ |
| v. | 23-C-03780-S3 |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### SUMMONS

TO:     Harvinder Singh
        1709 N. State St.
        Fresno, California 93722-8680

        You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address are:

David T. Rohwedder
Litner + Deganian, P.C.
1776 Briarcliff Road NE
Atlanta, GA 30306
Phone: (678) 705-6270

an answer to the Complaint, which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

2nd day of June, 2023

This _____ day of _____, 2023.

Tiana P. Garner

Clerk of Court

_Camelia Brown_
Deputy Clerk

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/2/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | |
| v. | 23-C-03780-S3 |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs T'yaunah Larkins-Simmons and Dawson Brown (collectively "Plaintiffs")

hereby file this Complaint and show this Honorable Court the following:

### PARTIES, JURISDICTION, ETC.

#### Plaintiffs

1.  Plaintiffs are residents of the State of Georgia.

2.  Plaintiffs are subject to the jurisdiction and venue of this Court.

#### Gill Logistics, Inc.

3.  Defendant Gill Logistics, Inc. is a foreign corporation.

4.  Defendant Gill Logistics, Inc. is a foreign profit corporation.

5.  Defendant Gill Logistics, Inc. is organized under the laws of Texas.

6.  Defendant Gill Logistics, Inc. is not organized under the laws of Georgia.

7.  Defendant Gill Logistics, Inc. is engaged in interstate commerce.

8.  Defendant Gill Logistics, Inc. is authorized to transact business in Georgia.

9.  Defendant Gill Logistics, Inc. transacts business in Georgia.

10. Defendant Gill Logistics, Inc.'s President is Parminder S. Gill.

11. Defendant Gill Logistics, Inc.'s principal place office and principal place of business are located at 4204 Martha Ave., Sachse, Texas 75048.

12. Defendant Gill Logistics, Inc. does not maintain a registered agent for service of process in Georgia.

13. Defendant Gill Logistics, Inc. maintains a registered agent for service of process in Texas.

14. Defendant Gill Logistics, Inc.'s registered agent for service of process is Parminder S. Gill, 4204 Martha Ave., Sachse, Texas 75048.

15. Defendant Gill Logistics, Inc. may be served with legal process by serving its registered agent for service of process, Parminder S. Gill, 4204 Martha Ave., Sachse, Texas 75048.

16. Defendant Gill Logistics, Inc. may be served with legal process in accordance with O.C.G.A. § 9-10-90 *et seq.* or O.C.G.A. § 14-2-1510(b) or other applicable Georgia law.

**Harvinder Singh**

17. Defendant Harvinder Singh ("Defendant Singh") is a resident of California.

18. Defendant Singh's last known address is 1709 N. State St., Fresno, California 93722-8680.

19. Defendant Singh may be served with legal process in accordance with O.C.G.A. § 40-12-1 *et seq.*

**ABC Corporations 1-5**

20. Defendant ABC Corporations 1-5 are unknown entities who are relevant parties to this litigation.  When Plaintiffs discover the identities of these defendants, Plaintiffs will amend this Complaint accordingly and serve these defendants with a summons and copy

of the Complaint.  Once these defendants are named and served with a summons and copy of the Complaint, then these defendants will be subject to the jurisdiction of this Court.

### Jurisdiction, etc.

21. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

22. This Court has personal jurisdiction over:

    a.  Defendant Gill Logistics, Inc.

    b.  Defendant Singh.

23. Venue is proper in this Court as to:

    a.  Defendant Gill Logistics, Inc.

    b.  Defendant Singh.

24. There has not been an insufficiency of process with respect to:

    a.  Defendant Gill Logistics, Inc.

    b.  Defendant Singh.

25. There has not been an insufficiency of service of process with respect to:

    a.  Defendant Gill Logistics, Inc.

    b.  Defendant Singh.

26. Plaintiffs stated a claim for relief upon which relief can be granted against:

    a.  Defendant Gill Logistics, Inc.

    b.  Defendant Singh.

27. Plaintiffs' claims against defendants are not barred by the applicable statute of limitation.

28. Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-9.

## FACTS

29. At approximately 12:20 p.m. on June 11, 2021, Plaintiff T'yaunah Larkins-Simmons was operating a motor vehicle and travelling eastbound on Jimmy Carter Boulevard, just west of its intersection with Interstate 85, in Norcross, Gwinnett County, Georgia.   Plaintiff Dawson Brown was a passenger in the motor vehicle operated by Plaintiff T'yaunah Larkins-Simmons.

30. At the same time and place, Defendant Singh was driving a fully loaded 2019 Freightliner truck in the lane to the immediate left of the motor vehicle operated by Plaintiff T'yaunah Larkins-Simmons.

31. At the same time and place, Defendant Singh was

    a.   unfamiliar with the area,

    b.   utilizing his cell phone,

    c.   utilizing his mounted GPS device,

    d.   distracted by the GPS on his cell phone and mounted GPS device, and

    e.   confused by the GPS on his cell phone and mounted GPS device.

32. Defendant Singh failed to maintain his lane and entered the lane occupied by the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons and crashed into the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

33. The Georgia State Patrol responded to and investigated the June 11, 2021 wreck.

34. The Georgia State Patrol concluded Defendant Singh was at fault for the June 11, 2021 wreck.

35. The Georgia State Patrol issued a traffic citation to Defendant Singh for violating O.C.G.A. § 40-6-241(b), which states "A driver shall exercise due care in operating a

motor vehicle on the highways of this state and shall not engage in any actions which

shall distract such driver from the safe operation of such vehicle."

36. At the time of the June 11, 2021 wreck, Defendant Singh was driving a vehicle owned by

Defendant Gill Logistics, Inc.

37. At the time of the June 11, 2021 wreck, Defendant Singh was employed by Defendant

Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

38. At the time of the June 11, 2021 wreck, Defendant Singh was acting within the course

and scope of his employment with Defendant Gill Logistics, Inc. or Defendants ABC

Corporations 1-5.

39. At the time of the June 11, 2021 wreck, Defendant Singh was an agent of Defendant Gill

Logistics, Inc. or Defendants ABC Corporations 1-5.

40. At the time of the June 11, 2021 wreck, Defendant Singh was acting within the course

and scope of his agency with Defendant Gill Logistics, Inc. or Defendants ABC

Corporations 1-5.

41. At the time of the June 11, 2021 wreck, Defendant Singh was acting for the profit and

benefit of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

42. At the time of the June 11, 2021 wreck, Defendant Singh was acting under the express or

implied control or discretion of Defendant Gill Logistics, Inc. or Defendants ABC

Corporations 1-5.

43. At the time of the June 11, 2021 wreck, Defendant Singh was the actual or apparent agent

of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

44. At the time of the June 11, 2021 wreck, Defendant Gill Logistics, Inc. or Defendants
ABC Corporations 1-5 controlled the time, method, and manner of Defendant Singh's
work.

45. At the time of the June 11, 2021 wreck, Defendant Singh was acting in the furtherance of
the business of Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5.

46. As a direct and proximate result of Defendants' negligence and other wrongful conduct
described herein, either alone or in conjunction with one another, Plaintiffs suffered the
injuries and damages described herein.

47. The subject wreck and Plaintiffs' injuries and damages were caused by the negligence
and other wrongful conduct of the Defendants, either alone or in conjunction with one
another, as described herein.

48. The subject wreck was foreseeable to Defendants.

49. The subject wreck and Plaintiffs' injuries, and damages could have been avoided had
Defendants acted in a safe and prudent manner as required by Georgia law.

50. As a direct and proximate result of Defendants' negligence and other wrongful conduct,
Plaintiffs suffered the injuries and damages described therein.

51. Plaintiffs are completely innocent victims in the subject wreck.

52. No non-party is at fault for causing or contributing to cause the subject wreck.

53. No non-party is at fault for causing or contributing to cause Plaintiffs' injuries and
damages described herein.

## LIABILITY

### Defendants Gills Logistics, Inc. or ABC Corporations 1-5

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53 as if fully restated.

54. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors pursuant to O.C.G.A. §§ 51-2-2, 51-2-5, and 14-11-301, and other applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Singh at the time of the June 11, 2021 wreck, which are described in this Complaint.

55. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 negligently selected, hired, trained, supervised, retained, or qualified Defendant Singh.

56. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 negligently entrusted a motor vehicle to Defendant Singh.

57. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had actual knowledge that Defendant Singh was not competent or qualified to drive a motor vehicle and that entrusting a motor vehicle to Defendant Singh put other motorists, including Plaintiffs, in danger. Notwithstanding such knowledge, Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 hired, entrusted a motor vehicle to, and failed to terminate Defendant Singh prior to the subject wreck.

58. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had a duty to but failed to exercise all due and reasonable care pursuant to the duties of care established under all applicable state and federal laws, rules, and regulations.

59. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 had a duty to but failed to exercise all due and reasonable care pursuant to the duties of care established by all applicable standards, customs, and practices.

60. As a direct and proximate result of the foregoing negligent or other wrongful conduct, Plaintiffs suffered the injuries and damages described herein.

61. Alone or in conjunction with the negligence and other wrongful conduct of the other defendants, Defendant Gill Logistics, Inc.'s or Defendants ABC Corporations 1-5's negligent or other wrongful conduct proximately caused Plaintiffs' injuries and damages described herein.

62. Defendant Gill Logistics, Inc. or Defendants ABC Corporations 1-5 is responsible for the actions of Defendant Singh with respect to the subject wreck under the doctrine of lease liability, agency, or apparent agency.

### Defendant Singh

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 62 as if fully restated.

63. Defendant Singh had a duty to operate the vehicle he was driving at the time of the subject wreck in a safe and prudent manner and with ordinary care so as not to endanger the lives and welfare of the motoring public, including Plaintiffs.

64. Defendant Singh breached those duties and is liable for the following acts and omissions which include, but are not limited to, the following: failing to operate a vehicle with due care, failing to keep a proper lookout, driving while distracted, failing to maintain his lane, violating certain of Georgia's rules of the road, and failing to operate a vehicle in accordance with state and federal laws and regulations.

65. The conduct and violations of Defendant Singh described in the preceding paragraph amount to negligence and negligence *per se*.

66. As a direct and proximate result of the foregoing breaches of duties, Plaintiffs suffered the injuries and damages described herein.

67. Alone or in conjunction with the negligence and other wrongful conduct of the other Defendant, Defendant Singh's negligence and other wrongful conduct proximately caused Plaintiffs' injuries and damages described herein.

### Joint and Several Liability

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 67 as if fully restated.

68. Defendants jointly and concurrently committed the above-described negligent and other wrongful conduct. Accordingly, all defendants are jointly and severally liable to Plaintiffs for the claims described herein.

### DAMAGES CLAIMED

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 68 as if fully restated.

69. The damages claimed herein by Plaintiffs were directly and proximately caused by Defendants' negligence and other wrongful conduct.

70. Plaintiffs claim all damages they suffered for which he is entitled to recover, including, but not limited to, the following:

   a.  Past, present, and future medical expenses.

   b.  Past, present, and future lost wages.

   c.  All components of physical and mental pain and suffering, and emotional distress.

d.  Property damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.  That summonses issue requiring Defendants to appear as provided by law to answer this Complaint.

B.  That service be had on Defendants as provided by law.

C.  That Plaintiffs have and recover all damages for losses compensable under Georgia law, as set forth above.

D.  A trial by jury.

E.  For such other and further relief as is just and proper.

This 2nd day of June, 2023.

Respectfully submitted,

LITNER + DEGANIAN, P.C.

DAVID T. ROHWEDDER
GA Bar No. 104056

1776 Briarcliff Road NE
Atlanta, Georgia 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com
*Attorney for Plaintiffs*

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/2/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| T'YAUNAH LARKINS-SIMMONS, and DAWSON BROWN, | Civil Action File No. |
| Plaintiffs, | |
| v. | 23-C-03780-S3 |
| GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, and HARVINDER SINGH, | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT HARVINDER SINGH

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, submit the following Interrogatories, Request for Production of Documents, and Requests for Admission to the above-named defendant for response within thirty (30) days after service hereof (45 days if filed with the Complaint).

Thirty (30) days after service hereof (45 days if filed with the Complaint), you are requested to produce for inspection and copying by the Plaintiffs at Litner + Deganian, P.C., 1776 Briarcliff Road, NE, Atlanta, GA 30306, all documents responsive to Plaintiffs' Requests for Production of Documents.

Plaintiffs' First Interrogatories and Requests for Production of Documents are continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be seasonably served upon Plaintiffs' counsel as provided by O.C.G.A. § 9-11-26(e).

In answering the following discovery requests, defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant. An agency relationship clearly exists between defendant and his attorneys and insurers. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983). "The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject–matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it…" *Bean v. Baron*, 176 Ga. 285 (1933). "This rule is applicable to the relation of attorney and client." *Id.* (*citing Faircloth v. Taylor*, 147 Ga. 787 (1918)). "It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Mathis v. Blanks*, 212 Ga. 226 (1956); *see also Royalston v. Bank of America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.*, 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). *Accordingly, if defendant's attorneys or insurers are aware of knowledge or information sought by the below discovery requests, that knowledge and information is imputed to defendant and must be disclosed or produced.* Defendant may not claim ignorance regarding facts, law, terminology, information, or anything else that is held by or known by defendant's agents.

*Should you claim attorney-client privilege (or any other privilege) to any of the following Interrogatories or Requests for Production of Documents, please provide a privilege log so that the Court—and not the defendant unilaterally, may determine whether the information should*

*be disclosed or the documents produced.* U.S.C.R. 5.5; *General Motors v Conkle*, 226 Ga. App. 34, 47 (1997) both establish that an unsupported claim of privilege does not meet the claimant's burden of showing that the privilege applies.

**Please refrain from asserting any "General Objections."**   Such objections are disfavored and neither the Court nor Plaintiffs can tell what, if anything, defendant is withholding or to which request the objection applies. All objections should be stated with specificity. Please do not assert boilerplate objections without substantiating each such objection. A discovery request is not, for example, "unduly burdensome" just because defendant says so.

## DEFINITIONS

A. The term "**subject incident**" shall refer to the auto wreck that occurred on **June 11, 2021** that is the subject of Plaintiffs' Complaint.

B. The term "identify" as herein used, means that you should provide the name, address, telephone number, occupation, and employer name of the individual so identified

C. The terms "**you**" or "**your**" or "**defendant Singh**" shall refer to defendant Harvinder Singh.

D. "**Defendant Gill Logistics**" refers to Defendant Gill Logistics, Inc.

E. "**Subject   tractor-trailer**"   refers   to   the   2019   Freightliner   Cascadia   (VIN 3AKJHHDR3KSKD5510) driven by you on June 11, 2021.

F. "**Document**" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person. The term includes agreements; contracts; emails; text messages; fax transmissions; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings,

conferences, and telephone or other conversations or communications; invoices; purchase
orders; bills of lading; recordings; published or unpublished speeches or articles; publications;
transcripts of telephone conversations; phone mail; ledgers; financial statements; microfilm;
microfiche; tape or disc recordings; and computer print-outs.

G. "**Document**" also includes electronically stored data from which information can be obtained
either directly or by translation through detection devices or readers; any such document is to
be produced in a reasonably legible and usable form.

H. "**Document**" includes all drafts of a document and all copies that differ in any respect from
the original, including any notation, underlining, marking, or information not on the original.

I. "**Document**" includes information stored in, or accessible through, computer or other
information retrieval systems (including any computer archives or back-up systems), together
with instructions and all other materials necessary to use or interpret such data compilations.

J. "**Correspondence**" refers to all written forms of communication, including, but not limited
to, letters, emails, faxes, memoranda, and text messages.

K. "**Presently**" shall refer to the exact moment in time in which you are responding to these
requests.

## INTERROGATORIES

### Insurance Policies

1. Has any entity issued a policy of liability insurance to you, yes or no?

2. If the answer to the preceding interrogatory is "yes," state the names of all insurers providing
liability insurance, the limits of coverage of each such policy, and the policy number of each such
policy.

## Background

3. Please identify any and all motor vehicle wrecks in which you have been previously involved, including any wrecks while driving a commercial motor vehicle. Please provide the details of each wreck, including the date(s) and location(s) of each wreck, whether you were cited as a result of the wreck(s), whether anyone was hurt in the wreck(s), whether you were on personal business or in the course of your employment at the time of said wreck (and list the employer if you were in the course of your employment), the names of any other vehicle owners or operators involved in such wreck(s), and a brief description of how the wreck occurred, to include stating whether you believe the wreck was your fault or someone else's fault.

4. Please list all permits, driver's licenses, and certificates that you have ever held that pertain to your right or qualification to drive vehicles and state for each such permit, license or certificate, the issuing State and authority, any restrictions on each such license at any time (including now and at the time of the subject wrecks), the dates such items were issued and expired and whether any such items have ever been revoked, suspended, cancelled or allowed to lapse. If any license or permit you have ever had has been cancelled, suspended, revoked, or otherwise restricted for any reason, please state the nature and date of such restriction(s) and the reason(s) for such restriction(s). Please also include in your response whether you had a valid Commercial Driver's License or "CDL" on the date of the subject incident, when you obtained that license, and describe any training you received in order to obtain the CDL.

5. Please state your current address and every address that you have resided at over the past five (5) years.

6. Have ever been convicted of, pled guilty to, or pled nolo contendere to any crime, yes or no?

7. If the answer to the preceding interrogatory is "yes," for each conviction, guilty plea, or nolo contendere plea, please:

   a. Describe the nature of the charge or crime;

   b. State the date of each charge or crime;

   c. State where (*i.e.*, in what city and state) you were charged;

   d. State the case or indictment number;

   e. The final disposition of the charge or crime; and

   f. Identify the city, county, and state in which you were convicted, pled guilty, or pled nolo contendere.

8. Have you ever been a party in a lawsuit, yes or no?

9. If the answer to the preceding interrogatory is "yes," please list the civil action file number, style of the case, and jurisdiction in which the matter was filed, along with the outcome of each such civil action (*e.g.*, settlement or verdict).

10. Please identify all adult relatives by blood or marriage residing within the jurisdiction of this Court, by stating their name, relationship to you or your spouse, address, and place of employment.

## Witnesses

11. Please state the name, address and telephone number of any passenger(s), in your vehicle at the time of the subject incident

12. State the name and address of any person, including any party, who, to your knowledge, information or belief:

    a. Was an eyewitness to the subject incident;

    b. Has knowledge of any fact or circumstance upon which your defense is based; and

      c.  Has conducted any investigation relating to the subject incident or the background, employment, medical history or activities of the Plaintiffs.

With respect to each person identified in response to this interrogatory, please state whether each such person gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement(s).

13. If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14. Please state the name, address, and telephone number of any and all mechanics or other experts who have been employed to investigate the subject incident or examine the vehicle involved in the subject incident for or on your behalf.

15. Please state the name, address, and telephone number of each medical doctor and/or medical facility where: (a) you have received any medical treatment whatsoever as a result of injuries you allegedly sustained arising out of the subject incident; and (b) you have received any medical treatment whatsoever over the past ten years. Also, please state the date and reason for treatment by each such provider.

16. Please state the name, home and business addresses, and home and business telephone numbers, and cell phone number(s) of each individual, excluding your attorneys, with whom you have discussed any aspect of the subject incident.

## The Subject Incident

17. Please describe with specificity how you contend the subject incident occurred.

18. Please state whether or not any investigation, statement, incident report, preventable wreck analysis, or summary was made by or on behalf of you, defendant Gill Logistics, defendants ABC Corporations 1-5, or any other person or entity in connection with the subject incident, and if so, the place where such statement, report or summary is located.

19. Please state whether you were tested for drugs and alcohol before or after the subject incident, to include the forty-eight hours following the subject incident. If so, please identify the person or entity who administered such tests, the types of tests administered, and the results of all such tests.

20. Please describe in detail all steps you took in reporting and documenting the subject incident and include every person (other than your attorneys) that you spoke with, what you told them, and when you spoke with them following the subject incident. If you gave a written or recorded statement after the subject incident, please identify the person or entity to whom you have the statement, when the statement was given, what you wrote or told the person or entity, and whether you possess a copy of any such statement.

21. Please identify the details of your trip on the date of the subject incident, to include: where the trip began; what time the trip was scheduled to begin and what time it actually began (if different, please explain in detail the reason for the delayed start); how and when you got to the location where the trip began; the intended destination; the route you were taking; the time you reached your destination; any cargo you were carrying and the weight of that cargo; where the cargo came from and what time you picked it up; the time and location of any stops or rest breaks; what you were scheduled to do after dropping off your load; and whether you were

performing a mission, errand, or duty of your employment for any person or business entity, stating the nature of such mission, errand, or duty.

22. Do you admit that you caused the subject incident, yes or no?

23. If your answer to the preceding interrogatory is in any way in the negative, please state why and state with particularity each fact and identify, by Bates number, each document you content supports your contention.

24. Do you contend that the Plaintiffs caused or contributed to the subject incident, yes or no?

25. If the answer to the preceding interrogatory is "yes," state how you contend the Plaintiffs caused or contributed to the subject incident and state with particularity each fact and identify, by Bates number, each document you content supports your contention. Please also list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiffs or any other person did or failed to do which in any way caused or contributed to causing the subject incident.

26. State the full name, address and telephone number of each person whom you contend will testify that any person(s) other than yourself was at fault in the subject incident.

27. Do you contend that any other person or entity is responsible, in whole or in part, for the subject incident or the injuries and damages complained of by Plaintiffs other than the named defendants, yes or no?

28. If the answer to the preceding interrogatory is "yes," please state the full name, address, and telephone number of that person(s) or entity(-ies) and explain the factual basis for your contention(s) that the other person(s) or entity(-ies) are responsible for the subject incident and/or injuries and damages complained of.

29. Please state the purpose of the trip defendant was making at the time of the subject incident,

including in your response, the location departed from, the destination to which he was traveling, and whether he was performing a mission, errand, or duty of your employment for any person or business entity, stating the nature of such mission, errand, or duty.

30. Were you issued any citations on the date of the subject incident, yes or no?

31. If the answer to the preceding interrogatory is "yes," please list the nature of the charges and final disposition of the charges.

32. Did you consume any medication, drug, or alcohol beverages of any kind during the 48 hours immediately preceding the subject incident, yes or no?

33. If the answer to the preceding interrogatory is "yes," please state the name and nature of each substance consumed, the amount consumed, and when it was consumed.

34. Please state whether you suffer currently or did suffer at the time of the subject incident from any physical or mental impairment or disease, including vision impairment, diabetes, any sleep disorders, epilepsy, or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years and identify all medications you have been prescribed in the past five (5) years. To the extent you wear glasses or contacts, please identify the nature of your corrective lenses and state whether you were wearing them at the time of the subject incident.

## Cellphones and Social Media

35. As for each cell phone you owned or were authorized to use on the date of the subject incident, please state each phone number, along with the name, address, and telephone number of each such service provider, the corresponding account number for each phone, and the current location/whereabouts of the phone.

36. Please state whether you had any of the following applications downloaded on your phone on the date of the subject incident: Facebook, Facebook Messenger, Instagram, Snapchat, WhatsApp, Tinder, Hinge, Bumble, GroupMe, and Twitter. If the answer to any of the above is yes, please provide the following information:

    a. Your username for each application;

    b. Whether any of the above applications were open or being used on your phone at any time on the date of the subject incident;

    c. Whether any of the above applications have been deleted since the date of the subject incident; and

    d. Whether any content, messages, or data have been deleted from any of the above applications since the date of the subject incident.

### Evidence

37. To your knowledge, information or belief, are there any video recordings, videotapes, photographs, plats or drawings of the scene of the subject incident, the vehicles involved in the subject incident, defendant Singh, defendant Gill Logistics, defendants ABC Corporations 1-5, or Plaintiffs?

38. If the answer to the preceding interrogatory is "yes," please describe such video recordings, videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof. This request includes, but is not limited to, recordings of the incident taken from any device installed in the vehicle defendant Singh was driving at the time of the subject incident.

39. Please identify any writing you have made summarizing or otherwise describing the events of the subject incident. Please include, but do not limit your response to, any journal entry, diary

entry, blog entry, Facebook entry, Twitter "tweet," letter, or e-mail.

### Finality in Discovery

40. Regarding any document that has not been produced on grounds of privilege, please state the

following:

        a.   The date each document was generated

        b.   The person generating each document;

        c.   The present custodian of each document; and

        d.   A description of each document.

### Affirmative Defenses

41. Please state in detail the factual basis for each affirmative defense you have raised in your answer

to Plaintiffs' Complaint.

42. Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this

Court, that service of process has been deficient on you in this matter, or that there are any

factual or legal bases upon which this matter should be dismissed as a matter of law?  If so,

please identify each such contention and describe and state with specificity all factual and legal

bases supporting any such contention(s).

### Employment History

43. Please list all places of employment for the past ten (10) years to include: name of employer;

supervisor; address; telephone number; job description; dates of employment; and reason for

termination or separation from employment.  Said list should include employment or

ownership in a business through the present date.

44. Please identify by name and address all companies for which you have driven a commercial motor

vehicle at any time during your life.

45. Please state whether you have ever been discharged, fired, punished, disciplined, written up, or reprimanded in any way by any person or entity for your performance as a driver, to include, but not be limited to, whether you were punished, disciplined, written up, or reprimanded in any way for the events that led to or your role in causing the subject incident.

46. For the period of May 28, 2021 to June 11, 2021 state the number of hours you had worked/been on duty with defendant Gill Logistics, or any other employer (including working for yourself), when and where you had driven, and when and for how long you had rested/slept.

47. Please identify all persons or entities for whom/which you provided any work between May 11, 2021 to June 11, 2021, and state: (a) whether you were employed by such person or entity on the date of the subject incident; (b) whether you were employed by such person or entity at any time during May 11, 2021 to June 11, 2021; (c) whether you remain employed by such person or entity; and (d) whether such employment was full time or part time. If you are no longer working for any such entity, please explain why.

### Relationship with defendant Gill Logistics

48. Please explain the nature of your relationship with defendant Gill Logistics, to include the following: who hired you; your duties; the date the relationship began; your mode and rate of compensation; how you were paid for the work you performed; whether the relationship has ended or been terminated; the date of such severance or termination; the identity of the person who terminated any such relationship; and the reason(s) given for such termination. If you are still employed by, contract, or work in any way with defendant Gill Logistics, please describe the nature of your relationship following the subject incident.

49. With respect to defendant Gill Logistics, please identify the following individuals as of the

date of the subject incident and at present (if applicable): your immediate supervisor; all persons who interviewed and hired, selected, or qualified you, to include the office at which those individuals work; all persons who trained you; all persons who disciplined, reprimanded, or terminated you (if applicable); all persons you spoke with on the date of the subject incident; and the person who scheduled or assigned the work you were performing on the date of the subject incident.

50. Please explain how you became a driver for defendant Gill Logistics. Please include, but do not limit your response to, an explanation of how you discovered the job opening(s) and a description of each job application and interview process, to include where such interview occurred and who from defendant Gill Logistics conducted any such interview or reviewed your job application and any supporting documentation.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### The Subject Incident

1. Please produce copies of any and all documents or other forms of written or electronic communication that passed between you and defendant Gill Logistics which in any way refer to the subject incident or Plaintiffs' damages.

2. Please produce copies of any and all documents or other forms of written or electronic communication, including emails or text messages, that passed between you and your insurer (or defendant Gill Logistics' insurer) or the insurer's agent(s) which in any way refer to the subject incident or Plaintiffs' damages.

3. Please produce any writing describing the events of the subject incident, to include, but not be limited to, notes, diagrams, journals, diaries, blog entries, summaries, Facebook entries, e-mails, letters, Twitter "tweets," or MySpace entries.

4. Please produce all writings or recordings made by or sent to you, (including e-mails) which relate to the subject incident, Plaintiffs, or your words or actions on the date of the subject incident.

5. Please produce true, accurate, and complete copies of any documents that showed where you were and what you did on the date of the subject incident. Please include, but do not limit your response to include bank statements reflecting purchases you made, cell phone records, and/or receipts.

6. Please produce copies of any and all documents reflecting the hours you worked for any person or entity during the week preceding the subject incident. This should include not only documents reflecting your work scheduled for defendant Gill Logistics, but also any other jobs you held or did during the week of the subject incident.

7. All video recordings, videotapes, photographs, plats or drawings of the scene of the subject incident, the vehicles involved in the subject incident, defendant Gill Logistics, or Plaintiffs. This request includes, but is not limited to, recordings of the incident taken from any device installed in the vehicle you were driving at the time of the subject incident.

8. A copy of any incident report or summary prepared by or given by you, on your behalf, or by or on behalf of defendant Gill Logistics, concerning the allegations raised in Plaintiffs' Complaint, the subject incident, or Plaintiffs.

9. Please produce any document, report, or statement, written or recorded, prepared by or given by you to the police, your employer(s), any insurer(s), any representative of defendant Gill Logistics, or any other person or entity concerning the subject incident or the injuries and damages detailed in Plaintiffs' Complaint.

10. Please produce copies of any and all trip sheets, bills of lading, shipping documents, documents

reflecting when and for how long you had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning the trips made by you during the week of the subject incident, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

11. Please produce a copy of any and all documents pertaining to any load you were carrying at the time of the subject incident, including but not limited to the bill of lading, cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

12. Please produce copies of any and all documents that reflect any stops or purchases made by you on the date of the subject incident and the two days prior.

13. Please produce copies of any and all documents reflecting any punishment you received from any entity as a result of your role in the subject incident to include your termination, reprimand, suspension, counseling, placement on administrative leave, preventable wreck determination, or discontinuation of duties.

14. Please produce any police reports, 911 reports, ambulance reports, or reports from any federal or state agency about the subject incident.

### Evidence: Generally

15. Please produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Continuing Interrogatories.

16. Please produce a copy of all documents Plaintiffs have asked you and your lawyers to preserve.

17. Copies of all witness statements or affidavits you gave and/or you or someone acting on your behalf obtained from any person or entity about any information responsive to any interrogatory or relevant to any issue in this lawsuit or the subject incident, including, but not

limited to, the issues of liability or damages.

18. All video recordings, videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by an individual identified in your responses to Plaintiffs' Interrogatories.

19. Any documents obtained through a request for production of documents or subpoena by you or anyone on your behalf relating to the allegations contained in Plaintiffs' Complaint.

20. All statements or reports relating to the allegations contained in Plaintiffs' Complaint.

21. Please produce copies of any and all video recordings, photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

22. Please produce copies of any and all documents reflecting any pre-trip inspection of the subject tractor-trailer during the month that the subject collision occurred.

23. Please produce a copy of the subject tractor-trailer's owner's manual.

24. Please produce copies of any and all W-2s and 1099s from any entity for work you did during the year in which the subject incident occurred.

25. Please produce a copy of all documents or other materials this defendant has generated or received from any person as a result of the subject incident.

26. Please produce a copy of your checkbook ledger, credit or debit card bill, or any other documents reflecting purchases you made on the date of the subject incident and the two (2) days preceding the subject incident.

27. Please produce copies of the label from any prescription drugs or over the counter medications you had consumed within twenty-four hours prior to the subject incident.

28. Please produce a true, accurate and complete copy of any and all documents related to any prior lawsuits in which you have previously been a party.

29. Please produce a true, accurate, and complete copy of your dispatch records during the month of the subject incident.

30. Please produce any electronic logs or the results from any on board videos or monitoring systems that the subject tractor-trailer was equipped with on the date of the subject incident.

31. A complete copy of your insurance company's claim file.

### Driving History

32. Please produce a copy of any plan to improve your performance as a driver, by whatever name such plan is called.

33. Please produce a copy of all traffic citations issued to you by any law enforcement personnel in any state at any time.  Please include in your response any documents which set forth the disposition of those traffic citations.

34. Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to your driving history, driving record, and driving infractions or criminal history.

35. Please produce a copy of any and all of your driver's licenses or other certificates or permits in effect on the date of the subject incident and at present that pertain to your right to drive any vehicle or piece of equipment.

36. Please produce a complete copy of your driving history/record, to include any dates your license was revoked or suspended or your driving privileges were limited in any respect.

37. All citations (and respective dispositions) of charges identified in your responses to Plaintiff's Interrogatories.

38. Please produce a copy of all claims forms, accident reports, incident reports, citations, or other documentation by any other name evidencing any other collisions, incidents, or moving

violations in which you were ever involved.

### Defendant Gill Logistics

39. Please produce a copy of any documentation of any kind received from defendant Gill Logistics, or any other person, corporation, or insurer relative to your performance as an employee, representative, or driver, to include criticisms, complaints, reprimands, infractions, discharges, firings, or other commentary concerning your duties as a driver during the time you were so engaged in such activity for defendant Gill Logistics, and to include, but not be limited to, the date of the subject incident.

40. Please produce a copy of any policy, standard, guideline, recommendation, or rule of defendant Gill Logistics that you violated or that covers any of your actions in connection with the subject incident.

41. Please produce a copy of any driver's logs, notes, or other documents detailing your driving history or duties for Gill Logistics, to include the date of the subject incident.

42. Please produce a copy of any and all instructions manuals, policies, procedures, rules, regulations, driver/employee handbooks, safety manuals or any other written materials given to you by defendant Gill Logistics.

43. Please produce copies of any and all agreements or contracts between you and defendant Gill Logistics in effect on the date of the subject incident, to include employment agreements.

44. Please produce a complete copy of your driver qualification file, training file, employment file, and/or personnel file with defendant Gill Logistics and any other entities or persons you worked for or with at any time within the three years prior to the date of the subject incident.

45. Please produce copies of any and all documents obtained or generated as a result of your driving for defendant Gill Logistics or its agents, officers, and employees or generated for

consideration of you as a driver and employee for defendant Gill Logistics.

46. Please produce any documents, manuals, or materials related to any training you have received from or on behalf of defendant Gill Logistics.

47. Please produce a copy of your paycheck(s), paycheck stub(s), time card(s), or any documentation of time worked during May 11, 2021 to June 11, 2021. This request includes copies of any materials which reflect any expense (such as mileage, gas, etc.) reimbursed to you.

48. Please produce all documents that discuss, reference, or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for defendant Gill Logistics, including but not limited to handouts, videos, or other materials.

49. Please produce a true, accurate, and complete copy of any and all of your employment or personnel files (to include job applications) with defendant Gill Logistics as well as any entities or persons you worked for or with at any time within the three years prior to the date of the subject incident.

50. Please produce copies of any and all documents reflecting your termination, suspension, counseling, or placement on administrative leave at any time by defendant Gill Logistics.

51. Please produce copies of any and all documents reflecting the submissions for payment you provided to defendant Gill Logistics for driving on the date of the subject incident.

52. Please produce copies of any and all documents reflecting compensation you received from defendant Gill Logistics during the month in which the subject incident occurred.

### Contentions

53. Please produce copies of any and all documents that support any contention you have that any other person or entity is wholly or partially at fault for causing the subject incident or Plaintiffs'

injuries.

54. Please produce copies of any and all documents that you contend support the theory that Plaintiffs were in any way at fault for causing the subject incident.

### Your medical history

55. Please produce a true, accurate, and complete copy of your DOT medical card in force on the date of the subject incident.

56. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon you during the year the subject incident occurred and the year before the subject incident occurred, to include, but not be limited to, those tests performed following the subject incident.

57. Please produce copies of any and all medical records, including records from any medical professional that has treated you for vision, hearing, or medical problems, from January 1, 2013 to date that pertain to you or any medical condition, infirmity, sleep disorder, or disability you had during that time period.

### Insurance

58. Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage to this defendant with respect to the claims that form the basis for Plaintiffs' Complaint.

59. All policies of insurance identified in your responses to Plaintiffs' Interrogatories. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

60. Please produce a copy of any and all insurance, indemnity, joint defense, hold harmless, cooperative, or other related agreements by whatever name called, entered into by or on behalf of you or on behalf of any other party to this matter.

### Cell Phone Records

61. Copies of cellphone records showing incoming and outgoing calls, texts and messages for the two (2) day period before and after the subject incident.

62. Please produce any records reflecting usage of any cellular telephone, Qualcomm, or other mobile communication device in your possession on the date of the subject incident, and any data from the same.

63. Please produce a copy of the detailed cell phone and texting records for the three (3) days before and after the wreck that pertain to any phone you had access to on those dates.

### Plaintiffs' injuries and damages

64. Any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting Plaintiffs or Plaintiffs' injuries.

65. Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiffs' physical, medical, or emotional condition, or Plaintiffs' damages that have not been supplied to you by Plaintiffs' counsel.

66. Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject incident or Plaintiffs' injuries and damages. This request includes but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

**Property Damage and Vehicle Maintenance**

67. All photos, videos, diagrams or other evidence depicting the property damage sustained by the vehicles involved in the subject incident.

68. Copies of any estimates, work orders, or repairs for property damage sustained by any vehicles involved in the subject incident as identified in the attached Complaint.

69. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject incident and/or who repaired the vehicle after the subject incident.

70. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to repairs to or maintenance of the subject tractor-trailer during the two year period preceding the subject incident.

**Affirmative Defenses**

71. Copies of any documents you contend support any of the affirmative defenses alleged in your Answer to Plaintiffs' Complaint.

**Expert Witnesses**

72. The complete file maintained by any expert you expect to testify at trial. This includes, but is not limited to: the expert's CV; billing invoices or records; time sheets; materials provided by you (or any representative of yours) to the expert; the expert's requests for any documents or materials; photographs; videos; simulations; reconstructions; measurements; mapping; e-mails; letters; phone logs; notes from meetings or conversations; a list of cases in which the

expert has been retained by you, the law firm representing you, or your insurer at any time; a list of cases in which the expert has testified in the prior 10 years; all laws, regulations, ordinances, or other standards used relied upon by the expert in forming opinions; and any authorities or sources relied upon by the expert in forming opinions.

## REQUEST FOR ADMISSIONS

Should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiffs' reasonable expenses incurred by Plaintiffs in making the proof, including reasonable attorney's fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

## Special Instructions

When responding to the below requests for admission, the following objections and responses are **NOT** valid:

1) **The request seeks or calls for a legal conclusion**. "Requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 329 (1997). The Georgia Supreme Court stated in its opinions that "even where the answering party lacks information or considers the requested matter to involve a

genuine issue of fact, the party must nevertheless answer the request, in a manner consistent with the ways set forth in O.C.G.A. § 9-11-36(b)." *Id.* at 329-30. All the below requests relate to facts at-issue in this case, and it is therefore inappropriate to object based on the fact that any request seeks or calls for a legal conclusion. Any attempt to object due to the request calling for a "purely legal conclusion" *must* be accompanied by an explanation as to why the request has no bearing on the facts of this case.

2) **Defendant does not know or is unaware of certain facts or the meanings of certain legal terms.** A party's answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to* Do you admit that your negligence caused the subject incident? If your answer is in any way in the negative, please explain what you contend happened and who you contend is responsible for the wreck. *or deny.*" O.C.G.A. § 9-11-36(a)(2) (emphasis added).

When answering the below requests for admission, it is not appropriate for defendant to claim ignorance about relevant facts if those facts can be easily obtained from a reasonable inquiry. Defendant's attorney and insurer are agents of

defendant and, accordingly, assets available to defendant. *See Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (1983); *See also Royalston v. Bank of America, N.A.*, 290 Ga. App. 556, 560 (2008); *Durden v. Hilton Head Bank & Trust Co.*, 198 Ga. App. 232, 233 (1990); *Fowler v. Latham*, 201 Ga. 68, 74 (1946); and *Southern Development Co. v. Shepco Paving, Inc.*, 206 Ga. App. 535, 536 (1992). If Defendant's attorney or insurer are in possession of facts or information relevant to a request for admission, defendant, too, should be in possession of those same facts and information after conducting a reasonable inquiry. Speaking with one's own lawyer constitutes a "reasonable inquiry."

A party cannot plead ignorance to certain facts or terms to avoid answering a valid discovery request or request for admission. Defendant certainly would object if Plaintiff responded to discovery by claiming she couldn't answer because she didn't know what terms like "lien," "special damages," "subrogation," or "litigation" meant in the context of the requests. Because Plaintiff's counsel obviously knows the definitions and meanings of such terms, such an objection would be frivolous and unfounded. Similarly, defendant cannot make objections to the below requests for admission if a reasonable inquiry, which includes speaking with her own counsel, would result in readily obtainable information.

Please also refrain from asserting any frivolous, unfounded objections when responding to Plaintiff's requests for admission.

If you disregard this reasonable request while answering Plaintiffs' requests for admission, we will immediately send you follow-up correspondence requesting that you properly amend your responses and withdraw the improper objections within three (3) days. Considering that we are

giving you notice and thorough explanation as to the inapplicability of the objections at the outset, three (3) days is more than reasonable time to remedy the errors. The follow-up correspondence will explicitly reference this section as giving you warning of our intent to contest all such objections and pursue attorney's fees pursuant to O.C.G.A. §§ 9-11-36(a)(3) and 9-11-37(c) in the event we are forced to file a motion to determine the sufficiency of your responses.

Please admit the following facts:

### Affirmative Defenses

1. You have been properly served with process in this action.

2. There has not been an insufficiency of process with respect to you.

3. There has not been an insufficiency of service of process with respect to you.

4. You have been properly served with a Summons in this action.

5. You have been properly served with a Complaint in this action.

6. You have been properly served with these Interrogatories, Requests for Production, and Requests for Admission.

7. You are subject to the jurisdiction of this Court.

8. Venue in this Court is proper as to you.

9. Plaintiffs' claims against you are not barred by any applicable statute of limitation.

10. Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

11. Plaintiffs are the proper parties to bring the above-styled action.

### Employment

12. You were employed by defendant Gill Logistics at the time of the subject incident.

13. You were operating a motor vehicle in the course and scope of your employment with defendant Gill Logistics at and during the time of the subject incident.

**The Subject Incident**

14. On the date of the subject incident, you struck Plaintiffs' vehicle.

15. On the date of the subject incident, you collided with Plaintiffs' vehicle.

16. At the time of the subject incident, you failed to maintain your lane.

17. At the time of the subject incident, you entered the lane occupied by the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

18. At the time of the subject incident, you struck the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

19. At the time of the subject incident, you crashed into the motor vehicle driven by Plaintiff T'yaunah Larkins-Simmons.

20. On the date of the subject incident, immediately before the subject incident occurred, you were not focused on the roadway and objects ahead of you.

21. There were no physical obstructions that barred, obstructed, or obscured your view of Plaintiffs' vehicle immediately prior to the subject incident.

22. At the time of the subject incident, you were not familiar with the area where you were driving.

23. At the time of the subject incident, you were using a cell phone.

24. At the time of the subject incident, you were using a mounted GPS device.

25. At the time of the subject incident, you were distracted by your cell phone.

26. At the time of the subject incident, you were distracted by the GPS on your cell phone.

27. At the time of the subject incident, you were distracted by the GPS on your mounted GPS device.

28. At the time of the subject incident, you were confused by the GPS on your cell phone.

29. At the time of the subject incident, you were confused by the GPS on your mounted GPS device.

30. There were no passengers in your vehicle at the time of the subject incident.

31. At the time of the subject incident, you had a cell phone in your vehicle.

32. At the time of the subject incident, your cell phone had the capability to access the internet.

33. At the time of the subject incident, your cell phone had applications downloaded into it.

34. At the time of the subject incident, you were utilizing your cell phone.

35. At the time of the subject incident your vehicle's stereo or radio was playing.

36. At the time of the subject incident, while in your vehicle, you had access to a Global Positioning Satellite ("GPS") Device.

37. At the time of the subject incident, you were utilizing your GPS device.

38. After the subject incident, you discussed the facts of the incident with the investigating police officer.

39. On the date of the subject incident, immediately before the subject incident occurred, you were not focused on the roadway and objects in the roadway.

40. On the date of the subject incident, immediately before the subject incident occurred, you were driving a 2019 Freightliner Cascadia (VIN 3AKJHHDR3KSKD5510).

41. The Georgia State Patrol responded to the subject incident.

42. The Georgia State Patrol investigated the subject incident.

43. The Georgia State Patrol concluded you were at fault for the subject incident.

44. The Georgia State Patrol issued you a citation for violating O.C.G.A. § 40-6-241(b).

45. The Georgia State Patrol issued you a warning for failing to maintain your lane.

## Liability

46. You are at fault for the subject incident.

47. You caused the subject incident.

48. You accept 100% responsibility for causing the subject incident.

49. Plaintiffs were not negligent, in any manner, immediately prior to or at the time of the subject incident.

50. Plaintiffs are completely innocent victims in the subject incident.

51. Plaintiffs did not cause the subject incident.

52. Plaintiffs did not contribute to cause the subject incident.

53. The subject incident was not the fault of any person or entity not a party to this lawsuit.

54. You are not presently aware of any fact(s) supporting or tending to support your claim or contention that Plaintiffs contributed to the subject incident.

55. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs contributed to causing the subject incident.

56. You are not presently aware of any witness or witnesses (other than yourself) who will testify that Plaintiffs were negligent in connection with the subject incident.

57. You are not presently aware of any witness or witnesses who can testify that any other person or persons caused the subject incident.

58. You are not presently aware of any witness or witnesses (other than yourself) who can testify that any other person or persons contributed to the subject incident.

## Traffic Citation

59. You received a traffic citation for violating O.C.G.A. § 40-6-241(b) as a result of the subject incident.

60. You paid the fine for the citation for violating O.C.G.A. § 40-6-241(b).

61. You pled guilty to the citation for violating O.C.G.A. § 40-6-241(b).

62. You could have contested the citation you received for violating O.C.G.A. § 40-6-241(b).

63. You did not contest the citation you received for violating O.C.G.A. § 40-6-241(b).

64. You received a warning for failing to maintain your lane.

## Plaintiffs' Injuries and Medical Treatment

65. Plaintiffs sustained serious physical injuries as a result of the subject incident.

66. The medical treatment received by Plaintiffs as a result of the subject incident was reasonable.

## Plaintiffs' Pain and Suffering

67. Plaintiffs experienced physical pain and suffering as a result of the subject incident.

68. Plaintiffs experienced emotional pain and suffering as a result of the subject incident.

69. Plaintiffs will suffer future physical pain and suffering as a result of the subject incident.

70. Plaintiffs will suffer future emotional pain and suffering as a result of the subject incident.

## Medical Expenses

71. Plaintiffs' medical bills/expenses are reasonable.

72. Plaintiffs will reasonably incur medical expenses in the future as a result of the injuries they sustained in the subject incident.

## Injury Causation

73. You caused the injuries Plaintiffs sustained as a result of the subject incident.

74. You are not contesting injury causation in this case.

75. Plaintiffs did not have any gaps in treatment for the injuries they sustained as a result of the subject incident.

76. Plaintiffs did not have any preexisting medical conditions related to the injuries they sustained as a result of the subject incident.

### Driver's License

77. Your driver's license was suspended at the time of the subject incident.

78. Your driver's license was revoked at the time of the subject incident.

79. You gave a written statement to the police officer who investigated the subject incident.

### Video Surveillance

80. At the time of the subject incident, the vehicle you were driving was equipped with a camera that was capable of recording the subject incident.

81. At the time of the subject incident, the vehicle you were driving was equipped with a camera that was capable of recording what you were doing at the time of the subject incident.

82. A video of the subject incident exists.

83. A video of the subject incident used to exist.

### Insurance

84. You have automobile insurance that personally protects you from liability for your acts and omissions during the subject incident.

### Damages

85. Plaintiffs are entitled to recover compensatory damages from this defendant.

### Finality in Discovery

86. You are withholding documents or information responsive to Plaintiffs' discovery requests.

87. You have not produced all documents in your possession, custody, or control that are

responsive to Plaintiffs' requests for production.

88. You have not disclosed all information responsive to Plaintiffs' interrogatories.

89. You are withholding documents or information responsive to Plaintiffs' discovery requests.

90. All documents responsive to Plaintiffs' discovery requests that you are withholding have been identified on a privilege log.

91. You have completed a search for all information and documents responsive to Plaintiffs' discovery requests.

92. You answered Plaintiffs' interrogatories under oath.

93. Your answers to Plaintiffs' interrogatories are true and correct.

This 2nd day of June, 2023.

Respectfully submitted,

LITNER + DEGANIAN, P.C.

DAVID T. ROHWEDDER
GA Bar No. 104056

1776 Briarcliff Road NE
Atlanta, Georgia 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com
*Attorney for Plaintiffs*

**STATE OF GEORGIA**
**COUNTY OF GWINNETT**

## AFFIDAVIT OF COMPLIANCE FOR NON-RESIDENT MOTORIST STATUTE SERVICE

I, David T. Rohwedder, the undersigned, am the attorney who represents the Plaintiff(s) in the following case: *T'Yaunah Larkins-Simmons, et al. v. Gill Logistics, Inc., et al.*, In the State Court of Gwinnett County, Georgia, Civil Action File No. 23-C-03780-S3.

I do hereby certify that on June 5, 2023, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail, notice of service of the above case along with a copy of the Complaint and Summons and process and Plaintiff's First Interrogatories, Requests for Production of Documents, and Requests for Admissions to the Defendant Harvinder Singh at the following address:

Harvinder Singh
1709 N. State St.
Fresno, CA 93722-8680

I further certify that I shall file with the appropriate Court appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant the by the Plaintiff, and (2) this Plaintiff affidavit of Compliance.

Respectfully submitted,

David T. Rohwedder
Georgia Bar No. 104056
Attorney for Plaintiffs

LITNER + DEGANIAN, P.C.
1776 Briarcliff Road NE
Atlanta, Georgia 30306
david@litnerlaw.com
Office: 678.705.6270
Fax: 678.809.1775

Page 1 of 2

Sworn to and subscribed before me this $\underline{5}$ day of $\underline{June}$ , 2023.

_____
Notary of Public
My commission expires: _____

JOHNNY BUD
Notary Public, Georgia
Gwinnett County
My Commission Expires
08/04/2016

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**
**6/21/2023 6:22 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **T'YAUNAH LARKINS-SIMMONS, AND DAWSON BROWN** | Case No.:    **23-C-03780-S3** |
| Plaintiff/Petitioner | |
| vs. | |
| **GILL LOGISTICS, INC., ABC CORPORATIONS 1-5, AND HARVINDER SINGH** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; SUMMONS; COMPLAINT; PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT GILL LOGISTICS, INC.** |

Received by **Kitty Estes**, on the **6th day of June, 2023 at 11:09 AM** to be served upon **Gill Logistics, Inc. c/o c/o Parminder S. Gill, REGISTERED AGENT** at 4204 Martha Avenue, Sachse, Dallas County, TX 75048.
On the **9th day of June, 2023 at 8:12 PM**, I, **Kitty Estes, SERVED Gill Logistics, Inc. c/o c/o Parminder S. Gill, REGISTERED AGENT** at 4204 Martha Avenue, Sachse, Dallas County, TX 75048 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **c/o Parminder S. Gill, REGISTERED AGENT**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to c/o Parminder S. Gill, REGISTERED AGENT with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Middle Eastern male contact 35-45 years of age, 5'10"-6'0" tall and weighing 160-180 lbs with a beard and an accent.  Our subject answered the door. He said he tried to call me, but I didn't answer, he kindly accepted documents.**

Service Fee Total: **$150.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Kitty Estes_ _____ PSC-19289 _6-14-2023_
Kitty Estes                    Server ID #              Date

Notary Public: Subscribed and sworn before me on this _14_ day of _June_ in the year of 20_23_
Personally known to me _____ or _____ identified by the following document:

_Grant Spicer_
Notary Public (Legal Signature)

GRANT SPICER
Notary Public, State of Texas
Comm. Expires 10-17-2026
Notary ID 134018481

REF: **REF-12924538**

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**
**6/28/2023 3:45 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      **Plaintiffs,**

v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      **Defendants.**

**CIVIL ACTION FILE NO.:**
**23-C-03780-S3**

### CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing *United Services Automobile Association's First Interrogatories to Plaintiff T'Yaunah Larkins-Simmons, United Services Automobile Association's First Request for Production of Documents to Plaintiff T'Yaunah Larkins-Simmons, United Services Automobile Association's First Interrogatories to Plaintiff Dawson Brown* and *United Services Automobile Association's First Request for Production of Documents to Plaintiff Dawson Brown* via STATUTORY ELECTRONIC SERVICE upon:

David Rohwedder, Esq.
LITNER AND DEGANIAN PC
1776 Briarcliff Road NE
Atlanta, Georgia 30306
dave@litnerlaw.com

This 28th day of June, 2023.

      **LAW OFFICES OF KELLY GOODWIN**

By: _____
      Dexter Youmans, Esquire
      Georgia Bar No. 912317
      Phone: 404-868-8226
      Email: dexter.youmans@usaa.com
      Attorney for Unnamed Uninsured Motorist
      Carrier

5 Concourse Parkway, Suite 2440
Atlanta, GA 30328

1

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03780-S3**

**6/28/2023 3:45 PM**

TIANA P. GARNER, CLERK

**TO:**        **All Judges, Clerk of Court, and Counsel of Record**

**FROM:**    **Dexter Youmans, Esquire**

**RE:**        **Notice of Leave of Absence ; CAFN: 23-C-03780-S3**

**DATE:**    **June 28, 2023**

---

COMES NOW **DEXTER YOUMANS** and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.      The periods of leave during which time Applicant will be away from the practice of law are as follows:

- **July 10, 24, 2023**
- **August 7, 21, 2023**
- **September 4 - 6, 18, 2023**
- **October 2, 9 - 11, 16, 30, 2023**
- **November 13, 27, 2023**
- **December 5, 11, 18–22, 26-29, 2023**

2.      The purpose of the leave is for family vacation and continuing legal education.

3.      All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object. If no objections are filed, the Leave shall be granted.

                              **LAW OFFICES OF KELLY GOODWIN**

By: _____
                Dexter Youmans, Esquire
                Georgia Bar No. 912317
                Phone: 404-868-8226
                Email: dexter.youmans@usaa.com
                Attorney for Unnamed Uninsured Motorist
                Carrier

5 Concourse Parkway
Suite 2440
Atlanta, GA 30328

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing *Notice of Leave of Absence* upon all Judges, clerks, and opposing counsel listed on the attached Exhibit "A," by filing the same with this court through the designated electronic filing system which will automatically send notification of such filing to the parties / counsel of record.

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____

Dexter Youmans, Esquire
Georgia Bar No. 912317
Phone: 404-868-8226
Email: dexter.youmans@usaa.com
Attorney for Unnamed Uninsured Motorist
Carrier

5 Concourse Parkway
Suite 2440
Atlanta, GA 30328

### EXHIBIT "A"

*Leave of Absence of Dexter Youmans, Esq.*

| NAME OF CASE CASE NUMBER | NAME OF JUDGE COUNTY/COURT | COUNSEL / PARTIES |
|---|---|---|
| ***T'Yaunah Larkins-Simmons, and Dawson Brown***<br><br>*v.*<br><br>***Gill Logistics, Inc., ABC Corporations 1-5, and Harvinder Singh***<br><br>**CAFN: 23-C-03780-S3** | Hon. Carla Brown<br>Gwinnett State Court | David Rohwedder, Esq.<br>LITNER AND DEGANIAN PC<br>1776 Briarcliff Road NE<br>Atlanta, Georgia 30306<br>dave@litnerlaw.com<br><br>Harvinder Singh<br>1709 N. State Street<br>Fresno, CA 93722-8680<br><br>Gill Logistics, Inc.<br>*c/o Registered Agent*<br>Parminder S. Gill<br>4204 Martha Avenue<br>Sachse, Texas 75048 |

FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/28/2023 3:45 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

     **Plaintiffs,**

v.

**GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,**

     **Defendants.**

**CIVIL ACTION FILE NO.:
23-C-03780-S3**

## DEMAND FOR TRIAL BY TWELVE PERSON JURY

**COMES NOW** Defendant, **UNITED SERVICES AUTOMOBILE ASSOCIATION**,

and demands a trial by twelve jurors on all issues so triable.

This 28th day of June, 2023.

     **LAW OFFICES OF KELLY GOODWIN**

By: _____

     Dexter Youmans, Esquire
     Georgia Bar No. 912317
     Phone: 404-868-8226
     Email: dexter.youmans@usaa.com
     Attorney for Unnamed Uninsured Motorist
     Carrier

5 Concourse Parkway
Suite 2440
Atlanta, GA 30328

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,**

     **Plaintiffs,**

**v.**

**GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,**

     **Defendants.**

**CIVIL ACTION FILE NO.:
23-C-03780-S3**

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing **DEMAND FOR TRIAL BY TWELVE PERSON JURY** by first-class mail and by electronic filing utilizing the Court's e-filing system which will automatically send notification of such filing by electronic mail to the following:

David Rohwedder, Esq.
LITNER AND DEGANIAN PC
1776 Briarcliff Road NE
Atlanta, Georgia 30306
dave@litnerlaw.com

Gill Logistics, Inc.
*c/o Registered Agent,* Parminder S. Gill
4204 Martha Avenue
Sachse, Texas 75048

Harvinder Singh
1709 N. State Street
Fresno, CA 93722-8680

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____
    Dexter Youmans, Esquire
    Georgia Bar No. 912317
    Phone: 404-868-8226
    Email: dexter.youmans@usaa.com
    Attorney for Unnamed Uninsured Motorist
    Carrier

5 Concourse Parkway, Suite 2440
Atlanta, GA 30328

FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/28/2023 3:45 PM**
**TIANA P. GARNER, CLERK**

| | |
|---|---|
| **TO:** | **All Judges, Clerk of Court, and Counsel of Record** |
| **FROM:** | **Dexter Youmans, Esquire** |
| **RE:** | **Notice of Leave of Absence ; CAFN: 23-C-03780-S3** |
| **DATE:** | **June 28, 2023** |

COMES NOW **DEXTER YOUMANS** and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.    The periods of leave during which time Applicant will be away from the practice of law are as follows:

- **July 10, 24, 2023**
- **August 7, 21, 2023**
- **September 4 - 6, 18, 2023**
- **October 2, 9 - 11, 16, 30, 2023**
- **November 13, 27, 2023**
- **December 5, 11, 18–22, 26-29, 2023**

2.    The purpose of the leave is for family vacation and continuing legal education.

3.    All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object. If no objections are filed, the Leave shall be granted.

**LAW OFFICES OF KELLY GOODWIN**

By: _____

Dexter Youmans, Esquire
Georgia Bar No. 912317
Phone: 404-868-8226
Email: dexter.youmans@usaa.com
Attorney for Unnamed Uninsured Motorist
Carrier

5 Concourse Parkway
Suite 2440
Atlanta, GA 30328

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Notice of Leave of Absence* upon all Judges, clerks, and opposing counsel listed on the attached Exhibit "A," by filing the same with this court through the designated electronic filing system which will automatically send notification of such filing to the parties / counsel of record.

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____

    Dexter Youmans, Esquire
    Georgia Bar No. 912317
    Phone: 404-868-8226
    Email: dexter.youmans@usaa.com
    Attorney for Unnamed Uninsured Motorist
    Carrier

5 Concourse Parkway
Suite 2440
Atlanta, GA 30328

## EXHIBIT "A"

*Leave of Absence of Dexter Youmans, Esq.*

| NAME OF CASE<br>CASE NUMBER | NAME OF JUDGE<br>COUNTY/COURT | COUNSEL / PARTIES |
|---|---|---|
| *T'Yaunah Larkins-Simmons, and Dawson Brown*<br><br>*v.*<br><br>*Gill Logistics, Inc., ABC Corporations 1-5, and Harvinder Singh*<br><br>**CAFN: 23-C-03780-S3** | Hon. Carla Brown<br>Gwinnett State Court | David Rohwedder, Esq.<br>LITNER AND DEGANIAN PC<br>1776 Briarcliff Road NE<br>Atlanta, Georgia 30306<br>dave@litnerlaw.com<br><br>Harvinder Singh<br>1709 N. State Street<br>Fresno, CA 93722-8680<br><br>Gill Logistics, Inc.<br>*c/o Registered Agent*<br>Parminder S. Gill<br>4204 Martha Avenue<br>Sachse, Texas 75048 |

3

FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/28/2023 3:45 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      **Plaintiffs,**

v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      **Defendants.**

**CIVIL ACTION FILE NO.:**
23-C-03780-S3

### CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing *United Services Automobile Association's First Interrogatories to Plaintiff T'Yaunah Larkins-Simmons, United Services Automobile Association's First Request for Production of Documents to Plaintiff T'Yaunah Larkins-Simmons, United Services Automobile Association's First Interrogatories to Plaintiff Dawson Brown* and *United Services Automobile Association's First Request for Production of Documents to Plaintiff Dawson Brown* via STATUTORY ELECTRONIC SERVICE upon:

David Rohwedder, Esq.
LITNER AND DEGANIAN PC
1776 Briarcliff Road NE
Atlanta, Georgia 30306
dave@litnerlaw.com

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____
Dexter Youmans, Esquire
Georgia Bar No. 912317
Phone: 404-868-8226
Email: dexter.youmans@usaa.com
Attorney for Unnamed Uninsured Motorist
Carrier

5 Concourse Parkway, Suite 2440
Atlanta, GA 30328

1

FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03780-S3**
**6/28/2023 3:45 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,

      Plaintiffs,

  v.

GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,

      Defendants.

CIVIL ACTION FILE NO.:
23-C-03780-S3

## ANSWER AND CROSS-CLAIM OF UNITED SERVICES AUTOMOBILE ASSOCIATION

**COMES NOW, UNITED SERVICES AUTOMOBILE ASSOCIATION** (USAA), as Uninsured Motorist Carrier of the Plaintiffs, **T'YAUNAH LARKINS-SIMMONS** and **DAWSON BROWN**, and makes its answer by respectfully showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to USAA.

### SECOND DEFENSE

USAA shows that, to the best of its knowledge and belief, the named Defendants herein was in fact insured by applicable automobile liability insurance at the time of the incident forming the basis of the Complaint. Under these circumstances, the Plaintiffs are barred from any recovery whatsoever against USAA pursuant to the provisions of O.C.G.A. § 33-7-11.

### THIRD DEFENSE

USAA shows that, to the extent the liability coverage available to the named Defendants are equal to or exceeds any coverage claimed by Plaintiffs through USAA, Plaintiffs are barred from any recovery whatsoever against USAA.

**FOURTH DEFENSE**

USAA denies that the named Defendants are "uninsured motorists" within the meaning of applicable Georgia law, and on account thereof the Plaintiffs are barred from any recovery whatsoever against USAA.

**FIFTH DEFENSE**

The Plaintiffs are barred from pleading or recovering any amount of economic loss for which benefits are available pursuant to the medical payments coverage provided to Plaintiffs under the terms of the automobile policy at issue herein provided by USAA.

**SIXTH DEFENSE**

The Plaintiffs are barred from pleading or recovering any amount of economic loss for which benefits for medical bills or wage loss have been paid either to Plaintiffs or on behalf of Plaintiffs under the terms and provisions of any worker's compensation law.

**SEVENTH DEFENSE**

Further answering the allegations of the Plaintiffs' Complaint, USAA shows:

1.      For lack of specific information upon which to base a belief as to the truth of any of the specific allegations of the Complaint, USAA can neither admit nor deny any of the allegations of the Complaint.

2.      USAA denies being indebted in any sum whatsoever to the Plaintiffs.

**CROSSCLAIM OF UNITED SERVICES AUTOMOBILE ASSOCIATION**

1.      Defendant, GILL LOGISTICS, INC. is subject to the jurisdiction of this Court.

2.      Defendant, GILL LOGISTICS, INC. is liable over to USAA for any and all sums USAA may be required to pay under any uninsured motorist coverage to Plaintiffs, by judgment, settlement or otherwise.

3.      Defendant, ABC CORPORATIONS 1-5 is subject to the jurisdiction of this Court.

4.      Defendant, ABC CORPORATIONS 1-5 is liable over to USAA for any and all sums USAA may be required to pay under any uninsured motorist coverage to Plaintiffs, by judgment, settlement or otherwise.

5.      Defendant, HARVINDER SINGH is subject to the jurisdiction of this Court.

6.      Defendant, HARVINDER SINGH is liable over to USAA for any and all sums USAA may be required to pay under any uninsured motorist coverage to Plaintiffs, by judgment, settlement or otherwise.

**WHEREFORE**, having answered the allegations of the Plaintiffs' Complaint, USAA prays that it be dismissed with its costs, that the Plaintiffs take nothing, and for judgment over and against Defendants GILL LOGISTICS, ABC CORPORATIONS 1-5, and HARVINDER SINGH, for any and all sums USAA is required to pay herein.

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____
        Dexter Youmans, Esquire
        Georgia Bar No. 912317
        Phone: 404-868-8226
        Email: dexter.youmans@usaa.com
        Attorney for Unnamed Uninsured Motorist
        Carrier

5 Concourse Pkwy
Suite 2440
Atlanta, GA 30328

3

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

**T'YAUNAH LARKINS-SIMMONS, and
DAWSON BROWN,**

      Plaintiffs,

**v.**

**GILL LOGISTICS, INC., ABC
CORPORATIONS 1-5, and HARVINDER
SINGH,**

      Defendants.

**CIVIL ACTION FILE NO.:
23-C-03780-S3**

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing **ANSWER AND CROSS-CLAIM OF UNITED SERVICES AUTOMOBILE ASSOCIATION** by first-class mail and by filing the same with this court through the designated electronic filing system which will automatically send notification of such filing by electronic mail to the following:

David Rohwedder, Esq.
LITNER AND DEGANIAN PC
1776 Briarcliff Road NE
Atlanta, Georgia 30306
dave@litnerlaw.com

Harvinder Singh
1709 N. State Street
Fresno, CA 93722-8680

Gill Logistics, Inc.
*c/o Registered Agent,* Parminder S. Gill
4204 Martha Avenue
Sachse, Texas 75048

This 28th day of June, 2023.

**LAW OFFICES OF KELLY GOODWIN**

By: _____
    Dexter Youmans, Esquire
    Georgia Bar No. 912317
    Phone: 404-868-8226
    Email: dexter.youmans@usaa.com
    Attorney for Unnamed Uninsured Motorist
    Carrier

5 Concourse Parkway, Suite 2440
Atlanta, GA 30328