**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN HAWKINS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| JUAN RAFAEL SANTOS, ATC | * | |
| TRANSPORT SERVICE, INC., | * | |
| DISPATCHERS OTR, LLC, and | * | |
| TRISURA SPECIALTY | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendants. | * | |
| | * | |

(IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA,
CIVIL ACTION FILE NO. 23-C-03676-S7)

## NOTICE OF REMOVAL

COMES NOW, TRISURA SPECIALTY INSURANCE COMPANY ("Trisura"), a named Defendant in the above-styled civil action, and, through its undersigned counsel, petitions for removal of a civil action from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

On May 28, 2023, Plaintiff filed a civil action in the State Court of Gwinnett County, styled *Jonathan Hawkins v. Juan Rafael Santos, ATC Transport Service, Inc, Dispatchers OTR, LLC, and Trisura Specialty Insurance Company,* Civil Action File No. 23-C-03676-S7.  Defendant Trisura was served on June 6, 2023. Attached hereto as Exhibit A are copies of the General Civil Case Filing Form dated May 28, 2023, the Complaint for Damages dated May 28, 2023, the Summons to Trisura Specialty Insurance Company dated May 28, 2023, the Summons to Juan Rafael Santos dated May 28, 2023, the Summons to Defendant Dispatchers OTR, LLC dated May 28, 2023, the Summons to Defendant ATC Transport, Inc. dated May 28, 2023, the Summons to UM/UIM Carrier National General Insurance Company dated May 28, 2023, the Rule 5.2 Certificate of Service of Discovery Materials dated June 3, 2023, the Affidavit of Service on National General Insurance Company[1] dated June 12, 2023, the Affidavit of Service on Trisura Specialty Insurance Company dated June 12, 2023, the Answer of National General Insurance Company dated July 6, 2023, the Certificate of Service of Discovery Material dated July 6, 2023, and Defendant Trisura Specialty

---

[1] Based upon the police report for the incident at issue in Plaintiff's Complaint, National General Insurance Company appears to be a UM/UIM carrier however, Defendant Trisura has no other information about this entity.

Insurance Company's Answer to Plaintiff's Complaint for Damages dated July 6, 2023 which currently constitutes the entirety of the pleadings in this case.

Defendants are also filing a Notice of Filing of the Notice of Removal with the State Court of Gwinnett County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

2.

According to the Complaint, this lawsuit arose out of a motor vehicle collision which occurred on or about September 6, 2021 in McIntosh County, Georgia and the subject incident involved Plaintiff Jonathan Hawkins and Defendant Juan Rafael Santos. Santos was driving a tractor-trailer believed to be owned by Defendant ATC Transport Service, Inc. and/or Dispatchers OTR, LLC and is alleged to be insured by Defendant Trisura.

3.

Plaintiffs allege that Defendant Santos is liable for damages due to operating an unsafe vehicle with visible emissions, failing to ensure that his vehicle was in a safe operating condition, failing to inspect his vehicle, failing to submit an inspection report, failing to declare his vehicle "out of service", failing to repair and maintain his vehicle, operating his vehicle in such a condition as to likely cause an accident, failing to use reasonable care in operating a commercial motor

vehicle, failing to abide by the basic rules of the road, driving a commercial motor vehicle in reckless disregard for the safety of others, failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses, failing to operate a tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry, violating state trucking regulations and Federal Motor Carrier Safety Regulations, and otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances. (Plaintiff's Complaint, ¶¶ 24, 36). Plaintiff further alleges that Defendants ATC Transport and Dispatchers OTR are liable for the acts and omissions of Defendant Santos under the doctrine of *respondeat superior* and through negligently allowing Santos to operate his vehicle in a condition likely to cause an accident; failing to systematically inspect, repair, and maintain Santos' vehicle; failing to perform an inspection of Santos' vehicle; failing to declare Santos' vehicle as "out of service;" negligently hiring or contracting with Santos; negligently failing to qualify Santos as a commercial driver; negligent training of Santos; negligent supervision of Santos; negligent entrustment of Santos; negligent retention of Santos; failing to conduct proper background checks of Santos; failing to determine Santos' fitness to operate a commercial motor vehicle; negligently contracting with an unfit and unsafe motor carrier; negligently selecting a motor

carrier to ship goods or property via interstate commerce; otherwise violating state laws and federal regulations governing trucking companies; and failing to act as a reasonably prudent company under the circumstances. (Plaintiff's Complaint, ¶¶ 52, 67). Plaintiff further alleges a claim against Defendant Trisura under Georgia's Direst Action Statute.  (Plaintiff's Complaint ¶ 75).  Plaintiff also further alleges that all Defendants' negligence proximately caused injuries to Plaintiff, which have caused him to be seriously injured and endure physical and mental pain and suffering.  (Plaintiff's Complaint, ¶¶ 82, 83).

4.

In his Complaint, Plaintiff contends that the venue in the pending State Court action is proper against Defendants. (Plaintiff's Complaint, ¶¶ 3-5, 7). Defendant Trisura recognizes that Gwinnett County is located within the Northern District of Georgia, Atlanta Division. Therefore, pursuant to 28 U.S.C.A. § 1446(a), the Northern District of Georgia, Atlanta Division, is the correct Court for Defendants to file this Notice of Removal.

5.

Plaintiff's Complaint alleges that Defendant ATC Transport Service, Inc. is an interstate carrier which is organized under the laws of the State of Florida and

having its principal place of business in the State of Florida; Defendant ATC is a citizen of the State of Florida.  (Plaintiff's Complaint, ¶ 4).

6.

Plaintiff's Complaint alleges that Defendant Dispatchers OTR, LLC is an interstate carrier which is organized under the laws of the State of Florida and having its principal place of business in the State of Florida.   (Plaintiff's Complaint, ¶ 5).

7.

Additionally, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Upon information and belief, Defendant OTR's sole known member is a citizen of the State of Florida.

8.

Plaintiff's Complaint alleges that Defendant Santos is a natural person who is a citizen of the State of Florida.  (Plaintiff's Complaint, ¶ 3).

9.

Defendant Trisura is organized under the laws of the State of Oklahoma and having its principal place of business in the State of Oklahoma; Defendant Trisura is a citizen of the State of Oklahoma.

10.

Plaintiff states that he is a resident and citizen of the State of North Carolina in his Amended Complaint. (Plaintiff's Complaint, ¶ 2).

11.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C.A. § 1332.

12.

In the Complaint filed on May 28, 2023, Plaintiff alleges past medical special damages in the total amount of $329,359.03. (Plaintiff's Complaint, ¶ 80). The Complaint also alleges past and future lost income and future medical special damages in an amount to be determined, punitive damages, and attorney's fees. (Plaintiff's Complaint, ¶¶ 79, 80, 89).

13.

Accordingly, assuming Plaintiff will prevail on each of his claims set forth in his complaint, which Defendant Trisura specifically denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

14.

Therefore, it is Defendant Trisura's position that amount of medical special damages alleged by Plaintiff places the amount in controversy over the $75,000 threshold for diversity jurisdiction.

15.

Accordingly, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff is a North Carolina citizen; (b) Santos is a citizen of Florida; (c) ATC Transport is a citizen of Florida; (d) Dispatchers OTR is a citizen of Florida; (e) Trisura is a citizen of Oklahoma; and (e) the matter in controversy, exclusive of interest and costs, exceeds $75,000.

16.

By making this petition for removal, Defendant Trisura specifically states that it is not waiving any available defenses to Plaintiff's claims. Additionally, Defendant Trisura specifically states that by making this petition for removal,

Defendant Trisura is not admitting to any of the allegations made in Plaintiff's Complaint.

17.

WHEREFORE, Defendant Trisura prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Gwinnett County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined that it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 6th day of July, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
vegab@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Brenna Vega
Georgia No. 915946

*Attorneys for Defendant Trisura*
*Specialty Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN HAWKINS | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| JUAN RAFAEL SANTOS, ATC | * | |
| TRANSPORT SERVICE, INC., | * | |
| DISPATCHERS OTR, LLC, and | * | |
| TRISURA SPECIALTY | * | |
| INSURANCE COMPANY | * | |
| | * | |
|    Defendants. | * | |
| | * | |

**CERTIFICATE OF SERVICE AND COMPLIANCE
WITH LOCAL RULE 5.1(B)**

I HEREBY CERTIFY that I have this day filed **NOTICE OF REMOVAL**

with the Clerk of Court, using the CM/ECF system and served a copy of the

foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid,

addressed as follows:

Shuli L. Green
Shuli Green Injury Law
1201 Peachtree Street NE, Suite 2000
Atlanta, GA  30361
shuli@shuligreeninjurylaw.com

Wesley E. Childs
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
wchilds@chrkglaw.com

I further certify that the foregoing has been prepared with Times New

Roman, 14 point, in compliance with L.R. 5.1(b).

This 6th day of July, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE             Jennifer E. Parrott
Suite 3500                           Georgia Bar No. 080180
Atlanta, Georgia 30308               Brenna Vega
Tel: (404) 885-1400                  Georgia Bar No. 915946
Fax: (404) 876-0992
parrottj@deflaw.com                  *Attorneys for Defendant Trisura*
vegab@deflaw.com                     *Specialty Insurance Company*

13444887v1
28765-233515

# EXHIBIT A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**
**5/28/2023 2:17 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett State Court _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-03676-S7 |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Hawkins, Jonathan | Santos, Juan R |
| Last       First       Middle I.    Suffix    Prefix | Last       First       Middle I.    Suffix    Prefix |
| | ATC Transport Service, Inc. |
| Last       First       Middle I.    Suffix    Prefix | Last       First       Middle I.    Suffix    Prefix |
| | Dispatchers OTR, LLC |
| Last       First       Middle I.    Suffix    Prefix | Last       First       Middle I.    Suffix    Prefix |
| | Trisura Specialty Insurance Company |
| Last       First       Middle I.    Suffix    Prefix | Last       First       Middle I.    Suffix    Prefix |

**Plaintiff's Attorney** Shuli L Green _____   **State Bar Number** 297460 _____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**

**5/28/2023 2:17 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

JONATHAN HAWKINS,

        Plaintiff,

v.

JUAN RAFAEL SANTOS, ATC
TRANSPORT SERVICE, INC.,
DISPATCHERS OTR, LLC and TRISURA
SPECIALTY INSURANCE COMPANY,

        Defendants.

**·JURY TRIAL DEMANDED**

CIVIL ACTION FILE
23-C-03676-S7
NO._____

---

## COMPLAINT FOR DAMAGES

---

COMES NOW the Plaintiff, JONATHAN HAWKINS, by and through counsel, and files this Complaint for Damages against the above captioned Defendants, showing this Honorable Court as follows:

### NATURE OF ACTION

1.

This is an action for personal injury and damages arising out of a motor vehicle collision that occurred on September 6, 2021 (the "Subject Collision"). The Subject Collision took place on Interstate 95 in McIntosh County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

At the time of the Subject Collision, Plaintiff JONATHAN HAWKINS ("HAWKINS") was a resident and citizen of the State of North Carolina.

3.

Defendant JUAN RAFAEL SANTOS ("SANTOS") was the driver of a tractor-trailer involved in the Subject Collision. He is a citizen of the State of Florida and resides in Miami-Dade County, Florida. Defendant SANTOS may be served with process at 3375 SW 1ST Street, Miami, Florida 33135. Once served with process as described herein, Defendant SANTOS will be subject to the jurisdiction and venue of this Court.

4.

Defendant ATC TRANSPORT SERVICE, INC. ("ATC Transport") is an interstate motor carrier based in Florida and registered with the U.S. Department of Transportation under D.O.T. Number 3570094. Defendant ATC Transport is a Florida corporation with its principal office located in Miami, Florida and may be served with legal process through its registered agent for service at 5643 NW 74th Ave, Miami, Florida 33166. Once served with process as described herein, Defendant ATC Transport will be subject to the jurisdiction and venue of this Court.

5.

Defendant DISPATCHERS OTR, LLC ("Dispatchers OTR") is an interstate motor carrier based in Florida and registered with the U.S. Department of Transportation under D.O.T. Number 3570094 and MC Number 1202280. Defendant Dispatchers OTR is a Florida limited liability company with its principal office located in Florida and may be served with legal process through its registered agent for service, Efrain Santana, Sr., 777 Davie Road, Extension 201 A, Hollywood, Florida 33024. Once served with process as described herein, Defendant Dispatchers OTR will be subject to the jurisdiction and venue of this Court.

6.

Defendant TRISURA SPECIALTY INSURANCE COMPANY ("Trisura Specialty") is a foreign corporation that provided liability insurance to Defendants Santos, ATC Transport and Dispatchers OTR on the tractor-trailer unit that was involved in the Subject Collision under Policy Number FOP-10976-2021.

7.

Defendant Trisura Specialty is authorized to conduct business in the State of Georgia and may be served pursuant to O.C.G.A. §§ 14-2-1510 and/or 33-4-3 with a copy of the Complaint for Damages and Summons on its registered agent for service, J. Patrick O'Brien, c/o Corporation Service Company, 40 Technology Parkway South, Ste. 300, Norcross, Gwinnett County, Georgia 30092.

8.

Defendant Trisura Specialty is subject to the jurisdiction of this Court as the insurer of the motor carrier that was operating the tractor-trailer unit in Georgia pursuant to O.C.G.A. § 40-1-112 and other applicable Georgia law.

9.

Defendant Trisura Specialty was transacting business in the State of Georgia and in Gwinnett County, Georgia at the time of the Subject Collision, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1 and other applicable Georgia law.

10.

Defendant Dispatchers OTR is the named insured on Policy Number FOP-10976-2021 issued by Trisura Specialty.

3

11.

At all times relevant to this action, Defendants ATC Transport and Dispatchers OTR acted either as motor contract carriers of property through the State of Georgia or as motor common carriers of property through the State of Georgia pursuant to one or more permits to operate as a motor carrier issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

12.

Upon information and belief, at all times relevant to this action, Defendant Dispatchers OTR was doing business as, or was operating under the name of Defendant ATC Transport.

13.

Upon information and belief, at all times relevant to this action, Defendant Dispatchers OTR was involved in a joint venture and/or joint enterprise with Defendant ATC Transport.

14.

Upon information and belief, at all times relevant to this action, Defendant Dispatchers OTR was contractually linked with Defendant ATC Transport pursuant to a lease agreement for trucking equipment and/or transportation services.

### GENERAL FACTS

15.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

16.

On September 6, 2021, Plaintiff was the restrained driver of a 2004 Ford F250

4

traveling southbound on Interstate 95. At the same time, Defendant Santos was traveling southbound on Interstate 95 operating a 2014 INTI tractor-trailer while under dispatch for ATC Transport and/or Dispatchers OTR.

17.

At all relevant times, the tractor-trailer Defendant Santos was operating was owned and maintained by ATC Transport and/or Dispatchers OTR.

18.

Plaintiff was unable to see Defendant Santos' tractor trailer due to a heavy volume of black smoke it was producing and attempted to veer to avoid hitting the rear of Defendant Santos' vehicle. Plaintiff was unable to stop in time and struck the rear of Defendant Santos' front passenger side of his tractor.

19.

Defendant Santos' tractor had been producing heavy volumes of black smoke for several hours prior to the subject collision.

20.

At least two hours before to the subject collision, Georgia State Patrol officer Deputy Rowe spoke to Defendant Santos at the southbound weight scale. According to the police report, Deputy Rowe observed Defendant Santos' tractor producing heavy black smoke and noted that a tow truck was on the scene to tow the vehicle due to engine problems.

21.

According to the police report, Deputy Rowe received several calls from his dispatch reporting the heavy black smoke being emitted from Defendant Santos' vehicle.

5

22.

Defendant Santos advised Deputy Rowe that he would have the tractor towed to a repair facility.

23.

Despite telling Deputy Rowe that he planned to have the tractor towed, Defendant Santos proceeded to drive the tractor-trailer on the interstate, knowingly and willfully endangering the lives of others, including Plaintiff.

24.

Defendant Santos was negligent for driving an unsafe vehicle with visible emissions on a public road, in violation of O.C.G.A. § 40-8-181, which constitutes negligence *per se*.

25.

Defendant Santos' negligence proximately caused the subject collision and Plaintiff's resulting injuries.

26.

There was nothing Plaintiff could have done to avoid the subject collision.

27.

No act or omission on the part of Plaintiff caused or contributed to the cause of the subject collision.

28.

Plaintiff was severely and permanently injured as a result of the subject collision.

## COUNT I – NEGLIGENCE OF JUAN RAFAEL SANTOS

29.

Plaintiff incorporates herein by reference all preceding paragraphs of this

6

Complaint for Damages as if each were fully set forth in their entirety.

30.

At the time of the subject collision, Defendant Santos was a professional driver and held a Class A Commercial Driver License ("CDL") issued by the State of Florida.

31.

At the time of the subject collision, Defendant Santos was operating a tractor-trailer unit under dispatch for ATC Transport and/or Dispatchers OTR.

32.

On September 6, 2021, Defendant Santos was an employee of ATC Transport and/or Dispatchers OTR.

33.

At all relevant times, Defendant Santos was driving a commercial motor vehicle in interstate commerce and was subject to Georgia traffic laws and trucking safety regulations and to the Federal Motor Carrier Safety Regulations ("FMCSR").

34.

At all relevant times, Defendant Santos was also subject to corporate safety standards and trucking industry standards, the violation of which is evidence of negligence.

35.

At all relevant times, Defendant Santos owed certain duties to members of the public, including Plaintiff.

36.

In addition to those instances of negligence set forth elsewhere herein, Defendant Santos was negligent in the operation of the tractor and trailer he was driving in at least

7

the following specific ways:

    (a)   Failing to ensure that his vehicle was in a safe operating condition;

    (b)   Failing to inspect his vehicle;

    (c)   Failing to submit an inspection report;

    (d)   Failing to declare his vehicle as "out-of-service";

    (e)   Failing to repair and maintain his vehicle;

    (f)   Operating his vehicle in such a condition as to likely cause an accident;

    (g)   Failing to use reasonable care in operating a commercial motor vehicle;

    (h)   Failing to abide by the basic rules of the road;

    (i)   Driving a commercial motor vehicle in reckless disregard for the safety of others;

    (j)   Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

    (k)   Failing to operate a tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

    (l)   Violating state trucking regulations and Federal Motor Carrier Safety Regulations; and

    (m)  Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

37.

Defendant Santos was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a commercial motor vehicle, including, but not limited to:

    (a)   Failing to abide by basic rules of the road, O.C.G.A. § 40-6-180;

8

(b)     Failing to exercise due care, O.C.G.A. § 40-6-241;

(c)     Operating a vehicle with visible emissions on a public road, O.C.G.A. § 40-8-181;

(d)     Violating Federal Motor Carrier Safety Regulations, federally and as adopted in Georgia, including, without limitation, 49 CFR § 396; and

(e)     Other failures and violations of the FMCSRs and Georgia laws.

38.

Defendant Santos' negligent conduct proximately caused the subject collision.

39.

By virtue of Defendant Santos' negligent conduct, Plaintiff suffered serious physical and emotional injuries and pain and suffering. Plaintiff also sustained damages for medical expenses and other expenses, lost wages and benefits, and loss of enjoyment of life.

40.

By virtue of Defendant Santos' negligent conduct, Defendant Santos is liable to Plaintiff for all damages allowed under the law and as set forth more fully herein.

## COUNT II – NEGLIGENCE OF ATC TRANSPORT
### (VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE)

41.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

42.

At all times material hereto, Defendant ATC Transport owned the tractor driven by Santos at the time of the subject collision.

9

43.

At all times material hereto, Defendant ATC Transport owned the trailer hauled by Defendant Santos at the time of the subject collision.

44.

At the time of the subject collision, Defendant Santos was an employee or agent of Defendant ATC Transport.

45.

At the time of the subject collision, Defendant Santos was acting within the scope and course of his employment or agency with Defendant ATC Transport.

46.

At the time of the subject collision, Defendant Santos was under lease to Defendant ATC Transport as a commercial motor vehicle driver.

47.

At the time of the subject collision, Defendant Santos was driving a tractor-trailer under dispatch for Defendant ATC Transport.

48.

At the time of the subject collision, Defendant Santos was a permissive user of the tractor-trailer involved in the subject collision.

49.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant ATC Transport is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Santos.

50.

By virtue of imputed liability, Defendant ATC Transport is liable to Plaintiff for all

10

damages allowed under the law and as set forth more fully in the Damages section below.

51.

At all times relevant, Defendant ATC Transport was engaged in a joint venture with Defendant Dispatchers OTR to operate commercial vehicles on the roadway in interstate commerce and is therefore liable for damages caused in this case.

52.

Defendant ATC Transport was also _independently_ negligent in at least the following ways:

    (a)    Negligently allowing Defendant Santos to operate his vehicle in such a condition as to likely cause an accident;

    (b)    Negligently failing to systematically inspect, repair and maintain, or cause to be systematically inspected, repaired and maintained, motor vehicles subject to its control, including Defendant Santos' vehicle;

    (c)    Negligently failing to perform an inspection of Defendant Santos' vehicle;

    (d)    Negligently failing to declare and mark Defendant Santos' vehicle "out-of-service";

    (e)    Negligently hiring or contracting with Defendant Santos to operate the tractor-trailer involved in the subject collision;

    (f)    Negligently failing to properly qualify Defendant Santos as a commercial driver;

    (g)    Negligently training Defendant Santos to inspect and maintain a tractor-trailer;

    (h)    Negligently failing to properly supervise Defendant Santos;

    (i)    Negligently entrusting Defendant Santos to operate a tractor-trailer

11

professionally;

(j)     Negligently retaining Defendant Santos to drive the tractor-trailer involved in the subject collision;

(k)     Negligently failing to conduct proper and required checks on the background of Defendant Santos;

(l)     Negligently failing to exercise ordinary care to determine Defendant Santos' fitness for the task of driving a commercial motor vehicle;

(m)    Negligently contracting with an unfit and unsafe motor carrier without performing adequate due diligence;

(n)     Negligently selecting a motor carrier to ship goods or property via interstate commerce;

(o)     Otherwise violating state laws and federal regulations governing trucking companies; and

(p)     Otherwise failing to act as a reasonably prudent company under the circumstances.

53.

Defendant ATC Transport had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

54.

Defendant ATC Transport's negligence is a proximate cause of the collision that resulted in unnecessary injury to Plaintiff.

55.

By virtue of Defendant ATC Transport's negligent conduct, Defendant ATC

12

Transport is liable to Plaintiff for all damages allowed under the law and as set forth more fully herein.

## COUNT III – NEGLIGENCE OF DISPATCHERS OTR
## (VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE)

### 56.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

### 57.

Defendant Dispatchers OTR owned the tractor driven by Defendant Santos at the time of the subject collision.

### 58.

Defendant Dispatchers OTR owned the trailer hauled by Defendant Santos at the time of the subject collision.

### 59.

At the time of the subject collision, Defendant Santos was an employee or agent of Defendant Dispatchers OTR.

### 60.

At the time of the Subject Collision, Defendant Santos was acting within the scope and course of his employment or agency with Defendant Dispatchers OTR.

### 61.

At the time of the subject collision, Defendant Santos was under lease to Defendant Dispatchers OTR as a commercial motor vehicle driver.

### 62.

At the time of the subject collision, Defendant Santos was driving a tractor-trailer

under dispatch for Defendant Dispatchers OTR.

63.

At the time of the Subject Collision, Defendant Santos was a permissive user of the tractor-trailer involved in the Subject Collision.

64.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Dispatchers OTR is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Santos.

65.

By virtue of imputed liability, Defendant Dispatchers OTR is liable to Plaintiff for all damages allowed under the law and as set forth more fully in the Damages section below.

66.

At all times relevant, Defendant Dispatchers OTR was engaged in a joint venture with Defendant ATC Transport to operate commercial vehicles on the roadway in interstate commerce and is therefore liable for damages caused in this case.

67.

Defendant Dispatchers OTR was also <u>independently</u> negligent in at least the following ways:

(a)    Negligently allowing Defendant Santos to operate his vehicle in such a condition as to likely cause an accident;

(b)    Negligently failing to systematically inspect, repair and maintain, or cause to be systematically inspected, repaired and maintained, motor vehicles subject to its control, including Defendant Santos' vehicle;

14

(c)   Negligently failing to perform an inspection of Defendant Santos' vehicle;

(d)   Negligently failing to declare and mark Defendant Santos' vehicle "out-of-service";

(e)   Negligently hiring or contracting with Defendant Santos to operate the tractor-trailer involved in the subject collision;

(f)   Negligently failing to properly qualify Defendant Santos as a commercial driver;

(g)   Negligently training Defendant Santos to inspect and maintain a tractor-trailer;

(h)   Negligently failing to properly supervise Defendant Santos;

(i)   Negligently entrusting Defendant Santos to operate a tractor-trailer professionally;

(j)   Negligently retaining Defendant Santos to drive the tractor-trailer involved in the subject collision;

(k)   Negligently failing to conduct proper and required checks on the background of Defendant Santos;

(l)   Negligently failing to exercise ordinary care to determine Defendant Santos' fitness for the task of driving a commercial motor vehicle;

(m)   Negligently contracting with an unfit and unsafe motor carrier without performing adequate due diligence;

(n)   Negligently selecting a motor carrier to ship goods or property via interstate commerce;

(o)   Otherwise violating state laws and federal regulations governing trucking companies; and

15

(p)    Otherwise failing to act as a reasonably prudent company under the circumstances.

68.

Defendant Dispatchers OTR had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

69.

Defendant Dispatchers OTR's negligence is a proximate cause of the collision that resulted in unnecessary injury to Plaintiff.

70.

By virtue of Defendant Dispatchers OTR's negligent conduct, Defendant Dispatchers OTR is liable to Plaintiff for all damages allowed under the law and as set forth more fully herein.

## COUNT IV – DIRECT ACTION AGAINST TRISURA SPECIALTY INSURANCE COMPANY

71.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

72.

Defendant Trisura Specialty provided liability insurance on the tractor and trailer unit involved in the subject collision.

73.

Defendant Trisura Specialty agreed to provide insurance coverage to Defendants Santos, ATC Transport and Dispatchers OTR in consideration for the payment of insurance premiums.

16

74.

Defendant Trisura Specialty was transacting business in the State of Georgia on the date of the subject collision, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1 and all other applicable Georgia law.

75.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.  Pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, Defendant Trisura Specialty is subject to this Direct Action.

### COUNT V – DAMAGES

76.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

77.

As a direct result of the subject collision, Plaintiff suffered serious permanent injuries.

78.

The injuries sustained by Plaintiff required, and continue to require, medical care and attention.  Such expenses were incurred for the necessary care and treatment of the injuries to Plaintiff resulting from the subject collision.  The charges for such medical care were and are reasonable, usual, and customary charges made for such services.

79.

At the time of the Subject Collision, Plaintiff was a general contractor.  The injuries he suffered caused him to miss time from work and have greatly diminished his capacity to work and to earn a living.   As a direct result of the injuries that are the subject of this

17

litigation, Plaintiff has lost, and continues to lose, income.

80.

By reason of the foregoing, Plaintiff has been damaged in an amount to be adjudicated by law. This includes, but is not limited to, the following special damages:

| | |
|---|---|
| Wayne Memorial Hospital | $9,251.00 |
| Wayne Emergency Group, LLC | $2,089.00 |
| Atrium Health Primary Care | $2,703.75 |
| Carolinas Physician Network, Inc. | $420.00 |
| Atrium Health Carolinas Medical Center | $237.35 |
| Piedmont Healthcare | $242,070.81 |
| Peachtree Orthopedics | $72,587.12 |
| Apex Orthopedic Spine and Neurology | $TBD |
| Post-Surgery physical therapy | $TBD |
| Lost wages | $TBD |

81.

Plaintiff's injuries continue to cause him significant pain and suffering and impair his ability to perform normal daily functions. These ill effects will continue to affect him in the future.

82.

Each of the Defendants acted in a manner that either alone or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the subject collision and Plaintiff's injuries.

83.

As a direct and proximate result of Defendants' negligence, Plaintiff was seriously injured and continues to endure physical and mental pain and suffering.

84.

Plaintiff is entitled to recovery for all damages he has suffered and will suffer to the full extent allowed under Georgia law, including both economic and non-economic damages.

### COUNT VI – PUNITIVE DAMAGES

85.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

86.

Defendants Santos, ATC Transport and Dispatchers OTR's acts were willful and wanton acts as set forth herein, as well as other acts described herein, demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

87.

Accordingly, Defendants are liable to Plaintiff for punitive damages to punish, penalize, and deter these Defendants from similar conduct in the future.

### DEMAND FOR JURY TRIAL

88.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were fully set forth in their entirety.

89.

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a)     For Summons and Complaint for Damages to issue against the

19

Defendants;

(b)     For general damages to compensate Plaintiff;

(c)     For all special damages in an amount to be proved at trial;

(d)     For all costs of litigation;

(e)     For punitive damages in an amount to be determined by the enlightened conscience of a jury;

(f)     For judgment against the Defendants in an amount to fully compensate Plaintiff for his pain and suffering, past, present and future;

(g)     For judgment against the Defendants in an amount to fully compensate Plaintiff for his mental anguish, past, present and future;

(h)     For all such other economic and non-economic losses as may be shown at the hearing of this matter to the full extent allowed under law;

(i)     That Plaintiff obtains judgment against the Defendants in an amount determined in the minds of a fair and impartial jury;

(j)     That Plaintiff recover his attorneys' fees and expenses;

(k)     That court costs, discretionary costs, and prejudgment interest be awarded to Plaintiff; and

(l)     For all such further and general relief which this Court deems just and proper.

Respectfully submitted, this 28th day of May, 2023.

**SHULI GREEN INJURY LAW**

By: */s/ Shuli Green*
Shuli L. Green
Georgia Bar No. 297460

20

1201 Peachtree Street NE
Suite 2000
Atlanta, Georgia 30361
Phone: (404) 547-1902
Fax: (404) 745-0740
Email: shuli@shuligreeninjurylaw.com

21

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03676-S7**
**5/28/2023 2:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Jonathan Hawkins**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____   23-C-03676-S7

VS.

**Trisura Specialty Ins. Company**

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

  You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shuli Green
Shuli Green Injury Law
1201 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
       30th day of May, 2023

Tiana P. Garner
Clerk of State Court

By_____
               **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**
**5/28/2023 2:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Jonathan Hawkins**

_____

_____                           23-C-03676-S7

_____                   CIVIL ACTION
                                                    NUMBER:_____
                PLAINTIFF

                VS.

**Juan Rafael Santos**

_____

_____

_____

                DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shuli Green
Shuli Green Injury Law
1201 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

                30th day of May, 2023

                                          Tiana P. Garner
                                          **Clerk of State Court**

                                          By_____
                                              **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**

**5/28/2023 2:17 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Jonathan Hawkins**

_____

_____

_____

PLAINTIFF

VS.

**Dispatchers OTR, LLC**

_____

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____

23-C-03676-S7

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shuli Green

Shuli Green Injury Law

1201 Peachtree Street, NE, Suite 2000

Atlanta, Georgia 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20_____.

30th day of May, 2023

Tiana P. Garner
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**

**5/28/2023 2:17 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Jonathan Hawkins**

_____

_____                    23-C-03676-S7

_____                    CIVIL ACTION
                                                           NUMBER:_____

PLAINTIFF

VS.

**ATC Transport Service, Inc.**

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shuli Green
Shuli Green Injury Law
1201 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30361

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**
                30th day of May, 2023

**Tiana P. Garner**
**Clerk of State Court**

**By**_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**
**5/28/2023 2:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Jonathan Hawkins**

_____

_____

_____

PLAINTIFF

VS.

**Uninsured Motorist Carrier**

_____

**National General**

_____

_____

DEFENDANT

23-C-03676-S7

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shuli Green
Shuli Green Injury Law
1201 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

30th day of May, 2023

Tiana P. Garner
**Clerk of State Court**

**By**_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**
**6/3/2023 10:09 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

JONATHAN HAWKINS,

        Plaintiff,

v.

JUAN RAFAEL SANTOS, ATC
TRANSPORT SERVICE, INC.,
DISPATCHERS OTR, LLC and TRISURA
SPECIALTY INSURANCE COMPANY,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION FILE

NO. 23-C-03676-S7

---

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

COMES NOW JONATHAN HAWKINS, Plaintiff in the above-styled action, and, pursuant to Uniform Superior Court Rule 5.2, shows that on this day he caused Defendants to be served with a copy of the following:

1. Plaintiff's First Continuing Interrogatories to Defendant Juan Santos;

2. Plaintiff's First Request for Production of Documents to Defendant Juan Santos;

3. Plaintiff's First Request for Admissions to Defendant Juan Santos;

4. Plaintiff's First Continuing Interrogatories to Defendant ATC Transport Service, Inc.;

5. Plaintiffs First Request for Production of Documents to Defendant ATC Transport Service, Inc.;

6. Plaintiff's First Request for Admissions to Defendant ATC Transport Service, Inc.;

7. Plaintiff's First Continuing Interrogatories to Defendant Dispatchers OTR, LLC;

8. Plaintiff's First Request for Production of Documents to Defendant Dispatchers OTR, LLC;

9. Plaintiff's First Request for Admissions to Defendant Dispatchers OTR, LLC;

10. Plaintiff's First Interrogatories to Defendant Trisura Specialty Insurance Company;

11. Plaintiff's First Request for Production of Documents to Defendant Trisura Specialty Insurance Company;

12. Plaintiff's First Interrogatories to Uninsured Motorist Carrier National General Insurance Company; and

13. Plaintiff's First Request for Production of Documents to Uninsured Motorist Carrier National General Insurance Company.

Respectfully submitted, this 3rd day of June, 2023.

**SHULI GREEN INJURY LAW**

By: _/s/ Shuli Green_
    Shuli L. Green
    Georgia Bar No. 297460

1201 Peachtree Street NE
Suite 2000
Atlanta, Georgia 30361
Phone: (404) 547-1902
Fax: (404) 745-0740
Email: sgreen@atl-lawyers.com

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

JONATHAN HAWKINS,

         Plaintiff,

v.

JUAN RAFAEL SANTOS, ATC
TRANSPORT SERVICE, INC.,
DISPATCHERS OTR, LLC and TRISURA
SPECIALTY INSURANCE COMPANY,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION FILE

NO. 23-C-03676-S7

## RULE 5.2 CERTIFICATE OF SERVICE

    This is to certify that on June 3, 2023 the undersigned delivered for service with the summons the within and foregoing ***Rule 5.2 Certificate of Service of Discovery Materials*** by delivery of same for service with the summons to Defendants.

SHULI GREEN INJURY LAW

By: _/s/ Shuli Green_
    Shuli L. Green
    Georgia Bar No. 297460

1201 Peachtree Street NE
Suite 2000
Atlanta, Georgia 30361
Phone: (404) 547-1902
Fax: (404) 745-0740
Email:_sgreen@atl-lawyers.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03676-S7**
**6/12/2023 11:15 AM**
**TIANA P. GARNER, CLERK**

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-<br>03676-S7 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE<br>OF GEORGIA | County:<br>GWINNETT | Job:<br>8994261 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>JONATHAN HAWKINS | | **Defendant / Respondent:**<br>NATIONAL GENERAL | |
| **Received by:**<br>Southeastern Process Servers | | **For:**<br>Shuli L Green | |
| **To be served upon:**<br>National General | | | |

I, Rochelle Earthrise, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| **Recipient Name / Address:** | National General was Corporate served through their Reg. Agt. Corporation Service Company, Alisha Smith accepted service on their behalf., Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 |
|---|---|
| **Manner of Service:** | Registered Agent, Jun 6, 2023, 2:35 pm EDT |
| **Documents:** | SUMMONS, COMPLAINT FOR DAMAGES, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO UNINSURED MOTORIST CARRIER NATIONAL GENERAL INSURANCE COMPANY, PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT UNINSURED MOTORIST CARRIER NATIONAL GENERAL INSURANCE COMPANY. (Received Jun 3, 2023, at 10:22 am EDT) |

**Additional Comments:**
1) Successful Attempt: Jun 6, 2023, 2:35 pm EDT at Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by National General was Corporate served through their Reg. Agt. Corporation Service Company, Alisha Smith, accepted service on their behalf.. Age: 42; Ethnicity: African American; Gender: Female; Weight: 165; Height: 5'6"; Hair: Black; Relationship: Authorized;
National General was Corporate served through their Reg. Agt. Corporation Service Company, Alisha Smith, accepted service on their behalf.

_Rochelle Earthrise_                6/7/2023

Rochelle Earthrise                  Date
ID# CPS 236

Southeastern Process Servers
2296 Henderson Mill Rd NE # 116
Atlanta, GA 30345
404-330-9066

*Subscribed and sworn to before me by the affiant who is
personally known to me in the state of Georgia, Dekalb County.*

_Susan Earthise_

Notary Public
6/7/2023                          07/19/24

Date                             Commission Expires

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

22 C 07 358 - 6

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___21st___ day of ___December___, 20_22_.

_Veronica Cope_
Veronica Cope (Dec 21, 2022 15:06 EST)

Presiding Judge
Gwinnett County State Court

Applicant:

Name        ROCHELLE DENISE EARTHRISE

Address     2296 HENDERSON MILL RD, N.E. # 116

            ATLANTA, GA 30345

Georgia, Gwinnett County
This is to certify this is a true and correct copy
of _order_ as the same appears of record
in Gwinnett County Superior/State Court.
Given under my official signature and seal of
the Court this ___ day of _January 2023_

Deputy Clerk Superior/State Court, Gwinnett County, Georgia

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03676-S7**
**23-C-03676-S7**
**6/12/2023 11:15 AM**
**TIANA P. GARNER, CLERK**

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-<br>03676-S7 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE<br>OF GEORGIA | County:<br>GWINNETT | Job:<br>8994258 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>JONATHAN HAWKINS | | **Defendant / Respondent:**<br>TRISURA SPECIALTY INS. COMPANY | |
| **Received by:**<br>Southeastern Process Servers | | **For:**<br>Shuli L Green | |
| **To be served upon:**<br>Trisura Specialty Ins. Company | | | |

I, Rochelle Earthrise, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Reg. Agt. Corporation Service Company, Alisha Smith accepted service on their behalf., Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 |
| **Manner of Service:** | Registered Agent, Jun 6, 2023, 2:35 pm EDT |
| **Documents:** | SUMMONS, COMPLAINT FOR DAMAGES, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY, PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY. (Received Jun 3, 2023, at 10:22 am EDT) |

**Additional Comments:**
1) Successful Attempt: Jun 6, 2023, 2:35 pm EDT at Corporate: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092, received by Trisura Specialty Ins. Company was Corporate served through their Reg. Agt. Corporation Service Company, Alisha Smith, accepted service on their behalf..
Age: 42; Ethnicity: African American; Gender: Female; Weight: 165; Height: 5'6"; Hair: Black; Relationship: Authorized;
Trisura Specialty Ins. Company was Corporate served through their Reg. Agt. Corporation Service Company, Alisha Smith, accepted service on their behalf.

| | |
|---|---|
| _Rochelle Earthrise_ (signature)   6/7/2023 | Subscribed and sworn to before me by the affiant who is personally known to me in the state of Georgia, Dekalb County. |
| Rochelle Earthrise          Date | _signature_ |
| ID# CPS 236 | Notary Public |
| | 6/7/2023          07/19/24 |
| Southeastern Process Servers | Date          Commission Expires |
| 2296 Henderson Mill Rd NE # 116 | |
| Atlanta, GA 30345 | |
| 404-330-9066 | |



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

22  C  07 358 - 6

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___21st___ day of ___December___, 20_22_.

_____
Veronica Cope (Dec 21, 2022 15:06 EST)

Presiding Judge
Gwinnett County State Court

Applicant:

Name          ROCHELLE DENISE EARTHRISE

Address       2296 HENDERSON MILL RD, N.E. # 116

              ATLANTA, GA 30345

Georgia, Gwinnett County
   This is to certify this is a true and correct copy
of __order__ as the same appears of record
in Gwinnett County Superior/State Court.
   Given under my official signature and seal of
the Court this __9th__ day of __January__ 2023

_____
Deputy Clerk Superior/State Court, Gwinnett County, Georgia

E-FILED IN OFFICE - NN
Case 1:23-mi-99999-UNA   Document 2154   Filed 07/06/23   Page 47 of 97CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03676-S7**
**7/6/2023 10:56 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JONATHAN HAWKINS,** : | |
| : | |
| **Plaintiff,** : | |
| **v.** : | **CIVIL ACTION NO.:** |
| : | **23-C-03676-S7** |
| **JUAN RAFAEL SANTOS, ATC** : | |
| **TRANSPORT SERVICE, INC.,** : | |
| **DISPATCHERS OTR, LLC and TRISURA** : | |
| **SPECIALTY INSURANCE COMPANY,** : | |
| : | |
| **Defendants.** : | |

## ANSWER OF NATIONAL GENERAL INSURANCE COMPANY

COME NOW National General Insurance Company (hereinafter "National General"),

served as a purported uninsured/underinsured motorist carrier in the above-referenced matter

and timely files its answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against National General upon which relief

can be granted, therefore, Plaintiff's Complaint against National General should be dismissed.

### SECOND DEFENSE

Defendant is not an uninsured or underinsured motorist as those terms are defined by

applicable statutory language, case law, or policy language.   Therefore, Plaintiff's claim

against National General should be dismissed.

### THIRD DEFENSE

To the extent National General has made medical payments or other payments under

coverages to the Plaintiffs, in the above captioned action, National General hereby claims the

right of set off, payment, and/or reduction from any judgment to prevent duplication of benefits and unwarranted double recovery.

## FOURTH DEFENSE

Plaintiff's alleged injuries and damages are the result of the actions or inactions of a person or persons for whose actions or inactions National General are neither liable nor responsible. Therefore, Plaintiff's Complaint against National General should be denied.

## FIFTH DEFENSE

Plaintiff's alleged injuries and damages, or at least a portion of them, are the result of conditions which existed prior to the event of which Plaintiff complains and are in no way aggravated, compounded, nor otherwise increased by the event by which Plaintiff complains. Therefore, Plaintiff's Complaint against National General should be denied.

## SIXTH DEFENSE

National General hereby raise all affirmative defenses available under Georgia law, including but not limited to all defenses listed in O.C.G.A. § 9-11-12(b) and (h) and O.C.G.A. § 9-11-8(c).

## SEVENTH DEFENSE

National General respond to the separately numbered paragraphs of Plaintiff's Complaint as follows:

1.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

2.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

3.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

4.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

5.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

6.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

7.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

8.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

9.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

10.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

11.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

12.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

13.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

14.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

15.

National General incorporates all previous responses as if fully restated herein.

16.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

17.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

18.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

19.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

20.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

21.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

22.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

23.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

24.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

25.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

26.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

27.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

28.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

29.

National General incorporates all previous responses as if fully restated herein.

30.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

31.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

32.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

33.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

34.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

35.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

36.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

37.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

38.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

39.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

40.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

41.

National General incorporates all previous responses as if fully restated herein.

42.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

43.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

44.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

45.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

46.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

47.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

48.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

49.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

50.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

51.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

52.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

53.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

54.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

55.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

56.

National General incorporates all previous responses as if fully restated herein.

57.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

58.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

59.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

60.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

61.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

62.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

63.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

64.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

65.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

66.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

67.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

68.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

69.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

70.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

71.

National General incorporates all previous responses as if fully restated herein.

72.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

73.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

74.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

75.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

76.

National General incorporates all previous responses as if fully restated herein.

77.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

78.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

79.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

80.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

81.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

82.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

83.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's

Complaint and, therefore, can neither admit nor deny the same.

84.

National General is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the above-referenced paragraph of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

85.

National General incorporates all previous responses as if fully restated herein.

86.

National General denies that it can be responsible for punitive damages.

87.

National General denies that it can be responsible for punitive damages.

88.

National General incorporates all previous responses as if fully restated herein.

89.

National General states that paragraph 89 requires no response.

90.

Any and all allegations of Plaintiff's Complaint not specifically admitted or, for want of information or knowledge are neither admitted nor denied, are hereby denied. National General deny that it is liable or responsible to Plaintiffs for the injuries and damages as alleged.

## EIGHTH DEFENSE

National General moves to strike any and all requests for attorney's fees and/or expenses of litigation, as there is no basis in law nor fact for any such claim.

## NINTH DEFENSE

National General moves to strike any and all claims for punitive damages, as there is no basis in law nor fact for any such claim.

WHEREFORE, National General pray for the following:

a) That Plaintiff's Complaint be dismissed;

b) That National General have a trial by twelve (12) fair and impartial jurors; and

c) That National General have and be granted such other and further relief as this Court deems just and proper.

This ⎯⎯ day of July 2023.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Wesley E. Childs
Georgia Bar No.  878909

*Attorney for National General*

CHAMBLESS, HIGDON, RICHARDSON,
    KATZ & GRIGGS, LLP
Post Office Box 18086
Macon, GA  31209-8086
(478) 745-1181
wchilds@chrkglaw.com

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing **Answer** electronically upon Counsel of Record via the Court's electronic filing system which will automatically send e-mail notification of such service to Counsel of Record and by depositing a true and correct copy of same in the United States mail, postage prepaid, for delivery to the following address:

**Shuli Green, Esq.**
SHULI GREEN INJURY LAW
1201 Peachtree Street NE
Suite 2000
Atlanta, Georgia 30361
shuli@shuligreeninjurylaw.com
*Attorney for Plaintiff*

This __6__ day of July 2023.

Wesley E. Childs

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03676-S7**

**7/6/2023 10:56 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

JONATHAN HAWKINS,                          :
                                           :
      Plaintiff,                         :
                                           :
v.                                         :       **CIVIL ACTION NO.:**
                                           :       **23-C-03676-S7**
JUAN RAFAEL SANTOS, ATC                    :
TRANSPORT SERVICE, INC.,                   :
DISPATCHERS OTR, LLC and TRISURA:
SPECIALTY INSURANCE COMPANY,               :
                                           :
      Defendants.                        :

---

### CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

---

      COMES NOW National General Insurance Company, served as a purported uninsured/underinsured motorist carrier in the above-captioned action and pursuant to Rule 5.2 of the Uniform State Court Rules, certifies that on this day it has served upon counsel for Plaintiff copies of the following:

1.    NATIONAL GENERAL INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF; AND

2.    NATIONAL GENERAL INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

electronically upon Counsel of Record via the Court's electronic filing system which will automatically send e-mail notification of such service to Counsel of Record to:

**Shuli Green, Esq.**
SHULI GREEN INJURY LAW
1201 Peachtree Street NE
Suite 2000
Atlanta, Georgia 30361
shuli@shuligreeninjurylaw.com
*Attorney for Plaintiff*

This ___6___ day of July 2023.

_____
Wesley E. Childs
Georgia Bar No. 878909

**Attorney for National General**

CHAMBLESS, HIGDON, RICHARDSON,
    KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
wchilds@chrkglaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JONATHAN HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  23-C-03676-S7 |
| | ) |
| JUAN RAFAEL SANTOS, ATC | ) JURY TRIAL DEMANDED |
| TRANSPORT SERVICE, INC. | ) |
| DISPATCHERS OTR, LLC and TRISURA | ) |
| SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Trisura Specialty Insurance Company ("Defendant" or "Defendant Trisura"), one of the named Defendants in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendant.

### THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

## FOURTH DEFENSE

While specifically denying any negligence, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Defendant denies that it is subject to any award of punitive damages in this case, but shows that any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant and there is not evidence sufficient to create a jury issue on punitive damages against this Defendant.  As a defense to Plaintiff's claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the

State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2) for the following reasons, among others:

1.      The statute and the court decisions interpreting the statute, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages, and fail to limit the award of punitive damages to the degree of reprehensibility of the Defendant's misconduct; the disparity between the harm (or potential harm) suffered by the Plaintiff and the punitive damage award; and the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases;

2.      The statute, and the court decisions interpreting the statute, fail to adequately inform or instruct judges and juries of the nature of the offenses for which punitive damages can be awarded;

3.      The statute, and the court decisions interpreting the statute, fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded;

4.      The statute, and the court decisions interpreting the statute, allow persons to repeatedly be put in jeopardy of paying for the same offense;

5.      To the extent the award of punitive damages are criminal or quasi-criminal in nature, they are not awarded upon proof beyond a reasonable doubt, contrary to due process of law;

6.      The statute, and the court decisions interpreting the statute, permit the award of excessive punitive damages without relationship to the public safety, health or welfare said to be served by punitive damages;

7.     The statute, and the court decisions interpreting the statute, permit the trier of fact to consider the Defendant's net worth, wealth or financial condition in awarding punitive damages or in calculating such an award;

8.     The statute, and the court decisions interpreting the statute, fail to provide adequate post-verdict processes and standards for review by the trial court and also fail to provide adequate appellate review procedures so as to adequately protect due process rights;

9.     The statute, and the court decisions interpreting the statute, permit the award of punitive damages without reasonable relationship to the civil or criminal penalties that could be imposed for comparable misconduct in other cases;

10.     The statute, and the court decisions interpreting these statute, fail to limit the award of punitive damages to criminal or intentional behavior.

11.     The statute, and the court decisions interpreting the statute, fail to limit the award of punitive damages to what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence for conduct having an impact on the citizens of Georgia;

12.     The statute, and the court decisions interpreting the statute, fail to ensure the award of punitive damages is both reasonable and proportional to the amount of harm to the Plaintiff and to the general damages recovered;

13.     The statute, and the court decisions interpreting the statute, do not give cognizance to the comparability of the award to awards in other, similar cases;

14.     The statute, and the court decisions interpreting the statute, do not provide notice of or means of ascertaining whether, or in what amount, this Defendant might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice is compounded by the absence of any adequate or meaningful standards as to the kind of conduct

that might subject this Defendant to punitive damages or as to the potential amount of such an award;

15.     The statute, and the court decisions interpreting the statute, do not provide adequate substantive and procedural safeguards consistent with the criteria set forth in *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); *Matthews v. Eldridge*, 424 U.S. 319 (1976), as to the imposition of a punitive award;

16.     The statute, and the court decisions interpreting the statute, provide a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred;

17.     The statute, and the court decisions interpreting the statute, do not expressly prohibit an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant;

18.     The statute, and the court decisions interpreting the statute, do not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment.

## NINTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Civil Practice Act.

## **TENTH DEFENSE**

This Defendant responds to the specific allegations contained in Plaintiff's Amended Complaint as follows:

### **NATURE OF ACTION**

1.

Defendant admits that this lawsuit is based on Plaintiff's allegations that he suffered injuries after a motor vehicle collision on or about the stated date at or about the stated location. This Defendant denies all further allegations contained in Paragraph 1 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

### **PARTIES, JURISDICTION, AND VENUE**

2.

Upon information and belief, this Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

6.

Defendant admits that it issued a policy to Defendant Dispatchers OTR with an endorsement addressing the vehicle in the subject collision.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and as such, can neither admit nor deny same.

7.

 Defendant admits that it is authorized to conduct business in the State of Georgia and may be served upon the named registered agent at the named location.  Defendant further states that it is subject to state laws but denies that Paragraph 7 accurately or completely states the same.  Defendant further denies all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits that it is subject to the jurisdiction of this Court.  Defendant further states that it is subject to several state laws but denies that Paragraph 8 accurately or completely states the same.   Defendant further denies all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits that it is subject to the venue of this Court.  Defendant further states that it is subject to several state laws but denies that Paragraph 9 accurately or completely states the

same.  Defendant further denies all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

## **GENERAL FACTS**

15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 14 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Upon information and belief, this Defendant admits that Plaintiff and Defendant Santos were driving on or about the date alleged and in or about the location alleged in Paragraph 16 of Plaintiff's Complaint. This Defendant denies the further allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

18.

This Defendant admits that Plaintiff's vehicle made contact with the vehicle being operated by Defendant Santos. This Defendant denies all further allegations contained in Paragraph 18 of Plaintiff's complaint and further specifically denies any negligence or liability to Plaintiff.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT I – NEGLIGENCE OF JUAN RAFAEL SANTOS

29.

In response to paragraph 29 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 28 of Plaintiff's Complaint.  Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

32.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

33.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 33 of Plaintiff's Complaint completely or accurately states the same.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the further allegations contained in Paragraph 33 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

34.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 34 of Plaintiff's Complaint completely or accurately states the same.  Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint and further specifically denies any negligence or liability toward Plaintiff.

35.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 35 of Plaintiff's Complaint completely or accurately states the same.  Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and further specifically denies any negligence or liability toward Plaintiff.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint, including those contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), and (m).  Defendant further specifically denies any negligence or liability to Plaintiff.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, including those contained in subparagraphs (a), (b), (c), (d), and (e). Defendant further specifically denies any negligence or liability to Plaintiff.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

## <u>COUNT II – NEGLIGENCE OF ATC TRANSPORT<br>(VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE</u>

41.

In response to paragraph 41 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 40 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

43.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

44.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

46.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

47.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

48.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

51.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendants ATC Transport and Dispatchers OTR were operating in a joint venture and can neither admit nor deny same.  Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), and (p). Defendant further specifically denies any negligence or liability to Plaintiff.

53.

Defendant admits that certain duties may have applied to Defendant ATC Transport at the time of the collision, but Defendant denies that Paragraph 53 of Plaintiff's Complaint completely

or accurately states the same.  Defendant denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

### <u>COUNT III – NEGLIGENCE OF DISPATCHERS OTR</u><br><u>(VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE)</u>

56.

In response to paragraph 56 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 55 of Plaintiff's Complaint.  Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

61.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

62.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

63.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

66.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendants Dispatchers OTR and ATC Transport were operating in a joint venture and can neither admit nor deny same. Defendant denies the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), and (p). Defendant further specifically denies any negligence or liability to Plaintiff.

68.

Defendant admits that certain duties may have applied to Defendant Dispatchers OTR at the time of the collision, but Defendant denies that Paragraph 53 of Plaintiff's Complaint completely or accurately states the same. Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint. Defendant further specifically denies any negligence or liability to Plaintiff.

## COUNT IV – DIRECT ACTION AGAINST
## TRISURA SPECIALTY INSURANCE COMPANY

71.

In response to paragraph 71 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 70 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.

Defendant admits that it issued a policy to Defendant Dispatchers OTR with an endorsement addressing the vehicle in the subject collision. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint, and as such, can neither admit nor deny same.

73.

Defendant admits that it provided an insurance policy to Defendant Dispatchers OTR. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the further allegations in Paragraph 73 of Plaintiff's Complaint and can neither admit nor deny same.

74.

Defendant admits that it is subject to the venue of this Court. Defendant further admits that certain laws and duties may have applied to Defendant, but Defendant denies that Paragraph 74 of Plaintiff's Complaint completely or accurately states the same. As such, Defendant denies the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant further admits that certain laws and duties may have applied to Defendant, but Defendant denies that Paragraph 75 of Plaintiff's Complaint completely or accurately states the same. As such, Defendant denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT V - DAMAGES

76.

In response to paragraph 76 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 75 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

82.

Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT VI – PUNITIVE DAMAGES

85.

In response to paragraph 85 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 84 of Plaintiff's Complaint.  Defendant denies the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

87.

Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## DEMAND FOR JURY TRIAL

88.

In response to paragraph 88 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 87 of Plaintiff's Complaint.  Defendant denies the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.

In response to Plaintiff's Prayer for Relief following the section titled "Demand for Jury Trial" of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l) are denied, and this Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

90.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

91.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.


WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 6th day of July, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
vegab@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Breanna Vega
Georgia Bar No. 915946

*Attorneys for Defendant Trisura Specialty Insurance Company*

13628658v1
32862-262504

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JONATHAN HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  23-C-03676-S7 |
| | ) |
| JUAN RAFAEL SANTOS, ATC | ) |
| TRANSPORT SERVICE, INC. | ) |
| DISPATCHERS OTR, LLC and TRISURA | ) |
| SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Defendant Trisura Specialty Insurance Company's Answer to Plaintiff's Complaint for***

***Damages*** on all parties through their counsel of record by placing said copy in the United States

Mail with sufficient postage affixed thereto, addressed to said counsel at their last known addresses

as follows:

Shuli L. Green
Shuli Green Injury Law
1201 Peachtree Street NE, Suite 2000
Atlanta, GA  30361
shuli@shuligreeninjurylaw.com

Wesley E. Childs
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
wchilds@chrkglaw.com

Dated this 6th day of July, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
vegab@deflaw.com

_/s/ Jennifer E. Parrott_
Jennifer E. Parrott
Georgia Bar No. 080180
Breanna Vega
Georgia Bar No. 915946

_Attorneys for Defendant Trisura Specialty Insurance Company_

# EXHIBIT B

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

JONATHAN HAWKINS,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )  CAFN:  23-C-03676-S7
                                     )
JUAN RAFAEL SANTOS, ATC              )
TRANSPORT SERVICE, INC.              )
DISPATCHERS OTR, LLC and TRISURA     )
SPECIALTY INSURANCE COMPANY,         )
                                     )
        Defendants.                  )
                                     )

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

TO:    Clerk, State Court of Gwinnett County, Georgia.

COMES NOW, Trisura Specialty Insurance Company ("Trisura"), a named Defendant in the above-styled action[1], through counsel, without submitting to this Court's jurisdiction and venue, and provide the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

*[Signatures are on the following page.]*

---

[1] As of the filing of this notice, no other Defendants have been served in this suit.

Respectfully submitted, this 6th day of July, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
vegab@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Breanna Vega
Georgia Bar No. 915946

*Attorneys for Defendant Trisura Specialty Insurance Company*

13625694v1
32862-262504

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JONATHAN HAWKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  23-C-03676-S7 |
| | ) |
| JUAN RAFAEL SANTOS, ATC | ) |
| TRANSPORT SERVICE, INC. | ) |
| DISPATCHERS OTR, LLC and TRISURA | ) |
| SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Notice of Filing of Notice of Removal* on all parties through their counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at their last known addresses as follows:

Shuli L. Green
Shuli Green Injury Law
1201 Peachtree Street NE, Suite 2000
Atlanta, GA  30361
shuli@shuligreeninjurylaw.com

Wesley E. Childs
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
wchilds@chrkglaw.com

Dated this 6th day of July, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
vegab@deflaw.com

_/s/ Jennifer E. Parrott_
Jennifer E. Parrott
Georgia Bar No. 080180
Breanna Vega
Georgia Bar No. 915946

13625694v1
32862-262504

_Attorneys for Defendant Trisura Specialty Insurance Company_