**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN HAWKINS | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| JUAN RAFAEL SANTOS, ATC | * | |
| TRANSPORT SERVICE, INC., | * | |
| DISPATCHERS OTR, LLC, and | * | |
| TRISURA SPECIALTY | * | |
| INSURANCE COMPANY | * | |
| | * | |
|    Defendants. | * | |
| | * | |

### DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Trisura Specialty Insurance Company ("Defendant" or "Defendant Trisura"), one of the named Defendants in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendant.

## THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

## FOURTH DEFENSE

While specifically denying any negligence, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Defendant denies that it is subject to any award of punitive damages in this case, but shows that any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant and there is not evidence sufficient to create a jury issue on punitive damages against this Defendant. As a defense to Plaintiff's claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2) for the following reasons, among others:

1.     The statute and the court decisions interpreting the statute, fail to notify individuals of the nature of the offense for which they may be liable for punitive

damages, and fail to limit the award of punitive damages to the degree of reprehensibility of the Defendant's misconduct; the disparity between the harm (or potential harm) suffered by the Plaintiff and the punitive damage award; and the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases;

2.     The statute, and the court decisions interpreting the statute, fail to adequately inform or instruct judges and juries of the nature of the offenses for which punitive damages can be awarded;

3.     The statute, and the court decisions interpreting the statute, fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded;

4.     The statute, and the court decisions interpreting the statute, allow persons to repeatedly be put in jeopardy of paying for the same offense;

5.     To the extent the award of punitive damages are criminal or quasi-criminal in nature, they are not awarded upon proof beyond a reasonable doubt, contrary to due process of law;

6.     The statute, and the court decisions interpreting the statute, permit the award of excessive punitive damages without relationship to the public safety, health or welfare said to be served by punitive damages;

7.     The statute, and the court decisions interpreting the statute, permit the trier of fact to consider the Defendant's net worth, wealth or financial condition in awarding punitive damages or in calculating such an award;

8.     The statute, and the court decisions interpreting the statute, fail to provide adequate post-verdict processes and standards for review by the trial court and also fail to provide adequate appellate review procedures so as to adequately protect due process rights;

9.     The statute, and the court decisions interpreting the statute, permit the award of punitive damages without reasonable relationship to the civil or criminal penalties that could be imposed for comparable misconduct in other cases;

10.    The statute, and the court decisions interpreting these statute, fail to limit the award of punitive damages to criminal or intentional behavior.

11.    The statute, and the court decisions interpreting the statute, fail to limit the award of punitive damages to what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence for conduct having an impact on the citizens of Georgia;

12.    The statute, and the court decisions interpreting the statute, fail to ensure the award of punitive damages is both reasonable and proportional to the amount of harm to the Plaintiff and to the general damages recovered;

13.     The statute, and the court decisions interpreting the statute, do not give cognizance to the comparability of the award to awards in other, similar cases;

14.     The statute, and the court decisions interpreting the statute, do not provide notice of or means of ascertaining whether, or in what amount, this Defendant might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice is compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award;

15.     The statute, and the court decisions interpreting the statute, do not provide adequate substantive and procedural safeguards consistent with the criteria set forth in *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); *Matthews v. Eldridge*, 424 U.S. 319 (1976), as to the imposition of a punitive award;

16.     The statute, and the court decisions interpreting the statute, provide a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred;

17.     The statute, and the court decisions interpreting the statute, do not expressly prohibit an award of punitive damages, or determining the amount of an

award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant;

18.    The statute, and the court decisions interpreting the statute, do not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment.

## NINTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure.

## TENTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Amended Complaint as follows:

## NATURE OF ACTION

1.

Defendant admits that this lawsuit is based on Plaintiff's allegations that he suffered injuries after a motor vehicle collision on or about the stated date at or about the stated location.  This Defendant denies all further allegations contained in Paragraph 1 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## PARTIES, JURISDICTION, AND VENUE

### 2.

Upon information and belief, this Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 6.

Defendant admits that it issued a policy to Defendant Dispatchers OTR with an endorsement addressing the vehicle in the subject collision.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and as such, can neither admit nor deny same.

7.

Defendant admits that it is authorized to conduct business in the State of Georgia and may be served upon the named registered agent at the named location. Defendant further states that it is subject to state laws but denies that Paragraph 7 accurately or completely states the same. Defendant further denies all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits that it is subject to the jurisdiction of this Court. Defendant further states that it is subject to several state laws but denies that Paragraph 8 accurately or completely states the same. Defendant further denies all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits that it is subject to the venue of this Court. Defendant further states that it is subject to several state laws but denies that Paragraph 9 accurately or completely states the same. Defendant further denies all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

## **GENERAL FACTS**

### 15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 14 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

### 16.

Upon information and belief, this Defendant admits that Plaintiff and Defendant Santos were driving on or about the date alleged and in or about the location alleged in Paragraph 16 of Plaintiff's Complaint. This Defendant denies the further allegations contained in Paragraph 16 of Plaintiff's Complaint.

### 17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 18.

This Defendant admits that Plaintiff's vehicle made contact with the vehicle being operated by Defendant Santos. This Defendant denies all further allegations contained in Paragraph 18 of Plaintiff's complaint and further specifically denies any negligence or liability to Plaintiff.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT I – NEGLIGENCE OF JUAN RAFAEL SANTOS

29.

In response to paragraph 29 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 28 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

32.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

33.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 33 of Plaintiff's Complaint completely or accurately states the same.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the further allegations contained in Paragraph 33 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

34.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 34 of Plaintiff's Complaint completely or accurately states the same. Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint and further specifically denies any negligence or liability toward Plaintiff.

35.

Defendant admits that certain laws, regulations, and duties may have applied to Defendant Santos at the time of the collision, but Defendant denies that Paragraph 35 of Plaintiff's Complaint completely or accurately states the same. Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and further specifically denies any negligence or liability toward Plaintiff.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint, including those contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), and (m). Defendant further specifically denies any negligence or liability to Plaintiff.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, including those contained in subparagraphs (a), (b), (c), (d), and (e). Defendant further specifically denies any negligence or liability to Plaintiff.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

## COUNT II – NEGLIGENCE OF ATC TRANSPORT (VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE

### 41.

In response to paragraph 41 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 40 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

### 42.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 43.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

### 44.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

46.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

47.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

48.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

51.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendants ATC Transport and Dispatchers OTR were operating in a joint venture and can neither admit nor deny same.  Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), and (p).  Defendant further specifically denies any negligence or liability to Plaintiff.

53.

Defendant admits that certain duties may have applied to Defendant ATC Transport at the time of the collision, but Defendant denies that Paragraph 53 of Plaintiff's Complaint completely or accurately states the same.  Defendant denies

the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

## COUNT III – NEGLIGENCE OF DISPATCHERS OTR (VICARIOUS LIABILITY AND INDEPENDENT NEGLIGENCE)

56.

In response to paragraph 56 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 55 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

61.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

62.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

63.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint, and as such, can neither admit nor deny the same.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

66.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendants Dispatchers OTR and ATC Transport were operating in a joint venture and can neither admit nor deny same. Defendant denies the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), and (p).  Defendant further specifically denies any negligence or liability to Plaintiff.

68.

Defendant admits that certain duties may have applied to Defendant Dispatchers OTR at the time of the collision, but Defendant denies that Paragraph 53 of Plaintiff's Complaint completely or accurately states the same.  Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.  Defendant further specifically denies any negligence or liability to Plaintiff.

## COUNT IV – DIRECT ACTION AGAINST
## TRISURA SPECIALTY INSURANCE COMPANY

71.

In response to paragraph 71 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 70 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 71 of Plaintiff's Complaint

72.

Defendant admits that it issued a policy to Defendant Dispatchers OTR with an endorsement addressing the vehicle in the subject collision.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint, and as such, can neither admit nor deny same.

73.

Defendant admits that it provided an insurance policy to Defendant Dispatchers OTR.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the further allegations in Paragraph 73 of Plaintiff's Complaint and can neither admit nor deny same.

74.

Defendant admits that it is subject to the venue of this Court.  Defendant further admits that certain laws and duties may have applied to Defendant, but

Defendant denies that Paragraph 74 of Plaintiff's Complaint completely or accurately states the same. As such, Defendant denies the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant further admits that certain laws and duties may have applied to Defendant, but Defendant denies that Paragraph 75 of Plaintiff's Complaint completely or accurately states the same. As such, Defendant denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT V - DAMAGES

76.

In response to paragraph 76 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 75 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

82.

Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## COUNT VI – PUNITIVE DAMAGES

### 85.

In response to paragraph 85 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 84 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 85 of Plaintiff's Complaint.

### 86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

### 87.

Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint and further specifically denies any negligence or liability to Plaintiff.

## DEMAND FOR JURY TRIAL

### 88.

In response to paragraph 88 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 87 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 88 of Plaintiff's Complaint.

### 89.

In response to Plaintiff's Prayer for Relief following the section titled "Demand for Jury Trial" of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l) are

denied, and this Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

90.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

91.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 6th day of July, 2023.

**DREW ECKL FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
vegab@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Breanna Vega
Georgia Bar No. 915946

*Attorney for Defendant Trisura Specialty Insurance Company*

13624749v1
32862-262504

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN HAWKINS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| JUAN RAFAEL SANTOS, ATC | * | |
| TRANSPORT SERVICE, INC., | * | |
| DISPATCHERS OTR, LLC, and | * | |
| TRISURA SPECIALTY | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendants. | * | |
| | * | |

**CERTIFICATE OF SERVICE AND COMPLIANCE**
**WITH LOCAL RULE 5.1(B)**

I HEREBY CERTIFY that I have this day filed **DEFENDANT TRISURA**
**SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR DAMAGES** with the Clerk of Court, using the CM/ECF
system and served a copy of the foregoing upon all counsel of record via U.S. Mail,
adequate postage prepaid, addressed as follows:

Shuli L. Green
Shuli Green Injury Law
1201 Peachtree Street NE, Suite 2000
Atlanta, GA  30361
shuli@shuligreeninjurylaw.com

Wesley E. Childs
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
wchilds@chrkglaw.com

I further certify that the foregoing has been prepared with Times New Roman,

14 point, in compliance with L.R. 5.1(b).

This 6th day of July, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

| | |
|---|---|
| 303 Peachtree Street, NE | Jennifer E. Parrott |
| Suite 3500 | Georgia Bar No. 080180 |
| Atlanta, Georgia 30308 | Breanna Vega |
| Tel: (404) 885-1400 | Georgia Bar No. 915946 |
| Fax: (404) 876-0992 | |
| parrottj@deflaw.com | *Attorney for Defendant Trisura* |
| vegab@deflaw.com | *Specialty Insurance Company* |