# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY LYLE, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>EGS FINANCIAL CARE, INC. f/k/a NCO FINANCIAL SYSTEMS, INC.,<br><br>*Defendant*. | Civil Case No.:<br>_____<br><br>**Complaint – Class Action**<br><br>**Jury Trial Demanded** |

## Nature of the Action

1. Timothy Lyle ("Plaintiff") brings this class action against EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*****

1

    (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant directed its prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Villa Rica, Georgia.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a debt collection company based in Irvine, California.

10. Defendant places outbound calls, in connection with which it uses an artificial or prerecorded voice, as part of its efforts to collect on past-due accounts.

11. Defendant previously paid $8 million to settle a class action lawsuit alleging it violated the TCPA. *Thornton v. NCO Fin. Sys. Inc.*, No. 16 CH 5780 (Cook County, Ill.).

12. Defendant has a Public Utility Commission of Texas Automatic Dial Announcing Device permit, which it last renewed in December 2022.

13. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

14. Plaintiff is, and has been since before 2022, the sole and customary user of cellular telephone number (XXX) XXX-4462.

15. In or around May 2022, Defendant began placing calls to telephone number (XXX) XXX-4462, intending to reach someone other than Plaintiff.

16. Defendant's records will show all calls it made to telephone number (XXX) XXX-4462.

17. Defendant placed a call to telephone number (XXX) XXX-4462 on May 3, 2022.

18. Defendant placed a call to telephone number (XXX) XXX-4462 on May 17, 2022.

19. Defendant placed a call to telephone number (XXX) XXX-4462 on May 18, 2022.

20. Defendant placed a call to telephone number (XXX) XXX-4462 on July 21, 2022.

21. Defendant placed a call to telephone number (XXX) XXX-4462 on July 29, 2022.

22. Defendant placed a call to telephone number (XXX) XXX-4462 on August 2, 2022.

23. Defendant placed a call to telephone number (XXX) XXX-4462 on October 31, 2022.

24. Defendant placed a call to telephone number (XXX) XXX-4462 on November 1, 2022.

25. Defendant placed a call to telephone number (XXX) XXX-4462 on November 2, 2022.

26. Defendant placed a call to telephone number (XXX) XXX-4462 on November 3, 2022.

27. Defendant placed a call to telephone number (XXX) XXX-4462 on November 7, 2022.

28. Defendant placed a call to telephone number (XXX) XXX-4462 on November 8, 2022.

29. Defendant placed a call to telephone number (XXX) XXX-4462 on November 9, 2022.

30. Defendant placed a call to telephone number (XXX) XXX-4462 on November 10, 2022.

31. Defendant placed a call to telephone number (XXX) XXX-4462 on November 11, 2022.

32. Defendant placed a call to telephone number (XXX) XXX-4462 on November 14, 2022.

33. Defendant placed a call to telephone number (XXX) XXX-4462 on November 15, 2022.

34. Defendant placed a call to telephone number (XXX) XXX-4462 on November 16, 2022.

35. Defendant placed a call to telephone number (XXX) XXX-4462 on November 17, 2022.

36. Defendant placed a call to telephone number (XXX) XXX-4462 on November 18, 2022.

37. Defendant placed a call to telephone number (XXX) XXX-4462 on November 21, 2022.

38. Defendant placed a call to telephone number (XXX) XXX-4462 on November 22, 2022.

39. Defendant placed a call to telephone number (XXX) XXX-4462 on November 23, 2022.

40. Defendant placed a call to telephone number (XXX) XXX-4462 on November 28, 2022.

41. Defendant placed a call to telephone number (XXX) XXX-4462 on November 29, 2022.

42. Defendant placed a call to telephone number (XXX) XXX-4462 on November 30, 2022.

43. Defendant placed a call to telephone number (XXX) XXX-4462 on December 2, 2022.

44. Defendant placed a call to telephone number (XXX) XXX-4462 on December 7, 2022.

45. Defendant placed a call to telephone number (XXX) XXX-4462 on December 8, 2022.

46. Defendant placed a call to telephone number (XXX) XXX-4462 on December 9, 2022.

47. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-4462.

48. For example, on November 28, 2022, November 29, 2022, and November 30, 2022, Defendant placed a call to telephone number (XXX) XXX-4462, and delivered the following artificial or prerecorded voice message:

> This is an important account alert from Universal Mastercard Services that requires your immediate attention. Your Universal Mastercard Services payment is past due and your account will be locked if you do not provide payment. Please contact our office today at (833) 603-3404 to avoid any inconvenience or service interruption. Again that phone number is (833) 603-3404. We are available Monday through Friday 8:00am to 8:00pm eastern standard time. Thank you.

49. Defendant placed calls to telephone number (XXX) XXX-4462 from at least the following telephone numbers: (833) 603-3404 and (866) 370-7789.

50. When Plaintiff called telephone number (833) 603-3404 back to request that the calls stop, he was instructed by a representative to call (866) 370-7789.

51. When Plaintiff called (866) 370-7789 to request that the calls stop, Defendant's representative answered and identified the calls as regarding "Fleetcor."

52. Fleetcor Technologies, Inc. ("Fleetcor") hired or otherwise contracted with Defendant to place outbound calls.

53. Defendant's representative also advised that the calls were intended for an entity unknown to Plaintiff—North Georgia Construction—and were in reference to a Fleetcor Universal Mastercard Account.[1]

54. At no time has Plaintiff ever been affiliated with North Georgia Construction.

55. At no time has Plaintiff had a Fleetcor Universal Mastercard.

56. In approximately May 2022, Plaintiff contacted North Georgia Construction to seek assistance in having the calls stop.

57. A representative from North Georgia Construction confirmed that North Georgia Construction had a Fleetcor Universal Mastercard Account.

58. The representative from North Georgia Construction confirmed that he would contact Fleetcor and advise Fleetcor that it, or an entity on its behalf, was calling a wrong number.

59. Despite these efforts, the calls continued.

---

[1] Fleetcor Universal Mastercards are part of a fuel, fleet and gas card program offered by Fleetcor. *See* https://www.universalpremiumcard.com/ (last accessed June 22, 2023). *See also* Fleetcor Universal Mastercard Client Agreement, https://fleetcardsusa.com/content/dam/legal/terms-conditions/2021mcvy/NALUMC202301NS.pdf (last accessed June 22, 2023).

60. On a number of occasions in 2022 Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant played.

61. In May 2022, after having received several prerecorded voice messages from Defendant, Plaintiff placed a call to Defendant, informed Defendant that it had reached a wrong number in placing calls to telephone number (XXX) XXX-4462, explained to Defendant that its calls to telephone number (XXX) XXX-4462 were intended for someone other than him, and instructed Defendant to stop placing calls to telephone number (XXX) XXX-4462.

62. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462.

63. Defendant placed multiple calls to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

64. Defendant delivered, or attempted to deliver, multiple artificial or prerecorded voice messages to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

65. Defendant placed the subject calls to telephone number (XXX) XXX-4462 in an effort to reach a third party.

66. Plaintiff does not have, nor did he have, an account with Defendant or Fleetcor.

67. Plaintiff is not, nor was, a Fleetcor Mastercard customer or accountholder.

68. Plaintiff does not, nor did he ever, owe a debt to Defendant.

69. Plaintiff did not provide telephone number (XXX) XXX-4462 to Defendant.

70. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462.

71. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 for non-emergency purposes.

72. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 voluntarily.

73. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 under its own free will.

74. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-4462.

75. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

76. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

77. Plaintiff also spent time and effort attempting to have the calls stop.

78. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted his battery.

79. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

80. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class and subclass of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account serviced by EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc., (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

> **Subclass**: All persons throughout the United States (1) to whom EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account serviced by EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc., (3) in connection with which EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. used an artificial or prerecorded voice, (4) after the called party informed EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. that the telephone number it called was a wrong or reassigned telephone number, or instructed EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. to stop placing calls to the telephone number, (5) from four years prior to the filing of this Complaint through the date of class certification.

Excluded from the class and subclass are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

81. The proposed class and subclass are so numerous that, upon information and good faith belief, joinder of all members is impracticable.

82. The exact number of class and subclass members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

83. Given Defendant's status as a debt collector that makes numerous outbound calls as part of its business operations, it stands to reason that the class and subclass will have thousands of members.

84. The proposed class and subclass are ascertainable because they are defined by reference to objective criteria.

85. In addition, the cellular telephone numbers of all members of the class and subclass can be identified in business records maintained by Defendant and third parties, including class members.

86. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

87. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.

88. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though he does not, and never did, have an account in collections with Defendant.

89. Like all members of the proposed subclass, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number, even after he informed Defendant that it was calling the wrong number.

90. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel experienced and competent in class action litigation.

91. Plaintiff has no interests that are contrary to or in conflict with the members of the class or subclass that he seeks to represent.

92. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

93. Furthermore, as the damages suffered by individual members of the class and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class and subclass to individually redress the wrongs done to them.

94. There will be little difficulty in the management of this action as a class action.

95. Issues of law and fact common to the members of the class and subclass predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class and subclass.

96. Among the issues of law and fact common to the class and subclass are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

d. Whether Defendant is liable for artificial and prerecorded voice messages it delivered to persons who did not have an account in collections with it;

e. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after being informed that it is calling the wrong number; and

f. the availability of statutory damages.

97. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class and subclass

98. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, for non-emergency purposes and without his consent.

99. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class and subclass without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class and subclass statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class and subclass their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

### Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: July 7, 2023       /s/*John A. Love*
　　　　　　　　　　　John A. Love (GA Bar No. 459155)
　　　　　　　　　　　LOVE CONSUMER LAW
　　　　　　　　　　　2500 Northwinds Parkway, Suite 330
　　　　　　　　　　　Alpharetta, Georgia 30009
　　　　　　　　　　　Tel: 404-855-3600
　　　　　　　　　　　Fax: (404) 301-2300
　　　　　　　　　　　tlove@loveconsumerlaw.com

　　　　　　　　　　　Max S. Morgan, Esquire*
　　　　　　　　　　　Eric H. Weitz, Esquire*
　　　　　　　　　　　THE WEITZ FIRM, LLC
　　　　　　　　　　　1515 Market Street, #1100
　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　Tel: (267) 587-6240
　　　　　　　　　　　Fax: (215) 689-0875
　　　　　　　　　　　max.morgan@theweitzfirm.com
　　　　　　　　　　　eric.weitz@theweitzfirm.com

　　　　　　　　　　　Michael L. Greenwald*
　　　　　　　　　　　Aaron D. Radbil*
　　　　　　　　　　　GREENWALD DAVIDSON RADBIL PLLC
　　　　　　　　　　　5550 Glades Road, Suite 500
　　　　　　　　　　　Boca Raton, FL 33431
　　　　　　　　　　　Tel: (561) 826-5477
　　　　　　　　　　　mgreenwald@gdrlawfirm.com
　　　　　　　　　　　aradbil@gdrlawfirm.com

　　　　　　　　　　　Counsel for Plaintiff and the proposed class

　　　　　　　　　　　(*motion for admission *pro hac vice* forthcoming)