# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IRISH BENSON, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO. _____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PUBLIX SUPER MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Ms. Irish Benson ("Plaintiff" or "Ms. Benson") submits the following Complaint for Damages and Equitable Relief against Defendant Publix Super Markets, Inc. ("Publix").

## INTRODUCTION

1.

This is an employment case arising from the discrimination against Ms. Benson by Publix on the basis of her age, serious medical condition, and disability. Despite Ms. Benson's solid job performance and nearly two decades of loyalty and service to Publix, Ms. Benson was unlawfully fired because of her age, protected medical leave, and disability, making Publix liable for economic and non-economic damages and equitable relief.

2.

Plaintiff asserts mixed-motive and single motive discrimination claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12112 *et seq.* ("ADAAA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").  She seeks back pay and lost economic benefits of her employment, liquidated damages, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, and her reasonable attorney's fees and costs.

## **JURISDICTION AND VENUE**

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 2000e-5(f)(3).

4.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

5.

Plaintiff Irish Benson is a citizen of the United States residing in the State of Georgia. At all relevant times, Plaintiff was employed by Defendant Publix as a Lab Technician.

6.

Publix is subject to the jurisdiction of this Court. Publix may be served with process by serving its registered agent Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

7.

Publix is an employer within the meaning of the ADAAA, 42 U.S.C. § 12111(5), the FMLA, 29 U.S.C. §2611(4)(A)(ii)(I), and the ADEA, 29 U.S.C. § 630(b).

8.

At all times while Plaintiff was employed by Defendant, there were 50 or more employees employed Publix within 75 miles of her primary worksite. 29 U.S.C. § 2611(2)(B)(ii).

9.

Plaintiff is an "employee" as defined by the ADAAA and the ADEA, and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

10.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADAAA, 42 U.S.C. § 12102(1) and § 12111(8).

## ADMINISTRATIVE PROCEEDINGS

11.

Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

12.

Plaintiff received the Notice of Right to Sue from the EEOC within the last (90) days, and has complied with all other conditions precedent to the assertion of her claims under the ADEA and ADAAA in this lawsuit.

## FACTS

13.

On October 30, 2004, Publix hired Ms. Benson as a Bakery Production Worker for its Bakery Plant in Atlanta, Georgia.

14.

Ms. Benson's job was reclassified to Lab Technician in July 2008.

15.

Ms. Benson continued to work as a Lab Technician until her termination in May 2022.

16.

At the time Ms. Benson was fired she was 61 years old.

17.

For the nearly 18 years that Ms. Benson worked for Publix, she performed her job well.

18.

As a Lab Technician, Ms. Benson was responsible for performing quality control inspections on bakery items at the Publix warehouse, including using a device called a "consistometer" to test pie filling to ensure it had the correct consistency.

19.

Ms. Benson's first instance of written discipline occurred in March 2020.

20.

Ms. Benson did not use the consistometer when testing key lime pie filling because she could not find the device. However, she used her decades of experience as a Lab Technician to determine that the pie filling was the correct consistency.

21.

Ms. Benson suffers from Sciatica and Arthritis.

22.

Ms. Benson applied for and was approved to take intermittent FMLA leave for the aforementioned conditions.

23.

Accordingly, when Ms. Benson experienced a flare up or symptoms relating to her disabilities, she used intermittent FMLA leave to take the day(s) off work or come in late, depending on the severity of the symptoms.

24.

Ms. Benson was approved to take and used intermittent FMLA leave from March 2021 until her termination in May 2022.

25.

In August 2021, Cassandra Williams became the Quality Assurance Department Manager and thus became Ms. Benson's new supervisor. Ms. Williams was approximately 43 years old at the time.

26.

On or about April 2022, after Ms. Benson had taken several days of continuous FMLA leave, she returned to work and overheard Ms. Williams talking about her to a co-worker Brandy Hill, stating: "When you get to a certain age and you can't perform your job, you probably need to find something else to do. She's getting old."

27.

Ms. Williams did not approve of the fact that Ms. Benson needed to take protected medical leave and Ms. Williams had a preference for younger workers.

28.

About a month later, on May 11, 2022, Ms. Williams falsely claimed that Ms. Benson did not submit her daily paperwork at the end of her shift and accused her the next day of leaving it in a cabinet. However, that is not true because Ms. Williams did submit the paperwork and put it in the appropriate tray.

29.

The following day, on May 12, 2022, Ms. Williams was terminated for supposedly being "repeatedly dishonest" about completing the paperwork.

30.

However, Ms. Benson was never dishonest about anything with her supervisors or the completion of the necessary paperwork.

31.

While Ms. Benson was fired for the aforementioned alleged offenses, another Lab Technician, Demetrius L/N/U, had at least two instances of known dishonesty and yet he was not terminated. Notably, Demetrius is much younger and did not take protected medical leave.

32.

Ms. Benson had planned to work for Publix until she retired.

33.

When she was fired, Ms. Benson was deprived of her ability to continue intermittent FMLA leave, lost her medical insurance and income. She has not been able to find a job to date despite her diligent mitigation efforts.

## COUNT I

## INTERFERENCE WITH FMLA LEAVE

34.

Plaintiff incorporates paragraphs 1 through 33 herein by reference as if set forth fully herein.

35.

Ms. Benson was an eligible employee who was entitled to a total of 12 workweeks of leave because of her own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

36.

By terminating Ms. Benson's employment when she was entitled to take additional leave under 29 U.S.C. § 2612(a)(1)(D), among other actions, Defendant interfered with and prevented Ms. Benson from exercising the rights provided to her under the FMLA.

37.

The actions of Defendant in interfering with Ms. Benson's leave under the FMLA were committed with reckless disregard for her right to take up to 12 workweeks of leave time because of her serious health condition and in violation of 29 U.S.C. § 2612(a)(1)(D).

38.

The effect of the actions of Defendant has been to deprive Ms. Benson of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits as a result of her right to leave under the FMLA.

39.

Accordingly, and because the violations of the FMLA committed by Defendant, Ms. Benson is entitled to both equitable and monetary relief pursuant to 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

40.

Ms. Benson is also entitled to liquidated damages for the willful violation of her rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II

## RETALIATION IN VIOLATION OF THE FMLA

41.

Plaintiff incorporates paragraphs 1 through 33 herein by reference as if set forth fully herein.

42.

Ms. Benson was an eligible employee who was entitled to a total of 12 workweeks of leave because of her own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

43.

By terminating Ms. Benson's employment because she exercised and attempted to exercise rights under 29 U.S.C. § 2612(a)(1)(D), Defendant retaliated against Ms. Benson because of her exercise of rights under the FMLA.

44.

Defendant's actions in retaliating against Ms. Benson because she exercised and attempted to exercise rights under the FMLA were committed with reckless disregard for her right to take up to 12 workweeks of leave time because of her own serious health condition, and in violation of 29 U.S.C. § 2612(a)(1)(D).

45.

The effect of Defendant's actions has been to deprive Ms. Benson of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits because she exercised FMLA rights.

46.

Accordingly, and because the violations of the FMLA committed by Defendant, Ms. Benson is entitled to both equitable and monetary relief pursuant to 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

47.

Ms. Benson is also entitled to liquidated damages for the willful violation of her rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

48.

Plaintiff incorporates paragraphs 1 through 33 by reference as if set forth fully herein.

49.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

50.

At all times relevant, Ms. Benson was an individual with a disability as defined by the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had mental and physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

51.

At all relevant times, Ms. Benson has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and she was able to perform the essential functions of her job with or without a reasonable accommodation.

52.

Defendant intentionally discriminated against Ms. Benson by subjecting her to adverse employment actions including, but not limited to, the termination of her employment, because of her disabilities.

53.

Defendant violated Ms. Benson's rights under the ADAAA, 42 U.S.C. § 12112, by discriminating against her on the basis of her disabilities.

54.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Benson has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

55.

Defendant's actions have caused and will continue to cause Ms. Benson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

56.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Benson's federally protected rights, and she is therefore entitled to punitive damages.

57.

Ms. Benson is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

58.

Plaintiff incorporates paragraphs 1 through 33 by reference as if set forth fully herein.

59.

Plaintiff is a member of the protected age group in that she is 62 years old.

60.

Plaintiff was subjected to different terms and conditions of employment, including, but not limited to, being terminated because of her age.

61.

Plaintiff was replaced, or her job duties were transitioned to, one or more workers who were not in the protected age group or who were substantially younger than Plaintiff was, or were substantially younger than Plaintiff and did not share other protected characteristics of Plaintiff.

62.

The above-pled discriminatory conduct constitutes unlawful age discrimination in violation of the ADEA.

63.

Defendants acted in bad faith and willfully violated Plaintiff's rights under the ADEA.

64.

As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

65.

Pursuant to the ADEA, Plaintiff is entitled to damages including, back pay and lost benefits, front pay or reinstatement in lieu of front pay, liquidated damages, reasonable attorney's fees and costs of litigation, and all other relief recoverable under the ADEA and statutes providing for relief under the ADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

    A.    That the Court take jurisdiction of this matter;

    B.    That process be served;

    C.    That the Court award Plaintiff her back pay and lost economic benefits of employment and front pay in an amount to be determined at the trial of this case;

D. That the Court award compensatory damages in an amount to be determined by the trier of fact;

E. That the Court award Plaintiff liquidated damages under the FMLA and the ADEA;

F. That the Court award Plaintiff punitive damages against Defendant Moore in an amount to be determined by the trier of fact;

G. That the Court award Plaintiff her costs of litigation in this action and her reasonable attorney's fees;

H. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

I. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 7th day of July, 2023.

**BEAL SUTHERLAND BERLIN & BROWN LLC**

By: */s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
Brian J. Sutherland
Georgia Bar No. 105408
brian@beal.law
945 East Paces Ferry Road
Suite 2000
Atlanta, Georgia 30326
*Counsel for Plaintiff*