# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
06/07/2023
CT Log Number 544016950

## Service of Process Transmittal Summary

**TO:** Jessica Garcia, Paralegal
Bird Rides, Inc.
8605 SANTA MONICA BLVD., #20388
WEST HOLLYWOOD, CA 90069

**RE:** **Process Served in Georgia**

**FOR:** BIRD RIDES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ARMAND LEWIS // To: BIRD RIDES, INC. |
| **CASE #:** | 23C03521S3 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/07/2023 at 11:31 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Clint Johnson  clint@bird.co |
| | Email Notification,  Jessica Garcia  jessica.garcia@bird.co |
| | Email Notification,  Lisa Murison  lisa.murison@bird.co |
| | Email Notification,  Chase Greene  chase.greene@bird.co |
| | Email Notification,  Jason Orr  jason.orr@bird.co |
| | Email Notification,  Francis Lam  francis.lam@bird.co |
| | Email Notification,  Megan McDonough  megan.mcdonough@bird.co |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc.
289 S. Culver St.
Lawrenceville, GA 30046
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 7, 2023
**Server Name:** Drop Service

| Entity Served | BIRD RIDES INC |
|---|---|
| Case Number | 23-C-03521-S3 |
| Jurisdiction | GA |

| Inserts ||
|---|---|
|  |  |



SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-C-03521-S3

Date Filed 05/22/2023

Georgia, GWINNETT COUNTY

| | | |
|---|---|---|
| Superior Court | ☒ | Magistrate Court ☐ |
| State Court | ☐ | Probate Court ☐ |
| Juvenile Court | ☐ | |

Attorney's Address
BRYANT LAW FIRM
931 MONROE DR., STE.
A102-124, ATLANTA GA 30308

Name and Address of Party to be Served.
BIRD RIDES, INC. C/O NAT'L
REGISTERED AGENTS, INC.,
289 CULVER STREET SOUTH
LAWRENCEVILLE, GA 30046

ARMAND LEWIS
Plaintiff

VS.

BIRD RIDES, INC
Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant Bird Rides Inc June Richardson a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 7 day of June, 20 __.

W. Coberly SO1732
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **ARMAND LEWIS** | Cause No.: | **23-C-03521-S3** |
| Plaintiff/Petitioner | Hearing Date: | |
| vs. | | |
| **BIRD RIDES, INC** | DECLARATION OF SERVICE OF: | |
| Defendant/Respondent | **SUMMONS; COMPLAINT** | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

Documents came to hand on the _____ day of _____, 20___ at _____ o'clock __M.

On the date and time of _____ at the address of **289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046**, the undersigned served the above described documents upon: **Bird Rides, Inc. c/o Nat'l Registered Agents, Inc., REGISTERED AGENT**

☐ **Corporate Service**
by then and there personally delivering ___ true and correct copy(ies) thereof, by then presenting to and leaving the same with

_____
*Name and Title of Person Receiving Documents*

_____
*Physical description*

**COMMENTS**
_____
_____

DATED this _____ day of _____ 20 _____.

_____  _____  _____
*Process Server Name*        *Reg. State, County and ID#*   *Signature*

**ORIGINAL PROOF OF SERVICE**



ABC Legal Services, LLC
633 Yesler Way
Seattle, WA 98104

Page 1 of 1

Ref #: REF-12835714
Tracking #: 0107365889



IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **ARMAND LEWIS** | Plaintiff/Petitioner | Cause No.: **23-C-03521-S3** <br> Hearing Date: |
| vs. | | |
| **BIRD RIDES, INC** | Defendant/Respondent | DECLARATION OF NON-SERVICE OF: <br> **SUMMONS; COMPLAINT** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

Documents came to hand on the _____ day of _____, 20___ at _____ o'clock __M.

On the date and time of _____ at the address of **289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046**, the undersigned attempted to serve the above described documents upon: **Bird Rides, Inc. c/o Nat'l Registered Agents, Inc., REGISTERED AGENT**

The undersigned diligently searched the local area described as:

_____

*Cities and/or Counties Searched*

for defendant and was unable to find defendant for process service at this time. The following attempts and resources used for this search are described below:

| Date | Time | Address | Remarks |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**COMMENTS**

_____

_____

DATED this _____ day of _____ 20 _____.

| Process Server Name | Reg. State, County and ID# | Signature |
|---|---|---|

**ORIGINAL PROOF OF NON SERVICE**


ABC Legal Services, LLC
633 Yesler Way
Seattle, WA 98104

Page 1 of 1

Ref #: REF-12835714
Tracking #: 0107365897



E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03521-S3**
5/22/2023 9:23 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Armand Lewis**

PLAINTIFF

CIVIL ACTION NUMBER:_____

23-C-03521-S3

VS.

**Bird Rides, Inc.**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**C. E. Bryant Law Firm
c/o Clarence Bryant, Esq.
931 Monroe Dr., Ste. A102-124, Atlanta, Ga 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **22nd** day of **May**, 20**23**.

23rd day of May, 2023

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-03521-S3
5/22/2023 9:23 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Armand Lewis | * |
| Plaintiff, | * Civil Action No.: |
| | * 23-C-03521-S3 |
| v. | * |
| Bird Rides, Inc. | * |
| Defendant. | * |

### JURY TRIAL DEMANDED

### ARMAND LEWIS' COMPLAINT FOR DAMAGES

COMES NOW *Armand Lewis*, plaintiff, and makes and files this complaint against defendant *Bird Rides, Inc. ("Bird" or "Defendant")* as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff *Armand Lewis* resides at *438 Tazor St., Apt.1, Atlanta, Fulton County, Ga., 30314* and is subject to the jurisdiction of this court.

2.

*Bird Rides, Inc.* is a *FOREIGN* corporation existing under the laws of *STATE OF CALIFORNIA* with its principal place of business located at 8605 Santa Monica Blvd., #20388, West Hollywood, CA, 90069, USA and may be served through its registered agent *National Registered Agents, Inc.* at *289 S CULVER ST., LAWRENCEVILLE, GWINNETT COUNTY, GA, 30046*, and is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

4.

Defendant placed the subject product into the stream of interstate and worldwide commerce.

5.

At all relevant times, defendant transacted, solicited and conducted business in the State of Georgia and derived substantial revenue from such business.

## **BACKGROUND**

6.

Defendant designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and/or sold the product known as *Bird ("Bird Air" or "Electric Scooter," or "E-scooter")*.

7.

Defendant advertised the subject product as *a "robust personal e-scooter that's built for a smooth and comfortable ride anywhere, anytime. With front wheel suspension to absorb shock, a longer platform and a wide base, the Bird Flex provides stability, comfort, and the ultimate freedom to ride electric."*.

8.

The intended purpose of the product was for motorized travel.

9.

Plaintiff used subject product for its intended purpose.

10.

Unbeknown to plaintiff at the time he purchased and/or was gifted the product and used the subject product, the subject product had latent and dangerous properties that *would inhibit the Bird from stopping properly*.

11.

As a result of using the product, *Mr. Lewis suffered a broken arm/wrist and a strained back*.

12.

At all times relevant herein, defendant knew or should have known that the subject product was unreasonably dangerous.

13.

Had the defendant properly disclosed the risks associated with using the product, plaintiff would not have used it.

## COUNT 1
## NEGLIGENCE

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times material hereto, defendant had a duty to exercise reasonable care to consumers, including plaintiff, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the subject product.

16.

The defendant breached its duty of reasonable care to plaintiff in that it negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled and/or sold the subject product.

17.

At all times material hereto, defendant also had a duty to exercise reasonable care to timely warn customers of dangers associated with its products and to timely recall defective products.

18.

The defendant breached its duty when it failed to timely warn of the dangers and defects in its product and when it failed to timely recall the product once the dangers became known to it.

19.

Defendant's carelessness and negligence was direct and proximate cause of plaintiff's injuries and damages.

## COUNT 2
## STRICT LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant is responsible for the design, testing, manufacturing, marketing and sale of the subject product.

22.

The subject product was defectively designed and/or manufactured such that, at the time it was placed in the stream of commerce by defendant, it *it had a faulty braking system and/or mechanism.*

23.

The product was defective because it was not merchantable nor reasonably suited to its intended uses.

24.

The product was defective in design in that, when it left the hands of defendant, the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

25.

Alternatively, the subject product supplied by defendant was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

26.

The subject product was defective and unreasonably dangerous when it left the possession of defendant in that it contained warnings insufficient to alert consumers, including plaintiff, of the dangerous risks and reactions associated with the subject product, notwithstanding defendant's knowledge of such risks and reactions.

27.

Defendant knew or should have known that the product was a dangerously defective product that posed an unacceptable risk unknown to, and unknowable by, the consuming public, including plaintiff.

28.

Defendant is strictly liable for plaintiff's injuries and damages.

## COUNT 3
## BREACH OF EXPRESS WARRANTY

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant expressly warranted to plaintiff that the subject product was safe and fit for use for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

31.

At the time of the making of the express warranties, defendant knew or should have known of the purposes for which the subject product was to be used and it warranted that the product was, in all respects, fit, safe, and effective and proper for such purposes.

32.

At the time of the making of the express warranties, defendant knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that the product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

33.

Plaintiff purchased and used the product for its intended purposes.

34.

Plaintiff relied on defendant's express warranties.

35.

Defendant breached said express warranties in that the product was not safe or fit for its intended use and, in fact, subjected its users to a significant risk of injury.

## COUNT 4
## BREACH OF IMPLIED WARRANTY

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendant designed, manufactured, marketed, distributed and supplied the product.

38.

At the time that defendant manufactured, marketed, distributed, supplied and/or sold the subject product, it knew of the use for which the subject product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

39.

Plaintiff used the product for its intended purpose.

40.

Due to defendant's wrongful conduct, as alleged herein, plaintiff could not have known about the nature of the risks and side effects associated with the product until after using it.

41.

Contrary to defendant's implied warranty, the product was not of merchantable quality and was not safe or fit for its intended uses and purposes.

## COUNT 5

## FRAUDULENT MISREPRESENTATION

42.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 41 above as if fully restated.

43.

Defendant falsely and fraudulently represented to the medical and health-care community, to plaintiff, the FDA, and the public in general, that the product had been properly tested and was found to be safe and/or effective.

44.

Defendant's representations regarding the product were, in fact, false.

45.

When defendant made said representations, it knew those representations to be false and it willfully, wantonly and recklessly disregarded the truth of the representations.

46.

Defendant made these representations with the intent of defrauding and deceiving plaintiff, the public in general, and the medical and health-care community in particular, and were made with the intent of inducing the public, including plaintiff, and the medical and health-care community in particular, to recommend, dispense and/or purchase the subject product, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of plaintiff and the public in general.

47.

At the time defendant made the aforesaid representations and at the time the plaintiff used the subject product, plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

48.

Plaintiff reasonably relied on defendant's representations and was induced to use the product as a result of these representations.

## COUNT 6
## DAMAGES

49.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 48 above as if fully restated.

50.

As a result of defendant's conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future.

51.

As a result of defendant's conduct, plaintiff has incurred past and future lost wages.

52.

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

## COUNT 7
## PUNITIVE DAMAGES

53.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 52 above as if fully restated.

54.

Defendant's conduct evidences a conscious indifference to the consequences of its actions, which would entitle plaintiff to an award of punitive damages under O.C.G.A. § 51-12-5.1.

WHEREFORE, plaintiff prays that he have a trial on all issues and judgment against defendant as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.


This 22nd day of May, 2023.

*Clarence Bryant*
Clarence E. Bryant
Georgia Bar #724560
Attorney for the Plaintiff

**C.E. Bryant Law Firm**
931 Monroe Drive
Suite A 102-124
Atlanta, GA 30308
(833) 727-3224 ext. 0 – Phone
(404) 635-2381 – Fax
clarence@cebryantlaw.com