IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ZOE ILEANA MARTINEZ** and<br>**EDUARDO MARTINEZ**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE TJX COMPANIES, INC**. and<br>**HOMEGOODS, INC.**<br><br>Defendants. | **CIVIL ACTION**<br>**FILE NO. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW, Zoe Ileana Martinez, and Eduardo Martinez, and file this Complaint against Defendants, The TJX Companies, Inc. and HomeGoods, Inc. for negligence and carelessness on the part of Defendants, which caused Plaintiffs injuries and damages and respectfully show the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs, Zoe Ileana Martinez (hereinafter "Mrs. Martinez") and Eduardo Martinez, (hereinafter "Mr. Martinez") are citizens and residents of DeKalb

1

County, State of Georgia. At all times relevant to this Complaint, Plaintiffs were, and are, husband and wife.

2.

Defendant The TJX Companies, Inc. (hereinafter "TJX Companies") is a corporation licensed to do business in the State of Georgia and organized under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, MA, 01701. TJX is subject to the jurisdiction of this Court and may be served by serving the Summons and a copy of the Complaint on its registered agent, CT Corporation System 289 S Culver St. Lawrenceville, GA 30046-4805.

3.

Defendant HomeGoods, Inc. (hereinafter "HomeGoods") is a corporation licensed to do business in the State of Georgia and organized under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, MA 01701. Defendant HomeGoods is subject to the jurisdiction of this Court and may be served by serving the Summons and a copy of the Complaint on its registered agent, CT Corporation System 289 S Culver St. Lawrenceville, GA 30046-4805.

4.

TJX Companies is the leading off-price retailers of apparel and home fashions in the U.S. and worldwide. As of April 29, 2023, it operated 4,865 stores in nine countries, and five e-commerce sites, which stores and e-commerce sites include Defendant HomeGoods.

5.

Defendant HomeGoods is a wholly owned subsidiary and/or division of Defendant TJX Companies and identifies and represents itself to the public as a TJX Companies' corporation and maintains the same corporate leadership in their Chief Executive Officer, Chief Financial Officer, and Secretary. Upon information and belief, Defendant TJX controlled the business affairs and operations of Defendant HomeGoods as its parent company, which are both publicly traded on the New York Stock Exchange under the same stock symbol identified as "TJX."

6.

At all times relevant to this Complaint, Defendant HomeGoods acted as an agent or apparent agent of Defendant TJX Companies and was acting within the course and scope of its agency with knowledge, authorization, or ratification, either express or implied, of Defendant TJX Companies in the performance of the acts and/or omissions alleged in this Complaint.

7.

At all times relevant to this Complaint, Defendant HomeGoods was the mere alter ego, or instrumentality, of Defendant TJX. There is such unity of interest and ownership of Defendant TJX Companies and Defendant HomeGoods that the separate personalities of the entities do not exist.

8.

At all times relevant to this Complaint, Defendant TJX Companies and Defendant HomeGoods combined their property, labor, and financial resources in a joint undertaking for profit and acted in concert in the establishment, management, operation, and control of HomeGoods business and retail stores, including the store located at 1155 Mt. Vernon Highway, Dunwooody, Georgia 30338 (hereinafter "HomeGoods Store") where, on July 10, 2021, Mrs. Martinez tripped and fell as a direct and proximate cause of a dangerous, hazardous and defective static condition existing in the HomeGoods flooring, and sustained serious and permanent injuries and damages, rendering Defendants jointly liable to Plaintiffs.

9.

Pursuant to 28 U.S.C. § 1332 jurisdiction and venue in this Court are proper in that Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs and the acts and/or

omissions that resulted in Plaintiffs' injuries and damages occurred in DeKalb County, Georgia.

## FACTS

10.

On July 10, 2020, Mrs. Martinez was a customer at the HomeGoods Store shopping for a birthday gift for one of her daughters. As she was walking down one of the HomeGood Store aisles, suddenly and without warning Mrs. Martinez tripped on a defective, dangerous and hazardous flooring of the HomeGoods Store that Defendants collectively and jointly managed, operated and/or controlled. More specifically, the vinyl flooring in the store was laid over a cable or other uneven structure in the subfloor, creating a protrusion that caused Mrs. Martinez to trip and fall. (See Composite Exhibit "A").

11.

When Mrs. Martinez tripped and fell on the defective HomeGoods flooring, she forcefully landed face down on the floor with her left arm extended and fully outstretched on the floor. As she fell and hit the floor, Mrs. Martinez heard a crack near her left shoulder (which was right next to her ear because of how she landed). Mrs. Martinez had to be lifted from the floor by a fellow male shopper and a female HomeGoods employee. Mrs. Martinez's left arm went limp and she felt

debilitating and excruciating pain in her left shoulder and arm. Immediately thereafter she was seen in the hospital emergency room where an x-ray revealed that Mrs. Martinez suffered a left shoulder fracture with displacement, meaning the bone fragments were separated, and her left arm was immobilized in a sling and she was instructed not to use, or move the arm.

12.

Furthermore, as a result of the trip and fall caused by the negligent, careless, wanton and consciously indifferent acts and/or omissions of Defendants Mrs. Martinez sustained injuries and damages in addition to the displaced fracture of her left shoulder, including:

    a. severe bruising and hematoma of her shoulder and arm (See Composite Exhibit "B");

    b. Adhesive Capsulitis of her left shoulder (a/k/a frozen shoulder) an excruciatingly painful and long-lasting inflammation of the connective tissue in her shoulder which substantially impacted the range of motion in her arm;

    c. a tear of the posterosuperior and posterior labrum, that is, a tear at the front of the upper arm where the bicep tendons connect to the shoulder;

d.  mild Subacromial Subdeltoid Bursitis – a painful inflammation and swelling of the Bursa, the membrane that cushions the space between the shoulder bones;

e.  a partial tear of the left shoulder rotator cuff with chronic inflammation; and

f.  moderate osteoarthritis/fibro-osseous expansion of the left Acromioclavicular joint, a degeneration of the bones and damage to the surrounding cartilage.

13.

Mrs. Martinez had no actual or constructive knowledge of the defective, dangerous and hazardous flooring of the HomeGoods Store prior to her tripping and falling, including because the protrusion was concealed due to the multiple and varied coloration of the HomeGoods Store flooring and the lighting in the HomeGoods Store.  (See Composite Exhibit "A").

14.

Defendants TJX Companies and HomeGoods and their agents and employees acting within the scope of their agency and/or employment negligently, carelessly and with complete indifference to the health safety and welfare of their customers caused the flooring to be installed and maintained in a hazardous,

dangerous and defective condition of which they had actual and superior knowledge. Thus, Defendants are liable for the acts and/or omissions of those agents and/or employees under theories of respondeat superior, master/servant, principal/agent, and general agency principles.

15.

At all times relevant to this Complaint, Mrs. Martinez did not contribute to the above referenced incident and was simply walking down the HomeGoods store aisle unaware of the concealed, dangerous and hazardous defect in the flooring.

16.

As a direct and proximate result of the defective, dangerous, and hazardous condition of the HomeGoods Store flooring, and the acts and omissions of Defendants, Plaintiff Mrs. Martinez suffered the following injuries and damages:

a. any months of extensive physical pain, anguish, and suffering;

b. permanent injuries and disability past, present and future;

c. expenses for past medical care and treatment, including hospital emergency room visit, orthopedist, physical therapy, X-rays, MRI and pain medication;

d. expenses for future medical care and treatment, including future surgery;

e.  many months of inability to sleep because of the pain from the shoulder injuries;

f.  many months of inability to perform activities of daily living, including but not limited to bathing, grooming, using the bathroom, dressing, and driving;

g.  past, present and future inability to carry on normal family life and recreational activities;

h.  emotional pain, suffering, trauma and distress, including because Mr. Martinez had to assist Mrs. Martinez in using the bathroom, showering, dressing, grooming, cooking, shopping and in doing all other such personal and household activities, and because of inability to sleep because of pain resulting in lack of concentration, irritability, and anxiety.

i.  loss of enjoyment of life;

j.  inability to properly perform her job as a lawyer and to properly service existing clients and potential clients; and

k. loss of earnings in excess of $100,000 and premature retirement.

17.

As a direct and proximate result of Mrs. Martinez's aforementioned injuries, her husband, Plaintiff Mr. Martinez suffered the following injuries and damages including:

a. loss of consortium;

b. loss of revenue and earnings;

c. loss of relationship and companionship;

d. loss of love, affection, aid, services and society;

e. loss of enjoyment, comfort, and other privileges and benefits arising out of the covenants of marriage;

f. many months of lost sleep because of Mrs. Martinez's pain;

g. having to drive Mrs. Martinez to medical and work commitments.

## COUNT I - NEGLIGENCE

**Against Defendants TJX Companies and HomeGoods.**

18.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 17 above as if fully restated.

19.

At all times relevant to this Complaint, Defendant TJX Companies and Defendant HomeGoods collectively and jointly owned, operated, and managed the HomeGoods Store where Mrs. Martinez tripped and fell as a result of the dangerous, hazardous and defective flooring.

20.

At all times relevant to this Complaint, Defendant TJX and Defendant HomeGoods knew or should have known that Plaintiff, Mrs. Martinez and other customers, business invitees, and the public at large would walk up and down the store aisles while shopping at the HomeGoods Store and that they could and would trip and fall as a result of the dangerous, hazardous and defective flooring.

21.

At all times relevant to this Complaint, and pursuant to Georgia law, including O.C.G.A. § 51-3-1, Defendants owed the Plaintiffs, other customers, business invitees, and the public at large the following duties as it relates to the HomeGoods Store:

   a. to maintain their store in a reasonably safe condition;

   b. to properly install and maintain the floor such that there are no protrusions that can and did cause Mrs. Martinez to trip and fall;

    c. to inspect their store for any known, hidden and/or unreasonably dangerous defects and conditions and to correct all such defects and conditions;

    d. to warn of any known, hidden and/or unreasonably dangerous defects;

    e. to remedy any and all known or hidden unreasonably dangerous defects existing in their store;

    f. to follow and comply with all applicable laws, regulations, and codes;

    g. to inspect, remedy, and warn of defective, hazardous and dangerous conditions existing in their stores to which their customers, business invitees, the general public, and the Plaintiffs were exposed;

    h. to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

22.

The injuries and damages incurred by the Plaintiffs were directly and proximately caused by the Defendants' careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars:

    a. in failing to maintain their store in a reasonably safe condition;

b. in failing to properly install and maintain the floor such that there are no protrusions that can and did cause Mrs. Martinez to trip and fall;

c. in failing to inspect their store for any known, hidden and/or unreasonably dangerous defects and conditions and to correct all such defects and conditions;

d. in failing to warn of any known, hidden and unreasonably dangerous defects;

e. in failing to remedy any and all known unreasonably dangerous defects and conditions existing in their store;

f. in failing to follow and comply with all applicable laws, regulations, and codes;

g. in failing to inspect, remedy, and warn of defective, hazardous and dangerous conditions existing in their stores to which their customers, business invitees, the general public, and the Plaintiffs are exposed;

h. in failing to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

23.

The injuries and damage suffered by the Plaintiffs were or should have been reasonably foreseeable to the Defendants.

## DAMAGES

**Against Defendants TJX Companies and HomeGoods.**

24.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 23 above as if fully restated.

25.

As a direct and proximate result of the Defendants' acts and omissions, Mrs. Martinez suffered injuries and damages as detailed above in Paragraphs 12 and 16 (and subsections thereof) and elsewhere throughout this Complaint, including but not limited to medical and other necessary expenses, inability to carry on normal activities, permanent injuries and disability, loss of enjoyment of life, lost earnings from her job, and mental and physical pain and suffering.

26.

As a direct and proximate result of Defendant's acts and omissions, Mr. Martinez suffered injuries and damages detailed in this Complaint, including in Paragraph 17 and its subsections above, including but not limited to loss of consortium, loss of revenue and earnings, loss of relationship and companionship, loss of love, affection, aid, services and society, loss of enjoyment, comfort, and other benefits and privileges arising from the covenants of marriage.

## **PUNITIVE DAMAGES**

### **Against Defendants TJX Companies and HomeGoods**

27.

Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 26 above as if fully restated.

28.

Defendants' conduct was the direct and proximate cause of the resulting injuries and damages to the Plaintiffs, and such conduct as reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and/or omissions and entitles the Plaintiffs to an award of punitive damages.

29.

Despite full knowledge of Plaintiff's trip and fall because of the defective, hazardous and dangerous flooring at the HomeGoods Store, which flooring Defendants installed, controlled, and maintained in such manner, Defendants have not fixed or remedied said flooring and have not warned about the protrusion in the flooring that caused Mrs. Martinez to trip and fall.

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against the Defendants as follows:

a) That process and Summons are issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

b) That service be had upon Defendants as provided by law;

c) That Plaintiffs recover actual and punitive damages against the Defendants;

d) That Plaintiffs recover reasonable attorneys' fees and costs of litigation;

e) That Plaintiffs recover such other and further relief as is just and proper; and,

f) That all issues be tried before a jury.

Respectfully submitted this 7th day of July 2023.

>   */s/ Zoe Ileana Martinez, Esq.*
>   Georgia Bar No. 474660
>   4833 Dunwoody Station Drive
>   Dunwoody, Georgia 30338