## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE: PARAGARD PRODUCTS
LIABILITY LITIGATION

This document relates to:

 ELYSA OLSON

vs.

TEVA PHARMACEUTICALS USA, INC., ET AL.

_____

:   MDL DOCKET NO. 2974
:
:
:
:   1:20-md-02974-LMM
:
:
:
:   Civil Action No.: _____
:
:
:
:
:
:
:

## <u>SHORT FORM COMPLAINT</u>

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

    1.    Name of Plaintiff placed with Paragard: Elysa Olson
_____

_____

    2.    Name of Plaintiff's Spouse (if a party to the case): N/A
_____

_____

3.      If case is brought in a representative capacity, Name of Other Plaintiff
        and capacity (i.e., administrator, executor, guardian, conservator):
        N/A
        _____

        _____


4.      State of Residence of each Plaintiff (including any Plaintiff in a
        representative capacity) at time of filing of Plaintiff's original
        complaint:      Vermont
                        _____

        _____


5.      State of Residence of each Plaintiff at the time of Paragard placement:
        New Hampshire
        _____


6.      State of Residence of each Plaintiff at the time of Paragard removal:
        Vermont
        _____


7.      District Court and Division in which personal jurisdiction and venue
        would be proper:
        Vermont District Court - Brattleboro, VT
        _____

        _____


8.      Defendants. (Check one or more of the following five (5) Defendants
        against whom Plaintiff's Complaint is made. The following five (5)
        Defendants are the only defendants against whom a Short Form
        Complaint may be filed. No other entity may be added as a defendant
        in a Short Form Complaint.):


2

☑  A. Teva Pharmaceuticals USA, Inc.

☑  B. Teva Women's Health, LLC

☑  C. Teva Branded Pharmaceutical Products R&D, Inc.

☑  D. The Cooper Companies, Inc.

☑  E. CooperSurgical, Inc.


9.  Basis of Jurisdiction

☑  Diversity of Citizenship (28 U.S.C. § 1332(a))

☐  Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 11/04/2016 | Maribeth Fries, NP, Planned Parenthood - Keene, 8 Middle Street, Keene, NH 03431 | 9/2018 | N/A |
|  |  | 9/6/2018 | Brattleboro Memorial Hospital, 17 Belmont Ave., Brattleboro, VT 05301 |

11.  Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☑ Yes

☐ No

12.  Brief statement of injury(ies) Plaintiff is claiming:

As a direct and proximate result of using Paragard, Plaintiff suffered mental and physical injuries
including but not limited to, pain, suffering, and loss of reproductive health.

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13.  Product Identification:

a.  Lot Number of Paragard placed in Plaintiff (if now known):

515005

b.  Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

☐ Yes

☑ No

14.  Counts in the Master Complaint brought by Plaintiff(s):

☑ Count I – Strict Liability / Design Defect

☑ Count II – Strict Liability / Failure to Warn

☑ Count III – Strict Liability / Manufacturing Defect

☑ Count IV – Negligence

☑ Count V – Negligence / Design and Manufacturing Defect

☑ Count VI – Negligence / Failure to Warn

4

☑ Count IX – Negligent Misrepresentation

☑ Count X – Breach of Express Warranty

☑ Count XI – Breach of Implied Warranty

☑ Count XII – Violation of Consumer Protection Laws

☑ Count XIII – Gross Negligence

☑ Count XIV – Unjust Enrichment

☑ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15.  "Tolling/Fraudulent Concealment" allegations:

a.  Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

☑ Yes

☐ No

b.  If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

None at this time.
_____

_____

16.    Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a.    Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☑ Yes

    ☐ No

    b.    If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

    i.    The alleged statement(s) of material fact that Plaintiff alleges was false: Paragard was a safe, effective and reversible form of birth control and Paragard was safe or safer than other products on the market.

    ii.    Who allegedly made the statement: Defendants.

    iii.    To whom the statement was allegedly made: Plaintiff and her implanting physician.

    iv.    The date(s) on which the statement was allegedly made: Defendants' statements in its label and marketing materials at all relevant times prior to implant.

17.    If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a.    What does Plaintiff allege is the manufacturing defect in her Paragard? N/A

18.   Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: <u>N/A</u>

_____

19.   Jury Demand:

☑   Jury Trial is demanded as to all counts

☐   Jury Trial is NOT demanded as to any count

<u>**s/**  Robert M. Hammers, Jr.</u>
Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

<u>5555 Glenridge Connector, Suite 975</u>
<u>Atlanta, GA 30342</u>
<u>770-900-9000</u>
<u>GA Bar No. 337211</u>

7