IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVETTE MCCAULEY,<br><br>    Plaintiff,<br><br>v.<br><br>LARKIN BENEFIT ADMINISTRATORS,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Yvette McCauley ("Plaintiff"), by and through undersigned counsel, and filed this, her Complaint for Damages against Defendnat Larkin Benefit Administrators, ("Defendant") stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendnat's unlawful conduct against her in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act ("the ADEA").

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## **PARTIES**

4.

Plaintiff is a female citizen of the United States of America who at all relevant times was over the age of 40 and is subject to the jurisdiction of this Court.

5.

Defendant has at all times material hereto conducted business in this district, including employing Plaintiff.

6.

Defendant may be served by delivering a copy of the Summons and Complaint to its Registered Agent, Jonathan Larkin, at 6735 Pine Cone Road, Granite Bay, CA, 95746.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII and the ADEA. The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTS

8.

Plaintiff was hired by Defendant as a Human Resources Administrator on September 26, 2022.

9.

At all times relevant, Plaintiff was 60 years old.

10.

When Plaintiff began working, she noticed that Ray Dewey, a Trainer with Defendant, was biased against female employees.

11.

Dewey would ignore females and help males, including in providing training to males and not females.

12.

When males asked for help, Dewey would immediately assist them, but when females asked for help, he would not, and would tell them he would get to them when he had time.

13.

Plaintiff and another female employee, Naomi Brannon, attempted to address this with Dewey multiple times, but he would simply laugh and ignore their complaints.

14.

Another employee, Khadejah Brannon, also complained about Dewey's discriminatory treatment.

15.

Because Dewey did not respond to Plaintiff and other employees' complaints, Plaintiff scheduled a meeting, on or about October 25, 2022, with Dewey and Sonya Davis, her floor manager.

16.

That day, before the meeting, Dewey, while talking to other employees named Georgina and Awalksi Jones, looked at Plaintiff and called her an "old ass."

17.

Plaintiff then met with Davis and Dewey, where she reiterated her concerns that Dewey was treating women differently, that she believed she was being forced to work in a hostile work environment based on her gender, and that she was being discriminated against based on her gender.

18.

Plaintiff additionally complained that Dewey had called her an "old ass" and said she believed the hostile work environment and discrimination was based on her age as well.

19.

During the meeting, at some point, Dewey became angry and told Plaintiff "good luck, if you're still here."

20.

After making that comment, Dewey left the room.

21.

Plaintiff then pointed out to Davis that this was another example of the way Dewey had been acting, and Davis said she would talk to him later.

22.

After the meeting, Davis began to nitpick Plaintiff's performance and began to bother her about printing her materials.

23.

Davis did not do the same to other employees who were printing their materials.

24.

On November 1, 2022, Davis reached out to Plaintiff and asked her how she felt about the technology at the job and the job itself.

25.

Plaintiff responded that she felt fine except for the issues with the Virtual Private Network not working, an issue that all employees had.

26.

Plaintiff also reiterated her complaints about Dewey's discrimination, complaining that he was still being discriminatory.

27.

Plaintiff also complained that Dewey was now requiring her to do tasks "ASAP," which was not being done to other employees and was done even though Plaintiff now had clients to perform work for.

28.

Davis told me to prioritize what Dewey had asked me to do and again said she would talk to him.

29.

Then, on November 10, 2022, Davis terminated Plaintiff, telling Plaintiff she was not doing well with the technology.

30.

After Plaintiff's termination, Jill Bornemann, who had placed Plaintiff with Defendant, told Plaintiff that she had made the decision to stop placing older people at Respondent because other individuals she had placed there had also complained about age discrimination.

31.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of the unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

### CLAIM FOR RELIEF

### COUNT I
### TITLE VII RETALIATION

32.

Plaintiff realleges and incorporates paragraphs 1-31 as if set forth fully herein.

33.

Plaintiff is a member of a protected class, i.e., she is a woman.

34.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

35.

Plaintiff's complaints and opposition to, inter alia, sexist conduct constitutes protected activity under Title VII.

36.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

37.

There was a causal connection between the protected conduct and the adverse actions of termination.

38.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

40.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **COUNT II: ADEA RETALIATION**

41.

Plaintiff reincorporates paragraphs 1-31 as if set forth fully herein.

42.

Plaintiff was over 40 years of age at all relevant times and is thus protected by the statute.

43.

The ADEA prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

44.

Plaintiff's complaints and opposition to, inter alia, ageist comments and conduct constitutes protected activity under the ADEA.

45.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

46.

There was a causal connection between the protected conduct and the adverse actions of termination.

47.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

48.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

49.

Plaintiff is entitled to liquidated damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct on Plaintiff's Title VII claim;

(b) Punitive damages on Plaintiff's Title VII claim based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Liquidated damages on Plaintiff's ADEA claim;

(e) Reasonable attorneys' fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

Respectfully submitted this 7th day of July, 2023.

**BARRETT & FARAHANY**

<u>/s/ V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff
P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com