# EXHIBIT A

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK
**JUN 03, 2023 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2023001137

Hargrove, Omar
Smith, Latange

_____

**PLAINTIFF**

**VS.**

Fairview Oaks Station, LLC
Phillips Edison & Company, Ltd.
The Kroger Company

_____

**DEFENDANTS**

### SUMMONS

TO: THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Sam Weaver**

**100 Peachtree St. NW Suite 260**
**Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK

**JUN 03, 2023 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   <u>STSV2023001137</u>

Hargrove, Omar
Smith, Latange

_____
**PLAINTIFF**

**VS.**

Fairview Oaks Station, LLC
Phillips Edison & Company, Ltd.
The Kroger Company

_____
**DEFENDANTS**

### SUMMONS

TO: FAIRVIEW OAKS STATION, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Sam Weaver**

**100 Peachtree St. NW Suite 260**
**Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK
**JUN 03, 2023 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023001137</u>

Hargrove, Omar
Smith, Latange

_____

**PLAINTIFF**

**VS.**

Fairview Oaks Station, LLC
Phillips Edison & Company, Ltd.
The Kroger Company

_____

**DEFENDANTS**

### SUMMONS

TO: PHILLIPS EDISON & COMPANY, LTD.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Sam Weaver**

**100 Peachtree St. NW Suite 260**
**Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK
**JUN 03, 2023 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10) | ) ) ) ) | **Written Discovery Served** **Contemporaneously with Complaint** |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DAMAGES

---

COME NOW, Omar Hargrove, father and administrator of the estate of Nikeem Omar Hargrove, and Lantange Sherrell Smith, mother and wrongful death beneficiary of Nikeem Omar Hargrove (hereinafter collectively "Plaintiffs"), individually, in their capacity as the wrongful death beneficiaries, and as administrator of the estate of Nikeem Omar Hargrove in the above-styled action and file this Complaint for Damages against the above-named Defendants and would show this Court the following:

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

## PARTIES, JURISDICTION, AND VENUE

1.

On or about November 18, 2022, Nikeem Omar Hargrove died of a gunshot wound to the head at Defendants' property located at 101 Fairview Oaks Road, Ellenwood, Henry County, Georgia 30294. Nikeem Hargrove died intestate, unmarried and with no children. He is survived by his mother, Latange Sherrell Smith, and father, Omar Hargrove, who are both residents of Georgia.

2.

Plaintiff Omar Hargrove is the duly appointed administrator of the Estate of Nikeem Omar Hargrove, by virtue of the Order of the Probate Court of Dekalb County, Georgia, attached hereto as Exhibit A.

3.

Plaintiff Latange Sherrell Smith and Plaintiff Omar Hargrove, individually and as Administrator of the Estate of Nikeem Omar Hargrove, hereby state their intention to bring each and every claim permissible under Georgia law arising from the injuries to and death of Nikeem Hargrove, including all individual claims, personal injury claims, wrongful death claims, and estate-based claims. Plaintiffs seek to recover all medical expenses, funeral and burial expenses, necessary expenses, pain and suffering, wrongful death, estate damages, and all compensatory, special, actual, consequential, economic, general, punitive, and all other damages permissible under Georgia law.

4.

Defendant Fairview Oaks Station, LLC (hereinafter Defendant "Fairview Oaks") is a foreign limited liability company duly registered to conduct business in the state of Georgia. Defendant Fairview Oaks may be served through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive Ste. 800-B, Cumming, Georgia, 30040-2794.

5.

Service is proper as to Defendant Fairview Oaks.

6.

Jurisdiction is proper as to Defendant Fairview Oaks.

7.

Venue is proper as to Defendant Fairview Oaks.

8.

Defendant Phillips Edison & Company, Ltd. (hereinafter Defendant "Phillips Edison") is a foreign limited liability company duly registered to do business in the state of Georgia. Defendant Phillips Edison may be served through its registered agent, CT Corporation System, at 289 S Culver St., Lawrenceville, GA 30046-4805.

9.

Service is proper as to Defendant Phillips Edison.

10.

Jurisdiction is proper as to Defendant Phillips Edison.

11.

Venue is proper as to Defendant Phillips Edison.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260
Atlanta, Georgia 30303**

12.

Defendant The Kroger Company (hereinafter Defendant "Kroger") is a foreign for-profit corporation duly registered to conduct business in the state of Georgia. Defendant Kroger may be served through its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

13.

Service is proper as to Defendant Kroger.

14.

Jurisdiction is proper as to Defendant Kroger.

15.

Venue is proper as to Defendant Kroger.

16.

Defendant ABC Corporations 1-10 is a fictitious name for corporations or other entities who may be liable to Plaintiffs but are unknown at the present time. Upon actual names of entities being obtained through discovery or other means, a motion to substitute the party defendant(s) will be filed.

**FACTUAL ALLEGATIONS**

17.

At all times herein, Defendants owned, operated, controlled, and/or managed the property located at 101 Fairview Oaks Road, Ellenwood, Henry County, Georgia 30294, (hereinafter "Subject Premises").

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

18.

On November 18, 2022, Defendant Fairview Oaks and/or Defendant Phillips Edison were the property managers of the subject premises. At all times mentioned herein, Defendant Fairview Oaks and/or Defendant Phillips Edison actively managed the property such that they controlled the Subject Premises.

19.

The Subject Premises is a shopping center, which contains a Kroger grocery store as the anchor tenant and several other stores.

20.

Upon information and belief, Defendant Kroger operated, maintained exclusive control, and/or managed the area within the actual Kroger store.

21.

On November 18, 2022, Nikeem Hargrove was an invitee on the Subject Property.

22.

At this time, Omarion Rashad Thomas ( "Mr. Thomas") was working as a Kroger employee and on the clock. He brought a gun to work with him.

23.

Inside the Kroger store, there was an altercation between Mr. Thomas and Nikeem Hargrove's friends. At this time, Mr. Thomas pulled out a firearm, and then chased Nikeem Hargrove and his friends outside of the store and then opened fire on them.

24.

Mr. Thomas ultimately shot Nikeem Hargrove in the head, killing him.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

25.

Nikeem Hargrove exercised ordinary care at all times herein and under the circumstances then existing.

26.

As a direct and proximate result of Defendants' negligence, Nikeem Hargrove suffered catastrophic physical injuries, endured conscious pain and suffering, experienced mental anguish, became aware of his impending death, and ultimately died.

## COUNT I – PREMISE LIABILITY
### (All Defendants)

27.

Plaintiffs re-allege and incorporate the allegations in Paragraphs 1 through 26 as if fully restated herein.

28.

Defendants breached their duty owed to Nikeem Omar Hargrove by failing to exercise ordinary care to keep their premises safe.  Defendants owed a duty to keep the premises and approaches safe for their invitees, including Nikeem Omar Hargrove.

29.

Prior to and on November 18, 2022, the Subject Premises was negligently maintained, inspected, secured, patrolled and managed.  Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

30.

Defendants had actual and constructive knowledge of criminal activity existing on their premises and in the surrounding area prior to the shooting of Nikeem Omar Hargrove including,

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

upon information and belief, shootings, armed robberies, aggravated assaults, and other violent crimes.  Said prior criminal activity was negligently permitted to exist and remain at said premises. To the extent proven by the evidence, Defendants had actual or constructive knowledge of these shootings and/or armed robberies, as well as other criminal activity occurring at the property.

31.

Defendants negligently failed to warn their invitees, including Nikeem Omar Hargrove, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

32.

Defendants negligently failed to maintain adequate devices and personnel to permit proper use of the property, thereby causing unreasonable risk of injury to their invitees, including Nikeem Omar Hargrove.

33.

Defendants negligently failed to inspect, patrol, secure, and protect the parking lot and approaches of the property and the Kroger store and surrounding businesses, thereby creating an unreasonable risk of injury to their invitees, including Nikeem Hargrove.

34.

At all times mentioned herein, Defendants controlled the management of the property, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees. Defendants breached these duties to Nikeem Hargrove and failed to act as similarly situated businesses would in like circumstances.

35.

Defendants knew of, or with the exercise of due care for the safety of their Invitees should have known of the dangerous and hazardous conditions existing on the premises, the failure to

maintain, inspect, secure, patrol and manage the premises, and that said conditions were likely to result in the injuries suffered by Nikeem Omar Hargrove.

36.

Defendants were and are *negligent per se*.

37.

Defendants had actual and constructive knowledge of the dangerous and hazardous conditions existing at the Subject Premises, and specifically of the dangerous propensities of their own employees, due to the direct knowledge of their employees and agents.

38.

Defendants had knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents and due to the prior criminal activity, including activity of their own employees, and dangers associated with the property and surrounding areas.  Defendants knew or should have known that the premises was in a high crime area with a foreseeable risk of harm to their invitees who visited the premises, and due to the prior criminal activity and dangers associated with the property and surrounding areas.

39.

Defendants failed to provide adequate and proper security measures in the common area and approaches where Nikeem Omar Hargrove was shot.

40.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained the subject property.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

41.

The Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

    a) Violation of O.C.G.A. § 51-3-1, by failing to exercise ordinary care to keep the premises safe;

    b) Violation of O.C.G.A. § 41-1-1, *et seq.*, for creating and maintaining a nuisance;

    c) Failing to properly inspect and maintain the premises;

    d) Failing to warn of the latent dangers on the premises;

    e) Failing to properly train and supervise their employees regarding the maintenance and safety of said premises;

    f) Failing to properly retain, entrust, hire, train and supervise said employees;

    g) Failing to ensure business policies, systems, and security were being adequately followed and implemented;

    h) Failing to take action to remove individuals who were loitering in the parking lot of the Property;

    i) Failing to inspect, patrol, or appropriately monitor the parking lot;

    j) Failing to provide security cameras, security patrols, and employ other appropriate security measures; and

    k) Failing to remediate a long history of crime at the subject property and others nearby in the area.

42.

Defendants are liable for the assault, battery, and shooting of Nikeem Omar Hargrove. Said assault, battery, and shooting were done without necessity, privilege or consent.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

43.

Defendants negligently represented to their invitees that the property at issue was properly maintained and that the premises were safe.

44.

Defendants negligently failed to provide adequate security protection and/or security personnel on its property.

45.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to deter, correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

46.

Defendants failed to take appropriate action to remedy or reduce the danger to their invitees, including Nikeem Hargrove, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

47.

Defendants negligence directly and proximately caused the injuries to and death of Nikeem Hargrove.

48.

Defendants are liable for Nikeem Omar Hargrove's injuries sustained, pain and suffering, wrongful death, all estate-based claims, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Plaintiffs directly, as well as under theories of *respondeat superior* and agency principles.

49.

As a proximate and foreseeable result of the negligence of Defendants, Nikeem Omar Hargrove suffered serious injuries, died, endured pain and suffering, mental anguish, and suffered other damages as will be proven at trial and permitted under Georgia law.  Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a)  Wrongful death;

b)  All estate-based damages;

c)  Personal and physical injuries;

d)  Past, present and future pain and suffering;

e)  Past, present, and future lost wages;

f)  Past, present and future medical expenses;

g)  Permanent injuries;

h)  Mental anguish;

i)  Disability;

j)  Emotional distress;

k)  Disfigurement;

l)  Loss of the capacity for the enjoyment of life;

m) Impaired ability to labor;

n)  Incidental expenses;

o)  Consequential damages to be proven at trial; and

p)  All items of damages recoverable under Georgia law.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

50.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate causes of the injuries to and death of Nikeem Omar Hargrove.  Defendants are jointly and severally liable for Nikeem Omar Hargrove's injuries sustained, wrongful death, pain and suffering, cost of treatment, and all other elements of damages allowed under the laws of the State of Georgia.

## COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Defendant Kroger)

51.

Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 50 as if fully restated herein.

52.

At all times mentioned herein, Mr. Thomas was an employee, servant, and/or agent of Defendant Kroger and was providing services for the benefit and purpose of Defendant Kroger's business. At all times mentioned herein, Mr. Thomas was acting within the course and scope of his employment or agency with Defendant Kroger.

53.

Defendant Kroger was under a duty to use ordinary care in selecting its employees and not to retain said employees after knowledge of incompetence.

54.

Defendant Kroger was under a duty of care to conduct reasonable inquiries into the employee due to notice of risk and/or as required under their own policies and procedures.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

55.

Defendant Kroger was under a duty of care to enact and enforce policies and procedures that would ensure that their employees acted in a reasonable and prudent manner at all times.

56.

Defendant Kroger knew, or with the exercise of due care should have known, that their employee, Mr. Thomas, posed a risk of harm to invitees such as Nikeem Hargrove.

57.

Defendant Kroger knew, or with the exercise of due care should have reasonably foreseen, that their employee's tendencies or propensities could cause the type of harm suffered by Nikeem Hargrove.

58.

Defendant Kroger breached its duty of care by hiring said employee who it knew or at least should have known is not accustomed to act with due care.

59.

Defendant Kroger breached its duty of care by retaining Mr. Thomas who possessed tendencies or propensities that could have caused the type of harm suffered by Nikeem Hargrove.

60.

Defendant Kroger breach its duty of care by failing to conduct inquiries into Mr. Thomas due to notice of harm and in accordance with its own policies.

61.

Defendant Kroger breached its duty of care by failing to properly train and educate Mr. Thomas to act in accordance with its own policies.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

62.

Defendant Kroger was negligent and *negligent per se*.

63.

Defendant Kroger had constructive knowledge of Mr. Thomas's tendencies or propensities to cause injuries like the injuries suffered by Nikeem Omar Hargrove.

64.

Had Defendant Kroger conducted inquiries in a reasonable manner, Defendant Kroger would have been put on notice of Mr. Thomas's tendencies or propensities to cause injuries like those suffered by Nikeem Hargrove.

65.

Because Defendant Kroger had knowledge, or in the exercise of reasonable care should have had knowledge that their employee possessed tendencies or propensities to cause injuries like those suffered by Nikeem Omar Hargrove, Defendant Kroger is liable for the negligent hiring, retention and/or training of their employee. Said negligent hiring, retention and/or training was a proximate cause of damages and injuries to Nikeem Omar Hargrove.

66.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, and reporting violent employee misconduct, including but not limited to employees possessing firearms on the property.

67.

Defendants failed to maintain an adequate policy or procedure related to the possession, control and use of firearms by employees while on the clock.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260**
**Atlanta, Georgia 30303**

68.

During the events at issue in this case, the employees and/or agents of Defendant Kroger failed to intervene to prevent the death of Nikeem Hargrove. Defendant Kroger is therefore liable for the negligent supervision, hiring, retention, entrustment, and training of their employees.

69.

Defendant Kroger's negligence directly and proximately caused the injuries to and death of Nikeem Hargrove.

70.

Defendant Kroger is liable for Nikeem Hargrove's injuries sustained, pain and suffering, wrongful death, all estate-based claims, and all other elements of damages allowed under the laws of the State of Georgia. Defendant Kroger is liable to Plaintiffs directly, as well as under theories of *respondeat superior* and agency principals.

71.

As a proximate and foreseeable result of the negligence of Defendants, Nikeem Hargrove received serious injuries, died, endured pain and suffering, mental anguish, and suffered other damages as will be proven at trial and permitted under Georgia law.  Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

    a)  Wrongful death;

    b)  All estate-based damages;

    c)  Personal and physical injuries;

    d)  Past, present and future pain and suffering;

    e)  Past, present, and future lost wages;

f)  Past, present and future medical expenses;

g)  Permanent injuries;

h)  Mental anguish;

i)  Disability;

j)  Emotional distress;

k)  Disfigurement;

l)  Loss of the capacity for the enjoyment of life;

m)  Impaired ability to labor;

n)  Incidental expenses;

o)  Consequential damages to be proven at trial; and

p)  All items of damages recoverable under Georgia law.

## COUNT III – ATTORNEY'S FEES

### 72.

Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 71 as if fully restated herein.

### 73.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense.  Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11 and/or O.C.G.A. § 9-11-68(e), as well as any other statutory or common law basis.

### 74.

WHEREFORE, Plaintiffs respectfully prays for a judgment to be awarded to him and

against the Defendants for the following:

    a)  Process be issued as provided by law;

    b)  Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

    c)  Plaintiff Omar Hargrove, father and administrator of the estate of Nikeem Omar Hargrove, and Lantange Sherrell Smith, mother and wrongful death beneficiary of Nikeem Omer Hargrove, be awarded all damages for the wrongful death of Nikeem Omar Hargrove, and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

    d)  Plaintiffs be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

    e)  Plaintiffs be awarded a trial by jury; and

    f)  Plaintiffs have such relief as this Court deems just and appropriate under the circumstances.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted this 3rd day of June, 2023.

*-signature page to follow-*

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 260
Atlanta, Georgia 30303**

BANKS WEAVER, LLC

*/s/ Gabe Banks*
*/s/ Sam Weaver*
Gabe Banks
Georgia Bar No. 721945
Sam Weaver
Georgia Bar No. 514157
*Attorneys for Plaintiff*

BANKS WEAVER LLC
100 Peachtree Street, NW
Suite 260
Atlanta, Georgia 30303
sam@banksweaver.com
phone: 404-891-9280
fax: 404-891-9283

THE W.H. THOMAS FIRM LLC

*/s/ William H. Thomas Jr.*

WILLIAM H. THOMAS JR.
State Bar No. 706610
*Attorney for Plaintiffs*

511 East Paces Ferry Road
Atlanta, Georgia 30305
(404) 897-3523

# EXHIBIT A

FILED
04/07/2023 2:35:34 PM
DEKALB PROBATE COURT

## IN THE PROBATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:  ESTATE OF                  )

                                    )

**NIKEEM OMAR HARGROVE,**     )    ESTATE NO.  **2023-0044**

DECEASED                )

### ORDER APPOINTING ADMINISTRATOR

A Petition for Letters of Administration for the above-named Decedent was filed. **OMAR RASHAD HARGROVE** was nominated Administrator in the Petition and is hereby found to be legally qualified for said office.  The Court finds that the Decedent died domiciled within, or domiciled outside the State of Georgia but owning property within, the above County. The Court finds that the Decedent died intestate.  The Court further finds that all of the heirs at law were served or acknowledged service.  The Court further finds that no objection has been filed, and all requirements of law have been fulfilled.

ACCORDINGLY, IT IS ORDERED that the person named above is found to be qualified for such office and is hereby appointed Administrator of the estate of the Decedent, and that appropriate Letters be issued upon said Administrator giving bond with approved surety in the sum of $\underline{0.00}$ and taking the oath as provided by law.  The Administrator shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: *[Initial all that apply.]*

  **BCH** (a) ***POWERS GRANTED***: Grants to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the Administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

  **BCH** (b) ***REPORTS WAIVED***: Grants to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

  **BCH** (c) ***BOND WAIVED***: Waives the specific requirement to post bond.

  **BCH** (d) **STATEMENTS** *WAIVED*: Grants to the Administrator(s) the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

SO ORDERED this     7th of April, 2023  .

Bedelia C Hargrove, Judge
Probate Court of DeKalb County

## IN THE PROBATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:  ESTATE OF                              )
                                               )
**NIKEEM OMAR HARGROVE,**                      )          ESTATE NO. **2023-0044**
DECEASED                                       )

### LETTERS OF ADMINISTRATION
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, this Court granted an order allowing **OMAR RASHAD HARGROVE** to qualify as Administrator of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Letters of Administration be issued to such Personal Representative.

THEREFORE, the said Administrator, having taken the oath of office and complied with all necessary prerequisites of the law, legally authorized to discharge all the duties and exercise all powers of Personal Representative, according to Georgia law.  In addition, this Court:

*[Initial all that apply]*

**BCH** (a) ***POWERS GRANTED***: Grant to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the Administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

**BCH** (b) ***REPORTS WAIVED***: Grant to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

**BCH** (c) ***BOND WAIVED***: Waive the specific requirement to post bond.

**BCH** (d) ***STATEMENTS WAIVED***: Grants to the Administrator the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this _____**7th of April, 2023**_____.

                                               Bedelia C Hargrove
                                               _____
                                               Judge of the Probate Court

*NOTE: The following must be signed if the Judge does not sign the original of this document:*

Issued by:

*[signature]*
_____
Tiffany Hubbert, Clerk of the Probate Court

*[Seal]*

CERTIFICATE OF COPY
STATE OF GEORGIA
COUNTY OF DEKALB

As Clerk of the Probate Court of DeKalb County,
Ga., I do hereby certify that I have compared the
foregoing copy with the original record thereof, now
remaining in this office. This document consists of
_____ pages is hereby certified to be a true copy
of the original document on file in the Probate Court
at DeKalb County, Ga. The Probate Court is a Court of
Record.

In testimony whereof, I have hereunto set my
hand and affixed the seal of said court this the _____
day of _____ 20___

Clerk, Probate Court
DeKalb County, Ga.

**IN THE PROBATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

IN RE:  ESTATE OF              )

                                     )

__NIKEEM OMAR HARGROVE,__    )     ESTATE NO. __2023-0044__

DECEASED                 )

### LETTERS OF ADMINISTRATION
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, this Court granted an order allowing **OMAR RASHAD HARGROVE** to qualify as Administrator of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Letters of Administration be issued to such Personal Representative.

THEREFORE, the said Administrator, having taken the oath of office and complied with all necessary prerequisites of the law, legally authorized to discharge all the duties and exercise all powers of Personal Representative, according to Georgia law.  In addition, this Court:

*[Initial all that apply]*

  __BCH__ (a) ***POWERS GRANTED***: Grant to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the Administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

  __BCH__ (b) ***REPORTS WAIVED***: Grant to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

  __BCH__ (c) ***BOND WAIVED***: Waive the specific requirement to post bond.

  __BCH__ (d) ***STATEMENTS WAIVED***: Grants to the Administrator the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this ____ **7th of April, 2023** ____ .

Bedelia C Hargrove
Judge of the Probate Court

*NOTE: The following must be signed if the Judge does not sign the original of this document:*

Issued by:

*Tiffany Hubbert*, Clerk of the Probate Court

*[Seal]*

CERTIFICATE OF COPY
STATE OF GEORGIA
COUNTY OF DEKALB

As Clerk of the Probate Court of DeKalb County, Ga., I do hereby certify that I have compared the foregoing copy with the original record thereof, now remaining in this office. This document consists of _____ pages is hereby certified to be a true copy of the original document on file in the Probate Court at DeKalb County, Ga. The Probate Court is a Court of Record.

In testimony whereof, I have hereunto set my hand and affixed the seal of said court this the _____ day of _____ 20____

Clerk, Probate Court
DeKalb County, Ga.

**IN THE PROBATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

IN RE:  ESTATE OF                            )
                                             )
**NIKEEM OMAR HARGROVE,**                    )        ESTATE NO. __2023-0044__
DECEASED                                     )

### LETTERS OF ADMINISTRATION
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, this Court granted an order allowing **OMAR RASHAD HARGROVE** to qualify as Administrator of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Letters of Administration be issued to such Personal Representative.

THEREFORE, the said Administrator, having taken the oath of office and complied with all necessary prerequisites of the law, legally authorized to discharge all the duties and exercise all powers of Personal Representative, according to Georgia law.  In addition, this Court:

*[Initial all that apply]*

__BCH__ (a)  ***POWERS GRANTED***: Grant to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the Administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

__BCH__ (b)  ***REPORTS WAIVED***: Grant to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

__BCH__ (c)  ***BOND WAIVED***: Waive the specific requirement to post bond.

__BCH__ (d)  ***STATEMENTS WAIVED***: Grants to the Administrator the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this _____7th of April, 2023_____.

Bedelia C Hargrove
_____
Judge of the Probate Court

*NOTE: The following must be signed if the*
*        Judge does not sign the original of*
*        this document:*

Issued by:

_____
Tiffany Hubbert, Clerk of the Probate Court

*[Seal]*

CERTIFICATE OF COPY

STATE OF GEORGIA
COUNTY OF DEKALB

As Clerk of the Probate Court of DeKalb County,
Ga., I do hereby certify that I have compared the
foregoing copy with the original record thereof, now
remaining in this office. This document consists of
_____ pages is hereby certified to be a true copy
of the original document on file in the Probate Court
at DeKalb County, Ga. The Probate Court is a Court of
Record.

In testimony whereof, I have hereunto set my
hand and affixed the seal of said court this the _7th_
day of April 20 23.

Clerk, Probate Court
DeKalb County, Ga.

## AFFIDAVIT OF SERVICE

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2023001137
SNK
JUN 12, 2023 09:52 AM

Lynn M. Pollards, Clerk of State Court
Henry County, Georgia

| Case: STSV2023001137 | Court: IN THE STATE COURT OF HENRY COUNTY, STATE OF GEORGIA | County: Henry, GA | Job: 8994492 (BWL5003) |
|---|---|---|---|
| **Plaintiff / Petitioner:** OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, AND LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased | | **Defendant / Respondent:** FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10) | |
| **Received by:** 2N2 Investigative Services, LLC | | **For:** Banks \| Weaver Law Firm | |
| **To be served upon:** FAIRVIEW OAKS STATION, LLC | | | |

I, LEROY RICHARDSON, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   DAYVON JACKSON, The Corporation Company: 106 Colony Park Dr Ste. 800-B, Cumming, GA 30040

**Manner of Service:**   Registered Agent, Jun 9, 2023, 12:35 pm EDT

**Documents:**   SUMMONS; COMPLAINT FOR DAMAGES; EXHIBIT A; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS; PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANTS FAIRVIEW STATION, LLC AND PHILLIPS EDISON & COMPANY, LTD (Received Jun 7, 2023 at 8:41am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 9, 2023, 12:35 pm EDT at The Corporation Company: 106 Colony Park Dr Ste. 800-B, Cumming, GA 30040 received by DAYVON JACKSON. Age: 20-25; Ethnicity: African American; Gender: Male; Weight: 155; Height: 5'7"; Hair: Black; Eyes: Brown; Server made contact with Fairview Oaks Station, LLC 's registered agent (The Corporation Company) through its Intake Specialist, Dayvon Jackson. Dayvon Jackson accepted service of process for Fairview Oaks Station, LLC. Service of process perfected. Personally served on Registered Agent.

_____   6/9/2023
LEROY RICHARDSON         Date

2N2 Investigative Services, LLC
PO Box 391391
Snellville, GA 30039
(470) 236-2009

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

6-9-2023     10-3-2026
Date          Commission Expires



## AFFIDAVIT OF SERVICE

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2023001137
SNK
JUN 12, 2023 09:52 AM

Clerk of State Court
Henry County, Georgia

| Case:<br>STSV2023001137 | Court:<br>IN THE STATE COURT OF HENRY COUNTY, STATE OF GEORGIA | County:<br>Henry, GA | Job:<br>8994496 (BWL-50159) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased | | Defendant / Respondent:<br>FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS 1-4 | |
| Received by:<br>2N2 Investigative Services, LLC | | For:<br>Banks ǀ Weaver Law Firm | |
| To be served upon:<br>PHILLIPS EDISON & COMPANY, LTD. | | | |

I, LEROY RICHARDSON, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | LINDA BANKS, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046 |
| Manner of Service: | Registered Agent, Jun 9, 2023, 9:15 am EDT |
| Documents: | SUMMONS; COMPLAINT FOR DAMAGES; EXHIBIT A; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS; PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANTS FAIRVIEW STATION, LLC AND PHILLIPS EDISON & COMPANY, LTD (Received Jun 7, 2023 at 8:41am EDT) |

Additional Comments:
1) Successful Attempt: Jun 9, 2023, 9:15 am EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by LINDA BANKS. Age: 65-70; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'3"; Hair: White; Eyes: Brown; Relationship: Intake Specialist - CT Corporation System; Server made contact with Phillips Edison & Company, Ltd's Registered Agent (CT Corporation System) through its Intake Specialist, Linda Banks. Linda Banks accepted service of process for Phillips Edison & Company, Ltd. Service of process perfected. Personally Served on Registered Agent.

_____     6/9/2023
LEROY RICHARDSON                    Date

2N2 Investigative Services, LLC
PO Box 391391
Snellville, GA 30039
(470) 236-2009

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
6-9-2023          10-3-2026
Date              Commission Expires



Notary seal: ANGELA SELLERS · NOTARY PUBLIC · GWINNETT COUNTY, GEORGIA · MY COMMISSION EXPIRES OCTOBER 03, 2026

## AFFIDAVIT OF SERVICE

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2023001137
SNK

JUN 12, 2023 09:52 AM

Wympham Howard, Clerk of State Court
Henry County, Georgia

| Case:<br>STSV2023001137 | Court:<br>IN THE STATE COURT OF HENRY COUNTY, STATE OF GEORGIA | County:<br>Henry, GA | Job:<br>8994503 (BWL00035) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased | | **Defendant / Respondent:**<br>FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS 1-5 | |
| **Received by:**<br>2N2 Investigative Services, LLC | | **For:**<br>Banks ǀ Weaver Law Firm | |
| **To be served upon:**<br>THE KROGER COMPANY | | | |

I, LEROY RICHARDSON, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** TERRI THOMPSON, CSC of Cobb County, Inc.: 192 Anderson St SE Suite 125, Marietta, GA 30060

**Manner of Service:** Registered Agent, Jun 9, 2023, 1:41 pm EDT

**Documents:** SUMMONS; COMPLAINT FOR DAMAGES; EXHIBIT A; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS; PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT KROGER (Received Jun 7, 2023 at 8:41am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 9, 2023, 1:41 pm EDT at CSC of Cobb County, Inc.: 192 Anderson St SE Suite 125, Marietta, GA 30060 received by TERRI THOMPSON. Age: 45-55; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'3"; Hair: Brown; Eyes: Brown; Relationship: Intake Specialist - Corporation Services Company; Server made contact with The Kroger Company's Registered Agent (Corporation Services Company of Cobb County, Inc.) through its Intake Specialist, Terri Thompson. Terri Thompson accepted service of process for The Kroger Company. Service of process perfected. Personally Served on Registered Agent.

_Leroy Richardson_      6/9/2023

LEROY RICHARDSON      Date

2N2 Investigative Services, LLC
PO Box 391391
Snellville, GA 30039
(470) 236-2009

_Subscribed and sworn to before me by the affiant who is personally known to me._

_Angela Sellers_

Notary Public

6-9-2023      10-3-2026

Date      Commission Expires

*[Notary seal: ANGELA SELLERS, GWINNETT COUNTY, GEORGIA, NOTARY PUBLIC, MY COMMISSION EXPIRES OCTOBER 03, 2026]*

☗ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK

**JUL 07, 2023 01:21 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10),<br><br>    Defendants. | CIVIL ACTION FILE NO. STSV2023001137 |

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFFS'**
**COMPLAINT FOR DAMAGES**

COMES NOW The Kroger Co. ("Kroger"), incorrectly identified as The Kroger Company, in the *Complaint for Damages* of Plaintiffs Omar Hargrove, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and Latange Sherrell Smith, individually and as wrongful death beneficiary of Nikeem Omar Hargrove (hereinafter referred to as "Plaintiffs"), by and through undersigned counsel, and files this *Answer and Defenses* thereto, further showing this honorable Court as follows:

**<u>FIRST DEFENSE</u>**

Plaintiffs' *Complaint* fails to state a claim against Kroger upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

There is insufficiency of service and insufficiency of service of process.

**THIRD DEFENSE**

This Court lacks personal jurisdiction.

**FOURTH DEFENSE**

Kroger owed no material duty to Plaintiffs or Plaintiffs' Decedent.

**FIFTH DEFENSE**

Kroger did not breach any duty owed to Plaintiffs or Plaintiffs' Decedent.

**SIXTH DEFENSE**

Insofar as Plaintiffs or Plaintiffs' Decedent sustained injury or incurred damages, the same were proximately caused in whole or in part by unforeseeable acts or omissions of persons other than Kroger, over whom Kroger had no control, and/or by the superseding intervention of causes outside Kroger's control.

**SEVENTH DEFENSE**

Kroger submits that it committed no act or omission which caused or contributed to the subject incident or Plaintiffs' alleged damages or injuries.  However, if Kroger is determined to be liable, any recovery by Plaintiffs should be reduced by a pro-rata amount attributable to the fault of any nonparties pursuant to O.C.G.A. § 51-12-33.

**EIGHT DEFENSE**

Plaintiffs are not entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11 because Kroger has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

**NINTH DEFENSE**

This action is or may be barred by the doctrines of contributory/comparative negligence and assumption of the risk.  At all times relevant to this action, Plaintiffs' decedent herein assumed

or may have assumed a known and obvious risk and, therefore, Plaintiffs are not entitled to recover under Georgia law.  Kroger denies that they were negligent in any fashion whatsoever.  However, if Kroger is found to be negligent, Plaintiffs' decedent was or may have been negligent, and Plaintiffs' decedent's negligence was greater than or equal to any negligence on the part of the defendants, and therefore, Plaintiffs are not entitled to recover from Kroger.  In the exercise of ordinary care, Plaintiffs' decedent could have avoided the incident complained of and, therefore, Plaintiffs are barred from any recovery against Kroger whatsoever.

### TENTH DEFENSE

Defendants assert that under the doctrine of avoidable consequences, Plaintiffs are not entitled to recover.

### ELEVENTH DEFENSE

Kroger reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

### TWELFTH DEFENSE

Without limiting or waiving any defense previously raised or herewith raised, Kroger responds to the enumerated paragraphs of Plaintiffs' *Complaint for Damages* (henceforth referred to as "Plaintiffs' *Complaint*") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

This Defendant admits it managed and operated Kroger store 427 located at 101 Fairview Road, Ellenwood, Georgia 30294 at the time of the incident.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore, denies the allegations.

2.

This Defendant admits Exhibit "A" speaks for itself in form and content.  This Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore, denies the allegations.

3.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint and therefore, denies the allegations.

4.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the allegations.

5.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore, denies the allegations.

6.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore, denies the allegations.

7.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore, denies the allegations.

8.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint and therefore, denies the allegations.

9.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore, denies the allegations.

10.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore, denies the allegations.

11.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore, denies the allegations.

12.

This Defendant denies it is named "The Kroger Company" and states its registered name is "The Kroger Co."   This Defendant admits it is a foreign for-profit corporation duly registered

to conduct business in the state of Georgia.  This Defendant also admits it may be served through

its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street, SE, Suite 125, Marietta,

Georgia 30060.  The averments alleged in this paragraph which have not been expressly admitted

are denied as written.

13.

Denied.

14.

Denied.

15.

Admitted.

16.

This Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore, denies the

allegations.

## **FACTUAL ALLEGATIONS**

17.

This Defendant admits it managed and operated Kroger store 427 located at 101 Fairview

Road, Ellenwood, Georgia 30294 at the time of the incident.  This Defendant lacks sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 17

and therefore, denies the allegations.

18.

This Defendant admits it managed and operated Kroger store 427 located at 101 Fairview

Road, Ellenwood, Georgia 30294 at the time of the incident.  This Defendant lacks sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore, denies the allegations.

19.

This Defendant admits it managed and operated Kroger store 427 located at 101 Fairview Road, Ellenwood, Georgia 30294 at the time of the incident. Kroger further admits other stores are located directly next to Kroger store 427. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore, denies the allegations.

20.

This Defendant admits it managed and operated Kroger store 427 located at 101 Fairview Road, Ellenwood, Georgia 30294 at the time of the incident. The averments alleged in this paragraph which have not been expressly admitted are denied as written.

21.

This Defendant denies the averments alleged in Paragraph 21 of the Complaint as written and demands strict proof thereof.

22.

This Defendant admits Omarion Thomas was an hourly Kroger employee on the day of the incident but denies he was working for Kroger at the time of the incident or in the course and scope of his employment of Kroger during the incident. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and therefore, denies the allegations.

23.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore, denies the allegations.

24.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore, denies the allegations.

25.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore, denies the allegations.

26.

This Defendant denies the averments alleged in Paragraph 26 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and therefore, denies the allegations.

## COUNT I – PREMISE LIABILITY
### (All Defendants)

27.

This Defendant hereby restates and incorporates by reference the foregoing paragraphs 1 through 26 as if fully stated herein.

28.

This Defendant admits Kroger's duties are prescribed by applicable Georgia law but denies Plaintiffs' characterization of said duties. This Defendant denies the remaining averments alleged in Paragraph 28 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the

remaining allegations contained in Paragraph 28 as toward the other named defendants and therefore, denies the allegations.

29.

This Defendant denies the averments alleged in Paragraph 29 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 29 as toward the other named defendants and therefore, denies the allegations.

30.

This Defendant denies the averments alleged in Paragraph 30 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 30 as toward the other named defendants and therefore, denies the allegations.

31.

This Defendant denies the averments alleged in Paragraph 31 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 31 as toward the other named defendants and therefore, denies the allegations.

32.

This Defendant denies the averments alleged in Paragraph 32 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 as toward the other named defendants and therefore, denies the allegations.

33.

This Defendant denies the averments alleged in Paragraph 33 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 33 as toward the other named defendants and therefore, denies the allegations.

34.

This Defendant admits Kroger's duties are prescribed by applicable Georgia law but denies Plaintiffs' characterization of said duties. This Defendant denies the remaining averments alleged in Paragraph 34 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 34 as toward the other named defendants and therefore, denies the allegations.

35.

This Defendant denies the averments alleged in Paragraph 35 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 35 as toward the other named defendants and therefore, denies the allegations.

36.

This Defendant denies the averments alleged in Paragraph 36 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 as toward the other named defendants and therefore, denies the allegations.

37.

This Defendant denies the averments alleged in Paragraph 37 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 37 as toward the other named defendants and therefore, denies the allegations.

38.

This Defendant denies the averments alleged in Paragraph 38 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 38 as toward the other named defendants and therefore, denies the allegations.

39.

This Defendant denies the averments alleged in Paragraph 39 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 39 as toward the other named defendants and therefore, denies the allegations.

40.

This Defendant denies the averments alleged in Paragraph 40 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 40 as toward the other named defendants and therefore, denies the allegations.

41.

This Defendant denies the averments alleged in Paragraph 41 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 41 as toward the other named defendants and therefore, denies the allegations.

42.

This Defendant denies the averments alleged in Paragraph 42 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 42 as toward the other named defendants and therefore, denies the allegations.

43.

This Defendant denies the averments alleged in Paragraph 43 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 43 as toward the other named defendants and therefore, denies the allegations.

44.

This Defendant denies the averments alleged in Paragraph 44 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 44 as toward the other named defendants and therefore, denies the allegations.

45.

This Defendant denies the averments alleged in Paragraph 45 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 45 as toward the other named defendants and therefore, denies the allegations.

46.

This Defendant denies the averments alleged in Paragraph 46 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 as toward the other named defendants and therefore, denies the allegations.

47.

This Defendant denies the averments alleged in Paragraph 47 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 47 as toward the other named defendants and therefore, denies the allegations.

48.

This Defendant denies the averments alleged in Paragraph 48 of the Complaint as written and demands strict proof thereof with respect to Kroger. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 48 as toward the other named defendants and therefore, denies the allegations.

49.

This Defendant denies the averments alleged in Paragraph 49 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 49 as toward the other named defendants and therefore, denies the allegations.

50.

This Defendant denies the averments alleged in Paragraph 50 of the Complaint as written and demands strict proof thereof with respect to Kroger.  This Defendant lacks sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 50 as toward the other named defendants and therefore, denies the allegations.

## COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Defendant Kroger)

51.

This Defendant hereby restates and incorporates by reference the foregoing paragraphs 1 through 50 as if fully stated herein.

52.

This Defendant admits Omarion Thomas was an hourly Kroger employee on the day of the incident but denies he was working for Kroger at the time of the incident or in the course and scope of his employment of Kroger during the incident. The averments alleged in this paragraph which have not been expressly admitted are denied as written.

53.

This Defendant admits Kroger's duties are prescribed by applicable Georgia law but denies Plaintiffs' characterization of said duties. This Defendant denies the remaining averments alleged in Paragraph 53 of the Complaint as written and demands strict proof thereof with respect to Kroger.

54.

This Defendant admits Kroger's duties are prescribed by applicable Georgia law but denies Plaintiffs' characterization of said duties. The averments alleged in this paragraph which have not been expressly admitted are denied as written.

55.

This Defendant admits Kroger's duties are prescribed by applicable Georgia law but denies Plaintiffs' characterization of said duties. This Defendant denies the remaining averments alleged

in Paragraph 55 of the Complaint as written and demands strict proof thereof with respect to Kroger.

56

This Defendant denies the averments alleged in Paragraph 56 of the Complaint.

57

This Defendant denies the averments alleged in Paragraph 57 of the Complaint.

58

This Defendant denies the averments alleged in Paragraph 58 of the Complaint.

59

This Defendant denies the averments alleged in Paragraph 59 of the Complaint.

60

This Defendant denies the averments alleged in Paragraph 60 of the Complaint.

61.

This Defendant denies the averments alleged in Paragraph 61 of the Complaint.

62.

This Defendant denies the averments alleged in Paragraph 62 of the Complaint.

63

This Defendant denies the averments alleged in Paragraph 63 of the Complaint.

64.

This Defendant denies the averments alleged in Paragraph 64 of the Complaint.

65.

This Defendant denies the averments alleged in Paragraph 65 of the Complaint.

66.

This Defendant denies the averments alleged in Paragraph 66 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 66 as toward the other named defendants and therefore, denies the allegations.

67.

This Defendant denies the averments alleged in Paragraph 67 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 67 as toward the other named defendants and therefore, denies the allegations.

68.

This Defendant denies the averments alleged in Paragraph 68 of the Complaint.

69.

This Defendant denies the averments alleged in Paragraph 69 of the Complaint.

70.

This Defendant denies the averments alleged in Paragraph 70 of the Complaint.

71.

This Defendant denies the averments alleged in Paragraph 71 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 71 as toward the other named defendants and therefore, denies the allegations.

## COUNT III – ATTORNEY'S FEES

72.

This Defendant hereby restates and incorporates by reference the foregoing paragraphs 1 through 71 as if fully stated herein.

73.

This Defendant denies the averments alleged in Paragraph 73 of the Complaint as written and demands strict proof thereof with respect to Kroger.   This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 73 as toward the other named defendants and therefore, denies the allegations.

74

For a response to any averments alleged in the "WHEREFORE" paragraph following Paragraph 74 of Plaintiff's *Complaint*, this Defendant denies same as written and demand strict proof thereof.

75.

This Defendant denies all allegations in paragraphs 1 through 74 of the Complaint it did not specifically admit above.

76.

WHEREFORE, having fully responded to the averments in Plaintiffs' *Complaint for Damages*, Defendant The Kroger Co. respectfully prays:

(a)     That judgment is rendered in favor of Kroger and against Plaintiffs;

(b)     That Kroger be discharged with all costs cast against Plaintiffs

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

**THIS DEFENDANT DEMANDS A JURY TRIAL.**

Respectfully submitted, this the 7th day of June, 2023.

**GRAY, RUST, ST. AMAND,**                    */s/ Nicholas D. Bedford*
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.              Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta        Georgia Bar No.  515323
Atlanta, Georgia 30326                       Nicholas D. Bedford
Telephone:    (404) 870-7444                 Georgia Bar No.  940659
Facsimile:    (404) 870-1072                 *Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Gabe Banks, Esq.
Sam Weaver, Esq.
BANKS WEAVER LLC
100 Peachtree Street, NW, Suite 260
Atlanta, Georgia 30303

William H. Thomas Jr., Esq.
THE W.H. THOMAS FIRM LLC
511 East Paces Ferry Road
Atlanta, Georgia 30305

Respectfully submitted, this the 7th day of June, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**            */s/ Nicholas D. Bedford*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta    Georgia Bar No.  515323
Atlanta, Georgia 30326                   Nicholas D. Bedford
Telephone:     (404) 870-7444            Georgia Bar No.  940659
Facsimile:     (404) 870-1072            *Attorneys for Defendant The Kroger Co.*

19

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK
**JUL 07, 2023 01:21 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

|  |  |
|---|---|
| OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased, | CIVIL ACTION FILE NO. STSV2023001137 |
| Plaintiffs, | |
| v. | |
| FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10), | |
| Defendants. | |

**DEFENDANT THE KROGER CO.'S
DEMAND FOR TWELVE PERSON JURY**

COMES NOW Defendant The Kroger Co. ("Kroger"), in the *Complaint for Damages* of Plaintiffs Omar Hargrove, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and Latange Sherrell Smith, individually and as wrongful death beneficiary of Nikeem Omar Hargrove ("Plaintiffs"), by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 7th day of June, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP**                    _/s/ Nicholas D. Bedford_
950 East Paces Ferry Road, N.E.               Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta         Georgia Bar No.  515323
Atlanta, Georgia 30326                        Nicholas D. Bedford
Telephone:     (404) 870-7439                 Georgia Bar No.  940659
Facsimile:     (404) 870-1072                 _Attorneys for Defendant The Kroger Co._

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE

KROGER CO.'S DEMAND FOR TWELVE PERSON JURY using the Court's electronic filing-

and-service system, which will send electronic notification to all parties having appeared of record

in this action:

Gabe Banks, Esq.
Sam Weaver, Esq.
BANKS WEAVER LLC
100 Peachtree Street, NW, Suite 260
Atlanta, Georgia 30303

William H. Thomas Jr., Esq.
THE W.H. THOMAS FIRM LLC
511 East Paces Ferry Road
Atlanta, Georgia 30305

Respectfully submitted, this the 7th day of June, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**                    */s/ Nicholas D. Bedford*
950 East Paces Ferry Road, N.E.                  Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta            Georgia Bar No.  515323
Atlanta, Georgia 30326                           Nicholas D. Bedford
Telephone:    (404) 870-7439                      Georgia Bar No.  940659
Facsimile:    (404) 870-1072                      *Attorneys for Defendant The Kroger Co.*

✦ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK

**JUL 07, 2023 03:31 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased, | ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO.: STSV2023001137 |
|      Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10), | ) ) ) ) ) |  |
|     Defendants. | ) |  |

## DEFENDANT FAIRVIEW OAKS STATION, LLC'S AFFIRMATIVE DEFENSES AND SPECIAL APPEARANCE ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant Fairview Oaks Station, LLC ("Defendant"), appearing specially and without waiving its defenses to jurisdiction and venue, files its Affirmative Defenses and Answer to Plaintiff's Complaint for Damages, showing the Court as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff may not recover from Defendant because Defendant did not breach any duty owed to Plaintiff.

### SECOND DEFENSE

Pending further investigation and to preserve defenses, some or all of Plaintiff's damages may be the result of actions or omissions of individuals over whom Defendant had no control.

1

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence.

## FOURTH DEFENSE

The Complaint fails to set forth sufficient facts to state a cause of action against Defendant.

## FIFTH DEFENSE

Defendant denies that it was negligent or that it is liable to Plaintiff.  However, in the event Defendant is found liable to Plaintiff, any damages awarded to Plaintiff are subject to apportionment under O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Plaintiffs' claims are barred by failure to exercise ordinary care for their own safety.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by improper subject matter jurisdiction.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by improper venue.

## NINTH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION AND VENUE

1.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

2.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

2

3.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

4.

Defendant admits the allegations contained in this paragraph.

5.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

6.

Defendant denies the allegations contained in this paragraph.

7.

Defendant denies the allegations contained in this paragraph.

8.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

9.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

10.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

11.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

3

12.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

13.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

14.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

15.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

16.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

## **FACTUAL ALLEGATIONS**

17.

Defendant denies the allegations contained in this paragraph as stated.

18.

Defendant denies the allegations contained in this paragraph.

19.

Defendant denies the allegations contained in this paragraph as stated.

4

20.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

21.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

22.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

23.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

24.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

25.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

26.

Defendant denies the allegations contained in this paragraph.

284406947v.1

## COUNT I – PREMISE LIABILITY
### (All Defendants)

27.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

28.

Defendant denies the allegations contained in this paragraph.

29.

Defendant denies the allegations contained in this paragraph.

30.

Defendant denies the allegations contained in this paragraph.

31.

Defendant denies the allegations contained in this paragraph.

32.

Defendant denies the allegations contained in this paragraph.

33.

Defendant denies the allegations contained in this paragraph.

34.

Defendant denies the allegations contained in this paragraph.

35.

Defendant denies the allegations contained in this paragraph.

36.

Defendant denies the allegations contained in this paragraph.

37.

Defendant denies the allegations contained in this paragraph.

38.

Defendant denies the allegations contained in this paragraph.

39.

Defendant denies the allegations contained in this paragraph.

40.

Defendant denies the allegations contained in this paragraph.

41.

Defendant denies the allegations contained in this paragraph.

42.

Defendant denies the allegations contained in this paragraph.

43.

Defendant denies the allegations contained in this paragraph.

44.

Defendant denies the allegations contained in this paragraph.

45.

Defendant denies the allegations contained in this paragraph.

46.

Defendant denies the allegations contained in this paragraph.

47.

Defendant denies the allegations contained in this paragraph.

48.

Defendant denies the allegations contained in this paragraph.

49.

Defendant denies the allegations contained in this paragraph.

50.

Defendant denies the allegations contained in this paragraph.

## COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Defendant Kroger)

51.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

52.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

53.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

54.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

55.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

8

56.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

57.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

58.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

59.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

60.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

61.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

62.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

63.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

64.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

65.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

66.

Defendant denies the allegations contained in this paragraph.

67.

Defendant denies the allegations contained in this paragraph.

68.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

69.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

70.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

284406947v.1

71.

Defendant denies the allegations contained in this paragraph.

## COUNT III – ATTORNEY'S FEES

72.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

73.

Defendant denies the allegations contained in this paragraph.

74.

Paragraph 74 does not contain any allegations to which a response is required.  To the extent that a response is required, Defendant denies the allegations contained therein.

## PRAYER FOR RELIEF

Defendant denies all allegations and inferences of negligence and liability against it contained in the "PRAYER FOR RELIEF" paragraph of Plaintiff's Complaint.

All allegations of negligence or liability against Defendant not specifically admitted or denied above are hereby denied.

## JURY DEMAND

Defendant hereby demand a trial by a twelve-person jury on all issues so triable.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully prays that the same be dismissed with prejudice, casting all costs against the Plaintiff, and that this Court enter all such other and further relief as it deems just and proper under the circumstances.

11

Respectfully submitted, this 7th day of July, 2023.

                        **WILSON, ELSER, MOSKOWITZ,**
                        **EDELMAN & DICKER LLP**

                        */s/ Michael P. Manfredi*

3348 Peachtree Road, N.E.          Michael P. Manfredi
Suite 1400                      Georgia Bar No. 784682
Atlanta, GA 30326            Eleanor G. Jolley
(470) 419-6650               Georgia Bar No. 602577
(470) 419-6651(Fax)         *Attorneys for Defendant*
michael.manfredi@wilsonelser.com
eleanor.jolley@wilsonelser.com

284406947v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties who have appeared in this action a copy of the foregoing **DEFENDANT FAIRVIEW OAKS STATION, LLC'S AFFIRMATIVE DEFENSES AND ANSWER** by electronically filing the same with the Clerk of Court through the Peachcourt e-filing system and/or via First Class U.S. Mail to counsel of record as follows:

Gabe Banks                                          William H. Thomas, Jr.
Sam Weaver                                         THE W.H. THOMAS FIRM, LLC
BANKS WEAVER, LLC                       511 East Paces Ferry Road
100 Peachtree Street, NW, Suite 260     Atlanta, GA 30305
Atlanta, GA 30303
sam@banksweaver.com

This 7th day of July, 2023.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

3348 Peachtree Road, N.E.            */s/ Michael P. Manfredi*
Suite 1400                                      Michael P. Manfredi
Atlanta, GA 30326                          Georgia Bar No. 784682
(470) 419-6650                               Eleanor G. Jolley
(470) 419-6651(Fax)                      Georgia Bar No. 602577
                                                        *Attorneys for Defendant*

13

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001137**
SNK
**JUL 07, 2023 03:31 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| OMAR HARGROVE, individually and as administrator of the estate of Nikeem Omar Hargrove, deceased, and LATANGE SHERRELL SMITH, individually and as wrongful death beneficiary of Nikeem Omar Hargrove, deceased,<br><br>   Plaintiffs,<br><br>v.<br><br>FAIRVIEW OAKS STATION, LLC, PHILLIPS EDISON & COMPANY, LTD., THE KROGER COMPANY, and ABC CORPORATIONS (1-10),<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>NO.: STSV2023001137 |

## DEFENDANT PHILLIPS EDISON & COMPANY, LTD'S AFFIRMATIVE DEFENSES AND SPECIAL APPEARANCE ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant Phillips Edison & Company, LTD ("Defendant"), appearing specially and without waiving its defenses to jurisdiction and venue, files its Affirmative Defenses and Answer to Plaintiff's Complaint for Damages, showing the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff may not recover from Defendant because Defendant did not breach any duty owed to Plaintiff.

### SECOND DEFENSE

Pending further investigation and to preserve defenses, some or all of Plaintiff's damages may be the result of actions or omissions of individuals over whom Defendant had no control.

1

<u>THIRD DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence.

<u>FOURTH DEFENSE</u>

The Complaint fails to set forth sufficient facts to state a cause of action against Defendant.

<u>FIFTH DEFENSE</u>

Defendant denies that it was negligent or that it is liable to Plaintiff.  However, in the event Defendant is found liable to Plaintiff, any damages awarded to Plaintiff are subject to apportionment under O.C.G.A. § 51-12-33.

<u>SIXTH DEFENSE</u>

Plaintiffs' claims are barred by failure to exercise ordinary care for their own safety.

<u>SEVENTH DEFENSE</u>

Plaintiff's claims are barred by improper subject matter jurisdiction.

<u>EIGHTH DEFENSE</u>

Plaintiff's claims are barred by improper venue.

<u>NINTH DEFENSE</u>

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

**<u>PARTIES AND JURISDICTION AND VENUE</u>**

1.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

2.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

2

3.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

4.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

5.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

6.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

7.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

8.

Defendant admits the allegations contained in this paragraph.

9.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

10.

Defendant denies the allegations contained in this paragraph.

11.

Defendant denies the allegations contained in this paragraph.

3

12.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

13.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

14.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

15.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

16.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

## **FACTUAL ALLEGATIONS**

17.

Defendant denies the allegations contained in this paragraph as stated.

18.

Defendant denies the allegations contained in this paragraph as stated.

19.

Defendant denies the allegations contained in this paragraph as stated.

284407393v.1

20.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

21.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

22.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

23.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

24.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

25.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

26.

Defendant denies the allegations contained in this paragraph.

5

## COUNT I – PREMISE LIABILITY
**(All Defendants)**

27.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

28.

Defendant denies the allegations contained in this paragraph.

29.

Defendant denies the allegations contained in this paragraph.

30.

Defendant denies the allegations contained in this paragraph.

31.

Defendant denies the allegations contained in this paragraph.

32.

Defendant denies the allegations contained in this paragraph.

33.

Defendant denies the allegations contained in this paragraph.

34.

Defendant denies the allegations contained in this paragraph.

35.

Defendant denies the allegations contained in this paragraph.

36.

Defendant denies the allegations contained in this paragraph.

284407393v.1

37.

Defendant denies the allegations contained in this paragraph.

38.

Defendant denies the allegations contained in this paragraph.

39.

Defendant denies the allegations contained in this paragraph.

40.

Defendant denies the allegations contained in this paragraph.

41.

Defendant denies the allegations contained in this paragraph.

42.

Defendant denies the allegations contained in this paragraph.

43.

Defendant denies the allegations contained in this paragraph.

44.

Defendant denies the allegations contained in this paragraph.

45.

Defendant denies the allegations contained in this paragraph.

46.

Defendant denies the allegations contained in this paragraph.

47.

Defendant denies the allegations contained in this paragraph.

284407393v.1

48.

Defendant denies the allegations contained in this paragraph.

49.

Defendant denies the allegations contained in this paragraph.

50.

Defendant denies the allegations contained in this paragraph.

## **COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION**
### **(Defendant Kroger)**

51.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

52.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

53.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

54.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

55.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

8

56.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

57.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

58.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

59.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

60.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

61.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

62.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

284407393v.1

63.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

64.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

65.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

66.

Defendant denies the allegations contained in this paragraph.

67.

Defendant denies the allegations contained in this paragraph.

68.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

69.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

70.

Defendant lacks sufficient knowledge, information, or belief with which to answer the allegations contained in this paragraph.

71.

Defendant denies the allegations contained in this paragraph.

## COUNT III – ATTORNEY'S FEES

72.

Defendant incorporates by reference its responses and objections to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

73.

Defendant denies the allegations contained in this paragraph.

74.

Paragraph 74 does not contain any allegations to which a response is required.  To the extent that a response is required, Defendant denies the allegations contained therein.

## PRAYER FOR RELIEF

Defendant denies all allegations and inferences of negligence and liability against it contained in the "PRAYER FOR RELIEF" paragraph of Plaintiff's Complaint.

All allegations of negligence or liability against Defendant not specifically admitted or denied above are hereby denied.

## JURY DEMAND

Defendant hereby demand a trial by a twelve-person jury on all issues so triable.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully prays that the same be dismissed with prejudice, casting all costs against the Plaintiff, and that this Court enter all such other and further relief as it deems just and proper under the circumstances.

11

Respectfully submitted, this 7th day of July, 2023.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

*/s/ Michael P. Manfredi*

3348 Peachtree Road, N.E.
Suite 1400
Atlanta, GA 30326
(470) 419-6650
(470) 419-6651(Fax)
michael.manfredi@wilsonelser.com
eleanor.jolley@wilsonelser.com

Michael P. Manfredi
Georgia Bar No. 784682
Eleanor G. Jolley
Georgia Bar No. 602577
*Attorneys for Defendant*

12

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties who have appeared in this action a copy of the foregoing **DEFENDANT PHILLIPS EDISON & COMPANY, LTD'S AFFIRMATIVE DEFENSES AND ANSWER** by electronically filing the same with the Clerk of Court through the Peachcourt e-filing system and/or via First Class U.S. Mail to counsel of record as follows:

<table>
<tr><td>
Gabe Banks<br>
Sam Weaver<br>
BANKS WEAVER, LLC<br>
100 Peachtree Street, NW, Suite 260<br>
Atlanta, GA 30303<br>
sam@banksweaver.com
</td><td>
William H. Thomas, Jr.<br>
THE W.H. THOMAS FIRM, LLC<br>
511 East Paces Ferry Road<br>
Atlanta, GA 30305
</td></tr>
</table>

This 7th day of July, 2023.

                                                **WILSON, ELSER, MOSKOWITZ,**
                                                **EDELMAN & DICKER LLP**

<table>
<tr><td>
3348 Peachtree Road, N.E.<br>
Suite 1400<br>
Atlanta, GA 30326<br>
(470) 419-6650<br>
(470) 419-6651(Fax)
</td><td>
<u>/s/ Michael P. Manfredi</u><br>
Michael P. Manfredi<br>
Georgia Bar No. 784682<br>
Eleanor G. Jolley<br>
Georgia Bar No. 602577<br>
*Attorneys for Defendant*
</td></tr>
</table>

13