# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALTONIO MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Civil Action<br>File No. _____<br><br>Removed from State Court of Cobb County, Civil Action File No. 23-A-2516<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT THE KROGER CO.'S DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW**, Defendant The Kroger Co. ("Defendant"), by and through the undersigned counsel, and files its Defenses and Answer to Plaintiff's Complaint for Damages, showing this Court as follows:

### DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

### SECOND DEFENSE

Defendant is not liable to Plaintiff because Defendant did not breach any duty(ies) owed to Plaintiff in relation to the alleged incidents giving rise to Plaintiff's Complaint.

## THIRD DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant, and Plaintiff could have avoided the subject incident by exercising ordinary care.

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorney's fees and costs upon which relief can be granted against Defendant and should be dismissed accordingly. Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

## FIFTH DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation; and further reserves the right to amend this Answer to assert such defenses.

## SIXTH DEFENSE

In response to the allegations contained in each numbered paragraph of Plaintiff's Complaint, Defendant answers as follows:

## **JURISDICTION AND PARTIES**

1.

Upon information and belief, Defendant admits Plaintiff is currently and was at all material times a resident of the State of Georgia. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.

Upon information and belief, Defendant admits Plaintiff currently resides at 139 Holly Grove Road, Griffin, Georgia 30224 and is a resident of the State of Georgia, Fulton County. Defendant denies any remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendant admits it is an Ohio corporation authorized to transact business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson Street Southeast, Suite 125, Marietta (Cobb County), Georgia. Defendant denies any remaining allegations contained in Paragraph 3 of the Complaint.

4.

At all material times, Defendant conducted business in the State of Georgia. Defendant denies any remaining allegations contained in Paragraph 4 of the Complaint.

## VENUE

5.

Defendant admits it is an Ohio corporation authorized to transact business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson Street Southeast, Suite 125, Marietta (Cobb County), Georgia. Defendant denies that venue is proper in the State Court of Cobb County, and denies any remaining allegations contained in Paragraph 3 of the Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF THE CASE

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant admits on or around August 20, 2021, it owned and operated the Kroger store located at 1524 GA Highway 16 West, Griffin, Georgia 30223 (the "Subject Property"). Defendant further admits it owes a duty to invitees to exercise ordinary care in keeping its premises and approaches safe. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

9.

Defendant admits Plaintiff was present at the Subject Property on August 20, 2021. Defendant denies any remaining allegations contained in Paragraph 9 of the Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint. Therefore, said allegations stand denied as a matter of law pursuant to O.C.G.A. § 9-11-8(b).

11.

Defendant admits it owes a duty to invitees to exercise ordinary care in keeping its premises and approaches safe. Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

All allegations not specifically admitted to above are hereby denied.

**AD DAMNUM CLAUSE**

Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of the Complaint, including the relief sought in subparts (a) through (d).

**WHEREFORE**, having fully responded to the averments in Plaintiff's Complaint for Damages, Kroger respectfully requests that:

(a) Judgment is rendered in favor of Kroger and against Plaintiff;

(b) Kroger be discharged with all costs cast against Plaintiff;

(c) This matter be tried by a jury of twelve (12) persons regarding any issues not subject to summary adjudication; and

(d) For such other and further relief as is just and proper.

Respectfully submitted this 10th day of July, 2023.

[*Signature on the following page.*]

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Alexander D. Perwich III* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-1067 | Georgia State Bar No.: 412593 |
| Facsimile:   (404) 870-1030 | Alexander D. Perwich III |
| Email: aperwich@grsmb.com | Georgia State Bar No.: 622240 |
| ykintner@grsmb.com | *Counsel for Defendant The Kroger Co.* |

## **CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1**

This is to certify that on this date, the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Matthew K. Titus, Esq.
Daniel T. Gholston, Esq.
TITUS LAW, LLC
5755 North Point Parkway, Suite 88
Alpharetta, Georgia 30022
*Counsel for Plaintiff*

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this 10th day of July, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Alexander D. Perwich III* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-1067 | Georgia State Bar No.: 412593 |
| Facsimile:   (404) 870-1030 | Alexander D. Perwich III |
| Email: aperwich@grsmb.com | Georgia State Bar No.: 622240 |
|            ykintner@grsmb.com | *Counsel for Defendant The Kroger Co.* |