*Altonio Morgan v. The Kroger Co.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  23-A-2516*

*Altonio Morgan v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER



**PEACHTREE INJURY LAW**

March 21, 2023

**SENT VIA CERTIFIED MAIL: 7020 1810 0000 0583 2759**
**VIA EMAIL: betty.cason@sedgwick.com**
Sedgwick
ATT: Betty Cason
P.O. Box 14452
Lexington, KY 40512

    Re:    Your Insured:    The Kroger Co.
             Claim No.:        4A21081A4DG-0001
             Our Client:        Altonio Morgan
             Date of Incident:  8/20/2021

Dear Ms. Cason:

As you are aware from prior correspondence, this law firm represents the interests of Altonio Morgan in his claim for injuries and damages due to an incident that occurred on August 20, 2021, at the Kroger located at 1524 GA-16 in Griffin, Georgia.

Please accept this **one-time, time-limited** offer to settle this matter within policy limits and fully protect your insured, including The Kroger Co. ("Kroger") from litigation and excess liability exposure. This letter is sent as an offer of compromise, and therefore any statements made in this letter are inadmissible at the trial of this case pursuant to O.C.G.A. §24-4-408.

For your review and evaluation, I enclose the following:

1. Photographs of the floor from the date of incident;
2. A copy of the Letter of Representation to The Kroger Co.;
3. Mr. Morgan's medical records and bills received up to date;

These materials are more than sufficient to compel your acceptance of this demand.

## LIABILITY AND DAMAGES

On or about August 20, 2021, Mr. Morgan visited the Kroger store located in Griffin, Georgia, to do his grocery shopping. While Mr. Morgan was in the produce section, specifically in the grape section, Mr. Morgan suddenly and without any warning, slipped on what appeared to be debris from blueberries. Trying to brace his fall, he grabbed the closest grape cooler with his left arm causing him to pull a muscle in his left shoulder. Mr. Morgan immediately notified a Kroger employee of his fall and an incident report was filed.

Mr. Morgan sustained serious, permanent injuries which were directly and proximately caused by the negligence of your insured. More specifically, he sustained injuries to his left shoulder down to his left elbow.

Mr. Morgan sought medical attention at Wellstar Spalding Regional Hospital with complaints of left arm, left shoulder and lumbar pain. He underwent x-rays of his left humerus, and lumbar spine. He was prescribed cyclobenzaprine and prednisone and told to follow up with an Orthopedic.

Mr. Morgan followed up care at Regenerative Orthopaedics with Dr. Rayappa. Mr. Morgan underwent a left shoulder MRI and a nerve study test. Mr. Morgan was diagnosed with a left shoulder superior labral tear with rotator cuff tendinitis, subacromial impingement, and spontaneous rupture of the long head of the bicep's tendon. Mr. Morgan underwent physical therapy at Griffin Rehab Solutions and also underwent some epidural steroid injections in his lumbar spine which gave him some temporary relief for a couple of weeks. Due to not responding to the physical therapy and steroid injections Dr. Rayappa recommended him for a left shoulder arthroscopy with rotator cuff debridement, anterior superior and posterior labral debridement with anterior capsular release with arthroscopic labral repair of the anterosuperior labrum with a subacromial bursectomy and decompression which he underwent on 11/23/21.

Mr. Morgan was also evaluated by Dr. Bush from Resurgens Orthopedics for a second opinion due to having spasms and soreness in his arm after his surgery by Dr. Rayappa. Mr. Morgan was advised to continue physical therapy which would help him in his recovery.

Mr. Morgan states that this incident has also taken a toll on his emotional health and has set him back as a hardworking family man he was once known to be before the incident. Below is a list of Mr. Morgan's damages thus far:

| | |
|---|---|
| Wellstar Spalding Regional Hospital | $2,933.00 |
| Wellstar Family Medicine | $206.07 |
| S&S Imaging Associates, LLC | $96.00 |
| Resurgens Orthopaedics | $495.00 |
| Regenerative Orthopaedics and Spine | $38,293.00 |
| Griffin Rehab Solutions | $682.26 |
| Griffin Imaging | $3,035.00 |
| Georgia Emergency Group, LLC | $935.00 |
| Orthomed Staffing, LLC | $18,860.15 |
| Regenerative Surgery Center | $93,661.28 |
| **TOTAL:** | **$159,196.76** |

**Please note that these medical bills do not include future expenses.**

Our client is entitled to recover 100% of all economic and non-economic losses directly from your insured, including but not limited to his medical bills

and future expenses.

Our client intends to pursue all damages for physical and emotional pain, discomfort, suffering, inconvenience, and all other nonpecuniary losses of any kind or nature. Georgia law presumes that pain and suffering accompany a physical injury. *White v. Hammond,* 129 Ga. App. 408 (1973). This case presents significant exposure to your insured.

## DEMAND

This is a **one-time, time-limited** demand to settle this case for $750,000.00. In exchange for the requested settlement, our client will execute a limited liability release in favor of Sedgwick insured as set forth above.

This demand is also made pursuant to O.C.G.A. § 51-2-14 for unliquidated damages in a tort action. If Sedgwick fails to pay for the amount demanded, then pursuant to the provisions of this statute, Mr. Morgan shall be entitled to receive interest on the claimed sum if, upon trial of the case, in which the claim is made, the judgment is for an amount not less than the sum claimed. Failure to timely respond may subject Sedgwick to bad faith liability. *See Southern General v. Holt,* 200 Ga. 757, 409 S.E.2d 769 (1991), and *Brightman v. Cotton States Mutual Ins. Co.,* 276 Ga. 683, 580 S.E.2d 579 (2003).

## TERMS

(1) This offer must be accepted within thirty-three (33) days from receipt of this correspondence by certified mail;
(2) The amount of monetary payment demanded is $750,000.00, within the policy limits;
(3) The parties the claimant will release if this offer is accepted (hereinafter "Released Parties") will be Sedgwick and its affiliates on the subject policy and all insureds under the policy, including The Kroger Co.;
(4) The claimant will provide a **general liability release** as described above; and
(5) The claims to be released are all claims against Released Parties for personal injuries sustained by Altonio Morgan.

I look forward to your timely acceptance of offer.

Best Regards,

Mathew K. Titus, Esq.

MKT/ao
Enclosures