UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JENKINS, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| CLAYTON COUNTY, GA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Donald Jenkins ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant, Clayton County, GA (hereinafter "Defendant" or "Clayton County"), showing the following:

### I. NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

### II. PARTIES

2.  Plaintiff is a resident of Henry County in the State of Georgia, a citizen of

the United States of America, and is subject to the jurisdiction of this Court.

3.Defendant is the Clayton County, Georgia government.

4.Defendant operates the Clayton County Health District ("CCHD") with its principal office located at 1117 Battlecreek Road Jonesboro, GA 30236.

5.Defendant may be served by delivering a copy of the Complaint and Summons to the Chairman of the Clayton County Board of Commissioners, Mr. Jeffrey E. Turner, at 112 Smith Street, Annex 1, Jonesboro, GA 30236.

6.Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

7.This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I, II, and III of this Complaint, which arise out of the ADA and Title VII.

8.The majority of the events plead herein occurred in Clayton County, Georgia.

9.This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

10.Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

11. This action has been timely commenced.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA and Title VII.

14. Plaintiff was employed by Defendant from August 2019 through January 2, 2021.

15. At all times relevant to Plaintiff's claims, he worked as a Case Manager for Defendant's Healthier Generations Program ("HGP").

16. The HGP was divided into two parts: one working with mothers and their children ages 0 to 18 months and the other working with the mother's male counterparts (husbands, infant's father, uncles, brothers, etc.).

17. Plaintiff provided support to the male portion of the HGP.

18. Plaintiff was the only male Case Manager in the HGP.

19. At all times relevant to Plaintiff's claims, Plaintiff was supervised by Ms. Jennifer Beane, Project Director.

20. Defendant created a COVID-19 Call Center in 2020.

21. In September 2020, Plaintiff was scheduled to work at the Call Center.

22. Upon arrival, two of the three scheduled employees had called out sick,

leaving Plaintiff working alone at the Call Center.

23. Plaintiff began to feel ill and requested to go home through Ms. Beane.

24. Ms. Beane informed Plaintiff he was required to find coverage for the shift if he needed to leave early.

25. Ms. Beane demanded that Plaintiff remain at work until his shift ended.

26. Plaintiff contacted Defendant Project Coordinator Ms. Carla Cooper, who assisted Plaintiff in finding two employee replacements.

27. Ms. Cooper expressed confusion about Ms. Beane's refusal to assist Plaintiff based on her history of assisting Plaintiff's female counterparts with finding replacements.

28. After refusing to assist Plaintiff, Ms. Beane informed Plaintiff that he could no longer attend Microsoft Teams meetings focused on Marketing and Recruitment for HGP.

29. Prior to Plaintiff's request for assistance in finding replacement employees, Plaintiff was allowed to participate in these Teams Meetings without issue.

30. On September 25, 2020, Plaintiff reported Ms. Beane's actions detailed in the above paragraphs to the Defendant through Ms. Carla Heath, District Administrator, and Ms. Lathonia Adekunle, Case Manager, stating his belief that the actions were occurring on the basis of gender discrimination and bias.

31. No remedial action was taken.

32. Following his complaint, Plaintiff had several key job responsibilities removed and reassigned to female counterparts.

33. For example, Plaintiff was no longer permitted to engage in recruitment of mothers for the program despite his previous involvement.

34. Plaintiff was no longer allowed to participate in team meetings regarding recruitment of mothers.

35. The continued actions against Plaintiff caused exacerbation of his underlying disabilities of Depression and Anxiety.

36. On October 9, 2020, Plaintiff complained to Defendant Human Resources Director, Ms. Carmen King, and Human Resources Generalist, Ms. Christy Freeman, that Ms. Beane's discriminatory and retaliatory actions were ongoing and were impacting his health.

37. Specifically, Plaintiff expressed this was causing him significant stress and exacerbating his Depression and Anxiety.

38. No remedial action was taken.

39. Ms. King only directed the Plaintiff to call the Employee Assistance Program ("EAP") to address the reported stress.

40. On October 27, 2020, Plaintiff was issued a disciplinary action by Ms.

Beane for alleged over usage of his assigned agency cell phone.

41. Plaintiff is aware of at least one female Case Manager who reported to Ms. Beane that was not disciplined for accruing minutes in excess of Defendant's purported limitation.

42. Plaintiff took leave pursuant to the Family and Medical Leave Act ("FMLA") for work-related stress and acute depression from November 3, 2020, to January 7, 2021.

43. Defendant was made further aware that Plaintiff was suffering from work-related stress and acute depression based on medical documentation provided by Plaintiff.

44. On January 20, 2021, Plaintiff, through counsel, requested a reasonable accommodation of transfer to a position that did not report to Ms. Beane.

45. On January 27, 2021, Defendant rejected Plaintiff's request, claiming that it was impossible to transfer Plaintiff away from Ms. Beane.

46. As reasoning, Defendant stated that Ms. Beane supervised "all grant-funded programs."

47. Defendant failed to consider positions for Plaintiff outside of Ms. Beane's supervision.

48. Defendant failed to consider Plaintiff for a vacant position as Service

Coordinator that did not report to Ms. Beame.

49. Based on Defendant's failure to accommodate Plaintiff and failure to engage in the interactive accommodations process following Ms. Beane's creation of a hostile work environment, Plaintiff was forced to resign February 2, 2021, based on the hostile work environment and failure to accommodate.

50. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2021-02886.

51. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated April 11, 2023.

## V. CLAIM FOR RELIEF

### COUNT I: TITLE VII RETALIATION
### (HOSTILE WORK ENVIRONMENT)

52. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

53. Plaintiff is a member of a protected class by virtue of his gender.

54. Plaintiff engaged in a protected activity when he reported perceived gender-based discrimination.

55. Defendant's treatment of Plaintiff after his reports of gender discrimination was sufficiently severe and pervasive that a reasonable person would consider it hostile and abusive.

56. Plaintiff subjectively perceived Defendant's treatment of him to be hostile and abusive.

57. The hostile work environment was created and condoned by the Defendant.

### COUNT II: ADA DISCRIMINATION
### (FAILURE TO ACCOMMODATE)

58. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

59. Plaintiff is a qualified individual with a disability.

60. Defendant was aware of Plaintiff's disability.

61. Plaintiff informed Defendant of his needed accommodations.

62. Plaintiff's accommodation request was reasonable, effective, and would not have posed an undue hardship to Defendant.

63. Defendant failed to provide said accommodation to Plaintiff.

64. Defendant failed to engage in the interactive process to present an alternative accommodation.

65. Plaintiff suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

### COUNT III: ADA RETALIATION
### (TERMINATION: CONSTRUCTIVE DISCHARGE)

66. Plaintiff incorporates by reference all Paragraphs and allegations set forth in

this Complaint as though fully and completely set forth herein.

67. Plaintiff is a qualified individual with a disability.

68. Following Plaintiff's revelation of exacerbated medical conditions requiring reasonable accommodations from Defendant, Plaintiff's accommodation requests were rejected.

69. Plaintiff suffered the adverse action of constructive discharge when his accommodation request was denied.

70. Defendant has no legitimate business reasons for the constructive discharge of Plaintiff.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury; and

d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 10th day of July, 2023.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                s/Rachel B. Canfield
                                                Rachel B. Canfield
                                                Georgia Bar No. 488716
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 10th day of July, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Rachel B. Canfield
        Rachel B. Canfield
        Georgia Bar No. 488716
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com