UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | ) MDL DOCKET NO. 2974 ) ) |
| This document relates to: Jamilah Hamdan | ) 1:20-md-02974-LMM ) ) |
| vs. Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., CooperSurgical, Inc. | ) Civil Action No.: ) ) ) ) ) |

**SHORT FORM COMPLAINT**

Comes now the Plaintiff named below, and for her Complaint against the Defendants named below, incorporates the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff further pleads as follows:

1. Name of Plaintiff placed with Paragard: Jamilah Hamdan

2. State of Residence of Plaintiff at time of filing of Plaintiff's original complaint: Ohio

3. State of Residence of each Plaintiff at the time of Paragard placement: Ohio

4. State of Residence of each Plaintiff at the time of Paragard removal: Ohio

5. District Court and Division in which personal jurisdiction and venue would be proper: Northern District of Ohio.

6. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

   A. Teva Pharmaceuticals USA, Inc.
   B. Teva Women's Health, LLC
   C. Teva Branded Pharmaceutical Products R&D, Inc.

    D. The Cooper Companies, Inc.
    E. CooperSurgical, Inc.

7. Basis of Jurisdiction
   X Diversity of Citizenship (28 U.S.C. § 1332(a))
      Other (if Other, identify below):

8.

| Date Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physicians or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physicians or other Health Care Provider (include City and State) <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 2/12/2016 | Susan K. Krieger, CNM | 6/16/2022; 6/18/2022 | Dr. William Hahn (Middleburgh Heights, OH); Dr. Katherine McDowell (Berea, OH) |

9. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

   Yes

10. Brief statement of injury(ies) Plaintiff is claiming:
    Plaintiff Jamilah Hamdan experienced unusual cramping and pain. When following up with her OBGYN, she had an ultrasound and was told that her IUD moved and needed to be removed. During the removal on 6/16/2022, the IUD broke. She underwent an outpatient surgery on 6/18/22 for the removal of the IUD. The IUD became embedded in her cervical wall and was unable to be removed. Because of this surgery, Ms. Hamdan developed a bacterial abscess, causing sepsis, which required an additional surgery. Plaintiff lost her left ovary and was hospitalized for 3 weeks. Plaintiff reserves her right to allege additional injuries and complications specific to her. Part of the IUD is still lodged in her cervix and is unable to be removed without the removal of her entire cervix.

11. Product Identification:
    a. Lot Number of Paragard placed in Plaintiff (if now known): 514002

b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:
No

12. Counts in the Master Complaint brought by Plaintiff(s):
    Count I – Strict Liability / Design Defect
    Count II – Strict Liability / Failure to Warn
    Count III – Strict Liability / Manufacturing Defect
    Count IV – Negligence
    Count V – Negligence / Design and Manufacturing Defect
    Count VI – Negligence / Failure to Warn
    Count IX – Negligent Misrepresentation
    Count X – Breach of Express Warranty
    Count XI – Breach of Implied Warranty
    Count XII – Violation of Consumer Protection Laws
    Count XIII – Gross Negligence
    Count XIV – Unjust Enrichment
    Count XV – Punitive Damages

13. "Tolling/Fraudulent Concealment" allegations:
    a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

    No

    b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

14. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:
    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    No.

    b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims): i. The alleged statement(s) of material fact that Plaintiff alleges was false:
    ii. Who allegedly made the statement:
    iii. To whom the statement was allegedly made:
    iv. The date(s) on which the statement was allegedly made:

15. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:
    a. What does Plaintiff allege is the manufacturing defect in her Paragard?
    Only those facts alleged in the Master Complaint

16. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint:

17. Jury Demand:

    Jury Trial is demanded as to all counts

*/s/ Scott Perlmuter*
SCOTT PERLMUTER (0082856)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
Tel:   (216) 285-9991
Fax:   (888) 604-9299
Email:  scott@tittlelawfirm.com
*Attorney for Plaintiff*
