IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| CARL PARKER,<br><br>    Plaintiff,<br>vs.<br><br>SMITH TRANSPORT PA, INC.<br>d/b/a SMITH TRANPORT, INC.<br>and<br>ELLSWORTH GROCE,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COMES NOW Plaintiff Carl Parker, and states his complaint against Defendants SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE, as follows:

**PARTIES AND JURISDICTION**

1.

This is a renewal under O.C.G.A. § 9-2-61 of Carl Parker v. Smith Transport PA, Inc. et al., Civil Action File No. 1:21-CV-03217-WMR, which was a valid pending action that was voluntarily dismissed without prejudice pursuant to O.C.G.A. §9-11-41 on January 18, 2023, with all costs having been previously paid.

2.

The action arises out of the same transaction or occurrence as the Original Suit and is asserted by the same Plaintiff against the same Defendants as the Original Suit.

3.

Plaintiff, Carl Parker is and, at all times material to this action, was a resident of the State of Georgia. The Plaintiff willfully avails himself

4.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport, Inc. (hereinafter "Defendant Smith Transport") is a foreign corporation incorporated under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania. For purposes of diversity jurisdiction, Defendant Smith Transport is considered a citizen of the State of Pennsylvania. Defendant Smith Transport has agreed to acknowledge service of the Complaint and Summons in this case.

5.

Defendant Ellsworth Groce (hereinafter "Defendant Groce") is a resident of the State of North Carolina, whose last known address is 238 Harrison Road, Norlina, NC 27563. For purposes of diversity jurisdiction, Defendant Groce is considered a citizen of the State of North Carolina. Defendant Groce has agreed to acknowledge service of the Complaint and Summons in this case.

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

7.

This Court exercising jurisdiction over this matter is appropriate because the Defendants' acts and/or omissions giving rise to this action occurred within this district and division, specifically in DeKalb County, Georgia.

8.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and LR 3.1 because a substantial part of the events giving rise to the claim occurred within this district and division, specifically in DeKalb Count, Georgia.

**STATEMENT OF FACTS**

9.

On or about February 28, 2020, Plaintiff Carl Parker was traveling as a front-seat passenger in a 1999 Chevrolet and heading southbound on I-85 South in DeKalb County, Georgia.

10.

On or about the same time and place, Defendant Groce was driving a 2018

Freightliner Tractor Trailer and also heading southbound on I-85 South, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of the vehicle that the Plaintiff was a passenger in.

11.

As a result of the collision, Plaintiff Carl Parker suffered multiple injuries.

## **COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE**

12.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 11 above as if they were fully restated verbatim.

13.

At all relevant times, Defendant Groce owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Groce did violate them in the following particulars:

    a.    In failing to make reasonable and proper observations while driving the tractor trailer truck; or, if reasonable and proper observations were made, failing to act thereon;

    b.    In following too closely to the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-49;

    c.    In failing to make timely and proper application of his brakes in

      violation of O.C.G.A. § 40-6-241;

d.     In failing to observe or undertake the necessary precautions to keep the tractor trailer he was operating from colliding into the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-390;

e.     In driving the tractor trailer truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.     In driving the tractor trailer truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

14.

Defendant Groce's violations of the aforementioned duties of care constitute negligence *per se*.

15.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Groce, Plaintiff Carl Parker has suffered significant injuries, medical expenses, and damages. These damages include emotional distress,

personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $137,316.35 + in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

16.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 15 above as if they were fully restated verbatim.

17.

At all relevant times, Defendant Groce was an employee and agent of Defendant Smith Transport and Defendant Groce was driving a tractor trailer within the course and scope of his employment with Defendant Smith Transport.

18.

Defendant Smith Transport is liable for the acts and omissions of Defendant Groce as Defendant Smith Transport's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

19.

Defendant Smith Transport negligently hired, retained, and supervised Defendant Groce.

20.

Defendant Smith Transport negligently entrusted the tractor trailer to Defendant Groce when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

21.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Smith Transport, Plaintiff Carl Parker's has suffered significant injuries, medical expenses, and damages.  This damage includes emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess $137,316.35 + in past medical expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carl Parker respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants; and

(g) For such other and further relief as this Court deems just and appropriate.

This 11th day of July, 2023.

Respectfully Submitted,

*/s/ Hector J. Rojas, Jr.*
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
1350 Church Street Extension
Suite 300
Marietta, Georgia 30060
Tel: (404) 965-8837
Fax: (404) 720-3781
hrojasjr@forthepeople.com