## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

| | |
|---|---|
| **CARL PARKER,**<br><br>   **Plaintiff,**<br>**vs.**<br><br>**SMITH TRANSPORT PA, INC.**<br>**d/b/a SMITH TRANPORT, INC.**<br>**and**<br>**ELLSWORTH GROCE,**<br><br>   **Defendants.** | **CIVIL ACTION**<br>**FILE NO:**<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
### SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC.

TO: Defendant Smith Transport PA, Inc. d/b/a
   Smith Transport, Inc.
   c/o its registered agent for service
   C T Corporation System
   289 S. Culver St.
   Lawrenceville, GA  30046

COMES NOW Plaintiff, Carl Parker, hereby requests that Defendant Smith

Transport, admit for the purpose of this action the truth of the following facts within

forty-five (45) days after the date of service hereof.  If any request cannot be

truthfully admitted or denied, please state in detail the reasons why you cannot

truthfully admit or deny the matter.  If you cannot admit or deny the request in its

entirety, please specify that part which you cannot admit or deny and state in detail

the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

The matters requested admitted are the following:

1.

Please admit that Defendant Smith Transport accepted service of the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper in the Northern District of Georgia.

4.

Please admit that this Court has jurisdiction over Defendant Smith Transport for the purpose of this lawsuit.

5.

Please admit that Ellsworth Groce was the employee of Defendant Smith Transport at the time of the subject collision.

6.

Please admit that Defendant Groce was operating the tractor trailer at the time of the collision in the course and scope of this employment with Defendant Smith Transport.

7.

Please admit that Defendant Groce was driving the subject tractor trailer within the course and scope of this agency's relationship with Defendant Groce at the time of the collision-in-suit.

8.

Please admit that Defendant Groce was driving the subject tractor trailer truck within the course and scope of his contractual relationship with Defendant Smith Transport at the time of the collision-in-suit.

9.

Please admit that Defendant Groce was driving the subject tractor trailer truck within the course and scope his lease relationship with Defendant Smith Transport at the time of the collision-in-suit.

10.

Please admit that Defendant Smith Transport is liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant Groce, at the time of the subject collision.

*These Requests for Admission are served upon you together with Plaintiff's Complaint.*

This 11th day of July, 2023.

Respectfully Submitted,

*/s/ Hector J. Rojas, Jr.*
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
*Attorney for Plaintiff*

**Morgan & Morgan Atlanta, PLLC**
1350 Church Street Extension., Suite 300
Marietta, Georgia 30060
Tel: (404) 965-8837
hrojasjr@forthepeople.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

| | |
|---|---|
| **CARL PARKER,**<br><br>              **Plaintiff,**<br>**vs.**<br><br>**SMITH TRANSPORT PA, INC.**<br>**d/b/a SMITH TRANPORT, INC.**<br>**and**<br>**ELLSWORTH GROCE,**<br><br>              **Defendants.** | **CIVIL ACTION**<br>**FILE NO:**<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SMITH TRANSPORT, INC.

TO:   Defendant Smith Transport PA, Inc. d/b/a
      Smith Transport, Inc.
      c/o its registered agent for service
      C T Corporation System
      289 S. Culver St.
      Lawrenceville, GA  30046

Plaintiff, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting

on your behalf.  If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, P.A., 1350 Church Street Extension Suite 300, Marietta, Georgia 30060 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Federal Rules of Civil Procedure, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   <u>**DEFINITIONS**</u>

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian.  In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

Please state whether Defendant Groce was acting within the course and scope of his employment with Defendant Smith Transport at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the truck involved in the subject incident belongs to someone other than this Defendant, please explain the circumstances under which the vehicle came into the

possession of the operator, the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and

the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Smith Transport has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Groce went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request was Defendant Groce driving the subject truck or tractor-trailer at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Groce has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject truck or tractor and trailer involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Groce ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff, acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendants to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the vehicle forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Groce? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

   a)      what each such item purports to show, illustrate or represent;

   b)      the date it was made or taken; and

   c)      the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Groce was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant Smith Transport and Defendant Groce, or any other individual or entity under which  was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident.   For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Groce received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject truck or tractor trailer driven by Defendant Groce was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated there from.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including

but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiffs or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant Smith Transport (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Defendant Groce.

8.

Please produce Defendant Groce's driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to  reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving , his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Smith Transport or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks and any policies and procedures that in anyway apply to, cover, or govern Defendant Groce's employment.

17.

Copies of all work orders, daily loads and/or work reports for September 18, 2019, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving the tractor trailer vehicle prior September 18, 2019.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all log books for Defendant Groce for the months of December 2019, January 2020, and January 2021.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

This 11th day of July, 2023.

Respectfully Submitted,

*/s/ Hector J. Rojas, Jr.*
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
*Attorney for Plaintiff*

**Morgan & Morgan Atlanta, PLLC**
1350 Church Street Extension., Suite 300
Marietta, Georgia 30060
Tel: (404) 965-8837
hrojasjr@forthepeople.com