THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRANT HUDGENS, JACOB COOPER, WALTER OWEN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br> v. <br><br> JB TECHNOLOGIES, LLC, MICHAEL S. BRUTON, Individually, and THOMAS BRUTON, Individually <br><br> Defendants. | Civil Action No. <br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Grant Hudgens ("Hudgens"), Jacob Cooper ("Cooper"), and Walter Owen ("Owen) on their own behalf and on behalf of those similarly situated (collectively as "Plaintiffs"), who were employed by JB Technologies, LLC, Michael S. Bruton, and Thomas Bruton, (or "Defendants"), and brings this amended complaint in support for an action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## **INTRODUCTION**

1.

Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.

The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.

Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.

The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce,

that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.

To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.

The Defendants in this case, a tower technician company, and its owners, violated the FLSA by failing to pay Plaintiffs and other similarly-situated Tower Technicians and Foremen time and one half for all of their hours worked over forty (40) each week.

7.

This action is intended to include each and every employee falling within the position titles above who worked for Defendants at any location, at any time within the past three (3) years.

8.

Plaintiff, Hudgens, was employed by Defendants as a Tower Technician and Foreman from July 2019 through July 2022.

9.

Plaintiff, Cooper, was employed by Defendants as a Tower Technician and Foreman from in or around July 2019 through at least July 2022.

10.

Plaintiff, Owen, was employed by Defendants as a Tower Technician and Foreman from in or around July 2019 through at least July 2022.

11.

During Plaintiffs' employment with Defendants, and at all times material hereto, Plaintiffs were residents of the State of Georgia and is subject to the jurisdiction of this Court.

12.

JB TECHNOLOGIES, LLC, is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia.

13.

JB TECHNOLOGIES, LLC, is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

14.

Defendants JB TECHONOLIGIES, LLC, and THOMAS BRUTON (Registered Agent) may be served by delivering a copy of the summons and complaint at 4411 Fallowfield Lane, Lilburn, Georgia 30047.

15.

Defendants JB TECHONOLIGIES, LLC and Michael S. Bruton may be served by delivering a copy of the summons and complaint at 228 Columbia Cv., Dallas, Georgia 30132.

16.

Plaintiffs were an "employee" of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

17.

Plaintiffs performed non-exempt labor for Defendants within the last three (3) years.

18.

Defendants employed Plaintiffs during the relevant time period.

19.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

20.

Defendants are a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

21.

Defendants are classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

During Plaintiffs' employment with Defendants, Defendants employed two (2) or more employees which handled goods, materials, and supplies which travelled in interstate commerce.

23.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

24.

At all times relevant to this action, Thomas Bruton is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of JB Technologies, LLC. By virtue of having regularly exercised that authority on behalf of JB Technologies, LLC, Thomas Bruton is an employer as defined by 29 U.S.C. § 201, et seq.

25.

At all times relevant to this action, Michael S. Bruton is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of JB Technologies, LLC. By virtue of having regularly exercised that authority on behalf of JB Technologies, LLC, Michael S. Bruton is an employer as defined by 29 U.S.C. § 201, et seq.

## **COVERAGE**

26.

At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

27.

At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

28.

At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

29.

At all material times during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

30.

Plaintiff Hudgens was employed at Defendants from July 2019 through July 2022, as a Tower Technician and Forman.

31.

During the full duration of Plaintiff Hudgens' employment at Defendants, he was paid a flat daily rate of $300.00.

32.

Plaintiff Hudgens worked on average, around 10-15 hours of overtime per week while employed at Defendants.

33.

Plaintiff Hudgens was never paid for any overtime he worked.

34.

On days Plaintiff Hudgens worked half days for reasons outside of his control, he was not paid at all.

35.

Plaintiff Hudgens complained to Kendel Keenan, Project Manager, about not being paid overtime. However, Defendants still failed to pay Plaintiff Hudgens overtime.

36.

Plaintiff Cooper was employed at Defendants from July 2019 through at least July 2022, as a Tower Technician and Forman.

37.

During the full duration of Plaintiff Coopers' employment at Defendants, he was paid a flat daily rate of $300.00.

38.

Plaintiff Cooper worked on average, around 10-15 hours of overtime per week while employed at Defendants.

39.

Plaintiff Cooper was never paid for any overtime he worked.

40.

On days Plaintiff Cooper worked half days for reasons outside of his control, he was not paid at all.

41.

Plaintiff Cooper complained to Kendel Keenan, Project Manager, about not being paid overtime. However, Defendants still failed to pay Plaintiff Cooper overtime.

42.

Plaintiff Owen was employed at Defendants from July 2019 through at least July 2022, as a Tower Technician and Forman.

43.

During the full duration of Plaintiff Owen's employment at Defendants, he was paid a flat daily rate of $300.00.

44.

Plaintiff Owen worked on average, around 10-15 hours of overtime per week while employed at Defendants.

45.

Plaintiff Owen was never paid for any overtime he worked.

46.

On days Plaintiff Owen worked half days for reasons outside of his control, he was not paid at all.

47.

Plaintiff Owen complained to Kendel Keenan, Project Manager, about not being paid overtime. However, Defendants still failed to pay Plaintiff Cooper overtime.

48.

Defendants failed to record all of the hours worked by Plaintiffs including overtime, and those similarly situated to them.

49.

Defendants do not have any records of signatures of Plaintiffs for the overtime it claims to have allegedly paid Plaintiffs.

50.

Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

51.

Upon information and belief, Defendants had/have a company-wide policy of failing to Plaintiffs and other similarly situated employees proper overtime compensation for all of their overtime hours worked.

52.

Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

53.

Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

54.

Defendants have acted willfully in failing to pay Plaintiffs, and those similarly situated to them, in accordance with the law.

**COUNT I - RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION**

55.

Plaintiffs reincorporate and readopts all allegations contained within Paragraphs 1-67 above.

56.

Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

57.

During their employment with Defendants, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for same.

58.

As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

59.

As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them are entitled to liquidated damages.

60.

Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendants for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendants did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

Respectfully submitted the 11th day of July, 2023.

                Respectfully submitted,

                /s/ Jeremy Stephens
                Jeremy Stephens, Esq.
                Ga. Bar No.: 702063
                **MORGAN & MORGAN, P.A.**
                191 Peachtree Street, N.E., Suite 4200
                Post Office Box 57007
                Atlanta, Georgia 30343-1007
                Tel:   (404) 965-1682
                Email: jstephens@forthepeople.com
                ***Attorney for Plaintiffs***