IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BLACKSTONE LABS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRICE CONSULTING GROUP LLC ) <br> d/b/a PRICE4LESS LLC, and ) <br> TAMEIKA PRICE, ) <br> ) <br> Defendants. ) <br> _____) | Case No. |

## COMPLAINT

Plaintiff Blackstone Labs, LLC ("Blackstone") files this Complaint against Defendants Price4Less LLC ("Price4Less") and Tameika Price, alleging as follows:

## THE PARTIES

1. Blackstone is a Florida limited liability company whose controlling member resides in Fulton County, Georgia. Blackstone sells dietary supplements under the trademark "CHOSEN1" in the Northern District of Georgia and throughout the United States.

2. Upon information and belief Defendant Price Consulting Group LLC d/b/a Price4Less LLC ("Price4Less") is a Texas limited liability company located at

8303 Southwest Fwy, Houston, Texas 77074. Upon information and belief, Price4Less uses the trademark "CHOISIE1" on goods and services sold in the Northern District of Georgia and throughout the United States.

3.      Upon information and belief, Defendant Tameika Price is a citizen and resident of the State of Texas, the owner of Price4Less, and the primary participant in Price4Less' adoption of the trademark "CHOISIE1" for use in connection with goods and services including, but not limited to, dietary supplements.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), 1338 (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act claims), as this case is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.      Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's claims arising from the laws of the State of Georgia, as those claims are substantially related to the causes of action over which this Court has original jurisdiction.

6.      This Court has personal jurisdiction over the Defendants pursuant to O.C.G.A. § 9-10-91 because each Defendant regularly transacts and solicits business

in the Northern District of Georgia, each Defendant has committed the tortious act of trademark infringement within this District, and each Defendant has caused tortious injury in this District by infringing conduct committed outside of this District.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) and O.C.G.A. § 9-10-93 because Defendants have committed tortious acts of infringement within the Northern District of Georgia, and have committed tortious acts of infringement outside of this District which caused caused tortious injury within this District.

## BACKGROUND FACTS

8. Blackstone manufactures, distributes, and sells high-quality dietary supplements.

9. Blackstone began offering dietary supplements using the trademark "CHOSEN1" in or around November of 2015.

10. Blackstone has since marketed, distributed, and sold dietary supplements under the trademark "CHOSEN1" through an extensive network of wholesale, Internet, and retail outlets throughout the United States.

11. Through Blackstone's long-term use and promotion, the trademark "CHOSEN1" has established significant goodwill amongst consumers of dietary supplements, associated exclusively with Blackstone.

12. On January 29, 2021, Blackstone applied to register the trademark "CHOSEN1" with the United States Patent and Trademark Office ("USPTO") for use in connection with "Dietary supplements for human consumption" and its application was assigned Serial No. 90497273.

13. On January 18, 2022, the USPTO issued a Nonfinal Office Action refusing registration of the CHOSEN1 trademark based upon a likelihood of confusion with Price4Less' trademark "CHOISIE1" (U.S. Registration No. 6542981) for "Online retail store services featuring beauty and health products." The Office Action reasoned:

> The registrant's mark is in French … [T]he ordinary American purchaser would likely stop and translate the mark because the French language is a common, modern language spoken by an appreciable number of consumers in the United States. … [T]he wording CHOISIE 1 in the registered mark directly and literally translates to CHOSEN 1 … Thus, the marks create a similar overall commercial impression …
>
> [T]he registered mark identifies services of "Online retail store services featuring beauty and health products" and the applied-for mark identifies goods of "Dietary supplements for human consumption" which are in the nature of "health products." It is very common for online retail stores that feature health and beauty products to feature dietary supplements as part of the featured health products. …
>
> [A]s the applicant's mark is similar to the registrant's mark, and as the goods and services are related, there is a likelihood of confusion as to the source of the applicant's goods.

14. Price4Less' USPTO filings claim the trademark CHOISIE1 was first used in July of 2020.

15. On July 15, 2022, Blackstone filed a Petition to Cancel the CHOISIE1 registration with the Trademark Trial and Appeal Board (TTAB Cancellation No. 92080132), based upon Blackstone's prior use and the likelihood of consumer confusion.

16. Blackstone's Petition to Cancel set out the USPTO's determination that Price4Less' trademark "CHOISIE1" is confusingly similar in appearance, sound, and meaning to Blackstone's trademark "CHOSEN1" and conveys a similar commercial impression.

17. Shortly thereafter, Price4Less, by way of its owner Tameika Price, purchased the domain name Choisie1supplements.com, created a new line of dietary supplements using the trademark "CHOISIE1" and began offering the dietary supplements on the website.

18. Price4Less, by way of its owner Tameika Price, used and continues to use Blackstone's identical mark "CHOSEN1" on Choisie1supplements.com, and uses the English word "CHOSEN" in promotional language.

19. On January 12, 2023, Blackstone sent Price4Less a letter demanding that Price4Less cease use of the trademarks CHOSEN1 and CHOISIE1 in

connection with dietary supplements; however, Price4Less continued its infringing conduct.

### COUNT I
### Trademark Infringement under 15 U.S.C. § 1125(a)
### Asserted Against Both Defendants

20. Blackstone incorporates by reference all preceding paragraphs as though fully set forth herein.

21. As determined by the USPTO, Price4Less' trademark "CHOISIE1" is confusingly similar in appearance, sound, and meaning to Blackstone's trademark "CHOSEN1" and conveys a similar commercial impression.

22. Blackstone's CHOSEN1 trademark and Price4Less' trademark CHOISIE1 are used in connection with goods and/or services of the same type, which travel in the same trade channels.

23. Due to the similarities of the trademarks and the relatedness of the goods and services upon which they are used, consumers encountering the marks are likely to be confused.

24. Price4Less' infringement capitalizes upon the goodwill of Blackstone's CHOSEN1 trademark and damages its value by confusing, and thus harming, consumer perception of Blackstone's dietary supplement.

25.   Price4Less and its owner, Ms. Price, had actual knowledge of Blackstone's priority of use when initiating a new dietary supplement brand under the confusingly similar trademark "CHOISIE1" but proceeded to willfully infringe Blackstone's mark.

26.   Price4Less' use of the infringing CHOISIE1 trademark does, and is likely to, cause confusion, mistake, and deception amongst consumers in violation of 15 U.S.C. § 1125(a).

27.   Price4Less, facilitated by Ms. Price, used the infringing CHOISIE1 trademark with willful and deliberate intent to capitalize on the goodwill established in Blackstone's trademark CHOSEN1.

28.   Per 15 U.S.C. § 1117(a), Blackstone should be awarded its actual damages, costs and attorney fees, and Price4Less' profits derived from its infringing activities.  In addition, because Price4Less engaged in its infringing activities knowingly and willfully, Blackstone should be awarded three times its damages, or three times Price4Less' profits from its infringement, whichever amount is greater.

29.   Blackstone has been and continues to be damaged by Price4Less' infringing conduct and is therefore entitled to both monetary and injunctive relief.

### COUNT II
**Violation of Georgia's Deceptive and Unfair Trade Practices Act,
O.C.G.A. § 10-1-372(a)
Asserted Against Both Defendants**

30. Blackstone incorporates by reference above Paragraphs 1-19 as though fully set forth herein.

31. Price4Less' use of "CHOISIE1" on competitive goods and services has caused and continues to cause a likelihood of confusion, mistake, and deception amongst consumers.

32. Price4Less' use of the infringing "CHOISIE1" trademark on goods and services including dietary supplements – the same goods marketed under Blackstone's CHOSEN1 trademark – passes off Price4Less' goods and services as those offered by Blackstone, in violation of O.C.G.A. 10-1-372 (a)(1).

33. Price4Less' affirmative actions described above cause a likelihood of confusion and misunderstanding amongst consumers as to the source of the goods and services offered under its infringing CHOISIE1 trademark, constituting unfair and deceptive methods of competition, which are unlawful under O.C.G.A. § 10-1-372(a)(2).

34. Price4Less' use of the infringing CHOISIE1 trademark causes a likelihood of confusion or misunderstanding as to affiliation, connection or association with Blackstone and its CHOSEN1 trademark, in violation of O.C.G.A. 10-1-372 (a)(3).

35. Price4Less' use of the infringing CHOISIE1 trademark on related goods and services represents that the same have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have in violation of O.C.G.A. 10-1-372 (a)(5).

36. Price4Less, facilitated by Tameika Price, also advertises dietary supplements with intent not to sell them as advertised, in violation of O.C.G.A. 10-1-372 (a)(9).

37. Price4Less' conduct creates a likelihood of confusion and misunderstanding amongst the consuming public, in violation of O.C.G.A. 10-1-372 (a)(12).

38. As a direct and proximate result of Price4Less' infringement, Blackstone has suffered damage to the goodwill and reputation of the trademark CHOSEN1, as well as ascertainable damages in the form of diverted or lost sales.

39. Blackstone is without adequate remedy at law for non-monetary damages it continues to sustain as a direct and proximate result of Price4Less' infringement, and Price4Less' unfair and deceptive trade practices set forth herein will continue unless enjoined by this Court pursuant to O.C.G.A. § 10-1-373.

40. In accordance with O.C.G.A. 10-1-373, Blackstone should be awarded costs and attorney fees incurred in pursuing Price4Less' infringing activities.

41. Blackstone is therefore entitled to equitable and injunctive relief, costs, reasonable attorney fees, and punitive damages per .

## COUNT III
### Georgia Common Law Unfair Competition
### Asserted Against Both Defendants

42. Blackstone incorporates by reference above Paragraphs 1-19 as though fully set forth herein.

43. Price4Less' infringing conduct, as set forth above, constitutes unfair competition in violation of the common law of the State of Georgia.

44. On or about July 15, 2022, Price4Less intentionally and purposefully created a new dietary supplement line *after* learning of the USPTO's finding that confusion between the trademarks CHOSEN1 and CHOISIE1 was likely.

45. On or about July 15, 2022, Price4Less' infringement of Blackstone's trademark CHOSEN1 became willful, thus warranting an award of punitive damages under O.C.G.A. § 51-12-5.1.

46. As a direct and proximate result of Price4Less' conduct, Blackstone has suffered damages to the goodwill and reputation of the CHOSEN1 trademark, as well as ascertainable damages in the form of diverted or lost sales, in an amount to be determined at trial.

47. Price4Less' infringement has caused and will continue to cause damage to Blackstone unless restrained.

48. Price4Less acts of trademark infringement entitle Blackstone to both compensatory damages, punitive damages, and injunctive relief.

## COUNT IV
### Cancellation of Federal Trademark Registration per 15 U.S.C. § 1119
### Asserted Against Defendant Price4Less

49. Blackstone incorporates by reference above Paragraphs 1-19 as though fully set forth herein.

50. As determined by the USPTO, Price4Less' trademark "CHOISIE1" is confusingly similar to Blackstone's trademark "CHOSEN1".

51. Blackstone began using the trademark CHOSEN1 prior to Price4Less' use of the trademark "CHOISIE1".

52. As such, Price4Less' registration should be canceled due to the likelihood of confusion, 15 U.S.C. § 1125(a).

53. In addition, upon information and belief, Price4Less falsely represented that it used "CHOISIE1" in connection with "Online retail store services featuring … health products" in filings submitted to the USPTO prior to registration.

54. Price4Less' false representation constitutes a fraud upon the USPTO, and invalidates the registration for CHOISIE1.

11

55. Price4Less' registration should therefore be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Blackstone prays for judgment against Price4Less as follows:

1. That Price4Less be adjudged to have violated 15 U.S.C. § 1125(a) by using its infringing CHOISIE1 trademark.

2. That Blackstone be awarded damages sustained as a consequence of Price4Less' conduct.

3. That Blackstone be awarded all profits Price4Less obtained by using the infringing CHOISIE1 trademark.

4. That all of Price4Less' confusing, misleading, and deceptive goods and materials be destroyed as permitted under 15 U.S.C. § 1118.

5. For an order requiring Price4Less to destroy all tangible items bearing the infringing CHOISIE1 product name, including without limitation: labels, packaging, brochures, flyers, advertisements, and signs (and to recall for such purpose any such products and materials in the possession, custody, or control of any other person or entity) and to remove any reference to the CHOISIE1 product name from all websites over which it has a controlling influence.

6. For injunctive relief prohibiting Price4Less, its agents, subsidiaries, and affiliates, from using any trademark confusingly similar to Blackstone's CHOSEN1 trademark.

7. That Price4Less' infringement be adjudged to constitute deceptive, unfair, and unlawful practices under O.C.G.A. §10-1-372(a).

8. That Price4Less be found to have knowingly and willfully infringed the registered CHOSEN1® trademark and judgment be against Price4Less in the amount of three times damages or Price4Less' profits, whichever amount is greater, together with attorneys' fees, per 15 U.S.C. § 1117(a).

9. That U.S. Registration No. 6542981 be cancelled per 15 U.S.C. § 1119.

10. That Blackstone recover punitive damages.

11. That Blackstone recover costs and reasonable attorney fees.

12. That Blackstone be granted prejudgment and post judgment interest.

13. That Blackstone be granted such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all applicable law, Blackstone requests a trial by jury on all issues so triable.

Dated: July 11, 2023					Respectfully submitted,


							*/s/ Jessica H. Leach*
							Jessica H. Leach
							Georgia Bar No. 742326
							Jessica@ArthurWLeach.com
							Arthur W. Leach
							Georgia Bar No. 442025
							Art@ArthurWleach.com
							The Law Office of Arthur W. Leach
							4080 McGinnis Ferry Rd, Suite 401
							Alpharetta, GA 30005
							Phone: (404) 786-6443

							***Attorney for Plaintiff***
							***Blackstone Labs, LLC***