# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FELICIA LAMPKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| v. | ) No. |
| | ) |
| STATE FARM FIRE AND | ) On Removal from State Court of |
| CASUALTY COMPANY, | ) Gwinnett County |
| | ) Civil Action No. 23-C-03355-S4 |
| Defendant. | ) |

## STATE FARM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, State Farm Fire and Casualty Company ("**State Farm**" or "**Defendant**"), Defendant in the above-styled civil action and, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff Felicia Lampkin ("**Plaintiff**"), respectfully showing this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendant and therefore Plaintiff's action should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

1

Plaintiff fails to state a claim against State Farm under the policy of insurance bearing Policy No. 11-NE-4545-6 (the "**Policy**") which is the subject of this Complaint, and therefore Plaintiff's action should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed or contracted with Plaintiff and, therefore, Plaintiff may not recover from State Farm.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

### FIFTH AFFIRMATIVE DEFENSE

Defendant denies that the injuries and damages alleged in the Complaint were proximately caused by any conduct on the part of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to assert a breach of contract claim against Defendant for the incident described in the Complaint, Plaintiff's lawsuit should be dismissed because Defendant did not breach the terms and conditions of the applicable contract and, at all times relevant hereto, acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

## **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from bringing suit against Defendant based upon the doctrines of waiver and estoppel.

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff waived her right to insist upon Defendant's compliance with the Policy due to her own failure to comply with the Policy's conditions.

## **NINTH AFFIRMATIVE DEFENSE**

The instant lawsuit is time-barred, and Plaintiff may not recover due to her direct violation of the Suit Against Us provision of the Policy by failing to comply with all policy provisions. The Policy provides at **SECTION I – CONDITIONS**:

> 9. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.
> However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.
> ....

## **TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks to assert a cause of action against Defendant based upon the breach of any duty other than those duties set forth in the Policy, Plaintiff fails to state a claim upon which relief can be granted since Georgia law does not impose duties on Defendant other than those set forth in the

3

Policy and Georgia law does not recognize any other cause of action aside from a breach of contract action for the allegations contained in Plaintiff's Complaint. Moreover, at all times relevant hereto, Defendant acted in good faith and in accordance with the terms and conditions of the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under O.C.G.A. § 33-4-6 since Plaintiff failed to make a proper demand as required by O.C.G.A. § 33-4-6(b).

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under O.C.G.A. § 33-4-6 since Defendant acted reasonably and with probable cause in response to the claim asserted by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts any extra-contractual claims other than those permitted by O.C.G.A. § 33-4-6, Plaintiff cannot recover because O.C.G.A. § 33-4-6 is the exclusive remedy for any alleged wrongful failure to pay an insurance claim and Defendant denies any liability to Plaintiff under O.C.G.A. § 33-4-6.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim with respect to any extra-contractual damages, including statutory and/or bad faith damages under O.C.G.A. § 13-6-11, O.C.G.A. § 33-4-6, or any other statutory or other cause of action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks damages against Defendant other than contractual damages, such damages are not available to Plaintiff inasmuch as Defendant owed Plaintiff no duty independent of the Policy, Plaintiff failed to allege the breach of duty independent of the Policy, and Plaintiff failed to allege harm independent of the alleged failure to pay Plaintiff's insurance claim. Further, O.C.G.A. § 33-4-6 is the exclusive remedy for any alleged failure to pay an insurance claim and Defendant specifically deny any liability to Plaintiff under O.C.G.A. § 33-4-6.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover damages from Defendant under the applicable policy as the terms and conditions of the policy only cover accidental direct physical loss to the insured property.

**SEVENTENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because there has been untimely service and service of process upon Defendant as Plaintiff failed to effectuate service of process in a reasonable and diligent manner.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant expressly reserves the right to assert all affirmative defense(s) and matter(s) in avoidance as may be disclosed during additional investigation and

discovery. Subject to and without waiving any of its other respective rights, jurisdictional or legal defenses, or objections, Defendant respond to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1.

State Farm admits the allegations contained in Paragraph 1 of Plaintiff's complaint.

## PARTIES

2.

State Farm is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and, therefore, denies the same.

3.

In response to Paragraph 3 of Plaintiff's Complaint, State Farm admits that it is an insurance corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois and is a citizen of the State of Illinois. In further response to Paragraph 3 of the Plaintiff's Complaint, State Farm admits that it is registered to transact business in Georgia and is in the business of insuring risks and properties in the United States, including Georgia. State Farm

further admits that it may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. All other allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

## FACTUAL ALLEGATIONS

4.

State Farm is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and, therefore, denies the same.

5.

In response to Paragraph 5 of Plaintiff's Complaint, State Farm admits that it issued policy number 11-NE-4545-6 (the "**Policy**") to Plaintiff for the property located at 6535 Arbor Gates Dr. Mableton, GA 30126 (the "**Property**") subject, however, to all terms and conditions of the Policy and all applicable law.  In further response to Paragraph 5, State Farm states that the terms and conditions of the Policy speak for themselves and that any interpretation or characterization of the Policy terms and conditions to the contrary is expressly denied. The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are legal conclusions or argument to which no response is required. To the extent a response is required, these allegations are denied.

6.

In response to Paragraph 6 of Plaintiff's Complaint, State Farm admits that on or around May 21, 2021, Plaintiff reported that the Property sustained fire damage (the "**Loss**"). State Farm further admits that the Plaintiff reported the date of the Loss as May 21, 2021.

7.

State Farm admits it issued payments to Plaintiff in the amount of $37,152 as a result of this loss and pursuant to the Policy.

8.

State Farm denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## [Alleged] DAMAGES/RELIEF SOUGHT

9.

Paragraph 9 of Plaintiff's Complaint contains legal conclusions or argument to which no response is required.  To the extent a response is required, State Farm denies Paragraph 9 of Plaintiff's Complaint.  By way of further response, State Farm explicitly denies that it is indebted to Plaintiff in any amount whatsoever.

10.

Paragraph 10 of Plaintiff's Complaint contains legal conclusions or argument to which no response is required.  To the extent a response is required, State Farm denies Paragraph 10 of Plaintiff's Complaint.  By way of further

response, State Farm explicitly denies that it is indebted to Plaintiff in any amount whatsoever.

11.

Paragraph 11 of Plaintiff's Complaint contains legal conclusions or argument to which no response is required.  To the extent a response is required, State Farm denies Paragraph 11 of Plaintiff's Complaint.  By way of further response, this is an improper demand made pursuant to O.C.G.A. § 33-4-6.  Additionally, State Farm explicitly denies that it acted in bad and further denies that it is indebted to Plaintiff in any amount whatsoever.

12.

State Farm denies the allegations contained in Paragraph 12 of Plaintiff's complaint.

Defendant denies each and every remaining allegation of the Complaint not specifically and expressly admitted herein.  Defendant denies all relief sought by Plaintiff in the Prayer for Relief and all subparts appearing after the "Wherefore" portion of the Complaint.

WHEREFORE, having fully answered the Complaint, Defendant prays that the Complaint be dismissed with prejudice, that each and every prayer for relief in the Complaint be denied, that judgment be entered in favor of Defendant with costs

cast upon Plaintiff, and that Defendant be awarded such other and further relief as this Court may deem just and proper.

This 12th day of July, 2023.

                                              SWIFT CURRIE MCGHEE & HIERS

                                              */s/   Kayla M. McCallum*
                                              Melissa A. Segel
                                              Georgia Bar No. 020406
                                              Kayla M. McCallum, Esq.
                                              Georgia Bar No. 240946
                                              ***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify I have this day electronically filed the foregoing ***Defendant State Farm Fire and Casualty Company's Answer and Affirmative Defenses to Plaintiff's Complaint*** with the Clerk of Court using the CM/ECF System which will notify counsel of record as follows:

Eric A. Yakaitis<br>
Davis Lawyers, LLC<br>
5600 Roswell Road<br>
Bldg. C, Suite 131<br>
Sandy Springs, GA  30342<br>
***Attorneys for Plaintiff***

This 12th day of July, 2023.

**SWIFT CURRIE MCGHEE & HIERS**

*/s/   Kayla M. McCallum*
Melissa A. Segel
Georgia Bar No. 020406
Kayla M. McCallum, Esq.
Georgia Bar No. 240946
***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4879-3781-0544, v. 1