IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELICIA LAMPKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. |
| ) | |
| STATE FARM FIRE AND ) | On Removal from State Court of |
| CASUALTY COMPANY, ) | Gwinnett County |
| ) | Civil Action No. 23-C-03355-S4 |
| Defendant. ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant State Farm Fire and Casualty Company ("State Farm") and files its Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c), seeking judgment on the pleadings for all claims set forth in Plaintiff Felicia Lampkin's ("Plaintiff'") Complaint based on the doctrine of laches and the insurance contract's two-year suit limitation provision.  Alternatively, if this Court finds that Plaintiff is not guilty of laches, State Farm seeks partial judgment on the pleadings for Plaintiff's extra-contractual claim.

This lawsuit arises from a dispute between Plaintiff and State Farm as to the amount and scope of damages resulting from a fire loss.  Plaintiff's insurance

policy contains an enforceable two-year contractual suit limitation period. Because Plaintiff's real property sustained some fire damage on May 21, 2021, Plaintiff was required to file this lawsuit on or before May 21, 2023. Although Plaintiff sued State Farm on May 16, 2023, five days before the suit limitation period ran, she failed to serve State Farm's registered agent, located in the same county as the suit was filed, until June 13, 2023. Georgia law required Plaintiff to serve State Farm within five days of filing her Complaint. Because Plaintiff failed to diligently effectuate service, service of Plaintiff's Complaint does not relate back to the date of filing, and her claims are time-barred based on the doctrine of laches and the contractual suit limitation provision. Thus, State Farm seeks judgment on the pleadings in its favor as to all of Plaintiff's claims based on the doctrine of laches and the contractual suit limitation period.

If this Court does not find that Plaintiff is guilty of laches, State Farm also seeks partial judgment on the pleadings in its favor for Plaintiff's extra-contractual claims under O.C.G.A. § 33-4-6. Plaintiff's extra-contractual claim is improper under Georgia law as it was untimely. Because Plaintiff cannot maintain this extra-contractual claim against State Farm under Georgia law as a matter of law, judgment in State Farm's favor is appropriate.

In support of this Motion, State Farm relies upon its Brief in Support of

Defendant State Farm Fire and Casualty Company's Motion for Partial Judgment on the Pleadings and all pleadings of record.

This 12th day of July, 2023.

        SWIFT CURRIE MCGHEE & HIERS

        */s/   Kayla M. McCallum*
        Melissa A. Segel
        Georgia Bar No. 020406
        Kayla M. McCallum, Esq.
        Georgia Bar No. 240946
        ***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify I have this day served the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS VIA *ELECTRONIC MAIL and U. S. MAIL*,** addressed to:

>Eric A. Yakaitis
>Davis Lawyers, LLC
>5600 Roswell Road
>Bldg. C, Suite 131
>Sandy Springs, GA  30342
>***Attorney for Plaintiff***

This 12th day of July, 2023.

>**SWIFT CURRIE MCGHEE & HIERS**
>
>*/s/  Kayla M. McCallum*
>Melissa A. Segel
>Georgia Bar No. 020406
>Kayla M. McCallum, Esq.
>Georgia Bar No. 240946
>***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4880-1940-3120, v. 1