# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FELICIA LAMPKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. |
| ) | |
| STATE FARM FIRE AND ) | On Removal from State Court of |
| CASUALTY COMPANY, ) | Gwinnett County |
| ) | Civil Action No. 23-C-03355-S4 |
| Defendant. ) | |

## BRIEF IN SUPPORT OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant State Farm Fire and Casualty Company ("State Farm") and files its Brief in Support of its Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c), seeking judgment on all claims set forth in Plaintiff Felicia Lampkin's ("Plaintiff") Complaint based on the doctrine of laches and the contractual suit limitation provision contained in the parties' insurance contract. Alternatively, State Farm seeks partial judgment in its favor for Plaintiff's extra-contractual claims. State Farm shows this Court as follows:

## **INTRODUCTION**

Adjudication of this case is a simple matter. Plaintiff's Complaint fails for one sufficient reason – Plaintiff failed to timely serve State Farm. State Farm and the Plaintiff agree that on May 21, 2021, a fire occurred at Plaintiff's property. Plaintiff filed this lawsuit on May 16, 2023, just five (5) days shy of the policy's two-year suit limitation deadline. However, Plaintiff did not serve the lawsuit until June 13, 2023, twenty-eight (28) days after suit was filed. Under Georgia law, the Plaintiff must establish that service is made as quickly as possible. The Plaintiff did not serve the lawsuit "as quickly as possible." As such, and as explained more fully below, State Farm requests that this Court dismiss Plaintiff's Complaint with prejudice for failure to timely serve the Defendant.

## **STATEMENT OF FACTS**

All of the facts material to this motion are contained within the pleadings. This case involves a dispute related to coverage under a policy of insurance issued by State Farm to Plaintiff for property located at 6535 Arbor Gates Drive SW, Mableton, Georgia 30126 ("Property" or "Premises"). Complaint at ¶ 4. The policy issued by State Farm was assigned an identification number, the same being policy number 11-NE-4545-6 ("Policy"). See Complaint at ¶ 5; Answer at ¶ 5, Exhibit A. In order to recover under the Policy, the Policy included certain terms

and conditions with which the Plaintiff was required to comply. Among the conditions, the Policy provided at **SECTION I – CONDITIONS**, as follows:

> 8. **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.
>
> However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

Answer, Exhibit A.

Stated another way, prior to filing suit, Plaintiff was required to fully comply with all of the policy provisions and bring suit, if it deemed one necessary, within two years after the date of loss or damage as a result of a fire.

This lawsuit arises out a fire incident that occurred at the Property on or about May 21, 2021. Complaint at ¶ 6. Plaintiff filed this lawsuit on May 16, 2023. *See* Complaint. This filing date was just barely within the two-year period required by the Policy for Plaintiff to bring a lawsuit. State Farm was not served with Plaintiff's lawsuit until June 13, 2023, twenty-eight (28) days after the suit was filed. *See generally,* Summons Affidavit of Process Server.

## ARGUMENT AND CITATION TO AUTHORITY

**A. Judgment on the Pleading Standard**:

Judgment on the pleadings is appropriate when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief such that the moving party is entitled to judgment as a matter of law. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232-33 (11th Cir. 2005)); *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

The movant can meet this standard by showing that case law, statutes, or an underlying contract clearly preclude plaintiff's ability to recover. *See¸ e.g., Interline Brancs, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962 (11th Cir. 2014) (affirming judgment on the pleadings for insurer who showed it had no duty to defend a claim that was excluded under the policy); *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998) ("Review of the plain language of the [statutory] provisions at issue and the case law yields the conclusion that the district court properly granted judgment on the pleadings for [defendant.]"). In assessing a motion for judgment on the pleadings, the Court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir. 1999)). Pursuant to FED. R. CIV. P. 12(c), a party may move for

judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial[.]"

### B. Plaintiff's Lawsuit is Time-Barred Based on the Doctrine of Laches and the Insurance Policy's Suit Limitation Provision.

Plaintiff sued State Farm on May 16, 2023, just days before the Policy's contractual two-year suit limitation period expired. Under Georgia law, for service of the Complaint to relate back to the Complaint's filing date, Plaintiff was required to serve State Farm within five days of filing the Complaint or within the Policy's suit limitation period. Here, at the latest, Plaintiff had to serve State Farm by May 21, 2023. However, Plaintiff failed to serve State Farm until June 13, 2023, twenty-eight (28) days after the Complaint was filed and after the suit limitation period expired. In fact, Plaintiff failed to effectuate timely service even though she filed suit in the same county as State Farm's registered agent, Corporation Service Company ("CSC"), and properly identified CSC by name and address in the Complaint. Thus, Plaintiff is guilty of laches in failing to timely serve State Farm, and the entire lawsuit is time-barred.

### I. Plaintiff Failed to Timely Serve State Farm.

Insurance is a matter of contract, and the parties are bound by the terms of the policy. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245 (1976); *Parris & Son, Inc. v. Campbell*, 128 Ga. App. 165, 168,

196 S.E.2d 334 (1973). In Georgia, contractual suit limitation provisions in insurance policies have consistently been held enforceable. *See*, *e.g.*, *Thornton v. Georgia Farm Bureau Mut. Ins. Co.*, 87 Ga. 379 (2010); *Herring v. Middle Georgia Mut. Ins. Co.*, 149 Ga. App. 585, 586 (1979) (granting an insurer's motion to dismiss when the applicable policy contained a one-year suit limitation period; the date of loss was June 15, 1977; and the lawsuit was filed on July 3, 1978); *SunTrust Mortgage, Inc. v. Ga. Farm Bureau Mut. Ins. Co.*, 203 Ga. App. 40, 42, 416 S.E.2d 322 (1992); *Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744, 285 S.E.2d 82 (1981).

Here, Plaintiff's Policy includes a contractual two-year suit limitation provision. Specifically, the Policy provides in **SECTION I – CONDITIONS**:

> 8. **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.
>
> However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

Answer, Exhibit A.

Under the Policy, Plaintiff was required to file suit within two years of the date of the fire loss. Plaintiff's fire loss occurred on May 21, 2021. Thus, the

deadline for filing suit against State Farm was May 21, 2023. Plaintiff filed suit on May 16, 2023, just five (5) days before the contractual suit limitation period expired.

Under Georgia law, Plaintiff was required to serve State Farm within five days of filing the Complaint. O.C.G.A. § 9-11-4(c); *see also Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260 (N.D. Ga. 2004) (applying "[s]tate law concerning the applicable statute of limitations . . . because federal courts sitting in diversity must apply the controlling substantive law of the state" and noting that "Georgia law concerning service of process is an integral part of the state statute of limitations") (internal quotations and punctuation omitted).

Although Plaintiff filed suit within 5 days of the suit limitation period, she failed to serve State Farm's registered agent, also located in Gwinnett County, until June 13, 2023, approximately 28 days later. Thus, Plaintiff failed to serve State Farm within the five-day statutory or within the contractual suit limitation period.

**II. Plaintiff's Service of State Farm Does Not Relate Back to the Filing of the Complaint.**

Plaintiff's late service on State Farm does not relate back to the filing date, and the entire lawsuit should be time-barred. If an action is filed within the period of limitation but not served upon the defendant within five days or within the limitation period, which is the case here, the plaintiff must establish that service

7

was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. *See* O.C.G.A. § 9-11-4(c); *Brumbalow v. Fritz*, 183 Ga. App. 231, 358 S.E.2d 872 (1987); *Varricchio v. Johnson*, 188 Ga. App. 144, 372 S.E.2d 455 (1988).  If service was not attempted with reasonable diligence as quickly as possible, laches precludes the tolling of the statute of limitation by way of relation back of service to the filing of the complaint. *Bailey v. Lawrence*, 235 Ga. App. 73, 508 S.E.2d 450 (1998) (overruled on other grounds); *Ragan v. Mallow*, 319 Ga. App. 443, 744 S.E.2d 337 (2012).  The plaintiff has the burden of showing that he exercised due diligence in order to prevent the application of the doctrine of laches. *Starr v. Whimbush*, 201 Ga. App. 280, 410 S.E.2d 776 (1991) (overruled on other grounds); *Ragan v. Mallow*, 319 Ga. App. 443, 744 S.E.2d 337 (2012); *see also Bailey*, 235 Ga. App. at 77 ("The Plaintiff bears the burden of showing lack of fault for failure to perfect timely service.").

Here, Plaintiff cannot meet this burden.  After filing suit on May 16, 2023, Plaintiff failed to serve State Farm within five days of filing the Complaint or within the suit limitation period. There is no evidence that State Farm created any impediment to service. State Farm's registered agent is readily identified on the Secretary of State website and is easily located. Plaintiff failed to engage in "due

diligence" to perfect service on State Farm. Instead, Plaintiff did not serve State Farm for 28 days after filing suit. At the time she filed her Complaint, Plaintiff knew where the registered agent of State Farm was located because she specifically alleged how State Farm could be served. Complaint at ¶3. Plaintiff even filed suit in Gwinnett County, where State Farm's registered agent is located, instead of in Cobb County, where the Property is located. Complaint at ¶ 2. Therefore, Plaintiff, who failed to effectuate timely service in the same county where she filed the Complaint, cannot establish that she served State Farm in a reasonable and diligent manner or as quickly as possible. Plaintiff is guilty of laches, and Plaintiff's late service on State Farm does not relate back to the filing of the Complaint. Therefore, Plaintiff's entire lawsuit is time-barred.

### C. Plaintiff' Extra-Contractual Claim is Improper.

Alternatively, if this Court finds that Plaintiff is not guilty of laches, State Farm seeks partial judgment in its favor on Plaintiff's extra-contractual claim, which fail as a matter of law in the context of a first-party insurance dispute in Georgia. Specifically, State Farm requests that this Court grant partial summary judgment in its favor for Plaintiff's claim pursuant to O.C.G.A. § 33-4-6. State Farm is entitled to summary judgment on Plaintiff's extra-contractual claim asserted pursuant to O.C.G.A. § 33-4-6.

To prevail on a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiff bears the burden of proving: (1) that the claim is covered under the policy, (2) that a proper demand for payment was made at least 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith or based upon frivolous defenses. *Bayrock Mortg. Corp. v. Chi. Title Ins. Co.*, 286 Ga. App. 18, 19 (2007). Procedurally, Plaintiff's claim for bad faith fails since she improperly made her demand in the Complaint. Complaint at ¶ 11. "A proper demand for payment is essential to recovery under O.C.G.A. § 33-4-6." *Cagle v. State Farm Fire and Cas. Co., 236 Ga.* App. 726, 727, 512 S.E.2d 717 (1999). Thus, Plaintiff's claim for bad faith and attorney's fees pursuant to O.C.G.A. § 33-4-6 is deficient and should be dismissed as a matter of law.

## I. Plaintiff's Claim for Bad Faith Pursuant to O.C.G.A. § 33-4-6 Fails as a Matter of Law Because Plaintiff Failed to Make a Timely Demand.

Plaintiff is barred from recovering any bad faith extra-contractual damages because she failed to strictly comply with the procedural requirements articulated in O.C.G.A. § 33-4-6. This statute is the exclusive remedy for extra-contractual damages in connection with a first-party insurance claim in Georgia. *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (1994). This statute provides, in pertinent part:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6(a).

In order to prevail on a claim for bad faith, an insured must show that (1) a demand for payment was made against the insurer at least 60 days prior to filing suit; and (2) that the insurer's failure to pay was motivated by bad faith. O.C.G.A. § 33-4-6(a); *see also Cagle v. State Farm Fire & Cas. Co.*, 236 Ga. App. 726, 727 (1999); *Primerica Life Ins. Co. v. Humfleet*, 217 Ga. App. 770, 771 (1995); *Howell v. S. Heritage Ins. Co.*, 214 Ga. App. 536, 537 (1994).

"Georgia courts have consistently and unequivocally held that 'in order to assert a claim under O.C.G.A. § 33-4-6, the demand for payment be made at least 60 days *before* suit is filed.'" *Prime Mgmt. Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London*, 2007 U.S. Dist. LEXIS 94987 (N.D. Ga. Dec. 28, 2007) *citing* Cagle v. State Farm Fire & Cas. Co., 236 Ga. App. 726, 512 S.E.2d 717, 718 (1999) (*emphasis added*); accord *Howell v. S. Heritage Ins. Co.*, 214 Ga. App. 536, 448 S.E.2d 275, 276 (1994); *Stedman v. Cotton States Ins. Co.*, 254 Ga. App. 325, 562 S.E.2d 256, 258-59 (2002); *Primerica Life Ins. Co. v.*

11

*Humfleet*, 217 Ga. App. 770, 458 S.E.2d 908, 910 (1995). "[A] failure to wait at least 60 days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute." *Cagle*, 236 Ga. App. 726 at 727, 512 S.E.2d at 718 *citing Blue Cross & Blue Shield v. Merrell*, 170 Ga. App. 86, 87, 316 S.E.2d 548 (1984). "It is not too much to require that one who seeks the benefits of a legislative policy choice follow the procedure set out by the legislature." *Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 947 (11th Cir. 1986). Furthermore, dismissing and re-filing in an effort to satisfy the 60-day deadline does not conform to the statutory requirement, as any allegation of "bad faith under § 33-4-6, must relate back to the date of the original filed complaint and the insured must prove a 'demand' for bad faith purposes was made prior to filing the original suit." *Foliar Nutrients, Inc. v. Nationwide Agribusiness Ins. Co.*, 2016 U.S. Dist. LEXIS 135327 at *20-21.

In *Cagle*, the Georgia Court of Appeals rejected an insured's bad faith claim where the insured failed to wait 60 days following their demand before filing suit. There, the insureds suffered a fire on December 21, 1994, and notified State Farm of the loss on the next day. *Cagle*, 236 Ga. App. 726, 512 S.E.2d 717. State Farm requested that the insureds complete an inventory and proof of loss. State Farm contacted the insureds numerous times over the next several months to request the

inventory forms, however the insureds waited until October 26, 1995, more than 11 months after the loss, to do so. "Under the insurance policy, a loss was not payable until 60 days after State Farm received the insured's proof of loss, including the inventory forms." *Cagle*, 236 Ga. App. at 727, 512 S.E.2d at 718. On December 20, 1995, the insureds sent both a demand letter citing O.C.G.A. § 33-4-6, and also filed suit seeking recovery under the policy and bad faith penalties under O.C.G.A. § 33-4-6. *Id*. The Georgia Court of Appeals held that since a "failure to wait at least 60 days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute, . . . and since the "plaintiffs did not make a demand for payment at least 60 days before filing suit" but rather "sent their demand for payment to State Farm on the very day they filed suit," . . . "State Farm was entitled to summary judgment on plaintiffs' claims under O.C.G.A. § 33-4-6." *Cagle,* 236 Ga. App. at 727-8, 512 S.E.2d at 718-9 (internal citations omitted).

  Here, like *Cagle*, the Plaintiff failed to wait sixty days following her demand before filing suit. In fact, Plaintiff's only demand was in her Complaint. *See* Compl. At no time prior to filing suit did Plaintiff send a demand to State Farm. In order to make a proper demand pursuant to O.C.G.A. § 33-4-6, Plaintiff had to have sent a proper demand to State Farm by March 16, 2023. Instead, Plaintiff

13

filed this action on May 16, 2023, and made her first and only demand citing O.C.G.A. § 33-4-6, in the Complaint.

Like *Cagle, Prime Mgmt.*, and others, this Court should find that Plaintiff's failure to wait at least 60 days between making a demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under O.C.G.A. § 33-4-6. State Farm is therefore entitled to summary judgment on Plaintiff's claims for bad faith and attorney's fees pursuant to O.C.G.A. § 33-4-6.

## CONCLUSION

Based on the foregoing, State Farm respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety since it was not timely served under the Rules of this Court.

This 12th day of July, 2023.

> SWIFT CURRIE MCGHEE & HIERS
>
> */s/   Kayla M. McCallum*
> Melissa A. Segel
> Georgia Bar No. 020406
> Kayla M. McCallum, Esq.
> Georgia Bar No. 240946
> ***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify I have this day served the foregoing **BRIEF IN SUPPORT OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS VIA *ELECTRONIC MAIL and U. S. MAIL*,** addressed to:

> Eric A. Yakaitis
> Davis Lawyers, LLC
> 5600 Roswell Road
> Bldg. C, Suite 131
> Sandy Springs, GA  30342
> ***Attorney for Plaintiff***

This 12th day of July, 2023.

**SWIFT CURRIE MCGHEE & HIERS**

*/s/   Kayla M. McCallum*
Melissa A. Segel
Georgia Bar No. 020406
Kayla M. McCallum, Esq.
Georgia Bar No. 240946
***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4889-3589-4895, v. 1