## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PROVIDENCE NEIGHBORHOOD ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | On Removal from Superior Court |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | of Gwinnett County Civil Action No.  23-A-05203-5 |
| Defendant. | | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant"), by and through the undersigned attorneys, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At all times, Defendant acted in accordance with its rights and obligations as set forth in the Policy.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks or is construed as seeking to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
. . .
g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;
. . .
2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or externa forces, or occurs as a result of any combination of these:

. . .

d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

. . .

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:
  (1) planning, zoning, development, surveying, or siting;
  (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;
  (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or
  (4) maintenance
  Of any property (including land, structures, or improvements or any kind) whether on or off the residence premises[.]

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which State Farm denies, Plaintiff's recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under their Complaint, which Defendant denies, Plaintiff is unable to recover the damages as set forth in their Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant for any alleged damage to the extent that the damage did not occur within the Policy Period. The Policy provides in pertinent part:

### SECTION I AND SECTION II – CONDITIONS

**1. Policy Period.** This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate its damages in accordance with Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover pursuant to any alleged violation of Georgia's Unfair Claims Settlement Practices Act, Plaintiff is legally prohibited

from doing so as the Act does not create or imply any private cause of action. *See* O.C.G.A. § 33-6-37.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Defendant acted in good faith and in accordance with the terms and conditions of the Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover replacement cost benefits, Plaintiff has not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

## SECTION I – LOSSES INSURED

**COVERAGE A – DWELLING**
We will pay for accidental direct, physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain this action against Defendant because Plaintiff

failed to satisfy the conditions precedent to bringing suit set forth in the insurance

policy issued by Defendant to Plaintiff. Specifically, the policy provides:

## SECTION I – CONDITIONS

. . .
6.   **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain this action against Defendant because Plaintiff did

not satisfy the **Duties After Loss** provisions in accordance with the policy

requirements. Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .
2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:
   a. give immediate notice to us or our agent, and also notify:

(1) the policy if the loss is caused by theft, vandalism, or any other criminal act and

(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with any requested records and documents and allow us to make copies;

(3) while not in the presence of any other insured:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the terms of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer

Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

## PARTIES

### 1.

Upon information and belief, in response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is an entity located in Cobb County, Georgia.

### 2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage.

All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## JURISDICTION AND VENUE

### 3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

### 4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

- 10 -

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

## THE POLICY

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it issued Policy Number 1135P213F (the "Policy") to Plaintiff. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff for the property located at:

- BLDG 1 UNITS 1-4
  6306-6312 PROVIDENCE VALLEY DR
  MABLETON GA 301267229

- BLDG 2 UNITS 1-5
  1115-1123 NEWPARK VIEW PL
  MABLETON GA 301267234

- BLDG 3 UNITS 1-6
  1101-1111 NEWPARK VIEW PL
  MABLETON GA 301267234

- BLDG 4 UNITS 1-6
  6433-6443 QUEENS COURT TRCE
  MABLETON GA 301267226

- BLDG 5 UNITS 1-7
  6432-6444 QUEENS COURT TRCE
  MABLETON GA 301267227

- BLDG 6 UNITS 1-9
  1126-1142 NEWPARK VIEW PL
  MABLETON GA 301267235

- BLDG 7 UNITS 1-5
  6301-6309 PROVIDENCE VALLEY DR
  MABLETON GA 301267228

- BLDG 14 UNITS 1-5
  6401- 6409 QUEENS COURT TRACE
  MABLETON GA 301267226

- BLDG 16 UNITS 1-8
  6414- 6428 QUEENS COURT
  TRACE
  MABLETON GA 301267227

- BLDG 15 UNITS 1-6
  6413- 6123 QUEENS COURT TRACE

- 12 -

MABLETON GA 301267226

- BLDG 13 UNITS 1-4
  6391- 6397 QUEENS COURT TRACE
  MABLETON GA 301267242

- BLDG 20 UNITS 1-6
  6289- 6299 SHELBOURNE PARK LN
  MABLETON GA 301267244

- BLDG 8 UNITS 1-6
  6215- 6225 TRUMBLE OAKS CT
  MABLETON GA 301267245

- BLDG 19 UNITS1-6
  6275- 6285 SHELBURNE PARK LN
  MABLETON GA 301267244

- BLDG 17 UNITS1-4
  1146- 1152 NEW PARK VIEW PL
  MABLETON GA 301267235

- BLDG 18 UNITS 1-8
  1158-1172 NEW PARK VIEW PL
  MABLETON GA 301267235

- BLDG 9 UNITS 1-8
  6333-6347 QUEENS COURT TRCE
  MABLETON GA 301267241

- BLDG 12 UNITS 1-5
  6377-6385 QUEENS COURT
  TRCE
  MABLETON GA 301267242

- BLDG 10 UNITS 1-4
  6353-6359 QUEENS COURT
  TRCE
  MABLETON GA 301267242

- BLDG 21 UNITS 1-6
  6386-6396 QUEENS COURT
  TRCE
  MABLETON GA 301267243

- BLDG 11 UNITS 1-6
  6363-6373 QUEENS COURT
  TRCE
  MABLETON GA 301267242

- BLDG 22 UNITS 1-8
  6230-6244 SHELBURNE PARK LN
  MABLETON GA 301267262

- BLDG 24 UNITS 1-6
  6199-6209 TRUMBLE OAKS CT
  MABLETON GA 301267263

- BLDG 23 UNITS 1-9
  6231-6247 SHELBURNE PARK LN
  MABLETON GA 301267244

- BLDG 25 UNITS 1-6
  6185-6195 TRUMBLE OAKS DR
  MABLETON GA 301267263

- BLDG 28 UNITS 1-4
  6464-6476 BENNINGTON BLUFF CT
  MABLETON GA 301267271

- BLDG 27 UNITS 1-5
  6436-6452 BENNINGTON BLUFF CT
  MABLETON GA 301267271

- BLDG 26 UNITS 1-5
  6413-6429 BENNINGTON BLUFF CT
  MABLETON GA 301267272

- BLDG 31 UNITS 1-6
  6548-6576 BENNINGTON BLUFF CT
  MABLETON GA 301267270

- BLDG 29 UNITS 1-4
  6484-6496 BENNINGTON BLUFF CT
  MABLETON GA 301267271

- BLDG 36 UNITS 1-4
  1036-1048 REGAL HILLS LN
  MABLETON GA 301267265

- BLDG 35 UNITS 1-5
  6433-6449 BENNINGTON BLUFF CT
  MABLETON GA 301267272

- BLDG 37 UNITS 1-5
  1052-1068 REGAL HILLS LN
  MABLETON GA 301267265

- BLDG 38 UNITS 1-5
  1045-1061 REGAL HILLS LN
  MABLETON GA 301267266

- BLG 30 UNITS 1-4
  6500-6512 BENNINGTON BLUFF CT
  MABLETON GA 301267270

- UNITS 1-4
  1072-1088 REGAL HILLS LANE
  MABLETON GA 301267265

- BLDG 33 UNITS 1-4
  867-879 GRAND WESTON WAY
  MABLETON GA 30126

- BLDG 34 UNITS 1-7
  6509-6533 BENNINGTON BLUFF CT
  MABLETON GA 301267269

- UNITS 196-198
  6520-6528 BENNUNGTIN BUFF CT
  MABLETON GA 30126

- 864-876 GRAND WESTON WAY
  LOTS 210-214
  MABLETON GA 301267268

- LOT 233-239 & 714-
  740 WEXFORD COVE
  MABLETON GA 301267201

- UNITS 233-239
  844-860 BEXLEY PARK WAY
  MABLETON GA 301267273

- UNITS 240-244
  744-760 WEXFORD COVE WAY
  MABLETON GA 301267201

- UNITS 254-258
  765-781 WEXFORD COVE
  MABLETON GA 301267280

- UNITS 245-249
  764-782 WEXFORD COVE
  MABLETON GA 301267201

- UNITS 250-253
  786-798 WEXFORD COVE
  MABLETON GA 301267201

- UNITS 226-232
  717-741 WEXFORD COVE WAY
  MABLETON GA 301267280

- UNITS 221-225
  814-830 BEXLEY PARK WAY
  MABLETON GA 301267281

- UNITS 216-220
  844-860 BEXLEY PARK WAY
  MABLETON GA 301267273

- 6155-6171 BREVARD DR UNIT
  6-10
  MABLETON GA 30126

- 6181-6197 EVERETTE DR
  UNIT 11-15
  MABLETON GA 301267229

- UNITS 16-21
  6201-6221 EVERETTE DR
  MABLETON GA 301267283

- 931-951 HEWITT DR
  UNITS 22-27
  MABLETON GA 301267284

- UNIT 28-31
  932-944 HEWITT DR
  MABLETON GA 301267234

- UNIT 36-38
  917-925 DENNISON DR
  MABLETON GA 301267234

- UNIT 32-35
  100 DENNISON DR
  MABLETON GA 301267234

- UNITS 39-42
  6228-6240 EVERETTE DR SE
  MABLETON GA 301267283

- UNITS 43-45
  100 EVERETTE DR SE
  MABLETON GA 30126

- UNITS 1-5
  6156-6172 BREVARD DR
  MABLETON GA 301267282 (the "Property").

Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## [ALLEGED] SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the coverage terms of the Policy extended from February 22, 2022, to September 26, 2022, and that Plaintiff reported that the Property suffered alleged damage from a storm event on or about June 16, 2022. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that on or around June 18, 2022, the Plaintiff notified Defendant of the alleged storm damage to the Property that occurred on June 6, 2022. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged storm damage to the Property, and State Farm assigned the claim no. 11 -35P2-13F. A State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the

Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits only that Defendant prepared an estimate which concluded that Plaintiff's total repair cost value for the cost to repair the covered damage sustained to the Property was $36,417.08 as a result of the storm event on or around June 6, 2022. Defendant admits that the deductible under the Policy is $10,000.00 per occurrence. Defendant further admits that Exhibit "B" is a true and accurate copy of Defendant's estimate, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's

Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim, or that Defendant prepared multiple estimates for the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence and an estimate to Defendant dated November 10, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the November 10, 2022, estimate reflected the reasonable and necessary amount to repair the covered damage to the Property and that the estimate constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated November 10, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the November 10, 2022, estimate reflected the reasonable and necessary amount to repair the covered damage to the Property and that the estimate constituted a timely or valid demand for payment.

19.

All allegations contained in Paragraph 19 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

20.

Defendant denies all the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that there is a dispute between Plaintiff and Defendant regarding whether the alleged damage to the Property was caused by a covered cause of loss, the amount necessary to repair any covered damage, and the alleged date that the loss or losses occurred. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

23.

To the extent a response is required to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 22.

24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and

documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint

25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property, pursuant to the terms and provisions of the Policy and applicable Georgia law.

26.

All allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Plaintiff made a timely or valid demand for payment.

27.

All allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

Defendant denies all the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

To the extent a response is required to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## <u>COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6</u>

### 31.

Defendant hereby incorporates by reference its answers to Paragraphs 1 through 30 as if each were fully set forth herein.

### 32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

### 33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

### 34.

Defendant denies the allegations contained in Paragraph 34 including subsection (1)- (8) of Plaintiff's Complaint.

### 35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

### 36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Paragraph 38 of Plaintiff's Complaint contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendant denies Paragraph 38 of Plaintiff's Complaint. By way of further response, Defendant explicitly denies that it is indebted to Plaintiff in any amount whatsoever.

39.

To the extent a response is required to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

40.

To the extent a response is required to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

### 41.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief and Paragraph 41 of Plaintiff's Complaint, including those allegations set forth in subsections (a) through (f) contained therein.

### 33.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 12th of July, 2023

SWIFT CURRIE MCGHEE & HIERS

*/s/  Kayla M. McCallum*
Melissa A. Segel
Georgia Bar No. 020406
Kayla M. McCallum, Esq.
Georgia Bar No. 240946
***Attorneys for Defendant***

- 29 -

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day electronically filed *Defendant State Farm Fire and Casualty Company's Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF System which will notify counsel of record as follows:

J. Remington Huggins
Michael D. Turner
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA  30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorneys for Plaintiff*

This 12th day of July, 2023.

**SWIFT CURRIE MCGHEE & HIERS**

*/s/ Kayla M. McCallum*
Melissa A. Segel
Georgia Bar No. 020406
Kayla M. McCallum, Esq.
Georgia Bar No. 240946
*Attorneys for Defendant*

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4891-2676-5168, v. 1