## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBIN COCHRAN,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action File No.** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **PEACHTREE PARK PEDIATICS, LLP,** | **:** | **Jury Trial Demand** |
| **and CHERYL WELCH,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## COMPLAINT

Plaintiff, Robin Cochran ("Plaintiff"), by and through counsel undersigned, hereby submits her Complaint against the Defendant, Peachtree Park Pediatrics, LLP ("PPP"), and Defendant, Cheryl Welch ("Welch") (PPP and Welch are collectively referred to as "Defendants").  Plaintiff shows the Court the following:

## Authority

### 1.

This cause of action arises under the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*., ("ADEA"), seeking a remedy for discrimination and retaliation; Title VII of the Civil Rights Act of

1964 as amended, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"), seeking a remedy for race discrimination and retaliation; and, Section 1981 of the Civil Rights Act of 1866 (hereinafter "Section 1981"), seeking a remedy for race discrimination and retaliation, all of which occurred during the course of Plaintiff's employment with and termination by Defendants.

### Parties, Jurisdiction and Venue

**2.**

At all times relevant to this action, Plaintiff was a resident of the State of Georgia.

**3.**

PPP is a Georgia limited liability partnership, doing business in Fulton County, Georgia. Defendant may be served at its facility office, located at 3193 Howell Mill Road NW, Unit 250, Atlanta, Georgia 30327.

**4.**

Welch is an employee, agent and representative of  PPP, and at all times herein was acting on behalf of PPP.  Welch may be served at PPP's facility office, located at 3193 Howell Mill Road NW, Unit 250, Atlanta, Georgia 30327.

**5.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337.

**6.**

All jurisdictional prerequisites to the institution of Plaintiff's lawsuit have been fulfilled. Plaintiff filed her initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files this Complaint within 90 days of receipt of said Notice. Plaintiff's October 7, 2022 EEOC Charge of Discrimination is attached hereto as **Exhibit A**.

**7.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as Defendant is subject to the federal rules of law and the U.S.D.C. for the Northern District of Georgia.

**Factual Allegations**

**8.**

Plaintiff was employed by Defendant for forty (40) years.  At the time of Plaintiff's termination, her title was Operations Supervisor.

**Age Based Comments**

**9.**

In June of 2022, Defendant hired a new employee, Welch, as a Practice Administrator.

- 3 -

**10.**

On or about September 5, 2022, Welch asked Plaintiff when she planned to retire.

**11.**

Plaintiff told Welch that she planned on retiring in May of 2025 or May of 2027.  Welch then said that she had not thought that Plaintiff would be working that much longer, and stated that, "I thought you would be retiring next year."

**Race Based Comments**

**12.**

Upon information and belief, Welch is African American, or, holds herself out to be African American.

**13.**

Welch, as Practice Administrator, was Plaintiff's immediate supervisor.

**14.**

On various occasions, Welch made race-based remarks to Plaintiff, such as:

- We need to get Black people into management;

- Look at our Facebook page, we have an all-Black staff, and all-White management;

- We need to get more Black people to work here;

- This really looks bad;

- I'd like to get more Black people in here;

- We need to hire some White people as staff members; and

- We need to get a person of color into a management position.

**15.**

Monica Holloway, a front desk employee, stated that she thought they needed to hire some White staff people, too.

**16.**

Plaintiff stated that the company could only hire the people who applied, and that, the company really does not care what color their skin is, as long as they can do the job.

**17.**

Plaintiff's statement upset Welch.

**Betel Gomez Incident**

**18.**

One of Plaintiff's coworkers, Betel Gomez ("Gomez"), was Hispanic.

**19.**

At some point during their time of working together, Plaintiff asked Gomez if she was from Mexico.

**20.**

Plaintiff did not realize that Gomez, apparently, was offended by Plaintiff's question.  Gomez responded by telling Plaintiff that she was from Georgia, and that her parents were from Mexico.

**21.**

On September 13, 2022, Plaintiff came to work and began working on payroll tasks. She was unable to access Gomez's file and advised Welch, who said "[y]es, you cannot access anything concerning Gomez.  Talk to Dr. Wiskind."

**22.**

Plaintiff went to the Managing Partner, Robert Wiskind, M.D. He and Plaintiff then went to Welch's office, and Plaintiff asked Welch what was going on. Welch replied that Gomez had filed a formal, internal complaint against Plaintiff.

**23.**

Since Gomez and Plaintiff had worked together for a couple of years with no problems, and Welch had only been there a few months, Plaintiff asked Welch if she had encouraged Gomez to file the complaint.

**24.**

Welch became angry, said that Plaintiff was harassing her, and stated that she could sue Plaintiff.

**25.**

Dr. Wiskind told Welch to calm down, and told Plaintiff to go home. He advised Plaintiff that she was on administrative leave until further notice.

**26.**

On September 15, 2022, after forty (40) years of service, Plaintiff received an email from Dr. Wiskind advising her that she was being terminated, effective September 16, 2022.

**<u>COUNT I</u>**
**(Age Discrimination and Retaliation – ADEA – Against PPP)**

**27.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**28.**

Defendant discriminated against Plaintiff because she was an older worker.

**29.**

Defendant discriminated against Plaintiff, when its representative made inappropriate, unlawful comments, such as, "[w]hen are you planning to retire?" and "I thought you would be retiring next year."

**30.**

Defendant discriminated and retaliated against Plaintiff on the basis of age, in violation of the ADEA.

**31.**

Defendant willfully, or with reckless indifference, violated the ADEA by making inappropriate, unlawful comments, and ultimately, retaliating against Plaintiff by terminating her employment.

**32.**

As a direct result of Defendant's age discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost her benefits, and, incurred and continues to incur, litigation costs and attorney's fees.

## <u>COUNT II</u>
**(Race Discrimination and Retaliation - Title VII – Against PPP)**

**33.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**34.**

Defendant discriminated against Plaintiff because she is White/Caucasian.

**35.**

Defendant, in an effort to avoid the potential of being accused of discrimination against a Hispanic employee, chose instead to sacrifice Plaintiff, a White/Caucasian with forty (40) years of faithful service to Defendant. This is reverse race discrimination and retaliation.

**36.**

Defendant discriminated and retaliated against Plaintiff because of her race and retaliated against her by terminating her employment, all of which was done in violation of Title VII.

**37.**

At the time of the discriminatory acts alleged, Defendant knew or should have known, that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**38.**

Defendant performed the above described discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

**39.**

As a direct result of Defendant's race discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost her benefits, and, incurred and continues to incur, litigation costs and attorney's fees.

## <u>COUNT III</u>
**(Race Discrimination and Retaliation - Section 1981 – Against All Defendants)**

**40.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**41.**

In addition to the age-based remarks, Defendants and their agents impermissibly commented on race in the workplace.

**42.**

Defendants and their agents wanted more African Americans in management positions, so Plaintiff had to be removed.

**43.**

Defendants were worried because their Facebook page had all White individuals in management, so they wanted to remove the White Plaintiff.

**44.**

Additionally, Defendants were worried that staff level employees were all Black, so they wanted to hire more Whites.

**45.**

When Plaintiff opposed Defendants' discriminatory comments made in the workplace, Defendants retaliated and created pretextual reasons for Plaintiff's termination.

**46.**

Defendants willfully, or with reckless indifference, violated Section 1981 by wrongly terminating Plaintiff, by discriminating against her, and by retaliating against her. This is reverse discrimination and retaliation.

**47.**

Defendants discriminated against Plaintiff because of her race, and retaliated against her by terminating her employment, all of which was done in violation of Section 1981.

**48.**

Defendants performed the above described discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

**49.**

As a direct result of Defendants' race discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost her benefits, and, incurred and continues to incur, litigation costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants, as follows:

(a)    That Defendants be permanently enjoined from discriminating and retaliating against Plaintiff on any basis whatsoever;

(b)    That Defendants be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of the ADEA, Title VII, or Section 1981;

(c)    That Defendants be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits, if any, she would have received had it not been for Defendants' illegal actions, including but not limited to pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority;

(d)    That Plaintiff recover liquidated damages for Defendants' willful violations of the ADEA;

(e)     That Plaintiff be awarded compensatory damages to compensate for the humiliation, pain, suffering and stigma associated with race-based and age-based discrimination and retaliation;

(f)     That Plaintiff be awarded punitive damages to punish the Defendants for their unlawful actions;

(g)     That Plaintiff recover costs and expenses of litigation, including an award of reasonable attorney's fees;

(h)     That Plaintiff recover prejudgment interest;

(i)     That the Court issue a declaratory judgment that the practices complained of are unlawful and void; and

(j)     For such other and further relief as the Court deems just and proper.

## **Jury Demand**

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 12th day of July 2023.

**PANKEY & HORLOCK, LLC**


By:  */s/ Larry A. Pankey*
     Larry A. Pankey
     Georgia Bar No. 560725
     ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
Telephone:  770-670-6250
Facsimile:    770-670-6249
LPankey@PankeyHorlock.com

## <u>CERTIFICATION OF FONT SIZE</u>

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Robin Cochran, hereby certify that the foregoing **COMPLAINT** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 12th day of July 2023.

**PANKEY & HORLOCK, LLC**


By:  */s/ Larry A. Pankey*
       Larry A. Pankey
       Georgia Bar No. 560725
       ***Attorneys for Plaintiff***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBIN COCHRAN,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **v.** | : | |
| | : | |
| **PEACHTREE PARK PEDIATICS, LLP,** | : | **Jury Trial Demand** |
| **and CHERYL WELCH,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing **Complaint**
with the Clerk of Court using the CM/ECF system, which will send email
notification of such filing to the following attorneys of record:

Sean Keenan
**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**
SKeenan@CMLawFirm.com
*Attorneys for Defendants*

Dated this 12th day of July 2023.

**PANKEY & HORLOCK, LLC**

By:     */s/ Larry A. Pankey*
Larry A. Pankey
Georgia Bar No. 560725
*Attorneys for Plaintiff*

- 16 -

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
Telephone:  770-670-6250
Facsimile:    770-670-6249
LPankey@PankeyHorlock.com