UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| QADEER AHMED NAZEER, A# 209 095 291,<br><br>2200 Satellite Blvd. Apt 418<br>Duluth, GA 30097<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br> Serve: U.S. Citizenship and Immigration Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Director of the U.S. Citizenship and Immigration Services;<br><br> Serve: U.S. Citizenship and Immigration Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>  and,<br><br>JEDIDAH M. HUSSEY, in an official capacity as Director of the Arlington Asylum Office, U.S. Citizenship and Immigration Services;<br><br> Serve: Jedidah M. Hussey<br> Arlington Asylum Office<br> 2200 Potomac Center Drive Stop 2425<br> Arlington, VA 20598-2425<br><br>   Defendants, | Case No. |

## COMPLAINT

Plaintiff Qadeer Ahmed Nazeer asserts his cause of action against Defendants United States Citizenship and Immigration Services, Ur Mendoza Jaddou and Jedidah M. Hussey in their official capacities as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought to compel Defendants, and those acting under them, to adjudicate Plaintiff's long pending Application for Asylum and for Withholding of Removal (Form I-589).

2. As the Defendants have failed to undertake their mandatory duty to render a decision on this Application after an extreme delay, Plaintiff seeks a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiff's Application. 28 U.S.C. § 1361 (West 2010).

3. Further, Plaintiff seeks to compel Defendants to adjudicate the Application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of this Application. 5 U.S.C. § 706(1) (West 2010).

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1361 (West 2010) and 28 U.S.C. § 1331 (West 2010).

5. Venue is properly in this Court because the Plaintiff resides in this district and no real property is involved in the action. Therefore, venue is proper under 28 U.S.C. § 1391(e)(1).

## PARTIES

6. Qadeer Ahmed Nazeer is a citizen of Pakistan.

7. Plaintiff is in the United States in lawful status and is in the process of applying for asylum in the United States.

8. Plaintiff lives in Duluth, GA.

9. On June 1, 2016, Plaintiff filed an application for asylum as a principal derivative, and included Amber Qadeer Ahmed Nazeer, Sahil Qadeer and Adyan Qadeer as derivatives.

10. Plaintiff successfully completed his biometrics subsequent to filing his application.

11. Defendants refused and continues to refuse to conduct an interview on Plaintiff's case.

12. Since then, the Defendants have taken no action on the pending asylum application.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is assigned the task of adjudicating applications for asylum status under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (West 2010).

14. Defendant Ur Mendoza Jaddou is the Director of the USCIS and is sued only in an official capacity, as well as his successors and assigns. The USCIS is assigned the task of adjudicating applications for asylum status under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (West 2010).

15. Defendant Jedidah M. Hussey is the Director of the USCIS Arlington Asylum Office and is sued only in an official capacity, as well as any successors and assigns. The Arlington Asylum Office is located at 2200 Potomac Center Drive Stop 2425 Arlington, VA 20598-2425.

16. The USCIS, through the Arlington Asylum Office, has a mandatory duty to act on applications for asylum within a reasonable period of time. The Arlington Asylum Office is responsible for claims of asylum filed by people living in Duluth, GA, including Plaintiff, and upon information and belief, the case is currently being held at the Arlington Asylum Office.

## ASYLUM PROCESS

17. Federal immigration law allows persons who are physically present in the United States to apply for asylum, withholding of removal and protection under the Convention against Torture.

18. To prevail on an asylum claim, an applicant must demonstrate that he cannot return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(A).

19. Those who are granted asylum in the United States may not be removed to the country in which they face persecution. 8 U.S.C. § 1158(c)(1)(A).

20. In addition, asylees may file a petition to accord their spouse and/or children derivative asylum status. 8 C.F.R. § 208.21(a).

21. After they have held that status for at least one year, asylees may adjust their status to that of a lawful permanent resident. 8 U.S.C. § 1159(b).

22. After an asylum case is filed, the proposed beneficiary is fingerprinted and a background check is completed.

23. The asylum applicant is eventually scheduled for an interview by the responsible asylum office.

24. A decision is then rendered on whether the person has a credible fear of persecution and asylum is accordingly granted or denied.

### PLAINTIFF'S ASYLUM CASE UNREASONABLY DELAYED

25. On or about June 1, 2016, Plaintiff filed an I-589 application for asylum, withholding and CAT protection with the Defendants.  USCIS sent a receipt notice on the case to Plaintiff after assigning a case number, ZAR1600058000.

26. As part of the application process, USCIS obtained Plaintiff's fingerprints and conducted a background check.

27. USCIS has not conducted an interview and decided Plaintiff's asylum case.

28. Plaintiff has made numerous attempts to contact USCIS to find out the status of his application, but to no avail.

29. As of the date of this Complaint, Plaintiff has not received information as to if or when the I-589 application would be adjudicated.

30. Plaintiff seeks only what the law provides, which is a final decision on his asylum application within the reasonable timelines required by law.

31. Plaintiff is unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiff's pending matters.

32. Plaintiff has made numerous attempts to get a final decision but to no avail.

33. Defendants' delay in adjudicating Plaintiff's I-589 Application is unreasonable in relation to their stated processing times for like applications.

34. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(l) (West 2010).

35. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2010).

36. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application.

37. Defendants owe Plaintiff the duty to act upon his application for asylum and have unreasonably failed to perform these duties.

38. Upon information and belief, USCIS has refused to adjudicate Plaintiff's application in accordance with applicable legal criteria. Instead, USCIS has applied different rules under a policy

known as the Controlled Application Review and Resolution Program ("CARRP"), which has resulted in the agency refusing to adjudicate Plaintiff's application.

39. Since 2008, USCIS has used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns."

40. CARRP prohibits USCIS field officers from approving any application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

41. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA.

42. CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and imprecise criteria that bear no relation to the security-related statutory ineligibility criteria.

43. The CARRP definition illegally brands innocent, law-abiding residents, like Plaintiff, who does not pose a security threat, as "national security concerns" on account of innocuous activity and associations, innuendo, suppositions, and characteristics such as national origin.

44. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

45. CARRP unfairly and illegally targets individuals from Muslim-majority countries for increased and unlawful scrutiny.

46. Due to CARRP, USCIS has not adjudicated Plaintiff's application, as the law requires.

47. Although USCIS has thus far prevented Plaintiff from receiving asylum in the U.S., the Defendants have not notified Plaintiff that they consider him to be a potential "national security concern," provided the reasons why they have classified him in this way, or afforded him any opportunity to address and correct any basis for USCIS's concerns.

48. Plaintiff therefore requests that the Court enjoin USCIS from applying CARRP to his immigration application and declare that CARRP violates the INA; the Due Process Clause of the Fifth Amendment to the U.S. Constitution; and the Administrative Procedure Act ("APA").

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

a. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

b. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit application;

c. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

d. Compel Defendants and those acting under them to perform their duties owed to Plaintiff by adjudicating the Application;

e. Grant attorney's fees, costs of court and all further relief available to Plaintiff under the Equal Access to Justice Act, 5 U.S.C. § 504 (West 2010); and

f. Grant such other and further relief as this Court deems proper under the circumstances.

**RESPECTFULLY SUBMITTED**
Dated: July 12, 2023


*/s/ Steven M. Lefkoff*
Steven M. Lefkoff BN 670486
Lefkoff Law, LLC
860 Johnson Ferry Road, #140-323
Atlanta, GA 30342
(O) 404.482.2228
(F) 404-574-2724
(E) steven@lefkofflaw.com

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF
QADEER AHMED NAZEER**
