# EXHIBIT A

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-03789-S
6/2/2023 4:00 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| RICKY FOREST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OLD REPUBLIC INSURANCE ) <br> COMPANY, LANDSTAR RANGER, INC., ) <br> and MICHAEL GARZA, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> FILE NO: <br>     23-C-03789-S6 |

## COMPLAINT

COMES NOW, RICKY FOREST (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against OLD REPUBLIC INSURANCE COMPANY, LANDSTAR RANGER, INC., and MICHAEL GARZA (Defendants) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1

2.

Plaintiff is an individual and resident of South Carolina and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant Garza, because he committed a tortious act within the state of Georgia.

4.

Venue is proper as to Defendant Garza because it is proper as to Co-Defendant Landstar Ranger, Inc. ("Landstar"), and he may be served a copy of this Complaint and Summons at 21938 Gosling Cedar Place, Spring, Texas 77388.

5.

Defendant Landstar is a foreign corporation existing under the laws of Delaware, and may be served through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

6.

Defendant Old Republic Insurance Company ("Old Republic") is a foreign corporation existing under the laws of Pennsylvania with its principal place of business in Pennsylvania, and may be served through its registered agent, The Prentice-Hall Corporation System, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Pursuant to O.C.G.A. § 9-10-91, jurisdiction and venue are proper in this Court.

## FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

8.

On or about April 6, 2023, the date of his injuries, Plaintiff was operating his 2018 Ford Fusion while traveling westbound on Interstate 20 Westbound, south of Riverside Parkway, in an area located within Cobb County, Georgia.

9.

At approximately the same time, Defendant Garza was operating his tractor-trailer, while traveling westbound on Interstate 20 Westbound, south of Riverside Parkway, in an area located within Cobb County, Georgia.

10.

As Plaintiff was traveling in the third lane from the left on Interstate 20, Defendant Garza, traveling in the second lane from the left, improperly changed lanes and struck the Plaintiff's vehicle.

11.

The impact described in Paragraph 10 caused Plaintiff to sustain multiple injuries to his body, requiring extensive and subsequent medical treatment.

12.

At the time of the collision described in Paragraph 10, Defendant Garza was working as an employee or agent of Defendant Landstar.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

13.

The collision, described in Paragraphs 1-12, above constitutes the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of Defendant Garza in one or more of the following respects in failing to avoid the aforementioned automobile collision.

14.

Defendant Garza owed Plaintiff a duty to obey the traffic laws of Georgia and to operate his vehicle with reasonable care.

15.

Garza breached the duty owed to Plaintiff by improperly changing lanes and by failing to avoid the collision described in Paragraphs 1-12.

16.

As a direct and proximate result of the Garza' negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

17.

Plaintiff is entitled to recover of Garza such reasonable sums as compensatory, general, and special damages as may be shown by the evidence.

18.

Plaintiff was without fault in causing the aforementioned incident.

## COUNT II– NEGLIGENCE PER SE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

19.

Garza willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

20.

Garza violated O.C.G.A. §40-6-48 and was cited by responding police officer for his violation.

21.

Garza violated laws meant to protect innocent victims such as Plaintiff and to prevent unnecessary accidents and auto collisions such as the one in this action.

22.

As a direct result of Garza's failure to abide by the traffic laws of Georgia, Plaintiff suffered serious physical, emotional, and financial damages.

23.

As a direct and proximate result of Garza's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused by the negligence of Defendant Garza.

### COUNT III– RESPONDEAT SUPERIOR

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

24.

On the date of the collision, Defendant Landstar employed or otherwise had an agency relationship with Garza.

25.

The negligent acts of Garza took place during the course and scope of his employment and/or agency relationship with Defendant Landstar.

26.

Pursuant to O.C.G.A. § 51-2-2 and/or the doctrine of respondeat superior, Defendant Landstar is legally and vicariously liable for any negligent acts committed by Garza, acting within the scope of employment or agency with Garza, which proximately caused or contributed to the injuries suffered by the Plaintiff.

### COUNT IV– NEGLIGENT HIRING, TRAINING & SUPERVISION

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

27.

Defendant Landstar was negligent in hiring Garza and entrusting him to drive a tractor-trailer.

28.

Defendant Landstar was negligent in failing to properly train Garza.

29.

Defendant Landstar was negligent in failing to properly supervise Garza.

30.

Defendant Landstar's negligence in hiring Garza and entrusting him with driving a commercial vehicle and failing to train and supervise him properly were the sole and proximate cause of the collision and Plaintiff's resulting injuries.

### COUNT V– DIRECT ACTION

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

31.

Old Republic is subject to a direct action as the insurer for Defendant Landstar pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

32.

Old Republic was the insurer of Defendant Landstar at the time of the subject collision and issued a liability policy to comply with the filing requirements under Georgia and Federal law.

33.

Old Republic and Landstar are subject to the aforementioned filing requirements.

34.

Old Republic is responsible for any judgment rendered against Garza and Landstar up to its policy limits coverage.

**WHEREFORE**, the Plaintiff prays:

1. That Defendants are served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 2nd day of June, 2023.

                                        **Morgan & Morgan, P.A.**

                                        */s/ William J. Collins*
                                        William Collins, Esq.
                                        Georgia Bar No.: 161672
                                        Attorney for Plaintiff

MORGAN & MORGAN, P. A.,
11605 Haynes Bridge Road, Suite 490,
Alpharetta, GA 30009
Email: bcollins@forthepeople.com
Phone: (404) 965-1973
Facsimile: (404) 965-8812