# EXHIBIT 3

## Second Original

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RANAH HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| VS. | ) | 23-C-03893-S6 |
| | ) | NO. _____ |
| | ) | |
| BELLSOUTH TELE- | ) | |
| COMMUNICATIONS, LLC, | ) | |
| d/b/a AT&T GEORGIA | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COME NOW, Plaintiff RANAH HARMON, in the above-styled action and hereby

file this Complaint as follows:

## PARTIES, VENUE, AND JURISDICTION

1.

Plaintiff RANAH HARMON (hereinafter, "Plaintiff") subjects herself to the

jurisdiction of this Court.

2.

Defendant Bellsouth Telecommunications, LLC d/b/a AT&T Georgia (hereinafter

"AT&T") is a domestic for-profit limited liability company organized under the laws of the

State of Georgia with its principal place of business located at 1025 Lenox Park Blvd, NE,

Atlanta, Georgia 30319-5309.  At all times relevant to the present cause of action, Defendant

AT&T was doing business in the State of Georgia with a certificate of authority and with a

registered agent for service of process.  Defendant AT&T may be served with process by

service upon its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, GA 30046-4805. Defendant AT&T is subject to the jurisdiction of this Court.

3.

Defendant AT&T is subject to the venue and jurisdiction of this Court pursuant to O.C.G.A. §§ 14-2-510(b)(1), 14-11-1108, and Article VI, Section II, Para. IV of the Georgia Constitution.

4.

Defendant AT&T has been properly served with process in this action.

5.

Jurisdiction and Venue are proper in this Honorable Court as to all parties.

**OPERATIVE FACTS**

6.

Prior to or on March 19, 2022, AT&T, or its sub-contractor, agent, representative, or assign (collectively "AT&T"), had installed utility or telecommunication cables of some sort in order to service the lots located along Woodland Station Drive and Hagen Creek Court in Lula, Georgia.

7.

Such installation included telecommunications cables in and around a "pedestal" labeled as "6403" located on or near the property/lot line between 6401 Woodland Station Drive and 6403 Hagen Creek Court in Lula, Georgia.

- 2 -

8.

No person or entity other than AT&T was/were responsible for the placement and/or installation of the telecommunications cables in and around pedestal 6403.

9.

At all pertinent times, AT&T had been granted access to work, use, occupy, and/or operate upon the land where the pedestal and corresponding wiring was placed.

10.

The pedestals used by AT&T in their installation of telecommunications cables were placed on the north/northwest side of the sidewalk that runs parallel to Woodland Station Drive in Lula, Georgia. Such pedestal placement is intended to be fixed and permanent.

11.

During the installation of the telecommunications cables in and around pedestal 6403, AT&T failed to ensure at least one of the cables was adequately secured in such a manner to avoid interference with walking along the sidewalk parallel to Woodland Station Drive in Lula, Georgia.

12.

On March 19, 2022, Plaintiff was walking by herself along the sidewalk running parallel to Woodland Station Drive. As Plaintiff walked adjacent to pedestal 6403, Plaintiff's foot became entangled in the cable left unsecured by AT&T.

13.

Such entanglement resulted in Plaintiff falling and the fall caused her significant, debilitating, and permanent injuries.

- 3 -

14.

At all times, Plaintiff's actions were reasonable, appropriate, and completely free of negligence.

15.

As a result of Plaintiff's fall, and when she landed on the concrete of the sidewalk, she suffered injuries to her mind and body, including post-impact pain and suffering, shock, fright, terror, and mental pain and suffering from the time she fell onward.

16.

AT&T was negligent in the manner in which it left the telecommunications cable unsecure such to the extent the cable created a dangerous condition on the nearby sidewalk.

17.

AT&T's actions and omissions similarly created a private nuisance.

18.

AT&T directly and proximately caused Plaintiff's injuries through one or more of the negligent acts or omissions stated above.   Therefore, Defendants are directly liable for Plaintiff's injuries that resulted from this incident.

## **COUNT I**

## **ORDINARY NEGLIGENCE OF DEFENDANT**

19.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs as if fully restated.

- 4 -

20.

Defendant, through its workers, agents, contractors, representatives, or assigns, was negligent in, among other ways, acting in a manner inconsistent with that of a reasonable, ordinary, and prudent similarly situated person in failing to ensure the telecommunications wires were safety secured and maintained away from the pedestrian sidewalk walking path.

21.

Defendant failed to exercise that degree of care which would be exercised by an ordinarily prudent person under the same or similar circumstances, pursuant to O.C.G.A. § 51-1-2.

22.

Additionally, Defendant was negligent in, among other ways, failing to keep the premises and approaches safe on the land occupied by it when placing, wiring, and maintaining the telecommunications pedestal.  As a result, Defendants negligence seriously injured Plaintiff in violation of O.C.G.A. § 51-3-1.

23.

Defendant's negligence proximately caused Plaintiff's injuries.

24.

As a result of Defendant's negligence, Plaintiff suffered severe and debilitating injuries, pain and suffering, and special damages.

- 5 -

## COUNT II

## PRIVATE NUISANCE

25.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs as if fully restated.

26.

Defendant controlled the portion of the land where the pedestal was placed as well as where the telecommunications wire laid.

27.

When Defendant carelessly left the telecommunications wire unsecured in a manner such to the extent that it created a dangerous loop capable of tripping pedestrians on or near the existing sidewalk, Defendant created a private nuisance.

28.

The private nuisance created by Defendant's carelessness and negligence proximately caused Plaintiff's injuries and damages.

29.

The condition of the telecommunications wire being carelessly left unsecured at the applicable pedestal caused hurt, injury, inconvenience, and damages to Plaintiff.

## COUNT III

## ATTORNEYS FEES AND EXPENSES

### 30.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs as if fully restated.

### 31.

When Plaintiff presented her claim for damages, Defendant wholly ignored such claim.

### 32.

As such, Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

### 33.

Accordingly, Defendant is responsible for Plaintiff's legal fees and expenses in accordance with O.C.G.A. §13-6-11.

### 34.

Plaintiff is entitled to recover all elements of damages allowed under applicable law and supported by the evidence, including but not limited to:

a)    Personal injuries;

b)    All elements of past pain and suffering, both mental and physical;

c)    Past medical and incidental expenses;

d)    Attorney's fees and legal expenses; and

e)    Any other elements of damages allowable under Georgia law.

35.

Plaintiff specifically pleads the entitlement to special damages in accordance with O.C.G.A. §9-11-9(g).

WHEREFORE, Plaintiff prays that:

a) Process issue as provided by law;

b) Plaintiff has a trial by jury;

c) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendant;

d) Plaintiff be awarded all general, special, compensatory, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Georgia law;

e) Plaintiff have such other relief as this Court deems just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

This 6th day of June, 2023.

LAZENBY LAW GROUP, LLC

/S/ R. SHANE LAZENBY

R. SHANE LAZENBY
GEORGIA STATE BAR NUMBER 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM           ATTORNEY FOR PLAINTIFF

- 8 -

**Second Original**

CLERK OF STATE COUI
GWINNETT COUNTY, GEORG
**23-C-03893-S**
**6/7/2023 10:57 A**
TIANA P. GARNER, CLEI

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RANAH HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| VS. | ) | 23-C-03893-S6 |
| | ) | NO. _____ |
| | ) | |
| BELLSOUTH TELE- | ) | |
| COMMUNICATIONS, LLC, | ) | |
| d/b/a AT&T GEORGIA | ) | |
| | ) | |
| Defendant. | ) | |

### DEMAND FOR JURY OF TWELVE

COMES NOW, Plaintiff Ranah Harmon, and demands a trial by jury of twelve.

This 6th day of June, 2023.

**LAZENBY LAW GROUP, LLC**

*/s/ R. Shane Lazenby*
R. SHANE LAZENBY
GEORGIA STATE BAR NUMBER 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM                    *ATTORNEY FOR PLAINTIFF*