## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE RIVERA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| VS. | ) | |
| | ) | |
| ALM AUTOMOTIVE GROUP LLC | ) | JURY TRIAL DEMANDED |
| d/b/a ALM KIA SOUTH, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| ——————————————— | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Jose Rivera, ("Plaintiff"), and files this, his Complaint against Defendant ALM Automotive Group d/b/a ALM Kia South ("ALM or Defendant"). Plaintiff and Defendant are collectively referred to herein as the "Parties". Plaintiff respectfully shows the Court as follows:

## I.    INTRODUCTION

1.    These claims arise under the Fair Credit Reporting Act of 1970 (the "FCRA") and Georgia law. Plaintiff brings this action to recover actual monetary damages suffered because of Defendants willful violation of the FCRA, 15 U.S.C. §1681 *et seq.,* and a state law claim for breach of contract under O.C.G.A. §13-1-1.

## II.    JURISDICTION AND VENUE

2.    This Court is vested with subject matter jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. §1331 and it has supplemental jurisdiction over Plaintiff's state law claims that are so related to claims in this action within the Court's original jurisdiction of this civil action. 28 U.S.C. §1367(a).

3.    Venue is proper in this Court under 28 U.S.C. §1391(b), as the events giving rise to Plaintiff's claim occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## III.    PARTIES

4.    Plaintiff is a resident of the state of Georgia.

5.    Defendant is a domestic limited liability company organized under the laws of Georgia and is subject to the jurisdiction of this Court. Defendant's principal office address is 3740 Davinci Court, Suite 350, Norcross, Dekalb County, Georgia 30092.  Defendant may be served with process of the Complaint and Summons by serving its registered agent: Khushwant Bhatia, 3740 Davinci Court, Suite 350, Norcross, Georgia 30092.

## IV.    STATEMENT OF FACTS

6.    On or about January 11, 2022, Plaintiff began working for Defendant as a painter of automobiles.

7.    Plaintiff worked at Defendant's ALM Kia South location, which is in Union City, Georgia.

8.    Prior to beginning work for Defendant, Plaintiff signed authorization forms for Defendant to complete a background check.  Defendant performed the background check and afterwards, on January 11, 2022, invited Plaintiff to begin working.

9.    Defendant agreed to compensate Plaintiff twenty-four dollars ($24.00) per hour for providing insurance related paint labor and eighteen ($18.00) per hour for performing non-insurance related paint labor.

10.   The Parties reached a binding contract that Plaintiff would be compensated twenty-four dollars ($24.00) per hour for providing insurance related paint labor and eighteen ($18.00) per hour for performing non-insurance related paint labor, in return for Plaintiff performing paint jobs for Defendant.

11.   From January 11, 2022, until February 4, 2022, Plaintiff worked each weekday, and performed 428 hours of insurance related and non-insurance related paint jobs for Defendant.

12.   On February 4, 2022, Defendant terminated its employment relationship with Plaintiff, claiming Plaintiff failed his background check.

13.   Defendant used a consumer background report to make the employment decision to discharge Plaintiff.

14.   Before terminating Plaintiff's employment, Defendant was required to provide Plaintiff with a copy of the consumer report that it used for purposes of making an employment decision regarding Plaintiff.

15.   Defendant failed to provide Plaintiff with a copy of the consumer report it used to make employment decisions regarding Plaintiff.

16.   Before terminating Plaintiff's employment, Defendant was required to provide Plaintiff with a description in writing of Plaintiff's rights pursuant to the FCRA and regulations thereto.

17.   Defendant failed to provide Plaintiff with a description in writing of Plaintiff's rights pursuant to the FCRA and regulations thereto.

18.   After terminating Plaintiff, Defendant refused to pay Plaintiff for the hours Plaintiff worked.

19.   Lost wages caused by a violation of the FCRA are actual damages.

20.   Plaintiff suffered actual damages in the form of lost wages due to Defendant's violation of the FCRA.

21.   Defendant breached the contract formed by the Parties to compensate Plaintiff for work he performed for Defendant.

22.   Plaintiff suffered an actual loss of back-pay wages due to Defendant's breach.

23.   Plaintiff is entitled to recover back-pay damages caused by Defendant's breach.

24.   Plaintiff has suffered an actual loss of front-pay wages due to Defendant's breach.

25.   Plaintiff is entitled to recover the front-pay wages he would have earned, but for Defendant's breach of the employment contract, up to the date of trial of this instant lawsuit.

## V.   CLAIMS FOR RELIEF

**COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15  U.S.C. § 1681, *et seq.***

26.   The preceding paragraphs are hereby incorporated by reference.

27.   Defendant terminated its employment relationship with Plaintiff.

28.   Defendant used the consumer background Reporting to make its decision to end Plaintiff's employment.

29.   Defendant was required to provide Plaintiff with a copy of his consumer report before terminating Plaintiff's employment, but it failed to do so.

30.   Defendant was required to provide Plaintiff with a description in writing of Plaintiff's rights under the FCRA, but it failed to do so.

31.   Defendant failed to provide Plaintiff with a description in writing of Plaintiff's rights under the FCRA.

32.   Plaintiff is entitled to an award of lost wages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under the FCRA and all federal statutes providing remedies for violations of the FCRA.

## COUNT II - <u>BREACH OF CONTRACT O.C.G.A. § 13-6-1 *et seq.*</u>

33.   The preceding paragraphs are hereby incorporated by reference.

34.   The Parties reached a binding agreement for Plaintiff's hourly compensation in return for Plaintiff performing paint jobs for Defendant.

35.   After terminating Plaintiff, Defendant refused to pay Plaintiff for the hours that Plaintiff worked.

36.   To date, Defendant has not paid Plaintiff for the hours that Plaintiff worked for Defendant.

37.   Plaintiff is entitled to an award of back pay and front pay wages that he would have earned, but for Defendant's breach.

**COUNT III – <u>ATTORNEY'S FEES & COSTS PURSUANT TO</u>**
**<u>O.C.G.A. §13-6-11</u>**

38.   Defendant has acted in bad faith by not paying Plaintiff his wages for work he has performed.

39.   Defendant has caused Plaintiff unnecessary trouble and expense by causing him to retain an attorney to recover his unpaid wages.

40.   Plaintiff's attorney's fees and costs concerning this matter are continuing to accrue.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests a trial by jury and that the Court provide the following relief:

A.   That Plaintiff be awarded damages for Defendant's breach of contract;

B.   That Plaintiff be awarded back pay wages;

C.   That Plaintiff be awarded front pay wages;

D.   That Plaintiff be awarded punitive damages for Defendant's willful violation of the FCRA;

E.   That Plaintiff recover expenses of litigation and reasonable attorney's fees and costs for this action concerning the FCRA;

F.   That Plaintiff recover expenses of litigation and reasonable

attorney's fees and costs for this action concerning O.C.G.A. §13-6-11;

G.     That Plaintiff be awarded such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted this the 12th day of July, 2023.

**HKM Employment Attorneys LLP**

*/s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
cestes@hkm.com


*/s/ Jermaine A. Walker*
Jermaine "Jay" A. Walker
Georgia Bar No. 142044
3344 Peachtree Rd NE Suite 800
Office #35
Atlanta, GA 30326
Telephone: 404-301-4020
jwalker@hkm.com

8

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that the foregoing has been prepared in Times New Roman (14 point) font, double-spaced, as approved by the Court in L.R.5.1(C).

This 12th day of July 2023.

**HKM Employment Attorneys LLP**

_/s/ Chase Estes_
Chase Estes
Georgia Bar No. 485174
HKM Employment Attorneys LLP
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
cestes@hkm.com
