IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YUEN-TSAPARAS HOLDING, INC. and PANAGIOTIS TSAPARAS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| BRIAN PEOPLES, 2604 CAMBLETON ROAD PARTNERS, LLC, and SPRING TERRACE PARTNERS, LLC | ) ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Yuen-Tsaparas Holdings, Inc. and Panagiotis Tsaparas hereby file this Complaint against Defendants Brian Peoples, 2604 Cambleton Road Partners, LLC, and Spring Terrace Partners, LLC, as follows:

## PARTIES

1. Plaintiff Yuen-Tsaparas Holdings, Inc. ("Yuen-Tsaparas") is a corporation organized and existing under the laws of Canada with its principal place of business located ay 5220 East Boulevard, Vancouver, BC V6M3V1.

2. Panagiotis Tsaparas ("Tsaparas") is an individual who is a citizen and resident of Canada.

3. Upon information and belief, Brian Peoples ("Peoples") is an individual who is a resident of the State of Georgia.

4. Peoples may be served with a copy of a Summons and Complaint at his personal residence located at 6080 Foxberry Lane, Roswell, Georgia 30075.

5. 2604 Cambleton Road Partners, LLC ("Cambleton Road") was a Domestic Limited Liability Company registered with Georgia Secretary of State. Its principal place of business is 8000 Avalon Boulevard, Suite 100, Alpharetta, Georgia 30009. Cambleton Road may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 14-9-104(g).

6. Spring Terrace Partners, LLC ("Spring Terrace") was a Domestic Limited Liability Company registered with Georgia Secretary of State. Its principal place of business is 1020 Powers Place, Alpharetta, Georgia, 30009. Spring Terrace may be served through its registered agent, Brian Peoples, at 1020 Powers Place, Alpharetta, Georgia, 30009.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Yuen-Tsaparas and

Tsaparas (citizens of Canada) and Peoples, Cambleton Road, and Spring Terrace (citizens of Georgia), and because the amount in controversy exceeds $75,000.

8. This Court has specific personal jurisdiction over this matter as it relates to a contract entered into in the State of Georgia for the transaction of business and purchase of property in the State of Georgia.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all Defendants are residents of Georgia and a substantial part of the events giving rise to the Plaintiffs' claims occurred in the Georgia.

## RELEVANT FACTS

### *The Tsaparas Loan*

10. On or about January 29, 2016, Tsaparas and Yuen-Tsaparas Holdings issued to Peoples, Spring Terrace, and Cambleton Road a loan for purchase money in the amount of $650,000 ("Tsaparas Loan").

11. Per the terms of the Tsaparas Loan, there was a 1% monthly interest rate (12% annual) with interest accruing on the outstanding principal until the principal and interest was paid in full.

12. This loan was personally guaranteed by Peoples.

### *The 2604 Cambleton Agreement*

13. Also on or about January 29, 2016, Brian Peoples, as Spring Terrace Partners, LLC and Panagiotis Tsaparas, as Yuen-Tsaparas Holdings, Inc. entered

into the 2604 Cambleton Road Partners, LLC Operating Agreement ("the 2604 Cambleton Agreement"). *See* Exhibit A, 2604 Cambleton Road Partners, LLC Operating Agreement.

14.     In Schedule D of the 2604 Cambleton Agreement, it asserts in writing that the Tsaparas Loan "will carry a personal guarantee by Members Peoples and Harker." *Id.* at Page 23.

15.     This is a binding written contract.

16.     Further, as consideration for the Tsaparas Loan, under Schedule C, Tsaparas and Yuen-Tsaparas were given a 55% membership interest in Cambleton Road. *Id.* at Page 21.

17.     Cambleton Road owned real property known as the Cambleton Townhomes located at 2604 Cambleton Road SW, Atlanta, Georgia 30311 ("the Real Property"). *Id.* at Schedule E, Page 24.

18.     The Tsaparas Loan was intended for use in purchasing and improving the Real Property, as well as additional future real estate ventures of Cambleton Road, Spring Terrace, and Peoples.

19.     As part of the Tsaparas Loan, Plaintiffs were promised to be provided with distributions and profits on the Real Property and such additional future real estate ventures of Cambleton Road, Spring Terrace, and Peoples.

20. Under the 2604 Cambleton Agreement, Plaintiffs were entitled to receive distributions.

21. The 2604 Cambleton Agreement includes certain terms governing the conduct of its Members, including Peoples.

22. Under Section 3.9, Managing Member, this term is defined as "the member or members who are indicated on **Schedule A** attached hereto as managing member(s). These members shall manage all of the affairs of the company. May be referred to herein, from time to time, as a manager." *Id.* at Page 6.

23. Further, under Section 5.1, Members are defined as:

The name, address, capital contribution, and company interest of each initial member is set forth on Schedule A, which is attached hereto and made a part of this agreement. Each initial member's interest in the company is reflected by the percentage in the column labeled "Company Interest" on Schedule A, which interest is subject to being changed in accordance with other provisions of this agreement. Those members who are managing members hereunder are so indicated on Schedule A. The aggregate or sum of the interests of all members is known throughout this agreement as the aggregate limited liability company interest.

Any changes in the identity or company interests of one or more members or managing members shall be duly recorded upon Schedule A, or by a separate written amendment, and signed by all managing members and the members whose interests have changed or been added. Additional members may be admitted at any time upon approval of all the members. The conditions of admittance shall be set forth in an admission agreement executed by the person being admitted as a member and all members or their authorized agent.

*Id.* at Page 8.

24.   In Schedule A, Tsaparas, Yuen-Tsaparas, Peoples, and Spring Terrace are listed, among others. *Id.* at Page 20.

25.   Upon Section 5.2, the Powers of the Members are outlined as follows:

All members, who are not assignees or disassociated, shall have the right to vote on any matter submitted to a vote of the members. Members shall have the number of votes proportionate to their respective percentage of ownership. However, the following must be approved by a Unanimous vote of all members:

a) amendments to the agreement;

b) admission of assignees as members or substitute members

c) continuation of the company after any event that results in dissolution.

d) Sale of the property and all assets.

*Id.* at Page 8.

26.   In Section 6.2 on Powers and Limitations, the 2604 Cambleton Agreement asserts: "The members hereby agree that only managers and authorized agents of the company shall have power and authority to bind the company this includes obtaining loans, mortgages and/or refinancing any such loans or mortgages." *Id.* at 9.

27.   Section 6.3 outlines the Restrictions on such Powers and states that "no Member shall do any of the following actions described below in Section 6.3.1 (each

6

action being a "Major Decision") in the absence of **Unanimous approval** from the members who represent the aggregate limited liability company interests." *Id.* at Page 10.

28. In Section 6.3.1, it lists actions that are considered "Major Decisions" that require unanimous agreement in writing from each of the members. *Id.*

29. In this Section, it requires that unanimous agreement in writing from each of the members be given for "(d) Any financing or refinancing of any indebtedness, including borrowing any money or incurring any indebtedness (other than trade accounts payables or other indebtedness incurred in the ordinary course of business) in excess of $10,000 in any twelve month period." *Id.* at Page 11.

30. In this Section, it requires that unanimous agreement in writing from each of the members be given to "(b) Sell, transfer, convey or otherwise dispose of, or grant options, warrants, or other rights with respect to, any material assets of the Company must require Unanimous consent of the members." *Id.*

31. Further, in this Section, it requires that unanimous agreement in writing from each of the members be given to, "(f) Take any action in contravention of this Agreement or the Act." *Id.*

32. Under Section 8.1, under Voluntary Transfers, the 2604 Cambleton Agreement asserts that "No member may sell, pledge, transfer, exchange,

hypothecate, encumber, give, devise, assign or otherwise dispose of any company interest without the written consent of all members." *Id.* at Page 13.

33. There are additional relevant provisions contained in the 2604 Cambleton Agreement that may apply to this action and the conduct of Defendants.

34. The 2604 Cambleton Agreement was signed by Peoples, as Member for Spring Terrace.

*The SCH Loan*

35. On July 14, 2017, Cambleton Road, as Borrower, and Joseph Harker and Brian Peoples, individually, collectively, jointly and severally, as Guarantor, and Specialty Credit Holdings, LLC ("SCH"), as Lender, entered into a Loan Agreement ("the SCH Loan"). *See* Exhibit B, SCH Loan Agreement.

36. The SCH Loan was for a commercial loan in amount of $2,300,000.

37. The SCH Loan included the Cambleton Road property as collateral for the commercial loan.

38. The SCH Loan included terms of assignment of the Real Property and gave SCH the right to sell and transfer interests in the Loan.

39. Plaintiffs were not notified and did not give agreement for Cambleton Road or Peoples to enter into the SCH Loan.

40. Entering into the SCH Loan, without written agreement from Plaintiffs, was a breach of the 2604 Cambleton Agreement.

*The Cambleton GP Agreement*

41. On or about October 26, 2017, the Cambleton GP, LLC Operating Agreement ("the Cambleton GP Agreement") was entered into by Brian Peoples, among others. *See* Exhibit C, Cambleton GP, LLC Operating Agreement.

42. The stated purpose of this company was to "serve as General Partner to 2604 Cambleton Road Partners, LP." *Id.* at 5.

43. In Schedule A, Tsaparas and Yuen-Tsaparas are listed as having a 25% interest. *Id.* at 23.

44. Under the 2604 Cambleton Agreement, Plaintiffs were entitled to receive distributions.

45. No such distributions have been received.

46. This is a breach of the Cambleton GP Agreement.

*The Cambleton Road Agreement*

47. In January 2018, 2604 Cambleton Road Partners, LP Limited Partnership Agreement ("the Cambleton Road Agreement") was executed. *See* Exhibit D, 2604 Cambleton Road Partners, LP Limited Partnership Agreement.

48. In the Cambleton Road Agreement, it is asserted that:

> Whereas, the General Partner and Limited Partners were all the members of 2604 Cambleton Road Partners, LLC, a Georgia limited liability company, which is converting into the Partnership, and continuing under Georgia law as a Limited Partnership.

*Id.* at 1.

49. Again, in Schedule A, Tsaparas and Yuen-Tsaparas are listed as holding a 55% interest.

50. Under the 2604 Cambleton Agreement, Plaintiffs were entitled to receive distributions.

51. No such distributions have been received.

52. This is a breach of the Cambleton Road Agreement.

*Default on SCH Loan and Cambleton Road Foreclosure*

53. At some point after entering into the SCH Loan, Peoples failed to make payments and defaulted on this loan.

54. On May 31, 2019, Plaintiffs received a Notice of Foreclosure, asserting that Cambleton Road, through Peoples, had defaulted on its obligations under the Note, Security Deed, and other Security Documents to the Loan Agreement. *See* Exhibit E, Letter from Gregory Taube at Nelson Mullins Riley & Scarborough LLP.

55. The indebtedness had been accelerated and all principal, interest, and all other amounts became immediately due and payable. *Id.*

56. As a result, Specialty Credit Holdings, LLC initiated foreclosure proceedings against the real property and improvements. *Id.*

57. This foreclosure was completed and the property was lost.

58. This was a breach of the Tsaparas Loan and the 2604 Cambleton Agreement.

*Failure to Make Repayment on the Tsaparas Loan*

59. On September 26, 2016, Tsaparas and Yuen-Tsaparas received a payment of $297,780, which was comprised of $240,000 in principle repayment and $57,780 in interest repayment.

60. Since that time, no additional payments have been made on this Loan.

61. This is a breach of the written contract for the Tsaparas Loan.

62. The outstanding principle balance of the Tsaparas Loan is $410,000.

63. Interest has continued to accrue and now exceeds $300,000.

64. The failure of Defendants to pay the Tsaparas Loan, as well as the other breaches of contracts by Defendants, have resulted in aggravation, loss of enjoyment, and other general damages by Plaintiffs.

65. Further, the failure of Defendants to pay the Tsaparas Loan, as well as the other breaches of contracts by Defendants have caused Plaintiffs to have to incur attorneys' fees.

## COUNT ONE
## BREACH OF CONTRACT FOR THE TSAPARAS LOAN

66. The Tsaparas Loan is a valid and enforceable contract under Georgia law.

67. Peoples was personal guarantor of the Tsaparas Loan.

68. Defendants breached the Tsaparas Loan by entering into the SCH Loan.

69. Defendants breached the Tsaparas Loan by failing to make repayment of the Tsaparas Loan.

70. Defendants may have breached the Tsaparas Loan by other actions and omissions to be discovered.

71. As a direct and proximate result of Defendants' breaches, Plaintiffs Tsaparas and Yuen-Tsaparas have suffered damages in an amount to be determined at trial.

## COUNT TWO
## BREACH OF CONTRACT FOR THE 2604 CAMBLETON AGREEMENT

72. The 2604 Cambleton Agreement is a valid and enforceable contract under Georgia law.

73. Plaintiffs performed all of their obligations under the contract.

74. Defendants breached the 2604 Cambleton Agreement by entering into the SCH Loan.

75. Defendants breached the 2604 Cambleton Agreement by failing to obtain written agreement from Plaintiffs to enter into the SCH Loan.

76. Defendants breached the 2604 Cambleton Agreement by failing to make proper payments on the SCH Loan and defaulting on the SCH Loan.

77. Defendants breached the 2604 Cambleton Agreement by failing to make distributions pursuant to its terms.

78. Defendants may have breached the 2604 Cambleton Agreement by other actions and omissions to be discovered.

79. As a direct and proximate result of Defendants' breaches, Plaintiffs Tsaparas and Yuen-Tsaparas have suffered damages in an amount to be determined at trial.

## COUNT THREE
## BREACH OF CONTRACT FOR THE CAMBLETON GP AGREEMENT

80. The Cambleton GP Agreement is a valid and enforceable contract under Georgia law.

81. Plaintiffs performed all of their obligations under the contract.

82. Defendants breached the Cambleton GP Agreement by failing to make distributions pursuant to its terms.

83. Defendants may have breached the Cambleton GP Agreement by other actions and omissions to be discovered.

84. As a direct and proximate result of Defendants' breaches, Plaintiffs Tsaparas and Yuen-Tsaparas have suffered damages in an amount to be determined at trial.

## COUNT FOUR
## BREACH OF CONTRACT FOR THE CAMBLETON ROAD AGREEMENT

85. The Cambleton Road Agreement is a valid and enforceable contract under Georgia law.

86. Plaintiffs performed all of their obligations under the contract.

87. Defendants breached the Cambleton Road Agreement by failing to make distributions.

88. Defendants may have breached the Cambleton Road Agreement by other actions and omissions to be discovered.

89. As a direct and proximate result of Defendants' breaches, Plaintiffs Tsaparas and Yuen-Tsaparas have suffered damages in an amount to be determined at trial.

## COUNT FIVE
## CLAIM FOR DISTRIBUTIONS

90. Under the 2604 Cambleton Agreement, the Cambleton GP Agreement, and the Cambleton Road Agreements, Tsaparas and Yuen-Tsaparas are members entitled to distributions.

91. Under the 2604 Cambleton Agreement, Plaintiffs hold a 55% interest in Cambleton Road.

92. Under the Cambleton GP Agreement, Plaintiffs hold a 25% interest.

93. Under the Cambleton Road Agreements, Plaintiffs hold a 55% interest.

94. Plaintiffs have not withdrawn or transferred their interests.

95. Under O.C.G.A. § 14-11-404, a member is entitled to receive distributions from a limited liability company before the dissolution and winding up of the limited liability company to the extent specified in the articles of organization or a written operating agreement.

96. Further, under O.C.G.A. § 14-11-404, distributions by a limited liability company to its members, both prior to and after the dissolution of the limited liability company, shall be shared among the members in the manner provided in the articles of organization or a written operating agreement.

97. Plaintiffs have not received distributions from the 2604 Cambleton Agreement, the Cambleton GP Agreement, and the Cambleton Road Agreements.

98. Under O.C.G.A. § 14-11-409, "[a]t the time a member becomes entitled to receive a distribution, the member has the status of, and is entitled to all remedies available to, a creditor of the limited liability company with respect to the distribution."

99. Therefore, Plaintiffs are entitled to receive distributions consistent with their interests.

100. As a direct and proximate result of Defendants' actions, Plaintiffs' have suffered damages in an amount to be determined at trial.

## COUNT SIX
## BREACH OF FIDUCIARY DUTY

101. Defendants owed Tsaparas and Yuen-Tsaparas a fiduciary duty as a Manager of the relevant limited liability companies relevant to this action.

102. Defendants breached this fiduciary duty by failing to properly manage the limited liability companies relevant to this action.

103. Defendants may have breached this fiduciary duty by other actions and omissions to be discovered.

104. As a direct and proximate result of Defendants' actions, Plaintiffs' have suffered damages in an amount to be determined at trial.

## COUNT SEVEN
## BAD FAITH AND STUBBORNNESS LITIGIOUSNESS

105. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense in bringing this lawsuit.

106. Pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to have and recover its expenses of litigation, including attorney's fees, from Defendants.

WHEREFORE, Plaintiffs Yuen-Tsaparas Holdings, Inc. and Panagiotis Tsaparas pray of this Honorable Court as follows:

A.  That this Court enter judgment in favor of Plaintiffs and against Defendants;

B.  That all costs of this action, including attorneys' fees be assessed against Defendants;

C. That Plaintiffs recover its attorney fees and costs of litigation arising from the stubborn and litigious conduct of Defendants; and

D.  That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of July, 2023.

        */s/ Danielle C. Le Jeune*
        Danielle C. Le Jeune
        Georgia Bar No. 134222
        COZEN O'CONNOR
        The Promenade, Suite 400
        1230 Peachtree Street, N.E.
        Atlanta, Georgia 30309
        Telephone: (404) 572-2050
        Facsimile:  (866) 778-6671
        Email:  dlejeune@cozen.com

        *Attorney for Plaintiffs*