# EXHIBIT D

# 2604 Campbellton Road Partners, LP (the "Partnership")
## Limited Partnership Agreement

This agreement is made and entered into by and between Campbleton GP, LLC, a Georgia Limited Liability Company, referred to as "General Partner," and the individuals and entities listed in Schedule A, referred to as "Limited Partners."

Whereas, the General Partner and Limited Partners were all the members of 2604 Cambleton Road Partners, LLC, a Georgia limited liability company, which is converting into the Partnership, and continuing under Georgia law as a Limited Partnership.

Now therefore, in consideration of the mutual promises and covenants contained herein, it is agreed by and between the parties as follows:

1. Formation and Name.

The parties form a limited partnership under the Georgia Revised Uniform Limited Partnership Act (the "Act"). The name of the Partnership shall be 2604 Campbellton Road Partners, LP and the principal place of business shall be 1020 Powers Place, Alpharetta, GA 30009.

2. Certificate.

The general partner shall, concurrently with the execution of this agreement, sign and acknowledge a certificate of limited partnership pursuant to the provisions of the Act. This certificate shall be filed, if required, with the Georgia Secretary of State. This certificate may also be filed, if required, in the office of the records of the Clerk of Superior Court of the county where the principal place of business of the Partnership is situated.

3. Term.

The Partnership shall commence as of the date of filing the Certificate of Limited Partnership, and shall continue for a period of ninety nine (99) years unless terminated sooner as provided, or unless extended for a longer term as may be determined by the election of the limited partners entitled to seventy-five (75%) percent or more of the profits of the Partnership allocable to the limited partners.

4. Purpose.

The purpose of the Partnership shall be to acquire, hold, operate, improve, lease, sell and otherwise manage real property as the Partnership may from time to time acquire. The real property is referred to as the "subject properties."

5. Capital Contributions.

The names of each limited partner, the total contribution to be made by each limited partner and the percentage of profit of each limited partner in the Partnership are set forth in Schedule A attached.  This Schedule A may be amended from time to time as new partners join or leave the Partnership, as the case may be.

6. Rights, Duties and Obligations of the General Partner.

The general partner shall have the exclusive power and authority to conduct the management of the Partnership business and shall devote the time to the Partnership as shall be reasonably required for its welfare and success. General partner shall be empowered and the limited partners acknowledge and understand that from time to time the general partner may deem it to be in the best interest of this Partnership to purchase real property or properties from general partner provided that with respect to the development of a project by the Partnership or by general partner in behalf of the Partnership, the purchase price shall in no event exceed general partner's acquisition cost plus interest on cash invested for the holding period of the property or properties by the general partner at rates not to exceed those then prevailing in the financial community. General partner shall have the right and power to act as a principal either directly or through any entity which it controls, or through any individual who is a director of or owns a controlling interest in general partner, or any entity which it controls, in selling to the Partnership personal property, furniture and furnishings and other articles of a tangible or intangible nature, provided the purchase price of the property purchased by the Partnership shall not exceed its cost to the general partner. The powers of general partner shall further include but not be limited to the following:

   a) To purchase, sell, exchange or convey real property (including any mortgage or leasehold interest, or other property which may be acquired by the Partnership upon the transfer of real property), interests in Partnerships owning real property and/or business entities or interests and to grant or acquire an option or options for the purchase of real property, interests in Partnerships owning real property and/or business entities or interests.

   b) To lease all or any portion of real property without limit as to its term.

   c) To borrow money for purposes limited to the operation and conduct of the Partnership business and as security to mortgage all or any part of the Partnership real property. Also, to obtain replacements of any mortgages and to prepay in whole or in part, refinance, consolidate or extend any mortgages affecting real property. All of the above at such price, rental or amount for cash, securities or other property, and upon such terms as it deems proper.

7. Addition of Limited Partners.

New limited partners may be added to the Partnership with the prior approval of a majority of the interest in the Partnership, and upon a capital contribution by the new limited partner. Each new limited partner must accept and acknowledge this limited Partnership agreement in writing.

8. Withdrawal of Capital.

No limited partner may withdraw his or her capital contribution to the Partnership without the approval of the General Partner. The General Partner shall be under no obligation to sell Partnership assets to satisfy such request to withdraw capital if, in the reasonable opinion of the General Partner, doing so would impair the Partnership business.

9. Rights, Duties, Obligations of the Limited Partners.

   a) Except as otherwise expressly provided, no limited partner shall participate in the management of the Partnership business.

   b) A limited partner shall have the right to withdraw his or her capital account upon the termination of the Partnership and as provided in section 8 above. In the event of any withdrawal, no limited partner shall have the right to demand or receive property other than cash in return for his or her contribution.

   c) No limited partner shall have priority over any other limited partner, either as to contributions to capital or as to distribution of Partnership profits, or operating cash flow.

   d) Unless otherwise agreed among all the partners, no partner, general or limited, shall receive any salary or any other compensation for services rendered on behalf of the Partnership other than as expressly set forth in this agreement. No partner shall be entitled to receive interest on his or her capital contribution to the Partnership.

   e) The general partner shall be entitled to reimbursement for all reasonable out-of-pocket expenses incurred by it in the administration of the Partnership business.

10. Partners Accounts.

Capital accounts shall be maintained for the limited partners, which accounts shall be credited with their capital contributions and their respective shares of Partnership profits and charged with their withdrawals and their respective shares of Partnership losses.

11. Profit, Losses and Distributions.

   a) Profit. The net profit of the Partnership shall be equal to the taxable income of the

Partnership as shown in the Partnership tax information tax return filed in accordance with the requirements of the Internal Revenue Code. Except as provided in paragraph 12 below, profits shall be divided in proportion to the percentage interests set out in Schedule A.

b) Losses. All losses of the Partnership shall be allocated entirely to the limited partner in proportion to their capital contributions, subject, however, to the limitation of liability of each limited partner to the amount of his or her individual investment in the Partnership.

c) Distributions. Subject to the provisions of paragraph 12 below, in the event of the sale of assets of the Partnership, or the liquidation of the Partnership, the net proceeds realized from the sale (including the net proceeds derived from the sale or satisfaction of any purchase money deed of trust), or the proceeds of liquidation, as the case may be, shall be distributed as though they were profits.

d) Definition of Operating Cash Flow. The term "operating cash flow" as used, shall mean the profits of the Partnership from the operation of the Partnership business, except from the sale of assets, ascertained by the use of generally accepted cash basis accounting principles, except that:

   1. Depreciation shall not be deducted.

   2. Amortization of obligations secured by lien or liens on the real property shall be deducted.

   3. Amounts expended by the Partnership in the discretion of the general partner for capital improvements to the property shall be deducted.

   4. To the extent determined by the general partner, reasonable reserves for working capital needs, for improvements to the property, and for contingent liabilities of the Partnership shall be deducted.

e) Distribution of Operating Cash Flow. Operating cash flow shall be distributed among the Partners in accordance with percentages set forth in Schedule A with distributions to be made by the general partner at convenient intervals but not less frequently than annually.

f) Tax Distributions. Notwithstanding any provision to the contrary, the Partnership will make distributions to the Partners to assist them in the payment of their respective tax obligations. Such distributions shall be made on April 10, June 10, September 10 and December 10 in each Fiscal Year and shall equal the amount of "section 1446 tax" that the Partnership would be required to pay on April 15, June 15, September 15 and December 15 under Code Section 1446 and the Regulations under such Code Section as if:

1. Each of the Partners were a foreign person,

2. all of the net income of the Partnership were "effectively connected taxable income" within the meaning of Section 1446,

3. the "applicable percentage" under Code Section 1446(h)(2) shall be increased by the highest rate of applicable State tax rounded upward to the nearest percentage; and

4. the Partnership were entitled to deduct in computing its income any losses allocated to the Partners in prior Fiscal Years and not previously deducted in computing such income.

g) Distributions, if any, made pursuant to Subsection 11(f) will be taken into account in determining subsequent distributions pursuant this Section, so that, in the aggregate, all distributions are divided among the Partners in the manner they would be divided under this Section without regard to Subsection 11(f). If, upon liquidation of the Partnership, any Partner has received more distributions by virtue of Subsection 11(f) than such Partner otherwise would have been entitled, then such Partner will be obligated to contribute to the Partnership the deficit balance in such Partner's Capital Account or such excess distributions, whichever is less.

12. Limitation on Allocations and Distributions to General Partner.

The General partner may only make distributions to itself according the schedule as set forth above, and the General Partner's sole compensation will be its pro rata share of the profits, net of reasonable and customary expenses.

13. Banking.

Funds of the Partnership shall be deposited in the bank or banks as the general partner may select. All withdrawals shall be made upon checks signed by the general partner, or its authorized agent.

14. Books and Records.

The Partnership shall maintain full and accurate books at its principal office, or in such offices as shall be designated for such purpose by the general partner. All books of account, together with a certified copy of the certificate of limited Partnership and any amendments shall be during regular working hours and upon reasonable notice open to the inspection and examination of the limited partners. At the end of each calendar year, the general partner shall cause to be distributed to the limited partners a full and detailed statement showing the operations of the Partnership business during such year.

15. Assignment of Partners' Interests.

   a) General Partner. The general partner shall not assign, mortgage, encumber or sell its interest as general partner in the Partnership or enter into any agreement as a result of which any firm, person or Limited Liability Company shall become interested with it in the Partnership; provided, however, that the restrictions contained here shall be inoperative after the dissolution of the Partnership.

   b) Limited Partners' Right To Receive Income. The right of a limited partner to receive any income from the Partnership shall not be transferred, sold or assigned without the prior written consent of the general partner.

   c) Transfer of Capital Interest—Limited Partner. The capital interest of a limited partner may not be transferred, sold or assigned by a limited partner except in accordance with the following provisions:

   A limited partner who desires to sell or transfer his or her capital interest in the Partnership shall serve written notice on the general partner which shall contain the name and address of the proposed transferee and the total consideration to be paid by the proposed transferee. The general partner shall have the option to notify the proposed transferor within the 30 day period, that the transferor cannot effect a transfer of the interest unless he or she first offers the interest to the remaining limited partners. If the proposed transferor desires them to proceed with the transfer, he or she shall notify the general partner in writing of that intent, and for a period of 30 days from and after receipt of the notice, the remaining limited partners shall have the option to purchase the interest of the proposed transferor for cash, based upon the fair market value of the interest, as previously determined by the general partner. If the limited partners elect to exercise the option to purchase, payment of the purchase price in full shall be made to the transferor within 30 days after exercise of the option. The remaining limited partners shall purchase the offered interest on a pro rata basis determined by the proportion that each has in the profits of the Partnership (excluding the profit interest of the proposed transferor).

   In the event that (i) the general partner does not exercise its option, or (ii) the remaining limited partners do not elect to purchase the entire interest of the proposed transferor, the transferor may effect the transfer of this interest to the proposed transferee except that as a condition precedent to the admission of the proposed transferee, this person shall execute and acknowledge any instruments the general partner deems necessary or desirable to effect admission and to confirm the agreement of the person being admitted to be bound by all of the terms and provisions of this agreement as they have been amended. The transferee shall

pay all reasonable expenses (including legal fees) in connection with admission as a substituted limited partner.

16. Death or Insanity of Limited Partner.

If any limited partner dies, his or her executors or administrators (or if adjudged insane or incompetent, the guardian or conservator) shall have the same rights as if the limited partner had not died or become insane or incompetent, and the share of the limited partner in the assets of the Partnership shall be subject to the terms, provisions and conditions of this agreement as if the limited partner had not died or become insane or incompetent.

17. Termination.

Notwithstanding anything to the contrary, the Partnership shall terminate upon any of the following events:

a) A disposition of the Partnership of its entire interest in the subject property.

b) The adjudication of bankruptcy of the general partner or otherwise as provided by the Uniform Limited Partnership Act, unless the business is continued by a general partner elected in place.

c) A determination by the election of limited partners entitled to Fifty One (51) percent or more of the profits of the Partnership allocable to the limited partners that the Partnership shall terminate.

d) The removal of the general partner by the vote of limited partners entitled to Fifty One (51) percent or more of the profits of the Partnership allocable to the limited partners. In that event there shall be a distribution of assets in accordance with the provisions of paragraph 18 below, unless the limited partners, by an affirmative vote of limited partners owning Fifty One (51) percent of the profits in the Partnership allocable to the limited partners elect to form a new Partnership to continue the Partnership business.

In the event of the removal of the general partner, the determination of the value of the interest of the general partner shall be submitted to arbitration under the rules of the American Arbitration Association within sixty 60 days after removal. Within thirty (30) days after determination of the value of the interest, the general partner shall receive it in cash together with interest at the rate of Fifteen (15) percent per annum computed from date of removal. The costs of arbitration shall be borne by the limited partners.

18. Distribution on Termination.

Upon termination of the Partnership, the books of the Partnership shall be closed and appropriate

credits and debits to the accounts of the general and limited partners shall be made. The Partnership shall engage in no further business other than that necessary to wind up and distribute the assets. The general partner shall liquidate the assets of the Partnership and the proceeds of liquidation shall be applied and distributed as follows:

a) Expenses of liquidation and debts of the Partnership shall be paid.

b) Subject to the limitations contained in paragraph 12, the balance of assets shall be divided and distributed to the general partner and limited partners in accordance with the provisions of paragraph 11 above.

c) Upon completion of the liquidation, the Partnership shall be deemed completely terminated and dissolved.

19. Continuation Beyond Term.

In the event that the Partnership has not been terminated nor dissolved, nor the term of the Partnership extended, prior to the expiration date of the term set forth with respect to the assets of the Partnership the partners shall become tenants in common together with all other partners if they are living, or their heirs or successors, if they are deceased.

20. Expenses of Acquisition.

All expenses required for the acquisition of the real property and the formation of the Partnership referred to including but not limited to closing costs, legal fees, tax consultation fees, title expenses, survey fees, accounting fees, printing and stenographic costs and the filing, recording and publishing of Partnership papers shall be borne entirely by the Limited Partnership, and the General Partner shall be entitled to reimbursement for such expenses of the Limited Partnership incurred to date.

21. Power of Attorney.

Each of the limited partners does hereby constitute and appoint Campbleton GP, LLC, general partner, as his or her true and lawful attorney for that limited partner, and in the name and place of each limited partner to make, execute, sign and acknowledge a certificate of limited Partnership and a certificate of doing business under a fictitious name, including the execution, acknowledgment and filing of any amendments and to execute other instruments as may be required by the laws of the state of Georgia or any other jurisdiction.

22. Notices.

All notices and requests provided for shall be directed by courier to the parties at the addresses set forth in Schedule A, with a copy of all correspondence by email in advance.

23. Agreement Binding Upon Successors and Assigns.

Except as otherwise provided this agreement shall inure to the benefit of and shall be binding upon the heirs, executors, administrators, or other representatives, successors and assigns of the respective parties.

24. Applicable Law.

This agreement and the rights of the parties shall be interpreted in accordance with the laws of the state of Georgia.

25. Amendment.

This agreement may be amended subject to the unanimous approval of Partners.

26. Counterparts

This Agreement and any amendments hereto may be executed in counterparts, each of which shall be deemed an original, and such counterparts shall constitute but one and the same instrument.

[SIGNATURES ON FOLLOWING PAGE]

In witness whereof, the parties have executed this Agreement, dated for reference as of _____ day of January, 2018.

General Partner:

_____
Campbelton GP, LLC.
By Brian Peoples, authorized signatory

Limited Partners:

_____   _____
Yuen-Tsaparas Holdings, Inc.      JSS Realty Holdings, Inc.
By Panagiotis Tsaparas, authorized signatory   By Joseph Harker, authorized signatory

_____   _____
GSCM Birmingham Development, LLC   Good Steward Capital Management, Inc.
By Jessica Barr, authorized signatory   By Jessica Barr, authorized signatory

_____   _____
Brian Peoples, individually   Alberto Storelli, Individually

_____
Martha Lewis, individually

SCHEDULE A

List of Members and their interests in
Campbleton GP, LLC

| Name and Signature | Current Mailing Address | Value of Capital Contribution | Company Interest (percentage) |
|---|---|---|---|
| Campbleton GP, LLC<br>By Brian Peoples, authorized signatory | 1020 Powers Place<br>Alpharetta, GA 30009 | $0.01 | 0.01% |
| Yuen-Tsaparas Holdings, Inc.<br>By Panagiotis Tsaparas, authorized signatory | 5220 East Boulevard<br>Vancouver, BC V6M 3V1 | $55.00 | 55% |
| JSS Realty Holdings, Inc.<br>By Joseph Harker, Managing Member | 1020 Powers Place<br>Alpharetta, GA 30009 | $4.99 | 4.9975% |
| Brian Peoples, individually | 1020 Powers Place<br>Alpharetta, GA 30009 | $2.99 | 2.9975% |
| Alberto Storelli, individually | 2150 West 35th Ave<br>Vancouver BC V6M 1J3 | $15.00 | 14.9975% |
| GSCM Birmingham Development, LLC<br>By Jessica Barr, Managing Member | 7739 E. Broadway Blvd. Suite 255<br>Tucson, AZ 85710 | $19.99 | 19.9875% |
| Good Steward Capital Management, Inc.<br>By Jessica Barr, Managing Member | 7739 E. Broadway Blvd. Suite 255<br>Tucson, AZ 85710 | $0.01 | 0.01% |
| Martha Lewis, individually | 1735 Stoney Brook Way<br>Alpharetta, GA 30005 | $2.00 | 2% |