IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRY BATTS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| NOVOLEX HERITAGE BAG, LLC | |
| Defendants. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Terry Batts ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendant Novolex Heritage Bag, LLC, ("Defendant") and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of his rights under 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

### 3.

The unlawful employment practices and actions alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

### 4.

Mr. Batts is an African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

### 5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## FACTUAL ALLEGATIONS

7.

Plaintiff was hired as a Maintenance Electrician-Mechanic on or about October 5, 2022.

8.

Plaintiff is African American.

9.

Before the events giving rise to this lawsuit described below, Plaintiff was never written up or counseled on any performance issues.

10.

In or about November of 2022, a white employee named Kyle began using the word neighbor, which was meant to sound like he was using the n-word without actually saying it.

11.

For example, Kyle would say phrases like "what's up, my neighbor."

12.

Kyle said he could say the word neighbor because he had a black girlfriend.

13.

As Kyle continued using the word neighbor, other employees also started to use it.

14.

Other employees also started to say the n-word, ask Plaintiff if he wanted bananas, and make monkey noises at him.

15.

For example, around February 10, 2023, in the presence of Plaintiff and another white employee, Jonathan, Antonio, a supervisor, walked up to Plaintiff and said "Hey, want a banana, ni$#a?"

16.

Plaintiff and Jonathan reported this incident to Maintenance Manager Rob.

17.

Jonathan said the incident made him extremely uncomfortable and shocked him.

18.

Rob reported this incident to Human Resources.

19.

During a meeting on or about February 17, 2023, Plaintiff reported Kyle's discriminatory comments to Joseph, Maintenance Supervisor.

20.

Joseph wrote a report about that conversation and turned it in to Human Resources.

21.

At the end of February 2023, Plaintiff and some other employees were brought in to make statements to local Human Resources.

22.

A Human Resources employee interviewed Plaintiff and wrote down his responses.

23.

Plaintiff reported people asking him if he wanted a banana, that employees were using the n-word, and that this had all started with Kyle's use of the word neighbor.

24.

Then, around March 19, 2023, Plaintiff was informed that a Corporate Human Resources employee, Kelly, was investigating him.

25.

Rob warned Plaintiff that he would be getting a call from Kelly soon.

26.

On March 22, 2023, Rob falsely wrote Plaintiff up and told Plaintiff that he had been instructed to write up everything everyone does.

27.

Plaintiff told Rob that he hoped he was not the only employee Rob had been instructed to do that for.

28.

The next day, on March 23, 2023, the Head Plant Manager terminated Plaintiff.

29.

 Although Defendant purports to provide a legitimate non-discriminatory reason for Plaintiff's termination, that reason is pretextual.

## COUNT I: Retaliation in Violation of 42 U.S.C. § 1981

30.

Plaintiff re-alleges paragraphs 7-29  as if set forth fully herein.

31.

Defendant terminated Plaintiff in retaliation for engaging in protected activity.

6

32.

42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

33.

Plaintiff's complaints and opposition to, inter alia, racist comments and actions constitutes protected activity under 42 U.S.C. § 1981.

34.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

35.

There was a causal connection between the protected conduct and the adverse action of termination.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)   Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)   Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)    Award Plaintiff such further and additional relief as may be just and

appropriate.

This 7th day of July, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com