

- The J.L. Law Group, LLC • 794 Marietta Street NW Suite 94526, Atlanta, Georgia 30318 •
- Phone (866) 826-1098 • Fax (866) 679-6409 • info@thejllawgroup.com •
- Attorneys at Law • Licensed in Georgia •

**FOR PRE-LITIGATION PURPOSES ONLY**

March 29, 2023

**VIA ELECTRONIC MAIL ERICA.RUSSELL@CANAL-INS.COM**
**CERTIFIED MAIL W/RETURN RECEIPT REQUESTED**

Erica Russell
Canal Insurance Company
400 East Stone Avenue
Greenville, SC 29601

Re:  Claimant:       Conrad Bailey
     Claim No.:      L535355
     Date of Loss:   June 20, 2022
     Your Insured:   Mayhew Trucking, LLC
     Driver:         Duprell Williams

To Whom It May Concern:

On behalf of **Conrad Bailey**, I am submitting the following settlement demand. After conversations with my client **Conrad Bailey**, I am authorized to demand **$1,000,000.00** for full and final settlement of his claims in the above-referenced case. Liability is clear, and my client has suffered damages. The time period within which this offer must be accepted is *thirty (30) days* from receipt of this offer. If the demand is not accepted in writing by *thirty (30) days* from receipt of this offer, the demand will expire and will be withdrawn and can no longer be accepted. We will then have no alternative but to pursue a verdict against the **at-fault driver Duprell Williams** and to collect any excess judgment from their personal assets. We discuss below the issues of liability and damages. This letter is an offer to compromise a claim and is inadmissible in any subsequent litigation. O.C.G.A. § 24-3-37. *Payment shall occur no more than 10 days after the case settles, as per O.C.G.A. §9-11-67.1(g).* Payment shall be made to our client referenced herein and The J.L. Law Group, LLC.

**FACTS OF THE INCIDENT AND BASIS OF LIABILITY**

On or about June 20, 2022, My client, Conrad Bailey was traveling in a vehicle going westbound on Highway 138 Northeast when the at-fault driver, Duprell Williams caused the

C. Bailey  000001

4/6/2023 8:59:02 AM

**EXHIBIT "C"**

collision. At-Fault Driver Duprell Williams was traveling eastbound on South Hariston Road when he caused a multi-car collision. As a result of failing to responsibly operate his commercial vehicle, the at-fault driver impacted multiple vehicles which ultimately struck my client on the front of his motor cab. The impact of the collision caused injuries to Mr. Bailey's knee, head, back and neck. Moreover at the scene, Duprell Williams was cited for O.C.G.A. § 40-6-71, "Failure to Yield While Making Left Turn."

## OUR CLIENT'S INJURIES AND TREATMENT

### ICD CODES

| S13.4XXA | S39.012A | M62.81 | M19.92 | R20.2 |
| --- | --- | --- | --- | --- |
| M99.02 | S16.1XXA | R51 | R29.3 | S33.5XXA |
| M54.5 | M54.2 | M62.830 | V892XXA | R52 |
| M99.03 | M99.01 | M99.04 | M50.223 | M50.221 |

Immediately following the incident, my client, Conrad Bailey received medical care at Emory Hillandale Hospital. Due to residual pain Mr. Bailey sought care at Adjusting Health, and Life Orthopaedic & Spine Center, and American Health Imaging.

### INJURIES

Immediately following the accident, my client sought medical care from **Emory Hillandale Hospital.** There he was diagnosed with Cervicalgia (M54.2), Contusion of right knee (S80.01XA), unspecified motor-vehicle accident, traffic, initial encounter (V43.52XA).

Following a discharge from the hospital, Mr. Bailey sought pain management through **Adjusting Health.** There he was treated for low back pain (M54.5), Cervicalgia (M54.2), Dorsalgia (M54.9), Muscle spasm of back (M62.830), Sprain of ligaments of cervical spine (S13.4XXA) Strain of muscle, fascia, and tendon of lower back (S39.012A), Sprain of ligaments of lumbar spine (S33.5XXA), Muscle Weakness (M62.81) Post traumatic osteoarthritis (M19.92), Paresthesia (R20.2), Abnormal posture (R29.3), Headache (R51), Strain of muscle, fascia and tendon at neck level, (S16.1XXA). Segmental and somatic dysfunction of thoracic region (M99.02) Segmental and somatic dysfunction of lumbar region (M99.03), Segmental and somatic dysfunction of cervical region (M99.01), Segmental and somatic dysfunction of sacral region (M99.04), Segmental and somatic dysfunction of pelvic region (M99.05), Right knee pain (M25.561), and Pain in left knee (M25.562).

At the referral of Dr. Jessica Williams, DC, Mr. Bailey received MRIs completed by **American Health Imaging.** An image report of the cervical MRI indicates there is a Congenital cervical spinal stenosis, Slight flattening of cervical lordosis with scoliosis which may reflect

C. Bailey 000002

4/6/2023 8:59:05 AM

spasm/soft tissue swelling. Multilevel degenerative disc and facet disease, including moderate left-sided neural foraminal stenosis at C4-C5 and C6-C7. C6-C7 right-sided disc herniation extending into the neural foramen creating moderate to severe right neural foraminal stenosis is evident as is C4-C5 left-sided disc herniation creating mild left-sided central canal stenosis compressing the cervical cord. Conversely, images of Mr. Bailey's lumbar MRI reveal Multilevel degenerative changes, including moderate bilateral neural foraminal stenosis at L3-L4 and moderate right-sided facet joint arthropathy at L2-L3 with small degenerative synovial cyst posteriorly. There is also L4-L5 left-sided disc herniation compressing the left L5 nerve root in the left subarticular recess and compressing the left L4 nerve root in the left neural foramen. Lastly, results suggest L2-L3 and L3-L4 disc herniations nearing the traversing L3 and L4 nerve roots in the subarticular recesses, respectively. This herniation may have been caused or worsened by recent trauma.

For residual pain, Mr. Bailey was seen by **Life Orthopaedic & Spine Center**. Dr. Dashawn Bakari, MD, treated Mr. Bailey for Other cervical disc displacement at C4-C5 level – (M50.221), Other cervical disc displacement at C6-C7 level – (M50.223), Other cervical disc disorders at C5-C6 level (M50.822), Strain of muscle, fascia and tendon at neck level, sequela – (S16.1XXS), Other intervertebral disc displacement, lumbar region (M51.26), Intervertebral disc disorders with radiculopathy, lumbosacral region (M51.17), Radiculopathy, lumbar region – (M54.16), Lesion of ulnar nerve, bilateral upper limbs (G56.23), Carpal tunnel syndrome, right upper limb (G56.01), and Type 2 diabetes mellitus with diabetic polyneuropathy (E11.42). It was also determined that Mr. Bailey was prescribed lumbar spinal intervention via epidural injections accessing from the L5-S1 space under fluoroscopic guidance.

## LIFESTYLE AND WORK CONDITIONS

Mr. Bailey's lifestyle has been affected by the incident caused by Duprell Williams. Mr. Bailey experienced injuries to his knee, head, back and neck. Mr. Bailey has not been able to continue his daily functions as prior to the incident. This complaint is aggravated by twisting, prolong sitting, prolonged standing, lifting and bending.

## ITEMIZED SPECIAL DAMAGES

- Emory Hillandale Hospital .......................................... $ 940.20
- Adjusting Health ....................................................... $ 4,095.00
- American Health Imaging ......................................... $ 4,595.00
- Life Orthopaedic and Spine Center ........................... $37,719.00

Total Special Damages ................................. $ 47,349.20

C. Bailey 000003

4/6/2023 8:59:06 AM

## PHYSICAL PAIN AND SUFFERING

In addition to the damages qualified above, Mr. Bailey suffered non-economic damages and remains in constant physical pain since the incident. While continuing to undergo painstaking treatment, he still suffers from pain. His continuing pain and suffering consists of approximately 122 days from the date of the collision until his last date of treatment. **Mr. Bailey** has been experiencing severe pain in his knee, head, back and neck. The value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson*, 172 Ga. App. 718 (1984); *Redd v. Peters*, 100 Ga. App. 316 (1959). It would not be unreasonable for a jury to award $200 per day for past pain and suffering for a total of **$24,400.00** alone. (122 days x $200.00).

## EMOTIONAL PAIN AND SUFFERING

The emotional pain and suffering associated with these circumstances are far greater than any physical pain and suffering. It is understandable how injury victims become consumed with thoughts of sadness and helplessness – concerning the wreck, property damage, safety, medical bills, physical pain, scars, and their ability to return to normal. Pain, suffering and emotional distress are the greatest losses to an injured person. An injured person suffers, not only from the physical injuries, but also the uncertainty as to when or whether they will fully recover. An injured person suffers from the stress related with the possibility that their job may be in jeopardy or that they may lose their job due to their injuries, limitations or need to be absent while obtaining medical treatment. When the collision occurred, **Mr. Bailey** had his career, family, and his own well-being to worry about causing him to suffer anxiety, stress and difficulty sleeping on a daily basis following the June 20, 2022 collision.

Pain, suffering, and emotional distress is greater losses than the costs of medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering, and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional, and mental pain and suffering. As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson*, 172 Ga. App. 718 (1984); *Redd v. Peters*, 100 Ga. App. 316 (1959). **Mr. Bailey** ' emotional pain and suffering consists of approximately 284 days since the date of the collision until today. It would not be unreasonable for a jury to award $50.00 per day of emotional pain and suffering. Therefore, we place a conservative value of **$14,200.00** (284 days x $50.00) on Conrad Bailey's emotional pain and suffering.

## FUTURE PAIN AND SUFFERING

In addition, as a direct result of the injuries received in this incident, Conrad Bailey will suffer from a meaningful loss of his future enjoyment of life. He is a 55-year-old male and according to the Annuity Mortality Table 1949, he will live an additional 22 years. Given his 22-year life expectancy, it would not be unreasonable for a jury to award at least $1.00 a day for future pain and suffering for a total of **$8,030.00** (22 x 365 x $1.00 = $8,030.00). Once this case is resolved, Conrad Bailey will no longer be able to look to your insured for any future disabilities or medical expenses. Conrad Bailey only has one opportunity to settle for the full value of his injuries. As part of this offer of settlement, our client is entitled to compensation for future medical expenses.

## TOTAL DAMAGES

| | | |
|---|---|---|
| A. | Medical Expenses | $47,349.20 |
| B. | Pain and Suffering | $24,400.00 |
| C. | Emotional Pain & Suffering | $14,200.00 |
| D. | Future Pain & Suffering | $8,030.00 |
| | **GRAND TOTAL** | $93,979.20 |

## VENUE & JURISDICTION

If settlement cannot be reached venue and jurisdiction would be proper in Rockdale County, Georgia State Court. Rockdale County, Georgia is well established as a plaintiff friendly jurisdiction.

## FUTURE MEDICAL EXPENSES

Future medical care and expenses are often overlooked and undervalued in personal injury settlements. Once this case is settled, Mr. Bailey will no longer be able to look for compensation for any future medical expenses or disabilities. Continuous medical treatment is typical for such injuries due to the residual pain. These types of injuries are subject to episodes of remission and exacerbation caused by various aggravations. He will have follow up appointments and procedures to improve his overall condition. My client has only one opportunity to settle for the full value of his injuries and he wishes to be adequately compensated for such expenses.

## OTHER LEGAL DAMAGES

Negligent Infliction of Emotional Distress: Although Mr. Bailey has undergone treatment for his injuries, he is still far from a full and complete recovery from this incident. He will always have the constant fear and apprehension of being hit by another driver. Under Georgia Law, "[w]here there is a physical injury or pecuniary loss, compensatory damages including recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543(2)(B), 216 S.E.2d 776 (1975).

## OFFER OF COMPROMISE PURSUANT TO O.C.G.A. § 9-11-67.1

*PLEASE BE AWARE THAT THIS OFFER OF COMPROMISE IS GOVERNED BY THE TERMS OF O.C.G.A. §9-11-67.1, AND ANY AND ALL TERMS HERE OF ARE TO BE CONSTRUED AS HAVING THE MEANING AND INTERPRETATION CONSISTENT WITH THE LANGUAGE AND INTENT OF O.C.G.A. § 9-11-67.1.*

Based upon the total of special damages incurred to date, a provision for future medical treatment, the pain and suffering, and the privilege afforded for the offer of compromise and settlement under Georgia Law, I am authorized by my client to make the following demand. The ***material terms*** of this written offer of compromise are made pursuant to O.C.G.A. § 9-11-67.1. Pursuant to O.C.G.A. § 9-11-67.1(a), the material terms of this offer are as follows:

1. The time period within which this offer must be accepted is ***thirty (30) days*** from receipt of this offer and settlement funds must be received within ***ten (10) days of acceptance and mailed overnight via UPS or FEDEX with tracking;***

2. **The amount of monetary payment demanded is $1,000,000.00.**

3. The party **CONRAD BAILEY** will release are: **DUPRELL WILLIAMS, MAYHEW TRUCKING LLC, AND CANAL INSURANCE COMPANY.**

4. The type of release **CONRAD BAILEY** will provide to is a **LIMITED RELEASE.**

5. The completion of the attached **AFFIDAVIT OF NO ADDITIONAL COVERAGE.**

Pursuant to O.C.G.A. § 51-12-14, the Unliquidated Damages Interest Act, demand is hereby made upon the insured to settle claimant's claim for policy limits of any applicable liability insurance coverage. Please be advised that if their case proceeds to trial and a judgment is rendered for the claimant, in an amount not less than the aforementioned sum, claimant shall be entitled to receive interest on the claimed sum at a rate of 12% per annum, which will begin to accrue from the 30th day following the date of the mailing of their notice in accordance with Georgia Law.

C. Bailey   000006

4/6/2023 8:59:08 AM

This settlement demand is being made to **Canal Insurance Company** by way of **Adjuster Erica Russell** pursuant to Southern General Insurance Co. v. Holt, 262 GA 267 (1992). Accordingly the behalf of **Canal Insurance Company, Adjuster Erica Russell** has a duty to exercise good faith and sound judgment in responding to settlement opportunities within the limits of coverage afforded by its insurance policies. As stated in State Farm Mutual Automobile Ins. Co. v. Smoot, 381 F. 2d 331 (5th Cir.):

> *"It is well established that the law imposes upon the insurer the duty to exercise diligence, intelligence, good faith, and honest conscientious fidelity to the common interest of the insured as well as itself in determining whether to accept or reject an offer of settlement. While the insurer may properly give consideration to its own interest, it must in good faith give equal consideration to the interest of the insured and if it fails to do so it acts in bad faith."*

By amicably accepting this offer, you will protect your entity from the responsibility to pay an excess judgment, the time and expense of a lengthy litigation process, and other costs caused by failure to timely settle claims. It is also important to consider that Mr. Bailey will make an excellent witness before a jury. He is hard working, likable and will not be impeached at trial. The manner by which he has been impacted by this incident is clear and will come across as such to a jury. Mr. Bailey has done everything that he can to recover from his injuries and mitigate his damages. Jurors can appreciate when an injured party genuinely tries to get better, as Mr. Bailey has.

After meticulously evaluating this claim, we hope that you agree that our offer of settlement is substantiated and fair. The liability of the **Duprell Williams** is clear. This is a straightforward claim and the amount of damages has been properly presented. We must state that this letter relates to the compromise and settlement of Mr. Bailey's claim and shall not be admissible at trial except as to demonstrate bad faith upon obtaining an excess verdict.

This demand is made in a good faith effort to compromise a claim, and shall be open for thirty (30) days from the receipt of this offer. Please contact me if additional information is required.

*SPECIAL NOTE: Pursuant to the language in our demand letter, any settlement demand that may be accepted by you, has as a condition that you will deliver the settlement check and release (whether limited liability or general, depending upon the case and prior demand) to our office within 10 days of acceptance. Likewise, any offer made by you will only be accepted upon the same condition, wherein you will deliver the settlement check and release (whether limited liability or general, depending upon the case and prior demand) to our office within 10 days of acceptance. By making an offer or counter-offer, you understand and agree to these terms.*

Respectfully,

J. Curt Law, Esq.

Cc:  Conrad Bailey

C. Bailey  000008

4/6/2023 8:59:10 AM