## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| CONRAD BAILEY,             ) | |
|             ) | |
|      Plaintiff,         ) | |
|             ) | CIVIL ACTION FILE NO. |
| v.             ) | 23A02641 |
|             ) | |
| DUPRELL WILLIAMS, MAYHEW   ) | **JURY TRIAL DEMANDED** |
| TRUCKING, LLC, CANAL        ) | |
| INSURANCE COMPANY and ABC.   ) | |
| CORPORATION,         ) | |
|             ) | |
|      Defendants.      ) | |

## DEFENDANT CANAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW CANAL INSURANCE COMPANY (hereinafter "this Defendant"), Defendant in the above-styled case, by and through undersigned counsel, and files its Answer to Plaintiff's Complaint ("hereinafter "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of this Defendant or its insured caused or contributed to the Plaintiff's alleged injuries and damages and, therefore, Plaintiff is not entitled to any recovery from this Defendant.

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 2:18 PM
E-FILED
BY: Patricia Nesbitt

EXHIBIT "F"

### THIRD DEFENSE

This Defendant contests the damages and injuries which are being asserted in this action and demands strict proof thereof.

### FOURTH DEFENSE

This Defendant states that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than this Defendant or its insured, for whom this Defendant is in no way liable.  Therefore, Plaintiff is not entitled to recover from this Defendant.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant and those claims should be dismissed.

### SIXTH DEFENSE

Plaintiff's claims for punitive damages against this Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

### SEVENTH DEFENSE

Plaintiff's claims to punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates this Defendant's right to due process as guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

e.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of this Defendant's due process rights.

f.      Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Georgia law would violate this Defendant's due process rights in as much as juries can award punitive damages as they

see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

g.      Plaintiff's claim for punitive damages, and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain and they deprive this Defendant of due process of law.

h.      Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant or its insured's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

i.      Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject this Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior* or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

j.      Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages

expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the exercise of their right to a judicial resolution of this dispute.

k.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

l.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of this Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## NINTH DEFENSE

Venue is improper on the face of the Complaint and the case should be transferred to Rockdale County.

## TENTH DEFENSE

This Defendant answers the specific allegations of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

In response to the allegations in Paragraph 3 of Plaintiff's Complaint, this Defendant denies that it is a domestic corporation existing under the laws of the State of Georgia. This Defendant admits the remaining allegations in that Paragraph.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint, and more specifically states, upon information and belief, that the subject incident occurred in Rockdale County.

## BACKGROUND

6.

In response to Paragraph 6 of Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of its prior answers and defenses, including but

not limited to those answers and defenses to Paragraphs 1 through 5 above, as if fully set forth herein.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint.

## COUNT I - NEGLIGENCE

11.

In response to Paragraph 11 of Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of its prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 10 above, as if fully set forth herein.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

In response to the allegations in Paragraph 13 of Plaintiff's Complaint, this Defendant admits that its insured owed all duties prescribed by applicable law. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint.

## COUNT II – IMPUTED LIABILITY

17.

In response to Paragraph 17 of Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of their prior answers and defenses, including

but not limited to those answers and defenses to Paragraphs 1 through 16 above, as if fully set forth herein.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint.

## COUNT III – NEGLIGENCE HIRING, TRAINING & SUPERVISION

21.

In response to Paragraph 21 of Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of their prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 20 above, as if fully set forth herein.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Complaint.

## COUNT IV - DAMAGES

26.

In response to Paragraph 26 of Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of their prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 25 above, as if fully set forth herein.

27.

In response to the allegations in Paragraph 27 of Plaintiff's Complaint, this Defendant denies that Plaintiff is entitled to recover for "wrongful death" and, upon information and belief, denies that a death occurred in the subject accident. This Defendant further denies that punitive damages are recoverable. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph, including subparagraphs a) through h).

- 10 -

35. [sic]

In response to the allegations in Paragraph 35 [sic] of Plaintiff's Complaint, this Defendant denies that Plaintiff is entitled to recover for "Decedent's injuries and death" and, upon information and belief, denies that a death occurred in the subject accident.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

36.

This Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies any allegations contained in the Paragraph beginning "WHEREFORE", including subparts a. through e.

38.

Any allegation not specifically responded to above is hereby denied by this Defendant.

**WHEREFORE**, this Defendant prays that:

(1)     This Defendant be dismissed;

(2)     All costs of this litigation be paid by Plaintiff;

(3)     If any triable issue of fact exists, this Defendant requests that it be granted a jury trial by a jury of twelve (12) persons; and

(4)     Any other relief that this Court deems just and proper be granted.

Respectfully submitted this 12th day of July, 2023.

**NALL & MILLER, LLP**

By:    */s/ Quinn Curtis Bennett*
235 Peachtree Street NE          **QUINN CURTIS BENNETT**
North Tower, Suite 1500          Georgia Bar No. 356087
Atlanta, Georgia 30303
Telephone: 404-522-2200          *Attorney for Canal Insurance*
Facsimile: 404-522-2208          *Company*
qbennett@nallmiller.com

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 2:18 PM
E-FILED
BY: Patricia Nesbitt

- 12 -

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this day the foregoing ***DEFENDANT CANAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT*** was electronically filed with the Clerk of Court using the Odyssey Electronic Filing System which caused all parties-of-record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> J. Curt Law, Esq.
> Sed Mathis, Esq.
> The J. L. Law Group, LLC
> 794 Marietta Street, NW
> Suite 94526
> Atlanta, Georgia 30318
> E-Mail:  lawj@thejllawgroup.com

*Attorneys for Plaintiff*

Respectfully submitted this 12th day of July, 2023.

**NALL & MILLER, LLP**

235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404-522-2200
Facsimile: 404-522-2208
qbennett@nallmiller.com

By:   */s/ Quinn Curtis Bennett*
      **QUINN CURTIS BENNETT**
      Georgia Bar No. 356087

      ***Attorney for Defendant Canal***
      ***Insurance Company***

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 2:18 PM
E-FILED
BY: Patricia Nesbitt