EXHIBIT A

A TRUE AND CORRECT COPY OF ALL PROCESS, PLEADINGS AND ORDERS

FILED IN THE CIVIL CASE

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04993-6
6/8/2023 1:09 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

DAVID PEARSON COMMUNITIES, INC. :
and DR. ANNE MAZZAWI, D.D.S., :
                       :
    Plaintiffs,            :
                       :    CIVIL ACTION FILE
                       :    NO. _____
v.                       :
                       :
Gwinnett County, Georgia,    :
Gwinnett County Board      :
of Commissioners, Nicole Love  :
Hendrickson, in her official    :
capacity, Kirkland Carden, in   :
his official capacity, Ben Ku, in  :
his official capacity, Jasper    :
Watkins III, in his official     :
capacity, and Matthew Holtkamp, :
in his official capacity,       :
                       :
    Defendants.         :

## **COMPLAINT AND REZONING APPEAL**

Plaintiffs David Pearson Communities, Inc. and Dr. Anne Mazzawi, D.D.S., file this

Complaint and Rezoning Appeal against Gwinnett County, Georgia, Gwinnett County Board of

Commissioners, Nicole Love Hendrickson, in her official capacity, Kirkland Carden, in his official

capacity, Ben Ku, in his official capacity, Jasper Watkins III, in his official capacity, and Matthew

Holtkamp, in his official capacity, respectfully showing this Court as follows:

1. This action involves a challenge to the final decision by Gwinnett County and the Gwinnett

    County Board of Commissioners to deny Gwinnett County Zoning Case No. RZR2023-

    0006, GCID 2023-0220, David Pearson Communities, Inc.'s Rezoning Application

    (hereinafter referred to as the "Application") as decided by the Gwinnett County Board of

    Commissioners on March 28, 2023, and entered in writing on May 9, 2023,  in which the

Applicant sought to amend the Official Zoning Map from R-100 to R-SR for the proposed use of Single-Family Detached Subdivision for senior adults who are fifty-five and older, and related concurrent variances to increase the maximum allowable height from one story to two stories; and to reduce front yard setback for front-facing garages from 25 feet to 20 feet; and to allow individual lot access for a block containing a majority of lots less than 50 feet wide to be from a public street.

## I.    Jurisdiction and Venue

2. Plaintiff David Pearson Communities, Inc. is the contract purchaser of a portion of the subject property, which consists of 38.89 acres (hereinafter referred to as the "Subject Property") described in the Applicant's Rezoning Application and attached hereto as Exhibit "A".

3. Plaintiff Dr. Anne Mazzawi, D.D.S., is the owner of the Subject Property, which consists of 38.89 acres, described in Exhibit "A".

4. Gwinnett County, Georgia is a political subdivision of the State of Georgia, is subject to the jurisdiction and venue of this Court, and may be served by serving the Honorable Nicole Love Hendrickson, Chairwoman of the Gwinnett County Board of Commissioners, at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

5. The Gwinnett County Board of Commissioners is the governing body of Gwinnett County, Georgia, is subject to the jurisdiction and venue of this Court, and may be served by serving the Honorable Nicole Love Hendrickson, Chairwoman of the Gwinnett County Board of Commissioners, at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

6. Nicole Love Hendrickson is the Chairwoman of the Gwinnett County Board of Commissioners. Upon information and belief, she is a resident of Gwinnett County and subject to the jurisdiction and venue of this Court. Chairwoman Hendrickson, may be served at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

7. Kirkland Carden is a member of the Gwinnett County Board of Commissioners. Upon information and belief, Carden is a resident of Gwinnett County and subject to the jurisdiction and venue of this Court. He may be served at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

8. Ben Ku is a member of the Gwinnett County Board of Commissioners. Upon information and belief, Ku is a resident of Gwinnett County and subject to the jurisdiction and venue of this Court. He may be served at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

9. Jasper Watkins III is a member of the Gwinnett County Board of Commissioners. Upon information and belief, Watkins is a resident of Gwinnett County and subject to the jurisdiction and venue of this Court. He may be served at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

10. Matthew Holtkamp is a member of the Gwinnett County Board of Commissioners. Upon information and belief, Holtkamp is a resident of Gwinnett County and subject to the jurisdiction and venue of this Court. He may be served at the Gwinnett County Justice and Administration Center, located at 75 Langley Drive, Lawrenceville, Georgia 30046.

11. Plaintiffs have satisfied all conditions precedent to filing suit including, but not limited to, providing Defendants with ante litem notice, constitutional objections, and a notice of appeal.

## II.  Background and Facts

12. This action involves a challenge to the final decision by Gwinnett County and the Gwinnett County Board of Commissioners to deny Gwinnett County Zoning Case No. RZR2023-0006, GCID 2023-0220, David Pearson Communities, Inc.'s Rezoning Application (the "Application") as decided by the Gwinnett County Board of Commissioners on March 28, 2028, and entered in writing on May 9, 2023, in which the Applicant sought to amend the Official Zoning Map from R-100 to R-SR for the proposed use of Single-Family Detached Subdivision on the tract of land described by the attached legal description, which is incorporated and made part of by reference, hereinafter collectively referred to as the Subject Property, (*see* Ex. "A"). The Applicant also sought related Variances to increase the maximum allowable height from one story to two stories; to reduce the front yard setback for front-facing garages from 25 feet to 20 feet; and to allow individual lot access for a block containing a majority of lots less than 50 feet wide to be from a public street. *See* Ex. A.  Said related concurrent Variances were a component of the Application, and which were heard and decided without additional procedures other than those afforded to legislative zoning decisions. *Id.*

13. Gwinnett has adopted the Unified Development Ordinance, which has been amended from time to time but remains in full force and effect.

14. The Unified Development Ordinance governs the zoning of real property located in incorporated areas of Gwinnett County, Georgia, including Plaintiffs' Property.

4

15. Gwinnett County has adopted a Zoning Ordinance, which is intended to constitute a zoning ordinance within the meaning of Georgia Law.

16. Under the Zoning Ordinance and Unified Development Ordinance, all rezoning applications are reviewed by the Gwinnett County Planning Division staff ("Planning Division"), the Municipal-Gwinnett County Planning Commission ("Planning Commission"), and the Gwinnett County Board of Commissioners ("Board").

17. In general, the rezoning application process proceeds under the Zoning Ordinance as follows:

    a) A rezoning application and fee is first submitted to the Planning Division.

    b) The Planning Division reviews the application and makes both an oral and a written recommendation. The written recommendation is mailed to the applicant before the Planning Commission public hearing.

    c) Legal notice is required to be printed in a newspaper of general circulation in Gwinnett County. This notice appears in the Gwinnett Daily Post at least 15 days before public hearings.

    d) The applicant must erect a public hearing sign on the property at least 15 days before the public hearing. The applicant is also required to notify property owners within 1,000 feet of the application by mail.

    e) The Planning Commission reviews the facts in the case at its scheduled meeting. Generally, a recommendation is decided upon following the public hearing. This recommendation is forwarded to the Board.

f) The Board then considers the rezoning application, along with the Planning Division and Planning Commission recommendations, and votes to approve or deny the rezoning application at a public hearing.

g) The Board's decision is the final stage of review for a rezoning application.

18. R-100 is a zoning condition placed upon Plaintiffs' Property decades ago, and the Application sought to amend the Zoning Map from R-100 to R-SR to accommodate demand in senior adult housing, for ages fifty-five and older, with increased access to amenities, public transportation, and urban infrastructure.

19. Gwinnett County has also adopted the 2040 Unified Plan, which provides a blueprint for the County's growth and development.

20. The Unified Plan addresses community goals, needs and opportunities, housing, transportation, economic development and land use and establishes a community work program.

21. The 2040 Unified Plan acknowledges the need to provide more housing choices.

22. The Property is covered by both the County's Zoning Ordinance and the 2040 Unified Plan.

23. Defendants recently obtained a Housing Study which indicates an urgent need for more quality housing within Gwinnett County, which the Application would fulfill. *See* excerpts from the Gwinnett County Comprehensive Housing Study 2022 and ARC Briefing, true and correct copies are attached hereto collectively as Exhibit "**B**".[1]

---

[1] *See* Gwinnett County Comprehensive Housing Study 2022 (March 28, 2022), http://www.gwinnettcounty.com/static/upload/pnd/Guidance/267/gwinnett_county_comprehensi ve_housing_study.pdf; *see also*, Gwinnett County Comprehensive Study, ARC Briefing (March 9, 2022), http://cdn.atlantaregional.org/wp-content/uploads/housing-study-briefing-arc.pdf.

24. Plaintiffs have been diligently working to develop Plaintiffs' Property to provide new housing in Gwinnett County, and the Application to amend the Official Zoning Map from R-100 to R-SR as presented in the Application is necessary for residential development on Plaintiffs' Property.

25. The related concurrent Variances were a component of Plaintiffs' Application, which was heard and decided in the same manner as a legislative zoning decision, without additional procedures or quasi-judicial review.

26. Defendants' denial of the Application and related concurrent Variances was a legislative act and a legislative zoning decision.

27. Plaintiffs' Complaint and Rezoning Appeal is a civil action filed pursuant to O.C.G.A. § 36-66-5.1(a)(1), which provides as follows:

> Zoning decisions as described in this chapter, being legislative in nature, shall be subject to direct constitutional challenge regarding the validity of maintaining the existing zoning on the subject property or the validity of conditions or an interim zoning category other than what was requested in the superior court pursuant to its original jurisdiction over declaratory judgments pursuant to Chapter 4 of Title 9 and equity jurisdiction under Title 23. Such challenges shall be by way of a de novo review by the superior court wherein such review brings up the whole record from the local government and all competent evidence shall be admissible in the trial thereof, whether adduced in a local government process or not and employing the presumption that a governmental zoning decision is valid and can be overcome substantively by a petitioner showing by clear and convincing evidence that the zoning classification is a significant detriment to the petitioner and is insubstantially related to the public health, safety, morality, or general welfare.

O.C.G.A. § 36-66-5.1(a)(1)

### III.   Gwinnett County's Review of Plaintiffs' Application to Amend the Official Zoning Map and related Variances.

28. Plaintiffs' Application met all the requirements of the Zoning Ordinance to amend the Official Zoning Map from R-100 to R-SR for the Subject Property and related concurrent Variances.

29. The related concurrent Variances were a component of the Application, which was reviewed and heard the same as a legislative zoning decision without additional procedures or quasi-judicial review.

30. Gwinnett County's Planning Staff recommended approval with conditions of Plaintiffs' Application. A true and correct copy of the Staff Report for the Application is attached hereto as Exhibit "C".

31. Gwinnett County's Planning Staff further recommended approval of the related concurrent Variance: "to increase the maximum allowable height from one story to two stories." *See* Ex. C at 7.

32. Gwinnett County's Planning Commission also recommended approval of Plaintiffs' Application with conditions. A true and correct copy of the Amended Public Hearing Agenda, held on March 28, 2023, is attached hereto as Exhibit "D".

33. Plaintiffs agreed to all conditions recommended by the Planning Staff. (Ex. B).

34. Plaintiffs agreed to all conditions recommended by the Planning Commission. (Ex. C).

35. Specifically, Plaintiffs agreed to decrease the density for the Subject Property from 172 units to 130 units based on feedback from the County and community.

36. Plaintiffs could not further decrease the number of units and still deliver the amenities requested during the rezoning process.

8

37. Having fewer than 130 units would be a burden on the residents of the neighborhood.

38. A public hearing regarding the Application and related concurrent Variances was held on March 28, 2023. *See* Ex. D.

39. Comments made at the public hearing relating to the Application were based upon factors extraneous to the Subject Property and were not based upon land use criteria relating to the Subject Property, the requested R-SR zoning classification, and/or reduction of lot density to 130 units.

40. Additionally, many comments made at the public hearing proved the compatibility of the Application to the area, such as the fact that there are five senior housing developments already existing and coming to the area, such as Soleil Summit Chase and Kelly Preserve, Phase I.

41. To address concerns expressed by the County and community, the Applicant agreed to the County's R-SR senior housing zoning conditions, a homeowner's association to enforce the zoning conditions in addition to any County zoning enforcement efforts, a 10% rental cap, and a 30% two-story unit cap.

42. The Board of Commissioners considered Plaintiffs' Application and denied Plaintiffs' Application by way of Resolutions entered on May 9, 2023. A true and correct copy of the Resolution is attached hereto as Exhibit "**E**".

43. However, the Board of Commissioners previously approved on October 9, 2018, by way of Resolution, with only one abstaining vote, an application to amend the Zoning Map from R-100 to R-SR, for Kelly Preserve, Phase I.

44. There are similar, adjacent properties which are Single, Detached Single-Family Subdivisions with age restrictions that are consistent in scale, architecture, and use with Plaintiffs' Application.

45. Furthermore, the Application presents a zoning classification and density that matches Phase I of Kelly Preserve.

46. Plaintiffs' Application is consistent with the density and design of other neighboring communities, such as Preserve at Haynes Creek and Summit Chase.

47. The Subject Property is a continuation of an existing development known as Kelly Preserve, Phase I, which is currently zoned as R-SR.

### IV.    Causes of Action

### Count One: Rezoning Appeal

48. Plaintiffs incorporate the preceding paragraphs into Count One.

49. Plaintiffs appeal from Gwinnett County's denial of Plaintiffs' Application.

50. Plaintiffs have submitted and served a Notice of Appeal and ante litem notice on Gwinnett County.

51. Plaintiffs request that this Court review Gwinnett County's actions *de novo* and reverse the denial of the Applications to amend the Zoning Map from R-100 to R-SR, including the related concurrent variances.

### Count Two: Regulatory Takings Claim

52. Plaintiffs incorporate the preceding paragraphs into Count Two.

53. The existing zoning restrictions of the property and Gwinnett County's refusal to approve Plaintiffs' Application has deprived Plaintiffs of constitutionally guaranteed property rights without just and adequate compensation and constitute a violation of the rights and

privileges secured under article I, section 3, paragraph 1 of the 1983 Constitution of the State of Georgia, as well as the just and adequate compensation clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

54. The portions of the Ordinance and the applicable zoning maps which restrict development of the property to the use and manner as set out in current R-100 zoning classification and applied to the property are unconstitutional, illegal, null and void because such provisions constitute a taking in violation of article I, section 3, paragraph 1 of the 1983 Constitution of the State of Georgia and the provisions of O.C.G.A. § 22-1-5, and the Fifth and Fourteenth Amendment to the Constitution of the United States, as a taking or regulatory taking.

55. Gwinnett County's acts constitute bad faith, stubborn litigiousness, and have caused Plaintiffs unnecessary trouble and expense and entitle Plaintiffs to an award of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

### Count Three: Inverse Condemnation

56. Plaintiffs incorporate the preceding paragraphs into Count Three.

57. The existing zoning classification, R-100, of the property and the refusal of the County to approve the Application has deprived Plaintiffs of constitutionally guaranteed property rights without just and adequate compensation, and constitute a violation of the rights and privileges secured to Lois Properties under article I, section 3, paragraph 1 of the 1983 Constitution of the State of Georgia, as well as the just and adequate compensation clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

58. Gwinnett County's acts constitute bad faith, stubborn litigiousness, and have caused Plaintiffs unnecessary trouble and expense and entitle Plaintiffs to an award of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

### Count Four: Substantive Due Process

59. Plaintiffs incorporate the preceding paragraphs into Count Four.

60. Gwinnett County's refusal to approve Plaintiffs' Application fails to reasonably advance any legitimate governmental interest and deprive Plaintiffs of their due process rights secured by article I, section 1, paragraph 1 of the 1983 Constitution of the State of Georgia and the due process clause of the Fourteenth Amendment to the United States Constitution.

61. Gwinnett County's acts constitute bad faith, stubborn litigiousness, and have caused Plaintiffs unnecessary trouble and expense and entitle Plaintiffs to an award of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

### Count Five: Compensation for Constitutional Deprivations

62. Plaintiffs incorporate the preceding paragraphs into Count Five.

63. This Count is brought under the Fifth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983.

64. Gwinnett County's denial of the Application was not objectively reasonable. Gwinnett County's Planning Commission and Planning Staff recommended approval of the Application. Furthermore, the Board of Commissioners has amended the zoning classification of an adjacent property, Kelly Preserve, Phase I, from R-100 to R-SR.

65. Plaintiffs have been deprived of rights secured by the Fifth Amendment and Fourteenth Amendment to the United States Constitution because of officially adopted actions of Gwinnett County in refusing to approve the Applications.

66. Gwinnett County's actions have proximately caused damages to Plaintiffs in an amount to be proven at trial.

67. Gwinnett County's actions have violated Plaintiffs' rights, entitling them to an award of attorney's fees under 42 U.S.C. § 1988.

## Count Six: Declaratory Judgment

68. Plaintiffs incorporate the preceding paragraphs into Count Six.

69. Plaintiffs seek a declaratory judgment that the existing zoning classification R-100 violates their rights and that the County is obligated to amend the Zoning Map from R-100 to R-SR, or to a legal and constitutional zoning condition.

70. Gwinnett County's acts constitute bad faith, stubborn litigiousness, and have caused Plaintiffs unnecessary trouble and expense and entitle Plaintiffs to an award of attorney's fees and expenses of litigation under O. C. G.A. § 13-6-11.

## Count Seven: Injunctive Relief

71. Plaintiffs incorporate the preceding paragraphs into Count Seven.

72. Plaintiffs seek injunctive relief restraining the County from denying the existing zoning classification of R-100 on Plaintiffs' Property.

73. Plaintiffs seek injunctive relief to rezone the property to a legal and constitutional zoning classification.

74. Gwinnett County's acts constitute bad faith, stubborn litigiousness, and have caused Plaintiffs unnecessary trouble and expense and entitle Plaintiffs to an award of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

a)      declare the denials of the Rezoning Application as unconstitutional, illegal, null, and void as applied to the Plaintiffs' property; and

b)      declare that the actions of Gwinnett County in refusing to approve Plaintiffs' Rezoning Application and related concurrent variance are unconstitutional, arbitrary, capricious, and unreasonable; and

c)      set aside Gwinnett County's decision to deny Plaintiffs' Rezoning Application and related concurrent variances; and

d)      conduct a de novo review of the County's decision denying the Rezoning Application and related concurrent Variances, and allow any relevant evidence, including but not limited to expert testimony, to be considered; and

e)      award Plaintiffs special damages, general compensatory damages, and exemplary damages in an amount to be proven at trial, as well as equitable relief which this Court deems just, resulting from Gwinnett County's deprivation of Plaintiffs' constitutionally protected rights; and

f)      award Plaintiffs' costs, including reasonable attorney's fees, interest, and any other relief that this Court deems just and equitable;

g)      award reasonable attorney's fees, expenses of litigation, interest, and any other relief which this Court deems just and equitable under O.C.G.A. § 13-6-11, 42 U.S.C. § 1988, 42 U.S.C. § 1983, or any other grounds allowed by law; and

h)      for a trial by jury on all triable issues.

This 8th day of June, 2023.

Respectfully submitted,

**ANDERSEN, TATE & CARR, P.C.**

*/s/ R. Matthew Reeves*
R. Matthew Reeves
State Bar No. 598808
S. Lanier Flanders
State Bar No. 703767
Attorneys for Plaintiffs
David Pearson Communities, Inc.
and Dr. Anne Mazzawi, D.D.S.

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
770.822.0900 phone
mreeves@atclawfirm.com
flanders@atclawfirm.com

15

# EXHIBIT A

# REZONING APPLICATION



## Gwinnett

**Gwinnett County**

# Department of Planning & Development
## Planning Division

446 West Crogan Street, Suite 250

Lawrenceville, Georgia 30046

**(678) 518-6000**

**ONLY COMPLETE APPLICATIONS ACCEPTED**

I

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICATION

AN APPLICATION TO AMEND THE OFFICIAL ZONING MAP OF GWINNETT COUNTY, GA.

| APPLICANT INFORMATION | PROPERTY OWNER INFORMATION* |
|---|---|
| NAME: David Pearson Communities | NAME: Dr. Anne Mazzawi |
| ADDRESS: 2000 First Drive, Suite 400 | ADDRESS: 1778 Emory Ridge Dr NE |
| CITY: Marietta | CITY: Atlanta |
| STATE: Georgia    ZIP: 30062 | STATE: Georgia    ZIP: 30329 |
| PHONE: 770.294.1974 | PHONE: |
| EMAIL: doug@davidpearsoncommunities.com | EMAIL: |

CONTACT PERSON: Doug Patten    PHONE: 770.294.1974

CONTACT'S E-MAIL: doug@davidpearsoncommunities.com

### APPLICANT IS THE:

☐ OWNER'S AGENT    ☑ PROPERTY OWNER    ☐ CONTRACT PURCHASER

PRESENT ZONING DISTRICTS(S): R-100 REQUESTED ZONING DISTRICT: R-SR

PARCEL NUMBER(S): R 5067 003    ACREAGE: 38.8

ADDRESS OF PROPERTY: 1788 Temple Johnson Road

PROPOSED DEVELOPMENT: Luxury, owner occupied single family subdivision with high quality amenities.

| RESIDENTIAL DEVELOPMENT | NON-RESIDENTIAL DEVELOPMENT |
|---|---|
| No. of Lots/Dwelling Units  147 | No. of Buildings/Lots: |
| Dwelling Unit Size (Sq. Ft.):  1,800 sq. ft. | Total Building Sq. Ft. |
| Gross Density:  3.7 upa | Density: |
| Net Density: | |

**PLEASE ATTACH A LETTER OF INTENT EXPLAINING WHAT IS PROPOSED**

2

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICANT'S RESPONSE
## STANDARDS GOVERNING THE EXERCISE OF THE ZONING POWER

PURSUANT TO REQUIREMENTS OF THE UNIFIED DEVELOPMENT ORDINANCE, THE BOARD OF COMMISSIONERS FINDS THAT THE FOLLOWING STANDARDS ARE RELEVANT IN BALANCING THE INTEREST IN PROMOTING THE PUBLIC HEALTH, SAFETY, MORALITY OR GENERAL WELFARE AGAINST THE RIGHT TO THE UNRESTRICTED USE OF PROPERTY AND SHALL GOVERN THE EXERCISE OF THE ZONING POWER.

PLEASE RESPOND TO THE FOLLOWING STANDARDS IN THE SPACE PROVIDED OR USE AN ATTACHMENT AS NECESSARY:

(A)   WHETHER A PROPOSED REZONING WILL PERMIT A USE THAT IS SUITABLE IN VIEW OF THE USE AND DEVELOPMENT OF ADJACENT AND NEARBY PROPERTY:

Please see attached

(B)   WHETHER A PROPOSED REZONING WILL ADVERSELY AFFECT THE EXISTING USE OR USABILITY OF ADJACENT OR NEARBY PROPERTY:

Please see attached

(C)   WHETHER THE PROPERTY TO BE AFFECTED BY A PROPOSED REZONING HAS REASONABLE ECONOMIC USE AS CURRENTLY ZONED:

Please see attached

(D)   WHETHER THE PROPOSED REZONING WILL RESULT IN A USE WHICH WILL OR COULD CAUSE AN EXCESSIVE OR BURDENSOME USE OF EXISTING STREETS, TRANSPORTATION FACILITIES, UTILITIES, OR SCHOOLS:

Please see attached

(E)   WHETHER THE PROPOSED REZONING IS IN CONFORMITY WITH THE POLICY AND INTENT OF THE LAND USE PLAN:

Please see attached

(F)   WHETHER THERE ARE OTHER EXISTING OR CHANGING CONDITIONS AFFECTING THE USE AND DEVELOPMENT OF THE PROPERTY WHICH GIVE SUPPORTING GROUNDS FOR EITHER APPROVAL OR DISAPPROVAL OF THE PROPOSED REZONING:

Please see attached

3

(A)   WHETHER A PROPOSED REZONING WILL PERMIT A USE THAT IS SUITABLE IN VIEW OF THE USE AND DEVELOPMENT OF ADJACENT AND NEARBY PROPERTY: Applicant contends that proposal, with its unique exterior buffering/lot size provisions, is suitable in view of adjacent and nearby developed properties, including Kelly Preserve-Phase I, The Preserve at Haynes Creek and Summit Place.

(B)   WHETHER A PROPOSED REZONING WILL ADVERSELY AFFECT THE EXISTING USE OR USABILITY OF ADJACENT OR NEARBY PROPERTY: Given the density proposed by the applicant, as well as the unique exterior buffering/lot size provisions as proposed, applicant contends that proposed rezoning will not adversely affect the existing usability of adjacent or nearby properties.

(C)   WHETHER THE PROPERTY TO BE AFFECTED BY A PROPOSED REZONING HAS REASONABLE ECONOMIC USE AS CURRENTLY ZONED: Given that Kelly Preserve Phase I is under construction as an Adult Targeted Community (under same classification requested by applicant) and provided a stubbed-out road connection to applicant's property, applicant contends that property affected by proposed rezoning does not have a reasonable economic use as currently zoned.

(D)   WHETHER THE PROPOSED REZONING WILL RESULT IN A USE WHICH WILL OR COULD CAUSE AN EXCESSIVE OR BURDENSOME USE OF EXISTING STREETS, TRANSPORTATION FACILITIES, UTILITIES, OR SCHOOLS: Applicant contends that proposed rezoning will not cause an excessive or burdensome use of existing streets, transportation facilities, utilities or schools given its target market of senior customers, as well as the site being adequately served by public water and sewer infrastructure and providing enhanced stream buffer protections upstream of a Gwinnett County Water Reservoir.

(E)   WHETHER THE PROPOSED REZONING IS IN CONFORMITY WITH THE POLICY AND INTENT OF THE LAND USE PLAN: Applicant contends that the proposal is consistent with Comprehensive Plan Character Area Designation of Established Neighborhood Character Area in that the proposal is an encouraged land use for the character area.

(F)   WHETHER THERE ARE OTHER EXISTING OR CHANGING CONDITIONS AFFECTING THE USE AND DEVELOPMENT OF THE PROPERTY WHICH GIVE SUPPORTING GROUNDS FOR EITHER APPROVAL OR DISAPPROVAL OF THE PROPOSED REZONING: Given the density proposed by the applicant, as well as the unique exterior buffering/lot size provisions as proposed, and the project serving as

an extension of existing Kelly Preserve Phase 1, give supporting grounds for approval of the application.

DAVID PEARSON COMMUNITIES, INC.

2000 FIRST DRIVE, SUITE 400, MARIETTA, GEORGIA 30062

### _Letter of Intent_

RE: Kelly Preserve Phase 2
Request to Rezone – 1788 Temple Johnson Road – Deeded 52.2 Acres

Northern Tract – 13.397 Ac. (1.86 U/A)
Southern Tract – 38.892 Ac. (3.77 U/A)
Overall, Both Tracts - 52.2 ac – 3.29 Ac. (U/A)

To whom it may concern.

Respectfully, we submit this application to Gwinnett County for the consideration of the property of land referenced above for rezoning

The applicant intends to develop the 2 parcels, collectively totaling 52.2± acres into a high quality, owner occupied, detached single family subdivision. The applicant intends to do so by rezoning the property from R-100 to R-SR, including concurrent variances to:

- Sec. 210-90.6. A.4, front facing garages require a minimum 25' setback behind sidewalks.
- Sec. 210-90.8. E.1, if a block contains a majority of lots less than 60 feet in width, individual lot access from that block must be from an alley, not a public street.
- Sec. 210-90.7.B, all dwellings are limited to a single story.
- 

The applicant envisions a 172-lot community with a proposed density of 3.29 units per acre, well below the density allowed by the R-SR zoning district and consistent with the densities of adjacent and nearby subdivisions. The minimum house size will be 1,800 square feet (applicant will provide renderings in a stipulation letter to be presented to county staff). The applicant intends to provide the enhanced stream buffer protections that are required for properties located upstream of a Gwinnett County Water Reservoir along the southern property boundary, as shown on the site plan submitted. The applicant's proposal is adequately served with public water and sewer services and the design submitted reflects connection to such public infrastructure.

Applicant intends to develop the property as Phase 2 of Kelly Preserve. Kelly Preserve was previously approved as an Adult Targeted Community under the R-SR zoning classification. The first phase of Kelly Preserve is completed and is contiguous to the eastern boundary of the southernmost portion of the property. It is accessible through a "stubbed out" road connection that was provided within the design of that Phase. Kelly Preserve Phase 1 will be hitting the home market in the Spring of 2023.

The overall design plan is to provide more options for the communities by allowing the existing residents of Phase 1 that will be eligible to enjoy the amenities proposed as part of the applicant's rezoning, including linear park, pool, and clubhouse, as well as state of the art pickleball courts. Likewise, the amenities existing in Phase 1 can be enjoyed by the residents envisioned in the applicant's requested rezoning.

The applicant is proposing a gated community concept with private roads constructed to Gwinnett County standards to serve the community.

BUILDING COMMUNITIES OF LASTING VALUE

## DAVID PEARSON COMMUNITIES, INC.
### 2000 FIRST DRIVE, SUITE 400, MARIETTA, GEORGIA 30062

The applicant is excited to introduce a relatively new single family, one story detached product that allows for maintenance free, luxury residences with unique architectural designs that afford privacy through a concept of "maximizing/living outside of your home". A Master Homeowners Association will be created, along with restrictive covenants for maintenance of all infrastructure, professionally designed landscape/buffer areas, amenities, and common areas. The community will feature architecturally controlled lighting and signage, as well as providing underground utilities.

The applicant intends to provide unique protections to its existing neighboring subdivisions (excluding Kelly Preserve Phase 1) by stipulating that all exterior lots within the proposal bordering existing subdivisions (Preserve at Hanes Creek, Summit Place, or other individually owned tracts) shall have lot sizes equal to the minimum lot sizes existing within the existing subdivisions.

We respectfully request your approval of this request for Rezoning to permit this proposed residential community with the following requested conditions specific to this application.

PROPOSED CONDITIONS:

- Minimum lot size – 6,000 sf
- Minimum Lot Road Frontage – 50 ft., (*35 ft cul-de-sacs) with a minimum lot width on cul-de-sac lots to be 50 ft. * as measured at the building setback line.
- Proposed Maximum Overall Density – 3.29 units per acre
- Setbacks for individual lots to be - Front – 20 ft, Rear -25 ft, Side – 5 ft with 10 ft between Buildings, 15 ft Major Side.
- All construction to conform to Gwinnett Count Development Regulations, unless otherwise stated here or as depicted on the site plan presented as part of this application last revised 11-2-22.

Respectfully submitted,

*Doug Patten*

Doug Patten, CPESC
Director of Land for
David Pearson Communities, Inc.

BUILDING COMMUNITIES OF LASTING VALUE

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICANT'S CERTIFICATION

THE UNDERSIGNED BELOW IS AUTHORIZED TO MAKE THIS APPLICATION. THE UNDERSIGNED IS AWARE THAT NO APPLICATION OR REAPPLICATION AFFECTING THE SAME LAND SHALL BE ACTED UPON WITHIN 12 MONTHS FROM THE DATE OF LAST ACTION BY THE BOARD OF COMMISSIONERS UNLESS WAIVED BY THE BOARD OF COMMISSIONERS. IN NO CASE SHALL AN APPLICATION OR REAPPLICATION BE ACTED UPON IN LESS THAN SIX (6) MONTHS FROM THE DATE OF LAST ACTION BY THE BOARD OF COMMISSIONERS.

_____                _11.20.22_
Signature of Applicant                                              Date

Doug Patten, Director of Land Development
_____
Type or Print Name and Title

_____      _11-20-2022_      Notary Seal
Signature of Notary Public                    Date

4

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING PROPERTY OWNER'S CERTIFICATION

NED BELOW, OR AS ATTACHED, IS THE OWNER OF THE PROPERTY
N THIS APPLICATION. THE UNDERSIGNED IS AWARE THAT NO APPLICATION
TION AFFECTING THE SAME LAND SHALL BE ACTED UPON WITHIN 12
M THE DATE OF LAST ACTION BY THE BOARD OF COMMISSIONERS UNLESS
E BOARD OF COMMISSIONERS. IN NO CASE SHALL AN APPLICATION OR
N BE ACTED UPON IN LESS THAN SIX (6) MONTHS FROM THE DATE OF LAST
E BOARD OF COMMISSIONERS.

TEMPLE Johnson Rd

_____        11/18/2022
operty Owner                              Date

e COUN M ZZAWI
ame and Title

_____        11-18-2022
tary Public                               Date                Notary Seal

5

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## CONFLICT OF INTEREST CERTIFICATION FOR REZONING

The undersigned below, making application for a Rezoning, has complied with the Official Code of Georgia Section 36-67A-1, et. seq, <u>Conflict of Interest in Zoning Actions</u>, and has submitted or attached the required information on the forms provided.

_____   11-20-22   Doug Patten, Director of Land Development
SIGNATURE OF APPLICANT        DATE        TYPE OR PRINT NAME AND TITLE


_____   _____   _____
SIGNATURE OF APPLICANT'S      DATE        TYPE OR PRINT NAME AND TITLE
ATTORNEY OR REPRESENTATIVE

_Ann Achenbach_   11-80-2022
SIGNATURE OF NOTARY PUBLIC   DATE

[Notary Seal: ANN ACHENBACH, COMMISSION EXPIRES AUGUST 05 2024, COBB COUNTY, GA, NOTARY PUBLIC, NOTARY SEAL]

### DISCLOSURE OF CAMPAIGN CONTRIBUTIONS

Have you, within the two years immediately preceding the filing of this application, made campaign contributions aggregating $250.00 or more to a member of the Board of Commissioners or a member of the Gwinnett County Planning Commission?

☐ YES   ☑ NO   Doug Patten  _____
                          YOUR NAME

If the answer is yes, please complete the following section:

| NAME AND OFFICAL POSITION OF GOVERNMENT OFFICIAL | CONTRIBUTIONS (List all which aggregate to $250 or More) | DATE CONTRIBUTION WAS MADE (Within last two years) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Attach additional sheets if necessary to disclose or describe all contributions.

6

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## VERIFICATION OF CURRENT PAID PROPERTY TAXES FOR REZONING

THE UNDERSIGNED BELOW IS AUTHORIZED TO MAKE THIS APPLICATION. THE UNDERSIGNED CERTIFIES THAT ALL GWINNETT COUNTY PROPERTY TAXES BILLED TO DATE FOR THE PARCEL LISTED BELOW HAVE BEEN PAID IN FULL TO THE TAX COMMISSIONER OF GWINNETT COUNTY, GEORGIA. IN NO CASE SHALL AN APPLICATION OR REAPPLICATION FOR REZONING BE PROCESSED WITHOUT SUCH PROPERTY VERIFICATION.

**\*Note: A SEPARATE VERIFICATION FORM MUST BE COMPLETED FOR EACH TAX PARCEL INCLUDED IN THE REZONING REQUEST.**

**PARCEL I.D. NUMBER:**     5th     -   67     - R 5067 003
(Map Reference Number)       District       Land Lot       Parcel

_____          11-20-22
Signature of Applicant                                              Date

Doug Patten, Director of Land Development
_____
Type or Print Name and Title

**\*\*\*PLEASE TAKE THIS FORM TO THE TAX COMMISSIONERS OFFICE AT THE GWINNETT JUSTICE AND ADMINISTRATION CENTER, 75 LANGLEY DRIVE, FOR THEIR APPROVAL BELOW.\*\*\***

### TAX COMMISSIONERS USE ONLY

(PAYMENT OF ALL PROPERTY TAXES BILLED TO DATE FOR THE ABOVE REFERENCED PARCEL HAVE BEEN VERIFIED AS PAID CURRENT AND CONFIRMED BY THE SIGNATURE BELOW)

_____          _____
              NAME                                              TITLE

_____
              DATE

7

*SURVEY LEGAL DESCRIPTION  (TRACT ONE)*

*All that tract or parcel of land lying and being in Land Lot 67 of the 5th District, Gwinnett County, Georgia, and being more particularly described as follows:*

*BEGINNING at an iron pin set (#4 rebar w/cap) located at the intersection of the southwest line of Land Lot 67 which is the common line between Land Lot 62 and 67, and the southwesterly right-of-way of Temple Johnson Road (variable width right-of-way); having thus established the TRUE POINT OF BEGINNING leaving said iron pin and running in a generally northeasterly direction along the southeasterly right-of-way of Temple Johnson Road for the following courses and distances: running thence along a curve to the left for an arc length of 206.39 feet (said arc being subtended by a chord of N79°12'38"E – 202.60 feet and having a radius of 309.91 feet) to a point; thence running N60°11'22"E for a distance of 95.56 feet to a point; thence running N60°07'50"E for a distance of 282.04 feet to a point; thence running along a curve to left an arc length of 220.29 feet (said arc being subtended by a chord of N60°27'12"E – 220.24 feet and having a radius of 3088.21 feet) to a point; thence running N63°37'43"E for a distance of 415.49 feet to a point; thence running N62°40'18"E for a distance of 288.57 feet to an iron pin found (#4 rebar); thence leaving said right-of-way and running S29°54'47"E for a distance of 1120.75 feet to an iron pin found (1" open-top-pipe); thence running S29°54'47"E for a distance of 17.34 feet to a point in the centerline of a creek; thence running in a generally southwesterly direction along the centerline of said creek for the following courses and distance: running thence S77°34'28"W for a distance of 32.55 feet to a point; thence running S83°29'44"W for a distance of 18.53 feet to a point; thence running S59°49'59"W for a distance of 15.21 feet to a point; thence running S43°08'32"W for a distance of 31.50 feet to a point; thence running S36°16'16"W for a distance of 26.90 feet to a point; thence running; S86°39'31"W for a distance of 35.41 feet to a point; thence running S70°35'49"W for a distance of 14.05 feet to a point; thence running S49°21'34"W for a*

distance of 17.75 feet to a point; thence running S85°18'00"W for a distance of 4.63 feet to a point; thence running N83°57'00"W for a distance of 19.75 feet to a point; thence running S31°56'52"W for a distance of 13.31 feet to a point; thence running S71°39'11"W for a distance of 37.29 feet to a point; thence running S69°44'19"W for a distance of 23.82 feet to a point; thence running S51°54'29"W for a distance of 37.53 feet to a point; thence running S54°15'20"W for a distance of 52.26 feet to a point; thence running S82°26'12"W for a distance of 32.03 feet to a point; thence running S86°10'13"W for a distance of 17.86 feet to a point; thence running S62°47'45"W for a distance of 27.21 feet to a point; thence running S43°02'01"W for a distance of 12.59 feet to a point; thence running S34°34'35"W for a distance of 31.18 feet to a point; thence running S55°10'01"W for a distance of 14.24 feet to a point; thence running N87°29'38"W for a distance of 21.04 feet to a point; thence running N67°27'06"W for a distance of 4.56 feet to a point; thence running  S70°52'18"W for a distance of 18.03 feet to a point; thence running S57°37'00"W for a distance of 17.99 feet to a point; thence running  S59°33'33"W for a distance, of 13.31 feet to a point; thence running N79°40'01"W for a distance of 21.80 feet to a point; thence running N80°45'26"W for a distance of 17.73 feet to a point; thence running S69°13'39"W for a distance of 21.35 feet to a point; thence running N66°33'38"W for a distance of 15.14 feet to a point; thence running S59°36'49"W for a distance of 25.12 feet to a point; thence running S87°11'18"W for a distance of 5.30 feet to a point; thence running N59°29'47"W for a distance of 4.57 feet to a point; thence running N39°40'20"W for a distance of 17.90 feet to a point; thence running N55°37'17"W for a distance of 7.32 feet to a point; thence running S39°13'58"W for a distance of 7.40 feet to a point; thence running S36°02'56"W for a distance of 21.62 feet to a point; thence running S63°38'49"W for a distance of 18.75 feet to a point; thence running S32°17'04"W for a distance of 2.28 feet to a point; thence running S10°43'19"E for a distance of 2.62 feet to a point; thence running S12°51'34"W for a distance of 17.10 feet to a point; thence running S53°54'39"W for a distance of 8.57 feet to a point; thence running N46°48'31"W for a distance of 5.85 feet to a point; thence running N56°31'08"W for a distance

of 6.16 feet to a point; thence running S38°26'10"W for a distance of 7.04 feet to a point; thence running S42°46'05"W for a distance of 17.69 feet to a point; thence running N83°03'22"W for a distance of 12.82 feet to a point; thence running S66°26'59"W for a distance of 15.03 feet to a point; thence running S49°45'41"W for a distance of 9.35 feet to a point; thence running S69°36'13"W for a distance of 7.73 feet to a point; thence running N53°50'34"W for a distance of 7.94 feet to a point; thence running N52°55'27"W for a distance of 10.80 feet to a point; thence running N72°49'49"W for a distance of 15.61 feet to a point; thence running N85°40'10"W for a distance of 9.59 feet to a point; thence running S30°56'02"W for a distance of 7.88 feet to a point; thence running S22°14'19"W for a distance of 20.54 feet to a point; thence running S14°54'39"W for a distance of 8.20 feet to a point; thence running S01°09'45"E for a distance of 14.29 feet to a point; thence running S23°50'31"W for a distance of 14.70 feet to a point; thence running S36°56'59"W for a distance of 33.04 feet to a point; thence running S36°16'29"W for a distance of 35.02 feet to a point; thence running S51°24'28"W for a distance of 23.97 feet to a point; thence running S50°06'54"W for a distance of 13.28 feet to a point; thence running S75°30'01"W for a distance of 10.82 feet to a point; thence running N53°51'27"W for a distance of 9.03 feet to a point; thence running S65°13'34"W for a distance of 10.10 feet to a point; thence running S52°21'13"W for a distance of 18.74 feet to a point; thence running S67°29'17"W for a distance of 24.81 feet to a point; thence running S55°29'29"W for a distance of 24.48 feet to a point; thence running S46°16'25"W for a distance of 5.76 feet to a point; thence running S86°01'57"W for a distance of 7.73 feet to a point; thence running S89°22'14"W for a distance of 15.02 feet to a point; thence running S60°39'02"W for a distance of 9.80 feet to a point; thence running S38°31'40"W for a distance of 23.25 feet to a point; thence running S45°49'39"W for a distance of 11.16 feet to a point; thence running S66°31'13"W for a distance of 6.26 feet to a point; thence running S62°46'56"W for a distance of 28.65 feet to a point; thence running S65°19'24"W for a distance of 15.16 feet to a point; thence running S42°48'56"W for a distance of 27.55 feet to a point; thence running S12°46'44"W for a

distance of 8.52 feet to a point; thence running S59°5322"E for a distance of 8.32 feet to a point; thence running N87°55'43"E for a distance of 14.58 feet to a point; thence running S47°13'19"E for a distance of 14.12 feet to a point; thence running S28°48'42"W for a distance of 13.53 feet to a point; thence running S86°10'50"W for a distance of 15.96 feet to  point; thence running N89°18'41"W for a distance of 10.74 feet to a point; thence running S54°52'18"W for a distance of 18.24 feet to a point; thence running S69°08'10"W for a distance of 41.79 feet to a point; thence running S70°07'36"W for a distance of 24.16 feet to a point; thence running S47°23'55"W for a distance of 21.19 feet to a point; thence running S59°56'50"W for a distance of 36.75 feet to a point; thence running S57°24'43"W for a distance of 38.88 feet to a point; thence running S76°10'41"W for a distance of 14.14 feet to a point; thence running S53°56'54"W for a distance of 13.22 feet to a point; thence running S42°46'27"W for a distance of 43.21 feet to a point; thence running S19°32'51"W for a distance of 13.71 feet to a point; thence running S15°00'26"E for a distance of 13.25 feet to a point; thence running S07°53'41"E for a distance of 18.10 feet to a point; thence S34°19'00"W for a distance of 22.65 feet to a point; thence S53°48'01"W for a distance of 10.78 feet to a point; thence leaving said centerline of creek and running N28°30'31"W for a distance of 20.00 feet to an iron pin set (#4 rebar w/cap); thence running N28°30'.31"W for a distance of 1252.36 feet to an iron pin set (#4 rebar w/cap) which is the **TRUE POINT OF BEGINNING**. Said Tract One contains ±38.892 acres (±1,694,154 sq. ft.).



ALTA/NSPS LAND TITLE SURVEY FOR:
DAVID PEARSON COMMUNITIES







*TYPICAL HOUSE LAYOUT*

(50' MIN.)

PATIO

LOT LINE

5' SIDE BUILDING SETBACK

PROP. DRIVEWAY

PROP. STREET TREE 3" CALIPER (TYP) (SEE TREE REPLACEMENT PLAN FOR DETAILS)

PROP. 4' SIDEWALK (SEE NOTE BELOW)

DRIVEWAY WIDTH: 16'

25' B/L

PROP. HOUSE

125.0'

MIN. TWO CAR GARAGE

SODDED FRONT YARD

ALL GRASSED AREAS TO BE SODDED

DRIVEWAY LENGTH: 25' (MEASURED TO SIDEWALK)

PROP. STREET 50' A.E./U.E.

THE MIN. FLOOR AREA PER DWELLING UNIT SHALL BE 1,800 S.F. FOR TWO- BEDROOM (LIMITED TO 25 PERCENT OR LESS OF THE TOTAL UNITS), 2,000 SQUARE FEET FOR THREE-BEDROOM HOMES AND 2,300 SQUARE FEET FOR FOUR BEDROOM HOMES.

HOMES SHALL BE CONSTRUCTED ON ALL FOUR SIDES WITH BRICK, STONE, OR OTHER LOW MAINTENANCE MATERIALS, WITH A MINIMUM TWO-FOOT BRICK OR STONE WATER TABLE. FINAL BUILDING ELEVATIONS SHALL BE SUBJECT TO THE REVIEW AND APPROVAL OF THE DIRECTOR OF PLANNING AND DEVELOPMENT.

ALL DWELLINGS SHALL HAVE A MINIMUM TWO CAR GARAGE.

MIN. LOT WIDTH PROPOSED IS 50.0'

ARCHITECTURAL ELEVATIONS FOR ALL LOTS SHALL BE SUBMITTED FOR DIRECTOR'S APPROVAL PRIOR TO ISSUANCE OF BUILDING PERMITS.

UNDERGROUND UTILITIES REQUIRED.

SIDEWALKS LOCATED ALONG TEMPLE JOHNSON ROAD WILL BE 5' WIDE.









TO THE BOARD OF COMMISSIONERS

GWINNETT COUNTY, GEORGIA

## PRESERVATION OF RIGHT TO APPEAL AND NOTICE OF CONSTITUTIONAL CHALLENGE TO ZONING

COMES NOW, DAVID PEARSON COMMUNITIES, hereinafter referred to as the "Applicant" and for itself and/or acting on behalf of the Owner, asserts the following, to wit:

1.

By filing the Application to which this exhibit relates, Applicant has applied for rezoning of certain real property lying and being in Gwinnett County, Georgia, a more particular description and delineation of the subject property, hereinafter referred to as the "Property", being set forth in said Application.

2.

The Application for Map Amendment of the property seeks a rezoning from the existing category of R-100, as established by the governing authority of Gwinnett County, Georgia to the zoning category of R-SR with the requested density. (hereinafter "Requested Zoning").

3.

The current R-100 zoning classification of the Property and all intervening classifications between same and the Requested Zoning are unconstitutional in that

they deprive the Applicant under and pursuant to Article 1, Section I, Paragraphs I and II of the Georgia Constitution of 1983 and the Equal Protection and Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.   This deprivation of property without due process violates constitutional prohibitions against the taking of private property without just compensation.

4.

The zoning classifications of R-100 and all intervening classifications between same and the Requested Zoning as they presently exist violate the Applicant's right to the unfettered use of the Property in that the existing zoning classification does not bear a substantial relation to the public health, safety, morality or general welfare and is, therefore, confiscatory and void.  Further, said classifications are unconstitutional in that they are arbitrary and unreasonable, resulting in relatively little gain or benefit to the public, while inflicting serious injury and loss upon the Applicant.

5.

The Gwinnett County Unified Development Ordinance is further unconstitutional in that the procedures contained therein pertaining to the public hearing held in connection with zoning applications also violates the aforementioned constitutional provisions in that said procedures contain the lack of

procedural and evidentiary safeguards, do not restrict evidence received to the issues at hand and are controlled wholly and solely by political considerations rather than the facts and considerations required by law.

6.

Pursuant to O.C.G.A. §§ 36-11-1 and other applicable law, please consider this your notice that as of today's date the Owner/Applicant is contending that the County's unconstitutional zoning classifications of the property has caused damages to the Owner/Applicant.    As a direct and proximate result of the unconstitutional zoning classifications, the Owner/Applicant has suffered and will continue to suffer monetary damages in the nature of attorneys' fees and costs, interest and other expenses on pending loans on the property, loss of income from the property and other related damages.  To comply with recent changes in Georgia law, an amount of $1,000 per day is identified.   While this amount cannot be calculated to an exact certainty; the Owner/Applicant will assist the County by providing whatever additional information, if any, the County feels is necessary to adequately investigate this claim.  If the Owner/Applicant does not receive a timely request for additional information, it will be presumed that the County does not require any additional information and can make a determination within the allowed statutory period.

Respectfully submitted, this the 28th day of November, 2022.

DAVID PEARSON COMMUNITIES

By:

*Doug Patten*

Doug Patten, Director of Land Development

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING CHECKLIST

The following is a checklist of information required for submission of a Rezoning application. The Planning and Development Department reserves the right to reject any incomplete application.

☐ Application Form

☐ Legal Description

☐ Boundary Survey Including Existing Conditions

☐ Site Plan (one (1) digital copy to scale)

☐ Standards Governing Exercise of the Zoning Power

☐ Letter of Intent

☐ Applicant Certification with Notarized Signature

☐ Property Owner Certification with Notarized Signature

☐ Conflict of Interest Certification/Campaign Contributions

☐ Verification of Paid Property Taxes (most recent year)

☐ Application Fee – make checks payable to Gwinnett County

**<ins>Additional Exhibits (if required):</ins>**

☐ Additional site plan requirements for OSC, TND, R-SR, R-TH, MU-N, MU-C, MU-R and HRR rezoning requests

☐ Traffic Impact Study

☐ Review Form for Development of Regional Impact

☐ Building Compliance Inspection Report

**Please bring this checklist when filing for a Rezoning**

8

# EXHIBIT B



Gwinnett County
# Comprehensive
# Housing Study
## 2022

Gwinnett

**March 28, 2022**

Gwinnett County Comprehensive Housing Study



**Gwinnett County Comprehensive Housing Study**

## Credits and Acknowledgments

### Gwinnett County Board of Commisioners
- Nicole Love Hendrickson, Chairwoman
- Kirkland Carden, District 1 Commissioner
- Ben Ku, District 2 Commissioner
- Jasper Watkins III, District 3 Commissioner
- Marlene Fosque, District 4 Commissioner

### Gwinnett County Planning and Development Staff
- Susan Canon, Director
- Matthew Dickison, AICP, Assistant Director
- Cyndi Sloan, Planning Division Director

### Housing Study Working Group
- Glenn Stephens, County Administrator
- Maria Woods, Deputy County Administrator
- Roman Dakare, Economic Development Director
- Theresa Cox, Deputy County Attorney

### Planning Advisory Committee
- Erik Osetkowski
- James Pugsley
- Gabrielle Cazeau
- Catherine Long
- Logan Witter
- Rebecca Shelton
- Tai Yi Su
- Rick Reagan
- Srinivas Jalla
- Daniel Piotrowski
- Vince Edwards
- Antonio Liu
- Shannon Candler
- Regina Miller
- Jeremy Vanoy
- Carion Marcelin
- Roman Dakare
- Russell Royal

### Housing Study Consultant Team
**KB Advisory Group**
- Geoff Koski, President
- Jonathan Gelber, Vice President & Project Director
- Alex Seidenberg, Project Lead

**Pond & Company**
- Eric Lusher, AICP Director of Planning
- Lauren Blaszyk, AICP Project Manager
- Rebecca Hester, Senior Planner
- Johnathan Corona, Planner II

### Community Partners
- City of Auburn
- City of Berkeley Lake
- City of Braselton
- City of Buford
- City of Dacula
- City of Duluth
- City of Grayson
- City of Lawrenceville
- City of Lilburn
- City of Loganville
- City of Norcross
- City of Peachtree Corners
- Town of Rest Haven
- City of Snellville
- City of Sugar Hill
- City of Suwanee
- Braselton CID
- Evermore CID
- Gateway85 CID
- Gwinnett Place CID
- Lilburn CID
- Sugarloaf CID
- Gwinnett County Chamber of Commerce
- Partnership Gwinnett
- Northeast Atlanta Metro Association of Realtors
- Atlanta Apartment Association
- Gwinnett County Public Schools
- Enterprise Community Partners
- Gwinnett Habitat for Humanity
- HomeFirst Gwinnett
- United Way
- Buford Housing Authority
- Gwinnett Housing Corporation
- Lawrenceville Housing Authority

Gwinnett County Comprehensive Housing Study

Gwinnett County Board of Commissioners

**Vision, Mission, & Values**

**Vision**

Gwinnett is the preferred community where everyone thrives!

**Mission:**

Gwinnett proudly supports our vibrantly connected community by delivering superior services.

**Values**

- **Integrity:** We believe in being honest, building trust, and having strong moral principles.
- **Accountability:** We believe in stewardship, transparency, and sustainability.
- **Equity:** We believe in fairness and respect for all.
- **Inclusivity:** We believe in engaging, embracing, and unifying our communities.
- **Innovation:** We believe in continual adaptation of technology, process, and experience.



**Gwinnett County Comprehensive Housing Study**

## Table of Contents

**Executive Summary**                                          **1**

**Introduction**                                               **11**

**Community Housing Priorities**                               **15**

**Review of Existing Housing Plans and Policies**              **23**

**Trends Driving Housing Demand**                              **37**

**Baseline Conditions**                                        **47**

**Housing Demand Forecast**                                    **109**

**Housing Gap Analysis**                                       **127**

**Emerging Themes and Strategies**                             **137**



Gwinnett County Comprehensive Housing Study





Executive Summary

Gwinnett County Comprehensive Housing Study

**Executive Summary**

## Housing Study Overview

### Purpose

The purpose of this Comprehensive Housing Study is to deliver data-driven analysis and findings to decision-makers in Gwinnett County. The 2040 Unified Plan, which provides a blueprint for the county's growth and development over the next two decades, recognized the need to study Gwinnett County's housing inventory and housing needs to guide future planning efforts. Developed in close collaboration with Gwinnett County staff, leadership, and community partners, this study presents a clear picture of current housing assets and future housing needs. It also offers a range of solutions to address the critical housing issues that will challenge Gwinnett in the coming years and decades.

### Project Process and Oversight

This study was initiated in August 2020. An internal Project Management Team composed of Gwinnett County Planning and Development Department members managed the study process. In addition, an Internal Project Advisory Committee, consisting of members from various County Departments, reviewed draft findings and deliverables.

The Project Management Team and the Project Advisory Committee confirmed three major objectives for this Housing Study, including:

- To identify the essential characteristics of Gwinnett's housing inventory, demographics, and housing needs;
- To deliver data-driven findings regarding housing supply and demand in Gwinnett to the Board of Commissioners; and
- To analyze housing-related data and findings in a way that helps Gwinnett provide safe and diverse housing opportunities to meet the needs of current and future residents.

### Community Priorities

This Housing Study is the product of extensive coordination with experienced decision-makers and partners in the Gwinnett housing community. The process involved a wide range of perspectives, identifying established community goals, and verifying trends and issues revealed by data and research.

The study team conducted an extensive series of interviews and conversations with a wide range of Gwinnett's housing partners to expand the team's understanding of the supply, demand, management, operations, and regulation of housing in Gwinnett County. These stakeholders included:

- Gwinnett Municipalities and Community Improvement Districts (CIDs);
- Nonprofits and Service Providers;
- Housing Authorities; and
- Community and Business Partners.

### Review of Existing Housing Plans and Policies

Most of the community housing priorities that shape this study were articulated through the extensive community planning process that resulted in the Gwinnett 2040 Unified Plan. Adopted in February 2019, this plan serves as the County's official Comprehensive Plan. It considers the interrelated nature of several key community elements, including infrastructure, economic development, land use, and housing. The role of housing in the community is a constant thread throughout the Unified Plan. It recognizes that broad changing nationwide trends in the housing marketplace have resulted in a much more complex housing environment, demanding increased attention and resources.

This study also builds upon a strong foundation of planning and visioning studies from Gwinnett's municipalities. It was essential to understand and incorporate the vision and findings of those plans and studies into this housing assessment.

This study also builds upon Gwinnett's municipalities' strong foundation of planning and visioning studies. Plans reviewed include:

- Six Countywide plans, including Gwinnett County's 2040 Unified Plan;
- 14 local comprehensive plans completed between 2018 and 2020; and
- 16 corridor studies, downtown, town center, or small area plans.



**Executive Summary**

# Trends Driving Housing Demand

Demand for housing is driven by demographic cycles. Most of the time, decisions to change homes- whether to move out on one's own, buy or rent a new home, or move to a different home- are driven by major life milestones like births, marriages, and graduations.

The Gwinnett County that we see today was largely shaped by the demographic, social, and economic trends that defined American growth in the 1970s, 1980s, and 1990s. Over the last 20 years, the United States has begun to see significant shifts in the trends that drive housing development.

Changes to how people choose to marry and have children, changes to health care and longevity, changes to the workplace and economic environment, and external factors have redefined the way people around the world, and in Gwinnett County, think about housing. The next 20 years of housing will be very different from the last 50.

**Families**

Compared to previous generations, people today are waiting much longer to form family households. They are also more likely than previous generations to choose not to get married or have children. Some of these shifts include:

- **Marriages:** Since 1960, the average age of first marriage in the United States has increased from 20 to nearly 28 years old for women and 23 years old to almost 30 years old for men.
- **Births:** The mean age of mothers in the United States at first birth has increased substantially from 21.5 in 1970 to 27.8 in 2018.

**Aging**

Gwinnett's population is aging. The aging of the large Baby Boomer generation, aged 58 to 76 in 2022, along with improved health and longevity, will have an enormous impact on population distribution. The 2020-2040 population forecast shows that all age groups are going to expand, but that growth will be the most dramatic among older residents, including:

- From 2020 to 2040, the 65+ age group will increase from 11% to 21.5% of Gwinnett's total population.
- The 80+ age group will increase nearly five-fold, from 21,000 to 99,000.

**The Economy**

It is more complicated and difficult than it used to be for people, especially young and lower-income people, to save for down payments and qualify for mortgages. Factors impacting access to home finance include:

- Rapidly increasing home prices since 2011;
- Modest real wage growth for the past 20 years;
- Tighter lending standards; and
- Reduced household savings.

Personal debt in the U.S., led by burgeoning student loan debt, has increased from $200 billion to $1.5 trillion in less than 20 years. This debt makes it harder for young people to save for down payments and qualify for mortgages.

**Housing Supply Challenges**

For more than ten years, the United States has not been producing enough housing to meet nationwide demand. This has let to a chronic under-supply of housing nationwide.

These demographic, economic, and consumer shifts have combined to create demand for housing that is fundamentally different from the past.

These shifts in the housing market will be a major consideration in modeling the future demand for housing in Gwinnett. The decisions households and individuals make over the next 20 years are likely to be significantly different than those of past decades.

Gwinnett County will likely see:

- Fewer large, single-family, owner occupied homes;
- More households without children;
- More small households (one or two people);
- More demand for rental homes;
- More interest in towns, mixed-use areas, and walkable development; and
- More demand for affordable and workforce housing.

Gwinnett County Comprehensive Housing Study

**Executive Summary**

## Baseline Conditions

### Population

Gwinnett's population has transformed dramatically over the past 50 years. In 1970, Gwinnett had 73,664 residents; today, Gwinnett has 957,062 residents.

### Employment

In 2020, an estimated 362,650 jobs were located in Gwinnett County. Overall, Gwinnett County's employment sectors are diversified and well-rounded, offering robust opportunities across a wide range of sectors, skill levels, and wages.

### Housing Growth

Gwinnett County began as a sparsely populated rural community, with an estimated 12,000 housing units in 1960. Next came 40 years of consistent, strong housing growth to accommodate a dramatic surge in population. During the 1970s and 1980s, at the peak of this growth pattern, annual housing growth topped 9%.

Through the 1980s, 1990s, and 2000s, Gwinnett added approximately 8,000 net new housing units each year. This housing boom was disrupted by the 2008 economic recession. The decade of 2010-2020 produced an average of just 3,620 new housing units per year, less than half that of decades prior.

### Housing Inventory

Gwinnett County currently has 330,583 housing units, including:

- Nearly 230,000 single-family detached homes (69%);
- Over 15,000 (5%) townhomes;
- Over 61,000 (21%) apartments and small multifamily rental units; and
- 8,720 other units, including mobile homes, RVs, senior housing, and other unconventional housing types.

### Age of Housing

The first generation of Gwinnett's homes are now reaching maturity. Increased demand for homes, combined with diminishing vacant land for new home construction, will accelerate the replacement of obsolete homes in coming decades.

Gwinnett has more than 137,000 housing units that were built before 1990. These units will be more than 50 years old by 2040 and will become ripe for replacement, renovation, or redevelopment over the next 20 years.

### Housing Costs

Home prices and rental rates have increased 50% since 2010. The past two years have seen particularly sharp increases in both home sale prices and rental rates. Virtually no new housing units are being built that are affordable to households earning $50,000 or less annually, which represents approximately 1/3 of Gwinnett's households. At the same time, rising prices and low supply of new housing units have made many existing historically lower-cost housing units more expensive and less attainable.

| Gwinnett Housing Units by Type, 2020 | |
| --- | --- |
| **Housing Units by Type** | **Gwinnett County Total** |
| **Single-family** | |
| Single-family | 229,607 |
| Townhome | 15,351 |
| **Multifamily** | |
| Duplex, Triplex, Quadraplex | 6,651 |
| Apartment | 61,443 |
| Condominium | 8,811 |
| **Other** | |
| Mobile Home & RV | 3,423 |
| Senior & Special Needs | 5,297 |
| **Total** | **330,583** |

4

 Gwinnett

**Executive Summary**

## Housing Demand Forecast

A housing demand forecast model was developed to understand and forecast the dynamics of Gwinnett County's housing needs over the coming decades.

The housing demand forecast model is based on Gwinnett County's demographic profile which includes data such as mortality, age of householder, household income, housing type, tenure (owner or renter), household size, propensity to move, and other demographic and housing characteristics.

The demand forecast model projects future household growth and housing demand based on a population forecast of 1,425,000 Gwinnett County residents in 2040. This forecast is derived by averaging two population forecast scenarios: The Gwinnett 2040 Unified Plan forecast of 1.56 million in 2040 and a continuation of Gwinnett's average 2000-2020 growth pattern, which places the 2040 population at 1.29 million.

The model predicts that Gwinnett County (including all municipalities) is forecast to experience demand for over 15,000 new or replacement housing units per year, on average, over the next 20 years.

In terms of unit type, this means Gwinnett is forecast to experience average annual demand for:

· Over 8,900 single-family detached homes;
· Nearly 2,800 townhomes; and
· Over 3,300 multifamily housing units.

The demand model forecasts that unincorporated Gwinnett County alone will experience an average annual demand for over 12,000 new and replacement housing units.

In terms of unit type, Gwinnett County (including all municipalities) is forecast to experience average annual demand for:

· Over 7,200 single-family detached homes;
· Over 2,200 townhomes; and
· Over 2,700 multifamily housing units.

Based on this forecast, unincorporated Gwinnett County will capture 81% of all Gwinnett County demand.

**Average Annual Housing Demand: Unincorporated Gwinnett and Gwinnett Municipalities, 2020-2040**



Gwinnett County Comprehensive Housing Study

## Executive Summary

Overall demand for housing units in Gwinnett County comes from two sources, including:

- **Replacement housing units:** housing units that replace existing units.
- **Net new housing units:** housing units that increase the overall number of housing units in the county.

Counts of **total housing** unit demand in this study include both replacement housing and net new housing units.

The housing demand model forecast of 15,091 total housing units annually in Gwinnett County includes:

- 5,383 replacement housing units (36% of all units) and
- 9,708 net new housing units (64% of all units).

It is essential to track both of these sources of housing demand for the following reasons:

- Most metrics used to count housing units, such as building permits or housing starts, account for all housing units regardless of whether they are replacing an existing unit.
- When planning for the impact of new housing units

on infrastructure and public services only net new housing units should be considered.

The demand forecast also includes detailed analysis and tables that break down demand by age, income level, household type, and municipality.

**Important Note**

- This housing demand forecast does not represent requirements or recommendations that any particular amount of housing should be built or permitted. It is only an analysis of supply and demand based on assumptions.
- This housing demand forecast represents all housing units, not just net new housing units.
- This housing demand forecast is based on recent demographic, social, and economic trends that could change in the near or distant future.
- This housing demand forecast does not consider any new policies or other programs the County might introduce that could impact overall future demand.

### Schematic of the Gwinnett County Housing Demand Model







**Executive Summary**

## Housing Gap Analysis

The housing gap analysis considers the difference between housing supply and housing demand. Questions addressed include:

- How many new housing units will likely be built each year (including net new and replacement housing units)?
- What types of housing units will likely be built?
- At what price points will they likely be sold or rented?
- What type and price of housing will be demanded by Gwinnett's future households 2020-2040?

**Housing Supply**

In Gwinnett County, like most of the Unites States, the supply of new housing has been constrained since 2007. Housing supply in Gwinnett County has dropped from approximately 8,000 housing units per year (annual average over 30 years from 1980 to 2010) to 3,560 units per year. These 3,560 units per year were composed of the following:

- 63% single-family detached homes;
- 15% townhomes; and
- 22% multifamily units.

In terms of affordability, Gwinnett's annual housing supply breaks down as follows:

- 39% priced for higher-income households;
- 59% priced for middle-income households; and
- 2.5% priced for lower-income households.

**Housing Demand**

Based on the forecast model, Gwinnett County can expect to see annual demand for approximately 15,000 new housing units per year (replacement and net new), on average, over the next 20 years.

In terms of unit type, this includes average annual demand for:

- Nearly 9,000 single-family detached homes (59%);
- Nearly 2,800 townhomes (18%); and
- More than 3,300 multifamily units (22%).

In terms of household incomes and housing affordability, annual demand breaks down as follows:

- 40% for higher-income households;
- 32% for middle-income households; and
- 28% for lower-income households.

**Housing Gap**

Gwinnett is showing a significant mismatch between demand for housing and the supply of new housing units delivered.

The demand model predicts that current and future Gwinnett residents would buy or rent over 15,000 new housing units each year if they were provided at attainable prices for those buyers and renters.

Over the past ten years, Gwinnett's housing market has delivered an average of just 3,560 new housing units each year, meeting just 24% of demand.



Average annual delivery of 3,560 new housing units, 24% of demand

Average annual gap of 11,531 units of unmet housing demand, 76% of demand

■ Annual Supply    □ Annual Unmet Demand

The gap between demand and supply is most stark in terms of the relationship between household incomes and the pricing of new housing units.

The current housing market is delivering just 2.1% of demand for new housing units that are affordable to households earning $50,000 (which sell for $150,000 or less or rent for $1,250 or less). The housing gap is smaller but still significant for middle, and upper-income households, with 43% of middle-income demand met and 23% of higher-income demand met.

Gwinnett County Comprehensive Housing Study

**Executive Summary**

## Emerging Themes

Themes emerged from the data, research, analysis, and discussions that make up this Housing Study process. These themes define the housing challenges and opportunities Gwinnett will face over the next 20 years. Managing growth, adapting to housing demand, understanding supply constraints, expanding limited housing choices, and addressing aging housing stock will be the primary housing-related issues of the future. These themes will undoubtedly impact all Gwinnett residents in all areas and phases of life, both now and in the future.

**Continuing Growth**

Gwinnett County will continue to face intense population growth pressure over the next 20 years. The county is expected to grow by an estimated 450,000 new residents by 2040. Even though Gwinnett's growth rate is relatively low compared to the "boom years" between 1970 and 2000, the population growth is just as significant in terms of absolute numbers. The growth of both residents and housing units will add corresponding demand for infrastructure and services.

**Increased Housing Demand**

Gwinnett will see demand for approximately 15,000 new housing units per year over the next ten years. Demand for single-family detached housing will remain strong, particularly for upper-middle and upper-income level households. As land becomes scarcer and more expensive, it will become more difficult for the market to continue to deliver housing based on Gwinnett's historic suburban development patterns.

**Limited Housing Choices**

Changing housing trends, particularly smaller households and lower-income households point toward demand for an increasingly diverse assortment of housing types. In many places in the United States including Gwinnett County, long-standing zoning and land use regulations, building codes, community opposition, economic conditions, and other factors combine to channel housing production into just a few types: single-family detached homes, townhomes, large apartment communities, and senior housing communities. Many housing types, commonly referred to by the collective term "Missing Middle Housing," are not produced in Gwinnett in significant numbers. These housing types could potentially provide a more diverse housing inventory

**Aging Housing Stock**

The rehabilitation and replacement of Gwinnett's aging housing stock is a concern that will become more urgent with time. 35% of future housing demand demand will come from replacing existing, aging, and potentially physically or economically obsolete housing units. While these units will not necessarily add further demand on County infrastructure and services, they must be accounted for in terms of their impact on planning, zoning, and permitting.

**Rising Housing Prices and Affordability**

Access to and supply of affordable and workforce housing is the single biggest housing issue that Gwinnett faces. Since 2015, costs among all housing types in Gwinnett have risen rapidly. New housing in Gwinnett is priced primarily toward the middle and upper end of the income spectrum. Rising housing costs, and a limited supply of new lower-cost units, have resulted in an acute housing shortage for households earning less than $50,000 per year. As moderate and lower-income household demand grows in the coming years, and few new lower-cost units are added, access to affordable and workforce housing will become even more limited.

## Strategies

The housing market is complicated and responds to a wide range of economic, fiscal, social, and regulatory stimuli. Some of these stimuli can be influenced or managed locally by Gwinnett County, while most can not. Most national economic and demographic factors are out of the purview of Gwinnett County. Some issues can be improved or influenced by Gwinnett County indirectly through priorities, subsidies, or support programs. Other issues, such as zoning and land-use policy, fall directly under the purview of the County.

The strategies that follow can address the housing issues faced by Gwinnett County. They involve various levels of administrative, financial, and regulatory commitments. These strategies have been deployed successfully by other governments in the United States facing similar housing issues. Gwinnett County elected officials and staff should consider adopting some or all of these strategies to address the issues identified in this study.

 Gwinnett

**Executive Summary**

## Strategies

**Strategy 1: Establish Gwinnett County housing goals and priorities.**
- The first step towards defining strategies, policies, and investments to address Gwinnett's housing future is to establish community housing goals and priorities.
- These goals and priorities will set the framework for all subsequent strategies to address the County's future housing opportunities and challenges.

**Strategy 1: Support and develop organizational infrastructure.**
- Enhance the number and organization of Gwinnett County staff dedicated to housing issues and programs.
- Organize an inter-jurisdictional countywide housing task force.
- Expand the scope of the Gwinnett Housing Authority.
- Consider refining the scope and focus of the County's existing authorities.

**Strategy 2: Review current zoning and land use regulations for potential housing related amendments.**
- Identify and reduce barriers to affordable and "Missing Middle Housing" construction.
- Identify and reduce regulatory and approval barriers to housing development where deemed appropriate through comprehensive planning.

**Strategy 3: Leverage public land ownership and development priorities to promote affordable and workforce housing.**
- Explore the use of a land bank or community land trust to promote housing priorities including affordable and workforce housing.
- Leverage public land ownership and regulatory control in major public development initiatives to promote housing priorities.
- Develop programs to incentivize market-rate, workforce, and affordable housing development in strategic locations.
- Prioritize public expenditure on public infrastructure projects that support housing priorities.
- Link public grants, subsidies, and abatements to housing priorities.
- Incentivize housing development in targeted redevelopment areas.

**Strategy 4: Expand housing affordability to improve access to housing for low and moderate-income households.**
- Identify and address regulatory barriers to affordable housing development.
- Consider waiving fees, expediting permitting processes, or offering density bonuses for projects that support housing priorities.
- Partner with development authorities to implement or incentivize projects that support housing priorities.
- Subsidize and prioritize housing (both market-rate and affordable) in areas where higher intensity development is encouraged.
- Create and fund a housing opportunity bond for programs that expand access to housing.
- Work with the Georgia Initiative for Community Housing (GICH) to develop and manage programs that expand access to housing.
- Provide access to educational resources to help individuals and families manage housing issues and access housing programs and resources.
- Provide grants, loans, TAD funding, or other funding through development authorities for projects that support housing priorities.

**Strategy 5: Preserve and maintain Gwinnett's existing affordable and lower-cost housing stock.**
- Identify properties in need of rehabilitation.
- Support rehabilitation of sub-standard housing and provide funding and coordination for rehabilitation programs.
- Enhance code enforcement capacity.

**Strategy 6: Sponsor and support housing stability.**
- Assist low-income homebuyers with down payment assistance and closings costs.
- Consider policies to address non-income-based barriers to housing accessibility.
- Increase access to housing for unhoused individuals.
- Monitor the activities of institutional investors in the single-family rental market.
- Monitor extended stay motels and address public safety issues.



# Gwinnett County
## Comprehensive Housing Study

**ARC Briefing**
March 9, 2022



KB ADVISORY GROUP



Gwinnett



Gwinnett

# Background



## Housing study background and project oversight

- Study initiated in August 2020

- Study process managed by an internal Project Management Team composed of members from the Planning and Development Department

- Draft deliverables reviewed by an internal Project Advisory Committee composed of members from various County Departments

- Project Scope expanded in early 2021 to augment aggregate County data with detailed municipal and unincorporated Gwinnett County data and analysis



Gwinnett

# Purpose

## Top priorities of the study

- Identify the essential characteristics of Gwinnett's housing inventory, demographics, and housing needs

- Deliver data-driven findings regarding housing supply and demand in Gwinnett to the Board of Commissioners

- Analyze housing-related data and findings in a way that helps Gwinnett provide safe and diverse housing opportunities to meet the needs of current and future residents

- Provide housing data and analysis to inform Gwinnett elected officials, administration, and staff for future planning and budgeting activities





# Demographic Trends

## Gwinnett County Population History and Forecast

**Gwinnett's population has transformed dramatically over the past 50 years.**

- In 1970, Gwinnett had **73,664** residents;

- Today, Gwinnett has **957,062** residents; and

- The housing study's demand model is based on a forecast of **1,425,000** residents in 2040, derived from the 2040 Unified Plan.

Gwinnett 2040 Plan (High)
2040 Population: 1.23 Mil.
2021 Population: 1.56 Mil.

**Housing Plan Forecast (Average**
2030 Population: 1.16 Mil.
2040 Population: 1.425 Mil.

**20-Year Growth Trend (Low)**
2030 Population: 1.12 Mil.
2040 Population: 1.29 Mil.

1,560,000

1,425,000

1,290,000

1,231,810

1,120,149

972,662

**957,062**

808,274

595,584

356,979

169,432

73,664

2,000,000
1,800,000
1,600,000
1,400,000
1,200,000
1,000,000
800,000
600,000
400,000
200,000
0

1960  1970  1980  1990  2000  2010  2020  2030  2040  2050  2060

Source: Gwinnett County Unified Plan 2040, US Census, KB Advisory

Gwinnett

# Baseline Conditions: Housing Supply



## Gwinnett County: Total Housing Units by Year 1960-2020

**1960s**
8.1%
Growth
+1,168/yr.

**1970s**
9.5%
Growth
+3,136/yr.

**1980s**
9.6%
Growth
+7,944/yr.

**1990s**
4.3%
Growth
+7,648/yr.

**2000s**
3.4%
Growth
+8,240/yr.

**2010s**
1.3%
Growth
+3,620/yr.

Great Recession

Gwinnett

350,000
300,000
250,000
200,000
150,000
100,000
50,000
0

1960   1970   1980   1990   2000   2010   2020

Source: US Census, Decennial & ACS



# Baseline Conditions: Housing Supply

## Housing Inventory

- 330,583 Units - All Gwinnett
- 241,328 Units - Unincorporated

**Gwinnett (Unincorporated only)**

- 69% Single-Family (74%)
- 5% Townhome (3%)
- 19% Apartment (17%)
- 3% Condominium (2%)

## Gwinnett County Housing Units by Type



| Housing Units by Type | Gwinnett Municipalities | Unincorporated Gwinnett | Gwinnett County Total |
|---|---|---|---|
| **Single-family** | | | |
| Single-family | 51,862 | 177,745 | 229,607 |
| Townhome | 7,122 | 8,229 | 15,351 |
| **Multifamily** | | | |
| Duplex, Triplex, Quadraplex | 2,819 | 3,832 | 6,651 |
| Apartment | 20,658 | 40,785 | 61,443 |
| Condominium | 3,241 | 5,570 | 8,811 |
| **Other** | | | |
| Mobile | 963 | 2,460 | 3,423 |
| Senior & Special Needs | 2,590 | 2,707 | 5,297 |
| **Total** | 89,255 | 241,328 | 330,583 |
| | | | |
| People Living in Group Quarters | | | 4,347 |
| Homeless (2019, "Point in Time") | | | 282 |
| Shelter Beds | | | 397 |

Gwinnett

# Baseline Conditions: Housing Supply

## Home prices and rental rates have increased dramatically over the past 10 years.



### Average Home Sale Price, Gwinnett County 2000–2021
(Single Family, Townhome & Condo; New & Existing; Blended)

$328,189

$134,695
10 Years ago

$130,176
Low

Source: Zillow Research Home Value Index

### Average Apartment Rent, Gwinnett County 2000–2021

$1,523

$828
10 Years ago

$815
Low

Source: CoStar, Inc.

Gwinnett



Gwinnett

# Baseline Conditions: Housing Supply

## Affordability: Single-Family Homes

One-third of Gwinnett households earn less than $50,000.

A household with $50,000 in household income could reasonably afford a house of up to $200,000*.

In Gwinnett, no new homes are being built at this price range:

- New homes sold below $200,000 in 2015 = 19%

- New homes sold below $200,000 in 2020 =   0%

* $200K @ 10% Down, 3.0 % Mortgage, property tax, PMI, insurance & utilities=$1,283/month.  $50,000 x 30%=$1,250/Month





Gwinnett



# Baseline Conditions: Housing Supply

**Affordability: Apartments**

A household earning $50,000 annually could reasonably pay rent of $1,250 per month.

Rental rates for existing apartment units are increasing as well:

- 22% percent of Gwinnett's apartments rent for less than $1,250 per month.

The apartment market is no longer producing new apartments within this price range:

- 2% of Gwinnett apartment units built since 2010 rent for less than $1,250 per month.




Gwinnett

# Baseline Conditions: Housing Supply

## Rental Single-Family Homes

Single-family units or townhomes make up 35% of rental housing units in Gwinnett County. Two new ownership trends are disrupting this market segment.

### Real Estate Investment Trusts (REITs)

- 6,800 single-family houses (detached and townhome) owned by REITs

- 93% owned by one of the five largest REITS in the single-family rental sector:  Invitation Homes (2,300 units), American Homes 4 Rent (1,475 units), Starwood Waypoint Homes (1,148 units), Progress Residential (793 units), and Tricon Residential (680 units)

### Build-to-Rent (BTR)

- New-built single-family detached and townhome communities

- Demand increase due to rising housing costs and barriers to homeownership

- Top producers - ResiBuilt and Parkland Communities



# Housing Demand Forecast

**Housing Demand Forecast (2020-2040)**

The average annual demand for new housing units will be **15,091** units per year countywide, including:

- 59% Single-Family
- 18% Townhomes
- 22% Apartments

- **12,285 units** per year in Unincorporated Gwinnett (81% of annual Countywide demand)

Unincorporated Gwinnett County

Gwinnett Municipalities

**7,272** Single-Family Homes

1,661 Single-Family Homes

**2,263** Townhomes

517 Townhomes

**2,750** Multifamily Homes

628 Multifamily Homes

Gwinnett

# Emerging Themes

**Demand for single-family detached housing will remain strong, particularly for middle-income and upper-income level households.**

- As available land becomes scarce and more expensive, it will become difficult for the market to deliver lower-density housing products at reasonable price points.

- Some of this demand could shift to different housing products.

 Gwinnett

# Emerging Themes

**Growth in the number of housing units and population will result in increased demand for infrastructure and services.**

- Can Gwinnett's existing infrastructure handle major increases in housing units without additional upgrade costs?

- Will property taxes or user fees from additional housing units be sufficient to fund infrastructure upgrades?



Gwinnett



# Housing Strategies

## What can Gwinnett do to address these challenges?



Gwinnett




Gwinnett

# Housing Strategies

**Strategies can be grouped into the following general approaches.**

- **Zoning and Land Use Strategies**: Review and adapt Gwinnett's regulatory environment to reduce barriers to affordable and "missing middle" home construction and reduce regulatory and approval barriers to housing development, where appropriate.

  ➤ Residential Zoning District Study addresses much of this.

- **Leverage Public Land Ownership and Development Priorities to Promote Housing Development where appropriate**: County-owned redevelopment sites present strong opportunities for housing of all types and price points.  Utilize land bank and/or land trusts for affordable housing, development and redevelopment incentives, and public expenditures near targeted redevelopment areas.



Gwinnett

# Housing Strategies

## Potential Next Steps

- Review the study findings and potential strategies.

- Review and update the 2040 Unified Plan.

- Amend the Unified Development Ordinance.

# EXHIBIT C



**GWINNETT COUNTY**
**DEPARTMENT OF PLANNING AND DEVELOPMENT**
446 West Crogan Street, Suite 300 | Lawrenceville, GA 30046-2440
678.518.6000
GwinnettCounty.com

**PLANNING AND DEVELOPMENT DEPARTMENT**
**CASE REPORT**

| | |
|---|---|
| **Case Number:** | **RZR2023-00005** |
| **Current Zoning:** | **R-100** (Single-Family Residence District) |
| **Request:** | Rezoning to **R-SR** (Senior Oriented Residence District) |
| **Additional Request:** | Variances |
| **Address:** | 1788 Temple Johnson Road |
| **Map Number:** | R5067 003 |
| **Site Area:** | 13.40 acres |
| **Lots:** | 25 |
| **Proposed Development:** | Single-Family Detached Subdivision |
| **Commission District:** | District 3 – Commissioner Watkins |
| **Character Area:** | Established Neighborhoods |

**Staff Recommendation:**     **APPROVAL WITH CONDITIONS**

| | |
|---|---|
| **Case Number:** | **RZR2023-00006** |
| **Current Zoning:** | **R-100** (Single-Family Residence District) |
| **Request:** | Rezoning to **R-SR** (Senior Oriented Residence District) |
| **Additional Request:** | Variances |
| **Address:** | 1788 Temple Johnson Road |
| **Map Number:** | R5067 003 |
| **Site Area:** | 38.89 acres |
| **Lots:** | 147 |
| **Proposed Development:** | Single-Family Detached Subdivision |
| **Commission District:** | District 3 – Commissioner Watkins |
| **Character Area:** | Established Neighborhoods |

**Staff Recommendation:**     **APPROVAL WITH CONDITIONS**

**Planning Commission Advertised Public Hearing Date: 2/8/2023**
**Board of Commissioners Advertised Public Hearing Date: 2/28/2022**



Commission District 1
Kirkland Dion Carden

Commission District 2
Ben Ku

Commission District 3
Jasper Watkins III

Commission District 4
Matthew Holtkamp

☆ Subject Site

RZR2023-00005 &
RZR2023-00006

| Applicant: | David Pearson Communities |
| --- | --- |
| | 2000 First Drive, Suite 400 |
| | Marietta, GA 30062 |

| Owner: | Dr. Anne Mazzawi |
| --- | --- |
| | 1778 Emory Ridge Drive |
| | Atlanta, GA 30329 |

**Contact:** Doug Patten

**Contact Phone:** 770.294.1974

## Zoning History

The subject property is zoned R-100 (Single-Family Residence District). No prior zoning requests are on record for this property.

## Existing Site Condition

The subject site is a 52.3-acre parcel divided by Temple Johnson Road into two tracts. The tracts are located on the north and south side of Temple Johnson Road. The southern tract is developed with a single home and accessory structure. The home sits at the end of a long driveway that cuts through the middle of the lot. The southern tract has a split rail fence along the road frontage and along both sides of the driveway. The northern tract is undeveloped and wooded. The topography of both tracts slopes up towards Temple Johnson Road. The northern tract slopes by approximately 38 feet and the southern tract by approximately 76 feet. The southern tract has a creek and it's associated buffers runs

along the rear property line. Overhead utilities span the length of the southern property frontage on Temple Johnson. There are no sidewalks on Temple Johnson Road. The nearest Gwinnett County Transit stop is located 8.5 miles from the subject site.

**Surrounding Use and Zoning**

The subject site is surrounded by single-family detached residences on large lots and within subdivisions. The subject property borders the City of Snellville to its north. Kelly Preserve Phase I is to the east, which was recently approved in 2019 for an age restricted development. To the south is a wooded and undeveloped parcel. To the east is the Preserve at Haynes Creek, a detached single-family subdivision. The following is a summary of surrounding uses and zoning:



| Location | Land Use | Zoning | Gross Density |
|---|---|---|---|
| Proposed | Single Family Detached Subdivision | R-SR | 1.86 units per acre (RZR2023-00005) 3.78 units per acre (RZR2023-00006) |
| North | Single-Family Residential (City of Snellville) | RS-15 | 2.3 units per acre |
| East | Single-Family Residential | R-SR | 3.57 units per acre |
| South | Undeveloped | R-100 | N/A |
| West | Single-Family Residential | R-100MOD | 1.49 units per acre |

**Project Summary**

The applicant requests rezoning of a 52.2-acre parcel from R-100 to R-SR for an age-restricted single-family detached subdivision, including:
- 172 single-family detached homes, yielding an average density of 3.29 units per acre.
- 25 lots (1.86 units per acre) on the northern parcel accessed via a proposed private drive.
- 147 lots (3.78 units per acre) on the southern parcel accessed via a 50-foot-wide right of way.
- Access via a single entrance from Temple Johnson Road for both tracts.
- Dwellings with two-car garages constructed with façades of brick, stacked stone, cedar, and/or cementitious siding, shake, and board and batten.

- An amenity area on the northern tract with pickleball court, pool, a clubhouse, and parking area with 64 spaces.
- No amenities on the southern tract.
- A minimum heated floor area of 1,800 square feet.
- Internal streets with 4-foot-wide sidewalks on both sides
- The required 5-foot-wide sidewalk along Temple Johnson Road is not reflected on the site plan, but will be required during development.
- A 50-foot landscaped building setback incorporating a 25-foot landscaped buffer adjacent to abutting exterior streets. A six-foot tall fence or wall is also required, but is not reflected on the site plan.
- A 25-foot landscaped buffer along exterior property boundaries except the western boundary line adjacent to Kelly Preserve Phase I.
- A driveway stub proposed to connect the southern tract with Kelly Preserve Phase I.
- One stormwater management facility for each tract to the rear of each site.
- Common area totaling 16 percent of the overall site, which is less than the minimum required 20 percent.
- A mailbox kiosk located on the northern tract near the pickle ball court and amenity parking spaces.

**Zoning and Development Standards**

The applicant is requesting a rezoning to R-SR, Senior Oriented Residence District. The following is a summary of applicable development standards from the Unified Development Ordinance (UDO):

| Standard | Required | Proposed | Meets Standard? |
|---|---|---|---|
| Building Height | One story | Two Story | NO* |
| Front Yard Setback | Minimum 25' setback behind sidewalks (front-facing garages) | 20' | NO** |
| Side Yard Setback | Minimum 5' | 5' | YES |
| Rear Yard Setback | Minimum 25' | 25' | YES |
| Lot Width | Minimum 50' | 50' | YES |
| Lot Area | Minimum 5,000 S.F. | Minimum 6,000 S.F. | YES |
| Alley Access | For block containing a majority of lots less than 60 feet in width | Street access | NO*** |
| Off-Street Parking | Minimum: 344 spaces Maximum: 1,032 spaces | 408 spaces | YES |
| Heated Floor Area | Minimum: 1,600 square feet (Two Bedrooms) 1,800 square feet (Three and more) | 1,800 square feet (Two Bedrooms) 2,000 square feet (Three and more) | YES |
| Landscaped Setback | Minimum 50' Landscaped Building Setback with a 25' landscaped buffer along Exterior Streets | 50' and 25' | YES |
| Density | Maximum 4 units per acre | Average 3.29 units per acre | YES |

*Per UDO sec 210-90.7. B., all dwellings shall be limited to single-story; however, bonus rooms over garages may be allowed.

**Per UDO sec 210-90.6.A.4., front-facing garages shall be setback a minimum of 25 feet behind sidewalks.

*** Per UDO sec 210-90.8. E.1., if a block contains a majority of lots less than 60 feet in width, individual lot, access from that block must be from an alley, not a public street.

The applicant has requested variances for these items.

## Variance Requests

In addition to the rezoning request, the applicant is seeking variances from the following provision of Title II of the UDO:

1. Section 210-90.6. Property Development Standards.

   **A.  Front-facing garages shall be setback a minimum of 25 feet behind sidewalks.**

The applicant is requesting a reduction of front yard setback for front-facing garages from 25 feet to 20 feet.

2. Section 210-90.7. Architectural Standards/Design.

   **A.  All dwellings shall be limited to single-story; however, bonus rooms over garages shall be allowed.**

The applicant is requesting to increase the maximum allowable height from one story to two stories.

3. Section 210-90.8. Public Improvement Standards.

   **A.  If a block contains a majority of lots less than 60 feet in width, individual lot access for that block shall be from an alley, not a public street.**

The applicant is requesting to allow individual lot access for a block containing a majority of lots less than 60 feet wide to be from a public street.

### Internal and External Agency Review

In addition to these Development Standards, the applicant must meet all other UDO requirements related to infrastructure improvements.  Internal and external agency review comments are attached (Exhibit F).  Standard site and infrastructure improvements will also be required related to transportation, stormwater, water, and sewer utilities.  Recommended improvements not already required by the UDO have been added as staff recommended conditions.

### Staff Analysis

**Rezoning Request Analysis:** According to the UDO, if a proposed amendment is for the rezoning of property and involves a change in zoning classification, the Department shall evaluate the request and

make a recommendation with respect to the standards governing exercise of zoning power as defined in Section 270-20.5.  After this evaluation, staff makes the following findings based on the standards from the UDO:

**A.  Whether a proposed zoning will permit a use that is suitable in view of the use and development of adjacent and nearby property.**

The subject property is surrounded by residential uses including single-family homes on large lots and several subdivisions. Phase I of the proposed development, located to the east of the southern parcel, was approved in 2018 for a senior-oriented residence district, though at a lower density. The proposed R-SR subdivision would be compatible with the existing land uses and densities in the area, once revisions are made to satisfy recommended zoning conditions.

**B.  Whether a proposed rezoning will adversely affect the existing use or usability of adjacent or nearby property.**

The existing use and usability of adjacent or nearby properties would not be adversely impacted by a development that is compatible with the density of the surrounding area with appropriate zoning conditions. The residential use of the proposed development is in character with the surrounding area. The location of amenities could impact nearby properties due to the need to cross a major road to reach this area.

**C.  Whether the property to be affected by a proposed rezoning has a reasonable economic use as currently zoned.**

The property has a reasonable economic use as currently zoned.

**D.  Whether the proposed rezoning will result in a use which will or could cause an excessive or burdensome use of existing streets, transportation facilities, utilities, or schools.**

An increase in impacts on public facilities would be anticipated in the form of traffic, utility demand, and stormwater runoff; however, these impacts would be mitigated with appropriate conditions, site development requirements, and planning.  An increased impact is anticipated on school enrollment. Agency review comments related to any potential improvements concerning this rezoning request are attached (Exhibit F).

**E.  Whether the proposed rezoning is in conformity with the policy and intent of the Unified Plan and Future Development Map.**

The 2040 Unified Plan and Future Development Map indicates the subject property lies within the Established Neighborhood Character Area.  The Established Neighborhoods Character Area designates well established neighborhoods and single-family residential areas that are unlikely to undergo any significant changes or redevelopment in the next 20 years. This Character Area recommends any new development should be consistent in scale, architecture, and use with surrounding properties. The applicant is proposing a senior-oriented development with single-family detached homes. The development proposes a similar architectural character as phase I approved in 2019.  Therefore, the proposed development is aligned with the intent of the 2040 Unified Plan.



F. **Whether there are other existing or changing conditions affecting the use and development of the property which give supporting grounds for either approval or disapproval of the proposed rezoning.**

By 2050, the population of individuals who are 65 and older in the United States is projected to double, growing faster than any other age group. Homes designed specifically for seniors are more important than ever. A recent rezoning application RZR2018-00024 approved for the adjacent property to the east, for a senior-oriented development, is similar to the proposed development.  Therefore, approval of the rezoning request to R-SR would be appropriate, given the character of the area, development pattern, and recent zoning decisions.

**Variance Request Analysis:** The standards for granting variances are outlined in Section 270-100.7 of the Unified Development Ordinance. Staff makes the following findings related to the variance request:

The requested variances are to allow maximum allowable building height from one story to two stories, to reduce the front yard setback for front-facing garages from 25 feet to 20 feet and to eliminate requirements for alleys. The need for the setback variances is solely based on the desire to gain additional lots. The height variance request is also the result of small lot size. Some degree of relief from the height requirement would provide some design flexibility, but zoning conditions are necessary to ensure usability by those over 55 years old.

## Staff Recommendation

Based on the staff's evaluation of the request and the standards governing exercise of zoning power, the Department of Planning and Development recommends **APPROVAL WITH CONDITIONS** of the rezoning request.

In addition, Staff recommends **APPROVAL** of the following variance:

1. To increase the maximum allowable height from one story to two stories.

In addition, Staff recommends **DENIAL** of the following variances:

2. To reduce the front yard setback for front-facing garages from 25 feet to 20 feet.
3. To allow individual lot access for a block containing a majority of lots less than 50 feet wide to be from a public street.

## Staff Recommended Conditions

### RZR2023-00005

Approval as **R-SR (Senior Oriented Residence District)** for development of a single-family detached subdivision, subject to the following conditions:

1. The proposed development shall be constructed in general conformance with Exhibit B: Site Plan dated received November 30, 2022, and Exhibit C: Building Elevations dated received November 30, 2022, with revisions required by conditions of approval and the Unified Development Ordinance, as reviewed and approved by the Department of Planning and Development.

2. Single-family detached dwellings and accessory uses and structures, not to exceed 3.6 units per acre for either tract. The development shall be restricted to occupancy by residents aged 55 years or older.

3. A Homeowners Association shall be established and shall be responsible for maintenance of all common areas/facilities, street frontage landscaping, lawn and ornamental planting maintenance on individual lots.

4. The minimum heated floor area per dwelling unit shall be 1,800 square feet for two-bedroom homes (limited to 25 percent of the total units), 2,000 square feet for three-bedroom homes and 2,300 square feet for four-bedroom homes.

5. Homes shall be constructed to meet Architectural Design Standards Category 3 of the Gwinnett County Architectural Standards for Detached Residential Buildings subject to the review and approval of the Department of Planning and Development.

6. All dwellings shall have a minimum two-car garage.

7. A minimum of 50-foot landscaped building setback shall be provided adjacent to abutting exterior streets. The landscaped setback shall incorporate a 25-foot landscape buffer with a 6-foot-high fence or wall as required by the Unified Development Ordinance.

8. Detention pond(s) shall be fenced with a black vinyl-coated chain link fence a minimum of 4-feet in height and shall be fully screened from view of adjacent residences and streets with a double staggered row of evergreens. Final screening plans shall be subject to the review and approval of the Department of Planning and Development.

9. No direct lot access to Temple Johnson Road shall be allowed.

10. The developer shall either align the driveways for Tract 1 and Tract 2 and construct a 2-way left-turn lane into each tract; or construct a center left-turn lane that extends for the full length of the property frontage, if the driveways remain as shown on the zoning plan, subject to the review and approval of the Department of Transportation.

11. The developer shall provide a traffic impact study and proceed with any upgrades recommended per the study, subject to the review and approval of the Gwinnett County Department of Transportation.

12. Major amenities, including a pool and clubhouse shall be located on the southern tract. A final amenity plan shall be submitted for review and approval by the Department of Planning and Development prior to the issuance of a development permit.

13. A pedestrian activated crosswalk shall be installed across Temple Johnson Road, subject to the review and approval of the Department of Transportation.

14. No lot shall be located within a required stream buffer or impervious surface setback.

15. No more than 50 percent of the homes may be two stories. All two story homes shall be constructed with a master bedroom and master bathroom on the first floor.

## Staff Recommended Conditions

### RZR2023-00006

Approval as **R-SR (Senior Oriented Residence District)** for development of a single-family detached subdivision, subject to the following conditions:

1. The proposed development shall be constructed in general conformance with Exhibit B: Site Plan dated received November 30, 2022, and Exhibit C: Building Elevations dated received November 30, 2022, with revisions required by conditions of approval and the Unified Development Ordinance, as reviewed and approved by the Department of Planning and Development.

2. Single-family detached dwellings and accessory uses and structures, not to exceed 3.6 units per acre for either tract. The development shall be restricted to occupancy by residents aged 55 years or older.

3. A Homeowners Association shall be established and shall be responsible for maintenance of all common areas/facilities, street frontage landscaping, lawn and ornamental planting maintenance on individual lots.

4. The minimum heated floor area per dwelling unit shall be 1,800 square feet for two-bedroom homes (limited to 25 percent of the total units), 2,000 square feet for three-bedroom homes and 2,300 square feet for four-bedroom homes.

5. Homes shall be constructed to meet Architectural Design Standards Category 3 of the Gwinnett County Architectural Standards for Detached Residential Buildings subject to the review and approval of the Department of Planning and Development.

6. All dwellings shall have a minimum two-car garage.

7. A minimum of 50-foot landscaped building setback shall be provided adjacent to abutting exterior streets. The landscaped setback shall incorporate a 25-foot landscape buffer with a 6-foot-high fence or wall as required by the Unified Development Ordinance.

8. Detention pond(s) shall be fenced with a black vinyl-coated chain link fence a minimum of 4-feet in height and shall be fully screened from view of adjacent residences and streets with a double staggered row of evergreens. Final screening plans shall be subject to the review and approval of the Department of Planning and Development.

9. No direct lot access to Temple Johnson Road shall be allowed.

10. The developer shall either align the driveways for Tract 1 and Tract 2 and construct a 2-way left-turn lane into each tract; or construct a center left-turn lane that extends for the full length of the property frontage, if the driveways remain as shown on the zoning plan, subject to the review and approval of the Department of Transportation.

11. The developer shall provide a traffic impact study and proceed with any upgrades recommended per the study, subject to the review and approval of the Gwinnett County Department of Transportation.

12. Major amenities, including a pool and clubhouse shall be located on the southern tract. A final amenity plan shall be submitted for review and approval by the Department of Planning and Development prior to the issuance of a development permit.

13. A pedestrian activated crosswalk shall be installed across Temple Johnson Road, subject to the review and approval of the Department of Transportation.

14. No lot shall be located within a required stream buffer or impervious surface setback.

15. No more than 50 percent of the homes may be two stories. All two story homes shall be constructed with a master bedroom and master bathroom on the first floor.

**Exhibits:**

- A. Site Visit Photos
- B. Site Plan
- C. Building Elevations
- D. Letter of Intent and Applicant's Response to Standards
- E. Application and Disclosure of Campaign Contributions
- F. Internal and External Agency Review Comments
- G. Maps

**Exhibit A: Site Visit Photos**



**View of Parcel from Temple Johnson Road**



**View of Parcel from the existing driveway on the southern tract**

**Exhibit B: Site Plan**

**[attached]**

RZR2023-00005 and RZR2023-00006

**Exhibit C: Building Elevations**

**[attached]**



GWINNETT COUNTY
PLANNING AND DEVELOPMENT
RECEIVED
11.30.2022





GWINNETT COUNTY
PLANNING AND DEVELOPMENT
RECEIVED



GWINNETT COUNTY
PLANNING AND DEVELOPMENT

RECEIVED

11.30.2022

**Exhibit D: Letter of Intent and Applicant's Response to Standards**

**[attached]**

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
**RECEIVED**
11.30.2022

DAVID PEARSON COMMUNITIES, INC.
2000 FIRST DRIVE, SUITE 400, MARIETTA, GEORGIA 30062

### *Letter of Intent*

RE: Kelly Preserve Phase 2
Request to Rezone – 1788 Temple Johnson Road – Deeded 52.2 Acres

Northern Tract – 13.397 Ac. (1.86 U/A)
Southern Tract – 38.892 Ac. (3.77 U/A)
Overall, Both Tracts - 52.2 ac – 3.29 Ac. (U/A)

To whom it may concern.

Respectfully, we submit this application to Gwinnett County for the consideration of the property of land referenced above for rezoning

The applicant intends to develop the 2 parcels, collectively totaling 52.2± acres into a high quality, owner occupied, detached single family subdivision. The applicant intends to do so by rezoning the property from R-100 to R-SR, including concurrent variances to:

- Sec. 210-90.6. A.4, front facing garages require a minimum 25' setback behind sidewalks.
- Sec. 210-90.8. E.1, if a block contains a majority of lots less than 60 feet in width, individual lot access from that block must be from an alley, not a public street.
- Sec. 210-90.7.B, all dwellings are limited to a single story.

The applicant envisions a 172-lot community with a proposed density of 3.29 units per acre, well below the density allowed by the R-SR zoning district and consistent with the densities of adjacent and nearby subdivisions. The minimum house size will be 1,800 square feet (applicant will provide renderings in a stipulation letter to be presented to county staff). The applicant intends to provide the enhanced stream buffer protections that are required for properties located upstream of a Gwinnett County Water Reservoir along the southern property boundary, as shown on the site plan submitted. The applicant's proposal is adequately served with public water and sewer services and the design submitted reflects connection to such public infrastructure.

Applicant intends to develop the property as Phase 2 of Kelly Preserve. Kelly Preserve was previously approved as an Adult Targeted Community under the R-SR zoning classification. The first phase of Kelly Preserve is completed and is contiguous to the eastern boundary of the southernmost portion of the property. It is accessible through a "stubbed out" road connection that was provided within the design of that Phase. Kelly Preserve Phase 1 will be hitting the home market in the Spring of 2023.

The overall design plan is to provide more options for the communities by allowing the existing residents of Phase 1 that will be eligible to enjoy the amenities proposed as part of the applicant's rezoning, including linear park, pool, and clubhouse, as well as state of the art pickleball courts. Likewise, the amenities existing in Phase 1 can be enjoyed by the residents envisioned in the applicant's requested rezoning.

The applicant is proposing a gated community concept with private roads constructed to Gwinnett County standards to serve the community.

BUILDING COMMUNITIES OF LASTING VALUE

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
**RECEIVED**
11.30.2022

DAVID PEARSON COMMUNITIES, INC.
2000 FIRST DRIVE, SUITE 400, MARIETTA, GEORGIA 30062

The applicant is excited to introduce a relatively new single family, one story detached product that allows for maintenance free, luxury residences with unique architectural designs that afford privacy through a concept of "maximizing/living outside of your home". A Master Homeowners Association will be created, along with restrictive covenants for maintenance of all infrastructure, professionally designed landscape/buffer areas, amenities, and common areas. The community will feature architecturally controlled lighting and signage, as well as providing underground utilities.

The applicant intends to provide unique protections to its existing neighboring subdivisions (excluding Kelly Preserve Phase 1) by stipulating that all exterior lots within the proposal bordering existing subdivisions (Preserve at Hanes Creek, Summit Place, or other individually owned tracts) shall have lot sizes equal to the minimum lot sizes existing within the existing subdivisions.

We respectfully request your approval of this request for Rezoning to permit this proposed residential community with the following requested conditions specific to this application.

PROPOSED CONDITIONS:

- Minimum lot size – 6,000 sf
- Minimum Lot Road Frontage – 50 ft., (*35 ft cul-de-sacs) with a minimum lot width on cul-de-sac lots to be 50 ft. * as measured at the building setback line.
- Proposed Maximum Overall Density – 3.29 units per acre
- Setbacks for individual lots to be - Front – 20 ft, Rear -25 ft, Side – 5 ft with 10 ft between Buildings, 15 ft Major Side.
- All construction to conform to Gwinnett Count Development Regulations, unless otherwise stated here or as depicted on the site plan presented as part of this application last revised 11-2-22.

Respectfully submitted,

*Doug Patten*

Doug Patten, CPESC
Director of Land for
David Pearson Communities, Inc.

BUILDING COMMUNITIES OF LASTING VALUE

<table>
<tr><td>

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022

</td></tr>
</table>

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

### REZONING APPLICANT'S RESPONSE
### <u>STANDARDS GOVERNING THE EXERCISE OF THE ZONING POWER</u>

PURSUANT TO REQUIREMENTS OF THE UNIFIED DEVELOPMENT ORDINANCE, THE BOARD OF COMMISSIONERS FINDS THAT THE FOLLOWING STANDARDS ARE RELEVANT IN BALANCING THE INTEREST IN PROMOTING THE PUBLIC HEALTH, SAFETY, MORALITY OR GENERAL WELFARE AGAINST THE RIGHT TO THE UNRESTRICTED USE OF PROPERTY AND SHALL GOVERN THE EXERCISE OF THE ZONING POWER.

PLEASE RESPOND TO THE FOLLOWING STANDARDS IN THE SPACE PROVIDED OR USE AN ATTACHMENT AS NECESSARY:

(A)   WHETHER A PROPOSED REZONING WILL PERMIT A USE THAT IS SUITABLE IN VIEW OF THE USE AND DEVELOPMENT OF ADJACENT AND NEARBY PROPERTY:

Please see attached

(B)   WHETHER A PROPOSED REZONING WILL ADVERSELY AFFECT THE EXISTING USE OR USABILITY OF ADJACENT OR NEARBY PROPERTY:

Please see attached

(C)   WHETHER THE PROPERTY TO BE AFFECTED BY A PROPOSED REZONING HAS REASONABLE ECONOMIC USE AS CURRENTLY ZONED:

Please see attached

(D)   WHETHER THE PROPOSED REZONING WILL RESULT IN A USE WHICH WILL OR COULD CAUSE AN EXCESSIVE OR BURDENSOME USE OF EXISTING STREETS, TRANSPORTATION FACILITIES, UTILITIES, OR SCHOOLS:

Please see attached

(E)   WHETHER THE PROPOSED REZONING IS IN CONFORMITY WITH THE POLICY AND INTENT OF THE LAND USE PLAN:

Please see attached

(F)   WHETHER THERE ARE OTHER EXISTING OR CHANGING CONDITIONS AFFECTING THE USE AND DEVELOPMENT OF THE PROPERTY WHICH GIVE SUPPORTING GROUNDS FOR EITHER APPROVAL OR DISAPPROVAL OF THE PROPOSED REZONING:

Please see attached

3

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022

(A)   WHETHER A PROPOSED REZONING WILL PERMIT A USE THAT IS SUITABLE IN VIEW OF THE USE AND DEVELOPMENT OF ADJACENT AND NEARBY PROPERTY: Applicant contends that proposal, with its unique exterior buffering/lot size provisions, is suitable in view of adjacent and nearby developed properties, including Kelly Preserve-Phase I, The Preserve at Haynes Creek and Summit Place.

(B)   WHETHER A PROPOSED REZONING WILL ADVERSELY AFFECT THE EXISTING USE OR USABILITY OF ADJACENT OR NEARBY PROPERTY: Given the density proposed by the applicant, as well as the unique exterior buffering/lot size provisions as proposed, applicant contends that proposed rezoning will not adversely affect the existing usability of adjacent or nearby properties.

(C)   WHETHER THE PROPERTY TO BE AFFECTED BY A PROPOSED REZONING HAS REASONABLE ECONOMIC USE AS CURRENTLY ZONED: Given that Kelly Preserve Phase I is under construction as an Adult Targeted Community (under same classification requested by applicant) and provided a stubbed-out road connection to applicant's property, applicant contends that property affected by proposed rezoning does not have a reasonable economic use as currently zoned.

(D)   WHETHER THE PROPOSED REZONING WILL RESULT IN A USE WHICH WILL OR COULD CAUSE AN EXCESSIVE OR BURDENSOME USE OF EXISTING STREETS, TRANSPORTATION FACILITIES, UTILITIES, OR SCHOOLS: Applicant contends that proposed rezoning will not cause an excessive or burdensome use of existing streets, transportation facilities, utilities or schools given its target market of senior customers, as well as the site being adequately served by public water and sewer infrastructure and providing enhanced stream buffer protections upstream of a Gwinnett County Water Reservoir.

(E)   WHETHER THE PROPOSED REZONING IS IN CONFORMITY WITH THE POLICY AND INTENT OF THE LAND USE PLAN: Applicant contends that the proposal is consistent with Comprehensive Plan Character Area Designation of Established Neighborhood Character Area in that the proposal is an encouraged land use for the character area.

(F)   WHETHER THERE ARE OTHER EXISTING OR CHANGING CONDITIONS AFFECTING THE USE AND DEVELOPMENT OF THE PROPERTY WHICH GIVE SUPPORTING GROUNDS FOR EITHER APPROVAL OR DISAPPROVAL OF THE PROPOSED REZONING: Given the density proposed by the applicant, as well as the unique exterior buffering/lot size provisions as proposed, and the project serving as

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022 an extension of existing Kelly Preserve Phase 1, give supporting grounds for approval of the application.

**Exhibit E: Application and Disclosure of Campaign Contributions**

**[attached]**

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
**RECEIVED**
A100288

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICATION
### AN APPLICATION TO AMEND THE OFFICIAL ZONING MAP OF GWINNETT COUNTY, GA.

| APPLICANT INFORMATION | PROPERTY OWNER INFORMATION* |
|---|---|
| NAME: David Pearson Communities | NAME: Dr. Anne Mazzawi |
| ADDRESS: 2000 First Drive, Suite 400 | ADDRESS: 1778 Emory Ridge Dr NE |
| CITY: Marietta | CITY: Atlanta |
| STATE: Georgia   ZIP: 30062 | STATE: Georgia   ZIP: 30329 |
| PHONE: 770.294.1974 | PHONE: |
| EMAIL: doug@davidpearsoncommunities.com | EMAIL: |

CONTACT PERSON: Doug Patten          PHONE:

CONTACT'S E-MAIL: doug@davidpearsoncommunities.com

### APPLICANT IS THE:

☐ OWNER'S AGENT   ☐ PROPERTY OWNER   ☑ CONTRACT PURCHASER

PRESENT ZONING DISTRICTS(S): R-100 REQUESTED ZONING DISTRICT: R-SR

PARCEL NUMBER(S): R 5067 003          ACREAGE: 13.4

ADDRESS OF PROPERTY: 1788 Temple Johnson Road

PROPOSED DEVELOPMENT: Luxury, owner occupied single family subdivision with high quality amenities.

| RESIDENTIAL DEVELOPMENT | NON-RESIDENTIAL DEVELOPMENT |
|---|---|
| No. of Lots/Dwelling Units 25 | No. of Buildings/Lots: |
| Dwelling Unit Size (Sq. Ft.): 1,800 | Total Building Sq. Ft. |
| Gross Density: 1.8 upa | Density: |
| Net Density: | |

**PLEASE ATTACH A LETTER OF INTENT EXPLAINING WHAT IS PROPOSED**

2

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICATION

AN APPLICATION TO AMEND THE OFFICIAL ZONING MAP OF GWINNETT COUNTY, GA.

| APPLICANT INFORMATION | PROPERTY OWNER INFORMATION* |
|---|---|
| NAME: David Pearson Communities | NAME: Dr. Anne Mazzawi |
| ADDRESS: 2000 First Drive, Suite 400 | ADDRESS: 1778 Emory Ridge Dr NE |
| CITY: Marietta | CITY: Atlanta |
| STATE: Georgia   ZIP: 30062 | STATE: Georgia   ZIP: 30329 |
| PHONE: 770.294.1974 | PHONE: |
| EMAIL: doug@davidpearsoncommunities.com | EMAIL: |

CONTACT PERSON: Doug Patten          PHONE: 770.294.1974

CONTACT'S E-MAIL:  doug@davidpearsoncommunities.com

### APPLICANT IS THE:

☐ OWNER'S AGENT   ☑ PROPERTY OWNER   ☐ CONTRACT PURCHASER

PRESENT ZONING DISTRICTS(S): R-100 REQUESTED ZONING DISTRICT: R-SR

PARCEL NUMBER(S): R 5067 003          ACREAGE: 38.8

ADDRESS OF PROPERTY: 1788 Temple Johnson Road

PROPOSED DEVELOPMENT: Luxury, owner occupied single family subdivision with high quality amenities.

| RESIDENTIAL DEVELOPMENT | NON-RESIDENTIAL DEVELOPMENT |
|---|---|
| No. of Lots/Dwelling Units  147 | No. of Buildings/Lots: |
| Dwelling Unit Size (Sq. Ft.):  1,800 sq. ft. | Total Building Sq. Ft. |
| Gross Density:  3.7 upa | Density: |
| Net Density: | |

**PLEASE ATTACH A LETTER OF INTENT EXPLAINING WHAT IS PROPOSED**

2

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING APPLICANT'S CERTIFICATION

THE UNDERSIGNED BELOW IS AUTHORIZED TO MAKE THIS APPLICATION. THE
UNDERSIGNED IS AWARE THAT NO APPLICATION OR REAPPLICATION AFFECTING
THE SAME LAND SHALL BE ACTED UPON WITHIN 12 MONTHS FROM THE DATE
OF LAST ACTION BY THE BOARD OF COMMISSIONERS UNLESS WAIVED BY THE
BOARD OF COMMISSIONERS. IN NO CASE SHALL AN APPLICATION OR
REAPPLICATION BE ACTED UPON IN LESS THAN SIX (6) MONTHS FROM THE DATE
OF LAST ACTION BY THE BOARD OF COMMISSIONERS.

Signature of Applicant                                    Date    11-20-22

Doug Patten, Director of Land Development
Type or Print Name and Title

Signature of Notary Public          Date  11-20-2022          Notary Seal

ANN ACHENBACH
COMMISSION EXPIRES
AUGUST
09
2024
COBB COUNTY, GA.
NOTARY PUBLIC

4

RZR2023-00005 and RZR2023-00006        Page 29 of 40                        SA



GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## REZONING PROPERTY OWNER'S CERTIFICATION

THE UNDERSIGNED BELOW, OR AS ATTACHED, IS THE OWNER OF THE PROPERTY
CONSIDERED IN THIS APPLICATION. THE UNDERSIGNED IS AWARE THAT NO APPLICATION
OR REAPPLICATION AFFECTING THE SAME LAND SHALL BE ACTED UPON WITHIN 12
MONTHS FROM THE DATE OF LAST ACTION BY THE BOARD OF COMMISSIONERS UNLESS
WAIVED BY THE BOARD OF COMMISSIONERS. IN NO CASE SHALL AN APPLICATION OR
REAPPLICATION BE ACTED UPON IN LESS THAN SIX (6) MONTHS FROM THE DATE OF LAST
ACTION BY THE BOARD OF COMMISSIONERS.

*1788 TEMPLE Johnson Rd*

*Dr Anne Coun Mazzawi*                    *11/18/2022*
Signature of Property Owner                              Date

*Dr Anne Coun Mazzawi*
Type or Print Name and Title

Ravi Patel
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 01/17/2026

*Ravi Patel*                    *11-18-2022*
Signature of Notary Public          Date            Notary Seal

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

11.30.2022

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## CONFLICT OF INTEREST CERTIFICATION FOR REZONING

The undersigned below, making application for a Rezoning, has complied with the Official Code of Georgia Section 36-67A-1, et. seq, <u>Conflict of Interest in Zoning Actions,</u> and has submitted or attached the required information on the forms provided.

| | | |
|---|---|---|
| _(signature)_ | 11-20-22 | Doug Patten, Director of Land Development |
| SIGNATURE OF APPLICANT | DATE | TYPE OR PRINT NAME AND TITLE |

| | | |
|---|---|---|
| | | |
| SIGNATURE OF APPLICANT'S ATTORNEY OR REPRESENTATIVE | DATE | TYPE OR PRINT NAME AND TITLE |

| | | |
|---|---|---|
| _Ann Achenbach_ | 11-80-2022 | |
| SIGNATURE OF NOTARY PUBLIC | DATE | |

*(Notary seal: ANN ACHENBACH, MY COMMISSION EXPIRES AUGUST 08 2024, GWINNETT COUNTY, GA, NOTARY PUBLIC, NOTARY SEAL)*

### DISCLOSURE OF CAMPAIGN CONTRIBUTIONS

Have you, within the two years immediately preceding the filing of this application, made campaign contributions aggregating $250.00 or more to a member of the Board of Commissioners or a member of the Gwinnett County Planning Commission?

☐ YES  ☑ NO   Doug Patten
_____
YOUR NAME

If the answer is yes, please complete the following section:

| NAME AND OFFICAL POSITION OF GOVERNMENT OFFICIAL | CONTRIBUTIONS (List all which aggregate to $250 or More) | DATE CONTRIBUTION WAS MADE (Within last two years) |
|---|---|---|
| | | |
| | | |
| | | |

Attach additional sheets if necessary to disclose or describe all contributions.

6

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
**RECEIVED**

11.30.2022

Gwinnett County Planning Division
Rezoning Application
Last Updated 10/2021

## VERIFICATION OF CURRENT PAID PROPERTY TAXES FOR REZONING

THE UNDERSIGNED BELOW IS AUTHORIZED TO MAKE THIS APPLICATION. THE UNDERSIGNED CERTIFIES THAT ALL GWINNETT COUNTY PROPERTY TAXES BILLED TO DATE FOR THE PARCEL LISTED BELOW HAVE BEEN PAID IN FULL TO THE TAX COMMISSIONER OF GWINNETT COUNTY, GEORGIA. IN NO CASE SHALL AN APPLICATION OR REAPPLICATION FOR REZONING BE PROCESSED WITHOUT SUCH PROPERTY VERIFICATION.

**\*Note: A SEPARATE VERIFICATION FORM MUST BE COMPLETED FOR EACH TAX PARCEL INCLUDED IN THE REZONING REQUEST.**

**PARCEL I.D. NUMBER:**        5th         -    67         -  R 5067 003
(Map Reference Number)        District        Land Lot        Parcel

_____        11-20-22
Signature of Applicant        Date

Doug Patten, Director of Land Development
_____
Type or Print Name and Title

**\*\*\*PLEASE TAKE THIS FORM TO THE TAX COMMISSIONERS OFFICE AT THE GWINNETT JUSTICE AND ADMINISTRATION CENTER, 75 LANGLEY DRIVE, FOR THEIR APPROVAL BELOW.\*\*\***

### TAX COMMISSIONERS USE ONLY

(PAYMENT OF ALL PROPERTY TAXES BILLED TO DATE FOR THE ABOVE REFERENCED PARCEL HAVE BEEN VERIFIED AS PAID CURRENT AND CONFIRMED BY THE SIGNATURE BELOW)

_____        _____
NAME        TITLE

_____
DATE

7

**Exhibit F: Internal and External Agency Review Comments**

**[attached]**

 **Gwinnett**    **Department of Planning and Development**
**TECHNICAL REVIEW COMMITTEE**

| TRC Meeting Date: | 1.18.2023 |
|---|---|
| Department/Agency Name: | Transportation |
| Reviewer Name: | Brent Hodges |
| Reviewer Title: | Construction Manager 1 |
| Reviewer Email Address: | Brent.Hodges@gwinnettcounty.com |
| Case Number: | RZR2023-00005 and RZR2023-00006 |
| Case Address: | 1788 Temple Johnson Road, Loganville, 30052 |

| | Comments: | X | YES | | NO | |
|---|---|---|---|---|---|---|
| 1 | Temple Johnson Road is a major collector. ADT = 2,915. | | | | | |
| 2 | 8.5 miles to the nearest transit facility (#2335042) Johnson Road and Sugarloaf Landing Plaza. | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

| | Recommended Zoning Conditions: | X | YES | | NO | |
|---|---|---|---|---|---|---|
| 1 | The developer shall either align the driveways for Tract 1 and Tract 2 and construct a 2-way left-turn lane into each tract; or construct a center left-turn lane that extends for the full length of the property frontage, if the driveways remain as shown on the zoning plan. | | | | | |
| 2 | The developer shall provide a traffic impact study and proceed with any upgrades recommended per the study, subject to the review and approval of the Gwinnett County Department of Transportation. | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |



**Department of Planning and Development**
**TECHNICAL REVIEW COMMITTEE**

| TRC Meeting Date: | |
|---|---|
| Department/Agency Name: | DWR |
| Reviewer Name: | Mike Pappas |
| Reviewer Title: | GIS Planning Manager |
| Reviewer Email Address: | Michael.pappas@gwinnettcounty.com |
| Case Number: | RZR2023-00005 & RZR2023-00006 |
| Case Address: | 1788 Temple Johnson Road |

| | Comments: | X | YES | | NO |
|---|---|---|---|---|---|
| 1 | Water: The north side of the development may connect to an existing 8-inch or 12-inch water main located on the north right-of-way of Temple Johnson Road; the south side of the development may connect to the water main proposed for Phase 1 of this development. Connection to the 48-inch transmission main along Temple Johnson Road is not permitted. | | | | |
| 2 | Sewer: A Sewer Capacity Certification is required for this development. Pending available capacity, the north side of the development (north of Temple Johnson Road) may connect to an existing 8-inch gravity sewer located north of the parcel (an easement is required). The south side of the development may connect to an existing sewer south of the parcel (a stream crossing required). | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |

| | Recommended Zoning Conditions: | | YES | X | NO |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |



Page 36 of 40

**Exhibit G: Maps**

**[attached]**



RZR2023-00005 & RZR2023-00006

Printed: December 22, 2022



SUBJECT SITE AND SURROUNDING ZONING

RZR2023-00005 & RZR2023-00006

Printed: December 22, 2022



2040 UNIFIED PLAN FUTURE DEVELOPMENT CLASSIFICATION

RZR2023-00005 & RZR2023-00006

Printed: December 22, 2022

# EXHIBIT D



**GWINNETT COUNTY**
**BOARD OF COMMISSIONERS**

75 Langley Drive | Lawrenceville, GA 30046-6935
O: 770.822.7000 | F: 770.822.7097
GwinnettCounty.com

Nicole L. Hendrickson, Chairwoman
Kirkland Dion Carden, District 1
Ben Ku, District 2
Jasper Watkins III, District 3
Matthew Holtkamp, District 4

Amended
# Public Hearing Agenda
## Tuesday, March 28, 2023 - 7:00 PM

## I.  Call To Order

## II.  Opening Remarks by Chairwoman

## III.  Approval of Agenda

## IV.  Approval of Minutes:

- **Invocation:** March 21, 2023
- **Work Session:** March 21, 2023
- **Informal Presentation 11:00 a.m.:** March 21, 2023
- **Informal Business Discussion:** March 21, 2023
- **Executive Session:** March 21, 2023
- **Business Session:** March 21, 2023

## V.  Announcements:

- **Proclamation:** Recognizing Public Health Week, April 3 – 9
- **Proclamation:** Celebrating Volunteer Appreciation Week, April 16 – 22

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 2**

## VI. Old Business

### 1. Planning & Development/Susan Canon

**2023-0210 CIC2023-00003**, Applicant: HAB Group 3, LLC; Owners: OLP Havertportfolio LP and Urban Development Agency of Gwinnett County; Tax Parcel Nos. R6232 003 and 059; 2100 Pleasant Hill Road and 3380 Satellite Boulevard; Change in Conditions of Zoning with Concurrent Variance for Property Zoned C-3; 4.21 acres; District 1/Carden (Tabled on 3/21/2023) (Public hearing was held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

## VII. New Business

### 1. County Administration/Glenn Stephens

**2023-0338 Approval/authorization** for the Chairwoman to execute any and all documents necessary to enter into the 2023 Participation Agreement with Partnership Gwinnett PFE, Inc. Subject to approval as to form by the Law Department.

### 2. Law Department/Michael P. Ludwiczak (item moved from Page 6)

**2023-0341 Approval/authorization** for the Chairwoman to execute a resolution to participate in the national TEVA, Allergan, CVS, Walgreens and Walmart Settlements and agreeing to be bound by an anticipated Memorandum of Understanding with the State of Georgia. Authorization for the Chairwoman to execute any and all documents necessary to effectuate the settlement. Subject to approval as to form by the Law Department.

## VIII. Public Hearing - Old Business

### 1. Planning & Development/Susan Canon

**2021-1622 CIC2021-00008** (Formerly GCID 2021-0454), Applicant: Childress Klein Properties, Inc.; Owner: CK Stone Mountain Parking Lot, LLC; Tax Parcel Nos. R6060 053 and 080; Change in Conditions of Zoning for Property Zoned C-2; 1900 Block of West Park Place Boulevard and 2000 Block of Bermuda Road; 13.57 acres; District 2/Ku (Formerly District 2/Ku and District 3/Watkins) (Tabled on 1/24/2023) (Public hearing was not held) [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 3**

## VIII.  Public Hearing - Old Business

### 1.  Planning & Development/Susan Canon

**2023-0090 SUP2023-00001,** Applicant: Fabio Mattioli; Owner: Mattioli Properties, LLC; Tax Parcel No. R6132 046; 4140 Arcadia Industrial Circle; Special Use Permit with Concurrent Variance in a M-1 Zoning District for an Automobile Repair and Body Repair (Renewal); 1.50 acres; District 2/Ku (Tabled on 1/24/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 5/2/2023]

**2023-0211 CIC2023-00004,** Applicant: Jim Warren; Owner: Matt Walters; Tax Parcel No. R7104 029; 1274 Old Peachtree Road; Change in Conditions of Zoning for Property Zoned TND; 14.54 acres; District 4/Holtkamp (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0218 RZR2023-00004,** Applicant: Crogan Street LLC; Owner: Philip Gilleland; Rezoning with Concurrent Variance of Tax Parcel Nos. R5035 006A and 081; 3462 and 3482 Skyland Drive; R-100 to OSC for a Single-Family Detached Subdivision; 14.66 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0219 RZR2023-00005,** Applicant: David Pearson Communities; Owner: Dr. Anne Mazzawi; Rezoning with Concurrent Variances of Tax Parcel No. R5067 003; 1788 Temple Johnson Road; R-100 to R-SR for a Single-Family Detached Subdivision; 13.40 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Deny w/out Prejudice]

**2023-0220 RZR2023-00006,** Applicant: David Pearson Communities; Owner: Dr. Anne Mazzawi; Rezoning with Concurrent Variance of Tax Parcel No. R5067 003; 1788 Temple Johnson Road; R-100 to R-SR for a Single-Family Detached Subdivision; 38.89 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

## IX.  Public Hearing - New Business

### 1.  Unified Plan

**2023-0329 Approval/request** to hold the first required public hearing associated with development of the Gwinnett County 2045 Unified Plan.

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 4**

## IX.  Public Hearing - New Business

### 2.  Change in Conditions

**2023-0288 CIC2023-00006,** Applicant: Summit at Auburn Hills HOA; Owner: Summit at Auburn Hills HOA; Tax Parcel Nos. R2001G122-140 and R3001J132-168; 2900-3100 Block of Appling Hills Drive and 1500-2900 Block of Auburn Ridge Way; Change in Conditions of Zoning for Property Zoned R-SR; 14.96 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0289 CIC2023-00007,** Applicant: Durke Sewell; Owner: Gordon Campbell; Tax Parcel No. R5213 001; 853 Martins Chapel Road; Change in Conditions of Zoning for Property Zoned R-100; 6.0 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0290 CIC2023-00008,** Applicant: Phillips Edison & Company c/o J. Alexander Brock, Smith, Gambrell & Russell, LLP; Owner: Phillips Edison & Company; Tax Parcel No. R7182 113; 3320 Hamilton Mill Road; Change in Conditions of Zoning for Property Zoned C-2; 0.90 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0291 CIC2023-00009,** Applicant: Stor Lilga Five Forks, LLC c/o Dillard Sellers; Owner: Stor Lilga Five Forks, LLC; Tax Parcel No. R6090 117; 4139 Five Forks Trickum Road; Change in Conditions of Zoning with Concurrent Variances for Property Zoned C-3; 2.14 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

### 3.  Special Use Permits

**2023-0292 SUP2023-00012,** Applicant: Beyond Autohaus, Inc.; Owner: 216 Lankford Road LLC; Tax Parcel No. R6139 046; 216 Lankford Drive; Special Use Permit with Concurrent Variance in a C-2 Zoning District for an Automobile Repair Shop; 0.57 acres; District 2/Ku [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0293 SUP2023-00013,** Applicant: Aldo Sixtos; Owner: Kun Han Kim; Tax Parcel No. R5018 254; 2570 Lawrenceville Highway; Special Use Permit in a C-2 Zoning District for Automobile Sales and Related Service (Renewal); 1.0 acre; District 2/Ku [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 5**

## IX. Public Hearing - New Business

### 3. Special Use Permits

**2023-0294 SUP2023-00014,** Applicant: Strategic Venture Solutions, Inc. dba Black Cloud Tattoo and Piercing; Owner: Simon Property Group; Tax Parcel No. R7081 005; 5900 Sugarloaf Parkway, Unit 436; Special Use Permit in a C-2 and C-3 Zoning District for a Tattoo and Body Piercing Parlor; 113.96 acres; District 1/Carden [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

### 4. Rezonings

**2023-0097 RZC2023-00003,** Applicant: JCB Atlanta Real Estate, LLC, c/o Andersen Tate & Carr, P.C.; Owner: Salmon Property Investments, LLC; Rezoning with Concurrent Variances of Tax Parcel No. R6214 005; 5493 Goshen Springs Road; C-3 to M-1 for a Heavy Equipment Rental, Sales and Service Facility; 2.93 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0098 SUP2023-00010,** Applicant: JCB Atlanta Real Estate, LLC, c/o Andersen Tate & Carr, P.C.; Owner: Salmon Property Investments, LLC; Tax Parcel No. R6214 005; 5493 Goshen Springs Road; Special Use Permit with Concurrent Variances in a proposed M-1 Zoning District for a Heavy Equipment Rental, Sales and Service Facility; 2.93 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0295 RZC2023-00004,** Applicant: Jason E. Williams; Owner: Dansinghani Kamlesh; Rezoning with Concurrent Variance of Tax Parcel No. R5138 021; 1256 Grayson Highway; R-100 to C-1 for a Convenience Store with Fuel Pumps; 3.95 acres; District 3/Watkins [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0296 RZC2023-00005,** Applicant: Adam Tirado; Owner: Adam Tirado; Rezoning with Concurrent Variances of Tax Parcel No. R7146 006; 2832 Buford Drive; RA-200 to C-2 for a Cigar Lounge; 0.71 acres; District 4/Holtkamp [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0297 SUP2023-00011,** Applicant: Adam Tirado; Owner: Adam Tirado; Tax Parcel No. R7146 006; 2832 Buford Drive; Special Use Permit in a proposed C-2 Zoning District for a Cigar Lounge; 0.71 acres; District 4/Holtkamp [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 6**

## IX. Public Hearing - New Business

### 4. Rezonings

**2022-1048 RZM2022-00039,** Applicant: The Revive Land Group, LLC c/o Mahaffey Pickens Tucker, LLP; Owners: Gwinnett County Board of Commissioners, Kevin C. K. Chung, and RDM LLC; Rezoning with Concurrent Variance of Tax Parcel Nos. R3001 021, 072, and 135; 1900 Block of Auburn Road; C-1 and RA-200 to R-TH for Townhouses and Single-Family Detached Homes; 17.69 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Deny]

**2023-0298 RZM2023-00002,** Applicant: GAK Engineering, Inc.; Owner: Leon Ibenyenwa; Rezoning with Concurrent Variance of Tax Parcel No. R5123 228; 725 Cooper Road; R-100 to R-TH for Townhouses; 2.58 acres; District 3/Watkins [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0299 RZM2023-00004,** Applicant: Mustaq Moosa; Owner: Asif Dhanani; Rezoning of Tax Parcel No. R5078 003; 4008 Sugarloaf Parkway; C-2 to R-TH for Townhouses; 6.62 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0300 RZR2023-00008,** Applicant: James H. Barge; Owner: Nine Oaks Park, LLC; Rezoning of Tax Parcel No. R4247 004; 1525 Knight Circle; OSC to RA-200 for Agricultural Uses; 11.58 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

**2023-0301 SUP2023-00016,** Applicant: James H. Barge; Owner: Nine Oaks Park, LLC; Tax Parcel No. R4247 004; 1525 Knight Circle; Special Use Permit in a proposed RA-200 Zoning District for a Special Events Facility; 11.58 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

## X. New Business

### 1. Commissioners

**2023-0349 Approval** of appointment of David Will to the Ethics Board in accordance with the provisions of Section 54-37 of the Gwinnett County Code of Ethics.

2023-0341 moved to Page 2

**Public Hearing** Amended **Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 7**

## X. New Business

### 2. Planning & Development/Susan Canon

**2023-0302 Ratification** of Plat approvals for February 1, 2023 through February 28, 2023.

## XI. Comments from Audience

## XII. Adjournment



GWINNETT COUNTY
**BOARD OF COMMISSIONERS**

75 Langley Drive | Lawrenceville, GA 30046-6935
O: 770.822.7000 | F: 770.822.7097
GwinnettCounty.com

Nicole L. Hendrickson, Chairwoman
Kirkland Dion Carden, District 1
Ben Ku, District 2
Jasper Watkins III, District 3
Matthew Holtkamp, District 4

## Public Hearing Agenda
## Tuesday, March 28, 2023 - 7:00 PM

### I.  Call To Order

### II.  Opening Remarks by Chairwoman

### III.  Approval of Agenda

### IV.  Approval of Minutes:

- **Invocation:** March 21, 2023
- **Work Session:** March 21, 2023
- **Informal Presentation 11:00 a.m.:** March 21, 2023
- **Informal Business Discussion:** March 21, 2023
- **Executive Session:** March 21, 2023
- **Business Session:** March 21, 2023

### V.  Announcements:

- **Proclamation:** Recognizing Public Health Week, April 3 – 9
- **Proclamation:** Celebrating Volunteer Appreciation Week, April 16 – 22

**Public Hearing Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 2**

## VI. Old Business

### 1. Planning & Development/Susan Canon

**2023-0210 CIC2023-00003,** Applicant: HAB Group 3, LLC; Owners: OLP Havertportfolio LP and Urban Development Agency of Gwinnett County; Tax Parcel Nos. R6232 003 and 059; 2100 Pleasant Hill Road and 3380 Satellite Boulevard; Change in Conditions of Zoning with Concurrent Variance for Property Zoned C-3; 4.21 acres; District 1/Carden (Tabled on 3/21/2023) (Public hearing was held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

## VII. New Business

### 1. County Administration/Glenn Stephens

**2023-0338 Approval/authorization** for the Chairwoman to execute any and all documents necessary to enter into the 2023 Participation Agreement with Partnership Gwinnett PFE, Inc. Subject to approval as to form by the Law Department.

## VIII. Public Hearing - Old Business

### 1. Planning & Development/Susan Canon

**2021-1622 CIC2021-00008** (Formerly GCID 2021-0454), Applicant: Childress Klein Properties, Inc.; Owner: CK Stone Mountain Parking Lot, LLC; Tax Parcel Nos. R6060 053 and 080; Change in Conditions of Zoning for Property Zoned C-2; 1900 Block of West Park Place Boulevard and 2000 Block of Bermuda Road; 13.57 acres; District 2/Ku (Formerly District 2/Ku and District 3/Watkins) (Tabled on 1/24/2023) (Public hearing was not held) [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0090 SUP2023-00001,** Applicant: Fabio Mattioli; Owner: Mattioli Properties, LLC; Tax Parcel No. R6132 046; 4140 Arcadia Industrial Circle; Special Use Permit with Concurrent Variance in a M-1 Zoning District for an Automobile Repair and Body Repair (Renewal); 1.50 acres; District 2/Ku (Tabled on 1/24/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 5/2/2023]

**2023-0211 CIC2023-00004,** Applicant: Jim Warren; Owner: Matt Walters; Tax Parcel No. R7104 029; 1274 Old Peachtree Road; Change in Conditions of Zoning for Property Zoned TND; 14.54 acres; District 4/Holtkamp (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**Public Hearing Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 3**

## VIII. Public Hearing - Old Business

### 1. Planning & Development/Susan Canon

**2023-0218 RZR2023-00004,** Applicant: Crogan Street LLC; Owner: Philip Gilleland; Rezoning with Concurrent Variance of Tax Parcel Nos. R5035 006A and 081; 3462 and 3482 Skyland Drive; R-100 to OSC for a Single-Family Detached Subdivision; 14.66 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0219 RZR2023-00005,** Applicant: David Pearson Communities; Owner: Dr. Anne Mazzawi; Rezoning with Concurrent Variances of Tax Parcel No. R5067 003; 1788 Temple Johnson Road; R-100 to R-SR for a Single-Family Detached Subdivision; 13.40 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Deny w/out Prejudice]

**2023-0220 RZR2023-00006,** Applicant: David Pearson Communities; Owner: Dr. Anne Mazzawi; Rezoning with Concurrent Variance of Tax Parcel No. R5067 003; 1788 Temple Johnson Road; R-100 to R-SR for a Single-Family Detached Subdivision; 38.89 acres; District 3/Watkins (Tabled on 2/28/2023) (Public hearing was not held) [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

## IX. Public Hearing - New Business

### 1. Unified Plan

**2023-0329 Approval/request** to hold the first required public hearing associated with development of the Gwinnett County 2045 Unified Plan.

### 2. Change in Conditions

**2023-0288 CIC2023-00006,** Applicant: Summit at Auburn Hills HOA; Owner: Summit at Auburn Hills HOA; Tax Parcel Nos. R2001G122-140 and R3001J132-168; 2900-3100 Block of Appling Hills Drive and 1500-2900 Block of Auburn Ridge Way; Change in Conditions of Zoning for Property Zoned R-SR; 14.96 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0289 CIC2023-00007,** Applicant: Durke Sewell; Owner: Gordon Campbell; Tax Parcel No. R5213 001; 853 Martins Chapel Road; Change in Conditions of Zoning for Property Zoned R-100; 6.0 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**Public Hearing Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 4**

## IX.  Public Hearing - New Business

### 2.  Change in Conditions

**2023-0290 CIC2023-00008,** Applicant: Phillips Edison & Company c/o J. Alexander Brock, Smith, Gambrell & Russell, LLP; Owner: Phillips Edison & Company; Tax Parcel No. R7182 113; 3320 Hamilton Mill Road; Change in Conditions of Zoning for Property Zoned C-2; 0.90 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0291 CIC2023-00009,** Applicant: Stor Lilga Five Forks, LLC c/o Dillard Sellers; Owner: Stor Lilga Five Forks, LLC; Tax Parcel No. R6090 117; 4139 Five Forks Trickum Road; Change in Conditions of Zoning with Concurrent Variances for Property Zoned C-3; 2.14 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

### 3.  Special Use Permits

**2023-0292 SUP2023-00012,** Applicant: Beyond Autohaus, Inc.; Owner: 216 Lankford Road LLC; Tax Parcel No. R6139 046; 216 Lankford Drive; Special Use Permit with Concurrent Variance in a C-2 Zoning District for an Automobile Repair Shop; 0.57 acres; District 2/Ku [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0293 SUP2023-00013,** Applicant: Aldo Sixtos; Owner: Kun Han Kim; Tax Parcel No. R5018 254; 2570 Lawrenceville Highway; Special Use Permit in a C-2 Zoning District for Automobile Sales and Related Service (Renewal); 1.0 acre; District 2/Ku [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0294 SUP2023-00014,** Applicant: Strategic Venture Solutions, Inc. dba Black Cloud Tattoo and Piercing; Owner: Simon Property Group; Tax Parcel No. R7081 005; 5900 Sugarloaf Parkway, Unit 436; Special Use Permit in a C-2 and C-3 Zoning District for a Tattoo and Body Piercing Parlor; 113.96 acres; District 1/Carden [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

### 4.  Rezonings

**2023-0097 RZC2023-00003,** Applicant: JCB Atlanta Real Estate, LLC, c/o Andersen Tate & Carr, P.C.; Owner: Salmon Property Investments, LLC; Rezoning with Concurrent Variances of Tax Parcel No. R6214 005; 5493 Goshen Springs Road; C-3 to M-1 for a Heavy Equipment Rental, Sales and Service Facility; 2.93 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**Public Hearing Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 5**

## IX. Public Hearing - New Business

### 4. Rezonings

**2023-0098 SUP2023-00010,** Applicant: JCB Atlanta Real Estate, LLC, c/o Andersen Tate & Carr, P.C.; Owner: Salmon Property Investments, LLC; Tax Parcel No. R6214 005; 5493 Goshen Springs Road; Special Use Permit with Concurrent Variances in a proposed M-1 Zoning District for a Heavy Equipment Rental, Sales and Service Facility; 2.93 acres; District 2/Ku [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0295 RZC2023-00004,** Applicant: Jason E. Williams; Owner: Dansinghani Kamlesh; Rezoning with Concurrent Variance of Tax Parcel No. R5138 021; 1256 Grayson Highway; R-100 to C-1 for a Convenience Store with Fuel Pumps; 3.95 acres; District 3/Watkins [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0296 RZC2023-00005,** Applicant: Adam Tirado; Owner: Adam Tirado; Rezoning with Concurrent Variances of Tax Parcel No. R7146 006; 2832 Buford Drive; RA-200 to C-2 for a Cigar Lounge; 0.71 acres; District 4/Holtkamp [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2023-0297 SUP2023-00011,** Applicant: Adam Tirado; Owner: Adam Tirado; Tax Parcel No. R7146 006; 2832 Buford Drive; Special Use Permit in a proposed C-2 Zoning District for a Cigar Lounge; 0.71 acres; District 4/Holtkamp [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**2022-1048 RZM2022-00039,** Applicant: The Revive Land Group, LLC c/o Mahaffey Pickens Tucker, LLP; Owners: Gwinnett County Board of Commissioners, Kevin C. K. Chung, and RDM LLC; Rezoning with Concurrent Variance of Tax Parcel Nos. R3001 021, 072, and 135; 1900 Block of Auburn Road; C-1 and RA-200 to R-TH for Townhouses and Single-Family Detached Homes; 17.69 acres; District 4/Holtkamp [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Deny]

**2023-0298 RZM2023-00002,** Applicant: GAK Engineering, Inc.; Owner: Leon Ibenyenwa; Rezoning with Concurrent Variance of Tax Parcel No. R5123 228; 725 Cooper Road; R-100 to R-TH for Townhouses; 2.58 acres; District 3/Watkins [Planning Department Recommendation: Deny] [Planning Commission Recommendation: Deny]

**Public Hearing Agenda**
**Tuesday, March 28, 2023 - 7:00 PM**
**Page 6**

## IX. Public Hearing - New Business

### 4. Rezonings

**2023-0299 RZM2023-00004,** Applicant: Mustaq Moosa; Owner: Asif Dhanani; Rezoning of Tax Parcel No. R5078 003; 4008 Sugarloaf Parkway; C-2 to R-TH for Townhouses; 6.62 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Approve with Conditions]

**2023-0300 RZR2023-00008,** Applicant: James H. Barge; Owner: Nine Oaks Park, LLC; Rezoning of Tax Parcel No. R4247 004; 1525 Knight Circle; OSC to RA-200 for Agricultural Uses; 11.58 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

**2023-0301 SUP2023-00016,** Applicant: James H. Barge; Owner: Nine Oaks Park, LLC; Tax Parcel No. R4247 004; 1525 Knight Circle; Special Use Permit in a proposed RA-200 Zoning District for a Special Events Facility; 11.58 acres; District 3/Watkins [Planning Department Recommendation: Approve with Conditions] [Planning Commission Recommendation: Tabled - Date: 4/11/2023]

## X. New Business

### 1. Commissioners

**2023-0349 Approval** of appointment of David Will to the Ethics Board in accordance with the provisions of Section 54-37 of the Gwinnett County Code of Ethics.

### 2. Law Department/Michael P. Ludwiczak

**2023-0341 Approval/authorization** for the Chairwoman to execute a resolution to participate in the national TEVA, Allergan, CVS, Walgreens and Walmart Settlements and agreeing to be bound by an anticipated Memorandum of Understanding with the State of Georgia. Authorization for the Chairwoman to execute any and all documents necessary to effectuate the settlement. Subject to approval as to form by the Law Department.

### 3. Planning & Development/Susan Canon

**2023-0302 Ratification** of Plat approvals for February 1, 2023 through February 28, 2023.

## XI. Comments from Audience

## XII. Adjournment

**M E M O R A N D U M**

To:   Chairwoman Hendrickson
      District 1 Commissioner Carden
      District 2 Commissioner Ku
      District 3 Commissioner Watkins
      District 4 Commissioner Holtkamp

From:  Dee Geddie, Communications Department

The following item(s) will be on the agenda for the BOC public hearing on **March 28, 2023**, under the item of business announcements as a resolution of recognition, award, etc., as indicated:

1) **Proclamation:** Recognizing Public Health Week, April 3 – 9
   **Requested by:** Tina Fleming, Community Services Director
   **Attendee(s):** Representatives from Live Healthy Gwinnett
   **Presented by:** Chairwoman Nicole L. Hendrickson

2) **Proclamation:** Celebrating Volunteer Appreciation Week, April 16 – 22
   **Requested by:** Tina Fleming, Community Services Director
   **Attendee(s):** Representatives from Volunteer Gwinnett, community partners, and volunteers
   **Presented by:** Chairwoman Nicole L. Hendrickson

c:   Glenn Stephens          Betrand Williams
     Maria Woods             Steen Kirby
     Joe Sorenson            Tristan Fernandes
     Heather Sawyer          Neshanta Banks
     Kimberly Banner         Katie Gill
     Tina King               Jeanie Donaldson
     Tammy Gibson            Terrell Davis

# EXHIBIT E

CASE NUMBER RZR2023-00006
GCID 2023-0220

GWINNETT COUNTY

BOARD OF COMMISSIONERS

LAWRENCEVILLE, GEORGIA

RESOLUTION ENTITLED: AMENDMENT TO THE OFFICIAL ZONING MAP

ADOPTION DATE: MARCH 28, 2023

At the regular meeting of the Gwinnett County Board of Commissioners held in the Gwinnett Justice and Administration Center, Auditorium, 75 Langley Drive, Lawrenceville, Georgia.

| | Present | Vote |
|---|---|---|
| Nicole L. Hendrickson, Chairwoman | Yes | Aye |
| Kirkland Carden, District 1 | Yes | Nay |
| Ben Ku, District 2 | Yes | Aye |
| Jasper Watkins, III, District 3 | Yes | Aye |
| Matthew Holtkamp, District 4 | Yes | Aye |

On motion of Commissioner Watkins, which carried 4-1, the following Resolution was adopted:

A RESOLUTION TO AMEND THE OFFICIAL ZONING MAP

WHEREAS, the Municipal-Gwinnett County Planning Commission has held a duly advertised public hearing and has filed a formal recommendation with the Gwinnett County Board of Commissioners upon an Application to Amend the Official Zoning Map from R-100 to R-SR by David Pearson Communities for the proposed use of Single-Family Detached Subdivision on a tract of land described by the attached legal description, which is incorporated herein and made a part hereof by reference; and

CASE NUMBER RZR2023-00006
GCID 2023-0220

WHEREAS, notice to the public regarding said Amendment to the Official Zoning Map has been duly published in the Gwinnett Daily Post, the Official News Organ of Gwinnett County; and

WHEREAS, a public hearing was held by the Gwinnett County Board of Commissioners on March 28, 2023, and objections were filed.

NOW, THEREFORE, BE IT RESOLVED by the Gwinnett County Board of Commissioners, this 28th day of March 2023, that the aforesaid application to amend the Official Zoning Map from R-100 to R-SR is hereby **DENIED WITHOUT PREJUDICE**.

In addition, the following Variances were **DENIED WITHOUT PREJUDICE**:

1. To increase the maximum allowable height from one story to two stories.

2. To reduce the front yard setback for front-facing garages from 25 feet to 20 feet.

3. To allow individual lot access for a block containing a majority of lots less than 50 feet wide to be from a public street.

GWINNETT COUNTY BOARD OF COMMISSIONERS

By: _____
Nicole L. Hendrickson, Chairwoman

Date Signed: 5-9-2023

ATTEST:

By: _____
County Clerk/Deputy County Clerk

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
RECEIVED
12.1.2022

**SURVEY LEGAL DESCRIPTION  (TRACT ONE)**

*All that tract or parcel of land lying and being in Land Lot 67 of the 5th District, Gwinnett County, Georgia, and being more particularly described as follows:*

*BEGINNING at an iron pin set (#4 rebar w/cap) located at the intersection of the southwest line of Land Lot 67 which is the common line between Land Lot 62 and 67, and the southwesterly right-of-way of Temple Johnson Road (variable width right-of-way); having thus established the **TRUE POINT OF BEGINNING** leaving said iron pin and running in a generally northeasterly direction along the southeasterly right-of-way of Temple Johnson Road for the following courses and distances: running thence along a curve to the left for an arc length of 206.39 feet (said arc being subtended by a chord of N79°12'38"E – 202.60 feet and having a radius of 309.91 feet) to a point; thence running N60°11'22"E for a distance of 95.56 feet to a point; thence running N60°07'50"E for a distance of 282.04 feet to a point; thence running along a curve to left an arc length of 220.29 feet (said arc being subtended by a chord of N60°27'12"E – 220.24 feet and having a radius of 3088.21 feet) to a point; thence running N63°37'43"E for a distance of 415.49 feet to a point; thence running N62°40'18"E for a distance of 288.57 feet to an iron pin found (#4 rebar); thence leaving said right-of-way and running S29°54'47"E for a distance of 1120.75 feet to an iron pin found (1" open-top-pipe); thence running S29°54'47"E for a distance of 17.34 feet to a point in the centerline of a creek; thence running in a generally southwesterly direction along the centerline of said creek for the following courses and distance: running thence S77°34'28"W for a distance of 32.55 feet to a point; thence running S83°29'44"W for a distance of 18.53 feet to a point; thence running S59°49'59"W for a distance of 15.21 feet to a point; thence running S43°08'32"W for a distance of 31.50 feet to a point; thence running S36°16'16"W for a distance of 26.90 feet to a point; thence running; S86°39'31"W for a distance of 35.41 feet to a point; thence running S70°35'49"W for a distance of 14.05 feet to a point; thence running S49°21'34"W for a*

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

RECEIVED

12.1.2022

distance of 17.76 feet to a point; thence running S85°18'00"W for a distance of 4.63 feet to a point; thence running N83°57'00"W for a distance of 19.75 feet to a point; thence running S31°56'52"W for a distance of 13.31 feet to a point; thence running S71°39'11"W for a distance of 37.29 feet to a point; thence running S69°44'19"W for a distance of 23.82 feet to a point; thence running S51°54'29"W for a distance of 37.53 feet to a point; thence running S54°15'20"W for a distance of 52.26 feet to a point; thence running S82°26'12"W for a distance of 32.03 feet to a point; thence running S86°10'13"W for a distance of 17.86 feet to a point; thence running S62°47'45"W for a distance of 27.21 feet to a point; thence running S43°02'01"W for a distance of 12.59 feet to a point; thence running S34°34'35"W for a distance of 31.18 feet to a point; thence running S55°10'01"W for a distance of 14.24 feet to a point; thence running N87°29'38"W for a distance of 21.04 feet to a point; thence running N67°27'06"W for a distance of 4.56 feet to a point; thence running S70°52'18"W for a distance of 18.03 feet to a point; thence running S57°37'00"W for a distance of 17.99 feet to a point; thence running S59°33'33"W for a distance, of 13.31 feet to a point; thence running N79°40'01"W for a distance of 21.80 feet to a point; thence running N80°45'26"W for a distance of 17.73 feet to a point; thence running S69°13'39"W for a distance of 21.35 feet to a point; thence running N66°33'38"W for a distance of 15.14 feet to a point; thence running S59°36'49"W for a distance of 25.12 feet to a point; thence running S87°11'18"W for a distance of 5.30 feet to a point; thence running N59°29'47"W for a distance of 4.57 feet to a point; thence running N39°40'20"W for a distance of 17.90 feet to a point; thence running N55°37'17"W for a distance of 7.32 feet to a point; thence running S39°13'58"W for a distance of 7.40 feet to a point; thence running S36°02'56"W for a distance of 21.62 feet to a point; thence running S63°38'49"W for a distance of 18.75 feet to a point; thence running S32°17'04"W for a distance of 2.28 feet to a point; thence running S10°43'19"E for a distance of 2.62 feet to a point; thence running S12°51'34"W for a distance of 17.10 feet to a point; thence running S53°54'39"W for a distance of 8.57 feet to a point; thence running N46°48'31"W for a distance of 5.85 feet to a point; thence running N56°31'08"W for a distance

GWINNETT COUNTY
PLANNING AND DEVELOPMENT

**RECEIVED**

12.1.2022

of 6.16 feet to a point; thence running S38°26'10"W for a distance of 7.04 feet to a point; thence running S42°46'05"W for a distance of 17.69 feet to a point; thence running N83°03'22"W for a distance of 12.82 feet to a point; thence running S66°26'59"W for a distance of 15.03 feet to a point; thence running S49°45'41"W for a distance of 9.35 feet to a point; thence running S69°36'13"W for a distance of 7.73 feet to a point; thence running N53°50'34"W for a distance of 7.94 feet to a point; thence running N52°55'27"W for a distance of 10.80 feet to a point; thence running N72°49'49"W for a distance of 15.61 feet to a point; thence running N85°40'10"W for a distance of 9.59 feet to a point; thence running S30°56'02"W for a distance of 7.88 feet to a point; thence running S22°14'19"W for a distance of 20.54 feet to a point; thence running S14°54'39"W for a distance of 8.20 feet to a point; thence running S01°09'45"E for a distance of 14.29 feet to a point; thence running S23°50'31"W for a distance of 14.70 feet to a point; thence running S36°56'59"W for a distance of 33.04 feet to a point; thence running S36°16'29"W for a distance of 35.02 feet to a point; thence running S51°24'28"W for a distance of 23.97 feet to a point; thence running S50°06'54"W for a distance of 13.28 feet to a point; thence running S75°30'01"W for a distance of 10.82 feet to a point; thence running N53°51'27"W for a distance of 9.03 feet to a point; thence running S65°13'34"W for a distance of 10.10 feet to a point; thence running S52°21'13"W for a distance of 18.74 feet to a point; thence running S67°29'17"W for a distance of 24.81 feet to a point; thence running S55°29'29"W for a distance of 24.48 feet to a point; thence running S46°16'25"W for a distance of 5.76 feet to a point; thence running S86°01'57"W for a distance of 7.73 feet to a point; thence running S89°22'14"W for a distance of 15.02 feet to a point; thence running S60°39'02"W for a distance of 9.80 feet to a point; thence running S38°31'40"W for a distance of 23.25 feet to a point; thence running S45°49'39"W for a distance of 11.16 feet to a point; thence running S66°31'13"W for a distance of 6.26 feet to a point; thence running S62°46'56"W for a distance of 28.65 feet to a point; thence running S65°19'24"W for a distance of 15.16 feet to a point; thence running S42°48'56"W for a distance of 27.55 feet to a point; thence running S12°46'44"W for a

GWINNETT COUNTY
PLANNING AND DEVELOPMENT
**RECEIVED**
12.1.2022

distance of 8.52 feet to a point; thence running S59°5322"E for a distance of 8.32 feet to a

point; thence running N87°55'43"E for a distance of 14.58 feet to a point; thence running

S47°13'19"E for a distance of 14.12 feet to a point; thence running S28°48'42"W for a distance

of 13.53 feet to a point; thence running S86°10'50"W for a distance of 15.96 feet to  point;

thence running N89°18'41"W for a distance of 10.74 feet to a point; thence running

S54°52'18"W for a distance of 18.24 feet to a point; thence running S69°08'10"W for a

distance of 41.79 feet to a point; thence running S70°07'36"W for a distance of 24.16 feet to a

point; thence running S47°23'55"W for a distance of 21.19 feet to a point; thence running

S59°56'50"W for a distance of 36.75 feet to a point; thence running S57°24'43"W for a

distance of 38.88 feet to a point; thence running S76°10'41"W for a distance of 14.14 feet to a

point; thence running S53°56'54"W for a distance of 13.22 feet to a point; thence running

S42°46'27"W for a distance of 43.21 feet to a point; thence running S19°32'51"W for a

distance of 13.71 feet to a point; thence running S15°00'26"E for a distance of 13.25 feet to a

point; thence running S07°53'41"E for a distance of 18.10 feet to a point; thence S34°19'00"W

for a distance of 22.65 feet to a point; thence S53°48'01"W for a distance of 10.78 feet to a

point; thence leaving said centerline of creek and running N28°30'31"W for a distance of 20.00

feet to an iron pin set (#4 rebar w/cap); thence running N28°30'.31"W for a distance of 1252.36

feet to an iron pin set (#4 rebar w/cap) which is the **TRUE POINT OF BEGINNING**. Said Tract

One contains ±38.892 acres (±1,694,154 sq. ft.).

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-04993-6

6/8/2023 1:09 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of _Gwinnett_____ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-A-04993-6 |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| David Pearson Communities, Inc. | Gwinnett County, Georgia |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| Mazzawi, Anne, Dr. | | | | | (see attached list) | | | | |

| Last | . | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** R. Matthew Reeves     **Bar Number** 598808     Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**Attachment to Civil Case Filing Form**

Additional Defendants:

Gwinnett County Board of Commissioners
Nicole Love Hendrickson, in her official capacity
Kirkland Carden, in his official capacity
Ben Ku, in his official capacity
Jasper Watkins III, in his official capacity
Matthew Holtkamp, in his official capacity

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-04993-6**
**6/8/2023 1:09 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

David Pearson Communities, Inc., and

Dr. Anne Mazzawi, D.D.S.,

CIVIL ACTION 23-A-04993-6
NUMBER:_____

PLAINTIFF

VS.

Gwinnett County, Georgia; Gwinnett County Board
of Commissioners; Nicole Love Hendrickson, in her
official capacity; Kirkland Carden, in his official capacity;

Ben Ku, in his official capacity; Jasper Watkins III, in his
official capacity, and Matthew Holtkamp, in his official capacity,

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

R. Matthew Reeves, Esq.
S. Lanier Flanders, Esq.
Andersen Tate & Carr, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Blvd.
Duluth, GA 30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
8th day of June, 2023
This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of Superior Court

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6 _____

Date Filed June 8, 2023 _____

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnett _____ COUNTY

David Pearson Communities, Inc., et al. _____

Attorney's Address

R. Matthew Reeves, Esq. _____

Andersen Tate & Carr, P.C. _____

One Sugarloaf Centre, Suite 4000 _____
1960 Satellite Blvd., Duluth, GA 30097
Name and Address of Party to Served

Kirkland Carden (in his official capacity) _____

Gwinnett Justice & Administration Center _____

75 Langley Drive, Lawrenceville, GA 30046 _____

_____
Plaintiff

VS.

Gwinnett County, Georgia, et al., _____

_____
Defendant

_____
Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

☐

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Gwinnett County (in his official capacity Kirkland Carden) a corporation
by leaving a copy of the within action and summons with Mike Ludwiczak (County attorney)
X In charge of the office and place of doing business of said Corporation in this County.

Board of Commissioners

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June , 20 23

DEPUTY          9:43 Am          CLERK'S COPY

Lt. Higgins 50541

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Date Filed June 8, 2023

Georgia, Gwinnett _____ COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

_____ Plaintiff

One Sugarloaf Centre, Suite 4000
1960 Satellite Blvd., Duluth, GA 30097

VS.

Name and Address of Party to Served

Gwinnett County Board of Commissioners

Gwinnett County, Georgia, et al.

Gwinnett Justice & Administration Center

_____ Defendant

75 Langley Drive, Lawrenceville, GA 30046

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** Gwinnett County Board of Commissioners a corporation
Served the defendant
☒ by leaving a copy of the within action and summons with Mike Ludwiczak (County attorney)
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June , 20 23 .

DEPUTY

9:43 AM

CLERK'S COPY

Lt. Higgins 50541

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed June 8, 2023

Georgia, Gwinnett _____ COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

One Sugarloaf Centre, Suite 4000

1960 Satellite Blvd., Duluth, GA 30097

_____ Plaintiff

VS.

Gwinnett County, Georgia, et al.,

Name and Address of Party to Served

Gwinnett County, Georgia

Gwinnett Justice & Administration Center

75 Langley Drive, Lawrenceville, GA 30046

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant Gwinnett County, Georgia _____ a corporation
by leaving a copy of the within action and summons with Mike Ludwiczak (county attorney)
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June , 20 23.

4. Higgins 50541

DEPUTY

9:43AM

CLERK'S COPY

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Date Filed June 8, 2023

Georgia, Gwinnett _____ COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

_____ Plaintiff

VS.

One Sugarloaf Centre, Suite 4000

1960 Satellite Blvd., Duluth, GA 30097

Name and Address of Party to Served

Gwinnett County, Georgia, et al.,

Nicole Love Hendrickson (in official capacity)

Gwinnett Justice & Administration Center

_____ Defendant

75 Langley Drive, Lawrenceville, GA 30046

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with copy
of the within action and summons.

☐

**NOTORIOUS**
I have this day served the defendant _____ by leaving
copy of the action and summons at his most notorious place abode in this County.

☐

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** (inofficial capacity Nicole Love Hendrickson)
Served the defendant Gwinnett County Board of Commissioners a corporation
☒ by leaving a copy of the within action and summons with Mike Ludwiczak (county)
In charge of the office and place of doing business of said Corporation in this County. (attorney)

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June, 2023

4. Higgins 50541

DEPUTY   Auhar   CLERK'S COPY

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

Date Filed June 8, 2023

Superior Court ☒    Magistrate Court ☐
State Court ☐    Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnett _____ COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

One Sugarloaf Centre, Suite 4000
1960 Satellite Blvd., Duluth, GA 30097
Name and Address of Party to Served

Matthew Holtkamp (in his official capacity)

Gwinnett Justice & Administration Center

75 Langley Drive, Lawrenceville, GA 30046

_____

Plaintiff

VS.

Gwinnett County, Georgia, et al.,

_____

Defendant

_____

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Gwinnett County (in his official capacity Matthew Holtkamp) Gwinnett Board of Commissioners) _____ a corporation
☒ by leaving a copy of the within action and summons with Mike Ludwiczak (County
In charge of the office and place of doing business of said Corporation in this County. Attorney)

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June , 20 23

DEPUTY    943AM    CLERK'S COPY

L. Higgins 50541

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed June 8, 2023

Georgia, Gwinnett                COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

One Sugarloaf Centre, Suite 4000

1960 Satellite Blvd., Duluth, GA 30097

_____ Plaintiff

VS.

Gwinnett County, Georgia, et al.,

_____ Defendant

Name and Address of Party to Served

Ben Ku (in his official capacity)

Gwinnett Justice & Administration Center

75 Langley Drive, Lawrenceville, GA 30046

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Gwinnett County (in his official Capacity Ben Ku) board of Commissioners a corporation
☒ by leaving a copy of the within action and summons with Mike Ludwiczak (County Attorney)
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June, 20 23

DEPUTY                4:37 pm          **CLERK'S COPY**

H. Higgins 50541

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-04993-6

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Date Filed June 8, 2023

Georgia, Gwinnett COUNTY

David Pearson Communities, Inc., et al.

Attorney's Address

R. Matthew Reeves, Esq.

Andersen Tate & Carr, P.C.

_____
Plaintiff

VS.

One Sugarloaf Centre, Suite 4000

1960 Satellite Blvd., Duluth, GA 30097

Name and Address of Party to Served

Gwinnett County, Georgia, et al.,

Jasper Watkins III (in his official capacity)

_____
Defendant

Gwinnett Justice & Administration Center

75 Langley Drive, Lawrenceville, GA 30046

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Gwinnett County Board of Commissioners (in his official capacity Jasper Watkins III) corporation
☒ by leaving a copy of the within action and summons with Mike Ludwiczak (county attorney)
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of June, 20 23

Lt. Higgins 50541

DEPUTY

9:42AM CLERK'S COPY

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-04993-6

7/13/2023 11:13 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID PEARSON COMMUNITIES, INC. <br> and DR. ANNE MAZZAWI, D.D.S., <br><br> Plaintiffs, <br><br> v. <br><br> GWINNETT COUNTY, GEORGIA, <br> GWINNETT COUNTY BOARD OF <br> COMMISSIONERS, NICOLE LOVE <br> HENDRICKSON, in her official capacity, <br> KIRKLAND CARDEN, in his official <br> capacity, BEN KU, in his official capacity, <br> JASPER WATKINS III, in his official <br> capacity, and MATTHEW HOLTKAMP, <br> in his official capacity, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE <br><br> NO.  23-A-04993-6 |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND REZONING APPEAL**

COME NOW, Gwinnett County, Georgia, a political subdivision of the State of Georgia, Gwinnett County Board of Commissioners, Nicole Love Hendrickson, in her official capacity, Kirkland Carden, in his official capacity, Ben Ku, in his official capacity, Jasper Watkins III, in his official capacity, and Matthew Holtkamp, in his official capacity, Defendants in the above styled action and presents this Answer and Affirmative Defenses.

### **FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Gwinnett County, Georgia and the Gwinnett County Board of Commissioners have properly exercised discretion with regard to the acts complained of in Plaintiffs' Complaint and Plaintiffs have no clear legal right to any of the relief sought.

## THIRD DEFENSE

At all times, the actions of Gwinnett County, Georgia and the Gwinnett County Board of Commissioners were proper and in full compliance with the laws of the United States, the State of Georgia and the Unified Development Ordinance and other Codes of Gwinnett County, Georgia.

## FOURTH DEFENSE

The actions of Gwinnett County, Georgia and the Gwinnett County Board of Commissioners complained of in this case were a proper and legal exercise of legislative discretion and do not breach any rights of the Plaintiffs.

## FIFTH DEFENSE

To the extent that the Complaint states claims for damages under state law against Gwinnett County, Georgia, such claims should be dismissed for failure to comply with the strict requirements of O.C.G.A. § 36-11-1.

## SIXTH DEFENSE

To the extent the Plaintiffs' Complaint states claims under state law against Gwinnett County, Georgia, or its governing authority, such claims should be dismissed against it on the grounds of sovereign immunity.

## SEVENTH DEFENSE

Plaintiffs do not possess a clear legal right at this time to the relief sought or any requested permit.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation.

**NINTH DEFENSE**

Plaintiffs' claims against the individual Defendants are barred by qualified, official and sovereign immunity.

**TENTH DEFENSE**

Plaintiffs' claims are barred by Plaintiffs' failure to mitigate their damages.

**ELEVENTH DEFENSE**

As to Plaintiffs' federal claims against these Defendants, these Defendants show that under all of the facts and circumstances, their conduct was discretionary in nature, was not in violation of any clearly established constitutional right of which a reasonable public official would have had fair warning, and was likewise objectively reasonable, thereby entitling them to qualified immunity.

**TWELFTH DEFENSE**

Gwinnett County's ordinances in issue are generally applicable to all similarly situated residents and citizens of the County and thus do not violate equal protection rights.

**THIRTEENTH DEFENSE**

Plaintiffs have failed to properly and fully utilize and exhaust available state and administrative procedures and/or remedies afforded by state law in which all claims asserted by Plaintiffs in the action could be fully adjudicated.

**FOURTEENTH DEFENSE**

Gwinnett County has a rational basis for regulating land uses sought by Plaintiffs and distinguishing between it and certain other types of uses at issue in its ordinance.

3

**FIFTEENTH DEFENSE**

The claims and allegations in the Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

**SIXTEENTH DEFENSE**

Defendants show that Plaintiffs were not deprived of any constitutionally-protected rights, nor did Defendants violate the rights of Plaintiffs under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

**SEVENTEENTH DEFENSE**

The alleged injuries and damages sustained by Plaintiffs resulted solely from the voluntary and intentional conduct of Plaintiffs, and not from any conduct of Defendants.

**EIGHTEENTH DEFENSE**

Gwinnett County has a compelling interest in protecting the health, safety, and welfare of the public and thus a compelling interest in enforcing its ordinances regulating location of land users.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by waiver.

Responding to the allegations in the individually numbered paragraphs of Plaintiffs' Complaint, Defendants state as follows:

1.

Defendants generally admit the allegations contained in Paragraph 1 of the Complaint.

**I.       JURISDICTION, AND VENUE**

2.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.

Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants deny as pled the allegations contained in Paragraph 11 of the Complaint.

## II.    Background and Facts

12.

Defendants generally admit the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants generally admit the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants deny as pled the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants generally admit the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants generally admit the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants generally admit the property was zoned R-100.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Defendants generally admit the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants generally admit the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants deny as pled the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny as pled the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny as pled the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants deny as pled the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants generally admit the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants generally admit the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants deny as pled the allegations contained in Paragraph 27 of the Complaint.

**III.    Gwinnett County's Review of Plaintiffs' Application to Amend the Official Zoning Map and related Variances.**

28.

Defendants deny as pled the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants generally admit the allegations contained in Paragraph 29 of the Complaint

30.

Defendants generally admit the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants generally admit the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants generally admit the allegations contained in Paragraph 14 of the Complaint.

33.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants generally admit the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants deny as pled the allegations contained in Paragraph 36 of the Complaint.

37.

Defendants deny as pled the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants generally admit the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41 of the Complaint.

42.

Defendants generally admit the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants deny as pled the allegations contained in Paragraph 43 of the Complaint.

44.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 44 of the Complaint.

45.

Defendants deny as pled the allegations contained in Paragraph 45 of the Complaint.

46.

Defendants deny as pled the allegations contained in Paragraph 46 of the Complaint.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 47 of the Complaint.

## IV.      Causes of Action

### Count One:  Rezoning Appeal

48.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 47 of the Complaint.

49.

Defendants generally admit the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny as pled the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

### Count Two:  Regulatory Takings Claim

52.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 51 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

10

55.

Defendants deny the allegations contained in Paragraph 55 of the Complaint.

**Count Three:  Inverse Condemnation**

56.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 55 of the Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

**Count Four:  Substantive Due Process**

59.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 58 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**Count Five:  Compensation for Constitutional Deprivations**

62.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 61 of the Complaint.

63.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of the Complaint.

**Count Six:  Declaratory Judgment**

68.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 67 of the Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**Count Seven:  Injunctive Relief**

71.

Defendants reallege and reincorporate its affirmative defenses and responses to Paragraphs 1 through 70 of the Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants deny any allegations herein that are not specifically admitted and further deny

that Plaintiffs are entitled to recover any damages or its prayers for relief, including subparagraphs

(a) through (h).

This 13th day of July, 2023.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
*Attorney for Defendants*

1809 Buford Highway
Buford, GA  30518
(770) 932-3552
(770) 932-6348
thomas.mitchell@carmitch.com

13

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

DAVID PEARSON COMMUNITIES, INC. )
and DR. ANNE MAZZAWI, D.D.S.,　　　)
　　　　　　　　　　　　　　　　　　)　　CIVIL ACTION FILE
　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　NO.  23-A-04993-6
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
GWINNETT COUNTY, GEORGIA,　　　　)
GWINNETT COUNTY BOARD OF　　　　)
COMMISSIONERS, NICOLE LOVE　　　)
HENDRICKSON, in her official capacity, )
KIRKLAND CARDEN, in his official　　)
capacity, BEN KU, in his official capacity, )
JASPER WATKINS III, in his official　)
capacity, and MATTHEW HOLTKAMP, )
in his official capacity,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants,　　　　　　　)
_____

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served the foregoing *Answer and Affirmative Defenses* to the Clerk of Court for filing by uploading to the Odyssey EFileGA system, which will send statutory electronic service to the counsel of record listed below:

R. Matthew Reeves
S. Lanier Flanders
1960 Satellite Boulevard, Suite 4000
Duluth, GA  30097
mreeves@atclawfirm.com
flanders@atclawfirm.com

(signatures continued on next page)

14

This 13th day of July, 2023.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

_____

THOMAS M. MITCHELL
Georgia Bar No.  513597
*Attorney for Defendants*

1809 Buford Highway
Buford, Georgia 30518
(770) 932-3552
thomas.mitchell@carmitch.com