IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOROTHY LOUISE OAKLEY, IN HER CAPACITY AS PERSONAL REPRSENTATIVE OF THE ESTATE OF JUSTIN BUTLER, AND AS NEXT OF KIN OF THE DECEDENT, | ) ) ) ) ) | Civil Action File No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, AND JOHN DOES I, II, III, IV, AND V, WHOSE TRUE NAMES ARE UNKNOWN TO PLAINTIFF, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT "A"

# TO NOTICE OF AND PETITION FOR REMOVAL

1

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

☐ Superior or ☒ State Court of ___Clayton_____ County

| For Clerk Use Only | |
|---|---|
| 6/12/2023 | 2023CV01444 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Oakley, Dorothy Louise, in her Capacity

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

as Personal Representative of the Estate

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

of Justin Butler, and as Next of Kin of the

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

Decedent

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

**Defendant(s)**

SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP,

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

INDUSTRIAL 2, LP and John Does, I, II, III, IV and V

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|

**Plaintiff's Attorney** ___David K. May_____   **State Bar Number** ___478948___   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☒ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                 **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

2023CV01444

e-Filed 6/12/2023 4:26 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
### 9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
### TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

Plaintiff

Vs.

SL5 ATL INDUSTRIAL, LP

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

Defendant

2023CV01444

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: /s/ Latasha Currie
Deputy Clerk

e-Filed 6/12/2023 4:26 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

Plaintiff

Vs.

SL5 ATL INDUSTRIAL 2, LP

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

Defendant

2023CV01444

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Latasha Currie

By:_____
Deputy Clerk

*Tiki Brown*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Latasha Curri

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

Plaintiff

Vs.

SL5 ATL INDUSTRIAL GP, LLC

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

Defendant

**2023CV01444**

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Latasha Currie
By:_____
Deputy Clerk

2023CV01444

E-Filed 6/12/2023 4:26 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

Plaintiff

Vs.

SL5 ATL INDUSTRIAL GP, LLC

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

Defendant

2023CV01444

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Latasha Currie
By:_____
Deputy Clerk

2023CV01444

e-Filed 6/12/2023 4:26 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

                Plaintiff

Vs.

SL5 URBAN INDUSTRIAL 2, LP

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

                Defendant

2023CV01444

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

                    **TIKI BROWN**
                    **CLERK OF COURT**
                    **State Court of Clayton County**

By:_____/s/ Latasha Currie_____

Deputy Clerk

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

_____
                                    Plaintiff

Vs.                                                         **2023CV01444**
                                                   _____
SL5 URBAN INDUSTRIAL GP, LLC                            Case Number

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046
_____
                                    Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

                                    **TIKI BROWN**
                                    **CLERK OF COURT**
                                    **State Court of Clayton County**

            /s/ Latasha Currie
By:_____
Deputy Clerk

*2023CV01444*
e-Filed 6/12/2023 4:26 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

Latasha Currie

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Dorothy Louise Oakley, In Her Capacity as Personal

Representative of the Estate of Justin Butler, and as

Next of Kin of the Decedent,

Plaintiff

2023CV01444

Vs.

Case Number

SL5 ATL INDUSTRIAL, LP

c/o CT Corporation System, Registered Agent

289 S. Culver Street, Lawrenceville, GA 30046

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

David K. May
Benjamin J. Hillis
Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Latasha Currie
By:_____
Deputy Clerk

2023CV01444

e-Filed 6/12/2023 4:26 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

DOROTHY LOUISE OAKLEY, In Her Capacity as )
Personal Representative of the Estate of Justin Butler, )
and as Next of Kin of the Decedent, )

      Plaintiff, )

      vs. )

SL5 ATL INDUSTRIAL GP, LLC, )
SL5 ATL INDUSTRIAL, LP, )
SL5 ATL INDUSTRIAL 2, LP, )
SL5 URBAN INDUSTRIAL GP, LLC, )
SL5 URBAN INDUSTRIAL 2, LP, and )
JOHN DOES I, II, III, IV, and V, )
Whose True Names are Unknown to Plaintiffs, )

      Defendants, )

State Court Civil Action
**2023CV01444**
File No.: _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES

COMES NOW DOROTHY LOUISE OAKLEY, ("Plaintiff") in her capacity as personal representative of the Estate of Justin Butler, and as the next of kin of her deceased adult son, Justin Butler, files this Complaint for Damages against the above-named Defendants, and shows this Court the following:

### DESCRIPTION OF PARTIES, JURISDICTION AND VENUE

1.      This is a wrongful death action brought by Plaintiff DOROTHY LOUISE OAKLEY in her capacity as personal representative of the Estate of Justin Butler, and as next of kin of the decedent, against the above-named Defendants for their negligence in causing the death of Justin Butler on June 12, 2021.

2.      Plaintiff is the natural parent of Justin Butler, an adult who left no surviving spouse or children of his own, so that Plaintiff, as the administrator of the decedent's estate, is entitled to bring this action as next of kin to recover for the full value of the life of the decedent.

3.      As personal representative of the Estate of Justin Butler ("the Estate"), Plaintiff is entitled to recover on behalf of the Estate for the funeral, medical, and other necessary expenses resulting from the injury and death of Justin Butler as well as for the pain and suffering he endured prior to his death.

4.      Defendants SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, and SL5 URBAN INDUSTRIAL 2, LP (collectively the "Defendants") are foreign limited partnerships and limited liability corporations with their principal office located at 100 Crescent Court, Suite 850, Dallas, Texas, 75201, who at all relevant times have been authorized to transact business in Georgia.

5.      The Defendants may be served with the Summons and Complaint through their registered agent, CT Corporation System, which is located at 289 S. Culver Street., Lawrenceville, Georgia 30046.

6.      Defendants JOHN DOES I, II, III, IV and V, whose true names are unknown to Plaintiff, are subject to the jurisdiction and venue of this Court.  Defendants JOHN DOES I, II, III, IV and V are liable in negligence for the injuries and suffered by Justin Butler, and resulting damages sought by Plaintiff as a result of tortious acts or omissions committed on the Premises on June 12, 2021. Defendant JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV and JOHN DOE V will be properly served with process upon their identities being ascertained.

7.      Jurisdiction is proper in this Court, and venue is proper in Clayton County where the Defendants' negligence occurred, and where Defendants have an office and transact business.

## FACTS OF THE CASE

8.      At all times relevant to this Complaint, Defendants owned, occupied, and/or managed the real property located at 4820 Clark Howell Highway, Suite A-3, College Park, Georgia, 30349 ("the Premises").

9.      City Electric Supply Company co-occupied the Premises with Defendants.

10.     Defendants had a lease agreement and/or other contractual agreements with City Electric Supply Company ("City Electric") including an agreement to perform electrical work at the Premises.

11.     The decedent, Justin Butler, was employed by City Electric on June 12, 2021, and was at the Defendants' Premises performing work as a business invitee.

12.     On or about June 12, 2021, Justin Butler climbed up on to a ladder to remove a drop ceiling panel next to a light fixture in order to replace an overhead light at City Electric showroom on the Premises.

13.     While on the ladder, Justin Butler began working on a light fixture or fixtures when he came into contact with a live electrical line or wire which electrocuted and killed him.

14.     Prior to commencing the work performed by decedent, Defendants failed to give notice of the work that was to be performed to the appropriate utilities protection center

15.     Defendants failed to deenergize or ground the live electrical line, relocate it, install a protective covering, install a mechanical barrier, or provide any feasible safeguard.

16.     Defendants improperly wired their Premises with an electrical wiring system not suitable for the particular commercial purposes to which their Premises was put.

17.     Defendants also failed to properly inspect, maintain, repair, warn of, or otherwise make safe the hazardous condition of the Premises.

18.     After Justin Butler was electrocuted, a City Electric employee called 911.

19.     EMS arrived and transported Justin Butler to the hospital.

20.     Justin Butler succumbed to his injuries after arriving at the hospital and died on June 12, 2021.

21.     His death was caused by electrocution.

2023CV01444

## COUNT I

## PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1

22.    Defendants SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, and SL5 URBAN INDUSTRIAL 2, LP (collectively the "Defendants"), as owners, occupiers, and/or property managers of the Premises including the live electrical line or wire which Justin Butler came into contact with, owed a nondelegable duty to Justin Butler under O.C.G.A. § 51-3-1 to use that degree of care exercised by an ordinarily prudent person under the same or similar circumstances to protect its business invitee from non-obvious hazardous conditions of which these Defendants had actual and/or constructive knowledge, and to keep the Premises in a reasonably safe condition.

23.    Defendants failed to exercise ordinary care and thereby breached the nondelegable duty of care they owed Justin Butler by failing to inspect, maintain, repair, warn of, use a different electrical line or wiring, deenergize the power, ground the line, relocate it, install a protective covering or mechanical barrier, or otherwise safeguard against the hazardous condition of the live electrical line and Premises.

24.    Defendants were negligent per se and thereby violated O.C.G.A. § 51-3-1 by failing to comply with:

a.  Clayton County's building code and/or ordinances; and

b.  The International Building Code (IBC), International Property Maintenance Code (IPMC) and National Electrical Code (NEC) requirements as adopted by the State of Georgia and/or Clayton County.

25.    At all relevant times, Defendants had actual and/or constructive knowledge superior to that of Justin Butler that the live electrical line in the ceiling of the show room presented a hazardous condition.

26.    Justin Butler exercised all ordinary care owed under the circumstances.

27.    As a direct and proximate result of Defendants failure to exercise ordinary care by failing to inspect, maintian, repair, make safe, warn of, use a different electrical line or wiring, deenergize the power, ground the line, relocate it, install a protective covering or mechanical barrier, or otherwise safeguard against the hazardous condition of live electrical line or wire, as well as Defendants violations of the above-referenced building codes, property maintenance code, electrical code, and ordinances, Justin Butler suffered severe bodily injuries and was killed.

28.    As a direct and proximate result of Defendants' negligence described above, Plaintiff, as the administrator of the Estate, is entitled to recover as Justin Butler's next of kin, for the full value of his life.

29.    As a direct and proximate result of Defendants' negligence described above, Plaintiff, as the administrator of the Estate, and the Estate's personal representative in this wrongful death action, is entitled to recover on behalf of the Estate for the funeral, medical, and other necessary expenses resulting from the injury and death of Justin Butler as well as for the pain and suffering he endured prior to his death.

## COUNT II

## DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ.

30.    O.C.G.A. § 46-3-33 of the High Voltage Safety Act ("HVSA") provides that "[n]o person, firm, or corporation shall commence any work as defined in paragraph (6) of Code Section 46-3-32 if at any time any person or any item specified in paragraph (6) of Code Section 46-3-32 may be brought within ten feet of any high-voltage line unless and until": (1) The person responsible for the work has given the notice required by Code Section 46-3-34 to a utilities protection center and; (2) the owner or operator of such high-voltage line has effectively guarded against danger from accidental contact by either deenergizing and grounding the line, relocating it, or installing protective covering or mechanical barriers, whichever safeguard is deemed by the owner or operator to be feasible under the circumstances.

31.     Defendants violated the provisions of O.C.G.A. § 46-3-33 by allowing Plaintiff to work within the ten (10) foot vicinity of high-voltage line without providing notice to a utilities protection center as required under O.C.G.A. § 46-3-34 prior to the commencement of the work.

32.     Defendants also violated the provisions of O.C.G.A. § 46-3-33 by failing to effectively guard against danger from accidental contact by either deenergizing and grounding the line, relocating it, or installing protective covering or mechanical barriers, whichever safeguard it deemed to be feasible under the circumstances.

33.     As a direct and proximate result of Defendants' violations of the HVSA and negligence described above, Justin Butler suffered severe bodily injuries and was killed.

34.     As a direct and proximate result of Defendants' violations of the HVSA and negligence described above, Plaintiff, as the administrator of the Estate, is entitled to recover as Justin Butler's next of kin, for the full value of his life.

35.     As a direct and proximate result of Defendants' violations of the HVSA and negligence described above, Plaintiff, as the administrator of the Estate and the Estate's personal representative in this wrongful death action, is entitled to recover on behalf of the Estate for the funeral, medical, and other necessary expenses resulting from the injury and death of Justin Butler as well as for the pain and suffering he endured prior to his death.

## COUNT III

## DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.

36.     Defendants contracted with City Electric through a lease or other agreement to occupy and/or manage the Premises, or to perform the work City Electric's employee, Justin Butler, was electrocuted while performing.

37.     Therefore, Defendants were the employer, under O.C.G.A. § 51-2-4, of its independent contractor, City Electric.

38.     City Electric was negligent for violating provisions of the following statutes, building codes, property maintenance code, electrical code, and ordinances:

    a.  O.C.G.A. § 51-3-1;

    b.  O.C.G.A. § 46-3-30 et. seq. including O.C.G.A. § 46-3-33;

    c.  Clayton County's building code and/or ordinances; and

    d.  The International Building Code (IBC), International Property Maintenance Code (IPMC) and National Electrical Code (NEC) requirements as adopted by the State of Georgia and/or Clayton County.

39.     The above statutes, building codes, property maintenance code, electrical code, and ordinances imposed nondelegable duties on Defendants that they could not contract away to City Electric as their independent contractor.

40.     City Electric breached the statutory duties, and duties imposed on it by the above statutes, building codes, property maintenance code, electrical code, and ordinances in multiple ways, including but not limited by its failure to inspect, maintain, repair, make safe, warn of, use a different electrical line or wiring, deenergize the power, ground the line, relocate the line or wiring, install a protective covering or mechanical barrier, notify the utilities protection center of the work to be performed, properly train Justin Butler and its other employees, or otherwise safeguard against the hazardous condition of the live electrical line and wires.

41.     Therefore, Defendants are vicariously liable under O.C.G.A. § 51-2-5 (4) for their independent contractor's wrongful acts in violation of nondelegable duties imposed by the above-referenced statutes, building codes, property maintenance code, electrical code, and ordinances.

42.     As a direct and proximate result of City Electric's negligence due to its wrongful acts in violation of the duties imposed by the above-referenced statutes, building codes, property maintenance code, electrical code, and ordinances for which Defendants are vicariously liable, Justin Butler suffered severe bodily injuries and was killed.

43.    As a direct and proximate result of City Electric's negligence due to its wrongful acts in violation of the duties imposed by the above-referenced statutes, building codes, property maintenance code, electrical code, and ordinances for which Defendants are vicariously liable, Plaintiff, as the administrator of the Estate, is entitled to recover as Justin Butler's next of kin, for the full value of his life.

44.    As a direct and proximate result of City Electric's negligence due to its wrongful acts in violation of the duties imposed by the above-referenced statutes, building codes, property maintenance code, electrical code, and ordinances for which Defendants are vicariously liable, Plaintiff, as the administrator of the Estate and the Estate's personal representative in this wrongful death action, is entitled to recover on behalf of the Estate for the funeral, medical, and other necessary expenses resulting from the injury and death of Justin Butler as well as for the pain and suffering he endured prior to his death.

## COUNT IV – BAD FAITH DAMAGES

45.    Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiff undue trouble and expense. As a result of Defendants' actions and/or inactions, Plaintiff are entitled to recover their expenses of litigation, including costs and reasonable attorney's fees under O.C.G.A. § 13-6-1 1 and any other statutory or common law basis.

**WHEREFORE**, Plaintiff prays:

1.    That summons issue, and that Defendants be served with process as provided by law;

2.    Plaintiff has a trial by a 12-person jury;

3.    Judgment be entered against Defendants and in favor of Plaintiff, as Justin Butler's next of kin, for the full value of his life.

4.    Judgment be entered against Defendants and in favor of Plaintiff as the administrator of the Estate and the Estate's personal representative in this wrongful death action for

the funeral, medical, and other necessary expenses resulting from the injury and death

of Justin Butler as well as for the pain and suffering he endured prior to his death.

5.    All costs be taxed against the Defendants including attorney's fees;

6.    Plaintiff be awarded pre- and post-judgment interest; and

7.    Plaintiff be granted all other relief that this Court deems just and proper.

This 12th day of June 2023.

/s/David May
David May
Georgia Bar No. 478948
Benjamin J. Hillis
Georgia Bar No. 228762

PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
Tel: 678-534-1980
Email:      david@princemay.com          *Attorneys for Plaintiffs*
            ben@princemay.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | ) ) ) ) | |
| | ) | Civil Action File No.: 2023CV01444 |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT SL5 ATL INDUSTRIAL 2, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SL5 ATL Industrial 2, LP (hereinafter "SL5 ATL Industrial 2, LP" or "this Defendant"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

For a First Defense, SL5 ATL Industrial 2, LP, responds to the numbered paragraphs of the Complaint as follows:

### DESCRIPTION OF PARTIES, JURISDICTION, AND VENUE

1.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

2.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

3.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

4.

This Defendant admits that it is a foreign limited partnership that is authorized to transact business in Georgia and that maintains its principal office at the address alleged in this paragraph. The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.   To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

5.

This Defendant admits that it may be served with process at the address alleged in this paragraph.   The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.  To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

6.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

7.

This Defendant admits jurisdiction but denies venue is proper in Clayton County, and it specifically preserves all defenses as to venue in Clayton County.

## FACTS OF THE CASE

8.

This Defendant admits it owned and managed the premises located at the address alleged in this paragraph on the date of the underlying incident, but it denies the remaining allegations contained in this paragraph.

9.

This Defendant denies the allegations contained in this paragraph.

10.

This Defendant admits it had a lease agreement with City Electric Supply Company, which speaks for itself.  This Defendant denies the remaining allegations contained in this paragraph.

11.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

12.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

13.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

14.

This Defendant denies the allegations contained in this paragraph.

15.

This Defendant denies the allegations contained in this paragraph.

16.

This Defendant denies the allegations contained in this paragraph.

17.

This Defendant denies the allegations contained in this paragraph.

18.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

19.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

21.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## COUNT I

### PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1

22.

This Defendant denies the allegations contained in this paragraph.

23.

This Defendant denies the allegations contained in this paragraph.

24.

This Defendant denies the allegations contained in this paragraph and its subparts a. through b.

25.

This Defendant denies the allegations contained in this paragraph.

26.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27.

This Defendant denies the allegations contained in this paragraph.

28.

This Defendant denies the allegations contained in this paragraph.

29.

This Defendant denies the allegations contained in this paragraph.

## COUNT II

## DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ

30.

The entirety of this paragraph states conclusions of law, such that a response is not required of this Defendant.  To the extent a response is required, this Defendant denies the allegations contained in this paragraph as pled.

31.

This Defendant denies the allegations contained in this paragraph.

-5-

32.

This Defendant denies the allegations contained in this paragraph.

33.

This Defendant denies the allegations contained in this paragraph.

34.

This Defendant denies the allegations contained in this paragraph.

35.

This Defendant denies the allegations contained in this paragraph.

## COUNT III

## DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.

36.

This Defendant denies the allegations contained in this paragraph.

37.

This Defendant denies the allegations contained in this paragraph.

38.

This Defendant denies the allegations contained in this paragraph, including its subparts a. through d.

39.

This Defendant denies the allegations contained in this paragraph.

40.

This Defendant denies the allegations contained in this paragraph.

41.

This Defendant denies the allegations contained in this paragraph.

42.

This Defendant denies the allegations contained in this paragraph.

43.

This Defendant denies the allegations contained in this paragraph.

44.

This Defendant denies the allegations contained in this paragraph.

## COUNT IV - BAD FAITH DAMAGES

45.

This Defendant denies the allegations contained in this paragraph.

46.

This Defendant denies all allegations of negligence or liability against it contained in the "WHEREFORE" paragraph immediately following paragraph 45 of Plaintiff's Complaint, including its subparts 1. through 7., and it specifically denies it is liable or indebted to Plaintiff in any manner or amount whatsoever.

## GENERAL DENIAL

All allegations contained in Plaintiff's Complaint not specifically admitted or denied above are hereby denied.

## JURY DEMAND

This Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

## SECOND DEFENSE

Defendants SL 5 Industrial GP, LLC, SL5 ATL Industrial, LP, SL5 ATL Industrial GP, LLC, and SL5 Urban Industrial 2, LP, are not proper defendants in this action.

### THIRD DEFENSE

Plaintiff's claims predicated on violations of O.C.G.A. § 46-3-30 et seq., and on purported vicarious liability for its tenant's alleged actions, lack any basis in fact or in law.

### FOURTH DEFENSE

This Defendant breached no legal duty owed to Plaintiff or her decedent.

### FIFTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to Plaintiff's damages.

### SIXTH DEFENSE

Plaintiff's damages were proximately caused by independent, intervening, and/or superseding acts or omissions of third parties over whom this Defendant had no control, and for whose negligence this Defendant is not liable.

### SEVENTH DEFENSE

Plaintiff's damages, if any, shall be subject to apportionment among all parties and designated non-parties pursuant O.C.G.A. § 51-12-33.

### EIGHTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because there is a bona fide dispute between the parties, and this Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith with respect to Plaintiff's doubtful claims against it.

### NINTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or

acted in bad faith.

WHEREFORE, having fully answered Plaintiff's Complaint, SL5 ATL Industrial 2, LP, requests that this case go forward and that it receive a judgment in its favor, casting all costs against Plaintiff, and for all such other and further relief as the Court deems just and proper under the circumstances.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL 2, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David K. May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
david@princemay.com
ben@princemay.com
*Attorneys for Plaintiffs*

This 12th day of July, 2023.

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, <br><br>     Plaintiff, <br><br> v. <br><br> SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs,, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action File No.: 2023CV01444 |

## DEFENDANT SL5 ATL INDUSTRIAL 2, LP'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SL5ATL Industrial 2, LP, Defendant in the above-styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

-1-

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL 2, LP'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
*Attorneys for Plaintiffs*
*david@princemay.com*
*ben@princemay.com*

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: 2023CV01444 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs, Defendants. | ) ) ) ) ) ) ) ) ) | |

### DEFENDANT SL5 ATL INDUSTRIAL GP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SL5 ATL Industrial GP, LLC (hereinafter "SL5 ATL Industrial GP, LP" or "this Defendant"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

For a First Defense, SL5 ATL Industrial GP, LLC, responds to the numbered paragraphs of the Complaint as follows:

### DESCRIPTION OF PARTIES, JURISDICTION, AND VENUE

1.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

-1-

2.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

3.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

4.

This Defendant admits that it is a foreign general partnership that maintains its principal office at the address alleged in this paragraph, but it denies it is currently authorized to do business in Georgia.  The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.  To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

5.

This Defendant admits that it may be served with process at the address alleged in this paragraph.  The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.  To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

6.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

7.

This Defendant admits jurisdiction but denies venue is proper in Clayton County, and it specifically preserves all defenses as to venue in Clayton County.

## FACTS OF THE CASE

8.

This Defendant admits its wholly owned subsidiary, co-Defendant SL5 ATL Industrial 2, LP, owned and managed the premises located at the address alleged in this paragraph on the date of the underlying incident, but it denies the remaining allegations contained in this paragraph.

9.

This Defendant denies the allegations contained in this paragraph.

10.

This Defendant admits its wholly owned subsidiary, co-Defendant SL5 ATL Industrial 2, LP, had a lease agreement with City Electric Supply Company, which speaks for itself.  This Defendant denies the remaining allegations contained in this paragraph.

11.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

12.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

13.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

14.

This Defendant denies the allegations contained in this paragraph.

15.

This Defendant denies the allegations contained in this paragraph.

16.

This Defendant denies the allegations contained in this paragraph.

17.

This Defendant denies the allegations contained in this paragraph.

18.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

19.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

21.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## **COUNT I**

## **PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1**

22.

This Defendant denies the allegations contained in this paragraph.

23.

This Defendant denies the allegations contained in this paragraph.

24.

This Defendant denies the allegations contained in this paragraph and its subparts a. through b.

25.

This Defendant denies the allegations contained in this paragraph.

26.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27.

This Defendant denies the allegations contained in this paragraph.

28.

This Defendant denies the allegations contained in this paragraph.

29.

This Defendant denies the allegations contained in this paragraph.

## COUNT II

## DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ

30.

The entirety of this paragraph states conclusions of law, such that a response is not required of this Defendant.  To the extent a response is required, this Defendant denies the allegations contained in this paragraph as pled.

31.

This Defendant denies the allegations contained in this paragraph.

32.

This Defendant denies the allegations contained in this paragraph.

33.

This Defendant denies the allegations contained in this paragraph.

34.

This Defendant denies the allegations contained in this paragraph.

35.

This Defendant denies the allegations contained in this paragraph.

## COUNT III

## DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.

36.

This Defendant denies the allegations contained in this paragraph.

37.

This Defendant denies the allegations contained in this paragraph.

38.

This Defendant denies the allegations contained in this paragraph, including its subparts a. through d.

39.

This Defendant denies the allegations contained in this paragraph.

40.

This Defendant denies the allegations contained in this paragraph.

41.

This Defendant denies the allegations contained in this paragraph.

42.

This Defendant denies the allegations contained in this paragraph.

43.

This Defendant denies the allegations contained in this paragraph.

44.

This Defendant denies the allegations contained in this paragraph.

**COUNT IV - BAD FAITH DAMAGES**

45.

This Defendant denies the allegations contained in this paragraph.

46.

This Defendant denies all allegations of negligence or liability against it contained in the "WHEREFORE" paragraph immediately following paragraph 45 of Plaintiff's Complaint, including its subparts 1. through 7., and it specifically denies it is liable or indebted to Plaintiff in any manner or amount whatsoever.

**GENERAL DENIAL**

All allegations contained in Plaintiff's Complaint not specifically admitted or denied above are hereby denied.

**JURY DEMAND**

This Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

**SECOND DEFENSE**

Defendants SL 5 Industrial GP, LLC, SL5 ATL Industrial, LP, SL5 ATL Industrial GP,

LLC, and SL5 Urban Industrial 2, LP, are not proper defendants in this action.

### THIRD DEFENSE

Plaintiff's claims predicated on violations of O.C.G.A. § 46-3-30 et seq., and on purported vicarious liability for its subsidiary's tenant's alleged actions, lack any basis in fact or in law.

### FOURTH DEFENSE

This Defendant breached no legal duty owed to Plaintiff or her decedent.

### FIFTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to Plaintiff's damages.

### SIXTH DEFENSE

Plaintiff's damages were proximately caused by independent, intervening, and/or superseding acts or omissions of third parties over whom this Defendant had no control, and for whose negligence this Defendant is not liable.

### SEVENTH DEFENSE

Plaintiff's damages, if any, shall be subject to apportionment among all parties and designated non-parties pursuant O.C.G.A. § 51-12-33.

### EIGHTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because there is a bona fide dispute between the parties, and this Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith with respect to Plaintiff's doubtful claims against it.

### NINTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because

Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith.

WHEREFORE, having fully answered Plaintiff's Complaint, SL5 ATL Industrial GP, LP, requests that this case go forward and that it receive a judgment in its favor, casting all costs against Plaintiff, and for all such other and further relief as the Court deems just and proper under the circumstances.

This 12th day of July, 2023.

Respectfully submitted,

/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Defendants

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
         swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL GP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David K. May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
david@princemay.com
ben@princemay.com
*Attorneys for Plaintiffs*

This 12th day of July, 2023.

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

2023CV01444
e-Filed 7/12/2023 5:14 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent,<br><br>Plaintiff,<br><br>v.<br><br>SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs,,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action File No.: 2023CV01444 |

## DEFENDANT SL5 ATL INDUSTRIAL GP, LLC'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SL5 ATL Industrial GP, LLC, Defendant in the above-styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

-1-

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL GP, LLC'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
*Attorneys for Plaintiffs*
*david@princemay.com*
*ben@princemay.com*

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | )<br>)<br>)<br>)<br>) |
| | ) Civil Action File No.: 2023CV01444 |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| SL5 ATL INDUSTRIAL GP, LLC, | ) |
| SL5 ATL INDUSTRIAL, LP, | ) |
| SL5 ATL INDUSTRIAL 2, LP, | ) |
| SL5 URBAN INDUSTRIAL GP, LLC, | ) |
| SL5 URBAN INDUSTRIAL 2, LP, and JOHN | ) |
| DOES I, II, III, IV, and V, | ) |
| Whose True Names are Unknown to Plaintiffs, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT SL5 ATL INDUSTRIAL, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SL5 ATL Industrial, LP (hereinafter "SL5 ATL Industrial, LP" or "this Defendant"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

For a First Defense, SL5 ATL Industrial, LP, responds to the numbered paragraphs of the Complaint as follows:

### DESCRIPTION OF PARTIES, JURISDICTION, AND VENUE

1.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

2.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

3.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

4.

This Defendant admits that it is a foreign limited partnership that is authorized to transact business in Georgia and that maintains its principal office at the address alleged in this paragraph. The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.   To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

5.

This Defendant admits that it may be served with process at the address alleged in this paragraph.   The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.   To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

6.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

7.

This Defendant admits jurisdiction but denies venue is proper in Clayton County, and it specifically preserves all defenses as to venue in Clayton County.

## **FACTS OF THE CASE**

8.

This Defendant denies the allegations contained in this paragraph.

9.

This Defendant denies the allegations contained in this paragraph.

10.

This Defendant denies the allegations contained in this paragraph.

11.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

12.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

13.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

14.

This Defendant denies the allegations contained in this paragraph.

15.

This Defendant denies the allegations contained in this paragraph.

16.

This Defendant denies the allegations contained in this paragraph.

17.

This Defendant denies the allegations contained in this paragraph.

18.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

19.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

21.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## **COUNT I**

## **PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1**

22.

This Defendant denies the allegations contained in this paragraph.

23.

This Defendant denies the allegations contained in this paragraph.

24.

This Defendant denies the allegations contained in this paragraph and its subparts a. through b.

25.

This Defendant denies the allegations contained in this paragraph.

26.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27.

This Defendant denies the allegations contained in this paragraph.

28.

This Defendant denies the allegations contained in this paragraph.

29.

This Defendant denies the allegations contained in this paragraph.

**COUNT II**

**DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ**

30.

The entirety of this paragraph states conclusions of law, such that a response is not required of this Defendant.  To the extent a response is required, this Defendant denies the allegations contained in this paragraph as pled.

31.

This Defendant denies the allegations contained in this paragraph.

32.

This Defendant denies the allegations contained in this paragraph.

33.

This Defendant denies the allegations contained in this paragraph.

34.

This Defendant denies the allegations contained in this paragraph.

35.

This Defendant denies the allegations contained in this paragraph.

## **COUNT III**

## **DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.**

36.

This Defendant denies the allegations contained in this paragraph.

37.

This Defendant denies the allegations contained in this paragraph.

38.

This Defendant denies the allegations contained in this paragraph, including its subparts a. through d.

39.

This Defendant denies the allegations contained in this paragraph.

40.

This Defendant denies the allegations contained in this paragraph.

41.

This Defendant denies the allegations contained in this paragraph.

42.

This Defendant denies the allegations contained in this paragraph.

43.

This Defendant denies the allegations contained in this paragraph.

44.

This Defendant denies the allegations contained in this paragraph.

## COUNT IV - BAD FAITH DAMAGES

45.

This Defendant denies the allegations contained in this paragraph.

46.

This Defendant denies all allegations of negligence or liability against it contained in the "WHEREFORE" paragraph immediately following paragraph 45 of Plaintiff's Complaint, including its subparts 1. through 7., and it specifically denies it is liable or indebted to Plaintiff in any manner or amount whatsoever.

## GENERAL DENIAL

All allegations contained in Plaintiff's Complaint not specifically admitted or denied above are hereby denied.

## JURY DEMAND

This Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

## SECOND DEFENSE

Defendants SL 5 Industrial GP, LLC, SL5 ATL Industrial, LP, SL5 ATL Industrial GP, LLC, and SL5 Urban Industrial 2, LP, are not proper defendants in this action.

## THIRD DEFENSE

Plaintiff's claims predicated on violations of O.C.G.A. § 46-3-30 et seq., and on purported vicarious liability, lack any basis in fact or in law.

## FOURTH DEFENSE

This Defendant breached no legal duty owed to Plaintiff or her decedent.

## FIFTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to Plaintiff's damages.

## SIXTH DEFENSE

Plaintiff's damages were proximately caused by independent, intervening, and/or superseding acts or omissions of third parties over whom this Defendant had no control, and for whose negligence this Defendant is not liable.

## SEVENTH DEFENSE

Plaintiff's damages, if any, shall be subject to apportionment among all parties and designated non-parties pursuant O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because there is a bona fide dispute between the parties, and this Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith with respect to Plaintiff's doubtful claims against it.

## NINTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith.

WHEREFORE, having fully answered Plaintiff's Complaint, SL5 ATL Industrial, LP, requests that this case go forward and that it receive a judgment in its favor, casting all costs against Plaintiff, and for all such other and further relief as the Court deems just and proper under the circumstances.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David K. May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
david@princemay.com
ben@princemay.com
*Attorneys for Plaintiffs*

This 12th day of July, 2023.

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DOROTHY LOUISE OAKLEY, In Her<br>Capacity as Personal Representative of the<br>Estate of Justin Butler, and as Next of Kin of the<br>Decedent,<br><br>      Plaintiff,<br><br>v.<br><br>SL5 ATL INDUSTRIAL GP, LLC,<br>SL5 ATL INDUSTRIAL, LP,<br>SL5 ATL INDUSTRIAL 2, LP,<br>SL5 URBAN INDUSTRIAL GP, LLC,<br>SL5 URBAN INDUSTRIAL 2, LP, and JOHN<br>DOES I, II, III, IV, and V,<br>Whose True Names are Unknown to Plaintiffs,,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No.: 2023CV01444 |

## DEFENDANT SL5 ATL INDUSTRIAL, LP'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SL5ATL Industrial, LP, Defendant in the above-styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 12ᵗʰ day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

-1-

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
swellesley@grsmb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 ATL INDUSTRIAL, LP'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
*Attorneys for Plaintiffs*
david@princemay.com
ben@princemay.com

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent,<br><br>    Plaintiff,<br><br>v.<br><br>SL5 ATL INDUSTRIAL GP, LLC,<br>SL5 ATL INDUSTRIAL, LP,<br>SL5 ATL INDUSTRIAL 2, LP,<br>SL5 URBAN INDUSTRIAL GP, LLC,<br>SL5 URBAN INDUSTRIAL 2, LP, and JOHN<br>DOES I, II, III, IV, and V,<br>Whose True Names are Unknown to Plaintiffs,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File No.: 2023CV01444

**JURY TRIAL DEMANDED**

## DEFENDANT SL5 URBAN INDUSTRIAL 2, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SL5 Urban Industrial 2, LP (hereinafter "SL5 Urban Industrial 2, LP" or "this Defendant"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

For a First Defense, SL5 Urban Industrial 2, LP, responds to the numbered paragraphs of the Complaint as follows:

### DESCRIPTION OF PARTIES, JURISDICTION, AND VENUE

1.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

2.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

3.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

4.

This Defendant admits that it is a foreign limited partnership that is authorized to transact business in Georgia and that maintains its principal office at the address alleged in this paragraph. The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required. To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

5.

This Defendant admits that it may be served with process at the address alleged in this paragraph. The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required. To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

6.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

7.

This Defendant admits jurisdiction but denies venue is proper in Clayton County, and it specifically preserves all defenses as to venue in Clayton County.

## FACTS OF THE CASE

8.

This Defendant denies the allegations contained in this paragraph.

9.

This Defendant denies the allegations contained in this paragraph.

10.

This Defendant denies the allegations contained in this paragraph.

11.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

12.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

13.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

14.

This Defendant denies the allegations contained in this paragraph.

15.

This Defendant denies the allegations contained in this paragraph.

16.

This Defendant denies the allegations contained in this paragraph.

17.

This Defendant denies the allegations contained in this paragraph.

18.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

19.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

21.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## COUNT I

## PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1

22.

This Defendant denies the allegations contained in this paragraph.

23.

This Defendant denies the allegations contained in this paragraph.

24.

This Defendant denies the allegations contained in this paragraph and its subparts a. through b.

25.

This Defendant denies the allegations contained in this paragraph.

26.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27.

This Defendant denies the allegations contained in this paragraph.

28.

This Defendant denies the allegations contained in this paragraph.

29.

This Defendant denies the allegations contained in this paragraph.

## COUNT II

## DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ

30.

The entirety of this paragraph states conclusions of law, such that a response is not required of this Defendant.  To the extent a response is required, this Defendant denies the allegations contained in this paragraph as pled.

31.

This Defendant denies the allegations contained in this paragraph.

32.

This Defendant denies the allegations contained in this paragraph.

33.

This Defendant denies the allegations contained in this paragraph.

34.

This Defendant denies the allegations contained in this paragraph.

35.

This Defendant denies the allegations contained in this paragraph.

## **COUNT III**

## **DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.**

36.

This Defendant denies the allegations contained in this paragraph.

37.

This Defendant denies the allegations contained in this paragraph.

38.

This Defendant denies the allegations contained in this paragraph, including its subparts a. through d.

39.

This Defendant denies the allegations contained in this paragraph.

40.

This Defendant denies the allegations contained in this paragraph.

41.

This Defendant denies the allegations contained in this paragraph.

42.

This Defendant denies the allegations contained in this paragraph.

43.

This Defendant denies the allegations contained in this paragraph.

44.

This Defendant denies the allegations contained in this paragraph.

## COUNT IV - BAD FAITH DAMAGES

45.

This Defendant denies the allegations contained in this paragraph.

46.

This Defendant denies all allegations of negligence or liability against it contained in the "WHEREFORE" paragraph immediately following paragraph 45 of Plaintiff's Complaint, including its subparts 1. through 7., and it specifically denies it is liable or indebted to Plaintiff in any manner or amount whatsoever.

## GENERAL DENIAL

All allegations contained in Plaintiff's Complaint not specifically admitted or denied above are hereby denied.

## JURY DEMAND

This Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

## SECOND DEFENSE

Defendants SL 5 Industrial GP, LLC, SL5 ATL Industrial, LP, SL5 ATL Industrial GP, LLC, and SL5 Urban Industrial 2, LP, are not proper defendants in this action.

## THIRD DEFENSE

Plaintiff's claims predicated on violations of O.C.G.A. § 46-3-30 et seq., and on purported vicarious liability, lack any basis in fact or in law.

## FOURTH DEFENSE

This Defendant breached no legal duty owed to Plaintiff or her decedent.

## FIFTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to Plaintiff's damages.

## SIXTH DEFENSE

Plaintiff's damages were proximately caused by independent, intervening, and/or superseding acts or omissions of third parties over whom this Defendant had no control, and for whose negligence this Defendant is not liable.

## SEVENTH DEFENSE

Plaintiff's damages, if any, shall be subject to apportionment among all parties and designated non-parties pursuant O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because there is a bona fide dispute between the parties, and this Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith with respect to Plaintiff's doubtful claims against it.

## NINTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith.

WHEREFORE, having fully answered Plaintiff's Complaint, SL5 Urban Industrial 2, LP, requests that this case go forward and that it receive a judgment in its favor, casting all costs against Plaintiff, and for all such other and further relief as the Court deems just and proper under the circumstances.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 URBAN INDUSTRIAL 2, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David K. May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
david@princemay.com
ben@princemay.com
*Attorneys for Plaintiffs*

This 12th day of July, 2023.

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: 2023CV01444 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT SL5 URBAN INDUSTRIAL GP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SL5 Urban Industrial GP, LLC (hereinafter "SL5 Urban Industrial GP, LLC" or "this Defendant"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint.

## FIRST DEFENSE

For a First Defense, SL5 Urban Industrial GP, LLC, responds to the numbered paragraphs of the Complaint as follows:

## DESCRIPTION OF PARTIES, JURISDICTION, AND VENUE

### 1.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

2.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

3.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

4.

This Defendant admits that it is a foreign general partnership that maintains its principal office at the address alleged in this paragraph, but it denies it is currently authorized to do business in Georgia.  The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.  To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

5.

This Defendant admits that it may be served with process at the address alleged in this paragraph.  The remaining allegations of this paragraph are not directed to this Defendant, such that a response is not required.  To the extent a response is required, this Defendant denies the remaining allegations of this paragraph as pled.

6.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

7.

This Defendant admits jurisdiction but denies venue is proper in Clayton County, and it specifically preserves all defenses as to venue in Clayton County.

## FACTS OF THE CASE

8.

This Defendant denies the allegations contained in this paragraph.

9.

This Defendant denies the allegations contained in this paragraph.

10.

This Defendant denies the allegations contained in this paragraph.

11.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

12.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

13.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

14.

This Defendant denies the allegations contained in this paragraph.

15.

This Defendant denies the allegations contained in this paragraph.

16.

This Defendant denies the allegations contained in this paragraph.

17.

This Defendant denies the allegations contained in this paragraph.

18.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

19.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

21.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## **COUNT I**

## **PREMISES LIABILITY OF DEFENDANTS UNDER O.C.G.A. § 51-3-1**

22.

This Defendant denies the allegations contained in this paragraph.

23.

This Defendant denies the allegations contained in this paragraph.

24.

This Defendant denies the allegations contained in this paragraph and its subparts a. through b.

25.

This Defendant denies the allegations contained in this paragraph.

26.

This Defendant lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27.

This Defendant denies the allegations contained in this paragraph.

28.

This Defendant denies the allegations contained in this paragraph.

29.

This Defendant denies the allegations contained in this paragraph.

## **COUNT II**

## **DEFENDANTS LIABILITY UNDER THE HIGH VOLTAGE SAFTEY ACT, O.C.G.A § 46-3-30 ET. SEQ**

30.

The entirety of this paragraph states conclusions of law, such that a response is not required of this Defendant.  To the extent a response is required, this Defendant denies the allegations contained in this paragraph as pled.

31.

This Defendant denies the allegations contained in this paragraph.

32.

This Defendant denies the allegations contained in this paragraph.

33.

This Defendant denies the allegations contained in this paragraph.

34.

This Defendant denies the allegations contained in this paragraph.

35.

This Defendant denies the allegations contained in this paragraph.

## <u>COUNT III</u>

## <u>DEFENDANTS VICARIOUS LIABILTY FOR CITY ELECTRIC'S WRONGFUL ACTS IN VIOLATION OF STATUTES, ETC.</u>

36.

This Defendant denies the allegations contained in this paragraph.

37.

This Defendant denies the allegations contained in this paragraph.

38.

This Defendant denies the allegations contained in this paragraph, including its subparts a. through d.

39.

This Defendant denies the allegations contained in this paragraph.

40.

This Defendant denies the allegations contained in this paragraph.

41.

This Defendant denies the allegations contained in this paragraph.

42.

This Defendant denies the allegations contained in this paragraph.

43.

This Defendant denies the allegations contained in this paragraph.

44.

This Defendant denies the allegations contained in this paragraph.

## COUNT IV - BAD FAITH DAMAGES

45.

This Defendant denies the allegations contained in this paragraph.

46.

This Defendant denies all allegations of negligence or liability against it contained in the "WHEREFORE" paragraph immediately following paragraph 45 of Plaintiff's Complaint, including its subparts 1. through 7., and it specifically denies it is liable or indebted to Plaintiff in any manner or amount whatsoever.

## GENERAL DENIAL

All allegations contained in Plaintiff's Complaint not specifically admitted or denied above are hereby denied.

## JURY DEMAND

This Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

## SECOND DEFENSE

Defendants SL 5 Industrial GP, LLC, SL5 ATL Industrial, LP, SL5 ATL Industrial GP, LLC, and SL5 Urban Industrial 2, LP, are not proper defendants in this action.

## THIRD DEFENSE

Plaintiff's claims predicated on violations of O.C.G.A. § 46-3-30 et seq., and on purported vicarious liability, lack any basis in fact or in law.

## FOURTH DEFENSE

This Defendant breached no legal duty owed to Plaintiff or her decedent.

## FIFTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to Plaintiff's damages.

## SIXTH DEFENSE

Plaintiff's damages were proximately caused by independent, intervening, and/or superseding acts or omissions of third parties over whom this Defendant had no control, and for whose negligence this Defendant is not liable.

## SEVENTH DEFENSE

Plaintiff's damages, if any, shall be subject to apportionment among all parties and designated non-parties pursuant O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because there is a bona fide dispute between the parties, and this Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith with respect to Plaintiff's doubtful claims against it.

## NINTH DEFENSE

Plaintiff's ancillary claim for attorney's fees and costs of litigation must fail because Defendant has not been stubbornly litigious, caused Plaintiff unnecessary trouble or expense, or acted in bad faith.

WHEREFORE, having fully answered Plaintiff's Complaint, SL5 Urban Industrial GP, LLC requests that this case go forward and that it receive a judgment in its favor, casting all costs against Plaintiff, and for all such other and further relief as the Court deems just and proper under the circumstances.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
            swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 URBAN INDUSTRIAL GP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David K. May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
david@princemay.com
ben@princemay.com
*Attorneys for Plaintiffs*

This 12th day of July, 2023.

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | ) ) ) ) |
| Plaintiff, | ) Civil Action File No.: 2023CV01444 ) ) |
| v. | ) ) |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs,, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT SL5 URBAN INDUSTRIAL GP, LLC'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SL5 Urban Industrial GP, LLC, Defendant in the above-styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
         swellesley@grsmb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 URBAN INDUSTRIAL GP, LLC'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
*Attorneys for Plaintiffs*
*david@princemay.com*
*ben@princemay.com*

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

-3-

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHY LOUISE OAKLEY, In Her Capacity as Personal Representative of the Estate of Justin Butler, and as Next of Kin of the Decedent, | ) ) ) ) |
| | ) Civil Action File No.: 2023CV01444 |
| Plaintiff, | ) ) |
| v. | ) ) |
| SL5 ATL INDUSTRIAL GP, LLC, SL5 ATL INDUSTRIAL, LP, SL5 ATL INDUSTRIAL 2, LP, SL5 URBAN INDUSTRIAL GP, LLC, SL5 URBAN INDUSTRIAL 2, LP, and JOHN DOES I, II, III, IV, and V, Whose True Names are Unknown to Plaintiffs,, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT SL5 URBAN INDUSTRIAL 2, LP'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SL5 Urban Industrial 2, LP, Defendant in the above-styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT SL5 URBAN INDUSTRIAL 2, LP'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via United States Mail appropriate postage affixed thereto:

David May
Benjamin J. Hillis
PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
*Attorneys for Plaintiffs*
*david@princemay.com*
*ben@princemay.com*

This 12th day of July, 2023.

Respectfully submitted,

*/s/ J. Skye Wellesley*
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
*Attorneys for Defendants*