IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | : : : : : |
| Plaintiff, | : Civil Action File No.: |
| v. | : _____ |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | : : : : : : : : : : : |
| Defendants. | : |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Toyota Motor Corporation ("TMC"), Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Sales, U.S.A. ("TMS"), Inc., Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Manufacturing, Texas, Inc. ("TMMTX")

(collectively, "the Toyota Defendants") hereby remove the above-captioned action to this Court from the State Court of the State of Georgia, County of Fulton (Case No. 23EV002868) (the "State Action"). As set forth herein, the Toyota Defendants have complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## I. PROCEDURAL REQUIREMENTS

1. The State Action was commenced by filing in Georgia State Court, Fulton County, on May 11, 2023. A copy of Plaintiff's Complaint is attached at *Exhibit A*, and copies of all other process, pleadings, and orders served on the Toyota Defendants in the State Action are attached at *Exhibit B*, as required by 28 U.S.C. § 1446(a).

2. This Notice is timely, as it is filed within one year of the State Action's commencement, and within 30 days of the Toyota Defendants' receipt of Defendant Jim Ellis Automotive Holdings, Inc.'s ("Jim Ellis Automotive") Motion for Summary Judgment and accompanying Affidavit of Nathan Pearson (filed July 13, 2023), from which the Toyota Defendants were first able to ascertain that the State Action is removable based upon fraudulent joinder. *See* 28 U.S.C. § 1446(b)(3), (c); *Lowery v. Alabama Power Co.*, 483

F.3d 1184, 1213 n.62 (11th Cir. 2007) (removal under 1446(b)(3) does not arise until the removing party is provided an "unambiguous statement" clearly establishing diversity jurisdiction); *see also Martinez v. General Motors Corp.*, No. 8:06-CV-1933-T-26MAP, 2006 WL 3359681 (M.D. Fla. 2006) (finding dealerships were fraudulently joined as defendants because they had no involvement with the subject vehicle and denying the plaintiff's motion to remand).

3. The State Action is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 90(a)(2) (listing Fulton County as within the Atlanta Division of the Northern District of Georgia).

4. Defendant Jim Ellis Automotive was fraudulently joined in this matter, and thus its consent to removal is not required. *See Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 540 n.5 (11th Cir. 2015) ("A fraudulently joined defendant need not consent to removal.").

5. The Defendants who have been properly joined and served – TMC, TMNA, TMS, TEMA, and TMMTX – all join in this Notice of Removal, as required by 28 U.S.C. § 1446(b)(2)(A).

## II. BACKGROUND

6. On July 5, 2022, Mr. Lee Griffin died from carbon monoxide poisoning after he left his 2017 Toyota Tacoma running in his garage. (*Ex. A, Pls.' Compl.*, ¶¶ 14, 17, 19, 27).

7. Mrs. Caroline Griffin was also injured by carbon monoxide and was hospitalized. (*Id.*, ¶¶ 29, 33).

8. The subject 2017 Tacoma was equipped with an electronic keyless ignition called the "Smart Key System". (*Id.*, ¶¶ 16, 36-38).

9. Plaintiff has brought product liability claims against TMC, TMNA, TMS, TEMA, and TMMTX for strict liability, negligence, and failure to warn. (*Id.*, ¶¶ 77-90).

10. The basis for these claims against the Toyota Defendants appears to be that the subject Tacoma was not equipped with an automatic engine shut off feature when the driver and key fob are not present in the vehicle or detected for a certain period of time, and should have been so equipped (*Id.*, ¶¶ 40, 54-62).

11. Plaintiff seeks to recover several categories of damages from the Toyota Defendants, including punitive damages, compensatory damages for the wrongful death of Mr. Griffin, pain and suffering of both Mr. and Mrs.

Griffin, and medical expenses and lost wages of Mrs. Griffin. (*Id.*, ¶¶ 91-95, 119-122).

12. Plaintiff also brought claims against Jim Ellis Automotive for negligent sale and negligent failure to warn. (*Id.*, ¶¶ 108-115).

13. The entire basis for Plaintiff's claims against Jim Ellis Automotive is that Jim Ellis Automotive allegedly sold the subject Tacoma to Mr. Griffin and, at the time of sale, failed to warn Mr. Griffin of the alleged defect in the Tacoma identified *supra*. (*Id.*, ¶¶ 34, 108-115).

14. Jim Ellis Automotive did not sell the subject Tacoma to Mr. Griffin. (*Ex. B, Jim Ellis Automotive's Motion for Summary Judgment and accompanying Affidavit of Nathan Pearson*, generally).

15. More specifically, Mr. Griffin purchased the subject Tacoma from Toyota of McDonough on November 6, 2017. (*Ex. B, Affidavit of Nathan Pearson*, ¶¶ 5-6). At the time of the sale, Toyota of McDonough was operated by WB McDonough. (*Id.*).

16. Neither WB McDonough nor Toyota of McDonough were owned or operated by Jim Ellis Automotive or any other Jim Ellis company. (*Id.*, ¶ 7). In fact, WB McDonough was an entirely discrete legal entity, separate and

apart from Jim Ellis Automotive and all other Jim Ellis companies. (*Id.*, ¶ 8).

17. Long after the sale of the truck to Mr. Griffin by WB McDonough, a separate Jim Ellis company, Jim Ellis Volkswagen, Inc., purchased WB McDonough's assets and only certain liabilities. (*Id.*, ¶ 9). The liabilities assumed were limited to only: 1) WB McDonough's arm's length Purchase Orders entered into prior to closing and remaining open at closing; and 2) obligations of WB McDonough related to the Purchase Orders and Applicable Contracts, property taxes not yet due and payable on assets transferred, and Work in Process acquired. (*Id.*, ¶ 10). It was clear in the sale that Jim Ellis Volkswagen "shall assume no other obligations of [WB McDonough] whatsoever." (*Id.*, ¶ 13).

18. While Jim Ellis Volkswagen purchased WB McDonough's assets, at no point did Jim Ellis Automotive purchase any assets owned by WB McDonough. (*Id.*, ¶ 17). To be clear, at no point did Jim Ellis Automotive own or operate the Toyota dealership where Mr. Griffin purchased the subject Tacoma. (*Id.*, ¶¶ 18-19).

19. The Toyota Defendants were not sure of the identity of the legal entity who owned the dealership at the time the subject Tacoma was sold to Mr. Griffin

until Jim Ellis filed its Motion for Summary Judgment and accompanying Affidavit of Nathan Pearson on July 13, 2023.[1]

### III.  GROUNDS FOR REMOVAL

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the properly joined and served parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**A.  There is Complete Diversity Between Plaintiff and All Properly Joined and Served Defendants.**

21. Plaintiff is, and was at the time the State Action was filed, a citizen of the State of Georgia.  (*Ex. A, Pls.' Compl.*, ¶ 1).

22. Defendant TMNA is, and was when the State Action was filed, a citizen of California (incorporating state) and Texas (principal place of business).  *(Ex. B., Answer and Defenses of TMNA*, ¶ 3).

---

[1] To be clear, on July 5, 2023, Counsel for Jim Ellis Automotive informed Counsel for the Toyota Defendants over the phone that it intended to file in the near future a Motion for Summary Judgment with an accompanying affidavit stating that Jim Ellis Automotive did not own the dealership that sold the subject Tacoma to Mr. Griffin. However, that Motion was not filed until eight days later on July 13.

23. Defendant TMS is, and was when the State Action was filed, a citizen of California (incorporating state) and Texas (principal place of business). *(Ex. B., Answer and Defenses of TMS*, ¶ 4).

24. Defendant TEMA is, and was when the State Action was filed, a citizen of Kentucky (incorporating state) and Texas (principal place of business). *(Ex. B., Answer and Defenses of TEMA*, ¶ 5).

25. Defendant TMMTX is, and was when the State Action was filed, a citizen of Texas (incorporating state and principal place of business). *(Ex. B., Answer and Defenses of TMMTX*, ¶ 6).

26. Defendant TMC is, and was when the State Action was filed, a citizen of the country of Japan (incorporating country and principal place of business). *(Ex. B., Answer and Defenses of TMS*, ¶ 2).

27. Jim Ellis Automotive is a citizen of Georgia. (*Ex. A, Pls.' Compl.*, ¶ 8; *Ex. B., Answer of Jim Ellis Automotive*, ¶ 8). However, Jim Ellis Automotive was fraudulently joined in this matter, and thus its citizenship is not to be considered in the determination of diversity. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").

28. It is well-settled that a plaintiff may not defeat a defendant's removal right by fraudulently joining a non-diverse defendant. *See* 13E WRIGHT & MILLER, FED. PRAC. & PROC. § 3606 (3d ed. 2017).

29. Joinder is deemed fraudulent where there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse defendant under the circumstances alleged in the complaint. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007); *Legg v. Wyeth*, 428 F.3d 1317, 1324-25 (11th Cir. 2005).

30. There is no reasonable possibility that Plaintiff can establish a cause of action against Jim Ellis Automotive. The entirety of Plaintiff's allegations against Jim Ellis Automotive stem from the alleged sale of the subject Tacoma to Mr. Griffin. (*Pl.'s Compl.*, ¶¶ 34, 108-115). However, the record in this case, as established on July 13, 2023, shows that Jim Ellis Automotive did not sell the subject Tacoma to Mr. Griffin. (*Ex. B, Jim Ellis Automotive's Motion for Summary Judgment and accompanying Affidavit of Nathan Pearson*, generally).

**B.  The Amount in Controversy Exceeds $75,000.**

    ***i.  Plaintiff Caroline Griffin's Individual Claims***

31. According to Plaintiff's Complaint, Mrs. Griffin was poisoned by carbon monoxide and, as a result, was hospitalized. (*Pl.'s Compl.*, ¶¶ 29, 33).

32. In addition to punitive damages, Mrs. Griffin, individually, is seeking damages for (1) past mental, emotional, and physical pain and suffering; (2) future mental, emotional, and physical pain and suffering; (3) past lost enjoyment of life; (4) future lost enjoyment of life; (5) past medical expenses; (6) future medical expenses; (7) past lost wages and income; (8) diminished capacity to earn; (9) shock, fright, and terror; and (10) damage to personal property. (*Id.*, ¶ 122).

    ***ii.  Plaintiff Caroline Griffin's Claims as Surviving Spouse and Executor of the Estate of Lee Griffin, Deceased***

33. According to Plaintiff's Complaint, Mr. Griffin was poisoned by carbon monoxide and, as a result, died. (*Pl.'s Compl.*, ¶¶ 27, 32).

34. In addition to punitive damages, Mrs. Griffin, as Surviving Spouse and Executor of the Estate of Mr. Griffin, is seeking damages for (1) wrongful death – the full value of the life of Mr. Griffin, both economic and intangible; (2) Mr. Griffin's shock, fright, and terror; (3) Mr. Griffin's mental and

Case 1:23-mi-99999-UNA Document 2224 Filed 07/13/23 Page 11 of 15

physical pain and suffering; and (4) Mr. Griffin's funeral and burial expenses. (*Id.*, ¶¶ 120-121).

35. In her Complaint, Plaintiff did not specify a specific dollar amount of damages she is seeking in this action.

36. If a plaintiff does not enumerate the damages sought, a removing party may prove that the jurisdictional amount is met if it is "facially apparent from the pleading itself." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted).

37. Where a defendant relies on the face of the complaint to satisfy the amount-in-controversy requirement, district courts are empowered to decide the issue by "mak[ing] reasonable deductions, reasonable inferences, or other reasonable extrapolations," and "us[ing] their judicial experience and common sense." *Roe*, 613 F.3d at 1062-63 (quotations omitted). *See, e.g., Canal Ins. Co. v. Williams*, No. CV 111-035, 2013 WL 12241276, at *3 (S.D. Ga. 2013) (holding that in Georgia wrongful-death action where decedent was minor child, amount-in-controversy requirement was met, as a matter of "common sense" and "reasonable inference[]," given that damages recoverable "include[d] the decedent's expected earnings, or the value of the decedent's services, from the date of the decedent's tortiously-

11

caused premature death to the statistically-projected date of the decedent's natural death, plus an intangible element representing the full value of the life of the decedent." (quotation omitted)); *Hale v. Cub Cadet, LLC*, No. 3:10-CV-697-MEF, 2010 WL 4628135, at *3 (M.D. Ala. 2010) (denying motion to remand in products-liability wrongful-death action to which Georgia law applied; jurisdictional amount proven as a matter of "common sense" and "reasonable inference[]," given that "the measure of damages [was] the value of the decedent's life to him," and so was "the same as for a person who survives a tortious injury but is totally and permanently disabled.").

38. It is facially apparent that Plaintiff's numerous claims for damages in this case – including punitive damages, wrongful death, pain and suffering, medical expenses, and lost wages - exceed $75,000, exclusive of interest and costs.

## IV.   RESERVATION OF RIGHTS

39. The Toyota Defendants deny the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

Respectfully submitted this 13th day of July, 2023.

                                                      WATSON SPENCE LLP

                                                      ***/s/ Michael R. Boorman***
                                                      Michael R. Boorman
                                                      Georgia Bar No.: 067798
                                                      Philip A. Henderson
                                                      Georgia Bar No.: 604769
                                                      999 Peachtree Street NE
                                                      Suite 1130
                                                      Atlanta, GA 30309
                                                      Telephone: 229-436-1545
                                                      mboorman@watsonspence.com
                                                      phenderson@watsonspence.com
                                                      ***Attorneys for the Toyota Defendants***

## FONT CERTIFICATE

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| James E. Butler, Jr.<br>Ramsey B. Prather<br>Daniel E. Philyaw<br>Sarah R. Daley<br>BUTLER PRATHER LLP<br>P.O. Box 2766<br>Columbus, GA 31902<br>jim@butlerprather.com<br>ramsey@butlerprather.com<br>dan@butlerprather.com<br>sdaley@butlerprather.com<br>*Counsel for Plaintiff* | Wayne S. Melnick<br>E. Andrew Treese<br>Geoffrey F. Calderaro<br>FREEMAN MATHIS & GARY LLP<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, GA 30339<br>wmelnick@fmglaw.com<br>atreese@fmglaw.com<br>geoffrey.calderaro@fmglaw.com<br>*Counsel for Defendant Jim Ellis*<br>*Automotive Holdings, Inc.* |

This 13th day of July, 2023.

/s/ *Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798