# EXHIBIT B

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV002868**
**5/17/2023 3:43 PM**
**Donald Talley, Clerk**
**Civil Division**

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF SERVICE OF PROCESS

COMES NOW the Plaintiff in the above action and hereby notifies the Court

that service of process has been completed on the following defendants:

1. TOYOTA MOTOR NORTH AMERICA, INC. dated 05/16/2023

2. TOYOTA MOTOR SALES U.S.A., INC. dated 05/16/2023

3. TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH
   AMERICA, INC. dated 05/16/2023

4. JIM ELLIS AUTOMOTIVE HOLDINGS, INC. dated 05/12/2023

Affidavits of Service will be filed with the Court as soon as they are received from the process servers.

Respectively submitted this 17th day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

2

State Court of Fulton County
**E-FILED**
23EV002868
5/19/2023 9:34 PM
Donald Talley, Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## <u>NOTICE OF FILING AFFIDAVIT OF PROCESS SERVER</u>

COMES NOW the Plaintiff in the above action and hereby files with the

Court the following:

1. Affidavit of Process Server pertaining to the service of process upon Defendant
   TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH
   AMERICA, INC.

*\*\*Signatures on the following page\*\**

1

Respectively submitted this 19th day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **State Court**

Case Number: 23EV002868

Plaintiff: **Caroline Patton Griffin, Individually and as Surviving Spouse and Executor of the Estate of Lee Dixon Griffin, Jr.**
vs.
Defendant: **Toyota Motor Corporation, et al.**

For: James Butler
     Butler Prather LLP

Received by Ancillary Legal Corporation on the 15th day of May, 2023 at 2:23 pm to be served on **TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA INC c/o CT Corporation System, 306 W Main St, Ste 512, Frankfort, KY 40601.** I, __Cara Durham__, being duly sworn, depose and say that on the _16th_ day of _May_, 2023 at _09 : 03_ a.m., executed service by delivering a true copy of the **Summons, Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving __Kelly King__ as _____ __CT Representative__.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age____ SEX M F Race_____ Height_____ Weight_____ Hair_____ Glasses Y N

COMMENTS:_____
_____
_____

Age _52_  Sex M (F) Race _White_  Height _5'5_  Weight _250_  Hair _Brown_  Glasses (Y)N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _16th_ day of _May_, _2023_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023005563
Ref: Griffin

Andrea D. Rue
Notary Public, ID KYNP28992
State at Large, Kentucky
My Commission Expires on May 12, 2025

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Doc ID: ee2a67279c88f4228560c1fc4a2cb2dc69815bfb

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV002868**
**5/19/2023 9:34 PM**
**Donald Talley, Clerk**
**Civil Division**

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF FILING AFFIDAVIT OF PROCESS SERVER

COMES NOW the Plaintiff in the above action and hereby files with the

Court the following:

1. Affidavit of Process Server pertaining to the service of process upon Defendant
   TOYOTA MOTOR NORTH AMERICA, INC.

*\*\*Signatures on the following page\*\**

1

Respectively submitted this 19th day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

## <u>AFFIDAVIT OF SERVICE</u>

**State of Georgia**                    **County of Fulton**                    **State Court**

Case Number: 23EV002868

Plaintiff: **Caroline Patton Griffin, Individually and as Surviving Spouse and Executor of the Estate of Lee Dixon Griffin, Jr.**
vs.
Defendant: **Toyota Motor Corporation, et al.**

For: James Butler
    Butler Prather LLP

Received by Ancillary Legal Corporation on the 15th day of May, 2023 at 2:23 pm to be served on **TOYOTA MOTOR NORTH AMERICA c/o CT Corporation System, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.** I, ____Jean____ Nichols____, being duly sworn, depose and say that on the __16th__ day of ___May___, 20_23_ at _12_:_00_ p.m., executed service by delivering a true copy of the **Summons, Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

(X) CORPORATE SERVICE: By serving __Davon Jackson_____ as
____Intake Specialist, CT Corporation System_____.

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _28_  SEX _M_ F  Race _Black____  Height _5' 9"_____  Weight _180 lbs_  Hair _black___  Glasses Y N_

COMMENTS: _____
_____
_____
_____

Age ____  Sex M F  Race _____  Height _____  Weight _____  Hair _____  Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _16_
day of _May_____, _2023_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _252_____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023005564
Ref: Griffin

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

MASON CASTLEBERRY
NOTARY
EXPIRES
September 22, 2026
GEORGIA
PUBLIC
HALL COUNTY

State Court of Fulton County
**E-FILED**
23EV002868
5/19/2023 9:34 PM
Donald Talley, Clerk
Civil Division

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF FILING AFFIDAVIT OF PROCESS SERVER

COMES NOW the Plaintiff in the above action and hereby files with the

Court the following:

1. Affidavit of Process Server pertaining to the service of process upon
   Defendant TOYOTA MOTOR SALES U.S.A., INC.

***Signatures on the following page***

1

Respectively submitted this 19th day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

2

## AFFIDAVIT OF SERVICE

**State of Georgia**                          **County of Fulton**                          **State Court**

Case Number: 23EV002868

Plaintiff: **Caroline Patton Griffin, Individually and as Surviving Spouse and Executor of the Estate of Lee Dixon Griffin, Jr.**
vs.
Defendant: **Toyota Motor Corporation, et al.**

For: James Butler
   Butler Prather LLP

Received by Ancillary Legal Corporation on the 15th day of May, 2023 at 2:23 pm to be served on **TOYOTA MOTOR SALES, USA, Inc. c/o CT Corporation System, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.** I, ____Jean____ ____Nichols____, being duly sworn, depose and say that on the __16th__ day of __May__, 20_23_ at _12:00_ p.m., executed service by delivering a true copy of the **Summons, Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving __Davon Jackson_____ as ___Intake Specialist, CT Corporation System_____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _28_ SEX M F Race _Black___ Height _5' 9"_____ Weight _180 lbs_ Hair _Black___ Glasses Y N

**COMMENTS:**_____
_____
_____
_____

Age ____ Sex M F Race _____ Height _____ Weight _____ Hair _____ Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _16_ day of __May_____, _2023_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _252_____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023005566
Ref: Griffin

Copyright © 1992-2023 DreamBuilt Software, Inc. – Process Server's Toolbox V8.2n

State Court of Fulton County
**E-FILED**
23EV002868
5/23/2023 5:03 PM
Donald Talley, Clerk
Civil Division

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF FILING AFFIDAVIT OF PROCESS SERVER

COMES NOW the Plaintiff in the above action and hereby files with the

Court the following:

1. Affidavit of Process Server pertaining to the service of process upon Defendant
   TOYOTA MOTOR MANUFACTURING TEXAS, INC.

*\*\*Signatures on the following page\*\**

1

Respectively submitted this 23rd day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

2

State Court of Fulton County
**E-FILED**
23EV002868
5/23/2023 5:10 PM
Donald Talley, Clerk
Civil Division

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Administrator of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | NO. 23EV002868 |
| vs. | * | |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING TEXAS, INC.; and | * | **JURY TRIAL DEMANDED** |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC. | * | |
| | * | |
| Defendants. | * | |

## <u>NOTICE OF FILING AFFIDAVIT OF PROCESS SERVER</u>

COMES NOW the Plaintiff in the above action and hereby files with the

Court the following:

1. Affidavit of Process Server pertaining to the service of process upon Defendant
   TOYOTA MOTOR MANUFACTURING TEXAS, INC.

*\*\*Signatures on the following page\*\**

1

Respectively submitted this 23rd day of May, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765
dan@butlerprather.com
SARAH R. DALEY
Georgia Bar No. 644153
sdaley@butlerprather.com
Georgia Bar No. 644153
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **State Court**

Case Number: 23EV002868

Plaintiff: **Caroline Patton Griffin, Individually and as Surviving Spouse and Executor of the Estate of Lee Dixon Griffin, Jr.**
vs.
Defendant: **Toyota Motor Corporation, et al.**

For: James Butler
Butler Prather LLP

Received by Ancillary Legal Corporation on the 15th day of May, 2023 at 2:23 pm to be served on **TOYOTA MOTOR MANUFACTURING TEXAS INC c/o CT Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201**. I, _____Krystal Jones_____, being duly sworn, depose and say that on the _18th_ day of _MAY_, 20 23 at 11:50a .m., executed service by delivering a true copy of the **Summons, Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

(✓) CORPORATE SERVICE: By serving _Terri Thongsavat, SOP Intake_ as
____Registered Agent_____.

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _40_   SEX M (F) Race _Caucasian_   Height _5'5_   Weight _200_   Hair _Blond_   Glasses Y (N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 23
day of _May_, _2023_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _KRYSTAL JONES PSC 10814 EXP 3/31/2023_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023005565
Ref: Griffin

TERESA MARTINEZ
Notary Public, State of Texas
Comm. Expires 07-19-2024
Notary ID 130744140

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

State Court of Fulton County
**E-FILED**
23EV002868
6/9/2023 3:45 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | ) | |
| **Individually and as Surviving Spouse and** | ) | |
| **Executor of the Estate of** | ) | |
| LEE DIXON GRIFFIN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION FILE |
| | ) | NO. 23EV002868 |
| v. | ) | |
| | ) | |
| TOYOTA MOTOR CORPORATION; | ) | |
| TOYOTA MOTOR NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR SALES U.S.A., INC.; | ) | |
| TOYOTA MOTOR ENGINEERING & | ) | |
| MANUFACTURING NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| TEXAS, INC.; | ) | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, INC. | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Jim Ellis Automotive Holdings, Inc. ("Defendant"), by and through

counsel, and serves its answer and defenses to plaintiff's complaint, showing the Court as

follows:

### FIRST DEFENSE

All or part of plaintiff's complaint fails to state a cause of action against Defendant upon

which relief can be granted and Defendant therefore moves to dismiss said action.

### SECOND DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result

of the conduct of others, including but not limited to plaintiff, and plaintiff's negligence was

equal to or greater than any negligence chargeable to Defendant. Accordingly, plaintiff's

1

recovery is barred or should be reduced by the proportion of others' or plaintiff's own negligence proximately causing the injuries at issue. Defendant specifically denies that it has been negligent in any respect.

### THIRD DEFENSE

No act or omission of Defendant either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum from Defendant.

### FOURTH DEFENSE

Plaintiff has failed to itemize special damages as is required by O.C.G.A. § 9-11-9. The failure to specifically plead special damages bars their recovery.  O.C.G.A. §9-11-9(g).

### FIFTH DEFENSE

Defendant pleads all affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.  Defendant specifically reserves the right to amend defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

### SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because Defendant did not act in bad faith in the underlying transaction giving rise to this suit and because this is not a suit on a contract.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver. Defendant further reserves the right to plead and prove such other defenses as may become known during the course of its investigation and discovery.

## NINTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and, on account thereof, plaintiff is not entitled to recover any sum from Defendant.

## TENTH DEFENSE

The negligence of plaintiff equaled or preponderated over any act or omission of the Defendant in producing and bringing about the occurrence complained of, and, on account thereof, plaintiff is not entitled to recover any sum from the Defendant.

## ELEVENTH DEFENSE

Plaintiff is barred from bringing the instant action by the doctrine of assumption of risk.

### TWELFTH DEFENSE

Plaintiff has failed to state facts sufficient to entitle him to an award of compensatory damages or attorneys' fees and expenses from Defendant.

### THIRTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because Defendant did not act in bad faith in the underlying transaction giving rise to this suit.

### FOURTEENTH DEFENSE

Plaintiff's complaint should be dismissed because of insufficiency of process.

### FIFTEENTH DEFENSE

Plaintiff's complaint should be dismissed because of insufficiency of service of process.

### SIXTEENTH DEFENSE

This court lacks subject matter jurisdiction because plaintiff's contract for the purchase of the subject vehicle requires arbitration of the subject dispute.

### SEVENTEENTH DEFENSE

Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the Defendant's right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

### EIGHTEENTH DEFENSE

All claims for punitive damages in the plaintiff's complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States

Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

## TWENTIETH DEFENSE

Plaintiff's claims against defendant fail because she is not in privity of contract with defendant.

## TWENTY-FIRST DEFENSE

Further answering the unnumbered introductory paragraphs and numbered paragraphs of plaintiff's complaint, Defendant answers as follows:

Defendant denies the allegations set forth in the unnumbered introductory paragraphs set forth on parges 1 through 3 of the Complaint and specifically denies the allegation that it failed to warn about the unreasonable damagers in the truck as well as any allegation of negligence against it.

5

## **ALLEGED PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS**

1.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

2.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

3.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

4.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

5.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

6.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

7.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

8.

Defendant admits only that portion of paragraph 8 of plaintiff's complaint that it is a domestic, for-profit corporation with its principle place of business at the listed location and that it can be served in accordance with Georgia law.  To the extent the remaining allegations contained in paragraph 8 of plaintiff's complaint are inconsistent with Georgia law, they are denied.

9.

Defendant denies the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

The allegations set forth in paragraph 12 of plaintiff's complaint either call for a legal conclusion and therefore no response to same is required of Defendant or are denied.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

## **ALLEGED OPERATIVE FACTS**

14.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

15.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

16.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

17.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

18.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

19.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

20.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

21.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

22.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

23.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

24.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

25.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

26.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

27.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

28.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

29.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

30.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

31.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

32.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

33.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's complaint.

35.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

36.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

37.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

38.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 38 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

39.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

40.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 40 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

41.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

42.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 42 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

43.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

44.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

45.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

46.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 46 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

47.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 47 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

48.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 48 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

49.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

50.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 50 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

51.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

52.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

53.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 53 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

54.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

55.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 55 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

56.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

57.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 57 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

58.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 58 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

59.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

60.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

61.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 61 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

62.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 62 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

63.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 63 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

64.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 64 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

65.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 65 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

66.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

67.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 67 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

68.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 68 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

69.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 69 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

70.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 70 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

71.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 71 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

72.

Defendant denies the allegations contained in paragraph 72 of plaintiff's complaint.

73.

Defendant denies the allegations contained in paragraph 73 of plaintiff's complaint.

74.

Defendant denies the allegations contained in paragraph 74 of plaintiff's complaint.

75.

Defendant denies the allegations contained in paragraph 74 of plaintiff's complaint.

76.

Defendant denies the allegations contained in paragraph 76 of plaintiff's complaint.

## COUNT ONE

### Alleged Strict Liability of Toyota

77.

Defendant incorporates its responses to paragraphs 1 through 76 of plaintiff's complaint as if set forth herein.

78.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 78, including subparagraphs 1) through 4), of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

79.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 79 of plaintiff's complaint, and therefore denies same and demand strict proof thereof. Defendant denies plaintiff is entitled to damages from it.

## COUNT TWO

### Alleged Negligence of Toyota

80.

Defendant incorporates its responses to paragraphs 1 through 79 of plaintiff's complaint as if set forth herein.

81.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 81 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

82.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 82 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

83.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 83 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

84.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 84 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

85.

Defendant denies the allegations contained in paragraph 85 of plaintiff's complaint.

## **COUNT THREE**

### **Alleged Toyota's Failure to Warn**

86.

Defendant incorporates its responses to paragraphs 1 through 85 of plaintiff's complaint as if set forth herein.

87.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 87 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

88.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 88 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

89.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 89 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

90.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 90 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

## <u>COUNT FOUR</u>

### Alleged Punitive Damages Against Toyota

91.

Defendant incorporates its responses to paragraphs 1 through 90 of plaintiff's complaint as if set forth herein.

92.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 92 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

93.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 93 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

94.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 94 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

95.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 95 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

## <u>COUNT FIVE</u>

**Alleged Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota**

96.

Defendant incorporates its responses to paragraphs 1 through 95 of plaintiff's complaint as if set forth herein.

97.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 97 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

98.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 98 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

99.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 99 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

100.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 100 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

101.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 101 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

102.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 102 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

103.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 103 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

104.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 104 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

105.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 105 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

106.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 106 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

107.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 107 of plaintiff's complaint, and therefore denies same and demand strict proof thereof.

## COUNT SIX

### Alleged Negligent Sale of Jim Ellis

108.

Defendant incorporates its responses to paragraphs 1 through 107 of plaintiff's complaint as if set forth herein.

109.

Defendant admits only that portion of the allegations in paragraph 109 of plaintiff's complaint that any duties it owes to consumers are controlled by applicable law.  To the extent the allegations contained in paragraph 109 of plaintiff's complaint are inconsistent with applicable law, they are denied. Defendant further denies breached any duty it may have owed plaintiff.

110.

Defendant denies the allegations contained in paragraph 110 of plaintiff's complaint.

111.

Defendant denies the allegations contained in paragraph 111 of plaintiff's complaint.

## COUNT SEVEN

### Alleged Negligent Failure to Warn of Jim Ellis

112.

Defendant incorporates its responses to paragraphs 1 through 111 of plaintiff's complaint as if set forth herein.

113.

Defendant denies the allegations contained in paragraph 113 of plaintiff's complaint.

114.

Defendant denies the allegations contained in paragraph 114 of plaintiff's complaint.

115.

Defendant denies the allegations contained in paragraph 115 of plaintiff's complaint.

## COUNT EIGHT

### Alleged Joint and Several Liability of Defendants

116.

Defendant incorporates its responses to paragraphs 1 through 115 of plaintiff's complaint as if set forth herein.

117.

Defendant denies the allegations contained in paragraph 117 of plaintiff's complaint.

## ALLEGED DAMAGES SOUGHT

118.

Defendant incorporates its responses to paragraphs 1 through 117 of plaintiff's complaint as if set forth herein.

119.

Defendant denies the allegations contained in paragraph 119 of plaintiff's complaint.

120.

Defendant denies the allegations contained in paragraph 120, including subparagraph a., of plaintiff's complaint.

121.

Defendant denies the allegations contained in paragraph 121, including subparagraph a. through d., of plaintiff's complaint.

27

122.

Defendant denies the allegations contained in paragraph 122, including subparagraph a. through i., of plaintiff's complaint.

123.

## **ALLEGED PRAYER FOR RELIEF**

In response to the unnumbered "WHEREFORE" paragraph immediately following Paragraph 122 of plaintiff's complaint, including subparagraphs A through G thereof, Defendant denies all such allegations and specifically deny that plaintiff is entitled to any of the requested relief from Defendant.

124.

Each and every allegation contained in plaintiff's complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, having fully listed their defenses and having fully answered plaintiff's complaint, Defendant prays as follows:

a. That judgment be entered in favor of Defendant and against plaintiff on plaintiff's complaint:

b. That the costs of this action, including attorney fees, be cast against plaintiff; and

c. That the Court grant such other and further relief as it may deem just and proper.

28

This the 9th day of June, 2023.

                                        **FREEMAN MATHIS & GARY, LLP**

                                        */s/ Wayne S. Melnick*
                                        WAYNE S. MELNICK
                                        Georgia Bar No. 501267
                                        wmelnick@fmglaw.com
                                        E. Andrew Treese
                                        Georgia Bar No. 556850
                                        atreese@fmglaw.com
                                        GEOFFREY F. CALDERARO
                                        Georgia Bar No. 991159
                                        geoffrey.calderaro@fmglaw.com
                                        *Counsel for Defendant Jim Ellis Automotive*
                                        *Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO
TRIABLE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the within and foregoing ***Defendant Jim Ellis Automotive Holdings, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint*** via Odyssey e-file system which will send electronic notification of such filing to counsel of record as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, Georgia 31902

This 9th day of June, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960

State Court of Fulton County
**E-FILED**
23EV002868
6/15/2023 3:40 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN,<br>Individually and as Surviving Spouse and<br>Executor of the Estate of LEE DIXON<br>GRIFFIN, JR., | ) ) ) ) | Civil Action File No. 23EV002868 |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TOYOTA MOTOR CORPORATION,<br>TOYOTA MOTOR NORTH AMERICA,<br>INC.; TOYOTA MOTOR SALES, U.S.A.,<br>INC., TOYOTA MOTOR ENGINEERING &<br>MANUFACTURING NORTH AMERICA,<br>INC., TOYOTA MOTOR<br>MANUFACTURING, TEXAS, INC.; and<br>JIM ELLIS AUTOMOTIVE HOLDINGS,<br>INC., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT**
**TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

COMES NOW Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), defendant in the above-styled action, pursuant to O.C.G.A. § 9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint. For such, TEMA respectfully shows the Court as follows:

TEMA objects to the first seven unnumbered paragraphs in Plaintiff's Complaint as argumentative and improper, and therefore, requiring no response. However, to the extent a response is deemed to be required, TEMA denies the allegations in the first seven unnumbered paragraphs in Plaintiff's Complaint.

## ANSWERING THE INDIVIDUALLY NUMBERED
## PARAGRAPHS IN PLAINTIFF'S COMPLAINT

TEMA answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Parties, Jurisdiction, Venue & Service of Process" as follows:

## PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

1.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.

TEMA admits that Toyota Motor Corporation ("TMC") is a Japanese corporation with its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan. TEMA further admits that the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention") is the exclusive means for service of process upon TMC.  TEMA further admits upon information and belief, that TMC was responsible for the overall design, development, and testing of the subject 2017 Toyota Tacoma. TEMA denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

TEMA admits that Toyota Motor North America, Inc. ("TMNA") is a California Corporation with its principal place of business located in Plano, Texas.  TEMA further admits that TMNA is a subsidiary of TMC. TEMA further admits that, upon information and belief, TMNA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TEMA denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

TEMA admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California Corporation with its principal place of business located in Plano, Texas.  TEMA further admits that TMS is authorized to do business in the State of Georgia and that, upon information and belief, TMS may be served with process within the State of Georgia through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TEMA denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

TEMA admits that it is a Kentucky corporation, and that it may be served with process through its duly appointed and registered agent, CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. TEMA denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

TEMA admits that Toyota Motor Manufacturing Texas, Inc. ("TMMTX") is a Texas corporation with its principal place of business in San Antonio, Texas.  TEMA further admits that, upon information and belief, TMMTX may be served with process through its duly appointed and registered agent, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.  TEMA denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

TEMA denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are directed to an entity other than TEMA, and, therefore, no response is required from TEMA, but to the extent a response

is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are directed to an entity other than TEMA, and, therefore, no response is required from TEMA, but to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required TEMA; however, to the extent a response is required, TEMA is not contesting venue at this time.  TEMA denies the remaining allegations contained in Paragraph 10.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TEMA; however, to the extent a response is required, TEMA is not contesting that the Court has subject matter jurisdiction in this matter.

12.

TEMA denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TEMA; however, to the extent a response is required, TEMA is not contesting venue at this time.

## OPERATIVE FACTS

### 14.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

### 15.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

### 16.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

### 17.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

### 18.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 18 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TEMA, TEMA denies all such suggestions.

### 19.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 19 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TEMA, TEMA denies all such suggestions.

20.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 22 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TEMA, TEMA denies all such suggestions.

23.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 32 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TEMA, TEMA denies all such suggestions.

33.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.  To

the extent Paragraph 33 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TEMA, TEMA denies all such suggestions.

34.

TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.

In response to Paragraph 35 of Plaintiff's Complaint, TEMA admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.  TEMA denies the remaining allegations in Paragraph 35.

36.

In response to Paragraph 36 of Plaintiff's Complaint, TEMA admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.

37.

In response to Paragraph 37 of Plaintiff's Complaint, TEMA admits that Toyota's "Smart Key" system is a vehicle entry, security and ignition system that uses an electronic software code broadcast by a key fob to enable the engine ignition system without requiring a non-electronic key to be physically inserted in an ignition switch lock cylinder.  TEMA denies the remaining allegation in Paragraph 37 of Plaintiff's Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, TEMA admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key

System enables the engine ignition system.  TEMA denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.

In response to Paragraph 39 of Plaintiff's Complaint, TEMA admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key System enables the engine ignition system.  TEMA denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.

In response to Paragraph 40 of Plaintiff's Complaint, TEMA admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TEMA denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective.  TEMA denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of Plaintiff's Complaint, TEMA admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TEMA denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective.  TEMA denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

9

42.

Upon information and belief, TEMA admits that TMC first installed the Smart Key System into a Toyota or Lexus brand vehicle in the U.S. market in model year 2004. TEMA denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.

TEMA denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

In response to Paragraph 44 of Plaintiff's Complaint, TEMA admits only that it is aware of carbon monoxide incidents that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents. TEMA denies the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.

TEMA denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

In response to Paragraph 46 of Plaintiff's Complaint, TEMA admits only that the risks of carbon monoxide poisoning are known by TEMA, as well as many other entities and members of the general public. TEMA denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.

In response to Paragraph 47 of Plaintiff's Complaint, TEMA admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TEMA, as well as many other entities and members of the general public. TEMA denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.

In response to Paragraph 48 of Plaintiff's Complaint, TEMA admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TEMA, as well as many other entities and members of the general public.  TEMA denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

49.

In response to Paragraph 49 of Plaintiff's Complaint, TEMA admits only that it is aware of carbon monoxide incidents that predate the manufacture and original retail sale of the subject 2017 Toyota Tacoma and that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents. TEMA denies the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50.

In response to Paragraph 50 of Plaintiff's Complaint, TEMA admits that reports have been made to the National Highway Transportation Safety Administration ("NHTSA") involving the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize such reports.  TEMA denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51.

In response to Paragraph 51 of Plaintiff's Complaint, TEMA admits only that NHTSA's Notice of Proposed Rulemaking ("NPRM") regarding Federal Motor Vehicle Safety Standard 114, dated December 12, 2011, referenced an alleged incident involving a 2007 Lexus LS460, and that

the description of that incident, as well as NHTSA's other statements in the NPRM, speak for themselves.  TEMA denies the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.

In response to Paragraph 52 of Plaintiff's Complaint, TEMA admits only that the news articles referenced in this paragraph speak for themselves.  TEMA denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

53.

In response to Paragraph 53, TEMA admits only that the New York Times article referenced in this paragraph speaks for itself.  TEMA denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54.

TEMA denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

TEMA denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

TEMA denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

TEMA denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.

In response to Paragraph 58, TEMA admits, upon information and belief, that beginning in the model year 2013, Ford Motor Company and General Motors Corporation provided an automatic shut-off feature as original equipment on certain vehicles equipped with pushbutton ignition systems. TEMA denies the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.

TEMA denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.

In response to Paragraph 60 of Plaintiff's Complaint, TEMA admits only that on June 12, 2019, Toyota issued a press release entitled "Toyota Plans to Deploy Automatic Engine Shut Off and Automatic Park Features to Vehicle Line Up," and this press release speaks for itself.  TEMA denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.

TEMA denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

TEMA denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

In response to Paragraph 63 of Plaintiff's Complaint, TEMA admits only that, upon information and belief, General Motors LLC issued a recall in March of 2015 for certain models of its Chevrolet Volt vehicles regarding the risk of carbon monoxide poisoning when the vehicle was left on in an enclosed space such as a garage, and that this recall notice speaks for itself. TEMA denies the remaining allegations in Paragraph 63.

64.

In response to Paragraph 64 of Plaintiff's Complaint, TEMA admits that the Infrastructure and Investment Jobs Act, signed on November 15, 2021, requires NHTSA to promulgate a rule for automatic engine shutoffs in passenger vehicles with pushbutton ignition systems and this Act speaks for itself.  TEMA denies the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65.

TEMA denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

TEMA denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

TEMA denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

In response to Paragraph 68 of the Complaint, TEMA admits that certain legal duties exist regarding the subject vehicle, and TEMA denies that it breached any such duties. TEMA denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

TEMA denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

TEMA denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

TEMA denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

## **<u>COUNT ONE</u>**

### **Strict Liability of Toyota**

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count One – Strict Liability of Toyota" as follows:

77.

In response to Paragraph 77, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-76 of Plaintiff's Complaint, set forth above.

78.

In response to Paragraph 78, TEMA denies the allegations contained in Paragraph 78 of Plaintiff's Complaint, including its subparts 1 through 4.

79.

TEMA denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT TWO

### Negligence of Toyota

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Two – Negligence of Toyota" as follows:

80.

In response to Paragraph 80, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-79 of Plaintiff's Complaint, set forth above.

81.

In response to Paragraph 81 of the Complaint, TEMA admits that certain legal duties exist regarding the subject vehicle, and TEMA denies that it breached any such duties. TEMA denies the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

In response to Paragraph 82, TEMA admits only that, as of the date of the subject 2017 Toyota Tacoma's initial retail sale, the risks of carbon monoxide poisoning from an internal combustion engine left running in an enclosed space were known by TEMA, as well as many other entities and members of the general public. TEMA denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83.

TEMA denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

TEMA denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

TEMA denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## COUNT THREE

### Toyota's Failure to Warn

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Three – Toyota's Failure to Warn" as follows:

86.

In response to Paragraph 86, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-85 of Plaintiff's Complaint, set forth above.

87.

In response to Paragraph 87 of the Complaint, TEMA admits that certain legal duties exist regarding the subject vehicle, and TEMA denies that it breached any such duties. TEMA denies the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

TEMA denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

TEMA denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

TEMA denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## COUNT FOUR

**Punitive Damages Against Toyota**

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Four –Punitive Damages Against Toyota" as follows:

91.

In response to Paragraph 91, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-90 of Plaintiff's Complaint, set forth above.

92.

TEMA denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

TEMA denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

TEMA denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

TEMA denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

## COUNT FIVE

**Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota**

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Five –Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota" as follows:

96.

In response to Paragraph 96, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-95 of Plaintiff's Complaint, set forth above.

18

97.

TEMA denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

TEMA denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

TEMA denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

TEMA denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

TEMA denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

TEMA denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

TEMA denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

TEMA denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

TEMA denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106.

TEMA denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107.

TEMA denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

## COUNT SIX

**Negligent Sale of Jim Ellis**

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Six – Negligent Sale of Jim Ellis" as follows:

108.

In response to Paragraph 108, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-107 of Plaintiff's Complaint, set forth above.

109.

The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT SEVEN

### Negligent Failure to Warn of Jim Ellis

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Seven – Negligent Failure to Warn of Jim Ellis" as follows:

### 112.

In response to Paragraph 112, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-111 of Plaintiff's Complaint, set forth above.

### 113.

The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

### 114.

The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

### 115.

The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to TEMA, and therefore, no response is required from TEMA; however, to the extent a response is required, TEMA denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

## COUNT EIGHT

### Joint and Several Liability of Defendants

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Eight- Joint and Several Liability of Defendants" as follows:

116.

In response to Paragraph 116, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-115 of Plaintiff's Complaint, set forth above.

117.

TEMA denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## DAMAGES SOUGHT

TEMA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Nine-Damages Sought" as follows:

118.

In response to Paragraph 118, TEMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-117 of Plaintiff's Complaint, set forth above.

119.

TEMA denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

The allegations contained Paragraph 120 of Plaintiff's Complaint, including its subpart a., are statements of legal conclusions to which no response is required. To the extent a response is

deemed to be required, TEMA denies that Plaintiff is entitled to recover the damages she seeks from TEMA.

121.

The allegations contained Paragraph 121 of Plaintiff's Complaint, including its subparts a. through d., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TEMA denies that Plaintiff is entitled to recover the damages she seeks from TEMA.

122.

The allegations contained Paragraph 122 of Plaintiff's Complaint, including its subparts a. through i., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TEMA denies that Plaintiff is entitled to recover the damages she seeks from TEMA.

<b><u>DEFENSES TO THE COMPLAINT AS A WHOLE</u></b>

<b><u>FIRST DEFENSE</u></b>

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

<b><u>SECOND DEFENSE</u></b>

Plaintiff's claims against TEMA should be dismissed for insufficient service of process, insufficient process and/or lack of personal jurisdiction.

<b><u>THIRD DEFENSE</u></b>

TEMA reserves all defenses available under O.C.G.A. §§9-10-31.1 and 51-12-33.

## FOURTH DEFENSE

TEMA's fault, if any, must be compared to the fault of Plaintiff and/or Plaintiff's decedent pursuant to O.C.G.A. §§51-12-33, including but not limited to Plaintiff's decedent's operation of the subject vehicle.

## FIFTH DEFENSE

TEMA states that Plaintiff and/or Plaintiff's decedent failed to exercise ordinary care for their own safety and was negligent at the time and place of the subject incident and such failure and negligence on Plaintiff or Plaintiff's decedent's part was the sole cause, or in the alternative, a substantial factor in causing the incident and Plaintiff's decedent's claimed injuries and damages; therefore TEMA is not liable to Plaintiff, or alternatively, fault should be apportioned pursuant to O.C.G.A. §§51-11-7.

## SIXTH DEFENSE

TEMA states that Plaintiff's claims are barred by the misuse, modification or alteration of the product in question and other superseding and intervening acts of negligence by persons over whom TEMA had no control or no legal duty to control.

## SEVENTH DEFENSE

TEMA states that the subject vehicle conformed to and was in compliance with the state of the art applicable to the design, manufacturing and labeling of the subject vehicle, and that the subject vehicle conformed to and was in compliance with any applicable government and industry standards and, therefore, denies that it is liable to Plaintiff.

## EIGHTH DEFENSE

TEMA states that Plaintiff's claims are preempted by Federal Law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. Section 30103, et. seq.), and the

regulations issued by the Secretary of Transportation pursuant thereto, more particularly known as the Federal Motor Vehicle Safety Standards.

## NINTH DEFENSE

TEMA states that the incident described in Plaintiff's Complaint was not the foreseeable result of any act or omission on the part of TEMA.

## TENTH DEFENSE

TEMA states that Plaintiff's decedent may have assumed the risk. Plaintiff is not, therefore, entitled to recover from TEMA in this action.

## ELEVENTH DEFENSE

The product in question was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## TWELFTH DEFENSE

TEMA is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by Plaintiff.

## THIRTEENTH DEFENSE

TEMA is informed and believes, and on that basis alleges that neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against TEMA.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from TEMA because an award of such damages could violate the due process, equal protection and excessive fines clauses of the Georgia and United States Constitutions.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates TEMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury may award punitive damages against TEMA even if TEMA has not engaged in intentionally malicious conduct or has no actual knowledge of malicious conduct, in violation of TEMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give TEMA prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of TEMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the  award is rationally related to the state's legitimate goals of deterrence and retribution, which violates TEMA's due process rights

guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of TEMA; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Accordingly, this would violate TEMA's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia and would be improper under the common law and public policies of the State of Georgia.

## TWENTIETH DEFENSE

Some or all of Plaintiff's claims may be preempted by applicable federal law.

## TWENTY-FIRST DEFENSE

Plaintiff's damages may have been caused or contributed to by the acts or omissions of other persons or entities.

## TWENTY-SECOND DEFENSE

Joint and several liability does not apply to Plaintiff's claims pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## TWENTY-THIRD DEFENSE

No duty to warn was breached by TEMA.

## TWENTY-FOURTH DEFENSE

Plaintiff's warning claims may be barred by the open and obvious defense.

## TWENTY-FIFTH DEFENSE

TEMA denies each and every material allegation made against it by Plaintiff and demands strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, TEMA prays that Plaintiff's Complaint be dismissed; that judgment be rendered in favor of TEMA; that Plaintiff recover nothing in this action from TEMA; that Plaintiff be assessed with all costs of this action incurred by TEMA; that TEMA demands a trial by jury comprised of twelve jurors; and that TEMA has such other and further relief as this Court deems just and proper.


Respectfully submitted this 15th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
999 Peachtree Street NE
Suite 1130
Atlanta, GA 30309
Telephone: 229-436-1545

mboorman@watsonspence.com
phenderson@watsonspence.com
***Counsel for Defendant Toyota Motor***
***Engineering & Manufacturing North***
***America, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via Odyssey e-filing as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Wayne S. Melnick
E. Andrew Treese
Geoffrey F. Calderaro
FREEMAN MATHIS & GARY LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
wmelnick@fmglaw.com
atreese@fmglaw.com
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

This 15th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798

State Court of Fulton County
**E-FILED**
23EV002868
6/15/2023 3:29 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | ) ) ) ) ) | Civil Action File No. 23EV002868 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER AND DEFENSES OF DEFENDANT
TOYOTA MOTOR NORTH AMERICA, INC.**

COMES NOW Toyota Motor North America, Inc. ("TMNA"), defendant in the above-styled action, pursuant to O.C.G.A. § 9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint. For such, TMNA respectfully shows the Court as follows:

TMNA objects to the first seven unnumbered paragraphs in Plaintiff's Complaint as argumentative and improper, and therefore, requiring no response. However, to the extent a response is deemed to be required, TMNA denies the allegations in the first seven unnumbered paragraphs in Plaintiff's Complaint.

## ANSWERING THE INDIVIDUALLY NUMBERED
## <u>PARAGRAPHS IN PLAINTIFF'S COMPLAINT</u>

TMNA answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Parties, Jurisdiction, Venue & Service of Process" as follows:

### <u>PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS</u>

1.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.

TMNA admits that Toyota Motor Corporation ("TMC") is a Japanese corporation with its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan. TMNA further admits that the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention") is the exclusive means for service of process upon TMC. TMNA further admits upon information and belief, that TMC was responsible for the overall design, development, and testing of the subject 2017 Toyota Tacoma. TMNA denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

TMNA admits that it is a California Corporation with its principal place of business located in Plano, Texas. TMNA further admits it is a subsidiary of TMC. TMNA further admits it may be served with process through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TMNA denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

TMNA admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California Corporation

with its principal place of business in Plano, Texas.  TMNA further admits that TMS is authorized to do business in the State of Georgia and that, upon information and belief, TMS may be served with process within the State of Georgia through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TMNA denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

TMNA admits that Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is a Kentucky corporation.  TMNA further admits that, upon information and belief, TEMA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. TMNA denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

TMNA admits that Toyota Motor Manufacturing Texas, Inc. ("TMMTX") is a Texas corporation with its principal place of business in San Antonio, Texas.  TMNA further admits that, upon information and belief, TMMTX may be served with process through its duly appointed and registered agent, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201. TMNA denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

TMNA denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are directed to an entity other than TMNA, and, therefore, no response is required from TMNA, but to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are directed to an entity other than TMNA, and, therefore, no response is required from TMNA, but to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required TMNA; however, to the extent a response is required, TMNA is not contesting venue at this time. TMNA denies the remaining allegations contained in Paragraph 10.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TMNA; however, to the extent a response is required, TMNA is not contesting that the Court has subject matter jurisdiction in this matter.

12.

TMNA denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TMNA; however, to the extent a response is required, TMNA is not contesting venue at this time.

## **OPERATIVE FACTS**

14.

TMNA is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 18 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMNA, TMNA denies all such suggestions.

19.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 19 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMNA, TMNA denies all such suggestions.

20.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 22 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMNA, TMNA denies all such suggestions.

23.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 32 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMNA, TMNA denies all such suggestions.

33.

TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 33 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMNA, TMNA denies all such suggestions.

34.

TMNA is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.

In response to Paragraph 35 of Plaintiff's Complaint, TMNA admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.  TMNA denies the remaining allegations in Paragraph 35.

36.

In response to Paragraph 36 of Plaintiff's Complaint, TMNA admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.

37.

In response to Paragraph 37 of Plaintiff's Complaint, TMNA admits that Toyota's "Smart Key" system is a vehicle entry, security and ignition system that uses an electronic software code broadcast by a key fob to enable the engine ignition system without requiring a non-electronic key to be physically inserted in an ignition switch lock cylinder.  TMNA denies the remaining allegation in Paragraph 37 of Plaintiff's Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, TMNA admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key System enables the engine ignition system.  TMNA denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.

In response to Paragraph 39 of Plaintiff's Complaint, TMNA admits only that the Smart

Key System is designed so that the vehicle will start without the insertion of a mechanical key into

the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The

system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle

reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key

System enables the engine ignition system.  TMNA denies the remaining allegations in Paragraph

39 of Plaintiff's Complaint.

40.

In response to Paragraph 40 of Plaintiff's Complaint, TMNA admits only that the Smart

Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would

automatically shut off the engine after a certain period of time after the operator had parked and

exited the vehicle after failing to push the engine stop button, but TMNA denies that the lack of

such a feature rendered the subject 2017 Toyota Tacoma in any way defective.  TMNA denies the

remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of Plaintiff's Complaint, TMNA admits only that the Smart

Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would

automatically shut off the engine after a certain period of time after the operator had parked and

exited the vehicle after failing to push the engine stop button, but TMNA denies that the lack of

such a feature rendered the subject 2017 Toyota Tacoma in any way defective.  TMNA denies the

remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Upon information and belief, TMNA admits that TMC first installed the Smart Key System

into a Toyota or Lexus brand vehicle in the U.S. market in model year 2004.  TMNA denies the

remaining allegations in Paragraph 42 of Plaintiff's Complaint.

9

43.

TMNA denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

In response to Paragraph 44 of Plaintiff's Complaint, TMNA admits only that it is aware of carbon monoxide incidents that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents. TMNA denies the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.

TMNA denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

In response to Paragraph 46 of Plaintiff's Complaint, TMNA admits only that the risks of carbon monoxide poisoning are known by TMNA, as well as many other entities and members of the general public. TMNA denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.

In response to Paragraph 47 of Plaintiff's Complaint, TMNA admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMNA, as well as many other entities and members of the general public.  TMNA denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.

In response to Paragraph 48 of Plaintiff's Complaint, TMNA admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMNA, as well as many other entities

and members of the general public.  TMNA denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

49.

In response to Paragraph 49 of Plaintiff's Complaint, TMNA admits only that it is aware of carbon monoxide incidents that predate the manufacture and original retail sale of the subject 2017 Toyota Tacoma and that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents. TMNA denies the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50.

In response to Paragraph 50 of Plaintiff's Complaint, TMNA admits that reports have been made to the National Highway Transportation Safety Administration ("NHTSA") involving the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize such reports.  TMNA denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51.

In response to Paragraph 51 of Plaintiff's Complaint, TMNA admits only that NHTSA's Notice of Proposed Rulemaking ("NPRM") regarding Federal Motor Vehicle Safety Standard 114, dated December 12, 2011, referenced an alleged incident involving a 2007 Lexus LS460, and that the description of that incident, as well as NHTSA's other statements in the NPRM, speak for themselves.  TMNA denies the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.

In response to Paragraph 52 of Plaintiff's Complaint, TMNA admits only that the news articles referenced in this paragraph speak for themselves.  TMNA denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

11

53.

In response to Paragraph 53, TMNA admits only that the New York Times article referenced in this paragraph speaks for itself.  TMNA denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54.

TMNA denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

TMNA denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

TMNA denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

TMNA denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.

In response to Paragraph 58, TMNA admits, upon information and belief, that beginning in the model year 2013, Ford Motor Company and General Motors Corporation provided an automatic shut-off feature as original equipment on certain vehicles equipped with pushbutton ignition systems.  TMNA denies the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.

TMNA denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.

In response to Paragraph 60 of Plaintiff's Complaint, TMNA admits only that on June 12, 2019, Toyota issued a press release entitled "Toyota Plans to Deploy Automatic Engine Shut Off

and Automatic Park Features to Vehicle Line Up," and this press release speaks for itself. TMNA denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.

TMNA denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

TMNA denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

In response to Paragraph 63 of Plaintiff's Complaint, TMNA admits only that, upon information and belief, General Motors LLC issued a recall in March of 2015 for certain models of its Chevrolet Volt vehicles regarding the risk of carbon monoxide poisoning when the vehicle was left on in an enclosed space such as a garage, and that this recall notice speaks for itself. TMNA denies the remaining allegations in Paragraph 63.

64.

In response to Paragraph 64 of Plaintiff's Complaint, TMNA admits that the Infrastructure and Investment Jobs Act, signed on November 15, 2021, requires NHTSA to promulgate a rule for automatic engine shutoffs in passenger vehicles with pushbutton ignition systems and this Act speaks for itself. TMNA denies the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65.

TMNA denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

TMNA denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

TMNA denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

In response to Paragraph 68 of the Complaint, TMNA admits that certain legal duties exist regarding the subject vehicle, and TMNA denies that it breached any such duties. TMNA denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

TMNA denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

TMNA denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

TMNA denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is

required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

## **COUNT ONE**

### **Strict Liability of Toyota**

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count One – Strict Liability of Toyota" as follows:

77.

In response to Paragraph 77, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-76 of Plaintiff's Complaint, set forth above.

78.

In response to Paragraph 78, TMNA denies the allegations contained in Paragraph 78 of Plaintiff's Complaint, including its subparts 1 through 4.

79.

TMNA denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT TWO

### Negligence of Toyota

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Two – Negligence of Toyota" as follows:

80.

In response to Paragraph 80, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-79 of Plaintiff's Complaint, set forth above.

81.

In response to Paragraph 81 of the Complaint, TMNA admits that certain legal duties exist regarding the subject vehicle, and TMNA denies that it breached any such duties. TMNA denies the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

In response to Paragraph 82, TMNA admits only that, as of the date of the subject 2017 Toyota Tacoma's initial retail sale, the risks of carbon monoxide poisoning from an internal combustion engine left running in an enclosed space were known by TMNA, as well as many other entities and members of the general public. TMNA denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83.

TMNA denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

TMNA denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

TMNA denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## COUNT THREE

### Toyota's Failure to Warn

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Three – Toyota's Failure to Warn" as follows:

86.

In response to Paragraph 86, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-85 of Plaintiff's Complaint, set forth above.

87.

In response to Paragraph 87 of the Complaint, TMNA admits that certain legal duties exist regarding the subject vehicle, and TMNA denies that it breached any such duties. TMNA denies the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

TMNA denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

TMNA denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

TMNA denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## COUNT FOUR

### Punitive Damages Against Toyota

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Four – Punitive Damages Against Toyota" as follows:

91.

In response to Paragraph 91, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-90 of Plaintiff's Complaint, set forth above.

92.

TMNA denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

TMNA denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

TMNA denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

TMNA denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

## COUNT FIVE

### Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Five –Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota" as follows:

96.

In response to Paragraph 96, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-95 of Plaintiff's Complaint, set forth above.

97.

TMNA denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

TMNA denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

TMNA denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

TMNA denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

TMNA denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

TMNA denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

TMNA denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

TMNA denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

TMNA denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106.

TMNA denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107.

TMNA denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

## COUNT SIX

### Negligent Sale of Jim Ellis

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Six – Negligent Sale of Jim Ellis" as follows:

108.

In response to Paragraph 108, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-107 of Plaintiff's Complaint, set forth above.

109.

The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to

19

TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT SEVEN

### Negligent Failure to Warn of Jim Ellis

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Seven – Negligent Failure to Warn of Jim Ellis" as follows:

112.

In response to Paragraph 112, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-111 of Plaintiff's Complaint, set forth above.

113.

The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to TMNA, and therefore, no response is required from TMNA; however, to the extent a response is required, TMNA denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

## COUNT EIGHT

### Joint and Several Liability of Defendants

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Eight- Joint and Several Liability of Defendants" as follows:

116.

In response to Paragraph 116, TMNA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-115 of Plaintiff's Complaint, set forth above.

117.

TMNA denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## DAMAGES SOUGHT

TMNA, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Nine-Damages Sought" as follows:

118.

In response to Paragraph 118, TMNA incorporates by reference, as if set forth fully

verbatim herein, its answers and defenses to Paragraphs 1-117 of Plaintiff's Complaint, set forth above.

119.

TMNA denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

The allegations contained Paragraph 120 of Plaintiff's Complaint, including its subpart a., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMNA denies that Plaintiff is entitled to recover the damages she seeks from TMNA.

121.

The allegations contained Paragraph 121 of Plaintiff's Complaint, including its subparts a. through d., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMNA denies that Plaintiff is entitled to recover the damages she seeks from TMNA.

122.

The allegations contained Paragraph 122 of Plaintiff's Complaint, including its subparts a. through i., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMNA denies that Plaintiff is entitled to recover the damages she seeks from TMNA.

**DEFENSES TO THE COMPLAINT AS A WHOLE**

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims against TMNA should be dismissed for insufficient service of process, insufficient process and/or lack of personal jurisdiction.

### THIRD DEFENSE

TMNA reserves all defenses available under O.C.G.A. §§9-10-31.1 and 51-12-33.

### FOURTH DEFENSE

TMNA's fault, if any, must be compared to the fault of Plaintiff and/or Plaintiff's decedent pursuant to O.C.G.A. §§51-12-33, including but not limited to Plaintiff's decedent's operation of the subject vehicle.

### FIFTH DEFENSE

TMNA states that Plaintiff and/or Plaintiff's decedent failed to exercise ordinary care for their own safety and was negligent at the time and place of the subject incident and such failure and negligence on Plaintiff or Plaintiff's decedent's part was the sole cause, or in the alternative, a substantial factor in causing the incident and Plaintiff's decedent's claimed injuries and damages; therefore TMNA is not liable to Plaintiff, or alternatively, fault should be apportioned pursuant to O.C.G.A. §§51-11-7.

### SIXTH DEFENSE

TMNA states that Plaintiff's claims are barred by the misuse, modification or alteration of the product in question and other superseding and intervening acts of negligence by persons over whom TMNA had no control or no legal duty to control.

### SEVENTH DEFENSE

TMNA states that the subject vehicle conformed to and was in compliance with the state of the art applicable to the design, manufacturing and labeling of the subject vehicle, and that the

subject vehicle conformed to and was in compliance with any applicable government and industry standards and, therefore, denies that it is liable to Plaintiff.

## EIGHTH DEFENSE

TMNA states that Plaintiff's claims are preempted by Federal Law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. Section 30103, et. seq.), and the regulations issued by the Secretary of Transportation pursuant thereto, more particularly known as the Federal Motor Vehicle Safety Standards.

## NINTH DEFENSE

TMNA states that the incident described in Plaintiff's Complaint was not the foreseeable result of any act or omission on the part of TMNA.

## TENTH DEFENSE

TMNA states that Plaintiff's decedent may have assumed the risk.  Plaintiff is not, therefore, entitled to recover from TMNA in this action.

## ELEVENTH DEFENSE

The product in question was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## TWELFTH DEFENSE

TMNA is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by Plaintiff.

**THIRTEENTH DEFENSE**

TMNA is informed and believes, and on that basis alleges that neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against TMNA.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to collect an award of punitive damages from TMNA because an award of such damages could violate the due process, equal protection and excessive fines clauses of the Georgia and United States Constitutions.

**FIFTEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates TMNA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

**SIXTEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury may award punitive damages against TMNA even if TMNA has not engaged in intentionally malicious conduct or has no actual knowledge of malicious conduct, in violation of TMNA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give TMNA prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of TMNA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates TMNA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of TMNA; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to trial court and

26

appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Accordingly, this would violate TMNA's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia and would be improper under the common law and public policies of the State of Georgia.

## TWENTIETH DEFENSE

Some or all of Plaintiff's claims may be preempted by applicable federal law.

## TWENTY-FIRST DEFENSE

Plaintiff's damages may have been caused or contributed to by the acts or omissions of other persons or entities.

## TWENTY-SECOND DEFENSE

Joint and several liability does not apply to Plaintiff's claims pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## TWENTY-THIRD DEFENSE

No duty to warn was breached by TMNA.

## TWENTY-FOURTH DEFENSE

Plaintiff's warning claims may be barred by the open and obvious defense.

## TWENTY-FIFTH DEFENSE

TMNA denies each and every material allegation made against it by Plaintiff and demands strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, TMNA prays that Plaintiff's Complaint be dismissed; that judgment be rendered in favor of TMNA; that Plaintiff recover nothing in this action from TMNA; that Plaintiff be assessed with all costs of this action incurred by TMNA; that TMNA demands a trial by jury

comprised of twelve jurors; and that TMNA has such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
999 Peachtree Street NE
Suite 1130
Atlanta, GA 30309
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendant Toyota Motor North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via Odyssey e-filing as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Wayne S. Melnick
E. Andrew Treese
Geoffrey F. Calderaro
FREEMAN MATHIS & GARY LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
wmelnick@fmglaw.com
atreese@fmglaw.com
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

This 15th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798

State Court of Fulton County
**E-FILED**
23EV002868
6/15/2023 3:24 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | ) ) ) ) | Civil Action File No. 23EV002868 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND DEFENSES OF DEFENDANT
## TOYOTA MOTOR SALES, U.S.A., INC.

COMES NOW Toyota Motor Sales, U.S.A., Inc. ("TMS"), defendant in the above-styled action, pursuant to O.C.G.A. § 9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint. For such, TMS respectfully shows the Court as follows:

TMS objects to the first seven unnumbered paragraphs in Plaintiff's Complaint as argumentative and improper, and therefore, requiring no response. However, to the extent a response is deemed to be required, TMS denies the allegations in the first seven unnumbered paragraphs in Plaintiff's Complaint.

**ANSWERING THE INDIVIDUALLY NUMBERED
PARAGRAPHS IN PLAINTIFF'S COMPLAINT**

TMS answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Parties, Jurisdiction, Venue & Service of Process" as follows:

**PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS**

1.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.

TMS admits that Toyota Motor Corporation ("TMC") is a Japanese corporation with its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan. TMS further admits that the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention") is the exclusive means for service of process upon TMC. TMS further admits upon information and belief, that TMC was responsible for the overall design, development, and testing of the subject 2017 Toyota Tacoma. TMS denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

TMS admits that Toyota Motor North America, Inc. ("TMNA") is a California Corporation with its principal place of business in Plano, Texas. TMS further admits that TMNA is a subsidiary of TMC. TMS further admits that, upon information and belief, TMNA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TMS denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

TMS admits that it is a California Corporation with its principal place of business in Plano, Texas.   TMS further admits that it is authorized to do business in the State of Georgia and that it may be served with process within the State of Georgia through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.  TMS denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

TMS admits that Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is a Kentucky corporation.  TMS further admits that, upon information and belief, TEMA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. TMS denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

TMS admits that Toyota Motor Manufacturing Texas, Inc. ("TMMTX") is a Texas corporation with its principal place of business in San Antonio, Texas.  TMS further admits that, upon information and belief, TMMTX may be served with process through its duly appointed and registered agent, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201. TMS denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

TMS denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are directed to an entity other than TMS, and, therefore, no response is required from TMS, but to the extent a response is

required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are directed to an entity other than TMS, and, therefore, no response is required from TMS, but to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required TMS; however, to the extent a response is required, TMS is not contesting venue at this time. TMS denies the remaining allegations contained in Paragraph 10.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TMS; however, to the extent a response is required, TMS is not contesting that the Court has subject matter jurisdiction in this matter.

12.

TMS denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TMS; however, to the extent a response is required, TMS is not contesting venue at this time.

**OPERATIVE FACTS**

14.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 18 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMS, TMS denies all such suggestions.

19.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 19 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMS, TMS denies all such suggestions.

20.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 22 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMS, TMS denies all such suggestions.

23.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.  To the extent Paragraph 32 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMS, TMS denies all such suggestions.

33.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same. To

the extent Paragraph 33 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMS, TMS denies all such suggestions.

34.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.

In response to Paragraph 35 of Plaintiff's Complaint, TMS admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.   TMS denies the remaining allegations in Paragraph 35.

36.

In response to Paragraph 36 of Plaintiff's Complaint, TMS admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.

37.

In response to Paragraph 37 of Plaintiff's Complaint, TMS admits that Toyota's "Smart Key" system is a vehicle entry, security and ignition system that uses an electronic software code broadcast by a key fob to enable the engine ignition system without requiring a non-electronic key to be physically inserted in an ignition switch lock cylinder.  TMS denies the remaining allegation in Paragraph 37 of Plaintiff's Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, TMS admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key System enables

the engine ignition system.  TMS denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.

In response to Paragraph 39 of Plaintiff's Complaint, TMS admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key System enables the engine ignition system.  TMS denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.

In response to Paragraph 40 of Plaintiff's Complaint, TMS admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TMS denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective. TMS denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of Plaintiff's Complaint, TMS admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TMS denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective. TMS denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Upon information and belief, TMS admits that TMC first installed the Smart Key System into a Toyota or Lexus brand vehicle in the U.S. market in model year 2004.  TMS denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.

TMS denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

In response to Paragraph 44 of Plaintiff's Complaint, TMS admits only that it is aware of carbon monoxide incidents that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents. TMS denies the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.

TMS denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

In response to Paragraph 46 of Plaintiff's Complaint, TMS admits only that the risks of carbon monoxide poisoning are known by TMS, as well as many other entities and members of the general public. TMS denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.

In response to Paragraph 47 of Plaintiff's Complaint, TMS admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMS, as well as many other entities and members of the general public.  TMS denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.

In response to Paragraph 48 of Plaintiff's Complaint, TMS admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMS, as well as many other entities and members of the general public.  TMS denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

49.

In response to Paragraph 49 of Plaintiff's Complaint, TMS admits only that it is aware of carbon monoxide incidents that predate the manufacture and original retail sale of the subject 2017 Toyota Tacoma and that allegedly involve the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize these incidents.  TMS denies the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50.

In response to Paragraph 50 of Plaintiff's Complaint, TMS admits that reports have been made to the National Highway Transportation Safety Administration ("NHTSA") involving the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize such reports.  TMS denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51.

In response to Paragraph 51 of Plaintiff's Complaint, TMS admits only that NHTSA's Notice of Proposed Rulemaking ("NPRM") regarding Federal Motor Vehicle Safety Standard 114, dated December 12, 2011, referenced an alleged incident involving a 2007 Lexus LS460, and that

the description of that incident, as well as NHTSA's other statements in the NPRM, speak for themselves. TMS denies the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.

In response to Paragraph 52 of Plaintiff's Complaint, TMS admits only that the news articles referenced in this paragraph speak for themselves. TMS denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

53.

In response to Paragraph 53, TMS admits only that the New York Times article referenced in this paragraph speaks for itself. TMS denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54.

TMS denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

TMS denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

TMS denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

TMS denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.

In response to Paragraph 58, TMS admits, upon information and belief, that beginning in the model year 2013, Ford Motor Company and General Motors Corporation provided an automatic shut-off feature as original equipment on certain vehicles equipped with pushbutton ignition systems. TMS denies the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.

TMS denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.

In response to Paragraph 60 of Plaintiff's Complaint, TMS admits only that on June 12, 2019, Toyota issued a press release entitled "Toyota Plans to Deploy Automatic Engine Shut Off and Automatic Park Features to Vehicle Line Up," and this press release speaks for itself.  TMS denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.

TMS denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

TMS denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

In response to Paragraph 63 of Plaintiff's Complaint, TMS admits only that, upon information and belief, General Motors LLC issued a recall in March of 2015 for certain models of its Chevrolet Volt vehicles regarding the risk of carbon monoxide poisoning when the vehicle was left on in an enclosed space such as a garage, and that this recall notice speaks for itself. TMS denies the remaining allegations in Paragraph 63.

64.

In response to Paragraph 64 of Plaintiff's Complaint, TMS admits that the Infrastructure and Investment Jobs Act, signed on November 15, 2021, requires NHTSA to promulgate a rule for automatic engine shutoffs in passenger vehicles with pushbutton ignition systems and this Act speaks for itself.  TMS denies the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65.

TMS denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

TMS denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

TMS denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

In response to Paragraph 68 of the Complaint, TMS admits that certain legal duties exist regarding the subject vehicle, and TMS denies that it breached any such duties. TMS denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

TMS denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

TMS denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

TMS denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

## **COUNT ONE**

### **Strict Liability of Toyota**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count One – Strict Liability of Toyota" as follows:

77.

In response to Paragraph 77, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-76 of Plaintiff's Complaint, set forth above.

78.

In response to Paragraph 78, TMS denies the allegations contained in Paragraph 78 of

Plaintiff's Complaint, including its subparts 1 through 4.

79.

TMS denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## **COUNT TWO**

### **Negligence of Toyota**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Two – Negligence of Toyota" as follows:

80.

In response to Paragraph 80, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-79 of Plaintiff's Complaint, set forth above.

81.

In response to Paragraph 81 of the Complaint, TMS admits that certain legal duties exist regarding the subject vehicle, and TMS denies that it breached any such duties. TMS denies the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

In response to Paragraph 82, TMS admits only that, as of the date of the subject 2017 Toyota Tacoma's initial retail sale, the risks of carbon monoxide poisoning from an internal combustion engine left running in an enclosed space were known by TMS, as well as many other entities and members of the general public.  TMS denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83.

TMS denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

TMS denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

TMS denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## COUNT THREE

### Toyota's Failure to Warn

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Three – Toyota's Failure to Warn" as follows:

86.

In response to Paragraph 86, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-85 of Plaintiff's Complaint, set forth above.

87.

In response to Paragraph 87 of the Complaint, TMS admits that certain legal duties exist regarding the subject vehicle, and TMS denies that it breached any such duties. TMS denies the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

TMS denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

TMS denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

TMS denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## COUNT FOUR

### Punitive Damages Against Toyota

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Four –Punitive Damages Against Toyota" as follows:

17

91.

In response to Paragraph 91, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-90 of Plaintiff's Complaint, set forth above.

92.

TMS denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

TMS denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

TMS denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

TMS denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

## COUNT FIVE

**Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Five –Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota" as follows:

96.

In response to Paragraph 96, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-95 of Plaintiff's Complaint, set forth above.

97.

TMS denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

TMS denies the allegations contained in Paragraph 98 of Plaintiff's Complaint and therefore denies the same.

18

99.

TMS denies the allegations contained in Paragraph 99 of Plaintiff's Complaint and therefore denies the same.

100.

TMS denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

TMS denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

TMS denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

TMS denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

TMS denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

TMS denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106.

TMS denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107.

TMS denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

## **COUNT SIX**

### **Negligent Sale of Jim Ellis**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Six – Negligent Sale of Jim Ellis" as follows:

108.

In response to Paragraph 108, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-107 of Plaintiff's Complaint, set forth above.

109.

The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## **COUNT SEVEN**

### **Negligent Failure to Warn of Jim Ellis**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Seven – Negligent Failure to Warn of Jim Ellis" as follows:

112.

In response to Paragraph 112, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-111 of Plaintiff's Complaint, set forth above.

113.

The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to

20

TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to TMS, and therefore, no response is required from TMS; however, to the extent a response is required, TMS denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

**COUNT EIGHT**

**Joint and Several Liability of Defendants**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Eight- Joint and Several Liability of Defendants" as follows:

116.

In response to Paragraph 116, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-115 of Plaintiff's Complaint, set forth above.

117.

TMS denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

**DAMAGES SOUGHT**

TMS, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Nine-Damages Sought" as follows:

118.

In response to Paragraph 118, TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-117 of Plaintiff's Complaint, set forth above.

119.

TMS denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

The allegations contained Paragraph 120 of Plaintiff's Complaint, including its subpart a., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMS denies that Plaintiff is entitled to recover the damages she seeks from TMS.

121.

The allegations contained Paragraph 121 of Plaintiff's Complaint, including its subparts a. through d., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMS denies that Plaintiff is entitled to recover the damages she seeks from TMS.

122.

The allegations contained Paragraph 122 of Plaintiff's Complaint, including its subparts a. through i., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMS denies that Plaintiff is entitled to recover the damages she seeks from TMS.

## DEFENSES TO THE COMPLAINT AS A WHOLE

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims against TMS should be dismissed for insufficient service of process, insufficient process and/or lack of personal jurisdiction.

## THIRD DEFENSE

TMS reserves all defenses available under O.C.G.A. §§9-10-31.1 and 51-12-33.

## FOURTH DEFENSE

TMS's fault, if any, must be compared to the fault of Plaintiff and/or Plaintiff's decedent pursuant to O.C.G.A. §§51-12-33, including but not limited to Plaintiff's decedent's operation of the subject vehicle.

## FIFTH DEFENSE

TMS states that Plaintiff and/or Plaintiff's decedent failed to exercise ordinary care for their own safety and was negligent at the time and place of the subject incident and such failure and negligence on Plaintiff or Plaintiff's decedents' part was the sole cause, or in the alternative, a substantial factor in causing the incident and Plaintiff's decedent claimed injuries and damages; therefore TMS is not liable to Plaintiff, or alternatively, fault should be apportioned pursuant to O.C.G.A. §§51-11-7.

## SIXTH DEFENSE

TMS states that Plaintiff's claims are barred by the misuse, modification or alteration of the product in question and other superseding and intervening acts of negligence by persons over whom TMS had no control or no legal duty to control.

## SEVENTH DEFENSE

TMS states that the subject vehicle conformed to and was in compliance with the state of the art applicable to the design, manufacturing and labeling of the subject vehicle, and that the

subject vehicle conformed to and was in compliance with any applicable government and industry standards and, therefore, denies that it is liable to Plaintiff.

## EIGHTH DEFENSE

TMS states that Plaintiff's claims are preempted by Federal Law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. Section 30103, et. seq.), and the regulations issued by the Secretary of Transportation pursuant thereto, more particularly known as the Federal Motor Vehicle Safety Standards.

## NINTH DEFENSE

TMS states that the incident described in Plaintiff's Complaint was not the foreseeable result of any act or omission on the part of TMS.

## TENTH DEFENSE

TMS states that Plaintiff's decedent may have assumed the risk.  Plaintiff is not, therefore, entitled to recover from TMS in this action.

## ELEVENTH DEFENSE

The product in question was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## TWELFTH DEFENSE

TMS is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by Plaintiff.

## THIRTEENTH DEFENSE

TMS is informed and believes, and on that basis alleges that neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against TMS.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from TMS because an award of such damages could violate the due process, equal protection and excessive fines clauses of the Georgia and United States Constitutions.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury may award punitive damages against TMS even if TMS has not engaged in intentionally malicious conduct or has no actual knowledge of malicious conduct, in violation of TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give TMS prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

25

**EIGHTEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the  award is rationally related to the state's legitimate goals of deterrence and retribution, which violates TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

**NINETEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of TMS; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Accordingly, this would violate TMS's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia and would be improper under the common law and public policies of the State of Georgia.

26

## TWENTIETH DEFENSE

Some or all of Plaintiff's claims may be preempted by applicable federal law.

## TWENTY-FIRST DEFENSE

Plaintiff's damages may have been caused or contributed to by the acts or omissions of other persons or entities.

## TWENTY-SECOND DEFENSE

Joint and several liability does not apply to Plaintiff's claims pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## TWENTY-THIRD DEFENSE

No duty to warn was breached by TMS.

## TWENTY-FOURTH DEFENSE

Plaintiff's warning claims may be barred by the open and obvious defense.

## TWENTY-FIFTH DEFENSE

TMS denies each and every material allegation made against it by Plaintiff and demands strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, TMS prays that Plaintiff's Complaint be dismissed; that judgment be rendered in favor of TMS; that Plaintiff recover nothing in this action from TMS; that Plaintiff be assessed with all costs of this action incurred by TMS; that TMS demands a trial by jury comprised of twelve jurors; and that TMS has such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of June, 2023.

WATSON SPENCE LLP

***/s/ Michael R. Boorman***
Michael R. Boorman
Georgia Bar No.: 067798

Philip A. Henderson
Georgia Bar No.: 604769
999 Peachtree Street NE
Suite 1130
Atlanta, GA 30309
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com
***Counsel for Defendant Toyota Motor
Sales, U.S.A., Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via Odyssey e-filing as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Wayne S. Melnick
E. Andrew Treese
Geoffrey F. Calderaro
FREEMAN MATHIS & GARY LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
wmelnick@fmglaw.com
atreese@fmglaw.com
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

This 15th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798

State Court of Fulton County
**E-FILED**
23EV002868
6/16/2023 8:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | ) ) ) ) ) | Civil Action File No. 23EV002868 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER AND DEFENSES OF DEFENDANT
TOYOTA MOTOR MANUFACTURING, TEXAS, INC.**

COMES NOW Toyota Motor Manufacturing, Texas, Inc. ("TMMTX"), defendant in the above-styled action, pursuant to O.C.G.A. §9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint. For such, TMMTX respectfully shows the Court as follows:

TMMTX objects to the first seven unnumbered paragraphs in Plaintiff's Complaint as argumentative and improper, and therefore, requiring no response. However, to the extent a response is deemed to be required, TMMTX denies the allegations in the first seven unnumbered paragraphs in Plaintiff's Complaint.

## ANSWERING THE INDIVIDUALLY NUMBERED
## <u>PARAGRAPHS IN PLAINTIFF'S COMPLAINT</u>

TMMTX answers each individually numbered Paragraph from the section of Plaintiff's

Complaint entitled "Parties, Jurisdiction, Venue & Service of Process" as follows:

### <u>PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS</u>

1.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.

TMMTX admits that Toyota Motor Corporation ("TMC") is a Japanese corporation with

its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan.

TMMTX further admits that the Convention on the Service Abroad of Judicial or Extrajudicial

Documents in Civil or Commercial Matters ("The Hague Convention") is the exclusive means for

service of process upon TMC.  TMMTX further admits upon information and belief, that TMC

was responsible for the overall design, development, and testing of the subject 2017 Toyota

Tacoma. TMMTX denies the remaining allegations contained in Paragraph 2 of Plaintiff's

Complaint.

3.

TMMTX admits that Toyota Motor North America, Inc. ("TMNA") is a California

Corporation with its principal place of business located in Plano, Texas.  TMMTX further admits

that TMNA is a subsidiary of TMC.  TMMTX further admits that, upon information and belief,

TMNA may be served with process through its duly appointed and registered agent, CT

Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

TMMTX denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

TMMTX admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California Corporation with its principal place of business located in Plano, Texas. TMMTX further admits, upon information and belief, that TMS is authorized to do business in the State of Georgia and that it may be served with process within the State of Georgia through its duly appointed and registered agent, CT Corporation System, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. TMMTX denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

TMMTX admits that Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is a Kentucky corporation.  TMMTX further admits that, upon information and belief, TEMA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. TMMTX denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

TMMTX admits that it is a Texas corporation with its principal place of business in San Antonio, Texas.  TMMTX further admits that it may be served with process through its duly appointed and registered agent, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.  TMMTX denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

TMMTX denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are directed to an entity

other than TMMTX, and, therefore, no response is required from TMMTX, but to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are directed to an entity other than TMMTX, and, therefore, no response is required from TMMTX, but to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required TMMTX; however, to the extent a response is required, TMMTX is not contesting venue at this time. TMMTX denies the remaining allegations contained in Paragraph 10.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is deemed to be required by TMMTX; however, to the extent a response is required, TMMTX is not contesting that the Court has subject matter jurisdiction in this matter.

12.

TMMTX denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal

conclusions and therefore, no response is deemed to be required by TMMTX; however, to the extent a response is required, TMMTX is not contesting venue at this time.

## **OPERATIVE FACTS**

14.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 18 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMMTX, TMMTX denies all such suggestions.

19.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

To the extent Paragraph 19 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMMTX, TMMTX denies all such suggestions.

20.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 22 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMMTX, TMMTX denies all such suggestions.

23.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same. To the extent Paragraph 32 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMMTX, TMMTX denies all such suggestions

33.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

To the extent Paragraph 33 of Plaintiff's Complaint is deemed to contain any suggestions of wrongdoing against TMMTX, TMMTX denies all such suggestions

34.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.

In response to Paragraph 35 of Plaintiff's Complaint, TMMTX admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.  TMMTX denies the remaining allegations in Paragraph 35.

36.

In response to Paragraph 36 of Plaintiff's Complaint, TMMTX admits only that the subject vehicle was equipped with Toyota's "Smart Key" technology.

37.

In response to Paragraph 37 of Plaintiff's Complaint, TMMTX admits that Toyota's "Smart Key" system is a vehicle entry, security and ignition system that uses an electronic software code broadcast by a key fob to enable the engine ignition system without requiring a non-electronic key to be physically inserted in an ignition switch lock cylinder.  TMMTX denies the remaining allegation in Paragraph 37 of Plaintiff's Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, TMMTX admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.  The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.  If the codes match, the Smart Key

System enables the engine ignition system.   TMMTX denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.

In response to Paragraph 39 of Plaintiff's Complaint, TMMTX admits only that the Smart Key System is designed so that the vehicle will start without the insertion of a mechanical key into the ignition key cylinder when the key fob is within range of the vehicle's ignition system.   The system operates by the key fob broadcasting a signal or code to the vehicle, which the vehicle reads and matches with the code embedded in the vehicle.   If the codes match, the Smart Key System enables the engine ignition system.   TMMTX denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.

In response to Paragraph 40 of Plaintiff's Complaint, TMMTX admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TMMTX denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective.   TMMTX denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of Plaintiff's Complaint, TMMTX admits only that that the Smart Key System installed in the subject 2017 Toyota Tacoma did not contain a feature that would automatically shut off the engine after a certain period of time after the operator had parked and exited the vehicle after failing to push the engine stop button, but TMMTX denies that the lack of such a feature rendered the subject 2017 Toyota Tacoma in any way defective.   TMMTX denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Upon information and belief, TMMTX admits that TMC first installed the Smart Key System into a Toyota or Lexus brand vehicle in the U.S. market in model year 2004.  TMMTX denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.

TMMTX denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45.

TMMTX denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

In response to Paragraph 46 of Plaintiff's Complaint, TMMTX admits only that the risks of carbon monoxide poisoning are known by TMMTX, as well as many other entities and members of the general public.  TMMTX denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.

In response to Paragraph 47 of Plaintiff's Complaint, TMMTX admits only that the risks of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMMTX, as well as many other entities and members of the general public.   TMMTX denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.

In response to Paragraph 48 of Plaintiff's Complaint, TMMTX admits only that the risks

of carbon monoxide poisoning from an automobile with a combustion engine left running inside an enclosed space, such as an attached garage, are known by TMMTX, as well as many other entities and members of the general public.   TMMTX denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

49.

TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50.

In response to Paragraph 50 of Plaintiff's Complaint, TMMTX admits that reports have been made to the National Highway Transportation Safety Administration ("NHTSA") involving the Smart Key System and specifically denies the allegations that inaccurately, incompletely, infer, characterize, or summarize such reports.  TMMTX denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51.

In response to Paragraph 51 of Plaintiff's Complaint, TMMTX admits only that NHTSA's Notice of Proposed Rulemaking ("NPRM") regarding Federal Motor Vehicle Safety Standard 114, dated December 12, 2011, referenced an alleged incident involving a 2007 Lexus LS460, and that the description of that incident, as well as NHTSA's other statements in the NPRM, speak for themselves.  TMMTX denies the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.

In response to Paragraph 52 of Plaintiff's Complaint, TMMTX admits only that the news articles referenced in this paragraph speak for themselves.   TMMTX denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

11

53.

In response to Paragraph 53, TMMTX admits only that the New York Times article referenced in this paragraph speaks for itself.   TMMTX denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54.

TMMTX denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

TMMTX denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

TMMTX denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

TMMTX denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.

In response to Paragraph 58, TMMTX admits, upon information and belief, that beginning in the model year 2013, Ford Motor Company and General Motors Corporation provided an automatic shut-off feature as original equipment on certain vehicles equipped with pushbutton ignition systems. TMMTX denies the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.

TMMTX denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.

In response to Paragraph 60 of Plaintiff's Complaint, TMMTX admits only that on June 12, 2019, Toyota issued a press release entitled "Toyota Plans to Deploy Automatic Engine Shut

Off and Automatic Park Features to Vehicle Line Up," and this press release speaks for itself. TMMTX denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.

TMMTX denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

TMMTX denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

In response to Paragraph 63 of Plaintiff's Complaint, TMMTX admits only that, upon information and belief, General Motors LLC issued a recall in March of 2015 for certain models of its Chevrolet Volt vehicles regarding the risk of carbon monoxide poisoning when the vehicle was left on in an enclosed space such as a garage, and that this recall notice speaks for itself. TMMTX denies the remaining allegations in Paragraph 63.

64.

In response to Paragraph 64 of Plaintiff's Complaint, TMMTX admits that the Infrastructure and Investment Jobs Act, signed on November 15, 2021, requires NHTSA to promulgate a rule for automatic engine shutoffs in passenger vehicles with pushbutton ignition systems and this Act speaks for itself. TMMTX denies the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65.

TMMTX denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

TMMTX denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

TMMTX denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

In response to Paragraph 68 of the Complaint, TMMTX admits that certain legal duties exist regarding the subject vehicle, and TMMTX denies that it breached any such duties. TMMTX denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

TMMTX denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

TMMTX denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

TMMTX denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response

is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

## **COUNT ONE**

### **Strict Liability of Toyota**

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count One – Strict Liability of Toyota" as follows:

77.

In response to Paragraph 77, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-76 of Plaintiff's Complaint, set forth above.

78.

In response to Paragraph 78, TMMTX denies the allegations contained in Paragraph 78 of Plaintiff's Complaint, including its subparts 1 through 4.

79.

TMMTX denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT TWO

### Negligence of Toyota

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Two – Negligence of Toyota" as follows:

80.

In response to Paragraph 80, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-79 of Plaintiff's Complaint, set forth above.

81.

In response to Paragraph 81 of the Complaint, TMMTX admits that certain legal duties exist regarding the subject vehicle, and TMMTX denies that it breached any such duties. TMMTX denies the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

In response to Paragraph 82, TMMTX admits only that, as of the date of the subject 2017 Toyota Tacoma's initial retail sale, the risks of carbon monoxide poisoning from an internal combustion engine left running in an enclosed space were known by TMMTX, as well as many other entities and members of the general public. TMMTX denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83.

TMMTX denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

TMMTX denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

16

85.

TMMTX denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## COUNT THREE

### Toyota's Failure to Warn

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Three – Toyota's Failure to Warn" as follows:

86.

In response to Paragraph 86, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-85 of Plaintiff's Complaint, set forth above.

87.

In response to Paragraph 87 of the Complaint, TMMTX admits that certain legal duties exist regarding the subject vehicle, and TMMTX denies that it breached any such duties. TMTMX denies the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

TMMTX denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

TMMTX denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

TMMTX denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## COUNT FOUR

### Punitive Damages Against Toyota

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Four –Punitive Damages Against Toyota" as follows:

91.

In response to Paragraph 91, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-90 of Plaintiff's Complaint, set forth above.

92.

TMMTX denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

TMMTX denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

TMMTX denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

TMMTX denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

## COUNT FIVE

**Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota**

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Five –Joint Venture, Alter Ego, Agency, and Piercing the Corporate Veil of Toyota" as follows:

96.

In response to Paragraph 96, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-95 of Plaintiff's Complaint, set forth above.

97.

TMMTX denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

18

98.

TMMTX denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

TMMTX denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

TMMTX denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

TMMTX denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

TMMTX denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

TMMTX denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

TMMTX denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

TMMTX denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106.

TMMTX denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107.

TMMTX denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

## COUNT SIX

### Negligent Sale of Jim Ellis

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Six – Negligent Sale of Jim Ellis" as follows:

108.

In response to Paragraph 108, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-107 of Plaintiff's Complaint, set forth above.

109.

The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT SEVEN

### Negligent Failure to Warn of Jim Ellis

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Seven – Negligent Failure to Warn of Jim Ellis" as follows:

112.

In response to Paragraph 112, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-111 of Plaintiff's Complaint, set forth above.

113.

The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to TMMTX, and therefore, no response is required from TMMTX; however, to the extent a response is required, TMMTX denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

## COUNT EIGHT

### Joint and Several Liability of Defendants

TMMTX, for itself alone, answers each individually numbered Paragraph from the section

of Plaintiff's Complaint entitled "Count Eight- Joint and Several Liability of Defendants" as follows:

116.

In response to Paragraph 116, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-115 of Plaintiff's Complaint, set forth above.

117.

TMMTX denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## DAMAGES SOUGHT

TMMTX, for itself alone, answers each individually numbered Paragraph from the section of Plaintiff's Complaint entitled "Count Nine-Damages Sought" as follows:

118.

In response to Paragraph 118, TMMTX incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to Paragraphs 1-117 of Plaintiff's Complaint, set forth above.

119.

TMMTX denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

The allegations contained Paragraph 120 of Plaintiff's Complaint, including its subpart a., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMMTX denies that Plaintiff is entitled to recover the damages she seeks from TMMTX.

121.

The allegations contained Paragraph 121 of Plaintiff's Complaint, including its subparts a. through d., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMMTX denies that Plaintiff is entitled to recover the damages she seeks from TMMTX.

122.

The allegations contained Paragraph 122 of Plaintiff's Complaint, including its subparts a. through i., are statements of legal conclusions to which no response is required. To the extent a response is deemed to be required, TMMTX denies that Plaintiff is entitled to recover the damages she seeks from TMMTX.

## DEFENSES TO THE COMPLAINT AS A WHOLE

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims against TMMTX should be dismissed for insufficient service of process, insufficient process and/or lack of personal jurisdiction.

### THIRD DEFENSE

TMMTX reserves all defenses available under O.C.G.A. §§9-10-31.1 and 51-12-33.

### FOURTH DEFENSE

TMMTX's fault, if any, must be compared to the fault of Plaintiff and/or Plaintiff's decedent pursuant to O.C.G.A. §§51-12-33, including but not limited to Plaintiff's decedent's operation of the subject vehicle.

### FIFTH DEFENSE

TMMTX states that Plaintiff and/or Plaintiff's decedent failed to exercise ordinary care for their own safety and was negligent at the time and place of the subject incident and such failure and negligence on Plaintiff or Plaintiff's decedent's part was the sole cause, or in the alternative, a substantial factor in causing the incident and Plaintiff's decedent's claimed injuries and damages; therefore TMMTX is not liable to Plaintiff, or alternatively, fault should be apportioned pursuant to O.C.G.A. §§51-11-7.

### SIXTH DEFENSE

TMMTX states that Plaintiff's claims are barred by the misuse, modification or alteration of the product in question and other superseding and intervening acts of negligence by persons over whom TMMTX had no control or no legal duty to control.

### SEVENTH DEFENSE

TMMTX states that the subject vehicle conformed to and was in compliance with the state of the art applicable to the design, manufacturing and labeling of the subject vehicle, and that the subject vehicle conformed to and was in compliance with any applicable government and industry standards and, therefore, denies that it is liable to Plaintiff.

### EIGHTH DEFENSE

TMMTX states that Plaintiff's claims are preempted by Federal Law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. Section 30103, et. seq.), and the regulations issued by the Secretary of Transportation pursuant thereto, more particularly known as the Federal Motor Vehicle Safety Standards.

### NINTH DEFENSE

TMMTX states that the incident described in Plaintiff's Complaint was not the foreseeable

result of any act or omission on the part of TMMTX.

## TENTH DEFENSE

TMMTX states that Plaintiff's decedent may have assumed the risk.  Plaintiff is not, therefore, entitled to recover from TMMTX in this action.

## ELEVENTH DEFENSE

The product in question was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## TWELFTH DEFENSE

TMMTX is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by Plaintiff.

## THIRTEENTH DEFENSE

TMMTX is informed and believes, and on that basis alleges that neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against TMMTX.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from TMMTX because an award of such damages could violate the due process, equal protection and excessive fines clauses of the Georgia and United States Constitutions.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate

amount of punitive damages, which violates TMMTX's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury may award punitive damages against TMMTX even if TMMTX has not engaged in intentionally malicious conduct or has no actual knowledge of malicious conduct, in violation of TMMTX's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give TMMTX prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of TMMTX's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the  award is rationally related to the state's legitimate goals of deterrence and retribution, which violates TMMTX's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

**NINETEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of TMMTX; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Accordingly, this would violate TMMTX's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia and would be improper under the common law and public policies of the State of Georgia.

**TWENTIETH DEFENSE**

Some or all of Plaintiff's claims may be preempted by applicable federal law.

**TWENTY-FIRST DEFENSE**

Plaintiff's damages may have been caused or contributed to by the acts or omissions of other persons or entities.

**TWENTY-SECOND DEFENSE**

Joint and several liability does not apply to Plaintiff's claims pursuant to O.C.G.A. §§ 51-

12-31 and 51-12-33.

## TWENTY-THIRD DEFENSE

No duty to warn was breached by TMMTX.

## TWENTY-FOURTH DEFENSE

Plaintiff's warning claims may be barred by the open and obvious defense.

## TWENTY-FIFTH DEFENSE

TMMTX denies each and every material allegation made against it by Plaintiff and demands strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, TMMTX prays that Plaintiff's Complaint be dismissed; that judgment be rendered in favor of TMMTX; that Plaintiff recover nothing in this action from TMMTX; that Plaintiff be assessed with all costs of this action incurred by TMMTX; that TMMTX demands a trial by jury comprised of twelve jurors; and that TMMTX has such other and further relief as this Court deems just and proper.

Respectfully submitted this 16th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
999 Peachtree Street NE
Suite 1130
Atlanta, GA 30309
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendant Toyota Motor Manufacturing, Texas, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via Odyssey e-filing as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Wayne S. Melnick
E. Andrew Treese
Geoffrey F. Calderaro
FREEMAN MATHIS & GARY LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
wmelnick@fmglaw.com
atreese@fmglaw.com
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

This 16th day of June, 2023.

WATSON SPENCE LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV002868**
**6/29/2023 5:15 PM**
**Donald Talley, Clerk**
**Civil Division**

To:            All Judges, Clerk of Court, and Counsel of Record

From:         James E. Butler, Jr.

Re:            Notice of Leave of Absence

Date:          June 29, 2023

## NOTICE OF LEAVE OF ABSENCE

Comes now James E. Butler, Jr. and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.     The period of leave during which time Applicant will be away from the practice of law are:  Friday, September 1 through Friday, September 8, 2023.  Applicant will be on vacation.

2.     Applicant hereby certifies that to Applicant's knowledge, the cases shown on Exhibit A attached hereto are not on a published calendar and are not noticed for a hearing during the period of the leave of absence.

3.     All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

This  29th day of June, 2023.

Respectfully submitted,

*James E. Butler, Jr.*
James E. Butler, Jr.
Georgia State Bar No. 099625
Butler Prather LLC
P.O. Box 2766
Columbus, GA 31902
706-322-1990

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit "A" using the electronic filing system.

This 29th day of June, 2023.

BUTLER PRATHER LLP

*James E. Butler, Jr.*
Georgia State Bar No. 099625
jim@butlerprather.com
Post Office Box 2766
Columbus, GA 31902
706-322-1990

**EXHIBIT "A"**

| Case and Case Number | Name of Judge Court/County | Counsel of Record or Parties |
|---|---|---|
| *The Rev. Donna Gafford and Raymond James Trust, N.A. as Co-Trustees of the Elizabeth Desportes Dreelin Revocable Trust, a Member of Mulberry Creek, LLC v. Richard S. Desportes, IV, individually and as a Member of Mulberry Creek, LLC v. The Rev. Donna Gafford and Raymond James Trust, N.A., as Co-Trustees of the Elizabeth Desportes Dreelin Revocable Trust, and Donna Gafford and Raymond James Trust, N.A. as Co-Executors of the Estate of Elizabeth Desportes Dreelin,* Superior Court of Muscogee County, State of Georgia, Civil Action No. SU2020CV001124 | Judge John Martin 100 10th Street Columbus GA 31901  Danielle F. Forte, Clerk Clerk of Superior and State Courts P. O. Box 2145 Columbus, GA 31902 (service through Odyssey electronic filing) | Teresa P. Tomlinson John M. Sheftall J. Drew Brooks Hall Booth Smith P. O. Box 2707 Columbus, GA 31901 |
| *Caroline Patton Griffin, Individually and as Surviving Spouse and Administrator of the Estate of Lee Dixon Griffin, Jr. v. Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing Texas, Inc., and Jim Ellis Automotive Holdings, Inc.,* State Court of Fulton County, State of | | WATSON SPENCE LLP Michael R. Boorman Georgia Bar No. 067798 mboorman@watsonspence.com Philip A. Henderson Georgia Bar No. 604769 phenderson@watsonspence.com 999 Peachtree Street N.E. Suite 1130 Atlanta, GA 30309 *Attorneys for Toyota*  FREEMAN MATHIS & GARY, LLP Wayne S. Melnick Georgia Bar No. 501267 wmelnick@fmglaw.com |

| | | |
|---|---|---|
| Georgia, Civil Action No. 23EV002868 | | E. Andrew Treese<br>Georgia Bar No. 556850<br>atreese@fmglaw.com<br>Geoffrey F. Calderaro<br>Georgia Bar No. 991159<br>Geoffrey.calderaro@fmglaw.com<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339<br>*Attorneys for Jim Ellis* |
| *Jennifer Harrell and Bobby Harrell, Individually and as Administrators of the Estate of Dalton Harrell, Plaintiffs v. Sig Sauer Inc., and Caleb Boutwell*, Superior Court of Decatur County, State of Georgia, Civil Action No. 23CV00104 | | Young, Thagard, Hoffman LLP<br>Justin Purvis<br>justinpurvis@youngthagard.com<br>2841 North Patterson Street<br>Post Office Box 30007<br>Valdosta, GA 31604-3007<br>*Attorneys for Caleb Boutwell*<br><br>Sig Sauer Inc.<br>72 Pease Boulevard<br>Newington, NH 03801<br>*Via:*<br>Cogency Global Inc.<br>900 Old Roswell Lakes Parkway<br>Suite 310<br>Roswell, Fulton County, GA 30076 |
| | | |

State Court of Fulton County
**E-FILED**
23EV002868
7/13/2023 4:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | ) | |
| **Individually and as Surviving Spouse and** | ) | |
| **Executor of the Estate of** | ) | |
| LEE DIXON GRIFFIN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION FILE |
| | ) | NO. 23EV002868 |
| v. | ) | |
| | ) | |
| TOYOTA MOTOR CORPORATION; | ) | |
| TOYOTA MOTOR NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR SALES U.S.A., INC.; | ) | |
| TOYOTA MOTOR ENGINEERING & | ) | |
| MANUFACTURING NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| TEXAS, INC.; | ) | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, INC. | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Jim Ellis Automotive Holdings, Inc. ("Jim Ellis Automotive")

and files this Motion for Summary Judgment pursuant to O.C.G.A. § 9-11-56(b). In support of its

motion, Jim Ellis Automotive relies upon its brief in support, its statement of undisputed material

facts to which there is no genuine issue for trial and theories of recovery, all exhibits attached

hereto, all pleadings and discovery which has been filed with the Court in this matter, and all

other documents and evidence of record. Accordingly, Jim Ellis Automotive respectfully

requests this Court grant summary judgment as to all plaintiff's claims asserted against it.

Respectfully submitted this 13th day of July, 2023.

1

FREEMAN MATHIS & GARY, LLP

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
E. ANDREW TRESSE
Georgia Bar No. 556850
atreese@fmglaw.com
GEOFFREY F. CALDERARO
Georgia Bar No. 991159
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive*
*Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT** via Odyssey e-file system which will send electronic notification of such filing to counsel of record as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, Georgia 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Michael R. Boorman
Philip A. Henderson
WATSON SPENCE LLP
999 Peachtree Street NE, Suite 1130
Atlanta, GA 30309
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendants Toyota Motor
Manufacturing, Texas, Inc., Toyota Motor Engineering & Manufacturing North America, Inc.,
Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc.*

Respectfully submitted this 13th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive
Holdings, Inc.*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

3

# EXHIBIT A

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **CAROLINE PATTON GRIFFIN,** | ) | |
| **Individually and as Surviving Spouse and** | ) | |
| **Executor of the Estate of** | ) | |
| **LEE DIXON GRIFFIN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 23EV002868** |
| **v.** | ) | |
| | ) | |
| **TOYOTA MOTOR CORPORATION;** | ) | |
| **TOYOTA MOTOR NORTH AMERICA, INC.;** | ) | |
| **TOYOTA MOTOR SALES U.S.A., INC.;** | ) | |
| **TOYOTA MOTOR ENGINEERING &** | ) | |
| **MANUFACTURING NORTH AMERICA, INC.;** | ) | |
| **TOYOTA MOTOR MANUFACTURING,** | ) | |
| **TEXAS, INC.;** | ) | |
| **JIM ELLIS AUTOMOTIVE HOLDINGS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**STATE OF GEORGIA**

**COUNTY OF    Fulton**

**AFFIDAVIT OF    Nathan Pearson**

1.

My name is  Nathan Pearson . I am over 18 years of age, am of sound mind, and am competent to make this Affidavit. The facts stated herein are true and correct to the best of my knowledge and belief and, except where otherwise stated, are based on my personal knowledge.

2.

I am a  Director of Risk Management  for Jim Ellis  Automotive Holdings  , INC. I have reviewed relevant records in order to make the representations herein.

1

3.

Jim Ellis Automotive Holdings, Inc. ("Jim Ellis Automotive"), did not sell the 2017 Toyota Tacoma,  VIN#5TFAZ5CN4HX050255, to Lee Dixon Griffin, Jr. ("Griffin") in December 2020 or, for that matter, at any other time.

4.

No Jim Ellis company sold the 2017 Toyota Tacoma, VIN#5TFAZ5CN4HX050255 to Griffin in December 2020 or, for that matter, at any other time.

5.

Griffin purchased his brand-new 2017 Toyota Tacoma, VIN#5TFAZ5CN4HX050255, from WB McDonough, LLC d/b/a Toyota of McDonough ("WB McDonough") in McDonough, Georgia on November 6, 2017.

6.

At the time of the sale, WB McDonough operated a franchised Toyota automobile dealership, doing business as Toyota of McDonough in McDonough, Georgia.

7.

Importantly, on the date of Griffin's purchase, neither WB McDonough nor Toyota of McDonough were owned or operated by Jim Ellis Automotive or any other Jim Ellis company.

8.

WB McDonough was an entirely discrete legal entity, separate and apart, from Jim Ellis Automotive and all other Jim Ellis companies.

9.

In 2018, long after the sale of the 2017 Toyota Tacoma, VIN#5TFAZ5CN4HX050255, to Griffin was completed, Jim Ellis Volkswagen, Inc. ("Jim Ellis Volkswagen") purchased WB McDonough's assets and only certain liabilities.

10.

The liabilities assumed were limited to only: 1) WB McDonough's arm's length Purchase Orders entered into prior to closing and remaining open at closing; and 2) obligations of WB McDonough related to the Purchase Orders and Applicable Contracts, property taxes not yet due and payable on assets transferred, and Work in Process acquired.

11.

"Purchase Order" means Seller's rights and obligations, including customer deposits under outstanding customer vehicle purchase orders for vehicles ordered but not delivered prior to Closing related to Seller's Business.

12.

These liabilities were collectively referred to as the "Assumed Obligations."

13.

As a result of the purchase of the dealership, Jim Ellis Volkswagen "shall assume no other obligations of [WB McDonough] whatsoever."

14.

These transactions were not mergers, between WB McDonough and Jim Ellis Volkswagen.

3

15.

The transactions discussed above did not constitute "a fraudulent attempt to avoid liabilities" and were an arm's length transaction between two entirely separate entities.

16.

Jim Ellis Volkswagen was not a mere continuation of WB McDonough.

17.

While Jim Ellis Volkswagen purchased WB McDonough's assets, it is undisputed that at no point did Jim Ellis Automotive purchase any assets owned by WB McDonough.

18.

At no point did Jim Ellis Automotive own or operate the Toyota dealership where Griffin purchased the 2017 Toyota Tacoma at the center of this case.

19.

Jim Ellis Automotive does not currently, own or operate the dealership, in whole or in part, nor has it owned or operated the dealership, in whole or in part, at any time.

20.

No Jim Ellis company owned the Toyota of McDonough dealership where the Toyota Tacoma was purchased at the time it was purchased, and no Jim Ellis company acquired any relevant liabilities of WB McDonough.

4

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me this _29th_ day of June, 2023.

Notary Public

My commission expires: $01/12/27$

5

# EXHIBIT B

**TOYOTA**
**McDONOUGH**
TOYOTA OF McDONOUGH
SCION OF McDONOUGH
144 Highway 81 West • McDonough, GA 30253
(770) 288-3755 • (770) 288-7396 Fax

# PURCHASE ORDER

DATE: 11/06/17                                    SALESPERSON: SEEL, TIMOTHY

DEALER: TOYOTA OF MCDONOUGH   ADDRESS: 144 Highway 81 West   PHONE: (770)288-3755

PURCHASER: LEE DIXON GRIFFIN         CO-PURCHASER:

ADDRESS: 2123 ADAMS DRIVE NW   CITY: ATLANTA   STATE: GA   ZIP: 30318

HOME PHONE: (404)441-0267   BUSINESS PHONE:   COUNTY: FULTON

I/WE HEREBY AGREE TO PURCHASE THE FOLLOWING DESCRIBED MOTOR VEHICLE UNDER THE FOLLOWING TERMS AND CONDITIONS:

| | | | | | |
|---|---|---|---|---|---|
| ☑XX NEW | ☐ USED | ☐DEMO | PRICE | 35,535 | 00 |
| | | | ADDED ACCESSORIES | N/A | |
| ☐ PROGRAM | ☐ FACTORY EXECUTIVE | | LIC/REG/TITLE FEES | 21 | 00 |
| | | | SERVICE CONTRACT | 1,465 | 00 |
| STOCK# 050255 | YEAR: 2017 | | | N/A | |
| MAKE: TOYOTA | | | | N/A | |
| MODEL: TACOMA   COLOR: SILVER | | | FIDELITY ROAD HAZARD | 554 | 00 |
| | | | DENT WIZARD | 527 | 00 |
| SERIAL #: 5TFAZ5CN4HX050255 | | | LOJACK | 795 | 00 |
| | | | | N/A | |
| MILEAGE        68 | | | DOCUMENTATION FEE | 795 | 00 |
| | | | CASH PRICE BEFORE TRADE IN OR DOWN PAYMENT | 39,700 | 00 |

| TRADE IN | | | | TRADE | | CASH | DEPOSIT | 15,000 | 00 |
|---|---|---|---|---|---|---|---|---|---|
| YEAR:   MAKE:   MODEL: | | | COLOR: | ALLOWANCE: | N/A | DOWN | REBATE | | N/A |
| SERIAL # | | BALANCE DUE ON TRADE IN(-) | | | N/A | PAYMENT | | | |
| MILEAGE   OVER 99,000 ☐ YES ☐ NO | | EQUITY | | | N/A | | | | |
| TO WHOM | | | | DOWN PAYMENT | | 15,000 | 00 | | |
| WHERE LOCATED | | | DOWN PAYMENT RECEIVED ☐ | | | | | | |
| PAYOFF GOOD UNTIL | | | TAX | | | 2,473 | 43 | | |
| IDENT# ON TITLE (IF HELD) | | LICENSE | | | | N/A | | | |
| PERSON QUOTING PAYOFF | | BALANCE DUE AFTER TRADE IN OR DOWN PAYMENT | | | | 27,173 | 43 | | |

PURCHASER AGREES TO PAY ANY DIFFERENCE (SHORTAGE) BETWEEN THE BALANCE DUE ON TRADE-IN (SHOWN ABOVE) WHICH IS THE PAYOFF GIVEN TO DEALER BY PURCHASER'S LIEN HOLDER, AND THE AMOUNT OF THE ACTUAL PAY-OFF. PURCHASER ALSO AGREES TO PAY ANY DIFFERENCE (SHORTAGE) IN SALES OR USE TAX IMPOSED OR APPLICABLE TO THE TRANSACTION COVERED BY THIS PURCHASE ORDER AND ANY TAX LIENS ON THE TRADE-IN. ANY OVERAGES WILL BE REFUNDED BY DEALER TO PURCHASER.

1.  DISCLAIMER OF WARRANTIES BY DEALER:  The only express warranties, if any, applying to the motor vehicle are those offered by the manufacturer. DEALER MAKES NO EXPRESS WARRANTIES ON THE MOTOR VEHICLE.

The described motor vehicle is being sold "AS IS" and "WITH ALL FAULTS" and DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

DEALER NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR DEALER ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS VEHICLE.  PURCHASER SHALL NOT BE ENTITLED TO RECOVER FROM THE DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR INCIDENTAL DAMAGES.

THE INFORMATION DISPLAYED ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT.  INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

2.  FINALITY OF AGREEMENT:  Purchaser agrees that this Purchase Order including all of the terms and conditions on both the front and reverse side hereof, and any other documents signed by purchaser on this date (and any retail installment contract as described below) cancels and supersedes any prior agreement and as of this date, the written documents comprise the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby.  This Purchase Order can be modified only by a writing signed by the parties hereto, or the duly authorized representatives of the parties.  Purchaser is not relying upon any opinion, promise, statement or representation made by any sales person or other employee of the Dealer that is not set out in the written agreements.  If any provision in these agreements is determined to be unenforceable, the remaining provisions shall remain in full force and effect.  The validity, construction and enforceability of these agreements shall be governed by the laws of Georgia, except to the extent that such laws are superseded by federal law.

THIS PURCHASE ORDER IS FINAL WITH REGARD TO PRICE and shall not be affected by any marketing programs, including but not limited to coupons, special incentives, rebates or special financing programs.

THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY DEALER'S AUTHORIZED REPRESENTATIVE.  IF ACCEPTED, DEALER SHALL NOT BE OBLIGATED TO SELL THE MOTOR VEHICLE UNTIL COMMITMENT IS OBTAINED FROM A BANK OR FINANCE COMPANY TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON THE TERMS HEREOF AND THE PARTIES SIGN SUCH RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON THE TERMS HEREOF AND THE PARTIES SIGN SUCH RETAIL INSTALLMENT CONTRACT OR UNTIL PURCHASER PAYS TO DEALER THE AMOUNT SHOWN ABOVE AS THE BALANCE DUE AFTER TRADE-IN OR DOWN PAYMENT.  If accepted by Dealer, Dealer does not agree to extend credit to Purchaser and this Purchase Order shall not be construed as an agreement to extend such credit.  However, Dealer reserves the right, at its sole option and discretion, to extend credit.

THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF ARE INCORPORATED BY REFERENCE, WHICH MEANS THAT THEY ARE PART OF THIS CONTRACT JUST AS IF THEY WERE PRINTED HERE.  PURCHASER ACKNOWLEDGES RECEIPT OF A TRUE AND COMPLETED COPY OF THIS PURCHASE ORDER AND AUTHORIZES INVESTIGATION OF PURCHASER'S CREDIT AND EMPLOYMENT HISTORY AND THE RELEASE OF INFORMATION CONCERNING SUCH CREDIT AND EMPLOYMENT HISTORY.

WITNESS THE SIGNATURE OF THE DEALERSHIP AND PURCHASER this   6 day of   Nov   , 20 17

Purchaser X _____   Co-Purchaser _____

THIS TRANSACTION IS SUBJECT TO THE TERMS AND CONDITIONS SET FORTH IN THE ARBITRATION AGREEMENT ENTERED INTO BY AND BETWEEN DEALER AND PURCHASER SIMULTANEOUSLY HEREWITH, WHICH ARBITRATION AGREEMENT IS INCORPORATED BY REFERENCE HEREIN

Dealership
BY: _____

State Court of Fulton County
**E-FILED**
23EV002868
7/13/2023 4:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | ) | |
| **Individually and as Surviving Spouse and** | ) | |
| **Executor of the Estate of** | ) | |
| LEE DIXON GRIFFIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 23EV002868** |
| v. | ) | |
| | ) | |
| TOYOTA MOTOR CORPORATION; | ) | |
| TOYOTA MOTOR NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR SALES U.S.A., INC.; | ) | |
| TOYOTA MOTOR ENGINEERING & | ) | |
| MANUFACTURING NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| TEXAS, INC.; | ) | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC.'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Jim Ellis Automotive Holdings, Inc. ("Jim Ellis Automotive"), by and through counsel and, pursuant to Uniform State Court Rule 6.1, files its brief in support of its motion for summary judgment showing the Court as follows:

### INTRODUCTION

This case arises from the death of Lee Dixon Griffin, Jr. (hereinafter "Griffin") as a result of alleged carbon monoxide poisoning that plaintiff attributes to a design defect in his 2017 Toyota Tacoma. In addition to naming five separate Toyota entities as defendants, plaintiff names Jim Ellis Automotive as a defendant asserting negligence during the sale of the truck to Griffin (Complaint, Counts Six and Seven, ¶¶ 108-115). In a nutshell, plaintiff alleges that Jim Ellis Automotive breached its duty to plaintiff and her deceased husband by selling the vehicle to Griffin

1

in 2020 and by failing to warn them of the alleged dangers of the vehicle in question when that vehicle was bought in 2020.[1] However, plaintiff's claims are rooted in two incorrect premises. First, plaintiff incorrectly alleges the truck was purchased in December 2020 when it was purchased in November 2017.  Second, plaintiff incorrectly alleges that Griffin purchased his truck from Jim Ellis Automotive when it was purchased from WB McDonough, LLC d/b/a Toyota of McDonough (hereinafter "WB McDonough") in McDonough, Georgia. As a matter of law, Jim Ellis Automotive is entitled to summary judgment since it was not involved in the sale of the truck and therefore, axiomatically, owed no duty to Plaintiff or her late husband.[2]

Further, amendment of plaintiff's complaint to name another Jim Ellis corporate entity as a defendant would be futile, since no Jim Ellis company owned the dealership where the truck was purchased at the time it was purchased, and no Jim Ellis company assumed any relevant liability of WB McDonough. While it is true that, after the sale of the truck, WB McDonough's assets were acquired by a different Jim Ellis company, at no point did any Jim Ellis company, and certainly not Jim Ellis Automotive, assume any liability related to the sale of the Griffin truck at issue.

## STATEMENT OF FACTS

**A. Griffin purchased a new 2017 Toyota Tacoma from WB McDonough, LLC d/b/a Toyota of McDonough dealership – a dealership not affiliated with any Jim Ellis company in November 2017.**

While it is alleged that Griffin purchased his 2017 Toyota Tacoma – VIN#5TFAZ5CN4HX050255 – from Jim Ellis Automotive in December 2020, neither Jim Ellis Automotive, nor any other Jim Ellis company, sold the truck to Griffin in December 2020 or,

---

[1] Plaintiff also alleges that all defendants are jointly and severally liable (Count Eight, ¶¶ 116-17), but as demonstrated herein, that claim also fails for the same reasons the direct liability claims fail.
[2] This argument is pretermitting whether Jim Ellis Automotive could owe any duty to plaintiff as she was not the purchaser of the truck. That argument will be addressed in a future motion should the instant motion not be granted.

2

for that matter, at any other time. (Ex. A, Affidavit of Nathan Pearson ℙℙ 3-4).[3] Instead, Griffin purchased his brand-new Toyota Tacoma from WB McDonough in McDonough, Georgia on November 6, 2017. (Ex. A, Affidavit of Nathan Pearson, ℙ 5; Ex. B, Purchase Order).[4] The Purchase Order unequivocally shows that on November 6, 2017, Griffin purchased a new 2017 Toyota Tacoma from Toyota of McDonough. (Ex. B, Purchase Order). The Purchase Order lists Toyota of McDonough as the dealer and Griffin as the purchaser. (Ex. B, Purchase Order). Further, Griffin executed the Purchase Order on November 6, 2017 by signing his name at the bottom. (Ex. B, Purchase Order).

At the time of the sale, WB McDonough operated a franchised Toyota automobile dealership, doing business as Toyota of McDonough. (Ex. A, Affidavit of Nathan Pearson, ℙ 6). On the date of Griffin's purchase, neither WB McDonough nor Toyota of McDonough were owned or operated by Jim Ellis Automotive or any other Jim Ellis company. (Ex. A, Affidavit of Nathan Pearson, ℙ 7). Stated differently, WB McDonough was an entirely discrete legal entity, separate and apart from Jim Ellis Automotive and all other Jim Ellis companies. (Ex. A, Affidavit of Nathan Pearson, ℙ 8).

**B. WB McDonough's assets were acquired by another Jim Ellis company sometime following Griffin's purchase.**

Long after the sale of the truck to Griffin by WB McDonough, a separate Jim Ellis company, Jim Ellis Volkswagen, Inc. ("Jim Ellis Volkswagen") purchased WB McDonough's assets and only certain liabilities. (Ex. A, Affidavit of Nathan Pearson, ℙ 9). The liabilities assumed were limited to only: 1) WB McDonough's arm's length Purchase Orders[5] entered into prior to

---

[3] The affidavit of Nathan Pearson is attached to the instant motion as Exhibit A
[4] A true and correct copy of the Purchase Order is attached to the instant motion as Exhibit B.
[5] "Purchase Order" means Seller's rights and obligations, including customer deposits under outstanding customer vehicle purchase orders for vehicles ordered but not delivered prior to Closing related to Seller's Business. Affidavit of Nathan Pearson, ℙ 11)

closing and remaining open at closing; and 2) obligations of WB McDonough related to the Purchase Orders and Applicable Contracts, property taxes not yet due and payable on assets transferred, and Work in Process acquired. (Ex. A, Affidavit of Nathan Pearson, ¶ 10). These liabilities were collectively referred to as the "Assumed Obligations." (Ex. A, Affidavit of Nathan Pearson, ¶12). However, it was made clear that Jim Ellis Volkswagen "shall assume no other obligations of [WB McDonough] whatsoever." (Ex. A, Affidavit of Nathan Pearson, ¶ 13).

These transactions were not mergers, between WB McDonough and Jim Ellis Volkswagen. (Ex. A, Affidavit of Nathan Pearson, ¶ 14). Further, the transactions discussed above did not constitute "a fraudulent attempt to avoid liabilities." (Ex. A, Affidavit of Nathan Pearson, ¶ 15). Finally, Jim Ellis Volkswagen was not a mere continuation of WB McDonough. (Ex. A, Affidavit of Nathan Pearson, ¶ 16).

While Jim Ellis Volkswagen purchased WB McDonough's assets, at no point did Jim Ellis Automotive purchase any assets owned by WB McDonough. (Ex. A, Affidavit of Nathan Pearson, ¶ 17). Jim Ellis Automotive never owned nor operated the Toyota dealership where Griffin purchased the 2017 Toyota Tacoma at the center of this case. (Ex. A, Affidavit of Nathan Pearson, ¶¶ 18-19).

## C. Griffin's death and Plaintiff's complaint

Plaintiff alleges Griffin died on July 5, 2022 from carbon monoxide poisoning caused by his 2017 Toyota Tacoma idling after failing to automatically shutoff while parked in his garage.  See Complaint *generally*. Plaintiff's complaint asserts two counts of negligence directly against Jim Ellis Automotive related to the alleged sale of the 2017 Toyota Tacoma: 1) negligent sale and 2) negligent failure to warn. See Complaint, Counts Six and Seven. In addition, plaintiff asserts a catch all count of joint and several liability against all named defendants. See Complaint,

Count Eight. On June 9, 2023, Jim Ellis Automotive answered denying it is liable since it did not sell the truck to Griffin. (Ex. A, Affidavit of Nathan Pearson; See Answer, *generally*).

## ARGUMENT AND CITATION OF AUTHORITY

### A. Standard for granting summary judgment

"A party is entitled to summary judgment only when no genuine issue of material fact exists and judgment as a matter of law is warranted. *Suggs v. Hale*, 278 Ga. App. 358 (2006) citing *Morris v. Britt*, 275 Ga. App. 293 (2005). To prevail at summary judgment under O.C.G.A. § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. O.C.G.A. § 9-11-56(c). Summary judgment is appropriate when the Court, viewing all the facts and reasonable inferences from those facts in the light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (1991). Once defendant's burden is discharged, the plaintiff cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue. *Id*.; O.C.G.A. § 9-ll-56(e).

The record in this case demonstrates that Jim Ellis Automotive, at no time, owned or operated Toyota of McDonough, the business which sold Griffin the truck at issue. As such, Jim Ellis Automotive owed no duty to plaintiff or Griffin (and as such could not have breached any alleged duty owed) and, for that reason, is entitled to judgement as a matter of law.

**B. Jim Ellis Automotive is wrongly named as a defendant in this action since it neither owned nor operated Toyota of McDonough at the time of the truck's sale, and it did not subsequently acquire the assets and specified liabilities of the dealership.**

Jim Ellis Automotive is improperly named as a defendant in this action. The undisputed facts show that Jim Ellis Automotive neither owned nor operated WB McDonough's Toyota of McDonough dealership on November 6, 2017 – the day Griffin purchased his truck – and did not later acquire any of the assets or specified liabilities of the dealership in any of the subsequent purchase transactions involving other Jim Ellis companies.  (Ex. A, Affidavit of Nathan Pearson, *generally*). While plaintiff's complaint asserts that Jim Ellis Automotive was negligent in a sale of the truck to Griffin, the record demonstrates Jim Ellis Automotive was not involved in the sale of the truck because at no time did it own or operate Toyota of McDonough.  Because Jim Ellis Automotive was not involved in the sale of the truck, it owed no duty to Griffin and, as a result could not have been breached any duty resulting in liability on its part.

In Georgia, it is axiomatic that "[t]o state a cause of action for negligence, a plaintiff must establish the following essential elements: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Martin v. Ledbetter*, 342 Ga. App. 208, 211 (2017). Moreover, "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care. Whether a duty exists upon which liability can be based is a question of law. In the absence of a legally cognizable duty, there can be no fault or negligence." *Id*.

As discussed above, Griffin purchased his new 2017 Toyota Tacoma, on November 6, 2017 from the Toyota of McDonough dealership owned and operated – at the time – by WB McDonough. (Ex. A, Affidavit of Nathan Pearson; Ex. B, Purchase Order).[6] The Purchase Order

---

[6] Although plaintiff alleges the purchase was in December 2020 (Complaint, ⁋ 34), that allegation is pierced by actual evidence of the November 2017 sale.

definitively shows that Griffin purchased his new 2017 Toyota Tacoma from Toyota of McDonough on November 6, 2017, listing Toyota of McDonough as the dealer, Griffin as the purchaser as further evidenced by his signature). (Ex. B, Purchase Order).

On the date of sale, WB McDonough was a separate unaffiliated corporation and not owned or operated by Jim Ellis Automotive or any other Jim Ellis company. (Ex. A, Affidavit of Nathan Pearson, ¶ 8). Further, Jim Ellis Automotive did not enter into any purchase agreements with WB McDonough relating to the purchase of assets, and at no point did Jim Ellis Automotive purchase any assets of WB McDonough. (Ex. A, Affidavit of Nathan Pearson). Simply stated, Jim Ellis Automotive does not currently, own or operate the dealership, in whole or in part, nor has it owned or operated the dealership, in whole or in part, at any time. (Ex. A, Affidavit of Nathan Pearson, ¶¶ 18-19).

Since Jim Ellis Automotive did not sell the Toyota Tacoma to Griffin, it owed no duty to Griffin and could not have breached a duty it did not have in the first place. As such, the evidence in this case does not create a triable issue as to the negligence of Jim Ellis Automotive since it was a separate and completely uninvolved corporate entity. *Garrett v. Women's Health Care of Gwinnett, P.C.,* 243 Ga. App. 53, 55–56 (2000) ("A corporation is a separate legal entity, and great caution should be exercised before disregarding this separateness."). For the same reasons, plaintiff's derivative claim of joint and several liability against all named defendants, including Jim Ellis Automotive, also fails as to Jim Ellis Automotive, because it was not involved in the sale of the truck to Griffin in any manner whatsoever. Jim Ellis Automotive is entitled to judgment as a matter of law on all plaintiff's claims.

**C. Any amendment of plaintiff's complaint to name another Jim Ellis company would be futile, since no Jim Ellis company owned the dealership where the truck was purchased, and no Jim Ellis company assumed any relevant liability of WB McDonough.**

Any amendment of plaintiff's complaint to name another Jim Ellis company as a defendant would be futile since no Jim Ellis company owned the Toyota of McDonough dealership where the Toyota Tacoma was purchased at the time it was purchased, and no Jim Ellis company acquired any relevant liabilities of WB McDonough. (Ex. A, Affidavit of Nathan Pearson, ¶¶ 18-20). As such, Plaintiff has no viable claim against another Jim Ellis entity.

Georgia law is clear that the purchase of WB McDonough's assets and certain specified liabilities does not expose any Jim Ellis company to liability in this matter. In Georgia, a purchasing corporation does not assume the liabilities of the seller unless: (1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or, (4) the purchaser is a mere continuation of the predecessor corporation. *Cilurso v. Premier Crown Corp.*, 769 F. Supp. 372, 373 (M.D. Ga. 1991); *Bullington v. Union Tool Corp.,* 254 Ga. 283 (1985).

In the case *sub judice,* not only is there no agreement to assume liabilities related to the alleged negligent sale or negligent failure to warn, no such liability was assumed by any Jim Ellis entity. (Ex. A, Affidavit of Nathan Pearson, ¶ 20). In addition, there is no suggestion of attempted fraud, that the asset purchase amounted to a merger, or that the Jim Ellis companies were a mere continuation of WB McDonough; and even if such allegation existed, the undisputed evidence of record contradicts any such allegation. *See generally Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

Therefore, whatever liabilities WB McDonough had to Griffin, they were not passed to any Jim Ellis company, thereby making any amendment as to any Jim Ellis company futile since

summary judgment as to the claims against any other Jim Ellis company would be similarly appropriate.

## **CONCLUSION**

For the reasons above-stated reasons, the instant motion should be granted and judgment as a matter of law entered in favor of Jim Ellis Automotive.

This the 13th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
E. ANDREW TRESSE
Georgia Bar No. 556850
atreese@fmglaw.com
GEOFFREY F. CALDERARO
Georgia Bar No. 991159
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing ***Defendant Jim Ellis Automotive Holdings, Inc.'s Memorandum in Support of Motion for Summary Judgment*** via Odyssey e-file system which will send electronic notification of such filing to counsel of record as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, Georgia 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Michael R. Boorman
Philip A. Henderson
WATSON SPENCE LLP
999 Peachtree Street NE, Suite 1130
Atlanta, GA 30309
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendants Toyota Motor
Manufacturing, Texas, Inc., Toyota Motor Engineering & Manufacturing North America, Inc.,
Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc.*

10

This 13th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive*
*Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960

11

State Court of Fulton County
**E-FILED**
23EV002868
7/13/2023 4:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | ) | |
| **Individually and as Surviving Spouse and** | ) | |
| **Executor of the Estate of** | ) | |
| LEE DIXON GRIFFIN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION FILE |
| | ) | NO. 23EV002868 |
| v. | ) | |
| | ) | |
| TOYOTA MOTOR CORPORATION; | ) | |
| TOYOTA MOTOR NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR SALES U.S.A., INC.; | ) | |
| TOYOTA MOTOR ENGINEERING & | ) | |
| MANUFACTURING NORTH AMERICA, INC.; | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| TEXAS, INC.; | ) | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, INC. | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND THEORIES OF RECOVERY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Jim Ellis Automotive Holdings, Inc. ("Jim Ellis Automotive"),

and pursuant to Uniform State Court Rule 6.5, submits this Statement of Undisputed Material Facts

and Theories of Recovery for which there remains no genuine issue for trial, showing this Court

as follows:

### Statement of Undisputed Material Facts

1.

While it is alleged that Griffin purchased his 2017 Toyota Tacoma

– VIN#5TFAZ5CN4HX050255 – from Jim Ellis Automotive in December 2020, neither Jim

Ellis Automotive, nor any other Jim Ellis company, sold the truck to Lee Dixon Griffin, Jr.

1

("Griffin") in December 2020 or, for that matter, at any other time. (Ex. A, Affidavit of Nathan Pearson, ¶¶ 3-4).[1]

2.

Griffin purchased his brand-new Toyota Tacoma from WB McDonough in McDonough, Georgia on November 6, 2017. (Ex. A, Affidavit of Nathan Pearson, ¶ 5; Ex. B, Purchase Order).[2]

3.

The Purchase Order shows that on November 6, 2017, Griffin purchased a new 2017 Toyota Tacoma from Toyota of McDonough. (Ex. B, Purchase Order).

4.

The Purchase Order lists Toyota of McDonough as the dealer and Griffin as the purchaser. (Ex. B, Purchase Order).

5.

Griffin executed the Purchase Order on November 6, 2017 by signing his name at the bottom. (Ex. B, Purchase Order).

6.

At the time of the sale, WB McDonough operated a franchised Toyota automobile dealership, doing business as Toyota of McDonough. (Ex. A, Affidavit of Nathan Pearson, ¶ 6).

7.

On the date of Griffin's purchase, neither WB McDonough nor Toyota of McDonough were owned or operated by Jim Ellis Automotive or any other Jim Ellis company. (Ex. A, Affidavit of Nathan Pearson, ¶ 7).

---

[1] The Affidavit of Nathan Pearson is attached to the instant motion as Exhibit A.
[2] A true and correct copy of the Purchase Order is attached to the instant motion as Exhibit B.

8.

WB McDonough was an entirely discrete legal entity, separate and apart from Jim Ellis Automotive and all other Jim Ellis companies. (Ex. A, Affidavit of Nathan Pearson, ℙ 8).

9.

Long after the sale of the truck to Griffin by WB McDonough, a separate Jim Ellis company, Jim Ellis Volkswagen, Inc. purchased WB McDonough's assets and only certain liabilities. (Ex. A, Affidavit of Nathan Pearson , ℙ 9).

10.

The liabilities assumed were limited to only: 1) WB McDonough's arm's length Purchase Orders entered into prior to closing and remaining open at closing; and 2) obligations of WB McDonough related to the Purchase Orders and Applicable Contracts, property taxes not yet due and payable on assets transferred, and Work in Process acquired. (Ex. A, Affidavit of Nathan Pearson, ℙ 10).

11.

These liabilities were collectively referred to as the "Assumed Obligations." (Ex. A, Affidavit of Nathan Pearson, ℙ 12).

12.

However, it was made clear that Jim Ellis Volkswagen "shall assume no other obligations of [WB McDonough] whatsoever." (Ex. A, Affidavit of Nathan Pearson, ℙ 13).

13.

These transactions were not mergers, between WB McDonough and Jim Ellis Volkswagen. (Ex. A, Affidavit of Nathan Pearson, ℙ 14).

14.

The transactions discussed above did not constitute "a fraudulent attempt to avoid liabilities." (Ex. A, Affidavit of Nathan Pearson, ⁋ 15).

15.

Jim Ellis Volkswagen was not a mere continuation of WB McDonough. (Ex. A, Affidavit of Nathan Pearson, ⁋ 16).

16.

While Jim Ellis Volkswagen purchased WB McDonough's assets, at no point did Jim Ellis Automotive purchase any assets owned by WB McDonough. (Ex. A, Affidavit of Nathan Pearson, ⁋ 17).

17.

At no point did Jim Ellis Automotive own or operate the Toyota dealership where Griffin purchased the 2017 Toyota Tacoma at the center of this case. (Ex. A, Affidavit of Nathan Pearson, ⁋⁋ 18-19).

**Theories of Recovery**

Plaintiff alleges that Jim Ellis Automotive breached its duty to Plaintiff and her deceased husband, Griffin, by selling the vehicle to Griffin in 2020 and by failing to warn them of the alleged dangers of the vehicle in question when that vehicle was bought in 2020. Plaintiff also alleges that all defendants are jointly and severally liable.

Jim Ellis Automotive denies liability because Plaintiff's allegations are based on two incorrect premises. First, Plaintiff incorrectly alleges the truck was purchased in December 2020 when it was purchased in November 2017.  Second, Plaintiff also incorrectly alleges that Griffin purchased his truck from Jim Ellis Automotive when it was purchased from WB McDonough,

4

LLC d/b/a Toyota of McDonough in McDonough, Georgia.  Because Jim Ellis Automotive was

not involved in the sale of the truck, and did not assume any liability regarding the sale of the truck

(including representations made or failed to have been made at the time of purchase), it owed no

duty to plaintiff (or Griffin) and, as a result, is entitled to judgment as a matter of law on plaintiff's

claims.

Respectfully submitted this 13th day of July, 2023.

FREEMAN MATHIS & GARY, LLP

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
E. ANDREW TRESSE
Georgia Bar No. 556850
atreese@fmglaw.com
GEOFFREY F. CALDERARO
Georgia Bar No. 991159
geoffrey.calderaro@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive*
*Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of **DEFENDANT JIM ELLIS AUTOMOTIVE HOLDINGS, INC'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND THEORIES OF RECOVERY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** via Odyssey e-file system which will send electronic notification of such filing to counsel of record as follows:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Sarah R. Daley
BUTLER PRATHER LLP
P.O. Box 2766
Columbus, Georgia 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
sdaley@butlerprather.com
*Counsel for Plaintiff*

Michael R. Boorman
Philip A. Henderson
WATSON SPENCE LLP
999 Peachtree Street NE, Suite 1130
Atlanta, GA 30309
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendants Toyota Motor*
*Manufacturing, Texas, Inc., Toyota Motor Engineering & Manufacturing North America, Inc.,*
*Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc.*

6

This 13th day of July, 2023.

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
*Counsel for Defendant Jim Ellis Automotive*
*Holdings, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)