# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANGELIA D. RANSOME and POLYCARP NGWU,** | ) ) ) ) Civil Action |
| **Plaintiffs,** | ) ) |
| vs. | ) CASE NO.:_____ ) ) |
| **UR MENDOZA JADDOU,** Director of U.S. Citizenship and Immigration Services, and **JERRY L. ADDISON,** Acting Director of Atlanta Field Office of U.S. Citizenship and Immigration Services. | ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

COME NOW, Angelia D. Ransome and Polycarp Ngwu, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

1

1. This action is brought against the Defendants to compel action on the Petition to Remove Conditions on Residence (Form I-751) jointly filed by Plaintiffs. The Petition remains within the jurisdiction of the Defendants, who has improperly withheld action on said Petition to Plaintiffs' detriment.

## PARTIES

2. Plaintiff, Angelia D. Ransome, (hereinafter "Plaintiff Petitioner") is a forty-three-year-old native and citizen of the United States. See Exhibit 1, Birth Certificate of Plaintiff Petitioner. She jointly filed the Petition at issue together with Mr. Polycarp Ngwu on July 26, 2017.

3. Plaintiff, Polycarp Ngwu, (hereinafter "Plaintiff Beneficiary") is a forty-three-year-old native and citizen of Nigeria. See Exhibit 2, LPR Card of Plaintiff Beneficiary. He jointly filed the Petition at issue together with Plaintiff Petitioner on July 26, 2017.

4. Defendant Ur Mendoza Jaddou is the Director of USCIS. USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

5. Defendant Jerry L. Addison, is the USCIS Atlanta Acting Field Office Director. Defendant Addison is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of Petitions to Remove Conditions on Permanent Residence in her service area. As will be shown, Defendant is the official with whom Plaintiff's petition was properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 8 U.S.C. § 1447(b); 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC § 1391(e), as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiff reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants have not made a decision on the Plaintiffs' jointly-filed Petition to Remove Conditions on Residence for nearly six years. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief that can resolve the instant case.

## CAUSE OF ACTION

9. Plaintiff Beneficiary became a Conditional Permanent Resident on March 26, 2015. See Exhibit 2, LPR Card of Plaintiff Beneficiary. Plaintiffs jointly filed the Form I-751, Petition to Remove Conditions on Residence, on July 26, 2017. A receipt notice was sent nearly a year later, on August 6, 2018. See Exhibit 3, Receipt Notice.

10. Plaintiffs appeared for an initial interview on December 30, 2019 in support of the Petition. No decision was made on Plaintiffs' Petition at that time, and the case was held for review.

11. Plaintiffs appeared for a second interview on July 30, 2020 in support of the Petition. No decision was made on Plaintiffs' Petition at that time, and the case was held for review.

12. Plaintiffs appeared for a third interview on October 26, 2021 in support of the Petition. No decision was made on Plaintiffs' Petition at that time, and the case was held for review.

13. Plaintiffs appeared for a fourth interview on June 13, 2022 in support of the Petition. No decision was made on Plaintiffs' Petition at that time, and the case was held for review.

14. Plaintiffs have not yet received a decision on the Petition to Remove Conditions, after nearly six years and four interviews to confirm the bona fides of the eight-year marriage. See Exhibit 8, Plaintiffs' Marriage Certificate.

15. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiffs in denying Plaintiff Beneficiary an immigration privilege, contrary to law.

## LEGAL BACKGROUND

16. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedure Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922,

930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

17. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiffs' I-765 Petition. Thus, the only option for Plaintiffs is this instant action in this court.

18. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> > **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > **(B)** contrary to constitutional right, power, privilege, or immunity;
> >
> > **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> >
> > **(D)** without observance of procedure required by law;

    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

19. In this case, this Court has jurisdiction to compel agency action to review and issue a decision regarding Plaintiffs' case.

20. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C §701 *et seq.*, have unlawfully withheld action on Plaintiffs' Petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case to the detriment of the Plaintiffs.

21. Plaintiffs desire a an order by this Court directing Defendants to adjudicate Plaintiffs' Petition immediately, and an order enjoining Defendants from further delaying the adjudication of Plaintiffs' Petition to Remove Conditions on Residence.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court grand the following relief:

(a) Enter an order requiring Defendants to immediately adjudicate Plaintiffs' Petition to Remove Conditions on Permanent Residence;

(b) Award Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act; and,

(c) Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

    This the 10th day of July, 2023.

**THE FOGLE LAW FIRM, LLC**

/s/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com