## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EDDIE SAXTON, JR.** and | **)** | |
| **ABIODUN ANJOLA,** | **)** | |
| | **)** | |
| | **)** | Civil Action |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **vs.** | **)** | CASE NO.:_____ |
| | **)** | |
| **UR MENDOZA JADDOU,** Director | **)** | |
| of U.S. Citizenship and Immigration | **)** | |
| Services**, JERRY ADDISON,** Acting | **)** | |
| Director of Atlanta Field Office of U.S. | **)** | |
| Citizenship and Immigration Services, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| _____ | **)** | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

**To the Honorable Judges of this Court:**

COME NOW, Eddie Saxton, Jr. and Abiodun Anjola, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and hereby file their complaint for relief under the Administrative Procedure Act and for cause of action would show this Honorable Court the following:

1

1.  This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Petition for Alien Relative and Application for Adjustment of Status filed by Plaintiffs. The Application and Petition were filed with and remain within the jurisdiction of the Defendants, who have unlawfully denied the application to Plaintiffs' detriment.

2.  As the Defendants have acted arbitrarily, capriciously and not in accordance with the law this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to the Plaintiffs; to wit:  to cause the Defendants to adjudicate the Petitioner for Alien Relative and the Application for Adjustment of Status according to the law and regulations by which they are bound. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiffs according to the law.

**PARTIES**

3.  Plaintiff, Abiodun Anjola, (hereinafter "Plaintiff Beneficiary") is a 49-year-old native of Nigeria (Alien Number: 214-664-487).  She filed an I-485 Application to Register Permanent Residence or Adjust Status (MSC2090568940) which was received by USCIS on December 16, 2019 (See I-485 Receipt, **Exhibit 1**).

Her application was based on an I-130 Petition for Alien Relative filed on her behalf by Plaintiff, Eddie Saxton Jr., (hereinafter "Plaintiff Petitioner"), her U.S citizen husband, on September 26, 2017.

4.   Plaintiff Petitioner is a 49-year-old native and citizen of the United States of America.   He filed an I-130 Petition for Alien Relative (See I-130 Receipt Notice for Lead, **Exhibit 2**) on behalf of his wife, Plaintiff Beneficiary, and her three children.

5.   Defendant, Ur Mendoza Jaddou, is the Director of USCIS.  USCIS is the branch of the Department of Homeland Security that is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

6.   Defendant Jerry L. Addison is the Acting USCIS Atlanta Field Office Director. Defendant Addison is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of applications to adjust status filed pursuant to § 245 of the Immigration and Nationality Act (hereinafter, "INA"), codified at 8 U.S.C. § 1255, which covers

most of Georgia and part of Alabama. Defendant is also responsible for the adjudication of petitions for alien relative filed pursuant to 8 U.S.C. § 1151(a)(1). As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed, and who ultimately decided them.

## JURISDICTION

7.   Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

8.   Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiff resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9.   The Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy was adequate in this case because the Defendants failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications to Adjust Status.   Immediate action, such as that offered by the Administrative Procedure Act (hereinafter "APA"), is the only relief available.

## LEGAL BACKGROUND

### *Family Based Immigrant Petitions*

#### *The Adjudication of Petitions for Alien Relative*

10.   When a Form I-130 is filed on behalf of the alien-spouse, USCIS conducts an investigation of every Form I-130 petition, in part to determine whether the marriage is valid. See 8 U.S.C. § 1154(a)-(b). If the USCIS determines that the marriage is not a sham and the alien-spouse is in fact a "spouse," then it shall approve the Form I-130 petition. See 8 U.S.C. § 1154(b). Approval of the Form I-130 petition allows the alien/immediate relative who is already lawfully in the United States under a temporary visa to apply for adjustment of status using a Form I-485. See 8 U.S.C. § 5 1255(a).

11.   The validity of the marital relationship is also central to status as a stepchild. INA § 101(b)(1)(B).

12.   The Service must first determine whether the marriage is valid under a state's law, then whether the marriage qualifies under the INA. *Miezgiel v. Holder*, 33 F.Supp.3d 184 (E.D.N.Y. 2014).

13.   To qualify under the INA, the question is whether the spouses intended to establish life together at the time of marriage. *Lutwak v. U.S.*, 344 U.S. 604 (1954); *Agyeman v. INS,* 296 F.3d 871, 883 (9th Cir. 2002); *Matter of McKee*, 17 I&N Dec. 332 (BIA 1980); *Matter of Laureano*, 19 I&N Dec.

1 (BIA 1983). This is a matter of subjective intent – objective facts and evidence serve only to indicate the state of mind at the time.

14. The conduct of the parties after marriage is relevant to their intent at the time of marriage. *Matter of Laureano,* 19 I&N Dec. 1, 3 (BIA 1983).

15. There is no requirement that the marriage be ideal, or conform to a particular societal expectation. <u>See</u>, <u>e.g.</u>, *Matter of Peterson*, 12 I&N Dec. 663 (BIA 1968) (marriage of elderly couple as a caregiving arrangement with mutual friendship and intent to share their lives, though without consummation and sleeping in separate rooms, was a bona fide marital relationship).

16. Later separation or nonviability is not a bar to the approval of a marital visa. "The issue is not whether there is a presently subsisting or 'viable' marriage (assuming there is no legal separation or dissolution of the marriage), but rather whether the marriage was entered into for the primary purpose of circumventing the immigration laws." *Matter of Boromand,* 17 I&N Dec. 450, 453 (BIA 1980).

17. This determination is fact-based and nondiscretionary. <u>See</u> INA §§ 203(a) and 204(a)(1)(A)-(D), 8 C.F.R. § 204.

### *The Legal Framework of Adjustment of Status*

18. Ultimately, the Form I-485 Application for Adjustment of Status is a request to become a lawful permanent resident. <u>See</u> *Freeman v. Gonzales*, 444 F.3d at

1033. An immigrant visa must be immediately available to an alien in order to qualify for adjustment of status. Id. Without an approved Form I-130 petition, an immigrant visa is not immediately available and the USCIS cannot adjudicate the Form I-485 application. If the Form I-130 petition is approved and the Form I-485 Application for Adjustment of Status is granted, then the alien is afforded permanent residence status.

19. Adjustment of Status is the mechanism by which an eligible alien who is present in the United States applies for lawful permanent resident status based on a relationship to a U.S. citizen family member.

20. Adjustment of Status allows applicants to apply to obtain lawful status while remaining in the United States, instead of requiring them to first return to their home countries and apply for immigrant visas from a U.S. embassy or consulate abroad, which is often a lengthy application process.

21. In general, to apply for Adjustment of Status, an individual must demonstrate that he or she has been "inspected and admitted or paroled into the United States." See 8 U.S.C. § 1255(a).

22. Additionally, an adjustment applicant must demonstrate that he or she is eligible to receive an immigrant visa (based on the qualifying relationship) and has an immigrant visa immediately available at the time the individual files an adjustment application. 8 U.S.C. § 1255(a).

23. The Immigration and Nationality Act (hereinafter "INA") regulates the number of immigrant visas that can be issued in a given year. Section 1151(a) generally establishes quotas for the number of immigrants that may be issued a visa from each foreign country in a given year. <u>See</u> 8 U.S.C. § 1151(a).

24. Sub-section (b), however, describes categories of aliens who <u>are not subject to the numerical limitations</u> in § 1151(a). <u>See</u> 8 U.S.C. § 1151(b).

25. Sub-section (b) was enacted as part of the Immigration Reform Act of 1965 and is intended to ensure that relatives of U.S. citizens and legal aliens are allowed to enter and remain in the United States. Sub-section (b) therefore defines several categories of aliens, including "immediate relatives," who are not subject to the numerical limitations in the INA. <u>See</u> 8 U.S.C. § 1151(b)(2)(A)(i). In pertinent part, 8 U.S.C. § 1151(b)(2)(A)(1) provides:

> (2)(A)(i) Immediate relatives.--For purposes of this subsection, the term "immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death and was not legally separated from the citizen at the time of the citizen's death, the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 1154(a)(1)(A)(ii) of this title within 2 years after such date and only until the date the spouse remarries. . . .

26. Under the first sentence of § 1151(b)(2)(A)(1), an alien is an "immediate relative" if he/she is the spouse of a U.S. citizen. After the couple marries, the

citizen-spouse may file an alien relative visa petition with the USCIS. <u>See</u> 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R §§ 204.1(a)(1) and 204.2(a).

27. Per 8 U.S.C. § 1101(b)(1)(B), the definition of "child" includes "a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred."

28. Finally, the applicant must demonstrate admissibility to the United States; i.e., that he or she either is not subject to an enumerated ground of inadmissibility set forth in 8 U.S.C. § 1182 or qualifies for a waiver of any such ground. <u>Id.</u> With exceptions, an otherwise eligible individual is barred from adjusting if, *inter alia*, he or she has worked in the United States without authorization, is in unlawful immigration status on the date of filing an adjustment application or has failed to maintain continuously a lawful status since entry into the United States. 8 U.S.C. § 1255(c)(2).

29. Certain individuals are not subject to the § 1255(c)(2) bar to adjustment, including: (a) "immediate relatives," defined as the children and spouses of U.S. citizens and the parents of U.S. citizens provided the citizen son or daughter is at least 21 years old, [*See* 8 U.S.C. § 1151(b)(2)(A)(i)]; and (b) employment-based visa beneficiaries who: (i) are present in the United States pursuant to a lawful admission on the date of filing the adjustment application; and (ii) after

such lawful admission, have not, for an aggregate period of more than 180 days, failed to maintain continuous lawful status, engaged in unauthorized employment, or otherwise violated the terms of admission.

### *Administrative Procedure Act*

30. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiffs' I-130 Petition and I-485 Application, and no deportation proceedings have been initiated in which a decision may be reopened or challenged. There not being no other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

31. Moreover, 5 U.S.C. § 706 states:

    The reviewing court shall—

    **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

    > **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    > **(B)** contrary to constitutional right, power, privilege, or immunity;

**(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

**(D)** without observance of procedure required by law;

**(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

**(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

32.  In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiffs' Form I-130, Petition for Alien Relative and Form I-485, Application to Register Permanent Residence or Adjust Status.

33. Accordingly, Plaintiff has been forced to pursue the instant action.

**CAUSE OF ACTION**

***Factual background***

34. Plaintiff Petitioner, a United States citizen, married Plaintiff Beneficiary on August 7, 2017.

35. Plaintiff Petitioner filed a Petition for Alien Relative (Form I-130) on Plaintiff Beneficiary's behalf, which was received by USCIS on September 26, 2017. (See I-130 Receipt Notice for Lead, **Exhibit 2**).

36. Analogous petitions were filed on behalf of each of Plaintiff Beneficiary's three children on September 26, 2019 together with corresponding I-485 Applications. These have not yet been adjudicated.

37. On November 19, 2019, the Petitioner and Beneficiary appeared for an initial interview.

38. On November 26, 2019, the Service issued a Notice of Intent to Deny the I-130, stating that the Service lacked sufficient evidence of a full and final divorce between Plaintiff Petitioner and his former spouse. (See Notice of Intent to Deny, **Exhibit 3**). Plaintiffs timely responded.

39. On February 25, 2020, the Service requested Plaintiff Beneficiary's birth certificate and a Form I-864, Affidavit of Support. (See Request for Evidence, **Exhibit 4**).  Plaintiffs timely responded.

40. The couple attended three additional interviews, on June 16, 2021; October 25, 2022; and January 24, 2023. (See Decision Notice, **Exhibit 5**).

41. On April 27, 2023, the Service denied the I-130 Petition, and all the I-485 applications. (See Decision Notice, **Exhibit 5**).

42. The Decision Notice offers, effectively, three grounds for the denial: that Plaintiff Petitioner received documents at various addresses during the marriage – the marital address in Lawrenceville, Georgia, and various addresses in Hatchechubbee and Dothan, Alabama; that Plaintiff Beneficiary maintains her own insurance policies for two cars; and finally, that at the latest interview Plaintiff Petitioner's confusion on the name of one child and the birthdates of two at the fourth interview. These grounds will be addressed in turn.

43. The Decision notes that Plaintiff Petitioner had W-2s and paystubs sent to a P.O. Box in Hatchechubbee, Alabama, and that several financial and public institutions list him as having lived at 80 Samuel Rd. in the same city. Plaintiff Petitioner formerly resided there, and has elected to change those address listings as his family still resides there.

44. The Decision also states that he was found to "have lived, stayed or linked in someway [sic] to 708 Whiddon St., Dothan, AL 36303, 1072 First St, Dothan AL 36303." No specific allegations are made, nor is it clear how or why some form of "linkage" to these two addresses suggests that the marriage is not valid.

45. The Decision Notice states Plaintiff Beneficiary maintains her own personal car policy through InsureMax for a 2014 Honda CR-V and a 2003 Nissan Altima. No reason is given for how this reflects upon the state of the marriage. Plaintiff

Beneficiary maintains her coverage in this fashion due to the significantly higher cost of the policy if extended to include her husband.

46. Finally, the Decision Notice points to inconsistencies in the fourth interview regarding Plaintiff Petitioner's familiarity with the children. Three such inconsistencies are identified or suggested.

47. First, during the January 23, 2023, interview, Plaintiff Petitioner could not remember the name of Child One. This is inconsistent with the prior interviews and an aberration in otherwise consistent testimony by Plaintiff Petitioner.

48. Second, during the same interview, Plaintiff Petitioner used the English names for Child Two and Child Three, preferring Elizabeth and David over Fiyinfoluwa and Oluwafolabamirin, respectively. This is a matter of convenience and not unusual in Nigerian households.

49. Finally, again on January 23, 2023. Plaintiff Petitioner misremembered the children's birthdays, offering December 21, 2006 rather than December 21, 2007 for Child Two, and July 26, 2012 rather than August 28, 2013 for Child 3. This is also inconsistent with his prior testimony.

50. The Decision Notice only states that the Plaintiff Petitioner and Plaintiff Beneficiary had not met their burden of proof in demonstrating that the petition should be approved.

51. As the Petition had been denied, the Application was denied in turn. The Children's petitions and applications remain pending.

## COUNT 1

***Defendants violated the Administrative Procedure Act 5 U.S.C. § 701, et seq. and Plaintiff is entitled to review by this Court pursuant to U.S.C. §§ 701-706***

52. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-51 above.

53. Plaintiff is entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. A reviewing court shall "hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A).

54. The Present Court has jurisdiction under the APA to review certain agency determinations outlined in 8 U.S.C. § 1252. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." See 5 U.S.C. § 702.

55. Under the APA, the Court has jurisdiction to review an agency decision if the agency action is final, the action adversely affects the party seeking review, and the agency's decision is non-discretionary. See 5 U.S.C. §§ 702, 704 ("Agency action made reviewable by statute and final agency action for which there is not

other adequate remedy in a court are subject to judicial review."). The Court "shall decide all relevant questions of law," and "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706 (2)(A).

56. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error of judgment." See *N. Buckhead Civic Ass'n v. Skinner,* 903 F.2d 1533, 1538 (11th Cir. 1990).

57. Examples of arbitrary or capricious agency decisions include those where an agency considers material "Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

58. Here, the Defendants not only failed to consider the full body of the record and previously-submitted evidence attesting to the bona fide nature of the Plaintiffs' marriage, but also their own repeated testimony over the course of four

16

interviews spanning three years, which is clearly an abuse of discretion and error of judgment. This has grave implications for the Plaintiff Beneficiary's and her Children's Petitions and Applications.

## COUNT 2

***The Defendants, in Violation of the APA, failed to properly consider all evidence in the record and follow the law and established principles in arriving at their determination.***

59. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-58 above.

60. Defendants failed to properly consider all evidence in the record and erroneously denied the Petitions based on inference with little probative value.

61. Read as a whole, the administrative evidentiary record establishes a bona fide marital relationship.

62. Defendants' Decision lists no evidence tending to demonstrate the bona fides of the relationship whatsoever. The Decision omits, for instance, the length of the marriage, the continued submission of substantial evidence throughout the application process, the couples' appearance at four interviews, the consistency of their testimony, or any other factor which might tend to demonstrate a marital relationship. The sole mention of any evidence tending to prove a bona fide marital relationship is a note in the Decision stating that the couple knew each

other's names, birth dates, and place of birth; and their recollections of their first meeting. (See Decision Notice, **Exhibit 5**). The Decision notice mentions no other testimony as consistent between the couple despite the numerous interviews and documentation submitted.

63. Therefore, the Defendants clearly failed to properly consider all evidence in the record and their errors were arbitrary, capricious and in violation of the law, as they did not take into consideration the evidence in the record, which clearly contradicted their own observations, and ultimately their factual determinations. Decisions on I-130 Petitions for Alien Relative are, by law, fact-based and nondiscretionary. See INA §§ 203(a) and 204(a)(1)(A)-(D), 8 C.F.R. § 204. The Decision does not reflect a full accounting of the evidence presented, nor a process endeavoring to make an even-handed factual finding.

## COUNT 3

### *The Defendants clearly and unequivocally misapplied the law by applying an elevated standard.*

64. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-63 above.

65. Defendants misapplied the law and the facts in determining that Plaintiff had failed to meet the preponderance of the evidence standard for demonstrating a bona fide marriage.

66. *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010) states that the standard of proof in administrative immigration proceedings is "preponderance of the evidence," as clarified by the regulations. In an application for a spousal visa, filings are not required to demonstrate eligibility beyond a reasonable doubt. USCIS is required to consider and give due weight to all facts, evidence and testimony on record. See *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg. Comm. 1972). "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of§ 706." *Butte County v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010).

67. USCIS cannot "unilaterally impose novel substantive or evidentiary requirements beyond those set forth [by law]." See *Riffin v. Surface Transp. Bd.*, 592 F.3d 195, 195 (D.C. Cir. 2010) ("The APA requires the agency to articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.' . . .[The agency] must state its reasons for doing so and conduct an appropriate analysis.") The Board of Immigration Appeals ("BIA") explained that "preponderance of the evidence" is the "rock bottom [of] the fact-finding level of civil litigation," a lower standard than "clear, convincing and unequivocal." Matter of E-M-, 20 I. & N. Dec. 77, 79, fn.1 (BIA 1989). Only a very low standard of proof is required to be established.

68. The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not" true, the Applicant or Petitioner has satisfied the standard of proof. <u>See</u> *U.S. v. Cardozo-Fonseca*, 480 U.S. 421 (1987).

69. The specific question in I-130 petitions filed on the basis of marriage is whether the parties entered into a bona fide marriage with the intent of joining together as spouses, rather than for the primary purpose of obtaining immigration benefits.

70. The couple have pursued Lawful Permanent Resident status for Plaintiff Beneficiary for nearly six years, and for their children for over three years.

71. The Decision notice makes no mention of any positive showing by the couple, nor does it identify how their allegations, taken in sum, outweigh all other evidence submitted. There is no clear indication of any weighing of probative evidence against whatever doubts the Service may have.

72. The Defendants clearly and unequivocally misinterpreted and/or misapplied the law when they denied Applicant's I-130 Petition based on a failure to meet a preponderance of the evidence standard regarding the bona fides of the marital relationship.

73. Defendants' decision reflects the application of an elevated and novel standard of proof to the Plaintiffs' I-130 Petitions, which is clearly and unequivocally an abuse of discretion.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court shall:

(a) Assume jurisdiction in this case;

(b) Find that Defendants are in violation of the Administrative Procedure Act as they acted arbitrarily and capriciously and thus, failed to follow the law and perform their duties as mandated by statute and regulation;

(c) Find that Defendants' decision is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court;

(d) Declare that the Defendants' denials of Plaintiffs' I-485 Application for Adjustment of Status and I-130 Petition for Alien Relative are unlawful, and order the Defendants to reopen, adjudicate, and approve the application on the merits according to the law;

(e) Award Plaintiffs' reasonable attorney's fees and costs under the Equal Access to Justice Act; and,

(f) Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

This 12th day of July, 2023,

**THE FOGLE LAW FIRM, LLC**

/S/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com