April 27, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

EDDIE BERNARD SAXTON JR
3396 FAIRWAY OAKS DR., APT A
LAWRENCEVILLE, GA 30044



MSC1791927741

RE: ABIODUN TITILAYO ANJOLA
I-130, Petition for Alien Relative



A214-664-487

## DECISION

Dear EDDIE SAXTON JR:

On September 26, 2017, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of ABIODUN ANJOLA (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i) a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration



law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing the marriage was valid and bona fide, such as joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship.

On November 19, 2019, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485 (MSC1791927740), Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

During the interview, your beneficiary spouse testified that after filing her Form I-485 (MSC1791927740), she departed the United States on November 28, 2017. Your spouse traveled without first seeking an advanced parole from USCIS. Subsequently, her Form I-485 (MSC1791927740) was denied on November 26, 2019. Your spouse filed a new Form I-485 (MSC2090568940) on December 16, 2019.

You and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485 (MSC2090568940) on the following dates:

- June 16, 2021;
- October 25, 2022; and
- January 24, 2023.



At these interviews, you and the beneficiary provided testimony under oath. Both you and the beneficiary were interviewed concerning the bona fides of your marriage. Your testimony and the beneficiary's testimony were consistent with respect to the following: you both verified biographic information regarding name, birthday, and place of birth. The beneficiary testified that you two met at her sister's house in December 2016 when she came to the U.S. with her ex-husband. Moreover, she testified that her husband was visiting his uncle the day she met you. The testimonies provided at the interviews were considered. However, after review of the evidence and testimony the following discrepancies were noted:

Your W-2s and paystubs you submitted to USCIS are all addressed to you at a P.O. Box located in Hatchechubbee, AL 36858, not to the marital address in Lawrenceville, GA. It is noted that the dates on both, the W2s and Paystubs were issued during the time you claimed to be residing with your spouse in Snellville, GA or in Lawrenceville, GA.

The personal car policies from InsureMax for a 2014 Honda CR-V and a 2003 Nissan Altima, only shows your spouse as the only name insured. While the car insurance policies show you as the spouse, your name is marked off as "Driver exclusion election and rejection of uninsured motorist coverage." The policies also states that all coverage are not afforded by the policy while any vehicle is being used, driven, operated or manipulated, under the care, custody or your control.

During your interview on January 24, 2023, you were asked the full names and dates of birth for your three (3) step-children. While were able to provide two (2) names, which were Elizabeth and David (those are only the middle names of Fiyinfoluwa Elizabeth Anjola and Oluwafolabamarin David Anjola), you stated that you did not know the name of your spouse's third child. You testified, " Elizabeth was born on December 21, 2006, and David on July 26, 2012." Per their birth certificates the correct date of birth for Fiyinfoluwa Elizabeth Anjola is December 21, 2007 and for Oluwafolabamarin David Anjola is August 28, 2013.

Since the evidence in the record and testimony did not establish the claimed relationship, USCIS conducted and administrative investigation and the discovered the following:

The bank were your employment checks are directly deposited, others financial and public institutions have you listed as residing at 80 Samuel Rd, Hatchechubbee, AL 36858-3021 since May of 2006 to present. You were also found to have lived, stayed or linked in someway to 708 Whiddon St, Dothan, AL 36303, 1072 First St, Dothan, AL 36303, all during the time you claimed to be residing with your spouse. This information was not disclosed to USCIS either on your Form G-325A, Biographic Information, your Form I-130 nor during any of your interviews.

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the Board of Immigration Appeals (BIA) will decide the appeal, you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office, you cannot pay the filing fee with cash, a cashier's check, or money order. You must pay the filing fee thought pay.gov via a credit card or with a personal check.

We must receive your Form EOIR-29 within 30 days from the date of this decision notice. The decision is final if we do not receive your appeal within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative should submit Form EOIR-27.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. We will send your appeal for further processing 30 days after the date we receive it; after that time, we cannot accept any brief on your appeal.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual at usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

*Shineka C. Miller*

Shineka C. Miller



Field Office Director

