IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TOMMIE WALKER and, | ) | |
| PATRICIA WALKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.: |
| | ) | |
| STATE FARM INSURANCE | ) | [On removal from the Superior Court |
| COMPANY, | ) | of Cherokee County, Georgia; |
| | ) | Civil Action File No. 23CVE1056] |
| Defendant. | ) | |

## SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF STATE FARM FIRE AND CASUALTY COMPANY TO PLAINTIFFS' COMPLAINT AGAINST STATE FARM INSURANCE COMPANY

COMES NOW, State Farm Fire and Casualty Company, and specially appears to file an Answer and Affirmative Defenses to Plaintiffs' Complaint against State Farm Insurance Company and states as follows:

As an initial matter, the policy issued to Plaintiffs was issued by State Farm Fire and Casualty Company ("State Farm"), not "State Farm Insurance Company." As such, State Farm Insurance Company is not a proper party to this lawsuit, and State Farm Fire and Casualty Company has not been properly served or named as a party to this lawsuit. Thus, out of an abundance of caution, all defenses available

to State Farm Fire and Casualty Company as to service, venue, personal jurisdiction, and applicable statutes of limitation are hereby reserved.

## FIRST AFFIRMATIVE DEFENSE

State Farm Insurance Company is improperly named in the above-styled action. Plaintiffs' insurer, State Farm Fire and Casualty Company, has not been named or served in the above-styled action. As a result, Plaintiffs' Complaint should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(5) and 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against State Farm Fire and Casualty Company upon which relief may be granted and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant at no time breached or otherwise violated any of the terms or conditions of the insurance policy between Defendant and Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim against Defendant, Plaintiffs may not recover because their claim is legally and factually insufficient. Defendant has, at all times, acted in good faith with respect to Plaintiffs' claim.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim or seek other extra-contractual damages against Defendant pursuant to any other statute or law aside from O.C.G.A.§ 33-4-6, Plaintiffs may not recover because her claim is legally and factually insufficient. Moreover, O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith penalties and extra-contractual damages recoverable by an insured against her insurer based on a failure to pay policy benefits.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any additional damages related to this action because State Farm Fire and Casualty Company has already paid all amounts due under Policy number 11Q116079 (the "Policy") for damages from a covered cause of loss.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon Defendant aside from those set forth in the Policy, Plaintiffs fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers or their adjusters when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Defendant acted in good faith and in accordance with the terms and conditions of the Policy.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover from Defendant in tort, Plaintiffs are barred from recovery as the relationship between Plaintiffs and Defendant is strictly contractual in nature and does not support an action in tort.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs failed to satisfy the conditions precedent to bringing suit set forth in the Policy. Specifically, the Policy provides:

### SECTION I - CONDITIONS

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or

damage.

However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any recoverable depreciation or replacement cost benefits for the structural repairs to the Property because Plaintiffs have failed to comply with the provisions of the Policy regarding how to recover these benefits. Specifically, the Policy provides:

## SECTION I – LOSS SETTLEMENT

*We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for ***diminution in value***.

**COVERAGE A - DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction**

    a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – PROPERTY**

**COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, *we* will pay only the ***actual cash value*** at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

(4) *we* will not pay for increased costs resulting from the enforcement of any ordinance or law regulating the

construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any recoverable depreciation or replacement cost benefits for personal property because Plaintiffs have failed to comply with the provisions of the Policy regarding how to recover these benefits. Specifically, the Policy provides:

## SECTION I – LOSS SETTLEMENT

*We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE B - PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement**

   a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROEPRTY**, except for property listed in item b. below, subject to the following:

(1)  until repair or replacement is completed, *we* will pay the difference between the ***actual cash value*** of the damaged property;

(2)  after repair or replacement is actually completed, *we* will pay the difference between the ***actual cash value*** and the cost  *you* have actually and necessarily spent to repair or replace the property; and

(3)  if property is not repaired or replaced within two years after the date of loss, *we* will pay only the  ***actual cash value***.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover additional Loss of Use or Additional Living Expense benefits under the Policy because the conditions to recovery for benefits under these coverages have not been satisfied.  The Policy provides:

**COVERAGE C – LOSS OF USE**

The most *we* will pay for the sum of all losses combined under **Additional Living Expense**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the ***Declarations*** for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months.

*Our* payment is limited to incurred costs for the shortest of:

a. the time required to repair or replace the premises;

b. the time required for *your* household to settle elsewhere; or

c. 24 months.

This period of time is not limited by the expiration of this policy.

*We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be

subtracted from any amount owed.

2. **Fair Rental Value.** When a *loss insured* causes that part of the *residence premises* rented to others or held for rental by *you* to become uninhabitable, *we* will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the *residence premises* rented or held for rental is uninhabitable.

3. **Prohibited Use. *We*** will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits *your* use of the *residence premises*, provided that:

a. direct physical damage occurs to any property, other than covered property located on the *residence premises*, arising from a cause of loss that would be a *loss insured*

under this policy if the damage had occurred to property

on the ***residence premises***;

b. the ***residence premises*** is within one mile of property

damaged by a cause of loss identified in 3.a. above; and

c. the action of the civil authority is taken in response to:

(1) dangerous physical conditions resulting from the

continuation of the cause of loss identified in 3.a.

above;

(2) dangerous physical conditions resulting from the

damage caused by the cause of loss identified in 3.a.

above; or

(3) the need to gain free access to property damaged

by the cause of loss identified in 3.a. above.

***We*** will not pay for loss or expense due to cancellation of

a lease or agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover for all of the damages set forth in their

complaint because not all of these damages are related to an accidental direct

physical loss as required for coverage under the Policy.  Specifically, the Policy provides:

**COVERAGE A – DWELLING**

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.

However, loss does not include and *we* will not pay for, any *diminution in value*.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek additional policy benefits related to fungus (including mold), this cause of loss is limited under the Policy by the terms set forth in **HO-2584 FUNGUS (INCLUDING MOLD) LIMITED COVERAGE ENDORSEMENT**.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek additional policy benefits related to defects in the initial construction of the Property or maintenance related issues, these causes of loss are excluded under the Policy.  Specifically, the Policy provides:

. . .

**LOSSES NOT INSURED**

(3) *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures,

or improvements of any kind) whether on or

off the ***residence premises***; or

c. weather conditions.

However, ***we*** will pay for any resulting loss from items 3.a.,

3.b., and 3.c. unless the resulting loss is itself a Loss Not

Insured as described in this Section.

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs are not entitled to recover for the damages set forth in their

complaint that are the result of neglect.  Specifically, the Policy provides:

. . .

**LOSSES NOT INSURED**

2. ***We*** will not pay for, under any part of this policy, any loss that would not

have occurred in the absence of one or more of the following excluded events.

***We*** will not pay for such loss regardless of: (a) the cause of the excluded event;

or (b) other causes of the loss; or (c) whether other causes acted concurrently

or in any sequence with the excluded event to produce the loss; or (d) whether

the event occurs abruptly or gradually, involves isolated or widespread

damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

. . .

d. **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs are unable to recover under the Policy because Plaintiffs failed to satisfy their duties under the Policy.  Specifically, the Policy provides:

**SECTION I – CONDITIONS**

2. **Your Duties After Loss.** After a loss to which this insurance may apply, ***you*** must cooperate with ***us*** in the investigation of the claim and also see that the following duties are performed:

a. give immediate notice to ***us*** or ***our*** agent and also notify:

(1) the police if the loss is caused by theft, vandalism, or any other criminal act; and

(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as *we* reasonably require:

(1) exhibit the damaged property;

(2) provide *us* with any requested records and documents and allow *us* to make copies;

(3) while not in the presence of any other *insured*:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so…

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from pursuing claims against Defendant pursuant to the terms of Georgia's Unfair Claims Settlement Practices Act because the Act does not create or imply a private cause of action. O.C.G.A. § 33-6-37).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiffs because if they sustained any damages as a result of the occurrences set forth in the Complaint, such damages were proximately caused by Plaintiffs or others acting on Plaintiffs' behalf.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from recovering from Defendant benefits related to any exaggerated or exacerbated damages to the property due to Plaintiffs' failure to mitigate their damages or protect the property as required by the Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot recover to the extent Plaintiffs failed to mitigate their damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering damages asserted in their Complaint because these damages are speculative and Plaintiffs did not actually incur, and/or are not likely to incur these damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part based upon the doctrine of accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by accord and satisfaction and payment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set off against any judgment entered against it for those amounts already paid by Defendant to or on behalf of Plaintiffs for the claims asserted in Plaintiffs' Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant did not owe a legal duty to Plaintiffs independent of its obligations as specified in the Policy that forms the subject of Plaintiffs' Complaint, and therefore Plaintiffs' Complaint for damages fails to state a claim against Defendant for any cause of action independent of its alleged breach of policy of insurance, which Defendant specifically denies was breached.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11 against Defendant is insufficient in fact and in law. Defendant has, at all times, acted in good faith and with reasonable and probable cause with respect to the actions it has taken. Plaintiffs fail to state a claim for any bad faith which would entitle Plaintiffs to a recovery of attorney's fees and expenses.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover additional benefits under the Policy because Defendant has provided coverage for all items related to an "accidental direct physical loss" in accordance with the terms and provisions of the Policy.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant State Farm expressly reserves the right to assert all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.  Subject to and without waiving any of its other respective rights, jurisdictional or legal defenses, or objections, Defendant State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

## FACTUAL ALLEGATIONS

## INTRODUCTION

Defendant denies the allegations set forth in this unnumbered, introductory paragraph of Plaintiffs' Complaint.

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint. However, upon information and belief, Defendant admits these allegations.

2.

Defendant admits the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant admits the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant admits only that Cherokee County is a proper venue for this matter but denies that it is the only proper venue for this litigation and denies that Defendant was served properly.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint. However, upon information and belief, Defendant admits these allegations.

## FACTUAL BACKGROUND

Defendant re-alleges and incorporates by reference the responses in Paragraphs 1 through 5 of its Answer, as if fully restated herein.

6.

Defendant denies the allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7.

In response to Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it issued a Policy of insurance to the Plaintiffs, identified as Policy Number 11Q116079, which provided coverage to accidental direct physical loss subject to the Policy's terms and provisions and appliable Georgia law.  Except as otherwise herein admitted, Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint, including but not limited to any allegations that the Policy provides unrestricted and/or unfettered insurance coverage and any allegations that Plaintiffs are entitled to additional benefits under the Policy related to the Claim.

8.

In response to Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that it issued a Policy of insurance to the Plaintiffs, identified as Policy Number 11Q116079, which provided coverage to accidental direct physical loss subject to

the Policy's terms and provisions and appliable Georgia law.  Except as otherwise

herein admitted, Defendant denies any allegations set forth in Paragraph 8 of

Plaintiffs' Complaint in direct contradiction to the terms of the Policy, including the

Policy limits.

9.

In response to Paragraph 9 of Plaintiffs' Complaint, Defendant admits that,

upon information and belief, Plaintiffs' neighbor's house caught on fire on or around

June 2, 2021.  Defendant denies the remaining allegations set forth in Paragraph 9

of Plaintiffs' Complaint.

10.

In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits only

that it issued Claim number 1120L276K to the claim initiated by Plaintiffs.  Except

as otherwise herein admitted, Defendant denies the remaining allegations of

Paragraph 10 of Plaintiffs' Complaint including any allegations that Plaintiffs are

entitled to additional benefits under the Policy related to the Claim.

11.

In response to Paragraph 11 of Plaintiffs' Complaint, Defendant admits that

State Farm offered coverage for additional living expenses pursuant to and within

the limitations set forth in the terms of Plaintiffs' Policy.  Defendant also admits that

ServPro inspected Plaintiffs' property for the purposes of determining the proper scope for mitigation of the Property.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies same.  All remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to Paragraph 12 of Plaintiffs' Complaint, Defendant admits that it offered Additional Living Expenses to Plaintiffs pursuant to the terms of the Policy but that Plaintiffs' rejected this offer.  All remaining allegations set forth in Paragraph 12 of Plaintiffs' Complaint are denied.

13.

In response to Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that ServPro was retained to evaluate Plaintiffs' property.  All remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant admits Plaintiffs hired ICE PA as their public adjusters. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies same.

17.

Defendant admits that State Farm inspected the residence. Defendant denies all remaining allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant admits that State Farm inspected the residence, including the roof of the residence. Defendant denies all remaining allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant admits that Plaintiffs' public adjusters submitted an estimate for $95,815.23 for what it considered repairs to the Property.  Defendant denies all remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint including

any allegations that the estimate reflected the necessary and reasonable scope of work to repair the damages to the property or the costs to complete this work.

20.

In response to the allegations set forth in Paragraph 20 of Plaintiffs' Complaint, Defendant admits only that it determined that the costs and scope set forth in the estimate from Plaintiffs' Public Adjuster did not reflect the necessary and reasonable scope of work to repair the damages to the property or the costs to complete this work. Defendant denies all remaining allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21.

In response to the allegations set forth in Paragraph 21 of Plaintiffs' Complaint, Defendant admits only that it issued a payment to the Walkers totaling $18,643.67. Defendant denies all remaining allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22.

In response to the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, Defendant admits only, upon information and belief, that Plaintiffs retained Zen Dry Restoration. Defendant denies all remaining allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23.

In response to Paragraph 23 of Plaintiffs' Complaint, Defendant admits that Plaintiffs hired Metro Contents.  Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and, therefore, denies same.

24.

In response to Paragraph 24 of Plaintiffs' Complaint, Defendant admits that Metro Contents supplied an estimate totaling $52,195.76.  Defendant denies the remaining allegations of Plaintiffs' Complaint including any allegations that this estimate memorialized the damage and/or costs to repair the damage to the personal property of Plaintiffs due to a covered cause of loss under the Policy.

25.

In response to Paragraph 25 of Plaintiffs' Complaint, Defendant admits that it issued a supplemental payment to Plaintiffs on December 7, 2021.  Defendant denies the remaining allegations set forth in Paragraph 25 of Plaintiffs' Complaint, as pled.

26.

In response to Paragraph 26 of Plaintiffs' Complaint, Defendant admits that it retained Southeast Restoration and issued a supplemental payment to Plaintiffs on

December 7, 2021. Defendant denies the remaining allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27.

In response to Paragraph 27 of Plaintiffs' Complaint, Defendant admits that it retained Southeast Restoration and issued a supplemental payment to Plaintiffs on December 7, 2021. Defendant denies the remaining allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant admits the allegations set forth in Paragraph 28 of Plaintiffs' Complaint. Defendant denies that appraisal was an appropriate manner in which to resolve any disputes relate to this claim pursuant to the terms of the Policy or applicable Georgia law.

29.

In response to Paragraph 29 of Plaintiffs' Complaint, Defendant admits that it responded to Plaintiffs' demand for appraisal on December 21, 2021 and declined to participate in appraisal as it was contractually and legally inappropriate. Defendant denies the remaining allegations set forth in Paragraph 28of Plaintiffs' Complaint.

30.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and, therefore, denies same.

31.

Defendant denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies same.

33.

In response to Paragraph 33 of Plaintiffs' Complaint, Defendant admits that it sent a reservation of rights letter to Plaintiffs on or around December 21, 2021. Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

In response to Paragraph 34 of Plaintiffs' Complaint, Defendant admits that it retained National Environmental Solutions regarding this Claim.   Except as

otherwise admitted herein, Defendant denies the remaining allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35.

In response to Paragraph 35 of Plaintiffs' Complaint, Defendant admits that National Environmental Solutions went to Plaintiffs' residence to perform an inspection.  Defendant denies the remaining allegations set forth in Paragraph 35 Plaintiffs' Complaint.

36.

In response to Paragraph 36 of Plaintiffs' Complaint, Defendant admits that National Environmental Solutions created a report regarding this claim on January 19, 2022.  Defendant denies the remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint including but not limited to any allegations in direct contradiction to the plain and express language of the report.

37.

Upon information and belief, Defendant admits only that the Plaintiffs filed a complaint with the Georgia Department of Insurance.  Defendant denies the remaining allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38.

Upon information and belief, Defendant admits only that the Plaintiffs filed a complaint with the Georgia Department of Insurance.   Defendant denies the remaining allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40.

In response to the allegations set forth in Paragraph 40 of Plaintiff's Complaint, Defendant admits only that representatives of Defendant spoke with Plaintiffs regarding their claim.   Defendant denies all remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

In response to the allegations set forth in Paragraph 41 of Plaintiff's Complaint, Defendant admits only that representatives of Defendant emailed Plaintiffs regarding their claim.   Defendant denies all remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint, including those that are in direct contradiction to the express language of the email.

42.

In response to the allegations set forth in Paragraph 42 of Plaintiff's Complaint, Defendant admits only that representatives of Plaintiffs emailed Defendant regarding their claim.  Defendant denies all remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint, including those that are in direct contradiction to the express language of any emails.

43.

In response to Paragraph 43 of Plaintiffs' Complaint, Defendant admits that Dawn Martin issued a supplemental payment to Plaintiffs on or around February 11, 2022.  Defendant denies the remaining allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44.

Defendant denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45.

Upon information and belief, Defendant admits only that the Plaintiffs filed a complaint with the Georgia Department of Insurance.  Defendant denies the remaining allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47.

In response to Paragraph 47 of Plaintiffs' Complaint, Defendant admits that State Farm conducted an additional inspection of the Plaintiffs property on or around March 9, 2022.  Defendant denies the remaining allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48.

Defendant admits the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49.

In response to Paragraph 49 of Plaintiffs' Complaint, Defendant admits that Zen Dry Restoration issued an estimate for alleged repairs to Plaintiffs' Property. Defendant denies all remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

In response to Paragraph 50 of Plaintiffs' Complaint, Defendant admits that it retained attorneys Swift, Currie, McGhee & Hiers as its legal representatives and to represent its interests in the Claim submitted by the Walkers.

51.

In response to the allegations set forth in Paragraph 51 of Plaintiffs' Complaint, Defendant admits that it issued additional payments to Plaintiffs in conjunction with newly submitted information.  Defendant denies the remaining allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52.

In response to Paragraph 52 of Plaintiffs' Complaint, Defendant admits that the undersigned counsel sent a letter to Plaintiffs on July 8, 2022 informing Plaintiffs of Defendants' revised pack out estimate.  Defendant denies the remaining allegations set forth in Paragraph 52 of Plaintiffs' Complaint, including any allegations that contradict the expressly language of the letter.

53.

Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Complaint and, therefore, denies same.

54.

Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 54 of Plaintiffs' Complaint and, therefore, denies same.

55.

In response to Paragraph 55 of Plaintiffs' Complaint, Defendant admits that Fistel Law Group sent a letter to Swift, Currie, McGhee & Hiers on October 26, 2022. Defendant denies the remaining allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.

In response to Paragraph 56 of Plaintiffs' Complaint, Defendant admits that Swift, Currie, McGhee & Hiers sent a letter on November 28, 2022. Defendant denies the remaining allegations set forth in Paragraph 56 of Plaintiffs' Complaint

57.

In response to Paragraph 57 of Plaintiffs' Complaint, Defendant admits Fistel sent an estimate to counsel for State Farm along with a letter. Defendant denies the remaining allegations set forth in Paragraph 56 of Plaintiffs' Complaint including that the letter sent by Fistel constituted a valid, timely demand.

58.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of Plaintiffs' Complaint and, therefore, denies same.

59.

In response to Paragraph 59 of Plaintiffs' Complaint, Defendant admits that it issued a supplemental payment to Plaintiffs on or around March 28, 2022. Defendant denies the remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

Defendant denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61.

Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.

Defendant denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.

Defendant denies the allegations set forth in Paragraph 63 of Plaintiffs'
Complaint.

64.

In response to Paragraph 64 of Plaintiffs' Complaint, Defendant admits that
Plaintiffs may dispute Defendant's adjustment of the Claim and payments for the
claim.   Except as otherwise admitted herein, Defendant denies the remaining
allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65.

Paragraph 65 of Plaintiffs' Complaint appears to be an incomplete statement.
To the extent a response is required, Defendant denies Paragraph 65 of Plaintiffs'
Complaint, as pled.

66.

In response to Paragraph 66 of Plaintiff's Complaint, Defendant admits that it
inspected Plaintiffs' property regarding Plaintiffs' Claim.   Except as otherwise
admitted herein, Defendant denies all remaining allegations contained in Paragraph
66 of Plaintiffs' Complaint.

## COUNT 1
## BREACH OF CONTRACT

### 67.

Defendant re-alleges and incorporates by reference the responses in Paragraphs 1 through 66 of its Answer, as if fully restated herein.

### 68.

In response to Paragraph 68 of Plaintiffs' Complaint, Defendant admits only that it issued a Policy of insurance to the Plaintiffs, identified as Policy Number 11-Q1-1607-9, which provided coverage to accidental direct physical loss subject to the Policy's terms and provisions and appliable Georgia law.  Except as otherwise herein admitted, Defendant denies the remaining allegations set forth in Paragraph 68 of Plaintiffs' Complaint, including but not limited to any allegations that the Policy provides unrestricted and/or unfettered insurance coverage and any allegations that Plaintiffs are entitled to additional benefits under the Policy related to the Claim.

### 69.

In response to Paragraph 69 of Plaintiffs' Complaint, Defendant admits only that it inspected, evaluated and estimated damages for Plaintiffs' Claim.  Except as otherwise admitted herein, Defendant denies the remaining allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70.

Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71.

Defendant denies the allegations set forth Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant denies the allegations set forth Paragraph 72 of Plaintiffs' Complaint.

73.

Defendant denies the allegations set forth Paragraph 73 of Plaintiffs' Complaint.

74.

Defendant denies the allegations set forth Paragraph 74 of Plaintiffs' Complaint.

75.

Defendant denies the allegations set forth Paragraph 75 of Plaintiffs' Complaint.

76.

Defendant denies the allegations set forth Paragraph 76 of Plaintiffs' Complaint.

[sic]

Defendant denies all allegations of the WHEREFORE clause of Plaintiffs' Complaint, including Plaintiffs' request for a trial by jury.

## <u>COUNT II:</u><br><u>BAD FAITH</u>

77.

Defendant re-alleges and incorporates by reference the responses in Paragraphs 1 through 76 of its Answer, as if fully restated herein.

78.

Defendant denies the allegations set forth Paragraph 78 of Plaintiffs' Complaint.

79.

Defendant denies the allegations set forth Paragraph 79 of Plaintiffs' Complaint.

80.

Paragraph 80 of Plaintiffs' Complaint appears to be a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81.

Defendant denies the allegations set forth Paragraph 81 of Plaintiffs' Complaint.

82.

Defendant denies the allegations set forth Paragraph 82 of Plaintiffs' Complaint.

83.

Defendant denies the allegations set forth Paragraph 83 of Plaintiffs' Complaint.

84.

Defendant denies the allegations set forth Paragraph 84 of Plaintiffs' Complaint.

85.

Defendant denies any allegations in Plaintiffs' Complaint which have not been expressly admitted herein, including all allegations of the WHEREFORE clause of Plaintiffs' Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, State Farm Fire and Casualty Company requests that the following relief be granted:

a) That Plaintiffs' Complaint be dismissed with prejudice;

b) That Defendant be granted a jury of twelve;

c) That Defendant be awarded reasonable attorney's fees and costs incurred in asserting its rights through this action; and

d) That Defendant be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of July, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Jessica M. Phillips*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

## <u>LOCAL RULE 5.1(C) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted this 14th day of July, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s Jessica M. Phillips*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for State Farm Fire and Casualty*
*Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have electronically filed the foregoing **SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF STATE FARM FIRE AND CASUALTY COMPANY TO PLAINTIFFS' COMPLAINT AGAINST STATE FARM INSURANCE COMPANY** with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification and service of such filing to counsel of record follows:

Nicholas P. Martin
7000 Peachtree Dunwoody Road
Bld. 1, Ste. 202
Atlanta, GA 30328
nmartin@nickmartinlaw.com
*Attorney for Plaintiffs*

This 14th day of July, 2023.

Respectfully Submitted,

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Jessica M. Phillips*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

4882-2882-4432, v. 1