IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BYRON GODWIN and KELLY GODWIN<br><br>*Plaintiffs,*<br><br>v.<br><br>YUSEN LOGISTICS (AMERICAS) INC., BRIAN SCOTT, and TOKIO MARINE AMERICA INSURANCE COMPANY,<br><br>*Defendants.* | Civil Action File No.<br><br>_____ |

# NOTICE OF REMOVAL

Defendants Yusen Logistics (Americas) Inc., Brian Scott, and Tokio Marine America Insurance Company submit this Notice of Removal of the action referenced herein from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

Yusen, Scott, and Tokio Marine are the named Defendants in a civil action brought in the State Court of Gwinnett County, Georgia, styled *Byron Godwin and Kelly Godwin v. Yusen Logistics (Americas) Inc., Brian Scott, and Tokio Marine America Insurance Company*, Civil Action File No. 23-C-04057-S5.

Attached hereto and made a part hereof as Exhibits are:

- Exhibit A: A copy of the Complaint for Damages filed by Plaintiffs in the State Court of Gwinnett County on June 13, 2023;

- Exhibit B: A copy of the summons issued by the Clerk of the State Court of Gwinnett County to Yusen Logistics (Americas) Inc. on June 13, 2023;
- Exhibit C: A copy of the summons issued by the Clerk of the State Court of Gwinnett County to Brian Scott on June 13, 2023; and
- Exhibit D: A copy of the summons issued by the Clerk of the State Court of Gwinnett County to Tokio Marine America Insurance Company on June 13, 2023.

The attached Exhibits A through D are copies of all process, pleadings, and orders[1] in the action pending in the State Court of Gwinnett County, Georgia.

2.

The aforementioned action was commenced by the filing of Plaintiffs' Complaint in the State Court of Gwinnett County, Georgia on June 13, 2023.

---

[1] In addition to those materials attached as Exhibits A-D, Plaintiffs also served and filed Interrogatories and Requests to Produce on Yusen and Scott in the State Court. Those materials are not attached hereto as they are not "process, pleadings, [or] orders." Moreover, under the Federal Rules of Civil Procedure and the Local Rules of this Court, discovery cannot commence until 30 days after the first defendant appears, which would be, at the earliest, 30 days from the filing of the first Answer, and after the parties have conducted the required Rules 16 and 26 Conference. Thus, while allowed by Georgia procedure, those discovery requests are rendered null by this removal.

The only other materials on file with the Clerk of the State Court of Gwinnett County are a Georgia State Court Civil Case Filing Form and Affidavits of Service for Defendants, but those too are not "process, pleadings, [or] orders." *See Hall v. JPMorgan Chase Bank, N.A.*, No. JKB-19-2510, 2020 U.S. Dist. LEXIS 51728, at *8 (D. Md. Mar. 25, 2020) ("Plaintiff has not identified any authority providing that an affidavit of service qualifies as a 'process, pleading[], and order[]' that must be attached to a notice of removal under § 1446(d)."). Thus, they are not filed herewith.

3.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.[2]

---

[2] In the Complaint for Damages, Plaintiffs do not specifically allege any amount in controversy. Nonetheless, Plaintiffs do allege that they were involved in a "violent" motor vehicle accident. (Ex. A (Complaint), ¶ 9; *see also* ¶ 1). Plaintiffs describe the accident as follows:

> As Plaintiffs and Defendant Brian Scott approached the intersection with Georgia Highway 138, Defendant Brian Scott suddenly and without warning merged into Plaintiffs' lane of traffic, and negligently crashed into the rear-side of Plaintiffs' vehicle. ***The impact was so violent that it caused Plaintiffs' vehicle to spin out of control, go across several lanes of traffic, and crash into Interstate 85's median wall.***

(*Id.*) (emphasis added).

Plaintiffs specifically allege that Byron Godwin "suffered ***serious*** physical, mental, and emotional injuries, which have ***caused***, and ***will continue to cause***, ***extreme*** pain and suffering, bodily impairment, and mental suffering." (*Id.* at ¶ 11 (emphasis added), *see also* ¶ 17). The Complaint further alleges that Byron Godwin "has incurred medical expenses as a result of his injuries and ***will continue*** to incur medical expenses." (*Id.* (emphasis added)) Similar allegations of "serious" and "extreme" injuries and damages as to Kelly Godwin are also included in the Complaint, as well as allegations of incurred and future medical expenses. (*Id.* at ¶ 12, *see also* ¶ 18). Plaintiff Byron Godwin also alleges that as "a direct and proximate result of Defendant Brian Scott's negligence, [he] suffered property damage to his vehicle and diminished value." (*Id.* at ¶ 19).

In their Prayer for Relief, Plaintiffs specifically seek "special and general damages." (*Id.* at Prayer, ¶ 3). Finally, Plaintiffs allege that Defendants Yusen and Scott have been "unnecessarily and stubbornly litigious, and have caused Plaintiff (sic) unnecessary trouble and expense." (*Id.* at ¶ 21). And Plaintiffs specially pleaded and seek "an award of attorney's fees and expenses of litigation" under O.C.G.A. § 13-6-11. (*Id.*).

This Court has recognized that a plaintiff's allegations of serious injury, substantial medical expenses, and great pain and suffering "provide a sufficient basis on which to rest a petition for removal" with respect to the required amount in controversy. *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989); *see also Purdiman v. Organon Pharms. USA, Inc.*, 2008 U.S. Dist. LEXIS 19137, *6 (N.D. Ga. Mar. 12, 2008). Moreover, the Eleventh Circuit Court of Appeals has also explained that a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the amount in controversy is met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th

Cir. 2010). "That kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.*; *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). In other words, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 1062. Instead, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*; *see also Wineberger v. RaceTrac Petrol., Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) ("District courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount. Courts are not limited to a plaintiff's representations regarding its claim . . . and may use their judicial experience and common sense.") (internal quotation marks and citations omitted).

Additionally, "the law is clear that when the applicable substantive law makes the award of an attorney's fee discretionary, (as under Georgia law where the jury may allow them), a claim that this discretion should be exercised in favor of plaintiff makes the required fee part of the amount in controversy." *Circle Y Constr., Inc. v. WRH Realty Servs.*, Case No. 1:08-cv-1010-TCB, 2008 U.S. Dist. LEXIS 127040, at *3-4 (N.D. Ga. Nov. 12, 2008) (cleaned up).

Therefore, despite the absence of a specific number, Plaintiffs allegations provide the Court with ample support to conclude that the amount in controversy is met here. Thus, although Defendants deny that Plaintiffs are entitled to such a recovery, Defendants have a good-faith basis for believing that the amount in controversy in this action exceeds $75,000.00. *See Herron v. C&S Wholesale Grocers, Inc.*, 2008 U.S. Dist. LEXIS 102993, *5, Case No. 5:08-cv-304-CAR (M.D. Ga. Dec. 22, 2008) ("the jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries"); *Vaughan v. Ryder Capital Servs. Corp.*, 2015 U.S. Dist. LEXIS 124776, *3, Case No. 4:15-cv-74-CDL (M.D. Ga. Sep. 18, 2015) (explaining that the court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional amount is met in cases alleging extensive injuries and holding removal appropriate where plaintiff enumerated no special damages whatsoever in complaint but alleged "severe" and "permanent" injuries from which he would "never fully recover" and which had "significantly impacted [his] quality of life"); *Townsend v. Monumental Life Ins. Co.*, Case No. 4:07-CV-0046-HLM, 2007 U.S. Dist. LEXIS 38011 (N.D. Ga. May 7, 2007) (counting the plaintiff's request for attorney's fees pursuant to O.C.G.A. § 13-6-11 toward the amount in controversy requirement); *First State Bank of Nw. Ark. v. McCelland Qualified Pers. Residence Tr.*, Case No. 5:14-CV-130 (MTT), 2014 U.S. Dist. LEXIS 71602, at *7 (M.D. Ga. May 27, 2014).

Defendants concede that the Court does not aggregate damages of multiple plaintiffs to find an amount in controversy. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) (noting courts "do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit"). However, *each* plaintiff need not satisfy the amount in controversy individually for the Court to exercise jurisdiction over *every* plaintiff's claims. Where at least one plaintiff satisfies the

4.

Pursuant to 28 U.S.C. § 1446(b)(1) and FED. R. CIV. P. 6(a), this Notice of Removal is filed within 30 days after receipt by Defendants, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

5.

The subject controversy is one between citizens of the state of Georgia (Plaintiffs) and Defendants, none of whom are citizens of Georgia.

6.

Plaintiffs are citizens of the state of Georgia. (Ex. A (Complaint), ¶ 1.)

7.

Defendant Scott is a citizen of the state of North Carolina. (*Id.* at ¶ 3.)

---

amount in controversy, the Court may exercise supplemental jurisdiction over the other plaintiff's claims. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified.") *Rigby v. Flue-Cured Tobacco Co-op. Stabilization Corp.*, Case No. 7:07-CV-85-HL, 2007 U.S. Dist. LEXIS 82282, at *12 (M.D. Ga. Nov. 6, 2007) (where "at least one named plaintiff in the action satisfies the amount in controversy requirement, district courts can exercise supplemental jurisdiction over other plaintiffs joined in the action irrespective of whether those other plaintiffs satisfy the amount in controversy requirement"). Thus, both Plaintiffs needn't meet the $75,000 amount in controversy threshold. Nonetheless, given that the claims of each mirror each other, Defendants have a good faith basis to believe that the amount in controversy requirement is met for both Plaintiffs. But if that is not the case, then the Court may exercise supplemental jurisdiction over the "other claim," if it does not meet the threshold on its own. *See Smiley v. Crete Carrier Corp.*, Case No. 1:20-cv-03643-SDG, 2021 U.S. Dist. LEXIS 262873, at *4-5 (N.D. Ga. Jan. 25, 2021).

8.

Defendant Yusen is a New York corporation with its principal place of business in Tennessee. (*Id.* at ¶ 2.)

9.

Defendant Tokio Marine is a New York corporation with its principal place of business in New York. (*Id.* at ¶ 4.)

10.

All Defendants consent to the removal of the action to this Court.

11.

The amount in controversy exceeds $75,000.00, excluding interest and costs, and this is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

12.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one which Defendants are entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

WHEREFORE, Defendants Yusen Logistics (Americas) Inc., Brian Scott, and Tokio Marine America Insurance Company pray this Notice of Removal be filed, that said action be removed to and proceed in this Court, and no further proceedings be had in the said case in the State Court of Gwinnett County, Georgia.

Respectfully submitted this 14th day of July 2023.

                              **HAWKINS PARNELL & YOUNG, LLP**

                              /s/ *C. Shane Keith*
                              C. Shane Keith
                              Georgia Bar No. 411317

303 Peachtree Street         Michael W. Scaljon
Suite 4000                      Georgia Bar No. 711108
Atlanta, Georgia 30308-3243   *Counsel for Defendants*
(404) 614-7400
(855) 889-4588 (fax)
skeith@hpylaw.com
mscaljon@hpylaw.com