# Exhibit A:
# Complaint for Damages filed by Plaintiffs in the State Court of Gwinnett County on June 13, 2023

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-04057-S**
6/13/2023 1:01 PI
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **BYRON GODWIN and KELLY GODWIN**<br><br>Plaintiffs,<br><br>v.<br><br>**YUSEN LOGISTICS (AMERICAS) INC., BRIAN SCOTT, and TOKIO MARINE AMERICA INSURANCE COMPANY**<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION**<br>**FILE NO.** 23-C-04057-S5 |

## COMPLAINT FOR DAMAGES

COME NOW BYRON GODWIN and KELLY GODWIN and files this their Complaint for Damages against Defendants YUSEN LOGISTICS (AMERICAS) INC., BRIAN SCOTT, AND TOKIO MARINE AMERICA INSURANCE COMPANY, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs Byron Godwin and Kelly Godwin are citizens and residents of Georgia. Plaintiffs file this suit to recover damages for the serious injuries they sustained when a tractor-trailer driven by Defendant Brian Scott violently struck the rear driver's-side of Plaintiffs' vehicle.

2.

Defendant Yusen Logistics (Americas) Inc. ("Yusen Logistics") is a motor carrier that engages in interstate commerce and is subject to the jurisdiction of this Court because it committed a tortious act within this State. Defendant Yusen Logistics (Americas) Inc. is a foreign for-profit corporation with its principal place of business located at 7000 Goodlett Farms Parkway, Suite

- 1 -

300, Cordova, TN, 38016. Defendant Yusen Logistics (Americas) Inc. may be served with Summons and Complaint on its registered agent Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, Gwinnett County.

3.

Defendant Brian Scott is a North Carolina citizen who is subject to the jurisdiction of this Court because he committed a tortious act within this State. Defendant Brian Scott may be served with Summons and Complaint under Georgia's Long Arm Statute at his residence, 7084 Somerset Springs Dr, Charlotte, NC 28262, or wherever he may be found. Defendant Brian Scott can also be served under Georgia's Nonresident Motorist Act.

4.

Defendant Tokio Marine America Insurance Company ("Tokio Marine") is a foreign insurance company that is incorporated in New York with its principal place of business in New York. Defendant Tokio Marine is subject to suit pursuant to O.C.G.A. §§ 40-2-140(d)(4) and 40-1-112(c) because it is the insurance carrier for Defendant Yusen Logistics (Americas) Inc. Defendant Tokio Marine's State of Georgia designated registered agent is Yohei Futahashi, located at 1125 Sanctuary Parkway, Suite 450, Alpharetta, GA 30009. Defendant Cincinnati may be served with process by leaving a copy of the Summons and Complaint with its registered agent, Yohei Futahashi.

5.

Jurisdiction and venue are proper in this Court.

<div/>

<span/>

## FACTUAL BACKGROUND

6.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

7.

On September 11, 2021, Plaintiff Byron Godwin was operating his vehicle in a prudent and careful manner while traveling southbound on Interstate 85 in Fulton County, Georgia. Plaintiff Kelly Godwin was a passenger in the vehicle and seated in the front-passenger seat.

8.

At the same time and place, Defendant Brian Scott was operating a tractor-trailer and traveling in the same direction and behind and in the lane left from Plaintiffs' vehicle.

9.

As Plaintiffs and Defendant Brian Scott approached the intersection with Georgia Highway 138, Defendant Brian Scott suddenly and without warning merged into Plaintiffs' lane of traffic, and negligently crashed into the rear-side of Plaintiffs' vehicle. The impact was so violent that it caused Plaintiffs' vehicle to spin out of control, go across several lanes of traffic, and crash into Interstate 85's median wall.

10.

At all relevant times, Defendant Brian Scott was acting in the course and scope of his employment for Defendant Yusen Logistics.

11.

As a direct and proximate result of the collision, Plaintiff Byron Godwin suffered serious physical, mental, and emotional injuries, which have caused, and will continue to cause, extreme

pain and suffering, bodily impairment, and mental suffering. Plaintiff has incurred medical expenses as a result of his injuries and will continue to incur medical expenses.

12.

As a direct and proximate result of the collision, Plaintiff Kelly Godwin suffered serious physical, mental, and emotional injuries, which have caused, and will continue to cause, extreme pain and suffering, bodily impairment, and mental suffering. Plaintiff has incurred medical expenses as a result of her injuries and will continue to incur medical expenses.

## COUNT I—CLAIM FOR NEGLIGENCE AGAINST DEFENDANTS BRIAN SCOTT AND YUSEN LOGISTICS (AMERICAS) INC.

13.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

14.

At all relevant times, Defendant Brian Scott owed certain civil duties to Plaintiffs. Notwithstanding those duties, Defendant Brian Scott did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving his vehicle; or, if reasonable and proper observations were made, failing to act thereon;

b. In failing to maintain his lane of traffic in violation of O.C.G.A. § 40-6-48;

c. In driving his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

d. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

Defendant Brian Scott's violations of the aforementioned duties of care constitute negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

16.

At the time of the collision, Defendant Brian Scott was acting in the course and scope of his employment for Defendant Yusen Logistics. As a result, Defendant Yusen Logistics is vicariously liable for the negligence of Defendant Brian Scott under the doctrine of respondeat superior.

17.

As a direct and proximate result of the collision, Plaintiff Byron Godwin suffered serious physical, mental, and emotional injuries, which have caused, and will continue to cause, extreme pain and suffering, bodily impairment, and mental suffering. Plaintiff has incurred medical bills as a result of his injuries and will continue to incur medical expenses. As a result, Plaintiff Byron Godwin is entitled to an award of special damages and general damages in an amount to be shown at trial and to be determined by a jury of his peers.

18.

As a direct and proximate result of the collision, Plaintiff Kelly Godwin suffered serious physical, mental, and emotional injuries, which have caused, and will continue to cause, extreme pain and suffering, bodily impairment, and mental suffering. Plaintiff has incurred medical bills as a result of her injuries and will continue to incur medical expenses. As a result, Plaintiff Kelly Godwin is entitled to an award of special damages and general damages in an amount to be shown at trial and to be determined by a jury of her peers.

19.

As a direct and proximate result of Defendant Brian Scott's negligence, Plaintiff Byron Godwin suffered property damage to his vehicle and diminished value.

### COUNT II—CLAIM AGAINST DEFENDANTS BRIAN SCOTT AND YUSEN LOGISTICS (AMERICAS) INC. FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

20.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

21.

Defendants Brian Scott and Yusen Logistics have acted in bad faith, been unnecessarily and stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. As a result, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of attorney's fees and expenses of litigation.

### COUNT III—CLAIM AGAINST DEFENDANT TOKIO MARINE AMERICA INSURANCE CMOPANY PURSUANT TO O.C.G.A. § 40-2-140(d)(4) AND § 40-1-112(c)

22.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

23.

At all relevant times, Defendant Tokio Marine insured the operation of Defendant Yusen Logistics truck pursuant to a liability insurance contract. The policy number is CA640896005.

24.

Defendant Yusen Logistics is a motor carrier under O.C.G.A. §§ 40-2-140 and 40-1-112.

25.

As a result, Defendant Tokio Marine is directly liable to Plaintiffs for all damages sustained by them and stated herein, pursuant to O.C.G.A. §§ 40-2-140(d)(4) and 40-1-112(c).

**WHEREFORE**, Plaintiff prays as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiffs and against Defendants for special and general damages in an amount to be proven at trial;

4. That the Court award and enter a judgment in favor of Plaintiffs and against Defendants for attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11;

5. That Plaintiffs have a trial by a jury as to all issues; and

6. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of June, 2023.

              **THE CHAMPION FIRM, P.C.**

              *William H. Daniel, V.*

              _____
              DARL H. CHAMPION, JR.
              Georgia Bar No. 910007
              WILLIAM H. DANIEL, V
              Georgia Bar No. 964690
              *Attorneys for Plaintiff*

445 Franklin Gateway, SE
Suite 100
Marietta, GA 30067
Phone: 404-596-8044
Fax: 404-671-9347
champ@thechampionfirm.com
bill@thechampionfirm.com