No. _23A02631_____

**Date Summons Issued and E-Filed**

6/14/2023

/s/ Monica Gay

**Deputy Clerk**

**Deposit Paid $** _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Jakiaw Williams
_____

Plaintiff's name and address
_____

[✓] **JURY**

vs.

Focus Freight System Inc., Larry McManis
Houston Specialty Insurance Company d/b/a
Skyward Specialty Insurance; Progressive Prefer
Insurance Company; and John Does 1-10
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael T. Both c/o Stewart Miller Simmons Trial Attys.
**Name**
55 Ivan Allen Jr. Blvd., Ste. 700, Atlanta, Ga. 30308
**Address**
(404) 328-7591                              149819
**Phone Number**                 **Georgia Bar No.**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

**Defendant's Attorney**
_____

**Address**
_____

**Phone No.** _____  **Georgia Bar No.** _____

**Third Party Attorney**
_____

**Address**
_____

**Phone No.** _____  **Georgia Bar No.** _____

**TYPE OF SUIT**

[✓] Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
[✓] **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

**EXHIBIT**

tabbies®

**D-1**

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAKIA WILLIAMS,                          :
                                         :
     Plaintiff,                         :
                                         :     CIVIL ACTION
vs.                                      :     FILE NO. _____ 23A02631
                                         :
FOCUS FREIGHT SYSTEM INC.;               :
LARRY MCMANNIS;                          :     **TRIAL BY JURY REQUESTED**
HOUSTON SPECIALTY INSURANCE              :
COMPANY d/b/a SKYWARD SPECIALTY          :
INSURANCE; PROGRESSIVE                   :
PREFERRED INSURANCE COMPANY;             :
and JOHN DOES 1-10                       :
                                         :
     Defendants.                        :

### COMPLAINT FOR DAMAGES

     COMES NOW, Plaintiff, Jakia Williams, by and through undersigned counsel, and hereby files her Complaint for Damages against the above-named Defendants. Plaintiff respectfully shows the Court the following:

### PARTIES

1.

Jakia Williams is a resident of the State of Georgia.

2.

     Focus Freight System Inc. (hereinafter "Focus Freight"), is a foreign profit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant's Registered Agent, #1 A+ Agents of Process Inc. via Renee Lamback is located at 7980 Errol Drive, Lithonia, DeKalb County, Georgia 30058 and may be served with a copy of the Summons and Complaint at this address.

3.

     Larry McMannis (hereinafter "McMannis"), is a resident of the State of Ohio, whose last known address is 6361 State Route 751, Stone Creek, Ohio 43840. Defendant is subject to the jurisdiction of this Court and may be delivering the Summons and an original of this Complaint through the Georgia Secretary of State.

4.

Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance (hereinafter "Skyward Insurance") is a foreign insurance company authorized to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant's Registered Agent, Corporation Service Company is located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092 and may be served with a copy of the Summons and Complaint at this address.

5.

Progressive Preferred Insurance Company (hereinafter "Progressive") is a foreign profit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant's Registered Agent, CT Corporation System is located at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30092 and may be served with a copy of the Summons and Complaint at this address.

6.

John Does 1-10 are fictitious entities that represent the unknown persons, shippers, brokers, or companies, if any, who along with the named Defendants, owned, and/or were responsible for the operation, control, maintenance, repair, and/or management of the subject vehicle prior to and/or Plaintiff will substitute the legal name of any such entity/entities for John Does 1-10 in accordance with Georgia law.

7.

Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS**

8.

On or about June 30, 2022, Plaintiff traveled southbound on I-75 in Bartow County, Georgia.

9.

At or about that same time, Defendant McMannis, traveled southbound on I-75 in Bartow County, Georgia.

10.

Defendant's commercial vehicle was directly behind Plaintiff's vehicle.

2

11.

As Plaintiff traveled on I-75S, Defendant, suddenly and without warning, struck the rear of Plaintiff's vehicle.

12.

As a result of the collision with Defendant, Plaintiff sustained injuries and damages.

13.

The commercial vehicle Defendant McMannis drove was owned and/or controlled by Defendant Focus Freight and/or Defendant John Does 1-10.

14.

The commercial vehicle was driven by Defendant McMannis in furtherance of the business interests of Defendant Focus Freight and/or Defendant John Does 1-10.

15.

Defendant McMannis was acting within the course and scope of his agency or employment with Defendant Focus Freight and/or Defendant John Does 1-10.

16.

At all times material to this action, Plaintiff had the right of way.

17.

At all times material hereto, Defendant McMannis was operating the commercial vehicle carelessly, negligently, and recklessly which resulted in the damages that are the subject of this lawsuit.

18.

At all times material hereto, Defendant McMannis was subject to the rules and guidelines established in the Georgia CDL Manual and the Federal Motor Carrier Safety Regulations.

## COUNT I
## VICARIOUS LIABILITY OF DEFENDANT FOCUS FREIGHT SYSTEM INC. AND/OR DEFENDANT JOHN DOES 1-10

19.

Plaintiff repeats and realleges Paragraphs 1 through 18 of the Complaint as if fully set forth herein and further alleges:

3

20.

At the time of the accident, Defendant McMannis was acting within the scope of his employment with Defendant Focus Freight and/or Defendant John Does 1-10.

21.

Defendant Focus Freight and/or Defendant John Does 1-10 are responsible for Defendant McMannis' actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT II
## NEGLIGENCE OF DEFENDANT MCMANNIS

22.

Plaintiff repeats and realleges Paragraphs 1 through 21 of the Complaint as if fully set forth herein and further alleges:

23.

Defendant McMannis had a duty to exercise ordinary care and operate the commercial vehicle he drove in a reasonably safe manner under the circumstances.

24.

Defendant McMannis failed to exercise that duty by following too closely, failing to maintain a proper lookout, and/or by generally driving in an unsafe manner.

25.

Defendant McMannis failed to exercise that duty by failing to comply with the rules and guidelines established in the Georgia CDL Manual and the Federal Motor Carrier Safety Regulations.

26.

As a direct and proximate result of Defendant McMannis' negligent actions, Plaintiff suffered catastrophic bodily injuries, emotional injuries, diminished quality of life, lost income, incurred medical bills in excess of $134,339.35 and experienced severe physical and mental pain and suffering.

## COUNT III
## NEGLIGENCE PER SE OF DEFENDANT MCMANNIS

27.

Plaintiff repeats and realleges Paragraphs 1 through 26 of the Complaint as if fully set forth herein and further alleges:

28.

Defendant McMannis had a duty to exercise ordinary care and operate the commercial vehicle he drove in a reasonably safe manner under the circumstances.

29.

Defendant McMannis failed to exercise that duty by following too closely, failing to maintain a proper lookout, and/or by generally driving in an unsafe manner.

30.

Defendant's actions are in violation of Georgia law, specifically O.C.G.A. § 40-6-49 (following too closely); O.C.G.A. § 40-6-241 (failing to make timely and proper application of her brakes; driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity); O.C.G.A § 40-6-390 (reckless disregard for the safety of persons and/or property). His violation of Georgia law as described in this Complaint constitutes as negligence per se.

31.

As a direct and proximate result of Defendant McMannis' negligent per se actions, Plaintiff suffered catastrophic bodily injuries, emotional injuries, diminished quality of life, lost income, incurred medical bills in excess of $134,339.35 and experienced severe physical and mental pain and suffering.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT FOCUS FREIGHT AND/OR JOHN DOES 1-10

32.

Plaintiff repeats and realleges Paragraphs 1 through 31 of the Complaint as if fully set forth herein and further alleges:

33.

Defendant Focus Freight was negligent in failing to properly train Defendant McMannis.

34.

Defendant Focus Freight was negligent in failing to properly supervise Defendant McMannis.

35.

Defendant Focus Freight's negligence in hiring Defendant McMannis and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

36.

As a direct and proximate result of the negligence of Defendant Focus Freight, Plaintiff suffered catastrophic bodily injuries, emotional injuries, diminished quality of life, lost income, incurred medical bills in excess of $134,339.35 and experienced severe physical and mental pain and suffering.

## COUNT V
## DIRECT ACTION AGAINST SKYWARD INSURANCE INSURANCE

37.

Plaintiff repeats and realleges Paragraphs 1 through 36 of the Complaint as if fully set forth herein and further alleges:

38.

Defendant Skyward Insurance, is subject to a direct action as the insurer for Defendant Focus Freight, pursuant to O.C.G.A. § 40-2-140 its predecessor O.C.G.A. § 46-7-12.1.

39.

Defendant Skyward Insurance was the insurer of Defendant Focus Freight at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

40.

Defendant Skyward Insurance and Defendant Focus Freight are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A § 46-7-12.1.

41.

Defendant Skyward Insurance is responsible for any judgment rendered against defendants named herein up to its policy limits of coverage.

## COUNT VI
## DIRECT ACTION AGAINST PROGRESSIVE

42.

Plaintiff repeats and realleges Paragraphs 1 through 41 of the Complaint as if fully set forth

herein and further alleges:

43.

Defendant Progressive is subject to a direct action as the insurer for McMannis Transport and Defendant McMannis, pursuant to O.C.G.A. § 40-2-140 its predecessor O.C.G.A. § 46-7-12.1.

44.

Defendant Progressive Insurance was the insurer of for McMannis Transport and Defendant McMannis at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

45.

Defendant Progressive, McMannis Transport and Defendant McMannis are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A § 46-7-12.1.

46.

Defendant Progressive is responsible for any judgment rendered against defendants named herein up to its policy limits of coverage.

## COUNT VII
## PUNITIVE DAMAGES

47.

Plaintiff repeats and realleges Paragraphs 1 through 46 of the Complaint as if fully set forth herein and further alleges:

48.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

    a.    That Plaintiff recovers all special damages, including medical expenses, in an amount to be proven at trial;

b.   That Plaintiff recovers for pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c.   That Plaintiff recovers reasonable attorney's fees, costs, and expenses of litigation as allowed by law, including as allowed by O.C.G.A. § 13-6-11;

d.   That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of the jury;

e.   That Plaintiff recovers such other relief as is just and proper; and

f.   That all issues be tried before a jury of twelve persons.

This __14th__ day of June, 2023.

Respectfully submitted,

By:      _/s/ L. Chris Stewart_____
L. Chris Stewart
Georgia Bar No. 142289
Michael T. Roth
Georgia Bar No. 149819
*Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main
(470) 344-6719 fax

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

8

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAKIA WILLIAMS,

      Plaintiff,

vs.

FOCUS FREIGHT SYSTEM INC.;
LARRY MCMANNIS;
HOUSTON SPECIALTY INSURANCE
COMPANY d/b/a SKYWARD SPECIALTY
INSURANCE; PROGRESSIVE
PREFERRED INSURANCE COMPANY;
and JOHN DOES 1-10

      Defendants.

CIVIL ACTION
FILE NO. 23A02631 _____

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### TO DEFENDANT FOCUS FREIGHT SYSTEM INC.

COMES NOW, Plaintiff, Jakia Williams, and, pursuant to O.C.G.A. § 9-11-33, propounds the following First Continuing Interrogatories to Defendant Focus Freight System Inc. as follows: The following instructions and definitions apply to these Interrogatories.

### INSTRUCTIONS

1.    Plaintiff requests that the answer to each Interrogatory be preceded by the identification and verbatim quote of the Interrogatory to which the answer responds.

2.    Each Interrogatory is addressed to information possessed by Focus Freight System Inc. in its own person as well as to the knowledge and information of Focus Freight System Inc. attorneys, agents, employees, servants and representatives and any others who are in possession of or who may have obtained information for them or on its behalf.

3.    These Interrogatories are continuing Interrogatories, requiring Focus Freight System Inc. to supply promptly, by way of supplemental answer, any additional responsive information that may become known to Focus Freight System Inc. prior to or during any trial of this action. The answer should include all information known up to the date of the verification. Plaintiff requests that any such supplementary responses be served upon his counsel within

fifteen (15) days from the receipt of such supplementary information, but not later than the time of trial.

4.  If Focus Freight System Inc. objects or otherwise declines to set forth in its answer any of the information requested by any Interrogatory or subdivision thereof, Focus Freight System Inc. is requested to set forth the exact ground for the objection or failure to respond with such specificity as will permit the Court to determine the legal sufficiency of Defendant's objection or position.

5.  If an Interrogatory has more than one answer, then all correct answers shall be given.

6.  If a claim of privilege or any other objection is asserted with respect to any information called for in an Interrogatory, the basis for each claim of privilege or objection shall be described in detail.  If documents or other materials are involved in a claim of privilege or an objection, such documents or materials shall be identified in a privilege log.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means the collision between LARRY MCMANNIS, driver for FOCUS FREIGHT SYSTEM INC., and JAKIA WILLIAMS, which occurred on June 30, 2022 in Bartow County, Georgia.

5. "**You**," "**Your**," or "**FOCUS FREIGHT**" means Defendant FOCUS FREIGHT SYSTEM INC.

6. "**LARRY MCMANNIS**" means Defendant LARRY MCMANNIS.

7. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be

outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### INFORMATION

1.

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people: (a) The Safety Director/Chief Safety Officer for FOCUS FREIGHT on the date of the Subject Incident and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at FOCUS FREIGHT on the date of the Subject Incident and now; (c) The person(s) responsible for training LARRY MCMANNIS; and (d) LARRY MCMANNIS' supervisor and manager on the date of the Subject Incident.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of FOCUS FREIGHT'S driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and FOCUS FREIGHT that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

### VEHICLE INFORMATION

5.

With respect to the <u>tractor</u> operated by LARRY MCMANNIS at the time of the Subject

Incident, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Incident;

(c)    For the engine, identify the manufacturer, year, model and identification number;

(d)    Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)    Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

5

6.

With respect to the _trailer_ operated by LARRY MCMANNIS at the time of the Subject Incident, provide the following information:

(a)   Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)   Provide the mileage and gross weight at the time of the Subject Incident;

(c)   Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)   Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)   Identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

**TRIP AND HOURS OF SERVICE INFORMATION**

7.

With respect to the trip that LARRY MCMANNIS was on at the time of the Subject Incident, provide the following information:

(a)   Identify all shippers and brokers involved;

(b)   Explain where and when (date and time) LARRY MCMANNIS picked up the load he had at the time of the Subject Incident;

(c)   Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)   Identify the location, time, duration and reason for each stop LARRY MCMANNIS made from the time he picked up the load until the time of the Subject Incident; and

(e)     Identify the route LARRY MCMANNIS intended to follow from the point of origin to the point of destination.

8.

With respect to LARRY MCMANNIS' Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

(a) Identify all errors on LARRY MCMANNIS' logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of LARRY MCMANNIS' logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of LARRY MCMANNIS' logs.

9.

For the 72 hours leading up to the Subject Incident, provide the following information regarding LARRY MCMANNIS:

(a) Identify all driving hours

(b) Identify all on-duty not driving hours (location and activities)

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten

(e) Identify when and where LARRY MCMANNIS slept

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

Did LARRY MCMANNIS have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

11.

If FOCUS FREIGHT performs hours of service log audits on drivers,

(a) Explain what is entailed in the auditing process;

(b) Identify all documents and data used in the process;

(c) Identify who performs the audits (in-house or outsourced);

(d) Identify when, if ever, LARRY MCMANNIS' logs were audited; and

(e) Identify all Hours-of-Service violations of which you are aware for LARRY MCMANNIS while he was working with your company.

### DRIVER INFORMATION

#### 12.

With Respect to LARRY MCMANNIS, provide the following information:

(a)     Explain the relationship between FOCUS FREIGHT and LARRY MCMANNIS at the time of the Subject Incident (e.g., leased driver, company driver, etc.);

(b)     Explain how LARRY MCMANNIS was paid for driving (by hour, by load, by mile, salary or other);

(c)     Explain all steps FOCUS FREIGHT undertook to qualify LARRY MCMANNIS in accord with the Federal Motor Carrier Safety Regulations;

(d)     Identify when FOCUS FREIGHT'S relationship with LARRY MCMANNIS began and ended.

#### 13.

Was LARRY MCMANNIS acting within the course and scope of his employment or agency at the time of the Subject Incident? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

#### 14.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by FOCUS FREIGHT regarding LARRY MCMANNIS at any time.

#### 15.

Describe in detail all training and education (including on the job training) provided by or on behalf of FOCUS FREIGHT to LARRY MCMANNIS at any time and in any way related to the operation of a commercial motor vehicle.

#### 16.

Identify all traffic violations committed by LARRY MCMANNIS, either while in your employ or in previous employment.

#### 17.

If LARRY MCMANNIS has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

18.

For each motor vehicle collision/accident involving LARRY MCMANNIS of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If LARRY MCMANNIS had ever been disqualified from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between LARRY MCMANNIS and anyone acting for or on behalf of FOCUS FREIGHT during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Incident. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to LARRY MCMANNIS at the time of the Subject Incident, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all FOCUS FREIGHT policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for LARRY MCMANNIS at the time of the Subject Incident.

### INVESTIGATION OF SUBJECT INCIDENT

23.

Describe in detail when and how you first became aware that LARRY MCMANNIS was involved in the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

24.

Explain your understanding of how and why the Subject Incident occurred.

25.

Identify all persons who to your knowledge were present at the scene of the Subject Incident at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

26.

Identify each person (name and employer) who has been involved in the investigation of the Subject Incident. For each person identified, describe their role and involvement in the investigation.

27.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Incident; the facts leading up to the Subject Incident; the investigation of the Subject Incident; any party to this action; any vehicles involved in the Subject Incident; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom FOCUS FREIGHT believes may have relevant testimony of any kind in connection with this case.

28.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

29.

Identify and explain all interaction and communication between anyone working for or on behalf of FOCUS FREIGHT and any federal and/or state law enforcement personnel/agency regarding the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

30.

Identify and explain all interaction and communication between anyone working for or on behalf of FOCUS FREIGHT and anyone employed with or acting on behalf of any other Defendant named in this action in connection with the Subject Incident.

31.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on LARRY MCMANNIS after the Subject Incident occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

32.

As to any tests, inspections, measurements and/or investigations performed by or on behalf of FOCUS FREIGHT, or of which you are at all aware regarding in any way the Subject Incident and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

33.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

34.

If you maintain that any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

35.

If you maintain that JAKIA WILLIAMS has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for this responsibility and identify all person(s) who have any knowledge regarding this issue.

36.

If FOCUS FREIGHT has performed any review (e.g., accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

## MISCELLANEOUS

37.

Identify each person FOCUS FREIGHT expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

38.

For each of Plaintiff's First Request for Admissions to FOCUS FREIGHT that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

39.

Please provide all cell numbers that you have ever had for Glenn Brown, including for the months of June and July of 2021.

## INSURANCE

40.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

41.

If anyone working for or on behalf of FOCUS FREIGHT has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

*(Signature on the following page)*

12

This  _14th_  day of June, 2023.

Respectfully submitted,

By:     _/s/ Michael T. Roth_____
        L. Chris Stewart
        Georgia Bar No. 142289
        Michael T. Roth
        Georgia Bar No. 149819
        *Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys, LLC          STATE COURT OF
55 Ivan Allen Jr. Blvd.                              DEKALB COUNTY, GA.
Suite 700                                            6/14/2023 2:34 PM
Atlanta, Georgia 30308                               E-FILED
(844) 874-2500 main                                  BY: Monica Gay
(470) 344-6719 fax

13

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| JAKIA WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION 23A02631 |
| | : | FILE NO. _____ |
| vs. | : | |
| | : | |
| FOCUS FREIGHT SYSTEM INC.; | : | |
| LARRY MCMANNIS; | : | |
| HOUSTON SPECIALTY INSURANCE | : | |
| COMPANY d/b/a SKYWARD SPECIALTY | : | |
| INSURANCE; PROGRESSIVE | : | |
| PREFERRED INSURANCE COMPANY; | : | |
| and JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT FOCUS FREIGHT SYSTEM INC.**

COMES NOW, Plaintiff, Jakia Williams, and, pursuant to O.C.G.A. § 9-11-34, and serves upon Defendant Focus Freight System Inc., Plaintiff's First Request for Production of Documents requiring Defendant Focus Freight System Inc. to produce the following documents within forty-five (45) days following service:

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work

sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.       (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.     "**Subject Incident**" means the collision between LARRY MCMANNIS, driver for FOCUS FREIGHT SYSTEM INC., and JAKIA WILLIAMS, which occurred on June 30, 2022 in Bartow County, Georgia.

5.     "**You**," "**Your**," or "**FOCUS FREIGHT**" means Defendant FOCUS FREIGHT SYSTEM INC.

6.     "**LARRY MCMANNIS**" means Defendant LARRY MCMANNIS.

7.     "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the

nature of the information withheld.

8.     The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.     Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to FOCUS FREIGHT.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for FOCUS FREIGHT at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between LARRY MCMANNIS and FOCUS FREIGHT. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of LARRY MCMANNIS' driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but

are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**    All documents of any kind that relate to any pre-employment background investigation of LARRY MCMANNIS, including without limitation any investigation of LARRY MCMANNIS' qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with FOCUS FREIGHT. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**    All documents that relate in any way to your recruiting of LARRY MCMANNIS.

**REQUEST NO. 9:**    All documents that relate in any way to you hiring LARRY MCMANNIS.

**REQUEST NO. 10:**    All documents that relate in any way to any orientation provided by FOCUS FREIGHT to LARRY MCMANNIS.

**REQUEST NO. 11:**    All documents that relate in any way to training of LARRY MCMANNIS. This includes but is not limited to all documents that show all training received by LARRY MCMANNIS; when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**    All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of FOCUS FREIGHT to LARRY MCMANNIS at any time. An answer key should also be provided.

**REQUEST NO. 13:**    Copies of all documents (a) explaining how LARRY MCMANNIS was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**    A copy of the front and back of every driver's license issued to LARRY MCMANNIS (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:** All documents placing you on notice of any violation by LARRY MCMANNIS of any law, ordinance or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of LARRY MCMANNIS in your possession, custody and/or control.

**REQUEST NO. 17:** A copy of all documents relating to any violation of any safety rule or principle by LARRY MCMANNIS at any time.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of FOCUS FREIGHT directed to LARRY MCMANNIS for the purpose of teaching, counseling, disciplining, correcting or otherwise managing LARRY MCMANNIS in any way relating to the safe operation of a commercial vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which LARRY MCMANNIS has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of LARRY MCMANNIS. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that LARRY MCMANNIS was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident. This includes all devices, whether owned by LARRY MCMANNIS or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:** Copies of all documents prepared by LARRY MCMANNIS that describes the Subject Incident or the circumstances leading up to the subject incident.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of LARRY MCMANNIS that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing LARRY MCMANNIS in any way, that has not been produced in response to other Requests above.

### HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 25:**  A copy of all LARRY MCMANNIS' hours of service logs and any other driving logs and/or time sheets for the period beginning 180 days before the Subject Incident and ending 7 days following the Subject Incident.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what LARRY MCMANNIS was doing for the time period beginning 14 days before the Subject Incident and ending two days following the Subject Incident.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

6

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and LARRY MCMANNIS.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of LARRY MCMANNIS' hours of service covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

### VEHICLE INFORMATION

**REQUEST NO. 28:** For the tractor involved in the Subject Incident, produce the following documents:

a. Title;

b. Registration;

c. Operators manual;

d. Maintenance Schedules;

e. All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f. All documents evidencing any inspections of the tractor during the 6 months before the Subject Incident;

g. All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Incident;

h. All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i. All leases involving the vehicle;

j. Documents evidencing the purchase of the vehicle;

k. Documents evidencing the sale of the vehicle if it has been sold;

l. Documents evidencing mileage and weight at time of the Subject Incident; and

m.    Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer involved in the Subject Incident, produce the following documents:

a.    Title;

b.    Registration;

c.    Operators manual;

d.    Maintenance and service manuals;

e.    All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Incident;

f.    All documents evidencing any inspections of the trailer during the 6 months before the Subject Incident;

g.    All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Incident;

h.    All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.    All leases involving the vehicle;

j.    Documents evidencing the purchase of the vehicle;

k.    Documents evidencing the sale of the vehicle if it has been sold;

l.    Documents evidencing mileage and weight at time of the Subject Incident; and

m.    Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**  Produce copies of all e-mails between LARRY MCMANNIS and FOCUS FREIGHT for the time period beginning 90 days prior to the Subject Incident and present.

**REQUEST NO. 34:**  Produce copies of all communications and transmissions between LARRY MCMANNIS and FOCUS FREIGHT that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning 30 days before the Subject Incident and ending seven days after the Subject Incident.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 35:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 36:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 37:**  A copy of each out of service report or violation concerning the tractor and/or the trailer involved in the Subject Incident from the period beginning one year prior to the Subject Incident through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 38:**  Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 39:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s)*, release*(s)*, assignment*(s)*, etc.

**REQUEST NO. 40:**  For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

**REQUEST NO. 41:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Incident for the <u>tractor</u> and <u>trailer</u>.

**LOAD**

**REQUEST NO. 42:**  All documents that relate to the load being hauled by LARRY MCMANNIS at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**SUBJECT INCIDENT**

**REQUEST NO. 43:**  A copy of every document related to any investigation done by or on behalf of FOCUS FREIGHT of the scene of the Subject Incident.

**REQUEST NO. 44:**  All documents authored by anyone working for or on behalf of FOCUS FREIGHT that set forth any facts relating to the Subject Incident.

**REQUEST NO. 45:**  All documents that explain what caused the Subject Incident.

**REQUEST NO. 46:**  All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 47:**  If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within 14 days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 48:**  Copies of all photographs, video, computer simulations, and any other documents depicting:

10

      a.     Any vehicle involved in the Subject Incident;

      b.     Any person involved in the Subject Incident;

      c.     The scene of the Subject Incident; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 49:**  Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by LARRY MCMANNIS and those prepared by anyone working for or on behalf of FOCUS FREIGHT (except lawyers).

**REQUEST NO. 50:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 51:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 52:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.     A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.     A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.     Documents evidencing who was on the board;

      d.     Documents evidencing all criteria for review; and

      e.     Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 53:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 54:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two years.

### POLICY AND PROCEDURES

**REQUEST NO. 55:** Copies of all FOCUS FREIGHT policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

    a.    Working for or with trucking company generally (e.g., employee manual or handbook);

    b.    Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

    c.    Operation of a commercial vehicle;

    d.    Driving safety;

    e.    Defensive driving;

    f.    Compliance with federal and state laws and regulations;

    g.    Accident investigation;

    h.    Accident review boards;

    i.    Determination of preventability of accidents;

    j.    Hiring, training and supervising drivers; and

    k.    Disciplinary actions.

**REQUEST NO. 56:** Copies of each document that LARRY MCMANNIS signed to prove that LARRY MCMANNIS received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of FOCUS FREIGHT.

**REQUEST NO. 57:** To the degree that FOCUS FREIGHT has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to LARRY MCMANNIS before the Subject Incident, please produce them now.

**REQUEST NO. 58:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by FOCUS FREIGHT, its personnel, agents, or employees during the year of the Subject Incident and three years prior.

**REQUEST NO. 59:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

## TRUCKING COMPANY

**REQUEST NO. 60:**  Copy of documents showing the hierarchy of managerial positions at FOCUS FREIGHT and who occupied such positions as of the time of the subject incident and presently.

**REQUEST NO. 61:**  A copy of each document (including articles and presentations) prepared and/or presented by any FOCUS FREIGHT representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five years.

**REQUEST NO. 62:**  All company newsletters distributed during the time period beginning two years before the Subject Incident and present.

**REQUEST NO. 63:**  A copy of all lease and trip lease contracts applicable to LARRY MCMANNIS and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 64:**  Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 65:**  A copy of FOCUS FREIGHT'S accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 66:**  Transcripts or recordings of all depositions of corporate designees for FOCUS FREIGHT given in the past five years in cases where it was alleged that a driver working for FOCUS FREIGHT caused injury or death to another person.

**REQUEST NO. 67:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 68:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

## MISCELLANEOUS

**REQUEST NO. 69:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.   A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.   A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.   A copy of the entire file of said expert;

13

      d.     A current résumé or curriculum vitae for said expert; and

      e.     All billing records and work logs for said expert.

**REQUEST NO. 70:**  A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 71:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 72:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 73:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 74:**  If any surveillance has been undertaken by or on behalf of FOCUS FREIGHT, produce a copy of all reports, photographs, video and anything else generated through that investigation.

This _14th_ day of June, 2023.

                            Respectfully submitted,

                            By:     _/s/ Michael T. Roth_
                                      L. Chris Stewart
                                      Georgia Bar No. 142289
                                      Michael T. Roth
                                      Georgia Bar No. 149819
                                      _Attorneys for Plaintiff_

Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main
(470) 344-6719 fax

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAKIA WILLIAMS,                          :
                                         :
     Plaintiff,                        :
                                         :         CIVIL ACTION
                                         :         FILE NO. _____  23A02631
vs.                                      :
                                         :
FOCUS FREIGHT SYSTEM INC.;               :
LARRY MCMANNIS;                          :
HOUSTON SPECIALTY INSURANCE              :
COMPANY d/b/a SKYWARD SPECIALTY          :
INSURANCE; PROGRESSIVE                   :
PREFERRED INSURANCE COMPANY;             :
and JOHN DOES 1-10                       :
                                         :
                                         :
     Defendants.                       :

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT PROGRESSIVE PREFERRED INSURANCE COMPANY

COMES NOW Plaintiff Jakia Williams, and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant Progressive Preferred Insurance Company admit or deny that each of the statements set forth below are true, and serve a copy of the answers upon counsel for Plaintiff within the time provided by law.

## FIRST REQUEST FOR ADMISSIONS

Answers should specifically deny the matter or set forth in detail the reasons why defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that defendant qualify an answer or deny only a part of the matter of which an admission is requested, defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant Progressive Preferred Insurance Company may not give lack of information or knowledge as a reason for failure to admit or deny unless defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant Progressive Preferred Insurance Company is advised that if it fails to admit the truth of any matter as requested, and if plaintiff thereafter proves the truth of the matter, plaintiff will apply to the Court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUEST TO ADMIT

1.

Please admit that the defendant issued a policy of liability insurance to Larry McMannis covering the loss at issue in this litigation.

2.

Please admit that Larry McMannis, was an independent motor carrier contractor for hire.

3.

Please admit that Larry McMannis engaged in intrastate transportation within the state of Georgia during the 12-month period prior to the date of the collision that is the subject of this litigation.

4.

Please admit that Larry McMannis is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 46-7-36.

5.

Please admit that you are liable for any verdict against Larry McMannis up to the policy limits of coverage.

6.

Please admit that venue in this case is proper.

7.

Please admit that personal jurisdiction in this case is proper.

8.

Please admit that service of process is proper in this case.

9.

Please admit that there is no defect in the process issued in this case.

2

10.

Please admit that subject matter jurisdiction is proper in this Court.

11.

Please admit that Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

12.

Please admit that Progressive Preferred Insurance Company's registered agent is CT Corporation System and is located at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30092.

13.

Please admit that the defendant issued a policy of liability insurance to McMannis Transport covering the loss at issue in this litigation.

14.

Please admit that McMannis Transport is a motor carrier for hire.

15.

Please admit that McMannis Transport engaged in intrastate transportation within the state of Georgia during the 12-month period prior to the date of the collision that is the subject of this litigation.

16.

Please admit that McMannis Transport is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 46-7-36.

17.

Please admit that you are liable for any verdict against McMannis Transport up to the policy limits of coverage.

18.

Please admit that Larry McMannis was involved in intrastate transport at the time of the Subject Incident.

19.

Please admit that Larry McMannis was involved in interstate transport at the time of the Subject Incident.

3

This __14th__ day of June, 2023.

Respectfully submitted,

By:  __/s/ *L. Chris Stewart*_____
    L. Chris Stewart
    Georgia Bar No. 142289
    Michael T. Roth
    Georgia Bar No. 149819
    *Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main
(470) 344-6719 fax

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

4

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| JAKIA WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | FILE NO. 23A02631 |
| vs. | : | |
| | : | |
| FOCUS FREIGHT SYSTEM INC.; | : | |
| LARRY MCMANNIS; | : | |
| HOUSTON SPECIALTY INSURANCE | : | |
| COMPANY d/b/a SKYWARD SPECIALTY | : | |
| INSURANCE; PROGRESSIVE | : | |
| PREFERRED INSURANCE COMPANY; | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**TO FOCUS FREIGHT SYSTEM INC.**

COMES NOW Plaintiff Jakia Williams, and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant Focus Freight System Inc. (hereinafter "Focus Freight") admit or deny that each of the statements set forth below are true, and serve a copy of the answers upon counsel for Plaintiff within the time provided by law.

**FIRST REQUEST FOR ADMISSIONS**

Answers should specifically deny the matter or set forth in detail the reasons why defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that defendant qualify an answer or deny only a part of the matter of which an admission is requested, defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant Focus Freight System Inc. may not give lack of information or knowledge as a reason for failure to admit or deny unless defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant Focus Freight System Inc. is advised that if it fails to admit the truth of any matter as requested, and if plaintiff thereafter proves the truth of the matter, plaintiff will apply to

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

the Court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUEST TO ADMIT

### 1.

Admit that the DOT number for FOCUS FREIGHT is 3270997.

### 2.

Admit that JAKIA WILLIAMS is a member of the public.

### 3.

Admit that FOCUS FREIGHT was involved in intrastate transport at the time of the Subject Incident.

### 4.

Admit that FOCUS FREIGHT was involved in interstate transport at the time of the Subject Incident.

### 5.

Admit that FOCUS FREIGHT is a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

### 6.

Admit that FOCUS FREIGHT was a motor carrier as defined by the Federal Motor Carrier Safety Regulations at the time of the Subject Incident.

### 7.

Admit that on June 30, 2022, FOCUS FREIGHT was the owner of a tractor involved in the Subject Incident.

### 8.

Admit that on June 30, 2022, FOCUS FREIGHT was the owner of a trailer involved in the Subject Incident.

### 9.

Admit that the tractor-trailer, VIN 5KJJABCK84PM50974, was involved in the Subject Incident.

### 10.

Admit that on June 30, 2022, LARRY MCMANNIS was an agent of FOCUS FREIGHT.

2

11.

Admit that on June 30, 2022, LARRY MCMANNIS was an employee of FOCUS FREIGHT.

12.

Admit that at the time of the Subject Incident, LARRY MCMANNIS was acting within the course and scope of his employment or agency with FOCUS FREIGHT.

13.

Admit that on June 30, 2022, LARRY MCMANNIS was operating the tractor-trailer owned by FOCUS FREIGHT.

14.

Admit that on June 30, 2022, LARRY MCMANNIS was operating the tractor-trailer with the permission of FOCUS FREIGHT.

15.

Admit that on June 30, 2022, LARRY MCMANNIS was operating the tractor-trailer with the knowledge of FOCUS FREIGHT.

16.

Admit that on June 30, 2022, LARRY MCMANNIS was operating the tractor-trailer as trained by FOCUS FREIGHT.

17.

Admit that on June 30, 2022, LARRY MCMANNIS was not operating the tractor-trailer as trained by FOCUS FREIGHT.

18.

Admit that no act of JAKIA WILLIAMS contributed to the Subject Incident.

19.

Admit that there was no failure to act by JAKIA WILLIAMS which contributed to the Subject Incident.

20.

Admit that LARRY MCMANNIS is fully responsible for causing the Subject Incident.

21.

Admit that LARRY MCMANNIS was a professional driver on the date and time of the Subject Incident.

3

22.

Admit that the person answering these questions has authority from FOCUS FREIGHT to do so.

23.

Please admit you have been properly served with a copy of the Summons and Complaint in the above-styled civil action.

24.

Please admit that venue is proper in the above-styled civil action.

25.

Please admit that Focus Freight System Inc.'s registered agent is #1 A+ Agents of Process Inc. via Renee Lamback and is located at 7980 Errol Drive, Lithonia, DeKalb County, Georgia 30058.

26.

Please admit that on the day of the subject incident, Larry McMannis was insured as an agent or employee of Focus Freight System Inc.

27.

Please admit that you have an employee file for Larry McMannis.

28.

Please admit that you have a Driver's Qualification file for Larry McMannis.

29.

Please admit that service was proper on Focus Freight System Inc.

30.

Please admit that there is no defect in the process issued in this case.

31.

Please admit that Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

32.

Please admit that subject matter jurisdiction is proper in this Court.

33.

Please admit that personal jurisdiction is proper in this Court.

4

34.

Please admit that Larry McMannis had been in an automobile accident while he was an agent and/or employee of Focus Freight System Inc. prior to June 30, 2022.

35.

Please admit that Larry McMannis had received at least one (1) traffic citation while he was an agent or employee of Focus Freight System Inc. prior to June 30, 2022.

36.

Please admit that a driver is required to have a CDL license to operate the 2004 WESTERN STAR 4900 bearing VIN 5KJJABCK84PM50974.

37.

Please admit that the 2004 WESTERN STAR 4900 bearing VIN 5KJJABCK84PM50974 had an electronic data recorder or other "black box" installed inside of it.

38.

Please admit that the 2004 WESTERN STAR 4900 bearing VIN 5KJJABCK84PM50974 has a video surveillance camera installed inside of it.

39.

Please admit that you recovered the electronic data recorder or other "black box" installed inside of the 2004 WESTERN STAR 4900 bearing VIN 5KJJABCK84PM50974

40.

Please admit that the commercial vehicle Defendant McMannis was operating weighed at least 10,001 lbs at the time of the collision.

41.

Please admit that the commercial vehicle Defendant McMannis was operating weighed at least 26,001 lbs at the time of the collision.

42.

Please admit that the Defendant Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance issued a policy of liability insurance to Focus Freight System Inc. covering the loss at issue in this litigation.

*(Signature on following page)*

5

This __14th__ day of June, 2023.

Respectfully submitted,

By:      /s/ *L. Chris Stewart*
L. Chris Stewart
Georgia Bar No. 142289
Michael T. Roth
Georgia Bar No. 149819
*Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main
(470) 344-6719 fax

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
TO FOCUS FREIGHT SYSTEM INC.
PAGE (6) OF (6)**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JAKIA WILLIAMS,          :
                         :
      Plaintiff,         :
                         :
                         :      CIVIL ACTION
vs.                      :      FILE NO. _____ 23A02631
                         :
FOCUS FREIGHT SYSTEM INC.;  :
LARRY MCMANNIS;          :
HOUSTON SPECIALTY INSURANCE  :
COMPANY d/b/a SKYWARD SPECIALTY  :
INSURANCE; PROGRESSIVE   :
PREFERRED INSURANCE COMPANY;  :
and JOHN DOES 1-10       :
                         :
                         :
      Defendants.        :

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE

COMES NOW Plaintiff Jakia Williams, and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance admit or deny that each of the statements set forth below are true, and serve a copy of the answers upon counsel for Plaintiff within the time provided by law.

## FIRST REQUEST FOR ADMISSIONS

Answers should specifically deny the matter or set forth in detail the reasons why defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that defendant qualify an answer or deny only a part of the matter of which an admission is requested, defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance may not give lack of information or knowledge as a reason for failure to admit or deny unless defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance is advised that if it fails to admit the truth of any matter as requested, and if plaintiff thereafter proves the truth of the matter, plaintiff will apply to the Court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUEST TO ADMIT

### 1.

Please admit that the defendant issued a policy of liability insurance to Focus Freight System Inc. covering the loss at issue in this litigation.

### 2.

Please admit that Focus Freight System Inc. is a motor carrier for hire.

### 3.

Please admit that Focus Freight System Inc. engaged in intrastate transportation within the state of Georgia during the 12-month period prior to the date of the collision that is the subject of this litigation.

### 4.

Please admit that Focus Freight System Inc. is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 46-7-36.

### 5.

Please admit that you are liable for any verdict against Focus Freight System Inc. up to the policy limits of coverage.

### 6.

Please admit that venue in this case is proper.

### 7.

Please admit that personal jurisdiction in this case is proper.

### 8.

Please admit that service of process is proper in this case.

### 9.

Please admit that there is no defect in the process issued in this case.

2

10.

Please admit that subject matter jurisdiction is proper in this Court.

11.

Please admit that Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

12.

Please admit that Houston Specialty Insurance Company d/b/a Skyward Specialty Insurance's registered agent is Corporation Service Company and is located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

13.

Please admit that Focus Freight System Inc. was involved in intrastate transport at the time of the Subject Incident.

14.

Please admit that Focus Freight System Inc. was involved in interstate transport at the time of the Subject Incident.

This __14th__ day of June, 2023.

Respectfully submitted,

By:    _/s/ L. Chris Stewart_
       L. Chris Stewart
       Georgia Bar No. 142289
       Michael T. Roth
       Georgia Bar No. 149819
       *Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main
(470) 344-6719 fax

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 2:34 PM
E-FILED
BY: Monica Gay

3

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAKIA WILLIAMS,             :

                       :

         Plaintiff,       :

                       :     CIVIL ACTION

vs.                     :     FILE NO. 23A02631

                       :

FOCUS FREIGHT SYSTEM INC.;   :

LARRY MCMANNIS;         :

HOUSTON SPECIALTY INSURANCE  :

COMPANY d/b/a SKYWARD SPECIALTY :

INSURANCE; PROGRESSIVE      :

PREFERRED INSURANCE COMPANY;  :

and JOHN DOES 1-10         :

                       :

        Defendants.     :

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, an officer duly qualified to administer oaths, ERIC

D. ECHOLS, a permanent process server who, after being duly sworn, states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related

to the parties herein.  The statements made in the affidavit are true and correct and are based upon

my personal knowledge.  Affiant states that service was conducted as a permanent process server

with the SUPERIOR COURT OF DEKALB COUNTY, and a copy of the Order authorizing me to

service process in DeKalb County for STATE COURT OF DEKALB COUNTY is attached hereto

(see Exhibit "A").

2.

I personally served ALISHA SMITH, the designated person to accept service for registered

agent CORPORATION SERVICE COMPANY on behalf of Defendant HOUSTON SPECIALTY

INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE on Friday, June 16,

2023, at 1:25 p.m., located at 2 Sun Court Suite 400, Peachtree Corners, Gwinnett County, Georgia

30092, and served a copy of the following document(s) as provided by the court:

1. SUMMONS;

2. COMPLAINT FOR DAMAGES;

3. PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO FOCUS FREIGHT SYSTEM INC.;

4. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FOCUS FREIGHT SYSTEM INC.

5. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT FOCUS FREIGHT SYSTEM INC.;

6. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PROGRESSIVE PREFERRED INSURANCE COMPANY; and

7. PLAITNIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE.

I declare under penalty of perjury that the foregoing is true and correct.

This _2 1ˢ_ day of June 2023.

Eric D. Echols, CFI
Permanent Process Server
TFP Company
P. O. Box 6096
Marietta, GA 30065
770.579.0188

Sworn to and subscribed before

me this _21ˢᵗ_ day of _June_ , 2023.

_Dacie P Holcomb_
Notary Public Signature

My Commission Expires: _April 13, 2026_

Notary Public
Dacie P. Holcomb
Paulding County, GA
Exp. April 13, 2026

FILED 1/3/2023 2:40 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

| | | |
|---|---|---|
| MOTION FOR APPOINTMENT AS | : | CIVIL ACTION FILE NUMBER: |
| PERMANENT PROCESS SERVER | : | |
| | : | |
| | : | |

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2023

The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

PATRICIA ECHOLS
ERIC ECHOLS
CHRISTOPHER ARMSTRONG
CYNARA ARMSTRONG
MICHELLE ARMSTRONG

This appointment shall be effective until midnight December 31, 2023.

**IT IS SO ORDERED** this 3rd day of January, 2023.

Honorable LaTisha Dear Jackson
Chief and Administrative Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

# EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAKIA WILLIAMS,                      :
                                     :
      Plaintiff,                  :
                                     :       CIVIL ACTION
vs.                                  :       FILE NO. 23A02631
                                     :
FOCUS FREIGHT SYSTEM INC.;           :
LARRY MCMANNIS;                      :
HOUSTON SPECIALTY INSURANCE          :
COMPANY d/b/a SKYWARD SPECIALTY      :
INSURANCE; PROGRESSIVE               :
PREFERRED INSURANCE COMPANY;         :
and JOHN DOES 1-10                   :
                                     :
      Defendants.                 :

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, an officer duly qualified to administer oaths, ERIC D. ECHOLS, a permanent process server who, after being duly sworn, states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements made in the affidavit are true and correct and are based upon my personal knowledge. Affiant states that service was conducted as a permanent process server with the SUPERIOR COURT OF DEKALB COUNTY, and a copy of the Order authorizing me to service process in DeKalb County for STATE COURT OF DEKALB COUNTY is attached hereto (see Exhibit "A").

2.

I personally served LINDA BANKS, the designated person to accept service for registered agent CT CORPORATION SYSTEM on behalf of Defendant PROGRESSIVE PREFERRED INSURANCE COMPANY on Friday, June 16, 2023, at 2:15 p.m., located at 289 S. Culver Street,

Lawrenceville, Gwinnett County, Georgia 300a copy of the following document(s) as provided by the court:

1. SUMMONS;

2. COMPLAINT FOR DAMAGES;

3. PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO FOCUS FREIGHT SYSTEM INC.;

4. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FOCUS FREIGHT SYSTEM INC.

5. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT FOCUS FREIGHT SYSTEM INC.;

6. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PROGRESSIVE PREFERRED INSURANCE COMPANY; and

7. PLAITNIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE.

I declare under penalty of perjury that the foregoing is true and correct.

This _21st_ day of June 2023.

Eric D. Echols, CFI
Permanent Process Server
TFP Company
P. O. Box 6096
Marietta, GA 30065
770.579.0188


Sworn to and subscribed before
me this _21st_ day of _June_, 2023.

Notary Public Signature

My Commission Expires: April 13, 2026

Notary Public
Dacie P. Holcomb
Paulding County, GA
Exp. April 13, 2026

FILED 1/3/2023 2:40 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS     :    CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER     :
    :
    :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2023

    The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

PATRICIA ECHOLS
ERIC ECHOLS
CHRISTOPHER ARMSTRONG
CYNARA ARMSTRONG
MICHELLE ARMSTRONG

This appointment shall be effective until midnight December 31, 2023.

**IT IS SO ORDERED** this 3rd day of January, 2023.

Honorable LaTisha Dear Jackson
Chief and Administrative Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

# EXHIBIT A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

JAKIA WILLIAMS,                          :
                                         :
          Plaintiff,                     :
                                         :
                                         :     CIVIL ACTION
vs.                                      :     FILE NO. 23A02631
                                         :
FOCUS FREIGHT SYSTEM INC.;               :
LARRY MCMANNIS;                          :
HOUSTON SPECIALTY INSURANCE              :
COMPANY d/b/a SKYWARD SPECIALTY          :
INSURANCE; PROGRESSIVE                   :
PREFERRED INSURANCE COMPANY;             :
and JOHN DOES 1-10                       :
                                         :
          Defendants.                    :

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, an officer duly qualified to administer oaths, CHRISTOPHER J. ARMSTRONG, a permanent process server who, after being duly sworn, states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements made in the affidavit are true and correct and are based upon my personal knowledge. Affiant states that service was conducted as a permanent process server with the SUPERIOR COURT OF DEKALB COUNTY, and a copy of the Order authorizing me to service process in DeKalb County for STATE COURT OF DEKALB COUNTY is attached hereto (see Exhibit "A").

2.

I personally served ANNETTE WHITE, the designated person to accept service for registered agent THE FINANCIAL INTEGRITY GROUP c/o DAWN RICHARDSON on behalf

STATE COURT OF
DEKALB COUNTY, GA.
6/22/2023 4:11 PM
E-FILED
BY: Camille Boknight

of Defendant FOCUS FREIGHT SYSTEM INC on Thursday, June 22, 2023, at 1:44 p.m., located

at 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223, and served a copy of

the following document(s) as provided by the court:

1.  SUMMONS;

2.  COMPLAINT FOR DAMAGES;

3.  PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO FOCUS FREIGHT SYSTEM
    INC.;

4.  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
    DEFENDANT FOCUS FREIGHT SYSTEM INC.

5.  PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT FOCUS
    FREIGHT SYSTEM INC.;

6.  PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
    PROGRESSIVE PREFERRED INSURANCE COMPANY; and

7.  PLAITNIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT HOUSTON
    SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE.

I declare under penalty of perjury that the foregoing is true and correct.

This _22ⁿᵈ_ day of June 2023.

_____
Christopher J. Armstrong
Permanent Process Server

Sworn to and subscribed before

me this _22ⁿᵈ_ day of _JUNE_____ , 2023.

_____
Notary Public Signature

My Commission Expires:
3/29/27

FILED 1/3/2023 2:40 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

| | | |
|---|---|---|
| MOTION FOR APPOINTMENT AS | : | CIVIL ACTION FILE NUMBER: |
| PERMANENT PROCESS SERVER | : | |
| | : | |
| | : | |

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2023

The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

PATRICIA ECHOLS
ERIC ECHOLS
CHRISTOPHER ARMSTRONG
CYNARA ARMSTRONG
MICHELLE ARMSTRONG

This appointment shall be effective until midnight December 31, 2023.

**IT IS SO ORDERED** this 3rd day of January, 2023.

Honorable LaTisha Dear Jackson
Chief and Administrative Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT FOCUS FREIGHT SYSTEM, INC.'S ANSWER
### AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE
### TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **FOCUS FREIGHT SYSTEM, INC.**, a purported Defendant

("Defendant") in the above-styled civil action, appearing specially and without waiving, but

specifically reserving all defenses arising from jurisdiction, service and process, and files this

Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Damages

("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia

law.

**STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt**

## SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

## THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## ELEVENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## TWELFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## THIRTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## FOURTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FIFTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

- 3 -

### SIXTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

### SEVENTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

### EIGHTEENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

### NINETEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

### TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

### TWENTY-FIRST DEFENSE

As a Twenty-First Defense, this Defendant answers the Plaintiff's Complaint as follows:

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

## PARTIES

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits that this Defendant is a foreign, for-profit corporation.  This Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's
Complaint.

## **FACTUAL ALLEGATIONS**

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8
of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the
truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9
of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the
truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10
of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the
truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's
Complaint.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12
of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the
truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

**COUNT I**
**VICARIOUS LIABILITY OF DEFENDANT FOCUS FREIGHT SYSTEM INC.**
**AND/OR DEFENDANT JOHN DOES 1-10**

19.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 18 of Plaintiff's Complaint as if those responses were set forth herein.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint.

**COUNT II**
**NEGLIGENCE OF DEFENDANT MCMANNIS**

22.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 21 of Plaintiff's Complaint as if those responses were set forth herein.

23.

This Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## <u>COUNT III</u>
## <u>NEGLIGENCE PER SE OF DEFENDANT MCMANNIS</u>

27.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

This Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

- 9 -

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's

Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's

Complaint.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT FOCUS FREIGHT AND/OR JOHN DOES 1-10

32.

This Defendant hereby reasserts and incorporates by reference the responses made

previously to Paragraphs 1 through 31 of Plaintiff's Complaint as if those responses were set

forth herein.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's

Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's

Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's

Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## COUNT V
## DIRECT ACTION AGAINST SKYWARD INSURANCE INSURANCE [SIC]

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 36 of Plaintiff's Complaint as if those responses were set forth herein.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

## COUNT VI
## DIRECT ACTION AGAINST PROGRESSIVE

42.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 41of Plaintiff's Complaint as if those responses were set forth herein.

43.

This Defendant can neither admit nor deny the allegations contained within Paragraph 43 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant can neither admit nor deny the allegations contained within Paragraph 46 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

## COUNT VII
## PUNITIVE DAMAGES

47.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 46 of Plaintiff's Complaint as if those responses were set forth herein.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

49.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## TWENTY-SECOND DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **FOCUS FREIGHT SYSTEM, INC.** prays that it be discharged from this action without costs.

*[Signature contained on next page.]*

- 13 -

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*
*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

- 14 -

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT FOCUS FREIGHT SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  30308
*Counsel for Plaintiff*

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*

STATE COURT OF
DEKALB COUNTY,
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

Meridian II, Suite 2000
275 Scientific Drive

Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

{SECURE Firm/2026/00035/DRAFTS/04088949.DOCX }

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT LARRY MCMANNIS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **LARRY MCMANNIS**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

## THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

## TENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## ELEVENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## TWELFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## THIRTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## FOURTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FIFTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## SIXTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## SEVENTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## EIGHTEENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## NINETEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against this Defendant are barred because this Defendant is deceased and therefore Plaintiff has failed to state a claim against a real party in interest.  *See* O.C.G.A. § 9-11-17; *see also Sirmans v. Banks*, 217 Ga. 64, 65, 121 S.E.2d 137 (1961).

- 4 -

## <u>TWENTY-SECOND DEFENSE</u>

As a Twenty-Second Defense, this Defendant answers the Plaintiff's Complaint as follows:

## <u>PARTIES</u>

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits that Defendant Focus Freight System, Inc. is a foreign, for-profit corporation. This Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

- 7 -

## COUNT I
## VICARIOUS LIABILITY OF DEFENDANT FOCUS FREIGHT SYSTEM INC. AND/OR DEFENDANT JOHN DOES 1-10

19.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 18 of Plaintiff's Complaint as if those responses were set forth herein.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint.

## COUNT II
## NEGLIGENCE OF DEFENDANT MCMANNIS

22.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 21 of Plaintiff's Complaint as if those responses were set forth herein.

23.

This Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT III
## NEGLIGENCE PER SE OF DEFENDANT MCMANNIS

27.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

This Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

- 9 -

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT FOCUS FREIGHT AND/OR JOHN DOES 1-10

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 31 of Plaintiff's Complaint as if those responses were set forth herein.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## COUNT V
## DIRECT ACTION AGAINST SKYWARD INSURANCE INSURANCE [SIC]

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 36 of Plaintiff's Complaint as if those responses were set forth herein.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

## COUNT VI
## DIRECT ACTION AGAINST PROGRESSIVE

42.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 41 of Plaintiff's Complaint as if those responses were set forth herein.

43.

This Defendant can neither admit nor deny the allegations contained within Paragraph 43 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant can neither admit nor deny the allegations contained within Paragraph 46 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

## COUNT VII
## PUNITIVE DAMAGES

47.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 46 of Plaintiff's Complaint as if those responses were set forth herein.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

49.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## TWENTY-THIRD DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **LARRY MCMANNIS** prays that he be discharged from this action without costs.

*[Signature contained on next page.]*

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

JASON G. WYRICK
Georgia Bar No. 143112
TED S. HUGGINS
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*
*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

- 14 -

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT LARRY MCMANNIS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  30308
*Counsel for Plaintiff*

This 14ᵗʰ day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*

STATE COURT OF
DEKALB COUNTY,
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

Meridian II, Suite 2000
275 Scientific Drive

Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

{SECURE Firm/2026/00035/DRAFTS/04089671.DOCX }

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **HOUSTON SPECIALTY INSURANCE COMPANY d/b/a**

**SKYWARD SPECIALTY INSURANCE**, a purported Defendant ("Defendant") in the above-

styled civil action, appearing specially and without waiving, but specifically reserving all

defenses arising from jurisdiction, service and process, and files this Answer and Affirmative

Defenses by Special Appearance to Plaintiff's Complaint for Damages ("Complaint"), showing

the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia

law.

## SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. §

9-11-12(b)(2) and applicable Georgia law.

## THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6,

§ 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. §

9-11-12(b)(4) and applicable Georgia law.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to

O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover

from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged

to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in

any sum or manner whatsoever.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

## TENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## ELEVENTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## TWELFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## THIRTEENTH DEFENSE

This Defendant asserts the affirmative defense of apportionment pursuant to O.C.G.A. § 51-12-33 and applicable Georgia law.

## FOURTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FIFTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

### SIXTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

### SEVENTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

### EIGHTEENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

### NINETEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

### TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

### TWENTY-FIRST DEFENSE

As a Twenty-First Defense, this Defendant answers the Plaintiff's Complaint as follows:

## PARTIES

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits only upon information and belief that Defendant Focus Freight System, Inc. is a foreign, for-profit corporation.  This Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

## COUNT I
## VICARIOUS LIABILITY OF DEFENDANT FOCUS FREIGHT SYSTEM INC. AND/OR DEFENDANT JOHN DOES 1-10

19.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 18 of Plaintiff's Complaint as if those responses were set forth herein.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint.

## COUNT II
## NEGLIGENCE OF DEFENDANT MCMANNIS

22.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 21 of Plaintiff's Complaint as if those responses were set forth herein.

23.

This Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT III
## NEGLIGENCE PER SE OF DEFENDANT MCMANNIS

27.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

This Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT FOCUS FREIGHT AND/OR JOHN DOES 1-10

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 31of Plaintiff's Complaint as if those responses were set forth herein.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## **COUNT V**
## **DIRECT ACTION AGAINST SKYWARD INSURANCE INSURANCE [SIC]**

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 36 of Plaintiff's Complaint as if those responses were set forth herein.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

## COUNT VI
## DIRECT ACTION AGAINST PROGRESSIVE

42.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 41 of Plaintiff's Complaint as if those responses were set forth herein.

43.

This Defendant can neither admit nor deny the allegations contained within Paragraph 43 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant can neither admit nor deny the allegations contained within Paragraph 46 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

## COUNT VII
## PUNITIVE DAMAGES

47.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 46 of Plaintiff's Complaint as if those responses were set forth herein.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

49.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## TWENTY-SECOND DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE** prays that it be discharged from this action without costs.

*[Signature contained on next page.]*

- 13 -

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

This 14th day of July, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry
McMannis, Focus Freight System Inc. and
Houston Specialty Insurance Company d/b/a
Skyward Specialty Insurance*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

- 14 -

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JAKIA WILLIAMS,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION** |
| **vs.** § | |
| § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** § | |
| **LARRY MCMANNIS; HOUSTON** § | |
| **SPECIALTY INSURANCE COMPANY** § | |
| **d/b/a SKYWARD SPECIALTY** § | |
| **INSURANCE; PROGRESSIVE** § | |
| **PREFERRED INSURANCE COMPANY;** § | |
| **and JOHN DOES 1-10,** § | |
| § | |
| **Defendants.** § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  30308
*Counsel for Plaintiff*

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*

STATE COURT OF
DEKALB COUNTY, (
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

Meridian II, Suite 2000
275 Scientific Drive

Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*McMannis, Focus Freight System Inc. and
Houston Specialty Insurance Company d/b/a
Skyward Specialty Insurance*

{SECURE Firm/2026/00035/DRAFTS/04088056.DOCX }

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PURPORTED DEFENDANTS FOCUS FREIGHT SYSTEM, INC., HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE AND LARRY MCMANNIS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **FOCUS FREIGHT SYSTEM, INC., HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE** and **LARRY MCMANNIS**, purported Defendants in the above-styled civil action, appearing specially and without waiving but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by Jury pursuant to O.C.G.A. § 15-12-122(b), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorney for Purported Defendants Larry*
*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JAKIA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 23A02631** |
| **FOCUS FREIGHT SYSTEM, INC.;** | § | |
| **LARRY MCMANNIS; HOUSTON** | § | |
| **SPECIALTY INSURANCE COMPANY** | § | |
| **d/b/a SKYWARD SPECIALTY** | § | |
| **INSURANCE; PROGRESSIVE** | § | |
| **PREFERRED INSURANCE COMPANY;** | § | |
| **and JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANTS FOCUS FREIGHT SYSTEM, INC., HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE AND LARRY MCMANNIS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  30308
*Counsel for Plaintiff*

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381

Meridian II, Suite 2000

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt

275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*Attorney for Purported Defendants Larry*
*McMannis, Focus Freight System Inc. and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JAKIA WILLIAMS,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>**FOCUS FREIGHT SYSTEM, INC.;** §<br>**LARRY MCMANNIS; HOUSTON** §<br>**SPECIALTY INSURANCE COMPANY** §<br>**d/b/a SKYWARD SPECIALTY** §<br>**INSURANCE; PROGRESSIVE** §<br>**PREFERRED INSURANCE COMPANY;** §<br>**and JOHN DOES 1-10,** §<br>§<br>**Defendants.** §<br>§ | **CIVIL ACTION**<br><br>**FILE NO.: 23A02631** |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1.  PURPORTED DEFENDANT FOCUS FREIGHT SYSTEM, INC.'S
    RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
    ADMISSIONS; and
2.  PURPORTED DEFENDANT HOUSTON SPECIALTY INSURANCE
    COMPANY d/b/a SKYWARD SPECIALTY INSURANCE'S RESPONSES
    AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel
of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  30308

*[Signature contained on next page.]*

{SECURE Firm/2026/00035/DISC/04119532.DOCX }

This 14th day of July, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

JASON G. WYRICK
Georgia Bar No. 143112
TED S. HUGGINS
Georgia Bar No. 964381
*Attorneys for Purported Defendants Larry*
*McMannis, Focus Freight System Inc., and*
*Houston Specialty Insurance Company d/b/a*
*Skyward Specialty Insurance*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 11:18 AM
E-FILED
BY: Patricia Nesbitt