IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JAKIA WILLIAMS,

    Plaintiff,

v.

FOCUS FREIGHT SYSTEM, INC.;
LARRY McMANNIS; HOUSTON
SPECIALTY INSURANCE COMPANY
d/b/a SKYWARD SPECIALTY
INSURANCE; PROGRESSIVE
PREFERRED INSURANCE COMPANY
and JOHN DOES 1-10,

    Defendants.

Civil Action File No.:
23A02631

## ANSWER OF PROGRESSIVE PREFERRED INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW PROGRESSIVE PREFERRED INSURANCE COMPANY (hereinafter "Progressive"), and files this its Answer to Plaintiff's Complaint for Damages (hereinafter "Complaint"), and shows the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Progressive upon which relief may be granted.

### SECOND DEFENSE

No act or omission on the part of Progressive caused or contributed to the injuries set forth in Plaintiff's Complaint.

### THIRD DEFENSE

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, Progressive responds as follows:

## **PARTIES**

1.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 1 of Plaintiff's Complaint are denied.

2.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 2 of Plaintiff's Complaint are denied.

3.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 3 of Plaintiff's Complaint are denied.

4.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Progressive admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 7 of Plaintiff's Complaint are denied.

## FACTUAL ALLEGATIONS

8.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 8 of Plaintiff's Complaint are denied.

9.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 10 of Plaintiff's Complaint are denied.

11.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 12 of Plaintiff's Complaint are denied.

13.

Upon information and belief, Progressive admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Upon information and belief, Progressive admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Upon information and belief, Progressive admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 16 of Plaintiff's Complaint are denied.

17.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 17 of Plaintiff's Complaint are denied.

18.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 18 of Plaintiff's Complaint are denied.

## COUNT I
## VICARIOUS LIABILITY OF DEFENDANT FOCUS FREIGHT SYSTEM INC. AND/OR DEFENDANT JOHN DOES 1-10

19.

Progressive restates and realleges its responses to Paragraphs 1 through 18 of Plaintiff's Complaint as if fully restated herein.

20.

Upon information and belief, Progressive admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 21 of Plaintiff's Complaint are denied.

## COUNT II
## NEGLIGENCE OF DEFENDANT MCMANNIS

22.

Progressive restates and realleges its responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully restated herein.

23.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 24 of Plaintiff's Complaint are denied.

25.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 26 of Plaintiff's Complaint are denied.

## COUNT III
## NEGLIGENCE PER SE OF DEFENDANT MCMANNIS

27.

Progressive restates and realleges its responses to Paragraphs 1 through 26 of Plaintiff's Complaint as if fully restated herein.

28.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 28 of Plaintiff's Complaint are denied.

29.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 29 of Plaintiff's Complaint are denied.

30.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 30 of Plaintiff's Complaint are denied.

31.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 31 of Plaintiff's Complaint are denied.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT FOCUS FREIGHT AND/OR JOHN DOES 1-10

32.

Progressive restates and realleges its responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if fully restated herein.

33.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 33 of Plaintiff's Complaint are denied.

34.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 34 of Plaintiff's Complaint are denied.

35.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 35 of Plaintiff's Complaint are denied.

36.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 36 of Plaintiff's Complaint are denied.

## COUNT V
## DIRECT ACTION AGAINST SKYWARD INSURANCE

37.

Progressive restates and realleges its responses to Paragraphs 1 through 36 of Plaintiff's Complaint as if fully restated herein.

38.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 38 of Plaintiff's Complaint are denied.

39.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 39 of Plaintiff's Complaint are denied.

40.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 40 of Plaintiff's Complaint are denied.

41.

Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, the allegations in Paragraph 41 of Plaintiff's Complaint are denied.

## COUNT VI
## DIRECT ACTION AGAINST PROGRESSIVE

42.

Progressive restates and realleges its responses to Paragraphs 1 through 41 of Plaintiff's Complaint as if fully restated herein.

43.

Progressive denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint, Progressive admits that it issued a policy of non-trucking liability to McMannis Transport. All allegations contained in Paragraph 45 not expressly admitted are denied.

45.

Progressive denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as stated.

46.

Progressive denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT VI
## PUNITIVE DAMAGES

47.

Progressive restates and realleges its responses to Paragraphs 1 through 46 of Plaintiff's Complaint as if fully restated herein.

48.

Progressive denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as they pertain to this Defendant.

49.

Progressive denies the allegations of any jury demand, prayer for damages or relief and the words contained in the Paragraph beginning with "WHEREFORE" in Plaintiff's Complaint.

50.

Each and every other allegation set forth in Plaintiff's Complaint which is not specifically admitted is hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Progressive demands that it be discharged, with costs cast against the remaining parties.

Respectfully submitted, this 14th day of July, 2023.

                                          LUEDER LARKIN & HUNTER LLC

                                          */s/ Samuel H. Sabulis*
                                          SAMUEL H. SABULIS
                                          Georgia Bar No. 339532
                                          MARGARET L. MANNS
                                          Georgia Bar No. 317367
                                          *Attorneys for Progressive Preferred Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Telephone:   (678) 359-6028
Facsimile:    (678) 359-6028
ssabulis@luederlaw.com
mmanns@luederlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

     __X__    Electronically filing this document with PeachCourt/Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

     _____    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

     _____    Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.<br>
Michael T. Roth, Esq.<br>
Stewart Miller Simmons Trial Attorneys, LLC<br>
55 Ivan Allen Jr. Blvd, Suite 700<br>
Atlanta, Georgia 30308

     Respectfully submitted, this 14th day of July, 2023.

                                                LUEDER LARKIN & HUNTER LLC

                                               */s/ Samuel H. Sabulis*<br>
                                               SAMUEL H. SABULIS<br>
                                               Georgia Bar No. 339532<br>
                                               MARGARET L. MANNS<br>
                                               Georgia Bar No. 317367<br>
                                               *Attorneys for Progressive Preferred*<br>
                                               *Insurance Company*

3535 Piedmont Road<br>
Building 14, Suite 205<br>
Atlanta, Georgia 30305<br>
Telephone:   (678) 359-6028<br>
Facsimile:    (678) 359-6028

STATE COURT OF<br>
DEKALB COUNTY, GA.<br>
7/14/2023 1:11 PM<br>
E-FILED<br>
BY: Patricia Nesbitt

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JAKIA WILLIAMS,

    Plaintiff,

v.

FOCUS FREIGHT SYSTEM, INC.;
LARRY McMANNIS; HOUSTON
SPECIALTY INSURANCE COMPANY
d/b/a SKYWARD SPECIALTY
INSURANCE; PROGRESSIVE
PREFERRED INSURANCE COMPANY
and JOHN DOES 1-10,

    Defendants.

Civil Action File No.:
23A02631

## PROGRESSIVE PREFERRED INSURANCE COMPANY'S JURY TRIAL DEMAND

COMES NOW PROGRESSIVE PREFERRED INSURANCE COMPANY, and hereby demands a trial by twelve (12) persons.

Respectfully submitted, this 14th day of July, 2023.

        LUEDER LARKIN & HUNTER LLC

        */s/ Samuel H. Sabulis*
        SAMUEL H. SABULIS
        Georgia Bar No. 339532
        MARGARET L. MANNS
        Georgia Bar No. 317367
        *Attorneys for Progressive Preferred Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Telephone:  (678) 359-6028
Facsimile:  (678) 359-6028
ssabulis@luederlaw.com
mmanns@luederlaw.com

-1-

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    __X__  Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    _____  Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

    _____  Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.<br>
Michael T. Roth, Esq.<br>
Stewart Miller Simmons Trial Attorneys, LLC<br>
55 Ivan Allen Jr. Blvd, Suite 700<br>
Atlanta, Georgia 30308

  Respectfully submitted, this 14th day of July, 2023.

                LUEDER LARKIN & HUNTER LLC

                */s/ Samuel H. Sabulis*
                SAMUEL H. SABULIS
                Georgia Bar No. 339532
                MARGARET L. MANNS
                Georgia Bar No. 317367
                *Attorneys for Progressive Preferred*
                *Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Telephone: (678) 359-6028
Facsimile: (678) 359-6028

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAKIA WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>FOCUS FREIGHT SYSTEM, INC.;<br>LARRY McMANNIS; HOUSTON<br>SPECIALTY INSURANCE COMPANY<br>d/b/a SKYWARD SPECIALTY<br>INSURANCE; PROGRESSIVE<br>PREFERRED INSURANCE COMPANY<br>and JOHN DOES 1-10,<br><br>        Defendants. | Civil Action File No.:<br>23A02631 |

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, PROGRESSIVE PREFERRED INSURANCE COMPANY, and pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following documents have been served upon all counsel of record:

- *Progressive Preferred Insurance Company's First Interrogatories to Plaintiff; and*
- *Progressive Preferred Insurance Company's First Request for Production to Plaintiff.*

Respectfully submitted, this 14th day of July, 2023.

                                          LUEDER LARKIN & HUNTER LLC

                                          */s/ Samuel H. Sabulis*
                                          SAMUEL H. SABULIS
                                          Georgia Bar No. 339532
                                          MARGARET L. MANNS
                                          Georgia Bar No. 317367
                                          *Attorneys for Progressive Preferred*
                                          *Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    __x__    Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    __x__    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

    _____    Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd, Suite 700
Atlanta, Georgia 30308

Respectfully submitted, this 14th day of July, 2023.

LUEDER LARKIN & HUNTER LLC

*/s/ Samuel H. Sabulis*
SAMUEL H. SABULIS
Georgia Bar No. 339532
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Progressive Preferred Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Telephone:  (678) 359-6028
Facsimile:  (678) 359-6028
ssabulis@luederlaw.com
mmanns@luederlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

| | |
|---|---|
| TO: | ALL JUDGES, CLERKS OF COURT, and COUNSEL OF RECORD |
| FROM: | SAMUEL H. SABULIS |
| RE: | NOTICE OF LEAVE OF ABSENCE |
| DATE: | July 14, 2023 |
| CAFN: | 23A02631 |

COMES NOW, SAMUEL H. SABULIS, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 on the following dates:

1. Dates through and including September 4 - 8, 2023.
2. Dates through and including October 9 - 13 2023.
3. Dates through and including November 20 - 24 2023.

The purpose of the leave is for personal time with family and/or to fulfill CLE obligations. Attached as Exhibit "A" is the list of actions to be protected. Pursuant to U.S.C.R. 16, all affected judges presiding over the cases listed in the attachment hereto and opposing counsel therein shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted pursuant to U.S.C.R. 16.

*(Signature on the following page)*

This, the 14th day of July, 2023.

                              LUEDER, LARKIN & HUNTER, LLC

                              */s/ Samuel H. Sabulis*

                              SAMUEL H. SABULIS
                              Bar No.: 339532
                              Attorney for Progressive

3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
(678) 359-6028
ssabulis@luederlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

      __X__    Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

      _____    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

      _____    Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

L. Chris Stewart, Esq.
Michael T. Roth, Esq.
Stewart Miller Simmons Trial Attorneys, LLC
55 Ivan Allen Jr. Blvd, Suite 700
Atlanta, Georgia 30308

Respectfully submitted, this 14th day of July, 2023.

LUEDER, LARKIN & HUNTER, LLC

_____
SAMUEL H. SABULIS
Bar No.: 339532
*Attorney for Progressive*

3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
(678) 359-6028
ssabulis@luederlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2023 1:11 PM
E-FILED
BY: Patricia Nesbitt

## EXHIBIT "A"

| Name of Case<br>Case Number | Name of Judge<br>County and Court | Opposing Counsel |
|---|---|---|
| JAKIA WILLIAMS<br>v.<br>FOCUS FREIGHT SYSTEM, INC.; LARRY McMANNIS; HOUSTON SPECIALTY INSURANCE COMPANY d/b/a SKYWARD SPECIALTY INSURANCE; PROGRESSIVE PREFERRED INSURANCE COMPANY and JOHN DOES 1-10<br><br>Civil Action File No.: 23A02631 | Presiding Judge,<br>State Court of Dekalb County | L. Chris Stewart, Esq.<br>Michael T. Roth, Esq.<br>Stewart Miller Simmons Trial Attorneys, LLC<br>55 Ivan Allen Jr. Blvd, Suite 700<br>Atlanta, Georgia 30308 |