IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEVIN MITCHELL,

     Plaintiff,

v.

                         CIVIL ACTION

INTERRAIL SIGNAL INC., JERRY   FILE NO:
THROWER, and LIBERTY
MUTUAL INSURANCE
COMPANY,

     Defendants.

## NOTICE OF REMOVAL

COME NOW **Interrail Signal Inc., Jerry Thrower, and The First Liberty Insurance Corporation, improperly named in this action as Liberty Mutual Insurance Company**, Defendants in the above-styled civil action, (hereinafter referred to as "Defendants"), and hereby remove Civil Action File No. STSV2023001208 from the State Court of Henry County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for the removal state as follows:

1

**STATEMENT OF THE CASE**

1.

On June 13, 2023, Plaintiff Devin Mitchell filed a Complaint in the State Court of Henry County styled *Devin Mitchell v. Interrail Signal Inc., Liberty Mutual Insurance Company, and Jerry Thrower,* Civil Action File Number STSV2023001208 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action have been attached as Defendants' Exhibit 1 (hereinafter "D-1").

2.

Affidavits of service on Interrail Signal, Inc. and The First Liberty Insurance Corporation, improperly named as Liberty Mutual Insurance Company, were filed in the State Court Action on June 14, 2023. An Acknowledgment of Service on behalf of Jerry Thrower by the Georgia Secretary of State was filed in the State Court Action on July 7, 2023. *See* D-1.

3.

Plaintiff's Complaint brings claims of (1) common law negligence and negligence per se against Defendant Jerry Thrower, (2) vicarious imputed liability against Defendant Interrail Signal, Inc., (3) negligent hiring, training, retention,

and supervision against Defendant Interrail Signal, Inc., and (4) a direct action against The First Liberty Insurance Corporation, improperly named as Liberty Mutual Insurance Company, pursuant to O.C.G.A. § 40-1-112 and O.C.G.A § 40-2-140. *See,* Complaint, ¶¶ 35, 42-43, D-1. Each of Plaintiff's claims stems from personal injuries allegedly sustained in an October 25, 2021 motor vehicle collision. *Id.*, ¶¶17 and 19, D-1.

4.

Plaintiff's Complaint seeks damages for, *inter alia*, past, present, and future medical expenses, lost wages, loss of earning capacity, permanent injuries, economic losses, past present, and future pain and suffering. *See,* Complaint, ¶ 51, D-1. Plaintiff's Complaint also seeks attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11 as well as punitive damages "without limitation or cap." *Id.,* ¶¶ 49-50, D-1.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5.

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because (1) minimum diversity is satisfied, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6.

There is complete diversity of citizenship between Plaintiff and all defendants. *See* 28 U.S.C. § 1332. For purposes of determining diversity of citizenship under 28 U.S.C. § 1332, a corporation is deemed to be a citizen of every state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

a. Plaintiff Devin Mitchell is a resident of the state of Georgia. *See,* Complaint, ¶ 1, D-1.

b. Defendant Interrail Signal Inc. is, and was at the time the State Court Action was filed, a Foreign Profit Corporation organized under the laws of the state of Florida with its principal place of business in Florida.

c. The proper party to this action, The First Liberty Insurance Corporation, named improperly in this action as Liberty Mutual Insurance Company, is a Foreign Insurance Company organized under the laws of the state of Illinois with its principal place of business in Massachusetts.

d. Liberty Mutual Insurance Company, improper party to this action, is a Foreign Insurance Company organized under the laws of the state of Massachusetts with its principal place of business in Massachusetts.

e.  Defendant Jerry Thrower is, and at the time the State Court Action was

filed, a citizen of the state of Tennessee. *See* Complaint, ¶ 13-15, D-1.

Therefore, there is complete diversity of citizenship between the parties.

7.

The amount in controversy in this action exceeds $75,000. When the

complaint does not claim a specific amount of damages, removal from state court

is proper if it is facially apparent from the complaint that the amount in

controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.,*

269 F.3d 1316, 1319 (11th Cir. 2001). Plaintiff's Complaint seeks from Defendants

"punitive damages without limitation or cap." *See* Complaint, ¶ 50, D-1.  Georgia's

statutory cap on punitive damages is outlined in O.C.G.A. § 51-12-5.1, which

provides that "[f]or any tort action not provided for by subsection (e) or (f)… the

amount which may be awarded… shall be limited to a maximum of $250,000." *See*

O.C.G.A. § 51-12-5.1(g).  Therefore, by the plain language of Plaintiff's

Complaint, which seeks punitive damages exceeding Georgia's statutory cap, the

$75,000 amount in controversy requirement is met.

8.

Though the precise amount of Plaintiff's total claimed damages is not specified in Plaintiff's Complaint, on June 11, 2022 Plaintiff served a demand for settlement to Defendants' insurer, wherein Plaintiff demanded $150,000 to settle this claim. *See* Plaintiff's Offer to Settle, attached as Defendants' Exhibit 2 (hereinafter "D-2"). Therefore, the $75,000 amount in controversy requirement is met.

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

9.

This Joint Notice of Removal is timely filed. Defendant Interrail System Inc. and improperly named Defendant Liberty Mutual Insurance Company were the first served Defendants, and were served with the Summons and Complaint on June 14, 2023. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

10.

All named Defendants consent to removal. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendants Interrail System Inc., Liberty Mutual Insurance Company, and Jerry Thrower all expressly

consent to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

11.

As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings to this Notice of Removal as D-1.

12.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing notice of this removal in the State Court of Henry County Civil Action File Number STSV2023001208.

13.

The State Court of Henry County is located within the Atlanta Division of the United States District Court for the Northern District of Georgia, and, therefore, this Court is the proper venue for this action pursuant to 28 U.S.C. §§ 90(a)(2), 1441(a).

13.

Nothing in this Notice of Removal shall be interpreted as a waiver of any of Defendants' rights to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) failure to state a claim; (5) statute of

limitations; or (6) any other procedural or substantive defense available under state or federal law.

## **CONCLUSION**

WHEREFORE, Defendants Interrail System Inc., The First Liberty Insurance Corporation, named improperly as Liberty Mutual Insurance Company, and Jerry Thrower, pursuant to 28 U.S.C. § 1332, 1441, and 1446, remove this action from the State Court of Henry County, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted, this the 14th day of July, 2023.

LAW OFFICE OF MCLAUGHLIN & REAM

*/s/ Megan L. Prince-Miller*
Megan L. Prince-Miller
Attorney for Defendants
Georgia Bar No. 967512

PO Box 7217
London, KY  40742
770-612-2710
Direct: Megan.Prince-Miller@LibertyMutual.com
Electronic Service: mclaughlinelectronicmail@libertymutual.com

## CERTIFICATE OF FONT COMPLIANCE

Undersigned counsel hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1, Times New Roman 14 point.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for opposing parties by filing in the Court's electronic case files ("ECF") pursuant to LR 5.1, and served any parties not registered with ECF in accordance with the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Northern District of Georgia.

This the 14th day of July, 2023.

*/s/ Megan L. Prince-Miller*
Megan L. Prince-Miller
Attorney for Defendants

PERSONS SERVED:

Maha Amircani
Amircani Law, LLC
3340 Peachtree Rd. NE
Suite 180
Atlanta, GA 30326
maha@amircanilaw.com
*Attorney for Plaintiff*