



STSV2023001208          MITCHELL V INTERRAIL SIGNAL            HENRY STATE          AUTOMOBILE TORT
                                INC., ET AL

# Case Docket

**Case Initiation Date**                    **Assigned Judge**
06/13/2023                                   SNK

Why subscribe to PeachCourt+? Well, for one thing... you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

## Party Information

**Plaintiff:**                               **Defendants:**

**MITCHELL, DEVIN**                          **INTERRAIL SIGNAL INC.**

                                             **LIBERTY MUTUAL INSURANCE COMPANY**

                                             **THROWER, JERRY**

## Attorney/Filer Information

**AMIRCANI, MAHA**

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|---|---|---|---|---|---|
| 1 | Complaint | | Amircani, Maha | 06/13/2023 | EFile: PeachCourt |
| 2 | Summons | Summons For Interrail Signal Inc.. | Amircani, Maha | 06/13/2023 | EFile: PeachCourt |
| 3 | Summons | Summons For Liberty Mutual Insurance Company. | Amircani, Maha | 06/13/2023 | EFile: PeachCourt |
| 4 | Summons | Summons For Thrower, Jerry. | Amircani, Maha | 06/13/2023 | EFile: PeachCourt |
| 5 | Civil Case Initiation Form | | Amircani, Maha | 06/13/2023 | EFile: PeachCourt |
| 6 | Affidavit | | Amircani, Maha | 06/14/2023 | EFile: PeachCourt |
| 7 | Affidavit | | Amircani, Maha | 06/14/2023 | EFile: PeachCourt |
| 8 | Receipt | MITCHELL DEVIN - RECEIPT # 625024 FOR 218.5 | | 06/15/2023 | Manual |
| 9 | Miscellaneous | ACKNOWLEDGMENT OF SERVICE WAIVER OF JURISDICTION - SECRETARY OF STATE CERTIFICATE OF ACKNOWLEDGEMENT | Fisher, Julie | 07/07/2023 | EFile: PeachCourt |
| 10 | Miscellaneous | ACKNOWLEDGMENT OF SERVICE WAIVER OF JURISDICTION - Certificate Of Acknowledgement From Secretary Of State | Amircani, Maha | 07/07/2023 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
**JUN 13, 2023 12:54 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEVIN MITCHELL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERRAIL SIGNAL INC., JERRY THROWER, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILE NO.:<br><br>_____<br><br>**<u>JURY TRIAL DEMANDED</u>** |

### Parties, Jurisdiction, And Venue

1. Plaintiff is a citizen of the State of Georgia.

2. Defendant Interrail Signal Inc. ("ISI") is a commercial motor carrier and owns and operates blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822 that was involved in the Collision that forms the basis for this lawsuit.

3. Defendant Interrail Signal Inc. is a Georgia corporation licensed to do business in Georgia with its principal place of business located at 12443 San Jose Boulevard, Ste. 1103, Jacksonville, FL, 32223, USA.

4. Defendant Interrail Signal Inc. has designated as its agent for service Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA, upon whom service of the Summons and Complaint for Damages can be made.

5. Defendant ISI's US DOT # is 1012024.

6. Defendant ISI is subject to the jurisdiction of this Court.

7. Venue is proper in this Court as to Defendant Interrail Signal Inc.

8. Defendant Liberty Mutual Insurance Company is a foreign corporation, existing under the laws of Massachusetts, with its principal place of business in

Massachusetts, and is authorized to transact business in Georgia.

9.   Defendant Liberty Mutual Insurance Company provided a liability insurance policy on behalf of Defendants Interrail Signal Inc. and Jerry Thrower, that being policy no. AS6Z91464642-011. Said policy was in effect on October 25, 2021.

10.   Service may be made upon Defendant Liberty Mutual Insurance Company by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

11.   Defendant Liberty Mutual Insurance Company is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

12.   Venue is proper in this Court as to Defendant Liberty Mutual Insurance Company pursuant to O.C.G.A. § 14-5-510(b)(4).

13.   Defendant Jerry Thrower is a Tennessee resident.

14.   Defendant Jerry Thrower may be served at his home address of 110 Martin Mill Rd, Puryear, TN 38251.

15.   Defendant Jerry Thrower is subject to the jurisdiction of this Court pursuant to the Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

16.   Venue is proper in this Court as to Jerry Thrower.

### Facts Applicable to All Counts

17.   On or about October 25, 2021, Plaintiff was driving a 2017 Dodge Charger southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

18.   Defendant Thrower was driving a blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822, owned or leased by Defendant ISI, southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

19.   Defendant Thrower failed to maintain his lane and entered Plaintiff's lane of travel, causing the subject collision.

20.   Defendant Jerry Thrower was an employee and agent of Defendant ISI.

21.    Defendant ISI owned and operated the Tractor Trailer with Tag #G2219HY and
       Trailer Tag #U312822

22.    Defendant Thrower was acting in the course and scope of his employment with
       Defendant ISI at the time of the subject collision.

23.    Plaintiff suffered personal injuries and damages because of the Collision.

24.    Defendant Thrower was issued a citation for failing to maintain his lane in violation
       of O.C.G.A. 40-6-48.

25.    At all relevant times, Plaintiff exercised due care for his own safety.

**Negligence**

26.    Defendant Jerry Thrower owed a duty of care to the motoring public in general,
       and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent
       manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

27.    The collision was directly and proximately caused by the negligence of Defendant
       Jerry Thrower.

28.    The collision was directly and proximately caused by Defendant Jerry
       Thrower's negligence in failing to maintain lane.

29.    The collision was directly and proximately caused by Defendant Jerry
       Thrower's negligence in failing to keep a proper lookout.

30.    The collision was directly and proximately caused by Defendant Jerry
       Thrower's negligence in being distracted while driving.

31.    Defendant Jerry Thrower's actions constituted negligence *per se*
       regarding applicable laws and standards including, but not limited to:

    31.1.    Failing to exercise due care in failing to maintain lane, in violation of
             O.C.G.A. § 40-6-48;

    31.2     Failing to maintain his lane in violation of O.C.G.A. § 40-6-48; and

    31.3     Failing to exercise due care by engaging in distracted driving in violation of
             O.C.G.A. § 40-6-241.

32.    Plaintiff's personal injuries were directly and proximately caused by Defendant

Jerry Thrower's negligence.

**Imputed Liability**

33.  At the time of the collision, Defendant Jerry Thrower was under dispatch
     for Defendant ISI.

34.  At the time of the Collision, Defendant Jerry Thrower was operating his vehicle
     on behalf of Defendant ISI.

35.  Defendant ISI is an interstate motor carrier, and pursuant to federal and state laws,
     is responsible for the actions of Defendant Jerry Thrower with regard to the
     collision under the doctrines of lease liability, agency, vicarious, or apparent
     liability agency.

**Negligent Hiring, Training, Retention, and
Supervision**

36.  Defendant Interrail Signal Inc. is negligent in hiring Defendant Jerry Thrower and
     entrusting him to drive a commercial motor vehicle.

37.  Defendant Interrail Signal Inc. is negligent in failing to properly train Defendant
     Jerry Thrower.

38.  Defendant Interrail Signal Inc. is negligent in failing to discharge Defendant Jerry
     Thrower before the collision.

39.  Defendant Interrail Signal Inc. is negligent in failing to properly service Defendant
     Jerry Thrower.

40.  Defendant Interrail Signal Inc. is negligent in failing to promulgate and enforce
     company policies, procedures and rules for the protection of the public, including
     but not limited to Plaintiff.

41.  Defendant Interrail Signal Inc.'s negligence in hiring Defendant Jerry
     Thrower, entrusting him with driving a commercial vehicle, and failing to
     train and properly supervise him proximately caused Plaintiff's injuries and
     damages.

**Direct Action**

42.   Defendant Liberty Mutual Insurance Company is subject to a direct action as the insurer for Defendant Interrail Signal Inc. pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

43.   Defendant Liberty Mutual Insurance Company was the insurer of Defendant Interrail Signal Inc. at the time of the collision and issued a liability policy that affords coverage in this case.

44.   Defendants Liberty Mutual Insurance Company and Interrail Signal Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

45.   Defendant Liberty Mutual Insurance Company is responsible for any judgment rendered against Defendants Interrail Signal Inc. or Jerry Thrower.

**Damages**

46.   Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

47.   Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

48.   But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

49.   Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

50.   Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their agents were willful, wanton, and

showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendants, in accordance with the enlightened conscience of an impartial jury.

51. Plaintiff seeks to and is entitled to recover for:

    51.1.    Personal injuries

    51.2.    Past, present, and future pain and suffering

    51.3.    Disability

    51.4.    Disfigurement

    51.5.    Mental anguish

    51.6.    Loss of capacity for the enjoyment of life

    51.7.    Economic losses

    51.8.    Incidental expenses

    51.9.    Past, present, and future medical expenses

    51.10.  Lost earnings

    51.11.  Loss of earning capacity

    51.12.  Permanent injuries

    51.13.  Consequential damages to be proven at trial.

52. Plaintiff respectfully requests:

    52.1.    Process issue as provided by law

    52.2.    Trial by jury against Defendants

    52.3.    Judgment be awarded to Plaintiff and against Defendants

    52.4.    Plaintiff be awarded damages in amounts to be shown at trial

    52.5.    Plaintiff have such other relief as this Court deems just and appropriate.

Respectfully submitted this 19th day of May, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani, Esq.
Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248
Fax:  (770) 406-2371
E-mail:  maha@amircanilaw.com

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
**JUN 13, 2023 12:54 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   <u>STSV2023001208</u>

Mitchell, Devin

_____

**PLAINTIFF**

**VS.**

Interrail Signal Inc.
Liberty Mutual Insurance Company
Thrower, Jerry

_____

**DEFENDANTS**

## SUMMONS

TO: INTERRAIL SIGNAL INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Maha Amircani**
> **Amircani Law, LLC**
> **3340 Peachtree Rd NE**
> **Suite 180**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
**JUN 13, 2023 12:54 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023001208</u>

Mitchell, Devin

_____

**PLAINTIFF**

                                     **VS.**

Interrail Signal Inc.
Liberty Mutual Insurance Company
Thrower, Jerry

_____

**DEFENDANTS**

### SUMMONS

TO: LIBERTY MUTUAL INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Maha Amircani**
> **Amircani Law, LLC**
> **3340 Peachtree Rd NE**
> **Suite 180**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
**SNK**
**JUN 13, 2023 12:54 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023001208</u>

Mitchell, Devin

_____

**PLAINTIFF**

**VS.**

Interrail Signal Inc.
Liberty Mutual Insurance Company
Thrower, Jerry

_____

**DEFENDANTS**

## SUMMONS

TO: THROWER, JERRY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Maha Amircani**
> **Amircani Law, LLC**
> **3340 Peachtree Rd NE**
> **Suite 180**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of June, 2023.**

Clerk of State Court


*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK

JUN 13, 2023 12:54 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

☐ **Superior** or ☑ **State Court of** _Henry_ _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 06-13-2023 | **Case Number** STSV2023001208 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Mitchell, Devin

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Interrail Signal Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Liberty Mutual Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Thrower, Jerry

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Amircani, Maha_      **Bar Number** _184261_      **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
**JUN 14, 2023 02:51 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEVIN MITCHELL,<br><br>*Plaintiff,*<br><br>v.<br><br>INTERRAIL SIGNAL INC., JERRY THROWER, and LIBERTY MUTUAL INSURANCE COMPANY, <br><br>*Defendants.* | Civil Action No. STSV2023001208 |

## AFFIDAVIT OF SERVICE UPON INTERRAIL SIGNAL INC.

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Henry County.

2.

On June 14, 2023, at 12:36 p.m., I served INTERRAIL SIGNAL INC. by leaving a copy of a SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT INTERRAIL SIGNAL INCORPORATED, and PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTERRAIL SIGNAL INCORPORATED, in the above-styled action, with ALISHA SMITH, who is expressly authorized to accept service on behalf of CORPORATION

Page 1 of 2

SERVICE COMPANY, the Registered Agent of INTERRAIL SIGNAL INC., located and served at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

ALISHA SMITH is an African American female, approximately 33-years-old, 5'10" and 140 lbs.

4.

I've served ALISHA SMITH scores of times over the last year. She accepted service from me as she usually does.

_____
Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This __14__ day of __June__ 2023

_____
Notary Public

JADE RYLYNN FLACK
Notary Public, Forsyth Co., Georgia
My Commission Expires 11-29-2026

≋ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
**JUN 14, 2023 02:51 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DEVIN MITCHELL,

    *Plaintiff,*

    v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

    *Defendants.*

Civil Action No. STSV2023001208

---

## AFFIDAVIT OF SERVICE UPON LIBERTY MUTUAL INSURANCE COMPANY

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Henry County.

2.

On June 14, 2023, at 12:36 p.m., I served LIBERTY MUTUAL INSURANCE COMPANY by leaving a copy of a SUMMONS, COMPLAINT, PLAINTIFF DEVIN MITCHELL'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY, PLAINTIFF DEVIN MITCHELL'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY, and PLAINTIFF DEVIN MITCHELL'S FIRST REQUESTS FOR PRODUCTION

OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT LIBERTY MUTUAL

INSURANCE COMPANY in the above-styled action, with ALISHA SMITH, who is expressly

authorized to accept service on behalf of CORPORATION SERVICE COMPANY, the

Registered Agent of LIBERTY MUTUAL INSURANCE COMPANY, located and served at 2

Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

ALISHA SMITH is an African American female, approximately 33-years-old, 5'10" and

140 lbs.

4.

I've served ALISHA SMITH scores of times over the last year. She accepted service from

me as she usually does.

 

 

_____

Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This \_\_14\_\_ day of \_\_\_June\_\_\_ 2023

_____
Notary Public

**JADE RYLYNN FLACK**
Notary Public, Forsyth Co., Georgia
My Commission Expires 11-29-2026

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
JUL 07, 2023 01:51 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Control Number : SOP-23146547

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Jerry L. Thrower

have been filed with the Secretary of State on 07/06/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Devin Mitchell v. Jerry L. Thrower
Court: State Court of Henry County
Civil Action No.: STSV2023001208

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 07/07/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Maha Amircani, Esq.
maha@amircanilaw.com



Telephone 678.916.1248
Facsimile 770.406.2371

3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326

June 13, 2023

SECRETARY OF STATE, GEORGIA
2 Martin Luther King, Jr. Drive
West Tower, Suite 315
Atlanta, Georgia 30334

      RE:    Mitchell v. Thrower, et al; State Court of Henry County;
            Civil Action File No.: STSV2023001208

Dear Sir/Madame:

Please find enclosed a second original complaint and discovery in the above-referenced matter that is being served upon the Secretary of State as agent for Defendant Thrower pursuant to the Non-Resident Motorist Statute. I have also enclosed our firm's check in the amount of $10.00 to cover the cost of accepting service.

Sincerely,

Maha Amircani, Esq.

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK

JUN 13, 2023 12:54 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DEVIN MITCHELL,

                Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

                Defendant.

CIVIL ACTION

FILE NO.:

_____

**JURY TRIAL DEMANDED**

### Parties, Jurisdiction, And Venue

1. Plaintiff is a citizen of the State of Georgia.

2. Defendant Interrail Signal Inc. ("ISI") is a commercial motor carrier and owns and operates blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822 that was involved in the Collision that forms the basis for this lawsuit.

3. Defendant Interrail Signal Inc. is a Georgia corporation licensed to do business in Georgia with its principal place of business located at 12443 San Jose Boulevard, Ste. 1103, Jacksonville, FL, 32223, USA.

4. Defendant Interrail Signal Inc. has designated as its agent for service Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA, upon whom service of the Summons and Complaint for Damages can be made.

5. Defendant ISI's US DOT # is 1012024.

6. Defendant ISI is subject to the jurisdiction of this Court.

7. Venue is proper in this Court as to Defendant Interrail Signal Inc.

8. Defendant Liberty Mutual Insurance Company is a foreign corporation, existing under the laws of Massachusetts, with its principal place of business in

## AFFIDAVIT OF COMPLIANCE FOR
## NON-RESIDENT MOTORIST STATUTE SERVICE

I, Maha Amircani, the undersigned, am the attorney who represents the plaintiff in the case of:

MITCHELL vs. THROWER, ET AL in the State Court of Henry County, State of Georgia, Civil Action Number: STSV2023001208

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address:

Jerry L. Thrower
110 MARTIN MILL RD
Puryear, TN 38251

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 13th day of June, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani
Georgia Bar No. 184261
*Counsel for Plaintiff*

3340 Peachtree Rd NE, Suite 180,
Atlanta, GA 30326
678-916-1248
maha@amircanilaw.com

Sworn to and subscribed before me
this ___ day of _____, 2023.

Notary Public



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Purpear FTP 38251

Certified Mail Fee
$ $4.15

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage
$ $2.46

Total Postage and Fees
$ $9.96

0021
24

Postmark
Here

06/15/2023

Sent To
Jerry Purvicar
Street and Apt. No., or PO Box No.
110 Martin Mill Road
City, State, ZIP+4®
Purvicar TN 38251

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

Massachusetts, and is authorized to transact business in Georgia.

9.  Defendant Liberty Mutual Insurance Company provided a liability insurance policy on behalf of Defendants Interrail Signal Inc. and Jerry Thrower, that being policy no. AS6Z91464642-011. Said policy was in effect on October 25, 2021.

10. Service may be made upon Defendant Liberty Mutual Insurance Company by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

11. Defendant Liberty Mutual Insurance Company is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

12. Venue is proper in this Court as to Defendant Liberty Mutual Insurance Company pursuant to O.C.G.A. § 14-5-510(b)(4).

13. Defendant Jerry Thrower is a Tennessee resident.

14. Defendant Jerry Thrower may be served at his home address of 110 Martin Mill Rd, Puryear, TN 38251.

15. Defendant Jerry Thrower is subject to the jurisdiction of this Court pursuant to the Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

16. Venue is proper in this Court as to Jerry Thrower.

### Facts Applicable to All Counts

17. On or about October 25, 2021, Plaintiff was driving a 2017 Dodge Charger southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

18. Defendant Thrower was driving a blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822, owned or leased by Defendant ISI, southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

19. Defendant Thrower failed to maintain his lane and entered Plaintiff's lane of travel, causing the subject collision.

20. Defendant Jerry Thrower was an employee and agent of Defendant ISI.

21.  Defendant ISI owned and operated the Tractor Trailer with Tag #G2219HY and
     Trailer Tag #U312822

22.  Defendant Thrower was acting in the course and scope of his employment with
     Defendant ISI at the time of the subject collision.

23.  Plaintiff suffered personal injuries and damages because of the Collision.

24.  Defendant Thrower was issued a citation for failing to maintain his lane in violation
     of O.C.G.A. 40-6-48.

25.  At all relevant times, Plaintiff exercised due care for his own safety.

### Negligence

26.  Defendant Jerry Thrower owed a duty of care to the motoring public in general,
     and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent
     manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

27.  The collision was directly and proximately caused by the negligence of Defendant
     Jerry Thrower.

28.  The collision was directly and proximately caused by Defendant Jerry
     Thrower's negligence in failing to maintain lane.

29.  The collision was directly and proximately caused by Defendant Jerry
     Thrower's negligence in failing to keep a proper lookout.

30.  The collision was directly and proximately caused by Defendant Jerry
     Thrower's negligence in being distracted while driving.

31.  Defendant Jerry Thrower's actions constituted negligence *per se*
     regarding applicable laws and standards including, but not limited to:

   31.1.  Failing to exercise due care in failing to maintain lane, in violation of
          O.C.G.A. § 40-6-48;

   31.2   Failing to maintain his lane in violation of O.C.G.A. § 40-6-48; and

   31.3   Failing to exercise due care by engaging in distracted driving in violation of
          O.C.G.A. § 40-6-241.

32.  Plaintiff's personal injuries were directly and proximately caused by Defendant

Jerry Thrower's negligence.

## Imputed Liability

33. At the time of the collision, Defendant Jerry Thrower was under dispatch for Defendant ISI.

34. At the time of the Collision, Defendant Jerry Thrower was operating his vehicle on behalf of Defendant ISI.

35. Defendant ISI is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Jerry Thrower with regard to the collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## Negligent Hiring, Training, Retention, and Supervision

36. Defendant Interrail Signal Inc. is negligent in hiring Defendant Jerry Thrower and entrusting him to drive a commercial motor vehicle.

37. Defendant Interrail Signal Inc. is negligent in failing to properly train Defendant Jerry Thrower.

38. Defendant Interrail Signal Inc. is negligent in failing to discharge Defendant Jerry Thrower before the collision.

39. Defendant Interrail Signal Inc. is negligent in failing to properly service Defendant Jerry Thrower.

40. Defendant Interrail Signal Inc. is negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

41. Defendant Interrail Signal Inc.'s negligence in hiring Defendant Jerry Thrower, entrusting him with driving a commercial vehicle, and failing to train and properly supervise him proximately caused Plaintiff's injuries and damages.

## Direct Action

42.     Defendant Liberty Mutual Insurance Company is subject to a direct action as the insurer for Defendant Interrail Signal Inc. pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

43.     Defendant Liberty Mutual Insurance Company was the insurer of Defendant Interrail Signal Inc. at the time of the collision and issued a liability policy that affords coverage in this case.

44.     Defendants Liberty Mutual Insurance Company and Interrail Signal Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

45.     Defendant Liberty Mutual Insurance Company is responsible for any judgment rendered against Defendants Interrail Signal Inc. or Jerry Thrower.

## Damages

46.     Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

47.     Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

48.     But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

49.     Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

50.     Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their agents were willful, wanton, and

- 5 -

showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendants, in accordance with the enlightened conscience of an impartial jury.

51.   Plaintiff seeks to and is entitled to recover for:

    51.1.   Personal injuries

    51.2.   Past, present, and future pain and suffering

    51.3.   Disability

    51.4.   Disfigurement

    51.5.   Mental anguish

    51.6.   Loss of capacity for the enjoyment of life

    51.7.   Economic losses

    51.8.   Incidental expenses

    51.9.   Past, present, and future medical expenses

    51.10.   Lost earnings

    51.11.   Loss of earning capacity

    51.12.   Permanent injuries

    51.13.   Consequential damages to be proven at trial.

52.   Plaintiff respectfully requests:

    52.1.   Process issue as provided by law

    52.2.   Trial by jury against Defendants

    52.3.   Judgment be awarded to Plaintiff and against Defendants

    52.4.   Plaintiff be awarded damages in amounts to be shown at trial

    52.5.   Plaintiff have such other relief as this Court deems just and appropriate.

Respectfully submitted this 19th day of May, 2023.

AMIRCANI LAW, LLC

Maha Amircani, Esq.
Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248
Fax: (770) 406-2371
E-mail: maha@amircanilaw.com

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

DEVIN MITCHELL,

                Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

                Defendant.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT JERRY THROWER

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff requests that Defendant Jerry Thrower

respond to the following requests for admission in the time and manner required by law.

### Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to

verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or

speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations,

exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website,

including but not limited to, Facebook, LinkedIn, TikTok, Tumblr, Twitter, Reddit, Discord,

YouTube, Instagram, Myspace, Pinterest, and/or WordPress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records,

and other data compilations from which information can be obtained, translated, if necessary, by

the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

(a)   With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)   With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c)   With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the October 25, 2021 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Plaintiffs**" refers to Devin Mitchell.

"**Practitioner(s) and institution(s) of the healing arts**" means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

"**You**" and "**your**" refers to Jerry Thrower.

## Instructions

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates

numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

### Requests for Admission

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Henry County.

5.

Admit that Defendant Interrail Signal Inc. was **your** employer at the time of the **occurrence**.

6.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned or leased by Defendant Interrail Signal Inc.

7.

Admit that **you** were driving the vehicle in the course and scope of **your** employment with Defendant Interrail Signal Inc. at the time of the **occurrence**.

8.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned or leased by Defendant Interrail Signal Inc.

9.

Admit that **you** were driving the vehicle in the course and scope of **your** agency of Defendant Interrail Signal Inc. at the time of the **occurrence**.

10.

Admit that the **occurrence** occurred on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

11.

Admit that prior to the **occurrence you** were on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

12.

Admit that the vehicle **you** were driving on the day of the **occurrence** was equipped with air brakes.

13.

Admit that the vehicle **you** were driving on the day of the **occurrence** was equipped with a manual transmission.

14.

Admit that immediately prior to the **occurrence you** failed to engage the air brakes on **your** vehicle.

15.

Admit that **you** were in the driver's seat of **your** vehicle during the **occurrence**.

16.

Admit that **you** were not paying attention to **your** surroundings immediately prior to and during the **occurrence**.

17.

Admit that **your** vehicle collided with **Plaintiff**'s vehicle.

18.

Admit that **you** were not paying attention to what **you** were doing immediately prior to the **occurrence**.

19.

Admit that **you** had driven for more than eleven (11) consecutive hours prior to the **occurrence**.

20.

Admit that **you** had been on duty for more than fourteen (14) hours prior to the **occurrence**.

21.

Admit that **you** did not take a 30-minute break from driving after driving for more than eight (8) hours prior to the **occurrence**.

22.

Admit that **you** had been on duty for more than sixty (60) hours during the 7-day prior to and leading up to the **occurrence**.

23.

Admit that **you** had been on duty for more than seventy (70) hours during the 8-day period prior to and leading up to the **occurrence**.

24.

Admit that **you** were fatigued prior to and during the **occurrence**.

25.

Admit that **you** were ill/sick prior to and during the **occurrence**.

26.

Admit that **you** were under the influence of alcohol at time of the **occurrence**.

27.

Admit that **you** were under the influence of prescription medication at the time of the **occurrence**.

28.

Admit that **you** were under the influence of illicit drugs at the time of the **occurrence**.

29.

Admit that **you** intentionally collided with Plaintiff.

30.

Admit that you urinated into a container in your vehicle within one (1) hour of the **occurrence**.

31.

Admit that **you** were in a hurry at the time of the **occurrence**.

32.

Admit that **you** failed to follow proper roadway policies and procedures because you were in a hurry at the time of the **occurrence**.

33.

Admit that you were not trained on public roadway policies or procedures by Interrail Signal Inc. at any time prior to the **occurrence**.

34.

Admit that **you** regularly urinated into containers in **your** vehicle prior to the **occurrence**.

35.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were in a hurry to serves on behalf of Defendant Interrail Signal Inc. prior to the **occurrence**.

36.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were under time constraints imposed by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

37.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were incentivized by Defendant Interrail Signal Inc. to provide services quickly prior to and at the time of the **occurrence**.

38.

Admit that **you** were incentivized to deliver loads and/or provide services quickly on behalf of Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

39.

Admit that **you** were paid per load and/or per service by Defendant Interrail Signal Inc. for loads **you** delivered on its behalf prior to and at the time of the **occurrence**.

40.

Admit that **you** were paid by the mile by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

41.

Admit that **you** were paid by the hour by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

42.

Admit that **you** were paid a set salary by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

43.

Admit that **you** violated one or more of the Federal Motor Carrier Safety Regulations in relation to the **occurrence**.

44.

Admit that **you** caused the **occurrence**.

45.

Admit that **you** contributed to the **occurrence**.

46.

Admit that **you** were negligent in causing the **occurrence**.

47.

Admit that **you** were negligent in contributing to the **occurrence**.

48.

Admit that **you** were reckless in causing the **occurrence**.

49.

Admit that **you** were reckless in contributing to the **occurrence**.

50.

Admit that **Plaintiff** did not cause or contribute to the **occurrence**.

51.

Admit that **you** have a history of reckless driving.

52.

Admit that **you** have a pattern of dangerous driving.

53.

Admit that **you** were driving with a conscious indifference to the other drivers on the road at the time of the **occurrence**.

54.

Admit that **you** were driving with a conscious indifference to the potential consequences of **your** actions at the time of the **occurrence**.

55.

Admit that **you** were distracted at the time of the **occurrence**.

56.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** negligence.

57.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** recklessness.

58.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the occurrence.

59.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the occurrence.

60.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the occurrence was reasonable and necessary.

61.

Admit that **Plaintiff** did nothing to cause the **occurrence**.

62.

Admit that **Plaintiff** is zero percent liable for causing the **occurrence**.

Respectfully submitted this 31ˢᵗ day of May, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani, Esq.
Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248

Fax: (770) 406-2371
E-mail: maha@amircanilaw.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DEVIN MITCHELL,

                 Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

                 Defendant.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THROWER

TO:    Defendant, by and through counsel of record.

        Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

        The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

        In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

1.

        State the name and address of any person, including any party, who, to your knowledge, information or belief:

        (a)    Was an eyewitness to the incident complained of in this action;

        (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

        (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please state the current address and employer, date of birth, Social Security number and driver's license number of defendant.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Has any entity issued a policy of liability insurance to the defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, the policy of insurance identified in response to Interrogatory No. 7. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

10.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

2

11.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Was the defendant on the business of any individual or entity at the time of the accident? If so, please identify any such individual or entity including name, address and telephone number.

16.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

17.

3

Please identify all automobile accidents and moving violations for the defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, a copy of the defendant's driver's license. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by the defendant on the date of the incident.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If the defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

22.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

This 28th day of March, 2023.

**AMIRCANI LAW, LLC**

By:   /s/ Maha Amircani
      Maha Amircani
      Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248
Fax: (770) 406-2371

4

E-mail: maha@amircanilaw.com

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**RECEIVED**
*By Secretary of State at 11:14 am, Jul 06, 2023*

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
JUN 13, 2023 12:54 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   STSV2023001208

Mitchell, Devin

_____

**PLAINTIFF**

**VS.**

Interrail Signal Inc.
Liberty Mutual Insurance Company
Thrower, Jerry

_____

**DEFENDANTS**

### SUMMONS

TO: THROWER, JERRY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Maha Amircani**
> **Amircani Law, LLC**
> **3340 Peachtree Rd NE**
> **Suite 180**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of June, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

⚛ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2023001208
SNK
JUL 07, 2023 02:02 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Control Number : SOP-23146547

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Jerry L. Thrower**

have been filed with the Secretary of State on 07/06/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Devin Mitchell v. Jerry L. Thrower
Court: State Court of Henry County
Civil Action No.: STSV2023001208

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 07/07/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State



Maha Amircani, Esq.
maha@amircanilaw.com

**AMIRCANI**
LAW

Telephone 678.916.1248
Facsimile 770.406.2371

3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326

June 13, 2023

SECRETARY OF STATE, GEORGIA
2 Martin Luther King, Jr. Drive
West Tower, Suite 315
Atlanta, Georgia 30334

RE:     Mitchell v. Thrower, et al; State Court of Henry County;
        Civil Action File No.: STSV2023001208

Dear Sir/Madame:

Please find enclosed a second original complaint and discovery in the above-referenced matter that is being served upon the Secretary of State as agent for Defendant Thrower pursuant to the Non-Resident Motorist Statute. I have also enclosed our firm's check in the amount of $10.00 to cover the cost of accepting service.

                                        Sincerely,

                                        Maha Amircani, Esq.

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK

JUN 13, 2023 12:54 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DEVIN MITCHELL,

               Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

               Defendant.

CIVIL ACTION

FILE NO.:

**JURY TRIAL DEMANDED**

### Parties, Jurisdiction, And Venue

1. Plaintiff is a citizen of the State of Georgia.

2. Defendant Interrail Signal Inc. ("ISI") is a commercial motor carrier and owns and operates blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822 that was involved in the Collision that forms the basis for this lawsuit.

3. Defendant Interrail Signal Inc. is a Georgia corporation licensed to do business in Georgia with its principal place of business located at 12443 San Jose Boulevard, Ste. 1103, Jacksonville, FL, 32223, USA.

4. Defendant Interrail Signal Inc. has designated as its agent for service Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA, upon whom service of the Summons and Complaint for Damages can be made.

5. Defendant ISI's US DOT # is 1012024.

6. Defendant ISI is subject to the jurisdiction of this Court.

7. Venue is proper in this Court as to Defendant Interrail Signal Inc.

8. Defendant Liberty Mutual Insurance Company is a foreign corporation, existing under the laws of Massachusetts, with its principal place of business in

- 1 -

## AFFIDAVIT OF COMPLIANCE FOR
## NON-RESIDENT MOTORIST STATUTE SERVICE

I, Maha Amircani, the undersigned, am the attorney who represents the plaintiff in the case of:

MITCHELL vs. THROWER, ET AL in the State Court of Henry County, State of Georgia, Civil Action Number: STSV2023001208

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address:

Jerry L. Thrower
110 MARTIN MILL RD
Puryear, TN 38251

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 13th day of June, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani
Georgia Bar No. 184261
*Counsel for Plaintiff*

3340 Peachtree Rd NE, Suite 180,
Atlanta, GA 30326
678-916-1248
maha@amircanilaw.com

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Purser FTF-38251

Certified Mail Fee
$ $4.15

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage
$ $2.46

Total Postage and Fees
$ $9.96

0021
24

Postmark
Here

06/15/2023

Sent To
Jerry Purucar

Street and Apt. No., or PO Box No.
140 Marina Mill Road

City, State, ZIP+4®
Purucar, TN 38251

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

Massachusetts, and is authorized to transact business in Georgia.

9.   Defendant Liberty Mutual Insurance Company provided a liability insurance policy on behalf of Defendants Interrail Signal Inc. and Jerry Thrower, that being policy no. AS6Z91464642-011. Said policy was in effect on October 25, 2021.

10.  Service may be made upon Defendant Liberty Mutual Insurance Company by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

11.  Defendant Liberty Mutual Insurance Company is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

12.  Venue is proper in this Court as to Defendant Liberty Mutual Insurance Company pursuant to O.C.G.A. § 14-5-510(b)(4).

13.  Defendant Jerry Thrower is a Tennessee resident.

14.  Defendant Jerry Thrower may be served at his home address of 110 Martin Mill Rd, Puryear, TN 38251.

15.  Defendant Jerry Thrower is subject to the jurisdiction of this Court pursuant to the Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

16.  Venue is proper in this Court as to Jerry Thrower.

## Facts Applicable to All Counts

17.  On or about October 25, 2021, Plaintiff was driving a 2017 Dodge Charger southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

18.  Defendant Thrower was driving a blue Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822, owned or leased by Defendant ISI, southbound on I-75 about 0.5 miles north of Hudson Bridge Road in Henry County, GA.

19.  Defendant Thrower failed to maintain his lane and entered Plaintiff's lane of travel, causing the subject collision.

20.  Defendant Jerry Thrower was an employee and agent of Defendant ISI.

21. Defendant ISI owned and operated the Tractor Trailer with Tag #G2219HY and Trailer Tag #U312822

22. Defendant Thrower was acting in the course and scope of his employment with Defendant ISI at the time of the subject collision.

23. Plaintiff suffered personal injuries and damages because of the Collision.

24. Defendant Thrower was issued a citation for failing to maintain his lane in violation of O.C.G.A. 40-6-48.

25. At all relevant times, Plaintiff exercised due care for his own safety.

### Negligence

26. Defendant Jerry Thrower owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

27. The collision was directly and proximately caused by the negligence of Defendant Jerry Thrower.

28. The collision was directly and proximately caused by Defendant Jerry Thrower's negligence in failing to maintain lane.

29. The collision was directly and proximately caused by Defendant Jerry Thrower's negligence in failing to keep a proper lookout.

30. The collision was directly and proximately caused by Defendant Jerry Thrower's negligence in being distracted while driving.

31. Defendant Jerry Thrower's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

    31.1. Failing to exercise due care in failing to maintain lane, in violation of O.C.G.A. § 40-6-48;

    31.2 Failing to maintain his lane in violation of O.C.G.A. § 40-6-48; and

    31.3 Failing to exercise due care by engaging in distracted driving in violation of O.C.G.A. § 40-6-241.

32. Plaintiff's personal injuries were directly and proximately caused by Defendant

Jerry Thrower's negligence.

## Imputed Liability

33. At the time of the collision, Defendant Jerry Thrower was under dispatch for Defendant ISI.

34. At the time of the Collision, Defendant Jerry Thrower was operating his vehicle on behalf of Defendant ISI.

35. Defendant ISI is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Jerry Thrower with regard to the collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## Negligent Hiring, Training, Retention, and Supervision

36. Defendant Interrail Signal Inc. is negligent in hiring Defendant Jerry Thrower and entrusting him to drive a commercial motor vehicle.

37. Defendant Interrail Signal Inc. is negligent in failing to properly train Defendant Jerry Thrower.

38. Defendant Interrail Signal Inc. is negligent in failing to discharge Defendant Jerry Thrower before the collision.

39. Defendant Interrail Signal Inc. is negligent in failing to properly service Defendant Jerry Thrower.

40. Defendant Interrail Signal Inc. is negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

41. Defendant Interrail Signal Inc.'s negligence in hiring Defendant Jerry Thrower, entrusting him with driving a commercial vehicle, and failing to train and properly supervise him proximately caused Plaintiff's injuries and damages.

## Direct Action

42.  Defendant Liberty Mutual Insurance Company is subject to a direct action as the insurer for Defendant Interrail Signal Inc. pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

43.  Defendant Liberty Mutual Insurance Company was the insurer of Defendant Interrail Signal Inc. at the time of the collision and issued a liability policy that affords coverage in this case.

44.  Defendants Liberty Mutual Insurance Company and Interrail Signal Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

45.  Defendant Liberty Mutual Insurance Company is responsible for any judgment rendered against Defendants Interrail Signal Inc. or Jerry Thrower.

## Damages

46.  Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

47.  Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

48.  But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

49.  Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

50.  Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their agents were willful, wanton, and

showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendants, in accordance with the enlightened conscience of an impartial jury.

51. Plaintiff seeks to and is entitled to recover for:

    51.1.   Personal injuries

    51.2.   Past, present, and future pain and suffering

    51.3.   Disability

    51.4.   Disfigurement

    51.5.   Mental anguish

    51.6.   Loss of capacity for the enjoyment of life

    51.7.   Economic losses

    51.8.   Incidental expenses

    51.9.   Past, present, and future medical expenses

    51.10.  Lost earnings

    51.11.  Loss of earning capacity

    51.12.  Permanent injuries

    51.13.  Consequential damages to be proven at trial.

52. Plaintiff respectfully requests:

    52.1.   Process issue as provided by law

    52.2.   Trial by jury against Defendants

    52.3.   Judgment be awarded to Plaintiff and against Defendants

    52.4.   Plaintiff be awarded damages in amounts to be shown at trial

    52.5.   Plaintiff have such other relief as this Court deems just and appropriate.

Respectfully submitted this 19th day of May, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani, Esq.
Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248
Fax: (770) 406-2371
E-mail: maha@amircanilaw.com

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

DEVIN MITCHELL,

                  Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

                  Defendant.

CIVIL ACTION

FILE NO.: _____

**<u>JURY TRIAL DEMANDED</u>**

**<u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
TO DEFENDANT JERRY THROWER</u>**

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff requests that Defendant Jerry Thrower

respond to the following requests for admission in the time and manner required by law.

**<u>Definitions</u>**

**"Communication(s)"** means both oral and written exchanges, including but not limited to

verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or

speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations,

exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website,

including but not limited to, Facebook, LinkedIn, TikTok, Tumblr, Twitter, Reddit, Discord,

YouTube, Instagram, Myspace, Pinterest, and/or WordPress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records,

and other data compilations from which information can be obtained, translated, if necessary, by

the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

(a)     With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)     With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c)     With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the October 25, 2021 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Plaintiffs**" refers to Devin Mitchell.

"**Practitioner(s) and institution(s) of the healing arts**" means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

"**You**" and "**your**" refers to Jerry Thrower.

**<u>Instructions</u>**

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates

numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

### Requests for Admission

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Henry County.

5.

Admit that Defendant Interrail Signal Inc. was **your** employer at the time of the **occurrence**.

6.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned or leased by Defendant Interrail Signal Inc.

7.

Admit that **you** were driving the vehicle in the course and scope of **your** employment with

Defendant Interrail Signal Inc. at the time of the **occurrence**.

8.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned or leased

by Defendant Interrail Signal Inc.

9.

Admit that **you** were driving the vehicle in the course and scope of **your** agency of

Defendant Interrail Signal Inc. at the time of the **occurrence**.

10.

Admit that the **occurrence** occurred on I-75 about 0.5 miles north of Hudson Bridge Road

in Henry County, GA.

11.

Admit that prior to the **occurrence you** were on I-75 about 0.5 miles north of Hudson

Bridge Road in Henry County, GA.

12.

Admit that the vehicle **you** were driving on the day of the **occurrence** was equipped with

air brakes.

13.

Admit that the vehicle **you** were driving on the day of the **occurrence** was equipped with

a manual transmission.

14.

Admit that immediately prior to the **occurrence you** failed to engage the air brakes on **your** vehicle.

15.

Admit that **you** were in the driver's seat of **your** vehicle during the **occurrence**.

16.

Admit that **you** were not paying attention to **your** surroundings immediately prior to and during the **occurrence**.

17.

Admit that **your** vehicle collided with **Plaintiff**'s vehicle.

18.

Admit that **you** were not paying attention to what **you** were doing immediately prior to the **occurrence**.

19.

Admit that **you** had driven for more than eleven (11) consecutive hours prior to the **occurrence**.

20.

Admit that **you** had been on duty for more than fourteen (14) hours prior to the **occurrence**.

21.

Admit that **you** did not take a 30-minute break from driving after driving for more than eight (8) hours prior to the **occurrence**.

22.

Admit that **you** had been on duty for more than sixty (60) hours during the 7-day prior to and leading up to the **occurrence**.

23.

Admit that **you** had been on duty for more than seventy (70) hours during the 8-day period prior to and leading up to the **occurrence**.

24.

Admit that **you** were fatigued prior to and during the **occurrence**.

25.

Admit that **you** were ill/sick prior to and during the **occurrence**.

26.

Admit that **you** were under the influence of alcohol at time of the **occurrence**.

27.

Admit that **you** were under the influence of prescription medication at the time of the **occurrence**.

28.

Admit that **you** were under the influence of illicit drugs at the time of the **occurrence**.

29.

Admit that **you** intentionally collided with Plaintiff.

30.

Admit that you urinated into a container in your vehicle within one (1) hour of the **occurrence**.

31.

Admit that **you** were in a hurry at the time of the **occurrence**.

32.

Admit that **you** failed to follow proper roadway policies and procedures because you were in a hurry at the time of the **occurrence**.

33.

Admit that you were not trained on public roadway policies or procedures by Interrail Signal Inc. at any time prior to the **occurrence**.

34.

Admit that **you** regularly urinated into containers in **your** vehicle prior to the **occurrence**.

35.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were in a hurry to serves on behalf of Defendant Interrail Signal Inc. prior to the **occurrence**.

36.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were under time constraints imposed by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

37.

Admit that **you** regularly urinated into containers in **your** vehicle because **you** were incentivized by Defendant Interrail Signal Inc. to provide services quickly prior to and at the time of the **occurrence**.

38.

Admit that **you** were incentivized to deliver loads and/or provide services quickly on behalf of Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

39.

Admit that **you** were paid per load and/or per service by Defendant Interrail Signal Inc. for loads **you** delivered on its behalf prior to and at the time of the **occurrence**.

40.

Admit that **you** were paid by the mile by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

41.

Admit that **you** were paid by the hour by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

42.

Admit that **you** were paid a set salary by Defendant Interrail Signal Inc. prior to and at the time of the **occurrence**.

43.

Admit that **you** violated one or more of the Federal Motor Carrier Safety Regulations in relation to the **occurrence**.

44.

Admit that **you** caused the **occurrence**.

45.

Admit that **you** contributed to the **occurrence**.

46.

Admit that **you** were negligent in causing the **occurrence**.

47.

Admit that **you** were negligent in contributing to the **occurrence**.

48.

Admit that **you** were reckless in causing the **occurrence**.

49.

Admit that **you** were reckless in contributing to the **occurrence**.

50.

Admit that **Plaintiff** did not cause or contribute to the **occurrence**.

51.

Admit that **you** have a history of reckless driving.

52.

Admit that **you** have a pattern of dangerous driving.

53.

Admit that **you** were driving with a conscious indifference to the other drivers on the road at the time of the **occurrence**.

54.

Admit that **you** were driving with a conscious indifference to the potential consequences of **your** actions at the time of the **occurrence**.

55.

Admit that **you** were distracted at the time of the **occurrence**.

56.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** negligence.

57.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** recklessness.

58.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the occurrence.

59.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the occurrence.

60.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the occurrence was reasonable and necessary.

61.

Admit that **Plaintiff** did nothing to cause the **occurrence**.

62.

Admit that **Plaintiff** is zero percent liable for causing the **occurrence**.

Respectfully submitted this 31st day of May, 2023.

**AMIRCANI LAW, LLC**

Maha Amircani, Esq.
Georgia Bar No. 184261

*Attorney for Plaintiff*

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248

Fax:  (770) 406-2371
E-mail:  maha@amircanilaw.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DEVIN MITCHELL,

                Plaintiff,

v.

INTERRAIL SIGNAL INC., JERRY
THROWER, and LIBERTY MUTUAL
INSURANCE COMPANY,

                Defendant.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THROWER

TO:    Defendant, by and through counsel of record.

        Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

        The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

        In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

1.

        State the name and address of any person, including any party, who, to your knowledge, information or belief:

        (a)    Was an eyewitness to the incident complained of in this action;

        (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

        (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please state the current address and employer, date of birth, Social Security number and driver's license number of defendant.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Has any entity issued a policy of liability insurance to the defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, the policy of insurance identified in response to Interrogatory No. 7. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

10.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

2

11.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Was the defendant on the business of any individual or entity at the time of the accident? If so, please identify any such individual or entity including name, address and telephone number.

16.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

17.

3

Please identify all automobile accidents and moving violations for the defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, a copy of the defendant's driver's license. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by the defendant on the date of the incident.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Amircani Law, LLC, 3340 Peachtree Rd NE, Suite 180, Atlanta, GA 30326, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If the defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

22.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

This 28th day of March, 2023.

**_AMIRCANI LAW, LLC_**

By:   /s/ Maha Amircani
Maha Amircani
Georgia Bar No. 184261

_Attorney for Plaintiff_

3340 Peachtree Rd NE
Suite 180
Atlanta, GA 30326
(678) 916-1248
Fax: (770) 406-2371

4

E-mail: maha@amircanilaw.com

# STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023001208**
SNK
JUN 13, 2023 12:54 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**RECEIVED**
*By Secretary of State at 11:14 am, Jul 06, 2023*

CIVIL ACTION NUMBER  <u>STSV2023001208</u>

Mitchell, Devin

_____

**PLAINTIFF**

                                        **VS.**

Interrail Signal Inc.
Liberty Mutual Insurance Company
Thrower, Jerry

_____

**DEFENDANTS**

**SUMMONS**

TO: THROWER, JERRY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Maha Amircani**
> **Amircani Law, LLC**
> **3340 Peachtree Rd NE**
> **Suite 180**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of June, 2023.**

                              Clerk of State Court

                              *Lynne M. Policaro*
_____
                    Lynne M. Policaro, Clerk of State Court
                              Henry County, Georgia