

**EXHIBIT 2**



# JOSHUA E. PALMER
## —ATTORNEY AT LAW—

P.O. BOX 7677
WARNER ROBINS, GEORGIA 31095
TELEPHONE 478-733-8820
FACSIMILE 478-254-9695

June 11, 2022

*Via CERTIFIED MAIL 7020 3160 0000 4917 3104*

Construction CST
First Liberty Insurance Corporation
P.O. Box 7214
London, KY 40742-7214

| | Re: | Our Client: | **Devin Mitchell** |
|---|---|---|---|
| | | Your Insured: | **Interrail Signal Inc.** |
| | | Date of Loss: | **10/25/2021** |
| | | Claim Number: | **AB505-491119-01** |

To Whom It May Concern,

     This office represents Devin Mitchell, the above referenced claimant, who was injured by your insured on October 25, 2021. It is our understanding that your available policy limits to protect your insured are $1,000,000.00. This understanding is predicated on information provided by your company, and we are expressly relying on your representation that the policy limits are the amount stated herein. If your company contends the applicable policy limits are greater or less than the amount specified herein, please let us know your position within ten (10) days of receipt of this letter, as this information could materially alter the amount and other content of this demand.

## OFFER TO SETTLE TORT CLAIM
## MADE PURSUANT TO O.C.G.A. § 9-11-67.1

## INTRODUCTION

Pursuant to O.C.G.A.§ 9-11-67.1, we are providing to you a reasonable opportunity to settle Mr. Devin Mitchell's claims against your insured arising out of the above-referenced motor vehicle collision for an amount within policy limits to the extent provided in the attached limited liability release. By timely accepting this offer, you will protect your insured from the responsibility to pay an excess judgment; protracted litigation (not including that which may be necessary to make other insurance claims); the time and expense of attending depositions, participating in discovery and attending trial; the emotional cost attendant to reliving the collision and the harm caused to others by your insured's negligence; financial loss and other damages attributed to credit reports and ratings; litigation costs and attorneys' fees; and other losses typically caused by a failure to timely settle claims. We are making this demand pursuant to O.C.G.A. § 33-24-41.1

## LIABILITY

This case, with respect to my client, obviously represents more than a conventional injury case from both the liability and injury standpoints. On October 25, 2021, Devin Mitchell was the victim of an automobile collision caused by your insured. **Your insured merged into his lane causing a collision.** Because of his negligence, Devin Mitchell's vehicle was damaged, and he sustained severe injuries.

The investigating officer, who can certainly be qualified as an expert with respect to accident investigations, interviewed all parties, incorporated their testimony into the narrative portion of the police report, and following a thorough investigation, your insured was cited for **Changed Lanes Improperly and Misjudged Clearance**. I respectfully direct your attention to a case decided by the Georgia Court of Appeals. **The investigating police officer will be allowed to testify at trial as to the contributing factors of the collision.** See Bennett v. Mullally, 263 Ga. App. 215, 587 S.E.2d 385 (2003). Your insured is guilty of negligence per se and there certainly can be no question or viable defense regarding liability.

## INJURIES

**The Paulk Clinic**

Upon presenting to **The Paulk Clinic**, Devin Mitchell was given a thorough examination to assess his pain symptoms. The medical records state that Devin Mitchell was experiencing **headaches, neck pain, arm pain, elbow pain, shoulder pain, hip pain, and back pain. His symptoms are aggravated by movement and worse in the morning. His pain symptoms affected his ability to sleep, perform his daily activities, and perform his work duties.**

The attending physician noted that Devin Mitchell injuries were acute injuries that were trauma induced. The medical records state that Devin Mitchell was experiencing significant pain, stiffness, and a decreased range of motion. Based upon his history, the symptoms are directly attributed to the aforementioned trauma and that all therapies and procedures are deemed medically necessary. Based on examination evaluation and diagnostic imaging, it is of Dr. Kulmacz, DC's

professional opinion that **Devin Mitchell has an impairment of 5-8 percent Whole Person,** using the Guides to Evaluation of Permanent Impairment, Fifth Edition, American Medical Association. **He also reported that it can take up to 2 years to heal and require different treatment protocols.**

Following the initial examination, Devin Mitchell began the treatment plan prescribed by Dr. Kulmacz, DC. The treatment included outpatient physical therapy and education in home exercises to accelerate his recovery and minimize his medical expenses. Devin Mitchell diligently pursued his treatment program to dissipate the pain symptoms he sustained because of your insured's negligence.

To date, Devin Mitchell was diagnosed with the following conditions as a direct result of your insured's negligent actions on October 25, 2021:

1. **Car Driver injured in Collision with other type car in traffic accident**
2. **Cervicalgia**
3. **Muscle Spasm of Back**
4. **Acute Posttraumatic Headache**
5. **Segmental and Somatic Dysfunction of Cervical Region**
6. **Segmental and Somatic Dysfunction of Thoracic Region**
7. **Segmental and Somatic Dysfunction of Lumbar Region**
8. **Pain in Left Shoulder; Left Elbow; Left Wrist**
9. **Dorsopathy**
10. **Low Back Pain**
11. **Sleep Disorder**
12. **Difficulty and Walking**
13. **Acute Stress Reaction**
14. **Abnormal Posture**
15. **Stiffness of Joint**

## Allegiance Imaging & Radiology, LLC

During his course of conservative treatment, Mr. Mitchell continued to experience significant pain symptoms that were not improving with the conservative care. Mr. Mitchell tried the conservative treatment for several weeks, however, he continued to have severe pain symptoms in his back and neck that were causing numbness and tingling. Due to the nature and severity of Mr. Mitchell's pain symptoms, the provider referred him for an MRI of his neck and back.

**MRI on the *Cervical Spine* showed:**

1. **C3-C4: Disc Bulge.**
2. **C4-C5: Disc Bulge.**
3. **C5-C6: Disc Bulge.**
4. **C6-C7: Disc Bulge.**

**MRI on the *Lumbar Spine* showed:**

1. **L3-L4: Disc Bulge.**
2. **L4-L5: Disc Bulge.**
3. **L5-S1: Disc Bulge.**

## Spine Center Atlanta

Upon presenting to **Spine Center Atlanta**, Mr. Mitchell was given a thorough examination to assess his pain symptoms. The records state that Mr. Mitchell was experiencing **significant back pain, shoulder pain, and neck pain.** He had **significant disc bulges and disc herniations.** To help alleviate this pain, the provider administered **bilateral C5/6 and C6/7 cervical facet joint medial branch blocks** and advised him of MBB at the L3-S1 levels for low back pain. Risks, benefits, indications, and alternatives of the recommended treatment plan were detailed, and Devin agreed to proceed with the procedures. He was also given a back brace and Biofreeze External Gel for pain symptoms. **The provider noted the pain has potential to return in the future, which may require pain management services and/or spine surgery.**

To date, Mr. Mitchell was diagnosed with the following conditions as a direct result of your insured's negligent actions on October 25, 2021:

1. **Lumbar Disc Herniation.**
2. **Cervical Disc Herniation.**
3. **Pain of Cervical Facet Joint**
4. **Lumbar Facet Arthropathy**

We have included a copy of the medical bills and records for each of Devin Mitchell's medical providers. Devin Mitchell sought prompt, consistent treatment following his automobile collision.

Devin Mitchell's injuries need no further embellishment or amplification; however, the attendant mental and emotional consequences, which are just as debilitating, equally cannot be overlooked. Devin Mitchell physical activities have been severely curtailed to date and his social interactions substantially reduced since this collision.

## MEDICAL EXPENSES FOR DEVIN MITCHELL

We have included Devin Mitchell's medical expenses and the accompanying records. The records clearly state the seriousness of Devin Mitchell's injuries. Because of this collision, Devin Mitchell has suffered permanent spinal injuries to his neck, shoulders, and back. Given the permanency of his injuries, there can be no question that the value of this case will exceed your insured's policy limits. Copies of his medical providers' billings and records are enclosed.

**To date, Devin Mitchell has incurred medical expenses to date in the amount of $31,934.32.**

## FUTURE MEDICAL COSTS

This was a serious accident involving a severe impact, which resulted in my client obtaining immediate medical treatment. My client still experiences pain and will need to seek pain management treatment, physical therapy, additional orthopedic treatment, and additional surgery to alleviate the pain and live a normal life. **Based on examination evaluation and diagnostic imaging, it is of Dr. Kulmacz, DC's professional opinion that Devin Mitchell has an impairment of 5-8 percent Whole Person.** Spine Center Atlanta recommendations contained in the Comprehensive Surgical Estimates is reasonably required to restore Mr. Mitchell to a suitable level of functional independence. **The Statement of Medical Necessity is for 2 Level Cervical Thoracic MBB and TFESI 2 Level. (See Surgical Estimates)**

Please keep in mind that this amount does not include the amount for medications prescribed, which can be costly and must seriously be considered. I believe these factors must receive proper and adequate consideration by your company and would be significant to a jury.

## PAIN & SUFFERING

Georgia law requires that Devin Mitchell be compensated for pain and suffering. Pain and suffering is defined as follows:

> Damages for physical and emotional pain, discomfort, anxiety, hardship, distress, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship, loss of consortium, injury to reputation, and all other nonpecuniary losses of any kind or nature.

Georgia law presumes that pain and suffering accompanies a physical injury. (*See White v. Hammond*, 129 Ga.App. 408 (1973); *Cochran v. Lynch*, 126 Ga.App. 866 (1972). Pain and suffering includes mental suffering, anxiety, shock, and worry, as examples of what might also be included under mental pain and suffering. (*Daniels v. Vinson*, 104 Ga.App. 886, 893 (1961)).

Because of your insured's negligence, Devin Mitchell has suffered significant injuries. The injuries he sustained following this incident have not only made it more difficult to perform his work duties and his daily routine but have also disrupted his sleeping pattern. He was having difficulty with such routine tasks as performing household chores, lifting and carrying light objects, leaning forward, bending, prolonged standing, prolonged sitting, and extended walking. Furthermore, Devin Mitchell lost enjoyment in sports, hobbies, exercise. **He suffered loss of income from missing time from work due to treatment.** In addition, he has experienced paranoia and anxiety while traveling after this collision. As a direct result of this collision, Devin Mitchell has suffered injuries in this collision that have affected all aspects of his life.

## DEMAND

This is an attempt to resolve a disputed claim, and nothing herein shall be deemed an admission at the trial of this case. Further, no effort is made to provide legal advice to anyone by way of this correspondence. The undersigned parties should seek their own counsel regarding any other inquiry.

Pursuant to O.C.G.A. § 9-11-67.1 and on behalf of Devin Mitchell, we are providing a reasonable opportunity to settle the claims against your insured for **$150,000.00.**

We feel this figure is a fair and reasonable amount to compensate Devin Mitchell for his bodily injuries, medical expenses, loss of wages, disability, pain and suffering, mental anguish, and loss of the capacity for the enjoyment of life.

At this time, we are requesting your attention to this demand. We look forward to an amicable resolution of this claim. **Please respond within 30 days of receipt of this demand**.

If you have any questions, please do not hesitate to contact me at 478-733-8820.  I look forward to working with you towards resolving this matter amicably.

Very truly yours,

JOSHUA E. PALMER, LLC

BY:   _Joshua E Palmer, Esq._

JOSHUA E. PALMER
Attorney at Law

Enclosures