# Exhibit B

**SOCIAL SECURITY ADMINISTRATION**

Refer to: Sharon Ann Turner

Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: April 3, 2023

Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

Dear Representative Flynn:

Re:   Sharon Ann Turner v. Commissioner of Social Security
      U.S.D.C. for the Northern District of Georgia
      Civil Action Number 1:19-CV-3908-JPB

We have considered the reasons you disagree with the Administrative Law Judge's decision dated April 20, 2022, and all of the issues in the case. We found no reason under our rules to assume jurisdiction.

### Why We Are Taking This Action

In your exceptions, you contend the Administrative Law Judge failed to find the claimant's history of memory loss, hypokalemia, and fracture to the right orbital wall and left nasal bone to be severe impairments. However, the record does not support that these impairments are severe. We conclude the Administrative Law Judge did not err in evaluating the severity of the claimant's impairments.

You contend the Administrative Law Judge erred in formulating the residual functional capacity because the Administrative Law Judge did not include corresponding limitations for the claimant's moderate difficulties in social functioning. However, the residual functional capacity limits the claimant to occasional interaction with supervisors and coworkers and no interaction with the public (Decision, Finding 4).

You contend that the residual functional capacity is silent regarding claimant's capacity to interact with supervisors. However, the residual functional capacity specifically states the claimant is limited to occasional interaction with supervisors (Decision, Finding 4).



See Next Page

Sharon Ann Turner                                                                            Page 2 of 5

You contend that the limitation to simple tasks does not account for the claimant's moderate difficulties in concentration, persistence, or maintaining pace. However, the residual functional capacity also limits the claimant to simple work-related decisions and only occasional changes in the claimant's work routine (Decision, Finding 4).

You contend that the residual functional capacity does not account for off task time, how long concentration can last before a break is needed, the ability to focus without distracting co-workers, the ability to adhere to a normal work schedule without additional supervision, or reliability in terms of attendance. However, we expect an individual who is limited to simple tasks to maintain concentration and attention for the approximately 2-hour segments between arrival and first break, lunch, second break, and departure (POMS DI 25020.010). Because the Administrative Law Judge limited the claimant, in part, to simple tasks, the residual functional capacity includes a limitation with respect to the claimant's ability to concentrate, persist, or maintain pace (Decision, Finding 4). We find the Administrative Law Judge did not err in explaining the mental residual functional capacity We conclude the Administrative Law Judge provided an adequate evaluation of the claimant's functional limitations.

You contend the Administrative Law Judge erred in the analysis of the claimant's subjective complaints. However, the Administrative Law Judge took into account inconsistencies between the objective medical evidence and the claimant's alleged symptoms and limitations as well as inconsistencies between the claimant's daily activities and her allegations (Decision, page 9). We find the Administrative Law Judge did not err in evaluating the claimant's subjective complaints.

**What This Action Means**

The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

**Additional Evidence**

You submitted medical records from Grady Memorial Hospital dated September 15, 2021 to November 6, 2022, 117 pages. We find that you did not have good cause for why you missed informing us about or submitting this evidence earlier. We also find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

**If You Disagree With the Administrative Law Judge's Decision**

The court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.

If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.



See Next Page

### How To File A Civil Action

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

### Time To File A Civil Action

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

### About the Law

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.



See Next Page

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**Need More Help?**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at 1-800-772-1213, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY 1-800-325-0778. Please mention this notice when you call.
3. You may also call your local office at (866)931-9946.

>Social Security
>Ste 2860 Flr 28
>401 W Peachtree St NW
>Atlanta, GA 30308-9972

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

/s/ *Charlene P. Bellinger*
Charlene P. Bellinger
Administrative Appeals Judge

cc:
Sharon Ann Turner
1328 Peachtree St NE
Atlanta, GA 30309



See Next Page

Sharon Ann Turner
Claimant

Wage Earner

## AC EXHIBITS LIST

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES | COURT TRANSCRIPT PAGE NO. |
|---|---|---|---|
| Exhibit B45E | Exceptions dated April 28, 2022 | 5 | |
| Exhibit B57B | Claimant's Request for Review of the Hearing Decision filed May 3, 2022 | 3 | |



Case 1:23-mi-99999-UNA   Document 2240-2   Filed 07/14/23   Page 7 of 9

Dcaro CCPRB 3 Section
Room 801
5107 Leesburg Pike
Falls Church, VA 22041

5273 2 MA 0.531 P2 T19 157689 1 12 1 CIPA R230403 0000
Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030



