IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **GAIN SERVICING LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| v. | ) | |
| | ) | |
| **ACCELERATED CARE CENTER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(c), Defendant Accelerated Care Center, LLC ("ACC") by and through its counsel of record having specially entered their limited appearance, hereby removes to this Court the state-court action described herein and captioned as *Gain Servicing, LLC v. Accelerated Care Center, LLC, Case No. 2023-cv-380689*.

Federal diversity jurisdiction exists under 28 U.S.C. § 1332(a), because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, and the diversity of citizenship requirements are met. ACC states the following grounds for removal:

## I.   INTRODUCTION

On June 7, 2023, Plaintiff Gain Servicing, LLC ("Gain Servicing") filed a complaint against ACC in the Superior Court of Fulton County, Georgia, styled *Gain Servicing, LLC v. Accelerated Care Center, LLC*, No. 2023-cv-380689 ("Complaint"). At the time of filing this Notice of Removal ("Notice"), the case is pending in the Superior Court of Fulton County, Georgia.

Plaintiff served the Complaint on ACC on June 14, 2023.

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the Federal Courts, a defendant may remove the action to Federal Court. 28 U.S.C. § 1441(a). This Court has original jurisdiction over this action under 28 U.S.C. § 1332 *et seq*. The action may be removed from the Superior Court of Fulton County, Georgia to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(c), because there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs as demonstrated below.

## II.   PAPERS FROM REMOVED ACTION

Pursuant to 28 U.S.C. §1446(a) this Notice is accompanied by documents that constitute all the process, pleadings and orders served upon ACC in the State Court Action. (Summons from the Superior Court of Fulton County, Georgia, attached as

"Exhibit A" and Original Complaint filed in the Superior Court of Fulton County, Georgia (including all Exhibits attached thereto), attached as "Exhibit B.")

## III. REMOVAL IS TIMELY

Each defendant has 30 days after service to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). A party generally must remove an action to the district court for the district and division where the state-court action pends. 28 U.S.C. §1441(a). Gain Servicing served ACC on June 14, 2023 and ACC timely filed this notice within 30 days of service of this Complaint.

## IV. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

Gain Servicing and ACC are both citizens of different States. This case falls under the original jurisdiction of the United States District Court for the Northern District of Georgia as defined in 28 U.S.C. § 1332(a)(1) and is therefore removable. Under 28 U.S.C. § 1332(a)(1), a Federal District Court has original jurisdiction over a dispute between citizens of different States.

The Plaintiff, Gain Servicing, LLC is a Georgia limited liability company with its principal place of business located at 4279 Roswell Road NE, Suite 208-113, Atlanta, GA and registered office at 3424 Peachtree St NE, Suite C-100, Atlanta, Georgia 30326 per the 2023 Annual Registration Statement filed with the Georgia Secretary of State.  (2023 Annual Registration Statement of Gain Servicing filed on

February 27, 2023, a true and accurate copy of which is attached as "Exhibit C," *see also* Exhibit B ¶ 1 "Gain is a limited liability company organized and existing under the laws of Georgia, with its principal place of business located at 3424 Peachtree Rd. NW, Suite C-100, Atlanta, Georgia 30326.")

Upon information and belief, Reid Zeising and Chris Conefry are the Co-founders, members, and owners of Plaintiff Gain Servicing, LLC.[1] Upon further information and belief, Reid Zeising is a citizen of the state of Georgia[2] and Chris Conefry is a citizen of the state of Georgia.[3] Upon further information and belief, there are no other known owners or members of Gain Servicing. For these reasons Plaintiff Gain Servicing is a citizen of the state of Georgia for purposes of establishing diversity jurisdiction.

ACC is a Missouri limited liability company with its primary place of business located at 12152 Tesson Ferry Road, St. Louis, Missouri 63128. (*See* Exhibit B ¶ 2.) The sole member of ACC is Mary Yaakub, a citizen and resident of the State of Missouri. (Affidavit of Ms. Mary Yaakub ¶¶ 1 and 2, attached hereto as "Exhibit D.") Defendant ACC is, therefore, a citizen of the state of Missouri for purposes of establishing diversity jurisdiction.

---

[1] *See* https://gainservicing.com/about-us/ ("Gain was launched by Reid Zeising and Chris Conefry in 2011")
[2] https://www.linkedin.com/in/reidzeising/
[3] https://www.linkedin.com/in/chris-conefry-a456432a/

Because Plaintiff, Gain Servicing, is a citizen of Georgia and Defendant, ACC, is a citizen of Missouri, there exists complete diversity of citizenship between the parties and removal is proper under 28 U.S.C. § 1332(a).

## V. THIS ACTION IS SUBJECT TO REMOVAL BECAUSE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000,

Under 28 U.S.C. § 1332(a), "the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." When removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. *See* 28 U.S.C. § 1446(c)(2). On the face of Plaintiff's Complaint, Plaintiff alleges "As of the date of this Complaint, at least $4,626,205.58 is immediately due and owing." (Exhibit B, ¶ 20; *See also* Exhibit B ¶16 (alleging that the amount of the claimed shortfall from ACC is $1,048,704.12.)) Therefore, the amount in controversy exceeds $75,000 and the case is properly removable based on the Court's diversity jurisdiction as defined in 28 U.S.C. §1332(a).

## VI. REMOVAL TO THIS COURT IS PROPER

The Complaint was filed in the Superior Court of Fulton County, Georgia. This Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)

## VII. PLEADINGS AND PROCESS

After filing this Notice of Removal, ACC will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Superior Court of Fulton County, Georgia in accordance with 28 U.S.C. § 1446(d).

## VIII. NON-WAIVER OF DEFENSES

By removing this action from the Superior Court of Fulton County, Georgia, ACC does not waive any defenses available to it. *See e.g.*, *Wabash Western Ry. v. Brow*, 164 U.S 271, 278 (1896); *Seiz v. Quirk*, Civil Action No. 4:12-CV-272-HLM, 2013 WL 12290850 at *2 n.3 (N.D. Ga. 2013) (Murphy, J.). In addition, by removing this action from the Superior Court of Fulton County, Georgia, ACC does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE,** Defendant removes the above-captioned action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia.

        Respectfully submitted:
        **Holcomb Ward LLP**

By:    <u>/s/ Aaron Wright</u>
        Aaron Wright    Ga. Bar. #
        3455 Peachtree Road NE, Suite 500
        Atlanta, Georgia 30326
        (404) 601-2803
        (404) 393- 1554 (Fax)
        aaron@holcombward.com
        **Attorneys for Defendant Accelerated Care Center, LLC**


        **AEGIS LAW**


By:    <u>*/s/ Theodore Hughes*</u>
        Sheldon Korlin, Mo. Bar No. #32197
        Theodore G. Hughes IV, Mo. Bar No. #67478
        601 South Lindbergh Blvd., Second Floor
        Frontenac, Missouri 63131
        (314) 454-9100
        (314) 454-9110 (fax)
        skorlin@aegislaw.com
        thughes@aegislaw.com
        **Pro Hac Vice Pending**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing notice of removal to Federal Court was served upon the following by email, on the 14th day of July 2023.

Dabney D. Ware
Foley & Lardner LLP
1 Independent Drive, Suite 1300
Jacksonville, Florida 32202
dware@foley.com

Geoffrey H. Bracken
Ronald L. Oran, Jr
Eric B. Williams, II
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
gbracken@foley.com
roran@foley.com
ebwilliams@foley.com

**Attorneys for Plaintiff Gain Servicing LLC**

_____/s/ Aaron Wright_____