## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ASHLEY HOZE, | CIVIL ACTION FILE |
| Plaintiff, | NO: |
| v. | |
| ENDEAVOR AIR, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Ashley Hoze ("Plaintiff") states her complaint against Endeavor Air, Inc. ("Defendant" or "Endeavor") as follows:

1.

This is an action for employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, alleging that Endeavor terminated Plaintiff because of her actual or perceived disability and that it failed and refused to participate in any interactive process to determine in good faith whether it could accommodate her known or perceived disability.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over Plaintiff's claims under 28

U.S.C. § 1331.

3.

Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district and Defendant's registered agent resides here.

**PARTIES**

4.

Plaintiff is a citizen of the State of Georgia and subjects herself to the jurisdiction of this Court.

5.

Defendant may be served with process through its registered agent for service, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

**STATEMENT OF FACTS**

6.

Defendant hired Plaintiff as a flight attendant on October 25, 2021.

7.

Endeavor is a regional airline that provides scheduled air transportation passenger service throughout the United States.

8.

Endeavor has been a wholly-owned subsidiary of Delta Airlines, Inc. since 2013.

9.

As a flight attendant, Plaintiff was required to perform all of the essential physical functions of her position in accordance with the Flight Attendant position description drafted by Endeavor.

10.

Endeavor's "Physical Requirements" for its flight attendants included the following:

- Sit or stand for long periods of time. Sit in an assigned jumpseat with seatbelt and shoulder harness fastened without a seatbelt extension. Jumpseat is 21" at the widest part of the seat.
- Open emergency exits and close aircraft doors weighing up to 45 pounds and ability to push, pull or move a beverage cart weighing approximately 250 lbs.
- Candidate height must not exceed 70.5 inches or 5' 10 ½ when measured without shoes (with flat feet).
- Ability to reach into overhead bins and retrieve stored items. Ability to reach a minimum of 76 inches, when measured without shoes from flat feet to fingertips.
- Work in aircraft aisles and galleys, and while standing, reaching (extended in from and to the side of the body and above the head), while walking, kneeling, bending, twisting, and working in cramped or awkward positions. Walk and fit comfortably down the aircraft aisle while facing forward, and fit quickly through any exit.
- Hear and respond to customer and crew communications in situations with

high background noise.

11.

Plaintiff suffers from a physical disability in the form of rheumatoid arthritis.

12.

Rheumatoid arthritis is a progressive autoimmune disease that affects joints throughout the body.

13.

Plaintiff's arthritis primarily impacted the joints in her wrists, causing a loss of strength in her hands and wrists, which prevented her from strenuous gripping, pulling, pushing, or overhead lifting.

14.

Endeavor promises its employees, including Plaintiff, that it will respect their rights to accommodations under the ADA:

> Applicants with disabilities maybe entitled to reasonable accommodations under terms of the Americans with Disabilities Act and certain state or local laws. A reasonable accommodation is a change in the way things are normally done which will ensure equal employment opportunity without imposing undue hardship on the Company. Please inform the Company's personnel representative if you need assistance completing any forma or to otherwise participate in the application process.

15.

On November 4, 2021, Plaintiff completed Endeavor's "Physician's Certification for Job Accommodation" form.

16.

On the November 4, 2021 Job Accommodation form, Hoze notified Endeavor of her potential need for an accommodation as a result of her arthritis diagnosis, which included a description of her condition and the following recommended restrictions: "limited lifting < 30 lbs. (overhead) [and] limited pushing & pulling (less than 50 lbs)." On the form, her doctor noted Plaintiff's "condition may be less severe depending on response to treatment."

17.

Plaintiff provided additional information to Endeavor on December 15, 2021. Then, her doctor, James Hunter, M.D., informed Endeavor that Plaintiff was being treated for rheumatoid arthritis. He continued, "She has damage in the right wrist, that is most severe, sha also has activity impact her feet and ankles (sic) …. She has been asked to use a supporting brace for her right wrist, she is to limit her weight management (pushing pulling no more than 50-75 pounds, not lifting more than 50 pounds unassisted, and no lifting in excess of 100 pounds.)"

18.

Plaintiff's disability did not diminish her ability to perform the essential functions of her job.

19.

Just two weeks after receiving notice of Plaintiff's requested accommodations, and without engaging in any attempt to interact with Plaintiff regarding her requested accommodations or any possible modifications thereto, Endeavor fired Plaintiff.

20.

Endeavor's Human Resources representative wrote, in part:

Dr. Hunter recommends that you use a supportive wrist brace and are to limit your weight management (pushing/pulling no more than 50-75 pounds, not lifting more than 50 pounds unassisted, and no lifting in excess of 100 pounds). One of the essential job functions of a flight attendant is the ability to push, pull, or move a beverage cart weighing approximately 250 pounds. Based on the information provided by your doctor, you are unable to perform this essential job function with or without an accommodation.

21.

Contrary to Endeavor's representation in its termination letter, Plaintiff's physical job requirements never included an obligation "to push, pull, or move a beverage cart weighing approximately 250 pounds."

22.

No flight attendant working for Endeavor in 2021 or since is able "to push, pull, or move a beverage cart weighing approximately 250 pounds."

23.

Endeavor's beverage carts are mounted on castors allowing them to roll through the use of force far below 250 pounds and well below the amount of force Plaintiff's doctor indicated Plaintiff could push or pull.

24.

Prior to terminating Plaintiff, Endeavor knew she confirmed she was able to perform all of the essential functions of her job, including the manipulation of the beverage cart.

25.

When deciding to terminate Plaintiff, Endeavor knew that none of its flight attendants were required to push or pull any object requiring 250 pounds of force.

26.

Endeavor also knew that none of its flight attendants could push or pull any object, including a beverage cart, that would require 250 pounds of force.

27.

Endeavor's characterization of the amount of force needed to push or pull a

beverage cart intentionally omitted any consideration that the beverage cart was mounted on castors with ball bearings which, in fact, required very little force to push or pull.

28.

The reason Endeavor offered for Plaintiff's termination –that she could not push or pull an object weighing 250 pounds– was false. This false reason was a pretext to terminate Plaintiff because of her disability or perceived disability.

29.

Prior to terminating Plaintiff, Defendant offered no alternative reasonable accommodations to her.

## COUNT I:

## VIOLATIONS OF THE ADA

30.

Defendant is an employer as that term is defined under the ADA.

31.

Plaintiff suffers from rheumatoid arthritis, a condition which substantially limits several major life activities, including gripping, grabbing, holding, and lifting.

32.

Defendant perceived that Plaintiff's condition constituted a disability that limited one or more major life activities as described above.

33.

At all times material to this action, Plaintiff was a qualified person with a known or perceived disability based on her record of disability, including her diagnoses for rheumatoid arthritis and was still able to perform all essential functions of her position with a reasonable accommodation.

34.

Plaintiff's termination on December 30, 2021 constituted an adverse employment action.

35.

As set forth above, Defendant refused to participate in the interactive process in an attempt to accommodate Plaintiff's known or perceived disability.

36.

Plaintiff exhausted all administrative prerequisites prior to filing this action, including filing a charge of discrimination with the EEOC within 180 days of her termination, and filing this action within ninety (90) days of receiving her "Notice of Rights" letter from the EEOC.

37.

Plaintiff is entitled to recover from Defendant all damages proximately resulting from its discriminatory treatment, including lost pay, benefits, and mental and emotional distress.

38.

Plaintiff is entitled to an award of punitive damages in an amount determined by the enlightened conscience of the jury because Defendant's actions were in willful violation of federal law.

## PRAYER FOR RELIEF

Upon a finding that Defendant violated Plaintiff's rights under the ADA, Plaintiff seeks the following relief:

1.   Order Defendant to make Plaintiff whole by reinstatement to her former position, with full back pay and other benefits and expenses in amounts to be proven at trial;

2.   If reinstatement is not feasible under the circumstances, grant Plaintiff front pay, including lost future benefits including medical insurance and other fringe benefits;

3.   Grant Plaintiff compensatory damages for her mental and emotional injuries in an amount determined by the enlightened conscience of a

jury;

4.  Allow for punitive damages to deter Defendant's intentional wrongdoing in the future;

5.  Grant Plaintiff pre-judgment interest on all lost wages;

6.  Grant Plaintiff her costs in this action and reasonable attorney's fees as provided by law;

7.  Grant a trial by jury on all issues properly submitted to a jury; and

8.  Grant such additional relief as this Court deems proper and just.

_____

Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile