## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ASHLEIGH DANIELLE HARTHCOCK, | |
| Plaintiff, | Case No. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and TOYOTA MOTOR CREDIT CORPORATION, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ASHLEIGH DANIELLE HARTHCOCK (hereinafter "Plaintiff"), by and through her undersigned counsel, who hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and TOYOTA MOTOR CREDIT CORPORATION ("Toyota") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax, Experian, and Trans Union (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICATION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action involves violations of the FCRA.

7.      Plaintiff is a natural person and resident of Lafayette County in the State of Mississippi. She is a "consumer" as defined by 15 U.S.C. § 1681a (c).

8.    Venue is proper in this District as Defendant, Equifax's, principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.    Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NW in Atlanta, Georgia 30309.

10.    Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia, through its registered agent, C T Corporation System located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.    Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Toyota is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Illinois, through its registered agent, C T Corporation System located at 208 S LaSalle Street, Suite 814, Chicago, Illinois 60604.

19.     Toyota is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

20.     Toyota furnished Plaintiff's information to the CRAs, which was inaccurate.

### FACTUAL ALLEGATIONS

21.     Plaintiff has a credit account with Toyota partial account number 704014*** ("Toyota Account") for an auto loan for a vehicle purchased on or about September 6, 2022.

22.     Plaintiff made timely payments to Toyota in October 2022, November 2022, December 2022, January 2023, February 2023, and March 2023 via Money Order.

23.     In or about December 2022, Plaintiff was informed that Toyota was reporting her November 2022 payment as late. Despite having confirmation of delivery, Toyota was claiming they never received the November 2022 payment.

24.     On or about January 4, 2023, Plaintiff contacted Western Union who confirmed that Toyota did not cash the November 2022 Money Order. Accordingly, Plaintiff had a new money order issued and mailed payment for November 2022 and January 2023 to Toyota.

25.     Despite having delivery confirmation with signature by "A. Brayton", on or about February 3, 2023, Plaintiff was informed that Toyota was reporting her November 2022 and January 2023 payments as late.

26.     On or about February 24, 2023, Plaintiff's February 2023 payment was delivered to Toyota.

27.     Despite having delivery confirmation with signature by "A. Brayton", on or about March 3, 2023, Plaintiff was informed that Toyota was reporting her November 2022, January 2023, and February 2023 payments as late.

28.     On or about April 2, 2023, Plaintiff's March 2023 payment was delivered to Toyota.

29.     Despite having delivery confirmation with signature by "A. Brayton", on or about April 4, 2023, Plaintiff was informed that Toyota was reporting her November 2022, January 2023, February 2023, and March 2023 payments as late.

30.     On or about March 10, 2023, Plaintiff reported the inaccurate reporting by Toyota to the Better Business Bureau, the State Attorney General's Office and the Consumer Financial Protection Bureau ("CFPB") File ID 230310-10556299. In the report, Plaintiff detailed the fact that she had made timely payments to Toyota and should not be reported as late.

31.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

32.     Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the Toyota Account on her credit report as past due.

33.     On April 21, 2023, obtained copies of credit reports and the Toyota Account was being reported as having 4 late payments and over 90 days past due.

34.     In response to the inaccurate reporting, on May 5, 2023, Plaintiff mailed detailed written dispute letters to Defendants. In the dispute letter, Plaintiff explained that the Toyota account should be listed as paid on time as agreed. To confirm her identity, a copy of her driver's license was included. Also, in this letter, Plaintiff provided images from her credit report, copies of her Toyota statements,

and copies of the money orders with delivery confirmation illustrating the timely payments.

35.    Plaintiff mailed her detailed dispute letter via USPS to Equifax (7021 0350 0001 7494 9802), Experian (7021 0350 0001 7494 9826), and Trans Union (7021 0350 0001 7494 9891).

36.    Upon information and belief, Equifax, Experian, and Trans Union notified Toyota of Plaintiff's dispute. However, Toyota failed to conduct a reasonable investigation and merely compared its erroneous data to that which it had already furnished. Toyota did not attempt to communicate with Plaintiff during its alleged investigation.

37.    On May 24, 2023, Equifax responded to Plaintiff's dispute by stating the Toyota Account was verified as accurate.

38.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Toyota.

39.    Equifax never attempted to contact Plaintiff during the alleged investigation.

40.    On May 25, 2023, Trans Union responded to Plaintiff's dispute by stating the Toyota Account was verified as accurate.

41.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Toyota.

42.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

43.    On June 2, 2023, Experian responded to Plaintiff's dispute by stated the Toyota Account was verified as accurate and updated to add FCRA remark to the credit report.

44.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Toyota.

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    In response to the continued inaccurate reporting, on June 14, 2023, Plaintiff again mailed detailed written dispute letters to Defendants. In the dispute letter, Plaintiff reiterated that the Toyota account should be listed as paid on time as agreed. To confirm her identity, a copy of her driver's license was included. Also, in this letter, Plaintiff provided images from the dispute results, copies of her Toyota statements, and copies of the money orders with delivery confirmation illustrating the timely payments.

47.    Plaintiff mailed her detailed dispute letter via USPS to Equifax (7021 0350 0001 7495 3083), Experian (7021 0350 0001 7495 3090), and Trans Union (7021 0350 0001 7495 3076).

48.    Despite Plaintiff's best efforts to have the account status corrected, Equifax, Experian, and Trans Union continue to report the incorrect account status on Plaintiff's credit reports.

49.     As of the filing of this Complaint, Equifax, Experian, and Trans Union continue to report negative information on Plaintiff's credit report regarding the Toyota Account, and Plaintiff's damages are on-going.

50.     Equifax, Experian, and Trans Union continue to publish Plaintiff's inaccurate credit reports to third parties. The account status been verified as correct when it is indeed inaccurate.

51.     Equifax, Experian, and Trans Union have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with their refusal to conduct a meaningful investigation into his dispute as it is required to by law.

52.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.     Monies lost by attempting to fix her credit;

     ii.     Loss of time attempting to cure the errors;

     iii.     Reduction in credit score; and

     iv.     Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions.

### COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

54.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

55.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

57.     Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

60.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

62.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

63.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and

punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

66.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

67.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

69.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE  Plaintiff,  ASHLEIGH  DANIELLE  HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

71.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to

conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

75.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

78.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it maintains and published concerning Plaintiff.

79.  Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

80.  As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

81.  Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

82.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violations of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

83.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

84.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

86.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

87.    Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and

punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

90.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

93.     Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT VIII</u>
### Violation of 15 U.S.C § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to

conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

98.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

99.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

102.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it maintains and published concerning Plaintiff.

103.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

104.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

105.   Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

108.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

109.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

110.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

111.   Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT XI**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

113.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

114.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

115.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

116.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

117.    Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

118.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

120.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

122.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

123.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

124.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE   Plaintiff,   ASHLEIGH   DANIELLE   HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT XIII
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Toyota Motor Credit Corporation (Negligent)

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

126.   Toyota furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

127.   After receiving Plaintiff's disputes, Toyota violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv)

failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

128.   Plaintiff provided all the relevant information and documents necessary for Toyota to determine that it was furnishing inaccurate information. Toyota did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

129.   Instead, Toyota knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

130.   As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

131.   Toyota's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

132.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual damages against Defendant, TOYOTA MOTOR CREDIT CORPORATION, jointly and severally; award Plaintiff

her reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Toyota Motor Credit Corporation (Negligent)

133.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

134.   Toyota furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

135.   After receiving Plaintiff's disputes, Toyota violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

136.   Plaintiff provided all the relevant information and documents necessary for Toyota to determine that it was furnishing inaccurate information. Toyota did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

26

137.   Instead, Toyota knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

138.   As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

139.   Toyota's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

140.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE**,** Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TOYOTA MOTOR CREDIT CORPORATION, jointly and severally; award Plaintiff her reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ASHLEIGH DANIELLE HARTHCOCK, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and TOYOTA MOTOR CREDIT CORPORATION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Dated this 17th day of July 2023.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com