Case 1:23-mi-99999-UNA   Document 2249-1   Filed 07/17/23   Page 1 of 20

State Court of Fulton County
**E-FILED**
23EV001648
3/20/2023 11:33 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JOHNNIE MAE MYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| VS. | ) | |
| | ) | FILE NO. |
| MODIVCARE INC., MOTIVCARE SOLUTIONS, LLC, and JOHN DOE, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

### COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

COMES NOW Plaintiff and for her Complaint against the Defendants shows this Honorable Court as follows:

1.

The Defendant Modivcare Inc. is subject to the jurisdiction and venue of this Honorable Court, and may be served with service of process upon its registered agent for service of process, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA 30076.

2.

The Defendant Modivcare Solutions, LLC is subject to the jurisdiction and venue of this Honorable Court, and may be served with service of process upon its registered agent for service of process, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA 30076.

3.

The Defendant John Doe is the driver who was provided by Defendant Modivcare Inc. and/or Modivcare Solutions, LLC, to provide automobile transportation to the Plaintiff for a medical appointment on April 1, 2021.

4.

At all pertinent times, the Defendant John Doe was acting as agent for and in the course and scope of his employment with Defendant Motivcare Inc. and Motivcare Solutions, LLC.

5.

The identity of John Doe is unknown at this time and will be added by supplement upon identification through Discovery.

6.

On April 1, 2021, the Defendant Motivcare Inc. and/or Motivcare Solutions, LLC (both of which also did business under the name of Logisticare), provided transportation for patients and provided drivers to transport patients to and from medical appointments.

7.

On April 1, 2021, the Plaintiff was a passenger in the vehicle operated by John Doe in the course and scope of his employment with the co-Defendants.

8.

On April 1, 2021, the Defendant John Doe operated his vehicle in a negligent manner by traveling too fast for conditions, driving recklessly, and otherwise violating the rules of the road of the state of Georgia.

9.

As a direct and proximate result of the Defendants' negligence, the Plaintiff was thrown round and about the subject vehicle and was flung from the backseat into the front seat.

10.

As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained serious bodily injuries, medical expenses which are still being incurred and which will be added by amendment upon completion of her medical care, past, present, and future pain and suffering, mental and emotional anguish, and other damages contemplated by applicable Georgia law.

11.

The Plaintiff is entitled to a judgment against the Defendants for all such damages as were proximately caused by the Defendants' negligence.

WHEREFORE, the Plaintiff prays that the Defendants be served with process as required by law, that she have a trial by jury, that she be awarded damages in such sums as a Court and jury shall determine to be appropriate based upon the evidence submitted at the trial of this case, and that she be granted such other and further relief as this Court may deem necessary and proper.

Respectfully submitted,

A. JACK HINTON
State Bar No. 356875
Attorney for Plaintiff

A Jack Hinton, Attorney at Law
2901 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305-2790
(404) 205-8290

Case 1:23-mi-99999-UNA   Document 2249-1   Filed 07/17/23   Page 4 of 20

State Court of Fulton County
**E-FILED**
23EV001648
3/20/2023 11:33 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JOHNNIE MAE MYRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| VS. ) | |
| ) | FILE NO. |
| MODIVCARE INC., MOTIVCARE ) | |
| SOLUTIONS, LLC, and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW,** the Plaintiff in the above-styled case, and requests Defendant to permit said Plaintiff, through her counsel, to inspect and copy the documents designated herein and to produce the same documents at trial pursuant to O.C.G.A. Section 24-10-26.

The request is timely served as provided by O.C.G.A. Section 9-11-34. It sets forth below the items to be inspected either by individual item or by category, and describes each item in category with reasonable particularity. Said Plaintiff hereby specifies and designates the forty-fifth (45th) day following service at 10:00 a.m. of their Request upon Defendant, more than forty-five (45) days from the time of filing of their document, as a reasonable time, at the offices of A. Jack Hinton, Attorney at Law, 2901 Piedmont Road, N.E., Suite C, Monteith Commons, Atlanta, Georgia 30305-2790, as a reasonable place for inspecting materials called for herein, and that said counsel be permitted to reproduce by copying the materials called for herein at the expense of Plaintiff. The documents called for herein are those contemplated by O.C.G.A. Section 9-11-34 and O.C.G.A. Section 24-10-26, and said Request to Produce is directed jointly to the Defendant,

Defendant counsel of record, and/or anyone else conducting an investigation for or on behalf of said Defendant. The term "document" as used in these requests includes e-mail, computerized financial records, electronically stored or computerized information, information stored on hard drives and floppy discs.

Plaintiff requests Defendant to reproduce and permit her counsel of record to inspect and copy each of the following documents:

1.

Produce copies of any and all documents or writings of any sort identified by the Defendant in response to Plaintiff's First Interrogatories to Defendant.

                              Respectfully submitted,

                              _____
                              A. JACK HINTON
                              State Bar No. 356875
                              Attorney for Plaintiff

A. Jack Hinton – Attorney at Law
2901 Piedmont Road, N.E., Suite C
Monteith Commons
Atlanta, Georgia 30305-2790
(404) 205-8290

State Court of Fulton County
**E-FILED**
23EV001648
3/20/2023 11:33 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JOHNNIE MAE MYRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| VS. ) | |
| ) | FILE NO. |
| MODIVCARE INC., MOTIVCARE ) | |
| SOLUTIONS, LLC, and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW,** the Plaintiff in the above-styled case, and requests that Defendant answer under oath the following interrogatories, the answers to be served upon Plaintiff's attorney of record, A. Jack Hinton, within forty-five (45) days from the date said interrogatories are served upon Defendant.

Where knowledge, information and other items in the possession and control of Defendant is requested or required, such requests or inquiries shall be deemed to include knowledge or information in the possession or control of not only Defendant, but Defendant's agents, representatives, employees, servants, or others over whom Defendant has control, including Defendant's attorney.

I.   **DEFINITIONS AND INSTRUCTIONS**

    A.   As used herein:

        1.   The term "person" means any natural person, business entity in whatever form, association, or governmental entity or department, political subdivision or agency thereof.

2. The term "defendant" or "this defendant" or "you" or "your" or any synonym thereof, whether singular or plural, is intended to and shall embrace and include the named Defendant and all present and former subsidiaries, divisions, affiliates and predecessor entities of said Defendant as well as all of their present or past agents, consultants, employees, representatives and others who are in possession of or may have created or obtained information for or on behalf of the Defendant as defined herein.

3. The term "document" encompasses any form of information storage or communication, including but not limited to, any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreements, contracts, formulas, test results, instructions, analyses, lists, indexes, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets or binders; with each copy of any such document bearing marginal or other notations, charges, comments or amendments constituting a document separate and apart from the original or any other copy.

4. Reference to the term "identify" or "identity" means:

(a) in reference to a natural person, the full name, present address, dates of business affiliation with Defendant and titles held;

      (b)  in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

      (c)  in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and

      (d)  in reference to a document, a description of this document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof and the person or entity having present custody thereof.

  B.  Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering Defendant should be stated.

  C.  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i) its date; (ii) its author(s) and the business title or position of the author(s); (iii) its recipient(s) and the business title or position of its recipient(s); (iv) the number of pages if in writing; (v) the subject matter of the communication; and (vi) the basis of the claimed privilege.

  D.  If any answer to the following interrogatories is not made on the present knowledge of the person(s) signing the answer to these interrogatories, identify the person(s) who supplied the information for the answer.

  E.  Unless the content of the request specifically states otherwise, references to the singular include the plural; and references to one gender include the other gender.

  F.  Each part of the following interrogatories, whether a numerical paragraph or

one of its subparts, is to be answered separately and fully.

      G.    If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever knowledge, information or belief you do have concerning the unanswered portion.

      H.    Answers are to be labeled to indicate the specific portion of the interrogatory to which they respond.

      I.    These interrogatories shall be deemed to be continuing in nature so as to require Defendant to supplement its responses if different or additional information becomes available to Defendant or its counsel prior to trial. Such supplemental responses shall be filed no later than twenty-one (21) days after the information is available or ten (10) days before trial, whichever is earlier.

## **INTERROGATORIES**

1.

Please state your full name, complete street address, date and place of birth, and social security number.

2.

Please identify your driver's license number, the date it was issued, and any restrictions imposed in respect to its use.

3.

Have you ever been arrested or convicted of any crime, including any arrest or charge for

driving under the influence of alcohol or drugs? If so, please state as to each such arrest or conviction:

    (a)    the authority who made the arrest and the date of the arrest;

    (b)    the specific crime allegedly committed;

    (c)    the court in which any criminal proceeding in which you were a defendant was held; and

    (d)    the resolution of each such arrest, including any bonds forfeited and any guilty pleas entered.

4.

Please describe your complete education background, including schools attended and inclusive dates of attendance, the major courses of study and degree, type of degree or type of diploma received.

5.

As to every job or occupation you have held, please:

    (a)    identify the employer and immediate supervisor and provide the complete address for each employer;

    (b)    state the dates of employment;

    (c)    state the reason for termination of employment or occupation; and

    (d)    the earnings or other compensation when said employment was terminated.

6.

State whether there existed, as of the date of the incident which is the subject of the Plaintiff's Complaint herein, any liability insurance agreement covering Defendant, the members of

Defendant's family, the vehicle being driven at the time of the incident, or any other motor vehicles owned by Defendant or a family member, under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action. If your answer is in the affirmative, identify the name of the carrier which issued each such policy, including the identity of any reinsurer, the date such policy was issued and its expiration date, the identifying number of each such policy, the applicable limits per claim and per occurrence of each such policy, if any, and the name, business and residence address and telephone numbers of the present custodian of each such policy of liability insurance. This interrogatory is intended to cover both primary and excess policies of liability insurance.

7.

If your answer to interrogatory number 6 was in the affirmative, please further set forth whether you have any knowledge of any fact or claim under which indemnity or defense coverage is or has been denied, the date upon which you were apprised of any fact constituting the basis of such denial of indemnity or defense, the manner in which you were apprised of such claim, the identification of any writing which relates in any manner whatsoever to such claim, the person who apprised you of such denial, including his name, residence and business address, and residence and business telephone number, and the name, including business and residence address, and telephone numbers of the present custodian of each such writing identified herein.

8.

State in detail and in narrative form your version of the incident which is alleged in Plaintiff's Complaint, giving specific details in proper sequence of events, including every factual contention upon which you base any defenses as set out in your Answer to said Complaint.

9.

Please describe in detail any and all automobile accidents in which Defendant has been involved and identify any and all traffic citations received by Defendant.

10.

Has Defendant or anyone acting on Defendant's behalf, paid any sums to Plaintiff with regard to the accident referred to in the Plaintiff's Complaint?

11.

If the answer to the preceding interrogatory is in the affirmative, please state:

(a) the total amount paid;

(b) the date of any and all such payments;

(c) in lieu of answering this interrogatory, the Defendant may attach copies of all checks or other documents evidencing such payment.

12.

Please identify all persons that to you or your representative's knowledge, information or belief:

(a) were witnesses to the incident giving rise to this suit;

(b) have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit.

13.

Are you aware of the existence of any written, recorded or transcribed statement made by anyone, specifically including but not limited to the Plaintiff, concerning this action or subject

matter of this action?

If so, please identify each statement (oral, written, recorded, court or deposition transcript, etc.) stating the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

14.

Did any mechanical defect in the motor vehicle Defendant was driving at the time of the accident contribute to the occurrence of the accident? If so what was the nature of the defect?

15.

State whether you owned the automobile Defendant was driving at the time of the incident made the basis of this suit. If you did not own the vehicle, please identify the owner, including full name, home and work addresses, and telephone numbers.

16.

Were you suffering from physical infirmity, disability, or sickness at the time of the accident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

17.

Has any driver's license issued to you ever been suspended or revoked? If the answer is yes, please describe the circumstances surrounding such suspension or revocation.

18.

State the name, address and employer of all persons who to your knowledge, information or belief, have investigated any aspect of the occurrence which is the subject of this litigation and

indicate whether or not each has made a written record of the investigation or any part thereof.

19.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

20.

State whether the Defendant has retained or otherwise consulted with any person who has or claims to have qualifications as an expert concerning any aspect of this litigation.  If the answer to the foregoing is in the affirmative, identify the name, business and residence address, and business and residence telephone number of each such expert, the field or discipline in which such person claims to have expertise, the nature and extent of any such person's training, including schools attended, dates attended, and degrees conferred, if any, the date that such expert was retained, whether such expert has examined the accident scene, any article or instrumentality involved in the subject incident, or any other tangible item in connection with the incident litigation, the date that such examinations were conducted, the name, business and residence address, and business and residence telephone number of any persons present at the time of such examinations, identification of each and every writing provided to or produced by such expert, the name, business and residence address, and business and residence telephone number of the present custodian of any such writings identified herein, and for each expert witness you intend to call at trial, summarize each opinion that will be given and specify the facts upon which each opinion is based.  See O.C.G.A. §9-1-26(b)(A)(i).

21.

Did the Defendant receive a citation as a result of the subject incident? If so, what plea did the Defendant enter with respect to such citation? If no plea was entered, did the Defendant pay a fine for the citation that was issued? Identify with particularity the exact citation for which the fine was paid.

22.

State whether at the time of the subject incident you were in the course and scope of your employment with any third person or whether you were undertaking any activity on behalf of any third person. If so, identify the nature of the employment or the activity that you were performing in that regard and identify the person or entity for whom you were undertaking such activity by name, address, and telephone number.

23.

State the correct legal name of the Defendants Motivcare Inc. and Motivcare Solutions, LLC as of April 1, 2021. Also identify the relationship of either of both said Defendants to the name of Logisticare and the relationship of Logisticare to said Defendants.

24.

Identify the contract between the Defendants and Humana as it related to providing transportation to patients that were in existence as of April 1, 2021.

25.

Identify the specific John Doe who was retained to provide transportation for Johnnie Myrick on her trip home from her doctor on April 1, 2021. Identify said driver by name, address, telephone number, email address, and any and all other contact information connected to said driver.

26.

Identify any type of contract, whether or verbal, between any of the said Defendants and the said John Doe driver that was in effect on the date of the subject incident.

27.

Identify any and all insurance coverages maintained by said Defendants for liability coverage for injuries sustained by any passenger being transported through the services of the Defendants as of April 1, 2021. Identify the liability carrier and identify the declarations page and limits of liability coverage at said time.

Respectfully submitted,

_____
A. JACK HINTON
State Bar No. 356875

A. Jack Hinton – Attorney at Law
2901 Piedmont Road, N.E., Suite C
Monteith Commons
Atlanta, Georgia 30305-2790
(404) 205-8290

11

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001648**
**6/7/2023 9:58 AM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                                  DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**       CIVIL ACTION FILE #: _____
  Civil Division

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
 Served, this _____ day of _____, 20_____.    _____
                                                                                                 DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____
This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:23-mi-99999-UNA   Document 2249-1   Filed 07/17/23   Page 18 of 20

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001648**
**6/7/2023 9:58 AM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**            CIVIL ACTION FILE #: _____
    Civil Division

_____

_____

_____
Plaintiff's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

vs.

_____

_____

_____
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.: _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

                                                        LeNora Ponzo, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.      _____
                                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001648
7/14/2023 11:49 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **JOHNNIE MAE MYRICK** <br> Plaintiff/Petitioner <br> vs. <br> **MODIVCARE INC , ET AL** <br> Defendant/Respondent | Case No.: **23EV001648** <br><br> AFFIDAVIT OF SERVICE OF <br> **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

Received by **Euael Beyene**, on the **12th day of July, 2023 at 11:04 AM** to be served upon **Modivcare Solutions, LLC c/o Registered Agent Solutions, Inc, REGISTERED AGENT** at **900 Old Roswell Lakes Parkway suite 310, Roswell, Fulton County, GA 30076**.
On the **12th day of July, 2023 at 12:53 PM**, I, **Euael Beyene**, SERVED **Modivcare Solutions, LLC c/o Registered Agent Solutions, Inc, REGISTERED AGENT** at **900 Old Roswell Lakes Parkway suite 310, Roswell, Fulton County, GA 30076** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Registered Agent Solutions, Inc, REGISTERED AGENT**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Registered Agent Solutions, Inc, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.**

Service Fee Total: **$170.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Euael Beyene_      Server ID # 23EX000001      Date 7/14/23

Notary Public: Subscribed and sworn before me on this __14th__ day of __July__ in the year of 20__23__
Personally known to me __✓__ or _____ identified by the following document: _____

_____
Notary Public (Legal Signature)

[Notary Seal: B TASSAW, NOTARY, EXPIRES 05/22/2023, GEORGIA, PUBLIC, DEKALB COUNTY]

REF: REF-13193141

Page 1 of 1
Tracking #: 0110114536

State Court of Fulton County
**E-FILED**
23EV001648
7/14/2023 11:49 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **JOHNNIE MAE MYRICK** | Case No.: 23EV001648 |
| Plaintiff/Petitioner | |
| vs. | |
| **MODIVCARE INC , ET AL** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | SUMMONS; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT |

Received by **Euael Beyene**, on the **12th day of July, 2023 at 11:04 AM** to be served upon **Modivcare Inc c/o Registered Agent Solutions, Inc, REGISTERED AGENT** at **900 Old Roswell Lakes Parkway suite 310, Roswell, Fulton County, GA 30076**.
On the **12th day of July, 2023 at 12:52 PM**, I, **Euael Beyene**, SERVED **Modivcare Inc c/o Registered Agent Solutions, Inc, REGISTERED AGENT** at **900 Old Roswell Lakes Parkway suite 310, Roswell, Fulton County, GA 30076** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Registered Agent Solutions, Inc, REGISTERED AGENT**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Registered Agent Solutions, Inc, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Scott Perkins.**

Service Fee Total: **$0.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Euael Beyene_      Server ID #: 23EX000001      Date: 7/14/23

Notary Public: Subscribed and sworn before me on this __14th__ day of __July__ in the year of 20__23__
Personally known to me __✓__ or _____ identified by the following document: _____

Notary Public (Legal Signature)

[Notary Seal: B TASSAW, NOTARY PUBLIC, EXPIRES 05/22/2023, GEORGIA, DEKALB COUNTY]

REF: REF-13193141 2

Page 1 of 1
Tracking #: 0110114479