# Exhibit A

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2023CV380375

Date Filed 5/16/2023

Attorney's Address
2729 Waymar Drive
Marietta, GA 30008

Name and Address of Party to be Served
Lee, Kyung
6135 Roswell Rd #611
Atlanta, GA 30328

SUPERIOR COURT
GEORGIA, FULTON COUNTY

Wynn, Kristin
Wynn, Fred
_____ Plaintiff

VS.

Lee, Kyung
_____
_____ Defendant

SHERIFF'S ENTRY OF SERVICE

☑ PERSONAL
I have this day served the defendant __Kyung Lee__ personally with a copy of the within action and summons.

☐ NOTORIOUS
I have this day served the defendant _____ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows age, about ___ years; weight, about ___ pounds; height about ___ feet and ___ inches, domiciled at the residence of the defendant.

☐ CORPORATION
Served the defendant _____ a corporation by leaving a copy of the with in action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

☐ TACK & MAIL
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ NON EST
Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This __2nd__ day of __June__ 20__23__.

_T. Desrosiers_
#2106 DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

▓ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV380375**

MAY 16, 2023 01:56 PM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| Wynn, Fred | ) Case |
| | ) No.: 2023CV380375 |
| Wynn, Kristin | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| Lee, Kyung | ) |
| | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**Kristin Wynn**

**2729 Waymar Dr Sw**
**Marietta, Georgia 30008**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____16th day of_____May, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ___June 2___ #2106 ,20 23

T. Desrosiers   Deputy Sheriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV380375**

MAY 16, 2023 01:56 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE FULTON SUPERIOR OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KRISTIN WYNN  <br> FRED WYNN. <br> Plaintiffs, <br><br> v. <br><br> Kyung Lee <br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NO: <br> ) <br> ) _____ <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff in the above-styled action and shows the Court the following:

**I.   PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Plaintiff KRISTIN WYNN (hereinafter "Kristin") (referred to herein as "Plaintiff") is an adult, citizen and resident of the State of Georgia. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

2.

Plaintiff FRED WYNN (hereinafter "Fred") (referred to herein as "Plaintiff") is an adult, citizen and resident of the State of Georgia. By bringing this action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

3.

Defendant Kyung Lee (hereinafter "Kyung") is, upon information and belief, subject to the Jurisdiction and Venue of this Honorable Court and may be serviced with a copy of the Summons and Complaint at her last known place of residence to wit 6125 Roswell Rd #619, Atlanta, GA 30328. Defendant Kyung may be served with process by this Court's issuing the Summons and Complaint, to the Sheriff of Fulton County, and the Sheriff or an agent thereof delivering Summons and a copy of this Complaint upon Kyung for service of process.

4.

Jurisdiction and Venue are proper in this Superior Court of Fulton County because the events giving rise to this action occurred in this County at Publix Super Market at Jonquil Plaza 2955 Atlanta Rd SE, Smyrna, GA 30080 and Defendant is resident of Fulton County.

## II.   FACTS

5.

On or around 1:00 PM on May 14, 2022, Plaintiff Kristin and Plaintiff Fred went to the Publix store to receive the 2nd booster for COVID. Defendant Kyung told Plaintiff Kristin that the requirement was to be 58 years old and then went to question the Plaintiff Kristin about health history. Plaintiff Kristin told Defendant Kyung about her pre existing condition and the fact that Plaintiff Kristin is a caregiver for a parent and Plaintiff Fred. Plaintiff Kristin asked if Defendant Kyung would provide the 2nd booster to Plaintiff Kristin. Defendant Kyung said, No. Plaintiff Kristin then requested the return of her and Plaintiff Fred Covid vaccination cards, so that they could leave as there was nothing else to talk about. Defendant Kyung then requested for Plaintiff Fred to receive the 2nd booster. Plaintiff Fred declined and requested for his Covid vaccination card. Defendant Kyung refused to return the Covid vaccination cards.

Page 2 of 12

Defendant Kyung wanted Plaintiff Kristin to speak to the manager. Plaintiff Kristin clearly told the Defendant Kyung that she did not want to speak to the manager, she needed to leave and to return their Covid vaccination cards. Plaintiff Kristin mentioned escalating this issue and was going to take a picture for this escalation. Defendant Kyung angrily runs off and starts spreading false allegations about Plaintiff Kristin. Due to Defendant Kyung actions, Plaintiff Kristin took a picture and recorded actions of Defendant Kyung for future evidence.

### III.     DEFAMATION

6.

Defendant Kyung told the Smyrna Police Department that Plaintiff Kristin was behind the counter recording. Video evidence shows that Plaintiff was never behind the counter.

### IV.     MALICIOUS PROSECUTION

7.

After the video evidence was reviewed, the Disorderly Conduct charge was dismissed. When the Smyrna Police Department asked in front of others, what did Plaintiff Kristin do, Defendant Kyung said Plaintiff was behind the counter recording. Defendant Kyung stated that she wanted to press charges on Plaintiff Kristin.

Page 3 of 12

## V. DISCRIMINATION

8.

Defendant Kyung refused to provide Plaintiff Kristin the 2nd Covid booster because of the color of her skin. Center of Disease Control (CDC) can only make recommendations, but the decision to provide the 2nd Covid booster was at the discretion of Defendant Kyung.

## VI. BLACK MAIL

9.

Video evidence shows Defendant Kyung admitting to the Smyrna Police Department and the Publix pharmacy manager regarding the refusal of returning the Covid vaccination card to Plaintiff Kristin unless Plaintiff Kristin deletes the video and/or photo from Plaintiff Kristin's phone. Defendant Kyung asked the Smyrna Police Department to assist with the deletion of this evidence from Plaintiff Kristin's phone as well. Plaintiff Kristin refused to delete the evidence against Defendant Kyung. Smyrna Police Department admits that it is not against the law to record/take pictures in a store.

10.

Video evidence shows Defendant Kyung admitting to the Smyrna Police Department and the Publix pharmacy manager regarding the refusal of returning the Covid vaccination card to Plaintiff Fred unless Plaintiff Kristin deletes the video and/or photo from Plaintiff Kristin's phone. Defendant Kyung asked the Smyrna Police Department to assist with the deletion of this evidence from Plaintiff Kristin's phone as well. Plaintiff Kristin refused to delete the evidence against Defendant Kyung. Smyrna Police Department admits that it is not against the law to record/take pictures in a store.

### VII. THEFT BY TAKING

11.

Plaintiff Kristin requested the return of her property (Covid vaccination card), so that she could leave the Publix store. Video evidence shows the Defendant Kyung in private with the Smyrna Police Department handing over what Defendant Kyung had stolen.

12.

Plaintiff Fred requested the return of his property (Covid vaccination card), so that he could leave the Publix store. Video evidence shows the Defendant Kyung in private with the Smyrna Police Department handing over what Defendant Kyung had stolen.

### VIII. FALSE IMPRISONMENT

13.

Defendant Kyung held Plaintiff Kristin in the store due to the refusal of returning her Covid vaccination card. Plaintiff Kristin was told that she could not receive a replacement Covid vaccination card if loss. Plaintiff Kristin asked for her Covid vaccination card back, so she could leave. Starting at 1:11 PM, Plaintiff Kristin was being held in the Publix store against her will.

14.

Defendant Kyung held Plaintiff Fred in the store due to the refusal of returning his Covid vaccination card. Plaintiff Fred was told that he could not receive a replacement Covid vaccination card if loss. Plaintiff Fred asked for his Covid vaccination card back, so he could leave. Starting at 1:11 PM, Plaintiff Fred was being held in the Publix store against his will.

## IX.   CIVIL RIGHTS

15.

Plaintiff Kristin civil rights were violated when Defendant Kyung refused to return the Covid vaccination card, so Plaintiff Kristin could go somewhere else to obtain the 2nd Covid booster. Plaintiff Kristin's best friend who is younger than Plaintiff Kristin with no health issues received the 2nd Covid booster from another Publix with no questions asked.

16.

Plaintiff Fred civil rights were violated when Defendant Kyung refused to return his Covid vaccination card, so Plaintiff Fred could go somewhere else to obtain the 2nd Covid booster.

## X. NEGLIGENCE

17.

When the Smyrna Police Department asked Defendant Kyung if charges should be filed against Plaintiff Kristin, Defendant Kyung said yes. Due to this action, Plaintiff Kristin was subjective to the deadly Covid disease while in jail on Saturday, May 14 and Sunday, May 15. Defendant Kyung refused to provide Plaintiff Kristin's Covid vaccination card which cannot be replaced. Plaintiff Kristin was unable to care for her parent on Saturday, May 14 or Sunday, May 15 as planned due to Defendant Kyung's negligence.

18.

When the Smyrna Police Department asked Defendant Kyung if charges should be filed against Plaintiff Fred, Defendant Kyung said yes. Due to this action, Plaintiff Fred was subjective to the deadly Covid disease while in jail on Saturday, May 14 to Monday, May 16. Defendant Kyung refused to provide Plaintiff Fred's Covid vaccination card which cannot be replaced. Defendant Kyung understands Plaintiff Fred's conditions due to his prescriptions and tried to cause harm to his health just because Plaintiff Kristin would not submit to Defendant Kyung's demands.

### XI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.

Defendant Kyung caused intentional emotional infliction by making false claims against Plaintiff Kristin and refusing to return Plaintiff Kristin's Covid vaccination card.

20.

Defendant Kyung caused intentional emotional infliction by refusing to return Plaintiff's Fred Covid vaccination card.

### XII. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

21.

Defendant Kyung caused negligent infliction of emotional distress. Plaintiff Kristin felt like she was having a heart attack while in the back of the police car due to the series of events faced by Defendant Kyung. Plaintiff Kristin was in jail for 2 days and this action led to PTSD (post-traumatic stress disorder). Plaintiff Kristin will need to continue to see a therapist and take medicine for life.

22.

Defendant Kyung caused negligent infliction of emotional distress. Plaintiff Fred felt afraid and feared for his life due to the series of events caused by Defendant Kyung. Plaintiff Fred was in jail for 3 days.

### XIII. BULLYING

23.

Defendant Kyung was bullying Plaintiff Kristin regarding the deletion of the videos. Defendant Kyung knew that recording was not against the law, but kept bullying Plaintiff Kristin to delete the video with evidence against Defendant Kyung.

### IX. PUNITIVE DAMAGES AGAINST DEFENDANT

24.

Plaintiff Kristin incorporates all previous allegations in paragraphs III to XIII of this Complaint as if set forth verbatim herein.

25.

Plaintiff Fred incorporates all previous allegations in paragraphs VI to XIII of this Complaint as if set forth verbatim herein.

26.

By reason of the foregoing, Plaintiff Kristin is entitled to recover compensatory damages from Defendant for loss of consortium, past, present, and future emotional, mental, physical pain and suffering and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlighten conscience of the jury.

27.

By reason of the foregoing, Plaintiff Fred is entitled to recover compensatory damages from Defendant for loss of consortium, past, present, and future emotional, mental, physical pain and suffering and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlighten conscience of the jury.

[PRAYER FOR RELIEF FOLLOWS ON NEXT PAGE]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristin and Plaintiff Fred respectfully prays this Honorable Court for the following:

a. That Summons issue and service be perfected upon Defendant requiring her to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

b. Judgement for Plaintiffs against Defendant for past, present and future mental illness;

c. As award of compensatory damages for the Plaintiffs in an amount deemed appropriate by the enlightened conscious of the trier of fact, jointly and severally against the Defendants;

d. An award of punitive damages, jointly and severally against the Defendant;

f. An award of costs, including but not limited to discretionary costs, attorney fees, expenses incurred in pursing this case;

g. That the Plaintiffs be granted a trial by jury of twelve (12) jurors as to all triable issues in this cause.

h. Any other and further relief this Court deems just and proper; and

i. Any other and further relief to which they may be entitled.

[SIGNATURE FOLLOWS ON NEXT PAGE]

This, the 16th day of May 2023.

Respectfully submitted,
Kristin Wynn
Pro SE

*/s/ Kristin Wynn*

2729 Waymar Drive
Marietta, GA 30008
(678) 595-2774
kristin.v.wynn@gmail.com

Respectfully submitted,
Fred Wynn
Pro SE

*/s/ Fred Wynn*

2729 Waymar Drive
Marietta, GA 30008
(678) 499-3184
fawynn63@yahoo.com