## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PATRICIA BARTON,<br><br>    Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE LLC,<br><br>    Defendant. | CIVIL ACTION<br>NO.: _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant APRIA HEALTHCARE, LLC ("Defendant") hereby removes the action now pending in the Superior Court of Gwinnett County, Georgia, Civil Action No. 23-A-0506-1 styled as *Patricia Barton vs. APRIA HEALTHCARE LLC* (the "State Court Action") to this Court, and respectfully shows this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1.     On June 9, 2023, Plaintiff filed her Complaint for Breach of Contract against Defendant in the State Court Action. Attached hereto as **Exhibit "1"** are true and correct copies of the Complaint and all other filings of record in the State Court Action pursuant to 28 U.S.C. § 1446(a). In the Complaint, Plaintiff assert an alleged

breach of contract claim and claim Defendant negligently failed to adequately maintain home healthcare equipment. (Complaint at ¶¶ 6-9, 15, 17).

2.      On June 9, 2023, the Clerk of the Superior Court of Gwinnett County issued a Summons for Plaintiff to serve upon Defendant Apria.

3.      On June 16, 2023, Plaintiff alleges to have served Defendant by effecting service of the Summons and Complaint upon Defendant's registered agent, National Registered Agents, Inc.

4.      By filing this Notice of Removal, Defendant does not waive their right to personal jurisdiction, service of process, or sufficiency of process.

## COMPLETE DIVERSITY EXISTS

5.      Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant.

6.      Plaintiff is a citizen of the State of Georgia. (Complaint at ¶ 1).

7.      Plaintiff's Complaint avers that Defendant is a limited liability company with its principal place of business in California. (Complaint at ¶ 2).

8.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware.

9.     Defendant's sole member is APRIA HEALTHCARE GROUP, LLC ("AHG"). AHG is a foreign limited liability company organized and existing under the laws of the State of Delaware.

10.     AHG's sole member is APRIA HOLDCO LLC ("Apria Holdco"). Apria Holdco is a foreign limited liability company organized and existing under the laws of the State of Delaware.

11.     Apria Holdco's sole member is APRIA, INC. APRIA, INC. is a foreign corporation formed and existing under the laws of the State of Delaware with its principal place of business in the State of California. Therefore, for purposes of jurisdiction, it is a domiciliary or citizen of the State of Delaware and the State of California.

12.     Therefore, complete diversity exists between Plaintiff and Defendant.

## THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION

13.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

14.     The Supreme Court of the United States has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15.     When determining whether the amount-in-controversy amount has been met, the district court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

16.     Although Plaintiff's Complaint does not specify the amount in controversy, it alleges that Plaintiff suffered severe and permanent injuries (including but not limited to respiratory distress). (Compl. ¶¶ 9, 14, 15, 18).

17.     Plaintiff alleges she has recurring pain and suffering. (Compl. ¶ 20).

18.     Plaintiff alleges she has incurred medical expenses. (Compl. ¶ 21).

19.     On April 13, 2023, Plaintiff served Defendant with a pre-suit demand for $1,000,000 to resolve this claim[1]. "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

20.     Plaintiff's pre-suit demand asserted already-incurred medical expenses totaling $40,213.50, along with expenses from two other providers whose total bills are unknown.

21.     In addition to past and future medical expenses, Plaintiff is seeking recovery general and actual damages. (Compl. ¶ 21).

---

[1] To prove the existence of jurisdiction at removal, a a defendant may introduce extrinsic evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 774-75 (11th Cir. 2010).

22. Plaintiff also seeks to recover attorney's fees. (Compl., "WHEREFORE" para. at sub-paragraph (b)).

23. Courts have held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

24. ""Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'" Ramos v. Aetna Life Ins. Co., No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

25.    "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

26.    Based upon her allegations, Plaintiff's claimed damages could easily exceed $75,000.00, exclusive of interest and costs. (Compl. Wherefore, following ¶ 46).

## <u>REMOVAL TO THIS COURT IS PROCEDURALLY PROPER</u>

27.    Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the State Court Action is pending.

28.    Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant filed this Notice of Removal within thirty days of alleged service on June 16, 2023.

29.    Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of Gwinnett County, Georgia.

## **CONCLUSION**

WHEREFORE, Defendant respectfully request the Court assume jurisdiction over this matter.

Submitted this 17th day of July, 2023

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Counsel for Defendant*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
lee.washburn@wilsonelser.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **Defendant's Notice of Removal** by email and United States Postal Service to counsel for Plaintiff, addressed as follows:

Barbara R. Evans
BRE Law, LLC
P.O. Box 956815
Duluth, Georgia 30095
<u>bre@brevanslegal.com</u>
*Attorney for Plaintiff*

Dated: July 17, 2023.

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Attorney for Defendant*
