IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| SANEATHA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>RONALD DEAN DENISON<br><br>Defendant. | Civil Action No. _____ |

## **DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ronald Dean Denison (hereinafter also referred to as "Defendant"), by and through his undersigned counsel, hereby removes this action from the State Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in

1

controversy exceeds $75,000.00. In support of its Notice of Removal ("Notice"), Defendant states as follows:

## I.  Background

1. This personal injury action was commenced on June 17, 2023 by the filing of the original Summons and Complaint in the State Court of Cobb County, Georgia styled ***SANEATHA WILLIAMS VS. RONALD DEAN DENISON***. Defendant attaches hereto a copy of all process, pleadings, and orders served upon Defendant in this action, attached collectively as Exhibit "A". A copy of the Notice of Filing Notice of Removal, filed in the State Court of Cobb County, Georgia is attached hereto as Exhibit "B".

## II. This Notice of Removal is Timely Filed

2.  This lawsuit is a case within the meaning of the Acts of Congress relating to removal of civil actions.

3. Defendant Ronald Dean Denison received Plaintiff's Summons and Complaint and Plaintiff's Pleadings on June 17, 2023.  (Affidavit of Service of Process, attached hereto as Exhibit C).

2

4. This Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of copies of Plaintiff's pleadings setting forth his claim of relief.  (Exhibit C).

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after June 17, 2023 which is the date Defendant first received the Summons and Complaint in this action. (Exhibit C)

6. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.   This Court Has Diversity Jurisdiction

7. Plaintiff is a resident of the State of Georgia. (Exhibit D, Police Report). This Court has personal jurisdiction over Plaintiff.

8. Defendant is a citizen of the State of Michigan, residing at 4075 Holt Road Lot #208, Marietta, Michigan, 48842: (Exhibit A, Complaint, ¶3).

9. Plaintiff alleges that on June 4, 2022, Plaintiff was traveling Northbound on the Interstate 285 Expressway at the intersection of South Cobb Drive in Cobb County, GA. (Exhibit A, Complaint, ¶2).   Plaintiff claims that

Defendant Ronald Dean Denison improperly changed lanes and caused a collision with Plaintiff's vehicle. (Exhibit A, Complaint, ¶2).

10. Plaintiff's Complaint alleges a cause of action against Defendant Ronald Dean Denson based on negligence. (Exhibit A, Complaint, ¶¶ 8 and 9). Plaintiff did not plead a specific amount of damages in the Complaint. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000.00, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). "[C]ourts may use their judicial

4

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." <u>Roe</u>, 613 F.3d at 1062. Experience and common sense dictates that the amount in controversy of the instant claim exceeds $75,000.00, exclusive of interest and costs; it is also "facially apparent" from the complaint that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. This Court thus has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

12. Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the State Court of Cobb County, Georgia. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as Exhibit B. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving him with this Notice.

13. Defendant files his Answer and Affirmative Defenses to this Action, attached as Exhibit "E".

14. Also attached is a Corporate Disclosure and Certificate of Interested Persons, attached collectively as Exhibit "F".

15. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

This the 17th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC


/s/ W. Jason Pettus
W. JASON PETTUS (GA Bar No. 140852)
Jason.Pettus@mgclaw.com
Post Office Box 57365

270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorney for Defendant

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This the 17th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ W. Jason Pettus*
W. JASON PETTUS (GA Bar No. 140852)
Jason.Pettus@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1521
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Notice of Removal*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

Brian W. Craig
Wood Craig Miller, LLC
3520 Piedmont Rd NE, Suite 280
Atlanta, GA 30305
Attorney for Saneatha Williams

This the 17th day of June, 2023.

MCANGUS GOUDELOCK & COURIE, LLC


*/s/ W. Jason Pettus*
W. JASON PETTUS (GA Bar No. 140852)
Jason.Pettus@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorney for Defendant