IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NELSON MANIAMA and ) <br> JUDITH JORMENE ADIMOSI, ) <br> on behalf of themselves and as next ) <br> friends for J.N., a minor, ) <br> ) <br>     Petitioners, ) <br> ) <br> v. ) <br> _____ ) <br> ) <br> ANTONY BLINKEN, ) <br> U.S. Secretary of State, ) <br> ALEJANDRO MAYORKAS, ) <br> Secretary of U.S. Department of ) <br> Homeland Security, ) <br> MERRICK GARLAND, ) <br> U.S. Attorney General ) <br> STEPHANIE PORTER, ) <br> Consular Section Chief, ) <br> U.S. Embassy Kinshasa, Democratic ) <br> Republic of Congo, ) <br> ) <br>     Respondents. ) <br> _____) | **Civil Action Number** |

**COMPLAINT FOR THE WRIT OF MANDAMUS**

Plaintiffs, NELSON MANIAMA, JUDITH JORMENE ADIMOSI, on behalf of themselves and as next friends for J.N., their minor child, by and through their attorneys, now ask this court to issue the Writ of Mandamus commanding the

Respondents to take action as set forth in this Complaint, and alleges the following:

## INTRODUCTION

1. This is a civil action brought by Plaintiffs to compel Respondent agencies and officers of the United States to reschedule Plaintiff Adimosi and her minor son for consular interview and adjudicate their immigrant visa applications.

2. Plaintiff Maniama is a citizen of the Democratic Republic of the Congo (DRC) and a lawful permanent resident (LPR) of the United States of America. He resides in DeKalb County, Georgia. On or about September 8, 2017, Mr. Maniama filed an I-130 petition on behalf of his spouse, Plaintiff Adimosi, to classify her as the spouse of an LPR. The couple's minor son, J.N., was listed as a derivative beneficiary on the petition. USCIS approved the petition on November 25, 2019. (Exhibit A).

3. After USCIS approves an I-130 petition, the Department of State, through the National Visa Center (NVC) processes the I-130 petition. The NVC is responsible for scheduling the beneficiary – here, Plaintiff's spouse and minor child – to appear for an interview to execute the visa application. Before the NVC schedules a visa interview, however, an applicant must pay any fees, complete an immigrant visa application, and submit the required financial and civil documents.

4. The NVC emailed a welcome letter to Plaintiff Maniama around January or February 2020 which contains his NVC case number and invoice number for fee payment.  On February 13, 2020, Plaintiff Maniama paid all of the required fees through the NVC online portal (Consular Electronic Application Center – CEAC). (<u>Exhibit B</u>).  Plaintiff Adimosi and Plaintiff J.N. then completed immigrant visa applications (DS-260) and Plaintiffs submitted all required documents by December 2020.  Plaintiffs received a message through the NVC online portal on January 26, 2021 notifying them that the case was documentarily qualified. (<u>Exhibit C</u>).

5. When all of an applicant's documents have been accepted, the NVC will notify the appropriate consulate/embassy, who will schedule a consular interview.   So on May 25, 2022, Plaintiff Manaima received an email from the NVC informing him that his family's application had been sent to the U.S. Embassy in Kinshasa (DRC) and that a consular interview had been scheduled for **March 31, 2022** – which was **TWO MONTHS** earlier. (<u>Exhibit D</u>).  Plaintiffs had never received a prior notification of the scheduled interview date.

6. On June 1, 2022, Plaintiff Maniama sent an email to the U.S. Embassy in Kinshasa informing them of the problem and requesting to reschedule the interview.  (<u>Exhibit E</u>).  However, he received no response.  On November 7, 2022, Plaintiff requested the assistance of his local Congressional Representative to contact the appropriate federal agency to get his family's

interview rescheduled, but to no avail.  On March 21, 2023, Plaintiff, through the undersigned counsel, sent an email request to the U.S. Embassy asking them to reschedule the interview, but the message went unanswered. (Exhibit F).

7. For an individual to procure an immigrant visa as the spouse of an LPR, a visa must be available.  Congress caps the number of green cards that can be issued each year for non-immediate relatives.  The number of people who are seeking green cards has consistently exceeded this annual limit, which creates a backlog.  The spouse and children of an LPR are classified under the second preference family petition.  This category is further divided into two categories.  Category A is for spouses and unmarried minor children.  Category B is for unmarried adult children.  Plaintiff Adimosi and her minor son are classified in family preference category F2A.  This category has been current with visas for a long time.  At the time Plaintiffs were initially called for interview, in May 2022, this category was current. (Exhibit G).  However, at the time of filing this lawsuit, the category is currently backlogged. (Exhibit H).  Therefore, Plaintiffs have been substantially harmed by Respondents' inaction.

8. Having no other adequate remedy to obtain that right, Plaintiffs bring this action to compel Respondents to perform their duties as required by law.

## JURISDICTION AND VENUE

9. This is a civil action brought pursuant to 28 U.S.C. § 1361, The Mandamus Act, granting federal district courts with jurisdiction to compel an officer of the United States to perform a duty owed to the plaintiff.

10. This action is also brought pursuant to 5 U.S.C. § 555(b) and 5 U.S.C. § 702, the Administrative Procedures Act ("APA"), which requires government agencies to conclude matters within a reasonable time and allows persons suffering legal wrong due to agency action or inaction to seek judicial review. 5 U.S.C. § 706(1) authorizes federal courts "to compel agency action unlawfully withheld or unreasonably delayed." Jurisdiction is conferred by 28 U.S.C. § 1331, which provides federal district courts with subject matter jurisdiction (federal question jurisdiction).

11. Venue is proper under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where Petitioner resides. No real property is involved in this action.

## PARTIES

12. PLAINTIFF NELSON NELA MANIAMA is a lawful permanent resident of the United States. He filed Form I-130, Petition for Alien Relative, on behalf of his spouse, Judith Jorme Adimosi and their minor child, J.N. to classify them as the spouse and derivative child of an LPR. He is a resident of the State of Georgia and resides in DeKalb County.

13. PLAINTIFF JUDITH JORMENE ADIMOSI is a citizen and national of the Democratic Republic of the Congo (DRC).  She is the principal applicant in an application for an immigrant visa filed by her spouse, Nelson Nela Maniama.  She awaits a consular interview date to make a final adjudication on her application.

14. PLAINTIFF J.N. is a minor.  He is the biological son of Plaintiffs Nelson Nela Maniama and Plaintiff Judith Jormene Adimosi.  He is a citizen and national of the DRC.  He is the derivative minor child in an application for an immigrant visa filed by his father, Nelson Nela Maniama.  He awaits a consular interview date to make a final adjudication on his application.

15. MERRICK GARLAND is the Attorney General of the United States. He is charged with the administration and enforcement of the country's immigration laws. 8 U.S.C. § 1103 (a).  He is sued in his official capacity.

16. ALEJANDRO MAYORKAS is the Secretary of DHS. He is charged with any and all responsibilities and authority in the administration of the DHS as have been delegated or prescribed by the Attorney General.  He is sued in his official capacity.

17. ANTONY BLINKEN is the US Secretary of State.  He is responsible for and has supervisory duties over the functions of the Department of State, including the processing and adjudication of the immigrant visas.  He is sued in his official capacity.

18. STEPHANIE PORTER is the Consular Section Chief at the U.S. Embassy in the Democratic Republic of the Congo. She supervises the consular section of the embassy where Plaintiffs' applications are pending. She is sued in her official capacity.

## STATEMENT OF FACTS

19. Petitioner, Nelson Nela Maniama, is a lawful permanent resident. He filed an I-130 petition with USCIS on or about September 8, 2017 on behalf of his spouse, Judith Jormene Adimosi, and minor child J.N.

20. The I-130 petition was approved in early 2020 and sent to the NVC for further processing. In January or February 2020, the NVC emailed a welcome letter to Plaintiff Maniama and on February 13, 2020 he paid all of the required fees. Plaintiff Adimosi and Plaintiff J.N. then completed immigrant visa applications (DS-260) and Plaintiffs submitted all required documents to the CEAC website in December 2020. Plaintiffs received a message on January 26, 2021 notifying them that their case was documentarily qualified.

21. On May 25, 2022, Plaintiff Maniama received an email from the NVC informing him that his family's applications had been sent to the U.S. Embassy in Kinshasa (DRC) and that a consular interview had been scheduled for **March 31, 2022** – which was **TWO MONTHS** earlier.

22. Plaintiffs never received any notifications prior to March 31, 2022 that Plaintiff Adimosi's and their minor child's consular interview was scheduled for this date.

23. On June 1, 2022, Plaintiff Maniama sent an email to the U.S. Embassy in Kinshasa informing them of the problem and requesting to reschedule the interview, but received no response.

24. On November 7, 2022, Plaintiff Maniama requested the assistance of his local Congressional Representative to contact the appropriate federal agency to get his family's interview rescheduled, but to no avail.

25. On March 21, 2023 Plaintiff, through the undersigned counsel, emailed a written request to reschedule Plaintiffs' interview.  However, the request went unanswered.

26. Defendants have improperly withheld action on Plaintiffs' applications to his detriment.

27. It has been more than one year since the NVC notified Plaintiff Maniama in error of his family's consular interview date and more than two years since he was notified that his family's case was documentarily qualified.

28. The Embassy has provided no explanation for the interview delay nor have they responded to any requests for action by the Plaintiffs or the undersigned counsel.

29. Upon information and belief, there is no legitimate reason for the excessive delay in re-scheduling Plaintiffs' consular interview date and adjudicating their visa applications.

30. The Respondent government agencies and officers named in this Complaint have adequate resources to perform their duties in a reasonable time, including the duties involved in re-scheduling Plaintiffs' interview and adjudicating their visa applications.

31. The failure of the Respondents to perform the duties owed to Plaintiffs and re-schedule their interview within a reasonable period of time has caused significant hardship to all Plaintiffs.

32. Plaintiffs have exhausted their administrative remedies and therefore file the present Writ.

## CAUSES OF ACTION

## COUNT I - MANDAMUS

33. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

34. The Mandamus Act, 28 U.S.C. § 1361, provides the federal district courts with jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

35. Respondents have a clear duty to adjudicate Plaintiffs' visa applications since the Department of State, through the NVC, charges filing fees to recover its operating costs for providing services.

36. Plaintiffs paid a fee to the NVC, completed their immigrant visa applications, and submitted all required documents. Therefore, the NVC should have timely notified them of and scheduled a consular interview.

37. Respondents violated their duty to Plaintiffs by failing to timely notify them of their scheduled interview date. Further, Respondents have failed to remedy their error and reschedule Plaintiffs for interview. Respondents' violation has deprived Plaintiff Maniama of his ability to petition for his spouse and child and to unify families in the United States.

38. As a result, Plaintiffs have suffered irreparable harm. At the time of their notice of interview in May 2022, there were visas available for beneficiaries of the F2A category. However, under the current visa bulletin, there are now significant backlogs.

## COUNT II – ADMINISTRATIVE PROCEDURES ACT

39. The Administrative Procedures Act, 5 U.S.C. § 555(b), requires government agencies to conclude matters within a reasonable time.

40. Respondents have a non-discretionary duty to schedule Plaintiffs for interview and adjudicate their visa applications within a reasonable time. This case has been documentarily ready since January 26, 2021, yet Plaintiff Adimosi and Plaintiff J.N. have not been rescheduled for interview.

41. As a result, Plaintiffs has been prejudiced by the delay. At the time of their notice of interview in May 2022, there were visas available for beneficiaries of

the F2A category. However, under the current visa bulletin, there are now significant backlogs.

42. By failing to act upon Plaintiffs' application, Respondents have unlawfully withheld and unreasonably delayed agency action under § 706 (1), authorizing this Court to compel Respondents to act.

## COUNT III - FIFTH AMENDMENT

## The Due Process and Equal Protection Clauses

43. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

44. Respondents' practices, policies, conducts, and failure to act as alleged herein violate Plaintiffs' right to due process and equal protection of law protected by the Fifth Amendment to the United States Constitution.

45. As a result, Plaintiffs have suffered irreparable harm and damages and their happiness and livelihood have been placed in serious jeopardy due to the failure to process Plaintiffs' cases.

## Prayer for Reliefs

WHEREFORE, Plaintiffs pray this Court for the following relief:

A. Grant Plaintiffs' request for a Writ of Mandamus against Respondents;

B. Order Respondents, jointly and severally, to re-schedule Plaintiffs' consular interview and adjudicate their visa application no later than 60 days after entry of such order;

C. Retain jurisdiction of this action for purpose of enforcing the orders issued by the Court;

D. Award Plaintiffs' attorneys' fee and costs pursuant to 28 U.S.C. § 2412 and any other applicable statutory, common law, or Constitutional provision; and

E. Grant Plaintiffs any such other relief as this Court deems just and proper at law and in equity.

Date: July 17, 2023						Respectfully submitted,

*/s/ Christina Goldstein*
_____
NGUYEN & PHAM, LLC
By: Jenny Nguyen
Georgia Bar No. 756729
By: Christina Goldstein
Georgia Bar No. 311054

5430 Jimmy Carter Blvd, Ste 202
Norcross, GA 30093
Tel: 770-685-7561; Fax: 770-685-7564
Email: immigration@npattorney.com
ATTORNEYS FOR PLAINTIFFS