| 23A02666 | STATE COURT OF DEKALB COUNTY |
|---|---|
| No. _____ | GEORGIA, DEKALB COUNTY |
| Date Summons Issued and Filed 6/15/2023 | **SUMMONS** |
| /s/ Monica Gay | |
| Deputy Clerk | SELINDA BROWN |
| Deposit Paid $ _____ | 1589 Gallup Drive, Stockbridge, GA 30281 |
| | (Plaintiff's name and address) |
| [ ] ANSWER | vs. |
| [X] JURY | TARGET CORPORATION / CT Corporation, 289 S. Culver St, Lawrenceville, GA 30046 |
| | JOHN DOE |
| | (Defendant's name and address) |

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Castro Law P.C. / Timothy Blair
(Name)
5 Concourse Parkway, Suite 2225, Atlanta, GA 30328
(Address)
770-222-4336                                813368
(Phone Number)                              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

| Defendant's Attorney | Third Party Attorney |
|---|---|
| _____ | _____ |
| Address | Address |
| Phone No.    Georgia Bar No. | Phone No.    Georgia Bar No. |

**TYPE OF SUIT**

- [ ] Account
- [ ] Contract
- [ ] Note
- [ ] Trover

- [X] Personal Injury
- [ ] Medical Malpractice
- [ ] Legal Malpractice
- [ ] Product Liability
- [ ] Other

Principal    $ _____
Interest     $ _____
Atty Fees    $ _____

[ ] Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

STATE COURT OF
DEKALB COUNTY, GA.
6/15/2023 4:04 PM
E-FILED
BY: Monica Gay

Exhibit A

6-28-2023                137342H0001                6020230628021293

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **SELINDA BROWN**<br>**Plaintiff**<br><br>v.<br><br>**TARGET CORPORATION, and JOHN DOE**<br>**Defendants** | CIVIL ACTION FILE NO. 23A02666<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff Selinda Brown and files this Complaint for Damages and Demand for Jury Trial against Defendants Target Corporation, and unknown employee(s) John Doe showing the Court the following:

### PARTIES, VENUE, JURISDICTION, AND SERVICE OF PROCESS

1. Plaintiff Selinda Brown, (hereinafter "Plaintiff") is, and was at all relevant times to this Complaint, a citizen and resident of the State of Georgia, residing in Henry County, Georgia. By bringing this action, she avails herself to the venue and jurisdiction of this Court.
2. Upon information and belief, Defendant Target Corporation Inc (hereinafter "Defendant Target") is a Minnesota Corporation registered and authorized to transact business in Georgia.
3. Defendant Target may be served with legal process through its registered agent CT Corporation System at 289 S Culver St., Lawrenceville, GA 30046 located in Gwinnett County.
4. Defendant is subject to the personal jurisdiction of this Court.
5. Venue is proper in Dekalb County as to Defendant Target under the Ga. Const., Art. VI, § II, ¶ VI and other applicable law because the Defendant is a foreign corporation which transacts business and has an office in the county where the tort occurred.
6. Defendant Target. owned, operated, occupied, managed, housekept, and/or maintained the store located at; 1275 Caroline St. NE, Atlanta, GA 30307, Dekalb County ("The Premises").
7. Defendant John Doe (Defendant Doe') is an unknown employee(s) of Defendant Target and are subject to the personal jurisdiction of this Court.
8. Venue is proper as to Defendant John Doe under the Ga. Const., Art. VI, § II, ¶ VI and other applicable law because Defendant were/are employees of Defendant Target at the time of the incident.

PLAINTIFF'S COMPLAINT  Page 1 of 4

STATE COURT OF
DEKALB COUNTY, GA.
6/15/2023 4:04 PM
E-FILED
BY: Monica Gay

6-28-2023        137342H0001        6020230628021293

## COUNT ONE: DEFENDANT TARGET

9. Defendant Target owned, operated, installed, set up, managed, upkept, and/or maintained the equipment on August 19, 2021, at the Premises.

10. Defendant Target allowed a hazard to exist on the Premises with the equipment on August 11, 2021.

11. Defendant Target was negligent by:
    a. active negligence by creating the hazard;
    b. allowing a hazard to remain on the Premises;
    c. failing to upkeep the equipment;
    d. failing to barricade the hazard; and/or
    e. failing to warn Plaintiff about the hazard.

12. As a result of the conduct of Defendant Target, Plaintiff slipped and fell on the wet floor in the women's restroom, dislocating her right shoulder.

13. The fall caused by Defendant Target resulted in serious personal injuries to Plaintiff.

14. Defendant is liable to Plaintiff for failure to exercise ordinary care to keep the Premises safe on August 11, 2021.

15. Defendant Target is liable to Plaintiff for carelessness and negligence in the ownership, operation, occupation, management, maintenance, and/or housekeeping of the store on August 11, 2021.

## COUNT TWO: RESPONDEAT SUPERIOR

16. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17. At the time of the accident, Defendant Doe, was acting within their scope of employment with Defendant Target.

18. Defendant Target is responsible for the acts or omissions of Defendant Doe, under the doctrine of respondeat superior, vicarious liability, agency or apparent agency.

## COUNT THREE: NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT, & SUPERVISION

19. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20. Defendant Target was negligent in hiring Defendant Doe and entrusting him to give notice of wet floors in the women's restroom.

21. Defendant Target was negligent in failing to properly train Defendant Doe.

22. Defendant Target was negligent in retaining Defendant Doe.

23. Defendant Target was negligent in failing to properly supervise Defendant Doe.

24. Defendant Target's negligence in hiring Defendant Doe entrusting him to follow proper company policies and procedures, and failing to train and supervise him properly was the sole and proximate cause of the incident that resulted in Plaintiff's personal injuries.

### COUNT FOUR: DAMAGES

25. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26. Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

27. As a proximate and foreseeable result of the negligence of Defendants', Plaintiff sustained personal injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff is entitled to recover all elements of damages allowed under Georgia law.

28. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered bodily injury requiring medical attention and incurred medical bills in excess of $42,000.00.

29. Plaintiff sustained damages including but not limited to:

    a. personal injuries;

    b. past, present, and future pain and suffering;

    c. mental anguish;

    d. loss of capacity for the enjoyment of life;

    e. incidental expenses;

    f. past, present, and future medical expenses; and

    g. consequential damages to be proven at trials a direct and proximate cause of Defendant's acts and omissions, Plaintiff sustained pain, suffering, and mental anguish to be proven at trial.

### NOTICE OF SERVICE OF DISCOVERY

30. Defendant is hereby notified that the following discovery requests are served upon him, attached to and along with this Summons and Complaint:

    a. Plaintiff's First Interrogatories to Defendant;

b. Plaintiff's First Request for Production of Documents to Defendant;

c. Plaintiff's First Request for Admissions to Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a. That summons be issued requiring Defendant appear as provided by law to Answer this Complaint;

b. That Plaintiff have a jury trial on all issues;

c. That Plaintiff recover from Defendant the full value of past and future medical expenses endured by her since the time of Defendant's tortious acts and omissions in an amount to be proven at trial;

d. That Plaintiff recover from Defendant damages for all components of the mental and physical pain and suffering endured by her since the time of Defendant's tortious acts and omissions in an amount to be determined by the enlightened conscience of the jury;

e. That all costs be cast against Defendant; and

f. For such other and further relief as this Court shall deem just and appropriate.

This 15th day of June 2023.

CASTRO LAW, P.C.

*Timothy L. Blair* (signature)

5 Concourse Parkway
Suite 2225
Atlanta, GA 30328
(770) 222-4336
tim@castrolaw.com
yulia@castrolaw.com

Timothy L. Blair
Georgia Bar Number: 813368
Yulia Perez-Caballero
Georgia Bar Number: 151531
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
6/15/2023 4:04 PM
E-FILED
BY: Monica Gay

8. Admit there were foreign substances on the floor creating a slip hazard in the women's restroom at Target located at 1275 Caroline St. NE, Atlanta, GA 30307, Dekalb County, on August 11, 2022.

9. Admit there were no warning signs left in the women's restroom warning guests of potentially hazardous floors.

This 15th day of June 2023.

                                                CASTRO LAW, P.C.

                                                */s/ Timothy L. Blair*

5 Concourse Parkway                     Timothy L. Blair
Suite 2225                                     Georgia Bar Number: 813368
Atlanta, GA 30328                          Yulia Pérez-Caballero
(770) 222-4336                                 Georgia Bar Number: 151531
tim@castrolaw.com                         Attorneys for Plaintiff
yulia@castrolaw.com

                                                STATE COURT OF
                                                DEKALB COUNTY, GA.
                                                6/15/2023 4:04 PM
                                                E-FILED
                                                BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SELINDA BROWN, )<br>    )<br>    Plaintiff,    )<br>    )<br>    )    CIVIL ACTION NO.<br>v.    )    23A02666<br>    )<br>TARGET CORPORATION;    )<br>and JOHN DOE,    )<br>    )<br>    Defendants.    )<br>    ) | |

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Target Corporation, the Defendant in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint (hereinafter "Plaintiff's Complaint"), as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, Plaintiff's Complaint should be dismissed accordingly.

**SECOND DEFENSE**

Defendant avers that Plaintiff has failed to join a proper party or parties needed for just adjudication of this action within the contemplation of O.C.G.A. § 9-11-19.

**THIRD DEFENSE**

No alleged negligent act or omission to act by Defendant and its employees either caused or contributed to Plaintiff's alleged injuries, and therefore, Plaintiff's Complaint should be dismissed accordingly.

**FOURTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Plaintiff's Complaint

- 2 -

may be barred by the doctrine of contributory/comparative negligence, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Defendant reserves the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. § 9-11-8, as may become known during the course of investigation and discovery.

### SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the Complaint may be barred by the doctrine of assumption of the risk, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### SEVENTH DEFENSE

Plaintiff's damages, if any, were the proximate result of an unforeseeable, independent, intervening, and superseding cause, which bars any recovery against Defendant.

### EIGHTH DEFENSE

Defendant denies Plaintiff's allegations of wrongdoing or that Plaintiff is entitled to any recovery from Defendant for alleged wrongdoing.

### NINTH DEFENSE

Jurisdiction and/or venue are improper.

## TENTH DEFENSE

Plaintiff failed to exercise ordinary care, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## ELEVENTH DEFENSE

Defendant has not acted in bad faith or been stubbornly litigious pursuant to O.C.G.A. § 13-6-11.

## TWELFTH DEFENSE

In responding to the specific allegations contained in Plaintiff's Complaint, Defendant responds as follows:

## PARTIES, VENUE, JURISDICTION, AND SERVICE OF PROCESS

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

2. – 5.

In responding to the allegations contained in Paragraphs 2 through 5 of Plaintiff's Complaint, said allegations are admitted.

6.

In responding to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits it operated the Target store at this location. The remaining allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, said allegations are admitted.

**COUNT ONE: DEFENDANT TARGET**

9.

In responding to the allegations of Paragraph 9 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

10. – 15.

In responding to the allegations contained in Paragraphs 10 through 15 of Plaintiff's Complaint, said allegations are denied.

**COUNT TWO: RESPONDEAT SUPERIOR**

16.

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. – 18.

In responding to the allegations contained in Paragraphs 17 through 18 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information

to form a belief of the truth of the averments therein. To the extent said allegations state, infer or imply allegations of negligence, such allegations are denied.

### COUNT THREE: NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT & SUPERVISION

19.

In responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

20. – 24.

In responding to the allegations contained in Paragraphs 20 through 24 of Plaintiff's Complaint, said allegations are denied.

### COUNT FOUR: DAMAGES

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. – 29.

In responding to the allegations contained in Paragraphs 26 through 29 of Plaintiff's Complaint, said allegations are denied.

### NOTICE OF SERVICE OF DISCOVERY

30.

In responding to Paragraph 30 of the Plaintiff's Complaint, this Defendant denies that the Paragraph contains any allegations, and as a result, no response is required pursuant to O.C.G.A. § 9-11-12. To the extent said allegations state, infer or imply allegations of negligence, such

allegations are denied.

## PRAYER FOR RELIEF

This Defendant denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint. This Defendant denies all express or implied allegations of the Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.

WHEREFORE Target Corporation, having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Target Corporation with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 17th day of July, 2023.

                                        HUFF, POWELL & BAILEY, LLC

                                        */s/ Brian K. Mathis*
                                        BRIAN K. MATHIS
                                        Georgia Bar No. 477026
                                        CHRISTOPHER A. BROOKHART
                                        Georgia Bar No.: 654466

                                        *Counsel for Defendant*
                                        *Target Corporation*

STATE COURT OF
DEKALB COUNTY, GA.
7/17/2023 1:42 PM
E-FILED
BY: Kelly Johnson

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT upon all parties or their counsel of record via the Odyssey eFileGA efiling system and Statutory Electronic Service to assure delivery as follows:

Timothy L. Blair
Yulia Perez-Caballero
CASTRO LAW, PC
5 Concourse Parkway
Suite 2225
Atlanta, Georgia 30328
tim@castrolaw.com
yulia@castrolaw.com

*Counsel for Plaintiff*

This 17th day of July, 2023.

                                             HUFF, POWELL & BAILEY, LLC

                                             */s/ Brian K. Mathis*
                                             BRIAN K. MATHIS
                                             Georgia Bar No. 477026
                                             CHRISTOPHER A. BROOKHART
                                             Georgia Bar No.: 654466

                                             *Counsel for Defendant*
                                             *Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SELINDA BROWN, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>TARGET CORPORATION; )<br>and JOHN DOE, )<br>)<br>  Defendants. )<br>) | CIVIL ACTION NO.<br>23A02666 |

## JURY DEMAND ON BEHALF OF TARGET CORPORATION

COMES NOW, Target Corporation, a Defendant in the above styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), demands a trial by a jury of twelve to be picked from a panel of twenty-four prospective jurors.

This 17th day of July, 2023.

               Respectfully submitted,

               HUFF, POWELL & BAILEY, LLC

               */s/ Brian K. Mathis*
               BRIAN K. MATHIS
               Georgia Bar No. 477026
               CHRISTOPHER A. BROOKHART
               Georgia Bar No.: 654466

               *Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

STATE COURT OF
DEKALB COUNTY, GA.
7/17/2023 1:42 PM
E-FILED
BY: Kelly M Johnson

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served a true and correct copy of the within and foregoing JURY DEMAND ON BEHALF OF TARGET CORPORATION upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Timothy L. Blair
Yulia Perez-Caballero
CASTRO LAW, PC
5 Concourse Parkway
Suite 2225
Atlanta, Georgia 30328
tim@castrolaw.com
yulia@castrolaw.com

*Counsel for Plaintiff*

This 17th day of July, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SELINDA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION;<br>and JOHN DOE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  23A02666<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** upon all parties or their counsel of record via Statutory Electronic Service to assure delivery as follows:

Timothy L. Blair
Yulia Perez-Caballero
CASTRO LAW, P.C.
5 Concourse Parkway, Suite 2225
Atlanta, Georgia 30328
tim@castrolaw.com
yulia@castrolaw.com

*Counsel for Plaintiff*

This 17th day of July, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

- 2 -