# SETTLEMENT EVALUATION AND DEMAND

SELINDA BROWN

vs.

TARGET CORPORATION

**Submitted by:**
Daniel F. Castro
Attorney at Law Castro Law, P.C.
5 Concourse Parkway
Suite 2225
Atlanta, Georgia 30328
770.222.4336

*This settlement demand package has been prepared to facilitate settlement negotiations regarding the subject case. Nothing contained herein is admissible as evidence or can be used for any other purpose without the consent of Selinda Brown and Castro Law.*

Exhibit D

# TABLE OF CONTENTS

Settlement Demand Letter..............................................................

Incident Report.................................................................................Tab #1

Policy Information............................................................................Tab #2

Medical Records...............................................................................Tab #3
- Wellstar Atlanta Medical Center
- Emory Orthopaedics
- Emory Orthopaedics, Physicians
- American Health Imaging
- Dekalb Comprehensive Physical Therapy

Medical Bills....................................................................................Tab #4
- Wellstar Atlanta Medical Center
- Emory Orthopaedics
- Emory Orthopaedics, Physicians
- GA Injury & Spine Center of Decatur
- Dekalb Comprehensive Physical Therapy

March 7, 2023

<u>*VIA CERTIFIED MAIL*</u>
Mark Yardley
Sedgwick Claims Management Services, Inc.
P.O. Box 14436
Lexington, KY 40512-4436

|  |  |  |
|---|---|---|
| **RE:** | **Our Client:** | **Selinda Brown** |
|  | **Your Insured:** | **Target Corporation** |
|  | **Claim No.:** | **137342H0001** |
|  | **Date of Loss:** | **08/11/2021** |

     As you are aware, our firm has been retained to represent **Ms. Selinda Brown** for her injuries sustained in a fall at Target located at 1275 Caroline St. NE, Atlanta, GA 30307 caused by wet floor in the restroom on the floor.  I have enclosed a copy of my client's medical records, bills and other pertinent information that will enable you to fully evaluate the case.  I am hopeful this case can be resolved without having to file a formal complaint, however, if this matter proceeds to trial we believe the evidence would reflect the following.

## **LEGAL LIABILITY**

     On August 11, 2021, Ms. Selinda Brown was shopping at the Target with a friend located at 1275 Caroline St. NE, Atlanta, GA 30307.  During her time at Target, Ms. Brown needed to take a restroom break and headed toward the ladies' restrooms. Mr. Brown's friend sat on the bench located outside the restroom as Ms. Brown entered the restroom. Ms. Brown noticed the door propped open with a mop bucket, but as she entered saw no wet floor signs and noticed the floor looked dry. As Ms. Brown opened the stall door and entered, she suddenly lost her footing and crashed to the ground. As Ms. Brown called for help another lady and her granddaughter went to summon help. The manager of the store entered the restroom to assist Ms. Brown and as Ms. Brown stood up from the ground, she noticed that she was wet from the floor.  As a result of the slip and fall, Ms. Brown suffered a dislocated shoulder and other injuries resulting from her fall.

     As you are aware of, under O.C.G.A. § 51-3-1, an owner of an establishment has a duty to exercise ordinary care in inspecting and maintaining the premises when they lead others to come upon his premises for any lawful purpose.  When ordinary care is breached the owner is liable for damages. Georgia Law on premise liability for foreign substance slip and fall injuries require the Plaintiff show that the owner/employees (1) had actual or constructive knowledge of the hazard, and (2) that the invitee lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/employee.

     Additionally, under O.C.G.A. § 51-2-2, an owner of an establishment may be held liable for the torts of their employees should an employee commit a tort within the scope of the employer's business. Here, the act of either removing a wet floor sign or failing to

place a wet floor sign where customers would clearly see it created a hazard that led to Ms. Brown's injury.

Clearly, liability rests exclusively with your insured in this case. As a result of employee negligence, Ms. Selinda Brown has endured pain and suffering and incurred medical expenses as indicated below.

### **DAMAGES INCURRED**

As a direct result of your insured's negligence, Ms. Brown suffered injuries to her right shoulder. Ms. Brown was immediately taken to Atlanta Medical Center via ambulance complaining of right shoulder pain. (Exhibit "A").

Ms. Brown underwent x-rays with the radiology department on her right shoulder which revealed *anterior dislocation at the right shoulder*. Ms. Brown was diagnosed with a dislocation, sprain, strain, internal derangement, and separation of the right shoulder. Ms. Brown right arm was placed in a sling upon discharge with a referral for an Orthopaedic specialist.

On 8/23/2021, Ms. Brown visited Emory Clinic Orthopaedics complaining of pain in her right shoulder. Ms. Brown was referred to American Health Imaging to undergo an MRI on her right shoulder.

On 8/31/2021, Ms. Brown presented at American Health Imaging for her right shoulder MRI. The MRI revealed a *complete full-thickness tear of supraspinatus, with partial-thickness tearing of the infraspinatus tendon. Full-Incomplete tear of subscapularis; Anterior inferior capsular injury, with non-visualization of the anterior band inferior glenohumeral ligament, and humeral avulsion of the axillary pouch with fraying of the anterior inferior labrum. Complex tearing of the superior labrum. Non-visualization of the intra-articular long head biceps tendon consistent with tendon tear and bone marrow edema.*

As a result of the injury, on 10/19/2021, Ms. Brown underwent a right shoulder arthroscopy and repair of a massive rotator cuff tear. (Exhibit "C").

```
DATE OF SERVICE: October 19, 2021

PREOPERATIVE DIAGNOSIS:
Right-sided rotator cuff rupture, status post glenohumeral joint
anterior dislocation.

POSTOPERATIVE DIAGNOSES:
Right-sided rotator cuff rupture, status post glenohumeral joint
anterior dislocation; glenohumeral joint synovitis as well as
subacromial impingement and biceps tendon rupture, subacute.

PROCEDURES:
1.  Right shoulder arthroscopy and repair of a massive rotator cuff
tear using double row technique and a total of 5 anchors.
2.  Extensive debridement of the glenohumeral joint including rotator
cuff tissue, biceps tendon tissue, labral tissue and capsular tissue.
3.  Acromioplasty with subacromial decompression.
```

After surgery, Ms. Brown underwent physical therapy to strengthen her shoulder. Our client endured a surgical procedure and almost one year of physical therapy to repair and rebuild her shoulder. Ms. Brown could require additional medical treatment. We enclose the medical records and medical bills for your independent review.

## SPECIAL DAMAGES

Pursuant to **O.C.G.A. 51-12-2(a)**, we are seeking all special damages or out of pocket expenses arising out of the negligence of your insured driver. Below is an itemized list of special damages that my client has incurred;

1. Wellstar Atlanta Medical Center………………………...…............$8,942.00
2. EMS…………………………………………………………………….NOT FOUND
3. Emory Clinic Orthopaedics………………………………….......$11,518.40
4. Emory Clinic Orthopaedics Physician...............………………….$20,025.88
5. American Health Imaging…………………………………………$2,225.00
6. Dekalb Comprehensive Physical Therapy………………………..$5,418.00

**TOTAL SPECIAL DAMAGES FOR SELINDA BROWN:**          **$48,129.28**

## GENERAL DAMAGES

In addition to the above special damages, my client endured physical injury, pain, suffering, and inconvenience as a result of this collision. Consequently, my client is also seeking general damages pursuant to **O.C.G.A. 51-12-2(b)**. Furthermore, when the case is settled, my client will no longer be able to look to your insured for compensation.
Thus, my client's future medical needs should be taken into account when making your evaluation.

## DEMAND FOR SETTLEMENT AND COMPROMISE

As set forth above, Ms. Brown's medical expenses exceed **$48,000.00** which does not take into account any general damages or mileage that Ms. Brown had to travel to seek treatment.

Based upon the foregoing, including the medical expenses and the reasonable care and treatment incurred by my client, demand is hereby made upon Dollar Tree Inc. in the amount of **$300,000.00**. In accordance with Georgia law, this offer to compromise shall remain open for thirty days from the date of this letter after which time it will be withdrawn and no longer available for acceptance. We have conveyed this offer to settle in good faith and trust you will evaluate it and the concomitant documentation in good faith.

Very truly yours,

*Daniel Castro*
Daniel F. Castro
Attorney at Law
Castro Law, P.C.

DFC/jfw  Enclosures