IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELINDA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| TARGET CORPORATION; ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT TARGET CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Target Corporation, the Defendant in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint (hereinafter "Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### SECOND DEFENSE

Defendant avers that Plaintiff has failed to join a proper party or parties needed for just adjudication of this action within the contemplation of O.C.G.A. §

9-11-19.

### THIRD DEFENSE

No alleged negligent act or omission to act by Defendant and its employees either caused or contributed to Plaintiff's alleged injuries, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's Complaint may be barred by the doctrine of contributory/comparative negligence, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.  Defendant reserves the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. § 9-11-8, as may become known during the course of investigation and discovery.

- 3 -

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the Complaint may be barred by the doctrine of assumption of the risk, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were the proximate result of an unforeseeable, independent, intervening, and superseding cause, which bars any recovery against Defendant.

## EIGHTH DEFENSE

Defendant denies Plaintiff's allegations of wrongdoing or that Plaintiff is entitled to any recovery from Defendant for alleged wrongdoing.

## NINTH DEFENSE

Plaintiff failed to exercise ordinary care, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## TENTH DEFENSE

Defendant has not acted in bad faith or been stubbornly litigious pursuant to O.C.G.A. § 13-6-11.

## ELEVENTH DEFENSE

In responding to the specific allegations contained in Plaintiff's Complaint,

Defendant responds as follows:

## PARTIES, VENUE, JURISDICTION, AND SERVICE OF PROCESS

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

2. – 5.

In responding to the allegations contained in Paragraphs 2 through 5 of Plaintiff's Complaint, said allegations are admitted.

6.

In responding to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits it operated the Target store at this location. The remaining allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, said allegations are admitted.

**COUNT ONE: DEFENDANT TARGET**

9.

In responding to the allegations of Paragraph 9 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

10. – 15.

In responding to the allegations contained in Paragraphs 10 through 15 of Plaintiff's Complaint, said allegations are denied.

**COUNT TWO: RESPONDEAT SUPERIOR**

16.

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. – 18.

In responding to the allegations contained in Paragraphs 17 through 18 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. To the extent said allegations state, infer or imply allegations of negligence, such allegations are denied.

**COUNT THREE: NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT & SUPERVISION**

19.

In responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

20. – 24.

In responding to the allegations contained in Paragraphs 20 through 24 of Plaintiff's Complaint, said allegations are denied.

**COUNT FOUR: DAMAGES**

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant hereby reasserts all defenses and responses contained in its

responses to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. – 29.

In responding to the allegations contained in Paragraphs 26 through 29 of Plaintiff's Complaint, said allegations are denied.

### NOTICE OF SERVICE OF DISCOVERY

30.

In responding to Paragraph 30 of the Plaintiff's Complaint, this Defendant denies that the Paragraph contains any allegations, and as a result, no response is required pursuant to O.C.G.A. § 9-11-12. To the extent said allegations state, infer or imply allegations of negligence, such allegations are denied.

### PRAYER FOR RELIEF

This Defendant denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.  This Defendant denies all express or implied allegations of the Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.

WHEREFORE Target Corporation, having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Target Corporation

with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 17th day of July, 2023.

        HUFF, POWELL & BAILEY, LLC

        */s/ Brian K. Mathis*
        BRIAN K. MATHIS
        Georgia Bar No. 477026

        */s/ Christopher A. Brookhart*
        CHRISTOPHER A. BROOKHART
        Georgia Bar No.: 654466

        *Counsel for Defendant*
        *Target Corporation*

- 9 -

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

                                        HUFF, POWELL & BAILEY, LLC

                                        */s/ Brian K. Mathis*
                                        BRIAN K. MATHIS
                                        Georgia Bar No. 477026

                                        */s/ Christopher A. Brookhart*
                                        CHRISTOPHER A. BROOKHART
                                        Georgia Bar No.: 654466

                                        *Counsel for Defendant*
                                        *Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT upon all parties or their counsel of record via the Odyssey eFileGA efiling system and Statutory Electronic Service to assure delivery as follows:

Timothy L. Blair
Yulia Perez-Caballero
CASTRO LAW, PC
5 Concourse Parkway
Suite 2225
Atlanta, Georgia 30328
tim@castrolaw.com
yulia@castrolaw.com

*Counsel for Plaintiff*

This 17th day of July, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026

*/s/ Christopher A. Brookhart*
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

- 11 -

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com