IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,[1]<br><br>Plaintiff<br><br>v.<br><br>JEFF McCOY and EMILYN ESPIRITU,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Jane Doe is an individual resident of Fulton County, Georgia. Plaintiff is using the Jane Doe alias because of the highly personal and embarrassing nature of the allegations contained herein.

2. Defendant Jeff McCoy ("McCoy") is an individual resident of Fulton County Georgia. Defendant McCoy can be served with process at his residence address, 810 Camp Avenue, Roswell, Georgia 30075.

---

[1] As part of the relief Plaintiff is entitled to under federal law, "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

-1-

3. Defendant Emilyn Espiritu ("Espiritu") is an individual resident of Fulton County Georgia. Defendant Espiritu can be served with process at her residence address, 810 Camp Avenue, Roswell, Georgia 30075.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 6851.

5. Defendants are both residents of the State of Georgia and this Court therefore has jurisdiction over Defendants McCoy and Espiritu's persons.

6. The venue of this action is proper before this Court.

## Background Facts

7. Plaintiff and Defendant McCoy were in a romantic relationship from roughly March 2014 to May 2021.

8. Plaintiff broke off the relationship because of Defendant McCoy's habitual drunkenness and many infidelities.

9. During the course of their relationship, at Defendant McCoy's urging, the couple videotaped certain of their intimate interactions.

10. Additionally, on at least two occasions, Defendant McCoy encouraged Plaintiff to have intimate encounters with other men or other women that he recorded (the recordings referred to in Paragraphs 8 and 9 are collectively referred to as the "Recordings").

11.     On each occasion on which Recordings were made, Defendant McCoy would direct Plaintiff as to who he wanted to participate and what he would want each to do, and he would proceed to record the encounter.

12.     Defendant McCoy would instruct Plaintiff as to what he wanted her to do when the Recordings were made, and he principally appeared to be interested in filming Plaintiff with other men and women.

13.     Defendant McCoy also took scores of intimate photographs during the parties' relationship (the "Photographs").

14.     Plaintiff was troubled by the idea of making the Recordings and the Photographs, but she did so because she felt her relationship with Defendant McCoy was troubled and in peril, and she participated in making the Recordings and Photographs to appease him and preserve the relationship.

15.     Although Defendant McCoy encouraged Plaintiff to continue to participate in making such Recordings and Photographs, Plaintiff ultimately found the process to be too offensive and troubling and ultimately refused to continue to do so.

16.     Defendant McCoy stored the Recordings and Photographs on his cellular telephone, which is the device he used to make the Recordings and Photographs.

17. Before the Recordings and Photographs were made, Defendant McCoy assured Plaintiff that they would be stored in an encrypted folder and that he would never share them or even mention them to anyone else.

18. Plaintiff and Defendant McCoy's relationship was "on again, off again" on a number of occasions, and on each occasion, Plaintiff asked McCoy to destroy or delete the Recordings and Photographs, and on each occasion, McCoy assured Plaintiff he had or would do so.

19. Plaintiff and Defendant ended their romantic relationship in May 2021.

20. When the parties ended their romantic relationship, Plaintiff asked Defendant to delete the Recordings and Photographs from all devices on which they were stored and not to make or keep any copies of them.

21. Defendant McCoy assured Plaintiff that he would delete the Recordings and Photographs from all the devices on which they were stored and that he would make no copies of them.

22. When Plaintiff later asked Defendant McCoy if he had made good on his promise to delete all the Recordings and Photographs and copy none of them, he assured her he had.

23. Plaintiff has learned and alleges on information and belief that on or about April 16, 2023, McCoy and his current girlfriend, Defendant Espiritu, went to Ipps Pastaria & Bar ("Ipps"), a local Roswell tavern and restaurant where they met with a number of Defendant McCoy's friends and acquaintances.

24. At 8:14 p.m. on April 16, 2023, Plaintiff received a text message with a recording attached that showed one of the Recordings being displayed to a number of people (the "Displayed Recording").

25. The Displayed Recording was sent to Plaintiff by Darren Crosby and was accompanied by a message: "Nice video."

26. The Displayed Recording showed that the Recording being shown was maintained in a folder with Plaintiff's name on it, and the folder had a number of items in it, suggesting that Defendant McCoy has not deleted or destroyed the Recordings and Photographs as he had represented.

27. When she saw the Displayed Recording, Plaintiff responded to Crosby trying to understand what was happening. Crosby denied having done anything and claimed that Steve Morowski, a long-time friend of Defendant McCoy's had recorded the playing of the Displayed Recording and sent the text to Plaintiff using Crosby's phone.

28. The next day Plaintiff arranged to meet Defendant McCoy at Ipps to confront him. At that time, Defendant McCoy claimed that he did not make the Displayed Recording or show the Recording that was being displayed. He claimed instead that Defendant Espiritu had taken a copy of one or more of the Recordings from his cell phone without permission and that she had showed the Displayed Recording to the assembled group.

29. Defendant McCoy did not attempt to reconcile his explanation with the earlier representations he had made that all the Recordings had been deleted.

30. During her visit to Ipps that day, Plaintiff encountered Mr. Morowski, who also commented that he had seen the Recording that was displayed on April 16, 2023.

## COUNT I:  CLAIM ARISING UNDER 15 U.S.C. § 6851

31. Plaintiff repeats and incorporates by reference herein the allegations of Paragraphs 1 through 30 of this Complaint.

32. Pursuant to 15 U.S.C. § 6851, "an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure,

may bring a civil action against that person in an appropriate district court of the United States for relief . . ."

33. A cell phone is a "facility or means of interstate commerce." *See United States v. Weathers*, 169 F.3d 336, 341 (6th Cir.1999) (noting that the telephone network is a "facility of interstate commerce").

34. One or both of Defendants used a cell phone to display an intimate visual depiction of Plaintiff without her consent, giving rise to a claim under 15 U.S.C. § 6851.

35. Plaintiff was identifiable in the Displayed Recording.

36. Defendants knew that, or recklessly disregarded that Plaintiff had not consented to the displaying of the Displayed Recording.

37. Pursuant to 15 U.S.C. § 6851(b)(3)(A)(1), a claimant making a claim under that law "may recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred."

38. As additional relief, the Court may "order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A)(2).

## COUNT II: NEGLIGENCE (as to Defendant McCoy)

39. Plaintiff repeats and incorporates by reference herein the allegations of Paragraphs 1 through 38 of this Complaint.

40. To the extent that Defendant McCoy told the truth when he told Plaintiff that his girlfriend took the Displayed Recording (and perhaps other Recordings) from his cell phone without his consent, then Defendant McCoy is guilty of negligence in the handling of the Recordings in, at least, three ways:

   a. First, Defendant McCoy should have deleted the Recordings, as he represented to Plaintiff he had;

   b. Second, if he was going to deceitfully keep copies of the Recordings, Defendant McCoy should have maintained them in an encrypted form and in a manner that would not have allowed third parties to hijack them; and

   c. Third, if he was going to deceitfully keep copies of the Recordings, Defendant McCoy should have maintained such vigilance with respect to his phone that such a hijacking of the Recordings could not have occurred.

41. As a consequence of Defendant McCoy's negligence, Plaintiff has suffered humiliation, embarrassment, disgrace, and shame, which has been

exacerbated and punctuated by the sophomoric and acerbic comments of those who viewed the Displayed Recordings.

42.     Defendant McCoy's conduct in this regard was dishonest and reckless, amounting to bad faith, and Defendant McCoy's conduct has caused Plaintiff unnecessary trouble and expense, entitled Plaintiff to recover her costs of this action, including reasonable attorneys' fees.

43.     Defendant McCoy's conduct in this regard reflect a reckless disregard for the feelings and rights of Plaintiff such that Plaintiff is entitled to recover punitive damages from Defendant McCoy in an amount to be determined by the enlightened conscience of the jury that tries this case.

### COUNT III: PUBLIC DISCLOSURE OF PRIVATE MATTERS—
### FOUR TORTS (as to both Defendants)

44.     Plaintiff repeats and incorporates by reference herein the allegations of Paragraphs 1 through 43 of this Complaint.

45.     Defendants through their concerted wrongful conduct or individually have engaged in four (4) torts that implicate Plaintiff's privacy rights: (1) intrusion upon Plaintiff's seclusion or solitude, or into her private affairs; (2) public disclosure of embarrassing private facts about Plaintiff; (3) publicity which

places Plaintiff in a false light in the public eye; and (4) appropriation, for Defendant's advantage, of Plaintiff's name or likeness.

46. Defendants, together or separately, displayed private and intimate images of Plaintiff without Plaintiff's consent. In so doing, Defendants (1) intruded upon Plaintiff's solitude and private affairs; (2) disclosed embarrassing facts regarding Plaintiff; (3) placed Plaintiff in a false light in the public eye; and (4) appropriated Plaintiff's likeness for the entertainment of themselves and those around them.

47. As a consequence of Defendants' improper conduct in this regard, Plaintiff has suffered humiliation, embarrassment, disgrace, and shame, which has been exacerbated and punctuated by the sophomoric and acerbic comments of those who viewed the Displayed Recordings.

48. Defendants' conduct in this regard was reckless, amounting to bad faith and has caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover her costs of this action, including reasonable attorneys' fees.

49. Defendants' conduct in this regard reflects a reckless disregard for the feelings and rights of Plaintiff such that Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of the jury that tries this case.

**WHEREFORE**, Plaintiff prays for the following relief:

(a)     That this matter be tried before a jury;

(b)     That Plaintiff recover all legally recoverable damages proven at trial;

(c)     That Plaintiff recover her costs of litigation, including reasonable attorneys' fees;

(d)     That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury; and

(e)     For such other and further relief as the Court may deem appropriate.

Dated:  July 18, 2023.

                                            Respectfully submitted,

                                            */s/ Cary Ichter*
                                            Cary Ichter
                                            Georgia Bar No. 382515
                                            **ICHTER DAVIS LLC**
                                            400 Interstate N. Parkway SE
                                            Suite 860
                                            Atlanta, Georgia 30339
                                            Tel:  404.869.7600
                                            Fax:  404.602.0037
                                            cichter@ichterdavis.com

                                            *Counsel for Plaintiff*