# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TESHARRIE SWIFT,

    Plaintiff,

v.

PUBLIX SUPERMARKETS, INC.,

    Defendant.

_____/

CASE NO.

## NOTICE OF REMOVAL

COMES NOW Defendant Publix Super Markets, Inc. (hereinafter "Publix"), by and through undersigned counsel, and files this Notice of Removal of Case Number 23-A-1778 from the State Court of Cobb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Publix shows this Court as follows:

## INTRODUCTION

1. Plaintiff Tesharrie Swift ("Plaintiff") commenced this action on April 27, 2023 by filing a Complaint in the State Court of Cobb County, Georgia, styled "Tesharrie Swift v. Publix Super Market, Inc.," Case No. 23-A-1778. Plaintiff alleges injuries resulting from a slip-and-fall incident at a Publix store in Marietta, Cobb County, Georgia.

CASE NO. 23-A-1778

2.      The Summons and Complaint and Demand for Trial by Jury in that action were first received by Publix through its registered agent on May 10, 2023. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of the following pleadings and other filings within the action initially filed in the State Court of Cobb County, Georgia:

Exhibit A.    Summons, Complaint, and Sherriff's Entry of Service;

Exhibit B.    Plaintiff's First Interrogatories and Request for Production of Documents to Defendant;

Exhibit C.    Answer of Defendant Publix Super Markets, Inc.;

Exhibit D.    Defendant's Requests for Admission to Plaintiff, Defendant's First Interrogatories to Plaintiff, Defendant's First Requests for Production to Plaintiff, Defendant's Rule 5.2 Certificate of Service regarding same;

Exhibit E.    Notice of Leave of Absence;

Exhibit F.    Defendant's responses to Plaintiff's First Continuing Interrogatories, Plaintiff's First Requests for Production of Documents, Defendant's Rule 5.2 Certificate of Service regarding same;

CASE NO. 23-A-1778

Exhibit G. Joint Stipulation Regarding Confidentiality of Materials Produced by Publix Super Markets, Inc.

## REMOVAL UNDER 28 U.S.C. § 1332(a): COMPLETE DIVERSITY OF CITIZENSHIP

3. Plaintiff is and was at the time of filing an adult individual as well as a resident and citizen of the State of Georgia.

4. Publix is and was at the time of filing a business corporation organized under the laws of the State of Florida, having its principal place of business at 3300 Publix Corporate Parkway, Lakeland, FL 33801.

5. Complete diversity of citizenship exists between the parties, and removal is proper pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

## REMOVAL UNDER 28 U.S.C. § 1332(a): AMOUNT IN CONTROVERSY

6. The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). Although Publix is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), Publix must show by a preponderance of the evidence that Plaintiff's claim meets the threshold jurisdictional amount in excess of

CASE NO. 23-A-1778

$75,000.00. *See Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016).

7. The case stated by the initial pleading was not removable because Plaintiff's Complaint does not provide dollar amount of damages claimed. *See generally* Exhibit A. Pursuant to 28 U.S.C. § 1446(b)(3), Publix files this Notice of Removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Additionally, pursuant to 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Accord Jackson v. Wal-Mart Stores E., LP*, No. 4:20-CV-56 (CDL), 2020 WL 3960391, at *3 (M.D. Ga. July 13, 2020).

8. On June 15, 2023, Publix served on Plaintiff "Defendant's Requests for Admission to Plaintiff." Exhibit D. Under Georgia law, Plaintiff had thirty (30) days to respond, otherwise these requests were admitted. O.C.G.A. § 9-11-36(a)(2). Because Plaintiff did not respond to the Requests for Admission by July 18, 2023, these Requests are admitted, and "[a]ny matter admitted under this Code section is conclusively established…" O.C.G.A. § 9-11-36(b); *see also Burton v. ECI Mgmt.*

*Corp.*, 346 Ga. App. 668, 670 (2), 816 S.E.2d 778, 782 (2018) ("[m]atters deemed admitted under [O.C.G.A. § 9-11-36(a)(2)] become solemn admissions in judicio and are conclusive as a matter of law on the matters stated…") (citation and punctuation omitted).

9. Plaintiff has thus conclusively admitted to the following: "That [Plaintiff] is claiming more than $75,000 in damages in this case." Exhibit D, Defendant's Requests for Admission to Plaintiff at ¶ 1; "That [Plaintiff] is claiming more than $100,000 in damages in this case." *Id.* at ¶ 2; "That [Plaintiff] is claiming more than $150,000 in damages in this case." *Id.* at ¶ 3. Plaintiff's admissions "unambiguously establish federal jurisdiction" for the purposes of removal under 28 U.S.C. §§ 1446(b) and (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). *See Middlebrooks v. Johnson & Johnson Co.*, No. 4:08-CV-54 (CDL), 2008 WL 4003926, at *3 (M.D. Ga. Aug. 26, 2008) (a plaintiff's admission in a state court hearing that she was seeking damages in excess of $75,000 provided an "unambiguous statement regarding the value of her claim" for the purposes of determining the amount in controversy required for removal to federal court); *Oldson v. Extended Stay Am., Inc.*, 581 F. Supp. 3d 857, 861 (W.D. Ky. 2022) (finding that, under an analogous section of the Kentucky Rules of Civil Procedure, "for purposes of application of the federal removal statute, the amount in controversy

CASE NO. 23-A-1778

is conclusively established by the failure of a plaintiff to respond to a request for admission in the time prescribed by the Kentucky rule.").

10. Publix has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, *see Wineberger*, 672 F. App'x at 916–17, and removal is proper pursuant to 28 U.S.C. § 1332(a).

## ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

11. This Notice of Removal is being timely filed pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A). This Notice of Removal is being filed within 30 days of July 18, 2023, when Publix first received information from which it ascertained that the case was removable.

12. Pursuant to 28 U.S.C. § 1441(a) and N.D. Ga. L.R. App. A, I, the United States District Court for the Northern District of Georgia, Atlanta Division is the appropriate court for filing this Notice of Removal from the State Court of Cobb County, Georgia where the state court action was filed.

13. This Notice of Removal will be served promptly on Plaintiff and filed promptly with the State Court of Cobb County, Georgia pursuant to 28 U.S.C. § 1446(d).

CASE NO. 23-A-1778

WHEREFORE Publix respectfully requests that this case be removed from the State Court of Cobb County, Georgia, and that this case proceed in the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 18th day of July, 2023.

                                                   */s/ Asher W. Lipsett*
                                                 Joseph P. Menello, Esquire
                                                 Georgia Bar No. 752378
                                                 Asher W. Lipsett, Esquire
                                                 Georgia Bar No. 951994
                                                 *Attorneys for Defendant Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-A-1778

## **CERTIFICATE OF COMPLIANCE**

We hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman typeface.

Dated this 18th day of July, 2023.

>    */s/ Asher W. Lipsett*
>    Joseph P. Menello, Esquire
>    Georgia Bar No. 752378
>    Asher W. Lipsett, Esquire
>    Georgia Bar No. 951994
>    *Attorneys for Defendant Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-A-1778

# **CERTIFICATE OF SERVICE**

This is to certify that we have this day served counsel for the opposing party with a copy of the Notice of Removal by electronic mail as follows:

Utrophia D. Robinson
Trophy Law Firm, Inc.
7171 Jonesboro Rd, Suite 102
Morrow, GA 30260
utrophia@trophylawfirm.com
info@trophylawfirm.com

Dated this 18th day of July, 2023.

*/s/ Asher W. Lipsett*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com