# EXHIBIT B

## W. CALVIN SMITH II, P.C.
Attorneys At Law
3560 Lenox Road, N.E.
Suite 3020
Atlanta, GA 30326
Telephone: 404-842-0999
Telecopier: 404-842-1498

W. Calvin Smith, II
Debra A. Cohen
W. Michael Smith
Summit S. Tucker
Ross S. Warsett
Jeremy E. Pineres
Brent J. McIntosh
Gary R. Casper

* II.
** FL
** VA

Vondella K. Smith
Amberly N. Grier
Trinity B. Best
Alexander S. Cook
Daniel M. Johnson
James R. Adamoli
Lisa Bero *
Shannon Crosby **
Christopher G. White **

May 11, 2022

Package 1: CM/RRR No. 7021 0950 0000 2992 3982
and 9590 9402 5891 0049 3443 60
Package 2: CM/RRR No. 7021 0950 0000 2992 3999
and 9590 9402 5891 0049 3442 30

Sydney Solomon
GL Claim Professional
Travelers
North Texas-Oklahoma Claim Center
P.O. Box 650293
Dallas, TX 75265-0293

RE:   My Client: Doreatha Ragland
      Date of Loss: 06/09/2021
      Your Insured: Burlington Coat Factory
      Insured's Claim No.: FPJ615

Dear Ms. Solomon:

As you are aware, I represent the above client for injuries sustained in the above-referenced accident. Please be advised that this is our demand and request for settlement.

On **June 9, 2021,** my client, Doreatha Ragland, was an invitee at your insured's place of business. During her visit, she was injured when your insured negligently failed to maintain their premises which allowed for a security tag to be left on the floor of their store where Doreatha Ragland was shopping which pierced through her foot. My client was unaware that this accident would occur and was unable to avoid or otherwise reduce the consequences.

Under Georgia law, your insured owed my client a duty to exercise ordinary care to protect my client against injury:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful

purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

O.C.G.A 51-3-1; See Handiboe v. McCarthy, 114 Ga. App. At 541, 151 S.E. 2d 905 (1966). Recovery is permitted where the premises owner had actual or constructive knowledge of the hazard and the plaintiff lacked knowledge of the hazard despite exercising ordinary care because of actions or conditions within the owner's control. See McLemore v. Genuine Parts, Co., 313 Ga. App. 641, 643 (201). A proprietor who has failed to exercise reasonable care in inspecting their premises is deemed to have constructive knowledge. See Drew v. Istar Financial, 291 Ga. App. 323 (2008).

Since my client was a known invitee, your insured owed them a heightened duty to exercise ordinary care by ensuring that the premise was free of hazardous conditions, such as sharp objects in walkways. Handiboe v. McCarthy, 114 Ga. App. At 541, 151 S.E. 2d 905 (1966). Moreover, your insured had actual and constructive knowledge of the hazard because this was an area that should be regularly monitored by your insured's employees and the employees knew of the possibility of one of these tags coming off and falling on the floor. Despite this, your insured still failed to ensure that this hazard did not pose a threat to Mrs. Ragland or other shoppers.

Due to your insured's negligence, my client has incurred the following medical expenses:

| | | |
|---|---|---|
| 1. | East Atlanta Injury and Wellness | $7,326.00 |
| 2. | Georgia Diagnostics | $4,625.00 |
| 3. | Ortho Sport and Spine | $20,344.40 |
| 4. | Georgetown Clinics | $1,180.00 |
| | **Total Medical Expenses:** | **$33,475.40** |

As a direct and proximate result of the accident, my client was diagnosed with the following injuries:

1. Nerve root damage stemming from a lumber radiculopathy at or about L5 to S1
2. Left median focal neuropathy at the wrist
3. Disc herniation in the L3 to L4
4. Disc bulge in the L4 to L5
5. Disc herniation in the L5 to S1
6. Dysfunction of the cervical region
7. Strain of muscles/tendons in the lower back
8. Strain of muscles/tendons in the pelvis
9. Radiculopathy in the lumbar region
10. Segmental or somatic dysfunction of the thoracic

11. Puncture of the left foot
12. Intermetatarsal bursitis involving the first second and third intermetatarsal spaces
13. Muscle spasm of back
14. Insomnia
15. Fatigue
16. Impaired vision

In addition to the special damages outlined above, my client has endured physical, mental and emotional distress, which is common to injuries of this nature. This situation has traumatically affected my client's life and lifestyle. The possibility of future medical treatment for my client's injuries and reduced capacity to earn a living and enjoy life are very real considerations to my client.

In consideration of the special and general damages as outlined above, demand is herein made for full and final settlement in the amount of **$225,000.00.**

Acceptance of this demand should be made by delivery of a draft payable to Doreatha Ragland and W. Calvin Smith, II, P.C. 3560 Lenox Road NE, Suite 3020 Atlanta, Georgia within thirty (30) days of your receipt of this demand. In exchange for this demand, my client will release Burlington Coat Factory, Constitution State Services, Travelers Insurance Company for her bodily injury claims and any other claims associated with this incident to the extent that no other insurance coverage exists. This demand is made pursuant to the terms and provisions of O.C.G.A. § 51-12-14 with respect to a claim for unliquidated damages.

Our law firm is ready, willing, and able to execute whatever documents are required to effectuate this settlement. Please respond at your earliest convenience.

I look forward to hearing from you.

Sincerely,

W. CALVIN SMITH, II, P.C.

W. Michael Smith

W. CALVIN SMITH II, P.C.
3560 Lenox Rd. NE, Suite 3020
Atlanta, GA 30326
Phone: 404-842-0999
Email: wmsmith@calvinsmithlaw.com