# EXHIBIT C

2023CV01535                                    e-Filed 6/20/2023 3:18 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Dorothea Ragland |
|---|

Plaintiff

Vs.

| Burlington Coat Factory Warehouse Corporation |
|---|

Defendant

2023CV01535

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): Burlington Coat Factory Warehouse Corporation
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> W. Michael Smith, Esq.
> W. Calvin Smith, II, P.C.
> 3560 Lenox Road, Suite 3020
> Atlanta, GA 30326

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: /s/ Latasha Currie
Deputy Clerk

2023CV01535                                                                 e-Filed 6/20/2023 3:18 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOROTHEA RAGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 2023CV01535 |
| ) | |
| BURLINGTON COAT FACTORY ) | |
| WAREHOUSE CORPORATION, ) | |
| JOHN OR JANE DOES 1 – 10, ) | |
| XYZ CORPORATION(S) 1 – 10, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Dorothea Ragland, Plaintiff in the above-styled case, by and through counsel of record, and states all claims against Defendant Burlington Coat Factory Warehouse Corporation (referred to as Defendant herein) as follows:

### I. PRELIMINARY STATEMENT

Dorothea Ragland files this Complaint against Defendant, pursuant to Georgia's Negligence Statute, O.C.G.A. § 51-1-1 et. seq. to redress the violation of Plaintiff's state statutory rights in that the Defendant did recklessly, negligently, and unlawfully maintain their premises in such an unsafe manner that directly and proximately caused server bodily injury to Plaintiff. Plaintiff seeks money damages to redress and remedy the violation of her state statutory rights as against all Defendants pursuant to O.C.G.A. § 51-1-1 et. seq., as well as attorney's fees and costs.

The injuries inflicted upon Ms. Ragland by Defendants arise in tort and form the basis for a claim against Defendants of reckless conduct as defined in O.C.G.A. § 16-5-60(b)[1]. Moreover, due to the criminal negligence[2] and reckless conduct of the Defendants, the statute of limitations during which time the instant matter must be filed is tolled. *See,* O.C.G.A. § 9-3-99[3], *see also, Harrison v. McAfee,* 338 Ga. App. 393, 788 S.E.2d 872 (Ga. App. 2016)[4](O.C.G.A. § 9-3-99 applies regardless of whether the defendant in the case had been accused of the crime from which the cause of action arose), *Kessler v. State,* 311 Ga. 607 (Ga. 2021)[5](Reckless conduct is an act of criminal negligence), *Thomas v. State,* 176 Ga. App. 771 (Ga. App. 1985)[6](A crime is the joint operation of an act and criminal negligence), and *Antley v. Small,* 360 Ga. App. 617 (Ga. App. 2021)("The reach of O.C.G.A. § 9-3-99 can be quite broad . . . . Almost any casual connection or relationship between the Defendant and the alleged crime satisfies the statute's requirements").

---

[1] O.C.G.A. § 16-5-60(b) "A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his or her act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor."

[2] O.C.G.A. § 16-2-1(b) "Criminal negligence is an act or failure to act which demonstrates a willful, wanton or reckless disregard for the safety of others who might reasonably be expected to be injured thereby."

[3] O.C.G.A. § 9-3-99 "The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1."

[4] "Based upon the plain language of O.C.G.A. § 9-3-99, we hold that the statute applies regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises. *Harrison v. McAfee,* 338 Ga. App. 393 (Ga. App. 2016).

[5] "[R]eckless conduct is a n act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another. *Kessler v. State,* 311 Ga. 607, 615 (Ga. 2021) (Internal Citations Omitted).

[6] "A crime consists of the joint operation of an act and intention or criminal negligence." *Thomas v. State,* 176 Ga. App. 771 (Ga. App. 1985).

For her causes of action, Plaintiff respectfully shows the following:

## II. JURISDICTION AND VENUE

1.

This action is brought pursuant to O.C.G.A. § 51-1-1 et. seq. to redress the deprivation of rights secured by Georgia law. As such, this Court has jurisdiction pursuant to the Constitution of the State of Georgia.

2.

All of the actions, omissions, and events complained of herein took place in Clayton County, State of Georgia.

3.

At all times relevant to this complaint, the Defendant owned, managed and operated the premises, a shopping center named Burlington – Morrow, GA (#290), located at 1516 South Lake Parkway, Morrow, Clayton County, Georgia, 30260-3021. Plaintiff was a business invitee on the premises for the purpose of shopping at the Defendant's shopping center. Accordingly, jurisdiction and venue properly lie in this Court.

## III. PARTIES

4.

Plaintiff realleges paragraphs 1 through 3, above, as if they were set forth herein, verbatim.

5.

At all relevant times herein, Plaintiff is and has been a citizen and resident of 4725 Walton Crossing, SW, #1211, Atlanta, Georgia, 30331, and has been a resident of the State of Georgia for six months prior to the filing of this Complaint.

6.

Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, upon information and belief is a Florida for-profit corporation conducting business in Clayton County, Georgia located at 1516 South Lake Parkway, Morrow, Clayton County, Georgia, 30260-3021, and with its principal office located at 1830 Route 130 North, Burlington, New Jersey, 08016. Defendant may be served through its registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

7.

Defendants, JOHN or JANE DOES 1 – 10, are managers or employees of Burlington – Morrow (#290), who, upon information and belief, reside in Clayton County, and who can be served with process upon identification at their place of residence or at Burlington – Morrow (#290), 1516 South Lake Parkway, Morrow, Clayton County, Georgia, 30260-3021. Defendants John or Jane Does are the perpetrators of the crime of reckless conduct (O.C.G.A. § 16-5-60(b) upon which Plaintiff's tort claims are based.

8.

As a corporate entity conducting business within Clayton County, Defendant is responsible for obeying all laws of Clayton County and the State of Georgia and to maintain their property in such a fashion to prevent unreasonable harm from befalling those that enter the property.

## IV. FACTUAL ALLEGATIONS

9.

Plaintiff realleges paragraphs 1 through 8, above, as if they were set forth herein verbatim.

10.

On June 9, 2021, Dorothea Ragland entered the Burlington – Morrow, GA (#290) shopping center located at 1516 South Lake Parkway, Morrow, Clayton County, Georgia, 30260-3021, for the purpose of shopping. Plaintiff occupied the status of an invitee upon entering said premises and was lawfully permitted to be on the premises.

11.

At some time prior to Ms. Ragland's entering the premises, employees and/or managers, recklessly, willfully, wantonly, and without regard for the safety of the patrons of the store, allowed a sharp and patently dangerous merchandise tag to remain on the floor in a manner that a customer may step upon the same and injure him/herself.

12.

While Dorothea Ragland was shopping at the Burlington – Morrow, GA (#290), she stepped on the security tag that had been wantonly and recklessly left on the floor by the employees and/or managers of the store, and said tag pierced the bottom of her foot and went through her foot. No warning or caution signs or markers were present on or near the area where Ms. Ragland stepped on the security tag at the time of the incident.

13.

Despite exercising caution in the shopping center, Dorothea Ragland did not know of the existence of this latently dangerous hazard. Due to the suddenness of the incident, Dorothea Ragland was unable to avoid or otherwise reduce the consequences of this incident, causing significant injuries to her back, leg and foot.

14.

As a direct and proximate result of Defendant's negligent and careless failure to keep their premises safe from unreasonable dangerous hazards, Dorothea Ragland suffered serious and permanent injuries. The injuries required medical treatment and have caused Dorothea Ragland to become liable for reasonable and necessary medical treatment expenses.

2023CV01535

## V. CLAIMS FOR RELIEF

### Count I – Negligence

15.

Plaintiff realleges paragraphs 1 through 13, above as if they were set forth herein, verbatim.

16.

The existence of the security tag on the flooring on Defendant's premises located at 1516 South Lake Parkway, Morrow, Clayton County, Georgia, 30260-3021, created a dangerous and hazardous condition of which Defendant, by and through its agents and employees, had actual or constructive knowledge, and which could not have become known to Plaintiff in the exercise of reasonable care and diligence on her part.

17.

Based upon information and belief, Defendant had actual or constructive knowledge of the existence of the dangerous and hazardous condition in Defendant's shopping center, which caused Plaintiff to step on a security tag and resulted in serious bodily injuries. Even through Defendant possessed such knowledge, they took no steps or actions to either warn Plaintiff of the existence of such a condition, or to timely repair the hazardous condition.

18.

Additionally, the Defendant had constructive notice and knowledge of the presence of the dangerous and hazardous condition by virtue of attendant facts and

circumstances, which existed at the time of the occurrence complained of herein. Defendant negligently failed to inspect the premises and keep them safe, and negligently failed to have in place sufficient policies, practices, and procedures which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

19.

The Defendants were otherwise negligent.

20.

The sole and proximate cause of the incident was the negligence of Defendant, unmixed with any negligence on the part of Plaintiff.

21.

As a direct and proximate result of the negligence of Defendant, Plaintiff suffered serious physical pain, mental anguish, and serious bodily injuries.

22.

As a proximate result of the negligence of the Defendant, Plaintiff has experienced pain and suffering and will continue to experience pain and suffering and mental anguish in the future. Plaintiff shows that the direct and proximate cause of the injuries and damages complained of herein were due to the acts and omissions of the Defendant as set forth herein. Plaintiff is entitled to recover damages from the Defendant for past, present and future pain and suffering and medical expenses that were incurred as a result of their negligence.

23.

Plaintiff has incurred medical expenses to date at Northside Hospital, East Atlanta Injury & Wellness, Georgetown Clinic, Georgia Diagnostics, and Ortho Sport & Spine Physicians. Plaintiff is entitled to recover from Defendant for past and future medical expenses in a total amount to be proven at trial.

### Count II – Trial by Jury

24.

Plaintiff realleges paragraphs 1 through 22, above, as if they were set forth herein, verbatim.

25.

Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff demands as follows:

(a) That process issue and Defendant be served as provided by law;

(b) That Plaintiff have a total judgment in an amount determined by the enlightened conscience of the jury against defendant for past, present and future pain and suffering;

(c) That Plaintiff have a total judgment in an amount determined by the enlightened conscience of the jury against Defendant for past, present, and future medical expenses and for the impairment of Plaintiff's body;

(d) That Plaintive has a trial by jury on all issues so triable;

(e) That all costs be taxed against Defendant; and,

(f) That Plaintiff has such further relief as the Court deems just and proper.

Respectfully submitted this 20th day of June 2023.

                              CALVIN SMITH LAW

                              */s/ W. Michael Smith*
                              W. MICHAEL SMITH
                              Georgia Bar No. 850443
                              *Attorney for Plaintiff*

W. CALVIN SMITH, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999
Fax: (404) 842-1498
Email: wmsmith@calvinsmithlaw.com