# EXHIBIT D

Case 1:23-mi-99999-UNA   Document 2269-5   Filed 07/18/23   Page 2 of 12
2023CV01535                                                                e-Filed 7/18/2023 12:44 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

DOROTHEA RAGLAND,

    Plaintiff,

v.

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, JOHN or JANE DOES 1-10, XYZ CORPORATION(S) 1-10,

    Defendants.

Civil Action File No. 2023CV01535

## NOTICE OF REMOVAL

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights, defenses, or objections after being named as a defendant in the above-styled civil action (hereinafter referred to as "defendant"), and provides the following notice:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the following of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Ex. "1".

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

13656223/1
32230-262342

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of Removal upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

        W. Michael Smith , Esq.
        W. Calvin Smith, II, P.C.
        3560 Lenox Road, Suite 3020
        Atlanta, GA 30326
            Attorney for plaintiff

This 18th day of July, 2023.

        Respectfully submitted,

        DREW, ECKL & FARNHAM, LLP

        /s/ Brian W. Johnson

        _____
        BRIAN W. JOHNSON
        Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13656223/1
32230-262342

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOROTHEA RAGLAND,<br><br>    Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY<br>WAREHOUSE CORPORATION, JOHN OR<br>JANE DOES 1-10, XYZ<br>CORPORATION(S) 1-10,<br><br>    Defendants. | Civil Action File<br>No. |

## NOTICE OF REMOVAL

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights or defenses after being named as a defendant (hereinafter "defendant"), and files this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Burlington Coat Factory Warehouse Corporation as a defendant in *Dorothea Ragland v. Burlington Coat Factory Warehouse Corporation, John or Jane Does 1-10, XYZ Corporation(s) 1-10*, Civil Action File No. 2023CV01535, before the State Court of Clayton County, State of

Georgia. Clayton County is within the Atlanta Division of this Court.

2.

Plaintiff alleged that she is a citizen and resident of Georgia. (Complaint ¶ 5).

3.

Defendant Burlington Coat Factory Warehouse Corporation is a Florida corporation with its principal place of business in New Jersey. (See Secretary of State docs, Ex. "A"). For purposes of diversity, defendant Burlington Coat Factory Warehouse Corporation is deemed a citizen of New Jersey and of Florida. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

4.

The complaint also lists a fictitious John/Jane Doe and XYZ Corporation defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (fictious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac*

*Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). Thus, such fictious defendant in this case is disregarded for purposes of determining jurisdiction.

Accordingly, there is complete diversity among the plaintiffs (Georgia) and the defendant (New Jersey and Florida).

5.

Plaintiff's Complaint seeks both general and special damages including: past, present, and future medical expenses and compensatory damages to be determined by a jury. (Complaint at pp. 8-10).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, plaintiff claims personal injury after an alleged incident at a retail store and claims past medical expenses incurred are at least $33,475.40. (See Ex. "B"). Plaintiff's counsel has sought payment of $225,000 for plaintiff's claims. (See Ex. "B") Based on plaintiff's allegations, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

7.

In determining the amount in controversy, "the court may

consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.* (Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41);

*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials). Accordingly, the evidence shows the amount in controversy exceeds $75,000.

8.

The defendant timely filed this notice of removal within 30 days of receipt of the plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3). Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action. The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446. As noted above, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

9.

Defendant has attached hereto copies of all pleadings and orders served upon it in this case as Exhibit "C."

10.

Defendant has given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendant has filed a written notice with the clerk of the State Court of Clayton County, a copy of which is attached as Exhibit "D."

12.

Defendant has attached hereto copies of all pleadings defendant served in this case as Exhibit "E."

WHEREFORE, defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

> W. Michael Smith , Esq.
> W. Calvin Smith, II, P.C.
> 3560 Lenox Road, Suite 3020
> Atlanta, GA 30326
>     Attorney for plaintiff

This 18th day of July, 2023

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
> /s/ Brian W. Johnson
>
> _____
> BRIAN W. JOHNSON
> Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia   30308
(404) 885-1400 - phone
(404) 876-0992 - fax
bjohnson@deflaw.com
13656443/1
32230 262342

- 8 -