# EXHIBIT E

2023CV01535

e-Filed 7/18/2023 12:44 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

DOROTHEA RAGLAND,

        Plaintiff,

v.

BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, JOHN or JANE DOES 1-10,
XYZ CORPORATION(S) 1-10,

        Defendants.

Civil Action File No. 2023CV01535

**12 PERSON JURY DEMAND**

### ANSWER OF DEFENDANT

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights or defenses after being named as a defendant in the above-styled civil action (hereinafter "defendant"), and without waiving any rights, defenses, or objections answers plaintiff's complaint by special appearance as follows:

### FIRST DEFENSE

All or portions of plaintiff's complaint fails to state or set forth claims against the defendant upon which relief can be granted.

### SECOND DEFENSE

Since facts still are being determined and plaintiff alleges claims against John/Jane Doe and XYZ Corporation(s), defendant preserves the defense that plaintiff's claims are barred for improper joinder of entities or parties, and/or failure to name the correct entity.

### THIRD DEFENSE

If there is not a verdict against a resident defendant, the court lacks jurisdiction over the defendants and venue would be improper so defendant preserves all defenses to venue and right to move for transfer to a court where venue would be proper.

### FOURTH DEFENSE

Defendant preserves the defense that plaintiff's claims may be barred by operation of law.  Defendant also preserves any defense that it is either immune from suit or not subject to suit in this matter.

### FIFTH DEFENSE

Since facts still are being determined, defendant preserves the defense that plaintiff by the exercise of ordinary care may have been able to avoid the consequences of any act or failure to act of the defendant.

### SIXTH DEFENSE

Defendant shows that the matter in question and plaintiff's claimed damages, if any, may have been caused by the acts and failure to act of persons or entities other than the defendant.

### SEVENTH DEFENSE

If the defendant was negligent, which defendant emphatically denies, the negligence of the plaintiff may have equaled or exceeded that of the defendant.

### EIGHTH DEFENSE

Any damages claimed by the plaintiff may not have been proximately caused by the negligence, if any, of the defendant.

## NINTH DEFENSE

Since facts still are being determined, the defendant preserves defenses that the plaintiff's alleged damages, if any, may have been directly and proximately caused by plaintiff's own contributory and comparative fault and failure to exercise ordinary care.

## TENTH DEFENSE

Since facts are still being determined, defendant preserves the defense that plaintiff may have failed to take reasonable steps to mitigate the alleged damages.

## ELEVENTH DEFENSE

The defendant denies that it acted with any intentionally or willful misconduct. Therefore, plaintiff is barred from recovery from the defendant.

## TWELFTH DEFENSE

Since facts still are being determined, plaintiff's claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

## THIRTEENTH DEFENSE

Since facts still are being determined, the plaintiff's claims may be barred by estoppel, release, waiver, accord and satisfaction, laches, or for failure to satisfy any condition precedent.

## FOURTEENTH DEFENSE

The plaintiff may have failed to specially plead all damages pursuant to O.C.G.A. §9-11-9(g). Therefore, defendant moves for a more definite statement thereof pursuant to O.C.G.A. §9-11-12; see *Bryant v. Haynie*, 216 Ga.App. 430, 432, 454 S.E.2d 533 (1995).

### FIFTEENTH DEFENSE

Defendant preserves and asserts all affirmative defenses and other defenses that could be asserted by pursuant to O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12. Defendant also reserves the right to amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed through discovery.

### SIXTEENTH DEFENSE

Any claim for fees, costs and litigation expenses is improper as there exists bona fide controversies.  See *Brown v. Baker*, 197 Ga. App. 466, 469, 398 S.E.2d 797 (1990); *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 312 S.E.2d 386 (1983).

### SEVENTEENTH DEFENSE

For a seventeenth defense, defendant answers plaintiff's complaint by special appearance as follows:

1.

Defendant denies the allegations contained in and under section I "preliminary statement" of plaintiff's complaint including any and all footnotes as stated.

2.

In response to paragraph 1 of plaintiff's complaint, the allegations are vague and ambiguous, improper legal conclusions rather than facts and the conclusions are argumentative, vague, and inaccurate or incomplete conclusions.  Therefore, defendant denies the allegations as specifically stated.

3.

Defendant denies the allegations contained in paragraph 2 of plaintiff's complaint as specifically stated.

4.

In response to the first sentence of paragraph 3 of plaintiff's complaint, while defendant admit it operated a store located at certain premises at certain times, defendant can neither admit nor deny the allegations contained in the second sentence at this time for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same.  However, defenses are preserved. Defendant denies the allegations contained in the third sentence as specifically stated.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

5.

In response to paragraph 4 of plaintiff's complaint, defendant hereby incorporates by reference as if set out fully herein the answers and defenses to paragraphs 1 through 3 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendant, such liability is expressly denied.

6.

In response to paragraph 5 of plaintiff's complaint, defendant can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same.  However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

7.

In response to paragraph 6 of plaintiff's complaint, while defendant admits it is an entity formed outside of Georgia with its principal place of business located outside of Georgia, and a registered agent at the address listed, defendant denies the remaining allegations as specifically stated. Defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

8.

In response to paragraphs 7 and 8 of plaintiff's complaint, defendant can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same.  However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraphs of the plaintiff's complaint.

9.

In response to paragraph 9 of plaintiff's complaint, defendant hereby incorporates by reference as if set out fully herein the answers and defenses to paragraphs 1 through 8 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendant, such liability is expressly denied.

2023CV01535

10.

In response to paragraphs 10 and 13 of plaintiff's complaint, defendant can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same.  However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraphs of the plaintiff's complaint.

11.

Defendant denies the allegations contained in paragraphs 11, 12, and 14 of plaintiff's complaint as specifically stated.

<u>Count I</u>

12.

In response to paragraph 15 of Count I of plaintiff's complaint, defendant hereby incorporates by reference as if set out fully herein the answers and defenses to paragraphs 1 through 14 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendant, such liability is expressly denied.

13.

Defendant denies the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, and 23 of Count I of plaintiff's complaint as stated.

14.

Defendant denies all other allegation of Count I of plaintiff's complaint.

2023CV01535

<u>COUNT II</u>

15.

In response to paragraph 24 of Count II of plaintiff's complaint, defendant hereby incorporates by reference as if set out fully herein the answers and defenses to paragraphs 1 through 23 of plaintiff's complaint. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendant, such liability is expressly denied.

16.

In response to paragraph 25 of plaintiff's complaint, defendant can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same. However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendant, such liability is expressly denied, and therefore defendant denies any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

17.

Defendant denies all other allegation of Count II of plaintiff's complaint.

18.

Defendant denies all other allegations in plaintiff's complaint.

19.

Defendant denies all other allegations in plaintiff's complaint including any "WHEREFORE" paragraph and all subparts, or request for payment of costs or fees; any

reference or implication of liability, fault, causation, or damage contained in or referenced by any section headings, count, or cause of action, or any allegation contained in attachments or exhibits; and any prayer for relief and request for damages, judgment, or other relief.

WHEREFORE, having fully answered, defendant prays that it be discharged without costs.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

13635782/1
32230-262342

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing ANSWER

OF DEFENDANT upon all parties using the Court's e-filing system, which will automatically

send email notification of such filing to the attorneys or parties of record as follows:

W. Michael Smith , Esq.
W. Calvin Smith, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326
    Attorney for plaintiff

This 18th day of July, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
13635782/1
32230-262342

2023CV01535

e-Filed 7/18/2023 12:44 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

DOROTHEA RAGLAND,

        Plaintiff,

v.

BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, JOHN or JANE DOES 1-10,
XYZ CORPORATION(S) 1-10,

        Defendants.

Civil Action File No. 2023CV01535

## NOTICE OF REMOVAL

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights, defenses, or objections after being named as a defendant in the above-styled civil action (hereinafter referred to as "defendant"), and provides the following notice:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the following of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Ex. "1".

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

13656223/1
32230-262342

- 1 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of

Removal upon all parties concerned via the court's e-filing system which will automatically send

email notification of such filing to the attorneys or parties of record:

> W. Michael Smith , Esq.
> W. Calvin Smith, II, P.C.
> 3560 Lenox Road, Suite 3020
> Atlanta, GA 30326
>     Attorney for plaintiff

This 18th day of July, 2023.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
>
> /s/ Brian W. Johnson
>
> _____
>
> BRIAN W. JOHNSON
> Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13656223/1
32230-262342

2023CV01535

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHEA RAGLAND,

       Plaintiff,

    v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION, JOHN OR
JANE DOES 1-10, XYZ
CORPORATION(S) 1-10,

       Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights or defenses after being named as a defendant (hereinafter "defendant"), and files this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Burlington Coat Factory Warehouse Corporation as a defendant in *Dorothea Ragland v. Burlington Coat Factory Warehouse Corporation, John or Jane Does 1-10, XYZ Corporation(s) 1-10*, Civil Action File No. 2023CV01535, before the State Court of Clayton County, State of

-1-

Georgia. Clayton County is within the Atlanta Division of this Court.

2.

Plaintiff alleged that she is a citizen and resident of Georgia. (Complaint ¶ 5).

3.

Defendant Burlington Coat Factory Warehouse Corporation is a Florida corporation with its principal place of business in New Jersey. (See Secretary of State docs, Ex. "A"). For purposes of diversity, defendant Burlington Coat Factory Warehouse Corporation is deemed a citizen of New Jersey and of Florida. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

4.

The complaint also lists a fictitious John/Jane Doe and XYZ Corporation defendants. In determining whether a civil action is subject to removal on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (fictious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac*

*Fin. Servs., Inc.*, No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014) (disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). Thus, such fictious defendant in this case is disregarded for purposes of determining jurisdiction.

Accordingly, there is complete diversity among the plaintiffs (Georgia) and the defendant (New Jersey and Florida).

5.

Plaintiff's Complaint seeks both general and special damages including: past, present, and future medical expenses and compensatory damages to be determined by a jury. (Complaint at pp. 8-10).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, plaintiff claims personal injury after an alleged incident at a retail store and claims past medical expenses incurred are at least $33,475.40. (See Ex. "B"). Plaintiff's counsel has sought payment of $225,000 for plaintiff's claims. (See Ex. "B") Based on plaintiff's allegations, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

7.

In determining the amount in controversy, "the court may

consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 6o8 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.* (Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41);

-4-

*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-
01806-MHC) (amount in controversy exceeded jurisdictional
threshold based on medical expenses of $53,537.45 and
plaintiff's alleged "severe physical injuries"), and *Marlene
Deyanira Aviles De Polio et al. v. Burlington Coat Factory
Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding
amount in controversy exceeded jurisdictional threshold based on
pre-suit demand of $150,000 and $29,744.23 in claimed medical
specials).  Accordingly, the evidence shows the amount in
controversy exceeds $75,000.

8.

The defendant timely filed this notice of removal within
30 days of receipt of the plaintiff's complaint. 28 U.S.C. §
1446(b)(3) & (c)(3). Removal is further timely because this
Notice of Removal is filed less than one year after plaintiff
commenced the action. The aforementioned civil action is a civil
action over which this Court has original jurisdiction under 28
U.S.C. § 1332(a) and is one which may be removed to this Court
by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As
noted above, this civil action is one in which the matter in
controversy exceeds the sum of $75,000.00 exclusive of interests
and costs, and there is complete diversity of citizenship among
the parties.

9.

Defendant has attached hereto copies of all pleadings and orders served upon it in this case as Exhibit "C."

10.

Defendant has given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendant has filed a written notice with the clerk of the State Court of Clayton County, a copy of which is attached as Exhibit "D."

12.

Defendant has attached hereto copies of all pleadings defendant served in this case as Exhibit "E."

WHEREFORE, defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745

2023CV01535

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

                    W. Michael Smith , Esq.
                    W. Calvin Smith, II, P.C.
                    3560 Lenox Road, Suite 3020
                    Atlanta, GA 30326
                         Attorney for plaintiff

     This 18th day of July, 2023

                    Respectfully submitted,

                    DREW, ECKL & FARNHAM, LLP

                    /s/ Brian W. Johnson

                    _____

                    BRIAN W. JOHNSON
                    Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 — phone
(404) 876-0992 - fax
bjohnson@deflaw.com
13656443/1
32230 262342