IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DENNIS ALLEN FORD, II &** **BASSEY BASSEY ENUN**    Plaintiffs,  vs.  **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **JERRY L. ADDISON**, Acting Director of Atlanta Field Office of U.S. Citizenship and Immigration Services,    Defendants. | Civil Action  Case No.:_____ |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COME NOW, Dennis A. Ford, II and Bassey B. Enun, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court to following:

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Petition for Alien Relative and an Application to Adjust Status filed

by Plaintiffs. The Petition and the Application were filed with and remain within the jurisdiction of the Defendants, who have unlawfully denied the Petition and Application to Plaintiffs' detriment.

2. As the Defendants have acted arbitrarily, capriciously, and not in accordance with the law, this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to Plaintiffs; to wit: to cause the Defendants to adjudicate the Petition and the Application according to the law and regulations. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiff according to the law.

**PARTIES**

3. Plaintiff Dennis Allen Ford, II (hereinafter "Plaintiff Petitioner") is a citizen of the United States. He submitted Form I-130, Petition for Alien Relative on behalf of his spouse, Plaintiff Beneficiary, on October 5, 2020.

4. Plaintiff Bassey Bassey Enun (hereinafter "Plaintiff Beneficiary") is a native and citizen of Nigeria. She applied for Lawful Permanent Resident status on October 5, 2020.

5. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship

and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS.  8 CFR §103.1(g)(2)(ii)(B).

6. Defendant Jerry L. Addison is the Acting USCIS Atlanta Field Office Director. Defendant Addison is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications and petitions for alien relatives in her service area. As will be shown, Defendant is the official with whom Plaintiffs' application and petition were properly filed.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.*, as well as the Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. §§ 555(b) and 706(a).  Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiffs reside, and as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because the Defendants failed to properly adjudicate Plaintiffs' Petition for Alien Relative and Application for Adjustment of Status. Immediate action, such as that offered by a mandamus action under the APA, is the only relief available.

## LEGAL BACKGROUND

*<u>The Legal Framework of Petition filed under INA 201(b)</u>*

10. The Immigration and Nationality Act (hereinafter "INA") allows citizens, via Form I-130, to petition for immediate relative status on behalf of their alien spouses so that the alien spouses may immigrate to the United States. *See* 8 U.S.C. § 1154(a)(1)(A)(i).

11. The person seeking an immigration benefit has the burden of establishing that they are eligible for it. *See Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966).

"Except where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence the he or she is eligible for the benefit sought." *See Matter of Chawathe*, 25 I & N Dec. 369, at 375 (AAO 2010).

12. In evaluating the *bona fide* nature of a marriage, evidence to be considered may take many forms, including, but not limited to inclusion of the beneficiary as petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony concerning courtship, the wedding ceremony, shared residence, and experiences. *See Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983). This has long been the standard by which USCIS evaluates the *bona fide* nature of marriages in the context of visa petitions.

13. A petitioner bears the burden of establishing the *bona fide* nature of the marriage by a preponderance of the evidence, or more than 50%. It is well established that a visa petition may be denied pursuant to Section 204(c) of the Immigration and Nationality Act where there is evidence in the record to indicate that an alien has sought to obtain an immigration benefit based on a fraudulent marriage. *See Id*. However, evidence of a fraudulent marriage "must be documented in the alien's file and must be substantial and probative." *See Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). Utilizing

a reasonable inference instead of the substantial and probative evidence standard can lead USCIS to erroneously substitute the adjudicator's own image of a marriage to determine that a marital union is a sham marriage. *See Damon v. Ashcroft*, 360 F.2d 1084 (9th Cir. 2004). This personal inference is impermissible in adjudicating petitions.

14. The key and primary issue which needs to be considered by the Service is whether the marriage was entered into in good faith. *See* 8 CFR § 204.2. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submit relevant, probative, and credible evidence that leads to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof.

15. Moreover, 8 CFR § 103.2(b) states the following:

> (16) Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs.
>> (i) Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or

>> petitioner shall be included in the record of proceeding.
> (ii) Determination of statutory eligibility. A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner, except as provided in paragraph (b)(16)(iv) of this section.

Thus, USCIS is obligated to inform the applicant of any derogatory information the agency intends to use to deny a benefit application and provide an opportunity for the applicant to inspect the record and an opportunity to rebut said information.

<u><i>The Legal Framework of Adjustment of Status</i></u>

16. The Form I-485 Application for Adjustment of Status is a request to become a lawful permanent resident. *See Freeman v. Gonzales*, 444 F.3d at 1033. An immigrant visa must be immediately available to an alien in order to qualify for adjustment of status. *Id*. Without an approved Form I-130 petition, an immigrant visa is not immediately available and the USCIS cannot adjudicate the Form I-485 application. If the Form I-130 petition is approved and the Form I-485 Application for Adjustment of Status is granted, then the alien is afforded permanent residence status.

17. In general, to apply for Adjustment of Status, an individual must demonstrate that he or she has been "inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a).

18. Finally, the applicant must demonstrate admissibility to the United States, *i.e.*, that he or she either is not subject to an enumerated ground of inadmissibility set forth in 8 U.S.C. § 1182 or qualifies for a waiver of any such ground. *Id*.

19. With exceptions, an otherwise eligible individual is barred from adjusting if, *inter alia*, he or she has been convicted of, or admits having committed, or admits committing acts which constitute essential elements of (1) a crime involving moral turpitude or an attempt or conspiracy to commit such a crime, or (2) a violation of any law or regulation of a State, the United States, or a foreign country relating to controlled substance. 8 U.S.C. § 1182 (2)(A).

### ***The Administrative Procedure Act***

20. The APA states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. §701 *et seq.*, at § 704. There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiffs' Petition for Alien Relative and I-485 Application. Absent any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

21. Moreover, 5 U.S.C. § 706 states:

   The reviewing court shall—
      **(1)** compel agency action unlawfully withheld or unreasonably

      delayed; and
- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
    - **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    - **(B)** contrary to constitutional right, power, privilege, or immunity;
    - **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    - **(D)** without observance of procedure required by law;
    - **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
    - **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

22. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications to Adjust Status.

23. Accordingly, Plaintiffs have been forced to pursue the instant action.

## CAUSE OF ACTION

24. Plaintiff Petitioner filed a Petition for Alien Relative on behalf of his spouse, Plaintiff Beneficiary, on October 5, 2020. (*See* **Exhibit 1**, Receipt of Form I-130 Petition for Plaintiff Beneficiary, MSC2190188665). The same day,

Plaintiff Beneficiary filed an Application for Adjustment of Status. (*See* **Exhibit 2**, Receipt of Form I-485 Application for Plaintiff Beneficiary, MSC2190188664).

25. Plaintiffs attended an interview for their filings on April 27, 2021, at the request of Defendants.

26. On August 10, 2021, the Service dispatched one or more officers of the Service's Fraud Detection and National Security (FDNS) Directorate to investigate the couple at their home address. Neither Plaintiff was present at the time of the officer(s) visit for reasons detailed further below.

27. On December 7, 2021, Plaintiff Petitioner received an envelope from USCIS containing a Notice of Intent to Deny (hereinafter "NOID") his I-130 Petition. (*See* **Exhibit 3**, Notice of Intent to Deny).

28. Plaintiffs responded to Defendants' Notice of Intent to Deny on March 8, 2022, including substantial new evidence addressing all discrepancies and evidentiary issues set forth in Defendants' notice. (*See* **Exhibit 4**, Plaintiffs' Response to Defendants' Notice of Intent to Deny).

29. Among the issues cited by the Defendants' NOID were inconsistencies in the Plaintiffs' statements and insufficient evidence to support the *bona fides* of their marital relationship. The Defendants erroneously contended that these issues

provided enough grounds, on a preponderance of the evidence, to suggest that the marriage in question was entered into solely for the purpose of immigration. (*See* **Exhibit 3**).

30. According to Defendants' NOID, FDNS officer(s) spoke with the property manager of the Plaintiffs' apartment complex and Mr. Jefferey Orris, who was renting a room from the Plaintiffs through Airbnb, a short-term rental service. (*See* **Exhibit 3**).

31. The unnamed apartment property manager, with whom the FDNS officer(s) reportedly spoke, is said to have claimed the Plaintiffs' lease only listed Mrs. Enun. This alleged statement contradicts the valid lease agreements submitted by the Plaintiffs, which clearly show both Plaintiffs as joint leaseholders. Further, in the Plaintiffs response to the Service's NOID, they submitted a signed letter from property manager, Cristina Garcia, reconfirming the validity of the submitted leases and disavowing any alleged statements to FDNS officer(s) by prior management. Thus, the Service's continued refusal to accept the Plaintiffs' lease showing both their names as occupants, is clearly erroneous and proven beyond any possible preponderance of the evidence. (*See* **Exhibit 4**).

32. In fact, Plaintiffs' short-term renter, Mr. Orris, truthfully explained to the

officer(s) that he was renting a room in the Plaintiffs' apartment. Mr. Orris also truthfully told the officer(s) that he was familiar with Plaintiff, Bassey Enun, but did not know Plaintiff, Dennis Ford. As Mrs. Enun was the sole coordinator of the couple's Airbnb venture, Mr. Orris would have had no reason to know, nor have contact with Mr. Ford at the time of the officer(s) visit. Indeed, Mr. Orris' only communication with the Plaintiffs had been made with Mrs. Enun, as the point of contact for any Airbnb renters. (*See* **Exhibit 4**).

33. During the short period of time Mr. Orris was renting a room at the Plaintiffs' apartment, the Plaintiffs temporarily stayed as guests with Mrs. Enun's sister, Mbong Amata. This effort to offer privacy to their Airbnb customer ended in significant damage to their property, and Plaintiffs later discovered Mr. Orris was a violent criminal who had spent time in jail for aggravated assault. (*See* **Exhibit 4**). However, in their Denial Decision, Defendants admit to disregarding evidence of Mr. Orris' criminal history and lack of credibility. (*See* **Exhibit 5**, Denial Decisions for I-130 Petition and I-485 Application). Rather, Defendants inexplicably accepted Mr. Orris' testimony as more probative than the testimony of the Plaintiffs, provided in addition to ample supporting documentation in their NOID response. (*See* **Exhibits 4** and **5**).

34. Plaintiff's response to Defendants' NOID also included further evidence of the

Plaintiffs' shared life together by way of a jointly owned car insurance policy, a tax document showing receipt of an economic impact payment mailed to the marital residence, and a bill of sale showing their joint purchase of a vehicle. (*See* **Exhibit 4**).

35. Plaintiffs received no further correspondence from Defendants until their receipt of Denial Decisions for Plaintiffs' I-130 Petition for Alien Relatives and I-485 Application for Adjustment of Status, dated May 31, 2023, via US mail. (*See* **Exhibit 5**).

36. Defendants' Denial Decision for the I-130 Petition cites, without specificity, discrepancies listed in the NOID as a basis for their denial of the benefits sought by Plaintiffs. (*See* **Exhibit 5**). However, the testimonial and evidentiary discrepancies listed in the Defendants' NOID were individually addressed in Plaintiffs' NOID Response, including an alleged discrepancy regarding the Plaintiffs' religious beliefs. The NOID states Plaintiffs "were both asked, 'what is your religious beliefs? What is your spouse's?' You [Plaintiff Petitioner] answered, 'spiritual, spiritual.' The beneficiary answered, 'none, none.'" (*See* **Exhibit 4**). It should be noted, a spiritual person and a person who claims no religion is a distinction without a difference and should not be construed as a material discrepancy for determining the validity of a couples' marriage.

37. Defendants' denial of the Plaintiffs' Applications based on their marriage, being purported as fraudulent by the Defendants, lacks substantial evidence and fails to comply with the regulations outlined in 8 CFR § 204.2(a)(1)(ii). As per *Matter of Tawfik*, 20 I&N Dec. at 168, any evidence used to determine a fraudulent marriage must be documented in the alien's file, which the Defendants failed to do.

38. Despite the Plaintiffs' submission of extensive evidence supporting the validity of their marital relationship and addressing any purported discrepancies, the final determination made by the Defendants lacks logical coherence and fails to consider other relevant factors. (*See* **Exhibit 5**). The denial appears to be solely based on speculation regarding subjective aspects of the Plaintiffs' relationship, without any documented evidence of fraud in the Plaintiff's file. Thus, the Defendants' denial of the Plaintiffs' Applications is clearly erroneous and arbitrary, as it relies on insufficient evidence and disregards the required documentation outlined in the regulations set forth in 8 CFR § 204.2(a)(1)(ii), requiring that any evidence used to determine a fraudulent marriage must be documented in the alien's file. *See also Matter of Tawfik*, 20 I&N Dec. at 168.

39. The Defendants clearly erred in denying Plaintiffs' Petition for Alien Relative and Application for Adjustment of Status, by violating the APA, 5 U.S.C. §

701, et seq., and Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. For this reason, Plaintiffs were forced to file the present complaint for declaratory and injunctive relief under the APA before this Honorable Court.

### ***Defendants violated the Administrative Procedure Act 5 U.S.C. § 701, et seq. and Plaintiffs are entitled to review by this Court pursuant to U.S.C. §§ 701-706.***

40. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-39 above.

41. Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. A reviewing court shall "hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A).

42. The Present Court has jurisdiction under the APA to review certain agency determinations outlined in 8 U.S.C. § 1252. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

43. Under the APA, the Court has jurisdiction to review an agency decision if the agency action is final, the action adversely affects the party seeking review, and

the agency's decision is non-discretionary. *See* 5 U.S.C. §§ 702, 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). The Court "shall decide all relevant questions of law," and "shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (2)(A).

44. The Eleventh Circuit has reasoned that "simply because the Secretary has the ultimate discretionary authority to grant an immigration benefit does not mean that every determination made by USCIS regarding an alien's application for that benefit is discretionary, and hence not subject to review." *Mejia Rodriguez v. U.S. Dep't Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2009). The Court in *Mejia Rodriguez* further reasoned that "the statutory eligibility determinations USCIS is obligated to make in deciding whether to grant or deny an application ... are not decision[s] or action[s] ... the authority for which is specified to be in the discretion of [USCIS]." *Id*. at 1144. As such, while "the ultimate decision of whether to grant or deny [an application] is a decision that is within the discretion of the Secretary," a determination of an immigrant's statutory eligibility for relief is "not one designated to be within the discretion

of the Attorney General or Secretary and hence [is] not precluded from review by 8 U.S.C. § 1252(a)(2)(B)(ii)." *Mejia Rodriguez*, 562 F.3d at 1144-1146.

45. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error of judgment." *See N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

46. Examples of arbitrary or capricious agency decisions include those where an agency considers material "Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

47. In the instant case, there is no doubt that Defendants misapplied the law. Defendants' conclusion that Plaintiff Beneficiary is not qualified to adjust status is clearly erroneous.

48. Defendants' arbitrary and capricious action and abuse of discretion has caused and continues to cause harm to Plaintiff Beneficiary in denying her a privilege

to which she is entitled. Accordingly, Plaintiff Beneficiary, and by extension, Plaintiff Petitioner, are suffering continued damage.

49. The APA, 5 USC § 701 *et seq.*, at § 704, states that acts by government agencies which are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." *Id*. There is no other appropriate remedy in this situation. Thus, the only option for Plaintiffs is this action in this court.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to enter an order:

A. Finding Defendants' Decision, denying Plaintiff Petitioners' Petition for Alien Relative for his spouse, Plaintiff Beneficiary, was contrary to the law and vacating said decision;

B. Finding Defendants' Decision, denying Plaintiff Beneficiary's Application to Register Permanent Residence was contrary to the law and vacating said decision;

C. Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiffs and adjudicate Plaintiffs' Petition and Application on their merits and according to the law and regulations by which they are bound;

D.  Grant such other and further relief as this Court deems proper under the circumstances; and,

E.  Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

      Respectfully submitted,

      This, the 18th day of July 2023.

**THE FOGLE LAW FIRM, LLC**

by: David Lunel, Esq.
Georgia Bar No. 874002
Attorney for the Plaintiffs

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: david@foglelaw.com