December 7, 2021

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship and Immigration Services**

DENNIS ALLEN FORD II
c/o NATALIE GRIGGS
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308



MSC2190188665



A219-637-624

RE: BASSEY BASSEY ENUN
I-130, Petition for Alien Relative

### NOTICE OF INTENT TO DENY

Dear DENNIS FORD II:

On October 5, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of BASSEY ENUN (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On April 27, 2021, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of

Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).



You submitted the following evidence:

- Apartment Lease
- Bank Statements
- Georgia Power bills
- Xfinity bills
- Goodwill merchandise hold form
- Copies of envelopes addressed to Dennis Ford
- Receipts from Orie Peanuts Co., Bath and Body Works, and Aloft
- Renters Insurance
- Affidavits from Dr. Enun Bassey, Betty Bassey, Lavetta Martin-Frazier, and Devona Martin-Frazier
- Marriage Certificate
- Petition to amend marriage record

Both you and the beneficiary were interviewed separately concerning the bona fides of your marriage. Your testimony and the beneficiary's testimony were consistent with respect to your names, place and dates of birth; when and where you met, your first date, current address, details about your apartment, who does the grocery shopping, how you got to the interview, details about your employment, tattoos, medications, and information about your parents.

However, on issues that go to the heart of your marriage, the sworn testimony was inconsistent on many material points. Specifically:

- You were both asked, "When and where did you marry?" You answered, "2018 September 24 or 21st something like that. It was in Douglas County at a probate court." The beneficiary

answered, "August 19, 2019, Douglas County Probate court."
- You were both asked, "Who all attended the ceremony?' You answered, "Her mom, me, and Barbara Johnson." The beneficiary answered, "me, him and my mom."
- You were both asked, "How much is the monthly rent? Who pays the rent in your house?" You answered, "$1601 base rent, parking is $60, another $400 for utilities. I do." The beneficiary answered, "base rent is $1601, parking is $60, and some common utilities that the building charges us, its not fixed, it's a big problem they keep changing it."
- You were both asked, "How many individual and joint bank accounts do you and your spouse have right now? Where are they at and what kind of accounts are these?" You answered, "We have two joints and that's savings and checking, and we just opened one with Chase. We have a credit card with Bank of America, I have numerous of individual accounts, I have Navy Federal, USAA, Service Credit Union, Self Lender, Credit Karma, She has just Bank of America." The beneficiary answered, individual two, joint two, he has one with Navy Federal. Checking account with Chase, Bank of America savings that was mine, but then I added him. Two individual accounts one with Bank of America and one with Wells Fargo."
- You were both asked, "How does your spouse get money?" You answered, "me." The beneficiary answered, "My parents send me money."
- You were both asked, "What cell phone provider does your spouse use? What cell phone provider do you use? What's your and your spouse's number?" You answered, "She has ATT 706-294-9856. It's called Metro by T-Mobile now, 706-622-8487, there's another number that I don't know, but I'm sure she knows it." The beneficiary answered, "Metro PCS, 770-896-9525, ATT 706-294-9856."
- You were both asked, "What is your religious beliefs? What is your spouse's?" You answered, "spiritual, spiritual." The beneficiary answered, "none, none."
- You were both asked, "Do you smoke or have any health conditions?" You answered, "no health conditions, I don't really smoke I'm trying to quit, so I don't smoke." The beneficiary answered, "no he does not."
- You were both asked, "How many children does your spouse have? Names?" You answered, "One, Dieusait 8." The beneficiary answered, "one, Dieusait, he's 10."
- You were both asked, "Have you ever been arrested?" You answered, "yes, traffic violations and failure to appears." The beneficiary answered, "no."
- You also submitted a Georgia issued Identification Card with the address, 1677 Spoonbill Rd Jonesboro, GA 30238 issued to you on February 3, 2021. However, you claimed to be living at 3833 Peachtree Rd NE Brookhaven, GA 30319 since October of 2018.



Due to the insconsistensies in your sworn testimony and evidence, USCIS conducted an administrative investigation. Immigration Officers conducted a site visit at your claimed marital address of 3833 Peachtree Rd NE Apt. 606 Brookhaven, GA 30319. During the visit, Immigration Officers encountered Jefferey Orris, who claimed to be renting a room in the apartment. Orris stated that only he and the beneficiary, Bassey Enun lived in the apartment and that he had never heard the name Dennis Ford. Immigration Officers also spoke to the property manager who advised that the beneficiary signed a lease in July of 2021 and that she was the only occupant on the lease. The apartment lease that you provided to USCIS as evidence lists both you and the beneficiary as occupants and was dated April 21, 2021. The lease that you provided appears to be fraudulent as the information on the lease is contradictory to the information provided by the property manager. Based on this information, USCIS has concluded that you and the beneficiary do not live together and you have entered into a marriage for the sole purpose of procuring an immigration benefit.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition, and an explanation for all discrepancies. Failure to respond to this request within the time allotted will result in the denial of

the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Atlanta Field Office**
**2150 Parklake Drive**
**Atlanta, GA 30345**

Sincerely,

*Shineka C. Miller*

Shineka C. Miller
Field Office Director

cc:  NATALIE GRIGGS

MSC2190188665

A219-637-624