May 31, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

U.S. Citizenship and Immigration Services

NATALIE GRIGGS
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308


MSC2190188664

RE: BASSEY BASSEY ENUN
I-485, Application to Register Permanent Residence or Adjust Status


A219-637-624

## DECISION

Dear BASSEY ENUN:

On October 5, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On April 27, 2021, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason(s):

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3).

USCIS records establish that USCIS denied the visa petition filed on your behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA 245(a)(3).

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Jerry L. Addison
Acting Field Office Director




RECEIVED JUN 0 6 REC'D By____

May 31, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship and Immigration Services

DENNIS ALLEN FORD II
c/o NATALIE GRIGGS
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308



MSC2190188665



A219-637-624

RE: BASSEY BASSEY ENUN
I-130, Petition for Alien Relative

### DECISION

Dear DENNIS FORD II:

On October 5, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of BASSEY ENUN (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On April 27, 2021, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

On December 7, 2021, USCIS issued a Notice of Intent to Deny (NOID) advising you that the

evidence supporting the petition was insufficient to establish the beneficiary's eligibility for the classification requested at the time you filed the petition.

The following evidence was requested:

- Additional information, evidence or arguments to support the petition;
- An explanation for all discrepancies.

You responded to the NOID on March 8, 2022. You submitted the following evidence:

- Apartment Rental Contract;
- Alter at Brookhaven occupancy confirmation letter;
- Airbnb statement;
- Esurance Auto Insurance policy and card;
- Bill of sale;
- Economic Impact payment confirmation;
- Jailing information for Jeffrey Orris;
- Affidavit of Mbong Amata.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing the marriage was valid and bona fide, such as joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship.

The NOID that USCIS issued you on December 7, 2021, cited the discrepancies and evidentiary deficiencies. USCIS acknowledges your responses for the discrepancies noted in the NOID and the additional evidence of a shared life. However, the evidence submitted is insufficient to overcome the inconsistent testimony or to establish eligibility for the benefit sought. In your response, you state that you are not good with dates and your spouse remembers better than you. Your response also insist that you and your spouse answered truthfully, although many of your responses were inconsistent. While USCIS does not expect married couples to answer every question exactly the same, it is expected that a couple that has been married for over two years would be able to give similar answers relating to their marriage and life together.

In your statement, you claim that you attempted to change your address with the Department of Driver Services (DDS) on multiple occasions, but they continued to put the wrong address on your identification card. This is not a plausible excuse for why you had not updated the address on your identification card prior to your interview. DDS is open to the public and allows in person services to

make changes and updates. Therefore, you had ample time prior to your interview and the COVID-19 pandemic to update your address, as you were interviewed on April 27, 2021 and you claim to have moved to your current address in 2018.

You and the beneficiary both claim, along with an affidavit from Mbong Amata, that when immigration officers came to your home on August 10, 2021, you were staying with the beneficiary's sister Mbong Amata, and you were renting out your apartment through Airbnb. However, USCIS records do not show a change of address entered on your behalf. You also claim that the testimony of Jefferey Orris to immigration officers was not truthful. You included a jail information sheet to prove that Orris has a jail record and cannot be trusted. The jail information sheet shows that Orris was arrested for aggravated assault and obstruction of law enforcement officers, it does not show any arrest relating to fraud or misrepresentation. Having been arrested does not automatically render someone untrustworthy. You also included a letter from Airbnb to show that you were renting to Orris and that you had an issue with him. However, the letter is addressed to Steph, and it does not give any detail on what the issue was with Orris. Therefore, the evidence submitted in reference to Jefferey Orris holds no probative value.

The letter from the property manager at Atler at Brookhaven states that both your names appear on the lease renewal executed on April 9, 2021, however it does not state specifically when you and the beneficiary began living together at the address. Also, the letter from the property manager is in direct contradiction with what was stated to immigration officers during the site visit. Based on the contradictions from the property management, USCIS is unable to regard this letter as credible.

The evidence submitted, only shows that you and the beneficiary are both listed on an apartment lease, automobile insurance policy, a bill of sale, and received an economic impact payment. Your response does not include any other convincing evidence of a shared life together. The evidence submitted does not overcome the inconsistent testimony and evidentiary shortcomings noted in the record. Therefore, USCIS concludes that you have entered into a sham marriage with the sole purpose of procuring an immigration benefit.

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the Board of Immigration Appeals (BIA) will decide the appeal, you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office, you cannot pay the filing fee with cash, a cashier's check, or money order. You must pay the filing fee thought pay.gov via a credit card or with a personal check.

We must receive your Form EOIR-29 within 30 days from the date of this decision notice. The decision is final if we do not receive your appeal within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative

should submit Form EOIR-27.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. We will send your appeal for further processing 30 days after the date we receive it; after that time, we cannot accept any brief on your appeal.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual at usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

*Jerry L. Addison*

Jerry L. Addison
Acting Field Office Director



RECEIVED
JUN 0 6 REC'D
By_____