UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

CASE NO.:

In re Application of

Travessia Securitizadora de Créditos
Financeiros X S.A.,

Applicant,

Pursuant to 28 U.S.C. § 1782 for
Judicial Assistance in Obtaining
Evidence for Use in Foreign and
International Proceedings Pending in the
Federative Republic of Brazil.

_____/

**TRAVESSIA SECURITIZADORA DE CRÉDITOS FINANCEIROS X S.A.'S**
***EX PARTE* PETITION FOR JUDICIAL ASSISTANCE IN AID OF**
**FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. §1782**

Applicant, Travessia Securitizadora de Créditos Financeiros X S.A.

("TSCF"), respectfully submits this *Ex Parte* Petition for Judicial Assistance in Aid

of Foreign Proceedings Pursuant to 28 U.S.C. §1782 (the "Petition") and requests

the issuance of an order permitting TSCF to obtain documentary and testimonial

discovery from Zimpel Granite & Marble Inc. ("Zimpel Granite" or the "Discovery

Target") for use in pending legal proceedings in Brazil.

In support of this Petition, TSCF states as follows:

## FACTUAL BACKGROUND

1.     The facts relevant to this Petition are set forth below and in the accompanying Declaration of TSCF's Brazilian attorney, Fabio Alem, attached hereto as **Exhibit A** (the "Alem Declaration"). The facts stated in the Alem Declaration are fully incorporated herein by reference and provide a much more detailed background than the summary that follows below.

2.     Between 2002 and 2006, Banco do Brasil S.A. ("Banco do Brasil"), a Brazilian financial institution, entered into thirteen (13) separate loan agreements and line of credit agreements (hereinafter, the "loan agreements") with several individuals associated with the Zimpel family, a wealthy family known in Brazil for their agricultural ventures. Alem Dec. ¶ 3.

3.     These loan agreements were each separately made out to various members of the Zimpel family, namely Airton Francisco Zimpel and his wife Indira Santos de Araujo Zimpel; Carlos Roberto Zimpel and wife Verônica Terezinha Zimpel; Elton Renato Hollenbach Zimpel and wife Ivonete Ferreira França Zimpel; Arnaldo Engerlhard Zimpel and wife Ruth Edith Hollenbach Zimpel; Milton Henrique Zimpel and wife Edileiza Silva Lima Zimpel; Sérgio Rudimar Zimpel and

wife Maristela de Fátima Zimpel; Anderson Rafael Zimpel; Marcio Rodrigo Zimpel; Marcelo Alex Zimpel; Eloisa Maria Zimpel; Edemo Luiz Zimpel; Sonia Eloir Zimpel Pazdzoira; and Roseane Marlize Zimpel Pazdzoira (together, the "Debtors" or the "Family"). Alem Dec. ¶ 4. All of these individuals, as well as Mauricio Alexander Zimpel, Alberi Funke dos Reis, Andreia Kristina Dickel dos Reis, and Osney Correa Gonçalves are also co-signers/guarantors with respect to some of the loan agreements, along with the following two Brazilian entities: Novo Mato Grosso Armazéns Gerais Ltda. ("Mato Grosso Armazéns") and Zimpel Armazéns Gerais Ltda. ("Zimpel Armazéns") (collectively, the "Guarantors"). Alem Dec. ¶ 5.

4.      In particular, Mr. Airton Francisco Zimpel ("Mr. Zimpel") is either principal debtor and/or co-signer/guarantor with respect to twelve (12) loan agreements, while his wife Indira Santos de Araujo Zimpel ("Mrs. Zimpel") is a co-signer/guarantor with respect to nine (9) of the loan agreements (together, the "Zimpels"). Alem Dec. ¶ 6.

5.      When the obligations under the loan agreements began to mature without payment, the entirety of the debt was accelerated pursuant to the provisions of the loan agreements and Brazilian law. Alem Dec. ¶¶ 7, 22. As of June 2023, the Debtors and their Guarantors owed approximately BRL 222,297,936.77 Brazilian

Reais (approximately U.S. $45.5 million). Alem Dec. ¶ 9.

6.     Learning of the Debtors' and the Guarantors' extensive pattern of incurring in significant debt and defaulting on their repayment obligations, Banco do Brasil initiated thirteen (13) separate legal proceedings[1] before the civil courts of the City of Sinop in the Federative Republic of Brazil (each individually, a "Brazilian Court;" and together, the "Brazilian Courts") to enforce the debts (together, the "Foreign Proceedings"). Alem Dec. ¶¶ 8-9, 23-26.

7.     Mr. Zimpel is named as defendant in twelve (12) of the Foreign Proceedings, along with some of the other Debtors and each of their respective Guarantors, including Mrs. Zimpel who is named as defendant in nine (9) of the Foreign Proceedings (collectively, the "Foreign Defendants"). Alem Dec. ¶¶ 12, 26.

8.     In or around the second semester of 2020, TSCF purchased the debt from Fundo de Investimentos em Direitos Creditórios Alternative Assets I, which had purchased the original debt from Banco do Brasil. Consequently, TSCF was substituted as plaintiff in the Foreign Proceedings. Alem Dec. ¶¶ 10, 24.

9.     At this time, the Foreign Proceedings are still pending in Brazil with

---

[1] A detailed description of each of these Foreign Proceedings, including amounts owed, current procedural posture, and named defendants, is included in the Alem Declaration.

both summons and appeals pending in some of them; no final judgment has been entered. Alem Dec. ¶¶ 11, 25.

10.     Accordingly, TSCF has an ongoing duty under Brazilian law to search for and identify Foreign Defendants' assets to satisfy the debt and to proceed with their attachment or garnishment. Alem Dec. ¶¶ 15, 25, 27, 33, 41.

11.     The discovery sought in this Petition is key for uncovering potential fraudulent transfers or other efforts undertaken by the Foreign Defendants to avoid paying the significant debt owed to TSCF by hiding assets outside of the jurisdiction of the Brazilian Courts. Alem Dec. ¶¶ 16, 34-35.

12.     TSCF's investigative efforts have uncovered that the Zimpels appear to indirectly own significant assets in the United States through a Georgia for-profit corporation by the name of Zimpel Granite & Marble Inc. ("Zimpel Granite"), of which they appear to be the sole officers. Alem Dec. ¶¶ 18, 28-29.

13.     In addition, TSCF has learned that the Zimpels appear to indirectly own significant assets, including a commercial property worth approximately $1.25 million, through a South Carolina limited liability company by the name of Zimpel Properties, LLC ("Zimpel Properties"), of which they appear to be the sole members. Alem Dec. ¶¶ 19, 28-29.

14.     None of these assets and funds has been disclosed to the Brazilian Courts, and it is unknown where the funds are currently being held. Alem Dec. ¶¶ 16, 35. Thus, in order to fully ascertain the pool of assets belonging to the Foreign Defendants and to inform the Brazilian Courts, TSCF hereby seeks assistance from this Court to obtain documentary and testimonial discovery relating to assets and funds owned by the Zimpels through the Discovery Target. Alem Dec. ¶¶ 17, 20, 36.

15.     A parallel Section 1782 Petition targeting Charleston-based Zimpel Properties will be filed before the United States District Court for the District of South Carolina contemporaneously with this Petition.

16.     TSCF intends to use that discovery in the Foreign Proceedings to uncover potential fraudulent transfers directed by the Zimpels, and to inform the Brazilian Courts of their assets to have them appraised for future attachment or garnishment.

17.     TSCF proposes to serve the Discovery Target with a subpoena in a form substantially similar to that attached hereto as **Exhibit B**. Alem Dec. ¶¶ 20, 32. As reflected in the proposed subpoena, the document requests and topics of examination for deposition are narrowly tailored to focus on gathering key information relating to potential fraudulent transfers directed by the Zimpels, the assets owned by the

Zimpels, and where the proceeds of any sales of assets have been deposited and may be found. Alem Dec. ¶ 42.

## JURISDICTION AND VENUE

18.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1782 as this is an application for discovery made by a party in proceedings currently taking place and pending before Brazilian Courts, seeking the production of documents and testimony located within this District and to be used in the Foreign Proceedings.

19.     Zimpel Granite & Marble Inc. may be located at 5595 Karingway Ct, Kennesaw, GA 30152.

20.     Venue in this District is appropriate because the Discovery Target is found in this District and the actual discovery sought also is located within this District.

## ARGUMENT

As detailed below, TSCF meets the statutory requirements of 28 U.S.C. §1782, as well as the discretionary factors discussed in the relevant case law. TSCF thus respectfully requests that this Petition for discovery be granted forthwith.

## I.  Standard for Granting Section 1782 Petitions

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings" pursuant to Section 1782 to include "documentary and other tangible evidence as well as testimony." *Id*. at 247-48.

To that end, the Eleventh Circuit repeatedly has recognized the liberal policy in favor of granting petitions for judicial assistance under Section 1782. *See, e.g., Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015) ("The current embodiment of the [Section 1782] law reflects the policy choice to provide efficient means of assistance in our federal courts for litigants involved in international litigation and to prompt foreign courts to follow our generous example and provide similar assistance to our court systems.") (quotations omitted); *In re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("[T]he history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance") (quotation omitted, emphasis in original); *In re Clerici*,

481 F.3d 1324, 1333 (11th Cir. 2007) (citing Hans Smit, *American Assistance to Litigation in Foreign and International Tribunal: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998) for the proposition that "[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals").

The statute reads, in pertinent part:

> The district court of the district in which a person *resides or is found* may order him to give *his testimony or statement or to produce a document or other thing* for use in a *proceeding in a foreign or international tribunal*, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a *foreign or international tribunal* or upon the application of *any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. §1782 (a) (emphasis added).

Courts thus have distilled Section 1782's language into a two-part inquiry: first, whether a district court is authorized to grant relief under the statute; and second, whether the court should grant relief in its broad discretion pursuant to the factors outlined by the Supreme Court in *Intel*. *Consorcio*, 747 F.3d at 1271; *Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 467-68 (11th Cir. 2020).

Finally, a Section 1782 petition typically is presented and granted *ex parte* in this Circuit to allow the applicant to serve the discovery requests. *See In re Clerici*, 481 F.3d at 1329 (describing the procedural history of the court's granting of the *ex parte* petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review); *In re Ex Parte in re Colombo Agroindústria S.A.*, No. 22-21670-MC-ALTONAGA, 2022 U.S. Dist. LEXIS 107701, at *1 (S.D. Fla. June 16, 2022) ("It is both common and proper for section 1782 applicants to apply for discovery assistance on an *ex parte* basis."). At that point, the discovery target can respond to the discovery, including raising any objections if applicable. *Sociedad Militar Seguro De Vida*, 985 F. Supp. 2d 1375, 1379-80 (N.D. Ga. 2013) (explaining that granting 1782 applications on an *ex parte* basis is further justified by the fact that discovery targets may file a motion to quash any part of subpoenas to which they object).

**II. TSCF's Petition Meets the Section 1782 Statutory Requirements for Relief**

A district court has authority under Section 1782 to grant an application for judicial assistance if these four *prima facie* requirements are met: (1) the person from whom discovery is sought resides or can be found in the district in which the petition is filed; (2) the request seeks evidence, whether the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request is made "by a foreign or international tribunal" or by "any interested person;" and (4) the evidence is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Clerici*, 481 F.3d at 1331-32.

As discussed below, TSCF's Petition indisputably meets all of the statutory requirements, thus authorizing this Court to grant the Petition.

**A. The Discovery Target is Found in This District**

Courts have held that a company or person "resides or is found in" a given District if it transacts business in that District or has an office there, or if it may otherwise be served with a subpoena in this District. *Daimler AG v. Bauman*, 571 U.S. 117, 118, 134 S. Ct. 746, 749 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."); *see Consorcio*, 747 F.3d at 1269 (explaining that corporation was

"found" in the "district of the district court ruling on the application for assistance" where it had an office and was conducting business). Likewise here, the Discovery Target is located in this District for purposes of this Court's Section 1782 analysis.

As evidenced by the Georgia Corporations Division public records, the Discovery Target is incorporated in Georgia and its registered agent is located in Cobb County, Georgia. True and correct copies of the Georgia Corporations Division page and the Zimpel Granite 2022 annual report, providing the address where the Discovery Target may be served, are attached hereto as **Composite Exhibit C**. As such, TSCF's Petition meets the first statutory requirement.

### B. The Discovery Sought is Testimonial and Documentary

Pursuant to the plain wording of the statute, Section 1782 petitions for discovery must be limited to the "testimony or statement" of a person and to the production of a "document or other thing." 28 U.S.C. §1782 (a). Petitions under Section 1782 are not requests for judicial assistance to enforce foreign judgments, thus a key distinction of proper petitions under Section 1782 is the type of assistance sought. *Clerici*, 481 F.3d at 1332. Where a petition has been made *only* for assistance in obtaining evidence, a request is proper under Section 1782. *Clerici*, 481 F.3d at 1332 ("The Panamanian Court requested only assistance in obtaining evidence—

sworn answers from Clerici to written questions--and this is the primary purpose of § 1782. Therefore, the second requirement for a proper request under § 1782 is met."); *see also Consorcio*, 747 F.3d at 1269 (requirement met where document production and deposition testimony are sought).

Through this Petition, TSCF seeks only documentary and testimonial evidence, as reflected in the proposed subpoena attached as Exhibit B. Because the statute expressly permits this type of discovery, and because TSCF is not seeking any other type of judicial assistance, the second statutory requirement also is met. 28 U.S.C. §1782.

### C. The Discovery is Sought by an "Interested Person"

The Supreme Court in *Intel* explained that "interested persons" within the meaning of Section 1782 are those with significant "participation rights in the proceedings." *Intel*, 542 U.S. at 250, 256. Thus, while an applicant may lack formal "party" or "litigant" status, the party must necessarily have "significant procedural rights" in the proceedings to be considered an "interested person." *Intel*, 542 U.S. at 255. The Supreme Court further elaborated that the applicants in *Intel* had participation rights in the proceedings because they "had the right to prompt an investigation, to submit evidence for consideration, and to proceed to court" for

judicial review and or appeals. *Id.* "Given these participation rights, a complainant 'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of that term." *Intel*, 542 U.S. at 256; *Furstenberg Fin. SAS v. Litai Assets LLC,* 877 F.3d 1031, 1035 (11th Cir. 2017) (citing *Intel*, 542 U.S. at 250, 256).

As such, there is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782." *Intel*, 542 U.S. at 256. When an applicant is a party to the foreign proceeding for which the evidence is sought, they are "plainly an 'interested person'" for purposes for Section 1782. *Consorcio*, 747 F.3d at 1269; *Furstenberg,* 877 F.3d at 1035.

Here, TSCF is the plaintiff in each of the Foreign Proceedings and by definition an "interested person" for purposes of a Section 1782 petition. Moreover, TSCF possesses a reasonable interest in obtaining judicial assistance from this Court because, pursuant to Brazilian civil procedure, it is TSCF's duty to search for and identify the Foreign Defendants' assets. Alem Dec. ¶¶ ¶¶ 15, 25, 27, 33, 41. As a result, TSCF's Petition also satisfies the third statutory requirement.

### D. The Discovery Sought is for use in the Foreign Proceedings

Section 1782 "only states that the evidence must be 'for use in a proceeding,' and nothing in the plain language of §1782 requires that the proceeding be adjudicative in nature." *Clerici*, 481 F.3d at 1333. As such, the Supreme Court has held that "§1782 is not limited to proceedings that are pending or imminent" and recognizes that the statute specifically includes criminal investigations before formal accusations can be made. *Clerici*, 481 F.3d at 1333 (citing *Intel,* 542 at 259). Moreover, the Eleventh Circuit has clarified that the "for use in a proceeding in a foreign or international tribunal" language does not mean that the scope of discovery available through Section 1782(a) is limited to documents or testimony that will actually be used in the foreign proceedings. *Weber v. Finker,* 554 F.3d 1379, 1384 (11th Cir. 2009).

As explained above, TSCF is the plaintiff in thirteen Foreign Proceedings against the Foreign Defendants currently pending before the civil courts of the City of Sinop. Alem Dec. ¶¶ 10, 23-26. Brazilian civil procedure imposes upon TSCF the duty to search for and identify the Foreign Defendants' assets to satisfy the debt and to proceed with their attachment or garnishment. Alem Dec. ¶¶ 15, 33, 41. The discovery sought will allow TSCF to determine the location of Foreign Defendants'

assets, as well as to uncover potential fraudulent transfers or other efforts undertaken by the Foreign Defendants to avoid paying the significant debt owed to TSCF by hiding assets outside of the jurisdiction of the Brazilian Courts. Alem Dec. ¶¶ 16, 34-35. The discovery sought in this Petition is for that purpose and will be presented to the Brazilian Courts in the Foreign Proceedings. Alem Dec. ¶¶ 17, 20, 36, 41. As such, the fourth statutory requirement is also satisfied, authorizing this Court to grant TSCF's Petition under its discretion.

## III.  TSCF's Petition Meets the Section 1782 Discretionary Factors for Relief

If the statutory requirements are met, then §1782 "authorizes, but does not require, a federal district court to provide assistance." *Intel*, 542 U.S. at 255. A district court then must consider the four discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices* to decide whether relief is warranted: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering

restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65; *Clerici*, 481 F.3d at 1334; *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2019).

With the four statutory requirements met, this Court may grant TSCF's Petition pursuant to its discretionary authority. As will be discussed below, the four discretionary factors the Supreme Court established in *Intel* weigh heavily in favor of granting the relief requested herein.

### A. The Discovery Target is not a Participant in the Foreign Proceedings

First, the Supreme Court held that "when the person from whom discovery is sought is a participant in the foreign proceeding … the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 at 264. This is because a "foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence," whereas "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*. The Eleventh

Circuit nonetheless has held that when a target resides in the U.S. and is outside the jurisdiction and control of the foreign court, a Section 1782(a) petition is proper because the court would have no other means of obtaining the information requested. *Clerici*, 481 F.3d at 1332-33 ("Had [target] been residing in Panama, [applicant] or the Panamanian Court would have been able to interrogate [target] directly... Because [target] was residing in Florida, however ... Such a request is clearly within the range of discovery authorized under § 1782 and comports with the purpose of the statute to provide assistance to foreign tribunals.").

In the instant matter, the Discovery Target is not a party to the Foreign Proceedings and TSCF does not intend to join the Discovery Target as a party to the Foreign Proceedings. Alem Dec. ¶ 38. Because the Discovery Target is located in Georgia, there is also no expectation that it may be subject to the jurisdiction of the Brazilian Courts in the future. As such, without the assistance of this Court, the discovery requested is unobtainable. Alem Dec. ¶ 39.

### B. The Brazilian Courts are Receptive to Judicial Assistance

Second, the Supreme Court held that "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the

court or agency abroad to U. S. federal-court judicial assistance." *Intel,* 542 at 264. As such, the Supreme Court recognized that "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts." *Intel*, 542 at 261. Likewise, "[a] foreign tribunal's reluctance to order production of materials present in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a)." *Id.* at 261-62.

With respect to determining the receptivity of a tribunal, the Eleventh Circuit held in *Caldas* that the *Intel* factors are considerations to guide the courts' decisions, and as such, district courts do not need to apply a rigid burden-shifting framework to properly weigh the discretionary factor of receptivity. 925 F.3d at 1223. Instead, the Eleventh Circuit expressly adopted a standard that requires district courts to consider arguments proffered by both sides when deciding whether a foreign tribunal is receptive to U.S. judicial assistance. *Id.*

As attested to by TSCF's Brazilian counsel, the evidence sought through this Petition is to be used as evidence in the Foreign Proceedings. Alem Dec. ¶¶ 14, 23, 36-37, 44-45, 52. As has been discussed before, TSCF has an active, ongoing duty to locate the Foreign Defendants' assets globally and present them before the

Brazilian Courts. Alem Dec. ¶¶ 15, 25, 27, 33, 41. Thus, it would be proper to say the Brazilian Courts would be welcoming of such discovery. Alem Dec. ¶ 41.

In contrast, there is no indication that the Brazilian Courts would not be receptive to the documentary and testimonial evidence sought in this Petition. *See Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 467-68 (11th Cir. 2020) (foreign tribunal would be receptive of the judicial assistance because the law in that country required parties to provide the type of information sought and penalized parties who concealed it); *In re Ex Parte in re Colombo Agroindústria S.A.*, No. 22-21670-MC-ALTONAGA, 2022 U.S. Dist. LEXIS 107701, at *5 (S.D. Fla. June 16, 2022) ("Brazilian law allows discovery produced from a different action, and there is no indication that Brazilian courts would be unreceptive to evidence obtained from a section 1782 petition."): *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 177 (S.D.N.Y. 2020) ("Applicant has made a showing that the Brazilian courts would be receptive to evidence obtained through the Application. Applicant's Brazilian counsel states that '[u]nder Brazilian law, the parties to a judicial proceeding are entitled to submit any kind of evidence to the court, as long as that evidence has not been improperly obtained.' Respondents have failed to provide authoritative proof to the contrary. Thus, the *Intel* second factor weighs in

favor of granting the Application."). Likewise, here, the second *Intel* factor weighs heavily in favor of TSCF.

### C. This Petition Does Not Attempt to Circumvent Foreign Restrictions

Next, the Supreme Court explained that district courts "could consider whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 265. However, simply because the discovery sought is located outside the foreign jurisdiction does not mean that party is attempting to circumvent proof gathering restrictions imposed in that jurisdiction. *Intel,* 542 U.S. at n. 12 ("Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure. *See* ALI, ALI/Unidroit Principles and Rules of Transnational Civil Procedure, Proposed Final Draft, Rule 22, Comment R-22E, p. 118 (2004) ('Disclosure and exchange of evidence under the civil-law systems are generally more restricted, or nonexistent.')"); *see also Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 470-71 (11th Cir. 2020) (no attempt to circumvent foreign proof-gathering restrictions when the information sought had not been previously denied by the foreign tribunal). The Supreme Court thus cautioned that "[b]eyond shielding material safeguarded by an applicable

privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there." *Intel,* 542 U.S. at 260. Instead, the Supreme Court noted "foreign tribunal[s] can place conditions on [their] acceptance of the information to maintain whatever measure of parity [they conclude] is appropriate." *Id.* at 262. Thus, "[p]arties concerned in a particular case that a § 1782 applicant is attempting to use foreign litigation as a ruse … can and should bring evidence of such chicanery to the §1782 court's attention." *Glock v. Glock*, 797 F.3d 1002, 1009 (11th Cir. 2015).

TSCF's Brazilian counsel has testified that the evidence sought in this Petition does not circumvent any proof-gathering restrictions under Brazilian law, and likely is admissible in the Foreign Proceedings. Alem Dec. ¶¶ 40-41. Moreover, the Brazilian Courts have not denied the information sought by TSCF during the Foreign Proceedings. Alem Dec. ¶¶ 40. Absent a persuasive showing that TSCF is attempting to circumvent proof-gathering restrictions, the third *Intel* factor also weighs heavily in favor of granting this Petition.

### D. The Discovery Requests are not Unduly Intrusive or Burdensome

Last, the Supreme Court held that "unduly intrusive or burdensome requests

may be rejected or trimmed." *Intel*, 542 at 265. To that end, the Supreme Court has recognized the "broad range of discovery" authorized under §1782. *Clerici*, 481 F.3d at 1333 (citing to Intel, 542 U.S. at 259). "Once discovery is authorized under § 1782, the federal discovery rules, Fed. R. Civ. P. 26-36, contain the relevant practices and procedures for the taking of testimony and the production of documents." *Clerici*, 481 F.3d at 1336; *Weber*, 554 F.3d at 1385 ("Section 1782 expressly provides that the district court should grant discovery under the Federal Rules of Civil Procedure."). As such, Section 1782 does not require that every document discovered be used in the foreign proceedings; but rather, the discovery sought must meet the relevance requirement of the Federal Rules of Civil Procedure. *Weber*, 554 F.3d at 1385. Federal Rule of Civil Procedure 26(b)(1) thus provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents."

The discovery TSCF seeks in this Petition is not unduly intrusive or burdensome. As seen in the proposed subpoena attached as Exhibit B, TSCF's requests are narrowly tailored to identify and trace potential transfers and the purchase and disposition of the assets in this District belonging to the Foreign

Defendants. Alem Dec. ¶ 42. TSCF seeks documentary and testimonial information that should be readily available to the Discovery Target. The documents sought are of the nature kept in the ordinary course of business of the Discovery Target and lend themselves to easy identification and production.

As a result, this Court should find that all four *Intel* factors weigh heavily in favor of granting TSCF's Petition.

**IV. This Petition Should be Granted *Ex Parte***

Section 1782 petitions typically are presented and granted *ex parte* to allow the applicant to serve the discovery requests. *See Clerici*, 481 F.3d at 1329 (describing the procedural history of the court's granting of the ex parte petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review). Once served with the subpoena, the discovery target can respond to the discovery, including by raising any objections with this Court. *Sociedad Militar Seguro De Vida*, 985 F. Supp. 2d 1375, 1380 (N.D. Ga. 2013) ("[E]x parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (quoting *In re Chevron Corp.*, No. 1:10-MI-0076-TWT-GGB, 2010 U.S. Dist. LEXIS

114724, 2010 WL 8767265, at *5 (N.D. Ga. Mar. 2, 2010)). Here, TSCF requests that this Petition be granted *ex parte*, as is proper and in keeping with this District's regular course of practice.

## **CONCLUSION**

WHEREFORE, Applicant, Travessia Securitizadora de Créditos Financeiros X S.A., respectfully requests that this Court enter an order granting this Petition pursuant to 28 U.S.C. 1782; granting TSCF leave to serve the Discovery Target with a subpoena substantially similar to that attached as Exhibit B; reserving jurisdiction to grant TSCF leave to serve any additional subpoenas as may be necessary to obtain the evidence described in this Petition; and granting any other and further relief as the Court deems just and proper.

[signature on next page]

Dated: July 18, 2023.       Respectfully submitted by:

**REED SMITH LLP**

/s/*Gesuè A. Staltari*
_____
**Gesuè A. Staltari**
Attorney Bar Number: GA Bar No. 694052
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-5444
Email: gstaltari@reedsmith.com

**Edward M. Mullins**
Attorney Bar Number: FL Bar No. 863920
**Hillary M. Sharp Dimitri**
Attorney Bar Number: FL Bar No. 1023574
Reed Smith LLP
200 S Biscayne Blvds
Suite 2600
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
Email: emullins@reedsmith.com
Email: hsharpdimitri@reedsmith.com

*Counsel for Travessia Securitizadora de*
*Créditos Financeiros X S.A.*