# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

CASE NO.:

In re Application of

TRAVESSIA SECURITIZADORA DE
CRÉDITOS FINANCEIROS X S.A.,


                    Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings Pending
in the Federative Republic of Brazil.
_____/


**DECLARATION OF FÁBIO ALEM IN SUPPORT OF
TRAVESSIA SECURITIZADORA DE CREDITOS FINANCEIROS X S.A.'S *EX PARTE*
PETITION FOR JUDICIAL ASSISTANCE IN AID OF FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C § 1782**

I, Fábio Alem, under penalty of perjury and pursuant to 28 U.S.C. §1746 and the laws of

the United States of America, declare the following:

1.      I am over the age of 18 and, except as otherwise noted, provide this Declaration

based on my own personal knowledge.

2.      I am a litigation partner with the law firm of *Madrona Fialho Advogados*, based

in the city of São Paulo, Brazil.  I have been practicing law in Brazil since 2002.

**BRIEF OVERVIEW**

3.      As further detailed below, between 2002 and 2006, Banco do Brasil S.A. ("Banco

do Brasil"), a Brazilian financial institution, entered into thirteen (13) separate loan agreements

and line of credit agreements (hereinafter, the "loan agreements") with several individuals

associated with the Zimpel family, a wealthy family known in Brazil for their agricultural ventures.

4.       These loan agreements were each separately made out to various members of the

Zimpel family, namely:  Airton Francisco Zimpel and wife Indira Santos de Araujo Zimpel; Carlos Roberto Zimpel and wife Verônica Terezinha Zimpel; Elton Renato Hollenbach Zimpel and wife Ivonete Ferreira França Zimpel; Arnaldo Engerlhard Zimpel and wife Ruth Edith Hollenbach Zimpel; Milton Henrique Zimpel and wife Edileiza Silva Lima Zimpel; Sérgio Rudimar Zimpel and wife Maristela de Fátima Zimpel; Anderson Rafael Zimpel; Marcio Rodrigo Zimpel; Marcelo Alex Zimpel; Eloisa Maria Zimpel; Edemo Luiz Zimpel; Sonia Eloir Zimpel Pazdzoira; and Roseane Marlize Zimpel Pazdzoira (together, the "Debtors" or the "Family").

5.      All of these individuals, as well as Mauricio Alexander Zimpel, Alberi Funke dos Reis, Andreia Kristina Dickel dos Reis, and Osney Correa Gonçalves are also co-signers/guarantors with respect to some of the loan agreements, along with the following two Brazilian entities: Novo Mato Grosso Armazéns Gerais Ltda. ("Mato Grosso Armazéns") and Zimpel Armazéns Gerais Ltda. ("Zimpel Armazéns") (collectively, the "Guarantors").

6.      In particular, Mr. Airton Francisco Zimpel ("Mr. Zimpel") is either principal debtor and/or co-signer/guarantor with respect to twelve (12) loan agreements, while his wife Indira Santos de Araujo Zimpel ("Mrs. Zimpel") is a co-signer/guarantor with respect to nine (9) of the loan agreements (together, the "Zimpels").

7.      Between 2007 and 2009, the Debtors and their specific Guarantors breached all of the thirteen (13) loan agreements due to their failure to pay the amounts owed to Banco do Brasil when they came due. As a result of such breaches, the total amounts owed under the loan agreements were accelerated and became due.

8.      Banco do Brasil subsequently became aware of Debtors' and Guarantors' extensive pattern of incurring significant debt and defaulting in their repayment obligations, which left Banco do Brasil with no choice but to initiate various legal actions in Brazil.

9.     Banco do Brasil thus initiated thirteen (13) separate legal proceedings before the civil courts of the city of Sinop in the Federative Republic of Brazil (each individually, a "Brazilian Court;" and together, the "Brazilian Courts"), seeking recovery of approximately BRL 222,297,936.77 Brazilian Reais (approximately U.S. $45.5 million) (adjusted debt calculated as of June 2023) resulting from the defaulted loan agreements, plus default interest, monetary adjustment, and attorney's fees (together, the "Foreign Proceedings").

10.     In or around the second semester of 2020, the debt owed by Debtors to Banco do Brasil was purchased by and assigned to Fundo de Investimentos em Direitos Creditórios Alternative Assets I, and subsequently sold and assigned to Travessia Securitizadora de Créditos Financeiros X S.A. ("TSCF"); TSCF was then substituted as plaintiff in the Foreign Proceedings.

11.     My firm currently represents TSCF in these Foreign Proceedings and I am intimately familiar with the posture of each of these thirteen actions. At this time, the Foreign Proceedings are in different stages of active enforcement, with both summons and appeals pending in some of them.[1]

12.     Mr. Zimpel is named as defendant in twelve (12) of the Foreign Proceedings, along with some of the other Debtors and each of their respective Guarantors, including Mrs. Zimpel who is named in nine (9) of the Foreign Proceedings (collectively, the "Foreign Defendants").

13.     Under the Brazilian Code of Civil Procedure (in Portuguese, "*Código de Processo Civil*") (hereinafter the "CPC"), a creditor, such as TSCF, who has a claim for a sum certain based on an enforceable instrument, may proceed directly to collection of the debt by initiating an enforcement proceeding in court (an "*ação de execução*" in Portuguese). CPC, Articles 771, 779 and 781.  The various loan agreements entered into by Banco do Brasil, on the one side, and the

---

[1] We provide below a detailed description of each of these Foreign Proceedings, including amounts owed, current procedural posture, and named defendants.

Debtors and their respective Guarantors, on the other side, are examples of enforceable instruments under Brazilian law. CPC, Article 784. Thus, the Foreign Proceedings are enforcement actions seeking to collect on enforceable instruments.

14.     Under Brazilian law, the filing of such enforcement actions creates a legal presumption that the sum certain debt exists. Brazilian law also allows parties to recover the monetary adjustment of the debt, as well as default interest and attorneys' fees. Thus, in the Foreign Proceedings, there is a presumption that TSCF, as Banco do Brasil's successor in interest, is owed the total debt, in addition to default interest, monetary adjustment, and attorney's fees. CPC, Articles 798 and 799.

15.     Moreover, as the plaintiff in each of the Foreign Proceedings, it is TSCF's duty under Brazilian law to search for and identify Foreign Defendants' assets to satisfy the debts owed and to proceed with their attachment or garnishment. CPC, Articles 798 and 799.

16.     Despite the Guarantors owning various successful companies in Brazil, the Brazilian Courts have been unable to locate but a limited number of assets against which to enforce the debts under the Foreign Proceedings.  The assets located thus far in Brazil are insufficient to satisfy the debt obligations, let alone the total amounts owed, as most of the Guarantors' assets and funds have been moved to other jurisdictions and/or placed under corporate entities, effectively out of reach of their creditors.

17.     In furtherance of the Foreign Proceedings and its duty to identify assets against which to collect, TSCF is engaged in investigative efforts to locate the Foreign Defendants' assets and properties within Brazil and worldwide.

18.     As part of such efforts, TSCF has recently learned that the Zimpels appear to indirectly own significant assets in the United States through a Georgia for-profit corporation by

the name of Zimpel Granite & Marble Inc. ("Zimpel Granite"), of which they appear to be the sole officers.

19.     In addition, TSCF has learned that the Zimpels appear to indirectly own significant assets, including a commercial property worth approximately $1.25 million, through a South Carolina limited liability company by the name of Zimpel Properties, LLC ("Zimpel Properties"), of which they appear to be the sole members.

20.     Therefore, TSCF seeks third-party discovery from Zimpel Granite and Zimpel Properties (together, the "Discovery Targets") in order to gather evidence on the Foreign Defendants' assets and bank accounts in the United States, which, in turn, shall be reported to the Brazilian Courts in the Foreign Proceedings.

21.     I submit this Declaration in support of TSCF's Section 1782 Petitions being filed in the District of South Carolina and the Northern District of Georgia to obtain discovery from the Discovery Targets.

## FACTUAL BACKGROUND

### Description of the Foreign Proceedings

22.     Since August 2002, Banco do Brasil and various members of the Zimpel family, backed by their respective Guarantors, entered into various loan agreements. When the obligations under those loan agreements began to mature without payment, the entirety of the corresponding debts were accelerated pursuant to the provisions of the loan agreements and Brazilian law.

23.     Banco do Brasil proceeded to initiate the first of the Foreign Proceedings in July 2007, and continued filing the remaining twelve (12) Foreign Proceedings through December 2012.

24.     TSCF subsequently purchased the debt from Fundo de Investimentos em Direitos

Creditórios Alternative Assets I, which had purchased the original debt from Banco do Brasil, and was later substituted as plaintiff in the Foreign Proceedings.

25.    As of the date of this Declaration, the different Foreign Proceedings are still pending in Brazil and in various stages of enforcement, some still in the summons process and some pending appeals. Nevertheless, nothing in the posture of these Foreign Proceedings shall preclude TSCF's ability or ongoing duty to search for assets located in or outside Brazil. CPC, Article 919.

*Summary of Foreign Proceedings*

26.    We provide in the chart below a summary of all thirteen (13) Foreign Proceedings, including amounts owed, current procedural posture, and named defendants:

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| **Case 1** | **Case Number:** No. 0005403-78.2007.8.11.0015 **Court:** 4th Civil Court of the City of Sinop | - Elton Renato Hollenbach Zimpel; and - Arnaldo Engerlhard Zimpel. | Jul. 07, 2007 | BRL 630,772.84 (approximately U.S. $129,257) (adjusted debt calculated as of June 2023) | Pending decision on the latest motion filed by TSCF. |
| **Case 2** | **Case Number:** No. 0007770-70.2010.8.11.0015 **Court:** 1st Civil Court of the City of Sinop | - Elton Renato Hollenbach Zimpel; - Sergio Rudimar Zimpel; - Maristela de Fatima Zimpel; - Ivonete Ferreira Franca Zimpel; - Carlos Roberto Zimpel; | Sep. 13, 2010 | BRL 14,697,969.51 (approximately U.S. $3.01 million) (adjusted debt calculated as of June 2023) | Pending decision on the motion for clarification. Also pending foreclosure of properties offered as contractual guarantees; pending searches through the Brazilian national judicial |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | | - Veronica Terezinha Zimpel;<br>- Airton Francisco Zimpel;<br>- Indira Santos de Araujo Zimpel;<br>- Milton Henrique Zimpel; and<br>- Edileiza Silva Lima.<br><br>*Note: these specific defendants together are hereinafter referred to as the "Zimpel Family Debtors."* | | | database system ("INFOJUD") and the Brazilian national financial system customer registry ("CCS-BACEN") to locate and identify other assets to satisfy the debt. |
| Case 3 | **Case Number:** No. 0009588-57.2010.8.11.0015<br>**Court:** 1st Civil Court of the City of Sinop | - Carlos Roberto Zimpel;<br>- Sergio Rudimar Zimpel;<br>- Airton Francisco Zimpel;<br>- Elton Renato Hollenbach Zimpel; and<br>- Milton Henrique Zimpel. | Oct. 07, 2010 | BRL 44,452,327.62 (approximately U.S. $9.1 million) (adjusted debt calculated as of June 2023) | Pending decision on the motion for clarification.<br><br>Also pending summons to defendants; pending request for foreclosure of properties offered as contractual guarantees. |
| Case 4 | **Case Number:** No. 0010185-26.2010.8.11.0015<br>**Court:** 2nd Civil Court of | - Zimpel Family Debtors | Oct. 26, 2010 | BRL 4,723,822.24 (approximately U.S. $968,000) (adjusted debt | Pending decision on the latest motion filed by TSCF. |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | the City of Sinop | | | calculated as of June 2023) | Also pending foreclosure of properties offered as contractual guarantees; pending searches through the Brazilian national judicial database system ("INFOJUD") and the Brazilian national financial system customer registry ("CCS-BACEN") to locate and identify other assets to satisfy the debt. |
| Case 5 | **Case Number:** No. 0010189-63.2010.8.11.0015 **Court:** 3rd Civil Court of the City of Sinop | - Zimpel Family Debtors | Oct. 26, 2010 | BRL 8,089,349.36 (approximately U.S. $1.65 million) (adjusted debt calculated as of June 2023) | Pending decision on the latest motion filed by TSCF. |
| Case 6 | **Case Number:** No. 0010621-82.2010.8.11.0015 **Court:** 3rd Civil Court of the City of Sinop | - Zimpel Family Debtors | Nov. 9, 2010 | BRL 3,119,509.53 (approximately U.S. $639,200) (adjusted debt calculated as of June 2023) | No assets located; pending request for foreclosure of other identified assets. |
| Case 7 | **Case Number:** No. 0010626-07.2010.8.11.0015 | - Zimpel Family Debtors; - Marcio | Nov. 9, 2010 | BRL 54,456,624.40 (approximately | Pending searches |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | **Court:** 2ndCivil Court of the City of Sinop | Rodrigo Zimpel; - Mauricio Alexandre Zimpel; - Anderson Rafael Zimpel; - Marcelo Alex Zimpel; and - Arnaldo Engerlhard Zimpel. | | U.S. $11.1 million) (adjusted debt calculated as ofJune 2023) | through the Brazilian national judicial database system ("INFOJUD") and the Brazilian national financial system customer registry ("CCS-BACEN") to locate and identify other assets to satisfy the debt. |
| Case 8 | **Case Number:** No. 0010961-26.2010.8.11.0015 **Court:** 2nd Civil Court of the City of Sinop | - Carlos Roberto Zimpel; - Sergio Rudimar Zimpel; - Airton Francisco Zimpel; - Elton Renato Hollenbach Zimpel; and Milton Henrique Zimpel. | Nov. 18, 2010 | BRL 21,121,567.69 (approximately U.S. $4.3 million) (adjusted debt calculated as of June 2023) | Pending request for foreclosure of properties offered as contractual guarantees. |
| Case 9 | **Case Number:** No. 0001101-64.2011.8.11.0015 **Court:** 3rd Civil Court of the City of Sinop | - Zimpel Family Debtors; - Arnaldo Engerlhard Zimpel; - Roseane Marlize Zimpel; - Eloisa Maria Zimpel; - Edemo Luiz Zimpel; and | Feb. 07, 2011 | BRL 785,266.73 (approximately U.S. $160,915 ) (adjusted debt calculated as of June 2023) | Pending decision on the latest motion  filed by TSCF. |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | | Sonia Eloir Zimpel Pazdzoira. | | | |
| Case 10 | **Case Number:** No. 0001138-91.2011.8.11.0015 **Court:** 3rd Civil Court of the City of Sinop | - Zimpel Family Debtors | Feb. 08, 2011 | BRL 1,486,539.55 (approximately U.S. $304,600) (adjusted debt calculated as of June 2023) | Pending decision on the latest motion filed by TSCF.<br><br>Also pending foreclosure of properties offered as contractual guarantees; pending searches through the Brazilian national judicial database system ("INFOJUD") and the Brazilian national financial system customer registry ("CCS-BACEN") to locate and identify other assets to satisfy the debt. |
| Case 11 | **Case Number:** No. 0004111-19.2011.8.11.0015 **Court:** 3rd Civil Court of the City of Sinop | - Zimpel Family Debtors; - Marcio Rodrigo Zimpel; - Mauricio Alexandre Zimpel; - Anderson Rafael | May 05, 2011 | BRL 30,983,650.84 (approximately U.S. $6.35 million) (adjusted debt calculated as of June 2023) | Pending decision on Debtors' Motion for Stay of Enforcement; pending judicial determination of amount of the adjusted debt. |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | | Zimpel; <br> - Marcelo Alex Zimpel; <br> - Arnaldo Engerlhard Zimpel; <br> - Eloisa Maria Zimpel; <br> - Sonia Eloir Zimpel Pazdzoira; <br> - Mato Grosso Armazéns; and <br> - Zimpel Armazéns. | | | |
| Case 12 | **Case Number:** No. 0004121-63.2011.8.11.0015 <br> **Court:** 1st Civil Court of the City of Sinop | - Zimpel Family Debtors; <br> - Marcio Rodrigo Zimpel; <br> - Mauricio Alexandre Zimpel; <br> - Anderson Rafael Zimpel; <br> - Marcelo Alex Zimpel; <br> - Eloisa Maria Zimpel; <br> - Mato Grosso Armazéns; <br> - Zimpel Armazéns; <br> - Alberi Funke dos Reis; <br> - Andreia Kristina Dickel dos Reis; and <br> - Osney Correa Gonçalves. | May 05, 2011 | BRL 37,194,818.96 (approximately U.S. $7.62 million) (adjusted debt calculated as of June 2023) | Pending foreclosure of properties offered as contractual guarantees; pending searches through the Brazilian national judicial database system ("INFOJUD") and the Brazilian national financial system customer registry ("CCS-BACEN") to locate and identify other assets to satisfy the debt. |

| No. | Case Information | Defendants | Filing Date | Amounts Owed | Current Posture |
|---|---|---|---|---|---|
| | | | | | |
| Case 13 | **Case Number:** No. 0015058-98.2012.8.11.0015 **Court:** 4th Civil Court of the City of Sinop | - Airton Francisco Zimpel; - Carlos Roberto Zimpel; - Sergio Rudimar Zimpel; - Milton Henrique Zimpel; - Elton Renato Hollenbach Zimpel; - Arnaldo Engerlhard Zimpel; - Roseane Marlize Zimpel Pazdzoira; - Eloisa Maria Zimpel; and - Edemo Luiz Zimpel. | Dec. 12, 2012 | BRL 555,717.49 (approximately U.S. $113,880) (adjusted debt calculated as of June 2023) | Pending decision on the latest motion filed by TSCF. |

***TSCF's Investigation Into Foreign Defendants' Assets***
***Reveals Assets Owned by US Holding Companies***

27.     Under Brazilian law, TSCF has a duty to investigate the Foreign Defendants' assets worldwide and has engaged third-party investigative services for that purpose.

28.     TSCF's investigation revealed that the Zimpels likely have significant assets in the form of real estate properties and businesses in Georgia and South Carolina.

29.     These assets and funds are indirectly controlled by the Zimpels through the Discovery Targets, which include Zimpel Granite and Zimpel Properties. A true and correct copy

of Zimpel Granite's incorporation document is attached hereto as **Exhibit 1**.  A true and correct

copy of Zimpel Properties' incorporation document is attached hereto as **Exhibit 2**.

### *Description and Relevance of the Discovery Sought*

30.     Upon information and belief, the Discovery Targets are each in possession of

relevant information that will be helpful to ascertaining the location of the Zimpels' assets and

funds in the United States, including identifying bank account(s) from which any funds were

received or transferred in connection with the purchase or sale of any assets.

31.     Parallel Section 1782 Petitions are being filed in the District of South Carolina

(targeting Charleston-based Zimpel Properties) and the Northern District of Georgia (targeting

Zimpel Granite, based in Cobb County).

32.     Proposed subpoenas outlining the specific document requests and areas of

examination for the depositions of the corporate representatives of each of the Discovery Targets

are included as exhibits to TSCF's Section 1782 Petitions.

33.     The discovery sought by TSCF is relevant to the Foreign Proceedings in light of

TSCF's duty under Brazilian law to locate the Foreign Defendants' assets in Brazil and globally

and to have them appraised for future attachment or garnishment. CPC, Articles 798 and 799.

34.     Such information is key for uncovering potential fraudulent transfers or other

efforts undertaken by the Foreign Defendants to avoid paying the significant debts owed to TSCF

by hiding assets outside of the jurisdiction of the Brazilian Courts.

35.     Neither Mr. Zimpel nor Mrs. Zimpel have disclosed these assets and funds to the

Brazilian Courts, and it is unknown where the funds are currently being held.

*Facts Relevant to the Elements of 28 U.S.C. § 1782*

36.     TSCF seeks assistance, pursuant to 28 U.S.C. § 1782, to obtain relevant and probative documentary and testimony evidence from the Discovery Targets for use in the Foreign Proceedings in Brazil.  TSCF's request meets all necessary and discretionary elements for the relief sought.

37.     First, the Discovery Targets transact business and have their principal offices in their respective districts. Zimpel Properties is located in the District of South Carolina, while Zimpel Granite is located in the Northern District of Georgia.

38.     Next, none of these Discovery Targets is a party to the Foreign Proceedings, nor are they expected to become parties to the Foreign Proceedings by TSCF.

39.     Moreover, it is not otherwise possible to compel the Discovery Targets to provide the discovery sought as they are both located outside of the jurisdiction of the Brazilian Courts presiding over the Foreign Proceedings

40.     Most importantly, the discovery sought through TSCF's 1782 Petitions will be admissible in the Foreign Proceedings to be used as evidence by the Brazilian Courts as Section 1782 petitions do not circumvent any proof-gathering restriction under Brazilian law or any specific orders issued in the Foreign Proceedings.

41.     Given TSCF's ongoing duty to search for and identify Foreign Defendants' assets and bring them before the Brazilian Courts for attachment or garnishment, the Brazilian Courts will be receptive of the judicial assistance and evidence sought through TSCF's 1782 Petitions.

42.     The document requests and topics of examination for deposition are narrowly tailored to gather key information relating to the assets owned by the Zimpels. This information is, or should be, readily available to the Discovery Targets.

43.     No previous application for this specific relief has been made in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on this 17th of July, in the city of São Paulo, Brazil.**

By: _____

    Fábio Alem

# EXHIBIT 1

Control No.: 14002037

# STATE OF GEORGIA

**Secretary of State**
Corporations Division
313 West Tower
#2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

# CERTIFICATE OF INCORPORATION

I, **Brian P. Kemp,** The Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**ZIMPEL GRANITE & MARBLE INC**
a Domestic For-Profit Corporation

is hereby issued a CERTIFICATE OF INCORPORATION under the laws of the State of Georgia on **January 07, 2014** by the filing of all documents in the Office of the Secretary of State and by the paying of all fees as provided by Title 14 of the Official Code of Georgia Annotated.

**WITNESS** my hand and official seal in the City of Atlanta and the State of Georgia on January 08, 2014



Brian P. Kemp
Secretary of State

Tracking #: Mkq9Dl6m

Secretary of State
Control No.: 14002037
Date Filed:1/8/2014 11:56:10 AM

# Articles of Incorporation

**The Name of the Corporation:**
ZIMPEL GRANITE & MARBLE INC

**The Principal Place of Business:**
1518 MCADOO DR
MARIETTA, Georgia 30064

**Registered Agent's Name and Address:**
AIRTON FRANCISCO ZIMPEL
1518 MCADOO DR
MARIETTA, Georgia 30064, Cobb County

**Effective Date:** January 07, 2014

**Optional Provisions:**

**Shares:**
10000

**Incorporators:**

AIRTON FRANCISCO ZIMPEL

1518 MCADOO DR
MARIETTA, Georgia 30064

RAFAEL FRANCISCO ZIMPEL

1518 MCADOO DR
MARIETTA, Georgia 30064

**A person who signs a document submits an electronic filing he or she knows is false in any material respect with the intent that the document be delivered to the Secretary of State for filing shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished to the highest degree permissible by law. [O.C.G.A. § 14-2-129.]**

**IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation on the date set forth below:**
**Signed by: AIRTON FRANCISCO ZIMPEL**
**Incorporator**

**Date:** January 8, 2014

# EXHIBIT 2

**South Carolina Secretary of State**

# Business Entities Online

File, Search, and Retrieve Documents Electronically

---

# Zimpel Properties, LLC

## Corporate Information

| | |
|---|---|
| **Entity Id:** | 00930606 |
| **Entity Type:** | Limited Liability Company |
| **Status:** | Good Standing |
| **Domestic/Foreign:** | Domestic |
| **Incorporated State:** | South Carolina |

## Important Dates

| | |
|---|---|
| **Effective Date:** | 09/12/2018 |
| **Expiration Date:** | N/A |
| **Term End Date:** | N/A |
| **Dissolved Date:** | N/A |

## Registered Agent

| | |
|---|---|
| **Agent:** | Airton Zimpel |
| **Address:** | 223 Eagle Ridge Road |
| | Summerville, South Carolina   29485 |

**Official Documents On File**

| Filing Type | Filing Date |
|---|---|
| Articles of Organization | 09/12/2018 |

---

For filing questions please contact us at **803-734-2158**                    Copyright © 2023 State of South Carolina

# The State of South Carolina



## Office of Secretary of State Mark Hammond

## Certificate of Existence

**I, Mark Hammond, Secretary of State of South Carolina Hereby Certify that:**

Zimpel Properties, LLC, a limited liability company duly organized under the laws of the State of South Carolina on September 12th, 2018, with a duration that is at will, has as of this date filed all reports due this office, paid all fees, taxes and penalties owed to the State, that the Secretary of State has not mailed notice to the company that it is subject to being dissolved by administrative action pursuant to S.C. Code Ann. §33-44-809, and that the company has not filed articles of termination as of the date hereof.

Given under my Hand and the Great Seal of the State of South Carolina this 18th day of July, 2023.

*Mark Hammond*

Mark Hammond, Secretary of State

CERTIFIED TO BE A TRUE AND CORRECT COPY
AS TAKEN FROM AND COMPARED WITH THE
ORIGINAL ON FILE IN THIS OFFICE

Filing ID: 180912-2047353

Filing Date: 09/12/2018

Jul 18 2023

REFERENCE ID: 1355363

*Mark Hammond*
SECRETARY OF STATE OF SOUTH CAROLINA

**STATE OF SOUTH CAROLINA**
**SECRETARY OF STATE**

**ARTICLES OF ORGANIZATION**
**Limited Liability Company – Domestic**

The undersigned delivers the following articles of organization to form a South Carolina limited liability company pursuant to S.C. Code of Laws Section 33-44-202 and Section 33-44-203.

1. The name of the limited liability company **(Company ending must be included in name*)**

   Zimpel Properties, LLC

   ***Note:  The name of the limited liability company must contain <u>one</u> of the following endings: "limited liability company" or "limited company" or the abbreviation "L.L.C.", "LLC", "L.C.", "LC", or "Ltd. Co."**

2. The address of the initial designated office of the limited liability company in South Carolina is
   125 Crosscreek Drive, Suite 106

   (Street Address)

   Summerville, South Carolina 29485

   (City, State, Zip Code)

3. The initial agent for service of process is
   Airton Zimpel

   (Name)

   (Signature of Agent)

   And the street address in South Carolina for this initial agent for service of process is:
   223 Eagle Ridge Road

   (Street Address)

   Summerville                                          South Carolina   29485

   (City)                                                                     (Zip Code)

4. List the name and address of each organizer.  Only <u>one</u> organizer is required, but you may have more than one.

(a)
   Scott McNeish

   (Name)
   125 Crosscreek Drive, Suite 106

   (Street Address)

   Summerville, South Carolina 29485

   (City, State, Zip Code)

SC Secretary of State
Mark Hammond

CERTIFIED TO BE A TRUE AND CORRECT COPY

AS TAKEN FROM AND COMPARED WITH THE

ORIGINAL ON FILE IN THIS OFFICE

Jul 18 2023

REFERENCE ID: 1355363

*Mark Hammond*

SECRETARY OF STATE OF SOUTH CAROLINA

Zimpel Properties, LLC

Name of Limited Liability Company

(b)

_____

(Name)

_____

(Street Address)

_____

(City, State, Zip Code)

5. ☐ Check this box only if the company is to be a term company.  If the company is a term company, provide the term specified. _____

6. ☐ Check this box only if management of the limited liability company is vested in a manager or managers.  If this company is to be managed by managers, include the name and address of each initial manager.

(a)

_____

(Name)

_____

(Street Address)

_____

(City, State, Zip Code)

(b)

_____

(Name)

_____

(Street Address)

_____

(City, State, Zip Code)

7. ☐ Check this box only if one or more of the members of the company are to be liable for its debts and obligations under Section 33-44-303(c).  If one or more members are so liable, specify which members, and for which debts, obligations or liabilities such members are liable in their capacity as members.  This provision is optional and does not have to be completed.

[   ]

8. Unless a delayed effective date is specified, these articles will be effective when endorsed for filing by the Secretary of State.  Specify any delayed effective date and time _____.

Form Revised by South Carolina Secretary of State, August 2016

CERTIFIED TO BE A TRUE AND CORRECT COPY

AS TAKEN FROM AND COMPARED WITH THE

ORIGINAL ON FILE IN THIS OFFICE

Jul 18 2023

REFERENCE ID: 1355363

*Mark Hammond*
SECRETARY OF STATE OF SOUTH CAROLINA

Zimpel Properties, LLC

Name of Limited Liability Company

9. Any other provisions not consistent with law which the organizers determine to include, including any provisions that are required or are permitted to be set forth in the limited liability company operating agreement may be included on a separate attachment.  Please make reference to this section if you include a separate attachment.

10. Each organizer listed under number 4 <u>must</u> sign.

Scott McNeish
_____
Signature of Organizer

Date: 09/12/2018 _____

_____
Signature of Organizer

Date: _____

Form Revised by South Carolina Secretary of State, August 2016

CERTIFIED TO BE A TRUE AND CORRECT COPY
AS TAKEN FROM AND COMPARED WITH THE
ORIGINAL ON FILE IN THIS OFFICE

Jul 18 2023
REFERENCE ID: 1355363

*Mark Hammond*
SECRETARY OF STATE OF SOUTH CAROLINA

## ADDENDUM TO ZIMPEL PROPERTIES, LLC

## ARTICLES OF ORGANIZATION

Section 9. on page 2 of the Articles of Organization for Zimpel Properties, LLC shall include the following restrictions:

A. Members of Zimpel Properties, LLC do not have the authority sign and deliver any instrument transferring or affecting the company's interest in real property unless granted to them under the Zimpel Properties, LLC Operating Agreement. This addendum is in place to amend the powers provided members under S.C. Code Ann. Section 33-44-301(c).