# EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Travessia Securitizadora de Créditos Financeiros X S.A. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Zimpel Granite & Marble Inc.
5595 Karingway Ct, Kennesaw, GA 30152

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:   See Attached Schedule B

| Place: | Date and Time: |
|---|---|
| TBD | TBD |

The deposition will be recorded by this method:  TBD

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Attached Schedule B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*                                                    OR      /s/ Gesuè A. Staltari

_____                                _____
*Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Travessia Securitizadora de Créditos Financeiros X S.A. , who issues or requests this subpoena, are:

Gesuè A. Staltari, Esq., Edward M. Mullins, Esq., Hillary M. Sharp Dimitri, Esq.; Reed Smith LLP, 200 S Biscayne Blvd, Suite 2600, Miami FL, 33131; 786-747-0200; gstaltari@reedsmith.com, emullins@reedsmith.com, hsharpdimitri@reedsmith.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

<206>

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

a. "You" and "Your" shall mean Zimpel Granite & Marble Inc., as well as any of its agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with it, or purporting to act on its behalf with respect to the matter in question.

b. "Foreign Defendants" shall mean Novo Mato Grosso Armazéns Gerais Ltda., Zimpel Armazéns Gerais Ltda., Airton Francisco Zimpel, Indira Santos de Araujo Zimpel, Carlos Roberto Zimpel, Verônica Terezinha Zimpel, Elton Renato Hollenbach Zimpel, Ivonete Ferreira França Zimpel, Arnaldo Engerlhard Zimpel, Ruth Edith Hollenbach Zimpel, Milton Henrique Zimpel, Edileiza Silva Lima Zimpel, Sérgio Rudimar Zimpel, Maristela de Fátima Zimpel, Anderson Rafael Zimpel, Marcio Rodrigo Zimpel, Marcelo Alex Zimpel, Eloisa Maria Zimpel, Edemo Luiz Zimpel, Sonia Eloir Zimpel Pazdzoira, Roseane Marlize Zimpel Pazdzoira, Mauricio Alexander Zimpel, Alberi Funke dos Reis, Andreia Kristina Dickel dos Reis, and Osney Correa Gonçalves as well as any of their agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with them, or purporting to act on their behalf with respect to the matter in question.

c. "Zimpel Properties" shall mean Zimpel Properties, LLC (a South Carolina limited liability company), as well as any of its agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with it, or purporting to act on its behalf with respect to the matter in question.

d. "Zimpel Investments" shall mean Zimpel Investments Group, LLC (a South Carolina limited liability company), as well as any of its agents, attorneys, accountants,

consultants, representatives, assignees, and any other individual or entity associated or affiliated with it, or purporting to act on its behalf with respect to the matter in question.

  e.  The "Zimpels" shall mean Airton Francisco Zimpel and Indira Santos de Araujo Zimpel, as well as any of their agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with them, or purporting to act on their behalf with respect to the matter in question.

  f.  "Mr. Zimpel" shall mean Airton Francisco Zimpel, as well as any of his agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with him, or purporting to act on his behalf with respect to the matter in question.

  g.  "Mrs. Zimpel" shall mean Indira Santos de Araujo Zimpel, as well as any of his agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with him, or purporting to act on his behalf with respect to the matter in question.

  h.  "Document" or "documents" shall mean and include, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, contracts, agreements, mortgages, deeds, leases, financing applications, loan applications, letters of intent, asset purchase agreements, management contracts, operating agreements, writings, written communications, visual, graphic or pictorial displays of any description whatsoever, including, but not limited to, each writing or printing, graph, chart, financial report, tape recording, data computation, ledger sheet, journal entry, invoice,

shipping document, bill of lading, purchase order, receipt, return, telephone bill, telephone message slip, schedule, affidavit, memorandum or note of intra office and interoffice telephone calls, letter, letter telegram, blueprint, photograph, video tape, check, canceled check, transcript, statistics, bank statement, financial statement, letter of credit, standby letter of credit, irrevocable and/or revocable standby letter of credit, performance bond, insurance contract and related and/or appended schedule, promissory note, audit report, writing relating to credit and/or loan committee(s) activities, tested telex, untested telex, wire communication, telegrams, teletype, telefax, email, bulletin, correspondence, notes, word diary, chronological data, minutes, work sheet, book, travel log, survey, magazine or newspaper article, press release (and any and all drafts, alterations or modifications, changes, amendments of any of the foregoing), office memorandum, graphic or oral record or representation of any kind (including, without limitation, graphs, microfiche, microfilm, videotapes, recordings, motion pictures, electronic, mechanical, electrical, or chemical recordings or representations of any kind), photograph, prospectus, testing or analysis report or other source of recorded information, including tapes, cassettes, disks, recordings, computer data from which information can be obtained or translated into useable form including manuals, guides and other written information necessary to translate computer routine documents into useable form.

   i. "Communication" or "communications" shall mean any exchange or transmission of information, whether oral, written, via electronic mail, text message, direct message, social media, including WhatsApp, or by other means, and includes, but is not limited to, written, oral, telephonic, via electronic mail, representation, discussion, meeting, letter, correspondence, memorandum, newsletter, telegram, advertisement, speech, screen capture, recorded conversation,

conference, note, e-mail or computer-generated message and any other document or file which refers to any such communication.

j.	"Relating to," "related to," "relates to" or "relate to" shall mean: in any way directly or indirectly, containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring in any way, directly or indirectly, to and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the discovery requested herein.

k.	"Including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

l.	The terms "and" and "or" shall be construed conjunctively and disjunctively to require the broadest possible inclusion.

m.	"All" shall be construed to include the word "any," and the word "any" shall be construed to include the word "all."

n.	"Entity" means any legal entity, including, without limitation any corporation, company, limited liability company, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

o.	"Individual" means any natural person or any business, legal, or governmental entity (as defined in "i.") or association.

p.	Unless otherwise stated in a request, the period for documents responsive to these requests is January 1, 2019 to the present.

## Instructions

The following instructions apply:

a.  Each Request shall be answered pursuant to the Federal Rules of Civil Procedure, specifically Federal Rule of Civil Procedure 45.

b.  In responding to each Request, You shall state which documents and things You will produce for inspection and copying. If You object to a particular request, You shall state the precise grounds upon which the objection rests.

c.  If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such document or things, and the person who has possession, custody or control of the documents or things.

d.  If no documents or things are responsive to a particular Request, You shall state in Your response that no responsive documents or things exist.

e.  If You withhold any documents, things, or information based upon a claim of privilege or any other claim of immunity from discovery, then You shall produce a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 45(e)(2), including the following information:

   i.   the document request(s) that the purportedly privileged document is responsive to;
   ii.  the author(s) of the document;
   iii. the address(es) of the author(s);
   iv.  the current custodian of the document;
   v.   the date of the document;
   vi.  the subject matter and title of the document;
   vii. the number of pages in the document;

  viii. the distribution fields, including To/From/CC/BCC and the members of any group list serves;

  ix. the name of the file or folder in which the document is or was located; and

  x. the specific grounds on which the privilege has been asserted and, if the privilege is governed by state law, the state's privilege rule being invoked.

 f. If You contend that a portion of a document contains information that is immune from discovery, then You shall produce the document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph "g" immediately above.

 g. All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained, in the file where found.

## Document Requests

1. All documents and communications relating to the assets You own.

2. All documents and communications relating to the assets You have owned in the past seven (7) years

3. All documents and communications relating to all Your sources of income.

4. All documents and communications relating to all Your sources of funding.

5. Your documents relating to all real properties You own, including documents relating to the purchase and sale (if property no longer in your possession) of the property, as well as bank records and the specific bank accounts to or from such proceeds were transferred.

6. Your documents relating to all real properties You have owned in the past seven (7) years, including documents relating to the purchase and sale (if property no longer in your possession) of the property, as well as bank and the specific bank accounts to or from such proceeds were transferred.

7. Your entire file related to all non-real property assets You own, including documents relating to the purchase and sale (if the asset no longer in your possession) of the assets, as well as bank records and the specific bank accounts to or from such proceeds were transferred.

8. Your entire file related to all non-real property assets You have owned in the past seven (7) years, including documents relating to the purchase and sale (if the asset no longer in your possession) of the assets, as well as bank records and the specific bank accounts to or from such proceeds were transferred.

9. All documents and communications relating to the purchase of real properties or other assets in the state of State of South Carolina exchanged between You and any of the Foreign Defendants, Mr. Zimpel, Mrs. Zimpel, the Zimpels, Zimpel Properties, and/or Zimpel Investments.

10. All documents and communications relating to the purchase of real properties or other assets in the United States exchanged between You and any of the Foreign Defendants, Mr. Zimpel, Mrs. Zimpel, the Zimpels, Zimpel Properties, and/or Zimpel Investments.

11. All documents and communications relating to the transfers of money or other things of value exchanged between You and any of the Foreign Defendants, Mr. Zimpel, Mrs. Zimpel, the Zimpels, Zimpel Properties, and/or Zimpel Investments.

12. All documents and communications, including, without limitation, documents or communications relating to transfers of money or other things of value, with respect to the

- 8 -

following entities or individuals: any of the Foreign Defendants, Mr. Zimpel, Mrs. Zimpel, the Zimpels, Zimpel Properties, and/or Zimpel Investments.

13. All documents and communications, without limitation, relating to transfers of money or other things of value to You originating from Brazil.

**SCHEDULE B**

**Deposition Areas of Examination**

1. Any of the documents produced in response to the requests listed in Schedule A to this Subpoena.

2. The location of documents related to these deposition topics and/or the document requests listed in Schedule A, and the identification of other individuals with knowledge.

3. The members and managers of your company.

4. Your sources of income and nature of business.

5. Your sources of funding.

6. All assets and properties You own.

7. All assets and properties You have owned in the past seven (7) years.

8. The purchase and sale of any property and/or asset You own.

9. The purchase and sale of any assets and/or properties You have owned in the past seven (7) years.

10. The extent of your relationship with any of the Foreign Defendants, Mr. Zimpel, Mrs. Zimpel, the Zimpels, Zimpel Properties, and/or Zimpel Investments, including any communications, transactions, payments, money transfers, dealings, agreements, and/or meetings with them.

11. The purchase and sale of any property and/or asset You own or have owned not expressly mentioned herein.