## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RONALD WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: 2023CV00526 |
| v. | ) | |
| | ) | |
| SANCHEZ ARREDONDO and | ) | |
| COBRA CARRIER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

**COMES NOW,** Plaintiff RONALD WRIGHT, in the above-styled civil action, and serves this, his responses to, Defendants' First Interrogatories to Plaintiff under O.C.G.A. §§ 9-11-33, 9-11-34.

### GENERAL OBJECTIONS

Plaintiff's investigation and discovery in this matter are continuing, and Plaintiff reserves the right to supplement, modify, or amend these responses, if necessary, to conform to facts and evidence. All rights of the Plaintiff are expressly reserved and nothing in the responses that follow is intended as or serves as a waiver of any and all rights of the Plaintiff consistent with the Georgia Civil Practice Act.

Plaintiff objects to Defendants' Interrogatories and accompanying instructions and definitions to the extent that they seek to impose any obligation on the Plaintiff, for supplementation or otherwise, beyond that required by the Georgia Civil Practice Act.

Plaintiff objects to Defendants' Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege or the work product doctrine, or to the extent that they are overly broad or unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff responds to each interrogatory as follows:

INTERROGATORY NO. 1

Please state your full name, marital status (and spouse's full name), your social security number, date of birth, cell phone number and present street address.

**RESPONSE:**

**Plaintiff objects to this interrogatory as it calls for Plaintiff's social security number which is irrelevant to any issue herein, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving the same, Plaintiff responds as follows:**

**Name: Ronald Wright**

**Martial Status: Married**

**Spouse's Name: Angelene Wright**

**Due to privacy concerns, Plaintiff will only provide the last four digits of his social security number (XXX-XX-5714).**

**Date of Birth: 11/21/1950**

**Cell Phone Number: (678) 200-0743**

**Street Address: 6029 Dan Drive Ellenwood, Georgia 30294**

INTERROGATORY NO. 2

Please state the names, addresses, and telephone numbers of any relatives that you have who live in Clayton County, Georgia.

**RESPONSE:**

**Plaintiff states that his sister, Wilma Mahone lives in Forest Park, Georgia (Clayton County) but he is unable to recall her address. Plaintiff states that Ms. Mahone's telephone number is (404) 205-5359.**

INTERROGATORY NO. 3

What are the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine. Without waiving this objection and subject thereto, Plaintiff states that he is unaware of any eyewitness to the incident, with the exception of any individuals identified in the police report/incident report.**

INTERROGATORY NO. 4

What are the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine. Without waiving this objection and subject thereto, Plaintiff states that he is unaware of any eyewitness to the incident, with the exception of any individuals identified in the police report/incident report.**

INTERROGATORY NO. 5

What are the names, addresses, home telephone numbers, places of employment, and present whereabouts of all persons known to you who have knowledge of relevant information, facts, or circumstances in this case?

**RESPONSE:**

**Plaintiff refers Defendants to the healthcare practitioners listed in his medical records provided in response to Defendants' Request for Production of Documents. Subject to said and without waiving the same: Dong Wang, M.D., 1266 West Paces Ferry Road, Suite 332 Atlanta, GA 30327; Michael Baens, PTA, 2838 E. Atlanta Road, Ste. 2 Ellenwood, GA 30294; Jay Sung Park, D.O., 2200 Century Parkway NE, Ste. 600 Atlanta, GA 30345; Dr. LaTai Brown, 4294 Memorial Drive, Ste. D1 Decatur, GA 30032.**

INTERROGATORY NO. 6

With respect to each physician or other practitioner of the healing arts, if any, whom you have seen or been treated by in reference to the injuries you claim you sustained in your complaint, please state as to each:

    (a)  The name and address of said physician;
    (b)  On what date or dates you were seen by said physician;
    (c)  The name of the treatment you received; and
    (d)  The charge made for such treatment.

**RESPONSE:**

**Plaintiff refers Defendants to the healthcare practitioners listed in his medical records provided in response to Defendants' Request for Production of Documents. Subject to the foregoing statement and without waiving the same, Plaintiff states:**

**(a) Dong Wang, M.D., 1266 West Paces Ferry Road, Suite 332 Atlanta, GA 30327; Michael Baens, PTA, 2838 E. Atlanta Road, Ste. 2 Ellenwood, GA 30294; Jay Sung Park, D.O., 2200 Century Parkway NE, Ste. 600 Atlanta, GA 30345; Dr. LaTai Brown, 4294 Memorial Drive, Ste. D1 Decatur, GA 30032**

**(b) 3/3/2023, 3/17/2023, 4/14/2023 4/21/2023; 3/9/2023, 3/13/2023, 3/15/2023, 3/20/2023, 3/22/2023, 3/27/2023, 4/3/2023, 4/10/2023, 4/17/2023, 5/2/2023; 2/14/2023; 3/24/2023**

**(c) Trigger Point Injection of the Right Cervical Paraspinal muscles, Trapezius muscle and medial scapular muscles; Physical Therapy; MRI of the Lumbar and Cervical Spine; Neurological Testing.**

**(d) $3,998.00; $3,514.00; $4,595.00; $21,012.00.**

INTERROGATORY NO. 7

If you were hospitalized as a result of the injuries alleged in your complaint; please state in relation to such hospitalization:

(a) The name and location of said hospital;
(b) The date or dates of such hospitalization;
(c) The nature of the treatment rendered during the period of hospitalization;
(d) The itemized charges incurred as a result of said hospitalization; and
(e) If any hospital liens have been filed, please identify and state whether or not they have been satisfied.

**RESPONSE:**

**Plaintiff directs the Defendant to responses in Interrogatory number 6.**

INTERROGATORY NO. 8

On the date of the incident complained of in the complaint, please describe your occupational and/or employment status, including but not limited to, the nature of your

occupation(s), your earnings in such occupation(s), and the respective dates that you had such occupation(s) and such employer(s) with such duties and such earnings.

**RESPONSE:**

**Plaintiff states that he was not working at the time of the wreck. However, he was doing volunteer work coaching recreational basketball and soccer since around 2019 until he quit volunteering after the wreck.**

INTERROGATORY NO. 9

If there has been any change in your occupation(s), employer(s), duties or earnings from the time referred to in the preceding interrogatory to the time of answering these interrogatories; please describe with specificity each such change.

**RESPONSE:**

**Plaintiff refers Defendant to his response to Interrogatory number 8.**

INTERROGATORY NO.  10

If your alleged injuries have prevented you from working at any time since the date of the incident complained of:

(a) State the date or dates that you were unable to work because of your injuries;
(b) State what earnings, if any, you lost by reason of each such date of not working;
(c) State whether you have received any payment (workers' compensation, sick leave pay, disability insurance, income protection insurance, or other) on account of any such loss of time from work or loss of earnings; and
(d) If your answer to subparagraph (c) above is affirmative, please state the amount and source of each such payment and explain each such payment.

**RESPONSE:**

a)  **Plaintiff directs the defendant to Interrogatory number 9.**

b)  **Plaintiff directs the defendant to Interrogatory number 9.**

c)  **Plaintiff states that he has not received any payments or compensation.**

INTERROGATORY NO.  11

What period of time do you claim you were disabled as a result of the injuries you allege that you sustained on the date of the occurrence complained of in this action?

**RESPONSE:**

**Plaintiff states he is not disabled, just injured.**

INTERROGATORY NO.  12

What permanent disability, if any, do you claim as a result of the injuries you claim to have sustained on the date of the occurrence complained of in this action?

**RESPONSE:**

**Plaintiff states there is no permanent disability sustained on the date of the occurrence complained in this action.**

INTERROGATORY NO.  13

With respect to the last date of treatment you received by any physician or other practitioner of the healing arts as a result of the injuries alleged in your complaint, please state the date and name and address of said physician and the nature of such treatment.

**RESPONSE:**

**Plaintiff directs the defendant to Interrogatory number 6.**

INTERROGATORY NO.  14

If you have ever been in a prior or subsequent accident of any type where property damage or personal injury was sustained, please describe each such occurrence, including but not limited to, the type of accident, the date, the people involved and location thereof, and the type of damage or injury.

**RESPONSE:**

**Plaintiff states that he was involved in a car wreck around four or five years ago on Mount Zion Boulevard Morrow/Jonesboro, Georgia. Plaintiff is unable to recall the exact location. He suffered bodily injury (his neck and back) and property damage to his truck.**

INTERROGATORY NO.  15

If you have ever been arrested, state the date, place, and charges made in each such arrest and, if convicted, the date thereof and the court in which such charges were brought.

**RESPONSE:**

**Plaintiff states that he has never been arrested.**

INTERROGATORY NO. 16

Other than as fully shown in your answers to preceding interrogatories, if you ever underwent any surgery *before* the date of the incident complained of, please describe each such surgery with specificity, including but not limited to, the date, the place where the surgery was performed, the nature of the surgery, and the attending surgeon and other physicians.

**RESPONSE:**

**Plaintiff states that he never underwent any surgery before the date of the wreck which is the subject incident of these Interrogatories.**

INTERROGATORY NO.  17

Other than as fully shown in your answers to the preceding interrogatories, please state what medical, psychiatric, chiropractic, or therapeutic care or treatment you received *before* the date of the incident complained of and the date of each such care or treatment.

**RESPONSE:**

**Plaintiff states that he received a routine physical examination by Dr Curtis Champion, unsure of the date prior to the subject incident and he went to his Urologist, Dr. Benjamin Lee around January 2023.**

INTERROGATORY NO.  18

To your knowledge, information, or belief, if any of the hospitals or any of the physicians, surgeons, or chiropractors (*or other practitioners of any healing art*) made any report, statement, or bill concerning your examination or treatment, please describe each such report, statement, or bill with specificity, including but not limited to the date, the person making the report, etc., the form of the report, etc. (*whether oral or written*), the subject, the substance and contents of the report, etc., and the location of the report, etc., and the name of the person having custody, possession, or control.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that it asks for a specific medical diagnosis that Plaintiff is not qualified to give. Without waiving the foregoing objection, Plaintiff states the following and must refer Defendant to the medical records in response to Defendant's request for descriptions of each examination, as the medical provider is best qualified to describe the examinations they provided.**

INTERROGATORY NO.  19

Will you voluntarily produce each such report, etc., and permit its inspection and copying by this defendant?

**RESPONSE:**

**Any relevant medical report and record will be produced herewith. Plaintiff reserves the right to supplement this response.**

INTERROGATORY NO. 20

If you have suffered any injury to your body (other than the injuries that you claim to have suffered in this action), describe each such injury, giving the nature, extent, cause, and date thereof.

**RESPONSE:**

**Plaintiff directs Defendant to Interrogatory number 17.**

INTERROGATORY NO. 21

If you have made any claim for personal injury, uninsured motorist protection, property damage, hospitalization, medical expense, or disability (other than the claims made in this action), please describe each such claim giving the basis for each such claim, the date of each such claim, the amount so claimed, and the person, partnership, or corporation against whom each such claim was made.

**RESPONSE:**

**Plaintiff states that he made a personal injury claim after getting into an auto wreck about four or five years ago. Plaintiff is unable to recall against whom the claim was made.**

INTERROGATORY NO. 22

If you have been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

**RESPONSE:**

**Plaintiff refers Defendant to his response to Interrogatory number 21.**

INTERROGATORY NO.  23

Since the date of the incident complained of, if you have been given any physical examination (*whether in connection with employment or application for insurance or entrance to any school or the armed forces or otherwise*) which you have not referred to in your answers to these interrogatories, please describe each such examination with specificity, including but not limited to, the date, the place, the person making the examination, and the purpose of the examination.

**RESPONSE:**

**Plaintiff refers the Defendant to his response to Interrogatory number 6.**

INTERROGATORY NO.  24

To your knowledge, information, or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?

**RESPONSE:**

**Plaintiff directs the Defendant to the photographs and police report provided in response to Defendant's First Request for Production of Document to Plaintiff.**

INTERROGATORY NO.  25

If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic prints, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

**RESPONSE:**

 **Plaintiff directs the Defendant to the photographs and police report provided in response to Defendant's First Request for Production of Document to Plaintiff.**

INTERROGATORY NO.  26

 Will you voluntarily produce each such photograph or diagram and permit its inspection or copying by this defendant?

**RESPONSE:**

 **Plaintiff will produce the police report and photographs herewith.**

INTERROGATORY NO.  27

 To your knowledge, information, or belief, if there has been any judicial hearing (*whether the trial of traffic charges, a commitment hearing, inquest, previous trial, or otherwise*) concerning the incident complained of, please describe each such hearing with specificity, including but not limited to, the date, the place, the persons present, the nature of the hearing, the statement for testimony of each person making any statement or testifying, a description of any documentary evidence offered or received, the name and address of any person reporting and/or transcribing the hearing, the present location of such transcript or copies thereof, and the name of the person or persons having possession, custody or control of such transcript or copies thereof.

**RESPONSE:**

 **Plaintiff is not aware of any judicial hearings concerning the subject incident. Plaintiff reserves the right to supplement this response.**

INTERROGATORY NO.  28

Please itemize all special damages that you claim for medical expenses.  If you have any medical payments coverage, please identify what expenses have been paid by your own medical payments coverage carrier.  If none have been paid, please state why not.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it calls for mental impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery.**

**At this time, Plaintiff lists the following damages:**

| | |
|---|---|
| **Atlanta Spine Institute** | **TBD** |
| **United Neurology** | **$21,012.00** |
| **Benchmark Physical Therapy** | **$3,514.00** |
| **TBI Diagnostic Centers of Georgia, LLC** | **TBD** |
| **American Health Imaging** | **$4,595.00** |

**Plaintiff reserves the right to supplement this response.**


INTERROGATORY NO.  29

Pursuant to the provisions of O.C.G.A. §9-11-26 (b)(4)(A)(i), Plaintiff is requested to identify each person whom plaintiff expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent it requests the identity and opinions of any expert witness who is not expected to be called as a witness for trial. The identity of any expert who has been employed by Plaintiff to examine any aspect of the occurrence which is the subject of this suit, but who is not expected to be called at trial is not discoverable except upon a showing of exceptional circumstances. O.C.G.A. § 9-11-26(b)(4)(b).**

**Plaintiff places Defendant on notice that he may call on the Plaintiff's physicians and medical providers for expert opinions regarding his injuries, treatment and/or prognosis.  Plaintiff has not yet identified any additional expert witnesses expected to testify at trial. If one is so retained, the expert information will be provided by supplemental response.**

INTERROGATORY NO.  30

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

**RESPONSE:**

**Plaintiff refers Defendant to his response to Interrogatory number 30.**

INTERROGATORY NO.  31

Please identify all sources of compensation, indemnity, insurance (other than life insurance), wage loss replacement, income replacement, or disability benefits or payments available to you from any and all governmental or private sources which have been received by you or which have been paid or will be payable to you or on your behalf for the damages or injuries sustained in the incident which forms the subject of your complaint.  As to each such

source, state the amount of payment received by you or to be received by you, or which has been

paid on your behalf or which is payable on your behalf.

**RESPONSE:**

 **Plaintiff objects to this Interrogatory on the grounds that it requests information**

**barred by the collateral source rule which prevents a defendant from presenting any**

**evidence as to payments of expenses of a tortious injury paid for by a third party or taking**

**any credit toward the defendant's liability and damages for such payments.** *Hoeflick v.*

*Bradley*, **282 Ga. App. 123, 124 (2006). As such the requested information is irrelevant and**

**neither admissible at trial nor reasonably calculated to lead to the discovery of admissible**

**evidence. Without waiving said objection and subject thereto, Plaintiff states that he has**

**not received any sources of compensation for damages or injuries sustained in the wreck**

**referenced in the subject of Plaintiff's Complaint.**

INTERROGATORY NO. 32

 Please provide your email address, the account/username for each and every social media

account you had from the date of the incident to the present time, including but not limited to,

Facebook, Twitter, Instagram, Snapchat, YouTube, Google, LinkedIn, TikTok, etc.

**RESPONSE:**

 **Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not**

**reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's listing of**

**each and every single social media account that he has, whether for work or personal**

**matters, is not relevant nor reasonably calculated to lead to the discovery of admissible**

**evidence. Further, this request is vague as it does not define "used with any degree of**

**frequency". Defendant is unclear if Plaintiff's looking at a social network site (SNS) one**

time is considered use, if Defendant wants to know if Plaintiff has any accounts with any SNS, or if Defendant is asking only regarding personal or professional use of SNS.

INTERROGATORY NO. 33

Please produce your Facebook profile.  (In order to create the zip file that contains the profile, please sign on to your Facebook account and click on the "account" button at the top right side of your Facebook page.  Click on "account settings" on the toolbar that opens up.  On this newly opened screen, click on the "learn more" button by the "download your information" section.  Click on the download button.  Facebook will then compile the zip file and e-mail a notification to you with a link in the e-mail that will allow you to download the Facebook file. This process takes between 30-90 minutes, depending on the size of the profile.  Please save this profile to CD, DVD, or USB drive and provide it as your response.)

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's listing of each and every single e-mail address that she has, whether for work or personal matters, is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request is vague as it does not define "used with any degree of frequency". Defendant is unclear if Plaintiff's looking at a social network site (SNS) one time is considered use, if Defendant wants to know if Plaintiff has any accounts with any SNS, or if Defendant is asking only regarding personal or professional use of SNS.**

INTERROGATORY NO. 34

Please provide the tagged photographs on your profile (you must open each picture individually, right click on the picture, and save it on the same media referenced above).  For any

tagged photographs that are not produced, please create a privilege log describing said photographs and the basis of the asserted privilege.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, and is intended to annoy, embarrass, and oppress the Plaintiff rather than obtain information calculated to the discovery of admissible evidence, as it seeks information regardless of whether or not they relate to the issues in the instant litigation As worded, this request is unlimited in time and scope and seeks all information ever posted by Plaintiff, or posted about him, or "tagged" by someone else about him, even if done so without his consent or knowledge or acquiescence.

Plaintiff objects to this Request on the grounds that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Courts routinely deny requests that amount to no more than fishing expeditions for discovery of private social media information where the party fails to make a threshold showing to the relevancy of any information contained on an individual's private social networking websites, internet usage or email addresses. The mere hope that Plaintiff's private electronic communication might include an admission against interest, without more, is not a sufficient reason to require Plaintiff to provide Plaintiff open access to his private communications with third parties. E.g., *Salvato v. Miley*, No. 5:12-CV-635-Oc-10PRL, 2013 WL 2712206, at *2 (M.D. Fla. June 11, 2013). Defendant has no generalized right to rummage at will through information that Plaintiff has limited from public view. See, *Jewell v. Aaron's, Inc.*, No. 1:12-CV-563, 2013 WL 3770837, at *3-*5 (N.D. Ga. July 19, 2013).

Plaintiff further objects on the grounds that this request seeks information not in the possession, custody, and control of the Plaintiff, as Plaintiff cannot control or determine the

extent to which information exists about her which was not posted or authored by her on any social networking website in the past. Plaintiff further objects to this request on the grounds that it constitutes an unwarranted invasion of her constitutional right to privacy under the Georgia and Federal Constitutions. Plaintiff also asserts all rights available to her pursuant to 18 U.S.C. §§ 2511, 2520, 2701-2703, the Stored Communications Act. *See, Crispin v. Christian Audigier, Inc.* 717 F.Supp.2d 965 (C.D. Cal. 2010).

Furthermore, Plaintiff objects to the use of any of the materials sought or described in this request to the extent they have been obtained improperly, unlawfully, and/or in violation of Georgia Rules of Professional Conduct.

The sole distinction between rummaging through the Plaintiff's personal photographs and correspondences online and going into the Plaintiff's home and tearing through photo albums and letters is ease of access for the defense. Invading a claimant's home to scavenge these documents at will, with no predicate other than a fishing expedition of possibly finding documents that will bolster the defense, is clearly improper; yet the defense purports to conduct the exact same privacy pillaging online.

In accordance with the foregoing objections, Plaintiff will not produce the requested information without an appropriate order from the Court.

INTERROGATORY NO. 35

Please provide your Twitter archive. (To get your archive, go to the Settings area and look for the "Your Twitter archive" feature. A link will be emailed to you that leads to a page within Twitter where you can complete the download. After clicking download, a zip file will be downloaded. When you open that file, you will see a "readme" file with instructions. Please provide this zip file.)

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this request is vague as it does not define "used with any degree of frequency".  Defendant is unclear if Plaintiff's looking at a social network site (SNS) one time is considered use, if Defendant wants to know if Plaintiff has any accounts with any SNS, or if Defendant is asking only regarding personal or professional use of SNS.**

INTERROGATORY NO. 36

Please produce a copy of your Instagram profile, including any and all photographs and comments posted thereto.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this request is vague as it does not define "used with any degree of frequency".  Defendant is unclear if Plaintiff's looking at a social network site (SNS) one time is considered use, if Defendant wants to know if Plaintiff has any accounts with any SNS, or if Defendant is asking only regarding personal or professional use of SNS.**

INTERROGATORY NO. 37

Please describe the accident in detail.

**RESPONSE:**

**Plaintiff states that on or about January 30, 2023, Plaintiff was operating his vehicle in a safe and prudent manner in Clayton County, Georgia. At the same time, Defendant Sanchez was driving a 2000 Peterbilt 379 tractor-trailer traveling North on North Parkway in the far left lane preparing to turn left on Georgia Hwy 331 in Clayton County when he**

negligently and recklessly operated his vehicle by completing an improper left turn and colliding into Plaintiff's vehicle.

INTERROGATORY NO. 38

Please list all injuries you are claiming as a result of the accident.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it calls for medical theories and conclusions of which Plaintiff is not qualified to give. Without waiving said objection and subject thereto, please see requisite medical records and bills attached. By way of further response, Plaintiff states that he suffers from lower/upper neck pain, lower back pain and headaches.**

INTERROGATORY NO. 39

Please state all health insurance coverage providing coverage for you presently and for the past 5 years.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as of payments of expenses of a tortious injury paid for by a third party or taking any credit toward the defendant's liability and damages for such payments. *Hoeflick v. Bradley,* 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection and subject thereto, Plaintiff states he has United Healthcare – Medicare.**

INTERROGATORY NO. 40

Did you have a cell phone in your possession at the time of the accident? If so, please provide the cell phone number, service provider and the name of the account holder.

**RESPONSE:**

**Plaintiff states that he was in possession of his cell phone at the time of the incident.**

**Cell Phone Number: (678) 559-2917**
**Carrier/service Provider: T-Mobile**
**Account Holders Name: Ronald Wright**

INTERROGATORY NO. 41

Please provide the following information about yourself;

(a) Date of birth;
(b) Social Security Number or your health insurance claim number ("HICN");
(c) Gender.

This information and the information outlined in interrogatory #42 and 43 are necessary so that the defendant or any insurer of the defendant can comply with the Medicare regulations. See 42 U.S.C. 1395(y)(b)(8) otherwise known as Medicare, Medicaid and S-CHIP Extension Act of 2007 ("MMSEA"), Section 111.

**RESPONSE:**

**Plaintiff objects to this interrogatory as it calls for Plaintiff's social security number, which is irrelevant to any issue herein, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving the same, Plaintiff responds as follows:**

**(a) Date of birth: 11/21/1950**
**(b) Social Security Number: Due to privacy concerns, Plaintiff will only disclose the last four digits of his social security number XXX-XX-5714.**
**(c) Gender: Male**

INTERROGATORY NO. 42

Are you currently a Medicare beneficiary? If so, Please identify any and all amounts that have been paid by Medicare in satisfaction of medical expenses from any healthcare provider involved in the treatment of your injuries you are claiming in this lawsuit. Please outline any communications that you have had with Medicare and specifically any Medicare secondary payor contractor regarding their lien.

**RESPONSE:**

**Plaintiff has United Healthcare - Medicare; however, Plaintiff is not aware of the payment amount and payee of each payment or benefit. Plaintiff reserves the right to supplement this response.**

INTERROGATORY NO. 43

If you are not currently a Medicare beneficiary, do you anticipate becoming one during the pendency of this litigation? To the extent you become a Medicare beneficiary during the pendency of this litigation, please be sure to supplement your discovery responses accordingly so that the defendant can comply with the above Medicare regulations.

**RESPONSE:**

**Plaintiff refers Defendant to his response to Interrogatory number 42.**

Respectfully submitted, this 19th day of June, 2023.

Respectfully submitted by,

**/s/ Edward Hardrick**
EDWARD HARDRICK, ESQ.
Georgia Bar No. 606792
*Attorney for Plaintiff*

Morgan & Morgan, PLLC
178 S Main Street
Unit 300
Alpharetta, Georgia 30009
Phone: (770) 576-7634
Facsimile: (770) 576-7684
ehardrick@forthepeople.com