Case 1:23-mi-99999-UNA Document 2282-6 Filed 07/19/23 Page 1 of 8

2023CV00526 e-Filed 4/14/2023 11:57 AM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

IN STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **RONALD WRIGHT,**<br><br>　　　　**Plaintiff,**<br>vs.<br><br>**EUSEBIO SANCHEZ and COBRA CARRIER, LLC,**<br><br>　　　　**Defendants.** | **CIVIL ACTION**<br>**FILE NO: 2023CV00526**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, RONALD WRIGHT and files his amended Complaint against EUSEBIO SANCHEZ and COBRRA CARRIER, LLC as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff RONALD WRIGHT is a resident of the State of Georgia.

2.

Defendant EUSEBIO SANCHEZ (hereinafter "Sanchez") is a resident of the State of Texas, whose last known address is 7817 E Trenton Road, Edinburg (Hidalgo County) Texas 78542. Defendant may be served at that address.

3.

Defendant COBRA CARRIER, LLC (hereinafter "COBRA CARRIER, LLC") is a company with its principal place of business located at 1012 10th Street Alamo, (Hidalgo County)

Texas 78516. Upon information and belief, Defendant may be served by their registered agent at that address.

4.

Defendants are subject to the jurisdiction of this Court.

5.

Venue is proper in Clayton County, Georgia.

## BACKGROUND

6.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 5 above as if the same were restated herein verbatim.

7.

On or about January 30, 2023, Plaintiff was operating his vehicle in a safe and prudent manner in Clayton County, Georgia.

8.

At the same time, Defendant SANCHEZ was driving a 2000 Peterbilt 379 tractor-trailer traveling North on North Parkway in the far left lane preparing to turn left on Georgia Hwy 331 in Clayton County when he negligently and recklessly operated his vehicle by completing an improper left turn and colliding into Plaintiff's vehicle.

9.

As a direct and proximate result of this collision, Plaintiff suffered bodily injuries, property loss, and damages for which he has incurred expenses.

## COUNT I – NEGLIGENCE OF DEFENDANT EUSEBIO SANCHEZ

10.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 9 above as if the same were restated herein verbatim.

11.

Defendant owed Plaintiff the duty of a reasonably prudent driver while operating his truck; to keep a proper lookout; to maintain a safe following distance; to maintain his lane of travel; to pay attention and avoid driver distractions at all times; to properly control his vehicle; and to take proper evasive action(s) when necessary.

12.

Defendant breached those duties by failing to remain observant while operating a tractor-trailer and colliding with the Plaintiff and therefore, he was negligent in colliding with Plaintiff's vehicle.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant SANCHEZ, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss wages, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body plus an inability to live a normal life. As a result of the subject collision, Plaintiff has incurred medical expenses, which final amount will be determined.

## COUNT II – NEGLIGENT ENTRUSTMENT OF DEFENDANT COBRA CARRIER, LLC

14.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as if the same were restated herein verbatim.

15.

Defendant COBRA CARRIER, LLC negligently entrusted its 2000 Peterbilt semi-truck to Defendant EUSEBIO SANCHEZ when they knew or should have known that Defendant EUSEBIO SANCHEZ was incompetent to drive and allowed him to have access to the motor vehicle anyway.

16.

Therefore, Defendant COBRA CARRIER, LLC is liable for the negligence of Defendant EUSEBIO SANCHEZ.

## COUNT III – IMPUTED LIABILITY OF DEFENDANT COBRA CARRIER, LLC

17.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At the time of the subject crash, Defendant SANCHEZ was an employee of and/or under dispatch for Defendant COBRA CARRIER, LLC.

19.

At the time of the subject-crash, Defendant SANCHEZ was operating his tractor-trailer truck for and/or on behalf of Defendant COBRA CARRIER, LLC.

20.

At the time of the subject-crash, Defendant SANCHEZ was acting within the scope of his employment with Defendant COBRA CARRIER, LLC.

21.

Defendant COBRA CARRIER, LLC is responsible for the actions of Defendant SANCHEZ in the subject-crash under the doctrine of *respondeat superior,* agency and/or apparent agency.

22.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant COBRA CARRIER, LLC. Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss wages, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body plus an inability to live a normal life. As a result of the subject collision, Plaintiff has incurred medical expenses, which final amount will be determined.

## **COUNT IV – NEGLIGENT HIRING, TRAINING AND SUPERVISION OF DEFENDANT COBRA CARRIER, LLC**

23.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant COBRA CARRIER, LLC was negligent in hiring Defendant SANCHEZ and entrusting him to operate the tractor-trailer truck.

25.

Defendant COBRA CARRIER, LLC was negligent in failing to properly train Defendant SANCHEZ.

26.

Defendant COBRA CARRIER, LLC was negligent in failing to properly supervise Defendant SANCHEZ.

27.

Defendant COBRA CARRIER, LLC's negligence in hiring Defendant SANCHEZ and entrusting him to operate the truck, and in failing to properly train and supervise Defendant SANCHEZ, was the sole and proximate cause of the subject-crash, and Plaintiff's resulting injuries.

28.

Plaintiff is entitled to recover form Defendants for his past, present and future medical expenses and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## COUNT VI - ATTORNEYS' FEES AND EXPENSES OF LITIGATION

29.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 above as if the same were restated herein verbatim.

30.

Defendants, individually and by and through their representatives, have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

31.

Defendants are liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VII – PUNITIVE DAMAGES

32.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 37 above as if the same were restated herein verbatim.

33.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions set forth above, therefore, entitles Plaintiff to an aware of punitive damages in this matter.

WHEREFORE, Plaintiff RONALD WRIGHT respectfully prays and demands as follows:

    a.    That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

    b.    That service be had upon Defendants as provided by law;

    c.    That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

    d.    That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

    e.    That Plaintiff have and recover from Defendants, punitive damages for willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences;

    f.    That this matter be tried to a jury of twelve;

    g.    That all costs be cast against the Defendants; and

    h.    For such other and further relief as this Court deems just and appropriate.

This 14th day of April, 2023.

        Respectfully submitted,

        **/s/ Edward Hardrick**
        EDWARD HARDRICK, ESQ.
        Georgia Bar No. 606792
        *Attorney for Plaintiff*

Morgan & Morgan, PLLC
178 S Main Street
Unit 300
Alpharetta, Georgia 30009
Main: (770) 576-7634
(Fax): (770) 576-7684
ehardrick@forthepeople.com