2023CV00526    e-Filed 6/8/2023 8:11 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

RONALD WRIGHT,            )
                           )
        Plaintiff,        )     CIVIL ACTION FILE NO.:  2023CV00526
    v.                  )
                           )
SANCHEZ ARREDONDO and    )
COBRA CARRIER, LLC,      )
                           )
        Defendants.    )

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day served counsel for all parties in the above-referenced matter with a copy of ***Defendants Sanchez Arredondo and Cobra Carrier, LLC's Responses to Plaintiff's First Continuing Interrogatories and First Request for Production of Documents*** using *Odyssey eFileGA* which will automatically send e-mail notification of such filing to all parties of record and/or by depositing a copy of same with the United States Postal Service, with first class postage prepaid, as follows:

Edward Hardrick, Esq.
Morgan & Morgan, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
ehardrick@forthepeople.com

Respectfully submitted, this 8th day of June, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

_____
ROBYN M. ROTH
Georgia Bar No. 153025
*Counsel for Defendants Sanchez Arredondo and Cobra Carrier, LLC*

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RONALD WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.:  2023CV00526 |
| v. | ) | |
| | ) | |
| SANCHEZ ARREDONDO and | ) | |
| COBRA CARRIER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant **SANCHEZ ARREDONDO** submits his objections and responses to

Plaintiff's First Interrogatories and First Request for Production of Documents ("Requests") as

follows:

### GENERAL OBJECTIONS

1.       Each of the following Responses is made subject to and without waiver of any

objections to the admissibility of these Responses (or any part thereof) at any hearing or other

proceeding in this matter, including trial, or otherwise. Defendant's investigation of this matter

continues, and Defendant reserves the right to amend, modify, or supplement these Responses

prior to any trial of this case in accordance with the Georgia Civil Practice Act.

2.       Each of the following responses is based upon information presently available to

Defendant. In responding to these Requests, Defendant and counsel are conducting a thorough and

reasonable search of records where responsive information, if any, is most apt to be found, and

making inquiry of those persons who are most likely to have responsive information. Defendant

believes this information to be correct, and To the extent the Requests seek to require Defendant

to take any actions other than those enumerated above, Defendant objects to this discovery on the

grounds that it is unduly burdensome and oppressive.

3.     Defendant objects to the Requests to the extent they seek privileged information or documents protected by the attorney-client privilege, accountant-client privilege, work-product doctrine, or any other privilege, immunity, or protection available under law.

4.     Defendant objects to the Requests to the extent that they seek to impose upon Defendant a duty to respond beyond the requirements of the Georgia Civil Practice Act, including to the extent that they purport to impose upon Defendant a duty of supplementation beyond that required by O.C.G.A. § 9-11-26(e).

5.     Defendant objects to the Requests to the extent that they seek information or documents not intended to lead to the discovery of admissible evidence.

6.     Defendant objects to the Requests to the extent that they: (a) are overly broad, unduly burdensome, unreasonable or harassing; (b) are unreasonably cumulative or duplicative; (c) seek information or material obtainable from other sources that are more convenient, less burdensome or less expensive; or (d) otherwise constitute an abuse of discovery under the Georgia Civil Practice Act.

7.     Defendant objects to the Requests to the extent that they are so vague as to be incapable of a definite response.

8.     Defendant objects to the Requests to the extent that they are phrased to elicit acquiescence in or admission of the factual or legal assertions or characterizations by Defendant or are otherwise argumentative.  Defendant does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization contained in the Requests.

9.     Defendant objects to the Requests to the extent they call for a conclusion of law.

10.     Subject to and without waiving the foregoing General Objections, Defendant responds to the specific Requests as follows:

## RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES
## AND REQUEST FOR PRODUCTION

**1.** State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Sanchez Arredondo on the date of the incident referred to in the Complaint and describe the nature of the interest.

**ANSWER:**

- **Cobra Carrier, LLC**

- **1012 North 10 Street, Alamo, Texas 78516**

**2.** Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Sanchez Arredondo from 30-days prior to the subject collision to thirty days subsequent to the collision.

**ANSWER: None.**

**3.** Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan Atlanta, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the day of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**4.** Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, copies of the bill of sale, title, and/or any other documents

relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Sanchez Arredondo on the date of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**5.** Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, copies any lease, employment contract, or any other documents regarding the employment status of Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**6.** State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

**ANSWER:**

    **(a) 399 Old Ridge Church Rd, Bldg 1, Tifton, GA 31794 (Copart) and,**

    **1930 Rex Rd, Lake City, GA, 30260 (IAA Vehicle Purchasing)**

    **(b) Nine (9) vehicles were scheduled for pick up.**

    **(c) 30,000 to 35,000 lbs.**

    **(d) Hidalgo, Texas**

**7.** Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, a copy of the bill of lading for any loads carried by Defendant Sanchez Arredondo for the 8-day period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**8.** In regard to the load being transported by Defendant Sanchez Arredondo at the time of the subject-collision, identify:

      (a)    Where the load originated;

      (b)    The contents thereof;

      (c)    The weight of said load;

      (d)    The final destination of the load; and

      (e)    Any contracts, bills of lading, shipment documents, consignment forms, fax, correspondence, or other writings pertaining to transportation of said load.

**ANSWER:**

**(a) 399 Old Ridge Church Rd, Bldg 1, Tifton, GA 31794 (Copart) and,**

**1930 Rex Rd, Lake City, GA, 30260 (IAA Vehicle Purchasing)**

**(b) Nine (9) vehicles were scheduled for pick up.**

**(c) 30,000 to 35,000 lbs.**

**(d) Hidalgo, Texas**

**(e) Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**9.** Was the Defendant's vehicle covered by liability insurance? If so, please state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

**ANSWER:**

- **Progressive Commercial**

- **Cobra Carrier, LLC**

- **Policy # 963546538**

- **Policy Periods: November 28, 2022, through November 28, 2023**

- **Bodily Injury $1,000.000.00 combined single limit**

**Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**10.** Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

**ANSWER: Yes, see attached.**

**11.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of any policy of insurance identified in response to Interrogatory #9 above.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**12.** Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**13.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any trip reports or dispatch records in regard to Defendant Sanchez Arredondo for the 2-week period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**14.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of all driver's logs or timecards for Defendant Sanchez Arredondo for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**15.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Sanchez Arredondo for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**16.**Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (or container or chassis, if applicable)

driven by Defendant Sanchez Arredondo on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**17.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (or container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**18.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of Defendant Sanchez Arredondo's driver qualification file, including but not limited to:

      (a)      Application for employment;

      (b)      Copy of his CDL license;

      (c)      Driver's certification of prior motor vehicle accidents;

      (d)      Driver's certification of prior violations of motor vehicle laws;

      (e)      Driver's prior employment history;

      (f)      Carrier's inquiry into his driving record;

      (g)      Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**19.** Did you conduct a post-accident alcohol and controlled substance test on Defendant Sanchez Arredondo?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

**ANSWER: Defendant did not have a drug test after the accident.**

**20.**Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant

Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**21.** If post-accident testing was not performed on Defendant Sanchez Arredondo, please state the reasons such testing did not occur.

**ANSWER: The Defendant indicates that the accident was very minor and that is why a post-accident drug and alcohol test was not conducted as it was not required by law.**

**22.** Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons it was not completed.

**ANSWER: The Defendant indicates that the accident was very minor and that is why a post-accident drug and alcohol test was not conducted and was not required.**

**23.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of any post-accident report.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: This Defendant is without any knowledge.**

**24.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, the accident register for Defendant for the 1-year period preceding the subject-accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: This Defendant is without any knowledge.**

**25.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**26.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**27.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan Atlanta, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all safety manuals, brochures, handouts, literature, and/or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant (including any provided to Defendant Sanchez Arredondo).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**28.** Please state in detail the factual basis for each defense you have raised in your Answer and/or response to the Complaint in the above-styled action.

**ANSWER: Defendant objects to this request on the grounds that it calls for legal conclusion and his insurance carrier in anticipation of litigation and discovery of these materials would**

violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects to the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).

**29.** State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Sanchez Arredondo.

**ANSWER:**

- **Anestacio Sanchez**

- **1012 Norte 10th Street, Alamo, Texas, 78516**

- **(956)784-1861**

**30.** State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

**ANSWER: None to this Defendant's knowledge.**

**31.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the 6-month period prior to the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**32.** Describe the tractor operated by Defendant Sanchez Arredondo at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

**ANSWER: The Defendant was operating a 2000 Peterbilt 379, the Defendant is unaware of the milage the truck had at the time of the incident. The Defendant reserves the right to supplement this response as more information may become available.**

**33.** Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

      (a)     The date of the violation;

      (b)     A description of the violation;

      (c)     The location where the violation occurred;

      (d)     The agency issuing the citation; and

      (e)     The ultimate disposition of the charges.

**ANSWER: To the best of this Defendant's recollection he has never been cited  by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations.**

**34.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any document concerning any violation identified in response to the

preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**35.** Has Defendant ever been disqualified or placed out-of-service?  If so, please state for each instance.

    **1.** The dates of disqualification; and

    **2.** The reason for the disqualification.

**ANSWER: No.**

**36.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any document concerning any disqualification or out-of-service order identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**37.** Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the date of the incident referred to in the complaint for the 1-year period preceding the incident and 6-month period after the incident.

**ANSWER: None in this Defendant's possession.**

**38.** State the extent of any training provided to Defendant Sanchez Arredondo by this Defendant or any outside agency since the date of Defendant Sanchez Arredondo's application for employment or the date he began driving for this Defendant, whichever came first.

**ANSWER: Defendant has been driving for 27 years. He was trained when he received his CDL. Some prior employers were give him quizzes during onboarding regarding the operation of trucks. Defendant is an experienced driver.**

**39.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any documents regarding any training received by Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**40.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any permits or licenses regarding the tractor and trailer driven by Defendant Sanchez Arredondo and the load transported by Defendant Sanchez Arredondo at the time of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**41.** Please explain the nature of the employment relationship between this Defendant and Defendant Sanchez Arredondo (*i.e.*, lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began and – if the employment relationship has been terminated – the date of such termination along with the identity of the person who terminated such driver.

**ANSWER: The Defendant indicates that he was hired in 2016 or 2017 as a truck operator. The Defendant is still employed at Cobra Carrier, LLC.**

**42.** With respect to Defendant Sanchez Arredondo, please state the driver's mode of compensation.

**ANSWER: To the best of this Defendant knowledge, he is a 1099 employee, and he is paid in cash.**

**43.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, the payroll information concerning said driver for the 6-months prior to and the 2-months subsequent to said collision and his pay check for the time period covering the date of the collision.  (Note: *Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.*).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this defendant's possession.**

**44.**Does this Defendant, on its own or through its insurer, or through any other person or business, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject-collision.

**ANSWER: This Defendant is without any knowledge.**

**45.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all motor vehicle records or reports of any kind received from any

private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Sanchez Arredondo since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None to this Defendant's knowledge.**

**46.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**47.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None to this Defendant's knowledge.**

**48.** Please identify all automobile accidents and/or moving violations for Defendant Sanchez Arredondo prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

**ANSWER: Defendant was involved in a prior incident on February 24, 2022, where his truck flipped over because of ice conditions in the north region of Arkansas. The Defendant further states that he was not cited for this accident. This Defendant further states that besides the underlying incident which is the basis of this lawsuit there are no other accidents or citations he is aware of.**

**49.** Please state Defendant Sanchez Arredondo's date of birth, social security number, and driver's license number.

**ANSWER:**

- **DOB: 03/27/1976**

- **SS# xxx-xx-6256**

- **DL# 18576189**

**50.** Please identify the cell phone number and service provider for all cell phones owned, used or operated by Defendant Sanchez Arredondo on the date of the incident.

**ANSWER: Yes, (956)784-5460. Cricket.**

**51.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant; s possession.**

**52.** State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense

is based;

(c)     Has conducted any investigation relating to the incident complained of or the

background, employment, medical history or activities of Plaintiff.

**ANSWER:**

**(a) Arredondo Sanchez Eusebio, and Wright Ronald**

**(b) Defendant objects to this request on the grounds that it calls for legal conclusion**

**and his insurance carrier in anticipation of litigation and discovery of these materials**

**would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of**

**"opinions, mental impressions", etc.  Defendant further objects to the grounds that**

**such documents constitute Defendant's work product.  *See Georgia International Life***

***Insurance Company v. Boney*, 139 Ga. App. 575 (1976).**

**(c) Defendant objects to this request on the grounds that it calls for legal conclusion**

**and his insurance carrier in anticipation of litigation and discovery of these materials**

**would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of**

**"opinions, mental impressions", etc.  Defendant further objects to the grounds that**

**such documents constitute Defendant's work product.  *See Georgia International Life***

***Insurance Company v. Boney*, 139 Ga. App. 575 (1976).**

**53.** To your knowledge, information or belief, has any person identified in answering the preceding

interrogatory given any statement or report in connection with this action and/or the incident

complained of in this action?  If so, describe such statement or report and give the name and

address of the person having custody and control thereof.

**ANSWER: Defendant objects to this interrogatory on the grounds that any such statements were taken by Defendant and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc. Defendant further objects on the grounds that such documents constitute Defendant's work product.** *See Georgia International Life Insurance Company v. Boney***, 139 Ga. App. 575 (1976). Notwithstanding, Defendant is not aware of any such statements at this time.**

**54.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

**ANSWER: Defendant objects to this request on the grounds that any such statements were taken by Defendant and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc. Defendant further objects on the grounds that such documents constitute Defendant's work product.** *See Georgia International Life Insurance Company v. Boney***, 139 Ga. App. 575 (1976). Notwithstanding, Defendant is not aware of any such statements at this time.**

**55.** To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or Plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

56. Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

57. If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

**ANSWER: Defendant objects as this interrogatory seeks information that is not discoverable pursuant to O.C.G.A. § 9-11-26, as Defendant has not yet designated an expert witness who will testify at trial.  However, if and when Defendant decides to call an expert at trial, she will supplement this request in a timely fashion.**

58. Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other document reviewed by and/or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Defendant objects as this interrogatory seeks information that is not discoverable pursuant to O.C.G.A. § 9-11-26, as Defendant has not yet designated an expert witness who will testify at trial.  However, if and when Defendant decides to call an expert at trial, she will supplement this request in a timely fashion.**

**59.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**60.** In regard to any document which has not been produced on grounds of privilege, please state the following:

   (a)     The date each document was generated;

   (b)     The person generating each document;

   (c)     The present custodian of each document; and

   (d)     A description of each document.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**61.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any medical records, videotapes, photographs, or other evidence concerning,

referencing, or depicting plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**62.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

Respectfully submitted this 8th day of June, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

_____
ROBYN M. ROTH
Georgia Bar No. 153025
*Counsel for Defendants Sanchez Arredondo and Cobra Carrier, LLC*

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

RONALD WRIGHT,              )
                                  )
            Plaintiff,       )     CIVIL ACTION FILE NO.:  2023CV00526
      v.                   )
                                    )
SANCHEZ ARREDONDO and    )
COBRA CARRIER, LLC,       )
                                    )
         Defendants.    )

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Defendant Arrendondo's***

***Response to Plaintiff's First Interrogatories and First Request for Production of Documents***

with the Clerk of Court using *Odyssey eFileGA* which will automatically send e-mail notification

of such filing to all parties of record and/or by depositing a copy of same with the United States

Postal Service, with first class postage prepaid, as follows:

Edward Hardrick, Esq.
Morgan & Morgan, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
ehardrick@forthepeople.com

Respectfully submitted this 8th of June, 2023.

                                        **FAIN, MAJOR & BRENNAN, P.C.**

                                        */s/ Robyn M. Roth*

One Premier Plaza                       ROBYN M. ROTH
5605 Glenridge Drive NE            Georgia Bar No. 153025
Suite 900                           *Counsel for Defendants Sanchez Arredondo*
Atlanta, GA  30342                 *and Cobra Carrier, LLC*
(404) 688-6633
rroth@fainmajor.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RONALD WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: 2023CV00526 |
| v. | ) | |
| | ) | |
| SANCHEZ ARREDONDO and | ) | |
| COBRA CARRIER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COBRA CARRIER, LLC RESPONSE TO PLAINTIFF'S FIRST**
**INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant **COBRA CARRIER, LLC** submits his objections and responses to Plaintiff's

First Interrogatories and First Request for Production of Documents ("Requests") as follows:

**GENERAL OBJECTIONS**

1.      Each of the following Responses is made subject to and without waiver of any

objections to the admissibility of these Responses (or any part thereof) at any hearing or other

proceeding in this matter, including trial, or otherwise. Defendant's investigation of this matter

continues, and Defendant reserves the right to amend, modify, or supplement these Responses

prior to any trial of this case in accordance with the Georgia Civil Practice Act.

2.      Each of the following responses is based upon information presently available to

Defendant. In responding to these Requests, Defendant and counsel are conducting a thorough and

reasonable search of records where responsive information, if any, is most apt to be found, and

making inquiry of those persons who are most likely to have responsive information. Defendant

believes this information to be correct, and To the extent the Requests seek to require Defendant

to take any actions other than those enumerated above, Defendant objects to this discovery on the

grounds that it is unduly burdensome and oppressive.

3.      Defendant objects to the Requests to the extent they seek privileged information or documents protected by the attorney-client privilege, accountant-client privilege, work-product doctrine, or any other privilege, immunity, or protection available under law.

4.      Defendant objects to the Requests to the extent that they seek to impose upon Defendant a duty to respond beyond the requirements of the Georgia Civil Practice Act, including to the extent that they purport to impose upon Defendant a duty of supplementation beyond that required by O.C.G.A. § 9-11-26(e).

5.      Defendant objects to the Requests to the extent that they seek information or documents not intended to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they: (a) are overly broad, unduly burdensome, unreasonable or harassing; (b) are unreasonably cumulative or duplicative; (c) seek information or material obtainable from other sources that are more convenient, less burdensome or less expensive; or (d) otherwise constitute an abuse of discovery under the Georgia Civil Practice Act.

7.      Defendant objects to the Requests to the extent that they are so vague as to be incapable of a definite response.

8.      Defendant objects to the Requests to the extent that they are phrased to elicit acquiescence in or admission of the factual or legal assertions or characterizations by Defendant or are otherwise argumentative.  Defendant does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization contained in the Requests.

9.      Defendant objects to the Requests to the extent they call for a conclusion of law.

10.     Subject to and without waiving the foregoing General Objections, Defendant responds to the specific Requests as follows:

## <u>RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES</u>
## <u>AND REQUEST FOR PRODUCTION</u>

**1.** State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Sanchez Arredondo on the date of the incident referred to in the Complaint and describe the nature of the interest.

**ANSWER:**

- **Cobra Carrier, LLC**

- **1012 North 10 Street, Alamo, Texas 78516**

**2.** Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Sanchez Arredondo from 30-days prior to the subject collision to thirty days subsequent to the collision.

**ANSWER: None.**

**3.** Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan Atlanta, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the day of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Not Applicable.**

**4.** Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, copies of the bill of sale, title, and/or any other documents

relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Sanchez Arredondo on the date of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**5.** Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, copies any lease, employment contract, or any other documents regarding the employment status of Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**6.** State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

**ANSWER: To the best of this Defendant's knowledge, the truck departed from Edinburgh, Texas and was heading to Insurance Auto Auctions in South Atlanta to pick up a vehicle that was purchased by Rojo Auto Transport.**

**7.** Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN, PLLC, 178 SOUTH MAIN STREET, SUITE 300, ALPHARETTA, GEORGIA 30009, a copy of the bill of lading for any loads carried by Defendant

Sanchez Arredondo for the 8-day period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**8.** In regard to the load being transported by Defendant Sanchez Arredondo at the time of the subject-collision, identify:

      (a)    Where the load originated;

      (b)    The contents thereof;

      (c)    The weight of said load;

      (d)    The final destination of the load; and

      (e)    Any contracts, bills of lading, shipment documents, consignment forms, fax, correspondence, or other writings pertaining to transportation of said load.

**ANSWER:**

    **(a) 399 Old Ridge Church Rd, Bldg 1, Tifton, GA 31794 (Copart) and,**

    **1930 Rex Rd, Lake City, GA, 30260 (IAA Vehicle Purchasing)**

    **(b) Nine (9) vehicles were scheduled for pick up.**

    **(c) 30,000 to 35,000 lbs.**

    **(d) Hidalgo, Texas**

    **(e) Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**9.** Was the Defendant's vehicle covered by liability insurance?  If so, please state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

**ANSWER:**

- **Progressive Commercial**

- **Cobra Carrier, LLC**

- **Policy # 963546538**

- **Policy Periods: November 28, 2022, through November 28, 2023**

- **Bodily Injury $1,000.000.00 combined single limit**

**Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**10.** Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

**ANSWER: Yes, see attached.**

**11.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of any policy of insurance identified in response to Interrogatory #9 above.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**12.** Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**13.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any trip reports or dispatch records in regard to Defendant Sanchez Arredondo for the 2-week period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant's possession.**

**14.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of all driver's logs or timecards for Defendant Sanchez Arredondo for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**15.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Sanchez Arredondo for the 6-month

period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**16.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (or container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**17.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (or container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**18.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of Defendant Sanchez Arredondo's driver qualification file, including but not limited to:

    (a)      Application for employment;

    (b)      Copy of his CDL license;

    (c)      Driver's certification of prior motor vehicle accidents;

    (d)      Driver's certification of prior violations of motor vehicle laws;

    (e)      Driver's prior employment history;

    (f)      Carrier's inquiry into his driving record;

    (g)      Carrier's inquiry into his employment record;

    (h)      Documents regarding carrier's annual review of his driving record;

    (i)      Response of each state agency to carrier's annual inquiry concerning his driving record;

    (j)      Certification of driver's road test;

    (k)      Medical examiners certificate;

    (l)      Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

    (m)      Training certificates and training documents;

    (n)      Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**19.** Did you conduct a post-accident alcohol and controlled substance test on Defendant Sanchez Arredondo?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

**ANSWER: To the best of this Defendant's knowledge, the insured driver was not sent for a drug test post the subject incident.**

**20.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**21.** If post-accident testing was not performed on Defendant Sanchez Arredondo, please state the reasons such testing did not occur.

**ANSWER: The Defendant indicates that the accident was very minor and that is why a post-accident drug and alcohol test was not conducted nor was one required by law as no injuries were reported and no one was taken from the scene by ambulance.**

**22.** Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons it was not completed.

**ANSWER: The Defendant indicates that the accident was very minor and that is why a post-accident drug and alcohol test was not conducted and was not required by federal law.**

**23.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced. No post accident report was conducted, but other drug tests are being provided.**

**24.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, the accident register for Defendant for the 1-year period preceding the subject-accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**25.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300,

Alpharetta, Georgia 30009, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**26.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**27.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan Atlanta, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all safety manuals, brochures, handouts, literature, and/or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant (including any provided to Defendant Sanchez Arredondo).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**28.** Please state in detail the factual basis for each defense you have raised in your Answer and/or response to the Complaint in the above-styled action.

**ANSWER: Defendant objects to this request on the grounds that it calls for legal conclusion and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects to the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).**

29. State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Sanchez Arredondo.

**ANSWER:**

- **Anestacio Sanchez**

- **1012 Norte 10th Street, Alamo, Texas, 78516**

- **(956)784-1861**

30. State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

**ANSWER: None to this Defendant's knowledge.**

31. Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the 6-month period prior to the incident

referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**32.** Describe the tractor operated by Defendant Sanchez Arredondo at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

**ANSWER: The Defendant was operating a 2000 Peterbilt 379, the Defendant is unaware of the milage the truck had at the time of the incident. The Defendant reserves the right to supplement this response as more information may become available.**

**33.** Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

> (a) The date of the violation;
>
> (b) A description of the violation;
>
> (c) The location where the violation occurred;
>
> (d) The agency issuing the citation; and
>
> (e) The ultimate disposition of the charges.

**ANSWER: To the best of this Defendant's knowledge, Mr. Arredondo Sanchez has never been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations.**

**34.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300,

Alpharetta, Georgia 30009, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**35.** Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

       **1.**The dates of disqualification; and

       **2.**The reason for the disqualification.

**ANSWER: No.**

**36.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any document concerning any disqualification or out-of-service order identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**37.** Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Sanchez Arredondo on the date of the incident referred to in the complaint for the 1-year period preceding the incident and 6-month period after the incident.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**38.** State the extent of any training provided to Defendant Sanchez Arredondo by this Defendant or any outside agency since the date of Defendant Sanchez Arredondo's application for employment or the date he began driving for this Defendant, whichever came first.

**ANSWER: The Defendant indicates that he did not have to provide much training to Mr. Arredondo as he is well seasoned going into his 27 year driving trucks. The Defendant further states that he started driving for Cobra Carrier, LLC about 4 years ago.**

**39.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of any documents regarding any training received by Defendant Sanchez Arredondo.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**40.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any permits or licenses regarding the tractor and trailer driven by Defendant Sanchez Arredondo and the load transported by Defendant Sanchez Arredondo at the time of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**41.** Please explain the nature of the employment relationship between this Defendant and Defendant Sanchez Arredondo (*i.e.*, lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began and – if the employment

relationship has been terminated – the date of such termination along with the identity of the person who terminated such driver.

**ANSWER: The Defendant indicates that Mr. Arredondo was hired in 2016 or 2017 as a truck operator. The Defendant is still employed at Cobra Carrier, LLC.**

**42.** With respect to Defendant Sanchez Arredondo, please state the driver's mode of compensation.

**ANSWER: To the best of this Defendant knowledge, he is a 1099 employee, and he is paid in cash.**

**43.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, the payroll information concerning said driver for the 6-months prior to and the 2-months subsequent to said collision and his pay check for the time period covering the date of the collision.  (Note: *Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.*).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**44.** Does this Defendant, on its own or through its insurer, or through any other person or business, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning

the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject-collision.

**ANSWER: No.**

**45.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Sanchez Arredondo since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: This Defendant indicates that he pays Mr. Arredondo in cash and the amount of money is stipulated on his 1099 at the end of every working year. Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**46.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan &  Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None to this Defendant's knowledge.**

**47.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None.**

**48.** Please identify all automobile accidents and/or moving violations for Defendant Sanchez Arredondo prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

**ANSWER: To the best of this Defendant's knowledge, Mr. Arredondo Sanchez was involved in a prior incident on February 24, 2022 where his truck flipped over because of ice conditions in the north region of Arkansas. The Defendant further states that he was not cited for this accident. This Defendant further states that besides the underlying incident which are the basis of this lawsuit. There are no other accidents or citations he is aware of.**

**49.** Please state Defendant Sanchez Arredondo's date of birth, social security number, and driver's license number.

**ANSWER:**

- **DOB: 03/27/1976**

- **SS# xxx-xx-6256**

- **DL# 18576189**

**50.** Please identify the cell phone number and service provider for all cell phones owned, used or operated by Defendant Sanchez Arredondo on the date of the incident.

**ANSWER: Yes, (956)784-5460. Cricket.**

**51.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None in this Defendant; s possession.**

**52.** State the name and address of any person, including any party, who, to your knowledge, information or belief:

      (a)    Was an eyewitness to the incident complained of in this action;

      (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

      (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

**ANSWER:**

**(a) Arredondo Sanchez Eusebio, and Wright Ronald**

**(b) Defendant objects to this request on the grounds that it calls for legal conclusion and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects to the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).**

**(c) Defendant objects to this request on the grounds that it calls for legal conclusion and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects to the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).**

**53.** To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action and/or the incident complained of in this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

**ANSWER: Defendant objects to this interrogatory on the grounds that any such statements were taken by Defendant and his insurance carrier in anticipation of litigation and discovery of these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects on the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).  Notwithstanding, Defendant is not aware of any such statements at this time.**

**54.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**ANSWER: Defendant objects to this request on the grounds that any such statements were taken by Defendant and his insurance carrier in anticipation of litigation and discovery of**

these materials would violate the prohibition set out in O.C.G.A. 9-11-26 regarding the disclosure of "opinions, mental impressions", etc.  Defendant further objects on the grounds that such documents constitute Defendant's work product.  *See Georgia International Life Insurance Company v. Boney*, 139 Ga. App. 575 (1976).  Notwithstanding, Defendant is not aware of any such statements at this time.

**55.** To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or Plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**56.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

**57.** If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

**ANSWER: Defendant objects as this interrogatory seeks information that is not discoverable pursuant to O.C.G.A. § 9-11-26, as Defendant has not yet designated an expert witness who will testify at trial.  However, if and when Defendant decides to call an expert at trial, she will supplement this request in a timely fashion.**

**58.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other document reviewed by and/or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Defendant objects as this interrogatory seeks information that is not discoverable pursuant to O.C.G.A. § 9-11-26, as Defendant has not yet designated an expert witness who will testify at trial.  However, if and when Defendant decides to call an expert at trial, she will supplement this request in a timely fashion.**

**59.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**60.** In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document; and

(d)     A description of each document.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**61.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: None at this time. The Defendant reserves the right to supplement this response as more information may become available.**

**62.** Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices Morgan & Morgan, PLLC, 178 South Main Street, Suite 300, Alpharetta, Georgia 30009, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**ANSWER: Pursuant to O.C.G.A. § 9-11-33(c), non-privileged documents in Defendant's possession, custody, or control from which the answer to this interrogatory may be derived or ascertained will be produced.**

Respectfully submitted, this 8th day of June, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

_____
One Premier Plaza                                        ROBYN M. ROTH
5605 Glenridge Drive NE                              Georgia Bar No. 153025
Suite 900                                                      *Counsel for Defendants Sanchez Arredondo*
Atlanta, GA  30342                                       *and Cobra Carrier, LLC*
(404) 688-6633
rroth@fainmajor.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

RONALD WRIGHT,                         )
                                       )
                Plaintiff,             )        CIVIL ACTION FILE NO.:  2023CV00526
        v.                             )
                                       )
SANCHEZ ARREDONDO and                  )
COBRA CARRIER, LLC,                    )
                                       )
                Defendants.            )

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Defendant Cobra Carrier,***

***LLC's Responses to Plaintiff's First Interrogatories and First Request for Production of***

***Documents*** with the Clerk of Court using *Odyssey eFileGA* which will automatically send e-mail

notification of such filing to all parties of record and/or by depositing a copy of same with the

United States Postal Service, with first class postage prepaid, as follows:

Edward Hardrick, Esq.
Morgan & Morgan, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
ehardrick@forthepeople.com

Respectfully submitted, this 8th day of June, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

_____
ROBYN M. ROTH
Georgia Bar No. 153025
*Counsel for Defendants Sanchez Arredondo*
*and Cobra Carrier, LLC*

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com