IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARMEISHA FREEMAN, | ) Civil Action No. |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT AND TRIAL BY** |
| vs. | ) **JURY DEMAND** |
| | ) |
| DK AUTO LLC, AND HILL & | ) |
| ASSOCIATES OF GEORGIA, INC., | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.      Plaintiff Karmeisha Freeman brings this action against Defendants DK

Auto LLC ("DKA") and Hill & Associates of Georgia, Inc. ("HAG") (collectively

"Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq*., and Article 9 of the Georgia Uniform Commercial Code,

O.C.G.A. § 11-9-101 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C.

§ 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b),

where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in Stone Mountain, Georgia.

5.      Plaintiff is a natural person allegedly obligated to pay a debt to DKA.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      DKA is a Georgia limited liability company operating a used car lot in Stone Mountain, Georgia.

8.      HAG is a Georgia corporation that at all relevant times was acting as a repossession agent working at the behest of DKA.

9.      At all relevant times, HAG was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

10.      HAG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.      On or about March 8, 2023, Plaintiff purchased a 2008 Mercedes Benz (the "Vehicle") from DKA.

12.     Plaintiff purchased the Vehicle for her own personal, family, and household use.

13.     Plaintiff financed her purchase with DKA and signed a loan agreement (the "Loan") with DKA to that end.

14.     As part of the Loan, Plaintiff provided DKA a security interest in the Vehicle.

15.     The Vehicle constitutes "consumer goods" as defined by O.C.G.A. § 11-9-102(a)(24).

16.     DKA is a "secured party" as defined by O.C.G.A. § 11-9-102(a)(72).

17.     Plaintiff's vehicle constitutes "collateral" as defined by O.C.G.A. § 11-9-102(a)(13).

18.     Thereafter, DKA engaged its repossession agent, HAG, to repossess Plaintiff's Vehicle.

19.     On or about June 22, 2023, HAG went to Plaintiff's home to repossess the Vehicle.

20.     Plaintiff noticed HAG's repossession attempt.

21.     She protested the repossession and entered the Vehicle.

22.     Instead of ceasing the repossession, HAG's employee attempted to continue it over Plaintiff's protest.

23.    As a result, a loud and rowdy confrontation erupted that lasted for around twenty-five minutes.

24.    During the confrontation, HAG lifted and moved the Vehicle while Plaintiff occupied it.

25.    Upon information and belief, HAG did this in an effort to intimidate Plaintiff into ceasing her protests.

26.    Eventually, having failed to intimidate Plaintiff into ceasing her protests, HAG ceased its repossession attempt and departed the scene; however, in so doing HAG damaged Plaintiff's lawn.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### HAG

27.    Plaintiff repeats and re-alleges each factual allegation contained above.

28.    Georgia law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." O.C.G.A. § 11-9-609(a)(1).

29.    However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.

30.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

31.     Plaintiff protested HAG's repossession.

32.     Once Plaintiff protested the repossession, HAG lost the right to continue with the repossession.

33.     Nonetheless, HAG continued with its repossession and thereby breached the peace.

34.     By lifting the Vehicle while Plaintiff occupied, HAG used force on the body of Plaintiff.

35.     By using force on the body of Plaintiff during the attempted repossession, HAG breached the peace.

36.     A repossession agent's breach of the peace negates a right to possession.

37.     HAG violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or where there was no right to possession of such property.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that HAG violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF O.C.G.A. § 11-9-609**
**DKA**

38.    Plaintiff repeats and re-alleges each factual allegation contained above.

39.    Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

40.    DKA's repossession agent, HAG, breached the peace during its attempted repossession by attempting to continue the repossession over Plaintiff's protest and by using force on the body of Plaintiff.

41.    DKA violated O.C.G.A. § 11-9-609 when its repossession agent, HAG, breached the peace during its attempted repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DKA violated O.C.G.A. § 11-9-609;

b) Awarding Plaintiff statutory damages, pursuant to O.C.G.A. § 11-9-625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to O.C.G.A. § 11-9-625(b);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

42.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated July 19, 2023

Respectfully submitted,

s/Marques J. Carter
Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
MCarter@ThompsonConsumerLaw.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

s/Marques J. Carter
Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@ThompsonConsumerLaw.com
Attorney for Plaintiff