IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SAMANTHA LEE, as next friend of Chloe Lee and Carter Lee, ) ) ) *Plaintiff*, ) ) vs. ) ) PAULDING COUNTY SCHOOL ) DISTRICT, PAULDING COUNTY ) BOARD OF EDUCATION, ) CRYSTAL DAWN JOHNSON, and ) JOHN DOES 1-5, ) ) *Defendants*. ) | CIVIL ACTION FILE NUMBER: _____ |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Samantha Lee, as next friend and guardian of minor children Carter Lee and Chloe Lee, and files this Complaint for Damages against Defendants Paulding County School District ("PCSD"), Paulding County Board of Education ("PCBOE"), Crystal Dawn Johnson ("Johnson"), and John Does 1-5 (collectively with PCSD, PCBOE, and Johnson the "Defendants") showing this Honorable Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff Samantha Lee ("Plaintiff") is an individual residing at 2121 Windy Hill Road, Apt. 1943, Marietta, Georgia 30060 and acting as next friend to her minor children, Chloe Lee and Carter Lee (the "Minor Children"). For the purposes of the instant action, Plaintiff submits to jurisdiction and venue of this Court.

2.

Defendant Paulding County School District is a government entity with its principal place of business located at 3236 Atlanta Highway, Dallas, Georgia 30132. PCSD is subject to the jurisdiction of this Court and may be served at its principal place of business.

3.

Defendant Paulding County Board of Education is a government entity responsible for formulating policies for the administration of all Paulding County public schools, including All Good Elementary School, and for training and supervision of its employees in accordance with the authority granted in the Ga. Const. Art. VII, 5, paras. 1 and 2, and O.C.G.A. § 20-2-50.  PCBOE's principal place of business located at 3236 Atlanta Highway, Dallas, Georgia 30132.  PCSD is subject to the jurisdiction of this Court and may be served at its principal place of business.

4.

Defendant Crystal Dawn Johnson is an individual residing in Paulding County. Upon information and belief, Johnson may be served at 1496 Villa Rica Highway, Dallas, Georgia 30157.

5.

Defendants John Does 1-5 are currently unknown, but this Complaint will be amended when their identities are discovered.

6.

This Court has personal and subject matter jurisdiction over the Defendants because the actions which give rise to Plaintiff's Complaint originated in the Northern District of Georgia and Defendants reside in the Northern District of Georgia, and because this claims involves a federal question as codified under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 and venue is proper under 28 U.S.C. § 1391.

7.

Plaintiff has complied with the requirements of O.C.G.A. § 36-11-1 and all applicable law regarding the presentation of claims by sending *ante litem* notices through her undersigned counsel on February 13, 2023 and May 11, 2023.

**FACTS**

8.

Plaintiff herein fully reincorporates paragraphs 1-7 as if stated verbatim herein.

9.

At all times relevant herein, Plaintiff's Minor Children attended All Good Elementary School.

10.

On January 18, 2023, the Minor Children were riding school bus number 310 home, with Defendant Johnson driving the school bus.

11.

Almost immediately upon the Minor Children and other school children boarding the bus at approximately 2:33 p.m. local time, Defendant Johnson became hostile towards the bus riders by demanding that they sit down.

12.

Clearly experiencing some type of mental breakdown, Defendant Johnson continued to yell and frighten the children as the bus ride continued.

13.

Johnson's breakdown continued as she (1) yelled at students throughout the route, (2) threw a student's bookbag over students' heads toward the front of the bus, (3) brake checked the children causing them and the Minor Children to slam into the

seats in front of them, (4) drove without two hands on the wheel, (5) drove using her elbows, (6) failed to stop at a stop sign, (7) traveled above the allowed speed for a school bus, and (8) failed to follow safety rules for instructing students when crossing lanes of traffic in front of the bus.

14.

At approximately 3:00 p.m. local time, the bus arrived at the stop for students residing in the Halston Harris Bridge apartment complex (the "Bus Stop").

15.

Johnson refused to let certain children off of the bus at the Bus Stop, causing the children aboard the bus to panic.

16.

Two (2) students pointed to their father at the Bus Stop and attempted to get off of the bus, but Johnson spoke with the father and refused to let the students off of the bus under the guise of not having the proper "tag" that would identify whether they were permitted to exit the bus. This statement was false and directly contradicted PCSD Department of Transportation training and handbook policy related to tag procedures.

17.

Johnson then shut the door to the bus and yelled to the students that she would call the police if they did not sit down.

18.

When a concerned parent attempted to board the bus and retrieve her children, Johnson yelled at the parent to get off the bus and pushed the parent backward, who responded by slapping Johnson.

19.

Shortly after assaulting a parent, Johnson closed the bus door again on several parents and drove away while several students were standing in the aisle and as the students screamed and yelled to be let off the bus.

20.

Panicked students then began exiting through bus windows, emergency exits and other means in an effort to unite with their respective parents.

21.

Plaintiff's Minor Children were on the bus for the entirety of Johnson's breakdown, and have experienced severe distress and trauma as a result of the Defendants' actions in allowing the events of January 18, 2023 to occur.

**COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

6

22.

Plaintiff fully reincorporates paragraphs 1-21 as if stated verbatim herein.

23.

Defendants had a ministerial and non-delegable duty to ensure that the students of All Good Elementary School, specifically the Minor Children, were safely transported on the school bus from their school to their homes.

24.

Defendants breached that duty through Johnson's actions on January 18, 2023, as stated more fully herein.

25.

As a direct and proximate cause of Defendants breaching their duty to the Minor Children, the Minor Children suffered injury.

26.

The Minor Childrens' injuries were due to Defendants' negligence and were a direct and proximate result of Defendants' breach of their duty in safely transporting them.

**COUNT II**
**NEGLIGENT SUPERVISION**
**(Against Defendants PCSD and PCBOE)**

27.

Plaintiff fully reincorporates paragraphs 1-26 as if stated verbatim herein.

28.

Defendants PCSD and PCBOE had, and/or through the exercise of reasonable care should have had, prior knowledge that Defendant Johnson would negligently fail to safely transport the Minor Children on their school bus route.

29.

Defendants PCSD and PCBOE failed to properly supervise Defendant Johnson and did not correct the behavior of Defendant Johnson that gives rise to the instant action.

30.

As a result of Defendants PCSD and PCBOE's action and/or inaction, Plaintiff's Minor Children suffered mental injury.

31.

Defendants PCSD and PCBOE are liable for the damages caused by Defendant Johnson as a result of their negligent supervision of Defendant Johnson.

## COUNT III
## VICARIOUS LIABILITY
### (Against PCSD AND PCBOE)

32.

Plaintiff fully reincorporate paragraphs 1-31 as if stated verbatim herein.

33.

At the time of the subject incident, Defendant Johnson was an employee and subject to the direction and control of Defendant PCSD and/or Defendant PCBOE.

34.

On information and belief, Defendant Johnson was acting within the scope of her employment and for the benefit of PCSD and/or PCBOE when she negligently failed to safely transport the Minor Children from All Good Elementary School to their home.

35.

Defendant PCSD and/or PCBOE are responsible for the negligent actions of Defendant Johnson.

## COUNT IV
## ASSAULT
### (Against Defendant Johnson)

36.

Plaintiff fully reincorporate paragraphs 1-35 as if stated verbatim herein.

37.

Defendant Johnson knowingly and willingly yelled and slammed on the brakes of the bus in an effort to place the Minor Children in fear or apprehension of physical contact.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983
### (Against All Defendants)

38.

Plaintiff fully reincorporate paragraphs 1-38 as if stated verbatim herein.

39.

Defendant Johnson, in her official capacity, violated the Fourth Amendment rights of the Minor Children through her unlawful seizure and unlawful detention of the Minor Children when she refused to let the Minor Children exit the bus and drove away with them in the vehicle.

## PRAYER

**WHEREFORE,** Plaintiff respectfully asks this Court for the following relief:

a) That process be served as by law provided;

b) Praying that all issues so triable be tried before a jury;

c) That judgment be entered against Defendants in an amount to be decided by a fair and impartial jury;

d) For Pre and Post Judgment Interest;

e) Costs of Court;

f) That Plaintiff be awarded attorney's fees; and

g) That Plaintiff be awarded such other further relief as this Court deems just and proper.

Respectfully submitted this 19th day of July, 2023.

/s/ Cory Barnwell
CORY BARNWELL
GA Bar No.: 466740
Attorney for the Plaintiff

Barnwell Law Group, P.C
1132 Satellite Blvd, Suite 200
Suwanee, GA 30024
(404) 559-6214 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rules 5.1(D) and 7.1(D).

/s/ Cory Barnwell
Cory Barnwell