# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **Sarah M. Baughman**, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.** |
| | ) | |
| vs. | ) | _____ |
| | ) | |
| **Truist Financial Corporation**, | ) | (Removed from Gwinnett County |
| | ) | Superior Court, CAFN 23-A-04661- |
| Defendant. | ) | 11) |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank, improperly named as Truist Financial Corporation ("Truist"), hereby removes this action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Notice of Removal, Truist avers as follows:

## Procedural History

1. On May 30, 2023, Plaintiff Sarah M. Baughman ("Plaintiff") filed her Complaint (the "Complaint") against Truist in the Superior Court of Gwinnett County, Georgia, Case No. 23-A-04661-11 (the "State Court Action"). True and

correct copies of all process, pleadings, and orders served on Truist in the State Court Action, as well as a copy of the online docket, are attached hereto as **Exhibit 1**.

2.      On June 20, 2023, Plaintiff served the Complaint, via the Gwinnett County Sheriff's Office, on Truist Bank's registered agent for service of process in Georgia. (*See* Entry of Service, Doc. 1-1, at p. 20.)

## Grounds for Removal

3.      This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Truist Bank and because the alleged amount in controversy exceeds $75,000.

4.      Plaintiff is a resident of the state of Georgia. (*See* Complaint, Doc. 1-1, at ¶1.)

5.       Truist Bank is a banking corporation chartered under the laws of the state of North Carolina and maintains its principal place of business in North Carolina. Therefore, for for purposes of determining diversity jurisdiction, Truist is a citizen of North Carolina. Truist Financial Corporation is a holding company, did not take any actions regarding Plaintiff's accounts, and is not a proper party to this case. Nonetheless, Truist Financial Corporation is a North Carolina corporation

that is headquartered in North Carolina. For purposes of determining diversity jurisdiction, Truist Financial Corporation is a citizen of North Carolina.

6.      In her Complaint, Plaintiff seeks, among other relief, cancelation of the debit on her loan for the vehicle she purchased from non-party Lara's Trucks, which vehicle cost $45,786.96. (*See* Retail Installment Contract and Security Agreement, attached hereto as **Exhibit 2**.)[1] In addition to seeking cancelation of the $45,786.96 debt, Plaintiff also seeks actual and statutory damages, return of all payments she has already made on the vehicle, and treble damages under the Georgia Fair Business Practices Act, O.C.G.A. 10-1-399, *et seq*. (*See* Compl., Doc. 1-1, at ¶¶10-13.) Accordingly, Plaintiff seeks in excess of $137,000 in her Complaint. (*See id*.); *see also Edwards v. Solomon & Solomon PC*, No. 4:22-CV-00180-WMR, 2022 WL 19410502, *2 (N.D. Ga. Dec. 9, 2022) (holding that a plaintiff's request for treble damages may properly be considered by a district court in deciding diversity jurisdiction amount in controversy).

---

[1]      This Court may consider documents and evidence presented by Truist in consideration of Truist's pleading of jurisdiction in its notice of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.").

7.     Additionally, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this lawsuit because it arises under the Constitution, laws, or treaties of the United States.

8.     Plaintiff's Complaint, though it does not cite specifically to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., purports to make claims under that Act. Plaintiff states in Paragraph 1 that she "brings this claim for redress of violations of … federal consumer protection statutes….," she later alleges that Truist "has made negative reports on Plaintiff's credit," and that Truist "has **reported derogatory information on Plaintiff's credit** … **for which [Truist] should be liable to Plaintiff in damages**," and Plaintiff seeks relief including that Truist "be required to **advise all credit reporting agencies** to whom it reports that the Plaintiff has no obligation on the loan…." (*See* Compl., Doc. 1-1, at ¶¶1, 11, 14.) (emphasis added.)

9.     Courts in this district have held that even where a Plaintiff does not specifically cite the FCRA, or a specific section of the FCRA, if the allegations make plain that Plaintiff's cause of action arises under the FCRA, removal based on federal question jurisdiction is proper. *See, e.g.*, *Family Walk Allah Trust v. Bouc, et al.*, No. 120CV04036LMMRGV, 2021 WL 2492721, *3, 7 (N.D. Ga. Feb. 22, 2021), report and recommendation adopted sub nom. *Fam. Walk Allah Tr. v.*

*Bouc*, No. 1:20-CV-4036-LMM-RGV, 2021 WL 2492469 (N.D. Ga. Mar. 15, 2021) (Plaintiff's Complaint demonstrated that Plaintiff's claims arose under the FCRA); *Ponder v. Synchrony Bank*, No. 1:20-CV-3097-CAP-JSA, 2020 WL 10229032, *3 (N.D. Ga. Oct. 15, 2020), report and recommendation adopted, No. 1:20-CV-3097-CAP, 2020 WL 10229108 (N.D. Ga. Nov. 18, 2020) (same); *see also Aderibigbe v. Bank of Am., N.A.*, No. 113CV01175MHSGGB, 2013 WL 12382785, *1-3 (N.D. Ga. June 3, 2013), report and recommendation adopted, No. 1:13-CV-1175-MHS, 2013 WL 12382773 (N.D. Ga. July 22, 2013) (noting that Plaintiff's Complaint was removed from state court on basis of federal question jurisdiction, that the Complaint alleged that "Bank of America placed wrong information on my credit report, and have [sic] refused to correct it," and that "Plaintiff's complaint appears to be alleging that Defendant's actions in some way violated the Fair Credit Reporting Act").

10.   To the extent Plaintiff also asserts state law claims, those state law claims arise out of a common nucleus of operative fact with Plaintiff's FCRA claim, and accordingly, the Court has federal question jurisdiction over the FCRA claim and supplemental jurisdiction over Plaintiff's state law claims. *See Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) ("A district court may also exercise supplemental jurisdiction over state-law claims that form part of

the federal 'case or controversy,' or, more specifically, 'arise out of a common nucleus of operative fact with a substantial federal claim.'"); *see also Lawson*, 2015 WL 11256550, at *7 ("[b]ecause the Plaintiff has brought a specific claim under federal law, the Court has federal question jurisdiction over this case and supplemental jurisdiction over the state law claims").

11.     Because Plaintiff's claims in the Complaint against Truist arise under the FCRA, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331. *See Family Walk Allah Trust*, 2021 WL 2492721, at *3, 7; *Ponder*, 2020 WL 10229032, at *3; *Aderibigbe*, 2013 WL 12382785, at *1-3; *see also Boone*, 447 F. App'x at 963.

12.     Pursuant to 28 U.S.C. § 1441, *et seq.*, this case is properly removable.

### The Procedural Requirements for Removal Have Been Satisfied

13.     Truist files this Notice of Removal within 30 days of service of the Summons and Complaint on it (*see* Doc. 1-1, at p. 20), and therefore Truist's removal is timely. *See* 28 U.S.C. §1446.

14.     As detailed *supra,* because there is complete diversity and the amount in controversy exceeds $75,000, and because the allegations in Plaintiff's Complaint demonstrate that she seeks relief under the FCRA, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a), and this action is therefore

6

properly removable pursuant to 28 U.S.C. § 1441(a), and (c). *See Family Walk Allah Trust*, 2021 WL 2492721, at *3, 7; *Ponder*, 2020 WL 10229032, at *3; *Aderibigbe*, 2013 WL 12382785, at *1-3; *see also Boone*, 447 F. App'x at 963.

15.     Truist has accordingly complied with the procedural requirements for removal. *See* 28 U.S.C. §§ 1441, 1446.

16.     The Northern District of Georgia, Atlanta Division is the federal judicial district embracing Gwinnett County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue, therefore, is proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

17.     After filing this Notice of Removal, Truist will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the Clerk of the Superior Court of Gwinnett County, Georgia in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the removal notice to be filed with the Clerk of Magistrate Court of Gwinnett County, State of Georgia is attached hereto as **Exhibit 3**.

## **Non-Waiver of Defenses**

18.     By removing this action, Truist does not waive any defenses available to it in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b).

19.    By removing this action, Truist does not admit any of the allegations contained in Plaintiff's Complaint.

**WHEREFORE**, Defendant Truist removes the above-captioned action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 19th day of July, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Erik J. Badia*
Nancy Baughan
Georgia Bar No. 042575
Erik J. Badia
Georgia Bar No. 327905
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 868-2100
Email: nbaughan@bradley.com
       ebadia@bradley.com

*Counsel for Defendant Truist Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by U.S. Mail, proper postage prepaid, addressed to:

T. Michael Flinn
**Law Offices of T. Michael Flinn**
402 Tanner Street
Carrollton, GA 30117
*Attorney for Plaintiff Sarah M. Baughman*

This 19th day of July, 2023.

<u>*/s/ Erik J. Badia*</u>
Erik J. Badia

# EXHIBIT 1

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-04661-11
5/30/2023 12:18 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

SARAH BAUGHMAN,          :
                             :
       Plaintiff           :     Civil Action File No.
-vs-                      :     23-A-04661-11
                             :
TRUIST FINANCIAL CORPORATION   :
                             :
       Defendant.        :

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff requests that Defendant produce and permit Plaintiff and her counsel to inspect and copy the documents described below on the 45th day following service of this request or at such other time and place as may be agreed.

### INSTRUCTIONS

1. Please take notice that you are required to respond in writing within a period of forty-five (45) days from the date of service of the requests set forth below and state with respect to each item or category that you will permit the inspection and related activities as requested unless you object, in which event, you must state the reasons for your objection. If you object to part of a request, you must specify that part.

2. These requests encompass all documents and tangible things as defined below which are in your possession, custody or control, including the possession, custody or control of any person acting currently or at a prior time as your employee, agent or representative.

3. These requests encompass the time period from January 1, 2022 to the date of your responses except where otherwise noted. Related documents prepared or received at an earlier

time are also included.

4.  Should  you  claim that  any document within the scope of these requests is privileged from discovery, please describe the document and specify the privilege upon which your response is based.

5.  The use in a request of a specific term or item by way of example or inclusion is not intended to limit the generality of the request or of the definition applicable to it.

6.  Documents included within more than one of the requests need be produced only in response to the initial request.

7.  You should produce documents as they are kept in the usual course of business or organize and label them to correspond with the categories in this request.

## DEFINITIONS

As used in these requests, the following terms have the following meanings:

A.  "Documents" includes tangible things and means the original and all non-identical copies of:

accounts, agreements, appointment calendars, bills, bill of sale, blueprints, books, books of account, brochures, bulletins, certificates, charts, checkbooks, checks, check stubs, circulars, claims, colored cards, commentaries, communications reduced to tangible form, computer programs, disks, tapes, and printouts, contracts, correspondence, data sheets, deposit and withdrawal slips, desk pads, diaries, drafts of documents (whether or not used), engineering commentary, drawings or specifications, file memos, files, filings, film, financial statements, forms, graphs, headings, internal or external memoranda (including written, typed or printed memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities of any kind), intra-office and inter-office communications, invoices, journals, laboratory reports, leases, ledges, letters, logs, magazine articles, notes, maintenance instructions, or manuals, marginals, memos, markings, microfilm, minutes, models, proposals, negatives,

newspaper articles, operating instructions or manuals, papers, periodicals, plans, pleadings, photographs, photostats, prototypes, registers, requests or repair orders, repair instructions or manuals, reports, samples, scrapbooks, service requests or orders, shop drawings, sound recordings, specifications, spread sheets, statements, stickers, studies, tapes, technical drawings or reports, telegrams, telex printouts, test results, titles, trade journals, transcripts, warranty claims, way bills, work sheets (including, without limitation, accountants' work papers) and any other physical objects containing written or printed material of a visible image or sound.

B.  "Recording" or "referring", when used to identify documents, means documents (a) the contents of which are themselves the means by which relevant information was noted, represented, reported or otherwise put into written form, as well as documents (b) which comment upon, mention, anticipate or respond to other documents which (c) list, summarize or otherwise relate to information presented elsewhere in written form.

C.  "Relating to" or "related to" means documents the contents of which describe, refer to, comment upon, corroborate, question, support, contradict or otherwise contain information about the matter under inquiry.

D.  "You" means Trust Financial including their agents, employees and representatives.

E.  "Vehicle" refers to the **Vehicle Loan: 2014 Chevrolet Silverado 1500 VIN:3GCUKSEC3EG407601; Date of Purchase:  June 14, 2022**; **TRUIST Account No.:91924372771001**, as described in the Complaint.

## **<u>DOCUMENTS</u>**

1.  All documents you received from or sent to Defendant, the State of Georgia Department of Motor Vehicles,  The State of Georgia Tax Department, CARFAX, or any other motor vehicle history service at any time in connection with Plaintiff's vehicle, or the subject Vehicle, including:

a.     all correspondence, damage reports, repair records, inspection records, service or maintenance recommended or required in connection with the car, checklists with respect to the subject car.

b.     Any documents recording damage to the vehicle, at any time, by any means.

c.     The title history of the vehicle.

d     Photographs of the subject vehicle at any time and from any source.

e.     Any auction inspection report, reconditioning report, transport report, appraisal, trade in valuation, check in report, brochure or pamphlet, run lists, block summaries for the subject vehicle.

f.     The warranty history for the subject vehicle.

2.  The following documents and  things which refer to Plaintiff's purchase of the vehicle, to the Plaintiff or to the vehicle:

a.     Each Purchase Order and Sales Invoice;

b.     Each Retail Installment Contract or other loan agreement;

c.     Each odometer statement;

d.     Each application for financing or questionnaire about Plaintiff's income, assets or liabilities, including any documents which refer to any prior credit problems or explanations of same;

e.     Each credit report on Plaintiff or other document which refers to Plaintiff's income, assets, liabilities or prior credit history;

f.     Each document which identifies Plaintiff's relatives or references;

g.     Each document which refers to Plaintiff's employer or history of employment;

h.     Each document which refers to Plaintiff's residence or history of her place of

residence;

i.      All other documents submitted by Plaintiff to Defendant in connection with her purchase or financing of the vehicle, including without limitation all documentation of her income, finances, assets and liabilities and/or explanation of any past credit problems;

j.      Each document which refers to the temporary or permanent registration of the vehicle, or temporary or permanent tags to the vehicle, including power of attorney forms;

k.      Each document which constitutes or refers to title to the car at any time, including without limitation each Application for Certificate of Title and related documents;

l.      Each "Spot Delivery/Financing" document;

m.      **Each deal jacket on Plaintiff's vehicle including the inside and outside thereof and its entire contents;**

n.      The stock and inventory cards or like records for the vehicle and Plaintiff's trade-in;

o.      All handwritten or typewritten notes and a printout of all computer entries which refer to Plaintiff, her deal, her trade-in financing of Plaintiff's deal, or to the vehicle;

p.      The daily cash receipts journal or ledger which reflect any payments by Plaintiff or others on her behalf (including, without limitation, any and all down payment checks and funds, and all receipts for cash or checks received from, or on behalf of Plaintiff;

q.      All documents which disclose or refer to sales bonuses, spiffs or incentives on the

vehicle purchased by Plaintiff;

r.      All documents which reflect or refer to the commissions earned by or credited to each person at Defendant in connection with the vehicle purchased by Plaintiff, and/or his trade-in, including without limitation those earned by or credited to each salesperson, F & I officer, sales manager or any other person, including hard copy printouts of any computer entries reflecting commissions or credits;

s.      All internal worksheets or other drafts or documents used by Defendant or its personnel in connection with the vehicle or Plaintiff's trade-in, or the financing for either vehicle;

t.      All internal invoices, internal controls or accounting documents which refer to Defendant's cost  for the vehicle, to the price of the vehicle or Plaintiff's trade-in, to Defendant's "pack," or to gross, net or other profits to be earned by Defendant or its personnel in connection with Plaintiff's deal;

u.      All internal memos or other documents providing directions to Defendant's title clerks, registration clerks, tag clerks, accounting personnel, sales or other staff in connection with Plaintiff's deal or its financing;

v.      All correspondence received from or sent to Plaintiff or her representatives at any time;

w.      All documents which Defendant received from or sent to any potential lender  in connection with Plaintiff's deal;

x.      Each inspection sticker or certificate (**including emissions tests**) for the vehicle and all other documents which refer to the vehicle being inspected by, passed or failed by any inspection station;

y.      The factory invoice for the vehicle;

z.      Each repair, maintenance or service order (including customer, warranty and shop copies) for or other documentation of mechanical or body work performed on the vehicle at any time by any person or entity, including all sublet work;

aa.     All other documents which record or refer to changes made or work done to the vehicle by Defendant or others prior to its sale to Plaintiff, at time of sale or after its sale to the Plaintiff;

bb.     All other documents (including, without limitation, handwritten notes and a hard copy printout of any computer entries) which refer to Defendant's inspection of or observations about the vehicle at any time, including when it initially acquired the vehicle, when the vehicle was in its inventory, when it performed a Pre-delivery Inspection prior to delivering the vehicle to Plaintiff, or at any other time;

cc.     All notes or other documents which refer to inspections of or observations about the vehicle at any time by any persons other than Defendant including, without limitation, any inspection station, Defendant, the State of Georgia, and any other mechanic, body shop or other person who inspected or observed the vehicle at any time;

dd.     Each estimate or repair order prepared by any person in connection with any vandalism, theft, accident damage or other damage to the vehicle;

ee.     All correspondence and other documents which relate or refer to insurance claims or coverage in connection with the vehicle, including all checks, drafts, confirmation of wire transfers or other evidence of payment made by or received by Defendant in connection with damage to the vehicle;

ff.     All notes, memoranda or other documents, tapes or electronic media  which record or reflect conversations or other communications related to the vehicle or Plaintiff, whether before, during or after her purchase of the vehicle;

gg.     All documents  prepared for, sent to or received from the police or any insurance company or representative concerning theft, vandalism, accidents or damage involving the vehicle at any time;

hh.     Each photograph, videotape or other visual embodiment of the vehicle taken or prepared at any time;

ii.     All printed advertisements, sales brochures or other promotional materials which refer to the vehicle, at any time;

jj.     All other documents which refer to the condition of the vehicle, at any time;

kk.     The warranty history of the vehicle and all records submitted by or received by Defendant in connection with any warranty claims on the vehicle;

ll.     All correspondence and other documents which you sent to, or received from, the person or entity from whom you acquired the vehicle which refer to the vehicle in any way, at any time;

mm.     The FTC Buyer's Guide for the vehicle;

nn.     All written warranties applicable to the vehicle;

oo.     All notices or other documents posted on or in the vehicle when shown to Plaintiff;

pp.     All recourse or partial recourse agreements with any lender  involving  Plaintiff's purchase;

qq.     All other documents which refer to Plaintiff or the vehicle in any way;

rr.　　All other documents of any kind signed by Plaintiff, or by others for her, and any other documents which purport to bear her signature;

ss.　　Any audio tape or video tape of any conversation with Plaintiff recorded at any time.

3.  Your check or other documentation of  payment you made when TRUIST funded Lara's for this purchase.

4.  All correspondence and other documents which you sent to, or received from, any lender  in connection with the vehicle, and/or Plaintiff's purchase or financing of the vehicle.

5.   All documents, policies, procedures, guidelines, criteria, operating procedures by which Defendant's has a consumer assert FTC Preservation of Consumer Claims and Defenses Clause defenses.

6.  All documents which support any of your Affirmative Defenses to the Complaint.

7.  All documents which support any of your other defenses to the Complaint.

8.  The curriculum vitae  or other background information on each person whom you expect to testify as an expert at the trial of this action.

9.  All documents  you intend to mark for identification or introduce at the trial of this action.

10. Any notes or memoranda between Defendant or any other person with respect to this vehicle and this customer.

11. Any contact logs that mention Plaintiff's account, Plaintiff's vehicle, or Plaintiff.

12. Any audio recording of any conversation with Plaintiff or any personnel with Lara's regarding plaintiff or the vehicle.

13. All correspondence, assignments, emails with the dealer Lara's Trucks Inc. or any other third party, including specifically but without limitation any communication with dealer accepting, declining, approving with condition, or requiring repurchase of the finance contract executed by plaintiff,  electronic data, screen prints or dealer management systems such as Dealertrack, and underwriting determinations regarding any loan application made my plaintiff for financing of the vehicle sold through Lara's Trucks Inc.

Respectfully Submitted,

LAW OFFICES OF T. MICHAEL FLINN

/s/ T. Michael Flinn
T. Michael Flinn
State Bar No 264530
Attorney for Plaintiff

402 Tanner Street
Carrollton, Georgia 30117
770-832-0300
michael@georgiaconsumerlawyer.com

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-04661-11

5/30/2023 12:18 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SARAH BAUGHMAN, | : | |
| | : | |
| Plaintiff | : | Civil Action File No. |
| -vs- | : | 23-A-04661-11 |
| | : | |
| TRUIST FINANCIAL CORPORATION | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVING DISCOVERY MATERIAL**

Pursuant to Uniform Superior Court Rule 5.2, I do hereby certify that I have this day

served a copy of  PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANT by attaching a copy of same to the Complaint for service with sufficient postage

thereon to assure delivery.

This  30th  day of May, 2023.


LAW OFFICES OF T. MICHAEL FLINN


__/s/ T. Michael Flinn_____

402 Tanner Street                                T. Michael Flinn
Carrollton, GA 30117                          Attorney for Plaintiff
(770) 832-0300                                    Georgia State Bar No. 264530
michael@georgiaconsumerlawyer.com

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-04661-11

5/30/2023 12:18 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior or** ☐ **State Court of** _Gwinnett Superior Court_ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-A-04661-11 |

**Plaintiff(s)**
Baughman, Sarah  M

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Truist Financial Corporation

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _T. Michael Flinn_ **State Bar Number** _264530_ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Sarah M Baughman

**Civil Action
Number 23-A-04661-11**

**Plaintiff**

VS.

Truist Financial Corporation

**Defendant**

*FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY GA
2023 MAY 30  PM 4: 19
TIANA P. GARNER, CLERK*

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:
T Michael Flinn
Law Offices Of T Michael Flinn
402 Tanner St
Carrollton Ga  30117

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of May, 2023**

Tiana P. Garner,
Clerk of Superior Court

By: _Natalie Light_ _____
**Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 2011

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-04661-11

5/30/2023 12:18 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

SARAH BAUGHMAN,                          :
                                         :
          Plaintiff                      :        Civil Action File No.
-vs-                                     :          23-A-04661-11
                                         :
TRUIST FINANCIAL CORPORATION             :
                                         :
          Defendant.                     :

## **COMPLAINT**

Now comes Plaintiff, SARAH BAUGHMAN, the above named, by and through the undersigned attorney, and for his complaint shows the Court as follows:

1.

Plaintiff is a resident of this State, is a consumer, and brings this claim for redress of violations of both state and federal consumer protection statutes, odometer act violations, fraud, and deceptive practices, perpetrated upon her by Defendant. This is an action brought by Plaintiff to recover actual, statutory damages, and reasonable attorneys fees, and costs from Defendant regarding the sale of a vehicle by Lara's Trucks, Inc. to which the FTC Preservation of Consumer Claims and Defenses Clause Applied.

2.

Defendant TRUIST FINANCIAL CORP (hereinafter "TRUIST") is a corporation which received as an assignment of the RISC which contained an FTC Preservation of Claims and Defenses Clause which subjects Gateway to claims and defenses the Plaintiff may have against the dealer. It may be served via service upon its registered agent Corporation Service Company Physical Address: 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

3.

On or about June 14, 2022, the Plaintiff visited Lara's Trucks Inc.  (hereinafter "Lara's"), with interest in purchasing a durable and reliable vehicle.  The Plaintiff was shown a used **2014 Chevrolet Silverado 1500 VIN:3GCUKSEC3EG407601**.

4.

 Plaintiff purchased an extended service contract which was included in the contract and ther amount financed. Lara's did not fund the warranty, converting the financed sums to its own use. When plaintiff attempted to make a claim under the warranty, she was informed it had never been purchased. Plaintiff agreed to purchase the vehicle with the understanding that the service contract would be applicable.

5.

Despite knowing that the vehicle was inoperable, and that the service contract financed with the purchase had not been funded, TRUIST has demanded payment from plaintiff.

Truist specifically stated:

a) It appears that it is a "frustrating situation" and you have had unfair treatment by the dealer;

b) Truist has nothing to do with the application of the funds;

c) Truist understands there is a dispute with the dealer about the application of funds;

d) Truist expects you to pay your payments like normal;

e) You still have to make payments despite Truist knowing there is no warranty.

6.

Plaintiff has suffered extreme inconvenience and worry about these issues.  Plaintiff has asked specifically TRUIST to cancel this deal because of the service contract issue and the needed

repairs.

## COUNT I

(Claim Against Gateway Under the Retail Installment Contract and FTC Rules)

7.

Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 6 of this Complaint.

8.

In accordance with the requirements of the Federal Trade Commission's Rule on Preservation of Consumer Claims and Defenses, 16 C.F.R. §433, the Retail Installment Contract which Car Depot assigned to Gateway provides in pertinent part:

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

9.

Orally by phone contact with TRUIST,  and by counsel's letter previously asserted, and hereby  reasserts  against TRUIST all claims and defenses they have against Lara's.

10.

In those oral communications and through counsel's letter, Plaintiff asked Truist to refund all payments made under the contract and to acknowledge that the contract  is void and unenforceable, but TRUIST has failed to do so.

11.

TRUIST has continued to demand that Plaintiff make payment despite its knowledge that he

has legitimate claims against Lara's and despite its knowledge that Plaintiff and TRUIST were deceived in the financing of the subject vehicle, and has made negative reports on Plaintiff's credit.

12.

As Plaintiff is entitled to rescission and/or damages against Lara's, she requests all appropriate relief against TRUIST. This includes all payments made to all Holders under the FTC Rule.

13.

Further, TRUIST's wilful failure to be bound by the FTC Perseveration Clause in the contract, AND CONTINUING TO DEMAND PAYMENT despite knowing that Lara's defaulted its agreement,  is an unfair business  practice for which it should be held responsible. Jaramillo v. Gonzales, 50 P.3d 554, (N.M Ct App. 2002). OCGA 10-1-399.

13a.

FTC regulations make it clear that the loss associated with the originating dealer's default is to fall on the finance company in these circumstances and that the party better able to police defaulting seller conduct is the finance company, not the consumer,.

14.

TRUIST has reported derogatory information on Plaintiff's credit despite its clear knowledge of Plaintiff's valid defenses under the contract for which Gateway should be liable to Plaintiff in damages.

WHEREFORE, Plaintiff demands judgment against TRUIST for  all sums they have  paid in connection with  the Retail Installment Contract; Plaintiff  requests that the Court  declare  the remainder of  the  contract  obligation  void and unenforceable by TRUIST;  Plaintiff requests  that TRUIST be required to advise all credit reporting  agencies  to whom  it  reports  that  the Plaintiff

has no obligation on the loan, and for such other and further relief as may be just and proper.

Respectfully Submitted,
LAW OFFICES OF T. MICHAEL FLINN


/s/ T. Michael Flinn
T. Michael Flinn
State Bar No 264530
Attorney for Plaintiff

402 Tanner Street
Carrollton, GA 30117
770-832-0300

SHERIFF'S ENTRY OF SERVICE

CODE 63 EASTERBERRY CO., COVINGTON, GA 30015

| | | |
|---|---|---|
| Superior Court | ☑ | Magistrate Court ☐ |
| State Court | ☐ | Probate Court ☐ |
| Juvenile Court | ☐ | |

Civil Action No. **23-A-04661-11**

Date Filed **May 30, 2023**

Georgia, **Gwinnett** COUNTY

Attorney's Address

Law office of T. Michael Flinn
402 Tanner st.
Carrollton, GA 30117

Name and Address of Party to be Served.

Trust Financial Corporation
Registered Agent- Corporation Service Company
2 Sun Court Suite 400
Peachtree Corners, GA 30092

**Sarah M. Baughman**

_____ Plaintiff

VS.

**Trust Financial Corporation**

_____ Defendant

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

_Complaint, Summons & Discovery Request_

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒

Served the defendant **Trust Financial Corp**
by leaving a copy of the within action and summons with **Alisha Smith**
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **20** day of **June**, 20 **23**.

**J. Williams 80139**

_____ DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE CLERK    CANARY PLAINTIFF    PINK DEFENDANT

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**        23019340

**Person Served:**     TRUIST FINANCIAL CORP
                       SUITE 400
                       2 SUN COURT
                       PEACHTREE CORNERS GA 30092
                       PHONE:

## Process Information:

Date Received:     06/16/2023

Assigned Zone:     2 Sun Court                  Court Case #:     23-A-04661-11

Expiration Date:                                Hearing Date:

Paper Types:       COMPLAINT

Notes/Alerts:

## Notes:

_____

_____

_____

_____

_____

_____

# EXHIBIT 2

Pledged to the FRB Richmond

**GA-103-ARB 10/10/2015**

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
LARA'S TRUCKS INC.
3020 SATELLITE BLVD,
DULUTH, GA 30096

**Buyer(s) Name(s) and Address(es)**
SARAH MARIETTE BAUGHMAN

COUNTY: FULTON
PHONE: (770) 235-9490

**Summary**
No.  39402
Date  06/14/2022

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid when you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00. |
|---|---|---|---|---|
| 6.4600 % | $ 7913.29 | $ 37873.67 | $ 45786.96 | $ 45786.96 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 635.93 | MONTHLY Beginning 07/14/2022 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $50.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2014 | CHEVROLET | SILVERADO 1500 | CREW CAB 4WD | 3GCUKSEC3EG407601 | 110644 |

☐ New
☒ Used
☐ Demo

Other:

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: N/A

N/A . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ 37873.67 plus finance charges accruing on the unpaid
balance at the rate of 6.4600 % per year from the date of this Contract

until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 6.4600 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed.*

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of
$ N/A that will be ☐ paid in cash. ☐ financed
over the term of the Contract.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of
$ if you pay this Contract in full before we have earned that much in finance charges.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.   SIMPLE INTEREST
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (906A/336) VER: DOTNET 02/22/2016

RSSIMVLFAZGA 10/10/2015
Page 1 of 6

BUYER'S INITIALS 

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. tax of $ 2111.67 ) | $ | 34106.67 |
| b. | Trade-in allowance | $ | N/A |
| c. | Less: Amount owing, paid to (includes k): N/A | $ | N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ | N/A |
| e. | Cash payment | $ | N/A |
| f. | Manufacturer's rebate | $ | N/A |
| g. | Deferred down payment | $ | N/A |
| h. | Other down payment (describe) N/A | $ | N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ | 0.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ | 34106.67 |
| k. | Financed trade-in balance (see line d) | $ | N/A |
| l. | Paid to public officials, including filing fees | $ | N/A |
| m. | Insurance premiums paid to insurance company(ies) | $ | N/A |
| n. | Service Contract, paid to: WARRANTECH | $ | 2750.00 |
| o. | To: N/A | $ | N/A |
| p. | To: STATE - TITLE/TAG/REG. | $ | 18.00 |
| q. | To: N/A | $ | N/A |
| r. | To: CARCO | $ | 699.00 |
| s. | To: CARCO | $ | 300.00 |
| t. | To: N/A | $ | N/A |
| u. | To: N/A | $ | N/A |
| v. | To: N/A | $ | N/A |
| w. | To: N/A | $ | N/A |
| x. | To: N/A | $ | N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ | 3767.00 |
| z. | **Prepaid Finance Charge** | $ | N/A |
| aa. | **Amount Financed** (j+y-z) | $ | 37873.67 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverage you have chosen to purchase.

**Credit Life**

☐ Single   ☐ Joint   ☒ None

Premium $ N/A                          Term N/A

Insured N/A

**Credit Disability**

☐ Single   ☐ Joint   ☒ None

Premium $ N/A                          Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____ DOB _____

By: _____ DOB _____

By: _____ DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A                  Deductible, Collision Cov.   $ N/A
☐ $ N/A                  Deductible, Comprehensive   $ N/A
☐ Fire-Theft and Combined Additional Cov.           $ N/A
☐ N/A                                                $ N/A

**Liability** insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (908A/336) VER: DOTNET 02/22/2016

SIMPLE INTEREST

RSSIMVLFAZGA 10/10/2015
Page 2 of 6

BUYER'S INITIALS _____ 5B

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**

| Term | 24 MONTHS/24000 MILES |
|---|---|
| Price | $ 2750.00 |
| Coverage | SEE ORIG DOCUMENT - WARRANTECH |

☐ **Gap Waiver or Gap Coverage**

| Term | N/A |
|---|---|
| Price | $ N/A |
| Coverage | N/A |

☐ **N/A**

| Term | N/A |
|---|---|
| Price | $ N/A |
| Coverage | N/A |

                                      6-14-22

**By:** SARAH MARIETTE BAUGHMAN                     Date

_____

**By:** _____     Date

_____

**By:** _____     Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $30.00 or 5% of the face amount of the instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, after we provide any demand or notice required by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Georgia and applicable federal laws and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◆ You fail to perform any obligation that you have undertaken in this Contract.

◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours. The maximum attorneys' fees you will pay will be 15% of the amount you owe.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.

◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

◆ Except when prohibited by law and after we provide any required notices, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (908A/336) VER: DOTNET 02/22/2016                SIMPLE INTEREST                RSSIMVLFAZGA 10/10/2015
                                                                                             Page 3 of 6
BUYER'S INITIALS 

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property, and we will give you any notice(s) required by law before we dispose of the property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.

◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.

◆ You will pay all taxes and assessments on the Property as they become due.

◆ You will notify us with reasonable promptness of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**

◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**

◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator shall be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

Customized by Wayne Reeves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (908A/336) VER: DOTNET 02/22/2016

SIMPLE INTEREST

RSSIMVLFAZGA 10/10/2015

BUYER'S INITIALS _SB_

Page 4 of 6

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, than to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

*[This area intentionally left blank.]*

### Notices

**NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The Information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Si compra un vehículo usado: La Información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____                                    Date: _____

    Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.   SIMPLE INTEREST
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (908/V336) VER: DOTNET 02/22/2016

ASSIMVLFAZGA 10/10/2015

Page 5 of 6

BUYER'S INITIALS _____

## Arbitration Provision and Process to Remove

This Contract contains an Arbitration Provision that affects your rights. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.

Buyer initials: _SB_____  _____  _____

## Acknowledgment for Electronic Signatures

☐  Electronic Signature Acknowledgment. You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

Entire Agreement. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: SARAH MARIETTE BAUGHMAN                     Date  6-14-22

By: _____            Date  _____

By: _____            Date  _____

Notice to Buyer. 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer SARAH MARIETTE BAUGHMAN

By: SARAH MARIETTE BAUGHMAN                     Date  6-14-22

By: _____            Date  _____

By: _____            Date  _____

Seller LARA'S TRUCKS INC.

By: _____            Date  6-14-22

Assignment. This Contract and Security Agreement is assigned to TRUIST

PO BOX 315, WILMINGTON, OH 45177-

the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐  This Assignment is made with recourse.

Seller  LARA'S TRUCKS INC.

By: _____            Date  6-14-22

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-GA Not for use in transactions secured by a dwelling.  SIMPLE INTEREST
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
GARSMFAZ.PDF (908A/336) VER: DOTNET 02/22/2016

RSSIMVLFAZGA 10/10/2015
BUYER'S INITIALS  SB    Page 6 of 6

# EXHIBIT 3

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Sarah M. Baughman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action File No.:** |
| v. | ) | **23-A-04661-11** |
| | ) | |
| Truist Financial Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

Notice is hereby given that on July 19, 2023, pursuant to the provisions of 28 U.S.C. §§ 1331, *et seq.*, Defendant Truist Bank, improperly named as Truist Financial Corporation ("Truist"), filed with the United States District Court for the Northern District of Georgia, Atlanta Division, a Notice of Removal of the above-captioned case from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as **Exhibit A**, and notice is being provided to Plaintiff.

Respectfully submitted this 19th day of July, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Erik J. Badia*
Nancy Baughan
Georgia Bar No. 042575
Erik J. Badia
Georgia Bar No. 327905
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 868-2100
Email: nbaughan@bradley.com
　　　ebadia@bradley.com

*Counsel for Defendant Truist Bank*

1

## **CERTIFICATE OF SERVICE**

I certify that I have on this day served a true copy of the foregoing Notice of Removal by filing a copy of the same with the Court's electronic filing system, which will send notice to all parties of record, and by depositing a copy in U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

T. Michael Flinn
**Law Offices of T. Michael Flinn**
402 Tanner Street
Carrollton, GA 30117
*Attorney for Plaintiff Sarah M. Baughman*

This 19th day of July, 2023.

*/s/ Erik J. Badia*
Erik J. Badia