**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **James Alphonso Griffin, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: _____** |
| | ) | |
| **v.** | ) | **(Removed from the Superior Court of** |
| | ) | **Fulton County, Georgia Civil Action No.** |
| **Freedom Mortgage Corporation,** | ) | **2023CV378048)** |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant Freedom Mortgage Corporation ("Freedom"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for this removal, Freedom states as follows:

### I.    Background

1.      On or about March 28, 2023, Plaintiff, acting *pro se*, filed a document titled "Verified Complaint for Declaratory and Injunctive Relief" (the "Complaint")

in the Superior Court of Fulton County, Georgia as Action No. 2023CV378048 against Freedom (the "State Court Action").[1]

2.     Plaintiff's Complaint relates to a piece of real property commonly known as 189 Durham Lakes Parkway, Fairburn, Georgia 30213 (the "Property"). (*See* Exhibit A, Complaint ("Compl."), at ¶2.) Plaintiff alleges that Freedom violated various federal statutes by purportedly not allowing him to assume the mortgage of his late father. (*See id*. at ¶¶2-7.)

3.     Plaintiff also seeks to enjoin Freedom from initiating foreclosure proceedings on the Property, from evicting Plaintiff from the Property, as well as money damages, including punitive damages. (*See id*.)

4.     The Superior Court of Fulton County is a state court within this district and division.

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and

---

[1]     All pleadings that have been filed in the State Court Action that are available on the online docket for Fulton County, Georgia, are attached hereto as **Exhibit A**.

is not required to be served on the defendant, whichever period
is shorter.

6.    Plaintiff's Complaint was filed on March 28, 2023, but Defendant
Freedom was not served until June 23, 2023. (*See* Ex. A, at p. 15.) This Notice of
Removal is being filed within 30 days of service of the Complaint on Freedom and
is therefore timely.

## II.    Grounds for Removal – Federal Question Jurisdiction

7.    Pursuant to 28 U.S.C. § 1331, this Court has federal question
jurisdiction over this lawsuit because it arises under the Constitution, laws, or treaties
of the United States.

8.    Plaintiff expressly alleges in the Complaint that Freedom violated the
federal Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the Real Estate
Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (*See* Exhibit A,
Complaint ("Compl."), at ¶¶5, 6-7.)

9.    Because Plaintiff's claims in the Complaint against Freedom arise
under TILA, RESPA, and the FDCPA, this Court has federal question jurisdiction
pursuant to 28 U.S.C. § 1331.[2] *See Boone v. JP Morgan Chase Bank*, 447 F. App'x

---

[2]    To the extent Plaintiff also asserts "state law claims based on the allegations
of the complaint, this Court may exercise supplemental jurisdiction over such related

961, 963 (11th Cir. 2011) ("removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA").

### III.   Grounds for Removal - Diversity Jurisdiction

10.     This Court also has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

11.     Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

12.     Here, both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied under the Complaint.

### *A.  Complete Diversity of Citizenship Exists Between Plaintiff and Freedom.*

13.     Complete diversity exists here because Plaintiff and Freedom are not citizens of the same states.

---

claims." *Family Walk Allah Trust v. Bouc, et al.*, No. 120CV04036LMMRGV, 2021 WL 2492721, *3, 7 (N.D. Ga. Feb. 22, 2021), report and recommendation adopted sub nom. *Fam. Walk Allah Tr. v. Bouc*, No. 1:20-CV-4036-LMM-RGV, 2021 WL 2492469 (N.D. Ga. Mar. 15, 2021); *see also Boone*, 447 F. App'x at 963 ("A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal 'case or controversy,' or, more specifically, 'arise out of a common nucleus of operative fact with a substantial federal claim.'").

14.     Plaintiff is a resident and citizen of the state of Georgia. (Compl., ¶1.)

15.     Defendant Freedom is a New Jersey Corporation, with its principal place of business located in Florida. (*See* Annual Registration of Freedom Mortgage Corporation with the Georgia Secretary of State for the years 2022 and 2023, a true and accurate copy of which is attached hereto as **Exhibit B**.)[3] Therefore, Freedom is a citizen of New Jersey and Florida for the purposes of diversity jurisdiction. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

16.     Accordingly, there is complete diversity between Plaintiff and Freedom. (*See* Ex. B; Compl., ¶3.)

### B. The Amount in Controversy Exceeds the Jurisdictional Requirement.

17.     Diversity jurisdiction requires an amount in controversy of greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

18.     When a Plaintiff seeks declaratory or injunctive relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's

---

[3]     The Court can take judicial notice of the records maintained by the Georgia Secretary of State pursuant to Fed. R. Evid. 201. *See Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc*., 588 F. Supp. 3d 1328, 1331 n.3 (N.D. Ga. 2022) ("courts can take judicial notice of public records maintained by a secretary of state").

perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).[4]

19.    Here, Plaintiff seeks, among monetary relief (including punitive damages), to avoid a non-judicial foreclosure of the Property. (*See* Compl., at ¶¶3-7.)

20.    Accordingly, the value of Property is at issue, and therefore the Court may look to the value of the Property in determining the amount in controversy for purposes of diversity jurisdiction. *See Roper v. Saxon Mortg. Servs., Inc.*, No. CIV. 1:09-CV312RWS, 2009 WL 1259193, *2 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake."); *see also Waller*, 296 F.2d at 547.

21.    Current tax records from Fulton County, Georgia, reflect that the total value of the Property is $458,900.00. (*See* tax assessment record of Fulton County,

---

[4]     Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty.*, 59 F.4th 1158, 1160 n.1 (11th Cir. 2023).

Georgia for tax year 2023 of 189 Durham Lake Parkway, attached hereto as **Exhibit C**).[5]

22.     Accordingly, the amount in controversy is in this matter is in excess of $75,000.00. (*See* Compl., ¶¶3-7; Ex. C.)

23.     Because there is complete diversity of citizenship between Plaintiff and Freedom and because the amount in controversy is greater than $75,000.00, this court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

**IV.     All Other Requirements for Removal are Satisfied.**

24.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

---

[5]     As with the records of the Georgia Secretary of State, the Court can take judicial notice of the records maintained by the Fulton County Board of Tax Assessors pursuant to Fed. R. Evid. 201. *See, e.g., Fuller v. Suntrust Mortg., Inc.*, No. 1:13–CV–3924–TWT, 2014 WL 3887916, at *7 n.8 (N.D. Ga. Aug. 6, 2014) (taking judicial notice of county property tax records for amount in controversy determination); *Pah v. JPMorgan Chase Bank, N.A.*, No. 1:12–CV–4071–JEC, 2014 WL 1683332, at *2 (N.D. Ga. Apr. 29, 2014) (relying, in part, on Cobb County Tax Assessor's valuation of property for amount in controversy); *Baker v. Select Portfolio Serv., Inc.*, No. 1:12–CV–03493–JEC, 2013 WL 4806907, at *4 n.5 (N.D. Ga. Sept. 9, 2013) (finding amount in controversy satisfied by the value of the property where most recent tax assessment exceeded $75,000).

25.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of Fulton County, Georgia, the forum in which the Civil Action was pending.

26.     Freedom has heretofore sought no similar relief.

27.     Removal at the present time will not result in any prejudice to Plaintiff.

28.     Freedom reserves the right to amend or supplement this Notice of Removal.

29.     A copy of this Notice is being filed with the Clerk of the Superior Court of Fulton County, Georgia, as provided under 28 U.S.C. § 1446, as shown by **Exhibit D** attached hereto.

30.     By removing this action, Freedom does not waive any defenses available to it, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b).

31.     By removing this action, Freedom does not admit any of the allegations contained in Plaintiff's Complaint.

**WHEREFORE,** Freedom requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

8

Respectfully submitted this 19th day of July, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Erik J. Badia*
Erik J. Badia
Georgia Bar No. 327905
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 868-2100
ebadia@bradley.com

Keith S. Anderson
Georgia Bar No. 136246
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

*Counsel for Defendant Freedom Mortgage
Corporation*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document

has been prepared in accordance with Local Rule 5.1(B).


*/s/ Erik J. Badia*
Erik J. Badia

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the foregoing **NOTICE OF REMOVAL** by filing a copy of the same with the Court's CM/ECF system, and by depositing a copy in U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

James Alphonso Griffin, Jr.
165 Fashion Xing
McDonough, GA 30252
*Pro Se* Plaintiff

This 19th day of July, 2023.

*/s/ Erik J. Badia*
Erik J. Badia

# EXHIBIT A

Fulton County Superior Court
***EFILED***DG
Date: 3/28/2023 2:46 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

## SUMMONS

_James A. Griffin JR_

) Case
) No.: _2023CV378048_
)
)
_____ )
**Plaintiff,** )
)
vs. )
)
)
_Freedom Mortgage Corporation_ )
**Defendant** )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

_James A. Griffin_

_165 Fashion Xing
McDonough GA 30252
516-474-8989_

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____3/28/2023_____day of_____, 20_____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***DG
Date: 3/28/2023 2:46 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

James Alphonso Griffin, Jr,  }
      Plaintiff  }
  }
  }
v.  }
  }
  }
  }
Freedom Mortgage Corporation,  }
      Defendant  }
  }
  }

Civil Action No. 2023CV378048

EMERGENCY RELIEF REQUESTED

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PRELIMINARY INJUNCTION DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, James Alphonso Griffin, Jr., Plaintiff, and file this Emergency Motion

For Temporary Restraining Order; Preliminary Injunction; Declaratory and Injunctive relief

And request expedited consideration of this Motion, and state as follows:

Plaintiff James Alphonso Griffin, Jr., ("Plaintiff") files this motion against Freedom

Mortgage Corporation, ("Defendant").  Plaintiff is a resident of Fulton County, Georgia.

Defendant is a mortgage lender and servicer with a principal place of business in the State of

New Jersey.

1.

This Court has jurisdiction over this action pursuant to O.C.G.A. 9-10-91 and 9-11-4

As Plaintiff is a resident of Fulton County and Defendant is authorized to do business in the

In the State of Georgia.  Venue is proper in Fulton County, Georgia, pursuant to O.C.G.A.

9-10-93 as the property is located in Fulton County.

2.

Plaintiff's factual allegations are as follows:  On October 13, 2020, Plaintiff's father,

James Alphonso Griffin, Sr., passed away without a will.  Plaintiff's father owned the property

Located at 189 Durham Lakes Parkway, Fairburn, Georgia 30213 (the "Property").  At the time

Of his death, Plaintiff's father had a mortgage on the Property with the Defendant.  Plaintiff and

His siblings designated Plaintiff as the Administrator for their father's estate, with sole decision

Power.  Plaintiff contacted Defendant to advise them of his father's death and to assume

responsibility for the mortgage account.  Defendant advised Plaintiff that they would need an

official Death Certificate with the government seal to allow Plaintiff to assume responsibility

and control over the mortgage account.  Plaintiff obtained an official Death Certificate with the

government seal and provided it to Defendant.  Immediately after receiving the Death

Certificate, Defendant blocked Plaintiff from any access to the mortgage account.

3.

COUNT 1 - WRONGFUL FORECLOSURE

Defendant wrongfully initiated foreclosure proceedings on the Property without properly

Notifying Plaintiff or providing him with a reasonable opportunity to cure any default.

Defendant failed to follow the procedures set forth in O.C.G.A. 44-14-162.2 for notifying

Plaintiff of the foreclosure proceedings and allowing him to cure any default.  Defendant also

failed to follow the procedures set forth in O.C.G.A. 44-14-162.4 for notifying Plaintiff of his

Right to request a modification or other loss mitigation options.

4.

COUNT 11 – BREACH OF CONTRACT

Defendant breached the mortgage contract by refusing to accept payments or negotiate

With Plaintiff after his father's death.  The mortgage contract required Defendant to accept

payments and work with Plaintiff to address any default or delinquency.  Defendant also

breached the mortgage contract by applying miscellaneous fees and forced place insurance
without proper notice or justification.

5.

## COUNT 111 – VIOLATION OF TRUTH IN LENDING ACT

Defendant violated the Truth in Lending Act, 15 U.S.C 1601 et seq. ("TILA"), by
Failing to provide Plaintiff with proper disclosures and notice of his right to rescind the mortgage
loan. Defendant also violated TILA by failing to provide Plaintiff with accurate and complete
loan servicing information, including payment history and fees.

6.

## COUNT IV – BREACH OF GOOD FAITH AND FAIR DEALING

Defendant breached the implied covenant of good faith and fair dealing by blocking
Plaintiff from any access to the mortgage account and failing to negotiate with Plaintiff.
Defendant also breached the implied covenant of good faith and fair dealing by Defendant's
actions in blocking the Plaintiff from any access to the property mortgage account, preventing
the Plaintiff from making payments or negotiation a forbearance or modification, constitutes a
breach of the implied covenant of good faith and fair dealing. The Defendant's actions in
blocking the Plaintiff from any access to the property mortgage account, preventing the Plaintiff
from making payments or negotiating a forbearance or modification, constitute fraud in violation
of O.C.G.A. 51-6-2. The Defendant's failure to provide the Plaintiff with a complete and
accurate disclosure of the terms and conditions of the mortgage contract violates the Truth in
Lending Act, 15 U.S.C 1601 et seq. The Defendant's failure to provide the Plaintiff with a
complete and accurate disclosure of the terms and conditions of the mortgage contract violates
the Real Estate Settlement Procedures Act, 12 U.S.C 2601 et seq.

7.

The Plaintiff incorporates by reference all previous paragraphs. The Defendant has violated the FDCPA, 15 U.S.C 1692, by engaging in unfair and deceptive practices in the attempt to collect a debt, and refusing to negotiate payment arrangements. Georgia Fair Business Practices Act (O.C.G.A. 10-1-390 et seq.)

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

A.  An order enjoining and restraining Defendants, their agents, servants, employees, and attorneys, and any person or entity acting in concert or participating with them from:

   (i)     Taking any further action to foreclosure on the Property;

   (ii)    Instituting any action or proceeding to evict Plaintiff from the Property

   (iii)   Making any representations, orally or in writing, that the Property has been foreclosed n, sold, or that title has otherwise been transferred to any third party; and

   (iv)    Taking any other action that would interfere with Plaintiff's possession, use and enjoyment of the Property.

B.  An order directing Defendants to account Plaintiff for all payments made with respect to the Property, including all payments for insurance and taxes, and for all other amounts wrongfully assessed against the Property, including any improper fees, penalties, and interest.

C.  An order directing Defendants to provide Plaintiff with a full and complete accounting of all funds received in connection with the Property.

D.  An order directing Defendants to remove any negative credit reports made against Plaintiff's credit record.

E.  An award of actual damages, including but not limited to, loss of equity in the Property,

any costs associated with the wrongful foreclosure, any moving expenses, and any lost rental income.

F. An Award of punitive damages, in an amount to be determined by the Court.

G. Reasonable attorney's fees, expenses, and costs incurred in connection with this action, as allowed by law.

H. Such other and further relief as the Court may deem just and proper.

I. A cease-and-desist order, prohibiting Defendants from further violations of state and federal law, and awarding statutory damages to Plaintiff for any violations of such law.

J. An injunction, prohibiting Defendant's from any further collection efforts or communications with Plaintiff and from selling or assigning the alleged debt to any other party, pursuant to the Fair Debt Collection Practices Act.

K. Such other and further relief as the court deems just and proper under the circumstances.

Plaintiff requests a trial by jury.

Respectfully submitted this the 27th day of March 2023.

James Alphonso Griffin, Jr
Pro Se

165 Fashion Xing
McDonough, Ga 30252

516-474 8989

GUNTALKVIP@GMAIL.com

Fulton County Superior Court
***EFILED***DG
Date: 3/28/2023 2:46 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

James Alphonso Griffin, Jr.　　　　　}
　　　　　　　　　　　　　　　　　　}　　　　　　2023CV378048
　　　　　　　　　　　　　　　　　　}　Civil Action No_____
v.　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}
Freedom Mortgage Corporation　　　　}
_____}

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff James Alphonso Griffin, Jr., ("Plaintiff") files this motion against Freedom

Mortgage Corporation, ("Defendant").  Plaintiff is a resident of Fulton County, Georgia.

Defendant is a mortgage lender and servicer with a principal place of business in the State of

New Jersey.

1.

This Court has jurisdiction over this action pursuant to O.C.G.A. 9-10-91 and 9-11-4

As Plaintiff is a resident of Fulton County and Defendant is authorized to do business in the

In the State of Georgia.  Venue is proper in Fulton County, Georgia, pursuant to O.C.G.A.

9-10-93 as the property is located in Fulton County.

2.

Plaintiff's factual allegations are as follows:  On October 13, 2020, Plaintiff's father,

James Alphonso Griffin, Sr., passed away without a will.  Plaintiff's father owned the property

Located at 189 Durham Lakes Parkway, Fairburn, Georgia 30213 (the "Property").  At the time

Of his death, Plaintiff's father had a mortgage on the Property with the Defendant.  Plaintiff and

His siblings designated Plaintiff as the Administrator for their father's estate, with sole decision

Power.  Plaintiff contacted Defendant to advise them of his father's death and to assume

responsibility for the mortgage account.  Defendant advised Plaintiff that they would need an

official Death Certificate with the government seal to allow Plaintiff to assume responsibility

and control over the mortgage account.  Plaintiff obtained an official Death Certificate with the

government seal and provided it to Defendant.  Immediately after receiving the Death

Certificate, Defendant blocked Plaintiff from any access to the mortgage account.

3.

## COUNT 1 - WRONGFUL FORECLOSURE

Defendant wrongfully initiated foreclosure proceedings on the Property without properly

Notifying Plaintiff or providing him with a reasonable opportunity to cure any default.

Defendant failed to follow the procedures set forth in O.C.G.A. 44-14-162.2 for notifying

Plaintiff of the foreclosure proceedings and allowing him to cure any default.  Defendant also

failed to follow the procedures set forth in O.C.G.A. 44-14-162.4 for notifying Plaintiff of his

Right to request a modification or other loss mitigation options.

4.

## COUNT 11 – BREACH OF CONTRACT

Defendant breached the mortgage contract by refusing to accept payments or negotiate

With Plaintiff after his father's death.  The mortgage contract required Defendant to accept

payments and work with Plaintiff to address any default or delinquency.  Defendant also

breached the mortgage contract by applying miscellaneous fees and forced place insurance

without proper notice or justification.

5.

## COUNT 111 – VIOLATION OF TRUTH IN LENDING ACT

Defendant violated the Truth in Lending Act, 15 U.S.C 1601 et seq. ("TILA"), by

Failing to provide Plaintiff with proper disclosures and notice of his right to rescind the mortgage loan. Defendant also violated TILA by failing to provide Plaintiff with accurate and complete loan servicing information, including payment history and fees.

6.

## COUNT IV – BREACH OF GOOD FAITH AND FAIR DEALING

Defendant breached the implied covenant of good faith and fair dealing by blocking Plaintiff from any access to the mortgage account and failing to negotiate with Plaintiff. Defendant also breached the implied covenant of good faith and fair dealing by Defendant's actions in blocking the Plaintiff from any access to the property mortgage account, preventing the Plaintiff from making payments or negotiation a forbearance or modification, constitutes a breach of the implied covenant of good faith and fair dealing. The Defendant's actions in blocking the Plaintiff from any access to the property mortgage account, preventing the Plaintiff from making payments or negotiating a forbearance or modification, constitute fraud in violation of O.C.G.A. 51-6-2. The Defendant's failure to provide the Plaintiff with a complete and accurate disclosure of the terms and conditions of the mortgage contract violates the Truth in Lending Act, 15 U.S.C 1601 et seq. The Defendant's failure to provide the Plaintiff with a complete and accurate disclosure of the terms and conditions of the mortgage contract violates the Real Estate Settlement Procedures Act, 12 U.S.C 2601 et seq.

7.

The Plaintiff incorporates by reference all previous paragraphs. The Defendant has violated the FDCPA, 15 U.S.C 1692, by engaging in unfair and deceptive practices in the attempt to collect a debt, and refusing to negotiate payment arrangements. Georgia Fair Business Practices Act (O.C.G.A. 10-1-390 et seq.)

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

A. An order enjoining and restraining Defendants, their agents, servants, employees, and attorneys, and any person or entity acting in concert or participating with them from:

   (i)    Taking any further action to foreclosure on the Property;

   (ii)   Instituting any action or proceeding to evict Plaintiff from the Property

   (iii)  Making any representations, orally or in writing, that the Property has been foreclosed n, sold, or that title has otherwise been transferred to any third party; and

   (iv)  Taking any other action that would interfere with Plaintiff's possession, use and enjoyment of the Property.

B. An order directing Defendants to account Plaintiff for all payments made with respect to the Property, including all payments for insurance and taxes, and for all other amounts wrongfully assessed against the Property, including any improper fees, penalties, and interest.

C. An order directing Defendants to provide Plaintiff with a full and complete accounting of all funds received in connection with the Property.

D. An order directing Defendants to remove any negative credit reports made against Plaintiff's credit record.

E. An award of actual damages, including but not limited to, loss of equity in the Property, any costs associated with the wrongful foreclosure, any moving expenses, and any lost rental income.

F. An Award of punitive damages, in an amount to be determined by the Court.

G. Reasonable attorney's fees, expenses, and costs incurred in connection with this action,

as allowed by law.

H.  Such other and further relief as the Court may deem just and proper.

I.  A cease-and-desist order, prohibiting Defendants from further violations of state and

federal law, and awarding statutory damages to Plaintiff for any violations of such law.

J.  An injunction, prohibiting Defendant's from any further collection efforts or

communications with Plaintiff and from selling or assigning the alleged debt to any other

party, pursuant to the Fair Debt Collection Practices Act.

K.  Such other and further relief as the court deems just and proper under the circumstances.

Plaintiff requests a trial by jury.

Respectfully submitted this the 27th day of March 2023.

James Alphonso Griffin, Jr
Pro Se

165 Fashion Xing
McDonough, Ga 30252

516-474-8989
GuntAlKvip@Gmail.com
3/28/2023

Fulton County Superior Court
***EFILED***DG
Date: 3/28/2023 2:46 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of ___Fulton___ County

| For Clerk Use Only | |
|---|---|
| Date Filed __3/28/2023__ <br> MM-DD-YYYY | Case Number __2023CV378048__ |

**Plaintiff(s)**  GRIFFIN  JAMES  A  Jr
Last      First      Middle I.   Suffix   Prefix

**Defendant(s)**  FREEDOM  MORtgage  Corporation
Last      First      Middle I.   Suffix   Prefix

Last      First      Middle I.   Suffix   Prefix  |  Last      First      Middle I.   Suffix   Prefix

Last      First      Middle I.   Suffix   Prefix  |  Last      First      Middle I.   Suffix   Prefix

Last      First      Middle I.   Suffix   Prefix  |  Last      First      Middle I.   Suffix   Prefix

**Plaintiff's Attorney** _____  **State Bar Number** _____  **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☒ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                     **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***QW
Date: 6/5/2023 1:09 PM
Cathelene Robinson, Clerk

**RK**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMES ALPHONSO GRIFFIN, JR,

      Petitioner(s),

v.

FREEDOM MORTGAGE CORPORATION,

      Respondent(s).

CIVIL ACTION FILE

NO. 2023CV378048

<u>JUDGE KRAUSE</u>

<u>**NOTICE OF INTENT TO DISMISS FOR FAILURE TO PERFECT SERVICE**</u>

The Court notes that service has not yet been perfected upon the Respondent(s) pursuant to O.C.G.A. §9-11-4, although the Petition/Complaint was filed on March 28, 2023.

Accordingly, Petitioner(s) is hereby noticed that unless Petitioner(s) causes valid service of process to be perfected pursuant to O.C.G.A. § 9-11-4 and the proof of service filed by June 28, 2023, the Petition/Complaint may be dismissed at the discretion of the Court.

**SO NOTICED**, this 5th day of June, 2023.

      /S/ Mitchell Freehauf

      _____

      Mitchell Freehauf,
      Staff Attorney for Hon. Rachel R. Krause
      Mitchell.Freehauf@fultoncountyga.gov

*Filed and Served via eFileGA*

Fulton County Superior Court
***EFILED***if
Date: 6/28/2023 4:14 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF** _Fulton_ **COUNTY**

**STATE OF GEORGIA**

_James Alphonso Griffin Jr_ §
Plaintiff,

§   Civil Action File No. _2023CV378048_

**v.** §

_Freedom Mortgage,_ §
Defendant.

## CERTIFICATE OF SERVICE

I _James Alphonso Griffin Jr_ , hereby certify that on
(name)
_6/23/2023_ _at 12:04 pm_ , I served copies of
(date)
_Verified Complaint for Declaratory_ , on the following
(name of document) _+ Injunctive Relief_

parties by way of _Hand Delivered in Person_ :
(U.S. mail, UPS, Overnight mail, fax, courier, etc.)

[Name and addresses of Parties]

_CT Corporations, 289 S. Culver St. Lawrenceville Ga._
_30046_
_Intake Specialist Jane Richardson_
_Registered Agent for Freedom Mortgage_

This _23_ day of _June_ , 20 _23_.

Plaintiff (_pro se_)

Fulton County Superior Court
***EFILED***KJ
Date: 6/29/2023 11:55 AM
Cathelene Robinson, Clerk

# AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Fulton**                    **Superior Court**

Case Number: 2023CV378048

Plaintiff: **James Alphonso Griffin Jr.** vs.
Defendant: **Freedom Mortgage Corporation**

Received by Hadjara Sanoko on the 27th day of June, 2023 at 10:37 pm to be served on **Freedom Mortgage Corporation, 289 S Culver st, Lawrenceville, GA 30046**. I, Hadjara Sanoko, being duly sworn, depose and say that on the 28th day of June, 2023 at 2:37pm., executed service by delivering a true copy of the **Summons, Verified Complaint for Declaratory and Injunctive Relief** in accordance with state statutes in the manner marked below:

CORPRATE SERVICE: By serving Jane Richardson, who identified themselves as the Intake Specialist a person authorized to accept service with identity confirmed by saying yes when named.

Age: 56, SEX  F,  Race White, Height 5'6, Weight: 210, Hair: Blonde, Glasses:  Y

**COMMENTS:**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 2⁴
day of _____JUNE_____ _2023_ by the affiant
who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER

Appointed in accordance with State Statutes

**Trust The Process Services**

**678-337-1883**

# EXHIBIT B

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 02/01/2023 13:27:50

## BUSINESS INFORMATION

| | | |
|---|---|---|
| **BUSINESS NAME** | : | FREEDOM MORTGAGE CORPORATION |
| **CONTROL NUMBER** | : | K201679 |
| **BUSINESS TYPE** | : | Foreign Profit Corporation |
| **JURISDICTION** | : | New Jersey |
| **ANNUAL REGISTRATION PERIOD** | : | 2023, 2024 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| David Firestone | CFO | 907 Pleasant Valley Ave, STE 3, Mount Laurel, NJ, 08054, USA |
| MARIA T GALLUCCI | Secretary | 907 PLEASANT VALLEY AVE. STE 3, MOUNT LAUREL, NJ, 08054, USA |
| STANLEY C. MIDDLEMAN | CEO | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| David Firestone | CFO | 30 Lake Center, 401 Route 73, SUITE 110, Marlton, NJ, 08053, USA |
| MARIA T GALLUCCI | Secretary | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |
| STANLEY C. MIDDLEMAN | CEO | 951 Yamato Road, Suite 175, Boca Raton, FL, 33431, USA |

## AUTHORIZER INFORMATION

| | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Brian Richman |
| **AUTHORIZER TITLE** | : | Authorized Person |

# EXHIBIT C



**BOARD OF ASSESSORS**

**Peachtree Center North Tower**
**(Administrative Office)**
235 Peachtree Street, NE Suite 1400
Atlanta, GA 30303
Hours of Operation:
Monday-Friday 8am-4:30pm



**Fulton County Government Center**
141 Pryor Street, Suite 1018
Atlanta, GA 30303-3487

**Fulton County Customer Service Center**
11575 Maxwell Road, Suite 102
Alpharetta, GA 30009

**Greenbriar Mall**
2841 Greenbriar Parkway, Suite 124
Atlanta, GA 30331

**North Fulton Service Center**
7741 Roswell Road, N.E., Suite 210
Atlanta, GA 30350

**South Fulton Service Center**
5600 Stonewall Tell Road, Suite 224
College Park, GA 30349



# EXHIBIT D

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **James Alphonso Griffin, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.:** |
| | ) | **2023CV378048** |
| **Freedom Mortgage Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

Notice is hereby given that on July 19, 2023, pursuant to the provisions of 28 U.S.C. §§ 1331, *et seq.*, Defendant Freedom Mortgage Corporation, filed with the United States District Court for the Northern District of Georgia, Atlanta Division, a Notice of Removal of the above-captioned case from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as **Exhibit 1**, and notice is being provided to Plaintiff.

Respectfully submitted this 19th day of July, 2023.

> **BRADLEY ARANT BOULT CUMMINGS LLP**
>
> */s/ Erik J. Badia*
> Erik J. Badia
> Georgia Bar No. 327905
> 1230 Peachtree Street, NE
> Atlanta, GA 30309
> Telephone: (404) 868-2100
> ebadia@bradley.com
>
> Keith S. Anderson
> Georgia Bar No. 136246
> One Federal Place
> 1819 Fifth Avenue North
> Birmingham, Alabama 35203
> Telephone: (205) 521-8000
> Facsimile: (205) 521-8800

1

kanderson@bradley.com

*Counsel for Defendant Freedom Mortgage Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the foregoing Notice of Removal by filing a copy of the same with the Court's electronic filing system, which will send notice to all parties of record, and by depositing a copy in U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

James Alphonso Griffin, Jr.
165 Fashion Xing
McDonough, GA 30252
Pro Se Plaintiff

this 19th day of July, 2023.

*/s/ Erik J. Badia*
Erik J. Badia