UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSAY MORTIMER,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS WALKER,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Lindsay Mortimer ("Plaintiff" or "Ms. Mortimer") and files her Complaint against Defendant Nicholas Walker ("Defendant"), showing the Court as follows:

**INTRODUCTION**

1. Ms. Mortimer was in a long-term relationship with Defendant.

2. When Ms. Mortimer ended that relationship because of Defendant's infidelity, Defendant decided to take revenge. Without consent, he publicly posted on PornHub.com a video of them engaged in sexual conduct with the caption "EX BBW WHORE" ("Video")—which he had started recording without her consent,

1

no less. Then he texted her a link to the Video, along with the following vile threats:

> You a bitch to me and a [sic] ass hole fuck you then. Here you go be a star . . .
>
> [Video link, including the caption] EX BBW WHORE . . .
>
> It's all good, what happens if your school get [sic] this . . .

3. In other words, Defendant resorted to revenge porn.

4. Defendant's revenge porn and threats had their intended consequence: causing Ms. Mortimer to suffer from severe emotional distress due to his outrageous conduct.

5. For this, Defendant is liable.

## **PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Lindsay Mortimer is a citizen and resident of the state of Georgia and Fulton County, and she has been for all times relevant.

7. Defendant Nicholas Walker is a citizen and resident of South Carolina who can be served with process at 128 Red Northern Oak Way, Bluffton, SC 29910.

8. When Defendant engaged in the tortious conduct, he was a citizen and resident of Cobb County, Georgia.

9. There exists complete diversity of citizenship between Plaintiff and Defendant.

10. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

11. Therefore, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

12. Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b), including because a substantial part of the events or omissions giving rise to the claim occurred in this district, where both parties were located when the tortious conduct occurred.

13. This Court has personal jurisdiction over Defendant because he engaged in the tortious conduct in question while in the state of Georgia, where he was a citizen and resident at the time, and he knowingly directed his conduct at the state of Georgia, where he engaged in a persistent course of conduct and where he knew the Plaintiff was domiciled when the tortious conduct occurred.

## **FACTUAL BACKGROUND**

14. Ms. Mortimer and Defendant were in a serious, romantic relationship for several years, spanning 2016 to 2019.

15. In December of 2019, Ms. Mortimer broke up with Defendant because of his infidelity.

16. On January 15, 2020, Defendant publicly posted the Video to PornHub.com, depicting the parties engaged in private, secluded, and explicit sexual conduct, and displaying the parties' genitals, as well as Ms. Mortimer's face and body.

17. The Video was not originally made for commercial purposes.

18. The Video did not depict Ms. Mortimer in a public setting.

19. The Video displayed Ms. Mortimer's image, including her face.

20. The Video included the caption, "EX BBW WHORE."

21. As Defendant knew, Ms. Mortimer never, in any respect, consented to Defendant publicly posting the Video. And when he had recorded the video on his phone, he did so without first seeking her consent.

22. Plaintiff did not, herself, publicly disclose the Video, including because it depicted sexually intimate, private, and secluded conduct, as well as visual depictions of Plaintiff's genitalia, all of which Plaintiff objected to being made public.

23. The Video was not made public until Defendant published it to PornHub.com.

24. The Video reasonably and falsely conveyed, *inter alia*, that Ms. Mortimer was a sex worker.

25. The Video reasonably and falsely conveyed, *inter alia*, that Ms. Mortimer was a whore.

26. The Video reasonably and falsely conveyed, *inter alia*, that Ms. Mortimer had consented to posting the Video on the Internet: e.g., that she consented to her intimate sexual conduct and genitals being publicly displayed on the Internet for the world to see.

27. Defendant had actual knowledge that Ms. Mortimer was not a sex worker.

28. Defendant had actual knowledge that Ms. Mortimer was not a whore.

29. Defendant had actual knowledge that Ms. Mortimer had not consented to the posting of the Video on the Internet.

30. On January 15, 2020, Defendant texted a link of the Video to Ms. Mortimer, along with the following vile threats:

> You a bitch to me and a [sic] ass hole fuck you then. Here you go be a star . . .
>
> [Video link and screen cap] EX BBW WHORE . . .
>
> It's all good, what happens if your school get this . . .

31. Upon information and belief, more than one dozen third-parties viewed the Video on PornHub.com.

32. Defendant's publication of the Video to PornHub.com was directed at Ms. Mortimer with the intent to cause her substantial emotional distress.

33. Ms. Mortimer reported Defendant's publication of the Video and his accompanying vile and threatening text messages to the Milton Police Department on January 16, 2020.

34. This matter arises out of the facts and circumstances relating to Defendant's commission of a crime for which he is currently under criminal prosecution—his publication of the Video and his accompanying vile and threatening text messages—in the matter styled as State of Georgia v. Nicholas Walker, 23CR000510E, Fulton County State Court, which prosecution is being pursued under O.C.G.A. §§ 16-11-39.1 and 16-11-90(b). Said prosecution has neither become final nor otherwise terminated.

35. More than seven days before Ms. Mortimer filed this Complaint, she sent a retraction demand to Defendant, who did not fully retract his false and *per se* defamatory statements about her. A true and correct copy of the retraction demand is attached hereto as Exhibit A.

## COUNT ONE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 35 of this Complaint as if specifically set forth herein.

37. Defendant intentionally texted Plaintiff a link to the Video and the accompanying vile language and threats.

38. Defendant did so with the intent of causing severe emotional and mental distress to Plaintiff.

39. Defendant's conduct indeed caused severe emotional and mental distress to Plaintiff, as Defendant intended.

40. Defendant's conduct was callous, extreme, outrageous, and not to be tolerated in a civilized society.

41. Defendant knew or disregarded a high probability that his conduct would cause Plaintiff severe emotional and mental distress.

42. Defendant's intentional conduct proximately and directly caused Plaintiff to suffer severe emotional and mental distress.

43. Plaintiff is further entitled to recovery of her attorneys' fees and costs of litigation from Defendant for his intentional misconduct, which evidences that species of bad faith sufficient to justify such an award under Georgia law, as well

as for his stubborn litigiousness and cause of unnecessary trouble and expense to Plaintiff.

44. Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care would which raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages against Defendant in accordance with O.C.G.A. § 51-12-5.1.

## COUNT TWO
## PUBLIC DISCLOSURE OF PRIVATE FACTS

45. Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 35 of this Complaint as if specifically set forth herein.

46. Defendant posted the Video on PornHub.com, thereby publicly disclosing private images of Plaintiff's genitalia, and of Plaintiff engaged in intimate, sexual conduct.

47. The Video depicted matters of the Plaintiff that were private and secluded.

48. The Video was not public until Defendant posted it to PornHub.com.

49. Upon information and belief, third parties viewed the Video on PornHub.com.

50. As Defendant knew, the publication of the Video on PornHub.com was offensive and objectionable to a reasonable person of ordinary sensibilities.

Indeed, Defendant's conduct was callous, extreme, outrageous, and not to be tolerated in a civilized society—which is precisely why he engaged in the conduct.

51. Defendant did so with the intent of causing severe emotional and mental distress to Plaintiff.

52. Defendant's conduct indeed caused severe emotional and mental distress to Plaintiff, as Defendant intended.

53. Defendant knew or disregarded a high probability that his conduct would cause Plaintiff severe emotional and mental distress.

54. Defendant's intentional conduct proximately and directly caused Plaintiff to suffer severe emotional and mental distress.

55. Plaintiff is further entitled to recovery of her attorneys' fees and costs of litigation from Defendant for his intentional misconduct, which evidences that species of bad faith sufficient to justify such an award under Georgia law, as well as for his stubborn litigiousness and cause of unnecessary trouble and expense to Plaintiff.

56. Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care would which raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages against Defendant in accordance with O.C.G.A. § 51-12-5.1.

## COUNT THREE
## DEFAMATION *PER SE*

57. Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 35 of this Complaint as if specifically set forth herein.

58. Defendant published the Video to third parties.

59. The Video was of and concerning Plaintiff.

60. The Video was defamatory *per se* as it reasonably and falsely conveyed, and was intended to convey, that Plaintiff is guilty of some debasing act that may exclude her from society.

61. Defendant published the Video with malice and without privilege.

62. Defendant published the Video with actual malice: i.e., with knowledge of falsity or a reckless disregard for the truth or falsity.

63. Defendant did not fully retract the false and *per se* defamatory meanings reasonably conveyed by the Video.

64. Defendant knew or disregarded a high probability that his conduct would cause Plaintiff to suffer reputational harm and severe emotional and mental distress.

65. Defendant proximately and directly caused Plaintiff to suffer reputational harm and severe emotional and mental distress.

66. Plaintiff is further entitled to recovery of her attorneys' fees and costs of litigation from Defendant for his intentional misconduct, which evidences that species of bad faith sufficient to justify such an award under Georgia law, as well as for his stubborn litigiousness and cause of unnecessary trouble and expense to Plaintiff.

67. Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care would which raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages against Defendant in accordance with O.C.G.A. § 51-12-5.1.

**WHEREFORE**, Ms. Mortimer respectfully prays of this Court as follows:

A. That the Court enter judgment in Ms. Mortimer's favor and against Defendant as set forth in each Count of this Complaint;

B. That the Court award Ms. Mortimer actual and compensatory damages in excess of $75,000;

C. That the Court award Ms. Mortimer punitive damages;

D. That the Court award Ms. Mortimer her reasonable attorneys' fees and expenses of litigation;

E. That the Court tax the costs of this action against Defendant; and

F.     That the Court award such other and further relief as it deems just, proper, and equitable under the circumstances.

Respectfully submitted this 19th day of July, 2023.

                                     **WADE, GRUNBERG & WILSON, LLC**

                                     */s/ Jonathan D. Grunberg*
                                     Jonathan D. Grunberg
                                     State Bar No. 869318
                                     jgrunberg@wgwlawfirm.com
                                     G. Taylor Wilson
                                     State Bar No. 460781
                                     twilson@wgwlawfirm.com

                                     600 Peachtree Street, NE
                                     Suite 3900
                                     Atlanta, Georgia 30308
                                     404-600-1153
                                     404-969-4333 (fax)

                                     *Counsel for Plaintiff Lindsay Mortimer*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts so triable.

Dated:  July 19, 2023							By:  */s/ Jonathan D. Grunberg*
								Jonathan D. Grunberg
								State Bar No. 869318
								jgrunberg@wgwlawfirm.com
								G. Taylor Wilson
								State Bar No. 460781
								twilson@wgwlawfirm.com

								WADE, GRUNBERG & WILSON, LLC
								600 Peachtree Street, NE
								Suite 3900
								Atlanta, Georgia 30308
								404-600-1153
								404-969-4333 (fax)

								*Counsel for Plaintiff Lindsay Mortimer*

## **CERTIFICATION UNDER L.R. 7.1D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this COMPLAINT is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

    This 19th day of July, 2023.

                                            */s/Jonathan D. Grunberg*
                                            Jonathan D. Grunberg