**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RELIABLE LLOYDS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO: |
| ARAVIND RAMACHANDRAN, | |
| Defendant. | |

**RELIABLE LLOYDS INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Reliable Lloyds Insurance Company ("Reliable Lloyds") files this Complaint for Declaratory Relief under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 to 2202, against Defendant Aravind Ramachandran ("Ramachandran" or "Defendant").

1.     Reliable Lloyds seeks a declaration of its rights and obligations with respect to an insurance policy it issued to HyreCar, Inc. ("HyreCar") as the named insured, for the policy period May 15, 2021 to January 1, 2023, Policy No. FAR3381010 (the "Policy").

2.     Ramachandran filed a civil action in Georgia state court, styled *Aravind Ramachandran v. Mark A. Smith*, Case No. 22EV003604, State Court of Fulton

County, Georgia, against Mark Smith, who was an insured under the Policy, seeking damages from Smith for injuries allegedly sustained in a car accident (the "Underlying Lawsuit").

3.     Without Reliable Lloyds' consent, as part of a settlement agreement to resolve the Underlying Lawsuit ("Settlement Agreement"), Smith and Ramachandran agreed to an $11.5 million consent judgment in favor of Ramachandran (the "Consent Judgment").

4.     Under the Settlement Agreement, Smith also purportedly assigned his rights against Reliable Lloyds to Ramachandran.[1]

5.     In this Complaint for Declaratory Relief, Reliable Lloyds respectfully asks the Court to declare as follows:

   a.   That no coverage exists under the Policy for the Consent Judgment or the claims asserted in the Underlying Lawsuit, and Reliable Lloyds has no liability to Ramachandran as Smith's assignee, because Smith violated the Policy's conditions and forfeited coverage when he agreed to the Consent Judgment without Reliable Lloyds' consent ("Count I").

   b.   That Reliable Lloyds owed no primary layer coverage duties to Smith

---

[1] Because Smith assigned all claims to Ramachandran, Smith has no further interest in this matter and is thus not a party hereto.

because the $15,000 self-insured retention ("SIR") in the Policy defers any primary-layer duty to defend or indemnify by Reliable Lloyds until such time as the SIR is paid by HyreCar, as the named insured, or Sedgwick Claims Management Services, Inc. ("Sedgwick"), as the third-party administrator ("TPA") assigned in the Policy to handle claims for the insured within the SIR. A true, correct, and complete copy of the Policy is attached as **Exhibit 1** and is incorporated by reference in this Complaint. The only breaches of duty that Ramachandran alleges occurred before the SIR was exhausted, when primary-layer claims handling responsibility was solely with HyreCar and Sedgwick, and therefore such conduct is not chargeable against Reliable Lloyds ("Count II").

c.  That Reliable Lloyds did not breach a duty to settle because it either never possessed an open settlement offer within policy limits that was capable of acceptance, as alleged by Ramachandran, or if it did then Reliable Lloyds timely accepted it, as alleged by Reliable Lloyds ("Count III").

d.  In the alternative to Count I, in the event coverage is available under the Policy (which Reliable Lloyds denies, as set forth in Count I), the Policy's policy limits remain applicable because Reliable Lloyds did not breach any duty to Smith ("Count IV").

## THE PARTIES

6.     Reliable Lloyds is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Texas and operates its principal place of business in Miami, Florida. Therefore, for purposes of determining diversity jurisdiction, Reliable Lloyds is a citizen of Texas and Florida. 28 U.S.C. § 1332(c)(1).

7.     Upon information and belief, Ramachandran is a citizen and resident of the state of Georgia.  Therefore, for purposes of determining diversity jurisdiction, Ramachandran is a citizen of Georgia.  28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in Fulton County, which is situated within this district, and concerns an underlying lawsuit prosecuted in the State Court of Fulton County, Georgia, a court located in a county situated within this district.

## FACTUAL BACKGROUND

**I.**     **The Reliable Lloyds Policy.**

10.     Reliable Lloyds issued the Policy, a fleet auto rental and commercial auto insurance policy, to HyreCar.

11.     Reliable Lloyds is informed and believes that Smith qualified as an insured under the Policy with respect to the auto accident giving rise to the Underlying Lawsuit.

12.     HyreCar is a rental car platform connecting owners and renters.  The Policy covers renters who rent a vehicle through the platform, subject to certain terms and conditions.

13.     Pursuant to the Policy's Liability Coverage insuring agreement, Reliable Lloyds agrees to "pay all sums that an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto within the term of coverage. . . [,]" subject to certain terms, conditions, and exclusions.

14.     This coverage is subject to policy limits of $25,000 per person / $50,000 per accident, excess of $15,000 self-insured retention per accident for any auto being used by a renter.

15.     The Policy's Self-Insured Retention Endorsement (the "SIR Endorsement") specifies that Reliable Lloyds' coverage obligations "will be excess of $15,000."

16.     Specifically, the SIR Endorsement provides: (1) HyreCar is "obligated to make payments for damages and defense cost up to the amount of [$15,000] before [Reliable Lloyds] ha[s] any obligation to pay damages or participate in any defense cost[,]" and; (2) the self-insured retention "can only be satisfied by those amounts paid by [HyreCar] for covered claims and suits."

17.     The SIR Endorsement also contains a Settlement of Claims provision, providing as follows: (1) "You [HyreCar, and Sedgwick as its third-party administrator ("TPA")] shall be responsible for the investigation, defense and settlement of any claim, occurrence or suit for damages and defense cost within your Self-Insured Retention[,]" and; (2) "You [HyreCar, and Sedgwick as its TPA] may not settle any claim or suit which exceeds your Self-Insured Retention without our written consent.  We will not be responsible for the portion of any settlement made without our consent exceeding your Self-Insured Retention."

18.     The SIR Endorsement lists Sedgwick as the TPA to act on HyreCar's behalf in providing claim services for settlement of losses within the SIR.

19.     The Policy contains a condition (the "No Action Clause") that provides:

"No one may bring action against us under the policy until: a. There has been full compliance with all the terms and conditions of this policy; and b. We agree in writing that an insured has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial.  No one has the right under this policy to bring us into an action to determine an insured's liability."

20.    The Policy also contains a condition (the "Voluntary Payments Clause") that provides: "Additionally, you and any other involved insured must . . . [a]ssume no obligation, make no payment or incur expense without consent, except at the insured's own cost."

## II.    **The Underlying Lawsuit.**

21.    On June 29, 2022, Ramachandran filed a complaint in the Underlying Lawsuit against Smith, alleging that Ramachandran sustained injuries when Smith negligently caused an auto accident (the "Underlying Complaint"). A true, correct, and complete copy of the Underlying Complaint is attached as **Exhibit 2**.

22.    According to the Underlying Complaint, Ramachandran's vehicle was totaled, and he suffered serious injuries requiring hospitalization when his vehicle collided with a vehicle owned by AmeriDrive and driven by Smith.

23.    Specifically, Ramachandran alleged that at approximately 1:30 a.m. on October 8, 2021, Ramachandran was driving northbound on Georgia Route 400 N

near Lenox Road, in Fulton County, Georgia when his vehicle collided with the vehicle driven by Smith, who was driving in the wrong direction on Georgia Route 400 N at 70 miles per hour (the "Incident").

24.    In the Underlying Complaint, Ramachandran sought damages for his alleged injuries, including an alleged $1,481,000 in medical bills, plus attorney's fees, punitive damages, and lost earnings, among other alleged damages.

III.   **Ramachandran alleges breaches of the duties to defend and settle, but Reliable Lloyds is not responsible for any alleged breach.**

25.    On information and belief, Ramachandran contends that there were two claim handling errors in 2022: (a) counsel was not appointed to defend Smith promptly after he was served with the Underlying Lawsuit, and a default judgment as to liability (but not damages) was entered against Smith; and (b) policy limits demands addressed to Smith in February and April of 2022 were not accepted.

26.    As discussed in further detail below, neither of these alleged errors are chargeable to Reliable Lloyds because (among other reasons): (a) the duty to appoint defense counsel was solely on Sedgwick and/or HyreCar within the SIR and (b) Reliable Lloyds was not on notice of the policy limit demands until after Ramachandran claims they had expired (and to the extent they were open when Reliable Lloyds received them in March 2023, Reliable Lloyds accepted).

///

**Duty To Defend**

27.     Upon information and belief, Sedgwick first received notice of the claim in late April 2022.

28.     Smith was served with the Complaint in the Underlying Lawsuit on August 19, 2022, and his answer was due on or about September 19, 2022. However, on information and belief, Sedgwick and/or HyreCar belatedly retained defense counsel, and as a result Smith's answer was not filed until November 11, 2022.

29.     Ramachandran filed a Motion for Entry of Default Judgment, and the Court granted the motion as to liability only on December 6, 2022.

30.     Reliable Lloyds' first notice of loss was on August 29, 2022, when it was provided a copy of the Underlying Lawsuit by Ramachandran's counsel.

31.     When Reliable Lloyds was notified of this loss, the $15,000 Self-Insured Retention had not been exhausted. Therefore, Reliable Lloyds had no duty to defend at that time. Instead, Sedgwick and HyreCar had the responsibility to appoint counsel.

32.     The SIR was not exhausted until after the Court entered a default judgment as to liability against Smith.

33.     Sedgwick informed Reliable Lloyds for the first time in April 2023 that

the SIR had been exhausted.

34.     Thus, Reliable Lloyds had no duty to defend Smith prior to that date, and the alleged belated appointment of defense counsel is not chargeable against Reliable Lloyds.

35.     In addition, Smith's fault for the accident was uncontestable regardless as he was driving the wrong way on a highway at a high rate of speed at 1:30 a.m., so the default establishing liability was not material to resolution of the Underlying Lawsuit.

**Duty To Settle**

36.     Ramachandran contends that through counsel, he issued pre-suit policy limit demands pursuant to O.C.G.A. § 9-11-67.1 and O.C.G.A. § 15-12-14 to Smith in February and April of 2022. True, correct, and complete copies of the demand letters that Ramachandran contends he issued, dated February 24, 2022 (the "February 2022 Demand") and April 28, 2022 (the "April 2022 Demand") (collectively, the "Demands"), are attached as **Exhibits 3 and 4**, respectively.

37.     However, on information and belief, Smith denies receiving a copy of the February 2022 Demand before September 2022 (when his appointed defense counsel received the file from Sedgwick), and he denies receiving a copy of the April 2022 Demand before March 27, 2023 (when his appointed defense counsel received

a copy in discovery). Notably, both Demands were addressed incorrectly.

38.     Per their terms, the February and April 2022 Demands were set to expire thirty-one (31) days after *Smith's* receipt of same.

39.     On information and belief, Sedgwick received a copy of the February 2022 Demand for the first time on or about April 29, 2022.

40.     Upon information and belief, Sedgwick believed that, because it did not receive the February 2022 Demand until on or about April 29, 2022, the February 2022 Demand was no longer open, and so it did not suggest that Smith accept it or ask claimant's counsel if it remained open.

41.     Upon information and belief, Ramachandran contends that the policy limit demand remained open at the time Sedgwick received it on or about April 29, 2022, because either (a) Smith had not received them, and so it had not yet been 31 days after Smith's receipt, or (b) Ramachandran had issued a renewed demand in April 2022 that remained open.   Alternatively, on information and belief, Ramachandran contends that Sedgwick should have at least inquired, in April or May 2022, with Smith as to whether he had received it, and/or with Ramachandran as to whether the policy limit demand remained open.

42.     Reliable Lloyds had no primary claim handling obligations in April and May of 2022, because the SIR had not been exhausted at that time. Moreover,

Reliable Lloyds had not received notice of the matter in April or May of 2022. Therefore, any failure to accept that Demand in April or May 2022 is not chargeable to Reliable Lloyds.

43.    Reliable Lloyds did not receive a copy of either of the Demands until on or about March 27, 2023.

44.    To the extent the April 2022 Demand was operative when *Smith* received it for the first time in discovery on or about March 27, 2023, it remained open until April 27, 2023.

45.    Accordingly, in abundance of caution, Reliable Lloyds directed that Smith should accept the April 2022 Demand and offered its portion of the policy limits.

46.    By way of letter dated April 7, 2023, counsel for Smith attempted to accept the April 2022 Demand on behalf of and at the direction of Smith and Reliable Lloyds (the "Acceptance").  A true, correct, and complete copy of the Acceptance is attached as **Exhibit 5**.

47.    Specifically, the Acceptance provided: "Mr. Smith received this demand on March 27, 2023, when produced with your client's Response to Mr. Smith's First Request for Production of Documents.  Therefore, 31 days from receipt is April 27, 2023.  Accordingly, Mr. Smith and Reliable Lloyds hereby accept this

demand for the full $25,000 policy limits available to Mr. Smith."

48.     Counsel for Ramachandran rejected the Acceptance on the grounds that it was superseded by a subsequent demand above the policy limits issued in March 2023.

## IV.     Smith settles with Ramachandran without Reliable Lloyds' consent.

49.     On May 17, 2023, counsel for Ramachandran proposed a written settlement offer to Smith, whereby Ramachandran would "release and hold [Smith] harmless from all claims related to the Crash in exchange for entry of a consent judgment against Mark Smith in the amount of $11,500,000.00, and assignment of any and all of Smith's extracontractual claims related to the Crash" (the "Settlement Offer").  A true, correct, and complete copy of this letter is attached as **Exhibit 6**.

50.     Ramachandran contends that Reliable Lloyds, Sedgwick, and/or HyreCar are liable for this $11,500,000 Consent Judgment via this assignment.

51.     On May 22, 2023, Reliable Lloyds advised Smith that accepting the Settlement Offer without first obtaining consent from Reliable Lloyds would breach the Policy's No Action and Voluntary Payment Clauses, and Reliable Lloyds cautioned that breaching these provisions could forfeit coverage under the Policy (the "May 2023 Letter").  A true, correct, and complete copy of the May 2023 Letter is attached as **Exhibit 7**.

52.    Smith accepted the Settlement Offer anyway, and the agreement was executed on May 23, 2023 (the "Settlement Agreement").

53.    Via counsel, Smith advised that he had reviewed and understood Reliable Lloyds' advisements but determined it was in his best interest to complete the settlement and secure the release for himself.

54.    The State Court of Fulton County, Georgia entered the Consent Judgment on May 26, 2023.

## STANDARD FOR DECLARATORY JUDGMENT

55.    A dispute exists as to the parties' respective duties, rights, and obligations under the Policy with regard to the Underlying Lawsuit.

56.    This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201 because a final ruling by the Court will determine the rights and obligations of the parties and will settle the controversy between them with respect to the matters addressed above.

57.    Reliable Lloyds requests that the Court declare the rights, obligations, and liabilities of the parties pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

////

////

## COUNT I

## (Declaratory Judgment – Smith's Breach of Policy Conditions Forfeited Coverage Available Under the Policy)

58.     Reliable Lloyds incorporates the foregoing paragraphs 1 – 57 by reference as if fully set forth herein.

59.     By entering into the Settlement Agreement and Consent Judgment, Smith assumed an obligation without the consent of Reliable Lloyds, in breach of the Policy's Voluntary Payments and No Action Clauses.

60.     The Voluntary Payments and No Action Clauses are condition precedents to coverage.

61.     Under the Policy's Voluntary Payments and No Action Clause, Reliable Lloyds does not owe coverage if an insured fails to comply with any of the Policy's conditions.

62.     Under the Voluntary Payments and No Action Clauses, Reliable Lloyds does not owe coverage unless: (a) it agrees that an insured has an obligation to pay or (b) the amount of the insured's obligation has finally been determined by judgment after trial.

63.     Reliable Lloyds did not agree to the Consent Judgment or Settlement Agreement, and the Consent Judgment was not a judgment after trial.

64.     Smith breached the Policy's Voluntary Payments and No Action Clauses when he entered into the Settlement Agreement and Consent Judgment without obtaining Reliable Lloyds' consent.

65.     Consequently, Smith forfeited coverage under the Policy by breaching the Policy's Voluntary Payments and No Action Clauses.

66.     Smith was not entitled to coverage for the Consent Judgment.

67.     Ramachandran, as Smith's purported assignee, has no greater rights than Smith had under the Policy.

68.     Therefore, Ramachandran as Smith's assignee is not entitled to coverage under the Policy, and Reliable Lloyds has no liability to Ramachandran.

69.     Accordingly, Reliable Lloyds respectfully requests that this Court enter a judgment declaring that no coverage exists under the Policy for the Consent Judgment or the claims asserted in the Underlying Lawsuit, and Reliable Lloyds has no liability to Ramachandran as Smith's assignee, because Smith violated the Policy's conditions and forfeited coverage when he agreed to the Consent Judgment without the consent of Reliable Lloyds.

## COUNT II

### (Declaratory Judgment – No Duty)

70.     Reliable Lloyds incorporates the foregoing paragraphs 1 - 69 by

reference as if fully set forth herein.

71.     Liability policies containing a self-insured retention are only triggered only when the self-insured retention is exhausted *by payment from the insured*, when the policy so provides.

72.     Thus, Reliable Lloyds did not have any primary-layer coverage obligations under the Policy until HyreCar exhausted the SIR.

73.     The SIR was not exhausted until after the court in the Underlying Lawsuit entered a default judgment as to liability against Smith.

74.     Reliable Lloyds was not notified that the SIR was exhausted until April 2023.

75.     Ramachandran alleges breaches of the duty to defend and the duty to settle that pre-date the exhaustion of the SIR.

76.     Reliable Lloyds is not responsible these alleged breaches, because they occurred before the SIR exhausted and encompass primary-layer duties.

77.     Accordingly, Reliable Lloyds respectfully requests that the Court enter a judgment declaring that:

a. Reliable Lloyds owed no primary-layer claims handling duties under the Policy until HyreCar exhausted the SIR, and Sedgwick retained claims-handling responsibility until the SIR was exhausted;

b.  The alleged breach of the duty to defend is not chargeable to Reliable Lloyds, because it occurred before the SIR exhausted, when Reliable Lloyds owed no primary-layer duty to defend; and

c.  The alleged breach of the duty to settle is not chargeable to Reliable Lloyds, because it occurred before the SIR exhausted, when Reliable Lloyds owed no primary-layer duty to settle.

## COUNT III

### (Declaratory Judgment – No Breach of Duty to Settle)

78.    Reliable Lloyds incorporates the foregoing paragraphs 1 - 77 by reference as if fully set forth herein.

79.    Under Georgia law, an insurer's duty to settle arises when the injured party presents an open offer capable of acceptance to the insurer to settle within the insured's policy limits.

80.    Here, although Ramachandran's counsel purportedly issued the February 2022 and April 2022 Demands to Smith, Ramachandran did not send the Demands to Reliable Lloyds; nor did Smith, Sedgwick, or HyreCar.

81.    Reliable Lloyds did not receive copies of the Demands until March 27, 2023, at which point Reliable Lloyds attempted to accept the Demands.

82.    When  Reliable  Lloyds  attempted  to  accept  the  Demands,

Ramachandran's counsel contended that the Demands were no longer open and could not be accepted.

83.    Therefore, under Ramachandran's view, Ramachandran never presented Reliable Lloyds with an open policy limits demand capable of acceptance.

84.    Because Ramachandran never presented Reliable Lloyds with an open offer to settle within the policy limits, in its view, Reliable Lloyds had no duty to settle and therefore did not breach a duty to settle.

85.    Alternatively, one of the demands remained open upon Reliable Lloyd's receipt in March 2023 and Reliable Lloyds accepted it within 30 days.

86.    Either way, Reliable Lloyd's did not breach a duty to settle.

87.    Accordingly, Reliable Lloyds requests that the Court enter a judgment declaring that Reliable Lloyds did not breach a duty to settle.

## COUNT IV

### (In the Alternative – Declaratory Judgment – To the extent coverage remains available under the Policy, the Policy Limits apply.)

88.    Reliable Lloyds incorporates the foregoing paragraphs 1 - 87 by reference as if fully set forth herein.

89.    For the reasons set forth above, Reliable Lloyds did not breach any duty in connection with the Underlying Lawsuit or the claims asserted in the Underlying

Lawsuit.

90.    Under Georgia law, an insurer cannot be liable in excess of its policy limits where it has not violated any duty to its insured.

91.    Reliable Lloyds contends that Smith forfeited coverage by violating the Policy's conditions, as set forth in Count I.

92.    In the alternative to Count I, however, Reliable Lloyds respectfully requests that this Court enter a judgment declaring that because Reliable Lloyds breached no duty to Smith, Reliable Lloyds cannot be liable to Ramachandran in an amount greater than its policy limits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reliable Lloyds respectfully requests that the Court enter a judgment:

a.  Declaring that no coverage exists under the Policy for the Consent Judgment or the claims asserted in the Underlying Lawsuit, and Reliable Lloyds has no liability to Ramachandran as Smith's assignee, because Smith violated the Policy's conditions and forfeited coverage when he agreed to the Consent Judgment without the consent of Reliable Lloyds;

b.  Declaring that Reliable Lloyds owed no primary-layer claims handling obligations under the Policy until HyreCar exhausted the SIR, and Sedgwick

retained claims-handling responsibility until the SIR was exhausted;

c.  Declaring that any alleged breach of the duty to settle is not chargeable to Reliable Lloyds, because it occurred before the SIR exhausted, when Sedgwick retained claims-handling responsibility; and/or because Reliable Lloyds was not on notice of a policy limit demand at a time when it remained open and capable of acceptance; and/or because Reliable Lloyds properly accepted the policy limit demand while it was still open.

d.  In the alternative to a. above, declaring that because Reliable Lloyds breached no duty to Smith, Reliable Lloyds cannot be liable to Ramachandran in an amount greater than its policy limits;

e.  denying Defendant any recovery in this action; and

f.  awarding Reliable Lloyds any such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 19th day of July, 2023.

TITTMANN WEIX LLP

/s/ J. Jackson Harris
J. Jackson Harris
Georgia Bar No.: 930294
City Plaza
421 Fayetteville Street, Suite 1100
Raleigh, NC 27601

Phone: (919) 500-7883
Facsimile: (213) 267-4290
jharris@tittmannweix.com

*Counsel for Plaintiff,*
*Reliable Lloyds Insurance Company*

## LOCAL RULE 5.1 CERTIFICATION

The undersigned certifies that the foregoing pleading has been prepared with Times New Roman 14 point font in compliance with Local Rule 5.1.

This 19th day of July, 2023.

*/s/ J. Jackson Harris*