**TITTMANN | WEIX**

Raymond J. Tittmann
Managing Partner

rtittmann@tittmannweix.com
direct 213.550.5230
cell 415.450.7072

May 22, 2023

<u>Via Email</u> rfellman@grsm.com

Mark Smith
c/o B. Ryan Fellman, Esq.
Gordon & Rees LLP
2200 Ross Avenue, Suite 3700
Dallas, TX 75201

      RE:    Reliable Lloyds Insurance Company
               Claim No.: 00103714306
               Insured: HyreCar, Inc.
               Date of Loss: October 8, 2021
               Case: *Aravind Ramachandran v. Mark Smith*, Case No. 22EV003604, State Court of Fulton County, Georgia,

Dear Mr. Smith and Mr. Fellman,

This letter advises you that the recent $11.5 million demand issued by Plaintiff Aravind Ramachandran ("Ramachandran"), arising from an alleged October 8, 2021 automobile accident with Mark Smith ("Smith") in Atlanta, Georgia (the "Accident"), puts you at risk of forfeiting coverage. Should Mr. Smith accept this demand, coverage will be voided on account of Mr. Smith's breach of the "no action" and "voluntary payment" clauses cited and discussed more fully below.

Your counsel, Mr. Fellman, is acting as your counsel, and by receipt of this letter is further advised to represent your interests fully and solely in reference hereto.

**The Policy**

As you may know, I serve as coverage counsel for Reliable Lloyds Insurance Company ("Reliable Lloyds") and am reporting Reliable Lloyd's coverage position in relation to this demand. Reliable Lloyds issued Policy No. FAR3381010 to HyreCar, Inc. ("HyreCar") as the named insured for the period May 15, 2021 to January 1, 2023 (the "Policy"). The Policy affords coverage to "HyreCar Drivers" under narrowly defined circumstances. The Policy defines a HyreCar Driver to mean "an individual that at the time of any accident is authorized by you [HyreCar] to operate the covered auto" within the term of coverage. Coverage under the Policy is excluded for "[b]odily injury or property damage arising out of the operation of any covered auto as a public or livery conveyance."

350 S. Grand Ave., Ste 1630
Los Angeles, CA 90071
www.tittmannweix.com

**TITTMANN|WEIX**

May 22, 2023
Page 2 of 6

The Policy's liability coverage provides separate bodily injury and property damage liability limits in accordance with the minimum limits required by the jurisdiction where an alleged loss takes place. In Georgia, the Policy provides liability limits of $25,000 per person and $50,000 per accident of bodily injury liability coverage subject to a $15,000 Self-Insured Retention ("SIR"). Until the SIR is exhausted, it is HyreCar's obligation to retain defense counsel and avoid default.

**Acceptance of the Plaintiff's Proposed Release Would Breach Terms and Conditions in the Policy**

As noted above, we identify two initial independent reasons, among others, why Mr. Smith's acceptance of this $11.5 million forfeits coverage.

*First*, please note your duties under the Policy, including your duties to assume no obligation without our consent:

> **G. Duties In The Event Of Accident, Claim, Suit Or Loss**
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
> 1. In the event of any **accident**, claim, **suit** or **loss**, you must give us or our authorized representative prompt notice of the **accident** or **loss** by calling 1-877-900-0345 or by sending an email to myautoclaim@assurant.com. Include:
>    a. How, when and where the **accident** or **loss** occurred;
>    b. The **insured's** name and address; and
>    c. To the extent possible, the names and addresses of any injured persons and witnesses.
> 2. Additionally, you and any other involved **insured** must:
>    a. Assume no obligation, make no payment or incur expense without our consent, except at the **insured's** own cost.
>    b. Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or **suit**.
>    c. Cooperate with us in the investigation or settlement of the claim or defense against the **suit**.
>    d. Authorize us to obtain medical records or other pertinent information.
>    e. Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require. . . .

The conditions noted above hold that you shall not assume any obligation without the consent of Reliable Lloyd's, except at the insured's own expense. Your acceptance of the consent judgment proposed by Ramachandran would assume an obligation without the consent of Reliable Lloyd's, which we expressly do not grant. Your acceptance

350 S. Grand Ave., Ste 1630
Los Angeles, CA 90071
www.tittmannweix.com

would therefore breach this condition to the great prejudice of Reliable Lloyd's and forfeit coverage.

The above-quoted conditions are material conditions upon the receipt of benefits under the Policy and your failure to abide by these conditions may jeopardize any coverage that might otherwise be available, up to and including a complete denial of benefits under the Policy. In accordance with the above-quoted conditions, please keep us apprised of any additional developments with respect to this loss, including promptly providing us with any correspondence, additional demands, suit or legal papers, or notice of other communications that you receive concerning this loss.

*Second*, the Policy contains a "no action" clause:

> **SECTION IV – CONDITIONS**
>
> **A. Action Against Us**
>
> No one may bring action against us under this policy until:
>
> a. There has been full compliance with all the terms and conditions of this policy; and
> b. We agree in writing that an **insured** has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine an **insured's** liability.

Reliable Lloyds has not agreed that Mr. Smith or HyreCar may assume an obligation to make any payment. The proposed consent judgment is *neither* a judgment after trial *nor* an agreement by us in writing. We hereby expressly do not agree in writing to this proposed agreement. Mr. Smith will forfeit coverage should he enter into the agreement with Mr. Ramachandran.

I also note that $11.5 million far exceeds a reasonable range for the damages involved. My understanding is that Plaintiff previously demanded $2 million and Mr. Fellman believes an outside range of reasonable exposure is still well less than half of $11.5 million. This resolution would be collusive and breach Mr. Smith's obligation to "cooperate with us in the investigation or settlement of the claim or defense against the **suit**."

Reliable Lloyds reserves the right to rely on any policy provision, whether discussed above or not, to limit or preclude coverage for this loss. Reliable Lloyds specifically reserves its right to update its reservation of rights and any coverage position it takes,

**TITTMANN|WEIX**

May 22, 2023
Page 4 of 6

and to assert additional Policy provisions and defenses, based upon information later provided or discovered.

**Reliable Lloyd's Has Had No Primary Claim Handling Obligations Until Exhaustion of the Self-Insured Retention**

Finally, we write to advise you that, to this point, Reliable Lloyd's has not been informed that the SIR has been exhausted. As such, Reliable Lloyd's has had and has no primary claims-handling obligations pursuant to the Self-Insured Retention Endorsement. We understand Sedgwick, as the authorized claims administrator for HyreCar, has been solely responsible for handling this claim. Nothing herein should be construed to imply that Reliable Lloyd's has assumed a primary obligation or waived the SIR.

The SIR language in the Policy provides, in pertinent part:

**SELF-INSURED RETENTION ENDORSEMENT**
...

|  | SCHEDULE |
|---|---|
| **Self-Insured Retention** | $15,000 |
| **Authorized Claims Administrator** | Sedgwick |

This policy is subject to a Self-Insured Retention applicable to both damages and defense cost as set forth in the Schedule above. The provision of this endorsement will take precedence and control over any policy provision with which it may conflict.

**I.  Self-Insured Retention**
1. Insurance provided by the policy to which this endorsement applies will be excess of the amount of your Self-Insured Retention shown in the Schedule of this endorsement.
2. You are obligated to make payments for damages and defense cost up to the amount of your Self-Insured Retention before we have any obligation to pay damages or participate in any defense cost. For the purposes of this endorsement, defense cost means: All cost of investigation and defense incurred by you, your authorized claims service provider or by us in your defense. It does not include salaries or any other form of compensation to your employees, including but not limited to the in-house counsel who are employed or otherwise retained, or to your general business administrative expenses, or to the authorized claim service provider's handling fees. Similarly, defense cost shall not include our employees' salaries or our in-house counsel expenses.

**TITTMANN|WEIX**

    3.   The Self-Insured Retention is primary and underlying to the insurance provided by this policy and can only be satisfied by those amounts paid by you for covered claims and suits. In the event there is any other insurance, whether or not collectible, applicable to an occurrence, claim or suit within your Self-Insured Retention amount, you will continue to be responsible for the full Self-Insured Retention amount before the limit of Insurance of this policy apply. Your bankruptcy, insolvency, or inability to pay your Self-Insured Retention amount shall not increase our obligation under this policy.

    4.   Your Self-Insured Retention is per occurrence and applies to all damages and defense cost covered by this policy as a result of any one occurrence, regardless of the number of persons or organizations who sustain damages because of that occurrence.

Reliable Lloyds notes that the limit shown on the declaration page of the Policy is $25,000 per person/$50,000 per accident excess a $15,000 Self-Insured Retention per accident for any auto being used by a rideshare operator, as defined by the Change Endorsement. Please note that the Self-Insured Retention "can only be satisfied by those amounts paid by [HyreCar] for covered claims and suits." Reliable Lloyds is unaware that the Self-Insured Retention has been exhausted by payments from HyreCar. Also note that the Self-Insured Retention is eroded by payments for damage and defense costs. Reliable Lloyds reserves all rights regarding these material terms and conditions.

    \* \* \*

**II.   Settlement of Claims**

    1.   You shall be responsible for the investigation, defense and settlement of any claim, occurrence or suit for damages and defense cost within your Self-Insured Retention. You shall exercise utmost good faith and diligence to settle claims within your Self-Insured Retention.

    ...

    4.   Our obligation for the investigation, defense and settlement of any claim begins when your payments equal your Self-Insured Retention.

    \* \* \*

Please also note that HyreCar is responsible for the investigation, defense and settlement of any claim, occurrence or suit for damages and defense costs within the Self-Insured Retention. Reliable Lloyds has no duty to defend or indemnify any insured under the Policy unless and until the $15,000 Self-Insured Retention is exhausted. Presently, Reliable Lloyds is unaware of any immediate obligation to defend or investigate.  Reliable Lloyds has not received any information indicating that the SIR has been exhausted and has not and still does not have any primary responsibility for handling this claim.  If you have any other evidence contrary to or relevant to this determination, please advise.

**TITTMANN|WEIX**

May 22, 2023
Page 6 of 6

This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions, or other provisions of the Policy or any other policy. Reliable Lloyds expressly reserves all its rights under the Policy, at law, and in equity, including the rights to rely on additional Policy provisions not cited above as its basis for any ultimate coverage determination as its investigation and any claim or suit arising out of this loss may render appropriate.

Please do not hesitate to contact me if you have any questions or wish to discuss.

Sincerely,
TittmannWeix

Raymond J. Titttmann

110

350 S. Grand Ave., Ste 1630
Los Angeles, CA 90071
www.tittmannweix.com