## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

JANE DOE; PROJECT SOUTH: THE
INSTITUTE FOR THE ELIMINATION OF
POVERTY AND GENOCIDE; and AL OTRO
LADO, INC.
  *Plaintiffs*,

  v.

U. S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; U.S. DEPARTMENT OF
HOMELAND SECURITY; U.S.
DEPARTMENT OF HOMELAND
SECURITY – OFFICE FOR CIVIL RIGHTS
AND CIVIL LIBERTIES; U.S.
DEPARTMENT OF HOMELAND
SECURITY – OFFICE OF THE INSPECTOR
GENERAL; and U.S. DEPARTMENT OF
HOMELAND SECURITY – OFFICE OF THE
SECRETARY,

  *Defendants*.

Civil Action No.:

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

## PRELIMINARY STATEMENT

1.     In or around July 2022, four survivors and former detained persons at

the Stewart Detention Center, in Lumpkin, Georgia ("Stewart" or "SDC") came

forward in collaboration with various non-profit organizations, including Plaintiff

Project South: The Institute for the Elimination of Poverty and Genocide ("Project

South"), to file a whistleblower administrative complaint (the "Administrative

Complaint") against Defendant U.S. Immigration and Customs Enforcement

("ICE") and Davis English ("English").  English was employed as a nurse by the country's largest private prison company, CoreCivic, Inc. ("CoreCivic"), who owns and operates Stewart and contracts with the federal government to detain persons at Stewart on behalf of ICE.  The Administrative Complaint detailed a pattern of sexual assault and retaliation by SDC guards for reporting repeated assaults against persons detained at SDC, and includes firsthand accounts from a group of survivors who were detained by ICE at SDC from July 2021 through January 2022, who were sexually assaulted by English while seeking medical care.[1]  In response to the Administrative Complaint, in July 2021, ICE investigated the SDC facility.

2.      On July 12, 2022, Project South, along with the Georgia Latino Alliance for Human Rights ("GLAHR"), Southern Poverty Law Center ("SPLC"), El Refugio Ministries ("El Refugio"), Owings MacNorlin LLC ("Owings"), and The Black Alliance for Just Immigration ("BAJI"), submitted a FOIA Request to three separate sub-agencies of Defendant U.S. Department of Homeland Security ("DHS"), including: ICE, DHS Office of Civil Rights and Civil Liberties ("CRCL"), and DHS Office of Inspector General ("OIG") (collectively, the "Project South

---

[1] *Survivors and Immigrant Rights Organizations Submit Complaint Against ICE, Nurse and Private Prison Company Demanding Justice and Investigation into Stewart Detention Center*, BAJI, (July 13, 2022), https://projectsouth.org/wp-content/uploads/2016/04/press-release-stewart-detention-center-complaint-july-2022-3.pdf

FOIA Requests"), regarding all records related to the medical care of women in custody at SDC.  As of the date of this Complaint, ICE, CRCL, and OIG have not adequately responded to the Project South FOIA Requests in violation of the FOIA.

3.      Jane Doe ("Doe")[2] is a Venezuelan woman who was sexually assaulted by English while detained at Stewart in ICE custody on December 31, 2021.  Jane Doe arrived in Eagle Pass, Texas on December 20, 2021 seeking asylum, but was apprehended by U.S. Border Patrol Agents, placed under arrest, and transported to the Uvalde Border Patrol Station in Uvalde, Texas for processing.  On December 31, 2021, Doe was transferred to SDC, where, upon her arrival, she was sexually assaulted by English during a medical examination he conducted.

4.      On July 13, 2022, Doe, by way of her attorney Sarah Owings, Esq., submitted a FOIA request to DHS which generally seeks all records related to Jane Doe's immigration file and her ICE detention (the "Jane Doe FOIA Request").  On November 22, 2022, DHS responded to the Jane Doe FOIA Request and produced six heavily-redacted pages, citing several exemptions under the FOIA ("November 22, 2022 Response").  On December 9, 2022, Doe submitted a second FOIA Request

---

[2] Jane Doe will file a separate motion to proceed under pseudonym, setting forth the legal and factual authority for protecting her identity due to the sensitive nature of the acts perpetrated against her and to mitigate against extreme emotional distress that would result from being publicly identified. In the interim, her identity will be provided confidentially to Defendants named in this action.

appealing DHS's November 21, 2022 Response (the "Jane Doe FOIA Appeal").  As of the date of this Complaint, DHS has neither responded to the Jane Doe FOIA Appeal, nor released further records related to the Jane Doe FOIA Request, despite the passage of more than one year since the Jane Doe FOIA Request was submitted.

5.     Al Otro Lado ("AOL") is a non-profit organization committed to informing the public about issues related to persons detained in ICE custody and held at private prisons, like Stewart, and advocates for changes in the federal detention system.  AOL submitted a FOIA request to CRCL on April 15, 2022, generally seeking all records of complaints received by CRCL about ICE detainees at SDC (the "AOL CRCL FOIA Request").  On November 13, 2022, AOL submitted two additional FOIA requests, one each to ICE (the "AOL ICE FOIA Request") and to the DHS Office of the Secretary (the "AOL DHS Secretary Request," and collectively with the AOL CRCL FOIA Request and the AOL ICE FOIA Request, the "AOL FOIA Requests") regarding records related to any Taskers sent by ICE to SDC.  As of the date of this Complaint, the records requested by AOL remain outstanding.  (The Jane Doe FOIA Request, Project South FOIA Requests, and the AOL FOIA Requests are collectively referred to as the "FOIA Requests").

6.     The FOIA Requests generally seek information regarding the care and treatment of detained immigrants at SDC, including medical care, and the treatment

and care of female detained immigrants, including records related to the sexual assault of women at SDC by English, like Jane Doe.  As further detailed in the FOIA Requests and herein, there is significant public interest in obtaining the records sought by all of the FOIA Requests, as Jane Doe is entitled to know the details of her detention at SDC, Project South filed the administrative complaint on behalf of various survivors of sexual assault by English and is more generally dedicated to the dissemination of information regarding detained immigrants to impacted communities.  Similarly, AOL is committed to informing the public of issues related to the federal detention system.

7.      This action is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA" or the "Act"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain records improperly withheld by Defendants concerning the repeated sexual assault of female detained immigrants, like Jane Doe, at Stewart, and CoreCivic's and ICE's decision making and oversight (or failure thereof) of the Stewart facility that allowed the sexual assaults to occur.  Pursuant to the FOIA Requests, as articulated herein, Plaintiffs seek records from Defendants DHS, ICE, CRCL, OIG, and the DHS Office of the Secretary (collectively, the "Defendants" and each a "Defendant").  Defendants have both failed to acknowledge

Plaintiffs' various FOIA requests, as required by law, and have otherwise failed to adequately respond to Plaintiffs' FOIA requests, all in violation of the Act.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 552(a)(4)(B) (FOIA).  Plaintiffs' request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

9.     Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1).

10.     Plaintiffs have constructively exhausted all administrative remedies in connection with their FOIA requests, as detailed below.

## PARTIES

11.     Plaintiff Jane Doe is a Venezuelan woman who arrived to the U.S. seeking asylum on December 20, 2021.  Upon her arrival, Doe was apprehended by U.S. Border Patrol agents in Eagle Pass Texas, where she was placed under arrest and transported to the Uvalde Border Patrol Station in Uvalde, Texas for processing. On December 31, 2021, Doe was transferred to SDC.  On that same day, Davis English, a registered nurse and member of the SDC medical staff, sexually assaulted

Jane Doe while conducting what should have been a routine medical examination. Doe immediately reported the assault to CoreCivic, but CoreCivic failed to report the assault to law enforcement, did not allow Doe to report the assault to law enforcement, and accused Doe of lying, claiming that her assault allegation against Nurse English was false.  Doe was released from ICE custody on or around January 8, 2022.

12.     Plaintiff Project South, founded as the Institute to Eliminate Poverty & Genocide in 1986 ("Project South"), is a non-profit organization based in Atlanta, Georgia.  Project South's work is rooted in the legacy of the Southern Freedom Movement and has a mission of cultivating strong social movements in the South. Project South is dedicated to the realization and defense of human rights and social justice.  One of Project South's primary work areas is educating the public with 'know-your-rights' workshops and releasing toolkits for advocacy and organizing. These and other materials are available through Project South's website,[3] which addresses the issues on which the organization works.  In addition, Project South regularly issues press releases, has an active social media presence with thousands of followers, and produces periodicals that reach members with education, organizing updates, and consciousness-raising political analysis on poverty, race,

---

[3] Project South, https://projectsouth.org/ (last visited July 11, 2023).

global struggles, and youth realities.  Project South also produces community-based reports to share knowledge, increase access to movement histories, and amplify movement victories.  After Jane Doe was released from ICE custody, Project South filed the Project South FOIA Requests regarding all records related to the medical care of women in custody at SDC.

13.    Plaintiff Al Otro Lado ("AOL" and collectively with Jane Doe and Project South, the "Plaintiffs" and each a "Plaintiff") is a non-profit, non-partisan, binational organization based primarily in Los Angeles, California, and in Tijuana, Baja California, Mexico.  AOL is a legal services organization serving indigent deportees, migrants, refugees, and their families.  AOL's mission is to coordinate and provide screening, advocacy, and legal representation for individuals in immigration proceedings and detained by DHS, to seek redress for civil rights violations, and to provide assistance with other legal and social service needs. #DetentionKills Transparency Initiative, an AOL project, specifically supports family and community members directly impacted by fatal state violence in DHS jails, lockups, hold rooms, and detention centers.  Additionally, AOL provides information and analysis to the media and general public, as well as to international human rights advocacy organizations and human rights monitoring bodies.  AOL actively shares and publicly disseminates information about its work and conditions

on the U.S.-Mexico border and in immigration detention through its various social media accounts and website.  Disseminating information to the public is a critical component of AOL's work, which AOL does at no cost to the public.

14.     Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

15.     Defendant ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

16.     Defendant DHS CRCL is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

17.     Defendant DHS OIG is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

18.     Defendant DHS Office of the Secretary is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

## **FACTS**

A.   **JANE DOE'S DETENTION AND ASSAULT**

19.   On December 31, 2021, ICE transferred Jane Doe to SDC.  On that same date, she was subjected to a compulsory medical examination from English. During the exam, English, a registered nurse part of the medical staff at SDC, sexually assaulted Doe.

20.   Doe reported the assault to CoreCivic management officials and Defendant ICE.

21.   Instead of reporting the sexual assault to local law enforcement authorities, CoreCivic and ICE threatened Jane Doe with jail time, subjected her to repeated interrogations without food, and illegally detained her past the date of her scheduled release, all in an attempt to force her to retract her sexual assault allegation against English.

22.   CoreCivic conducted an internal investigation and declared that Doe's sexual assault allegations were unfounded, essentially absolving itself of any blame.

23.   Doe's report of sexual assault is the most recent incident in a series of widespread medical abuse reported at Stewart, an ICE detention facility operated by CoreCivic, a private for-profit prison company in Georgia.  CoreCivic operates Stewart pursuant to an intergovernmental services agreement with the federal

government, and which detention facility is under the supervision of ICE Enforcement and Removal Operations' Atlanta Field Office.

24.     Doe, through her attorney, submitted a FOIA request to ICE seeking her detention records and the investigative report of her assault allegations; yet, ICE has willfully refused to fully provide the responsive records and has not adequately or appropriately responded to this request pursuant to the requirements of the FOIA. In fact, in total, Doe received a mere *six pages* of records responsive to her FOIA request.

## B.     SIGNIFICANT PUBLIC INTEREST AND OUTCRY IN JANE DOE'S ASSAULT

25.     The circumstances and aftermath of Jane Doe's assault remain shocking.  Despite reporting the assault immediately to CoreCivic and ICE officers, Doe was repeatedly questioned, interrogated, and disbelieved.  Instead of reporting Doe's assault to local law enforcement, CoreCivic conducted an internal investigation of the assault that purported to corroborate English's rendering of events, but in so doing confirmed that Jane Doe was in fact seen by English on December 31, 2021.  Beginning on January 3, 2022, CoreCivic and ICE officials interrogated Doe every day until her release from Stewart on January 7, 2022, often subjecting her to two or even three interrogations in a single day.  These repeated interrogations were carried out in an effort to intimidate Doe into retracting her

allegation against English.  On the days that she was interrogated, ICE withheld food from Doe.  Doe never recanted her allegations.  ICE officials videotaped and created written reports of their interrogations of Doe; yet, these videos and written reports were not produced to any Plaintiff in response to any of the FOIA Requests.

26.     Recently published reports have identified conditions at immigration detention centers that have led to the abuse, and, in some cases, even death, of detained immigrants.[4]  These reports include a DHS OIG report detailing concerns regarding treatment and care of immigrants detained by ICE,[5] a May 2017 report "examin[ing] serious lapses in health care that  have led to severe suffering and at times the preventable or premature death of individuals held in immigration detention facilities in the United States,"[6] and a February 2016 report concluding

---

[4] *Deaths at Adult Detention Centers,* American Immigration Lawyers Association, (Oct. 8, 2021), https://www.aila.org/infonet/deaths-at-adult-detention-centers; *The Worst Day of My Life*, The Intercept, (July 13, 2022), https://theintercept.com/2022/07/13/ice-stewart-detention-sexual-misconduct/.

[5] *Concerns about ICE Detainee Treatment and Care at Detention Facilities,* U.S. Dep't of Homeland Security Office of Inspector General, (Dec. 11, 2017), https://www.oig.dhs.gov/sites/default/files/assets/2017-12/OIG-18-32-Dec17.pdf (finding "long waits for the provision of medical care, including instances of detainees with painful conditions," unhygienic conditions, lack of sanitary supplies, and "an inconsistent and insufficiently documented grievance resolution process" at Facility, as well as "language barriers [that] prevented detainees from understanding medical staff" generally).

[6] *Systemic Indifference: Dangerous & Substandard Medical Care in US Immigration Detention, at 1*, Human Rights Watch, CIVIC, (May 8, 2017),

that "failure to provide adequate medical care has continued to result in unnecessary deaths."[7]   Lapses in the care provided to detained immigrants, including medical care and conditions leading to deaths of detained persons while they are in detention, are of grave and significant concern to the public.

27.   In Georgia, the detention conditions and treatment of detained immigrants is particularly problematic and often results in dire consequences.   The conditions at SDC received special attention and censure from the above-referenced DHS OIG report.[8]   The inhumane treatment and conditions in these facilities have also been the focus of a publicly-disseminated report by Project South that was released in May 2017.[9]

---

https://www.hrw.org/report/           2017/05/08/systemic-indifference/dangerous-substandard-medical-care-us-immigration-detention.

[7] ACLU, DWN, NIJC, Fatal Neglect: How ICE Ignores Deaths in Detention, at 2 (Feb. 2016), https://www.detentionwatchnetwork.org/sites/default/files/reports/Fatal%20Neglect%20ACLU-DWN-NIJC.pdf.

[8] *See* discussion and excerpts, *supra* at page 2, n.2.

[9]*IMPRISONED JUSTICE: Inside Two Georgia Immigrant Detention Centers*, PROJECT        SOUTH,        (May        2017),        https://projectsouth.org/wp-content/uploads/2017/06/Imprisoned_Justice_Report-1.pdf (describing conditions of two detention centers in the state of Georgia: The Stewart Detention Center and the Irwin County Detention Center).

28.     The records sought by the Jane Doe FOIA Request, as delineated herein, are thus critical to informing the public about the process by which the U.S. government issues immigration detainers and thereafter ensures the safety and welfare of persons in its custody.  These records inform Plaintiffs' and the general public's significant interest in their government's treatment of civilly detained immigrants.  More specifically, disclosure of the medical standards, protocols, and overall conditions at SDC will help identify the problems at SDC that have led to the assault of many women detained immigrants in ICE custody, including Jane Doe.

C.     **ICE'S UNTIMELY AND INADEQUATE RESPONSE TO JANE DOE'S FOIA REQUEST**

29.     On July 13, 2022, Doe, by way of her attorney, submitted the Jane Doe FOIA Request to DHS.  *See* **Exhibit A**.  The request sought the following records, including all communications, electronic or in writing, within the date range of December 30, 2021 to January 28, 2022:

> All immigration records in relation to the case of [Jane Doe], including her complete ICE file as well as any and all records related to her detention, including any complaints that she filed against ICE or government contractors, any investigation of those complaints, records regarding referrals for outside investigation of those complaints to law enforcement, custody decisions, detention facility logs related to interaction with CoreCivic staff or any outside contractors at the Stewart Detention Center, decisions regarding housing within the

facility, and disciplinary records or investigations initiated against her or requests for same.

30.     The Jane Doe FOIA Request also requested expedited processing and submitted the following in support thereof:

> The time sensitive nature of litigation in [Doe's] underlying ICE case and detention experience we ask that this request be subject to expedited processing under 6 C.F.R. 5.5(e)(1), as they will be necessary to protect her due process rights.

*See* Ex. A, at 3.

31.     On November 21, 2022, DHS responded to the Jane Doe FOIA Request and produced six-heavily redacted pages, citing the following exemptions under the FOIA ("November 21, 2022 response"): (b)(4); (b)(6); (b)(7)(c); and (b)(7)(e).  *See* **Exhibit B**.

32.     On December 9, 2022, Doe submitted the Jane Doe FOIA Appeal, which appealed the DHS November 21, 2022 response.  *See* **Exhibit C**.  As of the date of this complaint, DHS has neither responded to the Jane Doe FOIA Appeal nor released any of the requested information, despite the passage of ***nearly eight months*** since the Jane Doe FOIA Appeal was submitted and ***more than one year*** since the initial Jane Doe FOIA Request was submitted.

33.     Defendant DHS has violated a congressionally-mandated deadline to respond to the Jane Doe FOIA Request.

34.     Moreover, despite the significant public interest as articulated herein, Defendant DHS has failed to: (i) respond to the Jane Doe FOIA Request in the time frame required by the FOIA, and (ii) adequately search for and release records pertaining to Doe's detention, assault allegations, and any investigation into the same.   Additionally, Defendant DHS improperly withheld information under the FOIA exemptions in the six heavily-redacted pages it produced in response to the Jane Doe FOIA Request, in violation of the FOIA.

35.     Plaintiff Jane Doe has constructively exhausted her administrative remedies because DHS has failed to make a determination in response to the Jane Doe FOIA Request within the time period required by law and has failed to adequately respond to the Jane Doe FOIA Appeal.   Given this fact, Plaintiff Jane Doe seeks immediate judicial review.

D.     **THE FAILURES OF DEFENDANTS ICE, CRCL, AND OIG TO RESPOND TO THE PROJECT SOUTH FOIA REQUESTS**

36.     On July 12, 2022, Project South submitted the Project South FOIA Requests, which submitted a FOIA request to ICE (the "Project South ICE FOIA Request"), CRCL (the "Project South CRCL FOIA Request"), and OIG (the "Project South OIG FOIA Request").   *See* **Exhibit D**.

37.     The Project South FOIA Requests each sought expedited processing pursuant to 6 C.F.R. § 5.5(d) and 5 U.S.C. § 552(a)(6)(E), on the grounds that Project

South is primarily engaged in disseminating information and that there is a compelling need to disseminate information to the public, and particularly to impacted communities, about the government's activity in immigration detention centers.  *See* **Exhibit D**, at 5-6.

38.    Each of the Project South FOIA Requests sought the same records, which are as follows:

a.    Records containing complaints, concerns, reports, and/or grievances by any and all persons in the custody of ICE at SDC concerning the medical care they have or have not received at SDC;

b.    Records containing reports of sexual abuse, sexual violence, sexual harassment, or improper conduct of any kind by Davis English, a health care provider at SDC;

c.    Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE ERO Detention Reporting and Information Line ("DRIL");

d.    Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of the Immigration Detention Ombudsman ("OIDO");

e.    Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of Inspector General ("OIG");

f.     Records relating to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office for Civil Rights and Civil Liberties ("CRCL")

g.     Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of Professional Responsibility ("OPR");

h.     Records related to the 2021 PREA audit of SDC, including note of interviews, inspections, and/or observations and any and all correspondence related thereto;

i.     Records related to the February 2021, June-July 2021, and October 2021 Office of Detention Oversight – Detention Facility Compliance Inspections of SDC, including notes of interviews, inspections, and/or observations and any and all correspondence related thereto;

j.     Records detailing how detained immigrants know to report incidents of sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC;

k.     Records related to efforts by SDC personnel to publicize reporting protocols among detained immigrants, including but not limited to the extent that avenues for reporting are posted in physical spaces for detained immigrants to read and the extent to which such materials are translated into other languages for access by non-English-speaking detained immigrants;

l.     Records related to guidance, guidelines, rules, directives, policies, procedures, standards, trainings, or other actions outlining SDC's established responses to reports of sexual abuse,

sexual violence, sexual harassment, or other improper conduct at SDC, including any penalties imposed upon individual violators as well as any institutional efforts to address the incident and prevent further violations;

m. Records related to any investigations undertaken by SDC, and/or any contractors or sub-contractors of ICE and/or CoreCivic, involving detained immigrants' reports of sexual abuse, sexual violence, sexual harassment, or other improper conduct, including instances where SDC has closed the investigation without finding a violation, or the report unsubstantiated, or where it has deemed an investigation unnecessary, and any determinative factors SDC considers in making such decisions;

n. Records related to the demographic traits of detained immigrants who have reported sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC, including those reports that were found unsubstantiated, especially but not exclusively concerning factors pertinent to their ability to report such as differential physical or psychological ability;

o. Records related to any changes in housing, work program shifts, or solitary confinement for detained immigrants who have reported sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC;

p. Records related to any physical or psychological injuries by detained immigrants reporting sexual abuse, sexual violence, sexual harassment, or other improper conduct and any official actions taken by SDC in response to such injuries, if any;

q.    Records related to any complaints, grievances, or other communications by detained immigrants concerning their experiences using the avenues offered by SDC for reporting sexual abuse, sexual violence, sexual harassment, or other improper conduct;

r.    Records related to detained immigrants' complaints, grievances, or other communications regarding their experiences navigating the process of reporting sexual violence at SDC;

s.    Records outlining the protocols that SDC follow regarding record keeping, including the protocols guiding safekeeping of records and the disposal of old otherwise excess documents;

t.    Records outlining the protocols that SDC follows in recording detained immigrants' allegations of sexual abuse, sexual violence, sexual harassment, or other improper conduct, including records, if any, listing and explaining the criteria that SDC follows in determining whether to record an allegation at all;

u.    Records of communications, including but not limited to emails, text messages, voice recordings, phone call transcripts, and written or typed memoranda, illustrating the deliberation process that SDC decision makers undergo when classifying sexual violence allegations as "unfounded" or "unsubstantiated," involving past and pending cases if applicable;

v.    Records related to the frequency of administrative segregation and other practices subjecting detained immigrants to any change in conditions following a report of sexual abuse, sexual violence, sexual harassment, or improper conduct at SDC;

   w. Records related to the prevalence of verbal expression, imagery, or communication in any other form to convey to detained immigrants that reports of sexual abuse, sexual violence, sexual harassment, or improper conduct may lead to administrative segregation or other changes in conditions, whether expressed or reasonably implied, regardless of the actual frequency with which such practices are actually used at SDC; and

   x. Records related to the frequency and consistency of trainings and other forms of education pertaining to sexual abuse, sexual violence, sexual harassment, or other improper conduct as imparted to detained immigrants as well as SDC staff, particularly during times when no audit is expected to take place at the facility.

   (i) **ICE Has Not Responded to the Project South ICE FOIA Request**

39. ICE did not respond to, nor acknowledge receipt of, the Project South ICE FOIA Request or Project South's request for expedited processing of the Project South ICE FOIA Request.

40. On September 29, 2022, Project South followed up with ICE to request an update regarding the status of the Project South ICE FOIA Request.  *See* **Exhibit E**.

41. On October 3, 2022, and again on October 17, 2022, Project South reached out to ICE to request an update regarding the status of the Project South ICE FOIA Request.  *See* **Exhibit E.**

42.    On October 18, 2022, ICE responded to Project South's queries regarding the status of the Project South ICE FOIA Request, stating that the request was "currently in the queue" and that "timing can vary greatly depending on the volume of responsive documents needed."  *See* **Exhibit E**.

43.    To date, ICE has not produced records responsive to the Project South ICE FOIA Request.

### (ii)    **CRCL Has Not Adequately Responded to the Project South CRCL FOIA Request**

44.    On July 27, 2022, CRCL acknowledged receipt of the Project South CRCL FOIA request, but did not address Project South's request for expedited processing. *See* **Exhibit F**.

45.    On October 20, 2022, CRCL provided a "final response" and released 72 pages of records, and cited to exemptions (b)(5), (b)(6), and (b)(7)(c) under the FOIA as reasons for withholding information within same. *See* **Exhibit G**.  The 72 pages produced were responsive to only one line-item in the Project South CRCL FOIA Request.  To date, CRCL has provided no additional responsive records or further responded to the Project South CRCL FOIA Request.

    (iii)   **OIG Has Not Responded to the Project South OIG FOIA Request**

46.    On July 27, 2022, in response to the Project South OIG FOIA Request, OIG denied Project South's request for expedited processing but could not provide a timeline for when any responsive records would be provided, citing to an alleged large backlog of cases for OIG's delay in processing.  *See* **Exhibit H**.

47.    To date, OIG has not provided any records responsive to the Project South OIG FOIA Request.

48.    Defendants ICE, CRCL, and OIG, have violated a congressionally-mandated deadline to respond to the Project South FOIA Requests.  Despite the significant public interest as articulated herein and within the Project South FOIA Requests themselves, Defendants ICE, CRCL, and OIG have failed to: (i) adequately and timely respond to the Project South FOIA Requests in the time frame required by the FOIA, and have (ii) failed to adequately search for and release records responsive thereto.

49.    Furthermore, Defendants CRCL and OIG unlawfully denied Plaintiff Project South's request for expedited processing, as articulated in the Project South CRCL FOIA Request.  Project South sought expedition of its FOIA requests because:  (1) the failure to obtain requested records on an expedited basis could reasonably be expected to pose an imminent threat to life or physical safety; (2)

Project South is an organization primarily engaged in disseminating information and there is an urgency to inform the public concerning actual or alleged Federal Government activity; and (3) Jane Doe is entitled to truthful information regarding the circumstances of her detention, the assault she suffered at the hands of ICE's employee, and ICE's investigation of her assault allegations.  CRCL's denial of Project South's request for expedited processing is thus in violation of 6 C.F.R. § 5.5(d) and 5 U.S.C. § 552(a)(6)(E).

50.    Plaintiff Project South has constructively exhausted its administrative remedies because Defendants ICE, CRCL, and OIG, have failed to make a determination in response to the Project South FOIA Requests within the time period required by law and Defendant CRCL has failed to adequately respond to the Project South CRCL FOIA Request.  Given these facts, Plaintiff Project South seeks immediate judicial review.

E.    **DEFENDANTS CRCL, ICE, and DHS OFFICE OF THE SECRETARY HAVE FAILED TO RESPOND TO THE AOL FOIA REQUESTS**

51.    On April 15, 2022, AOL submitted a FOIA request to CRCL (the "AOL CRCL FOIA Request") requesting the following (*See* **Exhibit I**):

   a.    All records created, sent, or received by CRCL before, during, or after CRCL's February 2017 on-site inspection of ICE's Stewart Detention Center in

Lumpkin, GA, regarding complaints received by CRCL about ICE detainees at Stewart;

b.    All records CRCL sent to or received from the agency's subject matter experts (a medical document, a mental health expert, an environmental health and safety expert, and a corrections expert);

c.    The Expert Report Memorandum CRCL sent ICE in May 2017 following its review of Stewart, as well as the experts' written reports, and all records created or reviewed by CRCL in the drafting and approval of the Expert Report memorandum and attachments; and

d.    ICE's February 2018 response to CRCL's May 2017 memo, and all CRCL records created on or after receiving this Response.

**(i)    CRCL Has Not Adequately Responded to the AOL CRCL FOIA Request Pursuant to the FOIA**

52.    On May 23, 2022, CRCL responded to the AOL CRCL FOIA Request, attaching a mere 28 pages of heavily redacted records, citing to exemptions (b)(5) and (b)(6) under the FOIA to allegedly justify CRCL's withholdings. *See* **Exhibit J**.

53.    On November 4, 2022, AOL appealed the adequacy of CRCL's search and its application of FOIA exemption (b)(5) to withhold information in the records produced (the "AOL CRCL FOIA Appeal"). *See* **Exhibit K**.

54.    To date, CRCL has not responded to the AOL CRCL FOIA Appeal.

55.     Also, to date, CRCL has not adequately responded to the AOL CRCL

FOIA Request, as CRCL has failed to produce documents responsive to the full

extent of the AOL CRCL FOIA Request.

     (ii)    **ICE and DHS Office of the Secretary Have Not Responded
to the AOL ICE FOIA Request or the AOL Office of the
SECRETARY FOIA Request**

56.     On November 13, 2022, AOL submitted two additional FOIA requests,

one each to ICE (the "AOL ICE FOIA Request") and another to the DHS Office of

the Secretary (the "AOL Office of the Secretary FOIA Request"), requesting the

same records from each sub-agency, which are as follows:

> Records pertaining to July 2021, Vice News released a
> video showing former DHS Secretary Janet Napolitano
> calling on Secretary Mayorkas to close the Stewart
> Detention Center, operated for ICE by CoreCivic in
> Lumpkin, Georgia. Secretary Mayorkas appeared in the
> video as well. In this videotaped interview, the Secretary
> stated that DHS is looking into facilities across the nation,
> and that "Stewart is one" of these facilities. Secretary
> Mayorkas committed to taking action if DHS's
> investigation into Stewart revealed inhumane treatment. In
> July 2022, four women formerly detained at Stewart filed
> a complaint alleging sexual abuse and harassment by a
> male medical provider at Stewart, and retaliation and
> unlawful PREA violations in the subsequent investigation
> ICE allowed CoreCivic to conduct into these allegations.
> Description of Records Sought: Please provide (1) any
> Taskers regarding the Stewart Detention Center between
> January 20, 2021 and the present, from the Secretary of
> Homeland Security's Office to ICE or DHS HQ or any

other DHS agency component, and (2) the responses received by the Office of the Secretary to each Tasker.

*See* **Exhibits L & M**.

57.     On March 22, 2023, AOL reached out to ICE for an update on the AOL ICE FOIA Request, but ICE did not respond.  *See* **Exhibit L**.

58.     On April 11, 2023, AOL requested an appeal of the constructive denial of the AOL ICE FOIA Request.  *See* **Exhibit L**.

59.     On May 26, 2023, ICE finally acknowledged the AOL ICE FOIA Request and appeal of the same, citing to a high volume of FOIA requests as the reason for its delay in responding and noting that ICE had begun processing the request on a "first-in, first-out basis."  *See* **Exhibit N**.

60.     On December 29, 2022, DHS acknowledged the AOL Office of the Secretary FOIA Request, citing to the "increasing number of FOIA requests received" as the reason for its delay in responding and invoking a 10-day extension to respond to the request.  *See* **Exhibit O**.

61.     On March 29, 2023, AOL reached out to DHS Office of the Secretary for an update on the AOL Office of the Secretary FOIA Request, but DHS Office of the Secretary did not respond.  *See* **Exhibit M**.

62.     On April 11, 2023, AOL requested an appeal of the constructive denial of the AOL Office of the Secretary FOIA Request.  *See id.*

63.     On May 30, 2023, DHS Office of the Secretary acknowledged AOL's appeal of the AOL Office of the Secretary FOIA Request, citing again to the high number of FOIA requests received and noting that the appeal would be handled on a "first-in, first-out basis."  *See* **Exhibit P**.

64.     To date, neither Defendant ICE nor Defendant DHS Office of the Secretary has produced any records responsive to the AOL ICE FOIA Request or to the AOL Office of the Secretary FOIA Request, both submitted on November 13, 2022.

65.     Defendants CRCL, ICE, and DHS Office of the Secretary have violated a congressionally-mandated deadline to respond to Plaintiff AOL's FOIA Requests. Despite the significant public interest as articulated herein and in the AOL FOIA Requests themselves, Defendants CRCL, ICE, and DHS Office of the Secretary have failed to: (i) timely respond to each FOIA Request in the time frame required by the FOIA, and (ii) failed to adequately search for and release records pertaining to the investigation of SDC, including any information regarding the Taskers sent to investigate SDC.

66.     Plaintiff AOL has constructively exhausted its administrative remedies because CRCL, ICE, and DHS Office of the Secretary have failed to make a determination in response to the AOL FOIA Requests within the time period

28

required by law and Defendant CRCL has failed to adequately respond to the AOL

CRCL FOIA Request.  Given these facts, Plaintiff AOL seeks immediate judicial

review.

## **CLAIMS FOR RELIEF**

### **COUNT I:  VIOLATION OF THE FREEDOM OF INFORMATION ACT**
### **5 U.S.C. § 552(a)(4)(B) & 5 U.S.C. § s552(a)(6)(C)(i) Timeliness**
### **On Behalf of All Plaintiffs Against All Defendants**

67.    Plaintiffs incorporate by this reference, their claims, facts, and

allegations in Paragraphs 1 through 66, as if set forth fully herein.

68.    Plaintiffs have a right under the FOIA to the timely and adequate search

for and release of response, non-exempt agency records responsive to the FOIA

Requests.

69.    No legal basis exists for Defendants' failure to adequately search for

and timely release responsive agency records in compliance with the FOIA's time

limits.

70.    Defendants' failures to initiate an adequate search and substantively

respond to Plaintiffs' FOIA Requests within the timeframe allowed by law violates

Plaintiffs' rights under the FOIA.

71.     Because Defendants have failed to comply with the FOIA's time limits and with the FOIA's requirement to adequately search for responsive documents, plaintiffs have constructively exhausted their administrative remedies.

72.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to the FOIA Requests on an expedited basis.

**COUNT II:  VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C. § 552(a)(4)(B)**
**Unlawful Withholdings**
**On Behalf of Plaintiff Jane Doe Against DHS and**
**On Behalf of Plaintiffs Project South and AOL Against CRCL**

73.     Plaintiffs incorporate by this reference, their claims, facts, and allegations in Paragraphs 1 through 72, as if set forth fully herein.

74.     Defendant DHS failed to timely and adequately search for and release agency records responsive to the Jane Doe FOIA Appeal, citing to exemptions (b)(4), (b)(6), (b)(7)(c), and (b)(7)(e) under the FOIA.

75.     Defendant CRCL failed to timely and adequately search for and release agency records responsive to the Project South CRCL FOIA Request, citing to exemptions (b)(5), (b)(6), and (b)(7)(c) under the FOIA.

76.     Defendant CRCL additionally failed to timely and adequately search for and release agency records responsive to the AOL CRCL FOIA Request, citing to exemptions (b)(5) and (b)(6) under the FOIA.

77.     Plaintiffs have a legal right under the FOIA to the timely and adequate search for and release of non-exempt agency records responsive to the FOIA Requests.

78.     Plaintiffs have a legal right under the FOIA to the release of non-exempt agency records responsive to the FOIA Requests, without Defendants DHS and CRCL's improper and unlawful use of FOIA exemptions to withhold information.

79.     No legal basis exists for Defendants DHS and CRCL's failures to timely and adequately search for and release responsive agency records in compliance with the FOIA.

80.     Defendants DHS and CRCL's failures to make adequate and timely efforts to search for and release agency records responsive to the FOIA Requests constitute unlawful withholdings under the FOIA that this Court can and should remedy under the FOIA's time limits.

81.     Defendants DHS and CRCL's failures to initiate an adequate search and substantively respond to the FOIA Requests within the timeframe allowed by law violates the FOIA.

82.     Defendants DHS and CRCL's improper withholdings under the FOIA exemptions violate the FOIA.

83.     Because Defendants DHS and CRCL have violated the FOIA's time limits, Plaintiffs have constructively exhausted their administrative remedies.

84.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for and produce records responsive to the FOIA Requests and to produce unlawfully withheld information and records pursuant to the FOIA.

**COUNT III:  VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C. § 552(a)(6)(C)(i)**
**Failure to Make Records "Promptly Available"**
**All Plaintiffs v. All Defendants**

85.     Plaintiffs incorporate by this reference, their claims, facts, and allegations in Paragraphs 1 through 84, as if set forth fully herein.

86.     The FOIA provides that any agency that produces records in response to a FOIA request shall make those records "promptly available." 5 U.S.C. § 552(a)(6)(C)(i).

87.     To be excused from the "promptly available" requirement, Defendants must show exceptional circumstances justifying the delay, which does not include "a delay that results from a predictable agency workload of requests." 5 U.S.C. § 552(a)(6)(C).

88.     Defendants failed to make records promptly available to Plaintiffs as statutorily required.

89.     Plaintiff Jane Doe submitted the Jane Doe FOIA Request on July 13, 2022. Yet, to date, Defendant DHS has failed to make records responsive to the Jane Doe FOIA Request promptly available, *despite the passage of more than one year*.

90.     Plaintiff Project South submitted the Project South FOIA Requests on July 12, 2022. Yet, to date, Defendants ICE, CRCL, and OIG have failed to make *any* records responsive to the Project South FOIA Requests promptly available, *despite the passage of more than one year*.

91.     Plaintiff AOL submitted the AOL CRCL FOIA Request on April 15, 2022. Yet, to date, Defendant CRCL has failed to make records responsive to the AOL CRCL FOIA Request promptly available, *despite the passage of nearly 15 months*.

92.     Plaintiff AOL submitted the AOL ICE FOIA Request and the AOL Office of the Secretary FOIA Request on November 13, 2022.  Yet, to date,

Defendants ICE and DHS Office of the Secretary have failed to make records responsive to the AOL ICE FOIA Request or the AOL Office of the Secretary promptly available, *despite the passage of more than eight months*.

93.    Defendants additionally failed to establish exceptional circumstances that would justify the delay of producing records responsive to Plaintiffs' FOIA Requests in further violation of the FOIA.

94.    Because Defendants have failed to comply with the FOIA's requirement to make responsive records promptly available, Plaintiffs have constructively exhausted their administrative remedies.

95.    Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to adequately search for and produce records responsive to Plaintiffs' FOIA Requests.

**COUNT IV:  VIOLATION OF THE FREEDOM OF INFORMATION ACT
5 U.S.C. § 552(a)(6)(E)
Unlawful Denial of Expedited Processing
On Behalf of Plaintiff Jane Doe Against
Defendant DHS and On Behalf of Plaintiff Project South
<u>Against Defendants ICE, CRCL, and OIG</u>**

96.    Plaintiffs incorporate by this reference, their claims, facts, and allegations in Paragraphs 1 through 95, as if set forth fully herein.

97.    Defendants DHS, ICE, CRCL, and OIG are components of a government agency subject to the FOIA and are required to promulgate requests for

expedited processing and determine which cases deserve such expedited treatment. 5 U.S.C. § 552(a)(6)(E)(i).

98.  Plaintiffs may request the expedited processing of records by demonstrating a compelling need.  5 U.S.C. § 552(a)(6)(E)(i)(I).

99.  A request for expedited processing "may be made at any time."  6 C.F.R. § 5.5(e)(2).

100.  A determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within ten days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

101.  Defendants DHS, ICE, CRCL, and OIG unlawfully denied Plaintiffs Jane Doe and Project South's requests for expedited processing.

102.  Plaintiff Jane Doe demonstrated a "compelling need" pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(I) for the expedited processing of the Jane Doe FOIA Request, given the "time sensitive nature of litigation in [Doe's] underlying ICE case and detention experience" in order to "protect her due process rights."  *See* Ex. A, at 3.

103.  Defendant DHS failed to acknowledge or respond to the Jane Doe FOIA Request's request for expedited processing within ten days or even in a timely

manner, as statutorily required under the FOIA.  5 U.S.C. § 552(a)(6)(E)(ii)(I); 5 U.S.C. § 552(a)(6)(E)(iii).

104.   Plaintiff Project South demonstrated a "compelling need" pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(I) for the expedited processing of the Project South FOIA Requests, given the that Project South is primarily engaged in disseminating information and that there is a "compelling need" to disseminate information to the public, and particularly to impacted communities, about the government's activity in immigration detention centers.  *See* **Exhibit D**, at 5-6.

105.   Defendant ICE failed to acknowledge or respond to Project South's request for expedited processing of the Project South ICE FOIA Request within ten days, or even in a timely manner, as statutorily required under the FOIA.  To date, ICE has failed to produce records responsive to the Project South ICE FOIA Request.  5 U.S.C. § 552(a)(6)(E)(ii)(I); 5 U.S.C. § 552(a)(6)(E)(iii).

106.   Defendant CRCL failed to acknowledge or respond to Project South's request for expedited processing of the Project South CRCL FOIA Request within ten days, or even in a timely manner, as statutorily required under the FOIA.  To date, CRCL has failed to adequately respond to the Project South CRCL FOIA Request.  5 U.S.C. § 552(a)(6)(E)(ii)(I); 5 U.S.C. § 552(a)(6)(E)(iii).

107.   Defendant OIG unlawfully denied Project South's request for expedited processing of the Project South OIG FOIA Request, despite Project South's demonstration of a "compelling need."  To date, OIG has failed to produce records responsive to the Project South OIG FOIA Request, as statutorily required under the FOIA.  5 U.S.C. § 552(a)(6)(E)(v); 5 U.S.C. § 552(a)(6)(E)(iii).

108.   Defendants DHS, ICE, CRCL, and OIG either failed to process or unlawfully denied Plaintiffs' requests for expedited processing.  Plaintiffs have waited **_nearly one year_** for Defendants' compliance with the FOIA Request, in violation of the FOIA.

109.   Because Defendants DHS, ICE, CRCL, and OIG have failed to comply with the FOIA's requirement to promulgate requests for expedited processing and respond to such requests within ten days, Plaintiffs have constructively exhausted their administrative remedies.

110.   Plaintiffs Jane Doe and Project South are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for and produce records responsive to Plaintiffs' FOIA Requests.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Enter judgment in favor of Plaintiffs and against all Defendants.

B.      Order Defendants to conduct a prompt and adequate search for all records responsive to the Plaintiffs' FOIA Requests, determine which, if any portions of such records are exempt, and require Defendants to release the remaining portions of these agency records, and appropriately justify any withholdings made pursuant to the FOIA and the law.

C.      Order Defendants to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Requests, any and all segregable records responsive to Plaintiffs' FOIA Requests, and indices justifying the withholding of any responsive records withheld under any claim of exemption.

D.      Declare Defendants' withholdings under the FOIA unlawful and enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests.

E.      Declare Defendants have violated the promptly available provision of the FOIA and enter Judgment in favor of Plaintiffs' favor on that count.

F.      Declare Defendants' documented violations of their own standards, combined with their violations of the FOIA as described above, render the presumptions of good-faith and reliability inapplicable to statements by the agency in this case.

G.    Issue written findings that Defendants' withholding of records in this case was arbitrary and capricious, and issue a referral to the Special Counsel as described in the FOIA to initiate a proceeding to determine whether disciplinary actions is warranted against the officer or employee who was primarily responsible for the withholding.  The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative.  The administrative authority shall take the corrective action that the Special Counsel recommends.

H.    Award Plaintiffs reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E)(i) and/or 28 U.S.C. § 2412(d)(1)(A).

I.    Award Plaintiffs such further relief as the Court deems just, equitable, and appropriate.

Dated: July 19, 2023                    Respectfully submitted,

                                        By: /s/  *Sarah Owings*
                                        **OWINGS MACNORLIN, LLC**
                                        Sarah Owings  (GA Bar No. 147507)
                                        PO Box 18396
                                        Atlanta, GA 30316
                                        Tel: 470-444-9531
                                        sarah@omimm.com

**GRANT & EISENHOFER P.A.**
Irene R. Lax *(pro hac vice forthcoming)*
Grant & Eisenhofer P.A.
485 Lexington Ave, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Pooja Mehta (*pro hac vice forthcoming*)
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7017
pmehta@gelaw.com

**AL OTRO LADO, INC.**
Andrew Fels (*pro hac vice forthcoming*)
3214 Fountain Park Blvd
Knoxville, TN 37917
Tel: (865) 567-4881
andrew@alotrolado.org

**PROJECT SOUTH**
Azadeh Shahshahani (GA Bar No. 509008)
9 Gammon Ave SE
Atlanta, GA 30315
Tel: 404-622-0602
Fax: 404-622-4137
azadeh@projectsouth.org

*Attorneys for Plaintiffs*