# EXHIBIT A

Request - 2022-ICFO-23164

✉ Inbox (0)   ◢ Compose Message ♠ Sent Messages   Withdraw Request   ← Back
(RequestStatus.aspx)

## Requester Details

To modify request details, please update your requester profile or contact the our office for assistance.

**sarah owings**
Owings MacNorlin LLC
PO Box 18396
Atlanta, GA 30316
Phone ( 470) 444-9531
sarah@omimm.com

Requester Default Category: Commercial Organization

## Request Details

| | |
|---|---|
| Date Requested | 07/13/2022 |
| Received Date | 07/14/2022 |
| Estimate Delivery Date | 08/16/2022 |
| Status | Documents Delivered |

## General Information

DHS Component          [ --------------Select-------------- ▲▼ ]

Selected Component

Please ensure Request Type matches up to the Component

Request Type          [ ICE FOIA ▲▼ ]

Suggested Requester Category          [ Private Individual ▲▼ ]

Delivery Mode          [ PAL ▲▼ ]

## Requesting Personal Records

** If you are requesting access to records about an individual, additional information may be required in order to facilitate the processing of your request. The DHS component your request is routed to will advise you if any additional information is required to aid the disclosure process.**

**Are you requesting records on yourself?**

Please Select:          [ No ▲▼ ]

* If yes, please read the Perjury Statement and Initial in the section below OR attach your Certification of Identity in the Request Information below.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
By initialing here you are providing your electronic signature.

Initial Here:          [ SWHO ]

## Request Information

* For Requests to OBIM for IDENT Records, please attach your Fingerprint Card Scans above in addition to filling out the Request Description below.

Request Description          I request all immigration records in relation to the case of my client,
███████████ including her complete ICE file as well
as any and all records related to her detention including any complaints

that she filed against ICE or government contractors, any investigation

| Date Range for Record Search:<br>From(mm/dd/yyyy) | 12/30/2021 | To<br>(mm/dd/yyyy) | 01/28/2022 |
|---|---|---|---|

## Fee Information

| Willing Amount ($) | 25.00 |
|---|---|

**Fee Waiver Requested** ☐

\* Fees otherwise chargeable in connection with a request for disclosure of a record shall be waived or reduced where it is determined that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operation or activities of the government and is not primarily in the commercial interest of the requester.

**Fee Waiver Request Reason**

**Willing to Pay All Fees** ☐

## Expedite Information

\* Some requests may qualify for expedited treatment if the requester can demonstrate that it meets certain criteria established under DHS regulations. See 6 C.F.R. § 5.5(d)(1) (https://www.dhs.gov/publication/federal-register-notice-freedom-information-act-and-privacy-act-procedures-interim-final)

**Expedite Requested** ☑

**Expedite Reason**
The time-sensitive nature of litigation in her underlying ICE case and detention experience we ask that this request be subject to expedited processing under 6 C.F.R. 5.5(e)(1), as they will be necessary to protect her due process rights.

**Expedite Request Status** N/A

# EXHIBIT B

EARM

Logged In: (b)(6); (b)(7)(C) |



| Person ID: (b)(7)(C) Sex: **F** DOB: | Current Age: | COB: | COC: |
|---|---|---|---|

Subject ID: | Processing Disposition: **Notice to Appear Released (I-862)** RCA Look-Up

Case # : (b)(7)(C) Case Category: **[8A]** Docket: <u>CHI - NDU 336-419 Gonzalez, L</u>

Final Order of Removal: **No**        Time in Custody: **N/A**        Special Class:
Final Order Date: **N/A**        Depart / Cleared Status: **ACTIVE**
Proceed With Removal: **N/A**
Days Final Order in Effect: **N/A**

### Current / Active Alerts

| COVID-19 Risk Factor 1 |
|---|
| COVID-19 Risk Factor 2 |

| Detention History |
|---|

# Person History

## Encounter History

| Ref# | Subject ID | A-Number | Last Name | COB | Historical Priority | Event ID | Apprehended | Current Processing Disposition | Case # | Unlink |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | N/A | (b)(7)(E) | | Notice to Appear Released (I-862) | (b)(7)(E) | Unlink |

### Case History

| Case # | Case Category | Historical Priority | DCO | Final Order of Removal | Depart-Cleared Status |
|---|---|---|---|---|---|
| (b)(7)(E) | 8A - [8A] Excludable / Inadmissible - Hearing Not Commenced | N/A | CHI | N/A | ACT |

### Detention History

| Initial Book In | Classification Level | Last/Current Detention Location | Final Book Out Date | Final Book Out Description |
|---|---|---|---|---|
| 12/30/2021 1618 | LO | STWRTGA-STEWART DETENTION CENTER | 01/07/2022 1726 | Released |
| 12/27/2021 1156 | LO | HOUICDF-HOUSTON CONTRACT DET.FAC. (IHSC) | 12/30/2021 1341 | Transferred |

### Alternatives to Detention (ATD) History

Nothing found to display.

### Assessment History

#### Person Assessment History

Nothing found to display.

#### Encounter Assessment History

Nothing found to display.

EARM



Logged In: (b)(6); (b)(7)(C)

Person ID: (b)(7)(C)  Sex: **F** DOB:  Current Age:  COB:  COC:

Subject ID:  Processing Disposition: **Notice to Appear Released (I-862)** RCA Look-Up

Case # : (b)(7)(C)  Case Category: **[8A]** Docket: CHI - NDU 336-419 Gonzalez, L

Final Order of Removal: **No**
Final Order Date: **N/A**
Proceed With Removal: **N/A**
Days Final Order in Effect: **N/A**

Time in Custody: **N/A**
Depart / Cleared Status: **ACTIVE**

Special Class:

**Current / Active Alerts**

| COVID-19 Risk Factor 1 |
| COVID-19 Risk Factor 2 |
| Detention History |

## Case Summary

### Case Details

Case Category: **[8A] Excludable / Inadmissible - Hearing Not Commenced**

Final Order of Removal: **No**

Final Order Date: **N/A**

Are there reasons that prevent removal of the alien at this time? **N/A**

Reason preventing removal: **N/A**

Cleared-Depart Status: **ACTIVE**

Aggravated Felon: **No Aggravated Felony Convictions**

Mandatory Detention: Yes

Special Classes:

Last Updated By: (b)(6);

Last Update: **10/24/2022**

**EOIR Search**

IHRP Case:

　○ **Yes**　○ **No**

### Important Case Dates



| | |
|---|---|
| Entry Date: | |
| Apprehension Date: | |
| Case Creation Date: | |
| Charging Document Issued - I862 : | |
| Charging Document Served - I862 : | |
| A-File to Trial Attorney: | N/A |
| Initial Book-in: | |
| Last Book-in: | |
| Final Book-out: | |
| Last Custody Review: | |
| Travel Document Requested: | N/A |
| Case Closed: | N/A |

**Available Actions**

## Docket Assignment

**DCO:** CHI - CHICAGO, IL
**Docket Name:** NDU 336-419 Gonzalez, L

## Case Call-ups

| | Expires | Status | Description | Set By | Set Date | |
|---|---|---|---|---|---|---|
| 🔍 | 05/10/2023 | Active | FOAS 05-03-2023 | (b)(6) | 01/13/2022 | |

**Show Completed call-ups in listing**

## Encounters Included in Case File

| | A-Number | Subject ID | Last Name | First Name | COB | Age | Entry Date | Apprehended | Disposition | Primary |
|---|---|---|---|---|---|---|---|---|---|---|
| 🔍 ▉▉▉ | ▉▉▉ | ▉▉▉ | ▉▉▉ | ▉▉▉ | ▉ | ▉ | ▉▉▉ | ▉▉▉ | Notice to Appear Released (I-862) | ☆ |

## Administrative and Criminal Immigration Charges

| Charged | Section | DACS | Description | Disposition |
|---|---|---|---|---|
| 12/20/2021 | 8 USC 1182 | | ALIEN INADMISSIBILITY UNDER SECTION 212 | |
| 12/20/2021 | 212a6Ai | I6A | ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs) | |

## Additional Charges of Inadmissibility/Deportability (I-261)

Nothing found to display.

## Case Closure

This case is currently Active.

EARM

Logged In: (b)(6); (b)(7)(C) |



Person ID: (b)(7)(E) Sex: **F** DOB: ___ Current Age: ___ COB: ___ COC: ___

Subject ID : **374257453** Processing Disposition: **Notice to Appear Released (I-862)** RCA Look-Up

Case # : (b)(7)(E) Case Category: **[8A]** Docket: CHI - NDU 336-419 Gonzalez, L

| | |
|---|---|
| Final Order of Removal: **No** | Time in Custody: **N/A** | Special Class: |
| Final Order Date: **N/A** | Depart / Cleared Status: **ACTIVE** | |
| Proceed With Removal: **N/A** | | |
| Days Final Order in Effect: **N/A** | | |

**Current / Active Alerts**

| COVID-19 Risk Factor 1 |
|---|

| COVID-19 Risk Factor 2 |
|---|

| Detention History |
|---|

## Encounter Details

**1 Encounter(s) linked to Person ID:** (b)(7)(E)

| | Ref# | Subject ID | A-Number | Last Name | First Name | COC | Historical Priority | DOB | Encountered on | Case | Case Category | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ⦿ | 1 | | | | | | No Priority | | | | 8A | Unlink |

## Encounter Details

**All information below may only be edited in EAGLE**

### Event / Incident Information

| | | |
|---|---|---|
| Event Number: (b)(7)(E) | Operation: **OPERATION CAPIO** | Primary Agent: **N/A** |
| Event Occurred On: **12/20/2021** | Site: **N/A** | Assigned On: |
| Event Type: **Administrative Non-Criminal Individual** | Landmark: **N/A** | Event Supervisor: **N/A** |
| | | Assigned On: |

### Subject Information

| | | |
|---|---|---|
| FINS: | Historical Priority: **No Priority** | Role: **I** |
| DNA Collection Device Number: | Criminal Type: **N/A** | Role Comment: **N/A** |
| A-Number: | Agg Felon: **No Aggravated Felony Convictions** | Processing Disposition: **Notice to Appear Released (I-862)** |
| Control Name: | Primary Citizenship: | INS Status: **Inadmissible Alien** |
| First Name: | Hair: **BLK** | POE: |
| Middle Name: | Eyes: **BRO** | Entry Date: |
| Maiden: **N/A** | Complexion: **LBR** | Entry Class: **PWA Mexico** |
| Nickname: **N/A** | Race: **W** | Apprehension Date: **2021-12-20 07:33:42.0** |
| Living?: **N/A** | Origin: **N/A** | Warrant served by Warrant Service Officer (WSO)? **N/A** |
| Sex: **F** | Date of Birth: | |
| Transgender: **N/A** | Age | Site: **EGT** |
| Marital Status: **Single** | Age at Encounter: | Landmark (b)(7)(E) |
| SSN: **N/A** | Height: | Arrest At/Near: **EAGLE PASS, TX** |
| Juvenile Verified: **N/A** | Weight: | Juvenile Status: **N/A** |
| Occupation: **LABORER** | Speak/Understand English: **N/A** | CBP Family Unit ID: **N/A** |
| TSC Log #: **N/A** | Read/Write English: **N/A** | |

| | | |
|---|---|---|
| NUIN #: **N/A** | Primary Language: **N/A** | CBP Separation Reason: **N/A** |
| SEN #: **N/A** | Family Members: **N/A** | Accompanying Family Member Relation: **N/A** |
| TECS Subject #: **N/A** | | Accompanying Family Member Subject ID: **N/A** |
| Veteran Status: **N/A** | | Consequence Delivery System Selection: **FIRA** |
| | | ICE Family ID: **N/A** |

## I-213 Narrative

## Narrative 1 : Created Date: 12/22/2021 05:10 AM

**ENCOUNTER:**
**On December 20, 2021, subject was apprehended by a Border Patrol Agent in Eagle Pass, Texas. Subject admitted illegally entering the United States by wading across the Rio Grande River near Eagle Pass, Texas. Agents encountered the subject, identified themselves as United States Border Patrol Agents and questioned the subject as to her citizenship and immigration status in the United States. Subjects stated that she was a citizen and national of ▮▮▮▮▮; and does not possess the proper immigration documents that would allow her to be, pass through or remain in the United States legally.**

**Subject was placed under arrest and transported to the Uvalde Border Patrol Station in Uvalde, Texas for processing.**

**ENTRY DATA:**
**Subjects illegally entered the United States near the Eagle Pass, Texas Port of Entry on ▮▮▮▮▮▮▮▮ at approximately 0700 hrs.**

**U.S. POC:**
(b)(6); (b)(7)(C)

**INADMISSIBILITY:**
**The Immigration and Naturalization Service has determined the subject is inadmissible to the United States under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.**

**IMMIGRATION:**
**CBP Systems revealed no immigration history for the subject.**

**CRIMINAL:**
**Records revealed no criminal history or warrants for the subject.**

**CONSULAR NOTIFICATION:**
**The subject was notified of the right to communicate with a consular officer as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right and did not request to speak with a consular official at this time.**

**CREDIBLE FEAR/HEALTH:**
**The subject claims fear in returning to her home country. The subjects stated she has no health concerns or issues at this time and are not taking any medications. Subjects appears to be in good health.**

**FMU Health Assessment:**

**Is subject pregnant?**
**No**

**Does this subject have a temp of 100.4 or over?**
**No.**

**Does this subject have shortness of breath?**
**No.**

**Does this subject have a cough?**
**No.**

**Does this subject have a sore throat?**
**No.**

**Has the subject traveled through a high-risk country that has been identified by the CDC?**
**No.**

**PROPERTY/MONEY:**
**At the time of apprehension subject had in her possession:**
**Currency** (b)(7)(C): **USD. Subject has all currency on her person.**

**Subject has her personal belongings in bag #09951557.**

**DISPOSITION:**
**Subject was issued a Notice to Appear as per section 212(a)(6)(A)(i)(l) of the Immigration and Nationality Act and turned over to ICE/ERO.**

United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) | Release

EARM 7.31

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



November 21, 2022

Sarah Owings
Owings MacNorlin LLC
PO Box 18396
Atlanta, GA 30316

**RE:    ICE FOIA Case Number 2022-ICFO-23164**

Dear Requester Owings:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S.
Immigration and Customs Enforcement (ICE), dated July 13, 2022.  You have requested I
request all immigration records in relation to the case of my client, █████████████
███████, including her complete ICE file as well as any and all records related to her detention
including any complaints that she filed against ICE or government contractors, any investigation
of those complaints, records regarding referrals for outside investigation of those complaints to
law enforcement, custody decisions, detention facility logs related to interaction with CoreCivic
staff or any outside contractors at the Stewart Detention Center, decisions regarding housing
within the facility, and disciplinary records or investigations initiated against her or requests for
same.  Please include all communications, electronic or in writing in regard to the above
requested records.  (Date Range for Record Search: From 12/30/2021 To 01/28/2022). ICE has
considered your request under the FOIA, 5 U.S.C. § 552.

A search of the ICE Enforcement and Removal Operations for records responsive to your request
produced 6 pages that are responsive to your request.  After review of those documents, I have
determined that 1 page will be released in its entirety.  Portions of 5 pages will be withheld
pursuant to Exemptions (b)(4)(b)(6)(b)(7)(C)(b)(7)(E) of the FOIA as described below.

ICE has applied FOIA Exemptions (b)(4)

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained
from a person that is privileged or confidential.  The courts have held that this subsection
protects (a) confidential commercial information, the disclosure of which is likely to cause
substantial harm to the competitive position of the person who submitted the information and (b)
information that was voluntarily submitted to the government if it is the kind of information that
the provider would not customarily make available to the public.  I have reviewed the responsive
documents, the submitter's objections to release, and relevant case law, and I have determined

that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of DHS employees contained within the documents.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers, secured URL's and law enforcement sensitive information contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security

Page **3** of **3**

500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS
regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a
waiver of fees.  In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please
contact the FOIA office and refer to FOIA case number **2022-ICFO-23164**. You may send an e-
mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public
Liaison, Marcus Francis, in the same manner.  Additionally, you have a right to right to seek
dispute resolution services from the Office of Government Information Services (OGIS) which
mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative
to litigation.  If you are requesting access to your own records (which is considered a Privacy Act
request), you should know that OGIS does not have the authority to handle requests made under
the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College
Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-
877-684-6448; or facsimile at 202-741-5769.

Sincerely,

K. Small
Supervisory Paralegal Specialist

Enclosure(s): 6 pages

# EXHIBIT C




☰   SecureRelease™ Portal

🔔  👤 Sarah Owings
       sarah@omimm.com

Request Number:    **2023-ICFO-0**

**Details of Request**
(Read only details of request)

| | |
|---|---|
| **Request Description:** | This is an appeal from ICE FOIA 2022-ICFO-23164. I submitted that FOIA via the DHS's prior FOIA portal, foiarequest.dhs.gov (which is now defunct) on July 13, 2022. A response was received on November 22, 2022, totaling 6 pages. The original request read as follows: I request all immigration records in relation to the case of my client, ██████████ including her complete ICE file as well as any and all records related to her detention including any complaints that she filed against ICE or government contractors, any investigation of those complaints, records regarding referrals for outside investigation of those complaints to law enforcement, custody decisions, detention facility logs related to interaction with CoreCivic staff or any outside contractors at the Stewart Detention Center, decisions regarding housing within the facility, and disciplinary records or investigations initiated against her or requests for same. Please include all communications, electronic or in writing in regard to the above requested records. (Date Range for Record Search: From 12/30/2021 To 01/28/2022) In DHS's reply to this request, the 6 pages that were received appear to be a printout of the requestor's history in EARM, which included a few redactions under (b)(6), (b)(7)(C), and (b)(7)(E). I hereby appeal this FOIA because the DHS failed to conduct an adequate and complete search. I also appeal all the redactions contained in the pages that were produced because they were improper. |

| | |
|---|---|
| **Fee Waiver Requested? :** | Not Requested |
| **Reason for Fee Waiver:** | - |
| **Expedited Processing?:** | Pending Decision |
| **Reason for Expedited Processing:** | We requested expedited pr... request submitted July 13, ... sensitive nature of litigation ... underlying ICE case and the ... occurred during her detenti... this request be subject to e... C.F.R. 5.5(e)(1), as they will ... due process rights. |

| | |
|---|---|
| **Agency:** | Department of Homeland Security |
| **Component:** | U.S. Immigration & Customs Enforcement |
| **Processing Track:** | Simple |
| **Request Type:** | FOIA Request |
| **Submitted Date:** | 12/06/2022 |
| **Request Status:** | Searching for Records |
| **Identity Verification Status:** | Not Requested by Agency |

**Files uploaded by user**

🔍 Search

| File Name | Attachment Type |
|---|---|
| Form G-639 ████████████ | Search Form |
| ICE FOIA G-28 ██████ | Third Party Waiver |

5 rows ▼  |<

SUPPORT    LICENSES    PRIVACY NOTICE    COOKIE NOTICE    COOKIE SETTINGS    GOVERNMENT SYSTEM NOTICE          © 2023 Powered by

# EXHIBIT D

July 12, 2022

*Sent via US Postal Service and Electronic Mail*

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009
E-mail: ice-foia@dhs.gov

Office for Civil Rights and Civil Liberties
Mail Stop 0190
ATTN: CRCL FOIA Officer
Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Washington, DC 20528-065
E-mail: crclfoia@hq.dhs.gov

FOIA Public Liaison
DHS-OIG Counsel
STOP 0305
245 Murray Lane, SW
Washington, D.C. 20528-0305
E-mail: FOIA.OIG@oig.dhs.gov

RE:    FOIA Request for Records Related to Medical Care of Women in ICE Custody at the
       Stewart Detention Center

Dear Freedom of Information Officer:

This letter is a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by
Project South, Georgia Latino Alliance for Human Rights ("GLAHR"), Southern Poverty Law
Center ("SPLC"), El Refugio Ministries ("El Refugio"), Owings MacNorlin LLC, and The Black
Alliance for Just Immigration (BAJI). The Requesters seek records from U.S. Immigration and
Customs Enforcement ("ICE") related to the medical care of women in ICE custody at the Stewart
Detention Center ("SDC") in Lumpkin, Georgia. SDC is operated by the for-profit company
CoreCivic. The Requesters also seek expedited processing of this request and a fee waiver. *See* 5
U.S.C. §§ 552(a)(6)(E), 552(a)(4)(A)(iii).

1

**Definitions**

"Records"—all records or communications preserved in electronic or written form, including but not limited to: text communications between phones or other electronic devices (including but not limited to communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Facebook, Signal, Gchat, Twitter direct message, Teams, or similar form of communication), including those sent through personal devices or accounts; e-mails (including those in personal accounts); images, video, and audio, including that recorded on cell phones; voicemail messages; social-media posts; minutes or notes of meetings and phone calls; faxes; documents; data; correspondence; letters; messages; notes; contracts or agreements; memoranda of understanding; files; forms, including but not limited to I-200 forms, I-205 forms, I-213 forms, I-247 or I-247-related forms, I-261 forms, I-286 forms, I-862 forms, I-867A forms, and I-867B forms; logs; records; guidance; guidelines; formal and informal presentations; evaluations; audits; investigations; reviews; studies; reports; critiques; analyses; internal memoranda; legal opinions; orders; directives; instructions; training materials; criteria; standards; specifications; rules; instructions; manuals; advisories; bulletins; alerts; updates; reports; protocols; procedures; policies; or other communications.

"DHS" includes any sub-agency within the Department of Homeland Security, including Immigration and Customs Enforcement ("ICE"), Customs and Border Protection ("CBP"), and U.S. Border Patrol.

**Time Period**

The Records requested are for the period of January 1, 2017 through the date on which a search responsive to this Request is conducted.

**Records Requested**

Specifically, we seek copies of the following records related to the medical care of women under the authority of DHS at SDC:

1. Records containing complaints, concerns, reports, and/or grievances by any and all persons in the custody of ICE at SDC concerning the medical care they have or have not received at SDC;
2. Records containing reports of sexual abuse, sexual violence, sexual harassment, or improper conduct of any kind by, ███████████, a health care provider at SDC;
3. Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE ERO Detention Reporting and Information Line ("DRIL");
4. Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of the Immigration Detention Ombudsman ("OIDO");
5. Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of Inspector General ("OIG");

6. Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office for Civil Rights and Civil Liberties ("CRCL");

7. Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office of Professional Responsibility ("OPR");

8. Records related to the 2021 PREA audit of SDC, including notes of interviews, inspections, and/or observations and any and all correspondence related thereto;

9. Records related to the February 2021, June-July 2021, and October 2021 Office of Detention Oversight – Detention Facility Compliance Inspections of SDC, including notes of interviews, inspections, and/or observations and any and all correspondence related thereto;

10. Records detailing how detained immigrants know to report incidents of sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC;

11. Records related to efforts by SDC personnel to publicize reporting protocols among detained immigrants, including but not limited to the extent that avenues for reporting are posted in physical spaces for detained immigrants to read and the extent to which such materials are translated into other languages for access by non-English-speaking detained immigrants;

12. Records related to guidance, guidelines, rules, directives, policies, procedures, standards, trainings, or other actions outlining SDC's established responses to reports of sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC, including any penalties imposed upon individual violators as well as any institutional efforts to address the incident and prevent further violations;

13. Records related to any investigations undertaken by SDC, and/or any contractors or sub-contractors of ICE and/or CoreCivic, involving detained immigrants' reports of sexual abuse, sexual violence, sexual harassment, or other improper conduct, including instances where SDC has closed the investigation without finding a violation, or the report unsubstantiated, or where it has deemed an investigation unnecessary, and any determinative factors SDC considers in making such decisions;

14. Records related to the demographic traits of detained immigrants who have reported sexual abuse, sexual violence, sexual harassment, or other improper conduct by at SDC, including those reports that were found unsubstantiated, especially but not exclusively concerning factors pertinent to their ability to report such as differential physical or psychological ability;

15. Records related to any changes in housing, work program shifts, or solitary confinement for detained immigrants who have reported sexual abuse, sexual violence, sexual harassment, or other improper conduct at SDC;

16. Records related to any physical or psychological injuries by detained immigrants reporting sexual abuse, sexual violence, sexual harassment, or other improper conduct and any official actions taken by SDC in response to such injuries, if any;

17. Records related to any complaints, grievances, or other communications by detained immigrants concerning their experiences using the avenues offered by SDC for reporting sexual abuse, sexual violence, sexual harassment, or other improper conduct;

18. Records related to detained immigrants' complaints, grievances, or other communications regarding their experiences navigating the process of reporting sexual violence at SDC;

19. Records outlining the protocols that SDC follows regarding record keeping, including the protocols guiding safekeeping of records and the disposal of old or otherwise excess documents;

20. Records outlining the protocols that SDC follows in recording detained immigrants' allegations of sexual abuse, sexual violence, sexual harassment, or other improper conduct, including records, if any, listing and explaining the criteria that SDC follows in determining whether to record an allegation at all;

21. Records of communications, including but not limited to emails, text messages, voice recordings, phone call transcripts, and written or typed memoranda, illustrating the deliberation process that SDC decision makers undergo when classifying sexual violence allegations as "unfounded" or "unsubstantiated," involving past and pending cases if applicable;

22. Records related to the frequency of administrative segregation and other practices subjecting detained immigrants to any change in conditions following a report of sexual abuse, sexual violence, sexual harassment, or improper conduct at SDC;

23. Records related to the prevalence of verbal expression, imagery, or communication in any other form to convey to detained immigrants that reports of sexual abuse, sexual violence, sexual harassment, or improper conduct may lead to administrative segregation or other changes in conditions, whether expressed or reasonably implied, regardless of the actual frequency with which such practices are actually used at SDC;

24. Records related to the frequency and consistency of trainings and other forms of education pertaining to sexual abuse, sexual violence, sexual harassment, or other improper conduct as imparted to detained immigrants as well as SDC staff, particularly during times when no audit is expected to take place at the facility;

## **The Requesters**

Project South, founded as the Institute to Eliminate Poverty & Genocide in 1986, is a social justice organization based in Atlanta, Georgia. Project South's work is rooted in the legacy of the Southern Freedom Movement and has a mission of cultivating strong social movements with grassroots organizations and directly-impacted communities in the U.S. South. Project South has been documenting conditions in immigration detention centers and published several human rights reports. Project South has also engaged in impact litigation as well as advocacy with the United Nations and the Inter-American Commission.

GLAHR is a non-profit organization based in Atlanta, Georgia that works to educate, organize and cultivate leadership within the Latinx immigrant population of Georgia. More broadly, GLAHR works to advocate for and inform immigrant communities of color, many of whom come from low income, mixed-status families.

4

Founded in 1971, SPLC is a civil rights organization dedicated to litigation and advocacy that make justice and equal opportunity a reality for all. SPLC's Immigrant Justice Project (IJP) represents noncitizens across the Southeast and nationally. Through its litigation team, IJP provides legal representation and support to immigrants in civil rights cases and on issues of regional and national importance, including efforts to protect the integrity of the U.S. asylum system. In April 2017, IJP launched the Southeast Immigrant Freedom Initiative (SIFI), which engages in advocacy and pro bono legal representation in immigration detention centers in Georgia, Louisiana, and Mississippi. SIFI represents clients, including many asylum seekers, in custody proceedings, removal proceedings before the EOIR, appeals to the Board of Immigration Appeals (BIA), and petitions for review to federal courts of appeal. SIFI also represents clients in Credible Fear Interviews (CFIs), review of negative CFI determinations before immigration judges, Requests for Reconsideration (RFRs) of negative CFI determinations, and Further Information Gathering (FIG) interviews, and conducts other advocacy for detained people placed in expedited removal proceedings.

The Black Alliance for Just Immigration (BAJI), founded in April 2006, is a racial justice and migrants' rights organization that organizes, advocates and raises awareness around issues facing Black Immigrants and African Americans.  We specifically work to address the unique challenges facing our communities which include mass criminalization, the impact of egregious immigration policies, economic inequality and the health and well-being of Black immigrants, African Americans, and their families. BAJI builds power throughout the diaspora to win transformative social change.

## **Request for Expedited Processing**

The Requesters seek Track 1 expedited treatment for this FOIA request pursuant to 6 C.F.R. § 5.5(d) and 5 U.S.C. § 552(a)(6)(E).[1]

According to the FOIA statute, requests that demonstrate "a compelling need" or "in other cases determined by the agency" qualify for expedited processing.[2] "Compelling need," as defined by the statute, means "(I) that a failure to obtain requested records on an expedited basis… could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."[3]

---

[1] *See also* 6 C.F.R. § 5.5(e)(1).
[2] 5 U.S.C. § 552(a)(6)(E)(i)(I).
[3] 5 U.S.C. § 552(a)(6)(E)(v).

Project South is "primarily engaged in dissemination of information" pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II).[4] Obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public are critical and substantial components of Project South's work and are among its primary activities.[5] Since Project South is dedicated to the realization and defense of human rights and social justice, dissemination of information to the public at large, and to impacted communities in particular, is a critical and substantial component of Project South's mission and work.

The Georgia Latino Alliance for Human Rights ("GLAHR") is "primarily engaged in disseminating information" within the meaning of the statute and its implementing regulations.[6] GLAHR conducts weekly community meetings with its member constituency to share information regarding local and national immigration policy developments and organize grassroots campaigns related to issues that implicate the Latinx immigrant population of Georgia. GLAHR has an active social media presence on Twitter, Instagram, and Facebook, and an email newsletter used to educate its members and the broader immigrant community about immigration policy developments and its related campaigns. By sharing this information and cultivating leadership, GLAHR seeks to build political power within the Latinx immigrant community of Georgia.

The Black Alliance for Just Immigration ("BAJI") is "primarily engaged in disseminating information" within the meaning of the statute and its implementing regulations.[7] In every local, state, and national campaign or program, BAJI centers the experience of Black migrants and African Americans, and brings our communities together to advance equity and justice. BAJI's local Organizing Committee members are engaged in community organizing, developing their leadership skills and supporting public education for social, racial & economic change. BAJI aims to educate & mobilize the Black diaspora in advancing liberation and human rights.

### Request for Waiver or Limitation of Fees

The Requesters also seek a full fee waiver on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the

---

[4] *See also* see also 6 C.F.R. § 5.5(d)(1)(ii) (expedited processing is warranted where there is "[a]n urgency to inform the public about an actual or alleged federal government activity.")

[5] Courts have found organizations that engage in information dissemination activities similar to Project South are "primarily engaged in disseminating information." See, e.g., *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005); *ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information"); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Defense*, 241 F. Supp. 2d 5, 11 (D.D.C. 2003).

[6] *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); see also 6 C.F.R. § 5.5(e)(1)(ii).

[7] *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); see also 6 C.F.R. § 5.5(e)(1)(ii).

requester."[8] A fee waiver also would fulfill Congress' intent in amending the FOIA.[9] In addition, Requesters have the ability to widely disseminate the requested information.[10]

### *Disclosure of the Information Is in the Public Interest*

Disclosure of the requested information will contribute significantly to the public understanding of the medical treatment of individuals in ICE custody. In light of reports in national media concerning the potential forced sterilization and other gynecological procedures performed without consent on individuals in ICE custody, access to this information is fundamental to the public's ability to become informed about these government activities. The information will provide more details to the public about how migrants are treated in ICE custody and shed light on the extent of these practices and the number of individuals who may have been subjected to unconsented gynecological procedures.

Requesters have the capacity and intent to disseminate widely the requested information to the public. Requesters will review, analyze and and/or summarize the information obtained through this FOIA. In addition, Requesters' staff will speak publicly and publish related written materials to be shared with the public, organizational members and the academic community. Requesters will make the information available through their websites, which are accessible by any member of the public. Finally, Requesters have frequent contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

### *Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester*

Requesters are tax-exempt, not-for-profit educational and charitable organizations. Project South is a 501(c)(3) organization. Attorneys, noncitizens and any other interested members of the public may obtain information about immigration-related issues through their distribution of written materials, including their individual websites, and through public and educational appearances. The requested information is sought for the purpose of disseminating it to members of the public, including through posting it on Requesters' websites and other publications, and not for the purpose of commercial gain.

For the above reasons, this request satisfies the requirements for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II). Pursuant to 6 C.F.R. § 5.5(d)(3), the undersigned certify that the information provided above as the basis for requesting expedited processing is true to the best of their knowledge and belief.

---

[8] 5 U.S.C. § 552(a)(4)(A)(iii). *See also* 6 C.F.R. § 5.11 (k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).

[9] *Judicial Watch, Inc. v. Rossoti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests).

[10] *Judicial Watch*, 326 F.3d at 1301 (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

**Address for Productions**

Thank you for your consideration of this request. We look forward to your response to our request for expedited processing within ten (10) business days, as required under 5 U.S.C. § 552(a)(6)(E)(ii)(I). Notwithstanding our request for expedited processing, we alternatively look forward to your reply to this request within twenty (20) business days, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i). Please furnish records as soon as they are identified to: [Address]

If this request is denied in whole or in part, we ask that the government justify all redactions by reference to specific FOIA exemptions. We expect the government to release all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny expedited processing or a waiver of fees.

Please contact Priyanka Bhatt at priyanka@projectsouth.org should you wish to discuss this request. Thank you for your prompt attention to this matter.

Sincerely,

Adelina Nicholls
Executive Director
Georgia Latino Alliance for Human Rights

Priyanka Bhatt
Senior Staff Attorney
Project South

Mich P. González
Associate Director of SIFI Advocacy
Immigrant Justice Project
Southern Poverty Law Center

Amilcar Valencia
Executive Director
El Refugio Ministries

Sarah Owings
Partner
Owings MacNorlin LLC

Lovette Thompson
Lead Organizer – Georgia
Black Alliance for Just Immigration

8

# EXHIBIT E



**Priyanka Bhatt <priyanka@projectsouth.org>**

## Request under Freedom of Information Act

6 messages

---

**Laura Rivera** <lauragrivera@gmail.com>            Tue, Jul 12, 2022 at 5:09 PM
To: ice-foia@dhs.gov
Cc: Priyanka Bhatt <priyanka@projectsouth.org>

Good afternoon:

I hereby make a request under the Freedom of Information Act. Please see the attached document for the content of the request.

Please contact Priyanka Bhatt, copied here, for any questions related to this request.

Sincerely,
Laura Rivera

📄 **FOIA - Medical Care SDC - 07.12.2022.pdf**
327K

---

**Priyanka Bhatt** <priyanka@projectsouth.org>        Thu, Sep 29, 2022 at 1:05 PM
To: ice-foia@dhs.gov
Bcc: Azadeh Shahshahani <azadeh@projectsouth.org>

Dear FOIA Officer,

It has been over two months since we filed the FOIA request and have not received any communication from your office. I wanted to follow up to see if your office received Project South's FOIA request and what the FOIA request number is for our records.

Thanks,
Priyanka
[Quoted text hidden]
--
Priyanka Bhatt, Esq.
She/Her
Senior Staff Attorney
Project South
Priyanka@projectsouth.org
9 Gammon Ave SE Atlanta, GA 30315
404-622-0602

----
The information contained in this transmission is privileged and confidential, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmission to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this transmission is prohibited. If you have received this transmission in error, please destroy all copies of the transmission immediately and notify us.

---

**Brown, Moya** <Moya.Brown@ice.dhs.gov>        Mon, Oct 3, 2022 at 1:57 PM
To: Priyanka Bhatt <priyanka@projectsouth.org>

Good day,

The only FOIA request that is currently in our system has been closed out. Please include the case number or attach the documents that were included in the case.

Sincerely,

ICE FOIA

---

**From:** Priyanka Bhatt <priyanka@projectsouth.org>
**Sent:** Thursday, September 29, 2022 1:05 PM
**To:** ice-foia@dhs.gov
**Subject:** Re: Request under Freedom of Information Act

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact your component SOC with questions or concerns.

[Quoted text hidden]

---

**Priyanka Bhatt** <priyanka@projectsouth.org>        Mon, Oct 3, 2022 at 2:11 PM
To: "Brown, Moya" <Moya.Brown@ice.dhs.gov>
Bcc: Azadeh Shahshahani <azadeh@projectsouth.org>

Dear FOIA Officer,

Thank you for your email. We haven't received any communication (including case number) about our FOIA request submitted on July 12, 2022 which is why I am following up. I am attaching our FOIA request again to this email.

Thanks so much,
Priyanka
[Quoted text hidden]

 **FOIA - Medical Care SDC - 07.12.2022(1).pdf**
327K

---

**Priyanka Bhatt** <priyanka@projectsouth.org>        Mon, Oct 17, 2022 at 3:01 PM
To: "Brown, Moya" <Moya.Brown@ice.dhs.gov>
Bcc: Azadeh Shahshahani <azadeh@projectsouth.org>

Dear FOIA Officer,

I wanted to follow up again and request an update on Project South's FOIA request attached to this email again from July 12, 2022. Please let me know what the case number is and when we can expect the records requested.

Sincerely,
Priyanka

[Quoted text hidden]

 **FOIA - Medical Care SDC - 07.12.2022(1)(2).pdf**
327K

---

**Brown, Moya** <Moya.Brown@ice.dhs.gov>                    Tue, Oct 18, 2022 at 6:42 AM
To: Priyanka Bhatt <priyanka@projectsouth.org>

Hello Good day,

        In regard to your request, it is currently in the queue to be processed by an analyst.
Requests are processed on a first in, first out basis and timing can vary greatly depending on the volume
of responsive documents received. Thank you for your continued patience.


Sincerely,

ICE/FOIA

[Quoted text hidden]

# EXHIBIT F



**Priyanka Bhatt <priyanka@projectsouth.org>**

---

## CRCL FOIA Request 2022-CRFO-00164
1 message

---

**crclfoia@hq.dhs.gov** <crclfoia@hq.dhs.gov>                                        Wed, Jul 27, 2022 at 1:05 PM
To: lauragrivera@gmail.com
Cc: priyanka@projectsouth.org

July 27, 2022

Priyanka Bhatt
9 Gammon Ave SE
Atlanta, GA 30314

Re:  **2022-CRFO-00164**

Dear Priyanka Bhatt:

This acknowledges receipt of your July 12, 2022, Freedom of Information Act (FOIA) request to the
Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL),
seeking, copies of the following records related to the medical care of women under the authority of DHS
at SDC: Items 1-24."

We have queried the appropriate office in CRCL for responsive records.  If any responsive records are
located, they will be reviewed and processed accordingly.  Please be assured that one of the processors in
our office will respond to your request as expeditiously as possible.  We appreciate your patience as we
proceed with your request.

Your request has been assigned reference number **2022-CRFO-00164.**  No additional information is
needed at this time.  However, if any additional information is needed in order to complete our search for
documents we will contact you.  If you have any questions pertaining to this request, please feel free to
contact this office at crclfoia@hq.dhs.gov.

Sincerely,

CRCL FOIA Office

# EXHIBIT G

Office for Civil Rights and Civil Liberties
**U.S. Department of Homeland Security**
Washington, DC 20528



October 20, 2022

*Via electronic mail*

Priyanka Bhatt
9 Gammon Ave SE
Atlanta, GA 30314

Re: **2022-CRFO-00164**

Dear Priyanka Bhatt:

This letter responds to your Freedom of Information Act (FOIA) request dated July 12, 2022, to the Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL), seeking, "copies of the following records related to the medical care of women under the authority of DHS at SDC: Items 6: Records related to reports of sexual abuse or sexual violence of any kind at SDC made to the ICE Office for Civil Rights and Civil Liberties ("CRCL")."

The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please refer to the Applicable Exemptions list at the end of this letter that identifies the authority for withholding the exempt material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

<u>Fees</u>

There are no fees associated with processing this request because the fees incurred do not exceed the minimum threshold necessary for charge.

<u>Administrative Appeal</u>

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to: Office for Civil Rights and Civil Liberties, Attn: FOIA Appeals, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0190, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

Additionally, you have the right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact

OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5796.

If you have any questions pertaining to your request, please feel free to contact our office at crclfoia@hq.dhs.gov.

Sincerely,

Rosemary Law
CRCL FOIA Officer

Summary:
Number of Pages Released in Part/Full: 72
Number of Pages Withheld in Full: 192

## APPLICABLE EXEMPTIONS
## FREEDOM OF INFORMATION ACT

### Freedom of Information Act (5 U.S.C. 552)

☐ (b)(1)  ☐ (b)(2)  ☐ (b)(3)  ☐ (b)(4)  ☒ (b)(5)  ☒ (b)(6)

☐ (b)(7)(A)  ☐ (b)(7)(B)  ☐ (b)(7)(C)  ☐ (b)(7)(D)  ☐ (b)(7)(E)  ☐ (b)(7)(F)

Enclosures

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

Exemptions

**Exemption (b)(1):** Records that contain information that is classified for national security purposes.

**Exemption (b)(2):** Records that are related solely to the internal personnel rules and practices of an agency.

**Exemption (b)(3):** Allows for the withholding of information prohibited from disclosure by another federal statute provided that one of two disjunctive requirements are met: the statute either "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (A)(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

**Exemption (b)(4):** Records that contain trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**Exemption (b)(5):** Inter- or intra-agency records that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege:

- Deliberative process privilege – Under the deliberative process privilege, disclosure of these records would injure the quality of future agency decisions by discouraging the open and frank policy discussions between subordinates and superiors.
- Attorney work-product privilege – Records prepared by or at the direction of a FinCEN attorney.
- Attorney-client privilege – Records of communications between an attorney and his/her client relating to a matter for which the client has sought legal advice, as well as facts divulged by client to attorney and any opinions given by attorney based on these.

**Exemption (b)(6):** Records that contain identifying information that applies to a particular individual when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This requires the balancing of the public's right to disclosure against the individual's right to privacy.

**Exemption (b)(7)(A):** Records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information…could reasonably be expected to interfere with law enforcement proceedings.

**Exemption (b)(7)(C):** Records containing law enforcement information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" based upon the traditional recognition of strong privacy interests ordinarily appropriated in law enforcement records.

**Exemption (b)(7)(E):** Records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



February 17, 2022

MEMORANDUM FOR:    Corey A. Price
                            Executive Associate Director
                            Enforcement and Removal Operations
                            U.S. Immigration and Customs Enforcement

                            Staci Barrera
                            Executive Associate Director
                            Management and Administration
                            U.S. Immigration and Customs Enforcement

                            Waldemar Rodriguez
                            Associate Director
                            Office of Professional Responsibility
                            U.S. Immigration and Customs Enforcement

FROM:                     (b)(6)
                            Dana Salvano-Dunn
                            Director, Compliance Branch
                            Office for Civil Rights and Civil Liberties

                            Thomas E. Sharp
                            Deputy Director, Compliance Branch   (b)(6)
                            Office for Civil Rights and Civil Liberties

SUBJECT:              CRCL Expert Recommendations regarding Implementation of ICE's
                            Sexual Abuse and Assault Prevention and Intervention Program
                            CRCL Complaint No. 20-04-ICE-0307

The U.S. Department of Homeland Security (DHS), Office for Civil Rights and Civil Liberties
(CRCL) conducted a comprehensive periodic review[1] of how U.S. Immigration and Customs
Enforcement (ICE) Headquarters (HQ) has implemented and overseen requirements from DHS's
regulation under the 2003 Prison Rape Elimination Act (PREA) – *Standards to Prevent, Detect,*

---

[1] In addition to CRCL's investigative authority at 6 U.S.C. § 345 under which CRCL issued the retention
documents, under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL is specifically charged with "periodically
review[ing] Department policies and procedures to ensure that the protection of civil rights and civil liberties is
appropriately incorporated into Department programs and activities." In accordance with this authority, CRCL seeks
to proactively and periodically review the Department's policies and programs to strengthen civil rights and civil
liberties protections and address any gaps that might lead to allegations of civil rights and civil liberties violations.

*and Respond to Sexual Abuse and Assault in Confinement Facilities* (DHS PREA Standards).[2] CRCL conducted this review in accordance with its longstanding role in developing and advising on the Department's implementation of the DHS PREA Standards as well as with its statutory role to advise Department leadership and oversee compliance with constitutional, statutory, regulatory, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of the Department.[3] Additionally, CRCL's review is in accordance with CRCL's authority to investigate allegations of civil rights violations and the requirement to *periodically review* DHS policies and procedures.[4]

As part of the review, CRCL engaged a conditions of detention subject-matter expert who has extensive knowledge of both PREA and ICE. In addition to her experience implementing sexual abuse prevention programs in a variety of confinement settings and to being a certified PREA auditor by the U.S. Department of Justice, she has extensive knowledge of ICE and ICE facilities through working with CRCL for more than ten years. (b)(5)

(b)(5)

Enclosed with this memorandum is the full report prepared by our subject-matter expert. CRCL greatly appreciates the cooperation and assistance provided by ICE throughout this wide-ranging review.

(b)(5)

This memorandum, the PREA Expert Recommendation Memorandum, adopts recommendations made by CRCL's subject matter expert and supports CRCL's 25 big-picture concerns and recommendations by providing recommendations focused on ICE's implementation of specific agency-level requirements from DHS's PREA regulation. Included below and organized by subject area are the expert recommendations. CRCL requests that ICE formally concur or non-concur with these recommendations and provide an implementation plan for all accepted recommendations within 60 days of the date of this memorandum.

---

[2] Prison Rape Elimination Act of 2003, 34 U.S.C. §§ 30301-30309 (2003); *Standards to Prevent, Detect, and Respond to Sexual Abuse and Assault in Confinement Facilities*, Final Rule 79 Fed. Reg. (March 7, 2014) (codified at 6 C.F.R. pt. 115) (DHS PREA Standards); ICE Directive 11062.2, *Sexual Abuse and Assault Prevention and Intervention* (May 22, 2014) (SAAPI directive).

[3] 6 U.S.C. § 345(a)(4) (2002).

[4] *See* 6 USC 345 and 42 USC 2000-ee1.

**Recommendations**

Following the investigation CRCL's subject-matter expert reviewed the data received and made the following recommendations.

Sexual Abuse Investigation Review

(b)(5)

1. (b)(5)

2.

3.

(b)(5)

4.

5.

6.

(b)(5)

7.  (b)(5)

Protected by the Deliberate Process Privilege

4

(b)(5)

8.

(b)(5)

9.

(b)(5)

(b)(5)

10.

(b)(5)

11.

---

[5] 6 C.F.R. § 115.71.
[6] 6 C.F.R §§ 115.5 and 115.72.

(b)(5)

(b)(5)

(b)(5)

12.

13.

14.

*Protected by the Deliberate Process Privilege*   6

(b)(5)

15.

(b)(5)

16. (b)(5)

17.

---

[7] 6 C.F.R. § 115.51(b).

[8] In 13 out of the 56 cases (23 percent) involving an OIG referral, it appears that OIG took more than 30 days to refer the allegation to ICE; and in 26 out of 56 cases (46 percent), it appears that the OIG took more than 14 days to refer the allegation to ICE.  On average, it seems it took the OIG 15.45 days to refer each allegation to ERO JIC and to CRCL.

[9] 6 C.F.R. § 115.51(a).

(b)(5)

18. (b)(5)

DHS PREA Standards

(b)(5)

19. (b)(5)

(b)(5)

20. (b)(5)

21.

---

[10] 6 C.F.R. § 115.12.

22. (b)(5)

23.

24.

(b)(5)

25. (b)(5)

---

[11] 6 C.F.R. § 115.12 requires that the agency incorporate DHS PREA requirements into any new contracts, contract renewals, or substantive contract modifications.
[12] 6 C.F.R. § 115.12(b).
[13] 6 C.F.R. § 115.113(a) and (b).

(b)(5)

26.

27.

28.

(b)(5)

29. (b)(5)

---

[14] 6 C.F.R. § 115.14(c)-(e) and § 115.114(b).



30.

31.

32.

33.

34.

35.

---

[15] 6 C.F.R. § 115.33.
[16] 6 C.F.R. § 115.41.
[17] 6 C.F.R. § 115.51(a).
[18] 6 C.F.R. § 115.34.
[19] 6 C.F.R. § 115.71.

Protected by the Deliberate Process Privilege   11



36.

37.

38.

39.

---

[20] 6 C.F.R. § 115.83.
[21] 6 C.F.R. § 115.15(j).
[22] 6 C.F.R. § 115.61(d).
[23] 6 C.F.R. § 115.78(a).

*Protected by the Deliberate Process Privilege*                    12



(b)(5)

40.

41.

42.

43.

*Protected by the Deliberate Process Privilege*

13

(b)(5)

(b)(5)

44. (b)(5)

45.

(b)(5)

46. (b)(5)

47.

(b)(5)

48

49

50

(b)(5)

51. (b)(5)

---

[24] 6 C.F.R. § 115.17(c).



52.

53.

54.

55.

56.

---

[25] 6 C.F.R. § 115.17(b).
[26] 6 C.F.R. §§ 115.21(a) and 115.121(a).
[27] 6 C.F.R. 115.22(a)-(c) and 115.122(a)-(c).



57.

58.

59.

60.

61.

---

[28] 6 C.F.R. § 115.21(e).
[29] 6 C.F.R. § 115.171(c).

Protected by the Deliberate Process Privilege

(b)(5)

(b)(5)

62. (b)(5)

(b)(5)

63. (b)(5)

64.

65.

(b)(5)

66. (b)(5)

---

[30] 6 C.F.R. § 115.67(c).

[31] 6 C.F.R. §§ 115.76(b) and 115.77(c).



67.

68.

69.

70.

---

[32] 6 C.F.R. § 115.77(a).
[33] 6 C.F.R. § 115.86.
[34] 6 C.F.R. § 115.86.

(b)(5)

(b)(5)

71. (b)(5)

72.

73.

(b)(5)

74. (b)(5)

---

[35] 6 C.F.R. § 115.86(a).
[36] 6 C.F.R. § 115.88(a)-(d).
[37] 6 C.F.R. § 115.87(b).
[38] 6 C.F.R. §§ 115.87 and 115.88.

75. 

76.

77.

78.

---

[39] 6 C.F.R. § 115.203(f).
[40] 6 C.F.R. § 115.201(g).
[41] 6 C.F.R. § 115.204(b).

(b)(5)

79.

The complete expert review, analysis, discussion, and set of recommendations are contained in the enclosed expert report.

It is CRCL's statutory role to advise department leadership and personnel about civil rights and civil liberties issues, ensuring respect for civil rights and civil liberties in policy decisions and implementation of those decisions. We look forward to working with ICE to determine the best way to resolve these concerns. We request that ICE provide a response to CRCL within 60 days whether it concurs or non-concurs with each of these recommendations.  If you concur, please include an action plan.  You can send your response by email. If you have any questions, please contact CRCL Senior Policy Advisor (b)(6) by telephone at (b)(6) or by email at (b)(6)

Enclosure

Copy to:

Jason Houser
Acting Chief of Staff
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Claire Trickler-McNulty
Assistant Director
Office of Immigration Program Evaluation
U.S. Immigration and Customs Enforcement (ICE)
(b)(6); (b)(7)(C)

---

[42] 6 C.F.R. § 115.204(d).

Deborah Fleischaker
Assistant Director
Office of Regulatory Affairs and Policy
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Peter B. Berg
Acting Deputy Executive Associate Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Max Aguilar
Deputy Executive Associate Director
Management and Administration
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Jennifer Fenton
Deputy Associate Director
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Michael V. Bernacke
Chief of Staff
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Monica Burke
Acting Assistant Director, Custody Management
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Dr. Stewart D. Smith
Assistant Director, ICE Health Service Corps
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Dr. Ada Rivera
Medical Director, ICE Health Service Corps
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Daniel Bible
Acting Assistant Director, Field Operations
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Greg Hutton
Acting Deputy Assistant Director, Custody Programs
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Stacy M. Smith
Assistant Director, Inspections and Detention Oversight
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

David Denton
Assistant Director, Investigations
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Sam Nugent
Unit Chief, Administrative Inquiry Unit
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Chelsea Dennis
Unit Chief, External Reviews and Analysis Unit
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Andrew Goodwin
Investigations Unit, Investigations Division
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement

(b)(6); (b)(7)(C)



*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

February 18, 2022

MEMORANDUM FOR:     Tae D. Johnson
                    Acting Director
                    U.S. Immigration and Customs Enforcement

                    Kerry E. Doyle
                    Principal Legal Advisor
                    Office of the Principal Legal Advisor
                    U.S. Immigration and Customs Enforcement

FROM:               Peter E. Mina (b)(6)
                    Senior Official Performing the Duties of the
                    Officer for Civil Rights and Civil Liberties

                    Susan Mathias /s/
                    Assistant General Counsel, Legal Counsel Division
                    Office of the General Counsel

SUBJECT:            Recommendations Regarding Implementation of ICE's
                    Sexual Abuse and Assault Prevention and Intervention Program
                    CRCL Complaint No. 20-04-ICE-0307

**Purpose:**

Since its inception, the U.S. Department of Homeland Security (DHS), Office for Civil Rights and Civil Liberties (CRCL) has worked within the Department and with U.S. Immigration and Customs Enforcement (ICE) to strengthen safeguards against sexual abuse and assault of people in DHS custody. CRCL's sexual abuse prevention and oversight work has been wide-ranging: CRCL has conducted investigations into ICE's handling of sexual abuse allegations; participated in the drafting of policies, procedures, and rules; supported and participated in training for ICE personnel; and, in accordance with federal regulations,[1] developed the methodology and initial draft of the audit instruments used by ICE to audit sexual abuse prevention in ICE detention and holding facilities, among other things.

---

[1] Under 6 C.F.R. §§ 115.93, 115.193, and 115.201, CRCL is charged with assisting the agency in coordinating audits of DHS confinement facilities and with providing guidance on the conduct and contents of the audit instrument and methodology. *See* Standards to Prevent, Detect, and Respond to Sexual Abuse and Assault in Confinement Facilities, Final Rule 79 Fed. Reg. (March 7, 2014) (codified at 6 C.F.R. pt. 115) [hereinafter DHS PREA Standards].

---

*Protected by the Attorney-Client and Deliberative Process Privileges*

As a continuation of this work, CRCL undertook this periodic review[2] to examine how ICE Headquarters (HQ) and ICE field offices have implemented requirements from DHS's regulation under the 2003 Prison Rape Elimination Act (PREA).[3]

Given ICE's unique structure as a national agency overseeing a network of locally-operated detention facilities, DHS's final PREA rule, the *Standards to Prevent, Detect, and Respond to Sexual Abuse and Assault in Confinement Facilities* (DHS PREA Standards),[4] was written to include a mix of standards and requirements for the "agency" or ICE to implement at the HQ or field level and others for the facilities to implement locally. In this review, we focused on the provisions related to ICE HQ and ICE field offices. While these provisions are generally not audited during the DHS PREA audits or during facility-based inspections, these agency-level requirements form the basis of ICE's entire sexual abuse and assault prevention and intervention (SAAPI) program. By evaluating these requirements, CRCL has assessed the overall state of ICE's PREA/SAAPI program to recommend changes to enhance the program into the future. As part of the review, CRCL engaged the assistance of a conditions of detention subject-matter expert who has extensive knowledge of PREA, experience related to prevention of sexual abuse in a variety of confinement settings, extensive knowledge of ICE and ICE facilities through working with CRCL for more than 10 years and is also a certified PREA auditor.

**Executive Summary:**

CRCL appreciates ICE's cooperation and assistance throughout this wide-ranging review, including by providing hundreds of documents and dozens of investigative case files for our review, and speaking with us over the course of several months. CRCL also recognizes the efforts ICE has undertaken prior to and since the issuance of the DHS PREA Standards to implement protections against sexual abuse and assault across the agency and in its immigration detention and holding facilities.[5] (b)(5)

(b)(5)

---

[2] Under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL is specifically charged with "periodically review[ing] Department policies and procedures to ensure that the protection of civil rights and civil liberties is appropriately incorporated into Department programs and activities." *See* 6 U.S.C. § 345(a)(3) (2002).

[3] Prison Rape Elimination Act of 2003, 34 U.S.C. §§ 30301-30309 (2003).

[4] DHS PREA Standards, *supra* note 1.

(b)(5)

program and assigned SAAPI-related responsibilities to personnel spanning across several ICE HQ divisions and in every field office, strengthened screening procedures for the hiring and promoting of personnel, established processes and procedures to support the reporting and investigation of allegations, stood up a system to track and catalog the allegations, developed general and specialized trainings for personnel to understand their obligations under the regulation, strengthened disciplinary and adverse actions for personnel who violate the agency's policies, and established a comprehensive audit program to assess compliance and support the implementation of the regulatory requirements at ICE's immigration detention and holding facilities.

(b)(5)

(b)(5)                                                                     Like other public complaints that CRCL receives alleging violations of civil rights and civil liberties by DHS personnel, programs, or activities, CRCL receives, monitors, and, in some cases, opens investigations into sexual abuse allegations that occur in ICE custody. From Fiscal Year (FY) 15 to FY20, which represents the six full fiscal years since the DHS PREA Standards were issued, CRCL has received 383 allegations of sexual abuse in ICE custody. (b)(5)

(b)(5)

CRCL therefore launched this review to evaluate how ICE's SAAPI program has lived up to not only the regulatory standards and requirements that were assigned to the agency to implement but, equally as importantly, the spirit of the DHS PREA Standards and the basic principles and context in which the standards were established. We describe these principles and context— which are based in the findings and recommendations of the National Prison Rape Elimination Commission (NPREC) as well as the work of the Department of Justice (DOJ) which has led efforts to support the consistent implementation of PREA throughout federal, state, and local agencies—in greater detail in the *Background* and *Recommendations* sections below. These principles recognize the seriousness and destructiveness of sexual abuse in confinement on individuals and communities, refute the misguided notion of the inevitability of sexual abuse in confinement, and uphold a national set of standards to prevent, detect, and respond to sexual abuse and assault nationwide. (b)(5)

(b)(5)

As discussed in greater detail below, we are issuing the following recommendations for ICE to implement:

1.  (b)(5)

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

*Protected by the Attorney-Client and Deliberative Process Privileges*    4



(b)(5)

15

16

17

18

19

20

21

22

23

24

25

**Background:**

*2003-2012: PREA and the Path to DHS*

From the very beginning, DHS's efforts to combat sexual abuse in detention and holding facilities have been grounded in, and tailored from, a larger world of sexual abuse prevention in confinement as established by PREA. In September 2003, Congress passed PREA with

bipartisan support.[7] PREA called for the creation of a national commission—the National Prison Rape Elimination Commission (NPREC or the Commission)—to study the causes and consequences of sexual abuse in confinement and to develop standards to guide the prevention, detection, and response to sexual abuse and assault in federal, state, and local confinement facilities. In 2009, the Commission released a report with its findings and standards for four categories of facilities: adult prisons and jails, lockups, juvenile facilities, and community confinement facilities.[8] The NPREC report also specifically identified the heightened vulnerability of individuals detained in immigration detention and called for a supplemental set of standards for facilities with immigration detainees.[9]

In 2010, the DOJ issued a notice of proposed rulemaking (NPRM) based on the Commission's findings and recommendations; the NPRM applied the sexual abuse prevention, intervention, and response standards to all federal, state, and local facilities under the four categories of facilities identified in the NPREC report.[10] In response to questions and comments received on the DOJ NPRM regarding its applicability to immigration detention facilities, in its final rule, DOJ determined that while PREA did apply to other federal confinement facilities, each agency would be best suited to issue its own implementing regulation.[11] On May 17, 2012 (the same day that DOJ issued its final rule), the White House issued *Presidential Memorandum – Implementing the Prison Rape Elimination Act*, which applied PREA to all federal confinement facilities, whether administered by the federal government or by a private organization on behalf of the federal government, and charged each agency with promulgating its own set of standards.[12] Additionally, on March 7, 2013, Congress enacted the Violence Against Women Reauthorization Act, further directing DHS as well as the Department of Health and Human Services[13] to issue final rules implementing PREA that give "due consideration to the recommended national standards provided by the Commission…."[14]

---

[7] National PREA Resource Center (last visited May 3, 2021).

[8] NATIONAL PRISON RAPE ELIMINATION COMMISSION, 2009 Report, (2009) [hereinafter NPREC Report].

[9] "Preventing, detecting, and responding to sexual abuse of immigrants in custody require special measures not included in the Commission's standards for correctional facilities. These measures are contained in a set of supplemental standards that apply to any facility that houses individuals detained solely because their right to remain in the United States is in question." NPREC Report at 21.

[10] National Standards to Prevent, Detect, and Respond to Prison Rape, Notice of Proposed Rulemaking, 76 Fed. Reg. 6248 (February 3, 2011) (to codified at 28 C.F.R. pt. 115).

[11] "The standards contained in this final rule apply to facilities operated by, or on behalf of, State and local governments and the Department of Justice. However, in contrast to the proposed rule, the final rule concludes that PREA encompasses all Federal confinement facilities. Given their statutory authorities to regulate conditions of detention, other Federal departments with confinement facilities (including but not limited to the Department of Homeland Security) will work with the Attorney General to issue rules or procedures that will satisfy the requirements of PREA. 42 U.S.C. 15607(a)(2)." National Standards to Prevent, Detect, and Respond to Prison Rape, Final Rule, 77 Fed. Reg. 37106, 37107 (June 20, 2012) (codified at 28 C.F.R. pt. 115) [hereinafter DOJ PREA Standards].

[12] Memorandum Implementing the Prison Rape Elimination Act, 77 Fed. Reg. 30871-74 (May 23, 2012).

[13] On December 24, 2014, HHS issued an interim final rule to implement PREA in care provider facilities under HHS's Office of Refugee Resettlement. *See* Standards To Prevent, Detect, and Respond to Sexual Abuse and Sexual Harassment Involving Unaccompanied Children, Interim Final Rule, 79 Fed. Reg. 77768 (codified at 45 C.F.R. pt. 411).

[14] Violence Against Women Reauthorization Act of 2013 § 1101, 42 U.S.C. § 13701 (2013).

(b)(5)

*2012-Present: DHS PREA Implementation – A Continuing Effort*

At the outset, DHS and the U.S. Department of Health and Human Services (HHS) were directed to work with DOJ to develop their implementing PREA regulations,[16] and DOJ began funding the National PREA Resource Center to provide information and resources for federal, state, and local agencies working to implement the DOJ PREA Standards. From the beginning, and continuing to this day, the Department has always drawn heavily from DOJ's vision, plan, and the products of their labor to implement PREA at DHS.

As a result, in 2012, a DHS-wide working group began drafting the Department's own PREA regulation, adopting the structure of DOJ's regulation as well as its scope—to include both short term and long-term confinement—and incorporating the requirements set out by the Commission. Over the next two years, CRCL, other DHS Headquarters offices, ICE, and U.S. Customs and Border Protection (CBP) worked together to tailor DOJ's Standards for Adult Prisons and Jails into DHS's Subpart A, *Standards for Immigration Detention Facilities*,[17] and DOJ's Standards for Lockups into DHS's Subpart B, *Standards for DHS Holding Facilities*.[18] The final DHS PREA Standards thereby broadly mirror the national set of standards from the NPREC report and DOJ regulation while at the same time specifically reflecting ICE's and CBP's unique structure and operations.

(b)(5)

---

(b)(5)

[16] "…other Federal departments with confinement facilities (including but not limited to the Department of Homeland Security) will work with the Attorney General to issue rules or procedures that will satisfy the requirements of PREA. 42 U.S.C. 15607(a)(2)." DOJ PREA Standards, *supra* note 11, 37107.
[17] 6 C.F.R. § 115.10.
[18] 6 C.F.R. § 115.110.

(b)(5)

(b)(5)

(b)(5)

**PREA Periodic Review and Investigation**:

CRCL conducted this review in accordance with its longstanding role in developing and advising on the Department's implementation of the DHS PREA Standards as well as with its statutory role to advise Department leadership and oversee compliance with constitutional, statutory, regulatory, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of the Department.[23]

In addition to CRCL's investigative authority at 6 U.S.C. § 345 under which CRCL issued the retention documents,[24] under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL is specifically charged with "periodically review[ing] Department policies and procedures to ensure that the protection of civil rights and civil liberties is appropriately incorporated into Department programs and activities."[25] In accordance with this authority, CRCL seeks to proactively and periodically review the Department's policies and programs to strengthen civil rights and civil liberties protections and address any gaps that might lead to allegations of civil rights and civil liberties violations.

(b)(5)

---

[23] 6 U.S.C. § 345(a)(4) (2002).
[24] CRCL Complaint No. 20-04-ICE-0307, Implementation of ICE's Sexual Abuse and Assault Prevention and Intervention Program (February 10, 2020) (on file with author).
[25] 6 U.S.C. § 345(a)(3) (2002).

(b)(5)

*Conduct and Contents of the ICE PREA Periodic Review*

In this review, CRCL examined how ICE personnel at HQ and in the field have carried out agency-level obligations associated with the following topics and regulatory requirements:

1. Zero Tolerance Policy and the Agency Prevention of Sexual Abuse and Assault (PSA) Coordinator
2. Contracts
3. Holding Facility Supervision Guidelines
4. Care and Custody of Families and Children
5. Disability Accommodation
6. Language Access
7. Care of Lesbian, Gay, Bisexual, Transgender, and Intersex Individuals
8. Hiring and Promotion Decisions
9. Staff Response Duties
10. Investigations
11. Training
12. Retaliation
13. Segregation Placements
14. Detainee Reporting
15. Disciplinary Sanctions for Personnel
16. Medical and Mental Health Care
17. Incident Reviews
18. Data Collection
19. Audits and Compliance

(b)(5)

(b)(5)

(b)(5)

**Recommendations**:

Following the extensive review done by CRCL into ICE's agency-level SAAPI program, CRCL recommends that ICE HQ implement the following high-level recommendations:

(b)(5)

**I.    Funding and Strategic Plan:** (b)(5)

(b)(5)

---

Field Office. We chose these field offices based on a variety of factors, including field offices with some of the largest and smallest average daily populations as well as field offices whose area of responsibility include the various different types of ICE facilities (e.g., Service Processing Centers, Contract Detention Centers, Inter-governmental Service Agreements, US Marshal Service facilities, family residential facilities, and field office hold rooms).

(b)(5)

(b)(5)

(b)(5)

*Protected by the Attorney-Client and Deliberative Process Privileges*   12

(b)(5)

*Recommendations*:

(b)(5)

1.

2.

(b)(5)

(b)(5)

3.

**II.    Agency-Wide PSA Coordinator and HQ Support Personnel:** (b)(5)

(b)(5)

(b)(5)

(b)(5)

*Recommendations*:

(b)(5)

4.

(b)(5)

(b)(5)

5.

III.   **Specialized Training for HQ Personnel**: (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Protected by the Attorney-Client and Deliberative Process Privileges*

(b)(5)

*Recommendation*:

6. (b)(5)

**IV.   Field Office Support Personnel**: (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Recommendations*:

7. (b)(5)

8.

(b)(5)

(b)(5)

9.

**V.    SAAPI Data and Case Tracking System**: (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Protected by the Attorney-Client and Deliberative Process Privileges*

(b)(5)

*Recommendations*:

10. (b)(5)

11.

(b)(5)

(b)(5)

## VI.    **Regulatory Interpretation Issues**:

(b)(5)

(b)(5)

(b)(5)

(b)(5)

Protected by the Attorney-Client and Deliberative Process Privileges   25

(b)(5)

*Recommendations*:

12.  (b)(5)

13.

**VII.    Regulatory Updates**: (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Recommendations*:

14. (b)(5)

15.

**VIII.    Streamlined Audit Procedures**: (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Protected by the Attorney-Client and Deliberative Process Privileges*   31

(b)(5)

(b)(5)

(b)(5)

*Recommendations*:

16. (b)(5)

17.

(b)(5)

(b)(5)

**IX.   Investigations:** (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

*Recommendations*:

18. (b)(5)

(b)(5)

*Protected by the Attorney-Client and Deliberative Process Privileges*

(b)(5)

19.

20.

21.

22.

*Protected by the Attorney-Client and Deliberative Process Privileges*   41

23. (b)(5)

24.

25.

(b)(5)

(b)(5)

**Conclusion:**

In the NPREC report, the Commission's second finding emphasized that "leadership matters" and that a genuine culture of zero tolerance is only possible when leadership promotes a culture of safety instead of a culture that tolerates abuse.[132] This idea was further reiterated in the 2012 Presidential Memorandum Implementing the Prison Rape Elimination Act, which stated, "In addition to adopting such standards, the success of PREA in combating sexual abuse in confinement facilities will depend on effective agency and facility leadership and the development of an agency culture that prioritizes efforts to combat sexual abuse."[133]

(b)(5)

As described throughout the Global Recommendations section, (b)(5)

(b)(5)

(b)(5)
Negative messages among staff can be countered by a strong leadership message about the importance and priority of the SAAPI protections and work.

A concerted effort is needed to prioritize, organize, and support SAAPI implementation in a manner that ensures full integration of a culture of zero tolerance into ICE's custody mission, and unifies the work of the offices and individual personnel carrying out SAAPI functions. This includes steps that would elevate and prioritize the protection and care of individuals in ICE custody as an important mission within the agency.

To achieve this, CRCL recommends that ICE implement the aforementioned recommendations, in addition to those described in the PREA expert recommendations.

It is CRCL's statutory role to oversee DHS's compliance with constitutional, statutory, regulatory and policy requirements relating to the civil rights and civil liberties of all individuals affected by DHS programs and activities. In turn, CRCL advises department leadership and personnel about civil rights and civil liberties issues, ensuring respect for civil rights and civil liberties in policy decisions and implementation of those decisions. The above recommendations are made pursuant to that role; we believe they will assist you in meeting ICE's important mission.

---

[132] *Id*. at 5.
[133] *Supra* note 12, at 30873.

Please inform CRCL within 60 days whether you concur or non-concur with the recommendations; if you concur, please provide an action plan. Both communications can take place by emailing or calling CRCL Senior Policy Advisor (b)(6)         at (b)(6)                                      .

Enclosures

Copy to:

Patrick J. Lechleitner
Senior Official Performing the Duties of the Deputy Director
U.S Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Jason Houser
Acting Chief of Staff
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Corey A. Price
Acting Executive Associate Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Waldemar Rodriquez
Associate Director
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Steve K. Francis
Acting Executive Associate Director
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Staci Barrera
Executive Associate Director
Management and Administration
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Claire Trickler-McNulty
Assistant Director
Office of Immigration Program Evaluation
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Deborah Fleischaker
Assistant Director
Office of Regulatory Affairs and Policy
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Jonathon Bertran-Harris
Assistant Director
Office of Congressional Relations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Peter B. Berg
Acting Deputy Executive Associate Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Max Aguilar
Deputy Executive Associate Director
Management and Administration
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Jennifer Fenton
Deputy Associate Director
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Michael V. Bernacke
Chief of Staff
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Monica Burke
Acting Assistant Director, Custody Management Division
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Dr. Stewart D. Smith
Assistant Director, ICE Health Service Corps
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Dr. Ada Rivera
Medical Director, ICE Health Service Corps
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Daniel Bible
Acting Assistant Director, Field Operations
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Stacy M. Smith
Assistant Director, Inspections and Detention Oversight
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

David Denton
Assistant Director, Investigations
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Sam Nugent
Unit Chief, Administrative Inquiry Unit
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Chelsea Dennis
Unit Chief, External Reviews and Analysis Unit
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Andrew Goodwin
Investigations Unit, Investigations Division
Office of Professional Responsibility
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

# EXHIBIT H

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

July 27, 2022

Priyanka Bhatt
Project South
9 Gammon Avenue SE
Atlanta, GA  30314

Sent via email to:  priyanka@projectsouth.org

Subject: Freedom of Information Act Request No. 2022-IGFO-00223
Acknowledgment Letter/Denied Expedited Processing

Dear Bhatt:

This acknowledges receipt of your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of
Inspector General (OIG), dated July 12, 2022, seeking records from U.S.
Immigration and Customs Enforcement ("ICE") related to the medical
care of women in ICE custody at the Stewart Detention Center ("SDC") in
Lumpkin, Georgia.

5.  Records related to reports of sexual abuse or sexual violence of any
kind at SDC made to the ICE Office of Inspector General ("OIG") (Date
Range for Record Search: From 1/1/2017 To 7/13/2022

You requested expedited processing.  For requests to be considered for
expedited processing, the requester's letter must indicate the basis on
which such treatment is sought.  Requests will be taken out of
chronological order based on the date of receipt and given expedited
treatment only when it is determined they involve:

(i) Circumstances in which the lack of expedited processing could
reasonably be expected to pose an imminent threat to the life or physical
safety of an individual;
(ii) An urgency to inform the public about an actual or alleged federal
government activity, if made by a person who is primarily engaged in
disseminating information;
(iii) The loss of substantial due process rights; or

(iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. 6 C.F.R. § 5.5(e)(1)(i), (ii), (iii), (iv).

Requesters seeking expedited processing are also required to submit a statement, certified to be true and correct, explaining in detail the basis for their request for expedited processing.  6 C.F.R. § 5.5(e)(3).

In your FOIA request you stated you are requesting expedited processing because for the following reasons:

"According to the FOIA statute, requests that demonstrate "a compelling need" or "in other cases determined by the agency" qualify for expedited processing. 2 "Compelling need," as defined by the statute, means "(I) that a failure to obtain requested records on an expedited basis... could reasonably be expected to pose an imminent threat to the life or physical safety of an individual".

Your request, as written, does not establish any of the requirements under 6 C.F.R. § 5.5(e)(1)(i), (ii), (iii), or (iv).  Furthermore, it does not provide a true and correct certification of the reason for the requested expedited processing as required under 6 C.F.R. § 5.5(e)(3).  Based on the information provided, we have determined that your request for expedited processing should be denied.

Since your request does not meet the criteria for expedited review, your request has been placed in the queue for processing in the order in which it was received.  We anticipate responding to your request within 20 business days; however, the actual time required to respond to your request depends on the number and types of responsive records identified and located in our records search.  Unfortunately, we cannot predict exactly when the processing of your request will be completed, as we currently have a large backlog of requests.  Please be assured DHS-OIG will respond to your request as expeditiously as possible.  We are using our best efforts to process all requests with due diligence on a first-in, first-out basis, and we appreciate your patience as we proceed with your request.

After a review of your FOIA request and consideration under the above factors, we have determined that your request for a fee waiver is appropriate and has met the statutory standard. We are granting your request for a fee waiver.

**Appeal**

You have the right to appeal DHS-OIG's action regarding your request for expedited processing.  Your appeal must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> foia.oig@oig.dhs.gov
>
> or
>
> FOIA/PA Appeals Unit
> DHS/Inspector General
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

The email subject line or both envelope and letter of appeal must be clearly marked, "Freedom of Information Act/Privacy Act Appeal."  Your appeal email or appeal letter must also clearly identify DHS-OIG's response.  Additional information on submitting an appeal is set forth in the Department of Homeland Security regulations at 6 C.F.R. § 5.8.

## Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-981-6100
> Fax: 202-245-5217
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS

College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Should you have questions, contact us at 202-981-6100 or
foia.oig@oig.dhs.gov.  Please refer to the above-referenced tracking
number if you contact us regarding your request.

Sincerely,

DHS-OIG FOIA Team

# EXHIBIT I

                             Sign Up     Log In

# CRCL Stewart Oversight 2017-2021

Share



Andrew Free filed this request with the Department of Homeland Security, Office for Civil Rights and Civil Liberties of the United States of America.

It is a clone of this request.

| Tracking # | 2022-CRFO-00102 |
|---|---|

| Submitted | April 15, 2022 |
|---|---|
| Due | May 13, 2022 |
| Est. Completion | None |

## STATUS

Awaiting Response

MuckRock users can file, duplicate, track, and share public records requests like this one. Learn more.

File a Request

| 32 Communications | 5 Files |
|---|---|

Filter communications          Collapse All

From: Andrew Free                                                    04/17/2022

Subject: Freedom of Information Act Request: CRCL Stewart Oversight 2017-2021          Portal

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. All records created, sent, or received by CRCL before, during, or after CRCL's February 2017 on-site inspection of ICE's Stewart Detention Center in Lumpkin, GA, regarding complaints received by CRCL

 

Sign Up    Log In

2. All records CRCL sent to or received from the agency's subject matter experts (a medical document, a mental health expert, an environmental health and safety expert, and a corrections expert.

3. The Expert Report Memorandum CRCL sent ICE in May 2017 following its review of Stewart, as well as the experts' written reports, and all records created or reviewed by CRCL in the drafting and approval of the Expert Report Memorandum and attachments.

4. ICE's February 2018 response to CRCL's May 2017 memo, and all CRCL records created on or after receiving this response.

I make this request on behalf of the #DetentionKills Transparency Initiative of Al Otro Lado.

Please note that I previously filed an identical request two years ago, to which CRCL offered no acknowledgment, tracking number, or response.

Thank you,

Andrew Free

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties                    04/17/2022

Subject: Your Password Information - Department of Homeland Security                                  Email

Dear Andrew Free,
Once you login, please change your password to protect your account details.
Password: 66EBoc#^
Regards,
Department of Homeland Security

 

**Subject: Request Acknowledgement by Department of Homeland Security**                 Email

Dear Andrew Free,

Request Number 2022-CRFO-00102 has been assigned to the request you submitted. In all future correspondence regarding this request please reference request number 2022-CRFO-00102.

Regards,

Department of Homeland Security

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties        04/25/2022

**Subject: CRCL FOIA Request 2022-CRFO-00102**                                           Email

April 25, 2022 Andrew Free MuckRock News DEPT MR 127467 411A Highland Ave Somerville, Massachusetts 02144-2516 Re: 2022-CRFO-00102 Dear Andrew Free: This acknowledges receipt of your April 17, 2022, Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL) and received on April 18, 2022, seeking, 1. All records created, sent, or received by CRCL before, during, or after CRCL's February 2017 on-site inspection of ICE's Stewart Detention Center in Lumpkin, GA, regarding complaints received by CRCL about ICE detainees in at Stewart. 2. All records CRCL sent to or received from the agency's subject matter experts (a medical document, a mental health expert, an environmental health and safety expert, and a corrections expert. 3. The Expert Report Memorandum CRCL sent ICE in May 2017 following its review of Stewart, as well as the experts' written reports, and all records created or reviewed by CRCL in the drafting and approval of the Expert Report Memorandum and attachments. 4. ICE's February 2018 response to CRCL's May 2017 memo, and all CRCL records created on or after receiving this response. Please note that the CRCL FOIA Office did not stand up until April 23, 2021.  Prior to that date, all FOIA requests were handled by the Privacy Office on behalf of CRCL . Therefore, CRCL did not have a FOIA contact until that date. Your request has beenassigned reference number 2022-CRFO-00102.  Noadditional information is needed at this time.  However, if anyadditional information is needed in order to complete our search for documentswe will contact you.  If you have any questions pertaining to thoserequests, please feel free to contact this office at crclfoia@hq.dhs.gov . Sincerely, CRCLFOIA Office

---

From: Andrew Free                                                                        04/26/2022

**Subject: RE: Freedom of Information Act Request #2022-CRFO-00102**                      Email

Thank you very much for this information. Is CRCL able to provide an estimated date on which this request will be completed?

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties        05/06/2022

**Subject: Status Update for Request #2022-CRFO-00102**                                   Email

 

     🔍    Sign Up    Log In

The status of your CRCL FOIA request #2022-CRFO-00102 has been updated to the following status 'In Process'. To log into the Department of Homeland Security PAL click on the Application URL below.
https://foiarequest.dhs.gov/
Sincerely,
Department of Homeland Security

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties    05/23/2022

Subject: CRCL FOIA Request 2022-CRFO-00102    Email

Good Morning: Attached is our final response to your request. If you need to contact this office again concerning your request, please provide the CRCL reference number. Regards, CRCL FOIA Office

 2022-CRFO-00102 Records
👁 View   </> Embed   ⬇ Download

 2022-CRFO-00102 Response Letter
👁 View   </> Embed   ⬇ Download

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties    05/23/2022

Subject: Status Update for Request #2022-CRFO-00102    Email

Dear Andrew Free,
The status of your CRCL FOIA request #2022-CRFO-00102 has been updated to the following status 'Closed'. To log into the Department of Homeland Security PAL click on the Application URL below.
https://foiarequest.dhs.gov/
Sincerely,
Department of Homeland Security

---

From: Andrew Free    11/04/2022

Subject: RE: Freedom of Information Act Request #2022-CRFO-00102    Mail

Good morning,

Thank you very, very much for promptly responding to this request.

We appeal the adequacy of the agency's search and the application of Exemption 5 to what appear to be post-decisional recommendations from CRCL to ICE. As to the search, there are several CRCL complaint numbers listed in the recommendations memos that have not be produced. Nor have any

Case 1:23-mi-99999-UNA    Document 2296-6 · Filed 07/19/23    Page 120 of 181

 

We look forward to resolving these issues as soon as possible. Please do not hesitate to contact us should you require any additional information.

Best regards,

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

---

**From: Department of Homeland Security, Office for Civil Rights and Civil Liberties**    05/23/2022

**Subject: Request Acknowledgement by Department of Homeland Security**    Email

Dear Andrew Free,
Your request has been received by the Department of Homeland Security. The request has been assigned tracking # '2022-IGFO-00173', please log into your account and review your submission.
The application address is https://foiarequest.dhs.gov/.
Thank you,
Department of Homeland Security

---

**From: Department of Homeland Security, Office for Civil Rights and Civil Liberties**    05/23/2022

**Subject: Status Update for Request #'2022-IGFO-00173'**    Email

Dear Andrew Free,
The status of your OIG FOIA request #'2022-IGFO-00173' has been updated to the following status 'Received'. To log into the Department of Homeland Security PAL click on the Application URL below.
https://foiarequest.dhs.gov/
Sincerely,
Department of Homeland Security

---

**From: Department of Homeland Security, Office for Civil Rights and Civil Liberties**    05/23/2022

**Subject: Status Update for Request #2022-IGFO-00173**    Email

Dear Andrew Free,
The status of your OIG FOIA request #2022-IGFO-00173 has been updated to the following status 'In Process'. To log into the Department of Homeland Security PAL click on the Application URL below.
https://foiarequest.dhs.gov/
Sincerely,
Department of Homeland Security

 
CRCL Stewart Oversight 2017-2021 · MuckRock

☰      🔍    Sign Up    Log In

Subject: Request Acknowledgement by Department of Homeland Security    Email

Dear Andrew Free,

Your request has been received by the Department of Homeland Security. The request has been assigned tracking # '2022-ICFO-17052', please log into your account and review your submission.

The application address is https://foiarequest.dhs.gov/.

Thank you,

Department of Homeland Security

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties    05/25/2022

Subject: Status Update for Request #'2022-ICFO-17052'    Email

Dear Andrew Free,

The status of your ICE FOIA request #'2022-ICFO-17052' has been updated to the following status 'Received'. To log into the Department of Homeland Security PAL click on the Application URL below.

https://foiarequest.dhs.gov/

Sincerely,

Department of Homeland Security

---

From: Muckrock Staff    06/24/2022

---

From: Muckrock Staff    07/25/2022

---

From: Muckrock Staff    08/24/2022

---

From: Department of Homeland Security, Office for Civil Rights and Civil Liberties    08/24/2022

Subject: Status Update for Request #2022-ICFO-17052    Email

Dear Andrew Free,

The status of your ICE FOIA request #2022-ICFO-17052 has been updated to the following status 'In Process'. To log into the Department of Homeland Security PAL click on the Application URL below.

https://foiarequest.dhs.gov/

Sincerely,

Department of Homeland Security

---

From: Andrew Free    09/13/2022

Subject: RE: Freedom of Information Act Request #2022-CRFO-00102    Mail

We hereby appeal DHS-PRIV's failure to acknowledge and properly route our appeal sent July 7, 2022.

 

☰                                                  🔍  🗂  Sign Up    Log In

**Subject: FOIA Request 2022-IGFO-00173**                                    Email

Good Afternoon,

Please find attached, correspondence related to the above-referenced FOIA request.

Thank you,

DHS OIG FOIA Team

  2022-IGFO-00173 - Responsive Records

👁 View    </> Embed    ⬇ Download

  2022-IGFO-00173_Final Response Letter_signed

👁 View    </> Embed    ⬇ Download

---

**From: Department of Homeland Security, Office for Civil Rights and Civil Liberties**    09/30/2022

**Subject: Status Update for Request #2022-IGFO-00173**                       Email

Dear Andrew Free,
The status of your OIG FOIA request #2022-IGFO-00173 has been updated to the following status 'Closed'.
To log into the Department of Homeland Security PAL click on the Application URL below.
https://foiarequest.dhs.gov/
Sincerely,
Department of Homeland Security

---

**From: Muckrock Staff**                                                     10/31/2022

---

**From: Department of Homeland Security, Office for Civil Rights and Civil Liberties**    11/08/2022

**Subject: Request for Additional Information 2022-CRFO-00102**               Email

Good morning,

We are in receipt of an appeal you filed for Freedom of Information Act Request 2022-CRFO-00102. In the attached appeal you stated that there was a previous appeal filed on July 7, 2022; please provide a copy of that appeal and please include the nature of the appeal if it is not iprovided. Thank you for your assistance in helping us resolve your matter. Please direct your correspondence direct to me at the below email address. I look forward to hearing from you.

Respectfully,




☰    🔍    🔲    Sign Up    Log In

Office of the Secretary and Executive Management
Litigation and Appeals
Privacy Office
Email: sharon.deshield@hq.dhs.gov<mailto:sharon.deshield@hq.dhs.gov>

"Never look down on someone...unless you are helping them up!" Unknown

 2022-CRFO-00102 Appeal

👁 View    </> Embed    ⬇ Download

---

From: Muckrock Staff                                                    12/08/2022

From: Muckrock Staff                                                    01/09/2023

From: Muckrock Staff                                                    02/08/2023

From: Andrew Free                                                       02/10/2023

Subject: RE: Freedom of Information Act Request #2022-CRFO-00102        Email

Hello,

The link below provides documentation of the July 2022 appeal.

https://www.muckrock.com/foi/united-states-of-america-10/crcl-stewart-oversight-2017-2021-127467/

Thanks,

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

From: Muckrock Staff                                                    03/13/2023

From: Muckrock Staff                                                    04/12/2023

From: Muckrock Staff                                                    05/12/2023

 

Want the latest investigative and FOIA news?



MuckRock is a non-profit collaborative news site that gives you the tools to keep our government transparent and accountable.

Make a Donation

© 2010–2023 Muckrock

**SECTIONS**

News

Projects

Requests

Agencies

Jurisdictions

Newsletters

**ABOUT**

About Us

Staff

FAQ

Editorial Policy

API

Privacy Policy

Terms of Service

Financials

**FEEDS**

Latest Reporting

Latest Questions

Recently Filed Requests

Recently Completed Requests

# EXHIBIT J



May 23, 2022

*Via electronic mail*

Andrew Free
MuckRock News
DEPT MR 127467
411A Highland Ave
Somerville, Massachusetts 02144-2516

Re: **2022-CRFO-00102**

Dear Andrew Free:

This is our final response to your Freedom of Information Act (FOIA) request dated April 17, 2022, to the Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL), seeking:

 1. All records created, sent, or received by CRCL before, during, or after CRCL's February 2017 on-site inspection of ICE's Stewart Detention Center in Lumpkin, GA, regarding complaints received by CRCL about ICE detainees in at Stewart.

2. All records CRCL sent to or received from the agency's subject matter experts (a medical document, a mental health expert, an environmental health and safety expert, and a corrections expert.

3. The Expert Report Memorandum CRCL sent ICE in May 2017 following its review of Stewart, as well as the experts' written reports, and all records created or reviewed by CRCL in the drafting and approval of the Expert Report Memorandum and attachments.

4. ICE's February 2018 response to CRCL's May 2017 memo, and all CRCL records created on or after receiving this response.

The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please refer to the Applicable Exemptions list at the end of this letter that identifies the authority for withholding the exempt material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

Please be advised, 52 pages which have DHS Immigration and Customs Enforcement (ICE) equity or originated within ICE, were referred to ICE for processing and direct response to you. The contact information for ICE's FOIA Office is as follows:

Freedom of Information Act Office
500 12th Street, SW, Stop 5009
Washington, D.C. 20536-5009
Phone: 866-633-1182 | Fax: 202-732-4265 | E-mail: ice-foia@dhs.gov

Please be advised, 19 pages which have DHS Office of General Inspector (OIG) equity or originated within the OIG, were referred to OIG for processing and direct response to you. The contact information for OIG's FOIA Office is as follows:

FOIA Public Liaison
DHS-OIG Counsel
STOP 0305
245 Murray Lane, SW
Washington, D.C. 20528-0305
Phone: 202-981-6100 | Fax: 202-245-5217 | E-mail: FOIA.OIG@oig.dhs.gov

<u>Fees</u>

There are no fees associated with processing this request because the fees incurred do not exceed the minimum threshold necessary for charge.

<u>Administrative Appeal</u>

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to: Office for Civil Rights and Civil Liberties, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther King, Jr. Avenue, SE, Mail Stop 0190, Washington, D.C. 20528-0190, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

Additionally, you have the right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5796.

If you have any questions pertaining to your request, please feel free to contact our office at crclfoia@hq.dhs.gov.


Sincerely,


Rosemary Law
CRCL FOIA Officer

Summary:
Number of Pages Released in Full or Part: 28
Number of Pages Withheld in Full: 76
Number of Pages Referred for Direct Reply: 71


## APPLICABLE EXEMPTIONS
## FREEDOM OF INFORMATION ACT

### Freedom of Information Act (5 U.S.C. 552)

☐ (b)(1)   ☐ (b)(2)   ☐ (b)(3)   ☐ (b)(4)   ☒ (b)(5)   ☒ (b)(6)

☐ (b)(7)(A)   ☐ (b)(7)(B)   ☐ (b)(7)(C)   ☐ (b)(7)(D)   ☐ (b)(7)(E)   ☐ (b)(7)(F)

Enclosures

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

Exemptions

**Exemption (b)(1):** Records that contain information that is classified for national security purposes.

**Exemption (b)(2):** Records that are related solely to the internal personnel rules and practices of an agency.

**Exemption (b)(3):** Allows for the withholding of information prohibited from disclosure by another federal statute provided that one of two disjunctive requirements are met: the statute either "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (A)(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

**Exemption (b)(4):** Records that contain trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**Exemption (b)(5):** Inter- or intra-agency records that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege:

- Deliberative process privilege – Under the deliberative process privilege, disclosure of these records would injure the quality of future agency decisions by discouraging the open and frank policy discussions between subordinates and superiors.

- Attorney work-product privilege – Records prepared by or at the direction of a FinCEN attorney.

- Attorney-client privilege – Records of communications between an attorney and his/her client relating to a matter for which the client has sought legal advice, as well as facts divulged by client to attorney and any opinions given by attorney based on these.

**Exemption (b)(6):** Records that contain identifying information that applies to a particular individual when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This requires the balancing of the public's right to disclosure against the individual's right to privacy.

**Exemption (b)(7)(A):** Records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information…could reasonably be expected to interfere with law enforcement proceedings.

**Exemption (b)(7)(C):** Records containing law enforcement information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" based upon the traditional recognition of strong privacy interests ordinarily appropriated in law enforcement records.

**Exemption (b)(7)(E):** Records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



May 18, 2017

| | |
|---|---|
| MEMORANDUM FOR: | Matthew Albence |
| | Executive Associate Director |
| | Enforcement and Removal Operations |
| | U.S. Immigration and Customs Enforcement |
| FROM: | Dana Salvano-Dunn |
| | Acting Deputy Officer for Programs and Compliance |
| | Office for Civil Rights and Civil Liberties |
| SUBJECT: | Stewart Detention Center |
| | Recommendations on Complaint Nos.15-05-ICE-0731, 15-11-ICE-0732, 16-03-ICE-0560, 16-06-ICE-0252, 16-10-ICE-0562 and 16-11-ICE-0519 |

The U.S. Department of Homeland Security's (DHS) Office for Civil Rights and Civil Liberties (CRCL) is conducting an investigation into conditions of detention for U.S. Immigration and Customs Enforcement (ICE) detainees at the Stewart Detention Center (SDC) in Lumpkin, Georgia.

Since 2015, CRCL has received numerous allegations alleging civil rights and civil liberties violations of persons being detained at SDC in the following areas: medical and mental health care, legal access, food service, segregation, recreation, and the detainee grievance system.

In response to these complaints, CRCL conducted a site review at SDC from February 1-3, 2017. We greatly appreciate the cooperation and assistance provided by ICE and SDC personnel before and during the review. As part of the review, CRCL engaged the assistance of four subject-matter experts: a medical consultant, a mental health consultant, a corrections consultant and an environmental health and safety consultant. As a result of detainee and staff interviews, document reviews, and direct observation, the subject-matter experts identified concerns regarding the medical and mental health care, environmental health and safety, and overall conditions at the facility.

On February 3, 2017, as part of the SDC site review closing discussions, CRCL and the subject-matter experts discussed the general concerns found during the investigation with ICE ERO field office management, personnel from the ICE Office of Diversity and Civil Rights (ODCR) and SDC senior management. During the discussions, the subject-matter experts also provided recommendations to address the concerns identified.[1]

---

[1] In general, CRCL's experts relied on the applicable 2011 Performance-Based National Detention Standards (2011 PBNDS) for the SDC onsite as they were the standards the facility is contractually obligated to implement.

*Protected by Deliberative Process Privilege*

Enclosed with this memorandum are the reports prepared by our subject-matter experts. They have been divided into priority and non-priority recommendations. Priority recommendations are listed in the body of this memorandum, and CRCL requests that ICE formally concur or non-concur with these recommendations and provide an implementation plan for all accepted recommendations. Non-priority recommendations are contained in a separate attachment to this memorandum. Although CRCL is not requesting formal responses to these, we encourage ICE to consider and implement these recommendations to the fullest extent possible.[2]

With this memorandum, and consistent with our standard practice, we request that you indicate to us whether ICE concurs with the recommendations made below, and ask you to provide an action plan within 60 days.

Medical

CRCL's medical expert made the following recommendations regarding medical care and mental health care at SDC. These recommendations relate to the 2011 PBNDS Medical Care Standard, which requires timely access to an appropriate level of medical care:

1. The facility medical program is overseen by IHSC, but depends on contractors to deploy adequate staff. The facility is located in a remote, rural location. This makes it more difficult to recruit qualified professionals to work in the facility and CRCL found that the facility does not have an adequate number of medical staff. To address staffing inadequacies, SDC should ensure medical staffing is increased to meet the staffing plan and to ensure appropriate and timely medical care is provided to detainees.

2. CRCL found that the current remodeling plan for the SDC medical unit is not adequate to provide sufficient exam rooms and offices for a facility that houses 1800 adult detainees. SDC should significantly expand clinic space to provide sufficient room to provide medical care.

3. CRCL found that SDC is using segregation space for medical housing purposes. SDC should discontinue this practice and create a new medical housing unit within the facility.

4. CRCL found that various surfaces in the clinical space were degrading or breaking down. SDC should ensure that the clinic space is cleaned on a regular basis by cleaners who have been trained in the proper cleaning of medical space. Surfaces that are degrading or breaking down must be repaired or replaced in order to maintain proper sanitation.

5. CRCL identified problems in the documentation of special needs for detainees with disabilities or other chronic medical problems. SDC medical and custodial staff should work together with custody staff to find reasonable ways to accommodate legitimate medical special needs such as crutches and braces in a way that addresses security concerns while at the same time protecting the legitimate access to medically indicated accommodations. SDC medical should communicate to the security staff, in writing, when special accommodations

---

[2] CRCL's experts also provided best practice recommendations, which may be found in their respective reports.

are necessary.

Mental Health

CRCL's mental health expert made the following recommendation regarding mental health care at SDC.  This recommendation relates to the 2011 PBNDS Medical Care Standard, which requires timely access to an appropriate level of medical care:

6. All components of the necessary mental health program are not adequately met, with only two of the three allocated mental health provider positions filled, and the one vacant psychiatric position being covered by a maximum of five hours of telepsychiatry time per week.  SDC should re-evaluate the staffing pattern for mental health providers to ensure that those detainees with significant mental illness have access to a range of ongoing care. The vacant mental health provider positions should be filled expeditiously. Pending the hiring of a full-time psychiatrist, (b)(5)
(b)(5)

Environmental Health and Safety

7. (b)(5)

8. In some of the showers within the housing units, there were instances of green staining on the wall, which appeared to be a possible issue with the pH balance of the water and not fungus growth.  However, SDC should ensure that shower cleanings are completed on a regular basis to comply with the PBNDS 2011 Environmental Health and Safety Standard requiring that "conditions shall be maintained at a level that meets recognized standards of hygiene, including those from the American Correctional Association" specifically ACA Housekeeping standard 4-ALDF-1A-04 indicating, "The facility is clean."  (PBNDS 2011; Environmental Health and Safety)

9. There were instances, particularly in the medical unit, where the floors, walls, and door jams were not properly cleaned and disinfected.  SDC should review its housekeeping plan and provide more detailed information on proper cleaning, sanitizing, and disinfecting in the facility.  This plan should outline equipment and supplies to be used and exact steps to be taken to properly clean and mop floors, when and how to clean and sanitize equipment, mattresses, contact surfaces, bathrooms, exam rooms, etc.

3

10. (b)(5)

11.

12. CRCL found multiple areas in the medical clinic and housing areas that needed greater emphasis on cleaning procedures and processes.  SDC should ensure training on how to properly clean the facility is provided to all staff and detainees.  The PBNDS 2011 standard requiring, "The Chief Nurse (or equivalent) is responsible for training all staff and detainees in using proper housekeeping procedures and proper handling of hazardous materials and chemicals" should be implemented and followed.   (PBNDS 2011; Environmental Health and Safety)

Corrections

CRCL's corrections expert made the following priority recommendation related to general conditions of detention at SDC:

13. There were instances where the incident reports were lacking detailed information.   Therefore, SDC should require language in use of force incident reports to describe (b)(5) actions taken by each staff member involved in a use of force incident. (b)(5)

(b)(5)

The complete expert reports and recommendations are contained in the enclosed expert reports.

It is CRCL's statutory role to advise department leadership and personnel about civil rights and civil liberties issues, ensuring respect for civil rights and civil liberties in policy decisions and implementation of those decisions.  We look forward to working with ICE to determine the best way to resolve these complaints.  We request that ICE provide a response to CRCL 60 days whether it concur or non-concur with these recommendations.  If you concur, please include an action plan. You can send your response by email.  If you have any questions, please contact Policy Advisor (b)(6) by telephone at (b)(6) or by email at (b)(6)

4

~~Protected by Deliberative Process Privilege~~

Copies to:


Claire Trickler-McNulty
Acting Assistant Director
Agency Prevention of Sexual Assault (PSA) Coordinator
Office of Detention Policy and Planning
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)


Dr. Luzviminda Peredo-Berger
Assistant Director
Enforcement and Removal Operations/ICE Health Service Corps
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)


CAPT Esan O. Simon, MD, MBA, FS, USPHS
Associate Medical Director
ICE Health Service Corps
Enforcement & Removal Operations
U.S. Immigration & Customs Enforcement


(b)(6); (b)(7)(C)


Enclosures

Appendix A – Non-Priority Recommendations
Appendix B – Medical Expert Report
Appendix C – Mental Health Expert Report
Appendix D - Environmental Health and Safety Expert Report
Appendix E – Corrections Expert Report

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

 **Homeland Security**

May 23, 2018

MEMORANDUM TO:

Thomas D. Homan
Deputy Director and Senior Official Performing the Duties of the Director
U.S. Immigration and Customs Enforcement

Mike P. Davis
Executive Deputy Principal Legal Advisor
U.S. Immigration and Customs Enforcement

FROM:

Veronica Venture (b)(6)
Deputy Officer
Officer for Civil Rights and Civil Liberties

Susan Mathias (b)(6)
Assistant General Counsel (Legal Counsel)
Office of General Counsel

SUBJECT:

Stewart Detention Center
Closure of Complaint Nos.15-05-ICE-0731, 15-11-ICE-0732, 16-03-ICE-0560, 16-06-ICE-0252, 16-10-ICE-0562 and 16-11-ICE-0519

This memorandum discusses the outcome of the investigation the U.S. Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL) conducted into the conditions of detention for U.S. Immigration and Customs Enforcement (ICE) detainees at the Stewart Detention Center (SDC) in Lumpkin, Georgia. Following a collaborative process between ICE and CRCL that focused on findings and recommendations made by CRCL's subject matter experts, CRCL considers the issues identified by the experts to be resolved. Consequently, as of the date of this memorandum, CRCL has closed the above-listed complaints.

*Background:*

CRCL sent a retention memorandum on December 20, 2016, to inform ICE that CRCL would be investigating SDC. This memorandum explained the complaints which precipitated the investigation, including allegations concerning medical and mental health care, legal access, food service, segregation, recreation, and the detainee grievance system.

The Investigation and Expert Recommendations

In February 2017, CRCL conducted its onsite investigation of SDC, engaging the assistance of four subject matter experts: a medical doctor, a mental health expert, an environmental health

*Protected by Attorney-Client and Deliberative Process Privileges*

and safety expert, and a corrections expert. Following the review, in May 2017, CRCL sent ICE an Expert Report Memorandum, which contained 13 recommendations, along with the experts' written reports, requesting a response from ICE to the recommendations within 60 days.

In February 2018, ICE responded to the recommendations and provided comments to explain its responses. Of the 13 recommendations, ICE concurred with eight, partially concurred with two, and non-concurred with three. A number of positive changes stemmed from these concurrences, including the following:

- The experts had concerns about the cleanliness of the medical clinic space and recommended that SDC ensure that it is cleaned on a regular basis by cleaners who have been trained in the proper cleaning of medical space. In its response, ICE concurred and indicated that ICE and Core Civic have adjusted the cleaning process to have dedicated officers properly supervise the cleaning of medical spaces by a detainee cleaning crew. This cleaning process also includes a daily walkthrough to identify any deficiencies, which are ultimately brought to the attention of the Associate Warden, if not addressed within a specified time period.

- The experts noted concerns that detainees with special needs were not appropriately accommodated and recommended that SDC medical and custodial staff work together to find ways to provide reasonable accommodation to detainees with special needs, such as crutches and braces, in a way that addresses security concerns, as well as protects the legitimate access to medically indicated accommodations. ICE concurred with the recommendation and stated that in January 2017, SDC revised the process for handling detainees' medical needs as they pertain to durable medical devices. The revised policy allows for newly arriving detainees with metal durable medical devices to retain the devices until a qualified medical provider evaluates the detainee and makes a determination as to the need of the device and its continued use.

ICE non-concurred or partially concurred with four of the recommendations made by the experts that will be closed with no further concerns noted:

- (b)(5)

   (b)(5)                                                                According to ICE,
   Core Civic, as part of its maintenance procedures, on a monthly basis, tests, monitors, and maintains water temperature logs. ICE Onsite Monitoring was able to obtain Core Civic Shower Temperature Logs from September 2016, up to and including the time period of CRCL's visit, and at no time did the logs reflect water temperatures below 100 degrees. Further, on January 30, 2018, at 12:30 PM, Detention Monitoring Unit staff at SDC and the ERO Atlanta Field Office Compliance Team verified the water temperature was at 104 F degrees. As a result of this response, CRCL is satisfied that appropriate action has been taken and now considers this recommendation closed.

- (b)(5)

   (b)(5)                    ICE non-concurred and stated that facility management and ICE Officers monitor for proper sanitation on a daily basis. Mattresses are replaced when either facility management staff or ICE officers identify mattresses that are no longer

serviceable – i.e. stained, torn, or otherwise damaged.  According to ICE, ICE Onsite Monitoring has not encountered this issue since CRCL's visit in February 2017; however, as a best practice, ICE agreed to recommend that Core Civic reiterate to staff the policy and procedure for reporting worn mattresses and having them replaced. As a result of this response, CRCL considers this recommendation closed.

- ICE non-concurred on CRCL's recommendation (b)(5)
  (b)(5)

  (b)(5)        According to ICE, a "check and balance" system is already in place to ensure that cleaning and disinfecting procedures and schedules are followed and regularly occurring.  ICE agreed to continue monitoring the situation closely to ensure that standards of cleanliness are being maintained on a consistent basis.  CRCL is satisfied with the response and considers this recommendation closed.

- ICE partially concurred with two recommendations. (b)(5)
  (b)(5)
  (b)(5)                                              According to ICE, as of May 2017, another mental health provider has been added to the staffing plan.  Additionally, ICE agreed to continue efforts to recruit and hire additional mental health providers.  CRCL is satisfied with the response and considers this recommendation closed.

Remaining Concern

(b)(5)

*Conclusion:*

Following this collaborative process, CRCL has concluded that the complaints will be closed.  It is CRCL's statutory role to advise Department leadership and personnel about civil rights and civil liberties issues, ensuring respect for civil rights and civil liberties in policy decisions and implementation of those decisions.  As a result, we appreciate the work that has been done by ICE and SDC to address CRCL's concerns.  We have taken into account this important work in addressing our concerns, and accordingly, CRCL is formally closing the complaints identified in this memorandum.  If you have any questions, please contact the Director of the Compliance Branch, Dana Salvano-Dunn, at (b)(6) or (b)(6)

Copy to:

Nathalie R. Asher
Assistant Director, Field Operations
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Tae Johnson
Assistant Director
Custody Management
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Claire Trickler-McNulty
Acting Assistant Director
Office of Detention Policy and Planning
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

Dr. Stewart D. Smith
Assistant Director
ICE Health Service Corps
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

CAPT Luzviminda Peredo-Berger
Chief Medical Officer
ICE Health Service Corps
Enforcement and Removal Operations

*Protected by Attorney-Client and Deliberative Process Privileges*

U.S. Immigration and Customs Enforcement

(b)(6); (b)(7)(C)

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



April 11, 2016

*Via electronic mail*

(b)(6)

Staff Attorney, Immigrant Justice Project
Southern Poverty Law Center
1989 College Ave. NE
Atlanta, GA 30317
(b)(6)

Re:    Complaint No. 16-06-ICE-0252

Dear Ms. Cho:

On March 21, 2016, the Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL) received your complaint. Thank you for contacting us with your concerns.  Under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL reviews and assesses information concerning abuses of civil rights, civil liberties, and profiling on the basis of race, ethnicity, or religion, by employees and officials of DHS.

The issues you raise are very important to us, and we would like to inform you how your complaint will be processed by CRCL.  Initially, we will send your complaint to the DHS Office of Inspector General (OIG) for review.  If OIG declines to accept the complaint, it will be returned to CRCL for an appropriate response.  Once CRCL opens a formal complaint, either we or the appropriate DHS component will conduct an investigation into your concerns.  CRCL may contact you during the course of investigation of your complaint.  We will ultimately notify you of the outcome of the investigation.

Please be advised that our complaint process does not provide individuals with legal rights or remedies.  Accordingly, CRCL is not able to obtain any legal remedies or damages on your behalf.  Instead, we use complaints like yours to find and address problems in DHS policy and its implementation.  If you believe your rights have been violated, you may wish to consult an attorney.  There may be time limitations that govern how quickly you need to act to protect your interests.

If you have not already done so, please provide CRCL with your complete contact information, including a phone number, email address, and mailing address if available, and your alien number if applicable.  You may contact CRCL by email at crclcompliance@hq.dhs.gov, by facsimile at 202-401-4708, or by mail at the following address:

Department of Homeland Security
Office for Civil Rights and Civil Liberties
Compliance Branch
245 Murray Lane, SW
Building 410, Mail Stop 0190
Washington, DC 20528

For additional information about CRCL's roles and responsibilities, please visit our website at www.dhs.gov/crcl.

If you are filing a complaint on behalf of someone else, please provide CRCL with the express written consent of the individual if you would like to be informed about the resolution of this complaint, if you have not already done so.

When communicating with CRCL about this matter, please include the complaint number noted at the top of this letter.

Please note that Federal law forbids retaliation or reprisal by any Federal employee against a person who makes a complaint or discloses information to CRCL.  42 U.S.C. § 2000ee-1(e).  If you believe that you or someone else is a victim of such a reprisal, please contact us immediately.

Thank you again for contacting CRCL.  Communications like yours are essential to our ability to carry out our role of supporting the DHS's mission to secure the nation while preserving individual liberty, fairness, and equality under the law.  We look forward to working with you to address your concerns.  If you have questions, please contact us either in writing or by phone at 866-644-8360, 866-644-8361 (TTY).

Sincerely,

Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security

## Privacy Act Statement

**Authority:** 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1 authorizes the collection of this information.

**Purpose:**  The Department of Homeland Security (DHS) will use this information to review and investigate complaints and information from the public about possible violations of civil rights and/or civil liberties relating to DHS employees, programs, or activities.

**Routine Uses:** This information may be disclosed to and used by personnel and contractors within DHS who have a need to know the information in order to review your complaint.  The DHS Office for Civil Rights and Civil Liberties (CRCL) may also share your information, as necessary, with appropriate government agencies outside of DHS or with non-government entities to address your complaint, or pursuant to its published Department of Homeland Security/ ALL-029 Civil Rights and Civil Liberties Records System of Records.

**Disclosure:** Furnishing this information to CRCL is voluntary; however, failure to furnish the requested information may delay or prevent CRCL from adequately reviewing and investigating your complaint.  If necessary, CRCL may also request additional information from you in order to determine the appropriate manner to address your concerns.

To learn more about the Privacy Act, go to www.dhs.gov/privacy.

3

| | |
|---|---|
| **From:** | (b)(6) |
| **To:** | CRCLCompliance |
| **Subject:** | Access to Counsel Issues at Stewart Detention Center |
| **Date:** | Monday, March 21, 2016 1:03:09 PM |
| **Attachments:** | 2016-3-21 Access to Counsel--Stewart Detention Center.pdf |

Dear Ms. Mack:

Please see the attached letter regarding access to counsel issues at Stewart Detention Center. A hard copy will follow via USPS. Please feel free to contact me with any questions.

Sincerely,

(b)(6)

Staff Attorney, Immigrant Justice Project
Southern Poverty Law Center
1989 College Avenue NE
Atlanta, GA 30317

(b)(6)

*CONFIDENTIALITY NOTE:  This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.*

| From: | (b)(6) |
|---|---|
| To: | "ICE Civil Liberties (b)(6); (b)(7)(C) |
| Cc: | Sharp, Thomas; Salvano-Dunn, Dana; Fleischaker, Deborah; (b)(6); (b)(7)(C) |
| Subject: | CRCL Medical Referral: Stewart |
| Date: | Wednesday, July 20, 2016 11:41:00 AM |
| Attachments: | 07.19.2016 (b)(6) OIG.PDF |

Dear ODCR,

This is a medical referral based on the following allegations received by CRCL: On July 19, 2016, CRCL received an email referral from the DHS OIG regarding (b)(6) an ICE detainee at Stewart Detention Center in Lumpkin, Georgia. In a call to the OIG hotline on June 13, 2016, Mr. (b)(6) reported that he experienced a "serious tear" to his urethra due to an incorrectly placed catheter. He reported that he was subsequently taken to a hospital and diagnosed with pancreatitis and a urinary tract infection. Allegedly, the facility has since failed to provide him with the medication a physician prescribed to him. He stated that he was in a lot of pain and needed medical assistance immediately.

Consistent with discussions between ICE and CRCL about medical referrals, please investigate these allegations and, in your response, provide CRCL with the following information:

1. The urgency level assigned to this matter by IHSC;
2. ICE's response to any specific allegations about the detainee's medical or mental health care;
3. Any other relevant information about the medical or mental health care provided to the detainee; and
4. Details of any corrective action taken in response to any issues identified.

Please let me know if you have any questions or need additional information.

Thank you,

*Ms.* (b)(6)
Compliance Branch
Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security
(b)(6)



**WARNING:** This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy

relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official.

| From: | CRCLCompliance |
|---|---|
| To: | (b)(6) |
| Cc: | CRCLCompliance |
| Subject: | Correspondence sent to Department of Homeland Security re Immigration Judge |
| Date: | Thursday, September 8, 2016 3:42:00 PM |
| Attachments: | 08.16.2016 Correspondence to DHS re Immigration Judge (SECURED).pdf |

Dear Executive Office for Immigration Review,

The Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL) received the attached correspondence from an individual in U.S. Immigration and Customs Enforcement (ICE) custody. Under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL is responsible for reviewing and assessing information concerning abuses of civil rights, civil liberties, and profiling on the basis of race, ethnicity, or religion, by employees and officials of DHS.  CRCL also reviews allegations that DHS employees, programs, or activities failed to accommodate an individual's disability under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a).

The attached correspondence includes allegations of professional misconduct on the part of an Immigration Judge (IJ). Therefore, CRCL is forwarding this to your Office for your awareness of those allegations and any action you deem appropriate. The correspondence indicates that the enclosure containing the IJ-related allegations has been sent by an NGO to the Board of Immigration Appeals. Separately, the Department of Homeland Security is reviewing issues in the submission that involve ICE. CRCL does not need any information from you addressing how you decide to handle the allegations involving the IJ.

By separate email, we sent you the password to open the password-protected attachment.

Thank you. Please contact us if you have questions.

Sincerely,

Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security
crclcompliance@hq.dhs.gov



*This message, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use, or copying of this message is strictly prohibited.  If you have received this message in error, please notify the sender immediately by reply e-mail, and*

*delete the message.*

# Complaint Information

If you don't speak/write English, CRCL has access to interpreters and can talk to you in any language.

① **Information about the person who experienced the civil rights/civil liberties violation**
*(fill in what you can)*

Name: _(b)(6)_
First and Middle        Last

Phone #:  Cell: _____ Home: _229-838-5000_ Work: _____

Please note that we may contact you at the provided numbers.

Mailing Address: _146 CCA Road   POBOX 248_        _Lumpkin_        _GA_   _31815_
PO Box or Street address        City        State   Zip

Date of Birth: _(b)(6)_        Email *(optional)*: _____

Alien Registration #. *(if you have one and it's available):* _(b)(6)_

☑ Check here if you are in detention now.

Which facility? _Stewart Detention Center   146 CCA Road   Lumpkin GA 31815_
Facility name        Facility address

☐ Check here if you are represented by an attorney in this matter.  If so please provide the attorney's
name and contact information _____

② **Are you filling in this complaint form on behalf of another individual?** If yes, please
provide *your* information.

Name: _____
First        Last        Job title

Organization *(if any)*: _____

Phone #:  Cell: _____ Home: _____ Work: _____

Mailing Address: _____
PO Box or Street address        City        State        Zip

③ **What happened?**  Describe your complaint. Give as much detail about your experience as possible.

Please read the follong statment attach to complaint.

RECEIVED

AUG 1 6 2016

**U.S. Department of Homeland Security**
**Office for Civil Rights and Civil Liberties**

*Continue on an additional page, if needed.*

2

**When did this happen? If ongoing, please indicate when the problem began.**
*(If it happened on more than one date, list all dates):*

Please read the following statement and send a federal Agent to Investigate Stewart Detention Center.

**Where did this happen?**
Place *(for example, name the detention facility, airport, other)*: Stewart Detention Center
City: Lumpkin _____ State or Country: Georgia

④   **Who treated you unfairly?**

An employee, contractor, or officer of *(check as many as apply)*:
☐  Citizenship and Immigration Services (USCIS)
☐  Customs and Border Protection (CBP)*
    ☐  Customs Officer
    ☐  Border Patrol Agent
☐  Federal Emergency Management Agency (FEMA)
☑  Immigration and Customs Enforcement (ICE)
☐  Secret Service (USSS)
☐  Transportation Security Administration (TSA)*
☐  U.S. Coast Guard (USCG)
☐  Other DHS program *(specify)* :
_____

☐   Not sure which DHS office
☑   Non-DHS employee working under the authority of DHS (e.g., 287g officer)
    specify: CCA officers

*If your complaint is about an incident at an airport, train station, or border crossing, you may also file a complaint with the Department of Homeland Security's Traveler Redress Inquiry Program (TRIP). TRIP and this Office will review your complaint together, resulting in a faster response. Go to: www.dhs.gov/trip.

⑤ **List anyone else who may have seen or heard what happened.**
*(If you do not know their names, provide whatever details you can)*

Names (or other information, e.g., agency): (b)(6)
Mailing Address: (b)(6)
                    *City*          *State or Country*    *Zip*
Phone No.: (b)(6) _____ Email: (b)(6)

Names (or other information, e.g., agency): _____
Mailing Address: _____
        *PO Box or Street address*          *City*        *State or Country*    *Zip*
Phone No.: _____ Email: _____

*Continue on an additional page, if needed.*

3

⑥ **Have you contacted any other DHS component or other federal, state, or local government agency or court about this complaint?**
☐ **Yes:** Agency/Office/Court _____ Date: _____
☑ **No**

**If so, has anyone responded to your complaint?**
☐ Yes  ☑ No

*If Yes,* describe what has been done to respond to your complaint:

*Continue on an additional page, if needed.*

⑦ **Is there any other information you want us to know about or consider?**

Please read the following Statement attach to complant.

*Continue on an additional page, if needed.*

4

⑧ If you are not proficient in English, please indicate the language in which you prefer we communicate with you.

_English_

⑨ If you have problems understanding this form or any other question, contact CRCL:

**E-mail:** crcl@dhs.gov
**Phone:**  Local: 202-401-1474 or
          Toll Free: 866-644-8360
**TTY:**   Local TTY: 202-401-0470
          Toll Free TTY: 866-644-8361
**Fax:**    202-401-4708

By U.S. Postal Service:
Department of Homeland Security
CRCL/Compliance Branch
245 Murray Lane, SW
Building 410, Mail Stop #0190
Washington, DC 20528
*Note:* Because of security measures, it can take up to 4 weeks for us to receive U.S. mail.

⑩ To submit this form by email, please save, attach, and send to crcl@dhs.gov. Please attach or send all information that supports your complaint, such as documents, photos, medical records, grievances, or witness statements.

Submit copies, not originals; put your name and the date of this complaint on each document. (Fax to: 202-401-4708, or email scans of your documents to crcl@dhs.gov, or mail to the address listed above.)

## Keep a copy of this complaint for your records.

### Privacy Act Statement

Under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, the Office for Civil Rights and Civil Liberties (CRCL) is authorized to investigate complaints and information from the public about possible violations of civil rights or civil liberties related to DHS employees, programs, or activities. A federal law, called the Privacy Act, says we must explain how we protect your information while processing your complaint.

If your complaint is more appropriately handled by a different federal office, we will refer it to that office. In order to investigate your complaint, CRCL will disclose the information regarding your complaint to other appropriate DHS offices, including the Office of the Inspector General. CRCL may also disclose certain information from your complaint if we are required by law to do so or if there is no privacy impact. For example, we send reports to Congress every three months about complaints submitted by the public. Those reports describe the **types** of complaints, and **do not include personal information**. To read our past reports, go to www.dhs.gov/crcl.

To learn more about the Privacy Act go to the Federal Information Center, www.pueblo.gsa.gov.

You may use the following pages to include additional information about your complaint if needed. Please specify which number(s) above you are continuing.

(b)(6)

Stewart Detention Center
P.O. Box 248
Lumpkin, GA 31815

August 8, 2016


Dear Madam or Sir,


This letter is submitted in support of violations and civil right mistreatments at Stewart Detention Center CCA, ICE/DHS and Immigration Court in Lumpkin, GA.


The purpose of the statement is to confirm the mistreatments and abuses by CCA staff and DHS and Immigration Court Judges here at Lumpkin, GA.


I have been held prisoner since November 02, 2015 by ICE/DHS without a bond hearing. I have no family here in Lumpkin, GA and my entire support base in Los Angeles, CA. It is impossible to defend myself without legal and financial support.


1. I have been a Permanent Legal Resident since 1984.


2. On October 2016, my family hires an attorney from Los Angeles, California to get me a change of venue to Los Angeles immigration court. Motion was denied and was ordered removed. I filed a notice to appeal to the BIA pro se. Case was remanded back to Immigration Court for a new entry. I now have no legal representation and I'm force to defend myself pro se because I have no money to re-pay an attorney to help me with my due process.


3. Since my arrival here at CCA Lumpkin, GA I have been in a constant fight about my due process rights.


4. Immigration Judge Arrington-Dempsey abuses her power and is known for using bullying tactics in her court room. Most prisoners/detainees do not appeal or report IJ's abuse of due

process rights. I personally have been called a liar by IJ Arrington-Dempsey (see attached grievance). The few of us that appeal the IJ's decisions to the BIA get little relief from the BIA, Most of the time the BIA remands the case back to the IJ just to clean up their mess and move forward denying any relief. Very few take it to the next level and file 2241, most just give up because the deck is stacked against us. Another tactic that they use here is that they change IJ without notice whenever they see suitable to ICE/DHS. Finally ICE/DHS will transfer us to different facilities around the country without notice. If relief is hardly ever granted and them it is appealed by DHS counsel and continue to be imprisoned until a decision has been made by the BIA.

5. I have limited resources from the law library. The cases that are available to us are old and we do not have a complete access to C.F.R. and case laws. (See attached-copy of grievance found in my favor).I filed several grievances on CCA staff members. Example- I wrote a grievance on a LT. for abusing his authority, it was review by a Sargent and it was found in the LT's favor. There was clearly evidence and video tape of the incident. In my opinion no Sargent is going to oppose a lieutenant. The food here unacceptable most of time, drinking water at the chow hall has black residue, I have found  hair in the food from the chow hall, dead flies, rotten feces in the cereal, food not cook appropriately, no fruit, no milk, water from the shower is green and constantly being treated worse than prisoners. No adequate recreation.

As you will also note, CCA Systems is structured to make money and nothing else. Therefore, we have to live with unconstitutional violations and have to be paying high prices for commissary items. There are no jobs in here in order for us to make any sort of income. Therefore, we are placing a heavy burden on our family to support us. Phone rates are extremely high. $4.20 for a twenty minute phone call!!! It's stressful to be in this condition. I'm cannot describe the stress and anxiety that I go through on a daily basis.

Petitions have been filed to CCA/DHS and they keep telling us that the food in the chow hall and commissary will be mended. I been here almost a year fighting my removal and have not seen any changes in either the quality of the food or high commissary and phone rates. I see no

changes in the future in the food, commissary and high phone rates. Medical is another problem. Not enough staff to take care of 1500-2000 detainees.

Because of the above declarations I'm sick and tired of the conditions that I'm being housed in. I don't know if one day I'm going to lose my mind and just give up. I have two children who need me home. I have employment waiting for me as soon as I'm released. I believe that I will be here for another six-twelve months fighting my removal. I have been trying to get a change of venue to the Los Angeles immigration court. Immigration Court and ICE/DHS will not move me because they want me as far as possible from family in hopes that I will give up removal. I will be killed if I'm returned to El Salvador.

Very truly yours,

(b)(6)



*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

September 14, 2016

(b)(6)

Stewart Detention Center
146 CCA Rd.
Lumpkin, GA 31815

Re:     Complaint No. 16-11-ICE-0519

Dear Mr. (b)(6)

On August 16, 2016, the Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties (CRCL) received your complaint. Thank you for contacting us with your concerns.  Under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, CRCL reviews and assesses information concerning abuses of civil rights, civil liberties, and profiling on the basis of race, ethnicity, or religion, by employees and officials of DHS.

The issues you raise are very important to us, and we would like to inform you how your complaint will be processed by CRCL.  Initially, we will send your complaint to the DHS Office of Inspector General (OIG) for review.  If OIG declines to accept the complaint, it will be returned to CRCL for an appropriate response.  Once CRCL opens a formal complaint, either we or the appropriate DHS component will conduct an investigation into your concerns.  CRCL may contact you during the course of investigation of your complaint.  We will ultimately notify you of the outcome of the investigation.

Please be advised that our complaint process does not provide individuals with legal rights or remedies.  Accordingly, CRCL is not able to obtain any legal remedies or damages on your behalf. Instead, we use complaints like yours to find and address problems in DHS policy and its implementation.  If you believe your rights have been violated, you may wish to consult an attorney. There may be time limitations that govern how quickly you need to act to protect your interests.

If you have not already done so, please provide CRCL with your complete contact information, including a phone number, email address, and mailing address if available, and your alien number if applicable.  You may contact CRCL by email at crclcompliance@hq.dhs.gov, by facsimile at 202-401-4708, or by mail at the following address:

Department of Homeland Security
Office for Civil Rights and Civil Liberties
Compliance Branch
245 Murray Lane, SW
Building 410, Mail Stop 0190
Washington, DC 20528

For additional information about CRCL's roles and responsibilities, please visit our website at www.dhs.gov/crcl.

If you are filing a complaint on behalf of someone else, please provide CRCL with the express written consent of the individual if you would like to be informed about the resolution of this complaint, if you have not already done so.

When communicating with CRCL about this matter, please include the complaint number noted at the top of this letter.

Please note that Federal law forbids retaliation or reprisal by any Federal employee against a person who makes a complaint or discloses information to CRCL. 42 U.S.C. § 2000ee-1(e). If you believe that you or someone else is a victim of such a reprisal, please contact us immediately.

Thank you again for contacting CRCL. Communications like yours are essential to our ability to carry out our role of supporting the DHS's mission to secure the nation while preserving individual liberty, fairness, and equality under the law. We look forward to working with you to address your concerns. If you have questions, please contact us either in writing or by phone at 866-644-8360, 866-644-8361 (TTY).

Sincerely,

Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security

## Privacy Act Statement

**Authority:** 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1 authorizes the collection of this information.

**Purpose:** The Department of Homeland Security (DHS) will use this information to review and investigate complaints and information from the public about possible violations of civil rights and/or civil liberties relating to DHS employees, programs, or activities.

**Routine Uses:** This information may be disclosed to and used by personnel and contractors within DHS who have a need to know the information in order to review your complaint. The DHS Office for Civil Rights and Civil Liberties (CRCL) may also share your information, as necessary, with appropriate government agencies outside of DHS or with non-government entities to address your complaint, or pursuant to its published Department of Homeland Security/ALL-029 Civil Rights and Civil Liberties Records System of Records.

**Disclosure:** Furnishing this information to CRCL is voluntary; however, failure to furnish the requested information may delay or prevent CRCL from adequately reviewing and investigating your complaint. If necessary, CRCL may also request additional information from you in order to determine the appropriate manner to address your concerns.

To learn more about the Privacy Act, go to www.dhs.gov/privacy.

3

# EXHIBIT K

From: Andrew Free                                                                11/04/2022

Subject: RE: Freedom of Information Act Request #2022-CRFO-00102                              Mail

Good morning,

Thank you very, very much for promptly responding to this request.

We appeal the adequacy of the agency's search and the application of Exemption 5 to what appear to be post-decisional recommendations from CRCL to ICE. As to the search, there are several CRCL complaint numbers listed in the recommendations memos that have not be produced. Nor have any communications from CRCL's contract MH experts been provided in response to Item 2 in the request. There also appear to be no records responsive to Item 4.

We look forward to resolving these issues as soon as possible. Please do not hesitate to contact us should you require any additional information.

Best regards,

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

# EXHIBIT L

 

Search    Sign Up    Log In

# S1 ERO Taskers for Stewart Detention Center 2021-2022 (Immigration and Customs Enforcement)

**Share**



[Andrew Free](#) filed this request with the [Immigration and Customs Enforcement](#) of the [United States of America](#).

| | |
|---|---|
| Tracking # | 2023-ICAP-00282 |
| | 2023-ICFO-03850 |
| Multi Request | S1 ERO Taskers for Stewart Detention Center 2021-2022 |

| | |
|---|---|
| Submitted | Nov. 9, 2022 |
| Est. Completion | None |

**STATUS**

Payment Required

MuckRock users can file, duplicate, track, and share public records requests like this one. Learn more.

**File a Request**

| 8 Communications | 1 File |
|---|---|

Filter communications

Collapse All

---

**From: Andrew Free**  ·  11/13/2022

**Subject: Freedom of Information Act Request: S1 ERO Taskers for Stewart Detention Center 2021-2022 (Immigrati…**  ·  Portal

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

 

Search   Sign Up   Log In

Secretary Mayorkas to close the Stewart Detention Center, operated for ICE by CoreCivic in Lumpkin, Georgia. Secretary Mayorkas appeared in the video as well. In this videotaped interview, the Secretary stated that DHS is looking into facilities across the nation, and that "Stewart is one" of these facilities. Secretary Mayorkas committed to taking action if DHS's investigation into Stewart revealed inhumane treatment.

In July 2022, four women formerly detained at Stewart filed a complaint alleging sexual abuse and harassment by a male medical provider at Stewart, and retaliation and unlawful PREA violations in the subsequent investigation ICE allowed CoreCivic to conduct into these allegations.

Description of Records Sought:
Please provide (1) any Taskers regarding the Stewart Detention Center between January 20, 2021 and the present, from the Secretary of Homeland Security's Office to ICE or DHS HQ or any other DHS agency component, and (2) the responses received by the Office of the Secretary to each Tasker.

Thank you,

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

---

**From: Immigration and Customs Enforcement**                                      *12/23/2022*

**Subject: ICE FOIA Case Number 2023-ICFO-03850**                                    *Portal*

12/21/2022Andrew FreeMuckRock News, DEPT MR136690Boston, Massachusetts 02115 RE: ICE FOIA Case Number 2023-ICFO-03850 Dear Requester:This acknowledges receipt of your 11/13/2022, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for records pertaining to July 2021, Vice News released a video showing former DHS Secretary Janet Napolitano



Secretary stated that DHS is looking into facilities across the nation, and that "Stewart is one" of these facilities. Secretary Mayorkas committed to taking action if DHS's investigation into Stewart revealed inhumane treatment. In July 2022, four women formerly detained at Stewart filed a complaint alleging sexual abuse and harassment by a male medical provider at Stewart, and retaliation and unlawful PREA violations in the subsequent investigation ICE allowed CoreCivic to conduct into these allegations. Description of Records Sought: Please provide (1) any Taskers regarding the Stewart Detention Center between January 20, 2021 and the present, from the Secretary of Homeland Security's Office to ICE or DHS HQ or any other DHS agency component, and (2) the responses received by the Office of the Secretary to each Tasker. Thank you, Andrew Free #DetentionKills Transparency Initiative Al Otro Lado. Your request was received in this office on 11/13/2022.Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you're able to narrow the scope of your request please contact our office. Narrowing the scope may speed up the search process. We will make every effort to comply with your request in a timely manner.Provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.If you have any questions, please contact FOIA Public Liaison, Marcus Francis at the address above or (866) 633-1182. Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.Your request has been assigned reference number 2023-ICFO-03850. Please use this number in future correspondence. Sincerely,ICE FOIA OfficeImmigration and Customs EnforcementFreedom of Information Act Office500 12th Street, S.W., Stop 5009Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific

 

Sign Up        Log In

of this message, or the taking of any action based on it, by you is strictly prohibited.
Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about
to learn more.
v.E.1

---

**From: Muckrock Staff**                                                                       03/22/2023

**Subject: RE: Freedom of Information Act Request #2023-ICFO-03850**                Portal

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information Act request, copied below, and originally submitted on Nov. 13, 2022. Please let me know when I can expect to receive a response. You had assigned it reference number #2023-ICFO-03850.

Thanks for your help, and let me know if further clarification is needed.

---

**From: Andrew Free**                                                                          04/11/2023

**Subject: RE: Freedom of Information Act Request #2023-ICFO-03850**                  Mail

We hereby appeal the agency's constructive denial of this request and request expedited processing of this request under 6 CFR 5.5(e) in light of the recently announced death in custody at Stewart Detention Center on April 4. 2023 — the 10th in this facility's past six years.

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

---

**From: Immigration and Customs Enforcement**                                            04/25/2023

**Subject: ICE FOIA 2023-ICAP-00282, 2023-ICFO-03850**                                 Email

04/25/2023Andrew FreeMuckRock News, DEPT MR136588Boston, Massachusetts 02115RE: ICE FOIA Case Number 2023-ICAP-00282Dear Requester:The Department of Homeland Security has received your letter appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement. Your appeal, postmarked or electronically transmitted on 4/11/2023, was received on 4/21/2023.The Government Information Law Division acknowledges your appeal request of 2023-ICFO-03850 and is assigning it number 2023-ICAP-00282 for tracking purposes. Please reference this number in any future communications about your appeal.A high number of FOIA/PA

 

Sign Up    Log In

effort to process your appeal on a timely basis, there may be some delay in resolving this matter. Should you have any questions concerning the processing of your appeal, please contact Fernando Pineiro Jr., ICE FOIA Office/Public Liaison at (866) 633-1182 or at 500 12th St., SW Washington, DC 20536-5009.Sincerely, Shiraz PanthakyChiefGovernment Information Law DivisionICE Office of the Principal Legal AdvisorU.S. Department of Homeland Security

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution

of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about

to learn more.

v.E.1

---

**From: Immigration and Customs Enforcement**                                    *05/30/2023*

**Subject: ICE FOIA 2023-ICAP-00282**                                            *Email*

05/30/2023RE: ICE FOIA Case Number 2023-ICAP-00282 Dear Requester:ICE's final response to your FOIA request, 2023-ICAP-00282, for Appealing constructive denial of request for records is attached.Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder. Sincerely,ICE FOIA OfficeImmigration and Customs EnforcementFreedom of Information Act Office500 12th Street, S.W., Stop 5009Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution

of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about

to learn more.

v.E.1

 1602767-20230530111702196

⬇ Download

---

**From: Immigration and Customs Enforcement**                                    *06/21/2023*

**Subject: ICE FOIA 2023-ICAP-00282**                                            *Email*

 

Sign Up    Log In

Number 2023-ICAP-00202Dear Requester.This letter is the final response to your Freedom of Information Act (FOIA) Appeal on remand. You had appealed an adverse determination of your request dated 4/11/2023. You have requested Appealing constructive denial of request for records.We have considered your request under the both the FOIA, 5 U.S.C. § 552, and the Privacy Act Privacy Act, 5 U.S.C. § 552a. Your original request under 2023-ICFO-03850is currently been processed by an analyst. We will continued processing the your FOIA request under the original request to avoid further delay. Request are processed on a first in, first out basis and timing can vary greatly depending on the volume of responsive documents received. We will administratively closed the appeal and complete your request under 2023-ICFO-03850. If you have any questions please contact FOIA Public Liaison Fernando Pineiro Jr. at (866) 633-1182 or 500 12th St., SW Stop 5009 Washington, DC 20536-5009.Sincerely,ICE FOIA OfficeImmigration and Customs EnforcementFreedom of Information Act Office500 12th Street, S.W., Stop 5009Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution

of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about

to learn more.

v.E.1

## Newsletter
Want the latest investigative and FOIA news?

email address                    ✉ Subscribe



MuckRock is a non-profit collaborative news site that gives you the tools to keep our government transparent and accountable.

Make a Donation

© 2010–2023 Muckrock

SECTIONS          ABOUT          FEEDS

News              About Us        Latest Reporting



Requests

Agencies

Jurisdictions

Newsletters

FAQ

Editorial Policy

API

Privacy Policy

Terms of Service

Financials

Recently Filed
Requests

Recently
Completed
Requests

Sign Up

Log In

# EXHIBIT M

 

Search   Sign Up    Log In

# S1 ERO Taskers for Stewart Detention Center 2021-2022 (Department of Homeland Security)

**Share**



[Andrew Free](#) filed this request with the [Department of Homeland Security](#) of the [United States of America](#).

| | |
|---|---|
| Tracking # | 2023-HQAP-00452 |
| | 2023-HQFO-00314 |
| Multi Request | S1 ERO Taskers for Stewart Detention Center 2021-2022 |

| | |
|---|---|
| Submitted | Nov. 9, 2022 |
| Est. Completion | None |

**STATUS**

Awaiting Appeal

MuckRock users can file, duplicate, track, and share public records requests like this one. Learn more.

[ File a Request ]

| 6  Communications | 2  Files |
|---|---|

Filter communications          [ Collapse All ]

**From: Andrew Free**                                                  11/13/2022

**Subject: Freedom of Information Act Request: S1 ERO Taskers for Stewart Detention Center 2021-2022 (Departme…**   Portal

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

 

Sign Up    Log In

Secretary Mayorkas to close the Stewart Detention Center, operated for ICE by CoreCivic in Lumpkin, Georgia. Secretary Mayorkas appeared in the video as well. In this videotaped interview, the Secretary stated that DHS is looking into facilities across the nation, and that "Stewart is one" of these facilities. Secretary Mayorkas committed to taking action if DHS's investigation into Stewart revealed inhumane treatment.

In July 2022, four women formerly detained at Stewart filed a complaint alleging sexual abuse and harassment by a male medical provider at Stewart, and retaliation and unlawful PREA violations in the subsequent investigation ICE allowed CoreCivic to conduct into these allegations.

Description of Records Sought:
Please provide (1) any Taskers regarding the Stewart Detention Center between January 20, 2021 and the present, from the Secretary of Homeland Security's Office to ICE or DHS HQ or any other DHS agency component, and (2) the responses received by the Office of the Secretary to each Tasker.

Thank you,

Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

---

From: Department of Homeland Security                                    12/30/2022

**Subject: Department of Homeland Security FOIA 2023-HQFO-00314 Acknowledgment**          Portal

Good Morning,Attached is our acknowledgment of your DHS FOIA request. If you need to contact this office again concerning your request, please provide the DHS reference number. This will enable us to quickly retrieve the information you are seeking and reduce our response time. This office can be reached at 866-431-0486. Regards,DHS Privacy OfficeDisclosure & FOIA ProgramSTOP 0655Department of

 

Search  Sign Up  Log In

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution
of this message, or the taking of any action based on it, by you is strictly prohibited.
Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about
to learn more.
v.E.1

 1102169-20221229073031757

⬗ **Download**

---

**From: Muckrock Staff**                                    03/29/2023

---

**From: Andrew Free**                                       04/11/2023

**Subject: RE: Freedom of Information Act Request #2023-HQFO-00314**          Mail

We hereby appeal the constructive denial of this request and request expedited processing of this appeal. As good cause, we note that DHS-ICE recently announced the 11th detainee death at Stewart, and that deaths and other allegations of serious harm and abuse at Stewart have been the subject of extensive and widespread media coverage about which serious questions exist as to the government's conduct. We certify pursuant the 28 USC 1746 that the foregoing is true and correct and request expedited processing under 6 CFR 5.5(e).

Thank you,
Andrew Free
#DetentionKills Transparency Initiative
Al Otro Lado

---

**From: Department of Homeland Security**                    05/30/2023

**Subject: Department of Homeland Security FOIA 2023-HQAP-00452 Acknowledgment**          Email

Good Afternoon,
Attached is our acknowledgment of your DHS FOIA appeal.  If you need to contact this office again concerning your request, please provide the DHS reference number. This will enable us to quickly retrieve the information you are seeking and reduce our response time. This office can be reached at 866-431-0486.
Regards,

 

STOP 0655

Department of Homeland Security

245 Murray Drive, SW

Washington, DC 20528-0655

Telephone:  1-866-431-0486 or 202-343-1743

Fax:  202-343-4011

Visit our FOIA website (http://www.dhs.gov/foia)

 _Appeal Acknowledgement Letter

👁 **View**     </> **Embed**     ⬓ **Download**

## Newsletter

Want the latest investigative and FOIA news?

| email address | ✉ Subscribe |



MuckRock is a non-profit collaborative news site that gives you the tools to keep our government transparent and accountable.

Make a Donation

© 2010–2023 Muckrock



Sign Up    Log In

Projects

Requests

Agencies

Jurisdictions

Newsletters

Staff

FAQ

Editorial Policy

API

Privacy Policy

Terms of Service

Financials

Latest Questions

Recently Filed
Requests

Recently
Completed
Requests

# EXHIBIT N

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



May 26, 2023

Andrew Free
MuckRock News
DEPT MR 136690
263 Huntington Avenue
Boston, MA 02115

**RE: 2023-ICAP-00282, 2023-ICFO-03850**

Dear Mr. Free:

This is in response to your email dated April 21, 2023, received April 21, 2023, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's lack of a response to your FOIA request dated November 13, 2022, seeking records, as per the following:

Records pertaining to July 2021, Vice News released a video showing former DHS Secretary Janet Napolitano calling on Secretary Mayorkas to close the Stewart Detention Center, operated for ICE by CoreCivic in Lumpkin, Georgia. Secretary Mayorkas appeared in the video as well. In this videotaped interview, the Secretary stated that DHS is looking into facilities across the nation, and that "Stewart is one" of these facilities. Secretary Mayorkas committed to taking action if DHS's investigation into Stewart revealed inhumane treatment. In July 2022, four women formerly detained at Stewart filed a complaint alleging sexual abuse and harassment by a male medical provider at Stewart, and retaliation and unlawful PREA violations in the subsequent investigation ICE allowed CoreCivic to conduct into these allegations. Description of Records Sought: Please provide (1) any Taskers regarding the Stewart Detention Center between January 20, 2021 and the present, from the Secretary of Homeland Security's Office to ICE or DHS HQ or any other DHS agency component, and (2) the responses received by the Office of the Secretary to each Tasker.

You have appealed the constructive denial of your FOIA request based upon the ICE FOIA Office not responding to your request within either the twenty (20) days provided by statute, or the additional ten (10) day extension invoked by the ICE FOIA Office. In many instances, an agency cannot meet these time limits due to a high volume of requests, resource limitations, and other reasons agency.

Mr. Andrew Free
Page 2

ICE has begun processing your request on a "first-in, first-out basis" and is currently still in the process of responding to your request. This office is therefore remanding your appeal to the ICE FOIA Office for the completion of processing, including tasking to the appropriate program office(s) to obtain responsive records, if any exist. The ICE FOIA Office will provide a direct response to you.

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include the word "appeal," your appeal number, which is **2023-ICAP-00282**, and the FOIA case number, which is **2023-ICFO-03850**.

Sincerely,

/s/ *Christopher West*

*for*   Christopher Lanks
Acting Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

cc:      The ICE FOIA Office

# EXHIBIT O

**U.S. Department of Homeland Security**
Washington, DC 20528

 Homeland
Security

December 29, 2022

**SENT VIA E-MAIL TO:  136691-95339724@requests.muckrock.com**

Andrew Free
MuckRock News, DEPT MR136691
263 Huntington Ave
Boston, Massachusetts 02115

Re:  **2023-HQFO-00314**

Dear Mr. Free:

This letter acknowledges receipt of your 11/13/2022, Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS), for "in July 2021, Vice News released a
video showing former DHS Secretary Janet Napolitano calling on Secretary Mayorkas to close
the Stewart Detention Center, operated for ICE by CoreCivic in Lumpkin, Georgia. Secretary
Mayorkas appeared in the video as well. In this videotaped interview, the Secretary stated that
DHS is looking into facilities across the nation, and that "Stewart is one" of these facilities.
Secretary Mayorkas committed to taking action if DHS's investigation into Stewart revealed
inhumane treatment.

In July 2022, four women formerly detained at Stewart filed a complaint alleging sexual abuse
and harassment by a male medical provider at Stewart, and retaliation and unlawful PREA
violations in the subsequent investigation ICE allowed CoreCivic to conduct into these
allegations.

Please provide (1) any Taskers regarding the Stewart Detention Center between January 20,
2021, and the present, from the Secretary of Homeland Security's Office to ICE or DHS HQ or
any other DHS agency component, and (2) the responses received by the Office of the Secretary
to each Tasker."   This office received your request on November 14, 2022.

Due to the increasing number of FOIA requests received by this office, we may encounter some
delay in processing your request.  Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA
regulations, the Department processes FOIA requests according to their order of receipt.
Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does
permit a 10-day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5
§ 5.5(c). As your request seeks documents that will require a thorough and wide-ranging search,
DHS will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 § 5.5(c).   If you
would like to narrow the scope of your request, please contact our office.  We will make every
effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. This office will contact you before accruing any further fees.

We have queried the appropriate component(s) of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2023-HQFO-00314**. Please refer to this identifier in any future correspondence. The status of your FOIA request is now available online and can be accessed at: **https://foiarequest.dhs.gov/app/CheckStatus.aspx**, by using this FOIA request number.

If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

Jimmy Wolfrey
Senior Director, FOIA Operations and Management

# EXHIBIT P

U.S. Department of Homeland Security
Washington, DC 20528



May 30, 2023

Andrew Free
MuckRock News, DEPT MR136691
263 Huntington Ave
Boston, Massachusetts 02115

Re:   **DHS Appeal Number 2023-HQAP-00452**
      **FOIA Request Number 2023-HQFO-00314**

Dear Mr. Free:

The Department of Homeland Security (DHS) has received your appeal of the response by DHS,
Privacy Office to your Freedom of Information Act (FOIA) request concerning the constructive
denial of your request and requesting expedited processing of this appeal.  On behalf of the Deputy
Associate General Counsel for General Law, we acknowledge your appeal and are assigning it
number **2023-HQAP-00452** for tracking purposes.  Please reference this number in any future
communications about your appeal.

A high number of FOIA requests have been received by the Department.  Accordingly, we have
adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out
basis.[1]  While we will make every effort to process your appeal on a timely basis, there may be some
delay in resolving this matter.

The status of your appeal is now available online and can be accessed at:
**https://foiarequest.dhs.gov/app/CheckStatus.aspx**, by using the appeal number.  Status
information is updated daily.  Alternatively, you can download the DHS eFOIA Mobile App, the free
app is available for all Apple and Android devices. With the DHS eFOIA Mobile App, you can
submit FOIA requests or check the status of requests, access all of the content on the FOIA website,
and receive updates anyplace, anytime.

Should you have any questions concerning the processing of your appeal, please contact me at
Eric.Neuschaefer@hq.dhs.gov.

Sincerely,

Eric A. Neuschaefer
Senior Director, Litigation, Appeals, and Policy

---

[1] Appeals of expedited treatment denials will be handled on an expedited basis.