IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER HIGHTOWER, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| DPR CONSTRUCTION, INC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Alexander Hightower ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against DPR Construction, Inc. and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, et. seq. ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. Accordingly, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System at 289 S. Culver St, Lawrenceville, GA, 30046-4805.

## **FACTUAL ALLEGATIONS**

7.

On or about May 9, 2022, Plaintiff began working for Defendant as a Concrete Laborer.

8.

Before beginning his employment, Plaintiff completed a 120-hour Construction Ready Pre-Apprentice training program through Georgia Works, which gave Plaintiff certificates in multiple areas relating to the work he was going to be performing for Defendant.

9.

Plaintiff was the only black labor worker at the job site.

10.

On or about January 12, 2023, Plaintiff was transferred to the general cleaning team, where he was treated less favorably than Latino labor workers and passed over for advancement opportunities.

11.

For example, Gerley, a Latino foreman, recommended two less experienced Latino laborers who were hired after Plaintiff for rigging training, which provided credentials to communicate with crane operators.

12.

Attending such a training would have given Plaintiff more advancement opportunities at Defendant.

13.

Plaintiff complained and asked Gerley why he had not been signed up.

14.

Gerley told Plaintiff that he would be signed up for the next one. However, Plaintiff was never signed up for such training.

15.

David Garcia, a Latino worked who had no prior construction experience or certifications and who was hired four months after Plaintiff was promoted to a carpenter position over Plaintiff.

16.

At some point, all employees were supposed to receive a discount certificate to purchase Redwing work boots, but Plaintiff did not receive one.

17.

When Plaintiff asked Gerley why he had not received the certificate, Gerley told him he had not been there long enough to qualify for it.

18.

However, multiple Latino workers who were hired after Plaintiff received the certificates.

19.

Additionally, Plaintiff's coworker Emmanuel Perez told him that Latino workers had been saying things about Plaintiff in Spanish like "that black motherfu*%er thinks he can do anything."

20.

On or about March 9, 2023, Plaintiff sent a text message to Alexandria Van De Water, a Human Resources employee, in which he complained he was being discriminated against and passed over for promotions because of his ethnicity and skin color.

21.

Then, on or about March 22, 2022, Defendant terminated Plaintiff, citing lack of work.

22.

However, even on the job site Plaintiff had been working on, there was plenty of work that still needed to be done.

23.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity.

**CLAIMS FOR RELIEF**
**COUNT I: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

24.

Plaintiff realleges and incoproates paragrphs 7-23 as if set forth fully herein.

25.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

26.

Plaintiff performed his contractual obligations.

27.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

28.

Plaintiff is a member of a protected class; he is African American.

29.

Plaintiff's complaints about and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

30.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

31.

There was a causal connection between the protected conduct and the adverse action of termination.

32.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

34.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Special damages for lost wages;

(c)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

(h)    Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which he may be entitled.

This 20th day of July, 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com