## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ELSIE MARIA WOLFF F/K/A ELSIE
MARIA MAYARD,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
CITIBANK, N.A.,

     Defendants.

CASE NO.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and CITIBANK, N.A. ("Citibank") (hereinafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## <u>PRELIMINARY STATEMENT</u>

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.　　The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.　　Plaintiff is a natural person and resident of Ramsey County in the State of Minnesota. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.　　Venue is proper in this District as Defendant, Equifax's, principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.　　Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NW in Atlanta, Georgia 30309.

10.　　Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.　　Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

12.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia, through its registered agent, C T Corporation System located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Citibank is a national bank headquartered at 5800 S Corporate Place, Sioux Falls, South Dakota 57108 and is authorized to do business in the State of Georgia.

19.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to Citibank regarding a credit card with partial account number 518941001229*** ("Citibank Account").

22.     On or about February of 2022, Plaintiff received a letter stating her email was undeliverable and to go online to access her statements.

23.     Plaintiff immediately contacted Citibank to advise them that the account did not belong to her and that she was not a Citibank customer. Citibank did not conduct an investigation and merely continued to send statements to Plaintiff.

24.     On or about April of 2023, Plaintiff was denied a loan due to the Citibank Account on her Experian credit report. As a result, on April 28, 2023, Plaintiff obtained a copy of her Experian credit report and became aware of the Citibank Account being shown on her credit report with a status of Charge Off and balance of $1,118.

25.     Plaintiff called Experian to dispute the erroneous Citibank Account and placed a fraud alert on her file.

26.      On May 4, 2023, Plaintiff obtained a copy of her Trans Union credit report and became aware that Trans Union was also reporting the Citibank Account. Such reporting continued to negatively affect Plaintiff's credit and her ability to secure a loan.

27.     On May 4, 2023, Plaintiff attempted but was unable to obtain a copy of her Equifax credit report.

28.     As a result of the inaccurate reporting by Experian and Trans Union and assumption that Equifax was reporting the same, on May 11, 2023, Plaintiff mailed a detailed written dispute letter to each CRA. In the letter Plaintiff reiterated that she

did not have an account and did not owe any money to Citibank. Plaintiff included an image of her driver's license to confirm her identity. Further, the dispute letter included images of Plaintiff's credit report with the erroneous account information, letters received from Citibank and the Office of the Attorney General, and Federal Trade Commission Identity Theft report.

29.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (7022 1670 0001 8177 9635), Experian (9589 0710 5270 0225 7474 73), and Trans Union (7022 1670 0001 8177 9680).

30.    Upon information and belief, Equifax, Experian, and Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its erroneous data to that which it had already furnished. Citibank did not attempt to communicate with Plaintiff during its alleged investigation.

31.    On or about May 21, 2023, Equifax responded to Plaintiff's dispute letter denying Plaintiff's request for an identity theft block stating they needed additional information including proof of identity and copy of the Federal Trade Commission Identity Theft report.

32.     On or about May 26, 2023, Equifax responded to the dispute by stating the Citibank Account was previously removed but reinserted due to Citibank validating the account as hers.

33.     Equifax failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Citibank. Equifax never attempted to contact Plaintiff during the alleged investigation.

34.     On or about May 19, 2023, Experian responded to the dispute by stating the Citibank Account was verified and updated. On or about May 27, 2023, Experian sent updated results updating the Citibank Account again.

35.     Experian failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Citibank. Experian never attempted to contact Plaintiff during the alleged investigation.

36.     On or about May 17, 2023, Trans Union responded to Plaintiff's dispute letter denying Plaintiff's request for an identity theft block stating they had determined the request was either made in error, is a misrepresentation of material fact, and/or Plaintiff was in the possession of goods or money as a result of the transaction issue.

37.     On or about May 26, 2023, Trans Union responded to the dispute by stating the Citibank Account was deleted.

38.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

39.     Due to the reluctance of Experian and Equifax to remove the Citibank Account, Plaintiff mailed another dispute letter to them on June 8, 2023. Plaintiff again explained that she did not have an account and did not owe any money to Citibank. Plaintiff provided images of her driver's license to confirm identity. Plaintiff provided images of her prior dispute results, images of her credit report with the erroneous account, and Federal Trade Commission Identity Theft report in the dispute letter.

40.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0225 7600 90) and Experian (9589 0710 5270 0225 7601 99).

41.     Upon information and belief, Equifax and Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its erroneous data to that which it had already furnished. Citibank did not attempt to communicate with Plaintiff during its alleged investigation.

42.     On or about June 22, 2023, Equifax responded to the dispute by stating it needed additional information to address the request for a security freeze and that the Citibank Account investigation was ongoing.

43.     As of the filing of this Complaint, Plaintiff has yet to receive investigation results from Equifax.

44.     Equifax failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Citibank. Equifax never attempted to contact Plaintiff during the alleged investigation.

45.     On or about June 14, 2023, Experian responded to the dispute by stating the Citibank Account was verified and updated.

46.     Experian failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Citibank. Experian never attempted to contact Plaintiff during the alleged investigation.

47.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation.

48.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.     Monies lost by attempting to fix her credit;

      ii.    Loss of time attempting to cure the errors;

      iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors.

      iv.    Reduction in credit score; and

      v.    Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

49.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

50.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

51.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

53.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

54.    Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

56.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

57.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

59.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

60.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

61.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

63.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

66.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

67.    Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

68.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
**Violation of 15 U.S.C § 1681i as to
Defendant, Equifax Information Services LLC (Willful)**

69.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

70.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

71.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

72.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

73.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

75.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

76.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

77.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

78.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

79.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

80.     Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

82.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

83.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

84.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

85.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

86.    Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

87.    Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

89.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

90.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

93.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

96.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

98.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

99.     Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

101.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

102.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

103.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

23

104.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

105.   Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

107.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

108.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

109.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

110.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

111.   Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT XI**</u>
**Violations of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Citibank, N.A. (Negligent)**

113.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

114.   Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

115.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

116.   Plaintiff provided all the relevant information and documents necessary for Citibank to determine that it was furnishing inaccurate information. Citibank did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished.

117.   Instead, Citibank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

118.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

119.   Citibank's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

120.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Citibank, N.A. (Willful)

121.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above, as if fully stated herein.

122.   Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

123.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

124.   Plaintiff provided all the relevant information and documents necessary for Citibank to determine that it was furnishing inaccurate information. Citibank did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished.

125.   Instead, Citibank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

126.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

127.   Citibank's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

128.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE**,** Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ELSIE MARIA WOLFF F/K/A ELSIE MARIA MAYARD, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and CITIBANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of July 2023.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*