IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COURTNEY LANE,<br><br>    Plaintiff,<br><br>v.<br><br>MEDTRANS GO, INC.<br><br>    Defendant | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Courtney Lane ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendant MedTrans Go, Inc and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Dana Weeks, located at 75 5th Street NW, Suite 3416, Atlanta, GA, 30308.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation in violation of Title VII. The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTS

8.

Plaintiff was hired by MedTrans in February of 2020 as a Sales Manager.

9.

On or about September 5, 2022, Plaintiff went to the hospital because she was vomiting.

10.

Plaintiff informed Obi Ugwonali, owner of MedTrans that she was vomiting, was in the hospital and would be working remotely the next day to recover.

11.

Plaintiff also worked solely under Ugwonali at another employer, Peachtree Clinic, where Ugwonali was a Director.

12.

Obi Ugwonali called the Plaintiff later on September 5, 2022, and asked "you're not pregnant, are you?"

13.

Plaintiff told Obi Ugwonali that she did not believe she was pregnant.

14.

On or about September 19, 2022, Plaintiff informed Obi Ugwonali's wife, Dana Ugwonali, CEO of MedTrans and Brad Shwiezer, COO of MedTrans that she was planning on expanding her family and reported that Obi Ugwonali questioning her as to whether she was pregnant had made her uncomfortable.

15.

A week later, Shaneka Newton, Marketing Manager for Peachtree Clinic, and Alison Conable, Director of Peachtree Clinic, informed Plaintiff that Obi Ugwonali had made changes to her schedule and that she would be going from working weekday shifts to night and weekend shifts only and that her hours would be reduced from ten to fifteen per week to six to eight per week.

16.

Plaintiff announced she was pregnant on October 2, 2022, to Conable, Newton, and Obi and Dana Ugwonali.

17.

Then, on or about October 3, 2023, Defendant terminated Plaintiff through Dana Ugwonali and Shweizer.

18.

Plaintiff called Peachtree Clinic to find out what was happening with her employment there because she worked solely with Dr. Ugwonali. At first, Plaintiff was told that everything was fine.

19.

However, later that same day, Alondra Harris, Executive Director for Peachtree Clinic said that she had spoken to Obi Ugwonali and terminated Plaintiff.

20.

Defendant informed Plaintiff she was discharged because Plaintiff was not aligned with the strategic plan of the company.

21.

Peachtree Clinic told Plaintiff she was discharged because her position was no longer needed.

22.

Defendant terminated Plaintiff's employment because of her pregnancy. As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNTS
## COUNT ONE: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23.

Plaintiff re-alleges paragraphs 8-22 as if fully set forth herein.

24.

Plaintiff was pregnant.

25.

Plaintiff informed Defendant of such.

26.

Defendant terminated Plaintiff's employment because she was pregnant.

27.

In terminating Plaintiff's employment for those reasons, Defendant violated Title VII.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for Plaintiff's termination, that reason is pre-text.

29.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination under Title VII.

30.

Defendant has willfully and wantonly disregarded Plaintiff's rights and its discrimination against Plaintiff was undertaken in bad faith.

31.

The effect of the conduct complained of herein has been to deprive Plainitff of equal employment opportunity and has otherwise adversely affected her status as an employee because of their gender and pregnancy.

32.

As a direct and proximate result Defendant's violation of the Title VII, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

33.

Pursuant to Title VII, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, punitive and compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com