**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MARK B. SIZEMORE,

    Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and TD BANK,
N.A.,

    Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, MARK B. SIZEMORE, (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and TD BANK, N.A. ("TD Bank"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Plaintiff is a natural person and resident of Marion County in the State of Indiana. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in part in this District.

9.     Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NW in Atlanta, Georgia 30309.

10.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.    Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C §

1681(f). Upon information and belief, Experian is regularly engaged in the business

of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third

parties.

14.     Experian disburses such consumer reports to third parties under

contract for monetary compensation.

15.     Trans Union is a corporation incorporated under the State of Illinois,

authorized to do business in the State of Georgia, through its registered agent,

Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners,

Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C

§ 1681(f). Upon information and belief, Trans Union is regularly engaged in the

business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C §

1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under

contract for monetary compensation.

18.     TD Bank is a FDIC insured bank headquartered at 2035 Limestone Road, Wilmington, Delaware 19808 and is authorized to do business in the State of Georgia.

19.     TD Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     TD Bank furnished inaccurate information about Plaintiff to the CRAs.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to TD Bank.  Plaintiff did not owe a debt to TD Bank.

22.     On or about June 5, 2023, Plaintiff reviewed his credit reports and became aware of a TD Bank/Samsung Financing account ending in x8457 with a balance of $1687 ("TD Bank Account") being shown on his credit report that was opened in March 2023 online using an address at which Plaintiff never lived.

23.     On that same day, Plaintiff called each of the CRAs to dispute the erroneous TD Bank Account and request a fraud alert be placed on his credit file. Plaintiff explained that the did not open the account and did not owe any money to TD Bank.

24.     Further, on that same day, June 5, 2023, Plaintiff filed a police report with the Indianapolis Metropolitan Police Department regarding the fraudulent account.

25.     The following day on June 6, 2023, Plaintiff filed an identity theft report to the Federal Trade Commission (report no. 160533861), informing them that he believed he may be a victim of either a mixed file or identity theft due to the TD Bank Account being on his credit report.

26.     On June 21, 2023, Equifax responded to Plaintiff's telephonic dispute stating the TD Bank Account was verified as accurate.

27.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, TD Bank.

28.     Upon information and belief, Equifax notified TD Bank of Plaintiff's telephonic dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data.

29.     On June 21, 2023, Experian responded to Plaintiff's telephonic dispute stating the TD Bank Account was verified as accurate.

30.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, TD Bank.

31.     Upon information and belief, Experian notified TD Bank of Plaintiff's telephonic dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data.

32.     On June 22, 2023, Trans Union responded to Plaintiff's telephonic dispute stating the TD Bank Account was verified as accurate.

33.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, TD Bank.

34.     Upon information and belief, Trans Union notified TD Bank of Plaintiff's telephonic dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data.

35.     On July 3, 2023, Plaintiff received a letter from TD Bank advising the TD Bank Account had been determined as fraud and was closed.

36.     On July 6, 2023, Plaintiff obtained a copy of his Experian credit report and became aware that Experian continued to report the TD Bank Account. Such reporting continued to negatively affect Plaintiff's credit.

37.     Equifax, Experian, and Trans Union never attempted to contact Plaintiff about his disputes while allegedly investigating the disputes.

38.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation or otherwise make his credit file accurate.

39.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score; and

    v.    Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

40.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

41.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

44.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

45.     Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

48.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.    Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

51.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

52.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT III</u>**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

55.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

56.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

57.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

58.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

59.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Willful)

60.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

61.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

62.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

63.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

64.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally;

award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

66.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

67.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68.    Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

69.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

70.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

71.     Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

72.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

73.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

74.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

75.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

76.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

77.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

78.     Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

79.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

80.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

81.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

82.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

83.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

86.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

87.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

88.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

89.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

90.     Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

91.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

92.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

93.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

94.     Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

95.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

96.     Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

97.     Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

99.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

100.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

101.    Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

102.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

103.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff filed the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

104.   Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Negligent)

106.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

107.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

108.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

109.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.   Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Trans Union LLC (Willful)**

112.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

113.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

114.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Bank.

115.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

116.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

117.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, TD Bank, N.A. (Negligent)

118.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

119.   TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

120.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

121.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account did not belong to Plaintiff.

122.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

123.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

124.   As a result of the conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

125.   TD Bank's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual damages against Defendant, TD BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to

**Defendant, TD Bank, N.A. (Willful)**

127.  Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

128.  TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

129.  After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

130.  Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account did not belong to Plaintiff.

131.  TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

132.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

133.   As a result of the conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

134.   TD Bank's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARK B. SIZEMORE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TD BANK, N.A., jointly and severally; award Plaintiff his attorneys'

fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK B. SIZEMORE, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and TD BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of July 2023.

Respectfully Submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Georgia Bar #: 617963
Florida Bar #: 0338620
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933

Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com