# EXHIBIT K

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SCARLET MOORE individually and as administrator of estate over DONNA HOWARD, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES DONALD BURRIS, PENSKE TRUCK LEASING CO., L.P., OLD REPUBLIC INSURANCE CO., JOHN DOE & XYZ CORPORATION, <br><br> Defendants. | CIVIL ACTION FILE NO.: <br> 2023CV01832-14 |

## ANSWER OF DEFENDANTS

**COMES NOW,** James Donald Burris ("Burris"), Penske Truck Leasing Co., L.P. ("PTL"), and Old Republic Insurance ("Old Republic") (collectively "Defendants"), by and through their undersigned counsel of record, and hereby responds to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

## SECOND DEFENSE

Defendant PTL is an improper party to this action and should be dismissed.

## THIRD DEFENSE

Old Republic is an excess insurance carrier for this accident and, as such, has been improperly joined. It should be dismissed.

## FOURTH DEFENSE

The proximate cause of Plaintiff's alleged injuries and damages is unrelated, either in whole or in part, to the accident that forms the basis of the Complaint.

## FIFTH DEFENSE

Defendants contest the special damages and injuries which are being asserted and demands strict proof thereof as set forth in O.C.G.A. § 9-11-9(g).

## SIXTH DEFENSE

Defendants contest the damages and injuries which are being asserted in this action and demand strict proof thereof.

## SEVENTH DEFENSE

Plaintiff failed to mitigate her alleged injuries and damages.

## EIGHTH DEFENSE

Plaintiff's alleged injuries and damages may have been caused by preexisting medical conditions, subsequent medical conditions, and/or natural causes for which Defendants are not responsible.

## NINTH DEFENSE

Defendants state that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than Defendants, for whom Defendants are in no way liable. Therefore, Plaintiff is not entitled to recover from Defendants.

## TENTH DEFENSE

Defendants reserve the right to amend this Answer as discovery proceeds to include any other defenses, including but not limited to any affirmative defenses that may be applicable.

## ELEVENTH DEFENSE

Plaintiff's injuries and alleged damages were directly and proximately caused by the intervening, superseding acts, and conduct of others over whom Defendants have no control, thereby precluding any recovery by Plaintiff against them.

## TWELFTH DEFENSE

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff or others as the evidence may show, or barred if Plaintiff's fault is found to be 50% or more.

## THIRTEENTH DEFENSE

Defendants answer the allegations in the Plaintiff's Complaint as follows:

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint, however Defendants are exercising their right to remove this matter to Federal Court.

2. Answering Paragraph 2, Defendants admit that Defendant PTL is subject to the jurisdiction of this Court. Defendants deny that it is a joint tortfeasor and that is a proper party to this action. Defendants deny the remaining allegations in this Paragraph.

3. Answering Paragraph 3, Defendants admit that Defendant Old Republic is subject to the jurisdiction of this Court. Defendants deny that it is a joint tortfeasor and that is a proper party to this action. Defendants deny the remaining allegations in this Paragraph.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint; therefore, they are denied.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint; therefore, they are denied.

### *Background*

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants admit that the subject accident occurred on the stated Interstate in Clayton County.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that Paragraph; therefore, they are denied.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that the subject sideswipe accident occurred on the stated Interstate in Clayton County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that Paragraph; therefore, they are denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint; therefore, they are denied.

9. Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

### Count I
### Negligence of Defendant James Burris

12. Defendants repeat, re-allege, and incorporate by reference their answers and defenses to the preceding Paragraphs as if fully set forth herein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that James Burris owed all duties imposed by law. Defendants deny the remaining allegations contained within that Paragraph.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint, including all subparts.

### *Count II*
### *Imputed Liability*

16. Defendants repeat, re-allege, and incorporate by reference their answers and defenses to the preceding Paragraphs as if fully set forth herein.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

### *Count III*
### *Negligent Hiring, Training & Supervision By Defendants Penske Truck Leasing Co., L.P. and/or XYZ Corporation*

20. Defendants repeat, re-allege, and incorporate by reference their answers and defenses to the preceding Paragraphs as if fully set forth herein.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

### *Count IV*
### *Direct Action Against Defendant Old Republic Insurance Co.*

26. Defendants repeat, re-allege, and incorporate by reference their answers and defenses to the preceding Paragraphs as if fully set forth herein.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny that the Plaintiff is entitled to the relief prayed for at the end of her Complaint.

32. Any allegation in Plaintiff's Complaint not heretofore answered by Defendants is denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray that:

A. Plaintiff's Complaint against them be dismissed in its entirety;

B. All costs of this litigation be paid by Plaintiff; and

C. Any other relief that this court deems just and proper be granted.

This 20th day of July, 2023.

                              **NALL & MILLER, LLP**

                              By: **/s/ Michael D. Hostetter**
                                   **MICHAEL D. HOSTETTER**
                                   Georgia Bar No. 368420

                                                      -8-

                                                      **SARA D. E. KELLY**
                                                      Georgia Bar No. 357586

                                                      ***Attorneys for Defendants***

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404-522-2200
Facsimile:  404-522-2208
mhostetter@nallmiller.com
skelly@nallmiller.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANTS** has been electronically filed with the Clerk of Court using the court's electronic filing system regarding the above matter and statutory electronic service via email addressed to the Plaintiff as follows:

> Johnny G. Phillips
> Christopher N. Reilly
> LAW OFFICE OF JOHNNY PHILLIPS, PC
> 12 Jackson Street
> Newnan, Georgia 30263
> Telephone: 404-487-0184
> Fax: 404-439-1190
> Email: johnny@johnnyphillipslaw.com

This 20th day of July, 2023.

> **NALL & MILLER, LLP**
>
> By:   **/s/ Michael D. Hostetter**
>    **MICHAEL D. HOSTETTER**
>    Georgia Bar No. 368420
>    **SARA D. E. KELLY**
>    Georgia Bar No. 357586
>
> *Attorneys for Defendants*

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404-522-2200
Facsimile:  404-522-2208
mhostetter@nallmiller.com
skelly@nallmiller.com