E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-05273-3**

6/16/2023 1:05 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** <u>Gwinnett Superior Court</u> **County**

---

**For Clerk Use Only**

**Date Filed** _____     **Case Number** <u>23-A-05273-3</u>
   **MM-DD-YYYY**

---

**Plaintiff(s)**
Kennon, Elizabeth

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
State Farm Mutual Automobile Insurance Company

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Brendan C Flanagan</u>     **State Bar Number** <u>491824</u>   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
      **Case Number**               **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXHIBIT A

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05273-3

6/16/2023 1:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Elizabeth Kennon**

PLAINTIFF

CIVIL ACTION
NUMBER:___ 23-A-05273-3 ___

VS.

**State Farm Mutual**

**Automobile Insurance**

**Company**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Flanagan Law, P.C.**
**5855 Sandy Springs Circle, Suite 300**
**Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___16th day of June, 2023_____,  20_____.

Tiana P. Garner
Clerk of Superior Court

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05273-3

6/16/2023 1:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**ELIZABETH KENNON,**

   **Plaintiff,**

**vs.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

   **Defendant.**

Civil Action File No.: 23-A-05273-3

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DAMAGES & JURY DEMAND

---

**COMES NOW,** ELIZABETH KENNON ("Plaintiff"), by and through the undersigned counsel, and complain of the acts and omissions of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "State Farm") and files this Complaint for Damages & Jury Demand, as follows:

### I.  **JURISDICTION & VENUE**

**1.**

Plaintiff is an adult Georgia resident and voluntarily subjects herself to the Jurisdiction and Venue of this Honorable Court by filing this action.

**2.**

Defendant is, upon information and belief, subject to the Jurisdiction and Venue of this Honorable Court and may be served with a copy of the Summons and Complaint through its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**3.**

Jurisdiction and Venue in the SUPERIOR COURT OF GWINNETT COUNTY, Georgia is proper because Defendant maintains agencies and places of business in Gwinnett County. *See* O.C.G.A. § 33-4-1(2).

## II.   FACTS

### A. The Underlying Wreck

**4.**

On or around 5:10 p.m. on July 21, 2021, Plaintiff drove a 2016 Mitsubishi Outlander ("Plaintiff's vehicle") northbound on Ragland Street in Troup County, Georgia.

**5.**

At all times relevant hereto, non-party Lakeda Watson drove a 2007 Acura TL, VIN # 19UUA66247A027640, (Georgia License Plate Number MZLADIE southbound on Ragland Street near its intersection with Berryhill Cir in Troup County.

**6.**

At all times relevant hereto, non-party Watson was in control of her vehicle.

**7.**

At all times relevant hereto, Plaintiff's vehicle had the right of way.

**8.**

As Plaintiff was near the intersection, non-party Watson attempted to turn left onto Berryhill Circle in front of Plaintiff's line of travel, causing his vehicle to hit the front of Plaintiff's vehicle resulting in a collision ("the collision").

**9.**

As a result of the collision, Plaintiff suffered painful physical injuries and required subsequent medical treatment thereafter.

**10.**

As a result of the collision, non-party Watson was cited for failure to yield when turning left, a violation of O.C.G.A. § 40-6-71.

**B. Plaintiff's Claim with State Farm**

**11.**

On August 13, 2021, Plaintiff sent State Farm a letter pursuant to O.C.G.A. § 33-3-28 which was received by State Farm on August 17, 2021. *See* Tracking No. 9414 7118 9956 1452 8679 84.

**12.**

Shortly thereafter, in October 2021, Plaintiff's counsel, Hil Hughes, received a verbal confirmation from an unknown State Farm adjuster that the amount of uninsured/underinsured ("UM") insurance coverage available to Plaintiff for her claim was $200,000.00 under four separate policies.

**13.**

During that call, Mr. Hughes provided the unknown State Farm adjuster with Plaintiff's residential address and asked if Plaintiff would still be covered under all four policies.

**14.**

The unknown State Farm adjuster confirmed to Mr. Hughes that (1) State Farm had completed a coverage investigation and (2) that Plaintiff was covered under all four policies.

**15.**

State Farm provided 'Confirmation of Coverage' pages for four separate policies on January 3, 2022: (1) 420 2130-A18-11M, (2) 924 0083-F20-11, (3) R17 2805-521-11L, (4) 236 0861-C16-11G. Each policy provided $50,000/$100,000 added-on UM coverage for a total of $200,000 in available coverage.

**C. Plaintiff's Reliance on State Farm's Promise**

### 16.

On November 12, 2021, after receiving verbal confirmation that there was $200,000 in UM coverage available to her for her claim, Plaintiff had a right L4-5 laminectomy and disc excision performed at the cost of $18,000.00.

### 17.

On December 30, 2021, after receiving verbal confirmation that there was $200,000 in UM coverage available to her for her claim, Plaintiff has an anterior cervical discectomy and fusion at C4-5 performed at the cost of $63,260.38.

### 18.

In total, Plaintiff relied on State Farm's promise when incurring an additional $81,260.38 in medical specials and additional general damages in an amount to be determined by the lightened conscious of the jury.

### III.    LIABILITY

**A. Promissory Estoppel**

### 19.

Plaintiff incorporates all previous allegations contained in paragraphs 1-18 of this Complaint as if set forth verbatim herein.

### 20.

State Farm, through its claims adjuster, promised Plaintiff that there was $200,000.00 in UM coverage available to her for her claim arising out of the July 21, 2021 collision.

**21.**

State Farm, as a national insurance corporation, should have reasonably expected Plaintiff to rely on State Farm's promise of $200,000 in UM coverage.

**22.**

Plaintiff relied on State Farm's promises on November 12, 2021 and December 30, 2021 when she had two surgeries performed and incurred an additional $63,260.38 in special damages, as well as an additional, yet undetermined sum of general damages.

**23.**

As the result of State Farm's promise and Plaintiff's reliance thereof, Plaintiff's position has been changed and injustice can only be avoided through the enforcement of State Farm's promise.

## **B. Breach of Fiduciary Duty**

**24.**

Plaintiff incorporates all previous allegations contained in paragraphs 1-23 of this Complaint as if set forth verbatim herein.

**25.**

State Farm is in a fiduciary relationship with Plaintiff as her insurer.

**26.**

State Farm has an ethical duty to act in the best interest of its insureds, like Plaintiff.

**27.**

State Farm breached its fiduciary duty to Plaintiff when it falsely represented and promised Plaintiff that there was $200,000.00 in UM coverage available to her for her claim arising out of the July 21, 2021 collision.

## 28.

As a result of State Farm's breach of fiduciary duty, Plaintiff incurred an additional $63,260.38 in special damages, as well as an additional, yet undetermined sum of general damages.

## C. Constructive Fraud

## 29.

Plaintiff incorporates all previous allegations contained in paragraphs 1-28 of this Complaint as if set forth verbatim herein.

## 30.

State Farm represented to Plaintiff that there was $200,000.00 in UM coverage available to her for her claim arising out of the July 21, 2021 collision.

## 31.

Based on information and belief, State Farm's representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was false.

## 32.

Based on information and belief, State Farm knew or should have known that its representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was false.

## 33.

State Farm's representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was contrary legal or equitable duty, trust, confidence justly reposed, and/or good conscious.

### 34.

Plaintiff relied on State Farm's promises on November 12, 2021 and December 30, 2021 when she had two surgeries performed and incurred an additional $63,260.38 in special damages, as well as an additional, yet undetermined sum of general damages.

**D. Equitable Estoppel**

### 35.

Plaintiff incorporates all previous allegations contained in paragraphs 1-34 of this Complaint as if set forth verbatim herein.

### 36.

State Farm represented to Plaintiff that there was $200,000.00 in UM coverage available to her for her claim arising out of the July 21, 2021 collision.

### 37.

Based on information and belief, State Farm's representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was false.

### 38.

Based on information and belief, State Farm knew or should have known that its representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was false.

### 39.

Plaintiff was unaware that State Farm's representation that there was $200,000.00 in UM coverage available to Plaintiff for her claim arising out of the July 21, 2021 collision was false.

### 40.

Based on information and belief, State Farm misrepresented the amount of available UM coverage with the intention and purpose of inducing Plaintiff to rely on the misrepresentation.

### 41.

Plaintiff actually relied on Defendant's promise and incurred an additional $63,260.38 in special damages, as well as an additional, yet undetermined sum of general damages.

### IV.    ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11

### 42.

Plaintiff incorporates all previous allegations contained in paragraphs 1-41 of this Complaint as if set forth verbatim herein.

### 43.

Plaintiff specifically seeks an award of attorney's fees under O.C.G.A. § 13-6-11 as State Farm has acted stubbornly litigious, in bad faith, and/or has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to file this lawsuit.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court for the following:

a.    That Summons issue and service be perfected upon State Farm requiring it to appear in this Honorable Court within the time prescribed by Georgia law and

answer this Complaint;

**b.**     Judgment for Plaintiff against State Farm in the amount of $100,000.00;

**c.**     Trial by jury of twelve (12) jurors under O.C.G.A. § 15-12-122(a)(2);

**d.**     Plaintiff be entitled to recover attorney's fees in accordance with O.C.G.A. § 13-6-11; and

**e.**     Any other relief this Court deems fair and just.


THIS 16th DAY OF JULY, 2023.          FLANAGAN LAW, P.C.


                                      */s/ Brendan C. Flanagan*


**Flanagan Law, P.C.**
5855 Sandy Springs Circle, Suite 300   _____
Atlanta, GA 30328                      Brendan C. Flanagan, Esq.
(404) 480-4474                         Georgia Bar No. 491824
(404) 480-3971 (fax)                   Morgan Lyndall, Esq.
BF@bflanlaw.com                        Georgia Bar No. 905112
ML@bflanlaw.com                        *Attorneys for Plaintiff*

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-05273-3
6/21/2023 11:11 AM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELIZABETH KENNON,  )
  )
  Plaintiff,  )
  )
vs.  )  CIVIL ACTION FILE NO.
  )  23-A-05273-3
STATE FARM MUTUAL AUTOMOBILE  )
INSURANCE COMPANY,  )
  )
  Defendant.  )

### PLAINTIFF'S MOTION FOR APPOINTMENT OF A
### SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, and moves this Court for appointment of a special process server to serve the Defendant, State Farm Mutual Automobile Insurance Company, with a filed copy of the within action and Summons in this case and show in support thereof the following:

**1.**

In accordance with O.C.G.A. § 9-11-4 (c), process shall be served by the Sheriff of the County where the action is brought or where the Defendant is found, or by any citizen of the United States specially appointed by the Court for that purpose.

**2.**

Plaintiff requests and moves this Court to appoint John Fox as special process server who is ready, willing and able to serve expedite service of process upon the Defendant, State Farm Mutual Automobile Insurance Company, by serving their Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**3.**

The appointment of a special process server is to the benefit and best interest to expedite service of process will be effectuated upon the Defendant, State Farm Mutual Automobile Insurance Company.

**4.**

John Fox is a citizen of the United States, over twenty-one (21) years of age, and not a convicted felon. John Fox is not related to the Plaintiff and has no interest in the outcome of this action. John Fox and is neither an employee of plaintiff or plaintiff's counsel, and is ready, willing, and able to expedite service of process upon the Defendant, State Farm Mutual Automobile Insurance Company.

WHEREFORE, Plaintiff prays and moves this Court to grant this motion and appoint John Fox as special process server to serve the Defendant, State Farm Mutual Automobile Insurance Company.

**RESPECTFULLY SUBMITTED** this __21__ of _____June_____ 2023.

FLANAGAN LAW, P.C.

Brendan Flanagan, Esq
Georgia State Bar No: 491824
Morgan E. Lyndall
Georgia State Bar No: 905112
*Attorneys for Plaintiff*

**Flanagan Law, P.C.**
5855 Sandy Springs Circle, Suite 300
Atlanta, GA 30328
(404) 480-4474
(404) 480-3971 (fax)
BF@bflanlaw.com

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-05273-3**

**6/21/2023 11:11 AM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELIZABETH KENNON,                          )
                                           )
       Plaintiff,                       )
                                           )
vs.                                        )   CIVIL ACTION FILE NO.
                                           )   <u>23-A-05273-3</u>
STATE FARM MUTUAL AUTOMOBILE               )
INSURANCE COMPANY,                         )
                                           )
       Defendant.                       )

## AFFIDAVIT FOR PLAINTIFF'S MOTION FOR
## APPOINTMENT OF A SPECIAL PROCESS SERVER

Before the undersigned officer, duly authorized by law to administer oaths, personally

appeared John Fox, who after being duly sworn, deposes and says as follows:

**1.**

My name is John Fox. I am over the age of 21 and am competent to make this Affidavit,

which is based on my own personal knowledge.

**2.**

The appointment of a special process server is to the benefit and best interests of justice.

**3.**

I am a citizen of the United States and not a convicted felon. I am neither an

employee of Plaintiff or Plaintiff's counsel, and is ready, willing, and able to expedite service of

process upon the Defendant, State Farm Mutual Automobile Insurance Company.

**4.**

I am not related to the either party in this case and have no interest in the outcome of this action.

FURTHER AFFIANT SAYETH NOT.

John Fox,
Process Server

Sworn to and subscribed before me

this _19ᵗʰ_ day of _Jun_ 2023.

Notary Public

CESAR GUERRERO
NOTARY
EXPIRES
GEORGIA
September 15, 2025
PUBLIC
COBB COUNTY

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-05273-3
6/16/2023 1:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELIZABETH KENNON,

      **Plaintiff,**

**vs.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

      **Defendant.**

Civil Action File No.: 23-A-05273-3 _____

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

COMES NOW, PLAINTIFF ELIZABETH KENNON, in the above-styled case, and propounds the following Interrogatories to the DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY pursuant to the provisions of the O.C.G.A. § 9-11-33. You are hereby commanded and directed to respond to each of the following Interrogatories separately and fully, in writing, under oath, and to serve a copy of your responses upon Plaintiff's counsel at Flanagan Law, P.C., 5855 Sandy Springs Circle, Suite 300, Atlanta, GA 30328 within forty-five (45) days after service hereof.

All the following Interrogatories shall be deemed continuing in nature until the date of trial and you are required to serve supplemental answers as additional information may become available to you. You are further directed that any objection to any of these Interrogatories should be timely-filed as required by O.C.G.A. § 9-11-33 and the reasons for your objections shall be enumerated.

---
PLAINTIFF'S ELIZABETH KENNON FIRST CONTINUING INTERROGATORIES TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

[Pg. 1]

## <u>INSTRUCTIONS</u>

These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e) (The Georgia Civil Practice Act), so as to require STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to serve upon Plaintiff supplemental answers if STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY or his/her attorneys obtain further information between the time the answers are served and the time of trial. Answers to the discovery requests should be based upon facts, evidence, information, and written materials known or possessed by or available to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Unless otherwise specified, the time period covered by these discovery requests is from January 1, 2009, to the date of production, and this embraces documents (including drafts) that were dated, prepared, or circulated within that period, or that refers or relates to, or was in effect, during any part of that period. If any document requested is withheld by reason of a claim of privilege, furnish a list at the time that a response is made hereto that (a) identifies the nature of the privilege (including work-product) which is being claimed; and (b) provides the following information with respect to any such document withheld: author, recipient, sender, indicated and blind copies, date, and general subject matter.

If any document requested has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document. You are instructed to produce documents as they are kept in the usual course

of business or organize and label the documents to correspond with the categories in this request.  Documents should be produced either (a) in the file folders or binders in which they are ordinarily maintained or (b) segregated as they were in such folders and binders, with copies of all labels, tabs and dividers in their original positions.

All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.  Only one copy of each document is to be produced; however, any document which varies in any way so that it is not identical to one produced is to be considered a separate document and must be produced.  Your obligation to supplement your response to these discovery requests continues until the date of trial.  You are instructed not to respond to these discovery requests by referring to the responses of other discovery requests or by adoption.  Some discovery requests may be introduced into evidence and therefore should be complete, and in and of themselves, for this purpose.

### **DEFINITIONS**

The following definitions shall apply to this request.

1. "You" or "<u>your</u>," or "<u>Defendant</u>," unless otherwise indicated, refers to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY or any synonym thereof is intended to and shall embrace and include, all agents, servants, representatives, employees, private investigators, attorneys, and others who are in a position of confidence or may have obtained information for or on your behalf, and all business entities with which it is or has been affiliated, together with any

predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of yours.

2.   "<u>Plaintiff</u>" refers to ELIZABETH KENNON.

3.   "<u>Complaint</u>" refers to the Complaint filed by Plaintiff ELIZABETH KENNON in this case and any amendment thereto.

4.   "<u>Answer</u>" refers to the Answer filed by Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in this case and any amendment thereto.

5.   "<u>Accident</u>," "<u>crash</u>," "<u>incident</u>," or "<u>collision</u>," refers to the occurrence described in the Complaint which is the subject of this lawsuit.

6.   "<u>Person</u>" refers to any individual, public, or private corporation, proprietorship, partnership, association, government agency, political subdivision, group or other business, public, private, or semi-private organization.

7.   "<u>Representative</u>" shall mean any officer, director, agent, employee, servant or other person acting for or on behalf of the person referred to in the Interrogatory or definition or of the person's affiliate.

8.   "<u>Document</u>," whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all electronic mail (e-mail), memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts,

accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either the Defendant or their agents, attorneys, or employees.

9. "Communication" or "statement" means any transfer of information by oral statement, document, device or otherwise.

10. "Relating" to includes, but without limitation, mentioning, discussing, commenting on, referring to, pertaining to, alluding to, relevant to, or in any way touching upon, or connecting with.

11. To "identify a Person" shall mean to provide:

   a. His, her or its name and last known complete address, including zip code and last known complete phone number, including area code;

   b. If other than a natural person, the name of a contact person and that person's position with the identified entity; and

    c.  If a natural person, the current occupation and business address and telephone and the last known business address of his or her employer at the time referred to by you in your response.

12. To "<u>identify a statement</u>" shall mean to provide a copy of any written statement and, to the extent that the statement is verbal or the following information is not contained in the written statement, to provide:

    a.  The name of each person who participated in the communication, and the name of each person who was present at the time it was made;

    b.  By whom each person was employed;

    c.  The nature and substance of the communication;

    d.  The date upon which such communication occurred; and

    e.  Where the original statement was made.

13. "Subject claim" means claim number 11-23J0-36H arising out of the July 21, 2021 collision.

14. If a discovery request is phrased in the singular or plural and a plural or singular response respectively is required, make the appropriate change.

15. All definitions provided apply in pertinent part to each interrogatory propounded and are incorporated by reference as is fully set forth in each individual Interrogatory.

## <u>INTERROGATORIES</u>

### 1.

Please identify any person you expect to call to testify at the time of trial.

### 2.

Identify the persons involved in the investigation and handling of Plaintiff's claim for damages arising from the collision and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

**3.**

If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject claim. Identify the persons involved in each step.

**4.**

State the following concerning notice of claim and timing of payment:

a. The date and manner in which you received notice of the claim;

b. The date and manner in which you acknowledged receipt of the claim;

c. The date and manner in which you commenced investigation of the claim;

d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant;

e. The date and manner in which you determine that you would accept or reject the claim;

f. The date and manner in which you determine the total dollar amount available to Plaintiff to cover her claim under the Policy.

**5.**

When was the date you anticipated litigation?

**6.**

Identify each expert consulted with or expected to testify at trial and state the subject matter the expert was consulted with or is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i); Fed. R. Civ. P. 26(b)(4)(A)(i).

**7.**

Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**8.**

For each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

**9.**

State the substance of each conversation, statement, declaration or utterance the Plaintiff, you, or anyone riding with you, had with one another at the time of, or at any time following, the occurrence giving rise to this lawsuit. NOTE: This includes any and all communications with the responding law enforcement officer after the incident which is the subject of this lawsuit.

**10.**

Do you contend that any act or omission by Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

**11.**

Do you contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

**12.**

Please provide the date, the time, and parties involved in any phone call between State Farm or any State Farm agent, employee, and adjuster and Plaintiff or any employee of any law firm representing Plaintiff for this claim.

**13.**

Identify each and every policy that does or may provide coverage for this claim, whether those policies actually cover the claim, when and on what basis a coverage determination was made, and by whom the coverage determination was made, and when State Farm informed Plaintiff of its coverage determination.

**14.**

Identify all persons assisting you in answering these Interrogatories.

**15.**

Identify all persons who assisted in the adjustment and investigation of this claim.

THIS 16th DAY OF JUNE 2023.                    FLANAGAN LAW, P.C.

*/s/ Brendan C. Flanagan*

_____
Brendan C. Flanagan, Esq.

_____
PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**Flanagan Law, P.C.**
5855 Sandy Springs Circle, Suite 300
Atlanta, GA 30328
(404) 480-4474
(404) 480-3971 (fax)
BF@bflanlaw.com
ML@bflanlaw.com

Georgia Bar No. 491824
Morgan E. Lyndall, Esq.
Georgia Bar No. 905112
*Attorneys for Plaintiff*

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05273-3

6/16/2023 1:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELIZABETH KENNON,

      Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.

Civil Action File No.: 23-A-05273-3 _____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**COMES NOW**, PLAINTIFF ELIZABETH KENNON, in the above-styled case, by and through the undersigned counsel, and requests, pursuant to O.C.G.A. § 9-11-34, that DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY produce the following documents and things at Flanagan Law, P.C., 5855 Sandy Springs Circle, Suite 300, Atlanta, GA 30328 within forty-five (45) days of service of this request upon you.

Pursuant to O.C.G.A. § 24-10-26, PLAINTIFF ELIZABETH KENNON, hereby notifies DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to produce at any hearing upon Rule Nisi, any deposition, any trial and/or hearing in the above-styled action, until the conclusion of the above-styled case, the

documents and records as set forth herein, that are in your possession, custody or control, such documents and records to be used as evidence by PLAINTIFF ELIZABETH KENNON.

If, because of the voluminous nature of the production requested, you prefer to make production at some other place, please contact Plaintiff's counsel and Plaintiff's counsel will arrange for copying at some other location.

## **INSTRUCTIONS**

In accordance with the provisions of the Georgia Civil Practice Act, each of these requests should be answered separately and fully in writing and answers to these discovery requests should be signed under oath by an authorized representative of DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. Answers to the discovery requests should be based upon facts, evidence, information, and written materials known or possessed by or available to DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Unless otherwise specified, the time period covered by these discovery requests is from January 1, 2010, to the date of production, and this embraces documents (including drafts) that were dated, prepared, or circulated within that period, or that refers or relates to, or was in effect during any part of that period.  If any document requested is withheld by reason of a claim of privilege, furnish a list at the time that a response is made hereto that (a) identifies the nature of the privilege (including work-product) which is being claimed; and (b) provides the following information with respect to any such document

withheld: author, recipient, sender, indicated and blind copies, date, and general subject matter.

In the event that any document requested has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document. You are instructed to produce documents as they are kept in the usual course of business or organize and label the documents to correspond with the categories in this request.  Documents should be produced either (a) in the file folders or binders in which they are ordinarily maintained or (b) segregated as they were in such folders and binders, with copies of all labels, tabs and dividers in their original positions.

All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.  Only one copy of each document is to be produced; however, any document which varies in any way so that it is not identical to one produced is to be considered a separate document and must be produced.

Your obligation to supplement your response to these discovery requests continues until the date of trial.  You are instructed not to respond to these discovery requests by referring to the responses of other discovery requests or by adoption.  Some discovery requests may be introduced into evidence and therefore should be complete, and in and of themselves, for this purpose.

## **DEFINITIONS**

The following definitions shall apply to this request.

1. "<u>You</u>" or "<u>your</u>," or "<u>Defendant</u>,"  unless otherwise indicated, refers to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, or any synonym thereof is intended to and shall embrace and include, all agents, servants, representatives, employees, private investigators, attorneys, and others who are in a position of confidence or may have obtained information for or on your behalf, and all business entities with which it is or has been affiliated, together with any predecessor,  successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of yours.

2. "<u>Plaintiff</u>" refers to ELIZABETH KENNON.

3. "<u>Complaint</u>" refers to the Complaint filed by Plaintiff ELIZABETH KENNON in this case and any amendment thereto.

4. "<u>Answer</u>" refers to the Answer filed by Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in this case and any amendment thereto.

5. "<u>Accident</u>," "<u>crash</u>," "<u>incident</u>," or "<u>collision</u>," refers to the occurrence described in the Complaint which is the subject of this lawsuit.

6. "<u>Person</u>" refers to any individual, public, or private corporation, proprietorship, partnership, association, government agency, political subdivision, group or other business, public, private, or semi-private organization.

7. "<u>Representative</u>" shall mean any officer, director, agent, employee, servant or other person acting for or on behalf of the person referred to in the Interrogatory or definition or of the person's affiliate.

_____
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

|Pg. 4|

8.  "<u>Document</u>," whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all electronic mail (e-mail), memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either the Defendant or their agents, attorneys, or employees.

9.  "<u>Communication</u>" or "<u>statement</u>" means any transfer of information by oral statement, document, device or otherwise.

10. "<u>Relating</u>" to includes, but without limitation, mentioning, discussing, commenting on, referring to, pertaining to, alluding to, relevant to, or in any way touching upon, or connecting with.

11. To "<u>identify a Person</u>" shall mean to provide:

    a.  His, her or its name and last known complete address, including zip code and last known complete phone number, including area code;

    b.  If other than a natural person, the name of a contact person and that person's position with the identified entity; and

    c.  If a natural person, the current occupation and business address and telephone and the last known business address of his or her employer at the time referred to by you in your response.

12. To "<u>identify a statement</u>" shall mean to provide a copy of any written statement and, to the extent that the statement is verbal or the following information is not contained in the written statement, to provide:

    a.  The name of each person who participated in the communication, and the name of each person who was present at the time it was made;

    b.  By whom each person was employed;

    c.  The nature and substance of the communication;

    d.  The date upon which such communication occurred; and

    e.  Where the original statement was made.

13. If a discovery request is phrased in the singular or plural and a plural or singular response respectively is required, make the appropriate change.

_____
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

|Pg. 6|

14. All definitions provided apply in pertinent part to each interrogatory propounded and are incorporated by reference as is fully set forth in each individual Interrogatory.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**1.**

The entire claim file from the home, regional, local offices, and third-party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, all files and notes, and drafts of documents contained in the file.

**2.**

A certified copy of all four insurance policies identified in Plaintiff's Complaint.

**3.**

The electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claims.

**4.**

Produce all documents identified by you in response to any response to Plaintiff's Interrogatories herein.

**5.**

Produce a copy of each and every telephone call between Defendant or Defendant's agents, adjuster, or employees and Plaintiff and/or any employee of any

law firm representing Plaintiff in relation to the claim. Please provide the dates and times of those calls if not easily discernable from the recording.

**6.**

The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**7.**

Produce a copy of the registration and title to the Vehicle.

**8.**

Produce any and all documents generated by State Farm, sent to State Farm, or seen by anyone at State Farm relating to the wreck.

**9.**

Produce all documents relating to any aspect whatsoever of the collision obtained from any source, in your possession, or your attorneys' possession.

**10.**

Produce all documents generated by, seen by, and/or considered by your expert(s).

THIS 16th DAY OF JUNE 2023.                   FLANAGAN LAW, P.C.


                                              */s/ Brendan C. Flanagan*

**Flanagan Law, P.C.**                        _____
5855 Sandy Springs Circle, Suite 300          Brendan C. Flanagan, Esq.
Atlanta, GA 30328                             Georgia Bar No. 491824
(404) 480-4474                                Morgan E. Lyndall, Esq.
(404) 480-3971 (fax)                          Georgia Bar No. 905112
BF@bflanlaw.com                               *Attorneys for Plaintiff*
ML@bflanlaw.com

_____
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-05273-3**
**6/21/2023 4:36 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELIZABETH KENNON,                          )
                                           )
    Plaintiff,                             )
                                           )
vs.                                        )   CIVIL ACTION FILE NO.
                                           )   23-A-05273-3
STATE FARM MUTUAL AUTOMOBILE               )
INSURANCE COMPANY,                         )
                                           )
    Defendant.                             )

### ORDER GRANTING MOTION FOR
### APPOINTMENT OF A SPECIAL PROCESS SERVER

    Upon consideration of Plaintiff's Motion for Appointment of a Process Server, and in consideration of applicable law;

    IT IS HEREBY ORDERED AND ADJUDGED THAT John Fox is hereby specially appointed for service of the within action and Summons upon the Defendant, State Farm Mutual Automobile Insurance Company.

So Ordered this 21st day of _____ June _____ 2023.

_____
DEBORAH R. FLUKER, JUDGE
SUPERIOR COURT GWINNETT COUNTY

E-FILED IN OFFICE - NL
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-05273-3
6/27/2023 10:07 AM
TIANA P. GARNER, CLERK

**CIVIL ACTION NO**  23-A-05273-3

**ATTORNEY ADDRESS**:

Flanagan Law, P.C.,
5855 Sandy Springs Circle,
Suite 300
Atlanta, GA 30328
(404) 480-4474
(404) 480-3971 (fax)
BF@bflanlaw.com

Superior  COURT

Gwinnett  COUNTY

Elizabeth Kennon, _____

_____

*Plaintiff,*

vs.

**NAME OF PARTY TO BE SERVED**:

State Farm Mutual Automobile Insurance Company,
c/o Registered Agent, Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

State Farm Mutual Automobile
Insurance Company, _____
*Defendant.*

## AFFIDAVIT OF SERVICE

X    I have perfected service of process upon the Defendant, State Farm Mutual Automobile Insurance Company, by serving their Registered Agent, Corporation Service Company, located at: *2 Sun Court, Suite 400, Peachtree Corners, GA 30092.*

Service of process was accepted by Alisha Smith, agent authorized to accept service of process on behalf of the Registered Agent, Corporation Service Company.

Service of process was perfected by serving the Defendant, State Farm Mutual Automobile Insurance Company, with a filed copy of the following documents:

-   *Summons,*
-   *Complaint,*
-   *General Civil Case Filing Information Form,*
-   *Plaintiff's First Continuing Interrogatories to Defendant, State Farm Mutual Automobile Insurance Company,*
-   *Plaintiff's First Request for Production of Documents to the Defendant, State Farm Mutual Automobile Insurance Company.*

Date of Service:  06-23-2023
Time of Service:  10:25am

Served by: _____
John Fox,
Process Server

Subscribed and sworn to me on this

23rd day of _____June_____ 2023.

_____
NOTARY PUBLIC



E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05273-3

7/20/2023 5:14 PM

TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ELIZABETH KENNON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | **Civil Action No.: 23-A-05273-3** |
| | * | |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

## SPECIAL APPEARANCE, ANSWER AND DEFENSES OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"), defendant in the above-styled action, and hereby presents the following answer and defenses to plaintiff's complaint. State Farm is responding to plaintiff's complaint by special appearance, without admitting that venue, personal jurisdiction, or subject matter jurisdiction is proper in this Court. Furthermore, State Farm makes this response to plaintiff's complaint subject to and without waiving its right to file a notice of removal to the Untied State District Court for the Northern District of Georgia, Atlanta Division, in conformity with <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244 (11th Cir. 2004). State Farm is filing this special appearance, answer and defenses merely to preserve its defenses and to preserve the status quo.

-1-

### FIRST DEFENSE

The complaint fails to state a claim against State Farm upon which relief can be granted.

### SECOND DEFENSE

O.C.G.A. § 13-5-30 bars this action.

### THIRD DEFENSE

O.C.G.A. § 9-11-9(b) bars this action.

### FOURTH DEFENSE

State Farm has a bona fide defense to the claims asserted against it by the plaintiff. Therefore, plaintiff may not recover attorney's fees and litigation expenses against it, pursuant to O.C.G.A. § 13-6-11.

### FIFTH DEFENSE

### (Responsive Answer)

Subject to and without waiving the foregoing affirmative defenses, State Farm responsively answers the enumerated paragraphs of plaintiff's complaint and the various allegations therein contained as follows:

1.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's complaint.

2.

State Farm denies that jurisdiction and venue are proper in this Court but admits the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

State Farm denies the allegations contained in paragraph 3 of plaintiff's complaint.

4.

Based upon information and belief, State Farm admits the allegations contained in paragraph 4 of plaintiff's complaint.

5.

Based upon information and belief, State Farm admits the allegations contained in paragraph 5 of plaintiff's complaint.

6.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Based upon information and belief, State Farm admits the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Based upon information and belief, State Farm admits that a vehicle operated by plaintiff and a vehicle operated by Lakeda

-3-

Watson made contact with each other on July 21, 2021 at the intersection of Ragland Street and Berryhill Circle in Troup county, Georgia.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the remaining allegations contained in paragraph 8 of plaintiff's complaint.

9.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Based upon information and belief, State Farm admits the allegations contained in paragraph 10 of plaintiff's complaint.

11.

State Farm admits the allegations contained in paragraph 11 of plaintiff's complaint, except that State Farm believes it received plaintiff's letter dated August 13, 2021 on August 16, 2021.

12.

State Farm denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

For want of sufficient information and knowledge upon which

-4-

to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.

State Farm denies the allegations contained in paragraph 14 of plaintiff's complaint.

15.

State Farm denies the allegations contained in paragraph 15 of plaintiff's complaint.  In further response to paragraph 15 of plaintiff's complaint, State Farm shows that on August 23, 2021, State Farm provided a confirmation of coverage for the following policies to Morrison and Hughes: Policy Number 236 0861-C16-11G, Policy Number 420 2130-A18-11M, Policy Number R17 2805-E21-11L, Policy Number 924 0083-F20-11, and Policy Number C64 4034-D22-11.

16.

State Farm denies the allegations contained in paragraph 16 of plaintiff's complaint.

17.

State Farm denies the allegations contained in paragraph 17 of plaintiff's complaint.

18.

State Farm denies the allegations contained in paragraph 18 of plaintiff's complaint.

19.

In response to paragraph 19 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer, and response with reference to paragraph numbers 1 through 18 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

20.

State Farm denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.

State Farm denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.

State Farm denies the allegations contained in paragraph 22 of plaintiff's complaint.

23.

State Farm denies the allegations contained in paragraph 23 of plaintiff's complaint.

24.

In response to paragraph 24 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer, and response with reference to paragraph numbers 1 through 23 of plaintiff's complaint with the same effect as if repeated here,

denying each allegation herein unless expressly admitted or specifically answered otherwise.

25.

State Farm denies the allegations contained in paragraph 25 of plaintiff's complaint.

26.

State Farm denies the allegations contained in paragraph 26 of plaintiff's complaint.  In further response to paragraph 26 of plaintiff's complaint, State Farm shows that it had a contractual duty to adhere to the terms of any policy of insurance under which plaintiff qualified as an insured.

27.

State Farm denies the allegations contained in paragraph 27 of plaintiff's complaint.

28.

State Farm denies the allegations contained in paragraph 28 of plaintiff's complaint.

29.

In response to paragraph 29 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer, and response with reference to paragraph numbers 1 through 28 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

-7-

30.

State Farm denies the allegations contained in paragraph 30 of plaintiff's complaint.

31.

State Farm denies the allegations contained in paragraph 31 of plaintiff's complaint.

32.

State Farm denies the allegations contained in paragraph 32 of plaintiff's complaint.

33.

State Farm denies the allegations contained in paragraph 33 of plaintiff's complaint.

34.

State Farm denies the allegations contained in paragraph 34 of plaintiff's complaint.

35.

In response to paragraph 35 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer, and response with reference to paragraph numbers 1 through 34 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

36.

State Farm denies the allegations contained in paragraph 36

of plaintiff's complaint.

37.

State Farm denies the allegations contained in paragraph 37 of plaintiff's complaint.

38.

State Farm denies the allegations contained in paragraph 38 of plaintiff's complaint.

39.

State Farm denies the allegations contained in paragraph 39 of plaintiff's complaint.

40.

State Farm denies the allegations contained in paragraph 40 of plaintiff's complaint.

41.

State Farm denies the allegations contained in paragraph 41 of plaintiff's complaint.

42.

In response to paragraph 42 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer, and response with reference to paragraph numbers 1 through 41 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

43.

State Farm denies the allegations contained in paragraph 43 of plaintiff's complaint.

44.

In response to the "WHEREFORE" which follows paragraph 43 of plaintiff's complaint, State Farm denies plaintiff's prayers for relief.

WHEREFORE, having fully answered, State Farm prays that the demands of the plaintiff be denied and that the action be dismissed on the merits.

This <u>20th</u> day of July, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

|  | By: | <u>/s/ J. Holder Smith, Jr.</u> |
|---|---|---|

P.O. Box 3007                          J. Holder Smith, Jr.
Valdosta, GA 31604                     State Bar No.: 661105
229-242-2520                           Attorney for Defendant
229-242-5040 fax                       State Farm Mutual Automobile
jaysmith@youngthagard.com              Insurance Company

-10-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **SPECIAL APPEARANCE, ANSWER AND DEFENSES OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** upon the following by statutory electronic service using the Odyssey eFile system, pursuant to O.C.G.A. § 9-11-5(f) which will send notification of such filing to the following:

> Mr. Brendan C. Flanagan
> Ms. Morgan Lyndall
> Flanagan Law, P.C.
> 5855 Sandy Springs Circle
> Suite 300
> Atlanta, GA 30328
> Email: BF@bflanlaw.com
> Email: ML@bflanlaw.com

This 20th day of July, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

By: /s/ J. Holder Smith, Jr.

P.O. Box 3007                      J. Holder Smith, Jr.
Valdosta, GA 31604                 State Bar No.: 661105
229-242-2520                       Attorney for Defendant
229-242-5040 fax                   State Farm Mutual Automobile
jaysmith@youngthagard.com          Insurance Company