**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARISLEY ROJAS GONZALEZ, | |
| Plaintiff, | CASE NO. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC and WESTLAKE SERVICES, LLC F/K/A WESTLAKE SERVICES, INC. D/B/A WESTLAKE FINANCIAL SERVICES, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff MARISLEY ROJAS GONZALEZ (hereinafter "Plaintiff"), by and through her undersigned Counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax") and WESTLAKE SERVICES, LLC F/K/A WESTLAKE SERVICES, INC. D/B/A WESTLAKE FINANCIAL SERVICES ("Westlake") (hereinafter collectively "Defendants"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.      Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Plaintiff is a natural person and resident of Lee County in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Venue is proper in this District as Equifax's principal address is in this District, each of the Defendants transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.      Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Westlake is a corporation incorporated under the State of California, authorized to conduct business in the State of Georgia through its registered agent, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

13.     Westlake is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14.     Westlake furnished information about Plaintiff to Equifax which was inaccurate.

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person who is alleged to owe a debt to Westlake, partial account number ending in x44 ("Westlake Account").

16.     In or about February 2020, Plaintiff was attempting to obtain a loan and was denied by multiple lenders due to the Westlake Account, which did not belong to her, appearing on her credit report.

17.     Plaintiff attempted to contact Westlake for additional information about the erroneous account. However, since the Westlake Account did not belong to her,

she could not verify sufficient points of data to authorize the representative to discuss

the Westlake Account with Plaintiff.

18.     On or about May 10, 2021, Plaintiff filed a police report with Harris

County, Texas which was her residence at that time regarding the fraudulent account.

19.     On or about January 24, 2023, Plaintiff obtained a copy of her Equifax

credit report and became aware the Equifax continued to report the Westlake

Account.

20.     Such reporting continued to negatively affect Plaintiff's credit score as

the fraudulent account was being reported with a status of "not more than three

payments past due" and with a balance of $18,845.

21.     Due to Equifax continuing to list the erroneous information on

Plaintiff's credit report, on February 17, 2023, Plaintiff mailed a detailed written

dispute letter to Equifax. In the dispute letter Plaintiff explained that the Westlake

Account was not hers and should not be listed on her credit file. Plaintiff included a

copy of her driver's license to confirm her identity and address.  Additionally in the

letter, Plaintiff provided images of the filed Harris County police report and images

from her credit report of the erroneous account.

22.     Plaintiff mailed her detailed dispute letter to Equifax via USPS

Certified Mail 9505 5265 0466 3048 9985 49.

23.     On February 27, 2023, Equifax responded to Plaintiff's written dispute letter by stating the documents provided were illegible and requested two forms of identification.

24.     Upon information and belief, Westlake failed to conduct any reasonable investigation into Plaintiff's dispute.

25.     Upon information and belief, Equifax notified Westlake of Plaintiff's written dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data with that provided by Equifax.

26.     On March 13, 2023, Plaintiff filed an identity theft report to the Federal Trade Commission (report no. 157519924), informing them that she believed she was a victim of either a mixed file or identity theft due to the Westlake Account appearing in her credit file.

27.     Also, on March 13, 2023, Plaintiff obtained another copy of her Equifax credit report and became aware the Equifax continued to report the Westlake Account.

28.     Due to the continued inaccurate reporting, on March 23, 2023, Plaintiff mailed a second detailed written dispute letter to Equifax. In the dispute letter Plaintiff explained again that the Westlake Account was not hers and should not be listed on her credit file. Plaintiff included a copy of her driver's license to confirm

her identity and address. Additionally in the letter, Plaintiff provided images of the filed Harris County police report, images from her credit report of the erroneous account, and a copy of her Federal Trade Commission Identity Theft report.

29.     Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail 7022 3330 0002 0195 8438.

30.     On March 30, 2023, Equifax responded to Plaintiff's written dispute letter again by stating the documents provided were illegible and requested two forms of identification.

31.     Upon information and belief, Westlake failed to conduct any reasonable investigation into Plaintiff's dispute.

32.     Upon information and belief, Equifax notified Westlake of Plaintiff's written dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data with that provided by Equifax.

33.     Equifax and Westlake have never attempted to contact Plaintiff about her disputes.

34.     Plaintiff continues to suffer as of the filing of this Complaint with Equifax's and Westlake's reluctance to conduct a reasonable investigation into her disputes or otherwise make her credit file accurate.

35.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.      Monies lost by attempting to fix her credit;

ii.     Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.     Reduction in credit score;

v.      Apprehensiveness to apply for credit due to the fear of rejection; and

vi.     Defamation as Equifax published inaccurate information to third party entities.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

36.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

37.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

39.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Harris County Police Report and the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

40.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

41.     Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

42.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

43.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

44.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

46.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Harris County Police Report and the

Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

47.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

48.    Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

49.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 16811i as to

## Defendant, Equifax Information Services LLC (Negligent)

50.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

51.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

52.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

53.    Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

54.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

55.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Willful)

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

58.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

59.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

60.    Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

61.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

62.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

63.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Westlake Services, LLC F/K/A Westlake Services, Inc. D/B/A**
**Westlake Financial Services (Negligent)**

64.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

65.     Westlake furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

66.     After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully

correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

67.    Plaintiff provided all the relevant information and documents necessary for Westlake to have identified that the account did not belong to Plaintiff.

68.    Westlake did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Westlake by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

69.    Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

70.    As a result of the conduct, action, and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the

anguish, humiliation, and embarrassment of a diminished credit score, apprehension

in applying for credit, and damages otherwise outlined in this Complaint.

71.    Westlake's conduct, action, and/or inaction was negligent, rendering it

liable for actual damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681o.

72.    Plaintiff is entitled to recover reasonable attorney's fees and costs from

Westlake in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully

requests that this Court award actual damages against Defendant, WESTLAKE

SERVICES, LLC F/K/A WESTLAKE SERVICES, INC. D/B/A WESTLAKE

FINANCIAL SERVICES, jointly and severally; award Plaintiff her attorneys' fees

and costs; award pre-judgment and post-judgment interest at the legal rate; and grant

all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Westlake Services, LLC f/k/a Westlake Services, Inc. d/b/a
### Westlake Financial Services (Willful)

73.    Plaintiff re-alleges and reincorporates paragraphs one (1) through

thirty-five (35) above as if fully stated herein.

74.    Westlake furnished inaccurate account information to the CRAs and

through the CRAs to all of Plaintiff's potential lenders.

75.     After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. §
1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of
the account; (2) failing to review all relevant information regarding same; (3) failing
to accurately respond to the CRAs; and (4) failing to permanently and lawfully
correct its own internal records to prevent the re-reporting of the representations to
the consumer reporting agency.

76.     Plaintiff provided all the relevant information and documents necessary
for Westlake to have identified that the account did not belong to Plaintiff.

77.     Westlake did not have any reasonable basis to believe that Plaintiff was
responsible for the account reported in its representations. It also had sufficient
evidence by which to have verified that Plaintiff was not the responsible party,
including information provided to Westlake by Plaintiff in connection with her
disputes of the account in question. Instead, it knowingly chose to follow procedures
which did not review, confirm, or verify the account belonged to Plaintiff. Further,
even if it would attempt to plead ignorance, it had the evidence and information with
which to confirm and recognize that Plaintiff was a victim of identity theft.

78.     Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish
inaccurate information to the CRAs after it had been notified that the information it
was furnishing was inaccurate.

79.     As a result of the conduct, action, and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

80.     Westlake's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Westlake in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WESTLAKE SERVICES, LLC F/K/A WESTLAKE SERVICES, INC. D/B/A WESTLAKE FINANCIAL SERVICES, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and WESTLAKE SERVICES, LLC F/K/A WESTLAKE SERVICES, INC. D/B/A WESTLAKE FINANCIAL SERVICES, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of July 2023.

Respectfully Submitted,

**/s/ *Octavio Gomez (Lead Counsel)***
Octavio "Tav" Gomez, Esq.
Georgia Bar #: 617963
Florida Bar #: 0338620
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
Attorney for Plaintiff