# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CAROLYN COLEMAN,**  **Plaintiff,**  v.  **WELLS FARGO BANK, NATIONAL ASSOCIATION,**  **Defendant.** | **Civil Action File No. _____** |

## NOTICE OF REMOVAL

COMES NOW Defendant Wells Fargo Bank, National Association ("Wells Fargo"), appearing without waiving any defenses available under state and/or federal law, including Wells Fargo's right to demand arbitration pursuant to the parties' contractual agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby removes this action from the State Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, showing the Court as follows:

## I. INTRODUCTION

This case is properly removable because federal question jurisdiction and diversity of citizenship jurisdiction exists. Plaintiff Carolyn Coleman ("Plaintiff") asserts claims against Wells Fargo for alleged violations of the Fair Credit Billing Act, 15 U.S.C. § 1602 *et seq.*, ("FCBA") and the Electronic Funds Transfer Act, 15

51186267 v4

U.S.C. § 1693 *et seq.*, ("EFTA"). This Court has original jurisdiction over Plaintiff's claims for alleged violations of the FCBA and EFTA because the claims arise under federal law. Additionally, this Court can exercise supplemental jurisdiction over Plaintiff's state law claims in this action because these claims are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Further, this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See generally* Complaint). Thus, this Court can properly exercise jurisdiction over this action in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on June 14, 2023 by filing her Complaint for Damages in the State Court of Gwinnett County, Civil Action File Number 23-C-04197-S1. Wells Fargo was served with the Complaint through its registered agent on June 23, 2023. In her Complaint, Plaintiff alleges her Wells Fargo online account was hacked by an individual pretending to be an employee for Geek Squad. (Complaint ¶ 15). Plaintiff further alleges that after hacking into her online account, the individual made a series of unauthorized transactions. (*Id.* at ¶ 16). First, Plaintiff alleges that the individual made two cash advances, one for $2,000 and one for $15,000, from her Wells Fargo credit account (the "Card Account") to her Wells

Fargo checking account (the "Bank Account"). (*Id.* at ¶ 17). Then the individual allegedly made a transfer from the Bank Account via Zelle in the amount of $1,000 and a $15,000 wire transfer to a Bank of America account. (*Id.* at ¶ 18). Plaintiff alleges that with the help of a Wells Fargo employee she filed at least two fraud claims with Wells Fargo for the two transfer transactions. (*Id.* at ¶ 21).

Plaintiff alleges that she was later informed by Wells Fargo that her claims had been denied because someone who had authority from Plaintiff had initiated the disputed transactions. (*Id.* at ¶¶ 26, 29). Plaintiff then alleges that a Wells Fargo employee thereafter contacted Plaintiff and told her that Wells Fargo had attempted to recall the $15,000 wire transfer but was only able to recover $5,000. (*Id.* at ¶ 33). However, Plaintiff alleges that in order to receive the $5,000, she was told she had to sign a certain release and indemnity agreement releasing claims Plaintiff may have arising out of the disputed transactions against Wells Fargo. (*Id.* at ¶ 35). Plaintiff did not sign the release. (*Id.* at ¶ 38).

Next, Plaintiff alleges that she sent a dispute letter regarding the cash advances from her Credit Account, but that her claims were denied. (*Id.* at ¶¶ 39-40). In response, Plaintiff alleges that she requested to see the documentation Wells Fargo had relied upon during its investigation, but that she never received a response to this request. (*Id.* at ¶¶ 42-43).

Plaintiff next alleges that she decided to open a bank account with a new bank and allegedly wrote a check for $17,500 from her Bank Account to fund the new account. (*Id.* at ¶ 44). However, Plaintiff alleges that the same day she deposited the check into her new account at the new bank, Wells Fargo reversed the cash advances, leaving insufficient funds to pay the check she had written that day. (*Id.* at ¶¶ 45-47).

In the Complaint, Plaintiff alleges claims for violations of the FCBA, the EFTA, Article 4A of Georgia's Uniform Commercial Code ("UCC"), Georgia's Fair Business Practice Act ("FBPA"), Georgia's Unfair and Deceptive Practices Towards the Elderly Act ("UDPTEA"), and claims for conversion, negligence, breach of fiduciary duty, and breach of legal duty, seeking to recovery actual, general, special, direct, consequential, treble, punitive and exemplary damages, in addition to the recovery of her attorneys' fees and costs. (*See id.* at ¶¶ 70, 99, 113, 128, 148-51, 155-56, 159-60).

For example, for her claim for alleged violations of the FCBA, Plaintiff seeks her actual damages, twice the amount of any finance charge in connection with the disputed cash advances, a minimum of $500 up to a maximum of $5,000, or such higher amount as is appropriate due to Wells Fargo's alleged pattern and practices of violating the FCBA, and reasonable attorneys' fees and costs. (*Id.* at ¶ 70). In

connection with her claim for the alleged violations of the EFTA and Georgia's FBPA, Plaintiff also seeks treble and exemplary damages.  (*Id.* at ¶¶ 99, 140).  Further, in connection with her claim for the alleged violations of the UCPTEA, Plaintiff also seeks emotional distress damages and punitive and statutory damages of up to $10,000 per violation.  (*Id.* at p. 26, ¶ 6).  In calculating the amount of damages Plaintiff seeks in this Action, it is clear that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Wells Fargo vehemently denies Plaintiff's allegations and claims and denies Plaintiff is entitled to any of the amounts alleged in the Complaint.

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable.  *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").  This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.  Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, will be promptly filed with the Clerk of the State Court of Gwinnett County, Georgia.  A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits thereto) as Exhibit "A."  The United States District

Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. Complete copies of all documents filed by Plaintiff in the State Court to date are attached hereto as Exhibit "B."

### III. FEDERAL QUESTION JURISDICTION

This action is properly removable because the Court has original subject matter jurisdiction over Plaintiff's claims for alleged violations of the FCBA and EFTA because the claims arise under federal law. The federal removal statutes expressly provide that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statutes further provide that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). District Courts shall have original jurisdiction of all civil actions asserting claims or protecting rights that arise under federal law. 28 U.S.C. § 1331.

In this case, Plaintiff asserts claims and seeks relief under the FCBA and EFTA, federal statutes, and cites to other federal statutes in the Complaint. Because Plaintiff's claims for alleged violations of the FCBA and EFTA raise federal questions and arise under federal law, this Court clearly has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and this Court can properly exercise jurisdiction over these claims. Moreover, as discussed below, because Plaintiff's state law claims arise out of the same case or controversy as Plaintiff's claims arising under the FCBA and EFTA, this Court can properly exercise jurisdiction over this action in its entirety.

### IV. <u>SUPPLEMENTAL JURISDICTION</u>

This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's claims for alleged violations of federal laws. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

Plaintiff's state law claims arise out of the same transactions – Wells Fargo's alleged actions and/or inactions following the disputed cash advances from the Credit

Account and the disputed transfers from the Bank Account.  Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).  *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . ."); *Merceron v. Bank of N.Y. Mellon Trust, N.A.*, No. 1:11-CV-2831-WSD-AJB, 2012 WL 12281808, *9-10 (N.D. Ga. Aug. 7, 2012) (recognizing that this Court had original jurisdiction over plaintiff's federal claim and had supplemental jurisdiction over the plaintiffs' state law claims for title to land, breach of contract, wrongful foreclosure, attorney's fees, slander of title, and punitive damages because "[a]ll of Plaintiffs' claims in the original Complaint concerned Plaintiffs' mortgage loan or the foreclosure proceedings stemming the Plaintiffs' default on the mortgage loan . . .").

Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to conserve judicial energy and avoid multiplicity in litigation.  *See Cornelius v. JP Morgan Chase Bank, N.A.*, No. 1:18-

CV-05805-ELR, 2019 WL 11441430, at *6 (N.D. Ga. Sept. 19, 2019) (quoting *Parker v. Scrap Metal Processors*, 468 F.3d 733, 746 (11th Cir. 2006); *see also Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's claims arising under federal law, and arise from the same transaction or occurrence (*i.e.*, Wells Fargo's alleged actions and/or inactions following the disputed cash advances from the Credit Account and the disputed transfers from the Bank Account, including the denial of Plaintiff's claims for reimbursement for the $15,000 wire transfer) as Plaintiff's federal claims. *See Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d 1304, 1309 (N.D. Ga. 2014) (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in this action.

## V. DIVERSITY JURISDICTION

Further, this action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending.

The State Court of Gwinnett County, Georgia is a state court within this judicial district and division. *See* 28 U.S.C. § 90(b)(3). Further, this Court has original jurisdiction under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A. Diversity of Citizenship of the Parties

Diversity of citizenship exists between Plaintiff and Wells Fargo. Plaintiff is a citizen of Georgia. (Complaint, ¶ 3). For purposes of diversity jurisdiction, a national banking association such as Wells Fargo is deemed to be a citizen of the state where its main office is located. *See Hill v. Bank of America Corp.*, No. 1:06-CV-804GE, 2006 WL 1518874, *1 (N.D. Ga. May 30, 2006); *see also* 28 U.S.C. § 1348; *Thomason v. Deutsche Bank Nat'l Tr. Co. as Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series INABA 2006-A, Home Equity Mortg. Loan asset-Backed Certificates Series INABS 2006-A8*, No. 21-11639, 2022 WL 4296926, at *2 (11th Cir. Sept. 19, 2022) (citing 28 U.S.C. § 1348). For purposes of 28 U.S.C. § 1348, it is well settled that a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank*

*v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo is a national banking association with its principal place of business in South Dakota.  Accordingly, Wells Fargo is a citizen of South Dakota, and is not a Georgia citizen for purposes of determining diversity jurisdiction.  Because Plaintiff is a citizen of Georgia and Wells Fargo is a citizen of South Dakota, there can be no question that complete diversity of citizenship exists between Plaintiff and Wells Fargo.

B. **Amount in Controversy**

Diversity jurisdiction is also proper because it is apparent from the face of the Complaint that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs.  The Eleventh Circuit has held that "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (removal is proper when "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

In the Complaint, though Plaintiff seeks various categories of damages in unidentified amounts, it is clear from the Complaint and Plaintiff's allegations against Wells Fargo that the amount in controversy in this action well exceeds

$75,000.00, exclusive of interest and costs.  Specifically, Plaintiff alleges she has at least $15,000 in actual damages due to the disputed wire transfer and seeks to treble her alleged damages relating to Wells Fargo's actions and/or inactions relating to the disputed wire transfer, thus asserting at least $45,000 in damages related to the disputed wire transfer.  (*See e.g.* Complaint, pp. 32-33).  Plaintiff also alleges that Wells Fargo improperly removed the $17,500 from the Bank Account to reverse the disputed cash advances, and seeks to treble her alleged damages relating to Wells Fargo's actions and/or inactions relating to the disputed cash advances, thus asserting at least $52,500 in damages relating to the disputed cash advances.  (*See id.* at ¶¶ 49, 69-70).  Plaintiff also, among other things, statutory damages or at least at least $5,000 under the FCBA (*id.* at ¶ 70), $1,000 under the EFTA (*id.* at ¶ 95 (citing 15 U.S.C. § 1693m(a)), and $10,000 under the UDPTEA (*id.* at p. 27, ¶ 6).

In addition, Plaintiff also seeks to recover punitive damages (*see e.g. id.* at ¶¶ 123, 150, 155, 159), which must be considered in determining the jurisdictional amount required for diversity jurisdiction.  *See e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 242 (1943) (considering a plaintiff's claim for punitive damages despite only alleging a claim for actual damages of $1,000 because there is no need for "punitive and actual damages [to] bear a definite mathematical relationship" and because based on the plaintiff's allegations the court was "unable

to say that under [the plaintiff's] complaint evidence could not be introduced at trial justifying a jury verdict for actual and punitive damages" exceeding the jurisdictional threshold); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (holding that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered"); *Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331, 1341 (N.D. Ga. 2014) (explaining that a claim of punitive damages must be considered in determining the amount in controversy).

And though Plaintiff does not quantify the amount of punitive damages she seeks to recover, Courts in Georgia have awarded significant punitive damages for violations of the same claims Plaintiff asserts against Wells Fargo in this action, which only adds to the amount of damages already exceeding the $75,000 jurisdictional threshold sought by Plaintiff. *See Miles Rich Chrysler-Plymouth, Inc. v. Mass*, 201 Ga. App. 693, 699, 411 S.E.2d 901, 906 (1991) (affirming an award of $50,000 in punitive damages based on a finding that the defendant acted intentionally to violate the FBPA); *Jordan v. Guaranteed Auto, Inc.*, No. 1:13-CV-3703-WBH-JSA, 2015 WL 11251948, at *5 (N.D. Ga. Jan. 30, 2015), *report and recommendation adopted*, No. 1:13-CV-3703-WBH, 2015 WL 11255030 (N.D. Ga. Feb. 26, 2015) (awarding $14,700 in punitive damages for violations of the FBPA,

in addition to the already-trebled $14,700 award of actual damages); *Crosby v. Kendall*, 247 Ga. App. 843, 545 S.E.2d 385 (2001) (affirming an award of $100,000 in punitive damages for the defendant's breach of fiduciary duty); *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 221, 493 S.E.2d 622, 625 (1997) (affirming an award of $40,000 in punitive damages for the defendant's breach of fiduciary duty); *Felker v. Chipley*, 246 Ga. App. 296, 297, 540 S.E.2d 285, 288 (2000) (affirming an award of $50,000 in punitive damages in an action for conversion); *Odelia v. Alderwoods (Georgia), LLC*, 823 F. App'x 742, 746 (11th Cir. 2020) ("We agree with the district court that the value of [plaintiff's] claims more likely than not exceeded $75,000. [Plaintiff] sought to recover damages stemming from breach of contract, fraud, negligence, intentional infliction of emotional distress, and punitive damages. It is hard to imagine that the combined sum of all those claims, plus the punitive damages sought, would not exceed $75,000.").

Thus, it is clear from the Complaint and Plaintiff's allegations against Wells Fargo that the amount in controversy in this action far exceeds $75,000, exclusive of interest and costs. Accordingly, this case is properly removable because it is between citizens of different states (*i.e.*, South Dakota and Georgia), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Wells Fargo has not previously sought similar relief. Wells Fargo further reserves the right to

supplement this Notice of Removal to add any jurisdictional defenses that may independently support a basis for removal. Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Wells Fargo's rights to assert any affirmative defenses available under any Georgia law, federal statute or otherwise.

## VI.  CONCLUSION

WHEREFORE, for the reasons set forth above, Wells Fargo respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Wells Fargo further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the State Court of Gwinnett County, Georgia, be hereby stayed.

Respectfully submitted, this 21st day of July, 2023.

**BURR & FORMAN LLP**

*/s/ Grace B. Callanan*
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com

171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

COUNSEL FOR WELLS FARGO BANK,
NATIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2023, a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to their office address via first class United States mail, postage prepaid, addressed as follows:

Cliff R. Dorsen
James M. Feagle
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, Georgia 30084

Kris Skaar
Justin T. Holcombe
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, Georgia 30189

**BURR & FORMAN LLP**

*/s/ Grace B. Callanan*
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
COUNSEL FOR WELLS FARGO BANK, NATIONAL ASSOCIATION

171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244