# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff,* v. CHARTER COMMUNICATIONS, INC., *Defendant.* | Case No. 2:22-cv-00125-JRG  JURY TRIAL DEMANDED |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S**
**NOTICE OF SUBPOENA TO VANTIVA USA LLC**

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Entropic Communications, LLC ("Entropic"), by and through its attorneys, intend to immediately serve a subpoena to testify at a deposition in a civil action and to produce documents and things on Vantiva USA LLC ("Vantiva"). A true and correct copy of the subpoena is served with this notice.

Vantiva is ordered to appear for the taking of a deposition upon oral examination, beginning at 9:00 a.m. on May 16, 2023, at the offices of Veritext Legal Solutions, 20 Mansell Court, Suite 300, Roswell, GA 30076, or at such other time and location mutually agreed upon in advance by Entropic and Vantiva, and will continue until completed. The deposition will take place before an officer authorized by law to administer oaths. In accordance with the provisions of Rule 30(b)(3) and 45 of the Federal Rules of Civil Procedure, the deposition will be recorded by stenographic means and may be videotaped. Vantiva is required to designate, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, one or more of its officers, directors, managing agents, or other persons with knowledge of the matters set forth in Attachment A of this notice to

1

appear and testify on its behalf at deposition.  The person so designated shall be the person in Vantiva's control most knowledgeable regarding the subject matters described in Attachment A.

PLEASE TAKE FURTHER NOTICE that, the subpoena requests that Vantiva produce the documents and things identified in Attachment A to the subpoena on or before 5:00 p.m. on May 9, 2023, to the attention of James Shimota, Esq., c/o Veritext Legal Solutions, 20 Mansell Court, Suite 300, Roswell, GA 30076.


Dated: April 17, 2023                              Respectfully submitted,

<span>/s/ *James A. Shimota*</span>
James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield
Katherine Allor (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Nicholas Lenning (admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Ave., Suite 2900
Seattle, WA 98104
nicholas.lenning@klgates.com

Wesley Hill (Texas Bar No. 24032294)
Andrea L. Fair (Texas Bar No. 24078488)
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
Fax (903) 757-2323
wh@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on April 17, 2023 to counsel of record for Defendant via email at the following addresses:

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, suite 430
Tyler, TX 75701
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Palak Mayani Parikh
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: palak.mayani@arnoldporter.com

*/s/ James A. Shimota*
James Shimota

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| Entropic Communications, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-00125-JRG |
| Charter Communications, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Vantiva USA LLC
c/o Registered Agent: Registered Agent Solutions, Inc., 838 Walker Rd., Suite 21-2 Dover, DE 19904
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A

| Place: Veritext Legal Solutions<br>20 Mansell Court, Suite 300<br>Roswell, GA 30076 | Date and Time:<br>05/16/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographer and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/17/2023

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ James A. Shimota |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Entropic Communications, LLC , who issues or requests this subpoena, are:

James A. Shimota, K&L Gates LLP, 70 W. Madison Street, Suite 3100, Chicago, IL 60602; james.shimota@klgates.com (312) 372-1121

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-00125-JRG

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| ENTROPIC COMMUNICATIONS, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00125-JRG |
| CHARTER COMMUNICATIONS, INC. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Vantiva USA LLC
c/o Registered Agent: Registered Agent Solutions, Inc., 838 Walker road, Suite 21-2, Dover, DE 19904

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Attn: James Shimota, Esq.<br>Veritext Legal Solutions, 20 Mansell Court, Suite 300,<br>Roswell, GA 30076 | Date and Time:<br>05/09/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/17/2023

*CLERK OF COURT*

OR

_____    /s/ James Shimota
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Entropic Communications, LLC                              , who issues or requests this subpoena, are:

James Shimota, K&L Gates, LLP, 70 W. Madison St., Suite 3100, Chicago, IL 60602, jim.shimota@klgates.com
(312) 807-4299

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:22-cv-00125-JRG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                   *Server's signature*

                                   _____
                                   *Printed name and title*

                                   _____
                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

DEFINITIONS

1. The terms "**Vantiva**" or "**You**" shall mean Vantiva USA LLC, its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such role any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships.

2. The term "**Entropic**" means Plaintiff Entropic Communications, LLC and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

3. The term "**Charter**" means Defendant Charter Communications, Inc. and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

4. The term "**Case**" shall mean the present action, *Entropic Communications, LLC v. Charter Communications, Inc.*, Case No. 2:22-cv-00125-JRG before Chief Judge Rodney Gilstrap in the United States District Court for the Eastern District of Texas, Marshall Division.

5. The term "**Asserted Patents**" means U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, and 10,135,682.

6. The terms "**person**" or "**persons**" include, without limitation, both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

7.   The terms "**company**" or "**companies**" shall mean a company and its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such role any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships.

8.   The terms "**document**" or "**documents**" include all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including Federal Rule of Civil Procedure 34(a).

9.   The terms "**communication**" or "**communications**" mean every manner or method of the disclosure, transfer, transmission, or exchange of information, in whatever form, by whatever means, including, but not limited to, oral, written, face-to-face, telephone, facsimile, network transfer, electronic mail, smartphone messages, voice-mail, text messages, postal mail, personal delivery, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal. This definition also includes all transcripts, summaries, electronic recordings, audio tapes and audio files constituting, reflecting or transcribing such communications.

10.   The terms "**thing**" or "**things**" shall be interpreted broadly and include, but not be limited to, products, parts, machines, equipment, prototypes, specimens, models, devices, apparatuses, and commercially manufactured items.

11.   The terms "**product**" or "**products**" mean a machine, manufacture, apparatus, device, instrument, mechanism, appliance, system, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or

otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

12. The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

13. The term "**Relevant Set Top Products**" as used herein means any set top box products that You have developed for and/or provide to Charter, including the Technicolor 101T, Technicolor 101-T, Technicolor 110T, Technicolor 201T, Technicolor 210T, Technicolor 4640HDC2, Technicolor 4742HDC, Technicolor 4742HDC2, Technicolor 8640HDC2, Technicolor 8640HDC2-DVR, Technicolor 9865HDC, Technicolor DCIDCI401401TWC, Technicolor DTA271, and Technicolor EXP4640HDC2.

14. The term "**Relevant Cable Modem Products**" as used herein means any cable modem or gateway products that You have developed for and/or provide to Charter, including the Vantiva ET2251, Technicolor DPC3216C, Technicolor E31T2V1, Technicolor TC4310, Technicolor TC4310, Technicolor TC4400, Technicolor TC4400-AMV2, Technicolor TC8715D, Technicolor TC8715D, Technicolor TC8717T, and Technicolor TC8717T.

15. The term "**Relevant Technologies**" as used herein refers to the following technologies: (1) full band capture processing of signals received from a cable network; (2) signal analysis, signal monitoring, and/or sending of data related to signal analysis or signal monitoring capabilities, including signal analysis and monitoring using full band capture techniques; (3) generating and/or transmitting messages in response to a request from a Cable Modem Termination System and/or Converged Cable Access Platform; (4) determining, utilizing, and/or modifying parameters used by the Relevant Products to transmit and/or receive data via one or more communication channels; (5) prioritized processing of particular types or classes of data and communications by the Relevant Products; and (6) firmware, middleware, and/or any other software updates of the Relevant Products.

16. The term "**Relevant Products**" as used herein means the Relevant Set Top Products, Relevant Cable Modem Products, and any engineering, software and support ("**ESS**") services

offered or provided by You in connection with any Relevant Set Top Products, Relevant Cable Modem Products, and/or Relevant Technologies.

## INSTRUCTIONS

1. If You contend that any document which would otherwise be producible in response to any request may be withheld under the attorney-client privilege, the attorney-work doctrine, or any other basis, state the following with respect to each such document to explain the basis for the claim of privilege and to permit adjudication of the propriety of that claim:

   a. The privilege asserted and its basis;
   b. The nature of the document withheld (e.g. letter, memorandum, etc.);
   c. The title of the document;
   d. The date of the document;
   e. The identity of the author(s) of the document;
   f. The identity of each recipient of the document or any copy thereof;
   g. The length of the document;
   h. The location of the original and each copy of the document;
   i. The general subject matter of the document, including a statement of sufficient facts and circumstances to explain the basis of the claim privilege and which will permit adjudication of the prosperity of the claim of privilege; and
   j. The identity of each person, other than your attorneys of record, having knowledge of the factual basis asserted for the privilege

2. If You object that a term or phrase in these requests is vague, ambiguous or indefinite, You are instructed to provide your understanding of the term or phrase, or what You believe to be a reasonable interpretation of the term or phrase, and respond in accordance with that understanding or interpretation.

3. If You object that a request is overbroad or to any extent beyond the scope of discovery, You are instructed to explain the manner in and extent to which it is overbroad or beyond the

scope of discovery, provide a proposed narrowed request that You agree is not overbroad or beyond the scope of discovery, and respond to Your narrowed request.

4. If You object that a request is unduly burdensome, You are instructed to explain the manner in and extent to which it is unduly burdensome, provide a proposed narrowed request that You agree is not unduly burdensome, and respond to Your narrowed request.

5. If You object to only a portion of a request, You are instructed to identify the objectionable portion and to respond and produce documents with respect to the remaining portions.

6. If a request calls for a document or communication which has been destroyed, placed beyond Your possession, custody or control, or otherwise disposed of, set forth with respect to each such document or communication a brief, but complete, identification and description of the document or communication, including: (i) the identity of all individuals to whom the substance of the document or communication was transmitted, who saw such document or was part of such communication, or who otherwise know any of its contents, and under what circumstances; (ii) the present location of the document or communication, if not destroyed; and (iii) the name, title, home and business address, and home and business telephone number of the person(s) currently having possession, custody or control of the document or communication, if not destroyed.

7. Any documents and communication produced for inspection should be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests. Documents and communications from any single file should be produced in the same order as they were found in such file.

8. In Your response to these requests, please restate the text of each request preceding Your response thereto.

**DOCUMENTS TO BE PRODUCED OR MADE AVAILABLE FOR INSPECTION**

1. Documents and things sufficient to show the architecture and components of the Relevant Set Top Products and Relevant Cable Modem Products, including part lists, component lists, bills of materials, and circuit diagrams.

2. Documents and things sufficient to show the capabilities, functionality, and architecture of the Relevant Set Top Products and ESS services offered or provided by You in connection with the Relevant Set Top Products, including the following specific capabilities, functionality, or architectures:

    a. full band capture processing of received signals;
    b. signal analysis, signal monitoring, and/or sending of data related to signal analysis or signal monitoring capabilities;
    c. the generation or transmission of probes, including physical layer probes, by the Relevant Products based on requests received from a CMTS and/or CCAP; and
    d. the generation and/or transmission of messages, for example SNMP messages, by the Relevant Products based on messages received from a CMTS and/or CCAP.

3. Documents and things sufficient to show the capabilities, functionality, and architecture of the Relevant Cable Modem Products and ESS services offered or provided by You in connection with the Relevant Cable Modem Products, including the following specific capabilities, functionality, or architectures:

    a. full band capture processing of received signals;
    b. signal analysis, signal monitoring, and/or sending of data related to signal analysis or signal monitoring capabilities;
    c. packet processing capabilities and prioritized processing of certain types of packets;
    d. communications between various processors, including a RG processor and a CM/MTA processor, of full band capture cable modem/gateway SoCs;
    e. firmware, middleware, or any other software updates of one or more components, including a RG processor, a CM/MTA processor, of the full band capture cable modem/gateway SoCs;

  f.   the generation or transmission of probes, including physical layer probes, by the Relevant Products based on requests received from a CMTS and/or CCAP;

  g.   the generation and/or transmission of messages, for example SNMP messages, by the Relevant Products based on messages received from a CMTS and/or CCAP; and

  h.   determining, utilizing, and/or modifying parameters used by the Relevant Products to transmit and/or receive data via one or more communication channels.

4. Documents and things sufficient to show and describe any Charter-specific modifications or customizations made to the Relevant Products and/or such modifications or customizations made for other customers providing cable television or internet services in the United States.

5. Documents and things sufficient to show any participation or involvement by Charter in the design, component selection, feature selection, development, or maintenance of the Relevant Products.

6. Documents and things sufficient to show any deployment of, usage of or reliance upon the Relevant Products by Charter.

7. Documents and things sufficient to show any development, modification, collaboration with, usage of, or maintenance of the Relevant Products in collaboration with third party companies supplying products to Charter, including Commscope, Inc., Arris International Ltd., Motorola, Inc., Motorola Mobility LLC, Pace Plc, Humax Co. Ltd., Sagemcom (or any of its subsidiaries), Askey Computer Corp. (or any of its subsidiaries), Sercomm Corporation (or any of its subsidiaries), Ubee Interactive, Hitron Technologies, and Samsung Electronics Co., Ltd.

8. Documents and things sufficient to show any development, modification, or maintenance of firmware, middleware, and/or any other software for the Relevant Products, including firmware, middleware, and/or any other software utilizing reference software platforms, SDKs, and/or APIs provided by third party companies including Charter, Broadcom Corporation, DevelopOnBox, LLC d/b/a Zodiac Interactive, Zodiac Systems, Orion Systems Integrators, LLC d/b/a Orion Innovation, Cognizant Technology Solutions Corporation, and Alticast.

9. Documents sufficient to show Your annual revenue and unit sales on a product-by-product basis for the Relevant Products, and the cost of goods sold, the operating revenue, and operating profit therefor since 2014.

10. All supply agreements applicable to the provision of any Relevant Products that were sold or otherwise provided by You.

11. Documents sufficient to show Your pricing for the Relevant Products, and the considerations impacting such pricing.

12. Documents sufficient to show Your manufacturer(s) and supplier(s) of the Relevant Products.

13. All market analyses for the Relevant Products as relating to cable and television providers in the United States.

14. Document sufficient to identify Your competitors for the Relevant Products.

15. Documents sufficient to describe Your services offered in connection with the Relevant Products, and the revenue derived therefrom.

16. All license agreements covering the Relevant Technologies.

17. An identification of all patents that You "mark" in connection with the Relevant Products pursuant to 35 U.S.C. §287.

18. Documents sufficient to show any hurdle rate and/or internal rate of return for the Relevant Products from 2014.

19. Documents relating to any study or evaluation of the value of the Relevant Products to cable operators, including Charter, and/or the suppliers of equipment incorporating the Relevant Products to any cable operator.

20. Documents sufficient to reflect the demand and design input for, or the requirements of, the Relevant Technologies on the part of Charter, other cable operators, and/or the suppliers of components of the Relevant Products to any cable operators.

21. All documents reflecting, discussing, proposing, or forecasting, any cost savings to cable operators resulting from the use of the Relevant Products as compared to any other product deployed that serves a similar use-case.

22. All agreements reflecting any obligations of indemnity relating to the Relevant Technologies, and any agreement referencing and or referenced by such indemnity agreement relating to such obligations.

23. Documents sufficient to show the negotiations between You and Charter regarding the pricing of the Relevant Products, including any documents evidencing efforts by Charter or other cable television providers to suppress the prices You are able to charge.

24. Documents sufficient to show Your first awareness of any of the Asserted Patents.

25. All documents evidencing any notice, advising, or other communication with (to or from) any third party (not including Your agents) concerning any patents owned by or granted to MaxLinear and/or Entropic Communications, Inc, including, but not limited to, communications relating to indemnification for claims of infringement of any such patent.

## **DEPOSITION TOPICS**

1. Authentication of all Documents produced in response to the Requests.

2. The meaning and purpose of all Documents produced in response to the Requests.

3. Identification of all Documents reflecting valuations of any patents related to any Identification of all Documents reflecting Your analysis of infringement of the Patents-in-Suit and Related Patents.

4. To the extent You contend that Documents responsive to the Requests are not in Your possession, custody, or control, the factual bases for that contention.

5. To the extent You contend that it would be unduly burdensome to search for and locate Documents responsive to the Requests, the factual bases for that contention.

6. The past and present storage location(s) of Documents responsive to the Requests.