**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TYRA BOLES, | |
| Plaintiff, | Case No. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and CREDIT COLLECTION SERVICES, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TYRA BOLES (hereinafter "Plaintiff"), by and through her undersigned counsel, who hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), TRANS UNION LLC ("Trans Union"), and CREDIT COLLECTION SERVICES ("CCS") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of Clayton County in the State of Georgia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Plaintiff is a resident in this District, Equifax's principal address is in this district, the violations described in this Complaint occurred in this District, and Defendants transact business within this District.

9.     Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NW in Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union is a corporation incorporated under the State of Illinois and is authorized to do business in the State of Georgia through its registered agent,

Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

13.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.    CCS is a corporation headquartered at 725 Canton Street in Norwood, Massachusetts and is authorized to do business in the State of Georgia.

16.    CCS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.    CCS furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union.

## **FACTUAL ALLEGATIONS**

18.    Plaintiff has been facing fraud that is currently affecting her.  Due to this, Plaintiff actively monitors her credit.

19.    On November 11, 2022, Plaintiff obtained a copy of her Equifax credit report. At the same time, Plaintiff attempted to obtain a copy of her Trans Union credit report but was unable to obtain a copy online.

20.    In reviewing her credit report, Plaintiff learned that Equifax was reporting three collection accounts that did not belong to her:

    i.   Southwest Credit Systems, LP, partial account number 93173802x, on behalf of Comcast with a balance of $2,394;

    ii.   Enhanced Recovery Co., partial account number 236975xx, on behalf of T-Mobile with a balance of $726; and

    iii.   CCS, partial account number 85330735x, on behalf of Liberty Mutual with a balance of $1,419 ("CCS Accounts").

21.    In response to the inaccuracies, on December 7, 2022, Plaintiff mailed out a detailed written dispute letter to Equifax and Trans Union concerning the three collections accounts. Plaintiff made Equifax and Trans Union aware that she is a victim of fraud and these accounts do not belong to her. In the letter she provided a Federal Trade Commission Identity Theft Report Reference Number (153491417), and images from her credit report. Further, to confirm her identity and address, Plaintiff included an image of her Georgia Driver's License and recent Gas Bill.

22.    Plaintiff mailed her dispute via USPS Certified Mail to Equifax (7022 2410 0001 4277 7929) and Trans Union (7022 2410 0001 4277 7950).

23.    Despite delivery confirmation, Plaintiff never received dispute results in the mail from Equifax.

24.     Equifax never attempted to contact Plaintiff during the alleged investigation.

25.     Plaintiff never received dispute results in the mail from Trans Union.

26.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

27.     Upon information and belief, Equifax and Trans Union notified CCS of Plaintiff's written dispute. CCS failed to conduct a reasonable investigation and merely compared its erroneous data.

28.     On January 12, 2023, Plaintiff obtained another copy of her Equifax credit report and to her relief all the disputed collection accounts, including the CCS Account, had finally been removed from her credit report.

29.     Plaintiff attempted to obtain her Trans Union credit report online and through her Trans Union membership but was still unable to obtain a copy.

30.     On January 24, 2023, Plaintiff mailed out another detailed written dispute letter to Trans Union concerning the three collections accounts. Plaintiff made Trans Union aware that she is a victim of fraud and these accounts do not belong to her. In the letter she provided a Federal Trade Commission Identity Theft Report Reference Number (153491417), and images from another credit report of the erroneous accounts. Further, to confirm her identity and address, Plaintiff included an image of her Georgia Driver's License and recent Gas Bill.

31.    Plaintiff mailed her dispute via USPS Certified Mail to Trans Union (7022 0410 0002 6179 0744).

32.    Despite delivery confirmation, Plaintiff never received dispute results in the mail from Trans Union.

33.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

34.    Upon information and belief, Trans Union notified CCS of Plaintiff's written dispute. CCS failed to conduct a reasonable investigation and merely compared its erroneous data.

35.    As a result of the actions and/or inactions of Equifax and Trans Union, Plaintiff has suffered damage to her credit score.

36.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.  Monies lost by attempting to fix her credit;

    ii.  Loss of time attempting to cure the errors;

    iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

    iv.  Reduction in credit score; and

    v.  Apprehensiveness to apply for credit or loans due to the fear of rejection.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

37.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

38.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

39.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

40.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

41.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

42.     Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

43.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

44.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

45.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

46.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

47.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

48.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

49.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

50.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

51.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

52.    Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

53.    Equifax took no independent action to investigate the dispute.

54.    Equifax chose to ignore this information and simply parroted the information provided by the furnisher(s).

55.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

56.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

57.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

58.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

59.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

60.     Equifax took no independent action to investigate the dispute.

61.     Equifax chose to ignore this information and simply parroted the information provided by the furnisher(s).

62.     As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

65.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

66.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

67.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.     Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

70.     Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

72.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

73.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

74.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

15

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

77.    Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

78.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Negligent)

79.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

80.    Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

81.    Trans Union took no independent action to investigate the dispute.

82.    Trans Union chose to ignore this information and simply parroted the information provided by the furnisher(s).

83.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.    Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and

severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

86.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

87.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

88.     Trans Union took no independent action to investigate the dispute.

89.     Trans Union chose to ignore this information and simply parroted the information provided by the furnisher(s).

90.     As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

91.     Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Credit Collection Services (Negligent)

93.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

94.     CCS furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

95.     After receiving Plaintiff's disputes, CCS violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the CCS Account; (ii) failing to accurately respond to Equifax and Trans Union; (iii) failing to correctly report results of an accurate investigation to every other credit

reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CCS Account to the consumer reporting agencies.

96.     Plaintiff provided all the relevant information and documents necessary for CCS to determine that it was furnishing inaccurate information. CCS did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished to the CRAs.

97.     Instead, CCS knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the debt truly belong to Plaintiff.

98.     CCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union. CCS has been aware of Plaintiff's disputes but continued to erroneously report.

99.     As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to open new lines of credit; mental and emotional pain stemming from the anguish, humiliation, embarrassment of the credit denial when attempting to get approved for a line of credit, and the damages otherwise outlined in this Complaint.

100.    CCS's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

101.   Plaintiff is entitled to recover reasonable attorney's fees and costs from CCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, TYRA BOLES, respectfully requests that this Court award actual damages against Defendant, CREDIT COLLECTION SERVICES, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Credit Collection Services (Willful)

102.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

103.   CCS furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

104.   After receiving Plaintiff's disputes, CCS violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the CCS Account; (ii) failing to accurately respond to Equifax and Trans Union; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CCS Account to the consumer reporting agencies.

105.   Plaintiff provided all the relevant information and documents necessary for CCS to determine that it was furnishing inaccurate information. CCS did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished to the CRAs.

106.   Instead, CCS knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the debt truly belong to Plaintiff.

107.   CCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union. CCS has been aware of Plaintiff's disputes but continued to erroneously report.

108.   As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to open new lines of credit; mental and emotional pain stemming from the anguish, humiliation, embarrassment of the credit denial when attempting to get approved for a line of credit, and the damages otherwise outlined in this Complaint.

109.   CCS's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

110.   Plaintiff is entitled to recover reasonable attorney's fees and costs from CCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, TYRA BOLES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDIT COLLECTION SERVICES, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violations of 15 U.S.C. § 1692f(1) as to
### Defendant, Credit Collection Services

111.  Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-six (36) above, as if fully stated herein.

112.  CCS has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

113.  CCS violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

114.  CCS had all of the information it needed to determine that the debt did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

115.  As a result of the conduct, action and/or inaction of CCS, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

116.   Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from CCS pursuant to the FDCPA.

117.   Plaintiff is entitled to recover reasonable attorney's fees and costs from CCS in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff, TYRA BOLES, respectfully requests that this Court award statutory, compensatory, actual, and punitive damages against Defendant, CREDIT COLLECTION SERVICES, jointly and severally; award her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TYRA BOLES, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and CREDIT COLLECTION SERVICES, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of July 2023.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*