UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KAMERON MOORE** </br> Plaintiff, </br> </br> v. </br> </br> **NATIONWIDE RECOVERY SERVICE, INC** </br> Defendant, | ) JURY TRIAL DEMANDED </br> ) </br> ) </br> ) Case No. </br> ) </br> ) </br> ) </br> ) </br> ) |

# COMPLAINT

## I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Kameron Moore an individual consumer, against Defendant, Nationwide Recovery Service, Inc, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. Venue in this District is proper in that the Defendant transacts business in Ellenwood, Georgia and the conduct complained of occurred in Ellenwood, Georgia.

### III.  PARTIES

3. Plaintiff Kameron Moore (hereinafter "Plaintiff") is a natural person residing in Ellenwood, Georgia. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal use.

5. Upon information and belief Nationwide Recovery Service, Inc, is a Tennessee corporation with its principal place of business located at 545 West Inman Street, Cleveland, TN 37311.

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

### IV. FACTS OF THE COMPLAINT

7. Defendant Nationwide Recovery Service, Inc, (hereinafter referred to as "Debt Collector") is a "Debt Collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about June 12, 2023, Plaintiff reviewed his credit report on Experian.com.

9. On the credit report, Plaintiff observed a trade line from Debt Collector.

10. Debt Collector reported furnished a trade line of $898.00, allegedly owed to Kaiser Permanente.

11. On June 12, 2023, Plaintiff made a dispute via telephone.

12. Plaintiff re-checked his consumer report on July 20, 2023, and the debt collector information was not marked disputed. See **Exhibit A**. Defendant has had subsequent communication with the consumer reporting agencies and failed to communicate Plaintiff's dispute.

13. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish, and damage to his FICO scores.

14. Nationwide Recovery Service, Inc violated 15 U.S. Code § 1692e(8) for not communicating that the Plaintiff disputed the debt.

## V. FIRST CLAIM FOR RELIEF
**(Nationwide Recovery Service, Inc)**
**15 U.S.C 1692e(8)**

15. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

    (a) The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Plaintiff.

18. Because Plaintiff disputed the debt, Nationwide Recovery Service, Inc, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Sanchez v. Pinnacle Credit Servs., L.L.C., 195 F. Supp. 3d 1184 (D. Colo. 2016) (consumer's statements during telephone call that she owed much less than was claimed on phone bill was sufficient); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) ("We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

19. As a result of the above violations of the FDCPA, Debt Collector is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI.     JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kameron Moore respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com

**THE HAWK LEGAL COLLECTIVE**
The Hawk Legal Collective
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310

*Counsel for Plaintiff*

**EXHIBIT A**



Prepared For **KAMERON MOORE**   Date generated: Jul 20, 2023

## Collection accounts

| NATIONWIDE RECOVERY SV | | $898 |
|---|---|---|
| Original creditor: **KAISER PERMANENTE** | | Closed |

### Account info

| | | | |
|---|---|---|---|
| Account name | **NATIONWIDE RECOVERY SV** | Balance | $898 |
| Account number | 153237XX | Balance updated | Jul 01, 2023 |
| Original creditor | **KAISER PERMANENTE** | Original balance | $898 |
| Company sold | - | Monthly payment | - |
| Account type | Collection | Past due amount | $898 |
| Date opened | Mar 25, 2019 | Terms | 1 Month |
| Status | Collection account. $898 past due as of Jul 2023. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Mar 2019 | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | C | C | C | C | C | C | C | — | — | — | — | — |
| 2022 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2021 | C | C | C | C | C | C | ND | ND | C | C | C | C |
| 2020 | — | — | — | — | — | — | — | — | — | — | — | C |

C  Collection    ND  No data for this period
—  Data Unavailable

### Contact info

| | |
|---|---|
| Address | PO BOX 8005 CLEVELAND, TN 37320 |
| Phone number | (800) 776-4600 |

### Comments

-