IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, HARTFORD ACCIDENT AND INDEMNITY COMPANY, SENTINEL INSURANCE COMPANY, LTD, TRUMBULL INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY and HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>ASK STAFFING, INC.,<br><br>    Defendant. | CASE NO: _____ |

**PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT AND ACCOUNT STATED**

Plaintiffs Twin City fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Property and Casualty

1

Insurance Company of Hartford, Hartford Accident and Indemnity Company, Sentinel Insurance Company, Ltd., Trumbull Insurance Company, Hartford Fire Insurance Company and Hartford Underwriters Insurance Company, by and through their undersigned attorneys, as and for their Complaint against Defendant, Ask Staffing, Inc., allege as follows:

## NATURE OF ACTION

1. This is an action for breach of contract to recover money damages based upon Defendant's failure to pay the full premiums owed under certain insurance policies issued by Plaintiffs.

## PARTIES

2. Plaintiffs Twin City Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, and Property and Casualty Insurance Company of Hartford are each Indiana corporations. Plaintiffs Hartford Accident and Indemnity Company, Sentinel Insurance Company, Ltd., Trumbull Insurance Company, Hartford Fire Insurance Company, and Hartford Underwriters Insurance Company are each Connecticut corporations (collectively, "Plaintiffs" or "The Hartford"). All Plaintiffs maintain their principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

3. Defendant ASK Staffing, Inc. ("Defendant") is a Georgia corporation which maintains its principal place of business at 6495 Shiloh Road, Suite 300 Alpharetta, Georgia 30005.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

5. Venue of this action in the Northern District of Georgia is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## BACKGROUND FACTS

6. At the request of Defendant, The Hartford issued the following insurance policies:

- Workers Compensation Insurance Policy No. 20-WEAR-8947 for the period of 6/19/2019 to 6/19/2020 ("Policy 1"), and for the period of 6/19/2020 to 6/19/2021 ("Policy 2");

- Third Party Crime Policy No. 20-TP-0291123 for the period of 6/19/2021 to 6/19/2022, which was cancelled on 9/12/2021 ("Policy 3"); and

- Third Party Crime Policy No. 20-TP-0291124 for the period of 6/19/2020 to 6/19/2021, which was cancelled on 9/12/2021 ("Policy 4") (collectively the "Policies").

7.  Pursuant to the Policies, Defendant agreed to pay certain premiums to The Hartford.

8.  The premiums under the Workers Compensation Policies (Policies 1 and 2) were initially estimated based upon the information supplied by Defendant and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the policy periods.

9.  The premiums under the Third Party Crime Policies were in a fixed amount and not subject to adjustment.

10. At the end of the respective policy periods, The Hartford conducted audits pursuant to which it was determined that Defendant owed additional premiums under Policy 1 in the amount of $66,221.00, and additional premiums under Policy 2 in the amount of $87,011.00.

11. Defendant also owed unpaid fixed premiums under the Third Party Crime Policies in the sum of $1,597.91 for Policy 3, and the sum of $1,705.09 for Policy 4.

12. In addition Defendant also owed $65.00 in previously billed fees.

13. Hence, the total unpaid premiums owed by Defendant under the four Policies in addition to the previously billed fees equals $156,600.00 (the "Unpaid Premiums").

14. On or about March 28, 2022, The Hartford sent to Defendant a final insurance bill for the Unpaid Premiums owed under the Policies (the "Final Insurance Bill"), no part of which has been paid. A true and correct copy of the Final Insurance Bill is annexed hereto as **Exhibit A**.

## COUNT I
## BREACH OF CONTRACT

15. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 14 as if fully set forth herein.

16. Defendant has wrongfully refused to pay the Unpaid Premiums due under the Policies.

17. The Hartford has fully complied with all of its obligations under the Policies.

18. Defendant breached the terms and conditions of the Policies by failing to pay the Unpaid Premiums as invoiced.

19. As a result of Defendant's breach of the Policies, The Hartford has been damaged in the sum of $156,600.00 (excluding interest, fees and costs).

## COUNT II
## ACCOUNT STATED

20. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 19 as if fully set forth herein.

21. The amount of Unpaid Premiums owed to Plaintiffs pursuant to the Polices is $156,600.00.

22. The Final Insurance Bill sent to Defendant (Exhibit A) created an express and implied agreement between the parties as to the amount of the Unpaid Premiums due under the Policies.

23. Defendant received and retained the Final Insurance Bill and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the Final Insurance Bill.

24. Defendant has wrongfully failed to pay the Unpaid Premiums as invoiced despite The Hartford's demands for payment.

25. As a result of Defendant's failure to pay the amounts due as invoiced, The Hartford has been damaged in the sum of $156,600.00 (excluding interest, fees and costs).

## COUNT III
## UNJUST ENRICHMENT/QUANTUM MERIT

26. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 25 as if fully set forth herein.

27. The Policies provided Defendant with insurance coverage for the benefit of the company and its employees.

28. Accordingly, as a matter of equity, Defendant should be held liable for the Unpaid Premiums owed under the Policies since Defendant directly benefited from the insurance coverage provided by The Hartford.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Twin City fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Property and Casualty Insurance Company of Hartford, Hartford Accident and Indemnity Company, Sentinel Insurance Company, Ltd., Trumbull Insurance Company, Hartford Fire Insurance Company, and Hartford Underwriters Insurance Company, hereby demand that a judgment be entered against Defendant ASK Staffing, Inc., in the sum certain of $156,600.00, together with pre- and post-judgment interest thereon at the statutory rate of 11% per annum, and an award of the costs incurred herein, and such other, further and different relief as the Court may deem just and proper.

Respectfully submitted this 24th day of July, 2023.

                                          **WILSON ELSER MOSKOVITZ EDELMAN & DICKER LLP**

| | |
|---|---|
| 3348 Peachtree Road NE | */s/ Lawrence Lee Washburn IV* |
| Suite 1400 | Lawrence Lee Washburn IV |
| Atlanta, Georgia 30326 | Georgia Bar No.:  562374 |
| Main:  (470) 419-6650 | Alex F. Resnak |
| Fax:    (470) 419-6651 | Georgia Bar No. 149633 |
| lee.washburn@wilsonelser.com | |
| alex.resnak@wilsonelser.com | *Counsel for Defendant* |

## **CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

                                      **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No.:  562374

*Counsel for Defendant*