**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEVIN MICHAEL WOOD,

                                          Plaintiff,

vs.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
DEPARTMENT STORES NATIONAL
BANK,

                                          Defendants.

CASE NO.:

**JURY TRIAL**
**DEMANDED**

**COMPLAINT**

Kevin Michael Wood ("Plaintiff") brings this Complaint against Equifax

Information Services LLC ("Equifax"), Experian Information Solutions, Inc.

("Experian"), Trans Union, LLC ("Trans Union") and Department Stores National

Bank (DSNB) (collectively "Defendants") for actual, statutory, and punitive

damages, costs, and attorney's fees, for violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et seq.*, arising out of the credit bureau Defendants'

reporting inaccurate credit account information.

## PRELIMINARY STATEMENT

1.      The computerization of our society has resulted in a revolutionary

increase in the accumulation and processing of data concerning individual citizens.

Data technology, whether it be used by businesses, banks, the Internal Revenue

Service or other institutions, allows information concerning individuals to flow

immediately to requesting parties. Such timely information is intended to lead to

faster and better decision-making by its recipients, and all of society should benefit

from the resulting convenience and efficiency.

2.      Unfortunately, however, this information has also become readily

available for and subject to mishandling and misuse. Individuals can sustain

substantial damage, both emotionally and economically, whenever inaccurate

information or fraudulent information is disseminated about them.

3.      The ongoing technological advances in the area of data processing have

resulted in a boon for the companies that accumulate and sell data concerning

individuals' credit histories and other personal information. Such companies are

commonly known as consumer reporting agencies ("CRAs").

4.    Theses CRAs sell to readily paying subscribers (i.e., retailers, landlords, lenders, automobile dealers, potential employers, and other similar interested parties) information commonly called "consumer reports," concerning individuals who may be applying for retail credit, to lease an apartment, to obtain a mortgage, auto loan, employment, or the like.

5.    "Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies." *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).

6.    Congress made the following findings when it enacted the FCRA in 1970:

1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

3) Consumer reporting agencies have assumed a vital role in assembling and evaluation consumer credit and other information on consumers.

4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. § 1681(a)(1-4). Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b). Accordingly, "[t]he FCRA evinces Congress' intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities'". *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).

7.     Since 1970, when Congress enacted the Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 *et seq.* ("FCRA"), federal law has required CRAs to have in place and to utilize reasonable procedures "to assure the maximum possible accuracy" of the personal and financial information that they compile and sell about individual consumers.

8.     Plaintiff's claims arise out of the credit bureau defendants' blatantly inaccurate credit reporting, wherein Defendants Equifax, Experian, and Trans Union reported an inaccurate balance on a credit account. After Plaintiff's multiple disputes

of the credit bureau defendants' inaccurate reporting, Defendant Department Stores National Bank verified the account balance and continued to report the same to the credit bureau defendants.

9.    Accordingly, Plaintiff brings claims against Defendants Equifax, Experian, and Trans Union for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b), and failing to conduct a reasonable reinvestigation to determine whether information Plaintiff disputed was inaccurate and record the current status of the disputed information, or delete the disputed information from Plaintiff's credit file, in violation of the FCRA, 15 U.S.C. § 1681i.

10.    Plaintiff also brings a claim against Defendant Department Stores National Bank for failing to fully and properly reinvestigate Plaintiff's disputes and review all relevant information provided by Plaintiff and the credit bureau defendants, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

This action seeks actual, statutory, and punitive damages, costs and attorneys' fees for Plaintiff against Defendants for their willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* as described herein.

## THE PARTIES

11.     Plaintiff Kevin Michael Wood ("Plaintiff") is a natural person who resides in the State of Georgia, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

12.     Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company and resides in the State of Georgia, including in this District.

13.     Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14.     Defendant Experian Information Solutions, Inc. ("Experian") is a limited liability company that is authorized to do business in the State of Georgia, including in this District.

15.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

16.     Defendant Trans Union, LLC ("Trans Union") is a limited liability company that is authorized to do business in the State of Georgia, including in this District.

17.     Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

18.     Defendant Department Stores National Bank ("DSNB") is a national corporation with a principal place of business located at Sioux Falls, SD, and is authorized to do business in the State of Georgia, including within this District.

19.     Defendant DSNB is a credit grantor and "furnisher" of consumer information, referenced in 15 U.S.C. § 1681s-2(b).

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

22.     Plaintiff mailed multiple written disputes regarding inaccurate information in his Equifax credit report to Equifax located in Fulton County; Atlanta, Georgia.

23.     Defendant Equifax received Plaintiff's multiple written disputes in Fulton County; Atlanta, Georgia.

24.     Upon receipt of Plaintiff's disputes, Defendant Equifax forwarded such disputes to furnishers via Automated Consumer Dispute Verification electronic forms. Upon completion of its investigations pursuant to 15 U.S.C. § 1681s-2(b), the furnishers responded to Defendant Equifax's electronic communications, which originated from Atlanta, Georgia, by sending its results electronically to Defendant Equifax in Fulton County; Atlanta, Georgia

25.     Defendant Equifax then processed the dispute results at its National Consumer Assistance Center in Atlanta, Georgia, and mailed Plaintiff its final dispute results from Atlanta, Georgia.

## FACTS

### Summary of the Fair Credit Reporting Act

26.     The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the

rights of consumers to fairness and accuracy in the reporting of their credit information.

27.    The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…." 15 U.S.C. § 1681(b).

28.    The FCRA further requires that when preparing consumer reports a consumer reporting agency must follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

## The Credit Bureau's Processing of Credit Information

29.    Defendants Equifax, Experian, and Trans Union regularly receive information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.

30.    These sources are known as "furnishers" within the credit reporting industry and under the FCRA.

31.    Defendants collect information from thousands of furnishers.

32.     The process by which Defendants receive, sort, and store information is largely electronic.

33.     Furnishers report credit information to Defendants through the use of coded tapes that are transmitted on a monthly basis through software known as Metro 2.

34.     Defendants take the credit information reported by furnishers and create consumer credit files.

35.     Defendants maintain credit files on more than 200 million consumers.

36.     Credit files are updated electronically by the furnishers to reflect new information regarding the reported accounts (sometimes referred to within the industry as "tradelines").

## The Credit Bureaus' Method for Considering Consumer Credit Report Disputes

37.     The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes. *See* 15 U.S.C. § 1681i(a)(5)(D).

38.     Consumer reporting agencies Equifax, Experian, Trans Union, and Innovis have thus created the Online Solution for Complete and Accurate Reporting, or e-OSCAR, as the credit industries' standard of performance. e-OSCAR allows data furnishers to create and respond to disputes initiated by consumers by routing

credit reporting agency-created prompts for automated consumer dispute verifications to the appropriate data furnishers. e-OSCAR utilizes a numeric-alpha language specific to the credit reporting industry.

39.    That lexicon or unique language is commonly referred to in the credit reporting industry as "Metro II."  It is also known industry wide as the CDIA's "Credit Reporting Resource Guide."

40.    Metro II is driven by numeric codes that translate into specific alpha representations about consumers' creditworthiness and character that will ultimately appear on credit reports issued to third parties who make credit, insurance, rental, and employment decisions regarding consumers.

41.    Metro II codes are used on an industry wide form known within the credit industry as an Automated Consumer Dispute Verification ("ACDV") electronic form.

42.    The ACDVs have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

43.    These ACDV "fields" have various titles for the many substantive areas into which the Metro II codes can be entered.

11

44.     Upon receiving a dispute from a consumer, the credit bureaus have an automated system that prepares ACDVs that are sent to each of the data furnishers that are reporting the credit accounts disputed by a consumer.

45.     The data furnishers then have an obligation under the FCRA to conduct a reasonable reinvestigation with respect to the disputed credit account and review all relevant information provided by the consumer with the dispute to determine whether the disputed credit account information is accurate and/or belongs to the disputing consumer. *See* 15 U.S.C. § 1681s-2(b).

46.     Once the data furnisher completes its reinvestigation, it will code the ACDV accordingly, representing either that the disputed account was verified as accurate and belonging to the disputing consumer, updating information related to the account, or deleting the account entirely, and return the ACDV to the respective credit bureau(s) via eOSCAR.

**Plaintiff's August 25, 2021 Dispute with Equifax, Experian, and Trans Union**

47.     On or about August 25, 2021, Plaintiff filed written disputes regarding the inaccurate balance reporting on the following account, because each were reporting the incorrect balance:

Macy's/DSNB Tradeline, Partial Acct # #603534119203****

Inaccurate balance reported: Balance: $3,000

48.     Plaintiff's August 25, 2021 dispute specifically included Plaintiff's full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify Plaintiff and locate Plaintiff's credit file.

**Equifax and Trans Union's Responses to Plaintiff's August 2021 Dispute**

49.     Defendants temporarily updated the balance to the accurate amount.

**Experian's Response to Plaintiff's August 2021 Dispute**

50.     Defendant did not respond to Plaintiff's August 2021 dispute.

51.     Defendant did not indicate that Plaintiff's disputes were found to be frivolous or irrelevant.

52.     Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

53.     Thereafter, Defendant continued to report an inaccurate account balance on Plaintiff's credit file.

54.     Defendant failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Inaccurate Account Reporting on Plaintiff's Credit File as of October 1, 2021**

55.     Upon information and belief, as of October 1, 2021, Plaintiff's Experian, Equifax, and Trans Union credit reports were reporting an inaccurate balance on the following account:

> Account Name Macy's/DSNB
> Account Number 603534119203****
> Balance: $3,000

**Plaintiff's October 26, 2021 Dispute with Equifax, Experian, and Trans Union**

56.     On or about October 26, 2021, Plaintiff filed written disputes regarding the inaccurate balance reporting on the following account, because each were reporting the incorrect balance:

> Macy's/DSNB Tradeline, Partial Acct # #603534119203****

57.     Plaintiff's October 26, 2021 disputes specifically included Plaintiff's full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify Plaintiff and locate Plaintiff's credit file.

**Equifax, Experian, and Trans Union's Responses to Plaintiff's October 2021 Dispute**

58.     Upon receiving Plaintiff's disputes in October 2021, Equifax, Experian, and Trans Union sent ACDVs to the following furnisher regarding the following credit accounts Plaintiff disputed:

Macy's/DSNB Tradeline, Partial Acct # 603534119203****

59.     Macy's/DSNB failed to do a reasonable investigation and verified for Equifax, Experian, and Trans Union that Account #603534119203**** belongs to Plaintiff and that the account balance is accurately reporting on his credit report in violation of 15 U.S.C. § 1681s-2(b)(1).

60.     Equifax, Experian, and Trans Union completed their reinvestigation of Plaintiff's dispute and returned the results of its 15 U.S.C. § 1681i dispute reinvestigation to Plaintiff. Equifax, Experian, and Trans Union failed to properly reinvestigate and correct the balance on the disputed credit account, which continued to appear on Plaintiff's credit reports.

61.     Thereafter, Defendants continued to report an inaccurate account balance on Plaintiff's credit file.

## Inaccurate Account Reporting on Plaintiff's Experian Credit File as of December 1, 2021

62.     Upon information and belief, as of December 1, 2021, Plaintiff's Experian credit report was reporting an inaccurate balance on the following account:

Account Name Macy's/DSNB
Account Number 603534119203****
Balance: $3,000

**Plaintiff's January 12, 2022 Dispute with Equifax, Experian, and Trans Union**

63.    On or about January 12, 2022, Plaintiff filed written disputes regarding the inaccurate balance reporting on the following account, because each were reporting the incorrect balance:

Macy's/DSNB Tradeline, Partial Acct # #603534119203****

64.    Plaintiff's January 12, 2022 dispute specifically included Plaintiff's full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify Plaintiff and locate Plaintiff's credit file.

**Equifax, Experian, and Trans Union's Responses to Plaintiff's January 12, 2022 Dispute**

65.    Defendants did not respond to Plaintiff's January 12, 2022 dispute.

66.    Defendants did not indicate that Plaintiff's disputes were found to be frivolous or irrelevant.

67.    Defendants failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

68.    Thereafter, Defendants continued to report an inaccurate account balance on Plaintiff's credit file.

69.    Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Inaccurate Account Reporting on Plaintiff's Credit File as of May, 29 2022**

70.     Upon information and belief, as of May, 29 2022, Plaintiff's Experian, Equifax and Trans Union credit reports were reporting an inaccurate balance on the following account:

> Account Name Macy's/DSNB
> Account Number 603534119203****
> Balance: $3,000

**Inaccurate Account Reporting on Plaintiff's Credit File as of May 5, 2023**

71.     Upon information and belief, as of May 5, 2023, Plaintiff's Experian, Equifax, and Trans Union credit reports were reporting an inaccurate balance on the following account:

> Account Name Macy's/DSNB
> Account Number 603534119203****
> Balance: $3,000

72.     Within the two (2) years previous to the filing of this Complaint, Defendants prepared and distributed one or more consumer reports, as that term is defined by 15 U.S.C. § 1681a(d), pertaining to Plaintiff that contained misleading and inaccurate information.

73.     Defendants failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the personal and credit account

information contained within at least one of the credit files they maintain for Plaintiff.

74.     Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit files and of Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b).

75.     Defendants' failures to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit files and of Plaintiff's consumer reports was negligent and/or willful.

**CLAIMS FOR RELIEF**

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(First Claim For Relief Against Defendants)**

76.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-75 as if fully stated herein.

77.     Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file they published and maintain concerning Plaintiff.

78.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from his credit; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having inaccurate credit account information in his credit file.

79.     Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

80.     Plaintiff is entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim For Relief Against Defendants Equifax, Experian, and Trans Union)**

81.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-75 as if fully stated herein.

82.    Defendants violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after it received multiple notices of such inaccuracies; by failing to conduct a lawful reinvestigation on numerous occasions of both disputed credit accounts and hard inquiries; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

83.    As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from his credit; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having inaccurate credit account information in his credit file.

84.    Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

85.    Plaintiff is entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
## 15 U.S.C. § 1681g
## Failure to Provide Disclosures to Plaintiff

86.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-75 as if fully stated herein.

87.     Defendants violated 15 U.S.C. § 1681g by failing to provide Plaintiff's credit disclosure after each request.

88.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from Plaintiff's credit; detriment to Plaintiff's credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment.

89.     Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

90.     Plaintiff is entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
## 15 U.S.C. § 1681s-2(b)
## Failure to Conduct an Investigation of the Disputed Information and Review all Relevant Information Provided by the Consumer
## (First Claim For Relief Against Defendant Department Stores National Bank)

91.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-75 as if fully stated herein.

92.     Defendant Department Stores National Bank published the negative entries to Defendants Experian, Equifax, and Trans Union.

93.     Defendant Department Stores National Bank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of its inaccurate representations; by failing to review all relevant information regarding the same; by failing to accurately respond to Defendants Experian, Equifax, and Trans Union; by failing to correctly report results of an accurate investigation to Defendants Experian, Equifax, and Trans Union; and by failing to permanently and lawfully correct its own internals records to prevent the re-reporting of its inaccurate representations to Defendants Experian, Equifax, and Trans Union.

94.     As a result of Defendant Department Stores National Banks' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from his good credit; detriment to his credit rating; the

expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

95.     Defendant Department Stores National Banks' conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover attorney's fees and costs from Defendant Department Stores National Banks in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a)     Determining that each Defendant negligently and/or willfully violated the FCRA; and

b)     Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

97.     Plaintiff demands a trial by jury.


Dated:        7/24/2023                    JOSEPH P. MCCLELLAND, LLC


                                            */s/ Joseph P. McClelland*
                                            Joseph P. McClelland
                                            LAW FIRM OF JOSEPH P.
                                            MCCLELLAND, LLC
                                            Georgia Bar No: 483407
                                            235 East Ponce de Leon Avenue, Suite 215
                                            Decatur, GA 30030
                                            Telephone: (770) 775-0938
                                            Fax: (470) 468-0070
                                            Email: joseph@jacksonlaws.com


                                            *ATTORNEY FOR PLAINTIFF*