IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEAN ALEXANDER,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>  Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, JEAN ALEXANDER (hereinafter "Plaintiff" or "Mr. Alexander"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action against Defendant, for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAA"), 42 U.S.C. § 12101 *et seq.*, Defendant's violation of his rights under the Family and Medical Leave Act ("FMLA"), 29

U.S.C. § 2601, *et. seq* and Retaliation under Title VII of the Civil Rights Act of 1964.

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed his Charge of Discrimination against United Parcel Service, Inc. on March 9, 2022. The EEOC issued its Notice of Right to Sue on April 26, 2023.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because Plaintiff resides within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

6.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

7.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

8.

Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

9.

During all times relevant hereto, Defendant United Parcel Service, Inc., has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under FMLA.

10.

Plaintiff is a person with a disability inasmuch as he has an impairment causing substantial limitations in one or more major life activities, he has a record of disability, and because Defendant regarded him as having an impairment.

11.

Defendant owns, controls, manages and operates a United Parcel Service located in Atlanta, Georgia where Plaintiff was employed.

12.

Plaintiff is an "employee" as defined by Title VII of the Civil Rights Act and the Americans with Disabilities Act.

13.

Defendant is an "employer" as defined by Title VII of the Civil Rights Act, the Americans with Disabilities Act.

14.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

15.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

16.

Defendant United Parcel Service, Inc. is a Foreign Profit Corporation and is registered to do business in the State of Georgia. Defendant may be served by delivering a copy of the summons and complaint upon its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, GA 30060.

## FACTUAL ALLEGATIONS

17.

Plaintiff was employed by Defendant from approximately April 1, 2013, until September 30, 2021.

18.

Plaintiff held the position as a Picker at Defendant's store located in Louisville, KY.

19.

Plaintiff was promoted to Part time Supervisor on or about April 16, 2016, and relocated to New York.

20.

Plaintiff relocated to Atlanta, GA and was promoted to Full Time Supervisor on or about August 1, 2018.

21.

Plaintiff performed well while working for the Defendant.

22.

On or about April of 2018 Plaintiff started experiencing severe stress and anxiety due to the toxic/hostile work environment.

23.

Plaintiff was subjected to verbal abuse by his manager Bianca Fizer, she referred to plaintiff as a "dumb fuck" on multiple instances.

24.

While working Plaintiff was verbally abused by his Division Manager Terrance Thomas, Mr. Thomas told Plaintiff "No good deed goes unpunished he wasn't going to let him hit 10 years with the company."

25.

On multiple occasions Terrence Thomas would tell the staff to "get our head from our assess and get results" etc.

26.

Plaintiff filed a complaint with Human Resources through the hotline.

27.

Plaintiff filed a complaint with Human Resources regarding the toxic/hostile work environment.

28.

When Plaintiff didn't hear anything regarding his complaint, he contacted the corporate office hotline and complained about the toxic/hostile work environment.

29.

Due to the severe stress and anxiety, the Plaintiff began seeing a therapist.

30.

Plaintiff was diagnosed with anxiety disorder.

31.

Plaintiff filed for FMLA due to his diagnosed anxiety disorder.

32.

On or about June 30, 2021, Plaintiff met with Bianca Fizer, Derrell Ellis and Carl Bell to advise them that he was going out on FMLA.

33.

Plaintiff advised Bianca Fizer, Derrell Ellis and Carl Bell about his disability.

34.

Derrell Ellis told the Plaintiff that "he didn't feel comfortable with the plaintiff working because of the state of mind he was in."

35.

Plaintiff took FMLA Leave from July 1, 2021, to August 15, 2021.

36.

While out of FMLA Plaintiff continued to seek professional help due to his disability.

37.

While still out on FMLA, Plaintiff was contacted by Melissa from HR and was asked to participate in an investigation.

38.

Plaintiff met with HR even though he was still out on FMLA.

39.

Plaintiff was fearful he would lose his job if he did not help participate in the investigation.

40.

While in the meeting, Melissa questioned the Plaintiff regarding the culture at the job as well as what was going on in Plaintiff's department.

41.

Plaintiff told Melissa about the hostile work environment and how he was being treated.

42.

On or about August 15, 2021, Plaintiff returned to work in hopes that the discrimination and hostile work environment that he was enduring while at work were addressed.

43.

On or about September 1, 2021 Plaintiff's work badge was taken and Plaintiff was told to go home while they continued to investigate Plaintiff's complaints.

44.

On or about September 30, 2021, Defendant terminated the Plaintiff.

45.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

46.

Others outside the Plaintiff's protected class were treated differently.

## **COUNT I- TITLE VII ADA DISABILITY DISCRIMINATION**

47.

Plaintiff re-alleges and incorporates herein the foregoing paragraphs 1 through 46.

48.

Plaintiff had a disabling disease where he suffered from Generalized Anxiety Disorder.

49.

Defendant was aware of Plaintiff's disability.

50.

Defendant received notice from Plaintiff's physician regarding his condition.

51.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

54.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## **COUNT II- RETALIATION UNDER TITLE VII**
## **ADA DISABILITY**

55.

Plaintiff realleges and incorporates herein the foregoing paragraphs 1 through 54.

56.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his disability.

57.

Defendant engaged in retaliation by terminating Plaintiff for requesting reasonable accommodation thereby engaging in protected activity and opposing illegal activity.

58.

Defendant engaged in unlawful retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

59.

Defendant's retaliatory conduct, in violation of Title VII, caused Plaintiff to suffer a loss of pay and benefits.

## COUNT III – INTERFERENCE WITH EXERCISE OF FMLA RIGHTS

60.

Plaintiff realleges and incorporates herein the foregoing paragraphs 1 through 59.

61.

Defendant is an 'employer' as defined by the FMLA.

62.

Plaintiff was an eligible employee under the FMLA.

63.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

64.

Plaintiff was employed by Defendant for more than 12 months.

65.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

66.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

67.

Plaintiff had a serious medical condition as defined by the FMLA.

68.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

**COUNT IV – RETALIATION FOR EXERCISE OF FMLA RIGHTS**

69.

Plaintiff realleges and incorporates herein the foregoing paragraphs 1 through 68.

70.

Defendant is an 'employer' as defined by the FMLA.

71.

Plaintiff was an eligible employee under the FMLA.

72.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising his right to take leave as provided under the FMLA.

73.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him under the FMLA.

74.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

75.

Plaintiff is further entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully requests:

a. A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADAA;

b. A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

c. Judgment in favor of Plaintiff and against Defendant for damages including lost earnings, reinstatement, front pay, and/or actual monetary losses suffered as a result of Defendant's conduct.

d. Judgment in favor of Plaintiff and against Defendant for his reasonable attorney's fees and litigation expenses;

e. Judgment in favor of Plaintiff and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii) and,

f. Declaratory judgment that Defendant's practices toward Plaintiff violate his rights under ADA.

g. All other relief to which he may be entitled.

Dated this 24th day of July, 2023.

Respectfully submitted,

**THE LEACH FIRM, P.A.**

/s/Adeash Lakraj
Adeash A.J. Lakraj, Esq.
GA Bar No. 444848
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com
Email: avasquez@theleachfirm.com