**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PRASHANT KALAVAR and SHWETA KALAVAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | _____ |
| | ) | |
| **SAFECO INSURANCE COMPANY OF INDIANA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SAFECO INSURANCE COMPANY OF INDIANA'S ANSWER
TO PLAINTIFFS' PRASHANT KALAVAR AND
SHWETA KALAVER'S COMPLAINT**

COMES NOW Defendant, Safeco Insurance Company of Indiana ("Safeco" or "Defendant"), by and through its undersigned counsel, within the time limits allowed by law, without waiver of any affirmative defenses raised herein, and timely states its Answer to Plaintiffs' Prashant Kalavar and Shweta Kalavar ("Plaintiffs") Complaint (the "Complaint").

Safeco responds to the individually numbered paragraphs of the Complaint as follows:

1

## JURISIDICTION AND VENUE

### 1.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and such allegations are deemed denied.

### 2.

In responding to the allegations contained in Paragraph 2 of the Complaint, Safeco admits only that it is an insurance company which is registered to transact business in, and is doing business in, the State of Georgia and that it may be served with process through its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Safeco denies the remaining allegations contained in Paragraph 2 of the Complaint.

### 3.

Safeco admits the allegations contained in Paragraph 3 of the Complaint, but states that this matter has properly been removed from the Superior Court of DeKalb County to the United States District Court for the Northern District of Georgia, Atlanta Division.

## **STATEMENT OF FACTS**

4.

In responding to the allegations contained in Paragraph 4 of the Complaint, Safeco admits only that Safeco Insurance Company of Indiana issued Policy No. OX5948543 to named insureds Prashant Kalavar and Shweta Manjeshwa for property located at 8030 Prestick Circle, Duluth Georgia 30097 (the "Property"), with a policy period of July 27, 2021 to July 27, 2022, which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Safeco denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

In responding to the allegations contained in Paragraph 5 of the Complaint, Safeco admits only that the Policy provides coverage in accord with the terms, conditions, limitations and exclusions contained therein. Safeco denies the remaining allegations contained in Paragraph 6 of the Complaint.

6.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and such allegations are deemed denied.

7.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and such allegations are deemed denied.

8.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and such allegations are deemed denied.

9.

In responding to the allegations contained in Paragraph 9 of the Complaint, Safeco admits only that Plaintiffs' claim was assigned claim number 049942182 and that a representative of Safeco inspected Plaintiffs' dwelling on July 7, 2023. Safeco denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Safeco admits only that a portion of Plaintiffs' claim was covered pursuant the Policy. Safeco denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Safeco denies the allegations contained in Paragraph 11 of the Complaint.

12.

Safeco denies the allegations contained in Paragraph 12 of the Complaint.

13.

Safeco denies the allegations contained in Paragraph 13 of the Complaint.

14.

Safeco denies the allegations contained in Paragraph 14 of the Complaint.

15.

Safeco denies the allegations contained in Paragraph 15 of the Complaint.

16.

Safeco admits the allegations contained in Paragraph 16 of the Complaint.

17.

Safeco denies the allegations contained in Paragraph 17 of the Complaint.

18.

Safeco denies the allegations contained in Paragraph 18 of the Complaint.

19.

Safeco denies the allegations contained in Paragraph 19 of the Complaint.

20.

Safeco denies the allegations contained in Paragraph 20 of the Complaint.

21.

Safeco denies the allegations contained in Paragraph 21 of the Complaint.

22.

Safeco denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT 1: BREACH OF CONTRACT

23.

Safeco incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully stated herein.

24.

In responding to the allegations contained in Paragraph 24 of the Complaint, Safeco admits only that it is required to compensate the Plaintiffs in accord with the terms, conditions, limitations and exclusions contained in the Policy and Safeco compensated those losses within the scope of coverages afforded. Safeco denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.

In responding to the allegations contained in Paragraph 25 of the Complaint, Safeco admits only that the Policy provides coverage in accord with the terms,

conditions, limitations and exclusions contained therein and Safeco compensated the Plaintiffs for those losses within the scope of coverages afforded. Safeco denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

Safeco denies the allegations contained in Paragraph 26 of the Complaint.

27.

Safeco denies the allegations contained in Paragraph 27 of the Complaint.

28.

Safeco denies the allegations contained in Paragraph 28 of the Complaint.

29.

Safeco denies the allegations contained in Paragraph 29 of the Complaint.

30.

Safeco denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT TWO – O.C.G.A. § 33-4-6: BAD FAITH, ATTORNEY'S FEES AND LITIGATION COSTS

31.

Safeco denies the allegations contained in Paragraph 31 of the Complaint.

32.

Safeco denies the allegations contained in Paragraph 32 of the Complaint.

33.

Safeco denies the allegations contained in Paragraph 33 of the Complaint.

34.

Safeco denies the allegations contained in Paragraph 34 of the Complaint.

35.

Safeco denies the allegations contained in Paragraph 35 of the Complaint.

In responding to the allegations contained in the final "WHEREFORE" paragraph of Plaintiff's Complaint, Safeco states that said paragraph, including subsections (A) – (E) contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, Safeco denies any factual allegations purportedly contained in said paragraph and denies that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Having fully responded to Plaintiffs' Complaint and without prejudice to the denials or other averments contained therein, Safeco asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Safeco denies each and every allegation, statement, matter or thing in the Complaint unless expressly admitted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Safeco for the recovery of attorney's fees or penalties upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim for "bad-faith" against Safeco upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims for statutory penalties fails as a matter of law because Safeco's adjustment of the Plaintiffs' claim was not frivolous or unfounded, was not willful, not intentional, not unreasonable, not in bad faith, and not stubbornly litigious, and Defendant has not caused Plaintiffs unnecessary trouble and expense.

## SIXTH DEFENSE

Plaintiffs have not sustained damage of the nature, and to the extent, claimed in the Complaint, and they are precluded from the recovery they seek.

## SEVENTH DEFENSE

The relief requested by Plaintiffs is barred because no action or omission by Safeco caused the Plaintiffs' injury or damage.

## EIGHTH DEFENSE

Plaintiffs' Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

## NINTH DEFENSE

The limit of insurance provided in the Policy is $610,000 for Coverage A – Dwelling; $305,000 for Coverage C – Personal Property; and a $10,000 limit for Fungi, Wet or Dry Rot, or Bacteria subject to a $1,000 deductible.  While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage compensable under the Policy, which is explicitly denied, Plaintiffs' claim is limited by these provisions of the Policy.

## TENTH DEFENSE

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at pages 1-7 of Form HOM-7030/EP 1/09,

provides, in pertinent part:

### BUILDING PROPERTY LOSSES WE COVER

We cover accidental direct physical loss to property described in **Building Property We Cover** except as limited or excluded.

_____

### BUILDING PROPERTY LOSSES WE DO NOT COVER

We do not cover loss caused directly or indirectly by any of the following excluded perils.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss:

*\*\**

**6.**   **a.**   wear and tear, marring scratching, deterioration;

*\*\**

**e.**   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;

*\*\**

However, we do insure for any resulting loss from items **1.** through **6.** unless the resulting loss is itself a Loss Not Insured by this Section.

*\*\**

**10.**   **Water Damage**, meaning:

**a. (1)** flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, storm surge or spray from any of these, whether or not driven by wind, including hurricane or similar storm; or

**(2)** release of water held by a dam, levee, dike or by a water or flood control device or structure;

11

    **b.**   water below the surface of the ground, including that which exerts pressure on, or seeps or leaks through a building, wall, bulkhead, sidewalk, driveway, foundation, swimming pool, hot tub or spa, including their filtration and circulation systems, or other structure;

    **c.**   water which escapes or overflows from sewers or drains located off the **residence premises**;

    **d.**   water which escapes or overflows from drains or related plumbing appliances on the residence premises. However, this exclusion does not apply to overflow and escape caused by malfunction on the **residence premises**, or obstruction on the residence premises, of a drain or plumbing appliance on the **residence premises**; or

    **e.**   water which escapes or overflows or discharges, for any reason, from within a sump pump, sump pump well or any other system designed to remove water which is drained from the foundation area.

Water includes any water borne materials.

This exclusion applies whether the water damage is caused by or resulting from human or animal forces or any act of nature.

Direct loss by fire, explosion or theft resulting from water damage is covered.

                    **\*\*\***

**12.**   **Neglect**, meaning your failure to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

                    **\* \* \***

**18.**   **Planning, Construction or Maintenance**, meaning faulty, inadequate or defective:

    **a.**   planning, zoning, development, surveying, siting;

**b**.   design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**c.**   materials used in repair, construction, renovation or remodeling; or

**d.**   maintenance;

of property whether on or off the ***Insured location*** by any person or organization. However, any ensuing loss not excluded is covered.

\*\*\*

19.   **Fungi, Wet or Dry Rot, or Bacteria** meaning the presence, growth, proliferation or spread of fungi, wet or dry rot, or bacteria. This exclusion does not apply to the extent coverage is provided for under **Additional Property Coverages— Fungi, Wet or Dry Rot, or Bacteria** in **Section I — Property Coverages**.

\*\*\*

**PERSONAL PROPERTY LOSSES WE DO NOT COVER**

We do not cover loss caused directly or indirectly by any of the **Building Property Losses We Do Not Cover**. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

Safeco offered and paid to the Plaintiffs all amounts arguably owing under their claim pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiffs for all covered loss sustained.  The Policy does not provide coverage for Plaintiffs' additional claimed losses based upon the provisions of the Policy quoted above.

13

## ELEVENTH DEFENSE

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at pages 8 of Form HOM-7030/EP 1/09, provides, in pertinent part:

> **ADDITIONAL PROPERTY COVERAGES**
> The following **Additional Property Coverages** are subject to all the terms, provisions, exclusions, and conditions of this policy.
> \*\*\*
> **2.** Reasonable Repairs. We will pay up to the amount stated in your Policy Declarations for the reasonable cost you incur for necessary repairs made solely to protect covered property from further damage, following a covered loss. This coverage does not increase the limit of liability applying to the property being repaired.

Safeco offered and paid to the Plaintiffs all amounts arguably owing under their claim pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiffs for all covered loss sustained. The Policy does not provide coverage for Plaintiffs' additional claimed losses based upon the provisions of the Policy quoted above. Any additional claim is for Plaintiff's claimed losses are not an applicable Peril Insured Against; were caused by a peril excluded under the Policy and no further payment is due or owing for expenses incurred by the Plaintiff for repairs performed, if any.

14

## <u>TWELFTH DEFENSE</u>

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at pages 9 of Form HOM-7030/EP 1/09, provides, in pertinent part:

> 10. Fungi, Wet or Dry Rot, or Bacteria. We will pay up to the amount stated in your Policy Declarations for:

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at pages 2 of 6 of Form HOM-7100/GAEP 9/19, further provides, in pertinent part:

> Item **10. Fungi, Wet or Dry Rot, or Bacteria** is deleted and replaced by the following:
>
> **10.** **Fungi, Wet or Dry Rot, or Bacteria**. In the event a covered cause of loss results in damage to covered property by **Fungi, Wet or Dry Rot, or Bacteria**, we cover:
>
> a. the direct physical loss to covered property caused by fungi, wet or dry rot, or bacteria including the cost to remove fungi, wet or dry rot, or bacteria from covered property, the cost to tear out and replace any part of the building or other covered property as needed to gain access to the fungi, wet or dry rot, or bacteria;
>
> b. consequential loss up to the **Fungi, Wet or Dry Rot, or Bacteria** Remediation limit of liability as stated in the Policy Declarations for:
>
> (1) the cost of any testing of air or property to confirm the absence, presence or

15

level of fungi, wet or dry rot, or
bacteria, whether performed prior to,
during or after removal, repair,
restoration or replacement. The cost of
such testing will be provided only to
the extent that there is a reason to
believe there is the presence of fungi,
wet or dry rot, or bacteria;

(2)     the cost to treat, contain, remove or
dispose of or remediate covered
property beyond that which is required
to repair or replace the covered
property physically damaged by a peril
insured against;

Safeco offered and paid to the Plaintiffs all amounts arguably owing under
their claim pursuant to the terms and conditions of the Policy and made a good faith
effort to compensate Plaintiffs for all covered loss sustained.  Further, Plaintiffs'
claimed losses are subject to the above Policy conditions and exclusions cited herein.
As a result, no further coverage is afforded pursuant to the Mold, Fungus, Wet Rot,
Dry Rot, Bacteria or Virus Endorsement for remediation of damage caused by Mold,
Fungus, Wet Rot, Dry Rot, Bacteria or Virus.  To the extent that any portion of
Plaintiff's remaining claimed losses are covered under the Policy, which is explicitly
denied, any payment is to be made in compliance with these provisions of the Policy.

## THIRTEENTH DEFENSE

The Policy issued by Safeco Insurance Company of Indiana to Prashant
Kalavar and Shweta Manjeshwa, at pages 12 of Form HOM-7030/EP 1/09, provides,

16

in pertinent part:

> **5.**  **Loss Settlement.** Covered property losses are settled as follows:
>
>> **a.**  **Replacement Cost.**  Property under Coverage A or B, including fences, at *replacement cost*, but not including those items list in **b.(2), b.(3)** and **(c)** below subject to the following:
>>
>>> **(1)**  We will pay the full cost of repair or replacement, but not exceeding the smallest of the following amounts:
>>>
>>>> **(a)**  the limit of liability under the policy applying to Coverage A or B;
>>>>
>>>> **(b)**  the *replacement cost* of that part of the damaged building or fence for equivalent construction and use on the same premises as determined shortly following the loss;
>>>>
>>>> **(c)**  the full amount actually and necessarily incurred to repair or replace the damaged building or fence as determined shortly following the loss;
>>>>
>>>> **(d)**  the direct financial loss you incur; or
>>>>
>>>> **(e)**  our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.
>>>
>>> **(2)**  When more than one layer of siding or roofing exists for **Building Property**

17

**We Cover**, we will pay for the replacement of one layer only. The layer to be replaced will be at your option. The payment will be subject to all other policy conditions relating to loss payment.

When more than one layer of finished flooring exists we will pay for the finish of only one layer.

**(3)** If the cost to repair or replace is $2,500 or more, we will pay the difference between ***actual cash value*** and ***replacement cost*** only when the damaged or destroyed property is repaired or replaced.

**(4)** You may disregard the ***replacement cost*** loss settlement provisions and make claim under this policy for loss or damage to buildings on an ***actual cash value*** basis but not exceeding the smallest of the following amounts:

**(a)** the applicable limit of liability;

**(b)** the direct financial loss you incur; or

**(c)** our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

You may still make claim on a ***replacement cost*** basis by notifying us of your intent to do so within 180 days after the date of loss.

**b.** ***Actual Cash Value.***

**(1)** Personal property covered under Coverage C;

**(2)** Wood fences, outdoor antennae and awnings, all whether attached or not to buildings; and

**(3)** Structures that are not buildings under Coverage B, except driveways, walkways and other structures connected to the building by only a fence, utility line, plumbing or similar connection;

at ***actual cash value*** at the time of loss not exceeding the amount necessary to repair or replace.

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at Form HOM-7100/EP 9/19, provides, in pertinent part:

Under **5. Loss Settlement**, item **a.(3)** is deleted and replaced by the following:

**(3)** If the cost to repair or replace is $2,500 or more, we will pay the difference between actual cash value and replacement cost only when the damaged or destroyed property is repaired or replaced.

The following is added to **5. Loss Settlement**:

**c.** We will not pay for any loss in value of property, whether actual or perceived, or any;

**(1)** adverse impact on the ownership of, or transfer of ownership or title of

          property; or

**(2)**      adverse impact on the acquisition of financing resulting from the covered physical damage to the property. If **Mortgage Acquisition Expense Coverage** or **Mortgage Extra Expense Coverage** is provided under Additional Property Coverages, the application of this provision **(2)** does not apply to the extent coverage is provided for **Mortgage Acquisition Expense** or **Mortgage Extra Expense**.

Upon information and belief, Plaintiffs have not paid for the replacement of the property alleged to have been damaged in the water loss at issue, and actual repair or replacement is not complete. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained unreimbursed damage compensable under the policy, which is explicitly denied, the measure of damage is determined at Actual Cash Value until actual repair or replacement is complete.

<u>**FOURTEENTH DEFENSE**</u>

The Policy issued by Safeco Insurance Company of Indiana to Prashant Kalavar and Shweta Manjeshwa, at page 13 of Form HOM-7030/EP 1/09, provides, in pertinent part:

      **12.**     **Mortgage Clause.**

> The word "mortgagee" includes trustee. If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is name, the order of payment shall be the same as the order of precedence of the mortgages.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiffs sustained damage to the dwelling beyond that measured by Safeco, and which is compensable under the Policy, which is explicitly denied, any amount owed to Plaintiffs pursuant to the Policy for damage to the dwelling, which amounts are denied, must be paid in accord with the foregoing Policy provisions.

## FIFTEENTH DEFENSE

Plaintiffs' Complaint fails to specifically state items of special damage claimed and therefore fails to comply with Fed. R. Civ. P. Rule 9.

## SIXTEENTH DEFENSE

Inasmuch as the Complaint does not describe the Plaintiffs' underlying claims or damages with sufficient particularity to enable Safeco to determine all of its legal, contractual and equitable rights, Safeco reserves the right to amend or supplement the averments of this Answer to assert any and all defenses ascertained through further investigation and discovery in this action.

**WHEREFORE**, Safeco respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 25th day of July 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Safeco Insurance Company**
**Of Indiana**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PRASHANT KALAVAR and** ) | |
| **SHWETA KALAVAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **vs.** ) | _____ |
| ) | |
| **SAFECO INSURANCE COMPANY** ) | |
| **OF INDIANA** ) | |
| ) | |
| **Defendant.** ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed Defendant Safeco Insurance of Indiana's Answer to Plaintiffs Prashant Kalavar's and Shweta Kalavar's Complaint with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to all parties to this matter as follows:

Carson Jeffries, Esq.
Carter Jeffries LLC
cjeffries@moldfirm.com

This 25th day of July 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter

24

Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Safeco Insurance Company**
**Of Indiana**