## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHELSEA RAYNE WINTERS,

    Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and CAPITAL
ONE, N.A.,

    Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, CHELSEA RAYNE WINTERS (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and CAPITAL ONE, N.A. ("Capital One"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Plaintiff is a natural person and resident of Lane County in the State of Oregon. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, each of the Defendants transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.    Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.    Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.    Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Capital One is a FDIC insured national bank headquartered at 1680 Capital One Drive, McLean, Virginia 22102 that conducts business in the State of Georgia.

19.     Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Capital One furnished inaccurate information about Plaintiff to the CRAs.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to Capital One as to a credit card, partial account #0062.

22.     Plaintiff does not owe the Capital One debt for account #0062.  This was an account takeover where the criminal used the card without Plaintiff's permission.  Plaintiff does not owe the Capital One debt for account #4878.  Plaintiff never applied, nor authorized anyone to apply using her information for account #4878.

23.     On or about June 16, 2022, Plaintiff's car was broken into, and her purse was stolen from the trunk of her car which contained her wallet. Immediately Plaintiff began to contact credit card accounts and banking accounts to notify them of the theft, have alerts placed regarding the theft, and close the accounts.

24.     However, on that same day, Plaintiff began receiving Credit Karma alerts regarding hard inquiries on her credit file.

25.     A few days later when contacting Capital One to pay her valid account, Plaintiff learned that the thief that stole her purse had successfully opened Capital One credit cards in her name.  She requested for dispute alerts to be placed on her account.

26.     On or about July 11, 2022, Plaintiff contacted Experian and added a personal statement within her credit report regarding the fraud:

**Personal Statements**

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 541-606-6975. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 07-11-22.

27.     On September 1, 2022, Plaintiff filed an identity theft report to the Federal Trade Commission (report no. 151243187), informing them that she

believed she was a victim of either a mixed file or identity theft due to the Capital One credit cards being opened without her authorization.

28.  On April 24, 2023, obtained copies of her credit reports. Upon her review, the Capital One account ending in x0062 was being negatively reported on her credit file with a balance of $847 and with a status of "Charge Off", and further, the Capital One account ending in x4878 was being negatively reported on her credit file with a balance of $437 and with a status of "over 120 days past due" (hereinafter collectively the "Capital One Accounts"). Plaintiff did not owe either balance to Capital One.  She never opened the fraud account, and she clearly disputed the account take over on the other account. Such reporting negatively impacted Plaintiff's credit scores.

29.  Around April 28, 2023, Plaintiff reported the fraudulent Capital One Accounts to the Consumer Financial Protection Bureau ("CFPB"), File ID 230428-10968458.

30.  In the CFPB Complaint, Plaintiff detailed the fact that she never authorized the Capital One Accounts, the CRAs were reporting the erroneous accounts on her credit report, and requested an investigation into the fraudulent accounts and the CRAs inaccurate reporting.

31.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

32.    Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on her credit report.

33.    On May 9, 2023, Plaintiff mailed a detailed written dispute letter to the CRAs concerning incorrect personal identifying information on her credit file, unauthorized hard inquiries, and the continued inaccurate reporting of the fraudulent Capital One Accounts that did not belong to her and was most likely the result of either a mixed file or identity theft. In the letter, Plaintiff included an image of her driver's license to confirm her identity. Plaintiff also included images from her credit reports of the erroneous reporting of the fraudulent Capital One Accounts, an image of her confirmation of filing of her FTC Identity Theft Report, and images of text communications with an officer with the Eugene Police Department who issued a driving citation against the person who was impersonating Plaintiff and using Plaintiff's personal identifying information.

34.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (7022 3330 0000 3113 9144), Experian (7022 3330 0000 3113 9151), and Trans Union (7022 3330 0000 3113 9168).

35.    On May 18, 2023, Trans Union responded to Plaintiff's written dispute letter by stating the incorrect personal identifying information was updated, and that the Capital One Accounts for "VERIFIED AS ACCURATE".

36.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

37.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Capital One.

38.    Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39.    On May 19, 2023, Equifax responded to Plaintiff's written dispute letter by stating the personal identifying information provided did not match the credit file and request additional information to confirm her identity.  This request was merely an attempt to block Plaintiff's right to dispute under the FCRA.

40.    Equifax never attempted to contact Plaintiff during the alleged investigation and failed to do an independent investigation.

41.    On May 22, 2023, Experian responded to Plaintiff's written dispute letter by stating the disputed inquiries were removed. However, the Capital One Accounts continued to be reported and were not investigated.

42.    On July 24, 2023, Plaintiff mailed a detailed written dispute letter to the CRAs again concerning incorrect personal identifying information on her credit file, unauthorized hard inquiries, and the continued inaccurate reporting of the fraudulent Capital One Accounts that did not belong to her and was most likely the result of either a mixed file or identity theft. In the letter, Plaintiff included an image of her driver's license to confirm her identity. Plaintiff also included images from her credit reports of the erroneous reporting of the fraudulent Capital One Accounts, an image of her confirmation of filing of her FTC Identity Theft Report, and images of text communications with an officer with the Eugene Police Department who issued a driving citation against the person who was impersonating Plaintiff and using Plaintiff's personal identifying information.

43.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (7022 0410 0001 7850 6414), Experian (7022 0410 0001 7850 6438), and Trans Union (7022 0410 0001 7850 6421).

44.    To date, Plaintiff has not received dispute results from her latest disputes.

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    Experian failed to do any independent investigation into Plaintiff's dispute regarding the Capital One Accounts.

47.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

48.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix her credit;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

    iv.   Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    v.   Reduction in credit score;

vi.     Apprehensiveness to apply for credit due to the fear of rejection; and

vii.    Defamation as Equifax published inaccurate information to third party entities.

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

49.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

50.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

52.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

53.    Equifax violated its own policies and procedures by not removing the fraudulent Capital One Accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

54.    Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.


**COUNT II**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

56.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

57.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

59.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

60.     Equifax violated its own policies and procedures by not removing the fraudulent Capital One Accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

61.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Negligent)

63.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Capital One.

66.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Equifax Information Services LLC (Willful)**

69.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

70.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

71.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Capital One.

72.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

73.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

76.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

78.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

79.     Experian violated its own policies and procedures by not removing the fraudulent Capital One Accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

80.     Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

82.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

83.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

84.    Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

85.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

86.     Experian violated its own policies and procedures by not removing the fraudulent Capital One accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

87.     Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

89.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

90.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Capital One.

92.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

93.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Capital One.

98.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

99.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
**Violations of 15 U.S.C. § 1681e(b) as to**

**Defendant, Trans Union LLC (Negligent)**

101.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

102.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

103.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

104.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

105.   Trans Union violated its own policies and procedures by not removing the fraudulent Capital One Accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

106.   Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

108.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

109.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

110. Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

111. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

112. Trans Union violated its own policies and procedures by not removing the fraudulent Capital One Accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

113. Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

114. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal

rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Negligent)

115.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-

eight (48) above as if fully stated herein.

116.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. §

1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source

it has to know is unreliable.

117.   Despite the large amount of information and documentation produced

by Plaintiff demonstrating the fraud, Trans Union refused to conduct any

independent investigations into Plaintiff's disputes and simply transferred the duty

to investigate to the furnisher, Capital One.

118.   As a direct result of this conduct, action and/or inaction of Trans Union,

Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

119.   Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

120.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Willful)

121.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

122.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

123.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Capital One.

124.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

125.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages, and punitive damages

against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XIII**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Capital One, N.A. (Negligent)**

127.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

128.    Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

129.    After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

130.    Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account did not belong to Plaintiff.

131.    Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

132.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

133.   As a result of the conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

134.   Capital One's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Capital One, N.A. (Willful)

136.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

137.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

138.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully

correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

139.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account did not belong to Plaintiff.

140.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

141.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

142.   As a result of the conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit

score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

143.   Capital One's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

144.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA RAYNE WINTERS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHELSEA RAYNE WINTERS, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and CAPITAL ONE, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of July 2023.

Respectfully Submitted,

**/s/ *Octavio Gomez***

Octavio "Tav" Gomez, Esq.
Georgia Bar #: 617963
Florida Bar #: 0338620
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com