UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACEY CRAWFORD<br><br>　　Plaintiff,<br><br>v.<br><br>MEGABUS NORTHEAST LLC<br>d/b/a MEGABUS,<br><br>　　Defendant. | CASE NO.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant MEGABUS NORTHEAST LLC d/b/a MEGABUS, hereby files this Notice of Removal of the action now pending in the State Court of Gwinnett County, State of Georgia, Civil Action File No. 23-C-04159-S3, styled as *STACEY CRAWFORD v. MEGABUS NORTHEAST LLC d/b/a MEGABUS* (the "State Court Action"), respectfully showing this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1.　　On June 16, 2023, Plaintiff Stacey Crawford ("Plaintiff") filed the State Court Action in the State Court of Gwinnett County, State of Georgia. Copies of the

1

Summons, Complaint, and all other filings in the State Court Action are attached hereto as **Exhibit "1"** in accordance with 28 U.S.C. § 1446(a).

2. On June 16, 2023, the Clerk of the State Court of Gwinnett County, Georgia issued Plaintiff a summons for service upon Defendant.

3. In the State Court Action, Plaintiff asserts three claims for negligence: (1) negligence with the underlying vehicle; (2) negligence as to the aftermath; and (3) negligent hiring, training, & supervision.

4. On June 26, 2023, Plaintiff alleged to have served Defendant by effecting service upon Defendant's registered agent, CT Corporation System. *See* Sheriff's Entry of Service included in Exhibit "1." Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) and Fed.R.Civ.P. 6(a)(1)(C).

## COMPLET DIVERSITY EXISTS

5. Pursuant to 28 U.S.C. § 1332(a), the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant.

6. Plaintiff is a citizen of the State of Louisiana. (*See* Complaint ¶ 5 ("plaintiff was traveling from New Orleans, LA to Atlanta, GA.")

7. Defendant is a limited liability company organized and existing under the laws of the State of Delaware.

8. Defendant's sole member is Independent Bus Co., Inc. is a corporation existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Therefore, Defendant, is a citizen of New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

## **THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION**

9. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

10. The Supreme Court of the United States has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

11. When determining whether the amount-in-controversy amount has been met, the district court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

12. In the State Court Action, Plaintiff alleges special damages claim $61,943.19, representing past medical expenses and lost wages. (Complaint, ¶¶ 26-27 [Doc. 1-1, p. 5]. Therefore, the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

13. Plaintiff alleges she has severe injuries. (Compl. ¶ 25).

14. Courts have held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

15. Plaintiff alleges she seeks recovery of general damages for pain and suffering. (Compl. at WHEREFORE/ad damnum clause, (b)).

16. "'Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'" Ramos v. Aetna Life Ins. Co., No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

17. "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

18. Because the amount in controversy in the State Court Action will exceed $75,000.00, exclusive of interest, costs, and attorney's fees, the amount in controversy requirement necessary for removal pursuant to 28 U.S.C. §§ 1332(a), 1441(b) is satisfied.

## **REMOVAL TO THIS COURT IS PROCEDURALLY PROPER**

19. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the State Court Action is pending.

20. Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant filed this Notice of Removal within thirty days of alleged service on June 26, 2023.

21. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of Gwinnett County, Georgia

WHEREFORE, Defendant Megabus Northeast LLC d/b/a Megabus respectfully submit this matter to this Court's jurisdiction and remove the State Court Action to this Court.

Respectfully submitted this 25th day of July, 2023.

**WILSON, ELSER, MOSKOWITZ, EDELMAN AND DICKER, LLP**

| | |
|---|---|
| 3348 Peachtree Rd. NE | */s/ Lawrence Lee Washburn IV* |
| Suite 1400 | Lawrence Lee Washburn IV |
| Atlanta, GA 30326 | Georgia Bar No. 562374 |
| (470) 419-6650 (Main) | Bryan Dayton |
| (470) 419-6651 Fax | Georgia Bar No.: 623373 |
| lee.washburn@wilsonelser.com | *Counsel for Defendant Megabus* |
| bryan.dayton@wilsonelser.com | *Northeast LLC d/b/a Megabus* |

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I filed foregoing **NOTICE OF REMOVAL** via email and by filing it using the Clerk of Court's CM/ECF e-filing system, which will send electronic notification to the following counsel of record:

John E. Alday
Robert D. Johnson
JOHNSON & ALDAY, LLC
219 Roswell St. NE
Marietta, GA 30060
john@johnsonalday.com
bobby@johnsonalday.com
*Attorneys for Plaintiff*

Dated: July 25, 2023

/s/ *Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Attorney for Defendant*