## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TODD A. CROSBY and STEVEN R. SAYLOR, | ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | FILE NO.: _____ |
| v. | ) | |
| | ) | |
| STAN KOCH & SONS TRUCKING, INC., JILL ANN NOLAND, CITY OF DOUGLAS GEORGIA and CSX TRANSPORTATION, INC., | ) ) ) ) ) | |
| | ) | Plaintiffs Demand a Jury Trial |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Todd A. Crosby ("Crosby") and Steven R. Saylor ("Saylor"), by and through counsel, do hereby bring this Complaint for damages against Defendants Stan Koch & Sons Trucking, Inc. (hereinafter "SKST"), Jill Ann Noland (hereinafter "Noland"), the City of Douglas, Georgia (hereinafter "City of Douglas") and CSX Transportation, Inc. (hereinafter "CSXT") and allege the following:

## JURISDICTION AND VENUE

1. Plaintiff Todd A. Crosby is a citizen and resident of Starke, Bradford County, Florida.

2.  Plaintiff Steven R. Saylor is a citizen and resident of Shiloh, Harris County, Georgia.

3.  Defendant SKST is a foreign corporation registered in Georgia, with its principal place of business at 4200 Dahlberg Drive, Suite 100, Golden Valley, Minnesota, 55422.

4.   Defendant SKST can be served with process by serving its registered agent, The Shawkat Law Firm, PC at 5790 McIntyre Way, Cumming, GA 30040.

5.  Defendant Jill Ann Noland is now, and was at the time of the incident which is the subject matter of this Complaint, a citizen and resident of Iowa and resides at 118 Wilkinson Avenue, Iowa Falls, Iowa, 50126.

6.  Defendant Noland may be served with process at 118 Wilkinson Avenue, Iowa Falls, Iowa, 50126.

7.  Defendant City of Douglas is a municipal corporation existing under the laws of the State of Georgia, and is subject to the jurisdiction and venue of this Court. Defendant City of Douglas can be served with process through Tony Paulk, Mayor at 302 South Madison Avenue, Douglas, Georgia 31534.

8.  Pursuant to O.C.G.A. § 36-33-5, notices of the claims of Plaintiffs were served via statutory certified mail to the Mayor of the City of Douglas, the Honorable Tony Paulk, and the City Manager of the City of Douglas, Charles Davis on May 23, 2022.

9.  Plaintiffs have met all applicable requirements of O.C.G.A. § 36-33-5.

10. Defendant CSXT resides in the Northern District of Georgia. Defendant CSXT maintains a registered agent in Georgia and has railroad lines, tracks, engines, and boxcars that is maintains in the Northern District of Georgia.

11. Defendant CSXT can be served with process through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

12. Defendant CSXT is common carrier by railroad, incorporated in the State of Virginia, with its principal place of business in the State of Florida.

13. Defendant CSXT is engaged in interstate commerce and operates a freight railroad throughout many counties in Georgia, carries on significant operations in Georgia, and specifically owns and operates multiple rail yards in the Northern District of Georgia.

14. Defendant CSXT does business and was at all times mentioned herein doing business within the jurisdiction of this Court as a common carrier by railroad of intrastate and interstate commerce, engaged in interstate transportation for hire and commerce.

15. Defendant CSXT maintains a registered agent, rail lines, offices, rail yards, railroad track, railcars, and locomotives within the jurisdiction of this Court as a common carrier by rail of intrastate and interstate commerce.

16. Plaintiff Crosby is, and was at all times relevant to this Complaint, an employee of Defendant CSXT.

17. Plaintiff Saylor is, and was at all times relevant to this Complaint, an employee of Defendant CSXT.

18. Jurisdiction in this Court is proper with respect to Defendants Stan Koch & Sons Trucking, Inc. and Noland by virtue of 28 U.S.C. §§ 1332 and 1367, as well as O.C.G.A. § 9-10-91.

19. Jurisdiction and venue in this Court is proper with respect to the City of Douglas.

20. Jurisdiction in this Court is proper with respect to Defendant CSXT by virtue of 45 U.S.C. § 56.

21. Venue in the Court is proper with respect to Defendants SKST and Noland pursuant to 28 U.S.C. § 1391.

22. Venue in the Court is proper with respect to Defendant CSXT pursuant to 28 U.S.C. § 1391.

23. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs for each and every Defendant listed herein.

24. Plaintiffs' action(s) arise, in part, under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, and the statutes and regulations

promulgated and enforced by the Secretary of Transportation and the Federal Railroad Administration. Plaintiffs avail themselves of the rights, benefits, and immunities afforded them under the FELA, including the right to maintain this action in this Court.

25. At the time of Plaintiffs' injuries on February 7, 2022, Plaintiffs, as employees, and Defendant CSXT, as employer, were mutually engaged in acts and services in the furtherance of interstate commerce and were engaged in work which directly, closely, and substantially affected the general interstate commerce carried on by Defendant CSXT.

## FACTS

26. This action was filed within the applicable three-year statue of limitations against CSXT governing lawsuits pursuant to the FELA.

27. This action was filed within the applicable two-year statute of limitations period governing personal injury tort lawsuits under Georgia law as to Defendants SKST, Noland, and City of Douglas.

28. Defendant CSXT is an employer subject to the FELA.

29. At all times relevant to this civil action, Defendant CSXT had a non-delegable duty to provide Plaintiffs with a reasonably safe place to work.

30. At all times material hereto, the CSXT freight train operated by Plaintiffs was under the exclusive control and possession of Defendant CSXT.

31. On February 7, 2022, at approximately 12:55 p.m. (ET), Plaintiffs were traveling eastbound from Manchester, Georgia to Jacksonville, Florida while working as a freight conductor and locomotive engineer for CSX Transportation, Inc. on a freight train at the subject railroad grade crossing at the intersection of South McDonald Avenue and East Railroad Street in Douglas, Coffee County, Georgia.

32. On February 7, 2022, and at all times relevant hereto, Defendant Noland, was an employee of Defendant SKST.

33. On February 7, 2022, Defendant SKST owned the semi-truck and trailer that were operated by Defendant Noland and involved in the subject collision with the CSXT freight train operated by Plaintiffs.

34. Defendant Noland was acting within the scope and course of her employment with Defendant SKST at the time of the subject crossing collision, and at all other times material to this action.

35. On February 7, 2022, Defendant Noland disobeyed traffic control devices and approached the railroad crossing at the intersection of South McDonald Avenue and East Railroad Street in Douglas, Coffee County, Georgia.

36. On February 7, 2022, while acting within the scope and course of her employment with Defendant SKST, Defendant Noland caused the Defendant SKST-owned semi-tractor and trailer she was operating to become stuck

upon the highway crossing at grade that is located at the intersection of South McDonald Avenue and East Railroad Street in the City of Douglas, Georgia, directly in the path of the oncoming CSXT freight train operated by Plaintiffs.

37. Plaintiffs Crosby and Saylor, while operating the CSXT freight train in a safe and reasonable manner, were unable to stop the freight train before it violently struck the semi-tractor and trailer that Defendant Noland had caused to become stuck on the railroad crossing at grade. The subject impact caused the trailer to be torn away from the semi-tractor and become wedged under the lead locomotive of the CSXT freight train operated by Plaintiffs.

38. When the trailer became wedged under the locomotive of the CSXT freight train, it caused the lead locomotive to derail and to slide along the railroad track for approximately 800 feet before turning over on its side and violently plowing into the ground. The lead locomotive of the CSXT freight train, which was carrying both Plaintiffs, traveled approximately 400 feet on its side before coming to rest.

39. As evidenced by multiple videos, several railcars in the CSXT freight train consist were also caused to derail as a result of the subject collision, including, but not limited to, hazardous materials, chemicals, and substances.

40. As a direct result of the subject incident, Plaintiff Crosby suffered severe and extreme trauma, including, but not limited to, injury to his head, neck, back, torso, shoulder, chest, hip, neurological impairment(s), knees, and whole body.

41. As a direct result of the subject incident, Plaintiff Saylor suffered severe and extreme trauma, including, but not limited to, injury to his head, neck, back, torso, neurological impairment(s), hip, and whole body.

42. Plaintiff Crosby continues to suffer severe chronic pain to his head, neck, back, torso, shoulder, chest, hip, knees, neurological impairment(s), and whole body.

43. Plaintiff Saylor continues to suffer severe chronic pain to head, neck, back, torso, hip, neurological impairment(s), and whole body.

44. Plaintiff Crosby continues to suffer psychological trauma, severe chronic pain, nightmares, sleep disturbances, and severe anxiety due to the injuries sustained as a result of the accident.

45. Plaintiff Saylor continues to suffer psychological trauma, severe chronic pain, nightmares, sleep disturbances, and severe anxiety due to the injuries sustained as a result of the accident.

46. At the time of the filing of this Complaint for damages, Plaintiff Crosby remains an employee of Defendant CSXT. Plaintiff Crosby was never charged with a violation of a CSXT operating or safety rule.

47. At the time of the filing of this Complaint for damages, Plaintiff Saylor remains an employee of Defendant CSXT. Plaintiff Saylor was never charged with a violation of a CSXT operating or safety rule.

48. As a direct result of the subject incident, Plaintiff Crosby has been caused to lose income and fringe benefits, which he otherwise would have earned. With reasonable certainty, he will also be caused to suffer lost earning capacity in the future. His ability to work and earn income and fringe benefits has been permanently impaired.

49. As to Defendants SKST, Noland, and City of Douglas, as a direct result of the subject incident, Plaintiff Crosby has been caused to incur medical bills and expenses.

50. As a direct result of the subject incident, Plaintiff Saylor has been caused to lose income and fringe benefits, which he otherwise would have earned. With reasonable certainty, he will also be caused to suffer lost earning capacity in the future. His ability to work and earn income and fringe benefits has been permanently impaired.

51. As to Defendants SKST, Noland, and City of Douglas, as a direct result of the subject incident, Plaintiff Saylor has been caused to incur medical bills and expenses.

52. The subject highway rail grade crossing is located in the City of Douglas, Coffee County, Georgia and is, and was at all times relevant hereto, maintained by Defendants CSXT, upon inspection and notice from any government entity and/or road authority, and City of Douglas.

53. The subject highway rail grade crossing is located in the City of Douglas, Coffee County, Georgia and is, and was at all times relevant hereto, subject to inspection and notification by Defendants City of Douglas and CSXT.

54. The subject highway rail grade crossing maintenance was subject to a joint duty between Defendant CSXT and Defendant City of Douglas.

55. The subject highway rail grade crossing received federal funds for the implementation, design, and construction for the installation of passive and active warning systems.

56. The subject highway rail grade crossing has been subject to more than one complaint from the general public about its construction, lack of signage and failure to install adequate warnings and signals.

57. Defendant Noland was transporting freight in accordance with the scope of her employment. The freight Defendant Noland was transporting was

Alumacraft aluminum boats, which she was attempting to deliver to Southeastern Marine, 1506 East Ward Street, Douglas, Georgia.

58. The subject highway rail grade crossing was fouled by Defendant Noland, the driver/employee of Defendant SKST, as she caused the Defendant SKST-owned tractor-trailer she was operating to become stuck on the crossing.

59. After Defendant Noland caused the Defendant SKST-owned tractor-trailer to become stuck on the subject crossing, she initially began to attempt to free the tractor-trailer. Upon several failed attempts, when it became apparent to Defendant Noland that her tractor-trailer was incapable of movement, and upon her learning of an oncoming CSXT freight train, only then did she attempt to contact authorities to inform them she caused the tractor-trailer to become stuck on the subject crossing.

60. Defendant Noland did not make contact with the CSXT train crew, Plaintiffs Crosby and Saylor, prior to the collision. At no time prior to the collision did Defendant Noland present any flares and/or warning placards, including but not limited to, hazardous warning device(s), at the subject crossing.

61. Defendants SKST and Noland are not in possession of any evidence that Plaintiffs improperly handled the CSXT freight train.

62. Defendants SKST's tractor-trailer was equipped with GPS monitoring, dashcam, blackbox, and other alert monitoring systems that would include details about hard stops, collisions and/or accidents.

63. Defendant SKST's tractor-trailer had proper, working navigational system(s) at the time of the subject incident.

64. Defendant SKST's trailer had properly stowed landing gear at the time Defendant Noland caused the subject tractor-trailer to become stuck at the subject crossing.

65. Defendant Noland does not contend that there was another vehicle that caused or created her to become stuck on the subject crossing.

66. Defendant Noland, while in the course and scope of her employment with Defendant SKST, took an improper route to her delivery destination.

67. Defendant CSXT has reached a settlement as it relates to property damage, track repairs, and cleanup costs with Defendant SKST.

68. Defendant CSXT has reached a settlement as it relates to property damage, track repairs, and cleanup costs with Defendant Noland.

69. Defendant CSXT received payment and satisfaction for a release with Defendant SKST with regard to the settlement that relates to property damage, track repairs, and cleanup costs.

70. Defendant CSXT received payment and satisfaction for a release with Defendant Noland regard to the settlement that relates to property damage, track repairs, and cleanup costs.

71. Defendant SKST has settled with Defendant CSXT.

72. Defendant Noland has settled with Defendant CSXT.

73. To date, a Defendant CSXT vocational rehabilitation counselor has not contacted Plaintiff Saylor.

74. To date, a Defendant CSXT vocational rehabilitation counselor has not contacted Plaintiff Crosby.

## COUNT ONE
## VICARIOUS LIABILITY OF STAN KOCH & SONS TRUCKING, INC. AS TO PLAINTIFF TODD A. CROSBY

75. Plaintiffs re-allege and incorporate by reference the allegations contained above as though fully set forth herein.

76. Defendant SKST is liable for the negligent acts of its employee and agent, Defendant Noland, who at all times relevant to this Complaint was acting within the scope and course of her employment with Defendant SKST.

77. Defendant SKST is liable to Plaintiff Crosby pursuant to the doctrine of respondeat superior and agency principles.

78. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Crosby suffered severe, debilitating and permanent injuries.

79. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Crosby suffered, and continues to suffer, severe physical injury and pain, psychological injury and mental anguish.

80. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Crosby incurred medical expenses, and will continue to incur future medical expenses due to the nature and extent of his injuries.

81. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Crosby has suffered lost wages and benefits, and will continue to suffer future losses.

82. It was foreseeable that the negligence of Defendant SKST, its agent and/or employee, would cause a collision resulting in Plaintiff Crosby's damages and injuries.

### COUNT TWO
### NEGLIGENCE OF DEFENDANT JILL ANN NOLAND AS TO PLAINTIFF TODD A. CROSBY

83. Plaintiffs re-allege and incorporate by reference the allegations contained above as though fully set forth herein.

84. Defendant Noland breached the duty of care owed to Plaintiff Crosby and others as a professional driver and directly or proximately caused injuries to Plaintiff Crosby, including, but not limited to, one or more of the following acts of negligence and/or negligence *per se*:

14

(a) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and while operating a semi-tractor and trailer owned by Defendant SKST, failed to maintain a sufficient lookout for approaching trains at the railroad crossing at the intersection of South McDonald Avenue and East Railroad Street that she was attempting to cross in Douglas, Coffee County, Georgia;

(b) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and while operating a semi-tractor and trailer owned by Defendant SKST, failed to exercise ordinary care in avoiding a collision;

(c) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and while operating a semi-tractor and trailer owned by Defendant SKST, failed to timely notify CSXT and/or law enforcement that her semi-tractor and trailer were stuck on the subject railroad crossing at the intersection of South McDonald Avenue and East Railroad Street in Douglas, Coffee County, Georgia;

(d) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and

while operating a semi-tractor and trailer owned by Defendant SKST, drove the semi-tractor and trailer over a railroad grade crossing with a train approaching in violation of O.C.G.A. § 40-6-140(d), with such violation constituting negligence *per se*;

(e) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and while operating a semi-tractor and trailer owned by Defendant SKST, drove a vehicle over a railroad grade crossing with insufficient undercarriage clearance for the vehicle she was operating in violation of O.C.G.A. § 40-6-140(f), with such violation constituting negligence *per se*;

(f) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, failed to comply with official traffic control devices in violation of O.C.G.A. § 40-6-20, with such violation constituting negligence *per se*; and

(g) On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and

while operating a semi-tractor and trailer owned by Defendant SKST, drove with reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, with such violation constituting negligence *per se*.

85. As a direct and proximate result of Defendant Noland's negligence as described above, Plaintiff Crosby suffered, and continues to suffer, physical injury and pain, psychological injury and mental anguish.

86. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Crosby incurred medical expenses, and will continue to incur future medical expenses due to the nature and extent of his injuries.

87. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Crosby has suffered lost wages and benefits and will suffer future losses.

88. It was foreseeable that the negligence of Defendant Noland would cause a collision resulting in Plaintiff Crosby's damages and injuries.

**COUNT THREE**
**PUNITIVE DAMAGES AS TO JILL ANN NOLAND AS TO PLAINTIFF**
**TODD CROSBY**

89. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

90. On February 7, 2022, Defendant Noland was a professional truck driver operating a tractor-trailer pursuant to a commercial driver's license and owed a duty of care to Plaintiff Crosby to use the degree of care, skill and judgment which a reasonable professional driver would exercise in the same or similar circumstances.

91. On February 7, 2022, Defendant Noland failed to reasonably warn and/or attempt to warn Plaintiff Crosby, public safety officials, the railroad, or other motorists/individuals in the immediate area of the subject highway crossing at grade of the extremely hazardous condition she created by stopping the semi-tractor and trailer she was operating on a highway crossing at grade in the path of an approaching train in a conscious disregard and indifference for Plaintiff Crosby and others.

92. On February 7, 2022, the actions of Defendant Noland further endangered Plaintiff Crosby, other motorists/individuals, property, and the surrounding community by causing a derailment of the locomotives and several railcars that were part of the CSXT freight train operated by Plaintiffs after the subject collision.

93. The direct and proximate cause of Plaintiff Crosby's injuries and damages was the gross negligence of Defendant Noland.

94. Defendant Noland, while operating a commercial vehicle as a professional driver, acted in a wanton and reckless manner with a conscious disregard and indifference for the safety of Plaintiff Crosby and others.

95. In addition to compensatory damages, pursuant to O.C.G.A. § 51-12-5.1, Plaintiff Crosby is entitled to an award of punitive damages or exemplary damages in an amount to be determined by the enlightened conscience of the jury to deter Defendant Noland from engaging in future misconduct of the same or similar nature.

## COUNT FOUR
## PUNITIVE DAMAGES AS TO STAN KOCH & SONS TRUCKING, INC. AS TO PLAINTIFF TODD A. CROSBY

96. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

97. Defendant SKST's conduct herein was grossly negligent, reckless and consciously disregarding and/or indifferent to the safety and rights of the public and Plaintiff Crosby.

98. Defendant SKST was reckless, acting in conscious disregard and/or conscious indifference to the safety and rights of Plaintiff Crosby in at the following particulars:

   a) Defendant SKST continued to employ and entrust Defendant Noland to operate a tractor-trailer despite having actual and/or

reasonable notice that Defendant Noland was unfit for the job by way of Defendant Noland's poor performance and poor professional driving record;

b) Defendant SKST failed to properly supervise and/or train Defendant Noland on the proper operation of SKST's tractor-trailer; and

c) Defendant SKST failed to properly supervise Defendant Noland and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

99. The direct and proximate cause of Plaintiff Crosby's injuries and damages was the gross negligence of Defendant SKST, who acted in a wanton and reckless manner, with a conscious disregard and indifference for the safety of Plaintiff Crosby and others.

100. In addition to compensatory damages, pursuant to O.C.G.A. § 51-12-5.1, Plaintiff Crosby is entitled to an award of punitive damages or exemplary damages in an amount to be determined by the enlightened conscience of the jury to deter Defendant SKST from engaging in future misconduct of the same or similar nature.

**COUNT FIVE**
**NEGLIGENCE OF THE CITY OF DOUGLAS, GEORGIA AS TO**
**PLAINTIFF TODD A. CROSBY**

101. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

102. The City of Douglas, Georgia has a duty to the motoring public to provide safe and reasonable passage over public roads.

103. The City of Douglas, Georgia has a duty to CSXT train crews operating via rail, and through, the subject grade railroad crossing.

104. Defendant City of Douglas breached the duty of care owed to Plaintiff Crosby and others and directly or proximately caused injuries to Plaintiff Crosby, including, but not limited to, one or more of the following acts of negligence:

    a) Failure to ensure proper signage and adequate passive and/or active warning system(s) at and around the subject railroad crossing;

    b) Failure to eliminate the high vertical profile and/or grade of the subject railroad crossing; and

    c) Failure to provide adequate ground clearance.

105. The negligence of the City of Douglas, Georgia is in violation of its duty to provide the motoring public and train crews with safe and reasonable

passage over public roads, including the subject grade railroad crossing and surrounding roadway.

106. Defendant City of Douglas knew or should have known of the dangerous and/or hazardous conditions of the subject grade railroad crossing and surrounding roadway, and the hazard it presented to the motoring public and train crews traveling across the subject grade railroad crossing.

107. Prior to February 7, 2022, Defendant City of Douglas did not act reasonably in inspecting and/or maintaining the grade railroad crossing and surrounding roadway so as to prevent or correct the dangerous and/or hazardous condition.

108. As a direct and proximate result of Defendant City of Douglas' negligence as described above, Plaintiff Crosby suffered, and continues to suffer, physical injury and pain, psychological injury and mental anguish.

109. As a direct and proximate result of Defendant City of Douglas' negligence, as described above, Plaintiff Crosby incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of his injuries.

110. As a direct and proximate result of Defendant City of Douglas' negligence, as described above, Plaintiff Crosby has suffered lost wages and benefits and will suffer future losses.

111. It was foreseeable that the negligence of Defendant City of Douglas would cause a collision resulting in Plaintiff Crosby's damages and injuries.

112. At all times pertinent hereto, Defendant City of Douglas had knowledge of the unsafe and/or hazardous condition of the subject grade railroad crossing and surrounding roadway.

**COUNT SIX**
**NEGLIGENCE AND THE FEDERAL EMPLOYERS' LIABILITY ACT (FELA) AS TO DEFENDANT CSX TRANSPORTATION, INC. AS TO PLAINTIFF TODD A. CROSBY**

113. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

114. Defendant CSXT has a non-delegable duty to provide Plaintiff Crosby with a reasonably safe place to work.

115. Assumption of the risk is not a defense available to Defendant CSXT under a claim made by Plaintiff Crosby pursuant to the FELA.

116. The negligence of Defendant CSXT is in violation of its duty to provide Plaintiff Crosby with a reasonably safe place to work under the FELA, and its duty to maintain grade crossing in such condition as to permit the safe and reasonable passage of public traffic.

117. Plaintiff alleges that the acts of negligence of Defendant CSXT, which caused in whole, or in part, injury to Plaintiff include, but are not limited to, the following:

(a) Defendant CSXT, its agents and/or employees, were negligent in failing to ensure the track structure of the railroad crossing involved in the subject incident was properly maintained and compliant with all applicable federal and state regulations; and

(b) Defendant CSXT, its agents and/or employees, were negligent in failing to ensure adequate warning(s) and/or safeguard(s) were in place at the dangerous or ultrahazardous public crossing involved in the subject incident.

118. Defendant CSXT failed to properly coordinate, respond, and notify the CSXT train crew, Plaintiffs, in a timely manner of the known hazard, that being the tractor-trailer stuck on the subject crossing. The delay was unreasonable and inadequate.

119. Plaintiff Crosby's injuries were caused by the negligence of Defendant CSXT, and/or its agents, servants, or employees acting in the course and scope of their employment with Defendant CSXT, or by a known defect or insufficiency of the workplace.

120. Plaintiff Crosby's injuries and damages were caused, in whole, or in part, by Defendant CSXT's failure to use reasonable care to provide Plaintiff Crosby with a reasonably safe place to work.

121. Defendant CSXT knew or should have known, of the unsafe condition(s), inadequate practice(s) and improper operations as indicated in this Count that caused, or contributed to cause, either in whole, or in part, Plaintiff Crosby's injuries and damages.

122. Defendant CSXT failed to comply with the provisions and requirements of the FELA, 45 U.S.C. § 51, *et seq*. Defendant CSXT also failed to comply with its own rules and regulations.

123. Defendant CSXT's violation of the FELA was a legal cause of Plaintiff Crosby's injuries and damages.

124. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Crosby suffered severe, debilitating and permanent injuries.

125. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Crosby suffered, and continues to suffer, physical injury and pain, psychological injury and mental anguish.

126. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Crosby incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

127. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Crosby has suffered lost wages and benefits, and will continue to suffer future losses.

128. It is reasonably foreseeable that the negligence and/or statutory violations of Defendant CSXT as outlined in this Count would cause Plaintiff Crosby's injuries and damages.

**COUNT SEVEN**
**VICARIOUS LIABILITY OF STAN KOCH & SONS**
**TRUCKING, INC. AS TO PLAINTIFF STEVEN SAYLOR**

129. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

130. Defendant SKST is liable for the negligent acts of its employee and agent Defendant Noland who, at all times relevant to this Complaint, was acting within the scope and course of her employment with Defendant SKST.

131. Defendant SKST is liable to Plaintiff Saylor pursuant to the doctrine of respondeat superior and agency principles.

132. It was foreseeable that Defendant SKST's negligence would cause Plaintiff Saylor's injuries.

133. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Saylor suffered severe, debilitating, and permanent injuries.

134. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Saylor suffered, and continues to suffer, severe physical injury and pain, psychological injury and mental anguish.

135. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Saylor incurred medical expenses, and will continue to incur future medical expenses due to the nature and extent of his injuries.

136. As a direct and proximate result of Defendant SKST's negligence, Plaintiff Saylor has suffered lost wages and benefits, and will continue to suffer future losses.

137. It was foreseeable that the negligence of Defendant SKST, its agent and/or employee, would cause an accident resulting in Plaintiff Saylor's damages and injuries.

### COUNT EIGHT
### NEGLIGENCE OF DEFENDANT JILL ANN NOLAND AS TO PLAINTIFF STEVEN SAYLOR

138. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

139. Defendant Noland breached the duty of care owed to Plaintiff Saylor and others as a professional driver, and directly or proximately caused injuries to Plaintiff Saylor, including, but not limited to, one or more of the following acts of negligence or negligence *per se*:

    (a)    On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST,

failed to maintain a sufficient lookout for approaching trains on the railroad track she was attempting to cross in Douglas, Coffee County, Georgia at the railroad crossing at the intersection of South McDonald Avenue and East Railroad Street;

(b)   On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, failed to exercise ordinary care in avoiding a collision;

(c)   On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, failed to timely notify CSXT or law enforcement that her semi-tractor and trailer were stuck on the railroad crossing at the intersection of South McDonald Avenue and East Railroad Street in Douglas, Coffee County, Georgia;

(d)   On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, drove the semi-tractor and trailer over a railroad grade crossing

with a train approaching in violation of O.C.G.A. § 40-6-140(d), with such violation constituting negligence *per se*;

(e)     On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, drove a vehicle over a railroad grade crossing with insufficient undercarriage clearance for the vehicle he was operating in violation of O.C.G.A. § 40-6-140(f), with such violation constituting negligence *per se*;

(f)     On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, failed to comply with official traffic control devices in violation of O.C.G.A. § 40-6-20, with such violation constituting negligence *per se*; and

(g)     On February 7, 2022, Defendant Noland, while acting within the course and scope of her employment with Defendant SKST, and operating a semi-tractor and trailer owned by Defendant SKST, drove with reckless disregard for the safety of persons or

property in violation of O.C.G.A. § 40-6-390, with such violation constituting negligence *per se*.

140. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Saylor suffered physical injury and pain, psychological injury and mental anguish.

141. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Saylor suffered, and continues to suffer, severe physical pain and mental anguish.

142. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Saylor incurred medical expenses, and will continue to incur future medical expenses due to the nature and extent of his injuries.

143. As a direct and proximate result of Defendant Noland's negligence, as described above, Plaintiff Saylor has suffered lost wages and benefits, and will suffer future losses.

144. It was foreseeable that the negligence of Defendant Noland would cause a collision resulting in Plaintiff Saylor's damages and injuries.

[continued on next page]

## COUNT NINE
## PUNITIVE DAMAGES AS TO JILL ANN NOLAND AS TO PLAINTIFF STEVEN SAYLOR

145. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

146. On February 7, 2022, Defendant Noland was a professional truck driver operating a tractor-trailer pursuant to a commercial driver's license and owed a duty of care to Plaintiffs to use the degree of care, skill and judgment which a reasonable professional driver would exercise in the same or similar circumstances.

147. On February 7, 2022, Defendant Noland failed to reasonably warn and/or attempt to warn Plaintiff Saylor, public safety officials, the railroad, or other motorists/individuals in the immediate area of the subject highway crossing at grade of the extremely hazardous condition she created by stopping the semi-tractor and trailer she was operating on a highway crossing at grade in the path of an approaching train in a conscious disregard and indifference for Plaintiff Saylor and others.

148. On February 7, 2022, the actions of Defendant Noland further endangered Plaintiffs, other motorists/individuals, property, and the surrounding community by causing a derailment of the locomotives and several railcars

that were part of the CSXT freight train operated by Plaintiffs after the subject collision.

149. The direct and proximate cause of Plaintiff Saylor's injuries and damages was the gross negligence of Defendant Noland. Defendant Noland, while operating a commercial vehicle as a professional driver, acted in a wanton and reckless manner, with a conscious disregard and indifference for the safety of Plaintiff Saylor and others.

150. In addition to compensatory damages, pursuant to O.C.G.A. § 51-12-5.1, Plaintiff Saylor is entitled to an award of punitive damages or exemplary damages in an amount to be determined by the enlightened conscience of the jury to deter Defendant Noland from engaging in future misconduct of the same or similar nature.

**COUNT TEN**
**PUNITIVE DAMAGES AS TO STAN KOCH & SONS TRUCKING, INC.**
**AS TO PLAINTIFF STEVEN SAYLOR**

151. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

152. Defendant SKST's conduct herein was grossly negligent, reckless and consciously disregarding and/or indifferent to the safety and rights of the public and Plaintiff Saylor.

153. Defendant SKST was reckless, acting in conscious disregard and/or conscious indifference to the safety and rights of Plaintiff Saylor in at the following particulars:

(a) Defendant SKST continued to employ and entrust Defendant Noland to operate a tractor-trailer despite having actual and/or reasonable notice that Defendant Noland was unfit for the job by way of Defendant Noland's poor performance and poor professional driving record;

(b) Defendant SKST failed to properly supervise and/or train Defendant Noland on the proper operation of SKST's tractor-trailer; and

(c) Defendant SKST failed to properly supervise Defendant Noland and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

154. The direct and proximate cause of Plaintiff Saylor's injuries and damages was the gross negligence of Defendant SKST, who acted in a wanton and reckless manner, with a conscious disregard and indifference for the safety of Plaintiff Saylor and others.

155. In addition to compensatory damages, pursuant to O.C.G.A. § 51-12-5.1, Plaintiff Saylor is entitled to an award of punitive damages or exemplary

damages in an amount to be determined by the enlightened conscience of the jury to deter Defendant SKST from engaging in future misconduct of the same or similar nature.

**COUNT ELEVEN**
**NEGLIGENCE OF THE CITY OF DOUGLAS, GEORGIA AS TO PLAINTIFF STEVEN R. SAYLOR**

156. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

157. The City of Douglas, Georgia has a duty to the motoring public to provide safe and reasonable passage over public roads.

158. The City of Douglas, Georgia has a duty to CSXT train crews operating via rail, and through, the subject grade railroad crossing.

159. Defendant City of Douglas breached the duty of care owed to Plaintiff Saylor and others and directly or proximately caused injuries to Plaintiff Saylor, including, but not limited to, one or more of the following acts of negligence:

(a) Failure to ensure proper signage and adequate passive and/or active warning system(s) at and around the subject railroad crossing;

(b) Failure to eliminate the high vertical profile and/or grade of the subject railroad crossing; and

(c) Failure to provide adequate ground clearance.

160. The negligence of the City of Douglas, Georgia is in violation of its duty to provide the motoring public and train crews with safe and reasonable passage over public roads, including the subject grade railroad crossing and surrounding roadway.

161. Defendant City of Douglas knew or should have known of the dangerous and/or hazardous conditions of the subject grade railroad crossing and surrounding roadway, and the hazard it presented to the motoring public and train crews traveling across the subject grade railroad crossing.

162. Prior to February 7, 2022, Defendant City of Douglas did not act reasonably in inspecting and/or maintaining the grade railroad crossing and surrounding roadway so as to prevent or correct the dangerous and/or hazardous condition.

163. As a direct and proximate result of Defendant City of Douglas' negligence as described above, Plaintiff Saylor suffered, and continues to suffer, physical injury and pain, psychological injury and mental anguish.

164. As a direct and proximate result of Defendant City of Douglas' negligence, as described above, Plaintiff Saylor incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of his injuries.

165. As a direct and proximate result of Defendant City of Douglas' negligence, as described above, Plaintiff Saylor has suffered lost wages and benefits and will suffer future losses.

166. It was foreseeable that the negligence of Defendant City of Douglas would cause a collision resulting in Plaintiff Saylor's damages and injuries.

167. At all times pertinent hereto, Defendant City of Douglas had of the unsafe and/or hazardous condition of the subject grade railroad crossing and surrounding roadway.

## COUNT TWELVE
## NEGLIGENCE AND THE FEDERAL EMPLOYERS' LIABILITY ACT (FELA) AS TO DEFENDANT CSX TRANSPORTATION, INC. AS TO PLAINTIFF STEVEN R. SAYLOR

168. Plaintiffs re-allege and incorporate by reference the allegations above as though fully set forth herein.

169. Defendant CSXT has a non-delegable duty to provide Plaintiff Saylor with a reasonably safe place to work.

170. Assumption of the risk is not a defense available to Defendant CSXT under a claim made by Plaintiff Saylor pursuant to the FELA.

171. The negligence of Defendant CSXT is in violation of its duty to provide Plaintiff Saylor with a reasonably safe place to work under the FELA.

172. Plaintiff Saylor alleges that the act of negligence of the Defendant, which caused in whole, or in part, injury to Plaintiff Saylor include, but are not limited to, the following:

> (a) Defendant CSXT, its agents and/or employees were negligent in failing to ensure the track structure of the railroad crossing involved in the subject incident was properly maintained and compliant with federal and state regulations; and

> (b) Defendant CSXT, its agents and/or employees were negligent in failing to ensure adequate warning(s) and/or safeguard(s) were in place at the dangerous or ultrahazardous public crossing involved in the subject incident.

173. Defendant CSXT failed to properly coordinate, respond, and notify the CSXT train crew, Plaintiffs, in a timely manner of the known hazard, that being the tractor-trailer stuck on the subject crossing. The delay was unreasonable and inadequate.

174. Plaintiff Saylor's injuries were caused by the negligence of Defendant CSXT, and/or its agents, servants, or employees acting in the course and scope of their employment with Defendant CSXT, or by a known defect or insufficiency of the workplace.

175. Plaintiff Saylor's injuries and damages were caused, in whole, or in part, by Defendant CSXT's failure to use reasonable care to provide Plaintiff Saylor with a reasonably safe place to work.

176. Defendant CSXT knew or should have known, of the unsafe condition(s), inadequate practice(s), inadequate training, and improper operations as indicated in this Count that caused, or contributed to cause, either in whole, or in part, Plaintiff Saylor's injuries and damages.

177. Defendant CSXT failed to comply with the provisions and requirements of the FELA, 45 U.S.C. § 51 *et seq*. Defendant CSXT also failed to comply with its own rules and regulations.

178. Defendant CSXT's violation of the FELA was a legal cause of Plaintiff Saylor's injuries and damages.

179. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Saylor suffered severe, debilitating and permanent injuries.

180. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Saylor suffered, and continues to suffer, severe physical injury and pain, psychological injury and mental anguish.

181. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Saylor incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

182. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Saylor has suffered lost wages and benefits, and will continue to suffer future losses.

150. It is reasonably foreseeable that the negligence and/or statutory violations of Defendant CSXT as outlined in this Count would cause Plaintiff Saylor's injuries and damages.

**WHEREFORE,** Plaintiff Crosby prays for the following:

a. Trial by jury;

b. Judgment in his favor and against Defendants Stan Koch & Sons Trucking, Inc., Jill Ann Noland, City of Douglas, Georgia and CSX Transportation, Inc., in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury, including, but not limited to, any and all past lost wages and fringe benefits, any and all future lost wages and fringe benefits, loss of earning capacity, past and future medical bills and expenses, and past and future mental and physical pain and suffering in an amount to be shown and determined at trial;

c. All costs of Court to be cast against all Defendants;

d. All attorney's fees to be cast against Defendants Stan Koch & Sons Trucking, Inc., Jill Ann Noland, and the City of Douglas, Georgia;

e.  Punitive damages in favor of Todd Crosby based on the evidence developed in the course of discovery of this case against Defendants Stan Koch & Sons Trucking, Inc., Jill Ann Noland and City of Douglas; and

f.  Any and all such other and further relief as this Court deems just and equitable.

**WHEREFORE,** Plaintiff Saylor prays for the following:

a.  Trial by jury;

b.  Judgment in his favor and against Defendants Stan Koch & Sons Trucking, Inc., Jill Ann Noland, City of Douglas, Georgia and CSX Transportation, Inc., in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury, including, but not limited to, any and all past lost wages and fringe benefits, any and all future lost wages and fringe benefits, loss of earning capacity, past and future medical bills and expenses, and past and future mental and physical pain and suffering in an amount to be shown and determined at trial.

c.  All costs of Court to be cast against all Defendants;

d.  All attorney's fees to be cast against Defendants Stan Koch & Sons Trucking, Inc., Jill Ann Noland, and City of Douglas, Georgia;

e.  Punitive damages in favor of Steven Saylor based on the evidence developed in the course of discovery of this case against Defendants Stan Koch & Sons Trucking, Inc. and Jill Ann Noland; and

f.  Any and all such other and further relief as this Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial on all issues.

Respectfully submitted this 25th day of July, 2023.

By:  <u>/s/Edward S. Cook</u>
Edward S. Cook, Esq.
GA Bar #183741
William P. Leverett, Esq.
GA Bar #225593
Lindsey Rogers, Esq.
GA Bar #278885
Robert R. Underwood, II
(Pro Hac Vice Application Forthcoming)
FL Bar #0684971
*Attorneys for Plaintiffs*

970 Peachtree Industrial Blvd.
Suite 202
Suwanee, Georgia 30024
Phone: (404)841-8485
Fax: (404)841-8045
ecook@cookpclaw.com
bleverett@cookpclaw.com
lrodgers@cookpclaw.com
runderwood@cookpclaw.com