```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF GEORGIA
                 ATLANTA DIVISION
```

KAMESHIA LEWIS,

      Plaintiff,

    v.                   Civil Action File
                         No.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and
BURLINGTON COAT FACTORY
WAREHOUSE OF GEORGIA LLC,

      Defendants.

## NOTICE OF REMOVAL

COME NOW Burlington Coat Factory Warehouse Corporation and misnamed/misjoined Burlington Coat Factory Warehouse of Georgia, LLC (sic), appearing specially without waiving any rights or defenses after being named as defendants (hereinafter "defendants"), and file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Burlington Coat Factory Warehouse Corporation and misnamed/misjoined Burlington Coat Factory Warehouse of Georgia, LLC (sic) as defendants in *Kameshia Lewis v. Burlington Coat Factory Warehouse Corporation*

*and Burlington Coat Factory Warehouse of Georgia, LLC (sic)*,
Civil Action File No. 23SV00586, before the State Court of
Douglas County, State of Georgia. Douglas County is within the
Atlanta Division of this Court.

2.

Plaintiff alleged that she is a citizen and resident of
Georgia. (Complaint ¶ 2).

3.

Defendant Burlington Coat Factory Warehouse Corporation is
a Florida corporation with its principal place of business in
New Jersey. (See Secretary of State docs, Ex. "A").  For
purposes of diversity, defendant Burlington Coat Factory
Warehouse Corporation is deemed a citizen of New Jersey and of
Florida. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state
of incorporation and state where it has its principal place of
business for diversity purposes).

4.

Misnamed/misjoined Burlington Coat Factory Warehouse of
Georgia, LLC (sic) is not a proper entity or party as it merged
with defendant Burlington Coat Factory Warehouse Corporation
effective December 31, 2016, some four and a half years before
the incident as alleged by the plaintiff in her complaint. (See
Certificate of Merger and Secretary of State docs, Ex. "B").

Thus, Burlington Coat Factory Warehouse of Georgia, LLC has no members to identify as it is merged with Burlington Coat Factory Warehouse Corporation, a citizen of New Jersey and of Florida.

5.

Plaintiff seemingly has improperly and/or fraudulently named Burlington Coat Factory Warehouse of Georgia, LLC (sic) in this action in an attempt to avoid diversity jurisdiction. As Burlington Coat Factory Warehouse of Georgia, LLC merged with defendant Burlington Coat Factory Warehouse Corporation nearly four and a half years before the incident as alleged in plaintiff's complaint, plaintiff's complaint shows that plaintiff has no possibility of recovery against Burlington Coat Factory Warehouse of Georgia, LLC. See e.g. *Barwick v. Outback Steakhouse of Fla., LLC, No*. CV418-312, 2019 WL 1495290, at *1 (S.D. Ga. Apr. 4, 2019) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11tth Cir. 1998); *Newman v. Wal-Mart Stores E., L.P.*, No. 7:15-CV-165 (HL), 2015 WL 7258497, at *4 (M.D. Ga. Nov. 17, 2015); *Joy v. Wal-Mart Stores E., LP et al.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *1 (N.D. Ga. Mar. 23, 2021); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (1990).

Accordingly, there is complete diversity among the plaintiffs (Georgia) and the defendant (New Jersey and Florida).

6.

Plaintiff's Complaint seeks both general and special damages including: medical expenses and compensatory damages to be determined by a jury. Plaintiff alleged past medical expenses of $17,512.00. Plaintiff also claimed past and future medical expenses as well as past, present, and future pain and suffering. (Complaint, at Count II).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, plaintiff claims personal injury after an alleged incident at a retail store and claims past medical expenses incurred are at least $17,512.00. (See Complaint). Plaintiff's counsel has also claimed that physical pain and suffering would be $25,250.00, emotional pain and suffering would be $22,500.00, and future pain and suffering would be $19,162.50. (See. Ex. "C") as quantified below:

## TOTAL DAMAGES

| | |
|---|---|
| Medical Expenses | $17,058.00 |
| Physical Pain and Suffering | $25,250.00 |
| Emotional Pain and Suffering | $22,500.00 |
| Future Pain and Suffering | $19,162.50 |
| TOTAL | $83,970.50 |

Based on plaintiff's allegations, it is reasonable to assume that plaintiff is seeking to recover damages in excess of

$75,000.00.

7.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Pretka, 6o8 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the

following cases: *Latina Fuller v. Hillstone Restaurant Group*, Inc. et al.(Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc*. (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  Accordingly, the evidence shows the amount in controversy exceeds $75,000.

8.

The defendants timely filed this notice of removal within 30 days of receipt of the plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3).  Removal is further timely because this Notice of Removal is filed less than one year after plaintiff commenced the action.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted

above, this civil action is one in which the matter in
controversy exceeds the sum of $75,000.00 exclusive of interests
and costs, and there is complete diversity of citizenship among
the parties.

9.

Defendants have attached hereto copies of all pleadings and
orders served upon Burlington Coat Factory Warehouse Corporation
in this case as Exhibit "D." (Defendants contend misjoined
Burlington Coat Factory Warehouse of Georgia, LLC (sic) cannot
be properly or sufficiently served as it previously merged with
Burlington Coat Factory Warehouse Corporation).

10.

Defendants have given written notice of filing of this
petition to the plaintiff as set forth in the certificate of
service attached to this motion.

11.

Defendants have filed a written notice with the clerk of
the State Court of Douglas County, a copy of which is attached
as Exhibit "E."

12.

Defendants have attached hereto copies of all pleadings
defendant served in this case as Exhibit "F."

WHEREFORE, defendants pray that the case be removed to the
United States District Court for the Northern District of
Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

13611711v1
32230-261424

## <u>LOCAL RULE 5.1C and 7.1D CERTIFICATION</u>

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

Debora M. Blair, Esq.
N. John Bey, Esq.
Bey & Associates LLC
191 Peachtree Street, N.E., Suite 3200
Atlanta, GA 30303
        Attorneys for plaintiff

This 25th day of July, 2023

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13611711v1
32230-261424