# EXHIBIT C



# BEY & ASSOCIATES, LLC

November 3, 2021

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Travelers Insurance Company
Attn: Tracey Luzzader
P.O. Box 650293
Dallas, TX. 75265

RE: **UNLIQUIDATED DAMAGES INTEREST ACT AND TIME LIMITED DEMAND UNDER O.C.G.A. § 51-12-14**

| | | |
|---|---|---|
| Our Client | : | Kameshia Lewis |
| Date of Incident | : | June 6, 2021 |
| Claim No. | : | FPJ1644 |
| Location of Incident | : | Burlington Coat Factory |
| | | 9552 GA-5 |
| | | Douglasville, GA 30135 |

Dear Tracey Luzzader:

Please accept this letter as both a time limited demand and an Unliquidated Damages Interest Act demand on behalf of our client, Kameshia Lewis. This Demand arises out of the June 6, 2021 incident in which Ms. Lewis suffered injuries on your insured's premises. This letter is Ms. Lewis' good faith offer to resolve this matter prior to litigation. Ms. Lewis has incurred medical bills and special damages as a direct result of the subject incident. This Demand is made for two reasons:

1) Settling this personal injury claim without the necessity of litigation and the legal expenses that would arise therefrom, and;

2) To lay the foundation for obtaining interest, excess monies over the liability coverage, and attorney's fees, should Burlington Coat Factory Store in bad faith, refuse to settle this claim.

It is expressly understood that any and all representations made herein are for the limited purpose of settlement discussions and in no way may be used in any legal proceeding regarding this matter.

With the intention of settling this matter, we herein submit all pertinent data at our disposal and stand ready to provide any reasonable assistance to you in acquiring other data you deem essential. No settlement shall be binding and effective until it has been reduced to writing and signed by Kameshia Lewis.

## STATEMENT OF FACTS

1. On June 6, 2021, Kameshia Lewis was an invitee at the Burlington Coat Factory store located on 9552 GA-5, Douglasville, GA 30135.

2. As Ms. Lewis attempted to view a table and chair that were placed on a shelf, the table fell off of the shelf and landed on her feet.

3. The impact and pain caused Ms. Lewis to fall onto the floor, causing numerous injuries which forced her to seek medical treatment.

4. Ms. Lewis attempted to get the chair and table off of her legs and feet and in the process injured her neck, back, and shoulder.

5. As a result of this injury, Ms. Lewis sought immediate treatment at Kaiser Permanente where she complained of foot and shoulder pain.

6. Prior to being discharged, the physician order x-rays, prescribed pain medications, and recommended that she follow up with another physician for outpatient treatment.

7. After being discharged from the Kaiser, Ms. Lewis sought further treatment from Vitality Rehab, Southern Crescent, and Allegiance Imaging for bodily injuries.

8. Prior to being discharged, Ms. Lewis had MRIs of her ankles and her cervical spine. The MRIs revealed herniated discs at C3-4, C5-6, C6-7, and C7-T1 along with a disc bulge at C4-5. Her right ankle showed a sprain and interstitial tear in anterior talofibular ligament and her left ankle displayed an interstitial tear in Achilles tendon. Ms. Lewis' treatment consisted of mechanical traction, electrical stimulation, manipulations, and hot/cold packs for injuries sustained from this incident.

## 100% LIABILITY

This is a case in which we have little doubt that Defendant Burlington Coat Factory store will be held entirely responsible for Kameshia Lewis's injuries. "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe". O.C.G.A. § 51-3-1. Though an owner or occupier is not an insurer of an invitee's safety; the law does require that he use such diligence toward making the premises safe. *Kouche v. Farr*, 730 S.E.2d 45 (2012).

1. Kameshia Lewis was a Customer/Invitee

Ultimately, an owner or occupier of land has a duty towards invitees under O.C.G.A. § 51-3-1 to exercise ordinary care in keeping the premises and approaches safe. An owner or occupier of land

is liable to invitees for injuries caused by the owner's failure to exercise ordinary care in keeping the premises and approaches safe. *See Anderson v. Canup*, 317 Ga. App. 558 (2012). This duty of care owed to an invitee has been described as "the highest duty of care" and includes inspecting the premises to discover possible dangerous conditions of which the premises owner does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. *See Freeman v. Eichholz*, 308 Ga. App. 18 (2011); *Ferguson v. Premier Homes, Inc.*, 303 Ga. App. 614 (2010).

It is undisputed that Ms. Kameshia Lewis was an invitee in Defendant Burlington Coat Factory's store as she was a customer there. Ms. Lewis, like all customers/invitees, is a person who is induced by express or implied invitation to come onto a property. The typical invitee is a customer at a store. (Emphasis added).

### 2. The Hazardous Condition

In this case, the hazardous condition was the improperly placed and improperly secured table and shelf that was prone to falling off.

### 3. Burlington Coat Factory had Superior Knowledge of the Hazard

It is also undisputed that Defendant Burlington Coat Factory had knowledge that the table and chair were not properly supported by the shelf and created an unsafe condition.

"Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting the premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises." *Prescott v. Colonial Properties Trust, Inc.*, 283 Ga. App. 753(2007).

At the time of the incident, there was an employee close enough to assist with Ms. Lewis after the incident. Given the quick response time from the employee, Defendant Burlington Coat Factory store had constructive knowledge of the hazard because an employee was in the immediate vicinity and could have noticed and resolved the hazard.

### 4. Ms. Kameshia Lewis Lacked Knowledge of the Hazard

It is undisputed that Ms. Lewis was visiting Burlington Coat Factory at the time of this incident.

In the present matter, Ms. Lewis was exercising ordinary care while walking through Burlington Coat Factory store and there are no facts suggesting that she was acting in any way that would have contributed to this unfortunate incident.

### INJURY DIAGNOSES

As a result of the June 6, 2021 incident, Kameshia Lewis was diagnosed with the following injuries:

3

1. Radiculopathy, cervical region (M54.12);
2. Sprain of ligaments of thoracic spine, initial encounter (S23.3XXA);
3. Traumatic spondylopathy, cervicothoracic region (M4833);
4. Paresthesia (R202);
5. Pain in left foot (M79672); and
6. Pain in right foot (M79671).

## COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act including, but not limited to, the cost of medical services, compensation for pain and suffering, past, present, and future compensation for loss of earnings and the impairment of earning capacity, the permanency of the injuries and disabilities, and compensation for the loss of enjoyment of life. As a result of this incident, Ms. Lewis sustained the following special damages:

## MEDICAL EXPENSES
*(See Medical Bills and Records attached on CD)*

| | |
|---|---|
| Kaiser Permanente | $454.00 |
| Vitality Rehab and Wellness | $3,765.00 |
| Southern Crescent Injury | $6,243.00 |
| Allegiance Imaging and Radiology | $7,050.00 |
| **TOTAL** | **$17,058.00** |

## THE HUMAN COST

### PHYSICAL PAIN AND SUFFERING

Pain and suffering and the impact of the loss of capacity to lead a normal life is greater than any economic damages someone could suffer. The courts and lawmakers of the State of Georgia have long recognized the value and importance of compensating injury victims for both their physical and emotional pain and suffering. It is undisputed that the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson, et al* 172 Ga. App. 718 (1984); *Redd et al, v. Peters*, 100 Ga. App. 316 (1959).

In addition to the damages quantified above, Ms. Lewis suffered non-economic damages as well all while enduring relentless pain on a daily basis. Ms. Lewis has experienced severe headaches since the incident. She also noted that due to headaches, she has been unable to sleep, walk, and perform her work duties properly. The value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson, et al* 172 Ga. App. 718 (1984); *Redd et al, v. Peters*, 100 Ga. App. 316 (1959). Ms. Lewis's physical pain and suffering consists of approximately 101 days since the date of the incident until her last date of treatment. It would not be unreasonable for a jury to award $250.00 a day for pain and suffering for a total of **$25,250.00** alone. (101 days x $250.00).

## EMOTIONAL PAIN AND SUFFERING

The emotional pain and suffering associated with these circumstances are far greater than any physical pain and suffering. It is understandable how injury victims become consumed with thoughts of sadness and helplessness - concerning the fall, safety, medical bills, physical pain, scars, and their ability to return to normal. Pain, suffering and emotional distress are the greatest losses to an injured person. An injured person suffers, not only from the physical injuries, but also the uncertainty as to when or whether they will fully recover. An injured person suffers from the stress related with the possibility that their job may be in jeopardy or that they may lose their job due to their injuries, limitations or need to be absent while obtaining medical treatment. When the accident occurred, Ms. Lewis had her own well-being and her family to worry about, causing her to suffer anxiety, stress and difficulty sleeping frequently as a direct result of the collision. Due to the collision, she has suffered from:

1. a significantly diminished active lifestyle;
2. stress from the aftermath of the collision; and
3. trauma, both mentally and physically;

Pain, suffering and emotional distress is greater losses than the costs of the medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional and mental pain and suffering. As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray*, 172 Ga. App. 718 (1984). Ms. Lewis's emotional pain and suffering consists of approximately 150 days since the date of the collision until today. It would not be unreasonable for a jury to award at least $150.00 per day for each day of emotional pain and suffering. Therefore, we place a conservative value of **$22,500.00** (150 days x $150.00 a day) on Ms. Lewis's emotional pain and suffering.

## FUTURE PAIN AND SUFFERING

In addition, as a direct result of the injuries received in this wreck, Kameshia Lewis will suffer from a meaningful loss of her future enjoyment of life. She is a 45-year-old female and according to the Annuity Mortality Table 1949, ultimately, she will live an additional 35 years. Given her 35-year life expectancy, it would not be unreasonable for a jury to award at least $1.50 a day for future pain and suffering for a total of **$19,162.50**. (35 x 365 x $1.50 = $19,162.50). Once this case is settled, Kameshia Lewis will no longer be able to look to your insured for any future disabilities or medical expenses. Kameshia Lewis only has one opportunity to settle for the full value of her injuries. As part of this offer of settlement, our client is entitled to compensation for future medical expenses.

## TOTAL DAMAGES

| | |
|---|---|
| Medical Expenses | $17,058.00 |
| Physical Pain and Suffering | $25,250.00 |
| Emotional Pain and Suffering | $22,500.00 |
| Future Pain and Suffering | $19,162.50 |
| **TOTAL** | **$83,970.50** |

5

## UNLIQUIDATED DAMAGES DEMAND[1] AND TIME LIMITED DEMAND

Based on the facts above, please consider our demand of *Eighty-Three Thousand Nine Hundred Seventy and 50/100 Dollars ($83,970.50).*

1. The amount requested under the Georgia Unliquidated Damages Interest Act codified at O.C.G.A. § 51-12-14 ("the Act"). Pursuant to the Act, if the amount offered, or the policy limits, is not paid in full within **thirty (30) days** from the receipt of this letter then, if upon the trial of this case a judgment not less than the sum demanded results, the Plaintiff herein will be entitled to receive interest on the sum demanded at the rate provided by law from the **thirtieth (30th)** day following the receipt of this letter; and,

2. A time limited demand under the authority of *Southern General Insurance Company v. Holt*, 200 Ga. App. 759 (1991), 262 Ga. 267 (1992).

## CONCLUSION

This notice is sent merely to establish a claim for interest and penalties, and excess over the policy limit recovery, and is not to be construed as legal advice. We represent the interests of Kameshia Lewis only. This demand is our good faith offer to settle his claim for a reasonable and fair amount and to avoid the high cost of a lengthy trial and excess over the policy limit exposure.

We recognize, that you have 30 days in accordance Unliquidated Damages Interest Act to respond to this demand, but please be advised we are prepared and will file if we are unable to reach an amicable settlement agreement on behalf of our client, Kameshia Lewis.

We look forward to hearing from you.

Very truly yours,


**BEY & ASSOCIATES, LLC**

---

[1] Under Georgia law, notice sent to a party's attorney or agent pursuant to O.C.G.A. § 51-12-14 constitutes proper notice to that party. See Bennett v. Mullaly, 263 Ga. App. 215 (2003).

6