# EXHIBIT F

FILED
7/25/2023 11:04 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
23SV00586

IN THE STATE COURT OF DOUGLAS COUNTY

STATE OF GEORGIA

KAMESHIA LEWIS,

      Plaintiff,

v.

BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION and BURLINGTON COAT
FACTORY OF GEORGIA, LLC,

      Defendants.

Civil Action File No. 23SV00586

**12 PERSON JURY DEMAND**

### ANSWER OF DEFENDANTS

COME NOW Burlington Coat Factory Warehouse Corporation and misjoined/misnamed Burlington Coat Factory of Georgia, LLC (sic), appearing specially without waiving any rights or defenses after being misjoined as defendants in the above-styled civil action (hereinafter "defendants"), and without waiving any rights, defenses, or objections answer plaintiff's complaint by special appearance as follows:

### FIRST DEFENSE

All or portions of plaintiff's complaint fails to state or set forth claims against the defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred for misnomer, improper joinder of entities or parties, and/or failure to name the correct entity.  See also O.C.G.A. § 9-11-19.

### THIRD DEFENSE

Defendants raise and preserve defenses as to sufficiency of service and improper service. If there is not a verdict against a resident defendant, the court lacks jurisdiction over the

23SV00586

defendants and venue would be improper so defendants preserve all defenses to venue and right to move for transfer to a court where venue would be proper.

## FOURTH DEFENSE

Defendants preserve the defense that plaintiff's claims may be barred by operation of law. Defendants also preserve any defense that they are either immune from suit or not subject to suit in this matter as defendants did not owe or breach any duty to plaintiff.

## FIFTH DEFENSE

Since facts still are being determined, defendants preserve the defense that plaintiff by the exercise of ordinary care may have been able to avoid the consequences of any act or failure to act of the defendants.

## SIXTH DEFENSE

Defendants show that the matter in question and plaintiff's claimed damages, if any, may have been caused by the acts and failure to act of persons or entities other than the defendants.

## SEVENTH DEFENSE

If the defendants were negligent, which defendants emphatically deny, the negligence of the plaintiff may have equaled or exceeded that of the defendants.

## EIGHTH DEFENSE

Any damages claimed by the plaintiff may not have been proximately caused by the negligence, if any, of the defendants.

23SV00586

## NINTH DEFENSE

Since facts still are being determined, the defendants preserve defenses that the plaintiff's alleged damages, if any, may have been directly and proximately caused by plaintiff's own contributory and comparative fault and failure to exercise ordinary care.

## TENTH DEFENSE

Since facts are still being determined, defendants preserve the defense that plaintiff may have failed to take reasonable steps to mitigate the alleged damages.

## ELEVENTH DEFENSE

The defendants deny that they acted with any intentionally or willful misconduct. Therefore, plaintiff is barred from recovery from the defendants.

## TWELFTH DEFENSE

Since facts still are being determined, plaintiff's claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

## THIRTEENTH DEFENSE

Since facts still are being determined, the plaintiff's claims may be barred by estoppel, release, waiver, accord and satisfaction, laches, or for failure to satisfy any condition precedent.

## FOURTEENTH DEFENSE

The plaintiff may have failed to specially plead all damages pursuant to O.C.G.A. §9-11-9(g). Therefore, defendants move for a more definite statement thereof pursuant to O.C.G.A. §9-11-12; see *Bryant v. Haynie*, 216 Ga.App. 430, 432, 454 S.E.2d 533 (1995).

23SV00586

### FIFTEENTH DEFENSE

Plaintiff's claim for costs, fees and any litigation expenses is improper as there exist bona fide controversies. See *Brown v. Baker*, 197 Ga. App. 466, 469, 398 S.E.2d 797 (1990); *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 312 S.E.2d 386 (1983).

### SIXTEENTH DEFENSE

The defenses of lack of jurisdiction, venue, improper service, and insufficient process are preserved.

### SEVENTEENTH DEFENSE

Defendants preserve and assert all affirmative defenses and other defenses that could be asserted by pursuant to O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12. Defendants also reserve the right to amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed through discovery.

### EIGHTEENTH DEFENSE

For an eighteenth defense, defendants answer plaintiff's complaint by special appearance as follows:

1.

Defendants deny the allegations contained in paragraph 1 of plaintiff's complaint as specifically stated.

2.

In response to paragraph 2 of plaintiff's complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same. However,

23SV00586

defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

3.

In response to paragraph 3 of plaintiff's complaint, while defendants admit Burlington Coat Factory Warehouse Corporation is an entity formed outside of Georgia with its principal place of business located outside of Georgia, defendants deny the remaining allegations as specifically stated. Defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraph of the plaintiff's complaint.

4.

Defendants deny the allegations contained in paragraph 4 of plaintiff's complaint.

5.

Defendants deny the allegations contained in paragraph 5 of plaintiff's complaint as specifically stated.

6.

Defendants deny the allegations contained in paragraph 6 of plaintiff's complaint as specifically stated.

7.

Defendants deny the allegations contained in paragraph 7 of plaintiff's complaint as specifically stated.

23SV00586

8.

Defendants deny the allegations contained in paragraph 8 of plaintiff's complaint as specifically stated.

9.

In response to paragraph 9 of plaintiff's complaint, the allegations are vague and ambiguous, improper legal conclusions rather than facts and the conclusions are argumentative, vague, and inaccurate or incomplete conclusions.  Therefore, defendants deny the allegations as specifically stated.

10.

In response to paragraphs 10 and 11 of plaintiff's complaint, defendants can neither admit nor deny at this time the allegations contained therein for want of sufficient information to form a belief as to the truth thereof, and plaintiff is put upon strict proof of the same.  However, defenses are preserved. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs of the plaintiff's complaint attempt to assert liability upon the defendants, such liability is expressly denied, and therefore defendants deny any such allegation contained in the aforementioned paragraphs of the plaintiff's complaint.

11.

Defendants deny the allegations contained in paragraphs 12 and 13 of plaintiff's complaint as specifically stated.

COUNT I

12.

In response to paragraph 14 of Count I of plaintiff's complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1

23SV00586

through 13 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

13.

Defendants deny the allegations contained in paragraphs 15, 16, 17, 18, 19, 20, and 21 of Count I of plaintiff's complaint as stated.

14.

Defendants deny all other allegation of Count I of plaintiff's complaint.

## COUNT II

15.

In response to paragraph 22 of Count II of plaintiff's complaint, defendants hereby incorporate by reference as if set out fully herein the answers and defenses to paragraphs 1 through 21 of plaintiff's complaint.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraphs is read to assert liability upon the defendants, such liability is expressly denied.

16.

Defendants deny the allegations contained in paragraphs 23, 24, 25, 26, and 27 of Count II of plaintiff's complaint as stated.

17.

Defendants deny all other allegation of Count II of plaintiff's complaint.

18.

Defendants deny all other allegations in plaintiff's complaint.

23SV00586

19.

Defendants deny all other allegations in plaintiff's complaint including any "WHEREFORE" paragraph and all subparts, or request for payment of costs or fees; any reference or implication of liability, fault, causation, or damage contained in or referenced by any section headings, count, or cause of action, or any allegation contained in attachments or exhibits; and any prayer for relief and request for damages, judgment, or other relief.

WHEREFORE, having fully answered, defendants pray that they be discharged without costs.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745

13609209/1
32230-261424

23SV00586

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing ANSWER OF DEFENDANTS upon all parties using the Court's e-filing system, which will automatically send email notification of such filing to the attorneys or parties of record as follows:

Debora M. Blair, Esq.
N. John Bey, Esq.
Bey & Associates LLC
191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Attorneys for plaintiff

This 25th day of July, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
13609209/1
32230-261424

FILED
7/25/2023 11:04 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
23SV00586

IN THE STATE COURT OF DOUGLAS COUNTY

STATE OF GEORGIA

KAMESHIA LEWIS,

      Plaintiff,

v.

BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION and BURLINGTON COAT
FACTORY OF GEORGIA, LLC,

      Defendants.

Civil Action File No. 23SV00586

### NOTICE OF REMOVAL

COME NOW Burlington Coat Factory Warehouse Corporation and misjoined/misnamed Burlington Coat Factory of Georgia, LLC (sic), appearing specially without waiving any rights, defenses, or objections after being named and misjoined as defendants in the above-styled civil action (hereinafter collectively referred to as "defendants"), and provide the following notice:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the following of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Ex. "1".

        Respectfully submitted,

        DREW, ECKL & FARNHAM, LLP

        /s/ Brian W. Johnson

        BRIAN W. JOHNSON
        Georgia Bar No. 394745

13485401/1
32230-257564

23SV00586

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of Removal upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

Debora M. Blair, Esq.
N. John Bey, Esq.
Bey & Associates LLC
191 Peachtree Street, N.E., Suite 3200
Atlanta, GA 30303
    Attorneys for plaintiff

This 25th day of July, 2023.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
13485401/1
32230-257564

23SV00586

# EXHIBIT 1

23SV00586

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAMESHIA LEWIS,

       Plaintiff,

   v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and
BURLINGTON COAT FACTORY
WAREHOUSE OF GEORGIA LLC,

       Defendants.

Civil Action File
No.

## NOTICE OF REMOVAL

    COME NOW Burlington Coat Factory Warehouse Corporation and misnamed/misjoined Burlington Coat Factory Warehouse of Georgia, LLC (sic), appearing specially without waiving any rights or defenses after being named as defendants (hereinafter "defendants"), and file this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

    Plaintiff filed a lawsuit naming Burlington Coat Factory Warehouse Corporation and misnamed/misjoined Burlington Coat Factory Warehouse of Georgia, LLC (sic) as defendants in *Kameshia Lewis v. Burlington Coat Factory Warehouse Corporation*

23SV00586

*and Burlington Coat Factory Warehouse of Georgia, LLC (sic)*,
Civil Action File No. 23SV00586, before the State Court of
Douglas County, State of Georgia. Douglas County is within the
Atlanta Division of this Court.

2.

Plaintiff alleged that she is a citizen and resident of
Georgia. (Complaint ¶ 2).

3.

Defendant Burlington Coat Factory Warehouse Corporation is
a Florida corporation with its principal place of business in
New Jersey. (See Secretary of State docs, Ex. "A").  For
purposes of diversity, defendant Burlington Coat Factory
Warehouse Corporation is deemed a citizen of New Jersey and of
Florida. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state
of incorporation and state where it has its principal place of
business for diversity purposes).

4.

Misnamed/misjoined Burlington Coat Factory Warehouse of
Georgia, LLC (sic) is not a proper entity or party as it merged
with defendant Burlington Coat Factory Warehouse Corporation
effective December 31, 2016, some four and a half years before
the incident as alleged by the plaintiff in her complaint. (See
Certificate of Merger and Secretary of State docs, Ex. "B").

-2-

23SV00586

Thus, Burlington Coat Factory Warehouse of Georgia, LLC has no
members to identify as it is merged with Burlington Coat Factory
Warehouse Corporation, a citizen of New Jersey and of Florida.

5.

Plaintiff seemingly has improperly and/or fraudulently named
Burlington Coat Factory Warehouse of Georgia, LLC (sic) in this
action in an attempt to avoid diversity jurisdiction. As Burlington
Coat Factory Warehouse of Georgia, LLC merged with defendant
Burlington Coat Factory Warehouse Corporation nearly four and a
half years before the incident as alleged in plaintiff's complaint,
plaintiff's complaint shows that plaintiff has no possibility of
recovery against Burlington Coat Factory Warehouse of Georgia,
LLC. See e.g. *Barwick v. Outback Steakhouse of Fla., LLC, No.*
CV418-312, 2019 WL 1495290, at *1 (S.D. Ga. Apr. 4, 2019) (citing
*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11tth Cir.
1998); *Newman v. Wal-Mart Stores E., L.P.*, No. 7:15-CV-165 (HL),
2015 WL 7258497, at *4 (M.D. Ga. Nov. 17, 2015); *Joy v. Wal-Mart
Stores E., LP et al.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at
*1 (N.D. Ga. Mar. 23, 2021); *Carriere v. Sears, Roebuck & Co.*, 893
F.2d 98 (1990).

Accordingly, there is complete diversity among the
plaintiffs (Georgia) and the defendant (New Jersey and Florida).

6.

Plaintiff's Complaint seeks both general and special damages including: medical expenses and compensatory damages to be determined by a jury. Plaintiff alleged past medical expenses of $17,512.00. Plaintiff also claimed past and future medical expenses as well as past, present, and future pain and suffering. (Complaint, at Count II).

6.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, plaintiff claims personal injury after an alleged incident at a retail store and claims past medical expenses incurred are at least $17,512.00. (See Complaint). Plaintiff's counsel has also claimed that physical pain and suffering would be $25,250.00, emotional pain and suffering would be $22,500.00, and future pain and suffering would be $19,162.50. (See. Ex. "C") as quantified below:

### TOTAL DAMAGES

| | |
|---|---|
| Medical Expenses | $17,058.00 |
| Physical Pain and Suffering | $25,250.00 |
| Emotional Pain and Suffering | $22,500.00 |
| Future Pain and Suffering | $19,162.50 |
| **TOTAL** | **$83,970.50** |

Based on plaintiff's allegations, it is reasonable to assume that plaintiff is seeking to recover damages in excess of

23SV00586

$75,000.00.

7.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Pretka, 6o8 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the

following cases: *Latina Fuller v. Hillstone Restaurant Group,*
*Inc. et al.* (Case No. 1:20-CV-1908-AT) (amount in controversy
exceeded $75,000 based on medical expenses of $46,479.41);
*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-
01806-MHC) (amount in controversy exceeded jurisdictional
threshold based on medical expenses of $53,537.45 and
plaintiff's alleged "severe physical injuries"), and *Marlene*
*Deyanira Aviles De Polio et al. v. Burlington Coat Factory*
*Warehouse Corporation,* (Case No. 1:18-cv-5680-TCB) (finding
amount in controversy exceeded jurisdictional threshold based on
pre-suit demand of $150,000 and $29,744.23 in claimed medical
specials).  Accordingly, the evidence shows the amount in
controversy exceeds $75,000.

8.

The defendants timely filed this notice of removal within
30 days of receipt of the plaintiff's complaint. 28 U.S.C. §
1446(b)(3) & (c)(3).  Removal is further timely because this
Notice of Removal is filed less than one year after plaintiff
commenced the action.

The aforementioned civil action is a civil action over
which this Court has original jurisdiction under 28 U.S.C. §
1332(a) and is one which may be removed to this Court by the
defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted

23SV00586

above, this civil action is one in which the matter in
controversy exceeds the sum of $75,000.00 exclusive of interests
and costs, and there is complete diversity of citizenship among
the parties.

9.

Defendants have attached hereto copies of all pleadings and
orders served upon Burlington Coat Factory Warehouse Corporation
in this case as Exhibit "D." (Defendants contend misjoined
Burlington Coat Factory Warehouse of Georgia, LLC (sic) cannot
be properly or sufficiently served as it previously merged with
Burlington Coat Factory Warehouse Corporation).

10.

Defendants have given written notice of filing of this
petition to the plaintiff as set forth in the certificate of
service attached to this motion.

11.

Defendants have filed a written notice with the clerk of
the State Court of Douglas County, a copy of which is attached
as Exhibit "E."

12.

Defendants have attached hereto copies of all pleadings
defendant served in this case as Exhibit "F."

23SV00586

WHEREFORE, defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com

23SV00586

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

                    Debora M. Blair, Esq.
                    N. John Bey, Esq.
                    Bey & Associates LLC
                    191 Peachtree Street, N.E., Suite 3200
                    Atlanta, GA 30303
                         Attorneys for plaintiff

         This 25th day of July, 2023

                    Respectfully submitted,

                    DREW, ECKL & FARNHAM, LLP

                    /s/ Brian W. Johnson

                    _____

                    BRIAN W. JOHNSON
                    Georgia Bar No. 394745

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
12987108/1
07461-244916