# Exhibit B

# SOCIAL SECURITY ADMINISTRATION

Refer to: Cornelius Deandre Battle

Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: June 5, 2023

Kathleen Flynn Esq.
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

Dear Representative Flynn:

Re: Cornelius Deandre Battle v. Commissioner of Social Security
U.S.D.C. for the Northern District of Georgia- Atlanta Division
Civil Action Number 1:13-cv-03292-ODE-LTW

You will receive this document in both a standard print and large print version. You will receive them separately.

You will receive this document in both a standard print and large print version. You will receive them separately.

Because your hearing decision included an incorrect notice stating you had 60 days to file a request for review instead of 30 days to file exceptions in accordance with 20 CFR 416.1484, we have extended the time for you to file exceptions through the date you actually filed. Therefore, we are considering your exceptions timely filed.

We have considered the reasons you disagree with the Administrative Law Judge's decision dated August 31, 2022 and all of the issues in the case. We found no reason under our rules to assume jurisdiction.

We have considered the reasons you disagree with the Administrative Law Judge's decision dated August 31, 2022 and all of the issues in the case. We found no reason under our rules to assume jurisdiction.

**Why We Are Taking This Action**



**Suspect Social Security Fraud?**
Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline
at 1-800-269-0271 (TTY 1-866-501-2101).

**See Next Page**

You submitted written exceptions dated October 4, 2022 wherein you contend that the Administrative Law Judge (ALJ) erred in finding Mr. Battle's insomnia, HIV, ACL tear, radial artery injury, right orbital fracture and decreased visual acuity as non-severe impairments at step two of the sequential evaluation. The ALJ adequately addressed all of these impairments and provided support for the non-severity finding. Regarding the visual impairments, treatment records show that the claimant's vision was 20/70 uncorrected and correctable to 20/20 with glasses (Exhibit 8F, page 2; Exhibit 39F, pages 42-46). The claimant injured his forearm on April 30, 2016. Although he demonstrated some residual weakness and numbness in his right hand at an appointment on May 5, 2016, treatment notes indicate that he presented with 5/5 strength in his right hand and wrist with normal sensation and motor function at his follow up appointment on May 14, 2016 (Exhibit 34F, pages 34-36). The claimant's ACL tear was successfully repaired and his gait and strength are recorded as normal upon exam (Exhibit 30F, page 21). The claimant does not allege any symptoms as a result of his HIV and his viral load has remained undetectable with medication (Exhibit 35F, page 38). The ALJ addressed all of these impairments adequately at Step 2 of the sequential evaluation and the non-severity findings are supported (Decision, pages 7-9). This exception does not have merit.

You also alleged that the ALJ erred in failing to consider the claimant's right frontal encephalomalacia (cerebral softening) as a severe impairment at Step 2. However, the ALJ found the claimant's "sequelae of a gunshot wound to the head resulting in traumatic brain injury and seizure disorder" to be a severe impairment at Step 2 (Finding 3). The Council notes that you do not allege any specific symptoms arising from this impairment and finds that the symptoms resulting from the claimant's right frontal encephalomalacia were considered as part of the constellation of symptoms resulting from the claimant's traumatic brain injury. This exception does not have merit.

You contend that the ALJ erred in concluding that the claimant had only a mild limitation in the functional area of adapting and managing himself. Adapting and managing oneself refers to the ability to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: responding to demands, adapting to changes, managing one's psychological based symptoms, distinguishing between acceptable and unacceptable work performance, setting realistic goals, making plans for one's self independently of others, maintaining personal hygiene and appropriate attire for a work setting and being aware of normal hazards and taking appropriate precautions (20 CFR Part 404, Subpart P, App. 1, section 12.00(E)(4)). As discussed by the ALJ in the decision, the record reflects that the claimant lives independently, is able to manage his own medications, performs his activities of daily living independently, attends scheduled medical appointments, and worked with his social worker to obtain housing and food assistance (Decision, page 12; Hearing Testimony, 02:06:30-02:08:50; Exhibit 40F, pages 143, 151, and 153). He also has not had any legal difficulties during the period at issue or undergone any psychiatric inpatient treatment. Accordingly, the ALJ's finding that the claimant has only mild limitations in his ability to adapt and manage himself is supported and this exception does not have merit.



Finally, you contend that the ALJ failed to properly consider Mr. Battle's statements regarding the intensity, persistence and limiting factors of his symptoms. In determining whether an individual is disabled, Social Security Ruling 16-3p states that the Administrative Law Judge will consider all of your symptoms, including pain, and the extent to which the symptoms can

See Next Page

reasonably be accepted as consistent with the objective medical and other evidence in your record. In so doing, the Administrative Law Judge will first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce your symptoms. Second, once an underlying physical or mental impairment that could reasonably be expected to produce your symptoms is established, the Administrative Law Judge must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit your ability to perform work-related activities (Social Security Ruling 16-3p). In evaluating the weight afforded to the medical opinions in the record, the decision also evaluated the claimant's symptoms. For example, the claimant alleges significant memory impairment (Hearing Testimony, 02:04:35-02:05:20). However, the ALJ found that despite his challenges with intermittent homelessness he has largely been able to take his seizure medication as required, establishing that the claimant does have the ability to remember to do necessary tasks on his own or with whatever reminders he is able to generate on his own. In the evaluation of Dr. Reddy's opinion, the ALJ notes that the claimant's primary care provider indicated that the claimant had a normal ability to get along with coworkers, supervisors, and the public (Exhibit 19, page 5). The decision also states that the claimant has also managed to navigate two programs to secure housing and was able to maintain his medical stability at a time when he experienced mental health challenges with the deaths of two family members and a close friend (Decision, page 37). This exception does not have merit.

Accordingly, we find that your written exceptions do not provide a basis for changing the Administrative Law Judge's decision dated August 31, 2022. In addition, we find that the Administrative Law Judge's decision complies with the orders of the U.S. District Court and Appeals Council. Furthermore, the decision is consistent with our applicable laws, regulations, and Social Security Rulings.

**What This Action Means**

> The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

**If You Disagree With the Administrative Law Judge's Decision**

> The court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.
>
> If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.

**How To File A Civil Action**

> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.



See Next Page

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

**Time To File A Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About the Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.



See Next Page

**Need More Help?**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at 1-800-772-1213, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY 1-800-325-0778. Please mention this notice when you call.
3. You may also call your local office at (866)931-9946.

>Social Security
>Ste 2860 Flr 28
>401 W Peachtree St NW
>Atlanta, GA 30308-9972

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

/s/ *Elizabeth Pendergrass*
Elizabeth Pendergrass
Administrative Appeals Judge

cc:
Cornelius Deandre Battle
3901 Tree Mountain Pkwy
Stone Mountain GA, 30083



Dcaro CCPRB 3 Section
Room 801
5107 Leesburg Pike
Falls Church, VA 22041

404 2 MA 0.531 P1 T2 159413 1 4 1 CIPA R230605 0000
Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030



