# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **NICHOLAS MWITI MUTHURI**, **BESA MERCY KAPISHA**, *on behalf of themselves and as next friend to their children, J.J.I.M., B.K., and TWIZA WITOLA KAPISHA* <br><br> *Petitioner-Plaintiffs,* <br><br> v. <br><br> **MERRICK GARLAND**, *in his official capacity as Attorney General of the United States,* <br> **ALEJANDRO MAYORKAS**, *in his official capacity as Secretary of Homeland Security,* <br> **UR MENDOZA JADDOU**, *in her official capacity as Director of USCIS,* <br><br> *Respondent-Defendants.* | Civil Action No.: <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Petitioner-Plaintiffs Nicholas Mwiti Muthuri and Besa Mercy Kapisha ("Plaintiffs"), by and through the undersigned counsel, respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Respondent-Defendants Merrick Garland, Alejandro Nicholas Mayorkas, and Ur Mendoza Jaddou ("Defendants") to adjudicate Plaintiffs' I-601, Application for Waiver of Grounds of Inadmissibility. In support thereof, Plaintiffs allege as follows:

## NATURE OF ACTION

1. This is an action to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to adjudicate the I-601, Application for Waiver of Grounds of Inadmissibility filed on behalf of Plaintiff Besa Mercy Kapisha ("Plaintiff

Besa") with her U.S. citizen spouse and qualifying relative, Plaintiff Nicholas Mwiti Muthuri ("Plaintiff Nicholas").

2. Plaintiff Nicholas currently lives in Marietta, Georgia with his U.S. citizen child, J.J.I.M. who is also separated from his mother, Plaintiff Besa, and his siblings, Twiza Witola Kapisha and B.K. ("Plaintiffs' children).

3. In the hopes of reuniting their family, Plaintiffs filed Form I-601, Application for Waiver of Grounds of Inadmissibility on April 18, 2022.

4. The application has since been pending at the United States Citizen and Immigration Services ("USCIS"), which has improperly withheld timely action on the application to Plaintiffs' detriment.

5. The delay in adjudication of Plaintiff Besa's I-601 application has placed a severe emotional, physical, and financial strain on the Plaintiffs. Plaintiffs have been unable to definitively plan for their future and have been forced to put future plans on hold, making each day extremely difficult.

6. Plaintiffs face irreparable injury that cannot later be cured. Due to the delay in adjudication, two U.S. citizens are separated from their family.

7. Plaintiffs have fulfilled all necessary administrative requirements, yet Plaintiffs have been forced to endure a 15-month delay since filing the I-601 application.

8. Statutes, regulations, and agency guidance make clear that the Defendants have a mandatory duty to adjudicate Plaintiffs' application within a reasonable time – a duty which they have failed to fulfill.

9. Congress has made clear what it considers a reasonable time for adjudicating immigration benefits. "It is the sense of Congress that the processing of an immigration benefit

application should be completed **not later than 180 days after the initial filing of the application** *See* 8 U.S.C. § 1571 and (Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262.) (Emphasis added.)

10. Defendants' failure to timely adjudicate the application deprives Plaintiffs of their rights under the U.S. Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and its implementing regulations, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 706, as well as settled case law.

11. Plaintiffs are entitled to a decision on the I-601, Application for Waiver of Grounds of Inadmissibility. The undue delay and improper withholding of statutorily mandated adjudication of a submitted application present an ongoing violation of the Administrative Procedures Act ("APA") and the Immigration Nationality Act § ("INA").

12. Defendants' delay in adjudicating the I-601, Application for Waiver of Grounds of Inadmissibility is unreasonable, unexplained, without any rational basis and is causing irreparable injuries to Plaintiffs. This inaction is causing Plaintiffs concrete and particularized injuries through their forced separation, significant financial burdens, and severe and irreversible psychological harm. The financial, physical, and emotional stresses that Plaintiffs have suffered because of Defendants' failure to act have exacted a significant toll on Plaintiffs and will not be relieved until the application is adjudicated.

13. Plaintiffs' I-601, Application for Waiver of Grounds of Inadmissibility remains within the jurisdiction of the Defendants who have improperly withheld timely action on the application for over 15 months, to Plaintiffs' detriment.

14. Plaintiffs now turn to this Court seeking an order to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to complete

adjudication of Plaintiffs' application and issue a final decision.

## JURISDICTION AND VENUE

15. This case arises under the United States Constitution; the INA, 8 U.S.C. § 1101 *et seq.*; and the APA, 5 U.S.C. § 555(b) and § 701 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. § 2201 and 2202, and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. § 1361.

16. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Furthermore, the Plaintiffs are challenging USCIS' authority to refuse to adjudicate Plaintiffs' application, not challenging a decision with the discretion of Defendants. Therefore, jurisdiction exists for this Court to consider whether Defendants have the authority to withhold adjudication of the application.

17. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is

subject to 5 U.S.C. § 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review Plaintiffs' complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act, within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to, compel agency action … unreasonably delayed," 5 U.S.C. § 706(1).")

18. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. See *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action."); *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296 (D.D.C. 2017).

19. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly

filed I-601, Application for Waiver of Grounds of Inadmissibility is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey,* 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application.").

20. Numerous federal district courts have ruled that adjudication of a properly filed application, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. See, e.g., *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales*, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public."); *Al Daraji v. Monica*, CIVIL ACTION 07-1749 (E.D. Pa. Oct. 12, 2007); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 149, 151-53 (D. Mass. 2007) ("The duty to act is no duty at all if the deadline is eternity"); *Paunescu v. INS*, 76 F. Supp. 2d 896, 899-900 (N.D. Ill. 1999) ("[P]laintiffs are not asking this court to review any discretionary judgment regarding the granting of relief … Plaintiffs do not ask this court to 'review' a governmental action, but to examine and

rectify a gross inaction.")

21. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court. Plaintiffs have no adequate remedy at law.

22. The court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*

23. As such, Defendants have a clear duty to adjudicate applications pending before them. As set forth below, the delay in processing the Plaintiffs' properly filed application is unreasonable.

24. Pursuant to 28 U.S.C. § 1391(e), venue is proper within this district on the following grounds: (1) Plaintiffs reside in this judicial district, the defendants are officers of the United States or agencies of the United States, and no real property is involved; and (2) acts or omissions giving rise to the action occurred in part in this judicial district.

## PARTIES

25. Plaintiff Nicholas Mwiti Muthuri ("Plaintiff Nicholas") is a United States Citizen, the spouse of Plaintiff Besa Mercy Kapisha, and the father of Plaintiffs J.J.I.M., Twiza Witola Kapisha, and B.K. ("Plaintiffs' children).

26. Plaintiff Besa Mercy Kapisha ("Plaintiff Besa") is a national of South Africa, the spouse of Plaintiff Nicholas, and the mother of Plaintiffs' children. Plaintiff Besa is the Applicant for a Form I-601, Application for Waiver of Grounds of Inadmissibility currently pending at the United States Citizenship and Immigration Services (USCIS) since April 18, 2022.

27. Plaintiff J.J.I.M. is a United States Citizen and the minor child of Plaintiff Nicholas and Plaintiff Besa. Plaintiff J.J.I.M. is currently living in Marietta, Georgia with their father, and separated from their mother and siblings.

28. Defendant Merrick Garland is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling the determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters. Defendant Garland is sued in his official capacity.

29. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security ("DHS"), an agency of the U.S. government responsible for implementing and enforcing the INA. As the Secretary of the U.S. Department of Homeland Security, he is responsible for the general administration and enforcement of the immigration laws of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling the determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters. Defendant Garland is sued in his official capacity.

30. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services, is an agency of the federal government within DHS and is responsible for the administration of laws and statutes governing immigration and naturalization and the adjudication of petitions for immigration benefits, including petitions for noncitizen relatives. 6 U.S.C. § 274. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS nationally. Defendant Jaddou is sued in her official capacity.

## LEGAL FRAMEWORK

31. One of the primary methods by which foreign nationals seek to immigrate to the United States is immigration based on their familial relationship with a United States citizen or lawful permanent resident.

32. If an applicant is found inadmissible because they sought to procure an immigration benefit by fraud or misrepresented a material fact, they may seek a waiver by filing an I-601, Application for Waiver of Grounds of Inadmissibility. See INA section 212(a)(6)(C)(i).

33. An I-601, Application for Waiver of Grounds of Inadmissibility can be made only if the qualifying U.S. citizen, or lawful permanent resident relative (spouse or parent), or the K visa petitioner would experience extreme hardship if you were denied admission.

34. Extreme hardship is evaluated on a case-by-case basis, taking into account the particular facts and circumstances of each case.

35. Extreme hardship is not a definable term of a fixed and inflexible meaning. The elements to establish extreme hardship or dependent upon the facts and circumstances of each case. *See Matter of Cervantes-Gonzales*, 22 I & N Dec. 560 (BIA 1999.)

36. The applicant need only establish the requisite hardship by a preponderance of the evidence that more likely than not, either relocation or separation would result in extreme hardship. *See Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010).

37. Evidence cannot be rejected solely because it is self-serving. *See Matter of Acosta*, 19 I. &N. Dec. 211 (BIA 1985).

38. The central purpose and allowing for such waivers is to provide for family unity. *See Matter of Lopez – Monzon*, 17 I. & N. Dec. 280 (Comm. 1979).

39. As such, family separation is an important factor in the extreme hardship analysis. *See Salicido-Salicido v. INS*, 138 F.3d 1292, 1293 (9th Cir. 1998).

## STATEMENT OF FACTS

40. Plaintiff Nicholas Mwiti Muthuri ("Plaintiff Nicholas"), a United States citizen, is currently separated from his wife, Plaintiff Besa Mercy Kapisha ("Plaintiff Besa"), and

his children, Twiza Witola Kapisha and B.K. (Plaintiffs' children), who are living in South Africa while awaiting adjudication of Plaintiff Besa's I-601, Application for Waiver of Grounds of Inadmissibility.

41. Plaintiff Nicholas lives in Marietta, Georgia with his U.S. citizen child, J.J.I.M. who is also separated from their mother, Plaintiff Besa, and siblings.

42. On April 18, 2022, Plaintiffs filed Form I-601, Application for Waiver of Grounds of Inadmissibility on behalf of Plaintiff Besa. **Exhibit A**, *USCIS Receipt Notice.*

43. Over 15 months later, Plaintiffs' application has remained within the jurisdiction of Defendants.

44. Defendants have failed to issue a final decision in a reasonable time, and as a result, Plaintiff Nicholas and his family have suffered and will continue to suffer harm from this indefinite separation.

45. Plaintiff Besa has strong family ties to the United States, including her U.S. citizen husband and her U.S. citizen child, J.J.I.M., with whom she is desperate to reunite.

46. In June 2017, Plaintiffs experienced the devastating loss of their 19-month-old daughter and have been forced to grieve this tragedy without each other's emotional support.

47. When Plaintiff Nicholas took the first steps to reunite his family in 2018, he knew the process would take some time. However, he never imagined he would be facing the harrowing prospect of indefinite separation five years later.

48. Beyond shouldering the massive costs of supporting two homes separated by thousands of miles, Plaintiff Nicholas has been experiencing physical and psychological harm as a result of his separation from his wife and children.

49. In 2016, Plaintiff Nicholas was diagnosed with Stage 4 Osteonecrosis, requiring a

complete hip replacement. Unfortunately, Plaintiff Nicholas was forced to have surgery on his left hip in October 2021 and struggled through a long and arduous recovery without his wife's presence for essential support, all this while still taking care of his son here in the US.

50. His right hip still suffers but he cannot afford to have surgery due to the massive financial responsibilities he is currently shouldering. As a result, he has been suffering from severe hip pain that has impeded his mobility and has made caretaking for his young child an impossible task. Plaintiffs' relatives have had to step in to offer Plaintiffs financial support as well as caretaking, with J.J.I.M. currently living with his aunt and uncle.

51. Plaintiff Besa's absence has only exacerbated Plaintiff Nicholas's suffering. Without his family, Plaintiff will continue to experience harm with potentially permanently damaging effects.

52. After Plaintiff Besa's interview on October 13, 2021, at the U.S. Embassy Johannesburg, the consular officer informed Plaintiff that she was ineligible for an immigrant visa under INA 212(a) "6C1", but she was "eligible for waiver of the grounds of ineligibility." **Exhibit B**, *Visa Refusal Notice.*

53. Although Plaintiffs were devastated by the Embassy's decision, they remained determined to reunite. USCIS received Plaintiff Besa's I-601 Waiver on April 18, 2022, but it is currently still pending final adjudication.

54. To date, Plaintiffs have not received any information, updates, or an estimated timeline for adjudication.

***Defendants' Delay in Adjudicating Plaintiff's Application is Unlawful and Unreasonable***

55. Despite all reasonable attempts by Plaintiffs to determine the nature of the delay in adjudication of the Form I-601 application, Defendants have unreasonably, arbitrarily, and capriciously delayed without explanation or on the grounds of any rational basis.

56. Congress has made clear what it considers a reasonable time for adjudicating immigration benefits. "It is the sense of Congress that the processing of an immigration benefit application should be completed **not later than 180 days after the initial filing** of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." See 8 U.S.C. § 1571, Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262 (Emphasis added).

57. Under the APA, a reviewing court may order action of government officials or agencies on unlawfully withheld or unreasonably delayed cases. "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed;" and may also "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "(D) without observance of procedure required by law." See 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D).

58. Defendants' failure to adjudicate Plaintiffs' I-601 Application constitutes agency action unlawfully withheld or unreasonably delayed.

59. Defendants owe Plaintiffs a duty to properly, and in good faith, complete processing of the application and render a facially legitimate and bona fide decision, which Defendants have failed to perform.

*Plaintiffs Have Been Harmed by Defendants' Unreasonable Delay and Failure to Act*

60. Due to the unreasonable delay in adjudication of the I-601 application, Plaintiffs have been indefinitely separated and denied the opportunity to live a normal family life.

61. Defendants' delay has caused severe medical and financial hardship for Plaintiff Nicholas who lives with relentless chronic pain from his Stage 4 Osteonecrosis. Daily household tasks are agonizing for him, and he has been unable to care for his young child in the way he and his spouse would want as parents.

62. Despite his chronic pain, Plaintiff Nicholas works long hours to support his family separated by thousands of miles. He struggles through every painful workday and spends every sleepless night alone.

63. Plaintiff Nicholas cannot carry these physical and psychological burdens alone forever. Plaintiff Besa understands Plaintiff Nicholas's pain in a way that no one else can, and they desperately need each other's love, support, and care.

64. Plaintiff Besa struggles to care for her two children as a solo parent in South Africa, especially considering the dangers she faces as a mother alone without her husband.

65. Plaintiff J.J.I.M. is losing precious time with their mother and siblings and they are desperate to reunite.

66. Plaintiff Nicholas is unable to travel due to his health but if Plaintiff Besa is unable to immigrate to the U.S., he would surely risk his life and sacrifice sorely-needed income to be with his family abroad.

67. Instead of living together and sharing responsibilities with his spouse, Plaintiff works to shoulder the cost of his family while injured and alone.

68. Instead of investing in their business, family home, college funds for their children, or their own retirement, Plaintiffs have to spend the family's funds on duplicative expenses and lose dividends they would otherwise earn on their investments.

69. Plaintiffs have also spent a significant sum on government application fees, attorney fees, and other expenses in relation to their I-130 Petitions and the instant Form I-601 petition, which has put additional financial pressure on their family.

70. Plaintiff Nicholas constantly worries about his family's health and safety. He lives in fear that something will happen to them and they will not be alive the next time he calls to talk. His fears are well-founded, especially as violence against women, girls, and female-headed households, which was already prevalent, is on the rise.

71. Plaintiffs' health, safety, and futures are in constant jeopardy in South Africa, which compounds the intense emotional hardship they all suffer due to their separation.

72. Plaintiffs' children have lost the opportunity to have normal and healthy childhoods. Every day that Defendants delay is another day that children of an American citizen are deprived of physical safety, adequate nutrition, high-quality education, and the presence, care, and guidance of their parents.

73. Similarly, Plaintiff Besa desperately wishes to reunite with her U.S. citizen son, J.J.I.M., who is in dire need of his mother's love and presence.

74. Every day that Defendants delay is another day they gamble with Plaintiffs' lives.

75. The tremendous mental suffering caused by family separations is unconscionable and further compounded when their lives are at risk.

76. Plaintiffs live in a constant state of worry and distress over the uncertainty of their future. This is having a profoundly negative impact on Plaintiffs' individual emotional and mental

well-being. If it continues or worsens, it may permanently limit their children's development and damage the fabric of their family.

77. Plaintiffs desperately wish to be reunited as a family in the United States, where they can care for each other in safety and freedom.

78. As a result of Defendants' abrogation to perform their mandatory duty to adjudicate Plaintiff Besa's I-601 Waiver within a reasonable time, Plaintiffs have suffered and will continue to suffer substantial, concrete, and particularized injury.

*Plaintiffs are Entitled to Relief*

79. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Moreover, a district court reviewing agency action under the APA may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

80. Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "without observance of procedure required by law."

81. The APA requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. The INA's implementing regulations provide that when an application has been properly completed and executed it must be either refused or denied. 22 C.F.R. § 41.121(a). Defendants do not have the right to interminably suspend

action on a waiver application; they must decide and act consistently with that decision by either approving or denying the application.

82. Defendants' failure to act violates the U.S. Constitution, APA, 5 U.S.C. § 706(1), the INA and its implementing regulations, and agency policy. Because Defendants have failed to carry out their duties and obligations under the law and governing regulations, thereby depriving Plaintiffs of their clearly established rights, Plaintiffs are entitled to a writ of mandamus and/or relief under the APA directing Defendants to adjudicate Plaintiff Besa's I-601 application forthwith.

## CAUSES OF ACTION

### COUNT ONE:
### Mandamus Act, 28 U.S.C. § 1361

83. The above paragraphs are incorporated herein by reference.

84. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

85. The INA and the regulations pursuant to it impose on Defendants a non-discretionary duty to issue to timely adjudicate Plaintiffs' I-601 application and to complete any background checks or other investigations required by USCIS in order to do so.

86. It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262.)

87. Plaintiffs assert that Defendants have no legal basis for failing to proceed with their application.

88. Plaintiffs assert that they have no adequate remedy at law for Defendants' failure to timely adjudicate their application and any background checks or other investigations required.

89. Defendants have failed in their duty to adjudicate Plaintiffs' I-601 application by refusing to adjudicate Plaintiffs' properly filed application.

90. Mandamus action is appropriate because the Defendants have failed to act within a reasonable period of time. *See, e.g.*, *Liu v. Novak*, 509 F. Supp. 2d 1, 9 (D.D.C. 2007) (holding that the APA requires the government to act within a reasonable period of time); *see also Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

91. Defendants have a clear, non-discretionary, and mandatory duty to adjudicate Plaintiffs' I-601 application. There is no legal bar to doing so. Accordingly, Plaintiffs have a clear and indisputable right to have the I-601 application adjudicated. No alternative remedy exists to compel action by Defendants.

## COUNT TWO:
### Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.

92. The above paragraphs are incorporated herein by reference.

93. Pursuant to the APA, 5 U.S.C. § 555(b), Defendants have a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

94. Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

95. Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law" and agency action taken "without observance of procedure required by law" "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. 706(C); or

"without observance of procedure required by law," 5 U.S.C. § 706(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent thereof, or failure to act." 5 U.S.C. § 551(13).

96. Plaintiffs are eligible for and have fulfilled all statutory requirements for I-601 adjudication. Plaintiffs have submitted all necessary information and evidence supporting the application and paid all applicable fees.

97. The Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law.

98. Further, Defendants' delay in acting on Plaintiffs' application is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the application has been pending for over 15 months without a final decision. Plaintiffs, two of whom are U.S. citizens, face irreparable harm if the failure to act persists, a fact which is well known to Defendants.

99. The failure of Defendants Garland, Mayorkas, Jaddou, and those acting under them to process and complete Plaintiffs' I-601 application within a reasonable period of time, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

100. As a result of Defendants' unreasonable delay and/or failure to act, Plaintiffs have suffered and will continue to suffer injury. No alternative remedy exists to compel action by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

A. Issue a writ of mandamus directing Defendants to complete all steps necessary to adjudicate Plaintiffs' I-601 Application for Waiver of Grounds of Inadmissibility on behalf of Plaintiff Besa Mercy Kapisha, including any pending background checks and the interview, within thirty (30) days from the date of the order;

B. Issue an order pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b), 706(1) et seq., directing Defendants to take all steps necessary to adjudicate Plaintiffs' I-601 Application for Waiver of Grounds of Inadmissibility on behalf of Plaintiff Besa Mercy Kapisha, including completing any necessary background checks and interview, within thirty (30) days from the date of the order;

C. Declare that Defendants' continued failure to adjudicate Plaintiffs' application constitutes agency action unlawfully withheld or unreasonably delayed;

D. Retain jurisdiction over this action and any attendant proceedings until Defendants have finally adjudicated Plaintiffs' application, and communicated that fact to the Court;

E. Grant Plaintiffs' I-601, Application for Waiver of Grounds of Inadmissibility on behalf of Plaintiff Besa Mercy Kapisha;

F. Award Plaintiffs reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G. Grant such further relief as this Court deems just and proper.

Dated: July 26, 2023                                                                 Respectfully Submitted,

                                                                                     */s/Curtis Lee Morrison*
Charles H. Kuck, Esq.*                                                               Curtis Lee Morrison, Esq.**
Kuck Baxter Immigration LLC                                                          Email: Curtis@morrisonurena.com
365 Northridge Rd, Suite 300
Atlanta, GA 30350                                                                    **MORRISON URENA, L.C.**

| | |
|---|---|
| Tel: (404) 816-8611 | 8910 University Center Lane, Suite 400 |
| Fax: (404) 816-8615 | San Diego, CA 92122 |
| ckuck@immigration.net | Phone: (323) 489-5688 |
| *Local Counsel* | ***Pro Hac Vice Forthcoming* |

*Attorneys for Petitioner-Plaintiffs*