*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

# PLAINTIFF'S JUNE 28, 2023, TIME LIMIT DEMAND

# EXHIBIT "C"



June 28, 2023

8807894
2 of 4

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**



13150103

Matthew Hurst, Esq.
Waldon Adelman Castilla Hiestand & Prout, LLP
900 Circle 75 Parkway Suite 1040
Atlanta, GA 30339

RE:  Our Client:  Latesia Allen
      Date/Loss:  August 14, 2022
      Case#:  2023CV01005

## TIME LIMIT DEMAND

Dear Mr. Hurst,

As you are aware, this law firm represents Latesia Allen in an action for damages against Wal-Mart Stores East, LP.  This letter is being sent to you pursuant to O.C.G.A. §51-12-14 and is in the nature of a demand for compromise only.

## OUR CLIENT

Latesia Allen is a 26 year old female. Ms. Allen was shopping inside a Walmart store when she slipped and fell on a foreign substance. Ms. Allen suffered significant injuries to her back and legs as a result of her fall. In addition, she continues to suffer from pain and discomfort since the incident. The sum total of her medical bills is still to be determined, and Walmart's gross negligence has caused a tremendous amount of pain and suffering.

As more fully outlined below, this injury has had a severe impact on Ms. Allen's life.  Ms. Allen, a once vibrant person, now must live her life with ongoing pain and problems.  Further, she cannot work and enjoy life and activities as she once could. The resulting economic hardship has led to Ms. Allen being threatened with eviction, as she struggles through pain to accomplish simple day-to-day tasks.

DEFENDANT'S EXHIBIT
**C**

Certified#:  DFID880



8807894
3 of 4

June 28, 2023
Page 2

## CAUSE OF INJURY & LIABILITY

On or about August 14, 2022, Ms. Allen was an invitee on your client's property, as defined by O.C.G.A. § 51-3-1. As such, your client was charged with the duty of ordinary care to keep the Premises safe. We believe your client, its employees, and/or its agents had actual or constructive knowledge of the hazardous condition prior to the incident. Ms. Allen did not have prior knowledge of the specific hazard causing the injury. Because your client failed to address or warn of the hazardous condition that directly lead to this injury, it/ they are liable for damages our client incurred as a result.

**Please preserve all photos and video of the area in question for use at trial if our negotiations fail.**

## MEDICAL TREATMENT/FACILITIES

Following the incident, Ms. Allen sought medical care at locations including, but not limited to, Northside Hospital Orthopedic Institute and Sports Medicine, BenchMark Physical Therapy, and Ortho Sport & Spine Physicians. Considering the permanent nature of her injury and that she will suffer forever as a result of your client's negligence, we are confident of a sizeable verdict against your client at trial.

## TIME LIMITED DEMAND FOR $1,000,000.00

My client hereby demands the sum of $1,000,000.00. The following additional conditions apply to any settlement negotiations that ever take place concerning this claim, even if the case goes into litigation and negotiations occur with an attorney or anyone representing any potential Defendant:

1. Your named insured and related companies only will be released as we do not release "all other persons, firms, corporations, etc.", nor do we approve any other such broad language in releases;
2. All bodily injury claims arising out of this incident will be released;
3. Payment shall be made to our client referenced herein and Morgan & Morgan Atlanta, PLLC only, and payment shall be made within 10 days of the settlement date;



Certified#:   DFID8808325   Matter-13150103



June 28, 2023
Page 3

4. Payment will be in the form of one check for the entire settlement amount made out as noted in number 3 above, and we alone will handle all lien and reimbursement issues;

5. Only the client referenced herein shall be on the release as a required signatory and releasing party;

6. Indemnity may be for medical/healthcare liens only, and indemnity will not be provided for any attorney's fees or expenses of litigation;

7. We must be in receipt of the settlement funds before any release will be executed;

8. As an attorney and not a party, I do not sign releases, so only our client referenced herein shall be required to sign any settlement documents; and

9. We do not allow waiver of property exemptions in releases. The release must not contain any language stating in any fashion that my client has been fully and completely compensated as my client has not been. Finally, my client will not agree to a confidentiality clause in any release.

Medical records and bills can be made available upon request and upon receipt. We look forward to hearing from you within 30 days of you or your company's receipt of this letter.

Sincerely,


Toya Perkins

TP/
Enclosures



Certified#:    DFID8808325    Matter-13150103



Morgan & Morgan P.A.
P.O. Box: 530244
Atlanta, GA30353-0244

8807894
1 of 4

 Matthew Hurst
900 Circle 75 Parkway, Suite 1040
Atlanta, GA 30339

Certified#:   DFID8808325   Matter-13150103