### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **ABRAM GLADNEY,** | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION FILE NO.: _____** |
| | ) |
| v. | ) **Removed from the State Court of Cherokee** |
| | ) **County, Georgia, No. 23SCE0514** |
| **CONSUMERS CREDIT UNION,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT CONSUMERS CREDIT UNION'S
### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant CONSUMERS CREDIT UNION ("CCU"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, without waiving any defenses as to jurisdiction or proper party, hereby removes the above-captioned action from the State Court of Cherokee County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for removal, CCU respectfully shows the Court as follows:

### INTRODUCTION

Plaintiff ABRAM GLADNEY, *pro se,* ("Plaintiff") is a consumer whose claims in this case allegedly relate to the refinance of an automobile loan with CCU. He filed his original, handwritten complaint alleging CCU had not set off a sum of

money allegedly owed to Plaintiff to his automobile loan account. In so doing, Plaintiff claimed CCU had breached its fiduciary duty and committed security fraud. In point of fact, Plaintiff's original complaint is a "debt elimination scheme" by which Plaintiff attempts to use a ploy by protesting the debt claiming that

> "…. the lender's failure to respond, or to take any affirmative action to reject or dispute the protest, results in a liability owed by the lender to borrower. Thereafter, the borrower declares a "default" by the lender and attempts to record a lien, judgment, or arbitration award, and sometimes files a UCC-1 financing statement with the Secretary of State, listing the lender and its principals/officers as debtors."

Stuart B. Wolfe, Debt Elimination Schemes, 59 *Consumer Fin. L.Q. Rep.* 357, 359 (2005).

CCU moved to dismiss Plaintiff's complaint under O.C.G.A. §9-11-12(b)(6). In response, Plaintiff filed an amended complaint on June 26, 2023 ("Amended Complaint"), asserting a security fraud claim premised under 18 U.S.C. §8, 12 U.S.C. §1431 and the Federal Reserve Act, Section 29 Part (D). (*See* Amended Complaint, Pars, 40, 42, 48, 49, 54, 65, 75, 82, 84 and 86). Accordingly, Plaintiff's Amended Complaint raises federal questions to which federal jurisdiction exists and removal is proper.

## The Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331.

1.

On May 8, 2023, Plaintiff filed his original complaint against CCU in the State Court of Cherokee County, Georgia, Civil Action File No. 23SCE0514 (the "Original Complaint"). On June 26, 2023, Plaintiff filed his Amended Complaint.

2.

"To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint . . . ." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430–31 (1999). "Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent the party who brings a suit is master to decide what law he will rely upon, does determine whether he will bring a suit arising under the Constitution or laws of the United States by his declaration or bill." *Bell v. Hood*, 327 U.S. 678, 681 (1946) (punctuation omitted).

3.

The Amended Complaint asserts, for the first time, Plaintiff is entitled to damages pursuant to 15 U.S.C. §1615 of CCU's portion of interest for Plaintiff's alleged prepayment of his car loan with CCU. (Amended Complaint, pp. 7-8). The

Amended Complaint further alleges because Plaintiff did not receive a refund pursuant to 15 U.S.C. § 1615, Defendant is liable for: (1) Security Fraud; (2) Intentional Breach of Fiduciary Duty; (3) Breach of Contract and the Covenant of Good Faith and Fair Dealing; and (4) Racketeering. (*See* Amended Complaint, pp. 18-21).

5.

Federal question jurisdiction exists because the Amended Complaint specifically alleges Plaintiff was entitled to damages pursuant to federal law.

### The Notice of Removal is Timely

6.

With the filing of the Amended Complaint, it may be ascertained, for the first time, this case has become removable pursuant to 28 U.S.C. §1446(b)(3). This removal is timely because it has been filed within thirty (30) days of service on CCU of the Amended Complaint, which took place on June 26, 2023. (*See* Amended Complaint).

### Venue and Jurisdiction Are Proper

7.

Removal to this Court is proper under 28 U.S.C. §§ 90, 1391, 1441(a) and 1446(a) because the State Court where the complaint was filed is within this district and division. This Court has original subject matter jurisdiction pursuant to 28

U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims which are related to the claims premised upon federal statute. Plaintiffs' various claims all relate to the same case or controversy.

## Notice of Removal to Plaintiff

8.

Pursuant to 28 U.S.C. 1446(d), upon filing of the Notice of Removal, CCU will furnish written notice to Plaintiff, and will file a copy of this Notice with the Clerk of the State Court of Cherokee County, Georgia.

## State Court File

9.

Pursuant to 28 U.S.C. §1446(a), a copy of all documents field in the state court action, including process, pleadings and orders is attached hereto as Exhibit A.

10.

By filing this Notice of Removal, CCU does not waive any defenses that may be available to it or its employees, and expressly reserves all such defenses.

WHEREFORE, CCU hereby removes this action from the State court of Cherokee County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 26th day of July, 2023.

                                                      */s/ Brenton S. Bean*
                                                      BRENTON S. BEAN
                                                      Georgia Bar No. 044351
                                                      *Counsel for Defendant Consumers*
                                                      *Credit Union*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Fax: (770) 628-7101
bean@litchfieldcavo.com

## **LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 5.1(C).

Respectfully submitted this 26th day of July, 2023.

*/s/ Brenton S. Bean*
BRENTON S. BEAN
Georgia Bar No. 044351
*Counsel for Defendant Consumers Credit Union*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Fax: (770) 628-7101
bean@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing pleading with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties indicated on the electronic filing receipt. I also certify that a copy of the foregoing is being served upon the following by United States mail, postage prepared:

Abram Gladney
5000 View Drive Unit 5409
Woodstock, GA 30189

Respectfully submitted this 26th day of July, 2023.

/s/ Brenton S. Bean
BRENTON S. BEAN
Georgia Bar No. 044351
*Counsel for Defendant Consumers Credit Union*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Fax: (770) 628-7101
bean@litchfieldcavo.com