IN THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNDSEY LONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAL-MART STORES EAST, L.P., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NO._____ |

## **REFILED COMPLAINT**

**COMES NOW LYNDSEY LONG** and files this her Complaint for Personal Injuries against Defendant Wal-Mart Stores East, L.P. and shows this Court the following:

1.

This Complaint is being filed pursuant to O.C.G.A. § 9-2-61 as a renewal complaint having previously been voluntarily dismissed without prejudice.

2.

This matter is related to the case captioned Lyndsey Long v. Wal-Mart Stores East, L.P., Case Number 1:21-CV-00646-MLB.

## **THE PARTIES**

3.

Plaintiff, Lyndsey Long (hereinafter sometimes referred to as "LONG" or "Plaintiff"), is a resident of the State of Georgia.

4.

By the filing of this Complaint, Plaintiff submits to the jurisdiction and venue of this Court.

5.

Defendant Wal-Mart Stores East, L.P. (hereinafter sometimes referred to as "Walmart") is a Delaware Limited Partnership, lawfully doing business in Georgia and having, as its principal place of business, an address located at 702 SW 8th Street, Bentonville, Arkansas 72716.

6.

At all times relevant hereto, Defendant Walmart operated a Wal-Mart Supercenter in Dekalb County located at 8424 Mall Parkway, Lithonia, Georgia 30038.

7.

Plaintiff brings this action under 28 U.S.C. § 90(a)(2) and Local Rule 3.1(B)(1)(3) which hold that a civil action may be brought in the division of the district where the activity occurred.

8.

The wrongful conduct described herein occurred in Dekalb County and Defendant Walmart operates a retail facility and transacts business in Dekalb County, which is included in the Atlanta Division of the Norther District of Georgia.

9.

Wal-Mart Stores East, L.P. is subject to the jurisdiction and venue of this Court.

10.

Defendant Wal-Mart Stores East, L.P. has, as its Registered Agent in Georgia, The Corporation Company located at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

11.

Defendant Wal-Mart Stores East, L.P. can be properly served in this action by delivering an original Summons and Complaint to its Registered Agent.

## JURISDICTION AND VENUE

12.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, diversity of citizenship, because the Plaintiff was and is a citizen and resident of Georgia and Defendant Wal-Mart Stores East, L.P. is a foreign corporate citizen and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.

Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in Georgia.

## GENERAL ALLEGATIONS

14.

At or around 11:30 a.m. on May 7, 2020, Plaintiff Long was at the Wal-Mart Supercenter (hereinafter sometimes "the Wal-Mart Supercenter" or as "the Supercenter") located at 8424 Mall Parkway, Lithonia, Dekalb County, Georgia 30038.

15.

While shopping at the Walmart Store and pushing a Walmart shopping cart, Plaintiff slipped on a clear liquid in the produce area of the store that plaintiff

reasonably believes was water, injuring her right knee and hip which caused her to experience immediate, severe pain.

16.

Plaintiff, in pain, but able to walk, decided to leave the store on her own.

17.

The dangerous condition on the floor was in no way apparent or obvious.

18.

The area where Plaintiff slipped was wet due to what Plaintiff reasonably believes to be water.

19.

There were no signs in place warning of the dangerous, wet condition of the floor.

20.

When Plaintiff slipped, there were several Walmart employees in the immediate vicinity of the wet floor.

21.

At all times herein, Plaintiff was watching where she was walking and was exercising reasonable care for her own safety.

## COUNT ONE - NEGLIGENCE

22.

Paragraphs 1 through 21 are incorporated by reference as though fully and completely set forth.

23.

At all times relevant hereto, Defendant Wal-Mart Stores East, L.P. managed, operated and exercised control over the premises.

24.

At all times relevant hereto, Defendant Wal-Mart Stores East, L.P. exercised complete control over the immediate area where Plaintiff fell.

25.

At no time when Plaintiff fell, were there no signs in the area where Plaintiff fell warning of a wet or slippery condition or of a spill on the floor to warn the Plaintiff or other invitees to the premises of such condition.

26.

At all times relevant hereto, Defendant Wal-Mart Stores East, L.P. had a duty to exercise ordinary care to keep the premises at issue, and more specifically, the area where Plaintiff fell, safe for invitees and others lawfully on the property from

known dangers, or dangers of which they should, if exercising reasonable care, have been aware.

27.

At all times relevant hereto, Defendant Wal-Mart Stores East, L.P. had a duty to inspect the premises at issue, and more specifically, to inspect and maintain the area where Plaintiff slipped in order to ensure the area was safe to invitees and others lawfully on the property.

28.

The dangerous condition that existed in the area where Plaintiff fell was known to Defendant Wal-Mart Stores East, L.P., or in the exercise of ordinary care, should have been discovered by Defendant Wal-Mart Stores East, L.P.

29.

Defendant Wal-Mart Stores East, L.P. breached its duty to the Plaintiff by failing to take reasonable actions to correct known, dangerous conditions on the property at issue; or to discover and take reasonable actions to correct dangerous conditions which Defendant Wal-Mart Stores East, L.P. should have discovered in the exercise of ordinary care, which breach resulted in and proximately caused the injuries suffered by the Plaintiff when she fell on the premises at issue.

30.

The negligence of Defendant Wal-Mart Stores East, L.P. in failing to inspect and keep its premises safe for its invitees was the sole, proximate cause of the incident resulting in injuries to the Plaintiff.

**COUNT TWO - DAMAGES**

31.

Paragraphs 1 through 30 are incorporated by reference as though fully and completely set forth herein.

32.

As a direct and proximate result of the injuries incurred by the Plaintiff, Plaintiff has incurred medical expenses to date as follows:

| | |
|---|---|
| Hillandale Primary Care | $80.12 |
| Emory Hillandale Hospital | $2,225.00 |
| CEP America | $684.00 |
| Wellstar Cobb Hospital | $4,239.60 |
| Emory University Orthopedics & Spine | $14,435.00 |
| Emory University Hospital – Midtown | $2,863.00 |
| Advanced Physical Therapy | $392.00 |
| TOTAL: | $24,918.72 |

for the which Plaintiff is entitled to recover against Defendant Wal-Mart Stores East, L.P.

33.

As a direct and proximate result of the injuries incurred in the fall at the Wal-Mart Supercenter described above, Plaintiff experienced immediate and excruciating physical pain accompanying the injuries she sustained in the fall. The injury to her knee ultimately required surgical repair. Plaintiff has continued to suffer physical and emotional pain as a result of her injuries and is likely to continue to suffer such physical pain and emotional distress into the future for which she seeks to recover general damages from Defendant Wal-Mart in an amount to be determined by a jury.

**WHEREFORE,** having set forth her claims against Defendant or the which Plaintiff is entitled to recover against Defendant Wal-Mart Stores East, L.P., Plaintiff prays:

    (a)    for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant Wal-Mart Stores East, L.P. for compensatory (special) damages proven at trial including past, present and future medical bills; and;

    (b)    for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant Wal-Mart Stores East, L.P. for

general damages for past, present and future mental and physical pain and suffering incurred as a direct and proximate result of the injuries she incurred;

(a) for TRIAL BY JURY; and

(b) for such other and further relief as the Court deems just and proper

Respectfully submitted this 26th day of July 2023.

                                          ISENBERG & HEWITT, P.C.

                                          */s/* Richard J. Crowson
                                          Melvin L. Hewitt, Jr.
                                          Georgia Bar No. 350319
                                          Hilary W. Hunter
                                          Georgia Bar No. 742696
                                          Richard J. Crowson
                                          Georgia Bar No. 452036
                                          Attorneys for Plaintiff

600 Embassy Row, Suite 150
Atlanta, Ga 30328
**T** 770 351 4400
**F** 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com
rick@isenberg-hewitt.com

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

                                        ISENBERG & HEWITT, P.C.

                                        /s/ Richard J. Crowson
                                        Richard J. Crowson
                                        Georgia Bar No. 452036
                                        600 Embassy Row, Suite 150
                                        Atlanta, Georgia 30328
                                        (770) 351-4400 Telephone
                                        (770) 828-0100 Facsimile

IN THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNDSEY LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | |
| ) | NO._____ |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 26, 2023, he electronically filed a copy of Plaintiff's Refiled Complaint with the United States District Court's Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys:

McLain & Merritt, P.C.
Mark Pickett
mpickett@mmatllaw.com

Nicholas E. Deeb
ndeeb@mmatllaw.com

ISENBERG & HEWITT, P.C.

/s/ Richard J. Crowson
Richard J. Crowson
Georgia Bar No. 452036
600 Embassy Row, Suite 150
Atlanta, GA  30328

770-351-4400 - O
770-828-0100 - F
**Attorney for Plaintiff**